**STAMELL & SCHAGER, LLP**
ATTORNEYS AT LAW
555 FIFTH AVENUE, 14TH FLOOR
NEW YORK, NEW YORK 10017

WRITER'S E-MAIL:
schager@ssnyc.com
WRITER'S DIRECT DIAL:
(212) 566-4057

TELEPHONE (212) 566-4047
FACSIMILE (212) 566-4061

August 12, 2014

<u>By Hand</u>

Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 623
New York, NY 10004

Re:  *In re Lehman Brothers Holdings Inc.*, Chapter 11 Case No. 08-13555 (SCC)
<u>Compensation Claimants Proposed Findings of Fact and Conclusions of Law</u>

Dear Judge Chapman:

This firm represents the majority of the Compensation Claimants who participated in the Evidentiary Hearing before the Court on April 1-3, 2014, opposing Lehman's Omnibus Objections to their compensation claims.[1] We write to provide the Court with a 2014 decision of the Court of Appeals for the Fifth Circuit that expressly distinguishes Restricted Stock Units from equity awards such as Restricted Stock, and provides direct appellate authority for the points made in our proposed Conclusions of Law at ¶¶ 114-17 (ECF Doc. 44951).[2]

In *Wall v. Alcon Laboratories*, 551 Fed. Appx. 794 (5th Cir. 2014), a former employee sought to have his RSUs treated like Restricted Stock and subject to immediate vesting upon his retirement, which his employer challenged. The Fifth Circuit found provisions of an Incentive Plan document on which the employee relied to be "inapposite once one realized the difference between RSUs and restricted stock." 551 Fed. Appx. at 802.

> Restricted stock is essentially like cash – the recipient immediately owns the stock upon receipt of the award (or the certificate). A unit, by contrast, is an unfunded promise to deliver stock in the future if certain conditions are met; *one does not own any stock whatsoever by virtue of being granted a stock unit.* [*Id.* at 802, emphasis added.]

---

[1] LBHI's fourteen Omnibus Objections seeking to reclassify RSU/CSA claims are Nos. 73, 118, 130, 131, 133, 134, 135, 176, 185, 207, 313, 314, 319 & 347.

[2] The decision only recently came up in our research, possibly because it was an unreported decision, although the fact that it is unreported does not prevent it from being cited or relied upon. Fed. R. App. P. 32.1.

Hon. Shelley C. Chapman, U.S.B.J.
August 12, 2014
Page 2

To place this in context, the Court will recall that for the subordination provisions of §510(b) to apply, what the employee owned at the filing date (here, the RSUs) must have been a "security" as defined in the Bankruptcy Code. The three paragraphs of the statutory definition of "security" relevant to a determination of whether an RSU is within that definition are Bankruptcy Code § 101(49)(A)(xii) (investment contracts), (xiv) (instruments "commonly known as a security") & (xv) (rights to purchase, the paragraph on which Judge Gonzalez relied in *Enron* to find stock options securities).

In discussing the "commonly known as" element in ¶¶ 114-16 of our proposed Conclusions of Law, we quoted secondary authorities analyzing the mechanics of an RSU and noted that, while a grant of Restricted Stock would be considered a grant of a security because "the stock itself is transferred," RSUs and CSAs involved only "a promise from the employer to transfer the stock" at a future date. (Claimants CoL ¶ 115.) We proposed as a Conclusion of Law that the grantee of RSUs held only a contract obligation, and was "merely an unsecured creditor of the company." (Claimants CoL ¶ 116.) These quotations are from the executive compensation and tax authorities cited in the proposed Conclusions. In its pre-hearing Reply Lehman criticized these authorities as not having been cited by any "court or legislative body."[3] However, the Fifth Circuit's language – that an RSU is only "an unfunded promise to deliver stock in the future if certain conditions are met . . ." – is essentially the same as the authorities we quoted at ¶¶ 114-16 of our proposed Conclusions of Law, and is further support for these proposed Conclusions.

We previously noted that no federal court has held RSUs to be securities within the definition of the Bankruptcy Code. To our knowledge, *Wall v. Alcon Laboratories* is the only federal appellate authority comparing RSUs with equity awards, and finds RSUs lacking. Our proposed Conclusion of Law holding that RSUs are not "commonly known as a security" under § 101(49)(A)(xiv) – because nothing was delivered except a contract promise subject to further conditions – is fully supported by the analysis of the Fifth Circuit in *Wall*.

Respectfully submitted,

Richard J. Schager, Jr.

/pr

cc:    See next page

---

[3] Lehman Pre-Hearing Reply Br., Mar. 4, 2014, at 12, n. 7

Hon. Shelley C. Chapman, U.S.B.J.
August 12, 2014
Page 3

cc:  Ralph I. Miller, Esq. - Weil, Gotshal & Manges LLP
Denise Alvarez, Esq. - Weil, Gotshal & Manges LLP
Teresa Brady, Esq. - Weil, Gotshal & Manges LLP
Doron Kentor, Esq. - Weil, Gotshal & Manges LLP
Lisa M. Solomon, Esq. - Law Office of Lisa M. Solomon
Howard P. Magaliff, Esq. - Rich Michaelson Magaliff Moser, LLP
Robert N. Michaelson, Esq. - Rich Michaelson Magaliff Moser, LLP
A. James Boyajian, Esq. - Law Office of A. James Boyajian
Michael Schlesinger, Esq. - Julien & Schlesinger, P.C.
Michelle Pomerantz, Esq. – Julien & Schlesinger, P.C.
Eugene Neal Kaplan, Esq. - Kaplan Landau LLP