UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (SCC)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------------x

### BRIDGE ORDER EXTENDING STAY OF NON-DISTRIBUTED AVOIDANCE ACTIONS AND GRANTING CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE

The Court having entered the *Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated October 20, 2010 [ECF No. 12199] (the "Initial Stay Order"), as modified and/or extended by the Court from time to time, most recently in the *Order Extending Stay of Non-Distributed Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated May 15, 2014 [ECF No. 44333] (the "May 15th Stay Order," and, together with the Initial Stay Order, the "Stay Orders"); and the May 15th Stay Order having contemplated that the Chapter 11 Estates would have filed and served a proposed scheduling order (the "Non-Distributed Actions Scheduling Order") governing the adversary proceedings identified on Exhibit A hereto (together, the "Non-Distributed Actions") by July 28, 2014; and the Chapter 11 Estates having failed to file and serve the proposed Non-Distributed Actions Scheduling Order and having conferred with the defendants in the Non-Distributed Actions regarding a revised timetable; and a scheduling conference (the "Conference") having been held before the Court on August 12, 2014; and due and proper notice of the Conference having been provided, and it appearing that no other or

further notice need be provided; and the Court having jurisdiction to consider the relief requested at the Conference in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the relief requested at the Conference being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that the relief requested at the Conference is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth at the Conference establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Stay (as defined in the Stay Orders) imposed by the Stay Orders is hereby extended as to the Non-Distributed Actions to the date on which the Court enters the Non-Distributed Actions Scheduling Order; and it is further

ORDERED that the defendants in the Non-Distributed Actions shall not be required to answer or otherwise respond to the complaints in the Non-Distributed Actions until provided in the Non-Distributed Actions Scheduling Order or as otherwise agreed by the parties; and it is further

ORDERED that, within fourteen (14) calendar days of entry of this Order, the Chapter 11 Estates shall file and serve a proposed Non-Distributed Actions Scheduling Order (the "Filing Date"); and it is further

ORDERED that any defendant in the Non-Distributed Actions shall file any written objection (an "Objection") to the proposed Non-Distributed Actions Scheduling Order within fourteen (14) calendar days from the Filing Date (the "Objection Deadline"); and it is further

ORDERED that the Chapter 11 Estates and defendants in the Non-Distributed Actions shall meet and confer to discuss the proposed Non-Distributed Actions Scheduling Order; *provided*, *however*, that no defendant in the Non-Distributed Actions shall be required to participate in any meet and confer; and it is further

ORDERED that, if any timely filed Objections have not been resolved by seven (7) calendar days after the Objection Deadline, the Chapter 11 Estates shall, within the next twenty-one (21) calendar days thereafter (the "Notice Date"), notice a hearing for the Court to consider the proposed Non-Distributed Actions Scheduling Order at the next omnibus hearing date that is at least fourteen (14) calendar days after the Notice Date (the "Scheduling Order Hearing"), subject to any adjournment of such hearing ordered by the Court; *provided*, *however*, that if all Objections are resolved prior to the Scheduling Order Hearing, the Court may enter the Non-Distributed Actions Scheduling Order without a hearing; and it is further

ORDERED that, in the event that the Chapter 11 Estates notice the Scheduling Order Hearing as set forth herein, the Chapter 11 Estates shall file a reply to any Objection by no later than two (2) business days prior to the date set for the Scheduling Order Hearing; and it is further

ORDERED that nothing contained in this Order shall constitute a determination of any issues with respect to the content of a litigation protocol for the Non-Distributed Actions, including the order in which issues are to be addressed, and the rights of all parties with respect to such issues are preserved; and it is further

ORDERED that, except as set forth herein, all other terms and provisions of the Stay Orders shall remain unaltered and in full force and effect; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August 12, 2014
New York, New York

                                          */s/ Shelley C. Chapman*
                                          HONORABLE SHELLEY C. CHAPMAN
                                          UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

**(Schedule of Non-Distributed Actions)**

| **Adversary Proceeding No.** | **Adversary Proceeding** |
|---|---|
| 10-03542 (SCC) | Lehman Brothers Special Financing Inc. v. U.S. Bank National Association, *et al*. |
| 10-03544 (SCC) | Lehman Brothers Financial Products Inc. v. The Bank of New York Mellon Trust Co., National Association, *et al*. |
| 10-03545 (SCC) | Lehman Brothers Special Financing Inc. v. The Bank of New York Mellon Corporation, *et al*. |
| 10-03809 (SCC) | Lehman Brothers Special Financing Inc. v. Wells Fargo Bank National Association, *et al*. |
| 10-03811 (SCC) | Lehman Brothers Special Financing Inc. v. Bank of New York Mellon National Association |