# United States Bankruptcy Court

## Southern District of New York

<u>In re:</u> **Lehman Brothers Holdings, Inc. et al.**          <u>Case No.:</u> **08-13555**

### NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**Noonday Offshore, Inc.**                                    **Merrill Lynch, Pierce, Fenner & Smith**
                                                              Name of Transferor

Name and Address where notices to transferee                  Court Claim Number: **42895**
should be sent                                                Allowed Amount of Claim Transferred with respect
                                                              to ISIN XS0355227942: $149,216.37
c/o Farallon Capital Management, L.L.C.
One Maritime Plaza, Suite 2100
San Francisco, CA 94111
Attn: Max Strasburg


Phone: _____
Last Four Digits of Acct#: _____

Name and Address where transferee payments
should be sent (if different from above)


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Andrew Jones_____                      Date: ___August 21, 2014_____
        Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Merrill Lynch, Pierce, Fenner & Smith** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Noonday Offshore, Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **allowed amount specified in Schedule 1** attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 42895 filed by or on behalf of **Seller's predecessor in interest** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors. (g) the Notice of Proposed Allowed Claim Amount, dated **24 August 2011** ("Notice") for the Proof of Claim provided to Purchaser is true and correct, and there have been no revisions thereto, and no action was undertaken by Seller or any of its predecessors in interest with respect to the Notice; (h) with respect to each Purchased Claim, Seller or a predecessor in interest has received (I) the initial distribution on or about April 17, 2012, in the amount set forth in Schedule 1 (the "Initial Distribution"), (II) the second distribution on or about October 1, 2012, in the amount set forth in Schedule 1 (the "Second Distribution"), (III) the third distribution on or about April 4, 2013, in the amount set forth in Schedule 1 (the "Third Distribution") and (IV) the fourth distribution on or about October 3, 2013, in the amount set forth in Schedule 1 (the "Fourth Distribution") and (V) the fifth distribution on or about April 3, 2014, in the amount set forth in Schedule 1 (the "Fifth Distribution"); together with the Initial Distribution, Second Distribution, Third Distribution, Fourth Distribution and Fifth Distribution, (the "Distributions"), in each case on account of the Transferred Claims; (i) Seller has delivered to Purchaser true and correct copies of the Distribution notices from the Debtor that set forth the Distributions paid by the Debtor on account of the Transferred Claims

3.       Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.       All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.       Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.       Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.       Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21 day of August 2014.

Merrill Lynch, Pierce, Fenner & Smith

By: _____
Name: Meredith R Smith
Title: **Vice President**

Merrill Lynch, Pierce, Fenner & Smith Incorporated
214 North Tryon Street,
15th Floor,
Charlotte, N.C. 28255,
USA
Attn: Meredith R. Smith
Tel: 001 980 388 4526
Email: meredith.r.smith@baml.com

Noonday Offshore, Inc.
By: Farallon Capital Management, L.L.C., Its Agent and Attorney-in-Fact

By: _____
Name: Rajiv A. Patel
Title: Managing Member

c/o Farallon Capital Management, L.L.C.
One Maritime Plaza, Suite 2100
San Francisco, CA 94111
(Tel) +1 415-421-2132
(Fax) 1 415-591-6742
loanops2@farcap.com

Schedule 1

## Transferred Claims

### Purchased Claim

The Purchased Claim represents US$ 149,216.37 which is 1.75 % of the total Proposed Allowed Claim Amount with respect to XS0355227942 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 42895)

### Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V. Issue of EUR 10,000,000 Fixed Rate Notes Due June 2020 Guaranteed by Lehman Brothers Holdings Inc under the U.S.$100,000,000,000 Euro Medium-Term Note Program | XS0355227942 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 105,000.00 | 0.50% p.a. | 2 June 2020 |

Schedule 1–1

Purchased Claim Distribution Amounts

| Distribution | Purchased Claim Distribution |
|---|---|
| Initial Distribution | USD 5,385.56 |
| Second Distribution | USD 3,634.28 |
| Third Distribution | USD 4,590.37 |
| Fourth Distribution | USD 5,442.39 |
| Fifth Distribution | USD 5,911.71 |