Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,   Case No. 08-13555 (JMP)
(Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee                           Name of Transferor

Deutsche Bank AG, London Branch              Monarch Capital Master Partners II LP

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch              Court Claim # (if known): 43914
Winchester House, 1 Great Winchester Street
London EC2N 2DB                              Amount of Claim (transferred):
Tel: +44 20 7547 3330
Fax: +44 113 336 2010                        EUR 12,000.00 in principal amount of ISIN
Attention: Simon Glennie                     XS0303671548 (plus all interest, costs and fees
E-mail: simon.glennie@db.com                 relating to this claim)
                                             Allowed Claim Amount being transferred: USD
                                             17,029.27

                                             Date Claim Filed: October 22, 2010

                                             Tel: N/A

Last Four Digits of Acct. #:  N/A            Last Four Digits of Acct. #:  N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ [signature]                          Date: 22 AUGUST 2014
Transferee/Transferee's Agent
Simon Glennie
Vice President

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Jamie Foote                                  Confidential
Vice President

*PARTIAL Transfer of LBHI Claim # 43914*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Monarch Capital Master Partners II LP** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 hereto (the "Purchased Portion"), in Seller's right, title and interest in and to Proof of Claim Number 43914 filed by or on behalf of any of Seller's predecessors-in-title (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion (other than the Retained Distributions (as defined below)) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (other than the Retained Distributions (as defined below)) (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors holding claims of the same class and type as the Purchased Portion; (g) the Transferred Claims are Class 5 Senior Third Party Guarantee Claims; and (h) on April 17, 2012 Seller received the first distribution relating to the Transferred Claims totaling the amount of $ 614.62 (the "**First LBHI Distribution**"), on October 1, 2012 Seller received the second distribution relating to the Transferred Claims totaling the amount of $414.76 (the "**Second LBHI Distribution**"), on April 4, 2013 Seller received the third distribution relating to the Transferred Claims totaling the amount of $523.87 (the "**Third LBHI Distribution**"), on October 3, 2013 Seller received the fourth distribution relating to the Transferred Claims totaling the amount of $621.11 (the "**Fourth LBHI Distribution**"), on April 3, 2014 Seller received the fifth distribution relating to the Transferred Claims totaling the amount of $674.67 (the "**Fifth LBHI Distribution**") and Seller has received a distribution paid on or about May 8, 2013 in the amount of €1.394.31 (the "**First Treasury BV Distribution**"), a distribution paid on or about October 28, 2013 in the amount of €546.23 (the "**Second Treasury BV Distribution**") and a distribution paid on or about April 28, 2014 in the amount of €587.09 (the "**Third Treasury BV Distribution**") by Lehman Brothers Treasury Co. B.V., with respect to the securities relating to the Transferred Claims (the First LBHI Distribution, the Second LBHI Distribution, the Third LBHI Distribution and the First Treasury BV Distribution together, the

Confidential

DB Ref: 13625 (43914 MCMPII)

"Retained Distributions").

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (other than the Retained Distributions). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 22 day of August 2014.

| MONARCH CAPITAL MASTER PARTNERS II LP<br>By: Monarch Alternative Capital LP<br>Its: Advisor | DEUTSCHE BANK AG, LONDON BRANCH |
|---|---|
| By: _____<br>Name: Andrew J. Herenstein<br>Title: Managing Principal | By: _____<br>Name: Jamie Foote<br>Title: Vice President<br><br>By: _____<br>Name: Simon Glennie<br>Title: Vice President |
| Monarch Capital Master Partners II LP<br>c/o Monarch Alternative Capital LP<br>535 Madison Avenue, 26th Floor<br>New York NY 10022<br>Attn: Michael Gillin<br>Phone: (212) 554-1743<br>Fax: (866) 741-3564<br>Email: fundops@monarchlp.com | Winchester House<br>1, Great Winchester Street<br>London EC2N 2DB<br>ENGLAND<br>Attn: Michael Sutton |

DB Ref: 13625 (43914 MCMPII)

Confidential

Schedule 1

Transferred Claims

Purchased Portion

0.24000 % of the claim that is referenced in the Proof of Claim (a copy of which is attached at Schedule 2) and relating to the Purchased Security described below (plus all interest, costs and fees relating to this claim).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Maturity | Allowed Amount (in USD) |
|---|---|---|---|---|---|---|---|
| MTN7370 | XS0303671548 | CA29285 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings, Inc. | EUR 12,000.00 | 6/15/2010 | USD 17,029.27 |

ConfidentialSchedule 1-1

DB Ref: 13625 (43914 MCMPII)

Schedule 2

Copy of Proof of Claim 43914

Confidential Schedule 1-1

DB Ref: 13625 (43914 MCMPII)



| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)   0000043914 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) | | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|---|
| Chambre de Commerce et d'Industrie de Paris<br>27, avenue de Friedland<br>75382 Paris Cedex 08<br>Attention: Mr. Pierre Simon<br>Phone: + 33.1.55.65.71.00<br>Email: psimon@ccip.fr | with a copy to:<br>Mayer Brown LLP<br>1675 Broadway<br>New York, New York 10019<br>Attention: Rick Hyman<br>Phone: (212) 506-2664<br>Email: fhyman@mayerbrown.com | Court Claim Number:_____<br>(*If known*)<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:           Email Address: | | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ **not less than $7,075,500.00**   (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** **XS0303671548**          (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

**CA29285**   (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
**11712**   (Required)

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | | FOR COURT USE ONLY |
|---|---|---|
| Date.<br>october 20th<br>2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. President<br>Chambre de Commerce et d'Industrie de Paris   Signed: [signature] | **FILED / RECEIVED**<br><br>**OCT 22 2009**<br><br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## ADDENDUM TO PROOF OF CLAIM
## OF CHAMBRE DE COMMERCE ET D'INDUSTRIE DE PARIS

1.  *Debtor.* On September 15, 2008 (the "**Petition Date**"), **Lehman Brothers Holdings Inc.** (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "**Bankruptcy Code**").

