HEARING DATE AND TIME: September 9, 2014 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: September 2, 2014 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Garrett Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,         : 08-13555 (SCC)
                                                     :
                        Debtors.                     : (Jointly Administered)
------------------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION FOR AUTHORIZATION FOR LEHMAN
BROTHERS SPECIAL FINANCING INC. AND LEHMAN BROTHERS
COMMERCIAL CORPORATION TO INVEST DISPUTED CLAIMS RESERVES
FOR CLAIM NUMBERS 66455 AND 66476 PURSUANT TO SECTION 8.4 OF
THE MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN
BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

　　　　**PLEASE TAKE NOTICE** that on August 22, 2014, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed the annexed motion (the

"Motion") for authorization for Lehman Brothers Special Financing Inc. and Lehman Brothers

Commercial Corporation Inc. to invest disputed claims reserves for claim numbers 66455 and

66476, and that a hearing (the "Hearing") to consider the Motion will be held before the

Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the

United States Bankruptcy Court for the Southern District of New York, One Bowling Green,

New York, New York 10004, on **September 9, 2014 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in text-searchable Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), and served upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq. and Garrett Fail, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn:  William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **September 2, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Motion, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 22, 2014
       New York, New York

              /s/ Jacqueline Marcus
              Jacqueline Marcus
              Garrett Fail

              WEIL, GOTSHAL & MANGES LLP
              767 Fifth Avenue
              New York, New York 10153
              Telephone: (212) 310-8000
              Facsimile: (212) 310-8007

              Attorneys for Lehman Brothers Holdings Inc.
              and Certain of Its Affiliates

