B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>                    Case No. <u>08-13555 (SCC)</u>

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Wincent Investment Limited</u>                    <u>Lehman Brothers International</u>
                                                    <u>(Europe) (in administration)</u>
        Name of Transferee                              Name of Transferor

Name and Address where notices to transferee          Court Claim # (if known): <u>62783</u>
should be sent:                                        Claim Amount Filed: <u>$2,084,741,055</u>
P.O. Box 210                                           Amount transferred: <u>See attached Schedule</u>
1ˢᵗ Floor, No. 1 The Mews                              Date Claim Filed: <u>11/2/09</u>
Anne Street, St. Helier                                Debtor against claim filed: <u>Lehman Brothers</u>
Jersey JE4 8SY                                         <u>Holdings Inc.</u>
Channel Islands                                        Phone: <u>(212) 903-9000</u>
United Kingdom                                         Last Four Digits of Acct. #:    <u>N/A</u>

With a copy to:
Clifford Chance US LLP
31 W 52nd St
New York, NY 10019
Attention: Jennifer C. DeMarco, Esq., Sarah
Campbell, Esq.
Phone: <u>(212) 878-8000</u>
Last Four Digits of Acct #:  <u>N/A</u>

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the
best of my knowledge and belief.
WINCENT INVESTMENT LIMITED

By:_____          Date:_____
      Transferee/Transferee's Agent                         20 August 2014

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

<u>AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged **Lehman Brothers International (Europe) (in administration)** ("Transferor") by and through **Anthony Victor Lomas, Steven Anthony Pearson, Paul David Copley, Russell Downs and Julian Guy Parr** (the "**Joint Administrators**" and each a "**Joint Administrator**") hereby unconditionally and irrevocably transfers and assigns to **Wincent Investment Limited** (the "**Transferee**"), and Transferee hereby agrees to receive, as of the date hereof, (a) an undivided interest, to the extent specified in <u>Schedule 1</u> attached hereto (the "<u>Claim</u>"), in Transferor's right, title and interest in and to Proof of Claim Number 62783 filed by or on behalf of Transferor (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (SCC) (the "<u>Debtor</u>"), (b) all rights and benefits of Transferor relating to the Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Claim, and (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation to the Claim, and  (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>").

2.      Transferor hereby represents and warrants to Transferee that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Transferor owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Transferor or against Transferor; (d) Transferor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (e) the Proof of Claim includes the Claim specified in <u>Schedule 1</u> attached hereto; and (f) Transferor has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Transferee receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors in the same class. For the avoidance of doubt, and without diminishing the representations of Transferor explicitly set forth herein, Transferor does not represent or warrant to Transferee the amount in which the Proof of Claim to the extent of the securities listed in <u>Schedule 1</u> has been allowed or the amount of any given distribution to be made by the Debtor in connection with those securities.

3.      Transferor hereby waives any objection to the transfer of the Transferred Claims to Transferee on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Transferor by Transferee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Transferor transferring to Transferee the Transferred Claims, recognizing Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Transferee.

4.      All representations, warranties, and covenants shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein.

Transferee shall be entitled to transfer its rights hereunder without any notice to or the consent of Transferor.

5.      Transferor shall promptly remit any payments, distributions or proceeds received by Transferor in respect of the Transferred Claims to Transferee. The timing of the remittance of any such payments is subject to not only the receipt by Transferor of any such funds, but also the receipt from Debtor's claims agent of the appropriate corresponding remittance letter.

6.      Each of Transferor and Transferee agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim.

7.      Transferor's and Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Any action arising under or relating to this Agreement and Evidence of Transfer shall be brought in the Supreme Court of the State of New York, County of New York, or the United States District Court for the Southern District of New York, located in the City and State of New York.

