# ATTACHMENT V
# Part 1

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Value Description | Breach | Finding Rating Count | Finding Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000018113316 | 1st | SASC 2005-4XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/20/2004, in the amount of $185,310 as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 90% loan to value/combined loan to value (LTV/CLTV), and a 43.16% debt to income (DTI). There was a Manual approval dated 08/13/2004, in the loan file. | Stated | $185,310.00 | 2849597 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (xviii) SAS 2005-4XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 1 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The appraisal, dated 03/19/2004 reflected a final value of $205,900. The appraisal should be no more than 365 days old at the time of loan closing. A re-certification of value must be obtained if the report is over 120 days old. The loan closed 08/20/2004, the appraisal contained in the file was dated 03/19/2004 which exceeded the maximum allowable age of an appraisal by 34 days. A recertification of value was not provided for the subject property.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849597 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 2 | 000000018683318 | 1st | SASC 2005-4XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/03/2004 in the amount of $263,200, as a purchase of an owner occupied condominium. The loan was approved as a Full Documentation loan with an 80%/95% loan to value/combined loan to value (LTV/CLTV) and 40.87% debt to income ratio (DTI). There was a Manual approval dated 12/15/2004, in the loan file. | Full | $263,200.00 | 2849598 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (v) SAS 2005-4XS_No Fraud<br><br>1.04 (c) (vii) SAS 2005-4XS_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrower misrepresented her ownership of the following assets: The loan file contained bank statements for the Borrower's checking account dated 10/22/2004, which reflected ending balances of $44,509, of which $41,468 was properly seasoned; however, on 12/18/2012, an audit verification was sent to the financial institution, which revealed the ending balance was $6,070 on 10/22/2004.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the amount of assets verified was misrepresented by $38,439. The Borrower falsely disclosed that she had $44,509 month's reserves when in fact she had $6,070, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849598 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (v) SAS 2005-4XS_No Fraud<br><br>1.04 (c) (vii) SAS 2005-4XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. Per public records obtained through SiteX.com, the Audit Credit Report, and the Mortgage Electronic Registry System, the Borrower failed to disclose the following property: The Borrower purchased a property in Pasadena, CA, in the same condominium complex as the subject property, on 12/01/2004 with an undisclosed mortgage in the amount of $335,350 and undisclosed monthly payment of $1,893. The subject loan closed on 12/03/2004.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $1,893 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849598 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (v) SAS 2005-4XS_No Fraud<br><br>1.04 (c) (vii) SAS 2005-4XS_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated rental income of $2,370 per month for the rental of the departure property on the loan application. According to a Statement of Financial Affairs, section 15, and the Voluntary Petition, filed by the Borrower with the Central District of California Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated, 08/15/2009, the Borrower never vacated the primary residence at the time of origination, which was to be vacated upon the purchase of the subject property and rented as an investment property. A search through public records revealed the Borrower never occupied the subject property nor used the subject property address as a mailing address.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated rental income of $2,370 per month for the rental of the departure property on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849598 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (v) SAS 2005-4XS_No Fraud<br><br>1.04 (c) (vii) SAS 2005-4XS_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 4 | | The Borrower misrepresented her intent to occupy the subject property. According to a Statement of Financial Affairs, section 15, and the Voluntary Petition, file by the Borrower with the Central District of California Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated, 08/15/2009, the Borrower never vacated the primary residence at the time of origination, which was to be vacated upon the purchase of the subject property and rented as an investment property. A search through public records revealed the Borrower never occupied the subject property nor used the subject property address as a mailing address.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849598 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/20/2013 3:02:43 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk - Loan Review Findings

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 000000018861807 | 1st | SASC 2005-4XS | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 11/30/2004, in the amount of $188,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $188,000.00 | 2849599 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xii) SAS 2005-4XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xii) SAS 2005-4XS_Mortgage File  1.04 (c) (xvii) SAS 2005-4XS_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject note.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).  Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.  Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849599 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xii) SAS 2005-4XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-4XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 4 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849599 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xii) SAS 2005-4XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-4XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 5 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849599 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (xviii) SAS 2005-4XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849599 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 4 | 000000018870535 | 1st | SASC 2005-4XS | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 11/30/2004, in the amount of $59,200. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $59,200.00 | 2849600 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xii) SAS 2005-4XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-4XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849600 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (xviii) SAS 2005-4XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849600 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |

08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment

Watermark - Part 4 of 250

Cowen_Wilmington_Final_Version_489_1

| # | Loan ID | Lien | Deal | Section | Finding | Finding Detail | | | Description | Approval | Amount | Ref | Source File |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 000000019560713 | 1st | SASC 2005-4XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on [obscured], in the amount of [obscured]. There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's HUD-1 Settlement Statement, subject Note, Mortgage, home owner's insurance policy, and Title Commitment. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $345,000.00 | 2849603 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xii) SAS 2005-4XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-4XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849603 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (xviii) SAS 2005-4XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849603 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 6 | 000000019703966 | 1st | SASC 2005-4XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/28/2005, in the amount of $148,000. There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the final HUD-1 Settlement Statement, subject Note, Mortgage, and Title Commitment. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $148,000.00 | 2849604 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xii) SAS 2005-4XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-4XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849604 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (xviii) SAS 2005-4XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849604 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 7 | 000000030054787 | 1st | SASC 2005-4XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/22/2004, in the amount of $152,000. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the Final HUD-1 Title Commitment, Hazard Insurance, Note and Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $152,000.00 | 2849605 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xii) SAS 2005-4XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-4XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849605 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (xviii) SAS 2005-4XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849605 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |

| # | Loan Number | Lien | Deal | Finding Code | Finding | Finding Type | | Description | Doc Type | Amount | ID | Source |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 000000030365589 | 1st | SASC 2005-6 | | Loan Summary | Loan Summary | | The subject loan closed on 12/29/2005, in the amount of XX,XXX.XX as a purchase of a single family residence. The loan was approved as a ... 100% / ... was neither a Manual or an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the Final HUD-1, Title Commitment, Homeowners Insurance, Note and Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $170,800.00 | 2849632 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xii) SAS 2005-6_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849632 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (xviii) SAS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849632 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 9 | 000000030371959 | 1st | SASC 2005-6 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 02/18/2005, in the amount of $540,000 as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 77.14%/90% loan to value/combined loan to value (LTV/CLTV), and a 42.60% Debt to Income Ratio (DTI). There was a Manual approval dated 01/31/2005, in the loan file. | Stated | $540,000.00 | 2849634 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (v) SAS 2005-6_No Fraud  1.04 (c) (xxii) SAS 2005-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Psychotherapist earning $5,500 per month on the loan application. The loan file contained the Borrower's post-closing income documents, which included the Borrower's 2006 profit and loss statement for the year following the subject's loan closing, which revealed the Borrower's actual income was $2,319 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Psychotherapist earning $5,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849634 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 10 | 000000033432329 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 10/17/2006, in the amount of $148,750, as a rate and term refinance of a non owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 85% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 22.42% debt to income ratio (DTI). There was a Automated Underwriting System approval dated 10/12/2006, in the loan file. | Stated | $148,750.00 | 2849273 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 3 | The Seller represented and warranted that the subject loan would not have a debt to income ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's undisclosed debt results in an increase from 22.42% to 62.70%, which exceeds the represented DTI of 60%. | | | 2849273 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI  1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (c) (xvii) LXS 2007-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 3 | The Borrower misrepresented his debt obligations. An audit credit report revealed the Borrower opened 14 undisclosed mortgages, which closed prior to or in the same month as the subject loan with no exact closing date, with total combined mortgage balances of $992,751 and total combined monthly payment of $7,792.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  A recalculation of Debt to Income Ratio (DTI) based on the Borrower's undisclosed debt yields a DTI of 62.70%, which exceeds the Seller's represented 60% Debt to Income Ratio.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $7,792 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849273 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate    Run: 3/20/2013 3:02:43 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Wilmington_Final_Version_489_1

| # | Loan Number | Lien | Deal | Rep Codes | Finding | Finding Type | C1 | C2 | Narrative | Doc | Amount | Loan ID | Source File |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 000000033498718 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | | | ...Asset... Value/Combined Loan To Value (LTV/CLTV), and a 43.239% Debt To Income (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $103,000.00 | 2849276 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI; 1.04 (c) (v) LXS 2007-3_No Fraud; 1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Parts Assembler earning $4,350 per month on the loan application. The loan file contained post closing income documentation for the purpose of obtaining a short sale. The loan file contained the Borrower's 2008 W-2 form, which verified the Borrower's income as $3,353 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Parts Assembler earning $4,350 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849276 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 12 | 000000033565904 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/15/2006, in the amount of $299,200, as a cash-out refinance of an owner occupied single family dwelling. The loan was approved as a Stated Income/Verified Asset documentation loan, with an 80%/95% Loan to Value/Combined Loan to Value, and a 40.87% Debt to Income Ratio (DTI). There was a Manual approval dated 11/20/2006, in the loan file. | Stated | $299,200.00 | 2849283 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 40.87% to 4,875.79%, which exceeds the represented DTI of 60%. | | | 2849283 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI; 1.04 (c) (v) LXS 2007-3_No Fraud; 1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Cosmetologist earning $8,350 per month on the loan application. The post-closing section of the loan file contained the Borrower's tax returns for 2006, which verified same year income of $70 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 4,875.79%, which exceeds the Seller's represented 60% Debt to Income Ratio.

Despite the Seller's representations, the Borrower falsely stated income as a Cosmetologist earning $8,350 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849283 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 13 | 000000033589649 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/17/2006, in the amount of $411,000, as a cash-out refinance of an owner occupied single family dwelling. The loan was approved as a Stated Income/Stated Asset documentation loan, with a 75%/84% loan to value/combined loan to value, and a 43.7% debt to income ratio. There was a manual approval dated 11/30/2006 loan file. | SISA | $411,000.00 | 2849286 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.

Despite the Seller's representations, a re-calculation of DTI based on the Borrower's more reasonable income results in an increase from 43.7% to 99.37%, which exceeds the represented DTI of 60%. | | | 2849286 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI; 1.04 (c) (v) LXS 2007-3_No Fraud; 1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Manager earning $9,471 per month on the loan application. The post-closing section of the loan file contained the Borrower's 2008 W-2 form, which revealed near year income of $3,167 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same company.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the U.S. Bureau of Labor statistics average salary at the 90th percentile for a Driver of $4,195 per month yields a DTI of 99.37%, which exceeds the Seller's represented 60% Debt to Income Ratio.

Despite the Seller's representations, the Borrowers falsely stated income of $9,471 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849286 | Cowen_Wilmington_Final_Version_489_1.xls |

# Digital Risk - Loan Review Findings

Cowen_Wilmington_Final_Version_489_1

| Loan # | Lien | Pool | Finding | Representation | Representation | | | Findings | Doc Type | Amount | ID | File |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (c) (vii) LXS 2007-3_No Event of Default | Failure to Verify Social Security Number | Failure to Verify Social Security Number | 5 | 3 | The subject loan closed without proper... the Borrower's ability to repay... the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.  According to the origination credit report, the Fraud verification information section was reported a high risk fraud alert and reflected the disclosed social security number was issued in 1996, ten years prior to the subject loan. On 07/22/2010, the Borrower filed a chapter 7 Bankruptcy in the United Stated Bankruptcy Court, Central District of California which revealed the Borrower's social security number was not the social security number used at origination. Furthermore, the post-closing section of the loan file contained the Borrower's 2008 tax returns which further confirmed the Borrower's social security which matched the Bankruptcy filing.  Despite the Seller's representation, there is no validation in the file of the Borrower's Social Security number. | | | 2849286 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | 1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 5 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower stated employment as a Manager of an Arbor company for 11 years. On 07/22/2010, the Borrower filed a chapter seven bankruptcy in the United Stated Bankruptcy Court, Central District of California. Schedule I confirmed the Borrower was employed with the same employer; however, it also revealed the Borrower's position was as a Driver for 15 years.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as Manager for 11 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849286 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 14 | 000000033627621 | 1st | LXS 2007-3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/01/2006, in the amount of $450,000, as a rate and term refinance of an owner occupied single-family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 90% Loan to Value/Combined Loan to Value. There was a Manual approval dated 11/30/2006, in the loan file. | NINENA | $450,000.00 | 2849290 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | 1.04 (b) (xii) LXS 2007-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2007-3_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849290 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/20/2013 3:02:43 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

# Digital Risk - Loan Review Findings

Cowen_Wilmington_Final_Version_489_1

| 15 | 000000033769977 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | | | The subject loan closed on 02/06/2007, in the amount of $299,521.00, as a purchase of an owner occupied single family residence. The loan was approved as SISA, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.52% Debt to Income Ratio (DTI). There was a Manual approval, dated 01/23/2007, in the loan file. | SISA | $299,521.00 | 2849337 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.  Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 37.52% to 157.46%, which exceeds the represented 60% DTI. | | | 2849337 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | 1.04 (b) (xix) LXS 2007-6_DTI  1.04 (c) (v) LXS 2007-6_No Fraud  1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Operations Manager earning $11,000 per month on the loan application. The loan file contained the Borrower's 2006 W-2 as part of the Borrower's post closing loan modification application, which revealed the Borrower's 2006 employment income of $31,520, or $2,627 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income of $2,627 per month yields a DTI of 157.46%, which exceeds the Seller's represented 60% Debt to Income Ratio.  Despite the Seller's representations, the Borrower falsely stated income as an Operations Manager earning $11,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849337 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | 1.04 (c) (v) LXS 2007-6_No Fraud  1.04 (c) (vii) LXS 2007-6_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 4 | 3 | The Borrower misrepresented his ownership of the following assets. The loan file contained a Verification of Deposit, dated 01/23/2007, which reflected a current balance of $39,598, and a two month average balance of $37,859. An audit verification of assets was received from the financial institution, which revealed the Borrower's balance was $3,846, on 02/09/2007, or seven days prior to the subject loan closing.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the amount of assets verified was misrepresented by $34,013. | | | 2849337 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 16 | 000000033806183 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/01/2007, in the amount of $252,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/94.92% Loan to Value/Combined Loan to Value (:TV/CLTV), and a 37% Debt to Income Ratio (DTI). There was a Manual approval, dated 01/18/2007, in the loan file. | Stated | $252,000.00 | 2849341 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.  Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 37% to 277.85%, which exceeds the represented 60% of income. | | | 2849341 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | 1.04 (b) (xix) LXS 2007-6_DTI  1.04 (c) (v) LXS 2007-6_No Fraud  1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner/Operator (Truck Driver) earning $8,400 per month on the loan application. The loan file contained the Borrower's 2006 Tax Return, submitted as part of the Borrower's post closing short sale application, which revealed the Borrower's 2006 income was $13,423, or $1,119 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 277.85%, which exceeds the Seller's represented 60% Debt to Income Ratio.  Despite the Seller's representations, the Borrower falsely stated income as an Owner/Operator (Truck Driver) earning $8,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849341 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate     Run: 3/20/2013 3:02:43 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | ID | | Deal | Rep | Category | Subcategory | | | Description | Doc | Amount | Loan # | Source |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 000000035055128 | 1st | SASC 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/21/2005, in the amount of $171,840.00, as a rate/term refinance of an owner-occupied single-family residence. The loan was approved as a Full Documentation loan, with a 75.00% Loan to Value/Combined Loan to Value, and a 41.42% Debt to Income Ratio (DTI). There was a Manual approval, dated 03/24/2005, in the loan file. The loan file did not contain the HUD-1 to determine the amount of cash-out the Borrower received, or debt which may have been paid-off, at closing. The loan file did not contain sufficient documentation to fully evaluate the underwriting quality of the loan. Included in the loan file was the properly stipulated and approved in adherence with the guidelines of the loan program. The loan file included: the Mortgage Loan Schedule reflecting the subject loan, the Final Application, effective at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, Pre-Payment Penalty Disclosure and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $171,840.00 | 2849638 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | 1.04 (b) (xii) SAS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849638 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | 1.04 (c) (xviii) SAS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849638 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 18 | 000000035069236 | 1st | SASC 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/25/2005, in the amount of $285,000, as a cash out refinance of an owner-occupied single-family residence. The loan was approved as a Full Documentation loan, with a 52.39%/61.59% Loan to Value/Combined Loan to Value, and a 24.66% Debt to Income Ratio (DTI). There was a Manual approval, dated 03/24/2005, in the loan file. The loan file did not contain the HUD-1 in order to determine the amount of cash-out the Borrower received, or debt which may have been paid-off, at closing. | Full | $285,000.00 | 2849639 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | 1.04 (b) (xii) SAS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-6_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849639 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 19 | 000000040077273 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/24/2007, in the amount of $279,950, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 79.99%/99.97% Loan to Value/Combined Loan to Value, and a 24.50% Debt to Income Ratio (DTI). There was a Manual approval, dated 01/25/2007, in the loan file. | Stated | $279,950.00 | 2849358 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income (DTI) in excess of 60%.<br><br>Despite this requirement, a re-calculation of DTI based on the Borrowers' verified income of $0 and net rental income of $285 results in an increase from 24.50% to 1075.59%, which exceeds the represented DTI of 60%. | | | 2849358 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Director of Dispatchers for 3 months, earning $6,500 per month on the loan application. The Co-Borrower falsely stated income as a General Supervisor for 3 months, earning $6,000 per month on the loan application. The loan file contained the Borrowers' same year 2006 tax return, which reflected the Borrower did not receive any income from employment and the Co-Borrower was self-employed as a construction contractor; therefore, the Borrowers' employment and income were misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of debt-to-income (DTI) based on the Borrowers' verified income of $0 and net rental income of $285, yields a Debt to Income Ratio (DTI) of 1,075.59% which exceeds the Seller's represented 60% Debt to Income Ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Director of Dispatchers, earning $6,500 per month on the loan application and the Co-Borrower falsely stated income as a General Supervisor, earning $6,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849358 | Cowen_Wilmington_Final_Version_489_1.xls |

Cowen_Wilmington_Final_Version_489_1

| # | Loan # | Lien | Deal | Code 1 | Finding | Finding Type | | Narrative | Doc Type | Amount | ID | Source |
|---|--------|------|------|--------|---------|--------------|--|-----------|----------|--------|----|--------|
| | | | | 1.04 (c) (v) LXS 2007-6_No Fraud 1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | | The Borrower misrepresented their employment on the loan application. Per the bankruptcy documentation filed [illegible], the Borrower indicated that she was self-employed and the Co-Borrower was self-employed as a Construction Contractor. The Seller represented and warranted that the subject loan would not have a debt to income ratio in excess of [illegible]. Despite the Seller's representations, neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated employment as a Director of Dispatchers for 3 months and the Co-Borrower falsely stated employment as a General Supervisor for 3 months, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849358 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 20 | 00000040261158 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 03/08/2007, in the amount of $512,000, as a cash-out refinance of a 2 unit multi family owner occupied dwelling. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/98.71% Loan to Value/Combined Loan to Value, and a 43.03% Debt to Income Ratio (DTI). There was a Manual approval, dated 03/06/2007, in the loan file. | Stated | $512,000.00 | 2849374 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 3 | The Seller represented and warranted that the subject loan would not have a debt to income ratio in excess of 60%. Despite the Seller's representations, a re-calculation of debt to income based on the Borrower's verified income, results in an increase from 43.03% to 155.15%, which exceeds the represented debt to income ratio of 60%. | | | 2849374 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xix) LXS 2007-6_DTI 1.04 (c) (vii) LXS 2007-6_No Fraud 1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Bus Driver for 2 years and 10 months, earning $4,500 per month. In addition, the Borrower indicated secondary income from self-employment as the Owner of a Cleaning Service for 6 years, earning $5,975 per month. The Borrower indicated net rental income of $900 per month from the second unit of the subject property on the loan application. The loan file contained the Borrower's 2006 post-closing tax returns, which reflected earnings from employment in the amount of $24,936, or $2,078 per month, and net profit earnings from the business in the amount of $4,909, or $409 per month. The Borrower reported $8,332, or $694 per month, in gross rental income. In total, the Borrower's monthly earnings were $3,181. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 155.15%, which exceeds the Seller's represented 60% Debt to Income Ratio. Despite the Seller's representations, the Borrower falsely stated income as a Bus Driver and self employed Owner of a Cleaning Service earning $11,375 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849374 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 21 | 00000040305187 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 03/08/2007, in the amount of $528,000, as a purchase of an owner occupied single family detached property. The loan was approved as a No ratio (No Income/Verified Asset Documentation) loan, with an 80%/100% Loan to Value/Combined Loan to Value. There was a Manual approval dated 03/08/2007, in the loan file. | NIVA | $528,000.00 | 2849376 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (v) LXS 2007-6_No Fraud 1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | The Borrower misrepresented her employment on the loan application. The Lender failed to determine the Borrower's reasonable ability to repay. Per the bankruptcy documentation filed 11/23/2009, the Borrower indicated that she was not self-employed nor had any ownership in any business for the 6 years preceding the filing date of 11/23/2009. The subject transaction took place on 03/08/2007. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of a Catering Service for 10 years, which constituted an event of default under the executed Mortgage or Deed of Trust. | | | 2849376 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (v) LXS 2007-6_No Fraud 1.04 (c) (vii) LXS 2007-6_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | The Borrower misrepresented her intent to occupy the subject property. Per the bankruptcy documentation filed 11/23/2009, the Borrower indicated that her address was the same address as listed on the final loan application as being the current residence. Further, as per section 15 of the bankruptcy documentation, the Borrower indicated that she did not reside at any other address within the 3 years preceding 11/23/2009. The subject transaction took place on 03/08/2007. The temporary payment coupon for the subject transaction reflected the Borrower's mailing address as the same address as the disclosed address that borrower listed on the loan application as the current residence. In addition, the mailing address certification in the loan file, signed by the Borrower on 03/12/2007 reflects that the mailing address is also the same as the address listed on the final loan application as the current residence. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849376 | Cowen_Wilmington_Final_Version_489_1.xls |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 22 | 123000614 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/13/2006, in the amount of $315,398, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 32.50% debt-to-income. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file; however, the loan file contained an undated transmittal summary. | Stated | $315,398.00 | 2849320 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (v) LXS 2007-3_No Fraud | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | | 1 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of a computer consulting earning $11,800 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Central District of California Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated 08/15/2012, the Borrower had not been self-employed for the prior 6 years; therefore, the Borrower's self-employment was misrepresented. Additionally, the loan file contained the Borrower's near year tax return for 2008 which did not reflect the Borrower as being self-employed; therefore, the Borrower did not have any income from the stated business. | | | 2849320 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (vii) LXS 2007-3_No Event of Default | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | | |
| | | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | | |
| | | | | | | | | | Despite the Seller's representations, the Borrower falsely stated income as an Owner of computer consulting business earning $11,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | |
| | | | | 1.04 (c) (v) LXS 2007-3_No Fraud | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | | 2 | The Borrower misrepresented her employment on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Central District of California Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated 08/15/2012, the Borrower had not been self-employed for the prior 6 years; therefore, the Borrower's self-employment was misrepresented. Additionally, the loan file contained the Borrower's near year tax return for 2008, which did not reflect the Borrower as being self-employed. The origination credit report did not reflect the Borrower had an employment history as being self-employed. | | | 2849320 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (vii) LXS 2007-3_No Event of Default | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | | |
| | | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | | |
| | | | | | | | | | Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a computer consulting business for 10 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | | |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 23 | 11477734 | 1st | SASC 2004-16XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/02/2002, in the amount of $251,765. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did not contain any critical documentation for the file that was represented on the data Tape by the Seller. All the documents in the loan file are post-closing documents. | Unknown | $251,765.00 | 2849458 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xii) SAS 2004-16XS_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. | | | 2849458 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (xii) SAS 2004-16XS_Mortgage File | | | | | The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA). | | | | |
| | | | | 1.04 (c) (xvii) SAS 2004-16XS_Origination Practices | | | | | Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | | |
| | | | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | |
| | | | | 1.04 (b) (xii) SAS 2004-16XS_Compliance with Applicable Law - Deemed MnA | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file. | | | 2849458 | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (xvii) SAS 2004-16XS_Origination Practices | | | | | The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. | | | | |
| | | | | | | | | | Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | |
| | | | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/20/2013 3:02:43 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Wilmington_Final_Version_489_1

| | | | | | Finding Category | Finding | | | Finding Detail | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 1.04 (b) (xii) SAS 2004-16XS_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2004-16XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849458 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | 1.04 (c) (xviii) SAS 2004-16XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5  3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849458 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 24 | 16050502 | 1st | SASC 2003-36XS | | | Loan Summary | Loan Summary | 0  0 | The subject loan closed on 07/07/2003, in the amount of $312,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and Title Insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $312,000.00 | 2849430 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | 1.04 (b) (xii) 2003-36XS_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2003-36XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1  3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849430 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | 1.04 (b) (xii) SAS 2003-36XS_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2003-36XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2  3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849430 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | 1.04 (c) (xviii) SAS 2003-36XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3  3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849430 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |

Cowen_Wilmington_Final_Version_489_1

| 27 | 18624023 | 1st | SASC 2005-2XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/1/2004... The subject loan file was missing credit package, loan approval, loan transmittal summary and appraisal; therefore, unable to determine documentation type and debt to income ratio (DTI). The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $129,600.00 | 2849588 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xii) SAS 2005-2XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-2XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849588 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (xviii) SAS 2005-2XS_Qualified Appraisal | Failure to Provide the Origination Qualified Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849588 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 28 | 18647107 | 1st | SASC 2005-2XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/01/2004, in the amount of $88,000. There was neither an automated underwriting system approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The subject loan file was missing credit package, loan approval, loan transmittal summary and appraisal; therefore, unable to determine documentation type and debt to income ratio (DTI). The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $88,000.00 | 2849590 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xii) SAS 2005-2XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-2XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849590 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (xviii) SAS 2005-2XS_Qualified Appraisal | Failure to Provide the Origination Qualified Appraisal | Failure to Obtain Qualified Appraisal | | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849590 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/20/2013 3:02:43 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Wilmington_Final_Version_489_1

| 29 | 18661181 | 1st | SASC 2005-2XS | Loan Summary | Loan Summary | | | The subject loan closed on 06/24/2004, in the amount of $390,400.00, as a refinance of a non owner occupied attached single family residence located in a condominium project. The loan was approved under writing style. No Income Model was included in the file. The loan was competitively priced and was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application of the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $390,400.00 | 2849591 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (b) (xii) SAS 2005-2XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-2XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849591 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (xviii) SAS 2005-2XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849591 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |
| 30 | 18806588 | 1st | SASC 2005-2XS | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2004, in the amount of $91,700, as a purchase of a non owner occupied detached single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 79.98%/89.96% loan to value/combined loan to value, and a 34.81% debt to income ratio. There was a Manual approval dated 11/17/2004, in the loan file. | Stated | $91,700.00 | 2849592 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | 1.04 (c) (v) SAS 2005-2XS_No Fraud  1.04 (c) (vii) SAS 2005-2XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A review of the Mortgage Electronic Registry System and the audit credit report revealed the Borrowers acquired 5 undisclosed mortgages prior to the subject loan closing of 11/30/2004. On 06/15/2004, the Borrowers obtained an undisclosed first and second mortgage on a property located in Spokane, WA. A first mortgage was obtained in the amount of $106,400 with a monthly payment of $664 and a second mortgage was obtained in the amount of $19,950 with a monthly payment of $199. In 07/30/2004, the Borrowers obtained an undisclosed mortgage on a property located in Avondale, AZ with a loan amount of $109,750 and a monthly payment of $675. In 11/2004, the Borrowers obtained a mortgage on an undisclosed property with a loan amount of $132,660 and a monthly payment of $1,271. In 06/2000, the Borrowers obtained an undisclosed mortgage on an undisclosed property in the amount of $106,400 with a monthly payment of $773.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $3,582 in monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2849592 | | Cowen_Wilmington_Final_Version_489_1.xls |
| | | | | | | | | | | | | | Cowen_Wilmington_Final_Version_489_1.xls |

Cowen_Wilmington_Final_Version_489_1

| 31 | 19091560 | 1st | SASC 2005-2XS | Loan Summary | Loan Summary | | | The subject loan closed on 8/01/2004, in the amount of $152,250.00. It is a purchase of an owner occupied condominium. The loan was approved as a Full documentation, with a 85.00% loan to value/combined loan to Value, and a 32.54% Debt to Income Ratio. There was a manual approval dated 09/22/2004, in the loan file. | Full | | $152,250.00 | 2849594 | | Cowen_Wilmingt on_Final_Version_489_1.xls |
| | | | 1.04 (b) (xii) SAS 2005-2XS_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

The disclosed finance charge ($217,478.92) is ($350.00) below the actual finance charge ($217,828.92). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).

Despite the Seller's representations, Annual Percentage Rate (APR) and/or points and fees were not adequately disclosed to the Borrower.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2849594 | | Cowen_Wilmingt on_Final_Version_489_1.xls |
| | | | | | | | | | | | | | | Cowen_Wilmingt on_Final_Version_489_1.xls |
| 32 | 19561562 | 1st | SASC 2005-2XS | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/17/2004, in the amount of $213,600, as a purchase of a non owner occupied multi family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% loan to value/combined loan to value (LTV/CLTV), and a 6.91% debt to income ratio (DTI). There was a Manual approval dated 12/15/2004, in the loan file. | Stated | | $213,600.00 | 2849596 | | Cowen_Wilmingt on_Final_Version_489_1.xls |
| | | | 1.04 (c) (v) SAS 2005-2XS_No Fraud

1.04 (c) (vii) SAS 2005-2XS_No Event of Default | Misrepresentatio n of Debt Obligations - With Red Flags Present | Misrepresentati on of Debt Obligations | | 1 | The Borrower misrepresented her debt obligations. An audit credit report, revealed the Borrower had purchased 2 investment properties the same day the subject loan closed. The Borrower opened a new mortgage for each property, the first mortgage on the first property was opened, in the amount of $216,800, with a monthly payment of $1,602. The second property had a mortgage opened, in the amount of $193,600, with a monthly payment of $1,468. The two new mortgages were opened on 12/17/2004, which closed on the same day as the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $3,070 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | | 2849596 | | Cowen_Wilmingt on_Final_Version_489_1.xls |
| | | | | | | | | **Grand Total of Repurchase Demand** | | | **$8,250,284.00** | | | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 30752174 | 1st | SASC 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/12/2005, in the amount of $247,500, as a cash out refinance of an owner occupied Single Family Residence (SFR). The loan was approved as a Stated Income/Verified Asset loan, with a 75% Loan to Value/Combined (LTV/CLTV), and a 36.34% Debt to Income (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $247,500.00 | 2848836 | |
| . | | | | 1.04 (c) (v) SAS 2005-15_No Fraud  1.04 (c) (vii) SAS 2005-15_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated gross rental income as $6,250 per month for 5 rental properties owned; however, the Borrower misrepresented occupancy of the subject property and occupied a rental property after the subject loan closing date of 05/12/2005 and the monthly rental income of $1,250 was not valid. The re-calculation of negative net rental income increased from $85 to $1029 per month. Net rental income is calculated at a 75% vacancy factor by multiplying the gross rental income by .75 and subtracting the mortgage payments and any housing expense items such as taxes, and insurance.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated rental income as $1,250 per month for an investment property on the loan application for a rental property, which was actually occupied by the Borrower, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848836 | |
| . | | | | 1.04 (c) (v) SAS 2005-15_No Fraud  1.04 (c) (vii) SAS 2005-15_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records and utility records indicated the Borrower occupied a disclosed rental property from 05/2002 to 01/2013. Public records indicated other individuals occupied the subject property from 09/2005 to 06/2007.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848836 | |
| 2 | 30777627 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/18/2005, in the amount of $424,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% loan-to-value/combined loan-to-value, and a 43.59% debt-to-income ratio. There was a Manual approval dated 05/18/2005, in the loan file. | Stated | $424,000.00 | 2848490 | |
| . | | | | 1.04 (c) (v) LXS 2005-1_No Fraud  1.04 (c) (vii) LXS 2005-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit report revealed an undisclosed installment debt was obtained in 05/2005, the same month as the subject loan closing on 05/18/2005, with a loan amount of $5,000 and a monthly debt of $174.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $174 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848490 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 2:34:42 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wilmington NA_Final_Version_19

| # | Loan ID | Lien | Deal | Finding Code | Category | Category | | | Description | Doc Type | Amount | ID |
|---|---------|------|------|--------------|----------|----------|---|---|-------------|----------|--------|-----|
| 3 | 30856868 | 1st | SASC 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/28/2005, in the amount of $675,000 as a cash out refinance of a primary single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 75% Loan to Value, and a 39.14% Debt to Income ratio. There was a Manual approval dated 05/05/2005, in the loan file. | Stated | $675,000.00 | 2848858 |
| . | | | | 1.04 (c) (v) SAS 2005-17_No Fraud<br><br>1.04 (c) (vii) SAS 2005-17_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Real Estate Broker earning $12,000 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2005 Personal tax return, which revealed the Borrower's adjusted gross income was $26,555, or $2,213 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Real Estate Broker earning $12,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848858 |
| 4 | 31281496 | 1st | SASC 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/18/2005 in the amount of $111,200. There was neither an Automated Underwriting System (AUS) nor Manual approval in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Title Insurance, Final HUD-1, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $111,200.00 | 2848865 |
| . | | | | 1.04 (b) (xii) SAS 2005-17_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (vii) SAS 2005-17_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL statement.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848865 |
| . | | | | 1.04 (c) (xviii) SAS 2005-17_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848865 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 2:34:42 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wilmington NA_Final_Version_19

| 5 | 31512692 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/26/2005, in the amount of $94,400, as a purchase of a non-owner occupied Single Family Residence (SFR) located in a Planned Unit Development (PUD). The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44% Debt to Income Ratio (DTI). There was a Manual approval dated 08/25/2005, in the loan file. | Full | $94,400.00 | 2848587 |
| . | | | | 1.04 (c) (v) LXS 2005-6_No Fraud  1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Research of public records and the Audit Credit Report indicated the Borrowers purchased 3 undisclosed properties and refinanced their primary residence without disclosing the transactions at the time of origination. The Borrowers acquired a new first mortgage for their primary residence in the amount of $387,500 with a monthly payment of $2,542 on 06/07/2005, 79 days prior to the subject loan closing of 08/26/2005. A first and second mortgage with monthly payments of $1,811 and $209 were paid off; however, the new mortgage payment increased the primary residence obligation by $522 per month. The Borrower also acquired a first and a second mortgage on an undisclosed property in the amounts of $80,000 and $20,000 with monthly payments of $541 and $213, on 08/17/2005, 9 days prior to the subject loan closing. The Borrowers also acquired two first and two second mortgages on 2 other undisclosed properties on 08/30/2005, 4 days after the subject loan closing, in the amounts of $91,600, $32,900, $103,763, and $24,900 with calculated monthly payments using the subject mortgage interest rates for the first and second, at $656, $199, $743 and $216.

The Seller represented and warranted, in part, that no document submitted for loan review was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of default and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $3,090 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848587 |
| 6 | 31553936 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/12/2005, in the amount of $343,798, as a purchase of a non-owner occupied Single Family Residence (SFR) located in a Planned Unit Development (PUD). The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 70%/90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 08/05/2005, in the loan file. | NIVA | $343,798.00 | 2848590 |
| . | | | | 1.04 (c) (v) LXS 2005-6_No Fraud  1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Co-Borrower misrepresented his debt obligations. Public records and the audit credit report indicated the Co-Borrower purchased an additional property and acquired an undisclosed mortgage on 07/29/2005, 13 days prior to the subject loan closing on 08/12/2005. The mortgage was in the amount of $495,000 with a payment of $3,525 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Co-Borrower misrepresented his debt obligations by failing to disclose a $3,525 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.. | | | 2848590 |
| . | | | | 1.04 (c) (v) LXS 2005-6_No Fraud  1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. The Bankruptcy petition records filed on 06/28/2007 indicated the Borrower was also self-employed at the time of the subject loan closing on 08/12/2005 as the Owner of a property investment company. Public records indicated the business was incorporated on 05/23/2005, 2.5 months prior to the subject closing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment only as a Patent Examiner for 3 years and no self employment, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848590 |

Cowen_Wilmington NA_Final_Version_19

| # | Loan | Lien | Deal | Rep | Finding | Category | | | Findings | Doc Type | Amount | Loan # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 31562531 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/29/2005, in the amount of $119,650, as a purchase of a non-owner occupied Single Family Residence (SFR) located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/ Verified Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.74% Debt to Income Ratio (DTI). There was a Manual approval dated 08/25/2005, in the loan file. | Stated | $110,407.00 | 2848593 |
| . | | | | 1.04 (c) (v) LXS 2005-6_No Fraud  1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records and the Audit Credit Report revealed the Borrower purchased an undisclosed additional property on 08/31/2005, 2 days after the subject loan closing on 08/29/2005, and acquired 2 mortgages on the undisclosed property in the amounts of $102,991 and $25,748 with payments of $917 and $226.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,143 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848593 |
| . | | | | 1.04 (c) (v) LXS 2005-6_No Fraud  1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application as the Owner of 1 business for 15 years. Research of public records revealed the Borrower owned 2 additional self-employed businesses, which were not disclosed at origination.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as the Owner of 1 business for 15 years, and did not disclose additional self employment, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848593 |
| 8 | 31772411 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 9/22/2005, in the amount of $260,950, as a purchase of an owner occupied, single-family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 24.44% Debt to Income (DTI). There was a Manual approval dated 9/22/2005, in the loan file. | SISA | $260,950.00 | 2848356 |
| . | | | | 1.04 (c) (v) LMT 2006-1_No Fraud  1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her employment on the loan application. The Borrower stated on the loan application that they were a self-employed Realtor for 2.3 years, earning $11,666 per month. The loan file contained a post-closing income documentation including the Borrower's 2009 tax return, which reflected a 5 year tax history from 2005 through 2009. The Borrower's household income for 2005 was $117,572, or $9,797 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a self-employed Realtor earning $11,666 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848356 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 5/31/2013 2:34:42 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 9 | 31783715 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/10/2005, in the amount of $367,500, for a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset with a 75%/75% loan to value/combined loan to value and a 45% debt to income ratio. There was a Manual approval, dated 10/10/2005 in the loan file. | Stated | $367,500.00 | 2848630 |
| | | | | 1.04 (c) (v) LXS 2005-8_No Fraud<br><br>1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income in Operations Support for seven years, earning $6,950 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the District of Nevada Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 04/16/2009, the Borrowers' joint annual income for the year of the subject loan closing of 2005 was $58,756, or $4,896 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Operations Support earning $6,950 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848630 |
| 10 | 31952856 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/31/2005, in the amount of $58,000. The loan was approved with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) approval nor a Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, title commitment, hazard insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $58,000.00 | 2848380 |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a Truth in Lending statement (TIL).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848380 |
| | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848380 |

| 11 | 32042574 | 1st | LXS 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/04/2005, in the amount of $34,850.00 as a purchase of a non-owner occupied, 2-unit property. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28.08% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | | $34,850.00 | 2848648 |
| . | | | | 1.04 (c) (v) LXS 2006-1_No Fraud 1.04 (c) (vii) LXS 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and public records obtained through the Mortgage Electronic Registry System (MERS), the Borrower had 5 undisclosed mortgages and 1 undisclosed installment debt prior to or within 30 days of the subject property's origination on 12/01/2005. The Borrower refinanced his primary residence on 12/20/2005 and obtained a new first mortgage in the amount of $650,000 with a monthly payment of $2,708 and second mortgage in the amount $92,500 with a payment of $385. The Borrower also obtained a mortgage on a property located in Buffalo, NY on 12/01/2005, which was previously owned free and clear. The Borrower opened a mortgage in the amount of $36,000 with a monthly payment of $454. The Borrower also purchased 2 additional properties located in Buffalo, NY. The Borrower obtained a mortgage in the amount of $23,400 on 12/01/2005 with a monthly payment of $98. The second property was attached to a mortgage opened in 08/2005 in the amount of $175,000 with a monthly payment of $729. Lastly, the Borrower opened a new auto loan in 09/2005 for $16,000 and a payment of $412 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $4,786 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848648 |
| 12 | 32358285 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/18/2006, in the amount of $76,000 as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset with an 80%/100% loan to value/combined loan to value and a 39% debt to income ratio. There was a Manual approval, dated 01/11/2006 in the loan file. | Stated | | $76,000.00 | 2848705 |
| . | | | | 1.04 (c) (v) LXS 2006-5_No Fraud 1.04 (c) (vii) LXS 2006-5_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Per public records obtained through the Mortgage Electronic Registry System and the audit credit report, the Borrower failed to disclose two mortgage loans in the amount of $76,000 and $19,000 and monthly payments of $649 and $156, which closed on 01/27/2006 for a property located in the Detroit, MI.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $805 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. | | | | 2848705 |
| . | | | | 1.04 (c) (v) LXS 2006-5_No Fraud 1.04 (c) (vii) LXS 2006-5_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her stated income. The Borrower falsely stated income as a Customer Account Manager for 8 years, earning $3,700 per month on the loan application. Per an audit re-verification of employment, the Borrower's earnings for the year of 2007 were $31,090, or $2,590 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer and in the same position.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Customer Account Manager earning $3,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. | | | | 2848705 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) LXS 2006-5_No Fraud<br><br>1.04 (c) (vii) LXS 2006-5_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. Per public records obtained through Accurint, the Borrower maintained a utility account at the Borrower's departing address at origination from 06/2005 through 09/2012. Further, public records evidenced the Borrower never opened a utility account at the subject property and a driver's license was never issued the subject address.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848705 |
| 13 | 32731697 | 1st | LXS 2006-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/03/2006, in the amount of $112,000, as a purchase of a non-owner occupied, condominium. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.59% Debt to Income Ratio (DTI). There was a Manual approval dated 03/31/2006, in the loan file. | Full | $112,000.00 | 2848739 |
| . | | | | 1.04 (b) (xvii) LXS 2006-9_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 44.59% to 526.05%, which has a significant impact on the Borrower's reasonable ability to repay the subject loan. | | | 2848739 |
| . | | | | 1.04 (b) (xvii) LXS 2006-9_DTI<br><br>1.04 (c) (v) LXS 2006-9_No Fraud<br><br>1.04 (c) (vii) LXS 2006-9_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and public records obtained through the Mortgage Electronic Registry System (MERS), the Borrower had 9 undisclosed mortgages at the time of the subject property's origination on 04/03/2006. The Borrower purchased a property located in Kenner, LA on 01/27/2006 and opened a first mortgage in the amount of $236,000 with a monthly payment of $2,197 and a second mortgage for $59,000 with a payment of $664 per month. The Borrower purchased 3 properties also located in Kenner, LA on 06/23/2005 and opened a first mortgage for $233,504 with a monthly payment of $1,350 and a second mortgage of $55,876 with a payment of $537 per month, for each of the 3 properties. The Borrower also obtained a mortgage in the amount of $135,000 with a monthly payment of $1,451 in 03/2006 with an undisclosed property location.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's undisclosed debt yields a DTI of 526.05%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrowers misrepresented her debt obligations by failing to disclose $9,973 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848739 |
| 14 | 32854044 | 1st | LXS 2006-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/12/2006, in the amount of $119,250, as a purchase of a non-owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 78%/95% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 39% Debt to Income Ratio (DTI). There was a Manual approval dated 05/12/2006, in the loan file. | Stated | $119,250.00 | 2848751 |
| . | | | | 1.04 (c) (v) LXS 2006-9_No Fraud<br><br>1.04 (c) (vii) LXS 2006-9_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a self-employed Real Estate Investor/Sports Official for 10.1 years. Research of public records revealed the Borrower filed a Chapter 13 Bankruptcy on 12/14/2011, with the Western District of Washington. The petition included a Schedule I, which revealed the Borrower was employed with the military reserves with an occupation in Funeral Honors since 1982, which was not listed on the loan application or in the loan file and covers the year of the subject loan closing in 2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Real Estate Investor/Sports Official for 10.1 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848751 |

| 15 | 33209883 | 1st | LXS 2006-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/24/2006, in the amount of $288,000, as a cash out refinance of an owner occupied Single Family Residence (SFR). The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.86% Debt to Income Ratio (DTI). There was a Manual approval dated 08/17/2006, in the loan file. | SISA | $288,000.00 | 2848678 |
| . | | | | 1.04 (b) (xvii) LXS 2006-17_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 42.86% to 65.18%, which has a significant impact on the Borrower's reasonable ability to repay the subject loan. | | | 2848678 |
| . | | | | 1.04 (b) (xvii) LXS 2006-17_DTI<br><br>1.04 (c) (v) LXS 2006-17_No Fraud<br><br>1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Sales Director earning $8,800 per month on the loan application. The loan file contained the post closing income documentation including the Borrower's 2006 tax return, which revealed the Borrower earned $5,747 per month the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 65.18%, which exceeds the Seller's represented 60% Debt to Income Ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Sales Director earning $8,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848678 |
| 16 | 33256181 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/30/2006, in the amount of $25,100, as a purchase of an owner occupied Single Family Residence (SFR). The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 20.74%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 08/29/2006, in the loan file. | NIVA | $25,100.00 | 2849104 |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Public records, Bankruptcy records, and the audit credit report indicated the Borrower acquired and owned undisclosed properties prior to the subject loan closing of 08/30/2006. The Borrower purchased a property on 06/15/2006, 2.5 months prior to the subject closing on 08/30/2006, and acquired a first mortgage in the amount of $86,250 with a payment of $548 per month and a second mortgage in the amount of $23,000 with a payment of $260 per month. The Borrower also acquired a mortgage on 03/22/2006 in the amount of $31,120 with a monthly payment of $270. The Audit Credit Report also indicated the Borrower acquired an undisclosed student loan in the amount of $19,470 in 08/2006, same month of the subject loan closing, with a monthly payment of $173.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $1,251 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849104 |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment a Teacher for 9 years on the loan application. The audit re-verification of employment was obtained, which revealed the Borrower was a Classroom Assistant.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file of the Borrower being an accredited Teacher. The loan application indicated the Borrower was employed as a Teacher and the Verbal VOE indicated the Borrower was a Teacher's Assistant. Inconsistency of employment position is a red flag for potential misrepresentation.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Teacher for 9 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849104 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 3 | The Borrower misrepresented her intent to occupy the subject property. Bankruptcy Petition Records filed 08/26/2009 and public records indicated the Borrower did not occupy the subject property after the closing date of 08/30/2006. Public records indicated the Borrower remained at the departing residence from 2005 to 06/2009 and other individuals occupied the subject property from 07/2006 to 11/2010. The Bankruptcy petition records obtained through Pacer indicated on Section 15 that the Borrower did not occupy the subject property during the prior 3 years of the Bankruptcy filing date of 08/26/2009<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849104 |
| 17 | 33432352 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 10/19/2006, second lien, in the amount of $58,847, as a purchase of a second home single family residence, located in a planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with a 30%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 27.00% Debt to Income Ratio (DTI). There was a Manual approval dated 10/17/2006, in the loan file. | Stated | $58,847.00 | 2849118 |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and a search of public records conducted through the Mortgage Electronic Registry System, the Borrower purchased an undisclosed property located in Kissimmee, FL, 6 days prior to the subject loan closing on 10/19/2006. The Borrower obtained a first mortgage in the amount of $220,976 with a monthly payment of $1,289 and a second mortgage of $41,433 with a monthly payment of $452.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented his debt obligations by failing to disclose $1,741 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849118 |
| 18 | 33484890 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 11/01/2006, in the amount of $45,900, as a purchase of an owner occupied Single Family Residence (SFR) located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Stated Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.54% Debt to Income Ratio (DTI). There was a Manual approval dated 10/16/2006, in the loan file. | SISA | $45,900.00 | 2849123 |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Failure to Verify Social Security Number | Failure to Verify Social Security Number | 1 3 | Research of public records indicated the Social Security Number was associated with another individual. The data associated with the Borrower's Social Security Number could not properly be evaluated to determine residency, employment, public records, and debts, due to the multiple associations with other individuals to the same Social Security Number.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representation, there is no validation in the file of the Borrower's Social Security Number. | | | 2849123 |

| # | Loan # | Lien | Deal | | | | | Findings | Doc Type | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Carpenter earning $6,500 per month on the loan application. A written reverification of employment obtained from the Borrower's employer revealed the Borrower earned $5,413 per month in 2006 the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Carpenter earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849123 |
| 19 | 35239581 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/12/2005, in the amount of $76,000, as a purchase of a non-owner occupied Single Family Residence (SFR). The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 63.99% Debt to Income Ratio (DTI). There was a Manual approval dated 05/10/2005, in the loan file. | Full | $76,000.00 | 2848491 |
| . | | | | 1.04 (c) (v) LXS 2005-1_No Fraud<br><br>1.04 (c) (vii) LXS 2005-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records and the Audit Credit Report reflected the Borrower purchased an undisclosed property on 05/06/2005, 6 days prior to the subject loan closing, and acquired 2 mortgages in the amount of $128,000 and $32,000 with estimated payments of $939 and $320 per month. The origination credit report contained 12 loan inquiries. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,259 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848491 |
| 20 | 35445246 | 1st | SASC 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/16/2005, in the amount of $119,920, as a purchase of an owner occupied, 4-unit residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.69% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $119,920.00 | 2848852 |
| . | | | | 1.04 (b) (xii) SAS 2005-15_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-15_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848852 |
| | | | | 1.04 (c) (v) SAS 2005-15_No Fraud<br><br>1.04 (c) (vii) SAS 2005-15_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 2 | 3 | The Borrower misrepresented his ownership of assets. The Borrower indicated on the loan application assets in the amount of $17,001. An audit Verification of Deposit was obtained from the same financial institution indicated on the loan application, which confirmed the Borrower was not an account holder on the account.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the amount of assets disclosed was misrepresented by $17,001, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848852 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | | 1.04 (c) (v) SAS 2005-15_No Fraud<br><br>1.04 (c) (vii) SAS 2005-15_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower listed a Chapter 7 Bankruptcy on 03/15/2007 with the United States Bankruptcy Court, Eastern District of Washington. The Borrower listed his departing residence on the bankruptcy documents as being located in College Place, WA, which is the same address listed as the Borrower's current address on the loan application. The Statement of Financial Affairs included in the bankruptcy documents required the Borrower to list The Borrower misrepresented his intent to occupy the subject property. The Borrower filed a Chapter 7 Bankruptcy on 03/15/2007 with the United States Bankruptcy Court, Eastern District of Washington. The Borrower listed his departing residence on the bankruptcy documents as being located in College Place, WA, which is the same address listed as the Borrower's current address on the loan application. The Statement of Financial Affairs included in the bankruptcy documents required the Borrower to list any occupied residence in the 3 years prior to the bankruptcy filing, or in this case 03/15/2004. The Borrower did not list any other occupied residences; therefore, the Borrower lived at College Place, WA from 03/15/2004 to 03/15/2007, and did not occupy the subject which was a purchase of a primary residence.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848852 | |
| . | | | | | 1.04 (c) (xviii) SAS 2005-15_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848852 | |
| 21 | 35842038 | 1st | LXS 2005-6 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/29/2005 in the amount of $313,120 as a purchase of an investment multifamily residence. The loan was approved as a Full Documentation with an 80%/100% loan to value/combined loan to value and a 45% debt to income ratio. There was a Manual approval, dated 07/20/2005 in the loan file. | Full | $313,120.00 | 2848600 | |
| . | | | | | 1.04 (c) (v) LXS 2005-6_No Fraud<br><br>1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented the debt obligations. Per public records obtained through MERS and the audit credit report, the Borrowers failed to disclose four mortgage loans which were opened prior to the subject loan closing. On 04/29/2005, the Borrowers obtained a first and second mortgage of $280,000 and $70,000 with monthly payments of $1,614 and $538 for property located in Clermont, FL. In addition, on 06/23/2005, the Borrowers obtained a first and second mortgage in the amounts of $276,000 and $69,000 with monthly payments of $1,380 and $536 for property located in Newark, NJ. The subject loan closed on 07/29/2005. The origination credit report evidenced three inquiries for the Borrower in the past 90 days which the Underwriter failed to investigate and was a red flag to the Underwriter the Borrower's debt was misrepresented at origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $4,068 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848600 | |
| . | | | | | | | | | | | | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 2:34:42 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 22 | 35951045 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/28/2005, in the amount of $125,000, as a purchase of a non-owner occupied condominium. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 18.66% Debt to Income Ratio (DTI). There was a Manual approval dated 07/25/2005, in the loan file. | Full | $128,000.00 | 2848554 |
| . | | | | 1.04 (c) (v) LXS 2005-3_No Fraud<br><br>1.04 (c) (vii) LXS 2005-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Per the audit credit report and public records obtained through the Mortgage Electronic Registry System (MERS), the Borrowers had 7 undisclosed mortgages within 30 days of the subject property's origination on 07/28/2005. The Borrowers purchased 3 properties located in Baton Rouge, LA. The Borrowers purchased the first property on 07/28/2005 and opened a first mortgage in the amount of $124,000 with a monthly payment of $793. The second property was purchased on 08/03/2005 and a first mortgage was obtained in the amount of $116,000 with a monthly payment of $737 and a second mortgage of $29,000 with a payment of $278. The third property was purchased on 08/18/2005 and a mortgage in the amount of $137,750 with a monthly payment of $1,105 was obtained. The Borrowers also obtained a mortgage in the amount of $128,000 with a monthly payment of $765 and a mortgage for $32,000 with a monthly payment of $133 in 08/2005. Both of these mortgages were attached to an undisclosed property location.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $4,033 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848554 |
| 23 | 38271243 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/14/2006, in the amount of $31,340, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.22% Debt to Income Ratio (DTI). There was a Manual approval dated 06/13/2006, in the loan file. | Stated | $31,340.00 | 2849062 |
| . | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Upholstery Trimmer earning $6,200 per month on the loan application. The Bankruptcy petition records filed 05/22/2008 indicated the Borrower earned $2,989 per month, for 2006, the year the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Upholstery Trimmer earning $6,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849062 |
| 24 | 39049820 | 1st | LXS 2006-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/05/2006, in the amount of $246,200, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 42.40% Debt to Income Ratio. There was a Manual approval dated 09/05/2006, in the loan file. | Full | $246,200.00 | 2848690 |
| . | | | | 1.04 (b) (xvii) LXS 2006-17_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio (DTI) based on the Borrower's verified income and re-calculated debt results in an increase from 41.43% to 110.84%. | | | 2848690 |
| . | | | | 1.04 (b) (xvii) LXS 2006-17_DTI | Improper Calculation of Debts | Improper Calculation of Debts | 2 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Monthly debts of $2,487 were used by the Lender to determine the Debt to Income Ratio (DTI). The following facts support the proper calculation of debts: The loan application reflected 2 installment accounts and 2 revolving accounts, with a total monthly payment of $727, which were to be paid in full at closing. According to the final HUD-1 in the loan file, these 4 accounts were not satisfied and the monthly obligation of $727 should have been included in the debt calculation. The correct recalculation results in a monthly debt of $3,214.<br><br>Despite the Seller's representations, a review of the loan file revealed the Lender failed to accurately calculate the Borrower's debts, which resulted in a recalculation of DTI based on the Borrower's proper debt calculation yielding a DTI of 110.84%. | | | 2848690 |

| 25 | 40612285 | 1st | LXS 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 5/14/2007, in the amount of $456,000 for a purchase of an owner occupied single-family residence. The loan was approved as a stated income verified assets loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 44.89% Debt to Income. There was a manual approval dated 5/14/2007, in the loan file. | Stated | $456,000.00 | 2848763 |
| . | | | 1.04 (b) (xix) LXS 2007-11_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 44.89% to 360.63%. | | | 2848763 |
| . | | | 1.04 (b) (xix) LXS 2007-11_DTI

1.04 (c) (v) LXS 2007-11_No Fraud

1.04 (c) (vii) LXS 2007-11_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Per public records through Sitex.com and an audit credit report the Borrower had purchased a property in Seattle, WA on 4/21/2006. The Borrower acquired the loan in the amount of $367,200 with a 6.87% rate. In addition, on 6/11/2007, the Borrower refinanced the property for $975,000 with a monthly payment of $6,339.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 360.63% which exceeds the Seller's represented Debt to income ratio of 60%.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $6,339 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848763 |
| . | | | 1.04 (b) (xix) LXS 2007-11_DTI

1.04 (c) (v) LXS 2007-11_No Fraud

1.04 (c) (vii) LXS 2007-11_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 5 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as Owner of a Pizza Restaurant earning $18,000 per month on the loan application. The loan file contained post-closing 2006 tax return, which revealed the Borrower had earned $47,918, or $3,993 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 360.63%, which exceeds the Seller's represented Debt to income ratio of 60%.

Despite the Seller's representations, the Borrower falsely stated income as Owner of a Pizza Restaurant earning $18,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848763 |
| . | | | | | **Grand Total of Repurchase Demand** | | | | | | $4,823,282.00 | |

.
.
.

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 2:34:42 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

28

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 19256460 | 1st | SASC 2004-23XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/28/2004, in the amount of $72,400. There was neither an Automated Underwriting System Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the final HUD-1, note, homeowners insurance and title commitment. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $72,400.00 | 2848800 | |
| . | | | | 1.04 (b) (xii) SAS 2004-23XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-23XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848800 | |
| . | | | | 1.04 (c) (xviii) SAS 2004-23XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848800 | |
| 2 | 30359301 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/25/2005 in the amount of $408,000, as a purchase of a non-owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV) and 18.73% Debt to Income Ratio (DTI). There was a Manual approval dated 01/25/2005, in the loan file. | Stated | $408,000.00 | 2848468 | |
| | | | | 1.04 (c) (v) LXS 2005-1_No Fraud  1.04 (c) (vii) LXS 2005-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. The audit credit report and the Mortgage Electronic Registry System report indicated that the Borrowers opened two undisclosed mortgages in the amount of $287,920 and $71,980 that secured a property located in North Las Vegas on 02/15/2005, or 10 days prior to the subject loan closing date of 02/25/2005. The undisclosed mortgages were calculated using a conservative 5% rate of 30 years and the amount of $287,920 resulted in an undisclosed monthly mortgage payment of $1,589 and the undisclosed mortgage in the amount of $71,980 resulted in an undisclosed monthly mortgage payment of $803. The Borrower has a total of $359,900 in undisclosed mortgages that resulted in a total of $2,392 in undisclosed monthly mortgage payments.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $2,976 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848468 | |
| | | | | 1.04 (c) (v) LXS 2005-1_No Fraud  1.04 (c) (vii) LXS 2005-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Co-Borrower misrepresented her employment on the loan application. Accurint revealed that the Co-Borrower had 2 undisclosed businesses that were opened prior to the subject loan closing on 02/25/2005. The first business was opened from 08/30/2004 through 07/12/2012 and a second business from 10/22/2004 through 01/18/2012, which could have had a negative impact on the Co-Borrowers' stated income of $5,894 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Co-Borrower did not disclose the self-employed businesses owned from 08/2004 through 01/18/2012, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848468 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/25/2013 2:47:52 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan # | | | | | Finding | Finding | | | Details | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 30385892 | 1st | SASC 2005-9XS | | | Loan Summary | Loan Summary | | | The subject loan closed on 04/19/2005, in the amount of $159,920, as a purchase transaction. There was neither an Automated Underwriting System Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $159,920.00 | 2848892 |
| . | | | | 1.04 (b) (xii) SAS 2005-9XS_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2005-9XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848892 |
| . | | | | 1.04 (c) (xviii) SAS 2005-9XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848892 |
| 4 | 30519789 | 1st | SASC 2005-9XS | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/28/2005, in the amount of $101,280, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan with an 80%/100% loan to value/combined loan to value (LTV/CLTV) and a 40.36% debt to income ratio (DTI). There was a Manual approval dated 03/29/2005, in the loan file. | Full | $101,280.00 | 2848896 |
| . | | | | 1.04 (b) (xii) SAS 2005-9XS_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2005-9XS_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The disclosed finance charge ($149,393.86) is ($499.79) below the actual finance charge ($149,893.65). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)). Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848896 |
| 5 | 30563654 | 1st | SASC 2005-9XS | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/30/2005, in the amount of $74,000, as a purchase of a single family investment property. The loan was approved as a Full Documentation loan, with an 80%/100% Loan To Value/Combined Loan To Value, and a 44.87% Debt to Income ratio. There was a Manual approval dated 03/25/2005, in the loan file. | Full | $74,000.00 | 2848897 |
| . | | | | 1.04 (c) (v) SAS 2005-9XS_No Fraud 1.04 (c) (xii) SAS 2005-9XS_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and Mortgage Electronic Registry System, the Borrower purchased an undisclosed property at the time of the subject property's origination on 03/30/2005. The Borrower purchased a property located in Rockford, IL on 04/19/2005 and opened a first mortgage in the amount of $72,000 with a monthly payment of $815 and a second mortgage in the amount of $18,000 and a monthly payment of $185. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,000 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848897 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/25/2013 2:47:52 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

30

| 6 | 30723092 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/14/2005, in the amount of $308,000. There was neither an Automated Underwriting System Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the final HUD, note, homeowners insurance and title commitment. | Unknown | $308,000.00 | 2848557 | |
| . | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA\n\n1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.\n\nThe Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.\n\nPursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848557 | |
| . | | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.\n\nThe Seller represented and warranted, in part, that the appraisal complied with FIRREA.\n\nDespite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848557 | |
| 7 | 30969380 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/14/2005, in the amount of $348,000, as a purchase of a primary detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 29.59% Debt to Income Ratio. There was a Manual Approval dated 07/08/2005, in the loan file. | Stated | $348,000.00 | 2848560 | |
| . | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA\n\n1.04 (c) (xvii) LXS 2005-6_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.\n\nThe Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.\n\nThe disclosed finance charge ($461,771.99) is ($903.44) below the actual finance charge ($462,675.43).The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).\n\nDespite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.\n\nPursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848560 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/25/2013 2:47:52 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| 8 | 31517121 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/24/2005, in the amount of $328,000, as a purchase of a two unit investment property. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan To Value/Combined Loan To Value, and a 42.05% Debt To Income Ratio. There was a Manual approval dated 08/18/2005, in the loan file. | Stated | $328,000.00 | 2848613 | |
| . | | | 1.04 (b) (xii) LXS 2005-8_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2005-8_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The HUD-1 provided in the loan file was missing Section 1400.  The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848613 | |
| . | | | 1.04 (c) (v) LXS 2005-8_No Fraud  1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and Mortgage Electronic Registry System, the Borrower had three undisclosed mortgages at the time of the subject property's origination on 08/25/2005. The Borrower purchased a property in Skokie, IL on 07/11/2005 and opened a first mortgage in the amount of $375,200 with a monthly payment of $2,319 and a second mortgage in the amount of $70,350 with a monthly payment of $627. The Borrower also obtained a mortgage in the amount of $422,500 in 06/2005 with a monthly payment of $2,209 with an undisclosed property location.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $5,155 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848613 | |
| 9 | 31637978 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/09/2005, in the amount of $120,800, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 47.04% debt to income ratio (DTI). There was a Manual approval dated 08/18/2005, in the loan file. | Stated | $120,800.00 | 2848340 | |
| . | | | 1.04 (c) (v) LMT 2006-1_No Fraud  1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. An audit credit report revealed the Borrower opened a second mortgage on the subject property on 10/03/2005, in the amount of $30,000, with a monthly payment of $190.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $190 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848340 | |
| . | | | 1.04 (c) (v) LMT 2006-1_No Fraud  1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as retirement earnings of $4,500 per month on the loan application. Audit research of public records revealed the Borrower filed for Bankruptcy on 09/16/2008. The Statement of Financial Affairs filed with the petition reflected the Borrower had total income in 2006 in the amount of $1,502 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was still Retired.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated retirement income of $4,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848340 | |

| 10 | 31801632 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/19/2005, in the amount of $164,850. There was neither an Automated Underwriting nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the subject Note, Mortgage and HUD-1 Settlement Statement. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $164,850.00 | 2848631 | |
| . | | | | 1.04 (b) (xii) LXS 2005-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848631 | |
| . | | | | 1.04 (c) (xviii) LXS 2005-8_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848631 | |
| 11 | 31807316 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/09/2005, in the amount of $255,600 as a purchase of a second home, single family residence. The loan was delivered as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 42.77% Debt To Income Ratio (DTI). There was neither an Automated Underwriting System Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $255,600.00 | 2848501 | |
| . | | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) LXS 2005-10_Mortgage File<br><br>1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848501 | |
| . | | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848501 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/25/2013 2:47:52 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Wilmington NA_Final_Version_18

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 | 31878846 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/20/2005, in the amount of $382,000, as a cash-out refinance of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Stated Asset loan, with a 79.5833%/90% Loan to Value/Combined Loan to Value, and a 40.40% Debt to Income Ratio. There was a Manual approval dated 10/20/2005, in the loan file. | SISA | $382,000.00 | 2848508 | |
| . | | | | 1.04 (c) (v) LXS 2005-10_No Fraud<br><br>1.04 (c) (vii) LXS 2005-10_No Event of Default | Misrepresentatio n of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Mechanical Installer earning $8,700 per month on the loan application. The loan file contained post-closing documentation, including the Borrower's 2005 joint tax return and revealed gross wages of $53,467, or $4,456 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Mechanical Installer earning $8,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848508 | |
| 13 | 31946981 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/28/2005, in the amount of $200,000, as a purchase of a primary single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan To Value/Combined Loan To Value, and a 44.72% Debt To Income. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | SISA | $200,000.00 | 2848513 | |
| . | | | | 1.04 (c) (v) LXS 2005-10_No Fraud<br><br>1.04 (c) (vii) LXS 2005-10_No Event of Default | Occupancy Misrepresentatio n - With Red Flags Present | Misrepresentatio n of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower filed Chapter 7 Bankruptcy with the United States Bankruptcy Court District of Maryland on 07/30/2008. The Statement of Financial Affairs schedule indicated the Borrower had no prior addresses within the three years preceding the filing. At the time of the filing the Borrower resided at an address in Bel Air, Maryland. The subject property was located in Abingdon, MD.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848513 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/25/2013 2:47:52 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

# Digital Risk - Loan Review Findings
08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 1 - Pg 36 of 250

Cowen_Wilmington NA_Final_Version_18

| # | Loan | Lien | Pool | | Category | Sub-Category | | | Findings | | Doc Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 31982606 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/25/2005, in the amount of $220,360, for purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Assets loan, an 80%/100% Loan to Value/Combined Loan to Value, and a 43.415% Debt to Income Ratio. There was a manual approval dated 10/25/2005, in the loan file. | | Stated | $220,360.00 | 2848391 |
| . | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report the Borrower opened a new auto installment loan in 09/2005 with an estimated monthly payment of $793 based on 3% of the high credit of $26,426.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $793 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | | 2848391 |
| . | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a President of a transportation company earning $6,000 per month on the loan application. The loan file contained post-closing documentation, which reflected the Borrower's 2005 Schedule C net income of $21,983 with depreciation of $13,980 added back for a total of $35,963, or $2,997 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a President of a transportation company earning $6,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2848391 |
| 15 | 32012783 | 1st | LXS 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/15/2005, in the amount of $353,600. There was neither an automated underwriting summary nor a manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | | Unknown | $353,600.00 | 2848646 |
| . | | | | 1.04 (b) (ii) LXS 2006-1_Compliance with Applicable Law - Deemed MnA<br>1.04 (c) (xvii) LXS 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848646 |
| . | | | | 1.04 (c) (xviii) LXS 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848646 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/25/2013 2:47:52 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| # | Loan No | Lien | Deal | | Category | Category | | | Finding | | Amount | ID |
|---|---------|------|------|---|----------|----------|---|---|---------|---|--------|----|
| 16 | 32088429 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/21/2005, in the amount of $650,000, as a Purchase of a primary single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 77.19%/89.90% Loan To Value/Combined Loan to Value, and a 38.98% Debt to Income ratio. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $650,000.00 | 2848699 |
| . | | | | 1.04 (b) (xvii) LXS 2006-5_DTI_Pool 2 | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 38.98% to 76.91%, which exceeds the represented DTI of 60%. | | | 2848699 |
| . | | | | 1.04 (b) (xvii) LXS 2006-5_DTI_Pool 2<br><br>1.04 (c) (v) LXS 2006-5_No Fraud<br><br>1.04 (c) (vii) LXS 2006-5_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Realtor/Builder earning $20,000 per month on the loan application. The Borrower filed Chapter 7 Bankruptcy with the United States Bankruptcy Court Middle District of Georgia on 11/21/2007. The Statement of Financial Affairs document disclosed the Borrower's 2005 Adjusted Gross Income as $225,938 or $18,828 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income (DTI) based on the Borrower's verified income yields a DTI of 76.91%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Realtor/Builder earning $20,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848699 |
| 17 | 32823049 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/27/2006, in the amount of $108,000, as a purchase of a two unit, owner occupied residence. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 37% Debt to Income Ratio. There was a Manual approval dated 04/24/2006, in the loan file. | Stated | $108,000.00 | 2849028 |
| . | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A search of public records conducted through the Mortgage Electronic Registry System revealed the Borrower purchased an additional property on 04/24/2006, in Passaic, NJ. In addition, a mortgage was obtained to facilitate this purchase in the amount of $360,000, with a calculated monthly payment of $3,842. The Borrower also failed to disclose an installment auto loan opened in 03/2006, with a monthly obligation of $713.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file that new credit inquires were investigated or that a public records search was performed.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $4,555 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849028 |
| . | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. According to the Statement of Financial Affairs, filed with the District of New Jersey Bankruptcy Courts on 03/08/2010, the Borrower indicated residing at the departing address listed on the loan application from 06/2003 through 08/2008. The subject loan closed on 04/27/2007. Further, according to a utilities search, the Borrower has never had utilities turned on at the subject address.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849028 |

| # | Loan # | Lien | Deal | Rep | Finding | Finding | | | Narrative | Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 32830614 | 1st | LXS 2006-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/04/2006, in the amount of $67,600 as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan with an 80%/100% loan to value/combined loan to value and 45% debt to income ratio. There was a Manual approval, dated 05/04/2006 in the loan file. | Stated | $67,600.00 | 2848747 |
| . | | | | 1.04 (b) (xvii) LXS 2006-9_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of debt to income (DTI) based on the Borrower's verified income and undisclosed debt results in an increase from 45% to 100.39%, which exceeds the represented debt to income ratio of 60%. | | | 2848747 |
| . | | | | 1.04 (b) (xvii) LXS 2006-9_DTI<br><br>1.04 (c) (v) LXS 2006-9_No Fraud<br><br>1.04 (c) (vii) LXS 2006-9_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report, the Borrower had 3 undisclosed installment loans at the time of the subject property's origination on 05/04/2006. In 01/2006, the Borrower obtained 3 student loans in the amounts of $25,976, $3,175 and $1,160 with monthly payments of $288, $110, and $110.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 100.39%, which exceeds the Seller's represented 60% Debt to Income Ratio.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $508 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848747 |
| . | | | | 1.04 (b) (xvii) LXS 2006-9_DTI<br><br>1.04 (c) (v) LXS 2006-9_No Fraud<br><br>1.04 (c) (vii) LXS 2006-9_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Field Service Worker earning $3,700 per month on the loan application. Per an audit verification of employment obtained through the Borrower's employer, the Borrower's actual earnings for the year of 2006 were $27,751, or $2,312 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income and undisclosed debt yields a DTI of 100.39%, which exceeds the Seller's represented 60% Debt to Income Ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Field Service Worker earning $3,700 on the loan application, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848747 |
| 19 | 33012774 | 1st | LXS 2006-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/30/2006, in the amount of $269,600. There was neither an automated underwriting summary nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $269,600.00 | 2848659 |
| . | | | | 1.04 (b) (xii) LXS 2006-13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) LXS 2006-13_Mortgage File<br><br>1.04 (c) (xvii) LXS 2006-13_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848659 |

Copyright 2013, Digital Risk, LLC.     Internal & Confidential - Do Not Duplicate      Run: 3/25/2013 2:47:52 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wilmington NA_Final_Version_18

**Digital Risk - Loan Review Findings**
08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 1    Pg 39 of 250

| # | Loan # | Lien | Deal | | Issue | Finding | | Rating | | Finding Description | Doc Type | | Balance | Loan ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) LXS 2006-13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-13_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 4 | 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848659 | |
| | | | | 1.04 (b) (xii) LXS 2006-13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-13_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 5 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848659 | |
| | | | | 1.04 (c) (xvii) LXS 2006-13_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 7 | 3 | | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848659 | |
| 20 | 33018094 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 06/27/2006, in the amount of $51,088 as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan with a 20%/100% loan to value/combined loan to value (LTV/CLTV) and 38.39% debt to income ratio (DTI). There was a Manual approval, dated 06/26/2006 in the loan file. | Full | | $51,088.00 | 2849051 | |
| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($126,353.79) is ($1,273.79) below the actual finance charge ($127,627.58). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charges. (12 CFR Sec. 1026.18(d)(1)).<br><br>Despite the Seller's representations, Annual Percentage Rate (APR) and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2849051 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/25/2013 2:47:52 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Wilmington NA_Final_Version_18

| 21 | 33063306 | 1st | LXS 2006-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/19/2006, in the amount of $432,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV). There was an Automated Underwriting System approval dated 06/19/2006, in the loan file. | NINA | NA | $432,000.00 | | 2848664 | |
| . | | | | 1.04 (b) (xii) LXS 2006-13_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2006-13_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 contained in the loan file was incomplete.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | | 2848664 | |
| . | | | | 1.04 (c) (v) LXS 2006-13_No Fraud  1.04 (c) (xii) LXS 2006-13_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. An audit credit report revealed the Borrower had opened an undisclosed mortgage in 04/2006, with a loan amount of $90,000, and a monthly payment of $1,794.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $1,794 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | | | 2848664 | |
| 22 | 33449026 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/12/2006, in the amount of $13,500, as a purchase of a non-owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with a 9.976%/89.969% Loan To Value/Combined Loan To Value, and a 42.78% Debt to Income Ratio (DTI). There was a Manual approval dated 11/17/2006, in the loan file. | Stated | | $13,500.00 | | 2849121 | |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud  1.04 (c) (xii) SAS 2006-S4_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. Research conducted through Accurint revealed that the Borrower owned a total of 4 additional businesses other than the subject business listed on the loan application that reported an open date from 05/2002 through the present, which covers the subject loan closing date of 10/12/2006 and could have had a negative impact on the Borrower's stated income of $30,000.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as Owner of one Construction Company for 30 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | | | 2849121 | |

| # | Lien | Deal | Category | | | | Findings | Narrative | Occ | Amount | Loan # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 23 | 33502543 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 10/24/2006, in the amount of $29,250, as a purchase of an owner occupied Single Family Residence (SFR) located in a Planned Unit Development (PUD). The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NINENA | $29,250.00 | 2849128 |
| | | | 1.04 (c) (v) SAS 2006-S4_No Fraud   1.04 (c) (vii) SAS 2006-S4_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 3 | The Borrower misrepresented his intent to occupy the subject property. Public records and utility records indicated the Borrower remained at the proposed departure address from 07/1997 to 11/2010 and did not occupy the subject property after the closing date of 10/25/2006, as disclosed. Public records indicated other individuals occupied the subject property from 12/2006 to 12/2012.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849128 |
| 24 | 35122795 | 1st | SASC 2005-10 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 04/26/2005, in the amount of $280,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $280,000.00 | 2848827 |
| | | | 1.04 (b) (xii) SAS 2005-10_Compliance with Applicable Law - Deemed MnA   1.04 (c) (xvii) SAS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848827 |
| | | | 1.04 (c) (xviii) SAS 2005-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848827 |
| 25 | 35575620 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 07/07/2005, in the amount of $316,000. There was neither an automated underwriting summary nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $316,000.00 | 2848548 |
| | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA   1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848548 |
| | | | 1.04 (c) (xviii) LXS 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848548 |

Cowen_Wilmington NA_Final_Version_18

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 1   Pg 42 of 250

| 26 | 35925064 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/01/2005, in the amount of $139,200. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $139,200.00 | 2848553 | |
| . | | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848553 | |
| . | | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848553 | |
| . | | | | 1.04 (c) (xviii) LXS 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848553 | |
| 27 | 37363371 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/26/2006 in the amount of $121,564. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed loan application, the Note, HUD-1 Settle Statement and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $121,564.00 | 2848714 | |
| . | | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848714 | |
| . | | | | 1.04 (c) (xviii) LXS 2006-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848714 | |

Cowen_Wilmington NA_Final_Version_18

| # | Loan | Lien | Deal | Finding Cat | Finding | | | Narrative | Doc | Amount | Loan ID |
|---|------|------|------|-------------|---------|---|---|-----------|-----|--------|---------|
| 28 | 37911567 | 2nd | SASC 2006-S3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/05/2006, in the amount of $27,580, as a purchase of second home condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 10%/90% Loan to Value/Combined Loan to Value and a 39.5% Debt to Income Ratio. There was a Manual Approval dated 06/05/2006, in the loan file. | Stated | $27,580.00 | 2849056 |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud / 1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Per the audit credit report and public records the Borrower had an undisclosed mortgage opened on 05/23/2006 in the amount of $840,000 with a monthly payment of $5,600

The Seller represented and warranted, in part, that no document submitted to loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $5,600 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849056 |
| 30 | 38337390 | 1st | LMT 2006-4 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/09/2006, in the amount of $422,500, as a cash-out refinance of a primary detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 65% Loan to Value/Combined Loan to Value, and a 39.86% Debt to Income Ratio (DTI). There was a Manual Approval dated 06/05/2006, in the loan file. | Stated | $422,500.00 | 2848466 |
| | | | | 1.04 (c) (xxii) LMT 2006-4_No Fraud / 1.04 (c) (xxiv) LMT 2006-4_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The loan file contained a Certified Professional Accountant (CPA) letter for the Borrower stating the Borrower's position as a Currency Trader; however, the CPA does not confirm the Borrower was self-employed. Further, this type of position typically requires state licensing; however, there was no evidence in the file that the Lender obtained or requested verification of professional license. Post-closing documentation included the Borrower's 2006 tax returns, which reflected the Borrower was in fact Retired and not self-employed the year of the subject loan closing. Additional research, obtained through Accurint, confirmed the Borrower did not have any registered businesses or any professional license.

The Seller represented and warranted, in part, that no document submitted to loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated self-employment as a Currency Trader for 3 years and 6 months, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848466 |
| . | | | | 1.04 (c) (xxii) LMT 2006-4_No Fraud / 1.04 (c) (xxiv) LMT 2006-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Self-Employed Currency Trader earning $8,333 per month on the loan application. The subject loan closed 06/09/2006. The loan file contained the Borrower's 2006 tax returns, which reflected the Borrower was Retired and earned no income from self-employment.

The Seller represented and warranted, in part, that no document submitted to loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Self-Employed Currency Trader earning $8,333 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848466 |
| 31 | 38972592 | 2nd | SASC 2006-S4 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/31/2006, in the amount of $45,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 15.01%/95% Loan to Value/Combined Loan to Value, and a 37.90% Debt to Income Ratio. There was a Manual approval dated 08/30/2006, in the loan file. | Full | $45,000.00 | 2849138 |
| . | | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849138 |
| | | | | | | | | **Grand Total of Repurchase Demand** | | $6,469,692.00 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/25/2013 2:47:52 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wilmington NA_Final_Version_17

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 30304174 | 1st | SASC 2005-9XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/18/2005, in the amount of $253,600. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1 settlement statement, Hazard Insurance, Title Commitment and the Mortgage. There was no | Unknown | $253,600.00 | 2848890 | |
| . | | | | 1.04 (b) (xii) SAS 2005-9XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-9XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, it was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848890 | |
| . | | | | 1.04 (c) (xviii) SAS 2005-9XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848890 | |
| 2 | 30537922 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/29/2005, in the amount of $35,700. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Commitment, Hazard Insurance, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $35,700.00 | 2848472 | |
| . | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848472 | |
| . | | | | 1.04 (c) (xviii) LXS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848472 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 31071293 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/16/2005, in the amount of $102,000. There was neither an Automated Underwriting System Approval nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $102,000.00 | 2848562 |
| . | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848562 |
| . | | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848562 |
| 4 | 31481997 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/16/2005, in the amount of $110,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1 Settlement Statement, Title Commitment, Hazard Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $110,000.00 | 2848583 |
| . | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848583 |
| . | | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848583 |

Cowen_Wilmington NA_Final_Version_17

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 1   Pg 46 of 250

| 5 | 31537012 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/16/2005, in the amount of $127,200. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $127,200.00 | 2848588 | |
| | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848588 | |
| | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848588 | |
| 6 | 31556178 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/02/2005, in the amount of $399,200. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the note, second lien note, HUD-1, mortgage, title policy and homeowner's insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $399,200.00 | 2848591 | |
| | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848591 | |
| | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848591 | |

| # | | | | | | | | | Finding Detail | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 31556574 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/11/2005, in the amount of $87,691, as a purchase of an investment, detached single family dwelling located in a planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% loan to value/combined loan to value (LTV/CLTV), and a 36.85% debt to income (DTI). There was neither an automated underwriting system approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $87,691.00 | 2848616 |
| | | | | 1.04 (c) (v) LXS 2005-8_No Fraud<br><br>1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. According to the Mortgage Electronic Registry System and the audit credit report, the Borrower acquired an undisclosed property within 30 days after the subject's loan closing on 08/11/2005. The Borrower acquired 2 undisclosed mortgages on 08/22/2005, in the amounts of $86,400 and $21,600, with a combined monthly payment of $830, secured by a property located in Houston, TX.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $830 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848616 |
| | | | | 1.04 (c) (v) LXS 2005-8_No Fraud<br><br>1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Communications Manager earning $8,500 per month on the loan application. The Borrower also stated alimony/child support income of $1,200 per month. The loan file contained post-closing documents, including a financial statement dated 04/14/206, indicating the same employment and position as stated at origination; however, income was revealed as $6,550 per month. The subject loan closed on 08/11/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Communications Manager earning $8,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848616 |
| 8 | 31631930 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/14/2005, in the amount of $252,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1 Settlement Statement, Title Commitment, Hazard Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $252,000.00 | 2848618 |
| | | | | 1.04 (b) (xii) LXS 2005-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848618 |
| | | | | 1.04 (c) (xviii) LXS 2005-8_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848618 |

# Digital Risk - Loan Review Findings
08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 1    Pg 48 of 250

Cowen_Wilmington NA_Final_Version_17

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 31645062 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/06/2005 in the amount of $47,600, as a purchase of an investment property. The loan was approved as a Stated Income/Stated Assets loan with an 80%/100% loan to value/combined loan to value (LTV/CLTV) and a 16.12% debt to income ratio (DTI). There was a Manual approval dated 08/14/2005, in the loan file. | SISA | $47,600.00 | 2848597 |
| | . | | 1.04 (c) (v) LXS 2005-6_No Fraud  1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per public records obtained through Accurint, the Audit Credit Report, and the Mortgage Electronic Registry System, the Borrower failed to disclose the following properties: The Borrower purchased a property in Memphis, TN, on 07/12/2005 with an undisclosed mortgage in the amount of $270,000 and an undisclosed monthly payment of $2,076. The subject loan closed on 09/06/2005. The Borrower purchased an additional property in Memphis, TN, on 08/03/2005. Two loans were obtained in order to finance the purchase of the undisclosed property with loan amounts of $126,000 and $23,625 with undisclosed monthly payments of $892 and $205. The subject loan closed on 09/06/2005. The Borrower also purchased a property in Memphis, TN, on 09/15/2005. Two loans were obtained in order to finance the purchase of the undisclosed property with loan amounts of $55,200 and $13,800 with undisclosed monthly payments of $395 and $157.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $3,725 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848597 |
| 10 | 31704679 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 9/30/2005 in the amount of $320,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 42.77% Debt to Income. There was a Manual approval dated 9/30/2005, in the loan file. | Stated | $320,000.00 | 2848693 |
| | . | | 1.04 (b) (xvii) LXS 2006-5_DTI_Pool 2 | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.  Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 42.77% to 67.90%, which exceeds the represented DTI of 60%. | | | 2848693 |
| | . | | 1.04 (b) (xvii) LXS 2006-5_DTI_Pool 2  1.04 (c) (v) LXS 2006-5_No Fraud  1.04 (c) (vii) LXS 2006-5_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Office Assistant earning $7,300 per month on the loan application. According to the Statement of Financial Affairs on the Bankruptcy petition filed 08/13/2008, by the Borrower with the District of Nevada Bankruptcy Court, the Borrower's income for the year of 2006 was listed as $56,447 or $4,703 per month. The subject transaction closed on 9/30/2005. It is unlikely the Borrower's income would have decreased considering the Borrower was with the same employer in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as an Office Assistant earning $7,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848693 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/25/2013 11:15:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wilmington NA_Final_Version_17

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 11 | 31777782 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 10/07/2005, in the amount of $150,400, as a purchase of an investment single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 44% Debt to Income Ratio. There was a Manual approval dated 10/06/2005, in the loan file. | Full | $150,400.00 | 2848628 |
| . | | | | 1.04 (c) (v) LXS 2005-8_No Fraud<br><br>1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented his debt obligations. The Borrower's debt loan closed on 10/07/2005. A search of public records revealed the Borrower purchased three properties on 10/18/2005 and 10/07/2005, in Kansas City MO, which were not disclosed on the loan application or included in the debt calculation. Six mortgages were obtained, in the same month of the subject closing, to facilitate the purchase of these properties totaling $685,000, with a combined monthly payment of $5,493.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $5,493 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848628 |
| 12 | 32371585 | 1st | LXS 2006-7 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 01/05/2006, in the amount of $144,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 38.90% Debt to Income Ratio. There was a Manual approval dated 01/03/2006, in the loan file. | Stated | $144,000.00 | 2848720 |
| . | | | | 1.04 (b) (xvii) LXS 2006-7_DTI_Pool 2 | DTI Exceeds 60% | DTI Exceeds 60% | 1 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 38.90% to 140.38%, which exceeds the represented DTI of 60%. | | | 2848720 |
| . | | | | 1.04 (b) (xvii) LXS 2006-7_DTI_Pool 2<br><br>1.04 (c) (v) LXS 2006-7_No Fraud<br><br>1.04 (c) (vii) LXS 2006-7_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 3 | The Borrower misrepresented his debt obligations. A search of public records revealed the Borrower obtained a mortgage for an unknown property in the amount of $60,647 in the same month of the subject closing. This mortgage has a calculated monthly obligation of $429, which was not disclosed on the loan application or included in the debt calculation.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose a $429 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848720 |
| . | | | | 1.04 (b) (xvii) LXS 2006-7_DTI_Pool 2<br><br>1.04 (c) (v) LXS 2006-7_No Fraud<br><br>1.04 (c) (vii) LXS 2006-7_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Lab Manager earning $7,000 per month on the loan application. According to the Statement of Financial Affairs filed with the Eastern District of Missouri Bankruptcy Courts, dated 05/17/2007, the Borrower's total income earned for the year ending 2005 was $27,000 or $2,250 per month. In addition, the Borrower also indicated receiving rental income from the previous primary residence. A search of public records revealed the Borrower did not vacate the departing residence, therefore, net rental income was also misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Lab Manager earning $7,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848720 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/25/2013 11:15:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wilmington NA_Final_Version_17

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 1   Pg 50 of 250

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2006-7_No Fraud<br><br>1.04 (c) (vii) LXS 2006-7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 6 | 3 | The Borrower misrepresented his intent to occupy the subject property. According to the Statement of Financial Affairs filed with the Eastern District of Missouri Bankruptcy Courts, dated 05/17/2007, the Borrower indicated residency at the same address listed on the loan application at origination. Further, a search of public records revealed the Borrower has never had utilities connected at the subject address or had the subject address listed as a residence on his Driver's License.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848720 |
| 13 | 32655409 | 1st | LXS 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/02/2006, in the amount of $169,200, as a purchase of a second attached single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 37.49% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | SISA | $169,200.00 | 2848733 |
| | | | | 1.04 (b) (xvii) LXS 2006-7_DTI_Pool 2 | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's undisclosed debt results in an increase from 37.49% to 89.94%, which exceeds the represented DTI of 60%. | | | 2848733 |
| | | | | 1.04 (b) (xvii) LXS 2006-7_DTI_Pool 2<br><br>1.04 (c) (v) LXS 2006-7_No Fraud<br><br>1.04 (c) (vii) LXS 2006-7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. A review of the Borrower's public records and audit credit report revealed the Borrower failed to disclose the following debts: A mortgage opened on 03/2006 in the amount of $129,000 with a monthly payment of $2,618, a mortgage opened on 09/2005 in the amount of $64,400 with a monthly payment of $718, a mortgage opened on 09/2005 in the amount of $51,600 with a monthly payment of $575, a mortgage on 09/2005 in the amount of $231,000 with a monthly payment of $1,440 and a mortgage on 09/2005 in the amount of $206,400 with a monthly payment of $1,290.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $6,641 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848733 |
| | | | | 1.04 (b) (xvii) LXS 2006-7_DTI_Pool 2<br><br>1.04 (c) (v) LXS 2006-7_No Fraud<br><br>1.04 (c) (vii) LXS 2006-7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented his debt obligations. A review of the Borrower's public records and audit credit report revealed the Borrower failed to disclose the following debts: A mortgage opened on 03/2006 in the amount of $129,000 with a monthly payment of $2,618, a mortgage opened on 09/2005 in the amount of $64,400 with a monthly payment of $718, a mortgage opened on 09/2005 in the amount of $51,600 with a monthly payment of $575, a mortgage on 09/2005 in the amount of $231,000 with a monthly payment of $1,440 and a mortgage on 09/2005 in the amount of $206,400 with a monthly payment of $1,290.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $6,641 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848733 |

| 14 | 32794968 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/18/2006, in the amount of $93,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan with a 20%/100% loan to value/combined loan to value (LTV/CLTV) and a 37% debt to income ratio (DTI). There was a Manual approval dated 04/17/2006, in the loan file. | Stated | $93,000.00 | 2849024 | |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Co-Borrower misrepresented her disclosed income. The Co-Borrower falsely stated income as an Accounts Payable Supervisor earning $7,500 per month on the loan application. According to a Statement of Financial Affairs, filed by the Co-Borrower with the Northern District of Illinois Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated, 08/25/2009, the Co-Borrower's income for the year 2007 was $5,313 per month. It is unlikely the Co-Borrower's income would have decreased considering the Co-Borrower was employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Co-Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Co-Borrower falsely stated income as an Accounts Payable Supervisor earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849024 | |
| 15 | 32830705 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/05/2006, in the amount of $21,154. There was neither an Automated Underwriting System Approval nor Manual approval included in the loan file to conclusively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $21,154.00 | 2849033 | |
| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849033 | |
| | | | | 1.04 (c) (xviii) SAS 2006-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849033 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 33014481 | 1st | LXS 2006-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/21/2006, in the amount of $56,000, as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 70%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40% Debt to Income Ratio (DTI). There was a Manual approval dated 06/16/2006, in the loan file. | Stated | $56,000.00 | 2848660 |
| . | | | 1.04 (b) (xii) LXS 2006-13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-13_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. A copy of the final HUD-1 was contained in the loan file; however, it was incomplete.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848660 | |
| . | | | 1.04 (c) (v) LXS 2006-13_No Fraud<br><br>1.04 (c) (vii) LXS 2006-13_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. A search of public records and the Mortgage Electronic Registry System revealed 2 undisclosed mortgages obtained by the Borrower prior to the subject closing of 06/21/2006. A mortgage was obtained on 05/26/2006 for $53,200 with a monthly payment of $360 for a property located in Garland, TX. A mortgage was obtained on 05/26/2006 for $22,800 with a monthly payment of $321 for a property located in Garland, TX.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose a $681 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848660 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/25/2013 11:15:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repo

Cowen_Wilmington NA_Final_Version_17

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 1   Pg 53 of 250

| 17 | 33065913 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/22/2006, in the amount of $25,100, as a purchase of a second home condominium. The loan was approved as a No Ratio (No Income, Verified Asset) loan, with a 21.47%/90% Loan To Value/Combined Loan To Value (LTV/CLTV). There was a Manual approval dated 08/14/2006, in the loan file. | NIVA | $25,100.00 | 2849077 |
| | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per a search of the Mortgage Electronic Registry System and a review of the audit credit report, the Borrower obtained 10 undisclosed mortgages which secured 5 different properties that were all located in the same condominium project as the subject property. The 10 undisclosed mortgages were opened from 08/08/2006 through 08/24/2006, which were dated between 14 days prior to the subject loan closing date and 2 days after the subject loan closing date of 08/22/2006. The undisclosed mortgages resulted in a combined mortgage amount of $600,090 and a combined total monthly payment amount of $4,241. Additionally, 2 of the 10 undisclosed mortgages closed with the same Lender as the subject mortgage.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $4,241 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849077 |
| | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower filed a Chapter 13 bankruptcy on 11/30/2007, which was 15 months after the subject loan closing date of 08/22/2006. The petition, included a Schedule D – Creditors Holdings Secured Claims, which required the Borrower to list the date the claim was incurred, the nature of the lien, description and value of the property subject to the lien. The subject property was listed in this section as an investment property #4. Therefore, the Borrower did not purchase the subject property with the intent to occupy as a second home. Additionally, the Mortgage Electronic Registry System report and the audit credit report revealed that the Borrower purchased 5 additional undisclosed properties that were all located in the same condominium project as the subject. Therefore, the Borrower purchased the subject property for the purpose of an investment and not for the purpose of occupying as a second home, as disclosed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as a second home transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849077 |
| 18 | 35719061 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/11/2005, in the amount of $101,600, as a purchase of an investment, 4-unit property. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/95% loan-to-value/combined loan-to-value, and a 38.56% debt-to-income ratio. There was a Manual approval dated 07/08/2005, in the loan file. A second mortgage in the amount of $19,050 was closed simultaneously. | Stated | $101,600.00 | 2848549 |
| | | | | 1.04 (c) (v) LXS 2005-3_No Fraud<br><br>1.04 (c) (vii) LXS 2005-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Distribution Overseer earning $10,500 per month on the loan application. An audit re-verification of employment and income was obtained from the Borrower's employer, which revealed the Borrower's actual income for 2006, the year after the subject loan closing, was $53,517 or $4,460 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Distribution Overseer earning $10,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848549 |

| 19 | 36924926 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2005, in the amount of $349,267. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the Title Commitment, Hazard Insurance, Note and Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $349,267.00 | 2848521 | |
| . | . | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848521 | |
| . | . | | | 1.04 (c) (xviii) LXS 2005-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848521 | |
| 20 | 37096484 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/29/2005, in the amount of $193,520, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 27.98% Debt to Income Ratio (DTI). There was a Manual approval dated 11/25/2005, in the loan file. | Stated | $193,520.00 | 2848452 | |
| . | . | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower did not occupy the subject property as required after the subject loan closing of 11/29/2005. The Borrower continued to reside in the departing residence. Utility records indicate the Borrower resided at the departing residence from 06/2004 through 12/2012. Voter's registration records reflect the Borrower has never used the subject property to obtain a voters registration card. In addition, the Borrower used the departing address for his voter's registration card as of 05/11/2006. Moreover, the Borrower used the departing address to register his vehicles and never has used the subject property address to register a vehicle.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848452 | |
| 21 | 38459947 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/16/2006, in the amount of $150,000, as a purchase of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 24.80%/100% Loan to Value/Combined Loan to Value. There was a Manual approval dated 06/14/2006, in the loan file. | NINENA | $150,000.00 | 2849066 | |
| . | . | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849066 | |

Cowen_Wilmington NA_Final_Version_17

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 1   Pg 55 of 250

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 22 | 38539466 | 1st | LXS 2006-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/10/2006, in the amount of $292,000, as a purchase of an investor, 4-unit property. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% Loan to Value/Combined Loan to Value, and a 49.24% Debt to Income Ratio (DTI). There was a Manual approval dated 07/10/2006, in the loan file. | Stated | $292,000.00 | 2848666 |
| | | | | 1.04 (c) (v) LXS 2006-13_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of the Mortgage Electronic Registration System and the audit credit report revealed 4 undisclosed mortgages tied to 3 undisclosed properties located in Nampa, ID. The first 2 undisclosed mortgages closed on 07/10/2006 with loan amounts of $292,000 and $36,500 and monthly payments of $2,724 and $411. The second 2 undisclosed mortgages closed on 07/06/2006 with loan amounts of $154,600 and $19,325 and monthly payments of $1,202 and $135. The subject loan closed on 07/10/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $4,472 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848666 |
| | | | | 1.04 (c) (vii) LXS 2006-13_No Event of Default | | | | | | | | |
| | | | | 1.04 (c) (v) LXS 2006-13_No Fraud | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Head Nurse of a Critical Care Unit earning $14,550 per month on the loan application. An audit re-verification of employment and income was obtained from the Borrower's employer, which revealed the Borrower's actual income for the year of the subject loan closing was $90,421 or $7,535 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Head Nurse of a Critical Care Unit earning $14,550 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848666 |
| | | | | 1.04 (c) (vii) LXS 2006-13_No Event of Default | | | | | | | | |
| 23 | 38582094 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/29/2006, in the amount of $55,180, as a purchase of an owner occupied residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Stated Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 27.04% Debt to Income Ratio (DTI). There was a Manual approval dated 06/28/2006, in the loan file. | SISA | $55,180.00 | 2849067 |
| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final Housing and Urban Development (HUD) to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849067 |
| | | | | 1.04 (c) (xvii) SAS 2006-S3_Origination Practices | | | | | | | | |

Cowen_Wilmington NA_Final_Version_17

**Digital Risk - Loan Review Findings**
08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 1    Pg 56 of 250

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Driver for a transportation company for 12 years, earning $15,000 per month on the loan application. The Borrower filed Bankruptcy on 10/04/2007 with the District of Maryland and the Statement of Financial Affairs revealed the Borrower's income for the closing year of 2006 was $19,222, or $1,602 monthly.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Driver for a transportation company for 12 years, earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849067 |
| 24 | 38676375 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/27/2006, in the amount of $48,700, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 41.39% Debt to Income Ratio. There was a Manual approval dated 07/26/2006, in the loan file. | Stated | $48,700.00 | 2849133 |
| | | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849133 |
| | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Account Executive earning $12,400 per month on the loan application. An audit verification of employment was conducted through The Work Number, which reflected the Borrower's total income for the 8 months of employment for the employer listed on the application as $31,808, or $3,976 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Account Executive earning $12,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849133 |

| 25 | 38838983 | 1st | LXS 2006-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/15/2006, in the amount of $281,600, as a refinance of a primary single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan To Value/Combined Loan To Value, and a 43.76% Debt To Income. There was a manual approval dated 08/10/2006, in the loan file. | Stated | $281,600.00 | 2848688 | |
| | . | | | 1.04 (b) (xvii) LXS 2006-17_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 43.76% to 173.58%, which exceeds the represented DTI of 60%. | | | 2848688 | |
| | . | | | 1.04 (b) (xvii) LXS 2006-17_DTI<br><br>1.04 (c) (v) LXS 2006-17_No Fraud<br><br>1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. The audit credit report and public records obtained through the Mortgage Electronic Registry System and Accurint, revealed the Borrower obtained two educational loans with high balances of $4,849 and $504 in 1995. In addition, the Borrower opened six undisclosed mortgages in 07/2006 through 09/2006. The first mortgage was opened for a property in Norfolk, VA with a note amount of $153,850 and a monthly payment of $1,009. The second mortgage was opened for a property in Hampton, VA on 09/12/2006 with a note amount of $130,050 and a monthly payment of $961. The third mortgage was opened for a property in Norfolk, VA with a note amount of $142,200 and a monthly payment of $933. The fourth mortgage was opened for a property located in Norfolk, VA with a note amount of $139,500 and a monthly payment of $915. The fifth mortgage was opened for a property located in Newport News, VA with a note amount of $171,000 and a monthly payment of $1,122. The last mortgage was obtained on an unknown property with a note amount of $126,000 and a monthly payment of $826. In addition, the loan file contained a Hardship letter obtained post-closing in which the Borrower stated there were four properties that were financed for another individual as a short term arrangement.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $5,766 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848688 | |
| | . | | | 1.04 (b) (xvii) LXS 2006-17_DTI<br><br>1.04 (c) (v) LXS 2006-17_No Fraud<br><br>1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Real Estate Consultant earning $8,900 per month on the loan application. The Borrower filed Chapter 13 Bankruptcy with the United States Bankruptcy Court Eastern District of Virginia-Norfolk Division on 03/12/2006. The Statement of Financial Affairs was included in the filing, which revealed the Borrower's 2006 annual income was $68,452, or $5,704 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Real Estate Consultant earning $8,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848688 | |

# Digital Risk - Loan Review Findings

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 1.04 (b) (xvii) LXS 2006-17_DTI<br><br>1.04 (c) (v) LXS 2006-17_No Fraud<br><br>1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 5 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Real Estate Consultant earning $8,900 per month on the loan application. The Borrower filed Chapter 13 Bankruptcy with the United States Bankruptcy Court Eastern District of Virginia-Norfolk Division on 03/12/2006. The Statement of Financial Affairs was included in the filing, which revealed the Borrower's 2006 annual income was $68,452, or $5,704 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income (DTI) based on the Borrower's verified income and undisclosed debt yields a DTI of 173.58%, which exceeds the Seller's represented 60% Debt to Income Ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Real Estate Consultant earning $8,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | 2848688 | |
| | | | | | **Grand Total of Repurchase Demand** | | | | | | **$3,865,712.00** | | |

Cowen_Wilmington NA_Final Version_20

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 124252040 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/28/2007, in the amount of $405,000, as a cash out refinance of an owner occupied two unit dwelling. The loan was approved as a Stated Income/Verified Asset loan, with an 81% Loan to Value/Combined Loan to Value, and a 45.343% Debt to Income ratio. There was a Manual approval dated 03/13/2007, in the loan file. | Stated | $405,000.00 | 2848264 | |
| | | | | 1.04 (b) (xi) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Drill Operator for 6 years, earning $8,102 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Further, the Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>Further still, the Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $8,102 per month for a Drill Operator is unreasonable and is indicative of potential misrepresentation. The United States Bureau of Labor Statistics reported the average salary at the 75th percentile for a Drill Operator in 2007 and in the same geographic region was $5,169 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848264 | |
| | | | | 1.04 (b) (xi) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-3_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented the disclosed income. The Borrower falsely stated income as a Drill Operator, earning income of $8,102 per month on the loan application. An audit verification of employment was obtained from the Borrower's employer, which verified the Borrower's actual income for the subject year loan closing 2007 was $5,403 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Further, the Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>Further still, the Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Drill Operator earning $5,403 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848264 | |

Cowen_Wilmington NA_Final Version_20

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 124258328 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan originated on 03/12/2007, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 90% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 37.569% Debt-to-Income Ratio (DTI). There was a Manual approval dated 03/19/2007, in the loan file. | Full | $299,700.00 | 2848266 |
| . | | | | 1.04 (b) (xi) BNC 2007-3_Underwriting Guidelines | LTV Exceeds Guideline Limit | Excessive LTV | 1 | 3 | The applicable guidelines stated the maximum Loan-to-Value (LTV) was 80% for the subject cash-out refinance of an owner occupied property approved on a Full Documentation loan with a loan balance less than $500,000 and a minimum qualifying credit score of 680.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The subject loan was approved for $299,700 with a credit score of 631 with a 90% Loan-to-Value (LTV).<br><br>Despite the Seller's representations, the subject loan was approved a LTV of 90%, which exceeded the guideline maximum allowable LTV of 80%. | | | 2848266 |
| . | | | | 1.04 (b) (xi) BNC 2007-3_Underwriting Guidelines | Mortgage Insurance Requirement | Failure to Obtain Mortgage Insurance Coverage | 2 | 3 | The applicable guidelines required that the Borrower maintain monthly Primary Mortgage Insurance (PMI) when the outstanding loan balance of the First Mortgage loan is greater than or equal to an 80.01% Loan to Value/Combined Loan to Value (LTV/CLTV). The PMI coverage required for the subject loan with an Loan to Value (LTV) of 90% is calculated using the Private Mortgage Insurance (PMI) coverage factor of 25%, based on the Full Documentation loan product, for the Primary subject property transaction.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite these requirements, there was no evidence in the file that Lender requested or obtained the required PMI coverage for the subject transaction. | | | 2848266 |
| . | | | | 1.04 (b) (xi) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Debts | Improper Calculation of Debts | 3 | 3 | The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification of the Borrowers' debt, so as to confirm the Borrowers' overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Further, the Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>Further still, the Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.<br><br>Monthly debts of $2,489 were used by the Lender to determine the Debt to Income Ratio (DTI) of 37.569%. The following facts support the proper calculation of debts: The Borrowers' proposed total monthly housing payment was properly calculated as $2,137 and consumer debt reflected on the origination credit report in the amount of $942 results in a total monthly debt of $3,079.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848266 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 4 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's assets, so as to confirm the Borrower's strength of savings patterns, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Per the final HUD-1 Settlement Statement, the Borrower received $31,340 in cash out, which was not permitted to be used to satisfy reserves and the Borrower was not required to bring funds to closing or any earnest money; however, the Borrower was required to properly source and season 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $4,275 for the subject cash out refinance of an owner occupied property. In total, assets of $4,275 were required to be verified.<br><br>The loan application stated $2,000 in liquidated assets and $7,500 in vested interest in a retirement account; however, the loan file did not include any asset documents to support the required reserves of $4,275.<br><br>Despite the Seller's representations, there was a $4,275 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848266 |
| 3 | 124413790 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/17/2007, in the amount of $150,001, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation/12 month bank statement loan, with a 72.464% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 40.129% Debt-to-Income Ratio (DTI). There was a Manual approval dated 04/19/2007, in the loan file. | Full | $150,001.00 | 2848273 |
| . | | | | 1.04 (b) (xi) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Income | Improper Calculation of Income | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Accurate calculation of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>A monthly income of $7,057 was used to determine the Debt to Income Ratio (DTI). The loan file included 12 months of the Borrower's bank statements, dated from 03/31/2007 through 03/31/2006, which reflected 12 months deposits of $80,936, or an average of $6,744 per month, which was less than the $7,057 used to calculate the DTI at origination.<br><br>Despite the Seller's representations, a review of the loan file reveals the Lender failed to accurately calculate the Borrower's income and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848273 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 8:14:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan # | Lien | Pool | Guideline | Finding Category | Finding Type | | | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-3_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower materially falsely disclosed income. The Borrower falsely stated income as the Owner of an electrical company, earning $7,057 per month on the loan application. Research of public records revealed the Borrowers filed a Chapter 13 bankruptcy with the Middle District of North Carolina including a Statement of Financial Affairs, which revealed joint income of $1,041 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller also represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of an electrical company for 20 years, earning $7,057 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust<br>and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the | | | 2848273 |
| . | | | | 1.04 (b) (xxi) BNC 2007-3_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-3_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented the employment information on the loan application as the Owner of an electrical company for 20 years. Research conducted through Accurint revealed that the Borrower also owned an additional electrical contractor/repair shop business that was opened from 1994 to the present, which covers the subject loan closing date of 04/17/2007. The research also reported the undisclosed business listed the Borrower and the Co-Borrower as Owners of the business registered at the Borrowers' address.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self employment as the Owner of an electrical company for 20 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848273 |
| 4 | 124414202 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/19/2007, in the amount of $267,900, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 95% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 49.739% Debt-to-Income Ratio (DTI). There was a Manual approval dated 04/20/2007, in the loan file. | Full | $267,900.00 | 2848274 |
| . | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines | LTV Exceeds Guideline Limit | Excessive LTV | 1 | 3 | The applicable guidelines stated the maximum Loan to Value (LTV) for a cash out refinance was 80%. The subject loan was approved at 95% LTV, which exceeded the guideline maximum allowable LTV of 80%.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, the subject loan was approved a LTV of 95%, which exceeded the guideline maximum allowable LTV of 80%. | | | 2848274 |
| . | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines | Mortgage Insurance Requirement | Failure to Obtain Mortgage Insurance Coverage | 2 | 3 | The applicable guidelines required that the Borrowers maintain monthly Primary Mortgage Insurance (PMI) when the outstanding loan balance of the First Mortgage loan is greater than or equal to an 80.01% Loan to Value/Combined Loan to Value (LTV/CLTV). The PMI coverage required for the subject loan with a Loan to Value (LTV) of 95% is calculated using the Private Mortgage Insurance (PMI) coverage factor of 30%, based on the Full Documentation loan product, for the Primary subject property transaction.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite these requirements, there was no evidence in the file that the Lender requested or obtained the required PMI coverage for the subject transaction. | | | 2848274 |

# Digital Risk - Loan Review Findings

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 3 | 3 | The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification of the Borrowers' assets, so as to confirm the Borrowers' strength of savings patterns, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan. | | | 2848274 |

The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.

The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.

Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.

Per the final HUD-1 Settlement Statement, the Borrowers received $8,692 in cash out, which was not permitted to be used to satisfy reserves. The Borrowers were not required to bring funds to closing or any earnest money; however, the Borrowers were required to properly source and season document 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $4,596 for the subject cash out refinance of an owner occupied property. In total, assets of $4,596 were required to be verified. The loan application did not reflect any assets and the loan file only included one month bank statement for the Borrowers' checking account, dated 03/07/2007, which reflected an ending balance of $79.

Despite the Seller's representations, there was a $4,517 shortage of verified assets, and has a significant impact on the Borrowers' reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 124415506 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/20/2007, in the amount of $204,000, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 79.020% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 45.856% Debt-to-Income Ratio (DTI). There was a Manual approval dated 04/25/2007/2007, in the loan file. | Full | $204,000.00 | 2848276 |
| . | | | 1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's assets, so as to confirm the Borrower's strength of savings patterns, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. | | | 2848276 |

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

Per the final HUD-1 Settlement Statement, the Borrower received $3,878 in cash out, which was not permitted to be used to satisfy reserves. The Borrower was not required to bring funds to closing; however, the Borrower was required to properly source and season 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $3,403 for the subject cash out refinance of an owner occupied property. In total, assets of $3,403 were required to be verified.

The loan file included a quarterly thrift savings plan statement dated 10/01/2006 to 12/31/2006, which reflected a balance of $2,129 at 70% for retirement accounts, which was not sufficient to support the required $3,403 in reserves.

Despite the Seller's representations, there was a $1,274 shortage of verified assets, and significantly impacted the determination of the Borrower's reasonability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 124418906 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/05/2007, in the amount of $202,000, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset Documentation loan, with a 60.843% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 43.015% Debt-to-Income Ratio (DTI). There was a Manual approval dated 04/16/2007, in the loan file. | Stated | $202,000.00 | 2848282 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Satisfaction of Derogatory Debts | Failure to Pay Open Collections | 1 | 3 | The subject loan was underwritten with a focus on the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The all collection and judgments opened within 24 months of closing were required to be satisfied prior to or at closing. The origination credit report, dated 03/27/2007, reflected 6 open and unpaid collection accounts that were opened less than 24 months prior to the subject loan closing that totaled $55,345 in collection debt and were opened as recent as 08/2006.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the satisfaction of pre-existing debts was verified prior to closing or that the loan proceeds were used to pay off the debts; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed. | | | 2848282 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 124420506 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/18/2007, in the amount of $288,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 57.60% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, post closing documentation, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $288,000.00 | 2848285 |
| . | | | | 1.04 (b) (xi) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The loan file only contained the Borrower's signed Note, Title, post closing documentation, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848285 |
| 8 | 124425158 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/20/2007, in the amount of $340,000, as a cash out refinance of a non-occupied Single Family Residence. According to the data tape, the loan was approved as a Stated Income loan, with a 56.67% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $340,000.00 | 2848289 |
| . | | | | 1.04 (b) (xi) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The loan file only contained the Borrower's signed Note, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848289 |

| # | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 124426420 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/29/2007, in the amount of $468,000.00, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.48% Debt to Income Ratio (DTI). There was a Manual approval dated 03/28/2007, in the loan file. | Stated | $468,000.00 | 2848291 |
| . | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines / 1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Income | Improper Calculation of Income | 2 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Accurate calculation of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>A monthly net rental income of $1,079 was used to determine the Debt to Income Ratio (DTI). The Lender calculated the net rental income by using a 25% vacancy factor of the gross monthly rental income of the 2 rental properties owned by the Borrower; however, did not subtract the housing expenses of mortgage payments, taxes, and insurance payment from the 75% rental income calculation. The correct recalculation results in a net rental income of $599.<br><br>Despite the Seller's representations, a review of the loan file reveals the Lender failed to accurately calculate the Borrower's income. | | | 2848291 |
| 10 | 124426511 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/04/2007, in the amount of $850,000, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 89.47% Loan to Value/Combined Loan to Value, and a 50.456% Debt to Income ratio. There was a Manual approval dated 04/09/2007, in the loan file. | Stated | $850,000.00 | 2848292 |
| . | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines / 1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 / 1.04 (b) (xxi) BNC 2007-3_No Fraud / 1.04 (b) (xxiii) BNC 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Legal Administrator for 6.2 years, earning $16,500 per month. The Borrower provided post closing income documentation for the purpose of obtaining a home modification loan. The Borrower's tax returns for the subject year loan closing 2007 revealed the Borrower's actual income was $4,082 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Legal Administrator earning $16,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848292 |
| 11 | 124426792 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/19/2007, in the amount of $506,400, as a cash out refinance of an owner occupied three unit dwelling. The loan was approved as a Full Documentation/12 month bank statement program loan, with a 75.02% Loan to Value/Combined Loan to Value, and a 222.64% Debt to Income ratio. There was a Manual approval dated 04/24/2007, in the loan file. | Full | $506,400.00 | 2848293 |
| . | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines / 1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Income | Improper Calculation of Income | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Accurate calculation of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>A monthly income of $26,785 was used to determine the Debt to Income ratio. The subject loan was submitted as a 12 month bank statement program and the Lender used the Borrower's deposits over the most recent 12 month period; however, the loan file contained the Borrower's 2006 tax returns, which do not support the Borrower's income. The Borrower's 2006 tax returns revealed the Borrower's actual income was $785 per month. In addition, the Lender did not calculate the Borrower's rental income correctly. The Lender used a monthly rental income of $6,501; however, the correct rental income calculation utilizing the 25% vacancy factor was $1,647 per month. The correct recalculation results in a monthly income of $2,433 including the rental income.<br><br>A recalculation of the Debt to Income ratio based on the Borrower's proper income calculation results in a Debt to Income ratio of 222.64%.<br><br>Despite the Seller's representations, a review of the loan file reveals the Lender failed to accurately calculate the Borrower's income. | | | 2848293 |

Cowen_Wilmington NA_Final Version_20

**Digital Risk - Loan Review Findings**
08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 1    Pg 67 of 250

| 12 | 124427121 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/25/2007, in the amount of $264,000, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value, and a 33.496% Debt to Income ratio. There was a Manual approval dated 04/27/2007, in the loan file. | Stated | $264,000.00 | 2848295 |
| . | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-3_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a Home Improvement business for 8 years, earning $7,500 per month on the loan application. The Borrower provided post closing income documentation for the purpose of obtaining a home modification loan. The Borrower provided tax returns for the subject year loan closing, which verified the Borrower's actual income was $25 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller also represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a Home Improvement business earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848295 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 8:14:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 13 | 124435132 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 4/10/2007, as a cash out refinance of an owner occupied 2 unit property. The loan was approved as a Stated Income/Stated Asset loan, with a 46.61% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.54% Debt to Income Ratio (DTI). There was a Manual approval dated 04/13/2007, in the loan file. | Stated | $268,000.00 | 2848302 |

| . | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines

1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Income | Improper Calculation of Income | 2 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Accurate calculation of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.

A monthly net rental income of $900 for the subject duplex was used to determine the Debt to Income Ratio (DTI). The Lender calculated the net rental income based on a 25% vacancy factor of $1,200 monthly gross rental income; however, the Operating Income Report in the appraisal indicated the fair market rent for the subject property was $1,100 per month, and the net rental income based on a 25% vacancy factor was $825 per month. The correct recalculation results in a net monthly rental income of $825.

Despite the Seller's representations, a review of the loan file reveals the Lender failed to accurately calculate the Borrower's rental income. | | | 2848302 |

| . | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines

1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (b) (xxi) BNC 2007-3_No Fraud

1.04 (b) (xxiii) BNC 2007-3_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented her employment on the loan application as a restaurant Manager for 3.5 years. The loan file contained post closing tax returns for 2007, the year of the subject loan closing, which did not reflect any wage income and only reflected Social Security income of $1,674 per month.

The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a restaurant Manager for 3.5 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848302 |

| . | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines

1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (b) (xxi) BNC 2007-3_No Fraud

1.04 (b) (xxiii) BNC 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Manager of a restaurant earning $5,600 per month on the loan application. The loan file contained post closing tax returns for 2007, the year of the subject loan closing, which did not reflect any employment income and only reflected Social Security income of $1,674 per month.

The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Restaurant Manager earning $5,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848302 |

| 14 | 124437724 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan was originated on 04/12/2007 as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset Documentation loan, with a 90% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 43.536% Debt-to-Income Ratio (DTI). There was a Manual approval dated 04/12/2007, in the loan file. | Stated | $62,910.00 | 2848307 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines | Mortgage Insurance Requirement | Failure to Obtain Mortgage Insurance Coverage | 1 | 3 | The applicable guidelines required that the Borrower maintain monthly Primary Mortgage Insurance (PMI) when the outstanding loan balance of the First Mortgage loan is greater than or equal to an 80.01% Loan to Value/Combined Loan to Value (LTV/CLTV). The PMI coverage required for the subject loan with a Loan to Value (LTV) of 90% is calculated using the Private Mortgage Insurance (PMI) coverage factor of 30%, based on the Stated Income/Verified Asset Documentation loan product, for the Primary subject property transaction.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite these requirements, there was no evidence in the file that the Lender requested or obtained the required PMI coverage for the subject transaction. | | | 2848307 |
| . | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 2 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's housing history, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Borrower stated on the loan application that they rented their current residence for 7 years with a monthly payment of $450. The loan file included a Verification of Rent to support the Borrower's 7 year rental payment history; however, the Verification of rent was completed by a private party, which required the Borrower's rental history to be supported by 12 months canceled checks.<br><br>Despite, the Seller's representations, there is no evidence in the loan file of verification of the Borrower's housing history with 12 months canceled checks; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed. | | | 2848307 |
| . | | | | 1.04 (b) (xxi) BNC 2007-3_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-3_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented his employment information on the loan application as a Plumber for 8 years with no additional employment. Research conducted through Accurint revealed that the Borrower also owned an additional active business that was opened from 03/07/2005 to the present, which covers the subject loan closing date of 04/12/2007. The undisclosed business listed the Borrower as Owner of the business registered at the Borrower's address.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Plumber for 8 years with no additional employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848307 |
| . | | | | 1.04 (b) (xxi) BNC 2007-3_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research conducted through Accurint reported an extensive occupancy history at a different address located in the same city and state as the subject in Philadelphia, PA from 06/1991 to 04/2013 and also reported a utility record opened in the Borrower's name at the same address. Furthermore, the audit credit report did not list an occupancy history at the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848307 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 8:14:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wilmington NA_Final Version_20

| 15 | 124440850 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan originated 3/26/2007 to refinance on owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset Documentation loan, with a 95% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 49.810% Debt-to-Income (DTI). There was a Manual approval dated 04/05/2007, in the loan file. | Stated | $190,950.00 | 2848309 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines | LTV Exceeds Guideline Limit | Excessive LTV | | 1 | 3 | The applicable guidelines stated the maximum Loan to Value (LTV) for a cash out refinance for a Stated Income/Verified Asset loan is 90%. The subject loan was approved at 95% LTV, which exceeded the guideline maximum allowable LTV of 90%.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, the subject loan was approved a LTV of 95%, which exceeded the guideline maximum allowable LTV of 90%. | | | 2848309 | |
| . | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines | Mortgage Insurance Requirement | Failure to Obtain Mortgage Insurance Coverage | | 2 | 3 | The applicable guidelines required that the Borrower maintain monthly Primary Mortgage Insurance (PMI) when the outstanding loan balance of the First Mortgage loan is greater than or equal to an 80.01% Loan to Value/Combined Loan to Value (LTV/CLTV). The PMI coverage required for the subject loan with a Loan to Value (LTV) of 95% is calculated using the Private Mortgage Insurance (PMI) coverage factor of 35%, based on the Stated Documentation loan product, for the Primary subject property transaction.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite these requirements, there was no evidence in the file that the Lender requested or obtained the required PMI coverage for the subject transaction. | | | 2848309 | |
| . | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | | 3 | 3 | The Borrower stated on the loan application employment as a Retail Salesperson for 15 years, earning $7,800 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $7,800 per month for a Retail Salesperson is unreasonable and is indicative of potential misrepresentation. The U.S. Bureau of Labor Statistics reported the average salary at the 90th percentile for a Retail Salesperson in 2007 and in the same geographic region was $3,562 per month. The U.S. Bureau of Labor Statistics reported the average salary at the 90th percentile for a Retail Salesperson in 2007 and in the same geographic region was $3,562 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848309 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 8:14:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-3_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower materially and deliberately misrepresented this employment and income. The Borrower falsely stated income as a Retail Salesperson earning $7,800 per month on the loan application. An audit re-verification of employment and income was obtained from the employer, which revealed the Borrower earned a monthly income of $2,618.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller also represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The U.S. Bureau of Labor Statistics reported the average salary at the 90th percentile for a Retail Salesperson in 2007 and in the same geographic region was $3,562 per month.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2848309 | |
| . | | | | 1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 5 | 3 | The Borrower was required to properly source and season document 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $3,199 for the subject cash out refinance of an owner occupied property. In total, assets of $3,199 were required to be verified. The loan application did not reflect any assets and the loan file did not include any asset documents to support the required reserves of $3,199. It should be noted, the final HUD-1 Settlement Statement, the Borrower received $13,066 in cash out; however, cash out was not permitted to be used to satisfy reserves.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's assets, so as to confirm the Borrower's strength of savings patterns, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was a $3,199 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2848309 | |

Copyright 2013, Digital Risk, LLC.     Internal & Confidential - Do Not Duplicate     Run: 7/31/2013 8:14:01 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**70**

Cowen_Wilmington NA_Final Version_20

| 16 | 124448846 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/25/2007, in the amount of $234,000.00, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 65% Loan to Value/Combined Loan to Value, and a 46.97% Debt to Income ratio. There was a Manual approval dated 04/30/2007, in the loan file. | Stated | $234,000.00 | 2848315 |
| . | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines 1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 1.04 (b) (xxi) BNC 2007-3_No Fraud 1.04 (b) (xxiii) BNC 2007-3_No Event of Default | | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower stated on the loan application self-employment as an Owner of an Auto Dealer business for 10 years, earning $5,974 per month. The Borrower provided post closing income documentation for the purpose of obtaining a home modification loan. The Borrower's tax returns for the subject year loan closing 2007 revealed the Borrower had a business loss of $12,161, or $1,013 per month. It should be noted the Schedule C reflected the Borrower had no sales for the subject year loan closing.  The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.  The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.  Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.  The Seller also represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as an Owner of an Auto Dealer company earning $5,974 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the | | | 2848315 |
| . | | | 1.04 (b) (xxi) BNC 2007-3_No Fraud 1.04 (b) (xxiii) BNC 2007-3_No Event of Default | | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. A review of an audit credit report reflected the Borrower had an undisclosed installment loan, which was opened prior to the subject loan closing of 04/25/2007. In 04/2004, the Borrower obtained an installment loan with a loan amount of $16,073 and a monthly payment of $295.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $295 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848315 |
| 17 | 14946586 | 2nd | SASC 2003-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/21/2002, in the amount of $20,000, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 4.71%/84.71% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NIVA | $20,000.00 | 2848778 |
| . | | | 1.04 (b) (xi) SAS 2003-S1_Compliance with Applicable Law 1.04 (c) (xvii) SAS 2003-S1_Origination Practices | | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2848778 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 8:14:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Wilmington NA_Final Version_20

| # | Loan # | | Deal | | | Category | Finding | | | | Narrative | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 15371933 | 2nd | SASC 2003-S1 | | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 02/28/2003, in the amount of $53,000.00 as a purchase of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 42.457% Debt-to-Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $53,000.00 | 2848782 |
| . | | | | 1.04 (c) (v) SAS 2003-S1_No Fraud<br><br>1.04 (c) (vii) SAS 2003-S1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | | The Borrower misrepresented his self-employment on the loan application. Per the loan application, the Borrower was self-employed Owner of 1 trucking company for 3 years. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the District of Colorado on 03/22/2004, which revealed that the Borrower's income and self-employment was misrepresented. Per section 1 of The Statement of Financial Affairs contained in the bankruptcy petition, the Borrower owned an additional trucking company during the year of the subject loan closing in 2003 that was not reported on the loan application or documented in the loan file.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self employment as an Owner of 1 Trucking business for 3 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848782 |
| 19 | 32372773 | 2nd | SASC 2006-S2 | | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 02/21/2006, in the amount of $41,985, a purchase of an investment Single Family Residence. The loan was approved with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). All of the documents in the file were for a different Borrower and a different property location than what was reported on the Data Tape by the Seller. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $41,985.00 | 2848939 |
| . | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2006-S2_Mortgage File<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject note was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was executed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848939 |
| . | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848939 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 7/31/2013 8:14:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wilmington NA_Final Version_20

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2848939 |
| | | | | 1.04 (c) (xviii) SAS 2006-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 7 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2848939 |
| 20 | 32633208 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/15/2006, in the amount of $36,000, as a cash out refinance of a non-owner occupied 4 unit property. The loan was approved as a Full Documentation loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.03% Debt to Income Ratio (DTI). There was a Manual approval dated 03/15/2006, in the loan file. | Full | $36,000.00 | 2848966 |
| | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The Audit Credit Report reflected the Borrower obtained an automobile loan in 01/2006, 2 months prior to the subject loan closing on 03/15/2006, in the amount of $10,000 with a monthly payment of $202.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $202 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2848966 |
| | | | | | | **Grand Total of Repurchase Demand** | | | | **$5,151,846.00** | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 8:14:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wilmington NA_22 Final Version

| Loan Count | Loan Group | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | R v ne | Breach De crip i n | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 15373335 | 2nd | SASC 2003-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/26/2003, in the amount of $68,250, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan/12 months bank statements, with a 15%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.02% Debt to Income Ratio (DTI). There was a Manual approval, dated 03/20/2003, in the loan file. | Full | $68,250.00 | 2848783 | |
| . | | | | | 1.04 (b) (xi) SAS 2003-S1_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2003-S1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 in the file was missing page 2.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2848783 | |
| 2 | | 31437338 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/11/2005, in the amount of $29,800, as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 19.95%/99.90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.03% Debt to Income Ratio (DTI). There was a Manual approval dated 08/09/2005, in the loan file. | Stated | $29,800.00 | 2848899 | |
| . | | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud  1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Pharmacist earning $12,500 per month on the loan application. An audit re-verification of employment and income was obtained through the employer, which revealed the Borrower's income for the year of the subject loan closing was $103,198, or $8,600 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Pharmacist earning $12,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848899 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 32299885 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/05/2006, in the amount of $40,800, as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40% Debt to Income Ratio (DTI). There was a Manual approval dated 01/05/2006, in the loan file. | Stated | $40,800.00 | 2848928 |
| . | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud  1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of the audit credit report and public records revealed the Borrower acquired four undisclosed mortgages prior to the subject loan closing date of 01/05/2006. One mortgage was opened on 02/24/2004 in the amount of $20,700 with a payment of $197 per month, one mortgage was opened on 11/14/2005 in the amount of $139,752 with a payment of $1,331 per month, one mortgage was opened in 10/2005 in the amount of $104,890 with a payment of $999 per month, and one mortgage was opened in 11/2005 in the amount of $163,800 with a payment of $1,706 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $4,233 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848928 |
| 4 | 32306219 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/03/2006, in the amount of $135,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.129% Debt to Income Ratio (DTI). There was a Manual approval dated 12/29/2005, in the loan file. | Stated | $135,000.00 | 2848930 |
| . | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud  1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit report and public record searches revealed the Borrower acquired two undisclosed mortgage loans on 12/30/2005 in the amounts of $520,000 and $130,000 with monthly payments of $4,465 and $1,226, which were acquired 4 days prior to the subject loan closing on 01/03/2006.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $5,691 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848930 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate      Run: 2/28/2014 2:42:33 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

75

**Digital Risk - Loan Review Findings**

Cowen_Wilmington NA_22 Final Version     08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18     Attachment V - part 7 Pg 77 of 250

| 5 | | 38005013 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/27/2006, in the amount of $94,400, as a purchase of an owner occupied condominium. The loan was approved as a No Documentation (No Income, No Employment, No Asset Verification) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 03/28/2006, in the loan file. | NINENA | $94,400.00 | 2849000 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research of public records conducted through Accurint on the Borrower's vehicle, driver license, and voter registration records revealed the Borrower remained residing at the departing residence and did not move into the subject property. In addition, the county records confirmed the Borrower continued to file homestead exemption on the departing residence and never filed homestead exemption on the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849000 |
| 6 | | 38046637 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/20/2006, in the amount of $40,000, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 20.03%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38% Debt to Income Ratio (DTI). There was a Manual approval dated 04/17/2006, in the loan file. | Stated | $40,000.00 | 2849003 |
| . | | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit report and public records revealed the Borrower acquired two undisclosed mortgages prior to the subject loan closing on 04/20/2006. The mortgages were opened on 03/30/2006, 21 days prior to the subject loan closing, in the amounts of $171,350 and $42,800 with payments of $1,111 and $395.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,506 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849003 |

Cowen_Wilmington NA_22 Final Version

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | | | 2849003 |

The Borrower represented an intent to occupy the subject property. Research of public records conducted through Accurint on the Borrower's vehicle, driver license, and voter registration records revealed the Borrower never registered the subject property as the primary residence of record. County records confirmed the Borrower never filed homestead exemption on the subject property. According to a Statement of Financial Affairs, filed by the Borrower with the Middle District of Florida Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 06/24/2009, the Borrower never occupied the subject property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 38079042 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | Stated $55,400.00 | 2849006 |

The subject loan closed on 04/13/2006, in the amount of $55,400, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.60% Debt to Income Ratio (DTI). There was a Manual approval dated 04/11/2006, in the loan file.

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | | 2849006 |

The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Machinist earning $6,475 per month on the loan application. An audit re-verification of employment and income was obtained through the employer, which revealed the Borrower's income for 2006 was $23,279, or $1,940 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Machinist earning $6,475 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Grand Total of Repurchase Demand** | | | **$463,650.00** | |

.
.
.

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2014 2:42:33 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 124244161 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/21/2007, in the amount of $238,000, as a cash out refinance of an owner occupied attached single family residence. The loan was approved as a Full Documentation loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 46.146% Debt to Income Ratio (DTI). There was a Manual approval dated 03/26/2007, in the loan file. | Full | $238,000.00 | 2848262 | |
| | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain Required Documentation | Failure to Obtain Required Documentation | 1 | 3 | The origination credit report, dated 03/12/2007, reflected the Borrower had 1 account with a derogatory payment history, a prior bankruptcy, 2 judgments and 9 collection accounts; however, a letter of explanation was not provided as required.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's debts, so as to confirm the Borrower's overall creditworthiness, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the file that a letter of explanation was obtained for derogatory credit as required, and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848262 | |
| 2 | 124253477 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/15/2007, in the amount of $221,000, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation/ 6 months bank statement loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 24.758% Debt to Income Ratio (DTI). There was a Manual approval dated 03/20/2007, in the loan file. | Full | $221,000.00 | 2848265 | |
| | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines | Mortgage Insurance Requirement | Failure to Obtain Mortgage Insurance Coverage | 1 | 3 | The applicable guidelines required that the Borrower maintain monthly Primary Mortgage Insurance when the outstanding loan balance of the First Mortgage loan is greater than or equal to an 80.01% Loan to Value (LTV/CLTV). The PMI coverage required for the subject loan with a Loan to Value (LTV) of 90% is calculated using the Private Mortgage Insurance (PMI) coverage factor of 12%, based on the Full Documentation/6 months Bank Statement Documentation loan product, for the Primary subject property transaction.<br><br>Despite these requirements, there was no evidence in the file that the Lender requested or obtained the required PMI coverage for the subject transaction. | | | 2848265 | |
| 3 | 124264938 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/27/2007, in the amount of $230,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 83.64% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 47.909% Debt to Income Ratio (DTI). There was a Manual approval dated 03/02/2007, in the loan file. | Stated | $230,000.00 | 2848267 | |
| | | | | 1.04 (b) (xxi) BNC 2007-3_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-3_No Event of Default | Misrepresentation of Income - No Red Flags Present Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Billing Supervisor earning $5,250 per month and rental income of $4,000 per month on the loan application. Post-closing documents contained a 2007 W-2 form for the Borrower, which revealed employment earnings of $38,114, or $3,176 per month and also contained the Borrower's 2007 1040 tax return, including Schedule E, which revealed rents received on the rental property in the amount of $23,800, or $1,983 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Billing Supervisor earning $5,250 per month on the loan application, and $4,000 per month in rental income, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848267 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/31/2014 9:32:35 AM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**78**

| 4 | 124416843 | 1st | BNCMT 2007-3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/30/2007, in the amount of $157,500.00 for the purchase of an owner occupied detached single family residence. The loan was approved as a Full Documentation/12 month term with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.678% Debt to Income Ratio (DTI). There was a Manual approval dated 05/03/2007, in the loan file. | Full | $157,500.00 | 2848278 | |

| | | | 1.04 (b) (xi) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain Required Documentation | Failure to Obtain Required Documentation | 1 | 3 | The origination credit report, dated 04/26/2007, reflected the Borrower had 3 accounts with derogatory payment histories, 3 charged off accounts, a prior bankruptcy and 2 collection accounts; however, a letter of explanation was not provided as required.<br><br>The subject loan was underwritten without proper regard to the Borrower's debts, as to confirm the Borrower's overall creditworthiness, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the file that a letter of explanation was obtained for derogatory credit as required, and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848278 | |

| | | | 1.04 (b) (xi) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 2 | 3 | The loan application reflected the Borrower rented her current address for 2 years with a monthly payment of $1,859 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's housing history, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The loan file contained a written verification of rent, which was completed by a private Landlord. The Borrower was required to provide 12 months canceled checks to verify the rental payment history to the private Landlord; however, the canceled checks were not provided.<br><br>Despite the Seller's representations, there is no evidence in the file of verification of the Borrower's housing history; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848278 | |

| | | | 1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 3 | 3 | According to the final HUD-1, the Borrower was required to bring $16,763 cash to closing and the funds were to be sourced and seasoned for 60 days. In total, assets of $16,763 were required to be verified.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's assets, so as to confirm the Borrower's strength of savings patterns, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The loan file contained a Verification of Deposit (VOD), dated 04/27/2007, for the Borrower's checking, savings and certificate of deposit accounts, which reflected total ending balances of $16,503.<br><br>Despite the Seller's representations, there was a $259 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848278 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/31/2014 9:32:35 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | 5 | 124425760 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/24/2007, in the amount of $320,000.00, as a cash-out refinance of an owner-occupied single-family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.278% Debt to Income Ratio (DTI). There was a manual approval, dated 04/30/2007, in the loan file. | Stated | | $320,000.00 | 2848290 | |
| | | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-3_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as an Owner of a Landscaping Company earning $7,000 per month on the loan application. The loan file contained the Borrower's 2007 Tax Return as part of the Borrower's loan modification application, which revealed the Borrower's 2007 self-employment income was $24,617, or $2,051 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Further still, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as an Owner of a Landscaping Company earning $7,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | | 2848290 | |
| | 6 | 124427113 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/18/2007, in the amount of $345,100, as a cash-out refinance of an owner-occupied single-family semi-attached residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 50.484% Debt to Income Ratio (DTI). There was a manual approval, dated 04/18/2007, in the loan file. | Stated | | $345,100.00 | 2848294 | |
| | | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment in Quality Control for one year, earning $5,000 per month. The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Verification of Employment (VOE) in the file reflected the Borrower as a Post-Closing Specialist/Document Representative. Income of $5,000 per month for a Post-Closing Specialist/Document Representative is unreasonable and is indicative of potential misrepresentation. U. S. Bureau of Labor Statistics reported the average salary at the 75th percentile for Loan Interviewers and Clerks in 2007 and in the same geographic region was $3,798 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | | 2848294 | |

| # | Lien | Deal | Finding Guidelines | Finding | Finding | | | Narrative | Doc | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 124435538 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/13/2007, in the amount of $169,000 on an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.93% Debt to Income Ratio (DTI). There was a Manual approval dated 04/13/2007, in the loan file. | Stated | $169,000.00 | 2848303 |
| | | | | 1.04 (b) (xi) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-3_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a home based Owner of a Piano tuning and servicing business earning $4,334 per month on the loan application. A post-closing tax return obtained through the modification process for 2007 the year the subject loan closed, reflected self-employment earnings of $253 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>Further still, the Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>In addition, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>The Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a Piano tuning and servicing business earning $4,334 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848303 |
| 8 | 124438623 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/29/2007, in the amount of $108,000, as a cash-out refinance of an owner-occupied single-family residence. The loan was approved as a Full Documentation loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.257% Debt to Income Ratio (DTI). There was a manual approval, dated 04/04/2007, in the loan file. | Full | $108,000.00 | 2848308 |
| | | | | 1.04 (b) (xi) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 2 | 3 | The Borrowers stated on the loan application that they owned an investment property with a monthly payment of $619. The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification of the Borrowers' housing history, so as to confirm the Borrowers' overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>Further still, the Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file of verification of the Borrowers' housing history for this mortgage; and as such, there is no evidence in the file that the accuracy of the Borrowers' credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2848308 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/31/2014 9:32:35 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 15154651 | 2nd | SASC 2003-S1 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 01/30/2003, in the amount of $32,620, as a purchase with a 20% Loan to Value (LTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $32,620.00 | 2848780 |
| . | | | 1.04 (b) (xi) SAS 2003-S1_Compliance with Applicable Law<br><br>1.04 (c) (xii) SAS 2003-S1_Mortgage File<br><br>1.04 (c) (xvii) SAS 2003-S1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrowers and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2848780 |
| . | | | 1.04 (b) (xi) SAS 2003-S1_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act. | | | 2848780 |
| . | | | 1.04 (b) (xi) SAS 2003-S1_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act. | | | 2848780 |
| . | | | 1.04 (c) (xviii) SAS 2003-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848780 |
| 10 | 15371586 | 2nd | SASC 2003-S1 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 03/28/2003, in the amount of $41,600, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.60% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $41,600.00 | 2848781 |
| . | | | 1.04 (c) (v) SAS 2003-S1_No Fraud<br><br>1.04 (c) (vii) SAS 2003-S1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his primary income as a home based self-employed Personal Trainer for 3 years, earning $5,000 per month and his secondary income as a General Manager at a health club for 1 year, earning $2,516 per month. Research of public records reported the Borrower filed a Chapter 13 Bankruptcy on 03/01/2005 with the Northern District of Texas, which revealed that the Borrower earned a total monthly income of $3,167.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default<br><br>Despite the Seller's representations, the Borrower falsely stated primary income as a home based self-employed Personal Trainer for 3 years, earning $5,000 per month and secondary income as a General Manager at a health club, earning $2,516 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848781 |

| # | Loan # | Lien | Deal | Section | Finding | Sub-Finding | Summary | Seq | Narrative | Borrower | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 15374036 | 2nd | SASC 2003-S1 | | | | Loan Summary / Loan Summary | 0 0 | The subject loan closed on 04/03/2003, in the amount of $20,000 as a purchase of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved with a 5%/95%... Combined Loan to Value (LTV/CLTV), and a 37.42% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $20,000.00 | 2848784 |
| | | | | 1.04 (b) (xi) SAS 2003-S1_Compliance with Applicable Law; 1.04 (c) (xvii) SAS 2003-S1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | | 1 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Final HUD was missing from the loan file. / The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. / Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act. | | | 2848784 |
| 12 | 32687469 | 2nd | SASC 2006-S2 | | | | Loan Summary / Loan Summary | 0 0 | The subject loan closed on 03/30/2006, in the amount of $110,000 as a purchase of an owner occupied property with a 20%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. There was no critical documentation provided for the file that was represented on the Data Tape by the Seller. | Unknown | $110,000.00 | 2848971 |
| | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA; 1.04 (c) (xii) SAS 2006-S2_Mortgage File; 1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | | 1 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Subject Note was missing from the loan file. / The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. / The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA). / Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. / Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848971 |
| | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA; 1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | | 2 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file. The Final HUD-1 was missing from the loan file. / The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. / Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act. / Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848971 |
| | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA; 1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | | 3 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. / The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. / Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act. / Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders | | | 2848971 |
| | | | | 1.04 (c) (xviii) SAS 2006-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | | 4 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. / The Seller represented and warranted, in part, that the appraisal complied with FIRREA. / Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848971 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/31/2014 9:32:35 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 13 | 38138251 | 1st | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/06/2004, in the amount of $416,500.00 as a cash out refinance of an owner occupied Single Family Residence. The loan was approved with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 23.26% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $416,500.00 | 2849009 | |
| | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849009 | |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | **$2,409,320.00** | | |

| Loan Count | Loan Group | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 15043011 | 1st | SARM 2005-3XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/14/2003, in the amount of $134,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 63.81%/63.81% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 51.2% Debt to Income ratio (DTI). There was a Manual approval dated 03/12/2003, in the loan file. | Stated | $134,000.00 | 2848767 | |
| | | | | | 1.04 (c) (v) SARM 2005-3XS_No Fraud 1.04 (c) (vii) SARM 2005-3XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Per the audit credit report, the Borrowers failed to disclose an auto installment loan which opened in 02/2003 in the amount of $7,500 with a $148 monthly payment.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligation by failing to disclose a $148 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848767 | |
| 2 | | 18546846 | 1st | SASC 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2004, in the amount of $300,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a No Income/No Employment/No Asset loan, with a 60% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a manual approval dated 11/15/2004, in the loan file. According to the HUD-1 Settlement Statement, the Borrowers received $75,497 cash back at closing. | NINENA | $300,000.00 | 2848805 | |
| | | | | | 1.04 (b) (xii) SAS 2005-10_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. | | | 2848805 | |
| 3 | | 30537831 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $161,440.00 | 2848471 | |
| | | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xii) LXS 2005-1_Mortgage File 1.04 (c) (xvii) LXS 2005-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject note.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was executed.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848471 | |
| | | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) LXS 2005-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848471 | |

# Digital Risk - Loan Review Findings

Cowen_Wilmington NA_4 Final Version   08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment V - part 5   Pg 87 of 250

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged/executed by the borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848471 | |
| . | | | | 1.04 (c) (xviii) LXS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848471 | |
| 4 | 31084957 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/27/2005, in the amount of $300,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.76% Debt to Income ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $300,000.00 | 2848563 | |
| . | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xiii) LXS 2005-6_No High Cost - Deemed MnA<br><br>1.04 (b) (xvi) LXS 2005-6_No High Cost - HOEPA - Deemed MnA / Enforceable Prepayment Charges - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | High Cost Loan - Federal | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required that the subject loan comply with the Home Ownership and Equity Protection Act ("HOEPA"). The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law. The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The loan fees ($14,335.00) exceed the (NYPart41NEW) High Cost fee limit, which is ($14,283.25), the difference is ($51.75).<br><br>Despite the Seller's representations, the subject loan was a covered loan as defined by HOEPA.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, compliance with HOEPA, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848563 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | | 31718091 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/13/2005, in the amount of $22,500 as a purchase of a second home single family residence. The loan closed as a Stated Income/Verified Assets loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual loan approval in the loan file. | Stated | $22,500.00 | 2848901 |
| . | | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Medical Assistant earning $6,500 per month on the loan application. The loan file contained the Borrower's post-closing 2006 tax returns documents, which revealed that the Borrower's near year 2006 income was $2,008 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Medical Assistant earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848901 |
| 6 | | 31928260 | 1st | LXS 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/04/2005, in the amount of $131,250 as a cash out refinance of an owner occupied single family residence. The loan closed as a Stated Income Verified Asset loan, with a 75%/95% Loan to Value/Combined Loan to Value (LTV/CLTV) and a debt to income ratio of 41.17%. There was a Manual loan approval in the loan file. | Stated | $131,250.00 | 2848644 |
| . | | | | | 1.04 (c) (v) LXS 2006-1_No Fraud<br><br>1.04 (c) (vii) LXS 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Executive Assistant earning $6,992 per month on the loan application. An audit re-verification of employment and income received by the employer revealed the Borrower's actual 2005 income as $2,490 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. An audit re-verification of employment and income received by the employer revealed the Borrower's actual 2005 income as $2,490 per month.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Executive Assistant earning $6,992 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848644 |
| 7 | 2 | 31963473 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed and disbursed on 10/27/2005, in the amount of $412,500, as a cash out refinance of an investment property. The loan was a 75% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed loan application, the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $412,500.00 | 2848696 |
| . | 2 | | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848696 |
| . | 2 | | | | 1.04 (c) (xviii) LXS 2006-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848696 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 32002628 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/21/2005, in the amount of $59,985, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.76% Debt to Income Ratio (DTI). There was a Manual approval dated 10/31/2005, in the loan file. | Stated | $59,985.00 | 2848908 |
| . | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) SAS 2006-S2_Enforceable Prepayment Charges - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide a Prepayment Disclosure | Failure to Provide a Prepayment Disclosure | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act and Real Estate Settlement and Procedures Act required written disclosure as to prepayment penalties, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan, including prepayment charges, complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the subject loan's prepayment penalty was not disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848908 |
| . | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848908 |
| . | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrowers misrepresented their disclosed income. The Borrowers falsely stated income as Owners of a maid service franchise earning a combined $9,600 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrowers with the District of Colorado as part of a Chapter 7 bankruptcy case dated 07/02/2009, which reflected the Borrowers' income for 2005, the year of the subject loan closed, was $4,527 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>According to a Statement of Financial Affairs, filed by the Borrowers with the District of Colorado as part of a Chapter 7 bankruptcy case dated 07/02/2009, which reflected the Borrowers' income for 2005, the year the subject loan closed, was $4,527 per month. It is unlikely the Borrowers' income would have decreased considering the Borrowers were self-employed in the same line of work.<br><br>Despite the Seller's representations, the Borrowers falsely stated employment as Owners of a maid service franchise earning a combined $9,600 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848908 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 32320863 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/01/2006, in the amount of $186,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.03% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $186,000.00 | 2848932 |
| . | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848932 |
| 10 | 1 32323487 | 1st | LXS 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/22/2006, in the amount of $335,000, as refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 69.79%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.5% Debt to Income Ratio (DTI). There was a Manual approval dated 2/15/2006, in the loan file. | Stated | $335,000.00 | 2848719 |
| . | 1 | | | 1.04 (c) (v) LXS 2006-7_No Fraud  1.04 (c) (vii) LXS 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Special Projects Lumber Supplier earning $12,000 per month on the loan application. The loan file contained post closing documentation including the Borrower's 2007 tax return, which contained a tax summary revealing the Borrower's 2006 annual income in the amount of $57,645 or $4,803 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Special Projects Lumber Supplier earning $12,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848719 |
| . | 1 | | | 1.04 (b) (xvii) LXS 2006-7_DTI_Pool 2  1.04 (c) (v) LXS 2006-7_No Fraud  1.04 (c) (vii) LXS 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Special Projects Lumber Supplier earning $12,000 per month on the loan application. The loan file contained post closing documentation including the Borrower's 2007 tax return, which contained a tax summary revealing the Borrower's 2006 annual income in the amount of $57,645 or $4,803 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Special Projects Lumber Supplier earning $12,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848719 |

**Digital Risk - Loan Review Findings**

Cowen_Wilmington NA_4 Final Version     08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 9 of 250

| 11 | 32388332 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/27/2006, in the amount of $97,000, as a purchase of an owner occupied Planned Unit Development (PUD). The loan was approved as a No Ratio loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 02/09/2006, in the loan file. | NIVA | $97,000.00 | 2848942 |
| . | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. The disclosed finance charge ($299,993.43) is ($350.00) below the actual finance charge($300,343.43). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848942 |
| . | | | | 1.04 (c) (xviii) SAS 2006-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act ("FIRREA") required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848942 |
| 12 | 33433129 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/13/2006, in the amount of $57,950, as a purchase money second mortgage of an owner occupied detached residence located in a planned unit development (PUD). The loan was approved as a No Ratio loan (No Income/Employment and Verified Assets), with a 19.99%/99.98% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 10/20/2006, in the loan file. | NIVA | $57,950.00 | 2849119 |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud  1.04 (c) (vii) SAS 2006-S4_No Event of Default | Asset Misrepresentation - With Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrower misrepresented his ownership of the following assets. The loan file contained a Verification of Deposit (VOD) for the Borrower's savings and checking account dated 09/21/2006, which reflected ending balances of $2,311 and the loan file contained a VOD for the Borrower's Wells Fargo checking account dated 09/20/2006, which reflected an ending balance of $4,457. In addition, an audit VOD for the Borrower's Bank of America checking account, dated 09/20/2006 was also obtained which indicated the Borrower's actual balance as of 09/20/2005 was $354. The numbers on the origination VOD were in a different font that the date opened and signature date.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the amount of assets verified was misrepresented by $6,414; The Borrower falsely disclosed that he had $6,768 in reserves when in fact he had $2,665, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849119 |
| 13 | 36145019 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/30/2005, in the amount of $416,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 74.96% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42% Debt to Income Ratio (DTI). There was a Manual approval dated 08/26/2005, in the loan file. | Stated | $416,000.00 | 2848432 |

| # | Loan ID | Lien | Deal | Finding Code | Category | Category 2 | | | Narrative | Doc | Amount | ID |
|---|---------|------|------|--------------|----------|------------|---|---|-----------|-----|--------|-----|
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud n of Income - Red Flags Present - Near Year / 1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Near Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | ...the Borrower overstated his employed income. The Borrower falsely stated income as a Sales Associate earning $7,916 per month on the loan application. The total income reported for the near year, 2006, was $78,458, or $6,538 per month. An audit verification of employment was conducted through The Work Number, which revealed the Borrower was employed with the same employer as at origination with the same title the year following the subject closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Sales Associate earning $7,916 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848432 |
| 14 | 36567303 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/07/2005, in the amount of $200,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.66% Debt to Income Ratio (DTI). There was a manual approval dated 09/29/2005, in the loan file. | Stated | $200,000.00 | 2848636 |
| . | | | | 1.04 (c) LXS 2005-8_No Fraud n of Income - No Red Flags Present - Same Year / 1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentatio n of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Treasurer earning $6,500 per month on the loan application. According to the Borrower's 2005 tax returns, which were part of the post-closing documents, the Borrower had a business loss in 2005; therefore, no income could be used at the time of audit.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Treasurer earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848636 |
| 15 | 37260908 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/04/2006, in the amount of $59,200, as a purchase of an owner occupied condominium residence. The loan was approved as a Full Documentation loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 45% debt-to-income ratio. There was a manual approval dated 01/04/2006, in the loan file. A second mortgage for $14,800 also closed on the same day. | Full | $59,200.00 | 2848455 |
| . | | | | 1.04 (c) (iv) LMT 2006-1_Unacceptable Property Type | Ineligible Property Type | Ineligible Property Type | 1 | 3 | The subject property was required to be a detached single family residence, or a two- to four-family dwelling, or an individual condominium unit in a low-rise condominium project, or individual unit in a planned unit development. In addition to the preceding requirement, the Seller represented and warranted that at least 60% of the units were owner occupied units.<br><br>Despite the Seller's representations, a review of the Homeowners Association questionnaire reflected the subject condominium project consisted of 80% investors units, and therefore an ineligible property. | | | 2848455 |
| 16 | 37540556 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/28/2006, in the amount of $50,000, as purchase of a non-owner occupied single family residence located in a single family residence. The loan was approved as a Full Documentation loan, with a 19.77%/99.77% loan-to-income/combined loan-to-value, and a 50.43% debt-to-income ratio. There was a manual approval dated 02/28/2006, in the loan file. A first mortgage for $202,400 also closed on the same day. | Full | $50,000.00 | 2848986 |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. According to research of an audit credit report, the Borrower failed to disclose a first and second mortgage which were opened the same month as the subject mortgage. On 02/21/2006, the Borrower obtained mortgages in the amounts of $164,000 and $41,000 with monthly payments in the amount of $412 and $149. Further, the audit credit report revealed the Borrower had completed an undisclosed refinance of their primary residence on 01/20/2006 with a monthly payment of $5,496, which was a $1,483 increase in the Borrower's monthly mortgage payment. There was no evidence in the file that the Underwriter requested or obtained an explanation from the Borrower for the 9 inquiries, dated from 11/04/205 through 01/18/2006, listed on the origination credit report dated 01/31/2006. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,044 in additional debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848986 | |

| 17 | 1 | 37597093 | 1st | LXS 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | ...approval was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $146,400.00 | 2848735 | |
| | 1 | | | | 1.04 (b) (xii) LXS 2006-7_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) LXS 2006-7_Mortgage File<br><br>1.04 (c) (xvii) LXS 2006-7_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Loan file did not contain the subject note.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848735 | |
| . | 1 | | | | 1.04 (b) (xii) LXS 2006-7_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-7_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 Settlement Statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848735 | |
| . | 1 | | | | 1.04 (b) (xii) LXS 2006-7_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-7_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 Settlement Statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848735 | |
| . | 1 | | | | 1.04 (c) (xviii) LXS 2006-7_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848735 | |
| 18 | | 37622156 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/08/2006, in the amount of $32,000, as a purchase of an investment single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% loan-to-value/combined loan-to-value, and a 46.23% debt-to-income ratio. There was a Manual approval dated 02/06/2006, in the loan file. | Full | $32,000.00 | 2848990 | |
| . | | | | | 1.04 (b) (xiii) SASC 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SASC 2006-S2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the annual percentage rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848990 | |

Cowen_Wilmington NA_4 Final Version

| 19 | 37797867 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/02/2006, in the amount of $43,300, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% loan-to-value/combined loan-to-value, and a 43.19% debt-to-income ratio. There was a Manual approval dated 03/02/2006, in the loan file. | Stated | $43,300.00 | 2848994 | |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Maintenance Manager earning $3,833 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the District of Minnesota Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 10/07/2008, the Borrower's income for 2006, the same year of the subject loan closed, was $2,798 per month. The Borrower's credit profile consisted of 3 active revolving accounts. The Borrower's first revolving account had a high credit limit of $2,160 with 21 months reviewed. The Borrower's second revolving account had a high credit limit of $639 with 13 months reviewed. The Borrower's third and final revolving account had a high credit limit of $800 with 10 months reviewed. The Borrower filed for Chapter 7 Bankruptcy in 11/1997 with a discharge date of 02/1998. The Borrower had 3 federal tax liens after the bankruptcy discharge in 07/2000, 09/2002, and 04/2003.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Maintenance Manager earning $3,833 per month on the loan application, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848994 | |
| 20 | 37984606 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/06/2006, in the amount of $200,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 17.55%/97.55% loan-to-value/combined loan-to-value, and a 36.50% debt-to-income ratio. There was a Manual approval dated 04/04/2006, in the loan file. | SISA | $200,000.00 | 2848998 | |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud   1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through Mortgage Electronic Register System, Site-X and the audit credit report, revealed the Borrower completed an undisclosed refinanced of an existing second mortgage on a disclosed rental property in Orlando, FL, prior to the subject loan closing date on 04/06/2006. Also, the Borrower obtained an undisclosed property in Windermere, FL within 4 days of the subject loan closing. The Borrower acquired a new Home Equity Line of Credit on 03/31/2006 for the disclosed rental property in the amount of $213,000, which based on a conservative estimate using 1% of the line amount, increased the second lien payment from $790 to $2,130 per month. The Borrower also purchased a property in Windermere, FL on 04/10/2006 and obtained a first mortgage in the amount of $800,000 with a monthly payment of $6,379 and a second mortgage in the amount of $200,000, which using the same terms as the subject second mortgage, had an estimated payment of $2,291 per month. These Borrower's debts were not disclosed on the loan application or considered in the loan approval process.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations of $3,631, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848998 | |

Cowen_Wilmington NA_4 Final Version

| 21 | 38011680 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/04/2006, in the amount of $34,380, as a second mortgage purchase of a condominium second home. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% loan-to-value/combined loan-to-value, and a 45% debt-to-income ratio. There was a Manual approval dated 04/04/2006, in the loan file. | Stated | | $34,380.00 | 2849001 |
| . | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2006-S2_Mortgage File<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject note.<br><br>he Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2849001 |
| 22 | 38182861 | 1st | LMT 2006-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/28/2006, in the amount of $367,500, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a No Ratio loan (No Income, Verified Assets), with a 75% loan-to-value/combined loan-to-value. There was a Manual approval dated 04/28/2005, in the loan file. | NIVA | | $367,500.00 | 2848464 |
| . | | | | 1.04 (c) (xxii) LMT 2006-4_No Fraud<br><br>1.04 (c) (xxiv) LMT 2006-4_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. Public Records, post-closing tax returns, and the hazard insurance declaration page indicated the Borrower occupied a property which was reflected as a rental property on the loan application from 08/2002 to 10/2012. Public Records indicated numerous other individuals occupied the subject property from 11/2006 to 09/2012. The post closing tax return for 2008, indicated the subject property was a rental property and the Borrower occupied the other property which was presented as a rental property on the loan application. The hazard insurance policy contained in the loan file indicated the Borrower did not occupy the subject property and indicated the property was a non-owner occupied frame dwelling, which should have put the underwriter on notice of potential misrepresentation since the loan transaction was indicated as a refinance of an owner occupied property. The Borrower did not occupy the subject property after the subject closing date of 04/28/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. There is no evidence in the file that at least one named Borrower occupied the subject property. | | | | 2848464 |

Cowen_Wilmington NA_4 Final Version

| 23 | 40600793 | 1st | LXS 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/08/2007, in the amount of $460,000, as a purchase of an owner-occupied single family property. There was neither an Auto Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was a purchase advice in the loan file which indicates the loan closed with an 80%/100% loan-to-value/combined loan-to-value under a No Ratio program (No Income, Verified Employment and Assets). | Stated | $460,000.00 | 2848762 | |
| . | | | | 1.04 (c) (v) LXS 2007-11_No Fraud<br><br>1.04 (c) (vii) LXS 2007-11_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The loan application reflected the Borrower stated employment as a Foreman for 14 years. The loan file contained a verbal verification of employment from the employer, which indicated the Borrower was a Foreman for 14 years and indicated it was verified by the Owner of the company. The loan file contains post-closing documentation, which reveals the Borrower had been self-employed as a Roofer at the time of origination. The Borrowers' 2008 tax returns reveal that the Borrower was a self-employed Roofer and the financial statement filled out in the year 2009, as part of a loan modification, revealed that the Borrower had been self-employed for 13 years as a Roofer. In addition, the loan file contains a letter of explanation written by the Co-Borrower stating the Borrower had been working at his own construction company. The Borrower did not indicate being self-employed on the origination application and the verbal verification of employment in the loan file did not indicate the Borrower was a 1099, or contracted employee.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Foreman for 14 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848762 | |
| 24 | 46317343 | 1st | LXS 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/16/2007, in the amount of $544,800, a purchase of an owner-occupied, two-unit property. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 42.18% debt-to-income ratio. There was a Manual approval dated 05/10/2007, in the loan file. | Stated | $544,800.00 | 2848766 | |
| . | | | | 1.04 (c) (v) LXS 2007-11_No Fraud<br><br>1.04 (c) (vii) LXS 2007-11_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Independent Delivery Truck Owner/Driver earning $11,583 per month on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Research conducted through Salary.com reported the average salary at the 90th percentile for an Independent Delivery Truck Owner/Driver in the same geographic region was $4,119 per month. The Borrower's stated income is more than 2.5 times the Salary.com's 90th percentile, which should have been a red flag to the Underwriter the Borrower's income was overstated. In addition, the Borrower had a Payment shock of 210%, which was not supportive or indicative the Borrower earning $138,756 per year.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Independent Delivery Truck Owner/Driver earning $11,583 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848766 | |
| . | | | | | | **Grand Total of Repurchase Demand** | | | | | | **$4,751,205.00** | | |

.
.
.

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2014 4:42:55 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 15996879 | 1st | LABS 2003-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/26/2003, in the amount of $97,550. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the subject Note, Mortgage, and Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $97,550.00 | 2849152 | |
| | | | | 1.04 (b) (xii) LABS 2003-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LABS 2003-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable local, state, and federal laws. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable local, state, and federal laws is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849152 | |
| | | | | 1.04 (b) (xii) LABS 2003-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LABS 2003-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable local, state, and federal laws. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable local, state, and federal laws is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849152 | |
| | | | | 1.04 (c) (xviii) LABS 2003-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The original appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849152 | |
| 2 | 000000016166027 | 1st | LABS 2003-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/16/2003 in the amount of $229,500. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $229,500.00 | 2849154 | |
| | | | | 1.04 (b) (xii) LABS 2003-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LABS 2003-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable local, state, and federal laws. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable local, state, and federal laws is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849154 | |
| | | | | 1.04 (b) (xii) LABS 2003-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LABS 2003-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable local, state, and federal laws. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The TIL is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable local, state, and federal laws is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849154 | |
| | | | | 1.04 (c) (xviii) LABS 2003-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849154 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/20/2013 5:20:22 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

97

Cowen_Wilmington 489_Final_Version_3

| # | Loan Number | Lien | Deal | Guideline Code | Finding | Finding | N1 | N2 | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 000000030405930 | 1st | SASC 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/09/2005 and disbursed on 03/14/2005, in the amount of $311,250, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan with a 90% loan to value/combined loan to value (LTV/CLTV) and a 39.36% debt to income ratio (DTI). There was a Manual approval dated 03/09/2005, in the loan file. | Full | $311,250.00 | 2849635 |
| | | | | 1.04 (b) (xii) SAS 2005-6_Compliance with Applicable Law - Deemed MnA; 1.04 (c) (xvii) SAS 2005-6_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable local, state, and federal laws. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable local, state, and federal laws is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849635 |
| 4 | 000000031706955 | 1st | LMT 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/22/2005, in the amount of $482,081. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $482,081.00 | 2849161 |
| | | | | 1.04 (b) (xii) LMT 2005-3_Compliance with Applicable Law - Deemed MnA; 1.04 (c) (xvii) LMT 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable local, state, and federal laws. The Truth in Lending Act (TIL) required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a Final TIL.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable local, state, and federal laws is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849161 |
| | | | | 1.04 (c) (xviii) LMT 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849161 |
| 5 | 000000033271453 | 1st | LXS 2006-19 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/06/2006, in the amount of $262,500, as a purchase of an investment property. The loan was approved as a Stated Income/Verified Asset loan with a 74%/79% loan to value/combined loan to value (LTV/CLTV) and a 41.3% debt to income ratio (DTI). There was a Manual approval dated 08/30/2006, in the loan file. | Stated | $262,500.00 | 2849183 |
| | | | | 1.04 (b) (xvii) LXS 2006-19_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's more reasonable income results in an increase from 41.3% to 86.1%, which exceeds the represented DTI of 60%. | | | 2849183 |
| | | | | 1.04 (b) (xii) LXS 2006-19_DTI; 1.04 (c) (v) LXS 2006-19_No Fraud; 1.04 (c) (xii) LXS 2006-19_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Appraiser earning $13,000 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the District of Minnesota Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated, 03/19/2010, the Borrower's income for the year 2008 was negative, reporting net losses of $3,006 per month for the disclosed business on the application. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and a Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of debt to income (DTI) based on the Borrower's more reasonable income yields a DTI of 86.1%, which exceeds the seller's represented 60% Debt to income ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Appraiser earning $13,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849183 |

Cowen_Wilmington 489_Final_Version_3

| 6 | 000000033284126 | 1st | LXS 2006-19 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/29/2006, in the amount of $136,800, as a rate and refinance of a owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset documentation loan program, with a 80% Loan to Value/Combined Loan to Value, and a 44.62% Debt to Income Ratio. There was a manual approval dated 09/27/2006, in the loan file. | | Stated | $136,800.00 | 2849184 |
| | | | 1.04 (b) (xvii) LXS 2006-19_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt to income ratio in excess of 60%.<br><br>Despite the Seller's representations, a recalculation of debt to income ratio based on the Borrower's verified income results in a debt to income ratio of 94.94%, which exceeds the represented DTI of 60%. | | | | 2849184 |
| | | | 1.04 (b) (xvii) LXS 2006-19_DTI<br><br>1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Rural Carrier Associate for 6 years, earning $4,647 per month on the loan application. In addition, the Borrower also falsely stated secondary employment as a Sales Associate of a gas station for 6 years, earning $300 per month. An audit verification of employment was conducted through The Work Number, which revealed the Borrower was no longer employed as a Sales Associate of the gas station as of 11/20/2003. The subject transaction closed on 09/29/2006 and revealed the Borrower's actual earnings from the primary employer was a Rural Mail Carrier, in 2006 the year of the subject loan closing, was $28,038, or $2,336 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A re-calculation of the debt to income ratio based on the Borrower's verified income of $2,336 per month yields a debt to income ratio of 94.94%, which exceeds the Seller's represented 60% Debt to income ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Rural Mail Carrier for 6 years, earning $4,647 per month and additional income as a Sales Associate of a gas station for 6 years, earning $300 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2849184 |
| | | | 1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower stated on the loan application secondary employment as a Sales Associate for a gas station for 6 years. The loan file contained a verbal verification of employment; however, an audit verification of employment was conducted through The Work Number, which revealed the Borrower was no longer employed as a Sales Associate for the gas station as of 11/20/2003. The subject transaction closed on 09/29/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated secondary employment as a Sales Associate for 6 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | | 2849184 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/20/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk - Loan Review Findings

08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment part 6   Pg 101 of 250

| 7 | 000000033394651 | 1st | LXS 2006-19 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/09/2006, in the amount of $200,000, as a purchase of an owner occupied single-family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 60% Debt to Income Ratio (DTI). There was a manual approval, dated 10/12/2006, in the loan file. | Full | $200,000.00 | 2849193 |
|   |   |   |   | 1.04 (b) (xvii) LXS 2006-19_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified rental income of $0 results in an increase from 47% to 79.51%, which exceeds the represented DTI of 60%. |   |   | 2849193 |
|   |   |   |   | 1.04 (b) (xvii) LXS 2006-19_DTI<br><br>1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated rental income on his departing residence in the amount of $1,850 per month on the loan application. The Borrower filed Chapter 7 Bankruptcy documents with the District of Nevada on 03/30/2010. The Voluntary Petition reflected the Borrower continued to reside in the departing residence and did not reflect rental income for the property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified rental income of $0 yields a DTI of 79.51%, which exceeds the Seller's represented 60% Debt to Income ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated rental income in the amount of $1,850 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. |   |   | 2849193 |
|   |   |   |   | 1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower filed Chapter 7 Bankruptcy documents with the District of Nevada on 03/30/2010. The Voluntary Petition reflected a current address for the Borrower, which was not the subject property. Additionally, the address reflected on the petition was the Borrower's current address at origination, which was represented as being retained as an investment property. Review of the Statement of Financial Affairs revealed, the Borrower declared, under penalty of perjury, having no other addresses for the period covering 03/31/2007 through 03/30/2010. The mortgage document required the Borrower to occupy the subject property within 60 days and continue to occupy the subject property for one year. The subject loan closed on 10/09/2006; therefore, the Borrower did not occupy the subject property for the required time period.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. |   |   | 2849193 |
| 8 | 000000033528555 | 1st | LXS 2006-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/06/2006, in the amount of $464,000, a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 40.45% Debt to Income Ratio. There was a Manual approval dated 11/06/2006, in the loan file. | SISA | $464,000.00 | 2849209 |
|   |   |   |   | 1.04 (b) (xviii) LXS 2006-20_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 40.45% to 464.94%, which exceeds the represented DTI of 60%. |   |   | 2849209 |
|   |   |   |   | 1.04 (b) (xvii) LXS 2006-20_DTI<br><br>1.04 (c) (v) LXS 2006-20_No Fraud<br><br>1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Chef earning $12,375 per month on the loan application. The loan file contained the Borrower's 2006 W-2 form from the same employer listed on the loan application, which revealed total income earned for 2006, the year the subject loan closed, of $17,340, or $1,445 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 464.94%, which exceeds the Seller's represented 60% Debt to Income ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Chef earning $12,375 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. |   |   | 2849209 |
|   |   |   |   | 1.04 (c) (v) LXS 2006-20_No Fraud<br><br>1.04 (c) (vii) LXS 2006-20_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan file contained a hardship letter from the Borrower explaining the subject property was purchased for a family member, and the family member resided in the property for 2 years. The loan file also contained the Borrower's 2006 and 2007 tax returns, which reflected the departing address as the Borrower's residence. The loan file did not include a lease for the departing property to substantiate the rental income.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. |   |   | 2849209 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/20/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk - Loan Review Findings
08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
part 2 pg 102 of 250

Cowen_Wilmington 489_Final_Version_3

| 9 | 00000033531229 | 1st | LXS 2006-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/06/2006, in the amount of $480,000, as a rate and term refinance of a owner occupied single family dwelling. The loan was approved as a Stated Income/Verified Asset documentation loan with an 82%/95% Loan to Value/Combined Loan to Value, and a 40.54% Debt to Income Ratio (DTI). There was a manual approval dated 11/09/2006, in the loan file. | Stated | $480,000.00 | 2849210 |
| | | | | 1.04 (b) (xviii) LXS 2006-20_DTI  1.04 (c) (v) LXS 2006-20_No Fraud  1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented the disclosed income. The Borrower falsely stated income as an Owner of a restaurant business earning $13,800 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2006 tax returns, which revealed self employment income on the Schedule C of $40,291 per year, or $3,357 per month the year the subject loan closed.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact nor omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 166.66%, which exceeds the Seller's represented 60% Debt to Income Ratio.

Despite the Seller's representations, the Borrower falsely stated income of $13,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849210 |
| 10 | 00000033654518 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/11/2006, in the amount of $276,000, a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 25% Debt to Income (DTI). There was a Manual approval dated 12/11/2006, in the loan file. A review of the subject loan file revealed that the Borrower's employment, income, and debt were misrepresented. | Stated | $276,000.00 | 2849297 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI  1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Construction Contractor earning $27,500 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Middle District of Florida, Fort Myers Division Bankruptcy Courts as part of a Chapter 13 bankruptcy case dated 10/28/2008, the Borrower did not claim any income from his company in the same year as the subject closing of 2006.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact nor omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income (DTI) based on the Borrower's verified income of $0 and undisclosed debt yields an invalid DTI.

Despite the Seller's representations, the Borrower falsely stated income as a self-employed Construction Contractor earning $27,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849297 |
| | | | | 1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. The audit credit report revealed the Borrower had 5 undisclosed mortgages opened prior to the subject loan. In addition, public records research through Accurint and SiteX.com revealed the undisclosed properties and mortgages with no monthly payments being disclosed; therefore, all mortgage payments are based on the subject property interest rate of 8.25%. The first property was purchased on 09/15/2006 with a mortgage of $160,000 and a monthly payment of $1,202, the second property was also purchased on 09/15/2006 with a mortgage of $160,000 and a monthly payment of $1,202, the third property was purchased on 02/24/2006 with a mortgage of $149,200 with a monthly payment of $1,120, the fourth property was purchased on 02/24/2006 with a monthly payment of $865, and the fifth unknown property was purchased in 01/2005 with a monthly payment of $857.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact nor omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $5,246 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849297 |
| | | | | 1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | | 3 | The Borrower misrepresented his employment on the loan application. According to bankruptcy documents filed by the Borrower with the Middle District of Florida, Fort Myers Division Bankruptcy Courts as part of a Chapter 13 bankruptcy case dated 10/28/2008, the Borrower owned an additional company that was not disclosed on the origination application.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact nor omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as only a self-employed Construction Contractor for 2 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849297 |

Cowen_Wilmington 489_Final_Version_3

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 000000033752275 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/29/2006, in the amount of $76,350, as a purchase of a non-owner occupied, single family residence. The loan was approved as a Stated Income/Stated Asset (SISA) documentation loan, with a 75% loan to Value (LTV) and a Combined Loan To Value (CLTV), and a 33% Debt to Income (DTI). There was a Manual approval dated 12/27/2006, in the loan file. | SISA | $76,350.00 | 2849302 |
| . | | | | 1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Midwest Sales Director earning $8,500 per month on the loan application. Research of public records revealed the Borrower filed a chapter 7 bankruptcy on 06/03/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $7,936 per month in 2007. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Midwest Sales Director earning $8,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849302 |
| 12 | 000000033753898 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/21/2006, in the amount of $180,236, as a purchase of a second home single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification) loan, with a 78.25%/89.11% Loan To Value/Combined Loan To Value (LTV/CLTV). There was a Manual approval dated 12/19/2006, in the loan file. | NINENA | $180,236.00 | 2849303 |
| . | | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br><br>1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit report revealed the Borrower obtained an undisclosed debt in the same month as the subject loan closing of 12/21/2006. In 12/2006, the Borrower obtained an undisclosed mortgage in the amount of $24,000 with a monthly payment of $346 on an undisclosed property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $346 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849303 |
| 13 | 000000033755992 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/02/2007, in the amount of $212,500, as a cash out refinance transaction of an owner occupied, single family dwelling. The loan was approved as a Stated Income/Verified Asset loan, with an 85% loan to value/combined loan to value (LTV/CLTV), and a 43.86% debt to income ratio (DTI). There was a Manual approval dated 12/27/2006, in the loan file. | Stated | $212,500.00 | 2849335 |
| . | | | | 1.04 (b) (xix) LXS 2007-6_No Fraud<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Administrative earning $5,750 per month on the loan application. The loan file contained post-closing documentation, including 2006 tax returns, which verified joint income as $101,603 x 50% = $50,802 or $4,233.46 per month. The post-closing documentation also included a letter of explanation for hardship, which verified Borrower's employer was also her spouse. The letter also indicated that Borrower was experiencing cash flow problems at the time of origination. The Borrower stated in letter that she was employed by her spouse at the time of origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Administrative Executive earning $5,750 per month on the loan application, which not only constituted an event of default under the executed Mortgage and Deed of Trust, but also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. | | | 2849335 |
| | | | | 1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application. Per loan application, the Borrower indicated employment as an Administrative Executive for a Company for 4 years. The loan file contained post-closing documentation, including a letter of explanation for hardship, which verified misrepresentation of employment. The Borrower stated in letter that she was employed by her spouse at the time of origination. The business reflected on the origination loan application was owned by Borrower's spouse; however, this was not disclosed at origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Administrative Executive for 4 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849335 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/20/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) LXS 2007-6_No Fraud | Misrepresentation of Housing History - With Red Flags Present | Misrepresentation of Housing History | 3 | 3 | The Borrower misrepresented her housing history. Per loan application, Borrower owned or resided at subject property for 4.6 years. The loan file contained post-closing documentation, including 2006 and 2007 tax returns, which indicated the subject property as her primary residence. In addition, Schedule E indicates the subject property as a rental property for 2006 and 2007; therefore, the Borrower did not occupy the subject property prior to or after the subject loan closing on 01/02/2007. | | 2849335 |
| | | | 1.04 (c) (vii) LXS 2007-6_No Event of Default | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | |
| | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | |
| | | | | | | | | Despite the Seller's representations, the Borrower falsely stated on the loan application that they resided their current residence for 4.6 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | |
| | | | 1.04 (c) (v) LXS 2007-6_No Fraud | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan file contained post-closing documentation, including 2006 and 2007 tax returns, which indicated Borrower's primary address of a property owned by her spouse located in Tacoma, WA. In addition, Schedule E indicates the subject property as a rental property for 2006 and 2007. According to Accurint, the Borrower occupied another property owned from 07/2005 through 12/2012; therefore, the Borrower did not occupy the subject property prior to or after the subject loan closing on 01/02/2007. The origination loan file contained homeowners insurance for the subject property, which indicated subject was her primary residence. The loan file also contained a letter of explanation from the Borrower stating that she was occupying other property owned by spouse until remodeling was completed on subject; however, Borrower did not occupy after the subject loan closing on 01/02/2007. The origination credit report dated 12/20/2006, also indicated other property owned as Borrower's primary address as of 08/2005. | | 2849335 |
| | | | 1.04 (c) (vii) LXS 2007-6_No Event of Default | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | |
| | | | | | | | | Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | |
| 14 | 000000033786252 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/08/2007, in the amount of $209,000, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.09% Debt to Income Ratio (DTI). There was a Manual approval dated 12/04/2006, in the loan file. | SISA | $209,000.00 | 2849242 |
| | | | 1.04 (b) (xi) LXS 2007-14H_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. | | 2849242 |
| | | | 1.04 (c) (xvii) LXS 2007-14H_Origination Practices | | | | | The disclosed finance charge ($519,381.20) is ($10,904.91) below the actual finance charge ($530,286.11). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i)(2)). | | |
| | | | | | | | | The disclosed finance charge ($519,381.20) is ($10,904.91) below the actual finance charge ($530,286.11). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)). | | |
| | | | | | | | | The disclosed finance charge ($519,381.20) is less than the actual finance charge ($530,286.11) by ($10,904.91). For rescission purposes, the Truth in Lending Act considers the finance charge inaccurate if it is understated by more than half of 1% of the note amount ($1,045.00) or $100, whichever is greater. (12 CFR Sec. 1026.23(g)). | | |
| | | | | | | | | Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | |
| | | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | |
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 2 | 3 | The Seller represented and warranted that the subject loan would not have a DTI in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified misrepresented income and employment, the Co-Borrower's stated income and re-calculated debt results in an increase from 42.09% to 97.74%, which exceeds the represented DTI. | | 2849242 |
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI | Misrepresentation of Income - With Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Administrative Assistant for 4 years, earning $3,333 per month on the loan application. The Borrower misrepresented her employment on the loan application. The subject loan file contained post-closing documentation including the Borrower's 2006 and 2007 tax returns. Both tax returns reflected the Borrower's occupation as Homemaker. The subject loan closed on 01/08/2007. | | 2849242 |
| | | | 1.04 (c) (v) LXS 2007-14H_No Fraud | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | |
| | | | 1.04 (c) (vii) LXS 2007-14H_No Event of Default | | | | | A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 97.74%, which exceeds the Seller's represented 60% Debt to income ratio. | | |
| | | | | | | | | Despite the Seller's representations, the Borrower falsely stated income as an Administrative Assistant for 4 years earning $3,333 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/20/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| # | Loan No | Lien | Deal | | | | | | Narrative | Status | Amount | ID |
|---|---------|------|------|---|---|---|---|---|-----------|--------|--------|----|
| | | | | 1.04 (c) (v) LXS 2007-14H_No Fraud | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 5 | 3 | The Borrower misrepresented her employment on the loan application. The subject loan file contained post closing documentation including the Borrower's 2006 and 2007 tax returns. Both tax returns reflected the Borrower's occupation as "homemaker". However, the loan application used on 01/08/2007 and indicated the Borrower was employed as an Administrative Assistant for 4 years.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the Loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as an Administrative Assistant for 4 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849242 |
| | | | | 1.04 (c) (vii) LXS 2007-14H_No Event of Default | | | | | | | | |
| 15 | 000000035341304 | 1st | SASC 2005-14 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/29/2005, in the amount of $272,800. There was neither an Automated Underwriting System Approval nor Manual approval included in the loan file to definitively ascertain whether loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $272,800.00 | 2849580 |
| | | | | 1.04 (b) (xii) SAS 2005-14_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable local, state, and federal laws. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable local, state, and federal laws is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849580 |
| | | | | 1.04 (c) (xvii) SAS 2005-14_Origination Practices | | | | | | | | |
| | | | | 1.04 (c) (xviii) SAS 2005-14_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849580 |
| 16 | 000000038989612 | 1st | LXS 2006-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/15/2006, in the amount of $158,850, as a purchase of a non-owner occupied Single Family Residence (SFR) in a Planned Unit Development (PUD). The loan was approved as a Stated Income, Verified Asset loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.26% Debt to Income (DTI). There was a Manual approval dated 09/14/2006, in the loan file. | Stated | $158,850.00 | 2849213 |
| | | | | 1.04 (b) (xviii) LXS 2006-20_DTI | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records and the audit credit report indicated the Borrower acquired an undisclosed mortgage in the amount $28,000 with a payment of $277 per month on 09/08/2006, 7 days prior to the subject loan closing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of DTI based on the Borrower's undisclosed debt, improper calculation of debt, and verified income yields a negative Debt to Income (DTI ) which is an invalid DTI.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $277 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849213 |
| | | | | 1.04 (c) (v) LXS 2006-20_No Fraud | | | | | | | | |
| | | | | 1.04 (c) (vii) LXS 2006-20_No Event of Default | | | | | | | | |
| | | | | 1.04 (c) (v) LXS 2006-20_No Fraud | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed home based Real Estate Broker/Investor earning $21,000 per month on the loan application. The post-closing tax returns for 2007, the subsequent year after the subject loan closing, reflected the Borrower's income as a loss with carryover loss from the year of the subject loan closing in the amount of $12,137 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Real Estate Broker/Investor earning $21,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849213 |
| | | | | 1.04 (c) (vii) LXS 2006-20_No Event of Default | | | | | | | | |

| # | Loan No. | Lien | Deal | Finding Code | Category 1 | Category 2 | C1 | C2 | Finding Narrative | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 000000039006812 | 1st | LXS 2006-19 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/01/2006, in the amount of $274,310, as a rate and refinance of a owner occupied condominium. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value, and a ... Debt to Income Ratio. There was a Manual approval dated 09/01/2006, in the loan file. | Stated | $274,310.00 | 2849197 |
| | | | | 1.04 (b) (xvii) LXS 2006-19_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's undisclosed debt results in an increase from 42% to 92.39%, which exceeds the represented DTI of 60%. | | | 2849197 |
| | | | | 1.04 (b) (xvii) LXS 2006-19_DTI<br>1.04 (c) (v) LXS 2006-19_No Fraud<br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. A search of public records revealed the Borrower purchased an undisclosed property on 06/30/2006, in Centreville VA. Two mortgages were obtained to facilitate the purchase of this property in the total amount of $575,000, with a combined monthly obligation of $4,498.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's undisclosed debt yields a DTI of 92.39%, which exceeds the Seller's represented 60% Debt to income ratio.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $4,498 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849197 |
| | | | | 1.04 (c) (v) LXS 2006-19_No Fraud<br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented his intent to occupy the subject property. A search of public records revealed the Borrower obtained utility service at the undisclosed property address the month prior to closing of the subject transaction. Further, according to the audit credit report, the Borrower resided at the undisclosed property address since 08/2006 to present. There is no evidence in the file that at least one named Borrower occupied the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849197 |
| 18 | 000000039064225 | 1st | LXS 2006-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/15/2006, in the amount of $114,900, as a purchase of an attached investment property located in a planned unit development. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value, and a 53.73% Debt to Income Ratio. There was a manual approval dated 09/12/2006, in the loan file; however, this approval was not the final loan approval. The audit calculations were determined by use of the income and liabilities from the loan application along with the first payment letter to determine the Lender's calculation of the subject property total monthly payment. | Full | $114,900.00 | 2849214 |
| | | | | 1.04 (b) (xviii) LXS 2006-20_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt to income ratio in excess of 60%.<br><br>Despite the Seller's representations, a recalculation of debt to income ratio based on the Borrowers' undisclosed debt results in a debt to income ratio of 160.55%, which exceeds the represented DTI of 60%. | | | 2849214 |
| | | | | 1.04 (b) (xviii) LXS 2006-20_DTI<br>1.04 (c) (v) LXS 2006-20_No Fraud<br>1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrowers misrepresented their debt obligations. Per the audit credit report and the Mortgage Electronic Registry System report, the Borrowers purchased 4 undisclosed properties resulting in 7 undisclosed mortgages. The Borrowers purchased an undisclosed property located in Covington, GA, on 09/14/2006, which is prior to the subject transaction dated 09/15/2006, and resulted in 2 undisclosed mortgage loans with balances of $167,950 and $20,900 and undisclosed mortgage payments of $1,516 and $462 per month. The Borrowers purchased an undisclosed property located in San Bernardino, CA, on 09/22/2006, which is within the same month as the subject transaction dated 09/15/2006, and resulted in 2 undisclosed mortgage loans with balances of $294,000 and $73,500 and undisclosed mortgage payments of $2,419 and $839 per month. The Borrowers purchased an undisclosed property located in San Bernardino, CA, on 09/26/2006, which is within the same month as the subject transaction dated 09/15/2006, and resulted in 2 undisclosed mortgage loans with balances of $285,600 and $71,400 and undisclosed mortgage payments of $2,359 and $824 per month. The Borrowers purchased an undisclosed property located on the same street as the subject property located in Griffin, GA, on 09/15/2006, which is the same date as the subject transaction dated 09/15/2006, and resulted in 1 undisclosed mortgage loan with a balance of $114,900 and an undisclosed monthly mortgage payment of $1,136 per month. In total, the Borrowers failed to disclose a total mortgage debt balance of $1,028,250 with a total undisclosed monthly debt of $9,555. Further, the Lender was aware of the purchase of the property located on the same street as the subject property, which closed on the same day as the subject transaction and originated with the subject Lender; however, failed to include in the Borrowers' debt calculation.<br><br><span style="color:#cc5500">The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' debt, so as to confirm the Borrowers' overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.</span><br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>There is no evidence in the file that the Lender investigated the 8 inquiries within 90 days of the subject transaction, dated from 06/15/2006 to 08/16/2006, reflected on the origination credit report dated 08/25/2006. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. The non-disclosure of a total of $9,555 in monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt.<br><br>A recalculation of debt to income ratio based on the Borrowers' undisclosed debt yields a debt to income ratio of 160.55%, which exceeds the Seller's represented 60% Debt to income ratio.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a total of $9,555 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849214 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/20/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 19 | 000000039220108 | 1st | LXS 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/24/2006, in the amount of $198,750, as a purchase of a owner-occupied four-unit property. The loan was approved as a Stated Income/Verified Asset documentation loan, with a 90% loan to value/combined loan to value (LTV/CLTV) and a 39.25% debt to income ratio. There was a manual approval dated 10/30/2006 in the loan file. | Stated | $198,750.00 | 2849233 |
| | | | | 1.04 (c) (v) LXS 2007-1_No Fraud<br><br>1.04 (c) (vii) LXS 2007-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as the Owner of a Freight company earning $21,739 per month on the loan application. Research of public records revealed the Borrower filed a chapter 7 Bankruptcy on 02/11/2008 with the United States Bankruptcy Court, District of New Jersey. The petition included a Statement of Financial Affairs, which revealed income in 2006, the year the subject loan closed, in the amount of $215,000, or $17,916 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Income of $21,739 per month for the Owner of a freight company is unreasonable. Salary.com reported the average salary at the 75th percentile for a Transportation Executive in the same geographic region was $10,752 per month. The Borrower's stated income is more than 2 times the Salary.com's 75th percentile, which is a red flag that the Borrower's income was overstated. In addition, the Borrower had four state tax liens and revolving credit utilization of 80%. The Borrower was rapidly acquiring properties. The Borrower had purchased three other properties within the preceding 12 months. The Borrower's credit and asset profiles were not indicative of a Borrower earning $21,739 per month. Further, the Borrower's employment was not properly verified. The loan file did not contain the Borrower's business license or a Certified Public Accountant letter and there was no evidence of advertising. It is important to note that further audit research revealed the Borrower was indicted and plead guilty in 2009, in Federal court, to money laundering and mail fraud in connection with a scheme that defrauded investors associated with his business.<br><br>Despite the Seller's representations, the Borrower falsely stated income of $21,739 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849233 |
| 20 | 000000039268172 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/05/2006, in the amount of $200,734, as a purchase of an investment property. The loan was approved as a Stated Income/Verified Asset loan with a 100% loan to value/combined loan to value (LTV/CLTV) and a 38.92% debt to income ratio (DTI). There was a Manual approval dated 10/04/2006, in the loan file. | Stated | $200,734.00 | 2849308 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 38.92% to 321.41%, which exceeds the represented DTI of 60%. | | | 2849308 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br><br>1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. Per the audit credit report and public records obtained through the Mortgage Electronic Registry System, and Accurint the Borrower had 2 undisclosed mortgages at the time of the subject property's origination on 10/05/2006. The Borrower purchased a property located in Farmington, MN on 10/10/2006 and obtained a first mortgage in the amount of $160,550 with a calculated payment using the subject Note rate of 8.65% and loan terms of $1,252 per month and a second mortgage in the amount of $40,100 with a calculated payment using the subject Note rate of 8.65% and loan terms of $313 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The origination credit report contained 5 loan inquiries. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The non-disclosure of a $1,565 monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt.<br><br>A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 321.41%, which exceeds the Seller's represented 60% Debt to income ratio.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $1,565 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849308 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/20/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xviii) LXS 2007-3 _DTI<br><br>1.04 (c) (v) LXS 2007-3 _No Fraud<br><br>1.04 (c) (vii) LXS 2007-3 _Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner/Partner of a painting and decorating company earning $15,000 per month on the loan application. According to a Statement of Financial Affairs, the Borrower filed with the State of Minnesota Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated, 03/28/2008, the Borrower's income for the year 2006 was $22,216, which was from a partnership, resulting in $1,851 per month for the Borrower.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Income of $15,000 per month for an Owner/Partner of a painting and decorating company is unreasonable and is a red flag for potential misrepresentation. The U.S. Bureau of Labor Statistics reported the average salary at the 75th percentile for a Painter/Decorator in the same geographic region was $4,237 per month. The Borrower's stated income is more than 3.5 times the U.S. Bureau of Labor Statistics' 75th percentile which is a red flag that the Borrower's income was overstated. The loan file contained a search for variances for the Borrower's information, which found a high impact issue stating the income was a potential issue due to a notable variance between income reported in the subject transaction loan and income in other loans for the same Borrower in the origination company's inventory, which is an additional red flag that the Borrower's stated income was overstated. The Borrower's capacity to repay could not be properly evaluated due to the overstatement of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses. Overstating earnings by 25% is significant as the Borrower is qualified on gross income, not taking the standard payroll taxes of Federal income tax and social securities taxes in to consideration.<br><br>A recalculation of debt to income (DTI) based on the Borrower's verified income and undisclosed debt yields a DTI of 321.41%, which exceeds the Seller's represented 60% debt to income ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner/Partner of a painting and decorating company earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849308 |
| 21 | 000000039426499 | 1st | LXS 2007-3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/03/2006, in the amount of $475,000, as a purchase of an investment multi family residence. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value, and a 23.83% Debt to Income Ratio. There was a Manual approval dated 11/03/2006, in the loan file. | Full | $475,000.00 | 2849311 |
| | | | 1.04 (c) (v) LXS 2007-3 _No Fraud<br><br>1.04 (c) (vii) LXS 2007-3 _Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. According to the audit credit report, the Borrower purchased an unknown property in 10/2006, the month prior to the subject loan closing on 11/03/2006, which was not disclosed on the loan application or included in the debt calculation. Two mortgages were obtained to facilitate the purchase of this property in the total amount of $415,000 with a monthly obligation of $3,626.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. The non-disclosure of a $3,626 monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt.<br><br>A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 58.88%.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $3,626 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849311 |
| | | | | | | | | | | | | |

| # | | Loan Type | | Rep | Rep | | Findings | Doc Type | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|
| 22 | 000000039461355 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 10/24/2006, in the amount of $385,000, as a general refinance of a owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 30.27% Debt to Income ratio (DTI). There was a Manual approval dated 10/20/2006, in the loan file. | Stated | $385,000.00 | 2849313 |
| | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.  Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 30.27% to 17,772.81%, which exceeds the represented DTI of 60%. | | | 2849313 |
| | | | 1.04 (b) (xviii) LXS 2007-3_DTI  1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner/Operator of a mobile home dealership for 9 years, earning $16,000 per month on the loan application. An audit re-verification of employment and income was provided through bankruptcy records, which revealed the Borrower's 2006 income was $32 per month.  The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 17,772.81%, which exceeds the Seller's represented 60% Debt to income ratio.  Despite the Seller's representations, the Borrower stated income as an Owner/Operator of a mobile home dealership earning $16,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849313 |
| 23 | 000000039617766 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 12/07/2006, in the amount of $296,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 49.82% Debt to Income Ratio (DTI). There was a Manual approval dated 12/01/2006, in the loan file. | SISA | $296,000.00 | 2849316 |
| | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.  Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 49.82% to 69.84%, which exceeds the represented DTI of 60%. | | | 2849316 |
| | | | 1.04 (b) (xviii) LXS 2007-3_DTI  1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Fiscal Officer earning $9,970 per month on the loan application. An audit re-verification of employment and income was obtained from the employer, which revealed that the Borrower earned $4,052 per month in the same position during the year of the subject loan closing in 2006.  The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the executed Mortgage.  The Borrower's qualifying credit score was 634 and the Borrower's credit profile reflected that the Borrower had 10 collection accounts of which 2 accounts were still active and unpaid reported on the Borrower's origination credit report. Additionally, the Borrower stated total assets of $14,063 in assets on the loan application, which did not cover the required $18,025 in reserve requirements. The Borrower's capacity to repay could not be properly evaluated due to the overstatement of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses.  A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 69.84%, which exceeds the Seller's represented 60% Debt to income ratio.  Despite the Seller's representations, the Borrower falsely stated income as a Fiscal Officer earning $9,970 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849316 |
| 24 | 000000039628623 | 1st | LXS 2006-20 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 11/13/2006 in the amount of $375,000 as a rate and term refinance of an owner occupied single family residence. The loan was approved as Stated Income/Verified Asset with a 77.32%/77.32% loan to value/combined loan to value and a 25.44% debt to income ratio. There was a Manual approval, dated 11/06/2006 in the loan file. | Stated | $375,000.00 | 2849218 |
| | | | 1.04 (b) (xii) LXS 2006-20_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2006-20_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  The disclosed finance charge ($867,450.42) is ($90.64) below the actual finance charge ($867,541.06). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i)(2)).  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849218 |

Cowen_Wilmington 489_Final_Version_3

**Digital Risk - Loan Review Findings**

Cowen_Wilmington 489_Final_Version_3     08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment part Pg 110 of 250

| # | Loan # | Lien | Deal | Finding Codes | Finding Category | Finding Category 2 | | | Narrative | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25 | 000000039666946 | 1st | LXS 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/17/2006, in the amount of $495,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset documentation loan, with a 90% total combined loan-to-value... Debt to Income Ratio (DTI). There was a manual approval, dated 11/17/2006, in the loan file. | Stated | $495,000.00 | 2849236 |
| | | | | 1.04 (c) (v) LXS 2007-1_No Fraud 1.04 (c) (vii) LXS 2007-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. The Borrower falsely stated employment as an Office Manager for 5 years on the loan application. Audit verification of employment was received from the Borrower's employer, which revealed the Borrower was actually a Human Resource Clerk and not an Office Manager.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of his financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and of Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Office Manager for 5 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849236 |
| | | | | 1.04 (c) (v) LXS 2007-1_No Fraud 1.04 (c) (vii) LXS 2007-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Office Manager earning $5,166 per month on the loan application. Audit verification of employment was received from the Borrower's employer, which revealed the Borrower was actually a Human Resource Clerk and not an Office Manager. Furthermore, the verification revealed the Borrower's actual 2006 income was $3,068 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Office Manager earning $5,166 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849236 |
| 26 | 000000039790001 | 1st | LXS 2006-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2006, in the amount of $297,600, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a No Ratio loan (No Income, Verified Asset) with an 80%/100% loan-to-value/combined loan-to-value. There was a Manual approval dated 11/29/2006, in the loan file. A second mortgage in the amount of $74,400 was closed simultaneously. | NIVA | $297,600.00 | 2849219 |
| | | | | 1.04 (b) (xviii) LXS 2006-20_DTI 1.04 (c) (v) LXS 2006-20_No Fraud 1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the Mortgage Electronic Registration System, SiteX.com and the audit credit report revealed 4 undisclosed mortgages tied to 2 undisclosed properties located in Willowbrook, IL and Naperville, IL. The first undisclosed property located in Willowbrook, IL had 2 undisclosed mortgages, obtained on 11/14/2006 with loan amounts of $516,000 and $129,000, and mortgage payments of $4,139 and $1,478 per month. The second undisclosed property located in Naperville, IL, had 2 undisclosed mortgages, obtained on 12/06/2006 with loan amounts of $256,000 and $64,000, and mortgage payments of $2,482 and $555 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The original credit report reflected 4 inquiries between 10/31/2006 and 11/17/2006. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. The non-disclosure of $8,654 in monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt.<br><br>A recalculation of the Debt to Income Ratio (DTI) based on the Borrower's verified income of $0 results in an invalid DTI.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $8,654 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849219 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate    Run: 3/20/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2006-20_No Fraud<br><br>1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. The snap file contained a verbal verification of employment indicating the Borrower was a Manager of a clothing retail store for 4 years. A verbal verification of employment was conducted with the Owner of the company, who verified the Borrower was never employed with the disclosed employer and did not know the Borrower in any capacity.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of his financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>It is important to note, the employment was not listed on the Borrower's origination credit report, which is a red flag for potential misrepresentation. Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Manager of a retail clothing store for 4 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849219 |
| 27 | 000000040002818 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 1/12/2007, in the amount of $320,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset documentation loan, with a 78.05%/98.78% loan to value/combined loan to value, and a 42.21% debt to income ratio. There was an underwriter transmittal summary, dated 01/03/2007, in the loan file; however, there was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $320,000.00 | 2849345 |
| | | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt to income (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 42.21% to 202.76%, which exceeds the represented DTI of 60%. | | | 2849345 |
| | | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of a beauty salon, earning $8,000 on the loan application. Research of public record conducted through the United States Bankruptcy Court revealed Borrower filed for bankruptcy with the Eastern District of Virginia. The petition included a Statement of Financial Affairs, section 18, dated 02/28/2010, which revealed the Borrower declared under penalty of perjury ownership of the business through 12/2008 and earned 2008 income of $1,667 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed with the same business.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The origination credit report, dated 12/08/2006, revealed the Borrower had 5x30, 4x60 and 6x90 day late payments on revolving trade lines, 3x30 day late payments two installment trade lines and nine collection accounts. Furthermore, the Borrower had 5 revolving trade lines with a maximum credit limit of $13,987 and a 65% total utilization of available revolving credit. The Borrower had no asset documentation and experienced an increase in the monthly housing payment from $2,390 per month to $3,050 per month. The preceding facts are not indicative of an individual earning $96,000 per year warranted additional due diligence to ensure the Borrower's income was not misrepresented.<br><br>A recalculation of debt to income (DTI) based on the Borrower's verified income yields a DTI of 202.76%, which exceeds the Seller's represented 60% Debt to Income Ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner earning $8,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849345 |
| | | | | | | | | | | | | |

| 28 | 000000040003618 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/17/2007, in the amount of $464,000, as a cash-out refinance of a owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% open to value/combined loan to value. Stated debt-to-income ratio. There was a Manual approval, dated 12/26/2006, in the loan file. | Stated | $464,000.00 | 2849346 |
| | | | 1.04 (b) (xix) LXS 2007-6_DTI | | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt-to-income ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income of $1,448 and the Co-Borrower's stated income of $7,000, results in an increase from 35.50% to 67.78%, which exceeds the represented DTI of 60%. | | | 2849346 |
| | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Supervisor for 8 months, earning $7,500 per month on the loan application. The verbal Verification of Employment reflected the Borrower was a Sales Associate. The loan file contained the Borrowers' same year 2006 post-closing tax return, which revealed the Borrower's income with the same employer was $1,448 per month.<br><br>Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan an event of default under the Mortgage.<br><br>Income of $7,500 per month for a Sales Associate is unreasonable. The U. S. Bureau of Labor Statistics reported the average salary at the 75th percentile for a Sales and Related Worker in the same geographic region was $4,273 per month. The origination credit report reflected the Borrowers were utilizing 87% of revolving credit limits. The Borrowers Verification of Deposit forms reflected total balances of $8,000. The Borrowers' credit and asset profiles were not indicative of individuals earning a combined income of $14,500 per month. Furthermore, the loan file contained evidence the Borrower had been unemployed for an 8 month period within the 24 month period preceding loan application.<br><br>A recalculation of debt-to-income ratio (DTI) based on the Borrower's verified income of $1,448 and the Co-Borrower's stated income of $7,000, yields a DTI of 67.78%, which exceeds the Seller's represented 60% Debt to Income Ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Supervisor, earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849346 |
| | | | 1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Co-Borrower misrepresented his employment on the loan application. The loan file contained the Borrowers' same year post-closing 2006 tax return, which reflected the Borrowers owned a business. Per a hardship letter written by the Borrowers, the Co-Borrower started an auto detail business in 2006, which was not disclosed at application.<br><br>Verification and disclosure of the Borrowers' employment, so as to confirm the accuracy and stability of the Borrowers' employment and adequacy of his financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>Without properly verifying the employment status of the Co-Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Co-Borrower falsely stated only employment as a Longshoreman for 8 years and 7 months and did not disclose the secondary self-employment, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849346 |

| 29 | 000000040305971 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/14/2007, in the amount of $567,450, as a purchase of an owner-occupied single-family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 60.00% Debt to Income Ratio. There was a manual approval dated 03/13/2007, in the loan file. | Stated | $567,450.00 | 2849377 |
| | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 42.66% to 258%, which exceeds the represented DTI of 60%. | | | 2849377 |
| . | | | 1.04 (b) (xix) LXS 2007-6_DTI

1.04 (c) (v) LXS 2007-6_No Fraud

1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrowers falsely stated income as Owners of a Construction Business earning $18,000 per month on the loan application. According to the Statement of Financial Affairs on the Bankruptcy petition filed 07/03/2009, by the Borrower with the Central District of California Bankruptcy Court, the Borrowers income for the year of the subject loan closing of 2007 was listed as $35,532 or $2961 per month. Further, the loan file contained post-closing 2007 tax returns which reflect the same earned income for 2007. The loan file contained 2006 tax returns which reflect $35,992 or $2,999 per month in self-employment.

The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of DTI based on the Borrower's verified income yields a Debt to Income Ratio (DTI) of 258%, which exceeds the seller's represented 60% Debt to income ratio.

Despite the Seller's representations, the Borrowers falsely stated income as Owners of a Construction Business earning $18,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849377 |
| 30 | 000000040407637 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/30/2007, in the amount of $447,200, as a purchase of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Stated Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.60% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | SISA | $447,200.00 | 2849382 |
| . | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.

Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 38.60% to 107.11%, which exceeds the represented DTI of 60%. | | | 2849382 |
| . | | | 1.04 (c) (xix) LXS 2007-6_DTI

1.04 (c) (v) LXS 2007-6_No Fraud

1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Network Engineer for an Information Technology company for 3 years, earning $17,500 per month on the loan application. The loan file contained the Borrower's 2007 W-2 form, which revealed the Borrower's income for the closing year of 2007 was $74,757 or $6,230 monthly. The loan file also contained the Borrower's 2006 W-2 form, which revealed income of $72,812 or $6,068 per month.

The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

The U.S. Bureau of Labor and Statistics reported the average salary at the 75th percentile for Engineers in the same geographic region was $7,929 per month. The Borrower's stated income is more than 2 times the U.S. Bureau of Labor and Statistics' 75th percentile, which is a red flag that the Borrower's income was overstated. The Borrower's capacity to repay could not be properly evaluated due to the overstatement of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 107.11%, which exceeds the Seller's represented 60% Debt to Income Ratio.

Despite the Seller's representations, the Borrower falsely stated income as a Network Engineer for an Information Technology company for 3 years, earning $17,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849382 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/20/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 31 | 00000040505752 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/18/2007, in the amount of $374,650, as a purchase of a owner occupied Single Family Residence (SFR) located in a Planned Unit Development (PUD). The loan was approved as a Stated Asset loan with a 92% Combined Loan to Value, and a 42.06% Debt to Income (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $374,650.00 | 2849247 |
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of Debt to Income (DTI) based on the Borrowers' verified income and undisclosed debt results in an increase from 42.06% to 81.57%, which exceeds the represented DTI of 60%. | | | 2849247 |
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br>1.04 (c) (v) LXS 2007-14H_No Fraud<br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented their debt obligations. Public records and the Audit Credit Report indicated the Borrowers acquired an undisclosed second mortgage on their primary residence on 01/02/2007, in the amount of $49,200 with a monthly payment of $387.<br><br>The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The non-disclosure of a $387 monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject loan.<br>A recalculation based on the Borrowers' undisclosed debt and verified income yields a debt to income ratio (DTI) of 81.57%, which exceeds the Seller's represented 60% Debt to income ratio.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $387 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849247 |
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br>1.04 (c) (v) LXS 2007-14H_No Fraud<br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Senior Manager earning $7,850 per month on the loan application. The Co-Borrower listed income of $3,700 per month as an Owner of a home based massage therapy business. An Audit re-verification of employment conducted through The Work Number indicated the Borrower earned $6,017 per month in 2007, the year of the subject loan closing. The Tax returns including a Schedule C Profit and Loss Income Statement for the Co-Borrower's self-employment, which revealed an average monthly income of $530.<br><br>The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The loan file contained evidence the loan was initially qualified as a Full Documentation loan and originated as a lower documented Stated Income/Verified Asset loan, which is a red flag of for potential misrepresentation.<br><br>A recalculation of Debt to Income (DTI) based on the Borrowers' verified income and undisclosed debt yields a Debt to Income (DTI) of 81.57%, which exceeds the Seller's represented 60% Debt to income ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Senior Manager earning $7,850 per month and the Co-Borrower falsely stated income as an Owner of a massage therapy business earning $3,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849247 |
| 32 | 00000045498458 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/23/2007, in the amount of $280,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.91% Debt to Income Ratio (DTI). There was a Manual approval dated 02/23/2007, in the loan file. | Full | $280,000.00 | 2849387 |
| | | | 1.04 (b) (xix) LXS 2007-6_DTI<br>1.04 (c) (v) LXS 2007-6_No Fraud<br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Recreation and Aquatic Supervisor for the county for 8 years, earning $4,631 per month on the loan application. The Co-Borrower listed income of $3,331 per month as a Deputy for the sheriff's office for 2 years. The Borrowers filed Bankruptcy on 05/14/2008 with the Western District of Virginia and the Statement of Financial Affairs revealed the Borrower's income for the closing year of 2006 was $38,937 or $3,245 monthly and the Co-Borrower's income was $36,555 or $3,046 monthly. The subject closed on 02/23/2007. The loan file contained pay stubs and W-2 forms for each Borrower; however, the Borrowers' declared under the penalty of perjury different income amounts.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the executed Mortgage and Deed of Trust.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Recreation and Aquatic Supervisor for the county for 8 years, earning $4,631 per month and the Co-Borrower falsely stated income as a Deputy for the sheriff's office for 2 years, earning $3,331 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849387 |

| 33 | 000000045939345 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/09/2007, in the amount of $290,000, as a rate and term refinance of a single family detached vacation property. The loan was approved as a Stated Income/Verified Asset Documentation loan, with a 100% Loan to Value, and a 43.01% Debt to Income Ratio. There was a manual approval dated 03/29/2007, in the loan file. | Stated | $290,000.00 | 2849257 |
| | . | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt to income ratio in excess of 60%.

Despite the Seller's representations, a re-calculation of debt to income ratio based on the Borrower's verified income results in a debt to income ratio of 120.65%, which exceeds the represented DTI of 60%. | | | 2849257 |
| | . | | | 1.04 (b) (xix) LXS 2007-14H_DTI

1.04 (c) (v) LXS 2007-14H_No Fraud

1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Senior Technical Writer/Editor for 16 years, earning $12,000 per month on the loan application. An audit verification for employment was conducted through The Work Number, which revealed the Borrower earned a total income of $54,098, or $4,508 per month, in 2007 the year the subject loan closed.

The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Income of $12,000 per month for a Rural Carrier Associate is unreasonable and is a red flag for potential misrepresentation. The U. S. Bureau of Labor Statistics reported the average salary at the 90th percentile for a Technical Writer in 2007 and in the same geographic region was $6,215 per month.

A recalculation of debt to income ratio based on the Borrower's verified income yields a debt to income ratio of 120.65%, which exceeds the Seller's represented 60% Debt to Income ratio.

Despite the Seller's representations, the Borrower falsely stated income as a Senior Technical Writer/Editor for 16 years, earning $12,000 per month, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849257 |
| 34 | 000000046691176 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/04/2007, in the amount of $421,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 40% debt to income ratio (DTI). There was a Manual approval dated 06/01/2007, in the loan file. The Hud-1, revealed the Borrowers received $39,504 at closing. | Stated | $421,000.00 | 2849264 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI

1.04 (c) (v) LXS 2007-14H_No Fraud

1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Co-Borrower misrepresented her disclosed income. The Co-Borrower falsely stated income as a Registered Nurse earning $7,000 per month on the loan application. The subject loan file contained post closing income documentation including the Co-Borrower's pay stubs, dated in 2007 the year the subject loan closed, which revealed the Co-Borrower's monthly income was $5,250.

The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

The U. S. Bureau of Labor Statistics at the 75th percentile reported the average salary for a Registered Nurse in the same geographic region was $5,341 per month. The Co-Borrower's stated income exceeded the U. S. Bureau of Labor Statistics' 75th percentile, which is a red flag that the Co-Borrower's income is overstated.

Despite the Seller's representations, the Co-Borrower falsely stated employment as a Registered Nurse earning $7,000 per month on the loan application, which not only constituted an event of default under the executed Mortgage and Deed of Trust, but also significantly impacted the determination of the Borrowers' reasonable ability to repay the subject loan. | | | 2849264 |

Cowen_Wilmington 489_Final_Version_3

| # | Lien | Deal | Findings | Finding Category | Finding | | | Description | Doc | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 35 | 000000046941878 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/27/2007, in the amount of $63,750, as a cash-out refinance of a non-owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 65% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.80% Debt to Income Ratio (DTI). There was a Manual approval dated 06/26/2007, in the loan file. | Stated | $63,750.00 | 2849266 |
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Fire Lieutenant earning $8,250 per month on the loan application. The Co-Borrower listed income of $2,200 per month as a Media Representative Cardinal Monitor Nurse. An audit verification of employment and income was obtained from the Borrower's employer, which revealed that the Borrower earned $7,026 per month. Additionally, an audit verification of employment and income was obtained through The Work Number, which revealed that the Co-Borrower earned $1,106 per month during the year of the subject loan closing in 2007. The Borrowers also filed a Chapter 7 bankruptcy on 08/21/2008, which included a Statement of Financial Affairs, which reported the Borrowers were still employed with the same employers; however, revealed that the Borrower actually earned $7,639 per month and the Co-Borrower actually earned $1,103 per month during the year of the subject loan closing in 2007.<br><br>*The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.*<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>*Research conducted through the U.S. Bureau of Labor Statistics reported that a Lieutenant with the fire department located in the same area in 2007 could expect to earn $7,026 per month in the 90th percentile.*<br><br>*A recalculation of debt to income (DTI) based on the Borrowers' verified income and undisclosed debt increased the DTI from 38.80% to 50.11%.*<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Fire Lieutenant earning $8,250 per month and the Co-Borrower falsely stated income of $2,200 per month as a Media Representative Cardinal Monitor on the loan application, which not only constituted an event of default under the executed Mortgage and Deed of Trust, but also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. | | | 2849266 |
| | | | 1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrowers misrepresented their debt obligations. The audit credit report and the Mortgage Electronic Registry System report reflected that the Borrowers opened a mortgage in the amount of $68,800. The undisclosed mortgage was calculated using a 5% rate over 30 years, which resulted in an undisclosed monthly mortgage payment of $369 on 07/20/2007, which was less than 30 days after the subject loan closing date of 06/21/2007.<br><br>*The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' debt, so as to confirm the Borrowers' overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.*<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>*The origination credit report dated 06/13/2007 reflected 4 mortgage related inquiries dated from 05/03/2007 through 06/12/2007. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. The non-disclosure of a $369 monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt.*<br><br>*A recalculation of debt to income (DTI) based on the Borrowers' verified income and undisclosed debt increased the DTI from 38.80% to 50.11%.*<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $369 monthly debt, which not only constituted an event of default under the executed Mortgage and Deed of Trust, but also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. | | | 2849266 |
| 36 | 17138983 | 1st | SASC 2003-38 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/17/2003, in the amount of $407,550, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Stated Asset (SISA) documentation loan, with a 95% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 37.802% Debt to Income (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | SISA | $407,550.00 | 2849435 |
| | | | 1.04 (c) (v) SAS 2003-38_No Fraud<br><br>1.04 (c) (vii) SAS 2003-38_No Event of Default | Misrepresentation of Housing History - With Red Flags Present | Misrepresentation of Housing History | 1 | 3 | The Borrower misrepresented his housing history. The loan file included a verification of rent dated 10/15/2003, which indicated that the Borrower rented from the present address for 3 years with a monthly rent payment of $1,500 per month. An audit verification of rent was performed with the landlord and the landlord indicated that she never rented to the Borrower. Furthermore, the verification was performed with a private person and did not include 12 months canceled checks to support the Borrower's housing payment history.<br><br>*The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's housing history, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.*<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated on the loan application that they rented their current residence for 3 years with a payment of $1,500, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849435 |

**Digital Risk - Loan Review Findings**

Cowen_Wilmington 489_Final_Version_3          08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment      part 9 of 250

| # | Loan | | Finding Code | Finding | Finding Category | | | Narrative | | Amount | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) SAS 2003-38_No Fraud | Misrepresentation of Income - Red Flags | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income for construction Maintenance earning $7,700 per month on the loan application. The loan file included post closing income documentation indicating the Borrower was self employed reflected a combined annual income of $35,532 or $2,961 per month. | | | 2849435 |
| | | | 1.04 (c) (vii) SAS 2003-38_No Event of Default | Misrepresentation - Same Year Income Evidence | | | | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. | | | |
| | | | | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | |
| | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | |
| | | | | | | | | Research conducted through the U. S. Bureau Labor reported the Borrower's position in the same area would earn an average of $4,812 per month in the 75th percentile. The Borrower went from paying a monthly rent payment of $1,500 to a new monthly mortgage payment of $3,511, which results in a 129.97% payment shock. The Borrower was approved with a qualifying credit score of 623 and the Borrower's credit profile indicated that the Borrower filed bankruptcy in 1997 that was discharged in 1998. The Borrower's re-established credit reflected a high credit limit of $3,961 with late payments of 1x30 as recent as 09/2003, which was only 1 month prior to the subject loan closing date. Additionally, the Borrower was required to state total assets of $61,311 to support cash to close, down payment and reserves; however, the Borrower only stated total assets of $45,150, which was not sufficient to support the required stated assets. | | | |
| | | | | | | | | A recalculation of DTI based on the Borrower's verified income yields a DTI of 125.78%. | | | |
| | | | | | | | | Despite the Seller's representations, the Borrower falsely stated income in Construction Maintenance earning $7,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | |
| 37 | 18493965 | 1st | SASC 2005-2XS | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/14/2004, in the amount of $146,700. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Final HUD-1, Note, Mortgage, and Title Policy. There was no other critical documentation provided for the file that was presented on the date tape by the Seller. | Unknown | $146,700.00 | 2849586 |
| | | | 1.04 (b) (xii) SAS 2005-2XS_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable local, state, and federal laws. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. | | | 2849586 |
| | | | 1.04 (c) (xvii) SAS 2005-2XS_Origination Practices | | | | | The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. | | | |
| | | | | | | | | Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | |
| | | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable local, state, and federal laws is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | |
| | | | 1.04 (c) (xviii) SAS 2005-2XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file. | | | 2849586 |
| | | | | | | | | The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | |
| 38 | 18635441 | 1st | SASC 2005-1 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/01/2004, in the amount of $156,400. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the HUD-1 Settlement Statement, the Note, the Mortgage and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $156,400.00 | 2849552 |
| | | | 1.04 (b) (xii) SAS 2005-1_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable local, state, and federal laws. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. | | | 2849552 |
| | | | 1.04 (c) (xvii) SAS 2005-1_Origination Practices | | | | | The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. | | | |
| | | | | | | | | Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | |
| | | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable local, state, and federal laws is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | |
| | | | 1.04 (c) (xviii) SAS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. | | | 2849552 |
| | | | | | | | | The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | |
| | | | | | Grand Total of Repurchase Demand | | | | | | $11,100,411.00 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/20/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

**Digital Risk - Loan Review Findings**

Cowen_Wilmington 489_Final_Verion_2      08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18     Attachment V - part 1    Pg 118 of 250

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000031706989 | 1st | LMT 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/21/2005, in the amount of $155,200, as a rate and term refinance of an owner occupied, single family dwelling. The loan was approved as a Full Documentation loan, with a 79%/99% loan to value/combined loan to value (LTV/CLTV), and a 41.23% debt to income Ratio (DTI). There was neither an automated underwriting system approval (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $155,200.00 | 2849162 | |
| | | | | 1.04 (b) (xii) LMT 2005-3_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-3_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($214,159.38) is ($45.00) below the actual finance charge ($214,204.38). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849162 | |
| | | | | 1.04 (c) (v) LMT 2005-3_No Fraud<br><br>1.04 (c) (xvii) LMT 2005-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report, the Borrower acquired an undisclosed installment loan prior to the subject's loan closing on 09/21/2005. The Borrower acquired and undisclosed loan 08/2005 in the amount of $7,540, with a monthly payment of $191.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented his debt obligations by failing to disclose a $191 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849162 | |
| 2 | 000000031931371 | 1st | LMT 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/17/2005, in the amount of $124,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 45.772% Debt To Income Ratio (DTI). There was a Manual approval dated 11/16/2005, in the loan file. | SISA | $124,000.00 | 2849172 | |
| | | | | 1.04 (c) (v) LMT 2005-3_No Fraud<br><br>1.04 (c) (xvii) LMT 2005-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Carpenter for 6 years, earning $4,417 per month. The loan file contained post closing documentation for the purpose of obtaining a short sale. The loan file contained two pay stubs within one year of the subject loan closing which indicated the Borrower made $18 per hour or $3,120 per month. The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Carpenter earning $4,417 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849172 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate     Run: 3/20/2013 5:18:31 PM<br>
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan Number | Lien | Deal | Category | Category | Code1 | Code2 | Finding | Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 000000033242039 | 1st | LXS 2006-20 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/28/2006, in the amount of $99,000, as a purchase transaction. The loan was approved as an unknown documentation loan, with a 100% loan to value/combined loan to value, and a _ Debt to Income ratio. There was neither an automated nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the final settlement statement and the subject Note. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $99,000.00 | 2849202 |
| . | | | | 1.04 (b) (xii) LXS 2006-20_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2006-20_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file was missing the Truth in Lending statement.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2849202 |
| . | | | | 1.04 (c) (xviii) LXS 2006-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849202 |
| 4 | 000000033305962 | 1st | LXS 2006-20 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/20/2006, in the amount of $63,000, as a purchase of an investment property, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38% Debt to Income Ratio (DTI). There was a Manual approval dated 09/06/2006, in the loan file. | Stated | $63,000.00 | 2849203 |
| . | | | | 1.04 (c) (v) LXS 2006-20_No Fraud  1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Income - No Red Flags Present  Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Co-Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Export Control Security Manager earning $7,833 per month on the loan application. An audit verification of employment was obtained from The Work Number which revealed the Co-Borrower's actual earnings for the year of the subject loan closing, 2006, was $41,827, or $3,486 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Co-Borrower falsely stated employment as an Export Control Security Manager earning $7,833 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849203 |
| 5 | 000000033325739 | 1st | LXS 2006-19 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/25/2006, in the amount of $524,000, as a purchase of an owner occupied detached single family residence located in a planned unit development. There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the signed HUD-1 settlement statement, evidence of homeowner's insurance, title insurance, the 1st lien Note, and the 1st lien Mortgage. There was no other critical documentation provided for the file. | Unknown | $524,000.00 | 2849186 |
| . | | | | 1.04 (b) (xii) LXS 2006-19_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xviii) LXS 2006-19_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a Final TIL.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2849186 |
| . | | | | 1.04 (c) (xviii) LXS 2006-19_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849186 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/20/2013 5:18:31 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wilmington 489_Final_Version_2

| 6 | 000000033328105 | 1st | LXS 2006-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/25/2006, in the amount of $75,000, as cash out refinance of a non-owner occupied single family residence. The loan was approved as a Full Documented loan with a 84.79% loan to value (LTV) combined Loan To Value, and a 48.39% debt to income ratio (DTI). There was a Manual approval dated 09/22/2006, in the loan file. | Full | $75,000.00 | 2849205 |
| | | | | 1.04 (b) (xviii) LXS 2006-20_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt to income ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 48.39% to 62.86%, which exceeds the represented DTI of 60%. | | | 2849205 |
| | | | | 1.04 (b) (xviii) LXS 2006-20_DTI<br><br>1.04 (c) (v) LXS 2006-20_No Fraud<br><br>1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. A review of the Borrower's audit credit report, Sitex.com and Bankruptcy documents revealed an undisclosed mortgage obtained on 09/20/2006, which is prior to subject loan closing of 09/25/2006, with a loan amount of $135,000 and a monthly payment of $910. In 09/2006, the Borrower subdivided his current residence into 3 parcels, which is reflected on SiteX.com and the Borrower's Bankruptcy documents Schedule A Real Property filed on 07/30/2012. The Borrower disclosed 2 mortgages for his current residence in the amounts of $117,600 and $29,400; however, the Borrower did not disclose a 3rd mortgage on the loan application or the origination credit report dated 09/21/2006 for a mortgage in the amount of $135,000 for a subdivided parcel of 5.6 acres.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's undisclosed debt yields a DTI of 62.86%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $910 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849205 |
| 7 | 000000033340068 | 1st | LXS 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/25/2006, in the amount of $161,000, as a cash out refinance of a non-owner occupied 3 unit multiple family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 70%/90% Loan to Value/Combined Loan to Value, and a 49.93% Debt to Income Ratio. There was a approval dated 09/21/2006, in the loan file. | Stated | $161,000.00 | 2849222 |
| | | | | 1.04 (b) (xviii) LXS 2007-1_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt to income (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 49.93% to 154.54%, which exceeds the represented DTI of 60%. | | | 2849222 |
| | | | | 1.04 (b) (xviii) LXS 2007-1_DTI<br><br>1.04 (c) (v) LXS 2007-1_No Fraud<br><br>1.04 (c) (vii) LXS 2007-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and public records obtained through the Mortgage Electronic Registry System and Sitex.com, the Borrower obtained 2 undisclosed mortgages on 06/27/2006, which is prior to subject loan closing of 09/25/2006. The undisclosed mortgages had loan amounts of $120,000 and $22,500 with monthly payments of $750 and $157. The undisclosed mortgages were not disclosed on the loan application or the origination credit report.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Moreover, a recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 154.54%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $907 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849222 |
| | | | | 1.04 (b) (xviii) LXS 2007-1_DTI<br><br>1.04 (c) (v) LXS 2007-1_No Fraud<br><br>1.04 (c) (vii) LXS 2007-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Year Near Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a Real Estate Acquisitions and Rental company earning $23,912 per month on the loan application. The Borrower filed for Chapter 13 Bankruptcy on 04/01/2008 with the United States Bankruptcy Court. The Statement of Financial Affairs Section 1 reflected 2007 income for the Borrower as $100,000, or $8,333 per month. Schedule I of the Bankruptcy documents reflected the Borrower's self-employment as listed on the loan application at origination. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income and undisclosed debt yields a DTI of 154.54%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a Real Estate Acquisitions and Rental company earning $23,912 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849222 |

| # | Loan Number | Lien | Deal | Finding | Category | Sub-Category | | | Narrative | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2007-1_No Fraud<br>1.04 (c) (vii) LXS 2007-1_No Event of Default | Misrepresentation of Housing History - With Red Flags Present | Misrepresentation of Housing History | 6 | 3 | The Borrower misrepresented his housing history. Per the audit credit report and public records obtained through the Mortgage Electronic Registry System and Sitex.com, the Borrower had undisclosed mortgages on [...] which is prior to the subject loan closing of 09/25/2006 and payments for the mortgages would have been due prior to subject loan closing. The undisclosed mortgages had loan amounts of $120,000 and $22,500 with monthly payments of $750 and $157.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated on the loan application that he owned his current residence and 2 other properties at the time of origination. The Borrower's false statement constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849222 |
| 8 | 000000033345216 | 1st | LXS 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/28/2006, in the amount of $217,700, as a purchase of an owner occupied single family dwelling. The loan was approved as a Stated Income/Stated Asset documentation loan, with a 79.99%/99.99% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 21% debt to income ratio (DTI). There was a manual approval dated 09/21/2006 in the loan file. | SISA | $217,700.00 | 2849223 |
| . | | | | 1.04 (c) (v) LXS 2007-1_No Fraud<br>1.04 (c) (vii) LXS 2007-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as the Owner of a Lawn Maintenance company earning $17,500 per month on the loan application. The post-closing section of the loan file contained the Borrower's tax return for 2006 which verified same year income of $0 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income of $17,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849223 |
| 9 | 000000033380619 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/05/2006, in the amount of $133,500, as a purchase of a single family investment residence. The loan was approved as a Full Documentation loan, with an 87.26% loan to value/combined loan to value (LTV/CLTV), and a 35.47% debt-to-income ratio (DTI). There was a Manual approval, dated 10/04/2006, in the loan file. | Full | $133,500.00 | 2849271 |
| . | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt-to-income ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of debt-to-income ratio (DTI) based on the Borrower's stated income and undisclosed debt results in an increase from 35.47% to 114.30%, which exceeds the represented debt-to-income ratio (DTI) of 60%. | | | 2849271 |
| . | | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br>1.04 (c) (v) LXS 2007-3_No Fraud<br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and public records obtained through the Mortgage Electronic Registry System and Accurint, the Borrower had 2 undisclosed mortgages at the time of the subject loan origination and acquired 2 undisclosed mortgages within 30 days after the subject loan origination. The subject loan closed on 10/05/2006. The Borrower purchased a property located in Sandy, UT on 07/12/2006 and opened a first mortgage in the amount of $162,085 with a monthly payment of $1,025. In addition, the Borrower opened a second mortgage on the primary residence for $109,890 with a payment of $1,099 per month. The Borrower purchased a second property located in Salt Lake City, UT on 10/20/2006 and opened a first mortgage for $348,000 with a monthly payment of $2,325 and a second mortgage of $87,000 with a payment of $739 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 114.30%, which exceeds the Seller's represented DTI of 60%, which has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $5,188 monthly debt, which constitutes an event of default under the executed Mortgage or Deed of Trust. | | | 2849271 |

Cowen_Wilmington 489_Final_Verion_2

| # | Loan # | Lien | Deal | | | | | Finding Detail | | | |
|---|--------|------|------|---|---|---|---|----------------|---|---|---|
| | | | | 1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Employment With No Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower falsely stated employment as an Aerial Refueling Technician for 23 years and as an Air National Guard Reservist. The loan file contained the Borrower's prior year post-closing tax return which indicated the Borrower had partnership ownership in two businesses. A search of public records reflected the Borrower owned two businesses at the time of loan application which were not disclosed on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and or acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Aerial Refueling Technician for 23 years and as an Air National Guard Reservist and did not disclose the secondary self-employment, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849271 |
| 10 | 000000033618281 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/29/2006, in the amount of $202,400, as a purchase of a second home. The loan was approved as a No Ratio loan (No Income, Verified Asset) and a 99.22% loan to value/combined loan to value (LTV/CLTV). There was an underwriter transmittal summary in the loan file; however, there was neither an Automated Underwriter System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NIVA | $202,400.00 | 2849241 |
| . | | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and public records obtained through the Mortgage Electronic Registry System, the Borrower had 2 undisclosed mortgages obtained within 30 days of the origination date of 11/29/2006. On 12/20/2006, the Borrower purchased a property located in Kansas City, MO and opened a first mortgage in the amount of $171,200 with a monthly payment of $1,362 and a second mortgage in the amount of $42,800 with a monthly payment of $436.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,798 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849241 |
| 11 | 000000033666843 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/12/2006, in the amount of $428,000, as a purchase of an owner occupied, single family residence located in a planned unit development. The loan was approved as a No Documentation Loan (No Income, No Employment, No Asset Verification), with an 80%/100% loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 12/15/2006, in the loan file. | NINENA | $428,000.00 | 2849298 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br><br>1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and public records obtained through the Mortgage Electronic Registry System, Accurint, and Sitex.com, the Borrower had an undisclosed mortgage at the time of the subject property's origination on 12/12/2006. The Borrower purchased a property located in New Port Richey, FL on 12/06/2006 and opened a first mortgage in the amount of $491,000 with a monthly payment of $4,635 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $4,635 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849298 |

Cowen_Wilmington 489_Final_Verion_2

| 12 | 000000033667338 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/07/2006, in the amount of $43,200, as a purchase of an investment, single family residence. The loan was approved as a Stated Income/Verified Assets loan based on the Loan File... and a 46.74% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file; however, the loan file did contain a transmittal summary, dated 12/06/2006. | Stated | $43,200.00 | 2849299 |
| | . | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt-to-income (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income of $3,928 results in an increase from 46.74% to 88.65%, which exceeds the represented DTI of 60%. | | | 2849299 |
| | . | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br>1.04 (c) (v) LXS 2007-3_No Fraud<br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Production Supervisor earning $7,450 per month on the loan application. The loan file contained the same year W-2 form for 2006 which reflected the Borrower's 2006 salary was $47,134 or $3,928 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 88.65%, which exceeds the Seller's represented DTI of 60% and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Production Supervisor earning $7,450 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849299 |
| 13 | 000000033787268 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/10/2007, in the amount of $204,800, as a purchase of a non-owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 46.221% Debt to Income Ratio (DTI). There was a manual approval dated 01/10/2007, in the loan file. | Stated | $204,800.00 | 2849338 |
| | . | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and re-calculated debt results in an increase from 46.221% to 110.54%, which exceeds the represented DTI of 60%. | | | 2849338 |
| | . | | | 1.04 (b) (xix) LXS 2007-6_DTI | Improper Calculation of Debts | Improper Calculation of Debts | 2 | 3 | Monthly debts of $2,812 were used by the Lender to determine the Debt to Income (DTI). The origination underwriter failed to include the Borrower's primary residence monthly mortgage payment of $584 in the qualifying DTI. The correct recalculation results in a monthly debt of $3,396.<br><br>A recalculation of DTI based on the Borrower's proper debt calculation yields a DTI of 110.54%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, a review of the loan file revealed the Lender failed to accurately calculate the Borrower's debts resulting in a recalculated DTI in excess of the represented 60%. | | | 2849338 |
| | . | | | 1.04 (b) (xix) LXS 2007-6_DTI<br>1.04 (c) (v) LXS 2007-6_No Fraud<br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Director of International Trade earning $6,083 per month on the loan application. The loan file contained audit verification of employment which reflected the Borrower's 2006 gross earnings of $36,864.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a Debt to Income of 110.54% which, exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Director of International Trade earning $6,083 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849338 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/20/2013 5:18:31 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan | Lien | Deal | | Finding | Category | Sub | | Narrative | Doc Type | Amount | Loan # |
|---|------|------|------|---|---------|----------|-----|---|-----------|----------|--------|--------|
| 14 | 000000038683900 | 1st | LXS 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/27/2006, in the amount of \$100,000, as a rate refinance of an owner occupied single family residence. The loan was approved as a No Documentation Income, No Documentation (No Doc/No Ration) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 10/23/2006, in the loan file. | NINENA | \$100,000.00 | 2849231 |
| | | | | 1.04 (c) (v) LXS 2007-1_Misrepresentation of Debt Obligations - No Red Flags Present<br><br>1.04 (c) (vii) LXS 2007-1_No Event of Default | Misrepresentation of Debt Obligations | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and public records obtained through the Mortgage Electronic Registry System, the Borrower had obtained an undisclosed mortgage the same day of the subject property's origination on 10/27/2006. An undisclosed mortgage was obtained on 10/27/2006 for \$166,400 with a monthly payment of \$1,430 for a property located in Deltona, FL.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a \$1,430 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849231 |
| 15 | 000000039162706 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/18/2007, in the amount of \$880,000, as a purchase of a second home, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value, and a 24.60% Debt to Income Ratio (DTI). There was a Manual approval dated 01/05/2007, in the loan file. | Stated | \$880,000.00 | 2849305 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of debt-to-income based on the Borrower's verified income of \$18,559 results in an increase from 24.60% to 68.87%, which exceeds the represented DTI of 60%. | | | 2849305 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br><br>1.04 (c) (v) LXS 2007-3_Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a General Manager earning \$46,936 per month on the loan application. In addition, the Borrower falsely stated dividend income of \$3,333 per month on the loan application. An audit re-verification of employment and income was obtained from the Work Number that reflected the Borrower's same year income for 2006 was \$210,668 or \$17,556 per month. In addition, the loan file contained the Borrower's 2006 and 2005 tax returns which did not support the stated dividend income. The audit dividend income was calculated as follows: 2006 dividends of \$3,759 plus the 2005 dividends of \$4,432 divided by 24 months yields a monthly income of \$341.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 68.87%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a General Manager earning \$46,936 per month and dividend income of \$3,333 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849305 |
| | | | | 1.04 (c) (v) LXS 2007-3_Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan file contained a post-closing letter from the Borrower which indicated the Borrower did not purchase the subject property as a second home and actually intended to use the subject property as an investment property. The post-closing letter reflected the Borrower had purchased the subject property with a relative with the intentions of dividing the subject property into 9 separate lots; therefore, the Borrower did not occupy the subject property as a second home.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as a second home transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849305 |

| # | Loan Number | Lien | Deal | Category | Finding | Code | | Narrative | Doc Type | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 0000000039398292 | 1st | LXS 2007-3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/13/2006, in the amount of $299,900, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.62% Debt to Income Ratio (DTI). There was a Manual approval dated 10/04/2006, in the loan file. | Stated | $299,900.00 | 2849310 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 44.62% to 83.25%, which exceeds the represented DTI of 60%. | | | 2849310 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI / 1.04 (c) (v) LXS 2007-3_No Fraud / 1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Manager for a fast food business for 5 years, earning $5,650 per month on the loan application. An audit verification of income and employment was conducted through The Work Number, which revealed the Borrower's income for the closing year of 2006 was $34,103 or $3,100 monthly.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 83.25%, which exceeds the Seller's represented DTI of 60%.

Despite the Seller's representations, the Borrower falsely stated income as a Manager for a fast food business for 5 years, earning $5,650 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849310 |
| 17 | 0000000039454178 | 1st | LXS 2007-3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/30/2006, in the amount of $142,037, as a purchase of a non-owner occupied Single Family Residence (SFR). The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 60.47% Debt to Income Ratio (DTI). There was a Manual approval dated 10/30/2006, in the loan file. | Full | $142,037.00 | 2849312 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's re-calculated income results in an increase from 60.47%, which exceeds the maximum permitted at origination to 70.25%, which exceeds the represented DTI of 60%. | | | 2849312 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | Improper Calculation of Income | Improper Calculation of Income | 2 | | A monthly income of $4,500 was used to determine the Debt to Income (DTI). The Lender included honorarium income from speaking and writing engagements and boarding income; however, this income was not reflected in tax returns or on the paystubs contained in the loan file. The Borrower's paystubs indicated earnings of $4,100 per month including housing allowance. The correct recalculation results in a monthly income of $4,100.

A re-calculated income results in an increase from 60.47% which exceeds the maximum permitted at origination to 70.25%, which exceeds the Seller's represented DTI of 60%.

Despite the Seller's representations, a review of the loan file reveals the Lender failed to accurately calculate the Borrower's income which significantly impacted the determination of the Borrower's reasonable ability to repay. | | | 2849312 |
| 18 | 0000000039540265 | 1st | LXS 2006-20 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/31/2006, in the amount of $435,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset documentation loan, with a 100% loan to value/combined loan to value (LTV/CLTV), and a 37.59% debt to income Ratio (DTI). There was a manual approval, dated 10/30/2006, in the loan file. | Stated | $435,000.00 | 2849217 |
| | | | | 1.04 (b) (xviii) LXS 2006-20_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt to income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 37.59% to 121.49%, which exceeds the represented DTI of 60%. | | | 2849217 |
| | | | | 1.04 (b) (xviii) LXS 2006-20_DTI / 1.04 (c) (v) LXS 2006-20_No Fraud / 1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Commercial Cleaner earning $2,471 per month and self-employment as a Bakery Supervisor earning $4,850 per month on the loan application. Per the Borrower's 2007 tax returns obtained through post-closing proceedings, the Borrower declared he actually earned wages in the amount of $2,489 per month. The tax returns also revealed the Borrower earned no additional income or self-employment income in 2007 as reported for the Borrower. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of default and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of debt to income Ratio (DTI) based on the Borrower's verified income yields a DTI of 121.49%, which exceeds the Seller's represented DTI of 60%.

Despite the Seller's representations, the Borrower falsely stated income as a Bakery Supervisor earning $4,850 per month and a commercial Cleaner earning $2,471 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849217 |

| No | Loan Number | Lien | Deal | Finding Code | Finding Type | Finding Type | Seq | Narrative | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2006-20_No Fraud / 1.04 (c) (xii) LXS 2006-20_No Event of Default | Misrepresentation of Employment With Red Flags Present | Misrepresentation of Employment | 4 3 | The Borrower misrepresented his employment on the loan application. The Borrower falsely stated income as a Bakery Supervisor for 12 years and self-employment as a Commercial Cleaner earning income during the loan application. Per the Borrower's 2007 tax returns obtained through post-closing proceedings, the Borrower declared his actual position was a Baker. The tax returns also revealed the Borrower had no additional self-employment income in 2007 as stated on the loan application; therefore, could not have been a self-employed Commercial Cleaner.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Bakery Supervisor for 12 years and a Commercial Cleaner for 4 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849217 |
| 19 | 000000039697834 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 01/09/2007, in the amount of $150,000, as a rate and term refinance of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 44.31% Debt to Income Ratio (DTI). There was a Manual approval dated 01/08/2007, in the loan file. | Stated | $150,000.00 | 2849343 |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of Debt To Income (DTI) based on the Borrower's verified income results in an increase from 39.32% to 103.64%, which exceeds the represented Debt To Income (DTI). | | | 2849343 |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI / 1.04 (c) (v) LXS 2007-6_No Fraud / 1.04 (c) (xii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Social Worker earning $6,000 per month on the loan application. An audit verification of employment was obtained which verified the Borrower's monthly income for the subject year loan closing 2007 was $2,661 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a Debt to Income (DTI) of 103.64%, which exceeds the Seller's represented DTI 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Social Worker earning $6,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849343 |
| 20 | 000000040020117 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 01/12/2007, in the amount of $129,600, as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33.90% Debt to Income Ratio (DTI). There was a manual approval, dated 01/08/2007, in the loan file. | Stated | $129,600.00 | 2849244 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 3 | The Seller represented and warranted that the subject loan would not have a debt to income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's more reasonable income, undisclosed and recalculated debt results in an increase from 33.90% to 96.59%, which exceeds the represented DTI of 60%. | | | 2849244 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | Improper Calculation of Debts | Improper Calculation of Debts | 2 3 | Monthly debts of $3,848 were used by the Lender to determine the debt to income ratio (DTI). An audit review was unable to ascertain the exact calculations behind the origination calculation of debt. A review of the loan application and credit report, dated 01/08/2007, revealed the borrower had $907 in other monthly debt; however the loan application reflected $803 in other monthly debt. The origination underwriter utilized monthly housing payment of $929 in the Borrower's ratios; however, the correctly monthly housing payment was calculated as follows: taxes in the amount of $36 were utilized by the underwriter; however, per the tax certificate in the loan file, the Borrower's monthly tax amount was $86. The origination underwriter utilized a monthly hazard insurance payment of $45; however, per the declarations page in the loan file, the actual monthly hazard insurance payment was $61. Combined with a monthly principal and interest payment of $937, the correct monthly housing payment was $1,084.<br><br>The correct recalculation including undisclosed monthly debt in the amount of $768, primary housing payment of $1,172, negative cash flow of $1,270 for the Borrower's investment properties and a subject property payment of $1,084 and other debt of $907 results in a monthly debt of $5,201.<br><br>A recalculation of DTI based on the Borrower's more reasonable income and proper debt calculation yields a DTI of 96.59%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, a review of the loan file revealed the Lender failed to accurately calculate the Borrower's debts which resulted in a recalculated DTI in excess of the represented 60%. | | | 2849244 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented his debt obligations. Per the public credit report and public records obtained through Mortgage Electronic Registry System, Accurint and Sitex.com, the Borrower had an undisclosed mortgage at the time of the subject property's origination on 01/12/2007. The Borrower purchased a property located in Pueblo, CO on 10/06/2006 and opened a first mortgage in the amount of $109,800 with a monthly payment of $768.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation based on the Borrower's undisclosed debt and more reasonable income yields a debt to income ratio (DTI) of 96.59%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $768 monthly debt, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849244 |
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 5 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Realtor, earning $11,350 per month on the loan application. Per public record United States Bankruptcy Court, District of Colorado, the Statement of Financial Affairs, section 01, dated 05/26/2009, the Borrower declared under penalty of perjury the actual 2007 income was $46 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of debt to income Ratio (DTI) based on the Borrower's more reasonable income and recalculated debt yields a DTI of 96.59%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Realtor earning $11,350 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849244 |
| 21 | 000000040090516 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/07/2007, in the amount of $201,520, a purchase of an owner occupied low rise condominium. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.94% Debt to Income Ratio (DTI). There was neither an automated underwriter summary or manual approval; however, the loan file contained a transmittal summary, which was not dated. | Stated | $201,520.00 | 2849360 |
| | | | 1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a floral company earning $12,500 per month on the loan application. The loan file contained post-closing documentation which reflected the Borrower filed for a chapter 7 Bankruptcy on 11/02/2009 in the United States Bankruptcy Court, Northern District of Georgia and the Borrower's 2007 near year business income which was verified as the same income in section 18 of the Statement of Financial Affairs revealed the Borrower's gross earnings were $124,816 or $10,401 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed and in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a floral company earning $12,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849360 |

| 22 | 000000040351389 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/15/2007, in the amount of $489,500, as a rate/term refinance of an owner occupied Single Family Residence (SFR). The loan was approved as a Stated Income/Stated Asset loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33.84% Debt to Income Ratio (DTI). There was a Manual approval dated 02/15/2007, in the loan file. | Stated | $489,500.00 | 2849378 |
| | | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrowers' verified income results in an increase from 33.84% to 140.71%, which exceeds the represented DTI of 60%. | | | 2849378 |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a home based Realtor earning $18,000 per month on the loan application. The Co-Borrower listed income of $4,500 per month as a Survey Chief. The loan file contained an initial loan application which reflected the Co-Borrower earning $1 per month. Multiple applications indicating different incomes is a red flag for potential misrepresentation. The Bankruptcy petition records filed 11/12/2008 indicated the Borrower earned $5,435 per month for 2007, the year of the subject loan closing. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified monthly income of $5,435 and the Co-Borrower's lower initial stated monthly income of $1 yields a DTI of 140.71%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrowers falsely stated income as a Realtor earning $18,000 per month and a Survey Chief earning $4,500 on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849378 |
| 23 | 000000040634784 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/17/2007, in the amount of $480,000, as an owner occupied single family residence located in a planned unit development. The loan was approved as a No Ratio loan (No Income, No Verified Asset) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a manual approval dated 05/17/2007, in the loan file. | NIVA | $480,000.00 | 2849253 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of debt to income ratio based on the Borrowers' verified income results in a debt to income ratio of 129.11%, which exceeds the represented DTI of 60%. | | | 2849253 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrowers misrepresented their debt obligations. Per the audit credit report, the Borrower opened 2 undisclosed debts within the same month as the subject transaction, which was dated 05/17/2007, which included a mortgage with a balance of $412,000 and a monthly payment of $2,952 and a home equity line of credit with a balance of $103,000 and a monthly payment of $1,030, on an undisclosed property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation based on the Borrowers' undisclosed debt and verified income yields a debt to income ratio of 129.11%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,030 monthly debt and a $2,952 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849253 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrowers misrepresented their debt obligations. Per the audit credit report, the Borrower opened 2 undisclosed debts within the same month as the subject transaction, which was dated 05/17/2007, which included a mortgage with a balance of $412,000 and a monthly payment of $2,952 and a home equity line of credit with a balance of $103,000 and a monthly payment of $1,030, on an undisclosed property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation based on the Borrowers' undisclosed debt and verified income yields a debt to income ratio of 129.11%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,030 monthly debt and a $2,952 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849253 |

Cowen_Wilmington 489_Final_Verion_2

# Digital Risk - Loan Review Findings

| 24 | 000000045111846 | 1st | LXS 2007-3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/18/2007 in the amount of $480,000 and consisted of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan with an 80%/80% combined Loan to Value (LTV/CLTV), and a 44.90% Debt to Income Ratio (DTI). There was a Manual approval dated 01/16/2007, in the loan file. | Stated | $480,000.00 | 2849318 |
| | | | 1.04 (b) (xii) LXS 2007-3_Compliance with Applicable Law Deemed MnA  1.04 (c) (xvii) LXS 2007-3_Origination Practices | Final TIL Invalid/Incomplete/Incorrect/Stale/Not Executed | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a valid final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  The subject loan closed on 01/18/2007. Although there is what appears to be a final TIL in the loan file, the Borrower did not sign the TIL; therefore, there is no evidence the subject loan was properly disclosed.  Despite the Seller's representations, the TIL contained in the loan file was invalid because the final TIL did not contain a signature by the Borrower, which does not comply with mortgage law.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2849318 |
| | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 2 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 44.9% to 374.26%, which exceeds the represented DTI of 60%. | | | 2849318 |
| | | | 1.04 (b) (xviii) LXS 2007-3_DTI  1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Controller for a men's clothing store for 3 years, earning $16,271 per month on the loan application. The Borrower filed Bankruptcy on 08/26/2008 with the Southern District of Florida and the Statement of Financial Affairs revealed the Borrower's income for the closing year of 2007 was $24,000 or $2,000 monthly.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 374.26%, which exceeds the Seller's represented 60%.  Despite the Seller's representations, the Borrower falsely stated income as a Controller for a men's clothing store for 3 years, earning $16,271 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849318 |
| | | | 1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (c) (vii) LXS 2007-3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 5 | 3 | The Borrower filed Bankruptcy on 08/26/2008 with the Southern District of Florida and the Statement of Financial Affairs revealed the Borrower did not occupy the subject property as the primary residence, as indicated on the loan approval. The Statement of Financial Affairs revealed the Borrower continued to occupy a property in Miami, FL. as listed as the current residence on the loan application.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849318 |

| 25 | 000000046044681 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/11/2007 in the amount of $142,500, was out of a two-unit investment property. The loan was approved as a Stated Income/Verified Asset loan, and was a loan to purchase the subject property with a 49.08% Loan to Value (LTV/CLTV), and a 49.08% Debt to Income Ratio (DTI). There was a manual approval dated 05/10/2007, in the loan file. | Stated | | $142,500.00 | 2849258 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 49.08% to 118.44%, which exceeds the represented DTI of 60%. | | | | 2849258 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | Per public records and the audit credit report, the Borrower had acquired a property located in Mableton, GA on 5/18/2007. The subject property closed on 5/11/2007. The audit credit report reflects a first lien mortgage in the amount of $97,200 with a monthly payment of $754 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's undisclosed debt yields a DTI of 118.44%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $754 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | | 2849258 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a Cleaning Business earning $7,600 per month on the loan application. According to the Statement of Financial Affairs on the Bankruptcy petition filed 08/14/2008, by the Borrower with the Northern District of Georgia Bankruptcy Court, the Borrower's income for the year of 2008 was listed as $29,550 or $4,221 per month over a seven period. The subject loan closed on 5/11/2007. It is unlikely the Borrower's income would have decreased considering the Borrower was self employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 118.44% which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a Cleaning Business earning $7,600 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2849258 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/20/2013 5:18:31 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Wilmington 489_Final_Verion_2

| 26 | 000000046656484 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/06/2007, in the amount of $315,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan To Value (LTV) and a Combined Loan To Value (LTV/CLTV), and a 44.61% debt to income ratio (DTI). There was a Manual approval dated 05/30/2007, in the loan file. | Stated | $315,000.00 | 2849263 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt-to-income ratio (DTI) in excess of 60%.

Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 44.61% to 170.43%, which exceeds the seller's represented DTI of 60%. | | | 2849263 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI

1.04 (c) (v) LXS 2007-14H_No Fraud

1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. An audit credit report revealed the Borrower had opened four undisclosed mortgages with a total of $3,337 in monthly payments. Two mortgages were obtained in 04/2007, 2 months prior to the subject loan closing on 06/06/2007, in the amounts of $10,400 and $104,000 and two mortgages were obtained in 06/2007, the same month as the subject loan closing in the amounts of $58,500 and $199,500.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's undisclosed debt yields a DTI of 170.43% which exceeds the Seller's represented 60% Debt to income ratio.

Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $3,337 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849263 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI

1.04 (c) (v) LXS 2007-14H_No Fraud

1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 5 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Business Banker earning $8,045 per month on the loan application. According to a Statement of Financial Affairs filed 10/06/2009 in the Northern District of Indiana, the Borrower's monthly income for 2007 was $4,000 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 170.43%, which exceeds the Seller's represented DTI of 60%.

Despite the Seller's representations, the Borrower falsely stated income as a Business Banker, earning $8,045 per month on the loan application, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849263 |
| 27 | 000000046924171 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/22/2007, in the amount of $462,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 30.94% debt to income ratio (DTI). There was a manual approval dated 06/12/2007, in the loan file. | Stated | $462,000.00 | 2849265 |
| | | | | 1.04 (c) (v) 2007-14H_No Fraud

1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. An audit credit report revealed the Borrower had an undisclosed installment auto loan, opened in 09/2005, in the amount of $20,099, with a monthly payment of $353.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $353 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849265 |
| | | | | 1.04 (c) (v) 2007-14H_No Fraud

1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Employment With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application. The Borrower falsely stated employment as an Owner of a construction company for 6 years. A public record search obtained through Accurint revealed the Borrower did not own the business stated at origination. Additionally, the subject loan file did not contain verification the Borrower owned the business at origination.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a construction company for 6 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849265 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/20/2013 5:18:31 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan ID | Lien | Pool | Finding Code | Category | Subcategory | A | B | Narrative | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2007-14H_No Fraud; 1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of a construction company earning $16,000 per month on the loan application. A public records search confirmed an individual believed the Borrower did not own the stated business at origination. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. Despite the Seller's representations, the Borrower falsely stated income as an Owner of a construction company earning $16,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849265 |
| 28 | 14980056 | 1st | SASC 2003-18XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/22/2003, in the amount of $44,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $44,000.00 | 2849404 |
| | | | | 1.04 (c) (xi) SAS 2003-18XS_Compliance with Applicable Law; 1.04 (c) (xxviii) SAS 2003-18XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 settlement statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1 settlement statement. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act. | | | 2849404 |
| | | | | 1.04 (c) (xi) SAS 2003-18XS_Compliance with Applicable Law; 1.04 (c) (xxviii) SAS 2003-18XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth In Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a Final Truth in Lending Statement. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act. | | | 2849404 |
| | | | | 1.04 (c) (xxix) SAS 2003-18XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an origination appraisal. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849404 |
| 29 | 15140130 | 1st | SASC 2003-18XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/26/2003, in the amount of $308,750, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a No Documentation loan (No Income, No Employment and No Asset Verification), with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained a Quality Control Internal Individual Loan Detail Report dated 12/24/2003, which was used to ascertain the documentation type and product type for the subject loan. The loan file did not contain a loan application or an origination credit report for the Borrower. | NINENA | $308,750.00 | 2849407 |
| | | | | 1.04 (c) (xi) SAS 2003-18XS_Compliance with Applicable Law; 1.04 (c) (xxviii) SAS 2003-18XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act. | | | 2849407 |

| | | | Code | Finding | Detail | Sev1 | Sev2 | Description | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (xi) SAS 2003-18XS_Compliance with Applicable Law  1.04 (c) (xxviii) SAS 2003-18XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file was missing a final TIL.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849407 |
| . | | | 1.04 (c) (xxix) SAS 2003-18XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an origination appraisal.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. The loan file did not contain an Origination Appraisal. | | | 2849407 |
| 30 | 15770209 | 1st | SASC 2003-36XS | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/22/2003, in the amount of $170,000. There was neither an automated underwriting system approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $170,000.00 | 2849427 |
| . | | | 1.04 (b) (xii) SAS 2003-36XS_Compliance with Applicable Law Deemed MnA  1.04 (c) (xvii) SAS 2003-36XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849427 |
| . | | | 1.04 (b) (xii) SAS 2003-36XS_Compliance with Applicable Law Deemed MnA  1.04 (c) (xvii) SAS 2003-36XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849427 |
| . | | | 1.04 (b) (xii) SAS 2003-36XS_Compliance with Applicable Law Deemed MnA  1.04 (c) (xvii) SAS 2003-36XS_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849427 |
| . | | | 1.04 (c) (xviii) SAS 2003-36XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849427 |

| # | Lien | Deal | Rep | Finding | Sub-Finding | | | Description | Entity | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 31 | 16248361 | 1st | SASC 2004-4XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/12/2003, in the amount of $50,400, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a No Documentation Loan (no Income, no Asset, no Employment, no Asset verification), with a 72% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval, dated 12/09/2003, in the loan file. | NINENA | $50,400.00 | 2849518 |
| | | | 1.04 (c) (v) SAS 2004-4XS_No Fraud  1.04 (c) SAS 2004-4XS_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. According to a Statement of Financial Affairs, filed by the Borrower with the Northern District of Texas Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated 07/14/2005, the Borrower reported residing at another address other than the subject property from 05/1997 to 02/2005. The origination credit report, dated 10/13/2003, reflected 3 addresses for the Borrower; however, it did not report the subject address. Additionally, the loan file contained a copy of the Borrower's driver's license which reflected a different address than the subject property.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849518 |
| 32 | 18540658 | 1st | SASC 2005-2XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 9/29/2004, in the amount of $125,000. There was no Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the HUD-1, the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $125,000.00 | 2849587 |
| | | | 1.04 (b) (xii) SAS 2005-2XS_Compliance with Applicable Law Deemed MnA  1.04 (c) (xvii) SAS 2005-2XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL statement was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849587 |
| | . | | 1.04 (b) (xii) SAS 2005-2XS_Compliance with Applicable Law Deemed MnA  1.04 (c) (xvii) SAS 2005-2XS_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance; however, the Right of Rescission was not provided.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849587 |
| | . | | 1.04 (c) (xviii) SAS 2005-2XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849587 |
| | | | | **Grand Total of Repurchase Demand** | | | | | | $7,836,007.00 | |

| Loan Count | Loan Group | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 17067844 | 1st | SAS 2003-35 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/17/2003, in the amount of $333,250, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 53.57% Debt to Income Ratio (DTI). There was a Manual approval dated 10/15/2003, in the loan file. | Full | $333,250.00 | 2849426 | |
| | | | | | 1.04 (b) (xi) SAS 2003-35_Compliance with Applicable Law | Final TIL Invalid/Incomplete/Incorrect/Stale / Not Executed | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a valid final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the TIL contained in the loan file was invalid for the following reason: Although there is what appears to be a final TIL in the loan file, the annual percentage rate (APR) is not legible as part of the TIL cut off. | | | 2849426 | |
| | | | | | 1.04 (c) (xvii) SAS 2003-35_Origination Practices | | | | | | | | | |
| 2 | | 17693987 | 1st | SASC 2004-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/01/2004, in the amount of $374,400, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 25.83% Debt to Income Ratio (DTI). There was a Manual approval dated 03/23/2004, in the loan file. | Stated | $374,400.00 | 2849457 | |
| | | | | | 1.04 (c) (v) SAS 2004-15_No Fraud<br><br>1.04 (c) (vii) SAS 2004-15_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of the audit credit report revealed the Borrower acquired one undisclosed student loan in 01/1999 that remained active until 05/2004 in the amount of $10,000 with a payment of $127 and one undisclosed student loan in 01/1998 that remained active until 05/2004 in the amount of $8,500 with a payment of $88. The subject loan closed on 04/01/2004; therefore, the loans were open and active at the time of closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $215 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849457 | |
| | | | | | 1.04 (c) (v) SAS 2004-15_No Fraud<br><br>1.04 (c) (vii) SAS 2004-15_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as an Acupuncturist earning $17,000 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Central District of California Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 10/29/2010, the Borrower's income for 2006 was $25,844, or $2,154 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed and in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as an Acupuncturist earning $17,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849457 | |
| 3 | | 18750067 | 1st | SASC 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/15/2004, in the amount of $487,500, as a cash-out refinance of a single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the final HUD, Note, Mortgage, Hazard Insurance policy, and Title policy. There was no other critical documentation provided for the file that was represented on the date tape by the Seller. | Unknown | $487,500.00 | 2849555 | |
| | | | | | 1.04 (b) (xii) SAS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849555 | |
| | | | | | 1.04 (c) (xviii) SAS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849555 | |

| # | Loan # | Lien | Deal | Code | Finding | Finding Desc | | | Narrative | UW | Amount | ID |
|---|--------|------|------|------|---------|--------------|---|---|-----------|----|--------|----|
| 4 | 18780932 | 1st | SASC 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2004, in the amount of $162,000 as a refinance of a single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the final HUD, Note, Mortgage, Hazard Insurance policy, and Title policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $162,000.00 | 2849556 |
| . | | | | 1.04 (b) (xii) SAS 2005-1_Compliance with Applicable Law - Deemed MnA; 1.04 (c) (xvii) SAS 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849556 |
| . | | | | 1.04 (b) (xviii) SAS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849556 |
| 5 | 19155738 | 1st | SASC 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/13/2004, in the amount of $152,000, as a purchase of an owner occupied, single family detached residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 37.51% Debt To Income Ratio (DTI). There was a Manual approval dated 10/11/2004, in the loan file. | NIVA | $152,000.00 | 2849563 |
| . | | | | 1.04 (c) (v) SAS 2005-1_No Fraud; 1.04 (c) (vii) SAS 2005-1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. An audit credit report revealed an undisclosed business loan opened in 04/2003, 1 year and 6 months prior to the subject loan closing on 10/13/2004, in the amount of $4,023 and a monthly payment of $80, which was not disclosed at origination. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose an $80 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849563 |
| 7 | 19723097 | 1st | SASC 2005-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/28/2005, in the amount of $175,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage/Deed of Trust, Final Title Policy, and Homeowner's Insurance Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $175,000.00 | 2849613 |
| . | | | | 1.04 (b) (xii) SAS 2005-5_Compliance with Applicable Law - Deemed MnA; 1.04 (c) (xvii) SAS 2005-5_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849613 |
| . | | | | 1.04 (b) (xii) SAS 2005-5_Compliance with Applicable Law - Deemed MnA; 1.04 (c) (xvii) SAS 2005-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849613 |

Cowen_Wilmington 489_8 Final Version

| # | Loan # | Lien | Pool | Code | Finding | Sub-Finding | Rating | Narrative | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii) SAS 2005-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title 11 of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849613 |
| 8 | 19856244 | 1st | SASC 2005-5 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 02/17/2005, in the amount of $188,960, as a purchase of an owner occupied 2-unit property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value LTV/CLTV, and a 40.74% Debt to Income Ratio (DTI). There was a Manual approval dated 02/17/2005, in the loan file. | Stated | $188,960.00 | 2849617 |
| . | | | | 1.04 (c) (v) SAS 2005-5_No Fraud<br><br>1.04 (c) (vii) SAS 2005-5_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 3 | The Borrower misrepresented her intent to occupy the subject property. Research conducted through public records revealed the Borrower remained at the proposed departure address from 06/2001 through 04/2013, and did not occupy the subject property. Public records indicated other individuals occupied the subject property from 06/1993 to 10/2013. The Bankruptcy records obtained through Pacer filed on 03/12/2009, reflected the subject property as a rental property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849617 |
| 9 | 30073621 | 1st | SASC 2005-5 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 12/29/2004, in the amount of $183,000, as a purchase of a non-owner occupied Single Family Detached Residence. The loan was approved as a Full Documentation loan, with a 72.33%/% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.56% Debt to Income Ratio (DTI). There was a Manual approval dated, 12/22/2004 in the loan file. | Full | $183,000.00 | 2849620 |
| . | | | | 1.04 (c) (v) SAS 2005-5_No Debt Obligations<br><br>1.04 (c) (vii) SAS 2005-5_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented his debt obligations. Public records and the Audit Credit Report revealed the Borrower purchased an undisclosed property on 12/29/2004, the same day as the subject loan closing, in the amount of $179,900 with a monthly payment of $1,268.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $1,268 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849620 |
| 10 | 30206486 | 1st | SASC 2005-5 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 02/03/2005, in the amount of $388,000, as a cash-out refinance of an owner occupied single family detached residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification) loan, with a 59.692% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a manual approval, dated 02/02/2005, in the loan file. | NINENA | $388,000.00 | 2849625 |
| . | | | | 1.04 (b) (xii) SAS 2005-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-5_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($514,351.34) is ($673.24) below the actual finance charge ($515,024.58). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849625 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/28/2014 11:27:14 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| 11 | 30234678 | 1st | SASC 2005-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/08/2005, in the amount of $320,000, as a cash-out refinance of an owner occupied low rise condominium. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33.06% Debt to Income Ratio (DTI). There was a CLUES approval dated 02/02/2005, in the loan file. | Stated | $320,000.00 | 2849626 |
| | | | | 1.04 (b) (xii) SASC 2005-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SASC 2005-5_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($418,903.95) is ($1,063.35) below the actual finance charge ($419,967.30). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2)).<br><br>The disclosed finance charge ($418,903.95) is ($1,063.35) below the actual finance charge ($419,967.30). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849626 |
| 12 | 30243406 | 1st | SASC 2005-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/22/2005, in the amount of $328,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.892% Debt to Income Ratio (DTI). There was a Manual approval, which was not dated, in the loan file. | Stated | $328,000.00 | 2849628 |
| | | | | 1.04 (c) (v) SASC 2005-5_No Fraud<br><br>1.04 (c) (xvii) SASC 2005-5_No Event of Default | Misrepresentation of Employment With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. The Borrower falsely stated employment as a Warranty Administration Manager for 5 years on the loan application. An audit re-verification of employment and income was obtained through the employer, which revealed the Borrower was employed as a Clerk.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Warranty Administration Manager for 5 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849628 |
| | | | | 1.04 (c) (v) SAS 2005-5_No Fraud<br><br>1.04 (c) (xvii) SAS 2005-5_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Warranty Administration Manager earning $7,515 per month on the loan application. An audit re-verification of employment and income was obtained through the employer, which revealed the Borrower's income in 2004 was $54,750, or $4,563 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Warranty Administration Manager earning $7,515 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust | | | 2849628 |
| 13 | 400588190 | 1st | SASC 2004-16XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/30/2004, in the amount of $32,000, as a purchase of an investment 3-unit detached residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a manual approval dated 04/29/2004, in the loan file. | NINENA | $32,000.00 | 2849467 |
| | | | | 1.04 (c) (v) SAS 2004-16XS_No Fraud<br><br>1.04 (c) (xvii) SAS 2004-16XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registry System (MERS) and an audit credit report revealed the Borrower acquired an additional property on 04/30/2004, the same day as the subject closing, with a mortgage in the amount of $41,600 and a payment of $277 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $277 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust | | | 2849467 |

Cowen_Wilmington 489_8 Final Version

| 14 | 400689535 | 1st | SASC 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/03/2004, in the amount of $235,900, as a refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset (SISA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.33% Debt to Income Ratio (DTI). There was a Manual approval, dated 07/30/2004, in the loan file. | Stated | $235,900.00 | 2849566 |
| | | | 1.04 (c) (v) SAS 2005-1_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower acquired an undisclosed Home Equity Line of Credit (HELOC) mortgage in the amount of $40,000 with an estimated undisclosed monthly payment of $400 in 08/2004, which was within 30 days of the subject loan closing on 08/03/2004.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $400 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849566 |
| | | | 1.04 (c) (vii) SAS 2005-1_No Event of Default | | | | | | | | |
| 1 | 15786148 | 1st | SASC 2003-30 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/25/2003, in the amount of $390,050, as a Purchase of an owner occupied, single family, detached residence. The loan was approved as a Full Documentation loan, with an 80% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 36.02% Debt To Income Ratio (DTI). There was a CLUES approval dated 07/11/2003, in the loan file. | Full | $390,050.00 | 2849418 |
| | | | | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrowers falsely stated income as a Realtor and a Speech Language Clinician earning a total of $14,458 per month on the loan application. The loan file contained a copy of the Borrowers' tax returns which reflect an income of $110,101 for the tax year 2003,which equals a monthly income of $9,175. The Borrowers misrepresented their disclosed income. The Borrowers falsely stated income as a Realtor and a Speech Language Clinician earning a total of $14,458 per month on the loan application. The loan file contained a copy of the Borrowers' tax returns which reflect an income of $110,101 for the tax year 2003,which equals a monthly income of $9,175.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

 Despite the Seller's representations, the Borrowers falsely stated income as a Realtor and a Speech Language Clinician earning a total of $14,458 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. | | | |
| | | | | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations - No Red Flags Present | 2 | 3 | The Borrowers misrepresented their debt obligations. The audit credit report dated 01/29/2014, pages 2-3, reflect installment loans both dated 06/2003 with monthly amounts of $154 and $803. The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $154 and an $803 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | |
| | | | | | **Grand Total of Repurchase Demand** | | | | | | **$3,750,060.00** | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/28/2014 11:27:14 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen _Wilmington 489_7 Final Version

| Loan Count | Loan Group | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 000000018321901 | 1st | SASC 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/07/2004, in the amount of $180,000, as a cash-out refinance of an investment single family detached residence. The loan was approved as a Full Documentation loan, with a 66.91% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 22.93% Debt to Income Ratio (DTI). There was a Desktop Underwriter (DU) approval, dated 08/23/2004, in the loan file. | Full | $180,000.00 | 2849502 | |
| . | | | | | 1.04 (c) (v) SAS 2004-20_No Fraud / 1.04 (c) (vii) SAS 2004-20_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower acquired an undisclosed mortgage in the amount of $225,000 with an undisclosed payment of $1,678 per month on 08/19/2004, the month prior to the subject closing on 09/14/2004.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $1,678 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849502 | |
| 2 | | 000000018349993 | 1st | SASC 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/25/2004, in the amount of $360,000, as a cash-out refinance of an owner occupied single family detached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA), with an 80% Loan to value/Combined Loan to Value (LTV/CLTV), and a 39.30% Debt to Income Ratio (DTI). There was a Desktop Underwriter (DU) approval dated 08/06/2004, in the loan file. | Stated | $360,000.00 | 2849505 | |
| . | | | | | 1.04 (c) (v) SAS 2004-20_No Fraud / 1.04 (c) (vii) SAS 2004-20_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Manager earning $6,500 per month on the loan application. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Central District of California on 03/28/2008. The petition included a Statement of Financial Affairs, which revealed the Borrower's income for 2006, two years after the subject closing, was $32,162, or $2,680 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Manager earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849505 | |
| 3 | | 15608813 | 1st | SAS 2003-35 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/24/2003, in the amount of $249,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Assets), with a 68.22% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual Approval dated 07/22/2003, in the loan file. | NINENA | $249,000.00 | 2849420 | |
| . | | | | | 1.04 (c) (v) SAS 2003-35_No Fraud / 1.04 (c) (vii) SAS 2003-35_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit report revealed the Borrower acquired an undisclosed installment loan in 05/2003, the month prior to the subject loan closing on 06/24/2003, in the amount of $41,945 with a monthly payment of $699 and one undisclosed mortgage on 05/02/2003, the month prior to the subject loan closing, in the amount of $105,000 with a payment of $849.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,548 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849420 | |
| 4 | | 15659501 | 1st | SASC 2003-29 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/17/2003, in the amount of $383,200, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35% Debt to Income Ratio (DTI). There was a Manual Approval dated 06/16/2003, in the loan file. | Stated | $383,200.00 | 2849414 | |
| . | | | | | 1.04 (b) (x) SAS 2003-29_Compliance with Applicable Law / 1.04 (c) (vii) SAS 2003-29_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.

The disclosed finance charge ($411,753.58) is $801.44 below the actual finance charge ($412,555.02). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrowers. | | | 2849414 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2014 4:38:15 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 15682628 | 1st | SASC 2003-28XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/13/2003, in the amount of $128,000, as a refinance of a single family residence located in a planned unit development. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $128,000.00 | 2849409 |
| | | | | 1.04 (b) (xi) SAS 2003-28XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2003-28XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849409 |
| | | | | 1.04 (b) (xi) SAS 2003-28XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2003-28XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849409 |
| | | | | 1.04 (c) (xviii) SAS 2003-28XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849409 |
| 6 | 15714215 | 1st | SASC 2003-29 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/27/2003, in the amount of $428,000, as a refinance of an owner occupied single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $428,000.00 | 2849415 |
| | | | | 1.04 (b) (xi) SAS 2003-29_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-29_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849415 |
| | | | | 1.04 (b) (xi) SAS 2003-29_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-29_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849415 |
| | | | | 1.04 (b) (xi) SAS 2003-29_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-29_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2849415 |
| | | | | 1.04 (c) (xviii) SAS 2003-29_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849415 |

Cowen _Wilmington 489_7 Final Version

| # | Loan ID | Lien | Deal | Finding | Category | Sub-Category | | Narrative | Occupancy | Amount | ID |
|---|---------|------|------|---------|----------|--------------|---|-----------|-----------|--------|-----|
| 7 | 15717150 | 1st | SAS 2003-35 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 09/04/2003, in the amount of $123,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 65.96% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 39.18% Debt to Income Ratio (DTI). There was a Manual approval dated 08/29/2003, in the loan file. | Stated | $123,000.00 | 2849421 |
| | | | | 1.04 (b) (xi) SAS 2003-35_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2003-35_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The disclosed finance charge ($129,638.83) is ($321.00) below the actual finance charge ($129,959.83). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2)).  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2849421 |
| 8 | 15771124 | 1st | SASC 2003-38 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 08/20/2003, in the amount of $330,000, as a cash-out refinance of a multi-unit, investment property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 75% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 32.54% Debt To Income Ratio (DTI). There was a Manual approval dated 08/19/2003, in the loan file. | Stated | $330,000.00 | 2849431 |
| | 1 | | | 1.04 (c) (v) SAS 2003-38_No Fraud  1.04 (c)(xii) SAS 2003-38_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | The Co-Borrower misrepresented her disclosed income. The Co-Borrower falsely stated her income as a Nurse earning $2,500 per month on the loan application. An audit verification of employment obtained through the employer reveals the Borrower earned $12,981, or $1,082 monthly in 2003 the year the subject loan closed.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Co-Borrower falsely stated her income as a Nurse earning $2,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849431 |
| 9 | 15821325 | 1st | SASC 2003-36XS | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 07/30/2003, in the amount of $190,855, as a Purchase of an owner occupied, single family detached residence. The loan was approved as a No Documentation (No Income, No Employment, No Assets Verification) loan, with a 95% Loan To Value/Combined Loan To Value (LTV/CLTV). There was a Manual approval dated 06/30/2003, in the loan file. | NINENA | $190,855.00 | 2849428 |
| | | | | 1.04 (c) (v) SAS 2003-36XS_No Fraud  1.04 (c)(xii) SAS 2003-36XS_No Event of Default | Failure to Verify Social Security Number | Failure to Verify Social Security Number | 1 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's identity, so as to confirm the absence of fraud and/or the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. Audit research, the Risk IQ Report, could not validate the Social Security number disclosed belonged to the Borrower.  The Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.  Despite the Seller's representation, there is no validation in the file of the Borrower's Social Security number. | | | 2849428 |
| 10 | 15841018 | 1st | SASC 2004-4XS | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 10/31/2003, in the amount of $52,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $52,000.00 | 2849515 |
| | | | | 1.04 (b) (xii) SAS 2004-4XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-4XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849515 |
| | | | | 1.04 (c) (xviii) SAS 2004-4XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849515 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/27/2014 4:38:15 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| # | Loan ID | | Deal | | Category | Finding | Finding | | Codes | Narrative | Doc Type | Amount | Ref |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 15841349 | 1st | SASC 2004-4XS | | | Loan Summary | Loan Summary | | 0 0 | The subject loan closed on 10/31/2003, in the amount of $44,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly originated and approved under the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $44,000.00 | 2849516 |
| | | | | 1.04 (b) (xii) SAS 2004-4XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-4XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | | 1 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. Page 2 of the final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849516 |
| | | | | 1.04 (b) (xii) SAS 2004-4XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-4XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | | 2 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849516 |
| | | | | 1.04 (c) (xviii) SAS 2004-4XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849516 |
| 12 | 16128928 | 1st | SAS 2003-35 | | | Loan Summary | Loan Summary | | 0 0 | The subject loan closed on 10/03/2003, in the amount of $276,000, as a cash-out refinance of an owner-occupied single-family detached residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 22.70% Debt to Income Ratio (DTI). There was a manual approval, dated 09/24/2003, in the loan file. | Stated | $276,000.00 | 2849424 |
| | | | | 1.04 (b) (xii) SAS 2003-35_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2003-35_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The disclosed finance charge ($371,807.06) is ($82.42) below the actual finance charge ($371,949.48). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2)).  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2849424 |
| 13 | 16151813 | 1st | SASC 2004-4XS | | | Loan Summary | Loan Summary | | 0 0 | The subject loan closed on 11/13/2003, in the amount of $500,000, as a cash-out refinance of an owner-occupied single-family detached residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with a 71.43% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.81% Debt to Income Ratio (DTI). There was a manual approval, dated 11/06/2003, in the loan file. | Stated | $500,000.00 | 2849517 |
| | | | | 1.04 (b) (xii) SAS 2004-4XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-4XS_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The disclosed finance charge ($641,262.17) is ($60.00) below the actual finance charge ($641,322.17). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2)).  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2849517 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate     Run: 2/27/2014 4:38:15 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| # | Loan ID | | SASC | | | | | Description | | Amount | ID |
|---|---------|---|------|---|---|---|---|-------------|---|--------|-----|
| 14 | 16444309 | 1st | SASC 2004-16XS | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/03/2004, in the amount of $174,000, as a cash-out refinance of a multi-unit residence, per the Mortgage, public records, and a post-closing appraisal. There was neither an Automated Underwriting System (AUS) nor manual approval available to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the HUD-1, Title Policy, and Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $174,000.00 | 2849459 |
| | | | | 1.04 (b) (xii) SAS 2004-16XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2004-16XS_Mortgage File<br><br>1.04 (c) (xvii) SAS 2004-16XS_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the mortgage note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2849459 |
| | | | | 1.04 (b) (xii) SAS 2004-16XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-16XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2849459 |
| | | | | 1.04 (c) (xviii) SAS 2004-16XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849459 |
| 15 | 16497877 | 1st | SASC 2004-15 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/08/2004, in the amount of $333,000, as a cash-out refinance of an owner-occupied single-family detached residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with a 71.62% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45% Debt to Income Ratio (DTI). There was a manual approval, dated 03/22/2004, in the loan file. | Stated | $333,000.00 | 2849459 |
| | | | | 1.04 (c) (v) SAS 2004-15_No Fraud<br><br>1.04 (c) (xii) SAS 2004-15_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his stated income. The Borrower falsely stated his income as a Press Printer earning $6,500 per month on the loan application. The loan file contained an initial loan application, which reflected the Borrower stated income of $4,046 per month. The loan application also reflected the file initially included another Borrower, which was removed from the transaction. The loan applications reflected inconsistent stated income; however, the Lender utilized the higher income to qualify the Borrower, which evidences the Lender's misrepresentation of the Borrower's employment.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a Press Printer earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849453 |
| 16 | 16748477 | 1st | SASC 2004-16XS | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/23/2004, in the amount of $281,600, as a rate and term refinance of an owner occupied single family detached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/87.528% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39% Debt to Income Ratio (DTI). There was a manual approval, dated 06/23/2004, in the loan file. | Stated | $281,600.00 | 2849459 |
| | | | | 1.04 (b) (xii) SAS 2004-16XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-16XS_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($415,659.32) is ($2,566.00) below the actual finance charge ($418,225.32). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849462 |

| # | Loan ID | | Program | Guideline | Finding | Finding | | Description | Occ. | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 17016106 | 1st | SAS 2003-35 | | Loan Summary | Loan Summary | 0/0 | The subject loan closed on 09/26/2003, in the amount of $168,750 as an owner occupied residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively identify how the loan was approved, or if the loan was originated in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Mortgage and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $168,750.00 | 2849425 |
| | | | | 1.04 (b) (xi) SAS 2003-35_Compliance with Applicable Law / 1.04 (c) (xii) SAS 2003-35_Mortgage File / 1.04 (c) (xvii) SAS 2003-35_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1/3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The note for the subject transaction was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA). Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2849425 |
| | | | | 1.04 (b) (xi) SAS 2003-35_Compliance with Applicable Law / 1.04 (c) (xvii) SAS 2003-35_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2/3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849425 |
| | | | | 1.04 (b) (xi) SAS 2003-35_Compliance with Applicable Law / 1.04 (c) (xvii) SAS 2003-35_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3/3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849425 |
| | | | | 1.04 (b) (xi) SAS 2003-35_Compliance with Applicable Law / 1.04 (c) (xvii) SAS 2003-35_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4/3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2849425 |
| | | | | 1.04 (c) (xviii) SAS 2003-35_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5/3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849425 |
| 18 | 17102963 | 1st | SASC 2003-38 | | Loan Summary | Loan Summary | 0/0 | The subject loan closed on 10/03/2003, in the amount of $263,268, as a purchase of an owner occupied single family detached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.973% Debt to Income Ratio (DTI). There was a Manual approval, dated 10/01/2003, in the loan file. | Stated | $263,268.00 | 2849434 |
| | 1 | | | 1.04 (c) (v) SASC 2003-38_No Fraud / 1.04 (c) (xii) SAS 2003-38_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1/3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as an Executive Driver earning $5,500 per month on the loan application. An audit verification of employment (VOE) obtained through the employer revealed the Borrower earned $48,395, or $4,033 per month in 2003 the year the subject loan closed. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated his income as an Executive Driver earning $5,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849434 |

| 19 | 17608431 | 1st | SASC 2004-16XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/25/2004, in the amount of $332,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 72.97% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 13.13% Debt to Income Ratio (DTI). There was a Manual approval, dated 03/23/2004, in the loan file. | Full | $332,000.00 | 2849463 |
| | | | | 1.04 (b) (xii) SAS 2004-16XS_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2004-16XS_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The disclosed finance charge ($411,610.93) is ($94.19) below the actual finance charge ($411,705.12). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2)). The Seller represented and warranted that the origination practices and subject loan complied with applicable laws. Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849463 |
| 20 | 17610700 | 1st | SASC 2004-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/26/2004 in the amount of $364,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other document provided for the file that was represented on the data tape by the Seller. | Unknown | $364,000.00 | 2849456 |
| | | | | 1.04 (b) (xii) SAS 2004-15_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2004-15_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849456 |
| | | | | 1.04 (b) (xii) SAS 2004-15_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2004-15_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849456 |
| | | | | 1.04 (c) (xviii) SAS 2004-15_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849456 |
| 21 | 17706755 | 1st | SASC 2004-16XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/14/2004, in the amount of $54,750, as a cash out refinance of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 14.11% Debt to Income Ratio (DTI). There was a Manual approval, dated 05/12/2004, in the loan file. | Stated | $54,750.00 | 2849465 |
| | | | | 1.04 (c) (v) SAS 2004-16XS_No Fraud 1.04 (c) (xii) SAS 2004-15_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower acquired an undisclosed mortgage in the amount of $53,250 with a monthly payment of $306 on 04/22/2004, which was 22 days prior to the subject loan closing on 05/14/2004. The Borrower acquired an additional undisclosed mortgage in the amount of $51,000 with a monthly payment of $534 on 02/23/2004, which was 3 months prior to the subject loan closing. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $840 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849465 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/27/2014 4:38:15 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan # | Lien | Deal | Category | Finding | Finding | Seq | Narrative | Approval | Amount | Seller # |
|---|--------|------|------|----------|---------|---------|-----|-----------|----------|--------|----------|
| 22 | 17780750 | 1st | SASC 2004-22 | | Loan Summary | Loan Summary | 0/0 | The subject loan closed on 04/28/2004, in the amount of $406,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Mortgages and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $406,000.00 | 2849509 |
| | | | | 1.04 (b) (xii) SAS 2004-22_Compliance with Applicable Law | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrowers and maintained in the loan file as evidence of compliance. The subject transaction note was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2849509 |
| | | | | 1.04 (c) (xvii) SAS 2004-22_Mortgage File | | | | | | | |
| | | | | 1.04 (c) (xvii) SAS 2004-22_Origination Practices | | | | | | | |
| | | | | 1.04 (b) (xii) SAS 2004-22_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was not in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849509 |
| | | | | 1.04 (c) (xvii) SAS 2004-22_Origination Practices | | | | | | | |
| | | | | 1.04 (b) (xii) SAS 2004-22_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849509 |
| | | | | 1.04 (c) (xvii) SAS 2004-22_Origination Practices | | | | | | | |
| | | | | 1.04 (c) (xviii) SAS 2004-22_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849509 |
| 23 | 17838731 | 1st | SASC 2004-16XS | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 05/04/2004, in the amount of $85,500, as a cash-out refinance of an owner occupied single family detached residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $85,500.00 | 2849466 |
| | | | | 1.04 (b) (xii) SAS 2004-16XS_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849466 |
| | | | | 1.04 (c) (xvii) SAS 2004-16XS_Origination Practices | | | | | | | |
| | | | | 1.04 (b) (xii) SAS 2004-16XS_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a Right of Rescission disclosure to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849466 |
| | | | | 1.04 (c) (xvii) SAS 2004-16XS_Origination Practices | | | | | | | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/27/2014 4:38:15 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen _Wilmington 489_7 Final Version

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii) SAS 2004-16XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standard of Professional Appraisal Practice (USPAP). This appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849466 | |
| 24 | 18020974 | 1st | SASC 2005-5 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 11/12/2004, in the amount of $284,925, as a purchase of an owner occupied low-rise condominium. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval, dated 10/26/2004, in the loan file. | NINENA | $284,925.00 | 2849606 | |
| | | | | 1.04 (b) (xii) SAS 2005-5_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849606 | |
| | | | | 1.04 (c) SAS 2005-5_No Fraud  1.04 (c) (xiii) SAS 2005-5_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 3 | The Borrower misrepresented her debt obligations. Research of public records and an audit credit report revealed the Borrower acquired an undisclosed automobile lease in the amount of $28,683 with a monthly payment of $558 on 09/24/2004, which was a month and a half prior to the subject loan closing on 11/12/2004, and an undisclosed automobile loan in the amount of $21,641 with an estimated payment of $361 per month on 07/24/2004, which was three and a half months prior to the subject closing date on 11/12/2004. The Borrower represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $919 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849606 | |
| 25 | 18309872 | 1st | SASC 2005-5 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 09/29/2004, in the amount of $160,000, as a cash-out refinance of an owner occupied single family detached residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $160,000.00 | 2849607 | |
| | | | | 1.04 (b) (xii) SAS 2005-5_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-5_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was not contained in the loan file. The loan file contained a HUD which was not signed and dated by the Borrowers or stamped true and certified so it could not be considered the final HUD-1. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849607 | |
| | | | | 1.04 (b) (xii) SAS 2005-5_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849607 | |
| | | | | 1.04 (b) (xii) SAS 2005-5_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-5_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a Right of Rescission disclosure to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849607 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate    Run: 2/27/2014 4:38:15 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen _Wilmington 489_7 Final Version

**Digital Risk - Loan Review Findings**
08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
part 9   Pg 149 of 250

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii) SAS 2005-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849607 |
| 26 | 18320523 | 1st | SASC 2004-22 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/02/2004, in the amount of $475,000, as a cash-out refinance of an owner occupied single family detached residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 49.22% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a manual approval, dated 08/23/2004, in the loan file. | NINENA | $475,000.00 | 2849511 |
| | | | | 1.04 (c) (v) SAS 2004-22_No Fraud  1.04 (c) (vii) SAS 2004-22_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research of public records and an audit credit report revealed the Borrower acquired a home equity line of credit (HELOC) in the amount of $200,000 with an estimated payment of $2,000 per month, based on a 1% interest rate on the high credit limit, on 09/23/2004, which was 21 days after the subject closing on 09/02/2004.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $2,000 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849511 |
| | | | | | | | | | | | | |
| 27 | 18524876 | 1st | SASC 2004-22 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/18/2004, in the amount of $431,200, as a purchase of an owner occupied single family residence. The loan was approved with an 80%/98.55% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $431,200.00 | 2849512 |
| | | | | 1.04 (b) (xii) SAS 2004-22_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2004-22_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849512 |
| | | | | 1.04 (b) (xii) SAS 2004-22_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2004-22_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849512 |
| | | | | 1.04 (c) (xviii) SAS 2004-22_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849512 |
| | | | | | | | | | | | | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2014 4:38:15 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| # | | | | | | | | | | Description | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 28 | | 18579557 | 1st | SASC 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2004 in the amount of $802,500 as a refinance of an owner occupied residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the HUD-1, Note, Mortgage, Property Insurance Policy Declaration, and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $802,500.00 | 2849550 |
| | | | | | 1.04 (b) (xii) SAS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849550 |
| | | | | | 1.04 (b) (xii) SAS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849550 |
| | | | | | 1.04 (c) (xviii) SAS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849550 |
| 29 | | 18616011 | 1st | SASC 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/03/2004 in the amount of $132,800 as a refinance of an owner occupied residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the HUD-1, Note, Mortgage, Second Lien Mortgage, and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $132,800.00 | 2849551 |
| | | | | | 1.04 (b) (xii) SAS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849551 |
| | | | | | 1.04 (b) (xii) SAS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849551 |
| | | | | | 1.04 (c) (xviii) SAS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849551 |

Cowen _Wilmington 489_7 Final Version

| | | | | | Loan Summary | Loan Summary | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 | | 18736116 | 1st | SASC 2005-5 | | | 0 | 0 | The loan closed on 11/19/2004, in the amount of $320,000, as a rate and refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80% Loan to Value / combined Loan to Value (LTV/CLTV) and a 45% Debt-to-Income Ratio (DTI). There was a Manual approval, dated 11/12/2004, in the loan file. | Full | $320,000.00 | 2849608 |
| | | | | 1.04 (b) (xii) SAS 2005-5_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849608 |
| | | | | 1.04 (c) (v) SAS 2005-5_No Fraud  1.04 (c) (vii) SAS 2005-5_No Event of Default | Misrepresentation of Employment With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application as a Salesman for 15 years as his sole source of income. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the District of Minnesota on 05/30/2008. The petition included a Statement of Financial Affairs, which revealed the Borrower was an Owner of an undisclosed business, from 09/23/2003 to 03/2008, which covered the subject loan closing date of 11/19/2004.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Salesman for 15 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849608 |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | **$8,994,648.00** | |

# Digital Risk - Loan Review Findings

Cowen_Wilmington 489_6 Final Version     08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment part 5 page 152 of 250

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000016320061 | 1st | SASC 2004-11XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/06/2004, in the amount of $74,400 a cash out refinance of a non-owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 78.32% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.09% Debt to Income Ratio (DTI). There was a Manual approval dated 04/02/2004, in the loan file. | Full | $74,400.00 | 2849440 | |
| . | | | | 1.04 (c) (v) SAS 2004-11XS_No Fraud<br><br>1.04 (c) (vii) SAS 2004-11XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an Audit Credit Report revealed the Borrower purchased an undisclosed property on 01/14/2004, 3 months prior to the subject loan closing on 04/06/2004, and obtained a mortgage in the amount of $67,200 with a monthly payment of $631. The Borrower purchased an additional property and obtained an additional mortgage on 04/06/2004, which is the same day as the subject loan closing, in the amount of $58,400 with a monthly payment of $384.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1015 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849440 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 000000017448762 | 1st | SASC 2004-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/11/2004, in the amount of $164,000 as a rate and term refinancing of an owner occupied multi-unit residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 44.32% Loan To Value/Combined Loan To Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NIVA | $164,000.00 | 2849529 | |
| . | | | | 1.04 (b) (xii) SAS 2004-7_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xv) (H) SAS 2004-7_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xv) (I) SAS 2004-7_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAS 2004-7_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.<br>The disclosed finance charge ($186,543.15) is ($83.05) below the actual finance charge ($186,626.20). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrowers.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849529 | |

**Digital Risk - Loan Review Findings**

Cowen_Wilmington 489_6 Final Version | 08-13555-mg | Doc 46080-5 | Filed 08/22/14 | Entered 08/22/14 15:34:18 | Attachment V - part 1 | Pg 154 of 250

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 000000017490772 | 1st | SASC 2004-9XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 1/16/2004, in the amount of $272,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage/Deed of Trust, Homeowners Insurance Declarations page, the final Title Policy, and Post Closing documents. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $272,000.00 | 2849547 | |
| . | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849547 | |
| . | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849547 | |
| . | | | 1.04 (c) (xviii) SAS 2004-9XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849547 | |

| 4 | 000000017807546 | 1st | SASC 2004-19XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/07/2004, in the amount of $126,000, as a purchase of a non-owner occupied detached single family residence. The loan was approved as a Full Documentation loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 54.566% Debt to Income Ratio (DTI). There was a Manual approval dated 04/07/2004, in the loan file. | Full | $126,000.00 | 2849473 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (v) SAS 2004-19XS_No Fraud  1.04 (c) (vii) SAS 2004-19XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Research of public records conducted through Accurint, Sitex.com and an audit credit report revealed the Borrowers refinanced a second mortgage on their primary residence recorded on 04/02/2004, which was 14 days prior to the subject loan closing on 04/16/2004, in the amount of $54,800 with a monthly payment of $548 based on a 1% interest rate. The undisclosed refinance resulted in $23,398 in additional debt and an increase of $362 in the monthly payment. In addition, the research reflected the Borrowers owned an additional property located in East Hartford, CT since 08/04/2003, which was 8 months prior to the subject loan closing. For this property, the Borrower obtained an undisclosed mortgage in the amount of $116,910 with a monthly payment of $1,010.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,010 monthly debt and $362 increase in existing debt, which constitutes an event of default under the | | | 2849473 | |

| 5 | 000000018130484 | 1st | SASC 2004-19XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 4/1/2004, in the amount of $599,920. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage/Deed of Trust, Homeowners Insurance Declarations page, the final Title Policy, and Post Closing documents. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $599,920.00 | 2849475 | |
| . | | | | 1.04 (b) (xii) SAS 2004-19XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-19XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The loan final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2849475 | |
| . | | | | 1.04 (b) (xii) SAS 2004-19XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-19XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2849475 | |
| . | | | | 1.04 (c) (xviii) SAS 2004-19XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2849475 | |

| 6 | 000000018229070 | 1st | SASC 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/25/2004, in the amount of $119,200, as a purchase of an owner-occupied single-family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.53% Debt to Income Ratio (DTI). There was a manual approval, dated 09/02/2004, in the loan file. | Stated | $119,200.00 | 2849498 | |
| . | | | | 1.04 (c) (v) SAS 2004-20_No Fraud<br><br>1.04 (c) (vii) SAS 2004-20_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Safety Personnel Director earning $6,750 per month on the loan application. An audit verification of the Borrower's employment and income was obtained through the employer, which revealed the Borrower's 2006 income, was $72,463, or $6,039 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Safety Personnel Director earning $6,750 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849498 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/31/2014 8:53:01 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wilmington 489_6 Final Version

| 7 | 000000019008457 | 1st | SASC 2004-19XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/31/2004, in the amount of $235,200, as a purchase of an investment 4-unit multi-family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.10% Debt to Income Ratio (DTI). There was a Manual approval dated 08/30/2004, in the loan file. | Full | $235,200.00 | 2849477 | |
| . | | | | 1.04 (c) (v) SAS 2004-19XS_No Fraud<br><br>1.04 (c) (vii) SAS 2004-19XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of the Mortgage Electronic Registration System revealed the Borrower acquired three undisclosed properties in the same building as the subject property and all closed on the same day as the subject loan closing on 08/31/2004 with total mortgages of $882,000 and total payments of $6,993.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $6,993 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849477 | |

| 8 | 000000019008580 | 1st | SASC 2004-19XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/31/2004, in the amount of $235,200, as a purchase of an investment 4-unit multi-family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.10% Debt to Income Ratio (DTI). There was a Manual approval dated 08/30/2004, in the loan file. | Full | $235,200.00 | 2849478 | |
| . | | | | 1.04 (c) (v) SAS 2004-19XS_No Fraud<br><br>1.04 (c) (vii) SAS 2004-19XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of the Mortgage Electronic Registration Systems reflected the Borrower acquired three undisclosed properties that were all in the same building as the subject property and all closed on the same day as the subject loan closing of 08/31/2004 with total mortgages of $882,000 and total payments of $6,993.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $6,993 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849478 | |

**Digital Risk - Loan Review Findings**

Cowen_Wilmington 489_6 Final Version    08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 1 Pg 160 of 250

| 9 | 000000019027879 | 1st | SASC 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/16/2004, in the amount of $609,400, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/89.90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.30% Debt to Income Ratio (DTI). There was a Manual approval dated 09/16/2004, in the loan file. | Full | | $609,400.00 | 2849507 | |
| . | | | | 1.04 (b) (xii) SAS 2004-20_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) SAS 2004-20_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.

The disclosed finance charge ($825,817.10) is ($2,314.65) below the actual finance charge ($828,131.75). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrowers.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2849507 | |
| 10 | 000000019049022 | 1st | SASC 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/24/2004, in the amount of $185,000, as a purchase of an owner occupied Single Family Residence. The loan was approved with a 78.72%/99.81% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Homeowners insurance, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $185,000.00 | 2849508 | |
| . | | | | 1.04 (b) (xii) SAS 2004-20_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) SAS 2004-20_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2849508 | |

| 11 | 000000400654174 | 1st | SASC 2004-19XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/25/2004, in the amount of $333,700, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 47.33% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.30% Debt to Income Ratio (DTI). There was a Manual approval dated 06/24/2004, in the loan file. | Stated | $333,700.00 | 2849479 | |
| . | | | 1.04 (c) (v) SAS 2004-19XS_No Fraud<br><br>1.04 (c) (vii) SAS 2004-19XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. The Audit Credit Report revealed the Borrowers acquired an undisclosed home equity line in the amount of $110,000 with a monthly payment of $287, in 06/2004, the same month as the subject loan closing on 06/25/2004.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $287 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849479 | |
| 12 | 14108831 | 1st | SASC 2003-12XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/23/2002, in the amount of $189,000 as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 09/03/2002, in the loan file. | NINENA | $189,000.00 | 2849398 | |
| . | | | 1.04 (c) (xi) SAS 2003-12XS_Compliance with Applicable Law<br><br>1.04 (c) (xxviii) SAS 2003-12XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The payment streams on the final TIL provided in the loan file are for an option m loan program. The subject note is for a fixed rate mortgage; therefore, the final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849398 | |

| 13 | 14261853 | 1st | SASC 2003-3XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan originated on 05/25/2002, in the amount of $73,150. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $73,150.00 | 2849438 | |
| . | | | | 1.04 (c) (xi) SAS 2003-3XS_Compliance with Applicable Law<br><br>1.04 (c) (xxvii) SAS 2003-3XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849438 | |
| . | | | | 1.04 (c) (xi) SAS 2003-3XS_Compliance with Applicable Law<br><br>1.04 (c) (xxvii) SAS 2003-3XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849438 | |
| . | | | | 1.04 (c) (xxviii) SAS 2003-3XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849438 | |

| 14 | 14670137 | 1st | SASC 2003-12XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 4/8/2003, in the amount of $97,850, as a purchase of an owner occupied low rise condominium. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $97,850.00 | 2849399 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (xi) SAS 2003-12XS_Compliance with Applicable Law<br><br>1.04 (c) (xxviii) SAS 2003-12XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849399 | |
| . | | | | 1.04 (c) (xxix) SAS 2003-12XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849399 | |

| 15 | 14965388 | 1st | SASC 2003-18XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 9/9/2003, in the amount of $82,650, as a purchase of an owner occupied single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage and the Title Policy. There was no other critical documentation provide for the file that was represented on the data tape for the Seller. | Unknown | $82,650.00 | 2849403 | |
| . | | | 1.04 (c) (xi) SAS 2003-18XS_Compliance with Applicable Law<br><br>1.04 (c) (xxviii) SAS 2003-18XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849403 | |
| . | | | 1.04 (c) (xi) SAS 2003-18XS_Compliance with Applicable Law<br><br>1.04 (c) (xxviii) SAS 2003-18XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849403 | |
| . | | | 1.04 (c) (xxix) SAS 2003-18XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849403 | |

| 16 | 15084395 | 1st | SASC 2003-18XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan was originated in 2003, in the amount of $140,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained a copy of the subject note and a partial mortgage deed. There were no other critical documentations provided for the file that was represented on the data Tape by the Seller. | Unknown | $140,000.00 | 2849405 | |
| . | | | 1.04 (c) (xi) SAS 2003-18XS_Compliance with Applicable Law<br><br>1.04 (c) (xviii) SAS 2003-18XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. The subject loan did not comply with applicable law. | | | 2849405 | |
| . | | | 1.04 (c) (xi) SAS 2003-18XS_Compliance with Applicable Law<br><br>1.04 (c) (xviii) SAS 2003-18XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849405 | |
| . | | | 1.04 (c) (xxix) SAS 2003-18XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849405 | |

Cowen_Wilmington 489_6 Final Version

Cowen_Wilmington 489_6 Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 15107519 | 1st | SASC 2003-18XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/01/2003, in the amount of $47,500. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained a copy of the subject note the subject mortgage, the HUD-1 Settlement Statement and the title policy. There were no other critical documentations provided for the file that was represented on the data Tape by the Seller. | Unknown | $47,500.00 | 2849406 | |
| . | | | | 1.04 (c) (xi) SAS 2003-18XS_Compliance with Applicable Law<br><br>1.04 (c) (xxviii) SAS 2003-18XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2849406 | |
| . | | | | 1.04 (c) (xxix) SAS 2003-18XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849406 | |
| 18 | 15486574 | 1st | SASC 2003-29 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/21/2003, in the amount of $183,000, as a cash-out refinance of an owner occupied, single family residence. The loan was approved on a No Employment, No Income and No Asset (No Documentation) loan, with a 55.46% Loan to Value/Combined Loan to Value (LTV/CLTV), and a Debt to Income Ratio (DTI) was not required by the Lender. There was a Manual approval dated 07/09/2003, in the loan file. | NINENA | $183,000.00 | 2849410 | |

# Digital Risk – Loan Review Findings

| # | Loan # | Lien | Guideline | | Category | Subcategory | | | Description | Doc Type | Amount | ID | |
|---|--------|------|-----------|--|----------|-------------|--|--|-------------|----------|--------|----|--|
| | | | 1.04 (b) (xi) SAS 2003-29_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-29_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($116,989.70) is ($276.98) below the actual finance charge ($117,266.68). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, Annual Percentage Rate (APR) and/or points and fees were not adequately disclosed to the Borrower. | | | 2849410 | |
| 19 | 15607633 | 1st | SAS 2003-35 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/03/2013, in the amount of $177,500, as a refinance of an owner occupied single family residence. The loan was approved as a No Income, No Asset Documentation (NINA) loan, with a 79.955% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval, which was not dated, in the loan file. | NINA | $177,500.00 | 2849419 | |
| . | | | 1.04 (b) (xi) SAS 2003-35_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-35_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees; such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge $240,725.76 is $409.63 below the actual finance charge $241,135.39. The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrowers. | | | 2849419 | |
| 20 | 15634702 | 1st | SASC 2003-29 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/14/2003, in the amount of $377,326, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.01% Debt to Income Ratio (DTI). There was a Desktop Underwriter (DU) Approve/Ineligible dated 04/01/2003 and a Manual approval dated 04/01/2003, in the loan file. | Full | $377,326.00 | 2849413 | |

| # | Loan # | Lien | Deal | Guideline | Category | Sub-Category | | | Description | Occupancy | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xi) SAS 2003-29_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-29_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed APR (5.186) is lower than the actual APR (5.3439). The Truth in Lending Act considers a disclosed Annual Percentage Rate (APR) inaccurate if it is lower than the actual Annual Percentage Rate (APR) by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17 (f), 1026.19 (a)(2), & 1026.22 (a) (2)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, Annual Percentage Rate (APR) and/or points and fees were not adequately disclosed to the Borrowers. | | | 2849413 |
| | | | | 1.04 (b) (xi) SAS 2003-29_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-29_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($164,358.50) is ($4,534.02) below the actual finance charge ($168,892.52). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, Annual Percentage Rate (APR) and/or points and fees were not adequately disclosed to the Borrowers. | | | 2849413 |
| 21 | 30236327 | 1st | SASC 2005-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/01/2005 in the amount of $132,000 as an owner occupied residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $132,000.00 | 2849627 |

**Digital Risk - Loan Review Findings**

Cowen_Wilmington 489_6 Final Version        08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment V - part 1 Pg 169 of 250

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) SAS 2005-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2849627 | |
| | | | 1.04 (b) (xii) SAS 2005-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-5_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2849627 | |
| | | | 1.04 (c) (xviii) SAS 2005-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2849627 | |
| | | | **Grand Total of Repurchase Demand** | | | | | | **$4,453,996.00** | |

**Digital Risk - Loan Review Findings**

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000015637200 | 1st | LABS 2003-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/11/2003, in the amount of $505,000, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 72.14%/86.35% Loan to Value/Combined Loan to Value(TV/CLTV), and a 45.07% Debt to Income Ratio (DTI). There was a Manual approval dated 04/22/2003, in the loan file. | Full | $505,000.00 | 2849151 | |
| . | | | | 1.04 (b) (xii) LABS 2003-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LABS 2003-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($601,439.32) is ($331.27) below the actual finance charge ($601,770.59). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2)).<br><br>The disclosed finance charge ($601,439.32) is ($331.27) below the actual finance charge ($601,770.59). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrowers.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849151 | |

| # | Loan | Lien | Deal | Rule | Finding | Finding | | | Description | Doc | Amount | ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LABS 2003-1_No Fraud<br><br>1.04 (c) (vii) LABS 2003-1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower failed to disclose all of their debt obligations. The Audit Credit Report indicated the Borrowers acquired an undisclosed mortgage in the same month as the subject loan closing on 06/11/2003, in the amount of $216,000 with a monthly payment of<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,312 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849151 | |
| 2 | 000000016293938 | 1st | SASC 2004-9XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/13/2004, in the amount of $225,000, as a cash out refinance of an owner occupied 2 unit multi-family property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.60% Debt to Income Ratio (DTI). There was a Manual approval dated 01/30/2004, in the loan file. | Stated | $225,000.00 | 2849533 | |
| . | | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($283,940.08) is ($258.00) below the actual finance charge($284,198.08). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849533 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) SAS 2004-9XS_No Fraud<br><br>1.04 (c) (vii) SAS 2004-9XS_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | | The Borrower misrepresented his income. The Borrower falsely stated his income as a Distribution Representative earning $5,500 per month on the loan application. An audit verification of employment obtained through the employer revealed the Borrower earned $4,443 per month in 2004, the year of the subject loan closing.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 56.06%, which increased from 41.60% at origination. | | | 2849533 | |
| 3 | 000000016326324 | 1st | SASC 2004-7 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 01/30/2004, in the amount of $325,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 68.42% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.80% Debt to Income Ratio (DTI). There was a Manual approval dated 01/21/2004, in the loan file. | Stated | $325,000.00 | 2849520 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/31/2014 8:35:47 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wilmington 489_5 Final Version

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1.04 (b) (xii) SAS 2004-7_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xv) (H) SAS 2004-7_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xv) (I) SAS 2004-7_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAS 2004-7_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($368,262.92) is ($1,597.05) below the actual finance charge ($369,859.97). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2))<br><br>The disclosed finance charge ($368,262.92) is ($1,597.05) below the actual finance charge ($369,859.97). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849520 |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 000000016335523 | 1st | SASC 2004-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/10/2004, in the amount of $81,250, as a cash out refinance of a non-owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 65% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.04% Debt to Income Ratio (DTI). There was a Manual approval dated 02/03/2004, in the loan file. | Stated | | $81,250.00 | 2849521 | |
| | | | | 1.04 (c) (v) SAS 2004-7_No Fraud<br><br>1.04 (c) (vii) SAS 2004-7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records and the Audit Credit Report indicated the Borrower refinanced 4 investment properties on 02/06/2004, 4 days prior to the subject loan closing on 02/10/2004, and acquired 4 undisclosed mortgages in the amounts of $65,000, $116,000, $65,624, and $71,500 with monthly payment increases of $356, $201, $216, and $179.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose the total increase of $952 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2849521 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/31/2014 8:35:47 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

173

Cowen_Wilmington 489_5 Final Version

| 5 | 000000016416646 | 1st | SASC 2004-11XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed 03/25/2004, in the amount of $31,280, as a cash out refinance of a non-owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.12% Debt to Income Ratio (DTI). There was a Manual approval dated 03/18/2004, in the loan file. | Stated | $31,280.00 | 2849441 | |
| . | | | 1.04 (c) (v) SAS 2004-11XS_No Fraud<br><br>1.04 (c) (vii) SAS 2004-11XS_No Event of Default | Misrepresentation of Employment With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application in Building Maintenance for 7 years. A verbal verification of employment was obtained through the employer, which revealed the Borrower was never employed with the company disclosed at origination. In addition, an audit credit report reflected the only income for the Borrower as self-employment since 09/01/2000.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment in Building Maintenance for 7 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849441 | |
| . | | | 1.04 (c) (v) SAS 2004-11XS_No Fraud<br><br>1.04 (c) (vii) SAS 2004-11XS_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income in Building Maintenance for 7 years, earning $6,000 per month on the loan application. A verbal verification of employment was obtained through the employer, which revealed the Borrower was never employed with the company disclosed at origination. In addition, an audit credit report reflected the only income for the Borrower as self-employment since 09/01/2000.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income in Building Maintenance for 7 years, earning $6,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849441 | |

| 6 | 000000016513624 | 1st | SASC 2004-11XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/07/2004, in the amount of $70,320, as a purchase of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.67% Debt to Income Ratio (DTI). There was a Manual approval dated 04/02/2004, in the loan file. | Stated | $70,320.00 | 2849444 | |
| | | | 1.04 (c) (v) SAS 2004-11XS_No Fraud

1.04 (c) (vii) SAS 2004-11XS_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely his stated income as a Senior Designer for 5 years, earning $4,600 per month on the loan application. An audit verification of employment was conducted through The Work Number, which revealed the Borrower earned $4,059 per month in 2006. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Senior Designer for 5 years, earning $4,600 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849444 | |

Cowen_Wilmington 489_5 Final Version

| 7 | 000000016535015 | 1st | SASC 2004-11XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/25/2004, in the amount of $220,000, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 76.66% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 20.33% Debt to Income Ratio (DTI). There was a Manual approval dated 03/30/2004, in the loan file. | Stated | $220,000.00 | 2849445 | |
| . | | | 1.04 (b) (xii) SAS 2004-11XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-11XS_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($306,892.93) is ($70.49) below the actual finance charge ($306,963.42). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849445 | |
| 8 | 000000016600371 | 1st | SASC 2004-19XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/04/2004, in the amount of $184,000 as a refinance of an owner occupied detached single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage, Title Policy and homeowner's insurance. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $184,000.00 | 2849469 | |
| . | | | 1.04 (b) (xii) SAS 2004-19XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-19XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849469 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xii) SAS 2004-19XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-19XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2849469 |
| . | | | | 1.04 (b) (xii) SAS 2004-19XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-19XS_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a Right of Rescission (ROR) disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2849469 |
| . | | | | 1.04 (c) (xviii) SAS 2004-19XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2849469 |
| 9 | 000000016843187 | 1st | SASC 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/18/2004, in the amount of $300,000, as a cash out refinance of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 54.55% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37% Debt to Income Ratio (DTI). There was a Manual approval, dated 08/03/2004, in the loan file. | Stated — $300,000.00 | 2849481 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2004-20_No Fraud<br><br>1.04 (c) (vii) SAS 2004-20_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower acquired an undisclosed mortgage in the amount of $275,000 with an undisclosed monthly mortgage payment of $2,108 on 08/04/2004, 14 days prior to the subject loan closing on 08/14/2004.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $2,108 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849481 | |
| 10 | 000000016945602 | 1st | SASC 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/26/2004, in the amount of $115,000, as a cash-out refinance of a non-owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 68.87% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45% Debt to Income Ratio (DTI). There was a Manual approval dated 08/23/2004, in the loan file. | Stated | $115,000.00 | 2849483 | |
| . | | | | 1.04 (c) (v) SAS 2004-20_No Fraud<br><br>1.04 (c) (vii) SAS 2004-20_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. The audit credit report, SiteX.com, and Mortgage Electronic Registration Systems revealed the Borrower acquired one undisclosed mortgage on 04/26/2004, or 4 months prior to the subject loan closing on 08/26/2007, in the amount of $84,000 with a monthly payment of $524.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $524 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849483 | |

**Digital Risk - Loan Review Findings**

Cowen_Wilmington 489_5 Final Version    08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part I    Pg 180 of 250

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) SAS 2004-20_No Fraud <br><br>1.04 (c) (vii) SAS 2004-20_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower falsely stated her income as a Tax Examiner Technician earning $8,900 per month on the loan application. An audit verification of income was conducted through The Work Number, which revealed the Borrower's income for 2006 was $46,882, or $3,907 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer and in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Tax Examiner Technician earning $8,900 per month on the loan application, which not only constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849483 | |
| 11 | 000000017356973 | 1st | SASC 2004-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/22/2004, in the amount of $192,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA), with an 80%/80% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 34.12% Debt to Income Ratio (DTI). There was a Manual approval dated 01/21/2004, in the loan file. | Stated | $192,000.00 | 2849524 | |

| | | | | | | | | | Findings | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) SAS 2004-7_No Fraud<br><br>1.04 (c) (vii) SAS 2004-7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. An audit credit report revealed the Borrower obtained an automobile loan in 11/2003, 2 months prior to the subject closing on 01/22/2004, in the amount of $38,985 with a monthly payment of $628. The audit credit report also reflected that the automobile loan disclosed at origination in the amount of $8,951 with a monthly payment of $359, was paid off prior to the closing when the new automobile loan was obtained. The net difference was $269 per month in undisclosed debt.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $628 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849524 | |
| 12 | 000000017360678 | 1st | SASC 2004-9XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/22/2004, in the amount of $433,100. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $433,100.00 | 2849539 | |
| . | | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849539 | |

Cowen_Wilmington 489_5 Final Version

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of Mortgage Loan and interest of the Certificateholders. | | | 2849539 | |
| . | | | | 1.04 (c) (xviii) SAS 2004-9XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849539 | |
| 13 | 000000017400896 | 1st | SASC 2004-9XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/04/2004, in the amount of $39,000. There was neither an Automated Underwriting (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $39,000.00 | 2849543 | |
| . | | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849543 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849543 | |
| | | | 1.04 (c) (xviii) SAS 2004-9XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849543 | |
| 14 | 000000017407602 | 1st | SASC 2004-9XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/03/2004, in the amount of $161,500, as a purchase of an owner occupied multi-family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.2462% Debt to Income Ratio (DTI). There was a Loan Prospector Automated Underwriting System approval, dated 02/02/2004, in the loan file. | Stated | $161,500.00 | 2849544 | |

| | 1.04 (c) (v) SAS 2004-9XS_No Fraud<br><br>1.04 (c) (vii) SAS 2004-9XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower acquired an undisclosed mortgage in the amount of $128,000 with a monthly payment of $891 and an undisclosed mortgage in the amount of $32,000 with a monthly payment of $623 on 11/28/2003, 3 months prior to the subject loan closing on 02/03/2004.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,514 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849544 | |
| | 1.04 (c) (v) SAS 2004-9XS_No Fraud<br><br>1.04 (c) (vii) SAS 2004-9XS_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Pharmaceutical Sales Representative, earning $6,500 per month on the loan application. An audit re-verification of employment and income was conducted through The Work Number, which revealed the Borrower's 2003 income was $5,144 per month with the same employer. The subject loan closed on 02/03/2004; therefore, the Borrower's 2003 income would have been used to qualify the Borrower at origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Pharmaceutical Sales Representative earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849544 | |

| 15 | 000000017428228 | 1st | SASC 2004-9XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/10/2004, in the amount of $220,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval, dated 02/10/2004, in the loan file. | NINENA | $220,000.00 | 2849545 | |
| . | | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($317,061.20) is ($135.78) below the actual finance charge ($317,196.98). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certifcateholders. | | | 2849545 | |
| 16 | 000000017480591 | 1st | SASC 2004-9XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/26/2004, in the amount of $84,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage/Deed of Trust, the final Title Policy, and Post Closing documents. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $84,000.00 | 2849546 | |
| . | | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849546 | |

**Digital Risk - Loan Review Findings**

Cowen_Wilmington 489_5 Final Version     08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18     Attachment V - part 1   Pg 186 of 250

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan failed to comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849546 | |
| | 1.04 (c) (xviii) SAS 2004-9XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849546 | |

| 17 | 000000017517061 | 1st | SASC 2004-11XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed in September 2004, in the amount of $360,000, as a Purchase of an investment property, single family residence located in a condominium development. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $360,000.00 | 2849447 | |
| . | | | | 1.04 (b) (xii) SAS 2004-11XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-11XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849447 | |
| . | | | | 1.04 (c) (xviii) SAS 2004-11XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849447 | |
| . | | | | | | | | | | | | | |

| 18 | 000000017623620 | 1st | SASC 2004-20 | | Loan Summary | Loan Summary | | 0 | 0 | The subject closed on 02/26/2004, in the amount of $522,647, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification) loan, with a 58.08%/65.18% Loan to Value/Combined Loan to Value. There was a manual approval, dated 02/23/2004, in the loan file. | NINENA | $522,647.00 | 2849486 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2004-20_No Fraud  1.04 (c) (vii) SAS 2004-20_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | | 1 | 3 | The Borrowers misrepresented their debt obligations. The audit credit report indicated the Borrowers acquired an undisclosed mortgage in 03/19/2004, the month after the subject closing on 02/26/2004, in the amount of $100,000 with a monthly payment of $1,000 based on 1% of the credit limit. The Borrowers refinanced the existing home equity line of credit tied to the subject property and increased the credit line by $35,000. The credit line was increased with the same Lender as the subject transaction was refinanced and the same Lender the existing home equity line of credit was obtained through.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,000 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849486 | |

| 19 | 000000017629809 | | SASC 2004-11XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan was originated on 5/5/2004, in the amount of $86,400. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $86,400.00 | 2849449 | |
| . | | | | 1.04 (b) (xii) SAS 2004-11XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-11XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849449 | |
| . | | | | 1.04 (b) (xii) SAS 2004-11XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-11XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849449 | |
| . | | | | 1.04 (c) (xviii) SAS 2004-11XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849449 | |

Cowen_Wilmington 489_5 Final Version

V - part 1   Pg 190 of 250

| 20 | 000000017669219 | | SASC 2004-11XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/30/2003 in the amount of $226,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $226,000.00 | 2849450 | |
| . | | | 1.04 (b) (xii) SAS 2004-11XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-11XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849450 | |
| . | | | 1.04 (b) (xii) SAS 2004-11XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-11XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849450 | |
| . | | | 1.04 (c) (xviii) SAS 2004-11XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849450 | |

Cowen_Wilmington 489_5 Final Version

| 21 | 000000017709148 | 1st | SASC 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/12/2004 in the amount of $538,400. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $538,400.00 | 2849488 | |
| . | | | 1.04 (b) (xii) SAS 2004-20_Compliance with Applicable Law - Deemed MnA | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849488 | |
| | | | 1.04 (c) (xvii) SAS 2004-20_Origination Practices | | | | | | | | | |
| . | | | 1.04 (b) (xii) SAS 2004-20_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849488 | |
| | | | 1.04 (c) (xvii) SAS 2004-20_Origination Practices | | | | | | | | | |
| . | | | 1.04 (c) (xviii) SAS 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849488 | |

# Digital Risk - Loan Review Findings

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 22 | 000000018081372 | 1st | SASC 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/23/2004, in the amount of $333,700, as a refinance of an owner occupied detached single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $333,700.00 | 2849493 | |
| | | | 1.04 (b) (xii) SAS 2004-20_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-20_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849493 | |
| | | | 1.04 (b) (xii) SAS 2004-20_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-20_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849493 | |

Cowen_Wilmington 489_5 Final Version

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1.04 (b) (xii) SAS 2004-20_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-20_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan failed to comply with applicable law. The Truth in Lending (TIL) Act required a Right of Rescission disclosure to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2849493 | |
| 1.04 (c) (xviii) SAS 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2849493 | |
| | | | | | **Grand Total of Repurchase Demand** | | **$5,253,597.00** | |

Cowen_Wells_Final_Version_3

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0016568107 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 6/02/2004, in the amount of $448,000, as a purchase of an owner occupied single family residence. The loan was approved as a No Income/No Employment/No Asset loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a manual approval dated 04/02/2004, in the loan file. | NINENA | $448,000.00 | 2847512 | |
| | . | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xix) No High Cost - St&amp;P<br><br>1.04 (b) (xvii) SARM 2004-16_No High Cost<br><br>1.04 (b) (xviii) SARM 2004-16_No High Cost - HOEPA<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | High Cost Loan - State | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable law. The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law. The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The loan fees ($17,867.00) exceed the (NJ) Covered Loan fee limit, which is ($17,213.32), the difference is ($653.68).<br><br>Despite the Seller's representations, the subject loan was a "covered" or high cost loan as defined by applicable state law. | | | 2847512 | |
| 2 | 0017616640 | 1st | SARM 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $87,000.00 | 2847698 | |
| | . | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law Origination<br><br>1.04 (c) (xii) SARM 2004-5_Mortgage File<br><br>1.04 (c) (xvii) SARM 2004-5_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable law. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2847698 | |
| | . | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law Origination<br><br>1.04 (c) (xvii) SARM 2004-5_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final Housing and Urban Development (HUD) to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847698 | |

Cowen_Wells_Final_Version_3

| | | | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law Origination<br><br>1.04 (c) (xvii) SARM 2004-5_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 5 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the borrower to be contained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847698 | |
| | | | | | 1.04 (c) (xviii) SARM 2004-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847698 | |
| 3 | 0017869306 | 1st | SARM 2004-10 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/28/2004, in the amount of $89,000, as a purchase of an owner occupied planned unit development. The loan was approved as a Stated Income loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.67% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $89,000.00 | 2847488 | |
| | | | | | 1.04 (c) (v) SARM 2004-10_No Fraud<br><br>1.04 (c) (vii) SARM 2004-10_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Bartender earning $4,800 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Northern District of Georgia as part of a Chapter 7 bankruptcy case dated 07/01/2005, the Borrower's income for the year of the subject loan closing of 2004 was $1,500 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Bartender earning $4,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847488 | |
| 4 | 0017903097 | 1st | SARM 2004-10 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/01/2004, in the amount of $1,500,000, as a cash-out refinance of an owner-occupied single family property. The loan was approved as a Full Documentation loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 59.36% Debt to Income Ratio (DTI). There was a Manual approval dated 04/28/2004, in the loan file. | Full | $1,500,000.00 | 2847496 | |
| | | | | | 1.04 (c) (v) SARM 2004-10_No Fraud<br><br>1.04 (c) (vii) SARM 2004-10_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. The audited credit report revealed the Borrowers had a home equity loan that was opened in 12/2001 with a balance of $400,000, 4 years prior to the subject loan closing on 06/01/2004 with an estimated payment of $4,000 per month based on 1% of the loan amount.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and, that no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $4,000 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847496 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/13/2013 12:47:10 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repo

| 5 | 0018310367 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/10/2004, in the amount of $220,000, as a rate and term refinance of an investment single family residence. The loan was approved as a Full Documentation loan, with a 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.73% Debt to Income Ratio (DTI). There was a Manual approval dated 09/08/2004, in the loan file. | Full | $220,000.00 | 2847548 |
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination

1.04 (c) (xvii) SARM 2004-16_Origination Practices

1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

The disclosed finance charge ($201,599.90) is ($4,203.62) below the actual finance charge ($205,803.52). Truth in Lending Act (TILA) considers a disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847548 |
| 6 | 0018404236 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/01/2004, with a disbursement date of 09/23/2004, in the amount of $213,800, as a purchase of an investment single family residence. The loan was approved as a Full Documentation loan, with a 78.95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39% Debt to Income Ratio (DTI). There was an Automated Underwriting System approval dated 09/23/2004, in the loan file. | Full | $213,800.00 | 2847638 |
| | | | | 1.04 (c) (v) SARM 2004-20_No Fraud

1.04 (c) (vii) SARM 2004-20_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A search of public records reflected that the Borrowers purchased a property located in Las Vegas, Nevada on 08/05/2004, the month prior to the subject loan closing on 09/23/2004, secured by a mortgage in the amount of $106,250 and a monthly payment of $1,047 which was not disclosed at origination.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,047 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847638 |
| 7 | 0018447862 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/04/2004, in the amount of $128,388, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.46% Debt to Income Ratio (DTI). There was a Manual approval dated 09/22/2004, in the loan file. | Stated | $128,388.00 | 2847604 |
| | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination

1.04 (c) (xvii) SARM 2004-18_Origination Practices

1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

The disclosed finance charge ($112,027.77) is ($100.17) below the actual finance charge ($112,127.94). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847604 |

| 8 | 0019151950 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/25/2004, in the amount of $455,000, as a purchase of an owner occupied single family residence. The loan was approved as a No Income/No Employment/No Asset loan, with a 70% loan to value/combined loan to value (LTV/CLTV). There was a Manual approval dated 10/21/2004, in the loan file. | NIVA | $455,000.00 | 2847628 | |
| | | | | 1.04 (c) (v) SARM 2004-18_No Fraud<br><br>1.04 (c) (vii) SARM 2004-18_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented their debt obligations. Per the audit Credit Report the Borrower failed to disclose the refinance of the current residence prior to the subject loan closing on 10/25/2004. The Borrower refinanced the first mortgage resulting in a $385,000 first lien with a monthly payment of $2,118 on 08/2004. Additionally, the Borrower failed to disclose a mortgage acquired 10/2004, same month as subject loan closing for $175,000 with a monthly payment of $1,750.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligation by failing to disclose a $3,868 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847628 | |
| 9 | 0030293732 | 1st | SARM 2005-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/02/2005, in the amount of $524,800, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% loan to value/combined loan to value (LTV/CLTV), and a 47.03% debt to income (DTI). There was a Desktop Underwriter approval dated 02/28/2005, in the loan file. | Full | $524,800.00 | 2847703 | |
| | | | | 1.04 (c) (v) SARM 2005-11_No Fraud<br><br>1.04 (c) (vii) SARM 2005-11_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrowers misrepresented their employment on the loan application. The Co-Borrower stated employment as unemployed. The Borrowers provided a hardship letter to the Loan Modification Department post-closing and revealed at time of origination the Co-Borrower was actually self-employed for less than one year. The Co-Borrower's self-employment history would not have qualified for the subject loan and therefore, the Co-Borrower was ineligible for financing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Co-Borrower falsely stated employment as unemployed, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847703 | |
| 10 | 0030318943 | 1st | SARM 2005-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/25/2005, in the amount of $249,200, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a No Ratio loan (No Ratio loans do not require income to be reflected on the loan application; however, employment and assets require verification), with a 70% loan to value/combined loan to value (LTV/CLTV). There was an undated approval in the loan file. | NI | $249,200.00 | 2847704 | |
| | | | | 1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law<br><br>1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2005-11_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847704 | |

# Digital Risk - Loan Review Findings

| 11 | 0030360895 | 1st | SARM 2005-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/15/2005, in the amount of $255,200, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income loan, with an 80% loan to value/combined loan to value (LTV/CLTV), and a 38% debt to income (DTI). There was a manual approval dated 02/25/2005, in the loan file. The subject loan closed simultaneously with a 2nd mortgage in the amount of $63,800. | Stated | $255,200.00 | 2847708 | |
| | . | | 1.04 (c) (v) SARM 2005-11_No Fraud<br><br>1.04 (c)(xii) SARM 2005-11_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Salesperson earning $6,800 per month on the loan application. Per a post-closing audit Verification of Employment and Income, the Borrower's actual income was $2,499 per month for the subject year of 2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Salesperson earning $6,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847708 | |
| 12 | 0033583949 | 1st | SARM 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/01/2006, in the amount of $304,000, as a purchase of an owner occupied multi-family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% loan to value/combined loan to value (LTV/CLTV), and a 23.19% debt to income (DTI). There was a Manual approval dated 12/01/2006, in the loan file. | Stated | $304,000.00 | 2847816 | |
| | . | | 1.04 (b) (xii) SARM 2007-3_Compliance with Applicable Law Origination<br><br>1.04 (c) (xvii) SARM 2007-3_Origination Practices | Final TIL Invalid/Incomplete/Incorrect/Stale/Not Executed | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a valid Final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the TIL contained in the loan file was invalid.<br><br>Because the payment stream on the Final TIL does not match the information on the subject Note, which does not comply with applicable law. | | | 2847816 | |
| | . | | 1.04 (b) (xii) SARM 2007-3_Compliance with Applicable Law Origination<br><br>1.04 (c) (xvii) SARM 2007-3_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($811,066.77) is ($47,428.70) below the actual finance charge ($858,495.47). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847816 | |
| | . | | 1.04 (c) (v) SARM 2007-3_No Fraud<br><br>1.04 (c) (xii) SARM 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrowers misrepresented his disclosed income. The Borrowers' falsely stated income as small business Owners of a Bridal business earning $15,000 per month on the loan application. The loan file contained 2007 tax returns that were provided during loss mitigation, which revealed Borrowers year ending income for 2007 as $45,400 or $3,783 per month. It is unlikely the Borrower's income would have decreased considering the Borrowers were self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated employment as small business Owners of a Bridal business earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847816 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 13 | 0035711860 | 1st | SARM 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/14/2005, in the amount of $653,000, as a rate and term refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/ Stated Asset loan, with an 80% Loan to Value (LTV)/Combined Loan to Value (LTV/CLTV), and a 37.16% debt to income ratio (DTI). There was a manual approval dated 06/20/2005, in the loan file. Per the HUD-1, Borrower received $3,964 cash at closing. | Stated | $653,000.00 | 2847751 |
| | . | | 1.04 (c) (v) SARM 2005-17_No Fraud  1.04 (c) (v) SARM 2005-17_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A Review of the MERS report revealed the Borrower acquired two undisclosed mortgages on 03/07/2005, securing a property in Lafayette, CA. The first mortgage reflected a balance of $497,000 with a monthly payment of $2,536 and the second mortgage with a balance of $142,000 and a monthly payment of $1,338.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $3,874 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847751 |
| | . | | 1.04 (c) (v) SARM 2005-17_No Fraud  1.04 (c) (v) SARM 2005-17_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Financial Advisor earning $15,000 per month on the loan application. The loan file contained post-closing income documentation, which included the Borrower's 2006 federal tax return. The wages reflected on the tax return were $5,700 or $475 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Financial Advisor earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847751 |
| 14 | 0040853780 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/24/2007 and disbursed on 09/28/2007, in the amount of $840,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as Stated Income/ Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 53.86% debt to income ratio (DTI). There was a manual approval dated 09/21/2007, in the loan file. | Stated | $840,000.00 | 2847373 |
| | . | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Physical Therapist earning $8,375 per month on the loan application. The Co-Borrower stated employment as a Registered Nurse earning $6,250 per month from the Primary employer. Further, the Co-Borrower stated income from a second job as a Registered Nurse earning $1,500 per month. The sum of all income was $16,673 per month. The loan file contained post-closing documents which include the Borrowers' 2007 tax returns and W-2s for both Borrowers, which revealed the Borrowers' actual combined income on the 2007 tax return was $11,419 per month, which is the same year of the subject loan closing. In addition, a post-closing verification of employment for the Co-Borrower's secondary employer was obtained which reflected monthly income of $271.  The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Physical Therapist earning $8,375 per month on the loan application, along with the Co-Borrower's secondary employment as a Registered Nurse earning $1,500 per month, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847373 |
| 15 | 0040863573 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/18/2007, in the amount of $656,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.18% debt to income ratio (DTI). There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $656,000.00 | 2847378 |
| | . | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Vice President of Finance for 7 years, earning $19,165 per month on the loan application. The loan file contained post closing documentation including the Borrower's year to date pay stub, dated 12/31/2008, which revealed the Borrower earned $17,050 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.  The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Vice President of Finance for 7 years, earning $19,165 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847378 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/13/2013 12:47:10 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repo

Cowen_Wells_Final_Version_3

| 16 | 0040872954 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/13/2007, in the amount of $517,000, as a rate/term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 72.00% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.35% debt to income ratio (DTI). There was a Manual approval dated 06/07/2007, in the loan file. | Stated | $517,000.00 | 2847382 | |
| | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a garden and nursery for 20 years, earning $9,583 per month on the loan application. The loan file contained post closing documentation including the Borrower's amended 2009 tax return, which revealed the Borrower earned $848 per month in 2009 as the Owner of a garden and nursery. It is unlikely the Borrower's income would have decreased considering the Borrower was self employed in the same line of work.

The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as Owner of a garden and nursery for 20 years, earning $9,583 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847382 | |
| 17 | 0040903817 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/31/2007, in the amount of $433,000, as a rate/term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 74.02% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.35% debt to income ratio (DTI). There was a manual approval dated 08/29/2007, in the loan file. | Stated | $433,000.00 | 2847396 | |
| . | | | | 1.04 (b) (ii) LMT 2008-2_No Delinquent Taxes/Charges

1.04 (b) (ix) LMT 2008-2_Mechanics' Liens

1.04 (b) (v) LMT 2008-2_Valid Lien

1.04 (b) (vii) LMT 2008-2_Title Insurance | Unresolved Title Issue | Failure to Obtain Clear Title | 1 | 3 | The subject loan did not have clear title. The Seller represented and warranted, in part, that the subject mortgage represents a valid, subsisting, enforceable and perfected first lien on the subject property. The Seller further represented and warranted, in part, that the subject loan was covered by valid and enforceable title insurance policy.

The subject loan was a refinance transaction. The subject property had both an existing first and second mortgage to be paid at closing. The HUD-1 and public records revealed the existing home equity line of credit was not paid off at closing. The loan file did not contain a subordination agreement. There was no evidence in the file that the subject loan secured first lien position. There was no evidence that the Underwriter requested or obtained the documentation necessary to resolve the outstanding title issue with the subject property.

Despite the Seller's representations, there is no evidence in the file that the subject loan was covered by a valid Title Insurance Commitment/ Title Insurance Policy; neither is there evidence in the file that the Borrower had clear title to the subject property. | | | 2847396 | |
| 18 | 0040904039 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/02/2007, in the amount of $696,000 as a rate/term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 80%/80% Loan to Value/Combined Loan to Value (LTV/CLTV) and 34.04% debt to income ratio (DTI). There was a Manual approval dated 10/16/2007, in the loan file. | Stated | $696,000.00 | 2847397 | |
| . | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Designer Chief Executive Officer earning $13,500 per month on the loan application. The Co-Borrower listed income of $4,833 per month as a Senior Benefits Account. The loan file contained the Borrower's 2008 U.S. Individual Income Tax Return, as part of the post-closing servicing documents, which evidenced the Borrower was sole proprietor of an architectural business filing a Schedule C. Per the Schedule C, the Borrower earned $3,241 per month in 2008, the year after the subject closing. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.

The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Designer CEO earning $13,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847397 | |

Cowen_Wells_Final_Version_3

| # | Loan # | Lien | LMT | | Col A | Col B | | Finding | Stated/Full | Amount | ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | 0040919854 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 12/21/2007, in the amount of $542,400, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value (LTV/CLTV), and a 44.72% debt to income ratio (DTI). There was a Desktop Underwriter (DU) approval dated 12/21/2007, in the loan file. | Stated | $542,400.00 | 2847401 | |
| | . | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Employment With No Red Flags Present | Misrepresentation of Employment | 1 3 | The Borrower misrepresented his employment on the loan application. The loan file contained post closing documentation, including the Borrower's 2007 tax return and 2007 W-2 forms, which indicated the Borrower was employed as a Clerk for the employer listed on the loan application and the loan file contained a Borrower's Financial Statement submitted for loan modification signed and dated 08/01/2009, which indicated the Borrower was employed by the employer listed on the loan application as a Driver for 4 years, and not as an Operations Manager for 6 years as indicated at origination.

The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as Operation Manager for 6 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847401 | |
| | . | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present Same Year Income Evidence | Misrepresentation of Income | 2 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as an Operation Manager earning $6,900 per month on the loan application. The Co-Borrower listed income of $4,800 per month as a Driver. The loan file contained post-closing documentation, including the Borrowers' 2007 tax return and 2007 W-2 forms, which revealed the Borrower earned $500 per month and the Co-Borrower earned $2,666 per month in 2007 the year the subject loan closed. It should be noted, the loan file also contained 2008, 2009 W-2 forms and a Borrowers' Financial Statement submitted for loan modification signed and dated 08/01/2009, which confirmed the Borrowers were employed by the same employers for the entirety of 2007.

The Seller represented and warranted, in part, that no events of acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as an Operations Manager earning $6,900 per month and the Co-Borrower as a Driver earning $4,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847401 | |
| 20 | 0040931578 | 1st | LMT 2008-6 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 01/23/2008, in the amount of $788,000, as a purchase of an owner occupied, 2-unit family home. The loan was approved as a Full Documentation loan, with an 80%/85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.259% debt to income ratio (DTI). There was a Manual approval dated 01/18/2008, in the loan file. | Full | $788,000.00 | 2847436 | |
| | . | | | 1.04 (c) (vii) LMT 2008-6_No Event of Default | Misrepresentation of Employment With Red Flags Present | Misrepresentation of Employment | 1 3 | The Borrower misrepresented his employment on the loan application. The loan file included the Borrower's 2008 income tax filing, which indicated that the Borrower was also a self-employed sole proprietor of an Accounting business during the year of the subject loan closing in 2008, which was not disclosed at origination. The Borrower's self-employed business could have had a negative impact on the Borrower's earnings.

The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as Finance Manager for 4 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847436 | |
| | . | | | 1.04 (c) (vii) LMT 2008-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Finance Manager earning $19,490 per month on the loan application. The loan file included a post-closing letter of explanation provided by the Borrower dated 10/31/2008, which indicated that the Borrower's income documents were altered and misrepresented. The post-closing 2008 W-2 statement indicated that the Borrower actually earned $4,981.41 per month. Furthermore, the loan file did not include the Borrower's 2007 income documents nor the Borrower's most recent 2007 and 2008 pay stubs to support the Borrower's most recent income earned; therefore, the Borrower's income was not properly documented.

The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Finance Manager earning $19,490 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847436 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 21 | 0045158698 | 1st | LMT 2007-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/11/2007, in the amount of $175,010 as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33.34% debt to income ratio (DTI). There was a Manual approval dated 01/11/2007, in the loan file. | Stated | $175,010.00 | 2847311 |
| | | | | 1.04 (c) (v) LMT 2007-5_No Fraud<br><br>1.04 (c) (vii) LMT 2007-5_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of a beauty salon earning $5,200 per month on the loan application. The loan file contained the Borrower's post-closing 2007 tax returns for the subject year of 2007 which revealed the Borrower's actual income was $461 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a beauty salon earning $5,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847311 |
| 22 | 0047337886 | 1st | SARM 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/15/2007, in the amount of $270,000, as a purchase of an owner occupied 2 unit residence. The loan was approved as a Stated Income/Stated Asset loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.18% debt to income ratio (DTI). There was a Manual approval dated 08/14/2007, in the loan file. | Stated | $270,000.00 | 2847795 |
| | | | | 1.04 (c) (v) SARM 2007-11_No Fraud<br><br>1.04 (c) (vii) SARM 2007-11_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. The loan file contained post closing documentation including the Borrower's 2009 tax return, which revealed the Borrower was employed as a Medical Clerk.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Office Manager for 4 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847795 |
| | | | | 1.04 (c) (v) SARM 2007-11_No Fraud<br><br>1.04 (c) (vii) SARM 2007-11_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Office Manager earning $6,790 per month on the loan application. The loan file contained post-closing documentation including the Borrower's 2009 tax return, which revealed the Borrower was employed as a Medical Clerk and earned $2,287 per month in 2009. The loan file contained a pay stub, dated 09/24/2010 confirming the Borrower was employed with the same employer. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Office Manager earning $6,790 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847795 |
| | | | | | | Grand Total of Repurchase Demand | | | | $10,044,798.00 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/13/2013 12:47:10 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells_Final_Version_3

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0016724098 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/08/2004, in the amount of $512,000, as a purchase of an owner occupied, Condominium. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 39.49% Debt to Income (DTI). There was a Manual approval dated 05/26/2004, in the loan file. | Stated | $512,000.00 | 2847461 | |
| . | | | | 1.04 (c) (v) SARM 2004-10_No Fraud  1.04 (c) (vii) SARM 2004-10_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his/her debt obligations. A search of Public Records and the Audit Credit report reveals the Borrower obtained an additional property in the same Condo development on 06/14/2004, 6 days after the subject loan closing of 06/08/2004. The credit report reflects the Borrower obtained 2 mortgages on an undisclosed the property located in the same unit as the subject. The Borrower opened an undisclosed mortgage in the amount of $418,900 with a monthly payment of $2,487 and the second undisclosed mortgage in the amount of $107,725 with a payment of $1,558 per month that was not included at closing.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations obligation by failing to disclose a $4,045 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847461 | |
| 2 | 0017674698 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/10/2004, in the amount of $232,800, as a rate and term refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 79.73%/99.66% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 31% Debt to Income (DTI). There was a manual approval dated 05/05/2004, in the loan file. A second mortgage for $58,200 also closed on the same day. | Stated | $232,800.00 | 2847471 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847471 | |
| 3 | 0017871468 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/01/2004, in the amount of $664,930, as a purchase of an owner occupied single family, condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 70% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 36.38% Debt to Income (DTI). There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $664,930.00 | 2847489 | |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-10_Origination Practices  1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  The disclosed APR (4.6372) is lower than the actual APR (5.4828). The Truth in Lending Act considers a disclosed APR inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17(f), 1026.19(a)(2), & 1026.22(a)(2)). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)). | | | 2847489 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/13/2013 4:58:32 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wells_Final_Version_2

| # | Loan # | Lien | Program | Guideline Ref | Category | Subcategory | Flag | Finding | Doc Type | Amount | ID |
|---|--------|------|---------|---------------|----------|-------------|------|---------|----------|--------|-----|
| 4 | 0017945700 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 06/30/2004, in the amount of \$336,920.00, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 94% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 41.67% Debt to Income (DTI). There was a Manual approval dated 06/07/2004, in the loan file. | Stated | \$335,920.00 | 2847501 |
| | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>The disclosed finance charge (\$310,102.42) is (\$429.47) below the actual finance charge (\$310,531.89). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than \$100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)). | | | 2847501 |
| | | | | 1.04 (c) (v) SARM 2004-10_No Fraud<br>1.04 (c) (vii) SARM 2004-10_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed President Owner earning \$8,550 per month on the loan application. According to a Summary of Financial Affairs dated 03/08/2007, in the District of South Carolina verified the Borrower's near year income of \$3,524. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed President/Owner of an engine exchange company earning \$8,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847501 |
| 5 | 0018253526 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 08/13/2004, in the amount of \$133,600, as a purchase of an investment condominium. The loan was approved as a Full Documentation loan, with an 80% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 31.72% Debt to Income (DTI). There was a Desktop Underwriter approval dated 08/06/2004, in the loan file. | Full | \$133,600.00 | 2847535 |
| | | | | 1.04 (c) (v) SARM 2004-16_No Fraud<br>1.04 (c) (vii) SARM 2004-16_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented his/her debt obligations. The Audit Credit Report reflects a mortgage in the amount of \$138,150, with a monthly payment of \$781, was obtained in 03/2004 for an unknown property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations obligation by failing to disclose a \$781 monthly debt, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847535 |
| 6 | 0019031319 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 09/10/2004, in the amount of \$356,250, as a cash out refinance of an owner occupied single family residence located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.64% Debt to Income (DTI). There was a manual approval dated 09/22/2004, in the loan file. | Stated | \$356,250.00 | 2847568 |
| | | | | 1.04 (c) (v) SARM 2004-16_No Fraud<br>1.04 (c) (vii) SARM 2004-16_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 3 | The Borrower misrepresented their employment on the loan application. The loan application reflected the Co-Borrower stated employment as a Massage Therapist for a Company for 1.7 years. The Borrowers' provided financial information and a letter of explanation during loss mitigation; the financial information application revealed that Co-Borrower had been self-employed as a Massage Therapist for 7 years. The letter of explanation provided, also indicated that Co-Borrower was self-employed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Co-Borrower falsely stated employment as a Massage Therapist for 1.7 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847568 |

Cowen_Wells_Final_Version_2

**Digital Risk - Loan Review Findings**
08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 1    Pg 205 of 250

| 7 | 0040545469 | 1st | SARM 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/27/2007, with a disbursement date of 04/26/2007, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 42% Debt to Income (DTI). There was a Manual approval dated 04/26/2007, in the loan file. A second mortgage in the amount of $47,000 was closed simultaneously. | Stated | $188,000.00 | 2847791 | |
| . | | | 1.04 (c) (v) SARM 2007-11_No Fraud\n\n1.04 (c) (vii) SARM 2007-11_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Owner of a business earning $7,200 per month on the loan application. The loan file contained the Borrower's post-closing 2007 tax returns which revealed the Borrower's actual income was negative business income of ($22,979) or a loss of ($1,312) per month. The Borrower's capacity to repay could not be properly evaluated due to the overstatement of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses.  Overstating earnings by 25% is significant as the Borrower is qualified on gross income, not taking the standard payroll taxes of Federal income tax and social security's taxes in consideration.\n\nThe Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.\n\nIn addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.\n\nDespite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of a business earning $7,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847791 | |
| 8 | 0040557498 | 1st | SARM 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/02/2007, with a disbursement date of 05/08/2007, in the amount of $480,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45% Debt to Income (DTI). There was a Manual approval dated 05/01/2007, in the loan file. Per the final HUD-1 Settlement Statement, the Borrower received $39,555 in cash proceeds. | Stated | $480,000.00 | 2847855 | |
| . | | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1 | DTI Exceeds Guidelines | Excessive DTI | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Accurate calculation of the Borrower's debt-to-income ratio, so as to confirm the adequacy of the Borrower's financial means, as well as, the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.\n\nThe Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.\n\nDespite the Seller's representations, the DTI could not be recalculated due to the verification that the Borrower had no income from the disclosed employment for the closing year, resulting in an invalid DTI.\n\nPursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847855 | |
| . | | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 2 | 3 | The Borrower stated on the loan application employment as an Owner of Route for 12 years, earning $8,700 per month.\n\nThe subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.\n\nThe Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.\n\nThe Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.\n\nDespite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.\n\nPursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847855 | |

# Digital Risk - Loan Review Findings

Cowen_Wells_Final_Version_2    08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment part 5 Pg 206 of 250

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 3 | 3 | Per the final HUD-1 Settlement Statement, the borrower was not required to bring funds to closing. The borrower was required to verify 2 months reserves of principal interest taxes and insurance in the mortgaged homes on the subject property. In total, assets of $7,653 were required to be verified.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was a $7,653 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847855 |
| . | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented the employment on the loan application. The loan application reflected the Borrower stated self-employment as an Owner of a Food Route for 12 years. The post-closing documentation contained the Borrower's 2007 tax return (1040), which included a Schedule C, which reflected that the Borrower's spouse, who was not a Borrower on the subject loan, was the owner of the business. The loan file contained a post closing letter from the Borrower's spouse dated April 6, 2007, which reflected that the spouse, who was not on the subject loan, owned the business reflected on the final loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as self-employment as an Owner of a Food Route for 12 years, which constituted an event of default under the executed Mortgage and or Deed of Trust.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847855 |
| 9 | 0040674707 | 1st | SARM 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The documentation type is unknown due to the missing credit package for the Borrower. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $551,200.00 | 2847792 |
| | | | 1.04 (b) (xii) SARM 2007-11_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2007-11_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847792 |
| . | | | 1.04 (b) (xii) SARM 2007-11_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2007-11_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL is missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847792 |

| # | Loan | Lien | Product | Section | Finding | Finding | | | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) SARM 2007-11_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2007-11_Compliance with Applicable Law<br><br>1.04 (c) (xii) SARM 2007-11_Mortgage File | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable laws. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and Assignee, and on the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act; neither is there evidence that the note for the subject transaction was provided. | | | 2847792 |
| | | | | 1.04 (c) (xviii) SARM 2007-11_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847792 |
| 10 | 0040701591 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/05/2007, in the amount of $562,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 79.15% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 58.93% Debt to Income Ratio (DTI). There was a Desktop Underwriter (DU) approval dated 05/29/2007, in the loan file. | Full | $562,000.00 | 2847317 |
| | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A review of MERS and the audit credit report revealed the Borrowers had an undisclosed mortgage within 30 days of the subject loan closing of 06/05/2007. On 06/21/2007, the Borrowers acquired an undisclosed mortgage on a property located in Laramie, WY in the amount of $43,000 with a payment of $373 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $373 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847317 |
| 11 | 0040775348 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/30/2007, in the amount of $750,000 as a cash out refinance of an owner occupied single family property located in a planned unit development property. The loan was approved as a Stated Income/Verified Assets loan, with a 69.77% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.37% Debt to Income Ratio (DTI). There was a manual, approval dated 07/25/2007, in the loan file. | Stated | $750,000.00 | 2847321 |
| | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a flooring home based business, earning $16,500 per month on the loan application. The loan file contained the Borrower's post-closing documents which included the Borrower's 2008 tax returns. The documents revealed the Borrower's near year income as $5,442 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a flooring home based business, earning $16,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847321 |

| # | Loan | Lien | Pool | Finding Code | Category | Sub-Category | | | Description | Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 | 0040814956 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/13/2007, in the amount of $520,000.00, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.26% Debt to Income Ratio (DTI). There was an Automated Underwriting System (AUS) approval dated 07/13/2007, in the loan file. | Stated | $520,000.00 | 2847328 |
| | | | | 1.04 (c) (v) LMT 2007-9_No Fraud  1.04 (c) (xii) LMT 2007-9_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Electrical Engineer for 1.6 years, earning $7,854 per month on the loan application. An audit verification of employment and income was obtained from the Borrower's employer which revealed the Borrower's actual income for the subject year of 2007 was $6,407 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as an Electrical Engineer for 1.6 years, earning $7,854 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847328 |
| 13 | 0040826729 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/27/2007, in the amount of $595,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 79.33% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.97% Debt to Income Ratio (DTI). There was a Manual approval dated 08/03/2007, in the loan file. Per the final HUD-1 settlement statement, the Borrower received $2,516 cash back at closing. | Stated | $595,000.00 | 2847334 |
| | | | | 1.04 (c) (v) LMT 2007-9_No Fraud  1.04 (c) (xii) LMT 2007-9_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a limousine company earning $14,647 per month on the loan application. The loan file contained tax returns for the year 2007 which indicated the Borrower earned a total of $36,236 in self-employment income, or $3,020 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a limousine company earning $14,647 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847334 |
| 14 | 0040829988 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. Due to the missing credit package the document type is unknown. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $445,000.00 | 2847337 |
| | | | | 1.04 (b) (xii) LMT 2007-9_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xii) LMT 2007-9_Mortgage File  1.04 (c) (xvii) LMT 2007-9_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.  Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847337 |
| | . | | | 1.04 (b) (xii) LMT 2007-9_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LMT 2007-9_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847337 |

| | | | | | | | | | Description | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) LMT 2007-9_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847337 |
| . | | | | 1.04 (c) (xvii) LMT 2007-9 Origination Practices | | | | | | | | |
| . | | | | 1.04 (b) (xii) LMT 2007-9_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 5 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847337 |
| | | | | 1.04 (c) (xvii) LMT 2007-9 Origination Practices | | | | | | | | |
| | | | | 1.04 (c) (xviii) LMT 2007-9_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847337 |
| 15 | 0040831745 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/15/2007, in the amount of $435,000 as a rate and term refinance of an owner occupied single family residence. The loan closed as a Stated Income/Verified Assets loan, with a 79.09% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 44.39% Debt to Income Ratio (DTI). There was a Manual loan approval dated 06/20/2007 in the loan file. | Stated | $435,000.00 | 2847370 |
| . | | | | 1.04 (b) (xii) LMT 2008-2_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws The disclosed finance charge ($570,519.47) is ($245.00) below the actual finance charge ($570,764.47). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)). Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847370 |
| 16 | 0040835449 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/31/2007, in the amount of $547,500, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 73.49% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39% Debt to Income Ratio (DTI). There was a manual approval dated 07/17/2007, in the loan file. | Stated | $547,500.00 | 2847343 |
| . | | | | 1.04 (a) (v) LMT 2007-9_No Fraud | Misrepresentation of Income - No Red Flags Present | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower stated income as a Reliability Lab Supervisor earning $6,231 per month on the loan application. The Co-Borrower falsely listed income of $6,121 per month as a self-employed Executive Director. According to the Borrowers 2009 Tax Return Schedule C obtained from post-closing loan documents, the Co-Borrower actually earned $133 annually in 2007 with the same self-employed business, or $11 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed in the same line of work. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Co-Borrower falsely stated self-employment as a Executive Director earning $6,231 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847343 |
| | | | | 1.04 (c) (xvii) LMT 2007-9_No Event of Default | | | | | | | | |

Cowen_Wells_Final_Version_2

CONFIDENTIAL

| # | Loan No. | Lien | Deal | Finding Category | Finding | Finding Short | Sev1 | Sev2 | Narrative | Doc Type | Balance | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 0040843641 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System or Senior Manager approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in accordance with the guidelines of the loan program in effect at the time of application in the loan file. The document type for the subject loan is unknown due to missing credit documents. The loan file only contained the Borrower's signed loan application, the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $530,100.00 | 2847347 |
| | | | | 1.04 (b) (xii) LMT 2007-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) LMT 2007-9_Mortgage File<br><br>1.04 (c) (xvii) LMT 2007-9_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847347 |
| | | | | 1.04 (b) (xii) LMT 2007-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2007-9_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847347 |
| | | | | 1.04 (b) (xii) LMT 2007-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2007-9_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847347 |
| | | | | 1.04 (b) (xii) LMT 2007-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2007-9_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 5 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847347 |
| | | | | 1.04 (c) (xviii) LMT 2007-9_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847347 |

Cowen_Wells_Final_Version_2

# Digital Risk - Loan Review Findings
08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
5    Pg 211 of 250

| # | Loan # | Lien | LMT | | Finding | Category | Sub | | | Narrative | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 0040873788 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 08/31/2007, in the amount of $520,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Documentation/Income Verified Assets loan, with a 76.47% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.83% Debt to Income Ratio (DTI). There was a Manual approval dated 09/04/2007, in the loan file. | Stated | $520,000.00 | 2847383 | |
| | | | | 1.04 (c) (ii) LMT 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Customer Service Representative at a wireless phone company earning $3,813 per month on the loan application. An audit verification of employment and income, obtained from The Work Number, revealed the Borrower earned a total of $20,662 for the year 2007, or $1,722 per month.

The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note.
The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Customer Service Representative earning $3,813 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847383 | |
| 19 | 0040876526 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 07/31/2007, in the amount of $509,000, as a rate term refinance of a construction loan for an owner occupied single family residence. The loan was approved as a Full documentation loan, with a 77.38% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.56% Debt to Income Ratio (DTI). There was a manual approval dated 07/26/2007, in the loan file. | Full | $509,000.00 | 2847386 | |
| | | | | 1.04 (b) (xii) LMT 2008-2_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847386 | |
| 20 | 0040877631 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 11/23/2007, in the amount of $596,500 as a rate and term refinance of an owner occupied single family residence. The loan closed as a Full Documentation loan, with a 71.76% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 48.47% Debt to Income Ratio (DTI). There was a Manual loan approval dated 11/07/2007 and a Desktop Underwriter (DU) approval dated 11/07/2007, in the loan file. | Full | $596,500.00 | 2847387 | |
| | | | | 1.04 (c) (ii) LMT 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Vice President of Sales earning $16,666 per month on the loan application. The loan file contained the Borrower's post-closing W2's for the subject year of 2007 and her 2007 1040 Tax Return. Additionally, the loan file contained the Borrower's 2008 and 2009 W2's, 1040 Tax Returns, and a paystub from 2009. Per the Borrower's 2007 W2, the Borrower's actual earnings for the year of the subject loan closing 2007, was $7,222 per month. The subject loan was approved as a Full Documentation loan which required the Underwriter to obtain the Borrower's paystubs along with 2 year's of W2s or tax returns; however, the origination loan file did not contain any income documentation to evidence the Borrower's income used by the Underwriter of $16,666 per month to qualify the Borrower.

The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Vice President of Sales earning $16,666 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847387 | |
| 21 | 0040934465 | 1st | LMT 2008-6 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 01/11/2008, in the amount of $552,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 76.14%/76.14% loan-to-value/combined loan-to-value (LTV/CLTV) and a 32.93% Debt to Income Ratio (DTI). There was neither an automated underwriting system nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Full | $552,000.00 | 2847438 | |
| | | | | 1.04 (b) (xii) LMT 2008-6_Compliance with Applicable Law - Deemed MnA | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 Settlement Statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.

The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847438 | |
| | | | | 1.04 (b) (xii) LMT 2008-6_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL is missing from the loan file.

The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847438 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xii) LMT 2008-6_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. | | 2847438 |
| | | | | | | | Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | |
| | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | |
| . | | | 1.04 (b) (xii) LMT 2008-6_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xii) LMT 2008-6_Mortgage File | Failure to Provide the Subject Note | Failure to Provide Subject Note | 5 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.  The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.  The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.  Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2847438 |
| | | | 1.04 (c) (xviii) LMT 2008-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2847438 |
| 22 | 0046691473 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 06/15/2007, in the amount of $199,000, as a rate and term refinance of a 3-unit owner occupied residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 56.86% loan-to-value/combined loan-to-value (LTV/CLTV). There was a Manual approval dated 06/14/2007, in the loan file. | NINENA  $199,000.00 | 2847403 |
| | | | 1.04 (b) (xii) LMT 2008-2_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.  The disclosed finance charge ($263,766.63) is less than the actual finance charge ($265,233.13) by ($1,466.50). For rescission purposes, the Truth in Lending Act considers the finance charge inaccurate if it is understated by more than half of 1% of the note amount ($995.00) or $100, whichever is greater. (12 CFR Sec. 1026.23(g)).  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2847403 |
| 23 | 0047276399 | 1st | SARM 2007-11 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 08/06/2007, in the amount of $155,325, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 71.25%/95% loan-to-value/combined loan-to-value (LTV/CLTV). There was a manual approval dated 08/03/2007, in the loan file. The Borrower received $16,619 cash at closing. | NIVA  $155,325.00 | 2847794 |
| | | | 1.04 (c) (v) SARM 2007-11_No Fraud  1.04 (c) (xiii) SARM 2007-11_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented his/her disclosed income. The Borrower falsely stated income as a Manager earning $5,255 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Western District of Arkansas Bankruptcy Courts as part of a Chapter 13 Bankruptcy case dated 10/27/2009, the Borrower's income for the year of the subject loan closing of 2007 was $3,656 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Manager earning $5,255 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2847794 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/13/2013 4:58:32 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 0047357579 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/21/2007, in the amount of $475,000 as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets Doc with a 61.61% loan-to-value/combined loan-to-value, and a 38.96% debt-to-income ratio. There was a Manual approval dated 08/24/2007, in the loan file. Stated | $475,000.00 | 2847362 |
| | | | 1.04 (c) (v) LMT 2007-9_No Fraud

1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Income - No Red Flags Present | Misrepresentation of Income - Same Year Income Evidence | 1 | 3 | The Borrower misrepresented he disclosed income. The Borrower falsely stated income as a Transportation Engineer earning $10,000 per month on the loan application. The loan file included the Borrowers' post-closing 2007 tax returns, for the subject year which revealed the Borrower actually earned a monthly income of $5,824.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Transportation Engineer earning $10,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | 2847362 |
| | | | | | | | | Grand Total of Repurchase Demand | $10,846,125.00 | |

Cowen_Wells_Final_Version_1

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0015825508 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/20/2003, in the amount of $45,600, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% loan-to-value/combined loan-to-value, and a 29.47% debt-to-income ratio. There was a Manual approval dated 08/19/2003, in the loan file. | Full | $45,600.00 | 2847935 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 Settlement Statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The loan file contained a HUD-1 Settlement Statement; however, the HUD-1 Settlement Statement provided was not a complete and accurate representation of the transaction as the seller's side of the HUD-1 Settlement Statement was not completed.<br><br>The Seller represented and warranted that the origination and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847935 | |
| 2 | 0016401697 | 1st | SARM 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/10/2004, in the amount of $698,750, as a cash-out refinance of an owner-occupied single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 63.53% loan-to-value/combined loan-to-value. There was a Manual approval dated 03/01/2004, in the loan file. | NIVA | $698,750.00 | 2847678 | |
| . | | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-5_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($564,262.87) is ($116.02) below the actual finance charge ($564,378.89). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847678 | |
| 3 | 0016569915 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/10/2004, in the amount of $999,999, as a purchase of an owner occupied single family property located in a planned unit development. The loan was approved as a Full Documentation loan, with a 71.43%/90% loan-to-value/combined loan-to-value, and a 9.29% debt-to-income ratio. There was a Manual approval dated 05/07/2004, in the loan file. | Full | $999,999.00 | 2847513 | |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847513 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/12/2013 10:21:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| # | Loan # | Lien | Deal | Code | Category | Sub-Category | | Findings | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 0016681306 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 06/09/2004, in the amount of $117,950, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 54.865%/90% loan-to-value/combined loan-to-value, and a debt-to-income ratio was not required. There was a Manual approval dated 06/03/2004, in the loan file. | NIVA | $117,959.00 | 2847456 |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($110,785.49) is ($58.50) below the actual finance charge ($110,843.99). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i)(2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847456 |
| 5 | 0016743163 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 06/16/2004, in the amount of $60,000, as a cash-out refinance of a non-owner occupied single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 52.18% loan-to-value/combined loan-to-value. There was a Manual approval dated 06/10/2004, in the loan file. | NIVA | $60,000.00 | 2847466 |
| . | | | | 1.04 (c) (v) SARM 2004-10_No Fraud<br><br>1.04 (c) (vii) SARM 2004-10_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented his debt obligations. A search of public records and Mortgage Electronic Registration System revealed an undisclosed mortgage obtained by the Borrower within 30 days of the subject closing. A mortgage was obtained on 07/16/2004 for $78,750 with a monthly payment of $426 for a property located in Tampa, FL. The subject loan closed on 06/16/2004.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $426 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847466 |
| 6 | 0016853939 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 09/02/2004, in the amount of $244,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 40.87% debt-to-income ratio. There was a Manual approval dated 08/31/2004, in the loan file. | Stated | $244,000.00 | 2847514 |
| . | | | | 1.04 (c) (v) SARM 2004-16_No Fraud<br><br>1.04 (c) (vii) SARM 2004-16_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Project Manager Automotive earning $8,450 per month on the loan application. The Borrower filed Bankruptcy on 01/15/2009 with the Eastern District of Michigan and the Statement of Financial Affairs revealed the Borrower's income for the near year of 2006 was $25,516 or $2,126 monthly. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed, in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Project Manager Automotive earning $8,450 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847514 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/12/2013 10:21:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells_Final_Version_1

| # | Loan # | Lien | Deal | | | | | | Finding | | Amount | # |
|---|--------|------|------|---|---|---|---|---|---------|---|--------|---|
| 7 | 0018225003 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/17/2004 in the amount of $420,000 as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28.73% Debt to Income (DTI). There was a Manual approval dated 08/10/2004, in the loan file. | Stated | $420,000.00 | 2847531 | |
| | . | | | 1.04 (c) (v) SARM 2004-16_No Fraud<br><br>1.04 (c) (vii) SARM 2004-16_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a trucking business earning $14,000 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2006 tax return, which revealed the Borrower's income was a negative $1,658 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was still self-employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a trucking business earning $14,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847531 | |
| 8 | 0018260646 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | According to the Data Tape the subject loan closed on 08/17/2004 in the amount of $292,000 as a purchase of an owner occupied property. The loan closed with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). The loan file contained documents for a different Borrower in a different State compared to the data tape. There was neither an Automated Underwriting System or Manual approval in the loan file. | Unknown | $292,000.00 | 2847536 | |
| | . | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xii) SARM 2004-16_Mortgage File<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject note.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2847536 | |
| | . | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847536 | |

| # | Loan # | Lien | Pool | | | | | | Description | Doc | Amount | Loan ID | |
|---|--------|------|------|---|---|---|---|---|-------------|-----|--------|---------|---|
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth-in-Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847536 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847536 | |
| 9 | 0018277061 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/01/2004, in the amount of $328,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 39.74% Debt to Income Ratio (DTI). There was a Manual approval dated 08/24/2004, in the loan file. | Stated | $328,000.00 | 2847539 | |
| . | | | | 1.04 (c) (v) SARM 2004-16_No Fraud<br><br>1.04 (c) (vii) SARM 2004-16_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Supervisor for a medical laboratory earning $5,825 per month on the loan application. An audit verification of employment was conducted through The Work Number, which revealed the Borrower's actual earnings for 2006 were $3,700 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was still employed with the same employer as a wage-earner and in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Supervisor for a medical laboratory earning $5,825 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847539 | |
| 10 | 0019089051 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 9/29/2004, in the amount of $144,000, as a purchase of an owner occupied single-family residence property type. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 27.05% Debt to Income Ratio (DTI). There was a Manual approval dated 9/24/2004, in the loan file. | Stated | $144,000.00 | 2847572 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/12/2013 10:21:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| # | Loan # | Lien | Pool | Rep | Finding | Finding Detail | a | b | Description | Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847572 |
| 11 | 0030444533 | 1st | SARM 2005-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/09/2005, in the amount of $554,650, as a purchase of an owner occupied condo. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.13% Debt to Income Ratio (DTI). There was a Manual approval dated 03/02/2005, in the loan file. | Stated | $554,650.00 | 2847710 |
| . | | | | 1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law<br><br>1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2005-11_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees; such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($678,411.43) is ($11,364.74) below the actual finance charge ($689,776.17). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).<br><br>Despite the Seller's representations, Annual Percentage Rate (APR) and/or points and fees were not adequately disclosed to the Borrower. | | | 2847710 |
| . | | | | 1.04 (c) (v) SARM 2005-11_No Fraud<br><br>1.04 (c) (vii) SARM 2005-11_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Law Attorney earning $6,500 per month on the loan application. A search of public records revealed that the Borrower filed for protection in the United States Bankruptcy court Central District of California on 08/27/2009. The bankruptcy filing revealed that the Borrower's income for the near year 2007 while employed by the same employer and in the same position was $5,637. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Law Attorney earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847710 |

Cowen_Wells_Final_Version_1

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 | 0030980908 | 1st | SARM 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/13/2005, in the amount of $557,600.00, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.1% Debt to Income Ratio (DTI). There was an Automatic Underwriting System (AUS) approval dated 06/08/2005 in the loan file. | Stated | $557,600.00 | 2847744 | |
| . | | | 1.04 (c) (v) SARM 2005-17_No Fraud 1.04 (c) (vii) SARM 2005-17_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The loan application reflected the Borrower stated employment as an Executive of a construction company for 4 years. An audit verification of employment (VOE) was obtained from the employer listed on the loan application, which revealed the Borrower was employed as a Carpenter, not an Executive.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Executive of a construction company for 4 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847744 | |
| . | | | 1.04 (c) (v) SARM 2005-17_No Fraud 1.04 (c) (vii) SARM 2005-17_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Executive of a construction company earning $9,825 per month on the loan application. The Co-Borrower stated employment as a Fabricator earning $4,810 per month on the loan application. An audit verification of employment (VOE) was obtained from the employer listed on the loan application for the Borrower, which revealed the Borrower earned $2,365 per month in the subject year of 2005 as a Carpenter. In addition, an audit verification of employment (VOE) was obtained from the employer listed on the loan application for the Co-Borrower, which revealed the Co-Borrower earned $2,347 per month in the subject year of 2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated employment as an Executive of a construction company earning $9,825 per month on the loan application and employment as a Fabricator earning $4,810 per month on the loan application. | | | 2847744 | |
| 13 | 0031305246 | 1st | SARM 2005-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/05/2005, in the amount of $591,850, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/99% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.81% Debt to Income Ratio (DTI). There was an Automated Underwriting System approval, dated 06/24/2005, in the loan file. | Stated | $591,850.00 | 2847766 | |
| . | | | 1.04 (c) (v) SARM 2005-20_No Fraud 1.04 (c) (vii) SARM 2005-20_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Information Technician Specialist in engineering earning $14,583 per month on the loan application. An audit verification of employment (VOE) was conducted through The Work Number, which revealed that the Borrower's 2006 income while employed by the same employer in the same position was $4,768 per month. It is unlikely the Borrower's income would have decreased by 67% considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Information Technician Specialist in engineering earning $14,583 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847766 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/12/2013 10:21:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells_Final_Version_1

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 0040214629 | 1st | | SARM 2007-6 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/12/2007 by the origination of a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.20% Debt to Income Ratio (DTI). There was a Manual approval dated 04/11/2007, in the loan file. | Stated | $408,000.00 | 2847840 |
| | . | | | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as an Interior Rehab/Renovator for 2 years, earning $6,000 per month. The Co-Borrower stated on the loan application employment as an Administrative Assistant for 10 months, earning $4,800 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $6,000 per month for an Interior Rehab/Renovator is unreasonable. The U. S. Bureau of Labor Statistics reported the average salary at the 75th percentile for an Interior Rehab/Renovator in the same geographic region was $3,946 per month.<br><br>Despite the Seller's representations, the Borrowers' stated income was unreasonable and significantly impacted the determination of the Borrowers' reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847840 |
| | . | | | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as an Interior Rehab/Renovator earning $6,000 per month on the loan application and the Co-Borrower listed income of $4,800 per month as an Administrative Assistant, or a combined total of $10,800 per month. The loan file contained post-closing income documentation including the Borrowers' 2007 tax return, which revealed the Borrowers' actual combined income for the year of the subject loan closing 2007 was $96,009 or $8,001 per month. The loan file also contained post-closing pay stubs dated 09/04/2009 for the Borrower and Co-Borrower which confirmed the Borrowers were still employed with the same employer.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Further still, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Interior Rehab/Renovator earning $6,000 per month and the Co-Borrower falsely stated employment as an Administrative Assistant earning $4,800 per month on the loan application, which not only constituted an event of default under the executed Mortgage and Deed of Trust, but also significantly impacted the determination as to the Borrowers' reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847840 |
| | . | | | | | | | | **Grand Total of Repurchase Demand** | | **$5,462,408.00** | |

.
.

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/12/2013 10:21:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0015514904 | 1st | SASC 2003-26A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/10/2003, in the amount of $427,200, as a rate and term refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) documentation loan, with an 80% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 27.91% Debt to Income Ratio (DTI). There was a Manual approval dated 07/02/2003, in the loan file. Further research obtained through Accurint, Site-X and Google.com revealed the subject property address on the Note and Appraisal to be the same property as listed on the Approval, application, 1008, flood and insurance documents. The subject property is located in a rural area. | Stated | $427,200.00 | 2847879 | |
| . | | | | 1.04 (c) (v) SAS 2003-26A_No Fraud<br><br>1.04 (c) (vii) SAS 2003-26A_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. The audit credit report revealed an undisclosed installment loan in the amount of $35,353 with a monthly payment of $449, which was obtained the month prior to the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $449 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847879 | |
| 2 | 0016370470 | 1st | SARM 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/11/2004, in the amount of $254,400, as a rate and term refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/88.81% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 32.10% Debt to Income (DTI). There was a Manual approval dated 03/04/2004, in the loan file. | Stated | $254,400.00 | 2847675 | |
| . | | | | 1.04 (c) (v) SARM 2004-5_No Fraud<br><br>1.04 (c) (vii) SARM 2004-5_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan file contained a copy of the Borrower's corporation filings, which reflected a mailing and physical address of the previously occupied residence listed on the loan application. The audit credit report did not list subject address as an address that was occupied by the Borrower. In addition, the loan file contained a quality control summary from the time of closing, which reflected the electric company confirmed inactive service at the subject property, and that the Borrower had never been active on the account. Furthermore, the loan file contained a cable bill, which was dated 10/01/2003, five months prior to the subject closing. Research was completed through Accurint, during the audit review. An Accurint utility search reflected no utilities were listed in the Borrower's name at the subject address; rather the Borrower had acquired service at the address listed as previous on the loan application, one month after the subject closing. In addition, a driver's license search was also completed through Accurint, which did not list the subject address as being a residence of the Borrower at any time. Documents contained in the loan file indicated the Borrower continued to occupy the proposed departure address and did not occupy the subject property after the closing date of 01/13/2006, as disclosed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847675 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/15/2013 12:21:09 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells_Final_Version_4

| # | Loan # | Lien | Deal | Finding Code | Category | Type | S | V | Description | Occupancy | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 0016733990 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System or a manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $162,000.00 | 2847463 |
| | . | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847463 |
| | . | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL statement.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847463 |
| | . | | | 1.04 (c) (xviii) SARM 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847463 |
| 4 | 0017288903 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/20/2004, in the amount of $1,320,000, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 60% Loan to Value/Combined Loan To Value. There was a Manual approval dated 04/12/2012, in the loan file. | NIVA | $1,320,000.00 | 2847469 |
| | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL statement.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847469 |

# Digital Risk – Loan Review Findings

| # | Loan # | Lien | Pool | Finding Type | Sub-Finding | | | Narrative | Doc Type | Amount | ID | |
|---|--------|------|------|--------------|-------------|---|---|-----------|----------|--------|----|---|
| | | | 1.04 (b) (xii) SARM 2004-10_Compliance with Applicable Law - Origination;  1.04 (c) (xvii) SARM 2004-10_Origination Practices;  1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($933,245.57) is less than the actual finance charge ($960,503.60) by ($27,258.03). For rescission purposes, the Truth in Lending Act considers the finance charge inaccurate if it is understated by more than half of 1% of the note amount ($6,600.00) or $100, whichever is greater. (12 CFR Sec. 1026.23(g)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847469 | |
| 5 | 0018037622 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/02/2004, in the amount of $68,700, as a purchase of an owner occupied residence located in a planned unit development. The loan was approved as a Full documentation loan, with a 79.98%/99.77% Loan to Value/Combined Loan To Value, and a 39.81% Debt to Income Ratio (DTI). There was a Manual approval dated 06/29/2004, in the loan file. | Full | $68,700.00 | 2847634 | |
| | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination;  1.04 (c) (xvii) SARM 2004-20_Origination Practices;  1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($65,793.06) is ($365.84) below the actual finance charge ($66,158.90). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847634 | |
| 6 | 0018765164 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/18/2004, in the amount of $460,000 as a cash out refinance of an owner occupied property. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% Loan to Value/Combined Loan To Value, a 36.42% Debt to Income Ratio (DTI). There was a Manual approval dated 11/17/2004, in the loan file. | Stated | $460,000.00 | 2847658 | |
| | | | 1.04 (c) (v) SARM 2004-20_No Fraud;  1.04 (c) (vii) SARM 2004-20_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a President of a home based Real Estate Investment Company earning $8,300. Post-closing tax returns for 2005 and 2006, the subsequent 2 years after the subject loan closing reflected the Borrower operated at a loss. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the executed Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated employment as a President of a home based Real Estate Investment Company earning $8,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847658 | |

| # | Loan # | Lien | Deal | Finding Code | Finding | Finding | | | Narrative | Doc Type | Amount | ID |
|---|--------|------|------|--------------|---------|---------|---|---|-----------|----------|--------|----|
| 7 | 0030612626 | 1st | SARM 2005-12 | | Loan Summary | Loan Summary | 0 | 0 | The loan closed on 04/13/2005, in the amount of $503,200.00, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan To Value/Combined Loan To Value LTV/CLTV, and a 44% Debt to Income Ratio (DTI). There was a Manual approval dated 04/15/2005, in the loan file. | Stated | $503,200.00 | 2847723 |
| . | | | | 1.04 (c) (v) SARM 2005-12_No Fraud  1.04 (c) (vii) SARM 2005-12_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Hair Stylist earning $9,500 per month on the loan application. The post-closing documents contained the Borrower's 2006 Federal Tax Returns and contained the Borrower's Schedule C, which revealed a loss of $15,610 for the year. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Hair Stylist earning $9,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847723 |
| 8 | 0030965487 | 1st | SARM 2005-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/06/2005, in the amount of $374,400, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 44.41% Debt to Income (DTI). There was a Manual approval dated 06/20/2005, in the loan file. | Stated | $374,400.00 | 2847758 |
| . | | | | 1.04 (b) (xii) SARM 2005-20_Compliance with Applicable Law - Origination  1.04 (b) (xxiv) SARM 2005-20_Compliance with Applicable Law  1.04 (c) (xvii) SARM 2005-20_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL statement.

The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847758 |
| 9 | 0033217217 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/20/2006, in the amount of $108,000, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 90% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 21.58% Debt To Income (DTI). There was a Manual approval dated 09/15/2006, in the loan file. | Full | $108,000.00 | 2848123 |
| . | | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1  1.04 (c) (v) SAS 2007-BC1_No Fraud  1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrowers misrepresented their debt obligations. An audit credit report revealed that the Borrower closed on second mortgage securing the subject property on 12/14/2006 with a loan amount of $20,000 and a monthly undisclosed payment of $231.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

Also, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $231 monthly debt, which not only constituted an event of default under the executed Mortgage and or Deed of Trust but also significantly impacted the determination of the Borrowers' reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848123 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 0033613951 | 1st | LMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2006, in the amount of $106,300, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan (No Income, No Employment, No Asset Verification), with a 79.93% Loan To Combined Loan To Value. There was a Manual approval dated 11/28/2006, in the loan file. | NINENA | $106,300.00 | 2847290 | |
| | . | | 1.04 (b) (xii) LMT 2007-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LMT 2007-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  The disclosed finance charge ($171,221.21) is ($69.94) below the actual finance charge ($171,291.15). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i)(2)).  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847290 | |
| 11 | 0033649377 | 1st | SARM 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/28/2006, in the amount of $568,800, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 29.59% Debt to Income (DTI). There was a Manual approval dated 11/28/2006, in the loan file. | Stated | $568,800.00 | 2847785 | |
| | . | | 1.04 (c) (v) SARM 2007-1_No Fraud  1.04 (c) (vii) SARM 2007-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The audit credit report indicated that the Borrower opened an undisclosed mortgage on 10/14/2005 in the amount of $260,000, which resulted in an undisclosed monthly mortgage payment of $1,879 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,879 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847785 | |
| | . | | 1.04 (c) (v) SARM 2007-1_No Fraud  1.04 (c) (vii) SARM 2007-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his stated income. The Borrower falsely stated income as a self-employed Owner of a drywall company earning $23,500 per month on the loan application. The loan file contained the Borrower's 2007 post-closing near year income, which indicated that the Borrower actually earned $2,073 per month from the business. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of a drywall company earning $23,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847785 | |

| # | Loan # | Lien | Deal | Section | Category | Sub-Category | | | Findings | Doc Type | Amount | ID |
|---|--------|------|------|---------|----------|--------------|---|---|----------|----------|--------|-----|
| 12 | 0039349162 | 1st | LMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/31/2006, in the amount of $128,250.00, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 95%/95% Loan To Value/Combined Loan To Value (LTV/CLTV) and a 37.87% Debt to Income (DTI). There was a Manual approval dated 11/03/2006, in the loan file. | Full | $128,250.00 | 2847292 |
| | | | | 1.04 (b) (xii) LMT 2007-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LMT 2007-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.  The disclosed finance charge ($230,132.42) is ($1,282.74) below the actual finance charge ($231,415.16). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).  The disclosed finance charge ($230,132.42) is less than the actual finance charge ($231,415.16) by ($1,282.74). For rescission purposes, the Truth in Lending Act considers the finance charge inaccurate if it is understated by more than half of 1% of the note amount ($641.25) or $100, whichever is greater. (12 CFR Sec. 1026.23(g)).  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847292 |
| 13 | 0039837844 | 1st | LMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/13/2006, in the amount of $279,800, as a purchase of a non-owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 33.38% Debt to Income (DTI). There was a manual approval dated 12/08/2006, in the loan file. | Full | $279,800.00 | 2847298 |
| | | | | 1.04 (c) (v) LMT 2007-4_No Fraud  1.04 (c) (vii) LMT 2007-4_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The audit credit report reflected that the Borrower opened 6 undisclosed mortgages in 12/2006 with loan amounts of $235,000 with a monthly payment of $1,704, a loan amount of $848,000 with a monthly payment of $6,149, a loan amount of $127,680 with a monthly payment of $926 per month, a loan amount of $23,940 with a monthly payment of $174, a loan amount of $209,840 with a monthly payment of $1,521 and a loan amount of $52,460 with a monthly payment of $380. The Borrower opened a combined total of $1,444,460 in undisclosed mortgages that resulted in a combined total of $10,854 per month in undisclosed monthly payments.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $10,854 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847298 |
| 14 | 0040020547 | 1st | SARM 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/12/2007, in the amount of $271,900, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 79.99%/99.99% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 48.50% Debt to Income (DTI). There was a Manual approval dated 01/12/2007 in the loan file. Per the final HUD-1, the Borrower received $636 cash back at closing. | SISA | $271,900.00 | 2847817 |
| | | | | 1.04 (b) (xii) SARM 2007-3_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2007-3_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TILA) required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.  The TILA Tolerance has a difference in the amount of $8,245.00. The correct index rate for the corresponding documents in the loan file cannot be located  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847817 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/15/2013 12:21:09 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells_Final_Version _4

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
pg 227 of 250

| # | Loan Number | Lien | Group | Rule | Finding | Finding Type | Code | Description | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | 0040138638 | 1st | SARM 2007-4 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 04/15/20__, in the amount of $159,920.00, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Stated Asset (SISA) loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 39.46% Debt to Income (DTI). There was a manual approval dated 02/09/2007, in the loan file. | SISA | $159,920.00 | 2847831 |
| | | | 1.04 (b) (xii) SARM 2007-4_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2007-4_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.  The disclosed finance charge ($289,597.48) is ($248.18) below the actual finance charge ($289,845.66). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847831 |
| 16 | 0040237778 | 1st | SARM 2007-4 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 02/27/2007, in the amount of $299,920, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 44.03% Debt to Income (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $299,920.00 | 2847836 |
| | | | 1.04 (c) (v) SARM 2007-4_No Fraud  1.04 (c) (vii) SARM 2007-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Senior Retirement Account Executive earning $8,900 per month on the loan application. An audit verification of employment and income conducted through The Work Number (TWN) revealed the Borrower's actual income was $4,117 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Senior Retirement Account Executive earning $8,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847836 |
| 17 | 0040391849 | 1st | SARM 2007-11 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 04/17/2007, in the amount of $650,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with a 72.31%/94.55% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 48.51% Debt to Income (DTI). There was a Manual approval dated 05/04/2007, in the loan file. | Stated | $650,000.00 | 2847787 |
| | | | 1.04 (c) (v) SARM 2007-11_No Fraud  1.04 (c) (vii) SARM 2007-11_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented her debt obligations. The audit credit report revealed the Borrower obtained an undisclosed mortgage in the amount of $84,197 with a monthly mortgage payment of $589 in 03/2007, 1 month prior to the subject loan closing date of 04/17/2007.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented her debt obligations by failing to disclose a $589 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847787 |

| # | Loan # | Lien | Deal | Section | Finding | Subcategory | | | Narrative | Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SARM 2007-11_No Fraud<br><br>1.04 (c) (xvii) SARM 2007-11_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan file contained post closing documentation, including the tax assessor's records, utility records, an Accurint report and the Borrower's Driver's License. The documentation revealed the Borrower continued to occupy the proposed departure address with an occupancy history dated from 01/2005 through 11/2011 and did not occupy the subject property after the closing date of 04/17/2007, as disclosed. In addition, the Borrower did not have a renter for the property owned at origination and the Borrower had a history of property flipping.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847787 |
| 18 | 0040806523 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/27/2007, in the amount of $551,250, as a rate and term refinance of a second home single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 75% Loan to Value/Combined Loan to Value. There was a Manual approval dated 05/19/2007, in the loan file. | NIVA | $551,250.00 | 2847327 |
| . | | | | 1.04 (b) (xii) LMT 2007-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2007-9_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a Final TIL statement.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847327 |
| 19 | 0040821936 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/19/2007, in the amount of $975,000, as a rate and term refinance of an owner occupied, 4-unit property. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 75% Loan to Value/Combined Loan to Value. There was a Manual approval dated 05/11/2007, in the loan file. | NIVA | $975,000.00 | 2847332 |
| . | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (xvii) LMT 2007-9_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrower misrepresented his ownership of assets. The loan file contained bank statements for the Borrower's certificate of deposit (CD) account, dated 06/11/2007, which reflected an ending balance of $38,230; however, on 11/28/2012, an audit verification of deposit was sent to the financial institution, which revealed the balance of the Borrower's CD account was actually $18,230 on 06/11/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely disclosed that he had $38,230 in reserves when in fact he had $18,230, meaning the amount of assets disclosed was misrepresented by $20,000, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847332 |
| | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (xvii) LMT 2007-9_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. The audit credit report revealed an undisclosed equity line of credit opened the same month as the subject property with a loan amount of $70,000 and a monthly payment of $448. The subject loan closed on 06/19/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $448 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847332 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | 0040836181 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/07/2007, in the amount of $446,400, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 73% Loan to Value/Combined Loan to Value, and a 42.98% Debt to Income Ratio. There was a Desktop Underwriting refer dated 08/06/2007, in the loan file. | Full | $446,400.00 | 2847344 |
| | | | | 1.04 (b) (xii) LMT 2007-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2007-9_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and /or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($628,447.60) is ($314.37) below the actual finance charge ($628,761.97). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847344 |
| | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrowers misrepresented their debt obligations. The audit credit report indicated that the Borrowers opened two installment student loans in 01/2004 with a high credit of $10,802 and $4,500, which were not disclosed at origination. The undisclosed student loan with a high credit of $10,802 resulted in an undisclosed monthly payment of $116 and the undisclosed student loan with a high credit of $4,500 resulted in an undisclosed monthly payment of $48. The Borrowers' undisclosed monthly payments totaled $164 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file that new credit search was investigated or that a public records search was performed.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $164 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847344 |
| | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Co-Borrower misrepresented his employment on the loan application. An audit re-verification of employment was obtained from the Co-Borrower's employer, which indicated that the employer was unable to provide any employment or income information on the Co-Borrower as their records indicated that the Co-Borrower was never in the military. Research conducted through the military website on dfas.mil did not yield any results on the Co-Borrower's active duty status. In combination with the audit Verification of Employment (VOE) obtained from the employer and the results obtained through dfas.mil, the Co-Borrower's employment history was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Co-Borrower falsely stated employment as Chief Petty Officer for 10 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847344 |

Cowen_Wells_Final_Version _4

# Digital Risk – Loan Review Findings

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Co-Borrower misrepresented his disclosed income. The Co-Borrower falsely stated income as a Chief Petty Officer earning $5,305 per month on the loan application. Research conducted through the military website on dfas.mil did not yield any results on the Co-Borrower's active duty status. In combination with the audit Verification of Employment (VOE) obtained from the employer and the results obtained through dfas.mil, the Co-Borrower's employment history was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Co-Borrower falsely stated employment as a Chief Petty Officer earning $5,305 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847344 |
| 21 | 0040878910 | 1st | SARM 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/01/2007, in the amount of $516,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value, and a 46.34% Debt to Income Ratio. There was a Manual approval dated 11/02/2007, in the loan file. | Stated | $516,000.00 | 2847793 |
| . | | | 1.04 (c) (v) SARM 2007-11_No Fraud<br><br>1.04 (c) (vii) SARM 2007-11_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan file reflected the Borrower owned her departing residence in Los Angeles, CA for 14 years and the property would become a rental property. The subject loan was approved as an owner occupied residence; however, a search of public records revealed the Borrower continued to reside at the departing residence. The public records revealed the Borrower filed a Chapter 7 bankruptcy on 03/31/2010 with the Central District of California. The petition included a Statement of Financial Affairs, which required the Borrower to disclose any previous addresses for the prior 3 years, or in the case 03/31/2007. The subject loan closed on 10/01/2007; however, the petition listed the departing address as the Borrower's address with no previous addresses which revealed the Borrower never occupied the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2847793 |
| 22 | 0040900631 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/07/2007, in the amount of $483,500, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 67.09% Loan to Value/Combined Loan to Value, and a 49.34% Debt to Income Ratio. There was a Manual approval dated 12/14/2007, in the loan file. | Full | $483,500.00 | 2847394 |
| . | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Co-Borrower misrepresented his disclosed income. The Co-Borrower falsely stated income as a Warehouse Manager earning $3,300 per month on the loan application. The loan file included the Co-Borrower's 2008 W-2 statement, which revealed that the Co-Borrower earned $1,973 per month during the near year of 2008 and confirmed that the Co-Borrower's income was misrepresented. It is unlikely the Co-Borrower's income would have decreased considering the Co-Borrower was employed with the same employer in the same line of work.<br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note.<br><br>The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Co-Borrower falsely stated employment as a Warehouse Manager earning $3,300 per month on the loan application, which constitutes an event of default under the executed Deed of Trust. | | | 2847394 |
| 23 | 0047643333 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/06/2007, in the amount of $880,000, as a rate and term refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with an 80%/90% Loan to Value/Combined Loan to Value, and a 44.61% Debt to Income Ratio. There was a Manual approval dated 11/05/2007, in the loan file. | Full | $880,000.00 | 2847405 |

| # | Loan Number | Lien | Deal | Finding | Category | Sub | | | Description | Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | . | | | 1.04 (b) (xii) LMT 2008-2_Compliance with Applicable Law - Deemed MnA | Right of Rescission Invalid /Incomplete / Stale / Incorrect | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a valid Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The loan disbursement date (2007/11/07) is earlier than, or the same day as, the calculated "Right to Cancel Expire Date" (2007/11/09). Under Reg Z, funds may not be disbursed to the borrower until after the expiration of the rescission period. (Reg Z, 12 CFR 1026.23(c); 12 CFR 1026.15(c); and the Official Staff Commentary to Reg Z).<br><br>Failure to properly execute a right of rescission prior to closing exposes the lender to rescission rights in a foreclosure for the life of the loan.<br><br>Despite the Seller's representations, the Right of Rescission disclosure contained in the loan file was invalid, because the Right of Rescission disclosure included in the file does not set forth the expiration date of the right of rescission.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847405 |
| | . | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. Per the loan application, the Borrower was a self-employed President of a builder business for 8 years and a self-employed Owner of a land developer business for 2 years, earning a combined income of $20,300 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as President/Owner for 8 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847405 |
| 24 | 0047788682 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/26/2007, in the amount of $782,400, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value, and a 49.72% Debt to Income Ratio. There was a Manual approval dated 11/21/2007, in the loan file. | Stated | $782,400.00 | 2847417 |
| | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Executive Recruiter earning $14,860 per month on the loan application. The loan file contained post closing documentation revealed the Borrower's 2007 tax returns, which verified the Borrower's same year income of $5,448.<br><br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Executive Recruiter earning $14,860 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847417 |
| 25 | 0047790282 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/05/2007, in the amount of $478,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 73.54% Loan to Value (LTV) / Combined Loan to Value (CLTV), and a 45% Debt to Income Ratio. There was a Manual approval dated 12/04/2007, in the loan file. | Stated | $478,000.00 | 2847418 |
| | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Driver earning $6,712 per month on the loan application. The Co-Borrower listed income of $6,338 per month as a Senior Professional Accountant. The loan file contained post closing documentation, which revealed 2007 W-2s for the Borrowers' actual income for the same year as the subject loan closing. The Borrower's monthly income for the year 2007 was reported as $5,408. The Co-Borrower's monthly income for the year 2007 was reported as $2,968.<br><br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Driver earning $6,712 per month and the Co-Borrower falsely stated employment as a Senior Professional Accountant earning $6,338 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847418 |
| 26 | 0124161019 | 1st | SARM 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/09/2007, in the amount of $280,000, as a rate and term refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 77.78% Loan to Value/Combined Loan to Value, and a 38.01% Debt to Income Ratio. There was a Manual approval dated 02/28/2007, in the loan file. | SISA | $280,000.00 | 2847865 |

| # | Loan | Lien | Deal | Rep | Finding | Finding Summary | Cnt | Findings | Status | Amount | | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) SARM 2007-6_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2007-6_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or origination fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($502,010.68) is ($6,434.19) below the actual finance charge ($508,444.87). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | | 2847865 |
| 27 | 0400062923 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 03/24/2004, in the amount of $145,500, as a purchase of a non-owner occupied 2-unit property. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% Loan to Value/Combined Loan to Value, and a 41.2861% Debt to Income Ratio. There was a Manual approval dated 03/24/2004, in the loan file. | Stated | $145,500.00 | | 2847579 |
| | | | | 1.04 (c) (v) SARM 2004-16_No Fraud<br><br>1.04 (c) (xvi) SARM 2004-16_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrowers misrepresented their debt obligations. A review of SiteXdata.com, Accurint, and the audit credit report revealed the Borrowers purchased an undisclosed property. The Borrowers purchased an undisclosed property located in Palm Coast, FL on 04/21/2004. The Borrowers acquired a mortgage in the amount of $124,240 with a monthly payment of $1,000 to finance the undisclosed property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligation by failing to disclose a $1,000 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | | 2847579 |
| | | | | | | **Grand Total of Repurchase Demand** | | | | **$11,680,840.00** | | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/15/2013 12:21:09 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells_Final Version_6

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0031085475 | 1st | SARM 2005-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/07/2005, in the amount of $531,200, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/89% loan-to-value/combined loan-to-value, and a 44.97% debt-to-income ratio. There was a Manual approval dated 06/03/2005, in the loan file. A second mortgage in the amount of $59,000 was closed simultaneously. | Stated | $531,200.00 | 2847759 | |
| . | | | | 1.04 (c) (v) SARM 2005-20_No Fraud 1.04 (c) (vii) SARM 2005-20_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Account Manager earning $6,500 per month on the loan application. An audit re-verification of employment and income was conducted through The Work Number for the Borrower, which revealed the Borrower's actual income for the year of the subject loan closing was $5,416 per month. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as an Account Manager earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847759 | |
| 2 | 0035423672 | 1st | SARM 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 5/18/2005, in the amount of $480,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/89.58% Loan to Value/Combined Loan to Value, and a 41.85% Debt to Income Ratio. There was a manual approval dated 5/17/2005, in the loan file. | Stated | $480,000.00 | 2847733 | |
| . | | | | 1.04 (c) (v) SARM 2005-15_No Fraud 1.04 (c) (vii) SARM 2005-15_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as an Accountant Sales/Driver earning $7,333 per month and the Co-Borrower indicated she was a Senior Customer Service Representative/Sales earning $4,583 per month on the loan application. The loan file contained post-closing income documentation including the 2006 W-2 forms and tax returns for both Borrowers. The Borrower's 2006 W-2 form reflects he earned $2,416 per month and the Co-Borrower's W-2 form reflects she earned $2,890 per month. It is unlikely the Borrowers' income would have decreased considering the Borrowers were with the same employers in the same line of work. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as a Accountant Sales/Driver and a Senior Customer Service Representative/Sales earning $7,333 and 4,583 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847733 | |
| . | | | | | | | | | | | | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 10:04:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| 3 | 0040654667 | 1st | SARM 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 5/25/2007, in the amount of $172,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41% debt to income ratio (DTI). There was a Manual approval dated 05/22/2007, in the loan file. The Hud-1, revealed the Borrower received $3,386 at closing. In addition, the Borrower paid off revolving debt in the amount of $15,149. | Stated | $172,000.00 | 2847860 |
| . | | | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Customer Service Representative earning $4,300 per month on the loan application. An audit Verification of Employment (VOE), conducted through The Work Number (TWN) revealed the Borrower's monthly income was $2,609 per month the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Customer Service Representative earning $4,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847860 |
| 4 | 0040815847 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 7/31/2007, in the amount of $515,400, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income Verified Assets (SIVA) loan, with a 79.99%/89.99% Loan to Value/Combined Loan to Value, and a 41% Debt to Income Ratio. There was a manual approval dated 7/30/2007, in the loan file. | Stated | $515,400.00 | 2847330 |
| . | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Aircraft Mechanic Engineer earning $12,000 per month on the loan application. An audit verification of employment was conducted through The Work Number, which revealed the Borrower earned $103,433, or $8,619 per month in 2007 as an Aircraft Mechanic Engineer.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Aircraft Mechanic Engineer earning $12,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847330 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 10:04:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 0040818833 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/26/2007, in the amount of $434,000, as a purchase of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 71.26% Loan to Value/Combined Loan to Value, and a 37.31% Debt to Income Ratio. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $434,000.00 | 2847331 |
| . | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Artist earning $8,057 per month and receiving $1,879 per month in Alimony/Child Support on the loan application. The loan file contained post closing income documentation including the Borrower's 2009 tax return, which revealed the Borrower received $21,060, or $1,755 per month in Alimony/Child Support and earned $5,771, or $481 per month in self-employment. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Artist earning $8,057 per month and receiving $1,879 per month in Alimony/Child Support on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847331 |
| 6 | 0040871337 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/31/2007, in the amount of $751,000, as a cash-out refinance of an owner occupied single family residence located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset loan, with a 69.54% Loan to Value/Combined Loan to Value, and a 47.16% Debt to Income Ratio. There was an Automated Underwriting System (AUS) Approval dated 05/16/2007, in the loan file. | Stated | $751,000.00 | 2847381 |
| . | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed President of a trading company earning $19,500 per month on the loan application. The loan file contains post closing income documentation including the Borrower's 2007 tax return, which revealed the Borrower earned $3,331 per month in self-employment and Social Security income in 2007 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed President of a trading company earning $19,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847381 |
| 7 | 0040874174 | 1st | LMT 2008-6 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, TIL, Title, Final Hud-1, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. The subject loan file was missing the origination credit report, final loan application, and the origination appraisal. | Unknown | $1,413,750.00 | 2847429 |
| . | | | | 1.04 (c) (xviii) LMT 2008-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 1 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847429 |

Cowen_Wells_Final Version_6

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 0040920464 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/20/2007, in the amount of $540,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80% Loan to Value/Combined Loan to Value, and a 43% Debt to Income Ratio. The loan file contained an Automated Underwriting Approve/Ineligible. | Full | $540,000.00 | 2847402 |
| . | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a Manager for 10 years. The loan file contained post closing income documentation including the Borrower's 2006 tax return, which indicated the Borrower to be a self-employed carpenter that earned $5,022, or $418 per month, in the year prior to the subject closing. An audit re-verification of employment was obtained, which revealed he never worked at the job listed on the origination application.<br><br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Manager for 10 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847402 |
| 9 | 0046781597 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/22/2007, in the amount of $212,723, as a purchase of an owner occupied single family residence. The loan was approved as a Full documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.56% debt to income ratio (DTI). There was a Manual approval dated 06/22/2007, in the loan file. | Full | $212,723.00 | 2847353 |
| . | | | | 1.04 (b) (xii) LMT 2007-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xiii) LMT 2007-9_No High Cost - Deemed MnA<br><br>1.04 (b) (xiv) LMT 2007-9_No High Cost - HOEPA - Deemed MnA<br><br>1.04 (b) (xii) LMT | High Cost Loan - State | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable state law. The Seller represented and warranted that the subject loan was not a high cost loan under any applicable state predatory or abusive lending law.<br><br>The Seller further represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The loan fees ($14,114.57) exceed the (GA) High Cost fee limit, which is ($10,148.47), the difference is ($3,966.10).<br><br>Despite the Seller's representations, the subject loan was a covered or high cost loan as defined by applicable state law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable state law including, but not limited to, compliance with applicable state or local high cost loan laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847353 |
| . | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrowers misrepresented their debt obligations. According to a Statement of Financial Affairs filed 07/02/2012, in the Northern District of Georgia, revealed the Borrowers purchased a timeshare property in 07/2005, 2 years prior to the subject loan closing on 06/22/2007 and an audit credit report revealed the Borrowers obtained a mortgage in the amount of $8,040 with a monthly payment of $165.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $165 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847353 |

| 10 | 0046989562 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/28/2007, in the amount of $708,560, as a purchase of an owner-occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% Loan to Value/Combined Loan to Value, and a 37.90% Debt to Income Ratio. There was a Manual Approval dated 06/26/2007, in the loan file. | Stated | $708,560.00 | 2847357 |
| . | | | | 1.04 (c) (v) LMT 2007-9 _No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. An Audit Credit Report revealed the Borrower obtained an undisclosed mortgage in 07/2007 the month prior to the subject closing on 08/15/2007, secured by an unknown property in the amount of $182,751 with a payment of $1,186 per month and obtained an undisclosed mortgage also in 07/2007 secured by the Borrower's rental property in the amount of $168,000 with a payment of $1,414 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $2,600 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed. | | | 2847357 |
| | | | | 1.04 (c) (vii) LMT 2007-9 _No Event of Default | | | | | | | | |
| 11 | 0047277074 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/23/2007, in the amount of $544,000, as a purchase of an owner-occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value, and a 39.13% Debt to Income Ratio. There was a Manual Approval dated 08/22/2007, in the loan file. | Stated | $544,000.00 | 2847360 |
| . | | | | 1.04 (c) (v) LMT 2007-9 _No Fraud | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a self-employed Education Director/Owner earning $8,432 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2009 tax return, which revealed that the Borrower's income was $6,219 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Education Director earning $8,432 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847360 |
| | | | | 1.04 (c) (vii) LMT 2007-9 _No Event of Default | | | | | | | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 10:04:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells_Final Version_6

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 | 0047441050 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan was in the amount of $652,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45% Debt to Income Ratio (DTI). There was a Manual approval dated 08/21/2007, in the loan file. | Stated | $652,000.00 | 2847364 |
| . | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | | 1 | 3 | The Borrower misrepresented her employment on the loan application as a Northwest Regional Sales Representative for 4 years. The loan file contained a verbal verification of employment, dated 08/21/2007, that indicated the Borrower was employed as a Northwest Regional Sales Manager. The loan file also contained a letter of explanation indicating her job position as a Northwest Regional Sales Representative with the employer listed on the loan application. However, according to the Schedule I-Current Income of Individual Debtors, filed by the Borrower with the Eastern District of California Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 04/27/2012, the Borrower was a Home Maker and had been unemployed for the previous 10 years. Additionally, the loan file also contained the Borrower's federal income tax return for 2009, which revealed the Borrower was a Home Maker.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Northwest Regional Sales Representative for 4 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847364 |
| . | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Northwest Regional Sales Representative with a billiards company earning $16,700 per month on the loan application. According to the Schedule I-Current Income of Individual Debtors, filed by the Borrower with the Eastern District of California Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 04/27/2012, the Borrower was a Home Maker and had been unemployed for the previous 10 years. Additionally, the loan file also contained the Borrower's federal income tax return for 2009, which revealed the Borrower was a Home Maker.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Northwest Regional Sales Representative earning $16,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847364 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 10:04:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| 13 | 0047646625 | 1st | SARM 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/06/2007, in the amount of $710,200, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with an 80% loan-to-value/combined loan-to-value, and a 35.71% debt-to-income ratio. There was a Manual approval dated 10/04/2007, in the loan file. | Stated | $710,200.00 | 2847796 |
| | | | | 1.04 (c) (v) SARM 2007-11_No Red Flags Present  1.04 (c) (vii) SARM 2007-11_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit report and SiteX.com revealed an undisclosed home equity line secured by the subject property. The subject loan closed on 10/18/2007 with a loan amount of $88,704 and a payment of $887. The subject loan closed on 10/05/2007.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $887 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847796 |
| . | | | | 1.04 (c) (v) SARM 2007-11_No Fraud  1.04 (c) (vii) SARM 2007-11_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a President of a Development/Construction company earning $20,000 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2008 tax return, which revealed the Borrower's income was $34,730, or $2,894 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a President of a Development/Construction company earning $20,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847796 |
| 14 | 0047690185 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/01/2007, in the amount of $214,462, as a purchase of an owner occupied single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 95% loan-to-value/combined loan-to-value. There was a Manual approval dated 11/01/2007, in the loan file. | NIVA | $214,462.00 | 2847406 |
| . | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan file contained post closing income documentation including the Borrower's 2008 and 2009 tax returns, which revealed the Borrower occupied the previous primary residence. Furthermore, the loan file contains a post closing letter from the Borrower indicating the subject property would be occupied by the Borrower's niece and contained utility bills in this individual's name for the subject property.  The Seller represented and warranted, in part, that no events of default or acceleration existed under the Mortgage or the Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847406 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | 0047742846 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/06/2007, in the amount of $132,000, as a cash-out refinance of a non-owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80% Loan to Value/Combined Loan to Value, and a 41.63% Debt to Income Ratio. There was a Manual Approval dated 12/06/2007, in the loan file. | Full | $132,000.00 | 2847413 |
| . | | | | 1.04 (b) (xii) LMT 2008-2_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847413 |
| 16 | 124174889 | 1st | SARM 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/16/2007, in the amount of $402,500, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 70%/85% loan-to-value/combined loan-to-value. There was a Manual approval dated 03/21/2007, in the loan file. | NINENA | $402,500.00 | 2847866 |
| . | | | | 1.04 (b) (xii) SARM 2007-6_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2007-6_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847866 |
| 17 | 0124421587 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/30/2007, in the amount of $217,500, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 70.161% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.864% Debt to Income Ratio (DTI). There was a Manual approval dated 04/10/2007, in the loan file. | Stated | $217,500.00 | 2847244 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his verified income. The Borrower falsely stated income as a Spotter with a dry cleaning company earning $2,500 per month on the loan application. The Co-Borrower listed income of $3,900 per month as a Maintenance Worker with a design company. The loan file contained post closing income documentation including the Borrowers' W-2 forms for 2007, which revealed the Borrower's income was $1,300 per month and the Co-Borrower's income was $3,279 per month the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Further still, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated income as a Spotter with a dry cleaning company earning $2,500 per month and a Maintenance Worker with a design earning $3,900 | | 2847244 | |
| 18 | 0124669813 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/25/2007, in the amount of $224,500, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 71.04% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.92% Debt to Income Ratio (DTI). There was a Manual Approval dated 05/24/2007, in the loan file. | Stated | $224,500.00 | 2847253 | |
| | | | 1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as a Manager for 3 years. The loan file contained a post-closing 2007 tax return, the same year as the subject closing, which revealed that the Borrower was not a salaried Manager for the company stated on the loan application. The 2007 tax return revealed the Borrower was self-employed as an Owner of a western wear company, which was not stated on the origination loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Manager for 3 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | 2847253 | |

Cowen_Wells_Final Version_6

| | | | | 1.04 (b) (xxii) BNCMT 2007-4_No Fraud | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower stated income of $5,380 as Manager income. The Borrower falsely stated income as a Manager earning $5,380 per month on the loan application. The loan file contained a post-closing 2007 tax return, the same year as the subject closing, which revealed that the Borrower was not a salaried Manager for the company stated on the loan application. The 2007 tax return revealed the Borrower was self-employed as an Owner of a western wear company and earned $9,663, or $805 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Manager earning $5,380 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847253 | |
| | | | 1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | | | | | | | | | | |

Cowen_Wells_Final Version_6

| 19 | 0124672221 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan is in the amount of $251,250, as a cash-out refinance of an owner occupied 2 family property. The loan was approved as a Stated Income/ Verified Assets loan, with a 75% Loan to Value/Combined Loan to Value, and a 36.92% Debt to Income Ratio. There was a Manual Approval dated 05/04/2007, in the loan file. | Stated | $251,250.00 | 2847255 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xiii) BNC 2007-4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xiv) BNCMT 2007-4_No High Cost MnA - Deemed MnA<br><br>1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xxxiv) BNCMT 2007-4_Origination Practices | High Cost Loan - State | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable state law.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The further Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law.<br><br>The Seller also represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The loan fees ($11,484.75) exceed the (NJ) High Cost Fee Limit, which is ($10,789.44), the difference is ($695.31).<br><br>Despite the Seller's representations, the subject loan was a "covered" or high cost loan as defined by applicable state law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847255 |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 2 | 3 | The Borrower stated on the loan application employment as an Officer Manager for 2 years, earning $5,975 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $5,975 per month for a Medical Secretary is unreasonable and is indicative of potential misrepresentation. The U.S. Bureau of Labor Statistics reported the average salary at the 75th percentile for a Medical Secretary in 2007 and in the same geographic region was $3,362 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847255 |

**Digital Risk - Loan Review Findings**

Cowen_Wells_Final Version_6          08-13555-mg   Doc 46080-5   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 7 Pg 244 of 250

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xiii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Medical Secretary earning $5,975 per month on the loan application. An Audit Verification of Employment on the Borrower's job at the time of closing, revealed that the Borrower earned $26,210 or $2,184 per month in 2007, the same year as the subject closing.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Further still, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Medical Secretary, earning $5,975 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan. | | | 2847255 |
| 20 | 0124686411 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/02/2007, in the amount of $270,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 71.05% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.654% Debt to Income Ratio (DTI). There was a Manual approval dated 05/11/2007, in the loan file. | Stated | $270,000.00 | 2847263 |
| | | | | 1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a General Manager with a plaster company earning $6,500 per month on the loan application. The loan file contained post closing income documentation including the Borrower's W-2 form for 2007, which revealed the Borrower's income for 2007 was $4,664 per month the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a General Manager with a plaster company earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847263 |

**Digital Risk - Loan Review Findings**
08-13555-mg    Doc 46080-5    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 5 Pg 245 of 250

Cowen_Wells_Final Version_6

| 21 | 0124759721 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/05/2007, in the amount of $284,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.743% Debt to Income Ratio (DTI). There was a Manual approval dated 06/05/2007, in the loan file. | Stated | $284,000.00 | 2847267 | |
| . | | | | 1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Foreman with a construction company earning $5,600 per month on the loan application. An audit verification employment conducted through The Work Number revealed the Borrower's income for 2007, the year the subject loan closed, was $4,001 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Foreman with a construction company earning $5,600 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847267 | |
| 22 | 0124863804 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/22/2007, in the amount of $196,000, as a cash-out refinance of a non-owner occupied single family residence. The loan was approved as a Stated Income/ Verified Assets loan, with an 80% Loan to Value/Combined Loan to Value, and a 40.23% Debt to Income Ratio. There was a Manual Approval dated 06/22/2007, in the loan file. | Stated | $196,000.00 | 2847273 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a self-employed Nutritionist for 7 years, earning $8,400 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847273 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 10:04:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells_Final Version_6

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 1.04 (b) (xii) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xiii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | | 2847273 |

The Borrower misrepresented his/her income. The Borrower falsely stated income as a self-employed Nutritionist, earning $8,400 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the District of Nevada Division Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 05/02/2009, the Borrower's income for the year of 2007 was $812 per month.

The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.

The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

Further still, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a self-employed Nutritionist earning $8,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | Grand Total of Repurchase Demand | | | | $9,857,045.00 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 5/31/2013 10:04:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells 1033_12 Final Version

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0015866973 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/21/2003, in the amount of $11,200 as a second mortgage refinance of a detached single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $11,200.00 | 2847940 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847940 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847940 | |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847940 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 3:51:57 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wells 1033_12 Final Version

| # | Loan # | Lien | Pool | Section | Finding Category | Finding | | | Description | Doc Type | Amount | ID |
|---|--------|------|------|---------|------------------|---------|---|---|-------------|----------|--------|-----|
| 2 | 0016103251 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/17/2003, in the amount of $37,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $37,000.00 | 2847951 |
| | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847951 |
| | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847951 |
| | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847951 |
| 3 | 0016151722 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/08/2003, in the amount of $25,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 21.55%/100% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 29.13% Debt to Income Ratio (DTI). There was a Manual approval dated 10/02/2003, in the loan file. | Full | $25,000.00 | 2847954 |
| | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (b) (xiii) SAS 2003-S2_No High Cost<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | High Cost Loan - Federal | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required that the subject loan comply with the Home Ownership and Equity Protection Act ("HOEPA").<br><br>The loan fees ($2,107.00) exceed the (FED) High Cost fee limit, which is ($1,821.35), the difference is ($285.65).<br><br>The Seller represented and warranted that the subject loan was not a high cost loan under any applicable law. The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the subject loan was a covered loan as defined by HOEPA. | | | 2847954 |

Cowen_Wells 1033_12 Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law  1.04 (b) (xiii) SAS 2003-S2_No High Cost  1.04 (c) (xvii) SAS 2003-S2_Origination Practices | High Cost Loan - State | No High Cost Loan | 2 | 3 | The subject loan did not comply with applicable law. The Seller represented and warranted that the subject loan was not a high cost loan under any applicable law.  The loan fees ($2,107.00) exceed the (OH) High Cost fee limit, which is ($1,821.35), the difference is ($285.65).  The Seller further represented and warranted that the origination practices and subject loan complied in all respects with applicable laws.  Despite the Seller's representations, the subject loan was a "covered" or high cost loan as defined by applicable law. | | | 2847954 | |
| 4 | 0016975633 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/01/2004, in the amount of $403,000, as a purchase of a detached single family single residence located in a planned unit development. The loan was approved as a No Documentation (No Income, No Employment, No Asset verification) loan, with a 56.77% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 08/23/2004, in the loan file. | NINENA | $403,000.00 | 2847519 | |
| . | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-16_Origination Practices  1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable laws. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.  The disclosed finance charge of $399,984.11 is $461.22 below the actual finance charge of $400,445.33. The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d)(1)).  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrowers. | | | 2847519 | |

Cowen_Wells 1033_12 Final Version

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| S | 0017478629 | 1st | SARM 2004-5 | Loan Summary | Loan Summary | 0 | 0 | We subject loan closed on 03/12/2004, in the amount of $257,600, as a cash-out refinance of an owner-occupied single-family residence. The loan was approved as a Full Documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.358% Debt to Income Ratio (DTI). There was a manual approval, dated 03/03/2004, in the loan file. | Full | $257,600.00 | 2847688 | |
| . | | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-5_Origination Practices  1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The disclosed finance charge ($215,166.19) is ($281.01) below the actual finance charge ($215,447.20). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d)(1)).  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847688 | |
| . | | | | 1.04 (c) (v) SARM 2004-5_No Fraud  1.04 (c) (vii) SARM 2004-5_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. An audit credit report and research of public records revealed the Borrower obtained an undisclosed Home Equity Line of Credit on 03/22/2004, which was less than 30 days after the subject loan closing date of 02/27/2004, in the amount of $32,000, with a monthly payment of $320, which was based on 1% of the credit limit, and an undisclosed automobile loan on 02/27/2004, which was the same day as closing, in the amount of $28,345, with a monthly payment of $549. The Borrower's undisclosed debt totaled $869 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $869 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847688 | |