# ATTACHMENT V
# Part 2

**Digital Risk - Loan Review Findings**

Cowen_Wells 1033_12 Final Version    08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment Part 7 of 12   Pg 2 of 271

| # | Loan # | Lien | Pool | Category | Finding | Sub-Finding | Val1 | Val2 | Description | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 0017487687 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/01/2004, in the amount of $290,600. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the loan application, appraisal, and origination credit report. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $290,600.00 | 2847587 |
| . | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination   1.04 (c) (xvii) SARM 2004-18_Origination Practices   1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.   The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.   Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847587 |
| . | | | | 1.04 (c) (xviii) SARM 2004-18_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.   The Seller represented and warranted, in part, that the appraisal complied with FIRREA.   Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847587 |
| 7 | 0017579616 | 1st | SARM 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/24/2004, in the amount of $141,600, as a purchase of an owner occupied 4 unit multi-family residence. The loan was approved as a Full Documentation loan, with 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34% Debt to Income Ratio (DTI). There was a Manual approval dated 03/24/2004, in the loan file. | Full | $141,600.00 | 2847695 |
| . | | | | 1.04 (c) (v) SARM 2004-5_No Fraud   1.04 (c) (vii) SARM 2004-5_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrowers misrepresented their intent to occupy the subject property. Research of public records conducted through Pacer.com and Sitex.com revealed the Borrowers purchased a property located in Cincinnati, OH on 06/21/2004, 3 months after the subject loan closing on 03/24/2004. In addition, the Borrower filed a Chapter 7 Bankruptcy with the Southern District of Ohio on 10/10/2005, which reflected the property purchased on 06/21/2004 as her martial residence and listed the Borrower's departing residence as the only prior address, indicating the Borrower did not occupy the subject property. Further, the Co-Borrower filed a Chapter 7 Bankruptcy on with the Southern District of Ohio Western Division, on 11/30/2007, which reported a different address for the Co-Borrower located in Cincinnati OH, with no previous address for the prior 3 years, or back to 11/30/2004. Sitex.com reflected the Co-Borrower's reported residence was family owned. The research revealed neither Borrower resided in the subject property as their primary residence for at least 12 months after closing as required.   The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.   In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.   Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847695 |

Cowen_Wells 1033_12 Final Version

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 0017865601 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/06/2004, in the amount of $192,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage of Trust, Homeowners Insurance Declarations page, the final Title Policy, and Post Closing documents. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $192,000.00 | 2847486 | |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847486 | |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847486 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847486 | |
| . | | | | | | | | | | | | |

Cowen_Wells 1033_12 Final Version

| 9 | 0018205427 | 1st | SARM 2004-16 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/18/2004 in the amount of $168,800, as a purchase of an investment single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 26.59% Debt to Income Ratio (DTI). There was a Manual approval dated 08/12/2004, in the loan file. | Stated | | $168,800.00 | 2847530 | |
| . | | | 1.04 (c) (v) SARM 2004-16_No Fraud  1.04 (c) (vii) SARM 2004-16_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased an undisclosed property located in Blaine, MN on 07/27/2004, 22 days prior to the subject closing on 08/18/2004, and obtained a first mortgage in the amount of $176,000 with a monthly payment of $1,513 and a second mortgage in the amount of $44,000 and a monthly payment of $350. In addition, the Borrower purchased another undisclosed property located in Blaine, MN on 07/28/2004, 21 days prior to the subject closing on 08/18/2004, and obtained a mortgage in the amount of $196,400 with a monthly payment of $1,260. Further, the Borrower purchased a third undisclosed property located in Minneapolis, MN on 09/01/2004, 13 days after the subject loan closing on 08/18/2004, and obtained a mortgage in the amount of $229,900 with a monthly payment of $1,787. The the Borrower also refinanced his primary residence on 07/22/2004, 27 days prior to the subject loan closing, increasing the monthly payment from $1,411 to $1,580, or $169 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $5,079 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847530 | |
| . | | | 1.04 (c) (v) SARM 2004-16_No Fraud  1.04 (c) (vii) SARM 2004-16_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Marketing Director earning $7,000 per month on the loan application. The loan file contained multiple loan applications which reflected stated income of $4,300 per month and $7,000 per month; however, the higher income of $7,000 per month was utilized to qualify the Borrower for the subject loan.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Marketing Director earning $7,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847530 | |

Cowen_Wells 1033_12 Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 0018237917 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/05/2004 in the amount of $770,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 45% Debt to Income Ratio (DTI). There was a Manual approval dated 09/23/2004, in the loan file. | Stated | $770,000.00 | 2847592 |
| . | | | | 1.04 (c) (v) SARM 2004-18_No Fraud 1.04 (c) (vii) SARM 2004-18_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a General Manager for 3 years. A search of public records conducted through Accurint revealed the Borrower was the Owner/President of the business reflected on the final loan application. Further, post-closing documentation contained a hardship letter from the Borrower, which revealed the Borrower had been self-employed for the prior 17 years, which would have covered the time period of the subject loan closing on 10/05/2004. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated employment as a General Manger for 3 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847592 |
| . | | | | 1.04 (c) (v) SARM 2004-18_No Fraud 1.04 (c) (vii) SARM 2004-18_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a General Manager earning $15,500 per month on the loan application. A search of public records conducted through Accurint revealed the Borrower was the Owner/President of the business reflected on the loan application; however, self-employment was not disclosed at origination. Further, post-closing documentation contained a hardship letter from the Borrower, which revealed the Borrower had been self-employed for the prior 17 years, which would have covered the time period of the subject loan closing on 10/05/2004. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as a General Manager earning $15,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847592 |
| . | | | | | | | | | | | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 0018381459 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/27/2004, in the amount of $280,000, as a purchase an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 95% Loan to Income/Combined Loan to Value (LTV/CLTV), and a 37.09% Debt to Income Ratio (DTI). There was a Manual approval dated 09/27/2004, in the loan file. | Stated | $280,000.00 | 2847600 | |
| . | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-18_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($313,150.65) is ($284.82) below the actual finance charge ($313,435.47). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847600 | |
| 12 | 0018399832 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/29/2004, in the amount of $216,650, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.98% Debt to Income Ratio (DTI). There was a Manual approval dated 09/29/2004, in the loan file. | Full | $216,650.00 | 2847563 | |
| . | | | 1.04 (c) (v) SARM 2004-16_No Fraud<br><br>1.04 (c) (vii) SARM 2004-16_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A review of an audit credit report revealed the Borrowers acquired an undisclosed installment loan in 06/2004, which is three months prior to the subject loan closing on 09/24/2004, in the amount of $11,584 with a monthly payment of $276.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $276 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847563 | |

| 13 | 0040000713 | 1st | SARM 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/07/2006 in the amount of $153,235, as a purchase of a non-owner occupied condominium. The loan was approved as a No Documentation (No Income, No Employment, No Asset Verification) loan, with a 77.33%/90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 11/14/2006, in the loan file. | NINA/NA | $153,235.00 | 2847826 | |
| . | | | 1.04 (c) (v) SARM 2007-4_No Fraud  1.04 (c) SARM 2007-4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Public records and an Audit Credit Report revealed the Borrower purchased an undisclosed property on 10/28/2006, 3 months prior to the subject loan closing on 01/02/2007, and acquired a mortgage in the amount of $151,940 with a monthly payment of $1,323 and a mortgage in the amount of $28,488 with a monthly payment of $296.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $1,619 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847826 | |
| 14 | 0040873986 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/20/2007, in the amount of $999,999.00 as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 72.46%/86.96% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 39.69% Debt To Income ratio (DTI). There was a Manual approval dated 09/20/2007, in the loan file. | Stated | $999,999.00 | 2847384 | |
| . | | | | 1.04 (b) (xii) LMT 2008-2_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The disclosed finance charge ($1,431,583.84) is ($1,255.63) below the actual finance charge ($1,432,839.47). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2)).  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847384 | |
| . | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as an Owner of a Toy Manufacturing Company, earning $25,500 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's 2007 tax return, which revealed the Borrower's employment income was $105,500, or $8,791 per month and the Schedule E reflected a non-passive loss of $33,518, or $2,793 per month resulting in a total monthly income of $5,999.  The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as an Owner of a Toy Manufacturing Company, earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847384 | |

| 15 | 0040881559 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/03/2007 in the amount of $500,000, as a rate and term refinance of a detached owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 76.92%/87.69% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 27.07% Debt to Income Ratio (DTI). There was a Manual approval dated 10/01/2007, in the loan file. | Stated | $500,000.00 | 2847388 | |
| | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a self-employed Construction Contractor for 10 years. Research conducted through public records revealed the Borrower filed a Chapter 7 Bankruptcy on 05/26/2010 with the Northern District of Alabama. The petition included a Statement of Financial Affairs, which required any self-employment for the previous 6 years, or back to 05/26/2004, be disclosed. The subject loan closed on 10/03/2007; however, no self-employment was reported on the bankruptcy filing.\n\nThe Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.\n\nDespite the Seller's representations, the Borrower falsely stated employment as a self-employed Construction Contractor for 10 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847388 | |
| | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a self-employed Construction Contractor for 10 years, earning $20,000 per month on the loan application. Research conducted through public records revealed the Borrower filed a Chapter 7 Bankruptcy on 05/26/2010 with the Northern District of Alabama. The petition included a Statement of Financial Affairs, which required any self-employment for the previous 6 years, or back to 05/26/2004, be disclosed. The subject loan closed on 10/03/2007; however, no self-employment was reported on the bankruptcy filing; therefore, no self-employment income was earned in 2007 the year the subject loan closed.\n\nThe Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.\n\nDespite the Seller's representations, the Borrower falsely stated income as a self-employed Construction Contractor for 10 years, earning $20,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847388 | |
| | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan application reflected the Borrower resided in the subject property for 8 months as his primary residence. However, research conducted through public records revealed the Borrower filed a Chapter 7 Bankruptcy on 05/26/2010 with the Northern District of Alabama, which reflected the Borrower's address as a property located in Gurley, Alabama. The petition included a Statement of Financial Affairs, which required any additional addresses for the previous 3 years, or back to 05/26/2007, be disclosed. The subject loan closed on 10/03/2007; however, no previous addresses were provided.\n\nThe Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage\n\nDespite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847388 | |

| 16 | 0040900987 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/6/2007 in the amount of $812,500, as a cash-out refinance of a single family residence second home located in a planned unit development. The loan was approved as a Full Documentation loan, with a 65% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.56% Debt To Income Ratio (DTI). There was a Manual approval dated 12/05/2007, in the loan file. | Full | $812,500.00 | 2847395 | |
| | | | 1.04 (b) (xii) LMT 2008-2_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | | 1 | 3 | The subject loan did not comply with applicable laws. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.

The disclosed finance charge of $1,558,250.94 is $168.87 below the actual finance charge of $1,558,419.81. The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847395 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate      Run: 1/30/2014 3:51:57 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**Digital Risk - Loan Review Findings**

Cowen_Wells 1033_12 Final Version     08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
Part 10 - Pg 10 of 271

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 0040934788 | 1st | LMT 2008-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/30/2008, in the amount of $530,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 85% Loan to Value/Combined Loan to Value, and a 46.84% Debt to Income Ratio. There was a Desktop Underwriter (DU) approval, dated 01/18/2008, in the loan file. | Full | $530,000.00 | 2847439 | |
| . | | | | 1.04 (c) (vii) LMT 2008-6_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. An audit credit report revealed the Borrowers obtained an installment loan in 10/2006 in the amount of $1,294 with a payment of $36 per month, which was not disclosed on the loan application or reflected on the origination credit report.

The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $36 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847439 | |
| 18 | 0400598371 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/10/2004, in the amount of $128,000, as a rate and term refinance of an owner occupied single family attached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 49% Debt to Income Ratio (DTI). There was a manual approval, dated 05/03/2004, in the loan file. | Stated | $128,000.00 | 2847508 | |
| . | | | | 1.04 (c) (v) SARM 2004-10_No Fraud

1.04 (c) (vii) SARM 2004-10_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as an Account Administrator earning $4,979 per month on the loan application. The Borrower's Bankruptcy records filed on 01/03/2008 revealed the Borrower earned $40,787, or $3,399 per month in 2005, the year after the subject closing. It is unlikely the Borrower's income would have decreased considering the Borrower was with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as an Account Administrator earning $4,979 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847508 | |
| | | | | | | | Grand Total of Repurchase Demand | | | | $5,917,184.00 | |

.
.
.

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Narrative | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0011480993 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/02/2002, in the amount of $25,500. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $25,500.00 | 2847902 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847902 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847902 | |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA. | | | 2847902 | |
| | | | | | | | | | | | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 0014040257 | 1st | ARC 2002-BC8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/23/2002, in the amount of $161,060, as a purchase of a non-owner occupied, single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.44% Debt to Income Ratio (DTI). There was a Manual approval dated 08/23/2002, in the loan file. | Stated | | $161,060.00 | 2847228 |
| . | | | 1.04 (c) (xi) ARC 2002-BC8_Compliance with Applicable Law<br><br>1.04 (c) (xxvii) ARC 2002-BC8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847228 |
| . | | | 1.04 (c) (xv) ARC 2002-BC8_No Fraud<br><br>1.04 (c) (xvii) ARC 2002-BC8_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrowers misrepresented their debt obligations. Per the Mortgage Electronic Registration System (MERS) report and the audit credit report, the Borrowers purchased an undisclosed property located in Henderson, Colorado on 09/06/2002, 8 days after the subject loan closing date on 08/28/2002 with a loan amount of $154,250 and payment of $1,411 per month.<br><br>The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' debt, so as to confirm the Borrowers' overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The origination credit report dated 08/14/2002, reported 4 inquiries, dated from 05/21/2002 through 08/14/2002. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The non-disclosure of a $1,411 in monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt and there is no evidence in the file to indicate the Borrowers have exhibited the ability to handle an additional $1,411 in monthly obligations.<br><br>A recalculation of Debt to Income (DTI) based on the Borrowers' undisclosed debt yields a DTI of 42.85%, which increased from 31.44% at origination.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,411 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847228 |

| # | Loan Number | Lien | Deal | Code | Finding | Finding | | | Description | Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xv) ARC 2002-BC8_No Fraud<br><br>1.04 (c) (xvii) ARC 2002-BC8_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrowers misrepresented the employment on the loan application as a self-employed Real Estate Broker for 4 years for the Borrower and as an Administrative Specialist for 10 years for the Co-Borrower as their sole source of employment. Research of public records reported the Borrowers filed a Chapter 7 Bankruptcy with the District of Colorado on 07/11/2008 and the petition included a Statement of Financial Affairs. Section18 of The Statement of Financial Affairs revealed the Borrowers had an additional undisclosed real estate business from 05/06/2002 to 07/18/2007, which covers the subject loan closing date of 08/28/2002.<br><br>The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' employment, so as to confirm the accuracy and stability of the Borrowers' employment and adequacy of their financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Without properly verifying the employment status of the Borrowers, the lender could not properly evaluate the Borrowers' ability to earn an income and support the subject obligation.<br><br>Despite the Seller's representations, the Borrowers falsely stated employment as self-employed Real Estate Broker for 4 years and the Co-Borrower was employed as an Administrative Specialist for 10 years as their sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847228 |
| 3 | 0014193213 | 1st | SASC 2003-6A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/14/2003, in the amount of $1,000,000 as a cash out refinance of a detached single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the loan application, partial final HUD-1, Note, partial Appraisal, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $1,000,000.00 | 2847899 |
| . | | | | 1.04 (c) (xi) SAS 2003-6A_Compliance with Applicable Law<br><br>1.04 (c) (xii) SAS 2003-6A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xxviii) SAS 2003-6A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 contained in the loan file was incomplete as the bottoms of the pages were cut off.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847899 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate      Run: 1/30/2014 3:48:23 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (xi) SAS 2003-6A_Compliance with Applicable Law<br><br>1.04 (c) (xii) SAS 2003-6A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xxviii) SAS 2003-6A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847899 |
| . | | | 1.04 (c) (xi) SAS 2003-6A_Compliance with Applicable Law<br><br>1.04 (c) (xii) SAS 2003-6A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xxviii) SAS 2003-6A_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847899 |
| . | | | 1.04 (c) (xxix) SAS 2003-6A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal only contained pages 1 through 3 and the bottoms of those pages were cut off. In addition, the appraisal provided was missing the map, picture of the subject property and comparables, layout and missing pages.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847899 |
| 4 | 0014792352 | 1st | SASC 2003-17A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed 01/30/2003, in the amount of $530,000 as a refinance of an owner occupied detached single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $530,000.00 | 2847872 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law<br><br>1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-17A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act (RESPA) required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847872 |
| . | | | | 1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law<br><br>1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-17A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847872 |
| . | | | | 1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law<br><br>1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-17A_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847872 |
| . | | | | 1.04 (c) (xviii) SAS 2003-17A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847872 |
| 5 | 0015053978 | 1st | SASC 2003-17A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/26/2003, in the amount of $164,800 as a refinance of an owner occupied residence. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $164,800.00 | 2847875 |

| # | Loan # | Lien | Product | Guideline | Finding Category | Finding | | | Description | Occupancy | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law<br><br>1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-17A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847875 |
| . | | | | 1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law<br><br>1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-17A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847875 |
| . | | | | 1.04 (c) (xviii) SAS 2003-17A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847875 |
| 6 | 0015071616 | 1st | SASC 2003-17A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/17/2003, in the amount of $530,000, as a cash out refinance of an owner occupied property. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification) loan; however, due to missing documentation the Loan to Value/Combined Loan to Value (LTV/CLTV) could not be determined. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NINENA | $530,000.00 | 2847876 |
| . | | | | 1.04 (c) (xviii) SAS 2003-17A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847876 |
| 7 | 0015138688 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/30/2003, in the amount of $24,300. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $24,300.00 | 2847905 |

Cowen_Wells 1033_11 Final Version

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final Hud-1 contained in the loan file is missing the fee breakdown attachment.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2847905 | |
| . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2847905 | |
| . | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal only contained pages 1 and 2.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2847905 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 3:48:23 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan # | | Deal | | | | | | | Findings | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 0015216955 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/05/2003, in the amount of $59,000. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' signed note and mortgage/deed of trust. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $59,000.00 | 2847908 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847908 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847908 | |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847908 | |
| 9 | 0015949837 | 1st | SASC 2003-34A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/12/2003, in the amount of $308,000 as a cash out refinance of an owner occupied detached single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Loan Application, Note, Appraisal, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $308,000.00 | 2847895 | |
| . | | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847895 | |

| 10 | 0016868358 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/05/2004, in the amount of $164,900, as a cash out refinance of an owner occupied condominium. The loan was approved with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title, final HUD-1, Homeowners insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $164,900.00 | 2847516 |
| . | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847516 |
| . | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847516 |
| . | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847516 |

Cowen_Wells 1033_11 Final Version

DRAFT 2-20-2014

| # | Loan Number | Lien | Deal | | Finding Category | Finding | Finding | | | Description | Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 0017002908 | | SASC 2003-S2 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/07/2003, in the amount of $50,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $50,000.00 | 2847955 |
| . | | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847955 |
| . | | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847955 |
| . | | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847955 |
| 12 | 0017414053 | 1st | SARM 2004-5 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/15/2004, in the amount of $240,000, as a purchase of an owner-occupied single-family residence, per the HUD-1, Mortgage, and post-closing Broker Price Opinion (BPO). The loan was approved with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), per the HUD-1. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the HUD-1, Note, Mortgage, Title Policy, and post-closing documentation. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $240,000.00 | 2847683 |
| . | | | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-5_Origination Practices  1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847683 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 3:48:23 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

# Digital Risk - Loan Review Findings

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii) SARM 2004-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847683 |
| 13 | 0017736125 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/25/2004, in the amount of $999,500, as a cash out refinance of a second home. The loan was approved with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Homeowners insurance, and the Mortgage. There was no other critical documentation provided for the loan file that was represented on the data Tape by the Seller. | Unknown | $999,500.00 | 2847472 |
| | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847472 |
| | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847472 |
| | | | | 1.04 (c) (xviii) SARM 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847472 |

| 14 | 0017922501 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/08/2004, in the amount of $53,600, as a purchase of a non-owner occupied property, per the Title Policy, and the Mortgage. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the Note, Mortgage, Title Policy, Evidence of Insurance, and post-closing documents. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $53,600.00 | 2847499 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847499 | |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847499 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847499 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 3:48:23 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Wells 1033_11 Final Version

| # | Loan Number | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | 0018263624 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/27/2004, in the amount of $143,600, as a purchase of an owner-occupied condominium unit, per the HUD-1and Mortgage. The loan was approved with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), per the HUD-1. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the Note, Mortgage, Title Policy, HUD-1, Condominium Project Insurance, and post-closing documentation. There was no other documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $143,600.00 | 2847635 |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-20_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847635 |
| . | | | | 1.04 (c) (xviii) SARM 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847635 |
| 16 | 0018299164 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/26/2004, in the amount of $346,400, as a purchase of an owner-occupied single-family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 79.954%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.630% Debt to Income Ratio (DTI). There was a manual approval, dated 08/26/2004, in the loan file. | Stated | $346,400.00 | 2847597 |
| . | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-18_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($322,505.10) is ($3,718.84) below the actual finance charge ($326,223.94). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847597 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/30/2014 3:48:23 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wells 1033_11 Final Version

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 0018301762 | 1st | SARM 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/16/2005 in the amount of $178,800. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $178,800.00 | 2847729 |
| . | | | | 1.04 (b) (xii) SARM 2005-15_Compliance with Applicable Law - Origination  1.04 (b) (xxiv) SARM 2005-15_Compliance with Applicable Law  1.04 (c) (xvii) SARM 2005-15_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847729 |
| . | | | | 1.04 (b) (xii) SARM 2005-15_Compliance with Applicable Law - Origination  1.04 (b) (xxiv) SARM 2005-15_Compliance with Applicable Law  1.04 (c) (xvii) SARM 2005-15_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847729 |
| . | | | | 1.04 (c) (xviii) SARM 2005-15_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847729 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 3:48:23 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 0018321620 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/05/2004 in the amount of $96,000, as a purchase of an owner-occupied condominium unit, per the Preliminary Title Report and Mortgage. The loan was approved with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), per public records. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the Note, Mortgage, Title Policy, Condominium Project Insurance, and post-closing documentation. There was no other documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $96,000.00 | 2847551 | |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847551 | |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847551 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847551 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate      Run: 1/30/2014 3:48:23 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Wells 1033_11 Final Version

| 19 | 0018326835 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/08/2004 in the amount of $446,250, as a purchase of an owner occupied condominium. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $446,250.00 | 2847636 | |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-20_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847636 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847636 | |
| 20 | 0018374538 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/31/2004, in the amount of $532,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the note, the mortgage, and a copy of the title policy. There were no other critical documentations provided for the file that was represented on the data Tape by the Seller. | Unknown | | $532,000.00 | 2847559 | |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | Failure to Provide Final HUD-1. The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. The subject loan did not comply with applicable law. | | | | 2847559 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/30/2014 3:48:23 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan No | Lien | Program | Finding Category | Finding | Finding Detail | Sev | | Description | Occupancy | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847559 |
| . | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847559 |
| 21 | 0018376426 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/20/2004, in the amount of $156,000, as a purchase of an owner occupied condominium. The loan was approved with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage, Homeowner's Policy, and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $156,000.00 | 2847560 |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847560 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 3:48:23 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan # | Lien | Deal | Representation | Finding | Finding Type | Sub | N1 | N2 | Description | Status | Amount | ID |
|---|--------|------|------|----------------|---------|--------------|-----|----|----|-------------|--------|--------|-----|
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847560 |
| . | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847560 |
| 22 | 0018421909 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 09/30/2004 in the amount of $168,400. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $168,400.00 | 2847639 |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-20_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847639 |
| . | | | | 1.04 (c) (xviii) SARM 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847639 |
| 23 | 0018421925 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 09/13/2004, in the amount of $268,000, as a purchase of an owner-occupied condominium unit. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.920% Debt to Income Ratio (DTI). There was a manual approval, dated 09/03/2004, in the loan file. | Stated | $268,000.00 | 2847640 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SARM 2004-20_No Fraud<br><br>1.04 (c) (vii) SARM 2004-20_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 3 | The Borrower misrepresented her intent to occupy the subject property. Research conducted through the Mortgage Electronic Registration Services (MERS) revealed the Borrower purchased a property in Canoga Park, CA on 05/20/2005. Public records of the Borrower's utilities revealed the Borrower activated utilities at the property in Canoga Park in 08/2005, which was less than 12 months after the subject loan closing date of 09/13/2004. There was no indication the Borrower ever activated utilities at the subject property. Therefore, the Borrower either did not occupy the subject property, or did not occupy the subject property for 12 months as required by the Mortgage document, Uniform Covenant 6.<br><br>Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2847640 |
| 24 | 0018431668 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 09/24/2004, in the amount of $543,200, as a purchase of an owner-occupied single-family residence. The loan was approved as a Full Documentation loan, with an 80%/94.72% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42% Debt to Income Ratio (DTI). There was a manual approval, dated 09/23/2004, in the loan file. | Full | $543,200.00 | 2847603 |
| . | | | | 1.04 (c) (v) SARM 2004-18_No Fraud<br><br>1.04 (c) (vii) SARM 2004-18_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented her debt obligations. Research conducted through the Mortgage Electronic Registration Service (MERS), public records, and an audit credit report revealed the Borrower purchased an undisclosed property located in Inglewood, CA on 05/01/2004, 4 months prior to the subject loan closing on 09/24/2004, and obtained a first mortgage in the amount of $204,000 with a monthly payment of $1,327 and a second mortgage in the amount of $25,500 with a monthly payment of $255. The Borrower also purchased an additional undisclosed property located in Los Angeles, CA on 06/30/2004, 2 months prior to the subject loan closing, and obtained a first mortgage in the amount of $250,400 with a monthly payment of $1,287 and a second mortgage in the amount of $46,950 with a monthly payment of $365.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that a public records search was performed. The non-disclosure of $3,234 in monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt.<br><br>A recalculation based on the Borrower's undisclosed debt and omission of misrepresented rental income yields a Debt to Income Ratio (DTI) of 75.30%, which increased from 42% at origination.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $3,234 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847603 |

Cowen_Wells 1033_11 Final Version

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SARM 2004-18_No Fraud<br><br>1.04 (c) (vii) SARM 2004-18_No Event of Default | Misrepresentation of Income - No Red Flags Present<br><br>1.04 (c) (vii) SARM 2004-18 - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her income. The Borrower falsely stated her rental income as $2,500 per month on the loan application. The Borrower misrepresented her intent to occupy the subject property. The loan file contained a post-closing letter from another individual, dated 06/16/2010, which revealed the individual and the Borrower had a verbal agreement where the Borrower was to obtain financing and then quit claim the property to the other individual. The individual claimed to have made all the payments, and had utilities connected in her name. Public records confirmed the individual had utilities connected in her name as of 09/09/2003, which was prior to the closing date of 09/24/2004, and she also had a cellphone and residential phone line in her name at the subject property. Public records revealed the Borrower sold a property on 08/01/2006, and supplied the current residence at origination as the Borrower's current address at that time, which was 23 months after the subject loan closing date. The Borrower continued to occupy the current residence; therefore, the rental income was misrepresented.<br><br><span style="color:orange">The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.</span><br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br><span style="color:orange">A recalculation of the Debt to Income Ratio (DTI) based on the omission of misrepresented rental income yields a DTI of 75.30%, which increased from 42% at origination.</span><br><br>Despite the Seller's representations, the Borrower falsely stated her rental income of $2,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847603 | |
| . | | | | 1.04 (c) (v) SARM 2004-18_No Fraud<br><br>1.04 (c) (vii) SARM 2004-18_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan file contained a post-closing letter from another individual, dated 06/16/2010, which revealed the individual and the Borrower had a verbal agreement where the Borrower was to obtain financing and then quit claim the property to the other individual. The individual claimed to have made all the payments, and had utilities connected in her name. Public records confirmed the individual had utilities connected in her name as of 09/09/2003, which was prior to the closing date of 09/24/2004, and she also had a cellphone and residential phone line in her name at the subject property. Public records revealed the Borrower sold a property on 08/01/2006, and supplied the current residence at origination as the Borrower's current address at that time, which was 23 months after the subject loan closing date.<br><br><span style="color:orange">Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.</span><br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br><span style="color:orange">There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.</span><br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner-occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847603 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 3:48:23 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | 1.04 (c) (v) SARM 2004-18_No Fraud

1.04 (c) (vii) SARM 2004-18_No Event of Default | Straw Purchaser Transaction | Straw Purchaser Transaction | 4 | 3 | The purchase was an ineligible transaction. The loan file contained a post-closing letter from another individual, dated 06/16/2010, which revealed the individual and the Borrower had a verbal agreement where the Borrower was to obtain financing and then quit claim the property to the other individual. The individual claimed to have made all the payments, and had utilities connected in her name. Public records confirmed the individual had utilities connected in her name as of 09/09/2003, which was prior to the closing date of 09/24/2004, and she also had a cellphone and residential phone line in her name at the subject property.

The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's intentions toward the subject property, so as to confirm the Borrower's intention to occupy the subject property, her personal investment in the subject property, and her intention to make the requisite payments, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

The Borrower had no intention of repaying the subject loan as the loan was obtain on behalf of a third party not party to the transaction.

Despite the Seller's representations, the Borrower provided misleading information on the loan file, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847603 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 3:48:23 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

# Digital Risk - Loan Review Findings
Cowen_Wells 1033_11 Final Version    08-13555-mg    Doc 46080-6    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment

Part 6    Pg 32 of 271

| 25 | 0018492595 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/13/2004 in the amount of $440,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | | $440,000.00 | 2847642 |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-20_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847642 |
| . | | | | 1.04 (c) (xviii) SARM 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847642 |
| 26 | 0018526764 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/13/2004 in the amount of $440,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | | $440,000.00 | 2847614 |
| . | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-18_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847614 |
| . | | | | 1.04 (c) (xviii) SARM 2004-18_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847614 |

| 27 | 0018535369 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/28/2004, in the amount of $472,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | | $472,000.00 | 2847615 |
| . | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-18_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847615 |
| . | | | | 1.04 (c) (xviii) SARM 2004-18_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847615 |
| 28 | 0018626630 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/27/2004, in the amount of $222,500, as a cash out refinance of a non-owner occupied single family attached residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's partially completed loan application, the Note, final HUD-1, Title Policy, Blanket Hazard Insurance Declaration Page and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $222,500.00 | 2847648 |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-20_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847648 |
| . | | | | 1.04 (c) (xviii) SARM 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847648 |

| # | Loan Number | Lien | Pool | Finding Code | Finding Category | Finding | | | Description | Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | 0018640888 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/05/2004, in the amount of $375,400, as a purchase of an owner occupied single family residence located in a planned unit development with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage, final HUD-1, the Title Policy and homeowner's insurance. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $375,400.00 | 2847649 |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-20_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847649 |
| . | | | | 1.04 (c) (xviii) SARM 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847649 |
| 30 | 0018694430 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/19/2004, in the amount of $200,000, as a purchase of an owner occupied single family residence. The loan was approved with a 79.17%/94.02% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, Title Policy, Homeowner's Policy, and final HUD-1. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $200,000.00 | 2847653 |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-20_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847653 |
| . | | | | 1.04 (c) (xviii) SARM 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847653 |

| 31 | 0018767160 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/10/2004, in the amount of $364,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.35% Debt to Income Ratio (DTI). There was a Manual approval dated 11/05/2004, in the loan file. | Stated | $364,000.00 | 2847659 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (v) SARM 2004-20_No Fraud<br><br>1.04 (c) (vii) SARM 2004-20_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Financial Services Worker earning $8,750 per month on the loan application. In addition, the Borrower falsely stated her rental income of $1,350 for her departing residence. The loan file contained post-closing 2005 tax return and 2005 W-2 form which reflected a salary of $38,321 or $3,193 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer and in the same line of work. Research conducted through an Accurint person search revealed the Borrower remained living at the departing residence until 01/2014. Accurint phone searches confirmed the Borrower continued to have a phone listed at the departing residence and never had a phone at the subject property. The subject loan closed on 11/10/2004. The post-closing tax returns for 2005 and 2006 reflected the Borrower continued to use to the departing residence as the address for the tax returns; therefore, the Borrower did not occupy the subject property as a primary residence and continued to occupy the departing residence.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 138.71%.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Financial Services Worker earning $8,750 per month and rental income of $1,350 per month for the departing residence on the loan application, which constitute an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847659 | |
| . | | | 1.04 (c) (v) SARM 2004-20_No Fraud<br><br>1.04 (c) (vii) SARM 2004-20_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research conducted through an Accurint person search revealed the Borrower remained at the departing residence through 01/2014. Accurint phone searches confirm the Borrower continued to have a phone listed at the departing residence and did not have a phone at the subject property. The subject loan closed on 11/10/2004. The loan file contained post-closing tax returns for 2005 and 2006 which reflected the Borrower continued to use to the departing residence as the address for the tax returns; therefore, the Borrower did not occupy the subject property as a primary residence and continued to occupy the departing residence.<br><br>Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847659 | |

| # | Loan No. | Lien | Deal | Code | Finding | Finding | | | Narrative | Doc Type | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 32 | 0018781161 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/18/2004, in the amount of $456,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/84.39% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.48% Debt to Income Ratio (DTI). There was a Manual approval, dated 11/11/2004, in the loan file. | Stated | $456,000.00 | 2847662 |
| . | | | | 1.04 (c) (v) SARM 2004-20_No Fraud  1.04 (c) (vii) SARM 2004-20_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated his income as a Production worker for a tree service company earning $4,700 per month on the loan application. The Co-Borrower falsely stated her income of $3,400 per month as a Production worker for a farm. A review of the Statement of Financial Affairs, contained in the Borrowers' Chapter 7 Bankruptcy Documents, filed 02/29/2008, in the United States Bankruptcy Court Northern District of California, revealed the Borrowers' 2006 income was $47,262, or $3,939 per month and the Co-Borrower's 2006 income was $13,530, or $1,127 per month. It is unlikely the Borrowers' income would have decreased considering the Borrower was employed with the same employer for 11 years and the Co-borrower with the same employer for 6 years.<br><br>The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The U. S. Bureau of Labor Statistics reported the 75th percentile income in the same geographic region for Tree Trimmers and Pruners was $3,328 per month and Farmworkers and Laborers was $1,515 per month. Additionally, the Co-borrower's stated income was more than 2 times the reasonable income of only $1,515 per month. There was no indication in the loan file that the Lender assessed the reasonableness of the Borrowers' stated income which is a red flag the Borrowers' income was misrepresented at origination.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income and the Co-Borrower's more reasonable income yields a DTI of 57.32%, which increased from 39.48% at origination. | | | 2847662 |
| 33 | 0019290527 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/27/2004, in the amount of $300,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 32.73% Debt to Income Ratio (DTI). There was a Manual approval dated 11/03/2004, in the loan file. | Stated | $300,000.00 | 2847632 |
| . | | | | 1.04 (c) (v) SARM 2004-18_No Fraud  1.04 (c) (vii) SARM 2004-18_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Foreman earning $7,500 per month on the loan application. The loan file contained the Borrower's post-closing 2006 W-2 form, which reflected annual income of $70,303, or $5,859 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer and in the same line of work.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The loan file contained a salary search at origination, which reflected that the Borrower's stated income was not reasonable, which is a red flag to further investigate the Borrower's stated income. Further, the Borrower increased their housing payment from $700 per month to $2,443 per month, or a 204.18% increase, which is not indicative of a Borrower earning $7,500 per month.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a Foreman earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847632 |

| # | Loan ID | Lien | Deal | Code | Finding | Finding Detail | | | Description | Status | Amount | Ref |
|---|---------|------|------|------|---------|----------------|---|---|-------------|--------|--------|-----|
| 34 | 0019391010 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/11/2004, in the amount of $278,400, as a purchase of an owner occupied single family residence with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, Final HUD-1, Homeowner's Policy, and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $278,400.00 | 2847672 |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-20_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847672 |
| . | | | | 1.04 (c) (xviii) SARM 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847672 |
| 35 | 0030241202 | 1st | SARM 2005-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/23/2005, in the amount of $146,200, as a cash-out refinance of a non-owner occupied condominium with a 65% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Borrower's signed loan application, final HUD-1, Note, Mortgage, and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $146,200.00 | 2847701 |
| . | | | | 1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law<br><br>1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2005-11_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847701 |
| . | | | | 1.04 (c) (xviii) SARM 2005-11_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847701 |

Cowen_Wells 1033_11 Final Version

| 36 | 0030275630 | 1st | SARM 2005-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/03/2005, in the amount of $650,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 76.03%/93.57% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.62% Debt to Income Ratio (DTI). There was a Manual approval dated 03/03/2005, in the loan file. | Stated | $650,000.00 | 2847702 | |
| . | | | | 1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law<br><br>1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2005-11_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($804,517.11) is below the actual charges ($805,290.18). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847702 | |
| 37 | 0030321491 | 1st | SARM 2005-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/11/2005, in the amount of $436,000, as a purchase of an owner occupied single family residence with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, Title Policy, Homeowner's Policy, and Final HUD-1. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $436,000.00 | 2847705 | |
| . | | | | 1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law<br><br>1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2005-11_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847705 | |
| . | | | | 1.04 (c) (xviii) SARM 2005-11_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847705 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 38 | 0030497226 | | SARM 2005-12 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/23/2005, in the amount of $220,000. There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage/Deed of Trust, Homeowners Insurance Declarations page, the final Title Policy, and Post Closing documents. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $220,000.00 | 2847720 |
| . | | | | 1.04 (b) (xii) SARM 2005-12_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2005-12_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SARM 2005-12_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The loan file contained an estimated HUD-1, which was not signed by any parties or certified by the title company.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847720 |
| . | | | | 1.04 (b) (xii) SARM 2005-12_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2005-12_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SARM 2005-12_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847720 |
| . | | | | 1.04 (c) (xviii) SARM 2005-12_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847720 |
| 39 | 0031049208 | 1st | SARM 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/15/2005, in the amount of $637,500, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41% Debt to Income Ratio (DTI). There was a Manual approval dated 06/10/2005, in the loan file. | Stated | $637,500.00 | 2847747 |

Cowen_Wells 1033_11 Final Version

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) SARM 2005-17_No Fraud<br><br>1.04 (c) (vii) SARM 2005-17_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower represented he had zero debt. A review of the audit credit report revealed the Borrower acquired 2 undisclosed mortgages on the same day as the subject loan closing on 06/15/2005. The mortgages were in the amounts of $575,208 and $107,851 with payments of $4,794 and $763 for total monthly payments of $5,557.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that a public records search was performed. The non-disclosure of a $5,557 monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt.<br><br>A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 154.91%, which increased from 41% at origination.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $5,557 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | 2847747 |
| | | | 1.04 (c) (v) SARM 2005-17_No Fraud<br><br>1.04 (c) (vii) SARM 2005-17_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Packaging Designer and a Newspaper Delivery Manager earning total income of $12,916 per month on the loan application. The loan file contained post-closing tax returns for 2006, which reflected total income of $82,686, or $6,891 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer and in the same line of work.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of the debt to income ratio (DTI) based on the Borrower's verified income and undisclosed debt yields a DTI of 154.91%, which increased from 41% at origination.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a Packaging Designer and a Newspaper Delivery Manager earning total income of $12,916 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | 2847747 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 3:48:23 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 40 | 0031290588 | 1st | SARM 2005-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/27/2005, at the amount of $100,536, as a purchase of an owner occupied single family residence with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, Homeowner's Policy, and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $100,536.00 | 2847765 |
| . | | | | 1.04 (b) (xii) SARM 2005-20_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2005-20_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SARM 2005-20_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847765 |
| . | | | | 1.04 (b) (xii) SARM 2005-20_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2005-20_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SARM 2005-20_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847765 |
| . | | | | 1.04 (c) (xviii) SARM 2005-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847765 |

Cowen_Wells 1033_11 Final Version

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 41 | 0033765314 | 1st | SARM 2007-4 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/01/2007, in the amount of $154,300, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a No Ratio loan (No Income, Verified Asset) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a manual approval, dated 12/26/2006, in the loan file. | NIVA | $154,300.00 | 2847823 |
| . | | | | 1.04 (c) (v) SARM 2007-4_No Fraud<br><br>1.04 (c) (vii) SARM 2007-4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registry System, SiteX.com and an audit credit report revealed the Borrower purchased an undisclosed property located in Buckeye, AZ in 01/2007, the same month as the subject closing on 01/01/2007, and obtained an undisclosed mortgage in the amount of $330,000, with a payment of $1,998 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The origination credit report reflected eight inquiries dated from 09/22/2006 through 11/27/2006. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. The non-disclosure of a $1,998 monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt.<br><br>Despite the Seller's representations, the Borrower's misrepresented his debt obligations by failing to disclose a $1,998 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847823 |
| . | | | | 1.04 (c) (v) SARM 2007-4_No Fraud<br><br>1.04 (c) (vii) SARM 2007-4_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Post-closing documents contained the Borrower's 2006 tax returns, which were filed in 2007, which revealed the Borrower was residing in a property located in Buckeye, AZ. Further, the Borrower's 2007 tax returns reflected the Borrower was residing in a property located in Goodyear, AZ and the subject property was indicated on the Schedule E as a rental property. Research of public records conducted through the Mortgage Electronic Registry System, SiteX.com and an audit credit report revealed the Borrower purchased the undisclosed property located in Buckeye, AZ in 01/2007, the same month as the subject closing on 01/01/2007.<br><br>Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847823 |
| . | | | | | | | | **Grand Total of Repurchase Demand** | | **$13,082,146.00** | |

.
.
.

