# ATTACHMENT V
# Part 4

| 24 | 0121311468 | 2nd | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/05/2006, in the amount of $39,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% loan-to-value/combined loan-to-value, and a 39.01% debt-to-income ratio. There was a Manual approval dated 06/13/2006, in the loan file. | Stated | $39,000.00 | 2846075 | |
| . | | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 1 | 3 | The Borrower stated on the loan application that she rented her current residence for 2.5 years with a monthly payment of $1,450. The loan file contained a Verification of Rent from a private individual, which required 12 months canceled checks as verification of payment; however, the canceled checks were not provided.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file of verification of the Borrower's housing history; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846075 | |
| 25 | 0121315154 | 2nd | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/02/2006, in the amount of $48,400, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% loan-to-value/combined loan-to-value, and a 49.76% debt-to-income ratio. There was a Manual approval dated 06/09/2006, in the loan file. | Stated | $48,400.00 | 2846082 | |
| . | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Laborer earning $7,245 per month on the loan application and receiving positive rental income of $129 per month from the rental property located in South River, NJ. An audit re-verification of employment and income was obtained from the Borrower's employer, which revealed the Borrower's actual income for the year of the subject loan closing was $48,887, or $4,074 per month. Furthermore, per public records indicated the Borrower occupied a property located in South River, NJ, which was disclosed as a rental property on the loan application. SiteX.com confirmed the Borrower had an ownership interest in the South River, NJ property. In addition, a Driver's License search revealed the Borrower's Driver's license was registered at the South River, NJ property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Laborer earning $7,245 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2846082 | |

Cowen_US Bank_Final Version_24

Page 3 of 201

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Agreement represents plans to occupy the subject property. Research of public records indicated the Borrower occupied a property located in South River, NJ which was disclosed as a rental property on the loan application. SiteX.com confirmed the Borrower had an ownership interest in the South River, NJ property. Furthermore, a Driver's License search revealed the Borrower's Driver's license was registered at the South River, NJ property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage or Deed of Trust. | | | 2846082 | |
| 26 | 0121317549 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/27/2006, in the amount of $55,200, as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value, and a 44.65% Debt to Income Ratio. There was a Manual Approval dated 06/26/2006, in the loan file. | Stated | $55,200.00 | 2846085 | |
| . | | | | 1.04 (b) (xii) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 3 | 3 | Per the final HUD-1 Settlement Statement, the Borrower's funds required for closing were $15,219. In total, assets of $15,219 were required to be verified. The loan file contained a copy of a certified check for closing funds in the amount of $15,219; however, there is no evidence the funds were sourced and seasoned.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was a $15,219 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846085 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 2:34:40 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final Version_24

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 4 | 3 | The Agreement represents Pool 1 above of 2011. Research conducted through the Mortgage Electronic Registry System Report and an audit credit report revealed an undisclosed property was purchased on 06/27/2006, the same day as the subject loan closing and a mortgage was obtained in the amount of \$52,800 with a payment of \$536 per month. In addition, an undisclosed mortgage was obtained on 05/11/2006 in the amount of \$15,000 with a payment of \$156 per month, which was secured by the Borrower's primary residence.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Further still, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose \$692 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan. | | | 2846085 | |
| . | | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 5 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Core Room Supervisor earning \$7,500 per month on the loan application. An Audit Verification of Employment was obtained, which revealed he earned \$45,694, or \$3,807 per month in 2006, the year of the subject closing.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Further still, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Core Room Supervisor earning \$7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan | | | 2846085 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 2:34:40 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final Version_24

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 27 | 0121321285 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan is dated on 05/05/2006 in the amount of $176,000, as a purchase of an owner occupied 2-unit property. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.306% Debt to Income Ratio (DTI). There was a Manual approval dated 06/07/2006, in the loan file. | Stated | $176,000.00 | 2846093 | |
| . | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud  1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Flight Attendant earning $6,000 per month on the loan application. The Borrower also indicated that she received net rental income in the amount of $312 per month from her departing address. According to a Statement of Financial Affairs, filed by the Borrower with the Northern District of Illinois Eastern Division Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 08/13/2009, the Borrower's income for the year of 2007 was $3,294 per month. Additionally, according to Section 15 of the Statement of Financial Affairs, the Borrower never resided at the subject property within the last 3 years and continued to live at her departing address located in Calumet City, IL. An Accurint search of the Borrower revealed the Borrower continued to reside at her departing address from 04/1997 through 11/2012. Therefore, the Borrower did not receive any rental income from her departing address. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Flight Attendant earning $6,000 per month and receiving net rental income of $312 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846093 | |
| . | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud  1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. According to Section 15 of the Statement of Financial Affairs, filed by the Borrower with the Northern District of Illinois Eastern Division Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 08/13/2009, the Borrower did not reside in the subject property within the last 3 years of the filing date and continued to reside at her departing address located in Calumet City, IL. Additionally, an Accurint search of the Borrower revealed the Borrower continued to reside at her departing address from 04/1997 through 11/2012.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846093 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 2:34:40 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final Version_24

| 28 | 0121323364 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/05/2006 in the amount of $200,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.45% debt to income ratio (DTI). There was a Manual approval dated 06/23/2006, in the loan file. | Stated | $200,000.00 | 2846099 | |
| . | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A public records search conducted through Accurint, revealed the Borrower purchased a property in Tacoma, WA on 05/01/2006, the month prior to the subject loan closing on 06/05/2006, and the Borrower obtained two undisclosed mortgages. The first mortgage was obtained with a loan amount of $153,200 and a monthly payment of $1,152 and a second mortgage was obtained with a loan amount of $38,300 and a monthly payment of $368.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Further still, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,520 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan. | | | 2846099 | |

| 29 | 0121326524 | 1st | SAIL 2006-BNC3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan, dated on 06/27/2006 in the amount of $192,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 50% debt-to-income ratio. There was a Manual approval dated 06/12/2006, in the loan file. | Stated | $192,000.00 | 2846106 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1  1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud  1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit report and Mortgage Electronic Registration System revealed 2 undisclosed mortgages tied to 1 undisclosed property located in Ogden, UT, which closed on 06/27/2006 in the amounts of $98,000 and $42,000 and monthly payments of $740 and $317.  The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.  The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.  Further still, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,057 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan | | | 2846106 |
| . | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1  1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud  1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Fire Fighter/Emergency Medical Technician earning $4,000 per month on the loan application. An audit re-verification of employment and income was obtained from the employer, which revealed the Borrower's actual income for the year of the subject loan closing was $3,176, or $265 per month.  The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.  The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Fire Fighter/Emergency Medical Technician earning $4,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan. | | | 2846106 |

# Digital Risk - Loan Review Findings
08-13555-mg   Doc 46080-8   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
Cowen_US Bank_Final Version_24

Part 4  Pg 9 of 201

| 30 | 0121329411 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/15/2006 in the amount of $337,500, as a purchase of an owner occupied single family residence located in a planned urban development. The loan was approved as a Stated Income/Verified Asset loan, with a 90% loan-to-value/combined loan-to-value, and a 35.78% debt-to-income ratio. There was a Manual approval dated 06/15/2006, in the loan file. | Stated | $337,500.00 | 2846115 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registration System and an audit credit report revealed an undisclosed mortgage secured to an undisclosed property located in State Island, NY with a loan amount of $285,000 and a monthly payment of $2,145, which closed on 05/03/2006, the month prior to the subject loan closing on 06/15/2006.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $2,145 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan. | | | 2846115 |
| . | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 2 | 3 | The Borrower misrepresented his ownership of assets. The Borrower provided asset documentation for his savings and checking accounts, dated 05/02/2006, which reflected ending balances of $42,096. An audit verification was sent to the financial institution, which indicated the customer name on the account did not match.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely disclosed that he had $42,096 in down payment and reserves when in fact was not the owner of the accounts. The amount of assets disclosed was misrepresented by $42,096, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846115 |
| . | | | | | | | | | **Grand Total of Repurchase Demand** | | **$3,408,605.00** | |

.
.
.
.

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 5/31/2013 2:34:40 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank_Final Version_23

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000017764184 | 1st | SASC 2004-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/20/2004, in the amount of $67,500, as a cash-out refinance of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.892% Debt to Income Ratio (DTI). There was a Manual approval dated 04/13/2004, in the loan file. | Stated | $67,500.00 | 2846528 | |
| . | | | | 1.04 (c) (v) SAS 2004-13_No Fraud 1.04 (c) (vii) SAS 2004-13_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of Accurint and the audit credit report revealed the Borrower obtained 8 undisclosed mortgages in the month prior to the month of the subject closing on 04/20/2004. The Borrower acquired the first undisclosed mortgage associated with an unknown property on 01/1999 in the amount of $66,250 with a monthly payment of $575. The Borrower acquired the second undisclosed mortgage associated with an unknown property on 01/1999 in the amount of $68,350 with a monthly payment of $735. The Borrower acquired the third undisclosed mortgage associated with an unknown property on 03/2004 in the amount of $104,000 with a monthly payment of $624 and the Borrower acquired an additional 5 undisclosed mortgages totaling $501,200 with monthly payments totaling $3,001.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $4,935 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846528 | |
| 2 | 000000030977474 | 1st | LXS 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/01/2005, in the amount of $102,400, as a purchase of a non owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36% Debt to Income ratio (DTI). There was a Manual approval dated 05/27/2005, in the loan file. | Full | $102,400.00 | 2845350 | |
| . | | | | 1.04 (c) (v) LXS 2005-4_No Fraud 1.04 (c) (vii) LXS 2005-4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. An audit credit report and a public records search obtained through the Mortgage Electronic Registry System revealed the Borrower had purchased two properties. The first property was purchased 02/18/2005 in Medical Lake, WA, and a mortgage was obtained, in the amount of $115,900, with a monthly payment of $771. The second property was purchased 05/02/2005 in Salt Lake City, UT and a new mortgage was obtained in the amount of $124,450, with a monthly payment of $828. The undisclosed debt, closed prior to the subject loan closing on 06/01/2005.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $1,599 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845350 | |
| 3 | 00014134563 | 1st | SASC 2003-39EX | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/14/2002, in the amount of $229,900, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.83% Debt to Income Ratio (DTI). There was a Manual approval dated 08/14/2006, in the loan file. | Stated | $229,900.00 | 2846479 | |
| . | | | | 1.04 (b) (xx) SAS 2003-39EX_No Fraud 1.04 (b) (xxii) SAS 2003-39EX_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Mail Processor Clerk earning $5,000 per month on the loan application. The Borrower also indicated that she was receiving gross rental income of $1,300 per month from her departing address. The loan file contained post closing income documentation including the Borrower's federal income tax return for 2004. The Borrower's 2004 federal income tax return included a Three-Year Tax Summary, which revealed the Borrower's income for 2002, the year the subject loan closed, was $3,611 per month. Additionally, a search of Accurint for the Borrower revealed the Borrower continued to reside in her departing address located in Snellville, GA after the subject loan closed. Accurint reported the Borrower resided in the Snellville residence from 01/1998 through 04/2013 per utility records. Accurint also reported numerous individuals residing at the subject property from 02/2002 through 09/2006. Furthermore, the Borrower's 2004 federal income tax return listed the Borrower's primary address as the Snellville, GA address, which supported the fact that the Borrower never occupied the subject property as required. Therefore, no rental income could be given for the Snellville, GA address.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Mail Processor Clerk earning $5,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846479 | |

Cowen_US Bank_Final Version_23

# Digital Risk - Loan Review Findings
08-13555-mg   Doc 46080-8   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment part 20 p...

| No | Loan Number | Lien | Deal | | Rep Codes | Finding | Finding Type | # | # | Description | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 1.04 (b) (xx) SAS 2003-39EX_No Fraud<br><br>1.04 (b) (xxii) SAS 2003-39EX_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. A search of Accurint for the Borrower revealed the Borrower continued to reside in her departing residence located in Snellville, GA after the subject loan closed. Accurint reported, using utility records as the source, the Borrower resided in the Snellville residence from 01/1998 through 04/2013. Accurint also reported numerous individuals residing at the subject property from 02/2002 through 09/2006. Additionally, the Borrower's 2004 federal income tax return listed the Borrower's primary address as the Snellville, GA address, which supported the fact that the Borrower never occupied the subject property as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846479 |
| 4 | 00014149926 | 1st | SASC 2003-39EX | | Loan Summary | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/11/2002 in the amount of $180,500 as a purchase of a non-owner occupied 2 unit property. The loan was approved as a Stated Income/Verified Asset loan with a 95% Loan to Value/ Combined Loan to Value. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $180,500.00 | 2846480 |
| | | | | | 1.04 (b) (xx) SAS 2003-39EX_No Fraud<br><br>1.04 (b) (xxii) SAS 2003-39EX_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. The Mortgage Electronic Registry System report revealed 2 undisclosed properties secured by undisclosed mortgages. The first mortgage in the amount of $111,150 was obtained on 10/10/2002 with a payment of $836. The second mortgage was in the amount of $180,500, which was also obtained on 10/10/2002 with a payment of $1,359. Both mortgages were opened the day before the subject loan closing on 10/11/2002 and were not included in the debts at loan origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $2,195 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846480 |
| 5 | 00014159503 | 1st | SASC 2003-39EX | | Loan Summary | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $147,000.00 | 2846481 |
| | | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxvii) SAS 2003-39EX_Mortgage File<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject note was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2846481 |
| | | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846481 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and contained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2846481 |
| . | | | 1.04 (b) (xxxiii) SAS 2003-39EX_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2846481 |
| 6 | 00014286066 | 1st | SASC 2003-39EX | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/13/2002, in the amount of $44,100, as a purchase of a non-owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 90% Loan to Value/ Combined Loan to Value, and a 24.23% Debt to Income Ratio. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $44,100.00 | 2846482 |
| . | | | 1.04 (b) (xx) SAS 2003-39EX_No Fraud<br><br>1.04 (b) (xxi) SAS 2003-39EX_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. The Audit Credit Report and the Mortgage Electronic Registry System report revealed 2 undisclosed properties and undisclosed debt secured by these properties. The first mortgage was obtained on 09/02/2002, the same month as the subject loan closing on 09/13/2002, with a loan amount of $64,800 and a payment of $824 per month. The second mortgage was obtained on 08/15/2002 with a loan amount of $27,000 and a payment of $222.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $1,046 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2846482 |
| 7 | 00014724983 | 1st | SASC 2003-39EX | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 2/13/2003, in the amount of $140,600, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with 85% Loan to Value/Combined Loan to Value, and a 31.11% Debt to Income Ratio. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $140,600.00 | 2846489 |
| . | | | 1.04 (b) (xx) SAS 2003-39EX_No Fraud<br><br>1.04 (b) (xxi) SAS 2003-39EX_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per public records and an audit credit report, the Borrower acquired an undisclosed property located in Saint Louis, MO on 2/12/2003 on the same day as the subject loan closing, and obtained a first mortgage in the amount of $166,500 with a monthly payment of $1,402 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $1,402 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2846489 |

Cowen_US Bank_Final Version_23

| 8 | 00014798839 | 1st | SASC 2003-39EX | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/31/2003, in the amount of $277,900. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain that the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $277,900.00 | 2846491 | |
| . | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxvii) SAS 2003-39EX_Mortgage File<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br>The loan file did not contain a Subject Note.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2846491 | |
| . | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846491 | |
| . | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law<br><br>1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846491 | |
| . | | | | 1.04 (b) (xxxiii) SAS 2003-39EX_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846491 | |
| 9 | 00017240227 | 1st | SASC 2004-GEL3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/31/2003, in the amount of $195,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% loan-to-value/combined loan-to-value, and a 43% debt-to-income ratio. There was a Manual approval dated 12/31/2003, in the loan file. | Stated | $195,000.00 | 2846631 | |
| . | | | | 1.04 (b) (xiii) SAS 2004-GEL3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-GEL3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain the final HUD-1.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846631 | |

| # | Lien | Deal | Rep | Finding Type | Finding | a | b | Narrative | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) SAS 2004-GEL3_No Fraud; 1.04 (c) (vii) SAS 2004-GEL3_No Event of Default | Asset Misrepresentation - With Red Flags Present | Misrepresentation of Assets | 2 | 3 | The Borrower misrepresented his ownership of assets. A credit alert Verification of Deposit indicated the Borrower was not a customer of the financial institution.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely disclosed that he had had $5,000 down payment when in fact he had none per the audit Verification of Deposit. The amount of assets disclosed was misrepresented by $5,000, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846631 |
| 10 | 00040386807 | 1st | LXS 2007-12N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 4/03/2007, in the amount of $557,200, as a purchase of an owner occupied single-family residence. The loan was approved as a No Ratio (No Income/Verified Assets) loan, with a 79.99%/94.99% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NIVA | $557,200.00 | 2845496 |
| | | | 1.04 (c) (v) LXS 2007-12N_No Fraud; 1.04 (c) (vii) LXS 2007-12N_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Security Manager earning $15,730 per month on the initial loan application and the Co-Borrower listed income of $4,000 per month as a Customer Service Representative. Per the audit verification of employment from Work Number the Borrower earned $7,901 per month in 2007 from his original employer.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Security Manager earning $15,730 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845496 |
| 11 | 00121842892 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/13/2006, in the amount of $177,225, as a cash-out refinance of an owner-occupied single-family residence. The loan was approved as a Full Documentation loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.472% Debt to Income Ratio (DTI). There was a manual approval, dated 07/25/2006, in the loan file. | Full | $177,225.00 | 2844811 |
| | | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Legal Residency | Failure to Verify Legal Residency | 2 | 3 | The subject loan was underwritten without proper regard to the Co-Borrower's reasonable ability to repay. Verification of the Co-Borrower's identity, so as to confirm the right and ability of the Co-Borrower to earn income in the United States, was a significant factor in determining the Co-Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Co-Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representation, the loan application stated the Co-Borrower was not a United States citizen but was a permanent resident alien. There is no evidence in the file that the Co-Borrower's legal residency or right to earn income in the United States was verified and has a significant impact on the Co-Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844811 |

| 12 | 00121847040 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly populated and approved in accordance with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $196,000.00 | 2844818 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification of the Borrowers' credit, so as to confirm the Borrowers' overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers' had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrowers' credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844818 |
| 13 | 00121849095 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/26/2006, in the amount of $176,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.412% Debt to Income Ratio (DTI). There was a Manual approval dated 08/01/2006, in the loan file. | Stated | $176,000.00 | 2844823 |
| | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a self employed Owner of a maid service for 2 years earning $5,725 per month on the loan application. Research of public records revealed the Borrower filed a Chapter 13 Bankruptcy on 03/07/2008 with the District of Minnesota. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $1,530 per month in self employment income in 2006 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self employed Owner of a maid service for 2 years earning $5,725 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and also significantly impacted the determination of the Borrower's reasonable ability to repay.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844823 |
| | | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. The subject transaction was a purchase of an owner occupied residence and the security instrument signed at closing reflects the Borrower agreed to occupy the subject property for at least one year. Research of public records revealed the Borrower filed a Chapter 13 Bankruptcy on 03/07/2008 with the District of Minnesota. The petition included a Statement of Financial Affairs, which revealed the Borrower occupied the subject property from 06/2006 through 10/2006, or 4 months. The subject loan closed on 07/26/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844823 |

Cowen_US Bank_Final Version_23

| 14 | 00121854699 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/31/2006, in the amount of $159,120 for the purchase of an owner occupied singe family residence. The loan was approved as a Full Documentation Refi, with an 85% Loan to Value (LTV/CLTV), and a 51.99% Debt to Income Ratio (DTI). There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | | $159,120.00 | 2844836 | |
| . | | | 1.04 (b) (xii) BNC 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) (g) BNC 2006-1_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xl) (h) BNC 2006-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2844836 | |
| . | | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 4 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's assets, so as to confirm the Borrower's strength of savings patterns, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Per the final HUD-1 Settlement Statement, the Borrower's funds required for closing were $1,979. In total, assets of $1,979 were required to be verified. The loan file contained a cashier's check in the amount of $1,979; however, the source of funds was not documented.<br><br>Despite the Seller's representations, there was a $1,979 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2844836 | |

Cowen_US Bank_Final Version_23

| | | | | Guideline | Finding | Finding | | | Narrative | | | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 6 | 3 | The Borrower misrepresented his debt obligations. Research conducted through public records and an audit credit report revealed the Borrower purchased an undisclosed property on 07/18/2006 located in Chicago, IL and obtained a first mortgage in the amount of $150,800 with a monthly payment of $809 and a second mortgage in the amount of $37,700 with a monthly payment of $202; the Borrower purchased an undisclosed property on 08/16/2006 located in Lynwood, IL and obtained a first mortgage in the amount of $190,000 with a monthly payment of $1,019; the Borrower purchased an undisclosed property on 08/18/2006 located in Matteson, IL and obtained a first mortgage in the amount of $204,000 with a monthly payment of $1,454 and a second mortgage in the amount of $51,000 with a monthly payment of $507; and the Borrower purchased an undisclosed property on 08/18/2006 located in Richton Park, IL and obtained a first mortgage in the amount of $191,920 with a monthly payment of $2,130 and a second mortgage in the amount of $47,980 with a monthly payment of $440. The Borrower also obtained a mortgage in 07/206, the same month as the subject loan closing on an unknown property in the amount of $186,200 with a monthly payment of $999 and had a mortgage opened in 02/2006 on an unknown property in the amount of $142,492 with a monthly payment of $593. The Borrower had a total of undisclosed monthly payments of $8,563 obtained before or within 30 days after the subject loan closing on 07/27/2006.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $8,563 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable | | | 2844836 | |
| | | | | 1.04 (b) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 7 | 3 | The Borrower misrepresented his disclosed rental income. The Borrower falsely stated rental income of $2,800 per month for his departing residence on the loan application. The loan application reflected the Borrower owned his current address located in Burnham, IL for 2 years and would be renting the property out after closing on 07/2006; however, research conducted through public records revealed the Borrower continued to reside at the departing residence from 12/2002 through 04/2013.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated rental income for his departing address of $2,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844836 | |
| | | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 8 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan application reflected the Borrower owned his current address located in Burnham, IL for 2 years and would be renting the property out after closing on 07/2006; however, research conducted through public records revealed the Borrower continued to reside at the departing residence from 12/2002 through 04/2013. In addition, public records also reflected the Borrower registered a vehicle in 09/2006, 2 months after the subject loan closing and a vehicle in 11/2006, 4 months after the subject loan closing using the departing address. Further, there were no phone or utility records under the Borrower's name for the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844836 | |
| 15 | 00121854798 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/17/2006, in the amount of $127,350. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Title Commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data. | Unknown | $127,350.00 | 2844837 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 5/31/2013 10:02:42 AM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

**789**

Cowen_US Bank_Final Version_23

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (d) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The loan file only contained the Title Commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844837 | |
| 16 | 00121859557 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/10/2006, in the amount of $180,800, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.714% Debt to Income Ratio (DTI). There was a Manual approval dated 07/12/22006, in the loan file. | Stated | $180,800.00 | 2844848 | |
| . | | | 1.04 (b) (xii) BNC 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xi) (g) BNC 2006-1_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xi) (h) BNC 2006-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2006-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($573,935.93) is ($409.16) below the actual finance ($574,345.09). The truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d)(1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844848 | |

Cowen_US Bank_Final Version_23

| 17 | 00121870976 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/11/2006, in the amount of $194,920.00, purchase of a second home condominium. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 95% LTV, a 95% combined loan-to-value, and a 40.63% debt-to-income ratio. There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $194,920.00 | 2844871 | |
| . | | | 1.04 (b) (xii) BNC 2006-1_Compliance with Applicable Law - Deemed MnA_Pool 1 | Failure to Provide the Final TIL | Failure to Provide Final TIL | | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. | | | 2844871 | |
| | | | 1.04 (b) (xi) (g) BNC 2006-1_Fees Disclosed - Deemed MnA_Pool 1 | | | | | | The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. | | | | |
| | | | 1.04 (b) (xi) (h) BNC 2006-1_Written Disclosure - Deemed MnA_Pool 1 | | | | | | Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | |
| | | | 1.04 (b) (xxxiii) BNC 2006-1_Origination Practices | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | |
| 18 | 00124243312 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/14/2007, in the amount of $121,410, as a non-owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 90% Loan to Value/Combined Loan to Value, and a 47.52% Debt to Income Ratio. There was a Manual Approval dated 02/27/2007, in the loan file. | Full | $121,410.00 | 2847057 | |
| . | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | | 2 | 3 | The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification of the Borrowers' assets, so as to confirm the Borrowers' strength of savings patterns, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan. | | | 2847057 | |
| | | | | | | | | | The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets. | | | | |
| | | | | | | | | | The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan. | | | | |
| | | | | | | | | | Per the final HUD-1 Settlement Statement, the Borrowers' funds required for closing were $15,543. In addition, the Borrowers were required to verify earnest money of $2,000 and 2 months principle, interest, tax, and insurance payments (PITI) in the amount of $2,488 for the subject property. In total, assets of $20,031 were required to be verified. The loan file contained a copy of a $2,000 personal check made out to an individual; however, the check was not canceled and the funds were not sourced and seasoned. The loan file did not contain an additional verification of assets. | | | | |
| | | | | | | | | | Despite the Seller's representations, there was a $20,031 shortage of verified assets, which significantly impacted the determination of the Borrowers' reasonability to repay the subject loan. | | | | |
| | | | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | |

Cowen_US Bank_Final Version _23

| 19 | 00124688151 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $92,250.00 | 2847192 | |
| | | | 1.04 (b) (xi) SAS 2007-BNC1_Underwriting Guidelines  1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.  The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.  The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.  The Seller also represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847192 | |
| 20 | 0117074401 | 1st | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/24/2000 in the amount of $25,000 as a cash out refinance of an owner occupied single family residence. The loan closed with a 60% LTV. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed loan application, note, final Hud-1 and title. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $25,000.00 | 2844737 | |
| | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-S1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844737 | |
| | | | 1.04 (c) (xviii) SAS 2005-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal in the loan file, contained pages 1 and 2; therefore, the complete origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2844737 | |

Cowen_US Bank_Final Version_23

| | | | | | | | | Findings Detail | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 21 | 0121323356 | 2nd | SAIL 2006-BNC3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/21/2006, in the amount of $59,000, as a rate and term refinance of an owner occupied multi family residence. The loan was approved as full documentation loan with a 90% loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.57% debt to income ratio (DTI). There was a Manual approval dated 06/27/2006, in the loan file. The Hud-1, revealed the Borrower received $42,331 at closing. | Full | $59,000.00 | 2846098 | |
| | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented her debt obligations. An audit credit report revealed the Borrower refinanced a rental property in 05/2006, the month prior to the subject loan closing on 06/21/2006, in the amount of $324,000, with a monthly payment of $2,299, which consolidated two mortgages with a combined monthly payment of $2,073. The monthly payment increased $226 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $226 increase in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846098 | |
| | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented her intent to occupy the subject property. According to a Statement of Financial Affairs filed in the Western District of Washington dated 10/12/2007 as part of a Chapter 13 Bankruptcy, the Borrower occupied a disclosed rental property, located in Auburn, WA as a primary residence. The subject loan closed 06/21/2006. The Statement of Financial Affairs verified the Borrower did not occupy the subject property within the last three years. Additionally, the subject loan file contained the Borrower's Drivers License, which did not match the subject property address and further confirms the Borrower did not occupy the subject property.<br><br>The Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846098 | |
| | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 5 | 3 | The Borrower misrepresented her employment on the loan application as a Marketing Manager for 8 years. According to a Statement of Financial Affairs, filed 10/12/2007 as part of a Chapter 13 Bankruptcy, in the Western District of Washington, the Borrower was not employed for the employer disclosed at origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Marketing Manager for 8 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846098 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud / 1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 6 3 | The Borrower misrepresented her disclosed income. The Borrower stated income as a Marketing Manager earning $6,800 per month on the loan application. According to a statement of financial affairs dated 08/12/2007 as part of a Chapter 13 Bankruptcy, in the Western District of Washington, the Borrower was not employed for the employer disclosed at origination, resulting in misrepresented income.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Marketing Manager earning $6,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846098 |
| 22 | 0122235815 | 2nd | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 08/18/2006, in the amount of $50,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation/12 Month Bank Statement loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 22.201% Debt to Income Ratio (DTI). There was a Manual approval dated 08/22/2006, in the loan file. | Full | $50,000.00 | 2844895 |
| . | | | | 1.04 (b) (xii) BNC 2006-2_Compliance with Applicable Law - Deemed MnA / 1.04 (b) (xl) (g) BNC 2006-2_Fees Disclosed - Deemed MnA_Pool 1 / 1.04 (b) (xl) (h) BNC 2006-2_Written Disclosure - Deemed MnA_Pool 1 / 1.04 (b) (xxxiii) BNC 2006-2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

The disclosed APR (11.051) is lower than the actual APR (12.0402). The Truth in Lending Act considers a disclosed APR inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17(f), 1026.19(a)(2), & 1026.22(a)(2)).

The disclosed finance charge ($77,808.94) is ($3,285.16) below the actual finance charge ($81,094.10). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844895 |
| . | | | | 1.04 (b) (xxi) BNC 2006-2_No Fraud / 1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 3 | The Borrower misrepresented his intent to occupy the subject property. According to Section 15 of the Statement of Financial Affairs, filed by the Borrower with the Northern District of Illinois Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 07/30/2007, the Borrower never occupied the subject property within the previous three years. The subject loan closed 08/18/2006 which was within 3 years of the bankruptcy filing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2844895 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 10:02:42 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_US Bank_Final Version_23

| | | | | | Loan Summary | Loan Summary | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 23 | 0123019846 | 1st | SASC 2006-BC6 | | | | 0 | 0 | The subject loan closed on 10/11/2006, in the amount of $274,500, on a cash-out refinance of an owner-occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% Loan to Value/Combined Loan to Value, and a 41.83% Debt to Income Ratio. There was a Manual Approval dated 10/18/2006, in the loan file. | Stated | $274,500.00 | 2846915 | |
| . | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Truck Driver for 5 months, earning $6,500 per month. The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Income of $6,500 per month for a Truck Driver is unreasonable and is indicative of potential misrepresentation. The U.S. Bureau of Labor Statistics reported the average salary at the 75th percentile for a Truck Driver in 2006 and in the same geographic region was $3,911 per month. The U.S. Bureau of Labor Statistics reported the average salary at the 75th percentile for a Truck Driver in 2006 and in the same geographic region was $3,911 per month. Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846915 | |
| . | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1      1.04 (c) (v) SAS 2006-BC6_No Fraud      1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Truck Driver earning $6,500 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2007 tax return, which revealed the Borrower's income was $45,736 or $3,811 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed, with the same employer, in the same line of work. The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as a Truck Driver earning $6,500 per month on the loan application, which not only constitutes an event of default under the executed Mortgage and/or Deed of Trust, it also significantly impacted the determination of the Borrower's reasonability to repay the subject loan. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846915 | |
| | | | | | | | | | **Grand Total of Repurchase Demand** | | $3,775,675.00 | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 5/31/2013 10:02:42 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0122278286 | 1st | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/08/2006, in the amount of $420,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.335% Debt to Income Ratio (DTI). There was a Manual approval dated 08/15/2006, in the loan file. | Stated | $420,000.00 | 2844965 | |
| . | | | | 1.04 (b) (xxi) BNC 2006-2_No Fraud   1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Recruiter for a college for 20 years, earning $8,500 per month on the loan application. An audit verification of employment and income was conducted through The Work Number, which revealed the Borrower earned $43,887, or $3,657 per month, in the year 2007. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.    The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.    In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.    Despite the Seller's representations, the Borrower falsely stated income as a Recruiter for a college earning $8,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844965 | |
| 2 | 0122324874 | 2nd | BNCMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 8/07/2006, in the amount of $93,692, as a purchase of an owner occupied single-family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 45.71% Debt to Income Ratio. There was a manual approval dated 8/31/2006, in the loan file. | Full | $93,692.00 | 2844982 | |
| . | | | | 1.04 (b) (xxi) BNC 2006-2_No Fraud   1.04 (b) (xxiii) BNC 2006-2_No Event of | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as a self-employed Photographer for 6 years. The Borrower was to provide a Certified Public Accountant (CPA) letter from a certified accountant to reflect she filed the most recent two years as a self-employed Photographer. The Borrower provided a CPA letter, dated 3/08/2006, confirming the Borrower's business and employment. The subject loan closed on 8/07/2006, 4 months after the CPA was completed. An audit verification of the CPA letter reflects the letter from the accountant was forged and untrue. | | | 2844982 | |
| . | | | | 1.04 (b) (xxi) BNC 2006-2_No Fraud   1.04 (b) (xxiii) BNC 2006-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of a Photography Business earning $9,850 per month on the loan application. The Borrower was to provide a Certified Public Accountant (CPA) letter from a certified accountant to reflect she filed the most recent two years as a self-employed Photographer. The Borrower provided a CPA letter, dated 3/08/2006, confirming the Borrower's business and employment. The subject loan closed on 8/07/2006, 4 months after the CPA letter was completed. An audit verification of the CPA letter reflects the letter from the accountant was forged and untrue.    The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.    In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.    Despite the Seller's representations, the Borrower falsely stated income as an Owner of a Photography Business earning $9,850 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2844982 | |

| | 3 | 0122995236 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/17/2006, in the amount of $414,000 as a cash-out refinance of an owner occupied 3-unit property. The loan was approved at a Total Income/Verified Asset loan, with a 94% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.01% Debt to Income Ratio (DTI). There was a Manual approval dated 10/23/2006, in the loan file. | Stated | | $414,000.00 | 2846851 |
| | | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Investigate Credit History | Failure to Investigate Credit History | 1 | 3 | The loan file did not contain a letter of explanation from the Borrower for the 3 loan inquiries, dated 07/26/2006 through 09/07/2006, listed on the origination credit report, dated 09/27/2006, to determine if the Borrower had opened any additional debt.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the file that the credit inquiries were investigated so as to determine whether such inquires resulted in additional debt undisclosed on the loan application, such that an accurate credit profile was verified.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846851 |
| | | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 3 | 3 | The Borrower stated on the loan application that he owned his residence for 9 months with a monthly payment of $2,771. The Borrower also stated on the loan application that he previously rented his previous residence for 5 years with a monthly payment of $800. The loan approval required the Borrower to provide previous rental history with 12 months canceled rent checks. The loan file contained a verification of rent; however, the required canceled rent checks were not provided.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file of verification of the Borrower's previous rental history; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846851 |
| | | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 5 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit reported revealed the Borrower opened an undisclosed installment loan prior to the subject closing on 10/17/2006. The Borrower opened the undisclosed installment debt on 09/2006 in the amount of $2,750 with a monthly payment of $32.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $32 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846851 |

| | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 6 | 3 | The Borrower misrepresented her intent to occupy the subject property. A search of Accurint for the Borrower revealed the Borrower occupied a property located in Ellwood, IL from 10/2002 through 04/2013. Additionally, Accurint also reported numerous individuals residing in the subject property from 10/2002 through 01/2013.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller also represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846851 |
| 4 | 0122999022 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/19/2006, in the amount of $116,000, as a cash out refinance of an owner occupied, condominium. The loan was approved as a Full Documentation loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33.27% Debt to Income Ratio (DTI). There was a Manual appraisal dated 10/24/2006, in the loan file. Per the final HUD-1, the Borrower received a disbursement of $48,104 at closing. | Full | $116,000.00 | 2846861 |
| | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Office Manager earning $3,596 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2006 W-2 form and 2006 tax return, which revealed the Borrower's actual income for the year of the subject loan closing was $26,480, or $2,207 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Office Manager earning $3,596 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846861 |

Cowen_US Bank Final_Version_18

| | 5 | 0123001992 | 1st | | SASC 2006-BC6 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 10/24/2006, in the amount of $280,000 as cash out refinance of an owner occupied condominium. The loan was approved at stated income verified assets (SIVA) with an 80% Loan to Value/Combined Loan to Value, and a 40.37% Debt to Income Ratio. There was a manual approval dated 10/31/2006, in the loan file. | Stated | | $280,000.00 | 2846868 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| | | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | | 1 | 3 | The Borrower stated on the loan application employment as an Owner of a Janitor Business for 7 years, earning $7,900 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $7,900 per month for a self-employed Janitor is unreasonable and is indicative of potential misrepresentation. Salary.com reported the average salary at the 75th percentile for a similar position in the same geographic region was $2,645 per month. The Borrower's stated income is more than 3 times the Salary.com's 75th percentile, which is a red flag the Borrower's income was overstated.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846868 |

| | | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a Janitor Business earning $7,900 per month on the loan application. The loan file contained post-closing 2006 tax returns from the Borrower, which revealed his business income was $4,079 or $339 per month the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Janitor earning $7,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846868 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/29/2013 6:01:59 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk – Loan Review Findings

| # | Loan # | Lien | Pool | | Finding | Finding | | | Comment | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 0123006942 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/04/2006, in the amount of $412,500. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to determine whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage, and Title Insurance policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $412,500.00 | 2846877 |
| | | | 1.04 (b) (xiii) SAS 2006-BC6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAS 2006-BC6_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (h) SAS 2006-BC6_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAS 2006-BC6_Origination Practices | | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846877 |
| | | | 1.04 (b) (xiii) SAS 2006-BC6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAS 2006-BC6_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (h) SAS 2006-BC6_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAS 2006-BC6_Origination Practices | | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL statement.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846877 |
| | | | 1.04 (b) (xiii) SAS 2006-BC6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-BC6_Origination Practices | | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a Right of Rescission.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846877 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (xviii) SAS 2006-BC6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to qualify under the Title 11 of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846877 |
| | | | | | | | | | | | |
| 7 | 0123008849 | 1st | SASC 2006-BC6 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/04/2006, in the amount of $220,000, as a cash out refinance of an owner occupied residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.232% Debt to Income Ratio (DTI). There was a Manual approval dated 10/16/2006, in the loan file. | Stated | $220,000.00 | 2846883 |
| | | | 1.04 (b) (xvii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Ceramic Decorator for a lamp distribution company for 17 years, earning $4,850 per month.  The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.  The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.  Income of $4,850 per month for a Ceramic Decorator for a lamp distribution company is unreasonable and is indicative of potential misrepresentation. The U. S. Bureau of Labor Statistics reported the average salary at the 90th percentile for a Ceramic Decorator in 2006 and in the same geographic region was $2,675 per month.  Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846883 |
| | | | | | | | | | | | |
| 8 | 0123009243 | 1st | SASC 2006-BC6 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/16/2006, in the amount of $412,000, as a purchase of an owner occupied residence. The loan was approved as a Full Documentation/Bank Statement loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.603% Debt to Income Ratio (DTI). There was a Manual approval dated 10/19/2006, in the loan file. | Full | $412,000.00 | 2846885 |
| | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud  1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The loan application reflected the Borrower was employed as a Marketing Director for a communications company for 3 years. The loan file contained post closing income documentation including the Borrower's 2006 tax return, which reflected the Borrower's occupation was a Laborer. It should be noted, the post closing documentation also included the Borrower's 2006 and 2007 W-2 forms confirming the Borrower was employed with the employer listed on the loan application the full year of 2006. Further, the 2006 tax return reflected the Borrower also had self employment income in Sales, which was not disclosed at origination.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Marketing Director for a communications company for 3 years as his sole source of employment, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846885 |
| | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud  1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Marketing Director earning $9,500 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2006 tax return, which reflected the Borrower's occupation was a Laborer and earned $3,141 per month. It should be noted, the post closing documentation also included the Borrower's 2006 and 2007 W-2 forms confirming the Borrower was employed with the employer listed on the loan application the full year of 2006. Further, the 2006 tax return reflected the Borrower also had self employment income in Sales, which was not disclosed at origination, reflected a negative income and would have had an impact on the Borrower's bank statement income provided for qualification.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Marketing Director earning $9,500 per month as his sole source of income on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846885 |
| | | | | | | | | | | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/29/2013 6:01:59 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 9 | 0123009581 | 1st | SASC 2006-BC6 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/19/2006, for the amount of $394,000 as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.859% Debt to Income Ratio (DTI). There was a Manual approval dated 10/19/2006, in the loan file. | Stated | $394,000.00 | 2846888 |
| | | | 1.04 (b) (xi) SAS 2006-BC6_CLTV | LTV/CLTV Exceeds Max | LTV/CLTV Exceeds Max | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Loan to Value/Combined Loan to Value (LTV/CLTV) in excess of 100%. Despite the Seller's representations, the subject loan was closed with an LTV/CLTV of 117.62%. | | | 2846888 |
| | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 2 | 3 | The Borrower stated on the loan application employment as a Machine Operator/Driver for a lumber company for 2 years and 10 months, earning $7,390 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representations, the Borrower's stated income was unreasonable.<br><br>Income of $7,390 per month for a Machine Operator/Driver is unreasonable and is indicative of potential misrepresentation. The U. S. Bureau of Labor Statistics reported the average salary at the 75th percentile for a Machine Operator in 2006 and in the same geographic region was $2,385 per month and a Driver was $4,001 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846888 |
| | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 4 | 3 | The loan application reflected the Borrower owned his current residence for 9 months and had previously rented the same address for 2 years. The origination credit report, dated 10/02/2006, reflected the Borrower's current mortgage with reporting dates of 01/2006 through 09/2006 and the payoff statement provided reflected the mortgage was due for the 10/01/2006 payment. The loan file also contained a verification of rent executed by the previous Owner of the subject property, who shared the same last name and address as the Borrower, reflecting a reporting period of 01/01/2004 through 01/2006 and a monthly rent payment of $1,900; however, canceled checks for the rent payments were not provided as required in order to confirm the Borrower's rental payment history.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file of verification of the Borrower's housing history; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846888 |
| | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 5 | 3 | Per the final HUD-1 Settlement Statement, the Borrower was not required to bring funds to closing. In addition, the Borrower was required to verify 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $6,001 for the subject property. In total, assets of $6,001 were required to be verified, sourced and seasoned for 60 days. The loan application did not reflect any assets for the Borrower and the loan file did not contain any asset documentation.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's assets, so as to confirm the Borrower's strength of savings patterns, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was a $6,001 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846888 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/29/2013 6:01:59 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 7 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Machine Operator/Driver for a lumber company for 2 years and 10 months, earning $7,390 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2006 tax return, which revealed the Borrower earned $2,363 in 2006 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Machine Operator/Driver for a lumber company for 2 years and 10 months, earning $7,390 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846888 |
| 10  0123012288 | 1st | SASC 2006-BC6 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/27/2006, in the amount of $520,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.897% Debt to Income Ratio (DTI). There was a Manual approval dated 09/27/2006, in the loan file. | Stated | $520,000.00 | 2846894 |
| | 1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrowers falsely stated rental income for their departing residence in the amount of $3,500 per month on the loan application. Research conducted through public records, revealed the Co-Borrower continued to reside at the departing residence from 2005 through 09/2009.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated rental income for their departing residence in the amount of $3,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846894 |
| | 1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Co-Borrower misrepresented his intent to occupy the subject property. Research conducted through public records, revealed the Co-Borrower continued to reside at the departing residence from 2005 through 09/2009.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction for the Co-Borrower, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846894 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 11 | 0123016370 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 10/26/2006, in the amount of $152,284, as a purchase of an investment property. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with an 80% loan-to-Value/Combined Loan to Value, and a 37.99% Debt to Income Ratio. There was a manual approval dated 10/31/2006, in the loan file. | Stated | $152,284.00 | 2846905 |
| | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 3 | The Borrower stated on the loan application employment as an Owner of a home based Advertising and Marketing Business for 7 years, earning $13,795 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $13,795 per month for a person who is self-employed in Advertising is unreasonable and is indicative of potential misrepresentation. Salary.com reported the average salary at the 75th percentile for an Advertising Executive in the same geographic region was $6,256 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846905 |
| | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 2 3 | Per the final HUD-1 Settlement Statement, the Borrower's funds required for closing were $40,402. In addition, per the loan approval, the Borrower was required to verify two months reserves of principal, interest, taxes and insurance (PITI) totaling $2,861 for the subject property. In total, assets of $43,263 were required to be verified.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846905 |
| 12 | 0123017964 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 10/04/2006, in the amount of $528,500, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 88% loan-to-value, and a 45.10% Debt to Income Ratio (DTI). There was a Manual approval dated 10/13/2006, in the loan file. Per the final HUD-1, the Borrower received a disbursement of $185 at closing. | Stated | $528,500.00 | 2846910 |
| | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 3 | The Borrowers misrepresented their intent to occupy the subject property. The loan file contained a copy of the Borrowers' driver's licenses, which indicated the Borrowers occupied the rental property. The loan file contained post-closing 2007 tax returns and W-2 forms, which further indicated the Borrowers occupied the rental property. A phone number and utility search through Accurint revealed the Borrowers never had a phone or utilities connected at the subject property. Further, the bankruptcy documentation filed by the Borrowers on 01/06/2010 with the United States Bankruptcy Court Southern District of California indicated the Borrowers occupied the rental property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846910 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (b) (xvii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrowers falsely stated positive rental income of $3,000 per month. The Co-Borrower falsely stated income as a Teacher's Assistant earning $2,500 per month on the loan application. An audit re-verification of employment and income was obtained from the employer for the Co-Borrower, which revealed the Co-Borrower's actual income was $407 per month for the year of the subject loan closing. Further, the Borrowers misrepresented their intent to occupy the subject property. The loan file contained a copy of the both Borrowers' drivers licenses, which indicated the Borrowers occupied the rental property. The loan file contained post-closing 2007 tax returns and W-2 forms, which further indicated the Borrowers occupied the rental property. A phone number and utility search through Accurint revealed the Borrowers never had a phone or utilities connected at the subject property. In addition, the bankruptcy documentation filed by the Borrowers on 01/06/2010 with the United States Bankruptcy Court Southern District of California indicated the Borrowers occupied the rental property, resulting in actual rental income of negative $5,080 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated positive rental income of $3,000 per month and the Co-Borrower falsely stated income as a Teacher's Assistant earning $2,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2846910 |
| 13 | 0123027609 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/04/2006, in the amount of $730,000, as a cash out refinance of an owner occupied multi family residence. The loan was approved as a Full Documentation (12 month Bank statement) loan, with a 83.90% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 45.80% debt to income ratio (DTI). There was a Manual approval dated 10/20/2006, in the loan file. | Full | $730,000.00 | 2846931 |
| | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (b) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A public records search conducted through the Mortgage Electronic Registry System revealed the Borrowers purchased an undisclosed property in San Jose, Ca, on 09/27/2006, and opened two mortgages. The first mortgage was opened with a loan amount of $628,000 with a monthly payment of $3,467. The second mortgage was opened with a loan amount of $117,750, with a monthly payment of $1,110. The undisclosed mortgages were opened prior to the subject loan closing date of 10/20/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $4,577 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846931 |
| | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Constructor earning $7,560 per month on the loan application and the Co-Borrower listed income of $6,280 per month as a Senior Accountant. The loan file contained 12 months bank statements as income verification; however, an audit verification of deposit (VOD) was obtained, which revealed the assets were altered at origination in order for the Borrowers to qualify for the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representation and warranty, the Borrowers misrepresented income as a Constructor earning $7,560 per month and the Co-Borrower falsely stated income as a Senior Accountant earning $6,280 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846931 |

| | | | | Loan Summary | Loan Summary | | | | Full | $112,000.00 | 2846932 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 0123027880 | 2nd | SASC 2006-BC6 | | | 0 | 0 | The subject loan closed on 10/19/2006, in the amount of $140,000 as a purchase of an owner occupied single family residence. The loan was approved as a full documentation (2 months bank statements) loan, with a 20%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 39.55% debt to income ratio (DTI). There was a Manual approval dated 10/19/2006, in the loan file. | | | |
| | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud  1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of an auto frame business earning $11,455 per month on the loan application. According to a Statement of Financial Affairs filed in the Northern District of California dated 10/20/2008, the Borrower's 2006 monthly income was $1,208, the year the subject loan closed.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as an Owner of an auto frame business earning $11,455 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846932 |
| 15 | 0123033417 | 1st | SASC 2006-BC6 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/18/2006, in the amount of $525,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Full documentation loan, with an 87.50% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 54.91% debt to income ratio (DTI). There was a Manual approval dated 10/24/2006, in the loan file. The Hud-1, revealed the Borrowers' received $876 at closing. | Full | $525,000.00 | 2846944 |
| | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud  1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A public records search conducted through the Mortgage Electronic Registry System, revealed the Borrowers refinanced their rental property on 10/23/2006, in the amount of $403,750, with a monthly payment of $2,318. The monthly payment increased by $351.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $351 increase in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846944 |
| 16 | 0123518250 | 1st | BNCMT 2007-1 | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $170,000.00 | 2844999 |
| | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA  1.04 (b) (vi) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1  1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.  The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844999 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/29/2013 6:01:59 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | Finding | Finding Detail | | | | Text | | Amount | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xi) (h) BNC 2007-1_Written Disclosure – Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TILA) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844999 | |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 5 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844999 | |
| | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 6 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844999 | |
| | | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 7 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2844999 | |
| 17 | 0123542490 | 1st | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/15/2006, in the amount of $274,500, as a cash out refinance of an owner occupied, 2-unit property. The loan was approved as a Full Documentation loan, with a 90% loan-to-value/combined loan-to-value, and a 48.28% debt-to-income ratio. There was a Manual appraisal dated 12/21/2006, in the loan file. Per the final HUD-1, the Borrower received a disbursement of $273 and consumer debts totaling $9,586 at closing. | Full | $274,500.00 | 2845029 | |
| . | | | | 1.04 (b) (xl) (l) BNC 2007-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2007-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2007-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit report revealed an undisclosed automobile loan which closed the same month as the subject loan closing in 12/2006 with a loan amount of $12,160 and a monthly payment of $250. The subject loan closed on 12/15/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $250 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845029 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/29/2013 6:01:59 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 18 | 0123542581 | 1st | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in accordance with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Original Credit Report, Loan Application, a verbal Verification of Employment, Title Commitment and Mortgage. There was no other critical documentation provided for the file that was represented on the data. | Unknown | $170,000.00 | 2845031 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA  1.04 (b) (vi) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1  1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845031 |
| | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA  1.04 (b) (vi) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1  1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845031 |
| | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA  1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission disclosure was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with the law.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845031 |
| | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA  1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.  The Seller represented and warranted that the origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845031 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845031 |
| 19 | 0123546269 | 1st | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/21/2006, in the amount of $360,500. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data | Unknown | $360,500.00 | 2845035 |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xi) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845035 |
| | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xi) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845035 |
| | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845035 |
| | | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845035 |

| # | Loan No | Lien | Deal | | | | | | Narrative | | Amount | ID |
|---|---------|------|------|---|---|---|---|---|-----------|---|--------|-----|
| 20 | 0123547648 | 1st | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/19/2006, in the amount of $463,600.00, as a cash out refinance of an owner occupied, 2-unit property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49% Debt to Income Ratio (DTI). There was a Manual approval dated 12/19/2006, in the loan file. Per the final HUD-1, the Borrower received a disbursement of $16,354 at closing. | Stated | $463,600.00 | 2845041 |
| . | | | | 1.04 (b) (xxi) BNC 2007-1_No Fraud / 1.04 (b) (xxiii) BNC 2007-1_No Event of Default | Misrepresentatio n of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Shift Manager earning $4,500 per month on the loan application. The Co-Borrower listed income of $4,500 per month as a Shift Manager. An audit re-verification of employment and income was conducted through The Work Number for the Borrower, which revealed the Borrower's actual income for the year of the subject loan closing was $22,936, or $1,911 per month. An audit re-verification of employment and income was conducted through The Work Number for the Co-Borrower, which revealed the Co-Borrower's actual income for the year of the subject loan closing was $21,360, or $1,780 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers falsely stated income as a Shift Manager earning $4,500 and the Co-Borrower falsely stated income as a Shift Manager earning $4,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845041 |
| 21 | 0123556979 | 1st | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/28/2006, in the amount of $87,750, as a cash-out refinance of an owner-occupied single family residence. The loan was approved as a Full Documentation loan, with a 90% Loan to Value/Combined Loan to Value, and a 34.204% Debt to Income Ratio (DTI). There was a Manual approval dated 11/24/2006, in the loan file. | Full | $87,750.00 | 2845058 |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA / 1.04 (b) (xiii) No High Cost - S&amp;P - Deemed MnA / 1.04 (b) (xiv) BNC 2007-1_No High Cost - Deemed MnA / 1.04 (b) (xxiii) BNC 2007-1_Origination Practices | High Cost Loan - State | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable state law.

The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law.

The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

The loan fees ($4,284.00) exceed the (GA) High Cost fee limit, which is ($4,263.82), the difference is ($20.18).

Despite the Seller's representations, the subject loan was a "covered" or high cost loan as defined by applicable state law.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845058 |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA / 1.04 (b) (xi) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1 / 1.04 (b) (xxiii) BNC 2007-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

The disclosed finance charge ($213,058.36) is ($74.93) below the actual finance charge ($213,133.29). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge.

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845058 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 4/29/2013 6:01:59 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_US Bank Final_Version_18

Cowen_US Bank Final_Version_18

| 22 | 0123854820 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/05/2007, in the amount of $264,000. There was neither an AUS nor Manual approval included in the loan file to definitively determine whether the loan was properly calculated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage, and Title Policy. | Unknown | $264,000.00 | 2845069 |
| | | | | 1.04 (b) (xii) BNC 2007-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxiii) BNC 2007-2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845069 |
| | | | | 1.04 (b) (xii) BNC 2007-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxiii) BNC 2007-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845069 |
| | | | | 1.04 (c) (xxxiv) BNC 2007-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845069 |

# Digital Risk - Loan Review Findings

Cowen_US Bank Final_Version_18

| # | Loan ID | | Pool | Methodology | Finding | Finding | Code | Code | Description | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 23 | 0124026626 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/15/2007, in the amount of $252,000 as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Full Income/Verified Assets, with a 62% loan-to-value, and a 29.21% debt-to-income ratio. There was a Manual approval dated 02/16/2007, in the loan file. Per the final HUD-1, the Borrower received a disbursement of $30,211 at closing. | Full | $252,000.00 | 2845101 |
| | | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Investigate Credit History | Failure to Investigate Credit History | 1 | 3 | The original credit report reflected 5 inquires between 10/09/2006 and 12/15/2006; however, a letter of explanation for the inquiries was not provided as required.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrowers have a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, there is no evidence in the file that the credit inquiries were investigated so as to determine whether such inquires resulted in additional debt undisclosed on the loan application, such that an accurate credit profile was verified.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845101 |
| | | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (b) (xxi) BNC 2007-2_No Fraud

1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrowers misrepresented their debt obligations. A review of the audit credit report revealed 2 undisclosed automobile loans which closed the same month as the subject loan closing. The first undisclosed automobile loan had a loan amount of $24,783 and a monthly payment of $437. The second undisclosed automobile loan had a loan amount of $16,323 and a monthly payment of $419. The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrowers have a reasonable ability to make timely payments on the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $856 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrowers' reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845101 |
| 24 | 0124031212 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 1/02/2007, in the amount of $692,750, as cash out refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with an 85% Loan to Value/Combined Loan to Value, and a 40.63% Debt to Income Ratio. There was a manual approval dated 2/02/2007, in the loan file. | Stated | $692,750.00 | 2845110 |
| | | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (b) (xxi) BNC 2007-2_No Fraud

1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Co-Borrower misrepresented his disclosed income. The Co-Borrower falsely stated income as an Owner of a home based Home Improvement Business earning $ 13,500 per month on the loan application. The loan file contained post-closing 2007 tax returns, which reflect the Co-Borrower earned $12,553, or $1,046 per month in 2007 the year the subject loan closed.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as an Owner of a home based Home Improvement Business earning $13,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845110 |

Cowen_US Bank Final_Version_18

| | 25 | 0124036526 | 1st | SASC 2007-BC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/23/2007. The amount of $232,000 was a cash-out refinance of an owner-occupied 2 unit property. The loan was approved as Stated Income/Verified Assets, with a 80% Loan to Value/ Combined Loan to Value (LTV/CLTV), and a 42.83% Debt to Income Ratio (DTI). There was a Manual approval dated 02/23/2007, in the loan file. A review of the loan file, revealed the Borrower misrepresented her employment and income, the year of the subject closing. | Stated | $232,000.00 | 2847030 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xviii) (d) SAS 2007-BC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC3_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Manager for 3 years earning $4,750 per month on the loan application. The subject loan file contained the Borrower's 2007 and 2006 tax returns provided post-closing, which revealed the Borrower earned $2,162 per month in 2007 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Manager earning $4,750 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847030 |
| | | | | 1.04 (c) (v) SAS 2007-BC3_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Misrepresentatio n of Employment - With No Red Flags Present | Misrepresentatio n of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application. The Borrower falsely stated employment as a Manager for 3 years. The subject loan file contained the Borrower's 2007 and 2006 tax returns provided post-closing. The 2007 tax returns and W-2 form attached reveal that the Borrower worked for a different company than stated on the origination application. The employment listed on the origination application is not reflected on these tax returns, which are from the same year of the subject closing date of 02/23/2007. In addition, the Borrower claimed on the origination application that she held her current job for 3 years; however, the 2006 tax returns do not confirm that employment information either.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Manager for 3 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847030 |
| | | | | | | | **Grand Total of Repurchase Demand** | | | | | **$8,297,076.00** | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 4/29/2013 6:01:59 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan | Loan Number | First or Second | Deal Name | Section of the | Issue Description | Breach | Breach | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0021971122 | 1st | SAS 2004-NP1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Social Security income documents, the origination credit report, title commitment, Note, Mortgage and post-closing documents. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $112,600.00 | 2844727 | |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844727 | |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844727 | |
| 2 | 0031751191 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/29/2005, with a disbursement date of 10/04/2005, in the amount of $168,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 44% debt-to-income ratio. There was a Manual approval dated 09/27/2005, in the loan file. Per the final HUD-1 Settlement Statement, the Borrower received $81,499 in cash proceeds. | Full | $168,000.00 | 2846275 | |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The Audit Credit Report reflected an installment loan opened in 08/2005, in the amount of $15,758, with a monthly payment of $291, which was not disclosed at origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $291 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846275 | |
| 3 | 0032034639 | 1st | SAIL 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/09/2005, in the amount of $382,500, as a cash out refinance of an owner occupied, single family property. The loan was approved as a Stated Income/Verified Assets loan, with an 85% Loan to Value/Combined Loan-to-Value, and a 48.67% Debt to Income ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $382,500.00 | 2845866 | |
| . | | | | 1.04 (c) (v) SAIL 2006-2_No Fraud<br><br>1.04 (c) (vii) SAIL 2006-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Vice President of Operations earning $14,000 per month on the loan application. The Co-Borrower falsely stated income as a Staff Assistant earning $2,500 per month. The loan file contained the Borrowers' post-closing 2005 tax return, which revealed Borrower's income for 2005 was $69,863 or $5,822 per month and Co-Borrower's income was $14,667 or $1,222 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated income as a Vice President of Operations earning $14,000 per month and a Staff Assistant earning $2,500 on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2845866 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/8/2013 5:17:46 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Report

**814**

| # | Loan # | Lien | Deal | Finding | Category | Category | | | Narrative | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 0032978538 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/30/2006, in the amount of $512,000, for purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/ Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 35.67% Debt to Income ratio. There was a Manual Approval dated 06/07/2006, in the loan file. | Stated | $512,000.00 | 2846326 |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud / 1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Sergeant earning $9,500 per month on the loan application. The Co-Borrower falsely stated income of $8,500 per month as a Police Officer. An audit re-verification of employment and income was obtained from the Co-Borrower's employer, which indicated that the Co-Borrower actually earned $7,008 per month the year of the subject loan closing. The loan file included the Borrowers' post-closing 2008 tax return, which revealed that the Borrowers earned a combined income of $14,208 per month. Therefore, the Borrower's actual monthly income was only $7,200 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated income as a Sergeant earning $9,500 per month and as a Police Officer earning $8,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2846326 |
| 5 | 0033211335 | 1st | LMT 2007-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/21/2006, in the amount of $74,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30% Debt to Income ratio (DTI). There was a Manual Approval dated 08/16/2006, in the loan file. | SISA | $74,000.00 | 2845272 |
| . | | | | 1.04 (b) (xii) LMT 2007-10_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($125,199.01) is ($300.15) below the actual finance charge ($125,499.16). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i)(2)).<br><br>The disclosed finance charge ($125,199.01) is ($300.15) below the actual finance charge($125,499.16). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845272 |
| . | | | | 1.04 (b) (xii) LMT 2007-10_Compliance with Applicable Law - Deemed MnA / 1.04 (b) (xiii) LMT 2007-10_No High Cost - Deemed MnA / 1.04 (b) (xiv) LMT 2007-10_No High Cost - HOEPA - Deemed MnA | High Cost Loan - State | No High Cost Loan | 2 | 3 | The subject loan did not comply with applicable law. The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law. The Seller further represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The loan fees ($4,023.48) exceed the (IN) High Cost fee limit, which is ($3,700.00), the difference is ($323.48).<br><br>The loan fees ($4,082.44) exceed the (IN_Investor) High Cost fee limit, which is ($3,503.45), the difference is ($578.99).<br><br>Despite the Seller's representations, the subject loan was a "covered" or high cost loan as defined by applicable state law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable state law, including, but not limited to, compliance with applicable state or local high cost loan laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845272 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (vii) LMT 2007-10_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Environmental Engineer for an environmental services company earning $6,650 per month on the loan application. An audit verification of employment and income was obtained, which revealed the Borrower earned $3,460 per month in 2006 the year the subject loan closed as a Materials Handler.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Environmental Engineer for an earning $6,650 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2845272 |
| 6 | 0035016997 | 1st | SAIL 2005-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/01/2005, in the amount of $241,200, as a purchase of an owner occupied 3 unit residence. The loan was approved as a Full Documentation loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.68% Debt to Income ratio (DTI). There was a Manual Approval dated 04/01/2005, in the loan file. | Full | $241,200.00 | 2845836 |
| . | | | 1.04 (b) (xviii) (d) SAIL 2005-5_Underwriting Methodology - Deemed MnA_Pool 1 | Excessive Payment Shock | Excessive Payment Shock | 1 | 3 | The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay as it relates to the significant increase in the total housing payment resulting from the subject loan. Confirmation of the adequacy of the Borrowers' financial means and their overall credit worthiness, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan, including the Borrowers' long-term ability to repay.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income and/or liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>A calculation of the percentage of increase in payments over the life of the subject loan using the full payment of the subject transaction which included principal, interest, taxes and insurance showed the Borrowers' monthly housing payment increased from $300 to $2,022, resulting in a monthly increase of $1,722 or 574% payment shock. The Borrowers were first time home buyers obtaining 95% financing on a 3 unit property. It is also important to note, the origination credit report reflected the Borrowers' highest monthly payment as $245. The Borrowers had not demonstrated the ability to maintain a monthly payment of $2,022.<br><br>Despite the Seller's representations, there is no evidence in the file to suggest that the Borrowers' had the reasonable ability to repay the subject loan where the Borrowers' monthly housing payment increased from $300 to $2,022, resulting in a 574% payment shock.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845836 |
| . | | | 1.04 (b) (xviii) (d) SAIL 2005-5_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 2 | 3 | Per the final HUD-1 Settlement Statement, the Borrowers' funds required for closing were $14,828. In addition, the Borrowers were required to verify 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $4,045 for the subject property. In total, assets of $18,873 were required to be verified. The loan file contained one month bank statements for the Borrowers checking account dated 02/25/2005 with an ending balance of $17,200. The loan file contained no evidence the Underwriter requested or obtained the documentation required to properly verify all amounts required to complete the transaction.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrowers had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was a $1,673 shortage of verified assets, which significantly impacted the determination of the Borrowers' reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders | | | 2845836 |

| 7 | 0037144193 | 1st | SARM 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/15/2005, in the amount of $211,250, as a refinance of an investment single family residence. The loan was approved as a No Ratio loan (No Income, Verified Assets) with a 65% Loan-to Value/Combined Loan to Value (LTV/CLTV). There was a Manual Approval dated 12/15/2005, in the loan file. | NIVA | $211,250.00 | 2846223 |
| | . | | | 1.04 (c) (v) SARM 2006-1_No Fraud<br><br>1.04 (c) (vii) SARM 2006-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. The loan application reflected the Borrower stated employment as an Owner of a printing business for 5 years. The loan file contained a letter from a Certified Public Accountant indicating the Borrower was self-employed for the prior 5 years. A search through Manta.com reflected the Borrower's spouse owned the company. In addition, Accurint did not reflect that the Borrower had ownership interest in a business at the time of closing.<br><br>Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Owner of a printing company for 5 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2846223 |
| 8 | 0037305711 | 1st | SAIL 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/03/2006, in the amount of $128,250 as a cash-out refinance of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 75% loan-to-value/combined loan-to-value. There was a Manual Approval dated 01/03/2006, in the loan file. The Borrower received cash back at closing in the amount $31,552. | Stated | $128,250.00 | 2845869 |
| | . | | | 1.04 (c) (v) SAIL 2006-2_No Fraud<br><br>1.04 (c) (vii) SAIL 2006-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his/her disclosed income. The Borrower falsely stated income as an Owner of a home improvement business earning $7,800 per month on the loan application. The loan file contained the Borrower's post-closing 2006 U.S. Individual Income Tax Return, which revealed the Borrower's actual earnings were $7,788 or $649 per month, in the same year as the subject closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a home improvement business earning $7,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845869 |
| 9 | 0038036745 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/13/2006, in the amount of $188,400, as a refinance of an owner occupied single family residence. The loan was approved as a Full Documentation, loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45% Debt to Income ratio (DTI). There was a Manual Approval dated 04/12/2006, in the loan file. | Full | $188,400.00 | 2846329 |
| | . | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his/her debt obligations. A review of the audit credit report revealed that the Borrower acquired two new loans which closed the same month or within 30 days of the subject loan closing. The first loan was an education loan which closed 04/2006 in the amount of $32,085 with a payment of $319 per month. The second loan was also an education loan and closed within 30 days of the subject loan closing on 05/2006 in the amount of $13,438 with a payment of $233 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose a $552 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846329 |

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-8   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
8 of 201

Cowen_US Bank Final_Version_3

| 10 | 0038363479 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/12/2006, in the amount of $206,250, as a cash out refinance of an investment single family residence. The loan was approved as a Stated Income/Verified Assets (SIVA), with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 23.234% Debt to Income ratio (DTI). There was a Manual approval, in the loan file. | Stated | $206,250.00 | 2846340 |
| | . | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of public records and an audit credit report revealed that the Borrower acquired an automobile loan the month prior to the subject loan closing and refinanced 3 existing mortgage loans which resulted in higher payments for 2 of the Borrower's properties. The automobile loan was in the amount of $75,149 with an associated payment of $583. The first of the two undisclosed mortgage loans was in the amount of $129,500 with a payment of $866 and paid off two loans on a property located in Orlando, Florida having balances of $50,115 and $27,545. The second of the two undisclosed mortgage loans was in the amount of $183,000 with a payment of $1,191 and paid off a loan on a property also located in Orlando, Florida having balances of $44,150.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented his debt obligations by failing to disclose a $2,640 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846340 |
| 11 | 0117882373 | 1st | SAS 2006-GEL4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/31/2005, in the amount of $150,400, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation Loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.36% Debt to Income ratio (DTI). There was a Manual Approval dated 09/06/2005, in the loan file. | Full | $150,400.00 | 2844747 |
| | . | | | 1.04 (c) (v) SASCO 2006-GEL4_No Fraud<br><br>1.04 (c) (vii) SASCO 2006-GEL4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Manager earning $5,575 per month on the loan application. The loan file contained an earnings statement and prior year W-2 form that was altered to make the Borrower's income appear larger than the actual income. An audit verification of employment and income received from the employer through "The Work Number" revealed the Borrower was a Team Lead and that income for 2005 was $40,479 or $3,373 per month. This verification also reflects an income for the prior year that does not match the provided W-2 reflecting again that it had been altered.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Manager earning $5,575 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2844747 |
| 12 | 0400035523 | 1st | SAIL 2004-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/18/2004, in the amount of $64,800, as a purchase of an investment property. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification loan), with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a manual approval dated 04/03/2004, in the loan file. | NINENA | $64,800.00 | 2845800 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xviii) (d) SAIL 2004-8_Underwriting Methodology - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (v) SAIL 2004-8_No Fraud<br><br>1.04 (c) (v) SAIL 2004-8_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented her debt obligations. Per Digital Risk's report and a review of public records, it was revealed that the Borrower had acquired a property located in Baltimore, MD on 02/26/2004 with a mortgage lien in the amount of $104,900 and a monthly payment of $857.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower's misrepresented her debt obligations by failing to disclose a $857 monthly debt, not only constituted an event of default under the executed Mortgage and or Deed of Trust, but also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845800 |
| 13 | 0400684890 | 1st | SAIL 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/19/2004, with a disbursement date of 07/26/2004, in the amount of $125,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 12.69% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.45% Debt to Income ratio (DTI). There was a Manual Approval dated 07/12/2004, in the loan file. Per the final HUD-1 Settlement Statement, the Borrowers received $116,896 in cash proceeds. | Stated | $125,000.00 | 2845727 |
| . | | | 1.04 (b) (xviii) (e) SAIL 2004-10_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | | 1 | The Borrower stated on the loan application employment as a Sales Associate at a retail store for 2.4 years, earning $3,685 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representations, the Borrower's stated income was unreasonable.<br><br>Income of $3,685 per month for a Sales Associate is unreasonable and should have put a reasonably prudent Underwriter on notice for potential misrepresentation. Furthermore, the loan file contained two credit reports, one dated 06/22/2004 and another dated 07/13/2004, which reflected the Borrower had incurred $1,500 more debt since the time of the first credit report. The Borrower was utilizing 92% of all available revolving credit and experienced a 193.90% payment shock, both of which are red flags that the Borrower's income was not reasonable. The U.S. Bureau of Labor Statistics reported the average salary at the 75th percentile for a Retail Sales Associate in 2005 and in the same geographic region was $2,518 per month.<br><br>Despite the Seller's representations, the Borrower's stated incomes was unreasonable, which significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845727 |

| | | | 1.04 (b) (xviii) (e) SAIL 2004- 10_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (c) (v) SAIL 2004-10_No Fraud

1.04 (c) (vii) SAIL 2004-10_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his declared income. The Borrower falsely stated income as a Sales Associate earning $3,685 per month on the loan application. An audit verification of employment was obtained, which reflected that the Borrower earned $2,811 per month in 2006. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Sales Associate earning $3,685 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845727 |
|---|---|---|---|---|---|---|---|---|---|---|---|

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/8/2013 5:17:46 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Report

Cowen_US Bank Final_Version_3

| 14 | 32633257 | 1st | LXS 2006-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/13/2006 in the amount of $105,350 for the purchase of an owner occupied single family residence. The loan was approved as a No Ratio No Income, Verified Asset), with a 99.96%/99.96% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual Approval dated 03/10/2006, in the loan file. | NIVA | | $105,350.00 | 2845422 |
| | . | | | 1.04 (b) (xviii) (D) LXS 2006-8_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (No Ratio/NINA) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of her financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The following facts support the conclusion the Borrower did not have the ability to pay: The loan application reflected the Borrower's stated employment as a Caregiver for 7 months. The U.S. Bureau of Labor Statistics revealed that a Caregiver earning in the 75th percentile would earn $2,014 per month. The origination credit report in the loan file evidenced the Borrower had a 76% of utilization of revolving debt which is a red flag that the Borrower's income was overstated.

Although a qualifying debt ratio was not required for the subject loan transaction, based on the monthly debt obligation of $2,461, the Borrower would have had to earn a monthly income of $4,930 in order to maintain a Debt to Income ratio of less than 50%.

Despite the Seller's representations, the Borrower's actual income was overstated such that it significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845422 |
| | . | | | 1.04 (b) (xviii) (D) LXS 2006-8_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 2 | 3 | Per the final HUD-1 Settlement Statement, the Borrower's funds required for closing were $1,590. In addition, the Borrower was required to verify 6 months reserves of principal, interest, taxes and insurance (PITI) totaling $8,016 for the subject property. In total, assets of $9,606 were required to be verified. The loan file contained a Verification of Deposit for the borrower checking and savings accounts which reflected average balances totaling $7,440. The loan file did not contain any additional asset documentation.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, there was a $2,166 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845422 |
| | . | | | | | | | | | | | | |

| 15 | 32856452 | 1st | LXS 2006-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/10/2006, in the amount of $320,000, as a purchase of an investment multi-family property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% First Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.71% Debt to Income ratio (DTI). There was a manual approval dated 05/05/2006, in the loan file. | Stated | $320,000.00 | 2845386 |
| . | | | 1.04 (b) (xvii) LXS 2006-11_DTI_Pool 2 | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 41.73% to 96.14%, which exceeds the represented Mortgage Loan Summary DTI. | | | 2845386 |
| . | | | 1.04 (b) (xvii) LXS 2006-11_DTI_Pool 2<br><br>1.04 (c) (v) LXS 2006-11_No Fraud<br><br>1.04 (c) (vii) LXS 2006-11_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Administrative Assistant II earning $14,000 per month on the loan application. An audit verification of income was obtained through The Work Number, which revealed the Borrower's annual earnings in 2006 were $72,873 or $6,073 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income (DTI) based on the Borrower's verified income yields a DTI of 96.14%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Administrative Assistant II earning $14,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2845386 |
| 16 | 33082280 | 1st | LXS 2006-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/21/2006, in the amount of $468,800, as a purchase of an owner occupied multi-family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 44.17% Debt to Income. There was neither an Automated Underwriting System (AUS) nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $468,800.00 | 2845403 |
| . | | | 1.04 (c) (v) LXS 2006-15_No Fraud<br><br>1.04 (c) (vii) LXS 2006-15_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Contracted Delivery Driver earning $13,178 per month on the loan application. The loan file contained the Borrower's post-closing 2006 tax return, which revealed the Borrower's annual income was $48,714, or $4,060 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income of self-employment as a Contracted Delivery Driver earning $13,178 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2845403 |
| . | | | | | **Grand Total of Repurchase Demand** | | | | | | **$3,458,800.00** | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/8/2013 5:17:46 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Report

Cowen_US Bank Final Version_42

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 00121823264 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/06/2006, in the amount of $555,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 86.719% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 50.127% Debt to Income Ratio (DTI). There was a Manual approval dated 07/06/2006, in the loan file. | Stated | $555,000.00 | 2844786 | |
| . | | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud <br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 2 | 3 | The Borrower misrepresented her ownership of assets. The loan file included 5 months bank statements for the Borrower's checking dated from 12/07/2005 through 05/09/2006, which reflected an ending balance of $14,888 for the statement date ending 12/07/2005, an ending balance of $14,024 for the statement date ending 01/09/2006, an ending balance of $12,305 for the statement date ending 02/07/2006, an ending balance of $18,028 for the statement date ending 03/07/2006, an ending balance of $22,421 for the statement date ending 04/07/2006, an ending balance of $26,560 for the statement date ending 05/09/2006. However, an audit verification of deposit was obtained, which revealed she had an ending balance of $450 for the statement dated 12/07/2005, an ending balance of $420 for the statement dated 01/09/2006, an ending balance of $32 for the statement dated 02/07/2006, an ending balance of $849 for the statement dated 03/07/2006, an ending balance of $279 for the statement dated 04/07/2006 and an ending balance of $3,157 for the statement dated 05/09/2006. Therefore, the Borrower's bank statements provided to support the Borrower's assets were misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the borrower falsely disclosed that she had an ending balance of $26,560 to support the required $7,856 in reserve requirements as the assets provided were misrepresented by $23,403, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844786 | |
| 2 | 0016353559 | 1st | SAIL 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/04/2004, in the amount of $102,400, as a cash out refinance of a non-owner occupied property. The loan was approved as a Full Documentation loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45% Debt to Income Ratio (DTI). There was a Manual approval dated 02/03/2004, in the loan file. | Full | $102,400.00 | 2845771 | |
| . | | | | 1.04 (c) (v) SAIL 2004-5_No Fraud <br><br>1.04 (c) (vii) SAIL 2004-5_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. An audit credit report and the Mortgage Electronic Registry System revealed the Borrowers purchased an undisclosed property located in Fort Worth, Texas on 02/05/2004, the day after the subject loan closing on 02/04/2004. The Borrowers obtained a first mortgage in the amount of $95,200 with a monthly payment of $511, based on a 5% interest rate for 30 years. The audit credit report also revealed the Borrowers obtained an undisclosed mortgage in 12/2003, 2 months prior to the subject loan closing, in the amount of $135,200 with a monthly payment of $811 on an unknown property, they also obtained an undisclosed mortgage in 01/2004, the month prior to the subject loan closing, in the amount of $131,200 with a monthly payment of $704, based on a 5% interest rate for 30 years, on an unknown property and obtained an undisclosed mortgage in 02/2004, the same month as the subject loan closing, in the amount of $30,000 with a monthly payment of $161, based on a 5% interest rate for 30 years.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,187 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845771 | |
| 3 | 0031450380 | 1st | SARM 2005-22 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/01/2005, in the amount of $448,000, as a rate and term refinance of an owner occupied single family attached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 50% Debt to Income Ratio (DTI). There was a Manual approval dated 08/22/2005, in the loan file. | Stated | $448,000.00 | 2846146 | |
| . | | | | 1.04 (c) (v) SARM 2005-22_No Fraud <br><br>1.04 (c) (vii) SARM 2005-22_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Chief Financial Officer/Co-Owner of a retail camera store for 5.6 years, earning $8,650 per month and the Co-Borrower falsely stated income as the President/Co-Owner of the same camera store for 6 years, earning $18,000 per month on the loan application. The loan file contained post-closing income documentation including the Borrowers' 2007 tax return, which revealed the Borrowers earned a total of $49,294, or $4,107 per month in income from the corporation and $24,600, or $2,050 per month in salaried wages from the corporation. The total income of $73,894, or $6,157 per month was divided evenly at $3,078 per Borrower for audit. It is unlikely the Borrowers' incomes would have decreased considering the Borrowers were self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a the Chief Financial Officer/Co-Owner of a retail camera store for 5.6 years, earning $8,650 per month and the Co-Borrower falsely stated income as the President/Co-Owner of the same camera store for 6 years, earning $18,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846146 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 12/31/2013 4:06:33 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_US Bank Final Version_42

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 0032246803 | 2nd | SAS 2006-GEL2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/28/2005, in the amount of $38,400, as a purchase of a second home. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 38% Debt to Income Ratio (DTI). There was a Manual approval dated 12/28/2005, in the loan file. | Stated | $38,400.00 | 2844742 |
| | | | | 1.04 (c) (v) SAS 2006-GEL2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-GEL2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrowers misrepresented their employment on the loan application as the Borrower earning $19,000 per month as a Division Manager for 4.7 years as the sole source of income. Research of public records reported the Borrowers filed a Chapter 7 Bankruptcy with the District of Nevada on 11/13/2008, which included a Statement of Financial Affairs reflecting the Borrowers were Owners of an undisclosed consulting business from 2005 to the present Bankruptcy filing date of 11/13/2008.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated employment for the Borrower as a Division Manager for 4.7 years earning $19,000 per month as the sole source of income, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844742 |
| | | | | 1.04 (c) (v) SAS 2006-GEL2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-GEL2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Division Manager with a collection/financial company earning $19,000 per month on the loan application. An audit verification of employment was obtained from the employer, which revealed that the Borrower actually earned a monthly income of $8,037 in 2005 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Division Manager with a collection/financial company earning $19,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844742 |
| 5 | 0032357360 | 1st | SARM 2006-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/10/2006, in the amount of $648,000 as purchase of an owner occupied Single Family Residence, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br>The loan file only contained the Note, Title, Hazard Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $648,000.00 | 2846250 |
| | | | | 1.04 (b) (xii) SARM 2006-3_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-3_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-3_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders | | | 2846250 |
| | | | | 1.04 (c) (xviii) SARM 2006-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846250 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 12/31/2013 4:06:33 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repo

| # | Loan No | Lien | Deal | | | Code | Finding | Occ | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 0032638413 | 1st | SARM 2006-5 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 03/13/2006, in the amount of $493,850, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.83% Debt to Income Ratio (DTI). There was a Manual approval dated 02/03/2006, in the loan file. | Stated | $493,850.00 | 2846264 |
| | | | 1.04 (c) (v) SARM 2006-5_No Fraud - With Red Flags Present | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 3 | The Borrower misrepresented his employment on the loan application as a Distribution Warehouse Manager for 8 years. An Audit Verification of Employment conducted through The Work Number revealed the Borrower was employed as an Order Selector and not as a Warehouse Manager as indicated on the loan application.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Distribution Warehouse Manager for 8 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846264 |
| | | | 1.04 (c) (v) SARM 2006-5_No Fraud - Red Flags Present - Same Year Income Evidence

1.04 (c) (vii) SARM 2006-5_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Distribution Warehouse Manager earning $14,050 per month on the loan application. An Audit Verification of Employment was conducted through The Work Number, which revealed the Borrower earned $4,805 per month for 2006, the year of the subject closing. In addition, the loan file contained post-closing income documentation including the Borrower's 2006 tax return, which also revealed the Borrower earned $4,800 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage

Despite the Seller's representations, the Borrower falsely stated income as a Distribution Warehouse Manager earning $14,050 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846264 |
| 7 | 0032921454 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 05/11/2006, in the amount of $611,139, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.939% Debt to Income Ratio (DTI). There was a Manual approval dated 05/25/2006, in the loan file. | Stated | $611,139.00 | 2846310 |
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud - Red Flags Present - Same Year Income Evidence

1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Registered Nurse for 1 month earning $20,000 per month and the loan application reflected the Co-Borrower was employed as a Registered Nurse for 5 months; however, no income was disclosed for the Co-Borrower. The loan file contained post closing income documentation including the Borrowers' 2006 tax return, which reflected total household income of $9,755 per month. It should be noted, 2006 W-2 forms were provided; however, they were not all legible; therefore, full household income was credited to the Borrower for audit purposes.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Registered Nurse for 1 month earning $20,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846310 |
| 8 | 0032926065 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 05/25/2006, in the amount of $520,000, as a purchase of an owner occupied, 2-unit family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 78.08% Loan to Value/Combined Loan to Value (LTV/CLTV), and a Debt to Income Ratio (DTI). There was a Manual approval dated 05/25/2006, in the loan file. | NIVA | $520,000.00 | 2846312 |
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud

1.04 (c) (vii) SARM 2006-7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 3 | The Borrower misrepresented his intent to occupy the subject property. Accurint reported an extensive occupancy history from 12/1989 to 08/2013 at an address listed as one of the Borrower's rental property located in Pasadena, California. Further research conducted through Accurint revealed that the Borrower was the Owner of a Trucking business in 07/2006, which was only two months after the subject loan closing date and listed the same rental property located in located in Pasadena, California as the Borrower's mailing address. The loan file also included the Borrower's 2007/2008 W-2 forms and the Borrower's 2008 income tax returns, which all listed the rental property located in Pasadena, California as the Borrower's address. Based on the aforementioned evidence attached, the Borrower did not occupy the subject property for at least 12 months after closing as required.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846312 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 12/31/2013 4:06:33 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| | | | | | Loan Summary | Loan Summary | 0 | 0 | | Stated | $568,000.00 | 2846314 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 0032935868 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/31/2006, in the amount of $568,000, as a rate and term refinance of an owner occupied, single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/99.09% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.43% Debt to Income Ratio (DTI). There was a Manual approval dated 05/24/2006, in the loan file. | Stated | $568,000.00 | 2846314 |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. Per the loan application, the Borrower disclosed he was Retired from military personnel employment for 2 years, earning $4,500 per month and was a self-employed Owner of a carpet cleaning business for 2 years, earning $17,200 per month as the sole sources of income. Additional research conducted through Accurint revealed the Borrower also owned an additional business, which was active from 01/21/2003 through 01/21/2008, and covered the subject loan closing date of 05/31/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated he was Retired from military personnel employment for 2 years, earning $4,500 per month and was a self-employed Owner of a carpet cleaning business for 2 years, earning $17,200 per month as his sole sources of income, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846314 |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Accurint reported the Borrower had active utility records for the Borrower's departing address located in Disputanta, Virginia from 04/2005 through 09/2013 and the audit credit report reflected the Borrower's most recent occupied address was the Borrower's rental address located in Disputanta, Virginia. Additional research performed through Accurint also reported the Borrower's listed the departing address as the Borrower's mailing address on property report for the purchase of the subject property. Furthermore, the Borrower's self-employment history at the business owned by the Borrower listed the Borrower's departing address as the Borrower's mailing address; therefore, the Borrower did not occupy the subject property after the purchase of the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846314 |
| 10 | 0036524056 | 1st | SARM 2006-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/04/2005, in the amount of $172,425, as a purchase of a non-owner occupied condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43% Debt to Income Ratio (DTI). There was a Manual approval dated 10/03/2005, in the loan file. | Stated | $172,425.00 | 2846251 |
| . | | | | 1.04 (c) (v) SARM 2006-3_No Fraud<br><br>1.04 (c) (vii) SARM 2006-3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research conducted through Sitex.com and an audit credit report, revealed the Borrower obtained an undisclosed second mortgage on other real estate owned in 06/2005, 4 months prior to the subject loan closing on 10/04/2005, in the amount of $60,000 with a monthly payment of $600, based on 1% of the credit limit.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $600 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846251 |
| . | | | | 1.04 (c) (v) SARM 2006-3_No Fraud<br><br>1.04 (c) (vii) SARM 2006-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a self-employed Realtor for a realty company for 1.5 years, earning $8,000 per month. The loan file contained post closing income documentation including the Borrower's 2007 tax return, which revealed the Borrower earned a negative income of $2,417, or a negative $201 per month, as a self-employed Realtor. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment income as a Realtor for a realty company for 1.5 years, earning $8,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846251 |

| | | | | Loan Summary | Loan Summary | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 0036768364 | 1st | SARM 2005-23 | | | 0 | 0 | The subject loan closed on 11/15/2005, in the amount of $471,860, as a purchase of a second home attached single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan with a 98.48% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.85% Debt to Income Ratio (DTI). There was a Manual approval dated 11/07/2005, in the loan file. | Stated | $471,860.00 | 2846175 |
| | | | 1.04 (c) (v) SARM 2005-23_No Fraud<br><br>1.04 (c) (vii) SARM 2005-23_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Senior Associate for an audit company for 2 years, earning $16,139 per month and The Co-Borrower falsely stated income as a Relationship Manager for 7 years, earning $12,935 per month. The loan file contained post-closing income documentation including the Borrowers' 2006 W-2 forms, which revealed the Borrower earned $6,418 per month and the Co-Borrower earned $7,661 per month. It is unlikely the Borrowers' income would have decreased considering the Borrowers were employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated income as a Senior Associate for an audit company for 2 years, earning $16,139 per month and the Co-Borrower falsely stated income as a Relationship Manager for 7 years, earning $12,935 per month on the loan application, which constitute an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846175 |
| 12 | 0038223038 | 1st | SARM 2006-7 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/24/2006, in the amount of $495,000, as a purchase of a second home condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 98.40% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.46% Debt to Income Ratio (DTI). There was a Manual approval dated 05/19/2006, in the loan file. | Stated | $495,000.00 | 2846333 |
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Debt Obligations - With No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through Accurint and an audit credit report, revealed the Borrower refinanced his primary residence on 05/15/2006, 9 days prior to the subject loan closing on 05/24/2005. The Borrower obtained an undisclosed first mortgage refinance in the amount of $382,400 with a monthly payment of $2,617 and an undisclosed second mortgage refinance in the amount of $47,800 with a monthly payment of $256, based on a 5% interest rate for 30 years. The refinance increased the total outstanding balance by $58,200 and increased the total monthly payment by $337.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented his debt obligations by failing to disclose an increase of $337 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846333 |
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his self-employment as the Owner of a restaurant for 4 years on the loan application as his sole source of income. The loan file contained a Certified Public Accountant's letter (CPA), which reflected the Borrower was the Co-Owner of the disclosed restaurant and an additional restaurant for 4 years. The loan file also contained post-closing documentation including the Borrower's 2005 and 2006 personal tax returns. The 2005 tax return reflected the Borrower was self-employed as the Owner of 6 different businesses including the second restaurant listed on the CPA letter; however, the primary restaurant listed as the Borrower's sole source of income on the loan application was not listed. In addition, the 2005 tax return reflected the Borrower earned wages from the primary restaurant, indicating he was an employee the year prior to the loan closing on 05/24/2006. It should be noted, the 2006 tax return did list the Borrower as an Owner of the primary and secondary restaurants along with 10 additional undisclosed businesses, including the 5 business reflected on the 2005 tax return.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as the Owner of a restaurant for 4 years on the loan application as his sole source of income, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846333 |
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a restaurant for 4 years earning $25,000 per month on the loan application as his sole source of income. The loan file contained a Certified Public Accountant's letter (CPA), which reflected the Borrower was the Co-Owner of the disclosed restaurant and an additional restaurant for 4 years. The loan file also contained post-closing documentation including the Borrower's 2005 and 2006 personal tax returns. The 2005 tax return reflected the Borrower was self-employed as the Owner of 6 different businesses including the second restaurant listed on the CPA letter; however, the primary restaurant listed as the Borrower's sole source of income on the loan application was not listed. In addition, the 2005 tax return reflected the Borrower earned wages from the primary restaurant, indicating he was an employee the year prior to the loan closing on 05/24/2006. It should be noted, the 2006 tax return did list the Borrower as an Owner of the primary and secondary restaurants along with 10 additional undisclosed businesses, including the 5 business reflected on the 2005 tax return.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a restaurant for 4 years earning $25,000 per month on the loan application as his sole source of income, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846333 |

| 13 | 0038273546 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/06/2006, in the amount of $528,943, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 65.00% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40% Debt to Income Ratio (DTI). There was a Manual approval dated 05/19/2006, in the loan file. | Stated | $528,943.00 | 2846335 |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Registered Nurse for 1 month earning $12,950 per month. The loan file contained post-closing income documentation including the Borrower's 2007 W-2 form, which reflected the Borrower earned $6,356 per month. It should be noted, the loan file also contained a hardship letter provided for modification, which confirmed the Borrower was employed as a Registered Nurse. Further, an audit verification of employment was conducted through The Work Number and although the income for the subject or near year was not provided, the verification confirmed the Borrower's employment. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the origination of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Registered Nurse for 1 month earning $12,950 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846335 |
| 14 | 0038402277 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/07/2006, in the amount of $1,387,400, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 70%/80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.48% Debt to Income Ratio (DTI). There was a Manual approval dated 06/06/2006, in the loan file. | Stated | $1,387,400.00 | 2846342 |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of public records conducted through Sitex.com and an audit credit report revealed the Borrower purchased an undisclosed property the same month as the subject loan closing on 06/07/2006 and obtained a mortgage in the amount of $2,120,000 with a monthly payment of $13,926 and the Borrower had an existing mortgage in the amount of $176,000 with a monthly payment of $944, which was obtained in 04/2005, the year prior to the subject loan closing; however, the mortgage was not disclosed at origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the origination of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $14,870 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846342 |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan application reflected the Borrower resided in the subject property for 2.6 years and the loan was approved as an owner occupied property. The Borrower signed a security agreement at closing agreeing to continue to occupy the subject property for at least one year after closing; however, research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the Northern District of California Oakland Division on 09/25/2009, which included a Statement of Financial Affairs revealing the Borrower resided in an undisclosed property located in Ramon, CA beginning in 06/2006 through the date of the filing and revealed the Borrower had vacated the subject property in 06/2006. In addition, public records reported utilities for the Borrower at the undisclosed property; however, no utilities were reported for the Borrower at the subject property. Further, 8 different people were reported to have occupied the subject property immediately after the subject loan losing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the origination of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846342 |
| 15 | 0400673331 | 1st | SAIL 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/06/2004, in the amount of $350,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 94.85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.32% Debt to Income Ratio (DTI). There was a Manual approval dated 07/01/2004, in the loan file. | Full | $350,000.00 | 2845828 |
| . | | | | 1.04 (b) (xiii) SAIL 2005-4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2005-4_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($511,510.88) is ($211.06) below the actual finance charge ($511,721.94). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely effect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845828 |

Cowen_US Bank Final Version_42

| 16 | 0400685632 | 2nd | SAIL 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | 0 | The subject loan closed on 08/20/2004, in the amount of $23,625, as a purchase of an owner occupied Single Family Residence. There was neither an Automated Underwriting System nor Manual Approval found in the loan file to determine whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br>The loan file only contained the Borrower's signed Note, Title, Hazard Insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $23,625.00 | 2845728 |
| | | | 1.04 (b) (xiii) SAIL 2004-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (h) SAIL 2004-10_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (i) SAIL 2004-10_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-10_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845728 |
| | | | 1.04 (b) (xiii) SAIL 2004-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (h) SAIL 2004-10_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (i) SAIL 2004-10_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845728 |
| | | | 1.04 (c) (xviii) SAIL 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845728 |

| | | | | | Loan Summary | Loan Summary | 0 | 0 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 0400709432 | 1st | SAIL 2004-10 | | | | | | The subject loan closed on 08/16/2004, in the amount of $93,600, as a purchase of a non-owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with a 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 18.72% Debt to Income Ratio (DTI). There was a Manual approval dated 07/27/2004, in the loan file. | Stated | $93,600.00 | 2845730 |
| | | | 1.04 (b) (xviii) (e) SAIL 2004-10_Underwriting Methodology - Deemed MnA_Pool 1 / 1.04 (c) (v) SAIL 2004-10_No Fraud / 1.04 (c) (vii) SAIL 2004-10_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | | The Borrower misrepresented his debt obligations. Public records and the audit credit report indicated the Borrower purchased an undisclosed property on 07/12/2004, 34 days prior to the subject loan closing on 08/16/2004 and acquired 2 mortgages in the amounts of $216,000 and $54,000 with monthly payments of $1,081 and $545.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the origination of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,626 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845730 |
| 18 | 0400709523 | 2nd | SASC 2004-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/16/2004, in the amount of $17,550, a purchase of a non-owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 18.72% Debt to Income Ratio (DTI). There was a Manual approval dated 07/27/2004, in the loan file. | Stated | $17,550.00 | 2846667 |
| | | | 1.04 (c) (v) SAS 2004-S3_No Fraud / 1.04 (c) (vii) SAS 2004-S3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records and the audit credit report indicated the Borrower purchased an undisclosed property on 07/12/2004, 34 days prior to the subject loan closing on 08/16/2004 and acquired 2 mortgages in the amounts of $216,000 and $54,000 with monthly payments of $1,081 and $545.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the origination of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,626 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846667 |
| 19 | 0400710539 | 2nd | SASC 2004-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/18/2004, in the amount of $21,000, a purchase of a non-owner occupied 4 unit property. The loan was approved as a Stated Income, Verified Assets loan, with a 10%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 25.94% Debt to Income Ratio (DTI). There was a Manual approval dated 07/27/2004, in the loan file. | Stated | $21,000.00 | 2846668 |
| | | | 1.04 (c) (v) SAS 2004-S3_No Fraud / 1.04 (c) (vii) SAS 2004-S3_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. Research conducted through Accurint on the Borrower's Work history search results revealed the Borrower was recently opened a new marketing business that was separate as being opened and active from 07/2004 through 2009, which would have covered the subject loan closing date of 08/23/2004. The undisclosed business was reported on the Borrower's origination credit report with no letter of explanation to support the deficiency of the Borrower's self-employment history reported on the credit report. Additional research of the undisclosed business reported the business name was different from the business name listed on the loan application, reported the Borrower as the sole owner of the business and reported the Borrower as the only Owner of the business at the Borrower's primary home address. Additionally, the business report also indicated the Borrower was last seen on 08/01/2004, which was prior to the subject loan closing date. The start-up if the undisclosed business could have resulted in a negative impact on the Borrower's stated monthly income of $9,875 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the origination of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as only a self-employed Owner of one investment and marketing company for 5.5 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846668 |
| | | | | | | Grand Total of Repurchase Demand | | | | $7,546,192.00 | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0016960288 | 1st | SAIL 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/26/2004, in the amount of $150,400, as a purchase of a non-owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 29.12% Debt to Income Ratio (DTI). There was a Manual approval dated 07/05/2005, in the loan file. | Stated | $150,400.00 | 2845715 | |
| . | | | | 1.04 (b) (xviii) (e) SAIL 2004-10_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (c) (v) SAIL 2004-10_No Fraud

1.04 (c) (vii) SAIL 2004-10_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The audit credit report and the Mortgage Electronic Registration System (MERS) indicated that the Borrower obtained an undisclosed first mortgage in the amount of $112,000 with a monthly payment of $601, based on a 5% interest rate for 30 years, and a second mortgage in the amount of $21,000 with a monthly payment of $216 secured a property located on the same street as the subject loan on 09/23/2004, which was 23 days after the subject loan closing date of 08/30/2004.

The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligation by failing to disclose an $817 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845715 | |
| . | | | | 1.04 (c) (v) SAIL 2004-10_No Fraud

1.04 (c) (vii) SAIL 2004-10_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. Per the loan application, the Borrower was employed as a Licensed Appraiser and a Licensed Real Estate Agent for 5 years as his sole employment. Research performed through Accurint revealed the Borrower was also listed as a self-employed Treasurer with another real estate company that was active from 1960 to the present, which covered the subject loan closing date of 08/30/2004.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as an Appraiser and a Real Estate Agent for 5 years and no other employment, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845715 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 00031224041 | 1st | SAIL 2005-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/15/2005, in the amount of $126,792.00 as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.72% Debt to Income Ratio (DTI). There was a Manual approval dated 02/02/2005, in the loan file. | Stated | $126,792.00 | 2845856 |
| . | | | | 1.04 (b) (xix) (d) SAIL 2005-9_Underwriting Methodology - Deemed MnA_Pool 2<br><br>1.04 (c) (v) SAIL 2005-9_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-9_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as the Manager of an electronics company for 6 years. An audit review of the loan file revealed the Borrower's employer was also her spouse according to the mortgage deed, which he signed at closing. In addition, the loan file contained post-closing documentation including the first page of the Borrower's 2005/2006 personal tax returns, which reflected joint returns. Further, the tax returns reflected $8,106, or $675 per month, in business income and no employment income was reported in 2005, the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any part thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as the Manager of an electronics company for 6 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845856 |
| . | | | | 1.04 (b) (xix) (d) SAIL 2005-9_Underwriting Methodology - Deemed MnA_Pool 2<br><br>1.04 (c) (v) SAIL 2005-9_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-9_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as the Manager of an electronics company for 6 years, earning $5,000 per month on the loan application. An audit review of the loan file revealed the Borrower's employer was also her spouse according to the mortgage deed, which he signed at closing. In addition, the loan file contained post-closing documentation including the first page of the Borrower's 2005/2006 personal tax returns, which reflected joint returns. Further, the tax returns reflected $8,106, or $675 per month, in business income and no employment income was reported in 2005, the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any part thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Manager of an electronics company for 6 years, earning $5,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845856 |
| . | | | | 1.04 (c) (v) SAIL 2005-9_No Fraud<br><br>1.04 (c) (v) SAIL 2005-9_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research of public records reflected the Borrower remained at her proposed departure residence from 02/1999 through 11/2013. The records reflected utilities for the Borrower at this address from 04/1999 through 08/2013; however, no utility records were found in the Borrower's name for the subject property. In addition, the records reported the Borrower registered a vehicle using the departing address on 04/06/2005, or 2 months after the subject loan closing on 02/15/2005, and registered a second vehicle on 06/01/2005, or 4 months after the subject loan closing. It is also important to note, 2 different parties were reported residing at the subject property immediately after the loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any part thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845856 |

Cowen_US Bank Final Version_40

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 0031748106 | 1st | SAIL 2005-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/27/2005, in the amount of $111,900 as a purchase of a non-owner occupied property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 79.986%/99.964% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 46.93% Debt to Income Ratio (DTI). There was a Manual approval dated 09/27/2005, in the loan file. | Stated | $111,900.00 | 2845809 |
| . | | | | 1.04 (b) (xix) (d) SAIL 2005-11_Underwriting Methodology - Deemed MnA_Pool 2<br><br>1.04 (b) (xviii) (i) SAIL 2005-11_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAIL 2005-11_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-11_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registry System, an audit credit report and Sitex.com revealed the Borrower purchased an undisclosed property located in Virginia Beach, VA, on 08/30/2005, 27 days prior to the subject loan closing on 09/27/2005 and obtained a first mortgage in the amount of $181,600 with a monthly payment of $1,285 and a second mortgage in the amount of $45,400 with a monthly payment of $321. The research also reflected the Borrower purchased an additional undisclosed property located in Portsmouth, VA, on 09/01/2005, 26 days prior to the subject loan closing, and obtained a first mortgage in the amount of $116,400 with a monthly payment of $667 and a second mortgage in the amount of $29,100 with a monthly payment of $333.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $2,606 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845809 |
| . | | | | 1.04 (b) (xix) (d) SAIL 2005-11_Underwriting Methodology - Deemed MnA_Pool 2<br><br>1.04 (b) (xviii) (i) SAIL 2005-11_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAIL 2005-11_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-11_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Assistant Manager for a mortgage lending company for 3 years, earning $17,000 per month on the loan application. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy on 07/19/2007 with the Eastern District of Virginia. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $9,984 per month the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Assistant Manager for a mortgage lending company for 3 years, earning $17,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845809 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 12/1/2013 9:35:51 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_40

| # | Loan # | Lien | Pool | | Category | Sub-category | | | Finding | Doc | Amount | ID |
|---|--------|------|------|---|----------|--------------|---|---|---------|-----|--------|-----|
| 4 | 0031890502 | 1st | SARM 2005-23 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/23/2005, in the amount of $444,750 with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the mortgage, the HUD-1 Settlement Statement, homeowner's insurance certificate and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $444,750.00 | 2846164 |
| . | | | | 1.04 (b) (xii) SARM 2005-23_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2005-23_Origination Practices  1.04 (c) (xxiv) SARM 2005-23_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846164 |
| . | | | | 1.04 (c) (xviii) SARM 2005-23_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846164 |
| 5 | 0031900301 | 1st | SARM 2005-23 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/24/2005, in the amount of $492,950, as a purchase of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.18% Debt to Income Ratio (DTI). There was a Manual approval dated 10/24/2005, in the loan file. | Stated | $492,950.00 | 2846166 |
| . | | | | 1.04 (c) (v) SARM 2005-23_No Fraud  1.04 (c) (vii) SARM 2005-23_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research of public records reported the Borrower had an extensive occupancy history at the Borrower's departing address from 01/2003 through 05/2013 and did not report an occupancy history at the subject property for the Borrower. Additionally, the address history reported on audit credit report did not list the subject property as a property that was ever occupied by the Borrower. Additional research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Central District of California on 10/05/2009. The petition included a Statement of Financial Affairs, which revealed that the Borrower did not occupy the subject property after closing. Section 15 of the Statement of Financial Affairs indicated the Borrower occupied a property located in Surprise, Arizona from 03/2006 through 01/2009, which was dated 5 months after the stipulated loan closing date of 10/24/2005.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846166 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 12/1/2013 9:35:51 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_40

| 6 | 0031928740 | 1st | SARM 2005-23 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/04/2005, in the amount of $720,000, as a cash-out refinance of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.439% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | | $720,000.00 | 2846170 |
| . | | | 1.04 (c) (v) SARM 2005-23_No Fraud  1.04 (c) (vii) SARM 2005-23_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrowers misrepresented their employment on the loan application as self-employed Owners of a vegetable farm for 8 years as their sole source of income. Research conducted through Accurint revealed that the Borrowers owned an additional farm from 06/16/2005 through 2010, which covered the subject loan closing date of 11/04/2005.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers falsely stated employment as self-employed Owners of a vegetable farm for 8 years as their sole source of income, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846170 |
| 7 | 0032048365 | 1st | SARM 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/21/2005, in the amount of $188,621, as a purchase of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.69% Debt to Income Ratio (DTI). There was a Manual approval dated 11/21/2005, in the loan file. | Stated | | $188,621.00 | 2846218 |
| . | | | 1.04 (c) (v) SARM 2006-1_No Fraud  1.04 (c) (vii) SARM 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Field Operation Specialist with a hospital earning $5,500 per month on the loan application. The loan file included the Borrower's 2006 post-closing near year income tax returns and the Borrower's 2006 and 2007 near year W-2 statement from the same employer listed on the loan application. The 2007 near year W-2 statement supported the Borrower was employed with the same company throughout the entire year of 2006 and the 2006 W-2 statements provided from the employer listed on the loan application revealed the Borrower actually earned a monthly income of $3,271 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work. Furthermore, the 2006 near year income tax returns reported the Borrower's employment job title as a Medical Assistant.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/ or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Field Operation Specialist with a hospital earning $5,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846218 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 12/1/2013 9:35:51 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

# Digital Risk - Loan Review Findings
## 08-13555-mg   Doc 46080-8   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 0032135568 | 1st | SARM 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/14/2005, in the amount of $250,000, as a purchase of a non-owner occupied, 2-unit property. The loan was approved as a Stated Income/Verified Asset (SIVA) Limited Documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.49% Debt to Income Ratio (DTI). There was a Manual approval dated 11/03/2005, in the loan file. | Stated | $200,000.00 | 2846221 |
| . | | | | 1.04 (c) (v) SARM 2006-1_No Fraud<br><br>1.04 (c) (vii) SARM 2006-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a self-employed Owner of a real estate development company for 13 years as his sole source of employment. Research performed through Accurint revealed the Borrower owned 4 additional businesses that were all active at the time of closing; however, the additional businesses were not disclosed at origination. Accurint reported the Borrower owned a farm animal/retail store business from 11/04/2003 to present, a building development company from 01/27/2005 to present, a homeowner's association from 04/23/2004 to present and an additional development company opened from 01/27/2005 through 03/23/2009, which all covered the subject loan closing date of 11/14/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of a real estate development company for 13 years as his sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846221 |
| 9 | 0032205353 | 1st | SARM 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/20/2005, in the amount of $544,000, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.25% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $544,000.00 | 2846238 |
| . | | | | 1.04 (c) (v) SARM 2006-2_No Fraud<br><br>1.04 (c) (vii) SARM 2006-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Per the Mortgage Electronic Registration Services (MERS) and the audit credit report, the Borrower obtained a second mortgage on the subject property on 01/04/2006, which was only 15 days after the subject loan closing date of 12/20/2005 in the amount of $100,000 with a monthly mortgage payment of $559 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented her debt obligations by failing to disclose a $559 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846238 |

| # | Loan # | Lien | Pool | | Category | Finding | | | Narrative | Doc Type | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 0032296105 | 1st | SARM 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/12/2006, in the amount of $243,750, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the loan note, the mortgage, the HUD-1 Settlement Statement, homeowner's insurance certificate and the title commitment. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $243,750.00 | 2846243 |
| . | | | 1.04 (b) (xii) SARM 2006-2_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-2_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-2_Compliance with Applicable Law | | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846243 |
| . | | | 1.04 (c) (xviii) SARM 2006-2_Qualified Appraisal | | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846243 |
| 11 | 0032378879 | 1st | SARM 2006-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/27/2006, in the amount of $177,100, as a purchase an owner occupied Single Family Residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income, Verified Assets loan, with a 79.99%/94.99% Loan to Value/Combined (LTV/CLTV), and a 38.93% Debt to Income Ratio (DTI). There was a Manual approval dated 12/16/2005, in the loan file. | Stated | $177,100.00 | 2846255 |
| . | | | 1.04 (c) (v) SARM 2006-4_No Fraud<br><br>1.04 (c) (vii) SARM 2006-4_No Event of Default | | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an Audit Credit Report revealed the Borrower purchased an undisclosed property on 11/23/2005, 2 months prior to the subject loan closing on 01/27/2006, acquiring 2 mortgages in the amounts of $337,750 and $144,500 with monthly payments of $2,191 and $1,502.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented his debt obligations by failing to disclose $3,693 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846255 |
| . | | | 1.04 (c) (v) SARM 2006-4_No Fraud<br><br>1.04 (c) (vii) SARM 2006-4_No Event of Default | | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application as a Business Consultant for 3 years as his sole source of employment. Research of public records indicated the Borrower was also owner of a Real Estate business since 03/17/2005; however, was not disclosed on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Business Consultant for 3 years as his sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846255 |

| | # | Lien | Pool | Guideline | Finding | Finding | | | Narrative | | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SARM 2006-4 _No Fraud<br><br>1.04 (c) (vii) SARM 2006-4 _No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records, a post closing financial statement and 2007 tax return obtained through the modification process, indicated the Borrower occupied an undisclosed property purchased on 11/23/2005, 2 months prior to the subject loan closing on 01/27/2006. The public records also indicated the Borrower occupied the undisclosed property from 03/2006 to 12/2009 and other individuals occupied the subject property from 06/2006 to 08/2013.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846255 |
| 12 | 0032396855 | 1st | SARM 2006-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/26/2006, in the amount of $307,500, as a cash out refinance of a non-owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with a 75%/79.88% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.72% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $307,500.00 | 2846257 |
| . | | | | 1.04 (c) (v) SARM 2006-4 _No Fraud<br><br>1.04 (c) (vii) SARM 2006-4 _No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Research of public records and an Audit Credit Report revealed the Borrowers purchased an undisclosed property on 10/26/2005, 3 months prior to the subject loan closing on 01/26/2006, acquiring first and second mortgages in the amounts of $546,000 and $126,000 with monthly payments of $2,900 and $1059.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $3,959 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust | | | 2846257 |
| 13 | 0032503005 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/17/2006, in the amount of $117,600, as a purchase of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV) with a 46.23% Debt to Income Ratio (DTI). The loan file contained a Manual approval dated 02/09/2006. | Stated | $117,600.00 | 2846278 |
| . | | | | 1.04 (c) (v) SARM 2006-7 _No Fraud<br><br>1.04 (c) (vii) SARM 2006-7 _No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Forklift Operator earning $3,400 per month on the loan application. The post closing tax return, obtained through the modification process for 2007, revealed the Borrower earned $2,675 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the executed Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Forklift Operator earning $3,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846278 |

08-13555-mg Doc 46080-8 Filed 08/22/14 Entered 08/22/14 15:34:18 Attachment V - part 4 Pg 66 of 201

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 0032576480 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/28/2006, in the amount of $133,500, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets (Limited) loan, with a 75%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43% Debt to Income Ratio (DTI). There was a Manual approval dated 02/23/2006, in the loan file. | Stated | $133,500.00 | 2846280 | |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Licensed Practical Nurse (LPN) earning $6,375 per month on the loan application. Research of public records revealed the Borrower filed for Bankruptcy on 08/27/2008. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $1,113 per month for 2006, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an LPN $6,375 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846280 | |
| . | | | | | | | | | | | | | |
| 15 | 0032611139 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/05/2006, in the amount of $480,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.05% Debt to Income Ratio (DTI). There was a Manual approval dated 05/02/2006, in the loan file. | Stated | $480,000.00 | 2846281 | |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as the Owner of a janitorial service for 3 years. The loan file contained post-closing income documentation including the Borrower's 2006 tax return and 2006 W-2 form provided for loan modification, which revealed the Borrower was a salaried Janitor the year the subject loan closed. In addition, research of public records revealed the Borrower filed a Bankruptcy on 12/13/2012, which included a Statement of Financial Affairs revealing the Borrower was not self-employed in the prior 6 years of the filing which.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a janitorial service for 3 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846281 | |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of a home based janitorial service earning $10,756 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's 2006 tax return and 2006 W-2 form provided for loan modification, which revealed the Borrower earned $1,259 per month as a salaried Janitor the year the subject loan closed. In addition, research of public records revealed the Borrower filed a Bankruptcy on 12/13/2012, which included a Statement of Financial Affairs revealing the Borrower was not self-employed in the prior 6 years of the filing and did not reflect any business income.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a home based janitorial service earning $10,756 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846281 | |
| . | | | | | | | | | | | | | |

Cowen_US Bank Final Version_40

| 16 | 0032674624 | 1st | SARM 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/17/2006, in the amount of $828,000 as a purchase of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.32% Debt to Income Ratio (DTI). There was neither an Automatic Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $828,000.00 | 2846266 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (v) SARM 2006-5_No Fraud<br><br>1.04 (c) (vii) SARM 2006-5_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a salaried Associate Investment Banker for 2 years. An audit Verification of Employment revealed the Borrower was a self-employed Commercial Real Estate Agent and not an Associate Investment Banker of the employer indicated on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any party thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a salaried Associate Investment Banker for 2 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2846266 |
| . | | | 1.04 (c) (v) SARM 2006-5_No Fraud<br><br>1.04 (c) (vii) SARM 2006-5_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Associate Investment Banker earning $25,790 per month on the loan application. The audit Verification of Employment (VOE) obtained from the employer and the post closing tax return obtained through the modification process for 2006, the year of the subject loan closing, indicated the Borrower was not an employee and was a self-employed Commercial Real Estate Agent/Contractor who earned $2,558 per month in 2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any party thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Associate Investment Banker earning $25,790 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846266 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 9:35:51 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_40

| 17 | 0032738056 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/05/2006, in the amount of $485,000 with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Hazard Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $480,000.00 | 2846285 | |
| . | | | 1.04 (b) (xii) SARM 2006-7_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-7_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-7_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final signed Hud-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846285 | |
| . | | | 1.04 (b) (xii) SARM 2006-7_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-7_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-7_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846285 | |
| . | | | 1.04 (c) (xviii) SARM 2006-7_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846285 | |

Cowen_US Bank Final Version_40

| 18 | 0032819443 | 1st | SARM 2006-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/09/2006, in the amount of $385,000, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.249% Debt to Income Ratio (DTI). There was a Manual approval dated 05/09/2006, in the loan file. | Stated | $308,000.00 | 2846268 | |
| . | | | | 1.04 (c) (v) SARM 2006-6_No Fraud

1.04 (c) (vii) SARM 2006-6_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through public records and an audit credit report revealed the Borrower purchased an undisclosed property located in Manassas, VA on 05/09/2006, the same day as the subject loan closing. The Borrower obtained a first mortgage in the amount of $270,000 with a monthly payment of $1,449 and within 30 days the Borrower obtained a second mortgage on the property in the amount of $29,970 with a monthly payment of $299. The research revealed the Borrower filed a Chapter 7 Bankruptcy with the Eastern District of Virginia on 12/02/2010, which confirmed the mortgages were attached to the undisclosed property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,749 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846268 | |
| . | | | | 1.04 (c) (v) SARM 2006-6_No Fraud

1.04 (c) (vii) SARM 2006-6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records reported the Borrower resided at an undisclosed property, which was purchased on the same day as the subject loan closing on 05/09/2006, from 08/2006 through 10/2013, and public records reported 8 different parties residing at the subject property immediately after the closing. In addition, the research revealed the Borrower filed a Chapter 7 Bankruptcy with the Eastern District of Virginia on 12/02/2010, which also reflected the undisclosed property as the Borrower's residence with no prior addresses.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846268 | |
| 19 | 0032855942 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/01/2006, in the amount of $443,500. According to the Submission Transmittal contained in the loan file, the loan was approved as a cash out refinance of an owner occupied single family residence under the Stated Income/Verified Asset (SIVA) loan program with a 79.996% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 33.606% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Stated | $443,500.00 | 2846297 | |
| . | | | | 1.04 (b) (xii) SARM 2006-7_Compliance with Applicable Law - Origination

1.04 (c) (xvii) SARM 2006-7_Origination Practices

1.04 (c) (xxiv) SARM 2006-7_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846297 | |

| # | Loan # | Lien | Deal | Finding Codes | Category | Finding | Sev1 | Sev2 | Narrative | Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xii) SARM 2006-7_Compliance with Applicable Law - Origination; 1.04 (c) (xvii) SARM 2006-7_Origination Practices; 1.04 (c) (xxiv) SARM 2006-7_Compliance with Applicable Law | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2846297 |
| . | | | | 1.04 (c) (xviii) SARM 2006-7_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846297 |
| 20 | 0032905168 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/17/2006, in the amount of $422,000 with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Final HUD-1, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $422,000.00 | 2846307 |
| . | | | | 1.04 (b) (xii) SARM 2006-7_Compliance with Applicable Law - Origination; 1.04 (c) (xvii) SARM 2006-7_Origination Practices; 1.04 (c) (xxiv) SARM 2006-7_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846307 |
| . | | | | 1.04 (c) (xviii) SARM 2006-7_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.

The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846307 |

| 21 | 0032905705 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/15/2006, in the amount of $650,000.00. According to the Submission Transmittal contained in the loan file, the loan was a purchase of an owner occupied single family residence located in a planned unit development approved under the Stated Income/Verified Asset (SIVA) loan program with a 73.86%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, HUD-1, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $650,000.00 | 2846308 | |
| . | | | 1.04 (b) (xii) SARM 2006-7_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-7_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-7_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846308 | |
| . | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. According to the Submission Transmittal contained in the loan file, the loan was a purchase of an owner occupied single family residence. However, the loan file contained post-closing documentation including a hardship letter, which revealed the Borrower moved out of the subject property in 09/2006, or 4 months after the subject closing on 05/15/2006. In addition, research of public records reported the Borrower only occupied the property from 06/2007 through 09/2007, which was 3 months in the year following the subject loan closing. The records also reported 4 different occupants at the time of the subject loan closing. It is also important to note, public records revealed the Borrower purchased a property located in Monrovia, Ca, on 11/13/2006, and the address was reflected on post-closing income documentation including the Borrower's 2005 tax return, dated 10/11/2006, as further confirmation the Borrower did not occupy the subject property within 60 days of closing and for the 12 months after the date of occupancy as agreed upon in the mortgage agreement the Borrower signed at closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846308 | |
| . | | | 1.04 (c) (xviii) SARM 2006-7_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846308 | |
| . | | | | | | | | | | | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 22 | 0032912081 | 1st | SARM 2006-7 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/30/2006, in the amount of $570,400.00 as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income, Stated Asset (SISA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.609% Debt to Income Ratio (DTI). There was a Manual approval dated 06/08/2006, in the loan file. | Stated | $570,400.00 | 2846309 |
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and the Borrower's Chapter 13 Bankruptcy filed with the Eastern District of Virginia on 05/03/2007, revealed the Borrower purchased an undisclosed property located in Warrenton, VA on 03/23/2006. The research revealed the Borrower obtained a first mortgage in the amount of $568,750 on 03/23/2006 with a monthly payment of $3,053 per month based on a 5% interest rate for 30 years and on 03/27/2006, the Borrower obtained a second mortgage in the amount of $262,500 with a monthly payment of $1,409, based on a 5% interest rate for 30 years.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $4,462 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846309 |
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her self-employment on the loan application as the Owner of a landscaping business for 8 years. Research of public records reflected the Borrower filed a Chapter 13 Bankruptcy on 05/03/2007 with the Eastern District of Virginia. The petition included a Statement of Financial Affairs, which did not reflect any self-employment or self-employment income. In addition, the loan file contained post-closing documentation including the Borrower's 2005/2006 tax returns, which revealed the Borrower was Retired receiving Social Security, pension and part time employment income.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment as the Owner of a landscape business for 8 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846309 |
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated self-employment income as the Owner of a landscaping business for 8 years, earning $12,200 per month on the loan application. Research of public records reflected the Borrower filed a Chapter 13 Bankruptcy on 05/03/2007 with the Eastern District of Virginia. The petition included a Statement of Financial Affairs, which did not reflect any self-employment or self-employment income. In addition, the loan file contained post-closing documentation including the Borrower's 2005/2006 tax returns, which revealed the Borrower was Retired receiving Social Security, pension and part time employment income in the total amount of $2,592 per month in 2006 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment income as the Owner of landscaping business 8 years, earning $12,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846309 |

| 23 | 0032957599 | 1st | | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/09/2006, in the amount of $259,920, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.74% Debt to Income Ratio (DTI). There was a Manual approval dated 05/23/2006, in the loan file. | Stated | $207,920.00 | 2846319 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Director/Marketing with a sports team marketing company, earning $8,000 per month on the loan application. An audit verification of employment was obtained from the Borrower's employer, which revealed the Borrower earned a monthly income of $4,167 per month in 2006 the year of the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Director/Marketing with a sports team marketing company, earning $8,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846319 |
| 24 | 0032968802 | 1st | | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/09/2006, in the amount of $440,000, as a cash-out refinance of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Full Documentation loan, with a 79%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.60% Debt to Income Ratio (DTI). There was a Manual approval dated 06/09/2006, in the loan file. | Full | $440,000.00 | 2846324 |
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrowers misrepresented their intent to occupy the subject property. The loan file included post-closing documentation including a hardship letter, dated 12/26/2006 6 months after the subject loan closing on 06/09/2006, in which the Borrowers indicated they relocated to North Carolina in order to provide the best developmental care for the couple's youngest child. The post-closing documents also included an employment offer letter extended to the Borrower from a company, which indicated the Borrower was required to relocate to North Carolina. Furthermore, the post-closing documents included pay stub earnings for the Borrower dated 12/18/2006 and 12/25/2006 from the same company listed on the employment offer letter located in North Carolina. The post-closing documents also included the Co-Borrower's pay stub with a supply company dated 11/22/2006, which was 5 months after the purchase of the subject property. The Co-Borrower's pay stub listed the Borrowers' new address located in Charlotte, North Carolina. In addition, the Mortgage Electronic Registration Service (MERS) report indicated the Borrowers purchased the property located in North Carolina on 07/28/2006, which was 1 month and 19 days after the subject loan closing. Research performed through Accurint for the Borrowers' address history reported on the Borrowers' driver's licenses indicated the Borrower's driver's license was issued in North Carolina on 10/18/2006, which was 4 months after the purchase of the subject loan. The address reported on the driver's license listed the same address that was purchased by the Borrower only 1 month and 19 days after closing located in North Carolina and the Co-Borrower's driver's license was issued in North Carolina at the same address as the Borrower on 09/08/2006, which was 3 months after the purchase of the subject property. The aforementioned evidence found supports that the Borrower did not occupy the subject property for at least 12 months after the subject loan closing date of 06/09/2006 as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846324 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate     Run: 12/1/2013 9:35:51 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

| 25 | 0035044791 | | SAIL 2005-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/24/2005, in the amount of $52,000 with an 81.30% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the mortgage, the HUD-1 Settlement Statement, homeowner's insurance certificate and a partial title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $52,000.00 | | 2845837 | |
| . | | | | 1.04 (b) (xiii) SAIL 2005-5_Compliance with Applicable Law - Deemed MnA 1.04 (b) (xviii) (g) SAIL 2005-5_Fees Disclosed - Deemed MnA_Pool 1 1.04 (b) (xviii) (h) SAIL 2005-5_Written Disclosure - Deemed MnA_Pool 1 1.04 (c) (xvii) SAIL 2005-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.\n\nThe Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.\n\nPursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | | 2845837 | |
| . | | | | 1.04 (c) (xviii) SAIL 2005-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.\n\nThe Seller represented and warranted, in part, that the appraisal complied with FIRREA.\n\nDespite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | | 2845837 | |

Cowen_US Bank Final Version_40

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 26 | 0035080712 | 1st | SAIL 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/26/2006, in the amount of $259,200 with an 80%/99.33% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject first lien note, the subject first lien mortgage, the HUD-1 Settlement Statement, homeowner's insurance certificate the title policy and the title commitment. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $259,200.00 | 2845844 | |
| . | | | | 1.04 (b) (xiii) SAIL 2005-6_Compliance with Applicable Law - Deemed MnA  1.04 (b) (xviii) (g) SAIL 2005-6_Fees Disclosed - Deemed MnA_Pool 1  1.04 (b) (xviii) (h) SAIL 2005-6_Written Disclosure - Deemed MnA_Pool 1  1.04 (b) (xvii) SAIL 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845844 | |
| . | | | | 1.04 (c) (xviii) SAIL 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845844 | |
| 27 | 0036284867 | 1st | SARM 2005-22 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/02/2005, in the amount of $284,000, as a purchase of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.94% Debt to Income Ratio (DTI). There was a Manual approval dated 09/01/2005, in the loan file. | Stated | $284,000.00 | 2846156 | |
| . | | | | 1.04 (c) (v) SARM 2005-22_No Fraud  1.04 (c) (vii) SARM 2005-22_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The audit credit report revealed the Borrower obtained an undisclosed mortgage in the amount of $191,200 with a monthly payment of $2,473 secured by a property located in Bonita Springs, FL, the same month as the subject loan closing on 09/02/2005. Additional research conducted through Sitexdata.com also revealed the Borrower obtained a revolving line of credit in the amount of $198,000 secured by the departing address on 08/11/2005, or 21 days prior to the subject loan closing with a monthly payment of $637, based on a rate of 1% over 30 years.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $3,110 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846156 | |

| | # | Loan # | SARM | Criteria | Finding | Finding | | | Narrative | | Value | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SARM 2005-22_No Fraud - With No Red Flags Present<br><br>1.04 (c) (vii) SARM 2005-22_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. The loan application indicated the Borrower was employed as a Real Estate agent with a real estate company for 4 years as a 1099 employee. Research conducted through Accurint revealed the Borrower owned two undisclosed real estate related businesses. One business was active from 12/04/2001 through the present and the second business was active from 05/06/2005 through the present.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Real Estate Sales Associate for 4 years as his sole soured of employment, which constitute an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846156 |
| . | | | | 1.04 (c) (v) SARM 2005-22_No Fraud Flags Present - Near Year Income Evidence<br><br>1.04 (c) (vii) SARM 2005-22_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Real Estate Sales Associate earning $11,362 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's 2006 income tax returns and the Borrower's 2006 and 2007 1099 statements, which support the Borrower was still employed with the same employer in the same line of work, which revealed the Borrower earned a monthly income of $8,109. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Real Estate Sales Associate earning $11,362 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846156 |
| | 28 | 0036844090 | SARM 2005-23 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/28/2005, in the amount of $540,000, as a purchase with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in which it was originated. The loan file only contained the Note, final HUD-1, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $540,000.00 | 2846177 |
| . | | | | 1.04 (b) (xii) SARM 2005-23_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2005-23_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2005-23_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846177 |
| . | | | | 1.04 (c) (xviii) SARM 2005-23_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846177 |

Cowen_US Bank Final Version_40

# Digital Risk - Loan Review Findings
08-13555-mg   Doc 46080-8   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 4   Pg 77 of 201

| 29 | 0036873461 | | SARM 2005-23 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/10/2005, in the amount of $432,000, as a purchase with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, final HUD-1, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $432,000.00 | 2846179 | |
| . | | | | 1.04 (b) (xii) SARM 2005-23_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2005-23_Origination Practices  1.04 (c) (xxiv) SARM 2005-23_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846179 | |
| . | | | | 1.04 (c) (xviii) SARM 2005-23_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846179 | |
| 30 | 0037513173 | 1st | SARM 2006-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/27/2006, in the amount of $312,000, as a purchase with an 80%100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $312,000.00 | 2846262 | |
| . | | | | 1.04 (b) (xii) SARM 2006-4_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2006-4_Origination Practices  1.04 (c) (xxiv) SARM 2006-4_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846262 | |
| . | | | | 1.04 (c) (xviii) SARM 2006-4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846262 | |
| | | | | | | | | | **Grand Total of Repurchase Demand** | | $10,667,883.00 | | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 12/1/2013 9:35:51 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_39

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0019735406 | 1st | SAIL 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The loan closed on 02/23/2005, in the amount of $176,000, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Stated Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.03% Debt to Income Ratio (DTI). There was a Manual approval dated 02/23/2005, in the loan file. | SISA | $176,000.00 | 2845822 | |
| . | | | | 1.04 (c) (v) SAIL 2005-4_No Fraud

1.04 (c) (vii) SAIL 2005-4_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Secondary Teacher earning $4,500 per month and also a Coach earning an additional $1,200 per month on the loan application. An audit Verification of Employment obtained through the employer indicated the Borrower earned $3,002 per month as a Teacher and $279 per month in extra income.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Secondary Teacher earning $4,500 and a Coach earning $1,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845822 | |
| 2 | 0020444626 | 1st | SAS 2004-NP1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/26/1999, in the amount of $32,700. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $32,700.00 | 2844717 | |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain a HUD-1.

The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844717 | |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844717 | |
| 3 | 0020458592 | 1st | SAS 2004-NP1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/02/1997, in the amount of $79,039. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $79,039.00 | 2844718 | |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a HUD-1.

The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844718 | |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844718 | |

Cowen_US Bank Final Version_39

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 0020482717 | 1st | SAS 2004-NP1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/12/1988, in the amount of $15,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $15,154.00 | 2844719 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.\n\nThe Seller represented and warranted that the subject loan complied in all material respects with applicable laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844719 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.\n\nThe Seller represented and warranted that the subject loan complied in all material respects with applicable laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844719 |
| 5 | 0020505319 | 1st | SAS 2004-NP1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/16/1987, in the amount of $29,500. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $29,500.00 | 2844720 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file was missing the Final HUD-1.\n\nThe Seller represented and warranted that the subject loan complied in all material respects with applicable laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844720 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.\n\nThe Seller represented and warranted that the subject loan complied in all material respects with applicable laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844720 |
| 6 | 0020608634 | 1st | SAS 2004-NP2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/29/1985, in the amount of $26,100. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $26,100.00 | 2844728 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP2_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.\n\nThe Seller represented and warranted that subject loan complied in all material respects with applicable laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844728 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP2_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.\n\nThe Seller represented and warranted that subject loan complied in all material respects with applicable laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844728 |

| # | | | | | | | | Description | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 0020849857 | 1st | SAS 2004-NP1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/18/1986, in the amount of $42,246. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $42,246.00 | 2844723 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844723 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844723 |
| 8 | 0020899902 | 1st | SAS 2004-NP1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/17/1994, in the amount of $64,900. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file. | Unknown | $64,900.00 | 2844724 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844724 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844724 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Subject Note | Failure to Provide Subject Note | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.  The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2844724 |

| # | Loan # | Lien | Deal | | Category | Sub | | | Findings | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 0021210406 | 1st | SAS 2004-NP1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/02/1993, in the amount of $21,939. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $21,939.00 | 2844725 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The HUD-1 was missing from the loan file.

The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844725 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844725 |
| 10 | 0030290399 | 1st | SAIL 2005-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/02/2005, in the amount of $252,800, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Hazard Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $252,800.00 | 2845830 |
| . | | | | 1.04 (b) (xiii) SAIL 2005-5_Compliance with Applicable Law - Deemed MnA

1.04 (b) (xviii) (g) SAIL 2005-5_Fees Disclosed - Deemed MnA_Pool 1

1.04 (b) (xviii) (h) SAIL 2005-5_Written Disclosure - Deemed MnA_Pool 1

1.04 (c) (xvii) SAIL 2005-5_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845830 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xiii) SAIL 2005-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2005-5_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (h) SAIL 2005-5_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2005-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845830 |
| | | | | 1.04 (c) (xviii) SAIL 2005-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845830 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 0030327613 | 1st | SAIL 2005-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/23/2005, in the amount of $195,000 as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Stated Asset (SISA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.87% Debt to Income Ratio (DTI). There was a Manual approval dated 02/23/2005, in the loan file. | SISA | $156,800.00 | 2845832 |
| | | | 1.04 (b) (xviii) (d) SAIL 2005-5_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAIL 2005-5_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-5_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Electronics Supervisor earning $4,220 per month on the loan application. An audit Verification of Employment conducted through The Work Number indicated the Borrower earned $2,141 per month for the year 2006. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Electronics Supervisor earning $4,220 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845832 |
| 12 | 0030339030 | 1st | SAIL 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/25/2005, in the amount of $228,000 as a purchase of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 29.37% Debt to Income Ratio (DTI). There was a Manual approval dated 02/24/2005, in the loan file. | Stated | $228,000.00 | 2845827 |
| | | | 1.04 (b) (xiii) SAIL 2005-4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2005-4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845827 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 9:15:13 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_39

| 13 | 0030383517 | 1st | SAIL 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/22/2005, for an amount of $103,712.00 as a purchase of a non-owner occupied Single Family Residence. The loan was approved as a stated income, verified assets documentation loan, with an 80% /90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Hazard Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $103,712.00 | 2845840 | |
| . | | | | 1.04 (b) (xiii) SAIL 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2005-6_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (h) SAIL 2005-6_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845840 | |
| . | | | | 1.04 (c) (xviii) SAIL 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845840 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 9:15:13 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_39

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 0030564280 | 1st | SAIL 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/04/2005, in the amount of $429,200 as a purchase of an owner occupied Single Family Residence. The loan was approved as a stated income/verified assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Hazard Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $420,000.00 | 2845841 |
| . | | | | 1.04 (b) (xiii) SAIL 2005-6_Compliance with Applicable Law - Deemed MnA

1.04 (b) (xviii) (g) SAIL 2005-6_Fees Disclosed - Deemed MnA_Pool 1

1.04 (b) (xviii) (h) SAIL 2005-6_Written Disclosure - Deemed MnA_Pool 1

1.04 (c) (xvii) SAIL 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845841 | |
| . | | | | 1.04 (c) (xviii) SAIL 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845841 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 9:15:13 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_39

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | 0030596225 | 1st | SAIL 2005-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/29/2005. It is secured of $136,000 as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Hazard Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $136,000.00 | 2845851 |
| . | | | | 1.04 (b) (xiii) SAIL 2005-7_Compliance with Applicable Law - Deemed MnA   1.04 (c) (xvii) SAIL 2005-7_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.   The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.   Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.   Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845851 |
| . | | | | 1.04 (b) (xiii) SAIL 2005-7_Compliance with Applicable Law - Deemed MnA   1.04 (c) (xvii) SAIL 2005-7_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.   The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.   Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.   Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845851 |
| . | | | | 1.04 (c) (xviii) SAIL 2005-7_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.   The Seller represented and warranted, in part, that the appraisal complied with FIRREA.   Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845851 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 9:15:13 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 0030716708 | 1st | SAS 2006-GEL2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/22/2005, in the amount of $298,000 as a purchase of an owner occupied Single Family Residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification) loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 04/25/2005, in the loan file. | NINENA | $238,400.00 | 2844740 | |
| . | | | 1.04 (b) (xiii) SAS 2006-GEL2_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. | | | 2844740 | |
| | | | 1.04 (c) (xvii) SAS 2006-GEL2_Origination Practices | | | | | The disclosed finance charge ($326,011.22) is ($4,359.40) below the actual finance charge($330,370.62). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)). The disclosed APR (6.897) is lower than the actual APR (7.0795). The Truth in Lending Act considers a disclosed APR inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17(f), 1026.19(a)(2), & 1026.22(a)(2)).

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | |
| 17 | 0030785042 | 1st | SARM 2006-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/10/2005, in the amount of $200,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the signed Note, Title, Hazard Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $200,000.00 | 2846246 | |
| . | | | 1.04 (b) (xii) SARM 2006-3_Compliance with Applicable Law - Origination | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846246 | |
| | | | 1.04 (c) (xvii) SARM 2006-3_Origination Practices | | | | | | | | | |
| | | | 1.04 (c) (xxiv) SARM 2006-3_Compliance with Applicable Law | | | | | | | | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 9:15:13 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Digital Risk - Loan Review Findings

Cowen_US Bank Final Version_39    08-13555-mg    Doc 46080-8    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment    Part 9 Pg 88 of 201

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii) SARM 2006-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualifying appraisal. Title 11 of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at origination, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846246 | |
| 18 | 0031018252 | 1st | SAIL 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/26/2005, in the amount of $280,000, as a purchase of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV,) and a 49.99% Debt to Income Ratio (DTI). There was a Manual approval dated 05/18/2005, in the loan file. | Full | | $280,000.00 | 2845853 | |
| . | | | | 1.04 (b) (xiii) SAIL 2005-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2005-8_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 in file is incomplete by missing line 1206.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845853 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 9:15:13 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | 0031080211 | 1st | SAIL 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/22/2005, in the amount of $520,000 as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Stated Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.64% Debt to Income Ratio (DTI). There was a Manual approval dated 06/17/2005, in the loan file. | SISA | $520,000.00 | 2845855 |
| | | | 1.04 (c) (v) SAIL 2005-8_No Fraud  1.04 (c) (vii) SAIL 2005-8_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records and the Audit Credit Report indicated the Borrower purchased an undisclosed property on 06/22/2005, the same day as the subject loan closing and acquired a first mortgage of $464,000 with a monthly payment of $2,436. In addition, on 07/13/2005, 21 days after the subject loan closing, the Borrower acquired a second mortgage in the amount of $116,000 with a monthly payment of $1,349.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $3,785 in monthly debt and include $4,126 in omitted debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845855 |
| 20 | 0031212657 | 2nd | SAS 2006-GEL2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/06/2005, in the amount of $38,200. According to the final HUD-1 the loan was closed as a second mortgage purchase. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $38,200.00 | 2844741 |
| | | | 1.04 (b) (xiii) SAS 2006-GEL2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2006-GEL2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844741 |
| | | | 1.04 (c) (xviii) SAS 2006-GEL2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2844741 |

Cowen_US Bank Final Version_39

| 21 | 0031669088 | 1st | SARM 2005-22 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/20/2005, in the amount of $432,000 as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37% Debt to Income Ratio (DTI). There was a Manual approval dated 09/22/2005, in the loan file. | Stated | $432,000.00 | 2846149 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xii) SARM 2005-22_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2005-22_Origination Practices  1.04 (c) (xxiv) SARM 2005-22_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846149 |
| . | | | | 1.04 (c) (v) SARM 2005-22_No Fraud  1.04 (c) (vii) SARM 2005-22_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrowers misrepresented their debt obligations. Research of an audit credit report and the Borrowers' Chapter 7 Bankruptcy filed with the District of Arizona on 04/13/2009 revealed the Borrowers obtained a second mortgage in the amount of $100,000 with a monthly payment of $1,000 based on 1% of the credit line on departing residence, in 08/2005, the month prior to the subject loan closing on 09/20/2005.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,000 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846149 |
| 22 | 0031692833 | 1st | SARM 2005-22 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/29/2005, in the amount of $193,900 as a purchase of a single family residence located in a planned unit development with a 79.98%/94.97% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Hazard Insurance, Title Policy, Appraisal and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $193,900.00 | 2846151 |
| . | | | | 1.04 (b) (xii) SARM 2005-22_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2005-22_Origination Practices  1.04 (c) (xxiv) SARM 2005-22_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846151 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 9:15:13 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

| 23 | 0031786593 | 1st | SAIL 2005-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/19/2005, in the amount of $304,000 as a purchase with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $304,000.00 | 2845810 |
| . | | | 1.04 (b) (xiii) SAIL 2005-11_Compliance with Applicable Law - Deemed MnA  1.04 (b) (xix) (g) SAIL 2005-11_Fees Disclosed - Deemed MnA_Pool 2  1.04 (b) (xix) (h) SAIL 2005-11_Written Disclosure - Deemed MnA_Pool 2  1.04 (b) (xviii) (j) SAIL 2005-11_Fees Disclosed - Deemed MnA_Pool 1  1.04 (b) (xviii) (k) SAIL 2005-11_Written Disclosure - Deemed MnA_Pool 1 | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845810 |
| . | | | 1.04 (c) (xvii) SAIL 2005-11_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845810 |

Cowen_US Bank Final Version_39

| 24 | 0031814510 | 1st | SARM 2006-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/18/2005, in the amount of $440,000. According to the Lender's purchase advice contained in the loan file, the loan was approved as a purchase of a non-owner occupied property as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Stated | $440,000.00 | 2846247 |
| . | | | 1.04 (b) (xii) SARM 2006-3_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-3_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-3_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846247 |
| . | | | 1.04 (c) (xviii) SARM 2006-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846247 |

Cowen_US Bank Final Version_39

| 25 | 0031880545 | 1st | SAIL 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/17/2005; it was made in the amount of $388,000.00, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.85% Debt to Income Ratio (DTI). There was a Manual approval dated 10/03/2005, in the loan file. | Stated | $388,000.00 | 2845865 |
| | | | 1.04 (c) (v) SAIL 2006-1_No Fraud<br><br>1.04 (c) (vii) SAIL 2006-1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan file contained post-closing documentation including a hardship letter provided for loan modification. The letter was written by the Borrower's son, who shared the same name as the Borrower and indicated the Borrower obtained the subject loan for himself and his spouse, and his intent was to refinance the property in their names as they occupy the property and made the monthly payments. In addition, research of public records reported the Borrower's address as a property located in Los Angeles, California from 05/1972 through 10/2013.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845865 |
| | | | 1.04 (c) (v) SAIL 2006-1_No Fraud<br><br>1.04 (c) (vii) SAIL 2006-1_No Event of Default | Straw Purchaser Transaction | Straw Purchaser Transaction | 2 | 3 | The refinance was an ineligible transaction. The loan file contained post-closing documentation including a hardship letter provided for loan modification. The letter was written by the Borrower's son, who shared the same name as the Borrower and who indicated the Borrower obtained the subject loan for himself and his spouse, and his intent was to refinance the property in their names as they occupy the property and made the monthly payments.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower provided misleading information on the loan file, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845865 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 9:15:13 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

| # | Loan # | | Pool | | Finding Category | Finding | Sub-Finding | | | Finding Detail | | Amount | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 26 | 0031885536 | 1st | SARM 2005-23 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 11/16/2005, in the amount of $750,000, as a purchase with a 73.61%/96.58% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $750,000.00 | 2846162 |
| . | | | | 1.04 (b) (xii) SARM 2005-23_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2005-23_Origination Practices  1.04 (c) (xxiv) SARM 2005-23_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846162 |
| . | | | | 1.04 (c) (xviii) SARM 2005-23_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846162 |
| 27 | 0031886328 | 1st | SARM 2005-23 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 10/06/2005, in the amount of $668,000, as a purchase loan with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Hazard Insurance, Title Commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $668,000.00 | 2846163 |
| . | | | | 1.04 (b) (xii) SARM 2005-23_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2005-23_Origination Practices  1.04 (c) (xxiv) SARM 2005-23_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846163 |
| . | | | | 1.04 (c) (xviii) SARM 2005-23_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846163 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 12/1/2013 9:15:13 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

| # | Loan # | | | | Finding Category | Finding | | | | Description | | Amount | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 28 | 0031944283 | 1st | SARM 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 10/24/2005, in the amount of $396,800 with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the mortgage, the HUD-1 Settlement Statement, homeowner's insurance certificate and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $396,800.00 | 2846214 |
| . | | | 1.04 (b) (xii) SARM 2006-1_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-1_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-1_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846214 |
| . | | | 1.04 (c) (xviii) SARM 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846214 |
| 29 | 0032044349 | 1st | SARM 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 11/01/2005, in the amount of $524,950 with an 80%/99.05% Loan to Value/Combined Loan to Value (LTV/CLTV) and a Debt to Income (DTI) could not be determined due to the missing documents. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the subject mortgage, the HUD-1 Settlement Statement, a copy of the homeowner's insurance certificate, the title policy and the title commitment. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $524,950.00 | 2846216 |
| . | | | 1.04 (b) (xii) SARM 2006-1_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-1_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-1_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846216 |
| . | | | 1.04 (c) (xviii) SARM 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846216 |

Cowen_US Bank Final Version_39

| 30 | 0032047748 | 1st | SARM 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/22/2005, in the amount of $461,600 with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV) and a Debt-to-Income Ratio of 0.000. It could not be determined due to the missing documents. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the subject mortgage, the HUD-1 Settlement Statement, the title policy and the title commitment. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $461,600.00 | 2846217 | |
| . | | | 1.04 (b) (xii) SARM 2006-1_Compliance with Applicable Law - Origination

1.04 (c) (xvii) SARM 2006-1_Origination Practices

1.04 (c) (xxiv) SARM 2006-1_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846217 | |
| . | | | 1.04 (c) (xviii) SARM 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846217 | |

Cowen_US Bank Final Version_39

| 31 | 0032051336 | 1st | SARM 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2005, for a amount of $444,900 and based on the data tape, the subject loan was approved as a Purchase of a second home loan. An 80% Combined Loan to Value/Combined Loan to Value (LTV/CLTV) and a Debt to Income Ratio (DTI) could not be determined due to the missing documents. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the mortgage, the Homeowner's insurance policy, title policy and title commitment. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $444,900.00 | 2846219 | |
| . | | | 1.04 (b) (xii) SARM 2006-1_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-1_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-1_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846219 | |
| . | | | 1.04 (c) (xviii) SARM 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846219 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 9:15:13 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_39

| 32 | 0032150567 | 1st | SARM 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/12/2005, for a total of $567,200 with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the subject mortgage, the homeowner's insurance certificate and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $567,200.00 | 2846236 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xii) SARM 2006-2_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-2_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-2_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846236 | |
| . | | | | 1.04 (b) (xii) SARM 2006-2_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-2_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-2_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846236 | |
| . | | | | 1.04 (c) (xviii) SARM 2006-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846236 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 12/1/2013 9:15:13 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_39

| 33 | 0032207128 | 1st | SARM 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/14/2005, in the amount of $356,250 with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the mortgage, the HUD-1 Settlement Statement, the homeowner's insurance certificate and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $356,250.00 | 2846239 |
| . | | | | 1.04 (b) (xii) SARM 2006-2_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-2_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-2_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846239 |
| . | | | | 1.04 (c) (xviii) SARM 2006-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846239 |
| 34 | 0032268336 | 1st | SARM 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/17/2005, in the amount of $519,200, as a purchase of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 79.97%/99.38% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.74% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $519,200.00 | 2846241 |
| . | | | | 1.04 (c) (v) SARM 2006-2_No Fraud<br><br>1.04 (c) (vii) SARM 2006-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Vice President of a catering company earning $10,500 per month on the loan application. The loan file included the Borrower's 2006 year income tax returns, which revealed the Borrower earned a monthly income of $8,181 per month from as the Owner of the catering business. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Vice President of a catering company earning $10,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846241 |

| # | Loan # | Lien | Deal | | Category | Subcategory | | | Finding | Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 35 | 0032285702 | 1st | SARM 2006-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/8/2005, in the amount of $176,000, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the mortgage, the homeowner's insurance policy, the HUD-1 Settlement Statement, the title policy and the title commitment. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $176,000.00 | 2846249 |
| . | | | | 1.04 (b) (xii) SARM 2006-3_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-3_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-3_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846249 |
| . | | | | 1.04 (c) (xviii) SARM 2006-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846249 |
| 36 | 0032390262 | 1st | SARM 2006-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/30/2006, in the amount of $94,950, as a purchase of a non-owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 79%/99.98% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, final HUD-1, Hazard insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $94,950.00 | 2846256 |
| . | | | | 1.04 (b) (xii) SARM 2006-4_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-4_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-4_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846256 |
| . | | | | 1.04 (c) (xviii) SARM 2006-4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846256 |
| . | | | | | | Grand Total of Repurchase Demand | | | | | $9,779,240.00 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 9:15:13 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

# Digital Risk - Loan Review Findings

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0016784332 | 2nd | SAIL 2004-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/30/2004, in the amount of $28,940 as a second mortgage. The loan was delivered as a purchase of an owner occupied residence with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was no additional information provided on the MLS Data Tape. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance Policy, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $28,940.00 | 2845781 | |
| . | | | | 1.04 (b) (xiii) SAIL 2004-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2004-8_Fees Disclosed - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (b) (xviii) (h) SAIL 2004-8_Written Disclosure - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (xvii) SAIL 2004-8_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845781 | |
| . | | | | 1.04 (b) (xiii) SAIL 2004-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2004-8_Fees Disclosed - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (b) (xviii) (h) SAIL 2004-8_Written Disclosure - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (xvii) SAIL 2004-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845781 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii) SAIL 2004-8_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to qualifying for approval of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845781 | |

Copyright 2013, Digital Risk, LLC.     Internal & Confidential - Do Not Duplicate     Run: 12/1/2013 8:55:58 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_38

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 0016816902 | 2nd | SASC 2004-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/17/2004, in the amount of $31,500, as a rate and term refinance of an owner occupied, 2-unit family residence. The loan was approved as a Full Documentation loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.20% Debt to Income Ratio (DTI). There was a Manual approval dated 08/06/2004, in the loan file. | Full | $31,500.00 | 2846654 |
| . | | | | 1.04 (b) (xiii) SAS 2004-S3_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2004-S3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was not provided. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846654 |
| . | | | | 1.04 (c) (v) SAS 2004-S3_No Fraud 1.04 (c) (vii) SAS 2004-S3_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy on 02/08/2008. The petition included a Statement of Financial Affairs, which revealed the Borrower occupied 3 different addresses from 06/2004 through 04/2007. The report revealed that the Borrower occupied an address located in Bend Oregon from 06/2004 through 05/2005, then occupied a different address located in Bend, Oregon from 06/2005 through 09/2006 and listed the third address located in Lindon, Utah from 10/2006 through 04/2007. The report did not list the subject property as a property that was ever occupied by the Borrower prior to and after the subject loan closing date of 08/11/2004. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846654 |
| 3 | 0016931172 | 1st | SAIL 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/17/2004, in the amount of $100,000 and based on the data tape, the subject loan was approved as a purchase of a non-owner occupied property with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the mortgage, the homeowner's insurance policy, the title policy and the title commitment. There were no other critical documentations provided for the file that was represented on the data Tape by the Seller. | Unknown | $100,000.00 | 2845712 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 12/1/2013 8:55:58 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xiii) SAIL 2004-10_Compliance with Applicable Law - Deemed MnA | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845712 |
| | | | | 1.04 (b) (xviii) (h) SAIL 2004-10_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (i) SAIL 2004-10_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-10_Origination Practices | | | | | | | | |
| | | | | 1.04 (b) (xiii) SAIL 2004-10_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845712 |
| | | | | 1.04 (b) (xviii) (h) SAIL 2004-10_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (i) SAIL 2004-10_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-10_Origination Practices | | | | | | | | |
| | | | | 1.04 (c) (xviii) SAIL 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845712 |
| 4 | 0016940124 | 1st | SAIL 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/03/2004, in the amount of $783,200, as a purchase of an owner occupied, 2-unit property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28.01% Debt to Income Ratio (DTI). There was a Manual approval dated 08/27/2004, in the loan file. | Stated | $783,200.00 | 2845713 |

| Guideline References | Finding Category | Finding Type | Count | Description |
|---|---|---|---|---|
| 1.04 (b) (xiii) SAIL 2004-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (h) SAIL 2004-10_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (i) SAIL 2004-10_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-10_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1  3 | The subject loan's origination compliance with the Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($1,196,458.31) is ($108,610.85) below the actual finance charge ($1,305,069.16). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).<br><br>The disclosed APR (7.434) is lower than the actual APR (7.9516). The Truth in Lending Act considers a disclosed APR inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17(f), 1026.19(a)(2), & 1026.22(a )(2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. |
| 1.04 (b) (xviii) (e) SAIL 2004-10_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAIL 2004-10_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-10_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2  3 | The Borrower misrepresented her intent to occupy the subject property. Accurint reported that the Borrower had an extensive occupancy history at the Borrower's departing address from 05/1996 through 07/2010 and did not report an occupancy history at the subject property. Additionally, the address history reported on audit credit report did not list the subject property as a property that was ever occupied by the Borrower.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. |

| # | Loan # | Lien | Deal | | Finding Type | Finding | Count | Description | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 0016942146 | 1st | SAIL 2004-10 | | Loan Summary | Loan Summary | 0  0 | The subject loan closed on 09/23/2004, in the amount of $88,000 with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the mortgage, the Homeowner's insurance policy, the title policy and title commitment. All other documents contained in the loan file were post-closing documents that were all date after the subject loan closing date. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $88,000.00 | 2845714 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1.04 (b) (xiii) SAIL 2004-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (h) SAIL 2004-10_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (i) SAIL 2004-10_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-10_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845714 |
| 1.04 (b) (xiii) SAIL 2004-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (h) SAIL 2004-10_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (i) SAIL 2004-10_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845714 |
| 1.04 (c) (xviii) SAIL 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845714 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 0016953051 | 2nd | SASC 2004-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan originated on 08/13/2004, in the amount of $117,800 with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the mortgage and the title policy. All other documents contained in the loan file were post-closing documents that were all date after the subject loan closing date. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $117,800.00 | 2846657 |
| . | | | | 1.04 (b) (xiii) SAS 2004-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846657 |
| . | | | | 1.04 (b) (xiii) SAS 2004-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846657 |
| . | | | | 1.04 (c) (xviii) SAS 2004-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 5 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846657 |
| 7 | 0017093576 | | SASC 2004-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/22/2003, in the amount of $31,400 with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the mortgage and the title policy. All other documents contained in the loan file were post-closing documents that were all date after the subject loan closing date. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $31,400.00 | 2846642 |
| . | | | | 1.04 (b) (xiii) SAS 2004-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846642 |

| # | Loan Number | | Deal | Category | Finding | Finding Detail | | | Description | Doc | Amount | ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xiii) SAS 2004-S2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846642 | |
| . | | | | 1.04 (c) (xviii) SAS 2004-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846642 | |
| 8 | 0017108846 | | SAIL 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/05/2004, in the amount of $171,000 with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the mortgage, the mortgage insurance policy, the title policy and the HUD-1 Settlement Statement. All other documents contained in the loan file were post-closing documents that were all date after the subject loan closing date. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $171,000.00 | 2845761 | |
| . | | | | 1.04 (b) (xiii) SAIL 2004-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAIL 2004-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845761 | |
| . | | | | 1.04 (c) (xviii) SAIL 2004-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845761 | |
| 9 | 0017348426 | 1st | SAIL 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/14/2003, in the amount of $86,925, as a purchase of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 95%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28.44% Debt To Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $86,925.00 | 2845768 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 8:55:58 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAIL 2004-3_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-3_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the subject loan application as a Banquet Server for 6 years as her sole source of employment. Research conducted through Accurint revealed the Borrower had two opened businesses that were active at the time of closing. The Borrower was a self-employed Owner of an event planning business from 07/18/2001 through 09/19/2013 and a wedding design business from 09/2003 through 09/2013.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Banquet Server for 6 years as her sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845768 | |
| . | | | | 1.04 (c) (v) SAIL 2004-3_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research of public records did not report an occupancy history at the subject property for the Borrower; however, an extensive occupancy history at the departing address located in Lithonia, Georgia from 04/2000 through 06/2013 was reported. Research conducted through Accurint reported that the Borrower obtained utilities at the departing address located in Lithonia, Georgia with a connect date of 12/18/2003, which was only 1 month after the subject loan closing date of 11/14/2003 and there was no utility history reported in the Borrower's name at the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845768 | |
| 10 | 0017368614 | 1st | SAIL 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/05/2003, in the amount of $120,160 with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the mortgage and the title policy. All other documents contained in the loan file were post-closing documents that were all date after the subject loan closing date. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $120,160.00 | 2845774 | |
| . | | | | 1.04 (b) (xiii) SAIL 2004-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-5_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845774 | |

# Digital Risk - Loan Review Findings

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xiii) SAIL 2004-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845774 |
| . | | | 1.04 (c) (xviii) SAIL 2004-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845774 |
| 11 | 0017424391 | 2nd | SASC 2004-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/11/2004, in the amount of $76,550, as a purchase of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 19.99%/99.98% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 27.946% Debt to Income Ratio (DTI). There was a Manual approval dated 02/06/2004, in the loan file. | Full | $76,550.00 | 2846643 |
| . | | | 1.04 (c) (v) SAS 2004-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S2_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research of public records conducted through Accurint did not list an occupancy history for the Borrower at the subject property; however, the report did list people other than the Borrower occupying the subject property within 12 months after the subject loan closing date of 02/11/2004. In addition, an audit credit report did not list the subject property as an address occupied by the Borrower. Further, the loan file contained post-closing documentation including a HUD-1 Settlement Statement for the rental property listed on the loan application with a settlement date of 12/31/2004, which was 10 months after the subject loan closing date of 02/11/2004, which reflected the rental address as the Borrower's mailing address.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846643 |
| 12 | 0017459918 | 2nd | SASC 2004-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/27/2004, in the amount of $36,500, as a purchase of an owner occupied, 2-unit property. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 10%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.60% Debt to Income Ratio (DTI). There was a Manual approval dated 02/25/2004, in the loan file. | Stated | $36,500.00 | 2846644 |

| # | Loan # | Lien | Deal | Finding Codes | Finding Category | Finding | | | Narrative | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2004-S2_No Fraud 1.04 (c) (vii) SAS 2004-S2_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower represented the subject loan as occupying the subject property. Research of public records reported the Borrower had an extensive occupancy history at the Borrower's departing address from 05/1989 through 08/2013 and did not report an occupancy history at the subject property. Additionally, the address history reported on audit credit report did not list the subject property as a property that was ever occupied by the Borrower. Additional research conducted through Accurint also reported the Borrower registered a vehicle listing the departing address as the vehicle registration address dated 05/29/2004, which was only 3 months after the subject loan closing date of 02/27/2004 and the Borrower also renewed his license listing the departing address on 01/12/2005, which was only 11 months after closing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846644 |
| 13 | 0017547944 | 2nd | SASC 2004-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/17/2004, in the amount of $78,000, as a cash-out refinance of an owner occupied residence located in a Planned Unit Development (PUD). The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.21% Debt to Income Ratio (DTI). There was a Manual approval dated 03/31/2004, in the loan file. | Full | $78,000.00 | 2846645 |
| | | | | 1.04 (c) (v) SAS 2004-S2_No Fraud 1.04 (c) (vii) SAS 2004-S2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 2 | The Borrowers misrepresented their debt obligations. Research of public records conducted through the Mortgage Electronic Registration System (MERS) report and an audit credit report revealed the Borrowers obtained 2 undisclosed mortgages in the amounts of $244,000 with a monthly payment of $1,231 and $61,000 with a monthly payment of $327, based on a 5% interest rate for 30 years, on 03/23/2004, which was 7 days after the subject loan closing date of 03/17/2004, securing a property located in the same city and state as the subject property in Las Vegas, Nevada.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,558 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846645 |
| 14 | 0017568965 | 2nd | SASC 2004-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/31/2004, in the amount of $29,980, as a purchase of an owner occupied residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28% Debt to Income Ratio (DTI). There was a Manual approval dated 02/29/2004, in the loan file. | Stated | $29,980.00 | 2846646 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) SAS 2004-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower represented by the credit application. A credit report revealed the Borrower obtained an undisclosed mortgage in the amount of $112,692 in 12/2003, or 3 months prior to the subject loan closing date of 03/31/2007 on an unknown property. The undisclosed mortgage in the amount of $112,692 resulted in an undisclosed monthly mortgage payment of $599 per month as reported on the audit credit report.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented her debt obligations by failing to disclose a $599 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846646 | |
| . | | | 1.04 (c) (v) SAS 2004-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed rental income. The Borrower falsely stated rental income on her departing address in the amount of $1,550 per month on the loan application. Research of public records reported the Borrower had an extensive occupancy history at the departing address from 09/1995 through 08/2013 and did not reflect an occupancy history at the subject property. Additionally, the address history reported on audit credit report did not list the subject property as a property that was ever occupied by the Borrower. Additional research conducted through Accurint reported that the Borrower registered a vehicle listing the departing address as the vehicle registration address on 06/01/2004, which was 3 months after the subject loan closing date of 03/31/2004. As a result, the Borrower's rental income was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated rental income on her departing address in the amount of $1,550 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846646 | |
| . | | | 1.04 (c) (v) SAS 2004-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S2_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research of public records reported the Borrower had an extensive occupancy history at the departing address from 09/1995 through 08/2013 and did not reflect an occupancy history at the subject property. Additionally, the address history reported on audit credit report did not list the subject property as a property that was ever occupied by the Borrower. Additional research conducted through Accurint reported that the Borrower registered a vehicle listing the departing address as the vehicle registration address on 06/01/2004, which was 3 months after the subject loan closing date of 03/31/2004.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846646 | |

| 15 | 0017586884 | 2nd | SASC 2004-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/27/2004 in the amount of $80,250. Per the loan application, the subject loan was approved as a purchase of a non-owner occupied property with a 15%/89.98 Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the loan application, a partial appraisal, the HUD-1 Settlement Statement, the subject note, the mortgage and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $80,250.00 | 2846648 |
| . | | | | 1.04 (b) (xiii) SAS 2004-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846648 |
| . | | | | 1.04 (b) (xiii) SAS 2004-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846648 |
| 16 | 0017636218 | 1st | SAIL 2004-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/20/2004, in the amount of $100,000 as a cash out refinance of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 74.07% Loan to Value/Combined Loan to Value (LTV/CLTV); however, the Debt to Income Ratio (DTI) was not provided. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $100,000.00 | 2845803 |
| . | | | | 1.04 (c) (v) SAIL 2004-9_No Fraud<br><br>1.04 (c) (xiii) SAIL 2004-9_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registry System, Sitex.com and an audit credit report revealed the Borrower refinanced 2 of his rental properties on 02/20/2004, the same day as the subject loan closing. The Borrower refinanced a rental property located in Atlanta, GA, which had an existing mortgage in the amount of $45,630 with a monthly payment of $461 with a new mortgage in the amount of $87,500 with a new monthly payment of $545. The Borrower increased the balance by $41,870 and increased the monthly payment by $84. The Borrower also refinanced an additional rental property located in Atlanta, GA, which had an existing mortgage in the amount of $36,468 with a monthly payment of $424 with a new mortgage in the amount of $80,050 with a new monthly payment of $499. The Borrower increased the balance by $43,582 and increased the monthly payment by $75. The total increase in mortgage debt of $85,452 and total increase in monthly mortgage payments of $159 was not disclosed at origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose an increase of $159 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845803 |

| 17 | 0017676636 | 1st | SAIL 2004-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/27/2004, in the amount of $101,700, as a purchase of an owner occupied condominium. According to the Loan Submission form contained in the loan, the loan was approved as a Stated Income/Stated Asset (SISA) loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | SISA | $101,700.00 | 2845734 |
| . | | | 1.04 (b) (xiii) SAIL 2004-11_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-11_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845734 |
| . | | | 1.04 (b) (xiii) SAIL 2004-11_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-11_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845734 |
| . | | | 1.04 (c) (xviii) SAIL 2004-11_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845734 |
| 18 | 0017694308 | 2nd | SAIL 2004-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/12/2004, in the amount of $39,600, as a second mortgage with a 20%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $39,600.00 | 2845784 |

| | | | | 1.04 (b) (xiii) SAIL 2004-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2004-8_Fees Disclosed - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (b) (xviii) (h) SAIL 2004-8_Written Disclosure - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (xvii) SAIL 2004-8_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845784 | |
| . | | | | 1.04 (b) (xiii) SAIL 2004-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2004-8_Fees Disclosed - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (b) (xviii) (h) SAIL 2004-8_Written Disclosure - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (xvii) SAIL 2004-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845784 | |
| . | | | | 1.04 (c) (xviii) SAIL 2004-8_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845784 | |

Cowen_US Bank Final Version_38

| 19 | 0017774670 | 2nd | SAIL 2004-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/16/2004 in the amount of $111,600, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.69% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $111,600.00 | 2845787 | |
| | | | 1.04 (b) (xviii) (d) SAIL 2004-8_Underwriting Methodology - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (v) SAIL 2004-8_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-8_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed rental income. The Borrower falsely stated rental income of $3,000 for his departing residence. The loan file contained post-closing documentation including a hardship letter, which revealed the property was purchased for the Borrower's business partner; therefore, the Borrower did not reside in the subject property resulting in a misrepresentation of rental income for the departing residence.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated rental income for his departing address in the amount of $3,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845787 | |
| | | | 1.04 (b) (xviii) (d) SAIL 2004-8_Underwriting Methodology - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (v) SAIL 2004-8_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-8_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan file contained post-closing documentation provided for loan modification or short sale of the property. The documentation included a hardship letter, which revealed the property was purchased for the Borrower's business partner who agreed to pay the monthly mortgage payment; however, left the property in 12/2008 causing the Borrower hardship in maintaining the property. In addition, public records reported the business partner resided in the property from 05/2003 through 04/2008 and the Borrower was reported through utility records to have maintained residency at the departing residence from 05/1997 through 07/2013.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845787 | |

| # | Loan # | | | | | | | | Description | | Amount | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | 0017786443 | 2nd | SASC 2004-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/23/2004, in the amount of $48,600, as a purchase of an owner occupied single family attached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.58% Debt to Income Ratio (DTI). There was a Manual approval dated 04/24/2004, in the loan file. | Stated | $48,600.00 | 2846658 | |
| . | | | | 1.04 (c) (v) SAS 2004-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S3_No Event of Default | Misrepresentation of Income – Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed rental income. The Borrower falsely stated rental income for his departing address in the amount of $2,100 per month on the loan application. Research conducted through public records and Accurint, revealed the Borrower continued to reside at his departing residence from 03/2003 through 05/2007. The records reported the Borrower residing at the departing residence in 05/2004, the month after the subject loan closing on 04/23/2004, reported a quit claim deed for additional property on 06/18/2004, 2 months after the subject loan closing, reflecting the departing address as the Borrower's address and the departing address was the only address reported from 2003 to present as the Borrower's owner occupied property in the property tax assessment records. In addition, public records reported 5 different individuals occupying the subject property within 12 months of subject loan closing, reported a motor vehicle registration renewal from 08/23/2003 to 08/19/2005 with no change of address reflecting an additional address located in Eolia, MO. Further, there were no utility or phone records reported for the Borrower at the subject address.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated rental income of $2,100 on the departing residence on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846658 | |
| . | | | | 1.04 (c) (v) SAS 2004-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S3_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research conducted through public records and Accurint, revealed the Borrower continued to reside at his departing residence from 03/2003 through 05/2007. The records reported the Borrower residing at the departing residence in 05/2004, the month after the subject loan closing on 04/23/2004, reported a quit claim deed for additional property on 06/18/2004, 2 months after the subject loan closing, reflecting the departing address as the Borrower's address and the departing address was the only address reported from 2003 to present as the Borrower's owner occupied property in the property tax assessment records. In addition, public records reported 5 different individuals occupying the subject property within 12 months of subject loan closing, reported a motor vehicle registration renewal from 08/23/2003 to 08/19/2005 with no change of address reflecting an additional address located in Eolia, MO. Further, there were no utility or phone records reported for the Borrower at the subject address.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846658 | |
| 21 | 0017799065 | 1st | SAIL 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/02/2004, in the amount of $224,000, as a purchase of an owner occupied condominium. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.57% Debt to Income Ratio (DTI). There was a Manual approval dated 03/26/2004, in the loan file. | Full | $224,000.00 | 2845718 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 8:55:58 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

| # | Loan Number | Lien | Deal | Rep/Warranty | Finding (detail) | Finding (type) | A | B | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xviii) (e) SAIL 2004-10_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAIL 2004-10_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-10_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records and an audit credit report, revealed the Borrower purchased an undisclosed property located in Los Angeles, California in 01/30/2004, 3 months prior to the subject loan closing on 04/02/2004 and obtained a first mortgage in the amount of $240,000 with a monthly payment of $1,149 and a second mortgage in the amount of $60,000 with a monthly payment of $483.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,632 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845718 |
| . | | | | 1.04 (c) (v) SAIL 2004-10_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-10_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the Central District of California on 01/09/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower resided at a residence located in Irvine, CA, from 2003-2007. The subject loan closed on 04/02/2004; therefore, the Borrower did not occupy the subject property as required. It should also be noted; the petition reflected the Borrower purchased 2 investment properties in 2004 with the intention of refinancing and selling for a profit. Research reflected the Borrower purchased an undisclosed property located in Los Angeles, CA on 01/30/2004 in addition to the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845718 |
| 22 | 0017799073 | 2nd | SAIL 2004-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/02/2004, in the amount of $56,000, as a purchase of an owner occupied condominium. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.57% Debt to Income Ratio (DTI). There was a Manual approval dated 03/26/2004, in the loan file. | Full | $56,000.00 | 2845788 |
| . | | | | 1.04 (b) (xviii) (d) SAIL 2004-8_Underwriting Methodology - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (v) SAIL 2004-8_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-8_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report, revealed the Borrower purchased an undisclosed property located in Los Angeles, California in 01/30/2004, 3 months prior to the subject loan closing on 04/02/2004 and obtained a first mortgage in the amount of $240,000 with a monthly payment of $1,149 and a second mortgage in the amount of $60,000 with a monthly payment of $483.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,632 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845788 |

| | | | | 1.04 (c) (v) SAIL 2004-8_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-8_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower represented that she would occupy the subject property. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the Central District of California on 01/09/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower resided at a residence located in Irvine, CA, from 2003-2007. The subject loan closed on 04/02/2004; therefore, the Borrower did not occupy the subject property as required. It should also be noted; the petition reflected the Borrower purchased 2 investment properties in 2004 with the intention of refinancing and selling for a profit. Research reflected the Borrower purchased an undisclosed property located in Los Angeles, CA on 01/30/2004 in addition to the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845788 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 23 | 0017800749 | 1st | SAIL 2004-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/12/2004, in the amount of $127,000 with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $127,000.00 | 2845738 | |
| . | | | 1.04 (b) (xiii) SAIL 2004-11_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-11_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845738 | |
| . | | | 1.04 (b) (xiii) SAIL 2004-11_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-11_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845738 | |
| . | | | 1.04 (c) (xviii) SAIL 2004-11_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845738 | |
| 24 | 0017851825 | 1st | SAIL 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/28/2004, in the amount of $60,000, with a 74.18% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $60,000.00 | 2845720 | |

Cowen_US Bank Final Version_38

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-8   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
Part 2   Pg 201

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xiii) SAIL 2004-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (h) SAIL 2004-10_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (i) SAIL 2004-10_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-10_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845720 | |
| | | | 1.04 (b) (xiii) SAIL 2004-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (h) SAIL 2004-10_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (i) SAIL 2004-10_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845720 | |
| | | | 1.04 (c) (xviii) SAIL 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845720 | |
| 25 | 0017892936 | | SAIL 2004-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/04/2004, in the amount of $500,000 with an 83.33% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $500,000.00 | 2845792 | |

Digital Risk – Loan Review Findings

Cowen_US Bank Final Version_38    08-13555-mg   Doc 46080-8   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
Part 4   Pg 123 of 202

| | | | | | Seller's Comments | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xiii) SAIL 2004-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2004-8_Fees Disclosed - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (b) (xviii) (h) SAIL 2004-8_Written Disclosure - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (xvii) SAIL 2004-8_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845792 | |
| | | | | 1.04 (b) (xiii) SAIL 2004-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2004-8_Fees Disclosed - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (b) (xviii) (h) SAIL 2004-8_Written Disclosure - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (xvii) SAIL 2004-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845792 | |
| | | | | 1.04 (c) (xviii) SAIL 2004-8_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845792 | |

| 26 | 0017893751 | 1st | SAIL 2004-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/12/2004, in the amount of $306,000, as a refinance of an owner occupied residence with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's the Note, Hazard Insurance, Title Commitment and the Mortgage with an occupancy rider. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $306,000.00 | 2845794 | |
| | | | | 1.04 (b) (xiii) SAIL 2004-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2004-8_Fees Disclosed - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (b) (xviii) (h) SAIL 2004-8_Written Disclosure - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (xvii) SAIL 2004-8_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845794 | |
| | | | | 1.04 (b) (xiii) SAIL 2004-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2004-8_Fees Disclosed - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (b) (xviii) (h) SAIL 2004-8_Written Disclosure - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (xvii) SAIL 2004-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845794 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xiii) SAIL 2004-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-8_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan closing (complied) required. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845794 | |
| . | | | | 1.04 (c) (xviii) SAIL 2004-8_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845794 | |
| 27 | 0018031229 | 2nd | SASC 2004-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/30/2004, in the amount of $41,850, as a purchase of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.88% Debt to Income Ratio (DTI). There was a Manual approval dated 06/29/2004, in the loan file. | Stated | $41,850.00 | 2846660 | |
| . | | | | 1.04 (c) (v) SAS 2004-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S3_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a Restaurant Manager for 12 years. Research of public records revealed the Borrower filed a Bankruptcy petition on 03/15/2011, which revealed the Borrower was employed as a Utility Porter and not a Restaurant Manager. The financial statement obtained through the modification process, also indicated the Borrower was a Utility Porter.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Restaurant Manager for 12 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846660 | |
| . | | | | 1.04 (c) (v) SAS 2004-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Restaurant Manager earning $6,500 per month on the loan application. Research of public records revealed the Borrower filed a Bankruptcy petition on 03/15/2011, which revealed the Borrower was employed as a Utility Porter and not a Restaurant Manager. The financial statement obtained through the modification process, also indicated the Borrower was a Utility Porter. Based on the misrepresentation of employment, the income stated on the loan application is rendered invalid.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Restaurant Manager earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846660 | |
| 28 | 0018184598 | 2nd | SASC 2004-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/11/2004, in the amount of $20,180, as a purchase of a non-owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.36% Debt to Income Ratio (DTI). There was a Manual approval dated 08/10/2004, in the loan file. | Stated | $20,180.00 | 2846661 | |

| # | Loan # | Lien | Deal | Code | Finding | Finding | | | Narrative | | Amount | ID |
|---|--------|------|------|------|---------|---------|---|---|-----------|---|--------|-----|
| | | | | 1.04 (c) (v) SAS 2004-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower represented on the loan application that the Borrower falsely stated income as a Director of Commercial Real Estate earning $14,000 per month on the loan application. The audit verification of employment obtained through The Work Number indicated the Borrower earned $12,167 per month in 2005, the following year after the subject loan closing. It is unlikely the Borrower's income would have decreased considering the Borrower was with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Director of Commercial Real Estate earning $14,000 per month on the loan application, which not only constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846661 |
| 29 | 0018239954 | 1st | SAIL 2004-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/06/2004, in the amount of $237,500 with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $237,500.00 | 2845747 |
| . | | | | 1.04 (b) (xiii) SAIL 2004-11_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-11_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain the HUD-1.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845747 |
| . | | | | 1.04 (b) (xiii) SAIL 2004-11_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-11_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845747 |
| . | | | | 1.04 (c) (xviii) SAIL 2004-11_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845747 |
| 30 | 0018727792 | 1st | SAIL 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/19/2005, in the amount of $80,185 with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Homeowners Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $80,185.00 | 2845815 |

| | | | | | | | | Description | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xiii) SAIL 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2005-3_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xviii) (h) SAIL 2005-3_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845815 |
| . | | | | 1.04 (b) (xiii) SAIL 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2005-3_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845815 |
| . | | | | 1.04 (c) (xviii) SAIL 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845815 |
| 31 | 0018736306 | 1st | SAIL 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/26/2005, in the amount of $96,000 with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $96,000.00 | 2845820 |
| . | | | | 1.04 (b) (xiii) SAIL 2005-4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2005-4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845820 |

| # | Loan # | Lien | Deal | | Finding | Category | Category | | | Finding Text | Income | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii) SAIL 2005-4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | | 3 | 3 | The subject loan was subject to applicable provisions of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845820 |
| 32 | 0018788042 | 1st | SAIL 2005-2 | | Loan Summary | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2004, in the amount of $140,000, as a purchase of a second home. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 62.36% Debt to Income Ratio (DTI). There was a Manual approval dated 12/14/2004, in the loan file. | Stated | $140,000.00 | 2845811 |
| . | | | | 1.04 (c) (v) SAIL 2005-2_No Fraud  1.04 (c) (vii) SAIL 2005-2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower acquired two undisclosed mortgages in the amounts of $290,000 and $89,000 with monthly payments of $1,660 and $585 in June, 2004, 5 months prior to the subject loan closing on 11/30/2004, and in December, 2004, within 30 days as the subject loan closing.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $2,245 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845811 |
| 33 | 0018864553 | 1st | SAIL 2005-4 | | Loan Summary | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/16/2004, in the amount of $346,000 as a purchase of an owner occupied 2 unit property. The loan was approved as a Stated Income, Verified Assets loan, with 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.60% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $346,000.00 | 2845821 |
| . | | | | 1.04 (b) (xiii) SAIL 2005-4_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAIL 2005-4_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  The disclosed finance charge ($578,830.11) is ($220.42) below the actual finance charge($579,050.53). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).  The loan fees ($15,135.00) exceed the (NJ) High Cost fee limit, which is ($15,087.38), the difference is ($47.62). New Jersey Total Loan Amount: $335,275.00.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845821 |

| # | Loan # | Lien | Deal | Rep/Warranty | Finding | Sub-Finding | | | Description | | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAIL 2005-4_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-4_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower represented on the loan application that the Borrower falsely stated income as a Marketing Assistant earning $7,800 per month on the loan application. The Borrower also stated the subject property would earn an additional $600 per month in net rental income for the 2nd unit. The loan file contained post-closing documentation including the Borrower's tax return for the year 2005, which reflected the Borrower earned $4,529 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Marketing Assistant earning $7,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845821 |
| 34 | 0018904375 | 1st | SAIL 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/22/2004, in the amount of $214,800 with a 78.10% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Homeowner's Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $214,800.00 | 2845812 |
| . | | | | 1.04 (b) (xiii) SAIL 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845812 |
| . | | | | 1.04 (c) (xviii) SAIL 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845812 |

| 35 | 0018927111 | 1st | SAIL 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/13/2004, in the amount of $234,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Stated Assets loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.46% Debt to Income Ratio (DTI). There was a Manual approval dated 12/10/2004, in the loan file. | Stated | $234,000.00 | 2845816 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xviii) (d) SAIL 2005-3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAIL 2005-3_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The Audit Credit Report revealed the Borrower obtained 5 undisclosed mortgages in the amounts of $202,000, $38,600, $154,400, $30,750, and $164,000 with monthly payments of $1,683, $337, $1567, $228, and $1,443. The loan amounts of $38,600 and $154,400 which, were acquired in 07/2004, 5 months prior to the subject loan closing, were reflected on the Origination Credit Report as transferred; however, were not included on the loan application as a remaining open obligations as the Audit Credit Report indicated. The loan of $202,000 was also acquired in 0/2004 and the loans of $30,750 and $164,000 were acquired in 06/2004, 6 months prior to the subject loan closing and were not disclosed on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $5,258 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845816 |
| . | | | 1.04 (c) (v) SAIL 2005-3_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Public records and the Audit Credit Report reflected the Borrower remained in the proposed departure residence from 10/2007 to 07/2012. Public records reflected other individuals occupied the subject property from 02/1999 to 10/2009.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845816 |
| | | | | | Grand Total of Repurchase Demand | | | | | | $4,945,220.00 | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 00040764664 | 1st | LXS 2007-16N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/10/2007, in the amount of $508,000, as a purchase of an owner occupied Condominium. The loan was approved as a Stated Income Verified Assets loan, with an 80%/84.96% Loan to Value/Combined Loan to Value, and a 40.71% Debt To Income Ratio. There was a manual approval, dated 07/13/2007, in the loan file. | Stated | $508,000.00 | 2845524 | |
| . | | | | 1.04 (b) (xxi) (i) LXS 2007-16N_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) LXS 2007-16N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-16N_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a photography studio earning $30,000 per month on the loan application. Research of public records revealed the Borrower filed for Chapter 7 Bankruptcy on 12/07/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower earned a total annual income of $110,043, or $9,170 per month, in 2007, the year the subject loan closed.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage<br><br>Research conducted through Salary.com reflected a reasonable income in the 75th percentile of $6,369 a month for a Photographer in Modesto, CA.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 132.67%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a photography studio earning $30,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845524 | |
| . | | | | 1.04 (b) (xxi) (i) LXS 2007-16N_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) LXS 2007-16N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-16N_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records revealed the Borrower filed for Chapter 7 Bankruptcy on 10/07/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower occupied the property reflected on the application as a second home and had not occupied any other residence, including the subject property within three years of filing for the bankruptcy.<br><br>Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The origination credit report reflects an address in Fresno, CA, as the Borrower's most current address. In addition, the property located in Fresno, CA is a 4 bedroom/4 bathroom single family residence with 3,654 square feet and on a 0.29 acre lot, while the subject property is a 3 bedroom/2.5 bathroom, 2,040 square foot condominium. The loan file also contained a gift letter, which indicated that the Borrower's wife was gifting $10,000 towards the purchase of the subject property. The gift check that was provided indicated the account was solely in the wife's name and listed the current address as reflected on the Borrower's application; however, the Verification of Deposit, which was solely in the Borrower's name, reflected the stated second home address in Fresno, CA.<br><br>There is no evidence in the file that at least one named Borrower occupied the subject property. A | | | 2845524 | |

Cowen_US Bank Final Version_37

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-8   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
Part 4 Pg 131 of 201

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 00040887713 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 10/19/2007, in the amount of $650,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 68.42% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 55.70% Debt to Income Ratio (DTI). There was a Manual approval dated 10/29/2007, in the loan file. | Full | $650,000.00 | 2846384 |

The Borrowers misrepresented their debt obligations. Public records and an audit credit report revealed the Borrowers acquired a home equity line of credit in the amount of $100,000 with a monthly payment of $597, calculated using the subject loan note rate.

The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' debt, so as to confirm the Borrowers' overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

The Origination Credit Report dated 10/17/2007, reflected 2 inquiries dated from 10/10/2007 to 10/16/2007. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan.

The non-disclosure of a $597 monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt.

A recalculation of Debt to Income Ratio (DTI) based on the Borrowers' undisclosed debt yields a (DTI) of 57.17%, which increased from 55.70% at the time of origination.

Row descriptors for continuation: 1.04 (c) (v) SARM 2008-2_No Fraud / 1.04 (c) (vii) SARM 2008-2_No Event of Default; Misrepresentation of Debt Obligations - With Red Flags Present; Misrepresentation of Debt Obligations; 1 3; 2846384

| 3 | 00045310463 | 1st | LXS 2007-12N | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 02/01/2007, in the amount of $592,000, as a rate and term refinance of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a No Income, Verified Assets loan, with 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 01/31/2007, in the loan file. | NIVA | $592,000.00 | 2845501 |

| # | Loan Number | Lien | Deal | | Finding | Finding Type | | | Narrative | Doc Status | | Amount | ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2007-12N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-12N_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. The audit credit report reflected a mortgage in the amount of $2,000,000 with a monthly payment of $3,641, was acquired on 10/25/2006, 4 months prior to the subject loan closing on 02/01/2007.<br><br>*The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.*<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file that a public records search was performed.<br><br>*The mortgage was disclosed on the origination credit report as transferred to another Lender and a balance was not reflected; however, the debt was not addressed at origination. The non-disclosure of a $3,641 monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt. The loan application reflected the address of the property with the undisclosed mortgage as the address of the Borrower's business and the Borrower's Driver's License also was reflected as the Borrower's address.*<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $3,641 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845501 | |
| 4 | 00045845260 | 1st | LXS 2007-7N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/26/2007, in the amount of $672,000, as a purchase of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.07% Debt to Income Ratio (DTI). There was a Manual approval dated 03/22/2007, in the loan file. | Stated | | $672,000.00 | 2845622 | |
| . | | | 1.04 (c) (v) LXS 2007-7N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-7N_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrowers misrepresented their intent to occupy the subject property. Research of public records revealed the Borrowers filed for Bankruptcy on 06/22/2010. The petition included a Statement of Financial Affairs, which revealed the Borrowers remained at the proposed departure residence from 08/2004 to 08/2013 and rented the subject property.<br><br>*Verification and disclosure of the Borrowers' intent to occupy the subject property, so as to confirm the Borrowers' personal investment in the subject property; was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.*<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>*There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.*<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845622 | |
| 5 | 00045988235 | 1st | LXS 2007-12N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/19/2007, in the amount of $328,000, as a rate and term refinance of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.25% Debt to Income Ratio (DTI). There was a Manual approval dated 04/18/2007, in the loan file. | Stated | | $328,000.00 | 2845502 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (v) LXS 2007-12N _No Fraud<br><br>1.04 (c) (vii) LXS 2007-12N _No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Co-Borrower misrepresented employment as a Realtor on the loan application. The post-closing tax return obtained through the modification process for 2007, the year of the subject loan closing, indicated the Co-Borrower was an Art Director and not a Realtor.<br><br>The subject loan was underwritten without proper regard to the Co-Borrower's reasonable ability to repay. Verification and disclosure of the Co-Borrower's employment, so as to confirm the accuracy and stability of the Co-Borrower's employment and adequacy of his financial means, was a significant factor in determining the Co-Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The loan file did not contain a Verification of employment for either Borrower. The Origination Credit Report reflected the Co-Borrower as self-employed, which was not addressed at origination.<br><br>Without properly verifying the employment status of the Co-Borrower, the lender could not properly evaluate the Co-Borrower's ability to earn an income and support the subject obligation.<br><br>Despite the Seller's representations, the Co-Borrower falsely stated employment as a Realtor for 2 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845502 |
| . | | | 1.04 (c) (v) LXS 2007-12N _No Fraud<br><br>1.04 (c) (vii) LXS 2007-12N _No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as an Art Director earning $5,750 per month on the loan application and the Co-Borrower listed income of $5,000 per month as an Realtor. The post closing tax return and W-2 form obtained through the modification process for 2007, the year of the subject loan closing, indicated the Borrower earned $2,248 per month and the Co-Borrower earned $1,784 per month. The loan file also contained a corporate tax return for a business owned by the Borrowers; however, the self-employment was not disclosed on the loan application at the time of origination.<br><br>The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Origination Credit Report did not reflect the Co-Borrower employed as a Realtor, which was not addressed at origination. The Borrowers' capacity to repay could not be properly evaluated due to the misrepresentation of the Borrowers' self-employment information. Since the Borrowers' self-employment was not disclosed at origination, the income source cannot be analyzed for operating expenses and stability associated with self-employment income.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income and omission of the Co... | | | 2845502 |
| 6 | 00046450607 | 1st | LXS 2007-12N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/21/2007, in the amount of $512,776, as a purchase of an owner occupied Single Family Residence in a Planned Unit Development. The loan was approved as a Stated Income, Verified loan, with a 79.94%/94.93% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.02% Debt to Income Ratio (DTI). There was a Manual approval dated 05/18/2007, in the loan file. | Stated | $512,776.00 | 2845507 |

Cowen_US Bank Final Version_37

| | | | 1.04 (c) (v) LXS 2007-12N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-12N_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his/her income. The Borrower falsely stated income as a self-employed Home Improvement Contractor earning $14,000 per month on the loan application. Research of public records revealed the Borrower filed a Bankruptcy petition on 12/17/2010, which revealed the Borrower earned $7,345 per month for the year 2008. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The US Bureau of Labor Statistics reported the average salary at the 75th percentile for a Construction Manager in 2007 and in the same geographic region was $8,512 per month. The Borrower's stated income exceeded the US Bureau of Labor Statistics' 75th percentile, which is a red flag the Borrower's income was overstated.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's more reasonable income yields a DTI of 37.27%, which increased from 30.88% at the time of origination.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Home | | | 2845507 | |

Copyright 2013, Digital Risk, LLC.      Internal & Confidential - Do Not Duplicate      Run: 12/1/2013 7:59:28 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_37

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-8   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 4   Pg 135 of 201

| | 7 | 00046511416 | 1st | LXS 2007-15N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/05/2007, in the amount of $360,800, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Asset loan, with an 80%/94% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.12% Debt to Income Ratio (DTI). There was a Manual approval dated 06/05/2007, in the loan file. | Stated | | $360,800.00 | | 2845514 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | | 1.04 (b) (xxi) (i) LXS 2007-15N_Underwriting Methodology - Deemed MnA_Pool 3<br><br>1.04 (c) (v) LXS 2007-15N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-15N_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. Public records and an audit credit report indicated the Borrower purchased an undisclosed property and acquired 2 mortgages in the amounts of $417,000 and $108,000 with monthly payments, which were calculated using the subject loan note rate in the amounts of $3,024 and $783, on 02/14/2007, 4 months prior to the subject loan closing on 06/05/2007.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Origination Credit Report, dated 04/29/2007, indicated 9 inquiries from 02/06/2007 to 04/13/2007. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The non-disclosure of $3,807 in monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt. | | | | | 2845514 | |
| . | | | | | 1.04 (b) (xxi) (i) LXS 2007-15N_Underwriting Methodology - Deemed MnA_Pool 3<br><br>1.04 (c) (v) LXS 2007-15N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-15N_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Custodian earning $3,986 and a self-employed home based Housekeeper earning $4,054 per month on the loan application. Research of public records reported the Borrower filed a Bankruptcy petition on 09/21/2011, which revealed the Borrower earned $2,793 per month for 2009. It is unlikely the Borrower's income would have decreased considering the Borrower was with the same employer in the same line of work. In addition, the Bankruptcy records did not reflect any income and Section 18 of the Statement of Financial Affairs does not indicate the Borrower was self-employed in the prior 6 years of the Bankruptcy filing which, includes the time of origination.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The US Bureau of Labor Statistics reported the average salary at the 75th percentile for a Custodian in 2007 and in the same geographic region was $2,342 per month and the average salary at the 75th percentile for a Supervisor of house cleaning in 2007 and the same geographic region was $3,257 per month.<br><br>The Borrower's stated income exceeded the US Bureau of Labor Statistics' 75th percentile, which is a red flag for potential misrepresentation and is a red flag the Borrower's income was overstated. The Origination | | | | | 2845514 | |

| # | Loan No. | Lien | Deal | Finding Code | Finding Category | Finding Type | | | Narrative | Doc Type | Amount | ID |
|---|----------|------|------|--------------|------------------|--------------|---|---|-----------|----------|--------|-----|
| 8 | 00046569257 | 1st | LXS 2007-12N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/30/2007, in the amount of $590,400, as a purchase of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/95% Loan to Value/Combined Loan to LTV/CLTV, and a 34.74% Debt of Income Ratio (DTI). There was a Manual approval dated 5/29/2007, in the loan file. | Stated | $590,400.00 | 2845508 |
| . | | | | 1.04 (c) (v) LXS 2007-12N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-12N_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Food Merchandiser, earning $16,750 per month and the Co-Borrower listed income of $2,750 per month as a Host Cashier at a Casino. Research of public records reported the Borrower file a Bankruptcy petition, which revealed the Borrower earned $4,560 per month and the Co-Borrower earned $2,282 per month for 2007, the year of the subject loan closing.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The US Bureau of Labor Statistics reported the average salary at the 75th percentile for a Purchasing Agent in 2007 and in the same geographic region was $4,463 per month and the average salary at the 75th percentile for a Booth Cashier in 2007 and in the same geographic region was $2,519 per month.<br><br>The Borrowers' stated incomes exceeded the US Bureau of Labor Statistics' 75th percentile, which is a red flag for potential misrepresentation and is a red flag the Borrowers' incomes were overstated.<br><br>A recalculation of the Debt to Income Ratio (DTI) based on the Borrowers' verified income yields a DTI of 93.15%, which increased from 34.74% at the time of origination. | | | 2845508 |
| 9 | 00046720603 | 1st | LXS 2007-15N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/06/2007, in the amount of $516,000, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.65% Debt to Income Ratio (DTI). There was a Manual approval dated 06/05/2007, in the loan file. | Stated | $516,000.00 | 2845516 |
| . | | | | 1.04 (b) (xxi) (i) LXS 2007-15N_Underwriting Methodology - Deemed MnA_Pool 3<br><br>1.04 (c) (v) LXS 2007-15N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-15N_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his primary employment on the loan application as an Account Executive for 2 years. The loan file contained post-closing tax returns obtained through the modification process for 2007, the year of the subject loan closing, which revealed the Borrower was a Phlebotomist or Lab Technician and did not reflect the Borrower being employed primarily as an Account Representative.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of his financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Origination Credit report did not reflect the primary employment on the employment information a Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Account Executive for 2 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845516 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xxi) (i) LXS 2007-15N_Underwriting Methodology - Deemed MnA_Pool 3 <br><br>1.04 (c) (v) LXS 2007-15N_No Fraud <br><br>1.04 (c) (vii) LXS 2007-15N_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented their income. Research of public records reported the Borrower falsely stated primary income as an Account Executive earning $11,800 per month and secondary income as a Lab Technician earning $4,100 per month on the loan application. The loan file contained post-closing tax returns obtained through the modification process and research of public records reported a Bankruptcy petition, for 2007, the year of the subject loan closing, which reflected the Borrower earned $5,417 per month as a Lab Technician. <br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. <br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. <br><br> In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. <br><br>The US Bureau of Labor Statistics reported the average salary at the 75th percentile for a Lab Technician and also an Account Executive in 2007 and in the same geographic region was $3,513  and $7,942 per month. <br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 109.68%, which increased from 42.65%. <br><br>Despite the Seller's representations, the Borrower falsely stated primary income as an Account Executive earning $11,800 per month and secondary income as a Lab Technician earning $4,100 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845516 |
| 10 | 00046766127 | 1st | LXS 2007-15N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/07/2007, in the amount of $364,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.92% Debt to Income Ratio (DTI). There was a Manual approval dated 06/05/2007, in the loan file. | Stated | $364,000.00 | 2845517 |
| | | | 1.04 (b) (xxi) (i) LXS 2007-15N_Underwriting Methodology - Deemed MnA_Pool 3 <br><br>1.04 (c) (v) LXS 2007-15N_No Fraud <br><br>1.04 (c) (vii) LXS 2007-15N_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrowers misrepresented their debt obligations. Research of public records and an audit credit report revealed the Borrowers purchased an undisclosed property on 06/18/2007, 11 days after the subject loan closing on 06/07/2007, and acquired 2 mortgages in the amounts of $367,200 and $68,850 with monthly payments of $2,412 and $452, which were calculated using the subject loan note rate. <br><br>The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' debt, so as to confirm the Borrowers' overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan. <br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. <br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrowers or any agent thereof in connection with the approval of the subject loan constitutes an event of default under the Mortgage. <br><br>The Origination Credit Report, dated 05/31/2007, reflected 4 inquiries from 04/12/2007 to 05/25/2007. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. <br><br>The non-disclosure of $2,864 in monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt. <br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrowers' undisclosed debt and verified income yields a DTI of 86.96%, which increased from 48.92% to 86.96%. | | | 2845517 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1.04 (c) (v) LXS 2007-15N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-15N_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Co-Borrower misrepresented the amount of income. The Co-Borrower falsely stated income as a Driver/Motor Vehicle Operator for the city, earning $3,000 per month on the loan application. The loan file contained post-closing tax returns and W-2 form, obtained through the modification process, which revealed the Co-Borrower earned $2,448 per month for 2007, the year of the subject loan closing.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Co-Borrower's income, so as to confirm the adequacy of the Co-Borrower's financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Co-Borrower's verified income and undisclosed debt yields a DTI of 86.96%, which increased from 48.92% at the time of origination.<br><br>Despite the Seller's representations, the Co-Borrower falsely stated income as a Driver/Motor Vehicle Operator for the city earning $3,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845517 |
| 1.04 (c) (v) LXS 2007-15N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-15N_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrowers misrepresented their intent to occupy the subject property. The loan file contained post-closing tax returns and W-2 forms for 2007, the year of the subject loan closing, a post-closing financial statement and a hardship letter, which were obtained through the modification process, revealed the subject property was a non-owner occupied property. Research of public records and an audit credit report, revealed the Borrowers purchased an undisclosed property on 06/18/2007, 11 days after the subject loan closing, and occupied that property from 07/2007 to 02/2013.<br><br>Verification and disclosure of the Borrowers' intent to occupy the subject property, so as to confirm the Borrowers' personal investment in the subject property, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845517 |

Cowen_US Bank Final Version_37

| | 11 | 00046948618 | 1st | LXS 2007-17H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/06/2007, in the amount of $360,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 46.28% Debt to Income Ratio (DTI). There was a Manual approval dated 06/20/2007, in the loan file. | Stated | | $360,000.00 | | 2845553 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrower misrepresented her ownership of assets. The loan file contained two months' bank statements for the Borrower's checking and savings accounts, dated from 04/20/2007 through 06/20/2007, which reflected a current balance of $169 in the checking account and $17,057 in the savings account, or a total of $17,226 in assets. An audit verification of the Borrower's assets was obtained from the financial institution, which revealed that all of the bank statements provided did not belong to the Borrower.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's assets, so as to confirm the Borrower's strength of savings patterns by verification/disclosure of a minimum number of months of reserved mortgage payments available to him, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the borrower falsely disclosed that she had a $17,225 down payment and two month's reserves when in fact she had none. The bank statements provided at origination was altered to reflect that the Borrower was the owner of the account.<br><br>The amount of assets disclosed was misrepresented by $17,226, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | | 2845553 | |
| . | | | | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Failure to Verify Social Security Number | Failure to Verify Social Security Number | 2 | 3 | The loan file included a copy of the Borrower's Patriot Act Data, the W-9 Request for Taxpayer Identification Number and Certification in the origination file, which did not reflect the same Social Security number reflected on the origination credit report, the loan application, the origination Transmittal Summary and all other documents contained in the loan.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's identity, so as to confirm the absence of fraud and the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The loan file did not include any evidence that the Lender requested or obtained a copy of the Borrower's Social Security card to conclusively verify the Borrower's correct Social Security Number. According to the Social Security Validator, the Social Security number reflected on origination credit report, the loan application, the origination Transmittal Summary and all other documents contained in the loan reported an approximate date of issuance in 1989 and 1992 and the Social Security Number reflected on the Borrower's Patriot Act Data, the W-9 Request for Taxpayer Identification Number and Certification in the origination file reported and approximate date of issuance in 1989 and 1992; however, the Borrower's date of birth was 11/07/1976. Research conducted through Accurint at audit could not validate that either of the Social Security numbers that were disclosed belonged to the Borrower.<br><br>Despite the Seller's representation, there is no validation in the file of the Borrower's Social Security number. | | | | | 2845553 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 12 | 00047082508 | 1st | LXS 2007-17H | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/06/2007, in the amount of $180,000, as a purchase of a non-owner occupied, single family residence. The loan was approved as a NIV Ratio loan (No Income, Verified Asset) loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 08/03/2007, in the loan file. | NIVA | $180,000.00 | 2845555 |
| . | | | 1.04 (b) (xvi) LXS 2007-17H_DTI<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Fraud<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The audit credit report indicated that the Borrower traded in an auto installment loan in 07/2007, or 1 month prior to the subject loan closing on 08/06/2007, which resulted in an increase in the auto loan amount from $25,564 to a new auto loan amount of $41,147 and increased the payment from $684 per month to $890 per month, or an increase of $206 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The origination credit report, dated 07/17/2007, reflected 5 inquiries dated from 06/09/2007 through 07/17/2007. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The non-disclosure of an increase of $206 in monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose an increase of $206 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845555 |
| . | | | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented his employment on the loan application as a self-employed Owner of a construction business for 3 years as his sole source of employment. The loan file included a copy of the Borrower's 2007 income tax documents, provided post-closing, which listed three businesses, which were not disclosed at origination and were active at the time of closing.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of her financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of a Construction business for 3 years as his sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845555 |

Cowen_US Bank Final Version_37

| 13 | 00047115506 | 1st | LXS 2007-17H | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/17/2007, in the amount of $180,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 29.29% Debt to Income Ratio (DTI). There was a Manual approval dated 07/26/2007, in the loan file. | Stated | $180,000.00 | 2845556 |
| | | | 1.04 (b) (xvi) LXS 2007-17H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and omission of misrepresented rental income results in an increase from 29.29% to 75.48%, which exceeds the Seller's represented DTI of 60%. | | | 2845556 |
| . | | | 1.04 (b) (xvi) LXS 2007-17H_DTI<br><br>1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Custodian earning $2,500 per month in employment income, $650 per month in Social Security income, $3,200 per month in Pension income, $300 per month in Veteran's Administration (VA) benefits and $794 in net rental income, or a combined stated monthly income of $7,444 per month. The loan file contained post-closing documentation including the Borrower's 2007 income tax returns, which revealed the Borrower was Retired and did not earn any wages from employment. The return revealed income of $3,254 per month in pension income that was grossed up 125%, $938 per month in Social Security income that was grossed up 125% and no monthly VA benefits reported; therefore, the Borrower's 2007 income tax returns revealed that the Borrower earned a combined monthly income of $4,192 per month. In addition, the post-closing documents contained in the loan file also revealed that the Borrower remained in the departing residence and did not occupy the subject property; therefore, the $794 net rental income was misrepresented.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Borrower's total new housing payment increased from a monthly mortgage payment of $721 to a new monthly mortgage payment of $1,802, which resulted in a payment shock of 149.90% and the Borrower documented total assets of $12,708 in mutual funds; however, the Borrower did not document any liquid | | | 2845556 |
| . | | | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented his employment on the loan application as a Custodian for a salon business for 3 years. The loan file contained post-closing documentation including the Borrower's 2007 income tax returns, which revealed the Borrower was Retired and did not earn any wages from employment.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of his financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to<br><br>Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Custodian for 3 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845556 |

# Digital Risk - Loan Review Findings

Part 14 Page 142 of 201

| | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 5 | 3 | The Borrower misrepresented his intent to occupy the subject property. Per the loan application, the Borrower purchased the subject property as a primary home; however, the loan file included the Borrower's 2007 income tax returns included in post-closing documents, which revealed the Borrower, remained residing in the departing address located in Richton, Illinois after the subject loan closing. The post-closing documentation also included the Borrower's 2007 Social Security 1099 statement, a letter of explanation, which also reported the Borrower's departing address as the mailing address and was supporting evidence that the Borrower did not occupy the subject property for at least 12 months after the subject loan closing. In addition, Accurint reported an extensive utility history in the Borrower's name at the departing address from 08/1998 through 09/2013. | | 2845556 |
| | 1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | | | | | Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | |
| 14 | 00047121181 | 1st | LXS 2007-17H | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/01/2007, in the amount of $279,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Employment/Verified Asset (SIVA) Documentation loan program, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.84% Debt to Income (DTI). There was a Manual approval dated 08/01/2007, in the loan file. | Stated | $279,000.00 | 2845557 |
| . | | | | 1.04 (b) (xvi) LXS 2007-17H_DTI | Misrepresentation of Income - Red Flags Present | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Bartender with a hotel/casino earning $8,000 per month in employment income. An audit re-verification of employment and income was obtained from a third party verifier, which supports the Borrower's employment history as indicated on the loan application; however, the audit re-verification of employment and income revealed that the Borrower actually earned a monthly income of $3,152 per month during the year of the subject loan closing in 2007, which misrepresented the monthly income stated of $8,000 per month as a Bartender with the same employer. The Borrower's verified income of $3,125 was calculated to be 2.5 times the Borrower's stated income of $8,000 per month. | | 2845557 |
| | | | | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Same Year Income Evidence | | | | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Research conducted through the U.S. Bureau of Labor Statistics reported that a Bartender located in the same city and state in 2007 could expect to earn a monthly income of $2,648 per month in the 75th percentile, which should have been a red flag to the Underwriter the Borrower's income was overstated. The Borrower's stated income was calculated to be more than 3 times the stated income of $8,000 per month for a Borrower on the job 9 years. Furthermore, the Borrower was employed as a W-2 Borrower approved on an interest only adjustable rate mortgage on a Stated Income loan program, which poses high risk factors. The | | |

| 15 | 00047414008 | 1st | LXS 2007-18N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/24/2007, in the amount of $308,250, as a rate and term refinance of a non-owner occupied condominium. The loan was approved as a Stated Income, Verified Assets loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32.29% Debt to Income Ratio (DTI). There was a Manual approval dated 08/10/2007, in the loan file. | Stated | $308,250.00 | 2845565 | |
| . | | | 1.04 (c) (v) LXS 2007-18N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-18N_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report indicated the Borrower obtained 3 mortgages on 3 undisclosed properties on 05/25/2007, 3 months prior to the subject loan closing on 08/24/2007, in the amounts of $326,250, $333,750, and $341,250 with monthly payments of $1,420, $1,452 and $1,485. In addition, the Borrower refinanced an existing first mortgage with new undisclosed first and second mortgages in the amount of $1,323,000 with a monthly payment of $5,401 and $378,000 with a monthly payment of $2,940 on 04/17/2007, 4 months prior to the subject loan closing.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The origination credit report, dated 08/09/2007, reflected 5 inquiries from 06/27/2007 to 08/05/2007. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan.<br><br>The non-disclosure of $12,698 in monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt. | | | 2845565 | |
| 16 | 00047435201 | 1st | LXS 2007-20N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/27/2007, in the amount of $484,000, as a cash out refinance of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/84.88% Loan to Value/Combined Loan Value (LTV/CLTV), and a 49.26% Debt to Income Ratio (DTI). There was a Manual approval dated 08/27/2007, in the loan file. | Stated | $484,000.00 | 2845569 | |

| | | | | 1.04 (c) (v) LXS 2007-20N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-20N_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application as her sole source of employment. The loan file contained post-closing documentation including the Borrower's 2007 tax return, which revealed the Borrower owned a child care business, which was not disclosed on the loan application.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's employment, so as to confirm the accuracy and stability of her employment and adequacy of her financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Borrower's capacity to repay could not be properly evaluated due to the misrepresentation of the Borrower's self-employment information. Since the Borrower's self-employment was not disclosed at origination, the income source cannot be analyzed for operating expenses and stability associated with self-employment income.<br><br>Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Hygienist for 5 years as the sole source of employment and did not disclose additional self-employment, which constitutes an event of | | 2845569 |
| | . | | | 1.04 (c) (v) LXS 2007-20N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-20N_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Hygienist, earning $6,292 per month on the loan application. The Co-Borrower listed income of $4,210 per month as a Stone Mason. The loan file contained post-closing documentation including the Borrowers' 2007 tax return, which revealed the Borrower owned a child care business, which was not disclosed on the loan application and the combined W-2 earnings for 2007 for both the Borrower and Co-Borrower were $5,417 per month. The prior year 2006 W-2 indicated the Co-Borrower earned $4,166 per month. Based on the Co-Borrower's previous years' earnings and invalid self-employment earnings for the Borrower, the remaining W-2 earnings for 2007 were $1,251 per month.<br><br>The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrowers' verified income yields a DTI of 85.53%, which increased from 49.26% at the time of origination.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Hygienist, earning $6,292 per month and the Co-Borrower falsely stated income of $4,210 per month as a Stone Mason on the loan application, which constitutes an event of default under the executed Mortgage and Deed of | | 2845569 |
| 17 | 00121850499 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/29/2006, in the amount of $494,100, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.13% Debt to Income Ratio (DTI). There was a Manual approval dated 06/29/2006, in the loan file. | Stated | $494,100.00 | 2844826 |

| | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower reported on the loan application, employment as an Office Manager of an auto body shop for 12 years, earning $8,000 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $8,000 per month for an Office Manager is unreasonable and is indicative of potential misrepresentation. The US Bureau of Labor Statistics reported the average salary at the 90th percentile for an Office Manager in 2006 and in the same geographic region was $3,672 per month. The Borrower's stated income exceeded the US Bureau of Labor Statistics' 90th percentile, which is a red flag the Borrower's income was overstated. In addition, no verified assets were provided, which did not demonstrate the ability to accumulate reserves and was not indicative or supportive of the Borrower earning $96,000 per year.<br><br>A re-calculation of the Debt to Income Ratio (DTI) based upon a more reasonable income of $3,672 per month yields a DTI of 108.73%, which exceeded the maximum guidelines of 50%.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844826 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| 18 | 00121850952 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/05/2006, in the amount of $396,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 46.97% Debt to Income Ratio (DTI). There was a Manual approval dated 07/05/2006, in the loan file. | Stated | $396,000.00 | 2844827 | |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Assistant Manager of machine operators for 15 years, earning $7,500 per month.

The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

Income of $7,500 per month for an Assistant Manager of machine operators is unreasonable and is indicative of potential misrepresentation. The US Bureau of Labor Statistics reported the average salary at the 90th percentile for a an Assistant Manager of production operations in 2006 and in the same geographic region was $6,376 per month.

A re-calculation of the Debt to Income Ratio (DTI) based upon the more reasonable income and improper calculation of debt yields a DTI of 61.41%, which exceeds the guideline maximum of 50%.

Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844827 | |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Debts | Improper Calculation of Debts | 2 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

The inaccurately calculated debt significantly impacted the determination of the Borrower's reasonability to repay the subject loan. Monthly debts of $3,523 were used by the Lender to determine the Debt to Income Ratio (DTI). The following facts support the proper calculation of debts: The Lender omitted a debt of $450 indicating the debt was paid by a third party; however, the loan file did not contain documentation such as canceled checks by the third party in order to omit the debt from the Borrower's obligations. The correct recalculation results in a monthly debt of $3,915.

A recalculation of DTI based on the Borrower's proper debt calculation and more reasonable income yields a DTI of 61.41%, which exceeds 50%.

Despite the Seller's representations, a review of the loan file revealed the Lender failed to accurately calculate the Borrower's debts.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844827 | |

Cowen_US Bank Final Version_37

Cowen_US Bank Final Version_37

| 19 | 00121864672 | 2nd | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/07/2006, in the amount of $73,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.159% Debt to Income Ratio (DTI). There was a Manual approval dated 07/14/2006, in the loan file. | Stated | $73,000.00 | 2844861 |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a self-employed Owner as a home based Construction Laborer/Staff Coordinator business for 5.5 years, earning $6,980 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $6,980 per month for as a self-employed Owner as a home based Construction Laborer/Staff Coordinator business is unreasonable and is indicative of potential misrepresentation. The U.S. Bureau of Labor Statistics reported that a Borrower employed in the same line of business located in the same city and state in 2006 could expect to earn a monthly income of $6,428 per month in the 75th percentile, which should is a red flag the Borrower's income was overstated. The Borrower was a first time home buyer who went from paying a monthly rental debt of $1,200 per month to a new monthly mortgage payment of $2,934, which resulted in a payment shock of 144.53%. Per the loan application, the Borrower was an self-employed Owner of a home based Labor Contractor/Staff Coordinator business; however, the loan file did not include any evidence to support the Borrower's self-employment business or a letter of explanation to support the details of the Borrower's self-employment job description; therefore, there searches conducted at audit for the existence of the Borrower's self-employed business did not produce any results. There were not business filing or business listing with no official office location, which would suggest that the Borrower maintained future business income from word of mouth advertising. The Borrower's overall profile did not exhibit a reasonable ability to repay and is not indicative of a person earning an annual income of $83,760 as stated on the loan application.<br><br>A re-calculation of the Debt to Income Ratio (DTI) based upon the Borrower's more reasonable income of | | | 2844861 |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Employment ' Self-Employed Borrower | Failure to Verify Employment | 2 | 3 | Per the loan application, the Borrower was a self-employed Owner of a home based Construction Laborer/Staff Coordinator for 5.5 years. The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of his financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Borrower's self-employment history was required to be supported by a business license, Certified Public Accountant letter or a copy of the Borrower's business filing to reflect that the Borrower has been in business for at least 2 years.<br><br>Despite the requirement, there was no evidence in the file that the Underwriter requested or obtained a copy of the Borrower's Business License, Certified Public Accountant Letter or the Borrower's business filing to properly document the Borrower's self-employment history as required.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844861 |

| 20 | 00121865836 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 07/13/2006, in the amount of $208,008, as a purchase of a single family second home, located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 46.016% Debt to Income Ratio (DTI). There was a Manual approval dated 07/19/2006, in the loan file. | Stated | $208,008.00 | 2844862 |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's assets, so as to confirm the Borrower's strength of savings patterns, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Per the final HUD-1 Settlement Statement, the Borrower's funds required for closing were $20,634. In addition, the Borrower was required to verify 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $4,470 for the subject purchase of a second home. In total, assets of $25,104 were required to be verified.<br><br>The loan file contained 4 copies of the Borrower's personal checks dated 05/08/2006 in the amount of $2,000, a check dated 03/04/2006 in the amount of $763, a check dated 04/01/2006 in the amount of $1,000 and a check dated 12/17/2005 in the amount of $3,000. The personal checks did not include any evidence that the checks were cashed and were written between 12/05/2005 through 05/08/2006 that totaled $6,963, which did not support the $20,634 in down payment provided as indicated on the HUD-1 settlement statement and no additional asset documents were included in the file to support the required $25,104 in assets for the funds to close and reserve requirements.<br><br>Despite the Seller's representations, there was a $25,104 shortage of properly verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844862 |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | | 2 | 3 | The Borrower misrepresented his debt obligations. The Mortgage Electronic Registration System (MERS) report and the Sitexdata.com property report revealed the Borrower obtained 2 undisclosed mortgages securing an undisclosed property located in Gilbert, Arizona on 06/09/2006, 1 month prior to the subject loan closing date of 07/13/2006. The Borrower obtained a first mortgage on the property in the amount of $686,900 with a monthly mortgage payment of $4,978.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the loan constitutes an event of default under the Mortgage | | | 2844862 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his stated secondary income on the loan application. The Borrower falsely stated secondary income as a Database Analyst with a mortgage financial institution earning $5,000 per month. An audit verification of the Borrower's employment and income was obtained from a third party verifier, which revealed that the Borrower actually earned a monthly income of $4,762 per month during the year of the subject loan closing in 2006.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Research conducted through The U.S. Bureau of Labor Statistics reported that Property Manager Supervisor located in the same city and state in 2006 could expect to earn a monthly income of $5,803 in the 75th percentile. The loan file included copies of the Borrower's personal checks written between 12/05/2005 | | | 2844862 |
| . | | 1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented his primary employment on the loan application as the Owner of a property management business for 2 years as the sole source of self-employment. Research conducted through Accurint revealed that the Borrower was also a self-employed Owner of 4 additional businesses. The Borrower owned a computer services company from 06/28/2000 through 2008, a business services company from 10/25/2005 through 2013, a child care service/assisted living facility service from 04/02/2005 through 2013 and a business/computer consulting company from 01/30/2002 through 2013, which were all open and active at the time of the subject loan closing date of 07/13/2006.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of his financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The 4 undisclosed businesses could have had a negative impact on the Borrower's combined stated income of $24,000 per month.<br><br>Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as the Owner of a property | | | 2844862 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/1/2013 7:59:28 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_37

| | 21 | 00121866941 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 07/19/2006, in the amount of $360,500, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.616% Debt to Income Ratio (DTI). There was a Manual approval dated 07/27/2006, in the loan file. | Stated | $360,500.00 | 2844864 |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | | The Borrower stated on the loan application that the Borrower was employed as a Central Service Tech for 14 years, earning $7,450 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representations, the Borrower's stated income was unreasonable.<br><br>Income of $7,450 per month for a Central Service Tech is unreasonable and is indicative of potential misrepresentation. Research conducted through the U.S. Bureau of Labor Statistics reported that a Borrower employed in the same line of business in 2006 could expect to earn a monthly income of $4,188 per month in the 90th percentile, which is a red flag the Borrower's income was overstated.<br><br>The Borrower obtained the subject property on 01/06/2003 with a loan amount of $199,500. The Borrower refinanced the subject property only 1.2 years later on 03/04/2004 to a new loan amount of $216,000, which was a difference of $16,500 and in 07/2005, which was only 1 year prior to the subject loan closing date of 07/19/2006, the Borrower refinanced the subject property again from a loan amount of $216,000 to $276,000 and was a difference of $60,000. The Borrower stated total assets of $12,335 in a checking account and $20,000 in life insurance face value; therefore, the Borrower only stated total assets of $32,335 and did not document any assets in the loan file after receiving $60,000 in cash-out from the subject property. The Borrower was approved with a qualifying credit score of 590, which did not meet the minimum qualifying credit score of 660; therefore, the Borrower's credit profile did not qualify for the approval of the subject loan. The Borrower's credit profile reflected excessive late payments from 1x30 to 1x60 on 8 different accounts and 5 collection accounts of which on collection account was still unpaid in the amount of $345 that was opened as recent as 03/2006 on the origination credit report, which was less than 24 months prior to closing. Furthermore, the Borrower was employed as a M-2 Borrower approved as a Stated Income loan, | | | 2844864 |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Central Service Technician earning $7,450 per month in employment income. The loan file contained post-closing documentation including the Borrower's 2006 W-2 form, which revealed the Borrower actually earned a monthly income of $2,454 per month during the year of the subject loan closing in 2006.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The U.S. Bureau of Labor Statistics reported that a Borrower employed in the same line of business in 2006 could expect to earn a monthly income of $4,188 per month in the 90th percentile, which is a red flag the Borrower's income was overstated. The Borrower's stated income exceeded the 90th percentile for a Borrower on the job 14 years. Per the Mortgage Electronic Registration Service (MERS) report, the audit credit report and additional research conducted through the sitexdata.com revealed that the Borrower refinanced the subject property only 1.2 years later on 03/04/2004 to a new loan amount of $216,000, which was a difference of $16,500 and in 07/2005, which was only 1 year prior to the subject loan closing date of 07/19/2006, the Borrower refinanced the subject property again from a loan amount of $216,000 to $276,000 and was a difference of $60,000. The Borrower stated total assets of $12,335 in a checking account | | | 2844864 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 12/1/2013 7:59:28 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_37

| 22 | 00124399320 | 1st | SARM 2007-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/19/2007, in the amount of $380,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.09% Debt to Income Ratio (DTI). There was a Manual approval dated 04/18/2007, in the loan file. | Stated | $380,000.00 | 2846373 |
| . | | | | 1.04 (c) (v) SARM 2007-8_No Fraud | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Research conducted through public records and an audit credit report revealed the Borrowers obtained an undisclosed mortgage on 04/10/2007, 9 days prior to the subject loan closing on 04/19/2007, in the amount of $60,000 with a monthly payment of $322, based on a 5% interest rate for 30 years, and an undisclosed mortgage on 04/30/2007, 11 days after the subject loan closing, in the amount of $38,000 with a monthly payment of $203, based on a 5% interest rate for 30 years. Public records revealed the Borrower filed a Chapter 7 Bankruptcy on 08/02/2010, with the District of Las Vegas, which revealed the mortgages were second and third mortgages attached to the Borrowers' rental property located in Las Vegas, NV.

The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' debt, so as to confirm the Borrowers' overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

There is no evidence in the file that a public records search was performed. It should be noted; the loan file contained a letter of explanation for tri-merged inquiries reflected on the origination credit report, dated 03/30/2007, which indicated no new credit had been obtained. The non-disclosure of $526 monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt.

A recalculation based on the Borrowers' undisclosed debt and verified income yields a Debt to Income Ratio | | | 2846373 |
| 1.04 (c) (vii) SARM 2007-8_No Event of Default | | | | | | | | | | | | |
| . | | | | 1.04 (c) (v) SARM 2007-8_No Fraud | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Poker Dealer for a hotel/casino for 8.2 years, earning $5,720 per month and the Co-Borrower falsely stated income as a Waitress/Food Server for a hotel/casino for 20.1 years, earning $4,935 per month on the loan application. The loan file contained post-closing documentation including the Borrowers' 2007 W-2 forms for the employers listed on the loan application. The Borrower's W-2 form reflected the Borrower earned $2,121 per month the year the subject loan closed and the W-2 form for the Co-Borrower reflected she earned $3,606 per month the year the subject loan closed.

The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Research conducted through the U. S. Bureau of Labor Statistics reported a Gaming Dealer would expect to earn an average of $1,277 per month in 2007 in the same geographic area in the 75th percentile and a Food Server would expect to earn an average of $2,751 in 2007 in the same geographic area in the 90th percentile. The Borrowers' stated incomes exceeded the average incomes reported by the U. S. Bureau of Labor and Statistics, which is a red flag the Borrowers' income was overstated.

A recalculation of Debt to Income Ratio (DTI) based on the Borrowers' verified income and undisclosed debt | | | 2846373 |
| 1.04 (c) (vii) SARM 2007-8_No Event of Default | | | | | | | | | | | | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 12/1/2013 7:59:28 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

Cowen_US Bank Final Version_37

| 23 | 00124792250 | 1st | LXS 2007-16N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/15/2007 in the amount of $284,000.00, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.72% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | | $284,000.00 | | 2845531 |
| . | | | 1.04 (b) (xxi) (i) LXS 2007-16N_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 2 | 3 | The Borrower stated on the loan application employment as an Office Manager for a dental office for 4 years, earning $6,900 per month.

The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

Income of $6,900 per month for an Office Manager for a dental office is unreasonable and is indicative of potential misrepresentation. Research conducted through the U. S. Bureau of Labor Statistics reported the average salary at the 75th percentile for an Office Manager in 2007 and in the same geographic region was $4,630 per month. The Borrower's stated income exceeded the U. S. Bureau of Labor Statistics' 75th percentile, which is a red flag the Borrower's income was overstated. In addition, the origination credit report, dated 04/05/2007, reflected the Borrower had refinanced the subject property 5 times prior to the subject loan closing within the prior 4 years. The Borrower originally refinanced in 03/3003, increasing the mortgage balance by $16,202, refinanced in 07/2004, increasing the balance by an additional $42,400, refinanced as a rate and term refinance in 02/2005, refinanced again in 08/2005, increasing the balance by an additional $68,100 and refinanced again with first and second mortgage, increasing the balance by an additional $62,700. The Borrower withdrew a total of $189,302 of equity form the subject property in 4 years. In addition, the Borrower provided a retirement account as asset verification; however, the Borrower did not disclose or verify any personal liquid assets, which did not demonstrate the ability to accumulate reserves. It is also important to note, the Borrower was refinancing the subject property into a negatively amortizing loan. The Borrower's employment, credit and asset profiles were not indicative of a Borrower earning $6,900 per month.

A re-calculation of the Debt to Income Ratio (DTI) based upon a more reasonable income of $4,630 per | | | | | 2845531 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 12/1/2013 7:59:28 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServe

| 24 | 00124907817 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/31/2007, in the amount of $405,000, as a cash out refinance of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.815% Debt to Income Ratio (DTI). There was a Manual approval dated 07/26/2007, in the loan file. | Stated | $405,000.00 | 2847115 | |
| . | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Employment | Failure to Verify Employment | 4 | 3 | The employment information contained on the loan application indicated the Borrower had been employed with his current employer for 2.6 years as a Client Manager.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of his financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was no evidence in the file that the Borrower's employment was verified.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847115 | |
| 25 | 0015817489 | 1st | SAIL 2003-BC13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/28/2003, in the amount of $138,600 as a purchase with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV). The loan file only contained the Note, the Mortgage and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $138,600.00 | 2845697 | |
| . | | | | 1.04 (b) (xiii) SAIL 2003-BC13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2003-BC13_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2003-BC13_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2003-BC13_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845697 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xiii) SAIL 2003-BC13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2003-BC13_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2003-BC13_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2003-BC13_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845697 | |
| . | | | | 1.04 (c) (xviii) SAIL 2003-BC13_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845697 | |
| 26 | 0016179830 | 1st | SAIL 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/17/2003, in the amount of $479,000 with a 71.50% Loan to Value/Combined Loan to Value (LTV/CLTV). The loan file only contained the Note, the Mortgage and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $479,000.00 | 2845754 | |
| . | | | | 1.04 (b) (xiii) SAIL 2004-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845754 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xiii) SAIL 2004-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAIL 2004-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845754 | |
| . | | | 1.04 (c) (xviii) SAIL 2004-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845754 | |
| 27 | 0016247413 | | SASC 2004-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/08/2003, in the amount of $56,000 as a second mortgage. The loan was delivered as an owner occupied residence with a 25.3%/98.11% Loan to Value/Combined Loan to Value (LTV/CLTV). There was no additional information provided on the MLS Data Tape. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $56,000.00 | 2846633 | |
| . | | | 1.04 (b) (xiii) SAS 2004-S2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2846633 | |
| . | | | 1.04 (c) (xviii) SAS 2004-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2846633 | |

| 28 | 0016253007 | 1st | SAIL 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/07/2004, in the amount of $156,560, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $156,560.00 | 2845769 |
| . | | | | 1.04 (b) (xiii) SAIL 2004-5_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAIL 2004-5_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845769 |
| . | | | | 1.04 (b) (xiii) SAIL 2004-5_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAIL 2004-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845769 |
| . | | | | 1.04 (c) (xviii) SAIL 2004-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845769 |
| 29 | 0016260440 | | SASC 2004-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/09/2003, in the amount of $27,000 as a second mortgage. The loan was delivered as a purchase of an owner occupied residence with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was no additional information provided on the MLS Data Tape. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $27,000.00 | 2846650 |
| . | | | | 1.04 (b) (xiii) SAS 2004-S3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-S3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846650 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xiii) SAS 2004-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846650 | |
| . | | | | 1.04 (c) (xviii) SAS 2004-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2846650 | |
| 30 | 0016261794 | 2nd | SASC 2004-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/11/2003, in the amount of $40,000, as a second mortgage cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.37% Debt to Income Ratio (DTI). There was a Manual approval dated 12/09/2003, in the loan file. | Full | $40,000.00 | 2846634 | |
| | | | | 1.04 (b) (xiii) SAS 2004-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846634 | |
| 31 | 0016291916 | 1st | SAIL 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/22/2004, in the amount of $925,000, as a cash out refinance of a single family residence second home. The loan was delivered as a Stated Income/Verified Asset (SIVA) loan, with a 69.81% Loan to Value/Combined Loan to Value (LTV/CLTV); however, a Debt to Income Ratio (DTI) was not reported on the MLS Data Tape. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $925,000.00 | 2845755 | |
| . | | | | 1.04 (b) (xiii) SAIL 2004-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845755 | |

| # | Loan # | Lien | Pool | Code | Category | Sub | N1 | N2 | Narrative | Doc Type | Amount | ID |
|---|--------|------|------|------|----------|-----|----|----|-----------|----------|--------|-----|
| 32 | 0016346843 | 1st | SAIL 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/27/2004, in the amount of $912,300, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was delivered as a Stated Income/Verified Asset (SIVA) loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV); however, the Debt to Income Ratio (DTI) was not provided. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $912,300.00 | 2845758 |
| . | | | | 1.04 (b) (xiii) SAIL 2004-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845758 |
| 33 | 0016360216 | 1st | SAIL 2004-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/12/2004, in the amount of $122,400, as a rate and term refinance of a non-owner occupied property. The loan was delivered with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). No additional information was provided on the MLS Data Tape. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Insurance Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $122,400.00 | 2845772 |
| . | | | | 1.04 (b) (xiii) SAIL 2004-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-5_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845772 |
| . | | | | 1.04 (b) (xiii) SAIL 2004-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845772 |
| . | | | | 1.04 (c) (xviii) SAIL 2004-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845772 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 34 | 0016453714 | SASC 2004-S2 | | Loan Summary | Loan Summary | 0 | 0 | | Unknown | $77,980.00 | 2846639 |

The subject loan closed on 04/15/2004 in the amount of $77,980, as a second mortgage with a 20%/100% Loan to Value/Combined Loan-to-Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, First Mortgage Note, Hazard Insurance, Title Policy, Purchase Contract, Credit Report and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller.

| | | |
|---|---|---|
| 1.04 (b) (xiii) SAS 2004-S2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | | 2846639 |

The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

| 1.04 (b) (xiii) SAS 2004-S2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | | 2846639 |

The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be provided and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

| 1.04 (c) (xviii) SAS 2004-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | | 2846639 |

The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act.

| 35 | 0016453821 | 2nd | SASC 2004-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/16/2004, in the amount of $113,000, as a second mortgage purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33.15% Debt to Income Ratio (DTI). There was a Manual approval dated 04/27/2004, in the loan file. | Full | $113,000.00 | 2846640 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2004-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through Sitex.com and an audit credit report, revealed the Borrower refinanced his departing residence in 03/2004, the month prior to the subject loan closing on 04/16/2004. The Borrower refinanced the existing first mortgage with a new mortgage in the amount of $279,000 with a monthly payment of $3,698, which increased from the existing mortgage payment of $2,628 by $1,070 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The origination credit report, dated 02/25/2004, reported 9 inquiries dated 12/02/2003 through 01/24/2004. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. The non-disclosure of an increase in monthly debt of $1,070 prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's undisclosed debt yields a DTI of 65.42%, which increased from 33.15% at origination. | | | 2846640 |
| 36 | 0016586299 | | SASC 2004-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/03/2004, in the amount of $27,000 as a second mortgage. The loan was delivered as an owner occupied residence with a 20%/99.99% Loan to Value/Combined Loan to Value (LTV/CLTV). There was no additional information provided on the MLS Data Tape. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance Policy, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $27,000.00 | 2846651 |
| . | | | | 1.04 (b) (xiii) SAS 2004-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846651 |

# Digital Risk - Loan Review Findings

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xiii) SAS 2004-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846651 | |
| . | | | 1.04 (c) (xviii) SAS 2004-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846651 | |
| 37 | 0016690877 | 2nd | SAIL 2004-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/21/2004, in the amount of $36,800 with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Mortgage, Hazard Insurance and Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $36,800.00 | 2845780 | |
| . | | | 1.04 (b) (xiii) SAIL 2004-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2004-8_Fees Disclosed - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (b) (xviii) (h) SAIL 2004-8_Written Disclosure - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (xvii) SAIL 2004-8_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845780 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 1.04 (b) (xiii) SAIL 2004-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2004-8_Fees Disclosed - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (b) (xviii) (h) SAIL 2004-8_Written Disclosure - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (xvii) SAIL 2004-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845780 | |
| . | | 1.04 (b) (xiii) SAIL 2004-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAIL 2004-8_Mortgage File<br><br>1.04 (c) (xvii) SAIL 2004-8_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845780 | |
| . | | 1.04 (c) (xviii) SAIL 2004-8_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845780 | |
| . | | | | Grand Total of Repurchase Demand | | | | | $12,597,474.00 | | |
| . | | | | | | | | | | | |
| . | | | | | | | | | | | |

Cowen_US Bank Final Version_36

| Loan Count | Loan Number | First or Second | Deal Name | Section US-MLSAA Breached | SEC Exclusion (S/C) | Exclusion Description | Count | Flag Count | Breach Description | Business Doc Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000040335333 | 1st | LXS 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/11/2007, in the amount of $584,000.00, as a purchase of an owner-occupied, single family dwelling. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.97% Debt to Income Ratio (DTI). There was a Manual approval dated 04/11/2007, in the loan file. | Stated | $584,000.00 | 2845682 | |
| | | | | 1.04 (b) (xviii) LXS 2007-9_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 34.97% to 179.37%, which exceeds the Seller's represented DTI of 60%. | | | 2845682 | |
| | | | | 1.04 (b) (xviii) LXS 2007-9_DTI<br>1.04 (c) (v) LXS 2007-9_No Fraud<br>1.04 (c) (vii) LXS 2007-9_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a landscaping and construction company earning $24,000 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's 2006 and 2007 personal tax returns, as part of the loan modification process. The Borrower's business income for 2006 was $77,276 and for the subject year, 2007, the business income was $69,321. Using a two-year average, the Borrower's actual monthly income was $6,108 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A re-calculation of Debt to Income Ratio (DTI) based on the Borrower's verified income results in an increase from 34.97% to 179.37%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a landscaping and construction company earning $24,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845682 | |
| 2 | 000000045159415 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/30/2007, in the amount of $147,100, as a purchase of a non-owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.89% Debt to Income Ratio (DTI). There was a Manual approval dated 01/30/2007, in the loan file. | Full | $147,100.00 | 2845611 | |
| | | | | 1.04 (c) (v) LXS 2007-5H_No Fraud<br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Research of public records and an audit credit report indicated the Borrower purchased an undisclosed property and acquired 2 mortgages on 01/30/2007, the same day as the subject loan closing, in the amounts of $108,000 and $28,800 with monthly payments of $709 and $158.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $867 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845611 | |
| 3 | 000000045599628 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/08/2007, in the amount of $234,490, as a purchase of non-owner occupied condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.72% Debt to Income Ratio (DTI). There was a Manual approval dated 03/08/2007, in the loan file. | Stated | $234,490.00 | 2845472 | |
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 39.72% to 215.13%, which exceeds the Seller's represented DTI of 60%. | | | 2845472 | |
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br>1.04 (c) (v) LXS 2007-10H_No Fraud<br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed President of a company earning $39,800 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's tax returns obtained through the modification process, for 2007, the year of subject loan closing, which was prepared and signed by an Accountant. The tax return revealed the Borrower's self-employment income was $7,086 per month in self-employed income.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A re-calculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 215.13%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed President earning $39,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust | | | 2845472 | |
| 4 | 00033338252 | 1st | SARM 2006-11 | | Loan Summary | Loan Summary | 0 | 0 | Loan Summary. The subject loan closed on 09/22/2006, in the amount of $260,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%100/% Loan to value/Combined loan to value and a 34% Debt to Income Ratio (DTI). There was a Manual approval dated 09/27/2006, in the loan file. | Stated | $260,000.00 | 2846227 | |
| | | | | 1.04 (c) (v) SARM 2006-11_No Fraud<br>1.04 (c) (vii) SARM 2006-11_No Event of Default | Misrepresentation of Income - Red Flags Present - No Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as Retirement receiving $8,000 per month on the loan application. The loan file contained post-closing documentation, which revealed the Borrower received $31,090 per year, or $2,590 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as Retirement receiving $8,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846227 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:46:25 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

Cowen_US Bank Final Version_36

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 00033532177 | 1st | SARM 2006-12 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/04/2006, in the amount of $432,000 in a rate/term refinance of an owner occupied detached single family residence. The loan was approved as a Stated Income Verified Asset (SIVA) loan, with a 90% Loan To Value, and a 45.20% Debt To Income ratio. There was a Manual approval dated... | $432,000.00 | 2846230 |
| | | | 1.04 (c) (v) SARM 2006-12_No Fraud<br>1.04 (c) (vii) SARM 2006-12_No Event of Default | Misrepresentation of Employment With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application a Paint Technician III and the Co-Borrower misrepresented her employment as an Optician. An audit re-verification of employment was obtained, which revealed the Borrower's position as Counter Salesperson for 5 years and an audit re-verification of employment and income was obtained, which revealed the Co-Borrowers position as Receptionist for 6 months.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated employment as a Paint Technician III and Optician, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2846230 |
| | | | 1.04 (c) (v) SARM 2006-12_No Fraud<br>1.04 (c) (vii) SARM 2006-12_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Paint Technician III earning $8,697 per month and the Co-Borrower listed income of $5,645 per month as an Optician on the loan application. An audit re-verification of employment and income was obtained, which revealed the Borrower earned $2,164 per month as a Counter Salesperson. Also an audit verification of employment and income was obtained, which revealed the Co-Borrower earned $2,114 per month as a Receptionist for 6 months the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Paint Technician III earning $8,697 per month and the Co-Borrower falsely stated income as an Optician earning $5,645 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2846230 |
| 6 | 00040643777 | 1st | LXS 2007-17H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/07/2007, in the amount of $350,000, as a purchase of an owner occupied detached single family residence. The loan was Stated approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% loan to value/combined loan to value, and a 49.71% debt to income ratio. There was a Manual approval dated 06/11/2007, in the loan file. | $350,000.00 | 2845538 |
| | | | 1.04 (b) (xvi) LXS 2007-17H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and omission of misrepresented rental income results in an increase from 49.71% to 107.34%, which exceeds the Seller's represented DTI of 60%. | | 2845538 |
| | | | 1.04 (b) (xvi) LXS 2007-17H_DTI<br>1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Commercial Driver earning $7,691 per month on the loan application and rental income for his departing residence of $2,800 per month. The loan file contained post-closing income documentation including the Borrower's 2007 tax returns and W-2 form, which revealed the Borrower earned $5,612 per month the year the subject loan closed. The loan file also contained falsely documented rental income for the departing primary residence. The Borrower provided a fully executed lease agreement which indicated a third party was going to rent the Borrower's departing residence at a located in Mira Loma, CA. Per public records, the parties listed on the lease agreement actually resided in the subject property not the property listed on the lease agreement. The Borrower provided a hardship letter which indicated the actual rental income was $2,400 for the subject property; therefore, the rental income is deemed ineligible as the lease misrepresented the property in which the lessee's were going to rent.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 107.34%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Commercial Driver earning $7,691 per month on the loan application and a misrepresentation of rental income in the amount of $2,800 per month for the departing residence, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845538 |
| | | | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented his intent to occupy the subject property. The subject property is located in Riverside, CA. The Borrower provided a hardship letter as part of a loss mitigation process, which revealed the Borrower did not reside in the subject property and public records revealed the Borrower continued to reside in Mira Loma, CA, which was listed on the loan application as the Borrower's departure residence. In addition, a review of public records revealed a third party was associated to the subject property from the date of the subject loan closing. Further, the loan file contained post-closing income documentation including the Borrower's 2007 tax returns and 2007 W-2 form, which further confirmed the Borrower continued to occupy the departure residence located in Mira Loma, CA.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845538 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:46:25 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

Cowen_US Bank Final Version_36

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 00040648586 | 1st | SARM 2007-8 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/24/2007, in the amount of $200,000.00, as a purchase of an investment detached single family residence. The loan was approved as a Stated Income/Stated Asset (SISA) loan, with an 80%/100% loan to value/combined loan to value, and a 35% debt to income ratio. There was a Manual approval dated 05/24/2007, in the loan file. | Stated | $200,000.00 | 2846360 |
| | | | 1.04 (c) (v) SARM 2007-8_No Fraud<br>1.04 (c) (vii) SARM 2007-8_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a restaurant earning $21,000 per month on the loan application. The Borrower filed a Chapter 7 Bankruptcy, on 7/31/2009, with United States Bankruptcy Court of Eastern District of Virginia, which revealed the total income was $14,152 or $1,179 per month in 2007 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower stated income as an Owner of a restaurant earning $21,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846360 |
| 8 | 00040667578 | 1st | SARM 2007-8 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/31/2007, in the amount of $265,000, as a cash-out refinance of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% loan to value/combined loan to value, and a 49% debt to income ratio. There was a Manual approval dated 05/31/2013, in the loan file. | Stated | $212,000.00 | 2846361 |
| | | | 1.04 (c) (v) SARM 2007-8_No Fraud<br>1.04 (c) (vii) SARM 2007-8_No Event of Default | Misrepresentation of Employment With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as Tile Layer/Drywall for 6 years. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the United States Bankruptcy Court District of Colorado on 07/23/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower did not have any reported income for the year of the subject loan closing indicating the Borrower was not employed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Tile Layer/Drywall for 6 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846361 |
| | | | 1.04 (c) (v) SARM 2007-8_No Fraud<br>1.04 (c) (vii) SARM 2007-8_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Tile Layer/Drywall earning $5,000 per month on the loan application. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the United States Bankruptcy Court District of Colorado on 07/23/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower did not have any reported income for the year of the subject loan closing.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition, to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Tile Installer/Drywall earning $5,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846361 |
| 9 | 00040688194 | 1st | LMT 2007-8 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/01/2007, in the amount of $565,000, as a purchase of an owner occupied detached single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset) loan, with a 100% loan to value/combined loan to value. There was a Manual approval dated 05/31/2007, in the loan file. | NIVA | $565,000.00 | 2845302 |
| | | | 1.04 (c) (v) LMT 2007-8_No Fraud<br>1.04 (c) (vii) LMT 2007-8_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. A review of public records revealed the Borrower had registered vehicles associated to the property on the loan application, which was the Borrower's departing address.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>In addition a reverse search of phone records did not associate the Borrower to the subject property. The Borrower was an investor and already owned 2 additional rental properties. It should be noted that both of the rental properties were purchased just 8 months prior to the subject loan closing, which is a red flag the Borrower would not occupy the subject property.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845302 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:46:25 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

| 10 | 00040741035 | 1st | LXS 2007-16N | Loan Summary | Loan Summary | 0 | 0 | The subject loan was closed on 08/09/2007, in the amount of $540,000, as a cash out refinance of an owner occupied condominium residence. The Seller's loan was approved as a Stated Income/Stated Asset (SISA) loan, with a 75% Loan-to-Value/Combined Loan to Value, and a 40.03% Debt to Income Ratio. There was a manual approval noted in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | | $540,000.00 | 2845523 |
| | | | 1.04 (b) (xxi) (i) LXS 2007-16N_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) LXS 2007-16N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-16N_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as the Owner of a mortgage loan processing business earning $11,500 per month on the loan application. The Borrower provided a hardship letter in order to address financial circumstances after the loan had closed. Based on the Borrower's signed statement, the Borrower's income was $6,000 per month. The Borrower also provided her 2008 tax return, which revealed total earnings of $20,788, or $1,732 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a mortgage loan processing business earning $11,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845523 |
| 11 | 00040762981 | 1st | SARM 2007-8 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/09/2007, in the amount of $600,000, as a cash out refinance of an owner occupied condominium. The loan was approved as a Stated Income/Stated Asset (SISA) loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.49% debt to income ratio. There was a manual approval, dated 06/28/2007, in the loan file. | SISA | $600,000.00 | 2846364 |
| | | | 1.04 (c) (v) SARM 2007-8_No Fraud<br><br>1.04 (c) (vii) SARM 2007-8_No Event of Default | Asset Misrepresentation - With Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrower misrepresented his ownership of assets. The loan application, dated 07/09/2007, reflected the Borrower had $46,000 in assets; however, an audit verification of deposit was obtained, which revealed the Borrower had assets of $1,444 at 7/09/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely disclosed that he had had $46,000 in reserves when in fact he had $1,444. The amount of assets disclosed was misrepresented by $44,556, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846364 |
| | | | 1.04 (c) (v) SARM 2007-8_No Fraud<br><br>1.04 (c) (vii) SARM 2007-8_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Real Estate Sales Agent earning $19,800 per month on the loan application. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy on 10/19/2010. The petition included a Statement of Financial Affairs, which revealed the Borrower earned a total income of $39,017, or $3,251 per month in 2008. It is unlikely the Borrower's income would have decreased considering the Borrower was employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Real Estate Sales Agent earning $19,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846364 |
| 12 | 00040794216 | 1st | LXS 2007-17H | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/17/2007, in the amount of $240,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40% Debt to Income Ratio (DTI). There was a manual approval, dated 07/17/2007, in the loan file. | Stated | $240,000.00 | 2845546 |
| | | | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records revealed the Borrower's driver's license was never linked to the subject property and had only been linked to the Borrower's departure address listed on the loan application. Although the origination underwriter requested a letter of explanation for the Borrower's relocation and how it would affect the Borrower's source of income, the only documentation found in the loan file was a letter of explanation with a list of clientele provided by the Borrower. The underwriter did not request any third party documentation from the Borrower's Certified Public Accountant or letters from the Borrower's clients to corroborate the Borrower's letter of explanation as the subject property was located two hours from the Borrower's place of business.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845546 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:46:25 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

Cowen_US Bank Final Version_36

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 13 | 00040868267 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | | | The subject loan closed on October 26, 2007, in the amount of $650,000... [truncated] ...approved as a Stated Income/Verified Asset loan, [...] Combined Loan to Value, and a 46.6% Debt to Income ratio. There was a manual approval... | Stated | $650,000.00 | 2846378 |
| | | | | 1.04 (b) (xii) SARM 2008-2_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xxiv) SARM 2008-2_Compliance with Applicable Law | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2846378 |
| | | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of an investment company earning $15,000 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's 2007 business tax return, which reflected an income of $3,539 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of an investment company earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846378 |
| 14 | 00040881344 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/26/2007, in the amount of $400,000.00 as a rate and term of an owner occupied Single Family Residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income, Verified Assets loan, with a 75.47%/94.34% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.52% Debt to Income Ratio (DTI). There was a Manual approval dated 10/26/2007, in the loan file. | Stated | $400,000.00 | 2846383 |
| | | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a carpentry business earning $9,450 per month on the loan application. The Bankruptcy petition obtained through the foreclosure process, filed on 02/05/2009, revealed the Borrower earned $6,932 per month in 2007, the year of the subject closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an owner of a carpentry business earning $9,450 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846383 |
| 15 | 00040889594 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/24/2007, in the amount of $443,500, as a rate/term refinance of an owner-occupied, single-family dwelling. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.04% Debt to Income Ratio (DTI). There was a Desktop Originator Automated Approval with an Approve/Ineligible decision, due to the loan size exceeding the conforming loan limit of $417,000, dated 10/19/2007, in the loan file. | Stated | $443,500.00 | 2846385 |
| | | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a construction company earning $29,000 per month and rental income of $2,200 for his departing address on the loan application. The loan file contained post-closing income documentation submitted for loan modification including the Borrower's 2007 personal tax return along with other supporting documentation on February 20, 2009. The adjusted gross household income for 2007 was $77,925. In addition, the Borrower also filed for Chapter 7 Bankruptcy on December 30, 2009 with the Eastern District of California. The petition included a Statement of Financial Affairs, which revealed the Borrower's annual income for 2007 was $77,295, or $6,493 per month the year the subject loan closed and revealed the Borrower remained in the departing address resulting in a misrepresentation of rental income.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a construction company earning $29,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846385 |
| | | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the Eastern District of California on 12/30/2009, which reflected the Borrower's address as a property located in Turlock, CA. The property was disclosed as the Borrower's departing address, which was to become a rental after closing. The petition included a Statement of Financial Affairs, which revealed the Borrower did not have any prior addresses for the previous 3 years, or since 12/30/2006, which covered the subject closing date of 10/24/2007.<br><br>The Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846385 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:46:25 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

| 16 | 00040890238 | 1st | SARM 2008-2 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/4/2007, in the amount of $700,000.00, as an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 80% Loan to value/Combined Loan to Value, and a 43% debt to income ratio. There was a Manual approval dated 10/25/2007, in the loan file. | Stated | $700,000.00 | 2846386 |
| | | | 1.04 (c) (v) SARM 2008-2_No Fraud | Misrepresentation of Income - No Red Flags Present | Misrepresentation of Income | 1 | 3 | The Borrower falsely stated income as the Owner of a retail store, earning $25,000 per month on the loan application. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy case, dated 06/16/2009, with the Central District of California Bankruptcy Courts. The petition included a Statement of Financial Affairs, which revealed the Borrower's income for the year of the subject loan closing of 2007 was $17,491 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846386 |
| | | | 1.04 (c) (vii) SARM 2008-2_No Event of Default | | | | | | | | |
| | | | 1.04 (c) (v) SARM 2008-2_No Fraud | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. The Borrower filed a Chapter 7 Bankruptcy on 06/16/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower resided in her departing residence located in Morro Bay, CA and did not report any additional addresses in the prior 3 years.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846386 |
| | | | 1.04 (c) (vii) SARM 2008-2_No Event of Default | | | | | | | | |
| 17 | 00040897811 | 1st | SARM 2008-2 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/06/2007, in the amount of $920,000, as a limited cash out refinance of an owner occupied, two-unit property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 73.60% Loan to Value/Combined Loan to Value, and a 37.89% Debt to Income Ratio. There was a Manual approval dated 12/05/2007, in the loan file. | Stated | $920,000.00 | 2846388 |
| | | | 1.04 (c) (v) SARM 2008-2_No Fraud | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his income. The Borrower falsely stated income as the Owner of an architectural ornamental and landscaping company earning $25,000 per month on the loan application. The loan file contained post-closing documentation including a hardship letter, which revealed the Borrower actually closed his business in late 2007. The subject loan closed on 12/07/2007. Additionally, the Borrower provided partial tax returns for 2007, the year the subject loan closed, which revealed the Borrower's adjusted gross income was a loss of $21,595.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of an architectural ornamental and landscaping company earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846388 |
| | | | 1.04 (c) (vii) SARM 2008-2_No Event of Default | | | | | | | | |
| 18 | 00040399648 | 1st | LXS 2007-12N | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/24/2007, in the amount of $565,600, as refinance cash out of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with 80%/90% Loan to value/Combined Loan to value and a 38.63% Debt to Income Ratio (DTI). There was a Manual approval dated 05/23/2007, in the loan file. | Stated | $565,600.00 | 2845506 |
| | | | 1.04 (c) (v) LXS 2007-12N_No Fraud | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a real estate business, earning $43,000 per month on the loan application, which was utilized for qualification. The loan file contained an initial loan application, which reflected the Borrower's stated income was $25,000.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as Owner of a real estate business, earning $43,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845506 |
| | | | 1.04 (c) (vii) LXS 2007-12N_No Event of Default | | | | | | | | |
| | | | 1.04 (c) (v) LXS 2007-12N_No Fraud | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records revealed the Borrower did not occupy the subject property as his primary residence after the subject loan closing date of 05/24/2007, as required. The records provided utility records, which revealed the Borrower had utilities at his place of employment address in Saint Matthews, SC, from 06/2002 through 07/2013 and did not have any records for the subject property.<br><br>The Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845506 |
| | | | 1.04 (c) (vii) LXS 2007-12N_No Event of Default | | | | | | | | |

# Digital Risk - Loan Review Findings

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 19 | 00046418067 | 1st | SARM 2007-8 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 05/22/2007, in the amount of $500,000, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.37% Debt to Income Ratio (DTI). There was a Manual approval dated 05/22/2007, in the loan file. | Stated | $500,000.00 | 2846365 |
| | | | 1.04 (c) (v) SARM 2007-8_No Fraud Flags Present - Red / 1.04 (c) (vii) SARM 2007-8_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Vocational Counselor earning $6,825 per month on the loan application and the Co-Borrower listed income of $5,565 per month as a self-employed Owner of a home based child care business. The post-closing Verification of Employment obtained through the Borrower's employer and the post-closing tax return obtained through the modification process for 2007, the year of the subject loan closing, revealed the Borrower earned $4,843 per month and the Co-Borrower earned $2,000 in gross receipts per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers falsely stated income as a Vocational Counselor, earning $6,825 per month and as a home based self-employed Owner of a child daycare business, earning $5,565 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846365 |
| 20 | 00046783767 | 1st | SARM 2007-10 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 06/06/2007, in the amount of $272,000, as a rate and term refinance of a non-owner occupied 2-unit property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.82% Debt to Income Ratio (DTI). There was a Manual approval dated 06/01/2007, in the loan file. | Stated | $272,000.00 | 2846351 |
| | | | 1.04 (c) (v) SARM 2007-10_No Fraud Flags Present With No Red / 1.04 (c) (vii) SARM 2007-10_No Event of Default | Misrepresentation of Employment - No Red Flags Present | Misrepresentation of Employment | 1 3 | The Borrower misrepresented his employment on the loan application as a self-employed licensed Real Estate Agent with a real estate company 2.6 years. The loan file included a copy of the Borrower's 2008 income tax documents included in the post-closing documentation, which listed three additional businesses, which were not disclosed at origination. Further research conducted through public records supported the undisclosed businesses listed on the Borrower's 2008 income tax documents were active at the time of closing. The public records revealed the Borrower owned a bed and breakfast business from 2005 through 2012, an additional real estate business from 01/2007 through 12/2008 and a real estate leasing company from 01/2007 through 2011, all of which were operational during the subject loan closing date of 06/06/2007.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage an/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the executed Mortgage and/or Deed of Trust.

Despite the Seller's representations, the Borrower falsely stated employment as a self-employed licensed Real Estate Agent with a real estate company 2.6 years as his only source of employment, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846351 |
| | | | 1.04 (c) (v) SARM 2007-10_No Fraud Flags Present - Near Year / 1.04 (c) (vii) SARM 2007-10_No Event of Default | Misrepresentation of Employment - Near Year Income Evidence | Misrepresentation of Income | 2 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed licensed Real Estate Agent with a real estate company earning $15,000 per month on the loan application. The loan file contained post-closing documentation including the Borrower's 2008 income tax documents, which revealed the Borrower earned a monthly income of $1,416 per month as a self-employed, licensed, Real Estate Agent. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a licensed Real Estate Agent earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846351 |
| 21 | 00046802278 | 1st | LXS 2007-15N | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 06/06/2007, in the amount of $576,000, as a rate and term refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/90% Loan to value/combined loan to value, and a 48.57% debt to income ratio. There was Manual approval, dated 06/06/2007, in the loan file. | Stated | $576,000.00 | 2845518 |
| | | | 1.04 (c) (v) LXS 2007-15N_No Fraud Flags Present / 1.04 (c) (vii) LXS 2007-15N_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Senior Corporate Accountant, earning $14,580 per month on the loan application. The loan file contained post-closing documentation including the Borrower's 2007 W-2 form, which revealed the Borrower earned income of $59,325 or $4,944 per month for the year the subject loan closed.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Senior Corporate Accountant, earning $14,580 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845518 |

| 22 | 00046872891 | 1st | SARM 2007-8 | | Loan Summary | Loan Summary | | | The subject loan is a cash out refinance in the amount of $214,000... the loan closed on 12/19/06... securitized in a planned unit development... was approved as an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.11%... DTI ratio. There was a Full Documentation loan in the file. | Full | $214,000.00 | 2846371 |
| | | | 1.04 (c) (v) SARM 2007-8_No Fraud | Misrepresentation of Income - No Red Flags Present | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated rental income of $1,650 represented by the lease agreement for the departing residence at origination. The loan file contained post-closing documentation including the Borrower's 2007 tax return filed in March 2008, 9 months after the subject loan closing on 06/18/2007, which revealed the Borrower remained at her departing residence. In addition, public records reported utility records for the departing residence in the Borrower's name from 09/2006 through 08/2013 and no records were reported for the subject property in the Borrower's name, resulting in the misrepresentation of the rental income for the departing residence.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the loan.

In addition to the Seller's representation and warranty regarding of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated rental income for the departing residence in the amount of $1,650 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846371 |
| | | | 1.04 (c) (vii) SARM 2007-8_No Event of Default | | | | | | | | |
| | | | 1.04 (c) (vii) SARM 2007-8_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan file contained post-closing documentation including the Borrower's 2007 tax return filed in March 2008, 9 months after the subject loan closing on 06/18/2007, which revealed the Borrower remained at her departing residence. In addition, public records reported utility records for the departing residence in the Borrower's name from 09/2006 through 08/2013 and no records were reported for the subject property in the Borrower's name.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846371 |
| 23 | 00046911905 | 1st | LXS 2007-17H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/19/2007, in the amount of $380,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.99% Debt to Income Ratio (DTI). There was a Manual approval dated 06/19/2007, in the loan file. | Full | $380,000.00 | 2845552 |
| | | | 1.04 (b) (xxix) LXS 2007-17H_No Fraud | Misrepresentation of Employment With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a Leasing and Marketing Agent for a property leasing company for 2 years. Research of public records revealed the Borrower was the Owner of a business from 07/01/2006 through the present date, which covered the subject loan closing date of 06/19/2007.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Leasing and Marketing Agent for a property leasing company for 2 years as his sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845552 |
| | | | 1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | | | | | | | | |
| | | | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research conducted through public records did not list an occupancy history at the subject property for the Borrower; however, an extensive occupancy history was reported at the departing address located in Bellevue, Washington from 01/1999 through 05/2010. The Borrower's address history reported on the audit credit report also did not list the subject address as an address as previously or presently occupied by the Borrower.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845552 |
| | | | 1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | | | | | | | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:46:25 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

Cowen_US Bank Final Version_36

| 24 | 00047170154 | 1st | LXS 2007-18N | | Loan Summary | Loan Summary | | | The subject loan closed on 07/30/2007 in the amount of $314,000... (illegible) ...approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% Loan to Value, and a 40.78% Debt to Income Ratio (DTI). There was a Manual approval dated 07/30/2007. | Stated | $314,000.00 | 2845562 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2007-18N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-18N_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower falsely stated income as the Owner of a party supply business earning $9,999 per month on the loan application. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy on 05/01/2008 with the US Bankruptcy of Oregon. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $1,442 per month the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the self-employed Owner of a party store business earning $9,999 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845562 |
| | | | | 1.04 (c) (v) LXS 2007-18N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-18N_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower filed for Chapter 7 bankruptcy on 05/01/2008. The Statement of Financial Affairs revealed the Borrower did not occupy the subject property as his primary residence for a minimum of three years prior to the filing. The subject loan closed on 07/30/2007. Additionally, Schedule D of the bankruptcy filing reflects that the subject property was actually the residence of the Borrower's brother.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845562 |
| 25 | 00047188545 | 1st | LXS 2007-17H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/13/2007 in the amount of $166,750 as a purchase of an owner occupied single family Condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% loan to value, and a 34.43% Debt To Income Ratio (DTI). There was a Manual approval dated 08/19/2006, in the loan file. | Stated | $166,750.00 | 2845558 |
| | | | | 1.04 (b) (xvi) LXS 2007-17H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrowers' verified income results in an increase from 39.625% to 92.2%, which exceeds the Seller's represented DTI of 60%. | | | 2845558 |
| | | | | 1.04 (b) (xvi) LXS 2007-17H_DTI<br><br>1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Restaurant Food Server earning $3,750 per month on the loan application and the Co-Borrower falsely stated income of $3,500 per month as a Restaurant Food Server on the loan application. The loan file contained post-closing documentation including the Borrowers' 2007 tax return, which revealed the Borrower earned $20,838, or $1,736.50 per month and the Co-Borrower earned $13,881 or $1,156.75 per month the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrowers' verified incomes yield a debt to income (DTI) of 92.2%, which exceeds the Seller's represented Debt to Income Ratio of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Restaurant Food Server earning $3,750 per month and the Co-Borrower falsely stated income as a Restaurant Food Server earning $3,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845558 |
| 26 | 00047729223 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/12/2007, in the amount of $731,500, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.25% Debt to Income Ratio (DTI). There was a Manual approval dated 10/29/2007, in the loan file. | Stated | $731,500.00 | 2846408 |
| | | | | 1.04 (b) (xii) SARM 2008-2_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xxiv) SARM 2008-2_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846408 |
| | | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a home builder business earning $17,379 per month on the loan application. Research of public records revealed the Borrower filed a bankruptcy petition on 05/20/2009, which revealed the Borrower along with his non-signing spouse earned $1,112 per month for 2007, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a home builder earning $17,379 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846408 |

| 27 | 00121874986 | 2nd | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/17/2006, in the amount of $106,000.00, secured by an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA Doc) documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.761% Debt to Income Ratio (DTI). There was a Manual approval dated 07/17/2006, in the loan file. | Stated | $106,000.00 | 2844885 |
| | | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 / 1.04 (b) (xxi) BNC 2006-1_No Fraud / 1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. The Mortgage Electronic Registration System (MERS) and an audit credit report revealed the Borrower had a disclosed rental property with an undisclosed refinance transaction from an existing first mortgage in the amount of $160,000 with a monthly payment of $1,235 to a new first mortgage in the amount of $187,000 with a new undisclosed monthly mortgage payment of $1,333, which was a difference of $98 in monthly payment.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented her debt obligations by failing to disclose a $98 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844885 |
| | | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 / 1.04 (b) (xxi) BNC 2006-1_No Fraud / 1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Secretary/Stenographer, earning $8,975 per month on the loan application. The Borrower filed a Chapter 13 Bankruptcy on 02/27/2009 with the District of Columbia. The petition included a Statement of Financial Affairs, which revealed the Borrower earned a monthly income of $5,000 per month in the year of 2007. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Secretary/Stenographer earning $8,975 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844885 |
| 28 | 00123259855 | 2nd | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | Based on the data tape, the subject loan closed on 11/21/2006, in the amount of $74,000, as a purchase of an owner occupied property and the loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did not include any origination documents and only contained 14 pages of post-closing documents dated in 2012. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $74,000.00 | 2847147 |
| | | | 1.04 (b) (xl) SAS 2007-BNC1_Underwriting Guidelines / 1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.

Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed. | | | 2847147 |
| 29 | 00123260515 | 2nd | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | Based on the data tape, the subject loan closed on 11/28/2006, in the amount of $88,000, as a purchase of an owner occupied property. The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did not include any origination documents. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $88,000.00 | 2847148 |
| | | | 1.04 (b) (xl) SAS 2007-BNC1_Underwriting Guidelines / 1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.

Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed. | | | 2847148 |
| 30 | 0014559777 | 1st | SAIL 2003-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/15/2002, in the amount of $190,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $190,000.00 | 2845686 |
| | | | 1.04 (b) (xl) SAIL 2003-BC1_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.

The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2845686 |
| | | | 1.04 (b) (xl) SAIL 2003-BC1_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2845686 |

# Digital Risk – Loan Review Findings

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 31 | 0014577167 | 2nd | SAIL 2004-2 | | | | Findings Summary | 1 | 3 | The subject loan was not submitted, based on the amount of $25,650.00, to the Seller's Underwriting System for a determination as to whether the loan was properly stipulated and approved in adherence with the guidelines. The loan program in effect at the time of the subject loan. The loan file only contained the Mortgage and Title Commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | | | $25,650.00 | 2845751 | |
| | | | | 1.04 (b) (xii) SAIL 2004-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2004-2_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2004-2_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845751 | |
| | | | | 1.04 (b) (xii) SAIL 2004-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2004-2_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2004-2_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845751 | |
| | | | | 1.04 (b) (xii) SAIL 2004-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAIL 2004-2_Mortgage File<br><br>1.04 (c) (xvii) SAIL 2004-2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845751 | |
| | | | | 1.04 (c) (xviii) SAIL 2004-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2845751 | |

**946**

# Digital Risk - Loan Review Findings

| 32 | 0014579957 | 2nd | SAIL 2003-BC1 | | Loan Summary | Loan Summary | 4 | | The subject loan closed on 10/29/2002, in the amount of $60,980.00 and based on the data tape, the subject loan was approved as a purchase of an owner occupied, single family residence and the loan was approved as a No Income/No Employment/No Asset documentation loan, with a Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly structured and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject second lien note, the title policy and the title commitment. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $60,980.00 | 2845690 | |
| | | | | 1.04 (b) (xi) SAIL 2003-BC1_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2845690 | |
| | | | | 1.04 (b) (xi) SAIL 2003-BC1_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2845690 | |
| 33 | 0014898555 | 2nd | SAIL 2003-BC11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/31/2002, in the amount of $24,200 and based on the data tape, the subject loan was approved as a purchase of an owner occupied, single family residence and the loan was approved as a No Income/No Employment/No Asset documentation loan, with a 10%/89.92% Loan to Value/Combined Loan to Value (LTV/CLTV) and a Debt to Income (DTI) could not be determined due to the missing documents. There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly structured and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the loan application, a partial appraisal, the subject second lien mortgage and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | NINENA | $24,400.00 | 2845694 | |
| | | | | 1.04 (b) (xiii) SAIL 2003-BC11_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xi) SAIL 2003-BC11_Mortgage File<br><br>1.04 (c) (xvii) SAIL 2003-BC11_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845694 | |
| | | | | 1.04 (b) (xiii) SAIL 2003-BC11_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2003-BC11_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2845694 | |
| | | | | 1.04 (b) (xiii) SAIL 2003-BC11_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2003-BC11_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845694 | |
| | | | | 1.04 (c) (xviii) SAIL 2003-BC11_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was incomplete and did not include all pages of the appraisal report; therefore, the complete appraisal report is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the incomplete origination appraisal complied with the Act. | | | 2845694 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:46:25 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

| 34 | 0015285521 | 2nd | SASC 2004-53 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/28/2003, in the amount of $67,800 on an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the loan application, subject second lien note, the subject second lien note, the title policy, the title commitment, a partial appraisal report and a HUD-1 Settlement Statement. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Stated | $67,800.00 | 2846649 |
| | | | 1.04 (b) (xiii) SAS 2004-53_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846649 |
| | | | 1.04 (b) (xvii) SAS 2004-53_Origination Practices | | | | | | | | |
| | | | 1.04 (c) (v) SAS 2004-53_No Fraud With No Red Flags Present | Misrepresentation of Employment | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application as the Owner of a gasoline station for 34 years. Research conducted through Accurint revealed that the Borrower was an Owner of an additional handy man business, which was not disclosed on the loan application. Accurint reported that the undisclosed business was opened at the time of closing in the same year as subject loan closing from 02/23/2003 through 2005, which covers the subject loan closing date of 02/28/2003.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as the Owner of a gasoline station for 34 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846649 |
| | | | 1.04 (c) (vii) SAS 2004-53_No Event of Default | | | | | | | | |
| 35 | 0015563398 | 1st | SAIL 2003-BC13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/23/2003, in the amount of $207,000 and based on the data tape, the subject loan was approved as a cash-out refinance of an owner occupied, single family residence and the loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification)loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject note, the subject mortgage, the mortgage insurance and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | NINENA | $207,000.00 | 2845696 |
| | | | 1.04 (b) (xiii) SAIL 2003-BC13_Compliance with Applicable Law - Deemed MnA | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845696 |
| | | | 1.04 (b) (xvii) (g) SAIL 2003-BC13_Fees Disclosed - Deemed MnA_Pool 1 | | | | | | | | |
| | | | 1.04 (b) (xvii) (h) SAIL 2003-BC13_Written Disclosure - Deemed MnA_Pool 1 | | | | | | | | |
| | | | 1.04 (c) (xvii) SAIL 2003-BC13_Origination Practices | | | | | | | | |
| | | | 1.04 (b) (xiii) SAIL 2003-BC13_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845696 |
| | | | 1.04 (b) (xvii) (g) SAIL 2003-BC13_Fees Disclosed - Deemed MnA_Pool 1 | | | | | | | | |
| | | | 1.04 (b) (xvii) (h) SAIL 2003-BC13_Written Disclosure - Deemed MnA_Pool 1 | | | | | | | | |
| | | | 1.04 (c) (xvii) SAIL 2003-BC13_Origination Practices | | | | | | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xiii) SAIL 2003-BC13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2003-BC13_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | | | The subject loan closed on [...] The Truth in Lending (TIL) Act required to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845696 |
| | | | 1.04 (c) (xviii) SAIL 2003-BC13_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is evidence in the file that the origination appraisal complied with the Act. | | 2845696 |
| 36 | 0015633282 | 2nd | SAIL 2004-2 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/30/2003, in the amount of $35,212 and based on the data tape, the subject loan was approved as a purchase of an owner occupied property and the loan was approved as a Full documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV) and a Debt to Income (DTI) could not be determined due to the missing documents. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject second lien note, the first lien note, the first and second lien mortgage, the title policy and the title commitment. All other documents contained in the loan file were post-closing documents that were all dated after the subject loan closing date. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Full | $35,212.00 | 2845752 |
| | | | 1.04 (b) (xiii) SAIL 2004-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2004-2_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2004-2_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845752 |
| | | | 1.04 (b) (xiii) SAIL 2004-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2004-2_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2004-2_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845752 |
| | | | 1.04 (c) (xviii) SAIL 2004-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845752 |
| 37 | 0015634553 | 2nd | SAIL 2004-2 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/30/2003, in the amount of $20,000. According to the data tape, the subject loan was approved as a cash-out refinance of a non-owner occupied, Planned Unit Development (PUD) and the loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with a 11.2%/89.71% Loan to Value/Combined Loan to Value (LTV/CLTV) and a Debt to Income (DTI) could not be determined due to the missing documents. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file included a copy of the subject second lien note, the subject second lien mortgage and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Stated | $20,000.00 | 2845753 |

# Digital Risk - Loan Review Findings

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xiii) SASCO 2004-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2004-2_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2004-2_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of Mortgage Loan and interest of the Certificateholders. | | 2845753 | |
| | | | | 1.04 (b) (xiii) SAIL 2004-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) (g) SAIL 2004-2_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xvii) (h) SAIL 2004-2_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (c) (xvii) SAIL 2004-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of Mortgage Loan and interest of the Certificateholders. | | 2845753 | |
| | | | | 1.04 (c) (xviii) SAIL 2004-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845753 | |
| 38 | 0015790850 | 1st | SAS 2006-GEL4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/09/2003, in the amount of $128,000. Based on the data tape, the subject loan was approved as a purchase of an owner occupied property with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV). The loan file only contained the Borrower's Note, the Mortgage and the title policy and the title commitment. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $128,000.00 | 2844746 |
| | | | | 1.04 (b) (xiii) SASCO 2006-GEL4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SASCO 2006-GEL4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2844746 | |
| | | | | 1.04 (b) (xiii) SASCO 2006-GEL4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SASCO 2006-GEL4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2844746 | |
| | | | | 1.04 (c) (xviii) SASCO 2006-GEL4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2844746 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:46:25 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

# Digital Risk – Loan Review Findings

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:46:25 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

Cowen_US Bank Final Version_35

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 00033323221 | 1st | SARM 2006-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/20/2006, in the amount of $601,350, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 79.99%/94.99% Loan to value/Combined loan to value, and a 39.96% Debt to Income Ratio. There was a Manual approval dated 09/08/2006, in the loan file. | Stated | $601,350.00 | 2846226 | |
| | | | | 1.04 (c) (v) SARM 2006-11_No Fraud  1.04 (c) (vii) SARM 2006-11_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Event Planner for a golf club manufacturing company for 6 years, earning $15,000 per month on the loan application. An audit verification of employment and income was conducted through The Work Number, which revealed the Borrower earned $5,522 per month in 2008 in the same position as disclosed at origination. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any part thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as an Event Planner for a golf club manufacturing company for 6 years, earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846226 | |
| 2 | 00033405184 | 1st | LMT 2006-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/02/2006, in the amount of $476,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 36% Debt to Income Ratio. There was a Manual approval dated 09/28/2006, in the loan file. | Stated | $476,000.00 | 2845267 | |
| | | | | 1.04 (c) (xxii) LMT 2006-8_No Fraud  1.04 (c) (xxiv) LMT 2006-8_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a sole proprietorship insurance business earning $34,000 per month on the loan application. The loan file contained post-closing documentation including the Borrower's 2007 income tax returns, which revealed a monthly income of $9,745. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any part thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as the Owner of a sole proprietorship insurance business earning $34,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845267 | |
| | | | | 1.04 (c) (xxii) LMT 2006-8_No Fraud  1.04 (c) (xxiv) LMT 2006-8_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Per public records, the Borrower did not occupy the subject property as his primary residence after the subject loan's closing date of 10/02/2006, as required. The records revealed the Borrower continuously occupied a property located in Palm City, FL, from January 1998 to September 2012. According to public records obtained through the Martin County tax assessor's office in Florida, the Borrower has filed Homestead exemption on his primary residence in Palm City, FL for 2006 and 2007. In addition, the Borrower disclosed on his hardship letter, which was provided in his post-closing documents that the subject property was acquired as an investment property. The disclosure signed at closing from the Borrower reflected his intent to occupy the subject property.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any part thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845267 | |

| # | Loan # | Lien | Codes | Sub 1 | Sub 2 | | | Narrative | | Amount | ID | |
|---|--------|------|-------|-------|-------|---|---|-----------|---|--------|----|----|
| 3 | 0003353058S | 1st | SARM 2006-12 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/18/2006 in the amount of $431,276. It was a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.27% Debt to Income Ratio (DTI). There was a Manual approval, dated 09/29/2006 in the loan file. | Stated | $431,276.00 | 2846229 | |
| | | | 1.04 (b) (xii) SARM 2006-12_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-12_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-12_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($712,761.48) is ($150.65) below the actual finance charge ($712,912.13). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2846229 | |
| | | | 1.04 (c) (v) SARM 2006-12_No Fraud<br><br>1.04 (c) (vii) SARM 2006-12_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income with the U. S. Navy earning $5,400 per month and the Co-Borrower falsely stated income as a Quality Control Inspector, earning $4,600 per month on the loan application. The loan file contained post-closing income documentation including the Borrowers' 2006 tax return. The tax return reflected combined income of $64,007, or $5,339 per month. In addition, an audit verification of income was conducted through The Work Number, which revealed the Co-Borrower's income was $3,402 per month in 2006, the year the subject loan closed, which was calculated from the date of hire of 03/20/2006 through the inactive date of 12/01/2006, or 8.35 months. The Co-Borrower's verified income was subtracted from the combined income reflected on the 2006 tax return, resulting in a monthly income of $2,966 for the Borrower. It should be noted, the Co-Borrower's income was verified as of her employment dates of 03/20/2006 through 12/01/2006. It is unknown if the Co-Borrower had any earnings in 01/2006 through the date of hire or in 12/2006; therefore, all remaining income was credited to the Borrower after the Co-Borrower's verified earnings were subtracted.<br><br>The Seller represented and warranted, in part, that no document submitted for loan approval was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income with the U. S. Navy earning $5,400 per month and the Co-Borrower falsely stated income as a Quality Control Inspector, earning $4,600 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846229 | |
| 4 | 00036341014 | 1st | LMT 2005-2 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/07/2005, in the amount of $164,800. According to the MLS Data Tape provided by the Seller the subject was a purchase of an owner occupied single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a Note, Mortgage, HUD, and Title, and evidence of Hazard Insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $164,800.00 | 2845239 | |
| | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845239 | |

Cowen_US Bank Final Version_35

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii) LMT 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualifying appraisal. Title 11 of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845239 |
| 5 | 00036454973 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/03/2005, in the amount of $359,650, as a purchase of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with an 80%/100% Loan to Value/Combined Loan to Value. There was a Manual approval dated 09/22/2005, in the loan file. | NINA | $359,650.00 | 2845241 |
| . | | | | 1.04 (c) (v) LMT 2005-2_No Fraud 1.04 (c) (vii) LMT 2005-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A review an audit credit report revealed the Borrowers had an installment loan obtained in 10/2004 with a credit limit of $15,000 and a $241 monthly payment, which was not disclosed at origination. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The non-disclosure of a $241 monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt. Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $241 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845241 |
| 6 | 00040705998 | 1st | SARM 2007-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/31/2007, in the amount of $404,000, as a purchase of an owner occupied detached single family residence. The loan was approved as a Stated Income/verified Asset  loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.95% Debt To Income Ratio (DTI). There was a Manual approval dated 06/06/2007, in the loan file. | Stated | $404,000.00 | 2846362 |
| . | | | | 1.04 (c) (v) SARM 2007-8_No Fraud 1.04 (c) (vii) SARM 2007-8 No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as the Owner of a mobile automobile detailing business earning $13,400 per month. The loan file contained post-closing income documentation including the Borrower's 2006 and 2007 tax returns as part of a loss mitigation process, which revealed the Borrower earned $1,319 per month the year the subject loan closed. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as the Owner of a mobile automobile detailing business earning $13,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846362 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:38:12 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrls01/ReportServ

Cowen_US Bank Final Version_35

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-8   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 4   Pg 182 of 201

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 00040863375 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/7/2007, in the amount of $396,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Full/Alternative documentation loan, with an 80%/95% Loan to Value/Combined Loan to Value, and a 38% Debt to Income Ratio. There was a Desktop Underwriter approval, dated 11/26/2007, in the loan file. | Full | $396,000.00 | 2846376 |
| . | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. The Borrower falsely stated her employment as a Managing Director of construction company for 5 years. The loan file contained post-closing documentation including a hardship letter, which reflected the Borrower was self-employed at the time of loan application and closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Managing Director of construction company for 5 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846376 |
| . | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Marketing Director earning $12,300 per month on the loan application. The loan file contained post-closing documentation including a hardship letter which reflected the Borrower was actually self-employed at the time of origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition, to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Marketing Director earning $12,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846376 |
| 8 | 00045944741 | 1st | LXS 2007-7N | | Loan Summary | Loan Summary | 0 | 0 | Loan Summary. The subject loan closed on 04/04/2007, in the amount of $268,000, as cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/90% Loan to value/Combined loan to value, and a 42% Debt to income ratio. There was a manual approval dated 04/03/2007, in the loan file. | Stated | $268,000.00 | 2845623 |
| . | | | 1.04 (b) (xxi) (i) LXS 2007-7N_Underwriting Methodology - Deemed MnA_Pool 2 | Failure to Verify Assets | Failure to Verify Assets | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's assets, so as to confirm the Borrower's strength of savings patterns, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Per the final HUD-1 Settlement Statement, the Borrower's funds required for closing were $1,194. The file did not contain any asset documentation.<br><br>Despite the Seller's representations, there was a $1,194 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845623 |

Cowen_US Bank Final Version_35

| # | Loan Number | Lien | Deal | | Finding | Finding Type | | Code | Description | Doc | Balance | ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 00046096368 | 1st | LXS 2007-12N | Loan Summary | Loan Summary | | 0 0 | | The subject loan closed on 4/10/2007 in the amount of $355,200 as refinance cash out transaction of an owner occupied single family NIVA residence. The loan was approved as a No Ratio (No Income, Verified Assets) loan, with an 80%/90% Loan to value/Combined loan to value. There was a Manual approval dated 04/10/20087, in the loan file | NIVA | $355,200.00 | 2845504 | |
| . | | | | 1.04 (b) (xii) LXS 2007-12N_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.

The Seller represented and warranted that the subject loan complied in all material respects with applicable laws. Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.

The disclosed finance charge ($727,851.65) is ($168.33) below the actual finance charge($728,019.98). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845504 | |
| 10 | 00047787502 | 1st | SARM 2008-2 | Loan Summary | Loan Summary | | 0 0 | | The subject loan closed on 11/28/2007, in the amount of $268,000 as a cash out refinance of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset loan, with 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.98% Debt to Income Ratio (DTI). There was a Manual approval dated 11/23/2007, in the loan file. | Stated | $268,000.00 | 2846417 | |
| . | | | | 1.04 (c) (v) SARM 2008-2_No Fraud

1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as an Assistant Manager for a retail store earning $5,584 per month and the Co-Borrower listed income of $5,324 per month as the Owner of a home based real estate business on the loan application. The loan file contained post-closing documentation including the Borrowers' tax return for 2007, which revealed a combined income of $2,910 per month for both Borrowers.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers falsely stated income as an Assistant Manager for a retail store earning $5,584 per month and the Co-Borrower listed income of $5,324 per month as the Owner of a home based real estate business on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846417 | |
| 11 | 00047873575 | 1st | SARM 2008-2 | Loan Summary | Loan Summary | | 0 0 | | The subject loan closed on 12/12/2007, in the amount of $667,000 as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with a 79.88% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.58% Debt to Income Ratio (DTI). There was a Manual approval dated 12/10/2007, in the loan file. | Stated | $667,000.00 | 2846423 | |
| . | | | | 1.04 (c) (v) SARM 2008-2_No Fraud

1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a self-employed Auditor and Property Investor earning $21,500 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's tax return, obtained through the modification process, for 2007, the year of the subject loan closing, which revealed the total income for the Borrower and the Borrower's non-signing spouse, was $1,280 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a self-employed Auditor and Property Investor earning $21,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846423 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:38:12 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

Cowen_US Bank Final Version_35

| 12 | 00047888508 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/28/2007, in the amount of $1,015,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with a 69.76% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.86 % Debt to Income Ratio (DTI). There was a Manual approval dated 12/20/2007, in the loan file. | Stated | $1,015,000.00 | 2846426 | |
| . | | | | 1.04 (b) (xii) SARM 2008-2_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xxiv) SARM 2008-2_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The signed HUD-1 contained in the loan file was stamped estimate and the HUD-1 stamped Final was not signed by the Borrowers. The state was not a dry state.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846426 | |
| . | | | | 1.04 (b) (xii) SARM 2008-2_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xxiv) SARM 2008-2_Compliance with Applicable Law | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is in the loan file; however, the loan disbursement date (2008-01-02) is earlier than, or the same day as, the calculated "Right to Cancel Expire Date" (2008-01-02). Under Reg Z, funds may not be disbursed to the borrower until after the expiration of the rescission period. (Reg Z, 12 CFR 1026.23(c); 12 CFR 1026.15(c); and the Official Staff Commentary to Reg Z).<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a correct Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2846426 | |
| 13 | 00048048045 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/06/2008, in the amount of $508,000, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 78.15% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 55.07% Debt to Income Ratio (DTI). There was a Manual approval dated 02/06/2008, in the loan file. | Full | $508,000.00 | 2846437 | |
| . | | | | 1.04 (c) (v) SARM 2008-2_Misrepresentation - With No Red Flags Present<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Employment | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a Project Superintendent with a construction company for 5.6 years. Research of public records revealed the Borrower filed a Chapter 13 Bankruptcy on 03/18/2011 including a Statement of financial Affairs, which revealed the Borrower owned a real estate development company from 2006 through 2010, which was not disclosed on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Project Superintendent with a construction company for 5.6 years as his sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846437 | |
| . | | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records reported an extensive occupancy history at the property listed as the Borrower's rental property from 05/1996 through 08/2013. The Borrower's bank statement found in the post-closing documents dated from 06/26/2009 through 07/28/2009 listed the rental property as the mailing address, which was 4 months after the subject loan closing date.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Further, the loan file contained verification of deposit (VOD) as evidence of the Borrower's assets, which reflected the Borrower's rental property as a mailing address, which was not addressed at origination.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846437 | |

Cowen_US Bank Final Version_35

| # | Loan # | | | | | | | | | Finding Description | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 0006770150 | 1st | SAS 2004-NP1 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 05/21/1998, in the amount of $30,400. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, the Mortgage and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $30,400.00 | 2844713 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844713 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844713 |
| 15 | 0008938961 | 1st | SAS 2004-NP1 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 09/30/1997, in the amount of $62,965. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, the Mortgage and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $62,965.00 | 2844714 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844714 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844714 |
| 16 | 0009477399 | 1st | SAS 2004-NP1 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 10/01/1993, in the amount of $43,210. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $43,210.00 | 2844715 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844715 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844715 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2844715 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:38:12 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

| 17 | 0009497611 | 1st | SAS 2004-NP1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/08/1996, in the amount of $82,413. There was neither an Automated Underwriting System (AUS) nor Manual approval indicated in the loan file to determinately ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' Note, the Mortgage and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $82,413.00 | 2844716 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844716 |
| . | | | | 1.04 (b) (v) SASCO 2004-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844716 |
| 18 | 00121291520 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/20/2006, in the amount of $281,000, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.657% Debt to Income Ratio (DTI). There was a Manual approval dated 06/20/2007, in the loan file. | Full | $281,000.00 | 2844781 |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Satisfaction of Derogatory Debts | Failure to Pay Open Collections | 1 | 3 | The origination credit report, dated 05/16/2006, reflected an unpaid judgment in the amount of $584 and was not satisfied prior to closing or at closing.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the satisfaction of pre-existing debts was verified prior to closing or that the loan proceeds were used to pay off the debts; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844781 |
| 19 | 00121843809 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/07/2006, in the amount of $409,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Full Documentation/Bank Statement loan, with an 89.89% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.51% Debt to Income Ratio (DTI). There was a Manual approval dated 07/07/2006, in the loan file. | Full | $409,000.00 | 2844813 |
| . | | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Truck Driver earning $12,977 per month on the loan application. The income was based on the average of 12 months deposits; however, the post-closing tax returns obtained through the modification process, for 2006, the year of the subject loan closing revealed gross 1099 monthly earnings of $6196 for 2006. Also the adjusted gross earnings for 2006 were $1,081.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Truck Driver earning $12,977 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844813 |

Cowen_US Bank Final Version_35

| 20 | 00121853725 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/17/2006, in the amount of $214,000, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with an 89.92% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.79% Debt to Income Ratio (DTI). There was a Manual approval dated 07/14/2006, in the loan file. | Full | | $214,000.00 | 2844832 | |
| . | | | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 2 | 3 | According to the final HUD-1 Settlement Statement, the Borrower was not required to bring funds to closing; however, the Borrower was required to verify 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $4,024 for the subject property. In total, assets of $4,024 were required to be verified. The loan file contained bank statements, dated 07/06/2006, which reflected an ending balance of $3,186 and the HUD-1 reflected cash out in the amount of $496, or a total of $3,682.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was a $342 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2844832 | |
| . | | | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Income | Improper Calculation of Income | 3 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Accurate calculation of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, a review of the loan file reveals the Lender failed to accurately calculate the Borrower's income and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2844832 | |
| . | | | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 4 | 3 | The Borrower misrepresented his debt obligations. Research of an audit credit report revealed the Borrower purchased a recreational vehicle in 06/2006, the month prior to the subject loan closing on 07/17/2006, and acquired an installment loan in the amount of $107,488 with a monthly payment of $448 which was calculated at 0% for 240 months, which was not disclosed at origination.<br>\<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The Origination Credit Report, dated 07/10/2006, reflected 8 inquiries from 05/05/2006 to 07/06/2006, which included an inquiry from the Lender of the undisclosed debt<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $448 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with | | | | 2844832 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud

1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 5 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records and Bankruptcy records revealed the Borrower did not occupy the subject property from 12 months after closing on 07/17/2006 as required by the Mortgage Deed which, states the Borrower must occupy the subject property within 60 days and remain there for 12 months. The Bankruptcy Petition, dated 12/03/2008, indicated in Section 15 of the Statement of Financial Affairs, the Borrower did not occupy the subject property in the prior 3 years of the bankruptcy filing. In addition, public records indicated the Borrower purchased a home in 12/006, 5 months after the subject loan closing on 07/17/2006, and occupied the new property from 12/2006 to 08/2013.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844832 | |
| 21 | 00121856983 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/06/2006, in the amount of $540,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Full Documentation/Bank Statement loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 53.60% Debt to Income Ratio (DTI). There was a Manual approval dated 07/05/2006, in the loan file. | Full | $540,000.00 | 2844842 | |
| . | | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud

1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. Public records indicated the Borrower remained at the proposed departure residence from 08/1991 to 08/2013 and did not occupy the subject property after the closing date of 07/06/2006. Public records indicated another individual occupying the subject property from 07/2006 to 04/2009 and Driver's License records did not indicate subject property as the Borrower address; however, the Borrower's departing property address was reported.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844842 | |
| 22 | 00121858450 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/12/2006, in the amount of $115,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with a 51.11% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.14% Debt to Income Ratio (DTI). There was a Manual approval dated 07/12/2006, in the loan file. | Stated | $115,000.00 | 2844846 | |
| . | | | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a self-employed Owner of a home based child care business for 3 years, earning $3,500 per month.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844846 | |

| 23 | 00121860035 | 2nd | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/20/2006, in the amount of $54,600 as a purchase of an owner occupied 2 unit property. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.76% Debt to Income Ratio (DTI). There was a Manual approval dated 07/20/2006, in the loan file. | Full | $54,600.00 | 2844849 |
| . | | | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 1 | 3 | Per the final HUD-1 Settlement Statement, the Borrower's funds required for closing were $5,242. In addition, the Borrower was required to verify $1,500 along with 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $4,727 for the subject property. In total, assets of $11,469 were required to be verified. The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan. The loan file contained a copy of the earnest money deposit check for $1,500 and a cashier's check for $2,000 from the Borrower; however, additional cashier's checks of $2,000 and $1,300 were remitted from a third party and were not the Borrower's funds. The loan file did not contain any documentation referencing any gift funds. Despite the Seller's representations, there was a $7,969 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844849 |
| . | | | | 1.04 (b) (xl) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records revealed the Borrower occupied a property other than the subject property from 11/1997 to 08/2013. Public records also indicated other individuals occupied the subject property from 07/2006 to 08/2013. The Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust but also significantly impacted the determination of the Borrowers' reasonable ability to repay the subject loan. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844849 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 10/31/2013 7:38:12 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

Cowen_US Bank Final Version_35

| 24 | 00121860159 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/18/2006, in the amount of $180,000 as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation/Bank Statement loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.17% Debt to Income Ratio (DTI). There was a Manual approval dated 07/18/2006, in the loan file. | Full | | $180,000.00 | 2844850 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his secondary source of income of self-employment as the Owner of a pressure washing business for 2 years on the loan application. Research of public records revealed the Borrower filed a bankruptcy petition on 07/14/2009, which did not reflect any self-employment in the prior 6 years of the Bankruptcy filing In addition, an audit of one of the business reference letters indicated the client did not remember the Borrower as a person who performed pressure washing services for her.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated secondary self-employment as an Owner of a pressure washing business for 2 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and also significantly impacted the determination of the Borrowers' reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2844850 | |
| . | | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated primary income as a Mechanic and secondary income as the Owner of a pressure cleaning business earning $6,571 per month on the loan application. Research of public records revealed the Borrower filed a bankruptcy petition on 07/14/2009, did not reflect any self-employment in the prior 6 years of the Bankruptcy filing. In addition, an audit of one of the business reference letters indicated the client did not remember the Borrower as a person who performed pressure washing services for her. Further, the loan file contained post-closing income documentation including the Borrower's 2006 W-2 form from his primary employment, which reflected the Borrower earned $4,809 per month the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated primary income as a Mechanic and secondary income as the Owner of a pressure cleaning business earning $6,571 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2844850 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:38:12 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

| 25 | 00121871891 | 1st | BNCMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/26/2006, in the amount of $588,000, as a purchase of a second home, Condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.590% Debt to Income Ratio (DTI). There was a Manual approval dated 08/01/2006, in the loan file. | Stated | $588,000.00 | 2844873 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| , | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research conducted through the Mortgage Electronic Registration System (MERS) and an audit credit report revealed that the Borrower obtained two undisclosed mortgages in the amounts of $720,000 with a monthly payment of $5,767, which was calculated using an 8.95% rate over 30 years as indicated on the sitexdata.com property report for the undisclosed property, the Borrower obtained an undisclosed second lien mortgage in the amount of $180,000 with a monthly payment of $966, which was calculated using a conservative 5% rate over 30 years. The Borrower obtained the undisclosed mortgages on 06/29/2006, or 1 month prior to the subject loan closing on 07/26/2006, which secured a property located in Maitland, Florida.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $6,733 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844873 |
| , | | | 1.04 (b) (xi) (d) BNC 2006-1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a self-employed Financial Officer, earning $16,800 per month on the loan application. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy on 04/11/2007 with the Middle District of Florida. The petition included a Statement of Financial Affairs, which did not list any earnings for the Borrower from the business listed on the loan application during the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Financial Officer $16,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844873 |
| , | | | 1.04 (b) (xxi) BNC 2006-1_No Fraud<br><br>1.04 (b) (xxiii) BNC 2006-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented her employment on the loan application as a self-employed Financial Officer for 3.4 years. The loan file contained post-closing documentation including a copy of the Borrower's business filing, which revealed a filing date in 01/2006, which was only 6 months prior to the subject loan closing date of 07/26/2006. Additionally, research of public records revealed the Borrower filed a bankruptcy petition, which confirmed the Borrower's self-employment began in January 2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment as a Financial Officer for 3.4 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844873 |
| , | | | | | | | | | **Grand Total of Repurchase Demand** | | $7,913,514.00 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/31/2013 7:38:12 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 00031670425 | 1st | LMT 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/22/2005, in the amount of $474,400, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income/ Verified Asset loan, with an 80%/90.08% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.14% Debt to Income Ratio (DTI). There was a Manual approval dated 09/07/2005, in the loan file. | Stated | $474,400.00 | 2845169 | |
| . | | | | 1.04 (c) (v) LMT 2005-1_No Fraud<br><br>1.04 (c) (xii) LMT 2005-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a school Custodian earning $6,500 per month on the loan application. An audit verification of employment obtained from the Borrower's employer indicated the Borrower earned $3,029 per month for 2005, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Custodian earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845169 | |
| 2 | 00031700974 | | LMT 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/25/2006, in the amount of $280,000, a purchase of an owner occupied Single Family Residence. The loan was approved with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, HUD-1, Homeowner's hazard insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $280,000.00 | 2845171 | |
| . | | | | 1.04 (b) (ii) LMT 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable law.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845171 | |
| . | | | | 1.04 (c) (xviii) LMT 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845171 | |
| 3 | 00031710809 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/30/2005, in the amount of $131,175, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32.23% Debt to Income Ratio (DTI). There was a Manual approval dated 09/29/2005, in the loan file. | Stated | $131,175.00 | 2845217 | |
| . | | | | 1.04 (b) (ii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($166,870.68) is ($195.00) below the actual finance charge($167,065.68). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845217 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 00031713183 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/23/2005 in the original amount of $156,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.94% Debt to Income Ratio (DTI). There was a Manual approval dated 09/08/2005, in the loan file. | Stated | $156,000.00 | 2845218 |
| . | | | | 1.04 (c) (v) LMT 2005-2_No Fraud<br><br>1.04 (c) (vii) LMT 2005-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Public records and an audit credit report reflected the Borrowers purchased an undisclosed property on 10/01/2005, 8 days after the subject loan closing on 09/23/2005, and acquired 2 mortgages in the amounts of $132,400 and $33,100 with monthly payments of $794 and $257.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $1,051 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845218 |
| . | | | | 1.04 (c) (v) LMT 2005-2_No Fraud<br><br>1.04 (c) (vii) LMT 2005-2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrowers misrepresented their intent to occupy the subject property. Public records indicated the Borrowers purchased an undisclosed property 8 days after the subject closing on 09/23/2005, and occupied the property from 10/2005 to 08/2013 and did not occupy the subject property. Public records indicated numerous other individuals occupied the subject property from 03/1988 to 08/2013.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845218 |
| 5 | 00031716509 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/27/2005, in the amount of $348,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.94%Debt to Income Ratio (DTI). There was a Manual approval dated 09/26/2005, in the loan file. | Stated | $348,000.00 | 2845219 |
| . | | | | 1.04 (c) (v) LMT 2005-2_No Fraud<br><br>1.04 (c) (vii) LMT 2005-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a home based delivery service, earning $10,146 per month on the loan application. The loan file contained post-closing income documentation including the Borrowers' 2007 tax return, which revealed the Borrower earned $6,418 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a home based delivery service, earning $10,418 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845219 |

Cowen_US Bank Final Version_34

| 6 | 00031760408 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/14/2005, in the amount of $456,000.00 for a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100 Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 09/27/2005, in the loan file. | Stated | $456,000.00 | 2845224 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) LMT 2005-2_No Fraud<br><br>1.04 (c) (vii) LMT 2005-2_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented its intent to occupy the subject property. Public records and utility records revealed the Borrower remained at the proposed departure address from 06/2001 to 08/2013 and the Borrower's daughter and a third party occupied the subject property from 10/2005 to 08/2013. The Borrower's daughter and the third party were not signers on the Note or purchase contract; however, were added to the HUD-1 and Title at closing. Public records also indicated the Borrower's daughter and third party occupied the Borrower's proposed departure property prior to the subject loan closing on 09/28/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845224 |
| . | | | | 1.04 (c) (v) LMT 2005-2_No Fraud<br><br>1.04 (c) (vii) LMT 2005-2_No Event of Default | Straw Purchaser Transaction | Straw Purchaser Transaction | 2 | 3 | The purchase was an ineligible transaction. The purchase contract, loan application, and Title Commitment indicated the Borrower as the sole buyer of the proposed owner-occupied subject property; however, the Borrower's daughter and a third party were added to the Title Policy and the HUD-1 at closing. Post-closing taxes for 2008 obtained through the modification process indicated the Borrower's daughter and a third party occupied the subject and were involved in the modification process, which reflected the payments were being made by the Borrower's daughter and the third party on title and not the Borrower.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Borrower had no intention of repaying the subject loan as the loan was obtained on behalf of a third party not part of the transaction.<br><br>Despite the Seller's representations, the Borrower provided misleading information on the loan file, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845224 |
| 7 | 00031774581 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/07/2005, in the amount of $208,000 with a 75.64%/88.37% loan to value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the HUD-1 Settlement Statement, the first lien Note, the first lien Mortgage, the hazard insurance policy, the title policy and the title commitment. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $208,000.00 | 2845225 |
| . | | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845225 |
| . | | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845225 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/30/2013 9:00:54 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (xviii) LMT 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845225 | |
| 8 | 00031816127 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 5/10/2005, in the amount of $336,000, as a cash out refinance of an owner occupied, single family residence (SFR). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 79.06%/88.94% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.708% Debt to Income Ratio (DTI). There was a Manual approval dated 10/07/2005, in the loan file. | Stated | $336,000.00 | 2845230 | |
| | | | 1.04 (c) (v) LMT 2005-2_No Fraud  1.04 (c) (xii) LMT 2005-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Pasteurizer for a dairy farm, earning $7,200 per month on the loan application. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the Eastern District of California. The petition included a Statement of Financial Affairs, which revealed the Borrower's income as $3,715 per month. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as a Pasteurizer for a dairy farm, earning $7,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845230 | |
| 9 | 00031857394 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/14/2005, in the amount of $193,500 with a 45.32% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the HUD-1 Settlement Statement, the first Note, the first lien Mortgage, the hazard insurance policy, the title policy and the title commitment. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $193,500.00 | 2845235 | |
| | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845235 | |
| | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845235 | |
| | | | 1.04 (c) (xviii) LMT 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845235 | |

Cowen_US Bank Final Version_34

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 00032250391 | 1st | LXS 2006-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/03/2006 in the amount of $199,920 for the purchase of a non-owner occupied, single family residence. The loan was approved as a Stated Employment/No Income Documentation loan program, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a Debt to Income (DTI) was not required by the Lender. There was a Manual approval dated 12/21/2005, in the loan file. | Stated | $199,920.00 | 2845418 | |
| | | | 1.04 (c) (v) LXS 2006-3_No Fraud 1.04 (c) (vii) LXS 2006-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. The Mortgage Electronic Registration System (MERS) report and the audit credit report indicated that the Borrower opened two undisclosed mortgages that secured one undisclosed property located in Ridgecrest, California on 01/03/2006, which is the same day as the subject loan closing date. The Borrower opened an undisclosed mortgage in the amount of $193,600 and the monthly mortgage payment was calculated using an 8.375% rate over 30 years as reported on the sitexdata.com property report for the undisclosed property, which resulted in an undisclosed monthly mortgage payment of $1,471. The Borrower also opened an undisclosed second mortgage in the amount of $36,300, which resulted in an undisclosed monthly mortgage payment of $394 per month as reported on the audit credit report. The Borrower opened a total of $229,900 in undisclosed mortgages that resulted in a total undisclosed monthly mortgage payment of $1,865 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,865 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2845418 | |
| 11 | 00032897886 | 1st | SARM 2006-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/18/2006, in the amount of $329,000, as a purchase of an owner occupied, Condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan program, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.67% Debt to Income (DTI). There was a Manual approval dated 05/04/2006, in the loan file. | Stated | $329,000.00 | 2846224 | |
| | | | 1.04 (c) (v) SARM 2006-10_No Fraud 1.04 (c) (vii) SARM 2006-10_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income with the second employer as a Lead Laundry man employed with a hospital earning $3,500 per month on the loan application. The loan file included the Borrower's 2007 near year income tax returns, which reported that the Borrower earned a monthly income of $1,416 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Lead Laundry man earning $3,500 per month from the Borrower's second employer on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846224 | |
| | | | 1.04 (c) (v) SARM 2006-10_No Fraud 1.04 (c) (vii) SARM 2006-10_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Per the loan application, the Borrower purchased the subject property as a primary home; however, the loan file included the Borrower's 2007 income tax returns in the post-closing documents, which only 1 year after the subject loan closing date of 05/18/2006 and reported that the Borrower still occupied the departing address located in Duarte, California, which was evidence that the Borrower did not occupy the subject property for at least 12 months after the subject loan closing. Additionally, the rental income received of $1,200 per month as stated on the loan application for the departing address was removed from the calculation of the Borrower's income and resulted an increase in the Borrower's monthly debts. Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.

Despite the Seller's representations, the subject loan was falsely represented as a second home transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846224 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/30/2013 9:00:54 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

| 12 | 00036618924 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | | | The subject loan closed on 10/10/2005, in the amount of $173,128.00, as a purchase of an owner occupied planned unit development. The loan was approved as a Full documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 45% Debt to Income. There was a manual approval dated 10/4/2005, in the loan file. | Full | $173,128.00 | 2845244 |
| . | | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) LMT 2005-2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The disclosed finance charge ($201,033.07) is ($149.97) below the actual finance charge ($201,183.04). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)). Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845244 |
| 13 | 00037447257 | 1st | LXS 2006-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/18/2006, in the amount of $252,000 an owner occupied purchase of a detached single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a Note, Mortgage, HUD, and Title. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $252,000.00 | 2845421 |
| . | | | | 1.04 (b) (xii) LXS 2006-3_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) LXS 2006-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845421 |
| 14 | 00039480041 | 1st | SASC 2007-BC2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/09/2006, in the amount of $356,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Full Documentation/Bank Statement loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 50.34% Debt to Income Ratio (DTI). There was a Manual approval dated 11/06/2006, in the loan file. | Full | $356,000.00 | 2847010 |
| . | | | | 1.04 (c) (v) SAS 2007-BC2_No Fraud 1.04 (c) (vii) SAS 2007-BC2_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as a contracted self-employed Software Designer. An audit verbal verification of employment obtained through the employer, revealed the Borrower was a full time wage earner employee. In addition, post-closing tax returns obtained through the modification process for 2006, the year of the subject loan closing does not reflect self-employment.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a contracted self-employed Software Designer for 2 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847010 |
| . | | | | 1.04 (c) (v) SAS 2007-BC2_No Fraud 1.04 (c) (vii) SAS 2007-BC2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a contracted self-employed Software Designer earning $10,000 per month on the loan application. The loan file contained a post closing tax return obtained through the modification process for 2006, the year of the subject loan closing, revealing wage earner income of $3,087 per month and no self-employed income. The 2006 joint tax return indicated the Borrower was disabled.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be provided for; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a contracted self-employed Software Designer earning $10,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847010 |

Cowen_US Bank Final Version_34

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | 1.04 (c) (v) SAS 2007-8C2_No Fraud<br><br>1.04 (c) (vii) SAS 2007-8C2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. Public records and post-closing tax return obtained through the modification process, for 2007, the year of the subject loan closing, revealed the Borrower remained at the proposed departure address and did not occupy the subject property after the closing date of 11/09/2006. Public records indicated numerous other individuals occupied the subject property. The 2006 tax return dated 05/15/2007, 6 months after the subject loan closing, reflected the Borrower occupying the proposed departure residence.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2847010 | |
| 15 | 00040317133 | 1st | LMT 2007-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/16/2007, in the amount of $960,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45% Debt to Income Ratio (DTI). There was a Manual approval dated 03/16/2007, in the loan file. | Stated | $960,000.00 | 2845292 |
| . | | | 1.04 (c) (v) LMT 2007-7_No Fraud<br><br>1.04 (c) (vii) LMT 2007-7_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. The loan file contained a post-closing partnership income tax returns obtained through the modification process, for 2006 and 2007, which revealed the Borrower was also a self-employed partner of a property investment company that was not disclosed on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Realtor for 9 years and did not disclosed additional self-employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845292 | |
| . | | | 1.04 (c) (v) LMT 2007-7_No Fraud<br><br>1.04 (c) (vii) LMT 2007-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower falsely stated income as income. The Borrower falsely stated income as a Realtor earning $25,000 per month on the loan application and $420 in net rental income per month; however, the Borrower remained at the proposed departure residence and the gross rental income of $2,200 for the proposed departure residence was invalid which, the net rental income was re-calculated as a negative $1,068 per month. In addition, the loan file contained a post-closing partnership income tax returns obtained through the modification process, for 2006 and 2007, the prior year and the year of the subject loan closing, which, indicated the Borrower was also a self-employed partner of a property investment company that was not disclosed on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated net rental income as $420 per month on the loan application and did not disclose other income source as a self-employed partner of an property investment company, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845292 | |
| . | | | 1.04 (c) (v) LMT 2007-7_No Fraud<br><br>1.04 (c) (vii) LMT 2007-7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. Public records, utility records, post-closing financial statement and tax return for 2007, the year of the subject loan closing, which were obtained through the modification process, indicated the Borrower remained at the proposed departure residence from 01/2006 to 06/2012. Public records also indicated other individuals occupied the subject property from 01/2001 to 09/2013.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845292 | |

| 16 | 00040367831 | 1st | LXS 2007-12N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/21/2007 in the amount of $280,000 as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Assets loan, with a 84.84% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 24.26% Debt to Income Ratio (DTI). There was a Manual approval dated 04/16/2007, in the loan file. | Stated | | $280,000.00 | 2845495 | |
| | | | 1.04 (b) (xii) LXS 2007-12N_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($550,558.03) is ($159.99) below the actual finance charge($550,718.02). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845495 | |
| | | | 1.04 (c) (v) LXS 2007-12N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-12N_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application as an Owner of a printing company for 4 years. An audit verification of the Certified Public Accountant's letter revealed misrepresentation as the Accountant stated she never prepared taxes for the Borrower and the letter was fraudulent and the Accountant's last name was spelled incorrectly.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a printing company for 4 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845495 | |
| | | | 1.04 (c) (v) LXS 2007-12N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-12N_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of a printing company earning $12,500 per month on the loan application and rental income of $3,583. The audit verification of the Certified Public Accountant's letter and the post-closing tax return obtained through the modification process, for 2007 the year of the subject closing, revealed the Borrower was not self-employed and the wages earned on the tax return were reported as $1,203 per month as a Laborer. The Borrower also misrepresented rental income of an investment property of $3,583, as the Borrower misrepresented the occupancy of the subject property and occupied the rental property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a printing business earning $12,500 per month and rental income of $3,583 on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845495 | |
| | | | 1.04 (c) (v) LXS 2007-12N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-12N_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research of public records, the post-closing financial statement and post-closing tax return obtained through the modification process for 2007 indicated the subject property was an investment property and was not occupied after the subject loan closing on 02/21/2007. Public records also indicated numerous other individuals occupied the subject property from 12/2007 to 05/2013. The Borrower occupied a property listed as an investment property from 01/2000 to 03/2013.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845495 | |

Cowen_US Bank Final Version_34

| # | Loan Number | Lien | Product | Finding | Finding | | Loan Summary | | | | Description | Doc | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 00040466963 | 1st | SARM 2007-8 | | Loan Summary | Loan Summary | | 0 | 0 | | The subject loan closed on 05/18/2007, in the amount of $2,275,000, cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with a 89.47% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 21.10% Debt to Income Ratio (DTI). There was a Manual approval dated 08/18/2007, in the loan file. | Stated | $2,275,000.00 | 2846357 |
| | | | | 1.04 (c) (v) SARM 2007-8_No Fraud 1.04 (c) (vii) SARM 2007-8_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | | 1 | 3 | | The Borrower misrepresented her employment on the loan application as the Owner of a tile business for 10 years. The Articles of Organization and public records indicate the Owner of the business was the Borrower's non-signing spouse.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

The origination credit report reflected the Borrower as a Manager of the business and did not reflect the Borrower as owner of the business.

Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a tile business for 10 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846357 |
| | | | | 1.04 (c) (v) SARM 2007-8_Misrepresentation of Income - Red Flags Present - Same Year 1.04 (c) (vii) SARM 2007-8_No Event of Default | Misrepresentation of Income | Misrepresentation of Income | | 2 | 3 | | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of a tile business earning $150,000 per month on the loan application. The Articles of Organization and public records indicate the Borrower's non-signing spouse was the Owner of the business.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as an Owner of a tile business earning $150,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846357 |
| 18 | 00040479867 | 1st | LMT 2007-6 | | Loan Summary | Loan Summary | | 0 | 0 | | The subject loan closed on 04/19/2007, in the amount of $46,800, as a rate and term refinance of a non-owner occupied 2 unit property. The loan was approved as a Stated Income/Verified Asset loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 14.29% Debt to Income Ratio (DTI). There was a Manual approval dated 04/19/2007, in the loan file. | Stated | $46,800.00 | 2845288 |
| | | | | 1.04 (c) (v) LMT 2007-6_Misrepresentation of Income - Red Flags Present - Same Year 1.04 (c) (vii) LMT 2007-6_No Event of Default | Misrepresentation of Income | Misrepresentation of Income | | 1 | 3 | | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Post Master earning $8,000 per month on the loan application. An audit verification of employment obtained through the Work Number reflected the Borrower earned $4,922 for 2007, the year of the subject loan closing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Postmaster earning $8,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845288 |

Cowen_US Bank Final Version_34

| # | Loan # | Lien | Deal | | | | | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | 00040509523 | 1st | SARM 2007-8 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/13/2007, in the amount of $1,956,250, as a rate and term refinance of an owner occupied, Planned Unit Development (PUD). The loan was approved as a Full Documentation loan, with a 65%/68.61% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40% Debt to Income Ratio (DTI). There was a Manual approval dated 06/05/2007, in the loan file. | Full | $1,956,250.00 | 2846358 |
| | | | 1.04 (b) (xii) SARM 2007-8_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2007-8_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2007-8_Compliance with Applicable Law | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2846358 |
| 20 | 00040545261 | 1st | LXS 2007-12N | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/19/2007, in the amount of $520,000, as a cash-out refinance of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Employment/Verified Asset (No Ratio) Documentation loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 03/26/2007, in the loan file. | Stated | $520,000.00 | 2845500 |
| | | | 1.04 (c) (v) LXS 2007-12N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-12N_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 2 | 3 | The Borrower misrepresented her ownership of assets. The Borrower provided statements for her checking and the savings accounts, dated 01/24/2007 through 03/21/2007, which reflected a total current balance of $33,804 in the checking account and $9,090 in the savings accounts, totaling $42,894 in documented assets; however, an audit verification of deposit (VOD) was obtained from the financial institution that indicated the Borrower's name listed on the bank statements did not match and the accounts provided did not belong to the Borrower; therefore, the assets provided were misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the borrower falsely disclosed that she had assets of $42,894, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845500 |
| 21 | 00040577751 | 1st | LMT 2007-7 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/09/2007, in the amount of $650,000, as a cash-out refinance of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Income (SIVA) Documentation loan, with an 78.79%/86.43% Loan to Value/Combined Loan to Value (LTV/CLTV), and a Debt to Income Ratio (DTI) was not required by the Lender. There was a Manual approval dated 06/08/2007, in the loan file. | Stated | $650,000.00 | 2845294 |
| | | | 1.04 (c) (v) LMT 2007-7_No Fraud<br><br>1.04 (c) (vii) LMT 2007-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Health Record Analyst earning $12,500 per month on the loan application. An audit re-verification of the Borrower's employment and income was obtained through a third party verifier, which revealed the Borrower's 2009 income was $6,582 per month. In addition, the loan file contained post-closing income documentation including the Borrower's 2008 W-2 statement from the same employer listed on the loan application, which revealed the Borrower earned $5,849 per month. Further, the loan file also included the Borrower's 2006 and 2007 income tax filings, which confirmed the Borrower's job title as a Health Record Analysis as indicated on the loan application. It should be noted the 2006 and 2007 income tax filings reported the Borrower's combined income with the Non-Borrowing spouse. It is unlikely the Borrower's income would have decreased from 2008 considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Health Record Analyst, earning $12,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845294 |