# ATTACHMENT V
# Part 5

Cowen_US Bank Final Version_34

| 22 | 00040582868 | 1st | LXS 2007-17H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/04/2007, for the amount of $148,500.00 for the purchase of a non-owner occupied, single family residence (SFR). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 24% Debt to Income Ratio (DTI). There was a Manual approval dated 05/04/2007, in the loan file. | Stated | | $148,500.00 | 2845533 | |
| | | | | 1.04 (b) (xvi) LXS 2007-17H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and increase in mortgage debt results in an increase from 24% to 2,821.10%, which exceeds the Seller's represented DTI of 60%. | | | | 2845533 | |
| | | | | 1.04 (b) (xvi) LXS 2007-17H_DTI  1.04 (b) (xxiv) LXS 2007-17H_No Fraud  1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. The Mortgage Electronic Registration System (MERS) report and an audit credit report revealed the Borrower refinanced her primary home located Phoenix, Arizona from a mortgage amount of $132,050 with a monthly payment of $930 to a new mortgage amount of $229,500. The new monthly mortgage payment was calculated using a rate of 7.05%, which was reported by Sitex.com, resulted in a new mortgage payment of $1,535, or an increase of $605 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In in addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income of $182 and the increase in mortgage payments of $605 debt yields a DTI of 2,821.10%, which exceeds the Seller's represented DTI of 60%.

Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $605 increase in the monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845533 | |
| | | | | 1.04 (b) (xvi) LXS 2007-17H_DTI  1.04 (b) (xxiv) LXS 2007-17H_No Fraud  1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Realtor earning $19,550 per month on the loan application. The Borrower filed a Chapter 7 Bankruptcy with the District of Arizona on 07/01/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower earned a monthly income of $182 per month during the year of the subject loan closing in 2007.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income of $182 per month and the undisclosed mortgage increase of $605 per month yields a DTI of 2,821.10%, which exceeds the Seller's represented DTI of 60%.

Despite the Seller's representations, the Borrower falsely stated income as a Realtor earning $19,550 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845533 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/30/2013 9:00:54 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

Cowen_US Bank Final Version_34

| 23 | 00040584567 | 1st | LXS 2007-17H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/03/2007, in the amount of $165,000, on purchase of an owner occupied, Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan program, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.51% Debt to Income (DTI). There was a Manual approval dated 05/02/2007, in the loan file. | Stated | | $165,000.00 | 2845534 | |
| . | | | 1.04 (b) (xvi) LXS 2007-17H_DTI<br><br>1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Linen Attendant earning $5,286 per month in monthly earnings and tips on the loan application. An audit verification of employment and income was obtained from a third party verifier, which supports the Borrower's employment information as indicated on the loan application; however, the audit verification of employment and income also revealed that the Borrower earned a monthly income of $2,804 per month, which was 1.5 times the Borrower's stated income of $5,286. Additionally, the loan file included a copy of the Borrower's 2006 near year W-2 statement with the same employer, which indicated that the Borrower earned a monthly income of $2,291 per month to further support that the Borrower's stated was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to income ratio (DTI) based on the Borrower's verified income of $2,804 per month and to remove the monthly rental income received of $1,050 per month from the Borrower's departing address based on the Occupancy misrepresentation yields a DTI of 110.62%, which exceeds the seller's represented Debt to income ratio (DTI) of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Linen Attendant employed with a hotel earning $5,286 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845534 | |
| . | | | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented his intent to occupy the subject property. Per the loan application, the Borrower purchased the subject property as a primary home; however, the post-closing documents contained in the loan file included a forbearance agreement, a property profile report on the subject property and a customer identification form completed by the Borrower, which were all dated within 12 months after the subject loan closing date and all listed the Borrower's departing address as the Borrower's mailing address, evidencing the Borrower did not occupy the subject property for at least 12 months after the subject loan closing. Therefore, the rental income of $1,050 per month received on the departing address as indicated on the loan application, could not be applied to the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845534 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/30/2013 9:00:54 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

Cowen_US Bank Final Version_34

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 00040902215 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/21/2007, in the amount of $1,095,000.00, as a rate and term refinance of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 64.41% Loan to Value/Combined Loan to Value, and a 41.68% Debt to Income ratio. There was a Manual approval dated 12/20/2007, in the loan file. | Stated | $1,095,000.00 | 2846391 |
| | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower did not reside in the subject property prior to or after the subject loan closing of 12/21/2007. The Borrower continued to reside in his previous address located in Scottsdale, Arizona. Accurint reflects the Borrower residing in the previous address located in Scottsdale, Arizona from 07/1999 through 11/2009. The loan file contained post-closing documentation, which verified the Borrower was still residing the previous address located in Scottsdale, Arizona. The loan file contained a letter addressed to the Borrower using the address in Scottsdale, Arizona dated 03/31/2008. The loan file contained an additional letter addressed to the Borrower, dated 10/31/2008, using the Scottsdale, Arizona address. The loan file contained a letter from the Borrower explaining why he had yet to occupy the subject property and explained his intent on moving in to the subject property. In addition, the letter indicated the Borrower would be moving into the subject property at the completion of the subject loan. The loan file contained a payment letter dated 12/21/2007 whereas the Borrower indicated his mailing address was at the property located in Scottsdale, Arizona. Also, the Borrower's homeowner's insurance indicated the subject property was a vacant dwelling.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846391 |
| 25 | 00047739560 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/15/2007, in the amount of $398,500, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with a 75.19%/94.99% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.98% Debt to Income Ratio (DTI). There was a Manual approval dated 11/15/2007, in the loan file. | Stated | $398,500.00 | 2846412 |
| | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Registered Nurse (RN) earning $9,900 per month on the loan application. An audit verification of employment obtained through the employer listed on the loan application, revealed the Borrower earned $4,037 per month in 2007, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Registered Nurse (RN) earning $9,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846412 |

Cowen_US Bank Final Version_34

| 26 | 00047768890 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/24/2007, is the amount of $441,750.00 for a rate and term refinance of a Single Family Residence. The loan was approved as a Full Documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 46.45% Debt to Income Ratio (DTI). There was a Manual approval dated 11/16/2007, in the loan file. | Full | | $441,750.00 | 2846413 | |
| | | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. Research of public records revealed the Borrower filed a bankruptcy petition on 12/09/2009, which revealed the Borrower was a Maintenance Worker prior to and after the subject loan closing and did not work as a Marketing Sales Director for the company listed on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Marketing Sales Director for 2 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846413 | |
| | | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Marketing Sales Director earning $8,500 per month on the loan application. Research of public records revealed the Borrower filed a bankruptcy petition on 12/09/2009, which revealed the Borrower was a Maintenance Worker prior to and after the subject loan closing and did not work as a Marketing Sales Director for the company listed on the loan application. The petition included a Statement of Financial Affairs, which revealed the Borrower earned income of $1,840 per month for 2007, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Marketing Sales Director earning $8,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846413 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 10/30/2013 9:00:54 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

| 27 | 00047884226 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/04/2008, in the amount of $865,000.00 as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with a 72.08% Loan to Value/Combined Loan to Value and a 41.68% Debt to Income Ratio (DTI). There was a Manual approval dated 01/04/2008, in the loan file. | Stated | | $865,000.00 | 2846425 | |
| . | | | | 1.04 (b) (xii) SARM 2008-2_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xxiv) SARM 2008-2_Compliance with Applicable Law | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | | 2846425 | |
| . | | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a construction company earning $14,922 per month on the loan application. Research of public records revealed the Borrower filed for bankruptcy on 09/14/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $3,333 per month in 2008, the year of the subject closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a construction company earning $14,922 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846425 | |
| . | | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented his intent to occupy the subject property. Public records indicated the Borrower occupied the property listed as the business address and current residence on the loan application from 03/2006 to 07/2012. Public records also indicated other individuals occupied the subject property from 06/2007 to 07/2013. The Borrower did not occupy the subject property after the subject loan closing date of 01/07/2008.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The loan application, Driver's License, and origination credit report reflect the business address as the primary residence and did not reflect the subject property as the Borrower's residence; however, the discrepancy was not addressed at origination and is a red flag for potential misrepresentation.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846425 | |
| 28 | 00047987656 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/15/2008, in the amount of $588,000, as a rate and term refinance of an owner occupied Single Family Residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.01% Debt to Income Ratio (DTI). There was a Manual approval dated 01/11/2008, in the loan file. | Stated | | $588,000.00 | 2846433 | |
| . | | | | 1.04 (c) (v) SARM 2008-2_No Fraud<br><br>1.04 (c) (vii) SARM 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated self-employment income as a Chief Executive Officer (CEO)/Editor of a magazine publishing company, earning $11,000 per month on the loan application and received $1,800 in pension income per month. The loan file contained post-closing documentation including the Borrower's 2006 and 2007 tax returns, which reveal an average self-employment income of $2,006 per month and pension income of $880 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment income as a Chief Executive Officer (CEO)/Editor of a magazine publishing company, earning $11,000 and pension income of $1,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846433 | |

**Digital Risk - Loan Review Findings**

Cowen_US Bank Final Version_34    08-13555-mg    Doc 46080-9    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment V - part 5 - Pg 7 of 201

| # | Loan # | Lien | Deal | | | | | | | Description | | Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 29 | 0037874419 | 1st | SARM 2006-6 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 04/28/06, in the amount of $156,750.00, for the purchase of a non-owner occupied 2-unit dwelling located in a Planned Unit Development with a 75%/90% Loan to Value/Combined Loam to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage, final HUD-1 settlement statement and Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $156,750.00 | 2846271 |
| . | | | | 1.04 (b) (xii) SARM 2006-6_Compliance with Applicable Law - Origination 1.04 (c) (xvii) SARM 2006-6_Origination Practices 1.04 (c) (xxiv) SARM 2006-6_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846271 |
| . | | | | 1.04 (c) (xviii) SARM 2006-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846271 |
| 30 | 8976680 | 1st | SAS 2003-NP3 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 04/10/1997, in the amount of $106,337, of a manufactured home. The transaction type, occupancy type, documentation type, Loan to Value/Combined Loan to Value and the Borrowers' Debt to Income ratio were unknown. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' Note and Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $106,337.00 | 2844672 |
| . | | | | 1.04 (b) (v) SAS 2003-NP3_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 Settlement statement to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 Settlement statement was missing from the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844672 |
| . | | | | 1.04 (b) (v) SAS 2003-NP3_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final Truth in Lending statement was missing from the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844672 |
| . | | | | | | **Grand Total of Repurchase Demand** | | | | | | **$14,556,010.00** |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/30/2013 9:00:54 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrs01/ReportServ

Cowen_US Bank Final Version_33

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach Description | Breach Count | Rating | Findings | | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000030090807 | 1st | SASC 2005-7XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/13/2005, in the amount of $73,600, as a purchase of a non-owner occupied 2 unit residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.26% Debt to Income Ratio (DTI). There was a Manual approval dated 01/11/2005, in the loan file. | | $73,600.00 | 2846711 | |
| | | | | 1.04 (b) (xi) SAS 2005-7XS_No Fraud  1.04 (c) (vii) SAS 2005-7XS_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The audit credit report and public records revealed the Borrower obtained a second mortgage in the amount of $27,600 with a monthly payment of $284 on 08/05/2004, 5 months prior to the subject loan closing on 01/13/2005. The origination credit report indicated a first mortgage of $96,600 with a monthly payment of $605 opened on 08/05/2004, which was not included in the Borrower's debts. The credit report reflected a zero balance and reflected the account was transferred to another lender; however, verification of the new lender or account was not obtained. Both the first and second mortgage payments were not properly calculated into the Borrower's debts as it was disclosed on the origination credit report.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $889 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846711 | |
| 2 | 000000030172985 | 1st | SASC 2005-7XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/18/2005, in the amount of $148,000 with an 80% loan to value/Combined Loan to Value (LTV/CLTV) as a purchase. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the first lien Note, the first lien Mortgage, the hazard insurance policy and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $148,000.00 | 2846713 | |
| | | | | 1.04 (b) (xii) SAS 2005-7XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xviii) SAS 2005-7XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with Applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846713 | |
| | | | | 1.04 (c) (xviii) SAS 2005-7XS_Qualified Appraisal | Failure to Provide the Qualified Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846713 | |
| 3 | 000000033737271 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/13/2006, in the amount of $446,900, as a purchase of a second home condominium. The loan was approved as a Stated Income/Verified Assets loan, with a 99.99% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.69% Debt to Income Ratio (DTI). There was a Manual approval dated 11/20/2006, in the loan file. | Stated | $446,900.00 | 2845585 | |
| | | | | 1.04 (c) (v) LXS 2007-5H_No Fraud  1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. Research of public records revealed the Borrower filed a bankruptcy on 02/19/2009, which revealed the Borrower also owned other businesses not reflected on the loan application, the other business included a real estate consulting firm, a small business consulting company, which was disclosed as the Co-Borrower's place of employment and a land development and golf course management company.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Mortgage Broker/Operations Manager for 3 years as his sole employment, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845585 | |
| | | | | 1.04 (c) (v) LXS 2007-5H_No Fraud  1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Income - With No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Co-Borrower misrepresented her disclosed income. The Co-Borrower falsely stated income as a Manager of an entertainment promotions business earning $5,350 per month on the loan application. Research of public records revealed the Borrowers filed a bankruptcy on 02/19/2009, the year after the subject loan closing, which revealed the Co-Borrower earned $289 per month for 2007. It is unlikely the Co-Borrower's income would have decreased considering the Co-Borrower was with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Co-Borrower falsely stated income as a Manager earning $5,350 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845585 | |
| | | | | 1.04 (c) (v) LXS 2007-5H_No Fraud  1.04 (c) (vii) LXS 2007-5H_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrowers misrepresented their intent to occupy the subject property. Public records indicated the Borrowers did not occupy the subject property as a second home and numerous individuals occupied the subject property after the closing date of 12/13/2006.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as a second home transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845585 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/30/2013 8:30:46 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrd01/ReportServ

| # | Loan Number | Lien | Deal | | | | | Finding/Exception Narrative | | Loan Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 00000040117152 | 1st | LXS 2007-5H | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/12/2007, in the amount of $279,900, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.96% Debt to Income Ratio (DTI). There was a Manual approval dated 02/09/2007, in the loan file. | | $279,900.00 | 2845609 |
| | | | 1.04 (b) (xviii) LXS 2007-5H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 38.96% to 100.22%, which exceeds the Seller's represented DTI of 60%. | | | 2845609 |
| | | | 1.04 (b) (xviii) LXS 2007-5H_DTI<br>1.04 (c) (v) LXS 2007-5H_No Fraud<br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation on of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income in Sales for a beverage business, earning $6,000 per month on the loan application. An Audit Verification of Employment was obtained from the employer, which revealed the Borrower earned $2,077 per month for 2007, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of DTI based on the Borrower's verified income yields a Debt to Income Ratio (DTI) of 100.22%, which exceeds the seller's represented Debt to Income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income in Sales, earning $6,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845609 |
| 5 | 00000045367075 | 1st | LXS 2007-5H | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/06/2007, in the amount of $370,000, as a purchase of a second home Single Family Residence. The loan was approved as a No Income/Verified Assets (No Ratio) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 02/02/2007, in the loan file. | NIVA | $370,000.00 | 2845614 |
| | | | 1.04 (c) (v) LXS 2007-5H_No Fraud<br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation on of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. An audit credit report revealed the Borrowers acquired an undisclosed increase on the Home Equity Line of Credit (HELOC) on the primary residence in 02/2007, the same month as the subject loan closing. The loan was in the amount of $235,000 with a monthly payment of $576, which was an increase of $412 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose an increase of $412 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845614 |
| 6 | 00000045599255 | 1st | LXS 2007-10H | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/19/2007, in the amount of $134,900, as a purchase of a non-owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.89% Debt to Income Ratio (DTI). There was a Manual approval dated 03/20/2007, in the loan file. | Full | $134,900.00 | 2845471 |
| | | | 1.04 (c) (v) LXS 2007-10H_No Fraud<br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation on of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the Northern District of Indiana Hammond Division. The petition included a Statement of Financial Affairs, which revealed the Borrower had two self-employed businesses that were active at the time of closing. The statement revealed the Borrower owned a property management company from 01/01/2005 through 05/19/2010 and an investment and a finance company from 10/12/2006 through 09/14/2009, which covered the subject loan closing date of 03/28/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the borrower falsely stated employment as Package Delivery Driver for a logistics company for 29 years as his sole employment, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845471 |
| 7 | 00000046033023 | 1st | LXS 2007-10H | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/17/2007, in the amount of $190,000 as a purchase of non-owner occupied 4 unit property. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.51% Debt to Income Ratio (DTI). There was a Manual approval dated 04/16/2007, in the loan file. | Full | $190,000.00 | 2845481 |
| | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br>1.04 (c) (v) LXS 2007-10H_No Fraud<br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation on of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Public records and the audit credit report revealed the Borrowers purchased an undisclosed property on 02/13/2007, 2 months prior to the subject loan closing on 04/17/2007, and acquired 2 mortgages in the amounts of $152,000 and $38,000 with monthly payments of $1,169 and $454. The audit credit report also revealed the Borrowers acquired an automobile loan in 03/2007, the month prior to subject loan closing, in the amount of $9,917 with a monthly payment of $138.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that the 6 new credit inquiries from 11/29/2006 to 01/05/2007 were investigated or that a public records search was performed. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $1,761 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845481 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 10/30/2013 8:30:46 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orln01/ReportServ

Cowen_US Bank Final Version_33

| # | Loan Number | Lien | Deal | Category | Finding | Sub-finding | A | B | Description | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 000000046037842 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/25/2007, in the amount of $312,000, as a purchase of an owner occupied ... residence ... approved as a Stated Income/Verified Asset Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV) and a ... Income Ratio (DTI). There was a Manual approval dated 04/25/2007, in the loan file. | $312,000.00 | 2845483 |
| | | | | 1.04 (b) (xii) LXS 2007-10H_Compliance with Applicable Law - Deemed MnA; 1.04 (c) (xviii) LXS 2007-10H_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file. <br><br> The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. <br><br> Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. <br><br> Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845483 |
| | | | | 1.04 (b) (xii) LXS 2007-10H_Compliance with Applicable Law - Deemed MnA; 1.04 (c) (xviii) LXS 2007-10H_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. <br><br> The disclosed finance charge ($624,200.83) is ($184.29) below the actual finance charge ($624,385.12). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d)(1)). <br><br> The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. <br><br> Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. <br><br> Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845483 |
| | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud; 1.04 (c) (vii) LXS 2007-10H_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 3 | 3 | The Borrower misrepresented his ownership of assets. The Borrower was required to document total assets of $5,812 to support 2 month's principal, interest, taxes and insurance reserves. The Borrower falsely disclosed that he had $14,732 in checking and savings accounts with 3 months' bank statements dated 12/30/2006 through 03/30/2007. An audit verification of deposit (VOD) was obtained from the financial institution, which revealed the Borrower had $430 in the checking account on 02/28/2007 and $57 in the savings account on 03/30/2007, or a total of $487. <br><br> The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. <br><br> In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. <br><br> Despite the Seller's representations, the amount of assets disclosed was misrepresented by $14,245, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845483 |
| | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud; 1.04 (c) (vii) LXS 2007-10H_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research conducted through Accurint reported an extensive occupancy history at the Borrower's departing address located in Victorville, California from 06/2005 through 03/2011 and only reported an occupancy history at the subject property for one month in May during the year of 2007. Furthermore, the audit credit report did not list the subject property as a property that was ever occupied by the Borrower. Additionally, homestead exemption research was conducted for the subject property located in Lee County, FL, which was performed through the property appraiser website during the year of the subject loan closing in 2007; the research reflected a homestead exemption for the Borrower's departing address evidencing the Borrower did not occupy the subject property located in Cape Coral, Florida as required after closing during the year of the subject loan closing in 2007. <br><br> The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. <br><br> In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. <br><br> Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845483 |

| 9 | 00000046167144 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/26/2007, in the amount of $475,000, as a purchase of a non-owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.43% Debt to Income Ratio (DTI). There was a Manual approval dated 04/26/2007, in the loan file. | | $475,000.00 | 2845485 |
| | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 41.41% to 122.58%, which exceeds the Seller's represented DTI of 60%. | | | 2845485 |
| | | | 1.04 (b) (xviii) LXS 2007-10H_DTI

1.04 (c) (v) LXS 2007-10H_No Fraud

1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Public records and an audit credit report revealed the Borrower acquired 3 undisclosed mortgages on 02/12/2007, 02/22/2007, and 05/07/2007 in the amounts of $315,000, $460,750 and $503,500. The mortgages in the amounts of $315,000 and $460,750 were undisclosed refinances of 2 investment properties with the payments increasing from an origination first mortgage monthly payment of $844 and second mortgage payment of $1,099 to a undisclosed mortgage of $2,540 per month and the other refinance mortgage payment increasing from $946 per month to $3,716 per month. The refinance mortgage payments increased by $2,806 per month. The Borrower also purchased an undisclosed property with a mortgage of $503,500 and a monthly payment of $5,264 per month. The subject loan closing was on 04/26/2007.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

The origination credit report, dated 03/30/2007, reflected 6 inquiries from 01/19/2007 to 03/13/2007. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. Loan inquiries give a lender insight as to any potential loans a borrower may be in the process of acquiring at the time of application for the subject loan.

A recalculation of DTI based on the Borrower's undisclosed debt and verified income yields a Debt to Income Ratio (DTI) of 122.58%, which exceeds the Seller's represented Debt to Income ratio of 60%.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $11,520 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845485 |
| | | | 1.04 (b) (xviii) LXS 2007-10H_DTI

1.04 (c) (v) LXS 2007-10H_No Fraud

1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income - No Year Income Evidence | 4 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a President of a Real Estate company earning $25,000 per month on the loan application. Research of public records revealed the Borrower filed for bankruptcy on 05/01/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $12,244 in 2007, the year of the subject loan closing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income and undisclosed debt yields a DTI of 122.58%, which exceeds the Seller's represented Debt to Income ratio of 60%.

Despite the Seller's representations, the Borrower falsely stated income as a President of a Real Estate company earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845485 |
| 10 | 00000046170627 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/20/2007, in the amount of $118,000, as a purchase of a non-owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43% Debt to Income Ratio (DTI). There was a Manual approval dated 04/18/2007, in the loan file. | Stated | $118,000.00 | 2845486 |
| | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 43% to 76.12%, which exceeds the Seller's represented Debt to Income Ratio of 60%. | | | 2845486 |
| | | | 1.04 (b) (xviii) LXS 2007-10H_DTI

1.04 (c) (v) LXS 2007-10H_No Fraud

1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Administrative Assistant with a retail store, earning $5,250 per month on the loan application. The subject loan closed on 04/20/2007; however, the loan file included the Borrower's financial statement in the post-closing documents during the year of 2008, which indicated that the Borrower earned a monthly income of $3,000 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income ratio (DTI) based on the Borrower's verified income of $3,000 per month as indicated on the 2008 near year financial statement found in the post-closing documents, yields a DTI of 76.12%, which exceeds the Seller's represented Debt to Income ratio (DTI) of 60%.

Despite the Seller's representations, the Borrower falsely stated income as an Administrative Assistant earning $5,250 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845486 |

| 11 | 000000046251799 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/25/2007, in the amount of $178,000, as a rate and term refinance of an owner occupied, Single Family residence located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset loan, with a 79.99% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.19% Debt to Income Ratio (DTI). There was a Manual approval dated 04/18/2007, in the loan file. | | $178,000.00 | 2845490 |
| | | | | 1.04 (b) (xix) LXS 2007-10H_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) LXS 2007-10H_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($352,781.50) is ($100.00) below the actual finance charge ($352,881.50). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i)(2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845490 |
| 12 | 000000406779 | 1st | SASC 2005-7XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/29/2004, in the amount of $286,000, as a cash-out refinance of an owner occupied, Single Family residence. The loan was approved as a Stated Income/Verified Asset (SISA) loan, with a 68.10%/89.51% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.70% Debt to Income Ratio (DTI). There was a Manual approval dated 08/16/2004, in the loan file. | Stated | $286,000.00 | 2846717 |
| | | | | 1.04 (c) (v) SAS 2005-7XS_No Fraud / 1.04 (c) (xii) SAS 2005-7XS_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research conducted through Accurint revealed the Borrower did not occupy the subject property as required and reported an extensive occupancy history at the address located in Pickerington, Ohio from 03/1989 through 08/2013. The Borrower's driver's license history reflected that the Borrower renewed her driver's license at an address located in Pickerington, Ohio on 06/21/2005, which was only 9 months after the subject loan closing date of 09/24/2004. Additionally, the Borrower had a utility connect history at the same address located in Pickerington, Ohio.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846717 |
| 13 | 00014622187 | 1st | SASC 2004-GEL1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/27/2002, in the amount of $113,905. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the first lien Note, the first lien Mortgage, the hazard insurance policy, the title policy and the title commitment. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $113,905.00 | 2846612 |
| | | | | 1.04 (b) (xix) SAS 2004-GEL1_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2004-GEL1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846612 |
| | | | | 1.04 (b) (xix) SAS 2004-GEL1_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2004-GEL1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846612 |
| | | | | 1.04 (c) (xviii) SAS 2004-GEL1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846612 |

| # | Loan No. | | Deal | | | | | | | | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 00015214711 | 1st | SASC 2004-GEL1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/28/2003, in the amount of $162,000 as a purchase of an owner occupied detached single family residence... with an 84.83% Loan to Value (LTV)/Combined Loan to Value (CLTV). There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | $162,000.00 | 2846616 |
| | | | | 1.04 (b) (xii) SAS 2004-GEL1_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2846616 |
| | | | 1.04 (c) (xvii) SAS 2004-GEL1_Origination Practices | | | | | | | | |
| 15 | 00017137662 | 1st | SASC 2004-2AC | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/05/2003, in the amount of $190,400, as a purchase of an owner occupied condominium with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $190,400.00 | 2846577 |
| | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination | Failure to Provide Final | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2846577 |
| | | | 1.04 (c) (xvii) SAS 2004-2AC_Origination Practices | | | | | | | | |
| | | | 1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | | | | | | | | |
| | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2846577 |
| | | | 1.04 (c) (xvii) SAS 2004-2AC_Origination Practices | | | | | | | | |
| | | | 1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | | | | | | | | |
| | | | 1.04 (c) (xviii) SAS 2004-2AC_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2846577 |
| 16 | 00018557900 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/14/2004, in the amount of $23,800, as a purchase money second mortgage of a non-owner occupied detached single family residence located in a Planned Unit Development with a 20%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Mortgage, Final HUD-1 Settlement statement, Title policy and Homeowner's insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $23,800.00 | 2846735 |
| | | | 1.04 (b) (xi) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2846735 |
| | | | 1.04 (c) (xvii) SAS 2005-S1_Origination Practices | | | | | | | | |
| | | | 1.04 (c) (xviii) SAS 2005-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2846735 |

| 17 | 00018661199 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/25/2004, in the amount of $14,623, as a purchase money second mortgage to purchase a non-owner occupied, single family residence - 2 unit home. The loan was approved as a Stated Income/Verified Asset loan, with a 10%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35% Debt to Income Ratio (DTI). There was a Manual approval dated 10/19/2004, in the loan file. | | $14,623.00 | 2846737 |
| | | | | 1.04 (c) (vi) SAS 2005-S1_No Fraud | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Manufacturing Technician for an Electronic company for 16 years, earning $6,500 per month on the loan application. An audit verification of employment was conducted through The Work Number which indicated the Borrower's actual income for the subject year loan closing 2004 was $3,772 per month. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as a Manufacturing Technician in Electronics earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2846737 |
| | | | | 1.04 (c) (vii) SAS 2005-S1_No Event of Default | | | | | | | | |
| 18 | 00018844738 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/07/2004, in the amount of $55,400, as a cash-out refinance of a non-owner occupied, for a 4-Unit property. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 20%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 12.750% Debt to Income Ratio (DTI). There was a Manual approval dated 11/03/2004, in the loan file. | Stated | $55,400.00 | 2846740 |
| | | | | 1.04 (c) (vi) SAS 2005-S1_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through the Mortgage Electronic Registration System (MERS) and an audit credit report, revealed the Borrower refinanced a rental property located in Braddock Heights, Maryland on the same day as the subject loan closing date of 12/07/2004; the mortgage was refinanced from $140,808 with a monthly mortgage payment of $1,141 to a new first mortgage of $180,600 with a new monthly mortgage payment of $2,104 per month. Further, there was a new second mortgage of $51,600 with a new additional monthly mortgage payment of $501. The refinancing and second mortgage resulted in an increase in the monthly mortgage payment from $1,141 per month to a new combined monthly mortgage payment of $2,605, which resulted in an undisclosed increase of $1,464 in monthly mortgage debt. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrowers misrepresented his debt obligations by failing to disclose an increase of $1,464 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846740 |
| | | | | 1.04 (c) (vii) SAS 2005-S1_No Event of Default | | | | | | | | |
| 19 | 00018988642 | 1st | SASC 2005-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/28/2004, in the amount of $212,160, as a purchase of a non-owner occupied, single family residence (SFR). The loan was approved as a No Income/No Asset (No Ration) Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.90% Debt to Income Ratio (DTI). There was a Manual approval dated 12/2/2004, in the loan file. | NIVA | $212,160.00 | 2846763 |
| | | | | 1.04 (b) (xiii) SAS 2005-S2_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846763 |
| | | | | 1.04 (c) (xii) SAS 2005-S2_Origination Practices | | | | | | | | |
| | | | | 1.04 (c) SAS 2005-S2_No Fraud | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application as the Owner of one property management business for 5 years as her sole employment. The Borrower filed a Chapter 11 Bankruptcy with the Western District of Missouri including a Statement of Financial Affairs, which revealed the Borrower owned 2 additional businesses; the businesses were active at the time of closing. The statement indicated that the Borrower had a pressure washing business opened from 03/31/1993 through the present and an additional real estate company from 03/11/2006 to the present, which covered the subject loan closing date of 12/28/2007. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated self-employment as the Owner of one property management business for 5 years as her sole employment, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846763 |
| | | | | 1.04 (c) (vii) SAS 2005-S2_No Event of Default | | | | | | | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate      Run: 10/30/2013 8:30:46 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orlrdi01/ReportServ

Cowen_US Bank Final Version_33

| # | Loan # | Lien | Deal | Finding Code | Finding | Finding | | | Finding Detail | Doc Type | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | 00019142595 | | SASC 2004-54 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/05/2004, in the amount of $21,000. There was neither an Automated Underwriting System (AUS) approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the second lien Note, the second lien Mortgage, the hazard insurance policy and the title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | | $21,000.00 | 2846682 |
| | | | | 1.04 (b) (xiii) SAS 2004-54_Compliance with Applicable Law - Deemed MnA; 1.04 (c) (xvii) SAS 2004-54_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.\n\nThe Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.\n\nPursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846682 |
| | | | | 1.04 (b) (xiii) SAS 2004-54_Compliance with Applicable Law - Deemed MnA; 1.04 (c) (xvii) SAS 2004-54_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.\n\nThe Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.\n\nPursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846682 |
| | | | | 1.04 (c) (xviii) SAS 2004-54_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.\n\nThe Seller represented and warranted, in part, that the appraisal complied with FIRREA.\n\nDespite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846682 |
| 21 | 00019192822 | 2nd | SASC 2004-54 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/14/2004, in the amount of $27,112, as a purchase money second mortgage of a non owner occupied detached single family residence with a 20%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, final HUD-1 Settlement statement, Title policy and Homeowner's insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $27,112.00 | 2846683 |
| | | | | 1.04 (b) (xiii) SAS 2004-54_Compliance with Applicable Law - Deemed MnA; 1.04 (c) (xvii) SAS 2004-54_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.\n\nThe Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.\n\nPursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846683 |
| | | | | 1.04 (c) (xviii) SAS 2004-54_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.\n\nThe Seller represented and warranted, in part, that the appraisal complied with FIRREA.\n\nDespite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846683 |
| 22 | 00019468412 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/03/2004, in the amount of $42,412, as a purchase money second mortgage of a non-owner occupied two unit dwelling. The loan was approved as a Full Documentation/Alt Documentation loan with a current written verification of employment, with a 15%/95% Loan to Value/Combined Loan to Value, and a 22.15% Debt to Income ratio. There was a Manual approval dated 12/02/2004, in the loan file. | Full | $42,412.00 | 2846750 |
| | | | | 1.04 (c) (v) SAS 2005-S1_No Fraud; 1.04 (c) (vii) SAS 2005-S1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the Mortgage Electronic Registry Systems and the audit credit report reflect the Borrower obtained an undisclosed mortgage prior to the subject loan closing of 12/03/2004. On 11/09/2004, the Borrower obtained an undisclosed mortgage on a property located in Hollywood, Florida with a loan amount of $115,120 and a monthly payment of $742.\n\nThe Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.\n\nIn addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.\n\nDespite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $742 in additional monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846750 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 10/30/2013 8:30:46 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orln01/ReportServ

| 23 | 00019481878 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | Automated Underwriting System (AUS) nor Manual approval included in the loan file to demonstrate the loan was originated and approved in adherence with the guidelines of the loan program in effect at the time loan was originated. The loan file indicates the Borrower's second lien Note, the second lien Mortgage, the HUD-1 settlement statement, the hazard insurance policy and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | $13,800.00 | 2846751 |
| | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 1 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2846751 |
| | | | 1.04 (c) (xviii) SAS 2005-S1_Origination Practices | | | | | | |
| | | | 1.04 (c) (xviii) SAS 2005-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2846751 |
| 24 | 00013056212 | 2nd | SASC 2005-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/05/2005 in the amount of $38,600, as a purchase of a non-owner occupied Single Family Residence. The loan was approved as a Stated Income/ Verified Assets loan, with a 14.99%/94.99% Loan to Value/Combined Loan to Value and a 40.77% Debt to Income ratio (DTI). There was a Manual loan approval dated 12/17/2004, in the loan file. | Stated | $38,600.00 | 2846766 |
| | | | 1.04 (c) (v) SAS 2005-S2_No Fraud 1.04 (c)(vi) SAS 2005-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Director of Presentations and Services at a hotel/casino earning $9,377 per month on the loan application. An audit verification of employment was conducted through The Work Number, which revealed the Borrower was a Sales Manager and earned $4,895 in 2006, the subsequent year following the subject loan closing. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the borrower falsely stated income as a Director of Presentations and Services earning $9,377per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2846766 |
| 25 | 00030548812 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/25/2005, in the amount of $279,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Assets loan, with a 78.59% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.62% Debt to Income Ratio (DTI). There was a Desktop Underwriting (DU) approval dated 03/23/2005, in the loan file. | Stated | $279,000.00 | 2845177 |
| | | | 1.04 (b) (xiii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) LMT 2005-2_Origination Practices | Final TIL Invalid/Incomplete to/Incorrect/Stale/ Not Executed | Failure to Provide Final TIL | 1 | 1 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a valid final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, the TIL contained in the loan file was invalid for the following reason: The final TIL has the incorrect Loan terms. The note indicates that the loan is a 10 year Interest only loan with a20 year amortization; however, the final TIL indicates that the loan is for 20 years and does not reflect the loan in interest only.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845177 |
| | | | 1.04 (c) (v) LMT 2005-2_No Fraud 1.04 (c) (vi) LMT 2005-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Beverage Server at a casino earning $4,500 per month on the loan application. An audit Verification of Employment obtained from the employer revealed the Borrower earned $2,253 per month for 2005, the year of the subject loan closing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Beverage Server earning $4,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845177 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/30/2013 8:30:46 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orln01/ReportServ

# Digital Risk - Loan Review Findings

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 26 | 00030699193 | 1st | SASC 2005-GE14 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/09/2005, in the amount of $359,650, as a purchase of a Second Home/Planned Unit Residence in a Planned Unit development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation type with an 85% Loan to Value (LTV)/88%/100% Combined Loan to Value (LTV/CLTV), and a 47.85% Debt to Income Ratio (DTI). There was a Manual approval dated 05/26/2005, in the loan file. | $359,650.00 | 2846728 |
| | | | 1.04 (c) (v) SAS 2005-GE14_No Fraud  1.04 (c) (vii) SAS 2005-GE14_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 1 | The Borrower misrepresented her employment on the loan application. The loan file included a Certified Public Accountant (CPA) letter dated 04/28/2005, which indicated that the Borrower owned additional businesses that were reported on the bank statements but not listed on the loan application. The additional businesses mentioned on the CPA letter did not result in a Misrepresentation of Employment claim; however, research conducted through Accurint revealed that the Borrower owned an additional consulting business that was active from 05/20/2004 through 2011, which covered the subject loan closing date of 05/09/2005 and was not mentioned on the loan application or the CPA letter. The undisclosed business could have had a negative impact on the Borrower's stated income of $16,500; therefore, the undisclosed business resulted in a Misrepresentation of Employment.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as only a Real Estate Sales Person for 3 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | 2846728 |
| | | | 1.04 (c) (v) SAS 2005-GE14_No Fraud  1.04 (c) (vii) SAS 2005-GE14_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. Per the loan application, the Borrower purchased the subject property as a second home; however, a letter of explanation (LOE) found in the post-closing documents written by the Borrower, indicated that the Borrower purchased the subject property as an investment property with the intent to rent out the subject property at origination. The Borrower had tenants in that were renting out the subject property receiving rental income to offset the monthly mortgage payment. The Borrower did not purchase the subject property for the intention of using the subject property as a second home as indicated on the loan application; therefore, the occupancy was misrepresented.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as a second home transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2846728 |
| 27 | 00031086259 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/15/2005, in the amount of $292,000, as a purchase of an owner occupied detached single family residence with an 80%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, final HUD-1 settlement statement, Title Policy and Evidence of Homeowner's insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $292,000.00 | 2845180 |
| | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 1 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845180 |
| | | | 1.04 (c) (xviii) LMT 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845180 |

| # | | Lien | Product | | Finding | Finding | | | Description | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 28 | 00031431075 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/01/2005, in the amount of $121,100, as a cash out refinance of an owner occupied detached single family residence with a 70% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' Note, Mortgage, Final HUD-1 settlement statement, Title policy and evidence of the Borrowers' Homeowner's insurance policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | $121,100.00 | 2845188 |
| | | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrowers' and maintained in the loan file. The Final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845188 |
| | | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845188 |
| | | | | 1.04 (c) (xvii) LMT 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845188 |
| 29 | 00031455579 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/22/2005, in the amount of $112,000, as a cash out refinance of a second home detached single family residence with an 80%/95% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, final HUD-1 settlement statement, Title policy and Evidence of Homeowner's insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | $112,000.00 | 2845190 |
| | | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845190 |
| | | | | 1.04 (c) (xvii) LMT 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845190 |
| 30 | 00031461908 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/21/2005, in the amount of $308,000, as a purchase of an owner occupied detached single family residence with a 79.89%/99.86% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' Note, Mortgage, Final HUD-1 settlement statement, Title policy and Homeowner's insurance policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | $308,000.00 | 2845191 |
| | | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The Final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845191 |
| | | | | 1.04 (c) (xvii) LMT 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845191 |

Cowen_US Bank Final Version_33

| # | Loan # | Lien | Pool | Code | Category | Subcategory | Findings | | Findings Detail | | Value | Loan # |
|---|--------|------|------|------|----------|-------------|---------|--|------------------|--|-------|--------|
| 31 | 00031543333 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/26/2005, in the amount of $297,500, as a cash out refinance of an owner occupied attached single family residence with a 62.89%/62.89% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, final HUD-1 Settlement statement, Title policy and the Borrower's homeowner's insurance. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. There was a Manual approval dated 08/25/2005, in the loan file. | | $297,500.00 | 2845197 |
| | | | | 1.04 (c) (v) LMT 2005-2_Misrepresentatio n of Income - Red Flags Present - Near Year Income Evidence | Misrepresentatio n of Income | Misrepresentati on of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Teacher for 27 years, earning $9,389 per month on the loan application. On 03/14/2008, the Borrower filed a Chapter 7 Bankruptcy with the District of Connecticut United States Bankruptcy Court. Per the Statement of Financial Affairs, the Borrower's income for 2007 was $6,815 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as a Teacher earning $9,389 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845197 |
| 32 | 00031575970 | 1st | LMT 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/29/2005, in the amount of $175,900, as a purchase of an owner occupied detached single family residence with a 79.99%/99.98% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, final HUD-1 settlement statement, Title policy and the Borrower's homeowner's insurance. There was no other critical documentation provided for the file file that was represented on the data Tape by the Seller. | Unknown | $175,900.00 | 2845162 |
| | | | | 1.04 (b) (xii) LMT 2005-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xviii) LMT 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845162 |
| | | | | 1.04 (c) (xviii) LMT 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845162 |
| 33 | 00031577133 | 1st | LMT 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/23/2005, in the amount of $750,000, as an owner occupied detached single family residence cash out refinance with a 78.95%/94.21% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' Note, Mortgage, final HUD-1 Settlement statement, Title Policy and homeowner's insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $750,000.00 | 2845163 |
| | | | | 1.04 (b) (xii) LMT 2005-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xviii) LMT 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final Truth in Lending statement was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845163 |
| | | | | 1.04 (b) (xii) LMT 2005-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xviii) LMT 2005-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845163 |
| | | | | 1.04 (c) (xviii) LMT 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845163 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 10/30/2013 8:30:46 PM
Report: /Production Facing Reports/PLS - Cowen/Cowen Standard Findings Schedule
Report Server: http://orln01/ReportServ

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 34 | 00031621949 | 1st | LMT 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/16/2005, in the amount of $157,600, as a purchase of a city/warranty owner. 80% Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, final HUD-1 Settlement statement, Title policy and Certificate of Insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | $157,600.00 | 2845166 |
| | | | 1.04 (b) (xii) LMT 2005-1_Compliance with Applicable Law – Deemed MnA  1.04 (c) (xvii) LMT 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845166 |
| | | | 1.04 (c) (xviii) LMT 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845166 |
| 35 | 00031663495 | 1st | LMT 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/09/2005, in the amount of $222,640, as a purchase of a non-owner occupied two family dwelling with an 80%/95% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, final HUD-1 Settlement statement, Title policy and homeowners insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $222,640.00 | 2845168 |
| | | | 1.04 (b) (xii) LMT 2005-1_Compliance with Applicable Law – Deemed MnA  1.04 (c) (xvii) LMT 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845168 |
| | | | 1.04 (c) (xviii) LMT 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2845168 |
| | | | | | | Grand Total of Repurchase Demand | | | | $7,002,902.00 | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach Description | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000018494732 | 1st | SARM 2005-6XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/12/2004, in the amount of $82,400.00, as a purchase of a non owner occupied detached single family residence located in a Planned Unit Development. The loan was approved as a No Income/Verified Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value. There was a Manual approval dated 10/12/2004, in the loan file. | NIVA | $82,400.00 | 2846180 | |
| | | | | 1.04 (c) (v) SARM 2005-6XS_No Fraud 1.04 (c) (vii) SARM 2005-6XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of the Mortgage Electronic Registration System and the audit credit report revealed the Borrower obtained 11 undisclosed mortgages and 1 undisclosed installment loan. On 11/01/2004. In 10/2004, the Borrower obtained an undisclosed installment loan with a loan amount of $22,635 and a monthly payment of $162. On 08/13/2004, the Borrower obtained an undisclosed first and second mortgage on a property located in Conroe, Texas. The first mortgage had a loan amount of $132,000 with a monthly payment of $1,093 and the second mortgage had a loan amount of $24,750 with a monthly payment of $534. On 09/14/2004, the Borrower obtained an undisclosed first and second mortgage on a property located in Willis, Texas. The first mortgage had a loan amount of $108,750 with a monthly payment of $703 and the second mortgage had a loan amount of $29,000 with a monthly payment of $174. On 09/14/2004, the Borrower obtained an undisclosed first and second mortgage on a property located in Willis, Texas. The first mortgage had a loan amount of $120,000 with a monthly payment of $719 and the second mortgage had a loan amount of $32,000 with a monthly payment of $192. On 10/08/2004, the Borrower obtained an undisclosed first and second mortgage on a property located in Spring, Texas. The first mortgage had a loan amount of $126,400 with a monthly payment of $962 and the second mortgage had a loan amount of $23,700 with a monthly payment of $142. On 10/2004, the Borrower obtained an undisclosed mortgage on an undisclosed property with a loan amount of $120,000 and a monthly payment of $1,047.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $5,728 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846180 | |
| 2 | 000000018549311 | 1st | SARM 2005-6XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/15/2004 , in the amount of $41,200, as a purchase of a non-owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.12% Debt to Income Ratio (DTI). There was a Manual approval dated 09/13/2004, in the loan file. | Stated | $41,200.00 | 2846182 | |
| | | | | 1.04 (c) (v) SARM 2005-6XS_No Fraud 1.04 (c) (vii) SARM 2005-6XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Public records and an audit credit report revealed the Borrowers purchased undisclosed properties and acquired mortgages within 30 days prior and after the subject loan closing on 09/15/2004. On 08/23/2004, 23 days prior to the subject loan closing, the Borrowers purchased 2 properties and acquired 2 mortgages in the amounts of $39,600 and $52,200 with monthly payments of $342 and $461. On 08/27/2004, 26 days prior to the subject loan closing, the Borrower purchased another property and acquired a first mortgage in the amount of $67,500 with a monthly payment of $573. On 09/30/2004, 15 days after the subject loan closing, the Borrowers acquired a first mortgage in the amount of $36,800 with a monthly payment of $328. On 10/05/2004, 21 days after the subject loan closing, the Borrowers acquired a Home Equity Line of Credit on the primary residence in the amount of $150,000 with a calculated monthly payment at 1% of the high credit amount, in the amount of $1,500. On 10/13/2004, 29 days after the closing of the subject property, the Borrowers acquired another property and a first mortgage in the amount of $47,600 with a monthly payment of $476.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $3,680 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846182 | |
| | | | | 1.04 (c) (v) SARM 2005-6XS_No Fraud 1.04 (c) (vii) SARM 2005-6XS_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. The loan application indicated the Borrower was an employed Real Estate Agent for 2 years, earning $18,000 per month. The loan file contained a post closing tax return for 2006, which reflected the Borrower as a self-employed Real Estate Agent and owner of an real estate investment company. Public records indicated the Borrower's incorporated the investment business on 02/19/2004, 7 months prior to the subject loan closing on 09/15/2004.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as an employed Real Estate Agent for 2 years and did not disclose the self employment investment business, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846182 | |
| | | | | 1.04 (c) (v) SARM 2005-6XS_No Fraud 1.04 (c) (vii) SARM 2005-6XS_No Event of Default | Misrepresentation of Income - Non Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an employed Real Estate Agent earning $18,000 per month on the loan application. The loan file contained a post closing tax return for 2006, which indicated the Borrower was a self-employed Real Estate Agent who earned $3,000 for the year and also owned an additional self-employed real estate investment business. It is unlikely the Borrower's income would have decreased considering the Borrower was in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as an employed Real Estate Agent earning $18,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846182 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 10:26:34 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

# Digital Risk - Loan Review Findings

| # | Loan Number | Lien | Deal | Sub-category | Category | Findings | Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|
| 3 | 000000018741223 | 1st | SARM 2005-6XS | | Loan Summary | Loan Summary | The subject loan closed on 12/02/2004, in the amount of $210,400.00 as a purchase of a Secondary Residence located in Pinehurst USA Development. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan Value (LTV/CLTV), and a 43.81% Debt to Income Ratio (DTI). There was a Manual approval dated 11/03/2004, in the loan file. | Stated | $210,400.00 | 2846185 |
| | | | | 1.04 (c) (v) SARM 2005-6XS_No Fraud / 1.04 (c) (vii) SARM 2005-6XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | The Borrower misrepresented his debt obligations. Public records and the Audit Credit Report indicated the Borrower purchased an undisclosed property on 11/10/2004, 5 days after the subject loan closing on 11/05/2004, and acquired a first mortgage in the amount of $208,000 with a monthly payment calculated using the subject loan note rate, in the amount of $1,181 and a second mortgage in the amount of $52,000 with a monthly payment calculated using the subject's secondary note rate, in the amount of $575.\n\nThe Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.\n\nIn addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.\n\nDespite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,756 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846185 |
| | | | | 1.04 (c) (v) SARM 2005-6XS_No Fraud / 1.04 (c) (vii) SARM 2005-6XS_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Restaurant Manager earning $9,000 per month on the loan application. An audit re-verification of employment obtained from the employer, revealed the Borrower earned $4,457 per month for 2004, the year of the subject loan closing.\n\nThe Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.\n\nIn addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.\n\nDespite the Seller's representations, the Borrower falsely stated income as a Manager earning $9,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846185 |
| | | | | 1.04 (c) (v) SARM 2005-6XS_No Fraud / 1.04 (c) (vii) SARM 2005-6XS_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | The Borrower misrepresented his intent to occupy the subject property as a second home. The loan file contained a post closing tax return for 2005, which reflected the subject property as a rental property. The subject loan closed on 11/05/2004; therefore, the subject property was rented within the year of the closing if not immediately after closing. Public records indicated another individual occupying the subject property in 2004.\n\nThe Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.\n\nIn addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.\n\nDespite the Seller's representations, the subject loan was falsely represented as a second home transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846185 |
| 4 | 000000018932970 | 1st | SASC 2005-7XS | | Loan Summary | Loan Summary | The subject loan closed on 12/07/2004, in the amount of $72,000, as a purchase of a non-owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/95% Loan to Value (LTV/CLTV), and a 30.98% Debt to Income Ratio (DTI). There was a Manual approval dated 12/02/2005, in the loan file. | Stated | $72,000.00 | 2846702 |
| | | | | 1.04 (c) (v) SAS 2005-7XS_No Fraud / 1.04 (c) (vii) SAS 2005-7XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | The Borrower misrepresented her debt obligations. Public records and the Audit Credit Report revealed the Borrower purchased an undisclosed property on 11/17/2004, 23 days prior to the subject loan closing, and acquired two mortgages in the amounts of $88,720 and $11,090 with monthly payments of $488 and $51.\n\nThe Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.\n\nIn addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.\n\nDespite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $539 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846702 |
| 5 | 000000018985952 | 1st | SARM 2005-8XS | | Loan Summary | Loan Summary | The subject loan closed on 12/22/2004, in the amount of $125,600, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $125,600.00 | 2846195 |
| | | | | 1.04 (b) (xii) SARM 2005-8XS_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SARM 2005-8XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.\n\nThe Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.\n\nDespite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.\n\nPursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846195 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 10:26:34 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2005-2_BXS_Compliance with Provide the Origination 2005-BXS_Qualified Appraisal | the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | | | 2846195 |

The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act.

| 6 | 000000030721658 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | Unknown | $259,920.00 | 2845319 |

The subject loan closed on 05/27/2005, in the amount of $259,920, as a purchase transaction. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage, Title, HUD-1 settlement statement, home owner's insurance and Title. There was no other critical documentation provided for the file that was represented on the data tape by the Seller.

| | | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | | | 2845319 |

The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

| | | | | 1.04 (c) (xviii) LXS 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | | | 2845319 |

The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act.

| 7 | 000000030784391 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | Unknown | $196,000.00 | 2845322 |

The subject loan closed on 05/09/2005, in the amount of $196,000, as a purchase of a non owner occupied detached single family residence located in a Planned Unit Development. The loan was approved with an 80%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, HUD-1 settlement statement, home owner's insurance and title. There was no other critical documentation provided for the file that was represented on the data tape by the Seller.

| | | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | | | 2845322 |

The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

| | | | | 1.04 (c) (xviii) LXS 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | | | 2845322 |

The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act.

| 8 | 000000030795843 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | Unknown | $172,800.00 | 2845325 |

The subject loan closed on 05/12/2005, in the amount of $172,800, as a purchase transaction. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, HUD-1 settlement statement, Title and home owner's insurance. There was no other critical documentation provided for the file that was represented on the data tape by the Seller.

| | | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | | | 2845325 |

The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

| | | | | 1.04 (c) (xviii) LXS 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | | | 2845325 |

The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act.

| 9 | 000000030819718 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/18/2005, in the amount of $49,600, a purchase of a non-owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with 90%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32.96% Debt to Income Ratio (DTI). There was a Manual approval dated 04/14/2009, in the loan file. | Full | | $49,600.00 | 2845327 |
| | | | | 1.04 (c) (v) LXS 2005-2_No Fraud 1.04 (c) (vii) LXS 2005-2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented their debt obligations. Public records and the audit credit report indicated the Borrowers purchased an undisclosed property on 04/26/2005, 4 days after the subject loan closing on 04/22/2005, and acquired a first mortgage in the amount of $53,600 with monthly payment of $501 and a second mortgage in the amount of $13,400 with a monthly payment of $126.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $627 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845327 |
| 10 | 000000030839973 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/18/2005, in the amount of $60,800, a purchase of an owner occupied, single family house. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41% Debt-to-Income Ratio (DTI). There was a Manual approval dated 05/17/2005, in the loan file. | Full | | $60,800.00 | 2845328 |
| | | | | 1.04 (c) (v) LXS 2005-2_No Fraud 1.04 (c) (vii) LXS 2005-2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Per the Mortgage Electronic Registry System report, the Borrower obtained 4 undisclosed mortgages secured by 2 undisclosed properties. The undisclosed mortgage payments were calculated using a 5% rate over 30 years. The undisclosed mortgage in the amount of $300,720 resulted in a mortgage payment of $1,614 and the undisclosed mortgage amount of $37,590 resulted in a mortgage payment of $202, which secured a property located in Frederica, Delaware. An additional undisclosed mortgage in the amount of $64,000 had an undisclosed monthly mortgage payment of $344 and the undisclosed mortgage in the amount of $16,000 had an undisclosed monthly mortgage payment of $86.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $2,246 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845328 |
| | | | | 1.04 (c) (v) LXS 2005-2_No Fraud 1.04 (c) (vii) LXS 2005-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application as a Manager of a financial institution as his only source of employment. Research conducted through Accurint revealed the Borrower opened a property investment business two months prior to closing from 03/11/2005 through 01/10/2006, which covered the subject loan closing date of 05/18/2005. Furthermore, Accurint also confirmed that the business was registered in the Borrower's name at the Borrower's primary residence.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Manager of a financial institution for 20 years as his only source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845328 |
| | | | | 1.04 (c) (v) LXS 2005-2_No Fraud 1.04 (c) (vii) LXS 2005-2_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research conducted through Accurint reported that the Borrower remained occupied at the departing address after the subject loan closing and reported an extensive occupancy history at another address located in Staten Island, New York from 1983 through 10/2007. Additional research conducted through Accurint also reported that the Borrower listed occupancy at another address located in Middleton, Delaware as of the sale date of the Middleton, Delaware property on 04/04/2006, which was only 11 months after the subject loan closing date of 05/18/2005. Furthermore, the Borrower's voter registration reported the departing address as the Borrower's resident address and the Borrower's mailing address on the registration date of 04/28/2006, which was also 11 months after the subject loan closing. The Borrower also opened an investment business that reported an incorporation date of 03/11/2005 through 01/10/2006, which covered the subject loan closing date of 05/18/2005 and reported the Borrower as the Officer/Director of the business and listed the departing address as the Borrower's address. Evidence contained in the loan file at origination also revealed that the Borrower purchased the subject property with no intent to occupy the subject property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845328 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 10:26:34 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

# Digital Risk - Loan Review Findings

Cowen_US Bank 2573_Final Version_28    08-13555-mg    Doc 46080-9    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment part 5 - Pg 25 of 201

| 11 | 000000030886071 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/26/2005, in the amount of the purchase of a non-owner occupied, 3-Unit family residence. The loan was approved as full documentation, with a 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.62% Debt-to-Income Ratio (DTI). There was a Manual approval dated 06/14/2005, in the loan file. | Full | $248,000.00 | 2845332 |
| | | | | 1.04 (c) (v) LXS 2005-2_No Fraud<br><br>1.04 (c) (vii) LXS 2005-2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the Mortgage Electronic Registry System report and the audit credit report, the Borrower obtained 2 undisclosed mortgages in the amounts of $280,000 with a monthly payment of $2,295 per month and an undisclosed mortgage in the amount of $70,000 with a monthly payment of $519. The undisclosed mortgages opened on 05/05/2005, or 9 days after the subject loan closing date of 04/26/2005, and were secured a property located in Lowell, Massachusetts.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $2,814 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845332 |
| 12 | 000000030937692 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/31/2005, in the amount of $107,200 with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the title policy, the mortgage, the subject note and the HUD-1 settlement statement. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $107,200.00 | 2845335 |
| | | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845335 |
| 13 | 000000030964266 | 1st | LXS 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/26/2005, in the amount of $113,000. There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the title policy, the homeowner's insurance, the mortgage, the subject note and the HUD-1 settlement statement. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $113,000.00 | 2845349 |
| | | | | 1.04 (b) (xii) LXS 2005-4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845349 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 10:26:34 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_US Bank 2573_Final Version_28

| 14 | 00000031009939 | 1st | LXS 2005-2 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/13/2005, in the amount of $215,500, as a purchase of a non owner occupied detached single family residence, in a Planned Unit Development. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33.22% Debt to Income ratio. There was a Manual approval dated 06/09/2005, in the loan file. | Stated | | $215,500.00 | 2845338 |
| | | | | 1.04 (c) (v) LXS 2005-2_No Fraud<br>1.04 (c) (vii) LXS 2005-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as the Owner of a delicatessen for 5 years and did not disclose any additional self-employment. Research of public records revealed the Borrower filed a Bankruptcy petition on 08/15/2009, which indicates on Section 18 of the Statement of Financial Affairs, the Borrower owned an additional business of a snack business and was open 06/11/2003, 2 years prior to the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material facts or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as the Owner of a delicatessen for 5 years and did not disclose any additional self-employment, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845338 |
| | | | | 1.04 (c) (v) LXS 2005-2_No Fraud<br>1.04 (c) (vii) LXS 2005-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of a delicatessen earning $11,393 per month on the loan application as the only source of employment. Research of public records revealed the Borrower filed a Bankruptcy petition on 08/15/2009, which indicates on Section 18 of the Statement of Financial Affairs, the Borrower owned an additional business of a snack business and revealed the Borrower earned total income of $1,977 per month in 2007. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material facts or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an owner of a delicatessen earning $11,393 per month on the loan application as the only source of income, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845338 |
| 15 | 000000035996685 | 1st | LXS 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/05/2005, in the amount of $97,600, as a cash out refinance of a non owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% Loan to Value/Combined Loan to Value, and a 41.16% Debt to Income ratio. There was a Manual approval dated 07/28/2005, in the loan file. | Stated | $97,600.00 | 2845376 |
| | | | | 1.04 (c) (v) LXS 2005-4_No Fraud<br>1.04 (c) (vii) LXS 2005-4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit report revealed the Borrower obtained an undisclosed home equity line of credit (HELOC) prior to the subject loan closing of 08/05/2005. On 06/21/2005, the Borrower obtained an undisclosed HELOC on the Borrower's primary residence located in Fontana, California with a loan amount of $55,000 with a monthly payment of $550.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented hisr debt obligations by failing to disclose $550 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845376 |
| 16 | 00014159537 | 1st | SASC 2004-GEL2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/16/2002, in the amount of $175,500, as a purchase of a non owner occupied detached single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 90% Loan to Value/Combined Loan to Value, and a 34.03% Debt to Income ratio. There was a Manual approval dated 08/02/2002, in the loan file. | Stated | $175,500.00 | 2846620 |
| | | | | 1.04 (c) SAS 2004-GEL2_No Fraud<br>1.04 (c) (vii) SAS 2004-GEL2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the Mortgage Electronic Registry System and the audit credit report revealed the Borrower obtained 3 undisclosed mortgages prior to the subject loan closing of 08/16/2002. On 07/30/2002, the Borrower obtained a first and second mortgage on a property located in Fishers, Indiana. The first mortgage was in the amount of $396,000 with a monthly payment of $3,338, utilizing the subject mortgage rate amortized over 30 years and the second mortgage was in the amount of $44,000 with a monthly payment of $371, utilizing the subject mortgage rate amortized over 30 years. On 07/29/2002, the Borrower obtained an undisclosed mortgage on a property located in Indianapolis, Indiana with a loan amount of $60,300 and a monthly payment of $654.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $4,363 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846620 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 10:26:34 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

# Digital Risk - Loan Review Findings

Cowen_US Bank 2573_Final Version_28    08-13555-mg    Doc 46080-9    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment part 9 Pg 27 of 201

| # | Loan Number | Lien | Deal | | Findings 1 | | Code | Code | Findings Detail | Doc Type | Amount | Ref |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 00014496749 | 1st | SASC 2004-GEL1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/18/2002, in the amount of $51,300.00, as a purchase of an investment property detached single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 100% Loan to Value/Combined Loan to Value, and a 11% Debt to Income ratio. There was a Manual approval dated 11/20/2002, in the loan file. | Stated | $51,300.00 | 2846611 |
| | | | | 1.04 (c) (v) SAS 2004-GEL1_No Fraud / 1.04 (c) (vii) SAS 2004-GEL1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the Mortgage Electronic Registration System and the audit credit report revealed the Borrower obtained an undisclosed refinance first and second mortgage prior to the subject loan closing of 11/22/2002. On 04/25/2002, the Borrower obtained an undisclosed first and second mortgage on a property located in Indianapolis, Indiana. A first mortgage was obtained with a loan amount of $304,000 with an undisclosed payment increase of $2,544 and the second mortgage had a loan amount of $76,000 with a monthly payment of $604.\n\nThe Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.\n\nIn addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.\n\nDespite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $3,148 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846611 |
| 18 | 00014935928 | 1st | SASC 2003-39EX | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/23/2003, in the amount of $313,000, as a purchase of an owner occupied detached single family residence. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value, and a 36.31% Debt to Income ratio. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $313,000.00 | 2846493 |
| | | | | 1.04 (b) (xi) SAS 2003-39EX_Compliance with Applicable Law / 1.04 (b) (xxxii) SAS 2003-39EX_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.\n\nThe disclosed finance charge ($410,204.23) is ($7,337.11) below the actual finance charge($417,541.34). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge.\n\nThe Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.\n\nDespite the Seller's representations, the Annual Percentage Rate and/or points and fees were not adequately disclosed to the Borrower. | | | 2846493 |
| 19 | 00016794646 | 2nd | SASC 2005-GEL3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/09/2004, in the amount of $50,000, as a second mortgage cash out refinance of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 5.78%/70.75% Loan to Value/Combined Loan to Value, and a 29.00% Debt to Income ratio. There was a Manual approval dated 06/29/2004, in the loan file. | Stated | $50,000.00 | 2846720 |
| | | | | 1.04 (c) (v) SAS 2005-GEL3_No Fraud / 1.04 (c) (vii) SAS 2005-GEL3_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her self employment on the loan application. Per the loan application, the Borrower was an Owner of a Real Estate business for 20 years. The loan file did not contain a business license of a letter from a Certified Public Accountant. On 01/13/2011, the Borrower filed a chapter 7 bankruptcy in the District of Colorado, United States Bankruptcy Court. Per the Statement of Financial Affairs, section 18, the Borrower indicated ownership in the Real Estate business from 03/2003 through 2011. The subject loan closed 07/09/2004. The Real Estate business had only been under the Borrower's ownership for 1 year and 4 months at the time of closing. In addition, the Borrower reported two additional businesses which were not disclosed on the loan application. One business was a Horse Boarding and Training facility opened in 03/2003 and the other business was a Construction business which was in operation from 1982 through 2005.\n\nThe Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.\n\nIn addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.\n\nDespite the Seller's representations, the Borrower falsely stated self-employment as an Owner of a Real Estate Business for 20 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846720 |
| 20 | 00018735829 | 2nd | SASC 2005-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/16/2004, in the amount of $48,000, as a purchase of a non owner occupied detached single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 48.58% Debt to Income ratio. There was a Manual approval dated 11/15/2004, in the loan file. | Stated | $48,000.00 | 2846757 |
| | | | | 1.04 (c) (v) SAS 2005-S2_No Fraud / 1.04 (c) (vii) SAS 2005-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a Mortgage Investment business for 8 years, earning $15,000 per month. On 09/28/2006, the Borrower filed a chapter 7 bankruptcy in the Eastern District of Texas United States Bankruptcy Court. Per the Statement of Financial Affairs, the Borrower did not report any income from the Borrower's business for the subject year loan closing 2004.\n\nThe Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.\n\nIn addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.\n\nDespite the Seller's representations, the Borrower falsely stated income as an Owner of a Mortgage Investment business earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846757 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 10:26:34 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_US Bank 2573_Final Version_28

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 21 | 00018836643 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/25/2004, in the amount of $51,980.00, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as an Alternative Documentation (No Income Verified Asset) loan, with a 20%/100% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 38.87% Debt-to-Income Ratio (DTI). There was a Manual approval dated 10/22/2004, in the loan file. | Alternative | $51,980.00 | 2846739 |
| | | | 1.04 (c) (v) SAS 2005-S1_No Fraud / 1.04 (c) (vii) SAS 2005-S1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Senior Building Inspector earning $7,000 per month on the loan application. An audit verbal verification of employment (VOE) was obtained through the employer, which revealed the Borrower earned $4,240 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the executed Mortgage and/or Deed of Trust.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Senior Building Inspector earning $7,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846739 |
| | | | 1.04 (c) (v) SAS 2005-S1_No Fraud / 1.04 (c) (vii) SAS 2005-S1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research conducted through Accurint reported the Borrower remained at the departing address after the subject loan closing and reported utilities opened in the Borrower's name at another address located in Fredericksburg, Virginia from 07/2005 through 07/2013. The Borrower filed a chapter 7 bankruptcy on 05/22/2008 with the Eastern District of Virginia, Alexandria Division and the Statement of Financial Affairs included in the petition revealed the Borrower occupied the departing address from 2002 through 2005, which was 8 months after closing on 10/25/2004. In addition, the records indicated that the Borrower occupied an address located in Fredericksburg, Virginia after leaving the departing address and did not list the subject address as an address that was ever occupied by the Borrower. Additionally, the audit credit report did not list an occupancy history at the subject property after the subject loan closing date of 10/25/2004.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846739 |
| 22 | 00018934380 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/03/2004, in the amount of $63,600, as a purchase of an owner occupied, single family residence. The loan was approved as a No Ratio loan (No Income, No Asset), with a 20%/100% Loan-to-Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 12/01/2004, in the loan file. | NIVA | $63,600.00 | 2846743 |
| | | | 1.04 (c) (v) SAS 2005-S1_No Fraud / 1.04 (c) (vii) SAS 2005-S1_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. The Borrower filed a Chapter 7 Bankruptcy with the Middle District of Minnesota on 01/05/2007, which indicated that the Borrower occupied the departing address until 09/30/2005, which was 9 months after the subject loan closing date of 12/03/2004.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846743 |
| 23 | 00019099605 | 2nd | SASC 2004-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/30/2004, in the amount of $65,900, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as an Alternative Documentation loan, with a 20%/100% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 36.54% Debt-to-Income Ratio (DTI). There was a Manual approval dated 09/29/2004, in the loan file. | Alternative | $65,900.00 | 2846678 |
| | | | 1.04 (c) (v) SAS 2004-S4_No Fraud / 1.04 (c) (vii) SAS 2004-S4_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. Per the loan application, the Borrower was employed in Sales/Marketing with a hotel for 3 years. An audit verbal verification of employment (VOE) was obtained through the employer, which revealed that the Borrower was employed as a Waitress/Bartender with the hotel.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the executed Mortgage and/or Deed of Trust.<br><br>Despite the Seller's representations, the Borrower falsely stated employment in Sales/Marketing for 3 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846678 |
| | | | 1.04 (c) (v) SAS 2004-S4_No Fraud / 1.04 (c) (vii) SAS 2004-S4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income in Sales/Marketing with a hotel earning $7,400 per month on the loan application. An audit verbal verification of employment (VOE) was obtained through the employer, which revealed the Borrower was employed as a Waitress/Bartender, earning $803 per month plus tips.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the executed Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income in Sales/Marketing, earning $7,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846678 |

Cowen_US Bank 2573_Final Version_28

| # | Loan # | Lien | Deal | Category | Finding Type | | Narrative | Occupancy | Loan Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 00019233030 | 2nd | SASC 2005-GEL4 | Loan Summary | Loan Summary | 0 0 | Loan Summary... The subject loan closed on [date], in the amount of [amount], as a purchase of an owner occupied, single family residence. The loan was approved as a Full Documentation Loan, with a 80% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 24% Debt-to-Income Ratio (DTI). There was a Manual approval dated 10/11/2004, in the loan file. | Full | $45,056.00 | 2846726 |
| | | | | 1.04 (c) (v) SAS 2005-GEL4_No Fraud  1.04 (c) (vii) SAS 2005-GEL4_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 3 | The Borrower misrepresented his employment on the loan application. Per the loan application, the Borrower was self-employed Owner of a Commercial Property Management business for 20 years with no additional sources of employment. Further research conducted through Accurint revealed the Borrower owned an additional sporting goods retail store that was opened from 10/04/2004 to the present, or 10 days prior to the subject loan closing date of 10/14/2004. Furthermore, Accurint also confirmed that the business was registered in the Borrower's name at the Borrower's primary residence.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of a Commercial Property Management business for 20 years with no additional sources of employment, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846726 |
| | | | | 1.04 (c) (v) SAS 2005-GEL4_No Fraud  1.04 (c) (vii) SAS 2005-GEL4_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 3 | The Borrower misrepresented his intent to occupy the subject property. Research conducted through Accurint reported that the Borrower remained occupied at the departing address after the subject loan closing and reported an extensive occupancy history at another address also located in El Paso, Texas from 03/1998 through 11/2010. Further research conducted through Accurint on the Borrower's vehicle registration reported that the Borrower registered a vehicle in the departing address on 04/20/2005, which was 6 months after the subject loan closing date of 10/14/2004. Additionally, the audit credit report did not list an occupancy history at the subject property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846726 |
| 25 | 00019514900 | 2nd | SASC 2005-S1 | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 12/22/2004, in the amount of $54,500, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 10%/90% Loan to Value/Combined Loan to Value, and a 37.46% debt to income ratio. There was a manual approval dated 12/21/2004, in the loan file. | Stated | $54,500.00 | 2846752 |
| | | | | 1.04 (c) (v) SAS 2005-S1_No Fraud  1.04 (c) (vii) SAS 2005-S1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented her debt obligations. Per public records and the audit credit report the Borrower had acquired 8 mortgages for a total of $2,317,900 prior to the purchase of the subject property dated 12/22/2004. The first property located in Goleta, CA was purchased on 11/23/2004 with a mortgage in the amount of $426,000 with a monthly payment of $2,286. The second property located in Santa Barbara, CA was purchased on 12/03/2004 with a first and second mortgage in the amount of $500,000 and $103,000 with a total monthly payment of $3,260. The third property located in Santa Barbara, CA was purchased on 12/09/2004 with a first and second mortgage in the amount of $426,000 and $53,250 with a total monthly payment of $2,571. The audit credit reflects two home equity liens dated 11/2004 for $125,000 and $53,250 with a total payment of $812 and a mortgage lien in the amount of $631,400 dated 12/2004 with a payment of $2,183.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $11,116 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846752 |
| | | | | 1.04 (c) (v) SAS 2005-S1_No Fraud  1.04 (c) (vii) SAS 2005-S1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 3 | The Borrower misrepresented her intent to occupy the subject property. Per public records the Borrower's multiple phone numbers all reflect being registered to the original residence prior to the subject property. Further, public records reflect enormous number of people living at the subject property at various times which does not reflect the Borrower is ever occupying the subject property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846752 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 7/31/2013 10:26:34 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_US Bank 2573_Final Version_28

| 26 | 00019576461 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/05/2005, in the amount of $47,000, as a purchase of a two unit investment property. The loan was approved as a Full Documentation loan with a 70%/100% Loan to Value/Combined Loan to Value, and a 32% debt to income ratio. There was a manual approval dated 1/05/2005, in the loan file. | Full | $47,000.00 | 2846755 |
| | | | 1.04 (c) (v) SAS 2005-S1_No Fraud  1.04 (c) (vii) SAS 2005-S1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research of public records conducted through the Mortgage Electronic Registry System revealed the Borrower obtained 4 undisclosed mortgages totaling $435,000 with total monthly payments of $2,442 in 10/2004 and 12/2004, prior to the subject loan closing on 01/06/2005.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $2,442 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846755 |
| 27 | 00030261291 | 2nd | SASC 2005-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/15/2005, in the amount of $44,000, as a purchase of a non occupied detached single family residence located in a planned unit development. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 19.99%/99.98% Loan to Value/Combined Loan to Value. There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NIVA | $44,000.00 | 2846771 |
| | | | 1.04 (c) (v) SAS 2005-S2_No Fraud  1.04 (c) (vii) SAS 2005-S2_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as a Management Supervisor. The loan file contained the Borrower's 2005 and 2006 tax returns and a hardship letter dated 11/15/2007 which reflects the Borrower was never employed as a Management Supervisor. The hardship letter reveals the Borrower has been retired since 8/2004 and never received a pay stub since that time. Further, the loan file contained an audit verification from the Borrower's original stated employer which reflect no records were found on the Borrower.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Management Supervisor, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846771 |
| | | | 1.04 (c) (v) SAS 2005-S2_No Fraud  1.04 (c) (vii) SAS 2005-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Management Supervisor in Real Estate earning $4,000 per month and receiving $2,685 in dividends and interest. The loan file contained the Borrower's 2005 and 2006 tax returns and a hardship letter dated 11/15/2007, which reflect the Borrower was never employed as a Management Supervisor. The hardship letter reveals the Borrower has been retired since 8/2004 and never received a pay stub since that time.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Management Supervisor in Real Estate earning $6,921 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846771 |
| 28 | 00124900995 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/26/2007, in the amount of $118,200, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Assets loan, with a 60% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.88% Debt to Income Ratio (DTI). There was a Manual approval dated 07/24/2007, in the loan file. | Stated | $118,200.00 | 2847117 |
| | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1  1.04 (c) (v) SAS 2007-BC4_No Fraud  1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Office Manager of a chiropractic office earning $4,850 per month on the loan application. The loan file contained a post closing tax return for 2008, which was obtained through the modification process and reflected the Borrower earned $931 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.  The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.  The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as an Office Manager earning $4,850 per month on the loan application, which not only constituted an event of default under the executed Mortgage and/or Deed of Trust, it also significantly impacted the determination of the Borrower's reasonability to repay the subject loan.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847117 |
| | | | | | | | | | **Grand Total of Repurchase Demand** | | $3,178,056.00 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 10:26:34 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Copyright 2013, Digital Risk, LLC.    Internal & Confidential – Do Not Duplicate    Run: 7/31/2013 10:26:34 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repo

Cowen_US Bank 2573_49 Final Version

| Loan Count | Loan Group | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | B Vue | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | | 00019213271 | 2nd | SASC 2005-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/24/2005, in the amount of $108,750, as a purchase of a multi-family residence with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), per public records. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file | Unknown | $108,750.00 | 2846776 | |
| . | | | | | 1.04 (b) (xiii) SAS 2005-S3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-S3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2846776 | |
| . | | | | | 1.04 (b) (xiii) SAS 2005-S3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2846776 | |
| . | | | | | 1.04 (c) (xviii) SAS 2005-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846776 | |
| | | | | | . | | | | | . | | | | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2014 10:00:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_US Bank 2573_49 Final Version

| 2. | | 00030069652 | 2nd | SASC 2005-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/06/2004, in the amount of $75,000, as a refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 16.48%/89.82% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.327% Debt to Income Ratio (DTI). There was a Manual approval, dated 12/06/2004, in the loan file. | Full | $75,000.00 | 2846780 | |
| . | | | | | 1.04 (b) (xiii) SAS 2005-S3_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xii) SAS 2005-S3_Mortgage File / 1.04 (c) (xvii) SAS 2005-S3_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrowers and maintained in the loan file as evidence of compliance. The loan file only contained page 1 of the Note. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA). Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846780 | |
| 3. | . | 00030239081 | 1st | SASC 2005-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/14/2005, in the amount of $227,200, as a purchase of a single family second home. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NINENA | $227,200.00 | 2846783 | |
| . | | | | | 1.04 (b) (xiii) SAS 2005-S3_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2005-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | . | | 2846783 | |
| . | | | | | 1.04 (c) (v) SAS 2005-S3_No Fraud / 1.04 (c) (vii) SAS 2005-S3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. Research of public records and an audit credit report revealed the Borrower acquired two undisclosed mortgages in the amounts of $188,000 and $23,500 with undisclosed monthly mortgage payments of $1,160 and $170 on 01/31/2005, 1 month prior to the subject loan closing on 02/14/2005. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $1,330 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846783 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2014 10:00:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_US Bank 2573_49 Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | . | 00030362461 | 2nd | SASC 2005-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/25/2005, in the amount of $50,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.923% Debt to Income Ratio (DTI). There was a Manual approval, dated 02/25/2005, in the loan file. | Stated | $50,000.00 | 2846787 | |
| | . | | | | 1.04 (c) (v) SAS 2005-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrowers falsely stated net rental income of $158 per month on the loan application. Research of public records and an audit credit report revealed the Borrowers acquired an undisclosed Home Equity Line of Credit (HELOC) mortgage in the amount of $20,000 with an estimated undisclosed monthly mortgage payment of $200 in 01/2005, which was two months prior to the subject loan closing on 03/01/2005. The undisclosed HELOC caused the net rental income to become a negative cash flow for the rental property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated net rental income of $148 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | . | | 2846787 | |
| 5 | . | 00030368021 | 2nd | SASC 2005-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/24/2005, in the amount of $41,200, as a purchase of a non-owner occupied multi-family 2- unit residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28.19% Debt to Income Ratio (DTI). There was a Manual approval, which was not dated, in the loan file. | Full | $41,200.00 | 2846788 | |
| | . | | | | 1.04 (c) (v) SAS 2005-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Research of public records and an audit credit report revealed the Borrowers acquired an undisclosed mortgage in the amount of $100,000 with a monthly payment of $927 on 02/04/2005, which was 11 days after the subject loan closing on 01/24/2005. The Borrowers also acquired an additional mortgage in the amount of $441,000 with an estimated monthly payment of $1,495 on 02/18/2005, which was 25 days after the subject loan closing. In addition, the Borrowers acquired a third mortgage in the amount of $126,000 with an estimated monthly payment of $1,260 on 02/18/2005, which was also 25 days after the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $3,682 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | . | | 2846788 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2014 10:00:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| | | | | 1.04 (c) (v) SAS 2005-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S3_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | | The Co-borrower misrepresented his employment on the loan application as a Director of Operations for 1 year as his sole source of employment. Research of public records reported the Co-borrower filed a Chapter 7 Bankruptcy with the District of Hawaii on 11/30/2008. The petition included a Statement of Financial Affairs, which revealed the Co-Borrower was also the Owner of an undisclosed property sales company, from 2004 to the present time of filling on 11/30/2008, which covered the subject loan closing date of 01/24/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Co-borrower falsely stated his employment as a Director of Operations for 1 year as his sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846788 | |
| 6. | 00030385322 | 2nd | SASC 2005-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/31/2005, in the amount of $18,900, as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 29.82% Debt to Income Ratio (DTI). There was a Manual approval, dated 03/31/2005, in the loan file. | Stated | $18,900.00 | 2846790 | |
| . | | | | 1.04 (c) (v) SAS 2005-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S3_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as the Owner of a lawn care company as his sole source of employment. Research of public records reported the Borrower filed a Chapter 13 Bankruptcy with the Northern District of Georgia on 03/28/2007. The petition included a Statement of Financial Affairs, which revealed the Borrower owned an additional company other than the Lawn Care Company disclosed at origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as the Owner of a lawn care company for 4 years as his sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | . | | 2846790 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2014 10:00:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_US Bank 2573_49 Final Version

| | | | | | | | | | Narrative | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2005-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a lawn care company earning $5,800 per month on the loan application. Research of public records reported the Borrower filed a Chapter 13 Bankruptcy with the Northern District of Georgia on 03/28/2007. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $15,000, or $1,250 per month, for 2005, the same year as the subject loan closing on 03/31/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a lawn care company earning $5,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | . | | 2846790 |
| 7 | . | 00030486757 | 2nd | SASC 2005-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/05/2005, in the amount of $25,500, as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.64% Debt to Income Ratio (DTI). There was a Manual approval dated 04/13/2005, in the loan file. | Stated | $25,500.00 | 2846794 |
| . | | | | 1.04 (c) (v) SAS 2005-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated his income as a Production Supervisor with an electronic company earning $4,000 per month and the Co-Borrower falsely stated her primary income as a Licensed Practical Nurse and secondary income as a Nurse, earning a total of $4,200 per month on the loan application. An audit verification of employment and income was obtained from the Borrower's employer, which revealed the Borrower earned a monthly income of $3,000 per month and a verbal audit verification was obtained from the Co-Borrower's primary employer, which revealed the Borrower was no longer employed as of 05/2005, which was one month prior to closing. Furthermore, research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the District of Minnesota on 04/22/2008. The petition included a Statement of Financial Affairs, which revealed the Borrower actually earned a monthly income of $3,000 and the Co-Borrower earned a monthly income of $1,940.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a Production Supervisor with an electronic company earning $4,000 per month and the Co-Borrower falsely stated her primary income as a Licensed Practical Nurse and secondary income as a Nurse, earning a total of $4,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | . | | 2846794 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2014 10:00:44 AM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

**1009**

| 8 | . | 00030637409 | 2nd | SASC 2005-S5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/22/2005, in the amount of $22,000, as a purchase of a non-owner occupied single-family detached residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.54% Debt to Income Ratio (DTI). There was manual approval, dated 04/21/2005, in the loan file. | Full | $22,000.00 | 2846816 | |
| . | | | | | 1.04 (c) (v) SAS 2005-S5_No Fraud  1.04 (c) (vii) SAS 2005-S5_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through the Mortgage Electronic Registration Service (MERS) and public records revealed the Borrower purchased an undisclosed property, on the same street as the subject property, on 04/22/2005, which was the same day as the subject loan closing date, and obtained a first and second mortgage, in the amounts of $88,000 and $22,000, with monthly payments of $623 and $193, calculated using the subject Note rate.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $816 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | . | | 2846816 | |
| 9 | . | 00030638506 | 2nd | SASC 2005-S5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/15/2005, in the amount of $95,900, as a second mortgage purchase of an owner occupied 3-unit residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 10%/90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file; however, the loan file did contain a Transmittal Summary reflecting the loan terms. | NIVA | $95,900.00 | 2846817 | |
| . | | | | | 1.04 (b) (xiii) SAS 2005-S5_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-S5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | . | | 2846817 | |

Cowen_US Bank 2573_49 Final Version

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2005-S5_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S5_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. An audit credit report revealed the Borrower had an educational installment loan, opened in 04/1985 with a last activity date of 07/2010, in the amount of $880 with a payment of $30 per month which was not disclosed on the loan application or reflected on the origination credit report.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $30 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2846817 | |
| 10 | . | 00030878565 | 1st | SASC 2005-S5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/27/2005, in the amount of $216,000, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 50.762% Debt to Income Ratio (DTI). There was a Manual approval, which was not dated, in the loan file. | Stated | $216,000.00 | 2846828 | |
| . | | | | 1.04 (b) (xiii) SAS 2005-S5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-S5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | . | | 2846828 | |
| . | | | | 1.04 (c) (v) SAS 2005-S5_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S5_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Parts Manager earning $7,500 per month on the loan application. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Central District of California on 08/31/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower's 2007 income as $44,061, or $3,672 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Parts Manager earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | . | | 2846828 | |

**Digital Risk - Loan Review Findings**

Cowen_US Bank 2573_49 Final Version    08-13555-mg    Doc 46080-9    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 6 Pg 39 of 201

|  |  |  |  |  | 1.04 (c) (v) SAS 2005-S5_No Fraud

1.04 (c) (vii) SAS 2005-S5_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | Misrepresentation of Occupancy | 3 | 3 | The Borrower represented her intent to occupy the subject property. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Central District of California on 08/31/2009, which reflected the Borrower's address in La Mesa, CA. The petition included a Statement of Financial Affairs, which revealed the Borrower never resided at the subject property in El Monte, CA. The Borrower listed an address in West Covina, CA, from 1988 to 2008, which was also the property that the Borrower listed as his primary residence at origination.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

There is no evidence in the file that the Borrower occupied the subject property.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. |  |  |  | 2846828 |  |
| 11 |  | 00030894893 | 2nd | SASC 2005-S5 |  | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/19/2005, in the amount of $120,000, as a second lien purchase of an owner occupied 2-unit detached residence. The loan was approved as a No Ratio loan (No Income, Verified Asset) loan, with a 20%/100% Loan To Value/Combined Loan to Value (LTV/CLTV). There was a manual approval dated 05/19/2005, in the loan file. | NIVA | $120,000.00 | 2846833 |  |
|  |  |  |  |  | 1.04 (c) (v) SAS 2005-S5_No Fraud

1.04 (c) (vii) SAS 2005-S5_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as a self-employed Real Estate Loan Promoter/Marketing for 3.6 years. Research of public records revealed the Borrower filed a Chapter 13 Bankruptcy with the Eastern District of North Carolina on 08/04/2008. The petition contained a Statement of Financial Affairs, which revealed the Borrower had not been self-employed within the 6 years prior to the filing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated self-employment as Real Estate Loan Promoter/Marketing for 3.6 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. |  |  | 2846833 |  |

Cowen_US Bank 2573_49 Final Version

| 12. | 00031718901 | 2nd | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/23/2005, in the amount of $86,850, as a purchase of a non-owner occupied property, single family residence located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 18.48%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40% Debt to Income Ratio (DTI).There was a Manual approval dated 09/23/2005, in the loan file. | Stated | | $86,850.00 | 2846954 | |
| . | | | | 1.04 (c) (v) SAS 2006-S1_No Fraud - With No Red Flags Present

1.04 (c) (vii) SAS 2006-S1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. Per the loan application, the Borrower was the self-employed Owner of a real estate investment business for 2.5 years as her sole source of employment. However, research performed through Accurint revealed the Borrower was also the Owner of an additional business from 09/29/1998 to the present, which was active at the time of the subject loan closing on 09/29/2005.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated self-employment as the Owner of a real estate investment business, earning $25,000 per month, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846954 | |
| . | | | | 1.04 (c) (v) SAS 2006-S1_No Fraud

1.04 (c) (vii) SAS 2006-S1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a self-employed Owner of a real estate investment business, earning $25,000 per month on the loan application. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Central District of California on 02/03/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower earned a monthly income of $7,474 per month during the near year of 2007. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a self-employed Owner of a real estate investment business, earning $25,000 on the loan application, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | . | | | 2846954 | |

| 13 | . | 00031725716 | 2nd | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/09/2005, in the amount of $48,000, as a purchase of a second home, single family residence. The loan was approved as a Full Documentation Loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42% Debt to Income Ratio (DTI). There was a Manual approval dated 09/05/2005, in the loan file. | Full | | $48,000.00 | 2846955 | |
| . | | | | | 1.04 (c) (v) SAS 2006-S1_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research performed through Sitexdata.com and the audit credit report revealed the Borrower obtained a $52,200 in revolving line of credit in 08/2005, in the month prior to the subject loan closing on 09/09/2005. The undisclosed revolving line of credit did not report a monthly payment on the audit credit report; therefore, the monthly payment was calculated using a conservative 1% of the balance, which resulted in a monthly payment of $522 secured by rental property located in North Miami Beach, Florida.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $552 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | . | | | 2846955 | |
| 14 | . | 00031917719 | 2nd | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/31/2005, in the amount of $56,250, as a purchase of a non-owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 15/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45% Debt to Income Ratio (DTI). There was a Manual approval, dated 10/27/2005, in the loan file. | Stated | | $56,250.00 | 2846961 | |
| . | | | | | 1.04 (c) (v) SAS 2006-S1_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research of public records and an audit credit report revealed the Borrower acquired eight undisclosed mortgages on four undisclosed properties in the amounts of $68,310, $66,800, $66,100, $39,300, $209,650, $264,500, $267,200, and $273,240 with undisclosed monthly mortgage payments of $857, $838, $829, $427, $1,362, $1,650, $1,720, and $1,664, all on 11/01/2005, the day after the subject loan closing on 10/31/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $9,347 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846961 | |

| 15 | . | 00031947666 | 2nd | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/02/2005, in the amount of $28,950, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 19.98%/99.97% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 17.42% Debt to Income Ratio (DTI). There was a Manual approval, which was not dated, in the loan file. | Stated | $28,950.00 | 2846963 | |
| . | | | | | 1.04 (b) (xiii) SAS 2006-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($44,358.34) is ($272.97) below the actual finance charge ($44,631.31). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | . | | 2846963 | |
| . | | | | | 1.04 (c) (v) SAS 2006-S1_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower acquired two undisclosed mortgages in the amounts of $78,800 and $14,775 with estimated undisclosed monthly mortgage payments of $423 and $167 on 09/16/2005, which was 2 months prior to the subject loan closing on 11/02/2005. The Borrower also acquired an undisclosed automobile installment loan in the amount of $45,935 with an estimated undisclosed monthly payment of $1,378 also in 09/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,968 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846963 | |
| 16 | . | 00031998339 | 2nd | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/08/2005, in the amount of $60,700, as a second lien purchase of a single family detached second home located in a planned unit development. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 14.988%/94.988% Loan to Value/Combined Loan to Value. There was a manual approval, dated 11/23/2005, in the loan file. | NIVA | $60,700.00 | 2846965 | |
| . | | | | | 1.04 (b) (xiii) SAS 2006-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | . | | 2846965 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/27/2014 10:00:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

1015

| 17. | 00032011975 | . | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither approval from an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | | 2846967 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xiii) SAS 2006-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2006-S1_Mortgage File<br><br>1.04 (c) (xvii) SAS 2006-S1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject note was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | . | | 2846967 |
| . | | | 1.04 (b) (xiii) SAS 2006-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | . | | 2846967 |
| . | | | 1.04 (b) (xiii) SAS 2006-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | . | | 2846967 |
| . | | | 1.04 (c) (xviii) SAS 2006-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | . | | 2846967 |

Cowen_US Bank 2573_49 Final Version

**Digital Risk - Loan Review Findings**

Cowen_US Bank 2573_49 Final Version      08-13555-mg    Doc 46080-9    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment V - part 5    Pg 44 of 201

| 18 | . | 00032083883 | 2nd | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2005, in the amount of $13,600, as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43% Debt to Income Ratio (DTI).There was a Manual approval dated 11/29/2005, in the loan file. | Stated | | $13,600.00 | 2846976 | |
| . | | | | | 1.04 (c) (v) SAS 2006-S1_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The Mortgage Electronic Registration System (MERS) report and the audit credit report revealed the Borrower obtained 4 undisclosed mortgages securing two undisclosed properties located in Memphis, Tennessee. The Borrower opened an undisclosed mortgage in the amount of $94,320 with a monthly payment of $648 and a second mortgage in the amount of $23,580 with a monthly payment of $293 on 12/20/2005, which was 20 days after the subject loan closing on 11/30/2005. Furthermore, The Borrower opened two additional undisclosed mortgages; the first in the amount of $106,000 with a monthly payment of $759 and a second mortgage in the amount of $26,500 with a monthly payment of $301 on 12/13/2005, which was 13 days after the subject loan closing on 11/30/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $2,001 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | . | | | 2846976 | |
| . | | | | | 1.04 (c) (v) SAS 2006-S1_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Manager of a retail jewelry store, earning $6,700 per month on the loan application. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Western District of Tennessee on 10/31/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower earned a monthly income of $5,000 per month during the year of the subject loan closing in 2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, The Borrower falsely stated income as a Manager of a retail jewelry store, earning $6,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846976 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | . | 00032152746 | . | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/16/2005 in the amount of $48,500. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the Note, Mortgage/Deed of Trust, and Post Closing documents only. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $48,500.00 | 2846981 | |
| . | | | | 1.04 (b) (xiii) SAS 2006-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br>The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | . | | 2846981 | |
| . | | | | 1.04 (b) (xiii) SAS 2006-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br>The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | . | | 2846981 | |
| . | | | | 1.04 (c) (xviii) SAS 2006-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | . | | 2846981 | |

Cowen_US Bank 2573_49 Final Version

| 20. | 00032161341 | 2nd | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/06/2005, in the amount of $83,200, as a purchase of an owner occupied Condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.705% Debt to Income Ratio (DTI). There was a Manual approval dated 11/26/2005, in the loan file. | Stated | $83,200.00 | 2846982 | |
| . | | | | 1.04 (c) (v) SAS 2006-S1_No Fraud  1.04 (c) (vii) SAS 2006-S1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. Per the loan application, the Borrower purchased the subject property an owner occupied property; however, the audit credit report did not list the subject address as an address that was ever occupied by the Borrower. Further, research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Northern District of California on 04/07/2009, the petition included a Statement of Financial Affairs, which required the Borrower to list all prior addresses that was occupied by the Borrower within 3 years immediately preceding the commencement of the bankruptcy filing date of 04/07/2009. The report revealed the Borrower occupied a different address located in an apartment complex in Newark, CA from 06/2005 through 02/2006 then Borrower then relocated to a different address located in Fremont, CA to another apartment complex from 02/2006 through 08/2006 and then relocated to a different apartment complex located in Newark, CA from 08/2006 through 09/2007.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  There is no evidence in the file that at least one named Borrower occupied the subject property.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | . | | 2846982 | |
| 21. | 00032174252 | 2nd | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2005, in the amount of $26,500, as a Purchase of a non-owner occupied single family, detached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 10%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.75% Debt to Income Ratio (DTI). There was a Manual approval dated 11/30/2005, in the loan file. | Stated | $26,500.00 | 2846985 | |
| . | | | | 1.04 (b) (xiii) SAS 2006-S1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2006-S1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | . | | 2846985 | |

**Digital Risk - Loan Review Findings**

Cowen_US Bank 2573_49 Final Version    08-13555-mg    Doc 46080-9    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment V - part 5    Pg 47 of 201

| 22 | 00032199572 | 2nd | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/09/2005, in the amount of $47,500, as a purchase of a non-owner occupied property, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 25%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39% Debt to Income Ratio (DTI). There was a Manual approval dated 12/09/2005, in the loan file. | Stated | | $47,500.00 | 2846989 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2006-S1_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. Per the loan application, the Borrower was employed as a self-employed Owner/Vice President of a real estate company for 3 years, earning $15,000 per month. However, research performed through Accurint revealed the Borrower also owned an additional real estate business from 11/2005 through present, which covers the subject loan closing date of 12/09/2005 and was not disclosed on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner/Vice President of a real estate company for 3 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846989 | |
| | | | | 1.04 (c) (v) SAS 2006-S1_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Owner/Vice President of a real estate company earning $15,000 per month on the loan application. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Central District of California on 12/03/2008. The petition included a Statement of Financial Affairs, which revealed the Borrower actually earned a monthly income of $2,871 per month in the year 2006. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, The Borrower falsely stated income as a self-employed Owner/Vice President of a real estate company earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846989 | |

| 23 | . | 00032227357 | 2nd | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/05/2005, in the amount of $59,822, as a purchase of a condominium unit, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), per public records. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the Note and Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $59,822.00 | 2846990 | |
| . | | | | | 1.04 (b) (xiii) SAS 2006-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | . | | | 2846990 | |
| . | | | | | 1.04 (b) (xiii) SAS 2006-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | . | | | 2846990 | |
| . | | | | | 1.04 (c) (xviii) SAS 2006-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | . | | | 2846990 | |

| 24 | . | 00035556141 | 2nd | SASC 2005-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/26/2005, in the amount of $54,080, as a purchase of a non-owner occupied multi-family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.28% Debt to Income Ratio (DTI). There was a manual approval, dated 05/25/2005, in the loan file. | Stated | $54,080.00 | 2846806 | |
| | | | | | 1.04 (c) (v) SAS 2005-S4_No Fraud 1.04 (c) (vii) SAS 2005-S4_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through the Mortgage Electronic Registration Service (MERS), public records and an audit credit report revealed the Borrower purchased five undisclosed properties located in Salt Lake City, UT. The Borrower purchased a property on 05/25/2005, which was one day prior to the subject loan closing date of 05/26/2005, and obtained a first mortgage in the amount of $216,320 with a monthly payment of $1,420, and a second mortgage in the amount of $54,080 with a monthly payment of $546. The Borrower purchased an additional property on 05/26/2005, which was the same day as the subject loan closing and obtained a first mortgage in the amount of $216,320 with a monthly payment of $1,855 and a second mortgage in the amount of $54,080, with a monthly payment of $525. The Borrower also purchased a third property on 05/26/2005, which was the same day as the subject loan closing, and obtained a first mortgage in the amount of $216,320 with a monthly payment of $1,493 and a second mortgage in the amount of $54,080 with a monthly payment of $525. The Borrower purchased a fourth property on 06/15/2005, which was within 30 days of the subject loan closing date of 05/26/2005 and obtained a first mortgage in the amount of $216,320 with a monthly payment of $1,457 and a second mortgage in the amount of $54,080 with a monthly payment of $525. Furthermore, the Borrower purchased a fifth property on 06/09/2005, which was within 30 days of the subject loan closing date of 05/26/2005, and obtained a first mortgage in the amount of $201,600 with a monthly payment of $1,341 and a second mortgage in the amount of $54,080,with a monthly payment of $543.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | . | | 2846806 | |
| 25 | . | 00035571520 | 2nd | SASC 2005-S5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/03/2005, in the amount of $45,600, as a second lien purchase of an owner occupied single family detached residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.20% Debt to Income Ratio (DTI). There was a manual approval, dated 06/03/2005, in the loan file. | Full | $45,600.00 | 2846843 | |
| | | | | | 1.04 (c) (v) SAS 2005-S5_No Fraud 1.04 (c) (vii) SAS 2005-S5_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower had purchased an automobile on 05/20/2005, which is 14 days prior to the subject closing date of 06/03/2005, in the amount of $30,072 with a payment of $534 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $534 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846843 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2005-SS_No Fraud<br><br>1.04 (c) (vii) SAS 2005-SS_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrowers misrepresented his intent to occupy the subject property. Research of public records reflected the Borrower had filed a Chapter 7 Bankruptcy with the Middle District of Florida on 12/22/2008. The petition reflected the Borrower's address in Orlando, FL with the Statement of Financial Affairs reflecting the Borrower had not occupied a prior address within three years of the filing. The subject property was located in Oviedo, FL and closed on 06/03/2005. Further research reflected the Borrower had purchased the property indicated on the bankruptcy documents within 105 days of the subject closing and utilized that property as his primary residence.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846843 | |
| 26 | 00035645142 | 2nd | SASC 2005-SS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/25/2005, in the amount of $46,400, as a cash-out refinance of an owner-occupied single-family detached residence. The loan was approved as a Full Documentation loan, with a 10.09%/88.27% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.69% Debt to Income Ratio (DTI). There was a manual approval, dated 05/25/2005, in the loan file. | Full | $46,400.00 | 2846847 | |
| | | | | 1.04 (c) (v) SAS 2005-SS_No Fraud<br><br>1.04 (c) (vii) SAS 2005-SS_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrowers misrepresented their intent to occupy the subject property. The Borrowers filed Chapter 7 Bankruptcy documents with the District of Kansas on 06/13/2008. The Borrowers disclosed residing at an address in Overland Park, KS on the Voluntary Petition at the time of filing; however, the subject property was located in Shawnee Mission, KS. Review of the Statement of Financial Affairs revealed the Borrowers declared, under penalty of perjury, having no previous addresses for the prior three years, which covered the period of 06/14/2005 through 06/13/2008. The subject loan closed on 05/25/2005; therefore, the Borrowers did not occupy the subject property for twelve months as required. It should also be noted; public utility records indicated the Borrowers maintained utilities at the property in Overland Park, KS from 1960 to 01/2014; however, reflected the Borrowers did not maintain utilities at the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner-occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846847 | |
| 27 | 00036836666 | 2nd | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/15/2005, in the amount of $50,000, as a purchase of an owner-occupied single-family detached residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.73% Debt to Income Ratio (DTI). There was a manual approval, dated 11/10/2005, in the loan file. | Stated | $50,000.00 | 2846995 | |

**Digital Risk - Loan Review Findings**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) SAS 2006-S1_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated rental income of $2,550 per month on the loan application.<br><br>Research of public records of the Borrower's motor vehicle registrations reflected the Borrower had only registered motor vehicles at the property in Oakland Park, FL, represented as the departure residence, from 09/1989 through 06/26/2013. The subject loan closed 11/15/2005; therefore, the Borrower continued to register vehicles at the departure residence after the subject loan closing. Additionally, public records of driver's license records, where the subject property was given as the licensee's address at the time of licensure, revealed another individual claimed the subject property as their current residence on 07/07/2006, which was less than 12 months after the subject loan closing date, while public records of the Borrower's driver's license records revealed the Borrower did not give the subject property as the current residence when obtaining a license on 04/10/2007 or 04/24/2013. Furthermore, the Borrower obtained a second mortgage, secured by the departure residence, on 07/21/2006, which was less than 12 months after the subject loan closing date, and indicated currently residing in the departure residence. The Borrower did not vacate the departure residence and occupy the subject property as represented and required; therefore, could not have derived rental income from this property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated rental income of $2,550 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or | | 2846995 | |
| | | | 1.04 (c) (v) SAS 2006-S1_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research of public records of the Borrower's motor vehicle registrations revealed the Borrower had only registered motor vehicles at the property in Oakland Park, FL, represented as the departure residence, from 09/1989 through 06/26/2013; therefore, the Borrower continued to register vehicles at the departure residence after the subject loan closing. Additionally, public records of driver's license records, where the subject property was given as the licensee's address at the time of licensure, revealed another individual claimed the subject property as their current residence on 07/07/2006, which was less than 12 months after the subject loan closing date, while public records of the Borrower's driver's license records revealed the Borrower did not give the subject property as the current residence when obtaining a license on 04/10/2007 or 04/24/2013. Furthermore, the Borrower obtained a second mortgage, secured by the departure residence, on 07/21/2006, which was less than 12 months after the subject loan closing date, and indicated currently residing in the departure residence.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that at least one named Borrower occupied the subject property.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner-occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2846995 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 28 | . | 00037318698 | 2nd | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/04/2006, in the amount of $138,200, as a cash-out refinance of an owner-occupied single-family detached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39% Debt to Income Ratio (DTI). There was a manual approval, dated 01/04/2006, in the loan file. | Stated | $138,200.00 | 2847005 | |
| | . | | | | 1.04 (c) (v) SAS 2006-S1_No Fraud  1.04 (c) (vii) SAS 2006-S1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Assistant Manager earning $15,000 per month on the loan application. The Borrower filed Chapter 7 Bankruptcy with the District of Colorado on 10/10/2006, ten months after the closing date of 01/04/2006. Review of the Statement of Financial Affairs revealed the Borrower declared, under penalty of perjury, 2005 income, of $789, or $66 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as an Assistant Manager earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847005 | |
| 29 | | 36912160 | 2nd | SASC 2006-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/09/2005, in the amount of $13,980, as a purchase of a non-owner occupied multi-family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 17.14% Debt to Income Ratio (DTI). There was a manual approval, dated 12/08/2005, in the loan file. | Full | $13,980.00 | 2846997 | |
| | | | | | | CLTV exceeds 100% | CLTV exceeds 100% | 1 | 3 | The subject loan had a Combined Loan-to-Value Ratio (CLTV) in excess of 100%. The Seller represented and warranted that the subject loan would have a CTLV of 100% or less.

Maximum seller concessions of 3% were permitted; however, the seller concession reflected on the HUD-1 was $2,796, or 4% of the sales price of $69,900. The seller concession exceeded the maximum by $699; therefore, the effective sales price was $69,201. The subject lien and first mortgage totaled $69,900; therefore, the CLTV was 101%.

Despite the Seller's representation, the subject loan was verified to be 101%. | | | | |
| | | | | | | | | | | **Grand Total of Repurchase Demand** | | $1,908,582.00 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2014 10:00:44 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_US Bank 2573_48 Final Version

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 00046722666 | 1st | LMT 2007-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/06/2007, in the amount of $434,150, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.78% Debt to Income Ratio (DTI). There was a Manual approval dated 06/05/2007 in the loan file. | Stated | $434,150.00 | 2845298 | |
| . | | | | 1.04 (c) (v) LMT 2007-7_No Fraud  1.04 (c) (vii) LMT 2007-7_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed rental income. The Borrower falsely stated his net rental income on the loan application for other real estate owned of $2,500 per month. Research of public records reported the Borrower filed for bankruptcy on 08/27/2008, which revealed the Borrower occupied the rental property as his primary residence as of 05/2007, the month prior to the subject loan closing on 06/06/2007; therefore, the gross rent income of $2,500 for the property occupied by the Borrower was misrepresented.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated rental income as $1,356 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845298 | |
| . | | | | 1.04 (c) (v) LMT 2007-7_No Fraud  1.04 (c) (vii) LMT 2007-7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records reported the Borrower filed for Bankruptcy on 08/27/2008, which revealed the Borrower occupied another property owned by the Borrower on the same street as the subject property from 05/2007 to 06/2008. Bankruptcy records indicated the Borrower departed the subject property in 05/07, the month prior to the subject loan closing on 06/06/2007.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845298 | |

**Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/27/2014 4:38:52 PM**

**Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor**

**1026**

# Digital Risk – Loan Review Findings

| # | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 0030140362 | 1st | SAIL 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/27/2005, in the amount of $144,600, as a purchase of a non-owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with an 79.98% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 20.24% Debt to Income Ratio (DTI). There was a Manual approval dated 01/24/2005, in the loan file. | Stated | $144,600.00 | 2845823 | |
| . | | | | 1.04 (c) (v) SAIL 2005-4_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower purchased an undisclosed property located in Las Vegas, NV on 10/13/2004, 3 months prior to subject loan closing on 01/25/2005. The Borrower obtained a mortgage for the undisclosed property in the amount of $160,000 with a monthly payment of $1,076. The Borrower also purchased an additional property located in Las Vegas on 02/04/2005, 10 days after the subject loan closing, and obtained a mortgage in the amount of $182,400 with a monthly payment of $1,038.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $2,114 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845823 | |
| 3 | 0400096905 | 2nd | SAIL 2004-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/02/2004, in the amount of $26,700, as a purchase of a non-owner occupied 2 unit property. The loan was approved as a Full Documentation loan, with a 10%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.46% Debt to Income Ratio (DTI). There was a Manual approval dated 03/31/2004, in the loan file. | Full | $26,700.00 | 2845779 | |
| . | | | | 1.04 (c) (v) SAIL 2004-6_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. The Audit Credit Report and public records indicated the Borrower acquired 2 second mortgages on 2 of his investment properties in the amount of $74,950 each, with monthly payments of $693 and $665.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,358 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845779 | |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | $605,450.00 | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Narrative | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000015200926 | 1st | SASC 2003-21 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/16/2003, in the amount of $322,000, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a No Income/Verified Asset (No Ratio) Documentation loan, with a 64.40% Loan to Value/Combined Loan to Value (LTV/CLTV), and a Debt to Income Ratio (DTI) was not required by the Lender. There was a Manual approval dated 05/09/2003 in the loan file. | NIVA | $322,000.00 | 2846450 | |
| . | | | | 1.04 (c) (v) SAS 2003-21_No Fraud  1.04 (c) (vii) SAS 2003-21_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower indicated his sole source of employment as a Real Estate Agent/Owner of a Real Estate Agency for 17 years as his sole source of employment. However, research performed through Accurint revealed the Borrower owned 3 additional real estate agency businesses that were not disclosed on the loan application. Accurint reported an open and active date of 12/2000 through the present for the first undisclosed business, 1975 through the present for the second undisclosed business and 1990 through the present for the third undisclosed business, which all covered the subject loan closing date of 05/16/2003.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as Real Estate Agent/Owner of a Real Estate Agency for 17 years as his sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846450 | |
| 2 | 000000018374421 | 1st | SASC 2004-21XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/21/2004, in the amount of $439,500, as a rate and term refinance of a non-owner occupied 2 unit residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 70.32% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.25% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $439,500.00 | 2846561 | |
| . | | | | 1.04 (c) (v) SAS 2004-21XS_No Fraud  1.04 (c) (vii) SAS 2004-21XS_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his primary income as a Teacher/Tutor for a middle school for 29 years, earning $8,000 per month and secondary employment as a Professor for 12 years at a college, earning $4,000 per month on the loan application. An audit verification of employment and income was conducted through The Work Number, which revealed the Borrower earned $5,887 per month in 2005 and a verbal verification of employment and income was obtained through the Borrower's secondary employer, which revealed the Borrower earned $1,186 per month in 2004, which was the year the subject loan closed. It is unlikely the Borrower's primary income would have decreased considering the Borrower was employed with the same employer in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated primary income as a Teacher/Tutor for a middle school for 29 years, earning $8,000 per month and secondary employment as a Professor for 12 years at a college, earning $4,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846561 | |

| # | Loan # | Lien | Deal | Code 1 | Code 2 | Finding | Finding | | | Narrative | Status | Amount | ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 00016123523 | 1st | SASC 2003-32 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 09/23/2003, in the amount of $52,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $52,000.00 | 2846468 | |
| . | | | | 1.04 (b) (xi) SAS 2003-32_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-32_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846468 | |
| . | | | | 1.04 (b) (xi) SAS 2003-32_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-32_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846468 | |
| . | | | | 1.04 (b) (xi) SAS 2003-32_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-32_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2846468 | |
| . | | | | 1.04 (c) (xviii) SAS 2003-32_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846468 | |
| 4 | 00016230534 | 1st | SASC 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 11/21/2003, in the amount of $157,500, as a cash out refinance of a non-owner occupied multi-family 2 unit residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.615% Debt to Income Ratio (DTI). There was a Manual approval, dated 11/13/2003, in the loan file. | Stated | $157,500.00 | 2846587 | |

Cowen_US Bank 2573_47 Final Version

| | | | | | | | | | Description | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2004-3_No Fraud  1.04 (c) (vii) SAS 2004-3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower acquired an undisclosed mortgage in the amount of $106,500 with an undisclosed monthly mortgage payment of $804 on 11/21/2003, which was the same day as the subject loan closing on 11/21/2003.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  There is no evidence in the file that a public records search was performed. The non-disclosure of an $804 monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose an $804 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846587 |
| 5 | 00016254930 | 1st | SASC 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/14/2004, in the amount of $68,000, as a cash out refinance of a non-owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45% Debt to Income Ratio (DTI). There was a Manual approval, dated 12/19/2003, in the loan file. | Full | | $68,000.00 | 2846588 |
| . | | | | 1.04 (c) (v) SAS 2004-3_No Fraud  1.04 (c) (vii) SAS 2004-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower acquired six undisclosed mortgages, four without verifiable property addresses, in the amounts of $123,200 with a monthly payment of $911, $64,000 with a monthly payment of $580, $40,000 with a monthly payment of $419, $67,200 with a monthly payment of $476, and $56,000 with a monthly payment $396, all on or before the subject loan closing date of 01/14/2004. The final undisclosed mortgage was a refinance of a disclosed property in the amount of $67,200 with a monthly payment of $631 on 01/14/2004.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $3,413 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846588 |
| 6 | 00016323149 | 1st | SASC 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/19/2004, in the amount of $108,000 as a Rate and Term refinancing of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/80% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 40% Debt To Income (DTI) ratio. There was a Manual approval dated 01/12/2004, in the loan file. | Stated | | $108,000.00 | 2846594 |
| . | | | | 1.04 (b) (xiii) SAS 2004-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-3_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  The disclosed finance charge ($133,065.60) is ($1,846.92) below the actual finance charge ($134,912.52). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).  In addition, the disclosed APR (6.383) is lower than the actual APR (6.5508). The Truth in Lending Act considers a disclosed APR inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17 (f), 1026.19 (a) (2), & 1026.22 (a )(2)).  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846594 |

Copyright 2014, Digital Risk, LLC.     Internal & Confidential - Do Not Duplicate        Run: 1/27/2014 4:12:28 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/27/2014 4:12:28 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| 7 | 00016752420 | 1st | SASC 2004-17XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/23/2004, in the amount of $72,250, as a rate and term refinance of a non-owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.12% Debt to Income Ratio (DTI). There was a Manual approval dated 06/16/2004, in the loan file. | Full | | $72,250.00 | 2846541 | |
| . | | | | 1.04 (b) (xii) SAS 2004-17XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-17XS_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TILA) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Truth in Lending Act may apply if an owner plans to occupy an investment property for more than 14 days during the coming year. (Commentary to 12 CFR Sec. 1026.3(a)). TILA considers a disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)). The disclosed finance charge ($134,668.15) is lower than the actual finance charge ($136,743.23) by ($2,075.08).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846541 | |
| . | | | | 1.04 (c) (v) SAS 2004-17XS_No Fraud<br><br>1.04 (c) (vii) SAS 2004-17XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. The public records and Audit Credit Report revealed the Borrower acquired 2 undisclosed mortgages on 06/23/2004, the same day of the subject loan closing, in the amounts of $63,750 and $57,800 with monthly payments of $654 and $576.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,230 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846541 | |
| 8 | 00017201930 | 1st | SASC 2004-6XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/20/2003, in the amount of $120,000, as a purchase of a non-owner occupied single-family residence. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 29.24% Debt to Income Ratio (DTI). There was a manual approval, dated 11/20/2003, in the loan file. | Full | | $120,000.00 | 2846606 | |
| . | | | | 1.04 (c) (v) SAS 2004-6XS_No Fraud<br><br>1.04 (c) (vii) SAS 2004-6XS_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. The Mortgage Electronic Registration Service (MERS) and an audit credit report revealed the Borrowers obtained an undisclosed mortgage in 11/2003, the same month as the subject loan closing on 11/20/2003, in the amount of $35,700 with a monthly payment of $379 and an undisclosed student loan in the amount of $5,000 with a monthly payment of $51 in 09/2003, 2 months prior to the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $430 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846606 | |

Cowen_US Bank 2573_47 Final Version

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 00017285958 | 1st | SASC 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/19/2003, in the amount of $191,250, as a cash-out refinance of a non-owner occupied, 2-unit family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.76% Debt to Income Ratio (DTI). There was a Manual approval dated 12/18/2003, in the loan file. | Stated | $191,250.00 | 2846601 |
| . | | | 1.04 (c) (v) SAS 2004-3_No Fraud<br><br>1.04 (c) (vii) SAS 2004-3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower obtained an undisclosed mortgage in the amount of $174,400 with a payment of $1,335 per month on 04/16/2003, 8 months prior to the subject loan closing on 12/19/2003, which was secured by a property located in Saint Paul, Minnesota.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $1,335 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846601 |
| . | | | 1.04 (c) (v) SAS 2004-3_No Fraud<br><br>1.04 (c) (vii) SAS 2004-3_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented her employment on the loan application as a self-employed Owner of Sign Language Interpreter business for 3 years as her sole source of employment. Research conducted through Accurint reported the Borrower owned an additional business, from 11/03/1995 through 11/03/2005, which covers the subject loan closing date of 12/19/2003.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of Sign Language Interpreter business for 3 years as her sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846601 |
| 10 | 00017321985 | 1st | SASC 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/12/2003, in the amount of $213,500, as a refinance of an owner occupied single family residence. The loan was approved as a Stated Income, Verified Asset Documentation loan, with a 78% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.26% Debt to Income Ratio (DTI). There was a Desktop Underwriter Automated Underwriting System approval, dated 12/09/2006, in the loan file. | Stated | $213,500.00 | 2846602 |
| . | | | 1.04 (b) (xiii) SAS 2004-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xiv) SAS 2004-3_No High Cost - Deemed MnA<br><br>1.04 (b) (xv) SAS 2004-3_No High Cost - HOEPA - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-3_Origination Practices | High Cost Loan - State | No High Cost Loan | 2 | 3 | The subject loan did not comply with applicable law. The Seller represented and warranted that the subject loan was not a high cost loan under any applicable laws.<br><br>The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The loan fees ($13,287.96) exceed the (CA) High Cost fee limit, which is ($12,020.41), the difference is ($1,267.55).<br><br>Despite the Seller's representations, the subject loan was a "covered" or high cost loan as defined by applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846602 |

Cowen_US Bank 2573_47 Final Version

| 11 | 00017329590 | 1st | SASC 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/13/2004, in the amount of $195,000, as a cash-out refinance of an investment 2-unit multi-family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 60.938% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.54% Debt to Income Ratio (DTI). There was a Manual approval dated 01/06/2004, in the loan file. | Stated | $195,000.00 | 2846603 |
| . | | | 1.04 (c) (v) SAS 2004-3_No Fraud<br><br>1.04 (c) (vii) SAS 2004-3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. The audit credit report, and Mortgage Electronic Registration Systems (MERS) revealed the Borrower acquired one undisclosed mortgage account on the same day as the subject loan closing of 01/13/2004. The undisclosed mortgage was in the amount of $195,000 with a monthly payment of $1,137 and was associated with one of the Borrower's investment properties listed on the loan application. Additionally, the undisclosed mortgage was opened with the same Lender as the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $1,137 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846603 |
| 12 | 00017534397 | 1st | SASC 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/11/2004, in the amount of $286,400, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 81% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.74% Debt to Income Ratio (DTI). There was a Desktop Underwriter (DU) approval dated 03/23/2004, in the loan file. | Stated | $286,400.00 | 2846514 |
| . | | | 1.04 (b) (xix) SAS 2004-10_Underwriting Methodology - Deemed MnA | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 3 | 3 | The Borrower stated on the loan application employment as a Self-Employed/Owner of a home based house exterior painting business for 20 years, earning $6,739 per month. The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $6,739 per month for a Self-Employed/Owner of a home based house exterior painting business is unreasonable and is indicative of potential misrepresentation. The U.S. Bureau of Labor Statistics reported the average salary at the 90th percentile for a House Painter in 2004 and in the same geographic region was $3,828 per month. The Borrower's stated income exceeded the Bureau of Labor Statistics' 90th percentile, which is a red flag the Borrower's income was overstated. The Borrower refinanced the departing address on 03/03/2004, which was only 8 days prior to the subject loan closing date of 03/11/2004 from a loan amount of $273,750 to a new loan amount of $350,000 and would suggest the Borrower received $76,250. The Borrower provided 2002 and 2003 income tax returns with all of the Borrower's earnings blacked out; therefore, the Borrower's income could easily have been documented. The Borrower's profile is not indicative of a person earning an annual income of $80,868 and does not exhibit a reasonable ability to repay on the subject loan.<br><br>A re-calculation of the Debt to Income Ratio (DTI) based upon a more reasonable income of $3,828 per month and re-calculation of debt yields a DTI of 78.42%, which increased from 38.74% at origination.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the | | | 2846514 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xix) SAS 2004-10_Underwriting Methodology - Deemed MnA | Failure to Verify Assets | Failure to Verify Assets | 4 | 3 | Per the HUD-1 Settlement Statement, the Borrower was required to document $82,178 to support the earnest money deposit and $4,204 to support the 2-months principle, interest, taxes and insurance (PITI) reserves for the subject purchase of an owner occupied property; therefore, the Borrower was required to document total assets of $86,382 to support down payment and reserve requirements.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's assets, so as to confirm the Borrower's strength of savings patterns, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was a $12,059 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846514 | |
| 13 | 00017665902 | 1st | SASC 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/08/2004, in the amount of $268,200 as a purchase of an owner occupied single family detached residence. The loan was approved as a Stated Income Verified Asset loan, with a 90% Loan To Value/Combined Loan To Value, and a 43.39% Debt To Income Ratio (DTI). There was a Desktop Underwriter Findings approval dated 03/19/2004, in the loan file. | Stated | $268,200.00 | 2846519 | |
| . | | | | 1.04 (b) (xix) SAS 2004-10_Underwriting Methodology - Deemed MnA<br><br>1.04 (c) (v) SAS 2004-10_No Fraud<br><br>1.04 (c) (vii) SAS 2004-10_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. An audit credit report revealed the Borrower acquired two undisclosed mortgages in the amounts of $274,500 and $155,500 with undisclosed monthly mortgage payments of $2,836 and $1,312 in 04/2004, the same month as the subject loan closing on 04/08/2004.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $4,148 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846519 | |

Cowen_US Bank 2573_47 Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 00017855610 | 1st | SASC 2004-17XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/28/2004, in the amount of $52,000, of a Single Family Residence. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $52,000.00 | 2846543 |
| . | | | | 1.04 (b) (xii) SAS 2004-17XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-17XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846543 |
| . | | | | 1.04 (b) (xii) SAS 2004-17XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-17XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846543 |
| . | | | | 1.04 (c) (xviii) SAS 2004-17XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846543 |
| 15 | 00040494494 | 1st | LMT 2007-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/09/2007, in the amount of $274,800, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.96% Debt to Income Ratio (DTI). There was a Manual approval dated 04/06/2007, in the loan file. | Full | $274,800.00 | 2845293 |
| . | | | | 1.04 (c) (v) LMT 2007-7_No Fraud  1.04 (c) (vii) LMT 2007-7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrowers misrepresented their intent to occupy the subject property. Research of public records reported the Borrowers filed a Chapter 7 Bankruptcy with the Eastern District of California on 05/29/2010. The petition included a Statement of Financial Affairs, which revealed the Borrowers occupied the subject property from 07/1994 through 12/2007; therefore, the Borrowers vacated the subject property only 8 months after the subject loan closing date of 04/09/2007. The Borrowers' bankruptcy filing reported the Borrowers did not occupy the subject property for at least 12 months after closing as required.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845293 |

| 16 | 0032840548 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/02/2006, in the amount of $650,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 73.25%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.21% Debt to Income Ratio (DTI). There was a Manual approval dated 05/02/2006, in the loan file. | Stated | $650,000.00 | 2846295 |
| . | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated his income as a Senior Operator for a petroleum company for 19 years, earning $13,000 per month and the Co-Borrower falsely stated her income as a Registered Nurse for 3 years, earning $10,000 per month on the loan application. An audit verification of employment and income was conducted through The Work Number for the Borrower, which revealed the Borrower earned $6,851 per month in 2006 the year the loan closed. The report also reflected the Borrower earned $71,062 in 2007. The loan file contained post-closing income documentation including the Borrowers' 2007 tax return, which reflected the Borrower's total income was $164,808, less the Borrower's verified 2007 income of $71,062, results in income of $93,745, or $7,812 per month for the Co-Borrower. It is unlikely the Co-Borrower's income would have decreased considering she was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a Senior Operator for a petroleum company for 19 years, earning $13,000 per month and the Co-Borrower falsely stated her income as a Registered Nurse for 3 years, earning $10,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846295 |
| 17 | 0032905143 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/26/2006, in the amount of $716,800, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42% Debt to Income Ratio (DTI). There was a Manual approval dated 05/24/2006, in the loan file. | Stated | $716,800.00 | 2846306 |
| . | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Pilot for 6.6 years, earning $16,000 per month and was to receive $2,500 per month in rental income for his departing residence. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Eastern District of California on 12/17/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $5,354 per month in 2007. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work. In addition, the petition reflected the Borrower's departing address as his current address and did not reflect any previous addresses for the Borrower for the preceding 3 years revealing the Borrower did not reside in the subject property for at least one year as required and would not have received the stated rental income of $2,500 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Pilot for 6.6 years, earning $16,000 per month and $2,500 per month in rental income for his departing residence on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846306 |

# Digital Risk - Loan Review Findings
Cowen_US Bank 2573_47 Final Version    08-13555-mg    Doc 46080-9    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment

Part 5 - Page 65 of 201

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan was approved as an owner occupied residence and the Borrower's departing residence was to become a rental property after closing. However, research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Eastern District of California on 12/17/2009. The petition reflected the Borrower's departing address as his current address and the petition included a Statement of Financial Affairs, which did not reflect any previous addresses for the Borrower for the preceding 3 years revealing the Borrower did not reside in the subject property for at least one year as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846306 |
| 18 | 0032940942 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/23/2006, in the amount of $252,000, as a purchase of an owner occupied property. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.679% Debt to Income Ratio (DTI). There was a Manual approval dated 05/25/2006, in the loan file. | Stated | $252,000.00 | 2846315 |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Superintendent earning $9,803 per month on the loan application. Research of public records reported the Borrowers filed a Chapter 7 Bankruptcy with the Eastern District of California on 03/25/2008. The petition included a Statement of Financial Affairs, which revealed the Borrowers' combined monthly income was $8,948 per month during the year of the subject loan closing in 2006, which was less than the monthly income stated of $9,800 earned from the Borrower alone.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Superintendent earning $9,803 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846315 |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrowers misrepresented their intent to occupy the subject property. Research of public records reported the Borrowers filed a Chapter 7 Bankruptcy with the Eastern District of California on 03/25/2008. The Borrowers were required to report all addresses occupied within 3 years immediately preceding the commencement of the bankruptcy filing date, which would cover the subject loan closing date of 05/25/2006. The petition included a Statement of Financial Affairs, which reported the Borrowers occupied their prior departing address from 11/1998 to 06/2006 and then occupied a new address located in Bodfish, California. The Pacer report did not list the subject address located in Bakersfield, California as an address that was ever occupied by the Borrowers after closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846315 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/27/2014 4:12:28 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1038**

Cowen_US Bank 2573_47 Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | 0037083896 | 1st | SARM 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/11/2006, in the amount of $122,500, as a purchase of a second home single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 70%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.81% Debt to Income Ratio (DTI). There was a Manual approval dated 01/04/2006, in the loan file. | Stated | $122,500.00 | 2846245 | |
| . | | | | 1.04 (c) (v) SARM 2006-2_No Fraud<br><br>1.04 (c) (vii) SARM 2006-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Navigation Systems Specialist for an automotive manufacturer for 17 years, earning $20,833 per month. An audit verification of employment and income conducted through The Work Number revealed the Borrower earned $5,280 per month in 2006. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Navigation Systems Specialist for an automotive manufacturer for 17 years, earning $20,833 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846245 | |
| 20 | 0038199782 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/25/2006, in the amount of $94,500, as a purchase of a non-owner occupied condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.91% Debt to Income Ratio (DTI). There was a Manual approval dated 05/23/2006, in the loan file. | Stated | $94,500.00 | 2846331 | |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased an undisclosed property located in Covington, GA, on 03/27/2006, 2 months prior to the subject loan closing on 05/25/2006, and obtained a first mortgage in the amount of $111,992 with a monthly payment of $867 and a second mortgage in the amount of $27,998 with a monthly payment of $302.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,169 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846331 | |

| # | Loan # | Lien | Pool | Category | Finding | Exception | Rating | Finding Detail | Doc Type | Amount | Loan ID |
|---|--------|------|------|----------|---------|-----------|--------|----------------|----------|--------|---------|
| 21 | 115579906 | 1st | LMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/07/1998, in the amount of $289,500, as a Rate and Term refinance of an owner occupied, single family detached residence. The loan was approved as a Full Documentation loan, with a 77.20% Loan To Value/Combined Loan to Value and a 33% Debt to Income Ratio (DTI). There was a Manual approval dated 09/28/1998, in the loan file. | Full | $289,500.00 | 2845259 |
| . | | | | 1.04 (b) (xii) LMT 2006-2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xxxiv) LMT 2006-2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  The disclosed finance charge ($399,142.98) is ($231.12) below the actual finance charge ($399,374.10). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i)(2)).  The disclosed finance charge ($399,142.98) is ($231.12) below the actual finance charge($399,374.10). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845259 |
| 22 | 115580649 | 1st | LMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/25/2001, in the amount of $230,000 as a cash out refinance of an owner occupied single family residence. The loan file contained a Transmittal Summary, which reflected the Loan was approved with a 62.12% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 23.28% Debt to Income Ratio (DTI); however, there was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $230,000.00 | 2845260 |
| . | | | | 1.04 (b) (xii) LMT 2006-2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xxxiv) LMT 2006-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2845260 |
| . | | | | 1.04 (b) (xii) LMT 2006-2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xxxiv) LMT 2006-2_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2845260 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 23 | 14038756 | 1st | LMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/30/2002 in the amount of $595,000 as a cash-out refinance of an owner occupied single family detached residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 70% Loan to Value/Combined Loan To Value, and a 38% Debt to Income Ratio (DTI). There was a Manual approval dated 09/02/2002, in the loan file. | Stated | $595,000.00 | 2845247 |
| . | | | | 1.04 (b) (xii) LMT 2006-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xxxiv) LMT 2006-2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure of the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($715,704.24) is ($960.45) below the actual finance charge ($716,664.69). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845247 |
| . | | | | 1.04 (c) (xxii) LMT 2006-2_No Fraud<br><br>1.04 (c) (xxiv) LMT 2006-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Co-Borrower misrepresented her disclosed income. The Co-Borrower falsely stated her income of $3,300 per month as a Teacher on the loan application.  An audit verification of employment was obtained through the Borrower's employer, which revealed the Co-Borrower's income was $32,588 yearly, or $2,715 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br> In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Teacher earning $3,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845247 |
| 24 | 38070777 | 1st | LXS 2006-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/19/2006, in the amount of $280,000, as a cash-out refinance of an owner occupied, single family residence, located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.06% Debt to Income Ratio (DTI). There was a Manual approval dated 04/14/2006, in the loan file. | Stated | $280,000.00 | 2845438 |
| . | | | | 1.04 (b) (xvii) LXS 2006-8_DTI_Pool 2<br><br>1.04 (b) (xviii) (D) LXS 2006-8_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) LXS 2006-8_No Fraud<br><br>1.04 (c) (vii) LXS 2006-8_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Installation Specialist earning $10,400 per month on the loan application. An audit re-verification of employment and income was obtained from the employer, which revealed the Borrower earned a monthly income of $1,917 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Installation Specialist earning $10,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845438 |

Cowen_US Bank 2573_47 Final Version

Cowen_US Bank 2573_47 Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25 | 38192878 | 1st | LXS 2006-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/15/2006, in the amount of $452,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.28% Debt to Income Ratio (DTI). There was a Manual approval dated 05/11/2006, in the loan file. The loan file is missing the second lien note for the amount of $113,000. | Stated | $452,000.00 | 2845408 |
| . | | | | 1.04 (b) (xvii) LXS 2006-15_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and re-calculated debt results in an increase from 44.28% to 134.33 %, which exceeds the Seller's represented DTI of 60%. | | | 2845408 |
| . | | | | 1.04 (b) (xvii) LXS 2006-15_DTI | Improper Calculation of Debts | Improper Calculation of Debts | 2 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The inaccurately calculated debt significantly impacted the determination of the Borrower's reasonability to repay the subject loan. Monthly debts of $3,985 were used by the Lender to determine the debt to income ratio (DTI). The following facts support the proper calculation of debts: The Borrower's all other monthly debt at origination was reported to be a monthly payment of $64 per month; however, the Borrower's consumer debt reflected on the origination credit report of $603, was not included in the DTI at origination which results in a total of all other debt of $667 per month. As a result, a recalculation of the Borrower's total monthly debt results in $4,467 per month.<br><br>A recalculation of debt to income ratio (DTI) based on the Borrower's verified income of $3,326 per month and the Borrower's proper monthly debt calculation of $4,467 yields a DTI of 134.33%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, a review of the loan file revealed the Lender failed to accurately calculate the Borrower's debts. | | | 2845408 |
| . | | | | 1.04 (b) (xvii) LXS 2006-15_DTI<br><br>1.04 (c) (v) LXS 2006-15_No Fraud<br><br>1.04 (c) (vii) LXS 2006-15_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Manager earning $9,000 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's 2006 tax return, which revealed the Borrower earned a monthly income of $3,326 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of debt to income ratio (DTI) based on the Borrower's verified income of $3,326 per month and the Borrower's proper monthly debt calculation of $4,467 yields a DTI of 134.33%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Manager earning $9,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2845408 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/27/2014 4:12:28 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) LXS 2006-15_No Fraud<br><br>1.04 (c) (vii) LXS 2006-15_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 5 | 3 | The Borrower misrepresented he intended to occupy the subject property. Accurint reported an extensive occupancy history at the departing address located in Woodside, New York from 02/2002 through 06/2011 and reported someone other than the Borrower had occupied the subject property within the 12 months after the subject loan closing date. Additional research performed through Accurint also indicated the Borrower registered a vehicle, which listed the departing address as the mailing address. The address history reported on Accurint and the audit credit report did not list the subject property as an address that was ever occupied by the Borrower. Further research performed through Sitexdata.com property report for the subject property also listed the departing address as the mailing address at the time the subject property was purchased.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845408 |
| 26 | 38544326 | 1st | LXS 2006-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/27/2006, in the amount of $240,000, as purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.42% Debt to Income Ratio (DTI). There was a Manual approval dated 06/23/2006, in the loan file. | Stated | $240,000.00 | 2845395 |
| . | | | | 1.04 (b) (xvii) LXS 2006-11_DTI_Pool 2<br><br>1.04 (c) (v) LXS 2006-11_No Fraud<br><br>1.04 (c) (vii) LXS 2006-11_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a self-employed Owner of a renovations business earning $15,000 per month on the loan application. The loan file included the Borrower's 2007 income tax returns in the post-closing documents including Schedule E, which revealed the Borrower earned a monthly income of $7,100 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a self-employed Owner of a renovations business earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845395 |
| . | | | | 1.04 (c) (v) LXS 2006-11_No Fraud<br><br>1.04 (c) (vii) LXS 2006-11_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented his employment on the loan application as a self-employed Owner of a renovations business for 20 years as his sole source of employment. Research conducted through Accurint revealed the Borrower also owned a communications company from 07/1996 through the present.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of a renovations business for 20 years as his sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845395 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/27/2014 4:12:28 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1043**

Cowen_US Bank 2573_47 Final Version

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2006-11_No Fraud<br><br>1.04 (c) (vii) LXS 2006-11_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrowers were represented that intent to occupy the subject property. Accurint reported an extensive occupancy history at the departing address from 01/1998 through 08/2013 and did not reflect an occupancy history for the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The origination loan file included a copy of the hazard insurance for the subject property that listed the departing address as the mailing address on the homeowner's insurance policy for the subject property, which is a red flag the Borrowers did not intend to occupy the subject property after closing.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845395 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/27/2014 4:12:28 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US Bank 2573_47 Final Version

| 27 | 38882007 | 1st | LXS 2006-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/18/2006, in the amount of $396,800, as a purchase of an owner occupied, single family residence, Planned Unit Development (PUD). The loan was approved as a No Income/Verified Asset (No Ratio) Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a Debt to Income Ratio (DTI) was not required. There was a Manual approval dated 08/15/2006, in the loan file. | NIVA | $396,800.00 | 2845410 | |
| . | | | | 1.04 (b) (xvii) LXS 2006-15_DTI<br><br>1.04 (c) (v) LXS 2006-15_No Fraud<br><br>1.04 (c) (vii) LXS 2006-15_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The Mortgage Electronic Registration System (MERS) and the audit credit report revealed the Borrower purchased an undisclosed property located in High Point, North Carolina on 08/23/2006, which was only 5 days after the subject loan closing of 08/18/2006. The Borrower obtained a first mortgage in the amount of $76,800 with a monthly payment of $576 and a second mortgage in the amount of $14,400 with a monthly payment of $144. The Borrower opened a total of $720 per month in undisclosed debt.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $720 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845410 | |
| | | | | 1.04 (c) (v) LXS 2006-15_No Fraud<br><br>1.04 (c) (vii) LXS 2006-15_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented his employment on the loan application as a Banquet Manager for 4 years as his sole source of employment. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Middle District of North California on 10/03/2011. The petition included a Statement of Financial Affairs, which revealed the Borrower was also self-employed from 09/30/2005 and at time of closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Banquet Manager for 4 years as his sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845410 | |
| 28 | 40032906 | 1st | LXS 2007-8H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/18/2007, in the amount of $270,950, as a purchase of a non-owner occupied, Condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 99.99% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36% Debt to Income Ratio (DTI). There was a Manual approval dated 01/16/2007, in the loan file. | Stated | $270,950.00 | 2845626 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-8H_DTI<br><br>1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and the audit credit report revealed the Borrower purchased an undisclosed property located in Los Angeles, California on 01/18/2007, which was the same day as the subject loan closing. The Borrower obtained a mortgage in the amount of $283,950 with a monthly payment of $2,360.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $2,360 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845626 | |

Cowen_US Bank 2573_47 Final Version

| 29 | 40162307 | 1st | LXS 2007-8H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/16/2007, in the amount of $310,162, as a purchase of a second home, Condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 18.164% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | | $310,162.00 | 2845634 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-8H_DTI<br><br>1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research performed through the Mortgage Electronic Registration Service (MERS) report and an audit credit report, revealed the Borrower purchased an undisclosed property located in Solvang, California on 01/26/2007, which was 21 days prior to the subject loan closing date of 02/16/2007 and obtained a first mortgage in the amount of $943,200 with a monthly payment of $5,063 and a second mortgage in the amount of $235,800 with a monthly payment of $1,266. The Borrower also purchased a second property located in Tampa, Florida on 02/26/2007, which was 10 days after the subject loan closing date. The mortgage for the second property was in the amount of $310,162 with a monthly mortgage payment of $2,462. The Borrower also purchased an additional property located in San Marcos, California with a first mortgage amount of $367,200 with a monthly payment of $3,248 and a second mortgage in the amount of $91,800 with a monthly payment of $493 per month. The Borrower opened a total of $12,531 in undisclosed monthly mortgage payments.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation based on the Borrower's undisclosed debt of $12,532 per month and the verified income of $12,850 per month yields a debt to income ratio (DTI) of 132.76%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $12,532 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845634 | |
| . | | | | 1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Vice President of a vehicle rental business earning $25,000 per month on the loan application. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Southern District of California on 04/04/2008. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $12,850 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Vice President earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845634 | |

Cowen_US Bank 2573_47 Final Version

| 30 | 40250011 | 1st | LXS 2007-8H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/05/287, in the amount of $115,000, as a purchase of an owner occupied, Condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.68% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | | $115,000.00 | 2845645 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-8H_DTI<br><br>1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a self-employed Owner of a home based residential construction business earning $5,250 per month on the loan application. The loan file included post-closing income documentation including the Borrower's 2009 tax return, which revealed the Borrower earned a monthly income of $2,641. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of debt to income ratio (DTI) based on the Borrower's verified income of $2,641 yields a DTI of 82.51%, which exceeds the seller's represented maximum DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Owner of a home based residential construction business earning $5,250 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845645 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-8H_DTI<br><br>1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a self-employed Owner of a home based residential construction business earning $5,250 per month on the loan application. The loan file included post-closing income documentation including the Borrower's 2009 tax return, which revealed the Borrower earned a monthly income of $2,641. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of debt to income ratio (DTI) based on the Borrower's verified income of $2,641 yields a DTI of 82.51%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Owner of a home based residential construction business earning $5,250 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845645 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/27/2014 4:12:28 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| # | Loan No. | Lien | Deal | Rep | Finding Type | Finding | | Findings Detail | Doc Type | Amount | ID | |
|---|----------|------|------|-----|--------------|---------|---|-----------------|----------|--------|-----|---|
| | | | | 1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented her employment on the loan application. Per the loan application, the Borrower was a self-employed Owner of a home based residential construction and cleaning business for 8 years as his sole source of employment. Research performed through Accurint revealed the Borrower was also a self-employed business owner of a web company from 08/31/2004 through present, which covered the subject loan closing date of 03/05/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated a self-employed Owner of a construction business for 8 years as his sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845645 | |
| 31 | 45549292 | 1st | LXS 2007-8H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/05/2007, in the amount of $161,400, as a purchase of a second home condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.18% Debt to Income Ratio (DTI). There was a Manual approval dated 04/04/2007, in the loan file. | Stated | $161,400.00 | 2845665 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-8H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed results in an increase from 37.18% to 376.38%, which exceeds the Seller's represented DTI of 60%. | | | 2845665 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-8H_DTI<br><br>1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased an undisclosed property located in Miami, FL on 11/22/2006, which was 5 months prior to the subject loan closing on 04/05/2007. The Borrower obtained a first mortgage in the amount of $153,120 with a month payment of $821, which is based on a 5% interest rate for 30 years. The Borrower obtained a second mortgage in the amount of $17,400 with a monthly payment of $93, based on a 5% interest rate for 30 years.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 376.38%, which exceeded the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $915 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845665 | |

| | | | 1.04 (b) (xviii) LXS 2007-8H_DTI<br><br>1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Misrepresentation of Income - Red Flags Present | Misrepresentation of Income | 4 | 3 | The Borrower represented herself as a Realtor for 2 years, earning $15,650 per month. The Borrower falsely stated her income as a Realtor for 2 years, earning $15,650 per month. The loan file contained post-closing income documentation including the Borrower's 2007 tax return, which revealed the Borrower earned $1,771 per month as a Realtor the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 376.38%, which exceeded the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Realtor for 2 years, earning $15,650 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845665 | |
| | | | | | | | | **Grand Total of Repurchase Demand** | | $7,997,012.00 | |

.

.

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/27/2014 4:12:28 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000016913741 | 1st | SASC 2004-21XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/15/2004, in the amount of $191,990, as a purchase of an owner occupied, single family residence located in a planned unit development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 23.63% Debt to Income Ratio (DTI). There was a Manual approval dated 09/23/2004, in the loan file. | Stated | $191,990.00 | 2846550 | |
| . | | | | 1.04 (c) (v) SAS 2004-21XS_No Fraud  1.04 (c) (vii) SAS 2004-21XS_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. Per the loan application, the Borrower was a self-employed Physician/Owner of a medical center for 13 years. However, research performed through Accurint revealed the Borrower owned two additional businesses that were not disclosed on the loan application at origination. The Accurint business reports indicated the Borrower was the Owner of a beauty shop from 06/2004 through 12/2006 and an additional medical clinic from 1994 through the present, which both covers the subject loan closing date of 10/15/2004.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representations and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated self-employment as a Physician/Owner of a medical center for 13 years as her only source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846550 | |
| . | | | | 1.04 (c) (v) SAS 2004-21XS_No Fraud  1.04 (c) (vii) SAS 2004-21XS_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research performed through Accurint reported the Borrower had an extensive occupancy history at the Borrower's departing address from 08/1993 through 10/2013; however, the subject property was purchased on 10/15/2004 as an owner occupied property. In addition, research performed through Accurint revealed the Borrower renewed her driver's license on 05/02/2005, which was 7 months after the subject loan closing date and reported the Borrower's departing address as the Borrower's occupancy address. Based on the Accurint driver's license report and the occupancy history reported on Accurint, the Borrower did not occupy the subject property for 12 months after closing as required.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846550 | |
| 2 | 000000017430943 | 1st | LABS 2004-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/27/2004, in the amount of $575,000, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with a 53.49%/71.63% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 29.35% Debt to Income Ratio (DTI). There was a Manual approval dated 01/14/2004, in the loan file. | Stated | $575,000.00 | 2845147 | |
| . | | | | 1.04 (c) (v) LABS 2004-1_No Fraud  1.04 (c) (vii) LABS 2004-1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through SiteX.com and the audit credit report indicated the Borrower acquired an undisclosed Home Equity Line of Credit (HELOC) on an investment property on 01/08/2004, which was 19 days prior to the subject loan closing on 01/27/2004, in the amount of $70,000 with an estimated monthly payment of $700, or 1% of the credit line amount.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $700 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845147 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/22/2014 12:54:10 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_US Bank 2573 Final Version_46

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 000000017810730 | 1st | SASC 2004-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/01/2004 in the amount of $200,000, with a 76.93% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the loan application, appraisal, and origination credit report. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $200,000.00 | 2846530 |
| . | | | | 1.04 (b) (xii) SAS 2004-13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2004-13_Mortgage File<br><br>1.04 (c) (vi) SAS 2004-13_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrowers and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846530 |
| . | | | | 1.04 (b) (xii) SAS 2004-13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-13_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846530 |
| . | | | | 1.04 (b) (xii) SAS 2004-13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-13_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 5 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846530 |
| . | | | | 1.04 (b) (xii) SAS 2004-13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-13_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 6 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846530 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/22/2014 12:54:10 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_US Bank 2573 Final Version_46

| # | Loan ID | Lien | Deal | | Finding Category | Finding | Finding Detail | | | Description | | Occupancy | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 000000018256305 | 1st | SASC 2004-21XS | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 08/27/2004 in the amount of $138,608. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file. Alternatively the loan file reflects that the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained a copy of the subject note, mortgage, title policy and homeowner's insurance policy. There were no other critical documentations provided for the file and no data tape was provided for the subject loan. | | Unknown | $138,600.00 | 2846557 |
| | | | | 1.04 (c) (viii) SAS 2004-21XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | | 1 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the loan file that the origination appraisal complied with the Act. | | | | 2846557 |
| | | | | 1.04 (c) (xvii) SAS 2004-21XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2846557 |
| | | | | 1.04 (c) (xvii) SAS 2004-21XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2846557 |
| 5 | 000000018377374 | 1st | SASC 2004-21XS | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 09/15/2004, in the amount of $172,800, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a No Ratio (No Income, Verified Assets) loan, with an 80%100/% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 09/13/2004, in the loan file. | | NIVA | $172,800.00 | 2846562 |
| | | | | 1.04 (c) (v) SAS 2004-21XS_No Fraud

1.04 (c) (vii) SAS 2004-21XS_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan application reflected the Borrower was purchasing a new primary residence and departing his current primary residence that he has owned for 24 years. Research conducted through public record searches revealed the Borrower never departed the current residence as the vehicle, driver license, and voter registration searches confirmed the Borrower never changed his address of record to the subject property. The departing residence remained the Borrower's address of record until at least 06/01/2011. Furthermore, the county records confirmed the Borrower never filed homestead exemption on the subject property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846562 |
| | | | | 1.04 (c) (xvii) SAS 2004-21XS_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

The disclosed finance charge ($226,583.92) is ($833.14) below the actual finance charge ($227,417.06). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | | 2846562 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/22/2014 12:54:10 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen_US Bank 2573 Final Version_46

| 6 | 000000018732834 | 1st | SASC 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed in the amount of $169,831. There is neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively approve whether the loan was properly underwritten and approved in adherence with the guidelines of the loan program in effect at the time of application. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $169,831.00 | 2846689 | |
| . | | | | 1.04 (b) (xiii) SAS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2005-3_Mortgage File<br><br>1.04 (c) (xvii) SAS 2005-3_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2846689 | |
| . | | | | 1.04 (b) (xiii) SAS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2846689 | |
| . | | | | 1.04 (b) (xiii) SAS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2846689 | |
| . | | | | 1.04 (c) (xviii) SAS 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846689 | |
| 7 | 000000018867218 | 1st | SASC 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/03/2004, in the amount of $516,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 75.882% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 51.56% Debt to Income Ratio (DTI). There was a Manual approval, dated 12/03/2004, in the loan file. | Full | $516,000.00 | 2846690 | |
| . | | | | 1.04 (b) (xiii) SAS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-3_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846690 | |

Cowen_US Bank 2573 Final Version_46

| 8 | 000000018914507 | 1st | SASC 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed in the amount of $432,200. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly originated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained loan documents for the wrong Borrower. No documents for the subject transaction existed in the loan file. | Unknown | $423,200.00 | 2846693 |
| . | | | | 1.04 (b) (xiii) SAS 2005-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xii) SAS 2005-3_Mortgage File  1.04 (c) (xvii) SAS 2005-3_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2846693 |
| . | | | | 1.04 (b) (xiii) SAS 2005-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846693 |
| . | | | | 1.04 (b) (xiii) SAS 2005-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2846693 |
| 9 | 000000018999904 | 1st | SASC 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/21/2004, in the amount of $240,000, as a purchase of an owner-occupied single-family residence. The loan was approved as a Full Documentation loan, with an 80%/90% Loan to Value/Combined Loan to Value, and a 40.30% Debt to Income Ratio. There was a Desktop Underwriter Automated Underwriting System (DU) approval, dated 12/15/2004, in the loan file. | Full | $240,000.00 | 2846694 |
| . | | | | 1.04 (c) (v) SAS 2005-3_No Fraud  1.04 (c) (vii) SAS 2005-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. An audit credit report revealed the Borrower obtained an undisclosed automobile installment loan in 10/2004, 2 months prior to the subject loan closing on 12/21/2004, in the amount of $54,134, with a monthly payment of $912.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $912 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846694 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/22/2014 12:54:10 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| 10 | 000000019172451 | 1st | SASC 2004-21XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/22/2004, in the amount of $46,000, as a purchase of a non-owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with an 83.18% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32.38% Debt to Income Ratio (DTI). There was a Manual approval dated 10/19/2004, in the loan file. | Full | $46,000.00 | 2846565 | |
| . | | | | 1.04 (c) (v) SAS 2004-21XS_No Fraud

1.04 (c) (vii) SAS 2004-21XS_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. The Audit Credit Report revealed the Borrowers acquired an undisclosed installment loan in 09/2004, the month prior to the subject loan closing on 10/22/2004, in the amount of $5,000 with a monthly payment of $133.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $133 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846565 | |
| 11 | 000000400071213 | 1st | SASC 2004-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/22/2004, in the amount of $82,800, as a purchase of a non-owner occupied 2 unit property. The loan was approved as a No Income, No Employment, No Assets (No Doc) loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NINENA | $82,800.00 | 2846533 | |
| . | | | | 1.04 (c) (v) SAS 2004-13_No Fraud

1.04 (c) (vii) SAS 2004-13_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. The audit credit report reflected an undisclosed Home Equity Credit Line was obtained on 07/2003, 9 months prior to the subject loan closing on 03/22/2004, in the amount of $21,616 with a monthly payment of $205.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/ or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $205 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846533 | |
| 12 | 000000400513990 | 1st | SASC 2004-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/16/2004, in the amount of $167,000, as a rate/term refinance of an owner-occupied single-family residence. The loan was approved as a No Income/No Assets documentation loan, with a 54% Loan to Value/Combined Loan to Value (LTV/CLTV), and a Debt to Income Ratio (DTI) was not required to be calculated. There was a manual approval, dated 04/08/2004, in the loan file. | NINA | $167,000.00 | 2846534 | |
| . | | | | 1.04 (b) (xii) SAS 2004-13_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) SAS 2004-13_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2846534 | |

| 13 | 00015487416 | 1st | SASC 2003-32 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/10/2003 in the amount of $148,500, as a rate and term refinance of a second home low-rise condominium. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 66.30% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval, dated 08/29/2003, in the loan file. | NIVA | $148,500.00 | 2846455 |
| . | | | | 1.04 (b) (xi) SAS 2003-32_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-32_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($173,191.00) is ($340.82) below the actual finance charge ($173,531.82). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2846455 |
| 14 | 00015703622 | 1st | SASC 2003-32 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/02/2003, in the amount of $247,500 as a Rate and Term Refinancing of a single family investment property. The loan was closed as a Stated Income/Verified Asset (SIVA), with a 75%/75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.99% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. It should be noted that the loan file contained a loan denial dated 08/27/2003, stating that the loan was not approved due to the unreasonable stated income and would only consider file under the Full Documentation program. | Stated | $247,500.00 | 2846458 |
| . | | | | 1.04 (b) (xi) SAS 2003-32_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-32_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846458 |
| 15 | 00015807753 | 1st | SASC 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/11/2003, in the amount of $112,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32% Debt to Income Ratio (DTI). There was a Manual approval dated 07/03/2003, in the loan file. | Stated | $112,000.00 | 2846582 |
| . | | | | 1.04 (b) (xiii) SAS 2004-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-3_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($80,301.48) is ($408.62) below the actual finance charge ($80,710.10). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846582 |

| 16 | 00015857592 | 1st | SASC 2003-32 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/20/2003, in the amount of $176,000, as a purchase of an owner-occupied four-unit multiple family residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with an 80% Loan to Value/Combined Loan to Value, and a 34.65% Debt to Income Ratio. There was a Loan Prospector Automated Underwriting Approval (LP), dated 07/21/2003, and a manual approval, dated 08/22/2003, in the loan file. | Stated | $176,000.00 | 2846461 |
| . | | | | 1.04 (c) (v) SAS 2003-32_No Fraud<br><br>1.04 (c) (vii) SAS 2003-32_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. An audit credit report revealed the Borrower obtained three undisclosed mortgages in 07/2003 and 08/2003, in the amounts of $136,000, $107,000, and $128,000, with monthly payments of $815, $1,309, and $1,258, totaling $3,382 per month. Additionally, the Borrower misrepresented the occupancy and continued to occupy the departure residence in West Covina, CA; therefore, the Borrower was still obligated to the $1,100 per month rental payment.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $4,482 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846461 |
| . | | | | 1.04 (c) (v) SAS 2003-32_No Fraud<br><br>1.04 (c) (vii) SAS 2003-32_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan file contained post-closing documentation, dated 06/11/2004, less than 12 months after the Note date of 08/08/2003, which indicated the Borrower continued to occupy the departure residence in West Covina, CA after closing. Additionally, public record searches of the Borrower's utility records revealed the Borrower maintained utilities at the property in West Covina, CA from 07/1997 through 12/2013.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner-occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846461 |
| 17 | 00016090888 | 1st | SASC 2003-32 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/28/2003, in the amount of $194,750 as a purchase of an Owner Occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification) with an 95%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 08/26/2006, in the loan file. | NINENA | $194,750.00 | 2846465 |
| . | | | | 1.04 (b) (xi) SAS 2003-32_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-32_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($416,597.04) is ($2,830.23) below the actual finance charge ($419,427.27). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2846465 |
| 18 | 00016223588 | 1st | SASC 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/02/2003, in the amount of $108,400, as a cash out refinance of an owner-occupied single-family residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with an 78.84% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 25% Debt to Income Ratio (DTI). There was a Manual approval, dated 11/18/2003, in the loan file. | Stated | $108,400.00 | 2846586 |
| . | | | | 1.04 (c) (xviii) SAS 2004-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 1 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The loan file contained an origination appraisal; however, page 1 of the Uniform Residential Appraisal Report (1004) was not provided.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846586 |

| 19 | 00016287906 | 1st | SASC 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/08/2004, in the amount of $256,000, as a rate and term refinance of a non-owner occupied 4 unit residence. The loan was approved as a NIVA documentation loan, with No Income/Verified Assets document, with a 101% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 12/24/2003, in the loan file. | NIVA | $256,000.00 | 2846590 | |
| . | | | | 1.04 (c) (v) SAS 2004-3_No Fraud<br><br>1.04 (c) (vii) SAS 2004-3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased an undisclosed property located in Conway, NH, on 11/23/2003, 2 months prior to the subject loan closing on 01/08/2004, and obtained a first mortgage in the amount of $130,400 with a monthly payment of $1,330.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $1,330 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846590 | |
| 20 | 00016610099 | 1st | SASC 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/07/2004, in the amount of $73,500, as a cash out refinance of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.19% Debt to Income Ratio (DTI). There was a manual approval, dated 04/30/2004, in the loan file. | Stated | $73,500.00 | 2846511 | |
| . | | | | 1.04 (b) (xix) SAS 2004-10_Underwriting Methodology - Deemed MnA | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 1 | 3 | The Borrower stated on the loan application that he owned his current residence for 12.5 years with a monthly payment of $1,418, and 21 rental properties, with monthly payments totaling $10,211.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The origination credit report, dated 04/16/2004, reported the mortgage payment history through 02/2004 for one mortgage and through 03/2004 for four additional mortgages. The subject loan closed on 05/07/2004; therefore, the Borrower's mortgage payment history was required to be verified through 04/2004.<br><br>Despite the Seller's representations, there is no evidence in the loan file of verification of the Borrower's housing history; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2846511 | |
| . | | | | 1.04 (c) (v) SAS 2004-10_No Fraud<br><br>1.04 (c) (vii) SAS 2004-10_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. The Mortgage Electronic Registration Service and an audit credit report revealed the Borrower concurrently refinanced three of his disclosed investment properties on the same day as the subject loan closing on 05/07/2004, in the amounts of $77,000, $70,000, and $63,000, with monthly payments of $863, $558, and $544. In total, the payments increased by $448 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose an increase of $448 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846511 | |

# Digital Risk – Loan Review Findings

| 21 | 00016610164 | 1st | SASC 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/07/2004 in the amount of $60,000 as a cash-out refinance of a non-owner occupied single-family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 60% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.19% Debt to Income Ratio (DTI). There was a Manual approval, dated 04/30/2004, in the loan file. | Stated | $63,000.00 | 2846512 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xix) SAS 2004-10_Underwriting Methodology - Deemed MnA | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 1 | 3 | The Borrower stated on the loan application that he owned his current residence for 12.5 years with a monthly payment of $1,419, and 21 rental properties, with monthly payments totaling $10,348.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The origination credit report, dated 04/16/2004, reported the mortgage payment history through 02/2004 for one mortgage and through 03/2004 for four mortgages. The subject loan closed on 05/07/2004; therefore, the Borrower's mortgage payment history was required to be verified through 04/2004.<br><br>Despite the Seller's representations, there is no evidence in the loan file of verification of the Borrower's most recent housing history for all properties owned; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2846512 |
| | | | | 1.04 (c) (v) SAS 2004-10_No Fraud<br><br>1.04 (c) (vii) SAS 2004-10_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Mortgage Electronic Registration Service and an audit credit report revealed the Borrower concurrently refinanced three of the investment properties on the same day as the subject loan closing on 05/07/2004, in the amounts of $77,000, $73,500, and $70,000, with monthly payments of $863, $623, and $558. In total, the payments increased by $509 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose an increase of $509 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846512 |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | **$4,302,870.00** | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 1/22/2014 12:54:10 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000014231948 | 1st | SASC 2003-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/15/2002, in the amount of $146,000, as a purchase an owner occupied Single Family Residence. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' signed Note, Appraisal, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $146,000.00 | 2846439 | |
| . | | | | 1.04 (b) (xi) SAS 2003-10_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846439 | |
| . | | | | 1.04 (b) (xi) SAS 2003-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846439 | |
| 2 | 000000014238075 | 1st | SASC 2003-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/18/2002, in the amount of $517,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with a 74.93% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36% Debt to Income Ratio (DTI). There was a Manual approval dated 10/31/2002, in the loan file. | Stated | $517,000.00 | 2846499 | |
| . | | | | 1.04 (b) (xi) SAS 2003-10_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($666,573.01) is ($2,289.18) below the actual finance charge ($668,862.19). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrowers. | | | 2846499 | |
| 3 | 000000014954820 | 1st | SASC 2003-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/06/2003, in the amount of $336,000, as a refinance of an owner occupied property. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $336,000.00 | 2846444 | |
| . | | | | 1.04 (b) (xi) SAS 2003-16_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-16_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846444 | |
| . | | | | 1.04 (b) (xi) SAS 2003-16_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-16_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846444 | |

Copyright 2014, Digital Risk, LLC.     Internal & Confidential - Do Not Duplicate     Run: 1/22/2014 10:59:31 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xi) SAS 2003-16_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-16_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The Truth-in-Lending (TIL) Act required a Right of Rescission disclosure to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2846444 | |
| . | | | 1.04 (c) (xviii) SAS 2003-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846444 | |
| 4 | 00000015325806 | 1st | SASC 2003-21 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/18/2003, in the amount of $498,850, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.18% Debt to Income Ratio (DTI), according to the Transmittal Summary contained in the loan file. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $498,850.00 | 2846451 | |
| . | | | 1.04 (c) (v) SAS 2003-21_No Fraud<br><br>1.04 (c) (vii) SAS 2003-21_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Research conducted through the Mortgage Electronic Registry System and an audit credit report, revealed the Borrower obtained 4 undisclosed mortgages in the total amount of $524,000. The Borrower obtained an undisclosed mortgage on an unknown property in 03/3003, the month prior to the subject loan closing on 04/12/2003, in the amount of $144,000 with a monthly payment of $1,497 and he obtained an additional undisclosed mortgage also in 03/2003, in the amount of $168,000 with a monthly payment of $1,776. The Borrower also obtained an undisclosed mortgage on 04/14/2003 on an undisclosed property located in Saint Paul, MN, in the amount of $92,000 with a monthly payment of $818 and an additional undisclosed mortgage on an undisclosed property also located in Saint Paul, MN, in the amount of $120,000 with a monthly payment of $1,194.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $5,285 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846451 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/22/2014 10:59:31 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| 5 | 000000016368300 | 1st | LABS 2004-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/17/2003, in the amount of $630,000, in a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Full Employment, No Income and No Asset (No Documentation) loan, with a 64.95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 02/05/2004, in the loan file. | NINENA | $630,000.00 | 2845145 | |
| | | | | 1.04 (b) (xii) LABS 2004-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LABS 2004-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($796,568.29) is ($1,624.24) below the actual finance charge ($798,192.53). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec.1635 (i)(2)).<br><br>The disclosed finance charge ($796,568.29) is ($1,624.24) below the actual finance charge ($798,192.53). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845145 | |
| 6 | 000000017393570 | 1st | SASC 2004-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/14/2004, in the amount of $112,500. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $112,500.00 | 2846523 | |
| | | | | 1.04 (b) (xii) SAS 2004-13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-13_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846523 | |
| | | | | 1.04 (b) (xii) SAS 2004-13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-13_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846523 | |
| | | | | 1.04 (c) (xviii) SAS 2004-13_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846523 | |

Cowen_US Bank 2573 Final Version_45

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 000000017624446 | 1st | SASC 2004-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/20/2004, according to the HUD-1, in the amount of $186,400, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/94.98% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.24% Debt to Income Ratio (DTI). There was a Manual approval dated 04/20/2004, in the loan file. | Stated | $186,400.00 | 2846524 |
| . | | | | 1.04 (b) (xii) SASC 2004-13_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2004-13_Mortgage File<br><br>1.04 (c) (xvii) SAS 2004-13_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject loan Note is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846524 |
| 8 | 000000017824814 | 1st | SASC 2004-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/11/2004, in the amount of $80,910, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 05/27/2004, in the loan file. | NINENA | $80,910.00 | 2846532 |
| . | | | | 1.04 (c) (v) SAS 2004-13_No Fraud<br><br>1.04 (c) (xii) SAS 2004-13_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan was approved as an owner occupied purchase transaction; however, research conducted through public records reported the Borrower remained at her departing residence located in Pasadena, TX from 06/1971 through 10/2013. The records also reflected the Borrower obtained a Texas Driver's license on 07/26/1973 using the Pasadena address; however, no change of address was recorded and the license remains active. In addition, the Borrower obtained a Voter's Registration on 03/09/1988 using the Pasadena address; however, no change of address was recorded and the registration remains active. Further, public records reported 3 additional parties resided in the subject property immediately after closing, including the Seller of the property who was reported to continue to reside in the subject property through 07/2013.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846532 |
| 9 | 00015135627 | 1st | SASC 2003-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/01/2003, in the amount of $399,000, as a purchase of an owner occupied detached single family residence located in a planned unit development. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 59.781% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NINENA | $399,000.00 | 2846447 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 1/22/2014 10:59:31 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xi) SAS 2003-20_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-20_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($488,070.52) is ($976.61) below the actual finance charge ($489,047.13). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2846447 | |
| 10 | 00015496458 | 1st | SASC 2003-32 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/18/2003, in the amount of $212,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.93% Debt to Income Ratio (DTI). There was a Manual approval dated 06/23/2003, in the loan file. | Full | $212,000.00 | 2846456 | |
| . | | | 1.04 (b) (xi) SAS 2003-32_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-32_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($200,142.60) is ($384.96) below the actual finance charge ($200,527.56). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrowers. | | | 2846456 | |
| 11 | 00015503923 | 1st | SASC 2003-25XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/29/2003, in the amount of $95,000, as a cash out refinance of an owner occupied 2 unit residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with an 89.63% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 06/12/2003, in the loan file. | NINENA | $95,000.00 | 2846454 | |
| . | | | 1.04 (c) (xvii) SAS 2003-25XS_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($167,528.58) is ($62.08) below the actual finance charge ($167,590.66). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i) (2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2846454 | |
| 12 | 00015749203 | | SASC 2003-32 | | Loan Summary | Loan Summary | 0 | 0 | According to the final HUD-1, the subject loan closed in the amount of $187,000 on 09/26/2003 as a refinance of an owner occupied single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' signed loan application, Appraisal, TIL and Final HUD-1. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $187,000.00 | 2846459 | |
| . | | | 1.04 (b) (xi) SAS 2003-32_Compliance with Applicable Law<br><br>1.04 (c) (xii) SAS 2003-32_Mortgage File<br><br>1.04 (c) (xvii) SAS 2003-32_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrowers and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2846459 | |

Cowen_US Bank 2573 Final Version_45

| | | | | 1.04 (b) (xi) SAS 2003-32_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-32_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2846459 | |

| 13 | 00015812738 | 1st | SASC 2003-32 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/04/2003, in the amount of $123,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 87.86% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.87% Debt to Income Ratio (DTI). There was a Manual approval dated 08/29/2003, in the loan file. | Stated | $123,000.00 | 2846460 | |
| . | | | | 1.04 (c) (v) SAS 2003-32_No Fraud<br><br>1.04 (c) (vii) SAS 2003-32_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely his stated income as a Warehouse Worker for a wholesale supply company for 6 years, earning $3,500 per month on the loan final application, dated 08/1/2003. An audit verification of employment was obtained, which did not reflect the Borrower's position; however, did reveal the Borrower earned $1,934 per month in 2003 the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Warehouse Worker for a wholesale supply company for 6 years, earning $3,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846460 | |
| 14 | 00016111502 | | SASC 2003-32 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/15/2003, in the amount of $90,000, as a cash out refinance of a non-owner occupied Single Family Residence. The loan was approved, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32.28% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $90,000.00 | 2846466 | |
| . | | | | 1.04 (b) (xi) SAS 2003-32_Compliance with Applicable Law<br><br>1.04 (c) (xii) SAS 2003-32_Mortgage File<br><br>1.04 (c) (xvii) SAS 2003-32_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2846466 | |
| 15 | 00016289688 | 1st | SASC 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/13/2004, in the amount of $116,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a No Documentation (No Income, No Employment, No Assets) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 01/09/2004, in the loan file. | NINENA | $116,000.00 | 2846591 | |

Cowen_US Bank 2573 Final Version_45

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xiii) SAS 2004-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-3_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees. Such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($174,262.67) is ($1,667.99) below the actual finance charge($175,930.66). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>The disclosed APR (7.512) is lower than the actual APR (7.6623). The Truth in Lending Act considers a disclosed APR inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17(f), 1026.19(a)(2), & 1026.22(a)(2)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846591 |
| 16 | 00016524100 | 1st | SASC 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/08/2004, in the amount of $156,655, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.10% Debt to Income Ratio (DTI). There was a Manual approval dated 04/05/2004, in the loan file. | Stated | $156,655.00 | 2846507 |
| . | | | | 1.04 (b) (xix) SAS 2004-10_Underwriting Methodology - Deemed MnA | Failure to Verify Employment | Failure to Verify Employment | 1 | 3 | The employment information contained on the loan application indicated the Borrower had been employed with her current employer for 3 years, as an Operations Manager.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of her financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was no evidence in the file that the Borrower's employment was verified.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846507 |
| 17 | 00017126889 | 1st | SASC 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/03/2004, in the amount of $192,000, as a rate and term refinance of a non-owner occupied, single family residence. The loan was approved as a No Income/Verified Asset (No Ratio) Documentation loan, with a 69.82% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NIVA | $192,000.00 | 2846595 |
| . | | | | 1.04 (b) (xiii) SAS 2004-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2004-3_Mortgage File<br><br>1.04 (c) (xvii) SAS 2004-3_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846595 |

| 18 | 00017332305 | 1st | SASC 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/14/2004, in the amount of $210,000, as a purchase of an owner occupied, single family residence. The loan was approved on a No Employment, No Income and No Asset (No Documentation) loan, with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 01/27/2004, in the loan file. | NINENA | $210,000.00 | 2846604 |
| . | | | | 1.04 (b) (xiii) SAS 2004-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-3_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The disclosed finance charge ($263,603.80) is ($348.32) below the actual finance charge ($263,952.12). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846604 |
| 19 | 00040551103 | 1st | LXS 2007-15N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/24/2007, in the amount of $432,000, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.655% Debt to Income Ratio (DTI). There was a Manual approval dated 05/25/2007, in the loan file. | Stated | $432,000.00 | 2845510 |
| . | | | | 1.04 (b) (xxi) (i) LXS 2007-15N_Underwriting Methodology - Deemed MnA_Pool 3  1.04 (c) (v) LXS 2007-15N_No Fraud  1.04 (c) (vii) LXS 2007-15N_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Trucker with a food service company earning $8,850 per month on the loan application. The loan file included the Borrower's 2008 W-2 statement from the same employer listed on the loan application and revealed the Borrower earned a monthly income of $6,521 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Trucker with a food service company earning $8,850 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845510 |
| 20 | 31654817 | 1st | SARM 2005-22 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/31/2005, in the amount of $619,500, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 70%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 19.05% Debt to Income Ratio (DTI). There was a Manual approval dated 08/30/2005, in the loan file. | Stated | $619,500.00 | 2846148 |
| . | | | | 1.04 (c) (v) SARM 2005-22_No Fraud  1.04 (c) (vii) SARM 2005-22_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower owned real estate located in Phoenix, AZ since 03/15/2005, 5 months prior to the subject loan closing on 08/31/2005, and had a first mortgage in the amount of $235,800 with a monthly payment of $2,032, which was not disclosed at ordination.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $2,032 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846148 |

Cowen_US Bank 2573 Final Version_45

| | | | | 1.04 (c) (v) SARM 2005-22_No Fraud | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan file contained post-closing documentation from the Lender to the Borrower, dated 07/15/2006, reflecting a mailing address for the Borrower at a property located in Scottsdale, AZ. Research conducted through public records revealed the Borrower owned the property located in Scottsdale, since 02/13/2004 and resided at the property since 05/2004; therefore, the Borrower did not occupy the subject for at least 12 months after closing as required for owner occupied properties.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846148 |
| | | | | 1.04 (c) (vii) SARM 2005-22_No Event of Default | | | | | | | | |

Copyright 2014, Digital Risk, LLC.     Internal & Confidential - Do Not Duplicate     Run: 1/22/2014 10:59:31 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| 21 | 0031729353 | 1st | SARM 2005-22 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/28/2005, in the amount of $604,000, for a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44% Debt to Income Ratio (DTI). There was a Manual approval dated 09/29/2005, in the loan file. | Stated | $604,000.00 | 2846152 | |
| . | | | 1.04 (b) (xii) SARM 2005-22_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2005-22_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2005-22_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846152 | |
| . | | | 1.04 (c) (v) SARM 2005-22_No Fraud<br><br>1.04 (c) (vii) SARM 2005-22_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a self-employed Real Estate Investor for 10 years, earning $14,000 per month on the loan application. Research conducted through public records reported the Borrower filed a Chapter 7 Bankruptcy with the District of New Mexico on 10/03/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower had a negative business income in 2007 from the same business listed on the loan application at origination. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a self-employed Real Estate Investor for 10 years, earning $14,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846152 | |
| . | | | | | | | | | **Grand Total of Repurchase Demand** | | $5,943,815.00 | | |

Cowen_Law Debenture_Final_Version_8

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0011960473 | 1st | ARC 2002-BC8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/04/2002, in the amount of $232,200, as a rate and term refinance of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.24% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $232,200.00 | 2847225 | |
| | | | | 1.04 (c) ARC 2002-BC8_No Fraud<br><br>1.04 (c) (xvii) ARC 2002-BC8_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. The Bankruptcy petition filed 03/25/2004 and an Audit Verification of employment obtained through the Borrower's employer, revelead the Borrower was a self-employed independent Truck Driver contracting with the employer indicated on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a salaried Truck Driver for 9 months, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847225 | |
| | | | | 1.04 (c) ARC 2002-BC8_No Fraud<br><br>1.04 (c) (xvii) ARC 2002-BC8_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Truck Driver earning $5,500 per month on the loan application. The Bankruptcy petition filed 03/25/2004, reflected the Borrower earned $2,167 per month for 2002, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Truck Driver earning $5,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847225 | |
| 2 | 0011997004 | 1st | ARC 2002-BC8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/26/2002, in the amount of $123,500, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.86% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $123,500.00 | 2847226 | |
| | | | | 1.04 (c) (xi) ARC 2002-BC8_Compliance with Applicable Law<br><br>1.04 (c) (xxvii) ARC 2002-BC8_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847226 | |

| 3 | 0014032908 | 1st | ARC 2002-BC8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/26/2002, in the amount of $228,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 95% Loan to Value/Combined Loan to Value and a 47.41% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $228,000.00 | 2847227 | |
| . | | | | 1.04 (c) (xi) ARC 2002-BC8_Compliance with Applicable Law<br><br>1.04 (c) (xxvii) ARC 2002-BC8_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847227 | |
| 4 | 0014103840 | 1st | ARC 2002-BC8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/08/2002, in the amount of $88,350, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.56% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $88,350.00 | 2847231 | |
| . | | | | 1.04 (c) (xi) ARC 2002-BC8_Compliance with Applicable Law<br><br>1.04 (c) (xxvii) ARC 2002-BC8_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847231 | |
| 5 | 0014105662 | 1st | ARC 2002-BC8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/20/2002, in the amount of $56,800, as a purchase of a non-owner occupied 2 unit property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.69% Debt to Income Ratio (DTI). There was a Manual approval dated 09/10/2002, in the loan file. | Stated | $56,800.00 | 2847232 | |
| . | | | | 1.04 (c) (xv) ARC 2002-BC8_No Fraud<br><br>1.04 (c) (xvii) ARC 2002-BC8_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Bank Manager earning $6,000 per month on the loan application. The loan file contained a Transmittal Summary for another property, which was purchased after the subject loan closing and reflected the Borrower earned $5,417 per month as base income.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Bank Manager earning $6,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847232 | |

Cowen_Law Debenture_Final_Version_8

| 6 | 0014157481 | 1st | ARC 2002-BC8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/26/2002 in the amount of $211,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Verified Income, Verified Assets loan, with a 98.60% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.19% Debt to Income (DTI). There was a Manual approval dated 08/26/2002, in the loan file. | Full | $211,000.00 | 2847235 | |
| . | | | | 1.04 (c) (xi) ARC 2002-BC8_Compliance with Applicable Law<br><br>1.04 (c) (xxvii) ARC 2002-BC8_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847235 | |
| 7 | 0014169288 | 1st | ARC 2002-BC8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/27/2002, in the amount of $78,000, as a purchase of an owner occupied detached single family residence located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% Loan to Value/Combined loan to Value, and a 44.969% Debt to Income ratio. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $78,000.00 | 2847236 | |
| . | | | | 1.04 (c) (xi) ARC 2002-BC8_Compliance with Applicable Law<br><br>1.04 (c) (xxvii) ARC 2002-BC8_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed Annual Percentage Rate (7.502%) is lower than the actual Annual Percentage Rate (8.0417%). The Truth in Lending Act considers a disclosed Annual Percentage Rate inaccurate if it is lower than the actual Annual Percentage Rate by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17(f), 1026.19(a)(2), & 1026.22(a)(2)).<br><br>Despite the Seller's representations, the Annual Percentage Rate and/or points and fees were not adequately disclosed to the Borrower. | | | 2847236 | |
| . | | | | 1.04 (c) (xv) ARC 2002-BC8_No Fraud<br><br>1.04 (c) (xvii) ARC 2002-BC8_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented the disclosed income. The Borrower falsely stated income as a Secretary earning $2,660 per month. The loan file contained documentation obtained through a third party, which revealed the Borrower filed a chapter 7 bankruptcy in the Western District of Oklahoma United States Bankruptcy Court on 04/10/2003. The petition included a Statement of Financial Affairs, which revealed the Borrower's actual income for the subject year loan closing 2002 was $1,248 per month. It should be noted the documentation also revealed the Borrower indicated the loan officer was told at origination that the Borrower made $9 per hour.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Secretary earning $2,660 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847236 | |

Cowen_Law Debenture_Final_Version_8

| 8 | 0014174106 | 1st | ARC 2002-BC9 | | Loan Summary | Loan Summary | 0 | 0 | The loan closed on 07/31/2002 in the amount of $188,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value. The Borrower's Debt to Income ratio was not provided. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage, homeowners insurance and title policy. There was no other critical documentation provided for the file that was represented on the Data Tape by the Seller. | Stated | $188,000.00 | 2847242 |
| . | | | | 1.04 (b) (xi) ARC 2002-BC9_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847242 |
| . | | | | 1.04 (b) (xi) ARC 2002-BC9_Compliance with Applicable Law | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847242 |
| . | | | | 1.04 (b) (xi) ARC 2002-BC9_Compliance with Applicable Law<br><br>1.04 (b) (xix) (f) ARC 2002-BC9_Fees Disclosed_Pool 1<br><br>1.04 (b) (xix) (g) ARC 2002-BC9_Written Disclosure_Pool 1 | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 settlement statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain the final HUD-1.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847242 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 0014185805 | 1st | ARC 2002-BC8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/26/2002, in the amount of $106,400, as a rate and term refinance of an owner occupied Single Family Residence in a Planned Unit Development. The loan was approved as a Full Documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.65% Debt to Income Ratio (DTI). There was a Manual approval dated 08/23/2002, in the loan file. | Full | $106,400.00 | 2847238 | |
| . | | | | 1.04 (c) (xi) ARC 2002-BC8_Compliance with Applicable Law<br><br>1.04 (c) (xxvii) ARC 2002-BC8_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847238 | |
| 10 | 0014197339 | 1st | ARC 2002-BC8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/03/2002, in the amount of $89,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.17% Debt to Income Ratio (DTI). There was a Manual approval dated 08/19/2002, in the loan file. | Full | $89,000.00 | 2847240 | |
| . | | | | 1.04 (c) (xi) ARC 2002-BC8_Compliance with Applicable Law<br><br>1.04 (c) (xxvii) ARC 2002-BC8_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($127,879.40) is ($1,966.36) below the actual finance charge($129,845.76). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847240 | |

| 11 | 0014545762 | 2nd | ARC 2002-BC10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/27/2002, in the amount of $30,400, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 49.319% Debt-to-Income Ratio (DTI). There was a Manual approval dated 09/27/2002, in the loan file. | Full | $30,400.00 | 2847223 | |
| . | | | 1.04 (b) (xi) ARC 2002-BC10_Compliance with Applicable Law | | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847223 | |
| . | | | 1.04 (b) (xi) ARC 2002-BC10_Compliance with Applicable Law<br><br>1.04 (b) (xiv) (e) (6) ARC 2002-BC10_Fees Disclosed - Deemed MnA_Pool 1<br><br>1.04 (b) (xiv) (e) (7) ARC 2002-BC10_Written Disclosure - Deemed MnA_Pool 1 | | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847223 | |
| 12 | 0040122111 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/07/2007, in the amount of $148,000, as a cash-out refinance of an owner occupied, Condominium. The loan was approved as a Stated Income/Verified Asset Documentation loan, with an 80%/100% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 46.59% Debt-to-Income Ratio (DTI). There was a Manual approval dated 03/07/2007, in the loan file. | Stated | $148,000.00 | 2848191 | |
| . | | | 1.04 (b) (xl) (j) SAS 2007-OSI_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-OSI_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OSI_No Event of Default | | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Pest Technician for 1.3 years, earning $4,800 per month on the loan application. The loan file included the Borrower's 2007 W-2 statement in the post-closing documents, which revealed the Borrower earned a monthly income of $4,036 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The U.S. Bureau of Labor Statistics reported that a Pest Control Technician located in the same area in 2007 could expect to earn a monthly income of $3,294 per month in the 75th percentile.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Pest Control Technician earning $4,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848191 | |

Cowen_Law Debenture_Final_Version_8

| 13 | 0124260902 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/20/2007, in the amount of $643,500, as a cash out refinance of an owner occupied two unit dwelling. The loan was approved as a Full Documentation loan, with a 79.94% Loan to Value/Combined Loan to Value, and a 49.721% Debt to Income ratio. There was a Manual approval dated 03/26/2007, in the loan file. | Full | $643,500.00 | 2848232 |
| . | | | | 1.04 (b) (xxi) SAS 2007-OSI_No Fraud 1.04 (b) (xxiii) SAS 2007-OSI_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of the Mortgage Electronic Systems and the audit credit report revealed the Borrower obtained two undisclosed mortgages prior to the subject loan closing of 03/20/2007. On 10/30/2006, the Borrower obtained an undisclosed mortgage on a property located in Ooklyn, New York with a loan amount of $428,500 and a monthly payment of $4,426. On 06/07/2006, the Borrower obtained an undisclosed refinance on a property located in Edgartown, Massachusetts with a loan amount of $444,000 and an undisclosed monthly payment difference of $1,131.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $5,557 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848232 |
| 14 | 0124262528 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/09/2007, in the amount of $266,000, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Full Documentation loan/12 months bank statement loan with a 95% Loan to Value/Combined Loan to Value, and a 46.146% Debt to Income ratio. There was a Manual approval dated 03/14/2007, in the loan file. | Full | $266,000.00 | 2848234 |
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OSI_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain Required Documentation | Failure to Obtain Required Documentation | 1 | 3 | The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification of the Borrowers' credit worthiness, so as to confirm the Borrowers' overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relates to credit worthiness. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the Borrower provided an explanation letter for the Borrowers' derogatory credit. The origination credit report reflected the Borrowers' had 2x30 day late payments.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848234 |
| 15 | 0124263443 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/21/2007, in the amount of $382,500, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Full Documentation loan, with an 85% Loan to Value/Combined Loan to Value, and a 51.208% Debt to Income ratio. There was a Manual approval dated 03/01/2007, in the loan file. | Full | $382,500.00 | 2848235 |
| . | | | | 1.04 (b) (xxi) SAS 2007-OSI_No Fraud 1.04 (b) (xxiii) SAS 2007-OSI_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of the audit credit report reflected the Borrower acquired two undisclosed installment loans prior to the subject loan closing of 02/21/2007. In 12/2006, the Borrower obtained an undisclosed installment loan in the amount of $18,930 and a monthly payment of $103. In 12/2006, the Borrower obtained an undisclosed installment loan in the amount of $21,781 and a monthly payment of $129.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $232 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848235 |

Cowen_Law Debenture_Final_Version_8

**Digital Risk - Loan Review Findings**
08-13555-mg    Doc 46080-9    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 5    Pg 105 of 201

| 16 | 0124264110 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/16/2007, in the amount of $200,001, is a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 64.935% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 25.916% Debt to Income Ratio (DTI). There was a Manual approval dated 03/27/2007, in the loan file. | Stated | $200,001.00 | 2848237 | |
| . | | | | 1.04 (b) (xi) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as the Owner of a trucking company for 3 years. Research conducted through public records revealed the Borrower filed a Chapter 13 Bankruptcy with the Central District of California on 06/23/2009. The petition included a Statement of Financial Affairs, which required the Borrower to list any full or part time self employment for the prior 6 years; however, the Borrower did not list any self employment.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as the Owner of a trucking company for 3 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848237 | |
| . | | | | 1.04 (b) (xi) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a trucking company for 3 years, earning $8,745 per month on the loan application. Research conducted through public records revealed the Borrower filed a Chapter 13 Bankruptcy with the Central District of California on 06/23/2009. The petition included a Statement of Financial Affairs, which required the Borrower to list any full or part time self employment for the prior 6 years; however, the Borrower did not list any self employment or self employment income.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a trucking company for 3 years, earning $8,745 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848237 | |
| 17 | 0124264854 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/20/2007, in the amount of $272,000, as a cash out refinance of a non-owner occupied 2 unit residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.147% Debt to Income Ratio (DTI). There was a Manual approval dated 03/23/2007, in the loan file. | Stated | $272,000.00 | 2848239 | |
| . | | | | 1.04 (b) (xi) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased an undisclosed property located in Irvington, NJ, on 02/28/2007, 20 days prior to the subject loan closing on 03/20/2007, and obtained a first mortgage in the amount of $272,000 with a monthly payment of $3,090 per month. In addition, the audit credit report reflects an outstanding mortgage obtained in 08/2006, in the amount of $60,000 with a monthly payment of $642 per month secured by an unknown property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $3,732 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848239 | |

Cowen_Law Debenture_Final_Version_8

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 0124265554 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/22/2007, in the amount of $292,600, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.863% Debt to Income (DTI). There was a Manual approval dated 03/27/2007, in the loan file. | Stated | $292,600.00 | 2848240 |
| . | | | | 1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated primary income in Family Services, earning $5,800 per month on the loan application. An audit verification of employment we obtained through the Borrower's primary employer, which revealed the Borrower earned $4,578 per month in 2007 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated primary income in Family Services earning $5,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848240 |
| 19 | 0124268046 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/16/2007, in the amount of $276,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 54.94% Debt to Income (DTI). There was a Manual approval dated 03/15/2007, in the loan file. | Full | $276,000.00 | 2848243 |
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan applications the Owner of a carpet cleaning business. The loan file contained a post closing tax return for 2007, the year of the subject loan closing indicating the Borrower was self-employed; however, for a tuxedo and wedding shop and not a carpet cleaning business as indicated on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of carpet cleaning business for 11 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848243 |
| 20 | 0124275686 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/15/2007, in the amount of $470,250, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.71% Debt to Income Ratio (DTI). There was a Manual approval dated 03/14/2007, in the loan file. | Stated | $470,250.00 | 2848246 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate     Run: 7/31/2013 9:08:32 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk - Loan Review Findings

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xi) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower falsely stated income as an Account Representative earning $14,000 per month on the loan application. The Bankruptcy Petition filed 08/28/2009, indicated the Borrower was self-employed in 2007, the year of the subject loan closing and did not reflect any wage-earner income from the employment stated on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Bureau of Labor Statistics reported the average salary at the 75th percentile for an Account Representative in 2007 and in the same geographic region was $6,091 per month.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Account Representative earning $14,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848246 |
| . | | | 1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application as an Account Representative for 2.5 years. The loan file contained a post closing tax return for 2006 indicating the Borrower was self-employed in the consulting business in 2006, the year prior to the subject loan closing. Public records and the Bankruptcy Petition filed on 08/28/2009 also indicated in Section 18 of the Statement of Financial Affairs, the Borrower was the self-employed Owner of a consulting business from 01/2006 to 12/2008. The Bankruptcy records also do not indicate any income as a wage earner for 2007, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Account Representative for 2.5 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848246 |
| 21 | 0124278086 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/23/2007, in the amount of $140,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 93.33% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.463% Debt to Income Ratio (DTI). There was a Manual approval dated 03/28/2007, in the loan file. | Full | $140,000.00 | 2848248 |
| . | | | 1.04 (b) (xi) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain Required Documentation | Failure to Obtain Required Documentation | 1 | 3 | The origination credit report, dated 03/21/2007, reflected the Borrowers had 5 accounts with derogatory payment histories, 1 collection account, 2 charged off accounts and a previous bankruptcy; however, a letter of explanation was not provided as required.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Further, the Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. In addition, the Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the file that a letter of explanation was obtained for derogatory credit as required, and as such, there is no evidence in the file that the accuracy of the Borrowers' credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848248 |

| 22 | 0124278169 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/22/2007, in the amount of $180,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 100% to Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.266% DTI. There was a Manual approval dated 03/01/2007, in the loan file. | Stated | $180,000.00 | 2848249 |
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1 <br><br> 1.04 (b) (xxi) SAS 2007-OS1_No Fraud <br><br> 1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report, revealed the Borrower purchased an undisclosed property located in Lauderhill, FL and obtained a first mortgage in the amount of $300,000 with a payment of $2,465 and a second mortgage in the amount of $75,000 with a payment of $802 on 02/23/2007, 4 days prior to the subject loan funding date of 02/27/2007. <br><br> The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. <br><br> In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. <br><br> Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $3,267 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848249 |
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1 <br><br> 1.04 (b) (xxi) SAS 2007-OS1_No Fraud <br><br> 1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Bus Driver for the school system for 18.6 years, earning $4,900 per month on the loan application. An audit verification of employment and income was conducted through The Work Number, which revealed the Borrower earned $1,724 per month in 2007, the year the subject loan closed. <br><br> The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. <br><br> In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. <br><br> Despite the Seller's representations, the Borrower falsely stated income as a Bus Driver for the school system for 18.6 years, earning $4,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848249 |
| 23 | 0124280231 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/26/2007, in the amount of $100,050, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation/12 month Bank Statement loan, with a 54.881% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.243% Debt to Income Ratio (DTI). There was a Manual approval dated 03/29/2007, in the loan file. | Full | $100,050.00 | 2848250 |
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool | Failure to Obtain Required Documentation | Failure to Obtain Required Documentation | 1 | 3 | The origination credit report, dated 03/19/2007, reflected the Borrowers had 1 account with a derogatory payment history and 6 collection accounts; however, a letter of explanation was not provided as required. <br><br> The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective underwriting principals which relate to liabilities. <br><br> The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan. <br><br> Despite the Seller's representations, there is no evidence in the file that a letter of explanation was obtained for derogatory credit as required, and as such, there is no evidence in the file that the accuracy of the Borrowers' credit profile was confirmed. <br><br> Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848250 |
| 24 | 0124429150 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. The data Tape reflected the subject loan closed on 04/20/2007 as a cash out refinance, Stated Income/Verified Asset loan, in the amount of $385,000. The entire credit package was missing. | Unknown | $385,000.00 | 2847245 |

Cowen_Law Debenture_Final_Version_8

| | | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xiii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | | 1 | 3 | The entire credit package is missing.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed. | | | 2847245 | |

| 25 | 0124437161 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/20/2007, in the amount of $102,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 55.135% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33.987% Debt to Income Ratio (DTI). There was a Manual approval dated 04/26/2007, in the loan file. | Stated | $102,000.00 | 2847247 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Investigate Credit History | Failure to Investigate Credit History | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Despite the Seller's representations, there is no evidence in the file that the following credit inquiries for the previous 90 days were investigated so as to determine whether such inquires resulted in additional debt undisclosed on the loan application, such that an accurate credit profile was verified. The origination credit report, dated 04/16/2007, reflected 3 inquiries dated 01/22/2007 through 03/08/2007; however, a letter of explanation was not provided. | | | 2847247 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain Required Documentation | Failure to Obtain Required Documentation | 2 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's debts, so as to confirm the Borrower's overall creditworthiness, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The origination credit report, dated 04/16/2007, reported 2 accounts with derogatory payment histories, 4 collection accounts, 1 automobile repossession and 1 charged off account.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the Borrower provided a letter of explanation for derogatory credit as required. | | | 2847247 | |
| 26 | 0124664574 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/02/2007, in the amount of $343,000, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Full Documentation/12 month bank statement loan, with a 70% Loan to Value/Combined Loan to Value and a 38.512% Debt to Income ratio. There was a Manual approval dated 05/21/2007, in the loan file. | Full | $343,000.00 | 2847249 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain Required Documentation | Failure to Obtain Required Documentation | 1 | 3 | The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification of the Borrowers' credit worthiness, so as to confirm the Borrowers' overall credit worthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The origination credit report reflected the Borrowers' had 79x30 day late payments, 9x60 day late payments, 4x90 day late payments and a satisfied judgment.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the Borrowers provided an explanation letter for the derogatory credit reported on the origination credit report. | | | 2847249 | |

Copyright 2013, Digital Risk, LLC.     Internal & Confidential - Do Not Duplicate     Run: 7/31/2013 9:08:32 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Law Debenture_Final_Version_8

| 27 | 0124667767 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/02/2007, in the amount of $331,500.00, as a purchase of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 65% Loan to Value/Combined Loan to Value, and a 31.922% Debt to Income ratio. There was a Manual approval dated 05/09/2007, in the loan file. | Stated | | $331,500.00 | 2847251 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application self-employment as an Owner of a Delivery Service for 4 years, earning $8,755 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>Income of $8,755 per month for a Courier is unreasonable and is indicative of potential misrepresentation. Salary.com reported the average salary at the 75th percentile for a Courier in the same geographic region was $2,708 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. | | | | 2847251 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xliii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain Required Documentation | Failure to Obtain Required Documentation | 2 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's overall credit worthiness, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The origination credit report reflects the Borrower had 39x30 day late payments, 10x60 day late payments and 3x90 day late payments. Despite the Seller's representations, there is no evidence in the loan file that the Borrower provided an explanation letter for the Borrower's derogatory credit. | | | | 2847251 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xliii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented the disclosed income. The Borrower falsely stated income as an Owner of a Courier Business, earning $8,775 per month on the loan application. The loan file contained post closing income documentation for the purpose of obtaining a home modification loan. The Borrower provided tax returns for the subject year loan closing which revealed the Borrower had a business loss of 341 or a monthly loss of $28.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>In addition, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a Courier Business earning $8,775 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847251 | |

| 28 | 0124669433 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/15/2007 in the amount of $126,700, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Full Documentation loan, with a 70% Loan to Value/Combined Loan to Value, and a 27.67% Debt to Income ratio. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | | $126,700.00 | 2847252 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xiii) BNC 2007-4_Compliance with Applicable Law - Deemed MnA

1.04 (b) (xi) BNC 2007-4_Underwriting Guidelines

1.04 (b) (xiii) (J) BNC 2007-4_Fees Disclosed - Deemed MnA_Pool 1

1.04 (b) (xxxiv) BNCMT 2007-4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 settlement statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a copy of the final HUD-1 settlement statement.

The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.

In addition, the Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847252 |
| . | | | | 1.04 (b) (xiii) BNC 2007-4_Compliance with Applicable Law - Deemed MnA

1.04 (b) (xi) BNC 2007-4_Underwriting Guidelines

1.04 (b) (xiii) (J) BNC 2007-4_Fees Disclosed - Deemed MnA_Pool 1

1.04 (b) (xxxiv) BNCMT 2007-4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.

The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.

In addition, the Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847252 |
| . | | | | 1.04 (b) (xi) BNC 2007-4_Underwriting Guidelines

1.04 (b) (xiii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain Required Documentation | Failure to Obtain Required Documentation | 4 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's overall credit worthiness, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines. The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to credit worthiness. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, there is no evidence in the loan file that the Borrower provided an explanation letter for the Borrower's derogatory credit. The origination credit report reflected the Borrower had a prior bankruptcy, 9x30 day late payments, 2x60 day late payments and 2x90 day late payments. | | | | 2847252 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate      Run: 7/31/2013 9:08:32 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1085**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xiii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 5 | 3 | The Borrower misrepresented their intent to occupy the subject property. The Borrower did not reside in the subject property prior to or after the subject loan closing of 05/15/2007. The Borrower resided in the property disclosed on the Real Estate owned section of the loan application located in Chicago, Illinois. Accurint reflects the Borrower living in the other property disclosed on the loan application from 12/1997 through 06/2012. Driver's license and Vehicle Registration records reflect the Borrower never registered a vehicle or obtained a driver's license using the subject property address, but has used the other address disclosed on the loan application. Accurint reflects multiple tenants residing at the subject property from 01/2002 through 11/2011. The loan file contained an address reverse look up from 411.com which indicated another person residing in the subject property. In addition, the Borrower's 2006 W-2's reflect the other address disclosed on the loan application as the Borrower's mailing address. In addition, the origination credit report reflected the Borrower has used the other address disclosed on the loan application as the address the Borrower has used to obtain credit.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847252 | |
| . | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xxxv) BNCMT 2007-4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847252 | |
| 29 | 0124672643 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Title, Note and Mortgage. There was no other critical documentation provided for the file that was represented on the date tape by the Seller. Per the data tape, the subject loan closed on 05/17/2007, in the amount of $304,500, as a cash out refinance of an owner occupied property as a No Documentation loan (No Income, No Employment, No Asset Verification) loan, with a 70% Loan to Value/Combined Loan to Value. | Unknown | $304,500.00 | 2847256 | |
| . | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xiii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The loan file only contained the Borrower's Title, Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Originator's underwriting guidelines. | | | 2847256 | |

Cowen_Law Debenture_Final_Version_8

| 30 | 0124680984 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/30/2007, in the amount of $140,000, as a cash out refinance of an owner occupied attached Row House. The loan was approved as an Alternative 6 month bank statement program loan, with a 78.652% Loan to Value/Combined Loan to Value, and a 19.539% Debt to Income ratio. There was a Manual approval dated 05/02/2007, in the loan file. | Alternative | $140,000.00 | 2847260 | |
| . | | | | 1.04 (b) (xli) BNC 2007-4_Underwriting Guidelines<br><br>1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain Required Documentation | Failure to Obtain Required Documentation | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit history, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The origination credit report reflected the Borrower had 4,30 day late payments and 2x60 day late payments.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the Borrower provided an explanation letter for the Borrower's derogatory credit. | | | 2847260 | |
| 31 | 0124836073 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 6/25/2007, in the amount of $246,400, as cash out refinance of an owner occupied planned unit development. The loan was approved as a Stated Income loan with a verbal verification of employment and a salary search, with an 80%/80% Loan to Value/Combined Loan to Value, and a 48.97% debt to income. There was a manual approval dated 6/29/2007 in the loan file. | Stated | $246,400.00 | 2847272 | |
| . | | | | 1.04 (b) (xxii) BNCMT 2007-4_No Fraud<br><br>1.04 (b) (xxiv) BNCMT 2007-4_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Teacher earning $3,800 per month on the loan application. The loan file contained post-closing 2008 W-2's which reflects the Borrower's income as $41,945 or $3,495 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Teacher earning $3,800 per month on the loan application, which not only constituted an event of default under the executed Mortgage and/or Deed of Trust, it also significantly impacted the determination of the Borrower's reasonability to repay the subject loan. | | | 2847272 | |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | $6,781,651.00 | | |
| . | | | | | | | | | | | | | |
| . | | | | | | | | | | | | | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 7/31/2013 9:08:32 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| Loan Count | Loan Group | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Finding Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 0031435548 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/15/2005, in the amount of $40,037, as a purchase of an owner-occupied condominium unit. The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49% Debt to Income Ratio (DTI). There was a manual approval, dated 08/17/2005, in the loan file. | Stated | $40,037.00 | 2848042 | |
| . | | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud

1.04 (c) (vii) SAS 2005-S7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. A search of public records of the Borrower's utility and phone records revealed the Borrower activated utilities at another residence located in Tucson, AZ in 11/2005, which was three months after the subject loan closing date of 08/15/2005, through 02/2014. Additionally, the Borrower obtained phone service at the same residence; however, never obtained utilities or phone service at the subject property. Further, the Mortgage Electronic Registration Service (MERS) revealed the Borrower purchased the other property on 10/25/2005.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner-occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848042 | |
| | | | | | | | | | | | | | | |
| 2 | | 0033717265 | 1st | SARM 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/19/2006, in the amount of $280,000, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.62% Debt to Income Ratio (DTI). There was a Manual approval dated 12/04/2006, in the | Stated | $280,000.00 | 2847805 | |
| . | | | | | 1.04 (c) (v) SARM 2007-2_No Fraud

1.04 (c) (vii) SARM 2007-2_No Event of Default | Misrepresentation of Income - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Office Manager earning $7,500 per month on the loan application. The loan file contained a copy of the Borrower's 2007 tax return, which revealed a yearly income of $57,616, or $4,801 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer and in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as an Office Manager earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847805 | |
| . | | | | | | | | | | | | | | |

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | | 0035276161 | 2nd | SASC 2005-S6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/23/2005, in the amount of $32,310, as a purchase of a non-owner occupied low-rise condominium unit. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.60% Debt to Income Ratio (DTI). There was a manual approval, dated 06/23/2005, in the loan file. | Stated | $32,310.00 | 2847996 |
| . | | | | | 1.04 (c) (v) SAS 2005-S6_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S6_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records, Mortgage Electronic Registration Service (MERS) and an audit credit report revealed the Borrower obtained three undisclosed properties prior to the subject loan closing date on 06/24/2005. The Borrower purchased an undisclosed property in the same condominium project on 06/06/2005, 18 days prior to the subject loan closing on 06/24/2005, and obtained two mortgages, in the amounts of $174,320 and $32,685, with monthly payments of $1,332 and $287. Additionally, the Borrower purchased another undisclosed property in the same condominium project on 06/14/2005, 10 days prior to the subject loan closing, and obtained two mortgages, in the amounts of $147,250 and $42,050, with monthly payments of $824 and $465. Furthermore, the Borrower purchased an undisclosed property, located in Lantana, FL, on 03/29/2005 and obtained a mortgage in the amount of $142,200 with a monthly payment of $1,093.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $4,001 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847996 |
| 4 | | 0036344331 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/31/2005, in the amount of $63,980, as a second lien purchase of a vacation single family detached residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.30% Debt to Income Ratio (DTI). There was a manual approval, dated 08/29/2005, in the loan file. | Stated | $63,980.00 | 2848096 |
| . | | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as an Office Manager earning $12,300 per month on the loan application. Research of public records reported the Borrower filed a Chapter 7 bankruptcy with the Central District of California on 10/29/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower's income for 2007 was $78,089, or $6,507 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representations and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Office Manager earning $12,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848096 |

Cowen_Law Debenture_1033_16 Final Version

Cowen_Law Debenture_1033_16 Final Version

| 5 | 0036510113 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/03/2005, in the amount of $30,150, as a second lien purchase of an investment single family detached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.12% Debt to Income Ratio (DTI). There was a manual approval, dated 09/29/2005, in the loan file. | Stated | $30,150.00 | 2848113 |
| . | | | | 1.04 (c) (v) SASC 2005-S7_No Fraud<br><br>1.04 (c) (vii) SASC 2005-S7_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower acquired two undisclosed mortgages in the amounts of $136,000 and $48,500 with undisclosed monthly mortgage payments of $1,107 and $560 on 04/29/2005, which was five months prior to the subject closing on 10/03/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,667 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848113 |
| 6 | 0040220840 | 1st | SARM 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/01/2007, in the amount of $236,000, as a Purchase of a detached owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 45.68% Debt To Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $236,000.00 | 2847834 |
| . | | | | 1.04 (c) (v) SARM 2007-4_No Fraud<br><br>1.04 (c) (vii) SARM 2007-4_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as Senior Loan Officer, earning $12,365 per month on the loan application. The loan file contained a post closing audit re-verification of the Borrower's employment and income obtained through the Borrower's employer, which revealed the Borrower's income for the year 2006 was $4,156 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Loan Officer earning $12,365 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847834 |

| 7 | | 0040254724 | 1st | | LMT 2007-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/01/2007, in the amount of $900,000, as a Purchase of an owner occupied, single family detached residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/95% Loan to Value/Combined Loan To Value (LTV/CLTV), and a 44.08% Debt To Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $900,000.00 | 2847305 | |
| . | | | | | 1.04 (c) (v) LMT 2007-5_No Fraud<br><br>1.04 (c) (vii) LMT 2007-5_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as an Owner/Auto Parts, earning $42,500 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's 2007 income tax return, which revealed the Borrower's income was $192,611, or $16,043 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as an Owner/Auto Parts earning $42,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847305 | |
| 8 | 2 | 0040484883 | 1st | | SARM 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/13/2007, in the amount of $580,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/88.303% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.831% Debt to Income Ratio (DTI). There was a Manual approval dated 04/20/2007, in the loan file. | Stated | $580,000.00 | 2847852 | |
| . | 2 | | | | 1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrowers misrepresented their ownership of assets. The loan file included a verification of deposit for the Borrowers' savings account dated 04/06/2007, which reflected a current balance of $15,010 with a 2 month average balance of $5,030. An audit re-verification of deposit was obtained from the financial institution, which revealed the Borrowers' savings balance on 04/06/2007 was $2,274. Therefore, the assets provided were misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely disclosed that they only had $15,010 in 2 month's reserves when in fact they only had $2,274 in the savings account. The amount of assets disclosed was misrepresented by $12,736, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847852 | |

| 9 | 2 | 0040575185 | 1st | SARM 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/01/2007, in the amount of $600,000, as a cash-out refinance of an owner-occupied single-family detached residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 76.336% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.425% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained an origination Uniform Underwriting and Transmittal Summary (1008) reflecting the terms of the loan. | Stated | $600,000.00 | 2847856 | |
| . | 2 | | | | 1.04 (c) (v) SARM 2007-6_No Fraud  1.04 (c) (vii) SARM 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as an Owner of a moving company, earning $12,900 per month on the loan application. The loan file contained the Borrower's 2008 Tax Return and Schedule C, which revealed the Borrower's self-employment income was $10,158, or $847 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as an Owner of a moving company, earning $12,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847856 | |
| 10 | 1 | 0040644726 | 1st | SARM 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/22/2007, in the amount of $344,000, as a rate and term refinance of an owner occupied low-rise condominium. The loan was approved as a Stated Income/Verified Asset (SIVA), with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41% Debt to Income Ratio (DTI). There was a manual approval, dated 05/21/2007, in the loan file. | Stated | $344,000.00 | 2847859 | |
| . | 1 | | | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1  1.04 (c) (v) SARM 2007-6_No Fraud  1.04 (c) (vii) SARM 2007-6_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as the Owner of an Internet Sales business for two years. The loan file contained the Borrower's 2005 personal tax return obtained for loan modification, which revealed the Borrower was self-employed in a different line of business, resulting in less than a two year history as disclosed.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as the Owner of an Internet Sales business for two years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2847859 | |

Cowen_Law Debenture_1033_16 Final Version

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | 1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 3 | Borrower misrepresented his/her income. The Borrower falsely stated income as an Owner earning $8,675 per month on the loan application. The loan file contained the Borrower's 2006 personal tax return obtained for loan modification, which revealed the Borrower's income was $5,846, or $487 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as owner of an Internet Sales business earning $8,675 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | 2847859 |
| 11 | | 0040753170 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 06/25/2007, in the amount of $428,000 as a purchase of an owner occupied Detached Single Family Residence located in a Planned Unit Development. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined to Loan Value (LTV/CLTV), and a 44.83% Debt to Income Ratio (DTI). There was a Manual approval dated 06/21/2007, in the loan file. | Full | $428,000.00 | 2847320 |
| . | | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented his debt obligations. The Audit Credit Report indicated the Borrower acquired an automobile loan in 05/2007, one month prior to the subject loan closing on 06/25/2007, in the amount of $35,404 with a monthly payment of $633.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $633 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | 2847320 |

| 12 | 0040860165 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/03/2007, in the amount of $488,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40% Debt to Income Ratio (DTI). There was a Desktop Underwriting Automated Underwriting System (DU/AUS) approval dated 04/20/2007, in the loan file. | Full | | $488,000.00 | 2847374 | |
| . | | | | 1.04 (b) (xii) LMT 2008-2_Compliance with Applicable Law - Deemed MnA | Right of Rescission Invalid /Incomplete / Stale / Incorrect | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a valid Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, the Right of Rescission disclosure contained in the loan file was invalid for the following reason:

The loan disbursement date (2007-05-03) is earlier than, or on the same day as, the calculated "Right to Cancel Expire Date" (2007-05-07). Under Reg Z, funds may not be disbursed to the borrower until after the expiration of the rescission period. (Reg Z, 12 CFR 1026.23(c); 12 CFR 1026.15(c); and the Official Staff Commentary to Reg Z).

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847374 | |
| . | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application as a Project Manager for 2 years. The loan file contained two hardship letters, in which the Borrower stated he had not been employed for 5 years, or since 04/2005, in one letter dated 04/03/2010 and for 6 years, or since 04/2005 in the second letter, dated 08/20/2010. Therefore, the Borrower was not employed at the employer listed on the loan application on the closing date of 05/03/2007.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Project Manager for 2 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847374 | |
| . | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Project Manager earning $12,500 per month on the loan application. The loan file contained two hardship letters, in which the Borrower stated he had not been employed for 5 years, or since 04/2005, in one letter dated 04/03/2010 and for 6 years, or since 04/2005 in the second letter, dated 08/20/2010. The Borrower was not employed at the employer listed on the loan application on the closing date of 05/03/2007; therefore, the Borrower did not earn any income from the source listed on the loan application.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Project Manager earning $12,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847374 | |

Cowen_Law Debenture_1033_16 Final Version

| 13 | | 0040860603 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/29/2007, in the amount of $615,000, as a cash out refinance of a detached single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 73% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.08% Debt to Income Ratio (DTI). There was a Manual approval dated 08/06/2007, in the loan file. | Stated | | $615,000.00 | 2847375 |
| . | | | | | 1.04 (b) (xii) LMT 2008-2_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($826,121.52) is ($63.59) below the actual finance charge ($826,185.11). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635 (i) (2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrowers.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847375 |
| . | | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a self-employed Chiropractor for 27 years, earning $19,423 per month. The loan file contained post-closing income documentation including the Borrower's 2007 tax return, which revealed the Borrower earned $1,824 in self-employment income the year the subject loan closed and it should be noted, the documentation also reflected the Borrower received negative net rental income from the commercial building.<br><br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Chiropractor for 27 years, earning $19,423 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847375 |
| 14 | | 0040861981 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/07/2007, in the amount of $458,000, as a purchase of an owner occupied detached single family residence. The loan was approved as a Full Documentation loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 63.18% Debt to Income Ratio (DTI). There was a Desktop Underwriter (DU) Automated approval dated 09/07/2007, in the loan file. | Full | | $458,000.00 | 2847376 |
| . | | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Manicurist/Assistant Manager of a nail salon for 4 years, earning $6,541 per month. The loan file contained post-closing income documentation including the Borrower's 2007 tax return, which reflected the Borrower was a contracted Manicurist for the nail salon and earned $1,031 per month the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Manicurist/Assistant Manager of a nail salon for 4 years, earning $6,541 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847376 |
| . | | | | | | | | | | | | | | |

Cowen_Law Debenture_1033_16 Final Version

| 15 | | 0040876229 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/24/2007, in the amount of $568,000, as a rate and term refinance of an owner occupied Detached Single Family Residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/89.58% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.78% Debt to Income Ratio (DTI). There was a Manual approval dated 09/24/2007, in the loan file. | Stated | | $568,000.00 | 2847385 | |
| . | | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrowers falsely stated their income as self-employed Owners of nail salons respectively earning $6,000 and $7,700 per month on the loan application. The post-closing 2007 tax return obtained through the modification process, revealed the Borrower earned $600 per month and the Co-Borrower earned $1,520 per month as salaried Manicurists the year the subject loan closed.

The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers falsely stated their income as Owners/Manicurists earning $6,000 and $7,700 per month respectively on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847385 | |
| 16 | | 0040898975 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/27/2007, in the amount of $552,000, as a rate and term refinance of an owner occupied Detached Single Family Residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.13% Debt to Income Ratio (DTI). There was a Desktop Underwriter (DU) Approved/Ineligible approval dated 11/26/2007, in the loan file. There was not a Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | | $552,000.00 | 2847393 | |
| . | | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Excavating Contractor earning $20,106 per month on the loan application. The post closing tax return, obtained through the modification process, for 2007, the year of the subject loan closing, revealed the Borrower earned $4,459 per month.

The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a self-employed Excavating Contractor earning $20,106 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847393 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/26/2014 4:22:49 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1096**

| # | Loan Number | Lien | SARM | Finding Codes | Finding | Category | | | Narrative | Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 0045059664 | 1st | SARM 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/16/2007, in the amount of $477,600, as a purchase of an owner occupied Detached Single Family Residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.80% Debt to Income Ratio (DTI). There was a Manual approval dated 02/16/2007, in the loan file. | Stated | $477,600.00 | 2847819 |
| . | | | | 1.04 (c) (v) SARM 2007-3_No Fraud<br><br>1.04 (c) (vii) SARM 2007-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Public records and the Audit Credit Report revealed the Borrower purchased an undisclosed property on 12/26/2006, 52 days prior to the subject loan closing on 02/16/2007, and acquired a first mortgage in the amount of $345,600 with a monthly payment of $2,328 and a second mortgage of $86,400 with a monthly payment of $750.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $3,078 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847819 |
| . | | | | 1.04 (c) (v) SARM 2007-3_No Fraud<br><br>1.04 (c) (vii) SARM 2007-3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Vice-President of Operations earning $13,500 per month on the loan application. The Bankruptcy records obtained through Pacer filed on 01/20/2009, revealed the Borrower earned no income in 2007, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Vice-President of Operations earning $13,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847819 |
| 18 | 0045257607 | 1st | SARM 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/31/2007, in the amount of $432,000, as a rate and term refinance of a non-owner occupied Detached Single Family Residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.39% Debt to Income Ratio (DTI). There was a Manual approval dated 01/30/2007, in the loan file. | Stated | $432,000.00 | 2847815 |
| . | | | | 1.04 (c) (v) SARM 2007-2_No Fraud<br><br>1.04 (c) (vii) SARM 2007-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as an Owner of a nail salon earning $38,000 per month on the loan application. The Bankruptcy records filed on 09/13/2011 obtained through Pacer revealed the Borrower earned $4,535 per month for 2009. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as an Owner of a nail Salon earning $38,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847815 |

| 20 | 3 | 0045702602 | 1st | SARM 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/27/2007, in the amount of $685,600, as a cash-out refinance of an owner occupied located in a High Rise Condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.23% Debt to Income Ratio (DTI). There was a Manual approval dated 03/27/2007, in the loan file. | Stated | $685,600.00 | 2847861 | |
| . | 3 | | | | 1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower falsely employment as a Senior Manager with a medical solutions company on the loan application. However, the loan file included the Borrower's 2006 income tax return and the Borrower's 2007 tax return in the post-closing documents, which revealed the Borrower was actually employed as an Engineer. Therefore, the Borrower's employment was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. The lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Senior Manager for 13 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847861 | |
| . | 3 | | | | 1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Senior Manager earning $19,500 per month with a medical solutions company on the loan application. The loan file included the Borrower's 2006 income tax return and the Borrower's 2007 income tax return in the post-closing documents, which revealed the Borrower actually earned a monthly income of $12,265 per month. Therefore, the Borrower's income was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a Senior Manager earning $19,500 per month with a medical solutions company on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847861 | |
| 21 | | 0045959855 | 1st | LMT 2007-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/24/2007, in the amount of $462,000, as a cash-out refinance of a second home, single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.39% Debt to Income Ratio (DTI). There was a Manual approval dated 04/19/2007, in the loan file. | Stated | $462,000.00 | 2847312 | |
| . | | | | | 1.04 (c) (v) LMT 2007-5_No Fraud<br><br>1.04 (c) (vii) LMT 2007-5_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Mail Clerk with the post office earning $7,500 per month on the loan application. An audit re-verification of the Borrower's employment and income was conducted through The Work Number, which revealed the Borrower actually earned a monthly income of $4,833 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Mail Clerk with the post office earning $7,500 per month on the loan application, under the executed Mortgage and/or Deed of Trust. | | | 2847312 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/26/2014 4:22:49 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Law Debenture_1033_16 Final Version

| 22 | 1 | 0046155305 | 1st | SARM 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan consists of a loan amount of $112,000, as a rate and term refinance of a non-owner occupied, single family residence located in Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 77.25%/86.90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.29% Debt to Income Ratio (DTI). There was a Manual approval dated 04/17/2007, in the loan file. | Stated | | $112,000.00 | 2847862 |
| . | 1 | | | | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Realtor for 5 years, earning $7,850 per month. The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>Income of $7,850 per month for a Realtor is unreasonable and is indicative of potential misrepresentation. The U. S. Bureau of Labor Statistics reported the average salary at the 75th percentile for a Real Estate Sales Agent in 2007 and in the same geographic region was $3,667 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847862 |
| . | 1 | | | | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Realtor earning $7,850 per month on the loan application. An audit re-verification of employment and income was obtained from the Borrower's employer, which revealed the Borrower actually earned a monthly income of $5,201 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Realtor earning $7,850 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847862 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/26/2014 4:22:49 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Law Debenture_1033_16 Final Version

| 23 | 0046821575 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/21/2007, in the amount of $1,544,000, as a rate and term refinance of a primary home located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 60.35% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.86% Debt to Income Ratio (DTI). There was a Manual approval dated 06/20/2007, in the loan file. | Stated | $1,554,000.00 | 2847354 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower falsely stated employment as a self-employed Owner/President of a mortgage company for 6.6 years on the loan application and the loan file included a letter of explanation to support the additional businesses that was owned by the Borrower. However, research performed through Accurint revealed the Borrower was also an Owner of a secretarial and court reporting service business that was open and active from 1981 to the present and an additional title company that was open and active from 03/10/2004 to the present, which was active during the subject loan closing date of 06/22/2007; therefore, the Borrower's employment was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the executed Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner/President of a mortgage company for 6.6 years on the loan application, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847354 |
| 24 | 0047008008 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/05/2007, in the amount of $40,500, as a purchase of a non-owner occupied, 2-unit family residence. The loan was approved as a Full Documentation loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32.090% Debt to Income Ratio (DTI). There was a Manual approval dated 06/28/2007, in the loan file. | Full | $40,500.00 | 2847358 |
| . | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research of public records conducted through the Mortgage Electronic Registry System (MERS) and an audit credit report revealed the Borrower obtained an undisclosed first mortgage in the amount of $40,500 with a monthly payment of $433 secured by a property located in Memphis, Tennessee.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $433 in monthly debt obligation, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847358 |

Cowen_Law Debenture_1033_16 Final Version

| 25 | | 0047716089 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/25/2007, in the amount of $244,000, as a cash out refinance of an attached owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.11% Debt to Income Ratio (DTI). There was a Manual approval dated 10/24/2007, in the loan file. | Full | $244,000.00 | 2847410 |
| . | | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research of public records revealed the Borrower purchased a property on 12/06/2007 located in Washington, DC. The records also reported the Borrower resided at the property from 12/2007 through 12/2013 and reported utility records for the Borrower at the address; however, no utility records were reported for the Borrower at the subject property. In addition, the loan file contained post-closing documentation provided for loan modification including a financial statement, dated 11/01/2008, which reflects the subject property was vacant and had been listed for sale for 9 months, or since 02/01/2008, 3 months after the subject loan closing. The loan file also contained a post-closing pay stub reflecting the additional address as the mailing address for the Borrower as early as 08/12/2008, which was within the 12 months after the subject loan closing on 10/25/2007. The Borrower was required to live in the subject property for at least 12 months after closing in order to satisfy the requirements for an owner occupied transaction.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847410 |
| 26 | | 0047749692 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/14/2007, in the amount of $124,500, as a cash out refinance of a detached single family investment property. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 11/07/2007, in the loan file. | NIVA | $124,500.00 | 2847415 |
| . | | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower refinanced one of his rental properties located in Deltona, FL on 11/23/2007, 9 days after the subject loan closing on 11/14/2007. The refinance was in the amount of $120,000, which was an increase in balance of $74,832 with a new payment of $1,028, which was an increase of $488 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose an increase of $488 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847415 |

| 27 | 0047749783 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/09/2007, in the amount of $124,500, as a cash out refinance of a detached single family investment property. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 11/08/2007, in the loan file. | NIVA | $124,500.00 | 2847416 |
| . | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower refinanced one of his rental properties located in Deltona, FL on 11/23/2007, 9 days after the subject loan closing on 11/14/2007. The refinance was in the amount of $120,000, which was an increase in balance of $74,832 with a new payment of $1,028, which was an increase of $488 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose an increase of $488 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847416 |
| 28 | 0047839378 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/07/2007, in the amount of $130,250 as a cash out refinance of a non-owner occupied Detached Single Family Residence. The loan was approved as a Full Documentation loan, with a 79.91% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.21% Debt to Income Ratio (DTI). There was a Manual approval dated 12/06/2007, in the loan file. | Full | $130,250.00 | 2847422 |
| . | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment an Attorney for 10 months on the loan application. An Audit Verification of Employment obtained from the employer listed on the loan application, indicated the Borrower only rented an office space in their building and was not an employee. The Bankruptcy records filed 05/11/2010 obtained through Pacer indicated the Borrower was a self-employed Attorney from 2006 to the date of the Bankruptcy filing. At the time of origination, the Borrower was self-employed for 1 year.

The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as an Attorney for 10 months, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847422 |
| . | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income as a salaried Attorney earning $9,500 per month. An Audit Verification of Employment obtained from the employer listed on the loan application, indicated the Borrower only rented an office space in their building and was not an employee. The Bankruptcy records filed 05/11/2010 obtained through Pacer indicated the Borrower was a self-employed Attorney from 2006 to the date of the Bankruptcy filing. At the time of origination, the Borrower was self-employed for 1 year and was not employed with the employer listed on the loan application; therefore, the Borrower misrepresented her income.

The Borrower falsely stated income as an Attorney earning $9,500 per month on the loan application. The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a salaried Attorney earning $9,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847422 |

Cowen_Law Debenture_1033_16 Final Version

| 29 | | 0047862198 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/27/2007, in the amount of $158,950, as a purchase of a non-owner occupied single-family detached residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.53% Debt to Income Ratio (DTI). There was a manual approval, dated 12/26/2007, in the loan file. | Stated | | $158,950.00 | 2847423 |
| . | | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The Mortgage Electronic Registration Service (MERS) and public records revealed the Borrower purchased an undisclosed property on 10/31/2007, 2 months prior to the subject loan closing on 01/02/2008, and obtained a mortgage, in the amount of $541,613, with a monthly payment of $3,927, which was calculated at the subject loan note rate. It should be noted, the property was a commercial property; however, the mortgage was reported on MERS under the Borrower's social security number; therefore, the Borrower personally guaranteed the debt.<br><br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $3,927 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847423 |
| 30 | | 0047962964 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/10/2008, in the amount of $862,500, as a cash-out refinance of an owner occupied single family detached residence. The loan was approved as a No Income/Verified Assets loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a manual approval, dated 01/10/2008, in the loan file. | NIVA | | $862,500.00 | 2847426 |
| . | | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as President of a Resurfacing company for 10 years. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the District of Hawaii on 07/31/2012. The petition included a Statement of Financial Affairs, which revealed the Borrower had not been self-employed within the six years prior to the bankruptcy filing. Further, the post-closing documentation contained the Borrower's 2007 and the 2008 personal tax return, which confirmed the Borrower did not claim self-employment income for either year.<br><br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as President of a Resurfacing company for 10 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847426 |
| 31 | 2 | 0123240053 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/21/2006, in the amount of $231,800, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Full/12 months bank statement Documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.044% Debt to Income Ratio (DTI). There was a Manual approval dated 11/29/2006, in the loan file. | Full | | $231,800.00 | 2848129 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/26/2014 4:22:49 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 2 | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. Accurint reported an extensive occupancy history at the rental property listed on the loan application from 1993 through 04/2008. In addition, an audit credit report also listed the rental address as an address that was occupied by the Borrower since 1996. Further, research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Eastern District of Washington on 11/17/2008. The petition included a Statement of Financial Affairs requiring the Borrower to list all prior addresses within 3 years immediately preceding the commencement of the bankruptcy filing date of 11/17/2008, which reported the Borrower occupied the rental address located in Sunnyside, Washington from 1993 through 04/2008, or more than 2 years after the subject loan closing date of 11/21/2006. In addition, the Borrower owned an Adult Elderly Care Facility business and the loan file included a copy of the Borrower's business filing, which reflected the subject address as the location of the Borrower's business location; therefore, the subject property was not used to occupy rather the subject property was used to maintain the Borrower's Adult Elderly Care Facility business.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848129 |
| 32 | 0400037511 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/18/2004, in the amount of $101,600. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title, Homeowners Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $101,600.00 | 2847578 |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847578 |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847578 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The seller loan was subject to an appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847578 |

Cowen_Law Debenture_1033_16 Final Version

| 33 | 0400554358 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan consisted of a loan amount of $81,250, as a rate and term refinance of an owner occupied property. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title, Homeowners Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $81,250.00 | 2847505 |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-10_Origination Practices  1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847505 |
| . | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-10_Origination Practices  1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847505 |
| . | | | | 1.04 (c) (xviii) SARM 2004-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847505 |

| 34 | | 0400569968 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/28/2004, in the amount of $390,800, as a rate and term refinance of a non-owner occupied 4-unit property. The loan was approved as a Full Documentation loan, with a 79.76%/89.71% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.75% Debt to Income Ratio (DTI). There was a Manual approval dated 05/25/2004, in the loan file. | Full | | $390,800.00 | 2847506 | |
| . | | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847506 | |
| 35 | | 0400707394 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/10/2004, in the amount of $174,040, as a Detached Single Family Residence. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Homeowners Insurance, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $174,400.00 | 2847583 | |
| . | | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xii) SARM 2004-16_Mortgage File<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject Note was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | | 2847583 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2847583 |
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2847583 |
| | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2847583 |
| | | | | | | **Grand Total of Repurchase Demand** | | | | $12,603,727.00 | |

**Digital Risk - Loan Review Findings**

| Loan Count | Loan Group | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 0018318568 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/15/2004, in the amount of $299,550, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset Documentation loan, with a 79.991%/99.979% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.44% Debt to Income Ratio (DTI). There was a Manual approval, dated 09/10/2004, in the loan file. | Stated | $299,550.00 | 2847549 | |
| | | | | | 1.04 (c) (v) SARM 2004-16_No Fraud; 1.04 (c) (vii) SARM 2004-16_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Doctor at a Chiropractic office earning $9,322 per month on the loan application. The loan file contained the Borrower's 2005 Tax Return in the post-closing documents, which revealed the Borrower's income for 2005 was $58,714, or $4,893 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated his income as a Doctor at a Chiropractic office earning $9,322 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847549 | |
| 2 | | 0018352005 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/26/2004, in the amount of $160,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.799% Debt to Income Ratio (DTI). There was a Manual approval, which was not dated, in the loan file. | Full | $160,000.00 | 2847555 | |
| | | | | | 1.04 (c) (v) SARM 2004-16_No Fraud; 1.04 (c) (vii) SARM 2004-16_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower acquired an undisclosed mortgage in the amount of $213,200 with an estimated undisclosed monthly mortgage payment of $1,244 on 05/17/2004, which was three months prior to the subject loan closing on 08/26/2004. The audit credit report also revealed that the Borrower acquired an undisclosed automobile installment lease in the amount of $17,660 with an estimated undisclosed monthly payment of $530, also in 05/2004, three months prior to the subject loan closing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,774 in monthly debts, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847555 | |
| | | | | | 1.04 (c) (v) SARM 2004-16_No Fraud; 1.04 (c) (vii) SARM 2004-16_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Southern District of Florida on 10/16/2007. The petition included a Statement of Financial Affairs, which revealed the Borrower resided at his departing residence located in West Palm Beach, FL from 02/2004 to 06/2005.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847555 | |

| # | Loan # | Lien | Deal | | Finding Category | Finding Sub-Category | | | Finding Detail | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 0018400671 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | | 0 0 | The subject loan closed on 09/16/2004, in the amount of $517,000, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.396% Debt to Income Ratio (DTI). There was a Manual approval, dated 09/17/2004, in the loan file. | Full | $517,000.00 | 2847564 |
| . | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination

1.04 (c) (xvii) SARM 2004-16_Origination Practices

1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | | 1 3 | The subject loan did not comply with applicable laws. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.

The disclosed finance charge ($505,218.80) is ($732.07) below the actual finance charge ($505,950.87). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18( d)(1)).

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847564 |
| . | | | | 1.04 (c) (v) SARM 2004-16_No Fraud

1.04 (c) (vii) SARM 2004-16_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | | 2 3 | The Borrower misrepresented his employment on the loan application as a General Sales Manager for 2 months as his sole source of employment. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the District of Nevada on 10/14/2005. The petition included a Statement of Financial Affairs, which revealed the Borrower was the Owner of the Automobile business that he reported working for as a General Sales Manager, from 10/2000 through 10/2005. Additional research through public records revealed the Borrower was in fact the President, Secretary, Treasurer, and Director of the business.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a General Sales Manager for 2 months, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847564 |
| 4 | 0018546770 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | | 0 0 | The subject loan closed on 10/08/2004, in the amount of $166,300, a purchase of an owner occupied single family detached residence. The loan was approved as a Stated Income/Verified Assets loan, with an 89.90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.57% Debt to Income Ratio (DTI). There was a manual approval, dated 10/06/2004, in the loan file. | Stated | $166,300.00 | 2847644 |
| . | | | | 1.04 (c) (v) SARM 2004-20_No Fraud

1.04 (c) (vii) SARM 2004-20_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | | 1 3 | The Co-Borrower misrepresented her employment on the loan application as Co-Owner of an Insurance company for three years. Research of public records reported the Borrowers filed a Chapter 7 bankruptcy with the Southern District of Ohio on 12/13/2006. The petition included a Statement of Financial Affairs, which revealed the Co-Borrower was not self-employed at the time of origination.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Co-Borrower falsely stated employment as Co-Owner of an Insurance company for three years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847644 |
| . | | | | 1.04 (c) (v) SARM 2004-20_No Fraud

1.04 (c) (vii) SARM 2004-20_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | | 2 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Insurance Agent earning $4,500 per month on the loan application. The Co-Borrower listed income of $4,500 per month as a Co-Owner of an Insurance company. Research of public records reported the Borrowers filed a Chapter 7 bankruptcy with the Southern District of Ohio on 12/13/2006. The petition included a Statement of Financial Affairs, which revealed the Co-Borrower was not self-employed at the time of origination and did not earn income at the time of origination. Additionally, the Statement of Financial Affairs reflected the Borrower's income in 2004, the same year as the subject closing, was $5,859 or $488 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers falsely stated income as an Insurance Agent and Co-Owner of an Insurance company earning a total of $9,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847644 |

Cowen_Law Debenture_1033_15 Final Version

| # | Loan ID | Lien | Pool | Finding | Finding | | | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 0030489355 | 1st | SARM 2005-15 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/22/2005, in the amount of $975,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a No Ratio loan (No Income, Verified Assets), with a 65%/70% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 04/19/2005, in the loan file. | NIVA | $975,000.00 | 2847730 |
| . | | | | 1.04 (b) (xii) SARM 2005-15_Compliance with Applicable Law - Origination  1.04 (b) (xxiv) SARM 2005-15_Compliance with Applicable Law  1.04 (c) (xvii) SARM 2005-15_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  The disclosed finance charge ($1,115,184.41) is ($1,258.75) below the actual finance charge ($1,116,443.16). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1026.18 (d) (1)).  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrowers. | | | 2847730 |
| . | | | | 1.04 (c) (v) SARM 2005-15_No Fraud  1.04 (c) (vii) SARM 2005-15_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrowers misrepresented their debt obligations. A review of the audit credit report revealed the Borrowers acquired three undisclosed student installment loans prior to the subject loan closing date of 04/22/2005. The undisclosed loans were opened in 09/2004, 11/2004, and 12/2004 in the amounts of $7,274, $7,056, and $8,863 with monthly payments of $54, $150, and $66.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $270 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847730 |
| 6 | 0030809560 | 1st | SARM 2005-17 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/04/2005, in the amount of $352,000, as a purchase of an owner occupied single family detached residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39% Debt to Income Ratio (DTI). There was a manual approval, dated 05/03/2005, in the loan file. | Stated | $352,000.00 | 2847740 |
| . | | | | 1.04 (c) (v) SARM 2005-17_No Fraud  1.04 (c) (vii) SARM 2005-17_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower falsely stated income. The Borrower falsely stated income as a Carpenter earning $6,500 per month on the loan application. An audit verification of employment (VOE) was obtained which reflected the Borrower's income for 2005 through 07/31/2005, the same year as the subject closing, was $27,120 or $3,874 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Carpenter earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847740 |
| 7 | 0030870794 | 1st | SARM 2005-20 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/12/2005, in the amount of $650,000, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 77.9%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 27.40% Debt to Income Ratio (DTI). There was a Manual approval dated 05/10/2005, in the loan file. | Stated | $650,000.00 | 2847755 |
| . | | | | 1.04 (c) (v) SARM 2005-20_No Fraud  1.04 (c) (vii) SARM 2005-20_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of the audit credit report and public record searches revealed the Borrower acquired one undisclosed installment that was opened in 09/2004 in the amount of $8,447 with a monthly payment of $130 and two undisclosed mortgages that opened on 11/09/2004 in the amounts of $400,000 and $100,000 with monthly payments of $2,221 and $616, which was prior to the subject loan closing of 05/12/2005.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower's misrepresented her debt obligations by failing to disclose $2,967 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847755 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/24/2014 7:19:58 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor



Cowen_Law Debenture_1033_15 Final Version

| 8 | 0031441041 | 1st | SARM 2005-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/23/2005, in the amount of $368,000, as a purchase of an owner occupied single family residence. The loan was approved with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained a copy of the Note, Mortgage, final HUD-1, homeowner's insurance policy, and title policy. There was no other critical documentation provided for the file that was represented on the date tape by the Seller. | Unknown | | $368,000.00 | 2847774 |
| . | | | 1.04 (b) (xii) SARM 2005-20_Compliance with Applicable Law - Origination  1.04 (b) (xxiv) SARM 2005-20_Compliance with Applicable Law  1.04 (c) (xvii) SARM 2005-20_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2847774 |
| . | | | 1.04 (c) (xvii) SARM 2005-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2847774 |
| 9 | 0033704669 | 1st | LMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/11/2006, in the amount of $638,058, as a Purchase of an owner occupied, single family, detached residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.59% Debt to Income Ratio (DTI). There was a Manual approval dated 12/11/2006, in the loan file. | Stated | | $638,058.00 | 2847291 |
| . | | | 1.04 (b) (xii) LMT 2007-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LMT 2007-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  The disclosed Annual Percentage Rate (APR) (6.396) is lower than the actual Annual Percentage Rate (APR) (6.5252). The Truth in Lending Act considers a disclosed Annual Percentage Rate (APR) inaccurate if it is lower than the actual Annual Percentage Rate (APR) by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17 (f), 1026.19 (a) (2), & 1026.22 (a) (2)).  Despite the Seller's representations, Annual Percentage Rate (APR) and/or points and fees were not adequately disclosed to the Borrowers.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847291 |
| . | | | 1.04 (c) (v) LMT 2007-1_No Fraud  1.04 (c) (vii) LMT 2007-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application. The Borrower falsely stated her employment as a Principle Accountant for 5 years and a self-employed Owner of a party supply rental business for 5 years. Research performed through Accurint revealed that an additional business was Owned by the Borrower from 01/28/1994 through the present, which covers the subject loan closing date of 12/11/2006.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated her employment as a Principle Accountant for 5 years and a self-employed Owner of a party supply rental business for 5 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847291 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/24/2014 7:19:58 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LMT 2007-1_No Fraud<br><br>1.04 (c) (vii) LMT 2007-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Principle Accountant earning $6,000 per month and a self-employed Owner of a party supply rental business earning $7,400 per month on the loan application. An audit re-verification of employment and income was included in the post-closing documents. The Borrower's 2006 income tax filing and the Borrower's 2006 subject year's W-2 statement found in the post-closing documents revealed the Borrower earned a monthly income of $5,413 per month during the year of the subject loan closing in 2006 with the first employer and the Borrower's 2006 income tax returns revealed the business owned by the Borrower resulted in a negative monthly income of $4,891 per month and did not earn any income from the self-employed business listed on the loan application during the year of the subject loan in 2006. Therefore, the Borrower's income was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Principle Accountant earning $6,000 per month and a self-employed Owner of a party supply rental business earning $7,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2847291 |
| 10 | 0035870997 | 1st | SARM 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/29/2005, in the amount of $498,000, as a purchase of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43% Debt to Income Ratio (DTI). There was a Manual approval dated 06/28/2005, in the loan file. | Stated | $498,000.00 | 2847753 |
| . | | | | 1.04 (b) (xii) SARM 2005-17_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2005-17_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SARM 2005-17_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($644,671.15) is ($384.52) below the actual finance charge ($645,055.67). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847753 |
| | | | | | | | | | | | |

| 11 | 0036665602 | 2nd | SASC 2005-57 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/14/2005, in the amount of $38,400, as a purchase of a non-owner occupied Detached Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with a 20%/100% Loan to Combined Loan to Value (LTV/CLTV), and a 47.35% Debt to Income Ratio (DTI). There was a Manual approval dated 10/14/2005, in the loan file. | Stated | | $38,400.00 | 2848121 |
| . | | | 1.04 (c) (v) SAS 2005-57_No Fraud  1.04 (c) (vii) SAS 2005-57_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Public records and the Audit Credit Report revealed a purchase of an undisclosed property on 10/06/2005, 11 days prior to the subject loan closing, and also revealed an undisclosed refinance of the Borrower's primary residence on 07/28/2005, 101 days prior to the subject loan closing and a new second mortgage on the Borrower's primary residence on 10/24/2005, 7 days after the subject loan closing. The Borrower acquired a first and a second mortgage of $105,350 and $37,625 with monthly payments of $691 and $401 on the undisclosed property and a first and second mortgage on the primary residence refinance in the amounts of $291,550 and $51,000 with monthly payment increases of $101 and $478.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $1,679 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848121 |
| . | | | 1.04 (c) (v) SAS 2005-57_No Fraud  1.04 (c) (vii) SAS 2005-57_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application. The loan application indicated the Borrower was an Operations Manager for 2 years; however, the Audit Verification of Employment (VOE) obtained through the employer, indicated the Borrower was employed as a New Homes Sales Agent from 09/09/2005 paid on commission. In addition, public records indicated the Borrower was a licensed Real Estate Agent from 07/01/2005 and was not a Realtor for 2 years.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as an Operations Manager for 2 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848121 |
| . | | | 1.04 (c) (v) SAS 2005-57_No Fraud  1.04 (c) (vii) SAS 2005-57_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as an Operations Manager of a realty company earning $11,500 per month on the loan application. The audit Verification of Employment (VOE) obtained through the employer indicated the Borrower earned $1,310 per month in 2005, the year of the subject loan closing. Research of public records reported the Borrower filed a Bankruptcy on 04/23/2007, which revealed the Borrower earned $1,310 in 2005, the year of the subject loan closing.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as an Operations Manager for 2 years earning $11,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848121 |
| 12 | 0039542238 | 1st | LMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/07/2006, in the amount of $706,000, as a cash-out refinance of an investment three-unit detached residence. The loan was approved as a Stated Income/Verified Assets loan, with a 72.86% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 23.38% Debt to Income Ratio (DTI). There was a manual approval, dated 12/06/2006, in the loan file. | Stated | | $706,000.00 | 2847293 |
| . | | | 1.04 (c) (v) LMT 2007-1_No Fruud  1.04 (c) (vii) LMT 2007-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. The loan application indicated the Borrower was self-employed as the Chief Executive Officer (CEO) of a Property Management company for 7.3 years. Research of public records reported the Borrower filed a Chapter 13 Bankruptcy with the Central District of California on 07/11/2011. The petition included a Statement of Financial Affairs, which revealed the Borrower's self-employment began in 2006, the same year as the subject closing.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as CEO of a Property Management company for 7.3 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847293 |

Cowen_Law Debenture_1033_15 Final Version

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 13 | 0039799044 | 1st | LMT 2006-9 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 12/14/2006, in the amount of $124,000, as a purchase of an owner occupied Detached Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.91% Debt to Income Ratio (DTI). There was a Manual approval dated 11/21/2006, in the loan file. | Stated | $124,000.00 | 2847282 |
| . | | | | 1.04 (c) (xxii) LMT 2006-9_No Fraud / 1.04 (c) (xxiv) LMT 2006-9_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Near Year Income Evidence | Misrepresentatio n of Income | 1 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Licensed Practical Nurse (LPN) earning $4,800 per month on the loan application. The audit verification of employment obtained through the employer revealed the Borrower earned $3,019 per month, in the year 2008. It is unlikely the Borrower's income would have decreased considering the Borrower was with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a LPN earning $4,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847282 |
| 14 | 0040380461 | 1st | LMT 2007-5 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 03/26/2007, in the amount of $468,000, as a rate and term refinance of an owner-occupied single-family detached residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with an 80%/94.99% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48% Debt to Income Ratio (DTI). There was a manual approval, dated 03/23/2007, in the loan file. | Stated | $468,000.00 | 2847308 |
| . | | | | 1.04 (c) LMT 2007-5_No Fraud / 1.04 (c) (vii) LMT 2007-5_No Event of Default | Misrepresentatio n of Employment - With Red Flags Present | Misrepresentatio n of Employment | 1 3 | The Borrower misrepresented her employment on the loan application. The Borrower falsely stated her employment as a Distribution Manager for eight years. An audit verification of employment (VOE) was obtained through the employer, which revealed the Borrower had never been employed by the company and the VOE and Verbal VOE were performed by an employee who falsely represented being the General Manager.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her employment as a Distribution Manager for eight years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847308 |
| . | | | | 1.04 (c) (v) LMT 2007-5_No Fraud / 1.04 (c) (vii) LMT 2007-5_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 2 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Distribution Manager earning $9,842 per month on the loan application. An audit verification of employment (VOE) was obtained through the employer, which revealed the Borrower had never been employed by the company and the verbal VOE were performed at origination by an employee who falsely represented being the General Manager. The Borrower was not employed as represented; therefore, could not have earned income form this source.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Distribution Manager earning $9,842 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847308 |
| 15 | 1 0040403917 | 1st | SARM 2007-6 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 03/21/2007, in the amount of $292,000, as a purchase of an owner-occupied single-family detached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Assets documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.188% Debt to Income Ratio (DTI). There was a manual approval, dated 03/15/2007, in the loan file. | Stated | $292,000.00 | 2847846 |

| | | 1 | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The loan application reflected the Borrower was employed as a Manager for 7.42 years earning $4,300 per month and the Co-Borrower was employed outside for 10 years going through a divorce.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2847846 | |
| | | 1 | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated her income as a Manager earning $4,300 per month and the Co-Borrower falsely stated income as a Maid earning $3,400 per month on the loan application. The loan file contained a Financial Affidavit, dated 12/06/2008, which indicated the Borrower was still employed with the employer indicated at origination and the loan file contained a pay-stub, dated 11/30/2008, which revealed the Borrower's income was $3,360 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer and in the same line of work. In addition, an audit verification of the Co-Borrower's income was obtained through The Work Number, which revealed the Co-Borrower's 2006 income was $29,747, or $2,479 per month.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated her income as a Manager earning $4,300 per month and the Co-Borrower falsely stated income as a Maid on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust, it also significantly impacted the determination of the Borrower's reasonability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2847846 | |
| 16 | 0040463291 | 1st | LMT 2007-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/13/2007, in the amount of $545,000, as a purchase of an owner occupied single family detached residence. The loan was approved as a No Income/Verified Assets loan, with a 100% Loan to Value/Combined Loan to Value. There was a manual approval, dated 04/13/2007, in the loan file. | NIVA | $545,000.00 | 2847309 | |
| | | | | 1.04 (c) (v) LMT 2007-5_No Fraud<br><br>1.04 (c) (vii) LMT 2007-5_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through Mortgage Electronic Registry System (MERS) and an audit credit report revealed the Borrower had acquired a property located in Brooklyn, NY in 01/2007, three months prior to the subject closing on 04/13/2007, with two mortgages totaling $570,000 with payments totaling $4,490 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $4,490 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847309 | |

Cowen_Law Debenture_1033_15 Final Version

| 17 | 2 | 0040492704 | 1st | SARM 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/16/2007, in the amount of $424,000, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a No Income/Verified Asset Documentation loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 04/13/2007 in the loan file. | NIVA | $424,000.00 | 2847854 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | 2 | | | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1 | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Research of public records conducted through the Mortgage Electronic Registration System (MERS) report, the Sitex.com property report and the audit credit report revealed the Borrowers obtained an undisclosed mortgage in the amount of $341,600 with a monthly payment of $1,834, based on a conservative 5% interest rate over 30 years, on 12/01/2006, 4 months prior to the subject loan closing on 04/16/2007. The Borrower also obtained a second mortgage in the amount of $50,000 with a monthly payment of $500 based on a conservative 1% rate, on 07/17/2006, or 9 months prior to the subject loan closing date of 04/16/2007. The mortgages were secured by a property located in Los Angeles, California. The Borrowers' undisclosed monthly mortgages totaled $2,334 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,334 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847854 |

| 1.04 (c) (v) SARM 2007-6_No Fraud |
| 1.04 (c) (vii) SARM 2007-6_No Event of Default |

| 18 | | 0040787913 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/19/2007, in the amount of $452,500, as a cash-out refinance of an owner occupied single family residence located in a planned unit development. The loan was approved as a Full Documentation loan, with a 72.342% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 25.84% Debt to Income Ratio (DTI). There was a Manual approval dated 07/03/2007, in the loan file. | Full | $452,500.00 | 2847323 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | | 1.04 (c) (v) LMT 2007-9_No Fraud | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as trust funds in the amount of $14,266 per month on the loan application. The loan file contained post-closing documentation including the Borrower's 2007 and 2008 tax returns, which revealed the Borrower did not receive any trust income. Additionally, the loan file contained a hardship letter that indicated there was an issue with the estate; therefore, the Borrower was not receiving any income from the trust.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated trust income in the amount of $14,266 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847323 |

| 1.04 (c) (vii) LMT 2007-9_No Event of Default |

| 19 | | 0040815433 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/31/2007, in the amount of $996,968, as a purchase of an owner occupied single family detached residence located in a planned unit development. The loan was approved as a Full Documentation loan, with 80% Loan to Value/Combined Loan to Value, and a 40.655% Debt to Income Ratio. There was a manual approval, dated 07/31/2007, in the loan file. | Full | $966,968.00 | 2847329 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | | 1.04 (b) (xii) LMT 2007-9_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

The disclosed finance charge ($1,292,082.62) is ($6,679.86) below the actual finance charge ($1,298,762.48).

The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847329 |

| 1.04 (c) (xvii) LMT 2007-9_Origination Practices |

Cowen_Law Debenture_1033_15 Final Version

| # | Loan # | Lien | Pool | Finding | Finding Type | Finding Subtype | | Description | Stated | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | 0040822827 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 08/13/2007, in the amount of $100,500, as a cash-out refinance of an investment single family detached residence. The loan was approved as a Stated Income/Verified Assets loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.29% Debt to Income Ratio (DTI). There was a manual approval, dated 08/17/2007, in the loan file. | Stated | $100,500.00 | 2847369 |
| . | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Employment - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Supervisor earning $6,500 per month on the loan application. An audit verification of employment (VOE) was obtained through the employer, which revealed the Borrower's income for the year 2007 was $51,758, or $4,313 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated his income as a Supervisor earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847369 |
| 21 | 0040830077 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 08/03/2007, in the amount of $760,000, as a purchase of an owner-occupied single-family detached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Assets documentation loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43% Debt to Income Ratio (DTI). There was a manual approval, dated 07/01/2007, in the loan file. | Stated | $760,000.00 | 2847338 |
| . | | | | 1.04 (c) LMT 2007-9_No Fraud

1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 3 | The Borrower misrepresented his employment on the loan application. The Borrower falsely stated his employment as the President of a mobile advertising company for three years on the loan application. The loan file contained the Borrower's 2007 Tax Return, which reflected no income from wages; however, it did reflect a Schedule C, or self-employment income, and a Schedule E, or rental income. In addition, an audit verification was obtained through the company, which revealed the Borrower was a Founder of the company.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a President of a mobile advertising company for three years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847338 |
| . | | | | 1.04 (c) (v) LMT 2007-9_No Fraud

1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a President of a mobile advertising company earning $25,000 per month on the loan application. The loan file contained the Borrower's 2007 Tax Return, which reflected no income from wages; however, it did reflect a Schedule C, or self-employment income, and a Schedule E, or rental income.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a President of a mobile advertising company earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847338 |
| 22 | 0040831190 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 05/07/2007, in the amount of $604,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with an 80%/89.99% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.66% Debt to Income Ratio (DTI). There was a Manual approval dated 06/12/2007, in the loan file. | Stated | $604,000.00 | 2847339 |
| . | | | | 1.04 (c) (v) LMT 2007-9_No Fraud

1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of an auto body shop earning $8,900 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's 2008 tax return, which revealed the Borrower earned a salary of $22,582 or $1,882 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed with the same employer and in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as an Owner of an auto body shop earning $8,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847339 |

| 23 | 0040835258 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/24/2007, in the amount of $464,000, as a purchase of an owner occupied single family detached residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/90% Loan to Value/Combined Loan to Value, and a 46.001% Debt to Income Ratio. There was a manual approval, dated 08/16/2007, in the loan file. | Stated | | $464,000.00 | 2847341 |
| . | | | | 1.04 (c) (v) LMT 2007-9_No Fraud

1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Co-Borrower misrepresented her employment on the loan application as the Owner of a direct mailing company for six years, earning $8,500 per month. Post-closing documentation contained the Borrower's 2007 tax return, which revealed the Co-Borrower was a Kitchen Designer and the Schedule C reflected the direct mailing company was owned by the Borrower and not the Co-Borrower.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Co-Borrower falsely stated employment as the Owner of a direct mailing company for six years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847341 |
| . | | | | 1.04 (c) (v) LMT 2007-9_No Fraud

1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Co-Borrower misrepresented her disclosed income. The Co-Borrower listed income of $8,500 per month as the Owner of a direct mailing company. Post-closing documentation contained the Borrower's 2007 tax return, which revealed the Schedule C for the direct mailing company was owned by the Borrower, not the Co-Borrower as indicated on the loan application.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers falsely stated her income as $8,500 per month as the Owner of a direct mailing company on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847341 |
| 24 | 0040847337 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/20/2007, in the amount of $534,400, as a purchase of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.57% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | | $534,400.00 | 2847350 |
| . | | | | 1.04 (b) (xii) LMT 2007-9_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LMT 2007-9_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

The disclosed finance charge ($946,335.84) is ($1,097.68) below the actual finance charge ($947,433.52). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847350 |
| . | | | | 1.04 (c) (v) LMT 2007-9_No Fraud

1.04 (c) (vii) LMT 2007-9_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 2 | 3 | The Borrower misrepresented her ownership of assets. The loan file contained a verification of deposit (VOD), dated 07/25/2007, which reflected an ending balance of $163,978 for the Borrower's checking account; however, an audit VOD was obtained from the institution, which revealed the Borrower's balance on 07/25/2007 was $63,013. In addition, the loan file contained a statement for the Borrower's investment account, dated 07/27/2007, which reflected an ending balance of $87,819; however, a verbal audit VOD was performed with the institution, which revealed the statement was altered as the primary Owner of the account was the Borrower's father and the Borrower and the Borrower's sister were on the account; however, their names would not have been printed on the statement. The statement provided reflected only the Borrower as the account Owner.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the amount of assets disclosed was misrepresented by $251,798, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847350 |

Cowen_Law Debenture_1033_15 Final Version

| | | | | |
|---|---|---|---|---|
| 1.04 (c) (v) LMT 2007-9_No Fraud | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 3 3 | The Borrower misrepresented her employment on the loan application. The Borrower falsely stated her employment income as a Chief Accounting Executive for 7 years. The loan file contained post-closing income documentation including the Borrower's 2006 and 2007 tax returns. The Borrower's 2006 tax return, prepared 02/21/2007, reflected the Borrower's position as a Clerk and the Borrower's 2007 tax return, prepared on completed on 03/21/2008, reflected the Borrower's position as Branch Office Administration.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Chief Accounting Executive for 7 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2847350 |
| 1.04 (c) (vii) LMT 2007-9_No Event of Default | | | | | | |
| 1.04 (c) (v) LMT 2007-9_No Fraud | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Chief Accounting Executive for 7 years, earning $11,750 per month. The loan file contained post-closing income documentation including the Borrower's 2007 tax return, which revealed she earned $3,212 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Chief Accounting Executive for 7 years, earning $11,750 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2847350 |
| 1.04 (c) (vii) LMT 2007-9_No Event of Default | | | | | | |
| 1.04 (c) (v) LMT 2007-9_No Fraud | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 5 3 | The Borrower misrepresented her intent to occupy the subject property. The loan file contained post-closing income documentation including the Borrower's 2007 tax return. The Borrower's 2007 tax return, prepared on completed on 03/21/2008, reflected the Borrower's address was the same as the Borrower's departing address. In addition, public records reported the Borrower continued to reside at her departing address from 03/2005 through 01/2014 and reported utilities at the departing address; however, no utility records were reported for the Borrowers at the subject address.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2847350 |
| 1.04 (c) (vii) LMT 2007-9_No Event of Default | | | | | | |

Cowen_Law Debenture_1033_15 Final Version

| 25 | 0040862831 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan is an 11/09/2007 first mortgage of $469,550, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.27% Debt to Income Ratio (DTI). There was a Manual approval dated 11/14/2007, in the loan file. | Stated | | $469,550.00 | 2847377 |
| | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. The Borrower falsely stated self-employment as a Therapist/Life Coach for 3 years on the loan application. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Central District of California on 02/20/2010. The petition included a Statement of Financial Affairs, which did not reflect any self-employment for the Borrower for the prior 6 years, or back to 02/20/2004, which covered the loan closing date of 11/09/2007. In addition, the loan file contained the Borrower's 2006 tax return, filed jointly with her ex-spouse, which reflected the Borrower was a housewife and the loan file also contained the Borrower's 2007 tax return, filed individually, which reflected the Borrower was employed as a Therapist; however, there was no self-employment income reported and only $1,305, or $108 per month, was reported for regular wages. Further, the loan file contained the Borrower's divorce decree served on 06/08/2006, which reflected the Borrower was a student hoping to obtain her degree in 06/2007 with no monthly income listed.<br><br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment as a Therapist/Life Coach for 3 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847377 |
| | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income from self-employment as a Therapist/Life Coach for 3 years, earning $15,000 per month on the loan application. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Central District of California on 02/20/2010. The petition included a Statement of Financial Affairs, which did not reflect any self-employment for the Borrower for the prior 6 years, or back to 02/20/2004, which covered the loan closing date of 11/09/2007. In addition, the loan file contained the Borrower's 2006 tax return, filed jointly with her ex-spouse, which reflected the Borrower was a housewife and the loan file also contained the Borrower's 2007 tax return, filed individually, which reflected the Borrower was employed as a Therapist; however, there was no self-employment income reported and only $1,305, or $108 per month, was reported for regular wages. Further, the loan file contained the Borrower's divorce decree served on 06/08/2006, which reflected the Borrower was a student hoping to obtain her degree in 06/2007 with no monthly income listed.<br><br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income from self-employment as a Therapist/Life Coach for 3 years, earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847377 |

# Digital Risk - Loan Review Findings

Cowen_Law Debenture_1033_15 Final Version    08-13555-mg    Doc 46080-9    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment part 8   Pg 150 of 201

| 26 | 0040909095 | 1st | LMT 2008-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/26/2007, in the amount of $546,000, as a cash-out refinance of an owner-occupied single-family detached residence. The loan was approved as a Full Documentation Loan, with an 82% Loan to Value/Combined Loan to Value (LTV/CLTV), and 49.69% Debt to Income Ratio (DTI). There was a manual approval, dated 12/24/2007, in the loan file. | Full | $546,000.00 | 2847433 |
| . | | | | 1.04 (b) (xii) LMT 2008-6_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable laws.<br><br>The disclosed APR (6.711%) is lower than the actual APR (7.4094%). The Truth in Lending Act considers a disclosed APR inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17 (f), 1026.19 (a) (2), & 1026.22(a) (2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2847433 |
| . | | | | 1.04 (b) (vii) LMT 2008-6_No Event of Default | Misrepresentation of Debt Obligations | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Public records and an audit credit report revealed the Borrower obtained an undisclosed automobile loan on 12/20/2007, which was prior to the subject loan closing date of 12/26/2007, in the amount of $57,560, with a monthly payment of $1,069. Additionally, public records and an audit credit report revealed the Borrower obtained an undisclosed Home Equity Line of Credit (HELOC) on 12/28/2007, which was two days after the subject loan closing date of 12/26/2007, secured by the subject property, in the amount of $225,000, with a monthly payment of $2,250, which was calculated using 1% of the line amount.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $3,319 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847433 |
| 27 | 2 0046312989 | 1st | SARM 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/27/2007, in the amount of $295,379, as a purchase of an owner occupied, single family residence located in a Planned Unit Development (PUD). The loan was approved on a No Employment, No Income and No Asset (No Documentation) loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a Debt to Income Ratio (DTI) was not required by the Lender. There was a Manual approval dated 04/27/2007, in the loan file. | NINENA | $295,379.00 | 2847863 |
| . | 2 | | | 1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research performed through Accurint revealed an extensive history at the departing address from 02/2005 through 09/2013 located in Cathedral City, California. The Borrower's occupancy history reported on the audit credit report also listed the departing address as a property that was occupied and did not list the subject property as a property that was ever occupied by the Borrower. Additional research performed through Accurint reported on the Utility Locator also indicated the Borrower opened utilities in her name at the departing address with a connect date of 09/27/2007, which was only 5 months after the subject loan closing date of 04/27/2007 and no additional utility history was reported at the subject property; therefore, the Borrower did not occupy the subject property after closing as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847863 |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | **$12,414,605.00** | |

| Loan Count | Loan Group | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | trac | 1st | SASC 2003-26A | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/21/2003, in the amount of $450,000, as a refinance of an owner occupied detached single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title Policy, Hazard Insurance Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $450,000.00 | 2847884 | |
| . | | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847884 | |
| . | | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847884 | |
| . | | | | | 1.04 (b) (xi) SAS 2003-26A_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SAS 2003-26A_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. | | | 2847884 | |
| . | | | | | 1.04 (c) (xviii) SAS 2003-26A_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847884 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/24/2014 2:48:08 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 2 | 0019169002 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/11/2004, in the amount of $94,845, as a purchase of an owner occupied detached single family residence. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.22% Debt to Income Ratio (DTI). There was a Manual approval dated 10/15/2004, in the loan file. | Full | $94,845.00 | 2847629 |
| . | | | | 1.04 (c) (v) SARM 2004-18_No Fraud<br><br>1.04 (c) (vii) SARM 2004-18_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed rental income. The Borrower falsely stated his rental income of $700 per month for his departing residence on the loan application. The subject transaction was approved as an owner occupied purchase and the loan application reflected the Borrower was to rent out his departing residence. However, research conducted through public records reported the Borrower continued to reside at his departing residence from 08/1977 through 12/2003 and his daughter, who was on title at closing, resided at the property from 12/2004 through 10/2011. In addition, post-closing servicing notes reflect the property was tenant occupied by the Borrower's daughter, resulting in misrepresented rental income.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated rental income of $700 per month for his departing residence on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847629 |
| . | | | | 1.04 (c) (v) SARM 2004-18_No Fraud<br><br>1.04 (c) (vii) SARM 2004-18_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The subject transaction was approved as an owner occupied purchase and the loan application reflected the Borrower was to rent out his departing residence. However, research conducted through public records reported the Borrower continued to reside at his departing residence from 08/1977 through 12/2003 and his daughter, who was on title at closing, resided at the property from 12/2004 through 10/2011. In addition, post-closing servicing notes reflect the property was tenant occupied by the Borrower's daughter.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847629 |
| 3 | 0019229210 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/20/2004, in the amount of $212,000, as a purchase of an owner occupied detached single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.68% Debt to Income Ratio (DTI). There was a Manual approval dated 10/27/2004, in the loan file. | Full | $212,000.00 | 2847630 |
| . | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-18_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($211,293.02) is ($700.26) below the actual finance charge ($211,993.28). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847630 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | | 0019248541 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed in the amount of $83,920. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively determine whether the loan was properly presented and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did not any critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $83,920.00 | 2847631 |
| . | | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination  1.04 (c) (xii) SARM 2004-18_Mortgage File  1.04 (c) (xvii) SARM 2004-18_Origination Practices  1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject note was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2847631 |
| . | | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-18_Origination Practices  1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847631 |
| . | | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-18_Origination Practices  1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847631 |
| . | | | | | 1.04 (c) (xviii) SARM 2004-18_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847631 |

| 5 | 0030585947 | 1st | SARM 2005-12 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/07/2005, in the amount of $444,000, as a purchase of an owner-occupied single-family detached residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37% Debt to Income Ratio (DTI). There was a manual approval, dated 04/07/2005, in the loan file. | Stated | $444,000.00 | 2847722 |
| . | | | 1.04 (c) (v) SARM 2005-12_No Fraud / 1.04 (c) (vii) SARM 2005-12_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated self-employment income as a Neuropsychologist earning $9,700 per month on the loan application. The loan file contained the Borrower's 2006 tax return, which reflected 2006 income of $6,698, or $1,930 per month ($6,698 divided by 3.47 months), from self-employment. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work. / The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. / In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. / Despite the Seller's representations, the Borrower falsely stated self-employment income as a Neuropsychologist earning $9,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847722 |
| 6 | 0031027931 | 2nd | SASC 2005-S6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/15/2005, in the amount of $85,000, as a purchase of a detached single family residence second home. The loan was approved as a No Ratio (No Income, Verified Asset) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 06/08/2005, in the loan file. | NIVA | $85,000.00 | 2847976 |
| . | | | 1.04 (c) (v) SAS 2005-S6_No Fraud / 1.04 (c) (vii) SAS 2005-S6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research of public records conducted through the Mortgage Electronic Registry System, Sitex.com and an audit credit report revealed the Borrower obtained 3 undisclosed mortgages. The Borrower purchased an undisclosed property located in Santa Rosa, CA on 03/24/2005, 3 months prior to the subject loan closing on 06/15/2004, and obtained a first mortgage in the amount of $511,200 with a monthly payment of $2,609 and a second mortgage in the amount of $127,800, with a monthly payment of $1,278, based on 1% of the loan amount. The Borrower also obtained a second mortgage on her primary residence on 02/01/2005, 4 months prior to the subject loan closing, with a monthly payment of $1,000, based on 1% of the loan amount. / The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. / In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. / Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $4,887 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847976 |
| 7 | 0031150998 | 1st | SARM 2005-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/28/2005, in the amount of $396,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/ Verified Asset Documentation loan, with an 80/100% Loan to Value/ Combined Loan to Value (LTV/CLTV), and a 46% Debt to Income Ratio (DTI). There was a Manual approval, dated 07/27/2005, in the loan file. | Stated | $396,000.00 | 2847761 |
| . | | | 1.04 (c) (v) SARM 2005-20_No Fraud - With No Red Flags Present / 1.04 (c) (vii) SAS 2005-20_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application as a self-employed Owner of a window cover sales and installation company for 3 years as her sole source of employment. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy in the District of Oregon on 05/31/2008. The petition included a Statement of Financial Affairs, which did not report the ownership in any business for the immediate six years preceding the bankruptcy documents. Additional research through public records revealed the Company listed on the loan application was incorporated on 07/20/2005 and was then dissolved on 01/31/2006, with the Borrower only listed as a registered agent. / The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. / In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. / Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of a window cover sales and installation Company for 3 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847761 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/24/2014 2:48:08 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

# Digital Risk - Loan Review Findings

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 0031178957 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/26/2005, in the amount of $15,750.00, as a second mortgage purchase of a non-owner occupied condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.31% Debt to Income Ratio (DTI). There was a Manual approval dated 07/26/2005, in the loan file. | Stated | $15,750.00 | 2848020 |
| . | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud  1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The loan application reflected the Borrower owned a total of 5 properties with 6 mortgages in the total amount of $397,611 with total monthly payments of $2,416. Research of public records conducted through the Mortgage Electronic Registry System, Sitex.com, Accurint and an audit credit report revealed the Borrower had an additional first mortgage in the amount of $130,750 with a monthly payment of $891 and an additional second mortgage in the amount of $25,001 with a monthly payment of $170, which were obtained in 04/2005, 3 months prior to the subject loan closing on 07/26/2005. The Borrower's proper calculation of total mortgage debt results in 8 mortgages with a total debt of $553,299 and total monthly payments of $3,478.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,061 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848020 |
| . | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud  1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Flight Attendant for 18 years, earning $5,500 per month. An audit verification of employment and income was conducted through The Work Number, which revealed the Borrower earned $2,917 per month in 2006. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Flight Attendant for 18 years, earning $5,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848020 |
| 9 | 0031263692 | 2nd | SASC 2005-S6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/01/2005, in the amount of $30,000, as a purchase of a non-owner occupied 4-unit multi-family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 17.097% Debt to Income Ratio (DTI). There was a Manual approval dated 06/29/2005, in the loan file. | Full | $30,000.00 | 2847983 |
| . | | | | 1.04 (c) (v) SAS 2005-S6_No Fraud  1.04 (c) (vii) SAS 2005-S6_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased 3 undisclosed properties prior to or on the same day as the subject loan closing on 07/01/2005. The Borrower purchased an undisclosed property located in Gallatin, TN on 06/17/2005, 14 days prior to the subject loan closing, and obtained a first mortgage in the amount of $120,000 with a monthly payment of $1,169 and a second mortgage in the amount of $30,000 with a monthly payment of $288. The Borrower purchased an additional undisclosed property located in Gallatin, TN on 06/27/2005, 4 days prior to the subject loan closing, and obtained a first mortgage in the amount of $120,000 with a monthly payment of $1,157 and a second mortgage in the amount of $30,000 with a monthly payment of $288. The Borrower also purchased a third undisclosed property located in Gallatin, TN on 07/01/2005, the same day as the subject loan closing, and obtained a first mortgage in the amount of $120,000 with a monthly payment of $1,239 and a second mortgage in the amount of $288.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Lender's representations, the Borrower misrepresented her debt obligations by failing to disclose $4,429 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847983 |

| 10 | 0031285729 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/16/2005, in the amount of $174,000, as a purchase of a Detached Single Family second home located in a Planned Unit Development. The loan was approved as a Stated Income, Stated Assets loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33.29% Debt to Income Ratio (DTI). There was a Manual approval dated 08/15/2005, in the loan file. | SISA | $174,000.00 | 2848029 |
| . | | | | 1.04 (b) (xiii) SAS 2005-S7_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-S7_Origination Practices | Final TIL Invalid/Incomplete/Incorrect/Stale/ Not Executed | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a valid final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the TIL contained in the loan file was invalid for the following reasons: The subject loan closed on 08/16/2005. The final TIL was signed and dated on 07/29/2005 and although there is what appears to be a final TIL in the loan file, the Borrower did not sign the TIL; therefore, there is no evidence the subject loan was properly disclosed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848029 |
| . | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrowers misrepresented their debt obligations. Public Records and the Audit Credit Report indicated the Borrowers purchased an undisclosed property on 06/28/2005, 46 days prior to the subject loan closing on 08/16/2005, and acquired a first mortgage in the amount of $504,400 with a monthly payment of $1,622 and also a Home Equity Line of Credit in the amount of $63,050 with an estimated monthly payment of $650 based on 1% of the high credit limit.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,272 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848029 |
| 11 | 0031373558 | 1st | SARM 2005-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/13/2005, in the amount of $414,400, as a purchase of an owner occupied Attached Townhome located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.54% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $414,400.00 | 2847769 |
| . | | | | 1.04 (c) (v) SARM 2005-20_No Fraud<br><br>1.04 (c) (vii) SARM 2005-20_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as an Owner of a home based consulting firm earning $15,972 per month on the loan application. The loan file contained post-closing documentation, obtained through the modification process, including the Borrower's 2005 tax return, the year of the subject loan closing, which revealed the Borrower earned $335 per month from the business.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a home based consulting firm earning $15,972 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847769 |
| 12 | 0031596281 | 2nd | SASC 2005-S6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/02/2005, in the amount of $24,975, as a purchase of a non-owner occupied, 2-unit family residence. The loan was approved as a No Income/Verified Asset (No Ratio) Documentation loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NIVA | $24,975.00 | 2847995 |
| . | | | | 1.04 (c) (v) SAS 2005-S6_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S6_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research of public records conducted through the Mortgage Electronic Registry System (MERS) and an audit credit report revealed the Borrower obtained two undisclosed mortgages with a first mortgage in the amount of $184,000 with a monthly payment of $1,420 and a second mortgage in the amount of $34,500 with a monthly payment of $342 per month secured by a property located in Tampa, Florida. The Borrower's total undisclosed monthly debt obligations resulted in $1,762 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $1,762 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847995 |

| 13 | 0031739667 | 2nd | SASC 2005-57 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/30/2005, in the amount of $94,500, as a purchase of a non-owner occupied, single family residence located in a Planned Unit Development. The loan was approved as a No-Income/No-Verified Asset (No Ratio) Documentation loan, with a 21%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NIVA | $94,500.00 | 2848082 |
| . | | | | 1.04 (c) (v) SAS 2005-57_No Fraud<br><br>1.04 (c) (vii) SAS 2005-57_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower falsely stated employment as an Account Executive with a wholesale mortgage company for 3 years as his sole source of employment. However, research performed through Accurint revealed the Borrower was the Owner of a financial business from 11/2004 to present and an additional business from 11/2004 to present, which were active at the time of the subject loan closing on 09/30/2005; therefore, the Borrowers' employment was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Account Executive for 3 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848082 |
| 14 | 0033520479 | 1st | SARM 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/06/2006, in the amount of $262,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.47% Debt to Income Ratio (DTI). There was a Manual approval dated 12/05/2006, in the loan file. | Stated | $262,000.00 | 2847820 |
| . | | | | 1.04 (b) (xii) SARM 2007-4_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2007-4_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The disclosed finance charge ($416,329.52) is ($1,104.16) below the actual finance charge ($417,433.68). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>Despite the Seller's representations, Annual Percentage Rate (APR) and/or points and fees were not adequately disclosed to the Borrower. | | | 2847820 |
| . | | | | 1.04 (c) (v) SARM 2007-4_No Fraud<br><br>1.04 (c) (vii) SARM 2007-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Supervisor Technician Support earning $14,389 per month on the loan application. An audit re-verification of employment and income was conducted through The Work Number, which revealed the Borrower earned a monthly income of $7,151 in 2006 the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Supervisor Technician Support earning $14,389 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847820 |
| 15 | 0033543216 | 1st | SARM 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/13/2006, in the amount of $992,786, as a purchase of an owner occupied single family detached residence. The loan was approved as a Full Documentation loan, with a 70%/95% Loan to Value/Combined Loan to Value, and a 50.96% Debt to Income Ratio. There was a manual approval, dated 12/22/2006, in the loan file. | Full | $992,786.00 | 2847799 |
| . | | | | 1.04 (c) (v) SARM 2007-2_No Fraud<br><br>1.04 (c) (vii) SARM 2007-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. An audit credit report reflected the primary Borrower had obtained an educational installment debt in 08/2000, six years prior to the subject loan closing on 12/13/2006, in the amount of $5,943 with a payment of $50 per month which was not reflected on the origination credit report or disclosed on the loan application. Further, an audit credit report for the secondary Borrower reflected the secondary Borrower had obtained an educational installment debt in 08/2006, four months prior to the subject closing, in the amount of $14,248 with a payment of $225 per month, which was not reflected on the origination credit report or disclosed on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $275 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847799 |

| 16 | 0033547829 | 1st | SARM 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/18/2006, in the amount of $294,400, as a cash out refinance of an owner occupied Detached Single Family Residence located in a Planned Development. The loan was approved as a Stated Income, Stated Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.84% Debt to Income Ratio (DTI). There was a Manual approval dated 12/18/2006, in the loan file. | SISA | $294,400.00 | 2847821 |
| . | | | 1.04 (c) (v) SARM 2007-4_No Fraud<br><br>1.04 (c) (vii) SARM 2007-4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Public records and an Audit Credit Report revealed the Borrowers purchased an undisclosed property on 12/28/2006, 10 days after the subject loan closing on 12/18/2006, and obtained a first mortgage in the amount of $276,800 with a monthly payment of $1,352 and a second mortgage in the amount of $69,200 with a monthly payment of $695. The Audit Credit Report also indicated the Borrowers obtained an undisclosed installment loan in 04/2006, 8 months prior to the subject loan closing, in the amount of $7,958 with a monthly payment of $239 per month. The undisclosed debt was also included in the Bankruptcy petition filed on 02/29/2012.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,286 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847821 |
| . | | | 1.04 (c) (v) SARM 2007-4_No Fraud<br><br>1.04 (c) (vii) SARM 2007-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated his income as a Supervisor of landscaping/nursery business earning $7,600 per month and the Co-Borrower falsely stated her income as a Cashier earning $2,150 per month on the loan application. A post closing personal tax return obtained through the modification process for 2008, revealed the Borrower earned $4,504 per month and an audit Verification of Employment (VOE) conducted through The Work Number, for 2007, revealed the Co-Borrower earned $1,822 per month. It is unlikely the Borrowers' incomes would have decreased considering the Borrowers were employed with the same employers in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a Supervisor of landscaping/nursery business earning $7,600 per month and the Co-Borrower falsely stated her income as a Cashier earning $2,150 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847821 |
| 17 | 0033584228 | 1st | LMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/14/2006, in the amount of $184,000, as a cash-out refinance of an investment single family detached residence. The loan was approved as a Stated Income/Verified Assets loan, with a 74.20% Loan to Value/Combined Loan to Value, and a 42.864% Debt to Income Ratio (DTI). There was a manual approval, which was not dated, in the loan file. | Stated | $184,000.00 | 2847287 |
| . | | | 1.04 (c) (v) LMT 2007-1_No Fraud<br><br>1.04 (c) (vii) LMT 2007-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Contract Administrator earning $9,500 per month on the loan application. Post-closing documentation contained the Borrower's 2006 W-2 and personal tax return, which reflected annual income of $52,028, or $4,336 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Contract Administrator earning $9,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847287 |

| # | Loan Number | Lien | Pool | Code | Category 1 | Category 2 | | Narrative | Doc | Amount | Ref |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 0033710948 | 1st | SARM 2007-2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 12/26/2006, in the amount of $456,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.66% Debt to Income Ratio (DTI). There was a Manual approval dated 12/12/2006, in the loan file. | Stated | $456,000.00 | 2847802 |
| | | | | 1.04 (c) (v) SARM 2007-2_No Fraud / 1.04 (c) (vii) SARM 2007-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented her debt obligations. Research of public records conducted through the Mortgage Electronic Registration System (MERS) and an audit credit report revealed the Borrower obtained 2 mortgages secured a property located in Daly City, California on 12/21/2006, 4 days prior to the subject loan closing on 12/26/2006, in the amount of $668,000 with a monthly payment of $3,410 per month and a second lien amount of $167,000 with a monthly payment of $1,512 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $4,922 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847802 |
| | | | | 1.04 (c) (v) SARM 2007-2_No Fraud / 1.04 (c) (vii) SARM 2007-2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 3 | The Borrower misrepresented her intent to occupy the subject property. The loan file contained post-closing correspondences dated 10/06/2007, which reflected the borrower's departing address located in Daly City, California. Additional research of the subject address performed through Accurint reveals multiple people other than the borrower as occupying the subject address that was dated within 12 months of the subject loan closing date of 12/26/2006. The post-closing correspondence included a change of address to reflect the departing address on 10/06/2007, which is within twelve months of closing. Therefore, the Borrower did not occupy the subject property for 12 months after closing as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847802 |
| 19 | 0033714031 | 1st | SARM 2007-2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 12/26/2006, in the amount of $436,000, as a rate and term refinance of an owner occupied, single family, detached residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32.353% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $436,000.00 | 2847803 |
| | | | | 1.04 (c) (v) SARM 2007-2_No Fraud / 1.04 (c) (vii) SARM 2007-2_No Event of Default | Failure to Verify Social Security Number | Failure to Verify Social Security Number | 1 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's identity, so as to confirm the absence of fraud and/or the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representation, there is no validation in the file of the Borrower's Social Security number. | | | 2847803 |
| 20 | 0033725284 | 1st | SARM 2007-2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 12/22/2006, in the amount of $1,527,500, as cash out refinance of a Detached Single Family second home. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 65%/75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.36% Debt to Income Ratio (DTI). There was a Manual approval 12/27/2006, in the loan file. | Stated | $1,527,500.00 | 2847807 |
| | | | | 1.04 (c) (v) SARM 2007-2_No Fraud / 1.04 (c) (vii) SARM 2007-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as the President of a real estate company earning $73,000 per month on the loan application. The post closing tax return obtained through the modification process for 2006, the year of the subject loan closing, indicated the Borrower earned $11,319 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as the President of a real estate company earning $73,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847807 |

| 21 | 0033747106 | 1st | SARM 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/13/2006, in the amount of $674,850, as a purchase of Detached Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.49% Debt to Income Ratio (DTI). There was a Manual approval dated 12/13/2006, in the loan file. | Stated | $674,850.00 | 2847808 |
| . | | | 1.04 (c) (v) SARM 2007-2_No Fraud | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. The Post closing financial statement obtained through the modification process indicated the Borrower did not occupy the subject property and the subject property was an investment property. The financial statement and public records indicated the Borrower occupied the address of her employer which, also indicates a non-arms length transaction. The employment was a family owned business.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage or Deed of Trust. There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties. | | | 2847808 |
| | | 1.04 (c) (vii) SARM 2007-2_No Event of Default | | | | | | | | | |
| 22 | 0033756941 | 1st | SARM 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/21/2006, in the amount of $534,400, as a cash-out refinance of an owner-occupied multi-family residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with an 80%/88% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.789% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained an origination Uniform Underwriting and Transmittal Summary (1008). | Stated | $534,400.00 | 2847822 |
| . | | | 1.04 (c) (v) SARM 2007-4_No Fraud | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Industrial Division Manager earning $8,200 per month on the loan application. The Borrower filed Chapter 7 Bankruptcy with the District of Utah on 02/13/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $11,611, or $968 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Industrial Division Manager earning $8,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847822 |
| | | 1.04 (c) (vii) SARM 2007-4_No Event of Default | | | | | | | | | |
| 23 | 0033784463 | 1st | SARM 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/05/2007, in the amount of $729,000, as a cash-out refinance of an owner-occupied single-family residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with a 75.94%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.135% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained an origination Uniform Underwriting and Transmittal Summary (1008). | Stated | $729,000.00 | 2847811 |
| . | | | 1.04 (c) (v) SARM 2007-2_No Fraud | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as an Owner of a uniform Company earning $18,000 per month on the loan application. The loan file contained the Borrower's 2008 Business Tax Return (1120) and 2008 K-1, which revealed the Borrower's 2008 self-employment income was $43,819, or $3,652 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a uniform company earning $18,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847811 |
| | | 1.04 (c) (vii) SARM 2007-2_No Event of Default | | | | | | | | | |

# Digital Risk - Loan Review Findings

| 24 | 0035034792 | 1st | SARM 2005-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/04/2005, in the amount of $480,000, as a purchase of an owner-occupied single-family detached residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.09% Debt to Income Ratio (DTI). There was a manual approval, dated 03/09/2005, in the loan file. | Stated | $480,000.00 | 2847711 |
| . | | | | 1.04 (c) (v) SARM 2005-11_No Fraud Red Flags Present | Misrepresentation of Income - No Red Flags Present | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed incomes. The Borrower falsely stated his income as a Police Officer earning $6,550 per month and the Co-Borrower falsely stated her income as a Registered Nurse earning $6,100 per month on the loan application. An audit verification of the Borrower's income was obtained from the employer, which revealed the Borrower's 2004 income was $65,400, or $5,450 per month and the Co-Borrower's 2005 W-2, which revealed the Co-Borrower's income was $48,254, or $4,021 per month. It is unlikely the Co-Borrower's income would have decreased considering the Co-Borrower was employed with the same employer and in the same line of work. The subject loan closed on 03/04/2005, prior to 04/01/2005. | | | 2847711 |
| | | | | 1.04 (c) (xvii) SARM 2005-11_No Event of Default | - Same Year Income Evidence | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Police Officer earning $6,550 per month and the Co-Borrower falsely stated her income as a Registered Nurse earning $6,100 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | |
| 25 | 0035103472 | 1st | SARM 2005-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/15/2005, in the amount of $287,200, as a purchase of a primary residence. There was neither an Automated Underwriting System (AUS) or Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of origination. The loan file only contained the Note, the final HUD-1, the Mortgage and the Title Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $287,200.00 | 2847713 |
| . | | | | 1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847713 |
| | | | | 1.04 (b) (xii) SARM 2005-11_Compliance with Applicable Law - Origination

1.04 (c) (xvii) SARM 2005-11_Origination Practices | | | | | | | | |
| . | | | | 1.04 (c) (xviii) SARM 2005-11_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847713 |
| 26 | 0035251222 | 1st | SARM 2005-12 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/29/2005, in the amount of $122,320, as a purchase of an investment low-rise condominium. The loan was approved as a Full Documentation loan, with an 80%/90% Loan to Value/Combined Loan to Value, and a 29.30% Debt to Income Ratio. There was a manual approval, dated 04/25/2005, in the loan file. | Full | $122,320.00 | 2847727 |
| . | | | | 1.04 (c) (v) SARM 2005-12_No Fraud

1.04 (c) (xvii) SARM 2005-12_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through Mortgage Electronic Registry System and an audit credit report revealed the Borrower acquired five undisclosed properties located in Bonita Springs, FL and Naples, FL with mortgages totaling $714,260 with total monthly payments of $5,098. One of the properties was purchased 04/2005, the same month as the subject closing on 04/29/2005, while the additional four properties were purchased in 03/2005, the month prior to the subject closing. Further, the Borrower had acquired an undisclosed automobile lease for $15,873 with a payment of $441 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $5,539 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847727 |

| 27 | 0035463355 | 1st | SARM 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/11/2005, in the amount of $426,400, as a purchase of an owner-occupied single-family attached residence located in a planned unit development with a 85.97%/85.97% Loan to Value/Combined Loan to Value (LTV/CLTV), per the HUD-1, and Mortgage. There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained only the HUD-1, Note, Mortgage and Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $427,200.00 | 2847734 |
| . | | | | 1.04 (b) (xii) SARM 2005-15_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2005-15_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SARM 2005-15_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847734 |
| . | | | | 1.04 (c) (xviii) SARM 2005-15_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847734 |
| 28 | 0035603489 | 1st | SARM 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/09/2005, in the amount of $1,000,000, as a purchase of a single family detached vacation home located in a planned unit development. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 60.25%/80% Loan to Value/Combined Loan to Value. There was a manual approval, dated 06/08/2005. | NIVA | $1,000,000.00 | 2847750 |
| . | | | | 1.04 (c) (v) SARM 2005-17_No Fraud<br><br>1.04 (c) (vii) SARM 2005-17_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. The audit credit report revealed the Borrowers acquired two undisclosed automobile debts in 05/2005, the month prior to the subject closing on 06/09/2005, in the amounts of $26,505 with an estimated monthly payment of $795 and $25,101 with a monthly payment of $497.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $1,292 in monthly debts, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847750 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/24/2014 2:48:08 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk - Loan Review Findings

| 29 | | 0036078624 | 1st | SARM 2005-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan was originated on 08/05/05 in the amount of $xx,xxx. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $57,600.00 | 2847777 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | | 1.04 (b) (xii) SARM 2005-20_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2005-20_Compliance with Applicable Law<br><br>1.04 (c) (xii) SARM 2005-20_Mortgage File<br><br>1.04 (c) (xvii) SARM 2005-20_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2847777 |
| . | | | | | 1.04 (b) (xii) SARM 2005-20_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2005-20_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SARM 2005-20_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847777 |
| . | | | | | 1.04 (b) (xii) SARM 2005-20_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2005-20_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SARM 2005-20_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847777 |
| . | | | | | 1.04 (c) (xviii) SARM 2005-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847777 |

Cowen_Law Debenture_1033_14 Final Version

| 30 | 0036482693 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/06/2005, in the amount of $24,800, as a purchase of a non-owner occupied property. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33.74% Debt to Income Ratio (DTI). There was a Manual approval dated 10/04/2005, in the loan file. | Full | $24,800.00 | 2848112 |
| . | | | | 1.04 (c) (xviii) SASC 2005-S7_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848112 |
| 31 | 0039740220 | 1st | LMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2006, in the amount of $165,900, as a purchase of an owner occupied detached single family residence. The loan was approved as a No Ratio (No Income, Verified Asset) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 11/27/2006, in the loan file. | NIVA | $165,900.00 | 2847294 |
| . | | | | 1.04 (c) (v) LMT 2007-1_No Fraud<br>1.04 (c) (vii) LMT 2007-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research conducted through an audit credit report revealed the Borrower had obtained an undisclosed automobile loan in 10/2006, the month prior to the subject loan closing on 11/30/2006, in the amount of $26,750 with a monthly payment of $585.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $585 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847294 |
| 32 | 0040019044 | 1st | SARM 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/16/2007, in the amount of $528,000, as a cash-out refinance of an owner occupied single family detached residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80% Loan to Value/Combined Loan to Value, and a 50% Debt to Income Ratio. There was a manual approval, dated 01/12/2007, in the loan file. | Stated | $528,000.00 | 2847813 |
| . | | | | 1.04 (c) (v) SARM 2007-2_No Fraud<br>1.04 (c) (vii) SARM 2007-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Window Installer earning $10,800 per month on the loan application. Post-closing documentation contained the Borrower's 2007 W-2, which revealed the Borrower earned $38,737, or $3,228 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a Window Installer earning $10,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847813 |
| . | | | | | Grand Total of Repurchase Demand | | | | | | $11,703,346.00 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/24/2014 2:48:08 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

**Digital Risk - Loan Review Findings**

Cowen_Law Debenture Full_Version_7     08-13555-mg   Doc 46080-9   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 5   Pg 164 of 201

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0011886397 | 1st | ARC 2002-BC8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/17/2002, in the amount of $61,650, as a purchase of a non-owner occupied 2 unit property. The loan was approved as a Stated Income/Stated Assets loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.53% Debt to Income (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $61,650.00 | 2847224 | |
| . | | | | 1.04 (c) (xv) ARC 2002-BC8_No Fraud  1.04 (c) (xvii) ARC 2002-BC8_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Public records and an audit credit report indicated the Borrower purchased 5 undisclosed properties on 06/07/2002, 06/24/2002, 07/01/2002, 07/17/2002 and 08/07/2002, obtaining 5 mortgages in the amounts of $63,900, $59,400, $65,250, $65,700, and $58,500 with monthly payments of $523, $475, $522, $526, and $526. The subject loan closed on 07/17/2002.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $2,514 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847224 | |
| 2 | 0033677543 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/20/2006, in the amount of $164,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Full Documentation/12 months bank statement loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 18.10% Debt to Income Ratio (DTI). There was a Manual approval dated 11/17/2006, in the loan file. | Full | $164,000.00 | 2848187 | |
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1  1.04 (b) (xxi) SAS 2007-OS1_No Fraud  1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner earning $12,184 per month on the loan application. An audit re-verification of employment and income was obtained through the Borrower's chapter 7 bankruptcy filing dated 03/19/2008, which revealed that the Borrower earned a monthly income of $83 per month during the year of the subject loan in 2006 from the Borrower's business.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a self-employed Owner of a marketing business for 9 years, earning $12,184 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848187 | |
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1  1.04 (b) (xxi) SAS 2007-OS1_No Fraud  1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented the intent to occupy the subject property. Research conducted through Accurint reported an extensive occupancy history at the departing address from 09/2006 as the mailing address and the Borrower filed a chapter 7 bankruptcy on 03/19/2008, which indicated that the Borrower occupied another address located in Saint Charles, MO from 10/2001 through 09/2006 and listed the Borrower's current address as the Borrower's departing address also located in Saint Charles, MO.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848187 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 7/31/2013 9:07:02 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**Digital Risk - Loan Review Findings**

Cowen_Law Debenture Full_Version_7   08-13555-mg   Doc 46080-9   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment V - part 5   Pg 165 of 201

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 0039657440 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/29/2006, in the amount of $216,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset Documentation loan, with an 80%/100% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 42.43% Debt-to-Income Ratio (DTI). There was a Manual approval dated 12/22/2006, in the loan file. | Stated | $216,000.00 | 2848189 |
| . | | | | 1.04 (b) (xi) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented the debt obligations. The audit credit report reflected that the Borrower obtained an undisclosed auto installment loan in the amount of $15,843 in 10/2006, 2 months prior to the subject loan closing on 12/29/2006, which resulted in an undisclosed monthly payment of $240 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $240 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848189 |
| . | | | | 1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan application indicated that the Borrower purchased the subject property as an owner occupied property. Research conducted through Accurint reported an extensive history at the Borrower's departing address located in the same city and state as the subject property located in Saint Petersburg, Florida. Additional research conducted through Accurint reported that the Borrower's driver's license history, professional nursing license, voter registration and vehicle registration has been registered at the departing address from 2002 to the present. Furthermore, the Borrower's utility history reported that the Borrower had open utilities at the departing address from 05/08/2004 through 03/06/2009. No occupancy history was found at the subject address in the Borrower's name; therefore, the Borrower did not occupy the subject property after the subject loan closing as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848189 |
| 4 | 0045192523 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/05/2007, in the amount of $92,000, as a purchase of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 100% Loan to Value/Combined Loan to Value, and a 42.73% Debt to Income ratio. There was a Manual approval dated 02/05/2007, in the loan file. | Stated | $92,000.00 | 2848193 |
| . | | | | 1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. The Borrower did not reside in the subject property after the subject loan closing of 02/05/2007. The Borrower resided in a property located in San Antonio, Texas. Driver's license records indicate the Borrower has never used the subject property to obtain a drivers license and has used the property in San Antonio, Texas from 08/16/2001 through present. Voter's registration records indicate the Borrower has never registered to vote using the subject property address and has used another address located in San Antonio, Texas. Vehicle registration records reflect the Borrower registered a vehicle two months after the subject loan closing using the other address in San Antonio, Texas.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848193 |

Cowen_Law Debenture Full_Version_7

| 5 | 0123246662 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/16/2006, in the amount of $515,000.00, as a cash out refinance of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 96.674 Loan to Value/Combined Loan to Value, and a 48.684% Debt to Income Ratio. There was a Manual approval dated 11/28/2006, in the loan file. | Stated | $515,000.00 | 2848137 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated self-income as an Attorney earning $9,000 per month on the loan application. On 08/16/2010, the Borrower filed a chapter 13 bankruptcy in the Central District of California United States Bankruptcy Court. Per the Statement of Financial Affairs, the Borrower's income for 2008 was $1,663 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Attorney earning $9,000 per month on the loan application, which not only constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848137 | |
| 6 | 0123246845 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/07/2006, in the amount of $612,000, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value, and a 46.367% Debt to Income Ratio. There was a Manual approval dated 11/20/2006, in the loan file. | Stated | $612,000.00 | 2848140 | |
| . | | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Supervisor of a Beauty School earning $6,500 per month on the loan application. The loan file contained post closing income documentation for the purpose of the Borrower obtaining home modification loan. The Borrower provided a 2007 W-2, which revealed the Borrower's monthly income as $1,595 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The United States Bureau of Labor and Statistics reported the average salary at the 90th percentile for a Supervisor of Personal Service Workers in 2006 and in the same geographic region was $4,909 per month.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Supervisor of a Beauty School earning $6,500 per month on the loan application, which not only constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848140 | |
| . | | | | 1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented the debt obligations. A review of an audit credit report reflects the Borrower obtained an undisclosed installment loan prior to the subject loan closing of 11/07/2006. On 06/2006, the Borrower obtained an undisclosed installment loan in the amount of $10,752 with a monthly payment of $261.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $261 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848140 | |

| 7 | 0123253387 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/02/2006, in the amount of $130,000.00 as cash out refinance of an owner occupied detached single family residence. The loan was approved as a Full Documentation loan, with an 87.838% Loan to Value/Combined Loan to Value, and a 22.884% Debt to Income ratio. There was a Manual approval dated 11/07/2006, in the loan file. | Full | $130,000.00 | 2848151 |
| | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Obtain Required Documentation | Failure to Obtain Required Documentation | 1 | 3 | The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification of the Borrowers' credit worthiness, so as to confirm the Borrowers' overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the Lender obtained an explanation letter for the Borrowers' derogatory credit. The origination credit report reflected the Borrowers had a previous bankruptcy, 22 collections, 4x30 day late payments, 4x60 day late payments, 19x90 day late payments and a judgment.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848151 |
| 8 | 0123266959 | 1st | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/30/2006, in the amount of $225,250, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.40% Debt to Income Ratio (DTI). There was a Manual approval dated 11/03/2006, in the loan file. | Stated | $225,250.00 | 2848165 |
| . | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Employment ' Self-Employed Borrower | Failure to Verify Employment | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of her financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, the employment information contained on the application indicated the Borrower had been self employed as a Psychic for 30 years. The loan file contained reference letters; however, the loan file did not contain a Certified Public Accountant's letter or business letter confirming minimum 2 years of continuous self-employment.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848165 |

Cowen_Law Debenture Full_Version_7

| 9 | 0123272148 | 1st | SASC 2007-BC1 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/17/2006, in the amount of $460,800, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 51.51% Debt to Income Ratio (DTI). There was a Manual approval dated 11/17/2006, in the loan file. | Stated | $460,800.00 | 2848170 | |
| . | | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. An audit verbal verification of employment obtained through the employer indicated the Borrower was never employed at the employment stated on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Sales Representative for 3 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848170 | |
| . | | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Sales Representative earning $6,300 per month on the loan application. The audit verbal verification of employment obtained from the employer indicated the Borrower was not employed by the employer indicated on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Sales Representative earning $6,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848170 | |
| 10 | 0123273617 | 1st | SASC 2007-BC1 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/17/2006, in the amount of $307,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 72.24% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 54.05% Debt to Income Ratio (DTI). There was a Manual approval dated 11/17/2006, in the loan file. | Full | $307,000.00 | 2848172 | |
| . | | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC1_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented their intent to occupy the subject property. Public records and the Bankruptcy petition filed 03/12/2007, indicated the Borrowers occupied another property from 08/1997 to 01/2013. The Bankruptcy records did not indicate the Borrowers occupied the subject property 3 years prior to filing date. The subject loan closing date was 11/17/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848172 | |

| 11 | 0123277550 | 2nd | SASC 2007-BC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/17/2006, in the amount of $64,807.00, on the data tape, the subject loan was a purchase of an owner occupied property and was approved as a full documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the subject second lien Note, the subject second lien Mortgage, the title policy and closing instructions. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $64,807.00 | 2848177 | |
| . | | | | 1.04 (b) (xvii) (d) SAS 2007-BC1_Underwriting Methodology - Deemed MnA_Pool | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The loan file only contained the subject second lien Note, the second lien Mortgage, the Title Policy and closing instructions. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller and there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848177 | |
| 12 | 0124246521 | 2nd | SASC 2007-OS1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/23/2007, in the amount of 52,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.35% Debt to Income Ratio (DTI). There was a Manual approval dated 03/16/2007, in the loan file. | Stated | $52,000.00 | 2848209 | |
| . | | | | 1.04 (b) (xi) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. An audit credit report indicated the Borrower acquired an automobile loan in 12/2006, 2 months prior to the subject loan closing on 02/23/2007, in the amount of $42,436 with a monthly payment of $677.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented his debt obligations by failing to disclose a $677 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848209 | |
| . | | | | 1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated the net rental income for the proposed departure residence as $900 per month on the loan application. Public records indicated the Borrower remained at the proposed departure residence resulting in misrepresented rental income of $1,200 per month, or $900 net with 25% vacancy factor.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated rental income for the proposed departure residence as $1,200 per month or $900 net with 25% vacancy factor, on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848209 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented his intent to occupy the subject property. Public records indicated the Borrower remained at the proposed departure residence from 07/2005 to 01/2008 and another individual occupied the subject property from 01/2006 to 08/2012. Utility records also did not indicate the Borrower acquired utility connection for the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representations and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848209 |
| 13 | 0124246760 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 2/21/2007, in the amount of $161,500, as cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 95%/95% Loan to Value/Combined Loan to Value, and a 46.68% Debt to Income Ratio. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $161,500.00 | 2848210 |
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Human Resource Assistant earning $3,700 per month on the loan application. According to the Statement of Financial Affairs on the Bankruptcy petition filed 06/21/2010, by the Borrower with the District of Southern District of Georgia Bankruptcy Court, the Borrower's income for the year of 2008 was listed as $22,484 or $1,873. It is unlikely the Borrower's income would have decreased considering the Borrower was with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Bureau of Labor Statistics reported the average salary at the 90th percentile for a Human Resource Assistant in 2007 and in the same geographic region was $3,144 per month.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Human Resource Assistant earning $3,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848210 |
| 14 | 0124247859 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 2/21/2007, in the amount of $230,400, as cash out refinance of an owner occupied two unit property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value, and a 48.67% Debt to Income RAtio. There was a Manual approval dated 2/16/2007, in the loan file. | Stated | $230,400.00 | 2848211 |
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed home based Caterer earning $4,682 per month and receiving $475 in net rental income on the loan application. The loan file contained post-closing 2008 tax returns, which reflect the Borrower's income in the amount of $9,256, or $771 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed home based Caterer earning $4,682 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848211 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 9:07:02 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Law Debenture Full_Version_7

| 15 | 0124251810 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/26/2007, in the amount of $342,000.00 cash out refinance of an owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.57% Debt to Income Ratio (DTI). There was a Manual approval dated 03/26/2007, in the loan file. | Stated | $342,000.00 | 2848215 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application and the Verbal Verification of Employment (VVOE) as a General Manager of a farm for 8 years; however, a Verification of Employment (VOE) contained in the loan file indicated the Borrower was employed as a Crew Leader of farm laborers for 3 years.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a farm General Manager for 8 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848215 | |
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAS 2007-OS1_No Fraud<br><br>1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a General Manager of a farm earning $6,200 per month on the loan application. The post closing tax return for 2006, the year prior to the subject loan closing indicated the Borrower earned $2,019 per month. It is unlikely the Borrower's income would have increased by 201% considering the Borrower was with the same employer in the same line of work. The post closing tax return and W-2 form for 2007, the year of the subject closing indicated the Borrower earned $848 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Bureau of Labor Statistics reported the average salary at the 75th percentile for a Manager of farm labor in 2007 and in the same geographic region was $3,713 per month.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a General Manager earning $6,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848215 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 7/31/2013 9:07:02 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**Digital Risk – Loan Review Findings**

Cowen_Law Debenture Full_Version_7   08-13555-mg   Doc 46080-9   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment V - part 5   Pg 172 of 201

| # | Loan # | Lien | Deal | Category | Sub-Category | Sample | Rebuttal | Finding Detail | Doc Type | Loan Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 0124252107 | 1st | SASC 2007-OSI | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/11/2007, in the amount of $468,000.00 as a cash out refinance of an owner occupied Condominium. The loan was approved as a Full Documentation/12 months bank statement loan, with a 90% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 29.565% Debt-to-Income Ratio (DTI). There was a Manual approval dated 03/14/2007, in the loan file. | Full | $468,000.00 | 2848216 |
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1  1.04 (b) (xxi) SAS 2007-OS1_No Fraud  1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. Research conducted through Accurint revealed the Borrower owned an additional beauty supply business from 12/17/2001 through 06/25/2013, which was disclosed on the loan application; however, the loan application indicated that the self-employed business closed in 03/2007, or 2 months prior to the subject loan closing on 01/11/2007 and Accurint revealed the business was still active until the present date and listed the Borrower as the Owner/President of the business.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage and/or Deed of Trust.  Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner/Hairstylist for 1 month, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848216 |
| . | | | | 1.04 (b) (xxi) SAS 2007-OS1_No Fraud  1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. Accurint reported an extensive history at a different address located in the same city and state as the subject property located in Rancho Cucamonga from 11/2002 through 04/2013 and no occupancy history at the subject property. Additionally, Accurint also reported that the Borrower's cosmetology license was registered at a different address from the subject address located in Cucamonga, California from 10/27/2007 through 10/31/2014 without a change in address to the subject address; therefore, the Borrower did not occupy the subject address after the subject loan closing date of 03/06/2007.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848216 |
| 17 | 0124254723 | 1st | SASC 2007-OSI | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/22/2007, in the amount of $117,300, as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset documentation loan, with an 85% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 40.198% Debt-to-Income Ratio (DTI). There was a Manual approval dated 03/23/2007, in the loan file. | Stated | $117,300.00 | 2848218 |
| . | | | | 1.04 (b) (xl) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1  1.04 (b) (xxi) SAS 2007-OS1_No Fraud  1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Deputy Clerk earning $4,498 per month on the loan application in employment earnings and $2,500 in monthly rental income. An audit verification of employment and income was obtained from the employer, revealed that the Borrower earned a monthly income of $2,279 in the year the subject loan closed.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Deputy Clerk earning $4,498 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848218 |

Cowen_Law Debenture Full_Version_7

| 18 | 0124255324 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | Loan Summary: The subject loan closed on 09/12/2007, in the amount of $450,000, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset Documentation loan, with a 84.746% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 47.512% Debt-to-Income Ratio (DTI). There was a Manual approval dated 10/19/2007, in the loan file. | Stated | $450,000.00 | 2848220 |
| . | | | | 1.04 (b) (xi) (j) SAS 2007-OS1_Underwriting Methodology - Deemed MnA_Pool 1 | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income in Production Department earning $6,300 per month on the loan application. The loan file contained post closing income documentaiton including the Borrower's 2007 income tax return for the year of the subject loan closing, which revealed that the Borrower earned a base income of $1,265 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Research conducted through The U.S. Bureau of Labor Statistics reported that a Production Worker located in same area in 2007 could expect to earn $3,744 per month.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Production Worker earning $6,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848220 |
| | | | | 1.04 (b) (xxi) SAS 2007-OS1_No Fraud | | | | | | | | |
| | | | | 1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | | | | | | | | |
| 19 | 0124256967 | 1st | BNCMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/20/2007, in the amount of $274,500, as a cash out refinance of an owner occupied, 2-unit family residence. The loan was approved as a Full Documentation loan, with 57.789% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 43.129% Debt-to-Income Ratio (DTI). There was a Manual approval dated 03/26/2007, in the loan file. | Full | $274,500.00 | 2847243 |
| . | | | | 1.04 (b) (xii) BNC 2007-4_Underwriting Guidelines | Failure to Verify Assets | Failure to Verify Assets | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's assets, so as to confirm the Borrower's strength of savings patterns, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Borrower was required to properly source and season 2 months reserves of principal, interest, taxes and insurance (PITI) totaling total assets of $4,609 for the subject cash out refinance of an owner occupied property. In total, assets of $4,609 were required to be verified. The loan application did not stated any assets and the loan file did not included any asset documents to support the required $4,609 in reserves.<br><br>Despite the Seller's representations, there was a $4,609 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonability to repay the subject loan. | | | 2847243 |
| | | | | 1.04 (b) (xlii) (H) BNC 2007-4_Underwriting Methodology - Deemed MnA_Pool 1 | | | | | | | | |
| 20 | 0124258005 | 1st | SASC 2007-OSI | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/23/2007, in the amount of $191,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Full Documentation/12 month Bank Statement loan, with 84.89% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 29.74% Debt to Income Ratio (DTI). There was a Manual approval dated 02/23/2007, in the loan file. | Full | $191,000.00 | 2848224 |
| . | | | | 1.04 (b) (xxi) SAS 2007-OS1_No Fraud | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. Public records and the post closing tax return for 2008, the subsequent year after the subject loan closing, indicated the Borrower owned an additional business which, was not disclosed on the loan application. Public records indicated the Borrower owned a property investment company since 09/16/2003, and was operating through 2008 per the post closing tax return.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as the Owner of a funeral home for 2 years and did not disclose the additional ownership of a property investment company, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848224 |
| | | | | 1.04 (b) (xxiii) SAS 2007-OS1_No Event of Default | | | | | | | | |
| . | | | | | | | | | **Grand Total of Repurchase Demand** | | **$5,135,207.00** | |

Cowen_Law Debenture 1033_17_Final Version

| Loan Count | Loan Group | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 0018509885 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/15/2004, in the amount of $162,000, as a purchase of a second home condominium. The loan was approved as a Stated Income/Verified Asset (SIVA), with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.15% Debt to Income Ratio (DTI). There was a Manual approval dated 08/31/2004, in the loan file. | Stated | $162,000.00 | 2847613 | |
| . | | | | | 1.04 (b) (xii) SARM 2004-18_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-18_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-18_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrowers. | | | 2847613 | |
| . | | | | | 1.04 (c) (v) SARM 2004-18_No Fraud<br><br>1.04 (c) (vii) SARM 2004-18_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application as the Owner of a television sales business for 3.5 years. Research of public records reported the Borrower filed for Bankruptcy on 10/31/2012. The petition included a Statement of Financial Affairs, which revealed the Borrower was self-employed in vacation property rentals from 07/2004, or 3 months prior to the subject loan closing on 10/15/2004. In addition, a financial statement was contained in the loan file obtained through the modification process also indicated the Borrower was not the Owner of a Television business; however, was a self-employed Vacation Property Manager.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of a television sales business for 3.5 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847613 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2014 9:44:37 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Law Debenture 1033_17_Final Version

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SARM 2004-18_No Fraud<br><br>1.04 (c) (vii) SARM 2004-18_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her income. The Borrower falsely stated her income as an Owner of a television sales business earning $3,000 per month on the loan application. Research of public records reported the Borrower filed for Bankruptcy on 10/31/2012. The petition included a Statement of Financial Affairs, which revealed the Borrower was self-employed in vacation property rentals from 07/2004, or 3 months prior to the subject loan closing on 10/15/2004. In addition, a financial statement was contained in the loan file obtained through the modification process also indicated the Borrower was not the Owner of a Television business; however, was a self-employed Vacation Property Manager; therefore, the income was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as an Owner of a television sales business earning $3,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847613 |
| 2 | 0030707046 | 1st | SARM 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/21/2005, in the amount of $600,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 79.47%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41% Debt to Income Ratio (DTI). There was a Manual approval dated 04/20/2005, in the loan file. | Stated | $600,000.00 | 2847732 |
| . | | | | 1.04 (c) (v) SARM 2005-15_No Fraud - With No Red Flags Present<br><br>1.04 (c) (vii) SARM 2005-15_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. The Borrower falsely stated her employment a self-employed Owner of a transportation business for 8 years as her sole source of employment. However, research performed through Accurint revealed the Borrower was also an Owner of a credit institution from 05/18/1993 to present, which was active at the time of the subject loan closing date of 04/21/2005; therefore, the Borrower's employment was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her employment as a self-employed Owner of a transportation business for 8 years as her sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847732 |

| 3 | 0030938757 | 2nd | SASC 2005-S6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/03/2005, in the amount of $32,250, as a purchase of a non-owner occupied multi-family residence. The loan was approved as a Full Documentation loan, with a 15%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.76% Debt to Income Ratio (DTI). There was a manual approval, dated 06/03/2005, in the loan file. | Full | $32,250.00 | 2847967 | |
| . | | | 1.04 (c) (v) SAS 2005-S6_No Fraud  1.04 (c) (vii) SAS 2005-S6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Research conducted through the Mortgage Electronic Registration Service (MERS) and an audit credit report revealed the Borrowers refinanced their primary residence on 06/17/2005, which was within 30 days of the subject loan closing date of 06/03/2005, and obtained a first mortgage in the amount of $302,000 with a monthly payment of $1,785 and a second mortgage in the amount of $106,500 with a monthly payment of $1,065 per month. The Borrowers' payments increased by $863 per month as a result of the transaction.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose an increase of $863 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847967 | |
| | | | | | | | | | | | | | |
| 4 | 0030962872 | 2nd | SASC 2005-S6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/26/2005, in the amount of $19,400, as a purchase of a non-owner occupied single family residence located in a planned unit development (PUD). The loan was approved as a Stated Income/Verified Assets (SIVA) loan, with a 14.924%/94.853% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28% Debt to Income Ratio (DTI). There was a Manual approval dated 05/24/2005, in the loan file. | Stated | $19,400.00 | 2847969 | |
| . | | | 1.04 (c) (v) SAS 2005-S6_No Fraud  1.04 (c) (vii) SAS 2005-S6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of the audit credit report and public records revealed the Borrower acquired 4 undisclosed mortgage loans within 30 days of the subject loan closing on 05/26/2005. The undisclosed loans opened on 06/23/2005 in the amounts of $126,950, $23,800, $126,750 and $23,750 with monthly payments of $866, $220, $865, and $219.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $2,170 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847969 | |
| | | | | | | | | | | | | | |

Cowen_Law Debenture 1033_17_Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 0031033665 | 2nd | SASC 2005-S6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/18/2005, in the amount of $66,000, as a purchase of a 3-unit investment property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 15%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.906% Debt to Income Ratio (DTI). There was a Manual approval dated 06/01/2005, in the loan file. | Stated | $66,000.00 | 2847977 |
| . | | | 1.04 (c) (v) SAS 2005-S6_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S6_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registry System, Sitex.com and an audit credit report, revealed the Borrower purchased an undisclosed property located in Hemet, CA in 06/2005, the same month as the subject loan closing, and obtained a first mortgage in the amount of $464,000 with a monthly payment of $3,252 and a second mortgage in the amount of $58,000 with a monthly payment of $580, based on 1% of the high credit limit. The Borrower also purchased an additional property also located in Hemet, CA in 06/2005, the same month as the subject loan closing and obtained a first mortgage in the amount of $448,000 with a monthly payment of $3,155 and a second mortgage in the amount of $56,000 with a monthly payment of $560, based on 1% of the high credit limit.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $7,547 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847977 |
| 6 | 0031211352 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/04/2005, in the amount of $61,950, as a purchase of a non-owner occupied condominium property. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.51% Debt to Income Ratio (DTI). There was a Manual approval dated 08/03/2005, in the loan file. | Stated | $61,950.00 | 2848022 |
| . | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through Sitex.com and the Mortgage Electronic Registry System reported the Borrower purchased an undisclosed property located in Phoenix, AZ on 08/26/2005, 22 days after the subject loan closing on 08/04/2005 and research of an audit credit report revealed the Borrower obtained a first mortgage in the amount of $544,000 with a monthly payment of $3,231 and a second mortgage of $136,000 with a monthly payment of $1,144 per month on the undisclosed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $4,375 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848022 |

Cowen_Law Debenture 1033_17_Final Version

| 7 | 0031241383 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed in the amount of $43,000, as a purchase of an owner-occupied single-family detached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.493% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file contained an origination Uniform Underwriting and Transmittal Summary (1008), which reflected the terms of the transaction. | Stated | $43,000.00 | 2848023 |
| | | | | 1.04 (b) (xiii) SAS 2005-S7_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-S7_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The disclosed finance charge ($80,135.38) is ($116.00) below the actual finance charge ($80,251.38). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d )(1)).  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2848023 |
| 8 | 0031302482 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/29/2005, in the amount of $26,000, as a purchase of a 3-unit non-owner occupied residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 10%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.63% Debt to Income Ratio (DTI). There was a Manual approval dated 07/25/2005, in the loan file. | Stated | $26,000.00 | 2848033 |
| | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud  1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through an audit credit report revealed the Borrower obtained an undisclosed second mortgage in 07/2005, the same month as the subject loan closing on 07/29/2005 in the amount of $68,000 with a monthly payment of $680, based on 1% of the total credit limit secured by an unknown property.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $680 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848033 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his disclosed employment on the loan application. The loan application reflected primary employment for the Borrower as self-employment as a Property Manager for 2 years. Research of public records reported the Borrower filed a Chapter 13 Bankruptcy on 02/23/2010 with the District of Massachusetts. The petition included a Statement of Financial Affairs, which required the Borrower to disclose any full or part time self-employment for the 6 years prior to the filing date, or in this case back to 02/23/2004; however, the Borrower's self-employment listed on the loan application was not provided. It should be noted, a different form of self-employment was reported for a different line of work; however, dates of operation were not provided.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated primary employment as self-employment as a Property Manager for 2 years employment, which constituted an event of default under the executed Mortgage or Deed of Trust. | | 2848033 |
| | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his primary income as self-employment as a Property Manager for 2 years, earning $2,000 per month on the initial loan application and $1,000 on the final loan application Research of public records reported the Borrower filed a Chapter 13 Bankruptcy on 02/23/2010 with the District of Massachusetts. The petition included a Statement of Financial Affairs, which required the Borrower to disclose any full or part time self-employment for the 6 years prior to the filing date, or in this case back to 02/23/2004; however, the Borrower's self-employment listed on the loan application was not provided; therefore, the income was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his primary income as self-employment as a Property Manager for 2 years, earning $1,000 on the final loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2848033 |

Cowen_Law Debenture 1033_17_Final Version

| | 9 | 0031550692 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject property is located in the amount of $31,500, as a purchase of a non-owner occupied single-family detached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 10%/90% Loan to Value (LTV/CLTV), and a 22% Debt to Income Ratio (DTI). There was a manual approval, dated 08/18/2005, in the loan file. | Stated | | $31,500.00 | 2848057 | |
| . | | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through the Mortgage Electronic Registration Service (MERS), public records, and an audit credit report revealed the Borrower purchased an undisclosed property on 08/19/2005, which was three days prior to the subject loan closing date of 08/22/2005, and obtained a first mortgage in the amount of $236,000 with a monthly payment of $1,531 and a second mortgage in the amount of $29,500 with a monthly payment of $259.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,790 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848057 | |
| . | | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his self-employment on the loan application. The Borrower falsely indicated self-employment as the Owner of a Fashion Company for 15 years on the loan application. The Borrower filed Chapter 7 Bankruptcy documents with the Central District of California on 04/30/2009. Review of the Statement of Financial Affairs revealed the Borrower declared, under penalty of perjury, having not been self-employed as the Owner of the business at origination. The statement required any self-employment be listed for the preceding 6 years, which covered the period of 05/01/2003 through 04/30/2009 and included the subject loan closing date of 08/22/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment as the Owner of a Fashion Company for 15 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848057 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower falsely stated his income. The Borrower falsely stated his income as the Owner of a fashion company, earning $12,000 per month on the loan application. The Borrower filed Chapter 7 Bankruptcy documents with the Central District of California on 04/30/2009. Review of the Statement of Financial Affairs revealed the Borrower declared, under penalty of perjury, having not been self-employed as the Owner of the business at origination. The statement required any self-employment be listed for the preceding 6 years, which covered the period of 05/01/2003 through 04/30/2009 and included the subject loan closing date of 08/22/2005. The Borrower was not self-employed as indicated; therefore, the Borrower's income was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a Fashion Company, earning $12,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2848057 |
| 10 | 0031747033 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/03/2005, in the amount of $69,400, as a purchase of an owner-occupied single-family detached residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.755% Debt to Income Ratio (DTI). There was a manual approval, dated 09/26/2005, in the loan file. | Stated | $69,400.00 | 2848083 |
| . | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research of the Borrower's utility accounts revealed the Borrower maintained utilities at the departure residence from 03/2003 through 01/2014 and did not activate utilities at the subject property. The subject loan closed 10/03/2005; therefore, the Borrower did not occupy the subject property; however, continued to occupy the departure residence.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner-occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2848083 |
| 11 | 0033776469 | 1st | SARM 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/09/2005, in the amount of $306,043, as a purchase of a detached single family second home property. The loan was approved as a No Ratio loan (No Income, Verified Asset), with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 08/26/2005, in the loan file. | NIVA | $306,043.00 | 2847824 |
| . | | | 1.04 (b) (xii) SARM 2007-4_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2007-4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2847824 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 1.04 (c) (v) SARM 2007-4 _No Fraud<br><br>1.04 (c) (vii) SARM 2007-4 _No Red Flags Present | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and Sitex.com revealed the Borrower purchased an undisclosed property located in Cape Coral, FL on 07/08/2005, 62 days prior to the subject loan closing on 09/09/2005. The Borrower obtained a mortgage on the undisclosed property in the amount of $400,000 with a monthly payment of $2,528, based on the same rate as the subject loan of 6.5% for 30 years.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that a public records search was performed. The non-disclosure of a $2,528 monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $2,528 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2847824 |
| . | | | | | 1.04 (c) (v) SARM 2007-4 _No Fraud<br><br>1.04 (c) (vii) SARM 2007-4 _No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented her employment on the loan application as a Vice President of client development for 20 years. An audit verbal verification of employment was obtained through the employer, which revealed the Borrower was employed through 09/02/2005; however, the subject loan closed on 09/09/2005, or 7 days after the Borrower's employment terminated.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Vice President of client development for 20 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2847824 |

| 12 | 0035345321 | 1st | SARM 2005-12 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/29/2005, in the amount of $380,000 as a purchase of an owner occupied Single Family Detached Residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value LTV/CLTV, and a 43.90% Debt to Income Ratio (DTI). There was a Manual approval dated 04/28/2005, in the loan file. | Stated | $380,000.00 | 2847728 | |
| . | | | 1.04 (c) (v) SARM 2005-12_No Fraud<br><br>1.04 (c) (vii) SARM 2005-12_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Public records and the Audit Credit Report indicated the Borrowers purchased an undisclosed property on 01/12/2005, 4.5 months prior to the subject loan closing on 04/29/2005, and acquired a first mortgage in the amount of $239,947 with a monthly payment of $1,419 and a second mortgage in the amount of $59,024 with a monthly payment of $465.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $1,884 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847728 | |
| . | | | 1.04 (c) (v) SARM 2005-12_No Fraud<br><br>1.04 (c) (vii) SARM 2005-12_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application as a Comptroller for 3 years as her sole source of employment. The loan file contained post-closing documentation including the Borrower's 2006 tax return and a hardship letter, which revealed the Borrower was also self-employed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her employment as a Comptroller for 3 years as her sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847728 | |
| . | | | 1.04 (c) (v) SARM 2005-12_No Fraud<br><br>1.04 (c) (vii) SARM 2005-12_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Comptroller earning $8,350 per month on the loan application. The loan file contained post-closing documentation including the Borrower's 2006 tax return, which revealed the Borrower earned $4,806 per month. It is unlikely the Borrower's income would have decreased considering the Borrowers were self-employed and with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Comptroller earning $8,350 per month on the loan application, which not only constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847728 | |

Cowen_Law Debenture 1033_17_Final Version

| 13 | | 0035722032 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed in the amount of $37,349, as a purchase of a non-owner occupied low rise condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.22% Debt to Income Ratio (DTI). There was a Manual approval dated 09/09/2005, in the loan file. | Stated | | $37,349.00 | 2848085 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records and an audit credit report revealed the Borrower obtained an undisclosed mortgage on 05/19/2005, 4 months prior to the subject loan closing on 09/13/2005, in the amount of $248,552 with a monthly payment of $1,781 and an additional mortgage also on 05/19/2005 in the amount of $244,152 with a monthly payment of $1,749. The Borrower also obtained an undisclosed mortgage on 06/16/2005, 3 months prior to the subject loan closing on 09/13/2005, in the amount of $272,252 with a monthly payment of $1,950 and an additional first mortgage in the amount of $273,690 with a monthly payment of $1,961 also on 06/16/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $8,480 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848085 | |
| . | | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application as the Owner of an investment company for 5 years as his sole source of employment. Research of public records reported the Borrower filed for Bankruptcy on 04/21/2001, which revealed the Borrower was also a self-employed Owner of an undisclosed rehabilitation business from 05/2004 to 10/2013.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of an investment company for 5 years as his sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848085 | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2014 9:44:37 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**Digital Risk - Loan Review Findings**

Cowen_Law Debenture 1033_17_Final Version  08-13555-mg  Doc 46080-9  Filed 08/22/14  Entered 08/22/14 15:34:18  Attachment V - part 5  Pg 185 of 201

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 0035744838 | 2nd | SASC 2005-S6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/24/2005, in the amount of $18,520, as a purchase of a non-owner occupied 2-unit property. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45% Debt to Income Ratio (DTI). There was a Manual approval dated 06/21/2005, in the loan file. | Full | $18,520.00 | 2847999 |
| . | | | | 1.04 (c) (v) SAS 2005-S6_No Fraud  1.04 (c) (vii) SAS 2005-S6_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records revealed the Borrower purchased an undisclosed property on 06/24/2005, the same day as the subject loan closing, and acquired a mortgage in the amount of $201,016 with a monthly payment of $1,354.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $1,354 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847999 |
| 15 | 0035890359 | 2nd | SASC 2005-S6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/06/2005, in the amount of $28,500, as a purchase of a non-owner occupied low rise condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32% Debt to Income Ratio (DTI). There was a Manual approval dated 07/01/2005, in the loan file. | Stated | $28,500.00 | 2848000 |
| . | | | | 1.04 (c) (v) SAS 2005-S6_No Fraud  1.04 (c) (vii) SAS 2005-S6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Research of public records and an audit credit report revealed the Borrowers purchased an undisclosed property on 05/31/2005, 36 days prior to the subject loan closing on 07/06/2005, and acquired a second mortgage in the amount of $19,500 with a monthly payment of $214. The Borrowers also refinanced an investment property on 06/23/2005, 13 days prior to the subject loan closing and acquired a new first mortgage in the amount of $180,000 and increased the monthly payment from $943 to $1,321, or an increase of $377 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $591 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848000 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2005-S6_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | the Borrower falsely stated his income. The Borrower falsely stated his income as an Owner of a business earning $7,500 per month on the loan application and the Co-Borrower falsely stated her income as an Owner of a cosmetology salon, earning $6,500 per month. Research of public records reported the Borrowers filed for Bankruptcy on 08/29/2008. The report revealed the Borrower earned $3,262 per month in 2006 and the Co-Borrower earned $812 per month in 2006. It is unlikely the Borrowers' income would have decreased considering the Borrowers were self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as an Owner of a business earning $7,500 and the Co-Borrower falsely stated her income as an Owner of a beauty salon earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848000 |
| 16 | 0036134971 | 2nd | SASC 2005-S6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/09/2005, in the amount of $122,000, as a purchase of an owner-occupied single-family detached residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.71% Debt to Income Ratio (DTI). There was a manual approval, dated 08/09/2005, in the loan file. | Stated | $122,000.00 | 2848008 |
| . | | | | 1.04 (b) (xiii) SAS 2005-S6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-S6_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2848008 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2014 9:44:37 AM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Law Debenture 1033_17_Final Version

| # | Loan # | Lien | Deal | Exception | Finding | Finding | | | Narrative | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 0036150647 | 1st | SARM 2005-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/29/2005, in the amount of $150,800, as a purchase of a non-owner occupied attached single-family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.88% Debt to Income Ratio (DTI). There was a Manual approval dated 07/28/2005, in the loan file. | Full | $150,800.00 | 2847778 |
| . | | | | 1.04 (c) (v) SARM 2005-20_No Fraud / 1.04 (c) (vii) SARM 2005-20_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased 2 undisclosed properties located in Denver, Colorado. The Borrower purchased 1 property on 05/27/2005, which was 63 days prior to the subject loan closing on 07/29/2005, and obtained a first mortgage in the amount of $149,925 with a monthly payment of $662 and a second mortgage in the amount of $49,975 with a monthly payment of $481. The Borrower purchased the additional property on 05/20/2005, which was 70 days and obtained a first mortgage in the amount of $138,750 with a monthly payment of $780 and a second mortgage in the amount of $46,250 with a monthly payment of $471.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the subject loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $2,394 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847778 |
| 18 | 0036412575 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/15/2005, in the amount of $77,200, as a purchase of an owner occupied 2-unit multi-family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.05% Debt to Income Ratio (DTI). There was a Manual approval dated 09/14/2005, in the loan file. | Full | $77,200.00 | 2848103 |
| . | | | | 1.04 (b) (xiii) SAS 2005-S7_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2005-S7_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848103 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2014 9:44:37 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 19 | 0036450716 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan is a first mortgage in the amount of $34,400, as a purchase of an owner-occupied low-rise condominium unit. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 51.10% Debt to Income Ratio (DTI). There was a manual approval, dated 09/16/2005, in the loan file. | Full | | $34,400.00 | 2848108 | |
| . | | | 1.04 (c) (v) SAS 2005-S7_No Fraud 1.04 (c) (vii) SAS 2005-S7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. Research of the Borrower's driver's license history revealed the Borrower obtained a replacement driver's license on 09/13/2005, 3 days prior to the subject loan closing date of 09/16/2005, and supplied an address in Cape Coral, FL as her current address. Research conducted through the Mortgage Electronic Registration Service (MERS) revealed the Borrower purchased the property in Cape Coral on 12/23/2005. Additionally, public records revealed the Borrower renewed her license on 01/06/2006, which was less than 12 months after the subject loan closing date and supplied the same address in Cape Coral as the current address. The research of the Borrower's driver's license history did not confirm any further licenses issued within 12 months of closing at the subject property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner-occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848108 | |

| 20 | 0036546059 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/30/2005, in the amount of $23,600, as a purchase of a non-owner occupied, 2-unit multi-family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.20% Debt to Income Ratio (DTI). There was a Manual approval dated 09/29/2005, in the loan file. | Full | | $23,600.00 | 2848116 | |
| . | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of the audit credit report and public records revealed the Borrower acquired one undisclosed automotive installment loan in 08/2005, the month prior to the subject loan closing on 09/30/2005, in the amount of $15,906 with a payment of $373, two undisclosed mortgages on 06/29/2005, 2 months prior to the subject loan closing, in the amounts of $60,000 and $19,200 with payments of $414 and $209, and two undisclosed mortgages on 08/01/2005, the month prior to the subject loan closing, in the amounts of $108,800 and $13,600 with payments of $761 and $148.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $1,905 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848116 | |
| . | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Technical Shift Manager earning $6,000 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Eastern District of Michigan Bankruptcy Courts as part of a Chapter 13 Bankruptcy case dated 06/11/2007, the Borrower's income for the year of the subject loan closing of 2005 was $62,214 or $5,184 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Technical Shift Manager earning $6,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848116 | |

Cowen_Law Debenture 1033_17_Final Version

| 21 | 1 | 0040614802 | 1st | SARM 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/17/2007, in the amount of $232,000, as a purchase of an owner occupied single family residence located in a Condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41% Debt to Income Ratio (DTI). There was a Manual approval dated 05/16/2007, in the loan file. | Stated | | $232,000.00 | 2847857 | |
| . | 1 | | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Manager for 4.8 years, earning $7,700 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $7,700 per month for a Manager of a roofing/remodeling company is unreasonable and is indicative of potential misrepresentation. The U.S. Bureau of Labor Statistics reported the average salary at the 75th percentile for a Construction Supervisor in 2007 and in the same geographic region was $4,633 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847857 | |
| . | 1 | | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented his debt obligations. A review of the Mortgage Electronic Registration System and the audit credit report revealed the Borrower obtained four undisclosed mortgages secured by two different properties. The Borrower obtained a mortgage in the amount of $232,000 with a payment of $1,524 and a second mortgage in the amount of $58,000 with a payment of $580 on 05/09/2007, 8 days prior to the subject loan closing date of 05/17/2007, secured by a property located in Chicago, IL in the same Condominium complex as the subject. Additionally, the Borrower obtained an undisclosed mortgage in the amount of $232,000 with a mortgage payment of $1,245 and a second mortgage in the amount of $58,000 with a payment of $580 on 06/11/2007, 25 days after the subject loan closing date of 05/17/2007, secured a property located in Chicago, IL in the same Condominium complex as the subject.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements by Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $3,929 in undisclosed monthly debts, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be | | | | 2847857 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/27/2014 9:44:37 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | 1 | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented his income. The Borrower falsely stated his income as a Manager of a roofing/remodeling company earning $7,700 per month on the loan application. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Northern District of Illinois on 03/17/2008. The bankruptcy petition included a Statement of Financial Affairs, which revealed the Borrower earned a monthly income of $2,167 per month during the year of the subject loan closing in 2007.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Manager of a roofing/remodeling company earning $7,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2847857 |
| . | 1 | | 1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 5 | 3 | The Borrower misrepresented his intent to occupy the subject property. Accurint reported an extensive occupancy history at an undisclosed property located in the same Condominium complex. In addition, an audit credit report did not list the subject address as an address that was ever occupied by the Borrower. Further, research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Central District of Illinois on 03/17/2008 including a Statement of Financial Affairs, which required the Borrower to list all prior addresses occupied within 3 years immediately preceding the commencement of the bankruptcy and revealed the Borrower vacated the departing address in 05/2007 and occupied an unknown address located in Northbrook, Illinois.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847857 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/27/2014 9:44:37 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Law Debenture 1033_17_Final Version

| 22 | 0046771747 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/11/2007, in the amount of $280,395, as a purchase of a non-owner occupied property located in a low rise Condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.41% Debt to Income Ratio (DTI).There was a Manual approval dated 07/10/2007, in the loan file. | Stated | $280,395.00 | 2847352 |
| . | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Research of public records conducted through the Mortgage Electronic Registry System (MERS) and an audit credit report revealed the Borrower obtained an undisclosed first mortgage in the amount of $289,395 with a monthly payment of $2,500 secured by a property located in Chelan, Washington located in the same condominium complex as the subject property that on 06/21/2007, 20 days prior to the subject loan closing date of 07/11/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $2,500 in monthly debt obligation, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847352 |
| 23 | 0047434113 | 1st | LMT 2008-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/29/2007, in the amount of $223,200, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.02% Debt to Income Ratio (DTI). There was a Manual approval dated 08/27/2007, in the loan file. | Stated | $223,200.00 | 2847441 |
| . | | | 1.04 (c) (vii) LMT 2008-6_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrowers misrepresented their employment on the loan application. The Borrower falsely stated her employment as an Operations Manager for 2.3 years and the Co-Borrower falsely stated his employment as a Truck Driver 7.2 years. The loan file contained post-closing documentation including the Borrowers' 2007 tax return, which reflected the Borrower's position in Customer Service and reflected the Co-Borrower's position as a Plumber. In addition, the loan file also contained the Borrowers' 2006 tax return, which reflected the Borrower was self-employed as a Disability Service Provider and the Co-Borrower was employed as a Plumber. Further, an audit verification of employment was obtained through the employer, for the Co-Borrower, which reflected the Co-Borrower was employed in the Warehouse.<br><br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her employment as an Operations Manager for 2.3 years and the Co-Borrower falsely stated his employment as a Truck Driver 7.2 years on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847441 |

Cowen_Law Debenture 1033_17_Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (vii) LMT 2008-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated her income as an Operations Manager for 2.3 years, earning $3,250 per month and the Co-Borrower falsely stated his income as a Truck Driver 7.2 years, earning $3,050 per month. The loan file contained post-closing documentation including the Borrowers' 2007 tax return, which reflected the Borrower's position in Customer Service and reflected the Co-Borrower's position as a Plumber and a total annual income of $35,983, or $2,998 per month. In addition, the loan file also contained the Borrowers' 2006 tax return, which reflected the Borrower was self-employed as a Disability Service Provider and earned negative income in self-employment and the Co-Borrower earned $2,766 as a Plumber. Further, an audit verification of employment was obtained through the employer, for the Co-Borrower, which reflected the Co-Borrower earned $13.70 per hour and was employed in the Warehouse.<br><br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as an Operations Manager for 2.3 years, earning $3,250 per month and the Co-Borrower falsely stated his income as a Truck Driver 7.2 years, earning $3,050 per month on the application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847441 |
| 24 | 0047438718 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/31/2007, in the amount of $542,000, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80/89.67% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.26% Debt to Income Ratio (DTI). There was a Manual approval, dated 08/24/2007, in the loan file. | Stated | $542,000.00 | 2847363 |
| . | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated rental income at a property in Greeley, CO of $2,500 per month with a mortgage payment, including insurance, maintenance, taxes, and misc. of $1,300 per month, resulting in positive net rental income of $575 per month for that property. The Borrower had additional negative net rental income on three other properties of $545 per month, resulting in a total positive net rental income of $30 per month which was included in the Borrower's total income to qualify at origination. Research of public records and an audit credit report revealed the Borrower acquired an undisclosed mortgage refinance in the amount of $150,000 for the property in Greeley, CO with an estimated undisclosed monthly mortgage payment of $1,036 in 09/2007, which was within 30 days after the subject loan closing on 08/31/2007, resulting in total negative rental income of $38 per month<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated positive net rental income of $30 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847363 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/27/2014 9:44:37 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Law Debenture 1033_17_Final Version

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-9   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 5   Pg 194 of 201

| 25 | 0047690904 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/06/2007, in the amount of $210,000, as a rate and term refinance of a non-owner occupied condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.4% Debt to Income Ratio (DTI). There was a Manual approval dated 11/06/2007, in the loan file. | Stated | | $210,000.00 | 2847407 |
| . | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | | 1 | 3 | The Borrowers misrepresented their debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrowers refinanced a rental property located in Toms River, NJ on 10/05/2007, 32 days prior to the subject loan closing on 11/06/2007, which increased the balance from $289,559 to $414,000, resulting in a $124,441 increase and increased the monthly payment from $1,766 per month to $3,895, resulting in a $2,129 monthly increase.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such document contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose an increase of $2,129 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847407 |
| 26 | 0047826706 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/02/2008, in the amount of $187,000, as a purchase of a single family attached investment property located in a planned unit development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.71% Debt to Income Ratio (DTI). There was a Manual approval dated 01/02/2008, in the loan file. | Stated | | $187,000.00 | 2847420 |
| . | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through Sitex.com and an audit credit report revealed the Borrower had an undisclosed existing first mortgage obtained in 08/2007, 5 months prior to the subject loan closing on 01/02/2008, in the amount of $236,720 with a monthly payment of $2,184 on a rental property located in Windermere, FL.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $2,184 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847420 |

| 27 | 0047989025 | 1st | LMT 2008-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan is an FHA loan in the amount of $580,000, as a purchase of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.04% Debt to Income Ratio (DTI). There was a Manual approval dated 01/16/2008, in the loan file. | Stated | $580,000.00 | 2847448 | |
| . | | | | 1.04 (c) (vii) LMT 2008-6_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. Per the loan application, the Borrower was employed as a Vice President/Secretary/Treasurer of a used auto sales business for 7 years. However, research was performed through Accurint, which revealed the Borrower was the Owner of the used auto sales business listed on the loan application. Furthermore, the Borrower also was reported to have Ownership in a child care business from 2000 through 09/18/2008, which covers the subject loan closing date of 01/16/2008.<br><br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Vice President/Secretary/Treasurer of a used auto sales business for 7 years on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847448 | |
| . | | | | 1.04 (c) (vii) LMT 2008-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Vice President/Secretary/Treasurer of a used auto dealership earning $21,000 per month on the loan application. The loan file contained post-closing documentation including the Borrower's 2006 and 2007 income tax returns, which revealed the Borrower earned a total income of $290,391 over 24 months, which resulted in a monthly income earned of $12,100 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no events of defaults or acceleration existed under the Mortgage or Mortgage Note. The executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a Vice President/Secretary/Treasurer of a used auto dealership earning $21,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847448 | |
| | | | | | | Grand Total of Repurchase Demand | | | | | $5,006,357.00 | | |

.
.

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/27/2014 9:44:37 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 16963944 | 1st | SASC 2004-23XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/30/2004, in the amount of $157,600, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value, and a 35.80% debt to income ratio. There was a Manual approval dated 08/25/2004, in the loan file. | Stated | $157,600.00 | 2848787 | |
| | | | | 1.04 (b) (vii) SAS 2004-23XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-23XS_Origination Practices | Right of Rescission Invalid /Incomplete / Stale / Incorrect | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a valid Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

The Right of Rescission disclosure included in the file does not set forth the expiration date of the right of rescission. The lender's disclosed "Right to Cancel Expire Date" (09/02/2004) is earlier than the calculated "Right to Cancel Expire Date" (09/03/2004). Under Reg Z, funds may not be disbursed to the Borrower until the expiration of the rescission period. (Reg Z, 12 CFR 1026.23(c); 12 CFR 1026.15(c); and the Official Staff Commentary to Reg Z). Failure to obtain a properly executed right of rescission exposes the lender to potential rescission remedies by the Borrower during foreclosure.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848787 | |
| 2 | 30618821 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/15/2005, in the amount of $192,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income Stated Asset loan, with an 80%/100% loan to value/combined loan to value, and a 41.14% debt to income. There was a Manual approval, dated 04/13/2005, in the loan file. | SISA | $192,000.00 | 2848480 | |
| | | | | 1.04 (c) (v) LXS 2005-1_No Fraud  1.04 (c) (xii) LXS 2005-1_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated employment as a Customer Service Representative earning $6,400 per month on the loan application. An audit re-verification of employment and income was obtained from the Borrower's employer, which revealed the Borrower's actual income for the loan closing year of 2005 was $2,196 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Customer Service Representative earning $6,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848480 | |
| 3 | 31508369 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/15/2005, in the amount of $172,500, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a stated income/ stated asset loan, with a 61.61% loan to value/combined loan to value, and a 39.36% debt to income. There was a Manual approval, dated 09/27/2005, in the loan file. | SISA | $172,500.00 | 2848586 | |
| | | | | 1.04 (c) (v) LXS 2005-6_No Fraud  1.04 (c) (xii) LXS 2005-6_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated employment as a Chef for 12 years, earning $4,500 per month on the loan application. The Borrower provided 2007 tax returns during loss mitigation, which verified continued employment by same employer as stated at origination; however, the tax return listed the Borrower's position as a Cook and income for 2007 was $18,704 or $1,559 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Chef for 12 years, earning $4,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848586 | |
| 4 | 31830821 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/20/2005, in the amount of $860,000, as a purchase of a second home. The loan was approved as a fully documented loan, with an 80% loan to value/combined loan to value, and a 48.48% debt to income. There was a Manual approval, dated 10/20/2005, in the loan file. | Full | $860,000.00 | 2848361 | |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud  1.04 (c) (xii) LMT 2006-1_No Event of Default | Occupancy Misrepresentatio n - With No Red Flags Present | Misrepresentatio n of Occupancy | 1 | 3 | The Borrowers misrepresented their intent to occupy the subject property. Public records indicated another individual occupied the subject property from 2005 to 2012. Public records also indicated the Borrowers purchased a new primary residence 5 months after the subject closing, which was only 8 miles from the subject property. A post closing hardship letter from the Borrowers indicated they purchased the subject property to be rented to their daughter and family.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848361 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 31959968 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/01/2005, in the amount of $558,000, as a Purchase of an owner occupied, single family residence. The loan was approved as a Fast and Easy loan, with an 69.75% Loan to Value, and a 48.25% debt to income ratio. The Fast and Easy program did not require verification of income or assets, but the stated income amount was required to be reasonable. There was an automated underwriting system approval dated 09/22/2005, in the loan file. | SISA | $558,000.00 | 2848382 |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Public Records and the Audit Credit Report indicated the Borrowers acquired a $150,000 Home Equity Line of Credit on the subject property on 10/25/2005, with a payment of $1,500 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848382 |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an ER Technician earning $5,950 per month on the loan application. An audit verification of employment obtained through the Work Number indicated the Borrower earned $3,737 per month in 2006, the subsequent year after the subject loan closing on 10/01/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an ER Technician earning $5,950 per month on the loan application, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848382 |
| | | | | | | | | **Grand Total of Repurchase Demand** | | | **$1,940,100.00** | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 31552110 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/01/2005, in the amount of $382,500, as a purchase of an owner occupied, 2 unit property. The loan was approved as a Stated Income/Stated Assets loan, with a 75% Loan to Value/Combined Loan To Value, and a 36.11% Debt to Income Ratio. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | SISA | $382,500.00 | 2848615 | |
| . | | | | 1.04 (c) (v) LXS 2005-8_No Fraud 1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. According to the audit credit report, the Borrower acquired an undisclosed mortgage prior to the subject loan closing on 09/01/2005. The Borrower acquired an undisclosed mortgage in 08/2005, with a loan amount of $376,000 and a monthly payment of $2,510, secured by unknown property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligation by failing to disclose a $2,510 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848615 | |
| . | | | | 1.04 (c) (v) LXS 2005-8_No Fraud 1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Housing History - With Red Flags Present | Misrepresentation of Housing History | 2 | 3 | The Borrower misrepresented her housing history. The Borrower stated on the loan application that they owned their current residence for 4 years with a monthly payment of $1,864. According to public records, the Borrower occupied a different property located in San Bernardino, CA from 03/2003 to present. The Borrower provided 2006 tax returns during loss mitigation, which also verified the address in San Bernardino, CA as the mailing address. The audit search of public records also revealed the Borrower's spouse held ownership of property located in San Bernardino, CA.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848615 | |
| . | | | | 1.04 (c) (v) LXS 2005-8_No Fraud 1.04 (c) (vii) LXS 2005-8_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. Per the loan application, Borrower owned current residence, a 2 unit property located in Loma Linda, CA for 4 years. According to public records, a search through Accurint verified that Borrower occupied a different property located in San Bernardino, CA from 03/2003 to present. In addition, the Borrower provided 2006 tax returns during loss mitigation, which also verified the address in San Bernardino, CA as mailing address. Audit search of public records indicated that Borrower's spouse held ownership of property located in San Bernardino, CA.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848615 | |
| | | | | | | | | | | | | | |

Cowen_Final_Version_Wilmington NA_9

| # | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 32334062 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The loan was approved as a Full Documentation (Verified Income/Employment, No Asset Verification), with an 80%/80% Loan to Value/Combined Loan To Value. There was a manual Approval dated 02/02/2006, in the loan file that reflected the fico score at 647. Per the Data tape the loan closed with a 687 fico score however; after review of the loan file the subject loan closed on 02/07/2006, in the amount of $360,000, as a cash out refinance of an owner occupied 2 unit property with a 488 fico score. | NINA | $360,000.00 | 2848704 |
| | | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-5_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($783,311.14) is ($288.06) below the actual finance charge ($783,599.20). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and licensing laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848704 |
| 3 | 33015868 | 1st | LXS 2006-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/09/2006, in the amount of $491,600, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan To Value, and a 49.76% Debt to Income Ratio. There was a manual approval dated 06/06/2006, in the loan file. | Stated | $491,600.00 | 2848661 |
| | | | | 1.04 (c) (v) LXS 2006-13_No Fraud<br><br>1.04 (c) (vii) LXS 2006-13_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented their disclosed income. The Borrower falsely stated income as an Assistant Property Director for Real Estate Company earning $9,400 per month on the loan application. The Co-Borrower listed income of $5,400 per month as a Teacher. The loan file contained an application dated 10/15/2005, which indicated Borrowers' income as $4,000 per month, for each Borrower.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Assistant Property Director earning $9,100 per month and the Co-Borrower falsely stated employment as a Teacher earning $5,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848661 |
| 4 | 35331107 | 1st | SASC 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 5/26/2005, in the amount of $257,600, as a rate and term refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Assets, with an 80%/100% Loan to Value/Combined Loan To Value, and a 44.59% Debt to Income Ratio. There was a manual approval dated 5/20/2005, in the loan file. | Stated | $257,600.00 | 2848850 |
| | | | | 1.04 (c) (v) SAS 2005-15_No Fraud<br><br>1.04 (c) (vii) SAS 2005-15_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a Bakery earning $9,500 per month on the loan application. The loan file contained post-closing documentation, including the Borrower's 2007 tax returns which reflect 2006 income in the amount of $55,212 or $4,061 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as the Owner of a Bakery earning $9,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848850 |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | **$1,491,700.00** | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/24/2013 8:13:14 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 124428848 | 1st | BNCMT 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did not contain any documentation for the subject transaction. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $42,400.00 | 2848297 | |
| . | | | | 1.04 (b) (xl) BNC 2007-3_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) BNC 2007-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed. The loan file did not contain any documentation for the subject transaction. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller.<br><br>Further, subject loan did not comply with applicable law. Federal law required that certain disclosures are made to the Borrower at the time of origination, are executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the credit package, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848297 | |
| 2 | 18332254 | 1st | SASC 2004-23XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/07/2004, in the amount of $285, 000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 75%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.43% Debt to Income Ratio (DTI). There was a Manual approval dated 09/27/2004, in the loan file. | Stated | $285,000.00 | 2848790 | |
| . | | | | 1.04 (c) (v) SAS 2004-23XS_No Fraud<br><br>1.04 (c) (vii) SAS 2004-23XS_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Personal Tailor earning $4,100 per month on the loan application. According to the Borrower's three-year tax summary from the Borrower's 2007 tax returns, which were part of the post-closing documents, the Borrower earned $15,900 in 2005, or $1,325 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Personal Tailor earning $4,100 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848790 | |
| 3 | 30518559 | 1st | SASC 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/17/2005, in the amount of $90,450, as a purchase of a second home single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 90% Loan to Value (LTV), and a 36.06% Debt to Income Ratio (DTI). There was a Manual approval dated 03/08/2005, in the loan file. | Stated | $90,450.00 | 2848818 | |
| . | | | | 1.04 (b) (xii) SAS 2005-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>The final TIL is missing from the loan file.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848818 | |

Cowen_Final_Version_Wilmington NA_50_7

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 31026222 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/30/2005 in the amount of $219,200, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31% Debt to Income Ratio (DTI). There was a manual approval dated 07/01/2005, in the loan file. | Stated | $219,200.00 | 2848536 |
| | | | 1.04 (c) (v) LXS 2005-3_No Fraud<br><br>1.04 (c) (vii) LXS 2005-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a janitorial company earning $7,500 per month on the loan application. Per the 2007 tax returns the Borrower reported earning $1,383 a month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a janitorial company earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848536 |
| 5 | 31135353 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/12/2005, in the amount of $290,500, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Assets loan, with a 70% Loan to Value (LTV), and a 40.36% Debt to Income Ratio (DTI). There was a Manual approval dated 08/11/2005, in the loan file. | Stated | $290,500.00 | 2848318 |
| | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($315,698.04) is ($636.00) below the actual finance charge ($316,334.04). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848318 |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. Per a post closing audit credit report the Borrower had an undisclosed installment loan that opened 07/2005 in the amount of $5,000 with a monthly payment of $153.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $153 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848318 |