# ATTACHMENT V
# Part 6

| 6 | 31352263 | 1st | SASC 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/29/2005, in the amount of $448,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.02% Debt to Income Ratio (DTI). There was a Manual approval dated 08/04/2005, in the loan file. The subject loan closed simultaneously with a 2nd mortgage in the amount of $84,000. | Stated | $448,000.00 | 2848872 | |
| | | | | 1.04 (c) (v) SAS 2005-17_No Fraud

1.04 (c) (vii) SAS 2005-17_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Per a post-closing audit credit report, the Borrowers opened an undisclosed 2nd mortgage 06/2005 in the amount of $150,000 with a $1,171 monthly payment on an investment property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,171 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848872 | |
| | | | | 1.04 (c) (v) SAS 2005-17_No Fraud

1.04 (c) (vii) SAS 2005-17_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Independent Contractor earning $10,000 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2006 tax return, which revealed the Borrower reported earning $1,838 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as an Independent Contractor earning $10,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848872 | |
| 7 | 31481484 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/18/2005, in the amount of $96,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.37% Debt to Income Ratio (DTI). There was a Manual approval dated 08/17/2005, in the loan file. | Full | $96,000.00 | 2848582 | |
| . | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA

1.04 (b) (xvi) LXS 2005-6_No High Cost - HOEPA - Deemed MnA / Enforceable Prepayment Charges - Deemed MnA

1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide a Prepayment Disclosure | Failure to Provide a Prepayment Disclosure | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act and Real Estate Settlement and Procedures Act required written disclosure as to prepayment penalties, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.

The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, the subject loan's prepayment penalty was not disclosed to the Borrower.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848582 | |

| 8 | 31841406 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $38,400.00 | 2848903 | |
| | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA
1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848903 | |
| | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA
1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.

The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848903 | |
| | | | | 1.04 (c) (xviii) SAS 2006-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848903 | |
| 9 | 31861461 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/24/2005, in the amount of $291,333, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 69.90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.62% Debt to Income Ratio (DTI). There was a Manual approval dated 09/23/2005, in the loan file. | Stated | $291,333.00 | 2848365 | |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA
1.04 (c) (xvii) LMT 2006-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.

The disclosed finance charge ($379,826.51) is ($234.96) below the actual finance charge ($380,061.47). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848365 | |

Cowen_Final_Version_Wilmington NA_50_7

| # | Loan # | Lien | Deal | Code 1 | Code 2 | Finding Category | Finding | | | Description | Doc | Amount | Loan ID |
|---|--------|------|------|--------|--------|------------------|---------|---|---|-------------|-----|--------|---------|
| 10 | 32046914 | 1st | LMT 2006-1 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2005, in the amount of $159,000.00 as a cash out refinance of an owner occupied planned unit development. The loan was approved as a Stated Income/Verified Assets loan, with a 73.61% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.14% debt to income ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $159,000.00 | 2848404 |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. An audit verification of employment was obtained, which revealed the Borrower's closing year employment as a Line Cook 1 and not a Head Chef as indicated on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Head Chef for 6 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848404 |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Head Chef earning $4,766 per month on the loan application. The loan file contained a verification of employment conducted through The Work Number, dated 11/16/2005, which revealed the Borrower's closing year income was $21,619 or $1,802 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Head Chef earning $4,766 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848404 |
| 11 | 32546095 | 2nd | SASC 2006-S2 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/03/2006, in the amount of $10,000, as a purchase of a non-owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36% debt to income ratio (DTI). There was a Manual approval dated 02/17/2006, in the loan file. | Full | $10,000.00 | 2848959 |
| | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Truth in Lending Act (TILA) may apply if an owner plans to occupy an investment property for more than 14 days during the coming year. (Commentary to 12 CFR Sec. 1026.3(a)). TILA considers a disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)). The disclosed finance charge ($20,632.19) is lower than the actual finance charge($20,832.19) by ($200.00).<br><br>The Truth in Lending Act (TILA) may apply if an owner plans to occupy an investment property for more than 14 days during the coming year. (Commentary to 12 CFR Sec. 1026.3(a)). TILA considers a disclosed annual percentage rate (APR) inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage loan. (12 CFR Sections 1026.17(f), 1026.19(a)(2), & 1026.22(a)(2)). The disclosed APR (15.625) varies from the actual APR (16.0237).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848959 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 | 32622540 | 1st | LXS 2006-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/09/2006, in the amount of $184,066, as a purchase of a second home single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35.67% debt to income ratio (DTI). There was a Manual approval dated 02/13/2006, in the loan file. | Stated | $184,066.00 | 2848736 |
| | | | | 1.04 (c) (v) LXS 2006-9_No Fraud<br><br>1.04 (c) (vii) LXS 2006-9_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research through Mortgage Electronic Recording Services and a review of the Audit Credit Report revealed an undisclosed mortgage on an undisclosed property in the amount of $76,500 with a payment of $800 per month. The mortgage was opened on 09/06/2005, which closed prior to the subject loan closing of 03/09/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose a $800 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2848736 |
| | | | | | | | | | | | | |
| 13 | 32690505 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/24/2006, in the amount of $73,520, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Assets loan, with a 20%/100% LTV/CLTV, and a 43.28% DTI. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. A first mortgage for $294,000 also closed on the same day. | Stated | $73,520.00 | 2848972 |
| | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Driver earning $8,850 per month on the loan application. According to the Statement of Financial Affairs, filed by the Borrower on 05/29/2008 with the Northern District of West Virginia Bankruptcy Court, the Borrower earned $11,197 from 09/19/2005 to 12/31/2005, or $3,332 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Driver earning $8,850 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848972 |

| 14 | 33191859 | 1st | LXS 2006-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/03/2006, in the amount of $131,200.00, as a rate & term refinance of an owner occupied single family residence. The loan was approved on Stated Income/Verified Assets basis with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33% debt to income ratio (DTI). There was a Manual approval dated 08/03/2006, in the loan file. The subject loan closed simultaneously with a 2nd mortgage in the amount of $32,800. | Stated | $131,200.00 | 2848675 | |
| | | | | 1.04 (b) (xii) LXS 2006-17_Compliance with Applicable Law - Deemed MnA

1.04 (b) (xiii) LXS 2006-17_No High Cost - Deemed MnA

1.04 (b) (xvi) LXS 2006-17_No High Cost - HOEPA - Deemed MnA / Enforceable Prepayment Charges - Deemed MnA

1.04 (c) (xvii) LXS 2006-17_Origination Practices | High Cost Loan - State | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable law. The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law. The Seller further represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, the subject loan was a "covered" or high cost loan as defined by applicable state law.

The loan fees ($6,510.00) exceed the (IN_Investor) High Cost fee limit, which is ($6,414.90), the difference is ($95.10).

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable state law, including, but not limited to, compliance with applicable state or local high cost loan laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848675 | |
| | | | | 1.04 (b) (xii) LXS 2006-17_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2006-17_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.

The disclosed finance charge ($304,549.63) is ($3,712.00) below the finance charge ($308,261.63). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848675 | |

Cowen_Final_Version_Wilmington NA_50_7

| 15 | 33200510 | 1st | LXS 2006-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/11/2006, in the amount of $465,000, as a cash-out refinance of a non-owner occupied 2 unit property. The loan was approved as a Stated Income/Verified Assets loan, with a 75% Loan to Value (LTV), and a 41.05% debt to income ratio (DTI). There was a Manual approval dated 08/17/2006, in the loan file. The Borrower received $63,912 cash at closing. | Stated | $465,000.00 | 2848677 |
| | | | | 1.04 (b) (xvii) LXS 2006-17_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's more reasonable income results in an increase from 41.05% to 92.78%, which exceeds the represented DTI. | | | 2848677 |
| | | | | 1.04 (b) (xvii) LXS 2006-17_DTI  1.04 (c) (v) LXS 2006-17_No Fraud  1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner Operator of a restaurant earning $16,500 per month on the loan application. Per 2007 tax returns the Borrower reported a $1,047 business loss for the year.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as an Owner/Operator of a restaurant earning $16,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848677 |
| 16 | 33211095 | 1st | LXS 2006-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/22/2006, in the amount of $799,999, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41% Debt to Income ratio (DTI). There was a Manual approval dated 08/21/2006, in the loan file. A second mortgage in the amount of $199,999 was closed simultaneously. | Stated | $799,999.00 | 2848679 |
| | | | | 1.04 (b) (xvii) LXS 2006-17_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt to income ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's more reasonable income and undisclosed debt results in an increase from 41% to 72.39%, which exceeds the represented DTI. | | | 2848679 |
| | | | | 1.04 (b) (xvii) LXS 2006-17_DTI  1.04 (c) (v) LXS 2006-17_No Fraud  1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. The audit credit report revealed an undisclosed automobile loan, which opened in 08/2006 with a loan amount of $44,604 and a monthly payment of $1,239. The subject loan closed on 08/22/2006.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the executed Mortgage and or Deed of Trust.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,239 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848679 |

| 17 | 33759457 | 1st | LXS 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/04/2007, in the amount of $372,000 as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.70% Debt to Income ratio (DTI). There was a Manual approval dated 12/18/2006, in the loan file. | Stated | $372,000.00 | 2848757 |
| | | | 1.04 (b) (xix) LXS 2007-11_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrowers' verified income results in an increase from 44.7% to 125.85%, which exceeds the represented DTI. | | | 2848757 |
| | | | 1.04 (b) (xix) LXS 2007-11_DTI<br><br>1.04 (b) (v) LXS 2007-11_No Fraud<br><br>1.04 (c) (vii) LXS 2007-11_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Office Manager earning $7,300 per month on the loan application. The Co-Borrower listed income of $5,800 per month as a Warehouse Stocker.<br><br>The loan file contained post closing documentation including the Borrower's W-2 form from the employer listed on the loan application, which revealed the Borrower earned $3,275 per month in 2007 the year the subject loan closed and also included a W-2 form for the Co-Borrower from the employer listed on the loan application, which revealed the Co-Borrower earned $1,230 per month in 2007 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated employment as an Office Manager earning $7,300 per month and a Warehouse Stocker earning $5,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848757 |
| 18 | 35499201 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/23/2005, in the amount of $156,000, as a purchase of an investment property. The loan was approved as a No Ratio loan (No Income, Verified Asset), with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 05/20/2005, in the loan file. | NIVA | $156,000.00 | 2848494 |
| | | | 1.04 (c) (v) LXS 2005-1_No Fraud<br><br>1.04 (c) (vii) LXS 2005-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the Borrower's audit credit report, Mortgage Electronic Recording Services, and SiteX.com revealed the Borrower purchased 4 undisclosed properties using 8 undisclosed mortgages prior to and within 30 days of the subject loan closing, on 05/23/2005.<br><br>The Borrower purchased a property in Hudson, FL, on 05/27/2005. Two loans were obtained in order to finance the purchase of the undisclosed property in the amounts of $220,000 with a monthly payment of $1,372 and $27,500 with a monthly payment of $171. The Borrower purchased a property in Hudson, FL, on 05/20/2005. Two loans were obtained in order to finance the purchase of the undisclosed property in the amounts of $244,000, with a monthly payment of $1,702 disclosed on the audit credit report, and $30,500. A monthly payment of $188 was calculated using the subject loan interest rate of 6.25% over a 30 year term. The Borrower purchased a property in Oldsmar, FL, on 06/02/2005. Two loans were obtained in order to finance the purchase of the undisclosed property in the amounts of $159,840 and $19,980. Payments for these undisclosed mortgages were not disclosed. Monthly payments of $984 and $123, respectively, were calculated using the subject loan interest rate of 6.25% with a 30 year fully amortized term. The Borrower purchased a property in New Port Richey, FL, on 06/20/2005. Two loans were obtained in order to finance the purchase of the undisclosed property in the amounts of $155,200 and $19,400. Payments for these undisclosed mortgages were not disclosed. Monthly payments of $968 and $121, respectively, were calculated using the subject loan interest rate of 6.25% with a 30 year fully amortized term.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file that new credit inquires were investigated or that a public records search was performed.<br><br>The non-disclosure of a $5,629 monthly debt from properly evaluating the Borrowers' ability to repay the subject debt.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $5,629 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848494 |

Cowen_Final_Version_Wilmington NA_50_7

| 19 | 35539162 | 1st | SASC 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/20/2005, in the amount of $429,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset Loan, with a 65% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.51% Debt to Income ratio (DTI). There was a Manual approval dated 05/27/2005, in the loan file. The Hud-1 Settlement Statement, revealed the Borrower received $219,152 at closing. | Stated | $429,000.00 | 2848855 | |
| | | | | 1.04 (c) (v) SAS 2005-15_No Fraud | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A post-closing audit credit report, revealed the Borrower refinanced their investment property, in the same month the subject loan closed. The undisclosed mortgage was obtained on 05/20/2005, the same day as the subject loan closing, in the amount of $243,750, with a monthly payment of $1,142. | | | 2848855 | |
| | | | | 1.04 (c) (vii) SAS 2005-15_No Event of Default | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | | |
| | | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file that new credit inquires were investigated or that a public records search was performed. | | | | |
| | | | | | | | | | Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,142 monthly debt, which constitutes an event of default under the executed Mortgage or Deed of Trust. | | | | |
| 20 | 36581627 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/04/2005, in the amount of $325,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset Loan, with a 73.62% Loan to Value (LTV), and a 35.33% Debt to Income ratio (DTI). There was a manual approval dated 10/04/2005, in the loan file. The Borrower received $94,036 cash at closing. | Stated | $325,000.00 | 2848437 | |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a cabinet shop earning $8,500 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2007 tax returns. which revealed the Borrower earning $2,114 per month in 2007. | | | 2848437 | |
| | | | | 1.04 (c) (vii) LMT 2006-1_No Event of Default | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | | |
| | | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | | |
| | | | | | | | | | Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a cabinet shop earning $8,500 per month on the loan application, which constitutes an event of default under the executed Mortgage Deed. | | | | |

| 21 | 37708229 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/16/2006, in the amount of $76,000, as a purchase of an owner-occupied Planned Unit Development property. The loan was approved as a Stated Income/Stated Assets loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 39.18% Debt to Income Ratio. There was a Manual approval dated 03/02/2006, in the loan file. | Stated | | $76,000.00 | 2848992 | |
| | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Network Technician earning $9,452 per month on the loan application. The Co-Borrower falsely stated income as an Accountant earning $5,000 per month on the loan application. An overstatement of income reduces the amount of actual disposable income the Borrowers have to allocate towards general living expenses. The loan file contained the Borrowers' post-closing 2006 tax returns for the same year as the subject closing, which revealed the Borrower's actual income was $40,642 or $3,386 per month and the Co-Borrower's actual income was $44,012 or $3,667 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Network Technician earning $9,452 per month and the Co-Borrower falsely stated income as an Accountant earning $5,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2848992 | |
| 22 | 37871647 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/28/2006, in the amount of $39,200, as a purchase of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 20%/100% Loan to Value/Combined Loan to Value. There was a Manual approval dated 03/21/2006, in the loan file. | NINA | | $39,200.00 | 2848995 | |
| | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848995 | |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | | $5,021,268.00 | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/24/2013 8:11:59 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 31492291 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/23/2005, in the amount of $359,600, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset, with a 78.86%/100% Loan to Value/Combined Loan to Value, and a 37.35% Debt to Income Ratio. There was a Manual approval dated 08/19/2005, in the loan file. | Stated | $359,600.00 | 2848585 | |
| . | | | | 1.04 (c) (v) LXS 2005-6_No Fraud<br><br>1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as an Owner of a home-based surface repair business in Waddell, AZ for 5 years, earning $7,500 per month. The Co-Borrower listed income of $7,500 per month as an Owner/Office Manager of the same home based surface repair business. The loan file contained post closing income documentation including the Borrowers' 2006 tax return, which revealed their combined income was $8,666 per month. It should be further noted that the Borrowers' 2007 corporation tax returns revealed net business losses, not including depreciation, of negative $4,632 per month<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers' falsely stated employment as a Co-Owners of a business earning a total of $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848585 | |
| 2 | 31530132 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/25/2005, in the amount of $69,000, as a cash out refinance of an investment property. The loan was approved as a Stated Income/Verified Asset loan, with a 75% Loan to Value/Combined Loan to Value, and a 35.99% Debt to Income Ratio. There was a Manual approval dated 08/24/2005, in the loan file. | Stated | $69,000.00 | 2848331 | |
| . | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The audit credit report revealed that the Borrower obtained 9 mortgages in 08/2005, the same month as the subject loan closing on 08/25/2006. The report reflected the Borrower refinanced the primary residence and obtained 8 additional mortgages in the total amount of $776,650 with total monthly payments of $5,945. The loan approval indicated the Borrower was obtaining financing on multiple properties; however, a detail of the transactions, mortgage amounts and properties involved was not provided. The Lender's guidelines indicated that the Lender would only finance 4 loans for one Borrower; therefore, the subject property and 3 additional refinances would have been the maximum allowed at origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file that new credit inquires were investigated or that a public records search was performed.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $5,945 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848331 | |
| . | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Office Manager earning $8,000 per month on the loan application. An audit verification of employment and income was conducted through The Work Number, which revealed the Borrower earned $4,412 per month in 2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Office Manager earning $8,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848331 | |
| 3 | 31761927 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/26/2005, in the amount of $130,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 79.76% Loan to Value/Combined Loan to Value, and a 43% Debt to Income Ratio. There was a Manual approval dated 10/18/2005, in the loan file. | Stated | $130,000.00 | 2848500 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate        Run: 2/20/2013 5:44:40 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1184**

|  |  |  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  | 1.04 (c) (v) LXS 2005-10_No Fraud<br><br>1.04 (c) (vii) LXS 2005-10_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a construction company earning $4,700 per month on the loan application. The initial application reflected a gross income of $4,500 per month; however, the final application reflected an income of $4,700 per month which was used by the Underwriter to calculate the total debt calculations. The initial stated income of $4,500 per month should have been used to calculate the total debt calculations.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a construction company earning $4,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. |  |  | 2848500 |
| 4 | 31870553 | 1st | LMT 2006-1 |  | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/24/2005, in the amount of $175,900, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 37.08% Debt to Income Ratio. There was a Manual approval dated 10/13/2005, in the loan file. | Stated |  | $175,900.00 | 2848367 |
|  |  |  | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Financial Advisor earning $6,200 per month on the loan application. The Borrower misrepresented his disclosed income. An audit verification of employment was conducted through The Work Number, which revealed the Borrower's annual income for 2005 was $32,759 or $2,730 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Financial Advisor earning $6,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. |  |  | 2848367 |
| 5 | 32180119 | 1st | LMT 2006-1 |  | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/06/2005, in the amount of $160,125 as a purchase of an investment property. The loan was approved as a Stated Income/Verified Asset loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.91% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did contain an Underwriter Transmittal Summary and a Purchase Advice for the subject loan. | Stated |  | $160,125.00 | 2848426 |
| . |  |  | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Contractor earning $18,500 per month on the loan application. The loan file contained post closing documentation including the Borrower's 2010 tax return, which included a 3 year income comparison. The document revealed the Borrower's actual income for 2006 was $12,141 per month. The subject loan closed on 12/05/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment as a Contractor earning $18,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. |  |  | 2848426 |
| 6 | 32185639 | 2nd | SASC 2006-S2 |  | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/21/2005, in the amount of $40,485, as a purchase of an investment single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 12/13/2005, in the loan file. | NINA |  | $40,485.00 | 2848916 |
| . |  |  | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the Digital Risk Electronic Recording Services, Accurint and the Audit Credit Report revealed the Borrower acquired 3 additional properties the same month as the subject closing date of 12/21/2005 and failed to disclose the properties and the associated mortgage debt on the loan application. The Borrower secured a first and second mortgage on all 3 properties with total mortgage balances of $379,000 and a total monthly payment of $2,595.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file that new credit inquires were investigated or that a public records search was performed.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $2,595 monthly debt, which constitutes an event of default under the executed Mortgage or Deed of Trust. |  |  | 2848916 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 32286510 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/28/2005, in the amount of $27,000, as a second lien against a second home condominium. The loan was approved as a Full Documentation loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.80% Debt to Income Ratio (DTI). There was a Manual approval dated 12/20/2005, in the loan file. | Full | $27,000.00 | 2848927 |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. The subject transaction closed 12/28/2005. Per the audit Credit Report the Borrowers acquired a second lien against the Borrowers' primary residence in 09/2005, three months prior to the subject transaction. The Borrowers opened a mortgage in the amount of $220,000 with a monthly payment of $2,200 and failed to disclose the debt on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,200 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848927 |
| 8 | 32456188 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/21/2005, in the amount of $48,800, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.25% Debt to Income Ratio (DTI). There was a Manual approval dated 12/16/2005, in the loan file. | SISA | $48,800.00 | 2848950 |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The subject transaction closed on 12/21/2005. The Borrower falsely stated income as a Registered Nurse earning $10,000 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Middle District of Florida Bankruptcy Courts as part of a Chapter 13 bankruptcy case dated 09/28/2006, the Borrower's actual income for the subject year of 2005 was $3,317 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Registered Nurse earning $10,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848950 |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. According to the voluntary petition, filed by the Borrower with the Middle District of Florida Bankruptcy Courts as part of a Chapter 13 bankruptcy case dated 09/28/2006, the Borrower indicated her previous primary residence was her current residence and not the subject property. Also, the previous residence is listed as the Homestead property, not the subject property. Furthermore, section 15 of the Statement of Financial Affairs does not list the subject property as a prior address occupied by the Borrower.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848950 |
| 9 | 32892879 | 1st | LXS 2006-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/22/2006, in the amount of $1,000,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 69%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and 18.63% Debt to Income Ratio (DTI). There was a Manual approval dated 07/10/2006, in the loan file. The Borrower received a $221,187 disbursement at closing. There was neither an Automated Underwriting System nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $1,000,000.00 | 2848657 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/20/2013 5:44:40 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

1186

# Digital Risk - Loan Review Findings

Cowen_Final_Version_Wilmington NA_50_6    08-13555-mg    Doc 46080-10    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment 10 Part 6

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) LXS 2006-13_No Fraud<br><br>1.04 (c) (vii) LXS 2006-13_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. A search of public records through Mortgage Electronic Registry System and the audit credit report reflected the Borrower occupied a different residence the same as the subject closing. Further research was completed using Accurint which revealed the Borrower's address used for their vehicle registration from 05/10/2004 through 01/15/2010 was for a different address. The Borrower renewed their vehicle registration at the same address 01/21/2008. The information provided on a comprehensive search through Accurint show the additional address as the Borrower's residence since 09/1997 through present. A search of the utilities locater indicated connection at the additional address; however, there were no connections of utilities in the Borrower's name at the subject address.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848657 |
| 10 | 33508664 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/06/2006, in the amount of $35,020, a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.163% Debt to Income Ratio (DTI). There was a Manual approval dated 11/03/2006 in the loan file. | Stated | $35,020.00 | 2849129 |
| . | | | 1.04 (c) (v) SAS 2006-S4_No Fraud - Red Flags Present - Same Year Income Evidence<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Engineering Technician for 7 years earning $5,000 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Eastern District of Texas Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated December 20, 2007, the Borrower's actual income for the year of the subject loan closing of 2006 was $3,596 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Engineering Tech earning $5,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849129 |
| 11 | 35949585 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/02/2005, in the amount of $248,000, a purchase of a 4 unit investment property. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% loan to Value/Combined Loan to Value (LTV/CLTV), and a 23.99% Debt to Income Ratio (DTI). There was a Manual approval dated 07/29/2005, in the loan file. | Stated | $248,000.00 | 2848601 |
| . | | | 1.04 (c) LXS 2005-6_No Fraud<br><br>1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A search of public records conducted through Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased 3 undisclosed properties and obtained 5 undisclosed mortgages. The subject loan closed on 08/2/2005. The first property was located in Redlands, CA and was purchased in 03/2005, 5 months prior to the subject loan closing. An undisclosed first mortgage in the amount of $416,000 with a monthly payment of $3,347 and a second mortgage in the amount of $78,000 with a monthly payment of $832 were obtained. The Borrower purchased a second property in Redlands, CA in 03/2005, also 5 months prior to the subject loan closing on 08/02/2005. A first mortgage in the amount of $364,000 with a monthly payment of $3,487 and a second mortgage in the amount of $104,000 with a monthly payment of $1,109 were opened. Lastly, a property located in Harrisonville, MO was purchased on 08/23/2005, 21 days after the subject loan closing. The Borrower opened a first mortgage in the amount of $248,000 with a monthly payment of $1,987.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $10,762 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848601 |
| 12 | 36623791 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/19/2005, in the amount of $137,600, a purchase of a non-owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 5.53% Debt to Income Ratio (DTI). There was a Manual approval dated 10/18/2005, in the loan file. | Stated | $137,600.00 | 2848438 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The credit report and the Mortgage Electronic Registry System report indicated that the Borrower opened a mortgage on 11/18/2005, which was less than 50 days prior to the subject loan closing date of 10/19/2005 in the amount of $1,300,000 that resulted in an undisclosed monthly payment of $4,181 on a secured a property located in Los Angeles, CA. The audit credit report also reported two additional undisclosed mortgages that opened in 08/2005 in the amount of $1,125,000 that resulted in an undisclosed monthly mortgage payment of $7,784 and a mortgage amount of $250,000 that resulted in an undisclosed monthly mortgage payment of $804 securing an unknown property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $12,769 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848438 |
| | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. The loan application did not indicate that the Borrower was a self-employed Owner/Chief Executive Officer of a real estate sales company; however, the documents contained in the loan file to support the Borrower's self-employment did not support the Borrower's employment included the Borrower's real estate salesperson license listing the Borrower's employer as the employing agency, which further supports that the Borrower was not an Owner/Chief Executive Officer of the company but an Independent Real Estate Sales Person. There was no evidence provided to support that the Borrower had any ownership interest in the business. Furthermore, an audit re-verification of employment and income was obtained through The Work Number, which revealed that the Borrower was actually employed as an Independent Contractor with the employer and not an Owner/Chief Executive Officer of the real estate sales company.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file of the Borrower being self-employed as the Owner/Chief Executive Officer of a real estate sales company.<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment as Owner/Chief Executive Officer of a real estate sales company for 10 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848438 |
| | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Owner/Chief Executive Officer of a Real Estate Sales company earning $45,000 per month on the loan application. An audit re-verification of employment and income was obtained through The Work Number, which revealed that the Borrower was actually employed as an Independent Contractor and not an Owner/Chief Executive Officer of the real estate sales company. The Work Number also revealed that the Borrower earned a monthly income of $5,194 during the near of 2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment as Owner/Chief Executive Officer of a Real Estate company earning $45,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848438 |
| 13 | 36978880 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/16/2005, in the amount of $352,000, as a purchase of an owner occupied single family residence The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.21% Debt to Income Ratio (DTI). There was a manual approval dated 12/13/2005, in the loan file. | Stated | $352,000.00 | 2848450 |
| | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Computer Programmer earning $9,750 per month on the loan application. The loan file contained post-closing 2007 tax returns which reflect the Borrower actually earned $87,487 or $7,290 per month as a Computer Programmer.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Computer Programmer earning $9,750 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848450 |

| # | Loan # | Lien | Deal | | | | | Description | | Amount | |
|---|--------|------|------|---|---|---|---|-------------|------|--------|---|
| 14 | 37572997 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 02/01/2006, in the amount of $40,350 as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% Loan to Value (LTV/CLTV), and a 33.665% Debt to Income (DTI.) There was a Manual approval dated 02/01/2006, in the loan file. | Stated | $40,350.00 | 2848988 |
| | . | | | 1.04 (c) (v) SAS 2006-S2_No Fraud  1.04 (c) (vii) SAS 2006-S2_No Red Flags Present | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented his debt obligations. The subject loan closed on 02/01/2006. According to public records obtained from Mortgage Electronic Registry System and the audit credit report, the Borrower obtained 5 undisclosed mortgages at the time of origination, in the amounts of $64,475, $215,200, $202,425, $40,350 and $108,750, with monthly payments of $840, $1,647, $1,538, $454 and $528.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $5,007 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848988 |
| 15 | 38996294 | 1st | LXS 2006-17 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 08/24/2006 and disbursed on 08/29/2006, in the amount of $344,000, as a rate and term refinance of an owner occupied single family planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.94% Debt to Income (DTI). There was a Manual approval dated 08/23/2006, in the loan file. Per the final HUD-1 Settlement Statement, the Borrower paid the mortgage debt and other debt in the amount of $30,991 at the time of disbursement. | Stated | $344,000.00 | 2848689 |
| | . | | | 1.04 (c) (v) LXS 2006-17_No Fraud  1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 3 | The Borrower misrepresented his employment on the loan application. The loan file contained 2004, 2005, and 2006 Occupational Tax Receipts for the company the Borrower claimed to own; however, the Occupational Tax Receipts did not reflect a business Owner name.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  There is no evidence in the file of verifying the Owner of the business on the Occupational Tax Receipts. Research conducted in public records through Accurint and a review of the Audit Credit Report revealed the Borrower was not self-employed and did not own the business reflected on the loan application. The loan file contained a 2007 tax return, jointly filed by the Borrower and the Borrower's spouse, which revealed the Borrower's spouse was the actual owner of the business reflected on the loan application. Additional research conducted through Accurint revealed the Borrower's spouse was the owner of the business on the loan application since year 2000. In addition the loan file contained a hardship letter from the Borrower, dated 09/07/2009, in which the Borrower stated the Borrower's spouse lost income from her printing business due to health issues and surgery in 2007. The Borrower's spouse was not a Borrower for the subject loan.  Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a printing company for 15 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848689 |
| | . | | | 1.04 (c) (v) LXS 2006-17_No Fraud  1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a printing company earning $12,500 per month on the loan application. The loan file contained a 2007 tax return jointly filed by the Borrower and the Borrower's spouse, which revealed the Borrower's spouse was the actual owner of the business reflected on the loan application. The Borrower's employment on the loan application was not verified and was misrepresented; therefore, the Borrower does not have income for the qualification of the subject loan. The loan file contained evidence the Borrower misrepresented self-employment and the Underwriter at origination failed to verify the Borrower's self-employment.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a printing company earning $12,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848689 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/20/2013 5:44:40 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 16 | 40597916 | 1st | LXS 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/14/2007 in the amount of $464,000, and was secured by an owner occupied, single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV.) There was a Manual approval dated 05/11/2007, in the loan file. | NIVA | $464,000.00 | 2848761 | |
| . | | | 1.04 (c) (v) LXS 2007-11_No Fraud<br><br>1.04 (c) (vii) LXS 2007-11_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrower misrepresented his ownership of the following assets: The loan file contained a Verification of Deposit for the Borrower's checking account dated 05/09/2007, which reflected ending balances of $16,152; however, the Verification of Deposit reflected a joint account held in the name of another individual which was not on the loan. The loan file also contained verification of earnest money deposits totaling $19,000; however, the funds were not seasoned. On 11/19/2012, an audit verification was sent to the financial institution, which revealed the customer name on the account did not match the Verification of Deposit.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely disclosed that he had a $16,152 down payment and 2 month's reserves, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848761 | |
| . | | | 1.04 (c) (v) LXS 2007-11_No Fraud<br><br>1.04 (c) (vii) LXS 2007-11_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit report revealed an undisclosed student loan which was opened in 10/2006 with a loan amount of $23,067 and a monthly payment of $97 which the Borrower failed to disclose on the loan application. The subject loan closed 05/14/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $97 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848761 | |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | **$3,631,880.00** | | |

.
.

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/20/2013 5:44:40 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 31726656 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/27/2005, in the amount of $79,840. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The loan file only contained the Note, HUD-1 settlement statement, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $79,840.00 | 2848625 | |
| . | | | | 1.04 (b) (xii) LXS 2005-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with all material, local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848625 | |
| . | | | | 1.04 (c) (xviii) LXS 2005-8_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848625 | |
| 2 | 31736291 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The loan file only contained the Note, and the Mortgage, the HUD. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. The subject transaction was a purchase transaction that closed on 9/23/2005.<br><br>It should be noted the subject loan closed with a loan amount of $379,000. | Unknown | $379,000.00 | 2848498 | |
| . | | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with all material, local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848498 | |
| . | | | | 1.04 (c) (xviii) LXS 2005-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848498 | |

| 3 | 31740343 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/21/2005 in the amount of $188,000.00 for the purchase of a non-owner attached Single Family Residence. The loan was approved as a Full Documentation loan, with an 80/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.53% Debt to Income (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $188,000.00 | 2848627 |
| . | | | 1.04 (c) (v) LXS 2005-8_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Public records and the audit credit report reflected the Borrowers purchased 5 additional units in the same development as the subject property. The Borrowers acquired 10 undisclosed mortgages associated with the 5 attached Single Family Residence (SFR) units in the amount of $188,000 for the first mortgages and $47,000 for the second mortgages. The 5 SFR combined undisclosed mortgages for the 5 SFR units totaled $1,175,000 and $9,625 in total undisclosed payments. The undisclosed mortgages closed on dates from 06/28/2005 to 08/31/2005 which were prior to the subject loan closing date of 09/21/2005.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $9,625 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848627 |
| 4 | 31821457 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/18/2005, in the amount of $233,600 as a purchase of an owner occupied property. There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file." There was enough documentation in the file to determine some of the details of the loan. Per the HT, when possible these details should be added in the loan summary for the no credit package files. | Unknown | $233,600.00 | 2848503 |
| . | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848503 |
| . | | | 1.04 (c) (xviii) LXS 2005-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848503 |
| 5 | 31857436 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 9/23/2005, in the amount of $106,512.00 as a purchase transaction, of a 1-4 family investment property, with an 80/90 LTV/CLTV. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the Title Commitment, HUD 1, homeowners insurance, the subject Note and the Mortgage, and homeowners insurance. There was no other critical documentation provided for the file that was represented on the data tape by the Seller." Type of transaction was ascertained from tax returns in the file, borrower was receiving rental income and the mortgage had a 1-4 family rider, Assignment of Rents. 2.) Audit credit report findings – there was an audit credit report in the file. | Unknown | $106,512.00 | 2848505 |
| . | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848505 |

| # | Loan | Lien | Deal | Finding | Category | Subcategory | | | Description | Income | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii) LXS 2005-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848505 |
| 6 | 31916034 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/26/2005, in the amount of $58,398, as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income Verified Asset loan, with a 76.84%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 35% Debt to Income Ratio (DTI). There was a Manual approval dated 10/25/2005, in the loan file. | Stated | $58,398.00 | 2848511 |
| | | | | 1.04 (c) (v) LXS 2005-10_No Fraud<br><br>1.04 (c) (vii) LXS 2005-10_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A search of public records revealed 2 undisclosed mortgages obtained by the Borrower on the same day as the subject closing. A mortgage was obtained on 10/26/2005 for $55,699 with a monthly payment of $380 for a property located in Lansing, MI. A mortgage was obtained on 10/26/2005 for $10,001 with a monthly payment of $68 for a property located in Lansing, MI. The subject loan closed on 10/26/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $448 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848511 |
| | | | | 1.04 (c) (v) LXS 2005-10_No Fraud<br><br>1.04 (c) (vii) LXS 2005-10_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Sales Person for a bank earning $7,000 per month on the loan application. The Borrower filed Bankruptcy on 05/09/2007 with the Western District of Michigan and the Statement of Financial Affairs revealed the Borrower's income for the closing year of 2005 was $32,535 or $2,711 monthly.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Sales Person for a bank earning $7,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848511 |
| 7 | 31974397 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The loan file only contained the Note, and the Mortgage, and the HUD. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. The subject transaction was a purchase transaction that closed on 10/31/2005. The Loan to Value was 80% and Combined Loan to Value 100%.<br><br>It should be noted the subject loan closed with a loan amount of $200,000. | Unknown | $200,000.00 | 2848388 |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848388 |
| | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act | | | 2848388 |

Cowen_Final_Version_Wilmington NA_16

| # | Loan | Lien | Deal | Reg | Category | Finding | Sub | A | B | Description | | Amount | |
|---|------|------|------|-----|----------|---------|-----|---|---|-------------|--|--------|--|
| 8 | 31990989 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 11/18/2005 in the amount of $100,000, as a purchase of an owner occupied Single Family Residence (SFR). The loan was approved as a Stated Income, Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.94% Debt to Income (DTI). There was a Manual approval dated 10/31/2005, in the loan file. | Stated | $100,000.00 | 2848394 |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($130,055.70) is ($251.37) below the actual finance charge($130,307.07). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848394 |
| 9 | 32410961 | 1st | LXS 2006-7 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 01/26/2006 in the amount of $320,000, as a purchase of an investment property. The loan was approved as a Stated Income/Verified Asset loan with an 80%/95% loan to value/combined loan to value (LTV/CLTV) and a 35.38% debt to income ratio (DTI). There was a Manual approval dated 01/26/2006, in the loan file. | Stated | $320,000.00 | 2848723 |
| | | | | 1.04 (c) (v) LXS 2006-7_No Fraud<br><br>1.04 (c) (vii) LXS 2006-7_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower falsely stated employment as Owner of a technology business for 3 years. The loan file contained a Certified Public Accountant's (CPA) letter and an online internet search of the Borrower's business on the state business web site, which represented the Borrower's self-employment and existence of the business at origination. An audit search through Accurint revealed the Borrower did not own the business since 02/2003.<br><br>Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Owner of a technology business for 3 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848723 |
| | | | | 1.04 (c) (v) LXS 2006-7_No Fraud<br><br>1.04 (c) (vii) LXS 2006-7_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a technology business earning $21,500 per month on the loan application. The loan file contained a Certified Public Accountant's (CPA) letter and an online internet search of the Borrower's business on the state business web site, which represented the Borrower's self-employment and existence of the business at origination. An audit search through Accurint revealed the Borrower did not own the business since 02/2003. The Borrower could not state income from a business the Borrower did not own.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a technology business earning $21,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848723 |

Cowen_Final_Version_Wilmington NA_16

| # | Loan # | Lien | Deal | Code | Finding | Finding | | | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 32447294 | 1st | LXS 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/01/2005, in the amount of $180,550, as a purchase of a second home located in a Planned Unit Development (PUD). The loan was approved as a Full Income, No Employment, No Asset Verification (No Documentation) loan, with a 79.99%/94.99% Loan To Value/Combined Loan To Value (LTV/CLTV), and a Debt to Income (DTI) was not required. There was a Manual approval dated 01/05/2006, in the loan file. | NINA | $180,550.00 | 2848725 |
| . | | | | 1.04 (c) (v) LXS 2006-7_No Fraud<br><br>1.04 (c) (vii) LXS 2006-7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The audit credit report and the MERS report reflected that the Borrower opened a total of 4 undisclosed mortgages securing 2 different properties. On 12/19/2005, an undisclosed first mortgage was obtained in the amount of $200,000 with a monthly payment of $1,902 and an undisclosed second mortgage in the amount of $25,000 with a monthly payment of $134, calculated using a 5% rate of 30 years, secured by a property located in Rio Rancho, New Mexico. The 2 additional undisclosed mortgages that were opened on 12/16/2005 in the amount of $200,000 resulted in an undisclosed monthly payment of $1,673 and the payment for the second loan amount of $25,000 was calculated using a 5% rate of 30 years and resulted in an undisclosed monthly mortgage payment of $134 securing an additional undisclosed property also located in Rio Rancho, New Mexico. The Borrower had total undisclosed monthly mortgage payments of $3,843.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented his debt obligations by failing to disclose a $3,843 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848725 |
| 11 | 32631509 | 1st | LXS 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/03/2006, in the amount of $464,000, as a purchase of an owner occupied property. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $464,000.00 | 2848731 |
| . | | | | 1.04 (b) (xii) LXS 2006-7_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-7_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848731 |
| . | | | | 1.04 (c) (xviii) LXS 2006-7_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848731 |
| 12 | 32707036 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/19/2006, in the amount of $21,900, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 10%/90% Loan to Value/ Combined Loan To Value (LTV/CLTV), and a 48.96% debt to income ratio (DTI). There was a Manual approval dated 04/14/2006, in the loan file. | Stated | $21,900.00 | 2849014 |
| . | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Registered Nurse earning $8,300 per month on the loan application. A post-closing audit Verification of Employment (VOE) revealed the Borrower earned $4,758 per month, the same year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Registered Nurse earning $8,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849014 |

| 13 | 32707341 | 1st | LXS 2006-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/27/2006, in the amount of $295,000, as a refinance of an owner occupied property. There was neither an Automated Underwriting Approval nor a Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD, Title Insurance and Homeowners Insurance Policy. | Unknown | $212,000.00 | 2848737 |
|  |  |  |  | 1.04 (b) (xii) LXS 2006-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-9_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. |  |  | 2848737 |
|  |  |  |  | 1.04 (b) (xii) LXS 2006-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-9_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. |  |  | 2848737 |
|  |  |  |  | 1.04 (c) (xviii) LXS 2006-9_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. |  |  | 2848737 |
| 14 | 32734246 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/23/2006, in the amount of $18,500, as a refinance of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 10%/90% Loan to Value/Combined Loan to Value. There was a Manual approval dated 03/22/2006, in the loan file. | NINENA | $18,500.00 | 2849018 |
|  |  |  |  | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. |  |  | 2849018 |

| 15 | 32741662 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/03/2006, in the amount of $86,500, as a purchase of an owner occupied, planned urban development. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/80% loan-to-value/combined loan-to-value, and a 41% debt-to-income ratio. There was a Manual approval dated 03/30/06, in the loan file. A second mortgage in the amount of $323,999 was closed simultaneously. | Stated | $81,000.00 | 2849019 | |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud  1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Financial Center Manager 4 earning $6,500 per month on the loan application. The Co-Borrower listed income of $4,200 per month as a Metro Customer Service Manager 1. An audit re-verification of employment and income was obtained for the Co-Borrower that revealed the Co-Borrower's actual income for the year of the subject loan closing was $36,529 or $3,044 per month. The bankruptcy documentation filed by the Borrowers on 03/13/2008 with the United States Bankruptcy Court District of Nevada confirmed the Borrower was still employed with the same employer in the same position. The bankruptcy documentation also revealed the Borrowers' total combined income for the year of the subject loan closing was $108,300; therefore, the Borrower's actual income for the year of the subject loan closing was $71,771 or $5,981 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representations and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as Financial Center Manager 4 earning $6,500 per month and the Co-Borrower falsely stated employment as a Metro Customer Service Manager 1, earning $4,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849019 | |
| 16 | 32773038 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/13/2006, in the amount of $28,500, as a purchase of an investment, 2-unit property. The loan was approved as a Stated Income/Verified Assets loan, with a 15%/90% Loan to Value/Combined Loan to Value, and a 39% Debt to Income ratio. There was a Manual Approval dated 04/16/2006, in the loan file. A first mortgage in the amount of $142,500 was closed simultaneously. | Stated | $28,500.00 | 2849021 | |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud  1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the Mortgage Electronic Registration System, Site X and the audit credit report revealed the Borrower opened an equity line on the Borrower's primary residence on 01/2005 with a loan amount of $51,000 and an estimated payment of $510 using 1% of the loan amount. The subject loan closed on 04/13/2006.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $510 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849021 | |
| . | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud  1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. The loan application indicated the Borrower was a Senior Loan Officer for 2 years. A verbal audit re-verification of employment was obtained on 01/22/2013 which revealed the Borrower's actual position was a Bill Collector.

Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Senior Loan Officer for 2 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849021 | |

# Digital Risk - Loan Review Findings

Cowen_Final_Version_Wilmington NA_16    08-13555-mg    Doc 46080-10    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment V - part 6    Pg 25 of 201

| 17 | 32839961 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/04/2006, in the amount of $84,000, secured lien, as a purchase of a non owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 19.96%/89.96% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.39% Debt to Income Ratio (DTI). There was a Manual approval dated 05/05/2006, in the loan file. | Stated | $84,000.00 | 2849035 |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud

1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Project Manager earning $13,750 per month on the loan application. The Borrower and her spouse filed Chapter 7 bankruptcy on 11/25/2008. Per the bankruptcy document, Statement of Financial Affairs, income of $54,800 for the year of the subject loan closing, 2006 was reported; however, it was not indicated if it was the Borrower's sole income or joint income. In addition Social Security Income for 2006 was reported in the amount of $16,104. A monthly salary amount of $4,567 and $1,342 for Social Security Income was used for the Borrower's verified 2006 income. The Borrower did not report Social Security Income as a source of income at origination. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Project Manager earning $13,750 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849035 |
| 18 | 32933103 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/02/2006, in the amount of $46,400, as a purchase of an owner occupied, single family residence in a planned unit development. The loan was approved as a Stated Income/Stated Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.27% Debt to Income Ratio (DTI). There was a Manual approval dated 06/08/2006, in the loan file. | SISA | $46,400.00 | 2849045 |
| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

The disclosed finance charge ($87,291.21) is ($328.68) below the actual finance charge($87,619.89). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).

The disclosed APR (13.084) is lower than the actual APR (13.2371). The Truth in Lending Act considers a disclosed APR inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17(f), 1026.19(a)(2), & 1026.22(a)(2)).

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849045 |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud

1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Carpenter earning $5,990 per month on the loan application. Per an audit verification of employment obtained from the Borrower's employer, the Borrower's actual earnings for the subject year's closing, 2006, was $24,998, or $2,083 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Carpenter earning $5,990 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849045 |

| 19 | 35971431 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/29/2005, in the amount of $134,400, as a purchase of a 4 unit property. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The credit package is missing from the loan file; therefore, document type is unknown. The loan file did, however, include the Title, Home Owners Insurance, Note, Hud-1, Mortgage, and post closing documents. | Unknown | $134,400.00 | 2848555 | |
| . | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848555 | |
| . | | | 1.04 (c) (xviii) LXS 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848555 | |
| 20 | 36322667 | 1st | SASC 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/22/2005 in the amount of $190,400, as a purchase of an owner occupied single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $190,400.00 | 2848884 | |
| . | | | 1.04 (b) (xii) SAS 2005-17_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-17_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848884 | |
| . | | | 1.04 (c) (xviii) SAS 2005-17_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848884 | |

| 21 | 36410223 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The data tape indicated the transaction was a first mortgage purchase of an investment property at a loan-to-value of 80% with a loan amount of $74,242 which closed 09/16/2005. The loan file only contained the Note, final HUD-1 settlement statement, hazard insurance, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $74,242.00 | 2848633 |
| . | | | | 1.04 (b) (xii) LXS 2005-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848633 |
| . | | | | 1.04 (c) (xviii) LXS 2005-8_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848633 |
| 22 | 36461580 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/14/2005, in the amount of $64,000, as a purchase of a single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The credit package is missing from the loan file; therefore, document type is unknown. The loan file did, however, include the Title, Home Owners Insurance, Note, Hud-1, Mortgage, and post closing documents. | Unknown | $64,000.00 | 2848516 |
| . | | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848516 |
| . | | | | 1.04 (c) (xviii) LXS 2005-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848516 |

**Digital Risk - Loan Review Findings**

Cowen_Final_Version_Wilmington NA_16    08-13555-mg    Doc 46080-10    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment V - part 6 - Pg 28 of 201

| # | Loan # | | | | | | | | Description | | Amount | | |
|---|--------|--|--|--|--|--|--|--|-------------|--|--------|--|--|
| 23 | 37234390 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/18/2006, in the amount of $32,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with a 20%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 30.22% Debt to Income (DTI). There was a Manual approval dated 01/13/2006, in the loan file. | Stated | $32,000.00 | 2849053 |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of Public records through the Mortgage Electronic Registration System (MERS), and the audit credit report, the Borrower opened two undisclosed mortgages in the amount of $288,880 and $72,220 that secured a property located in Prosper, Texas on 12/22/2005, which was prior to the subject loan closing. The undisclosed mortgage in the amount of $288,880 resulted in an undisclosed monthly mortgage payment of $2,299 and the undisclosed mortgage in the amount of $72,220 resulted in an undisclosed monthly mortgage payment of $701 per month. The Borrower had a total of $361,100 that resulted in a combined $3,000 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $3,000 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849053 |
| 24 | 37673878 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/27/2006 in the amount of $65,000, as a purchase of an investment 2 unit property. The loan was approved as a Full Documentation loan with a 20%/100% loan to value/combined loan to value (LTV/CLTV) and a 48.43% debt to income ratio (DTI). There was a Manual approval dated 02/24/2006, in the loan file. | Full | $65,000.00 | 2849054 |
| | | | | 1.04 (b) (xi) SAS 2006-S3_CLTV | LTV/CLTV Exceeds Max | LTV/CLTV Exceeds Max | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Combined Loan to Value (CLTV) in excess of 100%.<br><br>Despite the Seller's representations, the subject loan was approved at a CLTV of 100.68%. | | | 2849054 |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Per public records obtained through Accurint, the Audit Credit Report, and MERS, the Borrower failed to disclose the following properties: The Borrower purchased a property in Chicago, IL, on 11/29/2005. Two loans were obtained in order to finance the purchase of the undisclosed property with loan amounts of $87,500 and $37,500 with undisclosed monthly payments of $642 and $382. The subject loan closed on 02/27/2006. The Borrower purchased a property in Chicago, IL, on 12/22/2005 with an undisclosed mortgage in the amount of $449,910 and undisclosed monthly payment of $3,557. The subject loan closed on 02/27/2006. The Borrower purchased a property in Chicago, IL, on 03/03/2006 with an undisclosed mortgage in the amount of $123,500 and undisclosed monthly payment of $998. The subject loan closed on 02/27/2006. The Borrower purchased a property in Chicago, IL, on 03/20/2006 with an undisclosed mortgage in the amount of $95,000 and undisclosed monthly payment of $768. The subject loan closed on 02/27/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose a $6,347 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849054 |
| 25 | 38696720 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/17/2006, second lien, in the amount of $110,000, as a purchase of a second home, single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 10%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.78% Debt to Income Ratio (DTI). There was a Manual approval dated 07/17/2006, in the loan file. | SISA | $110,000.00 | 2849071 |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and public records obtained from Mortgage Electronic Registration System (MERS), the Borrower opened two mortgages which were not disclosed at the time of origination. The Borrower obtained a new mortgage on 05/17/2006 which was attached to the property he owned located in Wyandanch, NY. The mortgage was in the amount of $139,500 with a monthly payment of $1,578. Additionally, the Borrower purchased a property on 08/01/2006 and opened a mortgage in the amount of $250,000 with a monthly payment of $2,921.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $4,499 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849071 |

Cowen_Final_Version_Wilmington NA_16

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 26 | 38742920 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/25/2006, in the amount of $57,800, as a purchase of an owner occupied, single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 40.92% Debt to Income (DTI). There was a Manual approval dated 07/24/2006, in the loan file. | Stated | $57,800.00 | 2849134 |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. The subject loan closed as a purchase of an owner occupied property located in Spring, Texas. The Borrower's utility records indicate that the Borrower had utilities opened in the Borrower's name at the departing address located in Richmond, Texas with a connect date of 09/07/2006, which was less than 2 months after the subject loan closing date of 07/25/2006 and a connect date of 08/01/2006 at another address located in Spring, Texas. The Borrower's utility records do not list any services connected at the subject property. Additionally, Accurint also revealed that the Borrower had a vehicle registered at the departing address located in Richmond, Texas on 12/01/2006, which was only 5 months after the subject loan closing date. Utility records indicated the Borrower continued to occupy the proposed departure address and did not occupy the subject property after the closing date of 07/25/2006, as disclosed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849134 |
| 27 | 39156633 | 1st | LXS 2006-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/29/2006, in the amount of $151,920, as a purchase of an owner occupied Single Family Residence (SFR). The loan was approved as a Stated Income, Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), a 36.75% Debt to Income (DTI). There was a Manual approval dated 10/17/2005, in the loan file. | Stated | $151,920.00 | 2848691 |
| . | | | | 1.04 (b) (xvii) LXS 2006-17_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 36.75% to 303.68%, which exceeds the represented DTI. | | | 2848691 |
| . | | | | 1.04 (b) (xvii) LXS 2006-17_DTI<br><br>1.04 (c) (v) LXS 2006-17_No Fraud<br><br>1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Real Estate Appraiser earning $10,416 per month on the loan application. The post-closing tax return, obtained through the modification/foreclosure process, and the Bankruptcy petition records filed 07/31/2008, indicated the Borrower earned $1,281 per month for 2006, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of DTI based on the Borrower's verified income yields a DTI of 303.68%, which exceeds Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Real Estate Appraiser earning $10,416 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848691 |
| 28 | 39471560 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/23/2006, in the amount of $48,000, as a purchase second of a second home, single family dwelling. The loan was approved as a stated income, verified asset loan (SIVA), with a 20%/100% loan to value/combined loan to value (LTV/CLTV), and a 43.90% debt to income (DTI). There was a manual approval dated 10/19/2006, in the loan file. | Stated | $48,000.00 | 2849147 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Overhead Repair Technician for an aircraft company earning $7,800 per month on the loan application. Audit verification of employment and income was obtained through The Work Number, which verified Borrower's actual income for 2006, same year as subject loan closing at $47,570 or $3,964 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Overhead Repair Technician for an aircraft company earning $7,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849147 | |
| 29 | 39633821 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/09/2006, in the amount of $48,300, as a cash out refinance of an owner occupied, single family dwelling in a planned unit development. The loan was approved as a Stated Income/Verified Asset loan (SIVA), with a 15%/95% loan to value/combined loan to value (LTV/CLTV), and a 37.43% debt to income (DTI). There was a manual approval dated 11/15/2006, in the loan file. | Stated | $48,300.00 | 2849150 | |
| | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated Social Security income of $2,000 per month on the loan application. The Borrower provided 2007 tax returns during loss mitigation, which verified Social Security income for Borrower and spouse as $15,016, spouse was not included on subject loan; therefore, $15,016 divided by 2 equals $7,508 plus 125% gross up equals $9,385 or $782.08 per month. The Borrower provided a letter of explanation stating that she and spouse were receiving Social Security income. The letter of explanation also indicated that loan proceeds from subject loan were obtained for opening a restaurant. Also, bank statements were provided reflecting Borrower's Social Security income considerably less than spouse; however, a higher amount for audit was used.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated Social Security income of $2,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849150 | |
| 30 | 40624256 | 1st | LXS 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/20/2006, in the amount of $944,000, as a rate and term refinance of a second home single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 75.52%/91.20% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 49.40% Debt to Income (DTI). There was a Manual approval dated 12/04/2006, in the loan file. | Stated | $944,000.00 | 2848764 | |
| | | | | 1.04 (c) (v) LXS 2007-11_No Fraud<br><br>1.04 (c) (vii) LXS 2007-11_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. An audit credit report revealed the Borrower had opened a second mortgage for an investment property owned at the time of origination. The undisclosed mortgage was opened with a loan amount of $200,000, with a monthly payment of $1,718.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $1,718 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust | | | 2848764 | |
| | | | | | | Grand Total of Repurchase Demand | | | | $4,722,262.00 | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 18401182 | 1st | SASC 2004-23XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/30/2004, in the amount of $213,750, as a purchase of a property. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The loan file contained the note, mortgage, HUD, homeowners insurance and title commitment. | Unknown | $213,750.00 | | 2848791 |
| | | | | 1.04 (b) (xii) SAS 2004-23XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-23XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848791 |
| | | | | 1.04 (c) (xviii) SAS 2004-23XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848791 |
| 2 | 19346972 | 1st | SASC 2004-23XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/17/2004, in the amount of $115,920, as a purchase of an owner occupied single family residence. The loan was an unknown documentation type with an 80%/95% loan to value/combined loan to value (LTV/CLTV). There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's HUD-1 Settlement Statement, subject Note, Mortgage, homeowners' insurance policy, and Title. There was no other critical documentation provided for the file that was | Unknown | $115,920.00 | | 2848804 |
| | | | | 1.04 (b) (xii) SAS 2004-23XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-23XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848804 |
| | | | | 1.04 (c) (xviii) SAS 2004-23XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848804 |
| 3 | 30663660 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/19/2005, in the amount of $229,450, as a purchase of an investment, 4-unit property. The loan was approved as a Full Documentation loan, with an 80%/100% loan-to-value/combined loan-to-value (LTV/CLTV), and a 22.89% debt-to-income ratio (DTI). There was a Manual approval dated 05/26/2005, in the loan file. A second mortgage in the amount of $57,300 was closed simultaneously. | Full | $229,450.00 | | 2848523 |
| | | | | 1.04 (c) (v) LXS 2005-3_No Fraud<br><br>1.04 (c) (vii) LXS 2005-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A review of the Mortgage Electronic Registration System and the audit credit report revealed 1 undisclosed mortgage tied to an undisclosed property located in Rigby, ID with a loan amount of $249,850 and a monthly payment of $2,590 per month. The undisclosed mortgage closed 06/03/2005 which was within 30 days of the subject loan closing of 05/19/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $2,590 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | | 2848523 |

| 4 | 30732374 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 06/05/2005, in the amount of $204,000, as a purchase of a non-owner occupied property. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.

The loan file only contained the Note, the Mortgage, the HUD-1 Settlement Statement, Homeowner's Insurance (HOI) and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $204,000.00 | 2848525 | |
| . | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848525 | |
| . | | | 1.04 (c) (xviii) LXS 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848525 | |
| 5 | 30849814 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 05/17/2005, in the amount of $102,400, as a purchase of an investment, duplex. The loan was approved as a full documentation loan, with an 80%/100% loan to value/combined loan to value (LTV/CLTV), and a 28.96% debt to income (DTI). The full documentation loan program requires verification of income, employment and assets. There was neither an automated underwriting system (AUS) approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $102,400.00 | 2848558 | |
| . | | | 1.04 (c) (v) LXS 2005-6_No Fraud

1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | | 1 | 3 | The Borrower misrepresented his debt obligations. According to MERS and the audit credit report, the Borrower acquired an undisclosed property on the same day as the subject's loan closing on 05/17/2005. The Borrower acquired 2 undisclosed mortgages in the amount of $102,400 and $25,600, with a combined monthly mortgage payment of $890, secured by a duplex located on the same street as the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The non-disclosure of a $890 monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $890 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848558 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/5/2013 5:43:57 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Report

| 6 | 30985543 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/24/2005, in the amount of $106,300, as a purchase of a vacation property. The loan was an unknown documentation type with an 80%/95% loan to value/combined loan to value (LTV/CLTV). There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the subject Note, Mortgage, homeowners' insurance policy, and Title. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | | $100,800.00 | 2848533 |
| . | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-3_Origination Practices | | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848533 |
| . | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-3_Origination Practices | | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848533 |
| . | | | 1.04 (c) (xviii) LXS 2005-3_Qualified Appraisal | | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848533 |
| 7 | 31112022 | 1st | SASC 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/27/2005, in the amount of $169,600, as a purchase of an owner occupied, detached single family dwelling in a planned unit development. The loan was approved as a stated income/verified asset (SIVA) loan, with an 80%/100% loan to value/combined loan to value (LTV/CLTV), and a 39.93% debt to income (DTI). The SIVA loan program requires income to be stated on the loan application, employment and assets are required to be verified. There was a manual approval dated 06/22/2005, in the loan file. | Stated | | $169,600.00 | 2848848 |
| . | | | 1.04 (c) (v) SAS 2005-15_No Fraud<br><br>1.04 (c) (xiv) SAS 2005-15_No Event of Default | | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Sheet Metal Fabricator earning $5,000 per month on the loan application. The loan file contained post-closing documentation, including the Borrower's 2006 tax returns which reflect 2006 income in the amount of $39,817 or $3,318.06 per month. The loan file also included a financial statement from Borrower dated 2008 that verified same employer as stated at origination. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Sheet Metal Fabricator earning $5,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848848 |
| . | | | 1.04 (c) (v) SAS 2005-15_No Fraud<br><br>1.04 (c) (xiv) SAS 2005-15_No Event of Default | | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower did not occupy the subject property as their primary residence after the subject loan's closing date of 06/27/2005, as required. According to a search of public records obtained through Accurint, the Borrower's driver's license, vehicle registration and phone records verified that Borrower continued to occupy departing residence. The search through Accurint also reflected several other individuals occupying the subject property prior to and after the subject's loan closing. The loan file contained post-closing documentation, including a financial statement, which verified Borrower never occupied the subject property as his primary residence. The Borrower's bankruptcy documents verified the departing residence as the Homestead property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | | 2848848 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 31144413 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/20/2005, in the amount of $255,700, as a purchase of a second home in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 42.167% Debt to Income (DTI). There was a Manual approval dated 06/23/2005, in the loan file. | Stated | $255,700.00 | 2848540 | |
| | | | 1.04 (c) (v) LXS 2005-3_No Fraud<br><br>1.04 (c) (vii) LXS 2005-3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. The audit credit report and the MERS report indicated that the Borrower opened 4 undisclosed mortgages. The undisclosed mortgage in the amount of $203,000 resulted in an undisclosed monthly mortgage payment of $969 and the undisclosed mortgage amount of $25,300 resulted in an undisclosed monthly mortgage payment of $165 per month that secured a property located in Las Vegas, Nevada and were opened on 02/22/2005, which was only 4 months prior to the subject loan closing date of 06/20/2005. Additionally, the undisclosed mortgage in the amount of $232,200 resulted in an undisclosed monthly mortgage payment of $1,247 and the undisclosed mortgage amount of $28,100 resulted in an undisclosed monthly mortgage payment of $312 per month that secured a property located an additional property located in Las Vegas, Nevada and were opened on 06/20/2005, which was the same day as the subject loan closing date of 06/20/2005. The Borrower opened a total of $518,600 in undisclosed mortgages, which resulted in a total $2,693 in undisclosed monthly mortgage payments.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $2,693 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848540 | |
| 9 | 31210990 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/13/2005, in the amount of $120,000, as a purchase of an investment, four unit dwelling. The subject loan file was missing credit package, loan approval, loan transmittal summary and appraisal; therefore, unable to determine documentation type, loan to value/combined loan to value and debt to income ratio (DTI). There was neither an automated underwriting system approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $120,000.00 | 2848543 | |
| | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848543 | |
| | | | 1.04 (c) (xviii) LXS 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848543 | |
| 10 | 31217896 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/01/2005, in the amount of $176,400, as a purchase of a non-owner occupied property. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The loan file only contained the HUD-1 Settlement Statement, the Note, the Mortgage, HOI and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $176,400.00 | 2848568 | |
| | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848568 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/5/2013 5:43:57 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Report

1207

| # | Loan # | Lien | Deal | Finding Type | Finding | | | Narrative | AUS | Amount | ID |
|---|--------|------|------|--------------|---------|--|--|-----------|-----|--------|-----|
| | | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848568 |
| 11 | 31262850 | 1st | LXS 2005-3 | Loan Summary | Loan Summary | | 0 0 | The subject loan closed on 07/13/2005, in the amount of $124,659, as a purchase of an investment, detached single family dwelling in a planned unit development. The subject loan file was missing credit package, loan approval, loan transmittal summary, purchase contract and appraisal; therefore, unable to determine documentation type, loan to value/combined loan to value and debt to income ratio (DTI). There was neither an automated underwriting system approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $124,659.00 | 2848545 |
| | | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848545 |
| | | | | 1.04 (c) (xviii) LXS 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 3 | The subject loan was subject to a qualified appraisal.<br><br>Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848545 |
| 12 | 31265416 | 1st | LXS 2005-6 | Loan Summary | Loan Summary | | 0 0 | The subject loan closed on 06/29/2005, in the amount of $108,080, as a purchase of an owner occupied, single family dwelling. The loan file was missing credit package, loan approval and loan transmittal summary; therefore, unable to determine the loan program that was utilized for Borrower's qualification. The subject loan closed with an 80%/100% loan to value/combined loan to value (LTV/CLTV). There was neither an automated underwriting system approval (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $108,080.00 | 2848570 |
| | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848570 |
| | | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848570 |
| 13 | 31676117 | 1st | LXS 2005-8 | Loan Summary | Loan Summary | | 0 0 | The subject loan closed on 09/23/2005, in the amount of $104,850. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, hazard insurance, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $104,850.00 | 2848621 |
| | | | | 1.04 (b) (xii) LXS 2005-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848621 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (xviii) LXS 2005-8_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848621 |
| 14 | 31686025 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/14/2005, in the amount of $125,929. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The loan file only contained the Note, HUD-1 settlement statement, hazard insurance, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $125,929.00 | 2848346 |
| | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848346 |
| | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848346 |
| 15 | 31738214 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/30/2005 in the amount of $120,000, as a purchase of an investment 4 unit residence. The loan was approved as a Stated Income/Stated Assets loan with an 80%/90% loan to value/combined loan to value (LTV/CLTV) and a 45% debt to income ratio (DTI). There was a Manual approval dated 09/09/2005, in the loan file. | SISA | $120,000.00 | 2848626 |
| | | | 1.04 (c) (v) LXS 2005-8_No Fraud<br><br>1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the audit credit report revealed an undisclosed auto loan, opened 07/2005, with a balance of $28,395 and monthly payment of $575. The Lender associated with the undisclosed loan was a match to one of the inquiries on the Borrower's origination credit report. The subject loan closed 09/30/2005. In addition, per public records obtained through the Audit Credit Report and MERS, the Borrower failed to disclose the following undisclosed mortgages: The Borrower purchased a property in Indianapolis, IN, on 09/02/2005. Two loans were obtained in order to finance the purchase of the undisclosed property with loan amounts of $70,910 and $10,000. The monthly payments were not revealed. Monthly payments were calculated using the subject Note rate of 8.375% and 30 year term, which resulted in monthly payments of $538 and $76. The subject loan closed on 09/16/2005. The audit credit report revealed 4 other undisclosed mortgages for properties which could not be found. The payments for these undisclosed mortgages were not revealed. Monthly payments were calculated using the subject Note rate of 8.375% and 30 year term. One undisclosed mortgage, opened 08/2005, was opened with a balance of $239,675, and a calculated payment of $1,822 per month. The three other undisclosed mortgages were all opened in 10/2005, with opening balances of $80,910, $45,000, and $63,000, with calculated payments of $615, $342, and $479, respectively.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $4,447 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848626 |
| 16 | 31756927 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/25/2005, in the amount of $174,000, as a cash-out refinance of a second home single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 60%/94.48% loan to value/combined loan to value and a 37.6% debt to income ratio. There was a Manual approval dated 07/12/2005, in the file. The Borrower received cash back at closing in the amount of $73,265. | Stated | $174,000.00 | 2848355 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application. The Borrower falsely stated employment as a Vice President of International Sales earning $12,500 per month on the loan application. The loan file contained a post-closing hardship letter, dated 09/10/2010, in which the Borrower indicated she had lost her job in telecommunications six years prior to the date of hardship letter. Further, the Borrower indicated a change of employment as a Realtor six years prior to the subject loan closing in 2005. A public records search revealed the Borrower obtained a state of Florida real estate license on 11/18/2004 which further confirms the Borrower's hardship letter.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Vice President of International Sales for 2 years, which constituted an event of default under the executed Mortgage and Deed of Trust. | | | 2848355 |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Vice President International Sales earning $12,500 per month on the loan application. The loan file contained a post-closing hardship letter, dated 09/10/2010, in which the Borrower indicated she had lost her job in telecommunications six years prior to the date of hardship letter. Further, the Borrower indicated a change of employment as a Realtor six years prior to the hardship letter. A public records search revealed the Borrower obtained a state of Florida real estate license on 11/18/2004 which confirms the Borrower's hardship letter.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Vice President of International Sales earning $12,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848355 |
| 17 | 31822190 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/14/2005, in the amount of $99,000, as cash out refinance of a detached, single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The credit package is missing from the loan file; therefore, document type is unknown. The loan file did, however, include the Title, Home Owners Insurance, Note, Hud-1, Mortgage, and post closing documents. | Unknown | $99,000.00 | 2848360 |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848360 |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848360 |
| | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848360 |

| 18 | 31839301 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 9/14/2005, in the amount of $354,150, as the purchase of an owner occupied single-family residence. The loan was approved as a Stated Income Verified Assets loan, with an 80%/98% Combined Loan to Value, and a 37.61% Debt to Income. There was a manual approval dated 8/17/2005, in the loan file. | Stated | $354,150.00 | 2848362 |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per public records and the audit credit report the Borrower had acquired a property on 4/24/2005 located in Casa Grande, AZ. The audit credit report revealed a mortgage in the amount of $204,823 with a monthly payment of $1,656.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,656 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848362 |
| | | | | 1.04 (c) (xvii) LMT 2006-1_No Event of Default | | | | | | | | |
| 19 | 31845472 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/18/2005, in the amount of $225,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The loan file only contained the Note, HUD-1 settlement statement, hazard insurance, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $225,000.00 | 2848363 |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848363 |
| | | | | 1.04 (c) (xvii) LMT 2006-1_Origination Practices | | | | | | | | |
| | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848363 |
| 20 | 31980410 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/22/2005, in the amount of $378,000 as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% loan to value/combined loan to value (LTV/CLTV) and a 28.45% debt to income ratio (DTI). There was a Manual approval, dated 12/21/2005 in the loan file. The loan file was missing critical documentation including the loan application and the origination credit report. | Stated | $378,000.00 | 2848390 |
| | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 1 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an origination appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848390 |
| 21 | 32069791 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/28/2005, in the amount of $263,840, as a purchase of an owner occupied, single family residence. The loan was approved as a Limited (Stated Income/Verified Asset) loan, with an 80%/95% Loan to Value/Combined Loan To Value (LTV/CLTV), and a 47.27% Debt to Income ratio (DTI). There was a Manual approval dated 10/25/2005, in the loan file. | Stated | $263,840.00 | 2848411 |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud | Misrepresentation of Income - Red Flags Present - Same Year | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower stated income as a Production Worker earning $6,500 per month on the loan application. An audit re-verification of employment and income was obtained through bankruptcy records, which indicated the Borrower earned $4,075 per month in 2005, the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Production Worker earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848411 |
| | | | | 1.04 (c) (xvii) LMT 2006-1_No Event of Default | | | | | | | | |

| # | Loan # | Lien | Product | Code | Finding | Finding | | | Status | Amount | Loan ID |
|---|--------|------|---------|------|---------|---------|---|---|--------|--------|---------|
| 22 | 32148884 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/16/2005, in the amount of $173,500, as a purchase of an owner occupied, detached single family dwelling in a planned unit development. The loan was approved as a Stated Income Verified Asset loan (SIVA), with an 80%/100% loan to value/combined loan to value (LTV/CLTV), and a 43.27% debt to income ratio (DTI). The SIVA loan program requires income to be stated on the loan application, but not verified; however, employment and assets are required to be verified. There was neither an automated underwriting system approval (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did contain a loan transmittal summary dated 12/14/2005 indicating that subject loan was approved under the SIVA loan program. | Stated | $173,500.00 | 2848419 |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud 1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. Per the loan application, the Borrower indicated employment as a Nail Technician for a Salon for 2.5 years, earning $3,824 per month. The loan file contained a verbal verification of employment stating that Borrower was a salaried employee. The Borrower provided a financial statement dated 04/23/2009 indicating self-employment for 5 years; the subject loan closed on 12/16/2005. The Borrower also provided 2007 tax returns that also verified that Borrower was self-employed as a Nail Technician for same company listed on the origination loan application. It should be noted that additional documentation would have been required for a self-employed Borrower.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a salaried Nail Technician for 2.5 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848419 |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud 1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Nail Technician for a Salon for 2.5 years, earning $3,824 per month. The loan file contained post-closing documentation, including 2007 tax returns and a financial statement dated 04/23/2009 which verified that Borrower was self-employed at the time of origination and near year income for 2007 was $12,100 or $1,008 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Nail Technician earning $3,824 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848419 |
| 23 | 32186074 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/16/2005, in the amount of $100,150, as a purchase. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $100,150.00 | 2848428 |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA 1.04 (b) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848428 |
| | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848428 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 24 | 33266644 | 1st | LXS 2006-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/18/2006, in the amount of $540,000, as a purchase of a second home in a Planned Unit Development. The loan was approved as a No Ratio (No Income/No Asset) loan, with 79.99% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 07/24/2006, in the loan file. | NI | $540,000.00 | 2848684 | |
| | | | 1.04 (b) (xvii) LXS 2006-17_DTI<br><br>1.04 (c) (v) LXS 2006-17_No Fraud<br><br>1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and public records obtained from MERS and SiteX.com, the Borrower had 3 undisclosed mortgages which were not included at the time of origination. The Borrower purchased a new property on 02/23/2006, prior to the subject loan closing date of 08/18/2006. The Borrower opened two mortgages which were attached to this property located in Estero, FL. The Borrower acquired a first mortgage in the amount of $285,850, with a monthly payment of $2,097 and a second mortgage in the amount of $53,600, with a monthly payment of $223. Additionally, the Borrower obtained a home equity line of credit in 03/2006, with a loan amount of $200,000 and a monthly payment of $833, which was not disclosed at origination. The property attached to this debt was not disclosed in public records.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $3,153 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848684 | |
| 25 | 35007731 | 1st | SASC 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/14/2005, in the amount of $111,284, as a purchase of an investment single family residence. The loan was approved with a 90% loan to value/combined loan to value (LTV/CLTV). There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The loan file contained the Final HUD-1, Title Commitment, Homeowners Insurance, Note and Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. Further, the loan file did not contain a loan application and origination credit report. | Unknown | $111,284.00 | 2848825 | |
| | | | 1.04 (b) (xii) SAS 2005-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) SAS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848825 | |
| . | | | 1.04 (c) (xviii) SAS 2005-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. The loan file did not contain an origination appraisal. | | | 2848825 | |
| 26 | 35757038 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/30/2005, in the amount of $127,000, as a rate/term refinance of an investment multi family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 77.44% Loan to Value/Combined Loan to Value, and a 21.05% Debt to Income Ratio. There was a Manual approval dated 06/22/2005, in the loan file. | Stated | $127,000.00 | 2848599 | |
| | | | 1.04 (c) (v) LXS 2005-6_No Fraud<br><br>1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a residential construction business earning $7,100 per month on the loan application. The loan file contained a tax return for the year ending 2006 reflecting a net loss from the business listed on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a residential construction business earning $7,100 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848599 | |

| 27 | 36244838 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System Logs nor other approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Hud-1, HOI and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $296,000.00 | 2848603 | |
| | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848603 | |
| | | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848603 | |
| 28 | 36262665 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/01/2005, in the amount of $72,492, a purchase of a non-owner occupied, multifamily residence. The loan was approved with an 80%/100% Loan To Value (LTV)/Combined Loan To Value (CLTV). There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The loan file contained the final HUD-1 Settlement Statement, Title Commitment, the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $72,492.00 | 2848433 | |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848433 | |
| | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. The loan file did not contain the origination appraisal. | | | 2848433 | |
| 29 | 36725976 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/17/2005, in the amount of $55,000, a rate and term refinance of a non-owner occupied Single Family Residence (SFR). The loan was approved as a No Income, No Employment, No Asset loan, with a 57.89% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 10/17/2005, in the loan file. | NINA | $55,000.00 | 2848443 | |
| | | | | 1.04 (c) (i) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The audit credit report reflected the Borrower acquired an undisclosed mortgage in 05/2005, 5 months prior to the subject loan closing date of 10/17/2005, in the amount of $275,000 with a monthly payment of $1,857. The address of the undisclosed property could not be determined.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose an $1,857 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848443 | |

Cowen_Final_Version_Wilmington NA_15

| 30 | 38256087 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 5/25/2006, in the amount of $200,000, for a purchase of an owner occupied single-family residence. The loan was approved as Stated a Stated Income Verified Assets loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 39.39% Debt to Income. There was a manual approval dated 5/26/2006, in the loan file. | Stated | $200,000.00 | 2849061 |
| | | | 1.04 (c) (v) SAS 2006-S3_No Fraud | Asset Misrepresentation - With Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrower misrepresented his ownership of the following assets. The loan file contained bank statements dated from 03/01/2006 through 04/30/2006 which reflects a ending balance of $259,252. However the loan file reflects an earnest deposit of only $3,000 toward the purchase of the subject property valued at $1,000,000. An audit verification of deposit was received from the same bank institution which reflects on 3/01/2006 the Borrower's opening balance was $239 and on 03/31/2006 the ending balance was $689. Further, on 04/01/2006 the Borrower's opening balance was $239 and on 04/30/2006 the ending balance was $240. The Borrower indicated earning of $27,000 per month or $324,000 per year as Owner of a Clothing Business for 10 years; however the original credit report reflects employment as an Electrician and or a Maintenance Person which was never explained.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely disclosed that he had $3,000 down payment and/or month's reserves when in fact he had $240, meaning the amount of assets verified by $259,012, which constitutes an event of default under executed Mortgage and or Deed of Trust. | | | 2849061 |
| | | | 1.04 (c) (vii) SAS 2006-S3_No Event of Default | | | | | | | | |
| | | | 1.04 (c) (v) SAS 2006-S3_No Fraud | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. According to the Statement of Financial Affairs on the Bankruptcy petition filed 2/14/2007, by the Borrower with the Middle District of Florida Bankruptcy Court, the Borrower for the year of 2006 was employed with another company to which he earned $2,016 per month. In addition the bankruptcy papers do not reflect the Borrower has ever owned a business for 10 plus years. The original credit report dated 5/02/2006 reflects the Borrower's employment as an Electrician and a Maintenance person. The original credit report did not reflect the Borrower's clothing business of ten years.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as Owner of a Clothing Store Business for 10 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849061 |
| | | | 1.04 (c) (vii) SAS 2006-S3_No Event of Default | | | | | | | | |
| . | | | 1.04 (c) (v) SAS 2006-S3_No Fraud | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a clothing store earning $27,000 per month on the loan application. According to the Statement of Financial Affairs on the Bankruptcy petition filed 2/14/2007, by the Borrower with the Middle District of Florida Bankruptcy Court, the Borrower for the year of 2006 was employed with another company to which he earned $2,016 per month. In addition the bankruptcy papers do not reflect the Borrower has ever owned a business for 10 plus year.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as an Owner of a clothing store earning $27,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849061 |
| | | | 1.04 (c) (vii) SAS 2006-S3_No Event of Default | | | | | | | | |
| | | | 1.04 (c) (v) SAS 2006-S3_No Fraud | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented his intent to occupy the subject property. According to the Statement of Financial Affairs on the Bankruptcy petition filed 2/14/2007, by the Borrower with the Middle District of Florida Bankruptcy Court, the Borrower occupied his original residence as reflected on the filed 1003 in Tampa, Florida and not the subject property located in Odessa, Florida. Further, the original property was listed as a homestead exemption. The subject property closed on 5/25/2006. The Borrower had filed again for Bankruptcy petition filed 8/16/2010 which reflects the original property as the primary residence and not the subject property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849061 |
| | | | 1.04 (c) (vii) SAS 2006-S3_No Event of Default | | | | | | | | |

| 31 | 38407391 | 2nd | SASC 2006-S3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/31/2006 in the amount of $32,000, as a piggyback of an investment located in a condominium. The loan was approved as a SISA Stated Income/Verified Asset (Gap at 420%/90% Ratio) at 90% Combined Loan to Value (LTV/CLTV), and a 48.70% Debt to Income Ratio. There was a Manual approval dated 05/30/2006, in the loan file. | | $32,000.00 | 2849064 |
| | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849064 |
| | | | 1.04 (c) (v) SAS 2006-S3_No Fraud 1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. A search of public records, MERS, revealed the Borrower had a second mortgage for the primary residence that was not disclosed on the loan application or included in the debt calculation. The second mortgage is in the amount of $61,500, with a calculated monthly obligation of $650.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $650 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849064 |
| | | | 1.04 (c) (v) SAS 2006-S3_No Fraud 1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented her employment on the loan application. The Borrower indicated on the loan application employment as the Owner/Broker of a mortgage company. The loan file also contained a CPA letter stating the Borrower was the owner of said mortgage company for the previous 2 years. A search of public records indicated the Borrower was not in fact the owner of the business. The other individual vested on the title of the subject property at the time of purchase was the actual owner. A verbal verification of the CPA letter in the file revealed the Borrower was never a tax customer of the CPA firm. The loan file also contained the Borrower's 2006 W2, from the place of employment which proves the Borrower was actually an employee rather than an owner.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner/Broker of a real estate mortgage company for 2 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849064 |
| | | | 1.04 (c) (v) SAS 2006-S3_No Fraud 1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner/Broker of a real estate mortgage company earning $15,600 per month on the loan application. The loan file contained documentation for the Borrower's modification request which included the W2 for the year ending 2006. Per the W2, the total income received for the year ending 2006 was $39,497, or $3,291 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner/Broker of a real estate mortgage company earning $15,600 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849064 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/5/2013 5:43:57 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Report

| 32 | 38849246 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/15/2006, in the amount of $72,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 30.12% Debt to Income Ratio. There was a Manual approval dated 08/17/2006, in the loan file. | SISA | $72,000.00 | 2849136 |
| . | | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849136 |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. A search of public records revealed the Borrower did not have the subject address listed as a residence for the professional real estate license or drivers license. Further, the Borrower has never had utilities or phone services turned on at the subject address. It is apparent the Borrower did not depart the previous primary residence, because the professional real estate license still has the prior address listed as current.<br><br>Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849136 |
| 33 | 39597489 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/06/2006, in the amount of $63,800, as a purchase of an owner occupied Planned Unit Development (PUD). The loan was approved as a Full Documentation loan, with a 20.01%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 50% Debt to Income Ratio (DTI). There was a Manual approval dated 11/03/2006, in the loan file. | Full | $63,800.00 | 2849149 |
| . | | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849149 |
| . | | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth In Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849149 |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | $5,608,754.00 | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 14809354 | 2nd | SASC 2003-S1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The data tape indicated the transaction was a second mortgage purchase of an owner occupied property at a loan-to-value of 28% with a loan amount of $20,000 which closed 11/25/2002. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $20,000.00 | 2848774 | |
| | | | | 1.04 (b) (xi) SAS 2003-S1_Compliance with Applicable Law<br><br>1.04 (c) (xii) SAS 2003-S1_Mortgage File<br><br>1.04 (c) (xvii) SAS 2003-S1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not fully comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject note.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2848774 | |
| | | | | 1.04 (b) (xi) SAS 2003-S1_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2848774 | |
| | | | | 1.04 (b) (xi) SAS 2003-S1_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act (TIL) required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2848774 | |
| | | | | 1.04 (c) (xviii) SAS 2003-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848774 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/28/2013 5:31:54 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Final_Version_Wilmington NA_14

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 18293803 | 1st | SASC 2004-23XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/29/2004, in the amount of $241,500, as a purchase of an owner occupied single family residence. The loan was approved with an 80%/95% loan to value /combined loan to value. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the final HUD-1 settlement statement, Title Commitment, the Note and the Mortgage. There was no other critical documentation provided, including the loan application and origination credit report, for the file that was represented on the data tape by the Seller. | Unknown | $241,500.00 | 2848788 |
| . | | | | 1.04 (b) (xii) SAS 2004-23XS_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848788 |
| | | | | 1.04 (c) (xvii) SAS 2004-23XS_Origination Practices | | | | | | | | |
| . | | | | 1.04 (c) (xviii) SAS 2004-23XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. The loan file did not contain an origination appraisal. | | | 2848788 |
| 3 | 19165729 | 1st | SARM 2005-3XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/21/2004, in the amount of $51,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $51,000.00 | 2848769 |
| . | | | | 1.04 (b) (xii) SARM 2005-3XS_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848769 |
| | | | | 1.04 (c) (xvii) SARM 2005-3XS_Origination Practices | | | | | | | | |
| . | | | | 1.04 (c) (xviii) SARM 2005-3XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848769 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:31:54 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1219**

| 4 | 19217819 | 1st | SASC 2004-23XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/27/2004, in the amount of $135,000. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The loan file contained the final HUD-1 settlement statement, Title Commitment, hazard insurance, the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $135,000.00 | 2848796 | |
| | . | | | 1.04 (b) (xii) SAS 2004-23XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-23XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.; however, the final TIL was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848796 | |
| | . | | | 1.04 (c) (xviii) SAS 2004-23XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848796 | |
| 5 | 30403901 | 1st | SASC 2005-9XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/08/2005, in the amount of $207,200. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage, the HUD-1 Settlement Statement and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $207,200.00 | 2848893 | |
| | . | | | 1.04 (b) (xii) SAS 2005-9XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-9XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, the final TIL statement was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848893 | |
| | . | | | 1.04 (c) (xviii) SAS 2005-9XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848893 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:31:54 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 6 30710628 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/20/2005, in the amount of $45,320. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1 settlement statement, hazard insurance, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $45,320.00 | 2848524 |
| . | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848524 |
| . | | 1.04 (c) (xviii) LXS 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848524 |
| 7 30880801 | 1st | SASC 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/07/2005, in the amount of $628,000, as a purchase of an owner occupied, single family dwelling located in a planned unit development. The loan was approved as a Stated Income/Verified Asset, with an 80%/100% loan to value (LTV/CLTV), and a 42.64% debt to income (DTI). There was a manual approval dated 06/28/2005, in the loan file. | Stated | $628,000.00 | 2848838 |
| . | | 1.04 (b) (xii) SAS 2005-15_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-15_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($843,894.50) is ($406.07) below the actual finance charge ($844,300.57). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge.(12 CFR Sec. 1026.18(d)(1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848838 |
| . | | 1.04 (c) (v) SAS 2005-15_No Fraud<br><br>1.04 (c) (vii) SAS 2005-15_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner/Computer Technician earning $10,500 per month on the loan application. The Borrowers provided tax returns for near year income for 2006, which verified that Borrower owned same business and same position as stated at origination and income was $40,606 or $3,384 per month. The Borrower also provided a financial statement dated 2008, which indicated that Borrower still held ownership in business listed at origination. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work. In addition, the Borrower's capacity to repay could not be properly evaluated due to the overstatement of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses. Overstating earnings by 25% is significant as the Borrower is qualified on gross income, not taking the standard payroll taxes of Federal income tax and social securities taxes in to consideration.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Research conducted through the Bureau of Labor Statistics reported the average salary at the 75th percentile for a Computer Technician in the same geographic region was $7,159 per month. The Borrowers were experiencing a payment shock of 285%. It should be noted that Co-Borrower was self-employed as an Owner/Hair Stylist; both businesses were located at the same address and same suite number.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner/Computer Technician earning $10,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848838 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 31226632 | 1st | LXS 2005-6 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/12/2005, in the amount of $83,107. There was neither an Automated Underwriting System Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Title Commitment, Home Owner's Insurance, HUD-1 settlement statement, the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $83,107.00 | 2848569 |
| | . | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, the final TIL statement was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848569 |
| | . | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848569 |
| | . | | | | | | | | | | | |

Cowen_Final_Version_Wilmington NA_14

| 10 | 31397730 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 05/24/2005 with a loan amount of $308,750.00 for an owner occupied, single family dwelling located in a planned unit development. The loan was approved as a Stated Income/Verified Asset, with a 95% loan to value/combined loan to value (LTV/CLTV), and a 30.76% debt to income (DTI). There was a manual approval dated 05/24/2005, in the loan file. | Stated | $308,750.00 | 2848577 |
| | . | | 1.04 (c) (v) LXS 2005-6_No Fraud

1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Infrastructure Specialist/Payroll Manager earning $11,875 per month on the loan application. An audit verification of income was conducted through The Work Number, which revealed near year income for 2006 as $88,691, or $7,391 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work. In addition, Accurint verified that Borrower continued to occupy departing residence; therefore, rental income was omitted for audit.

The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

The Borrower's capacity to repay could not be properly evaluated due to the overstatement of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses. Further, research conducted through the Bureau of Labor Statistics reported the average salary at the 75th percentile for an Infrastructure Specialist in the same geographic region was $5,315 per month. The Borrower's credit profile was not indicative of annual earnings of $142,500. The Borrower's credit report dated 03/19/2005 reflected a qualifying credit score of only 626. The Borrower was experiencing a payment shock of 107%. Additionally, the loan file contained notations indicating the Borrower's income was stated excessively and income should have been reduced to $8,000 per month, which was in line with verified income. It should be noted that Borrower would not have qualified for subject loan based on $8,000 per month.

A recalculation of debt to income (DTI) based on the Borrower's verified income yields a DTI of 69.31%.

Despite the Seller's representations, the Borrower falsely stated employment as an Infrastructure Specialist earning $11,875 per month on the loan | | | 2848577 |
| | . | | 1.04 (c) (v) LXS 2005-6_No Fraud

1.04 (c) (vii) LXS 2005-6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower did not occupy the subject property as their primary residence after the subject loan's closing date of 06/07/2005, as required. According to a search of public records obtained Accurint, the Borrower's driver's license, hunting/fishing license and phone service verified that Borrower continued to occupy departing residence. A public record search of utilities using the Borrower's Social Security Number also revealed the Borrower maintained utility services at departing residence. The search through Accurint also reflected several other individuals occupying the subject property prior to and after the subject's loan closing. There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.

Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848577 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate     Run: 2/28/2013 5:31:54 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 11 | 31479868 | 1st | SASC 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/19/2005, in the amount of $475,000.00, as a term refinance of an owner occupied Single Family Residence (SFR). The loan was approved as a Stated Income/Verified Asset loan, with a 77.87% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.32% Debt to Income (DTI). There was a Manual approval dated 07/29/2005, in the loan file. | Stated | $475,000.00 | 2848876 | |
| | . | | 1.04 (c) (v) SAS 2005-17_No Fraud<br><br>1.04 (c) (vii) SAS 2005-17_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Sales Manager earning $15,000 per month on the loan application. The loan file contained post closing income documentation including the Borrower's W-2 form for 2006, the subsequent year after the subject loan closing in 2005, which revealed the Borrower earned $6,494 per month. The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. The Borrower's capacity to repay could not be properly evaluated due to the overstatement of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br><span style="color:orange">The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.</span><br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br><span style="color:orange">The Borrower's capacity to repay could not be properly evaluated due to the overstatement of income.</span><br><br><span style="color:orange">A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 79.27%.</span><br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Sales Manager earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848876 | |
| 12 | 31483753 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/18/2005, in the amount of $364,000, as a purchase of an owner occupied Single Family Residence (SFR). The loan was approved as a Stated Income/Stated Asset loan, with 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.28% Debt to Income (DTI). There was a Manual approval dated 08/17/2005, in the loan file. | SISA | $364,000.00 | 2848584 | |
| | . | | 1.04 (c) (v) LXS 2005-6_No Fraud<br><br>1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records and the audit credit report indicated the Borrower acquired an additional property on 07/26/2005, 25 days prior to the subject loan closing and also refinanced a property on 08/08/2005, 10 days prior to the subject loan closing Of 08/18/2005. The Borrower acquired mortgages in the amount of $124,800, 31,200, and $242,400 with payments of $1,004, $297, and $1,644 for a total of $2,945 per month. The origination credit bureau dated 06/16/2005, reflected 2 inquiries from 03/16/2005 to 05/16/2005.<br><br><span style="color:orange">The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.</span><br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br><span style="color:orange">There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. The non-disclosure of a $2,945 monthly payment prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt. There is no evidence in the file to indicate that the Borrowers have exhibited the ability to handle an additional $2,945 in monthly obligations.</span><br><br><span style="color:orange">A recalculation of Debt to Income (DTI) based on the Borrower's undisclosed debt yields a DTI of 77.48%.</span><br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,945 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848584 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/28/2013 5:31:54 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2005-6_No Fraud<br><br>1.04 (c) (vii) LXS 2005-6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented their intent to occupy the subject property. Public records including utility, driver's license, and voter registration records indicated the Borrower remained at the proposed departure residence indicated on the loan application from 09/2004 to 12/2012 and did not occupy the subject property after the closing date of 08/18/2005 as disclosed. Public records also indicated numerous other individuals occupying the subject property from 03/1987 to 12/2012.<br><br>Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848584 |
| 13 | 31887979 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/25/2005, in the amount of $261,600. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Title Commitment, Home Owner's Insurance, the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $261,600.00 | 2848509 |
| . | | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848509 |
| . | | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848509 |
| . | | | | 1.04 (c) (xviii) LXS 2005-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848509 |

Cowen_Final_Version_Wilmington NA_14

| # | Lien | Program | Code | Finding | Finding | | | Description | Doc | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 31989288 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/10/2005, in the amount of $136,000, as a purchase of a non owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.43% Debt to Income Ratio (DTI). There was a Manual approval dated 11/08/2005, in the loan file. | Stated | $136,000.00 | 2848515 |
| | . | | 1.04 (c) (v) LXS 2005-10_No Fraud<br>1.04 (c) (vii) LXS 2005-10_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and public records obtained from Mortgage Electronic Registry System, Sitex.com, and Accurint, the Borrower opened 6 additional mortgages which were not disclosed at the time of the subject property's origination date of 11/10/2005. The Borrower obtained a mortgage on 04/25/2005 which was not disclosed at the time of application. The mortgage amount was $196,200 with a monthly payment of $1,707.The Borrower purchased a property on 09/06/2005 located in Phoenix, AZ and opened a mortgage in the amount of $140,000 with an $862 payment. A second property within this same condo complex was also purchased on 09/06/2005 with a mortgage for $26,250 with a payment of $109. The Borrower purchased a property located in Phoenix, AZ on 11/09/2005 and opened a first mortgage in the amount of $239,200 with a monthly payment of $1,884 and a second mortgage of $59,800 and a monthly payment of $249. Lastly, a mortgage in the amount of $135,000 and a monthly payment of $1,377 was opened in 06/2005 which was attached to an undisclosed address.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The origination credit report contained 8 loan inquiries. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. The non-disclosure of a $6,188 monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt. There is no evidence in the file to indicate that the Borrowers have exhibited the ability to handle an additional $6,188 in monthly obligations.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $6,188 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848515 |
| 15 | 32162760 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/19/2005, in the amount of $121,200, as a purchase of an owner occupied, condominium. The loan was approved as a Stated Income/Stated Assets loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 41.45% debt-to-income ratio. There was a Manual approval dated 12/16/2005, in the loan file. A second mortgage in the amount of $30,300 was closed simultaneously. | SISA | $121,200.00 | 2848422 |
| | . | | 1.04 (c) (v) LMT 2006-1_No Fraud<br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. The loan application indicated the Borrower was employed as a Bartender for 1 year and 2 months. The loan file contained a verbal verification of employment which confirmed the above information.<br>An audit re-verification of employment and income was obtained from the employer listed on the loan application, which revealed the Borrower's actual start date was 06/16/2005; therefore, the Borrower's actual tenure was only 6.5 months.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of his/her financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of default and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Bartender for 1 year and 2 months, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848422 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 1.04 (c) (v) LMT 2006-1_No Fraud

1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her employment and income. The Borrower stated her income as a Bartender earning $4,833 per month on the loan application.An audit re-verification of employment and income was obtained from the Borrower's employer listed on the loan application which revealed the Borrower's actual income was only $1,385 per month the year of the subject loan closing.

The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Research conducted through the U.S. Bureau of Labor Statistics reported the average salary at the 75th percentile for a Bartender in the same geographic region was $1,848 per month. The Borrower's stated income is more than 2.5 times the U.S. Bureau of Labor Statistics' 75th percentile which is a red flag the Borrower's income was overstated.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 142.82%.

Despite the Seller's representations, the Borrower falsely stated employment as a Bartender earning $4,833 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848422 |
| 16 | 32406597 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/26/2005, in the amount of $207,920. There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the subject Note, Mortgage, homeowners' insurance policy, and Title Commitment. There was no other critical documentation provided for the file than was represented on the data tape by the Seller. | Unknown | $207,920.00 | 2848709 |
| . | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848709 |
| . | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, the final TIL was not provided.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848709 |
| . | | | 1.04 (c) (xviii) LXS 2006-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848709 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:31:54 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Final_Version_Wilmington NA_14

| # | ID | Lien | Deal | | Category | Finding | | | Finding Detail | Doc Type | Amount | Loan # | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | 32453342 | 1st | LXS 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/09/2006, in the amount of $280,000.00, under an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1 settlement statement, hazard insurance, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $280,000.00 | 2848726 | |
| . | | | | 1.04 (b) (xii) LXS 2006-7_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) LXS 2006-7_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848726 | |
| . | | | | 1.04 (c) (xviii) LXS 2006-7_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the original appraisal complied with the Act. | | | 2848726 | |
| 18 | 32463341 | 1st | LXS 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/07/2006, in the amount of $486,400, as a purchase of an owner occupied, single family dwelling. The loan was approved as a Stated Income/Verified Asset, with an 80%/95% loan to value/combined loan to value (LTV/CLTV), and a 42.25% debt to income ratio (DTI). There was a Manual approval dated 02/01/2006, in the loan file. | Stated | $486,400.00 | 2848727 | |
| . | | | | 1.04 (b) (xii) LXS 2006-7_DTI_Pool 2 | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 42.25% to 193.90%, which exceeds the represented DTI. | | | 2848727 | |
| . | | | | 1.04 (b) (xii) LXS 2006-7_DTI_Pool 2 1.04 (c) (v) LXS 2006-7_No Fraud 1.04 (c) (vii) LXS 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self employed Physician earning $17,000 per month on the loan application. The Borrower provided 2006 tax returns during loss mitigation, which verified Borrower's actual income for 2006, same year as the subject's loan closing, was $36,518 or $3,043 per month. The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses. Overstating earnings by 25% is significant as the Borrower is qualified on gross income, not taking the standard payroll taxes of Federal income tax and social securities taxes in to consideration. In addition, the Borrower's credit profile was not indicative of annual earnings of $204,000; the Borrower's credit report dated 12/15/2005 reflected a qualifying credit score of 656. The credit report reflected several delinquencies for revolving credit and installment accounts from 2000 through 2003, including 3 collections, which 2 of the collections were paid. Additionally, the Borrower was experiencing a payment shock of 152%. A recalculation of debt to income (DTI) based on the Borrower's verified income yields a Review DTI 194%, which exceeds the Seller's represented DTI of 60%. Despite the Seller's representations, the Borrower falsely stated income as a self employed Physician earning $17,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848727 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/28/2013 5:31:54 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1228**

| 19 | 32706251 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/28/2006 with an amount of $99,400.00 for an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 43% Debt to Income Ratio (DTI). There was a Manual approval dated 04/20/2006, in the loan file. | Stated | | $99,400.00 | 2849013 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | . | | | 1.04 (c) (v) SAS 2006-S3_No Fraud Misrepresentation of Income - No Red Flags Present<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Income - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a telecommunications company earning $21,000 per month on the loan application. The bankruptcy documentation filed by the Borrower on 10/08/2009 with the United States Bankruptcy Court Eastern District of California indicates the Borrower was still self-employed in telecommunications and revealed the Borrower's income in 2007, which was the year after the subject loan closing was $86,893 or $7,241 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self employed in the same line of work.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of debt-to-income ratio (DTI) based on the Borrower's verified income yields a DTI of 164.35%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a telecommunications company earning $21,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2849013 | |
| | . | | | 1.04 (c) (v) SAS 2006-S3_No Fraud Misrepresentation - With No Red Flags Present<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Public records indicated the Borrower continued to occupy the previous residence located in Rancho Cordova, CA. The bankruptcy documentation filed by the Borrower on 10/08/2009 with the United States Bankruptcy Court Eastern District of California indicated the Borrower continued to occupy the previous residence in Rancho Cordova, CA. A search of the Borrower's vehicle registrations, phone records and utilities through Accurint revealed the Borrower never had a vehicle registered or a phone and utilities connected at the subject property. Furthermore, SiteX.com indicated that a homestead exception was filed on the previous primary.<br><br>Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | | 2849013 | |

| 20 | 32791477 | 1st | LXS 2006-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/24/2006, in the amount of [...] under an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $308,000.00 | 2848742 |
| . | | | 1.04 (b) (xii) LXS 2006-9_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2006-9_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848742 |
| . | | | 1.04 (b) (xii) LXS 2006-9_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2006-9_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848742 |
| . | | | 1.04 (c) (xviii) LXS 2006-9_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848742 |
| 21 | 32824823 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/24/2006, in the amount of $35,720, as a purchase of a non-owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Stated Asset loan, with a 20%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 29% Debt to Income Ratio (DTI). There was a Manual approval dated 04/21/2006, in the loan file. | SISA | $35,720.00 | 2849030 |
| . | | | 1.04 (c) (v) SAS 2006-S3_No Fraud  1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A search of public records revealed 5 undisclosed mortgages obtained the same month as the subject closing. A mortgage was obtained on 04/27/2006 for $157,500 with a monthly payment of $1,266 for a property located in Miami, FL. A mortgage was obtained on 04/28/2006 for $356,000 with a monthly payment of $2,247 for a property located in Cooper City, FL. A mortgage was obtained on 04/25/2006 for $261,000 with a monthly payment of $2,218 for a property located in Hialeah, FL. A mortgage was obtained on 04/21/2006 for $125,000 with a monthly payment of $1,198 for a property located in Kissimmee, FL. A mortgage was obtained on 04/21/2006 for $35,720 with a monthly payment of $304 for a property located in Kissimmee, FL. The subject loan closed on 04/24/2006.  The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The non-disclosure of a $7,233 monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt.  A recalculation of Debt to Income Ratio (DTI) based on the Borrower's more reasonable income and undisclosed debt yields a DTI of 261.382%.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $7,233 monthly debt, which constitutes an event of default under the executed Mortgage or Deed of Trust. | | | 2849030 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | . | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vi) SAS 2006-S3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his/her employment income. The Borrower misrepresented income as an Addiction Counselor for 8 years, earning $6,500 per month on the loan application. The loan file contained the Borrower's 2007 tax return, which revealed the Borrower's income for the near year of 2007 was $27,555 or $2,296 monthly. It is unlikely the Borrower's income would have decreased considering the Borrower was employed in the same line of work.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Borrower's capacity to repay could not be properly evaluated due to the overstatement of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses. The U.S. Bureau of Labor and Statistics reported the average salary at the 75th percentile for Substance Abuse and Behavioral Disorder Counselors in the same geographic region was $41,784 or $3,968 per month. The Borrower's stated income is more than 2.5 times the U.S. Bureau of Labor and Statistics' 75th percentile, which is a red flag the Borrower's income was overstated.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income and undisclosed debt yields a DTI of 261.38%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Addiction Counselor for 8 years, earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849030 |
| 22 | 32942872 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/05/2006, in the amount of $79,800, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 20%/100% Loan To Value/Combined Loan To Value (LTV/CLTV). There was a Manual approval dated 05/18/2006, in the loan file. | NIVA | $79,800.00 | 2849073 |
| | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A post closing audit credit report revealed the Borrower purchased a new property 05/09/2006. The Borrower opened two new mortgages for the property; the first mortgage was opened in the amount of $385,600, with a monthly payment of $2,533. The second mortgage was opened in the amount of $96,400, with a monthly payment of $633.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The non-disclosure of a $3,166 monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt. There is no evidence in the file to indicate that the Borrowers have exhibited the ability to handle an additional $3,166 in monthly obligations.<br><br>Despite the Seller's representations, the Borrowers misrepresented his debt obligations by failing to disclose $3,166 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849073 |
| | | | | | | | | | | | |

Cowen_Final_Version_Wilmington NA_14

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-10   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
part 9   Pg 59 of 201

| 23 | 33108135 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/10/2006, in the amount of $105,000.00, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Stated Asset (SISA) loan, with a 20%/100% Loan to Value/Combined Loan To Value (LTV/CLTV), and a 40.16% Debt to Income (DTI). There was a Manual approval dated 08/11/2006, in the loan file. | SISA | $105,000.00 | 2849081 | |
| | . | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The HUD-1 provided in the subject loan file did not adequately reflect the entire transaction for the subject purchase transaction.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849081 | |
| | . | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrowers misrepresented their debt obligations. The audit credit report reflected that the Borrower opened a second mortgage lien in the amount of $50,000 in 06/2006, which was 2 months prior to the subject loan closing date of 08/10/2006. The undisclosed second lien mortgage secured the Borrowers' departing address and resulted in an undisclosed monthly mortgage payment of $133 per month.<br><br>The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The origination credit report contained 9 loan inquiries. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The non-disclosure of a $133 monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt. There is no evidence in the file to indicate that the Borrowers have exhibited the ability to handle an additional $133 monthly obligations.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $133 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849081 | |
| 24 | 33112129 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/28/2006, in the amount of $23,650, as a purchase of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 20%/100% Loan to Value/Combined Loan to Value. There was a Manual approval dated 07/18/2006, in the loan file. | NINENA | $23,650.00 | 2849082 | |
| | . | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed APR (14.2902) is lower than the actual APR (14.515). The Truth in Lending Act considers a disclosed APR inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage transaction.<br><br>The disclosed finance charge ($48,570.91) is ($315.00) below the actual finance charge($48,885.91). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849082 | |
| | . | | | | | | | | | | | | |

Cowen_Final_Version_Wilmington NA_14

| 25 | 33145905 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/28/2006, in the amount of $54,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Stated Asset (SISA) documentation loan, with a 15%/95% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 41.48% Debt to Income (DTI). There was a Manual approval dated 07/28/2006, in the loan file. | SISA | $40,500.00 | 2849088 | |
| | . | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Construction Foreman earning $6,800 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2006 income tax return, which revealed the Borrower earned $1,606 per month during the year of the subject loan closing in 2006.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Borrower's capacity to repay could not be properly evaluated due to the overstatement of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses.<br><br>The U.S. Bureau of Labor Statistics reported that a Construction Laborer located in the same area could expect to earn $2,383 per month in the 75th percentile. Further, the loan file included a verbal Verification of Employment (VOE) that was not properly completed with the Borrower's employment title, source of employer contact and the Borrower's present employment status.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 165.70%.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Construction Foreman earning $6,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849088 | |
| 26 | 33288911 | 1st | LXS 2006-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/13/2006, in the amount of $283,500, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 70%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44% Debt to Income Ratio (DTI). There was a Manual approval dated 09/12/2006, in the loan file. | Stated | $283,500.00 | 2848685 | |
| | . | | 1.04 (b) (xvii) LXS 2006-17_DTI<br><br>1.04 (c) (v) LXS 2006-17_No Fraud<br><br>1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and public records obtained through the Mortgage Electronic Registry System, Accurint, and Sitex.com, the Borrower had 6 undisclosed mortgages at the time of the subject property's origination on 09/13/2006. The Borrower purchased a property located in Jupiter, FL on 08/16/2006 and opened a first mortgage in the amount of $272,000 with a monthly payment of $1,005 and a second mortgage for $34,000 with a payment of $142 per month. The Borrower purchased a second property located in Jupiter, FL on 05/18/2006 and opened a first mortgage for $388,000 with a monthly payment of $2,579 and a second mortgage of $97,000 with a payment of $923 per month. The Borrower also obtained a mortgage in the amount of $282,568 with a monthly payment of $1,177 in 05/2006 with an undisclosed property location.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The origination credit report contained 5 loan inquiries. There is no evidence in the file that new credit inquires were investigated or that a public records search was performed. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. The non-disclosure of a $5,826 monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt.<br><br>A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 275.32%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $5,826 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848685 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/28/2013 5:31:54 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | . | | 1.04 (b) (xvii) LXS 2006-17_DTI<br><br>1.04 (c) (v) LXS 2006-17_No Fraud<br><br>1.04 (c) (xvii) LXS 2006-17_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Sales Executive of a plumbing distribution online business earning $23,000 per month on the loan application. The Borrower also owned a business which his accountant explained was a corporation formed for the purpose of holding his personal assets; however, no income was stated on the application for this employment source. The Borrower filed Chapter 7 Bankruptcy on 02/03/2009. which indicated the Borrower's actual earnings for the year 2007 was $49,014, or $4,085 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self employed in the same line of work.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income and undisclosed debt yields a DTI of 275.32%, which exceeds the Sleer's represented DTI 0f 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Sales Executive of a plumbing distribution online business earning $23,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2848685 |
| 27 | 35847318 | 1st | LXS 2005-3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/19/2005, in the amount of $776,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 37.45% Debt to Income Ratio. There was a Manual approval date 07/18/2005, in the file. | Stated | $776,000.00 | 2848552 |
| | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2848552 |
| | | | 1.04 (c) (v) LXS 2005-3_No Fraud<br><br>1.04 (c) (xvii) LXS 2005-3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Small Business Owner earning $24,646 per month on the loan application. The loan file contained the Borrower's 2006 tax returns which reflected total business income received for the year ending 2006 was $48,529, or $4,044 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self employed in the same line of work.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Borrower's capacity to repay could not be properly evaluated due to the overstatement of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 192.34%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Small Business Owner earning $24,646 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2848552 |

| # | Loan # | Lien | Deal | | | | | | Finding Detail | | | |
|---|--------|------|------|---|---|---|---|---|---|---|---|---|
| 28 | 36211001 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/12/2005 in the amount of $159,200.00 to an investor, 4-unit property. The loan was approved as a Full Documentation loan, with an 80%/100% loan-to-value/combined-loan-to-value, and a 16.67% debt-to-income ratio. The loan was approved a Manual approval dated 08/11/2005, in the loan file. A second mortgage in the amount of $39,800 was closed simultaneously. | Full | $159,200.00 | 2848602 |
| | | | 1.04 (c) (v) LXS 2005-6_No Fraud<br>1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | | The Borrower misrepresented his debt obligations. A review of Mortgage Electronic Registration System and an audit credit report revealed 2 undisclosed mortgages tied to 1 undisclosed property located on the same street as the subject property. The undisclosed first mortgage which closed 08/12/2005, the same day as the subject loan closing, had a loan amount of $159,200 with an estimated monthly payment of $993, using the interest rate of the subject mortgage and the undisclosed second mortgage which closed 08/12/2005, the same day as the subject loan closing, had a loan amount of $39,800 with an estimated monthly payment of $248, using the interest rate of the subject mortgage. The subject mortgage closed on 08/12/2005 as an investment property.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The original credit report reflected 6 inquiries between 05/12/2005 and 07/26/2005. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The non-disclosure of a $1,241 monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt. There is no evidence in the file to indicate that the Borrowers have exhibited the ability to handle an additional $1,241 in monthly obligations.<br><br>A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 148.33%.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $1,241 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848602 |
| 29 | 36502136 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/26/2005, in the amount of $143,500. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1 settlement statement and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $143,500.00 | 2848610 |
| | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, a final TIL was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848610 |
| | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848610 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/28/2013 5:31:54 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 30 | 36883726 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/27/2005, in the amount of $57,600, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 24.84% Debt to Income Ratio (DTI). There was a Manual approval dated 12/01/2005, in the loan file. | Full | $57,600.00 | 2848447 | |
| . | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower filed Bankruptcy on 06/04/2008 with the District of Maryland and the Statement of Financial Affairs revealed the Borrower did not occupy the subject property as indicated on the loan application. The Statement of Financial Affairs revealed the Borrower occupied 2 separate properties in Owings Mills, MD from 2004-2008; however, neither of the properties were the subject, which is located in Baltimore, MD. There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.<br><br>Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848447 | |
| 31 | 36906360 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/28/2005, in the amount of $244,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% loan to value/combined loan to value (LTV/CLTV), and a 44% debt to income ratio (DTI). There was a Manual approval dated 11/28/2005, in the loan file. | Stated | $244,000.00 | 2848520 | |
| . | | | | 1.04 (c) (v) LXS 2005-10_No Fraud<br><br>1.04 (c) (vii) LXS 2005-10_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The loan file contained a verbal verification of employment, dated 11/28/2005, which indicated the Borrower's position was Construction Foreman. An audit re-verification of employment was obtained through the Borrower's employer, which revealed the Borrower's position at the same employer as a Laborer.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of his financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The position of Construction Foreman is of higher compensation and requires more responsibility and qualification than that of Laborer. The Borrower misrepresented a higher position in order to state a higher amount of income. Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Construction Foreman for 5 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. Despite the Seller's representations, the Borrower misrepresented his employment, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848520 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:31:54 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1236**

Cowen_Final_Version_Wilmington NA_14

| | | | | 1.04 (c) (v) LXS 2005-10_No Fraud - No Red Flags Present - Near Year Income Evidence<br><br>1.04 (c) (vii) LXS 2005-10_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his employment and income. The Borrower stated income as a Construction Foreman earning $6,000 per month on the loan application. The Borrower also stated $1,450 per month rental income to be earned from the departure residence. According to a Statement of Financial Affairs, filed by the Borrower with the US Bankruptcy Court, Central District of California, San Bernardino Division, as part of a Chapter 13 bankruptcy case dated 10/05/2009, the Borrower's income for the year 2007 was $3,877 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Borrower's capacity to repay could not be properly evaluated due to the overstatement of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses. Overstating earnings by 25% is significant as the Borrower is qualified on gross income, not taking the standard payroll taxes of Federal income tax and social securities taxes in to consideration.<br><br>Additionally, the loan file contained a verbal verification of employment, dated 11/28/2005, which indicated the Borrower's position was Construction Foreman. An audit re-verification of employment obtained through the Borrower's employer revealed the Borrower's position at the same employer was Laborer. The position of Construction Foreman is of higher compensation and requires more responsibility and qualification than that of Laborer. The Borrower misrepresented a higher position in order to state a higher amount of income. The Borrower also misrepresented the rental income by not vacating the primary residence at the time of origination, which was to be rented for $1,450 per month.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified yields a debt to income ratio (DTI) of 96.60%. | | | 2848520 | |
| | | | | 1.04 (c) (v) LXS 2005-10_No Fraud - With Red Flags Present<br><br>1.04 (c) (vii) LXS 2005-10_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented his intent to occupy the subject property. According to a Voluntary Petition and a Statement of Financial Affairs, Section 15, filed by the Borrower with the US Bankruptcy Court, Central District of California, San Bernardino Division, as part of a Chapter 13 bankruptcy case dated 10/05/2009, the Borrower still resided at the primary residence at the time of origination, which was to be vacated upon the purchase of the subject property and rented as an investment property. The loan file also contained a 2007 1040 tax return form, 2009 bank statement, and post closing letter for the notice of intent to change the interest rate for the subject loan, which all revealed the Borrower's address of residence and mailing address was still the primary residence at the time of origination and an indicator the Borrower never occupied the subject property. A search through the Accurint Utility Locator revealed the Borrower never connected utilities at the subject property which is also an indication the Borrower never occupied the subject property. The driving distance from the subject property to the Borrower's place of employment increased by 30.4 miles as compared to the driving distance from the Borrower's primary residence at the time of origination to the Borrower's employer, which is a red flag the Borrower did not intend to occupy the subject property. There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.<br><br>Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848520 | |
| 32 | 38417986 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/23/2006, in the amount of $62,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 40.72% Debt to Income Ratio. There was a Manual approval dated 06/20/2006, in the loan file. | Stated | $62,000.00 | 2849065 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:31:54 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented their debt obligations. A search of public records revealed the Borrower purchased a property on 03/22/2006 in Hollywood FL. Two mortgages were obtained to facilitate the purchase of this property in the total amount of $410,000, with a total monthly obligation of $3,367.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The non-disclosure of a $3,367 monthly debt prohibits the lender from properly evaluating the Borrowers' ability to repay the subject debt. There is no evidence in the file to indicate that the Borrowers have exhibited the ability to handle an additional $3,347 in monthly obligations.<br><br>A recalculation based on the Borrowers' undisclosed debt and verified income yields a debt to income ratio (DTI) of 84.40%.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $3,347 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849065 | |
| | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. A search of public records revealed the Borrower did not have utilities turned on at the subject property or have the subject property registered as primary residence on the Drivers License or voter registration. The loan file contained a letter from the Borrower explaining the seller of the property was the Borrower's son. Also, the initial mortgage of the subject property, when purchased by the son, is reflected on the Borrower's origination credit report. This should have been a red flag to the underwriter of possible occupancy misrepresentation. The Borrower never departed the previous primary residence, and has never resided in the subject property. There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.<br><br>Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849065 | |

Cowen_Final_Version_Wilmington NA_14

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-10   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 6   Pg 66 of 201

| 33 | 38678793 | 1st | LXS 2006-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/14/2006, in the amount of $178,400, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined loan to Value, and a 37.40% Debt to Income Ratio. There was a Manual approval dated 07/12/2006, in the loan file. | SISA | $178,400.00 | 2848667 | |
| | . | | | 1.04 (b) (xii) LXS 2006-13_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xii) LXS 2006-13_Mortgage File

1.04 (c) (xvii) LXS 2006-13_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject note.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.

Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848667 | |
| | . | | | 1.04 (b) (xii) LXS 2006-13_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2006-13_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848667 | |
| | . | | | | | | | | Grand Total of Repurchase Demand | | $6,648,267.00 | | |

.
.
.

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:31:54 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Description | Breach Count | Rating | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 30894505 | 1st | SASC 2005-17 | | Loan Summary | Loan Summary | The subject loan closed on 08/01/2005, in the amount of $235,500, as a rate/term refinance of an owner occupied Planned Unit Development (PUD). The loan was approved as a Stated Documentation (Stated Income Verified Asset) loan, with a 74.77%/96.67% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37% Debt to Income Ratio (DTI). There was a Manual approval dated 08/01/2005, in the loan file. | 0 | 0 | Stated | $235,500.00 | 2848859 | |
| | | | | 1.04 (v) SAS 2005-17_No Fraud | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Loan Consultant earning $7,000 per month on the loan application. The Borrower filed Bankruptcy on 09/19/2007 with the District of Colorado and the Statement of Financial Affairs revealed the Borrower's income for the closing year of 2005 was $70,519 or $5,877 monthly.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Loan Consultant for a mortgage company earning $7,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | 1 | 3 | | | 2848859 | |
| | | | | 1.04 (c) (v) SAS 2005-17_No Event of Default | | | | | | | | | |
| 2 | 31382567 | 1st | SASC 2005-17 | | Loan Summary | Loan Summary | The subject loan closed on 08/05/2005, in the amount of $184,700, as a purchase of an owner occupied, detached single family residence located in a planned unit development. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The credit package is missing from the loan file; therefore, document type is unknown. The loan file did, however, include the Title, Home Owners Insurance, Note, Hud-1, Mortgage, and post closing documents. | 0 | 0 | Unknown | $184,700.00 | 2848874 | |
| | | | | 1.04 (c) (xii) SAS 2005-17_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | 1 | 3 | | | 2848874 | |
| | | | | 1.04 (c) (xvii) SAS 2005-17_Origination Practices | | | | | | | | | |
| | | | | 1.04 (c) (xviii) SAS 2005-17_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | 2 | 3 | | | 2848874 | |
| 3 | 31422249 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | The subject loan closed on 08/02/2005, in the amount of $90,400, as a cash out refinance of an owner occupied Single Family Residence (SFR). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | 0 | 0 | Unknown | $90,400.00 | 2848578 | |
| | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | 2 | 3 | | | 2848578 | |
| | | | | 1.04 (c) (xvii) LXS 2005-6_Origination Practices | | | | | | | | | |
| | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | 3 | 3 | | | 2848578 | |
| | | | | 1.04 (c) (xvii) LXS 2005-6_Origination Practices | | | | | | | | | |
| | | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | 4 | 3 | | | 2848578 | |
| 4 | 31432065 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | The subject loan closed on 09/14/2005, in the amount of $132,000, as a purchase of a non-owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 24.34% Debt to Income (DTI). There was a Manual approval dated 09/09/2005, in the loan file. | 0 | 0 | Stated | $132,000.00 | 2848611 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk - Loan Review Findings

The Borrower misrepresents his disclosed income. The Borrower falsely stated income as a Bus Driver earning $6200 per month on the loan application. The Bankruptcy section records filed 09/19/2005, in contrast, Borrower earned $2,613 per month in 2007, the subsequent 2 years after the loan closing date 09/22/2005. In contrast, the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Bus Driver earning $6,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.

| 5 | 31476112 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/22/2005, in the amount of $412,000, as a purchase of a second home located in a condominium. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.82% Debt to Income (DTI). There was a Manual approval dated 09/19/2005, in the loan file. | SISA | $412,000.00 | 2848612 |

| | | | 1.04 (c) (v) LXS 2005-8_No Fraud / 1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Public records and the Bankruptcy 13 petition records filed 11/24/2008 indicated that the Borrower acquired a Home Equity Line of Credit on her primary residence in the amount of $248,500, on 10/17/2005, 25 days after the subject loan closing, with a calculated payment at 1% of the balance in the amount of $2,485 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $2,485 monthly debt, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848612 |

| | | | 1.04 (c) (v) LXS 2005-8_No Fraud / 1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her self-employment on the loan application. The Bankruptcy petition records were filed 11/24/2008 as a chapter 13 and 05/24/2010 as a chapter 7 indicated on section 18 of the Statement of Financial Affairs that the Borrower was not self-employed for the previous 6 years of the Bankruptcy filing dates. The loan application indicated the Borrower was a self-employed Real Estate Broker; however, the Certified Public Accountant's (CPA) letter reflected the Borrower as a self-employed Loan Originator of Mortgages and the origination credit report indicated the Borrower as a Loan Processor, inconsistencies which were all notices of potential misrepresentation. The CPA through an re-verification of the CPA self-employment verification letter, indicated the letterhead and signature were accurate; however, the format and phone number were not correct and was the second occurrence of inaccurate information being presented for confirmation for the Borrower.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Real Estate Broker for 6 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848612 |

| | | | 1.04 (c) (v) LXS 2005-8_No Fraud / 1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a self-employed Real State Broker earning $21,350 per month on the loan application. The Bankruptcy Records reflected the Borrower as a wage earner and not self-employed as reflected in the loan application.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a self-employed Real Estate Broker earning $21,350 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848612 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 6 | 31503550 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 07/31/2006, in the amount of $156,750.00, as a refinance of a second home. The loan was approved as a stated income/verified asset loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.49% Debt to Income (DTI). There was a Manual approval dated 08/10/2005, in the loan file. | Stated | $156,750.00 | 2848329 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) LMT 2006-1_No Fraud | Misrepresentatio n of Debt Obligations - With Red Flags Present | Misrepresentatio n of Debt Obligations | 1 3 | The Borrower misrepresented her debt obligations. Public records and the Audit Credit Report indicated the Borrower acquired an automobile loan in 07/2006, the month prior to the subject loan closing, in the amount of $12,538 with a payment of $315.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $315 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848329 |
| | | | | 1.04 (c) (vii) LMT 2006-1_No Event of Default | | | | | | | |
| 7 | 31649304 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 09/20/2005, in the amount of $1,172,500, as a cash-out refinance of a second home, single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 70%/80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.47% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The Purchase Review Worksheet indicated the subject loan was closed as a Stated Income/Stated Asset document type. | SISA | $1,172,500.00 | 2848620 |
| . | | | | 1.04 (c) (v) LXS 2005-8_No Fraud | Misrepresentatio n of Income - Red Flags Present - Near Year Income Evidence | Misrepresentatio n of Income | 1 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of a Construction business earning $34,000 per month on the loan application. Per the Borrower's Chapter 7 Bankruptcy documentation filed on 01/29/2009, the Borrower's actual earnings for the year of 2006 were $9,206, or $767 per month. The Seller indicated the source of her 2006 income was from her ownership of her business, which also was the source of income during the subject loan closing on 09/20/2005. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a construction business earning $34,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848620 |
| | | | | 1.04 (c) (vii) LXS 2005-8_No Event of Default | | | | | | | |
| 8 | 31751464 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 10/03/2005, in the amount of $240,000, as a cash out refinance of an owner occupied, single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The credit package is missing from the loan file; therefore, document type is unknown. The loan file did, however, include the Title, Home Owners Insurance, Note, Hud-1, Mortgage, and post closing documents. | Unknown | $240,000.00 | 2848694 |
| . | | | | 1.04 (b) (vii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848694 |
| | | | | 1.04 (c) (xvii) LXS 2006-5_Origination Practices | | | | | | | |
| . | | | | 1.04 (c) (xviii) LXS 2006-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848694 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 32082752 | 1st | LXS 2006-1 | | Loan Summary | Loan Summary | 0 D | Unknown | $486,450.00 | 2848650 |

The subject loan closed on 04/14/2006, in the amount of $486,450, as a purchase of an owner occupied single family residence. The loan was approved with a 87.27% loan to value /combined loan to value (LTV/CLTV). There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the final HUD-1 settlement statement, Title Commitment, Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller.

| | | | | 1.04 (b) (xii) LXS 2006-1_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 3 | | | 2848650 |

The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

| | | | | 1.04 (c) (xviii) LXS 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 3 | | | 2848650 |

The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. The loan file did not contain an origination appraisal.

| 10 | 32714164 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 D | NI | $51,600.00 | 2849016 |

The subject loan closed on 04/05/2006, in the amount of $51,600 as a purchase of an owner occupied single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset) with a 20%/100% loan to value/combined loan to value. There was a Manual approval, dated 04/04/2006 in the loan file.

| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud

1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 3 | | | 2849016 |

The Borrower misrepresented his employment on the loan application. The Borrower indicated employment as a Translator for a law firm for 2 years and the loan file contained a verbal employment letter from the mortgage broker confirming the Borrower's employment information. The loan file contained the Borrower's 2006 income tax return and a copy of a 1099 from the law firm indicated on the loan application. The 2006 tax return contained a Schedule C which revealed the Borrower was actually a sole proprietor in the transportation industry with the same income from the 1099. Therefore, the Borrower misrepresented employment by not disclosing the self-employment and the proper job description.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as Translator for a law firm for 2 years, which constituted an event of default under the executed Mortgage and or Deed of Trust.

| 11 | 32716359 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 D | Unknown | $25,400.00 | 2849017 |

The subject loan closed on 04/20/2006, in the amount of $25,400, as a purchase of an owner occupied single family residence. The loan was approved with a 20%/100% loan to value /combined loan to value to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the Title Commitment, homeowners insurance, the subject Note and the Mortgage, and the first lien Note. There was no other critical documentation provided for the file that was represented on the data tape by the Seller.

| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 3 | | | 2849017 |

The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 3 | | | 2849017 |

The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

| | | | | 1.04 (c) (xviii) SAS 2006-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | | | 2849017 |

The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an origination appraisal.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act.

| 12 | 32723389 | 1st | LXS 2006-9 | | Loan Summary | Loan Summary | 0 D | Stated | $377,920.00 | 2848738 |

The subject loan closed on 02/16/2006, in the amount of $377,920, as a purchase of an owner occupied, single family dwelling. The loan was approved as a stated income/verified asset loan (SIVA), with an 80%/100% loan to value/combined loan to value (LTV/CLTV), and a 47.31% debt to income (DTI). There was neither an automated underwriting system approval (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xvi) LXS 2006-9_DTI | | | | | | | 2848738 |

The Seller represented and warranted that the subject loan would not have a Debt of Income that is excess of 66%.

Despite the Seller's representations, the re-calculation of the DTI based on the Borrower's more reasonable income results in an increase from 47.31% to 174.85%, which exceeds the represented DTI.

| | | | 1.04 (b) (xvii) LXS 2006-9_DTI<br><br>1.04 (c) (v) LXS 2006-9_No Fraud<br><br>1.04 (c) (vii) LXS 2006-9_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | | | 2848738 |

The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Truck Driver earning $13,500 per month on the loan application. The Borrower provided 2007 tax returns during loss mitigation, which verified Borrower held the same position with the same employer and Borrower's near year income for 2007 was $30,456 or $2,546 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

The Borrower's capacity to repay could not be properly evaluated due to the overstatement of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses. Overstating earnings by 25% is significant as the Borrower is qualified on gross income, not taking the standard payroll taxes of Federal income tax and social security taxes into consideration.

A recalculation of DTI based on the Borrower's verified income yields a DTI of 174.85%, which exceeds the Seller's represented 66%.

Despite the Seller's representations, the Borrower falsely stated income as a self-employed Truck Driver earning $13,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 13 | 32880114 | 2nd | SASC 2006-S3 | Loan Summary | Loan Summary | 0 | 0 | Full | $41,800.00 | 2849039 |

The subject loan closed on 05/26/2006, in the amount of $41,800, as a purchase of a second home. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 25.91% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.

The loan file contained a Pricing Summary dated 05/25/2006.

| | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | | | 2849039 |

The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a completed and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

| | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | | | 2849039 |

The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

| | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | | | 2849039 |

The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Teacher earning $6,250 per month on the loan application. The Co-Borrower falsely stated income of $2,750 per month as a Security Person for the public school system. Audit verification of income and employment was obtained through The Work Number, which revealed the Borrower's income for the closing year of 2006 was $70,498 or $5,958 monthly. Audit verification of income and employment was obtained through The Work Number, which revealed the Co-Borrower's income for the closing year of 2006 was $11,319 or $943 monthly.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Teacher for the public school system earning $6,250 per month on the loan application and the Co-Borrower falsely stated employment as a Security for the public school system earning $2,750 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust.

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

**Digital Risk - Loan Review Findings**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 32882938 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on ___, in the amount of ___, as a purchase of an owner occupied single family residence. The loan was approved as a No Documentation (No Income/No Employment, No Asset verification) loan, with a 30%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 05/22/2006, in the loan file. | NINENA | $100,500.00 | 2849040 |
| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849040 |
| | | | | 1.04 (c) (xvii) SAS 2006-S3_Origination Practices | | | | | | | | |
| 15 | 32909897 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/31/2006, in the amount of $134,050, as a purchase of an owner occupied, single family dwelling. The loan was approved as a No Documentation loan(No Income, No Employment, and No Asset verification) with a 20%/94.72% Loan to value/combined loan to value (LTV/CLTV). There was a manual approval dated 05/25/2006, in the loan file. | NINENA | $134,050.00 | 2849042 |
| . | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | | The Borrower misrepresented her intent to occupy the subject property. The Borrower did not occupy the subject property as their primary residence after the subject loan's closing date of 05/31/2006, as required. According to a search of public records obtained through Accurint, the Borrower occupied departing residence from 1998 through present. Per Accurint, the Borrower's driver's license, and vehicle registration also verified that Borrower continued to occupy departing residence located in Miami, FL. A public record search of utilities using the Borrower's Social Security Number also revealed the Borrower maintained phone service at addresses in Miami, FL other than the subject property. The search through Accurint also reflected several other individuals occupying the subject property prior to and after the subject's loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849042 |
| 16 | 33127572 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/17/2006, in the amount of $33,600, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.91% Debt to Income (DTI). There was a Manual approval dated 08/28/2006, in the loan file. | Stated | $33,600.00 | 2849085 |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Banking Services Specialist earning $5,300 per month on the loan application. The audit re-verification of employment obtained through the Work Number indicated the Borrower earned $4,703 per month for 2006, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Banking Services Specialist earning $5,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849085 |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. Public records indicated the Borrower remained at the proposed departure residence in which the loan application indicated no rent payment. Public records also reflected numerous individuals occupying the subject property from 03/2004 to 12/2012. Post closing paystubs obtained from the modification/foreclosure process, for the subsequent year 2007, also indicated the Borrower remained at the proposed departure residence.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849085 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk - Loan Review Findings

| 17 | 33165838 | 1st | LXS 2006-17 | | Loan Summary | Loan Summary | 0 | 0 | The loan closed on 07/17/2006, in the amount of $700,000.00, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 100% loan/loan/combined loan-to-value, and a 38.87% debt-to-income ratio. There was a Manual approval dated 07/19/2006, in the loan file. | Stated | $700,000.00 | 2848672 |
| | . | | | 1.04 (b) (xvii) LXS 2006-17_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt-to-income ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 38.87% to 170.79%, which exceeds 60%. | | | 2848672 |
| | . | | | 1.04 (b) (xvii) LXS 2006-17_DTI<br>1.04 (c) (v) LXS 2006-17_No Fraud<br>1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Truck Driver earning $15,000 per month on the loan application. The loan file contained post-closing 2006 tax returns which revealed the Borrower's actual income for the year of the subject loan closing was actually $26,802 or $2,234 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of DTI based on the Borrower's verified income yields a DTI of 170.79%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Truck Driver earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848672 |
| 18 | 33174582 | 1st | LXS 2006-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/07/2006, in the amount of $364,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Stated Assets loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 47.89% debt-to-income ratio. There was a Manual approval dated 08/04/2006, in the loan file. A second mortgage in the amount of $91,000 was closed simultaneously. | SISA | $364,000.00 | 2848673 |
| | . | | | 1.04 (b) (xvii) LXS 2006-17_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt-to-income ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 47.89% to 63.35%, which exceeds 60%. | | | 2848673 |
| | . | | | 1.04 (b) (xvii) LXS 2006-17_DTI<br>1.04 (c) (v) LXS 2006-17_No Fraud<br>1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Manager earning $8,300 per month on the loan application. The bankruptcy documentation filed by the Borrower on 12/04/2009 with the United States Bankruptcy Court Northern District of California indicated the Borrower's income for 2007, the year after the subject loan closing, was $70,133 or $5,844 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Manager earning $8,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848673 |
| | . | | | 1.04 (c) (v) LXS 2006-17_No Fraud<br>1.04 (c) (vii) LXS 2006-17_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented her employment on the loan application. The loan application indicated the Borrower was a Manager for 1 year and 7 months, which was verified by a verbal verification of employment. The bankruptcy documentation filed by the Borrower on 12/04/2009 with the United States Bankruptcy Court Northern District of California indicated the Borrower was still employed with the same employer, however the Borrower's actual position was an Assistant Bar Manager.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Manager for 1 year and 7 months, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848673 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| # | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | 33198730 | 1st | LXS 2006-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/20/2007, in the amount of $368,000.00, as a cash-out refinance of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a No Income, No Employment, No Asset Verification (No Documentation) loan, with an 80%/90% Loan To Value/Combined Loan To Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NINENA | $368,000.00 | 2848676 |
| . | | | | 1.04 (c) (v) LXS 2006-17_No Fraud<br><br>1.04 (c) (vii) LXS 2006-17_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. The audit credit report and the Borrower's utility report indicated that the Borrower occupied the subject property up to 03/2007. The MERS report indicated that the Borrower had purchased a different property on 02/02/2007 that was also located in Bradenton, Florida. The audit credit report indicated that the Borrower occupied the new property since 03/2007 and the Borrower's utility report obtained through Accurint also supported that the Borrower occupied new utilities in the Borrower's name at the newly purchased property in Bradenton, Florida on 02/23/2007 and 04/01/2007, which was only 6 to 8 months after the subject loan closing date of 08/16/2006. Additionally, the utility report also indicated that the Borrower opened utilities in the Borrower's name at a second property also located in Bradenton, Florida on 03/20/2007 that was purchased on 03/20/2007, which was only 7 months after the subject loan closing date of 08/16/2006. Further research conducted through Accurint revealed that the Borrower changed her address from the subject address to the newly purchased property on her driver's license on 07/17/2007 and her cosmetology license 07/18/2007. Additionally, Accurint also reported that the Borrower changed the address on her vehicle registration from the subject address to the newly purchased property on 10/23/2006, which was only 2 months after the subject loan closing date of 08/16/2006. Based on the aforementioned evidence obtained at audit through the MERS report, the audit credit report and Accurint revealed that the Borrower did not occupy the subject property for a full 12 months after the subject loan closing date of 08/16/2006 as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848676 |
| 20 | 33235532 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/17/2006, in the amount of $25,050, as a purchase of a second home located in a Planned Unit Development (PUD). The loan was approved as a No Income, No Employment, No Asset Verification (No Documentation) loan, with a 79%/89.87% Loan To Value/Combined Loan To Value (LTV/CLTV), and a Debt to Income (DTI) was not required. There was a Manual approval dated 08/21/2006, in the loan file. | NINENA | $25,050.00 | 2849102 |
| . | | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849102 |
| 21 | 33264805 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/25/2006, as a second lien, in the amount of $26,000, as a cash-out refinance of an owner occupied, single family residence in a planned unit development. The loan was approved as a Stated Income/Stated Asset loan, with a 10%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32.14% Debt to Income Ratio (DTI). There was a Manual approval dated 09/22/2006, in the loan file. | SISA | $26,000.00 | 2849107 |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Per the audit credit report and public records obtained from Sitex, the Borrower purchased a property located in Miami, FL on 10/24/2006, which was within 30 days of the subject loan closing on 09/25/2006. The Borrower opened a first mortgage in the amount of $511,500 and a monthly payment of $1,303 and a second mortgage of $60,500 with a monthly payment of $633. Both mortgages were not disclosed at the time of the subject loan's origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,936 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849107 |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud - No Red Flags Present<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Income - No Return - With Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Vice President of a mortgage company earning $6,000 per month on the loan application. The loan file contained post-closing documentation of which the Borrower's 2006 1040 Tax Return along with all schedules. Schedule C indicated the Borrower was self-employed in 2006, the year of the subject loan closing, and earned $333 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Vice President of a mortgage company earning $6,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849107 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | 2849107 |
|---|---|---|---|---|---|---|---|---|---|---|

The Borrower represented they intended to occupy the subject property. The audit contained title closing documentation of where the Borrower's current home is located. Along with a 1008 that reflected the subject property was a rental property. The Schedule E reflected the subject property as an 81% indicated rental income was received during the year closing, 2006. Additionally, the Borrower's home address on page 1 of the tax return reflects an address that is also owned by the Borrower located in Miami, FL.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage or Deed of Trust.

| 22 | 33276775 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | | Stated | $375,000.00 | 2849108 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

The subject loan closed on 09/07/2006, in the amount of $375,000, as a purchase of an owner-occupied single family property. The loan was approved as a Stated Income/Verified Assets loan, with a 15.306%/76.531% Loan to Value/Combined Loan to Value, and a 34% Debt to Income ratio. There was a Manual approval dated 09/07/2006, in the loan file.

| . | | | | 1.04 (b) (xiii) SASC 2006-S4_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | | | | 2849108 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xvii) SASC 2006-S4_Origination Practices | | | | | | | | |

The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

The disclosed finance charge ($479,884.83) is ($174.48) below the actual finance charge($480,059.31). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge.

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.

| . | | | | 1.04 (c) (v) SASC 2006-S4_No Fraud | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 2 | 3 | | | | 2849108 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (vii) SASC 2006-S4_No Event of Default | | | | | | | | |

The Borrowers misrepresented their ownership of the following assets. The loan contained a Verification of Deposit for one of the Borrowers' checking accounts that had a balance of $773,689. An audit verification was performed on the same checking account which revealed that the name and account number did not match; therefore, could not be used to represent the Borrowers' assets.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the amount of assets verified was misrepresented by $773,689; The Borrowers falsely disclosed that they had $572,502 down payment when in fact they had $85,525, which constitutes an event of default under the executed Mortgage and or Deed of Trust.

| 23 | 33310921 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | | SISA | $35,000.00 | 2849110 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

The subject loan closed on 09/20/2006, in the amount of $35,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Stated Asset documentation loan, with a 20%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 44.754% Debt to Income (DTI). There was a Manual approval dated 09/20/2006, in the loan file.

| . | | | | 1.04 (c) (v) SASC 2006-S4_No Fraud | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | | | | 2849110 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (vii) SASC 2006-S4_No Event of Default | | | | | | | | |

The Borrower misrepresented her debt obligations. Per the audit credit report, the Borrower opened an undisclosed installment loan in the amount of $2,585 with an undisclosed monthly payment of $107 per month in 07/2006, which was only 2 months prior to the subject loan closing date of 09/20/2006.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $107 monthly debt, which constitutes an event of default under the executed Mortgage or Deed of Trust.

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| 24 | 33477795 | 2nd | SASC 2006-S4 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on [...], in the amount of [...], as a refinance of a single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value and 44.77% debt to income ratio. There was a Manual approval, dated 10/12/2006 in the loan file. | Stated | $93,300.00 | 2849122 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA / 1.04 (c) SAS 2006-S4_Origination Practices | Right of Rescission Invalid /Incomplete / Stale / Incorrect | Failure to Provide Right of Rescission | 1 | 3 | "The subject loan did not comply with applicable law. The Truth in Lending Act required a valid Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the Right of Rescission disclosure contained in the loan file was invalid for the following reason: The loan disbursement date (20061023) is earlier than, or the same day as, the calculated "Right to Cancel Expire Date" (20061023). Under Reg Z, funds may not be disbursed to the borrower until after the expiration of the rescission period.<br><br>Failure to properly execute a right of rescission prior to closing exposes the lender to rescission rights in a foreclosure for the life of the loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849122 |
| . | | | 1.04 (c) (v) SAS 2006-S4_No Fraud / 1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Leasing Administrator earning $9,439 per month on the loan application. The loan file contained the Borrower's 2006 joint income tax return for 2006, as part of the post-closing documentation, which evidenced the total wages earned in the same year as the subject closing $84,284, or $7,023 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The loan file contained the Borrower's 2006 joint income tax return for 2006, as part of the post-closing documentation, which evidenced the total wages earned in the same year as the subject closing $84,284, or $7,023 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Leasing Administrator earning $9,439 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849122 |
| 25 | 35278704 | 1st | SASC 2005-10 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/20/2005, in the amount of $160,000, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.52% Debt to Income (DTI). There was a Manual approval dated 04/19/2005, in the loan file. | Stated | $160,000.00 | 2848829 |
| . | | | 1.04 (c) (xxiii) SAS 2005-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848829 |
| 26 | 35449792 | 1st | SASC 2005-17 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/16/2005, in the amount of $100,000, as a purchase of an investment condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 45.46% Loan to Value/Combined Loan to Value, and a 41.53% Debt to Income Ratio. There was a Manual approval dated 06/03/2005, in the loan file. | Stated | $100,000.00 | 2848879 |
| . | | | 1.04 (c) (v) SAS 2005-17_No Fraud / 1.04 (c) (vii) SAS 2005-17_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A search of public records indicated the Borrowers' had 3 mortgages opened the same month of the subject closing in the total amount of $850,750, with a monthly payment of $4,600.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $4,600 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848879 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 27 | 36293561 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 11/29/2005, in the amount of $152,500, as a rate and term refinance of an owner occupied single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.

The loan file only contained the Note, HUD-1, Title, Home owner's hazard insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $152,500.00 | 2848605 |
| . | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848605 |
| . | | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848605 |
| 28 | 36532117 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 0 | The loan file only contained the Note, and the Mortgage, the HUD. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $101,175.00 | 2848635 |
| . | | | | 1.04 (b) (xii) LXS 2005-8_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2005-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848635 |
| . | | | | 1.04 (c) (xviii) LXS 2005-8_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848635 |
| 29 | 36552123 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 09/26/2005, in the amount of $191,200, as a rate and term refinance of an owner occupied Single Family Residence (SFR). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.

The loan file only contained the Note, Title, Home owner's insurance, HUD-1, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $191,200.00 | 2848436 |
| . | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848436 |
| . | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848436 |
| . | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848436 |

| 30 | 37252343 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/27/2006 in the amount of $520,000.00 in a cash-out refinance in an owner occupied single family home. The loan was originated with an 80%/90% loan to value/combined loan to value (LTV/CLTV). There was neither an automated Underwriting System (AUS) nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.  The loan file only contained the Borrower's HUD-1 Settlement Statement, subject Note, Mortgage, homeowners' insurance policy, and Title. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. Per the final HUD-1 Settlement Statement, the Borrower paid the mortgage debt and received $17,597 at the time of disbursement. | Unknown | $520,000.00 | 2848712 |
| . | | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848712 |
| . | | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848712 |
| . | | | | 1.04 (c) (xviii) LXS 2006-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848712 |
| 31 | 37624293 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The loan file only contained the Note, and the Mortgage, the HUD. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $132,000.00 | 2848716 |
| . | | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848716 |
| . | | | | 1.04 (c) (xviii) LXS 2006-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848716 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

# Digital Risk - Loan Review Findings

| 32 | 38172318 | 2nd | SASC 2006-S3 | Loan Summary | Loan Summary | 1 | 0 | The subject loan closed on 06/20/2006, in the amount of $80,000, as a purchase of an owner occupied single family residence property. The loan fee was missing credit decision/approval, unable to determine loan program, loan to value, combined loan to value. The current loan ratio. Qualified Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $80,000.00 | 2849060 |
| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849060 |
| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849060 |
| | | | | 1.04 (b) (xviii) SAS 2006-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act.  The origination appraisal was missing from loan file. | | | 2849060 |
| 33 | 38370177 | 2nd | SASC 2006-S3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/20/2006, in the amount of $59,800, as a purchase of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Stated Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.54% DTI. There was a manual approval dated 06/19/2006, in the loan file. | Stated | $59,800.00 | 2849063 |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud  1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The Bankruptcy petition records filed 09/07/2012 indicated the Borrower opened a new self-employed business in 2006, the year of the subject loan closing, after moving from Ohio.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as Owner of an evacuating company for 7.5 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849063 |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud  1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a home based excavating business earning $9,100 per month on the loan application. The Bankruptcy petition filed 09/07/2012 indicated the Borrower started a new self-employed business in 2006, the year of the subject loan closing.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as an Owner of a home based excavation business earning $9,100 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849063 |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud  1.04 (c) (vii) SAS 2006-S3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Bankruptcy petition records filed 09/07/2012 indicated the Borrower did not occupy the subject property after the closing date of 06/20/2006 and occupied another property from 07/2006 to 06/2011.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849063 |
| 34 | 38524351 | 1st | LXS 2006-13 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/12/2006, in the amount of $640,000, as a rate and term refinance of an owner occupied, single family dwelling. The loan was approved as a stated income, verified asset loan (SIVA), with a 76.65% loan to value, combined loan to value (LTV/CLTV), and a 53.63% debt to income (DTI). The SIVA program requires income to be stated; however, employment and assets must be verified. There was a manual approval dated 07/11/2006, in the loan file. | SISA | $640,000.00 | 2848665 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk - Loan Review Findings

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) LXS 2006-13_No Fraud - With No Red Flags Present | Misrepresentation of Employment | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. As loan application, Borrower stated employment as a Sales Manager for 7 years. However, the financial statement dated 06/2009, during loss mitigation, which verified differently here than stated on application. The borrower indicated employment for a Shoe business for 5 years; the Borrower's start date would have been in 2004. The Borrower file chapter 7 Bankruptcy on 02/15/2012; according to schedule I, Borrower stated same employment as listed on financial statement. The subject loan closed on 07/12/2006. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated employment as Sales Manager for 7 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | 2848665 |
| | | 1.04 (c) (vii) LXS 2006-13_No Event of Default | | | | | | | | | |
| | . | | 1.04 (c) (v) LXS 2006-13_No Fraud - With No Red Flags Present | Misrepresentation of Income - Red Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Sales Manager for a cellular phone company earning $10,500 per month on the loan application. The Borrower provided 2007 tax returns, which verified Borrower's near year income for 2007 as $87,300 or $7,275 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as a Sales Manager for a cellular phone company earning $10,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2848665 |
| | | 1.04 (c) (vii) LXS 2006-13_No Event of Default | Near Year Income Evidence | | | | | | | | |
| 35 | 38986733 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 9/05/2006, in the amount of $8,682, as a purchase of an owner occupied single-family residence. The loan was approved as a No Income, No Employment, No Asset Verification loan, with a 20%/100% Loan to Value/Combined Loan to Value. There was a manual approval dated 8/31/2006, in the loan file. | NINENA | $82,682.00 | 2849139 |
| | . | | 1.04 (c) (v) SAS 2006-S4_No Fraud - With No Red Flags Present | Occupancy Misrepresentation | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. The final loan application dated 9/05/2006 reflects the Borrower purchased the subject property as an owner occupied in Los Banos, CA. The loan application reflects the Borrower as a renter of 5 years living in San Pablo, CA. The subject property closed on 9/05/2006. The loan file contained post-closing 2006 tax returns which verify the Borrower's original primary property located in San Pablo, CA is the same property as reflected on the 1003 as a renter for 5 years. In addition the loan file contained 2007 tax returns which reflect the same original property as the Borrower's primary residence and not the subject property which was approved as an owner occupied. Further, the loan file contained 2008 pay stub dated 8/01/2008 which reflects the same original property located in San Pablo, CA as the primary residence. Bank statements dated 7/16/2008 further support the claim the Borrower never maintained a residence at the subject property as the original property in San Pablo, CA was reflected on the asset documentation. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | 2849139 |
| | | 1.04 (c) (vii) SAS 2006-S4_No Event of Default | | | | | | | | | |
| | . | | | | | **Grand Total of Repurchase Demand** | | | | **$8,080,377.00** | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 5:20:22 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 121213557 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/21/2006, in the amount of $46,534, as a purchase transaction. There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $46,534.00 | 2849072 | |
| . | | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849072 | |
| . | | | | 1.04 (c) (xviii) SAS 2006-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849072 | |
| 2 | 18323170 | 1st | SASC 2004-23XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/25/2004, in the amount of $224,000, as a cash-out refinance. There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $224,000.00 | 2848789 | |
| . | | | | 1.04 (b) (xii) SAS 2004-23XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-23XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848789 | |
| . | | | | 1.04 (b) (xii) SAS 2004-23XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-23XS_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2848789 | |
| . | | | | 1.04 (c) (xviii) SAS 2004-23XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848789 | |

Cowen_Final_Version_Wilmington NA_12

| 3 | 30584759 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/22/2005 with a loan amount of $590,000 as a cash-out refinance of a second home, condominium. The loan closed with a 65.56% Loan To Value/Combined Loan To Value (LTV/CLTV). It was not possible to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' note, mortgage, homeowner's insurance, HUD-1 Settlement Statement and title report. There were no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $590,000.00 | 2848475 | |
| . | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL statement.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2848475 | |
| . | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2848475 | |
| . | | | | 1.04 (c) (xviii) LXS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848475 | |
| 4 | 30592109 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/28/2005, in the amount of $84,000, as a purchase of a second home, condominium. Based on the loan approval, the subject loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 43.98% Debt to Income (DTI). There was a Manual approval dated 03/28/2005, in the loan file. | Stated | $84,000.00 | 2848476 | |
| . | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The disclosed APR (6.12) is lower than the actual APR (6.2784). The Truth in Lending Act considers a disclosed APR inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17(f), 1026.19(a)(2), & 1026.22(a)(2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848476 | |
| . | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The disclosed finance charge ($103,586.49) is ($3,878.48) below the actual finance charge($107,464.97). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848476 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/5/2013 2:18:43 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Report

| # | Loan # | Lien | Deal | Finding Code | Finding Type | Finding Name | | | Description | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2005-1_No Fraud<br><br>1.04 (c) (vii) LXS 2005-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Systems Administrator earning $7,985 per month on the loan application. The Borrower's capacity to repay can be materially impacted by an overvaluation of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses. The Borrower filed a chapter 13 bankruptcy on 11/25/2008, which revealed that the Borrower actually earned $6,259 per month from the same employer during the near year of 2006. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Systems Administrator earning $7,985 per month on the loan application, which constitutes a breach of the executed Deed of Trust. | | | 2848476 |
| 5 | 30745459 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/29/2005, in the amount of $190,000, as a cash out refinance of an owner occupied condominium. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title, Home owners insurance, HUD-1, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $190,000.00 | 2848526 |
| | | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848526 |
| | | | | 1.04 (c) (xviii) LXS 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848526 |
| 6 | 30971212 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/02/2005, in the amount of $187,920, as a purchase of a non owner occupied condominium. The loan was approved as a full documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 33% Debt to Income ratio (DTI). There was a Manual approval dated 06/02/2005, in the loan file. | Full | $187,920.00 | 2848531 |
| | | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file contained a final HUD-1; however, the fees listed are illegible.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848531 |
| | | | | 1.04 (c) (v) LXS 2005-3_No Fraud<br><br>1.04 (c) (vii) LXS 2005-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented their debt obligations. A post closing audit credit report revealed the Borrowers purchased an investment property for $223,130, on 05/26/2005, and opened two new mortgages prior to the subject closing date. The first mortgage was opened with a loan amount of $178,504, with a monthly payment of $1,867. The second mortgage was opened in the amount of $44,626, with a monthly payment of $476.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $2,343 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848531 |

Cowen_Final_Version_Wilmington NA_12

| 7 | 31027683 | 1st | SASC 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/15/2005, in the amount of $125,200, as a purchase of an owner occupied condo. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 40% Debt-to-Income Ratio (DTI). There was a Manual approval dated 06/12/2005, in the loan file. | Full | $125,200.00 | 2848846 |
|  | . |  |  | 1.04 (c) (v) SAS 2005-15_No Fraud<br><br>1.04 (c) (xii) SAS 2005-15_No Event of Default | Occupancy Misrepresentation – With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower filed Bankruptcy on 08/16/2007 with the District of Colorado and the Statement of Financial Affairs revealed the Borrower did not occupy the subject property as indicated on the loan approval. The Statement of Financial Affairs revealed the Borrower had occupied a property located in Denver, CO as his primary residence for the past 3 years. The subject closed on 06/15/2005. There is no evidence in the file that at least one named Borrower occupied the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. |  |  | 2848846 |
| 8 | 31042104 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/20/2005, in the amount of $99,200, as a purchase of a primary residence. The subject loan was closed with an 80%/100% LTV/CLTV. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The credit package is missing from the loan file; therefore, document type is unknown. The loan file did, however, include the Title, Homeowners Insurance, Note, Hud-1, and the Mortgage. | Unknown | $99,200.00 | 2848537 |
|  | . |  |  | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. |  |  | 2848537 |
|  | . |  |  | 1.04 (c) (xviii) LXS 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. |  |  | 2848537 |
| 9 | 31320948 | 1st | SASC 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/27/2005, in the amount of $194,800, as a purchase of a single family residence in a planned unit development. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. In addition, the loan file only contained the Borrower's Note, title, Hud-1, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $194,800.00 | 2848870 |
|  | . |  |  | 1.04 (b) (xii) SAS 2005-17_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-17_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. |  |  | 2848870 |
|  | . |  |  | 1.04 (c) (xviii) SAS 2005-17_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. |  |  | 2848870 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 31360340 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/19/2005 and disbursed on 07/28/2005, in the amount of $355,371, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income Verified Asset (SIVA) loan, with an 85.00% Combined Loan to Value (LTV/CLTV), and a 44.63% Debt to Income ratio (DTI). There was a Manual Approval dated 06/24/2005, in the loan file. Per the final HUD-1 Settlement Statement, the Borrower paid the mortgage debt, other debt of $28,393, and received $1,640 cash back at closing. | Stated | $355,371.00 | 2848576 | |
| | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. The disclosed finance charge ($417,132.41) is ($97.95) below the actual finance charge ($417,230.36). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i)(2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848576 | |
| | | | | 1.04 (c) (v) LXS 2005-6_No Fraud<br><br>1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Nurse earning $7,850 per month on the loan application. The loan file contained a 2007 W-2 from the same employer as disclosed on the subject loan application, which revealed the Borrower earned $4,370 per month for 2007. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The loan file contained a loan application at the time of origination, which indicated the Borrower's stated income was $7,000 per month. The final loan application, and the income used to qualify the Borrower, indicated stated income of $7,850 per month. The increase in stated income is a red flag that the Borrower stated higher income in order to qualify for the subject loan transaction.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Nurse earning $7,850 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848576 | |
| 11 | 31384720 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/29/2005, in the amount of $132,250, as a purchase of a second home. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1, Title, Home owners insurance (HOI) and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $132,250.00 | 2848325 | |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848325 | |
| | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848325 | |

| 12 | 31559594 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/26/2005, in the amount of $452,000, as a purchase of an owner occupied 2 unit residence. The loan was approved as a No Documentation (No Income, No Employment, No Assets) loan with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval, dated 08/26/2005, in the loan file. | NINENA | $452,000.00 | 2848592 |
| . | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848592 |
| . | | | | 1.04 (c) (v) LXS 2005-6_No Fraud<br><br>1.04 (c) (xvii) LXS 2005-6_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. A search through Public Records and Accurint revealed the Borrower never used the subject property address as her mailing address or residence. A search through the Utility Locator revealed the Borrower only connected utilities to the primary residence address prior to the purchase of the subject. The loan file contained 2006 and 2007 income tax returns, IRS form 1040s, and a 2008 paystub, which revealed the Borrower's residence as the primary residence at the time of origination and the property which was to be vacated upon the purchase of the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented her occupancy for the subject property, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848592 |
| 13 | 31630114 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/09/2005, in the amount of $352,000, as a refinance of an owner occupied condominium. The loan was an unknown documentation type with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's HUD-1 Settlement Statement, subject Note, Mortgage, and Title. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. Per the final HUD-1 Settlement Statement, the Borrower paid the mortgage debt and received $49,818 at the time of disbursement. | Unknown | $352,000.00 | 2848596 |
| . | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848596 |
| . | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2848596 |
| . | | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848596 |

Cowen_Final_Version_Wilmington NA_12

| 14 | 31740202 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/03/2005, in the amount of $268,000, as a cash-out refinance of an owner occupied 2-unit property. The loan was approved as a Stated Income/ Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.12% Debt to Income Ratio (DTI). There was a Desktop Underwriting approval dated 09/27/2005, in the loan file. | Stated | $268,000.00 | 2848354 |
| | . | | | 1.04 (c) (v) LMT 2006-1_No Fraud 1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income/ Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Truck Driver for a transportation company for 9 years, earning $8,760 per month on the loan application. A post closing audit of the Borrower's near year income was obtained, which revealed the Borrower's 2007 income was $52,941 or $4,412 monthly. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer, in the same line of work. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as a Truck Driver for a transportation company for 9 years, earning $8,760 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848354 |
| 15 | 31913866 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/25/2005, in the amount of $119,920, as a purchase of a non-owner occupied single family residence in a Planned Unit Development (PUD). The loan was approved as a Stated Income Verified/ Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.89% Debt to Income Ratio (DTI). There was a Manual approval dated 10/24/2005, in the loan file. | Stated | $119,920.00 | 2848510 |
| | . | | | 1.04 (c) (v) LXS 2005-10_No Fraud 1.04 (c) (vii) LXS 2005-10_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrower misrepresented his ownership of the following assets. The loan file contained a Verification of Deposit (VOD) for the Borrower's checking account, which reflected ending balances of $2,830, a money management account, which reflected ending balances of $53,878 and a savings account, which reflected ending balances of $1,014, dated 10/24/2005. An Audit VOD was obtained on 01/14/2013, revealed the money management account listed at origination was not a valid account. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the amount of assets verified was misrepresented by $53,878; The borrower falsely disclosed that he had $57,722 in reserves when in fact he had $3,844, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848510 |
| | | | | 1.04 (c) (v) LXS 2005-10_No Fraud 1.04 (c) (vii) LXS 2005-10_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. A search of public records and MERS revealed 1 undisclosed mortgage obtained by the Borrower prior to the subject closing on 10/25/2005. A mortgage was obtained on 09/23/2005 for $142,200 with a monthly payment of $1,501 for a property located in Terra Bella, CA. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrowers misrepresented their debt obligation by failing to disclose a $1,501 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848510 |
| 16 | 31928195 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/14/2005, in the amount of $280,000, as a purchase of an owner occupied single family residence in a Planned Unit Development (PUD). The loan was approved as a Stated Income/ Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.51% Debt to Income Ratio (DTI). There was a Manual approval dated 10/10/2005, in the loan file. | Stated | $280,000.00 | 2848376 |
| | . | | | 1.04 (c) (v) LMT 2006-1_No Fraud 1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income/ Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Team Leader for a food store for 8 years, earning $6,800 per month on the loan application. The loan file contained the Borrower's near year, 2006 tax return, which revealed the Borrower's income for the near year of 2006 was $63,954 or $5,330 monthly. It is unlikely the Borrower's income would have decreased considering the Borrower was employed in the same line of work. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated income as a Team Leader for a food store for 8 years, earning $6,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848376 |

| 17 | 31953367 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | D | The subject loan closed on 11/10/2005, in the amount of $328,000, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/100% Combined Loan to Value (LTV/CLTV), and a 39.59% Debt to Income (DTI). There was neither an Automated Underwriting Systems (AUS) nor a Manual Approval in the loan file. | Stated | | $328,000.00 | 2848381 |
| | . | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (xii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Systems Representative earning $9,300 per month on the loan application. The audit re-verification of employment obtained through The Work Number indicated the Borrower earned $7,862 per month for 2005, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Moreover, a recalculation of Debt to Income (DTI) based on the Borrower's verified income yields an increase in the DTI from 42.03% to 46.83%.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Systems Representative earning $9,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2848381 |
| 18 | 31965395 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | D | The subject loan closed on 12/08/2005, in the amount of $363,018, as a purchase of an owner occupied, single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The credit package is missing from the loan file; therefore, document type is unknown. The loan file did, however, include the Title, Home Owners Insurance, Note, Hud-1, Mortgage, and post closing documents. | Unknown | | $363,018.00 | 2848385 |
| | . | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848385 |
| | . | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848385 |
| 19 | 32021057 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | D | The subject loan closed on 12/17/2005, in the amount of $207,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation Loan, with an 65.30% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.43% Debt to Income (DTI). There was a Manual Approval dated 12/07/2005, in the loan file. | Full | | $207,000.00 | 2848697 |
| | . | | | 1.04 (c) (v) LXS 2006-5_No Fraud<br><br>1.04 (c) (xii) LXS 2006-5_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records and the Audit Credit Report reflected the Borrower acquired a second mortgage on the subject property on 12/17/2005, the same day as the subject loan closing in the amount of $40,000 with a calculated payment at 1% of the balance in the amount of $400 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $400 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | | 2848697 |

| # | Loan # | Lien | Deal | | Finding Type | Finding | Exception | | Narrative | Doc Type | Amount | Loan # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | 32034266 | 1st | LXS 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2005, in the amount of $420,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/ Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value and a 42.60% Debt to Income (DTI). There was a Manual Approval dated 11/22/2005, in the loan file. | Stated | $420,000.00 | 2848647 |
| | | | 1.04 (c) (v) LXS 2006-1_No Fraud | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented their debt obligations. The audit credit report indicated the Borrower acquired an automobile loan in 10/2005 , the month prior to the subject loan closing, in the amount of $22,381 with a payment of $316.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligation by failing to disclose a $316 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848647 |
| | | | 1.04 (c) (v) LXS 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Co-Borrower misrepresented her disclosed income. The Co-Borrower falsely stated income as an Education Aide earning $2,800 per month on the loan application. The audit re-verification of employment from the Co-Borrower's employment indicated the Co-Borrower earned $1,901 per month in 2005, the year of the subject loan closing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Co-Borrower falsely stated income as an Educational Aide earning $2,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848647 |
| 21 | 32803793 | 1st | LXS 2006-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/21/2006, in the amount of $447,000, as a purchase of an owner occupied, single family residence. The loan was approved as a No Ratio loan (no income verified) with an 80%/100% Loan to value/combined loan to value (LTV/CLTV). The No Ratio loan program does not require disclosure of income; however, requires verification of employment and assets. There was a Manual Approval dated 04/14/2006, in the loan file. | NI | $447,000.00 | 2848743 |
| | | | 1.04 (c) (vii) LXS 2006-9_No Fraud

1.04 (c) (vii) LXS 2006-9_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrower misrepresented her ownership of the following assets. The loan file contained 2 months bank statements for the Borrower's checking and savings account dated 03/24/2006 and 04/21/2006. The statement dated 03/24/2006 reflected a total ending balance of 37,522.89. An audit verification of deposit was received which verified actual balance in Borrower's checking account on 03/24/2006, same date as the bank statement provided, was $7,516.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the amount of assets verified was misrepresented by $23,315; the borrower falsely disclosed that she had $16,448 for closing costs, down payment and $14,383 for 3 month's reserves, when in fact she had $7,516, which was insufficient for the asset requirement. | | | 2848743 |
| 22 | 32808610 | 1st | LXS 2006-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/20/2006, in the amount of $141,640, as a purchase of an owner occupied, single family dwelling. The loan was approved as a No Documentation Loan (No Income, No Employment, No Asset Verification), with an 80%/100% Loan to Value (LTV/CLTV). There was a manual approval dated 04/19/2006, in the loan file. | NINENA | $141,640.00 | 2848745 |
| | | | 1.04 (c) (v) LXS 2006-9_No Fraud

1.04 (c) (v) LXS 2006-9_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower did not occupy the subject property as their primary residence after the subject loan's closing date of 04/20/2006, as required. According to a search of public records obtained through Accurint, indicated that Borrower continued to occupy departing residence after subject loan closing. Accurint also reflected Borrower's business address as departing address. A public record search of utilities using the Borrower's Social Security Number did not indicate utility services at subject address. The search through Accurint also reflected several other individuals occupying the subject property prior to and after the subject's loan closing. It should be noted that subject property was 68 years of age and had a living area of 983 square feet. The Borrower had owned departing residence for only 2 years prior to acquiring subject property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848745 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/5/2013 2:18:43 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Report

Cowen_Final_Version_Wilmington NA_12

| 23 | 32821712 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/25/2006, in the amount of $80,800, as a purchase of an owner-occupied single family residence. There was neither an AUS nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the subject Note, Mortgage, HUD-1, and the Title Commitment. There were no other critical documents provided for the file that were represented on the data tape by the Seller. | Unknown | $80,800.00 | 2849027 | |
| | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA <br><br> 1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. <br><br> The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. <br><br> Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849027 | |
| | | | 1.04 (c) (xviii) SAS 2006-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. <br><br> The Seller represented and warranted, in part, that the appraisal complied with FIRREA. <br><br> Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849027 | |
| 24 | 32839623 | 1st | LXS 2006-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/02/2006, in the amount of $240,000, as a purchase of a second home single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value and 37.09% Debt to Income ratio. There was a Manual Approval, dated 05/02/2006, in the loan file. | SISA | $240,000.00 | 2848750 | |
| | | | 1.04 (b) (xvii) LXS 2006-9_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income ratio (DTI) in excess of 66%. <br><br> Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income of $110 per month, results in an increase from 37.09% to 357.53%, which exceeds the represented DTI. | | | 2848750 | |
| | | | 1.04 (c) (xvii) LXS 2006-9_DTI <br><br> 1.04 (c) (v) LXS 2006-9_No Fraud <br><br> 1.04 (c) (xvii) LXS 2006-9_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 2 | 3 | The Borrower misrepresented the disclosed income. The Borrower falsely stated income as an Owner of a real estate corporation, earning $20,000 per month on the loan application. The loan file contained the Borrower's 2006 corporate tax return from the same corporation listed on the loan application. The tax return revealed the Borrower actually earned $1,325 in 2006, the same year as the subject closing. <br><br> The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. <br><br> In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. <br><br> Despite the Seller's representations, the Borrower falsely stated income as an Owner of a real estate corporation earning $20,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848750 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 25 | 32872004 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/03/2006, in the amount of $25,575 as a purchase of a borrower occupied single family property. The loan was approved as a Stated Income/Verified Assets loan, with a 5.7% interest rate, 100% Combined Loan to Value (CLTV), and a 26.9% Debt to Income. There was a Manual approval dated 04/24/2006, in the loan file. The Borrower misrepresented his employment and income which was verified through tax returns for 2006, the same year as the subject loan origination. | Stated | $25,575.00 | 2849037 |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud / 1.04 (c) (xvii) SAS 2006-S3_No Event of Default | Misrepresentation of Employment With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The loan file did not contain a Certified Public Accountant letter, business license, or Verification of Employment to confirm the Borrower was self-employed. The loan file contained the Borrower's 2006 tax returns due to a request for loan modification in 2008. The tax returns revealed the Borrower was not self-employed and in fact worked as a W2 employee for 3 different companies in 2006, none of which were disclosed on the origination application. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated employment as Owner Operator for 3 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849037 |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud / 1.04 (c) (xvii) SAS 2006-S3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner Operator earning $12,153 per month on the loan application. The loan file did not contain a Certified Public Accountant letter, business license, or Verification of Employment to confirm the Borrower was self-employed. The loan file contained the Borrower's 2006 tax returns due to a request for loan modification in 2008. The tax returns revealed the Borrower was not self-employed and in fact worked as a W2 employee for 3 different companies in 2006, none of which were disclosed on the origination application. In addition to the Seller's representation and warranty regarding events of default and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated employment as an Owner/Operator earning $12,153 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849037 |
| 26 | 32889727 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/12/2006, in the amount of $65,250 as a purchase of single family residence. There was neither an AUS nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, and evidence of a Homeowner's Insurance Policy. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $65,250.00 | 2849041 |
| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849041 |
| | | | | 1.04 (c) (xviii) SAS 2006-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849041 |
| 27 | 32936700 | 1st | LXS 2006-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/12/2006, in the amount of $296,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The data tape indicated the transaction was a purchase of a primary residence at 80% Loan to Value/Combined Loan to Value. The loan file contained a submission transmittal indicating the loan was submitted as a Full documentation, single family residence with a 42% Debt to Income ratio, monthly income of $10,417 per month and a 80%/100% Loan to Value/Combined Loan to Value. | Full | $296,000.00 | 2848658 |
| | | | | 1.04 (b) (xii) LXS 2006-13_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) LXS 2006-13_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending(TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848658 |
| | | | | 1.04 (c) (xviii) LXS 2006-13_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848658 |

| # | Lien | Deal | | | | | | Description | Doc Type | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 28 | 32954430 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 06/09/2006, in the amount of $71,200, as a purchase of an owner-occupied single family home. The loan was approved as a Stated Income/Verified Assets loan, with a 20% Loan to Value/Combine Loan to Value, and a 47.34% Debt to Income ratio. There was a Manual Approval dated 06/07/2006, in the loan file. A review of the subject loan file revealed a misrepresentation of the Borrower's income and assets. | Stated | $71,200.00 | 2849046 |
| | | | 1.04 (c) (v) SAS 2006-S3_No Fraud 1.04 (c) (xii) SAS 2006-S3_No Event of Default | Asset Misrepresentatio n - With Red Flags Present | Misrepresentatio n of Assets | 1 3 | The Borrower misrepresented her ownership of the following assets; the subject loan contained a bank statement that verified the Borrower had a checking account with a balance of $15,205 on 05/23/2006. An audit verification of deposit was performed by the bank, which revealed that the balance in the same checking account on 05/23/2006 was $205. In addition, there were blacked out deposits on the bank statement provided which is a red flag that the assets were misrepresented. The file did not contain any evidence of additional verified assets.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the amount of assets was misrepresented by $15,000; the borrower falsely stated that she had $15,025 for the down payment and 2 months PITI reserves on the loan approval when in fact she only had $205 in verified assets. | | | 2849046 |
| | | | 1.04 (c) (v) SAS 2006-S3_No Fraud 1.04 (c) (xii) SAS 2006-S3_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 2 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Medical Billing Administrator earning $6,500 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Central District of California Division Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated 11/06/2008, the Borrower's income for the year of 2006 was $1,173 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the borrower falsely stated employment as a Medical Billing Administrator earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849046 |
| 29 | 32955817 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 06/26/2006, in the amount of $33,620, as a purchase of a owner-occupied single family property. The loan was approved as a Stated Income/ Stated Assets loan, with an 20%/100% Loan to Value/Combine Loan to Value, and a 48.56% Debt to Income ratio. There was a Manual approval dated 06/27/2006, in the loan file. The loan file contained a copy of the Borrower's bankruptcy documents which revealed that he misrepresented his income at origination. | SISA | $33,620.00 | 2849047 |
| | | | 1.04 (c) (v) SAS 2006-S3_No Fraud 1.04 (c) (xii) SAS 2006-S3_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 1 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Contractor earning $18,000 per month on the loan application. The Borrower misrepresented his disclosed income. The Borrower's capacity to repay could not be properly evaluated due to the overstatement of income. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses. According to a Statement of Financial Affairs, filed by the Borrower with the District of Colorado Division Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated 05/19/2008, the Borrower's income, including business income plus rental income for the year of 2006, was $8,999 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a self-employed Contractor earning $18,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849047 |
| 30 | 33312604 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 9/14/2006, in the amount of $12,400, as cash out refinance of an owner occupied single-family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Assets), with a 5%/85% Loan to Value/Combined Loan to Value. There was a manual approval dated 8/22/2006, in the loan file. | NINENA | $12,400.00 | 2849111 |
| | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2849111 |
| 31 | 33389255 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 10/02/2006, in the amount of $95,980, a purchase of an owner occupied single family residence. The loan was approved with an 80%/100% Loan to Value /Combined Loan to Value. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the loan application and the appraisal. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $95,980.00 | 2849115 |

| | | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xiii) SAS 2006-S4_Mortgage File<br><br>1.04 (b) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject Note.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849115 | |
| | | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849115 | |
| | | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. The loan file did not contain the final Truth in Lending. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849115 | |

| 32 | 35117480 | 1st | SASC 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/11/2005, in the amount of $474,400.00 as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value and a 42.29% Debt to Income ratio. There was a Manual approval, dated 04/11/2005, in the loan file. | Full | $474,400.00 | 2848826 |
| . | | | | 1.04 (c) (v) SAS 2005-10_No Fraud

1.04 (c) (vii) SAS 2005-10_No Event of Default | Misrepresentatio n of Debt Obligations - No Red Flags Present | Misrepresentatio n of Debt Obligations | 1 | 3 | The Borrowers misrepresented the debt obligations. Per the audit credit report, the Borrowers failed to disclose an auto installment loan which opened in 11/2005 with a high credit balance of $31,643 and a $450 monthly payment.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $450 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848826 |
| 33 | 35579549 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/26/2005, in the amount of $220,200, as a purchase of an investment single family residence. The loan was approved with an 80%/100% Loan to Value /Combined Loan to Value. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the Final HUD-1, Title Commitment, Note and Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Stated | $220,200.00 | 2848495 |
| . | | | | 1.04 (b) (iii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act and the Truth in Lending was missing from the loan file.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848495 |
| . | | | | 1.04 (c) (xviii) LXS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA. The loan file did not contain an appraisal report.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848495 |
| . | | | | | | Grand Total of Repurchase Demand | | | | | $7,223,278.00 | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000018861807 | 1st | SASC 2005-4XS | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $188,000.00 | 2849599 | |
| | | | | 1.04 (b) (xii) SAS 2005-4XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2005-4XS_Mortgage File<br><br>1.04 (c) (xvii) SAS 2005-4XS_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the note for the subject transaction was provided. Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849599 | |
| | | | | 1.04 (b) (xii) SAS 2005-4XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-4XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849599 | |
| | | | | 1.04 (b) (xii) SAS 2005-4XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-4XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849599 | |
| | | | | 1.04 (c) (xviii) SAS 2005-4XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849599 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 000000031734213 | 1st | LMT 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/26/2005, in the amount of $100,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.98% Debt to Income Ratio (DTI). There was a Manual approval dated 11/29/2005, in the loan file. | Full | $100,000.00 | 2849164 | |
| . | | | 1.04 (c) (v) LMT 2005-3_No Fraud<br><br>1.04 (c) (vii) LMT 2005-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Co-Borrower misrepresented his debt obligations. A search through the Co-Borrower's audit credit report revealed an undisclosed auto loan, opened 08/2005 for $13,512 with a monthly payment of $308, prior to the subject loan closing on 09/26/2005, which was not disclosed on the subject loan application or origination credit report.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by $308 per month, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849164 | |
| 3 | 000000033376393 | 1st | LXS 2006-19 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/05/2006, in the amount of $161,150, as a purchase of an investment, condominium. The loan was approved as a Full Documentation loan, with a 70%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39% Debt to Income Ratio (DTI). There was a Manual approval dated 09/28/2006, in the loan file. | Full | $161,150.00 | 2849192 | |
| . | | | 1.04 (b) (xii) LXS 2006-19_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvi) LXS 2006-19_No High Cost - HOEPA - Deemed MnA / Enforceable Prepayment Charges - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-19_Origination Practices | Failure to Provide a Prepayment Disclosure | Failure to Provide a Prepayment Disclosure | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act and Real Estate Settlement and Procedures Act required written disclosure as to prepayment penalties, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, the subject loan's prepayment penalty was not disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849192 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/24/2013 8:14:49 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 4 | 000000033457169 | 1st | LXS 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/26/2006, in the amount of $562,500, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.04% Debt to Income Ratio (DTI). There was a Manual approval dated 09/26/2006, in the loan file. | Stated | $562,500.00 | 2849228 |
| | | | 1.04 (b) (xviii) LXS 2007-1_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrower's verified income results in an increase from 34.04% to 181.45%, which exceeds the represented DTI. | | | 2849228 |
| | | | 1.04 (b) (xviii) LXS 2007-1_DTI<br><br>1.04 (c) (v) LXS 2007-1_No Fraud<br><br>1.04 (c) (vii) LXS 2007-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Attorney earning $19,989 per month on the loan application. The loan file contained post-closing documentation including the Borrower's 2006 tax return, which revealed that the Borrower earned $3,806 per month in 2006 the year the subject loan closed as an Attorney.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Attorney earning $19,989 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849228 |
| 5 | 000000033566837 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2006, in the amount of $51,900, as a purchase of an investment single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 77.46%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28.79% Debt to Income Ratio (DTI). There was a Manual approval dated 11/15/2006, in the loan file. | Stated | $51,900.00 | 2849284 |
| | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrowers' verified income results in an increase from 28.79% to 87.45%, which exceeds the represented Debt to Income Ratio. | | | 2849284 |
| | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br><br>1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Team Lead in the automobile industry earning $7,500 per month on the loan application. The Co-Borrower falsely stated income as a Mail Processing Clerk earning $5,200 per month on the loan application. An audit verification of employment was conducted through The Work Number for both Borrowers, which revealed the Borrower's actual income for the subject year was $573 per month and the Co-Borrower's actual monthly income for the subject year was $3,369.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Team Lead in the automobile industry earning $7,500 per month on the loan application and the Co-Borrower falsely stated income as a Mail Processing Clerk earning $5,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849284 |

Cowen_Final_Version_Wilmington 489_50_1

Cowen_Final_Version_Wilmington 489_50_1

| 6 | 000000033567389 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/28/2006, in the amount of $228,800, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.55% Debt to Income Ratio (DTI). There was a Manual approval dated 11/21/2006, in the loan file. | Stated | $228,800.00 | 2849285 |
| | . | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrower's verified income results in an increase from 44.55% to 189.13%, which exceeds the represented Debt to Income Ratio. | | | 2849285 |
| | . | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br><br>1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as self-employment as a Contractor for 2 years, earning $25,000 per month on the loan application. The loan file contained post closing documentation including the Borrower's 2006 tax return, which revealed the Borrower's income the same year as the subject loan closing of 2006 was $5,889 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment as a Contractor for 2 years, earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849285 |
| 7 | 000000033605361 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/04/2007, in the amount of $168,000, as a cash-out refinance of an owner occupied planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.60% Debt to Income Ratio (DTI). There was a Manual approval dated 12/22/2006, in the loan file. | Stated | $168,000.00 | 2849327 |
| | . | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrower's verified income results in an increase from 45.60% to 122.20%, which exceeds the represented Debt to Income Ratio. | | | 2849327 |
| | . | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Assistant Director earning $6,280 per month on the loan application. An audit verification of employment and income was obtained from the employer listed on the loan application, which revealed the Borrower's income was $2,558 per month for the subject's closing year of 2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Assistant Director earning $6,280 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849327 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/24/2013 8:14:49 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Page 98 of 201

| 8 | 000000033617960 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/01/2006, in the amount of $245,600, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.626% Debt to Income Ratio (DTI). There was a Manual approval dated 12/01/2006, in the loan file. | Stated | $245,600.00 | 2849328 | |
| | | | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final Housing and Urban Development (HUD) to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849328 | |
| | | | | 1.04 (c) (xvii) LXS 2007-6_Origination Practices | | | | | | | | | |
| 9 | 000000033638685 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2006, in the amount of $169,600, as a purchase of an owner occupied single family residence. The loan was approved as a No Documentation Loan (No Employment, No Income, No Asset Verification), with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NINA | $169,600.00 | 2849293 | |
| | | | | 1.04 (b) (xii) LXS 2007-3_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. The disclosed finance charge ($246,887.81) is ($1,028.31) below the actual finance charge ($247,916.12). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849293 | |
| | | | | 1.04 (c) (xvii) LXS 2007-3_Origination Practices | | | | | | | | | |
| 10 | 000000033714544 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/07/2006, in the amount of $254,500, as a purchase of an owner occupied single family located in a Planned Unit Development (PUD). The loan was approved as a No Documentation loan (No Employment, No Income, No Asset Verification), with a 79.992%/99.982% Loan to Value/Combined Loan to Value (LTV/CLTV). There was an undated Transmittal Summary in the loan file. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NINA | $254,500.00 | 2849330 | |
| | | | | 1.04 (b) (xix) LXS 2007-6_DTI | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of public records and an audit credit report revealed that the month following the closing the Borrower refinanced two existing mortgages. On 01/11/2007 the Borrower refinanced a property located in Hendersonville, NV with a first mortgage loan in the amount of $304,000 with a payment of $2,239 and on 01/22/2007 the Borrower refinanced the 2nd mortgage on the same property with a mortgage of $38,000 and a payment calculated at 7.125% for 30 years of $256 and failed to disclose the pending transactions on the loan application.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,495 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849330 | |
| | | | | 1.04 (c) (v) LXS 2007-6_No Fraud | | | | | | | | | |
| | | | | 1.04 (c) (vii) LXS 2007-6_No Event of Default | | | | | | | | | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan file contained post-closing documentation including tax returns, bank statements, bankruptcy documentation and correspondence, which Lender further revealed that the Borrower continued to reside in her departing residence after the subject loan closing. The Borrower represented that this property would be retained as a rental and the Borrower was purchasing the subject as a primary residence. Further, the file contains a post-closing hardship letter which indicated that the Borrower's family member occupied the subject property because the Borrower could not find a trust worthy tenant. A lease was provided by the Borrower to support the letter evidencing the subject was rented to a family member.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849330 | |
| 11 | 000000033750621 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/29/2006, in the amount of $399,650, as a purchase of an owner occupied residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.80% Debt to Income Ratio (DTI). There was a Manual approval dated 02/02/2007 in the loan file. | SISA | $399,650.00 | 2849333 | |
| | | | | 1.04 (b) (xix) LXS 2007-6 | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrower's verified income results in an increase from 44.80% to 133.61%, which exceeds the represented Debt to Income Ratio. | | | 2849333 | |
| | | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Director of Finance earning $9,100 per month on the loan application. An audit Verification of Employment and Income was conducted through The Work Number, which revealed the Borrower's 2006 income was $34,479 or $2,873 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Director of Finance earning $9,100 per month per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849333 | |

**Digital Risk - Loan Review Findings**

Cowen_Final_Version_Wilmington 489_50_1     08-13555-mg   Doc 46080-10   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 6   Pg 101 of 201

| # | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12 | 000000038757092 | 1st | LXS 2006-19 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/02/2006, in the amount of $110,200, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Stated income/Verified asset (SIVA) loan, with an 88.16% loan to value/combined loan to value (LTV/CLTV), and a 41.54% debt to income ratio (DTI). There was a Manual approval dated 08/02/2006, in the loan file. | Stated | $110,200.00 | 2849196 |
| | | | 1.04 (b) (xvii) LXS 2006-19_DTI | DTI Exceeds 60% | DTI Exceeds 60% | | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 41.54% to 116.40%, which exceeds the represented DTI. | | | 2849196 |
| | | | 1.04 (b) (xvii) LXS 2006-19_DTI<br><br>1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Supervisor earning $4,500 per month on the loan application. A post-closing audit verification of employment conducted through The Work Number revealed the Borrower's total wages for the subject year of 2006 were $20,322 or $1,861 per month as a Cook.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Supervisor earning $4,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849196 |
| 13 | 000000039078894 | 1st | LXS 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/28/2006, in the amount of $110,400, as a cash out refinance of an owner occupied residence. According to the rate lock form located in the loan file, the loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan To Value. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $110,400.00 | 2849232 |
| | | | 1.04 (b) (xii) LXS 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849232 |
| | | | 1.04 (b) (xii) LXS 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849232 |

**Digital Risk - Loan Review Findings**

Cowen_Final_Version_Wilmington 489_50_1    08-13555-mg    Doc 46080-10    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
58 of 201

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) LXS 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan during origination, the applicable law (Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849232 | |
| | | | | 1.04 (c) (xviii) LXS 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849232 | |
| 14 | 000000039181631 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/27/2006, in the amount of $384,750, as a purchase of an investment property. The loan was approved as a Full Documentation loan, with a 95%/95% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 47.83% debt to income ratio (DTI). There was a Manual approval dated 10/25/2006, in the loan file. | Full | $384,750.00 | 2849306 | |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's undisclosed debt results in an increase from 47.83% to 81.19%, which exceeds the represented DTI. | | | 2849306 | |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br><br>1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. Research conducted through an audit credit report reveals mortgages that were opened prior to the subject loan closing and closed after the subject loan closing. The loans were not on the origination credit report and specific properties could not be identified. The undisclosed loans are as follows: $100,000 with a payment of $1,466 opened 10/2006, $123,375 with a payment of $957 opened 04/2003, $118,125 with a payment of $912 opened 04/2003, $140,000 with a payment of $1,074 opened 04/2003, $132,125 with a payment of $1,056 opened 04/2003, $850,000 with a payment of $4,264 opened 02/2005, $131,250 with a payment of $934 opened 04/2003.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $10,633 in monthly debt, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849306 | |
| 15 | 000000039389267 | 1st | LXS 2006-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/06/2006, in the amount of $453,600 as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% to Value/Combined Loan To Value, and a 47.73% debt to income ratio (DTI). There was a Manual, approval dated 10/04/2006, in the loan file. | Stated | $453,600.00 | 2849216 | |
| | | | | 1.04 (b) (xviii) LXS 2006-20_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 47.73% to 74.45%, which exceeds the represented DTI. | | | 2849216 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xviii) LXS 2006-20_DTI<br><br>1.04 (c) (v) LXS 2006-20_No Fraud<br><br>1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented their disclosed income. The Borrower falsely stated income as a Safety Director for 9 years, earning $7,200 per month on the loan application. The subject loan file contained post-closing documentation, which contained the Borrower's 2007 W-2, which revealed the Borrower earned $54,248, or $4,520 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower stated employment a Safety Director for 9 years, earning $7,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849216 |
| 16 | 000000040026775 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/22/2007, in the amount of $172,900, as a purchase of an investment 2 unit residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% Loan To Value/Combined Loan To value (LTV/CLTV), and a 35% debt to income ratio (DTI). There was a Manual approval date 01/19/2007, in the file. | Stated | $172,900.00 | 2849351 |
| . | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 35% to 176.24%, which exceeds the represented DTI. | | | 2849351 |
| . | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented their debt obligations. A post-closing audit credit report revealed the Borrower secured 3 additional properties, one prior to closing and two the same month as the subject closing date of 01/22/2007. The undisclosed mortgages totaled $796,300 with total monthly payments of $5,314.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $5,314 in monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2849351 |
| . | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Self-Employed General Building Contractor earning $25,000 per month on the loan application. The subject loan file, contained post-closing documentation, which revealed the Borrower's 2008 tax returns which reflected the Borrower's actual income, was $6,647 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Self-Employed General Building Contractor earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849351 |

| 17 | 000000040067027 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $194,732.00 | 2849356 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) LXS 2007-6_Mortgage File<br><br>1.04 (c) (xvii) LXS 2007-6_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849356 |
| | | | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-6_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849356 |
| | | | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849356 |
| | | | | 1.04 (c) (xviii) LXS 2007-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849356 |

| 18 | 000000040567463 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/26/2007, in the amount of $94,050.00, as a cash out refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 90% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 45.89% debt to income ratio (DTI). There was a Manual approval dated 4/26/2007, in the loan file. | SISA | $94,050.00 | 2849250 |
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI  1.04 (c) (v) LXS 2007-14H_No Fraud  1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed General Contractor earning $4,000 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's 2006 tax returns, which revealed the Borrower earned negative $25,789, or negative $2,149 per month in 2006 the year the subject loan closed. In addition, the loan file contained a Certified Public Accountant (CPA) letter dated 4/23/2007 indicating the 2006 tax return was prepared by the tax preparer; however, the 2006 tax returns did not reflect the same tax preparer as on the CPA letter dated 4/23/2007.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a self-employed General Contractor earning $4,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849250 |
| 19 | 000000040690505 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/29/2007, in the amount of $550,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 41.62% debt to income (DTI). There was a Manual approval dated 05/24/2007, in the loan file. | Stated | $550,000.00 | 2849255 |
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrowers' verified income results in an increase from 41.62% to 92.44%, which exceeds the represented DTI. | | | 2849255 |
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI  1.04 (c) (v) LXS 2007-14H_No Fraud  1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Superintendent for a drywall company earning $12,417 per month and the Co-Borrower indicated that she was a Level 4 Advanced Operator earning $3,929 per month on the loan application. The subject loan file contained the Borrowers' the 2007 tax returns, which revealed the Borrowers' total combined income for the closing year of 2007 was $112,369 annually or $9,364 monthly.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Superintendent for a drywall company earning $12,417 per month and the Co-Borrower indicated that she was a Level 4 Advanced Operator earning $3,929 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust.

Moreover, a recalculation of DTI based on the Borrowers' verified income yields a Debt to Income Ratio (DTI) of 92.44%, which exceeds 60%, which was not an acceptable DTI for the loan program and has a significant impact on the Borrowers' reasonable ability to repay the subject loan. | | | 2849255 |

| 20 | 000000045391885 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/14/2007, in the amount of $212,000, as a rate/term refinance of an owner occupied single condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 79.41%/89.33% Loan To Value/Combined Loan To Value (LTV/CLTV) and a 40% debt to income ratio (DTI). There was a Manual approval dated 03/22/2007, in the loan file. | Stated | $212,000.00 | 2849385 |
| . | . | | | 1.04 (b) (xix) LXS 2007-6_DTI  1.04 (c) (v) LXS 2007-6_No Fraud  1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Commercial Services Representative for a bank earning $6,700 per month. The subject loan file contained post-closing documentation including the Borrower's 2007 tax return, which revealed the Borrower earned $5,469 per month the year the subject closed.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Commercial Services Representative for a bank earning $6,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849385 |
| 21 | 000000045575743 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/12/2007, in the amount of $158,400, as a refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan To Value/ Combined Loan To Value (LTV/CLTV), and a 45.56% debt to income ratio (DTI). There was a Manual approval dated 02/21/2007, in the loan file. | Full | $158,400.00 | 2849388 |
| . | . | | | 1.04 (c) (xviii) LXS 2007-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849388 |
| 22 | 000000045819703 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/27/2007, in the amount of $154,400, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Assets loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 44% debt to income ratio (DTI). There was a Manual approval dated 03/23/2007, in the loan file. | Stated | $154,400.00 | 2849392 |
| . | . | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 44% to 77.61%, which exceeds the represented Debt to Income Ratio (DTI). | | | 2849392 |
| . | . | | | 1.04 (b) (xix) LXS 2007-6_DTI  1.04 (c) (v) LXS 2007-6_No Fraud  1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Manager of a Pizzeria earning $4,450 per month on the loan application. A written and verbal audit verification of employment was obtained from the employer listed on the loan application, which revealed the Borrower was employed as a Delivery Driver earning $500 per week, or $2,167 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Manager of a Pizzeria earning $4,450 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849392 |

| | | | | 1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented employment on the loan application. A written and verbal audit verification of employment was obtained from the employer listed on the loan application, which revealed the Borrower was employed as a Delivery Driver of the pizza store and was never employed as the Manager as indicated on the loan application. In addition, the information from the origination written verification of employment and the information from the origination verbal verification of employment did not match, as one indicated a position as Manager, and the other reflected Assistant Manager. Further, the verification was completed by an individual employed by the same pizzeria store with the position of Manager, which is a red flag the Borrower's employment was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Manager of a pizzeria for 7 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | 2849392 |
| | | | | | | | | | **Grand Total of Repurchase Demand** | **$5,125,132.00** | |

Cowen_Final_Version_Wilmington 489_50_1

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000018861807 | 1st | SASC 2005-4XS | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $188,000.00 | 2849599 | |
| | | | | 1.04 (b) (xii) SAS 2005-4XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2005-4XS_Mortgage File<br><br>1.04 (c) (xvii) SAS 2005-4XS_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849599 | |
| | | | | 1.04 (b) (xii) SAS 2005-4XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-4XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849599 | |
| | | | | 1.04 (b) (xii) SAS 2005-4XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-4XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849599 | |
| | | | | 1.04 (c) (xviii) SAS 2005-4XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849599 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 000000031734213 | 1st | LMT 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 6/20/2005, in the amount of $100,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.98% Debt to Income Ratio (DTI). There was a Manual approval dated 11/29/2005, in the loan file. | Full | $100,000.00 | 2849164 | |
| . | | | 1.04 (c) (v) LMT 2005-3_No Fraud  1.04 (c) (vii) LMT 2005-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Co-Borrower misrepresented his debt obligations. A search through the Co-Borrower's audit credit report revealed an undisclosed auto loan, opened 08/2005 for $13,512 with a monthly payment of $308, prior to the subject loan closing on 09/26/2005, which was not disclosed on the subject loan application or origination credit report.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by $308 per month, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849164 | |
| 3 | 000000033376393 | 1st | LXS 2006-19 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/05/2006, in the amount of $161,150, as a purchase of an investment, condominium. The loan was approved as a Full Documentation loan, with a 70%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39% Debt to Income Ratio (DTI). There was a Manual approval dated 09/28/2006, in the loan file. | Full | $161,150.00 | 2849192 | |
| . | | | 1.04 (b) (xii) LXS 2006-19_Compliance with Applicable Law - Deemed MnA  1.04 (b) (xvi) LXS 2006-19_No High Cost - HOEPA - Deemed MnA / Enforceable Prepayment Charges - Deemed MnA  1.04 (c) (xvii) LXS 2006-19_Origination Practices | Failure to Provide a Prepayment Disclosure | Failure to Provide a Prepayment Disclosure | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act and Real Estate Settlement and Procedures Act required written disclosure as to prepayment penalties, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, the subject loan's prepayment penalty was not disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849192 | |

| 4 | 000000033457169 | 1st | LXS 2007-1 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 9/28/2006, in the amount of $750,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.04% Debt to Income Ratio (DTI). There was a Manual approval dated 09/26/2006, in the loan file. | Stated | $562,500.00 | 2849228 |
| . | | | 1.04 (b) (xviii) LXS 2007-1_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on Borrower's verified income results in an increase from 34.04% to 181.45%, which exceeds the represented DTI. | | | 2849228 |
| . | | | 1.04 (b) (xviii) LXS 2007-1_DTI<br><br>1.04 (c) (v) LXS 2007-1_No Fraud<br><br>1.04 (c) (vii) LXS 2007-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Attorney earning $19,989 per month on the loan application. The loan file contained post-closing documentation including the Borrower's 2006 tax return, which revealed that the Borrower earned $3,806 per month in 2006 the year the subject loan closed as an Attorney.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Attorney earning $19,989 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849228 |
| 5 | 000000033566837 | 1st | LXS 2007-3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2006, in the amount of $51,900, as a purchase of an investment single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 77.46%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28.79% Debt to Income Ratio (DTI). There was a Manual approval dated 11/15/2006, in the loan file. | Stated | $51,900.00 | 2849284 |
| . | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on Borrowers' verified income results in an increase from 28.79% to 87.45%, which exceeds the represented Debt to Income Ratio. | | | 2849284 |
| . | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br><br>1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Team Lead in the automobile industry earning $7,500 per month on the loan application. The Co-Borrower falsely stated income as a Mail Processing Clerk earning $5,200 per month on the loan application. An audit verification of employment was conducted through The Work Number for both Borrowers, which revealed the Borrower's actual income for the subject year was $573 per month and the Co-Borrower's actual monthly income for the subject year was $3,369.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Team Lead in the automobile industry earning $7,500 per month on the loan application and the Co-Borrower falsely stated income as a Mail Processing Clerk earning $5,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849284 |

Cowen_Final_Version_Wilmington 489_50_1

| # | Loan # | Lien | Pool | Finding Codes | Category 1 | Category 2 | L1 | L2 | Finding Detail | Doc Type | Value | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 000000033567389 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/08/2006, in the amount of $286,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.55% Debt to Income Ratio (DTI). There was a Manual approval dated 11/21/2006, in the loan file. | Stated | $228,800.00 | 2849285 |
| . | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrower's verified income results in an increase from 44.55% to 189.13%, which exceeds the represented Debt to Income Ratio. | | | 2849285 |
| . | | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br><br>1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as self-employment as a Contractor for 2 years, earning $25,000 per month on the loan application. The loan file contained post closing documentation including the Borrower's 2006 tax return, which revealed the Borrower's income the same year as the subject loan closing of 2006 was $5,889 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment as a Contractor for 2 years, earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849285 |
| 7 | 000000033605361 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/04/2007, in the amount of $168,000, as a cash out refinance of an owner occupied planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.60% Debt to Income Ratio (DTI). There was a Manual approval dated 12/22/2006, in the loan file. | Stated | $168,000.00 | 2849327 |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrower's verified income results in an increase from 45.60% to 122.20%, which exceeds the represented Debt to Income Ratio. | | | 2849327 |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Assistant Director earning $6,280 per month on the loan application. An audit verification of employment and income was obtained from the employer listed on the loan application, which revealed the Borrower's income was $2,558 per month for the subject's closing year of 2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Assistant Director earning $6,280 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849327 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/24/2013 8:14:49 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk - Loan Review Findings

Cowen_Final_Version_Wilmington 489_50_1     08-13555-mg    Doc 46080-10    Filed 08/22/14    Entered 08/22/14 15:34:18     Attachment part 26 Pg 112 of 201

| 8 | 000000033617960 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/01/2006, in the amount of $245,600, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.626% Debt to Income Ratio (DTI). There was a Manual approval dated 12/01/2006, in the loan file. | Stated | | $245,600.00 | 2849328 | |
| . | | | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2007-6_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final Housing and Urban Development (HUD) to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2849328 | |
| 9 | 000000033638685 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2006, in the amount of $169,600, as a purchase of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Employment, No Income, NoAsset Verification), with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NINA | | $169,600.00 | 2849293 | |
| . | | | | 1.04 (b) (xii) LXS 2007-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2007-3_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. The disclosed finance charge ($246,887.81) is ($1,028.31) below the actual finance charge ($247,916.12). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2849293 | |
| 10 | 000000033714544 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/07/2006, in the amount of $254,500, as a purchase of an owner occupied single family located in a Planned Unit Development (PUD). The loan was approved as a No Documentation loan (No Employment, No Income, No Asset Verification), with a 79.992%/99.982% Loan to Value/Combined Loan to Value (LTV/CLTV). There was an undated Transmittal Summary in the loan file. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NINA | | $254,500.00 | 2849330 | |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI  1.04 (c) (v) LXS 2007-6_No Fraud  1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of public records and an audit credit report revealed that the month following the closing the Borrower refinanced two existing mortgages. On 01/11/2007 the Borrower refinanced a property located in Hendersonville, NV with a first mortgage loan in the amount of $304,000 with a payment of $2,239 and on 01/22/2007 the Borrower refinanced the 2nd mortgage on the same property with a mortgage of $38,000 and a payment calculated at 7.125% for 30 years of $256 and failed to disclose the pending transactions on the loan application.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,495 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | | 2849330 | |

**Digital Risk - Loan Review Findings**

| # | Loan Number | Lien | Deal | Finding Code | Category | Subcategory | | | Narrative | Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to reside in the subject property. The loan file contained post-closing documentation including tax returns, bank statements, bankruptcy documentation and correspondence, which Lender further revealed that the Borrower continued to reside in her departing residence after the subject loan closing. The Borrower represented that this property would be retained as a rental and the Borrower was purchasing the subject as a primary residence. Further, the file contains a post-closing hardship letter which indicated that the Borrower's family member occupied the subject property because the Borrower could not find a trust worthy tenant. A lease was provided by the Borrower to support the letter evidencing the subject was rented to a family member.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849330 |
| 11 | 000000033750621 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/29/2006, in the amount of $399,650, as a purchase of an owner occupied residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.80% Debt to Income Ratio (DTI). There was a Manual approval dated 02/02/2007 in the loan file. | SISA | $399,650.00 | 2849333 |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrower's verified income results in an increase from 44.80% to 133.61%, which exceeds the represented Debt to Income Ratio. | | | 2849333 |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Director of Finance earning $9,100 per month on the loan application. An audit Verification of Employment and Income was conducted through The Work Number, which revealed the Borrower's 2006 income was $34,479 or $2,873 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Director of Finance earning $9,100 per month per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849333 |
| 12 | 000000038757092 | 1st | LXS 2006-19 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/02/2006, in the amount of $110,200, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Stated income/Verified asset (SIVA) loan, with an 88.16% loan to value/combined loan to value (LTV/CLTV), and a 41.54% debt to income ratio (DTI). There was a Manual approval dated 08/02/2006, in the loan file. | Stated | $110,200.00 | 2849196 |
| . | | | | 1.04 (b) (xvii) LXS 2006-19_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 41.54% to 116.40%, which exceeds the represented DTI. | | | 2849196 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xvii) LXS 2006-19_DTI<br><br>1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower's misrepresentation is disclosed. The Borrower falsely stated income as a Supervisor earning $4,500 per month on the loan application. A post-closing audit verification of employment conducted through The Work Number revealed the Borrower's total wages for the subject year of 2006 were $20,322 or $1,861 per month as a Cook.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Supervisor earning $4,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849196 |
| 13 | 000000039078894 | 1st | LXS 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/28/2006, in the amount of $110,400, as a cash out refinance of an owner occupied residence. According to the rate lock form located in the loan file, the loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan To Value. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $110,400.00 | 2849232 |
| . | | | | 1.04 (b) (xii) LXS 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849232 |
| . | | | | 1.04 (b) (xii) LXS 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849232 |
| . | | | | 1.04 (b) (xii) LXS 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849232 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (xviii) LXS 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was, in part, secured by real property. The Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849232 |
| 14 | 000000039181631 | 1st | LXS 2007-3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/27/2006, in the amount of $384,750, as a purchase of an investment property. The loan was approved as a Full Documentation loan, with a 95%/95% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 47.83% debt to income ratio (DTI). There was a Manual approval dated 10/25/2006, in the loan file. | Full | $384,750.00 | 2849306 |
| . | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's undisclosed debt results in an increase from 47.83% to 81.19%, which exceeds the represented DTI. | | | 2849306 |
| . | | | 1.04 (b) (xviii) LXS 2007-3_DTI  1.04 (c) (vi) LXS 2007-3_No Fraud  1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. Research conducted through an audit credit report reveals mortgages that were opened prior to the subject loan closing and closed after the subject loan closing. The loans were not on the origination credit report and specific properties could not be identified. The undisclosed loans are as follows: $100,000 with a payment of $1,466 opened 10/2006, $123,375 with a payment of $957 opened 04/2003, $118,125 with a payment of $912 opened 04/2003, $140,000 with a payment of $1,074 opened 04/2003, $132,125 with a payment of $1,056 opened 04/2003, $850,000 with a payment of $4,264 opened 02/2005, $131,250 with a payment of $934 opened 04/2003.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $10,633 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849306 |
| 15 | 000000039389267 | 1st | LXS 2006-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/06/2006, in the amount of $453,600 as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan To Value/Combined Loan To Value, and a 47.73% debt to income ratio (DTI). There was a Manual, approval dated 10/04/2006, in the loan file. | Stated | $453,600.00 | 2849216 |
| . | | | 1.04 (b) (xviii) LXS 2006-20_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 47.73% to 74.45%, which exceeds the represented DTI. | | | 2849216 |
| . | | | 1.04 (b) (xviii) LXS 2006-20_DTI  1.04 (c) (v) LXS 2006-20_No Fraud - Near Year Income Evidence  1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Safety Director for 9 years, earning $7,200 per month on the loan application. The subject loan file contained post-closing documentation, which contained the Borrower's 2007 W-2, which revealed the Borrower earned $54,248, or $4,520 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower stated employment a Safety Director for 9 years, earning $7,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849216 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/24/2013 8:14:49 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**Digital Risk - Loan Review Findings**

Cowen_Final_Version_Wilmington 489_50_1    08-13555-mg   Doc 46080-10   Filed 08/22/14   Entered 08/22/14 15:34:18    Attachment
part 10 - Pg 116 of 201

| 16 | 000000040026775 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/22/2007, in the amount of $172,900, as a purchase of an investment 2 unit residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 35% debt to income ratio (DTI). There was a Manual approval dated 01/19/2007, in the loan file. | Stated | $172,900.00 | 2849351 | |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 35% to 176.24%, which exceeds the represented DTI. | | | 2849351 | |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented their debt obligations. A post-closing audit credit report revealed the Borrower secured 3 additional properties, one prior to closing and two the same month as the subject closing date of 01/22/2007. The undisclosed mortgages totaled $796,300 with total monthly payments of $5,314.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $5,314 in monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2849351 | |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Self-Employed General Building Contractor earning $25,000 per month on the loan application. The subject loan file, contained post-closing documentation, which revealed the Borrower's 2008 tax returns which reflected the Borrower's actual income, was $6,647 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Self-Employed General Building Contractor earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849351 | |
| 17 | 000000040067027 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $194,732.00 | 2849356 | |
| . | | | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) LXS 2007-6_Mortgage File<br><br>1.04 (c) (xvii) LXS 2007-6_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849356 | |

**Digital Risk - Loan Review Findings**

Cowen_Final_Version_Wilmington 489_50_1     08-13555-mg    Doc 46080-10    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
part 9

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-6_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849356 |
| . | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849356 |
| . | | 1.04 (c) (xviii) LXS 2007-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849356 |
| 18 | 000000040567463 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 4/30/2007, in the amount of $94,050, as cash out refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 90% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 45.89% debt to income ratio (DTI). There was a Manual approval dated 4/26/2007, in the loan file. | SISA | $94,050.00 | 2849250 |
| . | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed General Contractor earning $4,000 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's 2006 tax returns, which revealed the Borrower earned negative $25,789, or negative $2,149 per month in 2006 the year the subject loan closed. In addition, the loan file contained a Certified Public Accountant (CPA) letter dated 4/23/2007 indicating the 2006 tax return was prepared by the tax preparer; however, the 2006 tax returns did not reflect the same tax preparer as on the CPA letter dated 4/23/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed General Contractor earning $4,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849250 |

Cowen_Final_Version_Wilmington 489_50_1

| 19 | 000000040690505 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/29/2007, in the amount of $550,000.00, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 41.62% debt to income ratio (DTI). There was a Manual approval dated 05/24/2007, in the loan file. | Stated | $550,000.00 | 2849255 |
| . | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrowers' verified income results in an increase from 41.62% to 92.44%, which exceeds the represented DTI. | | | 2849255 |
| . | | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Superintendent for a drywall company earning $12,417 per month and the Co-Borrower indicated that she was a Level 4 Advanced Operator earning $3,929 per month on the loan application. The subject loan file contained the Borrowers' the 2007 tax returns, which revealed the Borrowers' total combined income for the closing year of 2007 was $112,369 annually or $9,364 monthly.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Superintendent for a drywall company earning $12,417 per month and the Co-Borrower indicated that she was a Level 4 Advanced Operator earning $3,929 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust.<br><br>Moreover, a recalculation of DTI based on the Borrowers' verified income yields a Debt to Income Ratio (DTI) of 92.44%, which exceeds 60%, which was not an acceptable DTI for the loan program and has a significant impact on the Borrowers' reasonable ability to repay the subject loan. | | | 2849255 |
| 20 | 000000045391885 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/26/2007, in the amount of $212,000, as a rate/term refinance of an owner occupied single condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 79.41%/89.33% Loan To Value/Combined Loan To Value (LTV/CLTV) and a 40% debt to income ratio (DTI). There was a Manual approval dated 03/22/2007, in the loan file. | Stated | $212,000.00 | 2849385 |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Commercial Services Representative for a bank earning $6,700 per month. The subject loan file contained post-closing documentation including the Borrower's 2007 tax return, which revealed the Borrower earned $5,469 per month the year the subject closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Commercial Services Representative for a bank earning $6,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849385 |
| 21 | 000000045575743 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/12/2007, in the amount of $158,400, as a refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan To Value/ Combined Loan To Value (LTV/CLTV), and a 45.56% debt to income ratio (DTI). There was a Manual approval dated 02/21/2007, in the loan file. | Full | $158,400.00 | 2849388 |
| . | | | | 1.04 (c) (xviii) LXS 2007-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849388 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/24/2013 8:14:49 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 22 | 000000045819703 | 1st | LXS 2007-6 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 3/27/2007, with a term of 360, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Assets loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 44% debt to income ratio (DTI). There was a Manual approval dated 03/23/2007, in the loan file. | Stated | $154,400.00 | 2849392 | |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 44% to 77.61%, which exceeds the represented Debt to Income Ratio (DTI). | | | 2849392 | |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Manager of a Pizzeria earning $4,450 per month on the loan application. A written and verbal audit verification of employment was obtained from the employer listed on the loan application, which revealed the Borrower was employed as a Delivery Driver earning $500 per week, or $2,167 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Manager of a Pizzeria earning $4,450 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849392 | |
| . | | | | 1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented their employment on the loan application. A written and verbal audit verification of employment was obtained from the employer listed on the loan application, which revealed the Borrower was employed as a Delivery Driver of the pizza store and was never employed as the Manager as indicated on the loan application. In addition, the information from the origination written verification of employment and the information from the origination verbal verification of employment did not match, as one indicated a position as Manager, and the other reflected Assistant Manager. Further, the verification was completed by an individual employed by the same pizzeria store with the position of Manager, which is a red flag the Borrower's employment was misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Manager of a pizzeria for 7 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849392 | |
| . | | | | | | | | **Grand Total of Repurchase Demand** | | $5,125,132.00 | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/24/2013 8:14:49 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Final_Version_Wells 1033_5

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0014647556 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/13/2002, in the amount of $194,000, as a cash out refinance of an owner-occupied single family property. The loan was approved as a Stated Income/Verified Asset loan, with a 73.208%/% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28.25% Debt to Income (DTI). There was a Manual approval dated 11/07/2002, in the loan file. | Stated | $194,000.00 | 2847452 | |
| | | | | 1.04 (b) (xi) SARM 2004-10_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xvi) SARM 2004-10_No High Cost<br><br>1.04 (b) (xvii) SARM 2004-10_No High Cost - S&amp;P<br><br>1.04 (c) (xvii) SARM 2004-10_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-10_Compliance with Applicable Law | High Cost Loan - State | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable law. The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law.<br><br>The Seller further represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The loan fees $7,261.11 exceed the (GAOld) Covered Loan fee limit, which is $5,667.64, the difference is $1,593.47.<br><br>Despite the Seller's representations, the subject loan was a "covered" or high cost loan as defined by applicable state law. | | | 2847452 | |
| 2 | 0017912551 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/04/2004, in the amount of $469,500, as a rate term refinance of a non owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 72.23%/81.46% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.3% Debt to Income (DTI). There was a Manual approval dated 06/02/2004, in the loan file. | Stated | $469,500.00 | 2847522 | |
| | | | | 1.04 (c) (v) SARM 2004-16_No Fraud<br><br>1.04 (c) (vii) SARM 2004-16_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. The audit credit report revealed the Borrowers obtained two auto loans prior to the subject loan closing on 06/04/2004. The Borrowers opened an auto loan in the amount of $20,198 with a monthly payment of $464 in 05/2004 and an auto loan for $19,218 with a monthly payment of $443 in 03/2004.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $907 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2847522 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 6:52:41 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Final_Version_Wells 1033_5

| 3 | 0018448043 | 1st | SARM 2004-18 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 09/20/2004, in the amount of $143,200, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% Loan to Value/Combined Loan To Value and a 38% Debt to Income Ratio (DTI). There was a Manual approval dated 09/27/2004, in the loan file. | Stated | $143,200.00 | 2847605 | |
| | | | | 1.04 (c) (v) SARM 2004-18_No Fraud  1.04 (c) (vii) SARM 2004-18_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | | 1 | 3 | The Borrower misrepresented his employment on the loan application. The loan application reflected the Borrower stated employment as a Control Engineer for 2 years. The loan file contained a verbal verification of employment to confirm the above information. According to a Statement of Financial Affairs, filed by the Borrowers with the Eastern District of Michigan Southern Division Bankruptcy Courts as part of a Chapter 7 bankruptcy dated 10/08/2005, the Borrower was not employed by the employer disclosed on the subject loan application or the verbal verification of employment conducted by the Lender at the time of origination at any time. The Statement of Financial Affairs also revealed the Borrower was unemployed and collecting unemployment benefits for a portion of the year 2004, the same year as the subject loan closing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as Control Engineer for 2 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847605 | |
| | | | | 1.04 (c) (v) SARM 2004-18_No Fraud  1.04 (c) (vii) SARM 2004-18_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Control Engineer earning $5,100 per month and the Co-Borrower falsely stated income as a Receptionist for 1 year earning $2,635 per month on the loan application.

The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification and disclosure of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Control Engineer earning $5,100 per month and the Co-Borrower falsely stated income as a Receptionist for 1 year earning $2,635 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847605 | |
| 4 | 0030717086 | 1st | SARM 2005-20 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 05/25/2005, in the amount of $950,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 74.22% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 31.85% debt to income ratio (DTI). There was a Manual approval dated 06/13/2005, in the loan file. | Stated | $950,000.00 | 2847754 | |
| | | | | 1.04 (b) (xii) SARM 2005-20_Compliance with Applicable Law - Origination  1.04 (b) (xxiv) SARM 2005-20_Compliance with Applicable Law  1.04 (c) (xvii) SARM 2005-20_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.

The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.

The disclosed finance charge ($1,186,833.93) is ($881.34) below the actual finance charge ($1,187,715.27). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).

Despite the Seller's representations, Annual Percentage Rate (APR) and/or points and fees were not adequately disclosed to the Borrower. | | | 2847754 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 6:52:41 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Final_Version_Wells 1033_5

| 5 | 0030822696 | 1st | SARM 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/02/2005, in the amount of $260,000 as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 35.46% debt to income ratio (DTI). There was a Manual approval dated 05/10/2005, in the loan file. | Full | | $260,000.00 | 2847742 | |
| | | | | 1.04 (b) (xii) SARM 2005-17_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xix) SARM 2005-17_No High Cost - S&P<br><br>1.04 (b) (xvii) SARM 2005-17_No High Cost<br><br>1.04 (b) (xviii) SARM 2005-17_No High Cost - HOEPA<br><br>1.04 (b) (xxiv) SARM 2005-17_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SARM 2005-17_Origination Practices | High Cost Loan - State | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable law. The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law. The Seller further represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan fees ($12,388.50) exceeded the (NJ) High Cost fee limit, which is ($11,432.32), the difference is ($956.18). As such, the subject loan was a "covered" or high cost loan as defined by applicable state law. | | | | 2847742 | |
| 6 | 0040041147 | 1st | LMT 2007-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/19/2007, in the amount of $560,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/86.42% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 40.31% debt to income ratio (DTI). There was a Manual approval dated 03/19/2007, in the loan file. | Stated | | $560,000.00 | 2847299 | |
| | | | | 1.04 (c) (v) LMT 2007-4_No Fraud<br><br>1.04 (c) (vii) LMT 2007-4_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower misrepresented his employment on the loan application. An audit Verbal Verification of Employment (VOE) was obtained from the Borrower's employer. The audit VOE reflected that the Borrower was employed as a Fork Lift Operator. The origination VOE stated the Borrower's position as a Production Engineer.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Production Engineer for 12 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | | 2847299 | |
| | | | | 1.04 (c) (v) LMT 2007-4_No Fraud<br><br>1.04 (c) (vii) LMT 2007-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | "The Borrower falsely stated income as a Production Engineer earning $9,985 per month on the loan application. The Co Borrower stated employment as a Sales Representative for 6 years earning income of $6,350 per month on the loan application. An audit Verbal Verification of Employment (VOE) for the Borrower was obtained from the Borrower's employer, which reflected the Borrower's position was misrepresented on the application. The Borrower was not employed as a Production Engineer, rather the Borrower was employed as a Fork Lift Operator. In addition, an audit VOE was conducted through The Work Number for the Co-Borrower, which reflected that the Co-Borrower's actual 2007 income was $4,270.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Production Engineer earning $9,985 per month on the loan application, and the Co Borrower stated employment as a Sales Representative for 6 years earning income of $6,350 per month which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2847299 | |

| 7 | 0040490096 | 1st | SARM 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/20/2007, in the amount of $220,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 42.118% debt to income ratio (DTI). There was a Manual approval dated 04/19/2007, in the loan file. | Full | $220,000.00 | 2847853 | |
| | | | | 1.04 (b) (xii) SARM 2007-6_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2007-6_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847853 | |
| | | | | 1.04 (b) (xxi) (9) SARM 2007-6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SARM 2007-6_No Fraud<br><br>1.04 (c) (vii) SARM 2007-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented his debt obligations. A review of public records revealed that the Borrower acquired three properties utilizing 5 mortgages which were not disclosed at application. On 4/10/2007 the Borrower acquired a property located in Detroit MI utilizing two mortgages as follows: The first mortgage was in the amount of $130,500 with a payment of $970 per month, the second mortgage was in the amount of $14,500 with a payment of $122. In addition, on 04/05/2007, the Borrower acquired two properties located on the same street in Belleville MI utilizing three mortgages as follows: The loan amount of the property acquired with a single mortgage was $335,000 with a payment of $2,309, the remaining property had a first mortgage with a balance of $268,000 with a payment of $1,737 and a second mortgage with a balance of $67,000 with a payment of $673.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $5,811 in monthly debt, which not only constituted an event of default under the executed Mortgage and or Deed of Trust but also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847853 | |
| 8 | 0040881179 | 1st | LMT 2008-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/11/2007, in the amount of $650,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 78.88% Loan To Value (LTV/CLTV), and a 53.79% debt to income ratio (DTI). There was a Manual approval dated 10/25/2007, in the loan file. | Full | $650,000.00 | 2847430 | |
| | | | | 1.04 (b) (xii) LMT 2008-6_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847430 | |

Cowen_Final_Version_Wells 1033_5

| # | | LMT | | | Misrep Type | Misrep Income | | | Description | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 0046973293 | 1st | LMT 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/06/2007, as the a rate of $372,000 as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/89.47% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.50% Debt to Income Ratio (DTI). There was a Manual approval dated 06/28/2007, in the loan file. | Stated | $372,000.00 | 2847355 |
| | | | | 1.04 (c) (v) LMT 2007-9_No Fraud<br><br>1.04 (c) (vii) LMT 2007-9_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as Retired earning $8,500 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2009 tax returns, which revealed their monthly retirement income as $3,385. In addition, post closing documentation contained a hardship letter confirming the Borrower's monthly income. It is unlikely the Borrower's income would have decreased considering the Borrower was Retired.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Retired earning $8,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847355 |
| 10 | 0047736335 | 1st | LMT 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/08/2007, in the amount of $352,000, as a rate and term refinance of a non-owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 14.52% Debt to Income Ratio (DTI). There was a Manual approval dated 11/07/2007, in the loan file. | Stated | $352,000.00 | 2847412 |
| | | | | 1.04 (c) (vii) LMT 2008-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. Research conducted through Accurint revealed that the Borrower also had two undisclosed self-employed business that were opened and active during the same period as subject loan. One undisclosed business reflected an operational begin date from 01/25/2005 through 10/10/2008 and the second undisclosed business reflected an operational begin date from 02/22/2005 through 02/22/2010, which covers the subject closing date of 11/08/2007. The additional businesses could have had a negative impact on the Borrower's stated income. Accurint also confirmed that the businesses were registered in the Borrower's name.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of his financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>In addition to the Seller's representation and warranty as to no events of defaults and/or accelerations under the Mortgage, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of a furniture company for 11 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847412 |
| 11 | 0400634580 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/10/2004, in the amount of $212,800, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/94% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.50% Debt to Income Ratio (DTI). There was a Manual approval dated 06/04/2004, in the loan file. | Stated | $212,800.00 | 2847511 |
| | | | | 1.04 (c) (v) SARM 2004-10_No Fraud<br><br>1.04 (c) (vii) SARM 2004-10_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Project Manager for a construction company earning $6,000 per month on the loan application. Post closing documentation contained the Borrower's 2004 tax returns, which verified their monthly income of $3,842.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Project Manager for a construction company earning $6,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847511 |
| | | | | | **Grand Total of Repurchase Demand** | | | | | | **$4,383,500.00** | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000017300146 | 1st | SASC 2004-9XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/12/2004, in the amount of $143,100. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the Title Commitment, Homeowners Insurance, Note and Mortgage. There was no other critical documentation provided, including the loan application and credit report, for the file that was represented on the data tape by the Seller. | Unknown | $143,100.00 | 2849538 | |
| . | | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849538 | |
| . | | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849538 | |
| . | | | | 1.04 (c) (xviii) SAS 2004-9XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849538 | |

Cowen_Final_Version_USBank_Transfer_3

| 2 | 000000017365701 | 1st | SASC 2004-9XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/14/2004 with a loan amount of $46,750. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage, the appraisal and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $63,750.00 | 2849540 | |
| . | | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders | | | 2849540 | |
| . | | | | 1.04 (b) (xii) SAS 2004-9XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-9XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849540 | |
| 3 | 000000030734412 | 1st | SASC 2005-14 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/13/2005, in the amount of $279,500, as a purchase of a 4 unit investment property. The loan was approved as a Stated Income/Verified Asset loan, with a 65% loan to value/combined loan to value (LTV/CLTV), and a 47.74% debt to income ratio (DTI). There was a Manual approval dated 04/21/2005, in the loan file. | Stated | $279,500.00 | 2849570 | |
| . | | | | 1.04 (c) (v) SAS 2005-14_No Fraud<br><br>1.04 (c) (vii) SAS 2005-14_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Picker earning $7,500 per month on the loan application. An audit verification of employment was obtained from the Borrower's employer, which revealed the Borrower's actual income for 2005, the same year as the subject loan closing, was $2,648 per month.It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Picker earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849570 | |

Cowen_Final_Version_USBank_Transfer_3

| 4 | 000000030744635 | 1st | SASC 2005-14 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/25/2005, in the amount of $672,000. There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's HUD-1 Settlement Statement, subject Note, Mortgage, homeowners' insurance policy, and Title. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $672,000.00 | 2849571 | |
| | | | | 1.04 (b) (xii) SAS 2005-14_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-14_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849571 | |
| | | | | 1.04 (c) (xviii) SAS 2005-14_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849571 | |
| 5 | 000000030893408 | 1st | SASC 2005-14 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/27/2005, in the amount of $183,200, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/95% Loan to Value/Combined Loan to Value, and a 45.14% Debt to Income Ratio (DTI). There was a Manual approval dated 05/18/2005, in the loan file. | Full | $183,200.00 | 2849577 | |
| | | | | 1.04 (b) (ii) SAS 2005-14_No Delinquent Taxes/Charges<br><br>1.04 (b) (ix) SAS 2005-14_Mechanics' Liens<br><br>1.04 (b) (v) SAS 2005-14_Valid Lien | Failure to Pay Tax Lien | Failure to Satisfy Liens | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the pay off of tax and other liens prior to closing, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject mortgage represents a valid, subsisting, enforceable and perfected first lien on the subject property.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a state tax lien in the amount of $3,100 and a state tax lien in the amount of $2,150 was paid. The state tax liens were reflected on the origination credit report dated 04/06/2006. In addition, the Lender's approval dated 05/18/2005 required proof that the two state tax liens were to be paid off or reflect a release date prior to closing. | | | 2849577 | |

Cowen_Final_Version_USBank_Transfer_3

| 6 | 000000031704216 | 1st | LMT 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan signed on 12/13/2005, in the amount of $126,400.00. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $126,400.00 | 2849160 | |
| . | | | | 1.04 (b) (xii) LMT 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849160 | |
| . | | | | 1.04 (c) (xviii) LMT 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849160 | |
| 7 | 000000031903875 | 1st | LMT 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/04/2005, in the amount of $69,120. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, HUD-1 Settlement Statement, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $69,120.00 | 2849170 | |
| . | | | | 1.04 (b) (xii) LMT 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849170 | |
| . | | | | 1.04 (c) (xviii) LMT 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849170 | |

| 8 | 000000033374976 | 1st | LXS 2006-19 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/29/2006, in the amount of $416,000.00, purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Full Documentation loan (No Income, No Employment and No Asset Verification), with an 80%/100% Loan to Value/Combined Loan to Value. There was a Manual approval dated 09/29/2006, in the loan file. | NINENA | $416,000.00 | 2849190 |
| | . | | 1.04 (b) (xvii) LXS 2006-19_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's undisclosed debt and verified income results in a DTI of 437.86%, which exceeds the represented DTI of 60%. | | | 2849190 |
| | . | | 1.04 (b) (xvii) LXS 2006-19_DTI<br><br>1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. A review of the Borrower's audit credit report, the Mortgage Electronic Registry System and SiteX.com revealed an undisclosed Home Equity Line of Credit (HELOC) opened 08/10/2006, which is prior to subject loan closing, with a loan amount of $150,000 and a monthly payment of $1,459 per month. The undisclosed HELOC was not disclosed on the origination credit report and the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of DTI based on the Borrower's undisclosed debt yields a DTI of 437.86%, which exceeds the Seller's represented 60% Debt to Income Ratio.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $1,459 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849190 |
| | . | | 1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower filed for Chapter 7 Bankruptcy on 11/19/2007 with the United States Bankruptcy Court Middle District of Florida. The Borrower stated his current address in Winter Garden, FL, which is not the subject property located in Ocoee, FL. The Statement of Financial Affairs Section 15, requires the Borrower to list any prior occupied residents in the last 3 years, which dates back to 11/19/2004, which is prior to subject loan closing. The Borrower did not list any other occupied residents; therefore, the Borrower did not occupy the subject which was a purchase of a primary residence. The loan file contained a document written by the Underwriter, stating the Borrower closed a loan in 05/2006 for an owner occupied property, which is 4 months prior to subject loan closing. There is no evidence in the file that at least one named Borrower occupied the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849190 |

Cowen_Final_Version_USBank_Transfer_3

| 9 | 000000033376237 | 1st | LXS 2006-19 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/04/2006, in the amount of $264,000.00 purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan with a 80%/85% loan to value/combined loan to value and 39% debt to income ratio. There was a Manual approval, dated 10/04/2006 in the loan file. | SISA | $264,000.00 | 2849191 | |
| . | | | 1.04 (b) (xvii) LXS 2006-19_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt to income ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 39% to 236.16%, which exceeds the represented DTI of 60%. | | | 2849191 | |
| . | | | 1.04 (b) (xvii) LXS 2006-19_DTI<br><br>1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented the debt obligations. Per public records obtained through Mortgage Electronic Registry System and SiteX.com the Borrower failed to disclose a first and second mortgage loan, which were opened on 05/05/2005 in the amounts of $236,000 and $59,000 with monthly payments of $1,594 and $524 secured by property located in Stockton, CA.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 236.16%, which exceeds the Seller's represented 60% Debt to Income Ratio and has a significant impact on the Borrowers' reasonable ability to repay the subject loan.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,118 of additional monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849191 | |
| . | | | 1.04 (b) (xvii) LXS 2006-19_DTI<br><br>1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 5 | 3 | The Borrower misrepresented the disclosed income. The Borrower falsely stated income as a Receiver of a distribution center earning $7,489 per month on the loan application. The loan file contained the Borrower's 2006 U.S. Individual Income Tax Return (form 1040A), as part of post-closing documentation, which evidenced the Borrower actually earned $25,012, or $2,084 per month, the same year as the subject closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of debt to income ratio (DTI) based on the Borrower's verified income of $2,084 and undisclosed debt yields a DTI of 236.16%, which exceeds the Seller's represented 60% Debt to Income Ratio.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Receiver of a distribution center earning $7,489 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849191 | |
| 10 | 000000033397084 | 1st | LXS 2006-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/10/2006, in the amount of $244,000 as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset with a 100%/100% loan to value/combined loan to value. There was a Manual approval, dated 10/10/2006 in the loan file. | Stated | $244,000.00 | 2849206 | |
| . | | | 1.04 (c) (v) LXS 2006-20_No Fraud<br><br>1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented the disclosed income. The Borrower falsely stated income as an Account Executive of a refinery earning $7,950 per month on the loan application. The loan file contained the Borrower's 2007 W-2 form and U.S. Individual Income Tax Return (form 1040), as part of post-closing documentation, which evidenced the Borrower actually earned $52,090, or $4,340 per month, the immediate year following the subject closing. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Account Executive earning $7,950 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849206 | |

**Digital Risk - Loan Review Findings**

| # | Loan Number | Lien | Deal | Finding Code | Finding | Finding | A | B | Narrative | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 000000033500992 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/09/2006, in the amount of $209,520.00, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Stated Asset loan with a 100%/100% loan to value/combined loan to value and 35.74% debt to income ratio. There was a Manual approval, dated 11/29/2006 in the loan file. | SISA | $209,520.00 | 2849278 |
| . | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt to income ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income of $3,281 per month results in an increase from 35.74% to 72.73%, which exceeds the represented debt to income ratio of 60%. | | | 2849278 |
| . | | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br><br>1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Near Year Income Evidence | Misrepresentatio n of Income | 2 | 3 | The Borrower misrepresented the disclosed income. The Borrower falsely stated income as social security benefits of $1,500 per month and retirement income of $5,400 per month yielding total monthly income of $6,900 on the loan application. The loan file contained post closing documentation, including the Borrower's 2007 tax return and social security 1099 annual tax form, which reflected the Borrower's retirement income was actually $17,654 or $1,471 per month and social security benefits were $17,382 or $1,810 (grossed up 125% per month. The Borrower's total monthly income was $3,281 in 2007, the immediate year following the subject closing. It is unlikely the Borrower's income would have decreased considering the Borrower was retired and receiving the same retirement benefits indicated at origination.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of the debt to income ratio (DTI) based on the Borrower's verified income yields a DTI of 72.73%, which exceeds the Seller's represented 60% Debt to Income ratio, which was not an acceptable DTI for the loan program and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Despite the Seller's representations, the Borrower falsely stated social security and retirement income of $6,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849278 |
| . | | | | 1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Occupancy Misrepresentatio n - With No Red Flags Present | Misrepresentatio n of Occupancy | 4 | 3 | The Borrower misrepresented the intent to occupy the subject property. Per public records obtained through Accurint, the Borrower never opened a utility account at the subject property and maintained a utility account at the Borrower's address at the time of loan application. Further, the loan file contained a 2007 income tax return, as part of the post closing documentation, which evidenced the Borrower's address in 2007 was the same address as at the time of loan application; therefore, the Borrower never vacated the primary address indicated at origination. There is no evidence in the file that the Borrower occupied the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849278 |
| 12 | 000000033503707 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/26/2006, in the amount of $725,000, as a purchase of a primary detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value, and a 43.90% Debt to Income Ratio (DTI). There was a Manual Approval dated 10/26/2006, in the loan file. | Stated | $725,000.00 | 2849279 |
| . | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 43.9% to 146.93%, which exceeds the represented DTI of 60%. | | | 2849279 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/28/2013 1:36:11 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xviii) LXS 2007-3 _DTI<br><br>1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower overstated income as a self-employed Real Estate Agent earning $15,000 per month on the loan application. The loan file contained the Borrower's 2006 tax returns, which reflected annual earnings in the amount of $49,633 or $4,136 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 146.93%, which exceeds the Seller's represented 60% Debt to Income Ratio, which was not an acceptable DTI for the loan program and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Real Estate Agent earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849279 |
| 13 | 000000033551573 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/06/2006, in the amount of $240,000, as a cash out refinance of an owner occupied single family dwelling. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/89.34% Loan to Value/Combined Loan to Value, and a 43.19% Debt to Income Ratio (DTI). There was a Manual approval dated 12/13/2006, in the loan file. | Stated | $240,000.00 | 2849325 |
| | | | 1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Plaster Specialist earning $5,100 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2007 W-2 form, which confirmed the employment and verified near year income totaling $29,241 or $2,437 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income of $5,100 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849325 |

| # | Loan ID | Lien | Deal | Code | Finding | Finding | | | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 000000033638628 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/06/2006, in the amount of $997,500.00, for purchase of an owner occupied single family dwelling. The loan was approved as a Stated Income/Stated Asset documentation loan, with a 70%/90% Loan to Value/Combined Loan to Value, and a 42.87% Debt to Income Ratio (DTI). There was a Manual approval dated 10/26/2006, in the loan file. | SISA | $997,500.00 | 2849292 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrowers' verified income results in an increase from 42.87% to 262.29%, which exceeds the represented DTI of 60%. | | | 2849292 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br><br>1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as the Owner of a restaurant earning $15,175 per month on the loan application. The Co-Borrower stated income of $12,200 per month as the Co-Owner of the Restaurant. The loan file contained post-closing income documentation including the Borrowers' tax returns for 2007, which verified near year income totaling $52,326, or $4,360 per month, net profit from the operation of the business; therefore, the Borrower and Co-Borrower each earned $2,180 per month. It is unlikely the Borrower's income would have decreased considering the Borrowers were self-employed with the same business.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrowers' verified income yields a DTI of 262.29%, which exceeds the Seller's represented 60% Debt to Income Ratio.<br><br>Despite the Seller's representations, the Borrowers falsely stated incomes of $15,175 per month and $12,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849292 |
| 15 | 000000035549310 | 1st | SASC 2005-14 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/25/2005, in the amount of $211,250, as a rate/term refinance of an investment single-family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 65%/80% Loan to Value/Combined Loan to Value, and a 34% Debt to Income Ratio (DTI). There was a Manual approval, dated 05/24/2005, in the loan file. | Stated | $211,250.00 | 2849583 |
| | | | | 1.04 (c) (v) SAS 2005-14_No Fraud<br><br>1.04 (c) (vii) SAS 2005-14_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records and an audit credit report revealed the Borrower refinanced the second mortgage secured by the primary residence by obtaining an undisclosed Home Equity Line of Credit on 05/14/2005, which was 11 days prior to the subject loan closing date of 05/25/2006, in the amount of $200,000, with a monthly payment, calculated using 1% of the balance, of $2,000.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented the debt obligations by failing to disclose a $2,000 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849583 |

Copyright 2013, Digital Risk, LLC.     Internal & Confidential - Do Not Duplicate     Run: 2/28/2013 1:36:11 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| 16 | 000000039338736 | 1st | LXS 2006-19 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/07/2006, in the amount of $917,132.00, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.46% Debt to Income Ratio (DTI). There was a Manual approval dated 10/25/2006, in the loan file. | Stated | | $917,132.00 | 2849199 | |
| | . | | | 1.04 (b) (xvii) LXS 2006-19_DTI<br><br>1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income in Corporate Sales for a mortgage company for 5 years, earning $17,500 per month on the loan application. The Co-Borrower listed income of $8,800 per month in a Sales Manager for a retail store for 6 years. A combined monthly income of $26,300 was stated on the loan application. The Borrowers filed Bankruptcy on 04/20/2009 with the Eastern District of Virginia and the Statement of Financial Affairs revealed the Borrowers' combined income for the closing year of 2006 was $64,790 or $5,399 monthly.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrowers' verified income yields a DTI of 275.48%, which exceeds the Seller's represented 60% Debt to Income Ratio, which was not an acceptable DTI for the loan program and has a significant impact on the Borrowers' reasonable ability to repay the subject loan.<br><br>Despite the Seller's representations, the Borrower falsely stated income in Corporate Sales for a mortgage company for 5 years, earning $17,500 per month and the Co-Borrower falsely stated income as a Sales Manager for 6 years, earning $8,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2849199 | |
| | . | | | 1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrowers misrepresented their intent to occupy the subject property. The Borrowers filed Bankruptcy on 04/20/2009 with the Eastern District of Virginia and the Statement of Financial Affairs revealed the Borrowers' did not occupy the subject property as the primary residence, as indicated on the loan approval. The Statement of Financial Affairs revealed the Borrowers continued to occupy a property in Fairfax, VA as listed as the departing residence on the loan application. There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. . | | | | 2849199 | |
| 17 | 000000039899653 | 1st | LXS 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/28/2006, in the amount of $496,000, as a cash-out refinance of an owner occupied, condominium. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.63% Debt to Income Ratio (DTI). There was a Manual approval dated 12/27/2006, in the loan file. | Stated | | $496,000.00 | 2849238 | |

Cowen_Final_Version_USBank_Transfer_3

| # | Loan Number | Lien | Deal | Finding Code | Category | Subcategory | | | Narrative | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 000000040216004 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/26/2007, in the amount of $500,000 as a purchase of an owner occupied single family residence. The loan was approved as a No Documentation Loan (No Income, No Employment, No Asset Verification), with a 78.13%/100% Loan to Value/Combined Loan to Value. There was a Manual Approval, dated 01/23/2007, in the loan file. | NINENA | $500,000.00 | 2849370 |
| | | | | 1.04 (c) (v) LXS 2007-6_No Fraud<br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. According to post-closing documentation in the loan file, the Borrower did not occupy the subject property as a primary residence. The Borrower stated she was the victim of identity theft and the subject transaction was not made by the Borrower. The Borrower's identity theft documentation reflected the primary address used at application as the departing property which would be used as a rental property. There is no evidence in the file that at least one named Borrower occupied the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849370 |
| | | | | 1.04 (c) (v) LXS 2007-6_No Fraud<br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Straw Purchaser Transaction | Straw Purchaser Transaction | 2 | 3 | The purchase was an ineligible transaction. The post-closing documentation in the loan file contained a letter from the Borrower, a police report and an Identification Theft Affidavit which indicated the Borrower's identity was stolen and the subject loan was the result of the identity theft. The Borrower indicated she did not personally make application for the subject loan or authorize the transaction. The Borrower had no intention of repaying the subject loan as the loan was obtained on behalf of a third party, not party to the transaction.<br><br>Verification and disclosure of the Borrower's intentions toward the subject property, so as to confirm the Borrower's intention to occupy the subject property, her personal investment in the subject property, and her intention to make the requisite payments was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower provided misleading information on the loan file, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849370 |
| 19 | 000000040549164 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/30/2007, in the amount of $252,200, as a purchase of vacation condominium property. The loan was approved as a No Ratio (No Income/Verified Asset) loan, with a 94.98% Loan to Value/Combined Loan to Value. There was a manual approval dated 05/02/2007, in the loan file. | NIVA | $252,200.00 | 2849249 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrowers' verified income results in a DTI of 158.25%, which exceeds the represented DTI of 60%. | | | 2849249 |
| 20 | 000000040617219 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/15/2007, in the amount of $271,150, as a purchase of a 3-unit attached investment property. The loan was approved as a No Documentation Loan (No Income, No Employment, No Asset Verification), with an 85% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file; however, an origination transmittal summary was in the loan file, which was used to determine the aspects of the loan. | NINENA | $271,150.00 | 2849251 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in a DTI of 330.63%, which exceeds the represented DTI of 60%. | | | 2849251 |

| | | | | | | | | | | Description | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 21 | 000000040618423 | 1st | LXS 2007-14H | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/10/2007, in the amount of $99,000.00, for the purchase of an investment property. The loan was approved as a Stated Income/Verified Assets loan, with a 0% Loan to Value/Combined Loan to Value, and a 31.14% Debt to Income. There was a Manual approval dated 05/03/2007, in the loan file. | Stated | | $99,000.00 | 2849252 |
| . | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. <br><br> Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 31.14% to 621.57%, which exceeds the represented DTI of 60%. | | | | 2849252 |
| . | | | | 1.04 (b) (xix) LXS 2007-14H_DTI <br><br> 1.04 (c) (v) LXS 2007-14H_No Fraud <br><br> 1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | | 2 | 3 | The Borrower misrepresented his debt obligations. Per public records and the audit credit report the Borrower acquired a property located in Coeur D'Alene, ID on 5/18/2007. The subject property closed on 5/10/2007. The property located in Coeur D'Alene, ID had a first and second mortgage in the amounts of $628,000 and $157,000 with a total combined monthly payment of $4,214. <br><br> The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. <br><br> In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. <br><br> A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 621.57%, which exceeds the Seller's represented 60% Debt to Income Ratio, which was not an acceptable DTI for the loan program and has a significant impact on the Borrower's reasonable ability to repay the subject loan. <br><br> Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $4,214 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | | 2849252 |
| . | | | | 1.04 (b) (xix) LXS 2007-14H_DTI <br><br> 1.04 (c) (v) LXS 2007-14H_No Fraud <br><br> 1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | | 4 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a tattoo shop earning $9,700 per month on the loan application. According to the Statement of Financial Affairs on the Bankruptcy petition filed 9/30/2009, by the Borrower with the District of Idaho Bankruptcy Court, the Borrower's income for the year of the subject loan closing of 2007 was listed as $13,926 or $1,160 per month. <br><br> The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. <br><br> In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. <br><br> A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 621.57% which exceeds the Seller's represented 60% Debt to Income Ratio, which was not an acceptable DTI for the loan program and has a significant impact on the Borrower's reasonable ability to repay the subject loan. <br><br> Despite the Seller's representations, the Borrower falsely stated income as an Owner of a tattoo shop earning $9,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2849252 |
| 22 | 000000045211471 | 1st | LXS 2007-3 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/26/2007, in the amount of $244,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42% Debt to Income ratio (DTI). There was a Manual Approval dated 01/25/2007, in the file. | Stated | | $244,000.00 | 2849319 |
| . | | | | 1.04 (c) (v) LXS 2007-3_No Fraud <br><br> 1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Operator earning $4,000 per month on the loan application. A post-closing audit verification of employment, obtained through the Borrower's employer, verified the Borrower's 2007 income of $2,623 per month. <br><br> The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. <br><br> In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. <br><br> Despite the Seller's representations, the Borrower falsely stated employment as an Operator earning $4,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2849319 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/28/2013 1:36:11 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Final_Version_USBank_Transfer_3

Cowen_Final_Version_USBank_Transfer_3

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 23 | 000000045890811 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 03/30/2007, in the amount of $181,000.00 as a rate and term refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% loan-to-value, and a 44.5% debt-to-income ratio. There was a Manual approval dated 03/20/2007, in the loan file. | Stated | $181,000.00 | 2849256 |
| . | | | | 1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 3 | The Borrower misrepresented her employment on the loan application. The loan application indicated the Borrower was self-employed as the Owner of a Hair Salon for 7 years. The loan file contained a professional license; however, the license indicated the Borrower was a Cosmetology Teacher and the license was inactive. The bankruptcy documentation filed by the Borrower on 12/31/2008 with the United States Bankruptcy Court Northern District of Illinois, which revealed the Borrower did not own a business at the time of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as the owner of a Hair Salon for 7 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849256 |
| 24 | 000000124107939 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 02/15/2007, in the amount of $719,650, as a purchase of an owner occupied single family residence located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value, and a 38.81% Debt to Income Ratio (DTI). There was an Automated Underwriting System approval dated 02/14/2007, in the LXS. | Stated | $719,650.00 | 2849393 |
| . | | | | 1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Computer Technical Sales Representative earning $19,250 per month on the loan application. An audit re-verification of employment and income was conducted through The Work Number, which reflected the Borrower's monthly income was $15,367 the same year as the subject closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Computer Technical Sales Representative earning $19,250 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849393 |
| 25 | 000000124477787 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 03/28/2007, in the amount of $495,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value, and a 40.94% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file; however, the loan file did contain a Uniform Underwriting and Transmittal Summary, dated 03/27/2007. | Stated | $495,000.00 | 2849267 |
| . | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income of $5,978 and re-calculated rental income of $636 results in an increase from 40.94% to 61.02%, which exceeds the represented DTI of 60%. | | | 2849267 |
| . | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | Improper Calculation of Income | Improper Calculation of Income | 2 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Accurate calculation of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>A monthly rental income of $1,272 was used to determine the Debt to Income Ratio (DTI). The loan application reflected the Borrower had one rental property with a positive rental income of $636 per month; however, the rental information was duplicated giving the Borrower a positive rental income of $1,272. The correct recalculation results in a monthly rental income of $636.<br><br>A recalculation of DTI based on the Borrower's proper rental income calculation of $636 and verified employment income of $5,978 results in a DTI of 61.02%, which exceeds the Seller's represented 60% Debt to Income Ratio.<br><br>Despite the Seller's representations, a review of the loan file reveals the Lender failed to accurately calculate the Borrower's income. | | | 2849267 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Technician/Welder earning $8,584 per month on the loan application. The loan contained post-closing documentation including the Borrower's W-2 form for 2006, which reflected a yearly salary of $71,732 or $5,978 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income of $5,978 and properly calculated rental income of $636 yields a DTI of 61.02%, which exceeds the Seller's represented DTI under 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Technician/Welder earning $8,584 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849267 | |
| 26 | 000000124487836 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/02/2007, in the amount of $485,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 100% loan-to-value, and a 36.80% debt-to-income. There was a Manual approval dated 04/30/2007, in the loan file. Additionally, the loan file contained an origination transmittal summary that provided the correct debt information. | Stated | $485,000.00 | 2849268 | |
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The audit credit report and public record searches reflected the Borrower acquired four undisclosed mortgages within the same month as the subject loan closing date of 05/02/2007. Two of the undisclosed mortgages were opened on 05/17/2007, in the amounts of $368,000 and $92,000, with monthly payments of $2,338 and $92. One undisclosed mortgage was opened on 05/04/2007, in the amount of $475,000, with a monthly payment of $1,877. One undisclosed mortgage was opened on 05/29/2007, in the amount of $335,000, with a monthly payment of $2,632.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation based on the Borrower's undisclosed debt and verified income yields an invalid debt to income ratio (DTI), which has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $6,939 in monthly debt, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849268 | |
| . | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Vice President of Operations earning $12,000 per month on the loan application. The loan file contained the Borrower's same year tax return for 2007which reflected the Borrower did not have an occupation and did not receive any type of wages income; therefore, the Borrower was not employed and had no wages in 2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Moreover, a recalculation of DTI based on the Borrower's verified income yields an invalid debt-to-income (DTI) which exceeds 60%, which has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Vice President of Operations earning $12,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849268 | |

| # | Loan # | | | | | | | | Findings | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented his employment on the subject loan. The loan file contained a verification of employment dated 05/08/2007 which indicated the Borrower was Vice-President of Operations for 5 years. The loan file contained the Borrower's same year tax return for 2007 which reflected the Borrower did not have an occupation and did not receive any type of wages income; therefore, the Borrower was not employed in 2007. The origination credit report reflected the Borrower did not have a history of working for the employer listed on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Vice President of Operations for 5 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849268 |
| | | | | 1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented his intent to occupy the subject property. The subject loan contained the Borrower's same year tax return which reflected the Borrower did not use the subject property as a primary residence as the Borrower's mailing address was not the subject property. In addition, the subject property was actually used as an investment property as the Schedule E reflected the Borrower was receiving rental income for the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849268 |
| 27 | 0018485078 | 1st | SAIL 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/03/2004, in the amount of $188,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Hud-1 Settlement Statement, Title Commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $188,000.00 | 2849394 |
| | | | | 1.04 (b) (xix) (d) SAIL 2005-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849394 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 1:36:11 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 28 | 0019270834 | 1st | SAIL 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 1/03/2004, in the amount of $566,250. There was neither an Automated Underwriting System (AUS) nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the signed HUD-1 settlement statement, evidence of homeowners insurance, title insurance, the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the Data Tape by the Seller. | Unknown | $566,250.00 | 2849396 | |
| | . | | | 1.04 (b) (xix) (d) SAIL 2005-1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The loan file only contained the signed HUD-1 settlement statement, evidence of homeowner's insurance, title insurance, the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the Data Tape by the Seller.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849396 | |
| | . | | | | | | | | **Grand Total of Repurchase Demand** | | $10,258,722.00 | | |

.
.
.

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 1:36:11 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000031679889 | 1st | LMT 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/11/2005, in the amount of $267,200.00 as a cash-out refinance of a single family residence. The loan was approved as a Stated Income/Verified Asset loan with an 80%/80% loan to value/combined loan to value and 27.5% debt to income ratio. There was a Manual approval, dated 11/09/2005 in the loan file. The Borrower received $$118,060 cash back at closing. | Stated | $267,200.00 | 2849159 | |
| | . | | | 1.04 (b) (xii) LMT 2005-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LMT 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, was not provided.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849159 | |
| 2 | 000000031902232 | 1st | LMT 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/31/2005, in the amount of $177,600. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Hazard Insurance, Title Commitment, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $177,600.00 | 2849169 | |
| | . | | | 1.04 (b) (xii) LMT 2005-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LMT 2005-3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849169 | |
| | . | | | 1.04 (b) (xii) LMT 2005-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LMT 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, was not provided.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849169 | |
| | . | | | 1.04 (c) (xviii) LMT 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849169 | |

# Digital Risk - Loan Review Findings

| # | Loan Number | | | | | | | Findings | | | Amount | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 000000031919103 | 1st | | LMT 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/19/2005, in the amount of $207,000, as a refinance of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 59.44% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.60% Debt to Income Ratio (DTI). There was a Manual approval dated 09/12/2005, in the loan file. | Stated | $207,000.00 | 2849171 |
| . | | | | | 1.04 (c) (v) LMT 2005-3_No Fraud | Misrepresentation of Income - Red Flags Present - Near Year | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Teacher for 5 years, earning $6,800 per month on the loan application. An audit verification of income and employment was obtained, through theworknumber.com, which revealed the Borrower's income for the near year of 2007 was $57,183 or $4,765 monthly. The subject loan closed on 10/19/2005.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. It is unlikely the Borrower's income would have decreased considering the Borrower was employed, with the same employer, in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Teacher for 5 years, earning $6,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849171 |
| | | | | | 1.04 (c) (vii) LMT 2005-3_No Event of Default | Income Evidence | | | | | | | |
| 4 | 000000033319773 | 1st | | LXS 2006-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/17/2006, in the amount of $320,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 41.69% Debt to Income ratio. There was a manual approval dated 10/24/2006, in the loan file. | Stated | $320,000.00 | 2849204 |
| . | | | | | 1.04 (b) (xviii) LXS 2006-20_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 41.69% to 64.67%, which exceeds the represented Debt to Income Ratio. | | | 2849204 |
| | | | | | 1.04 (b) (xviii) LXS 2006-20_DTI<br><br>1.04 (c) (v) LXS 2006-20_No Fraud<br><br>1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Client Service Manager earning $6,340 per month on the loan application. The Borrower also stated employment as a Bartender with a pool hall earning $2,250 per month on the loan application. An audit verification of employment for the Borrower, obtained through The Work Number, revealed the Borrower's income for 2006, the year the subject loan closed, was $3,433 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Mortgage.<br><br>Moreover, a recalculation of DTI based on the Borrower's verified income yields a DTI of 64.67%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Client Service Manager earning $6,340 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849204 |

| 5 | 000000033339003 | 1st | LXS 2006-19 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/xx/2006 in the amount of $297,430, as a purchase of an investment property located in a planned urban development. The loan was approved as a Stated Income/Verified Asset loan, with a 70%/95% Loan to Value/Combined Loan to Value, and a 42.18% debt-to-income ratio. There was a Manual approval dated 09/13/2006, in the loan file. | Stated | $297,430.00 | 2849188 | |
| | . | | | 1.04 (b) (xvii) LXS 2006-19_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a debt-to-income ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 42.18% to 62.67%, which exceeds 60%. | | | 2849188 | |
| | . | | | 1.04 (b) (xvii) LXS 2006-19_DTI  1.04 (c) (v) LXS 2006-19_No Fraud  1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Personal Trainer earning $8,000 per month on the loan application. The loan file contained post-closing 2006 tax returns which revealed the Borrower's actual income was $54,200. Although it could not be determined that the Borrower was still employed with the same employer after the subject loan closing, basing an income calculation on the best case scenario and crediting the Borrower by dividing the Borrower's 2006 income by the months prior to closing equates to $6,399 per month.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of debt-to-income ratio (DTI) based on the Borrower's verified income yields a DTI of 62.67% which exceeds the Seller's represented DTI of 60%.

Despite the Seller's representations, the Borrower falsely stated employment as a Personal Trainer earning $8,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849188 | |
| 6 | 000000033410911 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/11/2006, in the amount of $392,000, as a cash-out refinance of an owner occupied detached single family residence located in a condominium. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% Loan to value/combined loan to value (LTV/CLTV), and a 37.439% Debt to Income Ratio (DTI). There was a Manual approval dated 10/11/2006, in the loan file. | Stated | $392,000.00 | 2849322 | |
| | . | | | 1.04 (b) (xix) LXS 2007-6_DTI  1.04 (c) (v) LXS 2007-6_No Fraud  1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a dry cleaning business earning $18,000 per month on the loan application. The loan file contained federal income tax return for 2007 that was provided by the Borrower for loss mitigation. The Borrower's 2007 federal income tax return revealed the Borrower's total income was $52,547 or $4,379 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 114.51%, which exceeds the Seller's represented DTI of 60%.

Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a dry cleaning business earning $18,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849322 | |
| 7 | 000000033422916 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/02/2006, in the amount of $139,500, as a purchase of a non-owner occupied 2-unit property. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value, and a 35.88% Debt to Income Ratio (DTI). There was a Manual approval dated 09/29/2006, in the loan file. | Full | $139,500.00 | 2849272 | |
| | . | | | 1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A review of MERS and the audit credit report revealed the Borrowers purchased an undisclosed property prior to the subject loan closing on 10/02/2006. The Borrowers purchased an undisclosed property located in Oak Grove, KY on 09/21/2006. The Borrowers acquired a first mortgage in the amount of $111,600 with a monthly payment of $1,061 and a second mortgage in the amount of $27,900 with a monthly payment of $330 to finance the undisclosed property.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,391 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2849272 | |

# Digital Risk – Loan Review Findings

| # | Loan Number | Lien | Pool | Finding | Category | Category | | | Description | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 000000033499344 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/01/2006, in the amount of $340,000, as a refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 25.88% Debt to Income Ratio (DTI). There was a Manual approval date 11/01/2006, in the loan file. | Stated | $292,000.00 | 2849277 |
| | . | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a DTI in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 28.88% to 109.42%, which exceeds the represented DTI of 60%. | | | 2849277 |
| | . | | | 1.04 (b) (xviii) LXS 2007-3_DTI  1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. A search of public records through Accurint, revealed the Borrower purchased a property in Chicago, IL on 05/16/2006. Two mortgages were obtained to facilitate the purchase of this property, one in the amount of $280,000 and a second lien in the amount of $70,000. The mortgage for $280,000 was disclosed on the origination credit report; however the second mortgage of $70,000 was not disclosed. The monthly payment for the undisclosed mortgage of $70,000 was $664.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $664 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2849277 |
| | . | | | 1.04 (b) (xviii) LXS 2007-3_DTI  1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Contract Producer earning $11,000 per month on the loan application. The loan file contained the Borrower's 2005 income tax that reflected total earnings for the year ending 2005 was $12,873, or $1,073 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 109.42%, which exceeds the Seller's represented DTI of 60%.  Despite the Seller's representations, the Borrower falsely stated employment as a Contract Producer earning $11,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849277 |
| 9 | 000000033527490 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/01/2006, in the amount of $200,000, as a refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 45.68% Debt to Income Ratio (DTI). There was a Manual approval date 11/24/2006, in the loan file. | SISA | $200,000.00 | 2849323 |
| | . | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.  Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 45.68% to 218.81%, which exceeds the represented DTI. | | | 2849323 |
| | . | | | 1.04 (b) (xix) LXS 2007-6_DTI  1.04 (c) (v) LXS 2007-6_No Fraud  1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Manager for a Real Estate business earning $6,500 per month on the loan application. The loan file contained the Borrower's 2006 Tax return and 2006 W-2, which revealed the Borrower's actual income from the disclosed employment, was $11,988 annually, or $999 per month. The tax return reflected the Borrower was retired at the time the tax return was signed and filed; however, the subject loan closed on 12/01/2006. If the Borrower retired the day following closing, the Borrower's monthly income was $1,090 ($11,988/11 months).  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 218.81%, which exceeds the Seller's represented DTI of 60%.  Despite the Seller's representations, the Borrower falsely stated employment as a Manager of a real estate business earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849323 |

| 10 | 000000033730953 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/10/2006, in the amount of $764,680, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset Loan, with an 80%/91% Loan to Value/Combined Loan to Value, and a 46.08% Debt to Income Ratio (DTI). There was a Manual approval dated 01/10/2007, in the loan file. | Stated | $760,000.00 | 2849332 | |
| . | | | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-6_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($1,291,750.52) is ($49.77) below the actual finance charge ($1,291,800.29). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i)(2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849332 | |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 2 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 49.76% to 78.83%, which exceeds the represented DTI. | | | 2849332 | |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Project Manager earning $17,700 per month on the loan application. Per The Work Number, the Borrower was still employed with the same employer holding the same position in the year 2007. The total income earned for the year ending 2007 was $125,482 or $10,457 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 78.83%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Project Manager earning $17,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849332 | |
| 11 | 000000039494828 | 1st | LXS 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/06/2006, in the amount of $562,500, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset Loan, with a 75% Loan to Value/Combined Loan to Value, and a 42.52% Debt to Income ratio. There was a manual approval dated 10/30/2006, in the loan file. | Stated | $562,500.00 | 2849235 | |
| . | | | | 1.04 (c) (v) LXS 2007-1_No Fraud<br><br>1.04 (c) (vii) LXS 2007-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Office Manager earning $4,900 per month on the loan application. An audit verification of employment and income, obtained through The Work Number, revealed the Borrower's position as an Administrative Assistant and income for 2007 as $45,248 or $3,771 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Office Manager earning $4,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849235 | |

| 12 | 000000040005878 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/28/2006, in the amount of $212,990, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 100%/100% loan to value/combined loan to value and a 47.73% debt to income ratio. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | SISA | $212,990.00 | 2849243 |
| . | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio (DTI) based on the Borrower's verified income results in an increase from 33.197% to 93.1%, which exceeds the represented DTI. | | | 2849243 |
| . | | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Nurse Manager with a health care company earning $10,500 per month on the loan application. The post-closing file contained the Borrower's 2007 tax return which reflected the Borrower's actual 2007 income was $4,638 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 93.1%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Nursing Manager earning $10,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849243 |
| . | | | | 1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan file contained a post-closing hardship letter in which the Borrower disclosed the fact that the subject property was an investment and not owner occupied. The post- closing file also contained the Borrower's 2007 tax return which reflected the Borrower's primary residence remained in Port Saint Lucy, Florida. Further the hardship letter details that the Borrower had rented the subject property immediately after closing and never occupied the property. A Google search revealed that the subject property is 66.49 miles from the Borrower's place of employment.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849243 |
| 13 | 000000040036204 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/23/2007, in the amount of $196,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 35.19% Debt to Income Ratio (DTI). There was neither an Automated Underwriting nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $196,000.00 | 2849353 |
| . | | | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-6_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($287,688.21) is ($597.19) below the actual finance charge ($288,285.40). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849353 |

| # | Lien | Deal | Guideline | Finding | Finding | | | Narrative | Investor | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 2 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 35.19% to 340.54%, which exceeds the represented DTI. | | | 2849353 |
| | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Chief Financial Officer (CFO) of a transportation company earning $8,000 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Middle District of Florida Bankruptcy Courts as part of a Chapter 13 Bankruptcy case dated 09/17/2008, the Borrower's income for the year of the subject loan closing of 2007 was actually $907 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 340.54%, which exceeds Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a CEO of a transportation company earning $8,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849353 |
| | | | 1.04 (c) (vii) LXS 2007-6_No Event of Default | | | | | | | | |
| 14 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/15/2007, in the amount of $453,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 76.14% Loan to Value/Combined Loan to Value. There was a manual approval dated 02/12/2007, in the loan file. Per the final HUD-1, the Borrowers paid off consumer debt in the amount of $37,263 and received $29,083 cash back at closing. | NINENA | $453,000.00 | 2849364 |
| 000000040154619 | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented his/her debt obligations. A review of the audit credit report revealed an installment loan in the amount of $5,076 with a monthly payment of $177, which was opened the month prior to the subject loan closing on 01/2007. The origination credit report dated 1/12/2007 reflected an inquiry dated 1/11/2007 which matched the Lender of the undisclosed loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $177 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849364 |
| | | | 1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Failure to Verify Social Security Number | Failure to Verify Social Security Number | 2 | 3 | The Co-Borrower listed 3 different social security numbers in the loan file, which is a red flag the Co-Borrower's social security number may have been invalid. An identity records search through Accurint confirmed the social security number used on the origination credit report and on the W-9 form in the loan file both belonged to other people. The correct social security number for the Co-Borrower was on the initial written application; therefore, the Lender used the incorrect social security number to verify the Borrower's debts.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representation, the Co-Borrower's Social Security number was not validated stemmed to the Co-Borrower listing 3 different Social Security Numbers on the loan application, which constitutes an events of default under the executed Mortgage and or Deed of Trust. | | | 2849364 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | 000000040160012 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/21/2007, in the amount of $198,071.00, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/ Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 39.17% Debt to Income ratio. There was a Manual approval dated 02/20/2007, in the loan file. The Hud-1 Settlement Statement revealed the Borrower received $1,359 at closing. | Stated | $198,071.00 | 2849365 |
| . | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Near Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Officer earning $6,550 per month on the loan application. According to a Statement of Financial Affairs filed in the District of Arizona, dated 11/02/2011, revealed the Borrower's near year income of $5,286 in 2009. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Officer earning $6,550 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849365 |
| 16 | 000000040180028 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/22/2007, in the amount of $116,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 44.69% Debt to Income ratio. There was a Manual Approval dated 02/23/2007, in the loan file. A second mortgage in the amount of $29,000 was closed simultaneously. | Stated | $116,000.00 | 2849367 |
| . | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentatio n of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Heavy Equipment Operator earning $3,500 per month on the loan application. The loan file contained the Borrower's 2007 W-2 earnings statement from the same employer and the same year as the subject closing which revealed that the Borrower's actual earnings in 2007 were $2,678 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Heavy Equipment Operator earning $3,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849367 |
| 17 | 000000040182826 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 2/15/2007, in the amount of $636,000, as a purchase of an owner occupied two-unit property. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 80%/100% Loan to Value/Combined Loan to Value. There was a Manual approval dated 2/09/2007, in the loan file. | NIVA | $636,000.00 | 2849368 |
| . | | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xviii) LXS 2007-6_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed annual percentage rate (7.27) is lower than the actual annual percentage rate(7.7337). The Truth in Lending Act considers a disclosed annual percentage rate inaccurate if it is lower than the actual annual percentage rate by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17(f), 1026.19(a)(2), & 1026.22(a)(2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849368 |

Cowen_Final_Version_USBank_Transfer_2

| 18 | 000000040220451 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/20/2007, in the amount of $367,992, as a purchase of an owner occupied single family residence. The loan was approved as a No Ratio Loan (No Income, Verified Asset), with an 80%/100% Loan to Value/Combined Loan to Value. There was a Manual approval dated 02/19/2007, in the loan file. | NIVA | $367,992.00 | 2849371 |
| | . | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and public records research through MERS and SiteX.com, the Borrower purchased 2 properties located in Temecula, CA prior to the subject loan closing and obtained 4 mortgages secured by these properties. The Borrower purchased the first property on 01/18/2007 and opened a first mortgage in the amount of $403,856 with a monthly payment of $2,388 and a second mortgage in the amount of $100,964 with a monthly payment of $421, based upon a 5% interest only payment. The second property was purchased on 02/15/2007. A first mortgage was obtained in the amount of $333,000 with a monthly payment of $2,632 and a second mortgage in the amount of $83,250 with a monthly payment of $347, based upon a 5% interest only payment.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Moreover, a recalculation based on the Borrowers' undisclosed debt and verified income yields an increase in the debt to income ratio (DTI) to 358.25%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $5,788 in monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2849371 |
| 19 | 000000045274685 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/23/2007, in the amount of $44,000, as a cash-out refinance of a non owner-occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.73% Debt to Income (DTI). There was a Manual approval dated 02/21/2007, in the loan file. | Stated | $44,000.00 | 2849384 |
| | . | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Treasurer earning $8,500 per month on the loan application. An audit verification of employment, obtained through The Work Number, revealed the Borrower's actual income for the subject year loan closing of 2007 was $3,803 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Treasurer earning $8,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849384 |
| 20 | 000000046559662 | 1st | LXS 2007-14H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/11/2007, in the amount of $265,000, as a purchase of a second home, single family residence. The loan was approved as a Full Documentation Loan, with a 100% Loan to Value/Combined Loan to Value, and a 46.40% Debt to Income ratio. There was a manual approval dated 06/06/2007, in the loan file. | Full | $265,000.00 | 2849261 |
| | . | | | 1.04 (b) (xii) LXS 2007-14H_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-14H_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($454,180.72) is ($573.57) below the actual finance charge($454,754.29). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec.1026.18(d)(1)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849261 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2013 6:29:09 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

1322

Cowen_Final_Version_USBank_Transfer_2

| 21 | 000000046597795 | 1st | LXS 2007-14H | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/11/2007 in the amount of $298,000 on a purchase of an owner occupied 2 unit. The loan was approved as a Stated Income/Verified Asset loan with a 100% / 100% Loan to Value and Combined Loan to Value, and a 43.18% Debt to Income ratio. There was a Manual Approval dated 05/10/2007, in the loan file. | Stated | $298,000.00 | 2849262 | |
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of Debt to Income Ratio (DTI) based on the Borrowers' verified income results in an increase from 43.18% to 154.06%, which exceeds the represented Debt to Income Ratio (DTI). | | | 2849262 | |
| | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Manager of a cafe earning $6,350 per month on the loan application. The loan file contained a post-closing 2007 joint income tax return which evidenced the Borrowers actually earned $1,918 per month in the same year as the subject closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Moreover, a recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 154.06%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Manager of a cafe earning $6,350 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849262 | |
| | | | | | | | | **Grand Total of Repurchase Demand** | | $6,402,283.00 | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2013 6:29:09 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**Digital Risk - Loan Review Findings**

Cowen_Final_Version_USBank_Transfer_1    08-13555-mg    Doc 46080-10    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment    V - part 6    Pg 151 of 201

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000031394539 | 1st | LMT 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/29/2005, in the amount of $465,000, as a purchase of an investment property. The loan was approved as a Stated Income/Verified Asset loan, with a 57.48% Loan to Value/Combined Loan to Value, and a 21.82% Debt to Income Ratio. There was a Manual approval dated 08/18/2005, in the loan file. | Stated | $465,000.00 | 2849157 | |
| | | | | 1.04 (b) (xii) LMT 2005-3_Compliance with Applicable Law - Deemed MnA  1.04 (b) (xvii) LMT 2005-3_Enforceable Prepayment | Failure to Provide a Prepayment Disclosure | Failure to Provide a Prepayment Disclosure | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act and Real Estate Settlement and Procedures Act required written disclosure as to prepayment penalties, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan, including prepayment charges, complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, the subject loan's prepayment penalty was not disclosed to the Borrower. | | | 2849157 | |
| 2 | 000000031734213 | 1st | LMT 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/26/2005, in the amount of $100,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.98% Debt to Income Ratio (DTI). There was a Manual approval dated 11/29/2005, in the loan file. | Full | $100,000.00 | 2849164 | |
| | | | | 1.04 (c) (v) LMT 2005-3_No Fraud  1.04 (c) (vii) LMT 2005-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Co-Borrower misrepresented his debt obligations. A search through the Co-Borrower's audit credit report revealed an undisclosed auto loan, opened 08/2005 for $13,512 with a monthly payment of $308, prior to the subject loan closing on 09/26/2005, which was not disclosed on the subject loan application or origination credit report.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented his debt obligations by $308 per month, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849164 | |
| 3 | 000000033442815 | 1st | LXS 2006-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/20/2006, in the amount of $536,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% loan to value/combined loan to value (LTV/CLTV), and a 43.53% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $536,000.00 | 2849207 | |
| | | | | 1.04 (b) (xviii) LXS 2006-20_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. The post-closing documents contained the Borrower's 2006 tax returns for the subject year, which revealed the Borrower's actual income was $3,194 per month. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 43.553% to 383.61%, which exceeds the represented DTI. | | | 2849207 | |
| | | | | 1.04 (b) (xviii) LXS 2006-20_DTI  1.04 (c) (v) LXS 2006-20_No Fraud  1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Realtor earning $29,595 per month on the loan application. The post-closing documents contained the Borrower's 2006 tax returns for the subject year, which revealed the borrower's actual income was $3,194 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 383.61%, which exceeds the Seller's represented DTI of 60%.  Despite the Seller's representations, the Borrower falsely stated employment as a Realtor earning $29,595 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849207 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 000000033457169 | 1st | LXS 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/20/2006, in the amount of $562,500.00, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.04% Debt to Income Ratio (DTI). There was a Manual approval dated 09/26/2006, in the loan file. | Stated | $562,500.00 | 2849228 |
| | | | | 1.04 (b) (xviii) LXS 2007-1_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrower's verified income results in an increase from 34.04% to 181.45%, which exceeds the represented DTI. | | | 2849228 |
| | | | | 1.04 (b) (xviii) LXS 2007-1_DTI<br><br>1.04 (c) (v) LXS 2007-1_No Fraud<br><br>1.04 (c) (vii) LXS 2007-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Attorney earning $19,989 per month on the loan application. The loan file contained post-closing documentation including the Borrower's 2006 tax return, which revealed that the Borrower earned $3,806 per month in 2006 the year the subject loan closed as an Attorney.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Moreover, a recalculation of Debt to Income Ratio based on the Borrower's verified income yields a Debt to Income Ratio of 181.45%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Attorney earning $19,989 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849228 |
| 5 | 000000033566837 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2006, in the amount of $51,900, as a purchase of an investment single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 77.46%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28.79% Debt to Income Ratio (DTI). There was a Manual approval dated 11/15/2006, in the loan file. | Stated | $51,900.00 | 2849284 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrowers' verified income results in an increase from 28.79% to 87.45%, which exceeds the represented Debt to Income Ratio. | | | 2849284 |
| | | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br><br>1.04 (c) (v) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Team Lead in the automobile industry earning $7,500 per month on the loan application. The Co-Borrower falsely stated income as a Mail Processing Clerk earning $5,200 per month on the loan application. An audit verification of employment was conducted through The Work Number for both Borrowers, which revealed the Borrower's actual income for the subject year was $573 per month and the Co-Borrower's actual monthly income for the subject year was $3,369.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Team Lead in the Automobile Industry earning $7,500 per month on the loan application, and the Co-Borrower falsely stated income as a Mail Processing Clerk earning $5,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849284 |

# Digital Risk - Loan Review Findings

| # | Loan No. | Lien | Pool | Rep Code | Finding Category | Finding | | | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 000000033567389 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/21/2006, in the amount of $228,800.00, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.55% Debt to Income Ratio (DTI). There was a Manual approval dated 11/21/2006, in the loan file. | Stated | $228,800.00 | 2849285 |
| . | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrower's verified income results in an increase from 44.55% to 189.13%, which exceeds the represented Debt to Income Ratio. | | | 2849285 |
| . | | | | 1.04 (b) (xviii) LXS 2007-3_DTI  1.04 (c) (v) LXS 2007-3_No Fraud  1.04 (b) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as self-employment as a Contractor for 2 years, earning $25,000 per month on the loan application. The loan file contained post closing documentation including the Borrower's 2006 tax return, which revealed the Borrower's income the same year as the subject loan closing of 2006 was $5,889 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of default and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Moreover, a recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 189.13%, which exceeds the Seller's represented DTI of 60%.

Despite the Seller's representations, the Borrower falsely stated self-employment as a Contractor for 2 years, earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849285 |
| 7 | 000000033605361 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/04/2007, in the amount of $168,000, as a cash out refinance of an owner occupied planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.60% Debt to Income Ratio (DTI). There was a Manual approval dated 12/22/2006, in the loan file. | Stated | $168,000.00 | 2849327 |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrower's verified income results in an increase from 45.60% to 122.20%, which exceeds the represented Debt to Income Ratio. | | | 2849327 |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI  1.04 (c) (v) LXS 2007-6_No Fraud  1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Assistant Director earning $6,280 per month on the loan application. An audit verification of employment and income was obtained from the employer listed on the loan application, which revealed the Borrower's income was $2,558 per month for the subject's closing year of 2006.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Moreover, a recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 122.20%, which exceeds the Seller's represented DTI of 60%.

Despite the Seller's representations, the Borrower falsely stated employment as an Assistant Director earning $6,280 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849327 |
| 8 | 000000033617960 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/01/2006, in the amount of $245,600, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.626% Debt to Income Ratio (DTI). There was a Manual approval dated 12/01/2006, in the loan file. | Stated | $245,600.00 | 2849328 |
| . | | | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2007-6_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final Housing and Urban Development (HUD) to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849328 |

Cowen_Final_Version_USBank_Transfer_1

| # | Loan # | Lien | Deal | Finding Codes | Category | Sub-category | | | Description | State | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 000000033638685 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2006, in the amount of $169,600.00, as a purchase of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Employment, No Income, NoAsset Verification), with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NINENA | $169,600.00 | 2849293 |
| . | | | | 1.04 (b) (xii) LXS 2007-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2007-3_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  The disclosed finance charge ($246,887.81) is ($1,028.31) below the actual finance charge ($247,916.12). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849293 |
| 10 | 000000033714544 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/07/2006, in the amount of $254,500, as a purchase of an owner occupied single family located in a Planned Unit Development (PUD). The loan was approved as a No Documentation loan (No Employment, No Income, No Asset Verification), with a 79.992%/99.982% Loan to Value/Combined Loan to Value (LTV/CLTV). There was an undated Transmittal Summary in the loan file. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NINENA | $254,500.00 | 2849330 |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI  1.04 (c) (v) LXS 2007-6_No Fraud  1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of public records and an audit credit report revealed that the month following the closing the Borrower refinanced two existing mortgages. On 01/11/2007 the Borrower refinanced a property located in Hendersonville, NV with a first mortgage loan in the amount of $304,000 with a payment of $2,239 and on 01/22/2007 the Borrower refinanced the 2nd mortgage on the same property with a mortgage of $38,000 and a payment calculated at 7.125% for 30 years of $256 and failed to disclose the pending transactions on the loan application.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,495 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849330 |
| . | | | | 1.04 (c) (v) LXS 2007-6_No Fraud  1.04 (c) (vii) LXS 2007-6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. The loan file contained post-closing documentation including tax returns, bank statements, bankruptcy documentation and correspondence, which Lender further revealed that the Borrower continued to reside in her departing residence after the loan closing. The Borrower represented that this property would be retained as a rental and the Borrower was purchasing the subject as a primary residence. Further, the file contains a post-closing hardship letter which indicated that the Borrower's family member occupied the subject property because the Borrower could not find a trust worthy tenant. A lease was provided by the Borrower to support the letter evidencing the subject was rented to a family member.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849330 |

Cowen_Final_Version_USBank_Transfer_1

| 11 | 000000033750621 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 1/12/2007, in the amount of $399,650.00, as a purchase of an owner occupied residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.80% Debt to Income Ratio (DTI). There was a Manual approval dated 02/02/2007 in the loan file. | SISA | $399,650.00 | 2849333 | |
| | . | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrower's verified income results in an increase from 44.80% to 133.61%, which exceeds the represented Debt to Income Ratio. | | | 2849333 | |
| | . | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentatio n of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Director of Finance earning $9,100 per month on the loan application. An audit Verification of Employment and Income was conducted through The Work Number, which revealed the Borrower's 2006 income was $34,479 or $2,873 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 133.61%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Director of Finance earning $9,100 per month per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849333 | |
| 12 | 000000036461432 | 1st | LMT 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/11/2005, in the amount of $1,300,000, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 65%/80% loan to value/combined loan to value, and a 28.97% debt to income ratio. There was a Manual approval dated 09/16/2005, in the loan file. | Stated | $1,300,000.00 | 2849177 | |
| | . | | | 1.04 (b) (xii) LMT 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-3_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($1,624,459.80) is ($60.00) below the actual finance charge ($1,624,519.80). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i)(2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849177 | |

| 13 | 000000038757092 | 1st | LXS 2006-19 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/02/2006, in the amount of $110,200, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Stated income/Verified asset (SIVA) loan, with an 88.16% loan to value/combined loan to value (LTV/CLTV), and a 41.54% debt to income ratio (DTI). There was a Manual approval dated 08/02/2006, in the loan file. | Stated | | $110,200.00 | 2849196 | |
| . | | | | 1.04 (b) (xvii) LXS 2006-19_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 41.54% to 116.40%, which exceeds the represented DTI. | | | | 2849196 | |
| . | | | | 1.04 (b) (xvii) LXS 2006-19_DTI<br><br>1.04 (c) (v) LXS 2006-19_No Fraud<br><br>1.04 (c) (vii) LXS 2006-19_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Supervisor earning $4,500 per month on the loan application. A post-closing audit verification of employment conducted through The Work Number revealed the Borrower's total wages for the subject year of 2006 were $20,322 or $1,861 per month as a Cook.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income ratio (DTI) based on the Borrower's verified income yields a DTI of 116.40%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Supervisor earning $4,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2849196 | |
| 14 | 000000039078894 | 1st | LXS 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/28/2006, in the amount of $110,400, as a cash out refinance of an owner occupied residence. According to the rate lock form located in the loan file, the loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan To Value. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | | $110,400.00 | 2849232 | |
| . | | | | 1.04 (b) (xii) LXS 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2849232 | |
| . | | | | 1.04 (b) (xii) LXS 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2849232 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2013 5:40:42 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1329**

| | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xii) LXS 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xviii) LXS 2007-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The state required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Recission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849232 | |
| . | | | | 1.04 (c) (xviii) LXS 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849232 | |
| 15 | 00000039181631 | 1st | LXS 2007-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/27/2006, in the amount of $384,750, as a purchase of an investment property. The loan was approved as a Full Documentation loan, with a 95%/95% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 47.83% debt to income ratio (DTI). There was a Manual approval dated 10/25/2006, in the loan file. | Full | $384,750.00 | 2849306 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-3_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's undisclosed debt results in an increase from 47.83% to 81.19%, which exceeds the represented DTI. | | | 2849306 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-3_DTI<br><br>1.04 (c) (vi) LXS 2007-3_No Fraud<br><br>1.04 (c) (vii) LXS 2007-3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. Research conducted through an audit credit report reveals mortgages that were opened prior to the subject loan closing and closed after the subject loan closing. The loans were not on the origination credit report and specific properties could not be identified. The undisclosed loans are as follows: $100,000 with a payment of $1,466 opened 10/2006, $123,375 with a payment of $957 opened 04/2003, $118,125 with a payment of $912 opened 04/2003, $140,000 with a payment of $1,074 opened 04/2003, $132,125 with a payment of $1,056 opened 04/2003, $850,000 with a payment of $4,264 opened 02/2005, $131,250 with a payment of $934 opened 04/2003.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation based on the Borrowers' undisclosed debt and verified income yields a debt to income ratio (DTI) of 81.19%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $10,633 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849306 | |

| 16 | 000000039389267 | 1st | LXS 2006-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/02/2006, in the amount of $453,600.00, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan To Value, and a 47.73% debt to income ratio (DTI). There was a Manual, approval dated 10/04/2006, in the loan file. | Stated | $453,600.00 | 2849216 | |
| | | | 1.04 (b) (xviii) LXS 2006-20_DTI | DTI Exceeds 60% | DTI Exceeds 60% | | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 47.73% to 74.45%, which exceeds the represented DTI. | | | 2849216 | |
| | | | 1.04 (b) (xviii) LXS 2006-20_DTI<br><br>1.04 (c) (v) LXS 2006-20_No Fraud<br><br>1.04 (c) (vii) LXS 2006-20_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Safety Director for 9 years, earning $7,200 per month on the loan application. The subject loan file contained post-closing documentation, which contained the Borrower's 2007 W-2, which revealed the Borrower earned $54,248, or $4,520 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Moreover, a recalculation of debt to income ratio (DTI) based on the Borrower's verified income yields a DTI of 74.45%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower stated employment a Safety Director for 9 years, earning $7,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849216 | |
| 17 | 000000040026775 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/22/2007, in the amount of $172,900, as a purchase of an investment 2 unit residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% Loan to Value/Combined Loan to value (LTV/CLTV), and a 35% debt to income ratio (DTI). There was a Manual approval dated 01/19/2007, in the loan file. | Stated | $172,900.00 | 2849351 | |
| | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 35% to 176.24%, which exceeds the represented DTI. | | | 2849351 | |
| | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | | 2 | 3 | The Borrower misrepresented their debt obligations. A post-closing audit credit report revealed the Borrower secured 3 additional properties, one prior to closing and two the same month as the subject closing date of 01/22/2007. The undisclosed mortgages totaled $796,300 with total monthly payments of $5,314.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Moreover, a recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 176.24%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $5,314 in monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2849351 | |

**Digital Risk - Loan Review Findings**

Cowen_Final_Version_USBank_Transfer_1    08-13555-mg   Doc 46080-10   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment part 8 Pg 159 of 201

| # | Loan | | | | | | | Findings | | |
|---|------|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (b) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented their stated income. The Borrower stated income as a Self-Employed General Building Contractor earning $25,000 per month on the loan application. The subject loan file, contained post-closing documentation, including the Borrower's 2008 tax returns, which reflected the Borrower's actual income, was $6,647 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Moreover, a recalculation of debt to income ratio (DTI) based on the Borrower's verified income yields a DTI of 176.24%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Self-Employed General Building Contractor earning $25,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2849351 |
| 18 | 00000040067027 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $194,732.00 | 2849356 |
| | | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) LXS 2007-6_Mortgage File<br><br>1.04 (c) (xvii) LXS 2007-6_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject Note.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2849356 |
| | | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-6_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2849356 |
| | | | 1.04 (b) (xii) LXS 2007-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2007-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2849356 |

| # | Loan # | Lien | Pool | Category | Finding | | | Description | | Value | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii) LXS 2007-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 3 | The subject loan was subject to appraisal provisions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849356 |
| 19 | 000000040567463 | 1st | LXS 2007-14H | Loan Summary | Loan Summary | | 0 0 | The subject loan closed on 4/30/2007, in the amount of $94,050, as cash out refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 90% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 45.89% debt to income ratio (DTI). There was a Manual approval dated 4/26/2007, in the loan file. | SISA | $94,050.00 | 2849250 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed General Contractor earning $4,000 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's 2006 tax returns, which revealed the Borrower earned negative $25,789, or negative $2,149 per month in 2006 the year the subject loan closed. In addition, the loan file contained a Certified Public Accountant (CPA) letter dated 4/23/2007 indicating the 2006 tax return was prepared by the tax preparer; however, the 2006 tax returns did not reflect the same tax preparer as on the CPA letter dated 4/23/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Moreover, a recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified negative income results in an invalid DTI.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed General Contractor earning $4,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849250 |
| 20 | 000000040690505 | 1st | LXS 2007-14H | Loan Summary | Loan Summary | | 0 0 | The subject loan closed on 05/29/2007, in the amount of $550,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 41.62% Debt to Income (DTI). There was a Manual approval dated 5/24/2007, in the loan file. | Stated | $550,000.00 | 2849255 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 3 | The subject loan has a DTI which exceeds 60%.<br><br>The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrowers' verified income results in an increase from 41.62% to 92.44%, which exceeds the represented DTI. | | | 2849255 |
| | | | | 1.04 (b) (xix) LXS 2007-14H_DTI<br><br>1.04 (c) (v) LXS 2007-14H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-14H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Superintendent for a drywall company earning $12,417 per month and the Co-Borrower indicated that she was a Level 4 Advanced Operator earning $3,929 per month on the loan application. The subject loan file contained the Borrowers' 2007 tax returns, which revealed the Borrowers' total combined income for the closing year of 2007 was $112,369 annually or $9,364 monthly.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Moreover, a recalculation of DTI based on the Borrowers' verified income yields a Debt to Income Ratio (DTI) of 92.44%, which exceeds the 60% represented.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Superintendent for a drywall company earning $12,417 per month and the Co-Borrower stated that she was a Level 4 Advanced Operator earning $3,929 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849255 |

Cowen_Final_Version_USBank_Transfer_1

Cowen_Final_Version_USBank_Transfer_1

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 21 | 000000045391885 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/24/2007, in the amount of $212,000.00, as a refinance of an owner-occupied single family condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 79.41%/89.33% Loan To Value/Combined Loan To Value (LTV/CLTV) and a 40% Debt to Income ratio (DTI). There was a Manual approval dated 03/22/2007, in the loan file. | Stated | $212,000.00 | 2849385 |
| . | | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Commercial Services Representative for a bank earning $6,700 per month. The subject loan file contained post-closing documentation including the Borrower's 2007 tax return, which revealed the Borrower earned $5,469 per month the year the subject closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Commercial Services Representative for a bank earning $6,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849385 |
| | | | | | | | | | | | |
| 22 | 000000045575743 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/12/2007, in the amount of $158,400, as a refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan To Value/ Combined Loan To Value (LTV/CLTV), and a 45.56% Debt to Income ratio (DTI). There was a Manual approval dated 02/21/2007, in the loan file. | Full | $158,400.00 | 2849388 |
| . | | | | 1.04 (c) (xviii) LXS 2007-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849388 |
| | | | | | | | | | | | |

| 23 | 000000045819703 | 1st | LXS 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/20/2007 in the amount of $154,400.00 for the purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Assets loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 44% Debt to Income ratio (DTI). There was a Manual approval dated 03/23/2007, in the loan file. | Stated | $154,400.00 | 2849392 |
| | | | 1.04 (b) (xix) LXS 2007-6_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 44% to 77.61%, which exceeds the represented Debt to Income Ratio (DTI). | | | 2849392 |
| | | | 1.04 (b) (xix) LXS 2007-6_DTI<br><br>1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Manager of a pizzeria earning $4,450 per month on the loan application. A written and verbal audit verification of employment was obtained from the employer listed on the loan application, which revealed the Borrower was employed as a Delivery Driver earning $500 per week, or $2,167 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Mortgage.<br><br>Moreover, a recalculation of Debt to Income ratio (DTI) based on the Borrower's verified income yields a DTI of 77.61%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Manager of a Pizzeria earning $4,450 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849392 |
| | | | 1.04 (c) (v) LXS 2007-6_No Fraud<br><br>1.04 (c) (vii) LXS 2007-6_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented their employment on the loan application. A written and verbal audit verification of employment was obtained from the employer listed on the loan application, which revealed the Borrower was employed as a Delivery Driver of the pizza store and was never employed as the Manager as indicated on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Manager of a pizzeria for 7 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849392 |
| | | | | | | | | **Grand Total of Repurchase Demand** | | **$7,076,982.00** | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2013 5:40:42 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_US_Final_Version_Bank_1

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000019519990 | 1st | SARM 2005-6XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/28/2004, in the amount of $82,000, as a purchase of an investment single family residence. The loan was approved as a Full Documentation Loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 28.74% Debt to Income (DTI). There was a Manual approval dated 12/21/2004, in the loan file. | Full | $82,000.00 | 2846191 | |
| | | | | 1.04 (c) (v) SARM 2005-6XS_No Fraud 1.04 (c) (xii) SARM 2005-6XS_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of Mortgage Electronic Registry System and the audit credit report revealed the Borrower secured an additional property 1 day after the subject's closing date of 12/28/2004. On 12/29/2004 the Borrower acquired a mortgage in the amount of $128,000 with a payment of $566.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented his debt obligations by failing to disclose a $566 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846191 | |
| 2 | 000000019820208 | 1st | SASC 2005-7XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/11/2005, in the amount of $190,900, as a refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/90% Loan to Value/Combined Loan To Value, and a 29.67% Debt to Income Ratio (DTI). There was a Manual approval dated 02/10/2005, in the loan file. | SISA | $190,900.00 | 2846709 | |
| | | | | 1.04 (c) (v) SAS 2005-7XS_No Fraud 1.04 (c) (xii) SAS 2005-7XS_No Event of Default | Misrepresentation of Income - No Red Flags Present Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Project Manager earning $5,500 per month on the loan application. An audit verification of employment and income was received from the Borrower's employer, which reflected a termination date of 09/30/2005 and the Borrower's actual income was $2,419 per month, or $21,773 divided by 9 months of employment, for the subject's closing year of 2005.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Project Manager earning $5,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2846709 | |
| 3 | 000000030111041 | 1st | SASC 2005-7XS | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $96,000.00 | 2846712 | |
| | | | | 1.04 (b) (xii) SAS 2005-7XS_Compliance with Applicable Law Deemed MnA 1.04 (c) (xii) SAS 2005-7XS_Mortgage File 1.04 (c) (xvii) SAS 2005-7XS_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject note.

The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).

Despite the Seller's representations, there is no evidence in the loan file that the origination practices and subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.

Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846712 | |
| | | | | 1.04 (b) (xii) SAS 2005-7XS_Compliance with Applicable Law Deemed MnA 1.04 (c) (xvii) SAS 2005-7XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846712 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) SAS 2005-7XS_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-7XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 5 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2846712 |
| | | | 1.04 (c) (v) SAS 2005-7XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2846712 |
| 4 | 000000030182943 | 1st | SASC 2005-7XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/07/2005, in the amount of $128,000, as a Purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.32% Debt to Income (DTI). There was a Manual approval dated 01/04/2005, in the loan file. | SISA | $128,000.00 | 2846714 |
| | | | 1.04 (c) (v) SAS 2005-7XS_No Fraud<br><br>1.04 (c) (vii) SAS 2005-7XS_No Event of Default | Misrepresentation of Income - No Red Flags Present<br><br>Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Regional Sales Manager earning $9,500 per month on the loan application. Research of public records revealed the Borrower filed a Bankruptcy petition with the Middle District of Florida as part of a Chapter 7 bankruptcy case on 07/20/2005, which included a Statement of Financial Affairs, which revealed the Borrower's income for the year of the subject loan closing of 2005 as $4,079 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the subject loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Regional Sales Manager earning $9,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | 2846714 |
| 5 | 000000030848816 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The Data Tape did not indicate the Loan Purpose and the Occupancy for the subject loan. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $147,600.00 | 2845330 |
| | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xii) LXS 2005-2_Mortgage File<br><br>1.04 (c) (xvii) LXS 2005-2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject note.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845330 |
| | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 Settlement Statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845330 |

Cowen_US_Final_Version_Bank_1

**Digital Risk - Loan Review Findings**
08-13555-mg    Doc 46080-10    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
part 10    Pg 165 of 201

| # | Loan Number | Lien | Deal | Finding Category | Finding Subcategory | Finding Detail | Defect Code | | Finding Description | Occupancy | Loan Amount | Seller ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845330 | |
| | | | | 1.04 (c) (xviii) LXS 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845330 | |
| 6 | 000000030872667 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $320,000.00 | 2845331 | |
| | | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xii) LXS 2005-2_Mortgage File<br><br>1.04 (c) (xvii) LXS 2005-2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject Note.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845331 | |
| | | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 Settlement Statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a Final HUD-1 statement.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845331 | |
| | | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845331 | |
| | | | | 1.04 (c) (xviii) LXS 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845331 | |

| 7 | 000000030932461 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval located in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence to the guidelines. Therefore, it could not be determined that at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $182,250.00 | 2845334 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law Deemed MnA

1.04 (c) (xii) LXS 2005-2_Mortgage File

1.04 (c) (xvii) LXS 2005-2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain a subject Note.

The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.

Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845334 |
| | | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law Deemed MnA

1.04 (c) (xvii) LXS 2005-2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 Settlement Statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1 statement.

The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845334 |
| | | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law Deemed MnA

1.04 (c) (xvii) LXS 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL statement.

The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845334 |
| | | | | 1.04 (c) (xviii) LXS 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845334 |
| 8 | 000000031439300 | 1st | LXS 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/22/2005, in the amount of $465,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 74.40% loan-to-value/combined loan-to-value, and a 37.32% debt-to-income ratio. There was a Manual approval dated 08/18/2005, in the loan file. | Stated | $465,000.00 | 2845373 |
| | | | | 1.04 (c) (v) LXS 2005-4_No Fraud

1.04 (c) (vii) LXS 2005-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Physical Therapist earning $9,833 per month on the loan application. The loan file contained the Borrower's post-closing 2006 W-2 form, which revealed the Borrower's income the subsequent year of the subject loan closing of 08/22/2005 was $5,488 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Physical Therapist earning $9,833 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845373 |

| # | Loan Number | Lien | Pool | | Category | Finding Type | Finding Sub-Type | | | Finding Detail | Doc Type | Amount | Cert |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 000000035705755 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 06/08/2005, in the amount of $340,000, as a rate and term refinance of an owner occupied detached residence located in a planned unit development. The loan was approved as a Full Documentation loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 37.19% debt-to-income ratio. There was a Manual approval dated 06/07/2005, in the loan file. | Full | $340,000.00 | 2845343 |
| | | | | 1.04 (c) (v) LXS 2005-2_No Fraud  1.04 (c) (vii) LXS 2005-2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A review of the audit credit report revealed the Borrowers obtained an undisclosed auto installment loan prior to the subject loan closing of 06/08/2005. In 05/2005, the Borrowers obtained the undisclosed installment loan with a loan amount of $20,745 and a monthly payment of $396.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $396 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2845343 |
| 10 | 000000039995956 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 01/09/2007, in the amount of $417,956, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 95% loan-to-value/combined loan-to-value. There was a Manual approval dated 01/04/2007, in the loan file. | NIVA | $417,956.00 | 2845595 |
| | | | | 1.04 (b) (xii) LXS 2007-5H_Compliance with Applicable Law Deemed MnA  1.04 (c) (xvii) LXS 2007-5H_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with law. The Truth in Lending(TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The disclosed finance charge ($628,403.71) is ($199.76) below the actual finance charge ($628,603.47). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge  The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, Annual Percentage Rate (APR) and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845595 |
| 11 | 000000046206132 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 04/23/2007, in the amount of $194,652, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan To Value, and a 47.78% debt-to-income ratio. There was a Manual approval dated 04/02/2007, in the loan file. | Stated | $194,652.00 | 2845487 |
| | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud  1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Employment With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower falsely stated her employment as Seamstress for 1 year and 1 month on the loan application. Research of public records revealed the Borrower filed a Chapter 7 bankruptcy on 09/04/2009 with the District of Utah. The petition included a Statement of Financial Affairs, amended on 09/21/2009, which revealed the Borrower was employed as a Production Worker for a Church for 3 years as of the date of the statement, or 09/21/2006. It should be noted, the subject loan closed on 04/23/2007.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as Seamstress for 1 year and 1 month, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2845487 |
| | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud  1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - No Red Flags Present  Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Seamstress earning $4,333 per month on the loan application. Research of public records revealed the Borrower filed a Chapter 7 bankruptcy on 09/04/2009 with the District of Utah. The petition included a Statement of Financial Affairs, amended on 09/21/2009, which revealed the Borrower was employed as a Production Worker for a Church for 3 years as of the date of the statement, on 09/21/2006 (09/21/2003 through 09/21/2009) and reflected 2007 income from the employer listed in the bankruptcy which was not the employer listed on the loan application. It should be noted, the subject loan closed on 04/23/2007.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Seamstress earning $4,333 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2845487 |

Cowen_US_Final_Version_Bank_1

| 12 | 00031316250 | 1st | LMT 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | All of the documents in the file were for a different borrower and a different property location than what was represented on the Data Tape by the Seller. The loan was delivered per the Data Tape as a cash out closing date of 06/28/2005 in the amount of $840,000, as a cash out refinance of an owner occupied single family residence with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain the documentation type, debt to income ratio (DTI), and whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $840,000.00 | 2845153 |
| . | | | 1.04 (b) (xii) LMT 2005-1_Compliance with Applicable Law Deemed MnA  1.04 (c) (xvii) LMT 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL statement.  The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845153 |
| . | | | 1.04 (b) (xii) LMT 2005-1_Compliance with Applicable Law Deemed MnA  1.04 (c) (xvii) LMT 2005-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.  The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845153 |
| . | | | 1.04 (c) (xviii) LMT 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845153 |
| 13 | 00031631997 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/09/2005, in the amount of $300,000, as a cash out refinance of an owner occupied condominium. The loan was a Full Documentation loan, with a 68.97% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Full | $300,000.00 | 2845205 |
| . | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law Deemed MnA  1.04 (c) (xii) LMT 2005-2_Mortgage File  1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject Note.  The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.  Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845205 |
| . | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law Deemed MnA  1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1.  The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845205 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/8/2013 2:38:04 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Report

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The subject loan did not contain a final TIL as required and was shown.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845205 |
| | | | | 1.04 (c) (xviii) LMT 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845205 |
| 14 | 00040639106 | 1st | LXS 2007-17H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/24/2007, in the amount of $279,990, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.24% debt to income ratio (DTI). There was a Manual approval dated 05/23/2007, in the loan file. | Stated | $279,990.00 | 2845537 |
| | | | | 1.04 (b) (xvi) LXS 2007-17H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 36.24% to 123.90%, which exceeds the represented DTI. | | | 2845537 |
| | | | | 1.04 (b) (xvi) LXS 2007-17H_DTI<br><br>1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of a commercial cleaning business. Further, the loan file contained a post-closing W2 form for 2007, the year of the subject loan closing, obtained through the modification process and an audit verification of employment and income obtained through The Work Number, which revealed the Borrower's actual income was $2,396 per month from the disclosed employment as a Kitchen Worker at the casino.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Moreover, a recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 123.90%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Commercial Janitor earning $5,850 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2845537 |
| | | | | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud<br><br>1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Misrepresentatio n of Employment - With Red Flags Present | Misrepresentatio n of Employment | 4 | 3 | The Borrower misrepresented her employment on the loan application. The Certified Public Accountant (CPA) letter in the file indicated the Borrower was Self-Employed; however, it did not indicate the type or name of the business. The occupational license for the business contained in the file was in the name of the Borrower's non-signing spouse and another individual as equal partners.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a commercial cleaning company for 4 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2845537 |

Cowen_US_Final_Version_Bank_1

| 15 | 00040647604 | 1st | LXS 2007-16N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/21/2007, in the amount of $368,000.00, as the refinance of an owner occupied condominium. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/95% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 33.92% debt to income ratio (DTI). There was a Manual approval dated 05/21/2007, in the loan file. | Stated | $368,000.00 | 2845519 |
| | | | 1.04 (b) (xxi) (i) LXS 2007-16N_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 2 | 3 | The Borrower stated on the loan application employment as a Mechanic for 15 years, earning $7,500 per month and the Co-Borrower stated employment as a Records Management Associate for 1.5 years earning $5,300 per month.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representations, the Borrower's stated income was unreasonable.

Income of $7,500 for a Mechanic and $5,300 for a Records Management Associate is unreasonable and is a red flag for potential misrepresentation. The U.S. Bureau of Labor Statistics reported the average salary at the 90th percentile for a Mechanic and an Office Service Representative in 2007 and in the same geographic region was $5,675 and $4,254 per month. The Borrowers' stated income exceeded the U.S. Bureau of Labor Statistics' 90th percentile, which is a red flag that the Borrowers' incomes were overstated. Further, the origination credit report reflects collections within the last 2 years and revolving credit utilization of 53%, which is not supportive or indicative of the Borrowers earning $153,600 per year.

Despite the Seller's representations, the Borrowers' stated incomes were unreasonable, which significantly impacted the determination of the Borrowers' reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845519 |
| | | | 1.04 (b) (xxi) (i) LXS 2007-16N_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (c) (v) LXS 2007-16N_No Fraud

1.04 (c) (vii) LXS 2007-16N_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Mechanic for 15 years, earning $7,500 per month and the Co-Borrower falsely stated employment as a Records Management Associate for 1.5 years earning $5,300 per month on the loan application. A post-closing audit verification of employment obtained through the Work Number indicated that the Co-Borrower earned $2,287 per month for 2007, the year of the subject loan closing. In addition, the post-closing tax returns for 2008, the subsequent year after the subject loan closing and pay stubs for 2009, which were obtained through the modification process, indicated the Borrowers earned a total income of $7,421 per month for 2008 and the pay stubs for 2009 indicated the Borrower earned $4,280 per month and the Co-Borrower earned $2,256 per month with the same employers as origination.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Mechanic for 15 years, earning $7,500 per month and the Co-Borrower falsely stated employment as a Records Management Associate for 1.5 years earning $5,300 per month on the loan application, which not only constitutes an event of default under the executed Mortgage and Deed of Trust.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845519 |
| 16 | 00040674517 | 1st | LXS 2007-17H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/30/2007, in the amount of $213,900, as a purchase of an owner occupied single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 100% Loan To Value/Combined Loan To Value (LTV/CLTV). There was a Manual approval dated 05/24/2007, in the loan file. | NIVA | $213,900.00 | 2845540 |
| | | | 1.04 (b) (xxiv) LXS 2007-17H_No Fraud

1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A post-closing audit credit report revealed the Borrower opened an installment loan in 06/2007, with a balance of $12,276, and a monthly payment of $150. The installment loan was opened through a mortgage services corporation.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose a $150 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2845540 |

Cowen_US_Final_Version_Bank_1

| 17 | 00040915548 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/25/2008, in the amount of $660,000, as cash out refinance of an owner occupied single family residence. The loan was approved as Stated Income/Verified Asset loan with a 100% Loan-To-Value (LTV/CLTV), and a 48.03% debt to income ratio (DTI). There was a Manual approval dated 01/31/2008, in the loan file. | Stated | $660,000.00 | 2846400 |
| | | | 1.04 (c) (xviii) SARM 2008-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 1 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846400 |
| 18 | 00047808449 | 1st | SARM 2008-2 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $805,000.00 | 2846419 |
| | | | 1.04 (b) (xii) SARM 2008-2_Compliance with Applicable Law Origination  1.04 (c) (xii) SARM 2008-2_Mortgage File  1.04 (c) (xxiv) SARM 2008-2_Compliance with Applicable Law | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject Note. The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA). Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2846419 |
| | | | 1.04 (b) (xii) SARM 2008-2_Compliance with Applicable Law Origination  1.04 (c) (xxiv) SARM 2008-2_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1. The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846419 |
| | | | 1.04 (b) (xii) SARM 2008-2_Compliance with Applicable Law Origination  1.04 (c) (xxiv) SARM 2008-2_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL statement. The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846419 |
| | | | 1.04 (c) (xviii) SARM 2008-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846419 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 3/8/2013 2:38:04 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Report

Cowen_US_Final_Version_Bank_1

| 19 | 0017296757 | 1st | SAIL 2004-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/29/2003 in the amount of $590,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $590,000.00 | 2845765 | |
| . | | | | 1.04 (b) (xiii) SAIL 2004-3_Compliance with Applicable Law Deemed MnA<br><br>1.04 (b) (xvii) SAIL 2004-3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845765 | |
| . | | | | 1.04 (b) (xiii) SAIL 2004-3_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL statement.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845765 | |
| . | | | | 1.04 (c) (xviii) SAIL 2004-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845765 | |
| 20 | 0017799487 | 1st | SAIL 2004-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/25/2004, in the amount of $217,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan (SIVA), with a 70%/70% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 25.17% debt to income ratio (DTI). There was a Manual approval dated 03/09/2004 in the loan file. | Stated | $217,000.00 | 2845789 | |
| . | | | | 1.04 (b) (xviii) (d) SAIL 2004-8_Underwriting Methodology - Deemed MnA_Pool 1 and Pool 3 | Failure to Obtain VOM/VOR | Failure to Verify Housing History | 1 | 3 | the Borrower stated on the loan application that they owned their current residence for 5 years with no monthly payment stated.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, There is no evidence in the loan file of verification of the Borrower's housing history; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845789 | |
| . | | | | 1.04 (b) (xviii) (d) SAIL 2004-8_Underwriting Methodology - Deemed MnA_Pool 1 and Pool 3 | Failure to Verify Employment ' Self Employed Borrower | Failure to Verify Employment | 2 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of his financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was no evidence in the loan file that the lender completed a verbal verification of employment, which significantly impacted the determination of the Borrower's reason ability to repay.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845789 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xviii) (d) SAIL 2004-8_Underwriting Methodology - Deemed MnA_Pool 1 and Pool 3 | Ineligible Transaction | Ineligible Transaction | 4 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's adequacy of overall credit conditions, was a critical factor in determining the Borrower's reasonable ability to repay the subject loan. The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representations, the subject transaction was an ineligible transaction as evidenced by the Borrower's credit score. The insufficient credit score significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845789 |
| 21 | 0018689489 | 1st | SAIL 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/03/2004, in the amount of $164,000, as cash out refinance of an owner occupied two-unit property. The loan was approved as a Full Documentation loan, with a 52.91% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 46.24% debt to income ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $164,000.00 | 2845819 |
| | | | 1.04 (b) (xiii) SAIL 2005-4_Compliance with Applicable Law Deemed MnA  1.04 (b) (xiv) SAIL 2005-4_No High Cost - Deemed MnA  1.04 (b) (xv) SAIL 2005-4_No High Cost - HOEPA - Deemed MnA  1.04 (c) (xvii) SAIL 2005-4_Origination Practices | High Cost Loan - State | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable law. The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law. The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The loan fees ($7,211.50) exceed the (NJ) High Cost fee limit, which is ($7,055.48), the difference is ($156.02). Despite the Seller's representations, the subject loan was a "covered" or high cost loan as defined by applicable law. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, compliance with applicable state or local high cost loan laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845819 |
| 22 | 0030292114 | 1st | SAIL 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $214,000.00 | 2845826 |
| | | | 1.04 (b) (xiii) SAIL 2005-4_Compliance with Applicable Law Deemed MnA  1.04 (c) (xii) SAIL 2005-4_Mortgage File  1.04 (c) (xvii) SAIL 2005-4_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject Note. The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA). Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845826 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | 1.04 (b) (xiii) SAIL 2005-4_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2005-4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 5 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file did not contain a final HUD-1.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845826 |
| | | 1.04 (b) (xiii) SAIL 2005-4_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2005-4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The loan file did not contain a final TIL statement.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845826 |
| | | 1.04 (c) (xviii) SAIL 2005-4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The loan file did not contain an Origination Appraisal.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845826 |
| 23 | 0030451298 | 1st | SAIL 2005-5 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $124,800.00 | 2845835 |
| | | 1.04 (b) (xviii) (d) SAIL 2005-5_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845835 |
| 24 | 18543744 | 1st | LMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2004, in the amount of $136,500, as rate and term refinance of an owner occupied single family residence. The loan was approved as a Full Documented loan, with an 84.26% loan to value/combined loan to value (LTV/CLTV), and a 51.66% debt to income ratio (DTI). There was a Desktop Underwriter (DU), approval dated 11/18/2004, in the loan file. | Full | $136,500.00 | 2845249 |
| | | 1.04 (b) (xii) LMT 2006-2_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xxxiv) LMT 2006-2_Origination Practices | Right of Rescission Invalid /Incomplete / Stale / Incorrect | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a valid Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The loan disbursement date (20041129) is earlier than, or the same day as, the calculated "Right to Cancel Expire Date" (20041129). Under Reg Z, funds may not be disbursed to the borrower until after the expiration of the rescission period. (Reg Z, 12 CFR 1026.23(c); 12 CFR 1026.15(c); and the Official Staff Commentary to Reg Z).<br><br>Failure to properly execute a right of rescission prior to closing exposes the lender to rescission rights in a foreclosure action for the life of the loan.<br><br>Despite the Seller's representations, the Right of Rescission disclosure contained in the loan file was invalid for the following reason: The Right of Rescission disclosure included in the file does not set forth the expiration date of the right of rescission.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845249 |
| | | | | **Grand Total of Repurchase Demand** | | | | | | | $7,477,548.00 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 3/8/2013 2:38:04 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Report

**1347**

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000030949283 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/06/2005, in the amount of $176,000, as a purchase of a second home, single family residence. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 43% Debt to Income Ratio. There was a Manual approval dated 06/06/2005, in the loan file. | Stated | $176,000.00 | 2845336 | |
| | | | | 1.04 (c) (v) LXS 2005-2_No Fraud  1.04 (c) (vii) LXS 2005-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. According to MERS, Accurint, and the Audit Credit Report, the Borrower failed to disclose two properties, which were acquired prior to the subject loan closing on 06/06/2005. The Borrower acquired an undisclosed mortgage on 09/2003 for the loan amount of $227,700, with a monthly payment of $2,535 and the Borrower than acquired a second undisclosed property on 02/06/2005 for the loan amount of $70,470, with a monthly payment of $481, secured by property located in Gonzales, LA.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $3,016 in monthly debt, which constitute an event of default under the executed Mortgage and Deed of Trust. | | | 2845336 | |
| | | | | 1.04 (c) (v) LXS 2005-2_No Fraud  1.04 (c) (vii) LXS 2005-2_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Middle District of Louisiana Baton Rouge Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated March 15, 2011, the Statement of Financial Affairs, item 18 indicated a start date of Borrower's business as 04/01/2005, 2 months prior to the subject loan closing on 06/06/2005.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as Real Estate Investor for 3 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2845336 | |
| | | | | 1.04 (c) (v) LXS 2005-2_No Fraud  1.04 (c) (vii) LXS 2005-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Real Estate Investor earning $8,000 per month on the loan application. The Borrower provided 2010 tax returns during loss mitigation, which reflected income for the year 2006 income as negative $121,598, or $0 per month. The subject loan closed on 06/06/2005. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work. The Borrower also provided bank statements dated 04/30/2012, which listed Borrower's business name on statements. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.  The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  The Borrower also provided bank statements dated 04/30/2012, which listed Borrower's business name on statements. In addition, the Borrower's stated assets of $11,500 were not indicative of stated income of $8,000 per month. Per the loan application, the Borrower had 12 years of education, which is not indicative of individual earning annual earnings of $96,000. Audit search of public records through Manta reflected Borrower's spouse as the contact person for business. The loan file contained a letter from a Notary/Enrolled Agent which indicated that Borrower and spouse held ownership in stated business. The stated business was operated out of Borrower's primary residence.  Moreover, a recalculation of debt to income ratio (DTI) based on the Borrower's verified income of $0 and undisclosed debt yields an invalid DTI.  Despite the Seller's representations, the Borrower falsely stated employment as a Real Estate Investor earning $8,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845336 | |

Cowen_Final_Version_US Bank 2573_7

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 000000031011034 | 1st | | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/14/2005, in the amount of $615,920.00, as a purchase of an owner occupied, single family residence located in a planned unit development. The loan was appraised as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 45% Debt to Income. There was a Manual approval dated 06/10/2005, in the loan file. | Stated | $615,920.00 | 2845339 |
| . | | | | | 1.04 (c) (v) LXS 2005-2 _No Fraud Obligations - With Red Flags Present 1.04 (c) (vii) LXS 2005-2 _No Event of Default | Misrepresentation of Debt Obligations | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. According to an Audit Credit Report, the Borrower acquired an undisclosed automobile loan prior to the subject's loan closing on 06/14/2005. The Borrower acquired an undisclosed automobile loan 05/2005, loan amount of $15,605, with a monthly payment of $468. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $468 monthly debt, which constitute an event of default under the executed Mortgage and Deed of Trust. | | | 2845339 |
| . | | | | | 1.04 (c) (v) LXS 2005-2 _No Fraud 1.04 (c) (vii) LXS 2005-2 _No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. The loan file contained post-closing bank statements dated 10/31/2008, which revealed the Borrower was the Owner of the entrainment business he stated he was employed with as an Entertainment Consultant for 5 years. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated employment as an Entertainment Consultant for 5 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2845339 |
| . | | | | | 1.04 (c) (v) LXS 2005-2 _No Fraud - Near Year Red Flags Present 1.04 (c) (vii) LXS 2005-2 _No Event of Default | Misrepresentation of Income - No Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Entertainment Consultant earning $14,800 per month on the loan application. The Borrower provided 2006 tax returns during loss mitigation, which verified an adjusted gross income of negative $26,397, or negative $2,200 per month. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated employment as an Entertainment Consultant earning $14,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845339 |
| 3 | 000000033644832 | 1st | | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2006, in the amount of $131,000, as a purchase of an investment property. The loan was approved as a Stated Income/Verified Asset loan, with a 94.99% Loan to Value/Combined Loan to Value, and a 41.83% Debt to Income Ratio. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $131,000.00 | 2845579 |
| . | | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 41.83% to 60.27%, which exceeds the represented DTI. | | | 2845579 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 4:46:40 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | 1.04 (b) (xviii) LXS 2007-5H_DTI<br><br>1.04 (c) (v) LXS 2007-5H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Card Management Coordinator earning $4,900 per month on the loan application. An audit verification of employment was conducted through The Work Number, which revealed the Borrower earned $38,822, or $3,318 per month, in 2007 with the same employer. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI 60.27%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Card Management Coordinator earning $4,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845579 | |
| 4 | 000000040100562 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/31/2007, in the amount of $154,500, as a purchase of a non-owner occupied 2 unit property. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value, and a 42.73% Debt to Income Ratio (DTI). There was a Manual approval dated 01/19/2007, in the loan file. | Full | $154,500.00 | 2845607 | |
| . | | | | 1.04 (c) (v) LXS 2007-5H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of the Mortgage Electronic Registry System and the audit credit report revealed the Borrower acquired an undisclosed refinanced mortgage and two undisclosed installment loans prior the subject loan closing on 01/31/2007. The Borrower refinanced his primary residence with an undisclosed mortgage on 10/26/2006. The Borrower acquired a mortgage in the amount of $64,000 with a monthly payment of $603. The Borrower increased his primary housing debt obligation by $275 per month. Additionally, the Borrower opened the first undisclosed installment loan on 11/2006 in the amount of $9,551 with a monthly payment of $190. The Borrower opened the second undisclosed installment loan on 11/2006 in the amount of $10,180 with a monthly payment of $202.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $805 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2845607 | |
| 5 | 000000046325775 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 4/26/2007, in the amount of $109,500, as a rate and term refinance of an investment property. The loan was approved as a Stated Income/Verified Asset loan, with a 94.40% Loan to Value/Combined Loan to Value, and a 41.35% Debt to Income Ratio. There was a Manual approval dated 4/26/2007, in the loan file. | Stated | $109,500.00 | 2845491 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's more reasonable income results in an increase from 41.35% to 88.08%, which exceeds the represented DTI. | | | 2845491 | |

Cowen_Final_Version_US Bank 2573_7

| # | Loan # | Lien | Deal | | Finding Type | Finding | | | Narrative | | Amount | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI / 1.04 (c) (v) LXS 2007-10H_No Fraud / 1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower stated income as an Owner of a Landscaping Business earning $13,833 per month on the loan application. The loan file contained post-closing 2009 tax returns, which revealed the Borrower's profit and loss from his business (schedule C) was $20,059 or $1,671 per month. The Borrower had indicated income of $13,833 per month or $165,996 per year. The tax returns reflect the Borrower only earned $157,133 prior to deductions and expenses. It is unlikely the Borrower's income would have decreased considering the Borrower was self employed in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's more reasonable income yields a DTI of 88.08%, which exceeds the Seller's represented DTI of 60%.

Despite the Seller's representations, the Borrower falsely stated employment as an Owner of Landscaping Business earning $13,833 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845491 |
| 6 | 00014489504 | 1st | SASC 2004-GEL1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/05/2002, in the amount of $99,800, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value, and a 32.57% Debt to Income Ratio. There was a Manual approval dated 12/06/2002, in the loan file. | Stated | $99,800.00 | | 2846610 |
| | | | | 1.04 (c) (v) SAS 2004-GEL1_No Fraud / 1.04 (c) (vii) SAS 2004-GEL1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrowers misrepresented their debt obligations. The audit credit report indicated that the Borrowers opened an auto installment account in the amount of $16,750 in 02/2001, which was one year, nine months prior to the subject loan closing date on 11/05/2002. The undisclosed auto installment account was not reported on the origination credit report and the undisclosed monthly payment of $355 per month was not included in the Borrower's debt calculation.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $355 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | | 2846610 |
| 7 | 00036607398 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/26/2005, in the amount of $182,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 66.19% Loan to Value/Combined Loan to Value, and a 38.83% Debt to Income Ratio. There was a Manual approval dated 10/25/2005, in the loan file. | Full | $182,000.00 | | 2845243 |
| | | | | 1.04 (c) (v) LMT 2005-2_No Fraud / 1.04 (c) (vii) LMT 2005-2_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. The Borrower did not occupy the subject property after the subject loan closing of 10/26/2005. The Borrower resided in an additional property located in Seattle, WA. Accurint reflects multiple tenants residing in the subject property. The loan file contained bank statements, dated 07/19/2005, which reflected an address in Seattle, WA; however, the address was not the subject property. According to public records, the Borrower had not had a phone or real estate license registered at the subject property; however, utility records reflect the Borrower registered utilities at the same address disclosed on the bank statements on 12/01/2005.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, there is no evidence in the file that at least one named Borrower occupied the subject property. The subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | | 2845243 |
| 8 | 00040618308 | 1st | LXS 2007-15N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/15/2007, in the amount of $545,800, as a purchase of an owner occupied single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with an 80%/90% Loan to Value/Combined Loan to Value. There was a Manual approval dated 03/19/2007, in the loan file. | NIVA | $545,800.00 | | 2845511 |

| # | Loan # | Lien | Deal | Code | Finding | Finding | | | Narrative | Stated | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xxi) (i) LXS 2007-15N_Underwriting Methodology - Deemed MnA_Pool 3 | Failure to Determine Reasonable Ability to Repay | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of her financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The following facts support the conclusion the Borrower did not have the ability to pay: The loan application reflected the Borrower's stated employment as a self employed Childcare Provider for 5 years. Research conducted through CBSalary.com revealed that a Childcare Provider earning in the 75th percentile would earn $3,052 per month. Additionally, the Borrower received a gift of assets to qualify for the subject loan, which is not indicative of a Borrower earning $154,347 per year.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845511 |
| 9 | 00040618787 | 1st | LXS 2007-15N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/11/2007, in the amount of $260,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% Loan to Value/Combined Loan to Value and a Debt to Income of 48.84%. There was a Manual approval dated 05/10/2007 in the loan file. | Stated | $260,000.00 | 2845512 |
| . | | | | 1.04 (c) (v) LXS 2007-15N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-15N_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application. The loan file contained post closing income documentation including the Borrower's 2007 tax return, which revealed the Borrower was a self-employed Owner of a dance studio. The Borrower's 2007 tax return did not reflect the Borrower was a salaried employee as a Controller of a finance center for 2 years as indicated on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Controller of a finance center for 2 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2845512 |
| . | | | | 1.04 (c) (v) LXS 2007-15N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-15N_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Controller of a finance center for 2 years earning $9,000 per month on the loan application. The loan file contained post closing income documentation including the Borrower's 2007 tax return, which revealed the Borrower was a self-employed Owner of a dance studio and earned $13,094, or $1,091 per month. The Borrower's 2007 tax return did not reflect the Borrower was a salaried employee as a Controller of a finance center for 2 years as indicated on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Controller of a finance center for 2 years earning $9,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2845512 |
| 10 | 00040726226 | 1st | LXS 2007-17H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/20/2007, in the amount of $185,000, as a cash-out refinance of an owner occupied single family residence located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.48% Debt to Income Ratio (DTI). There was a Manual approval dated 07/19/2007, in the loan file. | Stated | $185,000.00 | 2845543 |
| . | | | | 1.04 (b) (xxi) LXS 2007-17H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 45.48% to 83.47%, which exceeds the represented DTI. | | | 2845543 |

Cowen_Final_Version_US Bank 2573_7

| | | | | 1.04 (b) (xvi) LXS 2007-17H_DTI

1.04 (b) (xxiv) LXS 2007-17H_No Fraud

1.04 (b) (xxvi) LXS 2007-17H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower stated income as a Sales Person with an automotive dealership earning $3,739 per month on the loan application. A written verification of employment was received from the Borrower's employer, which revealed the Borrower's income for 2007, the same year the subject loan closed, was $2,037 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 83.47%, which exceeds the Seller's represented DTI of 60%.

Despite the Seller's representations, the Borrower falsely stated employment as a Sales Person with an automotive dealership earning $3,739 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2845543 | |

Cowen_Final_Version_US Bank 2573_7

| # | Loan # | Lien | Deal | | | | | Finding | | Doc Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 00124417064 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/18/2007, in the amount of $158,000, a cash out refinance of an owner occupied, single family residence. The loan was approved at a Stated Income/Verified Asset loan, with a 60.00% Loan to Value/Combined Loan to Value, and a 47.67% Debt to Income Ratio. There was a Manual approval dated 04/23/2007, in the loan file. | Stated | $158,000.00 | 2847059 |
| | | | | 1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Production worker earning $3,450 per month on the loan application.The loan file contained post closing income documentation including a modification request, which reflected the Borrower was not a full 40 hour employee due to work stoppage. The loan file also contained a pay stub, which reflected the Borrower's hourly rate as $9.75 per hour, or $1,690 per month based on a 40 hour work week. The 2008 W-2 form indicated the total income for 2008 was $12,065. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Production worker earning $3,450 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847059 |
| 12 | 00124425851 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/17/2007, in the amount of $254,400. There was neither an Automated Underwriting System Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $254,400.00 | 2847060 |
| | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representations, there is no evidence in the file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847060 |
| 13 | 00124438946 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/30/2007, in the amount of $67,600. There was neither an Automated Underwriting System Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $67,600.00 | 2847063 |
| | | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847063 |

Cowen_Final_Version_US Bank 2573_7

| 14 | 00124443912 | 1st | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System approval or manual approval included in the loan file to definitively ascertain whether the loan was properly deputed and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $52,500.00 | 2847172 | |
| | | | 1.04 (b) (xi) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847172 | |
| 15 | 00124663378 | 1st | SASC 2007-BC4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/26/2007, in the amount of $459,000, as a cash out refinance of an owner occupied 2 unit residence. The loan was approved as a Full Documentation loan, with a 90% Loan to Value/Combined Loan to Value, and a 49.082% Debt to Income Ratio (DTI). There was a Manual approval dated 05/01/2007, in the loan file. | Full | $459,000.00 | 2847072 | |
| | | | 1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment as a Payroll Assistant for 2 years on the loan application. The loan file contained post closing documentation including the Borrowers' 2007 tax return, which revealed the Borrower was unemployed at the time of the loan closing and reflected income and W-2 forms for the Co-Borrower only. It should also be noted, the Borrowers' previous year tax return for 2006 also reflected the Borrower was unemployed, reflecting employment and income only for the Co-Borrower.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Payroll Assistant for 2 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847072 | |
| | | | 1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Payroll Assistant for 2 years, earning $5,763 per month on the loan application. The loan file contained post closing documentation including the Borrowers' 2007 tax return, which revealed the Borrower was unemployed at the time of the loan closing and reflected income and W-2 forms for the Co-Borrower only. It should also be noted, the Borrowers' previous year tax return for 2006 also reflected the Borrower was unemployed, reflecting employment and income only for the Co-Borrower.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Payroll Assistant for 2 years, earning $5,763 on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847072 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/28/2013 4:46:40 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Final_Version_US Bank 2573_7

| 16 | 00124688631 | 1st | SASC 2007-BC4 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/23/2007, in the amount of $480,800.00, as a cash-out refinance of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value, and a 45% Debt to Income Ratio (DTI). There was a Manual approval dated 04/20/2007, in the loan file. | Stated | $480,800.00 | 2847078 |
| | | | 1.04 (b) (xviii) (d) SAS 2007-BC4_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Owner of dentist office for 27 years, earning $9,000 per month on the loan application. The loan file included the Borrower's near year 2009 income tax returns in the post-closing documents, which indicated that the Borrower actually earned a monthly income of $3,323 per month after all business expenses were paid. It is unlikely that the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Owner of dentist office for 27 years, earning $9,000 per month on the loan application, which not only constitutes an event of default under the executed Mortgage and/or Deed of Trust but also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847078 |
| | | | 1.04 (c) (v) SAS 2007-BC4_No Fraud<br><br>1.04 (c) (vii) SAS 2007-BC4_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 3 | 3 | The Borrower misrepresented his employment on the loan application. Per the loan application, the Borrower was a self-employed Owner of dentist office for 27 years. However, research conducted through Accurint revealed that the Borrower was also a self-employed Owner of a second dentist office that was not disclosed at origination. Research conducted through Accurint revealed that the Borrower was an owner of the additional business that was not disclosed at origination and reflected an operational begin year of 1992 and is presently in business, which covers the subject closing date of 04/23/2007. The additional business could have had a negative impact on the Borrower's stated income of $9,000 per month. Accurint also confirmed that the business was registered in the Borrower's name at the same address as the Borrower's disclosed business.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as self-employed Owner of dentist office for 27 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847078 |
| | | | | | | | | | | | |
| 17 | 0014939060 | 1st | SAS 2007-GEL1 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/28/2003, in the amount of $132,500, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Assets loan, with a 100% Loan to Value/Combined Loan to Value, and a 48.72% Debt to Income ratio. There was a manual approval dated 02/12/2003, in the loan file. | SISA | $132,500.00 | 2844770 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/28/2013 4:46:40 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) SAS 2007-GEL1_No Fraud<br><br>1.04 (c) (vii) SAS 2007-GEL1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower stated income as a Courier earning $5,000 per month on the loan application. Research through public records indicated the Borrower filed a Chapter 13 bankruptcy with the Eastern District of Illinois on 08/18/2005. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $2,000 per month in 2003, the year the subject loan closed. It should be noted, the Schedule of Current Income contained within the petition, confirmed the Borrower was employed with the same employer in the same position at the time of the subject loan closing on 12/28/2003.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Courier earning $5,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2844770 | |
| 18 | 0016941866 | 1st | SAIL 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/12/2004, in the amount of $228,000, as a purchase of an owner occupied four family dwelling. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/90% Loan to Value/Combined Loan to Value, and a 34.28% Debt to Income Ratio (DTI). There was a Manual approval dated 09/22/2004, in the loan file. | Stated | $228,000.00 | 2845818 | |
| | | | 1.04 (c) (v) SAIL 2005-4_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-4_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of Mortgage Electronic Registry System and the audit credit report reflected the Borrower acquired an undisclosed mortgage prior to the subject loan closing of 10/12/2004. On 03/31/2004, the Borrower obtained an undisclosed mortgage on a property located in Washington, DC with a loan amount of $97,850 and a monthly payment of $932.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $932 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2845818 | |
| | | | 1.04 (c) (v) SAIL 2005-4_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-4_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower did not occupy the subject property after the subject loan closing of 10/12/2004. The Borrower resided at the departing residence until 04/2005. Utility records reflect the Borrower residing at a property located in Rosedale, MD from 04/2005 through 11/2012. Accurint reflects multiple tenants residing in the subject property. The subject property was a 4 unit dwelling and at time of the appraisal inspection all 4 units were rented. The Lender failed to obtain documentation that a tenant was vacating a unit. The loan file contained a copy of the Homeowners Insurance declaration page which indicated the Borrower's mailing address was the departing residence and not the subject property. Public records indicate the Borrower has never used the subject property address to obtain a driver's license, voter's registration or register a vehicle.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2845818 | |
| 19 | 0032809774 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/04/2006, in the amount of $216,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% loan to value/combined loan to value, and a 47.5% debt to income ratio. There was a Manual approval dated 03/21/2006, in the loan file. | Full | $216,000.00 | 2846289 | |

Cowen_Final_Version_US Bank 2573_7

| | | | | 1.04 (b) (xii) SARM 2006-7_Compliance with Applicable Law - Origination | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan was not consistent in applicable interest rate at closing. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

The disclosed finance charge ($334,722.71) is ($480.00) below the actual finance charge ($355,202.71). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | | 2846289 | |

1.04 (c) (xvii) SARM 2006-7_Origination Practices

1.04 (c) (xxiv) SARM 2006-7_Compliance with Applicable Law

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 4:46:40 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| 19 | 0032809998 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/02/2006, in the amount of $400,000, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% combined loan to value, and a 47.138% debt to income ratio. There was an Automated Approval dated 03/02/2008, in the loan file. | Full | $400,000.00 | 2846292 | |
| . | | | | 1.04 (b) (xii) SARM 2006-7_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-7_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-7_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($617,328.80) is ($22,727.16) below the actual finance charge ($640,055.96). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2846292 | |
| 20 | 0038491619 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/22/2006, in the amount of $492,000, as a purchase of an owner occupied 2-4 family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.59% Debt to Income Ratio (DTI). There was a Manual approval dated 6/19/2006, in the loan file. | Stated | $492,000.00 | 2846345 | |
| . | | | | 1.04 (b) (xii) SARM 2006-7_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-7_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-7_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($845,425.66) is ($199,226.73) below the actual finance charge ($1,044,652.39). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>The disclosed APR (7.945) is lower than the actual APR (8.8209). The Truth in Lending Act considers a disclosed APR inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17(f), 1026.19(a)(2), & 1026.22(a)(2)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2846345 | |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 2 | 3 | The Borrower misrepresented his ownership of the following assets. The loan file contained bank statements, dated 03/08/2006-04/07/2006, which reflected the Borrower had a total of $41,084 in assets between his checking and savings account. An audit verification of deposit was obtained from the financial institution which indicated the Borrower's actual total assets were $5,284.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the amount of assets verified were misrepresented by $35,800; in that the Borrower falsely disclosed that he had a $40,284 down payment and 2 month's reserves when reserves when in fact he had $5,284, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846345 | |
| 21 | 0120897061 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/26/2006, in the amount of $104,800, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with 80% Loan to Value/Combined Loan to Value, and a 37.65% Debt to Income Ratio. There was a Manual approval dated 04/26/2006, in the loan file. The Hud-1, revealed the Borrower received $22,270 at closing. | Stated | $104,800.00 | 2845964 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The subject loan was underwritten without regard into the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Borrower stated on the loan application employment as a Laborer earning $2,500 for 7 years, earning $2,500 per month.<br><br>Research conducted through the Bureau of Labor Statistics reported the average salary at the 75th percentile for a Packing/Laborer in the same geographic region was $1,524 per month. The Borrower's stated income is more than 1.5 times the Bureau of Labor Statistics' 75th percentile which is a red flag the Borrower's income was overstated.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845964 | |
| . | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 2 | 3 | Per the final HUD-1 Settlement Statement, the Borrower was not required to bring funds to closing. The Borrower was required to verify 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $1,732 for the subject property. In total, assets of $1,732 were required to be verified; however, the loan file contained no evidence of assets.<br><br>The Seller represented and warranted, in part, the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was a $1,732 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845964 | |
| . | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Laborer earning $2,500 per month on the loan application. The loan file contained post closing documentation contained in the subject loan file revealed the Borrower's 2008 W-2 forms, which verified their near year income of $640 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Laborer earning $2,500 per month on the loan application, which not only constitutes an event of default under the executed Mortgage and/or Deed of Trust but also significantly impacted the determination of the Borrower's ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845964 | |
| 22 | 0124039900 | 1st | SASC 2007-BC3 | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | | 2847032 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 4:46:40 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xviii) (d) SAS 2007-BC3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847032 |
| 23 | 32776601 | 1st | LXS 2006-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/20/2006, in the amount of $191,300, as a rate and term refinance of an owner occupied PUD. The loan was approved as a Full Documentation loan, with an 84.65% Loan to Value/Combined Loan to Value, and a 38.64% Debt to Income. There was a Manual approval dated 04/10/2006, in the loan file. | Full | $191,300.00 | 2845433 |
| . | | | | 1.04 (b) (xvii) LXS 2006-8_DTI_Pool 2 | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 38.64% to 107.83%, which exceeds the represented DTI. | | | 2845433 |
| . | | | | 1.04 (b) (xvii) LXS 2006-8_DTI_Pool 2<br><br>1.04 (b) (xviii) (D) LXS 2006-8_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) LXS 2006-8_No Fraud<br><br>1.04 (c) (vii) LXS 2006-8_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Senior Manager earning $9,091 per month on the loan application. The subject loan was a Full Documentation loan and was originally submitted with two Borrowers. The initial loan application indicated the Borrower was employed by another employer for 8 years and 6 months and stated monthly income of $3,891. The final loan application dated 04/20/2006 reflects the Borrower as a Senior Manager for a restaurant with 11 years of employment. The loan file contained a verification of employment dated 04/06/2006 which reflects the Borrower as a General Manager with a hire date of 4/10/1995 and pervious year earning well over $100,000 for 2005 and 2004. The loan file contained no income documentation such as a pay stub or previous year W-2's. An audit verification of employment and income was conducted through The Work Number, which revealed the Borrower was actually hired on 3/28/2006 as a Front Manager with earnings of $36,854 or $3,071 per month for 2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Senior Manager earning $9,091 per month on the loan application, which not only constitutes an event of default under the executed Mortgage and Deed of Trust but also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845433 |

Cowen_Final_Version_US Bank 2573_7

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | 1.04 (b) (xviii) (D) LXS 2006-8_Underwriting Methodology - Deemed MnA_Pool 1 | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 5 | The Borrower misrepresented her employment on the loan application. The loan file contained a written verification of employment which indicated the Borrower hire date was 04/30/1995. The origination's credit report did not reflect the Borrower's employment. The subject loan was a Full Documentation loan and was originally submitted with two Borrowers. The initial loan application indicated the Borrower was employed by another employer. An audit verification of employment conducted through The Work Number, revealed the Borrower's actual hire date with her original employer was 03/28/2006. The subject loan transaction was closed on 04/20/2006. | | | | 2845433 |
| | | 1.04 (c) (v) LXS 2006-8_No Fraud | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | | |
| | | 1.04 (c) (vii) LXS 2006-8_No Event of Default | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | | |
| | | | | | | Despite the Seller's representations, the Borrower falsely stated employment as Senior Manager for 11 years, which not only constituted an event of default under the executed Mortgage and or Deed of Trust but also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. | | | | |
| | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | |
| 24 | 36561090 | 1st | LMT 2006-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/14/2005, in the amount of $218,000, as a rate and term refinance of a non owner occupied two unit dwelling. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 53.18% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NIVA | $218,000.00 | 2845257 |
| | | | 1.04 (c) (xxxv) LMT 2006-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 1 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. The origination appraisal was missing from the loan file. | | | 2845257 |
| | | | | | | Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | |
| 25 | 40180887 | 1st | LXS 2007-8H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/20/2007, in the amount of $150,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 100% Loan to Value/Combined Loan to Value, and a 45.83% Debt to Income. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | SISA | $150,000.00 | 2845637 |
| | | | 1.04 (b) (xii) LXS 2007-8H_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. | | | 2845637 |
| | | | 1.04 (c) (xvii) LXS 2007-8H_Origination Practices | | | | The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. | | | | |
| | | | | | | | The disclosed finance charge ($332,055.10) is ($615.47) below the actual finance charge ($332,670.57). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. | | | | |
| | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | |
| | | | | | | | Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | | |
| | | | 1.04 (b) (xviii) LXS 2007-8H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 2 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's more reasonable income results in an increase from 45.83% to 61.38%, which exceeds the represented DTI. | | | 2845637 |

Cowen_Final_Version_US Bank 2573_7

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xviii) LXS 2007-8H_DTI<br><br>1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income on the loan application as a Community Service Officer earning $5,400 per month on the loan application. According to statement of Financial Affairs, filed by the Borrower on 04/20/2010 with the District of Maryland Bankruptcy Court, the Borrower earned $35,541 in 2008, or $2,962 per month not as a Community Service Officer as she originally stated but as a Communication Analyst I, which was verified through the Borrower's employer. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's more reasonable income yields a DTI of 61.38%, which exceeds the Seller's represented DTI of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Community Service Officer earning $5,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845637 |
| | | | 1.04 (c) (v) LXS 2007-8H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-8H_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 5 | 3 | The Borrower misrepresented her employment on the loan application. According to the audit verification of employment which was completed by the Borrower's original employer, the Borrower was a Communication Analyst I and not a Community Service Officer as originally stated.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Community Service Officer for 9.6 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | 2845637 |
| | | | | | | | Grand Total of Repurchase Demand | $6,064,420.00 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 4:46:40 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 19254788 | 1st | SASC 2004-23XS | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1 settlement statement and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $560,000.00 | 2848799 | |
| | . | | | 1.04 (b) (xii) SAS 2004-23XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2004-23XS_Mortgage File<br><br>1.04 (c) (xvii) SAS 2004-23XS_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable law. The Seller represented and warranted that a fully executed note for the subject transaction was executed by the Borrower and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848799 | |
| | | | | 1.04 (b) (xii) SAS 2004-23XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-23XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848799 | |
| | | | | 1.04 (b) (xii) SAS 2004-23XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-23XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 5 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, it was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848799 | |
| | | | | 1.04 (c) (xviii) SAS 2004-23XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848799 | |
| 2 | 30346407 | 1st | SASC 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/25/2005, in the amount of $581,500. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1 settlement statement, hazard insurance, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $581,500.00 | 2848832 | |

| | | | | | | | Findings | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) SAS 2005-15_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-15_Mortgage File<br><br>1.04 (c) (xvii) SAS 2005-15_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2848832 |
| | | | 1.04 (b) (xii) SAS 2005-15_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-15_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2848832 |
| | | | 1.04 (b) (xii) SAS 2005-15_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-15_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | 2848832 |
| | | | 1.04 (c) (xviii) SAS 2005-15_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2848832 |
| 3 | 30361224 | 1st | SASC 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/28/2005, in the amount of $312,400, as a purchase of an owner occupied single family residence. The loan was an unknown documentation type with an 80%/100% loan to value/combined loan to value (LTV/CLTV). There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' final HUD-1 Settlement Statement, the subject Note, Mortgage, homeowners' insurance policy, and the title for the subject transaction. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $312,400.00 | 2848811 |
| | | | 1.04 (b) (xii) SAS 2005-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2848811 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (xviii) SAS 2005-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848811 |
| 4 | 30471544 | 1st | SASC 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/02/2005, in the amount of $228,000, as a purchase of an owner occupied single family residence. The loan was an unknown documentation type with an 80%/90% loan to value/combined loan to value (LTV/CLTV). There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's HUD-1 Settlement Statement, the Note, the mortgage, homeowners' insurance policy, and the Title commitment and policy for the subject transaction. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $228,000.00 | 2848816 |
| . | | | 1.04 (b) (xii) SAS 2005-10_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the file.  The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848816 |
| . | | | 1.04 (c) (xviii) SAS 2005-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848816 |
| 5 | 30604417 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/02/2005 and disbursed on 05/06/2005, in the amount of $458,500, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 70% loan to value/combined loan to value (LTV/CLTV), and a 49.82% debt to income ratio (DTI). There was a Manual approval dated 05/02/2005, in the loan file. Per the final HUD-1 Settlement Statement, the Borrowers paid the mortgage debt, other debt of $25,958, and received $45,575 at the time of disbursement. | Full | $458,500.00 | 2848478 |
| . | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2005-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.  The disclosed finance charge ($624,752.02) is ($783.10) below the actual finance charge ($625,535.12). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848478 |

| # | Loan ID | Lien | Deal | Rep | Finding | Finding | | | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 30638001 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/12/2005, in the amount of $220,800.00, as a purchase of an investment condominium. The loan was approved as a Full Documentation loan, with an 80%/100% loan to value/combined loan to value (LTV/CLTV), and a 43.33% debt to income ratio (DTI). There was a Manual approval dated 05/04/2005, in the loan file. | Full | $220,800.00 | 2848522 |
| . | | | | 1.04 (c) (v) LXS 2005-3_No Fraud  1.04 (c) (vii) LXS 2005-3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per public records obtained through the Audit Credit Report and the Mortgage Electronic Registry System, the Borrower failed to disclose the following property: the Borrower purchased a property in Palmdale, CA, on 05/16/2005 with undisclosed mortgages in the amounts of $292,000 and $73,000, with undisclosed monthly payments of $1,440 and $574. The subject loan closed on 05/12/2005.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented their debt obligations by failing to disclose $2,014 in monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848522 |
| 7 | 30657902 | 1st | SASC 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/20/2005 and disbursed on 05/02/2005, in the amount of $463,000, as a rate and term refinance of an owner occupied single family residence. The loan was a Stated Income/Verified Asset loan, with a 63.86% loan to value/combined loan to value (LTV/CLTV), and a 36.46% debt to income ratio (DTI). There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file did contain a Underwriting Transmittal Summary Report. | Stated | $463,000.00 | 2848823 |
| . | | | | 1.04 (c) (v) SAS 2005-10_No Fraud  1.04 (c) (vii) SAS 2005-10_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a dry cleaning/laundry business earning $10,500 per month on the loan application.The loan file contained a 2006 Individual Income tax return, IRS tax return form 1040, with the accompanying Schedule C, which confirmed the Borrower owned the same business listed on the loan application and revealed near year monthly income of $7,143. The subject loan closed 04/20/2005. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as an Owner of a dry cleaning/laundry business earning $10,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848823 |
| 8 | 30723241 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/22/2005, in the amount of $176,000, as a purchase of an investment, single family detached residence. The loan file was missing credit package along with loan approval and loan transmittal summary; therefore, the loan program the Borrower was approved under for qualification is unknown. The subject loan was approved with an 80%/95% loan to value/combined loan to value (LTV/CLTV). There was neither an automated underwriting system nor manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $176,000.00 | 2848486 |
| | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.

The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848486 |
| | | | | 1.04 (c) (xviii) LXS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848486 |

| 9 | 30754303 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/27/2005, in the amount of $318,750. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The data tape indicated the transaction was a purchase of a primary residence at 75% loan-to-value/combined loan-to-value. | Unknown | $318,750.00 | 2848489 | |
| | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848489 | |
| | | | | 1.04 (c) (xviii) LXS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848489 | |
| 10 | 30831887 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/07/2005, in the amount of $332,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The data tape indicated the transaction was a purchase of a primary residence at 80% loan-to-value/combined loan-to-value. | Unknown | $332,000.00 | 2848527 | |
| | | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848527 | |
| | | | | 1.04 (c) (v) LXS 2005-3_No Fraud  1.04 (c) (vii) LXS 2005-3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. The bankruptcy documentation filed by the Borrower on 02/01/2012 with the US Bankruptcy Court Central District of California also indicated the Borrower occupied the property located in Norwalk, CA for the prior 3 years (2009-2012). A search of public records conducted through SiteX.com confirmed the Borrower owned the Norwalk, CA property since 12/01/1994. A search of public records revealed the Borrower never had a phone connected at the subject property; however, had several phone numbers connected at the Norwalk, CA property. The search of public records also revealed the Borrower never had utilities connected at the subject property; however, had utilities connected at the Norwalk, CA property and a property located in Duarte, CA. A reverse address search conducted through public records revealed several unknown individuals had phones connected at the subject property. A reverse address search through 411.com indicated several unknown individuals occupied the subject property and a reverse address search of the Norwalk, CA property revealed the Borrower occupied the Norwalk, CA.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848527 | |
| | | | | 1.04 (c) (xviii) LXS 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848527 | |

| 11 | 31014723 | 1st | SASC 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/09/2005, in the amount of $422,500.00, as a purchase of an owner occupied single family residence. The loan was an unknown documentation type with a 65%/95% loan to value/combined loan to value (LTV/CLTV). There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Assets, HUD-1 Settlement Statement, Note, Mortgage, homeowners' insurance policy, and title. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $422,500.00 | 2848845 | |
| . | | | 1.04 (b) (xii) SAS 2005-15_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2005-15_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848845 | |
| . | | | 1.04 (c) (xviii) SAS 2005-15_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848845 | |
| 12 | 31138621 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/29/2005, in the amount of $181,600, as a purchase of an investment, single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% loan to value/combined loan to value (LTV/CLTV), and a 44% debt to income ratio (DTI). There was a Manual approval dated 06/20/2005, in the loan file. | Stated | $181,600.00 | 2848566 | |
| . | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848566 | |
| 13 | 31181100 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/01/2005, in the amount of $249,600, as a purchase of an owner occupied condominium. The loan was an unknown documentation type with an 80%/100% loan to value/combined loan to value (LTV/CLTV). There was neither an automated underwriting system (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's HUD-1 Settlement Statement, Note, Mortgage, and title. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $249,600.00 | 2848541 | |
| . | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848541 | |
| . | | | 1.04 (c) (xviii) LXS 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848541 | |

| # | Loan # | Lien | Pool | Code | Finding | Sub-Finding | | | Description | Status | Amount | ID |
|---|--------|------|------|------|---------|-------------|---|---|-------------|--------|--------|----|
| 14 | 31548647 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 4/20/2005, in the amount of $173,992.00 for a purchase of an owner occupied, single family residence located in a planned unit development. The loan was approved as a Stated income, Verified Asset loan, with an 80%/100% loan to value/combined loan to value (LTV/CLTV), and a 33.55% debt to income ratio (DTI). There was a Manual approval dated 08/17/2005, in the loan file. | Stated | $173,992.00 | 2848589 |
| | | | | 1.04 (c) (v) LXS 2005-6_No Fraud<br><br>1.04 (c) (vii) LXS 2005-6_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented their intent to occupy the subject property. According to audit search of public records through Accurint, the Borrower occupied an address in Phoenix, AZ from 11/2000 through 10/2009; this address was also listed as a previous address on the origination loan application. The audit credit report reflected a current address and 2 previous addresses; however, the subject property address was not listed. The Borrower provided a modification application for the subject property, which verified Borrower's current address to be the same address as listed in Accurint. The Borrower also provided a letter of explanation during loss mitigation stating a loss was incurred from real estate investments. The income documentation provided during loss mitigation also reflected the same address in Phoenix, AZ. The credit report that was acquired during loss mitigation did not reflect the subject address as current or as a previous address; however, 3 other addresses were listed and the 1 address located in Phoenix, AZ was included.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848589 |
| 15 | 31567506 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/31/2005, in the amount of $172,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, and the Mortgage and Title. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $172,000.00 | 2848594 |
| . | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848594 |
| . | | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848594 |
| . | | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848594 |

Cowen_Final_Verison_Wilmington NA_10

| # | Loan No. | | | | Cat 1 | Cat 2 | | | Findings | Type | Amount | ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 31723299 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/1/2005, in the amount of $200,000, in a cash out refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value, and a 41.32% Debt to Income ratio. There was a Manual approval dated 10/11/2005, in the loan file. | Stated | $200,000.00 | 2848351 | |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud - With No Red Flags Present  1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. A search of public records and Accurint revealed the Borrower is listed as the Owner of the preschool; however, he stated he was employed as a General Manager for 4 years and 5 months. The same documentation reflects the Borrower took office on 8/01/1999.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as General Manager for 4 years and 5 months, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848351 | |
| 17 | 31858582 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/24/2005, in the amount of $329,600, as a purchase of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41% Debt to Income Ratio (DTI). There was a Manual approval dated 10/18/2005, in the loan file. | SISA | $329,600.00 | 2848364 | |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LMT 2006-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.  The disclosed finance charge ($465,837.33) is ($222.88) below the actual finance charge ($466,060.21). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge.(12 CFR Sec. 1026.18(d)(1)).  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848364 | |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud - Red Flags Present - Near Year  1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Processor for a mortgage company for 2 months, earning $7,500 per month on the loan application. The Borrower filed Bankruptcy on 09/26/2008 with the District of Arizona and the Statement of Financial Affairs revealed the Borrower's income for the near year of 2006 was $57,754 or $4,813 monthly. It is unlikely the Borrower's income would have decreased considering the Borrower was employed in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Processor for a mortgage company for 2 months, earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848364 | |

| # | Loan | Lien | Deal | Finding | Category | Category | | | Narrative | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 31878572 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/21/2005, in the amount of $225,000 as a cash-out refinance of an owner occupied residence located in a Planned Unit Development (PUD). The loan was approved as a Full Documentation loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 46% Debt to Income Ratio (DTI). There was a Manual approval dated 10/17/2005, in the loan file. | Full | $225,000.00 | 2848507 |
| | | | | 1.04 (c) (v) LXS 2005-10_No Fraud<br><br>1.04 (c) (vii) LXS 2005-10_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A search of public records and Mortgage Electronic Registry System revealed an undisclosed mortgage obtained by the Borrowers within 30 days of the subject closing on 10/21/2005. A mortgage was obtained on 11/18/2005 in the amount of $79,999 with a monthly payment of $876 for a property located in Golden, MO.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose an $876 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848507 |
| 19 | 31936834 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/01/2005, in the amount of $152,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The loan file only contained the Housing and Urban Development Settlement Statement (HUD-1), the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $152,000.00 | 2848378 |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848378 |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848378 |
| | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848378 |
| 20 | 31938038 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/02/2005, in the amount of $440,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file.<br><br>The loan file only contained the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $440,000.00 | 2848512 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848512 | |
| | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848512 | |
| | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848512 | |
| | | | 1.04 (c) (xviii) LXS 2005-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848512 | |
| 21 | 31986821 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/10/2005, in the amount of $128,700, as a purchase of an owner occupied single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, hazard insurance, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $128,700.00 | 2848393 | |
| | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848393 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2013 5:10:26 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848393 | |
| | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848393 | |
| 22 | 31996564 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/07/2005, in the amount of $151,100, as a purchase of an owner occupied single family residence. There was neither an Automated Loan System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, hazard insurance, HUD-1 settlement statement, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $151,100.00 | 2848396 | |
| | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848396 | |
| | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848396 | |
| 23 | 32059693 | 1st | LXS 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/12/2005, in the amount of $168,000, as a purchase of a second home, single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.64% Debt to Income Ratio (DTI). There was a Manual approval dated 12/08/2005, in the loan file. | Stated | $168,000.00 | 2848649 | |
| | | | 1.04 (c) (v) LXS 2006-1_No Fraud<br><br>1.04 (c) (vii) LXS 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year of Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Classified Sales Manager earning $7,800 per month on the loan application. An audit verification of employment was conducted through The Work Number, which indicated the Borrower's actual earnings for the subject year closing 2005 was $49,587, or $4,132 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Classified Sales Manager earning $7,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848649 | |
| 24 | 32061038 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/08/2005, in the amount of $476,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The data tape indicated the transaction was a purchase of a primary residence at 80% loan-to-value/combined loan-to-value. The loan file only the Note, hazard HUD-1 settlement statement and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $476,000.00 | 2848407 | |