# ATTACHMENT V
# Part 7

| # | Loan # | Lien | Deal | | Finding | Finding Detail | | | Description | | Amount | ID | |
|---|--------|------|------|---|---------|----------------|---|---|-------------|---|--------|----|--|
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, the final TIL statement was not provided.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848407 | |
| | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. The origination appraisal was missing from the loan file.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848407 | |
| 25 | 32107468 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/28/2005, in the amount of $154,720. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The data tape indicated the subject was a purchase of a primary residence at an 80% loan-to-value/combined loan-to-value. The loan file only contained the Note, final HUD-1 settlement statement, hazard insurance, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $154,720.00 | 2848414 | |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848414 | |
| | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was not provided.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848414 | |
| 26 | 32146664 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/07/2005, in the amount of $162,465. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The data tape indicated the subject was a purchase of a primary residence at 80% loan-to-value/combined loan-to-value. The loan file only contained the Note, final HUD-1 settlement statement, hazard insurance, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $162,465.00 | 2848418 | |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, the final TIL statement was not provided.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848418 | |

# Digital Risk - Loan Review Findings

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848418 |
| 27 | 32173734 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/20/2005, in the amount of $217,600. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The data tape and HUD-1 Settlement Statement indicated the transaction was a cash-out refinance. The data tape also reflected a loan-to-value/combined loan-to-value of 80% and the subject was a primary residence. The loan file only contained the Note, final HUD-1 settlement statement, hazard insurance, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $217,600.00 | 2848700 |
| . | | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL Statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, the final TIL statement was not provided.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848700 |
| . | | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848700 |
| . | | | | 1.04 (c) (xviii) LXS 2006-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848700 |
| 28 | 32390775 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/20/2006, in the amount of $206,448. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The data tape indicated the transaction was a purchase of a primary residence at 80% loan-to-value/combined loan-to-value. The loan file only contained the Note, final HUD-1 settlement statement, hazard insurance, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $206,448.00 | 2848706 |
| . | | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, the final TIL statement was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848706 |

| # | Loan | Lien | Deal | | | | | | Description | Status | Amount | ID |
|---|------|------|------|---|---|---|---|---|-------------|--------|--------|-----|
| | | | | 1.04 (c) (xviii) LXS 2006-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848706 |
| 29 | 32393100 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/03/2006, in the amount of $213,600. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The data tape indicated the transaction was a purchase of a primary residence at 80% loan-to-value/combined loan-to-value. The loan file only contained the Note, final HUD-1 settlement statement, hazard insurance, title commitment and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $213,600.00 | 2848707 |
| | | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending(TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, the final TIL statement was not provided.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848707 |
| | | | | 1.04 (c) (xviii) LXS 2006-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848707 |
| 30 | 32773293 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/13/2006, in the amount of $157,100, as a purchase of a second home single family residence located in a Planned Unit Development property. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 40.85% Debt to Income Ratio. There was a Desktop Underwriting Approve/Ineligible dated 04/11/2006, in the loan file. The loan was ineligible due to Combined Loan to Value which was confirmed through the Lender's guidelines. | Full | $157,100.00 | 2849022 |
| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2006-S3_Mortgage File<br><br>1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849022 |
| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, it was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849022 |

# Digital Risk - Loan Review Findings

| 31 | 32823296 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/03/2006. In the amount $35,000. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Mortgage, hazard insurance and Title Commitment. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | | $35,000.00 | 2849029 |
| . | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2849029 |
| . | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, the final TIL statement was not provided.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2849029 |
| . | | | | 1.04 (c) (xviii) SAS 2006-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2849029 |
| 32 | 32836934 | 1st | LXS 2006-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/08/2006, in the amount of $133,850. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage, hazard insurance, title commitment and a HUD-1 Settlement Statement. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | | $133,850.00 | 2848749 |
| . | | | | 1.04 (b) (xii) LXS 2006-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-9_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, the final TIL statement was not provided.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848749 |
| . | | | | 1.04 (c) (xviii) LXS 2006-9_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848749 |
| 33 | 32983942 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/13/2006, in the amount of $51,500, as a purchase of an owner occupied residence. The loan was approved with a 20%/100% loan to value /combined loan to value. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the final HUD-1 settlement statement, hazard insurance, title commitment, Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | | $51,500.00 | 2849050 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file; however, the final TIL statement was not provided.<br><br>The Seller represented and warranted that origination practices and the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849050 | |
| | | | | 1.04 (c) (xviii) SAS 2006-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849050 | |
| 34 | 33040254 | 1st | LXS 2006-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/03/2006, in the amount of $135,200, a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% loan to value/combined loan to value, and a 30% debt to income ratio. There was a Manual approval dated 07/03/2006, in the loan file. | Stated | $135,200.00 | 2848663 | |
| . | | | | 1.04 (c) (v) LXS 2006-13_No Fraud - With No Red Flags Present<br><br>1.04 (c) (vii) LXS 2006-13_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrowers misrepresented their employment on the loan application. The Borrower indicated self-employment as a Real Estate Broker for three years, earning $5,529 per month and the Co-borrower indicated employment as a Warranty Advisor for a home builder earning $4,586 per month on the loan application. The following facts support the conclusion that the Borrowers misrepresented the employment information on the loan application. Research of public records revealed the Borrowers filed a Chapter 13 Bankruptcy, dated 05/29/2008, with the Federal District of Arizona. The petition included a Statement of Financial Affairs, which revealed the Borrowers did not claim any income or employment with the employers listed on the loan application for the year of the subject loan closing of 2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Real Estate Broker for three years and the Co-borrower falsely stated employment as a Warranty Advisor for one year, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848663 | |
| . | | | | 1.04 (c) (v) LXS 2006-13_No Fraud<br><br>1.04 (c) (vii) LXS 2006-13_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower indicated self-employment as a Real Estate Broker for three years, earning $5,529 per month and the Co-borrower indicated employment as a Warranty Advisor for a home builder earning $4,586 per month on the loan application. Research of public records revealed the Borrowers filed a Chapter 13 Bankruptcy, dated 05/29/2008, with the Federal District of Arizona. The petition included a Statement of Financial Affairs, which revealed the Borrowers did not claim any income or employment with the employers listed on the loan application for the year of the subject loan closing of 2006. The Borrowers' capacity to repay could not be properly evaluated due to the overstatement of income.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self-employment income as a Real Estate Broker earning $5,529 per month and the Co-Borrower falsely stated employment income as a Warranty Advisor earning $4,586 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848663 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2013 5:10:26 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) LXS 2006-13_No Fraud<br><br>1.04 (c) (vii) LXS 2006-13_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrowers misrepresented their intent to occupy the subject property. According to a Statement of Financial Affairs, filed by the Borrowers with the Federal District of Arizona Bankruptcy Court as part of a Chapter 13 Bankruptcy case dated 05/29/2008, the Borrowers resided in their departing residence and did not disclose any additional addresses, including the subject property, within the prior three years immediately preceding the commencement of the bankruptcy case. Therefore, the Borrowers did not occupy the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848663 |
| 35 | 33057050 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/05/2006, in the amount of $48,806, a purchase of an owner occupied residence. The loan was approved with a 20%/100% loan to value /combined loan to value. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the final HUD-1 settlement statement, the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller | Unknown | $48,806.00 | 2849076 |
| | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849076 |
| | | | 1.04 (c) (xviii) SAS 2006-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849076 |
| 36 | 33073750 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/11/2006, in the amount of $25,000, a purchase of a non-owner occupied condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 10.69%/89.97% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 24.98% Debt to Income (DTI). There was a Manual approval dated 07/11/2006, in the loan file. | Stated | $25,000.00 | 2849078 |
| | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. Research conducted through public records revealed the Borrower filed a Chapter 13 bankruptcy with the District of Arizona on 12/31/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $2,500 per month in 2007, the subsequent year after the subject loan closing as a Realtor. In addition, the loan file contained a copy of a check for the earnest money deposit, which indicated the Borrower had his own corporation as a Realtor as the check was issued from the business account. The Verification of Deposit, dated 06/16/2006, also indicated the account was in the name of the business. The bankruptcy petition records indicated on Section 18 of the Statement of Financial Affairs that the Borrower was self-employed in addition to being employed by the realty company reflected on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Realtor for 3 years and did not disclose additional self-employment, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849078 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Near Year Income Evidence | Misrepresentatio n of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Realtor for 3 years earning $28,333 per month on the loan application. Research conducted through public records revealed the Borrower filed a Chapter 13 bankruptcy with the District of Arizona on 12/31/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $2,500 per month in 2007, the subsequent year after the subject loan closing as a Realtor. It is unlikely the Borrower's income would have decreased considering the Borrower was self employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated self employment income as a Realtor earning $28,333 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849078 | |
| | | | | | | | | | | | |
| 37 | 33260456 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/31/2006, in the amount of $80,000, as a cash out refinance of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income, Stated Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.78% Debt to Income (DTI). There was a Manual approval dated 08/29/2006, in the loan file. | SISA | $80,000.00 | 2849106 | |
| | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentatio n of Employment - With No Red Flags Present | Misrepresentatio n of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. Research of public records revealed the Borrower filed a Chapter 7 bankruptcy with the District of Arizona on 09/11/2008. The petition included a Statement of Financial affairs, which revealed the Borrower was employed as a Realtor by the realty company indicated on the loan application at the time of origination; however, section 18 of the Statement of Financial Affairs indicated the Borrower was also a self-employed Owner of a realty company from 2005 to the time of the Bankruptcy filing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an employed Realtor for 9 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849106 | |
| | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Realtor earning $15,500 per month on the loan application. Research conducted through public records revealed the Borrowers filed a Chapter 7 bankruptcy with the District of Arizona. The petition included a Statement of Financial Affairs, which revealed the Borrower was employed as a Realtor with the employer reflected on the loan application; however, the Borrower earned $7,773 per month jointly with his non-signing spouse in 2006, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Realtor earning $15,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849106 | |
| | | | | | | | | | | | |
| 38 | 38619979 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/30/2006, in the amount of $29,250, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 25%/100% Loan to Value/Combined Loan To Value, and a 24.71% Debt to Income Ratio (DTI). There was a Manual approval dated 06/30/2006, in the loan file. | Full | $29,250.00 | 2849068 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xiii) SAS 2006-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xiv) SAS 2006-S3_No High Cost - S&amp;P - Deemed MnA<br><br>1.04 (b) (xvi) SAS 2006-S3_No High Cost - HOEPA - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S3_Origination Practices | High Cost Loan - State | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable law.<br><br>The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law.<br><br>The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The loan fees ($2,258.33) exceed the (AR) High Cost fee limit, which is ($1,719.81), the difference is ($538.52).<br><br>Despite the Seller's representations, the subject loan was a "covered" or high cost loan as defined by applicable state law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable state law, including, but not limited to, compliance with applicable state or local high cost loan laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849068 | |
| 39 | 38640199 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/11/2006, in the amount of $24,600, as a purchase of an investment single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 10%/88% Loan to Value/Combined Loan to Value. There was a Manual approval dated 07/10/2006, in the loan file. | NINENA | $24,600.00 | 2849069 | |
| | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S3_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented their debt obligations. A search of public records revealed the Borrower obtained a line of credit on the primary residence on 05/20/2006, 2 months prior to the subject loan closing on 07/11/2006, in the amount of $75,100, with a monthly obligation of $601.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $601 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849069 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2013 5:10:26 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 40 | 38739736 | 1st | LXS 2006-13 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/24/2006, in the amount of $270,000, a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 78.95% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 45.48% debt to income ratio (DTI). There was a Manual approval dated 07/20/2006, in the loan file. | SISA | $270,000.00 | 2848668 | |
| . | | | | 1.04 (c) (v) LXS 2006-13_No Fraud<br><br>1.04 (c) (vii) LXS 2006-13_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Near Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Senior Auto Technician earning $4,875 per month on the loan application. The subject loan file contained post-closing documentation, including the Borrower's 2007 tax returns, which revealed their monthly income was $1,980. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Senior Auto Technician earning $4,875 per month on the loan application, which constitutes event of default under the executed Mortgage and/or Deed of Trust. | | | 2848668 | |
| 41 | 39234067 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/29/2006, in the amount of $123,000, as a purchase of an owner occupied single family residence. The loan was approved as a stated income/verified asset loan, with a 20%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 43.22% debt to income ratio (DTI). There was a Manual approval dated 09/28/2006, in the loan file. The Hud-1, revealed the Borrower received $10,000 at closing. The Borrower had an earnest money deposit, in the amount of $10,000. | Stated | $123,000.00 | 2849145 | |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Same Year Income Evidence | Misrepresentatio n of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Project Manager earning $17,500 per month on the loan application. An audit Verification of Employment (VOE), conducted through The Work Number (TWN) revealed the Borrower's 2006 income was $8,500 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Project Manager earning $17,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849145 | |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | $9,189,181.00 | | |

.
.
.

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 30638910 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/17/2005, in the amount of $510,400, as a purchase of an owner occupied single family attached Planned Unit Development. The loan was approved as a No Ratio loan, with an 80%/100% Loan to Value/Combined Loan to Value. There was a manual approval dated 05/02/2005, in the loan file. | NI | $510,400.00 | 2848481 | |
| | | | | 1.04 (c) (v) LXS 2005-1_No Fraud  1.04 (c) (vii) LXS 2005-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. According to the Audit Credit Report and public records obtained from MERS, Accurint, the Borrower failed to disclose a property that was acquired prior to the subject's loan closing and the Borrower failed to disclose a property that he was in the process of acquiring at the time of subject's loan closing on 05/17/2005, overall resulting in 4 undisclosed mortgages.  The Borrower acquired 2 undisclosed mortgages on 04/18/2005. The first loan amount of $503,200 had a monthly payment of $2,663 and the second loan amount for $125,800 had a monthly payment of $1,258. Both liens were secured by property located in Key West, FL. The second mortgage payment calculation was based on 1% of the credit line.  Additionally, the Borrower acquired 2 undisclosed mortgages on 06/03/2005 in the amounts of $496,000 and $124,000, with monthly payments of $3,014 and $1,240. These liens were also secured by property located in Key West, FL. The second mortgage payment calculation was based on 1% of the credit line.  Further still, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848481 | |
| 2 | 30948335 | 1st | SASC 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/08/2005, in the amount of $212,000, as a purchase of an owner occupied, single family residence. The loan was approved as a full documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value and a 35.12% debt to income ratio. There was a Desktop Underwriter automated approval dated 06/03/2005, in the loan file. | Full | $212,000.00 | 2848842 | |
| | | | | 1.04 (b) (xii) SAS 2005-15_Compliance with Applicable Law - Deemed MnA  1.04 (b) (xvii) SAS 2005-15_Enforceable Prepayment Charges | Failure to Provide a Prepayment Disclosure | Failure to Provide a Prepayment Disclosure | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act and Real Estate Settlement and Procedures Act required written disclosure as to prepayment penalties, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The Seller represented and warranted that the origination practices and subject loan, including prepayment charges, complied subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, the subject loan's prepayment penalty was not disclosed to the Borrower. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2848842 | |
| 3 | 30996482 | 1st | SASC 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated nor Manual loan approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, the Mortgage, and the final HUD-1 Settlement Statement. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Full | $212,600.00 | 2848843 | |
| | | | | 1.04 (b) (xii) SAS 2005-15_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005- | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. Without the final TIL it could not be determined if the transaction met all state and federal mortgage regulations. | | | 2848843 | |
| | | | | 1.04 (c) (xviii) SAS 2005-15_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The loan was subject to a qualified appraisal. The loan file did not contain an appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848843 | |

| # | | | | | | | | | Description | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 31594740 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/12/2005, in the amount of $111,200, as a purchase of a single family investment property. The loan was approved as a Full Documentation loan, with an 80.584% Loan to Value/Combined Loan to Value, and a 40.584% debt to income ratio. There was a Manual approval dated 08/26/2005, in the loan file. | Full | $111,200.00 | 2848617 |
| | | | 1.04 (c) (v) LXS 2005-8_No Fraud | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registration System (MERS) and an audit credit report, revealed the Borrower purchased an undisclosed property in Wilmington, NC on 04/04/2005, 5 months prior to the subject loan closing on 09/12/2005 and obtained an undisclosed first mortgage in the amount of $107,200 with a monthly payment of $687 as well as an undisclosed second mortgage in the amount of $26,800 with a monthly payment of $123. | | | 2848617 |
| | | | 1.04 (c) (vii) LXS 2005-8_No Event of Default | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower misrepresented his debt obligations, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | |
| 5 | 31726474 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/29/2005, in the amount of $196,000, as a refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80% Loan to Value, and a 41.296% debt to income ratio. There was a Manual approval dated 09/19/2005, in the loan file. | Stated | $196,000.00 | 2848352 |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud | Misrepresentation of Income - No Red Flags Present - Near Year | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. She stated she was a Customer Service Representative earning $4,000 per month. An audit Verification of Employment was obtained through the Borrower's employer which revealed that the Borrower's actual 2006 income, the year after the subject closing, was $3,003 per month. | | | 2848352 |
| | | | 1.04 (c) (vii) LMT 2006-1_No Event of Default | Income Evidence | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated employment as a Customer Service Representative earning $4,000 per month on the loan application, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | |
| 6 | 31814742 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/19/2005, in the amount of $231,950, as a purchase of an owner occupied single family residence. The loan was approved as a reduced documentation loan, with a 78.56%/93.30% Loan to Value/Combined Loan to Value, and a 44.60% debt to income ratio. There was a Manual approval, dated 10/19/2005, in the loan file. | Full | $231,950.00 | 2848359 |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A search of public records and an audit credit report revealed that on 07/23/2005, three months prior to the subject loan closing, the Borrower acquired a mortgage loan on a property located at Hoffman Estates, IL in the amount of $166,500 with a payment of $1,425 per month. | | | 2848359 |
| | | | 1.04 (c) (vii) LMT 2006-1_No Event of Default | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower misrepresented his debt obligations, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | |
| 7 | 31930878 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/02/2005, in the amount of $23,000, as a purchase of an investment single family residence. The loan was approved as a Stated Income loan/Verified Asset, with a 10%/90% Loan to Value/Combined Loan to Value, and a 44.20% debt to income ratio. There was a Manual approval dated 11/01/2005, in the loan file. | Stated | $23,000.00 | 2848906 |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The audit credit report revealed the Borrower acquired an undisclosed Home Equity Line of Credit (HELOC) on 09/2005, in the amount of $36,100, which was prior to the subject loan closing date on 11/02/2005, along with an undisclosed installment loan on 11/2005 in the amount of $10,000. The payment amounts were not listed for these debts; therefore, using a conservative estimate of 1% of the high limit on the HELOC, the payment was estimated as $360 per month, and using an estimate of 3% of the original principal balance for the installment loan, the payment was estimated as $300 per month. | | | 2848906 |
| | | | 1.04 (c) (vii) SAS 2006-S2_No Event of Default | | | | | It should be further noted that the original credit report had a matching creditor inquiry for the undisclosed installment loan made on 08/11/2005, which confirmed the Borrower started financing proceedings on the installment loan prior to closing. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower misrepresented his debt obligations, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | |

| 8 | 32080996 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/29/2005, in the amount of $190,320, for the purchase of a second home planned unit development. The loan was approved as a Stated loan, with an 80%/90% Loan to Value/Combined Loan to Value, and a 38.10% debt to income ratio. There was a Manual approval dated 11/28/2005 in the loan file. | Stated | $190,320.00 | 2848412 | |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud 1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower stated employment Construction Laborer for 10 years, earning $8,000 per month on the loan application. An audit re-verification of employment was conducted in which the employer confirmed the Borrower's actual income for 2005 was $4,785 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.        Despite the Seller's representations, the Borrower falsely stated employment as a Construction Laborer earning 8,000 per month on the loan application, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848412 | |
| 9 | 32098402 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/21/2005, in the amount of $225,000, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 74% Loan to Value, and a 44.73% debt to income ratio. There was a Manual approval dated 12/28/2005, in the loan file. The subject file was missing most of the core documents required to underwrite the loan. | Stated | $225,000.00 | 2848413 | |
| | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2848413 | |
| | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2848413 | |
| | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. The file did not contain a copy of an appraisal. Without an appraisal it cannot be determined if the subject property conformed to the program guidelines or was in an acceptable condition. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act ("FIRREA") required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848413 | |
| 10 | 32139933 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/08/2005, in the amount of $10,000, as a second mortgage purchase of a single family residence investment property. The loan was approved as a Stated Income/Verified Asset loan, with an 11.11%/90% Loan to Value/Combined Loan to Value, and a 25.909% Debt to Income Ratio. There was a Manual approval dated 12/01/2005, in the loan file. | Stated | $10,000.00 | 2848914 | |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud 1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his/her debt obligations. Research of public records conducted through Mortgage Electronic Registration System and an audit credit report, revealed the Borrower purchased an undisclosed property in Pueblo, CO on 11/04/2005, 34 days prior to the subject loan closing on 12/08/2005 and obtained a first mortgage in the amount of $91,200 with a monthly payment of $662, purchased a second undisclosed property in Pueblo, CO on 12/23/2005, 15 days after the subject loan closing and obtained a first mortgage in the amount of $74,400 with a monthly payment of $260 and a second mortgage in the amount of $18,600 with a monthly payment of $191 and purchased a third undisclosed property in Pueblo, CO on 12/23/2005 obtaining a first mortgage in the amount of $74,400 with a monthly payment of $265 and a second mortgage in the amount of $18,600 with a monthly payment of $191.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2848914 | |

| # | Lien | Deal | Code | Category | Sub | | Description | Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 32193500 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 07/06/2006, in the amount of $425,000 as a mortgage purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 25%/100% Loan to Value/Combined Loan to Value, and a 44.85% Debt to Income Ratio. There was a Manual approval dated 01/06/2006, in the loan file. | Stated | $232,500.00 | 2848917 |
| | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented their disclosed income. The Borrower falsely stated income as an Owner of an automotive sales business earning $28,500 per month on the loan application. The loan file contained post-closing documents including the Borrowers' 2005 and 2006 tax returns and a hardship letter. The 2006 tax returns included a Profit and Loss Statement for the business listed on the loan application, which reflected a total loss of $6,578 for the year. The statement reflected a depreciation expense of $68,491; therefore, adding the depreciation expense back to the total loss, results in a profit of $61,913 for the year, or $5,159 per month. It should be noted, no other employment was reflected on the tax return or in the loan file for 2006; however, the Schedule A reflected additional wages of $14,000, or $1,166 per month. It is also important to note, the loan file also contained the Borrowers' 2005 tax returns, which reflected a monthly loss of $12,350 for the business in 2005. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrowers falsely stated employment as an Owner of automotive sales business and Marketing Director earning $33,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848917 |
| | | | | 1.04 (c) (vii) SAS 2006-S2_No Event of Default | | | | | | | |
| 12 | 32309494 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 01/09/2006, in the amount of $112,000, as a purchase of an owner occupied single family residence. The loan was approved as a No Ratio loan, with a 20%/100% Loan to Value/Combined Loan to Value. There was a Manual approval dated 01/06/2006, in the loan file. | NI | $112,000.00 | 2848931 |
| | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 3 | The Borrower misrepresented her intent to occupy the subject property. Public records indicated the Borrower occupied a rental property indicated on the loan application from 07/1994 to 10/2012. Post-closing tax returns, mortgage interest statements, and W2's for 2006, the year of the subject loan closing, and 2007 indicated the Borrower's address as the property in Madera, CA, which was listed as a rental property on the loan application. The subject property was occupied by a relative of the Borrower from 09/2006 to 07/2012. A post-closing hardship letter in the loan file indicated the Borrower purchased the subject property for her nephew and his family to live in as he did not qualify due to his immigration status. Further still, the Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. Despite the Seller's representations, the subject loan was misrepresented as an owner occupied transaction, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848931 |
| | | | | 1.04 (c) (vii) SAS 2006-S2_No Event of Default | | | | | | | |
| | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud | Straw Purchaser Transaction | Straw Purchaser Transaction | 2 3 | The borrower purchased the subject property as a straw purchase. The loan file contained a post-closing hardship letter indicating the Borrower purchased the subject property for her nephew and family. Public records and income documents for the modification process indicated the Borrower's nephew occupied the subject property. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower had no intention of repaying the subject loan as the loan was obtain on behalf of a third party not party to the transaction. | | | 2848931 |
| | | | | 1.04 (c) (vii) SAS 2006-S2_No Event of Default | | | | | | | |
| 13 | 32356222 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 01/13/2006, in the amount of $46,000, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 42.29% debt to income ratio. There was a Manual approval dated 01/13/2006, in the loan file. | Unknown | $46,000.00 | 2848937 |
| | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 3 | The Borrower misrepresented the intent to occupy the subject property. The following facts support the conclusion the Borrower misrepresented the occupancy of the subject property: Public records indicated the Borrower remained at the proposed departure address from 08/2003 to 10/2012 and other individuals occupied the subject property from 10/1996 to 10/2012. Post closing tax returns for 2006, the year of the subject closing, and 2007 indicated the Borrower continued to occupy the proposed departure address and did not occupy the subject property after the closing date of 01/13/2006 as disclosed. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the subject loan was misrepresented as an owner occupied transaction, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848937 |
| | | | | 1.04 (c) (vii) SAS 2006-S2_No Event of Default | | | | | | | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/13/2013 4:36:50 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | | Deal | | Finding | Finding | | | Narrative | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 32374969 | 2nd | SASC 2006-S2 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/20/2006, in the amount of $42,600, as a purchase second of an owner occupied, single family residence. The loan was approved as a Full Documentation loan with a 20% Loan to Value, and a 43.9% Debt to Income Ratio. There was a Manual approval dated 01/25/2006, in the loan file. | Full | $42,600.00 | 2848940 |
| | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2848940 |
| 15 | 32405136 | 2nd | SASC 2006-S2 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/30/2006, in the amount of $29,550.There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | | $29,550.00 | 2848944 |
| | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 Settlement Statment to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848944 |
| | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848944 |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Failure to Verify Social Security Number | Failure to Verify Social Security Number | 3 | 3 | Verification of the Borrower's identity, so as to confirm the absence of fraud and/or the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The Seller represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representation, there is no validation in the file of the Borrower's Social Security number. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848944 |
| | | | 1.04 (c) (xviii) SAS 2006-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848944 |
| 16 | 32419699 | 1st | LXS 2006-7 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/22/2006, in the amount of $688,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 44.25% debt to income ratio. There was a automated underwriting approval dated 02/16/2006, in the loan file. | Stated | $688,000.00 | 2848724 |
| | | | 1.04 (c) (v) LXS 2006-7_No Fraud<br><br>1.04 (c) (xiii) LXS 2006-7_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Embedded Software Engineer 4 earning $9,350 per month on the loan application. An audit verification of employment and income was conducted through The Work Number, which revealed the Borrower earned $8,975 per month in 2006 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.                                    In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.                       Despite the Seller's representations, the Borrower falsely stated employment as an Embedded Software Engineer 4 earning $9,350 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848724 |

| Loan # | Lien | Deal | Finding Code | Finding Category | Finding Subcategory | | | Description | Type | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (xii) LXS 2006-7_Mortgage File | Failure to Obtain Second Lien Note - When the 2nd Lien is NOT the Subject | Failure to Obtain Second Lien Note | 2 | 2 | In order to adequately quantify the Borrower's total housing payment when subordinate financing is present, terms of such financing must be verified. The loan was approved without consideration of the type of the customer mortgage financing in order to determine the impact on the Borrower's total debt rendering the qualifying debt to income ratio unreliable. | | | 2848724 |
| 17 | 32427684 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 1/26/2006, in the amount of $117,300, as a purchase of an owner occupied single-family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 15%/95% Loan to Value/Combined Loan to Value, and a 41.76% debt to income ratio. There was a manual approval dated 1/25/2006, in the loan file. | SISA | $117,300.00 | 2848946 |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud / 1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower indicated he was employed as a Branch Manager earning $20,200 per month. According to the Statement of Financial Affairs on the Bankruptcy petition filed 06/09/2008, by the Borrower with the Central District of California Bankruptcy Court, the Borrower's income for the year of the subject loan closing of 2006 was listed as $69,914 or $5,826 per month. In addition, the U.S. Bureau of Labor Statistics reported the average salary at the 90th percentile for a Manager in 2005 and in the same geographic region was $12,133 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.                      In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Branch Manager, earning $20,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848946 |
| 18 | 32456386 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/01/2006, in the amount of $80,000, as a purchase of an owner occupied single family residence located in a Planned Unit Development. The loan was approved as a No Documentation loan, with a 33.47%/89.96% Loan to Value/Combined Loan to Value. There was a Manual approval dated 02/16/2006, in the loan file. | NINA | $80,000.00 | 2848952 |
| | | | 1.04 (c) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The applicable guidelines required all loans to comply with all regulatory requirements, including Federal, State, and Local lending and disclosure laws. Further, the applicable guidelines required a final TIL statement to be executed by the Borrower and maintained in the loan file. Despite this requirement, the final TIL is missing from the loan file. Without the final TIL it could not be determined if the subject transaction's fees complied with state, federal and high cost laws. | | | 2848952 |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud / 1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. A review of Accurint, SiteXdata.com, and the audit credit report revealed the Borrower acquired an undisclosed Home Equity Line of Credit (HELOC) prior to the subject loan closing on 02/01/2006. The Borrower opened an undisclosed HELOC, in the amount of $100,000, on a property located in Bradenton, FL on 01/17/2006. The HELOC had a monthly payment of $322. The Borrower's capacity to repay the subject debt could not be properly analyzed due to the undisclosed debt not being included in the debt ratio.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.                      In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | 2848952 |
| 19 | 32480204 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/08/2006, in the amount of $179,000, as a second mortgage of a purchase of an investment 2 unit property. The loan was approved as a Reduced Doc loan, with a 20%/90% Loan to Value/Combined Loan to Value, and a 33.87% debt to income ratio. There was a Manual approval dated 01/09/2006, in the loan file. | Stated | $179,000.00 | 2848955 |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud / 1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower indicated he was the Owner of a trucking business for 8 years. The loan file did contain a letter from a tax preparer which indicated the Borrower was self-employed; however, research conducted through public records did not confirm the information disclosed on the loan application. Additionally, after further verification of the Borrower's place of business, public records revealed that the Borrower's business address is actually an empty lot.                      The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br>Despite the Seller's representations, the loan application reflected the Borrower stated employment as an Owner of a trucking business for 8 years which was false, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848955 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2006-S2_No Change in Income - Red Flags Present - Near Year Income Evidence<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower indicated he was the Owner of a trucking business for 8 years earning $20,500 per month. The loan file did not contain a copy of the Borrowers business tax returns which would have helped to support the verification of the Borrower's business. The loan file contained a letter from a tax preparer, the minimum requirement per the guidelines, which indicated the Borrower was self-employed. The file did not contain any verification that the tax preparer was properly licensed, which would have legitimized the letter. A re-verification of the letter could not be obtained. Audit research did not produce any record of the existence of the tax preparer's business. Furthermore, verification of the Borrower's place of business through public records revealed that the Borrower's business address is actually an empty lot.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Truck Driver earning $20,500 per month per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848955 | |
| 20 | 32570442 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/03/2006, in the amount of $63,600, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 40.48% debt to income ratio. There was a Manual approval dated 03/03/2006, in the loan file. | Stated | $63,600.00 | 2848961 | |
| | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xiv) SAS 2006-S2_No High Cost - S&amp;P - Deemed MnA<br><br>1.04 (b) (xvi) SAS 2006-S2_No High Cost - HOEPA - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | High Cost Loan - State | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable state law. The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law. The Seller further represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, the subject loan was a covered or high cost loan as defined by applicable state law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable state law, including, but not limited to, compliance with applicable state or local high cost loan laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. High cost loans are prohibited by predatory lending law and subject to legal remedy by the Borrower.<br><br>The loan APR (12.60%) exceeds the (CA) High Cost APR limit, which is (12.36%), the difference is (0.24%). | | | 2848961 | |
| 21 | 32819781 | 1st | LXS 2006-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/25/2006, in the amount of $545,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 79.56% Loan to Value, and a 37.13% debt to income ratio. There was a Manual approval dated 05/02/2006, in the loan file. | Stated | $545,000.00 | 2848746 | |
| | | | | 1.04 (b) (xii) LXS 2006-9_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-9_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>The disclosed finance charge ($1,186,227.36) is ($13,795.42) below the actual finance charge($1,200,022.78). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)). Under disclosed loan fees open up exposure to litigation.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate holders. | | | 2848746 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1.04 (c) (v) LXS 2006-9_No Fraud Flags Present - Near Year | | Misrepresentation of Income - Red Flags Present - Near Year | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her gross income. The Borrower stated employment as a Real Estate Sales Person earning $15,500 per month on the loan application. The loan file contained the Borrower's tax returns for 2007 that were provided post-closing by the Borrower for loss mitigation. The Schedule C - Profit and Loss Statement for 2007 revealed the Borrower had a Net Loss of $9,453 for 2007. | | | 2848746 | |
| | 1.04 (c) (vii) LXS 2006-9_No Event of Default | | Misrepresentation of Income Evidence | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated employment as a Real Estate Sales Person earning $15,500 per month per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | |
| 22 | 36144699 | 1st | SASC 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | $535,200.00 | 2848882 |
| | 1.04 (b) (vii) SAS 2005-17_Title Insurance | | Failure to Obtain Title Commitment / Title Insurance | Failure to Obtain Title Insurance | 1 | 1 | The subject property did not have title insurance or a title commitment. The applicable guidelines required a Title Insurance Commitment or a Title Insurance Policy be obtained at or prior to closing. The Seller represented and warranted, in part, that the subject loan was covered by valid and enforceable title insurance policy. Despite the Seller's representations, there is no evidence in the file that the subject loan was covered by a valid Title Insurance Commitment/ Title Insurance Policy. | | | 2848882 | |
| | 1.04 (c) (xii) SAS 2005-17_Mortgage File | | | | | | | | | | |
| | 1.04 (b) (xii) SAS 2005-17_Compliance with Applicable Law - Deemed MnA | | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA). Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848882 | |
| | 1.04 (c) (xii) SAS 2005-17_Mortgage File | | | | | | | | | | |
| | 1.04 (c) (xvii) SAS 2005-17_Origination Practices | | | | | | | | | | |
| | 1.04 (b) (xii) SAS 2005-17_Compliance with Applicable Law - Deemed MnA | | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable  law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 Settlement Statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848882 | |
| | 1.04 (c) (xvii) SAS 2005-17_Origination Practices | | | | | | | | | | |
| | 1.04 (b) (xii) SAS 2005-17_Compliance with Applicable Law - Deemed MnA | | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848882 | |
| | 1.04 (c) (xvii) SAS 2005-17_Origination Practices | | | | | | | | | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2005-17_No Fraud<br><br>1.04 (c) (vii) SAS 2005-17_No Event of Default | Failure to Verify Social Security Number | Failure to Verify Social Security Number | 5 | 3 | Verification of the Borrower's identity, so as to convey the presence of fraud and/or the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The Seller represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan. Despite the Seller's representation, there is no validation in the file of the Borrower's Social Security number<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848882 | |
| | | | | 1.04 (c) (xviii) SAS 2005-17_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848882 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 23 | 37234341 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/18/2006 in the amount of $224,000 for purchase of a second home, Condominium. The loan was approved as a Stated Income/Verified Asset Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 30.45% debt to income ratio. There was a Manual approval dated 02/07/2006, in the loan file. | Stated | $67,180.00 | 2848979 | |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A search of the Mortgage Electronic Registration System (MERS) report and the audit credit report indicated that the Borrower opened two undisclosed mortgages on 12/07/2005 in the amount of $436,000 and $109,000, which were secured by an undisclosed property located in Chicago, IL. The undisclosed mortgage debt of $436,000 resulted in an undisclosed monthly mortgage payment of $2,998 per month and the undisclosed mortgage debt of $109,000 resulted in an undisclosed monthly mortgage payment of $936.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.                In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.                Despite the Seller's representations, the Borrowers misrepresented their debt obligations, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2848979 | |
| | | | 1.04 (c) (vii) SAS 2006-S2_No Event of Default | | | | | | | | | |
| | | | | | | | | **Grand Total of Repurchase Demand** | | $4,660,400.00 | | |

**Digital Risk - Loan Review Findings**

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 30502272 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/19/2005, in the amount of $132,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with 80%/100% loan to value/combined loan to value, and a 40% debt to income. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the Loan program in effect at the time of application in the loan file. The Borrowers received cash back at closing in the amount of $8,949. | Full | $132,000.00 | 2848470 | |
| | | | | 1.04 (c) (v) LXS 2005-1_No Fraud<br><br>1.04 (c) (vii) LXS 2005-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his/her debt obligations. Per the audit credit report, the Borrowers failed to disclose an auto installment loan which opened in 01/2005 in the amount $22,024 with a monthly payment of $378.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file that new credit inquires were investigated or that a public records search was performed.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $378 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2848470 | |
| 2 | 30728182 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $57,600.00 | 2848487 | |
| | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848487 | |
| | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848487 | |
| | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848487 | |
| | | | | 1.04 (c) (xviii) LXS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848487 | |

| # | Loan | Lien | Deal | Guideline | Finding | Finding Sub | | | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 31311020 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/15/2005, in the amount of $400,000, as a purchase of a 4 unit investment property. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/95% loan to value/combined loan to value, and a 25.55% debt to income ratio. There was an undated Manual approval, in the loan file. | SISA | $400,000.00 | 2848572 |
| . | | | | 1.04 (c) (v) LXS 2005-6_No Fraud 1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his/her debt obligations. The Borrower refinanced an existing mortgage with an existing balance of $324,756 and an existing payment of $2,547 into a new undisclosed mortgage in the amount of $376,000, or a $51,244 increase and a new monthly payment of $2,725, or a $178 payment increase per month. The records also revealed the Borrower obtained a new second mortgage on the property in the amount of $70,500, with a monthly payment of $505, based on the subject note rate of 7.75% for 30 years.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $683 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2848572 |
| . | | | | 1.04 (c) (v) LXS 2005-6_No Fraud 1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a pest control company earning $8,850 per month on the loan application. The loan file contained the Borrower's 2006 tax return, which confirmed the Borrower as Owner of the same business in the same line of work and revealed he earned $903 per month in 2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The loan file contained the Borrower's 2006 tax return, which confirmed the Borrower as Owner of the same business in the same line of work and revealed he earned $903 per month in 2006.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a pest control company earning $8,850 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848572 |
| 4 | 31585433 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/14/2005, in the amount of $220,000, as a purchase of a owner occupied single family residence. The loan was approved as a full documentation loan, with an 80%/100% loan to value/combined loan to value, and a 39.704% debt to income ratio. There was a Manual approval dated 08/14/2005 in the loan file. | Full | $220,000.00 | 2848335 |
| . | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) LMT 2006-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the annual percentage rate and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, annual percentage rate and/or points and fees were not adequately disclosed to the Borrower.<br><br>The disclosed finance charge ($305,466.11) is ($355.33) below the actual finance charge($305,821.44). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848335 |
| 5 | 31618911 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/18/2005, in the amount of $60,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 68.19% /68.19% loan to value/combined loan to value, and a 37.28% debt to income ratio. There was a Manual approval dated 11/14/2005, in the loan file. | Stated | $60,000.00 | 2848339 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/20/2013 4:49:16 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| # | Loan # | Lien | Deal | | Finding | Finding | | | Narrative | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | . | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. The Borrower indicated employment as a Manager of a hair salon for six years, earning $2,083 on the loan application. The audit verbal verification of employment performed on 10/30/2012, verified the Borrower's actual position was a Shampoo Applier.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Manager of a hair salon for 6 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848339 |
| 6 | 31728579 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting Approval nor Manual Approval in the loan file to definitely ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location that what was represented on the Data Tape by the Seller. | Unknown | $256,000.00 | 2848497 |
| | . | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) LXS 2005-10_Mortgage File<br><br>1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848497 |
| | . | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848497 |
| | . | | | 1.04 (b) (xii) LXS 2005-10_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-10_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848497 |
| | . | | | 1.04 (c) (xviii) LXS 2005-10_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848497 |

Cowen_Final_Version Wilmington NA_50_5

| # | Loan # | Lien | Pool | | | | | | Findings Narrative | | Amount | ID |
|---|--------|------|------|---|---|---|---|---|---|---|---|---|
| 7 | 31928203 | 1st | LMT 2006-1 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/12/2005, in the amount of $359,650.00, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income Verified Asset (SIVA) Documentation loan, with an 77.34% loan to value/combined loan to value, and a 38.70% debt to income ratio. There was a Manual approval dated 09/29/2005, in the loan file. | Stated | $359,650.00 | 2848377 |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | | The Borrower misrepresented his employment on the loan application. The loan file contained a tax preparer's letter that indicated the Borrower was an Owner of a security business for the previous 6 years. According to a Statement of Financial Affairs, filed by the Borrower with the Central District of California Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 01/26/2009, the Borrower indicated no self-employment or business ownership within within the six years immediately preceding the commencement of the bankruptcy case. Therefore, the Borrower was not self-employed at origination as was represented on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a security business for 9 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848377 |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a security company earning $10,000 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the Central District of California Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 01/26/2009, the Borrower indicated no self-employment or business ownership within within the six years immediately preceding the commencement of the bankruptcy case. Therefore, the audit review of the loan file evidences the Borrower did not have any income from the source indicated on the loan application in the same year as the subject closing. An overstatement of income reduces the amount of actual disposable income the Borrower has to allocate towards general living expenses.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a security company earning $10,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848377 |
| 8 | 31962905 | 1st | LMT 2006-1 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/20/2005, in the amount of $1,500,000, as a refinance of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 60% loan to value/combined loan to value. There was a Manual approval dated 12/19/2005 in the loan file. A No Documentation loan does not require employment, income or assets to be stated on the loan application. | NINENA | $1,500,000.00 | 2848384 |
| | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | | 3 | 1 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.The loan file contained a Final HUD-1 closing statement which evidenced alterations and white outs on the document; therefore, this document was not acceptable as the Final HUD-1.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848384 |

Cowen_Final_Version Wilmington NA_50_5

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 9 | 32112716 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/04/2005, in the amount of $10,400, in a cash out refinance of an investment single family residence. The loan was approved as a full documentation loan, with a 10%/90% Loan to Value/Combined Loan to Value and a 47.65% Debt to Income Ratio. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $10,400.00 | 2848913 |
| . | | | 1.04 (c) (v) SAS 2006-S2_No Fraud

1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Operations Manager earning $4,420 per month on the loan application. According to the Statement of Financial Affairs, filed by the Borrower with the Northern District of Texas Dallas Division Bankruptcy Courts as a part of a Chapter 7 bankruptcy case dated March 28, 2009, the Borrower's income for the year of 2006 was $2,083 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

According to the Statement of Financial Affairs, filed by the Borrower with the Northern District of Texas Dallas Division Bankruptcy Courts as a part of a Chapter 7 bankruptcy case dated March 28, 2009, the Borrower's income for the year of 2006 was $2,083 per month.
                                Despite the Seller's representations, the Borrower falsely stated employment as an Operation Manager earning $4,420 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848913 |
| 10 | 33220831 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | | The subject loan closed on 08/25/2006, in the amount of $39,900, as second home per audit research. The loan closed with a 20%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the Borrower's mortgage and Settlement Statement. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. The Loan Application, Loan Approval, Credit Report, and Purchase Contract are missing from the loan file. | Unknown | $39,900.00 | 2849098 |
| . | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) SAS 2006-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849098 |
| . | | | 1.04 (c) (xviii) SAS 2006-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849098 |

| 11 | 33650433 | 1st | LXS 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/21/2006, in the amount of $248,000, as a cash-out refinance of an owner-occupied single family property. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 44% Debt to Income Ratio. There was a Manual approval dated 12/22/2006, in the loan file. | Stated | $248,000.00 | 2848756 |
| | | | 1.04 (b) (xix) LXS 2007-11_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 44% to 66.36%, which exceeds the represented 60%. | | | 2848756 |
| | | | 1.04 (c) LXS 2007-11_DTI<br><br>1.04 (c) LXS 2007-11_No Fraud<br><br>1.04 (c) (vii) LXS 2007-11_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | "The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Head Mechanic earning $9,600 per month on the loan application. The loan file contained the Borrower's 2006 W2 which revealed the Borrower's income in the year ending 2006, from the same employer was $77,560 or $6,463 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The loan file contained the Borrower's 2006 W2 which revealed the Borrower's income in the year ending 2006, from the same employer was $77,560 or $6,463 per month.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Head Mechanic earning $9,600 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848756 |
| 12 | 35787241 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/07/2005, in the amount of $370,400, as a purchase of an owner occupied single family located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value, and a 21.78% Debt to Income Ratio. There was a Manual approval dated 06/27/2005, in the loan file. | Stated | $370,400.00 | 2848551 |
| | | | 1.04 (c) (v) LXS 2005-3_No Fraud<br><br>1.04 (c) (vii) LXS 2005-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his/her debt obligations. A review of the audit credit report revealed the Borrower obtained an undisclosed mortgage prior to the subject loan closing of 07/07/2005. In 03/2005, the Borrower obtained an undisclosed mortgage for an undisclosed property in the amount of $427,500 with a monthly payment of $2,461, which was calculated based on the subject mortgage's qualifying interest rate.The origination credit report contained 5 loan inquiries. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations obligation by failing to disclose a $2,461 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2848551 |
| | | | 1.04 (c) (v) LXS 2005-3_No Fraud<br><br>1.04 (c) (vii) LXS 2005-3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Partner of an automobile business earning $11,842 per month on the loan application. The Borrower misrepresented his income. The loan file contained the Borrower's post-closing 2007 tax return revealed the Borrower's actual income from the automobile sales business for the year ending 2007 was $3,000 or $250 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. The Borrower misrepresented his disclosed income.<br><br>The loan file contained the Borrower's post-closing 2007 tax return revealed the Borrower's actual income from the automobile sales business for the year ending 2007 was $3,000 or $250 per month.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Partner of an automobile business earning $11,842 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848551 |

| # | | Lien | Deal | | | | | | | Description | | Doc Type | Amount | Loan # |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 13 | 36286748 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 04/11/2005, in the amount of $268,160, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 27.42% Debt to Income ratio (DTI). There was a Manual approval dated 08/31/2005 in the loan file. | Stated | $268,160.00 | 2848604 |
| | | | | 1.04 (c) (v) LXS 2005-6_No Fraud | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | | The Borrower misrepresented their disclosed income. The Borrower falsely stated income as a Realtor earning $7,500 per month on the loan application. The Co-Borrower listed income of $2,000 per month as an Aesthetician. The loan file contained post-closing tax returns for the near year of 2007 which revealed the Borrower's actual income was $2,477 per month. | | | 2848604 |
| | | | | 1.04 (c) (vii) LXS 2005-6_No Event of Default | | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | |
| | | | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | |
| | | | | | | | | | | The loan file contained post-closing tax returns for the near year of 2007 which revealed the Borrower's actual income was $2,477 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self employed in the same line of work. Despite the Seller's representations, the Borrower falsely stated employment as a Realtor earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | |
| 14 | 36435329 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 09/13/2005, in the amount of $213,600, as a purchase of an investment single family property. The loan was approved as a Stated Income Verified Assets loan, with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28% Debt to Income ratio (DTI). There was a Manual approval dated 09/13/2005, in the loan file. | Stated | $213,600.00 | 2848607 |
| | | | | 1.04 (c) (v) LXS 2005-6_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | | The Borrowers misrepresented their debt obligations. A search of public records and a review of the Audit credit report revealed that the Borrowers acquired an installment loan in 08/2005, the month prior to the subject's loan closing on 09/13/2005 and failed to disclose the debt on the loan application in the amount of $45,261 with a payment of $406 per month. Further, the Borrowers refinanced their primary residence within 30 days of the subject's loan closing and acquired a new mortgage in the amount of $880,000 with a payment of $5,219 per month, which was an increase of $2,698 per month from the Borrowers' previous/existing primary mortgage payment of $2,521 per month. | | | 2848607 |
| | | | | 1.04 (c) (vii) LXS 2005-6_No Event of Default | | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | |
| | | | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | |
| | | | | | | | | | | Despite the Seller's representations, the Borrowers misrepresented their debt obligations obligation by failing to disclose a $3,104 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | |
| 15 | 36488336 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 09/26/2005, in the amount of $152,493, as a purchase of an owner occupied low rise condominium. The loan was approved as a Stated Income/ Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 34.92% Debt to Income ratio (DTI). There was a Manual approval dated 09/20/2005 in the loan file. | Stated | $152,493.00 | 2848435 |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. | | | 2848435 |
| | | | | 1.04 (c) (xvii) LMT 2006-1_Origination Practices | | | | | | The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. | | | |
| | | | | | | | | | | Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | |
| | | | | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | |

Cowen_Final_Version Wilmington NA_50_5

| 16 | 36873263 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/27/2005, in the amount of $153,200, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 65.48%/84.71% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42% Debt to Income ratio (DTI). There was a Manual approval dated 12/23/2005, in the loan file. | Stated | $153,200.00 | 2848446 |
| . | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a building contractor business earning $6,000 per month on the loan application. The loan file contained the Borrower's 2007 tax returns obtained post-closing which revealed the Borrower's actual income was $2,541 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The loan file contained the Borrower's 2007 tax returns obtained post-closing which revealed the Borrower's actual income was $2,541 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a building contractor business earning $6,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848446 |
| | | | | | | | | | | | | |
| 17 | 37450723 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/08/2006, in the amount of $145,000, as a purchase of an owner occupied 2 unit property type. The loan was approved as a Stated Income/Verified Assets loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.92% Debt to Income ratio (DTI). There was a Manual approval dated 02/07/2006, in the loan file. | Stated | $145,000.00 | 2848982 |
| . | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) SAS 2006-S2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Marriage Family Therapist earning $14,583 per month on the loan application. An audit Verification of employment and income was obtained which revealed the Borrower's actual income was $3,748 per month for 2006, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the executed Mortgage.<br><br>An audit Verification of employment and income was obtained which revealed the Borrower's actual income was $3,748 per month for 2006, the year of the subject loan closing.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Marriage Family Therapist earning $14,583 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848982 |
| | | | | | | | | | | | | |
| . | | | | | | | **Grand Total of Repurchase Demand** | | | | **$4,586,403.00** | |

.
.
.

Cowen_Final_Version US Bank 2573_8

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000030671952 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/25/2005, in the amount of $190,700, as a purchase of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 71.32% Loan To Value/Combined Loan To Value (LTV/CLTV). There was a Manual approval dated 04/18/2005, in the loan file. | NINENA | $190,700.00 | 2845315 | |
| . | | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($260,204.23) is ($345.65) below the actual finance charge($260,549.88). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845315 | |
| | | | | | | | | | | | | | |
| 2 | 00047358197 | 1st | SARM 2007-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 008/30/2007, in the amount of $464,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 78.65%/78.65 loan to value/combined loan to value, and a 45.00% debt to income ratio. There was a manual approval dated 08/30/2007, in the loan file. | Stated | $464,000.00 | 2846355 | |
| . | | | | 1.04 (c) (v) SARM 2007-10_No Fraud<br><br>1.04 (c) (vii) SARM 2007-10_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a pet supply store earning $9,800 per month on the loan application. The loan file contained post- closing documentation including the Borrower's tax documents for 2007 and 2008. The subject loan closed on 08/30/2007. The Borrower's 2007 W-2 indicated the Borrower earned $1,491 per month as an employee of the business. In addition, the Borrower was co-owner. The loan file contained the 2008 business tax returns including the Schedule K-1 which indicated the Borrower earned an additional $975 per month as 50% Owner of the business. Based on the Borrower's 2007 business wages and 2008 self-employed income the Borrower earned $2,467 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a pet supply store earning $9,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2846355 | |
| | | | | | | | | | | | | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 2:07:02 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Final_Version US Bank 2573_8

| 3 | 0016820342 | 2nd | SAIL 2004-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/16/2004 in the amount of $83,800 to purchase second of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset Loan, with a 90%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 40% debt to income ratio (DTI). There was a manual approval dated 07/16/2004, in the loan file. | Stated | | $83,800.00 | 2845783 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | . | | | 1.04 (b) (xviii) (d) SAIL 2004-8_Underwriting Methodology - Deemed MnA_Pool 1 and Pool 3 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Carpenter for 1 month, earning $7,500 per month. The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $7,500 per month for a Carpenter is unreasonable and should have put a reasonably prudent Underwriter on notice for potential misrepresentation. The Bureau of Labor Statistics reported the average salary at the 75th percentile for a Carpenter in 2004 in the same geographic region was $4,167 per month.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845783 | |
| | | | | 1.04 (b) (xviii) (d) SAIL 2004-8_Underwriting Methodology - Deemed MnA_Pool 1 and Pool 3 | Failure to Verify Assets | Failure to Verify Assets | 2 | 3 | Per the final HUD-1 Settlement Statement, the Borrower was not required to bring funds to closing. In addition, the Borrower was required to verify 2 months reserves of principal, interest, taxes, and insurance (PITI) totaling $5,184 for the subject property. In total, assets of $5,184 were required to be verified.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there was a $5,184 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845783 | |
| | . | | | 1.04 (b) (xviii) (d) SAIL 2004-8_Underwriting Methodology - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (v) SAIL 2004-8_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-8_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Carpenter earning $7,500 per month on the loan application. An audit verification of employment was received from stated employer, which verified Borrower's start date as 01/29/2005 and termination date as 04/29/2005.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Carpenter earning $7,500 per month on the loan application, which not only constitutes an event of default under the executed Mortgage and Deed of Trust, but also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845783 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/28/2013 2:07:02 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Final_Version US Bank 2573_8

| # | Loan # | Lien | Deal | Finding Codes | Category | Category | Ct | Ct | Narrative | Doc | Amount | ID | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAIL 2004-8_No Fraud - With No Red Flags Present  1.04 (c) (vii) SAIL 2004-8_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 4 | 3 | "The Borrower misrepresented their employment on the loan application. An audit verification of employment was received from stated employer, which verified Borrower's start date at 01/29/2003 and termination date as 04/29/2005; subject loan closed on 07/16/2004; therefore, Borrower was not employed by stated employer at the time of origination.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Carpenter for 1 month, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2845783 | |
| 4 | 0018158014 | 1st | SAIL 2005-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/07/2004, in the amount of $99,750, as a cash-out refinance of an owner occupied single family residence located in a condominium. The loan was approved as a Full Documentation loan, with a 75%/75% loan to value/combined loan to value, and a 29.04% debt to income ratio. There was a Manual approval dated 09/29/2004, in the loan file. | Full | $99,750.00 | 2845829 | |
| . | | | | 1.04 (b) (xiii) SAIL 2005-5_Compliance with Applicable Law - Deemed MnA  1.04 (b) (xviii) (g) SAIL 2005-5_Fees Disclosed - Deemed MnA_Pool 1  1.04 (b) (xviii) (h) SAIL 2005-5_Written Disclosure - Deemed MnA_Pool 1  1.04 (c) (xvii) SAIL 2005-5_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  The disclosed finance charge ($106,796.77) is ($201.73) below the actual finance charge ($106,998.50). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845829 | |
| . | | | | 1.04 (b) (xviii) (d) SAIL 2005-5_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 3 | 3 | Per the final HUD-1 Settlement Statement, the Borrower's funds required for closing were the Borrower was not required to bring funds to closing. The Borrower was required to verify 2 months reserves of principal, interest, taxes and insurance (PITI) totaling $980 for the subject property. In total, assets of $1,960 were required to be verified.  The loan file contained no evidence the Underwriter requested or obtained the documentation required to properly verify all amounts required to complete the transaction in accordance with the applicable guidelines.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845829 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 2:07:02 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Final_Version US Bank 2573_8

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xviii) (d) SAIL 2005-5_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAIL 2005-5_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-5_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 4 | 3 | The Borrower misrepresented her debt obligations. The Borrower failed to disclose three installment student loans and one installment auto loan prior to the subject closing dated 06/22/2004. The Borrower opened the first undisclosed student loan on 06/2004 in the amount of $36,916 with a monthly payment of $194. The Borrower opened the second undisclosed student loan on 09/2004 in the amount of $11,328 with a monthly payment of $77. The Borrower opened the third undisclosed student loan on 09/2004 in the amount of $7,172 with a monthly payment of $43. The Borrower opened an undisclosed auto loan on 08/2004 in the amount of $23,644 with a monthly payment of $535.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $849 monthly debt, which not only constitutes an event of default under the executed Mortgage and Deed of Trust but also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845829 | |
| 5 | 0018726976 | 1st | SAIL 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/23/2004, in the amount of $258,750, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset documentation loan, with a 75%/100% loan to value/combined loan to value, and a 40.071% debt to income ratio. There was neither an Automated Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $258,750.00 | 2845814 | |
| . | | | | 1.04 (b) (xviii) (d) SAIL 2005-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | | 1 | The Borrower stated on the loan application employment as a Member/Owner of a limousine company for 6 years, earning $10,500 per month. Income of $10,500 per month for a Limo Driver is unreasonable and should have put a reasonably prudent Underwriter on notice for potential misrepresentation. The U.S. Bureau of Labor Statistics reported the average salary at the 75th percentile for a Limousine Driver in 2004 and in the same geographic region was $2,789 per month. The Borrower's stated income is more than 3.5 times the U.S. Bureau of Labor Statistics 75th percentile which should have been a red flag to the Underwriter the Borrower's income was overstated.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845814 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/28/2013 2:07:02 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xviii) (d) SAIL 2005-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Assets | Failure to Verify Assets | 2 | 3 | Per the final HUD-1 Settlement Statement, the Borrower's funds required for closing were $8,979 or In addition, the Borrower was required to verify an earnest money deposit of $10,350 months reserves of principal, interest, taxes and insurance (PITI) totaling $5,939 for the subject property. In total, assets of $25,268 were required to be verified.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to assets. The Seller further represented and warranted, in part, that the methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Per the final HUD-1 Settlement Statement, the Borrower's funds required for closing were $8,979 or In addition, the Borrower was required to verify an earnest money deposit of $10,350 months reserves of principal, interest, taxes and insurance (PITI) totaling $5,939 for the subject property. In total, assets of $25,268 were required to be verified.<br><br>The loan file contained 2 months bank statements for two of the Borrower's checking accounts dated 11/01/2004 and 11/08/2004, which reflected combined current balances of $11,371.74 after the earnest money deposit was paid and a VOD for the Borrower's additional checking account dated 11/05/2004, which reflected a current balance of $929.37. The Borrower provided total assets of $12,301.11, which was not sufficient to support the additional required assets of $14,910 for funds to close. The Borrower's properly sourced and seasoned assets were $22,649.<br><br>The loan file contained no evidence the Underwriter requested or obtained the documentation required to properly verify all amounts required to complete the transaction in accordance with the applicable guidelines.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845814 | |
| . | | | 1.04 (b) (xviii) (d) SAIL 2005-3_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Verify Employment ' Self-Employed Borrower | Failure to Verify Employment | 3 | | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy to repay the subject loan, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The loan file included a CPA letter dated 11/07/2004, which indicated that the CPA had prepared income tax returns for the Borrower in the prior 2 years; however, the CPA letter did not indicate that the Borrower was a Member or an Owner of the business. A verbal VOE was conducted with the CPA on 11/12/2004, which indicated that the Borrower was a self-employed Limo Driver and commented that the Borrower contributes funds to own a portion of the business; however, the CPA letter provided did not indicate such comments and research conducted at audit through Accurint and public records revealed that the Borrower was not listed as an owner, member or shareholder of the company and Accurint did not produce any results showing the Borrower was an owner, member or shareholder of any company. There was no evidence in the file that the Underwriter requested or obtained the Borrower's Business License or a properly documented CPA Letter to support that the Borrower was a Member/Owner of the company listed on the loan application.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845814 | |
| . | | | 1.04 (b) (xviii) (d) SAIL 2005-3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAIL 2005-3_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Member/Owner of a limousine business earning $10,500 per month on the loan application. The loan file contained the Borrower's post-closing near year 2006 income tax returns, which indicated that the Borrower was a 1099 employee of the company and earned a monthly income of $5,397 per month.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, there was a $2,609 shortage of verified assets, which significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845814 | |

| 6 | 0031042914 | 1st | SARM 2005-22 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/07/2005, in the amount of $415,200 as a purchase of an owner occupied, single family residence. The loan was approved as a stated income, verified asset loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42% Debt to Income (DTI). There was a manual approval dated 07/07/2005, in the loan file. | Stated | $415,200.00 | 2846142 |
| | | | | 1.04 (c) (v) SARM 2005-22_No Fraud<br><br>1.04 (c) (vii) SARM 2005-22_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Chemist earning $9,700 per month on the loan application. Per the post-closing audit verification of employment the Borrower's position at origination was actually a Lab person and income for 2005, the same year as the subject's loan closing, was $49,037 or $4,086 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Chemist earning $9,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2846142 |
| 7 | 0031181183 | 1st | SARM 2005-22 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/07/2005, in the amount of $495,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 75%/100% Loan to Value/Combined Loan to Value, and a 36.47% Debt to Income ratio. There was a manual approval dated 06/29/2005, in the loan file. | Stated | $495,000.00 | 2846144 |
| | | | | 1.04 (c) (v) SARM 2005-22_No Fraud<br><br>1.04 (c) (vii) SARM 2005-22_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower indicated employment as an Owner of a food service business for 15 years and the loan file contained a letter from the Borrower's accountant confirming the Borrower's self-employment. An audit verification of employment was sent to the accountant that confirmed the Borrower's employment at application. Per the audit employment verification the account stated the following: "Please note I did not prepare this letter nor have I done any work for the Borrower in the past" which proves the Borrower's employment was misrepresented at application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a food service business for 15 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2846144 |
| | | | | 1.04 (c) (v) SARM 2005-22_No Fraud<br><br>1.04 (c) (vii) SARM 2005-22_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a food service business earning $18,750 per month on the loan application. An audit verification of employment was sent to the accountant that confirmed the Borrower's employment at application. Per the audit verification the account stated the following: "Please note I did not prepare this letter nor have I done any work for the Borrower in the past" which proves the Borrower's employment was misrepresented at application. Since the letter from the accountant was fraudulent at origination, no audit income can be credited to the Borrower.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a food service business earning $18,750 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2846144 |

Cowen_Final_Version US Bank 2573_8

| 8 | 0031339609 | 1st | SAIL 2005-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/30/2005 in the amount of $200,000 as a cash-out refinance of a second home. The loan was approved as a Stated Income/Verified Asset loan with an 80%/80% loan to value/combined loan to value and a 37.23% debt to income ratio. There was an Automate Approval dated 06/28/2005, in the loan file. | Stated | | $200,000.00 | 2845859 |
| . | | | | 1.04 (b) (xix) (d) SAIL 2005-9_Underwriting Methodology - Deemed MnA_Pool 2 | DTI Exceeds Guidelines | Excessive DTI | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Accurate calculation of the Borrower's debt-to-income ratio, so as to confirm the adequacy of the Borrower's financial means, as well as, the Borrower's overall creditworthiness and actual outstanding debt obligations, are a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 37.23% to 399.73%, which significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845859 |
| . | | | | 1.04 (c) (v) SAIL 2005-9_No Fraud<br><br>1.04 (c) (vii) SAIL 2005-9_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a marina storage business earning $16,667 per month on the loan application. The loan file contained the Borrower's 2006 tax returns, as part of the post-closing documentation, with the Borrower owning the same business as at the time of closing of the subject loan. The tax returns revealed the Borrower actually earned $18,661 for the year or $1,555 per month the year following the subject closing. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a marina storage business earning $16,666 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845859 |
| 9 | 0031896608 | 1st | SARM 2005-23 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/24/2005, in the amount of $604,800, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% loan to value/combined loan to value and a 44.0099% debt to income ratio. There was a Manual approval dated 10/21/2005, in the loan file. | Stated | | $604,800.00 | 2846165 |
| . | | | | 1.04 (c) (v) SARM 2005-23_No Fraud<br><br>1.04 (c) (vii) SARM 2005-23_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Sales Account Executive for a national communication company earning $12,700 per month on the loan application. An audit verification of employment, obtained through The Work Number, revealed the Borrower's income in 2005, the same year the subject loan closed, was $12,266 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Sales Account Executive for a national communication company earning $12,700 on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2846165 |

**Digital Risk - Loan Review Findings**

Cowen_Final_Version US Bank 2573_8          08-13555-mg    Doc 46080-11    Filed 08/22/14    Entered 08/22/14 15:34:18      Attachment V - part 7    Pg 36 of 206

| 10 | 0032703217 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/18/2006, in the amount of $623,000 for a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 70%/70% Loan to Value/Combined Loan to Value (LTV/CLTV) and a 38.22% debt to income. There was a Manual approval dated 04/03/2006, in the loan file. | Stated | $623,000.00 | 2846283 | |
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a President of a home construction company earning $14,500 per month on the loan application. The Co-Borrower listed income of $6,000 per month as a Secretary/Treasurer. The loan file contained the Borrowers' 2007 income return which evidenced the Borrowers earned $9,467 in 2007, the subsequent year after the subject loan closing. It is unlikely the Borrower's income would have decreased considering the Borrowers were self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated income as a President earning $14,500 per month and the Co-Borrower falsely stated income as a Secretary/Treasurer earning $6,000, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846283 | |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | **$3,435,500.00** | | |

| Loan | Loan Number | First or Second | Deal Name | Section of the | Issue Description | Breach | Breach | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 15043011 | 1st | SARM 2005-3XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/14/2005, in the amount of $134,000, as a rate/term refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 63.81%/63.81% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 51.2% Debt to Income ratio (DTI). There was a Manual approval dated 03/12/2003, in the loan file. | Stated | $134,000.00 | 2848767 | |
| . | | | | 1.04 (c) (v) SARM 2005-3XS_No Fraud | Misrepresentation of Debt Obligations - | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Per the audit credit report, the Borrowers failed to disclose an auto installment loan which opened in 02/2003 in the amount of $7,500 with a $148 monthly payment.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligation by failing to disclose a $148 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848767 | |
| | | | | 1.04 (c) (vii) SARM 2005-3XS_No Event of Default | With Red Flags Present | | | | | | | | |
| 2 | 18546846 | 1st | SASC 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2004, in the amount of $300,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a No Income/No Employment/No Asset loan, with a 60% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a manual approval dated 11/15/2004, in the loan file. According to the HUD-1 Settlement Statement, the Borrowers received $75,497 cash back at closing. | NINENA | $300,000.00 | 2848805 | |
| . | | | | 1.04 (b) (xii) SAS 2005-10_Compliance with Applicable MnA - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>For rescission after the initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i)(2)).<br><br>The disclosed finance charge ($241,343.14) is ($299.69) below the actual finance charge ($241,642.83).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848805 | |
| | | | | 1.04 (c) (xvii) SAS 2005-10_Origination Practices | | | | | | | | | |
| 3 | 30537831 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $161,440.00 | 2848471 | |
| . | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Subject Note | Failure to Provide Subject Note | | 2 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject note.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848471 | |
| | | | | 1.04 (c) (xii) LXS 2005-1_Mortgage File | | | | | | | | | |
| | | | | 1.04 (c) (xvii) LXS 2005-1_Origination Practices | | | | | | | | | |
| . | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848471 | |
| | | | | 1.04 (c) (xvii) LXS 2005-1_Origination Practices | | | | | | | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) LXS 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848471 | |
| . | | | 1.04 (c) (xviii) LXS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848471 | |
| 4 | 31084957 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/27/2005, in the amount of $300,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with an 80%/80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.76% Debt to Income ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $300,000.00 | 2848563 | |
| . | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xiii) LXS 2005-6_No High Cost - Deemed MnA<br><br>1.04 (b) (xvi) LXS 2005-6_No HOEPA - Deemed MnA / Enforceable Prepayment Charges - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | High Cost Loan - Federal | No High Cost Loan | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required that the subject loan comply with the Home Ownership and Equity Protection Act ("HOEPA"). The Seller represented and warranted that the subject loan was not a high cost loan under any applicable federal, state or local predatory or abusive lending law. The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The loan fees ($14,335.00) exceed the (NYPart41NEW) High Cost fee limit, which is ($14,283.25), the difference is ($51.75).<br><br>Despite the Seller's representations, the subject loan was a covered loan as defined by HOEPA.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, compliance with HOEPA, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848563 | |
| 5 | 31718091 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/16/2005, in the amount of $22,500 as a purchase of a second home single family residence. The loan closed as a Stated Income/Verified Assets loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual loan approval in the loan file. | Stated | $22,500.00 | 2848901 | |
| . | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Medical Assistant earning $6,500 per month on the loan application. The loan file contained the Borrower's post-closing 2006 tax returns documents, which revealed that the Borrower's near year 2006 income was $2,008 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The loan file contained the Borrower's post-closing 2006 tax returns documents, which revealed that the Borrower's near year 2006 income was $2,008 per month.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Medical Assistant earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848901 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 31928260 | 1st | LXS 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/04/2005, in the amount of $131,250 as a cash out refinance of an owner occupied single family residence. The loan closed as a Stated Income Verified Asset loan, with a 75%/75% Loan to Value/Combined Loan to Value (LTV/CLTV) and a debt to income ratio of 41.17%. There was a Manual loan approval in the loan file. | Stated | $131,250.00 | 2848644 |
| | | | 1.04 (c) (v) LXS 2006-1_No Fraud<br><br>1.04 (c) (xii) LXS 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Executive Assistant earning $6,992 per month on the loan application. An audit re-verification of employment and income received by the employer revealed the Borrower's actual 2005 income at $2,490 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. An audit re-verification of employment and income received by the employer revealed the Borrower's actual 2005 income at $2,490 per month.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Executive Assistant earning $6,992 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848644 |
| 7 | 31963473 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed and disbursed on 10/27/2005, in the amount of $412,500, as a cash out refinance of an investment property. The loan was a 75% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed loan application, the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $412,500.00 | 2848696 |
| | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848696 |
| | | | 1.04 (b) (xviii) LXS 2006-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848696 |
| 8 | 32002628 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/11/2005, in the amount of $59,985, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.76% Debt to Income Ratio (DTI). There was a Manual approval dated 10/31/2005, in the loan file. | Stated | $59,985.00 | 2848908 |
| | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Enforceable Prepayment Charges - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide a Prepayment Disclosure | Failure to Provide a Prepayment Disclosure | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act and Real Estate Settlement and Procedures Act required written disclosure as to prepayment penalties, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan, including prepayment charges, complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the subject loan's prepayment penalty was not disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848908 |
| | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848908 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrowers misrepresented their disclosed income. The Borrowers falsely stated income as Owners of a maid service franchise earning a combined $9,600 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrowers with the District of Colorado as part of a Chapter 7 bankruptcy case dated 07/02/2009, which reflected the Borrowers' income for 2005, the year of the subject loan closed, was $4,527 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>According to a Statement of Financial Affairs, filed by the Borrowers with the District of Colorado as part of a Chapter 7 bankruptcy case dated 07/02/2009, which reflected the Borrowers' income for 2005, the year of the subject loan closed, was $4,527 per month.<br><br>Despite the Seller's representations, the Borrowers falsely stated employment as a Owners of a maid service franchise earning a combined $9,600 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2848908 |
| 9 32320863 | 2nd | SASC 2006-S2 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/10/2006, in the amount of $186,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.03% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $186,000.00 | 2848932 |
| . | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2848932 |
| 10 32323487 | 1st | LXS 2006-7 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/22/2006, in the amount of $335,000, as refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 69.79%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.5% Debt to Income Ratio (DTI). There was a Manual approval dated 2/15/2006, in the loan file. | Stated | $335,000.00 | 2848719 |
| . | | 1.04 (b) (xvii) LXS 2006-7_DTI_Pool 2 | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio based on the Borrower's verified income results in an increase from 37.5% to 67.22%, which exceeds the represented 60%. | | 2848719 |
| . | | 1.04 (b) (xvii) LXS 2006-7_DTI_Pool 2<br><br>1.04 (c) (v) LXS 2006-7_No Fraud<br><br>1.04 (c) (vii) LXS 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Special Projects Lumber Supplier earning $12,000 per month on the loan application. The loan file contained post closing documentation including the Borrower's 2007 tax return, which contained a tax summary revealing the Borrower's 2006 annual income in the amount of $57,645 or $4,803 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Special Projects Lumber Supplier earning $12,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | 2848719 |
| 11 32388332 | 2nd | SASC 2006-S2 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/27/2006, in the amount of $97,000, as a purchase of an owner occupied Planned Unit Development (PUD). The loan was approved as a No Ratio loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 02/09/2006, in the loan file. | NIVA | $97,000.00 | 2848942 |

**Digital Risk - Loan Review Findings**

Cowen_Final Version Wilmington NA_50_4    08-13555-mg    Doc 46080-11    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
part 3 Pg 41 of 206

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local laws. The Truth In Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be made within the period executed prior to release of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. The disclosed finance charge ($299,993.43) is ($350.00) below the actual finance charge($300,343.43). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848942 | |
| | | | 1.04 (c) (xviii) SAS 2006-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act ("FIRREA") required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848942 | |
| 12 | 33433129 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/13/2006, in the amount of $57,950, as a purchase money second mortgage of an owner occupied detached residence located in a planned unit development (PUD). The loan was approved as a No Ratio loan (No Income/Employment and Verified Assets), with a 19.99%/99.98% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 10/20/2006, in the loan file. | NIVA | $57,950.00 | 2849119 | |
| | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S4_No Event of Default | Asset Misrepresentation - With Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrower misrepresented his ownership of the following assets. The loan file contained a Verification of Deposit (VOD) for the Borrower's savings and checking account dated 09/21/2006, which reflected ending balances of $2,311 and the loan file contained a VOD for the Borrower's Wells Fargo checking account dated 09/20/2006, which reflected an ending balance of $4,457. In addition, an audit VOD for the Borrower's Bank of America checking account, dated 09/20/2006 was also obtained which indicated the Borrower's actual balance as of 09/20/2005 was $354. The numbers on the origination VOD were in a different font that the date opened and signature date.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and a Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the amount of assets verified was misrepresented by $6,414; The Borrower falsely disclosed that he had $6,768 in reserves when in fact he had $2,665, which constitute an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2849119 | |
| 13 | 36145019 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/30/2005, in the amount of $416,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 74.96% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42% Debt to Income Ratio (DTI). There was a Manual approval dated 08/26/2005, in the loan file. | Stated | $416,000.00 | 2848432 | |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Sales Associate earning $7,916 per month on the loan application. The total income reported for the near year, 2006, was $78,458, or $6,538 per month. An audit verification of employment was conducted through The Work Number, which revealed the Borrower was employed with the same employer as at origination with the same title the year following the subject closing<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>As noted above, an audit verification of employment was conducted through The Work Number, which revealed the Borrower was employed with the same employer as origination with the same title the year following the subject closing.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Sales Associate earning $7,916 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848432 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/19/2013 11:46:58 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| 14 | 36567303 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/07/2005, in the amount of $200,000, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80% loan-to-value, (and 80% combined loan-to-value (CLTV), and a 31.66% Debt to Income Ratio (DTI). There was a manual approval dated 09/29/2005, in the loan file. | Stated | $200,000.00 | 2848636 |
| . | | | | 1.04 (c) (iv) LXS 2005-8_No Fraud  1.04 (c) (xii) LXS 2005-8_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Treasurer earning $6,500 per month on the loan application. According to the Borrower's 2005 tax returns, which were part of the post-closing documents, the Borrower had a business loss in 2005; therefore, no income could be used at the time of audit.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Treasurer earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848636 |
| 15 | 37260908 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/04/2006, in the amount of $59,200, as a purchase of an owner occupied condominium residence. The loan was approved as a Full Documentation loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 45% debt-to-income ratio. There was a manual approval dated 01/04/2006, in the loan file. A second mortgage for $14,800 also closed on the same day. | Full | $59,200.00 | 2848455 |
| . | | | | 1.04 (c) (iv) LMT 2006-1_Unacceptable Property Type | Ineligible Property Type | Ineligible Property Type | 1 | 3 | The subject property was required to be a detached single family residence, or a two- to four-family dwelling, or an individual condominium unit in a low-rise condominium project, or individual unit in a planned unit development. In addition to the preceding requirement, the Seller represented and warranted that at least 60% of the units were owner occupied units.  Despite the Seller's representations, a review of the Homeowners Association questionnaire reflected the subject condominium project consisted of 80% investors units, and therefore an ineligible property. | | | 2848455 |
| 16 | 37540556 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/28/2006, in the amount of $50,000, as purchase of a non-owner occupied single family residence located in a single family residence. The loan was approved as a Full Documentation loan, with a 19.77%/99.77% loan-to-value/combined loan-to-value, and a 50.43% debt-to-income ratio. A first mortgage for $202,400 also closed on the same day. | Full | $50,000.00 | 2848986 |
| . | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud  1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. According to research of an audit credit report, the Borrower failed to disclose a first and second mortgage which were opened the same month as the subject mortgage. On 02/21/2006, the Borrower obtained mortgages in the amounts of $164,000 and $41,000 with monthly payments in the amount of $412 and $149. Further, the audit credit report revealed the Borrower had completed an undisclosed refinance of their primary residence on 01/20/2006 with a monthly payment of $5,496, which was a $1,483 increase in the Borrower's monthly mortgage payment.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,044 in additional debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848986 |
| 17 | 37597093 | 1st | LXS 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $146,400.00 | 2848735 |
| . | | | | 1.04 (b) (xii) LXS 2006-7_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xii) LXS 2006-7_Mortgage File  1.04 (c) (xvii) LXS 2006-7_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Loan file did not contain the subject note.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848735 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/19/2013 11:46:58 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repo

**Digital Risk – Loan Review Findings**

Cowen_Final Version Wilmington NA_50_4     08-13555-mg   Doc 46080-11   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
part 200

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xii) LXS 2006-7_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-7_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 Settlement Statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848735 | |
| | | | 1.04 (b) (xii) LXS 2006-7_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-7_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 Settlement Statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848735 | |
| | | | 1.04 (c) (xviii) LXS 2006-7_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848735 | |
| 18 | 37622156 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/08/2006, in the amount of $32,000, a purchase of an investment single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% loan-to-value/combined loan-to-value, and a 46.23% debt-to-income ratio. There was a Manual approval dated 02/06/2006, in the loan file. | Full | $32,000.00 | 2848990 | |
| | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the annual percentage rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848990 | |
| 19 | 37797867 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/03/2006, in the amount of $43,300, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% loan-to-value/combined loan-to-value, and a 43.19% debt-to-income ratio. There was a Manual approval dated 03/02/2006, in the loan file. | Stated | $43,300.00 | 2848994 | |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Maintenance Manager earning $3,833 per month on the loan application. According to a Statement of Financial Affairs, filed by the Borrower with the District of Minnesota Bankruptcy Courts as part of a Chapter 7 Bankruptcy case dated 10/07/2008, the Borrower's income for 2006, the same year of the subject loan closed, was $2,798 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Maintenance Manager earning $3,833 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848994 | |

Cowen_Final Version Wilmington NA_50_4

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | 37984606 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/06/2006, in the amount of $200,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset loan, with a 17.55%/97.55% loan-to-value/combined loan-to-value, and a 36.50% debt-to-income ratio. There was a Manual approval dated 04/04/2006, in the loan file. | SISA | $200,000.00 | 2848998 |
| | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2 Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through Mortgage Electronic Register System, Site-X and the audit credit report, revealed the Borrower completed an undisclosed refinanced of an existing second mortgage on a disclosed rental property in Orlando, FL, prior to the subject loan closing date on 04/06/2006. Also, the Borrower obtained an undisclosed property in Windermere, FL within 4 days of the subject loan closing.<br><br>The Borrower acquired a new Home Equity Line of Credit on 03/31/2006 for the disclosed rental property in the amount of $213,000, which based on a conservative estimate using 1% of the line amount, increased the second lien payment from $790 to $2,130 per month. The Borrower also purchased a property in Windermere, FL on 04/10/2006 and obtained a first mortgage in the amount of $800,000 with a monthly payment of $6,379 and a second mortgage in the amount of $200,000, which using the same terms as the subject second mortgage, had an estimated payment of $2,291 per month. These Borrower's debts were not disclosed on the loan application or considered in the loan approval process.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations of $3,631, which constitutes an event of default under the executed Mortgage | | | 2848998 |
| 21 | 38011680 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/13/2006, in the amount of $34,380, as a second mortgage purchase of a condominium second home. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% loan-to-value/combined loan-to-value, and a 45% debt-to-income ratio. There was a Manual approval dated 04/04/2006, in the loan file. | Stated | $34,380.00 | 2849001 |
| | | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2006-S2_Mortgage File<br><br>1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file did not contain the subject note.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849001 |
| 22 | 38182861 | 1st | LMT 2006-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/28/2006, in the amount of $367,500, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a No Ratio loan (No Income, Verified Assets), with a 75% loan-to-value/combined loan-to-value. There was a Manual approval dated 04/28/2005, in the loan file. | NIVA | $367,500.00 | 2848464 |
| | | | | 1.04 (c) (xxii) LMT 2006-4_No Fraud<br><br>1.04 (c) (xxiv) LMT 2006-4_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property. Public Records, post-closing tax returns, and the hazard insurance declaration page indicated the Borrower occupied a property which was reflected as a rental property on the loan application from 08/2002 to 10/2012. Public Records indicated numerous other individuals occupied the subject property from 11/2006 to 09/2012. The post closing tax return for 2008, indicated the subject property was a rental property and the Borrower occupied the other property which was presented as a rental property on the loan application. The hazard insurance policy contained in the loan file indicated the Borrower did not occupy the subject property and indicated the property was a non-owner occupied frame dwelling, which should have put the underwriter on notice of potential misrepresentation since the loan transaction was indicated as a refinance of an owner occupied property. The Borrower did not occupy the subject property after the subject closing date of 04/28/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the | | | 2848464 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/19/2013 11:46:58 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

# Digital Risk - Loan Review Findings

| 23 | 40600793 | 1st | LXS 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/03/2007, in the amount of $460,000, as a purchase of an owner occupied single family property. There was neither an Audit Underwriting System nor Manual approval stamped on the loan file to affirm whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was a purchase advice in the loan file which indicates the loan closed with an 80%/100% loan-to-value/combined loan-to-value under a No Ratio program (No Income, Verified Employment and Assets). | Stated | $460,000.00 | 2848762 |
| | | | 1.04 (c) (v) LXS 2007-11_No Fraud 1.04 (c) (vii) LXS 2007-11_No Event of Default | Misrepresentation of Employment With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The loan application reflected the Borrower stated employment as a Foreman for 14 years. The loan file contained a verbal verification of employment from the employer, which indicated the Borrower was a Foreman for 14 years and indicated it was verified by the Owner of the company. The loan file contains post-closing documentation, which reveals the Borrower had been self-employed as a Roofer at the time of origination. The Borrowers' 2008 tax returns reveal that the Borrower was a self-employed Roofer and the financial statement filled out in the year 2009, as part of a loan modification, revealed that the Borrower had been self-employed for 13 years as a Roofer. In addition, the loan file contains a letter of explanation written by the Co-Borrower stating the Borrower had been working at his own construction company. The Borrower did not indicate being self-employed on the origination application and the verbal verification of employment in the loan file did not indicate the Borrower was a 1099, or contracted employee. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller falsely representing the Borrower's employment as a Foreman for 14 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848762 |
| 24 | 46317343 | 1st | LXS 2007-11 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/16/2007, in the amount of $544,800, as a purchase of an owner occupied, two-unit property. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 42.18% debt-to-income ratio. There was a Manual approval dated 05/10/2007, in the loan file. | Stated | $544,800.00 | 2848766 |
| | | | 1.04 (c) (v) LXS 2007-11_No Fraud 1.04 (c) (vii) LXS 2007-11_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Independent Delivery Truck Owner/Driver earning $11,583 per month on the loan application. The loan file contained post-closing documentation including the Borrower's tax return for 2006, the year of the subject loan closing, which revealed the Borrower earned $2,128 per month as a Truck Owner/Operator. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the Borrower falsely stated employment as an Independent Delivery Truck Owner/Driver earning $11,583 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848766 |
| | | | | | **Grand Total of Repurchase Demand** | | | | | | $4,751,205.00 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/19/2013 11:46:58 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

**1418**

Cowen_Final_Version_Wilmington NA_8

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 31530108 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/26/2005, in the amount of $66,750, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 75% Loan to Value/Combined Loan To Value, and a 35.83% Debt to Income Ratio. There was a Manual approval dated 08/26/2005, in the loan file. | Stated | $66,750.00 | 2848330 | |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud

1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A Search of public records and information obtained through Mortgage Electronic Recording Services (MERS) revealed the Borrower obtained 6 undisclosed refinances of his existing investment properties within the same month as the subject closing on 08/26/2005. A mortgage was obtained on 08/24/2005 for $76,800 with a monthly payment of $498 for a property located in Lansing, MI. A mortgage was obtained on 08/24/2005 for $70,400 with a monthly payment of $444 for a property located in Lansing, MI. A mortgage was obtained on 08/24/2005 for $55,200 with a monthly payment of $348 for a property located in Lansing, MI. A mortgage was obtained on 08/25/2005 for $71,250 with a monthly payment of $445 for a property located in Lansing, MI. A mortgage was obtained on 08/26/2005 for $54,000 with a monthly payment of $337 for a property located in Lansing, MI. A mortgage was obtained on 08/25/2005 for $69,000 with a monthly payment of $436 for a property located in Lansing, MI.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations obligation by failing to disclose a $2,508 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2848330 | |
| | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud

1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Co-Borrower misrepresented her disclosed income. The Co-Borrower falsely stated income as a Teller at a bank earning $1,900 per month on the loan application. An audit verification of employment, obtained through The Work Number, revealed the Co-Borrower actually earned $763 per month in 2006, the year the subject loan closed.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Co-Borrower falsely stated employment as a Teller at a bank earning $1,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848947 | |

Cowen_Final_Version_Wilmington NA_8

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-11   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 7   Pg 47 of 206

| 2 | 31643844 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/16/2005, in the amount of $141,371.00, as a purchase of an investment property. The loan was approved as a Full Documentation loan, with an 80%/95% Loan to Value/Combined Loan To Value, and a 42.96% Debt to Income Ratio. There was a Manual approval dated 09/14/2005, in the loan file. | Full | $141,371.00 | 2848619 |
| | | | | 1.04 (c) (v) LXS 2005-8_No Fraud<br>1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his/her debt obligations. Per public records obtained through SiteX.com, an Audit Credit Report, and information obtained through Mortgage Electronic Recording Services, the Borrower obtained undisclosed properties prior to, and within 30 days of the subject's loan closing on 09/16/2005 and failed to disclose the properties and associated mortgage debt on the loan application. The Borrower purchased a property in Citrus Springs, FL on 05/31/2005 with an undisclosed mortgage in the amount of $147,690 and undisclosed monthly payment of $1,341. The Borrower purchased a property in Spring Hill, TN, on 07/13/2005. Two loans were obtained in order to finance the purchase of the undisclosed property with loan amounts of $122,706 and $23,008 with undisclosed monthly payments of $1,009 and $195. The Borrower purchased a property in Kansas City, MO, on 07/14/2005. Two loans were obtained in order to finance the purchase of the undisclosed property with loan amounts of $91,200 and $17,100 with undisclosed monthly payments of $857 and $148. The Borrower purchased a property in Kansas City, MO, on 08/03/2005. Two loans were obtained in order to finance the purchase of the undisclosed property with loan amounts of $87,200 and $16,350 with undisclosed monthly payments of $697 and $99. The Borrower purchased a property in Redmond, OR, on 09/09/2005. Two loans were obtained in order to finance the purchase of the undisclosed property with loan amounts of $106,251 and $37,947 with undisclosed monthly payments of $964 and $404. The Borrower purchased a property in Durham, NC, on 09/30/2005. Two loans were obtained in order to finance the purchase of the undisclosed property with loan amounts of $119,000 and $29,750 with undisclosed monthly payments of $750 and $329. The Borrower purchased a property in La Pine, OR, on 09/28/2005. Two loans were obtained in order to finance the purchase of the undisclosed property with loan amounts of $110,300 and $20,700 with undisclosed monthly payments of $697 and $187.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such document contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations obligation by failing to disclose a $7,677 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2848619 |
| 3 | 31692650 | 1st | LXS 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/29/2005, in the amount of $104,700, as a rate/term refinance of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 78.14% Loan to Value/Combined Loan To Value, and a 37.17% Debt to Income Ratio. There was a Manual approval dated 10/09/2005, in the loan file. | Stated | $104,700.00 | 2848496 |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Office Manager for a government office earning $8,000 per month on the loan application. An audit verification of employment and income, obtained through The Work Number, revealed the Borrower's income for the near year of 2007 was $52,949 or $4,412 monthly.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such document contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Office Manager with a government office earning $8,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848330 |
| 4 | 32272387 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/28/2005, in the amount of $75,870, as a purchase of an owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan To Value, and a 44.73% Debt to Income Ratio. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $75,870.00 | 2848925 |
| | | | | 1.04 (c) (xviii) SAS 2006-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 1 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848925 |

| # | Loan ID | Lien | Deal | | | | | | Description | | Amount | Ref |
|---|---------|------|------|---|---|---|---|---|-------------|---|--------|-----|
| 5 | 32432130 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/30/2006, in the amount of $49,187, as a rate/term refinance/purchase of an investment property. The loan was approved as a Stated Income/Verified loan, with a 20%/100% Loan to Value/Combined Loan To Value, and a 45.94% Debt to Income Ratio. There was a Manual approval dated 01/29/2006, in the loan file. | Stated | $49,187.00 | 2848947 |
| | | | | 1.04 (c) (xxii) LMT 2006-4_No Fraud<br><br>1.04 (c) (xxiv) LMT 2006-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Sales Representative of a packaging company earning $7,000 per month on the loan application. It should be noted, the file contained a preliminary 1003 that reflected an income of $6,800 that was crossed out and changed to $7,000. The loan file contained post closing income documentation, including the Borrower's 2008 W-2 form, which reflected earnings of $6,019 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>As noted above, the loan file contained post closing income documentation, including the Borrower's 2008 W-2 form, which reflected earnings of $6,019 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Sales Representative with a packaging company earning $7,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848457 |
| 6 | 32582587 | 1st | LXS 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/14/2006, in the amount of $51,200, as a purchase of an investment single family residence. The loan was approved as a Stated Income/Verified Assets loan, with 80%/100% Loan to Value/Combined Loan To Value, and a 43.41% Debt to Income Ratio. There was a Manual approval dated 03/01/2006, in the loan file. | Stated | $51,200.00 | 2848729 |
| | | | | 1.04 (b) (xiv) LXS 2006-7_No High Cost - HOEPA - Deemed MnA / Enforceable Prepayment Charges - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-7_Origination Practices | Failure to Provide a Prepayment Disclosure | Failure to Provide a Prepayment Disclosure | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act and Real Estate Settlement and Procedures Act required written disclosure as to prepayment penalties, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the subject loan's prepayment penalty was not disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848729 |
| 7 | 32639320 | 1st | LMT 2006-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/16/2006, in the amount of $421,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan with a 79.73%/84.73% Loan to Value/Combined Loan To Value, and 41.68% Debt to Income Ratio. There was a Manual approval dated 03/10/2006, in the loan file. | Stated | $421,000.00 | 2848457 |
| | | | | 1.04 (c) (v) LXS 2005-10_No Fraud<br><br>1.04 (c) (vii) LXS 2005-10_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Co-Borrower misrepresented her disclosed income. The Co-Borrower falsely stated income as a Customer Service Representative for an insurance company earning $4,000 per month on the loan application. An audit verification of income and employment, obtained through the Co-Borrower's employer, revealed the Co-Borrower's actual income for the closing year of 2005 was $28,085 or $2,340 monthly.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Customer Service Representative earning $4,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848496 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/22/2013 5:57:12 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen_Final_Version_Wilmington NA_8

| 8 | 36615094 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/07/2005, in the amount of $300,000.00, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income Stated Asset documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.72% Debt to Income Ratio (DTI). There was a Manual approval dated 10/07/2005, in the loan file. | Stated | $300,000.00 | 2848637 |
| | | | 1.04 (b) (xii) LXS 2005-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848637 |
| 9 | 37489515 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/23/2006, with a disbursement date of 01/25/2006, in the amount of $73,440, as a purchase of an investment single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.81% Debt to Income Ratio (DTI). There was a Manual approval dated 01/20/2006, in the loan file. | Full | $73,440.00 | 2848984 |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A search of public records reflected that the Borrower purchased an undisclosed property in Vernal, Utah on 02/15/2006, with an undisclosed first mortgage in the amount of $144,000 and a monthly payment of $968 and an undisclosed second mortgage in the amount of $36,000 and a monthly payment of $359 per the Audit Credit Report, for a total monthly payment of $1,327.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations obligation by failing to disclose a $1,327 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2848984 |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | | **$1,283,518.00** | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/22/2013 5:57:12 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 30613947 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/31/2005, in the amount of $111,920, as a purchase transaction. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the note, mortgage, title commitment and homeowners insurance. | Unknown | $111,920.00 | 2848479 | |
| . | | | | 1.04 (b) (xii) LXS 2005-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LXS 2005-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. There is no evidence in the file that the Final TIL was provided and executed by the Borrower.  The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848479 | |
| . | | | | 1.04 (c) (xviii) LXS 2005-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848479 | |
| 2 | 30665335 | 1st | LXS 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/21/2005, in the amount of $200,100, as a purchase of an investment, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/90% loan-to-value/combined loan-to-value, and a 26.91% debt-to-income ratio. There was a Manual approval dated 04/12/2005, in the loan file. A second mortgage in the amount of $25,000 was closed simultaneously. | Stated | $200,100.00 | 2848483 | |
| . | | | | 1.04 (c) (v) LXS 2005-1_No Event of Default  1.04 (c) (xii) LXS 2005-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A review of Mortgage Electronic Registration System and the audit credit report revealed 2 undisclosed mortgages associated with 1 undisclosed property located in Bakersfield, CA. The first loan was opened on 05/06/2005 with a loan amount of $185,500 and a monthly payment of $1,281. The second loan was opened on 05/06/2005 with a loan amount of $53,000 and a monthly payment of $530 using a 1% interest rate. The subject loan closed as an investment property on 04/07/2005.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $1,811 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848483 | |
| 3 | 30691109 | 1st | SASC 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/22/2005, in the amount of $421,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The data tape indicated the transaction was a cash out refinance of a primary residence at 77% loan-to-value/combined loan-to-value. | Unknown | $421,000.00 | 2848834 | |
| . | | | | 1.04 (b) (xii) SAS 2005-15_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-15_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848834 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xii) SAS 2005-15_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-15_Origination Practices | Failure to Provide the final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. There is no evidence in the loan file that the final TIL was provided and executed by the Borrower.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848834 |
| . | | | 1.04 (b) (xii) SAS 2005-15_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-15_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Recission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848834 |
| . | | | 1.04 (c) (xviii) SAS 2005-15_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848834 |
| 4 | 30874143 | 1st | LXS 2005-3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/09/2005, in the amount of $308,000, as a cash out refinance of an investment, single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with an 80% loan-to-value/combined loan-to-value. There was a Manual approval dated 06/07/2005, in the loan file. Per the final HUD-1, the Borrower received a disbursement of $63,205 at closing. | NINENA | $308,000.00 | 2848529 |
| . | | | 1.04 (c) (v) LXS 2005-3_No Fraud<br><br>1.04 (c) (vii) LXS 2005-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A review of Mortgage Electronic Registration System and the audit credit report revealed 2 undisclosed mortgages, obtained as a result of the Borrower refinancing 2 rental properties. The first loan was opened on 06/17/2005 with a loan amount of $308,000 and a monthly payment of $1,947 resulting in a $349 increase in the Borrowers' monthly payment. The second loan was opened on 06/17/2005 with a loan amount of $308,000 and a monthly payment of $1,947 resulting in a $457 increase in the Borrowers' monthly payment. The subject loan closed as an investment property on 06/09/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose an $806 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848529 |
| 5 | 30931935 | 1st | LXS 2005-6 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/28/2005, in the amount of $336,000, as a purchase of an owner occupied condominium. The loan was an unknown documentation type with an 80%/100% loan to value/combined loan to value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's HUD-1 Settlement Statement, subject Note, Mortgage, homeowners' insurance policy, and Title. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $336,000.00 | 2848559 |
| . | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending(TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. There is no evidence in the file that the Final TIL was provided and executed by the Borrower.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848559 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/27/2013 5:39:32 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848559 |
| 6 | 30988984 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/14/2005, in the amount of $272,000, as a purchase of an investment property. The loan was approved as a Stated Income/Stated Asset with an 80%/90% loan to value/combined loan to value (LTV/CLTV) and a 44% debt to income ratio (DTI). There was a Manual approval dated 06/10/2005, in the loan file. | Stated | $272,000.00 | 2848534 |
| | | | 1.04 (c) (v) LXS 2005-3_No Fraud - With No Red Flags Present   1.04 (c) (vii) LXS 2005-3_No Event of Default | Misrepresentation of Employment | Misrepresentation of Employment | 1 | 3 | The Co-Borrower misrepresented her employment on the loan application. The loan file contained a verbal verification of employment, dated 06/16/2005, which indicated the Co-Borrower was currently employed at the employer reflected on the loan application. An audit verification of employment revealed the Co-Borrower had been terminated in May 2005. The subject loan closed 06/14/2005.   The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.   In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.   Despite the Seller's representations, the Co-Borrower falsely stated employment as a Dental Hygienist for 2 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2848534 |
| | | | 1.04 (c) (v) LXS 2005-3_No Fraud   1.04 (c) (vii) LXS 2005-3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Co-Borrower falsely stated income as a Dental Hygienist $5,050 per month on the loan application. The loan file contained a verbal verification of employment, dated 06/16/2005, which indicated the Co-Borrower was currently employed at the employer reflected on the loan application. An audit verification of employment revealed the Co-Borrower had been terminated in May 2005; therefore, the Co-Borrower had no employment and no income at the time of the subject loan closing. The subject loan closed 06/14/2005.   The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.   In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.   Despite the Seller's representations, the Borrower falsely stated employment as a Dental Hygienist earning $5,050 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848534 |
| 7 | 31007073 | 1st | SASC 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/01/2005, in the amount of $252,000, as an owner occupied condominium. The loan was an unknown documentation type with an 80%/100% loan to value/combined loan to value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's HUD-1 Settlement Statement, subject Note, Mortgage, and Title. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $252,000.00 | 2848860 |
| | | | 1.04 (b) (xii) SAS 2005-17_Compliance with Applicable Law - Deemed MnA   1.04 (c) (xvii) SAS 2005-17_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. There is no evidence in the file that the Final TIL was provided and executed by the Borrower.   The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.   Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.   Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848860 |
| | | | 1.04 (c) (xviii) SAS 2005-17_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848860 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2013 5:39:32 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen_Final Version_Wilmington NA_11

| # | Loan # | Lien | Deal | | | | Findings | Category | Doc Type | Value | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 31058084 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 06/03/2005, in the amount of $164,000, as a rate and term refinance of an owner occupied, single family residence. The loan was approved as a stated income/verified asset documentation type, with an 80% loan to value/combined loan to value (LTV/CLTV), and a 28.37% debt to income (DTI). There was a manual approval dated 06/17/2005, in the loan file. | | Stated | $164,000.00 | 2848317 |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a music business earning $7,500 per month on the loan application. The Borrower provided 2007 tax returns, which verified Borrower still held ownership in same business as stated at origination and the near year income for 2007 was $12,290 or $1,024 per month. It should be noted, after rental loss was deducted, Borrower's actual adjusted gross income was a loss of $13,522.<br><br>The Seller represented and warranted that, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a music store earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848317 |
| 9 | 31205651 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 06/28/2005, in the amount of $160,800, as a purchase of an investment property. The loan was an unknown documentation type with an 80%/95% loan to value/combined loan to value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's HUD-1 Settlement Statement, subject Note, Mortgage, homeowners' insurance policy, and Title. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | | Unknown | $160,800.00 | 2848542 |
| . | | | | 1.04 (b) (xii) LXS 2005-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. There is no evidence in the file that the Final TIL was provided and executed by the Borrower.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848542 |
| . | | | | 1.04 (c) (xviii) LXS 2005-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848542 |
| 10 | 31215007 | 1st | LXS 2005-3 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 07/05/2005, in the amount of $228,000, as a purchase of an owner occupied single family residence. The loan was approved as a stated income/ verified asset value, with an 80%/100% loan to value/combined loan to value (LTV/CLTV), and a 43.73% debt to income ratio (DTI). There was a Automated Underwriting System approval dated 06/29/2005, in the loan file. The Hud-1, revealed the Borrower received $445 at closing. | | Stated | $228,000.00 | 2848544 |
| . | | | | 1.04 (c) (v) LXS 2005-3_No Fraud<br><br>1.04 (c) (vii) LXS 2005-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented her debt obligations. A post-closing audit credit report revealed the Borrower purchase a new property in 06/2005, and opened two mortgages. The first mortgage was opened in the amount of $213,600, with a monthly payment of $1,090. The second mortgage was opened, in the amount of $53,400, with a monthly payment of $420 the undisclosed mortgages were opened prior to the subject loan closing date.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligation by failing to disclose a $1,510 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | | 2848544 |

Cowen_Final Version_Wilmington NA_11

| # | Loan # | Lien | Deal | | | | | Findings | | | | Value |
|---|--------|------|------|--|--|--|--|----------|--|--|--|-------|
| 11 | 31597289 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 9/30/2005, in the amount of $200,800, as a purchase. The loan file only contained the Borrower's the Note, and the Mortgage and HUD-1. There was no residential documentation provided the validate that was represented on the data Tape by the Seller.' | Unknown | $200,800.00 | 2848595 |
| | . | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. There is no evidence in the file that the Final TIL was provided and executed by the Borrower.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848595 |
| | . | | | 1.04 (c) (xviii) LXS 2005-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite the Seller's representations, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848595 |
| 12 | 31691538 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 9/20/2005, in the amount of $239,200, as a purchase of an investment property. The loan was approved as a Stated Income/Verified Assets loan, with an 80%/95% Loan to Value/Combined Loan to Value, and a 41% Debt to Income Ratio. There was a manual approval dated 9/13/2005, in the loan file. | Stated | $239,200.00 | 2848622 |
| | . | | | 1.04 (c) (v) LXS 2005-8_No Fraud<br><br>1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented his debt obligations. Public records and the audit credit report the Borrower had acquired a property located in Queen Creek, AZ on 10/14/2005. The subject transaction closed on 9/20/2005. The undisclosed property was acquired with two mortgage liens in the amount of $312,000 and $58,500 with a total monthly payment of $2,246.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $2,246 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2848622 |
| 13 | 31725807 | 1st | LXS 2005-8 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 09/22/2005, in the amount of $599,200, as a purchase of a non-owner occupied single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 08/28/2005, in the loan file. | NIVA | $599,200.00 | 2848624 |
| | . | | | 1.04 (c) (v) LXS 2005-8_No Fraud<br><br>1.04 (c) (vii) LXS 2005-8_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented his/her debt obligations. A search of public records and MERS revealed 4 undisclosed mortgages obtained by the Borrower prior to and within 30 days of the subject closing. A mortgage was obtained on 10/18/2005 for $197,250 with a monthly payment of $1,642 for a property located in Phoenix, AZ. A mortgage was obtained on 10/18/2005 for $153,750 with a monthly payment of $658 for a property located in Sahuarita, AZ. A mortgage was obtained on 04/07/2005 for $375,900 with a monthly payment of $3,009 for a property located in Sandy, UT. A mortgage was obtained on 04/07/2005 for $93,950 with a monthly payment of $886 for a property located in Sandy, UT. The subject loan closed on 09/22/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $6,195 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848624 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/27/2013 5:39:32 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 14 | 31925456 | 1st | LXS 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/17/2005, in the amount of $142,800, as a purchase of a non-owner occupied 3-unit. The loan was approved as a Stated Income/Stated Asset loan, with a 70% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.23% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | SISA | $142,800.00 | 2848642 |
| | | | | 1.04 (c) (v) LXS 2006-1_No Fraud  1.04 (c) (vii) LXS 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A search of public records and MERS revealed an undisclosed mortgage obtained prior to the subject closing on 10/17/2005. A mortgage was obtained on 09/23/2005 for $140,000 with a monthly payment of $979 for a property located in Phoenix, AZ.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $797 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848642 |
| | | | | 1.04 (c) (v) LXS 2006-1_No Fraud  1.04 (c) (vii) LXS 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Handler for a shipping company for 6 years, earning $7,900 per month on the loan application. Post audit verification of employment and income was obtained, which revealed the Borrower's near year 2006 income was $9,518 or $1,360 monthly. The Borrower was employed from 06/19/2000 until 07/25/2006 with the employer listed on the loan application. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Handler for a shipping company for 6 years, earning $7,900 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848642 |
| 15 | 31925506 | 1st | LXS 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/19/2005, in the amount of $247,200, as a purchase of a non-owner occupied Planned Unit Development (PUD). The loan was approved as a No Ratio loan (No Income, Verified Asset), with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | NI | $247,200.00 | 2848643 |
| | | | | 1.04 (c) (v) LXS 2006-1_No Fraud  1.04 (c) (vii) LXS 2006-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. A search of public records, MERS and sitex.com revealed 2 undisclosed mortgages obtained on the same property within 30 days of the subject closing. A mortgage was obtained on 11/12/2005 for $252,000 with a monthly payment of $2,096 for a property located in Mesa, AZ. A mortgage was obtained on 11/12/2005 for $63,000 with a monthly payment of $524 for a property located in Mesa, AZ. The subject loan closed on 10/19/2005.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $2,620 of monthly debts, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848643 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2013 5:39:32 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk - Loan Review Findings

| # | Loan No | | | | | | | | Findings | | $ | |
|---|---------|---|---|---|---|---|---|---|----------|---|---|---|
| 16 | 31959976 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/01/2005, in the amount of $272,000, as a purchase of a second home. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.38% Debt to Income (DTI). There was an Automated Underwriting System (AUS) approval dated 09/29/2005, in the loan file. | SISA | $272,000.00 | 2848383 |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. Public record indicated the Borrower did not occupy the subject property as a second home and another individual occupied the subject property from 09/2006 to 12/2012. The subject loan closed on 10/01/2005; however, the 2006 personal tax returns obtained through the modification/foreclosure process indicated the property was rented and the Borrower received $13,800 gross rental income for the year; therefore, the Borrower did not occupy the subject property as a second home.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as a second home transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848383 |
| 17 | 32025447 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/11/2005, in the amount of $179,300, as a purchase of an owner occupied single family residence. There was neither an Automated Underwriting System (AUS) nor Manual approval in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The credit package is missing from the loan file; therefore, document type is unknown. The loan file did, however, include the Title, HOI, Note, Hud-1, Mortgage, and post closing documents. | Unknown | $179,300.00 | 2848400 |
| | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. There is no evidence in the file that the Final TIL was provided and executed by Borrower.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848400 |
| | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848400 |
| 18 | 32057663 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/15/2005, in the amount of $264,000, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income, Verified Asset loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.54% Debt to Income DTI. There was a Manual approval dated 12/29/2005, in the loan file. | Stated | $264,000.00 | 2848405 |
| | | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Library Technician earning $4,000 per month and also a part time City Service Worker earning $2,300 per month on the loan application. on the loan application. The audit re-verification obtained through the employers indicated the Borrower earned $3,206 and $585 per month for the year 2005, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Library Technician earning $4,000 per month and a part time City Service Worker earning $2,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848405 |

Cowen_Final Version_Wilmington NA_11

| # | Loan | Lien | Pool | Category | Finding | Finding | Code | | Description | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | 32155376 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/15/2005, in the amount of $520,000 as a cash-out refinance of an owner occupied residence. The loan was approved with an 80%/100% loan to value /combined loan to value as a Stated Income/Stated Asset Documentation loan. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the final HUD-1 settlement statement, Title Commitment, the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Stated | $520,000.00 | 2848420 |
| . | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. There is no evidence in the file that the Final TIL was provided and executed by Borrower.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848420 |
| . | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848420 |
| . | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act as the origination appraisal was missing from the loan file. | | | 2848420 |
| 20 | 32182024 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/03/2005, in the amount of $230,000, as a purchase of an owner occupied residence. The loan was approved with a 69.7%/69.7% loan to value /combined loan to value. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the final HUD-1 settlement statement, the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $230,000.00 | 2848427 |
| . | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. There is no evidence in the files that the final TIL was provided and executed by the Borrower.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848427 |
| . | | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848427 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2013 5:39:32 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| # | Loan Number | Lien | Pool | | | | | Finding Detail | | Value | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 21 | 32322273 | 1st | LXS 2006-7 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 01/09/2006, in the amount of $263,900, as a purchase of an owner occupied condominium. The loan was approved with an 80%/100% loan to value /combined loan to value. There was neither an Automated Underwriting Approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained the Title Commitment, the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $263,900.00 | 2848718 |
| | | | | 1.04 (b) (xii) LXS 2006-7_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2006-7_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848718 |
| | | | | 1.04 (b) (xii) LXS 2006-7_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2006-7_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. There is no evidence in the files that the final TIL was provided and executed by the Borrower.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848718 |
| | | | | 1.04 (c) (xviii) LXS 2006-7_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 3 | The subject loan was subject to a qualified appraisal. The loan file did not contain an origination appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848718 |
| 22 | 32382731 | 1st | LXS 2006-7 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 02/08/2006, in the amount of $678,000, as a cash-out refinance of a multifamily investment property. The loan was approved as a No Documentation Loan (No Income, No Employment, No Asset Verification), with a 60%/0% loan to value/combined loan to value. There was a Manual approval dated 02/06/2006, in the loan file. The Borrower received $19,548 cash back at closing. | NINENA | $678,000.00 | 2848721 |
| | | | | 1.04 (c) (v) LXS 2006-7_No Fraud

1.04 (c) (vii) LXS 2006-7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented the debt obligations. Per the audit credit report, the Borrower failed to disclose two mortgage loans which closed prior to the subject transaction. In 12/2005, the Borrower opened a home equity line of credit in the amount of $96,700 with a $205 monthly payment and in 11/2005 the Borrower obtained a mortgage in the amount of $659,192 with a $501 monthly payment.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $706 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848721 |
| 23 | 32394827 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 01/26/2006, in the amount of $196,000, as a cash out refinance of an owner occupied, condominium. The loan file was missing the credit package; loan application, origination credit report, employment information, asset documentation, loan approval and loan transmittal summary; therefore, unable to determine the loan program and conditions required for subject loan. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $196,000.00 | 2848708 |
| | | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. There is no evidence in the files that the final TIL was provided and executed by the Borrower.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848708 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (v) LXS 2006-5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848708 | |
| . | | | | 1.04 (c) (xviii) LXS 2006-5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act.<br><br>The origination appraisal was not provided. | | | 2848708 | |
| 24 | 32855009 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/18/2006, in the amount of $22,500, a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Stated Asset (SISA) loan, with a 10%/90% loan to value/combined loan to value, and a 44.83% debt to income ratio. There was a Manual approval dated 05/18/2006, in the loan file. | SISA | $22,500.00 | 2849036 | |
| . | | | | 1.04 (c) (v) SAS 2006-S3_No Fraud<br><br>1.04 (c) (ii) SAS 2006-S3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Financial Analyst earning $5,725 per month on the loan application. As per post-closing audit verification of employment, the Borrower actually earned $4,337 per month in 2007, the immediate year following the subject loan closing. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Financial Analyst earning $5,725 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2849036 | |
| 25 | 33082603 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/17/2006, in the amount of $91,000, as a purchase of an owner occupied single family property. The loan was approved as a Stated Income/Verified Assets loan, with a 20%/100% Loan to Value, and a 34.51% Debt to Income ratio. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $91,000.00 | 2849079 | |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud<br><br>1.04 (c) (ii) SAS 2006-S4_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrower misrepresented her ownership of the following assets; the subject loan contained a Verification of Deposit that verified the Borrower had a checking account that she shared with 2 other people that were not Borrowers on the subject loan. In addition, an audit verification of deposit was performed which revealed the Borrower was not the customer name the bank had on file as tied to that specific bank account. The file did not contain any evidence of additional verified assets. It is important to determine that the assets used for the Borrower's down payment, closing costs and reserve requirements are assets belonging to the Borrower, otherwise, the assets then become borrowed or gifted funds and different underwriting guidelines will be applied.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the borrower falsely disclosed that she had $9,298 down payment and 2 month's reserves, which constitutes an event of default under the executed Mortgage and/or Dee of Trust. | | | 2849079 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) SAS 2006-S4_No Fraud | Misrepresentation of Income - Red Flags Present | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Owner of an interior design business earning $11,500 per month on the loan application. According to the Statement of Financial Affairs, filed by the Borrower with the Central District of California Riverside Division Bankruptcy Courts as part of a Chapter 7 bankruptcy case dated 07/23/2008, the Borrower's income for the year of 2006 was $5,250 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Interior Designer earning $11,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849079 |
| | | | 1.04 (c) (vii) SAS 2006-S4_No Event of Default | Same Year Income Evidence | | | | | | |
| 26 | 33086018 | 2nd | SASC 2006-S4 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/11/2006, in the amount of $123,200, as a cash out refinance of an investment, condominium The loan file contained a transmittal that indicated the subject was a Stated Income/Verified Asset loan, with a 20%/95% Loan to Value/Combined Loan to Value, and a 41.83% debt-to-income ratio. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $123,200.00 | 2849080 |
| . | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending(TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. There is no evidence in the files that the final TIL was provided and executed by the Borrower.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2849080 |
| | | | 1.04 (c) (xvii) SAS 2006-S4_Origination Practices | | | | | | | |
| . | | | 1.04 (c) (v) SAS 2006-S4_No Fraud | Misrepresentation of Income - No Red Flags Present | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented there disclosed income. The Borrowers falsely stated combined income of $26,416 per month on the Submission Transmittal Sheet. The bankruptcy documentation filed by the Borrowers on 08/22/2007 with the United States Bankruptcy Court Southern District of California indicated the Borrower was a self-employed Home Inspector for 5 years at the time of the subject closing and the Borrower's income for the year of the subject loan closing was $33,000 or $2,750 per month. The bankruptcy documentation indicated the Co-Borrower was unemployed at the time the bankruptcy documentation was filed; however, revealed the Co-Borrower received salary income of $50,000 or $4,167 per month, disability income of $1,320 or $110 per month and 401K distribution income of $10,000 or $833 per month. Therefore, according to the bankruptcy documentation the Borrowers' actual combined income for the year of the subject loan closing in 2006 was $94,320 or $7,860 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated combined income of $26,416 per month on the Submission Transmittal Sheet, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849080 |
| | | | 1.04 (c) (vii) SAS 2006-S4_No Event of Default | Same Year Income Evidence | | | | | | |
| . | | | 1.04 (c) (xviii) SAS 2006-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849080 |
| 27 | 33115213 | 2nd | SASC 2006-S4 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/15/2006, in the amount of $61,100, a rate and term refinance of an owner occupied single family residence located in a planned urban development. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 13%/93% Loan to Value/Combined Loan to Value. There was a Manual approval dated 08/24/2006, in the loan file. Per the final HUD-1, the Borrower received a disbursement of $2,000 at closing. A first mortgage in the amount of $376,000 was closed simultaneously. | NIVA | $61,100.00 | 2849084 |

**Digital Risk - Loan Review Findings**

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. The credit report revealed 1 undisclosed automobile loan which opened 07/2006 with a loan amount of $43,049 and a monthly payment of $868. The loan was closed on 07/15/2006. | | | 2849084 |
| | | | | 1.04 (c) (vii) SAS 2006-S4_No Event of Default | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | |
| | | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | |
| | | | | | | | | | Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $868 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | |
| 28 | 33153727 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/28/2006, in the amount of $60,000, as a purchase of a non-owner occupied property.There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, HUD-1, Home owners hazard insurance, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $60,000.00 | 2849090 |
| . | | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. There is no evidence in the files that the final TIL was provided and executed by the Borrower. | | | 2849090 |
| | | | | 1.04 (c) (xvii) SAS 2006-S4_Origination Practices | | | | | The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. | | | |
| | | | | | | | | | Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | |
| | | | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | |
| . | | | | 1.04 (c) (xviii) SAS 2006-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2849090 |
| 29 | 33201070 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/19/2006, in the amount of $18,600, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income, Verified Asset loan, with an 14.98%/94.97% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.80% Debt to Income (DTI). There was a Manual approval dated 06/01/2006, in the loan file. | Stated | $18,600.00 | 2849095 |
| | | | | 1.04 (b) (xiii) SAS 2006-S4_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. | | | 2849095 |
| | | | | 1.04 (c) (xvii) SAS 2006-S4_Origination Practices | | | | | The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. | | | |
| | | | | | | | | | The disclosed finance charge ($51,105.80) is ($284.86) below the actual finance charge($51,390.66). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)). | | | |
| | | | | | | | | | The disclosed APR (12.622) is lower than the actual APR (12.8014). The Truth in Lending Act considers a disclosed APR inaccurate if it is lower than the actual APR by more than .125% on a regular mortgage transaction. (12 CFR Sections 1026.17(f), 1026.19(a)(2), & 1026.22(a)(2)). | | | |
| | | | | | | | | | Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | |
| | | | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | |

| # | Loan # | Lien | Pool | Finding | Category | Desc | | Nbr | Narrative | Doc Type | Amount | Loan ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 | 33497371 | 2nd | SASC 2006-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/02/2006, in the amount of $68,000.00, as a rate and term refinance of an owner occupied single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Stated Asset loan, with an 20%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 46.90% Debt to Income (DTI). There was a Manual approval dated 10/31/2006, in the loan file. | SISA | $68,000.00 | 2849124 |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud - With No Red Flags Present  1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Employment | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. The Borrower falsely stated employment as a Loan Officer for 3.9 years on the loan application. The Borrower filed a chapter 7 bankruptcy on 12/11/2007, which indicated that the Borrower was employed as a Loan Officer and a Driver with two different companies for 4.5 years prior to the bankruptcy date and earned a combined income of $1,983 per month during the year of the subject loan closing in 2006. Furthermore, the Borrower's additional employment as a Driver was not disclosed on the loan application and would have covered the subject loan closing date of 11/02/2006, which was unlikely that a person would be employed with both employers full time employee and could have had a negative impact on the Borrower's stated monthly income earned from the Borrower's only employer listed on the loan application. In addition, the Borrower was approved with a qualifying credit score of 612, which did not meet the minimum required qualifying credit score of 620 for the subject Stated Income/Stated Asset loan.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower excluded a second employer as Driver working for another company at the same time as the subject employer for 4.5 years from the bankruptcy date of 12/11/2007, which covers the subject loan closing date and constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2849124 |
| . | | | | 1.04 (c) (v) SAS 2006-S4_No Fraud 1.04 (c) (vii) SAS 2006-S4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Loan Officer earning $8,000 per month on the loan application. The Borrower filed a Chapter 7 Bankruptcy on 12/11/2007, which indicated that the Borrower was employed as a Loan Officer and a Driver with two different companies for 4.5 years prior to the bankruptcy date and earned a combined income of $2,174 per month during the year of the subject loan closing in 2006.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Loan Officer earning $8,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2849124 |
| 31 | 36676419 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/23/2005, in the amount of $257,000, as a cash-out refinance. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Mortgage, HUD-1, and title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $257,000.00 | 2848440 |
| . | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. There is no evidence in the files that the final TIL was provided and executed by the Borrower.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848440 |
| . | | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848440 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | Failure to Provide the Origination Appraisal. The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848440 |
| 32 | 37237427 | 1st | LXS 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/22/2005, in the amount of $158,344, as a purchase. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the HUD-1, the Note, the Mortgage and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $158,344.00 | 2848655 |
| . | | | 1.04 (b) LXS 2006-1_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) LXS 2006-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. There is no evidence in the files that the final TIL was provided and executed by the Borrower. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848655 |
| . | | | 1.04 (c) (xviii) LXS 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848655 |
| 33 | 38102497 | 2nd | SASC 2006-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/26/2006, in the amount of 20,000, as a purchase of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 04/20/2006, in the loan file. | NINENA | $20,000.00 | 2849059 |
| . | | | 1.04 (c) (v) SAS 2006-S3_No Fraud 1.04 (c) (xvii) SAS 2006-S3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. A search of public records revealed the Borrower never vacated the primary residence listed on the loan application to reside into the subject property. The Borrower has never had utilities turned on a subject address or phone service. Further, public records reflect the Borrower residing at the previous primary residence from 2003 to 2013. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2849059 |
| . | | | | | **Grand Total of Repurchase Demand** | | | | | | **$7,365,964.00** | |

.
.

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/27/2013 5:39:32 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1436**

Cowen_DB_Final_Version_7

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0014754295 | 1st | SAIL 2004-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/27/2003, in the amount of $111,600, as a rate and term refinance of an owner-occupied property single family residence. There was neither an Automated Underwriting nor a Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' signed loan application, the Appraisal, the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $111,600.00 | 2844442 | |
| . | | | | 1.04 (b) (xiii) SAIL 2004-1_Compliance with Applicable Law - Deemed MnA   1.04 (c) (xvii) SAIL 2004-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable federal law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.   The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.   Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.   Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844442 | |
| . | | | | 1.04 (b) (xiii) SAIL 2004-1_Compliance with Applicable Law - Deemed MnA   1.04 (c) (xvii) SAIL 2004-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable federal law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.   The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.   Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.   Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844442 | |
| . | | | | 1.04 (c) (xviii) SAIL 2004-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act ("FIRREA") required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice.   The Seller represented and warranted, in part, that the appraisal complied with FIRREA.   The complete origination appraisal was not provided. The file contained only 3 pages of the appraisal.   Despite this the Seller's requirement, there is no evidence in the file that the origination appraisal complied with the Act.. | | | 2844442 | |

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-11   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 7   Pg 65 of 206

Cowen_DB_Final_Version_7

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 0015417686 | 1st | SAIL 2004-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/01/2003, in the amount of $342,000, as a purchase of an owner occupied single family residence. The loan file does not contain a credit package in order to determine the terms of the loan. There was neither an Automated Underwriting nor a Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Appraisal, the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $342,000.00 | 2844443 | |
| | . | | 1.04 (b) (xiii) SAIL 2004-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAIL 2004-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844443 | |
| | | | 1.04 (b) (xiii) SAIL 2004-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAIL 2004-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844443 | |
| 3 | 0016233785 | 1st | SAIL 2004-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/14/2003, in the amount of $390,150, as a purchase of an owner occupied residence. There was neither an Automated Underwriting nor a Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $390,150.00 | 2844441 | |
| | . | | 1.04 (b) (xiii) SAIL 2004-1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAIL 2004-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844441 | |

Cowen_DB_Final_Version_7

**Digital Risk - Loan Review Findings**
08-13555-mg    Doc 46080-11    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 7    Pg 66 of 206

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xiii) SAIL 2004-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844441 | |
| . | | | 1.04 (c) (v) SAIL 2004-1_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. The Borrower continued to reside in the departing residence after the subject loan closing of 12/04/2003. The loan file did not contain any critical origination documents; however, the loan file contained research from the Mortgage Insurance Company and a letter from the Borrower.<br><br>Utility records reflect the Borrower residing at the departing residence from 10/1993 through 11/2012. In addition, voter's registration and motor vehicle records reflect the Borrower never resided in the subject property.<br><br>Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>There is no evidence in the file that at least one named Borrower occupied the subject property. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.<br><br>Despite the Seller's representations the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2844441 | |
| . | | | 1.04 (c) (v) SAIL 2004-1_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-1_No Event of Default | Straw Purchaser Transaction | Straw Purchaser Transaction | 4 | 3 | The purchase was an ineligible transaction. The file reflects that the Borrower did not take title to the subject property at closing. The loan file did not contain any critical origination documents; however, the loan file contained research from the Mortgage Insurance Company and letter from the Borrower.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower provided misleading information on the loan file, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2844441 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (xviii) SAIL 2004-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was not provided.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2844441 | |
| 4 | 0016255168 | 1st | SAIL 2004-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/12/2003, in the amount of $142,500, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income, Verified asset documentation loan, with a 95% loan to value/combined loan to value/LTV/CLTV, and a 26.39% debt to income/DTI. There was a manual approval dated 12/09/2003, in the loan file. | Stated | $142,500.00 | 2844444 | |
| | . | | | 1.04 (c) (v) SAIL 2004-1_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Warehouse Supervisor, earning $4,600 per month on the loan application; however, the Verbal Verification of Employment obtained at origination verified the Borrower's actual position was a Warehouse Worker.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Warehouse Supervisor earning $4,600 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2844444 | |
| 5 | 0017080011 | 1st | SAIL 2004-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 8/22/2003, in the amount of $164,815, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 85% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting nor a Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $164,815.00 | 2844438 | |
| | . | | | 1.04 (b) (xiii) SAIL 2004-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844438 | |
| | . | | | 1.04 (b) (xiii) SAIL 2004-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844438 | |

Cowen_DB_Final_Version_7

**Digital Risk - Loan Review Findings**
08-13555-mg    Doc 46080-11    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 7    Pg 68 of 206

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (v) SAIL 2004-1_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-1_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented his employment on the loan application. According to the Statement of Financial Affairs on the Bankruptcy petition filed 3/11/2005 by the Borrower, with the Western District of Pennsylvania Bankruptcy Court, the Borrower's business in Idaho Falls, ID was opened on 10/01/1999 and closed on 12/01/2002 more than 8 months prior to the subject loan closing on 8/22/2003. The subject transaction involved the Borrower relocating from the state the Borrower's business was located and operated of Idaho Falls, ID, to Mercer, Pennsylvania. Further, there was no evidence in the file of the Borrower's Business License or Certified Public Accountant (CPA) Letter to document 24 month employment history verification as required by the underwriting guidelines.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of default and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Owner of a Medical Center for 4 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2844438 | |
| . | | | 1.04 (c) (v) SAIL 2004-1_No Fraud<br><br>1.04 (c) (vii) SAIL 2004-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 5 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a Medical Center earning $9,523 per month on the loan application. According to the Statement of Financial Affairs on the Bankruptcy petition filed 3/11/2005 by the Borrower, with the Western District of Pennsylvania Bankruptcy Court, the Borrower's business in Idaho Falls, ID was opened on 10/01/1999 and closed on 12/01/2002 more than 8 months prior to the subject's loan closing on 8/22/2003. In addition, the subject transaction involved the Borrowers relocating from the state the Borrower's business was located and operated of Idaho Falls, ID, to Mercer, Pennsylvania.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a Medical Center earning $9,523 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2844438 | |
| 6 | 0017081027 | 1st | SAIL 2004-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/23/2003, in the amount of $139,500, as a rate and term refinance of an owner occupied property. The loan file does not contain a credit package in order to determine the terms of the loan. There was neither an Automated Underwriting nor Manual Approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $139,500.00 | 2844440 | |
| . | | | 1.04 (b) (xiii) SAIL 2004-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844440 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xiii) SAIL 2004-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2844440 | |
| . | | | 1.04 (b) (xiii) SAIL 2004-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2004-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2844440 | |
| . | | | 1.04 (c) (xviii) SAIL 2004-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal was not provided.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2844440 | |
| . | | | | | **Grand Total of Repurchase Demand** | | | | | $1,290,565.00 | |

.
.
.

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000030495881 | 1st | LXS 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/21/2005, in the amount of $1,500,000, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a No Income, No Documentation loan, with a 60%/70% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 03/18/2005, in the loan file. | NINENA | $1,500,000.00 | 2845310 | |
| | | | | 1.04 (b) (xii) LXS 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2005-2_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($1,831,281.19) is ($825.00) below the actual finance charge ($1,832,106.19). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i)(2)). The disclosed finance charge ($1,831,281.19) is ($825.00) below the actual finance charge ($1,832,106.19). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrowers.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845310 | |
| 2 | 000000040078958 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/01/2007, in the amount of $261,250, as a purchase of a second home condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 95% Loan to Value/Combined Loan to Value, and a 44% Debt to Income ratio. There was a Manual approval dated 02/01/2007, in the loan file. | Stated | $261,250.00 | 2845604 | |
| | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income ratio in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of the Debt to Income ratio based on the Borrower's verified income results in an increase from 44% to 1,759.51%, which exceeds the Seller's represented Debt to Income ratio of 60%. | | | 2845604 | |
| | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI<br><br>1.04 (c) (v) LXS 2007-5H_Fraud<br><br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a self-employed Regional Wholesaler for a Telemarketing and Distribution company for 4.5 years and received rental income for 3 rental properties in the amount of $781 per month on the loan application. The Borrower provided post closing income documentation for the purpose of obtaining a short sale. The Borrower provided her federal income tax returns from the subject year loan closing 2007, which indicated the Borrower's actual income from the subject year loan closing was $500 per month. In addition, the Borrower did not report receiving any rental income on her rental properties.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of the Debt to Income ratio based on the Borrower's verified income yields a Debt to Income ratio of 1,759.51%, which exceeds the Seller's represented Debt to Income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Regional Wholesaler earning $12,895 per month on the loan application and the Borrower falsely stated receipt of rental net income in the amount of $781 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845604 | |
| | | | | 1.04 (c) (v) LXS 2007-5H_Fraud<br><br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented her intent to occupy the subject property as a secondary residence. The loan file contained a post closing Material Findings Report conducted by a third party. The third party conducted a Borrower Interview wherein the Borrower stated that she never resided in the subject property and did not know why it was represented as a secondary residence. In addition, the Borrower indicated that she purchased the property for a friend who paid her just under $2,000 per month for the mortgage payments. The loan file contained a spread sheet, which indicated the Borrower had tried to purchase an additional second home at the same time as the subject property with the same Mortgage Broker with a different lender.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file that at least one named Borrower occupied the subject property as a second home.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845604 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) LXS 2007-SH_No Fraud<br><br>1.04 (c) (vii) LXS 2007-SH_No Event of Default | Straw Purchaser Transaction | Straw Purchaser Transaction | 5 | 3 | The purchase was an ineligible transaction. The subject property was purchased as a second home. The loan file contained a Material Findings Report completed post close with a third party. The report indicates the Borrower wherein the Borrower stated that she never resided in the subject property and that a friend had paid her just under $2,000 per month for the mortgage payments on the subject property. The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides for the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. The Borrower had no intention of repaying the subject loan as the loan was obtained on behalf of a third party not party to the transaction.<br><br>Despite the Seller's representations, the Borrower provided misleading information on the loan file, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845604 | |
| 3 | 000000040304586 | 1st | LXS 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/10/2007, in the amount of $427,432, as a purchase of an owner occupied townhouse located in a Planned Unit Development. The subject loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 44.66% Debt to Income ratio. There was a Manual approval dated 03/26/2007, in the loan file. | Stated | $427,432.00 | 2845680 | |
| , | | | | 1.04 (c) (v) LXS 2007-9_No Fraud<br><br>1.04 (c) (vii) LXS 2007-9_No Event of Default | Asset Misrepresentation - With Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrower misrepresented his ownership of assets. The loan file contained a verification of deposit for the Borrower's checking and savings account dated 04/04/2007, which reflected an ending balance for the Borrower's checking account of $13,705 and an ending balance for the Borrower's savings account of $14,375. An audit verification of deposit was obtained from the Borrower's financial institution, which indicated the Borrower's actual checking account balance as of 04/04/2007 was $3,705 and the Borrower's actual savings account balance as of 04/04/2007 was $2,375.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides for the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely disclosed that he had total assets of $28,079 when in fact he had actual assets in his checking and savings account of $6,079, as a result, the amount of assets disclosed was misrepresented by $22,000, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845680 | |
| . | | | | | | | | | | | | | |

| 4 | 000000040550972 | 1st | LXS 2007-10H | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/26/2007 in the amount of $532,000 for a purchase of an owner occupied, Single Family Residence. The loan was approved as a Stated Income/Stated Asset (SISA) documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.2% Debt to Income Ratio (DTI). There was a Manual approval dated 04/26/2007, in the loan file. | SISA | $532,000.00 | 2845466 |
| . | | | | 1.04 (b) (xii) LXS 2007-10H_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) LXS 2007-10H_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

The disclosed finance charge ($1,066,543.69) is ($550.40) below the actual finance charge ($1,067,094.09). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845466 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI

1.04 (c) (v) LXS 2007-10H_No Fraud

1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Per the Mortgage Electronic Registry System property report and the audit credit report, the Borrower obtained an undisclosed mortgage secured an undisclosed property located in Miami, Florida with a mortgage in the amount of $190,000 and a monthly mortgage payment of $1,385.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any party thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $1,385 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845466 |
| . | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud

1.04 (c) (vii) LXS 2007-10H_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented his intent to occupy the subject property. Accurint reported a 4 month occupancy history at the subject property from 04/2007 through 08/2007; however, the Borrower had an extensive occupancy history located in Wellington, Florida from 04/2007 through 08/2013. The audit credit report did not list the subject property located in Fort Lauderdale, Florida as the Borrower's present or prior mailing address or as an address ever occupied by the Borrower. Additional research conducted through Accurint on the Borrower's driver's license history reported that the Borrower submitted a license renewal listing the address located in Wellington, Florida on 10/03/2007, which was less than 6 months after the subject loan closing date of 04/26/2007.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any party thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845466 |

Cowen US Bank_Final Version_32

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 5:14:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 000000045540549 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/20/2007 in the amount of $185,000 for the purchase of a non-owner occupied two unit dwelling. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value, and a 44.89% Debt to Income ratio. There was a Manual approval dated $185,000, in the loan file. | Full | $185,000.00 | 2845618 |
| . | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income ratio in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of the Debt to Income ratio based on the Borrower's undisclosed debt results in an increase from 44.89% to 62.73%, which exceeds the Seller's represented Debt to Income ratio of 60%. | | | 2845618 |
| . | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI<br><br>1.04 (c) (v) LXS 2007-5H_No Fraud Present<br><br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. A review of the Mortgage Electronic Registry Systems and the audit credit report reflected the Borrower obtained an undisclosed mortgage within 30 days of the subject loan closing 02/20/2007. On 03/16/2007, the Borrower obtained an undisclosed mortgage on a property located in Salt Lake City, Utah with a loan amount of $166,000 and a monthly payment of $1,240.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower's misrepresentation her debt obligations by failing to disclose $1,240 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845618 |
| 6 | 000000045691144 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/11/2007, as a purchase of a non-owner occupied Single Family Residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Income, Verified Assets loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28% Debt to Income Ratio (DTI). There was a Manual approval dated 03/07/2007, in the loan file. | Stated | $325,000.00 | 2845474 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 28% to 1,442.32%, which exceeds the Seller's represented DTI of 60%. | | | 2845474 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. Public records revealed the Borrower obtained 2 mortgages the same day as the subject loan closing on 04/11/2007, in the amounts of $325,000 and $312,000 with monthly payments of $2,966, calculated using same payment as subject loan, and $2,955, calculated using same interest rate as the subject loan and acquired 1 undisclosed property on 01/23/2007, 79 days prior to the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 1,442.32%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrowers misrepresented her debt obligations by failing to disclose $5,925 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845474 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a self-employed Realtor earning $19,550 per month and also earning $458 per month in net rental income on the loan application. The Bankruptcy Petition obtained through Pacer and filed on 06/24/2010, indicated the Borrower earned $537 per month in 2007, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income and undisclosed debt yields a DTI of 1,442.32%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Realtor earning $19,550 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845474 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 5:14:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen US Bank_Final Version_32

| 7 | 000000045866860 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/12/2007, in the amount of $140,000, for the purchase of a non-owner occupied Single Family Residence. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.08% Debt to Income Ratio (DTI). There was a Manual approval dated 04/12/2007, in the loan file. | Full | | $140,000.00 | 2845476 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_Misrepresentation of Debt Obligations - No Red Flags Present<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records indicated the Borrower purchased an undisclosed property on 04/30/2007, 18 days after the subject loan closing on 04/12/2007 with a mortgage in the amount of $104,250 and a monthly payment of $792 which was calculated using the subject loan note rate.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $792 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845476 | |
| 8 | 000000045912425 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/28/2007, in the amount of $555,750, as a cash out refinance of an owner occupied 4 unit property. The loan was approved as a Stated Income/Verified Assets loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 50.58% Debt to Income Ratio (DTI). There was a Manual approval dated 03/27/2007, in the loan file. | Stated | | $555,750.00 | 2845477 | |
| . | | | | 1.04 (b) (xii) LXS 2007-10H_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (v) LXS 2007-10H_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($1,293,348.39) is ($44.97) below the actual finance charge ($1,293,393.36). For rescission after initiation of foreclosure, the Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge. (15 USC Sec. 1635(i)(2)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable law.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845477 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H | DTI Exceeds 60% | DTI Exceeds 60% | 2 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of (DTI) based on the Borrowers' verified income results in an increase from 50.58% to 186.69%, which exceeds the Seller's represented DTI of 60%. | | | | 2845477 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Head Tailor earning $8,978 per month on the loan application. The Co-Borrower listed income of $6,879 per month as a Tailor. The post closing tax return for 2006, the prior year to subject loan closing indicated the Borrower earned $1,317 per month and the Co-Borrower was self-employed and misrepresented employment, resulting in $0 verified income. It is unlikely the Borrower's income would have decreased considering the Borrower were with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrowers' verified income yields a DTI of 186.69%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrowers falsely stated income as a Head Tailor and Tailor earning $8,978 and $6,879 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845477 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 5 | 3 | The Co-Borrower misrepresented her employment on the loan application as a Tailor for 5 years. The loan file contained post closing documentation including the Borrowers' tax returns for 2006, the first year of the subject loan closing on 03/28/2007, which reflected the Co-Borrower was self employed. In addition, an audit Verbal Verification of Employment (VVOE) was obtained from the Co-Borrower's employer, which revealed the Co-Borrower was not employed by the employer indicated on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Co-Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Co-Borrower falsely stated employment as Tailor for 5 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845477 | |
| 9 | 000000045958295 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/09/2007, in the amount of $197,600, as a purchase of a non-owner occupied Single Family Residence (SFR). The loan was approved as a Stated Income/Verified Assets loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 28.28% Debt to Income Ratio (DTI). There was a Manual approval dated 04/09/2007, in the loan file. | Stated | $197,600.00 | 2845479 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income results in an increase from 28.28% to 80.83%, which exceeds the Seller's represented DTI of 60%. | | | 2845479 | |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income in Sales for a mortgage company earning $9,300 on the loan application. The loan file contained post closing documentation including the Borrower's 2007 tax return, which revealed the Borrower was a Loan Officer earning $3,796 per month the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 80.83%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income in Sales for a mortgage company, earning $9,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845479 | |
| . | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented his employment on the loan application. The loan application reflected the Borrower was employed in Sales for a mortgage company; however, the post closing tax return obtained through the modification process for 2007, the year of the subject loan closing, indicated the Borrower was a Loan Officer and the Bankruptcy Petition filed 06/10/2010 indicated in Section 18 of the Statement of Financial Affairs that the Borrower was also self-employed as of 08/22/2006 in a Real Estate business. Public records confirmed self-employment.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment in Sales for a mortgage company, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845479 | |

Page 76 of 206

Cowen US Bank_Final Version_32

| 10 | 000000045974250 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/10/2007, in the amount of $337,255, as a purchase of a non-owner occupied Single Family Residence. The loan was approved as a Stated Income/Verified Assets loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.38% Debt to Income Ratio (DTI). There was a Manual approval dated 04/10/2007, in the loan file. | Stated | $337,255.00 | 2845480 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of (DTI) based on the Borrower's undisclosed debt results in an increase from 34.38% to 117%, which exceeds the Seller's represented DTI of 60%. | | | 2845480 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Public records and the audit credit report indicated the Borrower acquired 7 undisclosed properties and 11 undisclosed mortgages as follows: Six mortgages were closed in the same month as the subject loan closing, 4 mortgages were closed in the prior 5 months of the subject loan closing, and 1 mortgage was closed 29 days after the subject loan closing date of 04/12/2007. Two mortgages were undisclosed refinances of the primary residence and an investment property in the amounts of $429,000 and $158,270 with monthly payments increasing by $870 and $655. The other 9 loan amounts were in the amounts of $310,000, $305,000, $310,000, $305,000, $396,000, $960,000, $240,000, $162,000, and $153,000 with undisclosed monthly payments calculated at the subject loan note rate, in the amounts of $2,384, $2345, $2384, $2,345, $3,045, $7,382, $4,706, and $1,226.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's undisclosed debt yields a DTI of 117%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $29,188 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845480 |
| 11 | 000000046113916 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/12/2007, in the amount of $410,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.70% Debt to Income Ratio (DTI). There was a Manual approval dated 04/12/2007, in the loan file. | Stated | $410,000.00 | 2845484 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's stated income of $8,250 per month and the undisclosed mortgage debts of $5,915 per month results in an increase from 39.70% to 112.91%, which exceeds the Seller's represented DTI of 60%. | | | 2845484 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. Per the Mortgage Electronic Registry System property report, the Borrower opened 4 undisclosed mortgages securing two undisclosed properties located in Oakland, CA and San Lorenzo, CA. The Borrower opened two undisclosed mortgages in the amount of $396,000 resulting in an undisclosed monthly mortgage payment of $2,475 and an undisclosed mortgage in the amount of $99,000 resulting in an undisclosed monthly mortgage payment of $1,057. The undisclosed mortgages secured the undisclosed property located in Oakland, CA and was opened on 03/26/2007, which was only 16 days prior to the subject loan closing date of 04/12/2007. The Borrower opened two undisclosed mortgages in the amount of $332,000 that resulted in an undisclosed monthly mortgage payment of $1,937 and an undisclosed mortgage in the amount of $83,000 that resulted in an undisclosed monthly mortgage payment of $446. The undisclosed mortgages secured the undisclosed property located in San Lorenzo, CA and was opened on 03/14/2007, which was only 28 days prior to the subject loan closing date of 04/12/2007. The Borrower opened a combined total of $910,000 in undisclosed mortgages with a combined total of $5,915 in undisclosed monthly mortgage payments.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income ratio (DTI) based on the Borrower's undisclosed debt of $5,915, yields a DTI of 112.91%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $5,915 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845484 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 4 | 3 | The Borrower misrepresented his ownership of assets. The Borrower falsely disclosed that he had $8,726 in down payment and 2 month's reserves. The loan file contained a Verification of Deposit (VOD) for the Borrower's checking account dated 04/06/2007, which reflected ending balances of $11,124; however, an audit verification of deposit obtained from the financial institution, revealed the Borrower's balance was $5,555 as of 04/06/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the amount of assets disclosed was misrepresented by $11,124, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845484 |
| 12 | 000000046245411 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/26/2007, in the amount of $41,705, as a purchase of a non-owner occupied, 3-Unit Family Home. The loan was approved as a Stated Income/Verified Asset documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32.38% Debt to Income (DTI). There was a Manual approval dated 04/25/2007, in the loan file. | Stated | $41,705.00 | 2845489 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. The Mortgage Electronic Registry System property report and the audit credit report reflected two undisclosed mortgages at origination. The Borrowers opened an undisclosed mortgage in the amount of $27,720 that resulted in an undisclosed monthly mortgage payment of $149 securing an undisclosed property located in Huntington, Indiana and was opened on 04/27/2007, which was only 1 day after the subject loan closing date of 04/26/2007. The Borrowers also opened an undisclosed mortgage in the amount of $38,700 that resulted in an undisclosed monthly mortgage payment of $251 securing an undisclosed property located in Fort Wayne, Indiana and was opened on 04/02/2007, which was only 24 days prior to the subject loan closing date of 04/26/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $400 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845489 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Dispatcher earning $6,000 per month on the loan application. The Co-Borrower listed income of $4,000 per month as a Physical Therapist. An audit verification of the Borrower's employment and income was conducted through The Work Number, which revealed the Borrower earned a total annual income of $44,987 over 8.90 months, or $5,055 per month during the year of the subject loan closing in 2007. In addition, the Borrowers filed a Chapter 7 Bankruptcy on 08/29/2008. The Statement of Financial Affairs found on the Borrowers' Pacer report indicated that the Borrowers earned a combined annual income of $77,015 during the year of the subject loan closing in 2007. Based on The Work Number results, the Borrower earned $44,987 in annual income during the year of 2007; therefore, the Co-Borrower would have earned the remainder of $32,028 or $2,669 per month of the combined annual income of $77,015 reported on the Pacer report for the year of the subject loan closing in 2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income earning $6,000 per month as a Dispatcher and a Therapist earning $4,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845489 |

| 13 | 00014810949 | 1st | SASC 2003-GEL1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/26/2002, in the amount of $133,065 as a purchase of an owner occupied, single family residence. The data tape indicated that the subject loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with an 84.83% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.46% Debt to Income ratio (DTI). There was neither an Automated Underwriting System (AUS) approval nor a Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $133,065.00 | 2846504 | |
| . | | | | 1.04 (b) (xii) SAS 2003-GEL1_Compliance with Applicable Law<br><br>1.04 (c) (xvi) SAS 2003-GEL1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846504 | |
| . | | | | 1.04 (c) (v) SAS 2003-GEL1_No Fraud<br><br>1.04 (c) (vii) SAS 2003-GEL1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Public School Teacher, earning $5,522 per month on the loan application. An audit re-verification of the Borrower's employment and income was obtained from a third party, which supported the Borrower's employment and revealed that the Borrower actually earned $4,110 per month during the near year of 2004. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Public School Teacher employed with the public school system earning $5,522 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846504 | |
| 14 | 00016170185 | 1st | SASC 2004-2AC | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/19/2003, in the amount of $57,800, as a purchase of a non-owner occupied, single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset) documentation loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 11/13/2003, in the loan file. | NIVA | $57,800.00 | 2846567 | |
| . | | | | 1.04 (c) (v) SAS 2004-2AC_No Fraud<br><br>1.04 (c) (vii) SAS 2004-2AC_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the Mortgage Electronic Registry System property report and the audit credit report, the Borrower opened an undisclosed mortgage in the amount of $65,450 on 11/19/2003. The undisclosed mortgage resulted in an undisclosed monthly mortgage payment of $537.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $537 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846567 | |

| # | Loan # | Lien | Deal | | Finding Category | Finding | | | Finding Detail | Doc Type | | Balance | Loan ID |
|---|--------|------|------|---|------------------|---------|---|---|----------------|----------|---|---------|---------|
| 15 | 00016279309 | 1st | SASC 2004-2AC | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/23/2003, in the amount of $104,800, as a cash-out refinance of a non-owner occupied single family residence located in a planned unit development (PUD). The loan was approved as a Full Documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32.69% Debt to Income Ratio (DTI). There was a Manual approval dated 12/16/2003, in the loan file. | Full | | $104,800.00 | 2846570 |
| | | | | 1.04 (c) (v) SAS 2004-2AC_No Fraud<br><br>1.04 (c) (vii) SAS 2004-2AC_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Per the Mortgage Electronic Registry System property report, the Borrowers refinanced a rental property on the same day as the subject loan closing date of 12/23/2003, which increased the undisclosed monthly mortgage balance from $20,725 to a new balance of $73,600. The Borrowers' undisclosed debt of $73,600 was calculated using a conservative interest rate of 5% over 360 months resulting in an increase in the Borrower's monthly mortgage payment from $220 to $395, or $175.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $175 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846570 |
| 16 | 00017092909 | 1st | SASC 2004-2AC | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/10/2003, in the amount of $191,900, as a purchase of a non-owner occupied Condominium. The loan was approved as a Full Documentation loan, with a 79.99% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.56% Debt to Income Ratio (DTI). There was Manual approval dated 10/21/2003 and a Desktop Underwriter (DU) Approve/Ineligible dated 10/21/2003, in the loan file. | Full | | $191,900.00 | 2846573 |
| | | | | 1.04 (c) (v) SAS 2004-2AC_No Fraud<br><br>1.04 (c) (vii) SAS 2004-2AC_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. The audit credit report and the Mortgage Electronic Registry System property report revealed that the Borrower opened an undisclosed mortgage in the amount of $500,000 on 09/15/2003, which was only 1 month prior to the subject loan closing date of 10/10/2003. The undisclosed mortgage resulted in an additional undisclosed monthly payment of $2,646 and secured a property located in Port St. Lucie, Florida.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $2,646 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846573 |
| 17 | 00017093485 | 1st | SASC 2004-2AC | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/23/2003, in the amount of $304,000, as a purchase of an owner occupied, single family residence. The loan was approved as a No Documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a CLUES Automated Underwriting System (AUS) approval dated 10/21/2003, in the loan file. | NINENA | | $304,000.00 | 2846574 |
| | | | | 1.04 (c) (v) SAS 2004-2AC_No Fraud<br><br>1.04 (c) (vii) SAS 2004-2AC_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Per the audit credit report, the Borrowers paid of an auto loan in the amount of $10,149 and obtained a new auto loan in the amount of $24,235 and increased the monthly debt from $298 to $457 in 09/2003, or 1 month prior to the subject loan closing date of 10/29/2003.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $159 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846574 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 18 | 00017117771 | 1st | SASC 2004-2AC | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 00/00/0000 in the amount of $192,800, as a rate and term refinance of an owner occupied detached single family residence located in a Planned Unit Development with an 80%/94.96% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' Note, Mortgage and Title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $192,800.00 | 2846575 |
| . | | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2004-2AC_Origination Practices<br><br>1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 settlement statement to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846575 |
| . | | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2004-2AC_Origination Practices<br><br>1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846575 |
| . | | | | 1.04 (c) (xviii) SAS 2004-2AC_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846575 |
| 19 | 00017120254 | 1st | SASC 2004-2AC | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/10/2003, in the amount of $281,600, as a purchase of an owner occupied detached single family residence with an 80%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage and Title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $281,600.00 | 2846576 |

| | | | | Findings | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2004-2AC_Origination Practices<br><br>1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 settlement statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 settlement statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846576 | |
| . | | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2004-2AC_Origination Practices<br><br>1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846576 | |
| . | | | | 1.04 (c) (xviii) SAS 2004-2AC_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846576 | |
| 20 | 00017141003 | 1st | SASC 2004-2AC | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/27/2003, in the amount of $300,000, as a cash out refinance of an owner occupied Town home located in a Planned Unit Development. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 52.632% Loan to Value/Combined Loan to Value. There was a Manual approval dated 10/25/2003, in the loan file. | NINENA | $300,000.00 | 2846578 | |
| . | | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2004-2AC_Origination Practices<br><br>1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrowers, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The disclosed finance charge ($232,318.30) is ($75.40) below the actual finance charge ($232,393.70). For rescission after initiation of foreclosure, the Truth in Lending considers the disclosed finance charge inaccurate if it is more than $35 below the actual finance charge.<br><br>Despite the Seller's representations, the Annual Percentage Rate and/or points and fees were not adequately disclosed to the Borrowers. | | | 2846578 | |

| 21 | 00017162959 | 1st | SASC 2004-2AC | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/21/2004, in the amount of $312,750, as a cash out refinance of a non owner occupied two unit dwelling with a 75% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage and Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $312,750.00 | 2846579 | |
| | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SAS 2004-2AC_Origination Practices  1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 settlement statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file was missing the final HUD-1 settlement statement.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846579 | |
| | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SAS 2004-2AC_Origination Practices  1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846579 | |
| | | | 1.04 (c) (xviii) SAS 2004-2AC_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846579 | |
| 22 | 00018270314 | 2nd | SASC 2004-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/30/2004, in the amount of $25,600, as a purchase money second mortgage of an owner occupied detached single family residence located in a Planned Unit Development. The loan was approved as a No Income/Verified Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value. There was a Manual approval dated 08/30/2004, in the loan file. | NIVA | $25,600.00 | 2846670 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2004-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented her debt obligations. Per Accurint, other Mortgage Electronic Registry Systems, SiteX and the audit credit report reflected the Borrower obtained undisclosed mortgages prior to and within 30 days of the subject loan closing of 08/30/2004. On 05/14/2004, the Borrower obtained undisclosed first and second mortgages to purchase a property located in Spring, Texas. The first mortgage was in the amount of $336,000 with a monthly payment of $2,764, calculated by using the subject loan mortgage interest rate amortized over 30 years, and the second mortgage was in the amount of $63,000 with a monthly payment of $561. On 08/13/2004, the Borrower obtained an undisclosed first and second mortgage to purchase a property located in Conroe, Texas. The first mortgage was in the amount of $132,000 with a monthly payment of $1,093 and the second mortgage was in the amount of $24,750 with a monthly payment of $534. On 09/14/2004, the Borrower obtained an undisclosed first and second mortgage to purchase a property located in Willis, Texas. The first mortgage was in the amount of $108,750 with a monthly payment of $703 and the second mortgage was in the amount of $29,000 with a monthly payment of $290, calculated by using 1% of the total line amount. On 09/14/2004, the Borrower obtained an undisclosed first and second mortgage to purchase a property located in Willis, Texas. The first mortgage was in the amount of $120,000 with a monthly payment of $7599 and the second mortgage was in the amount of $32,000 with a monthly payment of $320, calculated by using 1% of the total line amount.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $6,864 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846670 | |
| . | | | | 1.04 (c) (v) SAS 2004-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S4_No Event of Default | Misrepresentation of Housing History - With No Red Flags Present | Misrepresentation of Housing History | 2 | 3 | The Borrower misrepresented her housing history. Per the loan application, the Borrower was renting her current primary residence for 3 months paying $0 in monthly rent. The loan file did not contain a verification of rent or a rent free letter. Audit research revealed the Borrower actually purchased the departing residence on 05/14/2004, 3 months prior to subject loan closing on 08/30/2004.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated on the loan application that she rented her current residence for 3 months with a monthly payment of $0, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846670 | |
| . | | | | 1.04 (c) (v) SAS 2004-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S4_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. The Borrower continued to reside at the departing residence after the subject loan closing on 08/30/2004. Accurint reflects the Borrower residing at the departing residence from 06/2004 through 08/2013. In addition, Accurint reflects a tenant residing in the subject property from 10/2004 through 01/2007. A review of the Borrower's Driver License search reveals the Borrower had never used the subject property to obtain a drivers license; however, on 12/30/2004, four months after the subject loan closing date, the Borrower obtained a drivers license using the departing address. Phone records indicate the Borrower had never used the subject property address to obtain phone service; however, the Borrower did have phone service using the departing address. The loan file contained Evidence of Insurance for the subject property whereas the insurance policy reflected the Borrower's mailing address as the departing residence.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846670 | |
| 23 | 00018289231 | 2nd | SASC 2004-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/16/2004, in the amount of $26,985, as a purchase money second mortgage of a non owner occupied two unit dwelling. The loan was approved as a Full Documentation loan, with a 14.99%/94.99% Loan to Value/Combined Loan to Value, and a 37% Debt to Income ratio. There was a Manual approval dated 09/15/2004, in the loan file. | Full | $26,985.00 | 2846671 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2004-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. A review of the Mortgage Electronic Registry Systems and the audit credit report reflected the Borrowers obtained 5 undisclosed mortgages prior to and within 30 days of the subject loan closing of 09/16/2004. On 07/05/2004, the Borrowers obtained an undisclosed mortgage on a property located in Spring, Texas with a loan amount of $120,640 and a monthly payment of $1,265. On 09/24/2004, the Borrowers obtained a first and second mortgage to purchase a property located in Surprise, Arizona. The first mortgage had a loan amount of $117,735 with a monthly payment of $715 and the second mortgage had a loan amount of $22,073 with a monthly payment of $156. On 08/27/2004, the Borrowers obtained an undisclosed mortgage on a property located in Cape Coral, Florida with a loan amount of $152,100 and a monthly payment of $1,273. On 08/09/2004, the Borrowers obtained an undisclosed mortgage on a property located in Mesa, Arizona with a loan amount of $145,340 and a monthly payment of $954.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $4,363 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846671 | |
| 24 | 00018356220 | 2nd | SASC 2004-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/15/2004, in the amount of $35,000, as a purchase money second mortgage of a detached single family residence with a 20%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, Title Policy and Homeowner's insurance policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $35,000.00 | 2846674 | |
| . | | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 settlement statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 settlement statement is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846674 | |
| . | | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846674 | |
| . | | | | 1.04 (c) (xviii) SAS 2004-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846674 | |
| 25 | 00018370775 | 2nd | SASC 2005-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/09/2004, in the amount of $15,450, as a purchase money second mortgage of an owner occupied detached single family residence with a 15%/94.99% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Final HUD-1 settlement statement from the subject mortgage, Note, Mortgage, Title policy and Home owner's policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $15,450.00 | 2846756 | |

Cowen US Bank_Final Version_32

| # | Loan # | Lien | Deal | Finding | Finding Type | Finding Subtype | Codes | Description | Occupancy | Amount | Doc ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xiii) SAS 2005-S2_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2005-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846756 |
| . | | | | 1.04 (b) (xviii) SAS 2005-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846756 |
| 26 | 00018413708 | 2nd | SASC 2004-S4 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 09/24/2004, in the amount of $33,500, as a purchase money second mortgage of a non-owner occupied detached single family residence with an 18.61%/98.61% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Final HUD-1 Settlement statement, Note, Mortgage, Title Policy and Home owner's insurance policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $33,500.00 | 2846675 |
| . | | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable law. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846675 |
| . | | | | 1.04 (b) (xviii) SAS 2004-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846675 |
| 27 | 00018881169 | 2nd | SASC 2005-S2 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 12/07/2004, in the amount of $87,800, as a purchase money second mortgage of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 21%/100% Loan to Value/Combined Loan to Value, and a 43.57% Debt to Income ratio. There was a Manual approval dated 11/16/2004, in the loan file. | Stated | $87,800.00 | 2846759 |
| . | | | | 1.04 (c) (v) SAS 2005-S2_No Fraud / 1.04 (c) (vii) SAS 2005-S2_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower did not reside in the subject property after the subject loan closing of 12/07/2004; however, continued to reside in the departing residence. Accurint reflects the Borrower residing at the departing residence from 12/2002 through 07/2012. Public records reflect a tenant residing in the subject property from 01/2005 through10/2010. Phone records reveal the Borrower has obtained phone service using the departing address; however, there are no records of the Borrower obtaining phone service using the subject property address. In 05/2005, the State of California filed a state tax lien for the Borrower reflecting the Borrower's address as the departing address. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846759 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 9/30/2013 5:14:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen US Bank_Final Version_32

| 28 | 00018923649 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/29/2004, in the amount of $43,000, as a purchase money second mortgage of a second home detached single family residence located in a Planned Unit Development. A review of the Mortgage Electronic Registry Systems and the audit credit report reflected the Borrower obtained two undisclosed mortgages prior to the subject loan closing of 12/15/2004. On 12/06/2004, the Borrower obtained two undisclosed mortgages to purchase a property located in Spring, Texas. A first mortgage was obtained in the amount of $215,200 with a monthly payment of $1,740 and a second mortgage was obtained in the amount of $53,800 with a monthly payment of $492.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $2,232 in additional monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | SISA | $43,000.00 | 2846741 |
| . | | | | 1.04 (c) (v) SAS 2005-S1_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | | | | 2846741 |
| 29 | 00019259639 | 2nd | SASC 2004-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/20/2004, in the amount of $35,600, as a purchase money second mortgage of an attached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 40.05% Debt to Income ratio. There was a Manual approval dated 10/19/2004, in the loan file. | Stated | $35,600.00 | 2846685 |
| . | | | | 1.04 (c) (v) SAS 2004-S4_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Real Estate Marketing Assistant for 2 years, earning $6,800 per month on the loan application. On 01/30/2007, the Borrower filed a Chapter 7 Bankruptcy with the District of Arizona United States Bankruptcy Court. Per the Statement of Financial Affairs, the Borrower's actual income for the subject year loan closing 2004 was $1,639 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Real Estate Marketing Assistant earning $6,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846685 |
| 30 | 00019291509 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/27/2004, in the amount of $10,000, as a purchase of a non-owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with a 16.67%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 20.31% Debt to Income Ratio (DTI). There was a Manual approval dated 10/25/2004, in the loan file. | Stated | $10,000.00 | 2846746 |
| . | | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-S1_Origination Practices | Final TIL Invalid/Incomplete/Incorrect/Stale / Not Executed | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a valid final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the TIL contained in the loan file was invalid for the following reason: Although there is what appears to be a final TIL in the loan file, the Borrower did not sign the TIL; therefore, there is no evidence the subject loan was properly disclosed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846746 |

| # | Loan No | | Deal | | Finding Category | Finding | Finding Subtype | | | Description | | | Amount | ID |
|---|---------|--|------|--|------------------|---------|-----------------|--|--|-------------|--|--|--------|-----|
| | | | | 1.04 (c) (v) SAS 2005-S1_No Fraud / 1.04 (c) (xii) SAS 2005-S1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | | The Borrower misrepresented his debt obligations. The borrower's post-closing audit credit report reflected the Borrower acquired 4 undisclosed mortgages on 07/20/2004, 3 months prior to the subject loan closing on 10/27/2004, another on 10/15/2004, 12 days prior to the subject closing, and 2 mortgages on 11/23/2004, 27 days after the subject loan closing, in the amounts of $100,000, $58,500, $51,200 and $10,000 with monthly payments of $333, $464, $358, and $85. | | | | 2846746 |
| | | | | | | | | | Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. | | | | |
| | | | | | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | | |
| | | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | | |
| | | | | | | | | | Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,240 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | |
| . | | | | 1.04 (c) (xviii) SAS 2005-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. | | | | 2846746 |
| | | | | | | | | | The Seller represented and warranted, in part, that the appraisal complied with FIRREA. | | | | |
| | | | | | | | | | Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | |
| 31 | 00019362268 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 11/15/2004, in the amount of $22,900, as a purchase of a non-owner occupied property. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Hazard Insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $22,900.00 | 2846747 |
| . | | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2005-S1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file. | | | | 2846747 |
| | | | | | | | | | The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. | | | | |
| | | | | | | | | | Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | |
| | | | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | |
| . | | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2005-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. | | | | 2846747 |
| | | | | | | | | | The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. | | | | |
| | | | | | | | | | Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | |
| | | | | | | | | | Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | |
| . | | | | 1.04 (c) (xviii) SAS 2005-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. | | | | 2846747 |
| | | | | | | | | | The Seller represented and warranted, in part, that the appraisal complied with FIRREA. | | | | |
| | | | | | | | | | Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | |
| 32 | 00030110878 | 2nd | SASC 2005-S2 | | Loan Summary | Loan Summary | | 0 | 0 | The subject loan closed on 01/13/2005, in the amount of $65,000, as a purchase of an owner occupied condominium. The loan was approved as a No Income, Verified Assets (No Ratio) loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 01/12/2005, in the loan file. | NIVA | $65,000.00 | 2846769 |

Cowen US Bank_Final Version_32

| | | | | 1.04 (c) (v) SAS 2005-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records and the audit credit report reflected the Borrower purchased an undisclosed property on 12/14/2004, 26 days prior to the subject loan closing on 01/13/2005, and acquired a first and second mortgage in the amounts of $447,920 and $111,980 with monthly payments of $2,497 and $925.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $3,422 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846769 | |
| . | | | | 1.04 (c) (v) SAS 2005-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Public records indicated the Borrower did not occupy the subject property; however, resided at his place of self employment from 11/1999 to 04/2012. Public records indicated another individual occupied the subject property from 10/1996 to 08/2013. The Borrower did not occupy the subject property after the closing date of 01/13/2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846769 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 5:14:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| # | Loan # | Lien | Deal | Category | Sub-Category | Exception | Sub-Exception | | | Finding | Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 33 | 00030366298 | 2nd | SASC 2005-S5 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/21/2005, in the amount of $24,924.00, as a cash out refinance of a non-owner occupied property. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $24,924.00 | 2846809 |
| | | | | | 1.04 (b) (xiii) SAS 2005-S5_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2005-S5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846809 |
| | | | | | 1.04 (c) (xviii) SAS 2005-S5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846809 |
| 34 | 00030420426 | 1st | SASC 2005-S3 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/22/2005, in the amount of $72,600, as a cash out refinance of a non-owner occupied property. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' signed Note, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $72,600.00 | 2846791 |
| | | | | | 1.04 (b) (xiii) SAS 2005-S3_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2005-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846791 |
| | | | | | 1.04 (c) (xviii) SAS 2005-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846791 |
| 35 | 00030456644 | 1st | SASC 2005-S3 | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/28/2005, in the amount of $124,000. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Hazard Insurance, Title, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $124,000.00 | 2846792 |

| | | | | 1.04 (b) (xiii) SAS 2005-S3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846792 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 5:14:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen US Bank_Final Version_32

| | | | | | | | | Description | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (c) (xviii) SAS 2005-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846792 |
| 36 | 00030858914 | 1st | LMT 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/16/2005, as a rate and term refinance of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 53.95%/69.83% Loan to Value/Combined Loan to Value, and a 30.24% Debt to Income ratio. There was a Manual approval dated 05/16/2005, in the loan file. | Stated | $321,000.00 | 2845149 |
| | | | 1.04 (c) (v) LMT 2005-1_No Fraud<br><br>1.04 (c) (vii) LMT 2005-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a Heating and Air Conditioning business for 8 years, earning $30,000 per month on the loan application. On 08/21/2009, the Borrower filed a Chapter 13 Bankruptcy in the Northern District of California United States Bankruptcy Court. Per the Statement of Financial Affairs, the Borrower's income for the year 2007 was $1,443 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self employed with the same business and in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner of a Heating and Air Conditioning business earning $30,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845149 |
| 37 | 00030930580 | | SAIL 2005-HE3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/09/2005, in the amount of $472,000, as a purchase of a detached single family residence with an 80%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, Final HUD-1 settlement statement, Title Policy and Evidence of Home owner's insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $472,000.00 | 2845861 |
| | | | 1.04 (b) (xiii) SAIL 2005-HE3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAIL 2005-HE3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845861 |
| | | | 1.04 (c) (xviii) SAIL 2005-HE3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845861 |
| | | | | | | **Grand Total of Repurchase Demand** | | | | **$8,207,061.00** | |

Cowen US Bank_Final Version_32
.
.

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 5:14:56 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen US Bank_Final Version_31

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000018670158 | 1st | SASC 2005-7XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2004, in the amount of $111,120, as a purchase of a second home detached single family residence. The loan was approved as a No Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value. There was a Manual approval dated 11/18/2004, in the loan file. | NIVA | $111,120.00 | 2846700 | |
| . | | | | 1.04 (c) (v) SAS 2005-7XS_No Fraud 1.04 (c) (vii) SAS 2005-7XS_No Event | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. A review of the audit credit report, Mortgage Electronic Registration System and SiteX.com revealed the Borrower obtained 2 undisclosed mortgages prior to the subject loan closing of 11/22/2004. On 09/14/2004, the Borrower acquired a first and second mortgage to purchase a property located in Antioch, California. The first mortgage was in the amount of $400,000 with a monthly payment of $2,411 and the second mortgage was in the amount of $100,000 with a monthly payment of $682, calculated by utilizing the subject mortgage qualifying interest rate amortized over 30 years. | | | 2846700 | |
| . | | | | 1.04 (c) (v) SAS 2005-7XS_No Fraud - With Red Flags Present 1.04 (c) (vii) SAS 2005-7XS_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application. The loan application did not reflect the Borrower's employment information; however, the loan file contained a verbal verification of employment which indicated the Borrower was employed as an Administrative Manager for 3 months. An audit verification of employment was obtained, from the employer, which indicated the Borrower never worked for the employer.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as an Administrative Manager for 3 months, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846700 | |
| 2 | 000000019754720 | 1st | SARM 2005-8XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/04/2005, in the amount of $720,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets (Limited Doc) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.63% Debt to Income Ratio (DTI). There was a Manual approval dated 01/27/2005, in the loan file. | Stated | $720,000.00 | 2846200 | |
| . | | | | 1.04 (c) (v) SARM 2005-8XS_No Fraud - No Red Flags Present 1.04 (c) (vii) SARM 2005-8XS_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income and rental income. The Borrower falsely stated income as a Master Black belt earning $24,350 per month on the loan application. The audit verification of employment obtained through The Work Number reflected the Borrower earned $20,932 per month in 2005, the year of the subject loan closing. The Borrower also stated an investment property with a market value of $239,000, had rental income of $2,100; however, the Borrower misrepresented occupancy of the subject and occupied the investment property thus invalidating the rental income and increased the negative net rental income from $611 to $2,711 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as a Master Black belt earning $24,350 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2846200 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 2:51:39 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1467**

| | | | | | 1.04 (c) (v) SARM 2005-8XS_No Fraud<br><br>1.04 (c) (vii) SARM 2005-8XS_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The public records and utility records indicated the Borrower did not occupy the subject property after the subject loan closing date of 05/04/2005 and occupied a property listed on the loan application as an investment property from 05/2001 to 08/2013. The public records indicated numerous individuals occupied the subject property from 05/2005 to 09/2013.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846200 |
| 3 | 000000030131262 | 1st | SARM 2005-8XS | | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/26/2005, in the amount of $112,000, as a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Stated Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 43.036% Debt to Income ratio. There was a Manual approval dated 01/25/2005, in the loan file. | SISA | $112,000.00 | 2846207 |
| | | | | | 1.04 (c) (v) SARM 2005-8XS_No Fraud<br><br>1.04 (c) (vii) SARM 2005-8XS_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Receptionist for 8 months, earning $3,100 per month on the loan application. The Borrower provided post closing income documentation for the purpose of obtaining a Home Modification loan. The Borrower provided her subsequent year federal income tax returns for 2006, which verified the Borrower's actual income was $2,561 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Receptionist earning $3,100 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846207 |

Cowen US Bank_Final Version_31

| 4 | 000000031101124 | 1st | LXS 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/24/2005, in the amount of $110,250.00, as a purchase of a second home of a detached single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 90% Loan to Value/Combined Loan to Value. There was a Manual approval dated 07/12/2005, in the loan file. | NINENA | $110,250.00 | 2845355 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) LXS 2005-4_No Fraud<br><br>1.04 (c) (vii) LXS 2005-4_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented her intent to occupy the subject property as a second home. The Borrower purchased the subject property as a second home. The loan file contained a hardship letter, wherein the Borrower revealed the subject property was purchased for the Borrower's daughter to reside in. Accurint reflects the Borrower's daughter residing in the subject property from 08/2005 to 01/2008.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as a second home transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845355 |
| . | | | | 1.04 (c) (v) LXS 2005-4_No Fraud<br><br>1.04 (c) (vii) LXS 2005-4_No Event of Default | Straw Purchaser Transaction | Straw Purchaser Transaction | 2 | 3 | The purchase was an ineligible transaction. The Borrower purchased the subject property as a second home. The loan file contained a hardship letter, whereas the Borrower revealed the subject property was purchased for the Borrower's daughter to reside in.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Borrower had no intention of repaying the subject loan as the loan was obtain on behalf of a third party not party to the transaction.<br><br>Despite the Seller's representations, the Borrower provided misleading information on the loan file, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845355 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 000000033731761 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/12/2007, in the amount of $219,900, for a purchase of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value, and a 46.98% Debt to Income ratio. There was a Manual approval dated 01/12/2007, in the loan file. | Stated | $219,900.00 | 2845582 |
| . | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income ratio in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of Debt to Income ratio based on the Borrower's verified income results in an increase from 46.98% to 321.87%, which exceeds the Seller's represented Debt to Income ratio of 60%. | | | 2845582 |
| . | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI<br><br>1.04 (c) (v) LXS 2007-5H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Home Health Aide for 3 years, earning $5,500 per month on the loan application. On 09/28/2009, the Borrower filed a chapter 7 bankruptcy in the Middle District of Florida, Orlando Division United States Bankruptcy Court. Per the Statement of Financial Affairs, the Borrower's income for the subject year loan closing 2007 was $805 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of the Debt to Income ratio based on the Borrower's verified income yields a Debt to Income ratio of 321.87%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated her income as a Home Health Aide earning $5,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2845582 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 2:51:39 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen US Bank_Final Version_31

**Digital Risk - Loan Review Findings**
08-13555-mg    Doc 46080-11    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 7    Pg 98 of 206

| 6 | 000000040032658 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/24/2007, in the amount of $47,5400, as a purchase of a non owner occupied two unit property. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value, and a 45% Debt to Income ratio. There was a Manual approval dated 01/24/2007, in the loan file. | Stated | $175,000.00 | 2845599 |
| . | | | 1.04 (c) (v) LXS 2007-5H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Security Guard for 3.5 years, earning $2,800 per month on the loan application. The Borrower provided post closing income documentation or the purpose of obtaining a home modification mortgage. The Borrower's post closing income documentation included his Federal Income tax returns from the subject year loan closing 2007, which reflected the Borrower's actual self-employment income was $1,496 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Security Guard earning $2,800 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845599 |
| 7 | 000000040032997 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/24/2007, in the amount of $83,420, as a purchase of a non owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 100% Loan to Value/Combined Loan to Value, and a 44% Debt to Income ratio. There was a Manual approval dated 01/17/2007, in the loan file. | Stated | $83,420.00 | 2845600 |
| . | | | 1.04 (b) (xviii) LXS 2007-5H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income ratio in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of the Debt to Income ratio based on the Borrower's verified income and undisclosed debts results in an increase from 44% to 77.11%, which exceeds the Seller's represented Debt to Income ratio of 60%. | | | 2845600 |

Cowen US Bank_Final Version_31

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI<br><br>1.04 (c) (v) LXS 2007-5H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations as a result of the Mortgage Electronic Registry Systems and the audit credit report reflect the Borrower obtained 5 undisclosed mortgages prior to the subject loan closing of 01/24/2007. On 11/20/2006, the Borrower obtained an undisclosed first and second mortgage refinance on a property located in Southfield, Michigan. A first mortgage was obtained in the amount of $296,800; the second mortgage was in the amount of $55,650.The undisclosed monthly payment difference for both mortgages was $392. On 05/03/2006, the Borrower obtained a first and second mortgage on a property located in Detroit, Michigan. A first mortgage was obtained in the amount of $59,750 with a monthly payment of $536 and a second mortgage was obtained in the amount of $25,530 with a monthly payment of $230. On 11/28/2006, the Borrower obtained an undisclosed mortgage on a property located in Detroit, Michigan with a loan amount of $65,000 and a monthly payment of $1,108.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of the Debt to income ratio based on the Borrower's undisclosed debt and verified income yields a Debt to Income ratio of 77.11%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $2,265 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845600 |
| . | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI<br><br>1.04 (c) (v) LXS 2007-5H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Machine Set-up Operator for a Car Manufacturer for 8 years, earning $12,500 per month on the loan application. An audit verification of employment was obtained from the employer, which revealed the Borrower's actual income for the subject year loan closing 2007 was $6,417 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of the Debt to Income ratio based on the Borrower's verified income and undisclosed debts yields a Debt to Income ratio of 77.11%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Machine Set-up Operator earning $12,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845600 |
| 8 | 000000040045536 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/25/2007, in the amount of $516,000, as a purchase of a second home condominium. The loan was approved as a No Income, Verified Assets (No Ratio) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 01/24/2007, in the loan file. | NIVA | $516,000.00 | 2845601 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 2:51:39 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Page 99 of 206

Cowen US Bank_Final Version_31

| . | | | 1.04 (c) (v) LXS 2007-5H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. Public records and post closing documentation obtained through the modification process indicated the Borrower never occupied the subject property as a second home. The tax return for 2007, the year of the subject loan closing, indicated rental income and since the Borrower only owned the subject property and the primary residence which, is still their primary residence, evidence supports the conclusion that the subject property was an investment property and not a second home. A financial statement prepared by the Borrower for modification stated the subject was never occupied and a hardship letter indicated the subject property was purchased with the intent to rent. Public records indicated numerous other individuals occupied the subject property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as a second home transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845601 | |
| 9 | 000000040561961 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/01/2007, in the amount of $498,950, as a purchase of an owner occupied, single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with a 99.99% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 26.23% Debt to Income Ratio (DTI). There was a Manual approval dated 03/20/2007, in the loan file. | Stated | $498,950.00 | 2845467 | |
| . | | | 1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a self-employed President/Owner of an education service business for 5 years. Research conducted through Accurint revealed that the Borrower was an owner of an additional fruit, vegetable and bakery market company, which was not disclosed at origination, which reflected operational dates from 05/26/2004 to 2011, which covers the subject closing date of 05/01/2007. Accurint also confirmed that the businesses were registered in the Borrower's name at the Borrower's primary residence.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as the President/Owner of an education service business for 5 year and did not disclose the additional business as required, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845467 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 2:51:39 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen US Bank_Final Version_31

| 10 | 000000045474947 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/01/2007 in the amount of $17,500.00 for the purchase of a non owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 95% Loan to Value/Combined Loan to Value, and a 43.699% Debt to Income ratio. There was a Manual approval dated 02/26/2007, in the loan file. | Stated | | $617,500.00 | 2845617 |
| . | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income ratio in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of the Debt to Income ratio based on the Borrower's verified income and undisclosed debt results in an increase from 43.699% to 111.43%, which exceeds the Seller's represented Debt to Income ratio of 60%. | | | | 2845617 |
| . | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI<br><br>1.04 (c) (v) LXS 2007-5H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented his debt obligations. A review of the Mortgage Electronic Registry Systems and the audit credit report reflected the Borrower obtained two undisclosed mortgages on the same day as the subject loan closing 03/01/2007. On 03/01/2007, the Borrower obtained two undisclosed mortgages to purchase a property located in Marco Island, Florida. The first mortgage had a loan amount of $1,762,500 with a monthly payment of $14,500, calculated by utilizing the subject mortgage rate amortized over 30 years and a second mortgage was obtained in the amount of $352,500 with a monthly payment of $3,525, calculated by using 1% of the total line amount.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of the Debt to Income ratio based on the Borrower's undisclosed debt and verified income yields a Debt to Income ratio of 111.43%, which exceeds the Seller's represented Debt to Income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $18,025 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845617 |
| . | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI<br><br>1.04 (c) (v) LXS 2007-5H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed President of a Property Acquisitions company for 2.2 years, earning $98,500 per month on the loan application. The Borrower submitted post closing income documentation for the purpose of obtaining a short sale. The Borrower provided his 2006 Federal Income tax returns, which revealed the Borrower's actual income was $52,008 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of the Debt to Income ratio based on the Borrower's verified income and undisclosed debt yields a Debt to Income ratio of 111.43%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed President of a Property Acquisitions company earning $98,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2845617 |

| # | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 000000045944493 | 1st | LXS 2007-9 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/10/2007, in the amount of \$480,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.60% Debt to Income Ratio (DTI). There was a Manual approval dated 04/06/2007, in the loan file. | Stated | \$480,000.00 | 2845685 |
| . | | | 1.04 (c) (v) LXS 2007-9_No Fraud  1.04 (c) (vii) LXS 2007-9_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated rental income as \$1,500 per month on the loan application for the proposed departure residence. Public records and the Bankruptcy petition filed 10/05/2011 indicated the Borrower remained at the proposed departure residence and rental income was invalid.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated rental income as \$1,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845685 |
| . | | | 1.04 (c) (v) LXS 2007-9_No Fraud  1.04 (c) (vii) LXS 2007-9_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. Public records and the Bankruptcy Petition, filed 10/05/2011, revealed the Borrower remained at the proposed departure residence from 10/26/2005 to 10/31/2009 and did not occupy the subject property after the subject loan closing of 04/10/2007. Public records also indicated other individuals occupied the subject property from 10/1991 to 08/2013.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845685 |
| 12 | 000000046037362 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/30/2007, in the amount of \$310,000, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.75% Debt to Income Ratio (DTI). There was a Manual approval dated 04/06/2007, in the loan file. | Stated | \$310,000.00 | 2845482 |

Cowen US Bank_Final Version_31

**Digital Risk - Loan Review Findings**

Cowen US Bank_Final Version_31    08-13555-mg    Doc 46080-11    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment part 03 of 206

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a recalculation of DTI based on the Borrower's undisclosed debt results in an increase from 48.75% to 115.73%, which exceeds the Seller's represented DTI of 60%. | | 2845482 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented her debt obligations. Public records and an audit credit report reflected the Borrower purchased 2 undisclosed properties on 02/15/2007 and 03/28/2007, both prior to the subject loan closing of 04/30/2007. The Borrower acquired 2 first and second mortgages in the amounts of $184,000, $46,000, $269,250 and $89,750 with monthly payments of $1,383, $412, $1,836 and $898.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the Borrower's undisclosed debt yields a Debt to Income Ratio (DTI) of 115.73%, which exceeds the Seller's represented Debt to income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $4,529 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845482 |
| 13 | 00014257075 | 1st | SASC 2004-GEL2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/28/2002, in the amount of $118,750. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage and Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $118,750.00 | 2846621 | |
| . | | | | 1.04 (b) (xiii) SAS 2004-GEL2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-GEL2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 settlement statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2846621 |

Cowen US Bank_Final Version_31

**Digital Risk – Loan Review Findings**
08-13555-mg   Doc 46080-11   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
121 Pg 104 of 206

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xiii) SAS 2004-GEL2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-GEL2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2846621 | |
| . | | | 1.04 (c) (xviii) SAS 2004-GEL2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2846621 | |
| 14 | 00015045313 | 1st | SASC 2004-GEL1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/25/2003, in the amount of $190,000, as a cash out refinance of an owner occupied detached single family residence. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Mortgage and a Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $190,000.00 | 2846613 | |
| . | | | 1.04 (b) (xiii) SAS 2004-GEL1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xii) SAS 2004-GEL1_Mortgage File<br><br>1.04 (c) (xvii) SAS 2004-GEL1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrowers and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2846613 | |
| . | | | 1.04 (b) (xiii) SAS 2004-GEL1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-GEL1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 settlement statement to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2846613 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xiii) SAS 2004-GEL1_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846613 |
| | | | | 1.04 (c) (xvii) SAS 2004-GEL1_Origination Practices | | | | | | | | |
| . | | | | 1.04 (b) (xiii) SAS 2004-GEL1_Compliance with Applicable Law - Deemed MnA | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 5 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846613 |
| | | | | 1.04 (c) (xvii) SAS 2004-GEL1_Origination Practices | | | | | | | | |
| . | | | | 1.04 (c) (xviii) SAS 2004-GEL1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846613 |
| 15 | 00015086952 | 2nd | SASC 2004-GEL1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/30/2003, in the amount of $92,000. The subject loan was a purchase of an owner occupied single family residence located in a planned unit development. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file and the data tape did not provide any information on the subject loan. The loan file only included the loan application, a partial appraisal report, HUD-1 Settlement Statement, the Note, the Mortgage and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $92,000.00 | 2846614 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (iii) SAS 2004-GEL1_Hazard and Flood<br><br>1.04 (c) (i) SAS 2004-_Enforceable Hazard Policy<br><br>1.04 (c) (xxii) SAS 2004-GEL1_Enforceable Insurance Policy | Failure to Obtain Sufficient Flood and/or HOI Coverage | Failure to Obtain Flood/Hazard Insurance | 1 | 3 | The buildings or other improvements on the subject property were required to have adequate hazard insurance coverage for the subject property. The applicable guidelines required homeowner's insurance certificate detailing adequate coverage of the subject property and naming the lender as loss payee and a copy of the Flood certificate.<br><br>Despite this requirement, there is no evidence in the file the Underwriter requested or obtained the required homeowners insurance certificate detailing adequate coverage for the subject property and naming the lender as the loss payee as required or the Flood certificate to determine if the subject property is zoned in a flood area requiring flood insurance coverage.<br><br>The Seller represented and warranted, in part, that the subject property would be insured by a generally accepted insurer against flood, loss by fire, hazards of extended coverage and such other hazards as are customary in the area where the related Mortgaged Property is located pursuant to insurance policies conforming to the requirements of the guidelines of FNMA or FHLMC.<br><br>Despite the Seller's representations, there is no evidence in the file the subject property complied with the homeowner's insurance requirements. | | | 2846614 | |
| . | | | | 1.04 (b) (xiii) SAS 2004-GEL1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-GEL1_Origination Practices | Failure to Obtain the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846614 | |
| . | | | | 1.04 (c) (v) SAS 2004-GEL1_No Fraud<br><br>1.04 (c) (vii) SAS 2004-GEL1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a self-employed Owner of a home based auto paint touch up business for 2 years, earning $4,900 per month on the loan application. The loan file included the Borrower's 2003 income tax returns in the post-closing documents, which revealed that the Borrower only earned $365 per month during the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Owner of a home based auto paint touch up business earning $4,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846614 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (xviii) SAS 2004-GEL1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 3 | The subject loan was subject to a qualified appraisal. Title VIII of the Financial Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, the appraisal report was incomplete and did not include the required pictures or addendums to the appraisal report. There is no evidence in the file that the origination appraisal contained in the loan file was complete and complied with the Act. | | | 2846614 | |
| 16 | 00015115066 | | SASC 2003-GEL1 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 01/31/2003, in the amount of $158,000. The subject loan was a purchase of an owner occupied single family residence located in a planned unit development. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file and the data tape did not provide any information on the subject loan. The loan file only contained the Mortgage, loan application and the first 2 pages of the appraisal. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $158,000.00 | 2846506 | |
| . | | | | 1.04 (b) (xii) SAS 2003-GEL1_Compliance with Applicable Law  1.04 (c) (xvi) SAS 2003-GEL1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846506 | |
| . | | | | 1.04 (b) (xii) SAS 2003-GEL1_Compliance with Applicable Law  1.04 (c) (xvi) SAS 2003-GEL1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 4 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA). Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. | | | 2846506 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2003-GEL1_No Fraud<br><br>1.04 (c) (vii) SAS 2003-GEL1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 5 | 3 | The Borrower misrepresented his employment on the loan application. Per the loan application, the Borrower was employed as a Project Manager of a roofing/sheet metal company for 10 years. An audit verbal verification of employment and income was obtained from the employer, which revealed the Borrower was only employed with the business from 10/25/2004 through 05/26/2006, which was 1 year and 9 months after the subject loan closing date of 01/31/2003.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation. Despite the Seller's representations, the Borrower falsely stated employment as Project Manager of a sheet metal/roofing company for 10 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846506 | |
| . | | | | 1.04 (c) (v) SAS 2003-GEL1_No Fraud<br><br>1.04 (c) (vii) SAS 2003-GEL1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 6 | 3 | The Borrower falsely stated income as a Project Manager of a sheet metal/roofing company, earning $5,750 per month. An audit verbal verification of employment and income was obtained from the employer, which indicated that the Borrower was only employed with the business from 10/25/2004 through 05/26/2006, which was 1 year and 9 months after the subject loan closing date of 01/31/2003.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Project Manager of a sheet metal/roofing company, earning $5,750 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846506 | |
| 17 | 00017042797 | 1st | SASC 2004-2AC | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/23/2003, in the amount of $287,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file and the data tape did not provide any information on the subject loan. The loan file only contained the Borrower's Note, the Mortgage, and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $287,000.00 | 2846572 | |

| | | | | 1.04 (b) (iii) SAS 2004-2AC_Hazard and Flood<br><br>1.04 (c) (i) SAS 2004-2AC_Enforceable Hazard Policy<br><br>1.04 (c) (xxii) SAS 2004-2AC_Enforceable Insurance Policy | Failure to Obtain Sufficient Flood and/or HOI Coverage | Failure to Obtain Flood/Hazard Insurance | 1 | 3 | The buildings or other improvements on the subject property were required to have adequate hazard insurance coverage for the subject property. The applicable guidelines required Homeowner's insurance certificate detailing adequate coverage of the subject property and naming the lender as loss payee and a copy of the Flood certificate.<br><br>Despite this requirement, there is no evidence in the file the Underwriter requested or obtained the required homeowners insurance certificate detailing adequate coverage for the subject property and naming the lender as the loss payee as required or the Flood certificate to determine if the subject property is zoned in a flood area requiring flood insurance coverage.<br><br>The Seller represented and warranted, in part, that the subject property would be insured by a generally accepted insurer against flood, loss by fire, hazards of extended coverage and such other hazards as are customary in the area where the related Mortgaged Property is located pursuant to insurance policies conforming to the requirements of the guidelines of FNMA or FHLMC.<br><br>Despite the Seller's representations, there is no evidence in the file the subject property complied with the homeowner's insurance requirements. | | | 2846572 | |
| | | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2004-2AC_Origination Practices<br><br>1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846572 | |
| | | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2004-2AC_Origination Practices<br><br>1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846572 | |
| | | | | 1.04 (c) (xviii) SAS 2004-2AC_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846572 | |

| 18 | 00019265446 | 2nd | SASC 2004-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/23/2004, in the amount of $88,000, as a purchase money second mortgage of an owner occupied detached single family residence, with a 20%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's final HUD-1 settlement statement, Note, Mortgage, Title Policy and home owner's insurance policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $88,000.00 | 2846686 | |
| . | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846686 | |
| . | | | 1.04 (c) (xviii) SAS 2004-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2846686 | |
| 19 | 00019273051 | 2nd | SASC 2004-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/28/2004, in the amount of $18,100, as a purchase money second mortgage of a non owner occupied detached single family residence, with a 20%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's final HUD-1 settlement statement, Note, Mortgage, Title Policy and home owner's insurance policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $18,100.00 | 2846687 | |
| . | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846687 | |
| . | | | 1.04 (c) (xviii) SAS 2004-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2846687 | |

| 20 | 00019515436 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/29/2004 in the amount of $96,100, as a purchase money second mortgage of an owner occupied 4 unit dwelling, with a 20%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, Title Policy and evidence of Home Owner's insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $96,100.00 | | 2846753 | |
| . | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | | 2846753 | |
| . | | | 1.04 (c) (xviii) SAS 2005-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | | 2846753 | |
| 21 | 00019571736 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/29/2004 in the amount of $43,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, title, HUD-1, Hazard insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | | $43,000.00 | | 2846754 | |
| . | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | | 2846754 | |
| . | | | 1.04 (c) (xviii) SAS 2005-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | | 2846754 | |
| 22 | 00019684877 | 2nd | SASC 2005-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/14/2005, in the amount of $13,650, as a purchase of a non-owner occupied Condominium. The loan was approved as a Stated Income, Verified Assets loan, with a 15%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 19.73% Debt to Income Ratio (DTI). There was a Manual approval dated 01/14/2005, in the loan file. | Stated | | $13,650.00 | | 2846764 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xiii) SAS 2005-S2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846764 |
| 23 | 00030355671 | 1st | SASC 2005-GEL3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/14/2005, in the amount of $275,500, as a purchase of a non-owner occupied, 3-unit property. The loan was approved as a Stated Income/Stated Asset documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.318% Debt to Income Ratio (DTI). There was an undated Manual approval in the loan file. | SISA | | $275,500.00 | 2846721 |
| . | | | | 1.04 (c) (v) SAS 2005-GEL3_No Fraud<br><br>1.04 (c) (vii) SAS 2005-GEL3_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Supervisor of a Health Care facility, earning $5,000 per month on the loan application. The subject loan closed on 01/14/2005 and the Borrower filed a Chapter 7 bankruptcy with the Eastern District of New York on 04/20/2006. The petition included a Statement of Financial Affairs, which revealed the Borrower earned a monthly income of $4,083 per month during the year of the subject loan closing in 2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Supervisor of a Health Care facility earning $5,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846721 |
| 24 | 00030660914 | 2nd | SASC 2005-S5 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/14/2005 in the amount of $38,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, title, HUD-1, Hazard insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $38,000.00 | 2846819 |
| . | | | | 1.04 (b) (xiii) SAS 2005-S5_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-S5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846819 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (xviii) SAS 2005-S5_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846819 | |
| 25 | 00031287634 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/25/2005 in the amount of $169,600. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' signed Note, title, HUD-1, Hazard insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $169,600.00 | 2845183 | |
| . | | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845183 | |
| . | | | | 1.04 (c) (xviii) LMT 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845183 | |
| 26 | 00031373749 | 1st | LMT 2005-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/25/2005, in the amount of $380,000, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30% Debt to Income Ratio (DTI). There was a Manual approval dated 07/25/2005, in the loan file. | Stated | $380,000.00 | 2845156 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 9/30/2013 2:51:39 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| # | Loan # | | Deal | | Finding Type | Finding | | | Narrative | Doc Type | Amount | ID | |
|---|--------|---|------|---|--------------|---------|---|---|-----------|----------|--------|-----|---|
| . | | | 1.04 (c) (v) LMT 2005-1_No Fraud<br><br>1.04 (c) (vii) LMT 2005-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as self-employed as a Pilate's Trainer for 4 years, earning $13,120 per month. The loan file indicated the Borrower's 2007 post-closing income tax filing, which reflected a total monthly earning of $5,936 per month during the near year of 2007 and it is unlikely the Borrower's income would have increased considering the Borrower was self-employed in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as self-employed as a Pilate's Trainer for 4 years, earning $13,120 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845156 | |
| 27 | 00031575244 | | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The loan closed on 10/13/2005 in the amount of $399,500. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, title, HUD-1, Hazard insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $399,500.00 | 2845202 | |
| . | | | 1.04 (b) (xii) LMT 2005-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2005-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845202 | |
| . | | | 1.04 (c) (xviii) LMT 2005-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845202 | |
| 28 | 00031817976 | 1st | LMT 2005-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/17/2005, in the amount of $106,400, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset documentation Limited Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 51.16% Debt to Income (DTI). There was a Manual approval dated 10/12/2005, in the loan file. | Stated | $106,400.00 | 2845232 | |

Cowen US Bank_Final Version_31

**Digital Risk – Loan Review Findings**
08-13555-mg   Doc 46080-11   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
Page 115 of 206

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) LMT 2005-2_No Fraud 1.04 (c) (vii) LMT 2005-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Retired earning $3,100 per month on the loan application. The loan file included a hardship letter in the post-closing documents that was written by the Borrower on June 27, 2006, which was only 8 months after the subject loan closing date of 10/17/2005. The hardship letter indicated that the Borrower only earned $909 per month in Social Security Income, or $1,136 grossed up 125% for social security income. It should be noted, the letter also reflected other income of $350 per month from the Borrower's son, which was not qualified income to be used at audit. It is unlikely the Borrower's income would have decreased considering the Borrower was still receiving Social Security retirement income.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a retired Borrower earning $3,100 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845232 | |
| . | | | | 1.04 (c) (v) LMT 2005-2_No Fraud 1.04 (c) (vii) LMT 2005-2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. Accurint reported that the Borrower had an extensive occupancy history at an unknown property located in the same city and state as the subject property in Dallas, Texas from 07/2006 through 07/2013, which was only 9 months after the subject loan closing date of 10/17/2005. Accurint also reported that the Borrower had utilities opened in the Borrower's name at the unknown address for the same period of time. The Borrower's driver's license record and vehicle registration record reflects an address change from the address listed as the departing address to the unknown address and does not report a history of occupying the subject property for at least a period of 12 months as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2845232 | |
| 29 | 00032007908 | 1st | LXS 2006-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/11/2005, in the amount of $192,000, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Stated Asset Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42% Debt to Income (DTI). There was a Manual approval dated 11/10/2005, in the loan file. | SISA | $192,000.00 | 2845413 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) LXS 2006-3_No Fraud<br><br>1.04 (c) (vii) LXS 2006-3_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Administrative Assistant for less than half a month, earning $4,500 per month on the loan application. A re-verification of employment and income was obtained from a third party verifier, which reported the Borrower earned a monthly income of $3,987 per month during the near year of 2006. It is unlikely the Borrower's income would have increased considering the Borrower was employed with the same employer.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Administrative Assistant earning $4,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845413 |
| 30 | 00032133241 | 1st | LXS 2006-3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/09/2005, in the amount of $228,000, as a purchase of a non-owner occupied single family residence located in a planned unit development. The loan was approved as a No Income/Verified Asset (No Ratio) documentation loan, with a 60%/80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a Debt to Income (DTI) was not required. There was a Manual approval dated 11/30/2005, in the loan file. | NIVA | $228,000.00 | 2845414 |
| . | | | | 1.04 (c) (v) LXS 2006-3_No Fraud<br><br>1.04 (c) (vii) LXS 2006-3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The audit credit report and Sitexdata.com property report for the Borrower's primary address reflected that the Borrower opened an undisclosed revolving second lien mortgage in the amount of $200,000 on 11/10/2005, which was only 1 month prior to the subject loan closing date of 11/10/2005. The undisclosed mortgage was calculated using a conservative 5% rate over 30 years and resulted in an undisclosed monthly mortgage payment of $1,073 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $1,073 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2845414 |
| 31 | 00032293151 | | LXS 2006-3 | | Loan Summary | Loan Summary | 0 | 0 | Loan Summary. The subject loan closed on 01/12/2006, in the amount of $216,000 with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's First Lien Note, the First Lien Mortgage, the HUD-1, the HOI and the title report. There were no other critical documentations provided for the file that was represented on the data Tape by the Seller. | Unknown | $216,000.00 | 2845419 |

| | | | | | | | | Description | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xii) LXS 2006-3_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845419 |
| . | | | 1.04 (c) (xviii) LXS 2006-3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845419 |
| 32 | 00032548331 | 1st | LXS 2006-10N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/01/2006, in the amount of $62,400, as a purchase of a non-owner occupied, Condominium. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47% Debt to Income (DTI). There was a Manual approval dated 02/28/2006, in the loan file. | Full | $62,400.00 | 2845382 |
| . | | | 1.04 (c) (v) LXS 2006-10N_No Fraud<br><br>1.04 (c) (vii) LXS 2006-10N_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The Mortgage Electronic Registry System and the audit credit report reflected an undisclosed mortgage in the amount of $81,000 on 03/30/2006, which was only 29 days after the subject loan closing date of 03/01/2006. The audit credit report indicated that the undisclosed mortgage resulted in an undisclosed monthly mortgage payment of $696 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $696 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845382 |
| 33 | 00040109738 | 1st | LXS 2007-7N | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/08/2007, in the amount of $260,800, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset documentation loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 39.50% Debt to Income (DTI). There was a Manual approval dated 01/29/2007, in the loan file. | Stated | $260,800.00 | 2845620 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xxi) (i) LXS 2007-7N_Underwriting Methodology - Deemed MnA_Pool 2 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 2 | | The Borrower stated on the loan application employment as a Chief Investigator for 3 years, earning $9,100 per month from employment income, $250 per month from alimony and child support and $92 from other fund income on the loan application.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Research conducted through The U.S. Bureau of Labor Statistics reported that an investigator located in Juneau, Alaska in 2006 could expect to earn a monthly income of $7,099 per month in the 75th percentile, which was less than the income stated of $9,100.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845620 | |
| . | | | | 1.04 (b) (xxi) (i) LXS 2007-7N_Underwriting Methodology - Deemed MnA_Pool 2<br><br>1.04 (c) (v) LXS 2007-7N_No Fraud<br><br>1.04 (c) (vii) LXS 2007-7N_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Chief Investigator with the State, earning $9,100 per month from employment income, $250 per month from alimony and child support and $92 from other fund income on the loan application, or a total of $9,442 per month. An audit verification of employment was obtained through the employer, which revealed the Borrower earned $4,701 per month during the year of the subject loan closing of 2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Chief Investigator earning $9,100 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust, and also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. | | | 2845620 | |
| 34 | 00040453649 | 1st | LMT 2007-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/05/2007, in the amount of $446,250, as a cash-out refinance of an owner occupied, single family residence. The loan was approved as a No Income/Verified Asset (No Ratio) documentation loan, with a 75%/88.235% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 03/13/2007, in the loan file. | NIVA | $446,250.00 | 2845287 | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (v) LMT 2007-6_No Fraud<br><br>1.04 (c) (vii) LMT 2007-6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. The closing documentation contained in the loan file included a hardship letter written by the Borrower which indicated that the Borrower decided to sell the subject property in 05/2007, which was only 1 month after the subject cash-out refinance transaction and would suggest that the Borrower did not intend to occupy the subject property after closing. Research reported on Accurint revealed that the Borrower opened utilities in the Borrower's name at a property located in Modesto, California in 04/2007 and was on title to the property since 09/28/2006, 7 months prior to the subject loan closing on 04/05/2007.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845287 |
| 35 | 0121336952 | 1st | SAIL 2006-BNC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/02/2006, in the amount of $479,600, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.429% Debt to Income Ratio (DTI). There was a Manual approval dated 06/20/2006, in the loan file. | Stated | $479,600.00 | 2846134 |
| . | | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through public records, of the Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased an undisclosed property in Seattle, WA on 5/18/2006, and obtained a first mortgage in the amount of $292,000 with a monthly payment of $1,825 and a second mortgage in the amount of $73,000 with a monthly payment of $627. The Borrower also purchased an additional undisclosed property located in Seattle, WA on 05/25/2006 and obtained a first mortgage in the amount of $300,000 with a monthly payment of $1,963 and a second mortgage in the amount of $75,000 with a monthly payment of $686.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $5,101 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust, and also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. | | | 2846134 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | 1.04 (b) (xli) (d) SAIL 2006-BNC3_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (b) (xxi) SAIL 2006-BNC3_No Fraud<br><br>1.04 (b) (xxiii) SAIL 2006-BNC3_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower signed a security instrument at closing, which reflected the Borrower agreed to reside at the subject property for a minimum on 12 months; however, research revealed the Borrower resided at several properties immediately after the subject loan closing on 06/02/2006. Research of public records revealed the Borrower resided at an undisclosed address located in Fremont, CA from 07/1998 to 05/2013, an undisclosed property purchased by the Borrower located in Seattle, WA from 05/2006 to 03/2008, which was reported as the Borrower's homestead property and an undisclosed property purchased by the Borrower located in Seattle, WA from 2006 to 03/2008.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust, and also significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan. | | | 2846134 |
| 36 | 11155553 | SAS 2003-NP1 | Loan Summary | Loan Summary | 0 | 0 | Loan Summary. The subject loan closed on 04/23/2001, in the amount of $48,665. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file and the data tape did not provide any information on the subject loan. The loan file only contained the Borrower's Note, the Mortgage, and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $48,665.00 | 2844647 |
| . | | 1.04 (b) (v) SAS 2003-NP1_Compliance with Applicable | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844647 |
| . | | 1.04 (b) (v) SAS 2003-NP1_Compliance with Applicable | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2844647 |
| | | | | Grand Total of Repurchase Demand | | | | $8,361,455.00 | |

.
.

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 2:51:39 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen US Bank_ Final Version_30

| Loan Count | Loan Number | First or Second | Deal Name | Section or the MLSAA Breached | Issue Description | Breach | Breakon Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 000000036135341 | 1st | LXS 2005-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/18/2005, in the amount of $401,617, as a purchase of a second home condominium The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.11% Debt to Income Ratio (DTI). There was a Manual approval dated 08/15/2005, in the loan file. | Stated | $401,617.00 | 2845380 | |
| | | | | 1.04 (c) (v) LXS 2005-4_No Fraud 1.04 (c) (vii) LXS 2005-4_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records and an audit credit report indicated the Borrower purchased an undisclosed property on 08/19/2005, the same day as the subject closing, and acquired a first mortgage in the amount of $303,200 with a monthly payment of $1,940 and a second mortgage in the amount of $75,800 with a monthly payment of $679.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $2,619 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845380 | |
| 2 | 000000039967211 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/10/2007, in the amount of $210,000, as a purchase of a second detached single family residence. The loan was approved as a Full Documentation loan, with an 100% Loan to Value/Combined Loan to Value, and a 45.44% Debt to Income ratio. There was a Manual approval dated 01/05/2007, in the loan file. | Full | $210,000.00 | 2845594 | |
| | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income ratio in excess of 60%.  Despite the Seller's representations, a re-calculation of the Debt to Income ratio based on the Borrower's undisclosed debt results in an increase from 45.44% to 123.16%, which exceeds the Seller's represented Debt to Income ratio of 60%. | | | 2845594 | |
| | | | | 1.04 (b) (xviii) LXS 2007-5H_DTI 1.04 (c) (v) LXS 2007-5H_No Fraud 1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. A review of the Mortgage Electronic Registry Systems and the audit credit report revealed the Borrower obtained 4 undisclosed mortgages prior to and within 30 days of the subject loan closing of 01/10/2007. On 12/13/2006, the Borrower obtained an undisclosed first and second mortgage on a property located in Broomfield, Colorado. The first mortgage had a loan amount of $433,224 with a monthly payment of $3,314 and the second mortgage had a loan amount of $54,153 with a monthly payment of $416. In 01/2007, the Borrower obtained an undisclosed mortgage on an undisclosed property with a loan amount of $490,400 and a monthly payment of $2,604. On 01/20/2007, the Borrower obtained an undisclosed mortgage on a property located in Jacksonville, Florida with a loan amount of $232,000 and a monthly payment of $1,764.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  A recalculation of the Debt to Income ratio based on the Borrower's undisclosed debt yields a Debt to Income ratio of 123.16%, which exceeds the Seller's represented Debt to Income ratio of 60%.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $8,098 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845594 | |

**1494**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 000000040018053 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on xx/xx/2007, in the amount of $245,000.00, as a purchase of a non owner occupied three unit property. The loan was approved as a No Income Verified Asset loan, with an 80% Loan to Value/Combined Loan to Value. There was a Manual approval dated 02/08/2007, in the loan file. | NIVA | $245,000.00 | 2845440 |
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentatio n of Debt Obligations - With Red Flags Present | Misrepresentatio n of Debt Obligations | 1 3 | The Borrower misrepresented his debt obligations. A review of the Mortgage Electronic Registry System and the audit credit report reflected the Borrower obtained 9 undisclosed mortgages prior to and within 30 days of the subject loan closing of 02/14/2007. On 02/09/2007, the Borrower obtained a first and second undisclosed mortgage on a property located in Worcester, Massachusetts. A first mortgage was obtained in the amount of $176,000 with a monthly payment of $1,871 and a second mortgage was obtained in the amount of $44,000 with a monthly payment of $474. On 02/02/2007, the Borrower obtained a first and second undisclosed mortgage on a property located in Worcester, Massachusetts. A first mortgage was obtained in the amount of $192,000 with a monthly payment of $1,792 and a second mortgage was obtained in the amount of $63,000 with a monthly payment of $577. On 02/02/2007, the Borrower obtained a first and second undisclosed mortgage on a property located in Worcester, Massachusetts. A first mortgage was obtained in the amount of $252,000 with a monthly payment of $2,389 and a second mortgage was obtained in the amount of $48,000 with a monthly payment of $440. On 02/09/2007, the Borrower obtained an undisclosed mortgage on a property located in Worcester, Massachusetts with a loan amount of $227,000 and a monthly payment of $1,769. On 02/22/2007, the Borrower obtained an undisclosed first and second mortgage on a property located in Worcester, Massachusetts. A first mortgage was obtained in the amount of $188,000 with a monthly payment of $1,490 and a second mortgage was obtained in the amount of $47,000 with a monthly payment of $430.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $11,232 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845440 |
| 4 | 000000040022543 | 1st | LXS 2007-9 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 01/12/2007, in the amount of $208,000, as a cash out refinance of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 74.29%/95% Loan to Value/Combined Loan to Value, and a 42.83% Debt to Income ratio. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $208,000.00 | 2845678 |
| | | | | 1.04 (b) (xviii) LXS 2007-9_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income ratio in excess of 60%.<br><br>Despite the Seller's representations, a re-calculation of the Debt to Income ratio based on the Borrower's verified income results in an increase from 42.83% to 86.06%, which exceeds the Seller's represented Debt to Income ratio of 60%. | | | 2845678 |
| | | | | 1.04 (b) (xviii) LXS 2007-9_DTI<br><br>1.04 (c) (v) LXS 2007-9_No Fraud<br><br>1.04 (c) (vii) LXS 2007-9_No Event of Default | Misrepresentatio n of Income - Red Flags Present - Near Year Income Evidence | Misrepresentatio n of Income | 2 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Field Technician for a Biological Technology company for 3 years, earning $6,300 per month on the loan application. The Borrower provided post closing income documentation for the purpose of obtaining a home modification loan including the Borrower's 2006 tax return, which revealed the Borrower's actual income for 2006 was $3,199 per month. It should be noted the subject loan closed 01/12/2007. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of the Debt to Income ratio based on the Borrower's verified income yields a Debt to Income ratio of 86.06%, which exceeds the Seller's represented Debt to Income ratio of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Field Technician earning $6,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845678 |
| 5 | 000000040027237 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 01/24/2007, in the amount of $92,000, as a purchase of a non owner occupied detached single family residence. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value, and a 33% Debt to Income ratio. There was a Manual approval dated 01/22/2007, in the loan file. | Full | $92,000.00 | 2845598 |
| | | | | 1.04 (c) (v) LXS 2007-5H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-5H_No Event of Default | Misrepresentatio n of Debt Obligations - No Red Flags Present | Misrepresentatio n of Debt Obligations | 1 3 | The Borrower misrepresented his debt obligations. A review of the Mortgage Electronic Registry Systems and the audit credit report reflected the Borrower obtained two undisclosed mortgages prior to the subject loan closing of 01/24/2007. The Borrower obtained a first and second undisclosed mortgage to purchase a property located in Cleveland, Ohio. A first mortgage was obtained in the amount of $72,000 with a monthly payment of $534 and a second mortgage was obtained in the amount of $18,000 with a monthly payment of $138.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $672 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845598 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen US Bank_ Final Version_30

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | 000000040188377 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/21/2007, in the amount of $233,700, as a non owner occupied four unit dwelling. The loan was approved as a Stated Income/Verified Assets loan, with a 90% Loan to Value/Combined Loan to Value, and a 32.871% Debt to Income ratio. There was a Manual approval dated 02/05/2007, in the loan file. | Stated | $233,700.00 | 2845443 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Truck Driver for 6 months, earning $4,500 per month. The Co-Borrower listed income of $3,200 per month as a Document Examiner. On 01/30/2009, the Borrowers filed a Chapter 13 bankruptcy in the Western District of Arkansas United States Bankruptcy Court. Per the Statement of Financial Affairs, the Borrower's income for the subject year loan closing 2007 was $32,074 or $2,673 per month and the Co-Borrower's income was $21,091 or $1,758 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of the Debt to Income Ratio based on the Borrowers' verified income yields a Debt to Income ratio of 56.71%, which constitutes an event of default under the executed Mortgage and Deed of Trust.<br><br>Despite the Seller's representations, the Borrowers falsely stated income as a Truck Driver and Document Examiner earning a combined $7,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845443 |
| 7 | 000000040301780 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/12/2007, in the amount of $86,450, as a cash out refinance of an owner occupied Single Family Refinance. The loan was approved as a Stated Income/Verified Assets loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41% Debt to Income Ratio (DTI). There was a Manual approval dated 03/01/2007, in the loan file. | Stated | $86,450.00 | 2845446 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio (DTI) based on the Borrower's verified income results in an increase from 41% to 63.24%, which exceeds the Seller's represented DTI of 60%. | | | 2845446 |
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI<br><br>1.04 (c) (v) LXS 2007-10H_No Fraud<br><br>1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Post Office Mail Carrier earning $6,500 per month on the loan application. The audit verification of employment obtained through The Work Number reflected the Borrower earned $4,958 per month for 2007, the year of the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>A recalculation of Debt to Income Ratio (DTI) based on the verified income results in a DTI increase from 41% to 63.24%, which exceeds the Seller's represented Debt to Income Ratio of 60%.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Mail Carrier earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845446 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen US Bank_Final Version_30

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | 000000040332009 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/23/2007, in the amount of $307,000, as a purchase of a non-owner occupied Single Family Residence. The loan was approved as a No Income, Verified Assets (No Ratio) loan, with a 100% Combined Loan to Value (LTV/CLTV), and a 32.25% Debt to Income Ratio as reflected in the 03/23/2007 Manual approval from file. | SISA | $307,000.00 | 2845448 |
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and undisclosed debt results in an increase from 32.25% to 181.58%, which exceeds the Seller's represented DTI 60%. | | | 2845448 |
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI / 1.04 (c) (v) LXS 2007-10H_No Fraud / 1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented his debt obligations. The audit credit report indicated the Borrower acquired an installment loan in 02/2007, the month prior to the subject loan closing in the amount of $92,918 with a monthly payment of $815, which was calculated using the subject loan note rate.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's undisclosed debt and verified income yields a DTI of 181.58%, which exceeds the Seller's represented Debt to income ratio of 60%.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $815 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845448 |
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI / 1.04 (c) (v) LXS 2007-10H_No Fraud / 1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner of a construction company earning $20,000 per month on the loan application. The Bankruptcy Petition filed 10/28/2008 indicated the Borrower earned $4,700 per month in 2007, the year of the subject loan closing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income and undisclosed debt yields a DTI of 181.58%, which exceeds the Seller's represented Debt to Income Ratio of 60%.

Despite the Seller's representations, the Borrower falsely stated income as an Owner of a construction company earning $20,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845448 |
| | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud / 1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 6 | 3 | The Borrower misrepresented his employment on the loan application as an Owner of a construction company for 20 years as the sole source of employment. Public Records and the Bankruptcy Petition filed 10/28/2008, indicated the Borrower owned an additional investment company which, was not disclosed on the final loan application. The investment company opened on 03/14/2007, 7 days prior to the subject loan closing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

The Borrower's capacity to repay could not be properly evaluated due to the misrepresentation of the Borrower's self-employment information. Since the Borrower's additional self-employment was not disclosed at origination, the income source cannot be analyzed for operating expenses and stability associated with self-employment income.

Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a construction company for 20 years and did not disclose ownership of another self-employed business, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845448 |
| 9 | 000000040356362 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/28/2007, in the amount of $355,000, as a purchase of a non-owner occupied Single Family Residence located in a Planned Unit Development (PUD). The loan was approved as a No Income, Verified Assets (No Ratio) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 03/28/2007, in the loan file. | NIVA | $355,000.00 | 2845450 |
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI / 1.04 (c) (v) LXS 2007-10H_No Fraud / 1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Public Records and an audit credit report reflected the Borrowers purchased an undisclosed property on 04/19/2007, 21 days after the subject loan closing, and acquired a 1st mortgage and 2nd mortgage in the amounts of $126,791 and $520,000 with monthly payments of $1,268 calculated at 1% of loan amount and $3,992 as reflected on Audit Credit report.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $5,268 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845450 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen US Bank_ Final Version_30

| 10 | 000000040370850 | 1st | LXS 2007-10H | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/20/2007, in the amount of $177,800, as a purchase of a non- owner occupied condominium. The loan was approved as a Stated Income, Verified Assets loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38% Debt to Income Ratio (DTI). There was a Manual approval dated 03/26/2007, in the loan file. | SISA | $177,800.00 | 2845451 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrower's verified income and improper calculation of debt results in an increase from 38% to 108.77%, which exceeds the Seller's represented 60% Debt to Income Ratio. | | | 2845451 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_Improper Calculation of Debts | Improper Calculation of Debts | Improper Calculation of Debts | | 2 | Monthly debts of $2,058 were used by the Lender to determine the Debt to Income Ratio (DTI). The following facts support the proper calculation of debts: The origination credit report reflected two mortgages with high credit amounts of $239,200 and $59,800, which were transferred to another Lender; however, there were no payments or balances reported. The loan file did not contain any documentation as verification the mortgages were satisfied and they were not included in the debt calculation or reflected on the loan application. Research of public records revealed the mortgages were active at the time of closing through the date of the Borrower's Bankruptcy petition filed on 09/10/2012. The monthly mortgage payments were calculated at 1,891 using the subject mortgage interest rate and $598 using 1% of the mortgage loan amount as the payments were not indicated on the origination credit report, loan application, or the audit credit report.

The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The inaccurately calculated debt significantly impacted the determination of the Borrower's reasonability to repay the subject loan.

A recalculation of DTI based on the Borrower's proper debt calculation and verified income yields a DTI of 108.77%, which exceeds the Seller's represented Debt to Income Ratio of 60%.

Despite the Seller's representations, a review of the loan file revealed the Lender failed to accurately calculate the Borrower's debts. | | | 2845451 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI  1.04 (c) (v) LXS 2007-10H_No Fraud  1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Electrician Foreman earning $5,417 per month on the loan application. The post closing tax return, obtained through the modification process for 2007, which was the year of the subject loan closing, revealed the total wage income for the year was $4,228 per month, which included the Borrower's non-signing spouse's earnings.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income and improper calculation of debt yields a DTI of 108.77%, which exceeds the Seller's represented Debt to income ratio 60%.

Despite the Seller's representations, the Borrower falsely stated income as an Electrician earning $5,417 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845451 |
| 11 | 000000040379554 | 1st | LXS 2007-10H | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/29/2007, in the amount of $128,156, as a purchase of a non-owner occupied Single Family Residence located in a Planned Unit Development. The loan was approved as a Stated Income, Verified Assets loan, with a 100% Loan to Value/Combined Loan to Value and a 38.64% Debt to Income Ratio (DTI). There was a manual approval dated 03/27/2007 in the loan file. | Stated | $128,156.00 | 2845452 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of Debt to Income Ratio (DTI) based on the Borrower's verified income results in an increase from 38.64% to 168.60%, which exceeds the Seller's represented DTI 60%. | | | 2845452 |
| . | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI  1.04 (c) (v) LXS 2007-10H_No Fraud  1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Information Technology Technician (IT Technician) earning $3,500 per month on the loan application. The loan file contained a post closing tax return and 1099 for 2007, the year of the subject loan closing, which revealed the Borrower was not an IT Technician and earned $1,074 per month in real estate sales. The Borrower also had a net loss in rental income.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 168.60%, which exceeds the Seller's represented Debt to income ratio of 60%.

Despite the Seller's representations, the Borrower falsely stated income as a IT Technician earning $3,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845452 |
| . | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud  1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 4 | 3 | The Borrower misrepresented his employment on the loan application as an Information Technology Technician for 2 years. The loan file contained post closing tax returns and 1099 for 2007, the year of the subject loan closing, which revealed the Borrower was self-employed in Real Estate sales and received a 1099 from the employment reflected on the loan application. The verification of employment indicated only 1 year and 3 months at the place of employment.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as an Information Technology Technician for 2 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845452 |
| 12 | 000000040389025 | 1st | LXS 2007-10H | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/30/2007, in the amount of $437,000, as a purchase of a non-owner 2 unit residence. The loan was approved as a Stated Income, Verified Assets loan, with a 95% Loan to Value to Value (LTV/CLTV), and a 45.91% Debt to Income Ratio (DTI). There was a Manual approval dated 03/30/2007, in the loan file. | Stated | $437,000.00 | 2845453 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | Misrepresentation of Debt Obligations | Misrepresentation of Debt Obligations | 7 | 3 | The Seller represented and warranted that the subject loan would not have $500 or more in additional debt. Despite the Seller's representation, verification of DTI based on the borrower's undisclosed debt and undisclosed debt results in an increase from 45.91% to 82.31%, which exceeds the Seller's represented Debt to income ratio. | 2845453 |
| | | | 1.04 (b) (xviii) LXS 2007-10H_DTI  1.04 (c) (v) LXS 2007-10H_No Fraud  1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented her debt obligations. Public records and the audit credit report indicated the Borrower purchased an undisclosed property on 03/27/2007, 3 days prior to the subject loan closing on 03/30/2007, and acquired 2 mortgages in the amounts of $368,000 and $69,000 with monthly payments of $2,573 and $857.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 82.31%, which exceeds the Seller's represented Debt to income ratio of 60%.  Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $3,430 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | 2845453 |
| | | | 1.04 (b) (xviii) LXS 2007-10H_DTI  1.04 (c) (v) LXS 2007-10H_No Fraud  1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 4 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated secondary employment income as a Certified Nurse Assistant (CNA) earning $7,000 per month on the loan application. The audit verification of employment obtained through the Work Number revealed the Borrower earned $3,428 per month for 2007, the year of the subject loan closing.  The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  The US Bureau of Labor Statistics reported the average salary at the 75th percentile for a Medical Attendant in 2007 and in the same geographic region was $3,704 per month. The Borrower's stated income exceeded the US Bureau of Labor Statistics' 75th percentile, which is a red flag the Borrower's income was overstated.  A recalculation of Debt to Income Ratio (DTI) based on the Borrower's verified income and undisclosed debt yields a DTI of 82.31%, which exceeds the Seller's represented Debt to income ratio of 60%.  Despite the Seller's representations, the Borrower falsely stated income as a CNA earning $7,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | 2845453 |
| | | | 1.04 (c) (v) LXS 2007-10H_No Fraud  1.04 (c) (vii) LXS 2007-10H_No Event of Default | Asset Misrepresentation - With Red Flags Present | Misrepresentation of Assets | 6 | 3 | The Borrower misrepresented her ownership of assets. The loan file contained a bank statement, dated 02/26/2007, which reflected a checking ending balance of $13,543 and a savings ending balance of $92,985; however, an audit Verification of Deposit indicated the checking balance was $2,543 and the savings balance was $4,960.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely disclosed that she had a $105,529 down payment and 12 months' reserves when in fact she had $7,503. The amount of assets disclosed was misrepresented by $98,026, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | 2845453 |
| 13 | 000000040398786 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/30/2007, in the amount of $225,000, as a purchase of a non-owner occupied Single Family Residence. The loan was approved as a No Income, Verified Assets (No Ratio) loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 03/29/2007, in the loan file. | NIVA | | $225,000.00 | 2845454 |
| | | | 1.04 (b) (xviii) LXS 2007-10H_DTI  1.04 (c) (v) LXS 2007-10H_No Fraud  1.04 (c) (vii) LXS 2007-10H_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Public records and the audit credit report indicated the Borrower purchased 1 undisclosed property on 02/16/2007, 44 days prior to the subject loan closing, another on 02/26/2007, 34 days prior to the subject loan closing, a third property on 03/23/2007, 7 days prior to the subject loan closing and a final undisclosed property on the same day as the subject loan closing on 03/30/2007. The Borrower acquired 6 mortgages in the amounts of $220,800, $55,200, $352,450, $200,550, $610,000 and $126,000 with monthly payments of $1,765, $759, $2,702, $2,218 $4,743, and $1,065.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $13,252 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | 2845454 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen US Bank _ Final Version_30

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | 000000040457913 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 03/29/2007, in the amount of $175,750, as a purchase of a non-owner occupied Single Family Residence (SFR) located in a Planned Unit Development. The loan was approved as a No Ratio, Verified Assets loan (No Ratio) with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 03/29/2007, in the loan file. | NIVA | $175,750.00 | 2845461 |
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented her debt obligations. Public records and the audit credit report indicated the Borrower purchased 2 undisclosed properties, one property on 03/30/2007, 9 days prior to the subject loan closing, a second on 04/18/2007, 9 days after the subject loan closing and refinanced the primary residence on 03/26/2007, 13 days prior to the subject loan closing. The Borrower acquired mortgages in the amount of $323,900, $400,200, and $178,500 with monthly payments of $3,543, $3,372 and $1,390 which, was an increase of $65 per month for the primary residence. | | | 2845461 |
| | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | |
| | | | | 1.04 (c) (vii) LXS 2007-10H_No Event of Default | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | |
| | | | | | | | | Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $6,980 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | |
| 15 | 000000040460875 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 12/27/2006, in the amount of $89,000, as a purchase of a second home. The loan was approved as a Stated Income, Verified Assets loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 23.26% Debt to Income Ratio (DTI). There was a Manual approval dated 12/08/2006, in the loan file. | Stated | $89,000.00 | 2845462 |
| | | | | 1.04 (b) (xviii) LXS 2007-10H_DTI | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented her debt obligations. Public records and the audit credit report indicated the Borrower acquired a second mortgage on the primary residence on 09/19/2006, 98 days prior to the subject loan closing, in the amount of $155,000 with a monthly payment calculated at 1% of the loan amount of $1,550. | | | 2845462 |
| | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | |
| | | | | 1.04 (c) (vii) LXS 2007-10H_No Event of Default | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | |
| | | | | | | | | Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $1,550 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | |
| 16 | 000000040519647 | 1st | LXS 2007-10H | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 04/25/2007, in the amount of $634,500, as a rate and term refinance of a Single Family Residence located in a Planned Unit Development. The loan was approved as a No Income, No Employment, No Assets (No Documentation) loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 04/23/2007, in the loan file. | NINENA | $634,500.00 | 2845464 |
| | | | | 1.04 (c) (v) LXS 2007-10H_No Fraud | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 3 | The Borrower misrepresented her intent to occupy the subject property. Public records and the Bankruptcy Petition filed 01/21/2009, indicated the Borrower occupied another residence owned by the Borrower from 03/1987 to 09/2008. Public records indicated another individual occupied the subject property from 09/2004 to 09/2008. | | | 2845464 |
| | | | | 1.04 (c) (vii) LXS 2007-10H_No Event of Default | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | |
| | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | |
| | | | | | | | | The Origination Credit Report dated 04/04/2007 reflected alerts that address discrepancies existed. The transaction was submitted as a rate and term refinance of an owner occupied property; however, the Borrower did not occupy the subject property after the original purchase date of 10/13/2006 or the subject loan closing date of 04/25/2007. | | | |
| | | | | | | | | Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Digital Risk - Loan Review Findings

Cowen US Bank_ Final Version_30    08-13555-mg    Doc 46080-11    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment    part 12    Pg 128 of 206

| 17 | 000000045402575 | 1st | LXS 2007-5H | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 2/7/2007, in the amount of $255,000.00, as a purchase of a non-owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40% Debt to Income Ratio (DTI). There was a Manual approval dated 02/09/2007, in the loan file. | Stated | $255,000.00 | 2845615 |
| | | | 1.04 (b) (xviii) LXS 2007-5H_DTI | DTI Exceeds 60% | DTI Exceeds 60% | 1 | 3 | The Seller represented and warranted that the subject loan would not have a Debt to Income Ratio (DTI) in excess of 60%. Despite the Seller's representations, a re-calculation of DTI based on the Borrowers' verified income of $6,730 per month yields an increase in the Debt to Income (DTI) from 40% to 133.92%, which exceeds the seller's represented 60% Debt to income ratio. | | | 2845615 |
| | | | 1.04 (b) (xviii) LXS 2007-5H_DTI

1.04 (c) (v) LXS 2007-5H_No Fraud

1.04 (b) (vii) LXS 2007-5H_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated income as a Corporate Officer Secretary/Treasurer of a Trucking and Moving/Storage Company for 5.6 years, earning $15,500 per month and the Co-Borrower falsely stated income a self-employed Secretary/Treasurer/Owner of the same Trucking and Moving/Storage Company for 5.6 years, earning $8,800 per month on the loan application for a total combined monthly income of $24,300. The Borrowers filed a Chapter 7 bankruptcy with the Central District of California on 07/08/2008, 1 year after the subject loan closing date of 02/12/2007. The petition included a Statement of Financial Affairs, which revealed the Borrowers earned a combined income of $0.00 during the year of the subject loan closing date in 2007 and a combined income of $6,730 during the year prior to the subject loan closing in 2006, which was used to qualify the Borrowers.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of Debt to Income Ratio (DTI) based on the Borrowers' verified income of $6,730 per month yields a DTI of 133.92%, which exceeds the Seller's represented Debt to income ratio 60%.

Despite the Seller's representations, the Borrowers falsely stated income as self-employed Owners of a Trucking, Moving and Storage Company for 5.6 years, earning a total combined monthly income of $24,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845615 |
| 18 | 00011492808 | 1st | SASC 2003-39EX | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/17/2001, in the amount of $142,600, as a purchase of an owner occupied Single Family Residence in a Planned Unit Development. The loan was approved as a Stated Income/Verified Assets loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.89% Debt to Income (DTI). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $142,600.00 | 2846469 |
| | | | 1.04 (b) (xx) SAS 2003-39EX_No Fraud

1.04 (b) (xviii) SAS 2003-39EX_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as a Reservations/Sales Agent earning $4,775 per month on the loan application. The loan file contained a post closing tax return obtained through the modification process, for 2001, the year of the subject loan closing which revealed the Borrower earned $2,050 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

A recalculation of the Debt to Income Ratio (DTI) based on the Borrower's verified income yields a DTI of 91.25%, which increased from 37.89% at origination.

Despite the Seller's representations, the Borrower falsely stated income as a Reservations/Sales Agent earning $4,775 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846469 |
| 19 | 00014401954 | 1st | SASC 2003-GEL1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/08/2002, in the amount of $196,000, as a refinance of an owner occupied detached single family residence located in a Planned Unit Development. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage and Title policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $196,000.00 | 2846502 |
| | | | 1.04 (b) (xii) SAS 2003-GEL1_Compliance with Applicable Law

1.04 (c) (xvi) SAS 2003-GEL1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 Settlement Statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act. | | | 2846502 |
| | | | 1.04 (b) (xii) SAS 2003-GEL1_Compliance with Applicable Law

1.04 (c) (xvi) SAS 2003-GEL1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan is in compliance with the Act. | | | 2846502 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| 20 | 00014673487 | 1st | SASC 2003-GEL1 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/03/2002 in the amount of $230,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage and Title Policy. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $230,000.00 | 2846503 |
| | | | 1.04 (b) (xii) SAS 2003-GEL1_Compliance with Applicable Law<br><br>1.04 (c) (xvi) SAS 2003-GEL1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 settlement statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846503 |
| | | | 1.04 (b) (xii) SAS 2003-GEL1_Compliance with Applicable Law<br><br>1.04 (c) (xvi) SAS 2003-GEL1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846503 |
| 21 | 00015141393 | 1st | SASC 2003-25XS | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/23/2003 in the amount of $124,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $124,000.00 | 2846452 |
| | | | 1.04 (c) (xvii) SAS 2003-25XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846452 |
| | | | 1.04 (c) (xvii) SAS 2003-25XS_Origination Practices | Failure to Provide the final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846452 |
| | | | 1.04 (c) (xviii) SAS 2003-25XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846452 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential – Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| 22 | 00015146459 | | SASC 2003-2SXS | | Loan Summary | Loan Summary | 1 | 0 | The subject loan closed on 10/01/2003, in the amount of $350,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan program in effect at the time of application was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application. The loan file only contained the Note and the data tape did not provide any information on the subject loan. The loan file only contained the Borrower's Note, the Mortgage, the appraisal report and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $350,000.00 | 2846453 |
| | | | | 1.04 (b) (iii) SAS 2003-2SXS_Hazard and Flood<br><br>1.04 (c) (i) SAS 2003-2SXS_Enforceable Hazard Policy<br><br>1.04 (c) (xxiii) SAS 2003-2SXS_Enforceable Insurance Policy | Failure to Obtain Sufficient Flood and/or HOI Coverage | Failure to Obtain Flood/Hazard Insurance | 1 | 3 | The buildings or other improvements on the subject property were required to have adequate hazard insurance coverage for the subject property. The applicable guidelines required homeowner's insurance certificate detailing adequate coverage of the subject property and naming the lender as loss payee.<br><br>Despite this requirement, there is no evidence in the file the Underwriter requested or obtained the required homeowners insurance certificate detailing adequate coverage for the subject property and naming the lender as the loss payee as required.<br><br>The Seller represented and warranted, in part, that the subject property would be insured by a generally accepted insurer against loss by fire, hazards of extended coverage and such other hazards as are customary in the area where the related Mortgaged Property is located pursuant to insurance policies conforming to the requirements of the guidelines of FNMA or FHLMC. Despite the Seller's representations, there is no evidence in the file the subject property complied with the homeowner's insurance requirements. | | | | 2846453 |
| | | | | 1.04 (c) (xvii) SAS 2003-2SXS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2846453 |
| | | | | 1.04 (c) (xvii) SAS 2003-2SXS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2846453 |
| 23 | 00015219264 | | SASC 2003-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/06/2003, in the amount of $235,800. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan program in effect at the time of application was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $235,800.00 | 2846448 |
| | | | | 1.04 (b) (x) SAS 2003-20_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-20_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was not provided.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2846448 |
| | | | | 1.04 (b) (x) SAS 2003-20_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SAS 2003-20_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | | 2846448 |
| | | | | 1.04 (c) (xviii) SAS 2003-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2846448 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 24 | 00015729916 | | SASC 2004-GEL1 | | Loan Summary | Loan Summary | 0  0 | The subject loan closed on 07/01/2003, in the amount of $34,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file and the data tape did not provide any information on the subject loan. The loan file only contained the Borrower's Note, Mortgage, and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $34,000.00 | 2846617 |
| . | | | | 1.04 (b) (xiii) SAS 2004-GEL1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-GEL1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2  3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846617 |
| . | | | | 1.04 (b) (xiii) SAS 2004-GEL1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-GEL1_Origination Practices | Failure to Provide the final TIL | Failure to Provide Final TIL | 3  3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846617 |
| . | | | | 1.04 (c) (xviii) SAS 2004-GEL1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4  3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846617 |
| 25 | 00015793045 | | SASC 2004-GEL1 | | Loan Summary | Loan Summary | 0  0 | The subject loan closed on 07/01/2003, in the amount of $55,250. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file and the data tape did not provide any information on the subject loan. The loan file only contained the Borrower's Note, appraisal, the Mortgage and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $55,250.00 | 2846618 |
| . | | | | 1.04 (b) (iii) SAS 2004-GEL1_Hazard and Flood  1.04 (c) (ii) SAS 2004-GEL1_Enforceable Hazard Policy  1.04 (c) (xxii) SAS 2004-GEL1_Enforceable Insurance Policy | Failure to Obtain Sufficient Flood and/or HOI Coverage | Failure to Obtain Flood/Hazard Insurance | 1  3 | The buildings or other improvements on the subject property were required to have adequate hazard insurance coverage for the subject property. The applicable guidelines required homeowner's insurance certificate detailing adequate coverage of the subject property and naming the lender as loss payee.  Despite this requirement, there is no evidence in the file the Underwriter requested or obtained the required homeowners insurance certificate detailing adequate coverage for the subject property and naming the lender as the loss payee as required.  The Seller represented and warranted, in part, that the subject property would be insured by a generally accepted insurer against loss by fire, hazards of extended coverage and such other hazards as are customary in the area where the related Mortgaged Property is located pursuant to insurance policies conforming to the requirements of the guidelines of FNMA or FHLMC.  Despite the Seller's representations, there is no evidence in the file the subject property complied with the homeowners insurance requirements. | | | 2846618 |
| . | | | | 1.04 (b) (xiii) SAS 2004-GEL1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-GEL1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2  3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846618 |
| . | | | | 1.04 (b) (xiii) SAS 2004-GEL1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-GEL1_Origination Practices | Failure to Provide the final TIL | Failure to Provide Final TIL | 3  3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846618 |
| 26 | 00016206526 | 1st | SASC 2004-2AC | | Loan Summary | Loan Summary | 0  0 | The subject loan closed on 11/21/2003, in the amount of $227,500. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file and the data tape did not provide any information on the subject loan. The loan file only contained the Borrower's Note, the Mortgage, and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $227,500.00 | 2846568 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | |
|---|---|---|---|---|---|---|
| 1.04 (b) (ix) SAS 2004-2AC_Hazard and Flood<br><br>1.04 (c) (i) SAS 2004-2AC_Enforceable Hazard Policy<br><br>1.04 (c) (xxii) SAS 2004-2AC_Enforceable Insurance Policy | Failure to Obtain Sufficient Flood and/or HOI Coverage | Failure to Obtain Flood/Hazard Insurance | 7 | | The buildings or other improvements on the subject property were required to have adequate hazard insurance coverage for the subject property. The applicant was required to provide hazard insurance providing adequate coverage of the subject property and naming the lender as loss payee and a copy of the Flood certificate.<br><br>Despite this requirement, there is no evidence in the file the Underwriter requested or obtained the required homeowners insurance certificate detailing adequate coverage for the subject property and naming the lender as the loss payee as required or the Flood certificate to determine if the subject property is zoned in a flood area requiring flood insurance coverage.<br><br>The Seller represented and warranted, in part, that the subject property would be insured by a generally accepted insurer against flood, loss by fire, hazards of extended coverage and such other hazards as are customary in the area where the related Mortgaged Property is located pursuant to insurance policies conforming to the requirements of the guidelines of FNMA or FHLMC.<br><br>Despite the Seller's representations, there is no evidence in the file the subject loan complied with the homeowner's insurance requirements. | 2846568 |
| 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2004-2AC_Origination Practices<br><br>1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | 2846568 |
| 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2004-2AC_Origination Practices<br><br>1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | 2846568 |
| 1.04 (c) (xviii) SAS 2004-2AC_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 3 | | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | 2846568 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen US Bank_ Final Version_30

| 27 | 00016664823 | | SASC 2004-17XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan is dated 07/22, in the case of the subject property, so the document type could not be determined; however, the subject loan was an owner occupied property. There was neither an HUD nor Manual appraisal included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file and the data tape did not provide any information on the subject loan. The loan file only contained the Borrower's Note, the Mortgage, the appraisal and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $178,500.00 | 2846540 |
| | | | | 1.04 (b) (xii) SAS 2004-17XS_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2004-17XS_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846540 |
| | | | | 1.04 (b) (xii) SAS 2004-17XS_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xvii) SAS 2004-17XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846540 |
| | | | | 1.04 (c) (iv) SAS 2004-17XS_No Fraud 1.04 (c) (vii) SAS 2004-17XS_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented her intent to occupy the subject property. The Borrower filed a chapter 7 bankruptcy with the Western District of Pennsylvania on 06/16/2005, which was only 1 year and 1 month after the subject loan closing date of 05/28/2004. Section 15 of The Statement of Financial Affairs found on the Pacer report indicated that the Borrower occupied the subject property from 09/12/2002 through 01/27/2005, which was only 8 months after the subject loan closing date; therefore, the Borrower did not occupy the subject property for at least 12 months after closing as required. Verification and disclosure of the Borrower's intent to occupy the subject property, so as to confirm the Borrower's personal investment in the subject property, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

There is no evidence in the file that the named Borrower occupied the subject property for at least 12 months after closing. A significantly greater risk of default exists on those loans used to finance non-owner occupied properties.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage or Deed of Trust. | | | 2846540 |
| | | | | 1.04 (c) (xviii) SAS 2004-17XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846540 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 28 | 00017191347 | 1st | SASC 2004-2AC | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/02/2004, in the amount of $150,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file and the data tape did not provide any information on the subject loan. The loan file only contained the Borrower's Note, Mortgage, and the title report. There was no other critical documentation provided for the file and no information was represented on the data Tape by the Seller for the subject loan. | Unknown | $150,000.00 | 2846580 |
| | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2004-2AC_Origination Practices<br><br>1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846580 |
| | | | 1.04 (b) (xi) SAS 2004-2AC_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SAS 2004-2AC_Origination Practices<br><br>1.04 (c) (xxiv) SAS 2004-2AC_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846580 |
| | | | 1.04 (c) (xviii) SAS 2004-2AC_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846580 |
| 29 | 00018291344 | 2nd | SASC 2004-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/02/2004, in the amount of $57,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file and the data tape did not provide any information on the subject loan. The loan file only contained the Borrower's Note, Mortgage, and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $57,000.00 | 2846672 |
| | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846672 |
| | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846672 |
| | | | 1.04 (c) (xviii) SAS 2004-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846672 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

# Digital Risk – Loan Review Findings

| 30 | 00018305375 | 2nd | SASC 2004-S4 | | Loan Summary | Loan Summary | 1 | 0 | The subject loan closed on 01/16/2004 in the amount of $15,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of, at a minimum, the loan program in effect at the time of application in the loan file and the data tape did not provide any information on the subject loan. The loan file only contained the second lien note, the Mortgage, HOI, and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $15,000.00 | 2846673 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846673 |
| | | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846673 |
| | | | | 1.04 (c) (xviii) SAS 2004-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2846673 |
| 31 | 00018357715 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/12/2004, in the amount of $73,800. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file and the data tape did not provide any information on the subject loan. The loan file only contained the Borrower's Note, Mortgage, the HUD-1, the HOI and the title report. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $73,800.00 | 2846730 |
| | | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846730 |
| | | | | 1.04 (c) (xviii) SAS 2005-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2846730 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen US Bank_ Final Version_30

| 32 | 00018435081 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/30/2004 in the amount of $70,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file and the data tape did not provide any information on the subject loan. The loan file only contained the Borrower's second lien Note, the second lien Mortgage, and the HUD-1 detailing the second lien. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $88,000.00 | 2846731 | |
| | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-S1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 for the first lien is missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the complete HUD-1 Settlement Statement for the first lien was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846731 | |
| | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846731 | |
| | | | 1.04 (c) (xii) SAS 2005-S1_Mortgage File | Failure to Obtain Title Commitment / Title Insurance | Failure to Obtain Title Insurance | 4 | 3 | The subject property did not have title insurance or a title commitment. The applicable guidelines required a Title Insurance Commitment or a Title Insurance Policy be obtained at or prior to closing. The loan file did not include the title insurance or the title commitment for the subject property.  The Seller represented and warranted, in part, that the subject loan was covered by valid and enforceable a title insurance policy. Despite the Seller's representations, there is no evidence in the file that the subject loan was covered by a valid Title Insurance Commitment/Title Insurance Policy. | | | 2846731 | |
| | | | 1.04 (c) (xviii) SAS 2005-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846731 | |
| 33 | 00018511725 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/30/2004 in the amount of $70,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, title, HUD-1, Hazard insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $70,000.00 | 2846733 | |
| | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846733 | |
| | | | 1.04 (c) (xviii) SAS 2005-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846733 | |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen US Bank_ Final Version_30

| 34 | 00018514216 | 2nd | SASC 2005-S1 | Loan Summary | Loan Summary | 1 | 0 | The loan closed on 4/14/2004, in the amount of $10,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, title, HUD-1, Hazard insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $10,000.00 | 2846734 |
| | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2005-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846734 |
| | | | 1.04 (c) (xiii) SAS 2005-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846734 |
| 35 | 00018647222 | 2nd | SASC 2005-S1 | | | 0 | 0 | The subject loan closed on 12/01/2004 in the amount of $22,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, title, HUD-1, Hazard insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $22,000.00 | 2846736 |
| | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA / 1.04 (c) (xvii) SAS 2005-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846736 |
| 36 | 00018751578 | 2nd | SASC 2005-S1 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/11/2004, in the amount of $65,998, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Stated Asset (SISA) Documentation loan, with a 20%/100% Loan-to-Value/Combined Loan to Value (LTV/CLTV), and a 39.50% Debt-to-Income Ratio (DTI). There was a Manual approval dated 11/17/2004, in the loan file. | SISA | $65,998.00 | 2846738 |
| | | | 1.04 (c) (v) SAS 2005-S1_No Fraud / 1.04 (c) (vii) SAS 2005-S1_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and the Mortgage Electronic Registry System report, the Borrower opened 2 undisclosed mortgages that secured an undisclosed property that is located in the same city and state as the subject property. The Borrower opened 2 undisclosed mortgages in the amount of $344,000 that resulted in an undisclosed monthly payment of $1,717 per month and an undisclosed mortgage in the amount of $86,000 that resulted in an undisclosed monthly payment of $770 per month. The loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The non-disclosure of a $2,487 monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt. A recalculation based on the Borrower's undisclosed debt and verified income yields a debt to income ratio (DTI) of 56.22%. Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $2,487 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846738 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen US Bank_ Final Version_30

| # | Loan # | Lien | Deal | | | | | | | Value | ID |
|---|--------|------|------|---|---|---|---|---|---|-------|-----|
| | | | | 1.04 (c) (v) SAS 2005-S1_No Fraud<br>1.04 (c) (vii) SAS 2005-S1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application. Per the loan application, the Borrower was a Self Employed Owner of two legal immigration service businesses for 4.11 years. Per research, the Las Vegas location has been in business for 5 months and the San Jose, California location has been in business for 11 months. Further research conducted through Accurint revealed the Borrower owned 3 additional businesses that were not disclosed at origination. The Borrower opened a property investment business from 11/12/2003 to the present, a travel agency from 08/21/2003 through 2008 and an additional business from 08/1988 to the present. All three businesses cover the subject loan closing date of 11/11/2004. The undisclosed businesses could have resulted in a negative impact on the Borrower's income stated on the loan application of $12,000 per month. Additionally, Accurint also confirmed that the businesses were registered in the Borrower's name.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of two legal immigration service businesses for 4.11 years with no additional sources of employment, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | 2846738 |
| 37 | 00018801530 | 1st | SASC 2005-GEL2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/18/2004 in the amount of $429,000. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly established and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, title, HUD-1, Hazard Insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data tape by the Seller. | Unknown | $429,000.00 | 2846719 |
| . | | | | 1.04 (b) (xiii) SAS 2005-GEL2_Compliance with Applicable Law - Deemed MnA<br>1.04 (c) (xvii) SAS 2005-GEL2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846719 |
| . | | | | 1.04 (c) (xviii) SAS 2005-GEL2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846719 |
| 38 | 00018933168 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/09/2004, in the amount of $42,750, as a purchase of a non-owner occupied, 4-unit property. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 15%/95% Loan-to-Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 12/08/2004, in the loan file. | NIVA | $42,750.00 | 2846742 |
| . | | | | 1.04 (c) (v) SAS 2005-S1_No Fraud<br>1.04 (c) (vii) SAS 2005-S1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the audit credit report and the Mortgage Electronic Registry System report, the Borrower opened 9 undisclosed mortgages that secured 5 different undisclosed properties that were all located on the same street as the subject investment property. The Borrower opened 8 undisclosed mortgages which totaled $1,040,250 and resulted in a total undisclosed monthly mortgage payment of $9,796, which were opened on the same day as the subject loan closing date of 12/09/2004 and secured 4 different properties located on the same street as the subject investment property. Additionally, the Borrower opened an undisclosed mortgage in the amount of $242,250 that resulted in an undisclosed monthly mortgage payment of $2,787 that was opened on 11/18/2004, which was 21 days prior to the subject loan closing date of 12/09/2004 and secured a property that was located on the same street as the subject investment property. The Borrower had a total of $1,282,500 in undisclosed mortgages that resulted in total undisclosed monthly mortgage payments of $12,583.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented is debt obligations by failing to disclose $12,583 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846742 |

Cowen US Bank_ Final Version_30

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 39 | 00018986257 | 2nd | SASC 2005-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/26/2004, in the amount of $108,000, as a cash out refinance on a non-owner occupied Single Family Residence. The loan was approved as stated income, Verified Assets with the Debt to Income ratio unknown. The documentation type, Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $108,000.00 | 2846762 |
| . | | | | 1.04 (c) (v) SAS 2005-S2_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Public records and the audit credit report reflected the Borrower purchased an undisclosed property on 12/27/2004, the same day as the subject loan closing, and acquired a first and second mortgage in the amounts of $472,000 and $59,000 with monthly payments of $3,008 and $664.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $3,672 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846762 |
| 40 | 00019036300 | 2nd | SASC 2005-GEL4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/27/2004, in the amount of $67,950, as a purchase money second mortgage. The occupancy type and property type, documentation type, Loan to Value, Combined Loan to Value and the Borrower's Debt to Income ratio was unknown. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, Title Policy and evidence of home owner's insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $67,950.00 | 2846725 |
| . | | | | 1.04 (b) (xiii) SAS 2005-GEL4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-GEL4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 settlement statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846725 |
| . | | | | 1.04 (b) (xiii) SAS 2005-GEL4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-GEL4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846725 |
| . | | | | 1.04 (c) (xviii) SAS 2005-GEL4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846725 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| # | Loan Number | Lien | Deal | Category | Sub-Category | Finding | | | Finding Detail | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 41 | 000019052539 | 2nd | SASC 2004-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 00/00/0000 in the amount of $35,000 as a purchase money second mortgage of a non owner occupied detached single family residence and a 20%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, Title Policy and evidence of Home Owner's insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $35,000.00 | 2846676 |
| | | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 settlement statement to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846676 |
| | | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846676 |
| | | | | 1.04 (c) (xviii) SAS 2004-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846676 |
| 42 | 00019111111 | 2nd | SASC 2004-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/01/2004, in the amount of $25,800, as a purchase money second mortgage of a non owner occupied detached single family residence and a 20%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, HUD-1 Settlement statement, Title Policy and evidence of Home Owner's insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $25,800.00 | 2846679 |
| | | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 settlement statement to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846679 |
| | | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846679 |
| | | | | 1.04 (c) (xviii) SAS 2004-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846679 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 43 | 00019122175 | 2nd | SASC 2004-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 5/13/2004, in the amount of $34,000, as a purchase money second mortgage of an owner occupied Town house located on a Planned Unit Development with a 100% Loan to Value/100% Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, HUD-1 Settlement statement, Title Policy and evidence of Home Owner's insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $34,000.00 | 2846681 |
| | | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846681 |
| | | | | 1.04 (c) (xviii) SAS 2004-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846681 |
| 44 | 00019231083 | 2nd | SASC 2005-S1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/20/2004, in the amount of $19,200, as a purchase money second mortgage of a non owner occupied detached single family residence with a 20%/100% Loan to Value/Combined Loan to Value. There was neither an Automated Underwriting System approval nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's Note, Mortgage, Title Policy and evidence of Home Owner's insurance. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $19,200.00 | 2846745 |
| | | | | 1.04 (b) (xiii) SAS 2005-S1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2005-S1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final Truth in Lending statement was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846745 |
| | | | | 1.04 (c) (xviii) SAS 2005-S1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846745 |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | $7,548,921.00 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 9/30/2013 9:30:39 AM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen US Bank 2573_41 Final Verison

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0031789852 | 1st | SARM 2005-23 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/3/2005, in the amount of $250,000, as a rate and term refinance of a non-owner occupied attached single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 79.365% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.87% Debt to Income Ratio (DTI). There was a Manual approval dated 09/20/2005, in the loan file. | Stated | $250,000.00 | 2846158 | |
| | | | | 1.04 (c) (v) SARM 2005-23_No Fraud 1.04 (c) (vii) SARM 2005-23_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Vice President of Accounting for a mortgage lending company for 1 month, earning $12,000 per month on the loan application. An audit verification of employment and income was conducted through The Work Number, which revealed the Borrower earned $8,896 per month in 2007 in the same position. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as the Vice President of Accounting for a mortgage lending company for 1 month, earning $12,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846158 | |
| 2 | 0031848716 | 1st | SARM 2005-23 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/21/2005, in the amount of $568,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.43% Debt to Income Ratio (DTI). There was a Manual approval dated 10/20/2005, in the loan file. | Stated | $568,000.00 | 2846159 | |
| | | | | 1.04 (c) (v) SARM 2005-23_No Fraud 1.04 (c) (vii) SARM 2005-23_No Event of Default | Misrepresentation of Income - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Research of public records revealed the Chapter 7 Bankruptcy filed by the Borrowers on 03/05/2009 with the Northern District of California. An audit credit report revealed the Borrowers purchased an undisclosed property located in Antioch, CA in 07/2005, 3 months prior to the subject loan closing on 10/21/2005, and obtained a first mortgage in the amount of $598,125 with a monthly payment of $3,207. The first mortgage loan payment was based on a 5% interest rate for 30 years, and a second mortgage in the amount of $108,700 with a monthly payment of $582, based on a 5% interest rate for 30 years.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose $3,789 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846159 | |
| | | | | 1.04 (c) (v) SARM 2005-23_No Fraud 1.04 (c) (vii) SARM 2005-23_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrowers misrepresented their disclosed income. The Borrower falsely stated self-employment income as the Owner of a flooring company for 5 years, earning $15,000 per month and the Co-Borrower falsely stated employment as a part-time Sunday School Supervisor for 5 years, earning $1,500 per month on the loan application. Research of public records revealed the Borrowers filed a Chapter 7 Bankruptcy on 03/05/2009, with the Northern District of California. The report also revealed the Borrower earned $10,517 per month as the self-employed Owner of a flooring company and the Co-Borrower earned $162 per month from employment at the church in 2007 the year after the subject loan closing on 10/21/2005. It is unlikely the Borrowers' incomes would have decreased considering the Borrower was self-employed in the same line of work and the Co-Borrower was employed in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated self-employment income as the Owner of a flooring company for 5 years, earning $15,000 per month and the Co-Borrower falsely stated employment as a part-time Sunday School Supervisor for 5 years, earning $1,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846159 | |

Cowen US Bank 2573_41 Final Verison

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 0032312019 | 1st | SARM 2006-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/06/2006, in the amount of $689,600, as a refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/89.98% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.11% Debt to Income Ratio (DTI). There was a Manual approval dated 02/06/2006, in the loan file. | Stated | $689,600.00 | 2846253 |
| . | | | 1.04 (c) (v) SARM 2006-4_No Fraud | Misrepresentation of Employment With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a self-employed Owner of a home based consulting business for 4 years. The Bankruptcy records obtained through the modification process filed on 06/19/2009 revealed the Borrower's self-employed consulting business ended in 2005, the prior year of the subject loan closing, which resulted in an invalid income source. In addition, the records revealed the Borrower was also a self-employed Owner of an additional company from 01/03/2004, which was not disclosed on the loan application. | | | 2846253 |
| | | | 1.04 (c) (xvii) SARM 2006-4_No Event of Default | | | | | The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | |
| | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | |
| | | | | | | | | Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of a home based consulting business for 4 years as his sole source of income, constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | |
| . | | | 1.04 (c) (v) SARM 2006-4_No Fraud | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his primary income as a Project Manager earning $7,700 per month and also falsely stated his income as an Owner of a self-employed home based consulting business, earing $7,300 per month on the loan application. The loan file contained post-closing income documentation including the Borrower's tax return and the W-2 form. The income documentation on 06/19/2009, reported in public records revealed the Borrower earned $5,126 per month as a Project Manager for 2007 and also revealed the Borrower's self-employed consulting business ended in 2005, the prior year of the subject loan closing on 02/06/2006. It is unlikely the Borrower's primary income would have decreased considering the Borrower was employed with the same employer in the same line of work. | | | 2846253 |
| | | | 1.04 (c) (xvii) SARM 2006-4_No Event of Default | | | | | Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. | | | |
| | | | | | | | | In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. | | | |
| | | | | | | | | Despite the Seller's representations, the Borrower falsely stated primary income as a Project Manager earning $7,700 per month and a self-employed Owner of a consulting business earning $7,300 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | |
| 4 | 0032845984 | 1st | SARM 2006-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/04/2006, in the amount of $584,800, as a purchase of an attached single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40% Debt to Income Ratio (DTI). There was a Manual approval dated 04/27/2006, in the loan file. | Stated | $584,800.00 | 2846269 |
| . | | | 1.04 (b) (xii) SARM 2006-6_Compliance with Applicable Law - Origination | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. | | | 2846269 |
| | | | 1.04 (c) (xvii) SARM 2006-6_Origination Practices | | | | | The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. | | | |
| | | | 1.04 (c) (xxiv) SARM 2006-6_Compliance with Applicable Law | | | | | The disclosed finance charge ($958,139.00) is ($1,561.54) below the actual finance charge ($959,700.54).

The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).

Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/31/2013 3:58:12 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repo

| # | Loan | Lien | Deal | Finding Code | Category | Subcategory | | | Narrative | | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 0032860306 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/10/2006, in the amount of $456,000.00, as a purchase of an owner occupied attached single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.962% Debt to Income Ratio (DTI). There was a Manual approval dated 05/04/2006, in the loan file. | Stated | $456,000.00 | 2846298 |
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud  1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Employment With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a Data Processing Audit Manager for 33 years. An audit verification of employment was conducted through The Work Number, which revealed the Borrower's position was a Data Entry Clerk.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Data Processing Audit Manager for 33 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846298 |
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud  1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Data Processing Audit Manager for 33 years, earning a base income of $10,649 and bonuses of $1,200 per month on the loan application. An audit verification of employment and income was conducted through The Work Number, which revealed the Borrower's position was a Data Entry Clerk and the Borrower earned a base salary plus overtime of $5,332 per month in the year 2007. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Data Processing Audit Manager for 33 years, earning a base income of $10,649 and bonuses of $1,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846298 |
| 6 | 0032868077 | 1st | SARM 2006-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/19/2006, in the amount of $554,250, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44.53% Debt to Income Ratio (DTI). There was a Manual approval dated 05/05/2006, in the loan file. | Stated | $554,250.00 | 2846270 |
| | | | 1.04 (c) (v) SARM 2006-6_No Fraud  1.04 (c) (vii) SARM 2006-6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Senior Engineer for the sanitation department for 9 years, earning $18,850 per month. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the Central District of California on 09/02/2009. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $9,494 per month as an Engineer with the sanitation department in 2007, the year after the subject loan closed. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Senior Engineer for the sanitation department for 9 years, earning $18,850 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846270 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/31/2013 3:58:12 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| 7 | 0032868283 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/17/2006, in the amount of $740,000, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a No Ratio loan (No Income, No Verified Asset) loan, with an 80%/89.946% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 05/19/2006, in the loan file. | NIVA | | $740,000.00 | 2846299 |
| . | | | 1.04 (c) (v) SARM 2006-7_No Fraud 1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Employment With Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Co-Borrower misrepresented her employment on the loan application as the self-employed Owner of a housekeeping business for 8 years. Research of public records revealed the Borrowers filed a Chapter 7 Bankruptcy with the Northern District of California on 04/29/2007. The petition included a Statement of Financial Affairs, which required the Borrowers to disclose any full or part time self-employment for the prior six years, or in this case back to 04/29/2001; however, no self-employment was listed.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage

Despite the Seller's representations, the Co-Borrower falsely stated self-employment as the Owner of a housekeeping business for 8 years, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846299 |
| . | | | 1.04 (c) (v) SARM 2006-7_No Fraud 1.04 (c) (vii) SARM 2006-7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrowers misrepresented their intent to occupy the subject property. The loan application reflected the subject property was a purchase of an owner occupied property and their departing residence of 3.6 years was to become a rental property. However, research of public records revealed the Borrowers filed a Chapter 7 Bankruptcy with the Northern District of California on 04/29/2007. The petition included a Statement of Financial Affairs, which required the Borrowers to disclose any prior addresses for the previous 3 years, or in this case back to 04/29/2004. The petition reflected the departing address as the Borrowers' current address and no previous addresses were listed.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846299 |
| 8 | 0032888596 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/22/2006, in the amount of $674,800, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.822% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | | $674,800.00 | 2846300 |
| . | | | 1.04 (c) (v) SARM 2006-7_No Fraud 1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as the Owner of a beauty salon for 2 years, earning $18,000 per month on the loan application. The loan file contained post-closing documentation including the Borrower's 2007 tax return, which revealed the Borrower earned $679 per month as the Owner of a beauty salon. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated income as the Owner of a beauty salon for 2 years, earning $18,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846300 |
| 9 | 0032905135 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/31/2006, in the amount of $533,600, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40% Debt to Income Ratio (DTI). There was a Manual approval dated 05/31/2006, in the loan file. | Stated | | $533,600.00 | 2846305 |
| . | | | 1.04 (c) (v) SARM 2006-7_No Fraud 1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her income as a Contractor for 5 years, earning $15,000 per month. Research of public records reported the Borrower had filed jointly with his spouse, a Chapter 7 Bankruptcy on 10/20/2011 with the Eastern District of Virginia. The petition included a Statement of Financial Affairs, which reported total income for the year 2008 of $1,824, which includes the Borrower's confirmed self-employment income and the non-borrowing spouse's income earned from a retail chain store. It is unlikely the Borrower's income would have decreased considering the Borrower was self-employed in the same line of work.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated self-employment income as a Contractor for 5 years, earning $15,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2846305 |
| 10 | 0032944209 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/12/2006, in the amount of $404,000, as a purchase of an owner occupied, single family residence in a Planned Unit Development (PUD). The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.88% Debt to Income Ratio (DTI). There was a Manual approval dated 06/23/2006, in the loan file. | Stated | | $404,000.00 | 2846316 |

Cowen US Bank 2573_41 Final Verison

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present -<br>Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her current income or $9,850 per month as a Senior Immigration Specialist at a Law Firm on the loan application. The Borrower filed for Chapter 7 Bankruptcy in the District of Virginia on 11/29/2008, which revealed the Borrower earned a monthly income of $3,750 per month. Furthermore, the loan file included the Borrower's 2006 income tax returns and the Borrower's 2006 W-2 statement from the employer listed on the loan application, which revealed that the Borrower earned a monthly income of $5,279 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Senior Immigration Specialist employed with a Law Firm earning $9,850 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846316 |
| 11 | 0032966830 | 1st | SARM 2006-7 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/16/2006, in the amount of $496,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 44% Debt to Income Ratio (DTI). There was a Manual approval dated 06/16/2006, in the loan file. | Stated | $496,000.00 | 2846321 |
| . | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Debt Obligations -<br>With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per the Mortgage Electronic Registration System (MERS) and the audit credit report, the Borrower obtained an undisclosed mortgage in the amount of $612,000 with a monthly payment of $3,953, based on the 7.75% interest rate reported by Sitex.com and another a mortgage in the amount of $153,000 with a monthly payment of $821, based on a 5% interest rate for 30 years, secured by a property located in Dublin, California. Thus resulted in a total undisclosed mortgage debt of $765,000 and undisclosed monthly mortgage payments of $4,774 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $4,774 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846321 |
| . | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Per the loan application, the Borrower purchased the subject property as an owner occupied property. Research performed through Accurint revealed that the Borrower opened utilities in the Borrower's name located at the departing address in San Jose, California on 06/26/2006, which was only 10 days after the subject loan closing date of 06/16/2006. Accurint also reported an extensive history at the departing address from 06/1996 through 08/2013. Furthermore, the audit credit report did not report the subject address as an address that was ever occupied by the Borrower. The aforementioned evidence supports that the Borrower did not occupy the subject after closing as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846321 |
| 12 | 0032968752 | 1st | SARM 2006-7 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/07/2006, in the amount of $641,250, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.87% Debt to Income Ratio (DTI). There was a Manual approval dated 05/26/2006, in the loan file. | Stated | $641,250.00 | 2846323 |
| . | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present -<br>Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner/Operator of a home based business earning $20,000 per month on the loan application. The loan file contained post-closing documentation including the Borrower's 2006 income tax return, which reported a monthly business earning of $6,168 per month prior to business deductions of $851 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statement of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner/Operator of a home based business earning $20,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846323 |

| 13 | 0033008228 | 1st | SARM 2006-9 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/21/2006, in the amount of $484,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) Documentation loan, with an 89% Combined Loan to Value (LTV/CLTV), and a 44% Debt to Income Ratio (DTI). There was a Manual approval dated 06/20/2006, in the loan file. | Stated | $484,000.00 | 2846350 |
| . | | | 1.04 (b) (xii) SARM 2006-9_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2006-9_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2006-9_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The HUD-1 Settlement Statement contained in the loan file was incomplete and did not include all pages.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2846350 |
| . | | | 1.04 (c) (v) SARM 2006-9_No Fraud<br><br>1.04 (c) (vii) SARM 2006-9_No Event of Default | Misrepresentation of Employment With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application as an Office Manager/Loan Consultant for 8 years as her sole source of employment. The Borrower filed a Chapter 7 Bankruptcy with the Central District of California on 12/16/2010, which revealed that the Borrower was self-employed as the Owner of a real estate investment business from 2004 through 2009, which covered the subject loan closing date of 06/21/2006.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of her financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the loan constitutes an event of default under the Mortgage.<br><br>The loan file included a verbal verification of employment (VVOE) dated 06/12/2006 and re-verified on 06/27/2006, which indicated the Borrower was employed with the present employer for 4 years and not for 8 years as indicated on the loan application. In addition, the business was not disclosed on the loan application and could have had a negative impact on the Borrower's stated income of $13,650 per month as an Office Manager/Loan Consultant with a funding company.<br><br>Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as an Office Manager/Loan Consultant for 8 years as her sole source of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846350 |
| . | | | 1.04 (c) (v) SARM 2006-9_No Fraud<br><br>1.04 (c) (vii) SARM 2006-9_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Office Manager/Loan Consultant earning $13,650 per month on the loan application as her sole source of income. The loan file included post-closing income documentation including the Borrower's 2006 tax return, which revealed the Borrower did not earn any wages, salaries, tips or commissions during the year of the subject loan closing in 2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Office Manager/Loan Consultant earning $13,650 per month on the loan application as her sole source of income, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846350 |
| . | | | 1.04 (c) (v) SARM 2006-9_No Fraud<br><br>1.04 (c) (vii) SARM 2006-9_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented her intent to occupy the subject property. The subject loan was a purchase of an owner occupied property located in Woodland Hills, California; however, Accurint reported an extensive history located in Woodland Hills, California from 02/2006 through 12/2010 and reported an additional extensive history at a second address located in Woodland Hill, California from 03/2007 through 03/2011. The loan file included post-closing documentation including the Borrower's 2006 tax return, which reported a mailing address located in Woodland Hills, California. Further, the audit credit report did not list the subject property as an address that was ever occupied by the Borrower.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846350 |
| 14 | 0036244028 | 1st | SARM 2005-22 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/18/2005, in the amount of $302,450, as a purchase of an owner occupied, single family residence located in a Planned Unit Development (PUD). The loan was approved as a Stated Employment/No Income/Verified Asset (No Ratio) Documentation loan, with an 80%/95% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 08/15/2005, in the loan file. | NIVA | $302,450.00 | 2846154 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (c) (v) SARM 2005-22_No Fraud<br><br>1.04 (c) (vii) SARM 2005-22_No Event of Default | Misrepresentation of Employment with No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a Sales Supervisor for 7 months. An audit verbal verification of employment (Audit VVOE) was obtained, which revealed the Borrower was not employed as an Employee at this location.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Sales Supervisor for 7 months, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846154 |
| 15 | 0037078656 | 1st | SARM 2006-2 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/14/2005, in the amount of $712,500, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.28% Debt to Income Ratio (DTI). There was a Manual approval dated 12/08/2005, in the loan file. | Stated | $712,500.00 | 2846244 |
| . | | | 1.04 (c) (v) SARM 2006-2_No Fraud<br><br>1.04 (c) (vii) SARM 2006-2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased an undisclosed property located in Pembroke Pines, FL on 08/30/2005, 4 months prior to the subject loan closing on 12/14/2005. The Borrower obtained a mortgage on the property in the amount of $312,000 with a monthly payment of $1,674 based on a 5% interest rate for 30 years.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose a $1,674 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846244 |
| | | | 1.04 (c) (v) SARM 2006-2_No Fraud<br><br>1.04 (c) (vii) SARM 2006-2_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated primary income as an Assistant Principal for the school board for 13 years, earning $8,625 per month and secondary income as an Adjunct Professor for a university for 8 years, earning $7,363 per month, for a total of $15,988 per month on the loan application. Research of public records revealed the Borrower filed a Chapter 7 Bankruptcy on 06/06/2007 with the Southern District of Florida jointly with her spouse. The petition included a Statement of Affairs, which revealed the total household income was $6,333 per month in 2005 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Assistant Principal for the school board for 13 years, earning $8,625 per month and secondary income as an Adjunct Professor for a university for 8 years, earning $7,363 per month, or a total of $15,988 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846244 |
| 16 | 0038312260 | 1st | SARM 2006-7 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/30/2006, in the amount of $480,000, as a purchase of a non-owner occupied single family residence. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 38.73% Debt to Income Ratio (DTI). There was a Manual approval dated 05/30/2006, in the loan file. | Full | $480,000.00 | 2846337 |
| | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research conducted through the Mortgage Electronic Registry System and an audit credit report, revealed the Borrower purchased an undisclosed property located in South Jordan, UT on 05/18/2006, 12 days prior to the subject loan closing on 05/30/2006 and obtained a first mortgage in the amount of $237,500 with a monthly payment of $1,880.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $1,880 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846337 |

Cowen US Bank 2573_41 Final Verison

| 17 | 0038530515 | 1st | SARM 2006-7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/30/2006, in the amount of $119,900, as a purchase of an owner occupied single family attached property located in a planned unit development. The loan was approved for stated income/verified asset (SISA), with a 66%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.50% Debt to Income Ratio (DTI). There was a Manual approval dated 06/28/2006, in the loan file. | Stated | $119,900.00 | 2846346 |
| . | | | | 1.04 (c) (v) SARM 2006-7_No Fraud<br><br>1.04 (c) (vii) SARM 2006-7_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Automotive Technician earning $4,682 per month. An audit verification of employment and income was conducted through The Work Number, which revealed the Borrower earned $3,326 per month in 2006 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Automotive Technician earning $4,682 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846346 |
| 18 | 00400042552 | | SASC 2004-17XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/24/2004, in the amount of $93,500, as a rate and term refinance of an owner occupied property. There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $93,500.00 | 2846548 |
| . | | | | 1.04 (b) (xii) SAS 2004-17XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-17XS_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846548 |
| . | | | | 1.04 (b) (xii) SAS 2004-17XS_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2004-17XS_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846548 |
| . | | | | 1.04 (c) (xviii) SAS 2004-17XS_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846548 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/31/2013 3:58:12 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen US Bank 2573_41 Final Verison

| 19 | 00400726519 | | SASC 2004-S4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/03/2003, in the amount of $20,219.00, as a purchase of a... The loan was not approved through either an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Hazard Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $20,219.00 | 2846688 |
| . | | | 1.04 (b) (xiii) SAS 2004-S4_Compliance with Applicable Law - Deemed MnA 1.04 (c) (xviii) SAS 2004-S4_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846688 |
| . | | | 1.04 (c) (xviii) SAS 2004-S4_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846688 |
| 20 | 0045566304 | 1st | SASC 2007-BC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/22/2007, in the amount of $448,000.00, as a purchase of an owner occupied Single Family Residence. The loan was approved as a Full Documentation/Bank Statement loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 48.56% Debt to Income Ratio (DTI). There was a Manual approval dated 03/21/2007, in the loan file. | Full | $448,000.00 | 2847014 |
| . | | | 1.04 (b) (xviii) (d) SAS 2007-BC3_Underwriting Methodology - Deemed MnA_Pool 1 1.04 (c) (v) SAS 2007-BC3_No Fraud 1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Straw Purchaser Transaction | Straw Purchaser Transaction | 1 | 3 | The purchase was an ineligible transaction. The loan file contained the Borrower's hardship letter obtained for modification, which revealed the Borrower purchased the subject home for the Borrower's brother and the subject property was his brother's home.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The Borrower had no intention of repaying the subject loan as the loan was obtain on behalf of a third party not party to the transaction.<br><br>Despite the Seller's representations, the Borrower provided misleading information on the loan file, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847014 |
| . | | | 1.04 (c) (v) SAS 2007-BC3_No Fraud 1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated net rental income for his proposed departure residence of $2,950 per month on the loan application. Public and utility records reflect the Borrower remained at the proposed departure residence from 07/2006 to 08/2013 and did not occupy the subject property after the loan closing of 03/22/2007 as required. The Borrower's hardship letter, obtained through the modification process, and public records indicated the Borrower's brothers occupied the subject property from 04/2007 to 12/2009. Thus, the Borrower did not have rental income for his proposed departure residence.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>Despite the Seller's representations, the Borrower falsely stated rental income of $2,950 per month for the proposed departure residence on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847014 |
| . | | | 1.04 (c) (v) SAS 2007-BC3_No Fraud 1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research conducted through public and utility records revealed the Borrower remained at the proposed departure residence from 07/2006 to 08/2013 and did not occupy the subject property after the loan closing of 03/22/2007 as required. The Borrower's hardship letter, obtained through the modification process, and public records indicated the Borrower's brothers occupied the subject property from 04/2007 to 12/2009. The hardship letter also indicated the Borrower purchased the subject property as a primary residence for his brother.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representation, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847014 |

| 21 | 0110726403 | 1st | SAS 2007-TC1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/03/2007, in the amount of $40,000.00, and is secured by an owner occupied Single Family Residence. The loan was approved as a with a 76.34% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.57% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Unknown | $40,000.00 | 2844779 |
| | | | | 1.04 (b) (xiii) SAS 2007-TC1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xxxvii) SAS 2007-TC1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Right of Rescission is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, the loan file did not contain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844779 |
| 22 | 0123010324 | 2nd | SAS 2006-Z | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $102,800.00 | 2844759 |
| | | | | 1.04 (b) (xiii) SAS 2006-Z_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xiii) SAS 2006-Z_Mortgage File<br><br>1.04 (b) (xvii) SAS 2006-Z_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders | | | 2844759 |
| | | | | 1.04 (b) (xiii) SAS 2006-Z_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-Z_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844759 |
| | | | | 1.04 (b) (xiii) SAS 2006-Z_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (c) (xvii) SAS 2006-Z_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 5 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders | | | 2844759 |
| | | | | 1.04 (c) (xvii) SAS 2006-Z_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2844759 |

| 23 | 0123011017 | 1st | SAS 2006-Z | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | 2844753 |
| . | | | | 1.04 (b) (xix) (j) SAS 2006-Z_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844753 |
| 24 | 0123021479 | 1st | SAS 2006-Z | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | 2844757 |
| . | | | | 1.04 (b) (xix) (j) SAS 2006-Z_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844757 |
| 25 | 0123253056 | 2nd | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | 2844988 |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The loan file is missing the HUD-1.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844988 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/31/2013 3:58:12 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

Cowen US Bank 2573_41 Final Verison

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-11   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
part 9  153 of 206

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders | | 2844988 |
| . | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 5 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file was missing the subject note.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2844988 |
| | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | 2844988 |
| 26 | 0123261968 | | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | 2847217 |
| . | | | 1.04 (b) (xl) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders | | 2847217 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 27 | 0123269433 | 2nd | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/00/2006 in the amount of $88,000.00 on an owner-occupied property. The loan was approved as a Stated Income/Verified Assets loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $88,000.00 | 2844989 |
| | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844989 |
| | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844989 |
| | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 5 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The loan file was missing the subject note.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2844989 |
| | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2844989 |
| 28 | 0123282170 | | SASC 2007-BNC1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | 2847219 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xl) SAS 2007-BNC1_Underwriting Guidelines<br><br>1.04 (b) (xli) (H) SAS 2007-BNC1_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 0 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and the outstanding obligations, is an important factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the subject loan was underwritten pursuant to the Originator's underwriting guidelines.<br><br>The Seller further represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. Further still, the Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2847219 |
| 29 | 0123531006 | 2nd | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | 2845013 |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845013 |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845013 |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 5 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrowers and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845013 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. There was no critical documentation provided for the file that the appraisal complied with FIRREA. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845013 |
| 30 | 0123541229 | 2nd | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | 2845027 |
| | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA  1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1  1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845027 |
| | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA  1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1  1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845027 |
| | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA  1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 5 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject note was missing from the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845027 |
| | | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845027 |

Cowen US Bank 2573_41 Final Verison

| | | | | Loan Summary | Loan Summary | 0 | 0 | | | Unknown | $95,000.00 | 2845033 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 31 | 0123543571 | 1st | BNCMT 2007-1 | | | | | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines at the time the loan program was used at time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | | | | |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA

1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1

1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845033 |
| . | | | | 1.04 (b) (xi) BNC 2007-1_Compliance with Applicable Law - Deemed MnA

1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1

1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845033 |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA

1.04 (b) (xxxii) BNC 2007-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 5 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrowers and maintained in the loan file as evidence of compliance. The subject note was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.

Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2845033 |
| . | | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2845033 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/31/2013 3:58:12 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repo

Cowen US Bank 2573_41 Final Verison

| 32 | 0123865735 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines. The loan program used in the origination of the application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | 2845080 |
| | | | | 1.04 (b) (xii) BNC 2007-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxii) BNC 2007-2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 is missing from the loan file<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845080 |
| | | | | 1.04 (b) (xii) BNC 2007-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxii) BNC 2007-2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845080 |
| | | | | 1.04 (b) (xii) BNC 2007-2_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxii) BNC 2007-2_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 5 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject Note is missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845080 |
| | | | | 1.04 (c) (xxxiv) BNC 2007-2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845080 |

Cowen US Bank 2573_41 Final Verison

**Digital Risk - Loan Review Findings**
08-13555-mg   Doc 46080-11   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
Volume 7 part 7   Pg 159 of 206

| # | Loan # | Lien | Deal | Exception | Category | Sub-Category | Sub-Category | | Finding | Status | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 33 | 0124049347 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. There was no critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | 2845128 |
| . | | | | 1.04 (b) (xl) (H) BNC 2007-2_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Provide the Credit Package | Failure to Provide Credit Package | 1 | 3 | The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's credit, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan. The credit package was missing from the loan file.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liabilities. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.

Despite the Seller's representations, there is no evidence in the loan file that a complete credit package was provided and reviewed; and as such, there is no evidence in the file that the accuracy of the Borrower's credit profile was confirmed.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845128 |
| 34 | 0400052122 | 1st | SAIL 2004-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/23/2004, in the amount of $188,000, as a purchase of a non-owner occupied Single Family Residence with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Hazard insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $188,000.00 | 2845775 |
| . | | | | 1.04 (b) (xiii) SAIL 2004-6_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) SAIL 2004-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845775 |
| . | | | | 1.04 (c) (xviii) SAIL 2004-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845775 |
| 35 | 0400066486 | 2nd | SAIL 2004-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/23/2004, in the amount of $28,400, as a purchase of a non-owner occupied Single Family Residence. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively assert whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrowers' signed Note, Title, Hazard Insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $28,400.00 | 2845777 |
| . | | | | 1.04 (b) (xiii) SAIL 2004-6_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) SAIL 2004-6_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845777 |
| . | | | | 1.04 (c) (xviii) SAIL 2004-6_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.

The Seller represented and warranted, in part, that the appraisal complied with FIRREA.

Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845777 |

| 36 | 0400590329 | 1st | SAIL 2004-8 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/17/2004, in the amount of $147,000.00 on a 100% owner occupied Single Family Residence. The loan was approved with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Hazard Insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $147,000.00 | 2845801 |
| | | | 1.04 (b) (xiii) SAIL 2004-8_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xviii) (g) SAIL 2004-8_Fees Disclosed - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (b) (xviii) (h) SAIL 2004-8_Written Disclosure - Deemed MnA_Pool 1 and Pool 3<br><br>1.04 (c) (xvii) SAIL 2004-8_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The Final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845801 |
| | | | 1.04 (c) (xviii) SAIL 2004-8_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845801 |

Cowen US Bank 2573_41 Final Verison

| # | Loan No | Lien | Deal | Category | Sub-category | Finding | | Finding Description | Doc Status | Balance | ID |
|---|---------|------|------|----------|--------------|---------|---|---------------------|------------|---------|-----|
| 37 | 0400612917 | 2nd | SASC 2004-S3 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/04/2004, in the amount of $98,000, as a purchase of an owner occupied condominium with a 20%/100% Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Hazard insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $98,000.00 | 2846663 |
| | | | | 1.04 (b) (xiii) SAS 2004-S3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-S3_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846663 |
| | | | | 1.04 (b) (xiii) SAS 2004-S3_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2004-S3_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846663 |
| | | | | 1.04 (c) (xviii) SAS 2004-S3_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.  The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2846663 |
| 38 | 0400628038 | 1st | SAIL 2004-9 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/08/2004, in the amount of $105,600, as a purchase of an owner occupied Single Family Residence with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Hud-1, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $105,600.00 | 2845806 |
| | | | | 1.04 (b) (xiii) SAIL 2004-9_Compliance with Applicable Law - Deemed MnA  1.04 (b) (xix) (g) SAIL 2004-9_Fees Disclosed - Deemed MnA_Pool 1  1.04 (b) (xix) (h) SAIL 2004-9_Written Disclosure - Deemed MnA_Pool 1  1.04 (c) (xvii) SAIL 2004-9_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845806 |
| | | | | 1.04 (c) (xiii) SAIL 2004-9_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file. The Seller represented and warranted, in part, that the appraisal complied with FIRREA.  Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845806 |

Cowen US Bank 2573_41 Final Verison

| 39 | 0400661823 | 2nd | SASC 2004-S3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/29/2004, in the amount of $36,100.00, secured by an owner occupied 4 unit property. The loan was approved as a Stated Income, Stated Assets loan, with a 14.92%/94.88% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.69% Debt to Income Ratio (DTI). There was a Manual approval dated 06/17/2004, in the loan file. | SISA | $36,100.00 | 2846665 |
| | | | | 1.04 (c) (v) SAS 2004-S3_No Fraud With No Red Flags Present<br><br>1.04 (c) (vii) SAS 2004-S3_No Event of Default | Misrepresentation of Employment With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as a Machine Operator for 9 months. An auto Verification of Employment was obtained through the employer, which revealed the Borrower's employment was terminated on 06/16/2004, 13 days prior to the subject loan closing on 06/29/2004.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as Machine Operator for 9 months, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2846665 |
| | | | | 1.04 (c) (v) SAS 2004-S3_No Fraud<br><br>1.04 (c) (vii) SAS 2004-S3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Machine Operator earning $5,650 per month on the loan application. An audit verification of employment was obtained through the employer, which revealed the Borrower's employment was terminated on 06/16/2004, 13 days prior to the subject loan closing on 06/29/2004. Thus, the Borrower had no earned income.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Machine Operator earning $5,650 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846665 |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | **$101,181,769.00** | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 12/31/2013 3:58:12 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repo

| Loan Count | Loan Group | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Issue Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | 0017853821 | 1st | SARM 2004-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 05/19/2004, in the amount of $122,000, as a rate and term refinance of an investment detached single family residence. The loan was approved as a Full Documentation loan, with an 85% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.69% Debt to Income Ratio (DTI). There was a Manual approval dated 05/10/2004, in the loan file. | Full | $122,000.00 | 2847483 | |
| . | | | | | 1.04 (c) (v) SARM 2004-10_No Fraud<br><br>1.04 (c) (vii) SARM 2004-10_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application as the Manager of a handy man business for 4 years. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Northern District of Georgia on 08/10/2012. The petition included a Statement of Financial Affairs, which revealed the Borrower was the Owner of the corporation; therefore, misrepresenting his employment.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage<br><br>Despite the Seller's representations, the Borrower falsely stated his employment as the Manager of a handy man business for 4 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847483 | |
| . | | | | | 1.04 (c) (v) SARM 2004-10_No Fraud<br><br>1.04 (c) (vii) SARM 2004-10_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Manager of a handy man business for 4 years, earning $7,500 per month. Research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Northern District of Georgia on 08/10/2012. The petition included a Statement of Financial Affairs, which revealed the Borrower was the Owner of the corporation; therefore, misrepresenting his employment and income.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Manager of a handy man business for 4 years, earning $7,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847483 | |
| . | | | | | | | | | | | | | | |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/24/2014 2:10:01 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1536**

Cowen_Law Debenture_13 Final Version

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 0018190991 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan originated in 2004 in the amount of $157,600, as a purchase of a detached single family residence located in a planned unit development with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, hazard insurance binder, title policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $157,600.00 | 2847528 |
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrowers, acknowledged and executed by the Borrowers, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847528 |
| | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847528 |
| | | | | 1.04 (c) (xviii) SARM 2004-16_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847528 |

**Digital Risk - Loan Review Findings**

Cowen_Law Debenture_13 Final Version    08-13555-mg    Doc 46080-11    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment
V - part 7 Pg 165 of 206

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | | 0018308676 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/12/2004, in the amount of $172,000, as a purchase of an owner occupied detached single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.25% Debt to Income Ratio (DTI). There was a Manual approval dated 08/12/2004, in the loan file. | Full | | $172,000.00 | 2847546 |
| . | | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($166,340.08) is ($665.93) below the actual finance charge ($167,006.01). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | | 2847546 |
| 4 | | 0018336776 | 1st | SARM 2004-16 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/10/2004, in the amount of $328,000, as a purchase of an owner occupied detached single family residence located in a planned unit development. The loan was approved as a Full Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 34.453% Debt to Income Ratio (DTI). There was a Manual approval dated 08/24/2004, in the loan file. | Full | | $328,000.00 | 2847552 |
| . | | | | | 1.04 (b) (xii) SARM 2004-16_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-16_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-16_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The disclosed finance charge ($311,381.87) is ($1,830.96) below the actual finance charge ($313,212.83). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18 (d) (1)).<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | | 2847552 |

Cowen_Law Debenture_13 Final Version

| # | Loan # | Lien | Deal | Finding | Category | Category | | | Description | Occupancy | Amount | ID |
|---|--------|------|------|---------|----------|----------|---|---|-------------|-----------|--------|-----|
| 5 | 0018622720 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/30/2004, in the amount of $175,900, as a purchase of a Single Family Residence located in a Planned Unit Development. The loan was approved with an 80%/99.99% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed Note, Title, Homeowners Insurance and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $175,900.00 | 2847647 |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847647 |
| | | | | 1.04 (c) (xvii) SARM 2004-20_Origination Practices | | | | | | | | |
| | | | | 1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | | | | | | | | |
| . | | | | 1.04 (c) (xviii) SARM 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 2 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847647 |
| 6 | 0018748228 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/15/2004, in the amount of $399,200, as a purchase of an owner-occupied single-family detached residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45% Debt to Income Ratio (DTI). There was a manual approval, dated 11/12/2004, in the loan file. | Stated | $399,200.00 | 2847656 |
| . | | | | 1.04 (c) (v) SARM 2004-20_No Fraud | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated his income as a Food Server earning $6,500 per month on the loan application. An audit verification of income was conducted through The Work Number, which revealed the Borrower's 2006 income was $285, or $24 per month. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated his income as a Food Server earning $6,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847656 |
| | | | | 1.04 (c) (vii) SARM 2004-20_No Event of Default | | | | | | | | |

Cowen_Law Debenture_13 Final Version

| 7 | | 0018789479 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | the subject loan, in the amount of $198,000, as a cash out refinance of an owner occupied condominium. The loan was approved as a Stated Income, Verified Assets loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 30.08% Debt to Income Ratio (DTI). There was a Manual approval dated 10/18/2004, in the loan file. | Stated | $198,000.00 | 2847663 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | | 1.04 (c) (v) SARM 2004-20_No Fraud - With No Red Flags Present<br><br>1.04 (c) (vii) SARM 2004-20_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented her employment on the loan application. The Bankruptcy records filed on 02/27/2009 and obtained through Pacer reflected the Borrower was not self-employed at the time of origination per section 18 of the statement of financial affairs. The statement of financial affairs reflected that the Borrower was self-employed in craft sales in 2006, after the subject loan closing in 2005.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed model for 4.5 years, which constituted an event of default under the executed Mortgage and or Deed of Trust. | | | 2847663 |
| . | | | | | 1.04 (c) (v) SARM 2004-20_No Fraud - No Red Flags Present<br><br>1.04 (c) (vii) SARM 2004-20_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income.  The Borrower falsely stated income as a Model/Dancer earning  $14,000 per month on the loan application. The Bankruptcy records filed on 02/27/2009 and obtained through Pacer reflected the Borrower was not self-employed at the time of origination per section 18 of the statement of financial affairs. The statement of financial affairs reflected that the Borrower was self-employed in craft sales in 2006, after the subject loan closing in 2005; therefore, the income source was invalid.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br> In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br> Despite the Seller's representations, the Borrower falsely stated income as a Model/Dancer earning $14,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2847663 |

| 8 | 0019314178 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/28/2004, in the amount of $202,400.00, as a purchase of an owner occupied high rise condominium. The loan was approved as a Stated Income, Verified Assets loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 36.47% Debt to Income Ratio (DTI). There was a Manual approval dated 10/28/2004, in the loan file. | Stated | $202,400.00 | 2847668 |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination  1.04 (c) (xvii) SARM 2004-20_Origination Practices  1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.  The disclosed finance charge ($183,504.75) is ($158.00) below the actual finance charge($183,662.75). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.  Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. | | | 2847668 |
| 9 | 0019378835 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/24/2004, in the amount of $321,600, as a purchase of an owner occupied, Condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.24% Debt to Income Ratio (DTI). There was a Manual approval dated 11/30/2004, in the loan file. | Stated | $321,600.00 | 2847669 |
| . | | | | 1.04 (c) (v) SARM 2004-20_No Fraud  1.04 (c) (vii) SARM 2004-20_No Event of Default | Asset Misrepresentation - With No Red Flags Present | Misrepresentation of Assets | 1 | 3 | The Borrowers misrepresented their ownership of assets. The Borrowers provided a verification of deposit (VOD), dated 11/03/2004, which reflected a total ending balance of $ 10,068. The Borrowers stated the balance of their assets consisted of $8,537 in a savings account, $1,235 in a Roth Individual Retirement Account (IRA), $144 in a checking account and $152 in an account labeled Billing account. However, an audit verification of deposit was obtained, which revealed the balance of the savings account was $3,537, or $5,000 less than what was reflected at origination.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the amount of assets disclosed was misrepresented by $5,000, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847669 |

Copyright 2014, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/24/2014 2:10:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SARM 2004-20_No Fraud<br><br>1.04 (c) (vii) SARM 2004-20_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower stated income as a Field Representative with a pest control company, earning $5,050 per month on the loan application and the Co-Borrower falsely stated income of $2,500 per month as a Waitress at a Mexican restaurant. Research of public records reported the Borrowers filed a Chapter 7 Bankruptcy with the Southern District of California on 10/10/2007. The bankruptcy petition included a Statement of Financial Affairs, which revealed the Borrower earned a monthly income of $3,103 per month and the Co-Borrower earned a monthly income of $742 per month in 2004 the year of the subject loan. Additionally, an audit re-verification of employment and income was obtained from the Borrower's employer, which confirmed the Borrower's monthly income earned of $3,103 as reported on the Borrowers' bankruptcy filing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated income as a Field Representative with a pest control company, earning $5,050 per month and the Co-Borrower falsely stated income of $2,500 per month as a Waitress at a Mexican restaurant on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847669 |
| 10 | 0019382738 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/07/2004, in the amount of $372,000, as a purchase of an owner occupied detached single family residence. The loan was approved as a No Ratio (No Income, Verified Asset) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was a Manual approval dated 11/24/2004, in the loan file. | NIVA | $372,000.00 | 2847671 |
| . | | | | 1.04 (c) (v) SARM 2004-20_No Fraud<br><br>1.04 (c) (vii) SARM 2004-20_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. Research of public records reported utility records for the Borrower at his departing residence from 09/1992 through 01/2014; however, no utility records were reported for the Borrower at the subject address. In addition, additional research revealed the Borrower's Voter's Registration was reported with his departing address as of 09/07/1994 and no changes of addresses were reported. Further, public records reported the Sellers remained at the departing residence from 06/1985 through 07/2013.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The hazard insurance binder contained in the loan file reflected the Borrower's departing address as his address, which is a red flag for potential misrepresentation; however, the use of the Borrower's departing address on closing documents, was not addressed at origination. In addition, a letter of explanation for the Borrower's move was requested; however, not provided. It is also important to note, the origination appraisal, dated 10/09/2004, reflected an appraised value of $465,000; however, according to the final HUD-1, the sales prices was $470,000, or $5,000 above the property value, which is an additional red flag for misrepresentation.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847671 |

Cowen_Law Debenture_13 Final Version

| 11 | 0019412311 | 1st | SARM 2004-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/24/2004, in the amount of $153,600, as a purchase of an owner occupied property with an 80%/100% to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, Title, Homeowners insurance, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $153,600.00 | 2847673 | |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-20_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847673 | |
| . | | | | 1.04 (b) (xii) SARM 2004-20_Compliance with Applicable Law - Origination<br><br>1.04 (c) (xvii) SARM 2004-20_Origination Practices<br><br>1.04 (c) (xxiv) SARM 2004-20_Compliance with Applicable Law | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847673 | |
| . | | | | 1.04 (c) (xviii) SARM 2004-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 4 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847673 | |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/24/2014 2:10:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

| 12 | 0030282354 | 1st | SARM 2005-12 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/18/2005, in the amount of $319,920, as a 3-unit multi-family investment property with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $319,920.00 | 2847716 | |
| . | | | | 1.04 (b) (xii) SARM 2005-12_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2005-12_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SARM 2005-12_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847716 | |
| . | | | | 1.04 (c) (xviii) SARM 2005-12_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847716 | |
| 13 | 0030307029 | 1st | SARM 2005-12 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/12/2005, in the amount of $256,000, as a cash out refinance of a non-owner occupied Detached Single Family Residence. The loan was approved as a Full Documentation loan, with an 80% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 32.42% Debt to Income Ratio (DTI). There was a Manual approval dated 04/12/2005, in the loan file. | Full | $256,000.00 | 2847717 | |
| . | | | | 1.04 (c) (v) SARM 2005-12_No Fraud<br><br>1.04 (c) (vii) SARM 2005-12_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Public Records and an Audit Credit Report revealed the Borrowers purchased an undisclosed property on 03/31/2005, 12 days prior to the subject loan closing on 04/12/2005, and acquired a mortgage in the amount of $860,450 with a monthly payment of $3,310.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $3,310 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847717 | |

| 14 | 0030560015 | 1st | SARM 2005-12 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/30/2005, in the amount of $540,000, as a purchase of an owner-occupied single-family detached residence. The loan was approved as a Stated Income/Verified Assets documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 31.36% Debt to Income Ratio (DTI). There was a manual approval, dated 03/30/2005, in the loan file. | Stated | $540,000.00 | 2847721 | |
| . | | | | 1.04 (c) (v) SARM 2005-12_No Fraud<br><br>1.04 (c) (vii) SARM 2005-12_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated rental income of $3,000 per month for one investment property on the loan application. Accurint searches verified the Borrower transferred the subject property to a third party 6 months after the subject loan closing and the Borrower's mailing address on record is the address listed as a rental property on the loan application. It should be noted that the third party the Borrower transferred the subject property to is the same individual listed on the loan application as the Loan Officer and on the contract as the Selling Broker. In addition, the loan file contained a letter which confirmed the Borrower transferred part ownership of the subject property to the third party and that the third party is responsible for making the payments on the subject property. Furthermore, the hardship financial statement verifies the Borrower's address as the rental property on the loan application; therefore, the Borrower did not occupy the subject property for 12 months after the subject loan closing as required and occupied the rental property as a primary residence; therefore, the rental income is misrepresented.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that; no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated rental income of $3,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847721 | |
| . | | | | 1.04 (c) (v) SARM 2005-12_No Fraud<br><br>1.04 (c) (vii) SARM 2005-12_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented her intent to occupy the subject property. Accurint searches verified the Borrower transferred the subject property to third party 6 months after the subject loan closing and the Borrower's mailing address on record is the address listed as a rental property on the loan application. It should be noted that the third party the Borrower transferred the subject property to is the same individual listed on the loan application as the Loan Officer and on the contract as the Selling Broker. In addition, the loan file contained a letter which confirmed the Borrower transferred part ownership of the subject property to the third party and that the third party is responsible for making the payments on the subject property. Furthermore, the hardship financial statement verifies the Borrower's address as the rental property on the loan application; therefore, the Borrower did not occupy the subject property for 12 months after the subject loan closing as required.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847721 | |

**Digital Risk - Loan Review Findings**

Cowen_Law Debenture_13 Final Version    08-13555-mg    Doc 46080-11    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment V - part 7    Pg 173 of 206

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 15 | | 0030933782 | 1st | SARM 2005-20 | | Loan Summary | Loan Summary | 0 | 0 | | The subject loan closed on 06/06/2005, in the amount of $416,000, as a purchase of an owner occupied detached single family residence with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Note, final HUD-1, Hazard Insurance, Title Policy and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $416,000.00 | 2847757 | |
| . | | | | | 1.04 (b) (xii) SARM 2005-20_Compliance with Applicable Law - Origination<br><br>1.04 (b) (xxiv) SARM 2005-20_Compliance with Applicable Law<br><br>1.04 (c) (xvii) SARM 2005-20_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 1 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrowers and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847757 | |
| . | | | | | 1.04 (c) (xviii) SARM 2005-20_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2847757 | |

| 16 | 0030985493 | 1st | SARM 2005-17 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/06/2005, in the amount of $650,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) documentation loan, with a 73.45%/95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.50% Debt to Income Ratio (DTI). There was a Manual approval dated 05/15/2005, in the loan file. | Stated | $650,000.00 | 2847745 |
| . | | | | 1.04 (c) (v) SARM 2005-17_No Fraud<br><br>1.04 (c) (vii) SARM 2005-17_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 1 | 3 | The Borrower misrepresented his employment on the loan application. Per the loan application, the Borrower was a self-employed Owner of a home based health care service company for 2.6 years. Research of public records reported the Borrower filed a Chapter 13 Bankruptcy with the Northern District of California on 10/10/2007. The bankruptcy petition included a Statement of Financial Affairs, which revealed the Borrower was employed as a W-2 employee with a hospital and did not list any businesses owned by the Borrower. In addition, additional research performed through public records and Accurint did not produce any results of the existence of a business owned by the Borrower as indicated on the loan application. Therefore, the Borrower's self-employment was misrepresented.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's employment, so as to confirm the accuracy and stability of the Borrower's employment and adequacy of his financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Without properly verifying the employment status of the Borrower, the lender could not properly evaluate the Borrower's ability to earn an income and support the subject obligation.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a self-employed Owner of a home based health care service company for 2.6 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847745 |
| . | | | | 1.04 (c) (v) SARM 2005-17_No Fraud<br><br>1.04 (c) (vii) SARM 2005-17_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower falsely stated income as a self-employed Owner of a home based health care service company, earning $13,700 per month on the loan application. Research of public records reported the Borrower filed a Chapter 13 Bankruptcy filed with the Northern District of California on 10/10/2007. The petition included a Statement of Financial Affairs, which revealed the Borrower earned $4,415 per month in 2005 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a self-employed Owner of a home based health care service company, earning $13,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847745 |

Cowen_Law Debenture_13 Final Version

| 17 | | 0031259450 | 1st | SARM 2005-20 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan was for the amount of $288,000, as a purchase of an owner occupied detached single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.383% Debt to Income Ratio (DTI). There was a Manual approval dated 07/14/2005, in the loan file. | Stated | | $288,000.00 | 2847764 |
| . | | | | | 1.04 (c) (v) SARM 2005-20_No Fraud<br>1.04 (c) (vii) SARM 2005-20_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented her debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased an undisclosed property located in Hyattsville, MD on 07/27/2005, 5 days after the subject loan closing on 07/22/2005. The Borrower obtained a first mortgage in the amount of $234,400 with a monthly payment of $1,716 and a second mortgage in the amount of $58,600 with a monthly payment of $466. The research also revealed the Borrower obtained a $90,000 home equity loan in 07/2005, the same month as the subject loan closing; however, the location of the collateral was unknown. A payment of $900 was calculated based on 1% of the credit limit for the credit line.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of Seller's and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented her debt obligations by failing to disclose $3,082 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847764 |
| . | | | | | 1.04 (c) (v) SARM 2005-20_No Fraud<br>1.04 (c) (vii) SARM 2005-20_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated her employment income as a Supervisor for a janitorial business for 5 years, earning $6,256 per month and rental income of $2,500 for her departing residence. The loan file contained post-closing income documentation including the Borrower's 2006 tax return, which reflected the Borrower earned $1,508 per month in the janitorial industry. The loan file also contained the Borrower's 2007 W-2 form, which confirmed the Borrower was with the same employer listed at origination. It is unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work. In Addition public records revealed the Borrower continued to reside in her departing address from 06/2003 through 07/2013, resulting in misrepresented rental income.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Supervisor for a janitorial business for 5 years, earning $6,256 per month and rental income of $2,500 for her departing residence on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847764 |

Cowen_Law Debenture_13 Final Version

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SARM 2005-20_No Fraud<br><br>1.04 (c) (vii) SARM 2005-20_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 3 | The Borrower represented to occupy the subject property. Research of public records reported utility records for the Borrower at a residence located in Silver Spring, MD from 09/2000 through 01/2014 and also reported the Borrower continued to reside at her departing residence from 06/2003 through 07/2013; however, there were no utility or credit inquiries reported at the subject address for the Borrower. In addition, additional research reported 2 additional parties who resided at the subject address from 08/2005 through 11/2011, which were found to be the daughter and an additional relative of the Borrower.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | 2847764 |
| 18 | 0031549082 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 0 | The subject loan closed on 08/24/2005, in the amount of $34,000, as a purchase of a non-owner occupied detached Single Family Residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.63% Debt to Income Ratio (DTI). There was a Manual approval dated 08/16/2005, in the loan file. | Full | $34,000.00 | 2848055 |
| . | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud<br><br>1.04 (c) (vii) SAS 2005-S7_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 3 | The Borrower misrepresented his debt obligations. Research of public records and an Audit Credit Report revealed the Borrower purchased an undisclosed property on 06/10/2005, 74 days prior to the subject loan closing on 08/24/2005. The Borrower obtained a first mortgage in the amount of $168,000 with a monthly payment of $1,318 and second mortgage in the amount of $42,000 with a monthly payment of $412.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $1,730 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2848055 |

Copyright 2014, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/24/2014 2:10:01 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**Digital Risk - Loan Review Findings**

Cowen_Law Debenture_13 Final Version    08-13555-mg    Doc 46080-11    Filed 08/22/14    Entered 08/22/14 15:34:18    Attachment V - part 17 of 206

| 19 | 0031654296 | 2nd | SASC 2005-S7 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/20/2005, in the amount of $73,000, as a purchase of a non-owner occupied, single family residence located in a Planned Unit Development (PUD). The loan was approved as a Full Documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 24.84% Debt to Income Ratio (DTI). There was a Manual approval dated 09/15/2005, in the loan file. | Full | | $73,000.00 | 2848074 |
| . | | | | 1.04 (c) (v) SAS 2005-S7_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registry System (MERS) and an audit credit report revealed the Borrower obtained 3 undisclosed mortgages. The Borrower acquired a mortgage in the amount of $288,000 with a monthly payment of $1,737 and a second mortgage in the amount of $72,000 with a monthly payment of $660, which was secured by property located in Peoria, Arizona on 08/31/2005, which was 1 month prior to the subject loan closing date of 09/20/2005. The Borrower also acquired a mortgage in the amount of $100,000 with a monthly payment of $1,000 in 09/2005 the same month as the subject loan closing on 09/20/2005, which was secured by an unknown property. The Borrower had a total undisclosed monthly payment of $3,397 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $3,397 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848074 |
| 1.04 (c) (vii) SAS 2005-S7_No Event of Default | | | | | | | | | | | | | |
| 20 | 0033408055 | 1st | LMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/12/2006, in the amount of $123,000, as a purchase of a non-owner occupied, single family residence. The loan was approved as a Full Documentation loan, with a 100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 37.33% Debt to Income Ratio (DTI). There was a Manual approval dated 10/04/2006, in the loan file. | Full | | $123,000.00 | 2847284 |
| . | | | | 1.04 (c) (v) LMT 2007-1_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented their debt obligations. Research of public records conducted through the Mortgage Electronic Registry System (MERS) and an audit credit report revealed the Borrowers obtained an undisclosed mortgage in the amount of $122,000 with a monthly payment of $1,185 per month on the same day as the subject loan closing date on 10/12/2006, which was secured by a property located in El Paso, Texas.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,185 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2847284 |
| 1.04 (c) (vii) LMT 2007-1_No Event of Default | | | | | | | | | | | | | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) LMT 2007-1_No Fraud  1.04 (c) (vii) LMT 2007-1_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower listed employment on the loan application. The Borrower listed employment as a Program Project Manager for 8 years and the Co-Borrower listed employment as a Network Technician for 3 years as their sole sources of employment. However, research of public records reported the Borrowers filed a Chapter 7 Bankruptcy with the Eastern District of Michigan on 09/01/2010. The petition included a Statement of Financial Affairs, which revealed the Borrowers had two active businesses. The Borrower reported self-employment as the Owner of a real estate investment company from 2006 through 2007 and the Co-Borrower reported self-employment as a makeup consultant from 1997 to the present, which covered the subject loan closing date of 10/12/2006.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Program Project Manager for 8 years and the Co-Borrower falsely stated employment as a Network Technician for 3 years as their sole sources of employment, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2847284 |
| 21 | 0033531062 | 1st | SARM 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/11/2006, in the amount of $568,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Stated Asset (SISA) Documentation loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.683% Debt to Income Ratio (DTI). There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | SISA | $568,000.00 | 2847780 |
| . | | | | 1.04 (c) (v) SARM 2007-1_No Fraud  1.04 (c) (vii) SARM 2007-1_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrower misrepresented his intent to occupy the subject property. Accurint reported an extensive occupancy history at the departing address from 05/2000 through 01/2013. In addition, an audit credit report did not list the subject address as an address that was ever occupied by the Borrower. Further, research of public records reported the Borrower filed a Chapter 7 Bankruptcy with the Central District of California on 03/11/2009, which reported the departing address as the Borrower's present address as of the bankruptcy filing date on 03/11/2009. The petition included a Statement of Financial Affairs requiring the Borrower to list all prior addresses within 3 years immediately preceding the commencement of the bankruptcy filing date of 03/11/2009, however, no additional addresses were provided.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2847780 |

Cowen_Law Debenture_13 Final Version

| 22 | 0033572439 | 1st | LMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed in 12/2006, in the amount of $208,000, as a cash-out refinance of a non-owner occupied, 4-unit family residences. The loan was approved on a No Employment, No Income and No Asset (No Documentation) loan, with a 52.66% Loan to Value/Combined Loan to Value (LTV/CLTV), and a Debt to Income Ratio (DTI) was not required by the Lender. There was a Manual approval dated 12/19/2006, in the loan file. | NINA/NA | $208,000.00 | 2847286 |
| . | | | 1.04 (c) (v) LMT 2007-1_No Fraud <br><br> 1.04 (c) (vii) LMT 2007-1_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of the audit credit report revealed the Borrower refinanced a rental property located in Rosamond, California in the same month and year as the subject loan closing in 12/2006 from a loan amount of $130,000 with a monthly payment of $569 to a new loan amount of $192,000 with a new monthly payment of $1,444 per month, which was an $875 undisclosed difference in payment.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The origination credit report, dated 12/01/2006, reported 2 inquiries made on 11/16/2006 through 12/01/2006. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The non-disclosure of an additional $875 in undisclosed monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $875 in undisclosed monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847286 |
| 23 | 0035187814 | 1st | SARM 2005-12 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/13/2005, in the amount of $516,000, as a purchase of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA), with an 80%/90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.06% Debt to Income Ratio (DTI). There was a Manual approval dated 04/12/2005, in the loan file. | Stated | $516,000.00 | 2847725 |
| . | | | 1.04 (b) (xii) SARM 2005-12_Compliance with Applicable Law - Origination <br><br> 1.04 (b) (xxiv) SARM 2005-12_Compliance with Applicable Law <br><br> 1.04 (c) (xvii) SARM 2005-12_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. | | | 2847725 |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | $6,594,220.00 | |

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0122996036 | 2nd | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/05/2006, in the amount of $37,600, as a purchase of an owner occupied single family residence. The loan was approved as a Full documentation loan, with a 20%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.49% debt to income ratio (DTI). There was a Manual approval dated 10/18/2006, in the loan file. The Hud-1, revealed the Borrower reflected $278 at closing. | Full | $37,600.00 | 2846852 | |
| . | | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 1 | 3 | The Borrowers misrepresented their intent to occupy the subject property. Research of public records conducted through the Mortgage Electronic Registry System revealed the Borrowers had resided at their rental property from the time of closing through 10/2008.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by the Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846852 | |
| 2 | 0123000945 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/03/2006, in the amount of $239,992, as a purchase of a second home single family residence located in a Planned Unit Development. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan to Value/Combined Loan to Value, and a 50.36% Debt to Income Ratio. There was a Manual Approval dated 10/03/2006, in the loan file. | Stated | $239,992.00 | 2846864 | |
| . | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. The Mortgage Electronic Registry System report and an Audit Credit Report revealed the Borrower obtained an undisclosed refinance on his primary residence on 08/22/2006, 2 months prior to the subject loan closing on 10/03/2006, in the amount of $250,000 with a payment of $2,077 per month, which resulted in a $567 in an increase in monthly debt.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability. The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose an increase of $567 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846864 | |
| . | | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Supervisor earning $9,400 per month on the loan application. A Verification of Employment obtained through a third party was obtained through the Borrower's employer, which revealed the Borrower's income was $54,505, or $4,542 per month in 2006 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as a Supervisor earning $9,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846864 | |

| # | Loan # | Lien | Deal | Finding | | | | | Finding Detail | Doc Type | Amount | Loan ID | |
|---|--------|------|------|---------|---|---|---|---|----------------|----------|--------|---------|---|
| 3 | 0123003741 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/24/2006, in the amount of $195,000, as a cash out refinance of an owner occupied multi family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 84.75% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 49.72% debt to income ratio (DTI). There was a Manual approval dated 10/27/2006, in the loan file. The Hud-1, reflected the Borrower received $57,477 at closing. | Stated | $195,000.00 | 2846871 | |
| . | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Machine Operator for 19 years, earning $5,421 per month.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification of the Borrower's income, so as to confirm the adequacy of the Borrower's financial means, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>Income of $5,421 per month for a Machine Operator is unreasonable and is indicative of potential misrepresentation. The Bureau of Labor Statistics reported the average salary at the 90th percentile for a Machine Operator in 2006 and in the same geographic region was $2,328 per month. The Borrower's stated income is more than 1.5 times the Bureau of Labor Statistics' 90th percentile, which is a red flag to the Underwriter the Borrower's income was overstated.<br><br>Despite the Seller's representations, the Borrower's stated income was unreasonable and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846871 | |
| 4 | 0123003808 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/12/2006, in the amount of $252,200, as a cash out refinance of an owner occupied condominium. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 81.35%/99.97% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 45.93% debt to income ratio (DTI). There was a Manual approval dated 10/16/2006, in the loan file. The Hud-1, reflected the Borrowers received $15,584 at closing. | Stated | $252,200.00 | 2846872 | |
| . | | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Apprentice Plumber earning $3,775 per month on the loan application. An audit verification of employment was obtained through the Borrower's employer, which revealed his monthly income as $2,183 in 2006 the year the subject loan closed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Apprentice Plumber earning $3,775 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846872 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 6/30/2013 7:39:59 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1554**

Cowen Final_Version_US Bank _26

| 5 | 0123004236 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/16/2006, in the amount of $298,300, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 43.96% debt to income ratio (DTI). There was a Manual approval dated 10/18/2006, in the loan file. The Hud-1 reflected the Borrower received $743 at closing. | Full | | $298,300.00 | 2846873 |
| . | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (c) (v) SAS 2006-BC6_No Fraud

1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 3 | 3 | The Borrower misrepresented his debt obligations. An audit credit report revealed the Borrower obtained 2 undisclosed installment auto loans. The first auto loan was opened in the amount of $17,834, with a monthly payment of $535, dated 07/2006, 3 months prior to the subject loan closing on 10/16/2006. The second auto loan was obtained in the amount of $6,960, with a monthly payment of $208, in 10/2006, the same month as the subject loan closing.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to liability.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $743 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and significantly impacted the determination of the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846873 |
| 6 | 0123012817 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/09/2006, in the amount of $369,000, as a cash out refinance of an owner occupied single family residence. The loan was approved as a Full documentation loan, with a 90% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 40.68% debt to income ratio (DTI). There was a Manual approval dated 10/13/2006, in the loan file. The Hud-1, reflected the Borrowers received $16,592 at closing. | Full | | $369,000.00 | 2846897 |
| . | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Improper Calculation of Income | Improper Calculation of Income | 2 | 3 | The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Accurate calculation of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.

The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.

The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.

A monthly income of $6,645 for the Borrower and $4,398 for the Co-Borrower was used to determine the Debt to Income Ratio (DTI). The subject loan file contained the Borrowers' 12 months' business bank statements, which were utilized by the lender to calculate the Borrowers' monthly income by an average of deposits, plus the Borrower's pension and social security income; however, the Borrowers' 12 months' of business bank statements, included the Borrower's retirement income, which was direct deposited into the Borrowers' business account. Therefore, the retirement income was calculated twice by the lender. The correct re-calculation results in a monthly income of $1,989 for each Borrower, or a total of $3,978 per month.

Despite the Seller's representations, a review of the loan file reveals the Lender failed to accurately calculate the Borrowers' income and has a significant impact on the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846897 |

| 7 | 0123017220 | 2nd | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/17/2006, in the amount of $119,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 20%/100% Loan to Value/Combined Loan to Value, and a 39.48% Debt to Income Ratio. There was a manual approval dated 10/20/2006, in the loan file. | Stated | $119,000.00 | 2846908 | |
| . | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (c) (v) SAS 2006-BC6_No Fraud

1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Per public records and an audit credit report, the Borrower had purchased three properties prior to the subject loan closing on 10/17/2006. The first property located in Bloomington, MN had a first lien in the amount of $97,400 and was purchased on 9/2/2006, the month prior to the subject loan closing, and had a monthly payment of $892. The second property located in Saint Paul, MN had a first lien in the amount of $382,500 was purchased on 9/25/2006, the month prior to the subject loan closing, and had a monthly payment of $3,321. The final property located in Bloomington, MN had a first lien in the amount of $403,750 was purchased on 9/14/2006, the month prior to the subject loan closing, and had a monthly payment of $3,564.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

The original credit report dated 9/22/2006 reflects seven inquiries from 7/17/2006 to 9/21/2006. Loan inquiries give a lender insight as to any potential loans a Borrower may be in the process of acquiring at the time of application for the subject loan. There is no evidence in the file that new credit inquiries were investigated or that a public records search was performed. The non-disclosure of $7,714 in monthly debt prohibits the lender from properly evaluating the Borrower's ability to repay the subject debt.

Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose $7,714 in monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846908 | |
| . | | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud

1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. Per public records, the Borrower had seven telephone listings; however, none were registered to the subject property from 10/17/2006 to present. Further, the Borrower's driver's license information does not reflect the subject property as his main residence; however, it does reflect four additional properties the Borrower had purchased after the subject property. Further, the public records reported the Borrower had registered his vehicle on 2/23/2007, four months after the subject loan closing on 10/17/2006, using his departing residence address.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846908 | |

| 8 | 0123024903 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/19/2006, in the amount of $276,450, as cash out refinance of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 95% Loan to Value/Combined Loan to Value, and a 39.69% Debt to Income Ratio. There was a manual approval dated 10/24/2006, in the loan file. | Stated | $276,450.00 | 2846926 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1 | Failure to Determine Reasonable Ability to Repay (Stated) | Failure to Determine Reasonable Ability to Repay | 1 | 3 | The Borrower stated on the loan application employment as a Primary Sorter for 8 years, earning $4,800 per month and the Co-Borrower indicated she was a Floor Packaging Person for 7 years, earning $4,600 per month.<br><br>The subject loan was underwritten without proper regard to the Borrowers' reasonable ability to repay. Verification of the Borrowers' income, so as to confirm the adequacy of the Borrowers' financial means, was a significant factor in determining the Borrowers' reasonable ability to repay the subject loan.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.<br><br>Incomes of $4,800 and $4,600 per month for a Primary Sorter and Floor Packaging Person are unreasonable and are indicative of potential misrepresentation. The U. S. Bureau of Labor Statistics reported the average salary at the 75th percentile for a Primary Sorter in 2006 and in the same geographic region was $2,340 per month and the average salary at the 75th percentile for a Floor Packaging Person in 2006 and in the same geographic region was $2,948 per month.<br><br>Despite the Seller's representations, the Borrowers' stated incomes were unreasonable and have a significant impact on the Borrowers' reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846926 |
| . | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrowers misrepresented their disclosed incomes. The Borrower falsely stated income as a Primary Sorter earning $4,800 per month and the Co-Borrower indicated she was a Floor Packaging Person earning $4,600 per month on the loan application. The loan file contained post closing income documentation including two pay stubs for each Borrower dated 5/17/2008 and 5/18/2008, which originated from their employers. The Borrower's pay stub reflects a hourly rate of $16.77 or $2,906 per month as a Primary Sorter. The Co-Borrower's pay stub reflects an hourly rate of $10 or $1,733 per month as a Floor Packaging Person. It is unlikely the Borrowers' income would have decreased considering the Borrowers were employed with the same employer in the same line of work.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller further represented and warranted, in part, that the underwriting methodology used confirmed that the Borrowers had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrowers or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers falsely stated income as a Primary Sorter and Floor Packaging Person earning $2,906 and $2,948 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and significantly impacted the determination of the Borrowers' reasonability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846926 |

Cowen Final_Version_US Bank _26

# Digital Risk - Loan Review Findings
08-13555-mg   Doc 46080-11   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 7   Pg 185 of 206

| 9 | 0123028888 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/13/2006, in the amount of $256,410, as a purchase of an owner occupied single-family residence. The loan was approved as a Full Documentation loan, with a 90% Loan to Value/Combined Loan to Value, and a 33.12% Debt to Income Ratio. There was a manual approval dated 10/26/2006, in the loan file. | Full | $256,410.00 | 2846933 |
| . | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Straw Purchaser Transaction | Straw Purchaser Transaction | 1 | 3 | The purchase was an ineligible transaction. The loan file contained a post-closing hardship letter, dated 3/20/2009, which revealed the Borrower was approached by a friend to help him qualify for the subject property. The Borrower indicated he had the understanding he was the Co-Borrower and that he never intended to occupy the subject property as an owner occupied property.<br><br>The Seller represented and warranted, in part, that the methodology used in underwriting the extension of credit for the subject loan employs objective mathematical principles which relate to income.<br><br>The Seller represented and warranted, in part, that the underwriting methodology used confirmed that the Borrower had a reasonable ability to make timely payments on the subject loan.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower provided misleading information on the loan file, which constitutes an event of default under the executed Mortgage and/or Deed of Trust.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2846933 |
| . | | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Owner and Operator of a wood decking business for 19 years earning $6,185 per month on the loan application. The loan file contained post-closing 2007 and 2008 tax returns, which revealed the Borrower claimed no income for either year.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Owner and Operator of a wood decking business earning $6,185 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846933 |
| . | | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 3 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan file contained a post-closing hardship letter, dated 3/20/2009, which revealed the Borrower was approached by a friend to help him qualify for the subject property. The Borrower indicated he had the understanding he was the Co-Borrower and that he never intended to occupy the subject property as an owner occupied property. In addition, the hardship letter indicates who was occupying the property during the first couple of months after the subject loan closing on 10/13/2006. Further, the loan file contained 2007 and 2008 tax returns, which reflect the Borrower never occupied the subject property as an owner occupied and never claimed the subject property on his taxes.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2846933 |
| . | | | | | | | | | | | | |

| 10 | 0123029274 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/25/2006, in the amount of $468,000, as a cash-out refinance on an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with an 80%/100% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 42.775% Debt to Income Ratio (DTI). There was a Manual approval dated 10/27/2006, in the loan file. | Stated | | $468,000.00 | 2846935 |
| . | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his debt obligations. Research of public records conducted through the Mortgage Electronic Registry System and an audit credit report revealed the Borrower purchased an undisclosed property located in American Fork, UT on 11/20/2006, 26 days after the subject loan closing on 10/25/2006, and obtained a mortgage in the amount of $473,600 with a monthly payment of $4,139 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower misrepresented his debt obligations by failing to disclose a $4,139 monthly debt, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846935 |
| . | | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Employment - With Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented his employment on the loan application as the Owner of a furniture wholesale business for 6 years. The loan file contained the Borrower's Decree of Divorce and Judgment, dated 08/17/2006, or 69 days prior to the subject loan closing on 10/25/2006, which revealed the Borrower was employed by an investment company bearing the same last name as the Borrower, and did not reflect the business listed on the loan application.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The loan file contained a Certified Public Accountant's (CPA) letter, which reflected the CPA prepared the taxes for the company listed on the application and indicated the Borrower advised the CPA he was an independent contractor for the company for 2 years. The CPA letter did not verify the Borrower as an Owner of the company or reflect the Borrower's job description. The discrepancy in employment was not addressed at origination.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as the Owner of a furniture wholesale business for 6 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2846935 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as the Owner of a furniture wholesale business for 6 years per month earning $30,000 per month on the loan application. The loan file contained the Borrower's Decree of Divorce and Judgment, dated 08/17/2006, or 69 days prior to the subject loan closing on 10/25/2006, which revealed the Borrower was employed by an investment company bearing the same last name as the Borrower, and did not reflect the business listed on the loan application. In addition, the Decree reflected the Borrower earned $20,000 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as the Owner of a furniture wholesale business for 6 years per month earning $30,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2846935 | |
| | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 4 | 3 | The Borrower misrepresented his intent to occupy the subject property. The Borrower signed a mortgage deed at closing, which reflected the Borrower agreed to occupy the subject property within 60 days of the subject loan closing on 10/25/2006 and maintain the property as his primary residence for at least 1 year. Research of public records revealed the Borrower resided at an undisclosed property located in American Fork, UT from 2006 through 2008, which was purchased by the Borrower 26 days after the subject loan closing. The records also reported an additional address for the Borrower located in Salt Lake City, UT from 1999 through 01/2008 and an additional property in American Fork, UT from 11/2006 through 01/2009.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2846935 | |
| 11 | 0123031700 | 1st | SASC 2006-BC6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/25/2006, in the amount of $431,792, as a purchase of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% loan-to-value/combined loan-to-value, and a 49.73% debt-to-income ratio. There was a Manual approval dated 10/27/2006, in the loan file. | Stated | $431,792.00 | 2846938 | |
| | | | 1.04 (b) (xviii) (d) SAS 2006-BC6_Underwriting Methodology - Deemed MnA_Pool 1<br><br>1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as an Accountant III, earning $11,000 per month on the loan application. An audit re-verification of employment and income was conducted through The Work Number, which revealed the Borrower's income for the year of the subject loan closing was $49,630, or $4,136 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated income as an Accountant III, earning $11,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2846938 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (c) (v) SAS 2006-BC6_No Fraud<br><br>1.04 (c) (vii) SAS 2006-BC6_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property in that he obtained post-closing 2008 tax returns, which indicated the Borrower continued to occupy his departing residence located in Jacksonville, FL and a lease agreement, dated 08/06/2008, which indicated the subject property was a rental property. In addition, the bankruptcy documentation filed by the Borrower on 02/16/2011 with the United States Bankruptcy Court Middle District of Florida confirmed the Borrower continued to occupy the Jacksonville, FL property. Further, a motor vehicle registration search conducted through Accurint indicated all of the Borrower's vehicles were registered to the Borrower at the Jacksonville property. A phone, driver's license and voter registration search indicated the Borrower occupied the Jacksonville, FL property.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.<br><br>In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | 2846938 | |
| 12 | 0123531428 | 1st | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $295,920.00 | 2845014 |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 3 | 3 | The subject loan did not comply with applicable federal law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final HUD-1 was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845014 | |
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 4 | 3 | The subject loan did not comply with applicable federal law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | 2845014 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 6/30/2013 7:39:59 PM

Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

**1561**

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 5 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845014 | |
| . | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845014 | |
| 13 | 0123548943 | 1st | BNCMT 2007-1 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file only contained the Borrower's signed loan application, the origination credit report, and title. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $297,000.00 | 2845045 | |
| . | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 2 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The final Hud-1 was missing from the subject loan file.<br><br>The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845045 | |
| . | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xl) (h) BNC 2007-1_Written Disclosure - Deemed MnA_Pool 1<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 3 | 3 | The subject loan did not comply with applicable law. The Truth in Lending (TIL) Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file. The final TIL was missing from the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845045 | |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xii) BNC 2007-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xxxiii) BNC 2007-1_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The subject note was missing from the loan file.<br><br>The Seller further represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2845045 | |
| . | | | | 1.04 (b) (xxxiv) BNC 2007-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 5 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The origination appraisal is missing from the loan file.<br><br>The Seller represented and warranted, in part, that the appraisal complied with FIRREA.<br><br>Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2845045 | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 6/30/2013 7:39:59 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

| 14 | 0123880817 | 1st | SASC 2007-BC3 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/18/2007, in the amount of $104,500, as a purchase of an owner occupied condominium. The loan was approved as a Full Documentation loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 47.103% Debt to Income Ratio (DTI). There was a Manual approval dated 01/31/2007, in the loan file. | Full | $104,500.00 | 2847027 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| . | | | | 1.04 (b) (xviii) (d) SAS 2007-BC3_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (c) (v) SAS 2007-BC3_No Fraud

1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Misrepresentation of Housing History - With Red Flags Present | Misrepresentation of Housing History | 1 | 3 | The Borrower misrepresented his housing history. The loan application reflected the Borrower resided rent free at his departing residence for 3 years; however, the loan file contained a rent free letter indicating the Borrower resided with family since 12/2006, or 1 month prior to the subject loan closing on 01/18/2007. The loan file also contained a verification of rent executed by a private individual for a previous address reflecting the Borrower resided there from 11/2004 through 12/2006 with a rental payment of $500 per month; however, the loan file did not contain verification of rental payments as required. Further, research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the Western District of North Carolina on 01/22/2010. The petition included a Statement of Financial Affairs, which revealed the Borrower resided at his departing address from 02/28/1984 through 08/31/2008 and reflected he paid spousal support to a third party sharing the same last name and address reflected as the Landlord on the verification of rent for his previous address. In addition, pubic records did not reflect any occupancy of the subject property by the Borrower.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated on the loan application that they lived rent free for 3 years at his current residence, which constituted an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847027 |
| . | | | | 1.04 (b) (xviii) (d) SAS 2007-BC3_Underwriting Methodology - Deemed MnA_Pool 1

1.04 (c) (v) SAS 2007-BC3_No Fraud

1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Occupancy Misrepresentation - With Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his intent to occupy the subject property. The loan application reflected the Borrower resided at his departing residence for 3 years; however, the loan file contained a rent free letter indicating the Borrower resided with family since 12/2006, or 1 month prior to the subject loan closing on 01/18/2007. The loan file also contained a verification of rent executed by a private individual for a previous address reflecting the Borrower resided there from 11/2004 through 12/2006 with a rental payment of $500 per month; however, the loan file did not contain verification of rental payments as required. Further, research of public records revealed the Borrower filed a Chapter 7 Bankruptcy with the Western District of North Carolina on 01/22/2010. The petition included a Statement of Financial Affairs, which revealed the Borrower resided at his departing address from 02/28/1984 through 08/31/2008 and reflected he paid spousal support to a third party sharing the same last name and address reflected as the Landlord on the verification of rent for his previous address. In addition, pubic records did not reflect any occupancy of the subject property by the Borrower.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.

In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and/or Deed of Trust and has a significant impact on the Borrower's reasonable ability to repay the subject loan.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the failure of the subject loan to be underwritten in accordance with the represented underwriting methodology is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2847027 |

Cowen Final_Version_US Bank _26

| | | | | 1.04 (c) (v) SAS 2007-BC3_No Fraud  1.04 (c) (vii) SAS 2007-BC3_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Traffic Coordinator earning $2,850 per month. The loan file contained 12 months personal bank statements as verification of income; however, an audit verification of employment and income was conducted through The Work Number, which revealed the Borrower earned $578 per month in 2007, the year the subject loan closed.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as a Traffic Coordinator earning $2,850 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2847027 | |

| 15 | 0124059197 | 1st | BNCMT 2007-2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/09/2007, in the amount of $251,750, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation/12 Month Bank Statement loan, with a 95% Loan to Value/Combined Loan to Value (LTV/CLTV), and a 41.824% Debt to Income Ratio (DTI). There was a Manual approval dated 02/20/2007, in the loan file. | Full | $251,750.00 | 2845140 | |
| . | | | | 1.04 (b) (xxi) BNC 2007-2_No Fraud 1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Employment - With No Red Flags Present | Misrepresentation of Employment | 2 | 3 | The Borrower misrepresented her employment on the loan application as the Owner of a daycare business for 10 years. The loan file contained a business license for the Borrower's business dated 02/20/2007, which reflected the Borrower's business was opened on 04/11/1994 and was currently active. A search of the Borrower's business license, obtained through Department of Revenue for Washington State, revealed the Borrower's business was closed on 12/31/2006, which was 2 months and 20 days prior to the subject loan closing. Additionally, according to Section 18 of the Statement of Financial Affairs, filed by the Borrower with the Western District of Washington Tacoma Division Bankruptcy Courts as part of a Chapter 13 Bankruptcy case dated 10/06/2009, the Borrower did not report any self employment within 6 years immediately preceding the commencement of this Bankruptcy case.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as an Owner of a daycare business for 10 years, which constituted an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845140 | |
| . | | | | 1.04 (b) (xxi) BNC 2007-2_No Fraud 1.04 (b) (xxiii) BNC 2007-2_No Event of Default | Misrepresentation of Income - No Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 3 | 3 | The Borrower misrepresented her disclosed income. The Borrower falsely stated income as an Owner of a daycare business earning $3,424 per month on the loan application. A search of the Borrower's business license, obtained through Department of Revenue for Washington State, revealed the Borrower's business was closed on 12/31/2006, which was 2 months and 20 days prior to the subject loan closing. Additionally, according to Section 18 of the Statement of Financial Affairs, filed by the Borrower with the Western District of Washington Tacoma Division Bankruptcy Courts as part of a Chapter 13 Bankruptcy case dated 10/06/2009, the Borrower did not have a business within 6 years immediately preceding the commencement of this Bankruptcy case. Therefore, the Borrower did not receive any income from the business.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.  In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated income as an Owner of a daycare business earning $3,424 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2845140 | |
| | | | | | | **Grand Total of Repurchase Demand** | | | | | **$3,892,914.00** | | |

Cowen Final Wilmington NA_50_3

| Loan Count | Loan Number | First or Second | Deal Name | Section of the MLSAA Breached | Issue Description | Breach | Breach Count | Rating | Breach Description | Document Type | Original Balance | Tracking Number | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 19219724 | 1st | SASC 2004-23XS | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/02/2004, in the amount of $201,500, as a cash out refinance of an owner occupied Single Family Residence. The loan was approved as a Stated Income Verified Asset Loan, with an 65%/81.13% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 40.30% debt to income ratio (DTI). There was a Manual Approval dated 11/11/2004, in the loan file. | Stated | $201,500.00 | 2848797 | |
| | | | | 1.04 (c) (v) SAS 2004-23XS_No Fraud  1.04 (c) (vii) SAS 2004-23XS_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented their debt obligations. A post-closing audit credit report revealed, the Borrower refinanced three of their investment properties on the same month the subject loan closed. The Borrower opened 3 loans, in the amount of $492,375, with a monthly payment of $3,079.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligation by failing to disclose a $3,079 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848797 | |
| 2 | 30499719 | 1st | SASC 2005-10 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 03/25/2005, in the amount of $224,800, as a cash out refinance of an owner occupied located in a Planned Unit Development. The loan was approved as a fully documented loan, with an 80%/99.29% Loan To Value (LTV/CLTV), and a 39.79% Debt To Income ratio (DTI). There was a Manual Approval dated 03/24/2005, in the loan file. | Full | $224,800.00 | 2848817 | |
| | | | | 1.04 (b) (xii) SAS 2005-10_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2005-10_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848817 | |
| 3 | 30711733 | 1st | SASC 2005-15 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 04/12/2005, in the amount of $320,450, as a cash-out refinance of a non owner occupied single family residence. The loan was approved as a No Ratio loan (No Income, Verified Asset), with a 65% Loan To Value (LTV). There was a manual approval dated 04/06/2005, in the loan file. The Borrowers' received cash in the amount of $101,925 at closing. | NI | $320,450.00 | 2848835 | |
| | | | | 1.04 (c) (v) SAS 2005-15_No Fraud  1.04 (c) (vii) SAS 2005-15_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented their debt obligations. A post-closing audit credit report revealed the Borrower had opened an undisclosed mortgage on their primary residence on 05/05/2005. The undisclosed mortgage was opened in the amount of $363,096, with a monthly payment of $3,083.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligation bu failing to disclose a $3,083 monthly debt,, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848835 | |
| 4 | 31057698 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 06/11/2005, in the amount of $203,000, as a limited cash out refinance of an owner occupied single family residence. The loan was approved as a Full Documentation Loan, with a 77%/77% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 59.33% Debt To Income (DTI). There was an Automated Underwriting System approval dated 06/09/2005, in the loan file. | Full | $203,000.00 | 2848561 | |
| | | | | 1.04 (c) (v) LXS 2005-6_No Fraud  1.04 (c) (vii) LXS 2005-6_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented their debt obligations. A post-closing audit credit report revealed the Borrower open 2 undisclosed installment loans in 03/2005, prior to the subject loan closing 06/2005.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrowers misrepresented their debt obligation by failing to disclose a $669 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848561 | |

# Digital Risk - Loan Review Findings
08-13555-mg   Doc 46080-11   Filed 08/22/14   Entered 08/22/14 15:34:18   Attachment
V - part 7   Pg 195 of 206

Cowen Final Wilmington NA_50_3

| 5 | 31333545 | 1st | LXS 2005-6 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 07/25/2005, in the amount of $211,250, as a cash-out refinance of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 65%/85% Loan to Value/ Combined Loan to value (LTV/CLTV). There was a Manual approval dated 07/21/2005, in the loan file. The Hud-1, revealed the Borrower received $42,356 at closing. | NINA | | $211,250.00 | 2848573 |
| | | | 1.04 (b) (xii) LXS 2005-6_Compliance with Applicable Law Deemed MnA 1.04 (c) (xvii) LXS 2005-6_Origination Practices | Right of Rescission Invalid /Incomplete / Stale / Incorrect | Failure to Provide Right of Rescission | | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a valid Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, the Right of Rescission disclosure contained in the loan file was invalid for the following reason: The Right of Rescission disclosure included in the file does not set forth the expiration date of the right of rescission. The loan disbursement date (20050801) is earlier than, or the same day as, the calculated "Right to Cancel Expire Date" (20050801). Under Reg Z, funds may not be disbursed to the borrower until after the expiration of the rescission period. (Reg Z, 12 CFR 1026.23(c); 12 CFR 1026.15(c); and the Official Staff Commentary to Reg Z) Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificate Holders. | | | | 2848573 |
| | | | | | | | | | | | | | |
| 6 | 31456247 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 08/19/2005, in the amount of $111,920. The loan was approved as a purchase of an owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan To Value/Combined Loan To Value, and a 32.55% Debt To Income (DTI). There was a Manual approval dated 08/18/2005, in the loan file. | Stated | | $111,920.00 | 2848327 |
| | | | 1.04 (c) (vii) LMT 2006-1_No Fraud 1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | | 1 | 3 | The Borrower misrepresented their disclosed income. The Borrower falsely stated income as a Customer Service representative earning $3,400 per month on the loan application. According to a Statement of Financial Affairs filed 12/07/2006, in the Northern District of Indiana, the Borrower earned $1,667 per month. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan.In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. According to a Statement of Financial Affairs filed 12/07/2006, in the Northern District of Indiana, the Borrower earned $1,667 per month in 2005, the year of the subject closing. It indicated unlikely the Borrower's income would have decreased considering the Borrower was employed with the same employer in the same line of work. Despite the Seller's representations, the Borrower falsely stated employment as a Customer Service Representative earning $3,400 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2848327 |

Cowen Final Wilmington NA_50_3

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 31652092 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 5/16/2005 in the amount of $144,000, a cash-out refinance of an owner occupied single-family residence. The loan was approved as a Stated Income/Verified Asset, with a 78.85%/93.63% Loan To Value/Combined Loan To Value, and a 38.56% Debt to Income Ratio. There was neither an Automated Underwriting System nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Stated | $164,000.00 | 2848343 |
| | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, points and fees were not adequately disclosed to the Borrower.<br><br>The disclosed finance charge ($209,197.71) is ($750.00) below the actual finance charge ($209,947.71). The Truth in Lending considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d) (1)).<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848343 |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (xvii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Computer Operator earning $5,901 per month per month on the loan application. The Co-Borrower stated employment as a BSA Representative earning $4,568 per month on the loan application. An audit verification of employment for the Borrower's, obtained through The Work Number, revealed the Borrower's income for 2007 was $4,115 per month. In addition, the loan file contained the Co-Borrower's 2007 tax returns and W-2s that were provided for loss mitigation. The Co-Borrower's 2007 tax return and W-2 reflected the Co-Borrower earned $22,566 or $1,880 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>An audit verification of employment for the Borrower's, obtained through The Work Number, revealed the Borrower's income for 2007 was $4,115 per month. In addition, the loan file contained the Co-Borrower's 2007 tax returns and W-2s that were provided for loss mitigation. The Co-Borrower's 2007 tax return and W-2 reflected the Co-Borrower earned $22,566 or $1,880 per month.<br><br>Despite the Seller's representations, the Borrowers falsely stated employment as a Computer Operator earning $5,901 per month and a Bank Support Representative earning $4,568 on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848343 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/14/2013 5:30:30 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen Final Wilmington NA_50_3

| 8 | 31676604 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 09/27/2005 in the amount of $165,000, as a cash out refinance of a single family investment property. The loan was approved as a Stated Income/Verified Asset loan, with a 75% Loan To Value/Combined Loan To Value, and a 37.41% Debt To Income. There was a Manual approval dated 09/13/2005, in the loan file. | Stated | | $165,000.00 | 2848345 |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud  1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented their disclosed income. The Borrower falsely stated income as a Contractor earning $5,200 per month on the loan application. According to a Statement of Financial Affairs filed 02/26/2010, in the Northern District of California, Santa Rosa Division revealed the Borrower income for 2008 was $3,828 per month.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  According to a Statement of Financial Affairs filed 02/26/2010, in the Northern District of California, Santa Rosa Division revealed the Borrower income for 2008 was $3,828 per month.  Despite the Seller's representations, the Borrower falsely stated employment as an Owner/Operator of a home-based carpentry business earning $5,200 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | | 2848345 |
| 9 | 31748775 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/05/2005, in the amount of $11,250, as a second mortgage purchase of a single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 15%/95% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 37.728% Debt to Income (DTI). There was a Manual approval dated 09/30/2005, in the loan file. | Stated | | $11,250.00 | 2848902 |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud  1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Income - No Red Flags Present Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Supervisor of a grocery store for 5 years, earning $4,700 per month on the loan application. The loan file contained the Borrower's 2005 W-2 form from the employer listed on the loan application, which revealed the Borrower earned $3,576 per month. It should be noted, the loan file contained confirmation the Borrower was still employed with the same employer, confirming the W-2 was for 12 full months.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  Despite the Seller's representations, the Borrower falsely stated employment as a Supervisor of a grocery store earning $4,700 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | | 2848902 |

Cowen Final Wilmington NA_50_3

| 10 | 31907306 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/06/2005 in the amount of $647,500, as a rate and term refinance of an owner occupied Single Family Residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 70% Loan To Value/Combined Loan To Value (LTV/CLTV) and a Debt to Income (DTI) was not required. There was a Manual approval dated 11/28/2005, in the loan file. | NINA | $647,500.00 | 2848370 |
| | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the APR and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, APR and/or applicable fees were not adequately disclosed to the Borrower.<br><br>The disclosed finance charge ($914,754.62) is ($1,248.85) below the actual finance charge($916,003.47). The Truth in Lending Act considers the disclosed finance charge inaccurate if it is more than $100 below the actual finance charge. (12 CFR Sec. 1026.18(d)(1)).<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848370 |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (xvii) LMT 2006-1_Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 2 | 3 | The Borrower misrepresented their debt obligations. The audit credit report and public records indicated the Borrower acquired a HELOC in the amount of $182,450 with a payment of $3,730 on 11/23/2005, which was 17 days after the subject closing. The Borrower also acquired an automobile loan in the amount of $12,051 with a payment of $286.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The subject loan was underwritten without proper regard to the Borrower's reasonable ability to repay. Verification and disclosure of the Borrower's debt, so as to confirm the Borrower's overall creditworthiness and actual outstanding debt obligations, was a significant factor in determining the Borrower's reasonable ability to repay the subject loan.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $4,016 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2848370 |
| 11 | 31914658 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/22/2005, in the amount of $136,000, as a rate and term refinance of an owner occupied single family residence. The loan was approved as a Full Doc loan, with a 76.41%/95.51% Loan to Value/Combined Loan To Value (LTV/CLTV), and a 46.75% Debt to Income (DTI). There was a Manual approval dated 11/18/2005 in the loan file. | Full | $136,000.00 | 2848372 |
| | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 1 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>The Right of Rescission disclosure included in the file does not set forth the expiration date of the right of rescission. The loan disbursement date (20051128) is earlier than, or the same day as, the calculated "Right to Cancel Expire Date" (20051129). Under Reg Z, funds may not be disbursed to the borrower until after the expiration of the rescission period. (Reg Z, 12 CFR 1026.23(c); 12 CFR 1026.15(c); and the Official Staff Commentary to Reg Z).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848372 |
| 12 | 32062812 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/09/2005, in the amount of $464,000, as a purchase of an owner occupied Singl Family Residence. The loan was approved as a Stated Income/Verified Asset loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 38.64% Debt to Income (DTI). There was a Manual approval dated 12/08/2005, in the loan file. | Stated | $464,000.00 | 2848408 |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (xvii) LMT 2006-1_Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as Registered Nurse earning $12,500 per month on the loan application. The loan file contained post-closing 2006 W2's, which were obtained during the modification process. The 2006 W-2, the subsequent year after the subject loan closing, reflected the Borrower earned $7,728 per month.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Registered Nurse earning $12,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848408 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/14/2013 5:30:30 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen Final Wilmington NA_50_3

| 13 | 32094948 | 1st | LXS 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/08/2005, in the amount of $222,400, as a cash out refinance of an owner occupied single family residence. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with an 80% Loan To Value/Combined Loan To Value (LTV/CLTV), and a Debt to Income (DTI) was not required. There was a Manual approval dated 11/07/2005, in the loan file. | NINA | $222,400.00 | 2848651 |
| | | | 1.04 (b) (xii) LXS 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvi) LXS 2006-1_No High Cost - HOEPA - Deemed MnA / Enforceable Prepayment Charges - Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-1_Origination Practices | Failure to Provide a Prepayment Disclosure | Failure to Provide a Prepayment Disclosure | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act and Real Estate Settlement and Procedures Act required written disclosure as to prepayment penalties, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan, including prepayment charges, complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the subject loan's prepayment penalty was not disclosed to the Borrower. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848651 |
| 14 | 32144891 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/12/2005, in the amount of $148,700, as a purchase of an owner occupied, single family residence. The loan was approved as a Full Documentation loan, with an 80%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 46.8% Debt to Income (DTI). There was a Manual approval dated 12/01/2005, in the loan file. A second mortgage in the amount of $37,150 was closed simultaneously. | Full | $148,700.00 | 2848417 |
| | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law - Deemed MnA<br><br>1.04 (b) (xvii) LMT 2006-1_Enforceable Prepayment Charges - Deemed MnA<br><br>1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide a Prepayment Disclosure | Failure to Provide a Prepayment Disclosure | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act and Real Estate Settlement and Procedures Act required written disclosure as to prepayment penalties, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan, including prepayment charges complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, the subject loan's prepayment penalty was not disclosed to the Borrower. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848417 |
| 15 | 32157547 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/15/2005, in the amount of $399,500, as a cash out refinance of an owner occupied, single family residence. The loan was approved as a Stated Income/Verified Assets loan, with a 78% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 39.67% Debt to Income (DTI). There was a manual approval dated 12/06/2005, in the loan file. Per the final HUD-1, the Borrower received a disbursement of $20,188 and consumer debt totaling $16,537 at closing. | Stated | $399,500.00 | 2848421 |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud<br><br>1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Real Estate Agent Real Estate earning $12,850 per month on the loan application. The loan file contained post-closing 2007 tax returns which revealed the Borrower's income, 2 years after the subject loan closing, was $5,196 per month.<br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>The loan file contained post-closing 2007 tax returns which revealed the Borrower's income, 2 years after the subject loan closing, was $5,196 per month.<br><br>Despite the Seller's representations, the Borrower falsely stated employment as a Real Estate Agent earning $12,850 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848421 |

Cowen Final Wilmington NA_50_3

EX-187 Pg 200 of 206

| 16 | 32176760 | 1st | LMT 2006-4 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/12/2005, in the amount of $150,000, as a purchase of an owner occupied single family residence. The loan was approved as a Stated loan/Verified Asset loan, with a 95% Loan To Value/Combined Loan To Value (LTV/CLTV) and a with a 44.05% Debt to Income (DTI). The loan file included a Manual approval dated 12/05/2005 in the loan file. | Stated | $150,000.00 | 2848456 | |
| | | | 1.04 (c) (xxii) LMT 2006-4_No Fraud 1.04 (c) (xxiv) LMT 2006-4_No Event of Default | Misrepresentation of Income - Red Flags Present - Same Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Parts Specialist earning $5,000 per month on the loan application. An audit verification of employment and income was obtained from the Borrower's employer, which revealed that the Borrower actually earned a monthly income of $923.  The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage or Deed Of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.  An audit verification of employment and income was obtained from the Borrower's employer, which revealed that the Borrower actually earned a monthly income of $923.  Despite the Seller's representations, the Borrower falsely stated employment as a Parts Specialist earning $5,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and Deed of Trust. | | | 2848456 | |
| 17 | 32194250 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/20/2005, in the amount of $185,550, as a purchase of an owner occupied single family residence. The loan closed as a Limited Income Doc loan where employment and income and assets are stated, with a 78%/100% Loan To Value/Combined Loan To Value (LTV/CLTV) and a Debt to Income (DTI) of 43.51%. There was neither an Automated Underwriting Systems (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. | Full | $185,550.00 | 2848429 | |
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud 1.04 (c) (vii) LMT 2006-1_No Event of Default | Misrepresentation of Income - No Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented their disclosed income. The Co-Borrower falsely stated income as an Airline Sales AgenBus Driver Airline earning $3,412 per month on the loan application. An audit re-verification of employment and income through The Work Number (TWN) revealed that the Co-Borrower's 2003 near year income was $1,596 per month. The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed Of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage. An audit re-verification of employment and income through The Work Number (TWN) revealed that the Co-Borrower's 2003 near year income was $1,596 per month.  Despite the Seller's representations, the Co-Borrower falsely stated employment as an Airline Sales Agent earning $3,412 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848429 | |

| 18 | 32234049 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor manual notes included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained an origination credit report and income documentation; however, there was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | | $132,000.00 | 2848919 | |
| | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.  The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848919 | |
| | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 2 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file.  The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the origination practices and subject loan was in compliance with the Act.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848919 | |
| | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA  1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | 3 | 3 | The subject loan did not comply with applicable federal law. The Truth in Lending Act required a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.  Despite the Seller's representations, the loan file did not cotain a Right of Rescission, which is evidence of the subject loan's noncompliance with applicable law.  Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848919 | |
| | | | 1.04 (c) (xxi) SAS 2006-S2_Mortgage File | Failure to Obtain Title Commitment / Title Insurance | Failure to Obtain Title Insurance | 5 | 3 | The subject property did not have title insurance or a title commitment.  The Seller represented and warranted, in part, that the subject loan was covered by valid and enforceable a title insurance policy. Despite the Seller's representations, there is no evidence in the file that the subject loan was covered by a valid Title Insurance Commitment/ Title Insurance Policy. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the title insurance policy or title commitment, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).  Despite the Seller's representations, there is no evidence in the file that the subject loan was covered by a valid Title Insurance Commitment/ Title Insurance Policy. | | | | 2848919 | |
| | | | 1.04 (c) (xviii) SAS 2006-S2_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 6 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | | 2848919 | |

| 19 | 32300758 | 1st | LXS 2006-5 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) recommendation included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. All of the documents in the file were for a different Borrower and a different property location than what was represented on the Data Tape by the Seller. | Unknown | $103,900.00 | 2848702 | |
| | | | 1.04 (b) (iii) LXS 2006-5_Hazard and Flood<br><br>1.04 (c) (i) LXS 2006-5_Enforceable Hazard Policy<br><br>1.04 (c) (xxiii) LXS 2006-5_Enforceable Insurance Policy | Failure to Obtain Sufficient Flood and/or HOI Coverage | Failure to Obtain Flood/Hazard Insurance | 1 | 3 | The buildings or other improvements on the subject property did not have adequate flood/hazard insurance. The loan file did not contain evidence of Home Owners Insurance.<br><br>The Seller represented and warranted, in part, that the subject property would be insured by a generally accepted insurer against loss by fire, hazards of extended coverage and such other hazards as are customary in the area where the related Mortgaged Property is located pursuant to insurance policies conforming to the requirements of the guidelines of FNMA or FHLMC.<br><br>Despite the Seller's representations, there is no evidence in the file the subject property complied with the flood/homeowners insurance requirements. | | | 2848702 | |
| | | | 1.04 (b) (vii) LXS 2006-5_Title Insurance<br><br>1.04 (c) (xii) LXS 2006-5_Mortgage File | Failure to Obtain Title Commitment / Title Insurance | Failure to Obtain Title Insurance | 2 | 3 | The loan file did not contain evidence of title commitment or title insurance.<br><br>The Seller represented and warranted, in part, that the subject loan was covered by valid and enforceable a title insurance policy . . The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the title insurance policy or title commitment, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the file that the subject loan was covered by a valid Title Insurance Commitment/ Title Insurance Policy. | | | 2848702 | |
| | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xii) LXS 2006-5_Mortgage File<br><br>1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Subject Note | Failure to Provide Subject Note | 3 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required that a fully executed note for the subject transaction be executed by the Borrower and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. The Seller further represented and warranted, in part, that it was in possession of a complete, true and accurate Mortgage File, including, but not limited to, the subject note, as required by the Mortgage Loan Sale and Assignment Agreement (MLSAA).<br><br>Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act, neither is there evidence that the note for the subject transaction was provided. The loan file did not contain the Subject Note.<br><br>Pursuant to the MLSAA, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848702 | |
| | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 4 | 3 | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848702 | |
| | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Final TIL | Failure to Provide Final TIL | 5 | 3 | The subject loan did not comply with applicable law. The Truth in Lending Act required a final TIL statement to be acknowledged and executed by the Borrower and maintained in the loan file.<br><br>The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848702 | |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 1.04 (b) (xii) LXS 2006-5_Compliance with Applicable Law Deemed MnA<br><br>1.04 (c) (xvii) LXS 2006-5_Origination Practices | Failure to Provide the Right of Rescission | Failure to Provide Right of Rescission | | 63 | The subject loan did not comply with applicable law. The regulation requires a Right of Rescission disclosure to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws.<br><br>Despite the Seller's representations, there is no evidence in the loan file that the origination practices and subject loan was in compliance with the Act. The loan file did not contain a Right of Rescission.<br><br>Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | | 2848702 |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/14/2013 5:30:30 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor

Cowen Final Wilmington NA_50_3

| 20 | 32379059 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/27/2006 in the amount of $33,200.00 as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset loan, with a 14.999%/94.99 Loan To Value/Combined Loan To Value (LTV/CLTV), and a 38.93% Debt To Income (DTI). There was a manual approval dated 12/16/2005, in the loan file. A first mortgage for $177,100 also closed on the same day. | Stated | $33,200.00 | 2848941 |
| | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his/her debt obligations. According to the Mortgage Electronic Registration System report and the audit credit report, the Borrower opened two undisclosed mortgages in the amount of $337,750 for the first lien with a monthly payment of $1,894 and a mortgage in the amount of $144,750 for the second lien with a monthly payment of $1,502 that secured a property located in Orlando, Florida on 11/23/2005, which was prior to the subject loan closing date of 01/27/2006.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $3,396 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2848941 |
| | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Occupancy Misrepresentation - With No Red Flags Present | Misrepresentation of Occupancy | 2 | 3 | The Borrower misrepresented his/her intent to occupy the subject property. According to a search of the Borrower's utility records, the Borrower opened utilities in their name at two properties that was not the subject property located in Kissimmee, Florida. The utility records reported that the Borrower opened utilities in their name a property located in Orlando, Florida on 03/01/2006 and at the Borrower's departing address also located in Orlando, Florida on 02/13/2006, which was only two weeks after the subject loan closing date of 01/27/2006. There were no utility records reported in the Borrower's name at the subject property. The utility report indicated the Borrower continued to occupy the proposed departure address and did not occupy the subject property after the closing date of 01/27/2006, as disclosed.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the subject loan was falsely represented as an owner occupied transaction, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848941 |
| 21 | 32493595 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/08/2006, in the amount of $30,700, as a purchase of a non-owner occupied single family residence. The loan was approved as a Stated Income/Verified Asset (SIVA) loan, with a 10%/90% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 35.697% Debt To Income (DTI). There was a Manual approval dated 02/07/2006, in the loan file., and a 35.697% DTI. There was a Manual approval dated 02/07/2006, in the loan file. | Stated | $30,700.00 | 2848957 |
| | | | | 1.04 (c) (v) SAS 2006-S2_No Fraud<br>1.04 (c) (vii) SAS 2006-S2_No Event of Default | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrower misrepresented his/her debt obligations.. Per the Mortgage Electronic Registration System and the audit credit report, the Borrower opened two undisclosed mortgage debts in the amount of $281,200 for the first lien with a monthly payment of $1,475 and $35,100 for the second lien with a monthly payment of $113 that secured an property located in Phoenix, Arizona on 08/18/2005, which closed prior to the subject loan closing.<br><br>The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.<br><br>Despite the Seller's representations, the Borrowers misrepresented their debt obligations bu failing to disclose a $1,588 monthly debt, which constitute an event of default under the executed Mortgage and or Deed of Trust. | | | 2848957 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 22 | 32575193 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/23/2006, in the amount of $49,000, as a purchase of an owner-occupied single family residence. The loan was approved as a Full Documentation loan, with a 20%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a 37.76% Debt to Income ratio (DTI). There was a Manual approval dated 01/27/2006, in the loan file. | Full | $49,000.00 | 2848962 |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud | Misrepresentation of Debt Obligations - With Red Flags Present | Misrepresentation of Debt Obligations | 1 | | 3 | The Borrowers misrepresented their debt obligations. Per the audit credit report, the Borrowers opened an undisclosed mortgage debt in the amount of $325,335 with a monthly payment of $1,356 based on a 5% interest only rate securing an unknown property in 02/2006, which closed in the same month as the subject loan closing.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations by failing to disclose a $1,356 monthly debt, which constitutes an event of default under the executed Mortgage and or Deed of Trust. | | | 2848962 |
| 23 | 32605982 | 2nd | SASC 2006-S2 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 02/27/2006, in the amount of $43,600, as a purchase of an owner-occupied single family property. The loan was approved as a No Documentation loan (No Income, No Employment, No Asset Verification), with a 20%/100% Loan To Value/Combined Loan To Value (LTV/CLTV), and a Debt to Income (DTI) was not required. There was a Manual approval dated 02/27/2006, in the loan file. | NINA | $43,600.00 | 2848963 |
| | | | 1.04 (b) (xii) SASC 2006-S2_Compliance with Applicable Law - Deemed MnA

1.04 (c) (xvii) SAS 2006-S2_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws.

Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act. Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848963 |
| 24 | 32806630 | 1st | LXS 2006-9 | | Loan Summary | Loan Summary | 0 | 0 | There was neither an Automated Underwriting System (AUS) nor Manual approval included in the loan file to definitively ascertain whether the loan was properly stipulated and approved in adherence with the guidelines of the loan program in effect at the time of application in the loan file. The loan file contained a HUD-1 settlement statement which referred to the subject loan as a purchase transaction. The loan file only contained the Borrower's signed loan application, the Note, and the Mortgage. There was no other critical documentation provided for the file that was represented on the data Tape by the Seller. | Unknown | $436,000.00 | 2848744 |
| . | | | 1.04 (b) (xii) LXS 2006-9_Compliance with Applicable Law Deemed MnA

1.04 (c) (xvii) LXS 2006-9_Origination Practices | Failure to Provide Final TIL | Failure to Provide Final TIL | 1 | 3 | | The subject loan did not comply with applicable law. The Truth in Lending Act required a final Truth in Lending (TIL) statement to be acknowledged and executed by the Borrower and maintained in the loan file.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848744 |
| 25 | 36639219 | 1st | LMT 2006-1 | | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 10/17/2005, in the amount of $234,115, as a rate and term refinance of an owner occupied single family residence located in a planned unit development. The loan was approved as a Stated Income loan, with an 76.76%/89.71% Loan To Value/Combined Loan To Value, and a 42.14% Debt to Income ratio. There was a Manual approval dated 10/17/2005 in the loan file. | Stated | $234,115.00 | 2848439 |
| | | | 1.04 (b) (xii) LMT 2006-1_Compliance with Applicable Law Deemed MnA

1.04 (c) (xvii) LMT 2006-1_Origination Practices | Failure to Provide Final HUD-1 | Failure to Provide Final HUD-1 | 1 | 3 | | The subject loan did not comply with applicable law. The Real Estate Settlement Procedures Act required a complete and final HUD-1 to be provided to the Borrower, acknowledged and executed by the Borrower, and maintained in the loan file as evidence of compliance.

The Seller represented and warranted that the origination practices and subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, there is no evidence in the loan file that the subject loan was in compliance with the Act.

Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable law is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders. | | | 2848439 |

Copyright 2013, Digital Risk, LLC.   Internal & Confidential - Do Not Duplicate   Run: 2/14/2013 5:30:30 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule
Repor

Cowen Final Wilmington NA_50_3

# Digital Risk - Loan Review Findings

**Page 206 of 206**

| | | | | Category | Subcategory | | | Narrative | Doc | Amount | ID |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 1.04 (c) (v) LMT 2006-1_No Fraud | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 2 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a Jeweler earning $8,500 per month on the loan application. The 2006 tax return revealed the Borrower's subsequent year income of the subject loan closing of 2005 was $3,929 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

The 2006 tax return revealed the Borrower's subsequent year income of the subject loan closing of 2005 was $3,929 per month.

Despite the Seller's representations, the Borrower falsely stated employment as a Jeweler earning $8,500 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848439 |
| | | | 1.04 (c) (vii) LMT 2006-1_No Event of Default | | | | | | | | |
| | | | 1.04 (c) (xviii) LMT 2006-1_Qualified Appraisal | Failure to Provide the Origination Appraisal | Failure to Obtain Qualified Appraisal | 3 | 3 | The subject loan was subject to a qualified appraisal. Title XI of the Federal Institutions of the Reform, Recovery, and Enforcement Act (FIRREA) required that, at a minimum, the appraisal comply with the Uniform Standards of Professional Appraisal Practice. The Seller represented and warranted, in part, that the appraisal complied with FIRREA. Despite this requirement, there is no evidence in the file that the origination appraisal complied with the Act. | | | 2848439 |
| 26 | 37080702 | 2nd | SASC 2006-S2 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 11/29/2005, in the amount of $64,950, as a purchase of an owner occupied single family residence. The loan was approved as a Full documentation loan, with a 25%/94.98% Loan to Value/Combined Loan to Value, and a 24.09% Debt to Income ratio. There was a Manual approval dated 11/23/2005, in the loan file. | Full | $64,950.00 | 2848976 |
| | | | 1.04 (c) (v) SAS 2006-S2_No Fraud | Misrepresentation of Debt Obligations - No Red Flags Present | Misrepresentation of Debt Obligations | 1 | 3 | The Borrowers misrepresented their debt obligations. Public records research through Accurint and an Audit Credit Report revealed the Borrowers purchased a property on 09/12/2005 with an original mortgage amount of $41,250 which had a mortgage payment of $403. The property was refinanced 2 months after purchasing the property on 11/30/2005 with a mortgage amount of $189,000 which had a monthly mortgage payment of $1,756; however, this property and debt were not disclosed on the origination application.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrowers misrepresented their debt obligations, which constitute an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848976 |
| | | | 1.04 (c) (vii) SAS 2006-S2_No Event of Default | | | | | | | | |
| 27 | 37168820 | 1st | LXS 2006-5 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 01/26/2006, in the amount of $108,000, as a cash out refinance of an owner occupied condominium property. The loan was approved as a Stated Income loan, with an 80% Loan to Value/Combined Loan to Value, and a 45.8% Debt to Income. There was a manual approval dated 01/19/2006, in the loan file. According to the HUD-1 Settlement Statement, the Borrower received $4,452 cash back at closing. | Stated | $108,000.00 | 2848710 |
| | | | 1.04 (c) (v) LXS 2006-5_No Fraud | Misrepresentation of Income - Red Flags Present - Near Year Income Evidence | Misrepresentation of Income | 1 | 3 | The Borrower misrepresented his disclosed income. The Borrower falsely stated income as a House Keeping Manager earning $3,000 per month on the loan application. According to the Borrower's 2006 tax returns and W-2 in the loan file, which were part of the post-closing documents, the Borrower earned $23,451 in 2006 or $1,962 per month.

The Seller represented and warranted, in part, that no document submitted for loan underwriting was falsified; neither did such documentation contain any untrue or misleading statements of material fact or omit to state a material fact required to be stated therein; and that, no fraud was committed in connection with the origination of the subject loan. In addition to the Seller's representation and warranty regarding events of defaults and acceleration, the executed Mortgage and/or Deed of Trust securing the collateral for the subject loan provides that the delivery of any false, misleading or inaccurate statements to Lender by Borrower or any agent thereof in connection with the approval of the Loan constitutes an event of default under the Mortgage.

Despite the Seller's representations, the Borrower falsely stated employment as a Housekeeping Manager earning $3,000 per month on the loan application, which constitutes an event of default under the executed Mortgage and/or Deed of Trust. | | | 2848710 |
| | | | 1.04 (c) (vii) LXS 2006-5_No Event of Default | | | | | | | | |
| 28 | 37193364 | 2nd | SASC 2006-S2 | Loan Summary | Loan Summary | 0 | 0 | The subject loan closed on 12/30/2005, in the amount of $54,500, as a purchase of a second home, single family residence. The loan was approved as a No documentation loan (No Income, No Employment, No Asset Verification), with a 25%/95% Loan to Value/Combined Loan to Value. There was a Desktop Underwriting (DU) approval dated 12/08/2005, in the loan file. | NINA | $54,500.00 | 2848978 |
| | | | 1.04 (b) (xiii) SAS 2006-S2_Compliance with Applicable Law - Deemed MnA | Under-Disclosed Fees / APR | Loan Fees Under-Disclosed | 1 | 3 | The subject loan did not comply with applicable federal, state, or local law. The Truth in Lending Act required written disclosure as to the Annual Percentage Rate (APR) and/or applicable fees, such disclosure was required to be acknowledged and executed by the Borrower, and evidence of such disclosure was required to be maintained in the loan file. The Seller represented and warranted that the subject loan complied in all material respects with applicable local, state, and federal laws. Despite the Seller's representations, APR and/or points and fees were not adequately disclosed to the Borrower. "Pursuant to the Mortgage Loan Sale and Assignment Agreement, the subject loan's failure to comply with applicable federal, state, or local law, including, but not limited to, applicable lending and disclosure laws, is deemed to materially and adversely affect the value of the Mortgage Loan and interest of the Certificateholders." | | | 2848978 |
| | | | 1.04 (b) (xviii) SAS 2006-S2_Origination Practices | | | | | | | | |

| | | | | | | | | **Grand Total of Repurchase Demand** | | **$5,256,785.00** | |

Copyright 2013, Digital Risk, LLC.    Internal & Confidential - Do Not Duplicate    Run: 2/14/2013 5:30:30 PM
Report: /Digital Risk/Department Specific Reporting/Private Label Securities/Cowen/Cowen Standard Findings Schedule Repor