# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*    Case No. 08-13555 (SCC) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claims referenced in this evidence and notice.

| | |
|---|---|
| **The Värde Fund VI-A, L.P.** | **Citigroup Financial Products Inc.** |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

8500 Normandale Lake Boulevard
Suite 1500
Minneapolis, MN 55437
Attn: Edwina P.J. Steffe*r*
e-mail: *esteffer@varde.com*

Last Four Digits of Acct. #:

Court Claim No.: 62744

Amount of Claim Transferred: $1,424,638.14, plus all accrued interest, fees and other recoveries due.

Date Claim Filed: November 2, 2009

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**THE VÄRDE FUND VI-A, L.P.**

**By Värde Investment Partners G.P., LLC,**
**Its General Partner**

**By Värde Partners, L.P.,**
**Its Managing Member**

**By Värde Partners, Inc.,**
**its General Partner**

By: _[signature]_                                Date: 8/22/14
Name:    Andrea L. Schilling
Title:      Managing Director

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

119-1681/CERTS/4150518.1

# United States Bankruptcy Court
# Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*       Case No. 08-13555 (SCC) (Jointly Administered)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM No. 62744 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of the claim, the transferee filed a Transfer of Claims other than for Security in the Clerk's office of this court on    .

| **Citigroup Financial Products Inc.** <br> Name of Alleged Transferor <br><br> Address of Alleged Transferor: <br> 390 Greenwich Street <br> 4th Floor <br> New York, NY 10013 <br> Attn: Kenneth Keeley | **The Värde Fund VI-A, L.P.** <br> Name of Transferee <br><br> Address of Transferee <br> 8500 Normandale Lake Boulevard <br> Suite 1500 <br> Minneapolis, MN 55437 <br> Attn: Edwina P.J. Steffer <br> E-mail: *esteffer@varde.com* |
|---|---|

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
CLERK OF THE COURT

Execution Version

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Citigroup Financial Products Inc.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **The Värde Fund VI-A, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim specified in Schedule 1 attached hereto filed by or on behalf of Seller's predecessor-in-interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise on or after July 24, 2014, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claim"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) to the extent received from Seller's predecessor-in-interest Seller owns and has good and marketable title to the Transferred Claim, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claim proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to Purchaser a true and correct copy of the Revised Notice of Proposed Allowed Claim Amount, dated February 17, 2012, which relates to the Proof of Claim 62744; (h) on or about April 17, 2012, October 1, 2012, April 4, 2013 and October 3, 2013 Seller's predecessor-in-interest received distributions from Lehman Brothers Holdings, Inc. in respect of the Transferred Claim; (i) on or about April 3, 2014, Seller's predecessor-in-interest received distributions from Lehman Brothers Holdings, Inc. in respect of the Transferred Claim totaling the amount of $56,441.83; (j) on or about May 8, 2013 and October 24, 2013 Seller's predecessor-in-interest received distributions from Lehman Brothers Treasury Co. B.V. in respect of the Transferred Claim; and (k) on or about April 28, 2014, Seller's predecessor-in-interest received distributions from Lehman Brothers Treasury Co. B.V. relating to the Transferred Claim totaling the amount of €53,431.00.

3. Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim within 10 days of the

date of this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than five (5) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser, together with any statements received from Debtor and/or Epiq describing such payment or distribution. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Remainder of page intentionally left blank]*

Pg 5 of 7

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 22 day of August 2014.

**Seller:**
**Citigroup Financial Products Inc.**

By:________________________________
Name:
Title:
BRIAN BLESSING
AUTHORIZED SIGNATORY

390 Greenwich Street, 4th Floor
New York, New York 10013

**Buyer:**
**The Värde Fund VI-A, L.P.**

**By Värde Investment Partners G.P., LLC,**
**Its General Partner**
**By Värde Partners, L.P.,**
**Its Managing Member**
**By Värde Partners, Inc.,**
**its General Partner**

By:________________________________
Name:
Title:

8500 Normandale Lake Boulevard
Suite 1500
Minneapolis, MN 55437
Attn: Edwina P.J. Steffer
e-mail: *esteffer@varde.com*

[Signature Page to The Värde Fund VI-A, L.P. Agreement and Evidence of Transfer of Claim]

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this  22  day of August 2014.

| Seller: | Buyer: |
|---|---|
| **Citigroup Financial Products Inc.** | **The Värde Fund VI-A, L.P.** |
| | By Värde Investment Partners G.P., LLC, |
| | Its General Partner |
| | By Värde Partners, L.P., |
| | Its Managing Member |
| | By Värde Partners, Inc., |
| | its General Partner |
| By:_____ | By: _/s/ Scott T. Hartman_ |
| Name: | Name:    **Scott T. Hartman** |
| Title: | Title:    **Managing Director** |
| 390 Greenwich Street, 4th Floor | 8500 Normandale Lake Boulevard |
| New York, New York 10013 | Suite 1500 |
| | Minneapolis, MN 55437 |
| | Attn: Edwina P.J. Steffer |
| | e-mail: *esteffer@varde.com* |

[Signature Page to The Värde Fund VI-A, L.P. Agreement and Evidence of Transfer of Claim]

<div align="right">Schedule 1</div>

<div align="center">Transferred Claim</div>

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount of Claim Transferred | Proof of Claim |
|---|---|---|---|---|---|
| XS0315504323 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,000,000.00 | $1,424,638.14 | 62744 |