

# WENDEL ROSEN
### BLACK & DEAN LLP

1111 Broadway, 24th Floor | T: 510-834-6600 | www.wendel.com
Oakland, CA 94607-4036 | F: 510-808-4652 | edreyfuss@wendel.com

August 25, 2014

VIA E-MAIL

Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, NY 10004-14008

    Re:    *In re Lehman Brothers Holdings Inc.*, Chapter 11 Case No. 08-13555 (SCC)
            Motion for Relief From Stay And Injunction Provided Under Plan (Docket No. 44848)

Dear Judge Chapman:

    We are counsel to Claimants Sylvia Vega-Sutfin, Michelle Seymour, Cheryl McNeil, Linda (Weeks) Howard-James, Isabel Guadjardo and Coleen Denise Colombo (collectively, "Claimants"), the moving parties in the pending Motion for Relief From Stay And Injunction Provided Under Plan (Docket No. 44848) ("Motion"). Claimants oppose Lehman's request for an adjournment of the Motion from September 9, 2014, to October 7, 2014, for the following reasons.[1]

    The Motion seeks relief from stay to allow Claimants to liquidate their Claims in the pending prepetition Action in the Sacramento Superior Court in California. That Action had been litigated for over 3 years prior to the commencement of BNC's bankruptcy in January 2009. At that time, BNC was represented by insurance defense counsel at Orrick, Harrington & Sutcliff. Lehman's counsel provided the insurance policies to the Claimants' counsel in November of 2012. Claimants state court counsel, Gary Gwilliam of Gwilliam, Ivary, Chiosso, Cavalli & Brewer, has reviewed BNC's insurance policies and determined that there was insurance coverage. Mr. Gwilliam discussed the issue of insurance coverage with Lehman's counsel in the summer of 2013. Thus, BNC and Lehman have known for a significant period of time, if not years, that the Debtors have insurance coverage available to them. In fact, at the first unsuccessful mediation on May 5, 2014, Lehman was represented by Lisa Bertain of Keesal, Young and Logan, P.C, insurance defense counsel, and based upon the brief that Ms. Bertain

---

[1] Claimants dispute Lehman's characterization that the filing of the Motion violated the ADR Order. The filing of the Motion did nothing of the sort and Lehman has not cited to any specific provision of the ADR Order, because its reading of the ADR Order is unsupported by the actual language of the order.

003336.0013\3664770.2

Honorable Shelley C. Chapman  
August 25, 2014  
Page 2

WENDEL, ROSEN, BLACK & DEAN LLP

filed, it was apparent that she was already familiar with the facts of the case. Claimants are informed that Ms. Bertain will be the new insurance defense counsel for BNC in the Action.

Claimants oppose any adjournment, because the only way to quickly and efficiently resolve the Action is to have the Insurance Carrier appear and defend the Action, and hopefully all parties, including the Debtor, can intelligently discuss the settlement.

In addition, counsel for Claimants, Mr. Gwilliam, has already purchased his ticket for his flight to New York and it is a nonrefundable ticket.

Therefore, we believe the best way to resolve the case is to force the Insurance Carrier to defend the action in Sacramento per the Declaration of J. Gary Gwilliam attached hereto.

Based on the foregoing, Claimants respectfully request that the Court deny the request for adjournment.

Very truly yours,

WENDEL, ROSEN, BLACK & DEAN LLP

Elizabeth Berke-Dreyfuss

EBD/paj  
Enclosure

cc: Jacqueline Marcus, counsel for Debtors (w/encl.) (via Email)  
Gary Gwilliam, counsel for Claimants (w/encl.) (via Email)  
Randy Strauss, counsel for Claimants (w/encl.) (via Email)

---

It is hereby ORDERED that the request of BNC Mortgage Inc. to adjourn the hearing on the above-referenced motion set forth in the letter request of Jacqueline Marcus dated August 25, 2014 [ECF No. 46166] is granted; and it is further ORDERED that the hearing on the above-referenced motion is adjourned to October 7, 2014 at 10:00 a.m. (Prevailing Eastern Time), with a corresponding response deadline of September 30, 2014 at 4:00 p.m. (Prevailing Eastern Time).

Dated: August 25, 2014  
New York, New York

/s/ SHELLEY C. CHAPMAN  
United States Bankruptcy Judge

003336.0013\3664770.2

Hearing Date and Time: _____, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: _____, 2014 at 4:00 p.m. (Prevailing Eastern Time)

Gary Gwilliam (Bar No. 33430)
Randall E. Strauss (Bar No. 168363)
**GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER**
1999 Harrison Street, Suite 1600
Oakland, California 94612-3528
Telephone: (510) 832-5411
Fax: (925) 820-0335
Email: GGwilliam@giccb.com, rstrauss@giccb.com

Mark S. Bostick (Bar No. 111241)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: mbostick@wendel.com

Attorneys for Claimants, Sylvia Vega-Sutfin, Michelle Seymour,
Cheryl McNeil, Linda Howard-James, Isabel Guajardo and
Denise Colombo

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC)<br><br>(Jointly Administered) |

## DECLARATION OF J. GARY GWILLIAM IN OPPOSITION TO REQUEST FOR ADJOURNMENT

I, J. Gary Gwilliam, declare as follows:

1. I am over the age of eighteen, and if called, could testify competently as to the contents of this Declaration. I am a partner with Gwilliam, Ivary, Chiosso, Cavalli & Brewer, and lead counsel for Claimants Coleen Colombo, Isabel Guajardo, Linda Howard, Cheryl McNeil, Michelle Seymour and Sylvia Vega.

2. Pursuant to the Court's ADR Order[1], on May 5, 2014, all Claimants attended an initial mediation session in San Francisco; that mediation session was unsuccessful.

3. Following the unsuccessful mediation, all Claimants made a formal motion for relief from the stay and injunction in this case which was to be heard on July 16, 2014.

4. After the motion was filed attorneys for the debtors contacted me and suggested another mediation be held before the hearing. We agreed to postpone the hearing to September 9, 2014 and a second mediation was held on August 13, 2014 in San Francisco before the same mediator who presided over the first one in May, 2014. The second mediation was also unsuccessful.

5. It has now become clear that there is, and always was, Liability Insurance available for all these claims. In fact the case was originally defended by attorneys who had to put the Insurance Company on notice of their retention. I have personally reviewed the insurance policy to verify there is coverage for these claims.

6. We received the Insurance Policy from the attorneys at Weil Gotshal in November of 2012 after we signed a confidentiality agreement at their request. Additionally, I discussed the Insurance coverage with Larry Baer of Weil Gotshal in the summer of 2013 after

---

[1] As defined in the letter dated August 25, 2014 from Ms. Jacqueline Marcus to Weil, Gotshal & Manges LLP, counsel for Debtors to the Court.

we were first contacted about settlement. So it is clear that counsel for the debtors have always known there was insurance coverage in this case.

7.   I spoke with Robert Shwarts of Orrick, Herrington & Sutcliff on August 19, 2014. Mr. Shwarts was the attorney originally defending the case. He told me he would not be the defense attorney when the case is returned to the Sacramento Superior Court since the carrier has retained new counsel. New counsel is apparently Lisa Bertain of Kesal, Young and Logan, P.C., who appeared at the first mediation on May 5, 2014 and had all of the information about the Sacramento Litigation. We believe the Insurance Company should be aware of her retention.

8.   I spoke with Jacqueline Marcus on August 21, 2014 about the Claimants' case. She confirmed that there was insurance and asked that I agree to adjourn the September 9, 2014 hearing. I told her that I would oppose any motion to adjourn for the reasons set forth in this declaration. Primarily because the only way to quickly and efficiently resolve the case is to make the Insurance Carrier appear to defend the action and hopefully all parties, including the debtor, can intelligently discuss the settlement. I also told her that I had booked my flight to New York and had intended to appear at the hearing.

9.   Therefore Claimants believe the best way to resolve those claims is so grant the motion to lift the stay and send the case back to the Sacramento Superior Court. The Insurance Company will have to defend this case and hopefully we can have further meaningful settlement negations with the Debtor and the Insurance Company at that point.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 25th day of August, 2014, at Oakland, California.

/s/ J. Gary Gwilliam
J. Gary Gwilliam