DIAZ REUS & TARG, LLP.
100 S.E. 2nd Street, Suite 3400
Miami, FL 33131
Telephone (305) 375-9220
Facsimile (305) 375-8050

Attorneys for Fondo De Protección Social
De Los Depósitos Bancarios (FOGADE)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| **IN RE:** : | Case No. 08-13555 (SCC) |
| : | |
| : | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS, INC. et al.,** : | |
| : | (Jointly Administered) |
| Debtors. : | |
| : | |

_____

**FOGADE'S MOTION TO DESIGNATE DIAZ REUS & TARG, LLP
AS AGENT FOR RECEIPT OF ALL DISTRUBUTIONS AND HONOR CHANGE OF
ADDRESS IN THE LBHI AND LBI PROCEEDINGS**

Fondo de Proteccion Social de los Depositos Bancarios ("FOGADE") files this Motion to Designate Diaz Reus & Targ, LLP as Agent for Receipt of All Distributions in the Lehman Brothers Holdings, Inc. ("LBHI") proceedings and in the Lehman Brothers, Inc. ("LBI") proceedings, and Honor Change of Address (the "Motion") and says:

**Background and Statement of Jurisdiction**

1.     On September 15, 2008 (the "Petition Date"), the above-referenced debtor and debtor in possession (the "Debtor"), LBHI, filed a voluntary case under chapter 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code").

2.     The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) and may

be determined by this Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  In 2008, LBI also initiated bankruptcy proceedings in this Court under the Securities Investor Protection Act of 1970, as amended, 15 USC §§ 78aaa *et seq.* ("SIPA").

### Relief Requested

4.  FOGADE requests the entry of an order directing that the all distributions to which it is entitled as the liquidator of both Banco Canarias and Credican, be paid to the trust account of its attorneys, Diaz Reus & Targ, LLP ("DRT"), both in the LBHI and LBI bankruptcy proceedings, and that the Debtor and all other parties in interest honor its Notice of Change of Address for purposes of distributions and notices.

### Background

5.  Superintendencia de las Instituciones de Sector Bancario ("SUDEBAN") is a governmental regulatory body that supervises Venezuelan banks and other financial institutions. When a Venezuelan financial institution experiences financial instability or collapse, SUDEBAN intervenes in an effort to return the ailing institution to solvency. Failing that, SUDEBAN orders the liquidation of the institution by FOGADE.

6.  FOGADE is the Venezuelan equivalent of the FDIC and is responsible for the liquidation of failed financial institutions (and their affiliated entities) and for using the proceeds of such liquidation to pay depositors and satisfy approved debts of the failed institutions.

7.  On November 27, 2009, SUDEBAN appointed FOGADE as liquidator of Banco Canarias De Venezuela, C.A ("Banco Canarias"). *See* Exhibit "A." At that time, FOGADE became entitled to all monies payable to Banco Canarias in order to pay depositors and creditors of the liquidated institution.

8.     On August 30, 2010, SUDEBAN published Resolution No. 468-10, which led to the intervention of Credican, C.A. ("Credican"), on the basis that it was a related institution to Banco Canarias.

9.     On May 19, 2014, SUDEBAN appointed FOGADE as liquidator of Credican. *See* Exhibit "B." FOGADE is entitled to all monies payable to Credican to pay depositors and creditors of the liquidated institution. Accordingly, any distributions payable to Credican should be disbursed to FOGADE. Both Banco Canarias and Credican are under FOGADE's control.

10.    Credican and Banco Canarias have filed claims in these bankruptcy proceedings.

11.    In recent conversations with counsel for the Trustee, FOGADE has learned that the law firms of Alcantar Law PLLC and Chadbourne & Parke LLP are claiming an alleged entitlement to these distributions. FOGADE is concerned that any distributions that FOGADE, on behalf of Banco Canarias and/or Credican, is entitled to receive will be misdirected to Alcantar law PLLC and/or Chadbourne & Parke LLP and/or others, and potentially unrecoverable.

*The Lehman Brothers Holdings Inc. ("LBHI") Chapter 11 Claims*

12.    On November 2, 2009, Credican filed Claim 62726 against LBHI in the amount of $392,500,00.00 which consists of two notes, one for $250,000,000 and one for $142,500,000.00. Claim 62726 was signed by Lara Aryanias, who, as attorney-in-fact, listed the address of Credican as Av. Venezuela, Edf. Venezuela, PH, El Rosal, Caracas, Venezuela and copied Chadbourne & Parke, LLP, 30 Rockefeller Plaza, New York, NY 10112. The portion of the proof of claim form that requires the name and address where payments should be sent if different from the above addresses is blank.

3

13. In December 2012, the Plan Administrator engaged in negotiations to settle a dispute regarding the allowed amount of Claim 62726. Upon information and belief, based upon communications with the Debtor's counsel, on June 5 2013, the Debtor and Credican agreed to a reduced amount for claim 62726 for a total of $64,395,134.08.

14. On November 2, 2009, Banco Canarias filed Claim 62722 against LBHI in the amount of $8,063,217.78. Claim 62722 lists Banco Canarias' former address as Torre Financiera, Banco Canarias, Piso 8 Avenida Tamanaco Urbanizacion, El Rosal, Caracas, Venezuela. The portion of the proof of claim form that requires the name and address where payment should be sent if different than the above address is blank.

15. On November 5, 2009, Banco Canarias filed claim 64729 against LBHI in the amount of $9,499,693.09 against Lehman Brothers Europe. Claim 64729 amended Claim 30131 which was previously filed on September 22, 2009. Claim 64729 lists Banco Canarias' address as Torre Financiera, Banco Canarias, Piso 8 Avenida Tamanaco Urbanizacion, El Rosal, Caracas, Venezuela. The portion of the proof of claim form that that requires the name and address where payment should be sent if different from the above address is blank.

*The Securities Investor Protection Act ("SIPA") Proceedings Claim*

16. On January 29, 2009, Banco Canarias filed Claim 90003945 against Lehman Brothers, Inc. ("LBI") in the SIPA proceedings consisting of payment for different securities instruments for the following amounts: $1,278,659.76, $825,000, $14,000,000.00, $100,000, VEF 537,500,000, and a new equity claim for cash in the amount of $18,053.72.

17. The issues presently before this Court related to entitlement of the distributions in the LBHI claims are identical to the ones before the Court in the LBI/SIPA proceedings. Accordingly, FOGADE as liquidator of Credican, moves this Court to apply its determination

regarding the rightful payee on Credican's claims in the LBHI proceedings to the LBI proceedings as well. *See* LBI Trustee's Statement [ECF No. 43906].

### *The Transfer Of Claims and Chadbourne & Parke's Involvement*

18. Some inexplicable events occurred on June 1, 2012, three years after Banco Canarias was placed in liquidation (i.e. under FOGADE's control and authority) and two years after Credican was placed under intervention (i.e. under SUDEBAN's control and authority).

19. According to the Court's docket, Claim 62722 was transferred from Banco Canarias to Credican on June 1, 2012 by virtue of a Transfer of Claim Other Than As Security Form [ECF No. 28390]. The address on the Transfer of Claim Other Than As Security Form utilizes Chadbourne & Parke's address at 30 Rockefeller Plaza, New York, NY 10112.

20. According to the Court's docket, Claim 64729 was transferred from Banco Canarias to Credican on June 1, 2012, by virtue of a Transfer of Claim Other Than As Security Form [ECF No. 28392]. The address on the Transfer of Claim Other Than As Security Form utilizes Chadbourne & Parke's address at 30 Rockefeller Plaza, New York, NY 10112.

21. According to the Court's docket, Claim 90003945 was transferred from Banco Canarias to Credican on June 1, 2012 by virtue of a Transfer of Claim Other Than As Security Form [LBI ECF No. 5097]. The address on the Transfer of Claim Other Than As Security Form utilizes Chadbourne & Parke's address at 30 Rockefeller Plaza, New York, NY 10112.

22. Surprisingly, none of these events involved either FOGADE and/or SUDEBAN despite the fact that the purported claim transfers were from a liquidated entity to an intervened entity.

23. On July 3, 2012, roughly one month after filing the transfer of claim forms, Chadbourne & Parke moved to withdraw as Credican's counsel. The Court granted Chadbourne's motion to withdraw as counsel on July 16, 2012. [ECF No. 29418].

24. Even though its name remains on the claim transfer forms, Cadbourne & Parke has no authority to act on behalf of Credican. The absence of authority to act on behalf of Credican also includes the absence of authority to receive payments on behalf of Credican, such as the proposed Fifth Distribution that was scheduled for April 3, 2014 as well as all future distributions.

***Chadbourne & Parke Second Attempt To Appropriate The Distributions Fails***

25. Two months after withdrawing as counsel for Credican, Chadbourne & Parke filed a lawsuit on behalf of the shareholders of Credican against the Republic of Venezuela, SUDEBAN, FOGADE and others, to recover damages for the alleged expropriation of the notes or security instruments that form the basis of their claims. *Smith Rocke, Ltd. v. Republica Bolivariana de Venezuela, et al.*, 12-cv-07316 (LGS) (S.D.N.Y. September 28, 2012). The Credican shareholders alleged that they had sold their Credican shares to Smith Rocke, a British Virgin Islands company, incorporated on March 2, 2012. Smith Rocke's shareholders are Credican Shareholders that sold their Credican shares to Smith Rocke in exchange for Smith Rocke shares. *Complaint* at ¶¶ 12-13, *Smith Rocke, Ltd. v. Republica Bolivariana de Venezuela, et al.*, (S.D.N.Y. 2014) (12-cv-07316 LGS). The former Credican shareholders who became Smith Rocke shareholders also assigned to Smith Rocke whatever interest they had in the notes and security instruments that form the basis of the above referenced claims. *Id.*

26. In January 2013, the district court in that action dismissed the case and in its opinion stated: "[a]lthough it is unclear when [Smith Rocke] acquired its alleged interest in the

6

Lehman Notes, it is undisputed that Venezuela acquired its interest in the Notes before Plaintiff did, when it intervened either Banco Canarias or Credican in 2009 and 2010 respectively."[1] *Smith Rocke Ltd. v. Republica Bolivariana de Venezuela*, 12-cv-7316 LGS, 2014 WL 288705 (S.D.N.Y. 2014). Accordingly, Chadbourne & Parke lacked the authority to act on behalf of Credican or the Credican shareholders to receive payment on account of any of its allowed claims.

*Alcantar Law PLLC's Is Not Entitled To Any Distributions*

27. On August 30, 2010, SUDEBAN intervened Credican. The Credican Administrators appointed New York attorney Raul Alcantar from the law firm Alcantar Law PLLC as their lawyer. FOGADE respectfully contends that Raul Alcantar now lacks the authority to act on behalf of Credican or to receive payment on account of any of its allowed claims because the authority of the Credican Administrators was revoked by virtue of FOGADE's appointment.

28. Mr. Alcantar has previously acknowledged to this Court in this matter that "FOGADE may eventually gain control over Credican's affairs (including the subject claims) but only if SUDEBAN orders Credican's liquidation [.]" *See* [ECF No. 43690, at page 2, ¶ 4]. As explained above, on May 19, 2014, SUDEBAN appointed FOGADE as liquidator of Credican. *See* Exhibit "B." Accordingly, FOGADE has now gained control over Credican's affairs and is therefore entitled to all distributions directed to Credican. Furthermore, FOGADE has appointed DRT as its agent.

---

[1]     Smith Rocke initially filed an appeal which was also dismissed with prejudice. The Second Circuit held that the appeal would be dismissed effective May 14, 2014 if the brief and any required appendix were not filed by that date. No brief was filed. *Smith Rocke Ltd., v. Republica Bolivariana de Venezuela, et al.*, 14-0654 (2d. Cir. Apr. 30, 2014).

29. The attorneys for the Debtors have advised FOGADE's attorneys that even though there has been no transfer of the claim itself and the parties have changed, the Debtors consider the restriction on the transfer of claims applicable to the change in the name of the agent for purposes of distributions on the Credican claims. The Debtors have also expressed concern over the competing claims asserted by Chadbourne & Parke and Mr. Alcantar.

***Only FOGADE Is Entitled To Receive Banco Canarias' and/or Credican's Distributions***

30. No other counsel represents FOGADE and it is the only institution entitled to receive payments on account of the liquidated institutions Credican and Banco Canarias. A true and correct copy of the original Spanish version and English translation of the Resolution of FOGADE, appointing DRT as its agent and empowering DRT to realize and collect on Credican's rights to the proceeds of the Lehman bonds is attached as Exhibit "C."

31. On February 14, 2014, the Debtor issued its Notice of Fifth Distribution Date and record Date in Connection with the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Fifth Distribution Notice") [ECF No. 42824]. Among other things, the Fifth Distribution Notice provided that the fifth distribution under the Debtors' plan was to be made on April 3, 2014. Given the dispute about the entitlement to these distributions, the Debtors have held this distribution in reserve. The sixth distribution under the Debtors' plan is due to occur on or about September 30, 2014. The Debtors have advised the attorneys for FOGADE that they will hold the distribution in reserve pending the entry of an order of the Court.

## Conclusion

32. Based upon the authority for DRT to act on behalf of FOGADE as liquidator of Banco Canarias and Credican and to receive the distributions to which Credican is entitled,

FOGADE respectfully requests this Court grant the motion and direct the Debtor and Plan Administrator to provide all distributions under the Debtors' Plan on behalf on account of Credican's claims 62726, 62722 and 64729 in the LBHI proceedings, and claim 90003945 in the LBI proceedings, to DRT's Trust Account as FOGADE requests.

33. FOGADE respectfully submits that the requirement of Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be filed in support of the Motion should be waived.

34. No previous request for the relief sought herein has been made to this Court by FOGADE or any other court since the previous motion related to this matter filed by Credican was voluntarily withdrawn without prejudice.

WHEREFORE, FOGADE as liquidator of Banco Canarias C.A. and Credican, C.A., by and through its undersigned attorneys, respectfully requests the entry of an order:

(i) recognizing that Diaz Reus & Targ, LLP is its attorneys and agent for purposes of all matters in this case, and directing the Debtors and Plan Administrator, as the case may be, to direct any future distributions due to Credican, C.A. on account of its allowed claims to payable to Diaz Reus & Targ, LLP Trust Account., instead of sending such distribution to Chadbourne & Parke, LLP, Raul Alcantar, or any other party or representative;

(ii) honoring its Notice of Change of Address for purposes of distributions and notices;

(iii) stating that its determination regarding the rightful payee on Credican's claims in the LBHI proceedings is applicable to the LBI proceedings as well; and

(iv) granting such other relief as may be just and proper under the circumstances.

## **NOTICE**

Notice of this Motion has been given to the Office of the United States Trustee, counsel for the Debtors, and parties that have requested service pursuant to Federal Rules of Bankruptcy Procedure 2002 in these chapter 11 cases and to Chadbourne and Parke LLP and to Raul Alcantar. Based on the foregoing, FOGADE respectfully submits that no further notice is needed.

Date : August 26, 2014
Miami, Florida

      /s/ Carlos F. Gonzalez
Carlos F. Gonzalez

DIAZ, REUS & TARG, LLP
100 S.E. 2nd Street
3400 Miami Tower
Miami, FL 33131
Telephone (305) 375-9220
Facsimile (305) 375-8050
cgonzalez@diazreus.com