373.264                                                                                                          Friday, November 27, 2009

## OFFICIAL GAZETTE OF THE BOLIVARIAN REPUBLIC OF VENEZUELA

### MINISTRY OF THE PEOPLE'S POWER FOR
### THE ECONOMY AND FINANCE

Superintendence of Banks and
Other Financial Institutions

[Illegible seals at margin]

**DECISION**

**DATE: November 27, 2009**                                                                      **NUMBER: 627.09**

Whereas Banco Canarias de Venezuela, Banco Universal, C.A., is a financial institution under the inspection, supervision, oversight, regulation and control of this Superintendence of Banks and Other Financial Institutions in accordance with provisions in the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions;

Whereas on November 19, 2009, pursuant to Decision No. 598.09, published in Official Gazette of the Bolivarian Republic of Venezuela No. 39.310, on even date, having heard the Banco Central de Venezuela favorable opinion issued by the Board in meeting No. 4,235 dated November 19, 2009 of this year, this Superintendence of Banks and Other Financial Institutions, for the purpose of preserving the interests of the Republic, the stability of the national financial system and the rights and interests of savings account holders, depositors, customers and creditors of the referenced Bank; pursuant to Article 235 paragraphs 5 and 15, in concurrence with Articles 387 and 392 of the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions, decided to intervene Banco Canarias de Venezuela, Banco Universal, C.A., without staying financial intermediation;

Whereas in accordance with the Report of the Board of Receivers appointed pursuant to Decision No. 598.09 dated November 19, 2009, Banco Canarias de Venezuela, Banco Universal, C.A., as of the closing of operations on November 27, 2009 reflects a gap between realizable assets and liabilities payable on demand; and that, additionally, considering total deposits and other financing reflects a significant gap, including holding large certificates of deposit in intervened banks; all of which has been evidenced by the constant follow-up this Superintendence has done;

Whereas this Superintendence of Banks and Other Financial Institutions, by virtue of the operational unviability of Banco Canarias de Venezuela, Banco Universal, C.A., considers there are technical, financial and legal reasons for applying the liquidation measure to Banco Canarias de Venezuela, Banco Universal, C.A. as set forth under Article 397 paragraph 3 of the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions; therefore, considers liquidation thereof is viable;

Whereas the Banco Central de Venezuela Board issued a favorable opinion in meeting No. 4.239 on November 27, 2009, this Body, in accordance with provisions in Article 255 paragraph 4, ejusdem, submitted [this] to the Board of Trustees for consideration, whose favorable opinion is documented in Minutes No. 0013-2009 on November 27 of this year.

This Superintendence of Banks and Other Financial Institutions, for the purpose of preserving the interests of the Republic and the stability of the national financial system in accordance with Article 235 paragraph 5, and Article 397 paragraph 3 of the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions:

**DECIDES**

1. To order the liquidation of Banco Canarias de Venezuela, Banco Universal, C.A.

2. To notify Banco Canarias de Venezuela, Banco Universal, C.A.

3. To notify *Fondo de Garantia de Depositos y Proteccion Bancaria* in accordance with provisions in Articles 400 and 401 in the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions, to exercise the duties attributed to liquidators and to establish the regulations whereby the liquidation must be done.

In accordance with Articles 451 and 456 of the Decree-Law on the Partial Reform of the General Law on Banks and Other Financial Institutions, an Appeal for Reconsideration may be filed on this decision before this Superintendence of Banks and Other Financial Institutions within ten (10) banking days following publication of this Decision in the Official Gazette of the Bolivarian Republic of Venezuela; or the Appeal for Nullification before any of the Administrative Law Courts within forty-five (45) days, subsequent to publication of this Decision in the Official Gazette of the Bolivarian Republic of Venezuela, or one whereby the Appeal for Reconsideration is decided, if imposed in accordance with Article 452, *ejusdem*.

Serve and Publish

/s/ Illegible            [Illegible seal]
Edgar Hernandez Behrens
Superintendent

## CERTIFICATE OF ACCURACY

I, **Esther Cecilia Crespo**, an interpreter certified by the Administrative Office of the United States Courts, for and on behalf of **Liaison Services, Inc.**, hereby certify that the foregoing translation from Spanish into English, attached hereto and consisting of   2   page(s), is a true and correct translation of the original document.

Esther Cecilia Crespo
Miami, Florida

# GACETA OFICIAL

## DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

AÑO CXXXVII    MES II      Caracas, viernes 27 de noviembre de 2009      Número 39.316

## SUMARIO

**Ministerio del Poder Popular para Relaciones Interiores y Justicia**
Resoluciones mediante las cuales se designa a los ciudadanos que en ellas se mencionan, para ocupar los cargos que en ellas se señalan.

**Ministerio del Poder Popular para Economía y Finanzas**
Resolución mediante la cual se ordena la liquidación del Banco Canarias de Venezuela, Banco Universal, C.A., en los términos que en ella se indica.

Resolución mediante la cual se acuerda la rehabilitación de Bolívar Banco, C.A. y se ordena el cese de intermediación financiera, en los términos que en ella se indica.

Resolución mediante la cual se ordena la liquidación del Banco Provivienda, C.A., Banco Universal (Banpro), en los términos que en ella se indica.

Resolución mediante la cual se acuerda la rehabilitación del Banco Confederado, S.A., y se ordena el cese de intermediación financiera, en los términos que en ella se indica.

Resolución por la cual se designa al ciudadano Ygnacio Lara Ceballos, como Director de Programación Financiera de la Oficina Nacional del Tesoro, adscrita a este Ministerio.

**CADIVI**
Providencia mediante la cual se establecen los requisitos, controles y trámites para la solicitud de autorización de adquisición de Divisas destinadas al pago de consumos en el extranjero.

**Superintendencia de Cajas de Ahorro**
Providencia mediante la cual se mantiene en pleno vigor la aplicación del artículo 34 de la Ley de Cajas de Ahorro, Fondos de Ahorro y Asociaciones de Ahorro Similares.

**Ministerio del Poder Popular para el Turismo**
**INATUR**
Providencia por la cual se designa a la ciudadana Betty Margarita Tovar Villamizar, Gerente de Capacitación y Formación de este Instituto, a partir del día 25 de julio de 2009.

**Ministerio del Poder Popular para la Agricultura y Tierras**
**INSOPESCA**
Providencias mediante las cuales se delega en los ciudadanos que en ellas se indican, la firma de los actos y documentos que en ellas se especifican.

**Ministerio del Poder Popular para la Salud**
Resolución por la cual se designa a la ciudadana Nelly del Valle Vázquez, como Directora (E) del Banco Municipal de Sangre, adscrita a la Dirección Estadal de Salud del Distrito Capital.

**Tribunal Supremo de Justicia**
Dirección Ejecutiva de la Magistratura
Resoluciones por las cuales se designa a los ciudadanos que en ellas se indican, para ocupar los cargos que en ellas se mencionan.

**Comisión de Funcionamiento y Reestructuración del Sistema Judicial**
Sentencia dictada por esta Comisión.- (Dra. Alexa Josefina Gamardo Rivero).

---

## MINISTERIO DEL PODER POPULAR PARA RELACIONES INTERIORES Y JUSTICIA

REPÚBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DEL PODER POPULAR PARA
RELACIONES INTERIORES Y JUSTICIA
DESPACHO DEL MINISTRO
199° y 150°

N° 564      Fecha 26 NOV. 2009

**RESOLUCIÓN**

El Ministro del Poder Popular para Relaciones Interiores y Justicia, designado según Decreto N° 6.398 de fecha 09 de septiembre de 2008, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 39.012 de fecha 09 de septiembre de 2008, en ejercicio de las atribuciones que le confiere lo dispuesto en los numerales 2, 13 y 19 del artículo 77 del Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Administración Pública; en concordancia con lo establecido en los artículos 5 numeral 2 y 20 numeral 9 de la Ley del Estatuto de la Función Pública y con lo previsto en los artículos 12 y 15 de la Ley de Registro Público y del Notariado, designa al ciudadano **Douglas Alexis Linares Veliz**, titular de la cédula de identidad N° V-10.056.797, **Registrador Interino del Municipio Pao Estado Cojedes**.

Comuníquese y Publíquese.
Por el Ejecutivo Nacional,

TARECK EL AISSAMI
MINISTRO DEL PODER POPULAR
PARA RELACIONES INTERIORES Y JUSTICIA

---

REPÚBLICA BOLIVARIANA DE VENEZUELA
MINISTERIO DEL PODER POPULAR PARA
RELACIONES INTERIORES Y JUSTICIA
DESPACHO DEL MINISTRO
199° y 150°

N° 565      Fecha 26 NOV. 2009

**RESOLUCIÓN**

El Ministro del Poder Popular para Relaciones Interiores y Justicia, designado según Decreto N° 6.398 de fecha 09 de septiembre de 2008, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 39.012 de fecha 09 de septiembre de 2008, en ejercicio de las atribuciones que le confiere lo dispuesto en los numerales 2, 13 y 19 del artículo 77 del Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Administración Pública; en concordancia con lo establecido en el artículo 5 numeral 2 y 20 numeral 9 de la Ley del Estatuto de la Función Pública y con lo previsto en los artículos 12 y 70 de la Ley de Registro Público y del Notariado, designa al ciudadano **LUIS FERNANDO TURMERO BARRIOS**, titular de la cédula de identidad N° V-587.978, como **NOTARIO PÚBLICO VIGÉSIMO SÉPTIMO DEL MUNICIPIO LIBERTADOR**.

Comuníquese y Publíquese.
Por el Ejecutivo Nacional,

TARECK EL AISSAMI
MINISTRO DEL PODER POPULAR
PARA RELACIONES INTERIORES Y JUSTICIA

# MINISTERIO DEL PODER POPULAR PARA ECONOMÍA Y FINANZAS

Superintendencia de Bancos y
Otras Instituciones Financieras

## RESOLUCIÓN

FECHA: 27 de Noviembre de 2009   NÚMERO: 627.09

Visto que el Banco Canarias de Venezuela, Banco Universal, C.A., es una institución financiera bajo la inspección, supervisión, vigilancia, regulación y control de esta Superintendencia de Bancos y Otras Instituciones Financieras de conformidad con lo previsto en el Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras.

Visto que el 19 de noviembre de 2009, mediante Resolución Nº 598.09, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela Nº 39.310, de esa misma fecha, oída la opinión favorable del Banco Central de Venezuela, emitida por su Directorio en sesión Nº 4.236 de fecha 19 de noviembre de 2009 y, del Consejo Superior, la cual consta en Acta Nº 0012-2009 del 19 de noviembre del presente año, esta Superintendencia de Bancos y Otras Instituciones Financieras, en aras de preservar los intereses de la República, la estabilidad del sistema financiero nacional y los derechos e intereses de los ahorristas, depositantes, clientes y acreedores del citado Banco; de conformidad con los numerales 5 y 15 del artículo 235 en concordancia con los artículos 387 y 392 del Decreto con Rango, Valor y Fuerza de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras; resolvió intervenir sin cese de intermediación financiera al Banco Canarias de Venezuela, Banco Universal, C.A.

Visto que de acuerdo con Informe de la Junta Interventora designada mediante Resolución Nro. 598.09 del 19 de noviembre de 2009, Banco Canarias de Venezuela, Banco Universal, C.A., al cierre de las operaciones del 27 de noviembre de 2009, registra un descalce entre los activos liquidables y pasivos exigibles, y que, adicionalmente, considerando el total captaciones y otros financiamientos presenta una brecha importante, incluido el mantenimiento de certificados de depósitos de grandes proporciones en bancos intervenidos; todo lo cual se ha evidenciado del seguimiento constante que ha efectuado esta Superintendencia.

Visto que esta Superintendencia de Bancos y Otras Instituciones Financieras, en virtud de la inviabilidad operativa de Banco Canarias de Venezuela, Banco Universal, C.A., considera que existen razones técnicas, financieras y legales para aplicar la medida de liquidación del Banco Canarias de Venezuela, Banco Universal, C.A., prevista en el numeral 3 del artículo 397 de Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras, por lo que estima viable la liquidación del mismo.

Vista la opinión favorable del Banco Central de Venezuela, emitida por su Directorio en sesión Nº 4.239 de fecha 27 de noviembre de 2009, este Organismo de conformidad con lo establecido en el numeral 4 del artículo 255 ejusdem, sometió a la consideración del Consejo Superior, cuya opinión favorable consta en Acta Nº 0013-2009 del 27 de noviembre del presente año.

Esta Superintendencia de Bancos y Otras Instituciones Financieras, en aras de preservar los intereses de la República, y la estabilidad del sistema financiero nacional; de conformidad con el numeral 5 del artículo 235, y el numeral 3 del artículo 397 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras;

### RESUELVE

1º Ordenar la Liquidación del Banco Canarias de Venezuela, Banco Universal, C.A.

2º Notificar al Banco Canarias de Venezuela, Banco Universal, C.A.

3º Notificar al Fondo de Garantía de Depósitos y Protección Bancaria, a los fines que de conformidad con lo previsto en los artículos 400 y 401 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras, ejerza las funciones atribuidas a los liquidadores y establezca las normas mediante las cuales deba procederse a la Liquidación.

Contra esta decisión de conformidad con los artículos 451 y 456 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras, podrá ejercerse el Recurso de Reconsideración ante esta Superintendencia de Bancos y Otras Instituciones Financieras, dentro de los diez (10) días hábiles bancarios siguientes a la publicación de la presente Resolución en la Gaceta Oficial de la República Bolivariana de Venezuela; o el Recurso de Anulación ante cualesquiera de las Cortes de lo Contencioso Administrativo, dentro de los cuarenta y cinco (45) días siguientes a la publicación de la presente Resolución en la Gaceta Oficial de la República Bolivariana de Venezuela, o de aquella mediante la cual se resuelva el Recurso de Reconsideración, si éste fuera interpuesto, de acuerdo con el artículo 452 ejusdem.

Comuníquese y Publíquese

[firma]

Edgar Hernández Behrens
Superintendente

---

Superintendencia de Bancos y
Otras Instituciones Financieras

## RESOLUCIÓN

FECHA: 27 de Noviembre de 2009   NÚMERO: 628.09

Visto que bolívar Banco, C.A., es una institución financiera bajo la inspección, supervisión, vigilancia, regulación y control de esta Superintendencia de Bancos y Otras Instituciones Financieras de conformidad con lo previsto en el Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras.

Visto que 19 de noviembre de 2009, mediante Resolución Nº 596.09, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela Nº 39.310 de esa misma fecha, oída la opinión favorable del Banco Central de Venezuela, emitida por su Directorio en sesión Nº 4.236 de fecha 19 de noviembre de 2009 y del Consejo Superior, la cual consta en Acta Nº 0012-2009 del 19 de noviembre del presente año, esta Superintendencia de Bancos, en aras de preservar los intereses de la República, la estabilidad del sistema financiero nacional y los derechos e intereses de los ahorristas, depositantes, clientes y acreedores del citado Banco; de conformidad con los numerales 5 y 15 del artículo 235 en concordancia con los artículos 387 y 392 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras, resolvió intervenir sin cese de intermediación financiera a bolívar Banco, C.A.

Visto que en fecha 27 de noviembre de 2009, con ocasión a las facultades conferidas en el artículo 392 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Financieras, y con el objeto de dar cumplimiento a los fines de la medida de intervención impuesta mediante la Resolución antes identificada, los Interventores de conformidad con lo dispuesto en el primer aparte del artículo 395 ejusdem, presentaron ante esta Superintendencia de Bancos y Otras Instituciones Financieras el plan de rehabilitación del que será sujeto bolívar Banco, C.A., el cual incluye entre otras acciones la reposición de las pérdidas existentes, el ajuste del capital social, las reformas estatutarias que fueran pertinentes, el traspaso accionario a accionistas que sean calificados por esta Superintendencia y la recuperación de la cartera de créditos, en aras de darle continuidad a la actividad financiera de la Institución, el cual se da aquí por reproducido.

Visto que esta Superintendencia de Bancos y Otras Instituciones Financieras en virtud de la facultad legalmente establecida de acordar la rehabilitación de bancos, entidades de ahorro y préstamo y otras instituciones financieras, cuyo objeto es la superación de situaciones de dificultad patrimonial y la preservación de la confianza del público en el sistema bancario nacional, consideró viable los planteamientos señalados por los interventores y solicitó la opinión por parte del Ente Emisor, de conformidad con lo establecido en el primer aparte del artículo 235 del citado Decreto Ley.

Vista la opinión favorable del Banco Central de Venezuela, emitida por su Directorio en sesión Nº 4.239 de fecha 27 de noviembre de 2009 y, del Consejo Superior, la cual consta en Acta Nº 013-2009 del 27 de noviembre del presente año.

Esta Superintendencia de Bancos y Otras Instituciones Financieras, en aras de preservar los intereses de la República, la estabilidad del sistema financiero nacional y los derechos e intereses de los ahorristas, depositantes, clientes y acreedores del citado Banco; de conformidad con el numeral 5 del artículo 235 en concordancia con el artículo 395 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras;

### RESUELVE

1º Acordar la rehabilitación de bolívar Banco, C.A., y en atención a ello y en aras de proteger los intereses del público en general, se ordena el cese de intermediación financiera.

2º La ejecución del plan de rehabilitación, se deberá realizar en término perentorio, conforme lo previsto en el Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras.

Contra esta decisión de conformidad con los artículos 451 y 456 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial de la Ley General de Bancos y Otras Instituciones Financieras, podrá ejercerse el Recurso de Reconsideración ante esta Superintendencia de Bancos y Otras Instituciones Financieras, dentro de los diez (10) días hábiles bancarios siguientes a la publicación de la presente Resolución en la Gaceta Oficial de la República Bolivariana de Venezuela; o el Recurso de Anulación ante cualesquiera de las Cortes de lo Contencioso Administrativo, dentro de los cuarenta y cinco (45) días siguientes a la publicación de la presente Resolución en la Gaceta Oficial de la República Bolivariana de Venezuela, o de aquella mediante la cual se resuelva el Recurso de Reconsideración, si éste fuera interpuesto, de acuerdo con el artículo 452 ejusdem.

Comuníquese y Publíquese

[firma]

Edgar Hernández Behrens
Superintendente

# GACETA OFICIAL
## DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

DEPÓSITO LEGAL: ppo 187207DF1

AÑO CXXXVII — MES II     Número 39.316
Caracas, viernes 27 de noviembre de 2009

*Esquina Urapal, edificio Dimase, La Candelaria*
*Caracas - Venezuela*
Tarifa sujeta a publicación de fecha 14 de noviembre de 2003
en la Gaceta Oficial N° 37.818
www.minci.gob.ve

Esta Gaceta contiene 16 Págs. costo equivalente a 6,85 % valor Unidad Tributaria

**LEY DE PUBLICACIONES OFICIALES**
(22 DE JULIO DE 1941)

*Artículo 11.* La GACETA OFICIAL, creada por Decreto Ejecutivo del 11 de octubre de 1872, continuará editándose en la Imprenta Nacional con la denominación GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA.
*Artículo 12.* La GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA se publicará todos los días hábiles, sin perjuicio de que se editen números extraordinarios siempre que fuere necesario; y deberán insertarse en ella sin retardo los actos oficiales que hayan de publicarse.
*Parágrafo único.* Las ediciones extraordinarias de la GACETA OFICIAL tendrán una numeración especial.
*Artículo 13.* En la GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA se publicarán los actos de los Poderes Públicos que deberán insertarse y aquellos cuya inclusión sea conveniente por el Ejecutivo Nacional.
*Artículo 14.* Las leyes, decretos y demás actos oficiales tendrán carácter de públicos por el hecho de aparecer en la GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA, cuyos ejemplares tendrán fuerza de documentos públicos.

---

El SERVICIO AUTÓNOMO IMPRENTA NACIONAL Y GACETA OFICIAL de la República Bolivariana de Venezuela advierte que esta publicación se procesa por reproducción fotomecánica directa de los originales que recibe del Consejo de Ministros, en consecuencia esta Institución no es responsable de los contenidos publicados.

---

procedimiento en ese sentido, por cuanto su actuación configuró la falta disciplinaria prevista en el numeral 7 del artículo 38 de la Ley de Carrera Judicial, que contempla la sanción de amonestación, al incurrir en retraso injustificado en la tramitación de la causa N° BP01-V-2005-000001. Así se declara.

### DECISIÓN

Por las razones expuestas, esta Comisión de Funcionamiento y Reestructuración del Sistema Judicial, administrando justicia en nombre de la República Bolivariana de Venezuela por autoridad de ley, AMONESTA a la ciudadana ALEXA JOSEFINA GAMARDO RIVERO, titular de la cédula de identidad N° 5.078.248, por actuaciones durante su desempeño como Jueza del Juzgado Segundo de Primera Instancia en Funciones de Juicio del Circuito Judicial Penal del estado Anzoátegui, al incurrir en las faltas disciplinarias contenidas en los artículos 37, numeral 10 de la Ley Orgánica del Consejo de la Judicatura y 38, numeral 7 de la Ley de Carrera Judicial.

Contra la presente decisión podrá ejercerse recurso de reconsideración dentro de los quince (15) días hábiles siguientes a su publicación, o recurso contencioso de anulación ante la Sala Político Administrativa del Tribunal Supremo de Justicia dentro de los treinta (30) días continuos siguientes a su publicación.

Publíquese en Gaceta Oficial de la República Bolivariana de Venezuela.

Remítase copia certificada de presente decisión a la Dirección General de Recursos Humanos de la Dirección Ejecutiva de la Magistratura.

Dada, firmada y sellada en la Comisión de Funcionamiento y Reestructuración del Sistema Judicial. En Caracas a los (veintitrés —) días del mes de noviembre de dos mil nueve (2009). Años 199° de la Independencia y 150° de la Federación.

Comisionadas,

GARCÍA DE NICHOLLS
Presidenta

BELKIS USECHE DE FERNÁNDEZ         FLOR VIOLETA MONTELL ARAB
Ponente

EURIDYS LISETH HERNÁNDEZ URRIBARRÍ
Secretaria

Siendo la (Doce y Treinta pm) 23 de Noviembre de 2009 se publicó la anterior decisión la cual queda registrada bajo el N° 127-2009