Hearing Date and Time: October 7, 2014,  at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 30, 2014, at 4:00 p.m. (Prevailing Eastern Time)

Gary Gwilliam (Bar No. 33430)
Randall E. Strauss (Bar No. 168363)
**GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER**
1999 Harrison Street, Suite 1600
Oakland, California 94612-3528
Telephone:  (510) 832-5411
Fax:  (925) 820-0335
Email:  GGwilliam@giccb.com, rstrauss@giccb.com

Mark S. Bostick (Bar No. 111241)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone:  (510) 834-6600
Fax:  (510) 834-1928
Email:  mbostick@wendel.com

Attorneys for Claimants, Sylvia Vega-Sutfin, Michelle Seymour, Cheryl McNeil, Linda Howard-James, Isabel Guajardo and Denise Colombo

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC)<br><br>(Jointly Administered) |

**SUPPLEMENT TO MOTION FOR RELIEF FROM STAY
AND INJUNCTION PROVIDED UNDER PLAN**

TO:    THE HONORABLE SHELLY C. CHAPMAN, UNITED STATES BANKRUPTCY JUDGE:

Claimants, Sylvia Vega-Sutfin, Michelle Seymour, Cheryl McNeil, Linda (Weeks) Howard-James, Isabel Guadjardo and Coleen Denise Colombo (collectively, "Claimants"), holders of Claims Nos. 5222, 5223, 5224, 5225, 5226 and 5227, respectively, (collectively the "Claims"),

hereby submit this Supplement to their Motion for Relief from Stay, and from the Stay in Paragraph 13.7 of the Debtors' Modified Third Amended Joint Chapter 11 Plan of Reorganization ("Plan"). In support of this Supplement, Claimants submit the Supplemental Declaration of J. Gary Gwilliam ("Supp. Gwilliam Declaration") attached to this Motion and respectfully represent as follows:

## Preliminary Statement

1. On June 24, 2014, Claimants filed their original Motion for Relief from Stay And Injunction Provided Under Plan ("Motion") (Docket No. 44848) following an unsuccessful mediation on May 5, 2014.[1] The hearing on the original Motion was set for July 16, 2014. Following the filing of the Motion, the Debtors requested that the Motion be continued so that the parties could attend a second mediation session. Supp. Gwilliam Declaration, ¶2.

2. Thereafter, on July 9, 2014, Claimants filed a Notice of Adjournment of Motion for Relief from Stay and Injunction Provided Under Plan (Docket No. 45080), continuing the hearing on the Motion to September 9, 2014. Supp. Gwilliam Declaration, ¶2.

3. Claimants and the Debtors attended a second mediation on August 13, 2014; unfortunately the mediation was unsuccessful. Supp. Gwilliam Declaration, ¶3.

4. On August 25, 2014, the Court entered a Memorandum Endorsed Order Granting Adjournment Request (Docket No. 46163), continuing the hearing on the Motion to October 7, 2014. Supp. Gwilliam Declaration, ¶4.

5. Following the mediation it has been confirmed that there is Liability Insurance. However it is clear that there is, and always was, Liability Insurance available for all these Claimants' Claims. Supp. Gwilliam Declaration, ¶5. Counsel for the Claimants personally

---

[1] The defined terms herein have the same meaning as used in the original Motion unless otherwise defined.

003336.0013\3663720.6                     2

reviewed the Liability Insurance policy last year to verify there is coverage for Claimants' Claims. Id. The Action was originally defended by attorneys agreed upon by the Insurance Carrier, and, in fact, the Debtors were represented by insurance counsel at the first failed mediation session in May 2014, and that counsel already has all of the information about the pending Action. Therefore we assume she had consent of the carrier to represent their interests. Supp. Gwilliam Declaration, ¶7.

## Relief Requested

6.    The court should be aware that the reason Claimants didn't request that the insurance carrier be present at the mediation was because counsel for the Debtor represented to us that we would be paid "100 cents on the dollar" in the summer of 2013. However they reneged on that promise at the second mediation. Although we believe there is enough money in the BNC account, we had to request the presence of the Insurance Company at our negotiations because of the defense attorneys new position regarding the availability of the bankruptcy proceeds. Supp. Gwilliam Declaration, ¶8

7.    In the original Motion, Claimants requested an order for relief from the automatic stay provided by 11 U.S.C. § 362(a), for "cause" pursuant to 11 U.S.C. § 362(d)(1), as well as relief from the stay provided by Section 13.7 of the Plan, and the stays provided by the Claims Procedure Order, and the ADR Notice, to permit the Claimants to liquidate their Claims in the Action to judgment in the Sacramento Superior Court. Claimants' request for relief remains the same.

## The Basis for Relief

8.    In the their original Motion, Claimants sought relief under Section 362(d)(1) which provides that the court shall grant relief from the stay provided under Section 362(a), on the

request of a party in interest, after notice and a hearing, for "cause." In their Motion, Claimants focused on the Second Circuit's twelve factors set forth in *In re Ice Cream Liquidation*, Inc., 281 B.R. 154, 165 (Bankr. D. Conn. 2002), and *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285-1286 (2d Cir. 1990), in determining whether "cause" exists to permit pending litigation to proceed in a non-bankruptcy forum. Of the twelve factors set forth in Claimants' Motion, Claimants did not address factor number 5, whether the Debtors' insurance carrier has assumed full responsibility for defending it.

9. As set forth in the Supp. Gwilliam Declaration, in connection with the first unsuccessful mediation, and on August 21, 2014, Claimants confirmed that the Debtors have available Liability Insurance. .

10. For all of the reasons set forth in the Motion, relief from stay to continue the Action in the Sacramento Superior Court should be granted because:

- Granting relief will result in complete resolution of all of Claimants' Claims, which are personal injury tort claims, and which include non-debtor defendants over which the bankruptcy court has no jurisdiction

- Liquidation of the Claims in the Action in the Sacramento Superior Court will not interfere with the bankruptcy case, because the Debtors have confirmed a Plan, and because Claimants are not seeking to enforce any judgment entered in the Action.

- All the Claims are governed by California State law, and the specialized bankruptcy tribunal is unnecessary to resolve the Claims.

- Claimants believe the Debtors' insurance carrier will assumed full responsibility for defending the Debtors in the Action. Claimants believe the insurance carrier represented the Debtors in the Action pre-bankruptcy. It was apparent, from counsel's brief at the first failed mediation in May 2014, that the defense counsel who appeared on the Debtors' behalf already had full knowledge of the Action and that they are fully prepared to defend, so there can be no prejudice to granting relief to liquidate the Claims in the Action in the Sacramento Superior Court.

- The interests of the other creditors will not be prejudiced because Claimants only seek to liquidate their Claims and do not seek to enforce any judgment.

        Claimants will be paid just as any other general unsecured creditor in the bankruptcy case. Moreover, since insurance coverage is available, the costs of defense may not be borne by the Estate.

- The interests of judicial economy and expeditious and economical resolution of litigation require relief be granted so that all of Claimants' Claims against the Debtors and the non-debtor defendants (over which this Court has no jurisdiction) can be resolved at one time. The Court is precluded from conducting a jury trial in this matter and granting relief allows the Claimants to preserve their jury trial right.

- Impact of the stay and the balance of the harms weigh in favor of granting relief to the Claimants. Traveling to New York for an extended trial would be a severe hardship for the Claimants, and all the trial counsel, key evidence and witnesses in the Action are (or were) located in Northern California. The relative financial burden of conducting a trial in Sacramento Superior Court is de minimis to the Debtors as opposed to the Claimants.

11. On balance, the foregoing factors point toward granting Claimants' relief from the automatic stay to liquidate their Claims to judgment in the Action in the Sacramento Superior Court.

WHEREFORE, for the reasons stated, Claimants respectfully request that the Court grant the Claimants relief from stay pursuant to Bankruptcy Code § 362(d)(1) permitting them to liquidate their Claims to judgment in the Action in the Sacramento Superior Court; and granting relief from the Injunction or Stay of Section 13.7 of the Plan and the ADR Notice; and granting the relief necessary from the Claims Procedures Order to permit the relief requested herein and such other and further relief as the Court deems appropriate.

| | |
|---|---|
| DATED August 28, 2014 | GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER |
| | By: /s/ *Gary Gwilliam* |
| | Gary Gwilliam<br>Attorneys for Claimants, Sylvia Vega-Sutfin, Michelle Seymour, Cheryl McNeil, Linda Howard-James, Isabel Guajardo and Denise Colombo |
| DATED: August 28, 2014 | WENDEL, ROSEN, BLACK & DEAN LLP |
| | By: /s/ *Mark S. Bostick* |
| | Mark S. Bostick<br>Attorneys for Claimants, Sylvia Vega-Sutfin, Michelle Seymour, Cheryl McNeil, Linda Howard-James, Isabel Guajardo and Denise Colombo |