Hearing Date and Time: October 7, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 30, 2014 at 4:00 p.m. (Prevailing Eastern Time)

Gary Gwilliam (Bar No. 33430)
Randall E. Strauss (Bar No. 168363)
**GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER**
1999 Harrison Street, Suite 1600
Oakland, California 94612-3528
Telephone:  (510) 832-5411
Fax:  (925) 820-0335
Email: GGwilliam@giccb.com, rstrauss@giccb.com

Mark S. Bostick (Bar No. 111241)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone:  (510) 834-6600
Fax:  (510) 834-1928
Email:  mbostick@wendel.com

Attorneys for Claimants, Sylvia Vega-Sutfin, Michelle Seymour,
Cheryl McNeil, Linda Howard-James, Isabel Guajardo and
Denise Colombo

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC)<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF J. GARY GWILLIAM
IN SUPPORT OF MOTION FOR RELIEF FROM STAY
<u>AND INJUNCTION PROVIDED UNDER PLAN</u>**

003336.0013\3663801.5

I, J. Gary Gwilliam, declare as follows:

1. I am over the age of eighteen, and if called, could testify competently as to the contents of this Declaration. I am a partner with Gwilliam, Ivary, Chiosso, Cavalli & Brewer, and lead counsel for Claimants, Coleen Colombo, Isabel Guajardo, Linda (Weeks) Howard-James, Cheryl McNeil, Michelle Seymour and Sylvia Vega-Sutfin (collectively, "Claimants"). I make this Declaration in support of Claimants' Supplement to Motion for Relief from Stay.[1]

2. On June 24, 2014, Claimants filed their original Motion for Relief from Stay And Injunction Provided Under Plan ("Motion")(Docket No. 44848) following an unsuccessful mediation on May 5, 2014. The hearing on the original Motion was set for July 16, 2014. Following the filing of the Motion, the Debtors requested that the Motion be continued so that the parties could attend a second mediation session.

3. We agreed to postpone the hearing to September 9, 2014, and a second mediation was held on August 13, 2014 in San Francisco before the same mediator who presided over the first one in May, 2014. The second mediation was also unsuccessful.

4. On August 25, 2014, the Court entered a Memorandum Endorsed Order Granting Adjournment Request (Docket No. 46163), continuing the hearing on the Motion to October 7, 2014.

5. It has now become clear that there is, and always was, Liability Insurance available for all these Claims. I have personally reviewed the Insurance Policy to verify that there is coverage for these Claims.

6. As counsel for the Claimants, we received the Insurance Policy from the attorneys at Weil Gotshal in November of 2012, after we signed a confidentiality agreement at their

---

[1] All of the defined terms have the same meaning as the set for the Motion for Relief from Stay and Injunction Provided Under Plan (Docket No. 44848).

request. Additionally, I discussed the insurance coverage with Larry Baer of Weil Gotshal in the summer of 2013, after we were first contacted about settlement. So it is clear that counsel for the Debtors have always known there was insurance coverage in the Action.

7. I spoke with Robert Schwarts of Orrick, Herrington & Sutcliff on August 19, 2014. Mr. Schwarts was the attorney originally defending the Action pre-bankruptcy filing. He told me that he would not be the defense attorney when the Action is returned to the Sacramento Superior Court since the Insurance Carrier had retained new defense counsel. New counsel is apparently Lisa Bertain of Kesal, Young and Logan, P.C., who appeared at the first mediation on May 5, 2014, and had all of the information about the Sacramento Litigation. We believe the Insurance Company should be aware of her retention.

8. Although I have known there was insurance coverage available since the summer of 2013, I also know there is a $5,000,000 00 self retention on the policy. I don't know how much of that retention has been used up with litigation expenses, including attorneys' fees, to date. However, I did not believe this was importation to the resolution of cases since I was told we would be paid "100 cents on the dollar" by defense counsel. Our own evaluation of the money available from BNC also confirmed this. However, the defense attorneys disputed this at the second mediation on May 13, 2014 and the issue of the Insurance Coverage now appears to be important to the resolution of the case.

9. Claimants believe the best way to resolve these Claims is to grant the Motion to lift the stay and send the Action back to the Sacramento Superior Court. The Insurance Company will have to defend the Action, and hopefully, the parties can engage in further meaningful settlement negations either with or without the mediator.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 28th day of August, 2014, at Oakland, California.

/s/ J. Gary Gwilliam
J. Gary Gwilliam
