CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
Jennifer C. DeMarco
Adam Lesman

*Counsel to Halewood Company Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re | : |
| | :     Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : |
| | :     Case No. 08-13555 (SCC) |
| Debtors. | : |
| | : |
| | :     (Jointly Administered) |

---------------------------------------------------------------x

**RESPONSE OF HALEWOOD COMPANY LIMITED TO THE**
**PLAN ADMINISTRATOR'S FOUR HUNDRED SEVENTY-SEVENTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Halewood Company Limited ("Halewood"), by and through its undersigned counsel,

respectfully submits this response (the "Response") to the Four Hundred Seventy-Seventh

Omnibus Objection to Claims (No Liability Claims) [Docket No. 45446], dated July 30, 2014

(the "Objection"), filed by Lehman Brothers Holdings Inc., as Plan Administrator (the "Plan

Administrator"), and in support thereof respectfully states as follows:

**PRELIMINARY STATEMENT AND BACKGROUND**

1.       Halewood timely filed a proof of claim against Lehman Brothers Holdings Inc.

("LBHI") on account of its guarantee of the obligations of Lehman Brothers Finance AG (in

Liquidation), also known as Lehman Brothers Finance SA (*en liquidation)* ("LBF"), a foreign

affiliate of LBHI that is not a debtor in these jointly administered chapter 11 cases, in connection with transactions entered into by the parties that are subject to a form 1992 ISDA Master Agreement.  The Objection interposed by the Plan Administrator is insufficient to overcome the *prima facie* validity of Halewood's properly filed Claim (as defined below).  In order to properly shift the burden back to Halewood, the Plan Administrator is required to adduce evidence of equal or greater probative force than that put forth by Halewood.  The cursory assertion that "[t]he Plan Administrator has determined that, based on the fair, accurate, and reasonable values of [Halewood's] Derivatives Contract and the netting provisions thereunder, LBF and, therefore, LBHI do not owe any amounts to [Halewood]" is plainly insufficient.  Objection at ¶ 10.

2.       On May 28, 2008, Halewood and LBF entered into certain swap transactions that are subject to the form 1992 ISDA Master Agreement and form Credit Support Annex (English law) (the "Transactions").[1]

3.       LBHI was designated as a Credit Support Provider in relation to LBF.  LBHI guaranteed the obligations of LBF pursuant to that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., dated June 9, 2005 (the "Guarantee").

4.       In connection with the Transactions, Halewood transferred collateral (the "Collateral")[2] to LBF to secure its obligations that may have been incurred in connection with the Transactions entered into between the parties, and LBF continues to hold such Collateral.

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings ascribed in the form 1992 ISDA Master Agreement.

[2]      The Collateral consisted of cash in the sum of $2,405,909.58 and six equity-linked notes (ELNs) issued by Lehman Brothers Treasury Co BV.

5.      On September 15, 2008, LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Southern District of New York.

6.      On October 29, 2008, the Swiss Federal Banking Commission (the "SFBC") (now the Swiss Financial Market Supervisory Authority) ordered the solvent liquidation of LBF.  On December 19, 2008 a bankruptcy order was entered which took effect on December 22, 2008, pursuant to which the SFBC ordered the opening of bankruptcy proceedings for LBF (the "LBF Proceedings").

7.      The commencement of the chapter 11 case of LBHI constituted an Event of Default under Section 5(a)(vii) of the ISDA Master Agreement, and as a result, LBF became the Defaulting Party.  Although upon the occurrence of an Event of Default, the Non-Defaulting Party (Halewood) has the option to terminate all Transactions, Halewood has not terminated any of the Transactions as of the date hereof.  *See* ISDA Master Agreement § 6(a).

8.      LBF continues to hold the Collateral deposited with LBF, which consists of cash ($2,405,909.58) and the unliquidated value of the ELNs.

9.      Pursuant to the Bar Date Order,[3] on September 21, 2009, Halewood timely filed proof of claim number 21956 against LBHI (the "Claim") in an unliquidated amount, which includes the amount of the cash Collateral ($2,405,909.58) and the unliquidated value of the ELNs, and all other amounts as may be due and owing to Halewood in connection with the Transactions (including without limitation, legal fees) on account of the Guarantee.  On October

---

[3]    On July 2, 2009, the Bankruptcy Court entered the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

22, 2009, Halewood submitted a derivative questionnaire and supporting documentation with respect to the Claim pursuant to the Bar Date Order.[4]

## ARGUMENT

10.     As noted at the outset, the Plan Administrator seeks to disallow the Claim in its entirety with such disallowance being based on no more than a generic statement that "[t]he Plan Administrator has determined that, based on the fair, accurate, and reasonable values of [Halewood's] Derivatives Contract and the netting provisions thereunder, LBF and, therefore, LBHI do not owe any amounts to [Halewood]."[5]  Objection ¶ 10.  This determination is premised on the Plan Administrator's generic assertion that it has reviewed the claims, documentation provided in support thereof, LBHI's books and records, and "other available information."  The Objection does not contain any further detail or explanation and fails on its face to identify *any* basis to support an objection to the Claim.  To the extent that the Objection rests upon the foregoing to shift the burden back to the claimant, it fails.

### A.    Applicable Legal Standard

11.     A properly filed proof of claim is deemed allowed unless a party in interest objects.  11 U.S.C. §502(a).  Section 502(b) of the Bankruptcy Code provides, in pertinent part, that if an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of the claim and shall allow the claim in such amount except to the extent that one of the

---

[4]    In accordance with the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors, dated as of April 19, 2010, all of the information and documentation submitted by Halewood in connection with the Claim and questionnaire are part of the record and incorporated herein.  Halewood is not required to submit them in connection with this Response.

[5]    The Objection s sets forth a generic statement regarding the "multi-step process" used by the Plan Administrator to review claims based on derivative contracts without any specific detail as to the process or the specific Claim at issue.  *See* Objection, fn. 1.

exceptions enumerated in section 502(d) applies.  U.S.C. §502(b); *In re Rockefeller Center Properties*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim.  Fed R. Bankr. P. 3001(f).

12.      Following the establishment of a claim's *prima facie* validity, the burden shifts to the objector to show "sufficient evidence" to negate such *prima facie* validity.  *In re Adelphia Comm's Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 *15 (Bankr. S.D.N.Y., Feb. 20, 2007); *J.P. Morgan Sec's., Inc. v. Spiegel Creditor Trust (In re Spiegel, Inc.)*, Case Nos. 03-11540 (BRL), 06-CV-13477 (CM), 2007 WL 2456626 at * 15 n.6 (S.D.N.Y. Aug. 22, 2007).  Such "sufficient evidence" must be of equal or greater probative force to that of the proof of claim which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (*internal quotations omitted*) (quoting *In re Allegheny Intern., Inc.* 954 F.2d 167, 173-174 (3d Cir. 1992) quoting *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991)); *In re Spiegel, Inc.*, 2007 WL 2456626 at *15; *In re DJK Residential LLC*, 416 B.R. 100, 105 (Bankr. S.D.N.Y. 2009) (evidence must be of equal force).  "Mere objections" do not constitute "sufficient evidence" and are insufficient to refute a claimant's *prima facie* evidence.  *See Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at *3-4 (S.D.N.Y. Mar. 31, 1999) ("The case law is clear.  To prevail, the objector must affirmatively *produce* evidence to counter the creditor's claim."); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) (testimonial evidence was sufficient to shift the burden back to the claimant to prove the validity of its claim).

13.      Only when the objector meets its burden and puts forth such "sufficient evidence" does the burden shift back to the claimant and the claimant "is required to meet the usual burden

of proof to establish the validity of the claim." *In re Adelphia Comm's Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 *15-16; *In re Oneida Ltd.*, 400 B.R. at 389.

**B.     The Plan Administrator Has Not Put Forth Evidence to Rebut the Claim**

14.     In order to satisfy its burden, the Plan Administrator must put forth sufficient evidence to demonstrate that the Claim should be disallowed.  The Plan Administrator has not put forth any "evidence" to rebut the *prima facie* validity of the Claim.  Instead, the Objection summarily asserts that the Plan Administrator "has determined" based on its review of materials that "LBF, and therefore LBHI, do not owe any amounts" to Halewood.  Objection at ¶ 10.

15.     The Plan Administrator's statements are conclusory and amount to, at best, mere assertions.  *See*, *Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at *3-4 (S.D.N.Y. Mar. 31, 1999) ("mere objections" do not constitute "sufficient evidence" and are insufficient to refute a claimant's *prima facie* evidence).

16.     Halewood asserted a guarantee claim against LBHI for the value of the Collateral. The Plan Administrator has not put forth any evidence in support of its Objection including as to why Halewood would not be entitled to a claim for the value of its Collateral or why the amounts asserted in the Claim evidencing the value of the Collateral are incorrect.

17.     The Plan Administrator has not met its initial burden of refuting the amounts set forth in the Claim and, accordingly, has not shifted the burden of proving the Claim to Halewood.  It remains the Plan Administrator's burden to produce "sufficient evidence" that the Claim should be disallowed.  Accordingly, the Objection should be denied on this ground.

**C.**        **Reservation of Rights**

18.        Halewood reserves the right to file a supplemental and/or amended response to the Objection, shall it deem it necessary to do so.  To the extent that an evidentiary hearing is needed to adjudicate the merits of the Claim, Halewood reserves the right to request a full evidentiary hearing pursuant to Rule 9014(e) of the Bankruptcy Rules and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the basis for, the calculation methodology, and the amount of the Claim.

**CONCLUSION**

WHEREFORE, for the reasons set forth above, Halewood respectfully requests that the Court (i) overrule the Objection as it pertains to the Claim, and (ii) grant such further relief as the Court deems just.

Dated:  New York, New York
            August 29, 2014

Respectfully submitted,

CLIFFORD CHANCE US LLP

By: _/s/ Jennifer C. DeMarco_
Jennifer C. DeMarco
Adam Lesman

31 West 52nd Street
New York, NY 10019
Tel:  (212) 878-8000
Fax:  (212) 878-8375

_Counsel to Halewood Company Limited_