**Hearing Date and Time:  September 9, 2014 at 10:00 a.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**REPLY TO CLAIMANTS ASSERTING CLAIMS**
**AGAINST LEHMAN BROTHERS HOLDINGS INC. WITH**
**CORRESPONDING ALLOWED CLAIMS AGAINST LEHMAN BROTHERS INC.**
**(CLAIM NOS. 460, 7258, 10365, 13125, 13126, 13127, 14399, 14400 & 67020)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

          Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator pursuant to the

*Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its*

*Affiliated Debtors* (the "Plan") [ECF No. 22737], files this reply to certain responses to the

Debtors' Forty First Omnibus Objection to Claims [ECF No. 11306], One Hundred Seventeenth

Omnibus Objection to Claims (the "117th Objection") [ECF No. 15363], and the One Hundred

Seventy-Seventh Omnibus Objection to Claims [ECF No. 19393], (collectively the

"Objections"), and respectfully represents as follows:

## Preliminary Statement

1.        LBHI seeks to disallow proof of claim numbers 460, 7258, 10365, 13125, 13126, 13127, 14399, 14400 and 67020 filed against LBHI (the "Claims") because they are duplicative of claims that have been allowed against Lehman Brothers Inc. ("LBI"), a subsidiary of LBHI that is the subject of a separate liquidation proceeding administered by the Court under the Securities Investor Protection Act of 1970, as amended ("SIPA").[1]  Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the Claims.

## Factual Background

2.        On September 15, 2008 and periodically thereafter, LBHI and certain of its affiliates commenced with this Court voluntary cases under the Bankruptcy Code (the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3.        On September 19, 2008, the United States District Court for the Southern District of New York entered an order commencing the liquidation of LBI pursuant to SIPA.  A trustee appointed under SIPA is administering LBI's estate.

4.        The Claims assert liability in connection with unpaid severance payments, wages, vacation pay, and expenses.  The factual bases underlying both the Claims and the corresponding duplicative claims filed against LBI (the "LBI Claims") are, accordingly, the same.  The Bankruptcy Court has allowed the LBI Claims pursuant to certain orders.[2]  Neither the Claims nor the responses that claimants filed to the Objections, however, provide a legal

---

[1] A table indicating the objections to which each Claim is subject and the claimants' corresponding response is attached hereto as Exhibit A.

[2] See Case No. 08-01420, ECF Nos. 9273, 9520, and 9628

WEIL:\95071621\4\58399.0011

justification for holding LBHI liable on account of the Claims in light of the fact that LBI has allowed each of the LBI Claims.

5.     As this court has clearly recognized, LBHI and LBI are distinct legal entities that are currently the subject of independently administered proceedings before this Court.  The liabilities of LBI are not, without more, imputed on to LBHI.  In fact, the Court held a hearing to address certain claims that were subject to the 117th Objection, which were brought by LBI employees asserting liability against LBHI on the grounds that employees of LBI can assert compensation claims against LBHI based on a generalized alter ego theory.  Nov. 22, 2013 Hr'g Tr. at 66:1-2 [ECF No. 31343] (hereinafter the "<u>November Transcript</u>").  In disallowing certain of those claims, the Court stated that the LBHI and LBI "estates are distinct and will always remain so.  The employees of LBI have whatever rights they have in that proceeding. They have no rights in the LBHI case unless, of course, they have other grounds to assert claims other than their status as LBI employees."  Nov. Tr. at 98: 6-19.

<b>Absent a Legal Basis, Claimants May Not<br><u>Recover on the Same Claim Against Two Entities</u></b>

6.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

7.     It is axiomatic that "affiliated corporations are, as a rule, treated separately and independently so that one will not be held liable for the contractual obligations of [an]other…." *Krys v. Aaron* (*In re Refco Inc. Sec. Litig.*), 826 F. Supp. 2d 478, 495 (S.D.N.Y. 2010) (quoting *Sheridan Broad. Corp. v. Small*, 798 N.Y.S.2d 45, 46-47 (App. Div. 2005)).  In cases such as this, courts in this district routinely disallow and expunge duplicative claims seeking to multiply a party's recovery on account of the same injury. *See, e.g.*, *In re WorldCom,*

*Inc.*, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Grp., Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

8.    LBHI should not be required to pay on the Claims when identical claims have been allowed against LBI.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."); *In re Union Fin. Servs. Grp., Inc.* 325 B.R. 816, 824 (Bankr. E.D. Mo. 2004) (disallowing multiple "identical claims against multiple debtors" and allowing one single unsecured claim).  In *Union Financial*, the former president and sole shareholder of a debtor filed duplicative proofs of claim against multiple insolvent debtors in a jointly administered chapter 11 case.  *Union Fin.*, 325 B.R. at 819.  The debtors objected to the claims because, among other reasons, they were duplicative and sought recovery for the same injury against multiple debtors.  *Id.* at 820.  The court ultimately disallowed the duplicative claims and allowed a single unsecured claim, notwithstanding the fact that the debtors were unable to pay unsecured creditors in full.  *Id.*

9.    Here, the claimants seek the same impermissible relief, namely to multiply their recovery through allowance of their claim against multiple entities, when in fact they are entitled to one claim against one entity: LBI.  Elimination of the Claims not only comports with applicable law, it will enable the Plan Administrator to release cash reserved on account of the Claims for the benefit of other creditors.

10.    It would be inequitable and inappropriate for holders of the Claims to receive distributions on account thereof when the LBI Claims, representing claims for the same

WEIL:\95071621\4\58399.0011

underlying asserted liability, have been allowed in the LBI proceeding.  Accordingly, to avoid

the possibility of creditors receiving duplicative or multiple recoveries on the Claims, the Plan

Administrator requests that the Court disallow and expunge the Claims in their entirety.

### Reservation of Rights

11.    The Plan Administrator reserves the right to object to the Claims on any

other basis, including, but not limited to, the merits of any Claims asserted by claimants.  The

Plan Administrator further reserves the right to conduct discovery as to the Claims and any

matters raised by claimants and to supplement this and other filings as a result thereof.  This

reply only addresses the issue of claimants' duplicative recoveries.  The Plan Administrator

reserves its right to file further reply briefs responding to all responses received in opposition to

the Objections.

### Conclusion

For the reasons set forth above and in the Objections, the Plan Administrator

respectfully requests that the Court disallow and expunge the Claims in their entirety and grant

such other and further relief as the Court may deem just and appropriate.

Dated:    September 4, 2014
          New York, New York

                                              */s/ Garrett A. Fail*
                                              Garrett A. Fail

                                              WEIL, GOTSHAL & MANGES LLP
                                              767 Fifth Avenue
                                              New York, New York 10153
                                              Telephone: (212) 310-8000
                                              Facsimile: (212) 310-8007

                                              Attorneys for Lehman Brothers Holdings Inc.
                                              and Certain of Its Affiliates

WEIL:\95071621\4\58399.0011

**Exhibit A**

| Claim Number | Claimant | Omnibus Objection | Response ECF No |
|---|---|---|---|
| 7258 | Bobb, Janice | • One Hundred Seventeenth (No Liability Non-Debtor Employee Claims) [ECF No. 15363] | 16424 |
| 67020 | Chan, Lori. | • Forty First (Late-Filed Claims) [ECF No. 11306] | 12005 |
| 14399, 14400 | Scott, Eric A. | • One Hundred Seventeenth (No Liability Non-Debtor Employee Claims) [ECF No. 15363] | 17036, 17053 |
| 10365 | Shah, Niraj | • One Hundred Seventeenth (No Liability Non-Debtor Employee Claims) [ECF No. 15363] | 16922 |
| 460 | Twitchell, Daryl M. | • One Hundred Seventeenth (No Liability Non-Debtor Employee Claims) [ECF No. 15363] | 16766 |