UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (SCC)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------------x

ORDER PURSUANT TO RULE 9019 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
AND SECTION 105(a) OF THE BANKRUPTCY CODE FOR
APPROVAL OF SETTLEMENT AGREEMENT BETWEEN LEHMAN
BROTHERS SPECIAL FINANCING INC. AND THE BANK OF NEW YORK
MELLON TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE,
RELATING TO MKP VELA CBO CREDIT DEFAULT SWAP AGREEMENT

Upon the motion, dated July 18, 2014 (the "Motion"), of Lehman Brothers Holdings Inc. as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, on behalf of Lehman Brothers Special Financing Inc., pursuant to Rule 9019 of the Bankruptcy Rules[1] and section 105(a) of the Bankruptcy Code for approval of the Settlement Agreement, dated July 18, 2014, between LBSF and The Bank of New York Mellon Trust Company, National Association, as Trustee (the "Trustee"), relating to the Credit Default Swap Agreement (as amended, the "Settlement Agreement"), all as more fully described in the Motion; and upon the declaration of Abhishek Kalra filed in support of the Motion on September 5, 2014 [ECF No. 46248]; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the Trustee; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF, its estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Motion is granted; and it is further

       ORDERED that, pursuant to Bankruptcy Rule 9019 and section 105 of the Bankruptcy Code, the Settlement Agreement is approved; and it is further

       ORDERED that LBSF is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and to perform any and all obligations contemplated therein; and it is further

ORDERED that the Trustee is authorized and directed to pay the Qualified Expenses, the CDS Payment Amount, the Trustee Amount, and the Collateral Manager Reimbursement from amounts held by the Trustee under the Indenture; and it is further

ORDERED that, provided that the Trustee has complied with its duties under the preceding decretal paragraph of this Order and the Settlement Agreement, the Trustee and each other indemnified party set forth in the Indemnity Agreement will be deemed to have acted reasonably and in good faith, and shall not be deemed to have acted with negligence, willful misconduct or fraud; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 10, 2014,
      New York, New York

                                 */s/ Shelley C. Chapman*
                                 HONORABLE SHELLEY C. CHAPMAN
                                 UNITED STATES BANKRUPTCY JUDGE