WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

*Attorneys for Lehman Brothers*
*Holdings Inc. and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC)<br><br>(Jointly Administered) |

**STIPULATION, AGREEMENT AND ORDER AMONG BNC MORTGAGE LLC, SCOTT ALLAN HUSEBY AND KELLY JO HUSEBY, PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY WITH REGARD TO CERTAIN REAL PROPERTY LOCATED AT 6411 72ND STREET EAST, PUYALLUP, WA**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by BNC Mortgage LLC ("BNC"), Scott Allen Huseby and Kelly Jo Huseby (together, the "Husebys," and collectively with BNC, the "Parties").

**RECITALS**

A. On September 15, 2008, and periodically thereafter, Lehman Brothers Holdings, Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). BNC commenced its Chapter 11 Case on January 9, 2009 (the "Commencement Date").

B.  On July 2, 2009, the Court entered an order setting forth the procedures and deadlines for filing proofs of claim in the Chapter 11 Cases (LBHI ECF No. 4271) (the "Bar Date Order"). Pursuant to the Bar Date Order, the Court established September 22, 2009 (the "Bar Date") as the deadline to file proofs of claim for certain types of claims. The Husebys did not file claims against BNC in advance of the Bar Date.

C.  On December 6, 2011, the Court entered an order (the "Confirmation Order") (ECF No. 23023) confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"). The Plan became effective on March 6, 2012.

D.  Pursuant to paragraph 54 of the Confirmation Order, the automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") remains in full force and effect.

E.  On November 27, 2013, the Husebys filed a case under chapter 13 of the Bankruptcy Code in the United Stated Bankruptcy Court for the Western District of Washington (the "Chapter 13 Case") [Index No. 13-47378 (PBS)].

F.  The Husebys represent as follows:

(i)  On or about March 11, 2005, the Husebys executed a promissory note (the "First Lien Note") and deed of trust (the "First Lien Deed of Trust," together with the First Lien Note, the "First Lien Loan") in favor of BNC in the amount of $416,800.

(ii)  On or about March 21, 2005, the Husebys executed a further promissory note (the "Second Lien Note") and deed of trust (the "Second Lien Deed of Trust," together with the Second Lien Note, the "Second Lien Loan") in favor of BNC in the amount of $104,200.

(iii)  The First Lien Deed of Trust and the Second Lien Deed of Trust each encumber certain real property located at 6411 72nd Street East, Puyallup, WA (the "Property").

2

    (iv) On August 19, 2013, the Husebys obtained an appraisal of the Property indicating that its value does not exceed $400,000.

  G. BNC has reviewed its records and determined that it has disposed of its interests in the both the First Lien Loan and the Second Lien Loan.  Accordingly, BNC no longer retains an interest in the First Lien Loan, the Second Lien Loan, or the Property.

  H. On or about July 7, 2014, the Husebys commenced an adversary proceeding in the Chapter 13 Case (the "Adversary Proceeding") seeking an order (i) "determining that certain second mortgage debt owed to JP Morgan Chase Bank, N.A. . . . is wholly unsecured;" and (ii) "removing the second mortgage lien of original lender BNC Mortgage, Inc. . . . from the title to the [Property (as defined below)] upon the successful discharge of the [Huesbys]."[1]  The Adversary Proceeding has been stayed by the Automatic Stay.

  I. In light of the foregoing and to ensure that the Husebys are not prohibited from exercising their rights with respect to the Property, the Parties have agreed, subject to approval of this Court, to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

  1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

---

[1] BNC Mortgage, Inc. and BNC Mortgage LLC are the same entity.  BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc."  On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC."  BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

3

2. Upon the Effective Date, the Automatic Stay shall be modified to permit the Husebys to maintain the Adversary Proceeding for the sole purpose of obtaining declaratory relief regarding BNC's interest in the Property.

3. Except as provided in paragraph 2, the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from BNC's estate and/or assets or property of BNC (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. Upon the Effective Date, the Husebys, on behalf of themselves and any other party, person or entity claiming under or through them (each of the foregoing, a "Huseby Releasor"), hereby generally releases, discharges, waives and acquits, unconditionally and irrevocably, BNC, and its current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, branches, units, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "Released Lehman Party"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such Huesby Releasor ever had or claimed to have or now has or claims to have against any Released Lehman Party arising under or related to the First Lien Loan, the Second Lien Loan or the Property, or any agreements related thereto; *provided, however*, that the foregoing release shall

4

not affect, impair or operate as a release of the rights and obligations of the Husebys set forth in this Stipulation, Agreement and Order

    5.  This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

    6.  Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

    7.  Each Party to this Stipulation, Agreement and Order represents that it fully understands the terms hereof.  This Stipulation, Agreement and Order shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

    8.  This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

    9.  This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

10. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated:  August 22, 2014          /s/ Maria Stirbis
        Lakewood, Washington      Maria Stirbis

                                  Liberty Law LLC
                                  6108 Community Pl., SW, Ste. 1
                                  Lakewood, Washington 98499
                                  Telephone: (253) 573-9111
                                  Facsimile: (253) 272-8318

                                  Attorney for the Husebys


Dated:  August 22, 2014          /s/ Jacqueline Marcus
        New York, New York        Jacqueline Marcus

                                  WEIL, GOTSHAL & MANGES LLP
                                  767 Fifth Avenue
                                  New York, New York 10153
                                  Telephone: (212) 310-8000
                                  Facsimile: (212) 310-8007

                                  Attorneys for Lehman Brothers Holdings
                                  Inc. and Certain of its Affiliates


**SO ORDERED**, this 10th day of September, 2014 in New York, New York

*/s/ Shelley C. Chapman*
United States Bankruptcy Judge

6