United States Bankruptcy Court for the Southern New York

## WITHDRAWAL OF CLAIM

| | |
|---|---|
| Debtor Name and Case Number: | LEHMAN BROTHERS HOLDINGS, INC.<br>08-13555 |
| Creditor Name and Address: | POWER SECTOR ASSETS AND LIABILITIES MANAGEMENT CORPORATION<br><br>7th Floor Bankmer Building, 6756 Ayala Avenue Makati City, PHILIPPINES |
| Court Claim Number (if known): | 9835 |
| Date Claim Filed: | 31 August 2009 |
| Total Amount of Claim Filed: | US$ 3,461,590.93 |

Dated:  05 September 2014

Print Name: EMMANUEL R. LEDESMA, JR.

Title (if applicable): President & CEO

------------------------------------------------------------------------------------------------------

## DEFINITIONS

**Debtor**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**
A creditor is any person, corporation, or other entity to which the debtor owed a debt.

**Proof of Claim**
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

## ITEMS TO BE COMPLETED ON THIS WITHDRAWAL OF CLAIM

**Court, Name of Debtor and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**
Complete the section giving the name and address of the creditor that was listed on the previously filed Proof of Claim form.

**Information identifying the Claim that is to be withdrawn:**
Complete the section giving the court claim number, date claim was filed and total amount of claim filed to help identify the claim that is to be withdrawn.

Sign and print the name and title, if any, of the creditor or other person authorized to file this withdrawal of claim (attach copy of power of attorney, if any).

This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed or, if applicable, with their duly appointed Claims Agent as per any procedure approved by the court in the above-referenced bankruptcy proceeding.

# Rule 3006. Withdrawal of Claim; Effect on Acceptance or Rejection of Plan

A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan or otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to §705(a) or appointed pursuant to §1102 of the Code. The order of the court shall contain such terms and conditions as the court deems proper. Unless the court orders otherwise, an authorized withdrawal of a claim shall constitute withdrawal of any related acceptance or rejection of a plan.

## NOTES

(As amended Apr. 30, 1991, eff. Aug. 1, 1991.)

### NOTES OF ADVISORY COMMITTEE ON RULES—1983

This rule is derived from former Rules 305 and 10-404.

Since 1938 it has generally been held that Rule 41 F.R.Civ.P. governs the withdrawal of a proof of claim. *In re Empire Coal Sales Corp.*, 45 F. Supp. 974, 976 (S.D.N.Y.), aff'd sub nom. *Kleid v. Ruthbell Coal Co.*, 131 F.2d 372, 373 (2d Cir. 1942); *Kelso v. MacLaren*, 122 F.2d 867, 870 (8th Cir. 1941); *In re Hills*, 35 F. Supp. 532, 533 (W.D. Wash. 1940). Accordingly, the cited cases held that after an objection has been filed a proof of claim may be withdrawn only subject to approval by the court. This constitutes a restriction of the right of withdrawal as recognized by some though by no means all of the cases antedating the promulgation of the <u>Federal Rules of Civil Procedure</u>. See 3 Collier*Bankruptcy*, 57.12 (14th ed. 1961); Note, 20 Bost. U. L. Rev. 121 (1940).

The filing of a claim does not commence an adversary proceeding but the filing of an objection to the claim initiates a contest that must be disposed of by the court. This rule recognizes the applicability of the considerations underlying Rule 41(a) F.R.Civ.P. to the withdrawal of a claim after it has been put in issue by an objection. Rule 41(a)(2) F.R.Civ.P. requires leave of court to obtain dismissal over the objection of a defendant who has pleaded a counterclaim prior to the service of the plaintiff's motion to dismiss. Although the applicability of this provision to the withdrawal of a claim was assumed in *Conway v. Union Bank of Switzerland*, <u>204 F.2d 603</u>, 608 (2d Cir. 1953), *Kleid v. Ruthbell Coal Co., supra, Kelso v. MacLaren, supra,* and *In re Hills, supra,* this rule vests discretion in the court to grant, deny, or condition the request of a creditor to withdraw, without regard to

whether the trustee has filed a merely defensive objection or a complaint seeking an affirmative recovery of money or property from the creditor.

A number of pre-1938 cases sustained denial of a creditor's request to withdraw proof of claim on the ground of estoppel or election of remedies. 2 Remington, *Bankruptcy* 186 (Henderson ed. 1956); *cf.* 3 Collier, *supra* 57.12, at 201 (1964). Voting a claim for a trustee was an important factor in the denial of a request to withdraw in *Standard Varnish Works v. Haydock*, 143 Fed. 318, 319-20 (6th Cir. 1906), and *In re Cann*, 47 F.2d 661, 662 (W.D. Pa. 1931). And it has frequently been recognized that a creditor should not be allowed to withdraw a claim after accepting a dividend. *In re Friedmann*, 1 Am. B. R. 510, 512 (Ref., S.D.N.Y. 1899); 3 Collier 205 (1964); *cf. In re O'Gara Coal Co.*, 12 F.2d 426, 429 (7th Cir.), cert. denied, <u>271 U.S. 683 (1926)</u>. It was held in *Industrial Credit Co. v. Hazen,* <u>222 F.2d 225</u> (8th Cir. 1955), however, that although a claimant had participated in the first meeting of creditors and in the examination of witnesses, the creditor was entitled under Rule 41(a)(1) F.R.Civ.P. to withdraw the claim as of right by filing a notice of withdrawal before the trustee filed an objection under §57g of the Act. While this rule incorporates the post-1938 case law referred to in the first paragraph of this note, it rejects the inference drawn in the *Hazen* case that Rule 41(a) F.R.Civ.P. supersedes the pre-1938 case law that vests discretion in the court to deny or restrict withdrawal of a claim by a creditor on the ground of estoppel or election of remedies. While purely formal or technical participation in a case by a creditor who has filed a claim should not deprive the creditor of the right to withdraw the claim, a creditor who has accepted a dividend or who has voted in the election of a trustee or otherwise participated actively in proceedings in a case should be permitted to withdraw only with the approval of the court on terms it deems appropriate after notice to the trustee. 3 Collier 205-06 (1964).

### Notes of Advisory Committee on Rules—1991 Amendment

This amendment is stylistic. Notice of the hearing need not be given to committees of equity security holders appointed pursuant to §1102 or committees of retired employees appointed pursuant to §1114 of the Code.