Locke R. McMurray
Jayant W. Tambe
JONES DAY
222 East 41st Street
New York, NY  10017.6702
Telephone:  +1.212.326.3939
Facsimile:   +1.212.755.7306

*Attorneys for Lehman Brothers Holdings Inc.*
*and Lehman Brothers Special Financing Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

In re:                                                                )
                                                                           )          Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      )
                                                                           )          Chapter  11
                          Debtors.                                 )
                                                                           )          (Jointly Administered)
                                                                           )
                                                                           )
------------------------------------------------------------- x
                                                                           )
LEHMAN BROTHERS HOLDINGS INC. and      )
LEHMAN BROTHERS SPECIAL FINANCING,     )
INC.                                                                    )          Adv. Proc. No. 14-_____
                          Plaintiffs,                             )
                                                                           )
-against-                                                            )
                                                                           )
BANCA ITALEASE S.P.A. (FORMERLY BANCA )
PER IL LEASING – ITALEASE S.P.A.) and          )
ITALEASE FINANCE S.P.A.                             )
                                                                           )
                          Defendants.                           )
                                                                           )
------------------------------------------------------------- x

## <u>ADVERSARY COMPLAINT AND OBJECTIONS TO CLAIMS</u>

Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), in its capacity as Plan Administrator (in this

capacity, the "<u>Plan Administrator</u>" or "<u>Plaintiff</u>") on behalf of LBSF and on its own behalf (and

together with LBHI's affiliated debtors in the above-referenced chapter 11 cases, the "<u>Debtors</u>"),

under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and

Its Affiliated Debtors (the "Plan"), as and for their Adversary Complaint and Objections to

Claims against Banca Italease S.p.A. (formerly Banca per il Leasing – Italease S.p.A.) ("Banca

Italease") and Italease Finance S.p.A. ("Italease Finance" and together with Banca Italease,

"Italease"), hereby allege as follows:

## NATURE OF ACTION

1.      This action seeks redress against Banca Italease and Italease Finance for their

unwarranted creation and inflation of amounts purportedly owed to Italease by the Debtors as

reflected in six proofs of claim filed against LBSF and LBHI.  Those claims are premised on

purported valuations and calculations that are commercially unreasonable and contrary to the

terms of the parties' agreements and applicable law.  Indeed, it is Italease Finance that owes

LBSF under both of the swap agreements between them.[1]

2.      As a corollary to the foregoing, LBSF also seeks a declaration that it is not liable

to make any payments to Italease Finance (and therefore is entitled to the return of collateral it

had posted to a third party) in connection with one of its contracts with Italease Finance, again on

the basis that on a proper valuation and calculation under the relevant agreement, it is Italease

Finance, rather than LBSF, which is the "out-of-the-money" party under that contract.

3.      Accordingly, the Debtors hereby bring this action to obtain (i) the disallowance of

the Italease claims in their entirety by virtue of Italease's breach of the Master Agreements (as

defined below); (ii) a judgment awarding LBSF the full amount to which it is entitled from

---

[1]      This matter is being brought as an Adversary Complaint, rather than a claim objection, because the proper calculation of amounts owed under the Master Agreement leads to both the disallowance of the Italease Claims in their entirety and an affirmative recovery for LBSF, which, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), can only be sought by the commencement of an adversary proceeding, which, in turn, requires the filing of the Adversary Complaint.

Italease Finance, (iii) a declaration that the Debtors owe nothing to Italease Finance under the 2005 Italease Finance Master Agreement (as defined below), (iv) an order compelling Italease Finance to turn over a properly-calculated termination payment to LBSF pursuant to section 542(b) of the Bankruptcy Code; and (v) a declaration that Italease has acted in violation of section 362 of the Bankruptcy Code and that the Debtors are therefore entitled to an award of sanctions.

## JURISDICTION AND VENUE

4.    The statutory predicates for the relief requested herein are (a) sections 105, 362, 502, 541, 542 and 562 of title 11 of the United States Code (the "Bankruptcy Code"), (b) Rules 3007 and 7001 of the Bankruptcy Rules and (c) sections 2201 and 2202 of title 28 of the United States Code.

5.    This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334 and section 14.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6.    This Court has personal jurisdiction over Banca Italease and Italease Finance due to their filing of the claims in the Debtors' chapter 11 cases.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES

8.    On September 15, 2008 and October 3, 2008 LBHI and LBSF respectively, commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  LBSF's chapter 11 case has been consolidated with LBHI's chapter 11 case for procedural purposes only, and those cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  LBHI's and LBSF's principal places of business are located at 1271 Sixth Avenue, New York, New York 10020.

- 3 -

9.      On information and belief, Banca Italease is a joint stock company organized under the laws of the Republic of Italy, with its principal business address at via Sile 18 - 20139, Milan, Republic of Italy.

10.     On information and belief, Italease Finance is a joint stock company organized under the laws of the Republic of Italy, with its principal business address at via Sile 18 - 20139, Milan, Republic of Italy.

## BACKGROUND

**I.     The Master Agreements**

11.     This adversary proceeding and claim objection concerns the application of three swap agreements:  (1) an ISDA Master Agreement, dated as of October 3, 2003, executed between Banca Italease and LBSF (together with the Schedule and Credit Support Annex thereto and Confirmations entered into thereunder, the "Banca Italease Master Agreement")[2]; (2) an ISDA Master Agreement, dated June 24, 2004, executed between Italease Finance and LBSF (the "2004 Italease Finance Master Agreement" and together with the Schedule thereto and Confirmations entered into thereunder, the "2004 Italease Finance Master Agreement"); and an ISDA Master Agreement, dated March 22, 2005, executed between Italease Finance and LBSF (the "2005 Italease Finance Master Agreement" and together with the Schedule thereto and Confirmations entered into thereunder, the "2005 Italease Finance Master Agreement," and together with the Banca Italease Master Agreement and the 2004 Italease Finance Master Agreement, the "Master Agreements").  All of the Master Agreements are governed by the laws of England and Wales.

---

[2]      Capitalized terms used and not otherwise defined herein shall have the meanings ascribed thereto in the Master Agreements (as defined below).

12.     Each of the Master Agreements and the Transactions thereunder constitute "swap agreements" as defined under the Bankruptcy Code.

13.     LBSF and Banca Italease had a long-standing counterparty relationship under the Banca Italease Master Agreement.  As of September 15, 2008, the Banca Italease Master Agreement governed approximately thirty-one Transactions, three of which (the "Back-to-Back Transactions") were essentially mirror images of the three Transactions (the "Securitization Transactions") LBSF had effected with Italease Finance.

14.     Italease Finance was the issuer under certain euro-denominated lease securitization transactions, one of which ("ITA 6," and which is referenced in two of the Securitization Transactions (the "ITA 6 Transactions")) was effected in 2004 and another of which ("ITA 7," and which is referenced in the third Securitization Transaction (the "ITA 7 Transaction")) was effected in 2005.  The function of the Securitization Transactions was to hedge Italease Finance's securitized assets and liabilities under ITA 6 and ITA 7.  LBSF entered into the Back-to-Back Transactions in order to pass the risk it had incurred under the Securitization Transactions to Banca Italease.  The Securitization Transactions and the Back-to-Back Transactions were "linked" in several important ways as discussed below, but were independent contractual relationships between LBSF on the one hand and Banca Italease or Italease Finance, as the case may be, on the other.

A.     **Terms Relating to the Bankruptcy Event of Default and Termination**

15.     The bankruptcy filing by LBHI, the Credit Support Provider for LBSF under the Master Agreements, constituted an Event of Default under Section 5(a)(vii)(4) of each Master Agreement.

16.     Under each Master Agreement, in order to declare an Early Termination Date pursuant to Section 6(a) of the Master Agreements, the "non-Defaulting Party . . . may, by not

more than 20 days notice to the Defaulting Party specifying the relevant Event of Default,
designate a day not earlier than the day such notice is effective as an Early Termination Date in
respect of all outstanding Transactions."

### B.   Terms Relating to Valuation

#### 1.   *The Banca Italease Master Agreement Valuation Terms*

17.    The parties agreed in Part 1(i) of the Schedule to the Banca Italease Master
Agreement that payments due and owing upon the designation of an Early Termination Date
would be calculated in accordance with "Market Quotation" and would be measured by "Second
Method."

18.    As noted above, the Back-to-Back Transactions are "linked" to the Securitization
Transactions in several ways.  One of those ways is that Paragraph 2(g) of the Confirmations for
the Back-to-Back Transactions executed under the Banca Italease Master Agreement provide
that each Back-to-Back Transaction "shall automatically terminate if the [related Securitization
Transaction] is terminated in accordance with its terms for any reason and the Early Termination
Date in respect of this Transaction shall be the early termination date designated or deemed to
occur in respect of" the related Securitization Transaction.  Paragraph 2(h) of the Back-to-Back
Confirmations further provides that if such automatic termination occurs, the "amount that
becomes due and payable in respect of such termination . . . shall correspond to the amount that
becomes due and payable . . . under" the related Securitization Transaction.  However, under the
circumstances here, and as set forth in greater detail in Section V *infra*, these "pass-through"
valuation provisions are irrelevant to the valuation of the Back-to-Back Transactions because all
of the Back-to-Back Transactions were terminated by Banca Italease *before* the termination of
the related Securitization Trades.

19.    Further, Paragraph 2(i) of the Confirmations for the Back-to-Back Transactions

provides that:

> In the event that this Transaction is terminated pursuant to
> Section 6 (but not pursuant to paragraph 2(g) above) any
> termination payments in respect of this Transaction shall be
> calculated using the notional amount for the current
> Calculation Period shown in Schedule 1 adjusted for any
> reductions in the notional amount during the current
> Calculation Period (as a result of prepayments, defaults or
> delinquencies under the relevant Lease Contracts).  For the
> purposes of calculating the notional amount in respect of each
> Calculation Period from the Early Termination Date until the
> Termination Date, the notional amount shall be deemed to be
> the notional amount for the relevant Calculation Period shown
> in Schedule 1 reduced by the same proportion as the reduction
> in the notional amount shown in Schedule 1 for the current
> Calculation Period bears to the notional amount for the current
> Calculation Period.

20.    Accordingly, paragraph 2(i) of the Back-to-Back Confirmations specifically

prohibited application of the termination values for the Securitization Transactions to the Back-

to-Back Transactions when the automatic termination provisions of paragraph 2(g) were not

applicable.  Indeed, paragraph 2(i) under such circumstances directs the parties to value the

Back-to-Back Transactions on a hypothetical set of assumptions that by definition will depart

from the actual future performance of the Securitization Transactions.

**2.    *The 2004 Italease Finance Master Agreement Valuation Terms***

21.    The parties agreed in Part 1(n) of the Schedule to the 2004 Italease Master

Agreement that payments due and owing upon the designation of an Early Termination Date

would be calculated in accordance with "Loss" and would be measured by "Second Method."

**3.    *The 2005 Italease Finance Master Agreement Valuation Terms***

22.    The parties agreed in Part 1(m) of the Schedule to the 2005 Italease Finance

Master Agreement that payments due and owing upon the designation of an Early Termination

Date would be calculated in accordance with a modified version of "Market Quotation" and would be measured by "Second Method."

## II.    The Declaration of Trust

23.    On or about August 1, 2008, LBHI, Lehman Brothers International (Europe) and HSBC Corporate Trustee Company (UK) Limited ("HSBC") entered into that certain Declaration of Trust (the "Declaration of Trust"), apparently in consequence of a ratings downgrade that occurred with respect to LBHI in the summer of 2008.

24.    Pursuant to the Declaration of Trust, LBHI transferred in excess of € 3.4 million (including interest that has accrued to date, the "Collateral") to HSBC on behalf of LBSF to secure LBSF's obligations under the 2005 Italease Finance Master Agreement.  On information and belief, HSBC continues to hold the Collateral.

25.    The Declaration of Trust provided that, upon the designation of an Early Termination Date for the ITA 7 Securitization Transaction, HSBC was to transfer to Italease Finance such portion of the Collateral as necessary to satisfy the payment obligations of LBSF, with the remainder to be delivered to LBSF.  The Declaration of Trust further provided that if LBSF had no payment obligations to Italease Finance, HSBC would transfer the entirety of the Collateral to LBSF upon demand.

## III.    Termination of the Master Agreements

26.    On September 15, 2008, at the direction of its Board of Directors, LBHI filed for bankruptcy through the commencement of a chapter 11 proceeding filed in United States Bankruptcy Court for the Southern District of New York.

27.    Banca Italease sent a Notice of Event of Default dated September 17, 2008 to LBSF asserting that LBHI's commencement of a chapter 11 case on September 15, 2008 constituted an Event of Default pursuant to Section 5(a)(vii) of the Master Agreement.  Banca

Italease designated September 22, 2008 as an Early Termination Date with respect to all outstanding Transactions, including the Back-to-Back Transactions, under the Banca Italease Master Agreement.

28.     Italease Finance sent a Notice of Event of Default dated September 29, 2008 to LBSF with respect to the 2005 Italease Finance Master Agreement.  This notice designated September 30, 2008 as an Early Termination Date for all Transactions under the 2005 Italease Finance Master Agreement, which consisted solely of one of the Securitization Transactions.

29.     On October 23, 2008, Italease Finance sent LBSF a Notice of Event of Default with respect to the 2004 Italease Finance Master Agreement.[3]  This notice designated October 23, 2008 as an Early Termination Date for all Transactions under the 2004 Italease Finance Master Agreement, which consisted solely of two of the Securitization Transactions.

## IV.     The Proofs Of Claim

### A.     Banca Italease Master Agreement Proofs of Claim

30.     On September 22, 2009, Banca Italease filed two proofs of claim, numbered 30707 and 30708 (the "Banca Italease Claims"), against LBSF and LBHI respectively, demanding $5,163,384.15 from both Debtors under the Banca Italease Master Agreement. Specifically, Banca Italease contends in its proofs of claim that it had calculated it owed to LBSF an amount equal to $10,514,918.19 under the Banca Italease Master Agreement.  However, Banca Italease further contends that pursuant to the Banca Italease Credit Support Annex, Banca Italease had transferred collateral to LBSF in an amount which exceeded the $10,514,918.19 settlement amount by $5,062,142.79, resulting in a claim for $5,163,384.15 after factoring in legal fees.

---

[3]     This Notice of Event of Default also identified the October 3, 2008 chapter 11 filing of LBSF as a second Event of Default under Section 5(a)(vii) of the Master Agreement.

31.     In Debtors' One Hundred and Eighty-Seventh Omnibus Objection to Claims

[Docket No. 19817], the Debtors moved to reclassify Banca Italease's claims against LBSF and

LBHI on the grounds that the claims were improperly identified by Banca Italease as Secured

Claims, when in fact they are unsecured claims.  The Court granted Debtors motion and

reclassified both claims as unsecured [Docket No. 22833].

32.     In Debtors' Two Hundred and Fifty-Third Omnibus Objection to Claims [Docket

No. 24103], the Debtors objected to Banca Italease's claim against LBSF as excessive in

amount.  The hearing is currently adjourned without date.

33.     Further, Banca Italease filed its proof of claim against LBHI on the grounds that,

"upon information and belief," LBHI had executed an unconditional guarantee of all amounts

payable by LBSF under the Banca Italease Master Agreement.  In the Debtors' Two Hundred

Seventy-Seventh Omnibus Objection to Claims (No Guarantee Claims) [Docket No. 26241],

LBHI sought to disallow and expunge the Banca Italease proof of claim against LBHI on the

grounds that no such LBHI guarantee had ever been issued.  Despite the filing of the Response of

Banca Italease S.p.A. to the Two Hundred and Seventy-Seventh Omnibus Objection of the

Debtors to Claims (No Guarantee Claims- Claim No. 30708) [Docket No. 27325], Banca Italease

has never produced an executed LBHI guarantee in connection with the Banca Italease Master

Agreement.  Upon information and belief, no such guarantee was ever executed.  The hearing on

this claim is also currently adjourned without date.

B.     **Italease Finance Proofs of Claim**

34.     Also on September 22, 2009, Italease Finance filed four claims, two with respect

to the 2004 Italease Finance Master Agreement and two with respect to the 2005 Italease Finance

Master Agreement.

### 1.    *2004 Claims*

35.    Italease Finance filed two proofs of claim, numbered 28076 and 28077 (the "2004 Claims"), against LBSF and LBHI respectively, demanding $3,758,861.92 from both Debtors under the 2004 Italease Finance Master Agreement.

36.    On November 7, 2011, in the Two Hundred Thirty-Second Omnibus Objection to Claims [Docket No. 21727], the Debtors objected to these claims as excessive in amount.  The hearing on this motion is currently adjourned without date.

### 2.    *2005 Claims*

37.    Italease Finance filed two proofs of claim, numbered 28074 and 28075 (the "2005 Claims," and together with the Banca Italease Claims and the 2004 Claims, the "Claims"), against LBSF and LBHI respectively, demanding $354,347.67 from both Debtors under the 2005 Italease Finance Master Agreement.

38.    On September 9, 2011, in the One Hundred and Eight-Seventh Omnibus Objection to Claims [Docket No. 19817], the Debtors moved to reclassify the 2005 Claims as unsecured claims.  On April 10, 2013, the Debtors withdrew the motion to reclassify.

## V.    Italease's Breaches of the Master Agreements

39.    Banca Italease and Italease Finance's calculations as reflected in the Claims are not commercially reasonable, were incorrectly calculated and were not calculated in good faith as required by the Master Agreements, and reflected material breaches on the part of Italease under the Master Agreements.

### A.    Breaches of the Banca Italease Master Agreement

40.    Specifically with respect to the Banca Italease Master Agreement, Banca Italease's valuation applied improper valuations Italease Finance derived as described below for the Securitization Transactions to the Back-to-Back Transactions.  Banca Italease also breached

the Banca Italease Master Agreement and violated applicable law in multiple other ways,

including without limitation the following:

- The Banca Italease Master Agreement required that Market Quotation be
  determined "on or as soon as reasonably practicable after" the Early Termination
  Date. The Back-to-Back Transactions are "swap agreements" as defined under
  the Bankruptcy Code, and Section 562 of the Bankruptcy Code requires that swap
  agreements are to be valued as of the date they are terminated.

- Banca Italease did not conduct a Market Quotation process for the Back-to-Back
  Transactions "on" the Early Termination Date (September 22, 2008) as required
  by the Banca Italease Master Agreement. Instead, Banca Italease utilized
  valuations for the Back-to-Back Transactions that were not only improper on their
  own terms but were derived from purported "replacement transactions" for the
  related Securitization Transactions that occurred on September 29, 2008 (in the
  case of the ITA 7 Transaction) and October 24, 2008 (in the case of the ITA 6
  Transactions).

- Moreover, Banca Italease breached the terms of the Confirmations for the Back-
  to-Back Transactions (the "Back-to-Back Confirmations") in multiple additional
  ways. First, the Back-to-Back Confirmations specifically prohibited utilizing
  "pass-through" valuations for the Securitization Transactions in circumstances
  when, as here, the Back-to-Back Transactions are terminated before the
  Securitization Transactions. Additionally, in those circumstances, the Back-to-
  Back Transactions were required to have been valued utilizing certain
  assumptions as set forth above regarding the Notional Amounts for the Back-to-

Back Transactions that deviated materially from the terms of the Securization

Transactions, thus rendering utterly irrelevant any valuations for the

Securitization Transactions, regardless as of when they are performed.

- Finally with regard to the Back-to-Back Transactions, because as set forth below

  Italease Finance owes an amount to LBSF in respect of the ITA 6 and ITA 7

  Transaction that has not yet been paid, Banca Italease has no claim against LBSF

  in respect of the corresponding Back-to-Back Transaction by virtue of the

  "Contingency of Payments and Limited Recourse Provisions" of the Back-to-

  Back Confirmations, and the Banca Italease Claims are overstated on that basis as

  well.

- Banca Italease's Market Quotation process yielded a result for the remainder of

  the Transactions under the Banca Italease Master Agreement that deviated

  materially from the Debtors' industry-standard close of business valuations on the

  Early Termination Date, which the parties had utilized for collateralization

  purposes throughout the duration of their lengthy relationship, and accordingly

  did not produce a commercially reasonable result.  Pursuant to the definition of

  "Settlement Amount" in the Banca Italease Master Agreement, that Market

  Quotation result must be disregarded.

- Banca Italease has also failed to provide LBSF the "reasonable detail" of its

  calculations as required by Section 6(d) of the Banca Italease Master Agreement

  and has accordingly prevented LBSF from assessing and ensuring that Banca

  Italease's Market Quotation process was in accordance with the contractual

requirements.  That assessment may well reveal additional breaches on the part of Banca Italease.

**B.**    **Breach of the 2005 Italease Finance Master Agreement**

41.    With respect to the 2005 Italease Finance Master Agreement, Italease Finance breached the 2005 Banca Italease Master Agreement and violated applicable law in multiple ways, including without limitation the following:

- Banca Italease declared September 30, 2008 as the Early Termination Date but entered into a replacement transaction, from which it derived its valuation for the ITA 7 Transaction, on September 29, 2008.  Both the 2005 Italease Finance Master Agreement and Section 562 of the Bankruptcy Code specifically prohibit valuing Terminated Transactions as of a time *before* the Early Termination Date.

- The 2005 Italease Finance Master Agreement utilized a modified form of Market Quotation.  Pursuant to Part 5(s)(ii)(A) and (iii)(A) of the Schedule to the 2005 Italease Finance Master Agreement, this modified Market Quotation process required, among other things, Italease Finance to seek "firm" Market Quotations and to "use its reasonable efforts to obtain at least three firm quotations as soon as is reasonably practicable after the Early Termination Date."  Italease Finance has presented no evidence of any attempt to comply with this modified Market Quotation process, including, without limitation, any "reasonable efforts" to seek firm Market Quotations at all, let alone seeking such quotations "after" the Early Termination Date as required by the contract.

- Certain payments under the ITA 7 Transaction were to have been calculated by reference to an "Index" that was measured by "the weighted average relevant base

rate . . . on the Lease Contracts [comprising the ITA 7 securitization]." The replacement transaction for the ITA 7 Transaction was ostensibly priced using assumptions as to the future performance of that "Index" that deviated from the Index that had been applicable to the ITA 7 Transaction for many months preceding the Early Termination Date. For this and other reasons, the replacement transaction was not a true replacement transaction and the pricing achieved by Italease Finance under the replacement transaction is irrelevant to the pricing of the ITA 7 Transaction. Indeed, had the ITA 7 Transaction been correctly valued in accordance with the level of the Index in effect on and before the Early Termination Date, Italease Finance would owe a payment to LBSF.

**C.**   **Breach of the 2004 Italease Finance Master Agreement**

42.     With respect to the 2004 Italease Finance Master Agreement, Italease Finance breached the 2004 Italease Finance Master Agreement and violated applicable law in multiple ways, including without limitation failing to utilize an assumed Index level in accordance with the performance of the Index on and before the Early Termination Date. Indeed, had the ITA 6 Transaction been correctly valued in accordance with the level of the Index in effect on and before the Early Termination Date, Italease Finance would owe a payment to LBSF.

**VI.**   **The Failed Settlement Negotiations**

43.     LBSF and Italease have engaged in extensive settlement discussions without success.

## FIRST CAUSE OF ACTION

### (Objection to Banca Italease Claims)

44.     The Debtors hereby incorporate the foregoing paragraphs as if fully restated herein.

45.     The Debtors hereby incorporate and reassert all prior objections made with respect to the Banca Italease Claims pursuant to Debtors' Two Hundred and Fifty-Third Omnibus Objection to Claims [Docket No. 24103], and Two Hundred Seventy-Seventh Omnibus Objection to Claims (No Guarantee Claims) [Docket No. 26241].

46.     Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim will not be "deemed allowed" where a party in interest objects thereto.

47.     The Debtors hereby object to the Banca Italease Claims (numbered 30707 and 30708).

48.     Banca Italease's calculations as reflected in the Banca Italease Claims reflect material breaches of the Banca Italease Master Agreement, and are not commercially reasonable, were incorrectly calculated and were not calculated in good faith and otherwise as required by the Banca Italease Master Agreement.

49.     Due to Banca Italease's material breaches of the Banca Italease Master Agreement, Banca Italease cannot recover under the Banca Italease Master Agreement and the Banca Italease Claims should therefore be disallowed in their entirety.

50.     Upon information and belief, LBHI did not execute a guarantee in connection with the Banca Italease Master Agreement, and, as such, any purported guarantee is unenforceable.  Accordingly, any alleged guarantee by LBHI is unenforceable and the Banca Italease Claim against LBHI must be disallowed.

51.     The Banca Italease Claims also include amounts owed for attorney's fees and costs that are unsupported, unreasonable and unjustified.

52.     The Banca Italease Claims should be disallowed in their entirety and expunged, and the Debtors hereby expressly reserve the right to further object to the Banca Italease Claims, or any other claims filed by Banca Italease, on any other basis.

## SECOND CAUSE OF ACTION

### (Objection to 2004 Claims)

53.     The Debtors hereby incorporate the foregoing paragraphs as if fully restated herein.

54.     The Debtors hereby incorporate and reassert all prior objections made with respect to the 2004 Italease Finance Claims pursuant to Debtors' Two Hundred Thirty-Second Omnibus Objection to Claims [Docket No. 21727].

55.     Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim will not be "deemed allowed" where a party in interest objects thereto.

56.     The Debtors hereby object to the 2004 Claims (numbered 28076 and 28077).

57.     Italease Finance's calculations as reflected in the 2004 Claims reflect material breaches of the Banca Italease Master Agreement and are not commercially reasonable, were incorrectly calculated and were not calculated in good faith and otherwise as required by the 2004 Italease Finance Master Agreement.

58.     Due to Italease Finance's material breaches of the 2004 Italease Finance Master Agreement, Italease Finance cannot recover under the 2004 Italease Finance Master Agreement and the 2004 Claims should therefore be disallowed in their entirety.

59.     The 2004 Claims also include amounts owed for attorney's fees and costs that are unsupported, unreasonable and unjustified.

60.    The 2004 Claims should be disallowed in their entirety and expunged, and the

Debtors hereby expressly reserve the right to further object to the 2004 Claims, or any other

claims filed by Italease Finance, on any other basis.

### **THIRD CAUSE OF ACTION**

**(Objection to 2005 Claims)**

61.    The Debtors hereby incorporate the foregoing paragraphs as if fully restated

herein.

62.    The Debtors hereby incorporate and reassert all prior objections made with

respect to the 2005 Italease Finance Claims pursuant to the Debtors' One Hundred and Eight-

Seventh Omnibus Objection to Claims [Docket No. 19817].

63.    Pursuant to section 502(a) of the Bankruptcy Code, a proof of claim will not be

"deemed allowed" where a party in interest objects thereto.

64.    The Debtors hereby object to the 2005 Claims (numbered 28074 and 28075).

65.    Italease Finance's calculations as reflected in the 2005 Claims reflect material

breaches of the 2005 Italease Finance Master Agreement are not commercially reasonable, were

incorrectly calculated and were not calculated in good faith as required by the 2005 Italease

Finance Master Agreement.

66.    Due to Italease Finance's material breaches of the 2005 Italease Finance Master

Agreement, Italease Finance cannot recover under the 2005 Banca Italease Master Agreement

and the 2005 should therefore be disallowed in their entirety.

67.    The 2005 Claims also include amounts owed for attorney's fees and costs that are

unsupported, unreasonable and unjustified.

68.     The 2005 Claims should be disallowed in their entirety and expunged, and the

Debtors hereby expressly reserve the right to further object to the 2005 Claims, or any other

claims filed by Italease Finance, on any other basis.

### FOURTH CAUSE OF ACTION

**(Breach of Contract Against Italease Finance with Respect to the 2005 Italease Finance
Master Agreement)**

69.     The Debtors hereby incorporate the foregoing paragraphs as if fully restated

herein.

70.     The 2005 Italease Finance Agreement constituted a valid contract between LBSF

and Banca Italease.

71.     LBSF has performed its duties under the 2005 Italease Finance Agreement.

72.     Italease Finance breached the 2005 Italease Finance Master Agreement by

calculating the amount payable in consequence of an Early Termination Date in a manner that

was both commercially unreasonable and wholly unrelated to its actual economic damages.

73.     Italease Finance further breached the 2005 Italease Finance Master Agreement by

failing to observe the modified "Market Quotation" methodology set forth in the 2005 Italease

Finance Master Agreement and utilizing a replacement transaction to value the ITA 7

Transaction that was ostensibly priced on the basis of assumptions that were contrary to the

performance of ITA 7 prior to and at the time of the Early Termination Date.

74.     As a direct and proximate result of Italease Finance's breaches of the 2005

Italease Finance Master Agreement, the Debtors have been deprived of a substantial sum of

money in an amount to be determined at trial, plus interest as determined pursuant to the 2005

Italease Finance Master Agreement or applicable law.

## FIFTH CAUSE OF ACTION

### (Breach of Contract Against Italease Finance with Respect to the 2004 Italease Finance Master Agreement)

75.     The Debtors hereby incorporate the foregoing paragraphs as if fully restated herein.

76.     The 2004 Italease Finance Agreement constituted a valid contract between LBSF and Banca Italease.

77.     LBSF has performed its duties under the 2004 Italease Finance Agreement.

78.     Italease Finance breached the 2004 Italease Finance Master Agreement by calculating the amount payable in consequence of an Early Termination Date in a manner that was both commercially unreasonable and wholly unrelated to its actual economic damages.

79.     Italease Finance further breached the 2004 Italease Finance Master Agreement by failing to utilize an assumed Index level in accordance with the performance of the Index on and before the Early Termination Date.

80.     As a direct and proximate result of Italease Finance's breaches of the 2004 Italease Finance Master Agreement, the Debtors have been deprived of a substantial sum of money in an amount to be determined at trial, plus interest as determined pursuant to the 2004 Italease Finance Master Agreement or applicable law.

## SIXTH CAUSE OF ACTION

### (Declaratory Judgment with Respect to 2005 Italease Finance Master Agreement and the ITA 7 Transaction)

81.     The Debtors hereby incorporate the foregoing paragraphs as if fully restated herein.

82.     The parties to this action are the parties who have or who may claim to have an interest that may be affected by the declaration requested.

- 20 -

83.     This action is within the jurisdiction of this Court and the Debtors are entitled to declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

84.     An actual controversy exists between the Debtors and Italease Finance, which is justiciable in character, and speedy relief is necessary to preserve the parties' respective rights.

85.     As set forth above, notwithstanding Italease Finance's improper valuation calculations, LBSF is entitled to a receivable from Italease Finance with respect to the 2005 Italease Finance Master Agreement, and LBSF does not owe any amount to Italease Finance under such agreement.

86.     Pursuant to the Declaration of Trust, following the designation of an Early Termination Date, if LBSF had no payment obligations to Italease Finance, HSBC would transfer the entirety of the Collateral to LBSF upon demand.

87.     Unless this Court makes a declaration of the rights and obligations of the parties under the 2005 Italease Finance Master Agreement, which in turn will enable the Debtors to seek the release of the Collateral under the Declaration of Trust, the Debtors will continue to suffer substantial harm.

88.     A declaratory judgment will resolve the entire dispute as to entitlement to the Collateral as between the parties and save the parties substantial costs and expenses.

### SEVENTH CAUSE OF ACTION

**(Turnover of LBSF's Property Interest in the Properly Calculated Termination Payment Pursuant to Section 542(b) of the Bankruptcy Code)**

89.     The Debtors hereby incorporate the foregoing paragraphs as if fully restated herein.

90.     Section 542(b) of the Bankruptcy Code expressly provides that ". . . an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on

order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt

may be offset under section 553 of this title against a claim against the debtor." 11 U.S.C. §

542(b).

91.    As fully alleged above, Italease Finance was obligated to pay LBSF a properly

calculated early termination payment under the 2004 Italease Finance Master Agreement and the

2005 Italease Finance Master Agreement.  The amount due to LBSF from Italease Finance is

property of LBSF's estate under section 541(a) of the Bankruptcy Code.

92.    The termination values of the relevant trades under the 2004 Italease Finance

Master Agreement and the 2005 Italease Finance Master Agreement on their respective Early

Termination Dates represent the payments Italease Finance owed to LBSF as of that date.

93.    Italease has failed to pay LBSF those amounts and continues to do so, making the

early termination payment a matured debt.

94.    Accordingly, pursuant to section 542(b) of the Bankruptcy Code, the Debtors

request an order compelling and directing Italease Finance to turn over to LBSF all amounts

owed to LBSF under the 2004 Italease Finance Master Agreement and the 2005 Italease Finance

Master Agreement.

## EIGHTH CAUSE OF ACTION

**(Declaratory Judgment that Italease is Willfully Violating the Automatic Stay under
Section 362 of the Bankruptcy Code)**

95.    The Debtors hereby incorporate the foregoing paragraphs as if fully restated

herein.

96.    Section 362(a)(3) of the Bankruptcy Code provides that the filing of a voluntary

case under chapter 11 of the Bankruptcy Code operates to stay "any act to obtain possession of

property of the estate or of property from the estate or to exercise control over property of the

- 22 -

estate" absent an order of the Bankruptcy Court granting relief from the stay. 11 U.S.C. §
362(a)(3).

97.     As fully stated above, Italease Finance owes LBSF termination payments under
the 2004 Italease Finance Master Agreement and the 2005 Italease Finance Master Agreement in
an amount to be determined at trial.

98.     The failure of Italease Finance to pay LBSF the amount due under the 2004
Italease Finance Master Agreement and the 2005 Italease Finance Master Agreement constitutes
an "act to obtain possession of property of the estate or of property from the estate or to exercise
control over property of the estate" within the meaning of section 362(a)(3) of the Bankruptcy
Code. *Id.*

99.     Under section 105(a) of the Bankruptcy Code, this Court may "issue any order,
process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11
U.S.C. § 105(a).

100.    Accordingly, and by reason of the foregoing, pursuant to 28 U.S.C. § 2201 and
Bankruptcy Rule 7001, Debtors are entitled to (i) a declaration that Italease Finance has acted in
violation of section 362 of the Bankruptcy Code; and (ii) pursuant to section 105(a) of the
Bankruptcy Code, an award of sanctions in an amount to be determined by the Court and
including, but not limited to, Debtors' actual damages, costs, attorneys' fees and expenses, as
well as accrued interest on account of Italease Finance's knowing and willful violation of the
automatic stay.

## PRAYER FOR RELIEF

WHEREFORE, the Debtors pray for judgment against Banca Italease and Italease

Finance as follows:

A.   Sustaining the Debtors' objection to the Claims and disallowing and expunging such claims in their entirety as set forth herein;

B.   Determining that Italease Finance has breached the 2004 Italease Finance Master Agreement and the 2005 Italease Finance Master Agreement and owe LBSF damages in an amount to be determined at trial;

C.   Awarding declaratory judgment in favor of the Debtors, including a declaration of the parties' rights and obligations under the 2005 Italease Finance Master Agreement which would enable the Debtors to seek the release of the Collateral pursuant to the terms of the Declaration of Trust;

D.   Compelling and directing Italease Finance to turn over the properly-calculated termination payment to LBSF;

E.   Declaring that Italease Finance has acted in violation of section 362 of the Bankruptcy Code and awarding sanctions on account of Italease Finance's knowing and willful violation of the automatic stay; and

F.   Granting the Debtors such other and further relief as the Court deems just and proper.

Dated:   New York, New York
       September 15, 2014

Respectfully submitted,

By:   /s/ Locke R. McMurray
     Locke R. McMurray
     Jayant W. Tambe
     Jones Day
     222 East 41st Street
     New York, NY  10017.6702
     Telephone:  (212) 326-3939
     Facsimile:  (212) 755-7306

*Attorneys for Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc.*