**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile:  (212) 610-6399
John Kibler
Jonathan Cho

*Counsel to The Hongkong and Shanghai Banking Corporation Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------X
In re:                                                              :    Chapter 11
                                                                    :
LEHMAN BROTHERS HOLDINGS INC. *et al.*                              :    Case No. 08-13555 (SCC)
                                                                    :
                                                                    :    (Jointly Administered)
Debtors.                                                            :
--------------------------------------------------------------------X

## RESPONSE OF THE HONGKONG AND SHANGHAI BANKING CORPORATION LIMITED TO DEBTORS' FOUR HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

TO THE HON. SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

The Hongkong and Shanghai Banking Corporation Limited (transferee of the private banking business in Singapore and the Hong Kong SAR of HSBC Private Bank (Suisse) SA) ("**HSBC**"), by and through its undersigned counsel, hereby submits this response (the "**Response**") to the Debtors' Four Hundred Seventy-Ninth Omnibus Objection to Claims (No Liability Claims) dated July 30, 2014 (the "**Objection**").  In support of this Response, HSBC respectfully states as follows:

### BACKGROUND

A.  **HSBC's Claims**

1.  Pursuant to trade confirmations dated September 11, 2008 (the "**Trade Confirmations**"), HSBC and Lehman Brothers Commercial Corporation Asia Limited ("**LBCCA**") entered into securities transactions under which LBCCA agreed to purchase certain securities (the "**Trade Securities**") from HSBC (the "**Failed Trades**").  On September 16, 2008, pursuant to the terms of the Trade Confirmations,

HSBC attempted to deliver the Trade Securities to LBCCA. However, LBCCA refused to either accept such delivery or make payment on account of the Trade Securities. Subsequently, on September 18, 2008, HSBC notified LBCCA that LBCCA's failure to perform its obligations by October 2, 2008, would be considered a repudiation of their agreement.

2. LBCCA entered into provisional liquidation on September 19, 2008, and a winding up order was made on November 26, 2008 by the Court of First Instance of the Hong Kong Special Administrative Region (the "**Winding-Up Proceedings**"). As LBCCA never performed its obligations in respect of the Failed Trades, HSBC subsequently filed two claims against LBCCA in the Winding-Up Proceedings on February 18, 2009 for losses incurred from the Failed Trades (the "**Direct Claims**").

3. HSBC historically transacted with LBCCA on the basis that LBCCA had the support of, and was fully guaranteed by, its ultimate parent Lehman Brothers Holdings Inc. ("**LBHI**"). For instance, in a December 2006 Global Annual Review prepared by HSBC in accordance with its annual counterparty risk assessment policy (the "**Annual Review**"), it observed generally "[i]n our view LEH is willing and intends to support its subsidiaries (both implicitly and explicitly) in order to preserve its franchise and reputation" and "[i]n its long-standing history LEH has never walked away from any of its subsidiaries or allowed any to fail."[1] Further, HSBC has in its possession (i) a Secretary's Certificate of Eileen M. Bannon dated as of March 28, 2001, in which it was certified that "Lehman Brothers Commercial Corporation Asia Limited is a fully guaranteed subsidiary of [LBHI]" (the "**2001 Certificate**")[2] and (ii) an Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated June 9, 2005, in which LBHI fully guarantees all of the obligations of LBCCA, and an accompanying Secretary's Certificate of James J. Killerlane III dated as of December 7, 2005, in which it was certified that "on June 9, 2005, LBHI fully guarantee[d] the payment of liabilities, obligations and commitments of Lehman Brothers Commercial Corporation Asia" (the

---

[1] The Annual Review has previously been disclosed to LBHI's counsel, Weil Gotshal and Manges, and may be made available to the Court upon request.
[2] *See* Exhibit A.

"**2005 Guarantee**").[3]  The foregoing documents were all produced to LBHI's counsel, Weil Gotshal & Manges LLP, in response to a Subpoena for Rule 2004 Examination dated as of February 15, 2013 (the "**Subpoena**").

4. Beginning on September 15, 2008 (the "**Petition Date**") and periodically thereafter, LBHI and certain of its affiliates (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  On September 18, 2009, HSBC asserted a guarantee claim against LBHI in the aggregate amount of $724,723.40 in respect of the net amount owing to HSBC as a result of the Failed Trades plus all interest, costs, fees and expenses, in each case, as allowed under applicable law (the "**Guarantee Claim**").

**B.     LBHI's Objection to the Guarantee Claim**

5. On July 30, 2014, LBHI filed the Objection, in which it states that the amount asserted in the Guarantee Claim should be disallowed and expunged with prejudice because HSBC has failed to demonstrate that it "knew of the [2005 Guarantee] before entering any of the relevant transactions or that [it] relied on the [2005 Guarantee] in deciding to extend credit to LBHI's subsidiaries."  Objection ¶ 7.  Essentially, LBHI contends that HSBC cannot assert a guarantee claim against LBHI because it was not aware of and did not rely on any guarantee of LBCCA's obligations when it entered into the Failed Trades.

**ARGUMENT**

6. LBHI has failed its burden of proof to rebut the validity of the Guarantee Claim.  It is well settled that a properly filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).  Further, "because a properly filed proof of claim is deemed allowed until objected to, 'such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's prima facie case.'"  *See In re Adelphia Communs. Corp.*, 2007 Bankr. LEXIS 660 at *16 (Bankr. S.D.N.Y. Feb. 20, 2007) (quoting *In re Greene*, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987).  A claimant only bears the burden of establishing the validity of its claim "'once

---

[3] *See* Exhibit B.

an objectant offers sufficient evidence to overcome the prima facie validity of the claim.'" *Id.* (quoting *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000)).  Such evidence must be "in equal force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009). In this regard, LBHI states that HSBC has failed to demonstrate that it "knew of the [2005 Guarantee] and relied upon it as a guaranty when entering into the [Failed Trades] as the law . . . clearly requires." Objection ¶ 16.  These bare conclusory statements are unsupported by evidence and, given the document that HSBC has produced to date, fall well short of the evidentiary burden necessary to support an objection to the Guarantee Claim.

7.    Contrary to LBHI's assertions, and as evidenced by the Annual Review, HSBC has long operated with the understanding that LBCCA has the implicit and explicit parental support of LBHI, and has documents in its possession—such as the 2001 Certificate and the 2005 Guarantee—that confirm this understanding.  Taken together, the only logical conclusion that can be drawn from these three pieces of evidence is that HSBC not only had knowledge of an LBHI guarantee when entering the Failed Trades, but relied upon such guarantee when doing so.  Thus, the Guarantee Claim plainly satisfies the requirements for asserting a general guarantee set forth in the Objection. *See* Objection ¶¶ 10-11, *citing* 38 AM JUR 2D Guaranty § 14.

8.    Accordingly, the Objection should be denied with respect to the Guarantee Claim based on (i) LBHI's failure to present any basis for the Objection sufficient to negate the *prima facie* validity of the Guarantee Claim, and (ii) the evidence that HSBC has always transacted with LBCCA on the basis that LBCCA's obligations are supported by LBHI.

## RESERVATION OF RIGHTS

9.    To the extent that this Court does not overrule the Objection, HSBC reserves the right to (a) seek discovery from the Debtors regarding the 2001 Certificate and the 2005 Guarantee; (b) supplement or otherwise amend this Response; and (c) request, if necessary, a full evidentiary hearing

pursuant to Rule 9014(e) of the Bankruptcy Rules and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the validity of the Guarantee Claim.

## CONCLUSION

WHEREFORE, for the foregoing reasons, HSBC respectfully requests that this Court (i) deny the Debtors' Objection, (ii) allow the Guarantee Claim in the amount originally asserted therein, and (iii) grant such further relief as this Court deems just and proper.

Dated:  September 29, 2014
        New York, NY

        ALLEN & OVERY LLP

        By: /s/ John Kibler
        John Kibler
        Jonathan Cho
        1221 Avenue of the Americas
        New York, New York  10020
        Telephone (212) 610-6300
        Facsimile (212) 610-6399
        john.kibler@allenovery.com
        jonathan.cho@allenovery.com

        *Counsel to The Hongkong and Shanghai Banking Corporation Limited*