**CHADBOURNE & PARKE LLP**
Thomas J. Hall
Marcelo M. Blackburn
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 408-5100
thall@chadbourne.com

Attorneys for Smith Rocke Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| **Lehman Brothers Holdings, Inc. et al.,** | 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**INTERESTED PARTY SMITH ROCKE LTD.'S OPPOSITION TO FOGADE'S MOTION TO DESIGNATE DIAZ REUS & TARG, LLP AS AGENT FOR RECEIPT OF DISTRIBUTIONS AND HONOR CHANGE OF ADDRESS <u>IN THE LBHI AND LBI PROCEEDINGS</u>**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE

Interested Party Smith Rocke Ltd. ("Smith Rocke"), by and through its counsel, Chadbourne & Parke LLP ("Chadbourne"), files this opposition to the Motion to Designate Diaz Reus & Targ, LLP as Agent for Receipt of All Distributions in the Lehman Brothers Holdings, Inc. ("LBHI") Proceedings and in the Lehman Brothers, Inc. ("LBI") Proceedings, and Honor Change of Address, (the "Motion") filed on August 26, 2014 by the law firm of Diaz Reus & Targ, LLP ("Diaz Reus") on behalf of Fondo de

1

Proteccion Social de los Depositos Bancarios ("FOGADE") a Venezuelan agency allegedly charged with the liquidation of Credican S.A. ("Credican"), a creditor in these proceedings; and in support thereof represents as follows:

**PRELIMINARY STATEMENT**

Smith Rocke objects to the Motion as premature on the grounds that legal proceedings challenging the legitimacy of Credican's intervention and liquidation are pending in Venezuela. In light of the ongoing Venezuelan proceedings, Smith Rocke requests that the Court suspend all distributions to Credican pending their resolution. In the alternative, Smith Rocke requests that the Court place all future distributions to Credican in an escrow account held by an independent third-party pending resolution of the aforementioned Venezuelan legal proceedings.

**OBJECTION**

1. Credican is a Venezuelan company whose assets consist exclusively of promissory notes and other assets (the "Lehman Notes") that are held in the Lehman Brothers Holdings Inc. bankruptcy estate and related proceedings (the "Lehman Proceedings").

2. In November 2009, Credican's shareholders ("Shareholders") engaged Chadbourne to advise, counsel and represent Credican in matters related to the Lehman Proceedings. In connection therewith, Chadbourne prepared and filed proofs of claim for Credican. Chadbourne took all its instructions from the Shareholders as its clients and continued to keep the Shareholders informed of the status of the Lehman Proceedings.

3. On August 30, 2010, Credican was "intervened" by the Venezuelan government. An intervention under Venezuelan law involves taking control of a company from its shareholders and management and placing it under the control of the state and its agents.

4. The intervention of Credican was part of a wave of widely reported interventions in Venezuela that were the result of the late President Hugo Chavez's efforts to implement socialism in Venezuela's financial and commercial sectors. All told, approximately 20 Venezuelan banks and 52 Venezuelan brokerages and related entities are reported to have been intervened between November 20, 2009 and February 3, 2011.[1]

5. Immediately following the notice of intervention, legal proceedings challenging the validity of the intervention were initiated in Venezuela. Those legal proceedings remain pending.

6. On June 1, 2012 and June 4, 2012, Chadbourne received emails from Rosa Maria Jimenez claiming to be an administrator of Credican appointed by the Venezuelan government as of August 30, 2010, purporting to bring to Chadbourne's knowledge that

---

[1] See, e.g., http://www.grupoeniac.com/public_resources/non-periodic/Sector_Financiero_y_Comercio_Internacional/products/Occam/Instituciones_Financieras_en_Crisis-17-02-2011.pdf. The Court may take judicial notice of publicly available materials. See Finn v. Barney, 471 Fed. Appx. 30, 32 (2d Cir. 2012) (noting that courts may take judicial notice of various types of documents, such as news articles, for the purpose of establishing that the information contained therein was publicly available).

3

Credican had been intervened on August 30, 2010, and asserting that the Shareholders and other persons were displaced of their control of Credican. Before its receipt of the June 1 email, Chadbourne had been unaware of the intervention.

7.     On July 3, 2010, after being notified of Credican's intervention, Chadbourne withdrew as claims counsel. See Dkt. 29418.  Contrary to FOGADE's assertions, see Motion at 11, Chadbourne does not purport to represent Credican or claim an entitlement to Credican's distributions.  All actions taken by Chadbourne in the Lehman Proceedings have been taken at the direction and on behalf of the Shareholders as Chadbourne's clients.

8.     Smith Rocke is a British Virgin Islands company that was created by a subset of the Shareholders following the intervention of Credican by the Superintendencia de las Instituciones de Sector Bancario ("SUDEBAN") in order to protect their rights in the assets of Credican and provide a vehicle through which they could challenge the intervention and subsequent liquidation of Credican while maintaining their anonymity in the face of potential retribution from the Venezuelan government.

9.     Smith Rocke sued Venezuela, SUDEBAN, FOGADE in the U.S. District Court for the Southern District of New York seeking compensation for the expropriation and conversion of Credican.  Its claims were dismissed on the grounds that the Court lacked jurisdiction over the sovereign State of Venezuela, SUDEBAN and FOGADE.

See <u>Smith Rocke Ltd</u>. v. <u>Republica Bolivariana de Venezuela, et al</u>., 12-cv-07316 (LGS), 2014 WL, 288705 (S.D.N.Y Jan. 27, 2014).

10.  The lawsuit challenging Credican's intervention in Venezuela, however, remains pending.

11.  If the Motion is granted and Diaz Reus is appointed as Agent for Receipt, distributions of funds due on Credican's claims in these and related proceedings are expected to soon be made to FOGADE. Were Credican's funds to be distributed to FOGADE, however, Smith Rocke would suffer irreperable harm because those funds would become unavailable if and when its challenge to Credican's intervention is successful in Venezuela.

12.  Effectively, the distributions would deny Smith Rocke a remedy before the Venezuelan courts had the opportunity to consider and decide on the legitimacy, or lack thereof, of the intervention.

WHEREFORE, in light of the pending challenge to Credican's intervention in Venezuela and the irreparable harm that Smith Rocke would suffer if FOGADE's Motion is granted and disbursements are made to Diaz Reus, Smith Rocke respectfully requests that the Court deny the Motion and suspend distributions of Credican's assets to FOGADE pending a final decision by Venezuelan courts on the validity of Credican's intervention.

In the alternative, Smith Rocke requests that all of Credican's distributions be placed in an escrow account pending resolution of the Venezuelan courts' review of the intervention.

Date:  New York, NY
       September 29, 2014

Respectfully submitted,

CHADBOURNE & PARKE LLP

By    */s/ Thomas J. Hall*

Thomas J. Hall
Marcelo M. Blackburn
1301 Avenue of the Americas
New York, NY  10019
(212) 408-5100
thall@chadbourne.com

*Counsel for Smith Rocke Ltd.*