Hearing Date: **October 7, 2014 at 10:00 a.m. (Prevailing Eastern Time)**

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Attorneys for James W. Giddens,*
*Trustee for the SIPA Liquidation of Lehman Brothers Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No.: 08-01420 (SCC) SIPA |
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC)<br>(Jointly Administered) |

**TRUSTEE'S STATEMENT IN RESPECT OF FOGADE'S MOTIONS TO DESIGNATE
DIAZ REUS & TARG, LLP AS AGENT FOR RECEIPT OF ALL DISTRIBUTIONS
AND HONOR CHANGE OF ADDRESS IN THE LBI AND LBHI PROCEEDINGS**

James W. Giddens (the "Trustee"), as trustee for the liquidation of the business of

Lehman Brothers Inc. ("LBI"), under the Securities Investor Protection Act of 1970, as amended,

15 U.S.C. §§ 78aaa et seq. ("SIPA"), by and through his undersigned counsel, submits this

statement in respect of the motions (the "FOGADE Motions")[1] filed by Fondo de Protección

Social de los Depositos Bancarios ("FOGADE"), as liquidator of both Banco Canarias De

---

1.  On August 26, 2014, FOGADE filed in the Lehman Brothers Holdings Inc. ("LBHI") chapter 11 cases FOGADE's Motion to Designate Diaz Reus & Targ, LLP as Agent for Receipt of All Distributions and Honor Change of Address in the LBHI and LBI Proceedings (LBHI ECF No. 46173). On August 27, 2014, FOGADE filed a substantially similar motion in the LBI proceeding (ECF No. 9723).

Venezuala, C.A. ("Banco Canarias") and Credican, C.A. ("Credican"), and respectfully represents as follows:

## STATEMENT

1. The Trustee has distributed approximately $13.46 billion through the customer claim process in full satisfaction of more than ninety-nine percent of the allowed LBI customer claims. The Trustee has not, however, yet been able to make a distribution on the customer claim that is the subject of the FOGADE Motions – despite the fact that the Trustee has allowed the claim and stands ready to make the distribution – because of the ongoing dispute as to the claim's rightful owner. In the face of potentially conflicting and competing demands to the distribution, the Trustee stands neutral as to the potential claimants and with respect to the FOGADE Motions. The Trustee files this statement in order to provide the Court with a brief factual background concerning the claim at issue. The Trustee also notes that upon the Court's determination of the proper party to receive the distribution at issue, the Trustee will respectfully request provisions in the Court's order to protect the estate from any further competing claims to that distribution.

**Potential Competing Claims**

*Canarias*

2. On January 29, 2009, Banco Canarias filed a customer claim in the LBI proceeding asserting a claim for certain cash and securities in its LBI account numbered 940-90592 (Claim No. 900003945, the "Canarias Claim"). By a notice dated March 22, 2010, the Trustee allowed the Canarias Claim as a customer claim. The Canarias Claim currently consists of $13.2 million in cash entitlements and three securities, which are available for in-kind delivery (the "Distribution").

2

3. After the Canarias Claim was filed, the Trustee received conflicting information regarding purported changes in the ownership of Banco Canarias and the Canarias Claim. First, on or about November 19, 2009, Superintendencia de las Instituciones del Sector Bancario ("SUDEBAN"), a Venezuelan governmental entity that supervises Venezuelan banks and other financial institutions, decreed the intervention of Banco Canarias.[2] Subsequently, on April 4, 2011, Alvaro Gorrín signed a Declaration, Release, and Assignment form for the Canarias Claim stating that he was the President of Banco Canarias. (See Signed Banco Canarias Declaration, Release, and Assignment (the "Signed Declaration"), attached as Exhibit A.)

*Credican*

4. Over a year later, on May 14, 2012, someone purporting to act on behalf of another Venezuelan financial institution called Credican, which was also intervened by SUDEBAN, executed a notice filed with the Bankruptcy Court, asserting that the Canarias Claim had been transferred to Credican care of Chadbourne & Parke LLP ("Chadbourne") (the "Transfer Notice," filed June 1, 2012, ECF No. 5097). The Transfer Notice was apparently signed by the transferee (Credican) or the transferee's agent (Chadbourne)[3] – it was not signed by Banco Canarias, the apparent transferor.

5. The Transfer Notice was signed more than two years after SUDEBAN intervened Banco Canarias and more than one year after SUDEBAN intervened Credican. See Smith Rocke Ltd. v. Republica Bolivariana De Venez., No. 12 Cv. 7316 (LGS), 2014 U.S. Dist. LEXIS 9692, at *4-5 (S.D.N.Y. Jan. 27, 2014) (explaining that Banco Canarias was intervened

---

2. Decreeing an intervention in Venezuela is a process akin to putting a bank into receivership in the United States. See FOGADE v. FNB Revocable Trust, 263 F. 3d 1274, 1279 (11th Cir. 2001).

3. The signature on the Transfer Notice is not clear.

in November 2009 and Credican was intervened in August 2010).  FOGADE asserts that SUDEBAN has appointed FOGADE, the Venezuelan equivalent of the Federal Deposit Insurance Corporation, to liquidate both Banco Canarias and Credican.  See FOGADE Motions ¶¶ 6, 7, 9.

*Smith Rocke Ltd. and the Credican Shareholders*

6. In September 2012, Smith Rocke Ltd. ("Smith Rocke"), represented by Chadbourne, filed a lawsuit in the District Court for the Southern District of New York regarding the legality of the nationalization of Banco Canarias and Credican by the Venezuelan government (the "District Court Proceeding").  Smith Rocke purports to own shares of Credican and thus a beneficial interest in the Canarias Claim and the Distribution.[4]  See Amended Complaint ¶ 1.  Smith Rocke alleged that "[a]ll of Credican, the Lehman Notes, [and] the portion of the *Lehman* bankruptcy estate corresponding to the Lehman Notes . . . are property of Credican's shareholders including Smith Rocke."[5]  Id. ¶ 49.  In the District Court Proceeding, Smith Rocke argued that the Canarias Claim as well as separate claims against other Lehman entities, belong to Smith Rocke.

7. In January 2014, the District Court Proceeding was dismissed for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act.  See Smith Rocke, 2014 U.S. Dist. LEXIS 9692.  In the Order & Opinion, Judge Schofield declined to make a

---

4. Smith Rocke alleges that it acquired shares of Credican for purposes of filing the District Court Proceeding to protect the identity of certain Venezuelans who were formerly beneficial owners of the Canarias Claim. See Amended Complaint, Smith Rocke, 12-cv-07316 (LGS), (S.D.N.Y. Oct. 11, 2012) ("Smith Rocke's acquisition of certain shares of Credican protects the identity of certain Venezuelans who, as former beneficial owners of the Lehman Notes, reasonably fear for their personal safety, family members and property rights in Venezuela if they were to sue the Bolivarian Republic of Venezuela in a United States Court in their own names.").

5. The Lehman Notes, listed on Exhibit 1 to the Amended Complaint, include "Lehman Brothers Inc. Account No. 940-90592" (the customer account underlying the Canarias Claim) along with claims asserted against other Lehman entities.  See id. Ex. 1.

4

determination on the proper owner of the Canarias Claim. See id. at *8 ("[I]t is unclear what entity is entitled to payment on [the Canarias Claim], and whether [Smith Rocke] has any interest in that entity."). Smith Rocke's appeal to the Second Circuit was dismissed after Smith Rocke failed to file their opening brief. See Smith Rocke Ltd v. Superintendencia de las Instituciones del Sector Bancario, FKA, et al., No. 14-654 (2d Cir. 2014), ECF No. 40.

**Procedural History**

8. On March 12, 2014, Diaz Reus & Targ, LLP ("DRT"), stating that they were counsel to Credican, Banco Canarias, and FOGADE, filed a motion in the LBHI proceeding (the "First DRT Motion," LBHI ECF No. 43537), asserting that DRT is the sole legal representative of Credican and requesting that the court direct any future distributions due to Credican to DRT. On March 21, 2014, Alcantar Law PLLC, stating that they were counsel to the administrators appointed by SUDEBAN to manage Credican, filed its objection to the DRT Motion (the "Alcantar Response," LBHI ECF No. 43690). On March 31, 2014, the LBI Trustee submitted a statement addressing the First DRT Motion, requesting that the Court extend any determination regarding the proper payee of distributions to apply with equal force to the Canarias Claim in the LBI proceeding (LBHI ECF No. 43096). On April 23, 2014, DRT withdrew the DRT Motion without prejudice to re-file. (LBHI ECF No. 44082.) DRT, on behalf of FOGADE, filed the FOGADE Motions in both the LBHI and LBI proceedings on August 26 and August 27, 2014, respectively (ECF No. 9723; LBHI ECF No. 46173).

9. The Trustee's professionals have reached out to each of the parties that have asserted a claim to the Distribution to seek an amicable resolution of the issues presented herein without success. The Trustee's professionals have also offered to provide the potential distributees with a list of mediators.

5

**The Trustee's Request in Connection With Any Order Issued by the Court**

10.     Due to the potentially competing claims to the Distribution described above, the Trustee has not made distributions on the Canarias Claim. The Trustee continues to maintain a reserve for the Canarias Claim.

11.     The Trustee is prepared to deliver the Distribution to the entity properly entitled to possession, subject only to the completion and return of the necessary documents. To make distribution on any customer claim, including the Canarias Claim, the Trustee requires that the customer complete certain necessary and routine documents provided for by SIPA and return them to the Trustee: a Declaration, Release, and Assignment form (a "Release Form"); delivery instructions; and tax forms. For both legal and practical reasons, the Trustee cannot transfer property to a customer without first receiving these documents. The Release Form is necessary to protect the estate from duplicative claims and ensures that the respective claim is resolved in its entirety. Releases of this kind are specifically authorized by SIPA § 78fff-2(b), and were approved by this court on November 7, 2008. (See Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Creditors; and Fixing Interim Reporting Pursuant to SIPA, ECF No. 241.) Additionally, the Trustee must obtain tax forms from customers receiving post-filing income to comply with applicable law.[6]

---

6. The necessity of these forms is further discussed in the Trustee's Second Claims Procedure Motion (ECF No. 7144; August 28, 2013). The resulting Order by this Court (ECF No. 7287) permits the Trustee to deem expunged (after providing specified notice) claims where these documents are not returned.

12. No party other than Banco Canarias has submitted a signed Release Form to the Trustee. In addition, no subsequent notices of transfer have been provided to the Trustee or docketed with the Court in the LBI proceeding regarding the Canarias Claim.

13. Accordingly, the Trustee respectfully requests that in determining the proper party to receive the Distribution, the Court include in its order a provision that relieves and discharges the Trustee from any and all liability to any party with respect to the Distribution once the Distribution is made pursuant to the Court's Order. The Trustee understands that the Court has not yet been provided with a proposed order, and the Trustee is prepared to draft an order and provide it to all relevant parties for comment or objection subject to the Court's instruction.

Date: September 29, 2014
New York, New York

HUGHES HUBBARD & REED LLP

By: /s/ James C. Fitzpatrick
James B. Kobak, Jr.
Christopher K. Kiplok
James C. Fitzpatrick
Jeffrey S. Margolin

One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: james.fitzpatrick@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

# EXHIBIT A



*In re* Lehman Brothers Inc.

Case No. 08-01420 (JMP) SIPA

## DECLARATION, RELEASE AND ASSIGNMENT

**CLAIMANT:**     BANCO CANARIAS

**CLAIM NO.**    900003945
                900003950 (Duplicate of claim 900003945)

**ACCOUNT NO.**  94090592

    The above-named claimant ("Claimant"), having submitted the above-referenced claim(s) (the "Claim") to James W. Giddens (the "Trustee"), as Trustee for the Liquidation of Lehman Brothers Inc. ("LBI"), hereby declares to the Trustee, under penalty of perjury, that Claimant did not receive any payment or other transfer of the Allowed Cash and/or Securities as described in the Notice of Trustee's Determination of Claim dated March 22, 2010 for the above-referenced claim(s) and account number(s) (the "Notice") from LBI, or any entity or other person affiliated with LBI through the date of this declaration.

    Claimant, on behalf of Claimant and his, her or their heirs, successors and assigns, contingent only upon receipt of the Allowed Cash and/or Securities as described in and pursuant to the terms of the Notice (the "Consideration") from the Trustee after receipt by the Trustee of this signed Declaration, Release and Assignment, hereby remises, releases, and forever discharges the Trustee and his agents, employees, professionals, successors and assigns, the Securities Investor Protection Corporation ("SIPC") and its agents, employees, officers, directors, professionals, successors and assigns, and the LBI estate (all of the foregoing, collectively, the "Released Persons") of and from any and all claims or causes of action arising out of or relating to the Claim, the circumstances that gave rise to the Claim, any account(s) Claimant had with LBI, and any other transactions or dealings with LBI or any entity or other person affiliated with LBI relating to the Claim, which the Claimant now has, or hereafter can, shall, or may have, for or by any reason of any cause, matter, or thing whatsoever, prior to and including the date of execution hereof. Claimant represents and warrants that it is aware of no liens or claims against the above-referenced account(s) (the "Account") or its contents, and acknowledges and agrees that, to the extent the Account or property contained therein may be subject to any liens or claim, delivery of the Consideration will be subject to any such liens or claims.

    Notwithstanding any rights or remedies available to Claimant under applicable law, Claimant acknowledges and agrees to return immediately any property to the LBI estate that is later found by the Trustee or determined by a court (i) to have been distributed in error, (ii) to exceed claimant's proportional share of customer property, or (iii) to be subject to liens or claims of the LBI estate or any other entity or other person and will indemnify and hold harmless the Released Persons from and against any damages, costs or losses that may result from any assertion by any such other entity or other person of any such liens or claims.

Further, Claimant hereby assigns and transfers to the Trustee and SIPC all rights, including any and all claims and causes of action, and any proceeds derived therefrom, that Claimant may have against any party, arising out of or relating to the Claim, the circumstances that gave rise to the Claim and any account(s) Claimant had with LBI, to the extent of the Consideration.

Notwithstanding anything else herein to the contrary, claims for cash and/or securities, if any, received by the Trustee after September 19, 2008 are not deemed released hereby and the determination of any such claim will be dealt with separately in the Trustee's continuing administration of the estate .

Claimant further acknowledges the sufficiency of the Consideration and that Trustee may deliver such Consideration in multiple installments. Notwithstanding anything to the contrary herein, to the extent the Consideration is delivered in multiple installments, the releases set forth herein shall take effect only with respect to the portion of the Claim which has been satisfied by such portion of the Consideration.

WITNESS the due execution hereof, intending to be legally bound hereby, this _04_ day of _APRIL_ 2014.

By: _ALVARO GORRIN_
Title: _PRESIDENTE_

Sworn to before me this
_4th_ day of _April_, 2014.

_____
Notary Public
My commission expires:

SARAH CHAN
Notary Public, State of New York
No. 31-4960126
Qualified in New York County
Commission Expires December 18, 20_13_

2


