WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

*Attorneys for Lehman Brothers Holdings Inc.*
*and Lehman Brothers Special Financing Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**            :     **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :     **08-13555 (SCC)**
:
            **Debtors.**      :     **(Jointly Administered)**
:
:
---------------------------------------------------------------x

**DECLARATION OF SCOTT ALLAN IN**
**SUPPORT OF PLAN ADMINISTRATOR'S OBJECTION TO**
**MOTION OF CLAIMANTS SYLVIA VEGA-SUTFIN, MICHELLE**
**SEYMOUR, CHERYL MCNEIL, LINDA HOWARD-JAMES, ISABEL**
**GUADJARDO AND COLEEN DENISE COLOMBO FOR RELIEF FROM**
**STAY AND INJUNCTION ROVIDED UNDER PLAN**

Pursuant to 28 U.S.C. § 1746, I, Scott Allan, declare:

1.      I am over the age of 18 years and make these statements of my own personal

knowledge, my review of relevant business records of Lehman Brothers Holdings Inc. ("LBHI"

or the "Plan Administrator"), BNC Mortgage Inc. ("BNC"), and/or certain of their affiliates

(collectively, the "Chapter 11 Estates"), and/or my consultation with other employees of the

Chapter 11 Estates and the Plan Administrator's attorneys.  If called to testify, I could testify to

the truth of the matters set forth herein.

2.      I submit this declaration ("Declaration") in support of the *Plan Administrator's*

*Objection to Motion of Claimants Sylvia Vega-Sutfin, Michelle Seymour, Cheryl McNeil, Linda*

*Howard-James, Isabel Guajardo and Coleen Denise Colombo  for Relief from Stay and Injunction Provided Under Plan*, filed contemporaneously with this Declaration (the "Objection").

3.        I am a Senior Vice President, Insurance Risk Management with LBHI.  I have worked for the Chapter 11 Estates since December 22, 2008.  My areas of responsibility include all issues related to insuring the assets and operations of the Chapter 11 Estates.  In this role I have independently reviewed, have become familiar with, and have personal knowledge regarding the Chapter 11 Estates' insurance policies entered into before their bankruptcies, including the employment practices liability insurance policy issued by XL Insurance (Bermuda) Ltd. ("XL Insurance"), Policy No. BM00020483EP05A (the "BNC Employment Policy"), that is referenced in the Objection.

4.        I am familiar with the BNC Employment Policy, the California Action and the Claims.  I adopt the representations contained in the Objection, as if set forth in full and at length in this Declaration.

5.        The BNC Employment Policy, for the 2005-2006 policy term, requires BNC to satisfy a $5 million retention per "claim" (as defined in the BNC Employment Policy) before XL Insurance is obligated to pay any amounts (the "Retention").  There are no exceptions to the Retention.  On or about November 1, 2012, I provided a full copy of the BNC Employment Policy to the Plan Administrator's attorneys for Claimants' review, subject to a confidentiality agreement.  It is my understanding that a copy of the BNC Employment Policy was provided to Claimants' counsel on December 20, 2012.

6.        From the commencement of the California Action until it was stayed when BNC filed its Chapter 11 Case, BNC was represented by Orrick, Herrington & Sutcliffe LLP ("Orrick

2

Herrington"). XL Insurance did not retain Orrick Herrington to act as defense counsel for BNC in the California Action. Similarly, neither XL Insurance nor any other insurer has provided BNC with counsel to defend it in the claims objection process, including, without limitation, Keesal, Young & Logan, P.C., and Weil, Gotshal & Manges LLP, the firms that represented BNC in the mediations that BNC and Claimants participated in before Lizbeth Hasse on May 5, 2014 and August 13, 2014, respectively

7.      On or about August 25, 2014, the Plan Administrator, on behalf of BNC, provided XL Insurance with an update on defense costs incurred in connection with the California Action and the claims objection process. To date, BNC has not exceeded the Retention and, consequently, XL Insurance has not taken over the defense of the Claims or the California Action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 30th day of September 2014.

_____
Scott Allan

3