# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*    Case No. 08-13555 (SCC) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claims referenced in this evidence and notice.

| | |
|---|---|
| **Arvo Investment Holdings S.À R.L.** | **Saphir Finance Public Limited Company** |
| Name of Transferee | Name of Transferor |
| | |
| Name and Address where notices to transferee should be sent: | Court Claim No.: 58092 |
| | Amount of Claim Transferred: $6,407,106.65, plus all accrued interest, fees and other recoveries due. |
| 6C, rue Gabriel Lippmann, L-5365 Munsbach, Luxembourg | |
| with a copy to: | Date Claim Filed: October 30, 2009 |
| 8500 Normandale Lake Boulevard Suite 1500 Minneapolis, MN 55437 Attn: Edwina P.J. Steffer E-mail: *esteffer@varde.com* | Phone: Last Four Digits of Acct. #: |
| Last Four Digits of Acct. #: | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**ARVO INVESTMENT HOLDINGS S.À R.L.**

By: /s/ Jakub Jasica    Date: October 1, 2014
Name: Jakub Jasica
Title: Manager

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

119-1623/CERTS/4393448.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc., *et al.*          Case No. 08-13555 (SCC) (Jointly Administered)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM No. 58092 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of the claim, the transferee filed a Transfer of Claims other than for Security in the Clerk's office of this court on        .

| **Saphir Finance Public Limited Company**<br>Name of Alleged Transferor<br><br>Address of Alleged Transferor:<br>c/o McCann FitzGerald<br>Tower 42, Level 38C, 25 Old Broad Street<br>London, EC2N 1HQ England | **Arvo Investment Holdings S.À R.L.**<br>Name of Transferee<br><br>Address of Transferee:<br>6C, rue Gabriel Lippmann, L-5365<br>Munsbach, Luxembourg<br><br>with a copy to:<br><br>8500 Normandale Lake Boulevard<br>Suite 1500<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>E-mail: *esteffer@varde.com* |
|---|---|

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____          _____
                                     CLERK OF THE COURT

119-1623/CERTS/4393448.1

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **SAPHIR FINANCE PUBLIC LIMITED COMPANY** (the "Transferor") hereby unconditionally and irrevocably transfers and assigns to **ARVO INVESTMENT HOLDINGS S.À R.L.**[1] (the "Transferee"), and the Transferee hereby agrees to receive, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule I attached hereto (the "Assigned Claim"), in the Transferor's right, title and interest in and to Proof of Claim Number 58092 filed by or on behalf of the Transferor (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in the chapter 11 case (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of the Transferor relating to the Assigned Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Assigned Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Assigned Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Assigned Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Assigned Claim, and (iv) any and all of the Transferor's right, title and interest in, to and under the agreements, if any, under which the Transferor or any predecessor in interest acquired the rights and obligations underlying or constituting a part of the Assigned Claim, but only to the extent related to the Assigned Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), (d) (to the extent not transferred by an instrument other than this Agreement and Evidence of Transfer of Claim) the security or securities (any such security, a "Transferred Security") relating to the Assigned Claim and specified in Schedule I attached hereto and (e) all rights with respect to the Assigned Claim to vote on any chapter 11 plan proposed in the Bankruptcy Case, and upon receipt of a voting ballot for such plan, the Transferor shall vote on the plan as instructed by the Transferee in the Transferee's sole discretion. For the avoidance of doubt, the Transferee and Transferor acknowledge that, pursuant to the Modified Third Amended Joint Chapter 11 Plan of LBHI and its Affiliated Debtors (the "Plan") and the Notice of Sixth Distribution Date and Record Date dated August 15, 2014, the Debtors and the Plan Administrator (as defined in the Plan) will not recognize any transfer of Claims (as defined in the Plan) after August 23, 2014.

2.    The Transferor hereby represents and warrants to the Transferee that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) to the best of the Transferor's knowledge and belief, the Transferor owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by the Transferor or against the Transferor; (d) the Transferor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Transferred Security specified in Schedule I attached hereto; (f) to the best of the Transferor's knowledge and belief, the Transferor has not

---

[1] For the avoidance of doubt, whenever the Transferee is required hereunder to take any actions or assume any obligations, the Plan Administrator shall cause the Transferee to take such actions or assume such obligations.

1

engaged in any acts, conduct or omissions that will result in the Transferee receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) the Transferor has provided to Purchaser true and correct copies of the Notice of Proposed Allowed Claim Amount, and all distribution notices that it received relating to the Transferred Claims; (h) on account of the Transferred Claims, (I) on or about September 13, 2012, the Transferor received the sum of $231,247.15 (the "First Distribution"), (II) on or about October 15, 2012, the Transferor received the sum of $156,050.14 (the "Second Distribution"), (III) on or about May 23, 2013, the Transferor received the sum of $197,102.78 (the "Third Distribution"), (IV) on or about October 22, 2013, the Transferor received the sum of $233,687.49 (the "Fourth Distribution") and (V) on or about April 7, 2014, the Transferor received the sum of $253,839.06 (the "Fifth Distribution"), and, other than the First Distribution, the Second Distribution, the Third Distribution, the Fourth Distribution and the Fifth Distribution, the Transferor, nor any party on behalf of the Transferor, has received any other payments or distributions on account of the Transferred Claims; and (i) on account of the Transferred Security, (I) on or about May 17, 2013, the Transferor received the sum of EUR 519,708.86 (the "First LBT Distribution"), (II) on or about October 24, 2013, the Transferor received the sum of EUR 203,600.98 (the "Second LBT Distribution") and (III) on or about April 30, 2014, the Transferor received the sum of EUR 218,830.62 (the "Third LBT Distribution"), and, other than the First LBT Distribution, the Second LBT Distribution and the Third LBT Distribution, neither the Transferor, nor any party on behalf of the Transferor, has received any other payments or distributions on account of the Transferred Security.

3. The Transferor hereby waives any objection to the transfer of the Transferred Claims to the Transferee on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of the Transferor by the Transferee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. The Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. The Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to the Transferor transferring to the Transferee the Transferred Claims, recognizing the Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to the Transferee.

4. All representations, warranties and covenants shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. The Transferee shall not be entitled to transfer or assign its rights under such representations, warranties or covenants, provided however, that nothing shall prevent the Transferee from transferring or assigning the Transferred Claims or the Transferred Security.

5. The Transferor shall as soon as reasonably practicable remit any payments, distributions or proceeds received by the Transferor in respect of the Transferred Claims to the Transferee. The Transferor has transferred, or shall transfer as soon as practicable after the date hereof, to the Transferee each Transferred Security to such account, via Euroclear or Clearstream (or similar transfer method, or via another settlement method agreeable to both the Transferee and the Transferor), as the Transferee may designate in writing to the Transferor. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Transferred Security.

6. Each of the Transferor and the Transferee agrees, in each case at the Transferee's expense, to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of

2

this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. The Transferor's and the Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). The Transferor and the Transferee each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. The Transferee irrevocably agrees that it will at no time institute or join any person in bringing, instituting or joining, any insolvency or examinership proceedings (whether court-based or otherwise) in relation to the Transferor. The Transferee hereby agrees that its recourse against the Transferor or in respect of any claim arising out of or in connection with this Agreement and Evidence of Transfer of Claim shall be limited to any amounts received, or to be received, in respect of the Transferred Claims hereunder (the "Transferred Claims Amount") and if having applied the Transferred Claims Amount towards such claim there remain any unpaid amounts in respect of such claim then the Transferee shall have no further claim against the Transferor and such unpaid amounts and claim shall each be deemed to be discharged in full and extinguished.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11 day of September 2014.

| SAPHIR FINANCE PUBLIC LIMITED COMPANY | ARVO INVESTMENT HOLDINGS S.À R.L. |
|---|---|
| By: *[signature]* <br> Name: HUG BEATTIE <br> Title: Authorised Attorney | By: _____ <br> Name: _____ <br> Title: _____ |
| Location of signatory at the time of signature: <br> Address: c/o McCann FitzGerald, Tower 42, Level 38C, 25 Old Broad Street, London, EC2N 1HQ | Location of signatory at the time of signature: <br> 6C, rue Gabriel Lippmann, L-5365 Munsbach Luxembourg |

3

this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. The Transferor's and the Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). The Transferor and the Transferee each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. The Transferee irrevocably agrees that it will at no time institute or join any person in bringing, instituting or joining, any insolvency or examinership proceedings (whether court-based or otherwise) in relation to the Transferor. The Transferee hereby agrees that its recourse against the Transferor or in respect of any claim arising out of or in connection with this Agreement and Evidence of Transfer of Claim shall be limited to any amounts received, or to be received, in respect of the Transferred Claims hereunder (the "Transferred Claims Amount") and if having applied the Transferred Claims Amount towards such claim there remain any unpaid amounts in respect of such claim then the Transferee shall have no further claim against the Transferor and such unpaid amounts and claim shall each be deemed to be discharged in full and extinguished.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11 day of September 2014.

| SAPHIR FINANCE PUBLIC LIMITED COMPANY | ARVO INVESTMENT HOLDINGS S.À R.L. |
|---|---|
| By: _____<br>Name: _____<br>Title: Authorised Attorney | By: _____<br>Name: Jakub Jasica<br>Title: Manager |
| Location of signatory at the time of signature:<br>Address: c/o McCann FitzGerald, Tower 42, Level 38C, 25 Old Broad Street, London, EC2N 1HQ | Location of signatory at the time of signature:<br>6C, rue Gabriel Lippmann, L-5365 Munsbach Luxembourg |

3

Transferred Claims

Assigned Claim

USD 6,407,106.65 (rounded), being 45% of USD 14,238,014.77 (the allowed claim amount).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| EUR 10,000,000 in principal amount of EUR 10,000,000 Floating Rate Notes due 20 March 2011 | XS0213378119 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 10,000,000 | Floating Rate | 2011 | USD 14,310,000.00 |

4