SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz
Thomas C. White

*Attorneys for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  | : |  |
| In re | : | Chapter 11 |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | Case No. 08-13555 (SCC) |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |

---

### *EX PARTE* MOTION OF GIANTS STADIUM LLC FOR AUTHORIZATION TO FILE UNDER SEAL CERTAIN DOCUMENTS IN CONNECTION WITH THE RESPONSE OF GIANTS STADIUM LLC TO DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBERS 64070 AND 64071

Giants Stadium LLC ("Giants Stadium"), by its undersigned counsel, hereby moves *ex parte* pursuant to Section 107(b) (the "Motion") of the United States Bankruptcy Code ("Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure for authorization to file under seal certain documents in connection with the Response of Giants Stadium to Debtors' Objection to Proofs of Claim Numbers 64070 and 64071 (the "Response"), which will be filed on October 6, 2014.  The documents that Giants Stadium seeks to file under seal (i) were produced by Giants Stadium to Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Holdings Inc. ("LBHI," together with LBSF, "Debtors"), were designated as

"confidential" by Giants Stadium pursuant to a confidentiality stipulation between Giants Stadium and Debtors, entered into on May 1, 2013 ("Confidentiality Agreement," attached hereto as Exhibit 1), and contain sensitive, proprietary, and confidential information or (ii) were produced by Debtors to Giants Stadium and were designated as "confidential" by Debtors pursuant to the Confidentiality Agreement, which requires such documents to be filed by Giants Stadium under seal.   Giants Stadium informed Debtors before filing this Motion and have asked Debtors to confirm that they still regard the documents Debtors identified to be confidential so that they should be filed under seal.   Debtors' counsel has not responded, but we expect Debtors support this Motion with respect to the documents that they designated "confidential."   For these reasons, Giants Stadium has good cause to obtain the relief requested herein.   Twice before, the Court has ordered sealed documents designated as "confidential" under the Confidentiality Agreement.   *See* Order Pursuant to Section 107(b) of Bankr. Code and Bankr. Rule 9018 Authorizing Debtors To File Under Seal Information Designated as Confidential in Debtors' Adversary Proceeding Compl. Against Giants Stadium LLC (ECF No. 40678) (entered Oct. 23, 2013); Order Authorizing Baupost Group, LLC To File Under Seal Certain Documents in Connection with the Reply of Baupost Group, LLC to Debtors' Objection to Its Mot. To Quash Debtors' Subpoena Issued Under Federal Rule of Bankr. Procedure 2004 (ECF No. 40432) (entered Oct. 11, 2013).

## INTRODUCTION

1.      On August 22, 2014, Debtors filed their Objection to Proof of Claim Numbers 64070 and 64071 (ECF No. 46050) ("Objection").   In response to the Objection, Giants Stadium will file a Response and accompanying Declaration of

Matthew A. Schwartz in Support of the Response and the exhibits attached thereto ("Schwartz Declaration").  The Schwartz Declaration submits as exhibits to this Court certain documents labeled by the parties as confidential, and these documents are also cited, quoted, or otherwise disclosed in the Response.  Under the terms of the Confidentiality Agreement, these documents and the portions of the Response quoting them may not be filed publicly.  Ex. 1 ¶ 12.  Accordingly, Giants Stadium seeks authorization to file certain documents under seal and redact certain passages in the filed version of the Response.

## BACKGROUND

2.    Under the Confidentially Stipulation, Giants Stadium and Debtors may designate any document produced to the other as "CONFIDENTIAL" "by affixing to them the legend 'CONFIDENTIAL'" based on a good faith belief that the document contains "(a) a trade secret or other confidential research, development or sensitive commercial information protected by Rule 26 of the Federal Rules of Civil Procedure, (b) information subject by law or by contract to a legally protected right of privacy, or (c) information which Giants Stadium is legally obligated to keep confidential, as reasonably determined by Giants Stadium."  Exhibit 1 ¶ 4.

3.    The Confidentiality Stipulation provides that "[a]ll 'CONFIDENTIAL' Discovery Materials may be used by the Parties in connection with the Bankruptcy Case" pursuant to certain limitations.  Exhibit 1 ¶ 7.  For example, "'CONFIDENTIAL' Discovery Materials shall not be filed with the Court, absent consent of the producing Party or, to the extent consent is not obtained, unless the Party seeking to file 'CONFIDENTIAL' materials first obtains from the Court an appropriate sealing order

pursuant to Section 107 of the United States Bankruptcy Code" Exhibit 1 ¶ 12. Additionally, "Discovery Materials designated 'CONFIDENTIAL' . . . shall not be . . . exhibited or disclosed, directly or indirectly, to persons other than: (a) the Court . . .; . . . [and] (c) the Parties, including . . . the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc." Exhibit 1 ¶ 5.

4.     Pursuant to the Confidentiality Stipulation, Giants Stadium designated the seven documents bearing the following production control numbers as "CONFIDENTIAL" and produced them to Debtors:

- GStad_LB_0007089

- GStad_LB_0013376

- GStad_LB_0023066

- GStad_LB_0023298

- GStad_LB_0023863

- GStad_LB_0034286

- GStad_LB_0034400.

5.     Pursuant to the Confidentiality Stipulation, Debtors marked the 12 documents bearing the following production control numbers as "CONFIDENTIAL" and produced them to Giants Stadium:

- LBSF00000197

- LBSF00000419

- LBSF00002658

- LBSF00008083

- LBSF00010884

- LBSF00021718

- LBSF00027036

- LBSF00027165

- LBSF00029046

- LBSF00029059

- LBSF00175736

- LBSF00364447.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in this Motion is Section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure.  *See In re MF Global, Inc.*, 11-2790 MG SIPA, 2012 WL 3260393, at *2 (Bankr. S.D.N.Y. Aug. 8, 2012).

## RELIEF REQUESTED

7.     Giants Stadium requests the entry of an order, substantially in the form attached hereto as Exhibit 2, (i) authorizing Giants Stadium to file under seal the identified documents and redact those passages in the Response citing, quoting, or otherwise disclosing those documents; and (ii) granting such other and further relief as the Court deems just and proper.

## ARGUMENT

8.     Section 107(b) of the Bankruptcy Code "mandat[es] that the Court protect confidential information . . . upon request of a party in interest."  *In re Anthracite*

*Capital, Inc.*, 492 B.R. 162, 170 (Bankr. S.D.N.Y. 2013).  Specifically, Section 107(b) provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).  Once the Court determines that a party seeks protection of "information [that] fits in any of the specified categories," "the court is *required* to protect a requesting interested party and has no discretion to deny the application."  *Video Software Dealers Ass'n* v. *Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).

9.    The procedure for invoking the Court's power under §107(b) is set forth in Rule 9018.  FED. R. BANK. P. 9018, Advisory Committee Notes; *see also In re Anthracite Capital, Inc.*, 492 B.R. at 170 (noting that Rule 9018 governs procedures and does not expand § 107(b) or provide a separate basis for relief).  In essence, a party need only make a motion, as Giants Stadium does here, for such relief:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

FED. R. BANK. P. 9018.

10.    The specified documents fall within the scope of Section 107(b) and thus are entitled to protection.  The information contained in the documents Giants Stadium has designated as Confidential reflect confidential communications with certain third parties that may have an interest in keeping the information confidential.  Thus, by this Motion, the Court should grant Giants Stadium's requested relief.  Likewise, Debtors

have taken the position that the documents they have designated as confidential also fall into the categories of information enumerated in Rule 9018.

11.     Moreover, these documents bear on issues that are critical to the Response and Giants Stadium's claims against Debtors.   For example, the documents support Giants Stadium's argument that Debtors were unable to locate financing necessary to refinance bonds related to the claims herein, which is an important fact to resolving the claims.

## NOTICE

12.     In accordance with Rule 9018, this Motion does not require notice.  Giants Stadium, however, has informed Debtors before filing this Motion and have asked Debtors to confirm that they still regard the documents Debtors identified to be confidential so that they should be filed under seal.  Debtors' counsel has not responded, but we expect Debtors support this Motion with respect to the documents that they designated "confidential."

## NO PRIOR REQUEST

13.     No prior motion for the relief requested herein has been made to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

14.     As there are no novel issues of law relating to the Motion, Giants Stadium requests that the Court waive the requirement that Giants Stadium file a separate memorandum of law in support of the Motion.

-7-

CONCLUSION

15.      For the reasons stated herein, Giants Stadium respectfully requests that the

Court enter an Order pursuant to Section 107(b) of the Bankruptcy Code and Rule 9018

of the Federal Rules of Bankruptcy Procedure, in the form attached hereto as Exhibit 2,

(i) authorizing Giants Stadium to file the specified documents under seal and redact those

passages in the Response citing, quoting, or otherwise disclosing information designated

as confidential; and (ii) granting such other and further relief as the Court deems just and

proper.

Dated: New York, New York          Respectfully submitted,
       October 3, 2014

                                    **SULLIVAN & CROMWELL LLP**

                                  By:      /s/ _____
                                            Bruce E. Clark
                                            Matthew A. Schwartz
                                            Thomas C. White
                                            SULLIVAN & CROMWELL LLP
                                            125 Broad Street
                                            New York, New York  10004
                                            Telephone:  (212) 558-4000
                                            Facsimile:  (212) 558-3588

                                            *Attorneys for Giants Stadium LLC*

# Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
In re                                                       :        Chapter 11
                                                            :        Case No. 08- 13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :
                                                            :        Jointly Administered
                    Debtors.                                :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## AMENDED STIPULATION GOVERNING THE
## PRODUCTION OF CONFIDENTIAL MATERIALS

In connection with the production of documents and other information pursuant to

(i) the discovery protocol between Giants Stadium LLC ("Giants Stadium"), Lehman Brothers

Special Financing Inc. ("LBSF"), Lehman Brothers Holdings Inc. ("LBHI," and together with

LBSF, "Debtors," and with Giants Stadium, the "Parties") dated April 1, 2013 (the "Protocol");

and (ii) the subpoena of Debtors dated May 19, 2010, and served pursuant to the November 23,

2009 order (the "Order") of the United States Bankruptcy Court for the Southern District of New

York (the "Court") granting the Debtors authority to issue subpoenas for the production of

documents and authorizing the examination of persons and entities in the Chapter 11 proceeding

captioned *In re Lehman Brothers Holdings Inc., et al.* (Case No. 08-13555) (the "Bankruptcy

Case"), the Parties hereby stipulate and agree, through their undersigned counsel of record, to the

following Amended Stipulation Governing the Production of Confidential Materials (the

"Stipulation"):

          1.     This Stipulation shall govern the designation and handling of any

document, deposition testimony, electronic data, interrogatory response, response to requests for

admissions, expert report or other information disclosed or produced by or on behalf of the

Parties in response to discovery requests or subpoenas issued by the Parties pursuant to the

Protocol (the "Discovery Materials").

2.    "Document" or "Documents" shall have the meaning set forth in

Rule 26.3(c)(2) of the Local Rules of the United States District Court for the Southern District of

New York.

3.    "Person" or "Persons" shall have the meaning set forth in Rule 26.3(c)(6)

of the Local Rules of the United States District Court for the Southern District of New York.

4.    The Parties may designate any Discovery Materials as

"CONFIDENTIAL" pursuant to this Stipulation by affixing to them the legend

"CONFIDENTIAL" in a size and location that makes the designation readily apparent.

Designation of Discovery Materials as "CONFIDENTIAL" shall be based on a good faith belief

of the designating Party that such materials contain (a) a trade secret or other confidential

research, development or sensitive commercial information protected by Rule 26 of the Federal

Rules of Civil Procedure, (b) information subject by law or by contract to a legally protected

right of privacy, or (c) information that the designating Party is legally obligated to keep

confidential, as reasonably determined by that designating Party.

5.    Except as set forth herein or in any order of the Court, Discovery

Materials designated "CONFIDENTIAL" and any part of the information contained in those

Discovery Materials shall not be delivered, exhibited or disclosed, directly or indirectly, to

persons other than:

US_ACTIVE:\44246782\4\47660.3497

(a) the Court and persons employed by it or appointed by it, including mediators;

(b) court reporters, videographers or other qualified persons taking testimony;

(c) the Parties, including their current employees, consultants, advisors, parents, subsidiaries and affiliates, and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc. (the "Committee"), as well as the Committee's consultants, advisors, and counsel;

(d) counsel retained by the Parties hereto, and the paralegal, clerical and secretarial staff employed by such counsel;

(e) independent copying and computer services firms, or their employees, retained to copy or index any Discovery Materials;

(f) actual or potential party or non-party fact witnesses and the fact witnesses' attorneys, provided there is a reasonable basis to believe that the fact witness may give relevant testimony regarding the designated Discovery Materials;

(g) expert witnesses at or in preparation for deposition or trial, provided there is a reasonable basis to believe the witness may give relevant testimony regarding the designated Discovery Materials;

(h) persons identified on the face of the Discovery Materials as having authored or previously received the Discovery Materials; and

3

(i) such other persons as the Parties may agree upon in writing or as

ordered by the Court and further provided that nothing herein shall prevent or prejudice a

Party from seeking to enlarge the recipients of Confidential information herein by making

such a motion with the Court.

6.    Also, the Parties may designate as "CONFIDENTIAL" any Discovery

Materials produced by any other non-party consultant or advisor to Giants Stadium or Debtors,

to the extent that the Discovery Materials produced satisfy the standards set forth in paragraph 4

above as to the designating Party.

7.    All "CONFIDENTIAL" Discovery Materials may be used by the Parties

only in connection with the Bankruptcy Case, or any litigation, dispute, proceeding, or mediation

arising under, or in connection with, the derivative transaction(s) (the "Transactions") entered

into by Giants Stadium and Lehman Brothers Special Financing, Inc. under the standard form

1992 ISDA Master Agreements, dated July 27, 2007.

8.    Any Party wishing to designate as "CONFIDENTIAL" portions or all of

any deposition testimony may do so on the record during the deposition, or within ten (10)

business days after receipt of the final deposition transcript by providing written notice of the

designation to the other Party and any other affected person(s).  The Party making the

designation shall be responsible for ensuring that those portions of the deposition transcript

designated as "CONFIDENTIAL" are appropriately marked and sealed by the reporter.  The

Parties shall avoid designating entire transcripts as "CONFIDENTIAL" where only a portion

thereof qualifies for such protection, and, to the extent reasonably practicable, only those

portions that qualify for protection should be so designated.  To the extent that deposition

testimony later designated "CONFIDENTIAL" is disclosed by a Party prior to the other Party's

designation of that testimony, such disclosure shall not constitute a breach of this Stipulation, but

such testimony shall thereafter be deemed "CONFIDENTIAL" for all purposes as if it had been

so designated at the time it was given.  To the extent that transcripts of deposition testimony

given prior to the date of this Stipulation already have been designated by agreement of two or

more parties hereto as CONFIDENTIAL in their entirety, nothing herein shall be construed to, or

shall, change such designation or in any way reduce the protections that it affords.

9.      Discovery Materials previously designated "CONFIDENTIAL" that are

marked as exhibits during a deposition shall be treated by the Parties as "CONFIDENTIAL."

10.      Whenever Discovery Materials designated as "CONFIDENTIAL" are to

be discussed or disclosed in a deposition, any Party discussing or disclosing such Discovery

Materials must first exclude from the room any person who is not entitled to receive or review

such material under this Stipulation.

11.      Any Discovery Materials that are inadvertently produced, after the entry

of this Stipulation, without a "CONFIDENTIAL" designation may be subsequently redesignated

by the producing Party as "CONFIDENTIAL" upon written notice making such designations by

specific reference to the Bates numbers of documents previously produced.  No person shall be

liable for disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to

receipt of the written notice described in the previous sentence.

12.      "CONFIDENTIAL" Discovery Materials shall not be filed with the Court,

absent consent of the producing Party or, to the extent consent is not obtained, unless the Party

seeking to file "CONFIDENTIAL" materials first obtains from the Court an appropriate sealing

US_ACTIVE:\44246782\4\47660.3497

order pursuant to Section 107 of the United States Bankruptcy Code or, to the extent that the Court declines to enter a sealing order, the Party seeking to file "CONFIDENTIAL" materials obtains relief from the Court from this Stipulation, enabling such materials to be filed as part of the public record.

13.     The Parties agree that all persons employed by either Giants Stadium or Debtors who are given access to protected Discovery Materials will be instructed that such persons and the Parties are bound by the terms of this Stipulation.

14.     All persons described in paragraphs 5(f), (g), and (h), and any other party who attends a deposition or Rule 2004 examination in connection with the Protocol and is not identified in paragraph 5, must read and agree to be bound by this Stipulation before they are given access to protected Discovery Materials.  Additionally, in the event the protected Discovery Materials are used at a Rule 2004 examination, portions of the transcript of such examination shall also be treated as "CONFIDENTIAL," pursuant to this Stipulation, to the extent that said portions discuss the protected Discovery Materials.

15.     The provisions of this Stipulation, insofar as they restrict the disclosure and use of "CONFIDENTIAL" Discovery Materials, shall continue to be binding on all parties and persons subject to the terms of this Stipulation, as well as undersigned counsel, notwithstanding the final termination of the Bankruptcy Case or any adversarial proceedings commenced in connection with the Transactions.

16.     If any Party receives a subpoena seeking, or court order requiring, the production or disclosure of any "CONFIDENTIAL" Discovery Materials received from another Party, that Party shall give written notice to the producing Party within five (5) business days of

receipt of such subpoena or court order, and in no event less than five (5) business days prior to

the time for production of such Discovery Materials pursuant to the subpoena or court order, if

possible.  If such written notice cannot be made, the Party receiving the subpoena must

immediately give notice to counsel for the producing Party by telephone.  In no event shall

production or disclosure be made before notice is given, unless the Party receiving the subpoena

or court order is prohibited by law or regulatory order from providing such notice. The purpose

of this paragraph is to provide the producing Party the opportunity to intervene at its own

expense to object to the production of such Discovery Materials.

17.    Any Party may object at any time to the designation of any document as

"CONFIDENTIAL" made by the other Party. Any such objection must be in writing to the

designating Party and the objecting Party must request a meeting to attempt to resolve the

dispute.  If the dispute is not resolved through this meet-and-confer process, the objecting Party

may seek appropriate relief from the Court on an expedited basis. The designating Party shall

have the burden to demonstrate that the Discovery Materials that are the subject of any motion

before the Court were properly designated pursuant to this Stipulation and applicable law.  In the

event that a large number of such Discovery Materials are in dispute, the Parties shall use their

best efforts to agree upon a reasonable amount of time during which any Party may move the

Court for appropriate relief.  Any disputed Discovery Materials shall be treated in accordance

with their designation under this Stipulation until the Court rules otherwise.

18.    The inadvertent production of any document or other disclosure of any

document or information that the producing Party contends is subject to the attorney-client

privilege, work-product doctrine or any other privilege or immunity from disclosure shall not be

deemed a waiver in whole or in part of the claim of privilege or protection, either as to the

specific document or the information disclosed or as to any other document or information relating thereto. Within five (5) business days after the discovery of the inadvertent production, the producing Party shall provide written notice to the receiving Party that privileged documents or information have been inadvertently produced or disclosed and request the return of such documents or information. Any document or portion of transcript, including all copies thereof, constituting or containing information as to which notice of inadvertent production is given shall be returned within five (5) business days of such demand.

19.    If any Party objects to a claim of privilege or a claim of inadvertent production given pursuant to the preceding paragraph, it shall so notify the other Party in writing. The Parties shall attempt to resolve the dispute amicably within the five (5) business days following such written notice. If the dispute is not resolved, the Party claiming privilege or inadvertent production may move the Court for appropriate relief concerning the document(s) at issue. From the time of the notification of inadvertent production, any documents or information as to which notice is given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the Parties otherwise agree.

20.    Upon the later of (a) termination of this Stipulation, (b) the termination of all litigation or proceedings, including mediations, commenced in connection with the Transactions or (c) the resolution of all disputes between the Parties relating to the Transactions (whichever occurs latest), the producing Party may request the destruction or the return of all copies of all Discovery Materials produced in connection with the Rule 2004 Discovery, except those filed with the Court. If such a request is made in writing, the recipient of such a request shall have thirty (30) days in which to (a) return all copies of the Discovery Materials, if that is the request, or (b) destroy all copies of the Discovery Materials, if that is the request, and, if the

8

Discovery Materials are destroyed, to certify in writing that such destruction has occurred.

Nothing herein shall prevent the Parties from maintaining a set of documents and pleadings filed

with the Court even if those filed documents and pleadings were filed under seal and contain

Confidential information.

21.    Nothing in this Stipulation shall limit a Party's use of its own documents

or prevent it from disclosing its own "CONFIDENTIAL" information to any person.  Such

disclosures shall not affect any "CONFIDENTIAL" designations made pursuant to the terms of

this Stipulation so long as disclosure is made in a manner that is reasonably calculated to

maintain the confidentiality of the information.

22.    The failure to designate Discovery Materials as "CONFIDENTIAL" shall

not constitute a waiver of any claim outside of the Rule 2004 Discovery process or related

litigation that such materials contain trade secrets or proprietary business information, or are

otherwise confidential.

23.    Nothing in this Stipulation shall relieve a Party of its obligations under the

Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure or under any

future stipulations and orders, regarding the production of documents or the making of timely

responses to discovery requests.

24.    This Stipulation may be signed in counterparts.

25.    This Stipulation supersedes and replaces in its entirety the Stipulation

Governing the Production of Confidential Materials entered into by the Parties on August 3,

2010.

US_ACTIVE:\44246782\4\47660.3497

26.    The Parties agree to be bound by the terms of this Stipulation upon the signing of the Stipulation by their respective undersigned counsel.

Nothing in this Stipulation shall prejudice the right of either Debtors or Giants Stadium to apply to the Court for appropriate relief.

IT IS HEREBY STIPULATED AND AGREED:

Date:  May 1, 2013

WEIL, GOTSHAL & MANGES LLP

By:_____
      Richard W. Slack, Esq.
      Lauren Hoelzer Helenek, Esq.
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000

*Counsel for Lehman Brothers
Holdings, Inc. and Lehman Brothers
Special Financing, Inc.*

SULLIVAN & CROMWELL LLP

By:_____
      Bruce E. Clark, Esq.
      Matthew A. Schwartz, Esq.
      125 Broad Street
      New York, New York 10004
      Telephone: (212) 558-4000

*Counsel for Giants Stadium LLC*

10

# Exhibit 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————

|                                           |     |                        |
|-------------------------------------------|-----|------------------------|
| In re                                     | :   | Chapter 11             |
|                                           | :   |                        |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*,  | :   | Case No. 08-13555 (SCC) |
|                                           | :   |                        |
| Debtors.                                  | :   | Jointly Administered   |
|                                           | :   |                        |

————————————————————————

## ORDER AUTHORIZING GIANTS STADIUM LLC TO FILE UNDER SEAL CERTAIN DOCUMENTS IN CONNECTION WITH THE RESPONSE OF GIANTS STADIUM LLC TO DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBERS 64070 AND 64071

Upon the *ex parte* Motion ("Motion") of Giants Stadium LLC ("Giants Stadium") for the entry of an order (this "Order") pursuant to Section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure authorizing Giants Stadium to file under seal certain documents ("Confidential Documents") in connection with the Response of Giants Stadium To Debtors' Objection to Proof of Claim Numbers 64070 and 64071; and upon consideration of the Motion and related papers; and due and appropriate notice of the Motion having been given, it is hereby **ORDERED** that:

1.      The Motion is GRANTED.

2.      Giants Stadium is authorized to file under seal the Confidential Documents, which are listed in the Motion, by delivering such documents to Chambers and to the Clerk of the Court's attention with a letter referencing this Order:

    a.      An unredacted copy of the Response of Giants Stadium To Debtors' Objection to Proof of Claim Numbers 64070 and 64071 ("Response"); and

    b.      A copy of the Declaration of Matthew A. Schwartz in Support of the Response, with the Confidential Documents attached as exhibits.

3.      The documents subject to this Order shall remain under seal and confidential and shall not be made available to anyone, other than as provided for in paragraph 4 of this Order, without the consent of Giants Stadium or without further order of the Court.

4.      The Confidential Documents shall be made available only to the Court and counsel to Lehman Brothers Special Financing Inc. and Lehman Brothers Holdings Inc.

5.      Giants Stadium will dispose of the Confidential Documents at the conclusion of this matter.

6.      Notwithstanding anything contained in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules of the Southern District of New York, the terms and conditions of this Order (i) shall be immediately effective and enforceable upon its entry, and (ii) shall not prejudice the rights of any party in interest or the United States Trustee to seek to unseal the Confidential Documents in whole or in part.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  _____, 2014
        New York, New York

                          _____
                          THE HONORABLE SHELLEY C. CHAPMAN
                          UNITED STATES BANKRUPTCY JUDGE

-2-