DIAZ REUS & TARG, LLP.
100 S.E. 2nd Street, Suite 3400
Miami, FL 33131
Telephone (305) 375-9220
Facsimile (305) 375-8050

Attorneys for Fondo De Protección Social
De Los Depósitos Bancarios (FOGADE)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:** : | Case No. 08-13555 (SCC) |
| : | |
| : | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS, INC. et al.** : | |
| : | (Jointly Administered) |
| Debtors. : | |
| : | |

**FOGADE'S RESPONSE TO INTERESTED PARTY SMITH ROCKE LTD.'S
OPPOSITION TO FOGADE'S MOTION TO DESIGNATE DIAZ REUS & TARG, LLP
AS AGENT FOR RECEIPT OF ALL DISTRUBUTIONS AND HONOR CHANGE OF
ADDRESS IN THE LBHI AND LBI PROCEEDINGS**

Fondo de Proteccion Social de los Depositos Bancarios ("FOGADE") files this Response to Interested Party Smith Rocke Ltd.'s Opposition to FOGADE's Motion to Designate Diaz Reus & Targ, LLP as Agent for Receipt of All Distributions in the Lehman Brothers Holdings, Inc. ("LBHI") proceedings and in the Lehman Brothers, Inc. ("LBI") proceedings, and states:

**RESPONSE**

*Smith Rocke Is Looking To Take A Second Bite Out of the Proverbial Apple*

1. Smith Rocke has no standing to claim any interest in the Lehman Notes.[1]

---

[1] For purposes of this response, the "Lehman Notes" are: Claim 62726 against Lehman Brothers Holdings, Inc. ("LBHI"), filed by Credican; Claim 62722 against LBHI, transferred from Banco Canarias to Credican on June 1, 2012 by virtue of a Transfer of Claim Other Than As Security Form [ECF No. 28390]; Claim 64729 against LBHI, transferred from Banco Canarias to Credican on June 1, 2012, by virtue of a Transfer of Claim Other Than As Security Form [ECF No. 28392]; Claim 90003945 against Lehman Brothers, Inc. ("LBI") in the SIPA

2. Smith Rocke already claimed, unsuccessfully, entitlement to these funds in *Smith Rocke Ltd. v. Republica Bolivariana de Venezuela, et al.*, 12 CV 7316 LGS, 2014 WL 288705 (S.D.N.Y. 2014). The district court held that Smith Rocke had no interest in the Lehman Notes. Specifically, the district court held:

> Although [Smith Rocke] does not say in the Complaint or elsewhere when these transfers [of the interest on the Lehman Notes from the Credican shareholders to the Smith Rocke shareholders] occurred, presumably they could not have occurred, and [Smith Rocke] does not allege they occurred, until after March 1, 2012, when Smith Rocke was created. Although it is unclear when [Smith Rocke] acquired its alleged interest in the Lehman Notes, *it is undisputed that Venezuela acquired its interest in the Notes before [Smith Rocke] did, when it intervened either Banco Canarias or Credican in 2009 and 2010 respectively*.

*Id.* at *2 (emphasis added). *See* Opinion and Order attached as Exhibit "A."

3. Indeed, Smith Rocke has no interest in the Lehman Notes because SUDEBAN acquired its interest first, when it intervened Credican.

4. Subsequently, SUDEBAN appointed FOGADE as liquidator of Credican. *See* May 19, 2014 Gaceta Oficial attached as Exhibit "B."

5. FOGADE's role is to use the proceeds of the liquidation to pay depositors and satisfy approved debts of these failed institutions.

6. No other entity or person is entitled to act on behalf of Credican, and any distributions payable to Credican should be disbursed to FOGADE.

---

proceedings, transferred from Banco Canarias to Credican on June 1, 2012 by virtue of a Transfer of Claim Other Than As Security Form [LBI ECF No. 5097].

*There Is No Pending Litigation In Venezuela Challenging The Intervention of Credican*

7. Smith Rocke alleges that legal proceedings challenging the validity of the intervention of Credican, C.A. ("Credican") are still pending in Venezuela. Curiously, Smith Rocke does not attach proof of such proceedings to its response. This is because there is no legal proceeding pending in Venezuela that would have any bearing on this matter.

8. Four years ago, Credican initiated litigation in Venezuela challenging SUDEBAN's decision to intervene Credican. First, it filed an administrative appeal against SUDEBAN's Resolution No. 568-10 of August 30, 2010 ordering the intervention of Credican. The administrative body held that the appeal had no merit (the "Administrative Decision"). *See* Decision of the Tribunal Supremo de Justicia de Venezuela attached as Exhibit "C" at pg. 1.

9. Second, Credican filed a complaint seeking the nullification of the Administrative Decision before the Tribunal Supremo de Justicia de Venezuela on December 2, 2010. The Tribunal held that the nullification complaint was inadmissible and issued judgment dismissing the complaint on November 22, 2012 (the "2012 Judgment"). *See* Exh. "A."

10. Credican did not appeal the 2012 Judgment and never filed any other claim in any other court. In April of 2014 (only a few months ago and two years after the 2012 Judgment was issued), an appeal was filed challenging Credican's intervention. This appeal is not a "pending lawsuit," but a red-herring for at least three reasons:

11. First, what the appeal is challenging is SUDEBAN's administrative order of intervention, which has no legal effect on this matter because Credican is now under liquidation by FOGADE, and no longer under intervention.

3

12. Second, an appeal does not stay the effect of the administrative act ordering the intervention. *See* Declaration of Carlos Mouriño Vaquero attached as Exhibit "D." Notably, administrative acts are presumed legal until a court decides to the contrary. *Id.*

13. There is no pending litigation challenging the liquidation of Credican by FOGADE.

14. Therefore, FOGADE, as liquidator of Credican, is entitled to all monies payable to Credican to pay depositors and creditors of the liquidated institution. Any distributions payable to Credican should be disbursed to FOGADE.

WHEREFORE, FOGADE as liquidator of Banco Canarias C.A. and Credican, C.A., requests the entry of an order:

(i) granting FOGADE's Motion to Designate Diaz Reus & Targ, LLP as Agent for Receipt of All Distributions in the Lehman Brothers Holdings, Inc. proceedings and in the Lehman Brothers, Inc. proceedings.

(ii) recognizing that Diaz Reus & Targ, LLP is its attorneys and agent for purposes of all matters in this case, and directing the Debtors and Plan Administrator, as the case may be, to direct any future distributions due to Credican, C.A. on account of its allowed claims to be payable to Diaz Reus & Targ, LLP Trust Account., instead of sending such distributions to Chadbourne & Parke, LLP, and/or Raul Alcantar, and/or any other party or representative;

(iii) honoring its Notice of Change of Address for purposes of distributions and notices;

(iv) stating that its determination regarding the rightful payee on Credican's claims in the LBHI proceedings is applicable to the LBI proceedings as well; and

(v)     granting such other relief as may be just and proper under the circumstances.

**NOTICE**

Notice of this Motion has been given to the Office of the United States Trustee, counsel for the Debtors, and parties that have requested service pursuant to Federal Rules of Bankruptcy Procedure 2002 in these chapter 11 cases and to Chadbourne and Parke LLP and to Raul Alcantar. Based on the foregoing, FOGADE respectfully submits that no further notice is needed.

Date: October 3, 2014
Miami, Florida

    /s/ Nicholas B. Bangos
Nicholas B. Bangos

DIAZ, REUS & TARG, LLP
100 S.E. 2nd Street
3400 Miami Tower
Miami, FL 33131
Telephone (305) 375-9220
Facsimile (305) 375-8050
cgonzalez@diazreus.com