DIAZ REUS & TARG, LLP.
100 S.E. 2nd Street, Suite 3400
Miami, FL 33131
Telephone (305) 375-9220
Facsimile (305) 375-8050

Attorneys for Fondo De Protección Social
De Los Depósitos Bancarios (FOGADE)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:** : | Case No. 08-13555 (SCC) |
|  : |  |
|  : | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS, INC. et al.,** : |  |
|  : | (Jointly Administered) |
| Debtors.  : |  |
|  : |  |

## DECLARATION OF CARLOS MOURIÑO VAQUERO

I, Carlos Mouriño Vaquero, hereby declare as follows under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am over eighteen years of age and am fully competent to execute this declaration.

2. The facts set forth in this declaration are within my personal knowledge.

3. I am a Venezuelan attorney licensed to practice law in Venezuela. I obtained my law degree with specialization in Administrative Law from Universidad Católica Andrés Bello.

4. I teach Administrative Law and Administrative Practice at the Universidad Católica Andrés Bello Law School, where I have also been Chair of the Administrative Practice Department.

5. I have been a Magistrate Vice-President of the Corte Primera en lo Contencioso Administrativo.

6.     I have authored several articles and papers in a variety of Public Law issues, published in magazines of Universidad Católica Andrés Bello Law School and the Tribunal Supremo de Justicia, and others.

7.     Diaz, Reus & Targ, LLP, requested my opinion as a specialist on Venezuelan Administrative Law in regards to the presumption of legality and validity of the administrative acts under Venezuelan law, specially in regards to the April 3, 2014 appeal of the November 22, 2012 judgment dismissing the judicial appeal of the administrative act contained in the Resolution 503-10 of October 2010 of the Superintendencia de Bancos y Otras Instituciones Financieras, today known as Superintendencia de las Instituciones del Sector Bancario ("SUDEBAN"), which dismissed the administrative appeal filed against the Resolution No. 468-10 that led to the intervention of Credican C.A.

8.     On April 3, 2014, Credican C.A. appealed a November 22, 2012 judgment of the Tribunal Supremo de Justicia dismissing Credican's complaint as inadmissible.

9.     It is well established that all administrative acts are presumed legal and valid under Venezuelan law, doctrine and precedent. Administrative acts are valid unless a court (article 259 of the Constitution of the Bolivarian Republic of Venezuela) or administrative body (Article 83 of Ley Organica de Procedimientos Administrativos) holds that the act is null.

10.    Article 87 of the Venezuelan Ley Orgánica de Procedimientos Administrativos, states that the sole filing of an administrative appeal does not stay the effect of the administrative act.

11.    A party can also seek judicial review of the administrative act under Article 259 of the Constitution of the Bolivarian Republic of Venezuela and Ley Orgánica de lo Contencioso

2

Administrativo. The judicial review of the administrative resolution or act does not stay the effect of the administrative act either. The movant has to seek such a stay.

12. The law allows a party to seek the stay of the effect of an administrative act until the judicial review is completed, according to Article 5 of the Ley Organica de Amparo Sobre Derechos y Garantias Constitucionales, Article 103 of the Ley Organica de la Jurisdiccion Contenciosa Administrativa, or Article 588 of the Venezuelan Code of Civil Procedure. Here, Credican did not seek such a stay and that is the reason why the intervention has never been stayed or nullified.

13. Accordingly, I conclude that neither the filing of the judicial review that was denied on November 22, 2012, nor the April 3, 2014 appeal of the November 22, 2012 judgment, stay the effect of the intervention, which is still valid and has never been nullified.

14. Furthermore, Credican is no longer under intervention and is being liquidated by FOGADE since May of 2014, and the administrative act ordering the liquidation is perfectly valid, as well.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed:   Miami, Florida
            October 3, 2014

/s/ Carlos Mouriño Vaquero
Carlos Mouriño Vaquero