WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
**In re**                                                   :   **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                :   **08-13555 (SCC)**
                                                            :
Debtors.                                                    :   (Jointly Administered)
                                                            :
------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING MOTION OF**
**LEHMAN BROTHERS HOLDINGS INC. FOR APPROVAL OF**
**SETTLEMENT AGREEMENT REGARDING CLAIMS OF CANARY WHARF**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

    Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* (the "Second Amended Case Management Order") [ECF No. 9635], the undersigned hereby certifies as follows:

    1.  On September 22, 2014, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), filed with this

WEIL:\95111316\1\58399.0011

Court the *Motion of Lehman Brothers Holdings Inc. for Approval of Settlement Agreement Regarding Claims of Canary Wharf* (the "Motion") [ECF No. 46343].

2. In accordance with the Second Amended Case Management Order, September 30, 2014 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file responses to the Motion (the "Objection Deadline"). The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motion been served on the Plan Administrator's counsel.

4. Accordingly, for the reasons set forth in the Motion, the Plan Administrator respectfully request that the proposed Settlement and Compromise of all Claims Filed By the Canary Wharf Claimants annexed hereto as Exhibit A and unmodified since the

filing of the Motion, be entered in accordance with the procedures described in the Second Amended Case Management Order.

     5.    I declare that the foregoing is true and correct.

Dated: October 6, 2014
       New York, New York

                        /s/ Robert J. Lemons
                        Robert J. Lemons

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Lehman Brothers Holdings Inc.
                        and Certain of Its Affiliates

# **EXHIBIT A**

**(Proposed Order – ECF No. 46343)**

WEIL:\95111316\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
: 
In re : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC. *et al.*, : Case No. 08-13555 (SCC)
:
Debtors. : Jointly Administered
:
:
------------------------------------------------------------------------x

**SETTLEMENT AND COMPROMISE OF ALL
CLAIMS FILED BY THE CANARY WHARF CLAIMANTS**

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of LBHI and Its Affiliated Debtors (the "Plan")[1], and (i) Heron Quays (HQ2) T1 Limited and Heron Quays (HQ2) T2 Limited (collectively, the "Landlord"), (ii) Canary Wharf Management Ltd. (the "Management Company"), and (iii) Canary Wharf Contractors Ltd. (the "Contractor") (parties (i) through (iii), collectively, "Canary Wharf" and, together with LBHI, the "Parties"), hereby stipulate and agree as follows:

**RECITALS**

A. A lease for property at 25 Bank Street in London, England, dated March 16, 2005 (the "Lease") was executed by, *inter alia*, LBHI as Surety, Lehman Brothers Limited ("LBL") as Tenant, the Landlord, and the Management Company.

B. A Letter of Appointment for Fitting Out Works, dated March 30, 2001, was executed by the Contractor, LBL, and LBHI, and subsequently modified by a Novation

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

Agreement dated as of November 29, 2002, executed by the Contractor, LBL, Lehman Brothers Lease & Finance No. 1 Limited ("Lehman Finance"), and LBHI. Pursuant to those documents (collectively, the "Management Agreement"), the Contractor agreed to procure the performance of trade contractors with respect to various construction projects and fitting out works at the 25 Bank Street property in exchange for payment by Lehman Finance or LBHI.

C. On September 15, 2008, LBHI filed for bankruptcy under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

D. Also on September 15, 2008, LBL entered administration proceedings in the United Kingdom.

E. On October 24, 2008, Lehman Finance entered administration proceedings in the United Kingdom.

F. On July 2, 2009, the Bankruptcy Court entered an order establishing September 22, 2009 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for the filing of proofs of claim against LBHI based upon prepetition claims.

G. On September 14, 2009, Canary Wharf timely filed three proofs of claim against LBHI indicated below for the amounts allegedly owed by LBHI in respect of certain obligations under the Lease and the Management Agreement (collectively, the "Canary Wharf Claims"):

| **Claimant** | **Claim Number** | **Filed Amount** |
| --- | --- | --- |
| Management Company | 14824 | $195,550,000 |
| Contractor | 14825 | $832,995 |
| Landlord | 14826 | $4,280,970,000 |
| **TOTAL** | | **$4,477,352,995** |

H. On August 22, 2011, the Parties entered into a stipulation (so ordered by the Bankruptcy Court on September 1, 2011) ("2011 Stipulation") pursuant to which the Canary Wharf Claims were reduced to the following maximum amounts:

| **Claimant** | **Claim Number** | **Filed Amount** |
|---|---|---|
| Management Company | 14824 | $9,150,000 |
| Contractor | 14825 | $850,000 |
| Landlord | 14826 | $770,000,000 |
| **TOTAL** | | **$780,000,000** |

I. In the 2011 Stipulation, LBHI agreed that it would reserve against payment of such maximum allowable amounts, until such time as the Canary Wharf Claims were settled or finally adjudicated, an amount equal to the sum which would have been distributed in respect of such maximum allowed amount had the same been allowed as Class 3 claims under the Plan. Pursuant to that obligation, LBHI has to date reserved a total of $210,010,179.60 on account of the Canary Wharf Claims ("Existing Reserve").

J. On August 15, 2012, LBHI filed an objection to Claim Nos. 14824 and 14826. On October 12, 2012, the Landlord and Management Company filed a response to the objection. LBHI filed a reply on January 10, 2013.

K. Discovery on issues of liability with respect to Claim Nos. 14824 and 14826 was completed in September 2013. In 2014, the Parties cross-moved for summary judgment on certain liability issues for Claim Nos. 14824 and 14826.

L. After good-faith arm's-length negotiations and with the assistance of a mediator, the Parties have agreed to resolve the disputes concerning the Canary Wharf Claims pursuant to the terms and conditions set forth in this stipulation (the "Stipulation").

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed by the Parties that:

1. Upon execution of this Stipulation by all Parties, LBHI's reserve obligations under the 2011 Stipulation are terminated, and LBHI may release the Existing Reserve subject to restoration pursuant to Paragraph 9 below.

2. Upon the date of approval of this Stipulation by the Bankruptcy Court (the "Effective Date"), the Contractor's claim, Claim No. 14825, shall be disallowed and expunged, and the claims of the Management Company and the Landlord shall be allowed as Third-Party Guarantee Claims against LBHI in LBHI Class 9A of the Plan in the amounts set forth below (the "Allowed Claims"):

| **Claimant** | **Claim Number** | **Allowed Amount** |
|---|---|---|
| Management Company | 14824 | $5,000,000 |
| Landlord | 14826 | $345,000,000 |
| **TOTAL** | | **$350,000,000** |

3. On or before five (5) business days after the Effective Date, LBHI shall remit to Canary Wharf all amounts payable on account of the Allowed Claims pursuant to section 8.4 of the Plan, including interest earned on the amount retained with respect to the Canary Wharf Claims, through the date of such payment. Thereafter, LBHI shall continue to make distributions in respect of the Allowed Claims in accordance with section 8.4 of the Plan.

4. As used herein, the term "Claimant Parties" means Canary Wharf and its parents, subsidiaries, affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys.

5. As used herein, the term "Debtor Parties" means LBHI, its estate, its controlled subsidiaries or affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys, but does not include LBL.

6. Upon the Effective Date, except with respect to the Allowed Claims and Canary Wharf's entitlement to receive distributions in respect thereof, the Claimant Parties hereby irrevocably waive and release any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff, debts, liens, losses, demands, damages, costs and causes of action arising under or relating to the matters set forth or described in Claim Nos. 14824, 14825 and 14826 (collectively, the "Claimant Released Claims") against any of the Debtor Parties, and are hereby barred from asserting any and all Claimant Released Claims against any of the Debtor Parties whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation by the Parties. For the avoidance of doubt, nothing in this agreement in any way releases LBL from any claims that have been or might be made by the Claimant Parties.

7. Upon the Effective Date, the Debtor Parties hereby irrevocably waive and release any and all claims, counterclaims, defenses, rights of setoff, debts, liens, losses, demands, damages, costs and causes of action arising under or relating to the matters set forth or described in Claim Nos. 14824, 14825 and 14826 (collectively, the "Debtor Released Claims") against any of the Claimant Parties, and are hereby barred from asserting any and all Debtor Released Claims against any of the Claimant Parties whatsoever, whether known or unknown, presently existing,

whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation by the Parties.

8. LBHI shall submit this Stipulation to the Bankruptcy Court for its approval within five (5) days of execution by all Parties, and shall use its reasonable best efforts to obtain such approval as promptly as possible.

9. If this Stipulation is disapproved by the Bankruptcy Court, it shall be void *ab initio* subject, however, to the remainder of this Paragraph 9.  If the Stipulation has not been approved by the Bankruptcy Court within thirty (30) days of the execution of this Stipulation by all Parties, then LBHI will (a) restore the Existing Reserve before making any further Distributions under the Plan, and (b) after restoring the Existing Reserve, continue to reserve for the Canary Wharf Claims as set forth in the 2011 Stipulation as if LBHI's obligations under the 2011 Stipulation had never been terminated hereunder.

10. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements, representations, and understandings among the Parties relating thereto.

11. This Stipulation may not be amended or modified in any way other than by signed writing executed by all Parties.

12. Each person who executes this Stipulation represents and warrants that: (a) he or she has the full right, power and authority to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation and to perform its obligations hereunder; and (b) the execution of this Stipulation and the performance of each such Party's obligations hereunder does not and will not conflict with or result in a breach (including with the passage of time) of any other agreement to which it is a party.

13. This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors and assigns.

14. This Stipulation shall be deemed to have been jointly written by the Parties, and ambiguities shall not be construed against any Party by reason of that Party having drafted all or any part of this Stipulation.

15. No waiver of any of the provisions of this Stipulation shall be deemed to constitute a waiver of any of the other provisions hereof, whether or not similar, nor shall such waiver constitute a continuing waiver.

16. This Stipulation shall not constitute an admission of legal responsibility, liability, or fault on the part of any Party.

17. This Stipulation shall not be admissible or used by the Claimant Parties in any way to prove LBL's non-liability or liability arising under or relating to the Lease or the Management Agreement in any matter or proceeding.

18. Each party shall bear its own costs and attorneys' fees incurred in this matter.

19. This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to the conflicts of law principles thereof.

20. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation, such matter shall be adjudicated in either a federal district court or a state court in the County of New York in the State of New York.

21. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Parties.

Dated: September 17, 2014

By: /s/ David J. Lender
    David J. Lender
    Peter D. Isakoff
    Robert J. Lemons
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Tel: (212) 310-8000
    Fax: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.*, as Plan Administrator

By: /s/ Marc De Leeuw
    David B. Tulchin
    Marc De Leeuw
    John J. Jerome
    SULLIVAN & CROMWELL LLP
    125 Broad Street
    New York, New York 10004
    Tel: (212) 558-4000
    Fax: (212) 558-3588

*Attorneys for Heron Quays (HQ2) T1 Limited, Heron Quays (HQ2) T2 Limited, Canary Wharf Management Ltd., and Canary Wharf Contractors Ltd.*

IT IS SO ORDERED.

Signed: October __, 2014

_____
HON. SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE