**Exhibit C**

# EXHIBIT C

# Proposed RMBS Protocol

I. Production and Review of Claim Files

    a. Claim Submission:

        i. Each RMBS Trustee may submit to the Plan Administrator claims for alleged breaches of Representations and Warranties and Document Deficiencies (collectively "RMBS Claims"), as described below.

        ii. Any such RMBS Claim shall be submitted on a loan-by-loan basis in accordance with the Trust Agreement or other governing agreement providing a remedy for such alleged RMBS Claim.

        iii. All such claims shall be submitted on a rolling basis promptly upon the applicable RMBS Trustee's good faith determination that the RMBS Claim File contains a Material Breach (as defined below) and in no event shall any RMBS Claim or RMBS Claim File be submitted more than sixty (60) days after entry of this Order (the "RMBS Claim Cut-Off Date"). Any RMBS Claim not submitted prior to the RMBS Claim Cut-Off Date shall be deemed disallowed and expunged without further order of the Court.

        iv. The applicable RMBS Trustee shall submit with each RMBS Claim a complete RMBS Claim File.

        v. A complete RMBS Claim File shall include:

           1. The Mortgage Loan File, including, at a minimum, the documentation identified in Exhibit C-1;

           2. A statement describing the specific alleged defect and the representation or warranty violated by the alleged defect, together with all supporting documentation thereof;

           3. A statement of how the alleged defect materially and adversely affected the value of the mortgage loan, together with all supporting documentation;

           4. A calculation of the Purchase Price (as defined in the governing agreement),[1] together with all supporting documentation; and

---

[1] The Purchase Price accounts for any liquidation proceeds or other amounts received or reductions agreed to by the RMBS Trustee in mitigation of the RMBS Claim.

      5. A statement describing any notice of the alleged Material Breach (as defined below) provided to LBHI including (a) the approximate date on which the applicable RMBS Trustee became aware of such alleged Material Breach and the date and (b) the method of providing notice of such alleged Material Breach.

  vi. In addition to the foregoing, within ten (10) days after the RMBS Claim Cut-Off Date, each RMBS Trustee shall provide to the Plan Administrator a <u>Claim Tracking Spreadsheet</u>, substantially in the form attached as Exhibit C-2, listing all RMBS Claims submitted as of the RMBS Claim Cut-Off Date.

b. The Plan Administrator's review of the RMBS Claim Files shall include a determination as to whether it agrees with the analysis contained therein. In its review of each Claim File, the Plan Administrator shall determine whether the Trustee has proved that the Claim File contains a breach of a representation and warranty that materially and adversely affects or affected the value of the Reviewed Loan (a "<u>Material Breach</u>").

  i. If the Plan Administrator agrees that the Trustee has proved a Material Breach for a particular Claim File, that Claim File shall be deemed "<u>Approved</u>."

      1. For each Approved Claim File, the Plan Administrator shall approve or revise the Purchase Price calculation in accordance with the governing agreement.

      2. For each Approved Claim File, the Plan Administrator shall determine the Debtor liable for such RMBS Claim.

  ii. If the Plan Administrator does not agree that the Trustee has proved a Material Breach for a particular RMBS Claim, it shall prepare a statement not to exceed 250 words for each alleged Material Breach setting forth its basis for rejecting the Claim File (and classifying the particular Claim File as "<u>Rejected</u>") (a "<u>Plan Administrator's Statement</u>"). Plan Administrator's Statements shall be filed with the Court as described below.

c. The Approved Claim Files shall be collected and tabulated on a monthly basis. On the tenth business day of each month, the Plan Administrator shall file with the Court, with courtesy copies to the RMBS Trustees, a report containing the Approved Claim Files for claims not previously approved, the Purchase Price for each Approved Claim File, their corresponding Aggregate Claims (the sum of the Purchase Price calculations), and the Debtor liable for such RMBS Claim to be allowed in a form substantially similar to Exhibit C-3 (an "<u>Approved Claims</u>

Report").

d. The Rejected Claim Files shall be collected and tabulated on a monthly basis and submitted to the RMBS Trustees, with courtesy copies filed with the Court, reporting the number and identity of Rejected Claim Files in a form substantially similar to Exhibit C-4 (a "Rejected Claims Report").

e. Within ten (10) days of receipt of the Rejected Claims Report, the applicable RMBS Trustee shall have the right, but not the obligation, to submit one or more of the Rejected Claim Files to the Plan Administrator in order to enable a negotiation of a mutually acceptable allowed claim on account of any such Rejected Claim File.

f. Within the earlier of thirty (30) days of receipt of the Rejected Claims Report, or the parties' good faith determination that direct negotiations have terminated, the applicable RMBS Trustee shall have the right, but not the obligation, to submit one or more of the Rejected Claim Files to a Court-approved neutral claim facilitator (as discussed below) for non-binding resolution in accordance with Section II below.

II. Non-Binding Dispute Resolution Procedure to Resolve Claims Files Disputes

a. Within ten (10) days of entry of an order approving this RMBS Protocol, the Plan Administrator and the RMBS Trustees, or the Court if the parties cannot agree, shall appoint one or more neutral claim facilitator(s) ("CF(s)") to oversee a non-binding Claims Files dispute resolution process.

b. Within twenty (20) business days of the appointment of the CF(s), the Plan Administrator and the RMBS Trustees will each have the right, but not the obligation, to submit to the CF(s) a primer explaining their respective views with respect to the RMBS Claims and the legal predicate controlling the allowance and disallowance of such claims. Each of such parties shall also have the right to schedule an introductory session with the CF(s) to explain such primer.

c. On the fifth business day of each month, in accordance with Section I above, the RMBS Trustees may, but are not required to, submit any Rejected Claim File or any disputed Approved Claims Report, accompanied by the Plan Administrator's Statement and a reply by the RMBS Trustee not to exceed 250 words for each alleged Material Breach (together, an "ADR Packet"), to the CF, with courtesy copies to the Plan Administrator. If a disputed Approved Claims Report is submitted to the CF, the Plan Administrator shall be entitled to submit a reply, not to exceed 250 words, for inclusion in the ADR packet.

d. The CF shall have thirty (30) calendar days from receipt of the ADR Packet to render a non-binding, binary decision approving or disapproving the Plan Administrator's approval or rejection of the applicable RMBS Claim File ("NB

- 3 -

Decision"). A CF's failure to render a timely NB Decision shall not be treated either as an affirmation or rejection of either party's position with respect to the Claim File at issue.

e. Once a CF has rendered a NB Decision, it shall, within 10 calendar days, submit the NB Decision to the Plan Administrator and the applicable RMBS Trustee. The Plan Administrator shall promptly file the NB Decision with the Court.

f. The non-prevailing party shall bear the costs of the Non-Binding Dispute Resolution Procedure, including the fees and costs of the CF and of the prevailing party, unless and until the Court reverses the NB Decision, in accordance with Section III below.

III. Court Review and Approval of Claim Amounts

a. The Plan Administrator shall serve Approved Claim Reports on the applicable RMBS Trustees at least fourteen (14) days before filing them with the Court.

b. The RMBS Trustees shall have ten (10) days in which to dispute any Approved Claim. If an RMBS Trustee disputes an Approved Claims Report, the dispute shall be resolved in accordance with Section II, above.

c. Upon monthly receipt of Approved Claim Reports, Approved Claims shall be deemed approved without any further order of the Court, unless and only to the extent the applicable RMBS Trustee has disputed them as contemplated herein.

d. Upon receipt of any NB Decision:

   i. The non-prevailing party must object to a NB Decision within 10 business days.

   ii. If neither party objects to a NB Decision within time period noted above, the NB Decision shall be deemed final.

   iii. If a party files an objection, the RMBS Claim that is the subject of the NB Decision shall remain subject to further objections by the Plan Administrator and allowance by the Court.

   iv. Throughout the claims resolution process pursuant to this protocol, both the Plan Administrator and the RMBS Trustees will have the right to ask the Court to consider particular legal issues that would inform the parties as to applicable legal standards and facilitate successful consensual resolution of the RMBS Claims.

   v. The Plan Administrator shall, if applicable, proceed with any disbursements from the Chapter 11 Estates in accordance with the Court's

- 4 -

        final decision.

vi.  An acceptance or rejection of any settlement by the Plan Administrator or the RMBS Trustees in connection with a Rejected Claim shall not be admissible as evidence or otherwise used in connection with the settlement of any subsequently Rejected Claim.

## **Exhibit C-1**

**Mortgage Loan File**

**Credit File Documents:**
Original Endorsed Note
Certified Copy of Security Instrument/Riders
Any Assignment of Mortgage
Original or Certified True Copy of PMI Certificate
Original Title Policy or Title Commitment, marked for policy
Hazard Insurance Policy
Flood Insurance Policy
Sale Contract
Copy of 2nd Lien Note (if subordinate finance)
Verification of Mortgage
All co-op related documents
Any other program documents
1008 Transmittal Summary or contract underwriting summary/notice of approval
Payment History
Certified Copy of Final HUD-1
Original and Final Signed 1003
Flood Certificate
Verification of Employment/Income
Deposits/Assets as required by Documentation Type
Verification of Mortgage/Rental
Appraisal with photos and all attachments including final inspection and/or Certificate of Occupancy, if applicable
Survey
Credit Reports and any necessary explanations
Verification of Deposit for down-payment
Final TIL
Notice of Right to Cancel
ARM Disclosure
Tax Information Sheet

**Servicing File Documents:**
Last Value Appraisal or BPO
REO HUD 1
Escrow Expenses
Corporate Expense Log
Hazard Claim EOB
MI EOB
Payment History Log
Loss Mitigation File
All servicing notes from loan default forward to include the below
(Include all notes form all systems used)
Collection Notes

**Mortgage Loan File**

Bankruptcy Notes
Loss Mitigation Notes
Foreclosure Notes
Litigation Notes
Eviction Notes
REO Notes

**Exhibit C-2**

**Claim Tracking Spreadsheet**

| | |
|---|---|
| Proof of Claim Number | |
| Claimant | |
| Debtor | |
| Lehman Loan Number | |
| Servicer Loan Number | |
| Servicer Name | |
| Alleged Defect #1 | |
| Alleged Defect #2 | |
| Alleged Defect #3 | |
| Alleged Defect #4 | |
| Purchase Price | |
| Loan Purchase Date | |
| Borrower Name | |
| Lien Type | |
| Property Address | |
| Property City | |
| Property State | |
| Property Zip | |
| Unpaid Principle Balance (as of most recent month-end data) | |
| Next Due Date (as of most recent month-end data) | |
| Default Status (as of most recent month-end data) | |
| Property Value (as of most recent month-end data) | |
| Value Type (as of most recent month-end data) | |
| Value Date (as of most recent month-end data) | |
| Agreement Breached | |
| Date of Agreement | |
| Contractual Provision(s) Breached #1 | |
| Contractual Provision(s) Breached #2 | |
| Contractual Provision(s) Breached #3 | |
| Contractual Provision(s) Breached #4 | |
| Factual Basis for Defect #1 | |
| Factual Basis for Defect #2 | |
| Factual Basis for Defect #3 | |
| Factual Basis for Defect #4 | |
| Materiality Basis for Defect #1 | |
| Materiality Basis for Defect #2 | |
| Materiality Basis for Defect #3 | |

**Claim Tracking Spreadsheet**

| | |
|---|---|
| Materiality Basis for Defect #4 | |
| Date of Discovery of Defect | |
| Notice Date | |

## **Exhibit C-3**

**Approved Claims Report**

| | |
|---|---|
| Proof of Claim Number | |
| Claimant | |
| Debtor | |
| Lehman's Loan Number | |
| Servicer Loan Number | |
| Claimant's Purchase Price | |
| Debtor's Purchase Price | |
| Final Allowed Purchase Price | |

**Exhibit C-4**

**Rejected Claims Report**

| | |
|---|---|
| Proof of Claim Number | |
| Claimant | |
| Debtor | |
| Lehman Loan Number | |
| Servicer Loan Number | |
| Alleged Defect #1 | |
| Debtor Findings #1 | |
| Alleged Defect #2 | |
| Debtor Findings #2 | |
| Alleged Defect #3 | |
| Debtor Findings #3 | |
| Alleged Defect #4 | |
| Debtor Findings #4 | |
| Claimant's Purchase Price | |
| Debtor's Purchase Price | |