B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,   Case No. 08-13555 (SCC)
(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee
Macquarie Bank Limited

Name of Transferor
Gruss Global Investors Master Fund, Ltd.

Name and Address where notices to transferee should be sent:

Court Claim # (if known): 58080
Claim Amount: $8,902,262.64
Amount Transferred: $3,005,785.39

Macquarie Bank Limited
125 West 55th Street
New York, NY 10019
Contacts: Shaun Gembala
Tel. No.: 212-231-6314
Email: loan.public@macquarie.com
Fax No: 212-231-2399

Date Claim Filed: 10/30/2009
Debtor against claim filed: Lehman Brothers Holdings Inc.

With a copy to:
Robert Scheininger and Andrew P. Propps
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

Wire Instructions:
Bank Name: Bank of New York Mellon, New York
ABA 021-000-018
SWIFT Code: IRVTUS3N
Acct. No. 890-0055-375
Beneficiary: Macquarie Bank Limited
SWIFT Code: MACQAU2S
CHIPS UID 236386
Ref: Lehman Claim Trade with Unipension

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Celeste Cane / Nathan Booker    Date: October 22, 2014
Transferee/Transferee's Agent

Alan D Cameron
Executive Director
Fixed Income & Currencies
Macquarie Bank Ltd

Nathan Booker
Division Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

ACTIVE 204186858v.1

#1359561

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Gruss Global Investors Master Fund, Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Macquarie Bank Limited** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the allowed amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 58080 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (collectively, the "Purchased Securities") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim collectively include the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g), a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Proof of Claim (the "Notice") has been provided to Purchaser, and there have been no supplements, amendments or revisions thereto, and no action was undertaken by Seller or any of Seller's predecessors in interest with respect to the Notice; (h) Seller or its predecessors-in-title have received distributions in connection with the Transferred Claims and the Purchased Securities in the following amounts and on the following dates: on April 17, 2012, Seller received the first distribution relating to the Transferred Claims in the amount of USD108,485.68 ("First Distribution"), on October 1, 2012, Seller received the second distribution relating to the Transferred Claims in the amount of USD73,208.27 ("Second Distribution"), on April 4, 2013, Seller received the third distribution relating to the Transferred Claims in the amount of USD92,467.43 ("Third Distribution"), on October 3, 2013, Seller received the fourth distribution relating to the Transferred Claims in the amount of USD109,630.52 ("Fourth Distribution"), on April 3, 2014, Seller received the fifth distribution relating to the Transferred Claims in the amount of USD119,084.29 ("Fifth Distribution"), and on October 2, 2014, Seller received the sixth distribution relating to the Transferred Claims in the amount of USD89,372.67 ("Sixth Distribution", and together with the First Distribution, the Second Distribution, the Third Distribution, the Fourth Distribution and the Fifth Distribution, the "LBHI Distributions"); (i) on May 8, 2013, October 24, 2013, and April 28, 2014, Seller received the distributions relating to the Purchased Securities in the amounts of USD345,072.13, USD140,430.00 and USD 152,049.00, respectively (collectively, the "BV Distribution," and together with the LBHI Distributions, the "Prior

Distributions") and has delivered to Purchaser true and correct copies of all related disbursement notices; and (i) other than the Prior Distributions, Seller has not received any payment or distributions, whether directly or indirectly, on account of the Transferred Claims or the Purchased Securities.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller after the date of this Agreement and Evidence of Transfer of Claim in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser the Purchased Securities to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Securities.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21 day of October 2014.

**GRUSS GLOBAL INVESTORS MASTER FUND, LTD.**
By: Gruss Capital Management LP
Its Investment Manager
By: Gruss Capital Management LLC
Its General Partner

By: *(signature)*
Name: MICHAEL JULIANO
Title: AUTHORIZED SIGNATORY

c/o Gruss Capital Management LP
510 Madison Ave
New York NY 10022

**MACQUARIE BANK LIMITED**

By: _____
Name:
Title:

No. 1 Martin Place
Sydney NSW 2000
Australia

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21st day of October 2014.

**GRUSS GLOBAL INVESTORS MASTER FUND, LTD.**
By: Gruss Capital Management LP
Its Investment Manager
By: Gruss Capital Management LLC
Its General Partner

By:_____

Name:

Title:

c/o Gruss Capital Management LP
510 Madison Ave
New York NY 10022

**MACQUARIE BANK LIMITED**

By:_____

Name: Michael Orefice
Title: Managing Director

No. 1 Martin Place
Sydney NSW 2000
Australia

Joel Outlaw
Associate Director

Signed in London, POA #1721
(executed 9 October 2014)

Schedule 1

Transferred Claims

Purchased Claim

33.7642856692667% - USD3,000,000.00 of USD8,885,128.00 (the outstanding principal amount of Proof of Claim #58080.02).

Lehman Programs Securities to which Transfer Relates

| Proof of Claim Number | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Purchased Allowed Claim Amount (USD) |
|---|---|---|---|---|---|
| 58080.02 | XS0238959273 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $3,000,000 | $3,005,785.39 |

Schedule 1–1