Response Deadline: December 3, 2014
Hearing Date: December 10, 2014 at 10:00 a.m.

Robyn F. Pollack
Lucian B. Murley (Admission Pro Hac Vice Pending)
**SAUL EWING LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Telephone:    (215) 972-7537

*Attorneys for the Cantor/BGC Parties*

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | **Re: Docket Nos. 45305 and 45307** |

### THE CANTOR/BGC PARTIES' MOTION FOR RECONSIDERATION OF ORDERS GRANTING FOUR HUNDRED SIXTY-SIXTH AND FOUR HUNDRED SIXTY-SEVENTH OMNIBUS CLAIM OBJECTIONS

Cantor Fitzgerald Europe, Cantor Fitzgerald (Hong Kong) Capital Markets Limited ("Cantor Fitzgerald Hong Kong"), and BGC Partners (Australia) PTY Limited ("BGC Australia, and, together with Cantor Fitzgerald Europe and Cantor Fitzgerald Hong Kong, the "Cantor/BGC Parties") by and through their undersigned attorneys, hereby file this motion (the "Motion") pursuant to section 502(j) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3008 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3008-1 of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of New York (the "Local Rules") for reconsideration of this Court's *Order*

636555.1 10/24/14

*Granting the Four Hundred Sixty-Sixth Omnibus Objection to Claims (No Liability Claims)* [D.I. 45305] (the "466ᵗʰ Order") and *Order Granting Four Hundred Sixty-Seventh Omnibus Objection to Claims (No Liability Claims)* [D.I. 45307] (the "467ᵗʰ Order" and, together with the 466ᵗʰ Order, the "Disallowance Orders").    In support of this Motion, the Cantor/BGC Parties respectfully state as follows:

## BACKGROUND

1.    On September 15, 2008, and periodically thereafter, Lehman Brothers Holding Inc. ("LBHI") and certain of its affiliates (collectively with LBHI, the "Debtors") filed petitions under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.    As further explained in the Declaration of Michael A. Lampert, Esq., dated October 24, 2014 (the "Lampert Declaration"), attached hereto as **Exhibit A**, on or about September 21, 2009, the Cantor/BGC Parties filed the following claims in these chapter 11 cases:

- a claim on behalf of BGC Australia, which was assigned claim number 22151 (the "BGC Australia Claim") by the Debtors' claims agent;

- a claim on behalf of Cantor Fitzgerald Hong Kong, which was assigned claim number 22156 (the "Cantor Fitzgerald Hong Kong Claim"); and

- a claim on behalf of Cantor Fitzgerald Europe, which was assigned claim number 22158 (the "Cantor Fitzgerald Europe Claim" and, together with BGC Australia Claim and the Cantor Fitzgerald Hong Kong Claim, the "Claims").

(Lampert Decl. ¶ 2.)

3.      Each of the Claims were based on LBHI's guaranty of an obligation owed to the Cantor/BGC Parties by one or more of LBHI's subsidiaries. (Lampert Decl. ¶ 3.)

4.      The Cantor Fitzgerald Europe Claim specified that notices should be sent (a) to Mr. Lampert's attention at 499 Park Avenue, 2nd Floor, New York, NY 10022 and (b) to 17 Crosswall London EC3N 2LB, United Kingdom. (Lampert Decl. ¶ 4.)

5.      The Cantor Fitzgerald Hong Kong Claim specified that notices should be sent (a) to Mr. Lampert's attention at 499 Park Avenue, 2nd Floor, New York, NY 10022 and (b) to 6707-6712, 67/F, The Centre 99 Queen's Road Central, Hong Kong. (Lampert Decl. ¶ 5.)

6.      The BGC Australia Claim specified that notices should be sent (a) to Mr. Lampert's attention at 499 Park Avenue, 2nd Floor, New York, NY 10022 and (b) to MLC Centre, Level 50, 19-29 Martin Place, Sydney, NSW, 2000. (Lampert Decl. ¶ 6.)

7.      On June 2, 2014, LBHI filed the four hundred sixty-sixth omnibus objection to claims [D.I. 44487] (the "466th Omnibus Objection"), objecting to, among other claims, the BGC Australia Claim, with the purported basis of objection: "Claim 22151 asserts a claim against LBHI based on a purported guaranty of the obligations of Lehman Brothers Australia Limited. Claimant has produced no evidence that LBHI ever issued a guaranty of any obligations of Lehman Brothers Australia Limited to claimant, and the Plan Administrator is not aware of the existence of any such guaranty." Also on June 2, 2014 LBHI filed the four hundred sixty-seventh omnibus objection to claims [D.I. 44488] (the "467th Omnibus Objection" and, together with the 466th Omnibus Objection, the "Claim Objections"), objecting to, among other claims, all of the Cantor Fitzgerald Hong Kong Claim and $472,837 of the Cantor Fitzgerald Europe Claim, on the basis that all of the claims objected to in the 467th Omnibus Objection were based on a "Corporate Resolution" (as defined in the 467th Omnibus Objection) under which LBHI

guaranteed certain obligations of its subsidiaries, but that the claimants subject to the 467th Omnibus Objection provided no evidence that they knew of the Corporate Resolution before entering into any of the relevant transactions or that they relied on the Corporate Resolution in deciding to extend credit to LBHI's subsidiaries.

8.    The deadline to respond to the Claim Objections was July 2, 2014.

9.    LBHI's claims agent filed an affidavit of service representing that the Claim Objections were served on June 2, 2014 "via first class mail" on the addresses listed in the Claims.

10.    The Cantor/BGC Parties did not file a response to the Claim Objections by the response deadline.

11.    The Court entered the Disallowance Orders on July 21, 2014.

12.    As described in the Lampert Declaration, the Cantor/BGC Parties did not respond to the Claim Objections because they never received notice of the Claim Objections.

13.    Rather, the circumstances upon which the Cantor/BGC Parties learned of the Claim Objections is described in paragraphs 7 through 16 of the Lampert Declaration.  As set forth in more detail therein, the Cantor/BGC Parties were first alerted to the Claim Objections in September 2014 because colleagues of Mr. Lampert received certificates of no objection relating to claims filed in the SIPA proceeding of Lehman Brothers Inc.  The BGC Parties first learned the details of the Claim Objections after its outside counsel reviewed the docket in these chapter 11 cases and, in September 2014, reported on the Claim Objections.

## RELIEF REQUESTED

14.    Pursuant to section 502(j) of the Bankruptcy Code, Bankruptcy Rules 3008 and 9024, and Local Rule 3008-1, the Cantor/BGC Parties respectfully request that this Court

reconsider the Disallowance Orders and enter an order substantially in the form attached hereto, granting the Cantor/BGC Parties a hearing to reconsider the Disallowance Orders as to the Claims.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

16.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR RELIEF

17.     This Court "has broad discretion to reconsider allowance or disallowance of proofs of claim 502(j) 'for cause.'" N.Y. Community Bank v. Smith (In re Smith), 305 Fed. App'x 683, 684 (2d Cir. 2008). If the Court grants reconsideration, it "may allow or disallow the claim 'according to the equities of the case.'" Id. at 684 (quoting 11 U.S.C. § 502(j)). "While the determination of whether cause, within the meaning of Section 502(j), is present, falls upon the equitable judgment of the court and is within the sound discretion of the court, courts generally rely upon the language and interpretation of Federal Rules of Civil Procedure 60(b)." In re Johansmeyer, 231 B.R. 467, 470 (Bankr. E.D.N.Y. 1999) (internal quotations omitted).

18.     Rule 60(b) of the Federal Rules of Civil Procedure provides that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1)     mistake, inadvertence, surprise, or excusable neglect;
(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)     the judgment is void;
(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

19.    Courts in the Second Circuit impose a three-part test for relief under Rule 60(b)(1) on the grounds of excusable neglect. "These factors include (1) whether the failure to respond was willful, (2) whether the movant had a legally supportable defense, and (3) the amount of prejudice that the non-movant would incur if the court granted the motion." In re Enron Corp., 325 B.R. 114, 118 (Bankr. S.D.N.Y. 2005) (citing Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996)).  Because of "a strong preference that courts resolve disputes on their merits . . . . courts resolve any doubts in favor of the movant in order to increase the likelihood that disputes will be resolved on their merits." Id. at 118 (citing Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001)).  The Cantor/BGC Parties meet each of the requirements under Rule 60(b)(1) for reconsidering the disallowance of its claims.

20.    The Cantor/BGC Parties' failure to respond to the Claim Objections was not willful. In order for the Cantor/BGC Parties' failure to respond to be willful, the Second Circuit requires "something more than just negligence or carelessness on the part of the movant." In re Enron Corp., 326 B.R. 46, 50-51 (Bankr. S.D.N.Y. 2005) (citation omitted).  Courts have consistently found that "[d]efaults caused by negligence may be excusable while defaults that occur as a result of deliberate conduct are not excusable." In re Enron Creditors' Recovery Corp., No. 01-16034, 2007 WL 2480531, at *4 (Bankr. S.D.N.Y. Aug. 28, 2007); see also In re Enron, Inc., 325 B.R. 114, 118 (Bankr. S.D.N.Y. 2005).  Here, the Cantor/BGC Parties were not even negligent or careless with regard to responding to the Claim Objections because they did not receive notice of the Claim Objections and were unaware of the Claim Objections until they were informed of the disallowance in September 2014. See Lampert Decl. ¶¶ 7–12.

21.    In the Lampert Declaration, Mr. Lampert explains that regular mail (i.e., mail via the U.S. Postal Service that does not require a return-receipt) is not logged upon receipt, but is directed through an internal mail room to the individual to whom it is addressed. Any papers relating to the Debtors' bankruptcy cases received at the foreign addresses listed on the Claims would have been forwarded to a colleague of Mr. Lampert, and no such papers were received. (Lampert Decl. ¶ 12.)  Mr. Lampert confirms that neither he, nor any other party associated with the Cantor/BGC Parties, received the Claim Objections.  (See Lampert Decl. ¶¶ 12–16.)

22.    Thus, Mr. Lampert's sworn testimony and the specific detail regarding the Cantor/BGC Parties' standard mail receipt procedures overcome the presumption of receipt from the certificate of service.

23.    Accordingly, the Cantor/BGC Parties' failure to respond to the Claim Objections was "without the requisite knowledge of the pendency of the action to have acted in a deliberate manner" and therefore cannot be willful.  In re Enron Corp., 326 B.R. 46, 52 (Bankr. S.D.N.Y. 2005); see also In re Bicoastal Corp., 126 B.R. 613, 615 (Bankr. M.D. Fla. 1991) (reconsideration is appropriate under Rule 60(b)(1) where presumption of receipt arguably had been rebutted, there was no showing of negligence, and reconsideration would not impede the progress of the case).  Indeed, when the Cantor/BGC Parties learned of the Claim Objections and the Disallowance Orders, they filed this Motion.

24.    The Cantor/BGC Parties meet the second requirement under Rule 60(b)(1) because they have a legally supportable defense in connection with the validity of the Claims. In order to satisfy the second requirement under Rule 60(b)(1), a movant must "have a legally supportable defense or position within the underlying litigation," which "need not be ultimately

persuasive at this stage." In re Enron Corp., 326 B.R. 46, 52-53 (Bankr. S.D.N.Y. 2005) (citation omitted).

25.    Section 3001(f) of the Bankruptcy Rules provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Here, the Cantor/BGC Parties timely submitted the executed Claims prior to the deadline established by the Court's bar date order.  The Claims were executed and provided sufficient information to evidence a prima facie claim against LBHI based on, without limitation, the Corporate Resolution, whereby LBHI guarantied the obligations of its subsidiaries.  Accordingly, the Cantor/BGC Parties submitted sufficient information to constitute prima facie evidence of the validity and amount of the claims against LBHI and would be successful in proving such valid claims exist against LBHI.  See Bankruptcy Rule 3001(f); see also Carey v. Ernst (In re Ernst), 333 B.R. 666, 672 (S.D.N.Y. 2005) ("A properly executed and filed proof of claim constitutes prima facie evidence of the validity of the claim." (citation omitted)).

26.    Had the Cantor/BGC Parties received notice of the Claim Objections, they would have submitted a response with this Court and/or contacted counsel for LBHI, and made argument that the Claims were supported by the Corporate Resolution.  (See Lampert Decl. ¶ 17.)  Thus, the Cantor/BGC Parties have a legally supportable defense in connection with the validity of the Claims because they filed prima facie valid proofs of claims prior to the bar date.

27.    Finally, the Cantor/BGC Parties satisfy the third requirement under Rule 60(b)(1) because there will be little, if any, prejudice to the non-movants (here, LBHI) if the Court grants the Motion.  Reconsideration of the disallowance of the Claims will not prejudice the administration of these chapter 11 cases.  First, LBHI has not completed the claims resolution

process and is continuing to adjudicate claims. Thus, the reconsideration of the Claims will not require LBHI to restart the claims resolution process. Moreover, any inconvenience or costs to LBHI in reconsidering the Claims is miniscule and outweighed by the severe prejudice to the Cantor/BGC Parties if the Claims are disallowed and expunged by default.

## MEMORANDUM OF LAW

28.    Because the legal points and authorities upon which the Motion relies are incorporated herein, the Cantor/BGC Parties respectfully request that the requirement of service and filing of a separate memorandum of law pursuant to Local Rule 9013-1(b) be deemed satisfied.

## NOTICE

29.    The Cantor/BGC Parties have served this Motion on (i) the attorneys for LBHI; (ii) the U.S. Trustee; and (iii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [D.I. 9635]. The Cantor/BGC Parties submit that no other or further notice need be provided.

## NO PREVIOUS REQUEST

30.    No previous request for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

31.    For the reasons set forth above, the Cantor/BGC Parties respectfully request that this Court enter an order substantially in the form attached hereto (i) granting the Cantor/BGC Parties a hearing on the merits of the Claim Objection as to the Claims and (ii) granting the Cantor/BGC Parties such further relief as the Court deems just.

Respectfully submitted,

**SAUL EWING LLP**

By:_____

Robyn F. Pollack
Lucian B. Murley (Admission Pro Hac Vice
Pending)
**SAUL EWING LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102-2186
Telephone:    (215) 972-7537
Facsimile:    (215) 972-1946

*Counsel for the Cantor/BGC Parties*

Dated:  October 24, 2014