# Exhibit A

## Declaration of Michael A. Lampert

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC) |

## DECLARATION OF MICHAEL A. LAMPERT, ESQ., IN SUPPORT OF THE CANTOR/BGC PARTIES' MOTION FOR RECONSIDERATION OF ORDERS GRANTING FOUR HUNDRED SIXTY-SIXTH AND FOUR HUNDRED SIXTY-SEVENTH OMNIBUS CLAIM OBJECTIONS

1. I am Senior Vice President and Deputy General Counsel of BGC Partners, Inc. ("BGC") and Chief Litigation Counsel of the Cantor Fitzgerald group of companies. I am authorized by BGC, Cantor Fitzgerald Europe, Cantor Fitzgerald (Hong Kong) Capital Markets Limited ("Cantor Fitzgerald Hong Kong"), and BGC Partners (Australia) PTY Limited ("BGC Australia" and, together with Cantor Fitzgerald Europe and Cantor Fitzgerald Hong Kong, the "Cantor/BGC Parties") to make this declaration (the "Declaration"). Unless otherwise stated, all facts set forth in this Declaration are based upon my personal knowledge, upon information supplied to me by others associated with the Cantor/BGC Parties, upon my review of relevant documents, and upon my experience and knowledge of Cantor/BGC Parties' operations and of Cantor/BGC Parties' business relationship and transactions with Lehman Brothers Holding Inc. ("LBHI"). I make this Declaration in support of the Cantor/BGC Parties' Motion for Reconsideration of Orders Granting Four Hundred Sixty-Sixth and Four Hundred Sixty-Seventh Omnibus Claim Objections (the "Motion").

2. On or about September 21, 2009, I executed the following proofs of claim in the chapter 11 cases of LBHI and its debtor-affiliates (the "Debtors"):

635676.4 10/23/2014

  a. a claim on behalf of BGC Australia, which was assigned claim number 22151 (the "BGC Australia Claim") by the Debtors' claims agent;

  b. a claim on behalf of Cantor Fitzgerald Hong Kong, which was assigned claim number 22156 (the "Cantor Fitzgerald Hong Kong Claim"); and

  c. a claim on behalf of Cantor Fitzgerald Europe, which was assigned claim number 22158 (the "Cantor Fitzgerald Europe Claim" and, together with BGC Australia Claim and the Cantor Fitzgerald Hong Kong Claim, the "Claims").

3. Each of the Claims were based on LBHI's guaranty of an obligation owed to the Cantor/BGC Parties by one or more of LBHI's subsidiaries.

4. The Cantor Fitzgerald Europe Claim specified that notices should be sent (a) to my attention at 499 Park Avenue, 2nd Floor, New York, NY 10022 and (b) to 17 Crosswall London EC3N 2LB, United Kingdom.

5. The Cantor Fitzgerald Hong Kong Claim specified that notices should be sent (a) to my attention at 499 Park Avenue, 2nd Floor, New York, NY 10022 and (b) to 6707-6712, 67/F, The Centre 99 Queen's Road Central, Hong Kong.

6. The BGC Australia Claim specified that notices should be sent (a) to my attention at 499 Park Avenue, 2nd Floor, New York, NY 10022 and (b) to MLC Centre, Level 50, 19-29 Martin Place, Sydney, NSW, 2000.

7. In September 2014, one of my colleagues in the London office of BGC, Mr. Mark Snelling, Director of Legal – Europe and Asia, received a "certificate of no objection" relating to an objection to a proof of claim filed by BGC in the SIPA proceeding related to the above-captioned chapter 11 cases.[1] Mr. Snelling reported that the underlying objection filed in the SIPA proceeding was never served on him.

---

[1] The particulars of the claim objection in the SIPA proceeding s the subject of a separate declaration and motion, filed contemporaneous with the Motion.

8. Likewise, in September 2014, another one of my colleagues, Ms. Lori Pennay, Global Head of Human Resources and former Cantor in-house attorney, working in our midtown office, received a similar "certificate of no objection" to the one received by Mr. Snelling. Ms. Pennay also reported that the underlying objection filed in the SIPA proceeding was never served on her.

9. When Ms. Pennay received the mail, she was unsure as to why it was addressed to her and immediately brought it to my attention.

10. These instances caused me to direct Cantor/BGC Parties' outside attorneys to review the docket in these chapter 11 cases to determine whether any claim objections had been similarly filed but not served on the Cantor/BGC Parties.

11. To my surprise, on September 10, 2014, Cantor/BGC Parties' outside attorneys informed me of the following after their review of the chapter 11 docket:

    a. LBHI had on June 2, 2014 filed the four hundred sixty-sixth omnibus objection to claims (the "466th Omnibus Objection"), which objected to the BGC Australia Claim, with the purported basis of objection: "Claim 22151 asserts a claim against LBHI based on a purported guaranty of the obligations of Lehman Brothers Australia Limited. Claimant has produced no evidence that LBHI ever issued a guaranty of any obligations of Lehman Brothers Australia Limited to claimant, and the Plan Administrator is not aware of the existence of any such guaranty;"

    b. LBHI had on June 2, 2014 filed the four hundred sixty-seventh omnibus objection to claims (the "467th Omnibus Objection"), which objected to all of the Cantor Fitzgerald Hong Kong Claim and $472,837 of the Cantor Fitzgerald Europe Claim, on the basis that all of the claims objected to in the 467th Omnibus Objection were based on a "Corporate Resolution" (as defined in the 467th Omnibus Objection) under which LBHI guaranteed certain obligations of its subsidiaries, but that the claimants subject to the 467th Omnibus Objection provided no evidence that they knew of the Corporate Resolution before entering into any of the relevant transactions or that they relied on the Corporate Resolution in deciding to extend credit to LBHI's subsidiaries;"

    c.    the deadline to respond to the 466th Omnibus Objection and the 467th Omnibus Objection was July 2, 2014;

    d.    LBHI's claims agent had filed an affidavit of service representing that the 466th Omnibus Objection and the 467th Omnibus Objection were served on June 2, 2014 "via first class mail" on the addresses listed in the Claims; and

    e.    the Court had entered orders sustaining the 466th Omnibus Objection and the 467th Omnibus Objection as to the Claims on July 21, 2014.

12.    The normal mail-handling procedure for the Cantor/BGC Parties is follows. Regular mail (i.e., mail via the U.S. Postal Service that does not require a return-receipt) is not logged upon receipt, but is directed through BGC's internal mail room to the person to whom it is addressed. Any papers relating to the Debtors' bankruptcy cases received at the foreign addresses listed on the Claims would have been forwarded to Mr. Snelling, and no such papers were received.

13.    I maintain a physical file with all papers I receive in these chapter 11 cases.

14.    I was in the office during the week of June 2, 2014, so mail addressed to me at my New York address (or forwarded to me after being received at the foreign addresses listed on the Claims) would not have been delivered to a substitute recipient or anyone else. Moreover my assistant was in the office at this time and he did not see any such documents. I was travelling from June 11, 2014 to June 22, 2014, but my assistant was in the office at this time and did not see any such documents.

15.    Prior to September 10, 2014, I did not receive the 466th Omnibus Objection or the 467th Omnibus Objection, either (a) through any purported mailing to me at the New York address listed on the Claims or (b) through the copies that were purportedly mailed to the foreign addresses listed on the Claims. As far as I have been able to ascertain, no other person associated with the Cantor/BGC Parties received the 466th Omnibus Objection or the 467th

Omnibus Objection at the foreign addresses listed on the Claims. Soon after the Cantor/BGC Parties' outside attorneys informed me of the 466th Omnibus Objection and the 467th Omnibus Objection, I reviewed the physical file my assistant maintains regarding these chapter 11 cases, and neither the 466th Omnibus Objection or the 467th Omnibus Objection were in that file.

16. Prior to September 2014, neither I nor, as far as I have been able to ascertain, any other person with the Cantor/BGC Parties had actual notice of the 466th Omnibus Objection or the 467th Omnibus Objection.

17. If the Cantor/BGC Parties had had notice of the 466th Omnibus Objection or the 467th Omnibus Objection, the Cantor/BGC Parties would have disputed the claim objections. Specifically, BGC Australia would have provided additional documentation and/or analysis that LBHI guaranteed the obligations of Lehman Brothers Australia Limited (contrary to conclusory assertions in the 466th Omnibus Objection), and that the June 9, 2005 written guaranty of LBHI (a copy of which was attached to the 467th Omnibus Claim Objection) was sufficient to support the claims asserted in the Cantor Fitzgerald Europe Claim and the Cantor Fitzgerald Hong Kong Claim.

18. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 23, 2014

Michael A. Lampert, Esq.