# Exhibit D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |
| LEHMAN BROTHERS HOLDINGS INC. and LEHMAN BROTHERS SPECIAL FINANCING INC. | Adversary Proceeding |
| Plaintiffs-Counterclaim Defendants | No. 13-01554 (SCC) |
| v. | |
| GIANTS STADIUM LLC, | |
| Defendant-Counterclaim Plaintiff. | |

## NOTICE OF SUBPOENA *DUCES TECUM*

PLEASE TAKE NOTICE that, pursuant to Rules 7026, 7034, and 9016 of the Federal Rules of Bankruptcy Procedure and Rules 26, 34, and 45 of the Federal Rules of Civil Procedure and the attached subpoena, Sullivan & Cromwell LLP ("Sullivan & Cromwell") is required to produce to Lehman Brother Holdings Inc. and Lehman Brothers Special Financing Inc. documents that are in Sullivan & Cromwell's possession, custody or control, as described in Exhibit A attached hereto, at the offices of Weil Gotshal & Manges LLP. 767 Fifth Avenue, New York, New York on or before November 14, 2014 at 5:00 p.m.

Dated: New York, New York
October 16, 2014

                                                   WEIL, GOTSHAL & MANGES LLP

                                                   _____
                                                   Richard W. Slack
                                                   Robert J. Lemons
                                                   767 Fifth Avenue
                                                   New York, NY 10153
                                                   (212) 310-8000

                                                   *Attorneys for Lehman Brothers Holdings*
                                                   *Inc. and Lehman Brothers Special*
                                                   *Financing Inc.*

WEIL:\95122240\1\58399.0011

Form 255 – Subpoena in an Adversary Proceeding (12/06)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN District NEW YORK

| In re Lehman Brothers Holdings Inc. et al. | **SUBPOENA IN** |
|---|---|
| Debtor | **AN ADVERSARY PROCEEDING** |
| Lehman Brothers Holdings Inc. et al. | |
| Plaintiff | Case No. * 08-13555-scc |
| V. | |
| Giants Stadium LLC , | Chapter  11 |
| Defendant | |

To: Sullivan & Cromwell LLP
125 Broad St., New York, NY 10004

Adv. Proc. No. * 13-01554-scc

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP<br>767 Fifth Avenue, New York, NY 10154 | November 14, 2014, 5:00pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 10/16/14 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Richard W. Slack, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153; (212) 310-8000

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

Form 255 – Subpoena in an Adversary Proceeding (12/06)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

# SCHEDULE OF DOCUMENTS TO BE PRODUCED BY SULLIVAN & CROMWELL

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1. "Bank of America" shall mean Bank of America, N.A. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

2. "Barclays" shall mean Barclays PLC and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

3. "Baupost" shall mean The Baupost Group, L.L.C. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates (including Goal Line Partners, L.L.C.), predecessors, successors, or representatives.

4. "Bonds" shall mean the $650,000,000 Project Revenue Bonds, Series 2007A (Auction Rate Securities), Subseries 2007A-1, 2007A-2, 2007A-3, 2007A-4, 2007A-5, 2007A-6, and 2007A-7, originally issued by Giants Stadium as of August 1, 2007.

5. "Calculation Statements" shall mean the letters, and any attachments or schedules thereto, from Giants Stadium to LBSF, dated October 2, 2008.

6. "Concerning" shall have the meaning set forth in Southern District of New York Local Civil Rule 26.3(c)(7).

7.     "Confirmations" shall mean the two amended and restated confirmations executed by Giants Stadium and LBSF, dated August 16, 2007.

8.     "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes, without limitation, reports, correspondence, minutes, emails, instant messages, spreadsheets, memoranda, notes and all other writings, Bloomberg screenshots, drawings, graphs, charts, photographs, sound recordings including, but not limited to, phone messages and taped phone calls, and electronic or computerized data compilations from which information can be obtained and/or translated, if necessary, through electronic detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term. The word "including" means including, but not limited to.

9.     "Financing Transaction" shall mean any transaction(s) entered into by Giants Stadium to replace, refinance, or restructure the Bonds, and/or finance or refinance an open-air NFL stadium, whether or not the terms of such transaction(s) are identical to the transaction(s) relating to the Bonds, including any long-term debt private placement.

10.    "FGIC" shall mean Financial Guaranty Insurance Company and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

11.    "FSA" shall mean Financial Security Assurance, Inc. and its successor entity and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

2

12. "Giants Stadium" shall mean Giants Stadium LLC and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, advisors, subsidiaries, affiliates, predecessors, successors, or representatives.

13. "Giants Football Team" shall mean the New York Giants football team and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, predecessors, successors, or representatives.

14. "Goldman" shall mean Goldman, Sachs & Co. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

15. "Indenture" shall mean the Indenture of Trust dated as of August 1, 2007, entered into by Giants Stadium and The Bank of New York, as trustee.

16. "LBHI" shall mean Lehman Brothers Holdings Inc. and any person or entity acting on its behalf or under its control, but only to the extent acting in such capacity, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

17. "LBSF" shall mean Lehman Brothers Special Financing Inc. and any person or entity acting on its behalf or under its control, but only to the extent acting in such capacity, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

18. "LBI" shall mean Lehman Brothers Inc.

19. "Lehman" shall mean LBHI and LBSF, collectively.

20. "Lehman Bankruptcy" shall mean the voluntary cases commenced under chapter 11 of title 11 of the United State Code, which are being jointly administered and are

3

currently pending before the United States Bankruptcy Court for the Southern District of New York, styled *In re Lehman Brothers Holdings Inc., et al.*, Chapter 11 Case No. 08-13555 (JMP).

21. "Market Quotation" shall have the meaning ascribed to it in Section 12 of the Master Agreement, as amended in the relevant Confirmation.

22. "Master Agreement" shall mean the two standard form 1992 ISDA Master Agreements entered into by Giants Stadium and LBSF as of July 27, 2007, including any schedules and annexes thereto, and any confirmations thereunder.

23. "NFL" shall mean the National Football League and any person or entity acting on its behalf or under its control, including (a) any of its former or current officers, agents, predecessors, successors, or representatives; and (b) any committees comprised in whole or in part by owners of teams in the league (or its members thereof), such as the NFL's finance committee.

24. "Proofs of Claim" means any and all proofs of claim, including amended proofs of claim, filed by Giants Stadium in the Lehman Bankruptcy.

25. "Reference Market-makers" shall have the meaning ascribed to it in Section 12 of the Master Agreement.

26. "Replacement Transaction" shall mean any transaction entered into by Giants Stadium to replace, or establish a hedge in lieu of, the Transactions, whether or not the terms of such Replacement Transaction are identical to the terms of the Transactions.

27. "Sullivan & Cromwell," "You," and "Your" shall mean shall mean the law firm of Sullivan & Cromwell LLP and any person or entity acting on its behalf or under its control, including any of its former or current partners, agents, or representatives.

4

28.     "Third Supplemental Indenture" shall mean the Third Supplemental Indenture of Trust to the Indenture dated and effective as of September 18, 2008, entered into by Giants Stadium and The Bank of New York Mellon, as trustee.

29.     "Transactions" shall mean any of the transactions, entered into pursuant to the Master Agreement, purportedly terminated by Giants Stadium in the Termination Letters.

30.     "Termination Letters" shall mean the letters from Giants Stadium to LBSF dated September 18, 2008.

31.     The terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of this request all Documents which might otherwise be considered to be outside of that scope.

32.     The word "each" shall mean both "each" and "every", and the word "every" shall mean both "each" and "every," as appropriate in order to bring within the scope of this request Documents which might otherwise be beyond its scope.

33.     The word "including" shall means including, but not limited to.

## GENERAL INSTRUCTIONS

The following general instructions apply to each request set forth herein.

34.     Lehman recognizes that You represent Giants Stadium in this action. This Subpoena seeks only Documents that were sent to, sent by, received from or otherwise viewed by a party other than, or in addition to, Giants Stadium, or Documents reflecting subject matter as to which the attorney-client privilege or work product privilege does not exist or has been waived. Third parties include, but are not limited to, Bank of America, Barclays, Baupost (before any time that You represented Baupost or with respect to any matter where Baupost and

5

Giants Stadium are or were adverse), Goldman, FSA, FGIC, Robert Taylor, and the NFL. The Subpoena specifically does not seek any documents filed in this action or drafts thereof.

35. Lehman further requests that You provide a log of Documents withheld or redacted on the basis of privilege with Giants Stadium, or any other client, simultaneously with Your production of Documents. We are prepared to work with you, if necessary, to manage any burden of providing a privilege log.

36. Each request seeks production of each Document, in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each Document.

37. If any Document requested herein was formerly in Your possession, custody or control (or that of Your representative) and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a written statement (a) describing in detail the nature of the Document and its contents, (b) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent, (c) specifying the date on which the Document was prepared or transmitted and (d) specifying the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

38. If any Document requested herein is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of any such Document, a written statement (a) identifying the person(s) who prepared or authored the Document, and, if applicable, the person(s) to whom the Document was sent or shown, (b) specifying the date on which the Document was prepared or transmitted, (c) describing the nature of the Document (e.g., letter,

telegram, etc.), (d) stating briefly why the Document is claimed to be privileged or to constitute work product, and (e) identifying the paragraph of this request to which the Document relates.

39.   If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege shall be deleted or redacted from the Document, the instructions in the preceding paragraph shall be applicable, and the rest of the Document shall be produced.

40.   All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this request. The method for production of each category is to be identified at the time of production. Documents are to be produced in full and unexpurgated form.

41.   Each page of each Document should be numbered consecutively. A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

42.   Documents attached to each other (physically or via electronic mail) should not be separated.

43.   In producing the requested Documents, even though the requests are directed to "You," furnish all Documents that are available to You, including Documents in the possession of any of Your partners, associates, employees, agents, advisors, investigators, or consultants and not merely such Documents in Your possession.

44.   The requests that follow are to be regarded as continuing, and You are requested to provide by the way of supplementary compliance herewith, such additional Documents as You may hereafter obtain, which will augment the Documents now produced in

7

response to the requests below. Such additional Documents are to be produced at the offices of Weil, Gotshal & Manges LLP promptly after Your receipt thereof.

45.    At a future date, Lehman may request the production of additional Documents not herein requested, including information revealed as a result of information produced pursuant to this request or information revealed by other parties during discovery.

## RELEVANT TIME PERIOD

Unless otherwise stated, the relevant time period for each of the following requests is from and including January 1, 2007, through October 1, 2014, unless otherwise indicated within the requests below.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1

All Documents concerning the Transactions, including Giants Stadium's purported termination of the Transactions on September 18, 2008.

REQUEST NO. 2

All Documents concerning the negotiation and execution of the Transactions.

REQUEST NO. 3

All Documents concerning the impact and effect of the Lehman Bankruptcy on Giants Stadium, the Bonds, and the Transactions.

REQUEST NO. 4

All Documents concerning the Third Supplemental Indenture.

REQUEST NO. 5

All Documents concerning the Termination Letters, including drafts thereof.

REQUEST NO. 6

8

All Documents concerning the cessation of LBI's function as broker dealer in connection with the Bonds.

REQUEST NO. 7

All Documents concerning any actual or considered replacement of LBI as the broker dealer for the Bonds, either before or after the termination of LBI in that role, including Goldman Sachs' assumption of the broker dealer functions in connection with the Bonds.

REQUEST NO. 8

All Documents concerning the Calculation Statements, including drafts thereof.

REQUEST NO. 9

All Documents concerning the preparation of the Calculation Statements and Proofs of Claim.

REQUEST NO. 10

All Documents concerning any attempts by Giants Stadium to obtain Market Quotations from Reference Market-makers in connection with Giants Stadium's purported termination of the Transactions on or about September 18, 2008.

REQUEST NO. 11

All Documents concerning any Replacement Transaction, even if such Replacement Transaction ultimately was not consummated.

REQUEST NO. 12

All Documents concerning any Financing Transaction, whether consummated or considered, including (i) any consideration paid or received in connection with a Financing Transaction, (ii) the names of any entity that arranged and/or underwrote a Financing Transaction, (iii) when any such transaction was effected, (iv) offering documents, closing

9

documents, indentures, and all other relevant documentation, and (v) views regarding the availability and cost of traditional fixed-rate financing.

REQUEST NO. 13

All Documents concerning any valuation of the Transactions both prior to and following their purported termination on or about September 18, 2008, including but not limited to (i) the valuation(s) contained in the Calculation Statements and the Proofs of Claim, and (ii) the methodology or methodologies used, considered and rejected in determining the value of the Transactions.

REQUEST NO. 14

All communications with FSA or FGIC concerning Lehman, the Transactions, or Giants Stadium.

REQUEST NO. 15

All communications with Baupost or Bank of America concerning Lehman, the sale of Proofs of Claim, the Transactions or Giants Stadium.

REQUEST NO. 16

All communications with the NFL concerning Lehman, the Transactions or Giants Stadium.

REQUEST NO. 17

All communications with Goldman concerning Lehman, the Transactions or Giants Stadium.

REQUEST NO. 18

All Documents concerning any valuation of the Bonds, including any credit assessment of Giants Stadium or the Giants Football Team, both prior to and following September 18, 2008.

REQUEST NO. 19

All Documents concerning Proofs of Claim filed by Giants Stadium in the Lehman Bankruptcy.

REQUEST NO. 20

For the time period August 1, 2007 through and including the present, all communications with Robert Taylor.