**HEARING DATE AND TIME: December 10, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**RESPONSE DEADLINE: November 24, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

---

**THE FOUR HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CHRISTOPHER HOPKINS, AT 212-310-8203.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                       :    Chapter 11 Case No.
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                :    08-13555 (SCC)
                                                            :
              Debtors.                                      :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S FOUR HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS**
**(INSUFFICIENT DOCUMENTATION CLAIMS)**

        **PLEASE TAKE NOTICE** that on October 24, 2014, Lehman Brothers Holdings

Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-

referenced chapter 11 cases, filed its four hundred eighty-second omnibus objection to claims

(the "Four Hundred Eighty-Second Omnibus Objection to Claims"), and that a hearing to

WEIL:\95134007\1\58399.0011

consider the Four Hundred Eighty-Second Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **December 10, 2014 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Eighty-Second Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq., Sunny Singh, Esq., and Christopher Hopkins, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **November 24, 2014 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Eighty-Second Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Eighty-Second Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: October 24, 2014
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: December 10, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**RESPONSE DEADLINE: November 24, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (SCC)
                                                   :
                        Debtors.                   :    (Jointly Administered)
------------------------------------------------------------x

**THE PLAN ADMINISTRATOR'S FOUR HUNDRED EIGHTY-SECOND OMNIBUS**
**<u>OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)</u>**

**THIS FOUR HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR IN THE EXHIBIT ATTACHED HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CHRISTOPHER HOPKINS, AT 212-310-8203.**

WEIL:\95134007\1\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

### Relief Requested

1. The Plan Administrator files this omnibus objection to claims, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (the "Procedures Order") [ECF No. 6664], seeking to disallow and expunge the proofs of claim listed on Exhibit A annexed hereto (collectively, the "Insufficient Documentation Claims").

2. Each of the Insufficient Documentation Claims was filed without sufficient information or documentation to permit the Plan Administrator to evaluate the asserted basis and merits of the claim. The Insufficient Documentation Claims do not constitute valid *prima facie* claims, and the Plan Administrator requests they be disallowed and expunged in their entirety.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4. Commencing on September 15, 2008 and periodically thereafter, the Chapter 11 Estates commenced with this Court voluntary cases under chapter 11 of the

2

Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates to file omnibus objections to claims on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### The Insufficient Documentation Claims Should Be Disallowed and Expunged

7. In reviewing the claims filed on the claims register in these cases, the Plan Administrator has identified the Insufficient Documentation Claims as claims that should be disallowed and expunged on the basis that they include insufficient supporting documentation to support liability against each applicable debtor.

8. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

3

9. This Court and others in the Second Circuit have held that "claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of the claim." *In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010) (relying on Bankruptcy Rule 3001(c), which requires that proofs of claim include supporting information to establish their prima facie validity); accord *In re Porter*, 374 B.R. 471 (Bankr. D. Conn. 2007).

10. The Insufficient Documentation Claims are contingent and unliquidated claims filed by U.S. Bank National Association (the "Claimant") for alleged liabilities arising from indemnification or contribution provisions in certain agreements pursuant to which LBHI was a party and Structured Asset Securities Corporation ("SASCO") served as "Depositor." Insufficient Documentation Claims at ¶ 2. Specifically, the Insufficient Documentation Claims assert that LBHI and SASCO may be liable for fees and expenses incurred by the Claimant as a result of certain lawsuits to which it was named a defendant, as well as any fees or expenses related to any other lawsuit affecting the Claimant's interest under the Agreements. The Insufficient Documentation Claims and Claimant fail to provide all of the case numbers or other information identifying the specific lawsuits on which the Insufficient Documentation Claims depend and fail to identify any fees or expenses incurred by Claimant as a result therefrom.

11. Without additional information, the Plan Administrator is unable to assess the basis and merits of the Insufficient Documentation Claims. Accordingly, the Insufficient Documentation Claims should be disallowed and expunged.

12. Unless the Insufficient Documentation Claims are disallowed and expunged, parties who do not hold valid claims against the Chapter 11 Estates may nonetheless

4

recover from their estates. The Plan Administrator respectfully requests the Court enter an order disallowing and expunging the Insufficient Documentation Claims in their entirety.

## Reservation of Rights

13. The Plan Administrator reserves all rights to object on any other basis to any Insufficient Documentation Claim, or any portion thereof, as to which the relief requested herein is not granted.

## Notice

14. No trustee has been appointed in these chapter 11 cases. Notice of this objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: October 24, 2014
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

6

# **EXHIBIT A**

WEIL:\95134007\1\58399.0011

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)
OMNIBUS OBJECTION 482: EXHIBIT A - INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | U.S. BANK NATIONAL ASSOCIATION | 09-10558 (SCC) | Structured Asset Securities Corporation | 09/22/2009 | 31033 | Undetermined | Undetermined | Insufficient Documentation |
| 2 | U.S. BANK NATIONAL ASSOCIATION | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31052 | Undetermined | Undetermined | Insufficient Documentation |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                                            :    **Chapter 11 Case No.**
                                                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (SCC)**
                                                                                     :
                    Debtors.                                           :    **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING THE PLAN ADMINISTRATOR'S FOUR HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the four hundred eighty-second omnibus objection to claims, dated October 24, 2014 (the "Four Hundred Eighty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the Insufficient Documentation Claims, all as more fully described in the Four Hundred Eighty-Second Omnibus Objection to Claims; and due and proper notice of the Four Hundred Eighty-Second Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Eighty-Second Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Eighty-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Four Hundred Eighty-Second Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Eighty-Second Omnibus Objection to Claims is granted; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE