UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                :

In re                                            :          Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :          08-13555 (SCC)

Debtors.                             :          (Jointly Administered)

------------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER GRANTING THE STATE OF DELAWARE RELIEF FROM THE AUTOMATIC STAY

Lehman Brothers Holdings Inc. ("LBHI"), in its capacity as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* on its own behalf, and the State of Delaware (the "State," together with the Plan Administrator, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (this "Stipulation, Agreement and Order") and represent and agree as follows:

### RECITALS

A.    Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Chapter 11 Entities") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B.    On December 6, 2011 the Bankruptcy Court confirmed the *Modified Third Amended Joint Chapter 11 Plan for Lehman Brothers Holdings Inc. and its Affiliated Debtors* [ECF No. 23023] (the "Plan"). The Plan became effective on March 6, 2012.

C.    On or about November 4, 2005, LBHI enter into that certain Secured Promissory Note, dated November 4, 2005 (the "Note"), with Sweetwater Point LLC ("Sweetwater") pursuant to which LBHI loaned $6,000,000 to Sweetwater to finance the acquisition of certain

real property located in Sussex County, Delaware, commonly known as Sweetwater Point (the "Property"). The Note is secured by that certain Mortgage and Security Agreement given by Sweetwater to LBHI and encumbering the Property (the "Mortgage," and together with the Note, the "Loan").

D. Sweetwater is a joint venture between LB Sweetwater LLC, an indirect, wholly owned subsidiary of LBHI and Sweetwater WGPP, LLC, an unrelated third party.

E. The Property consists of a parcel of lake-front property zoned for residential construction in Millsboro, Delaware and is adjacent to certain property owed by the State.

F. In conjunction with Sweetwater's acquisition of the Property, both LBHI [Policy No. G47-2001415] (the "LBHI Policy") and Sweetwater [Policy No. A75-0939176] (the "Sweetwater Policy," and together with the LBHI Policy, the "Policies") acquired title insurance from Lawyers Title Insurance Company ("LTIC").

G. On or about October 21, 2009, the State brought an action in the Court of Chancery of the State of Delaware against LBHI and Sweetwater, contesting Sweetwater's ownership of a portion of the Property (the "State Court Litigation").

H. Pursuant to the Policies, LTIC is defending LBHI and Sweetwater. Trial in the State Court Litigation began on September 22, 2014.

I. In order to allow the Litigation to proceed, and the respective interests of LBHI, Sweetwater, and the State in the Property to be judicially determined, the Parties have agreed that it is in their best interests to enter into this Stipulation, Agreement and Order upon the terms and conditions herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, the automatic stay extant pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay") shall be modified to the extent necessary to permit the Parties to continue to prosecute the State Court Litigation, *provided*, *however*, that, except as expressly provided herein, the Automatic Stay remains in full force and effect, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose before the commencement of the LBHI's chapter 11 case from the Chapter 11 Entities' estates and/or assets or property of the Chapter 11 Entities or the Chapter 11 Entities' estates (as defined in section 541 of the Bankruptcy Code).

3. This Stipulation, Agreement and Order shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, records of deeds, registrars of deeds, administrative agencies, governmental units, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, contract, or the duties of their office to accept, acknowledge, assent or consent to, file, register, record or release any documents or instruments with respect to the Property and the transactions effectuated in connection therewith under this Stipulation, Agreement and Order.

4. Nothing in this Stipulation, Agreement and Order shall constitute or be construed as (a) an amendment to the documents evidencing or securing the Loan, or (b) an admission as to the validity of any claim of or against any Party, or as a waiver of the rights of any Party to dispute any claim.

5.      Each person who executes this Stipulation, Agreement and Order on behalf of a Party represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of such Party.

6.      This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

7.      This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

8.      This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

9.      This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

Dated: October 20, 2014

| **WEIL, GOTSHAL & MANGES LLP** | **STREET & ELLIS, P.A.** |
|---|---|
| /s/ Jacqueline Marcus | /s/ Gerald I. H. Street |
| Jacqueline Marcus | Gerald I. H. Street |
| 767 Fifth Avenue | 426 South State Street |
| New York, New York 10153 | P.O. Box 1366 |
| Telephone: (212) 310-8000 | Dover, Delaware 19901 |
| Facsimile: (212) 310-8007 | Telephone: (302) 735-8400 |
|  | Facsimile: (302) 735-8417 |
| Attorneys for Lehman Brothers Holdings Inc. and certain of Its Affiliates | Counsel for the State of Delaware |

**SO ORDERED:**

October 28, 2014
New York, New York

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

4