# EXHIBIT 15

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000017406 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
Commonwealth of Virginia Tobacco Settlement Financing Corporation
C/O Shawn R. Fox
McGuireWoods LLP
1345 Ave. of the Americas, 7th Floor
New York, NY 10105

Telephone number: 212.548.2100    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
    (If known)

Filed on: _____

Name and address where payment should be sent (if different from above)
Manju S. Ganeriwala, Treasurer of Virginia
P.O. Box 1879
Richmond, VA 23218-1879

Telephone number: 804.225.3131    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**Debtors' Ex. 72**

1. **Amount of Claim as of Date Case Filed:** $ 35,952,062.50
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☑ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☑ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Terminated Reserve Fund Agreement
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____    Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____    Basis for perfection: _____
   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

   Amount entitled to priority:
   $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

FOR COURT USE ONLY

**FILED / RECEIVED**
**SEP 18 2009**
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9/17/09
Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
/s/ Manju Ganeriwala    Manju S. Ganeriwala
                       State Treasurer

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

   **3a. Debtor May Have Scheduled Account As:**
   Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code <u>shall not be considered</u> a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

### Attachment to Claim of Commonwealth of Virginia's
### Tobacco Settlement Financing Corporation

1.  This proof of claim is filed in the case of Lehman Brothers Holdings Inc. ("**LBHI**" or the "**Debtor**") (Case No. 08-13555 (JMP)) by Commonwealth of Virginia's Tobacco Settlement Financing Corporation ("**Virginia Tobacco Corporation**").

2.  Reference is made to the following:

    a.  Reserve Fund Agreement dated as of May 3, 2007 (as amended, the "**Reserve Agreement**"), between Lehman Brothers Special Financing Inc. ("**LBSF**"), Virginia's Tobacco Corporation and The Bank of New York Mellon Trust Company, N.A., as successor to The Bank of New York Trust Company, N.A.;

    b.  Guarantee of LBHI dated as of May 3, 2007, whereby LBHI guaranteed the obligations of LBSF to Virginia Tobacco Corporation under the Reserve Agreement (the "**Guarantee**");

    c.  Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI dated June 9, 2005, whereby LBHI guaranteed payment of all liabilities, obligations and commitments of LBSF;

    d.  Notice of Default and Termination from Virginia Tobacco Corporation to LBSF, dated March 13, 2009 (the "**Termination Date**"), in regard to the Reserve Agreement, and the transactions thereunder; and

    e.  Calculation of Termination Amount pursuant to the Reserve Agreement provided to LBSF dated April 21, 2009.

Copies of the documents referenced above are attached hereto as Exhibits A, B, C D, and E. Additional documentation will be provided with the Derivative Questionnaire and/or the Guarantee Questionnaire (as such terms are defined in the Bar Date Notice).

3.  The termination amount under the Reserve Agreement on the Termination Date was $35,952,062.50 in favor of Virginia Tobacco Corporation, plus interest, attorneys' fees and costs of collection as allowed pursuant to the Reserve Agreement and applicable law.

4.  This proof of claim is asserted by Virginia Tobacco Corporation against the Debtor, as guarantor of LBSF's obligations under the Reserve Agreement, in at least the amount of $35,952,062.50, plus interest and additional legal fees as allowable pursuant to the Reserve Agreement and applicable law.

5. This proof of claim is also a claim against the Debtor on account of all rights, claims and causes of action against the Debtor, of any nature, whether contingent or non-contingent, liquidated or unliquidated, or otherwise, which arise under or are related to the Reserve Agreement and/or the Debtor's actions or inactions in regard thereto.

6. This proof of claim is also a claim against the Debtor for all amounts outstanding, or which may become outstanding, of any nature, on account of claims for indemnity, contribution or subrogation, pursuant to applicable law, or arising under any written or other agreement.

7. The claims described herein are unsecured claims against the Debtor, except to the extent of any offset or netting (1) described or referenced herein, (2) arising under the documents described or referenced herein, (3) contemplated in the Reserve Agreements, or (4) arising pursuant to applicable law. Any claims subject to such an offset or netting are secured claims pursuant to applicable law. Virginia Tobacco Corporation does not waive and expressly reserves all rights in regard to all offsets or netting of amounts owed to the Debtor, against the Debtor. Virginia Tobacco Corporation does not waive and expressly reserves all setoff and netting rights against all parties arising pursuant to the Reserve Agreement and/or applicable law. Further, the extent and nature of the claims described herein are, or may be, unknown, contingent and/or unliquidated claims.

8. No judgment has been rendered on the claims set forth in this proof of claim.

9. There have been no payments on the claims set forth herein.

10. Virginia Tobacco Corporation does not waive any right to any security or collateral held by or for it or any right to claim an interest in specific assets or any other rights or causes of action that Virginia Tobacco Corporation has or may have against the Debtor or any other person or persons, and expressly reserves such rights.

11. Virginia Tobacco Corporation also reserves the right to file additional proofs of claim or to amend or supplement this proof of claim in any respect, including without limitation by specifying the dollar amount of any part of the claim that is not stated in specific amounts herein, if and when available. Virginia Tobacco Corporation also reserves the right to assert that all or any part of its claim is a secured claim, or is an administrative expense entitled to first priority under Sections 507(a)(1) and 507(b) of the Bankruptcy Code, or under any other applicable law, or otherwise.

12. This submission is without prejudice to all rights of Virginia Tobacco Corporation, which are hereby reserved.

/9893367.1

2



# COMMONWEALTH of VIRGINIA

MANJU S. GANERIWALA  
TREASURER OF VIRGINIA

*Department of the Treasury*

P. O. BOX 1879  
RICHMOND, VIRGINIA 23218-1879  
(804) 225-2142  
Fax (804) 225-3187

April 21, 2009

**BY OVERNIGHT MAIL**
**AND FACSIMILE (646) 758-2249**

Lehman Brothers Special Financing Inc.
745 Seventh Avenue, 5th Floor
New York, New York 10019
Attention: Municipal Financial Products – Middle Office

    Re:   Reserve Fund Agreement dated as of May 3, 2007 (the "Investment Agreement"), between Lehman Brothers Special Financing Inc., the Commonwealth of Virginia's Tobacco Settlement Financing Corporation (the "Virginia Tobacco Corporation") and The Bank of New York Mellon Trust Company, National Association, as successor to The Bank of New York Trust Company, N.A.

Ladies and Gentlemen:

    We refer to the Investment Agreement and our notice to you dated March 13, 2009 wherein we exercised our right to terminate the Investment Agreement as a result of the Lehman Event of Default under Section 7.3(d) of the Investment Agreement.

    We have calculated the "Termination Amount" as defined in Article I of the Investment Agreement. We hereby notify you that the "Termination Amount" is -$35,952,062.50, exclusive of any amounts due to the Virginia Tobacco Corporation under Section 7.7(b) of the Investment Agreement and incidental costs and expenses incurred by the Virginia Tobacco Corporation in connection with the termination of the Investment Agreement and the enforcement of its rights thereunder (including costs of collection and reasonable attorney's fees, to the extent allowed pursuant to applicable law). Such amount was determined, pursuant to the definition of "Termination Amount" in Article I of the Investment Agreement, by calculating the arithmetic mean of market quotations, without regard to quotations having the highest and lowest values.

    In accordance with Section 7.6(c) of the Investment Agreement, $35,952,062.50 is payable by you to the Virginia Tobacco Corporation.

\82418933

Lehman Brothers Special Financing Inc.
April 21, 2009
Page 2

      The Virginia Tobacco Corporation reserves all of its rights under the Investment Agreement and pursuant to applicable law. Capitalized terms used but not otherwise defined herein have the meanings given them in the Investment Agreement.

Very truly yours,

TOBACCO SETTLEMENT FINANCING
CORPORATION

By: *Manju Ganeriwala*
    Manju S. Ganeriwala
    Secretary/Treasurer

\82418933

cc:   The Bank of New York Mellon Trust Company, National Association
525 William Penn Place, 7th Floor
Pittsburgh, Pennsylvania 15259
Attention: Brian D. Butler
(via facsimile (412) 236 - 0870)

Lehman Brothers
1271 Sixth Avenue, 40th Floor
New York, New York 10020
Attention: Locke R. McMurray
(via Federal Express)

Weil, Gotshal & Manges LLP
Attention: Shai Y. Waisman
767 Fifth Avenue
New York, New York 10153
(via Federal Express)

\82418933

**HAND DELIVERY**

Ashley Volel
RECEIVED BY:

9/18/09
DATE

11:32
TIME