# EXHIBIT 19

Paul J. Lawrence
Kymberly K. Evanson
PACIFICA LAW GROUP
1191 2nd Avenue, Suite 2100
Seattle, Washington 98101
Tel: (206) 245-1700
Fax: (206) 245-1750

Robert N. Michaelson
Eric T. Moser
RICH MICHAELSON MAGALIFF MOSER, LLP
340 Madison Avenue, 19th Floor
New York, New York 11073
Tel: (212) 220-9404
Fax: (212) 913-9642

*Attorneys for Washington State Tobacco Settlement Authority*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br><br>LEHMAN BROTHERS HOLDINGS, INC.,<br>*et al.*,<br><br>          Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

## WASHINGTON STATE TOBACCO SETTLEMENT AUTHORITY'S FIRST REQUESTS FOR PRODUCTION AND INTERROGATORIES

**TO:    Lehman Brothers Special Financing, Inc. and Lehman Brothers Holdings Inc., and their counsel of record**

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, 7034 and 9014 and

Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Washington State Tobacco

Settlement Authority ("TSA") hereby requests that Debtors Lehman Brothers Special Financing

Inc. ("LBSF") and Lehman Brothers Holdings Inc. ("LBHI") answer fully and separately under

oath, within 30 days of service, the following interrogatories and requests for production.

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY REQUESTS- 1

Documents shall be produced at the offices of Pacifica Law Group, 1191 2nd Ave, Suite 2100, Seattle, WA 98101 or at such other place as the parties shall mutually agree.

## I.    INSTRUCTIONS

A.    These discovery requests require you to produce all documents and information that is available to you.  This includes documents and information in your possession, custody or control, as well as in the possession, custody, or control of your attorneys, employees, and agents.  Unless otherwise specified, these discovery requests seek the production of documents and information from November 23, 1998 to present.

B.    For each document that you assert is privileged or otherwise excludable from discovery, please provide the following information:  the author(s), the recipient(s), all copy recipients, the date, the type of document (e.g., memorandum, e-mail, letter, chart, photograph, etc.), a description of the document, the privilege being claimed, and the grounds for the privilege claim.

C.    If any interrogatory or request for production seeks information in any document formerly in your possession, custody, or control that has been discarded, misplaced, lost, destroyed, or otherwise placed outside your custody or control, identify the document and describe its contents in detail and state when the document was discarded, misplaced, lost, destroyed, or otherwise placed outside your custody or control.  If the document was destroyed, identify each person with knowledge of its destruction, the person requesting or performing the destruction, the reasons for its destruction, and each document that refers or relates to either the existence of or destruction of the document.  For each document that was discarded, misplaced, lost, or otherwise placed outside your custody or control, explain all circumstances in relation to

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY REQUESTS- 2

the loss of the document and identify each person with knowledge regarding those circumstances.

      D.     If you object to answering any interrogatory or producing documents in response to any request, state your objection and all factual and legal bases for the objection.  If you object to a portion of a production request, specify that portion and answer or produce documents in response to the remainder.

      E.     These discovery requests are continuing in nature.  If you discover additional or different information that is responsive to these discovery requests, you are required to provide supplemental responses in accordance with Federal Rule of Civil Procedure 26(e).  If you do not provide supplemental information as required under the Federal Rules of Civil Procedure, TSA will move at the time of trial to exclude from evidence any requested information and document that was not timely furnished.

      F.     Please mark and arrange documents produced in response to these requests in such a way as to indicate clearly the request to which each document is responsive.  If a document is responsive to more than one request, the document should be included with other documents that respond to the first request to which the document is responsive.

      G.     These discovery requests include space for you to provide responses.  If the space is inadequate to provide a complete and accurate response, please attach additional pages with the rest of your response.

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY REQUESTS- 3

## II. DEFINITIONS

**Pursuant to Local Bankruptcy Court Rule 7026-1 and Local Civil Rule 26.3, the following definitions apply to these requests:**

A.     The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

B.     The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

C.     When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

D.     When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

E.     The term "Claimant" refers to TSA. The term "Debtors" refers to LBSF and LBHI. The terms Claimant and Debtors, as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY REQUESTS- 4

F.      The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

G.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

**The following rules of construction apply to all discovery requests:**

**A.**      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**B.**      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**C.**      The use of the singular form of any word includes the plural and vice versa.

**The following additional definitions apply to these requests:**

A.      "TSA" means the Washington State Tobacco Settlement Authority, an independent public instrumentality of the State of Washington.

B.      "LBSF" means Lehman Brothers Special Financing, Inc.

C.      "LBHI" means Lehman Brothers Holding, Inc.

D.       "Lehman" or "Lehman entity" refers collectively to LBSF, LBHI, Lehman Brothers Commercial Bank, Woodlands Commercial Bank and any other Lehman Brothers affiliate, entity, subsidiary or agent.

E.      The "RFA with TSA" means the reserve fund agreement dated November 5, 2002, between TSA, LBSF and U.S. Bank, N.A., as amended by the Amendment Agreement, dated March 26, 2003, which is the investment vehicle through which TSA invested certain reserve funds (the "Reserve Fund") that served as a source of backup payment for debt service

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY REQUESTS- 5

on tobacco settlement bonds ("Bonds") TSA issued in 2002.  All definitions included in the RFA with TSA are incorporated by reference herein.

F.    "Tobacco RFAs" means any reserve fund agreement entered into by LBSF or guaranteed by LBHI with any public instrumentality administering, receiving, or managing the securitization of settlement funds received in connection with the 1998 Master Settlement Agreement between tobacco manufacturers and states.

G.    "Non-Tobacco RFA" means any reserve fund agreement entered into by LBSF or guaranteed by LBHI in connection with a reserve fund securing taxable or tax-exempt bonds in the Municipal Market.

H.    "Municipal FPA" means any forward purchase agreement, forward delivery agreement (including DSDAs, as defined below) or similar instrument used by or in the Municipal Market.

I.    "Municipal Market" means all issuers and conduit borrowers who make use of taxable or tax-exempt municipal bonds, including state and local governmental entities, and non-profit entities that make use of municipal conduit issuers, including but not limited to health care, higher education, and cultural institutions.

J.    "Debtors' Bankruptcy" means the filing on September 15, 2008 by LBHI and October 3, 2008 by LBSF of voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code.

K.    "LIBOR" means the London Interbank Offered Rate.

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY REQUESTS- 6

## III. REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1**: Please produce all documents concerning LBSF's

entrance into, and LBHI's guarantee of, the RFA with TSA dated November 5, 2002, as

amended by the Amendment Agreement, dated March 26, 2003between TSA, LBSF and U.S.

Bank, N.A., including but not limited to complete trading records related to the RFA with TSA,

including all traders' notes, trading logs, spreadsheets, and trade records.

**RESPONSE:**


**REQUEST FOR PRODUCTION 2:**  Please produce all documents concerning the

pricing of the RFA with TSA, including but not limited to credit charge, hedge costs, costs in

connection with the delivery of eligible securities under the RFA with TSA, profit margin and

any other spread or pricing component, shown in dollars and basis points.  Please produce all

external and internal communications of any kind related to the foregoing.

**RESPONSE:**


**REQUEST FOR PRODUCTION 3:**  Please produce a journal of all transactions, as

well as all documents concerning such transactions, booked in conjunction with trades related to

the RFA with TSA.

**RESPONSE:**


WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY REQUESTS- 7

**REQUEST FOR PRODUCTION 4:**  Please produce all documents concerning any credit charge or reserve and any other charge or reserve booked on the trades relating to the RFA with TSA, as well as any limits on credit exposure established or discussed with regard to RFAs or similar financial products.

**RESPONSE:**

**REQUEST FOR PRODUCTION 5:**  Please produce all documents concerning any Lehman entity's assumptions on the relevant LIBOR swap rate used as a benchmark for the RFA with TSA, including but not limited to assumptions concerning the category of eligible security to be delivered under the RFA with TSA, and the spread to LIBOR assumed for that category of security.

**RESPONSE:**

**REQUEST FOR PRODUCTION 6:**  Please produce all documents concerning all eligible securities delivered under the RFA with TSA from inception to termination, including the purchase price/yield of these securities.

**RESPONSE:**

**REQUEST FOR PRODUCTION 7:**  Please produce all documents concerning offsetting hedges that any Lehman entity put on in connection with the RFA with TSA.

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY REQUESTS- 8

**RESPONSE:**


**REQUEST FOR PRODUCTION 8**:  Please produce all documents including any

internal communications of any kind including emails, chats, or oral communications concerning

the termination valuation of the RFA with TSA.

    **RESPONSE:**


**REQUEST FOR PRODUCTION 9:**   Please produce all documents and

communications concerning the redemption of TSA's Bonds, including but not limited to, any

emails, chats, reports, oral communications or other documents of any kind concerning any

Lehman entity's expectations or assumptions about the anticipated or expected life or term of the

RFA with TSA based on an early redemption of the Bonds.

    **RESPONSE:**


**REQUEST FOR PRODUCTION 10:**  Please produce all documents identified in

Requests for Production 1-9 that concern Tobacco RFAs entered into by LBSF or guaranteed by

LBHI, including without limitation RFAs with the following entities:

    a.   Tobacco Settlement Financing Corporation of New York
    b.   Buckeye Tobacco Settlement Financing Authority
    c.   Golden State Tobacco Securitization Corp.
    d.   Commonwealth of Virginia Tobacco Settlement Financing Corp.
    e.   California County Tobacco Securitization Agency-Placer County

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY REQUESTS- 9

    f.   The California County Tobacco Securitization Agency

    g.   Michigan Tobacco Settlement Finance Authority

    h.   Monroe Tobacco Asset Securitization Corp.

    i.   Tobacco Asset Securitization Corporation

    j.   Tobacco Settlement Finance Corporation – Louisiana

    k.   Tobacco Settlement Finance Corporation – Ohio

    l.   Tobacco Settlement Financing Corp. – New Jersey

**RESPONSE:**

**REQUEST FOR PRODUCTION 11:**  Please produce all documents and communications concerning the actual, projected or potential redemption of bonds issued by other tobacco settlement authorities, including but not limited to the entities listed in Request Number 10.  This request includes but is not limited to, any emails, chats, reports, oral communications or other documents of any kind concerning any Lehman entity's expectations or assumptions about the anticipated or expected life or term of the other Tobacco RFAs based on an early redemption of the bonds.

**RESPONSE:**

**REQUEST FOR PRODUCTION 12:**  Please produce all documents identified in response to Requests for Production 1-9 concerning all other Non-Tobacco RFAs entered into by LBSF or guaranteed by LBHI.

**RESPONSE:**

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY
REQUESTS- 10

**REQUEST FOR PRODUCTION 13:**  Please produce all documents concerning profitability, credit reserve, profit margin, and other charges related to all RFAs (Tobacco and Non-Tobacco) identified in response to these Requests, including the RFA with TSA, and including but not limited to reports generated from Lehman's "E-Banker" or "Summit" systems, or any other internal tracking and/or reporting system.

**RESPONSE:**

**REQUEST FOR PRODUCTION 14:**  Please produce all documents concerning marketing materials and pitch books used by any Lehman entity, subsidiary or agent for any RFA, including the RFA with TSA, any Tobacco RFA or any Non-Tobacco RFA, as well as any Debt Service Deposit Agreement ("DSDA") or Municipal FPA.  Include in the foregoing any responses to requests for proposals or requests for bids, as well as any transactions or recommendations for any of these products proposed or discussed by either Lehman's public finance department representatives or Lehman's financial products or derivative marketers.  For Lehman's responses to competitive bid solicitations, please provide all information regarding the bid, including all back-up material on how Lehman determined its bid price (whether Lehman's bid was a winning or losing bid), any materials or communications regarding Lehman's preparation of its bid, and any record of bid levels provided by other bidders participating in the bid process.

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY
REQUESTS- 11

**RESPONSE:**

**REQUEST FOR PRODUCTION 15:**  Please produce all documents concerning any internal reports on Municipal FPAs.  This request includes any analyses, oral or written communications, assumptions, calculations or other documents concerning or used in preparing or providing analysis for a presentation entitled Municipal Derivatives Business and Market Risk Overview, including such presentation dated September 2008.

**RESPONSE:**

**REQUEST FOR PRODUCTION 16:**  Please produce all documents and records of any kind concerning the valuation or settlement on early termination of any Tobacco RFA or Non-Tobacco RFA, both before and after September 15, 2008, expressed in dollars and basis points. This request includes documents concerning the RFA with TSA.

**RESPONSE:**

**REQUEST FOR PRODUCTION 17:**  Please produce all documents concerning quotations or other indications of market value sought or received in connection with any Forward Delivery Agreement ("FDA") (including Tobacco RFAs, Non-Tobacco RFAs and DSDAs) terminations, including any records of FDAs that any Lehman entity terminated early.

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY
REQUESTS- 12

**RESPONSE:**


**REQUEST FOR PRODUCTION 18:**  Please produce all documents and

communications concerning the mark-to-market methodology for the RFA with TSA, Tobacco

FPAs, or FPAs generally, including but not limited to communications of any kind concerning a

potential or actual change in Lehman's mark-to-market methodology or model for FPAs, either

individually or generally.  This Request includes copies of the models used for mark-to-market

or other valuation of FPAs (including Tobacco RFAs, Non-Tobacco RFAs and DSDAs).

**RESPONSE:**


**REQUEST FOR PRODUCTION 19:**  Please produce all documents concerning daily

mark-to-market information on FPAs (including Tobacco RFAs, Non-Tobacco RFAs, DSDAs,

and other Municipal FPAs), including but not limited to, internal and external reports generated

for any purpose and mark-to-market reports sent to clients of any Lehman entity.

**RESPONSE:**


**REQUEST FOR PRODUCTION 20:**  Please produce all documents, emails, and trade

confirmations concerning novations of non-terminated FPAs (including Tobacco RFAs, Non-

Tobacco RFAs, DSDAs and Municipal FPAs) from LBSF, Lehman Brothers Commercial Bank,

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY
REQUESTS- 13

Woodlands Commercial Bank or any other Lehman entity.  This Request includes details on the

pricing of the novations including assumptions on rate curve (U.S. Treasury bill based,

commercial paper based, and agency based) and the spread provided to the novating bank or

other party or otherwise taken into account in the novation pricing.  Please provide Lehman's

daily mark-to-market pricing for the period beginning January 1, 2007 to novation.  Please

provide the difference between Lehman's mark-to-market price at the time of the novation,

description and amount of any reserves (credit or otherwise) and any adjustments to mark-to-

market that may have been documented as a reserve, and the actual execution price at which the

novation took place.  For the sake of clarity, please provide (1) Lehman's mark-to-market value

immediately prior to novation; (2) model-based mid-market value at the time of novation; and,

(3) actual execution price at which the novation took place. Please include a list of all banks,

dealers, or other financial entities who participated in a novation or were solicited to participate

in a novation, and all communications with these banks, dealers or other financial entities.

**RESPONSE:**


**REQUEST FOR PRODUCTION 21:**  Please produce all documents and

communications concerning any Lehman entity policy of charging desks for unfunded

derivatives liabilities, including any documents or communications of any kind discussing

changes that may have occurred from November 23, 1998 through and until the Debtors'

Bankruptcy.

**RESPONSE:**

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY
REQUESTS- 14

**REQUEST FOR PRODUCTION 22:**  Please produce all documents and communications concerning any Lehman entity policy of giving derivatives desks credit for transactions that produced funding for the trading desk or any other entity, including any documents or communications of any kind discussing changes that may have occurred from November 23, 1998 through and until the Debtors' Bankruptcy.

**RESPONSE:**

**REQUEST FOR PRODUCTION 23:**  Please produce all documents and communications concerning any additional incentives for engaging in off-market transactions that produced a funding benefit for any Lehman entity, including any materials discussing changes that may have occurred from November 23, 1998 through and until the Debtors' Bankruptcy.

**RESPONSE:**

**REQUEST FOR PRODUCTION 24:**  Please produce all documents and communications concerning credit charges for FPA's (including Tobacco RFAs, Non-Tobacco RFAs and DSDAs), including all communications reflecting credit reviews, and the frequency of credit reviews, and all communications regarding increases or decreases in credit reserves.

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY
REQUESTS- 15

**RESPONSE:**

**REQUEST FOR PRODUCTION 25:**  Please produce all documents and communications concerning any arrangements (whether formal or informal) by the LBSF or affiliated derivatives desk to utilize FPAs (including Tobacco RFAs, Non-Tobacco RFAs and DSDAs) as a way to place commercial paper for the following individuals, groups and/or entities:

a.  Lehman Corporate Treasury
b.  Outside customers
c.  Other Lehman entities/subsidiaries
d.  Other Lehman affiliates
e.  Off balance sheet arrangements where Lehman was an interested party, including special purpose vehicles (i.e. "Hudson Castle", "Crimson" etc.)
f.  Asset backed commercial paper conduits

**RESPONSE:**

**REQUEST FOR PRODUCTION 26:**  Please produce all documents and communications concerning issuers of commercial paper delivered under FPAs (including Tobacco RFAs, Non-Tobacco RFAs and DSDAs), commercial paper delivered under such FPAs, and the market spread of commercial paper compared to the relevant LIBOR and/or H15 CP index (non-financial).

**RESPONSE:**

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY
REQUESTS- 16

**REQUEST FOR PRODUCTION 27:**  Please produce all documents and communications between the trading desk for FPAs, credit officers, and municipal or public finance bankers involved in tobacco securitizations regarding any aspects of tobacco-related FPAs (including RFAs and DSDAs), including communications concerning the Tobacco Master Settlement Agreement, the effects of smoking cessation, non-participating manufacturers, and the effects on "turbo" or other bond redemptions and the expected life or term of the FPAs.  This Request includes all documents concerning changes in mark-to-market values reflecting analysis of the foregoing, as well as all documents, materials and communications pertaining to available credit capacity for Tobacco RFAs with any Lehman entity.

 **RESPONSE:**


 **REQUEST FOR PRODUCTION 28:**  Please produce all documents and communications concerning any terminated FPA (including Tobacco RFAs, Non-Tobacco RFAs and DSDAs), including any termination payment made or received, the mark-to-market value as reflected on any Lehman entity's books immediately prior to termination, the methodology used to determine termination value, the results of any market quotation process (if market quotations were sought), termination values expressed as a spread to LIBOR, and the circumstances surrounding the termination.

 **RESPONSE:**

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY
REQUESTS- 17

10000.00001 cf044x10nk.002

**REQUEST FOR PRODUCTION 29:**  Please produce all recordings of any phone call concerning any information that is the subject of these Requests.

**RESPONSE:**

**REQUEST FOR PRODUCTION 30:**  Please produce all documents and communications concerning any mediation, litigation or arbitration with third parties on FPAs (including Tobacco RFAs, Non-Tobacco RFAs and DSDAs).

**RESPONSE:**

**REQUEST FOR PRODUCTION 31:**  Please produce a list of commercial paper (CUSIP, tenor, amount) delivered for all Municipal FPA's, listed by FPA.

**RESPONSE:**

**REQUEST FOR PRODUCTION 32:**  Please produce all documents that relate to Lehman's proposed methodology for valuing the RFA with TSA as of the date of termination pursuant Section VII of the RFA with TSA.  This Request includes all documents concerning

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY
REQUESTS- 18

Lehman's proposed methodology for calculating the "Termination Amount" as defined in the

RFA with TSA.

**RESPONSE:**

**REQUEST FOR PRODUCTION 33:** Please produce copies of all document

retention/destruction policies in effect at LBSF and LBHI from January 1, 2002 until the present.

Please produce copies of policies and procedures for the recording of telephone calls and the

retention of such recordings, and for the retention and deletion of emails, chats and other

electronic communications.

**RESPONSE:**

## IV. INTERROGATORIES

**INTERROGATORY 1:** Please provide the names, addresses and current contract

information for all traders/derivative marketers/supervisors on the relevant desk(s) for FPAs

(including Tobacco RFAs, Non-Tobacco RFAs, DSDAs and Municipal FPAs) executed by

LBSF or guaranteed by LBHI. Please provide the names, addresses and current contact

information of all public finance bankers, credit review personnel, and corporate treasury

personnel that may have participated in pricing, analysis or marketing of any of the foregoing.

**ANSWER:**

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY
REQUESTS- 19

**INTERROGATORY 2:**   Please provide the names, addresses and current contact information for all persons involved in the negotiation and execution of the RFA with TSA including without limitation persons involved with the negotiation, valuation, and assumptions used with regard to the RFA with TSA.

   **ANSWER:**

**INTERROGATORY 3:**   Please provide the names, addresses and current contact information for all persons involved with the implementation of the RFA with TSA including without limitation all persons involved with trading related to the RFA with TSA.

   **ANSWER:**

**INTERROGATORY 4:**   Please provide the names, addresses, and current contact information for all persons with knowledge concerning the valuation of the RFA with TSA as of the date of termination.

   **ANSWER:**

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY
REQUESTS- 20

DATED this 10th day of June, 2013.

PACIFICA LAW GROUP, LLP

By _____
Paul J. Lawrence, WSBA # 13557
Kymberly K. Evanson, WSBA # 39973

RICH MICHAELSON MAGALIFF MOSER, LLP

By _____
Robert N. Michaelson
Eric T. Moser

Attorneys for Washington State Tobacco
Settlement Authority

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S FIRST DISCOVERY
REQUESTS- 21

10000 00001 cf044x10nk 002