Hearing Date and Time: November 7, 2014 at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**REPLY TO RESPONSES TO OBJECTIONS TO CLAIM NUMBERS 4618 AND 32308**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan") [ECF No. 22737], files this reply in further support of the Debtors' One Hundred Seventeenth Omnibus Objection to Claims [ECF No. 15363] (the "117th Objection") and the Debtors' One Hundred Eighty-Fifth Objection to Claims [ECF No. 19714] (the "185th Objection" and together with the 117th Objection, the "Objections"), and respectfully represents as follows:

**Reply**[1]

    1.  The Objections seek to disallow proof of claim numbers 4618 and 32308 (the "Claims") asserted against LBHI. Neither the Claims nor the responses thereto filed by the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objections.

respective claimants offer a legal justification for why LBHI should be liable for the amounts asserted.

**I.    Claim 4618**

2.    Claim No. 4618, filed by Zhiyong Shi ("Shi"), asserts a claim of approximately $58,000 for 2008 salary, $265,000 for a 2008 bonus, and $12,950 for his pension. In the 185th Objection, LBHI argued that LBHI had no liability for the a salary or bonus claim because LBHI was not Shi's employer and a PBGC Settlement relieved LBHI of any liability with respect to claims arising under the terminated LBHI Retirement Plan.

3.    In his response, Shi does not contest the central premise of the Objection: that LBHI was not Shi's employer.[2]  Indeed, the pay stub attached to Shi's claim lists Lehman Brothers Inc. ("LBI") as Shi's employer and Shi filed a duplicative claim against LBI.[3]  Nor does Shi dispute the impact of the PBGC Settlement.  Shi asserts only that his claim is "based on a salary guarantee by Lehman Brothers," and that he worked "as a global controller for Equity businesses covering many legal entities and worked on LBHI financial statements as [his] day to day job."  Thus, notwithstanding Shi's response to the Objection, Shi's claim must be disallowed because it does not establish a *prima facie* claim against LBHI.

4.    Further, pursuant to the terms of the employment letter attached to his claim (the "June 6th Letter"), Shi's salary was not "guaranteed."  The June 6th Letter provides that amounts will only "be paid for all periods of [Shi's] active employment" and that "this letter is not a contract of continuing employment," that Shi's employment "is for no fixed term, and

---

[2] A copy of Shi's response is attached hereto as Exhibit A.

[3] LBI objected to Shi's claim against LBI on the basis that Shi was transferred to Barclays Capital Inc. ("Barclays") following its acquisition of most of the assets of LBI's North American broker-dealer business and investment banking operations.  *See* Case No. 08-01420 (SCC) [ECF No. 9013].  The LBI Trustee accordingly asserts that liability for Shi's 2008 bonus was assumed by Barclays pursuant to the APA and that LBI has no ongoing liabilities to transferred employees for bonus compensation, that his claim for wages was only payable during periods of active employment, and that the PBGC Settlement relieves LBI of any liability on account of his pension.

either [Shi] or the Firm may terminate the employment relationship at any time for any reason." Accordingly, Shi's claim for "guaranteed" salary must be disallowed.

5. Further, pursuant to the June 6th Letter, any bonus was payable, in part, in conditional equity awards (*e.g.* RSUs). Thus, to the extent LBHI has liability for Shi's bonus, the relevant portion of his claim would properly be classified as equity.[4]

## II. Claim 32308

6. Claim No. 32308, filed by Vito Santoro ("Santoro"), asserts a claim against LBHI for "contractually defined compensation and/or commissions." [ECF No. 17042].[5] Through the 117th Objection, LBHI argues that LBHI was not Santoro's employer. In response, Santoro argues his claim should not be disallowed, and that his claim "is based on the non-discretionary, formulaic guidelines set forth in" an employment letter, dated January 15, 2008 (the "January 15th Letter"). [ECF No. 17042].

7. Santoro's claim must be disallowed, however, because it does not establish a *prima facie* claim against LBHI. The January 15th Letter is from LBI and shows that Santoro was employed by LBI, not LBHI. Without any further explanation, his claim must be disallowed.

---

[4] *See* 11 U.S.C. §510(b) (claims seeking damages "arising from the purchase or sale" of a security issued by the debtor "shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security"); *In re MF Global Holdings Ltd.*, 2014 WL 3882363, at *6 (Bankr. S.D.N.Y. Aug. 6, 2014) ("RSUs, like stock options, [are] a 'means of acquiring stock' and therefore constitute securities under the Code and relevant case law") (quoting *In re Enron Corp.*, 341 B.R. 141, 150 (Bankr. S.D.N.Y. 2006)).

[5] Santoro filed a duplicative claim against LBI, which is currently subject to a pending objection. *See* Case No. 08-01420 (SCC) [ECF No. 9478]. The LBI Trustee asserts that liability for 2008 bonuses was assumed by Barclays pursuant to the APA and that LBI has no ongoing liabilities to transferred employees for bonus compensation, that LBI is not liable for benefits under the LBHI Group Benefits Plan, and that the PBGC Settlement relieved LBI of any potential liability with respect to any claim Santoro may have had on account of his pension.

**The Claims Should Be Disallowed**

8.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). It is axiomatic that "affiliated corporations are, as a rule, treated separately and independently so that one will not be held liable for the contractual obligations of [an]other . . . ." *Krys v. Aaron* (*In re Refco Inc. Secs. Litig.*), 826 F. Supp. 2d 478, 495 (S.D.N.Y. 2010) (quoting *Sheridan Broad. Corp. v. Small*, 798 N.Y.S.2d 45, 46-47 (App. Div. 2005)).

9.     LBHI is not liable for either Santoro's or Shi's Claim. Further, as both Santoro and Shi acknowledge, their claims have been filed in duplicate against LBHI and LBI. *See* Claim Nos. 4618 & 32308. Without a legal basis for holding LBHI and LBI liable for the exact same claim, and in light of the fact that the Santoro and Shi Claims do not provide any basis for LBHI's liability, they should be disallowed. *See In re Union Fin. Servs. Grp., Inc.* 325 B.R. 816, 824 (Bankr. E.D. Mo. 2004) (disallowing multiple "identical claims against multiple debtors" and allowing one single unsecured claim). In *Union Financial*, the former president and sole shareholder of a debtor filed duplicative proofs of claim against multiple insolvent debtors in a jointly administered chapter 11 case. *Union Fin.*, 325 B.R. at 819. The debtors objected to the claims because, among other reasons, they were duplicative and sought recovery for the same injury against multiple debtors. *Id.* at 820. The court ultimately disallowed the duplicative claims and allowed a single unsecured claim, notwithstanding the fact that the debtors were unable to pay unsecured creditors in full. *Id.*

10.    Elimination of the Claims not only comports with applicable law, it will enable the Plan Administrator to release cash reserved on account of Santoro and Shi's Claims for the benefit of other creditors.

WEIL:\95122593\5\58399.0011

11. It would be inequitable and inappropriate for holders of the Claims to receive distributions on account thereof in these proceedings. Accordingly, to avoid the possibility of creditors receiving duplicative or multiple recoveries on the Claims, the Plan Administrator requests that the Court disallow and expunge the Claims in their entirety.

## Conclusion

For the reasons set forth above and in the Objections, the Plan Administrator respectfully requests that the Court disallow and expunge the Claims in their entirety and grant such other and further relief as the Court may deem just and appropriate.

Dated:  October 31, 2014
        New York, New York

                                                    */s/ Garrett A. Fail*
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**Exhibit A**

WEIL:\95122593\5\58399.0011

**Del Nido, Erika**

**From:** Jerry Shi <jerry_shi@yahoo.com>
**Sent:** Friday, October 21, 2011 10:27 PM
**To:** Del Nido, Erika
**Subject:** OBJECTION NOTICE

Hi Erika,

Thank you for the info when we talked on Oct 19th and for you to have sent me the adjourn confirmation letter right away.

I am writing to object your rejection of my claim no. 4618. It seems that you rejected my claim because I also made a claim against another Lehman entity. My claim is based on a salary guarantee by Lehman Brothers. I worked as a global controller for Equity businesses covering many legal entities and worked on LBHI financial statements as my day to day job. Therefore, I believe LBHI should honor the salary guaranteed. The only reason I made claim against another Lehman entity is to cover a small possibility that other legal entity may be responsible, per a friend's advice (not to seek duplicate claims). Could you please reconsider my situation?

REASONS THAT I MISSED THE DEADLINE

I missed the deadline of Oct 13 because (1) a family sickness and death during the period. (2) inexperience in legal matters such as this one.
(1) My mother-in-law, who lived with us for 22 years and brought up my two children, died on Sept 24. A few weeks before her death, we took care of her at home 24/7 and were totally exhausted and did not care about the mails or bills. After her death, there were so many things to deal with emotionally and physically, especially my work was extremely busy because I work in the finance department and need to work on the quarter end financial reporting.
(2) I do not have a lawyer on this matter. When I saw my claim got rejected, I really did not know what to do. I still do not even know what to do now. It is very hard for me to understand the legal document. The inexperience and afraid-ness somehow delayed my response until I encouraged myself to give you a call on Oct. 19. I really appreciated your professionalism to explain as much as you can to me.

Sincerely,

Zhiyong Shi

Cell Phone: 845-729-1320