UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

In re:

**LEHMAN BROTHERS HOLDINGS INC., et al.**

Debtors.

------------------------------------------------------------------ x

**Chapter 11**

Case No. 08-13555 (SCC)

**(Jointly Administered)**

### STIPULATION, AGREEMENT AND ORDER REGARDING CLAIMS NUMBER 37355 AND NUMBER 37356

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan"), and the Washington State Tobacco Settlement Authority ("Washington TSA" and, together with the Plan Administrator, the "Parties"), hereby stipulate and agree as follows:

### RECITALS

A.  On November 5, 2002, Lehman Brothers Special Financing Inc. ("LBSF"), Washington TSA, and U.S. Bank, N.A., as Trustee, entered into that certain Reserve Fund Agreement relating to Washington TSA's $517,905,000 Tobacco Settlement Authority Tobacco Settlement Asset-Backed Bonds, Series 2002 (the "RFA").

B.  On March 26, 2003, LBSF, Washington TSA, and U.S. Bank, N.A. entered into an Amendment Agreement to amend the terms of the RFA (the "Amendment Agreement"), which is annexed hereto as Exhibit A.

C.  On September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern

District of New York (the "Court"), which cases are being jointly administered under Case No. 08-13555 (SCC).

   D. On March 25, 2009, the Court entered an Order Authorizing Rejection of Reserve Fund Agreement Pursuant to 11 U.S.C. § 365(a) (the "Rejection Order"). The Rejection Order authorized LBSF to reject the RFA, and the RFA was deemed rejected pursuant to 11 U.S.C. § 365(a).

   E. On July 2, 2009, the Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases [Docket No. 4271] (the "Bar Date Order"). Pursuant to the Bar Date Order, the Court established September 22, 2009 as the deadline to file certain types of proofs of claim in these chapter 11 cases.

   F. On September 17, 2009, Washington TSA timely filed claims against LBHI and LBSF, evidenced by proofs of claim numbers 14871 and 15016 (the "Original Claims"), respectively. The Original Claims assert that LBSF is liable to Washington TSA in an amount no less than $47,046,214.01 in connection with the RFA, and that LBHI is liable for the same as a guarantor of LBSF.

   G. On October 12, 2009, Washington TSA timely amended the Original Claims against LBHI and LBSF, evidenced by proofs of claim numbers 37356 and 37355 (the "Amended Claims"), respectively. The Amended Claims assert that LBSF is liable to Washington TSA in an amount no less than $47,063,714.01 in connection with the RFA, and that LBHI is liable for the same as a guarantor of LBSF.

   H. Neither the Original Claims nor the Amended Claims reflect the Parties' entry into the Amendment Agreement.

I. On January 29, 2010, the Plan Administrator objected to the Original Claims in the Debtors' Fourth Omnibus Objection to Claims (Amended and Superseded Claims), [Docket No. 6876]. On March 25, 2010, the Court entered an order expunging the Original Claims [Docket No. 7828].

J. On December 6, 2011, the Court entered an order confirming the Plan [Docket No. 23023] (the "Confirmation Order"). The Effective Date (as defined in the Plan) occurred on March 6, 2012 [Docket No. 26039].

K. Pursuant to section 6.1(b) of the Plan, the Plan Administrator is authorized to control and effectuate the claims reconciliation process with respect to claims filed against LBHI and LBSF.

L. Pursuant to paragraph 86 of the Confirmation Order, after the Effective Date, a proof of claim may not be filed or amended without authority of the Court.

M. On September 12, 2011, LBHI objected to the Amended Claims in the Debtors' One Hundred Ninety-First Omnibus Objection to Claims (Valued Derivative Claims) [Docket No. 19888], seeking to reduced the Amended Claims amount to $4,325,931.16 (the "Claims Objection").

N. On May 24, 2013, LBHI and Washington TSA jointly presented a Claims Litigation Schedule for the Objection of Debtors and Debtors in Possession to Claims of Washington Tobacco Settlement Authority [Docket No. 37558] (the "Litigation Schedule").

O. The Parties have agreed that (i) the Amended Claims shall be amended to reflect the Amendment Agreement and its effects on the Amended Claims, (ii) the Claims Objection shall be amended and reduced to $0, and (iii) nothing herein shall be deemed to waive

LBSF's right to file an Adversary Complaint after the Claims Hearing in the event that the Court finds LBSF is entitled to a recovery.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation and Order shall become effective once it has been executed by the Parties and approved by the Court (the "<u>Stipulation Effective Date</u>").

2. As of the Stipulation Effective Date, the Amended Claims are hereby deemed amended to assert claims in the amount of $38,560,427, plus attorneys fees and costs.

3. As of the Stipulation Effective Date, the Claims Objection is hereby deemed have been amended to reduce the Modified Amounts (as defined in the Claims Objection) to $0 and to request that the Court disallow and expunge the Amended Claims in their entirety.

4. LBSF reserves its right to file an Adversary Complaint in the event that the Court finds LBSF is entitled to a recovery after the Claims Hearing, and Washington TSA reserves the right to assert any and all applicable defenses to any such Adversary Complaint.

5. Nothing in this Stipulation and Order shall affect (i) the Plan Administrator's right to object to Washington TSA's claims on any ground other than the timing and method of filing, or (ii) Washington TSA's rights to prosecute its claims against the Plan Administrator or oppose any objections to its claims. For the avoidance of doubt, except as expressly set forth herein, this Stipulation and Order shall not alter, modify, amend or in any way affect the Amended Claims.

6. Nothing herein shall affect the Litigation Schedule.

7. The Parties authorize LBHI's Court-approved claims agent, Epiq Bankruptcy Solutions, LLC, to modify the claims register to reflect the terms of this Stipulation and Order.

8. This Stipulation and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

9. This Stipulation and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation and Order.

10. Each person who executes this Stipulation and Order represents that he or she is duly authorized to do so on behalf of the respective Party or Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Order.

11. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties hereto to be charged.

12. This Stipulation and Order shall be governed by and in accordance with the laws of the state of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of law that would require the application of laws of another jurisdiction.

| | |
|---|---|
| Dated: New York, New York<br>November 3, 2014 | RICH MICHAELSON MAGALIFF MOSER, LLP<br><br>By: /s/ Eric T. Moser<br>Eric T. Moser<br>Robert N. Michaelson<br>340 Madison Avenue, 19th Floor<br>Telephone: (212) 220-9402<br>Facsimile: (212) 913-9642<br><br>*Attorneys for Washington State Tobacco Settlement Authority* |
| Dated: New York, New York<br>November 2, 2014 | JONES DAY<br><br>By: /s/ Laura W. Sawyer<br>Jayant W. Tambe<br>Laura W. Sawyer<br>222 East 41st Street<br>New York, New York 10017<br>Telephone: (212) 326-3685<br>Facsimile: (212) 755-7306<br><br>*Attorneys for the Debtors* |

**SO ORDERED:**

Dated: New York, New York
       November 3, 2014

                                      /S/ Shelley C. Chapman
                                      Honorable Shelley C. Chapman
                                      United States Bankruptcy Judge