CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
Facsimile: (312) 701-2361
Franklin H. Top, III (admitted pro hac vice)

-and-

CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas, 30th Floor
New York, New York 10028-1708
Telephone: (212) 655-6000
Craig M. Price

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>LEHMAN BROTHERS HOLDINGS INC., ET AL.,<br><br>Debtors. | CHAPTER 11 CASE NO. 08-13555 (JMP)<br><br>(Jointly Administered) |

### AFFIDAVIT OF ROMAN VYSLOUKH

I, Roman Vysloukh, being first duly sworn on oath, and under penalties of perjury as provided for under the Federal Rules of Civil Procedure, depose and state as follows:

1. I am presently employed by U.S. Bank National Association (the "Trustee" or "U.S. Bank"), as a vice president based in our Chicago, Illinois offices located at 190 S. LaSalle St., Chicago, Illinois 60603. U.S. Bank National Association serves as successor Indenture Trustee under the terms of that Indenture dated as of October 8, 2003, as supplemented from time

to time (the *"Indenture"*), by and among Putnam Structured Product Funding 2003-1, Ltd. as Issuer (the *"Issuer"*), Putnam Structured Product Funding 2003-1 LLC, as Co-Issuer and LaSalle Bank National Association as Original Trustee (the *"Original Trustee"*). U.S. Bank National Association became successor Indenture Trustee under an agreement dated December 30, 2010 with Bank of America National Association, successor by merger to the Original Trustee.

2. In my capacity with the Trustee, I have responsibility for administering the Indenture. Based on my own experiences and after review of the Trustee's business records, I have personal knowledge of the facts stated in this Affidavit and am competent to testify to these facts if called to do so. Capitalized terms not defined herein shall have the meaning ascribed in the Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of the Partial Settlement Agreements Relating to Certain Credit Default Swap Agreements and Indentures (the *"Settlement Motion"*) [ECF No. 46364].

3. The Putnam Structured Product CDO 2003-1 transaction is generally known as a CDO Squared transaction, meaning the Collateralized Debt Obligation transaction (a *"CDO"*) holds assets that have been issued by other CDOs. Some of these assets consisted of synthetic loans or bonds issued by an original issuer (an *"Original Issuer"*) under the terms of an original indenture (the *"Original Indenture"*). The original assets held by Putnam Structured Product CDO 2003-1 included certain Class A and B Notes issued by Alta CDO SPC for the account of the Series 2007-1 Segregated Portfolio.

4. This Affidavit is submitted to detail the efforts of U.S. Bank to notify holders of the Notes issued under the terms of the Indenture with respect to the Mediation, which took place

on December 5, 2013, and the Settlement Motion and advising such holders of their ability to object to the relief sought therein.

5. On or about September 25, 2014, U.S. Bank sent each Noteholder a notice of the proposed settlement of the various damage claims stemming from the termination of the swap transactions (the *"Settlement Notice"*). A true and correct copy of the Settlement Notice is attached hereto as *Exhibit A*.

6. On or about May 13, 2013, the Trustee received Derivatives ADR Notice No. 848 (the *"ADR Notice"*) with respect to the swap transaction between the Original Issuer and LBSF, executed concurrently with the Original Indenture. under which a response and participation in subsequent mediation proceedings was mandatory. As required by the SPV ADR Procedures Order, the Trustee sent a notice to Holders in the Transaction and other parties on or about May 6, 2013 seeking direction and input from Holders with respect to the resolution of the applicable swap transaction (the *"First Notice"*). A true and correct copy of the First Notice is attached hereto as *Exhibit B*.

7. Thereafter, the Trustee sent subsequent notices to Holders in the Transaction to inform them of the mediation and the mediation process generally, among other issues, as follows:

(i) Notice to Holders sent on June 11, 2013 regarding the initiation of a mediation proceeding (the *"Mediation"*) with respect to securities held by the Putnam Structured Products Funding 2003-1 transaction (the *"Second Notice"*). A true and correct copy of the Second Notice is attached hereto as *Exhibit C*.

(ii) Notice to Holders sent on or about October 7, 2013 regarding the appointment of a mediator and the submission of the ADR package to the mediator (the *"Third*

     *Notice"*). A true and correct copy of the Third Notice is attached hereto as *Exhibit D*.

 (iii) Notice to Holders sent on or about November 27, 2013 regarding the setting of a Mediation date (the "*Fourth Notice*" and together with the Settlement Notice, the First Notice, the Second Notice and the Third Notice, the "*Notices*"). A true and correct copy of the Fourth Notice is attached hereto as *Exhibit E*.

  8. The Trustee sent Notices to Noteholders via the Depository Trust and Clearing Corporation ("*DTC*") and, when possible, directly to Noteholders via mail. The Trustee also sent the Notices to the relevant rating agencies and the Collateral Manager, Putnam Advisory Company, LLC (the *"Collateral Manager"*). In addition, with assistance of others in my office, the Notices were posted on our Trust Investors Website (http://www.usbank.com/abs), which provides Noteholders (or parties who adequately identify themselves as beneficial owners of Notes) with access to information relating to the Indentures and the Trusts established thereby.

  9. The Trustee did not receive any comments from Holders in the Transaction in connection with the Notices that it had transmitted, or if it did, such comments were not significant.

  10. On or about August 3, 2014, the Trustee sent a notice to Holders informing them the Debtors had issued document requests relating to the Derivative Transaction.

11. We have not received any formal or informal objection to the Settlement Motion.

FURTHER AFFIANT SAYETH NOT.

                                                              Roman Vysloukh
                                                              Vice President
                                                              U.S. Bank National Association,
                                                                  as Trustee

STATE OF ILLINOIS    )
                              )
COUNTY OF COOK   )

Signed and sworn to before me on November 6, 2014 by Roman Vysloukh.

By _____
      Notary Public

My Commission Expires: 4/15/2018

OFFICIAL SEAL
CHRISTOPHER J NUXOLL
Notary Public - State of Illinois
My Commission Expires Apr 15, 2018