# EXHIBIT C



Corporate Trust Services
190 S. LaSalle St.
Chicago, IL 60603

*THIS TRANSMITTAL CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES. PLEASE EXPEDITE RE-TRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.*

### NOTICE TO HOLDERS

### PUTNAM STRUCTURED PRODUCTS FUNDING 2003-1 LTD.  and PUTNAM STRUCTURED PRODUCT FUNDING 2003-1 LLC

(CUSIP numbers for Transactions listed on Exhibit A attached hereto and made a part hereof.)

### Notice of Initiaion of Mediation Proceedings

(Notice Date: June 11, 2013)

Reference is made to that certain Indenture dated as of October 8, 2003, by and between Putnam Structured Products Funding 2003-1, Ltd., as Issuer, Putnam Structured Product Funding 2003-1 LLC as Co-Issuer and U.S. Bank National Association, as successor indenture trustee (the "*Trustee*"). Any capitalized terms used herein and not otherwise expressly defined shall have the respective meanings assigned to such terms in the Indenture.

**This notice is being provided to you because the Debtors have recently initiated mediation proceedings with respect to the above referenced transaction as an alternative to litigation. Any mediation may affect your rights and interests as a holder of the Note set forth above. The Trustee would like to discuss with you the Trustee's participation in the mediation. Please contact the Trustee using the contact information set forth below.**

The Putnam Structured Products Funding 2003-1 transaction is generally known as a CDO Squared transaction, meaning the Collateralized Debt Obligation transaction (a "CDO") holds assets that have been issued by other CDOs. Some of these assets consisted of synthetic loans or bonds issued by an original issuer (an "Original Issuer") under the terms of an original indenture (the "Original Indenture"). The original assets held by Putnam Structured Products Funding 2003-1 involved in the Pending Litigation (as defined below) are:

Alta CDO 2007-1 B – 021245AB1

Under the terms of the Original Indenture, the Original Issuer entered into a credit derivatives transaction with LBSF, an affiliate of Lehman Brothers Holdings Inc. ("*LBHI*"), as

counterparty documented by an ISDA Master Agreement (Multicurrency - Cross Border) by and between LBSF (collectively with LBHI the "*Debtors*") and the Original Issuer (a "*Master Agreement*"), one or more Schedules to the Master Agreement between LBSF and the Original Issuer (the "*Schedules*") and one or more Confirmations to the Original Issuer from LBSF (the "*Confirmations*" and collectively with the all of the Master Agreement and Schedules, a "*Swap Transaction*"). LBHI served as Credit Support Party for each of these transactions.

As you know, on September 15, 2008, LBHI filed a voluntary petition seeking relief under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the *"Bankruptcy Code"*), and thereafter on October 3, 2008, LBSF filed a voluntary petition under the Bankruptcy Code. These proceedings are pending in the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*", collectively these proceedings shall be referred to herein as the "*Lehman Bankruptcy Proceedings*").

Events of Default exist under each of the Swap Transactions by virtue of the voluntary bankruptcy proceedings filed first by LBHI and thereafter by LBSF. Generally, under the terms of these indentures and Swap Transactions, because LBSF was the sole Affected Party and Defaulting Party under the terms of each Swap Transaction, the relevant indenture provided that any termination payment due LBSF would be paid after payments made to the Noteholders (and certain Administrative Expenses and other amounts senior to Noteholders) (the "*Contractual Priority of Payments*"). Had LBSF not been the Defaulting Party, the indenture provides that any termination payment would be paid from available proceeds prior to applying such proceeds to payments to Noteholders. Each indenture is different, and the specific terms of the indenture for each asset need to be assessed. As a result of the Contractual Priority of Payments, the Issuer may have received final distributions from Original Issuers upon the termination of the relevant Swap Transaction.

LBSF alleges that the priority of payment provisions which would pay LBSF its termination payment after payments to Noteholders are unenforceable under various legal theories. As you are aware, LBSF filed an action in the United States Bankruptcy Court for the Southern District of New York against the Trustee and the Original Issuer; in addition recipients of the distributions have likewise been named in the Complaint, and to the extent it hasn't been named already, the Trustee anticipates that the Issuer will be added to the relevant Complaint. The Complaint is styled *Lehman Brothers Special Financing Inc. v. Bank of America, et al.*, Adversary Proceeding Number 10-03547 (the "*Pending Litigation*"), and the case is assigned to the Honorable Judge Peck. The Pending Litigation seeks to recoup these distributions from recipients thereof. At this stage, the only pleadings filed in the Pending Litigation are the Complaints, and the litigation has been stayed until July 20, 2013. No Answer or responsive pleading is currently due prior to September, 2013.

On May 13, 2013, the Debtors initiated a mediation proceeding under the SPV ADR Order with respect to the Putnam Structured Products Funding 2003-1 transaction. No schedule has yet been set for the mediation. The Trustee is (a) providing you notice that LBSF made a demand for a termination payment plus interest thereon, (b) seeking the identity of all Noteholders in order to facilitate participation of Noteholders in the Derivatives ADR Procedures (as defined in the ADR Order) and facilitate direct communication with LBSF regarding these

2

matters, and (c) seeking direction and instruction from the Noteholders with respect to participation by the Trustee in the Derivatives ADR Procedures. Further, the Trustee (a) invites you to participate in the Derivatives ADR Procedures as an alternative to litigation, (b) encourages you to communicate directly with the Debtors and (c) consistent with Indenture and applicable law, offers to take your direction with regard to the Derivatives ADR Notice. Please contact the Trustee at your earliest convenience at the following address:

>U.S. Bank National Association, as Trustee
>RE: Putnam Structured Products Funding 2003-1
>Attn: Mamta Scott
>190 South LaSalle Street
>Chicago, Illinois  60603
>mamta.scott@usbank.com

Receipt of this notice should not be construed as evidence or acknowledgment of any requirement applicable to, or of any right or authority on the part of any recipient under the Indenture to direct, the matters addressed herein, or of any obligations on the part of the Trustee with respect thereto, and the Trustee expressly reserves all rights in determining appropriate actions and requirements concerning these matters.

Prior to any distribution to Noteholders, funds held under the relevant Indenture may be used first for payment of the fees and costs incurred or to be incurred by the Trustee in performing its duties, as well as for any indemnities owing or to become owing to the Trustee. These include, but are not limited to, compensation for time spent, and the fees and costs of counsel and other agents employed, to pursue remedies, defend claims, or take other actions to protect the interests of the Noteholders and the Issuer, respectively. The Trustee is not required to expend or risk its own funds in connection with any matter under the Indenture unless adequate reassurance of payment and/or indemnity is provided to it.

The Trustee reserves all rights under the Indenture. Please be aware that the Trustee may conclude that a specific response to particular inquiries from individual Noteholders is not consistent with equal and full dissemination of information to all Noteholders. Noteholders should not rely on the Trustee as their sole source of information. The Trustee makes no recommendations, gives no investment, legal or tax advice. Each Noteholder should seek advice from an independent advisor based on such Noteholder's particular circumstances.

**U.S. Bank National Association,**
**as Trustee**

**Exhibit A**
(CUSIPs)

| Class | CUSIP[1] |
|---|---|
| **Class A-1LT-a** | 74686PAE0 / G7302PAE7 |
| **Class A-1LT-b** | 74686PAF7 / G7302PAF4 |
| **Class A-1LT-c** | 74686PAG5 / G7302PAG2 |
| **Class A-2** | 74686PAH3 / G7302PAH0 |
| **Class B** | 74686PAJ9 / G7302PAJ6 |
| **Class C** | 74686PAK6 / G7302PAK3 |
| **Preferred Shares** | 74686R205 / G73023106 |
| **Class S** | 74686PAA8 / G7302PAA5 |

---

[1] The CUSIP numbers appearing herein are included solely for the convenience of the Holders. The Trustee is not responsible for the selection or use of CUSIP numbers, or for the accuracy or correctness of CUSIP numbers printed on any Notes or as indicated in this notice.

4