**EXHIBIT  B**

**From:** "Loyd, Lara J." <Loydl@sullcrom.com>
**To:** <lauren.hoelzer@weil.com>
**Cc:** "Clark, Bruce E." <ClarkB@sullcrom.com>; "Schwartz, Matthew A."
<schwartzmatthew@sullcrom.com>; "Ekono, Zeh S." <ekonoz@sullcrom.com>; "Slack, Richard"
<richard.slack@weil.com>; "Burns, Amanda" <Amanda.Burns@weil.com>
**Sent:** Thursday, August 08, 2013 5:29 PM
**Attach:** image001.jpg; image002.gif
**Subject:** RE: Giants Stadium Discovery

Dear Lauren,

Further to your email below, please advise where Debtors stand on the open discovery issues, including
our request No. 17(ii) and our request for a full Mark and P&L history of the bonds.  We note that you
had hoped to get back to us within two weeks, which would have been by last Friday.

At this time, we ask that you produce the "presentation" by Debra Cash as well as the "valuation
statement" referred to in document LBSF0036447, along with any other documents relating to that
presentation or that valuation statement.  We also request that you provide all other versions and/or
iterations of the "7th Avenue List" attached to document LBSF00329346, along with any other
documents pertaining to the 7th Avenue List.

Our review of Debtors' production is ongoing and we reserve all rights relating to its sufficiency,
including as to the redaction issue.

Yours,
Lara


**From:** Hoelzer, Lauren [mailto:lauren.hoelzer@weil.com]
**Sent:** Friday, July 19, 2013 6:29 PM
**To:** Loyd, Lara J.
**Cc:** Clark, Bruce E.; Schwartz, Matthew A.; Slack, Richard; Burns, Amanda
**Subject:** RE: Giants Stadium Discovery

Dear Lara:

We respond to open issues below:

With respect to your request to produce the 10-page outline referred to in LBSF00021718, please see
the attached  document (being produced subject to the discovery protocol among Giants Stadium LLC,
Lehman Brothers Special Financing Inc., and Lehman Brothers Holdings Inc. dated April 1, 2013), bearing
bates nos. LBSF00518337- LBSF0051830.  Please note that similar or nearly-identical versions of this
outline already have been produced, bearing the below-listed the bates ranges:

LBSF00000010 to LBSF00000022
LBSF00000107 to LBSF00000120
LBSF00000122 to LBSF00000135
LBSF00000449 to LBSF00000461
LBSF00000485 to LBSF00000497
LBSF00002451 to LBSF00002464
LBSF00008865 to LBSF00008878

LBSF00010052 to LBSF00010064
LBSF00010071 to LBSF00010083
LBSF00010103 to LBSF00010116
LBSF00018553 to LBSF00018565
LBSF00025469 to LBSF00025482
LBSF00037606 to LBSF00037619
LBSF00037621 to LBSF00037634
LBSF00037637 to LBSF00037650

With respect to the questions you've raised in connection with Giants Stadium's Document Request No. 17(ii), efforts to answer your questions remain ongoing.  We hope to report back to you within two weeks.

As for your request for the full PNL and mark history of the bonds, we are considering your request.  I note, however, that this information should be readily discernible from documents Lehman has produced to date.

With respect to your request for unredacted documents, as we've stated previously, we are happy to answer any questions you have about particular documents, but we will not undertake to reproduce redacted documents without redactions.

Finally, in response to your proposal to meet and confer regarding a potential agreement with respect to Document Request Nos. 11, 13, and 14, we already have produced all non-privileged documents responsive to those requests.  Any need for a meet and confer concerning them thus has been mooted.

Have a nice weekend,

Lauren



**Lauren Hoelzer Helenek**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
lauren.hoelzer@weil.com
+1 212 310 8581 Direct
+1 516 318 3344 Mobile
+1 212 310 8007 Fax



**From:** Loyd, Lara J. [mailto:Loydl@sullcrom.com]
**Sent:** Wednesday, June 26, 2013 11:40 AM
**To:** Hoelzer, Lauren
**Cc:** Clark, Bruce E.; Schwartz, Matthew A.; Slack, Richard; Burns, Amanda
**Subject:** RE: Giants Stadium Discovery

Dear Lauren,

We accept for the present your representations below as to which document custodians you are willing to search relating to these requests.  Kindly advise when you expect to produce documents resulting from those searches.  We reserve all rights to raise these or other issues upon review of the resulting documents.  Please

also advise if you intend to conduct searches for responsive information in sources other than custodian files, such as in centralized files or informational databases.  Specifically, we request that Debtors produce the full PNL and mark history of the bonds, even if that information is stored in centralized files or accessible only through search of a database.  We are available to meet and confer to discuss this request.

Additionally, please advise if there is any update as to Debtors' position on Request 17(ii), which, as we explained in our meet and confer of April 30, 2013, seeks information on Lehman's approach to valuing "Loss" on other actual bond rate swaps.  We asked at the April 30 meet and confer whether Debtors could, as an initial matter, advise how many actual bond rate swaps existed, how many were terminated pre-bankruptcy, and how many were terminated post-bankruptcy, so that the parties could assess Debtors' assumption that responding to this request would involve excessive burden.  Please let us know if you have made any progress in relation to this.

As for redactions, we are working under the assumption that all redactions in your prior productions that do not bear the text "Attorney-Client Privilege" were not redacted to protect privilege, but rather to protect confidential information that is, in Debtors' view, not relevant to the claims at issue.  While we are sensitive to confidentiality concerns, we continue to be troubled by the high percentage of heavily-redacted non-privileged documents and are concerned that these redactions could be obscuring contextual or comparable data relevant to our understanding of the documents and information as a whole.   However, we are amenable to a compromise.  For example, we would be open to initially receiving unredacted versions on an attorneys' eyes only basis.  If we discover that relevant information exists in an unredacted version of a document, the parties could revisit the issue at that point with respect to that document, before using it for any purpose other than attorneys' eyes' only review.  We continue to be open to further discussion on this issue.

Finally, to the extent not already produced, we ask that you produce the 10-page outline referred to in LBSF00021718.

Best,
Lara

Lara Jean Loyd
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel:  +1 212 558 4256
loydl@sullcrom.com

**From:** Hoelzer, Lauren [mailto:lauren.hoelzer@weil.com]
**Sent:** Thursday, June 20, 2013 11:51 AM
**To:** Loyd, Lara J.
**Cc:** Slack, Richard; Burns, Amanda; Clark, Bruce E.; Schwartz, Matthew A.
**Subject:** RE: Giants Stadium Discovery

Dear Lara:

I address the open issues you list below in order.

The one Olvany "reliance document" that Jones Day identified as highly confidential and asked that we withhold ultimately upon review did not concern the Giants Stadium bonds and was thus non-responsive to your request.

We have considered your request to search the documents of Jennifer Gever and R. Sandila (a.k.a. Richard Sandilands) in connection with Request No. 13 and decline your request on the basis that a search of these custodian's documents are not reasonably likely to generate responsive documents.  Indeed, a search for their names among responsive Lehman documents gathered to date generated zero "hits."  We previously had gathered and are reviewing the documents of Michael Sung and Craig Goldband. We already have expended significant time and estate resources to review dozens of custodians.  We remain willing to perform targeted searches of additional individuals upon a showing of necessity, but will not endlessly perform searches to ferret out every last potentially responsive document.

We have considered your request to search documents from Katie Chan, Gregory Shlionsky, Jeffrey Kirshenbaum, and Alex Kirk in connection with Request Nos. 17, 18, and 19.  We previously had gathered and are reviewing the documents of Gregory Shlionsky (as well as the documents of Anatoly Zelikoff and Peter Coleman, among others) in connection with Request Nos. 17, 18, and 19, and have determined to search the documents of Katie Chan.  After making internal inquiries about the roles Jeffrey Kirshenbaum and Alex Kirk played at Lehman and with respect to the Giants Stadium transactions, and after reviewing the handful of responsive Lehman documents that bear their names, we have determined that a search for Jeffrey Kirshenbaum and Alex Kirk will not be reasonably productive and we decline to search their documents.

With respect to redactions, I gather from your email that you've been able to identify which documents have been redacted for privilege as oppose to confidentiality and nonresponsiveness.  If it is not apparent whether a document was redacted for privilege as opposed to confidentiality and nonresponsiveness, we are happy to answer that question on a document-by-document basis, within reason.  I also note that the next round of production, to the extent it contains redactions for confidentiality and nonresponsiveness, will so note this.  We are under no obligation to reveal the redacted information and disagree that redactions have obscured comparable data points.  We will not undertake to re-produce redacted documents without redactions, but are happy to discuss any specific documents about which you may have questions.

In response to your last question, we previously had gathered and are reviewing the documents of Gia Rys, Kelly O'Donnell, and Anatoly Zelikoff.  After making internal inquiries about the roles Thomas Corcoran, Adriana Minge, John Russ, Kyle Ingram, Julia Nand, Joseph Verrillo, Robert Krugel, Michael Wallace, and Edmond Papantonio played at Lehman and with respect to the Giants Stadium transactions, and reviewing the handful of responsive Lehman documents that bear their names, we have determined that a search for these individuals, other than John Russ, will not be reasonably productive and we will not be searching for their documents.  We have determined to search the documents of John Russ.

We look forward to speaking on June 24 at 2pm.


Yours,
Lauren



**Lauren Hoelzer Helenek**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
lauren.hoelzer@weil.com
+1 212 310 8581 Direct
+1 516 318 3344 Mobile
+1 212 310 8007 Fax



**From:** Loyd, Lara J. [mailto:Loydl@sullcrom.com]
**Sent:** Monday, June 10, 2013 12:14 PM
**To:** Hoelzer, Lauren
**Cc:** Slack, Richard; Burns, Amanda; Clark, Bruce E.; Schwartz, Matthew A.
**Subject:** RE: Giants Stadium Discovery

Lauren,

Thank you for your email.  We agree to your proposed modification of dates in the protocol and we look forward
to reviewing the documents received from Debtors on Friday.

With regard to the open issues discussed below:

*First*, please provide a brief description of the nature of the single document that you withheld from Friday's
production on the basis of confidentiality and provide a basis for your confidentiality concerns with respect to
this document.  Again, we reserve all rights to object to your withholding of this or any other documents on the
basis of confidentiality.

*Second*, in light of your e-mail, we have reconsidered the names of the custodians who may have documents in
relation to Request No. 13 and believe that Debtors should search for documents from the following custodians
whose names are found on the Security Agreement dated August 28, 2008 between LBSF, 7th Avenue Inc., and
HSBC in the notice section (§ 9.8) and in the signature block: Jennifer Gever (Operations, FIT Mid Office Admin;
Jennifer.Gever@Lehman.com), Michael Sung (Derivative Trading; Sung@lehman.com), Craig Goldband
(Treasury; cgoldban@lehman.com), and R. Sandila (Signator; rsandila@lehman.com).

*Third*, please let us know when you have reached a position on whether and how you will respond to Request
14.

*Fourth*, Katie Chan, Gregory Shlionsky, and Jeffrey Kirshenbaum appear on several documents in Debtors'
production (e.g. LBSF00025003 and LBSF00025111) that mention issues related to internal allocation of profits,
losses, and risk associated with the Giants Stadium deal.  Alex Kirk was the recipient of a memorandum from
Gregory Shlionsky (LBSF00039357 and attachment) regarding hedging of Lehman's exposure to auction-rate
swaps and potential liquidity requirements in municipals.  These individuals' files are therefore likely to contain
documents responsive to Requests No. 17, 18, and 19.  Please advise whether you intend to search for and
produce responsive documents from these custodians and kindly advise what other custodians' files you are
already in the process of searching for documents responsive to these requests.

With respect to redactions, we do not request that Debtors create a privilege log at this time, but we do note
that more than a thousand documents in Debtors' production—nearly one-fourth of the documents produced
so far—contain redactions, and only a few dozen of those redactions are marked "Attorney-Client Privilege".
We reserve all rights regarding redactions for purposes other than preserving privilege.  Redaction for
responsiveness or confidentiality is generally inappropriate, particularly where, as here, redactions are applied
in a sweeping manner obscuring contextual information and comparable data points.  We therefore request that
you re-produce these documents without redactions and we are available to meet and confer on this issue.

Finally, please advise if, in addition to the above, you intend to search for and produce documents from any
additional custodians.  Specifically, please advise if you plan to search for and produce relevant documents from

any of the following individuals:  Gia Rys, Kelly O'Donnell, Thomas Corcoran, Adriana Minge, Anatoly Zelikoff, John Russ, Kyle Ingram, Julia Nand, Joseph Verrillo, Robert Krugel, Michael Wallace, or Edmond Papantonio.

Please let us know a time this week when you are available to meet and confer on these matters.

Best Regards,
Lara


Lara Jean Loyd
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel:  +1 212 558 4256
loydl@sullcrom.com


**From:** Hoelzer, Lauren [mailto:lauren.hoelzer@weil.com]
**Sent:** Thursday, June 06, 2013 11:21 AM
**To:** Schwartz, Matthew A.
**Cc:** Clark, Bruce E.; Loyd, Lara J.; Slack, Richard; Burns, Amanda
**Subject:** RE: Giants Stadium Discovery

Dear Matt:

I write on Rich's behalf in further response to your email to Rich of May 28, below.

As you are aware, we responded to Giants Stadium's document request by objecting to certain categories of documents and producing others.  We have produced 45,914 pages of documents to date.  During our meet and confer, Giants Stadium raised a number of issues and we determined to produce additional documents purely as an accommodation rather than engage in what likely would be lengthy and expensive disputes.  The additional information sought by Giants Stadium is burdensome, expensive, and voluminous.  We would further point out that Giants Stadium also has produced documents after the protocol cut-off date on May 29.

Given the state of the productions, we propose modifying all of the dates in the protocol and attach a draft altering only the dates therein (shown in track changes).

In addition, we respond to each question you raise, in turn:

1.   We agreed to review and produce documents produced by Olvany in the Barclays litigation concerning the Giants Stadium bonds that were not subject to confidentiality restrictions.  We did not agree to "seek agreement from Barclays" to produce documents that were restricted.  The good news is that there are no confidentiality issues except with respect to one document.  We expect to produce documents responsive by the end of the day tomorrow.
2.   We are in the process of reviewing documents concerning the 7th Avenue loan.  You ask that we also collect and review documents from Emil Conejo, Patrick Fruzzetti, Gia Rys, Christian Spieler, and Denise Trose.  We are willing to consider your request, but ask that you provide information supporting why you believe undertaking a review of these custodians' documents will be relevant and productive.
3.   Lehman is still in the process of seeing if it is willing to or can respond to your request.  We will keep you apprised.
4.   With respect to Requests 18, 19, and 20, we did not agree to search the files of anyone you identified.  Rather, we said we would consider anyone you identified.  In any event, we already are in the process of

reviewing documents responsive to these requests.  You propose that we also review the documents of Katie Chan, Gregory Shilionsky, Alex Kirk, and Jeffrey Kirshenbaum.  Again, we request that you provide support for why you believe undertaking a review of these custodians' documents will be relevant and productive and we will consider your request thereafter.

With respect to your question about our redactions, we have redacted non-responsive information concerning other counterparties.  The protocol expressly does not require a privilege log and asking us to provide one for redactions would be inconsistent with our agreement.  I already explained to Lara that nearly all if not all redactions that appear on excel files and emails from David Lo are redactions that were not made for privilege reasons.

Finally, we note that we only received your most recent production on Wednesday, May 29.  We are reviewing your production and will let you know if we have any follow-up questions or concerns.

Yours,

Lauren



**Lauren Hoelzer Helenek**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
lauren.hoelzer@weil.com
+1 212 310 8581 Direct
+1 516 318 3344 Mobile
+1 212 310 8007 Fax



**From:** Hoelzer, Lauren
**Sent:** Tuesday, May 28, 2013 6:06 PM
**To:** 'Schwartz, Matthew A.'
**Cc:** Clark, Bruce E.; Loyd, Lara J.; Slack, Richard; Burns, Amanda
**Subject:** RE: Giants Stadium claim

Matthew:

Although we don't agree that an extension is necessary under the circumstances, we are fine with postponing today's deadline to identify intended party and third-party deponents.  We will revert back to you about a time to speak about any open issues.

Yours,
Lauren



**Lauren Hoelzer Helenek**
Weil, Gotshal & Manges LLP
767 Fifth Avenue

New York, NY 10153
lauren.hoelzer@weil.com
+1 212 310 8581 Direct
+1 516 318 3344 Mobile
+1 212 310 8007 Fax



**From:** Schwartz, Matthew A. [mailto:schwartzmatthew@sullcrom.com]
**Sent:** Tuesday, May 28, 2013 4:39 PM
**To:** Slack, Richard; Hoelzer, Lauren
**Cc:** Clark, Bruce E.; Loyd, Lara J.
**Subject:** Giants Stadium claim

Dear Richard,

As you know, the parties contemplated identifying intended party and third-party deponents 14 days after completing the document productions. Debtors most recently produced a substantial number of additional documents on May 17, and in light of the fact that several open issues remain after our last meet and confer, and as to which we were waiting for you to respond to us, we will proceed as though the deadline under the protocol for identification of intended party and third-party deponents is extended at least until the parties have a chance to discuss.

As to the open issues, *first*, in response to our Request 12, you agreed to review and produce documents produced in the Barclays litigation, and that if any of these documents were subject to a confidentiality agreement with Barclays, Debtors would seek agreement from Barclays to produce. *Second*, you advised in response to our Request 13 that you were attempting to identify custodians with knowledge of the 7th Avenue loan, and that you would then produce relevant documents upon a reasonable search. As we haven't heard back from you on this issue, we suggest that the following custodians be added in order to capture these and other relevant documents: Emil Conejo, Patrick Fruzzetti, Gia Rys, Christian Spieler, and Denise Trose. *Third*, in relation to our Request 14, you advised that you were still in the process of determining the number of other actual bond-rate swaps and whether any were terminated pre-bankruptcy. Have you made any progress? *Fourth*, as to our Requests 18, 19, and 20, you advised that you would be willing to search additional custodians if we could identify individuals who may have relevant documents relating to hedging, capital allocation, and other valuation issues. We suggest that the following custodians be used in order to capture these and other relevant documents: Katie Chan (yzhang@lehman.com), Gregory Shilionsky, Alex Kirk, and Jeffrey Kirshenbaum.

Additionally, many documents in Debtors' prior productions are redacted, but state no basis for the redactions. I understand based on Lara's conversation with Lauren that some of the redactions have purportedly been made on privilege grounds, while others apparently have been made on responsiveness grounds. Kindly provide a list by Bates number of which documents were redacted for privilege and which redacted for responsiveness. We will continue to review Debtors' productions and reserve all rights to raise additional concerns upon completion of that review.

In any event, before the parties make final selections as to potential deponents we still think it makes sense to at least talk though these issues. When would you be available to do so?

Yours,
Matt

Sullivan & Cromwell LLP
125 Broad Street

New York, NY 10004
Tel:  +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the
e-mail and notify us immediately.

The information contained in this email message is intended only for use of the individual or entity named above.
If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the
intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is
strictly prohibited. If you have received this communication in error, please immediately notify us by email,
postmaster@weil.com, and destroy the original message. Thank you.