**EXHIBIT E**

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 2, 2014

Via E-mail

Eric C. Hawkins, Esq.,
   Weil, Gotshal & Manges LLP,
      767 Fifth Avenue,
         New York, New York 10153-0019.

         Re:   *In re Lehman Brothers Holdings, Inc., et al.*, 08-13555 (Bankr. S.D.N.Y.); *Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing, Inc.* v. *Giants Stadium LLC*, 13-01554 (Bankr. S.D.N.Y.)

Dear Eric:

      I write on behalf of Giants Stadium LLC ("Giants Stadium") concerning Debtors' continued non-compliance with Giants Stadium's Request for Production of Documents ("Requests") in the above-referenced matter. Your September 9, 2014 letter purports to identify a handful of "deficiencies" in Giants Stadium's production in response to Debtors' April 9, 2012 Subpoena for Rule 2004 Examination ("Subpoena Requests")—a contention I address below—but ignores entirely the categories of documents Debtors have withheld from production described in detail in Mr. Schwartz's letter dated May 23, 2014:

- **Redacted documents**. Debtors have redacted over one thousand documents without invoking privilege, suggesting that the redactions were of material Debtors deemed to be non-responsive or "confidential." For each redacted document produced by Debtors, to the extent not already specified within the redaction box itself, please state the basis for each redaction.

Eric C. Hawkins, Esq.                                                                                                    -2-

- **Requests 10 and 17**. These Requests seek documents relating to Debtors' valuation of the swaps and Debtors' method of calculating Loss.[1] Given that Debtors have produced only a handful of documents dated after October 15, 2008, Debtors are obviously withholding documents responsive to these Requests under some form of relevance or work product theory. Please advise whether Debtors continue to withhold responsive documents on this ground, particularly in light of their requesting valuation documents that post-date October 2008 from Baupost Group, L.L.C. ("Baupost"). To the extent that Debtors are withholding internal valuation analyses on privilege or work product grounds, we ask that Debtors articulate why they believe their internal valuations are protected while Baupost's are not.

- **Request No. 17(ii)**. Debtors have yet to produce a single document in response to this Request—which calls for the production of "any valuation methodologies that the [Debtors] have employed to value 'Loss,' as defined in an ISDA master agreement and covering any other bond-rate swap to which [Debtors] are or were a party"—despite its obvious relevance to these proceedings. Moreover, the fact that Debtors have yet to even provide some basic information pertaining to this Request despite repeated demands by Giants Stadium over the last year and a half—the number of actual bond rate swaps that existed, how many were terminated pre-bankruptcy, and how many were terminated post-bankruptcy—calls Debtors' previous assertions of "burden" into serious question.

- **Other custodians and sources of data**. Please confirm that Debtors have searched for responsive documents in (i) centralized files or informational databases (note that we have requested that Debtors produce full records of Lehman's profit and loss "PNL") and internal valuation history ("mark history" of the Bonds); and (ii) the custodial files of Kyle Ingram, Jeffrey Kirshenbaum, Julia Nand, Sean Teague, and Jacopo Visentini. If Debtors have searched for such documents and such searches yielded no non-privileged documents, then please confirm.

- **Termination notices**. Hard copies of the swap termination notices were hand delivered to Lehman Brothers Special Financing on September 18, 2008, and yet Debtors have not produced copies of those notices or any records of their receipt on that date by Lehman. Please confirm whether you have searched hard copy files for responsive documents in relation to this matter.

---

[1] Capitalized terms not otherwise defined herein shall be ascribed the same meaning as in Mr. Schwartz's letters dated May 23, 2014 or the Subpoena, Case No. 08-1555, ECF No. 31105.

Eric C. Hawkins, Esq.                                                                                         -3-

In addition to those above deficiencies, a further review of Debtors' production to Giants Stadium shows that it is manifestly deficient in fundamental respects:

- **LBI documents**. Debtors have failed to produce numerous responsive documents that were produced voluntarily by Lehman Brothers Inc. ("LBI")—including document HHR_LBI_00001309. Furthermore, the lowest email in this document references an attachment, "killian.xls," which neither Debtors nor LBI has produced. This omission suggests that Debtors have failed to produce all responsive documents in the custodial files of agreed-upon custodians, including Gia Rys, Anatoly Zelikoff, Robert Taylor, and Gary Killian. Please (i) explain why this document, among others, have not been produced and address whether Debtors have failed to collect and maintain all responsive documents (as a result of document retention policies or otherwise, and about which Giants Stadium has not yet been informed), and (ii) produce the attachment referenced in HHR_LBI_00001309 and confirm that all responsive documents from the custodians mentioned in this paragraph have been produced.

- **Failure to produce attachments**. Debtors have failed to produce dozens of attachments corresponding to documents in their production. Set forth in Appendix A is a list of parent e-mails without corresponding attachments that Giants Stadium has identified in its review thus far. LBSF00357195, for example, is missing over ten attachments. Giants Stadium, of course, does not represent that this is a comprehensive list, nor should Giants Stadium be forced to identify such basic failures in Debtors' document collection and production efforts. Accordingly, Giants Stadium demands that Debtors (i) explain why these concededly responsive documents were not produced, and (ii) identify any additional responsive attachments that Debtors failed to produce. Given the imminent commencement of deposition discovery, Giants Stadium requests that Debtors provide this response and the additional responsive documents immediately, and in no event later than October 15, 2014.

- **Failure to produce documents indicating tracked changes**. In instances where Debtors have produced attachments, Giants Stadium has identified a number of documents—including LBSF00026952 and LBSF00027027—where the attachment does not reflect the tracked changes indicated in the underlying native file. That the document contains tracked changes is indicated, in these examples, from the content of the parent e-mail. Because Giants Stadium has only identified this deficiency in these limited circumstances, it is unable to identify the full scope of this additional defect in Debtors' production. Accordingly, Giants Stadium demands that Debtors

Eric C. Hawkins, Esq. -4-

> (i) confirm these documents originally lacked tracked changes, or (ii) re-produce any documents where tracked changes should have been shown.

- **Time stamps**. In addition, we have observed that the time-stamps on the e-mails Debtors produced appear to have been processed incorrectly. *See, e.g.*, LBSF00006065, a document that appears to be sent at 9:09 a.m., after the markets opened, but that purports on its face to have been sent at 8:09 a.m. Please advise precisely what time zone protocols have been imposed on this case, and confirm that they have been imposed consistently and correctly. Please provide an overlay to correct images and metadata for all affected documents.

\* \* \*

With respect to the issues concerning Giants Stadium's production raised in your September 9 letter:

*First*, you continue to seek documents relating to the 2010 refinancing of the Bonds, despite the fact that the Swap Agreements define Loss to mean "an amount that party reasonably determines in good faith to be its total losses and costs . . . *as of the relevant Early Termination Date*," which was September 18, 2008. Debtors previously justified this far-reaching request as part of an admitted "fishing expedition" into Giants Stadium's claims. (*See, e.g.*, November 11, 2010 Letter from R. Slack to B. Clark; December 17, 2010 Letter from M. Firestone to B. Clark.) That discoverability standard was wrong at the time Debtors invoked it but is certainly no longer applicable in light of Debtors' initiation of the Adversary Proceeding and the filing of their Objection to Giants Stadium's claims. It is also well-settled that swaps are valued as close to the termination date as possible. *See In re Enron Corp.*, 306 B.R. 465, 472 (Bankr. S.D.N.Y. 2004) (stating that the net amount due after a swap is terminated is calculated "at the time of termination"). Nevertheless, Giants Stadium produced the closing set of deal documents for the 2010 refinancing of the Bonds on August 3, 2010.

*Second*, subject to the terms of its objections and responses, Giants Stadium has searched for and produced all non-privileged communications responsive to Subpoena Request Nos. 3, 4, 6, and 7 relating to the purchase of the Claims.

*Third*, Giants Stadium has asserted privilege or work product as appropriate with respect to Subpoena Request Nos. 1, 2, 5, and 8 and has otherwise produced responsive documents (notwithstanding the fact that these Requests are no longer relevant in light of the Stipulation and Order dated August 22, 2014).

*Finally*, Debtors' assertion that Giants Stadium's August 3, 2010 production "does not include metadata" is simply untrue. Giants Stadium has provided

Eric C. Hawkins, Esq.                                                                                                                 -5-

nearly all of the metadata fields in our August 3, 2010 production that Debtors are currently requesting.[2] By contrast, Debtors themselves have failed to provide several of these metadata fields listed in Appendix A to your letter. Giants Stadium is willing to meet and confer regarding the production of additional metadata, provided that Debtors are willing to produce additional fields of metadata not previously provided.[3]

                                                                           Sincerely,

                                                                           Bruce E. Clark /TCW

---

[2]     Specifically, Giants Stadium produced the following metadata fields: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, CUSTODIAN, FROM, TO, CC, BCC, DATESENT, TIMESENT, FILENAME, DATECREATED, DATELASTMOD, TEXT.

[3]     Specifically, Debtors have not provided the following fields: FILEPATH, CONVERSATIONINDEX, DATERECEIVED, TIMERECEIVED, FILEEXTENSION.

## Appendix A: Parent E-mails with Missing Attachments

- LBSF00067603
- LBSF00112087
- LBSF00154944
- LBSF00154945
- LBSF00154947
- LBSF00154951
- LBSF00154952
- LBSF00154953
- LBSF00154954
- LBSF00311747
- LBSF00338971
- LBSF00339335
- LBSF00340795
- LBSF00342785
- LBSF00343167
- LBSF00343190
- LBSF00343216
- LBSF00357195
- LBSF00458788