**Exhibit 4**

FILED: NEW YORK COUNTY CLERK 10/29/2013

NYSCEF DOC. NO. 953

INDEX NO. 651786/2011

RECEIVED NYSCEF: 10/29/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

In the matter of the application of

THE BANK OF NEW YORK MELLON (as Trustee under various Pooling and Servicing Agreements and Indenture Trustee under various Indentures), *et al.*

    Petitioners,

for an order, pursuant to C.P.L.R. § 7701, seeking judicial instructions and approval of a proposed settlement.

---

Index No. 651786/2011

Assigned to: Kapnick, J.


# RESPONDENTS' JOINT BRIEF IN OPPOSITION TO APPROVAL OF PROPOSED SETTLEMENT AND ENTRY OF PROPOSED FINAL ORDER AND JUDGMENT

1573688

8.05; SOE ¶ 58. And loan file review is not the uncertain exercise the Petitioners claim. Rather, it is a generally accepted methodology used in almost every aspect of RMBS purchasing, due diligence, and litigation. Tr. (Burnaman) 2890:7-2891:15, 2977:8-12; Tr. (Cowan) 4103:3-23; *MBIA Ins. Corp. v. Countrywide Home Loans Inc.*, 30 Misc. 3d 1201(A), 2010 WL 5186702 (Sup. Ct. N.Y. Cnty. 2010).[10] BNYM could also have easily used available tools, including BofA's own databases, to target those loans that have the highest probability of containing defects. SOE ¶ 72.

In sum, the GSE proxy cannot reasonably form the basis of the settlement. Far from being transparent, it was a selectively adjusted proxy, controlled entirely by the liable party, and based on materially different loans than the ones in the Covered Trusts.

2. <u>BNYM's Only Investigation of the Settlement Amount Was the Work Performed by Mr. Lin, Who Unreasonably Adopted BofA's Unverified Numbers, Rejected in Whole the Institutional Investors' More Favorable Analysis, and Otherwise Artificially Deflated the Settlement Range</u>

Having chosen not to look at the primary evidence of the liability, BNYM's "investigation" and "evaluation" of the representation and warranty claims consisted of hiring Mr. Lin to evaluate the presentations made by BofA and the Institutional Investors, and from those derive a purportedly "reasonable" settlement range. In the end, Mr. Lin constructed an inapposite methodology, populated it with unverified data, and skewed the result by failing to account for all available data. The result was to severely undervalue the Covered Trusts' claims and to derive an unreasonably low settlement range.

Mr. Lin's approach consisted of three steps: (1) estimate aggregate lifetime losses to the Trusts, (2) multiply the losses by an assumed breach rate, and (3) multiply the product of that

---

[10] Also, in the recent ResCap bankruptcy proceedings, Judge Glenn approved the use of a loan file sampling. *See In re Residential Capital LLC*, No. 12-12020, Doc. No. 4102 at 44-45 (Bankr. S.D.N.Y. June 27, 2013) (Memo. Opinion Approving the Plan Support Agreement).

Dated: October 29, 2013

| | |
|---|---|
| REILLY POZNER LLP | MILLER & WRUBEL P.C. |
| By: *s/ Michael A. Rollin* | By: *s/ John G. Moon* |
| Daniel Reilly<br>Michael Rollin<br>1900 Sixteenth St., Ste. 1700<br>Denver, Colorado 80202<br>Telephone: (303) 893-6100<br>Fax: (303) 893-1500<br>dreilly@rplaw.com<br>mrollin@rplaw.com | John G. Moon<br>570 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 336-3500<br>Fax: (212) 336-3555<br>jmoon@mw-law.com |
| *Attorneys for AIG Entities* | *Attorneys for the Triaxx Entities* |
| HALPERIN BATTAGLIA RAICHT, LLP | |
| By: *s/ Donna H. Lieberman* | CIFG Assurance North America, Inc. |
| | By: *s/ Sarah E. Lieber* |
| Donna H. Lieberman<br>Scott A. Ziluck<br>40 Wall Street, 37th floor<br>New York, New York 10005<br>(212) 765-9100<br>dlieberman@halperinlaw.net<br>sziluck@halperinlaw.net | Sarah E. Lieber<br>CIFG Assurance North America, Inc.<br>850 Third Avenue, 10th Floor<br>New York, New York 10022<br>Telephone: (212) 909-0425 |
| *Attorneys for United States Debt Recovery, LLC VIII, L.P., and United States Debt Recovery X, L.P.* | |