WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————
| | |
|---|---|
| In re : | Chapter 11 Case No. |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : | Case No. 08-13555 (SCC) |
| : | |
| Debtors. : | (Jointly Administered) |
———————————————————————
| | |
|---|---|
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.** and : | |
| **LEHMAN BROTHERS SPECIAL FINANCING INC.** : | Adversary Proceeding |
| : | |
| Plaintiffs-Counterclaim Defendants : | No. 13-01554 (SCC) |
| : | |
| v. : | |
| : | |
| **GIANTS STADIUM LLC**, : | |
| : | |
| Defendant-Counterclaim Plaintiff. : | |
———————————————————————

**RESPONSE OF LEHMAN BROTHERS HOLDINGS INC. AND
LEHMAN BROTHERS SPECIAL FINANCING INC. TO GIANTS STADIUM LLC'S
MOTION TO CONSOLIDATE CONTESTED MATTER WITH ADVERSARY
PROCEEDING AND FOR RELATED RELIEF**

Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Holdings Inc.

("LBHI," and together with LBSF, "Lehman"), by their undersigned counsel, hereby respond to

the Motion to Consolidate Contested Matter with Adversary Proceeding and for Related Relief

(the "Motion" or "Mot.") filed by Giants Stadium LLC ("Giants Stadium") on October 24, 2014 [ECF No. 46641; Case No. 08-13555].

## PRELIMINARY STATEMENT

1.      The Motion seeks to consolidate "for all purposes" the above-referenced Adversary Proceeding with Lehman's objections to the proofs of claim 64071 and 64070 (the "Proofs of Claim") filed by Giants Stadium (the "Claims Proceeding"). This request is premature. Indeed, the Court expressly addressed this very issue in connection with the adoption of the Stipulation and Scheduling Order entered by the Court on July 21, 2014 (the "Scheduling Order"). While the Scheduling Order expressly provides that the Adversary Proceeding and the Claims Proceeding are consolidated for pretrial discovery, [ECF No. 33; Case No. 13-01554], the Court agreed during the hearing, with acquiescence by counsel for Giants Stadium, that determination of whether the cases will be consolidated for purposes of trial will be appropriately determined after discovery in connection with the pre-trial conference. Fact and expert discovery are not scheduled to conclude until April 1, 2015 and July 22, 2015, respectively. *Id.* ¶¶ 11, 14. While consolidation for trial may well turn out to be agreed to by the parties and appropriate, Giants Stadium provides no reason why this decision must be made now. Indeed, the Adversary Proceeding and the Claims Proceeding already are moving through discovery in tandem, and there is no reason why the Court should revisit its earlier determination that the issue of consolidation will be decided after discovery.

2.      The Motion also asks the Court, after the fact, to excuse Giants Stadium's violation of the Court's Order Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against the Debtors, dated April 19, 2010 [ECF No. 8474; Case No. 08-13555] (the "Claims ADR Order"). Mot. 18-20. The Claims

WEIL:\95137440\5\58399.0011

ADR Order prohibits Giants Stadium from seeking allowance and payment on its claims (the "Proofs of Claim") other than through the procedures set forth in the order. In violation of the Claims ADR Order, Giants Stadium asserted counterclaims in the Adversary Proceeding (the "Counterclaims") that expressly seek the allowance and payment of contested claims filed by Giants Stadium in Lehman's chapter 11 proceedings, *i.e.*, the Proofs of Claim.

3. Giants Stadium's impatience with respect to consolidation is puzzling, and its willingness to burden the Court with motion practice at this time is inconsiderate at best. The allegations in the Counterclaims will be fully litigated and decided either through the claims objection process or, if the Court deems it advisable at the appropriate time, through a consolidated hearing with the Adversary Proceeding. Asserting the Counterclaims serves no valid purpose, and constitutes a blatant attempt to sidestep the Court-ordered procedures for the administration of claims. The Court should not excuse Giants Stadium's gamesmanship.

**ARGUMENT**

**I.      Consolidation for Trial at This Time Would Be Premature**

4. The Adversary Proceeding and the Claims Proceeding are consolidated for discovery; discovery is far from over; and no trial date has been set. It is therefore unsurprising that Giants Stadium offers no reason why the Court should consider consolidation for trial *now*, nearly nine months before the scheduled close of discovery. Instead, Giants Stadium uses the Motion to rehash disputes over the scope of Rule 2004 discovery that Judge Peck resolved in November 2012. *See* Mot. 8-9; *id.* 1-2. The Motion also makes lengthy, procedurally improper merits arguments under the guise of "background" to the relief sought. *See id.* 3-11. These out of place merits arguments are designed to try to obscure the basic fact that Giants Stadium's calculation of "Loss" under the swap agreements at issue is commercially unreasonable for a number of reasons including, notably, that Giants Stadium (a) ignored fundamental provisions of

3

the swap contracts that operated in Lehman's favor and (b) used a short-term interest rate—as if it would never change—to project the interest rate that Giants Stadium would pay over the *38-year* life of the swaps. Lehman will not burden the Court with a point-by-point response to those merits arguments, but respectfully refers the Court to Lehman's Complaint in the Adversary Proceeding [ECF No. 1; Case No. 13-01554] and its Objection to Proof of Claim Numbers 64070 and 64071 [ECF No. 46050; Case No. 08-13555] (the "<u>Objection</u>").

5. As for the ostensible purpose of the Motion: Giants Stadium accuses Lehman of "attempting to create a dual-track litigation whereby [Lehman] can prosecute [the] Adversary Proceeding while simultaneously leaving the resolution of Giants Stadium's Claims for some later date and time." Mot. 2. The Motion further claims that this "threatens to waste the time and money of all parties . . . by potentially requiring separate trials on what should be a single matter." These straw man tactics have never been proposed or undertaken by Lehman; the accusations are without merit.

6. First, the Scheduling Order has already put these actions on a single "track" through the end of discovery. That Order notes that "the Parties agree that the [A]dversary [P]roceeding and resolution of the Proofs of Claim would be best served by consolidating the actions at least for the purposes of pretrial discovery." Scheduling Order at 1. Accordingly, the Scheduling Order provides that "all discovery by Lehman and Giants Stadium pursuant to Rule 2004 in this bankruptcy case is available to be used in connection with the [A]dversary [P]roceeding and the resolution of the [Claims Proceeding]," and that "[a]ny discovery taken or obtained pursuant to this Stipulation may be used, consistent with the applicable rules, in the [A]dversary [P]roceeding and in connection with the resolution of the [Claims Proceeding]." *Id.* ¶¶ 1, 4. The Scheduling Order further provides that "Nothing herein shall limit the rights of the

4

Parties to use any discovery devices provided for in the Federal Rules of Civil Procedure." *Id.* ¶ 17.

7. Thus, the Adversary Proceeding and Claims Proceeding are consolidated for pretrial discovery, Giants Stadium has available to it the discovery devices permitted under the Federal Rules, and nothing is stopping Giants Stadium from taking actions necessary to prosecute its claims. Giants Stadium, therefore, does not, and cannot, identify any prejudice to itself or inefficiency that would result from addressing the question of trial consolidation at or around the close of discovery.

8. Moreover, at the July 16, 2014 Hearing, when the Scheduling Order was presented to the Court, counsel for Lehman proposed that the parties discuss potential consolidation for trial "down the road" after discovery is completed with complete acquiescence of counsel for Giants Stadium and the agreement of the Court:

> MR. SLACK: And I would think that the parties will continue to talk about them, whether these will be tried together or not, but that's something that will be down the road. But, at least for discovery purposes, I think we all agree that it makes complete sense to take the discovery together.
>
> THE COURT: Right, right. I mean, not to make a bad pun about goal posts, but it seems to me that we would want to do it in one proceeding to determine, you know, which goal post or if there's a scenario -- I'm not smart enough on the issues yet to know if there's going to be -- if there's possibility of something in between as there might be in a normal valuation trial, which this, you know, is anything but.
>
> MR. SLACK: And again, I think that reaction is a common sense one that, you know, after we get a chance to look at the discovery and the depositions, --
>
> THE COURT: Right.
>
> MR. SLACK: -- will probably crystallize.
>
> THE COURT: Okay. Okay. . . .

(July 16, 2014 Hearing Tr. 134:2-21.)

5

9. Counsel for Giants Stadium did not assert that trial consolidation should be addressed sooner; and the Court entered the Scheduling Order, which provides that "The Court shall hold a conference at a time to be agreed to by the Parties subsequent to the close of discovery" (Scheduling Order ¶ 16)—at which time it will make perfect sense to consider whether to consolidate these actions for trial.

10. Giants Stadium argues that common questions of law and fact make full consolidation appropriate. *See* Mot. 14-18. But even in cases when that is true, and when related actions have been consolidated for discovery, courts still reject early-stage requests to consolidate related cases for trial. *See Behrend v. Klein*, 2006 WL 2729257, at *3 (E.D.N.Y. Sept. 25, 2006) (denying pre-answer motion to consolidate for trial as "premature," notwithstanding that complaints "assert[ed] identical legal claims," and "implicated common questions of law and fact" and that actions had been consolidated for pre-trial discovery); *U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras*, 2001 WL 300735, at *24 (S.D.N.Y. Mar. 27, 2001) ("[T]he . . . motion to consolidate is plainly premature at this stage, before pre-trial proceedings have been completed and the prospective evidence in both cases is clear."); *United States v. Am. Soc'y of Composers, Authors & Publishers*, 1995 WL 491047, at *1 (S.D.N.Y. Aug. 16, 1995) ("[I]t is anticipated that a consolidated trial will be conducted, although I see no point in attempting at this early stage—before significant discovery is undertaken—to flesh out the precise details of that proceeding.").

11. Finally, Giants Stadium's Motion falsely asserts that Lehman "responded to Giants Stadium's proposal by not only refusing to stipulate to consolidation, but also refusing to even meet and confer about the subject." Mot. 12. Giants Stadium neglects to tell the Court that counsel for the parties had already discussed consolidation *before* that proposal was made,

6

during a telephonic meet and confer on August 28, 2014. Slack Decl. ¶ 2. Moreover, the correspondence makes clear that Lehman expressed its view that discussion of consolidation for trial was premature. *See* White Decl. Ex. B (October 2, 2014 letter from Lehman's counsel to Giants Stadium's counsel stating that "your proposal for Rule 42(a) consolidation is premature"). While Giants Stadium may not like the position of Lehman, it is simply fiction to state that counsel refused to meet and confer concerning Giants Stadium's request. Moreover, and as Giants Stadium is forced to admit, Lehman *expressly offered to meet and confer* again on this subject around the close of fact discovery, when the record has been developed and the issues sharpened. *See* Mot. at 15; White Decl. Ex. B. Yet, directly controverting its professed concerns with efficiency and the conservation of Court and party resources (*see* Mot. at 14-16, 19), Giants Stadium has burdened the Court and the Estate with formal motion practice that is, at minimum, premature and might well have been entirely pretextual in order to make its merits arguments and to inaccurately rehash stale 2004 discovery disputes.[1]

**II.    Giants Stadium's Counterclaims Violate the Claims ADR Order
and the Court Should Not Excuse That Violation**

---

[1] The Proposed Order filed in connection with Giants Stadium's motion provides that, in the event these actions are consolidated, "Giants Stadium's pending motions for (i) discovery [of Lehman Brothers, Inc. (LBI)] pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (No. 08-13555, ECF No. 36874); and (ii) authorizations to depose certain former employees of Debtors . . . (No. 08-13555, ECF No. 39898), are hereby denied as moot, without prejudice." These motions, however, have already been mooted by the Scheduling Order, which (i) provides that that a substantial voluntary document production made by LBI "shall be available to be used in connection with the adversary proceeding and the resolution of the Proofs of Claim" (Scheduling Oder ¶ 3); and (ii) permits the parties to use all discovery devices available under the Federal Rules (*id.* ¶ 17). Lehman has noted to Giants Stadium that these motions are moot. *See* Slack Decl. Ex. A. But, without denying that fact, Giants Stadium has inexplicably refused to withdraw the motions—other than as an unjustifiable *quid pro quo* for Lehman's agreement to trial consolidation. *See* White Decl. Ex. B. Giants Stadium has thus wasted Court and Estate resources by keeping these motions on the docket, subject to repeated adjournment for what appears to be some kind of tactical reason. The Court should dismiss these motions.

7

11. The Claims ADR Order prohibits Giants Stadium's Counterclaims. The Claims ADR Order provides in relevant part:

> upon service of an objection, omnibus or otherwise, to a Proof of Claim filed by a Claimant . . . each Claimant . . . to whom such objection applies . . . shall be enjoined from commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court, seeking to establish, liquidate, collect on, or otherwise enforce any Contested Claims identified in such objection other than (i) through the Claims Hearing Procedures and the ADR Procedures or (ii) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases.

Claims ADR Order at 2-3

12. This is straightforward. Creditors who submit claims in the Lehman bankruptcy should have those claims resolved in the claims process pursuant to rules and procedures set up to resolve those claims. The Counterclaims impermissibly seek to enforce the Proofs of Claim outside of the Claims Hearing Procedures: the First Counterclaim seeks payment of $301,805,617, the exact amount of the Proofs of Claim; and the Second Counterclaim seeks a "declaratory judgment that Giants Stadium's Proofs of Claim should be accepted and allowed and paid." Answer at 26-27. Giants Stadium has therefore violated the Claims ADR Order by asserting the Counterclaims.

13. Giants Stadium makes three arguments to the contrary. First, Giants Stadium asserts that "The Claims [ADR] Order, on its face, does not apply to adversary proceedings." Mot. 18. Next, Giants Stadium claims that "the Court's entry of a Claims Litigation Schedule (like the Scheduling Order here) automatically dissolves the Temporary Litigation Injunction." *Id.* 19. Finally, Giants Stadium asks the Court to permit the Counterclaims because they supposedly "seek nothing more than resolution of all issues in a single proceeding." *Id.* 20. Each of these arguments should be rejected.

8

14. First, Giants Stadium is wrong that the Claims ADR Order does not apply to adversary proceedings. Giants Stadium quotes the very language in the Claims ADR Order that applies the Temporary Litigation Injunction to adversary proceedings: "[U]pon service of an objection . . . the Debtors, [and] each Claimant . . . shall be enjoined from commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court, seeking to establish, liquidate, collect on, or otherwise enforce any Contested Claims." Claims ADR Order at 2. The Adversary Proceeding is a proceeding in this Court. Allowing Giants Stadium to assert the Counterclaims—which seek to "establish, liquidate, collect on, or otherwise enforce" the Proofs of Claims—would constitute an end-run around the Temporary Litigation Injunction, which was implemented specifically to facilitate resolution of claims as provided for in the Claims ADR Order and not through other means such as via the Counterclaims asserted by Giants Stadium. There is no question that the claims filed by Giants Stadium have been contested and the Court issued the Scheduling Order that allows the parties to take discovery with respect to these contested claims.

15. Second, the Scheduling Order is not a Claims Litigation Schedule and, thus, did not "dissolve[]" the Temporary Litigation Injunction. *See* Mot. 19. A "Claims Litigation Schedule" is defined as a "discovery, briefing, and litigation schedule." Claims ADR Order, Ex. A at 3. The Scheduling Order sets discovery deadlines but not a briefing schedule; instead, the Scheduling Order directs the parties to "meet and confer concerning a schedule for summary judgment . . . and motions to exclude expert testimony, if any" at the close of discovery. Scheduling Order ¶ 15. Thus, the Temporary Litigation Injunction remains in place and prohibits Giants Stadium's Counterclaims. In any event, the idea that the Claims ADR Order would allow the filing of separate litigation claims outside of the claims process once a schedule for the

9

claims process was set makes no sense. The purpose of the Order is obviously to allow litigation in the claims process once a "Claims Litigation Schedule" has been set.

16.     Third, Giants Stadium admits that the purpose of the Counterclaims—filed *before* the present Motion to consolidate—is to unilaterally force full consolidation of the Claims Proceeding and the Adversary Proceeding. In Giants Stadium's words, the Counterclaims "seek . . . resolution of all issues in a single proceeding." Mot. 20. Giants Stadium's assertion of the Counterclaims was thus a purely tactical attempt to obtain consolidation for trial purposes without Court approval. As such, it was an improper attempt by Giants Stadium to control the docket and the administration of its claims. For the reasons stated in Part I, the Court should not countenance Giants Stadium's attempt to treat consolidation as a *fait accompli*.

## CONCLUSION

17.     The Motion should be denied without prejudice.

Dated: New York, New York
       November 19, 2014

WEIL, GOTSHAL & MANGES LLP

/s/ Richard W. Slack
Richard W. Slack
Robert J. Lemons
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Attorneys for Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc.*