# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

November 20, 2014

The Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court for the
  Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *In re: Lehman Brothers Holdings Inc., et al.*,
      Debtors in Case No. 08-13555 (collectively "Lehman")

As to: Matters relating to Motion and Cross-Motion regarding RMBS Trustees' claims and the
       December 10, 2014 hearing

Dear Judge Chapman:

      We represent Lehman in connection with its dispute with the RMBS Trustees regarding the allowance of the RMBS Trustees' claims. Over the course of the last few months, the parties have filed a motion, objections, and a cross-motion concerning the claim allowance method that should be applied in this case.[1]

      In an effort to streamline the December 10, 2014 hearing, and to ensure the most efficient use of the Court's time during that proceeding, Lehman respectfully requests the Court's intervention (before the December 10, 2014 hearing) on three matters:

1) The deposition of U.S. Bank representative, Tim Pillar, on narrow topics that concern this Court's determination of whether to implement the protocol proposed by Lehman or to allow estimation of the RMBS Trustees' claims, over Lehman's contentions that estimation is not

---

[1] The relevant pleadings include: (a) the RMBS Trustees' Motion to (I) Increase the Reserve to $12.143 Billion ("Reserve Motion") and (II) Estimate and Allow Their Claims for Covered Loans at $12.143 Billion Pursuant to Section 502(c) of the Bankruptcy Code ("Estimation Motion," and together with the Reserve Motion, the "RMBS Trustees' Motions") (Docket No. 46078); (b) Lehman's (A) Objection to RMBS Trustees' Motion to (I) Increase the Reserve to $12.143 Billion and (II) Estimate and Allow Their Claims For Covered Loans at $12.143 Billion Pursuant to Section 502(c) of the Bankruptcy Code ("Lehman's Objection"), and (B) Cross-Motion to Establish a Protocol to Resolve Claims Filed by the RMBS Trustees ("Cross-Motion") (Docket No. 46526); and (c) the RMBS Trustees' (1) Reply in Support of Their Motion to Estimate the RMBS Claims Using Statistical Sampling ("RMBS Trustees' Reply"), and (2) Opposition to Lehman's Cross-Motion for a Full Loan-by-Loan Review ("RMBS Trustees' Objection") (Docket No. 46960).

y

permissible or appropriate under the Governing Agreements or applicable law.[2]

2) The deposition of Charles A. Parekh, concerning the issues Mr. Parekh raises in his most recent declaration in opposition to Lehman's proposed protocol and in support of the RMBS Trustees' Objection.

3) The Trustees' Reserve Motion, which they previously agreed to defer until after the Court decides whether to implement Lehman's proposed protocol.

Additionally, Lehman briefly summarizes below the legal and evidentiary presentation that, with the Court's permission, Lehman intends to make during the December 10, 2014 hearing.

*Deposition of Tim Pillar of U.S. Bank*

On November 11, 2014, Lehman conferred with counsel for U.S. Bank regarding the deposition of U.S. Bank representative, Tim Pillar, a trustee employee Lehman believes is familiar with the structure and requirements of the Governing Agreements, the application of the Governing Agreements to repurchase claims such as those before the Court, and certain factual matters bearing on whether the Court should approve Lehman's proposed protocol or permit the Trustees' claims to be estimated. On November 12, 2014, Lehman submitted a copy of the subpoena to counsel for U.S. Bank, requesting that counsel accept service and providing counsel the opportunity to set the location of the deposition.

Counsel for U.S. Bank has denied Lehman's request for Mr. Pillar's deposition and threatened to seek a protective order, stating that "[w]e do not see how the deposition of Mr. Pillar would be relevant to either the Motion or the Cross Motion at this time," and further stating that, "Mr. Pillar, or alternatively an appropriate representative of U.S. Bank, would of course make themselves available for a deposition in the event the Court deems that evidence surrounding the interpretation of a sample [MLSA] is germane to [the Court's] determination of the pending alternative methods of determining and allowing a claim in the context of this proceeding."[3]

Lehman considers its request for Mr. Pillar's deposition highly relevant to the dispute between the parties. Lehman believes Mr. Pillar is very familiar with the Governing Agreements at issue on Lehman's Cross-Motion and understands how provisions in the Governing Agreements are typically interpreted, understood, and enforced by the RMBS Trustees. Lehman further believes Mr. Pillar's testimony would support Lehman's request for approval and implementation of the protocol attached to Lehman's Cross-Motion. U.S. Bank's claimed willingness to provide a witness *only after* the December 10 hearing is telling. The Court should have the benefit of Mr. Pillar's testimony before making a determination about the method by which the Trustees' claims will be quantified and allowed.

---

[2] The Governing Agreements include the underlying Trusts Agreements and Mortgage Loan Sale and Assignment Agreements ("MLSA").

[3] U.S. Bank's response is attached to this letter as Exhibit 1.

-2-

So that the Court may have a more fully developed record before it at the December 10 hearing, including on the critical question of whether the RMBS Trustees will be permitted to avoid the contractual obligations they undertook in favor of estimation procedures neither contemplated nor permitted under the Governing Agreements or applicable law, Mr. Pillar's deposition should proceed as soon as possible.

### *Deposition of Charles A. Parekh*

In light of his declaration submitted last Friday in connection with the RMBS Trustees' Reply and Objection to Lehman's Cross-Motion on the protocol, Lehman also seeks the deposition of Charles A. Parekh. Mr. Parekh discusses at length asserted inefficiencies and costs of Lehman's proposed protocol. Using Mr. Parekh's declaration, the RMBS Trustees argue that it would take at least 27 years to complete the loan level review and resolve any resultant disputes. This is facially absurd. Lehman notes that in their initial motion papers, the RMBS Trustees claimed that it would take 41 years to complete a loan-by-loan level review. Mr. Parekh now contradicts that assertion with another wildly speculative conclusion.

Lehman's proposed protocol is the most efficient and fair way to work through this process, and Lehman must be permitted to depose Mr. Parekh with respect to his conclusions regarding the proposed protocol.

### *The RMBS Trustees' Reserve Motion*

On August 22, 2014, the RMBS Trustees sought in the Reserve Motion to increase the reserve set for the RMBS trust claims in February 2012 from the previously agreed upon and Court-ordered reserve for a $5 billion claim to a reserve for a $12.143 billion claim. The parties engaged in discussions about the Reserve Motion, both before and after Lehman's Objection to the RMBS Trustees' Motions on October 15, 2014, and the RMBS Trustees agreed to defer the Reserve Motion until the Court resolved — following the December 10 hearing — whether Lehman's proposed protocol or the RMBS Trustees' estimation approach was proper. In fact, following two separate calls in September and October during which Lehman's finance team described the financial status of the estate and Lehman's financial projections through the spring of 2015 to the RMBS Trustees, the RMBS Trustees agreed that the Reserve Motion was unnecessary at this time and that there was no need for the Court to resolve the Reserve Motion before August 2015.

Lehman was therefore understandably surprised to find that the RMBS Trustees ignored the parties' agreement to defer the Reserve Motion and continued to press their arguments — although somewhat half-heartedly — in their filing last Friday (November 14, 2014). It was Lehman's understanding that not only were the RMBS Trustees deferring the Reserve Motion without prejudice, but that the parties had tentatively agreed to a discovery and briefing schedule through the spring and early summer of 2015 on the issue of estimation – but if, and only if, the Court determined to order estimation in this case.[4]

---

[4] Attached as Exhibit 2 to this letter is a chart prepared by Lehman's counsel that was shared and discussed with the RMBS Trustees on October 29, 2014. The parties tentatively agreed with Lehman's proposed schedule on the call, to be implemented *only if* the Court ordered estimation in this case.

- 3 -

13178896.6

In light of the lack of clarity regarding the status of the Reserve Motion and Lehman's reliance on the RMBS Trustees' agreement that they would not seek to prosecute the Reserve Motion until *after* the Court decided the Cross-Motion, Lehman respectfully requests that consideration of the Reserve Motion be deferred until after the Court determines the question of whether Lehman's proposed protocol or the RMBS Trustees' estimation approach is to be implemented for claim allowance in this case.

### *The December 10, 2014 Hearing*

At the December 10th hearing, the matter to be decided by the Court is whether it will implement Lehman's proposed protocol to resolve claims filed by the RMBS Trustees, or whether it will instead allow the RMBS Trustees to estimate their claims despite Lehman's contention that estimation is improper and inappropriate for all of the reasons set forth in Lehman's Objection and Cross-Motion.[5] If the Court orders that the parties follow Lehman's proposed claim reconciliation protocol, Lehman is prepared to work with the RMBS Trustees to be begin to implement it immediately. If the Court orders that the claims will be determined by estimation, Lehman believes the parties should be permitted to conduct necessary discovery, expert analysis and briefing, and that it is appropriate to submit the matter to the Court in or around July 2015, or as the Court may otherwise direct.

In support of its position that a protocol should be implemented, and in opposition to estimation, Lehman intends to establish an appropriate legal and evidentiary record and presently anticipates it will present two witnesses during the December 10, 2014 hearing. Mindful of the Court's calendar, Lehman is of course available to discuss any questions that the Court may have regarding the conduct of and matters to be considered by the Court at the hearing.

We are available at the Court's convenience to discuss the foregoing should the Court have any questions it would like us to address.

Respectfully submitted,

*Todd G. Cosenza* /CtT

Todd G. Cosenza

cc:  Franklin H. Top III, Esq.
M. William Munno, Esq.
John C. Weitnauer, Esq.
Richard C. Pedone, Esq.
Dennis Dunne, Esq.

---

[5] As discussed above, Lehman believes consideration of the Reserve Motion should be deferred at least until the Court determines whether it is appropriate to implement Lehman's proposed protocol.

**Exhibit 1**

## Kalas, Robert

| | |
|---|---|
| **From:** | Franklin Top [top@chapman.com] |
| **Sent:** | Friday, November 14, 2014 2:53 PM |
| **To:** | Michael Rollin |
| **Cc:** | Shannon Coggins; Martha Beach; Maritza Braswell; Hagglund, Cristina I. Miller-Ojeda; Cosenza, Todd; M. William Munno; kit.weitnauer@alston.com Weitnauer; Richard Pedone; Scott Lewis; Daniel Guzman; adarwin@nixonpeabody.com Darwin; jason.solomon@alston.com Solomon |
| **Subject:** | Re: Pillar Subpoena |

Mike;

We received your request to accept service of a Subpoena for the deposition of Tim Pillar for November 20, 2014 at a place to be determined.  After considering your request, I am not able to accept service of the Subpoena, and if one is served we would likely file a Motion for a Protective Order in connection therewith.  We do not see how the deposition of Mr. Pillar would be relevant to either the Motion or the Cross Motion at this time.  Mr. Pillar, or alternatively an appropriate representative of U.S. Bank, would of course make themselves available for a deposition in the event the Court deems that evidence surrounding the interpretation of a sample Pooling and Servicing Agreement is germane to her determination of the pending alternative methods of determining and allowing a claim in the context of this proceeding.  We would likewise reserve our right to conduct similar discovery.


Franklin H. Top, III
Chapman and Cutler LLP
111 West Monroe Street
Chicago, Illinois  60603
(312) 845-3824

On Nov 12, 2014, at 2:02 PM, Michael Rollin <mrollin@joneskeller.com> wrote:

> Frank-
>
> Please find attached a subpoena and waiver of service for Tim Pillar's deposition.  You'll see we've left the location "to be determined" because the parties may wish to convene in New York rather than Minneapolis.  But, to avoid any issues around proper service, please consider the deposition location to be at a mutually agreeable location in Minneapolis.
>
> I am available to discuss locations right away, and can reserve the subpoena to the entire group once we have location nailed down.  Please feel free to call me at 303.319.8346.
>
> Best,
> Mike
>
>
>> This electronic mail transmission and any attachments contain information belonging to the sender which may be confidential, privileged and exempt from disclosure under applicable law.  This information is intended only for the use of the individual or entity to whom this electronic mail transmission is addressed.  If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disclosure, copying, distribution, or action taken or not taken in reliance on the contents of the information contained in this transmission is strictly prohibited.  If you have received this transmission in error, please immediately inform me by "reply" e-mail and delete the message in its entirety.  Thank you.

1

```
>>
> <2014-11-12 Timothy Pillar Subpoena.pdf>
> <2014-11-12 Waiver of Service.pdf>
```

Please consider the Environment before printing this email.

Chapman and Cutler LLP is an Illinois limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

NOTICE OF CONFIDENTIALITY:  The information contained in this email transmission is confidential information which may contain information that is legally privileged and exempt from disclosure under applicable law.  The information is intended solely for the use of the individual or entity named above.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or taking of any action in reliance on the contents of this email transmission is strictly prohibited.  If you have received this email transmission in error, please notify us immediately by telephone to arrange for the return of the original transmission to us.

**Exhibit 2**

**Lehman/RMBS: Proposed Discovery Schedules**

| Date | Trustees' Proposed Schedule[1] | Lehman's Proposed Schedule |
|---|---|---|
| Before November 14, 2014 | Trustees' to withdraw without prejudice the Motion to Increase the Reserve ||
| November 14, 2014 | Objection to Cross-Motion Due ||
| December 10, 2014 | HEARING RE: CROSS-MOTION[2] ||
| By December 31, 2014 | DECISION re: CROSS-MOTION ||
| January 12, 2015 | Disclose testifying expert witnesses and serve expert reports.[3] | |
| Late January 2015 | HEARING re: ESTIMATION LEGAL ARGUMENTS[4] ||
| January 26, 2015 | Rebuttal reports due | |
| Early February 2015 | DECISION re: ESTIMATION LEGAL ARGUMENTS ||
| Mid-February 2015 | | Commence written discovery[5] |
| March 20, 2015 | | 1. Opposition to Estimation Motion due (based on expert analysis)<br>2. Lehman: Disclose testifying expert witnesses and serve |

---

[1] Trustees' timeline is keyed off of entry of a scheduling order re: estimation around December 12. These dates are estimates based on that presumption.

[2] Anything taking place after this hearing is a result of being ordered to proceed with estimation.

[3] The Parekh and Aronoff Declarations are their expert reports.

[4] Proceeds only if Court denies Cross-Motion.

[5] Items from here down proceed only if Court rules in favor of Estimation.

- 1 -

| | | | |
|---|---|---|---|
| | | | rebuttal expert reports |
| March 11, 2015 | Last day of expert depositions | | |
| March 30 – May 15, 2015 | | | Fact and expert depositions |
| Early April 2015 | D7 PROJECTED TO OCURR | | |
| April 10, 2015 | Last day to file a motion | | |
| *April 15, 2015* | *Pre-trial conference (date was suggested based on the assumption that the prior deadlines would be counted out from a stipulation dated much earlier than December 12, 2014; presumably, this conference would happen in late May)* | | |
| May 5, 2015 | Last day to file oppositions to motions | | |
| May 15, 2015 | | | Last day to file a motion |
| May 20, 2015 | Last day to file reply briefs in support of motions | | |
| June 5, 2015 | | | Last day to oppose a motion |
| June 26, 2015 | | | Last day to file reply in support of a motion |
| Early July 2015 | | | Pre-hearing conference |
| July 2015 | HEARING re: CLAIMS ALLOWANCE UNDER ESTIMATION | | |