**Weil, Gotshal & Manges LLP**

BY EMAIL AND ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Richard W. Slack**
+1 (212) 310-8017
richard.slack@weil.com

November 20, 2014

Honorable Shelley C. Chapman
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *In re Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing, Inc. v.
      Giants Stadium LLC*, Adversary Proc. No. 13-01554 (SCC)

Dear Judge Chapman:

We write on behalf of the above Plaintiffs (together "Lehman") in response to the November 12, 2014 letter from Bruce Clark, counsel to Giants Stadium LLC ("Giants Stadium"). Giants Stadium ignores that the parties have met and conferred extensively on document issues raised by Giants Stadium in its letter. Lehman has produced documents from 34 custodians. Moreover, although Giants Stadium implies that Lehman has delayed responding to its issues, Giants Stadium neglects to inform the Court that all discovery was essentially stayed from January 17, 2014 to April 30, 2014 while the parties explored resolution. It is unfortunate that Giants Stadium has burdened the Court with discovery issues without waiting to hear Lehman's response to its October 2, 2014 letter because, as the Court will see below, Lehman has investigated and has responses that largely moot some of the issues.

**Valuations of Other Bond-Rate Swaps.** Giants Stadium's document requests ask Lehman to produce documents concerning the methodologies that Lehman has employed to value Loss in connection with "any other bond-rate swap" to which Lehman is or was a party. Putting aside for a moment that Lehman does not have any non-privileged responsive documents, Giants Stadium has not explained how valuations of very different swaps with different features are relevant here. As Lehman explained to Giants Stadium during meet-and-confers on April 30, 2013 and May 15, 2013, certain unique negotiated provisions of the swap confirmations between Giants Stadium and LBSF, including the right for LBSF to request a refinancing of the bonds that the swaps were written to hedge and certain provisions altering the swaps from actual-rate swaps into LIBOR-based swaps, renders the requested documents irrelevant. Nevertheless, Lehman is not aware of any bond-rate swaps that were terminated pre-bankruptcy for which Lehman calculated a Loss valuation. Any post-bankruptcy valuations were necessarily prepared by the counterparties that terminated those swaps and any internal valuations prepared by Lehman were created in connection with pending or anticipated litigation.

**Redaction of Irrelevant Material.** As is customary, Lehman has redacted material that is non-responsive, irrelevant to the claims and defenses at issue, and confidential. *See*, *e.g.*, *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2007 WL 473726, at *3 (S.D.N.Y. Feb. 14, 2007)

Honorable Shelley C. Chapman
November 20, 2014
Page 2

**Weil, Gotshal & Manges LLP**

(denying defendants' motion to compel production of un-redacted version to include non-responsive portions when "defendants have not established that the redacted portions of [the] document . . . is responsive to their discovery"). Although Giants Stadium had questioned this practice generally, before its November 12 letter Giants Stadium had never inquired about specific redacted documents. And in response to previous requests, Lehman's counsel offered to answer questions on a document-by-document basis. *See* Ex. A. We have re-reviewed the 7 redacted documents cited in that letter, determined that documents with bates numbers LBSF00176679 and LBSF00025111 should be produced un-redacted, and re-produced those documents accordingly. LBSF00029341 was redacted for attorney-client privilege and has been reproduced. The remaining documents cited by Giants Stadium were redacted to the extent they contain non-responsive information regarding third parties, including confidential trades with Lehman, Lehman's role as an auction agent for other bonds for third parties as well as other unrelated Lehman internal financial information. While we continue to believe that Lehman's redactions are proper, we are willing to continue to address questions about specific documents.

**Custodians and Other Sources of Documents.** Lehman collected, reviewed, and produced documents from *34* custodians. Yet Giants Stadium, which has produced documents from one custodian, has asked Lehman to search the files of another five individuals (Kyle Ingram, Jeffery Kirshenbaum, Julia Nand, Sean Teague, and Jacopo Visentini). By email of June 20, 2013, Lehman's counsel explained that based on inquiries into the roles of the individuals and a review of relevant documents it would not be productive to search the files of Mr. Ingram, Mr. Kirshenbaum, and Ms. Nand. Ex. A. On June 26, 2013, Giants Stadium's counsel responded: "we accept for the present your representations below as to which document custodians you are willing to search related to these requests." Ex. A. Giants Stadium has offered no reason to revisit that issue. Next, Sean Teague was not a Lehman employee and thus Lehman has no custodial files. As for Mr. Visentini, Giants Stadium has not provided any valid rationale based on the documentary record to date, to believe that his custodial files would contain sufficient probative material to warrant the additional burden. As for non-custodial sources of documents, Lehman has searched hard-copy files and shared network drives that are reasonably likely to have responsive documents. A shared drive with additional responsive documents was identified and Lehman will produce those documents within the next week.

**Attachments to Produced Documents.** When an email or other document attaches a separate file that is privileged, Lehman has not produced that attachment. It was Lehman's practice to produce non-responsive attachments in redacted form. Following Giants Stadium's inquiry on this subject, we conducted a large amount of work reviewing the production and identified a small number of responsive and non-responsive attachments that had inadvertently been withheld from production, and those attachments will be produced within the next week.

**Documents Reflecting Track Changes.** On November 19, Lehman re-produced, with track changes visible, all Word documents whose metadata indicate that they may have contained track changes. Lehman respectfully requests that Giants Stadium be directed to confirm that is has done the same.

Honorable Shelley C. Chapman
November 20, 2014
Page 3

**Weil, Gotshal & Manges LLP**

Respectfully submitted,

/s/ Richard W. Slack

Richard W. Slack

# EXHIBIT A

| | |
|---|---|
| **From:** | Loyd, Lara J. |
| **To:** | Hoelzer, Lauren |
| **Cc:** | Clark, Bruce E.; Schwartz, Matthew A.; Slack, Richard; Burns, Amanda |
| **Subject:** | RE: Giants Stadium Discovery |
| **Date:** | Wednesday, June 26, 2013 11:41:53 AM |

Dear Lauren,

We accept for the present your representations below as to which document custodians you are willing to search relating to these requests. Kindly advise when you expect to produce documents resulting from those searches. We reserve all rights to raise these or other issues upon review of the resulting documents. Please also advise if you intend to conduct searches for responsive information in sources other than custodian files, such as in centralized files or informational databases. Specifically, we request that Debtors produce the full PNL and mark history of the bonds, even if that information is stored in centralized files or accessible only through search of a database. We are available to meet and confer to discuss this request.

Additionally, please advise if there is any update as to Debtors' position on Request 17(ii), which, as we explained in our meet and confer of April 30, 2013, seeks information on Lehman's approach to valuing "Loss" on other actual bond rate swaps. We asked at the April 30 meet and confer whether Debtors could, as an initial matter, advise how many actual bond rate swaps existed, how many were terminated pre-bankruptcy, and how many were terminated post-bankruptcy, so that the parties could assess Debtors' assumption that responding to this request would involve excessive burden. Please let us know if you have made any progress in relation to this.

As for redactions, we are working under the assumption that all redactions in your prior productions that do not bear the text "Attorney-Client Privilege" were not redacted to protect privilege, but rather to protect confidential information that is, in Debtors' view, not relevant to the claims at issue. While we are sensitive to confidentiality concerns, we continue to be troubled by the high percentage of heavily-redacted non-privileged documents and are concerned that these redactions could be obscuring contextual or comparable data relevant to our understanding of the documents and information as a whole. However, we are amenable to a compromise. For example, we would be open to initially receiving unredacted versions on an attorneys' eyes only basis. If we discover that relevant information exists in an unredacted version of a document, the parties could revisit the issue at that point with respect to that document, before using it for any purpose other than attorneys' eyes' only review. We continue to be open to further discussion on this issue.

Finally, to the extent not already produced, we ask that you produce the 10-page outline referred to in LBSF00021718.

Best,
Lara

Lara Jean Loyd
Sullivan & Cromwell LLP
125 Broad Street

New York, NY 10004

Tel: +1 212 558 4256

loydl@sullcrom.com

---

**From:** Hoelzer, Lauren [mailto:lauren.hoelzer@weil.com]
**Sent:** Thursday, June 20, 2013 11:51 AM
**To:** Loyd, Lara J.
**Cc:** Slack, Richard; Burns, Amanda; Clark, Bruce E.; Schwartz, Matthew A.
**Subject:** RE: Giants Stadium Discovery

Dear Lara:

I address the open issues you list below in order.

The one Olvany "reliance document" that Jones Day identified as highly confidential and asked that we withhold ultimately upon review did not concern the Giants Stadium bonds and was thus non-responsive to your request.

We have considered your request to search the documents of Jennifer Gever and R. Sandila (a.k.a. Richard Sandilands) in connection with Request No. 13 and decline your request on the basis that a search of these custodian's documents are not reasonably likely to generate responsive documents. Indeed, a search for their names among responsive Lehman documents gathered to date generated zero "hits." We previously had gathered and are reviewing the documents of Michael Sung and Craig Goldband. We already have expended significant time and estate resources to review dozens of custodians. We remain willing to perform targeted searches of additional individuals upon a showing of necessity, but will not endlessly perform searches to ferret out every last potentially responsive document.

We have considered your request to search documents from Katie Chan, Gregory Shlionsky, Jeffrey Kirshenbaum, and Alex Kirk in connection with Request Nos. 17, 18, and 19. We previously had gathered and are reviewing the documents of Gregory Shlionsky (as well as the documents of Anatoly Zelikoff and Peter Coleman, among others) in connection with Request Nos. 17, 18, and 19, and have determined to search the documents of Katie Chan. After making internal inquiries about the roles Jeffrey Kirshenbaum and Alex Kirk played at Lehman and with respect to the Giants Stadium transactions, and after reviewing the handful of responsive Lehman documents that bear their names, we have determined that a search for Jeffrey Kirshenbaum and Alex Kirk will not be reasonably productive and we decline to search their documents.

With respect to redactions, I gather from your email that you've been able to identify which documents have been redacted for privilege as oppose to confidentiality and nonresponsiveness. If it is not apparent whether a document was redacted for privilege as opposed to confidentiality and nonresponsiveness, we are happy to answer that question on a document-by-document basis, within reason. I also note that the next round of production, to the extent it contains redactions for confidentiality and nonresponsiveness, will so note this. We are under no obligation to reveal the

redacted information and disagree that redactions have obscured comparable data points.  We will not undertake to re-produce redacted documents without redactions, but are happy to discuss any specific documents about which you may have questions.

In response to your last question, we previously had gathered and are reviewing the documents of Gia Rys, Kelly O'Donnell, and Anatoly Zelikoff.  After making internal inquiries about the roles Thomas Corcoran, Adriana Minge, John Russ, Kyle Ingram, Julia Nand, Joseph Verrillo, Robert Krugel, Michael Wallace, and Edmond Papantonio played at Lehman and with respect to the Giants Stadium transactions, and reviewing the handful of responsive Lehman documents that bear their names, we have determined that a search for these individuals, other than John Russ, will not be reasonably productive and we will not be searching for their documents.  We have determined to search the documents of John Russ.

We look forward to speaking on June 24 at 2pm.

Yours,
Lauren



**Lauren Hoelzer Helenek**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
lauren.hoelzer@weil.com
+1 212 310 8581 Direct
+1 516 318 3344 Mobile
+1 212 310 8007 Fax

**WEIL GREEN USE THE SCREEN**
save paper – think before you print

---

**From:** Loyd, Lara J. [mailto:Loydl@sullcrom.com]
**Sent:** Monday, June 10, 2013 12:14 PM
**To:** Hoelzer, Lauren
**Cc:** Slack, Richard; Burns, Amanda; Clark, Bruce E.; Schwartz, Matthew A.
**Subject:** RE: Giants Stadium Discovery

Lauren,

Thank you for your email.  We agree to your proposed modification of dates in the protocol and we look forward to reviewing the documents received from Debtors on Friday.

With regard to the open issues discussed below:

*First*, please provide a brief description of the nature of the single document that you withheld from Friday's production on the basis of confidentiality and provide a basis for your confidentiality

concerns with respect to this document.  Again, we reserve all rights to object to your withholding of this or any other documents on the basis of confidentiality.

*Second*, in light of your e-mail, we have reconsidered the names of the custodians who may have documents in relation to Request No. 13 and believe that Debtors should search for documents from the following custodians whose names are found on the Security Agreement dated August 28, 2008 between LBSF, 7th Avenue Inc., and HSBC in the notice section (§ 9.8) and in the signature block: Jennifer Gever (Operations, FIT Mid Office Admin; Jennifer.Gever@Lehman.com), Michael Sung (Derivative Trading; Sung@lehman.com), Craig Goldband (Treasury; cgoldban@lehman.com), and R. Sandila (Signator; rsandila@lehman.com).

*Third*, please let us know when you have reached a position on whether and how you will respond to Request 14.

*Fourth*, Katie Chan, Gregory Shlionsky, and Jeffrey Kirshenbaum appear on several documents in Debtors' production (e.g. LBSF00025003 and LBSF00025111) that mention issues related to internal allocation of profits, losses, and risk associated with the Giants Stadium deal.  Alex Kirk was the recipient of a memorandum from Gregory Shlionsky (LBSF00039357 and attachment) regarding hedging of Lehman's exposure to auction-rate swaps and potential liquidity requirements in municipals.  These individuals' files are therefore likely to contain documents responsive to Requests No. 17, 18, and 19.  Please advise whether you intend to search for and produce responsive documents from these custodians and kindly advise what other custodians' files you are already in the process of searching for documents responsive to these requests.

With respect to redactions, we do not request that Debtors create a privilege log at this time, but we do note that more than a thousand documents in Debtors' production—nearly one-fourth of the documents produced so far—contain redactions, and only a few dozen of those redactions are marked "Attorney-Client Privilege".  We reserve all rights regarding redactions for purposes other than preserving privilege.  Redaction for responsiveness or confidentiality is generally inappropriate, particularly where, as here, redactions are applied in a sweeping manner obscuring contextual information and comparable data points.  We therefore request that you re-produce these documents without redactions and we are available to meet and confer on this issue.

Finally, please advise if, in addition to the above, you intend to search for and produce documents from any additional custodians.  Specifically, please advise if you plan to search for and produce relevant documents from any of the following individuals:  Gia Rys, Kelly O'Donnell, Thomas Corcoran, Adriana Minge, Anatoly Zelikoff, John Russ, Kyle Ingram, Julia Nand, Joseph Verrillo, Robert Krugel, Michael Wallace, or Edmond Papantonio.

Please let us know a time this week when you are available to meet and confer on these matters.

Best Regards,
Lara

Lara Jean Loyd

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel: +1 212 558 4256
loydl@sullcrom.com

---

**From:** Hoelzer, Lauren [mailto:lauren.hoelzer@weil.com]
**Sent:** Thursday, June 06, 2013 11:21 AM
**To:** Schwartz, Matthew A.
**Cc:** Clark, Bruce E.; Loyd, Lara J.; Slack, Richard; Burns, Amanda
**Subject:** RE: Giants Stadium Discovery

Dear Matt:

I write on Rich's behalf in further response to your email to Rich of May 28, below.

As you are aware, we responded to Giants Stadium's document request by objecting to certain categories of documents and producing others. We have produced 45,914 pages of documents to date. During our meet and confer, Giants Stadium raised a number of issues and we determined to produce additional documents purely as an accommodation rather than engage in what likely would be lengthy and expensive disputes. The additional information sought by Giants Stadium is burdensome, expensive, and voluminous. We would further point out that Giants Stadium also has produced documents after the protocol cut-off date on May 29.

Given the state of the productions, we propose modifying all of the dates in the protocol and attach a draft altering only the dates therein (shown in track changes).

In addition, we respond to each question you raise, in turn:

1. We agreed to review and produce documents produced by Olvany in the Barclays litigation concerning the Giants Stadium bonds that were not subject to confidentiality restrictions. We did not agree to "seek agreement from Barclays" to produce documents that were restricted. The good news is that there are no confidentiality issues except with respect to one document. We expect to produce documents responsive by the end of the day tomorrow.
2. We are in the process of reviewing documents concerning the 7th Avenue loan. You ask that we also collect and review documents from Emil Conejo, Patrick Fruzzetti, Gia Rys, Christian Spieler, and Denise Trose. We are willing to consider your request, but ask that you provide information supporting why you believe undertaking a review of these custodians' documents will be relevant and productive.
3. Lehman is still in the process of seeing if it is willing to or can respond to your request. We will keep you apprised.
4. With respect to Requests 18, 19, and 20, we did not agree to search the files of anyone you identified. Rather, we said we would consider anyone you identified. In any event, we already are in the process of reviewing documents responsive to these requests. You propose that we also review the documents of Katie Chan, Gregory Shilionsky, Alex Kirk, and

Jeffrey Kirshenbaum.  Again, we request that you provide support for why you believe undertaking a review of these custodians' documents will be relevant and productive and we will consider your request thereafter.

With respect to your question about our redactions, we have redacted non-responsive information concerning other counterparties.  The protocol expressly does not require a privilege log and asking us to provide one for redactions would be inconsistent with our agreement.  I already explained to Lara that nearly all if not all redactions that appear on excel files and emails from David Lo are redactions that were not made for privilege reasons.

Finally, we note that we only received your most recent production on Wednesday, May 29.  We are reviewing your production and will let you know if we have any follow-up questions or concerns.

Yours,

Lauren



**Lauren Hoelzer Helenek**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
lauren.hoelzer@weil.com
+1 212 310 8581 Direct
+1 516 318 3344 Mobile
+1 212 310 8007 Fax

WEIL GREEN USE THE SCREEN
save paper – think before you print

---

**From:** Hoelzer, Lauren
**Sent:** Tuesday, May 28, 2013 6:06 PM
**To:** 'Schwartz, Matthew A.'
**Cc:** Clark, Bruce E.; Loyd, Lara J.; Slack, Richard; Burns, Amanda
**Subject:** RE: Giants Stadium claim

Matthew:

Although we don't agree that an extension is necessary under the circumstances, we are fine with postponing today's deadline to identify intended party and third-party deponents.  We will revert back to you about a time to speak about any open issues.

Yours,
Lauren



**Lauren Hoelzer Helenek**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
lauren.hoelzer@weil.com
+1 212 310 8581 Direct
+1 516 318 3344 Mobile
+1 212 310 8007 Fax

**WEIL GREEN USE THE SCREEN**
save paper – think before you print

---

**From:** Schwartz, Matthew A. [mailto:schwartzmatthew@sullcrom.com]
**Sent:** Tuesday, May 28, 2013 4:39 PM
**To:** Slack, Richard; Hoelzer, Lauren
**Cc:** Clark, Bruce E.; Loyd, Lara J.
**Subject:** Giants Stadium claim

Dear Richard,

    As you know, the parties contemplated identifying intended party and third-party deponents 14 days after completing the document productions. Debtors most recently produced a substantial number of additional documents on May 17, and in light of the fact that several open issues remain after our last meet and confer, and as to which we were waiting for you to respond to us, we will proceed as though the deadline under the protocol for identification of intended party and third-party deponents is extended at least until the parties have a chance to discuss.

    As to the open issues, *first,* in response to our Request 12, you agreed to review and produce documents produced in the Barclays litigation, and that if any of these documents were subject to a confidentiality agreement with Barclays, Debtors would seek agreement from Barclays to produce. *Second*, you advised in response to our Request 13 that you were attempting to identify custodians with knowledge of the 7th Avenue loan, and that you would then produce relevant documents upon a reasonable search. As we haven't heard back from you on this issue, we suggest that the following custodians be added in order to capture these and other relevant documents: Emil Conejo, Patrick Fruzzetti, Gia Rys, Christian Spieler, and Denise Trose. *Third*, in relation to our Request 14, you advised that you were still in the process of determining the number of other actual bond-rate swaps and whether any were terminated pre-bankruptcy. Have you made any progress? *Fourth*, as to our Requests 18, 19, and 20, you advised that you would be willing to search additional custodians if we could identify individuals who may have relevant documents relating to hedging, capital allocation, and other valuation issues. We suggest that the following custodians be used in order to capture these and other relevant documents: Katie Chan (yzhang@lehman.com), Gregory Shilionsky, Alex Kirk, and Jeffrey Kirshenbaum.

    Additionally, many documents in Debtors' prior productions are redacted, but state no basis for the redactions. I understand based on Lara's conversation with Lauren that some of the redactions have purportedly been made on privilege grounds, while others apparently have been made on responsiveness grounds. Kindly provide a list by Bates number of which documents were redacted for privilege and which were redacted for responsiveness. We will continue to review Debtors' productions and reserve all rights to raise additional concerns upon completion of that

review.

In any event, before the parties make final selections as to potential deponents we still think it makes sense to at least talk though these issues.  When would you be available to do so?

Yours,
Matt


Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel:  +1 212 558 4197
Fax: +1 212 291 9481
schwartzmatthew@sullcrom.com

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.