## SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

M. WILLIAM MUNNO
PARTNER
(212) 574-1587
munno@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

**Motion and Cross-Motion Hearing Date and Time:  December 10, 2014 at 10:00 a.m. (EST)**

November 21, 2014

**VIA HAND DELIVERY**

Hon. Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
1 Bowling Green
New York, New York 10004

      Re:      In re Lehman Brothers Holdings Inc., et al.,
                    Chapter 11 Case No. 08-13555(SCC)

Dear Judge Chapman:

        The RMBS Trustees have Lehman's November 20 letter, sent without prior notice, requesting the Court's intervention on three matters supposedly to streamline the December 10 hearing on the RMBS Trustees' Motion and Lehman's Cross-Motion.

        There is no need for the Court's intervention on any of the three matters, and certainly not before the December 10 hearing, for the reasons explained below.

**The Parties' Motion Papers[1]**

        After trying for years to resolve the RMBS Claims consensually, the RMBS Trustees undertook the task of proving their Claims using statistical sampling, a common method

---

[1] *See* RMBS Trustees' Motion (ECF No. 46078) and supporting declarations of Charles A. Parekh, Ph.D. (ECF No. 46080) and James H. Aronoff (ECF No. 46085), both of Duff & Phelps, LLC, the RMBS Trustees' Reply (ECF No. 46960) and supporting declarations of Dr. Parekh (46961) and Frank H. Top, III, Esq. (ECF Nos. 46962), and Lehman's Cross-Motion (ECF No. 46526).  Lehman has not yet submitted its reply papers in support of its Cross-Motion.

Hon. Shelley C. Chapman
November 21, 2014
Page 2

of proving liability and damages in RMBS cases involving losses across a large number of loans. Top Decl. ¶ 17. The RMBS Trustees engaged Cowen and Company, LLC to create a random sample of 5,000 of the Covered Loans (as defined in the Motion) to be reviewed in order to produce a statistically significant estimate of the overall breaches in the loans for which Lehman has liability. The RMBS Trustees retained Digital Risk, LLC to review the 5,000 loans in the Sample. *Id.* ¶ 18. The RMBS Trustees also retained Duff & Phelps, LLC to conduct a comprehensive forensic review of (a) the sampling work performed by Cowen, and (b) the findings made by Digital Risk. Duff & Phelps opined that, based on a material breach rate of 57% found by Digital Risk, Lehman's liability was not less than $12.143 billion. *Id.* ¶¶ 20, 21. The process took two years to complete. Having completed that project, in August 2014, the RMBS Trustees moved for an order scheduling a hearing to estimate and allow the RMBS Claims based on a statistical sample.[2]

In opposing the RMBS Trustees' Motion, Lehman asserts that the RMBS Claims are not subject to estimation pursuant to Section 502(c) of the Bankruptcy Code because they are not "unliquidated" even though Lehman took exactly the opposite position in this Court stating that the RMBS Claims "are actually … unliquidated claims." RMBS Trustees Reply ¶ 8, n. 12.

In its Cross-Motion, Lehman asserts that a full loan-by-loan review of up to some 209,000 loans must be undertaken, even though no provision in the governing documents requires such a review, let alone precludes statistical sampling. Lehman's own counsel has advocated statistical sampling to resolve RMBS cases (*see* RMBS Trustees' Reply, n. 30). For example, Lehman's counsel stated that "One way to short circuit the loan-by-loan fight is through statistical sampling. This allows forensic reunderwriting of a manageable number of

---

[2] The RMBS Trustees' Motion also asked that the Reserve be increased to $12.143 billion from $5 billion.

Hon. Shelley C. Chapman
November 21, 2014
Page 3

loans and extrapolation of the results to entire trusts or shelves." *See id.* The method advanced by Lehman's counsel is precisely what the RMBS Trustees did over a two year period. The RMBS Trustees are ready to present this admissible evidence in support of the allowance of their claims in the amount of $12.143 billion at such time as this Court sets a hearing date.

With no evidentiary support, Lehman asserts that its Protocol (as defined in Lehman's Cross-Motion) for a full loan-by-loan review would be "efficient," "expeditious" and "economical." Lehman Cross-Motion at ¶¶100, 104. But Duff & Phelps has estimated that Lehman's proposed full loan-by-loan Protocol would take 27 years and cost the RMBS Trustees and the Lehman Estate up to $219 million. No method of reviewing, disputing and resolving claims from a group of up to 209,000 loans could be accomplished either quickly or economically. The RMBS Trustees maintain that this would be a nonsensical way to proceed. *See* RMBS Trustees' Reply ¶ 7, n. 9. The RMBS Claims can be determined by using statistical sampling, and, in addition, this Court can estimate claims pursuant to 502(c) using statistical sampling to avoid cost and delay.

**Lehman's Three Matters**

In that context, we address Lehman's three requests for the Court intervention.

    a.    *Deposition of Tim Pillar of U.S. Bank*

Lehman seeks the Court's intervention to depose Tim Pillar of U.S. Bank regarding Lehman's proposed full loan-by-loan review protocol. Such a deposition is inappropriate at this stage and for the requested purpose. First, the issue before the Court on the parties' Motion and Cross-Motion is whether the RMBS Claims will be estimated and allowed based on statistical sampling, as requested by the RMBS Trustees, or whether there must be a full loan-by-loan review of up to 209,000 loans as requested by Lehman. That is a legal issue for this Court to decide. It has been fully briefed by the parties. Mr. Pillar has no relevant testimony

Hon. Shelley C. Chapman
November 21, 2014
Page 4

on this legal issue.[3] If estimation is allowed, the RMBS Trustees have shown that they are willing to and will work cooperatively with Lehman with respect to related discovery.[4]

      b.     *Deposition of Dr. Charles A. Parekh*

Lehman did not present any evidence in its Cross-Motion estimating the time and expense its proposed full loan-by-loan Protocol would impose on the RMBS Trustees, the Lehman Estate, or the Court. Accordingly, the RMBS Trustees had Dr. Parekh analyze Lehman's proposed protocol to estimate the time and expense it would impose. *See* Parekh Supp. Decl. (ECF No. 46961). Dr. Parekh analyzed five main steps of Lehman's proposed Protocol and explained the time and cost it would impose on the parties and the Court. As noted above, the RMBS Trustees believe it is self-evident that reviewing and then resolving breach claims for up to 209,000 loans will take many years and cost the parties over a hundred million dollars. If Lehman believes Dr. Parekh's analysis is faulty, Lehman can submit with its reply papers its own expert analysis as to the time and expense its Protocol would impose, which the Court can consider at the December 10 hearing. The RMBS Trustees believe the Court can decide the legal issue before it without testimony – whether the RMBS Claims can be resolved by estimation using statistical sampling. If and when Lehman presents evidence regarding the delay and expense its proposed Protocol would impose, then both parties should have the ability to depose the other side's experts on the Protocol in advance of the hearing. The RMBS Trustees believe, however, that depositions are unnecessary, but would cooperate if the Court directed otherwise.

---

[3] Notably, U.S. Bank is only one of four RMBS Trustees attempting to resolve the RMBS Claims. It is unclear what Lehman would hope to establish with testimony from a single RMBS Trustee on a legal issue.

[4] *See* Declaration of Franklin H. Top III Regarding The RMBS Trustees' (1) Reply in Support of Their Motion to Estimate The RMBS Claims Using Statistical Sampling, and (2) Opposition to Lehman's Cross-Motion for a Full Loan-By-Loan Review, at ¶ 23 [ECF No. 46962].

Hon. Shelley C. Chapman
November 21, 2014
Page 5

      *c.*      *The RMBS Trustees' Reserve Motion*

The RMBS Trustees proposed, as previously discussed with Lehman, that the prong of their Motion to increase the Reserve from $5 billion to $12.143 billion can be deferred. There is no need for the Court to entertain the Reserve prong of the Motion if the RMBS Claims will be resolved by estimation and the related estimation hearing could be held and an order issued resolving this matter, prior to Lehman's next claim distribution (scheduled for Spring 2015). Further, the RMBS Trustees have no objection to extending this timeframe until August 2015, provided Lehman can show that the Lehman Estate will have sufficient assets to cover the RMBS Claims if they are allowed in the amount of $12.143 billion.

The RMBS Trustees submits that there is no need for the Court's intervention on any of the three matters, and certainly not before the December 10 hearing, and ask that the Court decline Lehman's request.

      Respectfully submitted,

| | |
|---|---|
| s/Franklin H. Top III | s/M. William Munno |
| Franklin H. Top III (admitted *pro hac vice*) | M. William Munno |
| Scott A. Lewis (admitted *pro hac vice*) | Daniel E. Guzmán |
| CHAPMAN AND CUTLER LLP | SEWARD & KISSEL LLP |
| 111 West Monroe Street | One Battery Park Plaza |
| Chicago, Illinois 60603 | New York, New York 10004 |
| Telephone: (312) 845-3000 | Telephone: (212) 574-1587 |
| | |
| *Counsel for U.S. Bank National Association, solely in its capacity as Indenture Trustee for Certain Mortgage-Backed Securities Trusts* | *Counsel for Law Debenture Trust Company of New York, solely in its capacity as Separate Trustee for Certain Mortgage-Backed Securities Trusts* |

Hon. Shelley C. Chapman
November 21, 2014
Page 6

s/John C. Weitnauer
John C. Weitnauer (admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000

*Counsel for Wilmington Trust Company and Wilmington Trust, National Association, each solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts*

s/Richard C. Pedone
Richard C. Pedone (admitted *pro hac vice*)
Christopher Desiderio
NIXON PEABODY LLP
437 Madison Avenue
New York, New York 10022
Telephone: (212) 940-3085

*Counsel for Deutsche Bank National Trust Company, solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts*

cc:   Willkie Farr & Gallagher LLP
      787 Seventh Avenue
      New York, New York 10019-609953
      Attn:   Todd G. Cosenza, Esq.
              Paul V. Shalhoub, Esq.
              Counsel for the Debtors

      Jones & Keller, P.C.
      1999 Broadway, Suite 3150
      Denver, Colorado 80202
      Attn:   Michael A. Rollin, Esq.
              Maritza Dominguez Braswell, Esq.
              Counsel for the Debtors

      Weil Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153
      Attn:   Richard P. Krasnow, Esq.
              Lori R. Fife, Esq.
              Jacqueline Marcus, Esq.
              Shai Y. Waisman, Esq.
              Robert Lemons,  Esq.
              Counsel for the Debtors

      Office of the U.S. Trustee
      U.S. Federal Office Building
      201 Varick Street, Suite 1006
      New York, New York 10014
      Attn:   William K. Harrington, Esq.
              Susan Golden, Esq.
              Andrea B. Schwartz, Esq.

Hon. Shelley C. Chapman
November 21, 2014
Page 7

    Milbank, Tweed, Hadley & McCloy LLP
    One Chase Manhattan Plaza
    New York, New York 10005
    Attn:  Dennis Dunne, Esq.
         Wilbur Foster, Jr., Esq.
         Dennis O'Donnell, Esq.
         Evan Fleck, Esq.
         Counsel for the Creditors Committee

**BY EMAIL**

SK 16271 0159 6246066