# Sullivan & Cromwell LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

November 21, 2014

Via E-mail and ECF
The Honorable Shelley C. Chapman,
 United States Bankruptcy Judge,
  Southern District of New York,
   One Bowling Green,
    New York, New York 10004-1408.

Re: *In re Lehman Brothers Holdings Inc., et al.,* 08-13555; *Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc.* v. *Giants Stadium LLC*, 13-01554 (Bankr. S.D.N.Y.)

Dear Judge Chapman:

On behalf of Giants Stadium, I write in response to Debtors' November 17, 2014 letter ("Letter") requesting leave to file a motion to compel Giants Stadium to produce documents concerning (i) Giants Stadium's now-withdrawn amendment to its Claims,[1] and (ii) certain Giants Stadium's financial statements. Although both categories of documents have no meaningful relevance to this litigation, Debtors' contemplated motion would be moot, as Giants Stadium has agreed to produce non-privileged responsive documents.

Amended Claims. After LBSF defaulted on the Swaps, Giants Stadium, in accordance with the terms of the Swaps, calculated its "Loss" arising out of the default and, on October 2, 2008, served calculation statements on Debtors calculating the settlement amount as the approximately $301 million that Giants Stadium seeks in its Claims. (Response ¶¶ 47-49.) The calculation statements expressly noted that this amount did not include "important and bargained-for benefits of the [transaction]," including damages tied to (i) an increase in Giants Stadium's cost of capital and (ii) additional reserves that would have been maintained by a counterparty in a replacement transaction. (*Id.* ¶ 16.) Giants Stadium later quantified these damages in amended proofs of claim filed in December 2011. (*Id.*)

After Debtors objected to the claim amendment as, among other things, untimely, Giants Stadium, by stipulation dated July 8, 2014, expressly *waived* its right to collect these categories of damages, in an effort to avoid a costly dispute of their timeliness, and move Giants Stadium's six-year-old Claims toward resolution. (*Id.*) Nevertheless, Debtors continue to seek documents relating to the amendment on the dubious theory that documents concerning the amendment are somehow still relevant "insofar as they will bear on the reasonableness of the

---

[1] Capitalized terms that are not defined herein bear the meanings ascribed to them in my November 12 letter.

The Honorable Shelley C. Chapman                                                                                            -2-

valuation underlying" the *current* Claims. (Letter at 1.)[2] Yet, despite their irrelevance, Giants Stadium nevertheless collected and reviewed documents relating to the amendment and identified no non-privileged, non-duplicative documents for production.

Debtors argue that "as a matter of law the documents establishing the basis and assumptions for [a] claim" are "not privileged or work product." (Letter at 2.) Debtors have never explained how this position can be reconciled with Debtors' blanket assertion of privilege over all documents relating to Debtors' valuation of the Claims post-dating September 15, 2008, including Debtors' assertion in its adversary complaint of $90 million in damages. (*See, e.g.*, Debtors' letter dated Nov. 20, 2014 (No. 13-1554, ECF No. 49) at 1.) Debtors' position is also legally erroneous, as the sole case Debtors cite, *In re Rodriguez*, could not be more inapposite: the court there held that a creditor *waived* the existing privilege and work-product protections by having its attorney sign a proof of claim, thereby becoming a fact witness to his "personal knowledge that the debtor is liable to the petitioning creditors." 2013 WL 2450925, at *5 (Bankr. S.D. Tex. June 5, 2013). Indeed, the court observed that discovery of a creditor's communications with counsel prior to the filing of proofs of claim "would normally not be appropriate" because they are protected by the attorney-client privilege and the work-product doctrine. *Id.* at *6-7 & n.17.[3] Here, Giants Stadium's proofs of claim were signed by Giants Stadium representatives.

Financial Statements. Debtors seek "all of Giants Stadium's financial statements." (Letter Ex. A at 11.) Debtors previously sought these documents as part of a self-described "fishing expedition" into the Claims (Ex. A (Debtors' letter dated Nov. 11, 2010) (attached hereto)), but, despite the marginal relevance to this case—and the fact that Debtors' counsel was representing the NFL Players' Association in the context of a lockout with the NFL owners—Giants Stadium previously made available Giants Stadium's financial statements for review by Debtors' counsel. Although Debtors acknowledged that there were no "accounting documents or entries valuing the interest rate swap transactions" (Ex. B (Mar. 30, 2011) (attached hereto)), they nevertheless requested the production of 38 documents as part of their "fishing expedition." Despite the lack of relevance (and intrusiveness of the request), Giants Stadium will soon produce—redacting highly confidential information pertaining to entities other than Giants Stadium—those documents within the relevant timeframe (of July 2007 to September 2008) and that pertain to the bonds and swaps at issue in this case.

---

[2]   Debtors also contend that these documents are responsive to a frivolous equitable subordination claim asserted in the Objection. (*See* Letter at 1.) Debtors' Objection fails on its face to meet the high standard that "the claimant engaged in some type of inequitable conduct . . . that shocks one's good conscience," *In re LightSquared Inc.*, 511 B.R. 253, 347 (Bankr. S.D.N.Y. 2014), and in any event, Debtors' plan of reorganization bars equitable subordination of the Claims (Response ¶¶ 111-17). Accordingly, to the extent that Debtors move to compel production on this basis, Giants Stadium intends to cross-move to strike Debtors' equitable subordination claim.

[3]   Similarly, as the Letter (at 2) concedes, Judge Peck's order required the production of *non-privileged* documents and was issued, in any event, before Giants Stadium withdrew the amendment.

The Honorable Shelley C. Chapman                                                                -3-

                                              Respectfully,

                                              /s/ Bruce Clark

                                              Bruce E. Clark

cc:     Counsel of record