Thompson & Knight LLP
Jennifer A. Christian
Ira L. Herman
900 Third Avenue, 20th Floor
New York, NY 10022-4728
Telephone: (212) 751-3001
Facsimile: (212) 751-3113

**Hearing Date:** December 10, 2014, 10:00 a.m. (ET)
**Obj. Deadline:** December 3, 2014, 4:00 p.m. (ET)

*Attorneys for R. Kyle Kettler*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In Re | : | Chapter 11 |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | Case No.: 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**MOTION OF R. KYLE KETTLER FOR CLARIFICATION, OR IN THE ALTERNATIVE, PARTIAL RECONSIDERATION, AND CORRECTION OF ORDER SUSTAINING OMNIBUS OBJECTIONS AND RECLASSIFYING CLAIMS FOR <u>RESTRICTED STOCK UNITS AND CONTINGENT STOCK AWARDS</u>**

# TABLE OF CONTENTS

BACKGROUND ...................................................................................................................2

JURISDICTION, VENUE AND STATUTORY PREDICATES ....................................................3

RELIEF REQUESTED..........................................................................................................3

BASIS FOR RELIEF REQUESTED........................................................................................4

    1.    The Order Requires Clarification Regarding Certain Unpaid Compensation Claims ................................................................................... 4

    2.    This Court Should Reconsider The Reclassification Order On The Basis That Lehman Could Not Possibly Designate For Delivery RSUs Or Other Conditional Equity Awards With A Present Market Value That Would Satisfy The Equity Award Schedule At The *Time Of Issuance* As The RSUs Were Worthless ................................................................................... 5

    3.    Any Purported Reclassification Of The Entirety of Kettler's 2008 Bonus Claim Is A Mistake Attributable To An Oversight or Omission That Requires Correction ................................................................................... 9

NOTICE................................................................................................................................9

514738 000002 12330847.5

# TABLE OF AUTHORITIES

Page

**Cases**

Hogan v. George (In re George),
  Bankr. LEXIS 4079, Case No. 09-50847, 2009 Bankr. LEXIS 4079 (Bankr. E.D. Ky.
  Dec. 30, 2009)............................................................................................................... 4

In re Lehman Bros. Holdings,
  Case No. 08-13555, 2014 Bankr. LEXIS 4607 at *42 (Bankr. S.D.N.Y.
  Nov. 3, 2014) ....................................................................................................... 5, 6, 8

LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.,
  424 F.3d 195 (2d Cir. 2005) ........................................................................................ 7

Lee v. Joseph E. Seagram & Sons, Inc.,
  592 F.2d 39, 41–42 (2d Cir. N.Y. 1979)...................................................................... 9

Mastrobuono v. Shearson Lehman Hutton,
  514 U.S. 52 (U.S. 1995)............................................................................................... 7

Matter of West Texas Marketing Corp.,
  12 F.3d 497 (5th Cir. 1994) ......................................................................................... 9

**Statutory Authorities**

28 U.S.C. § 157(b) ............................................................................................................ 3
28 U.S.C. §§ 157 .............................................................................................................. 3
28 U.S.C. §§1408............................................................................................................. 3

**Rules and Regulations**

Fed. R. Bankr. P.9023................................................................................................... 3,4
Fed. R. Bankr. P.9024................................................................................................ 3, 5, 9
Fed. R. Civ. P. 59........................................................................................................ 3, 4
Fed. R. Civ. P. 60................................................................................................. 3, 5, 6, 9

514738 000002 12330847.5

Thompson & Knight LLP  
Jennifer A. Christian  
Ira L. Herman  
900 Third Avenue, 20th Floor  
New York, NY 10022-4728  
Telephone: (212) 751-3001  
Facsimile: (212) 751-3113  

**Hearing Date: December 10, 2014, 10:00 a.m. (ET)**  
**Obj. Deadline: December 3, 2014, 4:00 p.m. (ET)**

*Attorneys for R. Kyle Kettler*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____X

| | | |
|---|---|---|
| In Re | : | Chapter 11 |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | Case No.: 08-13555 (SCC) |
| | : | |
| **Debtors.** | : | (Jointly Administered) |

_____X

**MOTION OF R. KYLE KETTLER FOR CLARIFICATION, OR IN THE ALTERNATIVE, PARTIAL RECONSIDERATION, AND CORRECTION OF ORDER SUSTAINING OMNIBUS OBJECTIONS AND RECLASSIFYING CLAIMS FOR RESTRICTED STOCK UNITS AND CONTINGENT STOCK AWARDS**

R. Kyle Kettler ("Kettler"), by his undersigned counsel, hereby files this motion (the "Motion") pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, as made applicable hereto by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking clarification, or in the alternative, partial reconsideration , and correction of the Order Sustaining Omnibus Objections and Reclassifying Claims for Restricted Stock Units and Contingent Stock Awards (the "Reclassification Order") [Dkt. No. 46853], and respectfully states as follows:

1

514738 000002 12330847.5

## BACKGROUND

1. On September 16, 2009, Kettler timely filed proof of claim no. 13888 in the amount of $350,000 for his unpaid *minimum guaranteed* bonus (the "2008 Bonus") for the performance year December 1, 2007 through November 30, 2008 (the "2008 Performance Year"), a copy of which claim is attached as **Exhibit A**.[1]  Kettler's claim arises from his employment contract with LBI, dated December 20, 2007 (the "Agreement"), a partially redacted copy of which contract is included in Exhibit A.

2. The 2008 Bonus was payable "at the time the Firm pays its annual 2008 bonus distribution (on or about January 31, 2009)." *Agreement* at p.1.

3. Lehman filed the within case on September 15, 2008 (the "Petition Date"), well before January 31, 2009.

4. While pursuant to the terms of the Agreement it was within Lehman's *discretion* to pay *a portion* of Kettler's 2008 total compensation in conditional equity awards pursuant to the firm's Equity Award Program, *Agreement* at p.1, Lehman never exercised that discretion for any portion of Kettler's 2008 Bonus prior to the Petition Date.  To be clear, Kettler was not granted any conditional equity awards on account of his 2008 Bonus, is not a holder of any conditional equity awards on account of his 2008 Bonus, and did not file his claim on the basis of any right to or damages for any conditional equity awards on account of his 2008 Bonus.

5. On April 18, 2011, the Debtors filed their One Hundred Thirtieth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) (the "Objection") [Dkt. No. 16115] seeking to reclassify various claims, including Kettler' claim, as equity, and subordinating such claims to general unsecured claims.

---

[1] Kettler filed an identical claim in the LBI SIPA proceeding (Case No. 08-01420) also pending before this Court.  Such claim has been objected to by the SIPA Trustee on separate grounds.  That objection is currently pending.

2

6. Kettler, on a *pro se* basis, submitted a letter to the Court stating his opposition (the "Opposition") to the relief requested in the Objection [Dkt. No. 16778], a copy of which Opposition is attached as **Exhibit B**.

7. The Debtors submitted no evidence refuting Kettler's 2008 Bonus claim.

8. On November 3, 2014, the Court issued its Memorandum Decision Sustaining Omnibus Objections to Claims (the "RSU Decision") [Docket No. 46797] and directed LBHI to submit an order consistent with the RSU Decision.

9. On November 7, 2014, the Court entered the Reclassification Order sustaining various omnibus objections to claim, including the Objection to Kettler's claim, and reclassifying such claims, including Kettler's entire claim, as equity.

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

10. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

11. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

13. The statutory predicates for the relief sought herein are Rules 59 and 60 of the Federal Rules of Civil Procedure, as made applicable hereto by Rules 9023 and 9024 of the Bankruptcy Rules.

**RELIEF REQUESTED**

14. By this Motion, Kettler seeks entry of an order clarifying and correcting the Reclassification Order so that it applies only to RSU Claimants with RSU Claims, as distinguished from claimants who were not paid, and could not conceivably have been paid what they were owed, in conditional equity awards, including RSUs, such as Kettler.

3

15.  In the alternative, Kettler seeks reconsideration and correction of the Reclassification Order for the following reasons: (a) neither the 2008 Bonus, nor any portion thereof, had been paid with conditional equity awards prior to the Petition Date and such compensation obligation remained a cash claim against the Debtors; (b) Lehman could not possibly designate for delivery to Kettler conditional equity awards with a present market value that would satisfy the Equity Award Schedule listed in the 2008 Equity Award Program[2] at the *time of issuance* as the equity was totally worthless; and (c) only a small percentage of Kettler's total compensation for the 2008 Performance Year could ever have been paid with conditional equity awards.

## BASIS FOR RELIEF REQUESTED

**1.    The Order Requires Clarification Regarding Certain Unpaid Compensation Claims**

16.  Under Bankruptcy Rule 9023, a party may use Federal Rule of Civil Procedure 59 to seek clarification of an order. *See*, *e.g.*, *Hogan v. George (In re George)*, Case No. 09-50847, 2009 Bankr. LEXIS 4079 (Bankr. E.D. Ky. Dec. 30, 2009). Federal Rule of Civil Procedure 59(e) states, in relevant part:

> (e) A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59(e).

17.  Kettler asks this Court to clarify that the Reclassification Order does not apply to any claimants who were not paid, and could not conceivably have been paid, what they were owed in conditional equity awards, including RSUs, such as Kettler.

18.  Under the terms of the Agreement, Kettler was guaranteed a minimum bonus payment of $350,000, payable "at the time the Firm pays its annual 2008 bonus distribution (on

---

[2] The 2008 Equity Award Program documents are attached as **Exhibit C**.

4

or about January 31, 2009)." Unlike the other former employees subject to the Reclassification Order,[3] (a) Kettler did not receive ae grant of RSUs or other conditional equity awards[4] in connection with the 2008 Bonus because Lehman filed its bankruptcy case prior to (i) the usual designation time for such grants (after the close of the 2008 Performance Period),[5] and (ii) the payment date, and (b) Kettler's claim does not include a claim for damages for any RSUs or other conditional equity awards that were delivered, or were due to be delivered, prior to the Petition Date.[6]

19. Despite these differences, the Reclassification Order may be read to reclassify Kettler's 2008 Bonus claim on the same bases as the other former employees' claims. Thus, Kettler seeks clarification that the Reclassification Order does not apply to claims such as his 2008 Bonus claim for which he never received payment, either in whole or in part, in the form of cash or conditional equity awards.

**2.  This Court Should Reconsider The Reclassification Order On The Basis That Lehman Could Not Possibly Designate For Delivery RSUs Or Other Conditional Equity Awards With A Present Market Value That Would Satisfy The Equity Award Schedule At The *Time Of Issuance* As The RSUs Were Worthless**

20. Under Bankruptcy Rule 9024, a party may seek reconsideration of or relief from a final order under Federal Rule of Civil Procedure 60(b), which reads in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

---

[3] *See In re Lehman Bros. Holdings,* Case No. 08-13555, 2014 Bankr. LEXIS 4607 at *42 (Bankr. S.D.N.Y. Nov. 3, 2014) ("[T]he RSU Claimants' argument that they have claims for alternative performance ignores the fact that Lehman already paid them the compensation they were due in the form of RSUs.").

[4] Kettler acknowledges Fn 18 of the Decision. However, Kettler's claim is distinguishable. Kettler was not a commission-based employee, nor was he entitled to be paid his 2008 Bonus in 2008.

[5] *See RSU Decision* at Fn. 14.

[6] The vast majority of claims subject to the Reclassification Order were for RSUs that had *already* been delivered prior to the Petition Date between 2001 and 2008.

5

514738 000002 12330847.5

inadvertence, surprise, or excusable neglect;…or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

21. If the Reclassification Order purports to apply to Kettler's 2008 Bonus claim, the Order should be reconsidered[7] as Kettler never received any payment, in any form, on account of such bonus.[8]

22. The Court's decision was predicated on the fact that "it was at all times within Lehman's sole discretion whether to pay part of its employees' total compensation in either cash or equity based awards." *See In re Lehman Bros. Holdings Inc.*, 2014 Bankr. LEXIS 4607 at *42. When RSU's were delivered prior to the commencement of the case, Lehman actually exercised its discretion to pay a portion of the former employees' total compensation in RSU's. Under those circumstances, Lehman fully satisfied its contractual obligations and the former employees then shared in the benefits and risks of owning a non-vested security with an unfixed value. *See id.* ("[T]he RSU Claimants' argument that they have claims for alternative performance ignores the fact that Lehman already paid them the compensation they were due in the form of RSUs."). As this Court stated: "Once those RSU's were paid, *as they were here*, the RSU Claimants had no right to any other mode of performance…". *Id.* (emphasis added).

23. Kettler does not dispute that Lehman could conceivably have paid part of his total compensation for the 2008 Performance Year in RSUs or other conditional equity awards *to the extent that* Lehman would deliver a package of cash and RSUs that had a total market value *at*

---

[7] Reconsideration is particularly important here because Kettler still retains his claim against LBI and he does not want to be foreclosed from prosecuting that claim to the fullest extent based on any attempt by the SIPA Trustee to assert res judicata, collateral estoppel or any other similar theory based on the Decision and Reclassification Order entered in this case.

[8] "[T]he RSU Claimants have no claim for alternative performance in the form of cash." *In re Lehman Bros. Holdings Inc.*, 2014 Bankr. LEXIS 4607 at *42. Kettler is not an RSU Claimant with respect to the 2008 Bonus claim.

6

*the time of issuance* that equaled the total compensation due to him. However, and as stated above, Lehman failed to exercise its discretion to do so and, in fact, did not grant Kettler any RSUs or other conditional equity awards on account of his 2008 Bonus, nor could Lehman exercise its discretion on or after the Petition Date because the conditional equity awards had zero value. Thus, for the 2008 Bonus, Lehman could not possibly have satisfied its contractual obligation to Kettler to deliver RSUs with a present value equal to the percentage of total compensation listed in the Equity Award Schedule unless it paid the entire amount in cash.

24. The clear intent of the parties was for Lehman to have the ability to pay Kettler's total compensation in cash and conditional equity awards with a present market value that, together with the cash, would equal the total compensation owed. It is a staple of contract construction that an agreement must be read in its entirety, satisfying the intent of the parties, such that no clause is rendered superfluous.[9] If the RSU market value dropped to zero, a reading that allowed Lehman to deliver equity that did not have a market value equivalent to the portion of the total compensation required by the Equity Award Schedule would render that portion of the Agreement superfluous. If the value of the RSUs or other conditional equity awards that may have been paid to other former employees were merely low, as it was shortly before Lehman commenced its bankruptcy case, the employees would be protected and would still receive their total compensation by being granted more shares. The lower the RSU value, the more shares the employees would be given, such that the total value of the cash and RSU's would always equal the total compensation owed to the employee. On the other hand, if the RSU value dropped to

---

[9] *See, e.g. Mastrobuono v. Shearson Lehman Hutton,* 514 U.S. 52, 63 (U.S. 1995) (recognizing the "cardinal principle of contract construction: that a document should be read to give effect to all its provisions and to render them consistent with each other"); *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.,* 424 F.3d 195, 206 (2d Cir. 2005) ("[U]nder New York law,…[a] contract 'should be construed so as to give full meaning and effect to all of its provisions…[and an] interpretation of a contract that has 'the effect of rendering at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible.'"); Restatement (Second) of Contracts §203(a).

7

zero, as it did in connection with the bankruptcy filing, no amount of RSUs could compensate the employee for any portion of his total compensation. The formula in the Equity Award Schedule would be rendered superfluous if Lehman was not required to deliver the total compensation in some form, and it is absurd to think that Kettler would agree to allow Lehman to deliver anything less than the full amount of compensation owed to him *at the time of issuance*. Therefore, while Lehman had the "discretion" to pay a portion of the total compensation in RSUs and other conditional equity awards, such discretion must be read as part of the whole contract—Lehman only had such discretion *to the extent that it could deliver RSUs with a market value equivalent to the portion of the employee's total compensation under the Equity Award Schedule at the time of issuance.*

25.    Because the RSUs and other conditional equity awards had no value after the bankruptcy filing, Lehman was obligated to pay Kettler's 2008 Bonus claim entirely in cash to fulfill its contractual duties. Not only did Lehman fail to deliver RSUs post-petition, it *could not* do so. Therefore, unlike other former employees subject to the Order,[10] Kettler could not participate in the benefits and risks of owning RSUs. Thus, his 2008 Bonus claim is clearly distinguishable from the claims of former employees who were paid with RSUs prior to the Petition Date.[11]

---

[10] *See In re Lehman Bros. Holdings*, 2014 Bankr. LEXIS 4607 at *35 ("the RSU Claimants voluntarily and continuously accepted the attendant benefits and risks associated" with RSU's).

[11] To the extent that Lehman failed to deliver RSUs granted in July 2008, Lehman *had the ability* at that time to deliver RSUs with a present value equivalent to the applicable percentage of total compensation. Thus, former employees with such claims did not have a right to demand cash even if Lehman did not deliver the RSU. *See In re Lehman Bros. Holdings*, 2014 Bankr. LEXIS 4607 at *42. Since Lehman could not possibly have delivered RSUs with a present value equivalent to the applicable percentage of total compensation following the commencement of the case, Kettler's 2008 Bonus claim is distinguishable.

8

26.  As the 2008 Bonus could only be paid in cash, Kettler requests reconsideration of the Reclassification Order to the extent it goes beyond the scope of the Decision and purports to reclassify the entirety of the 2008 Bonus claim.

**3. Any Purported Reclassification Of The Entirety of Kettler's 2008 Bonus Claim Is A Mistake Attributable To An Oversight or Omission That Requires Correction**

27.  Under Bankruptcy Rule 9024, the Court may use Federal Rule of Civil Procedure 60(a) to correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in an order. *See, e.g.*, *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39, 41–42 (2d Cir. N.Y. 1979) (amending a final judgment to include pre-judgment interest which was inadvertently left out of the final judgment); Matter of West Texas Marketing Corp., 12 F.3d 497, 502-505 (5th Cir. 1994) ("Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another."). Federal Rule of Civil Procedure 60(a) provides, in relevant part:

> The Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

28.  It is clear that any purported reclassification of the 2008 Bonus in the Order is based on an error or omission as (a) only a small percentage of Kettler's total compensation could ever have been paid with conditional equity awards, and (b) the Decision does not address claims such as the 2008 Bonus claim.

## NOTICE

29.  Notice of this Motion has been provided to all parties listed on the Master Service List.

9

WHEREFORE, Kettler respectfully requests that the Court enter an order: (1) clarifying the Reclassification Order so that it applies only to RSU Claimants with RSU Claims, as distinguished from claimants who were not paid, and could not conceivably have been paid what they were owed, in conditional equity awards, including RSUs, such as Kettler; or, (2) in the alternative, granting reconsideration of the Reclassification Order to the extent it goes beyond the scope of the Decision and purports to reclassify the entirety of the 2008 Bonus claim; (3) correcting the Reclassification Order for the reasons set forth herein; and (4) granting such other and further relief as the Court deems proper and just.

Dated: New York, New York
November 21, 2014

THOMPSON & KNIGHT LLP

By: */s/ Jennifer A. Christian*

Jennifer A. Christian
Ira L. Herman
THOMPSON & KNIGHT LLP
900 Third Avenue, 20th Floor
New York, NY 10022-4728
Telephone: (212) 751-3001
Facsimile:  (212) 751-3113

*Attorneys for R. Kyle Kettler*