Hearing Date and Time: December 10, 2014 at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**REPLY OF LEHMAN BROTHERS HOLDINGS INC.
TO RESPONSES TO THE ONE HUNDRED SEVENTY-THIRD
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY EMPLOYEE CLAIMS)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* [ECF No. 22737], files this reply to certain responses to the Debtors' One Hundred Seventy-Third Omnibus Objection to Claims (No Liability Employee Claims) [ECF No. 19399], (the "Objection"), and respectfully represents as follows:

**Preliminary Statement**

1.  The Objection seeks to disallow the proofs of claim listed on Exhibit A annexed hereto filed against LBHI (the "Claims") because they are claims for which LBHI has no liability. The Claims assert liability in connection with certain deferred compensation plans of Lehman Brothers Inc. ("LBI") or LBI's predecessors, not LBHI. LBI is a debtor in a separate

liquidation proceeding administered by this Court, Case Number 08-01420 (SCC) (SIPA) (the "SIPA Proceeding"). None of the responses to the Objection refuted this argument.

2. Indeed, as set forth on Exhibit A hereto, certain of the claimants filed duplicate claims against both LBHI and LBI. Pursuant to orders of the Court in the SIPA Proceeding, the claims against LBI were either found to constitute subordinated liabilities of LBI or were found to have been satisfied by third parties.

3. Because claimants failed to carry their burden to demonstrate the validity of their Claims, the Claims should be disallowed.

## Background

I. ESEP Claims

4. Claims numbers 8257, 7716, 11327, 11328, 11329, 13286, 15223, and 28717 (the "ESEP Claims"), filed by Donald N. Fritts, Robert D. Morrison, Donald C. Dybeck, Michael Collins, and Edmund Finder, respectively, assert liabilities based on an "Executive and Select Employees Plan" (the "ESEP"). The ESEP contains a section entitled "Subordination Provisions," pursuant to which ESEP participants agreed to subordinate distribution of any accrued benefits to payment in full of all of LBI's unsubordinated creditors:

> Employee irrevocably agrees that the obligations of Shearson hereunder with respect to the payment of amounts credited to his deferred compensation account are and shall be subordinate in right of payment and subject to the prior payment or provision for payment in full of all claims of all other present and future creditors of Shearson whose claims are not similarly subordinated . . . .

LBI ECF No. 6847 ¶ 12.[1] The ESEP also provides for subordination of ESEP-based claims in the event of a liquidation of Shearson Lehman Brothers Inc. (or its successor, LBI) under SIPA:

---

[1] The ESEP defines "Shearson" as Shearson Lehman brothers Inc. Pursuant to a Restated Certificate of Incorporation, attached hereto as Exhibit B, Shearson Lehman Brothers Inc. ("Shearson") changed its name to

2

> In the event of . . . liquidation pursuant to [SIPA] . . . , the Employee shall not be entitled to participate or share, ratably or otherwise, in the distribution of the assets of [LBI] until all claims of all other present and future creditors of [LBI], whose claims are senior to claims arising under this agreement, have been fully satisfied or provision has been made therefor.

*Id.* ¶ 13. Thus, the plain language of the ESEP shows that liabilities arising thereunder constitute subordinated liabilities of LBI, not LBHI.

5. Morrison, Dybeck, and Mc Guinn, who hold five of the eight ESEP Claims, filed duplicative claims against both LBHI and LBI. Through its One Hundred Twelfth Omnibus Objection to General Creditor Claims (Subordinated Claims) [LBI ECF No. 6847], the LBI trustee sought to subordinate the liability of the claims against LBI. The Court entered an order with respect to the three claims asserted by Dybeck, and the objection to the remaining two claims, held by Mc Guinn and Morrison, remains pending. *See* LBI ECF No. 8513.

II. Satisfied Claims

6. Claim number 22939, filed by Robert Forfia, is duplicative of a claim that has been allowed against LBI. [LBI ECF No. 8439].

7. Claims 5570, 6147, 11388, and 32259 (and together with claim number 22939, the "Satisfied Claims") filed by William A. Wagner, William C. Smith, Robert C. Mountford, and John A. Whalen, respectively, are also duplicative of claims that were filed against LBI. The Court expunged the corresponding claims against LBI on the basis that they have been satisfied by a third party. [LBI ECF No. 8397].

8. None of the Satisfied Claims or the respective responses asserts a basis for liability against for a double recovery from LBHI.

---

"Lehman Brothers Inc." on August 2, 1993. Accordingly, further references to Shearson in the ESEP have been replaced with references to LBI.

**Claimants Have Not Demonstrated the Validity of the Claims**

9. An objection refuting at least one of a claim's essential allegations shifts to the claimant the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, 2007 WL 601452, at *5 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). The Objection shifted the burden to the claimants to provide a justification for LBHI's liability for the Claims. No claimant has done so.

10. The ESEP Claims represent subordinated liabilities of LBI, not LBHI and should be disallowed and expunged. As this Court has recognized in the context of claims of other former LBI employees, the liabilities of LBI are not, without more, imputed on to LBHI. The Court stated that the LBHI and LBI "estates are distinct and will always remain so. The employees of LBI have whatever rights they have in that proceeding. They have no rights in the LBHI case unless, of course, they have other grounds to assert claims other than their status as LBI employees." Nov. 22, 2013 Hr'g Tr. at 98:6-19 [ECF No. 31343] (hereinafter the "November Transcript"). *See also Krys v. Aaron* (*In re Refco Inc. Sec. Litig.*), 826 F. Supp. 2d 478, 495 (S.D.N.Y. 2010) ("affiliated corporations are, as a rule, treated separately and independently so that one will not be held liable for the contractual obligations of [an]other") (quoting *Sheridan Broad. Corp. v. Small*, 798 N.Y.S.2d 45, 46-47 (App. Div. 2005)).

11. The dispositions of duplicate claims asserted in the SIPA Proceeding offer independent justification for disallowing the Satisfied Claims in LBHI's case. *See, e.g.*, *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."); *In re Union Fin. Servs. Grp., Inc.* 325 B.R. 816, 824 (Bankr. E.D. Mo. 2004) (disallowing multiple "identical claims against multiple debtors" and allowing one single

4

unsecured claim). Courts in this district routinely disallow and expunge duplicative claims which would multiply a party's recovery on account of the same injury. *See, e.g.*, *In re WorldCom, Inc.*, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *Union Fin.*, 325 B.R. at 824; *In re Best Payphones, Inc.*, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Grp., Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim). Accordingly, the Satisfied Claims should likewise be disallowed and expunged.

12.     Disallowing and expunging the ESEP Claims and Satisfied Claims will enable the Plan Administrator to release cash reserved on account of such claims for the benefit of other creditors.

## Conclusion

For the reasons set forth above and in the Objection, the Plan Administrator respectfully requests that the Court disallow and expunge the Claims in their entirety and grant such other and further relief as the Court may deem just and appropriate.

Dated:   November 25, 2014
         New York, New York

                                           */s/ Garrett A. Fail*
                                           Garrett A. Fail

                                           WEIL, GOTSHAL & MANGES LLP
                                           767 Fifth Avenue
                                           New York, New York 10153
                                           Telephone: (212) 310-8000
                                           Facsimile: (212) 310-8007

                                           *Attorneys for Lehman Brothers Holdings Inc.*
                                           *and Certain of Its Affiliates*

WEIL:\95152288\4\58399.0011

## **EXHIBIT A**

WEIL:\95152288\4\58399.0011

| Claimant Name | LBHI Claim Number(s) | Claimant Response ECF Number | LBI Claim Number | LBI Omnibus Objection | LBI Claim Status |
|---|---|---|---|---|---|
| Michael Collins | 15223 | 20378 | None. | N/A | N/A |
| Donald C. Dybeck | 11327, 11328, 11329 | 20171 | 125 | One Hundred Twelfth Omnibus Objection to General Creditor Claims (Subordinated Claims) [LBI ECF No. 6847] | Subordinated [LBI ECF No. 8513] |
| Edmund Finder | 28717 | 20150, 20389 | None. | N/A | N/A |
| Robert Forfia | 22939 | 20181 | 3546 | One Hundred Seventy-Fifth Omnibus Objection to General Creditor Claims (Employee Claims) [LBI ECF No. 7871] | Allowed [LBI ECF No. 8439] |
| Donald N. Fritts | 8257 | 20464 | None. | N/A | N/A |
| Edwin Mc Guinn Jr. | 13286 | 20417 | 7001976 | One Hundred Twelfth Omnibus Objection to General Creditor Claims (Subordinated Claims) [LBI ECF No. 6847] | Pending |
| Robert D. Morrison | 7716 | 20179 | 1060 | One Hundred Twelfth Omnibus Objection to General Creditor Claims (Subordinated Claims) [LBI ECF No. 6847] | Pending |
| Robert C. Mountford | 11388 | 20471 | 1980 | One Hundred Ninety-First Omnibus Objection to General Creditor Claims (Employee Claims) [LBI ECF No. 8020] | Expunged [LBI ECF No. 8397] |
| William C. Smith | 6147 | 20428 | 1707 | One Hundred Ninety-First Omnibus Objection to General Creditor Claims (Employee Claims) [LBI ECF No. 8020] | Expunged [LBI ECF No. 8397] |
| William A. Wagner | 5570 | 20438 | 4340 | One Hundred Ninety-First Omnibus Objection to General Creditor Claims (Employee Claims) [LBI ECF No. 8020] | Expunged [LBI ECF No. 8397] |
| John A. Whalen | 32259 | 20173 | 4506 | One Hundred Ninety-First Omnibus Objection to General Creditor Claims (Employee Claims) [LBI ECF No. 8020] | Expunged [LBI ECF No. 8397] |

**Exhibit B**

WEIL:\95152288\4\58399.0011

FROM CORPORATION TRUST COMPANY          (MON)08 02' 93 08:58/ST. 08:57/NO. 3560228500 P 2

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 08:30 AM 08/02/1993
723214036 - 620706

CERTIFICATE OF AMENDMENT

OF

CERTIFICATE OF INCORPORATION

OF

SHEARSON LEHMAN BROTHERS INC.

Shearson Lehman Brothers Inc., a Delaware corporation (the "Corporation"), having its registered office at Corporation Trust Center, 1209 Orange Street, in the City of Wilmington, in the County of New Castle, hereby certifies to the Secretary of State of the State of Delaware that:

FIRST: The Article I of the Restated Certificate of Incorporation of the Corporation is hereby amended so as to read in its entirety as follows:

"Name
The name of the corporation (herinafter referred to as the "Corporation" is: Lehman Brothers Inc."

SECOND: The Board of Directors of the Corporation by requisite vote adopted a resolution which sets forth the foregoing amendment to the Certificate of Incorporation, in accordance with Section 242 of the General Corporation Law of the State of Delaware, declaring that the amendment to the Certificate of Incorporation as proposed was advisable and directing that it be submitted for action thereon by the sole stockholder of the Corporation.

THIRD: The amendment has been consented to and authorized and approved by the holder of all the issued and outstanding stock of the Corporation, entitled to vote, by a written consent given in accordance with the provisions of Section 228 of the General Corporation Law of the State of Delaware.

FOURTH: This Certificate of Amendment of the Certificate of Incorporation shall be effective on filing_____.

FROM CORPORATION TRUST COMPANY                         (MON)08-02 93 08:59/ST. 08:57/NO. 3560228500 P 3

IN WITNESS WHEREOF, Shearson Lehman Brothers Inc. has caused this Certificate to be signed on this 2nd day of August, 1993 in its name and on its behalf by Karen C. Manson, its Senior Vice President and attested by Eileen M. Bannon, its Assistant Secretary, pursuant to 103(a) of the General Corporation Law of the State of Delaware.

SHEARSON LEHMAN BROTHERS INC.

_____
Karen C. Manson
Senior Vice President

ATTESTED:

By _____
Eileen M. Bannon
Assistant Secretary

arj L:\HOME\cc\cmb\WPDOCS\emb174pc.cop   042193