HEARING DATE AND TIME: January 15, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: December 29, 2014 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE FOUR HUNDRED EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE M. ARTHUR, AT 212-310-8324.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON FOUR HUNDRED EIGHTY-FOURTH**
**OMNIBUS OBJECTION TO CLAIMS (DUPLICATE CLAIMS)**

**PLEASE TAKE NOTICE** that on November 25, 2014, Lehman Brothers

Holdings Inc., as Plan Administrator (the "Plan Administrator") under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

WEIL:\95149620\4\58399.0011

the entities in the above-referenced chapter 11 cases, filed its four hundred eighty-fourth omnibus objection to claims (the "<u>Four Hundred Eighty-Fourth Omnibus Objection to Claims</u>"), and that a hearing (the "<u>Hearing</u>") to consider the Four Hundred Eighty-Fourth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 15, 2015 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Eighty-Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq. and Candace M. Arthur, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq. and Andrea B. Schwartz, Esq.);

2

so as to be so filed and received by no later than **December 29, 2014 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

    **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Eighty-Fourth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Eighty-Fourth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: November 21, 2014
   New York, New York

              /s/ Jacqueline Marcus
              Jacqueline Marcus
              WEIL, GOTSHAL & MANGES LLP
              767 Fifth Avenue
              New York, New York 10153
              Telephone: (212) 310-8000
              Facsimile: (212) 310-8007

              Attorneys for Lehman Brothers Holdings Inc.
              and Certain of Its Affiliates

HEARING DATE AND TIME: January 15, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: December 29, 2014 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                  :    Chapter 11 Case No.
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,           :    08-13555 (SCC)
                                                       :
              Debtors.                                 :    (Jointly Administered)
----------------------------------------------------------------x

**FOUR HUNDRED EIGHTY-FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (DUPLICATE CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBITS ATTACHED HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE M. ARTHUR, AT 212-310-8324.**

WEIL:\95149620\4\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents:

**Relief Requested**

1.  The Plan Administrator files this four hundred eighty-fourth omnibus objection to claims (the "Four Hundred Eighty-Fourth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking the disallowance and expungement of the claims listed on Exhibits A and B annexed hereto.

2.  The Plan Administrator has examined the proofs of claim identified on Exhibit A under the heading "*Claims to be Disallowed*" (collectively, the "Ironbridge Claims") and has determined that the proofs of claim listed are duplicative of at least one corresponding claim identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims"). The Plan Administrator has also examined the proof of claim identified on Exhibit B under the heading "*Claim to be Disallowed*" (the "MCAR Claim" and together with the Ironbridge Claims, the "Duplicate Claims") and has determined that the MCAR Claim is duplicative of at least one proof of claim that has been expunged and disallowed by this Court on the basis of no liability (the "No Liability Claim"). Each Duplicate Claim asserts that a Chapter 11 Estate is liable for

2

the *exact same liabilities* asserted in either the Surviving Claims or the No Liability Claim, as applicable.

3. The Plan Administrator seeks the disallowance and expungement from the Court's claims register of the Duplicate Claims and preservation of the Plan Administrator's right to later object to any Surviving Claim on any basis.

4. This Four Hundred Eighty-Fourth Omnibus Objection to Claims does not affect any of the Surviving Claims and does not constitute any admission or finding with respect to any of the Surviving Claims. Further, the Plan Administrator reserves all its rights to object on any other basis to any Duplicate Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

6. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

8. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012.

3

9.   Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Duplicate Claims Should Be Disallowed and Expunged**

10.   In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has determined that each Ironbridge Claim is duplicative of the corresponding Surviving Claim.  Each Ironbridge Claim is based on the same underlying agreement and property and seeks to recover for the same obligations of LB Rose Ranch as its corresponding Surviving Claim.  Indeed, each of the Ironbridge Claims includes an express acknowledgment of the filing of the corresponding Surviving Claim and concedes that it may be duplicative.  *See* Claim Nos. 66155, 66156, 30848 and 30849.  To avoid making distributions twice on the same obligations, the Plan Administrator seeks to expunge the Ironbridge Claims.

11.   The Plan Administrator also has determined that the MCAR Claim is duplicative of a proof of claim filed by the same claimant, MC Asset Recovery, LLC ("MCAR"), that asserted identical claims and was the subject of the Debtors' One Hundred Twenty Second Omnibus Objection to Claims (No Liability Claims) [ECF No. 16046] (the "No Liability Objection"), filed on April 15, 2011.  MCAR did not respond to the No Liability Objection and, on June 3, 2011, the Court entered an order disallowing and expunging the No Liability Claim [ECF No. 17360].  The Plan Administrator, therefore, seeks to expunge the Duplicate Claim which asserts the same liabilities as the expunged No Liability Claim.

12.   A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

4

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor. *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

14.  It is indisputable that a creditor cannot recover twice for the same injury. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Plan Administrator to maintain a claims register that more accurately reflects the proper claims existing against the Chapter 11 Estates.

15.  The effective date for the Plan has occurred and distributions commenced on April 17, 2012. It would be inequitable for holders of claims subject to this objection to receive distributions on account of claims that are duplicative of a Surviving Claim or the No Liability Claim. Accordingly, to avoid the possibility of multiple recoveries by the same creditor or a creditor recovering for alleged liabilities for which the Chapter 11 Estates have already been found not liable by order of this Court, the Plan Administrator requests that the Court disallow

5

and expunge in their entirety the Duplicate Claims listed on Exhibits A and B.[1] The Surviving Claims will remain on the claims register, subject to the Plan Administrator's right to file further objections thereto on any basis.

**Notice**

16. No trustee has been appointed in these chapter 11 cases. Notice of this Four Hundred Eighty-Fourth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibits A and B annexed hereto; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

---

[1] Where a creditor has filed different documentation in support of a Duplicate Claim and its corresponding Surviving Claim, the Chapter 11 Estates will treat all documentation filed with the claims as having been filed in support of such Surviving Claim.

17. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: November 25, 2014
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

7

**EXHIBIT A**

## IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08 13555 (SCC)

### OMNIBUS OBJECTION 484: EXHIBIT A - DUPLICATIVE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | IRONBRIDGE ASPEN COLLECTION, LLC<br>PO BOX 10493<br>ASPEN, CO 81612 | 09/22/2009 | 09-10560 (SCC) | 30849 | $388,841.00* | IRONBRIDGE HOMES, LLC<br>PO BOX 10493<br>ASPEN, CO 81612 | 09/22/2009 | 09-10560 (SCC) | 30850 | $452,511.00* |
| 2 | IRONBRIDGE ASPEN COLLECTION, LLC<br>PO BOX G<br>ASPEN, CO 81612 | 01/22/2010 | 09-10560 (SCC) | 66155 | $3,555,373.00 | IRONBRIDGE HOMES, LLC<br>PO BOX G<br>ASPEN, CO 81612 | 01/22/2010 | 09-10560 (SCC) | 66154 | $3,555,373.00 |
| 3 | IRONBRIDGE MOUNTAIN COTTAGES, LLC<br>PO BOX 10493<br>ASPEN, CO 81612 | 09/22/2009 | 09-10560 (SCC) | 30848 | $63,670.00* | IRONBRIDGE HOMES, LLC<br>PO BOX 10493<br>ASPEN, CO 81612 | 09/22/2009 | 09-10560 (SCC) | 30850 | $452,511.00* |
| 4 | IRONBRIDGE MOUNTAIN COTTAGES, LLC<br>PO BOX G<br>ASPEN, CO 81612 | 01/22/2010 | 09-10560 (SCC) | 66156 | $3,555,373.00 | IRONBRIDGE HOMES, LLC<br>PO BOX G<br>ASPEN, CO 81612 | 01/22/2010 | 09-10560 (SCC) | 66154 | $3,555,373.00 |
| | | | TOTAL | | $7,563,257.00 | | | | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

Page 1 of 1

**EXHIBIT B**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08 13555 (SCC)

## OMNIBUS OBJECTION 484: EXHIBIT B - DUPLICATIVE CLAIM

| | | CLAIM TO BE DISALLOWED | | | | DUPLICATE NO LIABILITY CLAIM | | | |
|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 1 | MC ASSET RECOVERY, LLC<br>C/O JEFF P. PROSTOK<br>777 MAIN STREET, SUITE 1290<br>FORT WORTH, TX 76102 | 01/15/2009 | 08-13900 (SCC) | 1745 | Undetermined | MC ASSET RECOVERY, LLC<br>C/O JEFF P. PROSTOK<br>777 MAIN STREET, SUITE 1290<br>FORT WORTH, TX 76102 | 01/15/2009 | 08-13555 (SCC) | 1746^ | Undetermined |
| | | | | TOTAL | $0.00 | | | | | |

^ Expunged and disallowed pursuant to Order Granting Debtors One Hundred Twenty Second Omnibus Objection to Claims (No Liability Claims), entered on June 3, 2011 [ECF No. 17360]

Page 1 of 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                              :     Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :     08-13555 (SCC)
                                                   :
                    Debtors.                       :     (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING FOUR HUNDRED EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATE CLAIMS)

Upon the four hundred eighty-fourth omnibus objection to claims, dated November 25, 2014 (the "Four Hundred Eighty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the Duplicate Claims on the basis that such claims are duplicates of the corresponding Surviving Claims or No Liability Claim, all as more fully described in the Four Hundred Eighty-Fourth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Eighty-Fourth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibits A and B attached to the Four Hundred Eighty-Fourth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Eighty-Fourth Omnibus Objection to Claims.

procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Eighty-Fourth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Eighty-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Eighty-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibits</u> <u>1</u> and <u>2</u> annexed hereto under the heading "*Claim(s) to be Disallowed*" (collectively, the "<u>Duplicate Claims</u>") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on <u>Exhibit 1</u> annexed hereto under the heading "*Surviving Claims*" (collectively, the "<u>Surviving Claims</u>") will remain on the claims register subject to the Plan Administrator's right to further object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicate Claim, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of and included in the corresponding Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicate Claims constitutes any admission or finding with respect to any of the Surviving

Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibits</u> <u>A</u> or <u>B</u> annexed to the Four Hundred Eighty-Fourth Omnibus Objection to Claims under the heading "*Claim(s) to be Disallowed*" that is not listed on <u>Exhibits</u> <u>1</u> or <u>2</u> annexed hereto, and (ii) any Surviving Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
       New York, New York

                                           _____
                                           UNITED STATES BANKRUPTCY JUDGE