UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holding Inc.      Case No. 08-13555-SCC

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee:

Sound Point Beacon Master Fund, L.P.

Name and Address where notices to Transferee
should be sent:

Sound Point Beacon Master Fund, L.P.
c/o Sound Point Capital Management, LP
375 Park Avenue
New York, NY 10152
Attention: Jordan Michels
Email: jmichels@soundpointcap.com

Phone: 212-895-2281
Last Four Digits of Acct #_____

Copy to:
Morgan, Lewis & Bockius
One Federal Street
Boston, MA 02110
Attn: Steven Giordano

Name and Address where transferee payments
should be sent (if different from above)

Phone:: _____
Last Four Digits of Acct #_____

Name of Transferor:

UBS AG, London Branch

Court Claim # (if known): __46973__
Amount of Claim: $215,715.88
Date Claim Filed:_____

Phone: _____
Last Four Digits of Acct. #:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____      Date: November 25, 2014
    Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.*

A/76493552.1

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, UBS AG, London Branch ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Sound Point Beacon Master Fund, L.P. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an interest, to the extent arising from or in respect of the security or securities listed in the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 46973 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing, and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto (collectively, as described in clauses (a), (b), (c), and (d), the "Transferred Claims").

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on **http://www.lehman-docket.com** as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged and will not engage in any acts, conduct or omissions, or had and will not have any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) other than with respect to the distributions received by Seller or any predecessors-in-title of Seller or any third party for the benefit of Seller (i) (A) on or about April 17, 2012, October 1, 2012, April 4, 2013, and October 3, 2013 from Lehman Brothers Holdings, Inc. in respect of the Transferred Claims as Class 5 Distributions under the Plan, and (B) on or about May 8, 2013, and October 24, 2013 from Lehman Brothers Treasury Co. B.V. in respect of the Purchased Security (collectively the "Pre-Trade Distributions"), and (ii) (A) on or about April 3, 2014 from Lehman Brothers Holdings, Inc. in respect of the Transferred Claims as Class 5 Distributions under the Plan and (B) on or about April 28, 2014 from Lehman Brothers Treasury Co. B.V. in respect of the Purchased Security (collectively, the "Post-Trade Distributions"), no payment or other

1

distribution has been received by or on behalf of the Seller, any predecessor-in-title, or by any third party for the benefit of Seller, in full or partial satisfaction of, or in connection with, the Transferred Claims. The Post-Trade Distributions received by Seller are set forth on Schedule 2.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Except for the Pre-Trade Distributions, Seller agrees that all Post-Trade Distributions and any other distributions, amounts, proceeds, assets, cash and other property received by Seller on or after 29 November 2013 are for the account of Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Remainder of Page Intentionally Left Blank]*

141900.01018/36335464v.6

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 25th day of September, 2014.

| SELLER | PURCHASER |
|---|---|
| **UBS AG, LONDON BRANCH** | **SOUND POINT BEACON MASTER FUND, L.P.** |
| | By: SOUND POINT CAPITAL MANAGEMENT, LP |
| By: *[signature]* | As: Investment Advisor |
| Name: Darlene Arias | |
| Title: Director | By: _____ |
| Banking Products Services | Name: |
| | Title: |
| By: *[signature]* | |
| Name: Lana Gifas | |
| Title: Director | |
| Banking Products Services, US | |
| UBS AG, London Branch | Sound Point Beacon Master Fund, L.P., |
| 677 Washington Boulevard | c/o Sound Point Capital Management, LP |
| Stamford, CT 06901 | 375 Park Avenue, 25th Floor |
| Tel.: (203) 719-5397 | New York, NY 10152 |
| Fax: (203) 719-3180 | Attention: Jordan Michels |
| Attention: Craig Pearson | Tel.: (212) 895-2282 |
| Email: Craig.Pearson@ubs.com | Fax: (917) 591-4498 |
| | Email: jmichels@soundpointcap.com |

3

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 25th day of September, 2014.

| SELLER | PURCHASER |
|---|---|
| **UBS AG, LONDON BRANCH** | **SOUND POINT BEACON MASTER FUND, L.P.** |
| | By: SOUND POINT CAPITAL MANAGEMENT, LP |
| | As: Investment Advisor |
| By: _____ | By: _____ |
| Name: | Name: Jordan Michels |
| Title: | Title: Director of Operations |
| | |
| By: _____ | |
| Name: | |
| Title: | |
| | |
| UBS AG, London Branch | Sound Point Beacon Master Fund, L.P., |
| 677 Washington Boulevard | c/o Sound Point Capital Management, LP |
| Stamford, CT 06901 | 375 Park Avenue, 25th Floor |
| Tel.: (203) 719-5397 | New York, NY 10152 |
| Fax: (203) 719-3180 | Attention: Jordan Michels |
| Attention: Craig Pearson | Tel.: (212) 895-2282 |
| Email: Craig.Pearson@ubs.com | Fax: (917) 591-4498 |
| | Email: jmichels@soundpointcap.com |

3

141900.01018/36335464v.6

Schedule 1

Transferred Claims

Purchased Claim

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN | Issuer | Guarantor | Nominal Amount | Allowed Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. BV—Issue of JPY 385,434,000 Equity Linked Notes due 3 August 2010 Guaranteed by Lehman Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0312721730 Blocking Number 6035655 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 10,143,000.00 | USD 54,385.97[1] | 5.40% | 3 August 2010 |
| Lehman Brothers Treasury Co. B.V.—Issue of JPY 411,804,000 Equity Linked Notes due 24 August 2012 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0316829919 Blocking Number 6037332 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | JPY 20,088,000.00 | USD 161,329.91[2] | 11.80% | 24 August 2012 |

---

[1] 50.00% of the total of USD 108,771.93 allowed amount of claim solely with respect to the position in security XS0312721730 with Euroclear Bank Electronic Instruction Reference Number 6035655 as of August __, 2011.

[2] 66.66666666666667% of the total of USD 241,994.87 allowed amount of claim solely with respect to the position in security XS0316829919 with Euroclear Bank Electronic Instruction Reference Number 6037332 as of August __, 2011.

Schedule 1

141900.01018/36335464v.6