HEARING DATE AND TIME: January 15, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: December 29, 2014 at 4:00 p.m. (Eastern Time)

---

**THE PLAN ADMINISTRATOR'S FOUR HUNDRED EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL CHRISTOPHER HOPKINS, AT 212-310-8203.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------x | | |

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S FOUR HUNDRED EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (SATISFIED CLAIMS)**

    **PLEASE TAKE NOTICE** that on November 26, 2014, Lehman Brothers

Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the in the

above-referenced chapter 11 cases, filed the four hundred eighty-sixth omnibus objection to claims (the "Four Hundred Eighty-Sixth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Sixty-Fifth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 15, 2015 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Eighty-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Garrett A. Fail, Esq. and Christopher Hopkins, Esq., attorneys for LBHI and certain of its affiliates; (iii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; so as to be so filed and received by no later than **December 29, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Eighty-Sixth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Eighty-Sixth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: November 26, 2014
      New York, New York

      /s/ Garrett A. Fail
      Garrett A. Fail

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Lehman Brothers Holdings Inc.
      and Certain of Its Affiliates

**HEARING DATE AND TIME: January 15, 2015 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: December 29, 2014 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                        :     Chapter 11 Case No.
                                             :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :     08-13555 (SCC)
                                             :
            Debtors.                         :     (Jointly Administered)
------------------------------------------------------------------x

**THE PLAN ADMINISTRATOR'S FOUR HUNDRED EIGHTY-SIXTH**
**OMNIBUS OBJECTION TO CLAIMS (SATISFIED CLAIMS)**

---

**THIS FOUR HUNDRED EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL CHRISTOPHER HOPKINS AT 212-310-8203.**

---

WEIL:\95125128\5\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings In. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1.  Each proof of claim identified on Exhibit A is a Guarantee Claim asserted against LBHI (each a "Relevant Guarantee Claim") that corresponds to a Primary Claim asserted against Lehman Brothers Japan Inc. ("LBJ"), a foreign Non-Controlled Affiliate. LBJ has allowed each Primary Claim and made distributions on account of all but one of the Primary Claims; the Primary Claim related to claim number 12451 was withdrawn against LBJ after a settlement ascribed no value to the Primary Claim. If each Relevant Guarantee Claim was allowed in an amount equal to the corresponding Primary Claim, the Relevant Guarantee Claim would be deemed satisfied in full in accordance with Section 8.13 of the Plan. Accordingly, pursuant to the Plan and long-standing principles that limit recoveries on account of related primary and guarantee claims to a single satisfaction, no Distributions would be made by LBHI on account of the Relevant Guarantee Claims.

2.  The Plan Administrator therefore files this omnibus objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim, ECF No. 6664 (the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2

"Procedures Order"), seeking the disallowance and expungement of the Relevant Guarantee Claims.

### Jurisdiction

3.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.  On September 16, 2008, LBJ commenced civil rehabilitation proceedings in Tokyo District Court under the Japan Civil Rehabilitation Law.

6.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d).

7.  On December 6, 2011, the Court entered an order confirming the Plan, ECF No. 23023. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### Objection

8.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

3

No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Bankruptcy Rule 3007(d) permits omnibus objections to disallow claims on the basis that "they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order . . . ." FED. R. BANKR. P. 3007(d)(5).

    9. The Relevant Guarantee Claims should be disallowed and expunged in their entirety pursuant to section 502(b)(1) of the Bankruptcy Code. The holder of a guarantee claim cannot recover more than the singular amount of its damages from a primary obligor and guarantor of the same obligation. *See Bankers' Trust Co. v. Irving Trust Co.* (*In re United Cigar Stores*), 73 F.2d 296, 298 (2d Cir. 1934) ("In no case can the [holder of a guarantee claim] recover from all sources more than the full amount of its claim"); *Ross v. Worth Elec. Supply Co., Inc.*, 420 N.Y.S.2d 441, 443 (N.Y. Civ. Ct. 1979) ("It is fundamental in suretyship that with the payment of the principal obligation the obligations of both principal and surety are discharged."); *see also Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[A] plaintiff is entitled to only one satisfaction for each injury."); *United States v. Zan Mach. Co.*, 803 F. Supp. 620, 623 (E.D.N.Y. 1992) ("It is hornbook law that a plaintiff cannot recover twice for the same injury."); *Leighty v. Brunn*, 510 N.Y.S.2d 174, 175 (N.Y. App. Div. 1986) ("It is beyond cavil that a plaintiff is entitled to only one recovery with respect to an identical damage claim."); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 19 (1996) ("To the extent that the underlying obligation is discharged by performance or other satisfaction by the principal

4

obligor, the secondary obligation is also discharged. The obligee is entitled to only one aggregate performance.").

10. Consistent with the authority cited above, Section 8.13 of the Plan limits recoveries on account of the same claim for damages from a Primary Obligor and guarantor to a single satisfaction. Specifically, Section 8.13 of the Plan provides that an Allowed Guarantee Claim will be deemed satisfied in full if it receives consideration from the Primary Obligor equal to the Allowed amount of such Guarantee Claim. *See* Plan at § 8.13(a). The Plan provides that "[i]n no event" shall an Allowed Guarantee Claim against LBHI be entitled to receive Distributions that combined with consideration provided on account of the corresponding Primary Claim would exceed the Allowed amount of such Guarantee Claim. *See id.* at § 8.13(b).[2]

11. The Relevant Guarantee Claims correspond to Primary Claims against LBJ that have been allowed by and against LBJ. Each Relevant Guarantee Claim would be deemed satisfied in full in accordance with Section 8.13 of the Plan if it was Allowed in an amount equal to the corresponding Primary Claim. Accordingly, pursuant to the Plan and well-settled principles of suretyship law, LBHI would have no liability on account of the Relevant Guarantee Claims.

12. LBHI is maintaining reserves on account of the Relevant Guarantee Claims. Maintaining the Relevant Guarantee Claims on the claims register will serve no valid purpose. It will, however, prejudice holders of Allowed Claims against LBHI that have yet to be

---

[2] Section 8.13(d) of the Plan provides that "[f]or purposes of determining whether an Allowed Claim has been satisfied in full in accordance with Section 8.13(a) of the Plan, all Distributions or other consideration provided by a Primary Obligor in a currency other than the U.S. Dollar shall be converted to the U.S. Dollar applying the existing exchange rate derived from Reuters existing at approximately 3:00 p.m. GMT on the Confirmation Date." Plan at § 8.13(d).

satisfied in full and increase the costs of administration of the Chapter 11 Estates. The Plan Administrator should not be required to expend additional resources on Claims that are precluded from receiving Distributions from LBHI pursuant to the Plan. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the Relevant Guarantee Claims.

## Reservation of Rights

13. The Plan Administrator reserves all rights to object on any other bases to any Relevant Guarantee Claim as to which the Court does not grant the relief requested herein.

## Notice

14. No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of this Four Hundred Eighty-Sixth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635. The Plan Administrator submits that no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: November 26, 2014
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

7

**Exhibit A**

08-13555-mg    Doc 47078    Filed 11/26/14    Entered 11/26/14 15:48:58    Main Document
Pg 11 of 16

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)
OMNIBUS OBJECTION 486: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | ALL NIPPON AIRWAYS CO., LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32443 | $2,788,870.54 | $2,788,870.54 | Satisfied in accordance with the Plan. |
| 2 | DAI-ICHI LIFE INSURANCE COMPANY, LIMITED THE | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 08/13/2010 | 67022 | $5,191,608.91 * | $5,191,608.91* | Satisfied in accordance with the Plan. |
| 3 | DAIWA SECURITIES CAPITAL MARKETS CO. LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 01/08/2010 | 66079 | $18,766,040.67 * | $18,766,040.67* | Satisfied in accordance with the Plan. |
| 4 | JAPAN HOUSING FINANCE AGENCY | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/14/2009 | 12644 | $20,713,358.12 | $20,713,358.12 | Satisfied in accordance with the Plan. |
| 5 | KANTATSU CO. LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18009 | $5,076,819.97 | $5,076,819.97 | Satisfied in accordance with the Plan. |
| 6 | KN ASSET MANAGEMENT CO. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22602 | $44,407,424.79 * | $44,407,424.79* | Satisfied in accordance with the Plan. |
| 7 | MERRILL LYNCH JAPAN FINANCE GK | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15024 | $4,160,019.00 * | $4,160,019.00* | Satisfied in accordance with the Plan. |
| 8 | MERRILL LYNCH JAPAN FINANCE GK | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 01/20/2009 | 1782 | $26,893,511.39 | $26,225,344.55 | Satisfied in accordance with the Plan. |

This Objection applies solely to those portions of claim number 1782 that relate to the "Early termination of ISDA Master Agreement executed with LBJ and guaranteed by LBH." See Proof of Claim No. 1782 at 4 and 5.

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 9 | MERRILL LYNCH JAPAN FINANCE GK | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22953 | $1,153,944.44 | $1,153,944.44 | Satisfied in accordance with the Plan. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)
OMNIBUS OBJECTION 486: EXHIBIT A - NO LIABILITY

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 10 MERRILL LYNCH JAPAN FINANCE GK | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25779 | $3,795,040.27 | $3,795,040.27 | Satisfied in accordance with the Plan. |
| 11 MERRILL LYNCH JAPAN FINANCE GK | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 10/05/2009 | 36307 | $10,978,401.32 | $10,978,401.32 | Satisfied in accordance with the Plan. |
| 12 MORGAN STANLEY CREDIT PRODUCTS JAPAN CO., LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25733 | $1,336,815.05 | $1,336,815.05 | Satisfied in accordance with the Plan. |
| 13 MORGAN STANLEY SENIOR FUNDING, INC. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32774 | $4,829,202.07 | $4,829,202.07 | Satisfied in accordance with the Plan. |
| 14 NOMURA SECURITIES CO., LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/16/2009 | 14150 | $52,856,150.00 * | $52,856,150.00* | Satisfied in accordance with the Plan. |
| 15 NOMURA SECURITIES CO., LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17201 | $21,210,558.13 * | $21,210,558.13* | Satisfied in accordance with the Plan. |
| 16 PALOMA INDUSTRIES NOGATA PLANT LTD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16848 | $29,001,274.53 * | $29,001,274.53* | Satisfied in accordance with the Plan. |
| 17 SIRIUS INTERNATIONAL LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 06/08/2009 | 4806 | $103,148.00 | $103,148.00 | Satisfied in accordance with the Plan. |
| 18 TAKAMIYA CO., LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/14/2009 | 12451 | $4,714,423.34 | $4,714,423.34 | Satisfied in accordance with the Plan. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**OMNIBUS OBJECTION 486: EXHIBIT A - NO LIABILITY**

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 19 YUGEN KAISHA CHISEN | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15163 | $5,224,780.69 | $5,224,780.69 | Satisfied in accordance with the Plan. |
| 20 YUGEN KAISHA CHISEN | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15164 | $15,817,828.63 | $15,817,828.63 | Satisfied in accordance with the Plan. |
| 21 YUGEN KAISHA CHISEN | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17201 | $1,919,017.46 * | $1,919,017.46* | Satisfied in accordance with the Plan. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                : Chapter 11 Case No.
                                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  : 08-13555 (SCC)
                                                                     :
                                      Debtors.                 : (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING THE PLAN ADMINISTRATOR'S FOUR HUNDRED EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (SATISFIED CLAIMS)**

Upon the four hundred eighty-sixth omnibus objection to claims, dated November 26, 2014 (the "Four Hundred Eighty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, pursuant to section 502(b) of title 11 of the Bankruptcy Code, Rule 3007(d) of the Bankruptcy Rules, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance of the Relevant Guarantee Claims, all as more fully described in the Four Hundred Eighty-Sixth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Eighty-Sixth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Eighty-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Eighty-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Eighty-Sixth Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Eighty-Sixth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
      New York, New York

                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE

WEIL:\95125128\5\58399.0011