HEARING DATE AND TIME: January 15, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: December 29, 2014 at 4:00 p.m. (Eastern Time)

> **THE PLAN ADMINISTRATOR'S FOUR HUNDRED EIGHTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL CHRISTOPHER HOPKINS, AT 212-310-8203.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :  Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :  08-13555 (SCC)
                                                   :
                              Debtors.             :  (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S FOUR
HUNDRED EIGHTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
<u>(SATISFIED GUARANTEE CLAIMS)</u>**

**PLEASE TAKE NOTICE** that on November 26, 2014, Lehman Brothers

Holdings Inc. ("<u>LBHI</u>"), as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the in the

WEIL:\95160016\2\58399.0011

above-referenced chapter 11 cases, filed the four hundred eighty-seventh omnibus objection to claims (the "<u>Four Hundred Eighty-Seventh Omnibus Objection to Claims</u>"), and that a hearing (the "<u>Hearing</u>") to consider the Four Hundred Sixty-Fifth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 15, 2015 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Eighty-Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Garrett A. Fail, Esq. and Christopher Hopkins, Esq., attorneys for LBHI and certain of its affiliates; (iii) the Office of the United States Trustee for Region 2, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.; so as to be so filed and received by no later than **December 29, 2014 at 4:00 p.m. (prevailing Eastern Time)** (the "<u>Response Deadline</u>").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Eighty-Seventh Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Eighty-Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: November 26, 2014
       New York, New York

                              /s/ Garrett A. Fail
                              Garrett A. Fail

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Lehman Brothers Holdings Inc.
                              and Certain of Its Affiliates

HEARING DATE AND TIME: January 15, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: December 29, 2014 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                   :       Chapter 11 Case No.
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,            :       08-13555 (SCC)
                                                        :
                        Debtors.                        :       (Jointly Administered)
------------------------------------------------------------------x

**THE PLAN ADMINISTRATOR'S FOUR HUNDRED EIGHTY-SEVENTH OMNIBUS**
<u>**OBJECTION TO CLAIMS (SATISFIED GUARANTEE CLAIMS)**</u>

---

**THE PLAN ADMINISTRATOR'S FOUR HUNDRED EIGHTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL CHRISTOPHER HOPKINS AT 212-310-8203.**

---

WEIL:\95160016\2\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings In. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. In accordance with the Plan, Lehman Brothers OTC Derivatives Inc. ("LOTC") and Lehman Brothers Commercial Corporation ("LBCC" and together with LOTC, the "Primary Obligors") have either paid or reserved the full principal amount of all Claims that have been Allowed or asserted against their respective estates. The proofs of claim identified on Exhibit A are Guarantee Claims against LBHI (each, a "Satisfied Guarantee Claim") that correspond to Primary Claims against the Primary Obligors which either (i) have been Allowed against and paid in full by the Primary Obligors or (ii) are Disputed and fully reserved for in Cash by the Primary Obligors in the asserted amount of the Primary Claim as listed on the Claims Registry and Exhibit A, which is equal to or less than the asserted amount of the corresponding Satisfied Guarantee Claims. In accordance with the Plan provisions governing Distributions and long-standing principles of suretyship law that limit recoveries on account of related primary and guarantee claims to a single satisfaction, no Distributions will be made by LBHI on account of the Satisfied Guarantee Claims.

2. The Plan Administrator therefore files this omnibus objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2

approving procedures for the filing of omnibus objections to proofs of claim, ECF No. 6664 (the "Procedures Order"), seeking the disallowance and expungement of the Satisfied Guarantee Claims.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. LOTC commenced its chapter 11 case on October 3, 2008, and LBCC commenced its chapter 11 case on October 5, 2008. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6. On December 6, 2011, the Court entered an order confirming the Plan, ECF No. 23023. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**Relevant Provisions of the Plan**

7. Section 8.13(a) of the Plan ("Maximum Distribution") provides:

> An … (ii) Allowed Guarantee Claim that receives Distributions … that combined with Distributions or other consideration provided on the corresponding Primary Claim … equal the Allowed amount of such Guarantee Claim … shall … be deemed satisfied in full as to such … Allowed Guarantee Claim against the applicable Debtor.

Plan at § 8.13(a).

8. Section 8.13(b) of the Plan further provides: "In no event shall … (ii) an Allowed Guarantee Claim receive Distributions … that combined with Distributions or other consideration provided on the corresponding Primary Claim … are in excess of the Allowed amount of the Guarantee Claim … ." *Id.* at § 8.13(b).

9. Section 8.4 of the Plan ("Disputed Claims Holdback"), which governs Distribution reserves on account of Disputed Claims, requires the Plan Administrator to:

> retain from Available Cash an aggregate amount equal to the Pro Rata Share of the Distributions that would have been made to each holder of a Disputed Claim if such Disputed Claim were an Allowed Claim against such Debtor in an amount equal to the least of (a) the filed amount of the Disputed Claim, (b) the amount determined, to the extent permitted by the Bankruptcy Code and the Bankruptcy Rules, by the Bankruptcy Court for purposes of fixing the amount to be retained for such Disputed Claim, and (c) such other amount as may be agreed by the holder of such Disputed Claim and the Plan Administrator.

*Id.* at § 8.4. "Distribution" is defined as "any initial or subsequent payment or transfer made under the Plan. *Id.* at § 1.47.

10. Pursuant to section 8.3 of the Plan, the Plan Administrator makes two Distributions per year to holders of Allowed Claims subject to certain exceptions. *See Id.* at § 8.3 ("After the initial Distribution, each Debtor shall make Distributions of Available Cash in accordance with the Plan to holders of Allowed Claims against such Debtor semi-annually … .").

4

11. Catch-up Distributions on account of a Disputed Claim that becomes Allowed are made on the first semi-annual Distribution date that is at least forty-five (45) days (or such fewer days as may be agreed) after the Claim is Allowed against a Debtor. *See Id.* at § 8.4 ("On the date of the first Distribution that is at least forty-five (45) days (or such fewer days as may be agreed …) after the date on which a Disputed Claim becomes an Allowed Claim against a Debtor, such Debtor shall remit to the holder of such Allowed Claim Available Cash equal to the amount that would have been distributed from the Effective Date through and including the date of such Distribution on account of such Allowed Claim had such Claim been Allowed as of the Effective Date . . .").

**Objection**

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

13. The Satisfied Guarantee Claims should be disallowed and expunged in their entirety pursuant to section 502(b)(1) of the Bankruptcy Code. It is indisputable that the holder of a guarantee claim cannot recover more than the singular amount of its damages from a primary obligor and guarantor of the same obligation. *See Bankers' Trust Co. v. Irving Trust Co.*

5

(*In re United Cigar Stores*), 73 F.2d 296, 298 (2d Cir. 1934) ("In no case can the [holder of a guarantee claim] recover from all sources more than the full amount of its claim"); *Ross v. Worth Elec. Supply Co., Inc.*, 420 N.Y.S.2d 441, 443 (N.Y. Civ. Ct. 1979) ("It is fundamental in suretyship that with the payment of the principal obligation the obligations of both principal and surety are discharged."); *see also Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[A] plaintiff is entitled to only one satisfaction for each injury."); *United States v. Zan Mach. Co.,* 803 F. Supp. 620, 623 (E.D.N.Y. 1992) ("It is hornbook law that a plaintiff cannot recover twice for the same injury."); *Leighty v. Brunn*, 510 N.Y.S.2d 174, 175 (N.Y. App. Div. 1986) ("It is beyond cavil that a plaintiff is entitled to only one recovery with respect to an identical damage claim."); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 19 (1996) ("To the extent that the underlying obligation is discharged by performance or other satisfaction by the principal obligor, the secondary obligation is also discharged. The obligee is entitled to only one aggregate performance.").

14. Consistent with the authority cited above, section 8.13 of the Plan limits recoveries on account of the same claim for damages from a Primary Obligor and guarantor to a single satisfaction. Specifically, section 8.13 of the Plan provides that an Allowed Guarantee Claim will be deemed satisfied in full if it receives Distributions from LBHI, that combined with Distributions or consideration provided on account of the corresponding Primary Claim, equal the Allowed amount of such Guarantee Claim. *See Plan* at § 8.13(a). Similarly, "[i]n no event" shall an Allowed Guarantee Claim against LBHI be entitled to receive Distributions, that combined with Distributions or consideration provided on account of the corresponding Primary Claim, exceed the Allowed amount of such Guarantee Claim. *See id.* at § 8.13(b).

6

15. The Satisfied Guarantee Claims correspond to Primary Claims against the Primary Obligors that have been Allowed against the Primary Obligors and paid in full or that are Disputed and being reserved for in full in Cash by the Primary Obligors in the amounts asserted and as set forth on the claims registry and Exhibit A hereto. *See* Notice Regarding Sixth Distribution Pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, at *4, *In re Lehman Brothers Holdings Inc.*, No. 08-13555 (Bankr. S.D.N.Y. Sept. 25, 2014), ECF No. 46365. The asserted amounts of the Satisfied Guarantee Claims that correspond to Disputed Primary Claims against the Primary Obligors are equal to or less than the asserted amount of the Primary Claims. Because catch-up Distributions to Disputed Claims only occur on a scheduled semi-annual Distribution date under the Plan, even if a Disputed Primary Claim against a Primary Obligor and a Disputed Guarantee Claim against LBHI are allowed simultaneously, LBHI would not make Distributions on a Guarantee Claim prior to Distributions by the Primary Obligor on account of the corresponding Primary Claim. Thus, the Satisfied Guarantee Claims cannot recover more from LBHI than the amounts that have been paid or are being reserved for by the Primary Obligors on account of the corresponding Primary Claims.

16. LBHI is separately maintaining reserves on account of the Satisfied Guarantee Claims. Maintaining the Satisfied Guarantee Claims on the claims register will serve no valid purpose. It will, however, prejudice holders of Allowed Claims against LBHI that have yet to be satisfied in full, by leading to duplicative reserves and also increasing the costs of administration of the Chapter 11 Estates. The Plan Administrator should not be required to expend additional resources to review, reconcile or object to Satisfied Guarantee Claims that are prohibited from receiving Distributions from LBHI pursuant to the Plan and applicable law. The

Satisfied Guarantee Claims raise many issues and bases for objections that are independent of the validity of the Primary Claims.

17. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the Satisfied Guarantee Claims.

### Reservation of Rights

18. The Plan Administrator reserves all rights to object on any other bases to any Satisfied Guarantee Claim as to which the Court does not grant the relief requested herein.

### Notice

19. No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of this Four Hundred Eighty-Seventh Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635. The Plan Administrator submits that no other or further notice need be provided.

20. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: November 26, 2014
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**Exhibit A**

WEIL:\95160016\2\58399.0011

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)
OMNIBUS OBJECTION 487: EXHIBIT A - NO LIABILITY

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | COMMERZBANK AG - GROUP INTENSIVE CARE | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27632 | $28,610,823.77 | $28,610,823.77 | Creditor filed Primary Claim No. 27631 against LBCC in the amount of $28,679,397.44, which is disputed. LBCC is reserving 100% of the filed amount of the Primary Claim. |
| 2 | DBS BANK LTD FKA THE DEVELOPMENT BANK OF SINGAPORE LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/15/2009 | 12896 | $3,700,284.82 * | $3,700,284.82* | Creditor filed Primary Claim No. 12894 against LBCC in the amount of $3,700,284.82, which is disputed. LBCC is reserving 100% of the filed amount of the Primary Claim. |
| 3 | DEUTSCHE BANK SECURITIES, INC. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/14/2009 | 12598 | $2,400,000.00 | $2,400,000.00 | Creditor filed Primary Claim No. 12597 against LOTC in the amount of $2,400,000, which is disputed. LOTC is reserving 100% of the filed amount of the Primary Claim. |
| 4 | MOORE MACRO FUND, LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 33511 | $2,320,398.00 | $2,320,398.00 | Creditor filed Primary Claim No. 33510 against LBCC in the amount of $2,320,398.00, which is disputed. LBCC is reserving 100% of the filed amount of the Primary Claim. |
| 5 | ROYAL BANK OF CANADA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/16/2009 | 14049 | $3,539,126.48 * | $3,539,126.48* | Creditor filed Primary Claim No. 14048 against LBCC in the amount of $3,539,126.48, which is disputed. LBCC is reserving 100% of the filed amount of the Primary Claim. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :    08-13555 (SCC)
                                                         :
                                    Debtors.             :    (Jointly Administered)
------------------------------------------------------------------x

ORDER GRANTING THE PLAN ADMINISTRATOR'S FOUR HUNDRED
EIGHTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
(SATISFIED GUARANTEE CLAIMS)

Upon the four hundred eighty-seventh omnibus objection to claims, dated November 26, 2014 (the "Four Hundred Eighty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, pursuant to section 502(b) of title 11 of the Bankruptcy Code, Rule 3007(d) of the Bankruptcy Rules, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance of the Satisfied Guarantee Claims, all as more fully described in the Four Hundred Eighty-Seventh Omnibus Objection to Claims; and due and proper notice of the Four Hundred Eighty-Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Eighty-Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Eighty-Seventh Omnibus Objection to Claims establish just cause

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Sixty-Seventh Omnibus Objection to Claims.

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Eighty-Seventh Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

WEIL:\95160016\2\58399.0011