B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.                    Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**Marzotto SIM S.p.A.**                          **Banca Sella Holdings S.p.A.**
Name of Transferee                               Name of Transferor

Name and Address where notices to transferee     Court Claim # (if known): **59230**
should be sent:                                  Total Amount of Claim Filed: **$35,313,122.55**
                                                 Amount of Claim Filed pertaining to ISIN
**Antonio Chiarello**                                  XS0211093041: **$ 330,657.13**
**CEO**                                          Date Claim Filed: **October 30, 2009**
**Corso Como 15**
**20154 Milano**                                 Amount of <u>Filed</u> Claim Transferred:
**ITALY**                                            **$143,141.61** (see below)
**Phone: +39-02-0063-2649**
**Email: antonio.chiarello@marzottosim.com**     Amount of <u>Allowed</u> Claim Transferred:
                                                     **$143,637.56** (see below)

| ISIN<br>Number | EUR bond<br>notional | US$ CLAIMED<br>amount | US$ ALLOWED<br>amount | Blocking<br>Reference<br>Number |
|---|---|---|---|---|
| XS0211093041 | EUR100,000 | US$ 143,141.61 | US$ 143,637.56 | CA34034 |
|  |  | US$ 143,141.61 | US$ 143,637.56 |  |

Name and Address where transferee payments should be sent (if different from above):


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By_____                      Date: November 11, 2014

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

Form 210B (12/09)

# United States Bankruptcy Court

## Southern District Of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>    Case No. <u>08-13555 (JMP)</u>

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 59230 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on **November 11, 2014**.

| | |
|---|---|
| **BANCA SELLA HOLDINGS S.P.A.** | **MARZOTTO SIM S.P.A.** |
| Name of Alleged Transferor | Name of Transferee |
| | |
| Address of Alleged Transferor: | Address of Transferee: |
| | |
| **Via Italia 2** | **Corso Como 15** |
| **13900 Biella** | **20154 Milano** |
| **Italy** | **Italy** |

~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
**CLERK OF THE COURT**

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY</u>

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.  For value received, the adequacy and sufficiency of which are hereby acknowledged, Banca Sella Holdings S.p.A. ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to Marzotto SIM S.p.A. (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to Proof of Claim Number 59230 filed by or on behalf of Seller (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim (including for clarity, all amounts distributed on or after the trade date of November 11, 2014 (the "<u>Trade Date</u>") whether or not the Trade Date is before, on or after any record date with respect to an amount) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto, and (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "<u>Transferred Claims</u>"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims or the Seller.

2.  Seller hereby represents and warrants to Purchaser that: (a) assuming the truth and accuracy of the representations made by Seller's previous seller ("Predecessor Seller") in the Agreement and Evidence of Transfer of Claim Agreement dated as of the date hereof between Predecessor Seller and Seller (the "Predecessor Transfer Agreement"), the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured claims with the same ISINs as in Schedule 1 that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) the Allowed Amount of Claim Transferred to Purchaser, as referred to in Schedule 1, are those amounts set forth in Schedule 1, (h) Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount, dated August 24 2011 (the "Notice) and there have been no revisions thereto, and no action was undertaken by Seller or any of its predecessors in interest with respect to the Notice; (i.a) on or about April 17, 2012, Seller received another Class 5 Distribution under the Plan, in connection with an initial distribution (as defined in the Plan), ("Debtor Initial Distribution") from Debtor in the amount of US$ 5,184.21 (i.b) on or about October 2, 2012, Seller received another Class 5

Distribution under the Plan, in connection with a second distribution (as defined in the Plan), ("Debtor Second Distribution") from Debtor in the amount of US$ 3,498.41 (i.c) on or about April 4, 2013. Seller received another Class 5 Distribution under the Plan, in connection with a third distribution (as defined in the Plan), ("Debtor Third Distribution") from Debtor in the amount of US$ 4,418.74 (i.d) on or about May 8, 2013. Seller or its predecessor in title received an initial distribution on account of the Purchased Security from Lehman Brothers Treasury Co, B.V. in the amount of EUR 12,414.34 (the "Issuer Initial Distribution") (i.e) on or about October 3, 2013. Seller or its predecessor in title received another Class 5 Distribution under the Plan, in connection with a fourth distribution (as defined in the Plan), ("Debtor Fourth Distribution") from Debtor in the amount of US$ 5,238.92 and (i.f) on or about October 24, 2013. Seller or its predecessor in title received a second distribution on account of the Purchased Security from Lehman Brothers Treasury Co, B.V. in the amount of EUR 4,86.3.44 (the "Issuer Second Distribution") (i.g) on or about April 3, 2014. Seller or its predecessor in title received another Class 5 Distribution under the Plan, in connection with a fifth distribution (as defined in the Plan), ("Debtor Fifth Distribution") from Debtor in the amount of US$ 5,690.68 and (i.h) on or about April 28, 2014. Seller or its predecessor in title received a third distribution on account of the Purchased Security from Lehman Brothers Treasury Co, B.V. in the amount of EUR 5,227.23 (the "Issuer Third Distribution") (i.i) on or about October 2, 2014. Seller or its predecessor in title received another Class 5 Distribution under the Plan, in connection with a sixth distribution (as defined in the Plan), ("Debtor Sixth Distribution") from Debtor in the amount of US$ 4,270.85 and (i.j) on or about October 28, 2014. Seller or its predecessor in title received a fourth distribution on account of the Purchased Security from Lehman Brothers Treasury Co, B.V. in the amount of EUR 4,321.68 (the "Issuer Fourth Distribution") and together with the Debtor Initial Distribution, the Debtor Second Distribution, the Debtor Third Distribution, the Issuer Initial Distribution, the Debtor Fourth Distribution, the Issuer Second Distribution, and the Debtor Fifth Distribution, the Issuer Third Distribution, and the Debtor Sixth Distribution (the "Distributions"); (j) the Purchased Claim is a Class 5 Claim and (j) Seller has delivered to Purchaser true and correct copies of the Distribution notices from the Debtor that set forth the Distributions paid by the Debtor on account of the Transferred Claims; (k) other than the Distributions, no payment of distribution has been received by or on behalf of the Seller or any of its predecessors in title in full or partial satisfaction of, or in connection with the Transferred Claims, other than the Distributions, Seller has not received any payments or distributios on account of the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser. 4260/19F

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream

2

(or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any prior seller to deliver distributions and proceeds received by any prior seller and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. The parties acknowledge that settlement shall be made on delivery of the Transferred Claim and the Securities versus payment basis through Euroclear or Clearstream. For the avoidance of doubt, the parties acknowledge and agree that the transfer contemplated hereby shall not occur unless and until the Purchaser shall have paid the purchase price in full.

(signature page follows)

3

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11th day of November, 2014.

**SELLER**
Banca Sella Holdings S.p.A.

By: _____
Name: MARCO COPPA
Title: MANAGER

Address: Via Italia, 2
Biella 13900
ITALY

**PURCHASER**
Marzotto SIM S.p.A.

By: _____
Name: ANTONIO CHIARELLO
Title: CEO

Address: Corso Como 15
20154 Milano
ITALY

4



## Schedule 1

### Transferred Claims

**Purchased Claim**

The Purchased Claim represents EUR 100,000 original bond notional, which represents an Allowed Claim Amount of USD 143,637.56, which is 43.29004329% of the total Proposed Allowed Claim Amount with respect to ISIN XS0211093041 as set forth in the Notice of Proposed Allowed Claim Amount dated August 24, 2011 and originally filed under Proof of Claim # 59230 filed on October 30, 2009 by Seller, together with interest, fees, expenses and other recoveries due:

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Maturity | Notional Amount in the Original Currency (EUR) | Allowed Amount of Claim Transferred Hereunder (in $USD) |
|---|---|---|---|---|---|---|---|
| Issue of EUR 87,578,000 Twister Notes under the US$ 100,000,000,000 Euro Medium-Term Note Program | XS0211093041 | CA34034 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | Febuary 16, 2015 | EUR 100,000 | US$ 143,637.56 |



BANCA BELLA HOLDING S.P.A.

MARCO GOPPA

MANA GGR

5



| United States Bankruptcy Court/Southern District of New York | | LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)     0000059230

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

BANCA SELLA HOLDING S.p.A.
Via Italia, 2
BIELLA  ITALY  13900

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Telephone number: 0039 015 35011    Email Address: carlo.negro@sella.it   davide.cozzi@sella.it

Name and address where payment should be sent (if different from above):

Telephone number:          Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** ___See the attachment___ **(Required)**

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** ___See the attachment___ **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:** ___See the attachment___ **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
014699 Clearstream Bank
**(Required)**

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date: Oct 27 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Banca Sella Holding SpA  Pietro Sella  CEO |
|---|---|

FOR COURT USE ONLY
**FILED / RECEIVED**
OCT 3 0 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

## ATTACHMENT TO PROOF OF CLAIM FORM

Debtor and Case Number:     Lehman Brothers Holdings Inc., 08-13555

Creditor:     Banca Sella Holding S.p.A. (**BSH** or **Creditor**)

Claim Value as of 15-Sept-2008:     USD 35,313,122.55

---

This attachment is incorporated into the proof of claim form to which it is attached (the "Claim Form"). All capitalized terms used but not defined herein have the meanings given them at the top of this Attachment, in the Claim Form or in the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [in Case No. 08-13555 (JMP)] (the "Bar Date Order").

BSH is filing the Claim Form with respect to more than one Lehman Programs Security.

Herein there is a schedule on the Lehman Programs Securities to which the Claim Form relates:

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

| Isin Code | Nominal Usd Amount of Claim | Interest on bond due on Sep 15, 2008 | Total Usd Amount of Claim | Clearstream Blocking Number | Account |
|---|---|---|---|---|---|
| IT0006578600 | 789,625.80 | 15,485.34 | 805,111.14 | CA34063 | 014699 Clearstream Bank |
| XS0128857413 | 574,530.60 | 26,721.67 | 601,252.27 | CA34061 | 014699 Clearstream Bank |
| XS0163559841 | 564,624.90 | 10,895.13 | 575,520.20 | CA34057 | 014699 Clearstream Bank |
| XS0176153350 | 3,370,768.20 | 95,883.42 | 3,466,651.62 | CA34060 | 014699 Clearstream Bank |
| XS0178969209 | 373,586.40 | 10,286.88 | 383,873.28 | CA34059 | 014699 Clearstream Bank |
| XS0179304869 | 256,133.10 | 5,959.45 | 262,92.54 | CA34062 | 014699 Clearstream Bank |
| XS0181945972 | 1,794,346.80 | 42,924.01 | 1,837,270.80 | CA34056 | 014699 Clearstream Bank |
| XS0183944643 | 2,968,879.80 | 93,243.92 | 3,062,123.71 | CA34058 | 014699 Clearstream Bank |
| XS0185655445 | 161,321.40 | 4,021.50 | 165,342.90 | CA34054 | 014699 Clearstream Bank |
| XS0189294225 | 816,512.70 | 13,875.31 | 830,388.00 | CA34049 | 014699 Clearstream Bank |
| XS0189741001 | 7,726,446,00 | 78,724.76 | 7,805,170.75 | CA34050 | 014699 Clearstream Bank |
| XS0193035358 | 863,211.00 | 2,999.96 | 866,210.94 | CA34052 | 014699 Clearstream Bank |
| XS0195431613 | 120,283.50 | 1,013.30 | 121,296.79 | CA34055 | 014699 Clearstream Bank |
| XS0197173643 | 302,831.40 | 1,249.18 | 304,80.57 | CA34039 | 014699 Clearstream Bank |
| XS0200284247 | 991,985.10 | 29,617.26 | 1,021,602.35 | CA34053 | 014699 Clearstream Bank |
| XS0202417050 | 86,321.10 | 2,289.30 | 88,610.39 | CA34051 | 014699 Clearstream Bank |
| XS0205185456 | 76,415.40 | 376.58 | 76,791.98 | CA34042 | 014699 Clearstream Bank |
| XS0208459023 | 537,738.00 | 12,020.86 | 549,758.85 | CA34040 | 014699 Clearstream Bank |
| XS0210433206 | 72,170.10 | 2,508.21 | 74,678.30 | CA34041 | 014699 Clearstream Bank |
| XS0210782552 | 52,358.70 | 1,144.51 | 53,503.20 | CA34043 | 014699 Clearstream Bank |
| XS0211093041 | 326,888.10 | 3,769.04 | 330,657.13 | CA34034 | 014699 Clearstream Bank |
| XS0211814123 | 4,518,414.30 | 108,601.28 | 4627,15.57 | CA34038 | 014699 Clearstream Bank |
| XS0213899510 | 3,141,522.00 | 64,890.45 | 3,206,412.45 | CA34048 | 014699 Clearstream Bank |
| XS0213971210 | 227,831.10 | 2,240.96 | 230,72.60 | CA34044 | 014699 Clearstream Bank |
| XS0220152069 | 1,429,251,00 | 3,905.06 | 1433,156.50 | CA34033 | 014699 Clearstream Bank |
| XS0220704109 | 21,226.50 | 248.00 | 21,474.50 | CA34036 | 014699 Clearstream Bank |
| XS0229269856 | 14,151.00 | 398.84 | 14,549.83 | CA34047 | 014699 Clearstream Bank |
| XS0232364868 | 42,453.00 | 2,207.29 | 44,660.28 | CA34045 | 014699 Clearstream Bank |
| XS0252834576 | 778,305.00 | 11,313.07 | 789,618.6 | CA34037 | 014699 Clearstream Bank |
| XS0252835110 | 1,415,100.00 | 8,328.96 | 1,423,428.96 | CA34046 | 014699 Clearstream Bank |
| XS0268648952 | 70,755.00 | 3,081.87 | 73,836.87 | CA34031 | 014699 Clearstream Bank |
| XS0282978666 | 70,755.00 | 1,578.46 | 72,333.45 | CA34035 | 014699 Clearstream Bank |
| XS0283497005 | 19,811.40 | 548.04 | 20,359.43 | CA34030 | 014699 Clearstream Bank |
| XS0326006540 | 70,755.00 | 3,462.32 | 74,217.31 | CA34032 | 014699 Clearstream Bank |
|  | 34,647,308.40 | 665,814.15 | 35,313,122.55 |  |  |

Exchange Rate (Eur/Usd 1.4151 on Sep 15, 2008)

2

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

Creditor reserves the right to withdraw, amend, clarify, modify or supplement this Claim to assert additional claims (including, without limitation, additional administrative expense claims (including, without limitation, misdirected wires and claims arising from postpetition contracts, activity, torts, etc. of the Debtor), claims for which a bar date has not yet been set, secured claims, and/or general unsecured claims), and/or to assert additional grounds for its claims against the Debtor. Creditor also reserves all rights accruing to it or its affiliates against the Debtor or its estate, and the submission of this Claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of Creditor or its affiliates. In addition, Creditor reserves the right to supplement this Claim with relevant documents to the extent necessary. Furthermore, Creditor reserves the right to withdraw this Claim for any reason whatsoever. In addition, Creditor reserves all rights and remedies against affiliates of the Debtor or any other third parties.

This Claim shall not be deemed to be a waiver of Creditor's (i) right to have final orders in noncore matters entered only after *de novo* review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy, or proceeding related to these cases (to the extent such right has not otherwise been waived), (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, (iv) rights against the Guaranteed Subsidiary or (v) to any other rights, claims, actions, defenses, setoffs, or recoupments to which Creditor is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, setoffs, and recoupments Creditor expressly reserves. To the extent that the Debtor has made or makes any claims against Creditor, Creditor reserves its set-off rights, such that all or part of the Claim may be secured to the extent of such set-off rights.

Banca Sella Holding SpA  Pietro Sella, CEO

3