2.  *Creditor.* This proof of claim ("**Proof of Claim**") is filed by **Chambre de Commerce et d'Industrie de Paris** (the "**Creditor**").

3.  *Amount of Claim.* The Debtor was, and remains, indebted to the Creditor under the referenced Lehman Program Security and related documents in an aggregate amount of not less than (i) **$7,075,500.00**, plus (ii) accrued and unpaid interest thereon, in accordance with the referenced Lehman Program Security and the other applicable documents, to the extent permitted by applicable law, and (iii) costs, expenses and any other amounts payable by the Debtor, which amounts have accrued and continue to accrue, under the referenced Lehman Program Security and the other applicable documents.

4.  *Prior Credits.* The amount of all payments on the claims set forth in this Proof of Claim has been credited and deducted for the purpose of making this Proof of Claim.

5.  *No Judgment.* No judgment has been rendered on the claims set forth in this Proof of Claim.

6.  *Bar Date Order.* On July 2, 2009, this Court entered its Order Pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "**Bar Date Order**") in these jointly-administered cases.

7.  *Effect of Filing; Reservations of Rights.* The Creditor is filing this Proof of Claim under compulsion of the Bar Date Order to protect itself from forfeiture of these claims against

the Debtor by reason of the entry of the Bar Date Order. The filing of this Proof of Claim does not constitute: (i) a waiver of any of the Creditor's rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether an affiliate of the Debtor, an assignee, a guarantor or otherwise; (ii) a waiver of any obligation owed to the Creditor, or any right to any security that may be determined to be held by the Creditor or for the Creditor's benefit; (iii) a waiver of any past, present or future defaults (or events of default) by the Debtor or others in connection with the referenced Lehman Program Security; (iv) an election of remedies (including, but not limited to, an election of remedies that waives or otherwise affects any other remedies); (v) consent by the Creditor to the jurisdiction of this Court with respect to any proceeding commenced against or otherwise involving the Creditor; (vi) consent by the Creditor to the treatment of any non-core claim against it as a core claim; (vii) a waiver of the right to move to withdraw the reference with respect to the claims or otherwise, including, without limitation, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced against or otherwise involving the Creditor; (viii) a waiver of any right to the subordination, in favor of the Creditor, of indebtedness or liens held by other creditors of the Debtor; (ix) a waiver of any right to arbitration or other alternative dispute resolution mechanism that is, or becomes, available; (x) consent by the Creditor to a jury trial, or waiver of the Creditor's right to a trial by jury, in each case, in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto; (xi) a waiver of the Creditor's right to have final orders in non-core matters entered only after *de novo* review by a District Court judge; (xii) an admission by the Creditor that any property held by the Debtor constitutes property of the Debtor's estates; or (xiii) a waiver or limitation of any procedural or substantive rights, or any procedural or

NYDB01 17591211.1 29-Sep-09 16:50

08-13555-mg    Doc 46060    Filed 08/22/14    Entered 08/22/14 13:13:33    Main Document
Pg 13 of 17

substantive defenses, to any claim that may be asserted against the Creditor. In addition, the Creditor reserves the right to withdraw this Proof of Claim with respect to any or all of the claims set forth herein and/or with respect to the Debtor, for any reason whatsoever. The Creditor does not waive any of its rights to any claims asserted herein by not ascribing a specific dollar amount thereto at this time. The Creditor: (a) expressly reserves and does not waive any right or remedy, at law or in equity, of the Creditor, including, without limitation, any and all rights of setoff, recoupment or counterclaim, howsoever arising, any right to any security held by or for it or them pursuant to the referenced Lehman Program Security and related documents, or any right to claim an interest in specific assets or any other rights or causes of action that the Creditor has, or may have, against the Debtor, or any other persons or entities, and expressly reserves all such rights; (b) reserves the right to file additional proofs of claim and to amend or supplement this Proof of Claim in any respect, including without limitation by (1) asserting claims arising from, or relating to, the avoidance of transfers made to the Creditor or any other entity, (2) amending, quantifying or correcting the dollar amount of any part of the claims, (3) adding or including any other debtor entity or any other entity, including but not limited to any entity that may become a debtor or debtor-in-possession in these jointly administered bankruptcy cases, (4) providing additional detail regarding the claims set forth herein, and/or (5) adding or amending categories of payments or liabilities; and (c) reserves the right to assert that all or any part of the claim described herein is administrative expenses entitled to a first-priority under sections 503 and 507 of the Bankruptcy Code, including, but not limited to, costs and expenses (including attorneys' fees and disbursements) incurred by the Creditor that remain unpaid. This Proof of Claim is filed without prejudice to the filing by the Creditor or any of its affiliates of additional proofs of claim with respect to any other liability or indebtedness of the Debtors.

3

NYDB01 17591211.1 29-Sep-09 16:50

**HAND DELIVERY**

RECEIVED BY: S.H.

DATE: 10/22/09

TIME: 12P