**HEARING DATE AND TIME: September 9, 2014 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 2, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Jacqueline Marcus
Garrett Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                  :  Chapter 11 Case No.
                                       :
LEHMAN BROTHERS HOLDINGS INC., et al., :  08-13555 (SCC)
                                       :
              Debtors.                 :  (Jointly Administered)
------------------------------------------------------------x
```

# MOTION FOR AUTHORIZATION FOR LEHMAN BROTHERS SPECIAL FINANCING INC. AND LEHMAN BROTHERS COMMERCIAL CORPORATION TO INVEST DISPUTED CLAIMS RESERVES FOR CLAIM NUMBERS 66455 AND 66476 PURSUANT TO SECTION 8.4 OF THE MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC.  AND ITS AFFILIATED DEBTORS

US_ACTIVE:\44547006\13\58399.0011

# TABLE OF CONTENTS

**Page**

Preliminary Statement ............................................................................................................1

Jurisdiction .............................................................................................................................3

Background ............................................................................................................................3

        A.    General Background .................................................................................3

        B.    Disputed Claims Reserves .......................................................................4

        C.    The Subrogated Claims ...........................................................................5

Relief Requested ....................................................................................................................7

The Investments .....................................................................................................................7

The Investments Should be Authorized .................................................................................9

        A.    Approval of the Investments is in the Best Interests of Creditors ..........9

        B.    Approval of the Investments Will Not Prejudice Stakeholders ............10

Conclusion ...........................................................................................................................10

Reservation of Rights ..........................................................................................................11

Notice ..................................................................................................................................11

US_ACTIVE:\44547006\13\58399.0011

## TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

11 U.S.C. § 105(a) ........................................................................................................................9

11 U.S.C. § 1142(b) ......................................................................................................................9

28 U.S.C. § 157 .............................................................................................................................3

28 U.S.C. § 1334 ...........................................................................................................................3

**Other Authorities**

Bankruptcy Rule 1015(b)...............................................................................................................3

US_ACTIVE:\44547006\13\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of LBHI and its Affiliated Debtors (the "Plan")[1], on behalf of Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Commercial Corporation ("LBCC" and, together with LBSF, the "Lehman Entities"), respectfully represents as follows:

Preliminary Statement

1. The Plan Administrator seeks authorization for an inter-debtor arrangement whereby the Lehman Entities would invest excess Cash reserves for claim numbers 66455 and 66476 that are currently trapped in their estates in secured notes to be issued by LBHI on the terms and conditions described herein.[2] The Investments will accelerate Plan Distributions to creditors of LBHI, including creditors of LBSF and LBCC that hold corresponding Guarantee Claims against LBHI, as LBHI will be able to distribute at least an incremental $560 million in the upcoming sixth Plan Distribution scheduled to commence on October 2, 2014 and additional amounts that would otherwise be reserved in future Distributions. As explained below, the excess reserves relate to Disputed Claims filed by JPMorgan Chase Bank, N.A. ("JPMCB") against LBSF and LBCC that have been provisionally applied against LBHI collateral. Through the Investments, the Plan Administrator will free this excess cash for Distribution now for the benefit of creditors without prejudice to any stakeholder.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

[2] LBSF's investment of Cash reserved for claim number 66455 against LBSF is referred to herein as the "LBSF Investment" and LBCC's investment of Cash reserved for claim number 66476 against LBCC is referred to herein as the "LBCC Investment" and collectively, the "Investments."

2. Section 8.4 of the Plan requires each of the chapter 11 entities, including LBSF and LBCC, to retain reserves for Disputed Claims equal to the pro rata Distributions that would be paid on such claims in the event they are allowed in full. This relatively straightforward provision leads to the anomalous result of duplicative reserves when applied to the JPMCB Claims (defined below). Specifically, JPMCB has asserted unsecured claims against LBSF and LBCC in the aggregate amount of approximately $1.825 billion. In a subsequent agreement approved by the Court, LBHI and JPMCB agreed to provisionally apply LBHI collateral against such claims, and, as a result, LBHI became subrogated to JPMCB's rights under the portions of the claims provisionally paid by LBHI. The Plan Administrator is contesting, among other things, the validity of the JPMCB Claims, the enforceability of LBHI's alleged guarantee in support thereof, and the provision of collateral to support such claims. As a result, the JPMCB Claims are disputed, and, pursuant to the Plan, LBSF and LBCC are maintaining separate cash reserves of approximately $485 million and $121 million, respectively. These reserves are in excess of LBHI's collateral that has already been provisionally applied to the JPMCB Claims. To the extent the JPMCB Claims are allowed as subrogated claims, any related Distributions will be paid to LBHI. JPMCB and the Plan Administrator have agreed in principle that, to the extent the JPMCB Claims are allowed as unsecured claims of JPMCB, any Distributions payable to JPMCB can be deducted from the amount of collateral JPMCB is otherwise required to return to LBHI.

3. The Investments by the Lehman Entities will be secured by (a) any recoveries to LBHI from JPMCB, and (b) any Distributions to LBHI by the Lehman Entities on account of its subrogated claims. In addition, as a return on their Investments, the Lehman Entities will earn an enhanced rate of interest compared to the current return on their investments

-2-

in Cash and Cash-equivalents, which interest will be allocable in accordance with section 8.4 of the Plan. JPMCB has agreed in principle to a modification of the CDA (as defined below) that will allow for the prompt return of any amounts required by LBHI to repay the loans upon a resolution of the Plan Administrator's objections to the LBSF Claim and the LBCC Claim (each as defined below) and the Plan Administrator will file the final agreement among JPMCB, LBHI, LBSF and LBCC prior to the hearing on the Motion. JPMCB has advised the Plan Administrator that it does not object to the relief requested provided that the final agreement is executed. Accordingly, LBHI will have sufficient means to repay the borrowed amounts to LBSF and LBCC when and if necessary. The Motion should, therefore, be approved.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and section 14.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

A. General Background

5. LBHI, LBSF and LBCC commenced voluntary cases under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York on September 15, 2008, October 3, 2008 and October 5, 2008, respectively. The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On December 6, 2011, the Court entered an order confirming the Plan (ECF No. 23023). The Plan became effective on March 6, 2012.

      B.    <u>Disputed Claims Reserves</u>

      7.    With respect to Disputed Claims against the Debtors, Section 8.4 of the Plan provides that, as to each Distribution made to holders of Allowed Claims, the Plan Administrator is required to retain as a reserve for Disputed Claims an aggregate amount of Available Cash equal to the Pro Rata Share of the Distributions that would have been made to each holder of a Disputed Claim as if such Disputed Claim were an Allowed Claim. *See* Plan § 8.4. On February 22, 2012, the Court authorized the Plan Administrator to substitute certain non-Cash assets of LBSF and LBCC for a portion of Available Cash for the reserves required on account of unsecured, non-priority, Disputed Claims against LBSF or LBCC (ECF No. 25641) (the "<u>Asset Reserve Order</u>"). In accordance with the Asset Reserve Order, as of the fifth Distribution Date, (a) LBSF has reserved approximately $485 million in cash for the LBSF Claim, and (b) LBCC has reserved approximately $121 million in cash for the LBCC Claim.

      8.    Pursuant to section 8.4 of the Plan, the Plan Administrator currently invests Disputed Claim reserves in Cash and a variety of Cash-equivalents. On average, the yield on the Plan Administrator's investments of disputed claims reserves from the first Distribution Date through the fifth Distribution Date is approximately 0.26%. To the extent a Disputed Claim is Allowed, the holder of such Allowed Claim is entitled to receive a catch-up Distribution equal to the amount that would have been distributed on account of such Claim from the Effective Date through and including the date of such Distribution had such Claim been Allowed as of the Effective Date, together with the interest earned on and attributable to the amount reserved with respect to such Claim. Any excess amounts reserved with respect to such Claim, including any interest earned thereon, become Available Cash for distribution to holders of Allowed Claims against the applicable Debtor. The enhanced interest earned on the Investments will be allocated and paid in accordance with section 8.4 of the Plan.

C. The Subrogated Claims

9. JPMCB filed (a) claim number 66455 against LBSF (the "LBSF Claim") asserting claims in the net unsecured amount of approximately $1.7 billion, and (b) claim number 66476 against LBCC (the "LBCC Claim") asserting claims in the net unsecured amount of $125 million, for a total unsecured claim amount of approximately $1.825 billion. These amounts are net of JPMCB's setoff of approximately $410 million in funds belonging to LBSF with respect to the LBSF Claim and further reductions of approximately $220 million of the LBSF Claim and the LBCC Claim based upon JPMCB's setoff of amounts due to LBSF or LBCC from JPMCB's affiliates, which setoffs are contested by LBSF and LBCC. JPMCB also filed claim number 66462 against LBHI (the "LBHI Claim" and, together with the LBSF Claim and the LBCC Claim, the "JPMCB Claims"), asserting that LBHI is a guarantor of the LBSF Claim and the LBCC Claim and that such guarantee obligations are secured by collateral pursuant to a Security Agreement dated September 9, 2008.

10. On March, 24, 2010, the Court entered the Order Pursuant to Sections 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Approving Collateral Disposition Agreement Among the Debtors and JPMorgan Chase Bank, N.A., et al. (ECF No. 7785) (the "Order" and such agreement the "CDA"). Pursuant to the CDA, as of today, JPMCB has provisionally applied a total of approximately $1.745 billion of LBHI's cash purportedly pledged as collateral based on a purported guaranty by LBHI against the LBSF Claim and the LBCC Claim.[3] As a result, LBHI has become subrogated with respect to $1.745 billion in the aggregate of the LBSF Claim (the "Subrogated LBSF Claim") and the LBCC Claim (the "Subrogated LBCC Claim").

---

[3] The difference between the asserted unsecured amount of the JPMCB Claims of approximately $1.825 billion and the $1.745 billion is due to an approximately $80 million claim against LBSF that was not secured by LBHI collateral.

11. The Lehman Entities have filed various objections to the JPMCB Claims, including challenges to the validity and amount of those claims (Adv. Pro. No. 12-01874) (the "<u>Claim Objections</u>"), and challenges to the assertion that the JPMCB Claims were secured by LBHI funds applied to the JPMCB Claims (Adv. Pro. No. 10-03266). JPMCB has disputed the same. Until the resolution of the Claims Objections, the LBSF Claim and the LBCC Claim remain disputed. As such, in accordance with the reserve requirements set forth in the Plan, LBSF and LBCC have reserved to date an aggregate of over $600 million (including amounts that would be reallocated to Plan Adjustment) for the potential payment of their alleged obligations to JPMCB or to LBHI as subrogee. The reserves maintained by LBSF and LBCC on account of such Claims are duplicative because such amounts will either ultimately be paid to LBHI as subrogee of JPMCB or, to the extent JPMCB's application of collateral is successfully challenged by the Plan Administrator so that all or some portion of the JPMCB Claims may be unsecured claims of JPMCB, the amounts returned by JPMCB to LBHI can be utilized to make Distributions or to reestablish any required reserves.

12. Following the resolution of all relevant claims and disputes, LBHI will receive a minimum of $560 million plus any additional amounts that will be reserved for the LBSF Claim and the LBCC Claim in connection with future Distributions, based on: (i) Distributions from LBSF and LBCC of the amounts held in reserve for these claims to LBHI as subrogee of JPMCB; (ii) payments from JPMCB resulting from any judgment or settlement with respect to JPMCB's application of LBHI's cash collateral to satisfy the JPMCB Claims; or (iii) a combination of these two payment sources. In connection therewith, JPMCB has agreed to modify the CDA to provide that it will promptly repay to LBHI any amounts required to repay the Notes (as defined below).

-6-

## Relief Requested

13.     Section 8.4 of the Plan authorizes the Plan Administrator to use Available Cash retained for Disputed Claims with Court approval.  Accordingly, by this Motion, LBSF and LBCC seek authorization to invest with LBHI (i) the amount that would be required to be reserved on account of the LBSF Claim, net of any Plan Adjustment on account thereof (the "LBSF Investment Amount"), and (ii) the amount that would be required to be reserved on account of the LBCC Claim, net of any Plan Adjustment on account thereof (the "LBCC Investment Amount") (as each of the same may be modified as a result of future Distributions or otherwise), on the terms and conditions described in this Motion.

## The Investments

14.     The terms of the LBSF Investment and the LBCC Investment will be virtually identical, and the general terms and conditions of the Investments are jointly described below for convenience.[4]  Each Investment will be a separate transaction with LBHI, and LBSF will not be a party to, and will have no rights or obligations under, the LBCC Investment, and LBCC will not be a party to, and will have no rights or obligations under, the LBSF Investment. The salient terms of each of the Investments are:

   a.   The Investments.  LBSF and LBCC shall be authorized, but not directed, to invest with LBHI, on the terms and conditions described herein, up to the LBSF Investment Amount or the LBCC Investment Amount, respectively, pursuant to a note issued by LBHI to LBSF and LBCC (respectively, an "LBSF Note" or "LBCC Note," and collectively referred to herein as the "Notes").  Additional advances may be made from time to time in connection with future Distributions under the Notes.

   b.   Interest.  Each Note shall bear interest at a rate of 0.50% per annum in excess of the rate of interest earned by LBSF or LBCC (as applicable) on the investments of its respective disputed claims reserves for other

---

[4] The Investments will be documented in loan agreements, which have not been finalized, that will be filed with the Court prior to the hearing on the Motion.

              Disputed Claims until there is a Binding Determination (as defined in the CDA) with respect to the LBSF Claim or the LBCC Claim (as applicable), which interest shall be determined and payable upon such Binding Determination.

c.    <u>Authorized Distributions</u>. LBHI shall be authorized but not directed to distribute as Distributions under the Plan the proceeds of the borrowings under the Notes. Notwithstanding the foregoing, LBHI shall be required to hold back from all Distributions an amount equal to 36 months from the date of the initial advance under the Note of estimated interest at the rate stated above.

d.    <u>Security</u>. LBHI's obligations under the Notes shall be secured on a *pari passu* basis by any JPMC Adjustment Amount (as defined in the CDA) to which LBHI may be entitled. In addition, the LBSF Note shall be secured by any Distribution to which LBHI may be entitled on account of the Subrogated LBSF Claim, and the LBCC Note shall be secured by any Distribution to which LBHI may be entitled on account of the Subrogated LBCC Claim.

e.    <u>Mandatory Repayment Date</u>. All obligations outstanding under the Notes must be repaid no later than ten days following a Binding Determination on the Claim Objections.

f.    <u>Voluntary Prepayment</u>. LBHI may voluntarily prepay any outstanding amounts under the Notes at any time without penalty.

g.    <u>Deemed Repayment</u>. If and to the extent following a Binding Determination with respect to the LBSF Claim or the LBCC Claim all or part of the Subrogated LBSF Claim or Subrogated LBCC Claim (as applicable) remains a subrogated claim, then the LBSF Note or the LBCC Note (as applicable) shall be deemed satisfied in the amount of the Distribution then due to LBHI with respect to such portion of the Subrogated LBSF Claim or Subrogated LBCC Claim (including any interest payable by LBHI on such amount pursuant to the LBSF Note or the LBCC Note, including the 0.50% premium), excluding amounts attributable to Plan Adjustment, in lieu of LBSF's or LBCC's Distribution of such amount to LBHI.[5]

---

[5] Thereafter, LBSF and LBCC shall be authorized to distribute an amount equal to the Plan Adjustment that would have been distributed on account of the Allowed Subrogated LBSF Claim or Allowed Subrogated LBCC Claim (as applicable) in accordance with section 6.5(a) of the Plan.

<u>The Investments Should be Authorized</u>

15. The Investments are reasonable and appropriate in light of the unique circumstances of these chapter 11 cases and the Plan Administrator's primary objective of increasing distributions to holders of Allowed Claims. The Court has broad discretion under sections 105(a) and 1142(b) of the Bankruptcy Code to facilitate the administration and implementation of the Plan and to issue any appropriate order in furtherance thereof. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."); 11 U.S.C. § 1142(b) ("The court may direct the debtor and any other necessary party…to perform any other act . . . that is necessary to the consummation of the plan"). Pursuant to Section 14.1(e), the Court retained jurisdiction to "issue such orders in aid of execution of the Plan to the extent authorized by Section 1142 of the Bankruptcy Code." *Id*. § 14.1(e).

A. <u>Approval of the Investments is in the Best Interests of Creditors</u>

16. Pursuant to the Investments, LBSF and LBCC may loan to LBHI the LBSF Investment Amount and the LBCC Investment Amount in exchange for a rate of return that is enhanced compared to the rate that otherwise would be earned on the investment of such amounts. The Investments will make immediately available for distribution to holders of Allowed Claims against LBHI, including holders of Allowed Claims against LBSF and LBCC with corresponding Guarantee Claims against LBHI, amounts – over $560 million, plus any additional amounts to be reserved on account of the LBSF Claim and the LBCC Claim in connection with future Distributions – that otherwise would become available only after the disputes with JPMCB are resolved at some unknown future date. This accelerated Distribution will provide substantial benefit to the creditors of LBHI and creditors of LBSF and LBCC holding allowed Guarantee Claims against LBHI.

-9-

17. In addition, enhanced interest will be paid on the Investments at the rate of 0.50% in excess of the interest rate paid on LBSF's and LBCC's investment of its other disputed claims reserves until such time as the LBSF Claim and the LBCC Claim are judicially resolved or settled. This enhanced return will increase the cash available for Distribution to creditors of LBSF and LBCC to the extent any portions of the LBSF Claim or LBCC Claim are disallowed.

B.  <u>Approval of the Investments Will Not Prejudice Stakeholders</u>

18. The Investments provide the reasonable assurance required to protect all parties. Repayment of the Notes will be secured by (a) any Plan Distributions from LBSF or LBCC made to LBHI as subrogee of the LBSF Claim and the LBCC Claim and (b) any payments from JPMCB made to LBHI resulting from any judgment or settlement with JPMCB relating to the Plan Administrator's challenges to the JPMCB Claims or JPMCB's application of collateral in respect thereof. As stated, JPMCB has agreed to modify the CDA to promptly repay to LBHI any amounts required to repay the Notes upon resolution of the objections to the LBSF Claim or the LBCC Claim. This will ensure that LBHI will have sufficient cash if and when needed to repay any amounts due under the Notes that would not be offset by a Distribution from LBSF or LBCC payable to LBHI on account of the Subrogated Claims. Accordingly, under all scenarios following the final resolution of the Claims Objections, LBHI will receive from some combination of JPMCB, LBSF, and LBCC an aggregate amount of Cash at least equal to the amount required to satisfy the Notes.

Conclusion

19. In sum, approval of the Investments will best serve the interests of creditors of LBHI, LBSF and LBCC. The Plan Administrator, therefore, respectfully requests that the Court approve the Investments.

-10-

Reservation of Rights

20.   Nothing herein shall be deemed to determine or affect in any respect the validity, amount or priority of any of the JPMCB Claims, the Subrogated LBSF Claim or the Subrogated LBCC Claim for any purpose, and all rights of the Plan Administrator with respect thereto are fully preserved.

21.   Nothing herein shall affect or modify the rights and obligations of JPMC and LBHI and the Lehman Entities under the CDA or otherwise, which rights shall be fully preserved and unaffected by this Motion.

Notice

22.   No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Motion on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) JPMCB; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635). The Plan Administrator submits that no other or further notice need be provided.

23.   No previous request for the relief sought herein has been made by the Plan Administrator or the chapter 11 estates to this or any other Court.

-11-

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: August 22, 2014
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Garrett Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                    : Chapter 11 Case No.
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,             : 08-13555 (SCC)
                                                         :
               Debtors.                        : (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING MOTION FOR AUTHORIZATION FOR LEHMAN BROTHERS SPECIAL FINANCING INC. AND LEHMAN BROTHERS COMMERCIAL CORPORATION TO INVEST DISPUTED CLAIMS RESERVES FOR CLAIM NUMBERS 66455 AND 66476 PURSUANT TO SECTION 8.4 OF THE MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS

Upon the motion (the "Motion")[1] dated August 22, 2014 of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), for authorization for (a) LBSF to invest the LBSF Investment Amount (as the same may be modified as a result of future Distributions or otherwise) with LBHI, and (b) LBCC to invest the LBCC Investment Amount (as the same may be modified as a result of future Distributions or otherwise) with LBHI, in each case, on the terms and conditions described in the Motion; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the chapter 11 estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the relief requested in the Motion is granted; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED that LBSF is authorized to make the LBSF Investment on the terms and conditions contained in the Motion; and it is further

ORDERED that LBCC is authorized to make the LBCC Investment on the terms and conditions contained in the Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

-2-