8.      One of the Joint Administrators has signed this Agreement and Evidence of Partial Transfer of Claim on behalf of all the Joint Administrators as agents for and on behalf of Transferor and neither they, their firm, partners, employees, agents, advisers or representatives shall incur any personal liability whatsoever in respect of, or in relation to, this agreement. The exclusion of liability set out in this paragraph shall arise and continue notwithstanding the termination of the agency of the Joint Administrators and shall operate as a waiver of any claims in tort as well as under the laws of contract, and any claims otherwise at law or in equity. Though not parties to this Agreement and Evidence of Partial Transfer of Claim, the Joint Administrators, their firm, partners, employees, agents, advisers or representatives shall be entitled to rely on this paragraph of this Agreement and Evidence of Partial Transfer of Claim as if they were a party to it.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 21st day of August 2014.

| Lehman Brothers International (Europe) (In Administration) | Wincent Investment Limited |
|---|---|
| By: _____ | By: _____ |
| Name: J. C. Parr | Name: Fung Lee Woon King |
| Title: Joint Administrator | Title: Director |
| For and on behalf of | |
| Lehman Brothers International (Europe) | P.O. Box 210 |
| acting as its agent and without personal liability | 1st Floor, No. 1 The Mews |
| | Anne Street, St. Helier |
| Level 23 | Jersey JE4 8SY |
| 25 Canada Square | Channel Islands |
| London E14 5LQ | United Kingdom |
| United Kingdom | |

Transferee shall be entitled to transfer its rights hereunder without any notice to or the consent of Transferor.

5.      Transferor shall promptly remit any payments, distributions or proceeds received by Transferor in respect of the Transferred Claims to Transferee. The timing of the remittance of any such payments is subject to not only the receipt by Transferor of any such funds, but also the receipt from Debtor's claims agent of the appropriate corresponding remittance letter.

6.      Each of Transferor and Transferee agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim.

7.      Transferor's and Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Any action arising under or relating to this Agreement and Evidence of Transfer shall be brought in the Supreme Court of the State of New York, County of New York, or the United States District Court for the Southern District of New York, located in the City and State of New York.

8.      One of the Joint Administrators has signed this Agreement and Evidence of Partial Transfer of Claim on behalf of all the Joint Administrators as agents for and on behalf of Transferor and neither they, their firm, partners, employees, agents, advisers or representatives shall incur any personal liability whatsoever in respect of, or in relation to, this agreement. The exclusion of liability set out in this paragraph shall arise and continue notwithstanding the termination of the agency of the Joint Administrators and shall operate as a waiver of any claims in tort as well as under the laws of contract, and any claims otherwise at law or in equity. Though not parties to this Agreement and Evidence of Partial Transfer of Claim, the Joint Administrators, their firm, partners, employees, agents, advisers or representatives shall be entitled to rely on this paragraph of this Agreement and Evidence of Partial Transfer of Claim as if they were a party to it.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 21st day of August 2014.

| | |
|---|---|
| Lehman Brothers International (Europe)<br>(In Administration) | Wincent Investment Limited<br>WINCENT INVESTMENT LIMITED |
| By:_____<br>Name:<br>Title: Joint Administrator<br>For and on behalf of<br>Lehman Brothers International (Europe)<br>acting as its agent and without personal liability | By:_____<br>*Authorized Signature(s)*<br>Name: Fung Lee Woon King<br>Title: Director |
| Level 23<br>25 Canada Square<br>London E14 5LQ<br>United Kingdom | P.O. Box 210<br>1st Floor, No. 1 The Mews<br>Anne Street, St. Helier<br>Jersey JE4 8SY<br>Channel Islands<br>United Kingdom |

Schedule 1

Transferred Claims

The notional amount of the claim that is referenced in the Proof of Claim and relating to the securities described below.

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount of Purchased Security | Allowed Amount | Proof of Claim |
|---|---|---|---|---|---|
| XS0359858759 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings, Inc | 7,000,000 | $3,067,531.11 | 62783 |
| XS0361107674 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings, Inc | 7,000,000 | $2,194,425.91 | 62783 |
| XS0365870830 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings, Inc | 7,000,000 | $3,330,025.00 | 62783 |
| XS0365916096 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings, Inc | 7,000,000 | $2,197,318.20 | 62783 |
| XS0367648648 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings, Inc | 7,000,000 | $2,166,898.81 | 62783 |
| XS0367648721 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings, Inc | 7,000,000 | $3,106,998.74 | 62783 |
| XS0367930582 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings, Inc | 7,000,000 | $3,658,835.95 | 62783 |
| XS0368098090 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings, Inc | 7,000,000 | $2,827,277.38 | 62783 |