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/30/2014 3:48:23 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0015243777 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/21/2003 in the amount of $40,000. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did not contain any origination documents pertaining to the transaction. | Unknown | $40,000.00 | 2847909 | |
| | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law 1.04 (b) (xxxii) SAS 2003-S2_Mortgage File 1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully-executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject note was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA). Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2847909 | |
| | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law 1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847909 | |
| | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law 1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847909 | |
| | | | | 1.04 (b) (xxxii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847909 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 1:06:24 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

291

| 2 | 0015273196 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/28/2003, in the amount of $44,084 as a purchase of an owner-occupied single-family residence located in a planned unit development. The loan was endorsed as a stated income, verified assets documentation loan, with 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.13% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. | Stated | $44,084.00 | 2847910 | |
| | . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The HUD-1 in the loan file was missing page 3.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847910 | |
| | . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847910 | |
| | . | | | 1.04 (b) (xx) SAS 2003-S2_No Fraud<br><br>1.04 (c) (xxii) SAS 2003-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Certified Public Accountant (CPA), earning $6,800 per month on the loan application. The loan file contained the Borrower's post-closing 2003 W-2 form, the same year as the subject loan closing date of 04/28/2003, which reflected annual income of $50,048, or $4,171 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a CPA earning $6,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847910 | |
| | . | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing a Certification and Statement of Limiting Conditions, a street map, and exterior building sketch, and photographs as required.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847910 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 1:06:24 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 0015366115 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 03/24/2003, in the amount of $20,000, as a purchase of an owner occupied single family residence. The loan was approved with a 20.20% Total Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $20,000.00 | 2847913 |
| . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847913 |
| . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847913 |
| . | | | 1.04 (b) (xxxii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847913 |
| 4 | 0015650419 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 07/15/2003, in the amount of $142,000, as a second lien purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 42.76% Debt to Income Ratio. There was a manual approval, dated 07/14/2003, in the loan file. | Full | $142,000.00 | 2847927 |
| . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The disclosed finance charge ($209,631.77) is ($186.74) below the actual finance charge ($209,818.51). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847927 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 1:06:24 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Wells 1033_10 Final Version

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 0015866817 | 2nd | SAIL 2003-BC12 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/12/2003 in the amount of $32,900. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file. Alternatively, evidence of the loan's approval was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did not contain any critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $32,900.00 | 2847450 |
| | | | | 1.04 (b) (xiii) SAIL 2003-BC12_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2003-BC12_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2003-BC12_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2003-BC12_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847450 |
| | | | | 1.04 (b) (xiii) SAIL 2003-BC12_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2003-BC12_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2003-BC12_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2003-BC12_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847450 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/30/2014 1:06:24 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan # | Lien | Pool | Finding Codes | Finding | Sub-Finding | A | B | Comments | AUS | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xiii) SAIL 2003-BC12_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAIL 2003-BC12_Mortgage File<br><br>1.04 (c) (xvii) SAIL 2003-BC12_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrowers and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847450 |
| | | | | 1.04 (c) (xviii) SAIL 2003-BC12_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847450 |
| 6 | 0015901663 | 1st | SAIL 2003-BC12 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/24/2003, in the amount of $157,600. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the second lien Note, the Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $157,600.00 | 2847451 |
| | | | | 1.04 (b) (xiii) SAIL 2003-BC12_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2003-BC12_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2003-BC12_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2003-BC12_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847451 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | 1.04 (b) (xiii) SAIL 2003-BC12_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2003-BC12_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2003-BC12_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2003-BC12_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2847451 | |
| | | 1.04 (c) (xviii) SAIL 2003-BC12_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2847451 | |

Cowen_Wells 1033_10 Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 0015915903 | 1st | SASC 2003-34A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/18/2003, in the amount of $369,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $369,000.00 | 2847892 |
| . | | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847892 |
| . | | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847892 |
| . | | | | 1.04 (c) (xviii) SAS 2003-34A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847892 |
| 8 | 0015931249 | 1st | SASC 2003-34A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/01/2003, in the amount of $225,600, as a rate and term refinance of a single family residence located in a planned unit development. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $225,600.00 | 2847893 |
| . | | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847893 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847893 |
| | | | 1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | | | | | | | | |
| | | | 1.04 (c) (xviii) SAS 2003-34A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847893 |
| 9 | 0015950181 | 1st | SASC 2003-34A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/29/2003, in the amount of $552,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $552,000.00 | 2847896 |
| | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847896 |
| | | | 1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | | | | | | | | |
| | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847896 |
| | | | 1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | | | | | | | | |
| | | | 1.04 (c) (xviii) SAS 2003-34A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847896 |

Cowen_Wells 1033_10 Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 0016045148 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/29/2003, in the amount of $49,050, as a 2nd mortgage purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a full documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.85% Debt to Income Ratio (DTI). There was a Manual approval dated 05/21/2003, in the loan file. | Full | $59,050.00 | 2847945 |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law / 1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. The disclosed finance charge ($65,215.13) is ($587.27) below the actual finance charge ($65,802.40). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)). Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrowers. | | | 2847945 |
| . | | | | 1.04 (b) (xx) SAS 2003-S2_No Fraud / 1.04 (c) (xxii) SAS 2003-S2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrowers misrepresented their debt obligations. Research conducted through the Mortgage Electronic Registry System, Sitex.com and an audit credit report revealed the Borrowers had obtained a mortgage on 03/11/2003, 79 days prior to the subject loan closing on 05/29/2003, in the amount of $203,000 with a monthly payment of $1,089, based on a 5% interest rate for 30 years. The mortgage was secured by their departing residence where they had rented for 14 years; however, public records revealed the Borrowers acquired the property through a family transfer on 12/21/2000. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,089 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847945 |
| . | | | | 1.04 (b) (xx) SAS 2003-S2_No Fraud / 1.04 (c) (xxii) SAS 2003-S2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrowers misrepresented their intent to occupy the subject property. The loan application reflected the Borrowers rented their departing residence for 14 years and were purchasing the subject property as their primary residence. However, research conducted through the Mortgage Electronic Registry System and Sitex.com revealed the Borrowers owned their departing residence since 12/21/2000 and a history of their residence at the departed property was reported from 03/1989 through 12/2013. In addition, the loan file contained post-closing documentation including servicing notes, which revealed the property was purchased as an investment. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847945 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 1:06:24 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 11 | 0016048092 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/30/2003 in the amount of $29,600. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the Gain. Loan was retrospectively that the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did not contain any critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $29,600.00 | 2847946 | |
| | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (b) (xxxiii) SAS 2003-S2_Mortgage File<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | | 2847946 | |
| | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847946 | |
| | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847946 | |
| | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847946 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 1:06:24 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 | 0016074866 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/21/2003 in the amount of $56,700. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the Gap tape. However, evidence in the file shows the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did not contain any critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $56,700.00 | 2847948 |
| | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-S2_Mortgage File<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2847948 |
| | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847948 |
| | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847948 |
| | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847948 |

| # | Loan ID | Lien | Pool | Guideline | Finding | Finding Sub | Ex | Ct | Description | Status | Amount | Loan No | |
|---|---------|------|------|-----------|---------|-------------|----|----|-------------|--------|--------|---------|--|
| 13 | 0016093668 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/04/2003, in the amount of $39,600, as a second mortgage. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $39,600.00 | 2847950 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847950 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847950 | |
| . | | | | 1.04 (b) (xxxii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847950 | |
| 14 | 0016122467 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/19/2003, in the amount of $53,200, as a second mortgage. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $53,200.00 | 2847953 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847953 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law  1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847953 | |
| . | | | | 1.04 (b) (xxxii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847953 | |

| # | Loan # | Lien | Deal | Code | Category | Sub-Category | | Description | | Value | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | 0016125494 | 1st | SASC 2003-34A | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 09/10/2003 in the amount of $221,800. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the subject loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $221,800.00 | 2847898 |
| . | | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination

1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law

1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847898 |
| . | | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination

1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law

1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847898 |
| . | | | | 1.04 (b) (xviii) SAS 2003-34A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.

The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847898 |
| 16 | 0016342644 | 1st | SARM 2004-5 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 03/15/2004 in the amount of $469,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the subject loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $469,000.00 | 2847674 |
| . | | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination

1.04 (c) (xvii) SARM 2004-5_Origination Practices

1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847674 |

Cowen_Wells 1033_10 Final Version

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
Part 2   Pg 57 of 56

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-5_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847674 | |
| . | | | 1.04 (c) (xviii) SARM 2004-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847674 | |
| 17 | 0016418014 | 1st | SARM 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/17/2004 in the amount of $223,250. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $223,250.00 | 2847679 | |
| . | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-5_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847679 | |
| | | | 1.04 (c) (xviii) SARM 2004-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847679 | |

| 18 | 0016448565 | 1st | SARM 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/23/2004 in the amount of $475,500. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file. Alternatively the loan's file reflects the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the loan file were for a different Borrower and a different property location than what was represented on the data Tape by the Seller. | Unknown | $175,500.00 | 2847682 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xii) SARM 2004-5_Mortgage File<br><br>1.04 (c) (xvii) SARM 2004-5_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2847682 | |
| | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-5_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847682 | |
| | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-5_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847682 | |
| | | | 1.04 (c) (xviii) SARM 2004-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847682 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 1:06:24 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Wells 1033_10 Final Version

| 19 | 0017439878 | 1st | SARM 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/10/2004, in the amount of $300,000, as a purchase of an owner occupied, single family detached residence. The loan was approved as a Full Documentation loan, with a 80% Loan to Value (LTV) 100% Combined Loan To Value (CLTV), and a 44.37% Debt To Income Ratio (DTI). There was a Manual approval dated 03/12/2004, in the loan file. | Full | $300,000.00 | 2847686 |
| . | | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-5_Origination Practices  1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 contained in the loan file is illegible. The Seller paid fees are not clearly visible.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847686 |
| 20 | 0017466301 | 1st | SARM 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/18/2004, in the amount of $391,200, as a purchase of an owner occupied single family residence with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of origination in the loan file. The loan file only contained a copy of the Borrowers' signed loan application, the Note, the Mortgage, Homeowner's insurance, Title Policy, and partial appraisal. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $391,200.00 | 2847687 |
| . | | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-5_Origination Practices  1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847687 |
| . | | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-5_Origination Practices  1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847687 |
| . | | | | 1.04 (c) (xviii) SARM 2004-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing the location map, property sketch, and photograph addendum for the comparable sales and the subject property from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847687 |

Cowen_Wells 1033_10 Final Version

| # | Loan # | Lien | Deal | Category | Sub-Category | | Finding Detail | Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|
| 21 | 0018027177 | 1st | SARM 2005-12 | Loan Summary | Loan Summary | 0  0 | The subject loan closed on 08/12/2004, in the amount of $290,000. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $290,000.00 | 2847714 |
| . | | | | 1.04 (b) (xii) SARM 2005-12_Compliance with Applicable Law - Origination  1.04 (b) (xxiv) SARM 2005-12_Compliance with Applicable Law  1.04 (c) (xvii) SARM 2005-12_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1  3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847714 |
| . | | | | 1.04 (b) (xii) SARM 2005-12_Compliance with Applicable Law - Origination  1.04 (b) (xxiv) SARM 2005-12_Compliance with Applicable Law  1.04 (c) (xvii) SARM 2005-12_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2  3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847714 |
| . | | | | 1.04 (c) (xviii) SARM 2005-12_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3  3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847714 |
| 22 | 0018084749 | 1st | SARM 2004-18 | Loan Summary | Loan Summary | 0  0 | The subject loan closed on 08/13/2004, in the amount of $184,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained a copy of the subject note, the subject mortgage, the hazard insurance policy, the title policy and the title commitment policy. There were no other critical documentations provided for the file that was represented on the data Tape by the Seller. | Unknown | $184,000.00 | 2847589 |
| . | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-18_Origination Practices  1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1  3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847589 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-18_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847589 |
| | | | | 1.04 (c) (xviii) SARM 2004-18_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847589 |
| 23 | 0018156109 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/06/2004, in the amount of $154,400 as a refinance. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title, Homeowners insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $154,400.00 | 2847526 |
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847526 |
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847526 |
| | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847526 |

| 24 | 0018185967 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/03/2004, in the amount of $171,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively establish whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage/Deed of Trust, Homeowners Insurance Declarations page, final HUD-1, and the final Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $171,000.00 | 2847591 | |
| . | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-18_Origination Practices  1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847591 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-18_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847591 | |
| 25 | 0018245399 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/31/2004, in the amount of $135,540, as a purchase of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Homeowners insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $135,540.00 | 2847593 | |
| . | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-18_Origination Practices  1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847593 | |
| . | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-18_Origination Practices  1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847593 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 1:06:24 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii)_Qualified Appraisal | SARM 2004-18_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847593 |
| 26 | 0018286450 | 1st | SARM 2004-16 | | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 08/30/2004, in the amount of $160,800. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $160,800.00 | 2847540 |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | | Failure to Provide Final HUD-1 | Failure to Obtain Final HUD-1 | 1 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847540 |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847540 |
| . | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847540 |

Cowen_Wells 1033_10 Final Version

| # | Loan Number | Lien | Pool | | Finding Category | Finding | | | Finding Detail | Status | Original Balance | | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 27 | 0018286583 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/09/2004, in the amount of $160,800. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $160,800.00 | | 2847541 |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847541 |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847541 |
| . | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847541 |
| 28 | 0018291088 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/02/2004, in the amount of $412,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained a copy of the subject note, the subject mortgage, and a copy of the title policy. There were no other critical documentations provided for the file that was represented on the data Tape by the Seller. | Unknown | $412,000.00 | | 2847542 |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847542 |

**Digital Risk - Loan Review Findings**

Cowen_Wells 1033_10 Final Version     08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18    Attachment Part 7 Pg 2

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2847542 | |
| | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2847542 | |
| 29 | 0018394395 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/13/2004, in the amount of $424,000, as a purchase of an owner-occupied single-family residence. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the Note, Mortgage, and Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $424,000.00 | 2847562 | |
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2847562 | |
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2847562 | |
| | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2847562 | |

Cowen_Wells 1033_10 Final Version

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - Part 2  Pg 65 of 271

| # | Lien | Deal | Finding Ref | Finding | Finding Detail | | | Description | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 | 0018471722 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/19/2007, in the amount of $476,800, as a purchase of a single family residence located in a planned unit development. The loan was approved with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan only contained a copy of the Note, Mortgage, Title policy, and a partial HUD-1. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $476,800.00 | 2847606 |
| . | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-18_Origination Practices  1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 in the loan file is not fully completed.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847606 |
| . | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-18_Origination Practices  1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847606 |
| . | | | 1.04 (c) (xviii) SARM 2004-18_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847606 |
| 31 | 0018501759 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/07/2004, in the amount of $328,000, as a purchase of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, final HUD-1 and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $328,000.00 | 2847610 |
| . | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-18_Origination Practices  1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847610 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (xviii) SARM 2004-18_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847610 | |
| 32 | 0018536185 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/08/2004, in the amount of $560,000, as a purchase of an owner occupied Single Family Residence. The loan was approved with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title, final HUD-1, Homeowners insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $560,000.00 | 2847616 | |
| . | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination

1.04 (c) (xvii) SARM 2004-18_Origination Practices

1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847616 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-18_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847616 | |
| 33 | 0018746966 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2004, in the amount of $222,000 as a purchase with a 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage, the final HUD-1 and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $222,000.00 | 2847655 | |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination

1.04 (c) (xvii) SARM 2004-20_Origination Practices

1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847655 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847655 | |

Cowen_Wells 1033_10 Final Version

| 34 | 0018761429 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2004 in the amount of $382,400 as a purchase of an owner occupied single family residence. The loan was approved with an 80%/90% (LTV/Combined Loan to Value &/V/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage, final HUD-1, Homeowner's policy, and Title policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | | $382,400.00 | 2847657 |
| | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-20_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847657 |
| | | | | 1.04 (c) (xviii) SARM 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847657 |
| 35 | 0030353965 | 1st | SARM 2005-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/24/2005 in the amount of $296,400. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | | $296,400.00 | 2847707 |
| | | | | 1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law<br><br>1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2005-11_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847707 |
| | | | | 1.04 (c) (xviii) SARM 2005-11_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847707 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/30/2014 1:06:24 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk - Loan Review Findings
**08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment part 7 Pg 317 of**

Cowen_Wells 1033_10 Final Version

| 36 | 0123268120 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/28/2006, in the amount of $91,200, as a purchase of an owner-occupied single-family residence. The loan was approved as a Full Documentation loan with a 91.0204% Combined Loan to Value (LTV/CLTV), and a 29.024% Debt to Income Ratio (DTI). There was a manual approval, dated 12/05/2006, in the loan file. | Full | $91,200.00 | 2848166 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud  1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her rental income of $1,000 per month on the loan application. Research of public records of the Borrower's motor vehicle registrations revealed the Borrower continued to register her vehicles at the departure residence. The vehicles were registered on 01/18/2007, which was less than two months after the subject loan closing date of 11/28/2006. Additionally, public records revealed other individuals obtained driver's licenses on 05/29/2007 and 06/12/2007, which was within seven months after the subject loan closing date, and supplied the subject property as their current address at the time of licensing. Furthermore, the same individuals registered vehicles using the subject property address on 05/29/2007, 09/17/2007, 10/15/2007, and 10/17/2007, which was within twelve months of the subject loan closing date. The Borrower continued to occupy the subject property; therefore, did not earn rental income from this source.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated her rental income of $1,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848166 |
| . | | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud  1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research of public records of the Borrower's motor vehicle registrations revealed the Borrower continued to register vehicles at the departure residence after closing, with a registration on 01/18/2007, which was less than two months after the subject loan closing date of 11/28/2006. Additionally, public records revealed other individuals obtained driver's licenses on 05/29/2007 and 06/12/2007, which was within seven months after the subject loan closing date, and supplied the subject property as their current address at the time of licensing. Furthermore, the same individuals registered vehicles using the subject property address on 05/29/2007, 09/17/2007, 10/15/2007, and 10/17/2007, which was within twelve months of the subject loan closing date.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848166 |
| 37 | 0400706685 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/27/2004, in the amount of $208,000, as a rate and term refinance of an owner occupied condominium. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $208,000.00 | 2847582 |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination  1.04 (c) (vii) SARM 2004-16_Origination Practices  1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847582 |

Cowen_Wells 1033_10 Final Version

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth In Lending (TIL) Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and signed. However, the Borrower did not receive the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | 2847582 |
| | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2847582 |
| | | | | | | **Grand Total of Repurchase Demand** | | **$8,259,424.00** | |

.
.
.

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 1:06:24 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Wells 1033_9 Final Version

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Narrative | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0015566128 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/04/2003, in the amount of $69,800. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the Note, Mortgage, Title Policy and post-closing documents. There was no other critical documentation provided for the loan file that was represented on the data Tape by the Seller. | Unknown | $69,800.00 | 2847921 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847921 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847921 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847921 | |
| . | | | | 1.04 (b) (xx) SAS 2003-S2_No Fraud<br><br>1.04 (c) (xxii) SAS 2003-S2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower filed Chapter 7 Bankruptcy documents with the Eastern District of North Carolina on 07/07/2005. The Voluntary Petition reflected the Borrower residing in address in Henderson, NC at the time of the filing. The subject property was located in Raleigh, NC. Review of the Statement of Financial Affairs revealed the Borrower declared under penalty of perjury having no other addresses in the previous three years, or from 07/08/2002 through 07/07/2005. The Note date was 04/04/2003; therefore, the Borrower did not occupy the subject property. In further support of occupancy, the loan file contained servicing notes, which indicated a letter was sent to the Borrower on 02/10/2004, and was returned on 02/24/2004, which was less than 12 months after the subject loan closing, and indicated the Borrower had moved. Furthermore, the loan file contained a post-closing Financial Affidavit, dated 03/22/2004, which was less than 12 months after the subject loan closing, revealing the Borrower was residing in Henderson, NC.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner-occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847921 | |

| # | Loan # | Lien | Deal | | Category | Finding | Finding Detail | | | Description | | Amount | ID |
|---|--------|------|------|---|----------|---------|----------------|---|---|-------------|---|--------|-----|
| | | | | | 1.04 (b) (xxxiii) SAS 2003-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847921 |
| 2 | 0015573322 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/17/2003, in the amount of $45,700. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the Note, Mortgage and Title Policy. There was no other critical documentation provided for the loan file that was represented on the data Tape by the Seller. | Unknown | $45,700.00 | 2847922 |
| . | | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847922 |
| . | | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847922 |
| . | | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847922 |
| . | | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847922 |

# Digital Risk - Loan Review Findings

| # | Loan # | | | | | | | | | | | | |
|---|--------|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 0015630502 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/25/2003, in the amount of $30,790. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Title Policy, the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $30,790.00 | 2847926 |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847926 |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847926 |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847926 |
| 4 | 0015672199 | 1st | SASC 2003-34A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/08/2003, in the amount of $650,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $650,000.00 | 2847885 |
| . | | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847885 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate     Run: 1/30/2014 12:58:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847885 | |
| . | | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847885 | |
| . | | | | 1.04 (c) (xviii) SAS 2003-34A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847885 | |
| 5 | 0015748304 | 1st | SASC 2003-34A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/11/2003, in the amount of $500,000, as a refinance of an owner occupied condominium. The loan was approved with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, Title Policy, and final HUD-1. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $500,000.00 | 2847886 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/30/2014 12:58:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847886 | |
| . | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | Failure to Provide the Right of Rescission. The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847886 | |
| . | | | 1.04 (c) (xviii) SAS 2003-34A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847886 | |
| 6 | 0015809494 | 1st | SASC 2003-34A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/23/2003, in the amount of $208,000, as a purchase of an owner occupied single family residence. The loan was approved with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $208,000.00 | 2847887 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate      Run: 1/30/2014 12:58:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells 1033_9 Final Version

| | | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847887 | |
| . | | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847887 | |
| 7 | 0015811243 | 1st | SASC 2003-34A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/10/2003, in the amount of $479,500, as a purchase of an owner occupied condominium. The loan was approved with a 79.9% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $479,500.00 | 2847889 | |
| . | | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847889 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2847889 |
| · | | | | 1.04 (c) (xviii) SAS 2003-34A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2847889 |

Copyright 2014, Digital Risk, LLC.     Internal & Confidential - Do Not Duplicate     Run: 1/30/2014 12:58:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| 8 | 0015866544 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/13/2003, in the amount of $28,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.46% Debt to Income Ratio (DTI). There was a Manual approval dated 05/30/2003, in the loan file. | Stated | $28,000.00 | 2847939 |
| . | | | 1.04 (b) (xx) SAS 2003-S2_No Fraud<br><br>1.04 (c) (xxii) SAS 2003-S2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of the public records for the Borrower's Driver license records, voter registration, and vehicle registration records revealed the Borrower had never registered the subject property as a residence of record. The vehicle registration search reflected the Borrower had registered a vehicle on 10/24/2003 at the departing residence, which is four months after the subject loan closing date of 06/13/2003. In addition, the Accurint person search reflected the Borrower had an occupancy history at the departing residence from 11/1997 to 08/2011.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847939 |
| 9 | 0016032724 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/16/2003, in the amount of $57,250, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved with a 15%/94.98% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, and Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $57,250.00 | 2847944 |
| . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847944 |
| . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847944 |
| . | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847944 |

Cowen_Wells 1033_9 Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 0016764417 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/23/2004, as a purchase of an owner occupied attached single family residence located in a planned unit development. The loan was approved with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained a copy of the Note, Mortgage, Title Policy, and Flood Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $150,800.00 | 2847467 | |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-10_Origination Practices  1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847467 | |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-10_Origination Practices  1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847467 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847467 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 12:58:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells 1033_9 Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 0017034877 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/23/2003, in the amount of $12,500, as a cash-out refinance of an owner occupied condominium. The loan was approved as a Stated Income/Verified Assets loan (SIVA), with a 10%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 13.916% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $12,500.00 | 2847957 |
| . | | | | 1.04 (b) (xx) SAS 2003-S2_No Fraud<br><br>1.04 (c) (xxii) SAS 2003-S2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as an Owner of a floral shop earning $5,614 per month on the loan application. According to a Statement of Financial Affairs filed by the Borrower with the District of Colorado Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 03/16/2005, the Borrower's business income was reported as negative $12,860.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a floral shop earning $5,614 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847957 |
| 12 | 0017578261 | 1st | SARM 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/25/2004, in the amount of $496,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan (SIVA), with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33.06% Debt to Income Ratio (DTI). There was a Manual approval dated 03/18/2004, in the loan file. | Stated | $496,000.00 | 2847694 |
| . | | | | 1.04 (c) (v) SARM 2004-5_No Fraud<br><br>1.04 (c) (vii) SARM 2004-5_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a restaurant, earning $12,000 per month on the loan application. The loan file contained tax returns and a W-2 form for 2006. The 2006 tax return reflected a negative $4,707 or negative $392 per month in business income. The 2006 W-2 form reflected a yearly income of $46,000 or $3,833 per month. Therefore, the Borrower's verified monthly income was $3,441. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a restaurant earning $12,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847694 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/30/2014 12:58:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells 1033_9 Final Version

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 13 | 0018054270 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/24/2004 in the amount of $628,800, as a purchase of an owner occupied single family residence. The loan was approved with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage, Homeowner's insurance, and Title Policy. There was no other critical documentation provided for the file that was presented on the data tape by the Seller. | Unknown | $628,800.00 | 2847524 |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-16_Origination Practices  1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847524 |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-16_Origination Practices  1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847524 |
| . | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847524 |

| | | | | | | | | Findings | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 0018260653 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/24/2004, in the amount of $552,000, as a purchase of an owner occupied single family residence. The loan was approved with an 80%/94.20% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, Homeowner's insurance policy, Title Policy, and final HUD-1. There was no other critical documentation provided for the file that was presented on the data tape by the Seller. | Unknown | $552,000.00 | 2847537 |
| . | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination 1.04 (c) (xvii) SARM 2004-16_Origination Practices 1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847537 |
| . | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847537 |
| 15 | 0018277756 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/17/2004, in the amount of $580,000, as a purchase of an owner occupied single family residence. The loan was approved with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, Title Policy, Homeowner's insurance policy, and final HUD-1. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $580,000.00 | 2847594 |
| . | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination 1.04 (c) (xvii) SARM 2004-18_Origination Practices 1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847594 |
| . | | | 1.04 (c) (xviii) SARM 2004-18_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847594 |

Cowen_Wells 1033_9 Final Version

| 16 | 0018367474 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/14/2004 in the amount of $448,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage/Deed of Trust, Homeowners Insurance Declarations page, the final Title Policy, and Post Closing documents. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $448,000.00 | 2847557 | |
| . | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847557 | |
| . | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847557 | |
| . | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847557 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/30/2014 12:58:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells 1033_9 Final Version

| 17 | 0018384420 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/08/2004 in the amount of $362,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage/Deed of Trust, Homeowners Insurance Declarations page, the final Title Policy, and Post Closing documents. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $362,000.00 | 2847561 | |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-16_Origination Practices  1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847561 | |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-16_Origination Practices  1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847561 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847561 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 12:58:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells 1033_9 Final Version

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 0019077155 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/05/2004, in the amount of $386,750. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Homeowner's Insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $386,750.00 | 2847624 | |
| . | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-18_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847624 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-18_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847624 | |
| 19 | 0040717662 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/10/2007, in the amount of $850,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA), with a 68% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 29.40% Debt to Income Ratio (DTI). There was a Manual approval dated 07/31/2007, in the loan file. | Stated | $850,000.00 | 2847318 | |
| . | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The Audit Credit Report reflected an undisclosed Home Equity Line of Credit (HELOC) in the amount of $273,750 obtained on 07/16/2007, which was 6 days after the subject loan closing on 07/10/2007. The Borrower's undisclosed loan had a payment of $2,737, which was based on 1% of the high credit.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/ or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $2,737 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847318 | |

| 20 | 0123248312 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/17/2006 as a cash out refinance of an owner occupied attached single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.569% Debt to Income Ratio (DTI). There was a Manual approval dated 11/30/2006, in the loan file. | Stated | $123,250.00 | 2848144 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as an Education Assistant for 3 years, earning $3,500 per month. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $3,500 per month for an Education Assistant is unreasonable and is indicative of potential misrepresentation. Research conducted through Salary.com reported a Teacher's Aide in the same geographic area earning in the 75th percentile earned an average of $2,282 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848144 |
| . | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as an Education Assistant for 3 years, earning $3,500 per month on the loan application. An audit verification of employment and income was obtained through the Borrower's employer, which revealed the Borrower earned $1,014 per month in 2006 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Education Assistant for 3 years, earning $3,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848144 |
| . | | | | | | | | | | | | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 21 | 0123249211 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/13/2006, in the amount of $389,560, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 46.508% Debt to Income Ratio (DTI). There was a Manual approval dated 10/31/2006, in the loan file. | Stated | | $389,560.00 | 2848146 |
| . | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud 1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased an undisclosed property located in Oakland, CA on 11/02/2006, 20 days after the subject loan closing on 10/13/2006, and obtained a first mortgage in the amount of $360,000 with a monthly payment of $2,179 and a second mortgage in the amount of $90,000 with a monthly payment of $857.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented his debt obligations by failing to disclose $3,036 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848146 |
| . | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud 1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The subject transaction was approved as an owner occupied residence; however, research conducted through public records revealed the Borrower conducted a non-arm's length gift deed transfer on 11/03/2006, which was 21 days after the subject loan closing on 10/13/2006. In addition, the review revealed the property was deeded to the same person who provided the Borrower's departing address rental history and the records reported that person and his spouse resided in the subject property from 10/2006 through 03/2008. Further, the records revealed the Borrower purchased an additional property located in Sacramento, CA on 11/22/2006 and resided at the property from 11/2006 through 12/2009. It is also important to note, the records also reported residency continued at the Borrower's departing address through 05/2011.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust | | | | 2848146 |
| 22 | 0123259152 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/02/2006, in the amount of $325,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation(12 months' bank statement) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 35.477% Debt to Income Ratio (DTI). There was a Manual approval dated 11/08/2006, in the loan file. | Full | | $325,000.00 | 2848156 |
| . | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud 1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Boat Repair Supervisor earning $7,921 per month on the loan application. The loan file contained post-closing documentation including the Borrower's 2006 1099 form, which reflected total earnings of $29,570, or $2,464 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a Boat Repair Supervisor earning $7,921 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848156 |

Cowen_Wells 1033_9 Final Version

| 23 | 0123269631 | 2nd | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/15/2006, in the amount of $71,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan did not contain any other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $71,000.00 | 2848168 | |
| | | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848168 | |
| 24 | 0123284747 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/27/2006, in the amount of $520,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 38.178% Debt to Income Ratio. There was a manual approval, dated 11/16/2006, in the loan file. | Full | $520,000.00 | 2848184 | |
| | | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower purchased an undisclosed property located in Pasadena, CA on 11/08/2006, 12 days after the subject closing date on 10/27/2006, and obtained a mortgage in the amount of $508,000 with a monthly payment of $3,001 and a mortgage in the amount of $127,000 with a monthly payment of $1,090.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $4,091 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848184 | |

| 25 | 0123801342 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/22/2006, in the amount of $280,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 48.70% Loan to Value/Combined Loan to Value, and a 42.94% Debt to Income Ratio. There was a manual approval, dated 12/22/2006, in the loan file. | Stated | $280,000.00 | 2848201 | |
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. The audit credit report indicated the Borrowers acquired an undisclosed automobile installment debt in 12/2006, the same month as the subject loan closing, in the amount of $30,326 with a payment of $560 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $560 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and also significantly impacted the determination of the Borrowers' reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848201 | |
| . | | | | 1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as an Owner of a Landscaping company earning $4,350 per month on the loan application. The Co-Borrower listed income of $2,200 per month as an Owner of a landscaping company. Post-closing documentation contained the Borrowers' 2007 personal tax returns, which reflected the adjusted gross income as $29,765 or $2,480 per month. It is unlikely the Borrowers' income would have decreased considering the Borrowers were self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>Despite the Seller's representations, the Borrowers falsely stated income as Owners of a Landscaping company earning $4,350 and $2,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848201 | |
| 26 | 0124684846 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/08/2007, in the amount of $516,000, as a Purchase of an Investment property located in a planned unit development. The loan was approved as a Full Documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 8.48% Debt to Income Ratio (DTI). There was a Manual approval dated 05/08/2007, in the loan file. | Full | $516,000.00 | 2847262 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/30/2014 12:58:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

# Digital Risk - Loan Review Findings

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Satisfaction of Derogatory Debts | Failure to Pay Open Collections | 2 | 3 | The subject loan was underwritten with proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Per the Lender's loan approval a debt in the amount of $1,179 to State Farm was required to be paid through closing. There is no proof in the loan file this debt was paid at or prior to closing.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the satisfaction of pre-existing debts was verified prior to closing or that the loan proceeds were used to pay off the debts; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed. | | | 2847262 | |
| 27 | 0124891110 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/11/2007, in the amount of $450,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income, Verified Asset Documentation loan, with an 84.906% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.574% Debt to Income Ratio (DTI). There was a Manual approval, dated 07/11/2007, in the loan file. | Stated | $450,000.00 | 2847275 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a self-employed President of a trucking company earning $9,500 per month on the loan application. The post-closing tax return, obtained through the modification process for 2007 the year of the subject loan closing, reflected $19,900 of income, or $1,658 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed President of a trucking company earning $9,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847275 | |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | **$9,210,700.00** | |

.
.
.

Cowen_Wells 1033_8_Final Version

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 90 of 271

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0015333842 | 1st | SASC 2003-26A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/25/2003 in the amount of $337,500 as a cash out refinance of an owner occupied residence. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Final HUD-1 and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $337,500.00 | 2847877 | |
| | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847877 | |
| , | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847877 | |
| , | | | | 1.04 (c) (xviii) SAS 2003-26A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847877 | |

Cowen_Wells 1033_8_Final Version

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 91 of 271

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 0015378268 | 1st | SASC 2003-26A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/17/2003, in the amount of $155,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $155,000.00 | 2847878 | |
| . | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847878 | |
| . | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847878 | |
| . | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847878 | |
| . | | | | 1.04 (c) (xviii) SAS 2003-26A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847878 | |

Cowen_Wells 1033_8_Final Version

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 92 of 271

| # | Loan Number | Lien | Deal | Section | Finding Type | Finding | Count | Severity | Comment | Status | Amount | Loan ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 0015413131 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/02/2003, in the amount of $25,200. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $25,200.00 | 2847917 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847917 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847917 | |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847917 | |
| 4 | 0015429160 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/13/2003 in the amount of $108,400. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All the documents in the loan file were Post Closing documents. The loan file did not contain any Origination documents. | Unknown | $108,400.00 | 2847918 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (b) (xxxiii) SAS 2003-S2_Mortgage File<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2847918 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847918 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847918 | |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847918 | |
| 5 | 0015519390 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/28/2003, in the amount of $24,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $24,000.00 | 2847919 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847919 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847919 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/29/2014 11:41:40 AM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

**341**

Cowen_Wells 1033_8_Final Version

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 94 of 271

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847919 | |
| 6 | 0015522030 | 1st | SASC 2003-26A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/09/2003, in the amount of $408,000. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $408,000.00 | 2847880 | |
| . | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847880 | |
| . | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847880 | |
| . | | | | 1.04 (c) (xviii) SAS 2003-26A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847880 | |

| | | | | | | | | | Findings | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 0015550635 | 1st | SASC 2003-26A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/03/2003, in the amount of $649,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $649,000.00 | 2847881 | |
| . | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847881 | |
| . | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847881 | |
| . | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847881 | |
| . | | | | 1.04 (c) (xviii) SAS 2003-26A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847881 | |

Cowen_Wells 1033_8_Final Version

| 8 | 0015551278 | 1st | SASC 2003-26A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/05/2003, in the amount of $101,600. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $101,600.00 | 2847882 | |
| . | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847882 | |
| . | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847882 | |
| . | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847882 | |
| . | | | | 1.04 (c) (xviii) SAS 2003-26A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847882 | |

Cowen_Wells 1033_8_Final Version

| 9 | 0015555071 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/06/2003 in the amount of $22,603. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the Note, Mortgage and Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $22,603.00 | 2847920 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847920 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847920 | |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847920 | |
| 10 | 0015606205 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/11/2003, in the amount of $25,000, as a second mortgage cash-out refinance of an owner occupied low-rise condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20.83%/100% Loan to Value/Combined Loan to Value, and a 38.692% Debt to Income Ratio. There was a manual approval, dated 06/12/2003, in the loan file. | Stated | $25,000.00 | 2847924 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/29/2014 11:41:40 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells 1033_8_Final Version

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 98 of 271

| . | | | 1.04 (b) (xx) SAS 2003-S2_No Fraud<br><br>1.04 (c) (xxii) SAS 2003-S2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as Support Staff earning $2,900 per month on the loan application. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the District of Colorado on 08/04/2006. The petition included a Statement of Financial Affairs, which revealed the Borrower's income in 2004, the year after the subject closing date of 06/11/2003, was $22,723 or $1,894 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as Support Staff earning $2,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847924 | |
| 11 | 0015609092 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/21/2003, in the amount of $35,800. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | | $35,800.00 | 2847925 | |
| . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847925 | |
| . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847925 | |
| . | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847925 | |

Cowen_Wells 1033_8_Final Version

# Digital Risk - Loan Review Findings
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 99 of 271

| 12 | 0015725930 | 1st | SASC 2003-26A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/30/2003, in the amount of $634,000. Transaction type, property, type, occupancy, document type, Loan to Value/Combined Loan to Value (LTV/CLTV), and Debt to Income Ratio (DTI) could not be determined due to missing documentation. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contains the Borrower's signed Note, Mortgage/Deed of Trust, Notice of Right to Cancel, Final Truth In Lending (TIL), and final Title Policy. | Unknown | $634,000.00 | 2847883 | |
| | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final Hud-1 contained in the loan file is missing page 2.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847883 | |
| | | | | 1.04 (c) (xviii) SAS 2003-26A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847883 | |
| 13 | 0015801996 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/26/2003, in the amount of $47,645, as a second mortgage cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 38.26%/94.99% Loan to Value/Combined Loan to Value, and a 47.78% Debt to Income Ratio. There was a manual approval, dated 07/26/2003, in the loan file. | Stated | $47,645.00 | 2847934 | |
| | | | | 1.04 (b) (xx) SAS 2003-S2_No Fraud<br><br>1.04 (c) (xxii) SAS 2003-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as Cash Management earning $5,500 per month on the loan application. Post-closing documents contained a pay stub, dated 09/10/2004, from the Borrower which reflected her annual salary as $29,430 or $2,453 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as Cash Management earning $5,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847934 | |
| 14 | 0015872294 | 1st | SASC 2003-34A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/08/2003, in the amount of $649,900, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 73.02% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.863% Debt to Income Ratio (DTI). There was a Manual approval dated 07/23/2003, in the loan file. | Stated | $649,900.00 | 2847891 | |

Copyright 2014, Digital Risk, LLC.     Internal & Confidential - Do Not Duplicate     Run: 1/29/2014 11:41:40 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells 1033_8_Final Version

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 100 of 271

| . | | | 1.04 (c) (v) SAS 2003-34A_No Fraud<br><br>1.04 (c) (vii) SAS 2003-34A_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application as the Owner of a hotel for 3 years. Research of public records reported the Borrower filed a Chapter 13 Bankruptcy on 04/03/2007 with the Western District of Tennessee. The petition included a Statement of Financial Affairs, which revealed the Borrower began his self-employment with the hotel listed on the loan application in 2004, or the year after the subject loan closing on 08/08/2003 and no prior self-employment was reported.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as the Owner of a hotel for 3 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847891 | |
| . | | | 1.04 (c) (v) SAS 2003-34A_No Fraud<br><br>1.04 (c) (vii) SAS 2003-34A_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a hotel for 3 years, earning $9,000 per month on the loan application. Research of public records reported the Borrower filed a Chapter 13 Bankruptcy on 04/03/2007 with the Western District of Tennessee. The petition included a Statement of Financial Affairs, which revealed the Borrower began his self-employment with the hotel listed on the loan application in 2004, or the year after the subject loan closing on 08/08/2003 and no prior self-employment was reported.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a hotel for 3 years, earning $9,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847891 | |
| 15 | 0016079501 | 1st | SASC 2003-34A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/05/2003, in the amount of $384,000 as a Rate and Term Refinance of an owner occupied single family residence. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Policy, final HUD-1, appraisal and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $384,000.00 | 2847897 | |
| . | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | Failure to Provide the Final TIL. The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847897 | |

Cowen_Wells 1033_8_Final Version

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 101 of 271

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847897 | |
| 16 | 0016092850 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/15/2003, in the amount of $48,600. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the Note, Mortgage and Title Policy. The loan file only contained the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $48,600.00 | 2847949 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847949 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847949 | |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847949 | |
| 17 | 0016446171 | 1st | SARM 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/11/2004, in the amount of $168,720 of an owner occupied Single Family Residence located in a Planned Unit Development. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $168,720.00 | 2847681 | |

Cowen_Wells 1033_8_Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-5_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847681 | |
| . | | | | 1.04 (b) (xi) SARM 2004-5_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-5_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-5_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847681 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847681 | |
| 18 | 0016741126 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/21/2004, in the amount of $500,000. Transaction type, property, type, occupancy, document type, Loan to Value/Combined Loan to Value (LTV/CLTV), and Debt to Income Ratio (DTI) could not be determined due to missing documentation. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Title policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $500,000.00 | 2847464 | |

# Digital Risk - Loan Review Findings
08-13555-mg    Doc 46080-6    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 2    Pg 103 of 271

Cowen_Wells 1033_8_Final Version

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847464 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847464 | |
| 19 | 0016781742 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/24/2004, in the amount of $372,000, as a purchase of an owner occupied Single Family Residence. The loan was approved with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title, HUD-1, HOI and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $372,000.00 | 2847468 | |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847468 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847468 | |

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 104 of 271

Cowen_Wells 1033_8_Final Version

| 20 | 0017642752 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/08/2004, in the amount of $191,200 of a second home. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title, Homeowner's Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $191,200.00 | 2847470 | |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847470 | |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847470 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847470 | |

| 21 | 0017928276 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/09/2004, in the amount of $564,000, as a purchase of an owner occupied single family residence. The loan was approved with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan only contained the Note, Mortgage, Homeowner's insurance and Title Policy. There was no other critical documentation provided for the loan that was represented on the data tape by the Seller. | Unknown | $564,000.00 | 2847500 | |
| | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination

1.04 (c) (xvii) SARM 2004-10_Origination Practices

1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847500 | |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination

1.04 (c) (xvii) SARM 2004-10_Origination Practices

1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847500 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847500 | |
| 22 | 0018307744 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/31/2004, in the amount of $204,800. There was neither an Automated Underwriting System (AUS) nor manual manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the Note, Mortgage, Evidence of Insurance and Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $204,800.00 | 2847544 | |

Cowen_Wells 1033_8_Final Version

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 106 of 271

| | | | | Finding | | | | Description | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2847544 | |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2847544 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2847544 | |
| 23 | 0018320499 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/02/2004 in the amount of $439,600. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $439,600.00 | 2847550 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/29/2014 11:41:40 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells 1033_8_Final Version

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | 2847550 |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | 2847550 |
| . | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | 2847550 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 0018562900 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/28/2004, in the amount of $325,600 as a purchase of an owner occupied single family residence. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $325,600.00 | 2847617 | |
| . | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-18_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847617 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-18_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847617 | |
| 25 | 0018741397 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/29/2004 in the amount of $85,900 as a purchase of an owner occupied single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | | $85,900.00 | 2847654 | |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-20_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847654 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (xviii) SARM 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847654 | |
| 26 | 0123246803 | 2nd | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/31/2006, in the amount of $49,800, as a second mortgage purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.599% Debt to Income Ratio (DTI). There was a Manual approval dated 11/28/2006, in the loan file. | Stated | $49,800.00 | 2848139 | |
| . | | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as a Registered Nurse for 4 years at a medical center. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy on 04/03/2009 with the Eastern District of California. The petition included a Schedule I for current income, which revealed the Borrower was employed with the medical center as a Receptionist for 4 years or back to 04/03/2005, which was 1.6 years prior to the subject loan closing on 10/31/2006. In addition, an audit verbal verification of employment was conducted with the Borrower's employer, which confirmed the Borrower was employed as a Receptionist and indicated the person contacted for verification at origination was not authorized to provide employment information and was not employed as a Supervisor as reflected on the verbal verification of employment.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Registered Nurse for 4 years at a medical center, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848139 | |
| . | | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Registered Nurse for 4 years at a medical center, earning $7,000 per month and $2,600 in gross rental income for her departing residence on the loan application. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy on 04/03/2009 with the Eastern District of California. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $1,816 per month in 2007 and continued to reside at the departing residence through 01/2009. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Registered Nurse for 4 years at a medical center, earning $7,000 per month and $2,600 in gross rental income for her departing residence on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848139 | |

Cowen_Wells 1033_8_Final Version

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. The subject transaction was approved as an owner occupied property and the Borrower's departing residence was to become a rental property. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy on 04/03/2009 with the Eastern District of California. The petition included a Statement of Financial Affairs, which revealed the Borrower continued to reside at the departing residence through 01/2009.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848139 |
| 27 | 0123255960 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/20/2006, in the amount of $221,840, as a cash-out refinance of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.994% Debt to Income Ratio (DTI). There was a Manual approval dated 11/28/2006, in the loan file. | Stated | $221,840.00 | 2848152 |
| . | | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a System Operator earning $11,650 per month on the loan application. The loan file contained post-closing tax return for the same year as subject loan closing of 2006, which revealed the Borrower's income was $82,023, or $6,835 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a System Operator earning $11,650 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848152 |

Cowen_Wells 1033_8_Final Version

| 28 | 0123260150 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/08/2006, in the amount of $495,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 90% Loan to Value/Combined Loan to Value, and a 47.514% Debt to Income Ratio (DTI). There was a manual approval, dated 11/16/2006, in the loan file. | Stated | $495,000.00 | 2848157 | |
| . | | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as the Owner of a home and office cleaning company for 12.8 years. Research of public records reported the Borrower filed a Chapter 13 Bankruptcy with the Central District of California on 01/20/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower was not self-employed within the previous six years prior to the bankruptcy filing. Further, post-closing documents contained the Borrower's 2006 W-2 and the 2006 tax return reflecting other employment as further support the Borrower had not been self-employed during 2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Owner of a home and office cleaning company for 12.8 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848157 | |
| . | | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed self-employment income. The Borrower falsely stated her income as an Owner of a home and office cleaning company earning $9,650 per month on the loan application. Research of public records reported the Borrower filed a Chapter 13 Bankruptcy with the Central District of California on 01/20/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower was not self-employed within the previous six years prior to the bankruptcy filing. Further, post-closing documents contained the Borrower's 2006 W-2 and the 2006 tax return reflecting other employment as further support the Borrower had not been self-employed during 2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a home and office cleaning company earning $9,650 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848157 | |
| 29 | 0123268864 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/18/2006, in the amount of $163,800, as a cash-out refinance of an owner-occupied single-family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) documentation loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33.06% Debt to Income Ratio (DTI). There was a manual approval, dated 10/18/2006, in the loan file. | Stated | $163,800.00 | 2848167 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/29/2014 11:41:40 AM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

**359**

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registration Service (MERS) and an audit credit report revealed the Borrower purchased an undisclosed property located in Phoenix, AZ on 09/25/2006, the month prior to the subject loan closing date of 10/18/2006. The Borrower obtained two mortgages, in the amounts of $152,800 and $38,200, with monthly payments of $1,042 and $284, totaling $1,326.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,326 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848167 | |
| 30 | 0123274839 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2006, in the amount of $207,900, as a purchase of a non-owner occupied condominium. The loan was approved as a Full Documentation loan, with a 90% Loan to Value/ Combined Loan to Value (LTV/CLTV), and a 25.057% Debt to Income Ratio (DTI). There was a Manual approval, dated 11/22/2006, in the loan file. | Full | | $207,900.00 | 2848174 | |
| . | | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower acquired four undisclosed mortgages/ Two of the undisclosed mortgages closed on 07/18/2006, four months prior to the subject loan closing on 11/22/2006, in the amounts of $391,600 and $97,900 with undisclosed monthly mortgage payments of $2,979 and $851. The two other undisclosed mortgages closed on 08/30/2006, three months prior to the subject loan closing on 11/22/2006, in the amounts of $309,177 and $304,000 with undisclosed monthly mortgage payments of $2,426 and $2,483.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $8,739 in monthly debts, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848174 | |

| 31 | 0124757543 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/29/2007, in the amount of $108,500, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets (SIVA) loan, with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.77% Debt to Income Ratio (DTI). There was a Manual approval dated 05/29/2007, in the loan file. | Stated | $108,500.00 | 2847266 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Produce Packer for 7 years, earning $2,800 per month. The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Further, the Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Income of $2,800 per month for a Packer is unreasonable and is indicative of potential misrepresentation. The US Bureau of Labor Statistics reported the average salary at the 75th percentile for a Packer in 2007 and in the same geographic region was $1,803 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847266 | |
| 32 | 0124781246 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/07/2007, in the amount of $598,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation/12 month Bank Statement Loan, with a 69.133% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 21.125% Debt to Income Ratio (DTI). There was a Manual approval dated 06/11/2007, in the loan file. | Full | $598,000.00 | 2847268 | |
| . | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Income | Improper Calculation of Income | 2 | 3 | The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Accurate calculation of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The loan application reflected the Borrower was employed as a Senior Audio Engineer for 20 years, earning $8,500 per month and the Co-Borrower stated income as a Staff Assistant for 20 years, earning $5,500 per month as their sole sources of income. A monthly income of $21,978 for the Borrower and $5,500 for the Co-Borrower was used for qualification. The loan file contained 12 months' bank statements, dated 06/09/2006 through 05/09/2007, provided as income verification, which reflected an average monthly deposit total of $24,478. Of the total average deposits, $21,978 was allotted for the Borrower's income and used for qualification resulting in a monthly total average monthly deposit balance of $2,500; however, $5,500 was used for the Co-Borrower's qualifying income. Further, the bank statements reflected bi-weekly pay roll direct deposits for the Borrower in the average monthly amount of $3,402. The Co-Borrower had a bi-weekly direct payroll deposits with an average amount of $401, which were not addressed at origination.<br><br>Despite the Seller's representations, a review of the loan file reveals the Lender failed to accurately calculate the Borrowers' income. | | | 2847268 | |

**Digital Risk - Loan Review Findings**

Cowen_Wells 1033_8_Final Version    08-13555-mg    Doc 46080-6    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 2    Pg 114 of 271

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Co-Borrower misrepresented her employment on the loan application. The Co-Borrower falsely stated her employment as a Staff Assistant for 20 years, earning $5,500 per month as her sole source of income. The loan file contained post-closing documentation including the Borrowers' hardship letter and financial forms, which revealed the Co-Borrower had also been self-employed in child care since 1996 earning $10,550 per month; however, no self-employment income was disclosed at origination.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller also represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Co-Borrower falsely stated employment as a Staff Assistant for 20 years, earning $5,500 per month as her sole source of income, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2847268 |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Senior Audio Engineer for 20 years, earning $8,500 per month and the Co-Borrower falsely stated income as a Staff Assistant for 20 years, earning $5,500 per month as their sole sources of income. The loan file contained 12 months' bank statements, dated 06/09/2006 through 05/09/2007, provided as income verification, which reflected an average monthly total of $24,478. Of the total average deposits, $21,978 was allotted for the Borrower's income and used for qualification resulting in a monthly total average monthly deposit balance of $2,500; however, $5,500 was used for the Co-Borrower's qualifying income. Further, the bank statements reflected bi-weekly pay roll direct deposits for the Borrower in the average monthly amount of $3,402 and bi-weekly average monthly direct payroll deposits for the Co-Borrower in the amount of $401. Further, the loan file contained post-closing documentation including the Borrowers' hardship letter and financial forms, which reflected the Borrower was still employed in the same employer in the same position earning $3,253 net income and the Co-Borrower was still employed with same employer in the same position earning $178 net income per month. In addition, the documentation reflected the Co-Borrower had also been self employed in child care since 1996 earning $10,550 per month; however, no self employment income was disclosed at origination.<br><br>The Seller further represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Further still, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Senior Audio Engineer for 20 | | 2847268 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/29/2014 11:41:40 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_Wells 1033_8_Final Version

**Digital Risk – Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 115 of 271

| 33 | 0124785239 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/13/2007, in the amount of $428,500, as a cash out refinance of a non-owner occupied single family residence. The loan was approved as a Full Documentation/12 Month Bank Statement loan, with a 73.879% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.638% Debt to Income Ratio (DTI). There was a Manual approval dated 06/19/2007, in the loan file. | Full | $428,500.00 | 2847269 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Cash Out Exceeds Maximum Allowable | Cash Out Amount Exceeds Guideline Maximum | 1 | 3 | The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, per the final HUD-1 dated, 06/13/2007, the Borrowers received $103,358 cash back at closing, which exceeded the maximum allowable cash back of $100,000 for non-owner occupied transactions. | | | 2847269 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 4 | 3 | The Borrowers stated on the loan application that they owned their current residence for 2 years with a monthly payment of $2,073 on the first mortgage and $687 on the second mortgage and had an existing first mortgage on the subject property with a monthly payment of $2,230 and a second mortgage on the subject property with a monthly payment of $157. The origination credit report reflected the first mortgages on each property with a last reporting date of 04/2007 and the second mortgage on each property with a last reported date of 05/2007. The subject loan closed on 06/13/2007; therefore, documentation of the 05/2007 mortgage payments for each mortgage was required, but not provided. In addition, the pay-off statement for the first mortgage on the subject property reflected the interest was collected from 05/01/2007, indicating the 05/2007 mortgage payment was not made.<br><br>The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification of the Borrowers' housing history, so as to confirm the Borrowers' overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, there is no evidence in the loan file of verification of the Borrowers' most current housing payment history on all real estate owned; and as such, there is no evidence in the file that the accuracy of the Borrowers' credit profile was confirmed. | | | 2847269 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 5 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a self-employed Electrical Contractor for 20 years, earning $58,584 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's 2007 tax return, which reflected the Borrower's gross self-employment income was $11,336 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller also represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income and undisclosed debt yields a DTI 68.37%, which exceeds maximum allowable.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Electrical Contractor for 20 years, earning $58,584 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847269 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 6 | 3 | The Borrowers misrepresented their debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrowers owned a property located in Chicago, IL and an undisclosed refinance on 01/19/2007, 5 months prior to the subject loan closing on 06/13/2007, with a mortgage amount of $618,000 and a monthly payment of $3,862.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $3,862 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847269 | |
| 34 | 0124881921 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 7/06/2007, in the amount of $429,250, as cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan with an 85%/85% Loan to Value/Combined Loan to Value, and a 46.34% debt to income ratio. There was a manual approval dated 7/12/2007, in the loan file. | Stated | $429,250.00 | 2847274 | |
| . | | | | 1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as an Owner and Operator of a barbecue supply store earning $10,000 per month on the loan application. According to the Statement of Financial Affairs on the Bankruptcy petition filed 3/28/2008, by the Borrower with the District of New York Bankruptcy Court, the Borrower's income for the year of the subject loan closing of 2007 was $14,000, or $1,166 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner and Operator of a barbecue supply store earning $10,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847274 | |

Cowen_Wells 1033_8_Final Version

**Digital Risk - Loan Review Findings**
08-13555-mg    Doc 46080-6    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 2    Pg 117 of 271

| 35 | 0124949108 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 8/14/2007, in the amount of $272,000, as cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/80% Loan to Value/Combined Loan to Value, and a 48.04% debt to income ratio. There was a manual approval dated 8/20/2007, in the loan file. | Stated | $272,000.00 | 2847277 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. According to research conducted through public records and an audit credit report the Borrower had purchased a property located in Wylie, TX on 7/27/2007, the month prior to the subject loan closing on 08/14/2007, and obtained a mortgage in the amount of $81,000 and a monthly payment of $954.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability.<br><br>Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $954 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and | | | 2847277 | |
| 36 | 0124954165 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 8/23/2007, in the amount of $150,500, as cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 62.70%/62.70% Loan to Value/Combined Loan to Value, and a 38.33% debt to income ratio. There was a manual approval dated 8/29/2007, in the loan file. | Stated | $150,500.00 | 2847278 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Darkroom Advisor/Printing for 4.5 years, earning $4,880 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Income of $4,880 per month for a Darkroom Advisor/Printing is unreasonable and is indicative of potential misrepresentation. Research conducted through the U. S. Bureau of Labor Statistics reported the average salary at the 75th percentile for a Darkroom Advisor/Printing in 2007 and in the same geographic region was $2,510 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. | | | 2847278 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 2 | 3 | Per the final HUD-1 Settlement Statement, the Borrower was not required to bring funds to closing. The Borrower was required to verify two months reserves of principal, interest, taxes and insurance (PITI) totaling $2,702 for the subject property. In total, assets of $2,702 were required to be verified.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's assets, so as to confirm the Borrower's strength of savings patterns, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The loan file contained a verification of deposit, dated 08/07/2007, which reflects a balance of $2,518 and a two month average balance of $631.<br><br>Despite the Seller's representations, there was a $184 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan. | | 2847278 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Darkroom Advisor/Printing earning $4,880 per month on the loan application. The loan file contained an audit verification of employment from the Borrower's original employer which reflects in 2007 he earned $26,160 or $2,180.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Darkroom Advisor/Printing earning $4,880 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2847278 | |
| . | | | | | | | | | **Grand Total of Repurchase Demand** | | **$9,633,158.00** | | |
| . | | | | | | | | | | |
| . | | | | | | | | | | |

**Digital Risk - Loan Review Findings**

Cowen_Wells 1033_7 _Final Version          08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2 Pg 119 of 271

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Reason Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0011964376 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/25/2002, in the amount of $58,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $58,000.00 | 2847903 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847903 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847903 | |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847903 | |

| # | Loan # | Lien | Deal | Finding Codes | Exception | Exception Type | | | Narrative | Doc Type | Amount | Loan ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 0014324776 | 1st | ARC 2002-BC10 | | Loan Summary | Loan Summary | 0 | 0 | The loan closed or originated on 01/28/2002 in the amount of $300,000. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the Note, Mortgage, Title Policy and Evidence of Insurance. | Unknown | $300,000.00 | 2847220 | |
| . | | | | 1.04 (b) (xi) ARC 2002-BC10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847220 | |
| . | | | | 1.04 (b) (xi) ARC 2002-BC10_Compliance with Applicable Law<br><br>1.04 (b) (xiv) (e) (6) ARC 2002-BC10_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xiv) (e) (7) ARC 2002-BC10_Written Disclosure - Deemed MnA_Pool 1 | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847220 | |
| 3 | 0014601769 | 1st | SASC 2003-6A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/08/2003, in the amount of $549,000, as a cash-out refinance of an investment single family residence. The loan was approved as a No Income/ Verified Assets loan, with a 64.98% Loan To Value/Combined Loan To Value. There was a Manual approval dated 01/02/2003, in the loan file. | NIVA | $549,000.00 | 2847901 | |
| . | | | | 1.04 (c) (xi) SAS 2003-6A_Compliance with Applicable Law<br><br>1.04 (c) (xii) SAS 2003-6A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xxviii) SAS 2003-6A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847901 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (xi) SAS 2003-6A_Compliance with Applicable Law<br><br>1.04 (c) (xii) SAS 2003-6A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xxviii) SAS 2003-6A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847901 |
| . | | | | 1.04 (c) (xxix) SAS 2003-6A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847901 |
| 4 | 0014924534 | 1st | SASC 2003-17A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/28/2003, in the amount of $1,275,000, as a cash out refinance of an owner occupied Single Family Residence. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br>The loan file only contained the Borrower's signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $1,275,000.00 | 2847873 |
| . | | | | 1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law<br><br>1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-17A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847873 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law<br><br>1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-17A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847873 | |
| . | | | 1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law<br><br>1.04 (b) (xi) SAS 2003-17A_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2003-17A_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847873 | |
| . | | | 1.04 (c) (xviii) SAS 2003-17A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847873 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate      Run: 1/29/2014 1:01:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 5 | 0014927040 | 1st | SASC 2003-15A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan carried a loan amount of $94,400. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the Note, Mortgage, and Title Policy. | Unknown | $94,400.00 | 2847868 | |
| . | | | | 1.04 (b) (xi) SAS 2003-15A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-15A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-15A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847868 | |
| . | | | | 1.04 (b) (xi) SAS 2003-15A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-15A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-15A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847868 | |
| . | | | | 1.04 (c) (xviii) SAS 2003-15A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847868 | |

Copyright 2014, Digital Risk, LLC.     Internal & Confidential - Do Not Duplicate      Run: 1/29/2014 1:01:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 6 | 0014987994 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | ...loan amount of $19,600, as a cash out refinance of an owner occupied property. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Title Commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $19,600.00 | 2847904 |
| . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (b) (xxxiii) SAS 2003-S2_Mortgage File<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrowers and maintained in the loan file as evidence of compliance. The subject Note was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2847904 |
| . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847904 |
| . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847904 |
| . | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847904 |

| | Loan # | Lien | Deal | Finding Codes | Category | Sub-Category | # | # | Narrative | Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847904 |
| 7 | 0014989404 | 1st | SASC 2003-15A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/05/2003 in the amount of $460,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $460,000.00 | 2847869 |
| . | | | | 1.04 (b) (xi) SAS 2003-15A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-15A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-15A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847869 |
| . | | | | 1.04 (b) (xi) SAS 2003-15A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-15A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-15A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847869 |
| . | | | | 1.04 (c) (xviii) SAS 2003-15A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847869 |

Cowen_Wells 1033_7 _Final Version

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 0015117294 | 1st | SASC 2003-15A | | Loan Summary | Loan Summary | 0 | 0 | The loan passed or property type of a PIF of $500,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' signed loan application, the Note, Mortgage and the Title. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $500,000.00 | 2847870 |
| . | | | | 1.04 (b) (xi) SAS 2003-15A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-15A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-15A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847870 |
| . | | | | 1.04 (b) (xi) SAS 2003-15A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-15A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-15A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847870 |
| . | | | | 1.04 (b) (xi) SAS 2003-15A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-15A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-15A_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847870 |

# Digital Risk - Loan Review Findings

| # | Loan # | Lien | Deal | Finding Code | Finding Type | Finding Type 2 | A | B | Narrative | Doc Type | Amount | ID |
|---|--------|------|------|--------------|--------------|----------------|---|---|-----------|----------|--------|-----|
| . | | | | 1.04 (c) (xviii) SAS 2003-15A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was originated without an origination appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847870 |
| 9 | 0015158256 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/12/2003, in the amount of $29,900, as a second mortgage purchase of an owner occupied attached single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $29,900.00 | 2847906 |
| . | | | | 1.04 (b) (xx) SAS 2003-S2_No Fraud<br><br>1.04 (c) (xxii) SAS 2003-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Waitress for 4 years, earning $4,000 per month. An audit verification of employment and income, which reflected and the Borrower's qualifying audit income for 2002 was not available as required as the subject loan closed on 02/12/2003; however, the verification did reveal the Borrower earned $1,834 per month in 2003. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Waitress earning $4,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847906 |
| 10 | 0015402035 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/28/2003 in the amount of $52,200 as an owner occupied single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed loan application, the appraisal, the Note, the Final HUD-1, Mortgage and Title. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $52,200.00 | 2847915 |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847915 |

| 11 | 0015737042 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/24/2003 in the amount of $75,000, as a second mortgage purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 14.42%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.43% Debt to Income Ratio (DTI). There was a Manual approval dated 06/23/2003, in the loan file. | Stated | | $75,000.00 | 2847930 | |
| . | | | | 1.04 (b) (xx) SAS 2003-S2_No Fraud

1.04 (c) (xxii) SAS 2003-S2_No Event of Default | Misrepresentation of Employment With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as the Vice President of a fabric business for 2 years. A verbal audit verification of employment was obtained through the employer, which revealed the Borrower was not a past or present employee of the company and the Owner of the company did not sign the written verification of employment provided at origination. In addition, research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Eastern District of California, which revealed the Borrower was employed as Lab Technician for 11 years, or back to the year 2000.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as the Vice President of a fabric business for 2 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847930 | |
| . | | | | 1.04 (b) (xx) SAS 2003-S2_No Fraud

1.04 (c) (xxii) SAS 2003-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as the Vice President of a fabric business for 2 years, earning $12,964 per month on the loan application. A verbal audit verification of employment was obtained through the employer, which revealed the Borrower was not a past or present employee of the company and the Owner of the company did not sign the written verification of employment provided at origination. In addition, research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Eastern District of California, which revealed the Borrower was employed as Lab Technician for 11 years, or back to the year 2000.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated her income as the Vice President of a fabric business for 2 years, earning $12,964 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847930 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/29/2014 1:01:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 12 | 0015771975 | 2nd | SASC 2003-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/01/2003, in the amount of $37,980. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only a Note, Mortgage, and Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $37,980.00 | 2847932 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847932 | |
| . | | | | 1.04 (b) (xi) SAS 2003-S2_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847932 | |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847932 | |
| 13 | 0015810252 | 1st | SASC 2003-34A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/21/2003, in the amount of $363,000. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained a Note, Mortgage, and partial Title Insurance Policy. The loan file contained no other origination documentation. | Unknown | $363,000.00 | 2847888 | |

| | Guideline | Finding | Finding | # | # | Description | | | # |
|---|---|---|---|---|---|---|---|---|---|
| . | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847888 |
| . | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847888 |
| . | 1.04 (b) (xi) SAS 2003-34A_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SAS 2003-34A_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-34A_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847888 |
| . | 1.04 (c) (xviii) SAS 2003-34A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847888 |

| # | Loan | | Pool | | Category | Category | | | Description | | Amount | ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 0015934763 | 1st | SASC 2003-34A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/19/2013, in the amount of $221,250, as a purchase of a non-owner occupied three-unit multiple family residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.94% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. | Stated | $221,250.00 | 2847894 | |
| . | | | 1.04 (c) (v) SAS 2003-34A_No Fraud<br><br>1.04 (c) (vii) SAS 2003-34A_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. An audit credit report revealed the Borrower obtained two undisclosed automobile installment loans in 06/2003, which was two months prior to the closing date of 08/19/2013. The undisclosed loans were in the amounts of $26,457 and $28,222, with monthly payments of $440 and $470, which totaled $910 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $910 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847894 | |
| 15 | 0016670937 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/01/2004, in the amount of $153,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 78.47% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 24.30% Debt to Income Ratio (DTI). There was a Manual approval dated 06/01/2004, in the loan file. | Stated | $153,000.00 | 2847454 | |
| . | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($112,021.70) is ($95.80) below the actual finance charge ($112,117.50). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i)(2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847454 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/29/2014 1:01:56 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

379

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SARM 2004-10_No Fraud<br><br>1.04 (c) (vii) SARM 2004-10_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his/her income. The Borrower falsely stated his income as the Owner of a flooring company for 3 years, earning $6,500 per month on the loan application. The loan file contained post-closing income documentation, including the Borrower's 2007 tax return, which revealed the Borrower earned $3,884 per month as the Owner of the same business listed on the loan application. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a flooring company for 3 years, earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847454 | |
| 16 | 0016717316 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/15/2004 in the amount of $160,000. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Stated | $160,000.00 | 2847459 | |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847459 | |

| # | Loan # | Lien | Deal | | Finding | Finding Detail | | | Description | Status | Amount | | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final Truth in Lending (TIL) Statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847459 |
| . | | | | 1.04 (c) (xviii) SARM 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847459 |
| 17 | 0017914342 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/20/2004 in the amount of $487,575. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $487,575.00 | | 2847498 |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847498 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) Statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847498 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847498 | |
| 18 | 0018343434 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/07/2004 in the amount of $372,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $372,000.00 | 2847553 | |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847553 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847553 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847553 | |
| 19 | 0123242711 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 11/09/2006, in the amount of $140,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.515% Debt to Income Ratio (DTI). There was a Manual approval dated 11/14/2006, in the loan file. | Stated | $140,000.00 | 2848135 | |
| . | | | | 1.04 (c) (v) SAS 2007 BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 3 | The Borrower misrepresented her intent to occupy the subject property. The loan application indicated the Borrower was living rent free with her parents at the departing address located in Chicago, Illinois. Research performed through Accurint reported the Borrower occupied at the departing address for an extended period of time from 05/2002 through 08/2013; however, the subject property was purchased on 11/09/2006. Further, research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Northern District of Illinois on 08/07/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower occupied the subject property from 2004 through 2005; however, subject property was purchased in 2006. The report also indicated the Borrower occupied a different address that was also located in Chicago Illinois from 2006 through 2008. Based on the Borrower's bankruptcy filing, the Borrower did not occupy the subject property after closing as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848135 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/29/2014 1:01:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Wells 1033_7_Final Version

| 20 | 0123262693 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/17/2006, in the amount of $208,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan To Value/Combined Loan To Value, and a 44.036% Debt To Income Ratio. There was a manual approval, dated 11/17/2006, in the loan file. | Full | | $208,000.00 | 2848160 | |
| . | | | | 1.04 (c) (v) SAS 2007 BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased an undisclosed property located in Brooklyn Park, MN on 11/03/2006, 12 days prior to the subject closing on 11/15/2006, and obtained a mortgage in the amount of $203,920 with a monthly payment of $1,241 and a mortgage in the amount of $50,638 with a monthly payment of $456.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $3,573 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848160 | |
| . | | | | 1.04 (c) (v) SAS 2007 BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan application reflected the Borrower was purchasing a primary residence. Research conducted through public records revealed the Borrower occupied a property located in Champlin, MN as her primary residence and did not occupy the subject property as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848160 | |
| . | | | | | | | | | | | | | | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/29/2014 1:01:56 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

384

| 21 | 0123265449 | | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan was originated in the amount of $36,600. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained post-closing documents. There was no critical documentation provided for the file that was represented on the date tape by the Seller. | Unknown | $36,600.00 | 2848163 | |
| . | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1 | | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The loan file only contained post-closing documents. There was no critical documentation provided for the file that was represented on the date tape by the Seller. <br><br> The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. <br><br> Despite the Seller's representations, there is evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed. <br><br> Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848163 | |
| 22 | 0123284127 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/15/2006, in the amount of $103,500, as a cash-out refinance of a non-owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with a 60% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 26.427% Debt To Income Ratio (DTI). There was a Manual approval dated 11/27/2006, in the loan file. | Stated | $103,500.00 | 2848182 | |
| . | | 1.04 (c) (v) SAS 2007-BC1_No Fraud <br><br> 1.04 (c) (vii) SAS 2007-BC1_No Event of Default | | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Dispute Specialist earning $7,500 per month on the loan application. An audit re-verification of employment and income was conducted through The Work Number, which revealed the Borrower earned a monthly income of $2,406 during the near year of 2008. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work. <br><br> The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. <br><br> In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. <br><br> Despite the Seller's representations, the Borrower falsely stated income as a Dispute Specialist earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848182 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 23 | 0124252206 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/29/2007 in the amount of $339,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Full Documentation/12 months bank statement loan, with a 100% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 39.109% Debt-to-Income Ratio (DTI). There was a Manual approval dated 03/22/2007, in the loan file. | Full | $339,000.00 | 2848217 |
| . | | | | 1.04 (b) (xxi) SAS 2007-OS1_No Fraud - Red Flags Present - Same Year Income Evidence of Default | Misrepresentation of Income - Red Flags Present - Same Year Income | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Housekeeping Manager for 7.2 years, earning $8,265 per month on the loan application. An audit verification of employment and income was obtained from the employer, which revealed the Borrower was employed as a Housekeeper and not a Housekeeper Manager, earning $1,735 during the year of the subject loan closing in 2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Housekeeping Manager earning $8,265 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848217 |
| . | | | | 1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application. An audit verification of employment and income was obtained from the employer, which revealed that the Borrower was employed as a Housekeeper and not a Housekeeper Manager.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Housekeeping Manager for 7.2 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848217 |
| | | | | | | | | | | | | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/29/2014 1:01:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

386

| 24 | 0124255068 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed in the amount of $456,000, as a cash-out refinance of a non-owner occupied, 2-unit residence. The loan was approved as a Full Documentation loan, with an 80% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 47.521% Debt-to-Income Ratio (DTI). There was a Manual approval dated 03/22/2007, in the loan file. | Full | $456,000.00 | 2848219 |
| . | | | | 1.04 (b) (xxi) SAS 2007-OS1_No Fraud Flags Present - Same Year<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Income - Red Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated his income as a Head Cashier, earning $4,000 per month and the Co-Borrower as a Manager earning $3,400 per month on the loan application. An audit re-verification of employment and income was obtained from the Borrower's and the Co-Borrower's employers, which revealed the Borrower actually earned $3,500 in base monthly income and the Co-Borrower earned $2,485 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a Head Cashier at a super market, earning $4,000 per month and the Co-Borrower as a Manager, earning $3,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848219 |
| 25 | 0124445123 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The loan was delivered in the amount of $378,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did not contain any origination documents and only included post-closing documents. There were no other critical documentations provided for the file and no data tape was provided for the subject loan. | Unknown | $378,000.00 | 2847248 |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The loan file did not include any origination documents and only contained post-closing documents. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed. | | | 2847248 |

| 26 | 0124675885 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/07/04, in the amount of $113,750, as a cash out refinance of an owner occupied condominium. The loan was approved as a Stated Income/Verified Assets loan, with a 65% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 52.68% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $113,750.00 | 2847257 | |
| . | | | | 1.04 (b) (xiii) BNC 2007-4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (J) BNC 2007-4_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiv) BNCMT 2007-4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847257 | |
| . | | | | 1.04 (b) (xiii) BNC 2007-4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (J) BNC 2007-4_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiv) BNCMT 2007-4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847257 | |

**Digital Risk - Loan Review Findings**

Cowen_Wells 1033_7 _Final Version          08-13555-mg    Doc 46080-6    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 2

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 4 | 3 | The subject loan was originated without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's assets, so as to confirm the Borrower's strength of savings patterns, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller further represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Due to the HUD-1 being missing in the loan file, it could not be determined if Borrower's funds were required for closing. In addition, the Borrower was required to verify 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $1,847 for the subject property. In total, assets of $1,847 were required to be verified. The loan file did not contain asset documentation.<br><br>Despite the Seller's representations, there was a $1,847 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2847257 | |
| . | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 6 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her primary income as a Certified Nurse's Assistant earning $3,050 per month and secondary income as a Sandwich Artist, earning $1,200 per month on the loan application. The loan file contained a post-closing tax return and W-2 form obtained through the modification process, for 2007 the year of the subject loan closing, reflecting primary employment income of $1,618 per month and no secondary employment income. The loan file also contained the 2006 tax return and W-2 form reflecting primary employment income of $1,673 per month and no secondary employment income.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Further, the Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Further still, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage<br><br>Despite the Seller's representations, the Borrower falsely stated primary income as a Certified | | 2847257 | |

Cowen_Wells 1033_7 _Final Version

| 27 | 0124677527 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan consisted of a loan amount of $204,521, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with an 85.04% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.95% Debt to Income Ratio (DTI). There was neither an Automated Underwriting Systems nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $204,521.00 | 2847259 | |
| . | | | | 1.04 (b) (xiii) BNC 2007-4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (J) BNC 2007-4_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiv) BNCMT 2007-4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847259 | |
| . | | | | 1.04 (b) (xiii) BNC 2007-4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (J) BNC 2007-4_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiv) BNCMT 2007-4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847259 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xxxv) BNCMT 2007-4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was originated without an appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA. The Seller further represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847259 | |
| 28 | 0124681073 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/27/2007, in the amount of $486,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with an 75% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, map pages of appraisal and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $486,000.00 | | 2847261 | |
| . | | | 1.04 (b) (xiii) BNC 2007-4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (J) BNC 2007-4_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiv) BNCMT 2007-4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847261 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xiii) BNC 2007-4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xliii) (J) BNC 2007-4_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiv) BNCMT 2007-4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2847261 |
| . | | | | 1.04 (b) (xiii) BNC 2007-4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xxxiv) BNCMT 2007-4_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2847261 |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xxxv) BNCMT 2007-4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA. The Seller further represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. The loan file only contained map pages of the appraisal. | | 2847261 |
| . | | | | | | **Grand Total of Repurchase Demand** | | | **$7,673,276.00** | |

.
.

Cowen_USBank_Transfer_Final_Version_4

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000016389827 | 1st | SASC 2004-9XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/13/2004, in the amount of $995,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 64.20% loan to value/combined loan to value, and a 34.66% debt to income ratio. There was a manual approval, dated 02/13/2004, in the loan file. | Stated | $995,000.00 | 2849534 | |
| | | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable federal law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849534 | |
| | | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable federal law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission was missing from the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849534 | |
| | | | | 1.04 (c) (v) SAS 2004-9XS_No Fraud / 1.04 (c) (xvii) SAS 2004-9XS_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented her employment on the loan application. The Borrower stated on the loan application employment as a General Manager of an air conditioning company for 7 years. However, the loan file contained the Borrower's 2002 and 2003 tax returns, along with a profit and loss statement of business, which indicated the Borrower was self-employed. Per public records, obtained through the United States Bankruptcy Court, District of Colorado, as part of a Chapter 7 bankruptcy filed on dated 10/10/2005, the Borrower declared on the Schedule I-Current Income of Individual Debtor, actual position was in fact part-time Secretary. Further, according to the Statement of Financial Affairs, section 15, the Borrower declared under penalty of perjury no ownership interest or partnership in any business for the six years preceding the date of filing. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated employment as a General Manager for 7 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849534 | |
| | | | | 1.04 (c) (v) SAS 2004-9XS_No Fraud / 1.04 (c) (xvii) SAS 2004-9XS_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a General Manager of an air conditioning company for 7 years of $18,000 per month on the loan application. Per public records, obtained through the United States Bankruptcy Court, District of Colorado, as part of a Chapter 7 bankruptcy filed on dated 10/10/2005, the declared on the Statement of Financial Affairs, section 15, under penalty of perjury, having no ownership interest or partnership in any business for the six years preceding the date of filing. The Borrower declared on the Statement of Financial Affairs, actual income for the year of the subject loan closing was $600 per month. In addition, the Borrower stated on the loan application that she would vacate her primary property and covert the property to a rental, earning $2,400 per month; however, there was no evidence in the loan file of a lease agreement or further documentation to support the Borrower would vacate the current primary property to collect rental income. Furthermore, the Borrower's Statement of Financial Affairs confirmed the Borrower did not vacate the property and did not receive any rental income. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as a General Manager earning $18,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849534 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) SAS 2004-9XS_No Fraud<br><br>1.04 (c) (vii) SAS 2004-9XS_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 5 | 3 | The Borrower misrepresented her plans to occupy the subject property. Per public record, through the United States Bankruptcy Court, District of Colorado, and the Borrower's statement of Financial Affairs, section 17, dated 10/10/2005, the Borrower declared under penalty of perjury that she never occupied the subject property after the subject loan closed and continued to occupy the current residence at origination as the primary residence.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Furthermore, the Borrower indicated she would vacate the primary property and convert the property to a rental earning $2,400 per month; however, there was no evidence in the loan file of a lease agreement or further documentation to support the Borrower would vacate the current primary property and collect rental income.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849534 |
| 2 | 000000033232141 | 1st | LXS 2006-19 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/25/2006, in the amount of $153,000, as a refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset documentation loan, with a 72.86%/93.34% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.129% Debt to Income Ratio (DTI). There was a manual approval, dated 09/14/2006, in the loan file. | Stated | $153,000.00 | 2849182 |
| . | | | 1.04 (b) (xvii) LXS 2006-19_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 39.13% to 1,447.82%, which exceeds the Seller's represented DTI of 60%. | | | 2849182 |
| . | | | 1.04 (b) (vii) LXS 2006-19_DTI<br><br>1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented her debt obligations. The audit credit report and a search of public record obtained through the Mortgage Electronic Registry System revealed the Borrower acquired two mortgages secured by the purchase of a new primary residence on 06/30/2006, 3 months prior to he subject loan closing on 09/25/2006. The Borrower acquired a first mortgage in the amount of $170,000 with a monthly payment of $1,103 and a second mortgage in the amount of $42,500, with a monthly payment of $276.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 1,447.82%, which exceeds the Seller's represented Debt to Income Ratio of 60%.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,379 month debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849182 |
| . | | | 1.04 (b) (xvii) LXS 2006-19_Misrepresentation of Income - Red Flags Present -<br><br>1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Administrator earning $6,250 per month on the loan application. Per public record United States Bankruptcy Court, District of Colorado, the Statement of Financial Affairs, section 15, dated 08/16/2007, the Borrower declared no income for 2006. The Borrower submitted a final pay stub from her employer, dated 12/31/2006, which revealed the Borrower actually earned $3,255, or $271 per month for the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 1,447.83%, which exceeds the Seller's represented Debt to Income Ratio of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Administrator, earning $6,250 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849182 |

Cowen_USBank_Transfer_Final_Version_4

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2006-19_No Fraud - With Red Flags Present<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 6 | 3 | The Borrower misrepresented her employment. A telephone verification of employment was received from the Borrower's employer, which revealed the employee was unable to locate the borrower's name in the payroll records. Furthermore, per public record United States Bankruptcy Court, District of Colorado, the Statement of Financial Affairs, section 15, dated 08/16/2007, the Borrower declared under penalty of perjury that she was a school teacher for 3 years, not an Administrator as stated on the origination loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Administrator for 2 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849182 |
| | | | | 1.04 (c) (v) LXS 2006-19_No Fraud - With Red Flags Present<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Housing History - With No Red Flags Present | Misrepresentation of Housing History | 7 | 3 | The Borrower misrepresented her housing obligations. The audit credit report and a search of public record obtained through the Mortgage Electronic Registry System revealed the Borrower acquired two mortgages secured by the purchase of a new primary residence on 06/30/2006, two months prior to the subject loan closing. The Borrower acquired a first mortgage in the amount of $170,000 with a monthly payment of $1,103 and a second mortgage in the amount of $42,500, with a monthly payment of $276. The loan file contained a letter from the Borrower, dated 09/12/2006, which states she did not have any other loans and the inquiries reflected on the origination credit report, dated 09/08/2009, were a result of her shopping for a new mortgage to refinance her current primary residence. Furthermore, per public record United States Bankruptcy Court, District of Colorado, the Statement of Financial Affairs, section 15, dated 08/16/2007, the Borrower declared under penalty of perjury that she never occupied the subject property prior to or after the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated on the loan application that she owned her current residence for 3 years with a monthly payment of $1,312, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849182 |
| | | | | 1.04 (c) (v) LXS 2006-19_No Fraud - With No Red Flags Present<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 8 | 3 | The Borrower misrepresented her intent to occupy the subject property. Per public record United States Bankruptcy Court, District of Colorado, the Statement of Financial Affairs, section 15, dated 08/16/2007, the Borrower declared under penalty of perjury that she never occupied the subject property prior to or after the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849182 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 5/31/2013 2:36:54 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_USBank_Transfer_Final_Version_4

| | | | | | Loan Summary | Loan Summary | | | | Stated | $490,000.00 | 2849260 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 000000046301990 | 1st | LXS 2007-14H | | | | 0 | 0 | The subject loan closed on 06/21/2007, in the amount of $490,000 for a purchase of an owner occupied single family residence. The loan was approved as a Stated Income Owner Asset (SIVA) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.25% Debt to Income Ratio (DTI). There was a Manual approval dated 06/21/2007, in the loan file. | | | |

| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income of $0 and the Co-Borrower's verified income of $2,052 results in an increase from 48.25% to 265.75%, which exceeds the Seller's represented Debt to Income Ratio of 60%. | | | 2849260 |

| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI  1.04 (c) (v) LXS 2007-14H_No Fraud  1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as an Owner of an auto detailing business earning $7,800 per month on the loan application. The Co-Borrower falsely stated income as a Teacher Aid earning $3,500 per month on the loan application. The loan file contained post closing income documentation including the Borrowers' tax return for the year 2006, which reflected the Borrower did not receive any income from self-employment as a Schedule C was not filed; therefore, the Borrower's income was misrepresented. According to a Statement of Financial Affairs, filed by the Co-Borrower with the Southern District of California Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated 12/02/2008, the Co-Borrower's same year income for 2006 was $24,620, or $2,052 per month

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of debt-to-income (DTI) based on the Borrower's verified income of $0 and the Co-Borrower's verified income of $2,502 yields a DTI of 265.75%, which exceeds the Seller's represented Debt to Income Ratio of 60%.

Despite the Seller's representations, the Borrower falsely stated income as an Owner of an auto detailing business earning $7,800 per month on the loan application and the Co-Borrower falsely stated income as a Teacher Aid earning $3,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849260 |

| | | | | 1.04 (c) (v) LXS 2007-14H_No Fraud  1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented his employment on the loan application. The loan file contained the Borrower's 2006 tax return, which reflected the Borrower did not receive any income from self-employment as a Schedule C was not filed for the year the subject loan closed.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as an Owner of an auto detailing business for 3 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849260 |

| | | | | | | | | | **Grand Total of Repurchase Demand** | | $1,638,000.00 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 5/31/2013 2:36:54 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final_Version_50_2

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000019657014 | 1st | SARM 2005-8XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/01/2005, in the amount of $312,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Assets loan, with an 80%/95% Loan to Value/Combined Loan to Value, and a 36.1% Debt to Income ratio. There was a manual approval dated 01/24/2005, in the loan file. The subject loan closed simultaneously with a 2nd mortgage in the amount of $58,500. | Stated | $312,000.00 | 2846198 | |
| | | | | 1.04 (c) (v) SARM 2005-8XS_No Fraud 1.04 (c) (vii) SARM 2005-8XS_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. A review of public records, including both utility and tax records revealed the Borrower did not occupy the subject property. Public records reflects other individuals occupied the subject and that the Borrower did not connect utilities at the subject property; however, public records do reflect the Borrower connected utilities at various non-subject properties prior to the subject's loan closing of 02/01/2005 through 2011. In addition, the tax records for the subject property reflect the mailing address for the Borrower was a non-subject property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846198 | |
| 2 | 000000030997902 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/10/2005, in the amount of $81,130 as a purchase of an investment condominium. The loan closed as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 70%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a manual approval in the loan file. | NINENA | $81,130.00 | 2845337 | |
| | | | | 1.04 (c) (v) LXS 2005-2_No Fraud 1.04 (c) (vii) LXS 2005-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. An audit credit report and public records revealed the Borrower had 3 undisclosed properties with a total of 4 mortgages that were originated within 30 days of the subject's loan closing on 06/10/2005. The Borrower closed on a first mortgage on 06/17/2005 with a balance of $127,920 and a monthly payment of $879 and a second mortgage in the amount of $50,000 and a monthly payment of $245. The second property was mortgaged on 06/30/2005 with a mortgage balance of $135,000 and a monthly payment of $872. The third property was mortgaged on 06/27/2005 with a mortgage balance of $292,000 and a monthly payment of $1,825.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2845337 | |
| 3 | 000000040086530 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/05/2007, in the amount of $80,000, as a purchase of a second home single family residence. The loan was approved as a Stated Income/Stated Assets loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.67% Debt to Income (DTI). There was a Manual approval dated 02/05/2007, in the loan file. | SISA | $80,000.00 | 2845606 | |
| | | | | 1.04 (c) (v) LXS 2007-5H_No Fraud 1.04 (c) (vii) LXS 2007-5H_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan file contains a hardship letter written by the Borrower which revealed the Borrower purchased the subject property from his parents on behalf of the Borrower's sibling and further revealed the Borrower did not occupy the subject property. The title reflects the Seller/Owner of the property had the same last name as the Borrower which is a red flag.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2845606 | |
| | | | | 1.04 (c) (v) LXS 2007-5H_No Fraud 1.04 (c) (vii) LXS 2007-5H_No Event of Default | Straw Purchaser Transaction | Straw Purchaser Transaction | 2 | 3 | The purchase was an ineligible transaction. The loan file contains a hardship letter written by the Borrower which revealed the Borrower purchased the subject property from their parent on behalf of the Borrower's sibling and further revealed the Borrower did not occupy the subject property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower provided misleading information on the loan file, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2845606 | |

| # | Lien | Deal | Finding | Category | Subcategory | | | Description | Rep | Amount | ID |
|---|------|------|---------|----------|-------------|---|---|-------------|-----|--------|-----|
| 4 | 000000040421760 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/10/2007, in the amount of $300,000, as a purchase of an owner occupied multi unit residence. The loan was approved as Stated Income and Verified Assets (SIVA), with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39% Debt to Income (DTI). There was a manual approval dated 04/06/2007, in the loan file. | Stated Income | $300,000.00 | 2845457 |
| | . | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income (DTI) in excess of 60%. The re-calculation of DTI based on the Borrower's verified income results in an increase from 39% to 98.60%, which exceeds 60%. | | | 2845457 |
| | . | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br>1.04 (c) (v) LXS 2007-10H_No Fraud<br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Compliance Manager earning $8,500 per month on the loan application. Post-closing documents in the loan file contained the Borrower's 2007 tax returns for the subject year which indicated that the Borrower earned $44,869 or $3,739 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither shall such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 98.6%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Compliance Manager earning $8,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2845457 |
| | . | | | 1.04 (c) (v) LXS 2007-10H_No Fraud<br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented his intent to occupy the subject property. Post closing tax returns for 2007, the year of the subject closing, and 2007 indicated the Borrower continued to occupy the proposed departure address and did not occupy the subject property after the closing date of 04/10/2007, as disclosed. In addition, the subject property was listed as a rental property under schedule "C" of the 2007 tax return. Further public records research was performed through Accurint under the Borrower's Vehicle registration, which revealed the Borrower's vehicle was registered to the Borrower's proposed departure property address listed on the loan application from 07/21/2005 through 07/15/2008.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither shall such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2845457 |
| 5 | 000000040445660 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/01/2007, in the amount of $285,000. The data tape does not disclose the type of transaction, document type, property type or occupancy type. The loan was approved with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual Approval included in the file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $285,000.00 | 2845459 |
| | . | | | 1.04 (b) (iii) LXS 2007-10H_Hazard and Flood<br>1.04 (c) (i) LXS 2007-10H_Enforceable Hazard Policy<br>1.04 (c) (xxiii) LXS 2007-10H_Enforceable Insurance Policy | Failure to Obtain Sufficient Flood and/or HOI Coverage | Failure to Obtain Flood/Hazard Insurance | 1 | 1 | The buildings or other improvements on the subject property did not have adequate flood/hazard insurance. The loan file only contained the Borrower's signed loan application, the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller.<br><br>The Seller represented and warranted, in part, that the subject property would be insured by a generally accepted insurer against loss by fire, hazards of extended coverage and such other hazards as are customary in the area where the related Mortgaged Property is located pursuant to insurance policies conforming to the requirements of the guidelines of FNMA or FHLMC.<br><br>Despite the Seller's representations, there is no evidence in the file the subject property complied with the flood/homeowners insurance requirements. | | | 2845459 |
| | . | | | 1.04 (b) (vii) LXS 2007-10H_Title Insurance<br>1.04 (c) (xii) LXS 2007-10H_Mortgage File | Failure to Obtain Title Commitment / Title Insurance | Failure to Obtain Title Insurance | 2 | 1 | The subject property did not have title insurance or a title commitment. The applicable guidelines required a Title Insurance Commitment or a Title Insurance Policy be obtained at or prior to closing.<br><br>The Seller represented and warranted, in part, that the subject loan was covered by valid and enforceable a title insurance policy. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the title insurance policy or title commitment, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the file that the subject loan was covered by a valid Title Insurance Commitment/ Title Insurance Policy. | | | 2845459 |

# Digital Risk - Loan Review Findings

| | | | 1.04 (b) (xii) LXS 2007-10H_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xii) LXS 2007-10H_Mortgage File  1.04 (c) (xvii) LXS 2007-10H_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 5 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject Note was not in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.  Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845459 | |
| | | | 1.04 (b) (xii) LXS 2007-10H_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2007-10H_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845459 | |
| | | | 1.04 (b) (xii) LXS 2007-10H_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2007-10H_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 5 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was not in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845459 | |
| | | | 1.04 (c) (xviii) LXS 2007-10H_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845459 | |
| 6 | 000000040448656 | 1st | LXS 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $599,200.00 | 2845684 | |
| | | | 1.04 (b) (iii) LXS 2007-9_Hazard and Flood  1.04 (c) (i) LXS 2007-9_Enforceable Hazard Policy  1.04 (c) (xxiii) LXS 2007-9_Enforceable Insurance Policy | Failure to Obtain Sufficient Flood and/or HOI Coverage | Failure to Obtain Flood/Hazard Insurance | 1 | 1 | The buildings or other improvements on the subject property did not have adequate flood/hazard insurance. There was no critical documentation provided for the file that was represented what was on the data Tape by the Seller.  The Seller represented and warranted, in part, that the subject property would be insured by a generally accepted insurer against loss by fire, hazards of extended coverage and such other hazards as are customary in the area where the related Mortgaged Property is located pursuant to insurance policies conforming to the requirements of the guidelines of FNMA or FHLMC.  Despite the Seller's representations, there is no evidence in the file the subject property complied with the flood/homeowners insurance requirements. | | | 2845684 | |
| | | | 1.04 (b) (vii) LXS 2007-9_Title Insurance  1.04 (c) (xii) LXS 2007-9_Mortgage File | Failure to Obtain Title Commitment / Title Insurance | Failure to Obtain Title Insurance | 2 | 1 | The loan file only contained the Borrower's signed loan application, the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller; therefore, the Title Insurance Commitment or Title Insurance Policy was not contained in the loan file.  The Seller represented and warranted, in part, that the subject loan was covered by valid and enforceable a title insurance policy. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the title insurance policy or title commitment, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).  Despite the Seller's representations, there is no evidence in the file that the subject loan was covered by a valid Title Insurance Commitment/ Title Insurance Policy. | | | 2845684 | |

# Digital Risk - Loan Review Findings

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xii) LXS 2007-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-9_Mortgage File<br><br>1.04 (c) (xvii) LXS 2007-9_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 5 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. In addition, the loan file contained a first page of a Note for a different property than represented on the Data Tape.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845684 |
| . | | | 1.04 (b) (xii) LXS 2007-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-9_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was not in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845684 |
| . | | | 1.04 (b) (xii) LXS 2007-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-9_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 5 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was not in the subject loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845684 |
| . | | | 1.04 (b) (xii) LXS 2007-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-9_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 6 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845684 |
| . | | | 1.04 (c) (xviii) LXS 2007-9_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 7 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845684 |
| 7 | 00014319958 | 1st | SASC 2004-GEL1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/03/2002, in the amount of $94,525, as a purchase of an owner occupied single family property. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 95% Loan to Value/Combined Loan to Value, and a 40.528% Debt to Income (DTI). There was a Manual Approval in the loan file. | Stated | $94,525.00 | 2846609 |
| . | | | 1.04 (c) (v) SAS 2004-GEL1_No Fraud<br><br>1.04 (c) (xvii) SAS 2004-GEL1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit report revealed that the Borrower acquired an installment loan in 12/2001, 10 months prior to the subject's loan closing on 10/03/2002 in the amount of $1,101 with a payment of $133 per month and failed to disclose the debt on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact requisite to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $133 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846609 |

Cowen_US Bank_Final_Version_50_2

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 00017250978 | 1st | SASC 2004-2AC | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/12/2003 and disbursed on 12/17/2003, in the amount of $214,200, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 17.70% Debt to Income (DTI). The Borrower received a $24,814 disbursement at closing. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $214,200.00 | 2846581 |
| . | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SAS 2004-2AC_Origination Practices  1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  The applicable guidelines required all loans to comply with Federal, State and Local laws and regulations. The disclosed finance charge ($179,621.20) is ($76.20) below the actual finance charge ($179,697.40). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2846581 |
| 9 | 00031270838 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/25/2005 with a disbursement date of 07/28/2005, in the amount of $308,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/96.49% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.98% Debt to Income (DTI). There was a Manual approval dated 07/20/2005, in the loan file. | Stated | $308,000.00 | 2845182 |
| . | | | 1.04 (c) (v) LMT 2005-2_No Fraud  1.04 (c) (xvii) LMT 2005-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented their debt obligations. The Subject transaction closed on 07/25/2005. Per the audit Credit Report dated 7/06/2005 the Borrowers failed to disclose four student loan accounts opened in 07/2002 and 12/2002 for a total loan amount of $63,314 with a total monthly payment of $366.  The Seller represented and warranted, in part, that no document underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $366 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2845182 |
| 10 | 00031384555 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/26/2005, in the amount of $260,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.77% Debt to Income (DTI). There was a Manual approval dated 08/17/2005, in the loan file. | Full | $260,000.00 | 2845186 |
| . | | | 1.04 (c) (v) LMT 2005-2_No Fraud  1.04 (c) (xvii) LMT 2005-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented their debt obligations. The subject transaction closed 08/26/2005. Per the audit Credit Report the Borrowers failed to disclose four student loan accounts opened in 7/2002 with a total loan amount of $46,897 and monthly payment for all four accounts totaling $378.  The Seller represented and warranted, in part, that no document underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $378 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2845186 |

Cowen_US Bank_Final_Version_50_2

| | 11 | 00031853518 | 1st | | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in either scenario per the guidelines in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $92,700.00 | 2845234 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 1.04 (b) (xii) LMT 2005-2_Title Insurance<br><br>1.04 (c) (ii) LMT 2005-2_Mortgage File | Failure to Obtain Title Commitment / Title Insurance | Failure to Obtain Title Insurance | | 1 | 1 | There is no evidence in the file the Underwriter requested or obtained a Title Insurance Commitment/ Title Insurance Policy.<br><br>The Seller represented and warranted, in part, that the subject loan was covered by valid and enforceable a title insurance policy. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the title insurance policy or title commitment, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the file that the subject loan was covered by a valid Title Insurance Commitment/ Title Insurance Policy. | | | 2845234 |
| | | | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (ii) LMT 2005-2_Mortgage File<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845234 |
| | | | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845234 |
| | | | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845234 |
| | | | | | 1.04 (c) (xviii) LMT 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845234 |

| 12 | 00033715848 | 1st | LMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/22/2007, in the amount of $1,000,000 as a cash-out refinance of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 55% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.79% debt to income ratio (DTI). There was a Manual approval dated 01/19/2007, in the loan file. | Stated | $1,000,000.00 | 2845280 |
| | | | 1.04 (c) (v) LMT 2007-2_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The Borrower misrepresented his debt obligations. A public records search of Accurint, SiteXdata.com, and the audit credit report revealed the Borrower acquired 2 undisclosed mortgages prior to the subject loan closing on 01/22/2007. The Borrower acquired the first undisclosed mortgage associated with an unknown property on 12/2006. The Borrower acquired the mortgage in the amount of $1,000,000 with a monthly payment of $7,129. The Borrower acquired the second undisclosed mortgage associated with another unknown property on 12/2006. The Borrower acquired the mortgage in the amount of $1,000,000 with a monthly payment of $13,802.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $20,931 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2845280 |
| | | | 1.04 (c) (vii) LMT 2007-2_No Event of Default | | | | | | |
| | | | 1.04 (c) (v) LMT 2007-2_No Fraud | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner/Attorney with a law firm earning $28,000 per month on the loan application. The loan file contained federal income tax return for 2008 that was provided by the Borrower for loss mitigation. The Borrower's 2008 federal income tax return revealed the Borrower's total income for 2008 was $58,056 or $4,838 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as an Owner/Attorney with a law firm earning $28,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845280 |
| | | | 1.04 (c) (vii) LMT 2007-2_No Event of Default | | | | | | |
| 13 | 00036112142 | 1st | LMT 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/12/2005, in the amount of $504,000, as a purchase of an owner occupied property. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.4% Debt to Income ratio (DTI). There was a Manual Approval dated 08/04/2005, in the loan file. | Stated | $504,000.00 | 2845174 |
| | | | 1.04 (c) (v) LMT 2005-1_No Fraud | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Facilities Coordinator earning $6,800 per month on the loan application. The Co-Borrower listed income of $4,100 per month as a Housekeeper. The loan file contained a 2007 1040 for the Borrowers' 2007 Individual Income Tax Return, filed jointly by the Borrowers, which revealed the Borrowers' combined income for the year 2007 was $8,708 per month. It is unlikely the Borrowers' income would have decreased considering the Borrowers were employed with the same employers and in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers falsely stated income as a Facilities Coordinator and Housekeeper earning $6,800 and $4,100 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845174 |
| | | | 1.04 (c) (vii) LMT 2005-1_No Event of Default | | | | | | |
| 14 | 00040714958 | 1st | LXS 2007-17H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/17/2007, in the amount of $158,894, as a purchase owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43% Debt to Income ratio (DTI). There was a manual approval dated 06/12/2007, in the loan file. | Stated | $158,894.00 | 2845542 |
| | | | 1.04 (b) (xvi) LXS 2007-17H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller warranted and warranted that the subject loan would not have a Debt to Income (DTI) in excess of 60%.

Despite the Seller's representations, a re-calculation of debt to income ratio (DTI) based on the Borrower's verified income results in an increase from 43% to 282.29%, which exceeds the represented DTI. | | | 2845542 |
| | | | 1.04 (b) (xvi) LXS 2007-17H_DTI | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Landscaper Contractor earning $7,000 per month on the loan application. According to the Borrower's 2008 tax returns which were part of the post-closing documents, the Borrower earned $13,150 in 2008, or $1,096 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of debt to income ratio (DTI) based on the Borrowers' verified income yields a DTI of 282.29%, which exceeds the seller's represented 60% Debt to income ratio.

Despite the Seller's representations, the Borrower falsely stated income as a Landscaper Contractor earning $7,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845542 |
| | | | 1.04 (b) (xiv) LXS 2007-17H_No Fraud | | | | | | |
| | | | 1.04 (b) (xvi) LXS 2007-17H_No Event of Default | | | | | | |

|  |  |  |  |  |  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented his employment on the loan application. According to the Statement of Financial Affairs, filed by the Borrower on 07/30/2012 with the Western District of Texas Bankruptcy Court, the Borrower has been self-employed since 2006, which was undisclosed at the time of origination. |  |  |  | 2845542 |
|  |  |  | 1.04 (b) (xxvi) LXS 2007-17H_No Event of Default |  |  |  |  | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. |  |  |  |  |
|  |  |  |  |  |  |  |  | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan constitutes an event of default under the Mortgage. |  |  |  |  |
|  |  |  |  |  |  |  |  | Despite the Seller's representations, the Borrower falsely stated employment as Landscape Contractor for 8 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. |  |  |  |  |
| 15 | 00040717308 | 1st | LXS 2007-16N |  | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/31/2007, in the amount of $450,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 75.63% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.36% Debt to Income ratio (DTI). There was a manual approval dated 05/16/2007, in the loan file. According to the HUD-1 Settlement Statement, the Borrowers received $15,710 cash back at closing. | Stated | $450,000.00 | 2845522 |
|  |  |  | 1.04 (c) (v) LXS 2007-16N_No Fraud | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrowers falsely stated income as an Owner of a child care business and Supervisor Customer Service earning $6,700 and $6,000 per month on the loan application. According to the Borrowers' 2007 tax returns, which were part of the post-closing documents, the Borrower had a business loss in 2007 and the Co-Borrower earned $58,822 in 2007 or $4,901 per month. |  |  |  | 2845522 |
|  |  |  | 1.04 (c) (vii) LXS 2007-16N_No Event of Default |  |  |  |  | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. |  |  |  |  |
|  |  |  |  |  |  |  |  | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. |  |  |  |  |
|  |  |  |  |  |  |  |  | Despite the Seller's representations, the Borrowers falsely stated income as an Owner of a Child Care Business and Supervisor Customer Service earning $6,700 and $6,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. |  |  |  |  |
| 16 | 00040734899 | 1st | LXS 2007-17H |  | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/20/2007, in the amount of $356,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 0% Debt to Income ratio (DTI). There was neither an automated underwriting system (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $356,000.00 | 2845544 |
|  |  |  | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Supervisor for 12 years, earning $7,916 per month. In addition, the Borrower had a second employment as a Stock/Retail for 2 years earning $2,000 per month. A post closing audit conducted through the work number verified the Borrower's income as Stock/Retail for the same year the subject loan closed as $398 per month. |  |  |  | 2845544 |
|  |  |  | 1.04 (b) (xxvi) LXS 2007-17H_No Event of Default |  |  |  |  | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. |  |  |  |  |
|  |  |  |  |  |  |  |  | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. |  |  |  |  |
|  |  |  |  |  |  |  |  | Despite the Seller's representations, the Borrower falsely stated income as a Stock/Retail earning $2,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. |  |  |  |  |
| 17 | 00040908360 | 1st | SARM 2008-2 |  | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/07/2007, in the amount of $588,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/88.65% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.94% Debt to Income ratio (DTI). There was a Manual Approval dated 10/19/2007, in the loan file. | Stated | $588,000.00 | 2846396 |
|  |  |  | 1.04 (c) (v) SARM 2008-2_No Fraud | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Paralegal Manager earning $9,230 per month on the loan application. The Co-Borrower falsely stated his income of $8,475 per month as a Project Manager. A post closing Verification of Employment (VOE) for the Co-Borrower confirmed his same year income of $6,808 per month. In addition, the Borrowers' filed for chapter 13 bankruptcy on 01/13/2010. According to a Summary of Financial Affairs, filed in the Central District of California, the Borrowers' had a gross income of $147,029 in 2007. The Co-Borrower's audit VOE, confirmed her income of $81,700 in 2007; therefore, the Borrower's monthly income was $5,444 for the subject year. It is unlikely the Borrowers' incomes would have decreased considering the Borrowers were employed with the same employers in the same line of work. |  |  |  | 2846396 |
|  |  |  | 1.04 (c) (vii) SARM 2008-2_No Event of Default |  |  |  |  | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. |  |  |  |  |
|  |  |  |  |  |  |  |  | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. |  |  |  |  |
|  |  |  |  |  |  |  |  | Despite the Seller's representations, the Borrower falsely stated employment as a Paralegal Manager earning $9,230 per month on the loan application and the Co-Borrower falsely stated employment as a Project Manager earning $8,475, which constitutes an event of default under the executed Mortgage and Deed of Trust. |  |  |  |  |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/8/2013 3:02:27 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Report

Cowen_US Bank_Final_Version_50_2

| 18 | 00046628814 | 1st | LXS 2007-15N | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did not contain any critical documentation for the loan file which was represented on the Data Tape by the Seller. | Full | $556,000.00 | 2845515 |
| | . | | 1.04 (b) (xxi) (i) LXS 2007-15N_Underwriting Methodology - Deemed MnA_Pool 3 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The loan file did not contain any critical documentation for the loan file which was represented on the Data Tape by the Seller.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845515 |
| 19 | 00046649620 | 1st | LXS 2007-16N | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's partial loan application that was missing the first page. There was no other critical documentation provided for the file that was represented on the Data Tape by the Seller. | Unknown | $683,250.00 | 2845525 |
| | . | | 1.04 (b) (xxi) (i) LXS 2007-16N_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The loan file only contained the Borrower's partial loan application that was missing the first page. There was no other critical documentation provided for the file that was represented on the Data Tape by the Seller.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845525 |
| 20 | 00046900114 | 1st | LXS 2007-17H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/10/2007, in the amount of $115,936, as rate/term refinance of a non-owner occupied, single family residence. The loan was approved as a Full Documentation loan, with an 100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 24% Debt to Income (DTI). There was a Manual Approval dated 7/6/2007, in the loan file. The loan file only contained the Borrower's signed loan application, loan approval and appraisal report. There was no other critical documentation provided for the file that was represented on the Data Tape by the Seller. | Full | $115,936.00 | 2845551 |
| | . | | 1.04 (b) (vii) LXS 2007-17H_Title Insurance<br><br>1.04 (b) (xxxi) LXS 2007-17H_Mortgage File | Failure to Obtain Title Commitment / Title Insurance | Failure to Obtain Title Insurance | 1 | 1 | The loan file did not contain evidence of title commitment or title insurance.<br><br>The Seller represented and warranted, in part, that the subject loan was covered by valid and enforceable a title insurance policy. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the title insurance policy or title commitment, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the file that the subject loan was covered by a valid Title Insurance Commitment/ Title Insurance Policy. | | | 2845551 |
| | . | | 1.04 (b) (xii) LXS 2007-17H_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxi) LXS 2007-17H_Mortgage File<br><br>1.04 (b) (xxxvi) LXS 2007-17H_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject Note was not in the subject loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845551 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) LXS 2007-17H_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxvi) LXS 2007-17H_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is not in the subject loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845551 |
| | | | 1.04 (b) (xii) LXS 2007-17H_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxvi) LXS 2007-17H_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was not in the subject loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845551 |
| 21 | 00047123096 | 1st | LXS 2007-16N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/01/2007, in the amount of $1,000,000, as a purchase of an owner occupied property. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $1,000,000.00 | 2845529 |
| | | | 1.04 (b) (xxi) (i) LXS 2007-16N_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The loan file only contained the Note, the Mortgage and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845529 |
| 22 | 00047651492 | 1st | LXS 2007-20N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/19/2007, in the amount of $536,000, as a cash out refinance of an owner occupied, single family property. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 49.81% Debt to Income (DTI). There was a manual approval dated 10/18/2007, in the loan file. | Stated | $536,000.00 | 2845573 |
| | | | 1.04 (c) (v) LXS 2007-20N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-20N_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Sheriff earning $8,000 per month and a second employment as a Security Guard with a subdivision earning $4,000 per month on the loan application. The Borrower stated a combined monthly income of $12,000. The loan file included the Borrower's 2007 income tax filing in the post-closing documents, which revealed that the Borrower actually earned a combined monthly income of $6,630 per month from both employments.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Sheriff earning $8,000 per month and a second employment as a Security Guard with a subdivision earning $4,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | 2845573 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/8/2013 3:02:27 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Report

Cowen_US Bank_Final_Version_50_2

| 23 | 00047729348 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an AUS nor Manual approval included in the loan file to determine whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program...at the time of origination. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $516,000.00 | 2846409 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) SARM 2008-2_Title Insurance / 1.04 (c) (xii) SARM 2008-2_Mortgage File | Failure to Obtain Title Commitment / Title Insurance | Failure to Obtain Title Insurance | 1 | 1 | The loan file did not contain evidence of title commitment or title insurance.\n\nThe Seller represented and warranted, in part, that the subject loan was covered by valid and enforceable a title insurance policy. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the title insurance policy or title commitment, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).\n\nDespite the Seller's representations, there is no evidence in the file that the subject loan was covered by a valid Title Insurance Commitment/ Title Insurance Policy. | | | 2846409 |
| | | | 1.04 (b) (xii) SARM 2008-2_Compliance with Applicable Law - Origination / 1.04 (c) (xii) SARM 2008-2_Mortgage File / 1.04 (c) (xxiv) SARM 2008-2_Compliance with Applicable | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain a subject Note.\n\nThe Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2846409 |
| | | | 1.04 (b) (xii) SARM 2008-2_Compliance with Applicable Law - Origination / 1.04 (c) (xxiv) SARM 2008-2_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was not in the subject loan file.\n\nThe Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846409 |
| | | | 1.04 (b) (xii) SARM 2008-2_Compliance with Applicable Law - Origination / 1.04 (c) (xxiv) SARM 2008-2_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was not in the subject loan file.\n\nThe Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846409 |
| | | | 1.04 (c) (xviii) SARM 2008-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.\n\nThe Seller represented and warranted, in part, that the appraisal complied with FIRREA.\n\nDespite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846409 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/8/2013 3:02:27 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Report

| 24 | 00047737200 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/04/2007, in the amount of $760,000, as a rate and term refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 37.71% Debt to Income (DTI). There was a Manual Approval dated 11/29/2007, in the loan file. | Stated | $760,000.00 | 2846411 |
| | | | 1.04 (c) (v) SARM 2008-2_No Fraud

1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented their employment on the loan application. Research conducted through Accurint revealed that the Borrowers owned an additional bed and breakfast business in which the Borrowers operated out of the subject home. The bed and breakfast business was not disclosed at origination and started in 1992 to the present which covers the subject closing date of 12/04/2007. It could not be determined if the additional undisclosed business had a negative impact on the Borrower's income stated at origination of $15,500 per month. Accurint also confirmed that the undisclosed business was registered in the Borrowers' name at the Borrowers' primary residence.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated self-employment of only a Contractor Construction business for 15 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2846411 |
| | | | 1.04 (c) (v) SARM 2008-2_No Fraud

1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Owner of a Contractor Construction business earning $15,500 per month on the loan application. The post-closing documents contained in the loan file included the Borrowers' 2007 income tax returns, which indicated that the Borrower earned a monthly income of $1,829.83 from the Borrower's business listed on the loan application.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a self-employed Owner of a Contractor Construction business earning $15,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2846411 |
| 25 | 00121869036 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/07/2006, in the amount of $149,475, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 75% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 42% Debt to Income (DTI). There was a Manual Approval dated 07/12/2006, in the loan file. The Borrower used 7,206 in loan proceeds to pay non-mortgage debt and received $1,243 cash at closing. | Full | $149,475.00 | 2844868 |
| | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Debts | Improper Calculation of Debts | 1 | 1 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The lender omitted a student loan without proof of deferment in the amount of $2,300 with a monthly payment of $115. The correct recalculation results in a monthly debt of $1,478.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844868 |
| 26 | 0015148703 | 1st | SAS 2006-GEL4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/12/2003, as a purchase of an owner occupied, single family residence, in the amount of $204,950, as a Stated Income/Stated Asset loan, with a 100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 48.75% Debt to Income (DTI). There was neither an Automated Underwriting System (AUS) nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $204,950.00 | 2844745 |
| | | | 1.04 (c) (v) SASCO 2006-GEL4_No Fraud

1.04 (c) (vii) SASCO 2006-GEL4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower stated employment as a Tech Rep earning $3,950 per month on the loan application. An audit verification of employment obtained from The Work Number revealed the Borrower's income for 2003 was $2,535 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Tech Rep earning $3,950 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2844745 |
| 27 | 0017878042 | 2nd | SASC 2004-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/11/2004, in the amount of $64,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 20%/Loan To Value/Combined Loan To Value (LTV/CLTV) and a 38.31% Debt to Income (DTI). There was neither an Automated Underwriting System (AUS) nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $64,000.00 | 2846659 |
| | | | 1.04 (c) (xii) SAS 2004-S3_Mortgage File | Failure to Obtain First Lien Note - When the 1st Lien is NOT the Subject | Underwriting Guidelines Breach | 1 | 2 | The loan file included the subject second lien note; however, the first lien note was not in the file.

The Seller represented and warranted, in part, that it was in possession of a complete, true and accurate mortgage file including, but not limited to, the first lien note where the first lien note is not the subject, as required by the Mortgage Loan Sale and Assignment Agreement.

Despite the Seller's representations, there is no evidence in the loan file that a first lien note was provided and fully executed. | | | 2846659 |

Cowen_US Bank_Final_Version_50_2

| | 28 | 0019948975 | 1st | SAIL 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 4/22/2005, in the amount of $57,880, on a purchase of an investment property. The loan was approved as a Full Documentation loan, with an 80%/100% Loan To Value combined first and second lien loan. The loan was approved with a 36.87% Debt to Income (DTI). There was neither an Automated Underwriting Systems (AUS) nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $57,880.00 | 2845839 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xviii) (d) SAIL 2005-6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain Required Documentation | Failure to Obtain Required Documentation | 1 | 2 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the Borrower's adequacy of financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, there is no evidence in the loan file an annuity statement to reflect the Borrower as the receiver of the annuity.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845839 | |
| . | | | | 1.04 (b) (xviii) (d) SAIL 2005-6_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Income | Improper Calculation of Income | 2 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Accurate calculation of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

A monthly income of $3,149 was used to determine the Debt to Income (DTI). The annuity statement in the loan file did not reflect the Borrower or anyone else as the receiver of any annuity income. The annuity income of $2,115 per month was not properly documented in the loan file; therefore, only the Borrower's Social Security income of $1,034 per month could be counted towards the Borrower's monthly income. The correct recalculation results in a monthly income of $1,034.

Based on the recalculation of DTI based on the Borrower's proper income calculation results in a DTI of 135.69%.

Despite the Seller's representations, the Borrower's income was inaccurately calculated, which significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845839 | |
| . | | | | 1.04 (b) (xviii) (d) SAIL 2005-6_Underwriting Methodology - Deemed MnA_Pool 1 | Incomplete Income Documentation | Incomplete Income Documentation | 3 | 2 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Complete documentation of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, there is no evidence in the file of a complete review of the Borrower's income documentation. The annuity statement in the loan file did not reflect the Borrower or anyone else as the receiver of the annuity income. Despite this requirement, the annuity statement reflecting the Borrower is missing from the loan file.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845839 | |
| . | | | | 1.04 (c) (xii) SAIL 2005-6_Mortgage File | Failure to Obtain Second Lien Note - When the 2nd Lien is NOT the Subject | Failure to Obtain Second Lien Note | 4 | 2 | The second lien note was not in the file.

The Seller represented and warranted, in part, that it was in possession of a complete, true and accurate mortgage file including, but not limited to, the second lien note, as required by the Mortgage Loan Sale and Assignment Agreement.

Despite the Seller's representations, there is no evidence in the loan file that a second lien note was provided and fully executed. | | | 2845839 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/8/2013 3:02:27 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Report

Cowen_US Bank_Final_Version_50_2

part 2 Pg 162 of 271

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | 0020751442 | 1st | | SAS 2004-NP1 | | Loan Summary | Loan Summary | 4 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in either the applicable guidelines (e.g., FICO, LTV) in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $42,550.00 | 2844721 |
| | | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844721 |
| | | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL statement.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844721 |
| | | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Subject Note was not in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2844721 |
| | | | | | 1.04 (b) (xi) SASCO 2004-NP1_Title Insurance | Failure to Obtain Title Commitment / Title Insurance | Failure to Obtain Title Insurance | 4 | 1 | The loan file did not contain evidence of title commitment or title insurance.<br><br>The Seller represented and warranted, in part, that the subject loan was covered by valid and enforceable a title insurance policy. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the title insurance policy or title commitment, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the file that the subject loan was covered by a valid Title Insurance Commitment/ Title Insurance Policy. | | | 2844721 |
| | | | | | | | | | | **Grand Total of Repurchase Demand** | | **$10,369,690.00** | |

Cowen_US Bank_Final_Version_27

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000018173252 | 1st | SASC 2004-21XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/04/2004, in the amount of $447,200, as a purchase of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value, and a 44.06% Debt to Income ratio. There was a Manual approval dated 08/05/2004, in the loan file. | Stated | $447,200.00 | 2846555 | |
| | | | | 1.04 (c) (v) SAS 2004-21XS_No Fraud  1.04 (c) (vii) SAS 2004-21XS_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented the disclosed income. The Borrower falsely stated income as a Truck Driver earning $9,875 per month on the loan application. An audit verification of employment was obtained through the Borrower's employer, which revealed the Borrower's actual income for the subject year loan closing 2004 was $41,121 annually, or $3,247 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Truck Driver earning $9,875 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846555 | |
| 2 | 000000018644294 | 1st | SARM 2005-6XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/22/2004, in the amount of $271,200, as a purchase transaction. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's HUD-1 Settlement Statement, Note, and Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $271,200.00 | 2846183 | |
| | | | | 1.04 (b) (xii) SARM 2005-6XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SARM 2005-6XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846183 | |
| | | | | 1.04 (c) (xviii) SARM 2005-6XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846183 | |
| 3 | 00011972635 | 1st | SASC 2003-39EX | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/28/2002, in the amount of $69,000, as a purchase of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value, and a 25.3% Debt to Income ratio. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $69,000.00 | 2846477 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan's primary compliant was a Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement with the signature page was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846477 |
| 4 | 00014722409 | 1st | SASC 2003-39EX | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/05/2002, in the amount of $92,600, as a purchase of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 46.18% Debt to Income (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $92,600.00 | 2846488 |
| . | | | 1.04 (b) (xx) SAS 2003-39EX_No Fraud<br><br>1.04 (b) (xxii) SAS 2003-39EX_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Deliveryman earning $3,200 per month on the loan application. A post closing pay stub dated 06/15/2003, 7 months after the subject loan closing on 11/05/2002, indicated the Borrower earned $1,280 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Delivery Driver earning $3,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846488 |
| 5 | 00124913567 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/01/2007, in the amount of $349,900, as a purchase of an owner occupied residence located in a planned unit development. The loan was approved as a Full Documentation/12 month bank statement loan, with a 100% Loan To Value/Combined Loan to Value (LTV/CLTV), and a 38.52% Debt-to-Income Ratio (DTI). There was a Manual approval dated 08/07/2007, in the loan file. | Full | $349,900.00 | 2847124 |
| . | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner/Operator of a Child Care Center earning $26,367 per year on the loan application. The loan file included the Borrower's 2007 1099 statement, which reflected $54,028 per month in income prior to the Borrower's business expenses. The loan file also included the Borrower's 2007 income tax return transcript, which revealed a monthly business income of $501 per month after business expenses.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner/Operator of a daycare center earning $26,367 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847124 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 00124936352 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/17/2007, in the amount of $446,500, as a cash out refinance of an owner occupied property. The loan was approved as a Stated Income/Verified Asset documentation loan, with a 95% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 48.158% Debt-to-Income (DTI). There was a Manual approval dated 08/08/2007, in the loan file. | Stated | $446,500.00 | 2847127 |
| . | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (c) (v) SAS 2007-BC4_No Fraud

1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentatio n of Employment - With Red Flags Present | Misrepresentatio n of Employment | 1 | 3 | The Borrower misrepresented the employment on the loan application as a Facility Director for 8 years. The loan file contained post closing income documentation including the Borrower's 2007 tax return, which revealed the Borrower did not earn any income as a Facility Director.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Facility Director for 8 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847127 |
| . | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (c) (v) SAS 2007-BC4_No Fraud

1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Facility Director for 8 years with the first employer earning $8,050 per month and secondary employment as a contracted Care Giver for 2 years, earning $2,500 per month on the loan application, or a combined monthly income of $10,550. The loan file contained post closing income documentation including the Borrower's 2007 tax return, which revealed the Borrower did not earn any income as a Facility Director and revealed the Borrower only earned $5,019 per month with the second employer as a Care Giver during the year of the subject loan closing in 2007.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Facility Director for 8 years, earning $8,050 per month with the first employer and secondary employment as a contracted Care Giver for 2 years, earning $2,500 per month on the loan application, or a combined monthly income of $10,550, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847127 |
| | | | | | | | | | | | | |
| 7 | 00124950015 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/14/2007, in the amount of $115,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation/12 month Bank Statement loan, with a 52.27% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.32% Debt to Income Ratio (DTI). There was a Manual approval dated 08/14/2007, in the loan file. | Full | $115,000.00 | 2847131 |
| . | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Income | Improper Calculation of Income | | 1 | 3 | The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Accurate calculation of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

The average of 12 months of deposits, less large deposit or transfers, was calculated incorrectly. The correct recalculation results in a monthly income of $3,375.

A recalculation of Debt to Income Ratio (DTI) based on the Borrowers' proper income calculation results in a DTI of 41.41%, which was an increase from 35.32%. A monthly income of $3,800 was used to determine the DTI.

Despite the Seller's representations, a review of the loan file reveals the Lender failed to accurately calculate the Borrowers' income and has a significant impact on the Borrowers' reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847131 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Incomplete Income Documentation | Incomplete Income Documentation | 2 | 3 | The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Complete documentation of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representations, there is no evidence in the file of a complete verification and/or review of the Borrower's income documentation.<br><br>The loan file contained 12 months bank statements reflecting the average deposits for the Borrowers; however, the Borrowers were employed by a family member and complete 2 years of tax returns would have been required to determine any ownership of the business and any financial expenses associated with the business which would affect the Borrowers' ability to repay.<br><br>Despite the Seller's representations, there is no evidence in the file of a complete verification of the Borrowers' income documentation and has a significant impact on the Borrowers' reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847131 | |
| 8 | 00124953589 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/24/2007, in the amount of $237,500, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Full Documentation/12 month Bank Statement program loan, with a 95% Loan to Value/Combined Loan to Value, and a 34.752% Debt to Income ratio. There was a Manual approval dated 08/29/2007, in the loan file. | Full | $237,500.00 | 2847135 | |
| . | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Investigate Credit History | Failure to Investigate Credit History | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>There was no evidence in the file that the Underwriter requested or obtained an explanation from the Borrower for the 9 inquiries, dated from 05/16/2006 through 06/29/2007,which resulted in the undisclosed installment loan, listed on the origination credit report dated 07/19/2007.<br><br>Despite the Seller's representations, there is no evidence in the file that the credit inquiries for the previous 90 days were investigated so as to determine whether such inquires resulted in additional debt undisclosed on the loan application, such that an accurate credit profile was verified.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847135 | |

Cowen_US Bank_Final_Version_27

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain Required Documentation | Failure to Obtain Required Documentation | 2 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit worthiness, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to credit worthiness.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The origination credit report dated 07/19/2007 reflected the Borrower had 3x30 day late payments, 2x60 day late payments and 2x90 day late payments; however, a letter of explanation was not provided.<br><br>Despite the Seller's representations, there is no evidence in the loan file that Borrower provided an explanation letter for the Borrower's derogatory credit.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2847135 |
| . | | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Income | Improper Calculation of Income | 3 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Accurate calculation of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>A monthly income of $14,696 was used to determine the Debt to Income ratio. The Lender used the Borrower's 12 months bank statements for income calculation purposes. The Borrower's bank statements reflected direct deposit payroll which according to the guidelines if payroll deposits are shown on a bank statement then that income is to be used for calculating appropriate gross income. The Borrower's bank statements reflected total payroll direct deposits in the amount of $110,124, or $9,177 per month. The correct recalculation results in a monthly income of $9,177.<br><br>Despite the Seller's representations, a review of the loan file reveals the Lender failed to accurately calculate the Borrower's income, which constitutes an event of default under the executed Mortgage and/or Deed of Trust, and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2847135 |

**Digital Risk - Loan Review Findings**

Cowen_US Bank_Final_Version_27      08-13555-mg    Doc 46080-6    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
Part 2 Pg 168 of 271

| | | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 4 | 3 | The Borrower represented her debt obligations. A review of the audit credit report reflected the Borrower obtained an undisclosed installment loan prior to the subject loan closing of 08/24/2007. In 06/2007, the Borrower obtained an undisclosed installment loan in the amount of $28,999 with a monthly payment of $521, calculated by utilizing 3% interest rate amortized over a 5 year term.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $521 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847135 |

| 9 | 0015065733 | 1st | SAIL 2003-BC5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/15/2003, in the amount of $291,975, as a cash out refinance of an owner occupied detached single family residence property located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset loan, with an 85% Loan to Value/Combined Loan to Value, and a 41.258% Debt to Income ratio. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $291,975.00 | 2845701 | |
| . | | | | 1.04 (b) (xii) SAIL 2003-BC5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2003-BC5_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845701 | |
| . | | | | 1.04 (c) (v) SAIL 2003-BC5_No Fraud<br><br>1.04 (c) (vii) SAIL 2003-BC5_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application as the Owner of a Landscaping business for 4.2 years. On 03/15/2004, the Borrower filed a chapter 13 bankruptcy in the District of Colorado United States Bankruptcy Court. Per the Statement of Financial Affairs, section 18, the debtor was required to disclose any self-employment within 6 years preceding the commencement of the case; however, no self employment was disclosed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment as the Owner of a Landscaping business for 4.2 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845701 | |
| . | | | | 1.04 (c) (v) SAIL 2003-BC5_No Fraud<br><br>1.04 (c) (vii) SAIL 2003-BC5_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented the disclosed income. The Borrower falsely stated income as an Owner of a landscaping business for 4.2 years, earning $7,500 per month on the loan application. On 03/15/2004, the Borrower filed a chapter 13 bankruptcy in the District of Colorado United States Bankruptcy Court. Per the Statement of Financial Affairs, section 18, the debtor was required to disclose any self-employment within 6 years preceding the commencement of the case; however, no self employment was disclosed. In addition, the Statement of Financial Affairs did not reflect any income from self-employment.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a Landscaping business earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845701 | |

Page 169 of 271

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 9:09:38 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 0017703612 | 1st | SAIL 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/19/2004, in the amount of $378,250, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 85% Loan to Value/Combined Loan to Value, and a 39.93% Debt to Income ratio. There was a Manual approval dated 04/18/2004, in the loan file. | Stated | $378,250.00 | 2845717 |
| . | | | | 1.04 (b) (xiii) SAIL 2004-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xiv) SAIL 2004-10_No High Cost - Deemed MnA<br><br>1.04 (b) (xv) SAIL 2004-10_No High Cost - HOEPA - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-10_Origination Practices | High Cost Loan - State | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable state law.<br><br>The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law.<br><br>The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The loan fees ($17,964.03) exceed the New Jersey (NJ) Covered Loan fee limit, which is ($14,934.94), the difference is ($3,029.09).<br><br>Despite the Seller's representations, the subject loan was a "covered" or high cost loan as defined by applicable state law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845717 |
| . | | | | 1.04 (b) (xviii) (e) SAIL 2004-10_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAIL 2004-10_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-10_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. A review of the Mortgage Electronic Registration Systems (MERS) and the audit credit report reflected the Borrower obtained an undisclosed installment loan and an undisclosed mortgage prior to and on the same day as the subject loan closing of 04/26/2004. On 04/26/2004, the Borrower obtained an undisclosed refinance of a property located in East Brunswick, NJ in the amount of $180,600 with an undisclosed payment difference of $315. In 03/2004, the Borrower obtained an undisclosed installment loan in the amount of $28,752. The Borrower paid off a disclosed installment loan. The undisclosed payment difference is $293.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower's misrepresented her debt obligations by failing to disclose $607 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2845717 |
| 11 | 0018156828 | 1st | SAIL 2004-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/03/2004, in the amount of $272,000, as a cash out refinance of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Full Documentation loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.23% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $272,000.00 | 2845742 |
| . | | | | 1.04 (b) (xiii) SAIL 2004-11_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-11_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845742 |

| 12 | 0018192005 | 1st | SAIL 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/13/2004, in the amount of $266,500, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with a 67.81%/93.27% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.29% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $266,500.00 | 2845722 | |
| . | | | | 1.04 (b) (xiii) SAIL 2004-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-10_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845722 | |
| 13 | 0018210237 | 1st | SAIL 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/10/2004, in the amount of $55,000, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Full Documentation loan, with an 84.62% Loan to Value/Combined Loan to Value, and a 49.79% Debt to Income ratio. There was a Manual approval dated 08/04/2004, in the loan file. | Full | $55,000.00 | 2845723 | |
| . | | | | 1.04 (b) (xiii) SAIL 2004-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-10_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845723 | |
| 14 | 0040834152 | 1st | LMT 2007-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/07/2007, in the amount of $107,200, as a purchase of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 37.163% Debt to Income ratio. There was a Manual approval dated 08/07/2007, in the loan file. | Stated | $107,200.00 | 2845276 | |
| . | | | | 1.04 (c) (vii) LMT 2007-10_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Sub Contractor, installing fireplaces, earning $6,000 per month on the loan application. An audit verification of employment was obtained from the Borrower's employer, which revealed the Borrower's actual income for the subject year loan closing 2007 was $4,061 per month.<br><br>The Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Subcontractor earning $6,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845276 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (vii) LMT 2007-10_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower represented the subject property as an owner occupied property. The Borrower did not reside in the subject property for 1 full year after the subject loan closing of 06/07/2007. On 06/11/2009, the Borrower filed a chapter 7 bankruptcy in the Western district of Texas, Austin Division, United States Bankruptcy Court. Per the Statement of Financial Affairs, section 15, the debtor is required to disclose all addresses where the debtor has resided within 3 years immediately preceding the commencement of the bankruptcy case. The Borrower indicated residing at the subject property from 08/2007 through 03/2008. The Borrower disclosed residing at a property located in Austin, Texas from 03/2008 through 02/2009. A search of vehicle registration records reflect the Borrower registered a vehicle on 10/01/2007, using an address in Kyle, Texas. A review of Voter Registration records reflect the Borrower used an address other than the subject property in Austin, Texas to register to vote as recent as 08/22/2007.<br><br>The Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845276 | |
| 15 | 0117078295 | 1st | SAS 2007-TC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/22/2001, in the amount of $61,600, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 75.12% Loan to Value/Combined Loan to Value, and a 30.41% Debt to Income ratio. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $61,600.00 | 2844778 | |
| . | | | 1.04 (b) (xiii) SAS 2007-TC1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xxxvii) SAS 2007-TC1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844778 | |
| . | | | 1.04 (c) (xxxviii) SAS 2007-TC1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The complete origination appraisal is missing from the loan file. The loan file only contained the first two pages of the origination appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2844778 | |

Cowen_US Bank_Final_Version_27

| 16 | 0120900733 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting nor a Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The subject loan closed on 05/04/2006, in the amount of $90,950, as a purchase of a non-owner occupied Single Family Residence. The loan data tape reflects the loans was approved with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV). The loan file only contained the Borrower's signed Note, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $90,950.00 | 2845972 |
| . | | | 1.04 (b) (xii) SAIL 2006-BNC3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xli) (g) SAIL 2006-BNC3_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xli) (h) SAIL 2006-BNC3_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) SAIL 2006-BNC3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845972 |
| . | | | 1.04 (b) (xii) SAIL 2006-BNC3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xli) (g) SAIL 2006-BNC3_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xli) (h) SAIL 2006-BNC3_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) SAIL 2006-BNC3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845972 |
| . | | | 1.04 (b) (xxxiv) SAIL 2006-BNC3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845972 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate      Run: 7/31/2013 9:09:38 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

421

| 17 | 0122256241 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/04/2006, in the amount of $65,100, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 63.82% Loan to Value/Combined Loan to Value and a 31.04% Debt to Income Ratio (DTI). There was a Manual approval dated 08/09/2006, in the loan file. | Full | $65,100.00 | 2844927 |
| . | | | 1.04 (b) (xii) BNC 2006-2_Compliance with Applicable Law - Deemed MnA 1.04 (b) (xiii) No High Cost - S&amp;P - Deemed MnA 1.04 (b) (xiv) BNC 2006-2_No High Cost - Deemed MnA 1.04 (b) (xxxiii) BNC 2006-2_Origination Practices | High Cost Loan - State | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable state law. The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law. The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The loan fees ($3,899.10) exceed the (WI) High Cost fee limit, which is ($3,669.71), the difference is ($229.39). Despite the Seller's representations, the subject loan was a "covered" or high cost loan as defined by applicable state law. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844927 |
| 18 | 0123549974 | 1st | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/12/2006, in the amount of $87,550, as a cash out refinance of a non owner occupied property. The loan was approved as a Full Documentation loan, with an 85% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage and Title Commitment. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $87,550.00 | 2845048 |
| . | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA 1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1 1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file. The Seller represented that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845048 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xi) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845048 | |
| . | | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845048 | |
| 19 | 0123550451 | 1st | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 12/15/2006, in the amount of $40,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a full documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br>The loan file only contained the Borrower's signed Note, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $40,000.00 | 2845051 | |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xi) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845051 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xi) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845051 |
| . | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845051 |
| . | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845051 |

| 20 | 0124028424 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/16/2007 in the amount of $63,750, as a purchase of a non-owner occupied Single Family Residence (SFR). The loan was approved as a Full Documentation loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $63,750.00 | 2845106 | |
| . | | | 1.04 (b) (xii) BNC 2007-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxiii) BNC 2007-2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845106 | |
| . | | | 1.04 (b) (xii) BNC 2007-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxiii) BNC 2007-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845106 | |
| . | | | 1.04 (c) (xxxiv) BNC 2007-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845106 | |
| . | | | | | | **Grand Total of Repurchase Demand** | | | | | **$3,808,775.00** | | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0015374275 | 2nd | SAIL 2003-BC9 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $25,900.00 | 2845709 | |
| | . | | | 1.04 (b) (xiii) SAIL 2003-BC9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2003-BC9_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2003-BC9_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2003-BC9_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Final Hud-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845709 | |
| | . | | | 1.04 (b) (xiii) SAIL 2003-BC9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2003-BC9_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2003-BC9_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2003-BC9_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845709 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xiii) SAIL 2003-BC9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAIL 2003-BC9_Mortgage File<br><br>1.04 (c) (xvii) SAIL 2003-BC9_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 5 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject note was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845709 | |
| . | | | 1.04 (c) (xviii) SAIL 2003-BC9_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845709 | |
| 2 | 0031351646 | 1st | SAIL 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/01/2005, in the amount of $294,400, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/95% loan-to-value/combined loan-to-value, and a 45.61% debt-to-income ratio. There was a Manual approval dated 06/03/2004, in the loan file. A second mortgage in the amount of $55,200 was closed simultaneously. | Stated | $294,400.00 | 2845808 |
| . | | | 1.04 (c) (v) SAIL 2005-10_No Fraud<br><br>1.04 (c) (xviii) SAIL 2005-10_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as a Manager of a retail store for 7 years. The loan file contained a post-closing letter from the Borrower, which revealed she was not employed in 2004 and 2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Retail Store Manager for 7 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845808 | |
| . | | | 1.04 (c) (v) SAIL 2005-10_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-10_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Retail Store Manager for 7 years earning $8,000 per month on the loan application. The loan file contained a post-closing letter from the Borrower, which revealed she was not employed in 2004 and 2005. The subject loan closed on 08/01/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Retail Store Manager earning $8,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845808 | |
| . | | | | | | | | | | | |

# Digital Risk - Loan Review Findings
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 180 of 271

Cowen_US Bank_Final_Version_22

| # | Loan # | | | | | | | | Finding Detail | | $ | |
|---|--------|---|---|---|---|---|---|---|----------------|---|---|---|
| 3 | 0120580717 | 1st | | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 03/29/2006, in the amount of $49,792, as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/ Verified Assets loan, with a 90%/100% Loan to Value/ Combined Loan to Value, and a 49.22% Debt to Income Ratio. There was a Manual Approval dated 03/28/2006, in the loan file. A review of the Borrower's bankruptcy documents filed 08/27/2008 reveal that the income used at origination was overstated. | Stated | $49,792.00 | 2845873 |
| . | | | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1 | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a self-employed Janitor earning $5,000 per month on the loan application. According to a Statement of Financial Affairs filed by the Borrower with the Eastern District of Virginia Division Bankruptcy Courts as part of a Chapter 13 Bankruptcy case dated 08/27/2008, the Borrower's income was $1,000 per month in 2006 the year the subject loan closed.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a self-employed Janitor earning $5,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845873 |
| | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud

1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | | | | | | | |
| . | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud

1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 3 | The Borrower misrepresented her debt obligations. An Audit Credit Report revealed that the Borrower did not disclose that she closed out one auto loan to open another in 03/2006, the same month as the subject closing. The new loan amount increased $11,234 with a new monthly payment of $655, which was $224 higher than the monthly payment that was disclosed at origination.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $224 increase in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845873 |
| 4 | 0120887997 | 1st | | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 05/19/2006, in the amount of $113,000, as a cash-out refinance of an owner-occupied single family property. The loan was approved as a Full Documentation loan, with a 64.57% Loan to Value/Combined Loan to Value, and a 47.32% Debt to Income Ratio. There was a Manual Approval dated 05/18/2006, in the loan file. A review of the Audit Credit Report and the MERS report revealed an undisclosed mortgage that was reported by the Borrower's disclosed rental property. | Full | $113,000.00 | 2845937 |
| . | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud

1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented her debt obligations. A review of an audit credit report and the Mortgage Electronic Registry System report revealed an undisclosed mortgage secured by the Borrower's disclosed rental property. The mortgage was opened on 12/23/2005, 5 months prior to the subject loan closing on 05/19/2006, in the amount of $49,540 with a monthly payment of $471.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $471 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845937 |
| . | | | | | | | | | | | | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate    Run: 4/30/2013 6:02:30 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final_Version_22

| 5 | 0121305643 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/22/2006, in the amount of $138,800, as a cash-out refinance of an owner-occupied condominium. The loan was approved as a Full Documentation loan, with a 70.1% Loan to Value/Combined Loan to Value, and a 36.66% Debt to Income Ratio. There was a Manual Approval dated 06/20/2006, in the loan file. A review of the loan file revealed an undisclosed property and mortgage. | Full | $138,800.00 | 2846062 | |
| . | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No of Debt Obligations - No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentatio n of Debt Obligations - No Red Flags Present | Misrepresentatio n of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of an audit credit report and the Mortgage Electronic Registry System report revealed an undisclosed property and a mortgage opened on 04/25/2006, 2 months prior to the subject loan closing on 06/22/2006, in the amount of $440,000 with a monthly payment of $3,306.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $3,306 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846062 | |
| 6 | 0121340400 | 2nd | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/01/2006, in the amount of $110,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.418% Debt to Income Ratio (DTI). There was a Manual approval dated 06/09/2006, in the loan file. | Stated | $110,000.00 | 2846141 | |
| . | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No of Income - No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentatio n of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a fencing company for 2 years, earning $12,500 per month and rental income in the amount of $2,400 for his departing residence on the loan application. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the Eastern District of Virginia on 05/26/09. The petition included a Statement Financial Affairs, which revealed the Borrower earned $4,841 in 2007, the year after the subject loan closed and revealed the Borrower continued to reside in his departing address after the subject loan closing. It is unlikely the Borrower's income would have decreased considering the Borrower was self employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a fencing company for 2 years, earning $12,500 per month and rental income in the amount of $2,400 for his departing residence on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846141 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan application reflected the Borrower owed his departing residence for 3 years and would be renting the property after the subject loan closing and would receive $2,400 per month in rental income. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the Eastern District of Virginia on 05/26/09. The petition included a Statement Financial Affairs, which revealed the Borrower continued to reside in his departing address after the subject loan closing and did not reside in the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846141 | |
| 7 | 0122255037 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 08/15/2006, in the amount of $340,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 24.88% debt-to-income ratio. There was a Manual approval dated 08/18/2006, in the loan file. A second mortgage in the amount of $85,000 was closed simultaneously. | Stated | $340,000.00 | 2844923 | |
| . | | | | 1.04 (b) (xl) (d) BNC 2006-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the Mortgage Electronic Registration System, the audit credit report and the bankruptcy documentation revealed 4 undisclosed mortgages tied to 2 undisclosed properties located in Elmont, NY and Seaford, NY and an undisclosed automobile loan. The first 2 undisclosed mortgages tied to the undisclosed property located in Seaford, NY closed on 07/07/2006, 1 month prior to the subject loan closing, with loan amounts of $740,000 and $185,000 and monthly payments of $5,795 and $1,423. The second undisclosed mortgages tied to the undisclosed property located in Elmont, NY closed on 08/16/2006, the same month as the subject loan closing, with loan amounts of $90,000 and $360,000 and monthly payments of $943 and $2,768. The undisclosed automobile loan closed on 08/2006 with a loan amount of $17,709 and a monthly payment of $337. The subject loan closed on 08/15/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $11,266 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2844923 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/30/2013 6:02:30 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**430**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xl) (d) BNC 2006-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. The loan application indicated the Borrower was the Owner of an automobile company for 6 years. The loan file contained a letter from a Certified Public Accountant and a business license; however, the business license reflected the business was owned by a third party with the same last name as the Borrower. The bankruptcy documentation filed by the Borrower on 02/15/2008 with the United States Bankruptcy Court Eastern District of New York, revealed the Borrower had did not have an ownership interest in any business in the prior 6 years. The subject loan closed on 08/15/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Owner of an automobile company for 6 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844923 | |
| . | | | 1.04 (b) (xl) (d) BNC 2006-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of an automotive company earning $25,000 per month on the loan application. The bankruptcy documentation filed by the Borrower on 02/15/2008 with the United States Bankruptcy Court Eastern District of New York revealed the Borrower had did not have an ownership interest in any business in the prior 6 years; therefore, the Borrower did not have any self-employment income for the year of the subject loan closing in 2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as Owner of an automotive company earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2844923 | |
| . | | | 1.04 (b) (xxi) BNC 2006-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented his intent to occupy the subject property. The bankruptcy documentation filed by the Borrower on 02/15/2008 with the United States Bankruptcy Court Eastern District of New York, revealed the Borrower continued to reside at his departing residence disclosed on the loan application located in Westbury, NY.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2844923 | |
| | | | | | | | | | | | | |
| 8 | 0122257017 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/29/2006, in the amount of $157,500, as a cash out refinance of a non-owner occupied single family residence located in a planned unit development. The loan was approved as a Full Documentation loan (12 month bank statements), with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.92% Debt to Income Ratio (DTI). There was a Manual approval dated 08/25/2006, in the loan file. | Full | | $157,500.00 | 2844930 | |

Cowen_US Bank_Final_Version_22

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 184 of 271

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xi) (d) BNC 2006-2_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Income | Improper Calculation of Income | 2 | 3 | The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan. A monthly negative rent loss for other properties owned in the total amount of $1,625 was used to determine the Debt to Income Ratio (DTI). The monthly rent loss was calculated using a 5% vacancy factor; however, leases were provided to calculate the rental income at origination, which require a 25% vacancy factor resulting in a monthly negative rent loss of $3,282. Despite the Seller's representations, a review of the loan file reveals the Lender failed to accurately calculate the Borrower's income. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844930 | |
| 9 | 0122262215 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/11/2006, in the amount of $179,140, as a purchase of an owner occupied, 2-unit property. The loan was approved as a Stated Income/Verified Assets loan, with an 100% loan-to-value/combined loan-to-value, and a 33.09% debt-to-income ratio. There was a Manual approval dated 08/14/2006, in the loan file. | Stated | | $179,140.00 | 2844938 | |
| . | | | 1.04 (b) (xi) (d) BNC 2006-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the Mortgage Electronic Registration System and the audit credit report revealed 2 undisclosed mortgages secured by an undisclosed property located in Albany, NY, which closed on 07/20/2006, 1 month prior to the subject loan closing on 08/11/2006. The first undisclosed mortgage had a loan amount of $192,920 and a monthly payment of $1,457. The second undisclosed mortgage had a loan amount of $48,230 and a monthly payment of $472. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,929 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844938 | |
| . | | | 1.04 (b) (xi) (d) BNC 2006-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Body Mechanic earning $6,358 per month on the loan application. An audit re-verification of employment was obtained from the Borrower's employer, which indicated the Borrower was not employed at the time of the subject loan closing; therefore, the Borrower did not have income for the year of the subject loan closing. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as a Body Mechanic earning $6,358 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844938 | |

Cowen_US Bank_Final_Version_22

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xxi) BNC 2006-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented his employment on the loan application as a Body Mechanic for 2 years. An audit re-verification of employment was obtained from the Borrower's employer, which indicated the Borrower was not employed at the time of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Body Mechanic for 2 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2844938 | |
| 10 | 0122274707 | 2nd | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/03/2006, in the amount of $70,200, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.01% debt to income ratio (DTI). There was a Manual approval dated 08/17/2006, in the loan file. | Stated | $70,200.00 | 2844958 | |
| . | | | 1.04 (b) (xxi) BNC 2006-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Computer Technician earning $5,500. The Co-Borrower listed income of $5,400 per month as an Owner/Broker of a real estate company. According to a Statement of Financial Affairs, dated 01/14/2009, filed in the District of Utah, the Borrowers' household income in 2006 was $84,654, or $7,055 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Computer Technician earning $5,500, and the Co-Borrower falsely stated income as a Real Estate Broker/Owner earning $5,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2844958 | |
| . | | | | | | | | | | | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 4/30/2013 6:02:30 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final_Version_22

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 0122275910 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 8/22/2006, in the amount of $114,400, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 42.15% Debt to Income Ratio. There was a manual approval dated 8/22/2006, in the loan file. | Stated | $114,400.00 | 2844960 | |
| . | | | 1.04 (c) (xxxiv) BNC 2006-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 1 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The complete origination appraisal is missing from the loan file. The appraisal provided was missing page 3, which reflects three out of four comparables required to be a complete and accurately evaluate the property.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2844960 | |
| 12 | 0123012825 | 1st | SAS 2006-Z | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/13/2006, in the amount of $545,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 100% loan-to-value/combined loan-to-value, and a 51.24% debt-to-income ratio. There was a Manual approval dated 10/18/2006, in the loan file. | Stated | $545,000.00 | 2844768 | |
| . | | | 1.04 (c) (v) SAS 2006-Z_No Fraud<br><br>1.04 (c) (vii) SAS 2006-Z_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan file contains post closing income documentation, including the Borrower's 2007 and 2008 tax returns, which indicate the Borrower remained in his departing residence located in Westbury, NY.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844768 | |
| 13 | 0123020976 | 1st | SAS 2006-Z | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/31/2006, in the amount of $300,000, as a purchase of an owner occupied two-unit property. The loan was approved as a Stated Income Verified Assets (SIVA) loan, with a 100% Loan to Value/Combined Loan to Value, and a 41.54% Debt to Income Ratio. There was a manual approval dated 11/03/2006, in the loan file. | Stated | $300,000.00 | 2844764 | |
| . | | | 1.04 (c) (v) SAS 2006-Z_No Fraud<br><br>1.04 (c) (vii) SAS 2006-Z_No Event of Default | Misrepresentation of Housing History - With No Red Flags Present | Misrepresentation of Housing History | 1 | 3 | The Borrower misrepresented his housing history. The final application signed by the Borrower reflects he was a renter for three years paying $1,800 per month. Per public records, the main residence of the Borrower was actually purchased by the Borrower on 4/29/1994 for $178,000.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated on the loan application that he rented their current residence for 3 years with a monthly payment of $1,800, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844764 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (v) SAS 2006-Z_No Fraud<br><br>1.04 (c) (vii) SAS 2006-Z_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records conducted through Accurint revealed the Borrower continued to reside at his departing address and did not occupy the subject property. Further, the final application, signed by the Borrower, reflects he was a renter for three years paying $1,800 per month. Per public records, the main residence of the Borrower was actually purchased by the Borrower on 4/29/1994 for $178,000. The Borrower's phone number and voter registration for 2008 reflect the Borrower maintained his primary residence.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and a Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844764 | |
| 14 | 0123021933 | 1st | SASC 2006-BC6 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/23/2006, in the amount of $172,900, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.924% Debt to Income Ratio (DTI). There was a Manual approval dated 10/27/2006, in the loan file. | Full | | $172,900.00 | 2846918 | |
| . | | | 1.04 (b) (xi) SAS 2006-BC6_CLTV | LTV/CLTV Exceeds Max | LTV/CLTV Exceeds Max | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Loan to Value/Combined Loan to Value (LTV/CLTV) in excess of 100%. The origination appraisal, dated 08/18/2006, reflects an appraised value of $182,000; however, acquisition costs or documentation of upgrades and improvements is required for a cash out refinance when the subject property is owned less than 12 months. The title commitment provided in the loan file reflected the Borrowers purchased the subject property land on 12/12/2005, or 10 months prior to the subject loan closing on 10/23/2006, for $53,000 and the current pay off letter provided reflected the Borrowers obtained an open ended mortgage refinance in the amount of $123,500 on 05/05/06. The breakdown of the land pay off and funds used to build the subject property in 2006 or building plans and fees were not provided, therefore, a recalculation of the Borrowers' LTV/CLTV based on the lower amount of $123,500 results in an LTV/CLTV of 140%.<br><br>Despite the Seller's representations, the subject loan was closed with an LTV/CLTV of 140%. | | | 2846918 | |
| . | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Employment | Failure to Verify Employment | 3 | 3 | The loan application reflected the Co-Borrower was employed as an Area Manager for a package delivery service for 1 year and 10 months. The loan file contained a Verification of Employment (VOE), dated 10/20/2006, and an audit verification of employment and income was obtained for the Co-Borrower through The Work Number, which confirmed the Co-Borrower's income and hire date of 01/12/2005, or 10 months prior to the subject loan closing on 10/23/2006. It should be noted, a prior employment history was not reflected on the loan application for the Co-Borrower and the loan file did not contain any prior employment documentation.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Co-Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was no evidence in the file that the Co-Borrower's 2 year employment history was verified<br>and has a significant impact on the Co-Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846918 | |
| . | | | | | | | | | | | | | |

| 15 | 0123022527 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/30/2006, in the amount of $126,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.997% Debt to Income Ratio (DTI). There was a Manual approval dated 11/02/2006, in the loan file. | Stated | $126,000.00 | 2846921 | |
|----|-----------|-----|---------------|---|--------------|--------------|---|---|------|--------|-------------|---------|---|
| | . | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Investigate Credit History | Failure to Investigate Credit History | 2 | 3 | The Borrower's origination credit report, dated 10/11/2006, contained 9 loan inquiries dated from 07/28/2006 through 10/10/2006, which were not addressed at origination.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the file that the credit inquiries were investigated so as to determine whether such inquiries resulted in additional debt undisclosed on the loan application and has a significant impact on the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846921 | |
| | . | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 4 | 3 | The Borrower stated on the loan application that she rented her current residence for 2 years with a monthly payment of $825. The loan file contained a verification of rent, dated 10/18/2006, from a private party, which required 12-months canceled checks to confirm the housing payment history, which were not provided.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file of verification of the Borrower's housing history; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed and has a significant impact on the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846921 | |
| | . | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 6 | 3 | The Borrower misrepresented her debt obligations. A review of the Mortgage Electronic Registration System (MERS) and the audit credit report revealed the Borrower purchased an undisclosed property located in Cleveland, OH on 11/27/2006. The Borrower acquired a mortgage in the amount of $85,500 with a monthly payment of $686 to finance the undisclosed property.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $686 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846921 | |

Cowen_US Bank_Final_Version_22

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 7 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Dispatcher with the local police department earning $4,000 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Northern District of Ohio Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 05/27/2007, the Borrower's income for 2008 was $3,233 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and a Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Dispatcher earning $4,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846921 | |
| 16 | 0123542946 | 1st | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/05/2006, in the amount of $136,800. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no other critical documentation provided for the file that was represented on the data. | Unknown | $136,800.00 | 2845032 | |
| . | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845032 | |

Cowen_US Bank_Final_Version_22

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 190 of 271

| | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xi) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845032 | |
| | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845032 | |
| | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 5 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject note was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845032 | |
| | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845032 | |
| | | | | | | | | | | | | |

Cowen_US Bank_Final_Version_22

| 17 | 0123860884 | 1st | SASC 2007-BC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/04/2007, in the amount of $180,200, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.813% Debt to Income Ratio (DTI). There was a Manual approval dated 01/10/2007, in the loan file. | Full | | $180,200.00 | 2847022 | |
| . | | | | 1.04 (b) (xiii) SAS 2007-BC3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xiv) SAS 2007-BC3_No High Cost - Deemed MnA<br><br>1.04 (b) (xv) SAS 2007-BC3_No High Cost - HOEPA - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2007-BC3_Origination Practices | High Cost Loan - State | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable state law. The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law.<br><br>The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The loan Annual Percentage Rate (APR) (11.875%) exceeds the (NM) High Cost APR limit, which is (11.67%), the difference is (0.205%).<br><br>Despite the Seller's representations, the subject loan was a "covered" or high cost loan as defined by applicable state law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable state law, including, but not limited to, compliance with applicable state or local high cost loan laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847022 | |
| 18 | 0123866865 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/25/2007, in the amount of $133,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.508% Debt to Income Ratio (DTI). There was a Manual approval dated 01/30/2007, in the loan file. | Stated | | $133,000.00 | 2845084 | |
| . | | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-2_No Fraud<br><br>1.04 (c) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Warehouse Specialist earning $4,000 per month on the loan application. An audit verification of employment, obtained through the employer, revealed the Borrower's income for 2007, the same year the subject loan closed, was $1,480 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Warehouse Specialist earning $4,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845084 | |

Cowen_US Bank_Final_Version_22

| 19 | 0123871204 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/05/2007, in the amount of $280,000, as a purchase of an owner occupied 2-unit property. The loan was approved as a Full Documentation loan, with a 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.081% Debt to Income Ratio (DTI). There was a Manual approval dated 01/09/2007, in the loan file. | Full | $280,000.00 | 2845088 | |
| | . | | | 1.04 (b) (xi) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower indicated that he was a Truck Driver with a transportation company for 8 months, earning $3,749 per month. An audit verification of employment, obtained through the Borrower's employer, revealed the Borrower's termination date was on 12/04/2006, which was 1 month and 1 day prior to the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Truck Driver for 8 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845088 | |
| | . | | | 1.04 (b) (xxi) BNC 2007-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Truck Driver earning $3,749 per month on the loan application. The Borrower also falsely stated rental income of $903 per month on the loan application for the second unit of the subject property. An audit verification of employment, obtained through the Borrower's employer, revealed the Borrower's termination date was on 12/04/2006, which was 1 month and 1 day prior to the subject loan closing. Therefore, the Borrower was not employed at the time of the subject loan closing on 01/05/2007. Additionally, the loan file contained an Operating Income Statement for the subject property that reflected the market rent on the second unit was $950 per month. Using the required vacancy rate of 25% for the second unit, the Borrower's positive cash flow from that unit was $713 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Truck Driver earning $3,749 per month and receiving rental income from the second unit of the subject property of $903 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845088 | |
| | . | | | | | **Grand Total of Repurchase Demand** | | | | | **$3,467,032.00** | | |

.
.
.

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/30/2013 6:02:30 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 00011699766 | 1st | SASC 2003-39EX | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $77,900.00 | 2846470 | |
| . | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxvii) SAS 2003-39EX_Mortgage File<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The subject note was missing from the loan file. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2846470 | |
| . | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Final Hud-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846470 | |
| . | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Truth In Lending (TIL) disclosure was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846470 | |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-39EX_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846470 | |

Cowen_US Bank_Final_Version_21

**Digital Risk – Loan Review Findings**
08-13555-mg    Doc 46080-6    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
Part 7

| 2 | 00014342679 | 1st | SASC 2003-39EX | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $67,500.00 | 2846483 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxvii) SAS 2003-39EX_Mortgage File<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject note was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2846483 | |
| . | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Final Hud-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846483 | |
| . | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846483 | |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-39EX_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846483 | |
| . | | | | | | | | | | | | | |

| 3 | 00014496137 | 1st | SASC 2004-GEL3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/15/2002, in the amount of $160,383, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.56% debt to income ratio (DTI). There was a Manual approval dated 12/05/2002, in the loan file. | Stated | $160,383.00 | 2846628 | |
| | | | 1.04 (b) (xiii) SAS 2004-GEL3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-GEL3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Final Hud-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846628 | |
| 4 | 00014683718 | 1st | SASC 2003-39EX | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/04/2002, in the amount of $84,500. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data. | Unknown | $84,500.00 | 2846486 | |
| | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxvii) SAS 2003-39EX_Mortgage File<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject note.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2846486 | |
| | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain final HUD-1.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846486 | |
| | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846486 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xxxiii) SAS 2003-39EX_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to the qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846486 |
| 5 | 00036214674 | 1st | LMT 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/16/2005, in the amount of $325,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 78.32% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.19% Debt to Income Ratio (DTI). There was a Manual approval dated 08/11/2005, in the loan file. | Stated | $325,000.00 | 2845175 |
| | | | 1.04 (c) (v) LMT 2005-1_No Fraud<br><br>1.04 (c) (vii) LMT 2005-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Machine Operator earning $6,800 per month on the loan application. The loan file contained the Borrower's W-2 form for 2007, provided for loss mitigation. The W-2 form revealed the Borrower's income for 2007 was $2,481 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Machine Operator earning $6,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845175 |

# Digital Risk - Loan Review Findings

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 00040599789 | 1st | LMT 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/11/2007 approving $556,000, as a purchase of an owner occupied 2 unit residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.20% Debt to Income Ratio (DTI). There was a Manual approval dated 05/11/2007, in the loan file. | Stated | $556,000.00 | 2845290 | |
| | | | 1.04 (c) (v) LMT 2007-6_No Fraud<br><br>1.04 (c) (vii) LMT 2007-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower purchased an undisclosed property in East Elmhurst, NY in 05/2007, the same month as the subject loan closing. The Borrower obtained a first mortgage on the property in the amount of $556,000 with a monthly payment of $3,517, based on a 5% interest rate for 30 years.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $3,517 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845290 | |
| | | | 1.04 (c) (v) LMT 2007-6_No Fraud<br><br>1.04 (c) (vii) LMT 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated primary self employment income as a Contract Limousine Driver for a company for 2 years, earning $9,500 per month. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the Eastern District of New York on 12/23/2011, which revealed the Borrower earned $676 per month from his primary employment in 2009. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self employment income as a Contract Limousine Driver for a company for 2 years, earning $9,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845290 | |
| | | | 1.04 (c) (v) LMT 2007-6_No Fraud<br><br>1.04 (c) (vii) LMT 2007-6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the Eastern District of New York on 12/23/2011, which revealed the Borrower resided in an undisclosed property located in East Elmhurst NY, purchased in 05/2007, the same month as the subject loan closing. Additional research of public records reported the Borrower resided at the undisclosed address from 07/2007 through 06/2011.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845290 | |

Cowen_US Bank_Final_Version_21

| 7 | 00040707374 | 1st | SARM 2007-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/11/2007, in the amount of $472,000, as a purchase of an owner occupied 2 unit residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NIVA | $472,000.00 | 2846363 | |
| | . | | 1.04 (c) (v) SARM 2007-8_No Fraud<br><br>1.04 (c) (vii) SARM 2007-8_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research of public records revealed the Borrower continued to reside in her departing address from 07/2001 through 05/2011 and reported utilities in the Borrower's name at the departing address from 02/2006 through 12/2012; however, there were no utility records reported for the Borrower at the subject address. The records also reflected the Borrower's Voter's registration was not updated from the departing address and was claimed as her homestead property in 2006, 2007 and 2008; however, the subject property was not. The subject loan closed on 06/11/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846363 | |
| 8 | 00046165916 | 1st | LMT 2007-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/22/2007, in the amount of $258,300, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28.11% Debt to Income Ratio (DTI). There was a Manual approval dated 05/14/2007, in the loan file. | Stated | $258,300.00 | 2845295 | |
| | | | 1.04 (c) (v) LMT 2007-7_No Fraud<br><br>1.04 (c) (vii) LMT 2007-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated self income as the Owner of a used auto and truck sales business for 6 years, earning $10,500 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2009 personal and corporate tax returns, which revealed the Borrower earned $1,333 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self employed with the same business in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a used auto and truck sales business for 6 years, earning $10,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845295 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 4/30/2013 5:28:17 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 9 | 00047890355 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/21/2007, in the amount of $1,450,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 66.83% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 46.79% Debt to Income Ratio (DTI). There was a Manual approval dated 12/21/2007, in the loan file. | Stated | $1,450,000.00 | 2846428 | |
| | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through an audit credit report revealed the Borrower had obtained an undisclosed mortgage in 06/2007, 6 months prior to the subject loan closing on 12/21/20007, in the amount of $780,000 with a monthly payment of $6,626 and had obtained an undisclosed mortgage in 12/2007, the same month as the subject loan closing, in the amount of $219,166 with a monthly payment of $786.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $7,412 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846428 | |
| | . | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a real estate investment company for 20 years, earning $53,560 per month on the loan application. The loan file contained post closing documentation including the Borrower's 2007 tax return, which revealed the Borrower earned $25,583 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a real estate investment company for 20 years, earning $53,560 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846428 | |
| 10 | 00121839997 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/27/2006, in the amount of $125,600, as a purchase of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 36.18% debt-to-income ratio. There was a Manual approval dated 07/27/2006, in the loan file. A second mortgage in the amount of $31,400 was closed simultaneously. | Full | $125,600.00 | 2844809 | |
| | . | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 2 | 3 | The Borrower stated on the loan application that he rented his current residence for 2 years with a monthly payment of $650; however, the loan file did not contain verification of the housing or housing payment history as required.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file of verification of the Borrower's housing history; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844809 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/30/2013 5:28:17 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan | Lien | Deal | Finding | Category | Category | | | Narrative | | Amount | Doc ID |
|---|------|------|------|---------|----------|----------|---|---|-----------|---|--------|--------|
| | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 3 | 3 | Per the final HUD-1 Settlement Statement, the total [funds required for closing were $540. In addition, the Borrower was required to verify earnest money of $1,000. In total, assets of $1,540 were required to be verified. However, the loan file did not contain asset verification from the Borrower's personal account as required.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, there was a $1,540 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844809 |
| 11 | 00121846638 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/21/2006, in the amount of $440,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.95% debt to income ratio (DTI). There was a Manual approval dated 07/28/2006, in the loan file. The Hud-1, revealed the Borrower received $1,395 at closing. | Stated | $440,000.00 | 2844817 |
| | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (b) (xxi) BNC 2006-1_No Fraud

1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower falsely stated income as a Custodian/Janitor earning $8,750 per month on the loan application. An audit Verification of Employment was obtained through the Borrower's employer, which revealed the Borrower's monthly income as $2,499 in 2006, the year the subject loan closed.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Custodian/Janitor earning $8,750 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844817 |
| 12 | 00121868574 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/07/2006, in the amount of $210,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.99% debt to income ratio (DTI). There was a Manual approval dated 07/07/2006, in the loan file. The Hud-1, revealed the Borrower received $36,187 at closing. | Stated | $210,000.00 | 2844866 |
| | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 2 | 3 | Per the final HUD-1 Settlement Statement, the Borrowers were not required to bring funds to closing. In addition, the Borrowers were required to verify 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $5,053 for the subject property. In total, assets of $5,053 were required to be verified; however, the loan file did not contain asset documentation.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, there was a $5,053 shortage of verified assets, which significantly impacted the determination of the Borrowers' reasonability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844866 |

Cowen_US Bank_Final_Version_21

| 13 | 00124058272 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 2/23/2007, in the amount of $220,400, as a purchase of an owner occupied single-family residence. The loan was approved as a Full Documentation loan, with a 95% Loan to Value/Combined Loan to Value, and a 46.10% Debt to Income Ratio. There was a manual approval dated 2/28/2007, in the loan file. | Full | | $220,400.00 | 2847162 | |
| | | | | 1.04 (b) (xi) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 2 | 3 | The Borrowers stated on the loan application that they rented their current residence for 4 years with a monthly payment of $795. The loan file contained a verification of rent, which reflects the Borrowers paid $700 per month in rent for 7 months from 07/01/2006 through 02/2007. The loan file also contained the Borrowers' bank statements, which reflect rent payments of $600 per month being made on 2/2006, 5/2006, 3/2005, 8/04/2005, 8/31/2005, 11/01/2005, 11/17/2005 and 12/2005. The loan file is missing documentation for the rent payments for 1/2006, 3/2006, 4/2006, 6/2006 to complete the most recent 12 months of housing payments.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, there is no evidence in the loan file of verification of the Borrowers' housing history; and as such, there is no evidence in the file that the accuracy of the Borrowers' credit profiles were confirmed. | | | | 2847162 | |
| 14 | 00124428558 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/20/2007, in the amount of $266,950, as a cash-out refinance of an owner-occupied single family residence. The loan was approved as a Full Documentation loan, with a 95% Loan to Value/Combined Loan to Value, and a 47.57% Debt to Income Ratio. There was a Manual Approval dated 04/20/2007, in the loan file. A review of the Audit Credit Report revealed an undisclosed installment debt. | Full | | $266,950.00 | 2847169 | |
| | | | | 1.04 (b) (xii) SAS 2007-BNC1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xi) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xxxiii) SAS 2007-BNC1_Origination Practices | Right of Rescission Invalid /Incomplete / State / Incorrect | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a valid Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Failure to properly execute a right of rescission prior to closing exposes the lender to rescission rights in a foreclosure for the life of the loan.<br><br>Despite the Seller's representations, the Right of Rescission disclosure contained in the loan file was invalid for the following reason: The loan disbursement date (20070425) is earlier than, or the same day as, the calculated "Right to Cancel Expire Date" (20070425). Under Reg Z, funds may not be disbursed to the borrower until after the expiration of the rescission period.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847169 | |
| | | | | 1.04 (b) (xi) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Investigate Credit History | Failure to Investigate Credit History | 2 | 3 | The origination credit report reflected an inquiry on 03/26/2007, which was not addressed at origination and resulted in undisclosed debt.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines<br><br>Despite the Seller's representations, there is no evidence in the file that the credit inquiries were investigated so as to determine whether such inquires resulted in additional debt undisclosed on the loan application, such that an accurate credit profile was verified. | | | | 2847169 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/30/2013 5:28:17 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xi) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-BNC1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-BNC1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 4 | 3 | The Borrower misrepresented his debt obligations. The Credit Report revealed the Borrower obtained an auto installment debt in 03/2007, one month prior to the subject loan closing on 04/20/2007, in the amount of $14,958 with a payment of $348 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $348 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847169 | |
| 15 | 00124661513 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, which reflects a loan amount of $83,200, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $83,200.00 | 2847179 | |
| . | | | 1.04 (b) (xi) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The loan file only contained the Borrower's Note, Mortgage and Title. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847179 | |
| 16 | 00124665407 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/09/2007, in the amount of $214,000, as a cash-out refinance of an owner-occupied single family residence. There was neither an Automated Underwriting System (AUS) nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $214,000.00 | 2847073 | |
| | | | 1.04 (b) (xiii) SAS 2007-BC4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAS 2007-BC4_Written Disclosure - Deemed MnA_Pool 1 | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847073 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii) SAS 2007-BC4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to the provisions of Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The file contains a location map; however, the origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847073 | |
| 17 | 00124672916 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed loan application, the origination credit report, and title. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $456,000.00 | 2847187 | |
| | | | | 1.04 (b) (xii) SAS 2007-BNC1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xi) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xii) (I) SAS 2007-BNC1_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) SAS 2007-BNC1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final Hud-1 was missing from the subject loan file.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller also represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847187 | |
| | | | | 1.04 (b) (xii) SAS 2007-BNC1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xi) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xii) (I) SAS 2007-BNC1_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) SAS 2007-BNC1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847187 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) SAS 2007-BNC1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xxviii) SAS 2007-BNC1_Mortgage File<br><br>1.04 (b) (xxxiii) SAS 2007-BNC1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 4 | 3 | The subject loan did not comply with the Real Estate Settlement Procedures Act because neither was a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject note was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller also represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847187 | |
| | | | 1.04 (b) (xl) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (c) (xxxiv) SAS 2007-BNC1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847187 | |
| 18 | 00124883992 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/06/2007, in the amount of $129,600, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.326% Debt to Income Ratio (DTI). There was a Manual approval dated 07/11/2007, in the loan file. | Stated | $129,600.00 | 2847103 | |
| | | | 1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Flex Manager for a manufacturing company earning $4,200 per month on the loan application. The loan file contained the Borrower's New Mexico Personal Income Tax return for 2007, which was the same year the subject loan closed. The loan file contained the Borrower's personal income tax return for loss mitigation, which revealed the Borrower's income was $2,698 per month. Additionally, the loan file contained a hardship letter, which indicated the Borrower's annual salary was $40,000 or $3,333 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Flex Manager for a manufacturing company earning $4,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847103 | |

| 19 | 00124903790 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/19/2007, in the amount of $349,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation (6 months bank statements) loan, with a 61.77% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.07% debt to income ratio (DTI). There was a Manual approval dated 07/19/2007, in the loan file. The Hud-1, revealed the Borrower received $58,684 at closing. | Full | $349,000.00 | 2847112 | |
| | | | | 1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a contracting company earning $8,725 per month on the loan application. Post closing documentation included the Borrower's 2007 tax returns, which revealed the Borrower's monthly income as $802 per month the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Owner of a contracting company earning $8,725 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847112 | |
| 20 | 0123851107 | 1st | SASC 2007-BC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/22/2007, in the amount of $179,550, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.75% Debt to Income Ratio (DTI). There was a Manual approval dated 01/25/2007, in the loan file. | Stated | $179,550.00 | 2847018 | |
| | | | | 1.04 (c) (v) SAS 2007-BC3_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Account Service Representative earning $6,500 per month on the loan application. The loan file contained post-closing 2006 W-2 form, which revealed the Borrower's actual income for the year prior to the subject loan closing was $50,924 or $4,244 per month. The subject loan closed 01/22/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Account Service Representative earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847018 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate     Run: 4/30/2013 5:28:17 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 21 | 0124031527 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/25/2007 for a note of $191,250, as a cash out refinance of an owner occupied, condominium. The loan was approved as a Stated Income/Verified Assets loan, with an 85% loan-to-value/combined loan-to-value, and a 46.13% debt-to-income ratio. There was a Manual approval dated 02/07/2007, in the loan file. Per the final HUD-1, the Borrower received a disbursement of $2,617 at closing. | Stated | | $191,250.00 | 2845111 | |
| | | | | 1.04 (b) (xi) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Warehouse Associate for 2.5 years, earning $4,900 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $4,900 per month for a Warehouse Associate is unreasonable and is indicative of potential misrepresentation. The United States Bureau of Labor Statistics reported the average salary at the 75th percentile for a Warehouse Associate in 2007 and in the same geographic region was $2,438 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845111 | |
| | | | | 1.04 (b) (xi) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Warehouse Associate earning $4,900 per month on the loan application. The loan file contained a post-closing 2006 W-2 form, which revealed the Borrower's actual income was $38,681 or $3,223 per month for the year prior to the subject loan closing. The subject loan closed on 01/25/2007.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Warehouse Associate earning $4,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust, and significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845111 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/30/2013 5:28:17 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 22 | 0124045923 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/05/2007, in the amount of $159,400, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 70.844% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33.46% Debt to Income Ratio (DTI). There was a Manual approval dated 02/13/2007, in the loan file. | Stated | $159,400.00 | 2845125 |
| | . | | | 1.04 (b) (xl) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Debts | Improper Calculation of Debts | 3 | 3 | The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

Monthly debts of $4,182 were used by the Lender to determine the Debt to Income Ratio (DTI). The following facts support the proper calculation of debts: The loan application reflected the Borrower owned a property with a first mortgage in the amount of $367,666 and a monthly payment of $2,733, which was paid by a third party. The loan file contained 2 months documentation as verification of payment; however, 6 months verification of payment was required in order to exclude the debt from the DTI. In addition, the loan application reflected the Borrower owned an additional property with a first mortgage in the amount of $204,103 with a monthly payment of $1,588 and a second mortgage in the amount of $51,118 with a monthly payment of $561, which were also paid by a third party. The loan file contained 3 months documentation of payments; however, 6 months verification of payment was required in order to exclude the debt from the DTI. The correct recalculation results in a monthly debt of $8,883.

Despite the Seller's representations, a review of the loan file revealed the Lender failed to accurately calculate the Borrower's debts and has a significant impact on the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845125 |
| | . | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (b) (xxi) BNC 2007-2_No Fraud

1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as the Owner of a funeral home for 20 years earning $12,500 per month on the loan application. Research of public records revealed the Borrower filed a Chapter 13 Bankruptcy with the Northern District of Mississippi on 12/15/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower, jointly with her non-borrowing spouse, earned $1,479 per month in 2007 the year the subject loan closed.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

The Seller also represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as the Owner of a funeral home for 20 years earning $12,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845125 |
| 23 | 0124055732 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 2/22/2007, in the amount of $112,500, as a rate and term refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 75% Loan to Value/Combined Loan to Value, and a 44.49% Debt to Income Ratio. There was a manual approval dated 2/27/2007, in the loan file. | Stated | $112,500.00 | 2845136 |

# Digital Risk – Loan Review Findings

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Realtor earning $6,250 per month on the loan application. The loan file contained post-closing 2006 tax returns, which reflected the Borrower earned $0 income as a Realtor the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Realtor earning $6,250 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845136 |
| 24 | 0124241746 | 1st | SASC 2007-BC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2006, in the amount of $297,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.205% Debt to Income Ratio (DTI). There was a Manual approval dated 01/26/2007, in the loan file. | Stated | $297,000.00 | 2847037 |
| | . | | | 1.04 (b) (xiii) SAS 2007-BC3_Compliance with Applicable Law - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (h) SAS 2007-BC3_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAS 2007-BC3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file contained a HUD-1; however, the Borrower's fees on HUD-1 do not equal the total amount on line 103 or 1400.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847037 |
| | . | | | 1.04 (b) (xviii) (d) SAS 2007-BC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC3_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Machine Operator with a packaging company earning $5,550 per month on the loan application. The loan file contained the Borrower's W-2 form for 2006, the year the subject loan closed, which revealed the Borrower's income for 2006 was $2,898 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Machine Operator earning $5,550 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847037 |

| 25 | 0124264862 | 1st | SASC 2007-BC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/23/2007, in the amount of $139,500, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 45% Loan to Value/Combined Loan to Value ( LTV/CLTV), and a 53.081% Debt to Income Ratio (DTI). There was a Manual approval dated 03/05/2007, in the loan file. | Full | | $139,500.00 | 2847045 | |
| | | | 1.04 (b) (xiii) SAS 2007-BC3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (h) SAS 2007-BC3_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAS 2007-BC3_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($360,354.13) is ($35.65) below the actual finance charge ($360,389.78). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i)(2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847045 | |
| 26 | 0400686044 | 1st | SAIL 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 7/14/2004, in the amount of $148,000, as a purchase of an owner occupied single-family residence. The loan was approved as a No Documentation (No Income, No Employment, No Assets) loan, with an 80%/90% Loan to Value/Combined Loan to Value. There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NINENA | | $148,000.00 | 2845729 | |
| | | | 1.04 (b) (xviii) (e) SAIL 2004-10_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAIL 2004-10_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-10_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per public records and an audit credit report, the Borrower had acquired two mortgage liens within 30 days of the subject property loan closing on 7/14/2004. The first property located in located in Kihei, HI was purchased on 5/03/2004 with a mortgage lien of $239,000 and a monthly payment of $1,537. The second property located in Kihei, HI was purchased on 8/04/2004 with a mortgage lien of $220,000 and a monthly payment of $1,593.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $3,130 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845729 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/30/2013 5:28:17 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 27 | 32710303 | 1st | LXS 2006-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/31/2006 in the amount of $106,922, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset (SISA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49% debt to income ratio (DTI). There was a Manual approval dated 04/05/2006, in the loan file. | SISA | $106,922.00 | 2845427 | |
| | | | | 1.04 (b) (xii) LXS 2006-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (G) LXS 2006-8_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (H) LXS 2006-8_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) LXS 2006-8_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Final Hud-1 is in the loan file, however it is illegible.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the origination practices and subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845427 | |
| | | | | 1.04 (b) (xii) LXS 2006-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (G) LXS 2006-8_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (H) LXS 2006-8_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) LXS 2006-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable federal law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Final Truth In Lending (TIL) disclosure is in the file, however it is illegible.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845427 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/30/2013 5:28:17 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xvii) LXS 2006-8_DTI_Pool 2 | Misrepresentation of Income - No Red Flags Present | Misrepresentation of Income | 3 | 3 | | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Service Manager earning $5,250 per month on the loan application. A post closing verification of employment obtained through The Work Number (TWN) revealed the Borrower's monthly income was $3,631 per month the year the subject loan closed. | | | 2845427 |
| | | | 1.04 (c) (v) LXS 2006-8_No Fraud | | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | |
| | | | 1.04 (c) (vii) LXS 2006-8_No Event of Default | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | |
| | | | | | | | | | Despite the Seller's representations, the Borrower falsely stated income as a Service Manager earning $5,250 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | |
| 28 | 38626479 | 1st | LXS 2006-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 7/14/2006, in the amount of $149,600, as cash out refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Stated Asset (SISA) loan, with an 80%/93.37% Loan to Value/Combined Loan to Value, and a 38.13% Debt to Income Ratio. There was a manual approval dated 7/13/2006, in the loan file. | SISA | $149,600.00 | 2845409 |
| | | | 1.04 (c) (v) LXS 2006-15_No Fraud | Misrepresentation of Income - Red Flags Present | Misrepresentation of Income | 1 | 3 | | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner and Operator of a home based Child Day Care Business for 15 years, earning $5,912 per month on the loan application. The loan file contained post-closing 2006 and 2007 tax returns, which reflect the Borrower earned $0 income for 2006 and 2007. | | | 2845409 |
| | | | 1.04 (c) (vii) LXS 2006-15_No Event of Default | Same Year Income Evidence | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | |
| | | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan. | | | |
| | | | | | | | | | Despite the Seller's representations, the Borrower falsely stated income as an Owner and Operator of a home based Child Day Care earning $5,912 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | |
| | | | | | | | | | **Grand Total of Repurchase Demand** | | $7,430,055.00 | |

Cowen_US Bank_Final_Version_20

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 00047919378 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/17/2008, in the amount of $544,000, as a rate and term refinance of an owner occupied 2 unit residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.52% Debt to Income Ratio (DTI). There was a Manual approval dated 01/10/2008, in the loan file. | Stated | $544,000.00 | 2846431 | |
| . | | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Customer Service Director for a supermarket for 17 years, earning $10,950 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2008 tax return and W-2 form, which revealed the Borrower earned $4,303 per month in the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Customer Service Director for a supermarket for 17 years, earning $10,950 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846431 | |
| | | | | | | | | | | | | | |
| 2 | 00121868608 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/07/2006, in the amount of $368,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.99% debt to income ratio (DTI). There was a Manual approval dated 07/07/2006, in the loan file. The Hud-1, revealed the Borrower received $59,050 at closing. | Stated | $368,000.00 | 2844867 | |
| . | | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. A public records search conducted through Accurint, revealed the Borrower had occupied a different residence on the same street as the subject property and the subject property was being utilized as an investment property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844867 | |
| | | | | | | | | | | | | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/30/2013 5:27:46 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 00123256349 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/21/2006, in the amount of $430,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.50% debt to income ratio (DTI). There was a Manual approval dated 11/20/2006, in the loan file. The Hud-1, revealed the Borrower received $19,642 at closing. | Stated | $430,000.00 | 2847145 |
| | . | | 1.04 (b) (xxi) SAS 2007-BNC1_No Fraud  1.04 (b) (xxiii) SAS 2007-BNC1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower falsely stated income as a Operating Room Nurse earning $11,000 per month on the loan application. Post closing documentation contained the Borrower's 2007 tax returns, which revealed the Borrower's monthly income as $9,876. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Operating Room Nurse earning $11,000 per month on the loan application, which not only constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847145 |
| 4 | 0121314892 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/02/2006, in the amount of $207,200, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 20.58% debt to income ratio (DTI). There was a Manual approval dated 06/06/2006, in the loan file. | Full | $207,200.00 | 2846080 |
| | . | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1  1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud  1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A post closing audit credit report revealed the Borrower obtained 2 undisclosed mortgages for a property they purchased 05/02/2006. The first mortgage was opened a loan amount of $478,400, with a monthly payment of $3,060. The second mortgage was opened with a loan amount of $119,600, with a monthly payment of $1,050. The undisclosed debt, which closed prior to the subject loan closing on 06/02/2006.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $4,110 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846080 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Occupancy Misrepresentation of Occupancy | Misrepresentation of Occupancy - With No Red Flags Present | 2 | 3 | The Borrower represented that they occupied the subject property. A public records search conducted through Accurint revealed the Borrower had occupied a different residence in Sicklerville, NJ from 2005 through 2013. The subject property was resided by tenants who were renting the subject property. In addition, the utilities for the subject property, were not in the Borrower's name.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846080 | |
| 5 | 0121324438 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/16/2006, in the amount of $84,000, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 75% loan-to-value/combined loan-to-value, and a 37.82% debt-to-income ratio. There was a Manual approval dated 06/20/2006, in the loan file. Per the final HUD-1, the Borrower received a disbursement of $3,940 at closing. | Full | $84,000.00 | 2846101 | |
| | . | | | 1.04 (b) (xii) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The audit credit report revealed an undisclosed automobile loan, which closed on 05/2006, the month prior to the subject loan closing on 06/16/2006, with a loan amount of $27,757 and a monthly payment of $386.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $386 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846101 | |
| | . | | | | | | | | | | | | |

Copyright 2013, Digital Risk, LLC.     Internal & Confidential - Do Not Duplicate       Run: 4/30/2013 5:27:46 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_US Bank_Final_Version_20

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 0122272685 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/21/2006, in the amount of $90,000, as a cash-out refinance of an owner-occupied single family residence. The loan was approved as a Full Documentation loan, with a 90% Loan to Value/Combined Loan to Value, and a 46% Debt to Income Ratio. There was a Manual approval dated 07/28/2006, in the loan file. | Full | $90,000.00 | 2844955 |
| | . | | 1.04 (b) (xxi) BNC 2006-2_No Fraud  1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the Audited Credit Report revealed an installment loan in the amount of $14,466 and a monthly payment of $169 in 07/2004, 23 months prior to the subject loan closing on 08/01/2006, which was not disclosed at origination or included in the Debt to Income Ratio.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $169 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844955 |
| 7 | 0122279391 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 8/08/2006, in the amount of $200,000, as cash-out refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 48.84% Debt to Income Ratio. There was a manual approval dated 8/14/2006, in the loan file. | Stated | $200,000.00 | 2844969 |
| | . | | 1.04 (b) (xxi) BNC 2006-2_No Fraud  1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a restaurant earning $8,500 per month on the loan application. According to the Statement of Financial Affairs included in the Borrower's Bankruptcy petition filed 8/29/2008 with the Western District of Kentucky Bankruptcy Court, the Borrower's income for the year of the subject loan closing of 2006 was listed as $0.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as an Owner of a restaurant earning $8,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844969 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/30/2013 5:27:46 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 0122998917 | 2nd | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/10/2006, in the amount of $89,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.66% debt to income ratio (DTI). There was a Manual approval dated 10/10/2006, in the loan file. The Hud-1, revealed the Borrower received $87,383 at closing. | Full | $89,000.00 | 2846860 |
| | . | | | 1.04 (b) (xiii) SAS 2006-BC6_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($135,332.05) is ($1,357.08) below the actual finance charge ($136,689.13). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846860 |
| 9 | 0123010399 | 1st | SAS 2006-Z | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/23/2006, in the amount of $544,000, as a rate and term refinance of an owner-occupied single family residence located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset loan, with an 85%/90.47% Loan to Value/ Combined Loan to Value, and a 49.05% Debt to Income Ratio. There was a Manual Approval dated 10/19/2006, in the loan file. The loan closed with a subordinated lien; however, there is no evidence of the subordination agreement or Note to verify the new terms. | Stated | $544,000.00 | 2844769 |
| | . | | | 1.04 (b) (xix) (j) SAS 2006-Z_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-Z_No Fraud<br><br>1.04 (c) (vii) SAS 2006-Z_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Medical Doctor earning $13,000 per month on the loan application. The loan file contained bank statements covering the year of 2008, due to a request for loan modification, which verified the Borrower's average monthly income to be $5,596. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and a Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Medical Doctor earning $13,000 per month on the loan application, which not only constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844769 |

Cowen_US Bank_Final_Version_20

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 0123031825 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | | | |

The subject loan closed on 10/11/2006, in the amount of $180,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 90% loan-to-value/combined loan-to-value, and a 29.09% debt-to-income ratio. There was a Manual approval dated 10/09/2006, in the loan file.
| Stated | $180,000.00 | 2846939 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | | | 2846939 |

The Borrower misrepresented his debt obligations. A review of the audit credit report, Mortgage Electronic Registration System and SiteX.com revealed 2 undisclosed mortgages secured by 2 undisclosed properties located in Orlando, FL and South Daytona, FL. The first undisclosed mortgage located in Orlando, FL closed on 10/13/2006 with a loan amount of $205,200 and a monthly payment of $1,559. The second undisclosed mortgage located in South Daytona, FL closed on 10/05/2006 with a loan amount of $211,500 and a monthly payment of $1,591. The subject loan closed 10/11/2006.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $3,150 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 0123516528 | 1st | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | | | |

There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller.
| Unknown | $148,000.00 | 2844993 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | | | 2844993 |

The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 4/30/2013 5:27:46 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA

1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1

1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844993 |
| . | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA

1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 5 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject note was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.

Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844993 |
| . | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2844993 |
| . | | | | | | | | | | | |

Cowen_US Bank_Final_Version_20

| 12 | 0123517419 | 1st | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/21/2006, in the amount of $349,000, as a purchase of an owner-occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value, and a 37% Debt to Income Ratio. There was a Manual approval dated 12/20/2006, in the loan file. | Stated | $349,000.00 | 2844994 |
| | | | 1.04 (b) (xl) (I) BNC 2007-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-1_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Near Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Comptroller earning $10,416 per month on the loan application. The loan file contained post-closing tax transcripts for the year of 2007 revealing the Borrower's earnings of $73,605, or $6,133 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer and in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Comptroller, earning $10,416 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844994 |
| 13 | 0124027020 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/31/2007, in the amount of $394,000, as a cash-out refinance of an owner-occupied single family residence. The loan was approved as a Full Documentation loan, with an 87.56% Loan to Value/ Combined Loan to Value, and a 44.56% Debt to Income Ratio. There was a Manual approval dated 01/30/2007, in the loan file. A review of the subject loan file revealed an undisclosed auto loan, which increased the DTI from 44.56% to 54.96%. | Full | $394,000.00 | 2845104 |
| | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Investigate Credit History | Failure to Investigate Credit History | 1 | 3 | The origination credit report, dated 01/23/2007, had an inquiry on 01/02/2007 that directly resulted in to an auto loan found on the audited credit report, which was not disclosed on the origination application and was not included in the Debt to Income Ratio.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the file that the credit inquiries were investigated so as to determine whether such inquires resulted in additional debt undisclosed on the loan application, such that an accurate credit profile was verified.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845104 |

Part 2 Pg 220 of 271

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented his debt obligations. A review of an Audit Credit Report revealed an undisclosed auto loan in the amount of $33,335 with a payment of $650 per month obtained in 01/2007, which is the same month as the subject loan closing.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and a Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $650 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845104 |
| 14 | 0124253923 | 1st | SASC 2007-BC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/22/2007, in the amount of $306,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.34% debt to income ratio (DTI). There was a Manual approval dated 03/21/2007, in the loan file. The Hud-1, revealed the Borrower received $2,697 at closing. | Stated | $306,000.00 | 2847042 |
| . | | | | 1.04 (c) (v) SAS 2007-BC3_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Retail store Manager earning $7,246 per month on the loan application. A post closing verification of employment was obtained through The Work Number, revealed the Borrower's 2007 monthly income was $4,776.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Retail Store Manager earning $7,246 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847042 |

Cowen_US Bank_Final_Version_20

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | 32665960 | 1st | LXS 2006-8 | | Loan Summary | Loan Summary | 0 | 0 | We submitted an unsigned 4506-T, in the loan amount of $665,000, as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Stated Assets loan, with a 70%/90% Loan to Value/Combined Loan to Value, and a 21% Debt to Income Ratio. There was a Manual Approval dated 03/15/2006, in the loan file. | SISA | $665,000.00 | 2845423 | |
| | . | | | 1.04 (b) (xvii) LXS 2006-8_DTI_Pool 2<br><br>1.04 (b) (xviii) (D) LXS 2006-8_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) LXS 2006-8_No Fraud<br><br>1.04 (c) (vii) LXS 2006-8_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Regional Sales Manager earning $20,000 per month on the loan application. The loan file contained post-closing documents due to a request for loan modification, which revealed the Borrower earned $22,442, or $1,870 per month in 2006, the same year of the subject closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and a Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Regional Sales Manager earning $20,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845423 | |
| | | | | | | | | | **Grand Total of Repurchase Demand** | | $4,598,200.00 | | |

.
.
.
.

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 4/30/2013 5:27:46 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000040110439 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/09/2007, in the amount of $160,000, as a rate and term refinance of a non-owner single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47% Debt to Income Ratio (DTI). There was a Manual approval dated 02/05/2007, in the loan file. | Stated | $160,000.00 | 2845441 | |
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 47% to 76.19%, which exceeds the Seller's represented 60% DTI. | | | 2845441 | |
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Registered Nurse Case Manager for a medical center for 25 years, earning $10,000 per month on the loan application. An audit verification of employment and income was obtained from the employer, which revealed the Borrower earned $5,179 per month in 2008, based on the 9 month average of income available. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Registered Nurse Case Manager for a medical center for 25 years, earning $10,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845441 | |
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Registered Nurse Case Manager for a medical center for 25 years, earning $10,000 per month on the loan application. An audit verification of employment and income was obtained from the employer, which revealed the Borrower earned $5,179 per month in 2008, based on the 9 month average of income available. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 76.19%, which exceeds the Seller's represented 60% Debt to Income ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Registered Nurse Case Manager for a medical center for 25 years, earning $10,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845441 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 4/29/2013 6:21:00 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final_Version_19

| 2 | 000000040251324 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/20/2007, in the amount of $153,425.00, as a purchase of a non-owner condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.243% Debt to Income Ratio (DTI). There was a Manual approval dated 03/15/2007, in the loan file. | Stated | $153,425.00 | 2845444 |
| | . | | | 1.04 (c) (v) LXS 2007-10H_No Fraud 1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Co-Borrower misrepresented his debt obligations. Research of public records revealed the Co-Borrower purchased an undisclosed property on 03/16/2007, 24 days after the subject loan closing on 02/20/2007, and obtained a first mortgage in the amount of $116,000 and a second mortgage in the amount of $15,000. The first mortgage payment was calculated at a 5% interest rate for 30 years, resulting in a monthly payment of $622 and the second mortgage payment was calculated at a 5% interest rate for 30 years, resulting in a monthly payment of $80.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Co-Borrower misrepresented his debt obligations by failing to disclose $702 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845444 |
| | . | | | 1.04 (c) (v) LXS 2007-10H_No Fraud 1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Truck Driver for 25 years, earning $5,640 per month, the Co-Borrower falsely stated income as a Loan Specialist for a bank for 5 months, earning $10,167 per month and the third Borrower falsely stated income as a Mail Carrier for 2.6 years, earning $5,868 per month on the loan application. An audit verification of employment and income conducted through The Work Number revealed the Borrower earned $4,421 per month, the Co-Borrower earned $6,904 per month and the third Borrower earned $5,324 per month in 2007 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Truck Driver for 25 years, earning $5,640 per month, the Co-Borrower falsely stated income as a Loan Specialist for a bank for 5 months, earning $10,167 per month and the third Borrower falsely stated income as a Mail Carrier for 2.6 years, earning $5,868 per month per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845444 |
| 3 | 000000045294170 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/07/2007, in the amount of $154,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset (SISA) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.89% Debt to Income Ratio (DTI). There was a Manual approval dated 02/02/2007, in the loan file. | SISA | $154,000.00 | 2845613 |
| | . | | | 1.04 (b) (xviii) LXS 2007-5H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 31.89% to 306.71%, which exceeds the Seller's represented DTI 60%. | | | 2845613 |
| | . | | | 1.04 (b) (xviii) LXS 2007-5H_DTI 1.04 (c) (v) LXS 2007-5H_No Fraud 1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self employed Insurance Agent for an insurance company for 4 years, earning $4,865 per month. The loan file contained post closing income documentation including the Borrower's 2007 tax return, which revealed the Borrower's self employment income from insurance sales was $495 per month the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self employed Insurance Agent earning $4,865 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845613 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 4/29/2013 6:21:00 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 4 | 00011768959 | 1st | SASC 2003-39EX | | Loan Summary | Loan Summary | 0 | 0 | There was neither an FHA nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $96,300.00 | 2846473 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxvii) SAS 2003-39EX_Mortgage File<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject Note was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2846473 | |
| . | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the subject loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846473 | |
| . | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846473 | |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-39EX_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846473 | |
| . | | | | | | | | | | | | | |

| 5 | 00014922405 | 1st | SASC 2003-39EX | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/29/2002 in the amount of $200,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data. | Unknown | $200,000.00 | 2846492 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | . | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxvii) SAS 2003-39EX_Mortgage File<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject note.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2846492 | |
| | . | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain the final HUD-1.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846492 | |
| | . | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain the final TIL.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846492 | |
| | . | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain the Right of Rescission. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2846492 | |
| | . | | | 1.04 (b) (xxxiii) SAS 2003-39EX_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain the original appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846492 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 00046072237 | 1st | LXS 2007-12N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/25/2007 in the amount of $208,000 as a rate and term refinance of an owner occupied single family residence. The Loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.16% debt to income ratio (DTI). There was a Manual approval dated 04/26/2007, in the loan file. | Stated | $208,000.00 | 2845503 |
| | | | 1.04 (c) (v) LXS 2007-12N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-12N_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Registered Nurse earning $9,879 per month on the loan application. A post closing verification of employment was obtained through The Work Number, which revealed the Borrower's 2007 monthly income of $5,453.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Registered Nurse earning $9,879 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2845503 |
| 7 | 0011768884 | 1st | SAIL 2003-BC5 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $52,800.00 | 2845699 |
| | | | 1.04 (b) (xii) SAIL 2003-BC5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAIL 2003-BC5_Mortgage File<br><br>1.04 (c) (xvii) SAIL 2003-BC5_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable law. The subject loan file was missing from the loan file. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845699 |
| | | | 1.04 (b) (xii) SAIL 2003-BC5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2003-BC5_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845699 |
| | | | 1.04 (b) (xii) SAIL 2003-BC5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2003-BC5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 5 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845699 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/29/2013 6:21:00 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final_Version_19

| # | Loan # | Lien | Deal | Code | Finding | Finding | | | Narrative | | Value | ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) SAIL 2003-BC5_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAIL 2003-BC5_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 6 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The right of recission was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845699 | |
| | | | | 1.04 (c) (xviii) SAIL 2003-BC5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 7 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845699 | |
| 8 | 00121819841 | 2nd | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/17/2006, in the amount of $49,400, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.935% Debt to Income Ratio (DTI). There was a Manual approval dated 07/28/2006, in the loan file. | Stated | $49,400.00 | 2844782 | |
| | . | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud  1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated gross rental income of $1,550 per month on the loan application for his departing address. A search of the Borrower through Accurint revealed the Borrower continued to live at his departing address located in North Las Vegas after the subject loan closed on 07/17/2007. Accurint reported the Borrower resided at the departing address from 07/2001 through 01/2013. Additionally, Accurint reported numerous individuals occupied the subject property from 11/2006 through 01/2013. Therefore, since the Borrower continued to resided at the departing address no rental income could be given.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated gross rental income $1,550 per month on the loan application for his departing address, where he continued to reside, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844782 | |
| | . | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud  1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. A search of the Borrower through Accurint revealed the Borrower continued to live at his departing address located in North Las Vegas. Accurint reported the Borrower resided at the departing address from 07/2001 through 01/2013. Additionally, Accurint reported numerous individuals occupied the subject property from 11/2006 through 01/2013.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2844782 | |

Cowen_US Bank_Final_Version_19

| 9 | 00121853766 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/25/2006, in the amount of $127,000, as a cashout refinance of an owner occupied condominium. The loan was approved as a Stated Income/ Verified Assets (SIVA) loan, with a 83.07% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 54.52% debt to income ratio (DTI). There was a Manual approval dated 08/01/2006, in the loan file. The Hud-1, revealed the Borrower received $1,966 at closing. | Stated | | $127,000.00 | 2844833 |
| | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Maintenance Worker earning $3,675 per month on the loan application. A post closing verification of employment conducted through The Work Number revealed the Borrower's monthly income was $2,507.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Maintenance Worker earning $3,675 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2844833 |
| 10 | 00121863948 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/24/2006, in the amount of $72,000, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation Loan, with an 80% loan-to-value/combined loan-to-value, and a 16.81% debt-to-income ratio. There was a Manual approval dated 07/18/2006, in the loan file. Per the final HUD-1, the Borrower received a disbursement of $6,289 at closing. | Full | | $72,000.00 | 2844859 |
| | | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of the audit credit report revealed 1 undisclosed automobile loan, which closed on 06/2006 in the amount of $19,769 and a monthly payment of $527. The subject loan closed on 07/24/2006.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented her debt obligations by failing to disclose a $527 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2844859 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 4/29/2013 6:21:00 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 00124027798 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 4/26/2007, in the amount of $451,250, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.479% Debt to Income Ratio (DTI). There was a Manual approval dated 02/27/2007, in the loan file. | Stated | $451,250.00 | 2847156 |
| | | | 1.04 (b) (xxi) SAS 2007-BNC1_No Fraud  1.04 (b) (xxiii) SAS 2007-BNC1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of two hair salons earning $9,780 per month on the loan application. The loan file contained the Borrower's federal income tax return for 2007, which was the same year the subject loan closed. The Borrower provided the 2007 federal income tax return for loss mitigation. The Borrower's federal income tax return revealed the Borrower's income for 2007 was $915 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as an Owner of two hair salons earning $9,780 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847156 |
| 12 | 00124038530 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 2/28/2007, in the amount of $122,000, as a purchase of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% Loan to Value/Combined Loan to Value, and a 44.69% Debt to Income Ratio. There was a manual approval dated 3/02/2007, in the loan file. | Stated | $122,000.00 | 2847159 |
| | | | 1.04 (b) (xxi) SAS 2007-BNC1_No Fraud  1.04 (b) (xxiii) SAS 2007-BNC1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan file contained the Borrower's 2008 tax returns prepared post closing, which reflect the Borrower occupied her departing residence prior to the loan closing on 2/28/2007. The tax return included a Schedule 01, which reflected the Borrower was a renter for 12 months paying $300 per month on a residence she occupied in Peru, IN from 1/2008 through 12/2008. The Borrower must occupy the subject property for at least 12 months after the loan closed from at least 4/02007 through 4/2008. The tax returns reflect no information on the subject property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847159 |
| 13 | 00124413675 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/30/2007, in the amount of $216,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $216,000.00 | 2847168 |
| | | | 1.04 (b) (xl) SAS 2007-BNC1_Underwriting Guidelines  1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The loan file only contained the Note, Title Commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller.

The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.

The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847168 |

Cowen_US Bank_Final_Version_19

| 14 | 00124682725 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/25/2007, in the amount of $151,000, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 74% loan-to-value/combined loan-to-value, and a 40.29% debt-to-income ratio. There was a Manual approval dated 05/30/2007, in the loan file. Per the final HUD-1, the borrower received a disbursement of $46,356 at closing. | Full | | $151,000.00 | 2847075 |
| . | . | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Investigate Credit History | Failure to Investigate Credit History | 1 | 3 | There was no evidence in the file that the Underwriter obtained an explanation from the Borrower for the 11 inquiries, dated from 03/08/2007 through 05/09/2007, listed on the origination credit report dated 05/22/2007.\n\nThe Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.\n\nDespite the Seller's representations, there is no evidence in the file that the credit inquiries were investigated so as to determine whether such inquires resulted in additional debt undisclosed on the loan application, such that an accurate credit profile was verified.\n\nPursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847075 |
| . | . | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1\n\n1.04 (c) (v) SAS 2007-BC4_No Fraud\n\n1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented his debt obligations. The audit credit report revealed 1 undisclosed automobile loan which closed 05/2007 with a loan amount of $3,010 and a monthly payment of $106. The subject loan closed on 05/25/2007.\n\nThe Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.\n\nThe Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.\n\nIn addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.\n\nDespite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $106 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.\n\nPursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847075 |
| 15 | 00124831876 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 6/26/2007, in the amount of $147,250, as a purchase of an owner occupied single-family residence. The loan was approved as a Full Documentation loan, with a 95% Loan to Value/Combined Loan to Value, and a 40.40% Debt to Income Ratio. There was a manual approval dated 7/02/2007, in the loan file. | Full | | $147,250.00 | 2847208 |
| . | . | | | 1.04 (b) (xl) SAS 2007-BNC1_Underwriting Guidelines\n\n1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 2 | 3 | The Borrower stated on the loan application that he rented his current residence for 10 years with a monthly payment of $500 and the Co-Borrower rented her current residence for 3 years with a monthly payment of $600; however, verification of the Borrowers' housing payment histories was not provided.\n\nThe Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.\n\nThe Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.\n\nDespite the Seller's representations, there is no evidence in the loan file of verification of the Borrowers housing history; and as such, there is no evidence in the file that the accuracy of the Borrowers credit profile was confirmed.\n\nPursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847208 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 4/29/2013 6:21:00 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final_Version_19

**Digital Risk – Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
6 Pg

| 16 | 00124833179 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/29/2007, in the amount of $224,200, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation/12 Month Bank Statement loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.62% Debt to Income Ratio (DTI). There was a Manual approval dated 07/05/2007, in the loan file. | Full | | $224,200.00 | 2847098 |
| | | | | 1.04 (b) (xiii) SAS 2007-BC4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAS 2007-BC4_Written Disclosure - Deemed MnA_Pool 1 | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($631,336.60) is ($2,907.80) below the actual finance charge($634,244.40). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>The disclosed APR (10.208) is lower than the actual APR (10.3507). The Truth in Lending Act considers a disclosed APR inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17(f), 1026.19(a)(2), & 1026.22(a)(2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847098 |
| | | | | 1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit report revealed the Borrower opened an undisclosed mortgage prior to the subject loan closing on 06/29/2007. The Borrower acquired an undisclosed mortgage associated with an unknown property on 12/2004. The Borrower acquired the mortgage in the amount of $23,486 with a monthly payment of $374.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $374 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847098 |
| 17 | 00124862939 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/25/2007, in the amount of $84,000, as a cash out refinance of an owner occupied singe family residence. The loan was approved as a Full Documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.939% Debt to Income Ratio (DTI). There was a Manual approval dated 06/28/2007, in the loan file. | Full | | $84,000.00 | 2847210 |
| | | | | 1.04 (b) (xi) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 2 | 3 | The loan application reflected the Borrower resided in the subject address for 14 years and had a first mortgage in the amount of $42,245 and a second mortgage in the amount of $24,723. The Borrower was required to provide a mortgage payment history for both mortgages. The origination credit report, dated 06/05/2007, reflected the first mortgage and a payoff was provided; however, only a payoff letter was provided for the second mortgage, which was in the co-owner's name and the co-owner was not a borrower on the subject transaction.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file of verification of the Borrower's complete housing payment history; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847210 |

| # | Loan # | Lien | Deal | Finding Code | Category | Sub-Category | | | Finding Detail | Doc Type | | Amount | Loan ID | |
|---|--------|------|------|--------------|----------|--------------|---|---|----------------|----------|---|--------|---------|---|
| 18 | 0016359200 | 1st | SAIL 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/09/2003, in the amount of $186,400, as a rate and term refinance of a non-owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 61.83% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.05% Debt to Income Ratio (DTI). There was a Loan Prospector approval dated 01/26/2004 and a Manual approval dated 02/04/2004, in the loan file. | Full | | $186,400.00 | 2845759 | |
| | . | | | 1.04 (c) (v) SAIL 2004-3_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. An audit credit report revealed the Borrower obtained an undisclosed line of credit home equity loan in 03/2004, within 30 days of the subject loan closing on 02/09/2004, in the amount of $100,000 with a monthly payment of $400, based on a 4% interest rate.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements by Lender to Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $400 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845759 | |
| 19 | 0030205884 | 1st | SAIL 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/11/2005, in the amount of $166,400, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 49.64% debt to income ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | | $166,400.00 | 2845824 | |
| | . | | | 1.04 (c) (v) SAIL 2005-4_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Pharmacy Technician Medicine earning $5,150 per month on the loan application. A post closing verification of employment was conducted through The Work Number, which revealed the Borrower's 2005 monthly income was $2,167.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements by Lender to Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Pharmacy Technician Medicine earning $5,150 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845824 | |
| 20 | 0030313712 | 1st | SAIL 2005-7 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | | $276,000.00 | 2845847 | |
| | . | | | 1.04 (b) (xiii) SAIL 2005-7_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAIL 2005-7_Mortgage File<br><br>1.04 (c) (xvii) SAIL 2005-7_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject Note was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845847 | |

Cowen_US Bank_Final_Version_19

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
part 2 Pg 233 of 271

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 1.04 (b) (xiii) SAIL 2005-7_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2005-7_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file was missing a final HUD-1 Settlement Statement.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845847 | |
| . | 1.04 (b) (xiii) SAIL 2005-7_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2005-7_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845847 | |
| . | 1.04 (c) (xviii) SAIL 2005-7_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845847 | |

| 21 | 0036854149 | 1st | SARM 2005-23 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) or manual approval included in the loan file to definitively ascertain whether the loan was properly adjudicated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's HUD-1, the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $430,000.00 | 2846178 | |
| | . | | | 1.04 (b) (xii) SARM 2005-23_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2005-23_Origination Practices  1.04 (c) (xxiv) SARM 2005-23_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Truth in Lending disclosure (TIL) was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846178 | |
| | . | | | 1.04 (b) (xii) SARM 2005-23_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2005-23_Origination Practices  1.04 (c) (xxiv) SARM 2005-23_Compliance with Applicable Law | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The right of rescission was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846178 | |
| | . | | | 1.04 (c) (xviii) SARM 2005-23_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846178 | |
| 22 | 0120895016 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 5/19/2006, in the amount of $133,600, as cash out refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value, and a 39.14% Debt to Income Ratio. There was a manual approval dated 5/25/2006, in the loan file. | Stated | $133,600.00 | 2845953 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate      Run: 4/29/2013 6:21:00 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented their debt obligations. Per the final credit report the Borrowers had acquired a loan in the amount of $167,900 with a monthly payment of $271 the same month the subject property closing on 5/19/2006.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $271 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and significantly impacted the determination of the Borrowers' reasonable ability to repay the subject loan.. | | 2845953 |
| 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. Per the final application the Borrower had indicated employment as a Construction Worker for 4 years, earning $3,450 per month. The loan file contained post closing income documentation including the Borrower's 2006 tax return, which revealed the Borrower was self employed at the time of the subject loan closing on 05/19/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Construction Worker for 4 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | 2845953 |
| 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Construction Worker earning $3,450 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2006 tax return, which revealed the Borrower was self employed a t the time of the subject loan closing on 05/19/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Construction Worker earning $3,450 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845953 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/29/2013 6:21:00 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final_Version_19

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 23 | 0121293419 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/09/2006 in the amount of $260,000 as a cash-out refinance of an owner-occupied Condominium. The loan was approved as a Full Documentation loan, with an 80% Loan to Value/ Combined Loan to Value, and a 34.31% Debt to Income Ratio. There was a Manual Approval dated 06/13/2006, in the loan file. | Full | $260,000.00 | 2846037 |
| | . | | | 1.04 (b) (xii) SAIL 2006-BNC3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xli) (g) SAIL 2006-BNC3_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xli) (h) SAIL 2006-BNC3_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxii) SAIL 2006-BNC3_Origination Practices | Final TIL Invalid/Incomplete/Incorrect/Stale / Not Executed | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a valid final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Although there is what appears to be a final TIL in the loan file, the Borrower did not sign the TIL.<br><br>Despite the Seller's representations, there is no evidence the subject loan was properly disclosed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certifica | | | 2846037 |
| 24 | 0121298350 | 2nd | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/05/2006, in the amount of $18,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 20%/100% loan-to-value/combined loan-to-value, and a 25.7% debt-to-income ratio. There was a Manual approval dated 06/07/2006, in the loan file. A first mortgage in the amount of $72,000 was closed simultaneously. | Stated | $18,000.00 | 2846045 |
| | . | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 3 | 3 | Per the final HUD-1 Settlement Statement, the Borrower's funds required for closing were $4,894. In addition, the Borrower was required to verify earnest money of $1,000. In total, assets of $5,894 were required to be verified. However, the loan file did not contain asset documentation as required.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was a $5,894 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846045 |
| | | | | | | | | | **Grand Total of Repurchase Demand** | | **$4,139,025.00** | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000045665403 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/12/2007, in the amount of $36,000, as a purchase of a non-owner occupied, 2-4 family unit property. The loan was approved as a No Income, Verified Asset (No Ratio) loan, with a 90% Loan To Value/Combined Loan To Value (LTV/CLTV), and a Debt to Income Ratio (DTI) was not required. There was a Manual approval dated 04/12/2007, in the loan file. | NIVA | $36,000.00 | 2845473 | |
| | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud

1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A public records search conducted through the Mortgage Electronic Registry System, revealed the Borrower purchased two properties, with a mortgage for each property. The first mortgage was opened 03/16/2007, with a loan amount of $54,000 and a monthly payment of $609. The second mortgage was opened 04/20/2007, with a loan amount of $49,500 and a mortgage payment of $443.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,052 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845473 | |
| 2 | 00014590137 | 1st | SASC 2004-GEL3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/29/2003, in the amount of $72,000, as a purchase of a non-owner occupied 2-Unit property. The loan was approved as a Stated Income/Verified Assets loan, with a 90%/90% Loan to Value/Combined Loan to Value, and a 24.83% Debt to Income Ratio. There was a Manual Approval dated 01/27/2003, in the loan file. | Stated | $72,000.00 | 2846629 | |
| | | | | 1.04 (c) (v) SAS 2004-GEL3_No Fraud

1.04 (c) (vii) SAS 2004-GEL3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower falsely stated income as a Manager earning, $4,000 per month on the loan application. The loan file contained an explanation from the Borrower indicating her job title was a Staff Development Director. However, according to a Statement of Financial Affairs, filed by the Borrower with the Southern District of Indiana Division Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated 10/11/2005, the Borrower's income for the year of 2003 was $3,083 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated her income as a Manager, earning $4,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2846629 | |
| 3 | 00031680002 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/14/2004, in the amount of $332,000, as a purchase of an owner occupied condominium. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.28% Debt to Income Ratio (DTI). There was a Manual approval dated 09/23/2005, in the loan file. | Full | $332,000.00 | 2845211 | |
| | . | | | 1.04 (c) (v) LMT 2005-2_No Fraud

1.04 (c) (vii) LMT 2005-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Senior Manager for a wireless communications company for 2 years, earning $7,745 on the loan application. An audit verification of employment and income was obtained, which revealed the Borrower earned $4,930 per month in 2005, the year the subject loan closed.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Senior Manager for a wireless communications company for 2 years, earning $7,745 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2845211 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 00040903940 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/05/2007, in the amount of $900,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 73.20% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 49.78% Debt to Income Ratio (DTI). There was a Manual approval dated 12/13/2007, in the loan file. | Stated | $900,000.00 | 2846393 |
| | . | | 1.04 (c) (v) SARM 2008-2_No Fraud 1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A public records search conducted through the Mortgage Electronic Registry System, and an audit credit report revealed the Borrowers opened 12 undisclosed mortgages, in the total amount of $1,905,297, with a total monthly payment of $12,044, within 30 days of the subject loan closing.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $12,044 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846393 |
| 5 | 00047210943 | 1st | SARM 2007-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 8/10/2007 in the amount of $180,000, as cash out refinance of an investment property. The loan was approved as a Stated Income / Verified Assets (SIVA) loan, with a 75% Loan to Value/Combined Loan to Value, and a 43.66% Debt to Income Ratio. There was a manual approval dated 8/01/2007, in the loan file. | Stated | $180,000.00 | 2846354 |
| | . | | 1.04 (c) (v) SARM 2007-10_No Fraud 1.04 (c) (vii) SARM 2007-10_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a President of a home based Drywall Business earning $10,075 per month on the loan application. The loan file contained post-closing 2008 tax returns, which reflect the Borrower earned $10,811 for the year, or $900 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as President of a home based Drywall Business earning $10,075 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846354 |
| 6 | 00047549555 | 1st | LXS 2007-20N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/06/2007, in the amount of $750,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.50% Debt to Income Ratio (DTI). There was a Manual approval dated 09/05/2007, in the loan file. | Stated | $750,000.00 | 2845572 |
| | . | | 1.04 (c) (v) LXS 2007-20N_No Fraud 1.04 (c) (vii) LXS 2007-20N_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Regional Director for a parcel delivery service for 23 years and 10 months, earning $25,100 per month on the loan application. An audit verification of employment and income was conducted through The Work Number, which revealed the Borrower earned $14,070 per month in 2007 the year the subject loan closed.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Regional Director for a parcel delivery service for 23 years and 10 months, earning $25,100 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845572 |

**Digital Risk - Loan Review Findings**

Cowen_US Bank_Final_Version_17    08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18    Attachment
9 Pg 239 of 271

| 7 | 00047735204 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/9/2007, in the amount of $621,559, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.28% Debt to Income Ratio (DTI). There was a Manual approval dated 11/19/2007, in the loan file. | Stated | | $621,600.00 | 2846410 | |
| | . | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a home based home remodeling business for 3 years, earning $19,000 per month. The loan file contained post closing income documentation including the Borrower's 2007 tax return, which revealed the Borrower earned $4,794 per month at the time the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a home based home remodeling business for 3 years, earning $19,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2846410 | |
| | . | | | 1.04 (c) (xviii) SARM 2008-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2846410 | |
| 8 | 00121822829 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 7/07/2006, in the amount of $87,000, as a purchase of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 100% Loan to Value/Combined Loan to Value, and a 49.69% Debt to Income Ratio. There was a manual approval dated 9/02/2006, in the loan file. | Stated | | $87,000.00 | 2844784 | |
| | . | | | 1.04 (b) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Cosmetologist for 2 years, earning $3,200 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $3,200 per month for a Cosmetologist is unreasonable and is indicative of potential misrepresentation. The Bureau of Labor Statistics reported the average salary at the 75th percentile for a Cosmetologist in 2006 and in the same geographic region was $2,497 per month.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2844784 | |
| | . | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 3 | 3 | The Borrower stated on the loan application that she rented her current residence for 4 years with a monthly payment of $785; however, verification of the Borrower's housing payment history was not provided.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file of verification of the Borrower's housing payment history; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2844784 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented or disclosed income on the application falsely stated income as a self-employed Cosmetologist earning $3,200 per month on the loan application. According to the Statement of Financial Affairs on the Bankruptcy petition filed 11/18/2010, the Borrower with the Southern District of Indiana Bankruptcy Court, the Borrower's income for the year of 2008 was listed as $10,387 or $1,689 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Cosmetologist earning $3,200 per month on the loan application, which not only constituted an event of default under the executed Mortgage and/or Deed of Trust, it also significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844784 | |
| | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud | | | | | | | | | |
| | | | 1.04 (b) (xxiii) BNC 2006-1_No Event of Default | | | | | | | | | |
| 9 | 00121852545 | 1st | BNCMT 2006-1 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/21/2006, in the amount of $188,400, as a purchase of a second home single family residence located in a planned unit development. The loan was approved as a Full Documentation loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 26.503% Debt to Income Ratio (DTI). There was a Manual approval dated 09/07/2006, in the loan file. | Full | $188,400.00 | 2844830 | |
| . | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 2 | 3 | Per the final HUD-1 Settlement Statement, the Borrower paid an $11,775 initial deposit, or 5% of the purchase price and the Borrower's funds required for closing were $17,689. In total, assets of $29,464 were required to be verified. The loan file contained a copy of a canceled check from the Borrower in the amount of $11,775; however, 2 corresponding bank statements or a verification of deposit to document the source of funds was not provided. The loan file also contained 12 months' business bank statements, dated 07/29/2005 through 06/30/2006, which reflected an ending balance of $8,447 and a cashier's check in the amount of $18,096 drawn from the same bank as the business bank statements. The use of business funds requires the business to be 100% owned by the Borrower and a Certified Public Accountant's (CPA) letter is required to reflect use of the business funds would not affect the business. The loan file contained a CPA letter; however, the letter indicated the Borrower was 50% Owner of the business and the use of business funds was not addressed. It should also be noted, the remitter's name on the cashier's check did not match the Borrower.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was a $29,464 shortage of verified assets, and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844830 | |

# Digital Risk - Loan Review Findings

| | Loan # | Lien | Deal | Rep | Category | Subcategory | | | Narrative | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a towing company for 3 years, earning $24,495 per month on the loan application. Research on public records revealed the Borrower filed a Chapter 7 bankruptcy on 12/31/2008 with the District of New Jersey. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $10,347 per month in 2007 as the Owner of a towing company. It is unlikely the Borrower's income would have decreased considering the Borrower was self employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as Owner of a towing company for 3 years, earning $24,495 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844830 |
| 10 | 00121857726 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/21/2006, in the amount of $127,500, as a cash-out refinance of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.7% Debt to Income Ratio (DTI). There was a Manual approval dated 07/24/2006, in the loan file. | Stated | $127,500.00 | 2844844 |
| | | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Manager with a property management company earning $4,500 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Northern District of Georgia Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 11/09/2007, the Borrower's income for the year of 2005 was $2,500 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Manager with a property management company earning $4,500 per month on the loan application, which not only constituted an event of default under the executed Mortgage and/or Deed of Trust, it also significantly impacted the determination of the Borrower's reasonability to repay the subject loan. | | | 2844844 |
| 11 | 00124434739 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/27/2006, in the amount of $180,500. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage, and Title Commitment. There was no other critical documentation provided for the file that was represented on the Data Tape by the Seller. | Unknown | $180,500.00 | 2847062 |
| | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847062 |
| 12 | 00124660994 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 5/04/2007, in the amount of $198,750, as cash out refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 75% Loan to Value/Combined Loan to Value, and a 45% Debt to Income Ratio. There was a manual approval dated 5/08/2007, in the loan file. | Stated | $198,750.00 | 2847178 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.04 (b) (xl) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 3 | The Borrower stated on the loan application as an Owner and Operator of a home based Maintenance and Pressure Washing Business for 6 years, earning $4,700 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $4,700 per month for a Maintenance Worker is unreasonable and is indicative of potential misrepresentation. Salary.com reported the average salary at the 75th percentile for a Maintenance Worker in the same geographic region was $3,043 per month. The Borrower's stated income is more than 1.5 times the Salary.com's 75th percentile, which is a red flag the Borrower's income was overstated.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2847178 |
| 1.04 (b) (xl) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-BNC1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-BNC1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner and Operator of a home based Maintenance and Pressure Washing business for 6 years and earning $4,700 per month on the loan application. The loan file contained post-closing 2006, 2007 and 2008 tax returns, which revealed the Borrower earned no self employment income; however, the Borrower did earn a wage income for all three tax years, which the Borrower did not disclose at origination. The subject loan closed on 5/04/2007.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller Further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner and Operator of a home based Maintenance and Pressure Washing Business earning $4,700 on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2847178 |
| 1.04 (b) (xxi) SAS 2007-BNC1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-BNC1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 4 3 | The Borrower misrepresented his employment on the loan application. The Borrower falsely stated employment as an Owner and Operator of a home based Maintenance and Pressure Washing Business for 6 years. The loan file contained post-closing 2006, 2007 and 2008 tax returns, which revealed the Borrower did not claim any self employment income or own a Maintenance and Pressure Washing Business for 6 years; however the Borrower did earn a wage income for all three tax years which the Borrower did not disclose at origination. The subject loan closed on 5/04/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner and Operator of a home based Maintenance and Pressure Washing Business for 6 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | 2847178 |

# Digital Risk - Loan Review Findings

| | | | | | 1.04 (b) (xxi) SAS 2007-BNC1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-BNC1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 5 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan file contained post-closing 2006, 2007 and 2008 tax returns, which reveal for that three-year period the Borrower resided in Port Saint Lucie, Florida and not the subject property, located in Delray Beach, Florida. Further, Accurint reflects the Borrower registered his vehicle on 5/16/2007 using the residence located in Port Saint Lucie, Florida and not the subject property. The subject loan closed on 5/04/2007<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847178 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/29/2013 5:27:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final_Version_17

| 13 | 00124661364 | 1st | SASC 2007-BC4 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 5/30/2007, in the amount of $176,000.00 as a cash out refinance of an investment property. The loan was approved as a Stated Income / Verified Assets (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value, and a 43.49% Debt to Income Ratio. There was a manual approval dated 6/01/2007, in the loan file. | Stated | $176,000.00 | 2847069 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | . | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application self-employment as a Director/Vice President of a Banquet Hall for 5 years, earning $14,375 per month.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

Income of $14,375 per month for a Director/Vice President of a Banquet Hall is unreasonable and is indicative of potential misrepresentation. Salary.com reported the average salary at the 90th percentile for a Director/Vice President of a Banquet Hall in the same geographic region was $4,823 per month. The Borrower's stated income is more than 2.5 times the Salary.com's 90th percentile which is a red flag the Borrower's income was overstated.

Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847069 | |
| | . | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (c) (v) SAS 2007-BC4_No Fraud

1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Director/Vice President of a Banquet Hall earning $14,375 per month and receiving $633 in net rental income on the loan application. The loan file contained post-closing 2009 tax returns and W-2 form, which reflect the Borrower received an income in the amount of $77,818, or $6,484 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Director/Vice President of a Banquet Hall earning $14,375 per month on the loan application, which not only constituted an event of default under the executed Mortgage and/or Deed of Trust, it also significantly impacted the determination of the Borrower's reasonability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847069 | |
| 14 | 00124664178 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/22/2007, in the amount of $112,500, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full documentation loan, with a 75% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 50.46% Debt to income ratio (DTI). There was a Manual approval dated 05/29/2007 in the loan file. | Full | $112,500.00 | 2847181 | |

| # | Loan # | Lien | Deal | Guideline | Finding | Finding Type | | Narrative | | Amount | ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xl) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 2 3 | Per the subject loan approval, the Borrower was required to verify assets of $6,000; however, the loan file did not contain asset documentation.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was a $6,000 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847181 | |
| 15 | 00124685850 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 05/25/2007, in the amount of $280,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 69.83% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.96% Debt to Income Ratio (DTI). There was a Manual approval dated 05/31/2007, in the loan file. | Stated | $280,000.00 | 2847076 | |
| . | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | | Improper Calculation of Income | Improper Calculation of Income | 2 3 | A monthly net rental income of $4,100 was used to determine the Debt to Income Ratio (DTI). Per the final loan application, the Borrower indicated he was receiving a gross rental income of $4,700 for his two rental properties; however, utilizing the required vacancy rate of 75% and subtracting the total monthly housing expenses of $3,405 associated with the rental properties, yields a positive net rental income of $120 per month. The correct recalculation results in an income of $120.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, a review of the loan file reveals the Lender failed to accurately calculate the Borrower's net rental income and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847076 | |
| | | | 1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a home-based cement business earning $6,537 per month on the loan application. The loan file contained post closing income documentation including the Borrower's federal income tax return for 2007, which was the same year the subject loan closed. The tax return revealed the Borrower did not have any business income for 2007. Additionally, a monthly net rental income of $4,100 was used to determine the Debt to Income Ratio (DTI). Per the final loan application, the Borrower indicated he was receiving a gross rental income of $4,700 for his two rental properties; however, utilizing the required vacancy rate of 75% and subtracting the total monthly housing expenses of $3,405 associated with the rental properties, yields a positive net rental income of $120 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a home-based cement business earning $6,537 per month and net rental income of $4,100 on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847076 | |
| 16 | 0032829848 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 06/07/2006 in the amount of $712,500, as a cash-out refinance of an owner-occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 75% Loan to Value/Combined Loan to Value, and a 39.64% Debt to Income Ratio. There was a Manual approval dated 06/01/2006, in the loan file. | Stated | $712,500.00 | 2846294 | |

Cowen_US Bank_Final_Version_17

| | | | | 1.04 (c) (v) SARM 2006-7_No Fraud | Misrepresentation of Income - Red Flags Present - Near Year | Misrepresentation of Income | | 1 | 3 | | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Dentist earning $17,600 per month on the loan application. The loan file contains the Borrower's 2008 personal tax return, provided post closing for a request for modification, which revealed the Borrower's 2008 income was $11,974 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work. | | | | 2846294 | |
| | | | | 1.04 (c) (vii) SARM 2006-7_No Event of Default | Income Evidence | | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | | | |
| | | | | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | | | |
| | | | | | | | | | | | Despite the Seller's representations, the Borrower falsely stated income as a self-employed Dentist earning $17,600 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 4/29/2013 5:27:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk - Loan Review Findings

| 17 | 0121286470 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/05/2006, in the amount of $161,500, as a cash-out refinance of an owner occupied 2-unit property. The loan was approved as a Stated Income/Verified Asset loan, with a 67.23% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32.979% Debt to Income Ratio (DTI). There was a Manual approval dated 06/19/2006, in the loan file. | Stated | | $161,500.00 | 2846018 | |
| . | | | | 1.04 (b) (xlii) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Truck Driver with a transportation company earning $4,500 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Northern District of Illinois Bankruptcy Courts as part of a Chapter 13 Bankruptcy case dated 07/29/2008, the Borrower's income for 2006, the year of the subject loan closed, was $1,667 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Truck Driver earning $4,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2846018 | |
| 18 | 0121288385 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/27/2006, in the amount of $488,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.353% Debt to Income Ratio (DTI). There was a Manual approval dated 06/26/2006, in the loan file. | Stated | | $488,000.00 | 2846024 | |
| . | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a self employed Musician for 5.5 years as a secondary source of employment. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy on 05/08/2008 with the Central District of California. The petition included a Statement of Financial Affairs, which did not reflect any self employment for the Borrower for the prior 6 years as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self employment as a Musician for 5.5 years as a source of secondary employment, which constituted an event of default under the executed Mortgage and Deed of Trust. | | | | 2846024 | |
| . | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated primary income as a Lead Fork Lift Driver for 17 years, earning $6,000 per month and secondary self employment income as a Musician for 5.5 years, earning $6,500 per month. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy on 05/08/2008 with the Central District of California. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $2,425 per month in employment income in 2006 the year the subject loan closed and did not reflect any self employment for the Borrower for the prior 6 years as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated primary income as a Lead Fork Lift Driver for 17 years, earning $6,000 per month and secondary self employment income as a Musician for 5.5 years, earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2846024 | |
| 19 | 0121297972 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/01/2006, in the amount of $212,000, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 26.97% Debt to Income Ratio (DTI). There was a Manual approval dated 06/06/2006, in the loan file. A second mortgage in the amount of $53,000 was closed simultaneously. | Stated | | $212,000.00 | 2846043 | |

| # | Loan # | Lien | Deal | Methodology | Finding | Finding | | | Description | Doc | Amount | ID |
|---|--------|------|------|-------------|---------|---------|---|---|-------------|-----|--------|-----|
| | | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1  <br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud  <br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. An audit credit report, Mortgage Electronic Registration System and SiteX.com revealed 2 undisclosed mortgages tied to 1 undisclosed property located in Thornton, CO, which closed on 06/22/2006. The first undisclosed mortgage had a loan amount of $311,415 and a monthly payment of $2,203. The second undisclosed mortgage had a loan amount of $77,853 and a monthly payment of $705. The subject loan closed on 06/01/2006.  <br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  <br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  <br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $2,908 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846043 |
| 20 | 0121298137 | 2nd | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/15/2006, in the amount of $56,500, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 13.43% Debt to Income Ratio (DTI). There was a Manual approval dated 06/23/2006, in the loan file. | Full | $56,500.00 | 2846044 |
| | | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1  <br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud  <br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. An audit credit report, revealed the Borrower had purchased a property on 05/16/2006 in Aurora, Co and opened 2 mortgages. The first mortgage was opened with a balance in the amount of $404,000, with a monthly payment of $3,832. The second mortgage was opened with a loan amount of $101,000, with a monthly payment of $1,020. The undisclosed mortgages were opened prior to the subject loan closing on 06/15/2006.  <br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  <br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  <br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $4,852 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846044 |
| 21 | 0121332217 | 2nd | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/22/2006, in the amount of $29,000, as a second mortgage purchase of an owner occupied condominium. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.586% Debt to Income Ratio (DTI). There was a Manual approval dated 06/26/2006, in the loan file. | Full | $29,000.00 | 2846123 |
| | | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain Credit Report | Failure to Obtain Valid Credit Report | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.  <br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.  <br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.  <br><br>Despite the Seller's representations, there is no evidence in the loan file of a valid credit report; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed. The loan file contained page 1 of 6 of the origination credit report, dated 06/09/2006.  <br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846123 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/29/2013 5:27:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 2 | 3 | The loan application reflected the Borrower rented the departing residence for 4 years with a monthly payment of $700; however, verification of the Borrower's rent was not provided.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file of verification of the Borrower's housing history; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2846123 |
| | | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 3 | 3 | Per the final combined HUD-1 Settlement Statement, the Borrower's funds required for closing were $12,128. In addition, the Borrower was required to verify 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $2,642 for the subject property. In total, assets of $14,770 were required to be verified.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to repay the subject loan.<br><br>Despite the Seller's representations, there was an $8,656 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2846123 |
| 22 | 0121335517 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/22/2006, in the amount of $296,100, a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 90% loan-to-value, and a 36.44% Debt to Income Ratio (DTI). There was a Manual approval dated 06/08/2006, in the loan file. | Stated | $296,100.00 | 2846130 |
| | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated rental income of $2,000 per month for the Borrower's departing residence. The Borrower misrepresented her intent to occupy the subject property. Per public records, the Borrower did not occupy the subject property and remained in the departing residence. A phone number and utility search in Accurint revealed the Borrower never had a phone or utilities connected at the subject property. A 411.com search revealed the Borrower occupied the previous primary and unknown individuals occupied the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any party thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated rental income of $2,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2846130 |
| | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. Per public records, the Borrower did not occupy the subject property and remained in the departing residence. A phone number and utility search in Accurint revealed the Borrower never had a phone or utilities connected at the subject property. A 411.com search revealed the Borrower occupied the departing residence and unknown individuals occupied the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any party thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2846130 |

| 23 | 0121340350 | 2nd | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/01/2006, in the amount of $35,980, as a purchase of an owner-occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 72.6%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.77% Debt to Income (DTI). There was a Manual approval dated 06/01/2006, in the loan file. A review of the loan file revealed the stated income was not reasonable, a 2 year employment history was not obtained, and no assets were verified. | Stated | | $35,980.00 | | 2846140 | |
| | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | | 2 | 3 | Per the final HUD-1 Settlement Statement, the Borrower's funds required for closing were $4,438. In addition, the Borrower was required to verify earnest money of $1,000 for the subject property. In total, assets of $5,438 were required to be verified; however, the loan file did not contain any evidence of asset documentation.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, there was a $5,438 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | | 2846140 | |
| 24 | 0122235484 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/04/2006, in the amount of $208,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.073% Debt to Income Ratio (DTI). There was a Manual approval dated 08/03/2006, in the loan file. | Stated | | $208,000.00 | | 2844893 | |
| | | | 1.04 (b) (xl) (d) BNC 2006-2_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (b) (xxi) BNC 2006-2_No Fraud

1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Truck Driver with a transportation company earning $5,998 per month on the loan application. An audit verification of employment, obtained through the Borrower's employer, revealed the Borrower's income for 2006, the same year the subject loan closed, was $4,469 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Truck Driver earning $5,998 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | | 2844893 | |
| 25 | 0122248818 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/31/2006, in the amount of $193,600, as a purchase of an owner occupied single family residence. The loan was approved as a Full documentation loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 40.92% Debt to Income Ratio (DTI). There was a Manual approval dated 08/02/2006, in the loan file. | Full | | $193,600.00 | | 2844910 | |
| | | | 1.04 (b) (xxi) BNC 2006-2_No Fraud

1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | | 1 | 3 | The Borrower misrepresented her employment as an Owner of a Hair Salon for 2 years on the loan application. According to a Statement of Financial Affairs filed in the District of Connecticut dated 08/31/2009, the Borrower was employed as Mental Health Worker the same year the subject loan closed. In addition, the Borrower confirmed they were not self employed at the time of origination.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a Hair Salon for 2 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | | | 2844910 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xxi) BNC 2006-2_No Fraud | Misrepresentation of Income - No Red Flags Present | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a Hair Salon for 2 years, earning $5,652 per month on the loan application according to a Statement of Financial Affairs filed in the District of Connecticut dated 08/31/2009, the Borrower was employed as Mental Health Worker the same year the subject loan closed. | | | 2844910 |
| | | | | 1.04 (b) (xxiii) BNC 2006-2_No Event of Default | - Same Year Income Evidence | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | |
| | | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | |
| | | | | | | | | | Despite the Seller's representations, the Borrower falsely stated income as an Owner of a Hair Salon earning $5,652 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | |
| 26 | 0122249246 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/25/2006, in the amount of $184,000, as a cash-out refinance of an owner-occupied single family residence. The loan was approved as a Full Documentation loan, with a 69.43% Loan to Value/Combined Loan to Value, and a 44.91% Debt to Income Ratio. There was a Manual approval dated 08/24/2006, in the loan file. | Full | $184,000.00 | 2844911 |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-2_Underwriting Methodology - Deemed MnA_Pool 1 | Ineligible Borrower | Ineligible Borrower | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Eligibility of the Borrower, so as to confirm the right and ability of the Borrower to earn income in the United States, as to confirm the absence of fraud and/or the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. | | | 2844911 |
| | | | | | | | | | The Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan. | | | |
| | | | | | | | | | The Borrower stated on the origination application that he was a U.S. Citizen; however, the loan file contained a Brazilian Citizenship Identification Card. Foreign National borrowers are not eligible for financing; therefore, the Borrower was ineligible. In addition, the Borrower's social security number could not be validated. | | | |
| | | | | | | | | | Despite the Seller's representations, the Borrower was ineligible for financing due to citizenship. | | | |
| | | | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-2_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Social Security Number | Failure to Verify Social Security Number | 2 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's identity, so as to confirm the absence of fraud and/or the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. | | | 2844911 |
| | | | | 1.04 (b) (xxi) BNC 2006-2_No Fraud | | | | | The Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan. | | | |
| | | | | 1.04 (b) (xxiii) BNC 2006-2_No Event of Default | | | | | The origination credit report indicated this Social Security number listed for the Borrower on the loan application had never been issued and the loan file did not contain any documentation to confirm the Borrower's social security number was valid. The loan file contained a branch review checklist, which indicated the origination credit report was cleared. In addition, audit research did not validate the Social Security number disclosed in fact belonged to the Borrower. | | | |
| | | | | | | | | | Despite the Seller's representation, there is no validation in the file of the Borrower's Social Security number. | | | |
| | | | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 4/29/2013 5:27:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan Number | Lien | Deal | | | | | Finding | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 27 | 0122255987 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 08/09/2006 in the amount of $273,700, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full documentation loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.317% Debt to Income Ratio (DTI). There was a Manual approval dated 08/23/2006, in the loan file. | Full | $273,700.00 | 2844926 |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented her debt obligations. Research of public records and an audit credit report revealed the Borrower purchased an undisclosed property located in Saint Cloud, FL in 08/2006, the same month as the subject loan closing. The Borrower obtained a first mortgage in the amount of $328,500 with a monthly payment of $2,059.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $2,079 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844926 |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 3 | The Borrower misrepresented her intent to occupy the subject property. Research of public records revealed the Borrower purchased an undisclosed property located in Saint Cloud, Florida in the same month as the subject loan closing. The records also revealed the Borrower retained residency in the undisclosed property from 08/2006 through 08/2012. In addition, the Borrower registered a vehicle using the undisclosed address in 11/2006, 3 months after the subject loan closing and the Borrower's voter's registration was registered under the undisclosed address.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844926 |
| 28 | 0122259070 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 08/18/2006, in the amount of $287,742, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.662% Debt to Income Ratio (DTI). There was a Manual approval dated 08/30/2006, in the loan file. | Stated | $287,742.00 | 2844932 |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Computer Teacher for a school for 2.6 years, earning $8,800 per month on the loan application. An audit verification of employment and income was obtained through the Borrower's employer, which revealed the Borrower earned $2,283 per month in 2006, the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Computer Teacher for a school for 2.6 years earning $8,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844932 |

Cowen_US Bank_Final_Version_17

| # | Loan | Lien | Finding | Category | Sub-Category | | | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | 0122266117 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/09/2006, in the amount of $166,500, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with an 89% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.58% Debt to Income Ratio (DTI). There was a Manual approval dated 08/01/2006, in the loan file. Per the final HUD-1, the Borrower received a disbursement of $13,349 at closing. | Full | $166,500.00 | 2844942 |
| | | | 1.04 (b) (xxi) BNC 2006-2_No Fraud  1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A review of the Mortgage Electronic Registration System and audit credit report revealed 2 undisclosed mortgages tied to 1 undisclosed property located in Chandler, AZ, which closed on 03/01/2006, 5 months prior tot he subject loan closing on 08/04/2006. The first undisclosed mortgage had a loan amount of $192,000 and a payment of $1,631 per month. The second undisclosed mortgage had a loan amount of $48,000 and a payment of $347 per month. In addition, the audit credit report revealed 2 undisclosed installment loans. The first undisclosed installment loan closed on 12/2001 with a loan amount of $2,213 and a payment of $138. The second undisclosed installment loan closed 09/2006 with a loan amount of $29,700 and a payment of $632.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,748 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844942 |
| 30 | 0122274160 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/16/2006, in the amount of $276,250, as a cash out refinance of a non owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.211% Debt to Income Ratio (DTI). There was a Manual approval dated 08/25/2006, in the loan file. | Full | $276,250.00 | 2844957 |
| | | | 1.04 (b) (xxi) BNC 2006-2_No Fraud  1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower obtained a first mortgage in 04/2006, 4 months prior to the subject loan closing on 08/16/2006, on an undisclosed property located in Madera, CA. The mortgage was in the amount of $295,000 with a monthly payment of $1,131 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,131 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844957 |
| | | | | | **Grand Total of Repurchase Demand** | | | | | | **$7,823,622.00** | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/29/2013 5:27:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 00123876948 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/24/2007, in the amount of $147,200, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Stated Asset (SISA) documentation loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 44.955% Debt to Income (DTI). There was a Manual approval dated 01/30/2007, in the loan file. | SISA | $147,200.00 | 2847052 | |
| | | | | 1.04 (b) (xiii) SAS 2007-BC4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAS 2007-BC4_Written Disclosure - Deemed MnA_Pool 1 | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($328,218.97) is ($123.02) below the actual finance charge ($328,341.99). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847052 | |
| | | | | 1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented his employment on the loan application as an employed Realtor. Research conducted through Accurint revealed that the Borrower owned an additional real estate company that was not disclosed on the loan application that was opened from 2006 through 2008, which covers the year of the subject loan closing in 2007, and could have caused a negative impact on the Borrower's stated income of $8,500 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an employed Realtor for 3.11 years as his sole source of employment on the loan application and not as the Owner of a real estate company, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847052 | |
| 2 | 00124828989 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/25/2007, in the amount of $240,000, as a cash out refinance of an owner occupied Single Family Residence (SFR). The loan was approved as a Full Documentation loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.76% Debt to Income Ratio (DTI). There was a Manual approval dated 06/26/2007, in the loan file. | Full | $240,000.00 | 2847093 | |
| | | | | 1.04 (b) (xiii) SAS 2007-BC4_Compliance with Applicable Law - Deemed MnA | Right of Rescission Invalid /Incomplete / Stale / Incorrect | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a valid Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Right of Rescission disclosure included in the file was not signed; failure to properly execute a right of rescission prior to closing exposes the lender to rescission rights in a foreclosure for the life of the loan.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the Right of Rescission disclosure contained in the loan file was improperly executed and therefore invalid.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847093 | |

| # | | | | | | | | | Comments | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 0016832529 | 1st | SAIL 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/04/2004, in the amount of $175,000.00, as a purchase of an investment single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification) loan, with a 70% Loan to Value/Combined Loan to Value. There was a Manual approval dated 08/09/2004, in the loan file. | | NINENA | $175,000.00 | 2845710 |
| | | | 1.04 (b) (xviii) (e) SAIL 2004-10_Underwriting Methodology - Deemed MnA_Pool 1 | Doc Down (from Full or Alt to No Doc) | Documentation Type Lowered Prior to Closing | | 1 | 3 | The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

The subject loan was approved as a No Documentation loan. It should be noted, No Documentation loans do not reflect employment, income and assets on the loan application; however, the loan file contained a separate loan application with disclosed employment and income.

Despite the Seller's representations, there is evidence in the file that suggests the subject loan was originated with lower documentation requirements than the Borrower initially qualified under and has a significant impact on the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845710 |
| 4 | 0121328348 | 2nd | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/25/2006, in the amount of $44,000, as a purchase of a second home, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with a 20%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 49.96% Debt to Income (DTI). There was a Manual approval dated 06/05/2006, in the loan file. | | Stated | $44,000.00 | 2846110 |
| | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | | 1 | 3 | Per the loan application, the Borrower had primary self-employment as a Coach/Trainer for 5.2 years, earning $6,000 and had secondary employment as an Instructor with a college for 15 years, earning $4,500 per month.

Income of $6,000 per month for a self-employed Coach/Trainer is unreasonable and is a red flag for potential misrepresentation. Research conducted through The U.S. Bureau of Labor Statistics for the Borrower's position as a self-employed Coach/Trainer in the same area and in 2006 could expect to earn a monthly income of $5,582 per month in the 75th percentile.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846110 |
| | . | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud

1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Instructor with a college earning $4,500 per month. An Audit verification of employment was obtained from the Borrower's secondary employer, which revealed the Borrower did not earn any income during the year of the subject loan closing in 2006.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated secondary income as an Instructor with a college earning $4,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846110 |

| 5 | 0122248461 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/31/2006 in the amount of $222,300.00, as a cash-out refinance of an owner-occupied single family residence. The loan was approved as a Full Documentation loan, with a 68% Loan to Value/Combined Loan to Value, and a 53.84% Debt to Income Ratio. There was a manual approval dated 08/04/2006, in the loan file. | Full | $222,300.00 | 2844908 |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-2_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Debts | Improper Calculation of Debts | 2 | 3 | The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

Monthly debts of $2,005 were used by the Lender to determine the Debt to Income Ratio (DTI). The origination underwriter failed to include an installment loan with a monthly payment of $428 which was paid down at closing to 10 payments; however, the Borrower was required to verify sufficient assets to pay the balance in full or include the debt in the qualifying debt ratios. The loan file did not contain sufficient verified assets to pay the debt in full; therefore, the monthly debt was included in the qualifying ratios. The correct recalculation results in a monthly debt of $2,005.

Despite the Seller's representations, a review of the loan file revealed the Lender failed to accurately calculate the Borrower's debts and has a significant impact on the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844908 |
| 6 | 0123010050 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/26/2006, in the amount of $220,000, as a cash out refinance of an owner occupied condominium. The loan was approved as a Stated Income/Stated Asset loan, with a 67.69% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 48.10% debt to income ratio (DTI). There was a Manual approval dated 10/31/2006, in the loan file. | SISA | $220,000.00 | 2846891 |
| . | | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud

1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Manager/Driver a transportation company earning $4,000 per month on the loan application. Post closing documentation contained in the subject loan file, including the Borrower's 2007 tax returns, which revealed her monthly income as $2,857. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Manager/Driver of a transportation company earning $4,000 per month on the loan application, which not only constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846891 |
| 7 | 0123550089 | 1st | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/13/2006, in the amount of $484,700, as a cash-out refinance of an owner-occupied single family residence. The loan was approved as a Full Documentation loan. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $484,700.00 | 2845049 |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA

1.04 (b) (xi) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1

1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was not provided.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845049 |

| | | | Codes | Finding | Finding | | | Narrative | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA / 1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1 / 1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was not provided. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845049 |
| . | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA / 1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Subject Note was not provided. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA). Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845049 |
| . | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file contained a Location Map; however, the rest of the appraisal was not provided. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845049 |
| 8 | 0123861056 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/12/2007, in the amount of $477,000, as cash out refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 90% Loan to Value/Combined Loan to Value, and a 37.64% Debt to Income Ratio. There was a manual approval dated 1/18/2007, in the loan file. | Stated | $477,000.00 | 2845071 |
| | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1 / 1.04 (b) (xxi) BNC 2007-2_No Fraud / 1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner and Operator of a home based business earning $9,500 per month on the loan application. The loan file contained post-closing 2007 tax returns, which reflect a two-year tax history for 2006 and 2007. The loan file contained a hardship letter explaining that on 5/2007 the Borrower was seriously ill and could not earn any income. The two-year tax comparison for the tax year of 2006 reflects the Borrower earned no income for the household. The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as an Owner and Operator of a home based business earning $9,500 per month on the loan application, which not only constituted an event of default when the executed Mortgage and/or Deed of Trust and significantly impacted the determination of the Borrower's reasonability to repay the subject loan. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845071 |

Cowen_US Bank_Final_Version_16

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-6   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 2   Pg 258 of 271

| 9 | 0123863755 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/18/2007, in the amount of $486,000, as cash out refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 90% Loan to Value/Combined Loan to Value, and a 38.94% Debt to Income Ratio. There was a manual approval dated 01/23/2007, in the loan file. | Stated | $486,000.00 | 2845076 |
| | | | 1.04 (b) (xi) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (b) (xxi) BNC 2007-2_No Fraud

1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner and Operator of a farm earning $9,400 per month on the loan application. The loan file contained post-closing 2008 tax returns, which revealed the Borrower earned $20,551 or $1,712 per month as a Farmer. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Farmer earning $9,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and significantly impacted the determination of the Borrower's reasonability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845076 |
| 10 | 0123883506 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/05/2007, in the amount of $216,000, as a cash out refinance of an owner occupied property located in an Attached Planned Unit Development (PUD). The loan was approved as a Full Documentation loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.681% Debt to Income ratio (DTI). There was a Manual approval dated 01/10/2007, in the loan file. | Full | $216,000.00 | 2845099 |
| | | | 1.04 (b) (xi) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (b) (xxi) BNC 2007-2_No Fraud

1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application in Nursing for 7 years. An audit verbal verification of employment was obtained whereas the same person who conducted the verbal verification of employment at origination indicated that the Borrower never worked for the employer stated on the loan application and that she never filled out or verified any of the information supplied at origination. The origination credit report did not reflect the employer listed on the loan application.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as Nursing for 7 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845099 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xxi) BNC 2007-2_No Fraud Red Flags Present<br><br>1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Income - No Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented or endorsed income. The Borrower stated income as a Nurse earning $4,568 per month on the loan application. An audit verbal verification of employment was obtained whereas the same person who conducted the verbal verification of employment at origination indicated that the Borrower never worked for the employer stated on the loan application and that she never filled out or verified any of the information supplied at origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Nurse earning $4,568 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845099 |
| 11 | 0124027319 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/09/2007, in the amount of $211,200, as a cash-out refinance of a non-owner occupied property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 35.646% Debt to Income (DTI). There was an approval dated 01/12/2007, in the loan file. | Stated | $211,200.00 | 2845105 |
| . | | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Realtor for 3.11 years, earning $13,000 per month.<br><br>Research conducted through The U.S. Labor of Statistics indicated that a Real Estate Agent located in the same area in 2007 could expect to earn a monthly income of $7,085 per month in the 75th percentile.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representations, the Borrower's stated income was unreasonable.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845105 |
| . | | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Investigate Credit History | Failure to Investigate Credit History | 2 | 3 | The loan file did not include a letter of explanation to support the 5 inquiries reported from 12/22/2006 through 01/25/2007 on the Borrower's credit report, dated 01/31/2007.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the file that the credit inquiries were investigated so as to determine whether such inquires resulted in additional debt undisclosed on the loan application and such, there is no evidence in the file that accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845105 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/28/2013 1:54:31 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_US Bank_Final_Version_16

Part 2 260 of 271

| | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 4 | 3 | The Borrower misrepresented her debt obligations. According to the Mortgage Electronic Registry System report and the audit credit report, the Borrower had 3 undisclosed mortgages. An undisclosed mortgage was obtained in the amount of $151,525 on 12/2006, which was 2 months prior to closing and resulted in an undisclosed monthly payment of $813. An undisclosed mortgage was obtained in the amount of $106,400 on 11/2006, which was 3 month after closing and resulted in an undisclosed monthly payment of $929 and an undisclosed mortgage in the amount of $66,400 was obtained in 02/2006, which was prior to the subject loan closing and resulted in an undisclosed monthly payment of $515 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $2,473 in monthly debt, which constitutes an event of default under the executed Mortgage or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845105 |
| | | | 1.04 (b) (xl) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 5 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Realtor earning $13,000 per month on the loan application. An audit verification of employment and income was obtained from the Borrower's employer listed on the loan application, which revealed that the Borrower earned a monthly income of $7,241 in commission income during the Borrower's time of employment until July 2007.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Realtor earning $13,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845105 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/28/2013 1:54:31 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan ID | Lien | Deal | Category | Finding | Finding Name | A | B | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xxi) BNC 2007-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 6 | 3 | The Borrower misrepresented his employment. The search of public records revealed the Borrower filed bankruptcy on 04/12/2011 with the Eastern District of Virginia. Section 18 of The Statement of Financial Affairs revealed the Borrower had another real estate agency opened in Hopewell, Virginia other than the real estate agency listed on the loan application, which was not disclosed at the time of origination. The undisclosed real estate agency was opened from 2004 to the present date, which was within the prior 6 years of the bankruptcy file date of 04/12/2007, which could have caused a negative impact on the Borrower's stated income of $13,000 per month. Additionally, the Borrower's 2007 and 2008 tax returns were included in the post-closing documents found in the loan file and also listed that the undisclosed real estate agency as a business belonging to the Borrower. The 2007 Schedule C on the Borrower's income tax returns reflected the undisclosed business resulted in a loss in income during year of the subject loan closing in 2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Realtor for just the employer listed on the loan application for 3.11 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2845105 |
| 12 | 0124029679 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 1/10/2007 in the amount of $369,750, as cash out refinance of an owner occupied single-family residence. The loan was approved as a Full Documentation loan, with an 85% Loan to Value/Combined Loan to Value, and a 49.02% Debt to Income. There was a manual approval dated 02/06/2007, in the loan file. | Full | $369,750.00 | 2845107 |
| . | | | | 1.04 (b) (xii) BNC 2007-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxiii) BNC 2007-2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file contained a final HUD-1; however, line 1400 differs from fees calculated.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845107 |
| . | | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-2_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as Territory Sales Manager earning $7,875 per month on the loan application. The loan was approved as a Full Documentation loan using the Borrower's 12 months bank statements dated from 01/27/2006 through 12/2006, which reflect a yearly average of $107,279, or $8,940 per month. An audit verification of deposit was requested and completed by the original bank, which does not reflect the same records as shown. The Borrower's audited yearly average from 01/2006 through 12/2006 is $50,367, or $4,197 per month, resulting in a disqualification of the misrepresented income.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Territory Sales Manager earning $7,875 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845107 |

Cowen_US Bank_Final_Version_16

| 13 | 0124033341 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/29/2007, in the amount of $306,000.00, as a cash-out refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Assets Loan, with an 80% Loan to Value/Combined Loan to Value, and a 45.26% Debt to Income Ratio. There was a manual approval dated 02/27/2007, in the loan file. | Stated | $306,000.00 | 2845112 | |
| . | | | | 1.04 (b) (xi) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as an Inventory Controller Coordinator for 10 years, earning $7,400 per month.

Income of $7,400 per month for an Inventory Controller Coordinator is unreasonable and is a red flag for potential misrepresentation. Salary.com reported the average salary at the 90th percentile for an Inventory Controller Coordinator in the same geographic region was $4,695 per month.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representations, the Borrower's stated income was unreasonable.

Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845112 | |
| . | | | | 1.04 (b) (xi) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (b) (xxi) BNC 2007-2_No Fraud

1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Inventory Controller Coordinator earning $7,400 per month on the loan application. The loan file contained post-closing 2007 tax returns, which reflect the Borrower's income as $47,357, or $3,946 per month.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as an Inventory Controller Coordinator earning $7,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845112 | |
| 14 | 0124242405 | 1st | SASC 2007-BC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/26/2007, in the amount of $224,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 74.67% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 26.45% Debt to Income (DTI). There was a Manual approval dated 03/29/2007, in the loan file. | Stated | $224,000.00 | 2847038 | |
| . | | | | 1.04 (c) (v) SAS 2007-BC3_No Fraud

1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as an Insurance Agent earning $4,200 per month on the loan application. The Co-Borrower listed income of $2,100 per month as an Administrative Assistant. The loan file contained the Borrowers' tax return for 2007, which was the same year the subject loan closed. The tax return was provided by the Borrower for loss mitigation. The Borrowers' tax return revealed the Co-Borrower's income was $1,295 per month. The tax return also revealed the Borrower's business had a net loss of $3,306.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers falsely stated incomes as an Insurance Agent earning $4,200 per month and Administrative Assistant earning $2,100 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847038 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/28/2013 1:54:31 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final_Version_16

| 15 | 0124250994 | 1st | SASC 2007-BC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/30/2007 in the amount of $333,200.00 for refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.252% Debt to Income ratio (DTI). There was a Manual approval dated 03/30/2007, in the loan file. | | $333,200.00 | 2847040 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xviii) (d) SAS 2007-BC3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application primary employment as a self-employed Detail Painter for 2.6 years, earning $7,000 per month and secondary employment as a Laborer for 2 years, earning $1,800 per month. Income of $7,000 per month for a self-employed Detail Painter is unreasonable and is a red flag for potential misrepresentation. The US Bureau of Labor Statistics reported the average salary at the 75th percentile for a Detail Painter in 2007 and in the same geographic region was $3,110 per month. The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847040 | |
| . | | | | 1.04 (b) (xviii) (d) SAS 2007-BC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC3_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower indicated that he had primary employment as a Detail Painter for 2.6 years. The loan file contained the Borrower's tax returns for the subject year loan closing 2007, obtained post closing, which did not report any income from self-employment. The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated primary self employment as Detail Painter for 2.6 years, which constituted an event of default under the executed Mortgage and or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847040 | |
| . | | | | 1.04 (b) (xviii) (d) SAS 2007-BC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC3_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower stated on the loan application primary employment as a self-employed Detail Painter for 2.6 years, earning $7,000 per month and secondary employment as a Laborer for 2 years, earning $1,800 per month. The Borrower submitted his post closing income documentation for the subject year loan closing 2007 for the purpose of obtaining a home modification. The Borrower's 2007 tax returns reflected the Borrower had no income from self-employment. The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated primary income as a self-employed Detail Painter earning $7,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847040 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/28/2013 1:54:31 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final_Version_16

**Digital Risk - Loan Review Findings**
08-13555-mg    Doc 46080-6    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 2    Pg 264 of 271

| 16 | 40454043 | 1st | LXS 2007-8H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/11/2007, in the amount of $460,000, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% Loan to Value/Combined Loan to Value, and a 20.94% Debt to Income. There was a manual approval dated 04/10/2007, in the loan file. | Stated | $460,000.00 | 2845656 |
| | | | 1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as an Owner of a strategic business analytical company for 2.1 years. The loan file contained 2006 same year tax returns, which did not reflect Schedule C income and revealed the Borrower was a Homemaker.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a strategic business analytical company for 2.1 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2845656 |
| | | | 1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of a strategic business analytical company earning $25,000 per month on the loan application. The loan file contained 2006 same year tax returns, which did not reflect Schedule C income and revealed the Borrower was a Homemaker.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a strategic business analytical company earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845656 |

| 17 | 45235868 | 1st | LXS 2007-8H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/27/2007, in the amount of $130,400.00, as a purchase of a second home condominium. The loan was approved as No Ratio loan (No Income, Verified Asset) with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 03/07/2007, in the loan file. | NIVA | $130,400.00 | 2845662 | |
| | | | | 1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. Public records and utility records indicated the Borrower did not occupy the subject property as a second home after the closing date of 03/12/2007. Public records also indicated numerous other individuals occupied the subject property from 10/2006 to 12/2008. Research of public records revealed the Borrower had purchased a condominium in the same complex as the subject property in 12/2006, 4 months prior to the subject loan closing, which was not disclosed at origination. It is unlikely the subject property was intended as a second home when the Borrower already owned a unit in the same complex.<br><br>The Seller represented and warranted, in part, that the underwriting methodology used confirmed that Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2845662 | |
| 18 | 45998580 | 1st | LXS 2007-8H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/16/2007, in the amount of $249,000, a purchase of an owner occupied Townhome in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Assets loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.94% Debt to Income Ratio (DTI). There was a Manual approval dated 04/11/2007, in the loan file. | Stated | $249,000.00 | 2845674 | |
| | | | | 1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Ranch Foreman earning $5,450 per month on the loan application. The post closing tax returns for 2007, the year of the subject loan closing, indicated the Borrower earned $2,184 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Ranch Foreman earning $5,450 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845674 | |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | $4,995,750.00 | | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 00121848964 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $103,275.00 | 2844822 | |
| | | | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844822 | |
| 2 | 00123279762 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/16/2006, in the amount of $34,200. There was a Manual approval dated 11/17/2006, in the loan file. The loan file only contained the loan approval, the Note, and the Mortgage and title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Full | $34,200.00 | 2847151 | |
| | | | | 1.04 (b) (xl) SAS 2007-BNC1_Underwriting Guidelines

1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The loan file only contained the loan approval, the Note, the Mortgage and title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller.

The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847151 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/29/2013 12:32:57 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| 3 | 00124694027 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/30/2007, in the amount of $91,000, as a cash out refinance of an owner occupied Single Family Residence (SFR). The loan was approved with a Full documentation, with a 65% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.91% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | | $91,000.00 | 2847081 | |
| . | | | | 1.04 (b) (xii) SAS 2007-BC4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAS 2007-BC4_Written Disclosure - Deemed MnA_Pool 1 | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain the final HUD-1 for the subject loan transaction. The HUD-1 is required to determine closing costs and amount of cash out.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, and local law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847081 | |
| . | | | | 1.04 (b) (xiii) SAS 2007-BC4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAS 2007-BC4_Written Disclosure - Deemed MnA_Pool 1 | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain the TIL.<br><br>The Seller represented and warranted that the originating practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, and local law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847081 | |
| . | | | | 1.04 (c) (xviii) SAS 2007-BC4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847081 | |
| 4 | 00124759879 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/31/2007, in the amount of $225,000, as a cash out refinance of an owner occupied Single Family Residence (SFR). The loan was approved as a Stated Income/Verified Assets loan, with a 75% Loan to Value/Combined Loan to Value LTV/CLTV, and a 36.86% Debt to Income Ratio (DTI). There was a Manual approval dated 05/30/2007, in the loan file. | Stated | | $225,000.00 | 2847196 | |
| . | | | | 1.04 (b) (xi) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xii) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | | The Borrower stated on the loan application employment as a home based self-employed Child Day Care Provider for 4 years, earning $7,000 per month.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller also represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $7,000 per month for a home based self-employed Child Day Care Provider is unreasonable as the US Bureau of Labor Statistics indicates the average income for a Child Care Worker in 2007, at the 75th percentile in the same geographical area is $1,648 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847196 | |

| # | Loan # | Lien | Deal | | Finding | Finding | | | Description | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 00124781980 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/08/2007, in the amount of $237,405.00, as a purchase of an owner occupied Single Family Residence (SFR) located in a Planned Unit Development (PUD). The loan was approved as a Full Documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.29% Debt to Income Ratio (DTI). There was a Manual approval dated 06/15/2007, in the loan file. | Full | $237,405.00 | 2847087 |
| | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 2 | 3 | Per the final HUD-1 Settlement Statement, the Borrowers' funds required for closing were $14,613. In addition, the Borrowers were required to verify earnest money of $4,300 for the subject property. In total, assets of $18,913 were required to be verified. The loan file contained a bank statements with an ending balance of $1,506 and gift documentation of $15,020.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was a $2,387 shortage of verified assets, and has a significant impact on the Borrowers' reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847087 |
| | . | | | 1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented his employment on the loan application as an owner of a SCUBA business for 9 years as his sole source of employment. Public records indicated the Borrower had an additional self-employed business, which was not disclosed on the loan application. The Borrower owned and operated an additional self-employed repair business from 03/2004 to 01/2011.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self employment as an owner of a SCUBA business for 9 years as his sole source of employment, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847087 |
| 6 | 00124786922 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/07/2007, in the amount of $1,000,000, as a cash out refinance of an owner occupied Single Family Residence (SFR) located in a Planned Unit Development (PUD). The loan was approved as a Full Documentation loan, with a 76.92% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42% Debt to Income Ratio (DTI). There was a Manual approval dated 06/13/2007, in the loan file. | Full | $1,000,000.00 | 2847090 |
| | | | | 1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as the Owner of a water system company for 11 years as his sole source of employment. The loan file contained a post-closing tax return for 2007, the year of the subject loan closing which reflected the Borrower owned another business in addition to the self-employed business reflected on the loan application. Public records also reflected the additional business.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file of the additional self-employed business.<br><br>Despite the Seller's representations, the Borrower falsely stated self employment as the Owner of a water system company for 11 years as his sole source of employment, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847090 |

Cowen_US Bank_Final_Version_15

| | 7 | 00124794850 | 1st | SASC 2007-BC4 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/15/2007 in the amount of $180,000 as a rate and term refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation Loan with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.058% debt-to-income ratio. There was a Manual approval dated 06/20/2007, in the loan file. | Full | | $180,000.00 | 2847091 | |
| | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Cash Out Exceeds Maximum Allowable | Cash Out Amount Exceeds Guideline Maximum | 1 | 3 | Per the final HUD-1 dated 06/20/2007, the Borrower received $4,404 cash back at closing and paid consumer debts totaling $77,208; however, the loan was approved as a rate and term refinance and was limited to cash out in the maximum amount of 2% of the loan amount of $2,000. <br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. <br><br>Despite the Seller's representations, the Borrower's cash out exceeded the maximum allowable limit of 2% of the loan amount or $2,000 and has a significant impact on the Borrower's reasonable ability to repay the subject loan. <br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847091 | |
| | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 <br><br>1.04 (c) (v) SAS 2007-BC4_No Fraud <br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented his debt obligations. The audit credit report revealed the Borrower had an undisclosed mortgage tied to an unknown property which was opened on 04/2007 with a loan amount of $5,957 and a monthly payment of $93. The subject loan closed on 06/15/2007. <br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. <br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. <br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. <br><br>The original credit report reflected 8 inquiries dated between 03/20/2007 and 05/10/2007. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The non-disclosure of a $93 monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt. <br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $93 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan. <br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847091 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/29/2013 12:32:57 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_US Bank_Final_Version_15

| 8 | 00124903873 | 1st | SASC 2007-BC4 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/26/2007 in the amount of $88,650.00, for a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 70.00% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.585% Debt to Income Ratio (DTI). There was a Manual approval dated 07/13/2007, in the loan file. | Full | | $88,650.00 | 2847113 |
| | | | | 1.04 (b) (xvii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Investigate Credit History | Failure to Investigate Credit History | 1 | 3 | The Borrower's origination credit report, dated 07/02/2007, contained 5 loan inquiries, dated 04/09/2007 through 06/18/2007.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the file that the credit inquiries were investigated so as to determine whether such inquires resulted in additional debt undisclosed on the loan application, such that an accurate credit profile was verified and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847113 |
| | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented her debt obligations. A review of the audit credit report revealed the Borrower opened an undisclosed installment loan prior to the subject loan closing on 07/16/2007. The Borrower opened the undisclosed installment loan on 06/2007 in the amount of $7,660 with a monthly payment of $259.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $259 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847113 |
| 9 | 0015503683 | 2nd | SAIL 2003-BC8 | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The credit package is missing from the loan file; therefore, document type is unknown. The loan file contained documents for a different Borrower. | Unknown | | $27,600.00 | 2845705 |
| | | | | 1.04 (b) (xvii) (d) SAIL 2003-BC8_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The loan file contained all documents for a different individual other than the loan information provided from the data tape.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845705 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/29/2013 12:32:57 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

# Digital Risk - Loan Review Findings

| 10 | 0037559051 | 1st | SARM 2006-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/17/2006, in the amount of $845,000.00, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset Loan, with a 44.61% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.29% Debt to Income Ratio (DTI). There was a Manual approval dated 02/09/2006, in the loan file. | Stated | | $845,000.00 | | 2846252 |
| | | | | 1.04 (c) (v) SARM 2006-3_No Fraud / 1.04 (c) (vii) SARM 2006-3_Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a brake service business earning $15,000 per month on the loan application. The loan file contained post closing documentation including the Borrowers' 2007 tax return. The tax return indicated the Borrower had a negative income of $3,000 for 2007. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed with the same business ownership in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as an Owner of a Brake service business earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | | 2846252 |
| 11 | 0121326342 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/20/2006, in the amount of $284,000, as a purchase of a non-owner occupied, 3 unit property. The loan was approved as a Stated Income/Verified Asset Loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.41% Debt to Income Ratio (DTI). There was a Manual approval dated 06/20/2006005, in the loan file. | Stated | | $284,000.00 | | 2846105 |
| . | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud / 1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Manufacturing Associate earning $4,250 per month on the loan application. The subject loan closed on 06/20/2006. An audit Verification of Employment was obtained from The Work Number, which indicated the Borrower was employed with the employee listed on the loan application from 05/25/1999 and retired as of 07/13/2012. The Borrower was employed as a Manufacturing Associate II and earned $14.53 per hour. The verification indicated the Borrower earned $31,215 in 2007, or $2,601 monthly. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Manufacturing Associate earning $4,250 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | | 2846105 |
| 12 | 0121332159 | 2nd | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/23/2006, in the amount of $41,600, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 44.091% Debt to Income Ratio. There was a manual approval dated 06/22/2006, in the loan file. | Stated | | $41,600.00 | | 2846122 |
| . | | | | 1.04 (b) (xii) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 1 | 3 | Per the final HUD-1 Settlement Statement, the Borrower had an earnest money deposit of $500, which was less than 2%, and was required to bring $1,118 in verified funds to closing. In total, assets of $1,118 were required to be verified; however, the loan file did not contain any asset documentation.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, there was a $1,118 shortage of verified assets and has a significant impact on the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | | 2846122 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/29/2013 12:32:57 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo