Hearing Date: December 10, 2014

Joshua Dorchak
**MORGAN, LEWIS & BOCKIUS LLP**
399 Park Avenue
New York, New York 10022
212.705.7000

Attorneys for UBS Financial Services Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- X

In re                                                         :
                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*        : Case No. 08-13555 (SCC)
                                                              :
              Debtors.                                        :
                                                              :
-------------------------------------------------------------- X

### SURREPLY OF UBS FINANCIAL SERVICES INC.
### ON THE FOUR HUNDRED FORTY-NINTH OMNIBUS OBJECTION
### TO CLAIMS (510(B) CLAIMS)

UBS Financial Services Inc. ("UBSFS"), by its undersigned counsel, respectfully submits

this surreply (this "Surreply") to the *Plan Administrator's Reply in Further Support of Objection*

*to Claim 17889* [Docket No. 46972] (the "Reply"). The Reply (i) addressed the *Response of*

*UBS Financial Services Inc. to the Four Hundred Forty-Ninth Omnibus Objection to Claims*

*(510(b) Claims)* [Docket No. 42124] (the "Response") and (ii) raised a new issue, also addressed

in this Surreply. The Response addressed the *Plan Administrator's Four Hundred Forty-Ninth*

*Omnibus Objection to General Creditor Claims (510(b) Claims)* [Docket No. 41664] (the

"Objection") with respect to proof of claim number 17889 (the "LBHI Claim") filed by UBSFS

against Lehman Brothers Holdings Inc. ("LBHI") in the above-captioned proceeding.[1]

---

[1] The briefing schedule on the Objection with respect to the Claim was modified to incorporate the new issue in the
Reply and in this Surreply by agreement of the parties.

## PRELIMINARY STATEMENT

1.      In the Reply, the Plan Administrator asserts that "[UBSFS] is barred by principles of issue preclusion from arguing against subordination of [the LBHI Claim] pursuant to section 510(b) of the Bankruptcy Code." Reply ¶ 32.  The Plan Administrator bases this assertion on the "Bankruptcy Court LBI Decision," in which this Court subordinated claims filed by a group of "Junior Underwriters" and by UBSFS against Lehman Brothers Inc. ("LBI") in LBI's SIPA case (collectively, the "LBI Claims") in connection with debt securities issued by LBHI (the "LBI Claims Proceeding").  *See id.* ¶ 2.  The Plan Administrator is incorrect for a simple reason: UBSFS's claim against LBI (the "LBI Claim") and the LBHI Claim are fundamentally different in four respects:  the former was a statutory claim by a co-distributor for contribution from an underwriter; the latter is a contractual claim by an agent for indemnification from an issuer.  In fact, UBSFS's essential argument in support of the LBHI Claim in this Proceeding -- that "the Claim is not 'on account of' the claims asserted by [UBSFS's clients against UBSFS], but rather 'on account of' LBHI's contractual obligations" (Response ¶ 20) -- is an argument that UBSFS could not and did not make in the LBI Claims Proceeding.  Because the issues in that proceeding and in this proceeding are not "identical" and also because UBSFS's main argument in this proceeding was not "actually litigated" in that proceeding, issue preclusion does not apply here.

## BACKGROUND:  THE LBI CLAIMS PROCEEDING

2.      The Bankruptcy Court LBI Decision cited by the Plan Administrator sustained the SIPA Trustee's objections to claims filed against LBI by (a) Claren Road Credit Master Fund Ltd. ("Claren Road"), based on LBI's breach of its agreement to purchase certain bonds issued by LBHI, (b) the Junior Underwriters, based on LBI's indemnification obligations in a certain Master Agreement Among Underwriters among them and LBI, as well as a statutory right to contribution under section 11(f) of the Securities Act of 1933, and (c) UBSFS, based solely on a

2

statutory right to contribution under section 11(f) of the Securities Act of 1933. *See* Reply Ex. B (Bankruptcy Court Decision), 503 B.R. at 780-81 (Claren Road); Reply Ex. F (Joint Underwriters' LBI Response) ¶¶ 7-17; Reply Ex. G (UBSFS's LBI Response) ¶¶ 1, 14. Thus, although Claren Road, the Junior Underwriters, and UBSFS (collectively, the "LBI Claimants") all asserted claims against LBI that related to securities issued by LBHI, those claims were based on different facts and legal theories. *See id.*

3.    Most significantly, UBSFS, unlike the Junior Underwriters, was not a party to the Master Agreement Among Underwriters with LBI. *See id.* Rather, UBSFS's contractual rights arose under a Purchase Agreement with LBI and a Distribution Agreement with LBHI. *See* Reply Ex. G (UBSFS's LBI Response) ¶ 3. Neither of these agreements gave UBSFS contractual indemnification or contribution rights against LBI, although the latter gave UBSFS, deemed to be LBHI's "Primary Agent," contractual indemnification rights against LBHI. *See id.*; Response ¶¶ 2-4. Accordingly, UBSFS's claim against LBI, unlike the Junior Underwriters', was asserted solely under section 11(f) of the Securities Act of 1933. *See* Reply Ex. G (UBSFS's LBI Response) ¶¶ 1, 14.

4.    As the Plan Administrator acknowledges, the "focus" of the LBI Claims Proceeding was the LBI Claimants' common argument (the "Represented-By Argument") that their claims could not be subordinated to "a claim or interest represented by" securities issued by LBHI, as section 510(b) contemplates, because securities issued by LBHI give rise to no claim or interest against LBI whatsoever in LBI's SIPA case. *See* Reply ¶¶ 34, 38. The LBI Claimants focused on the Represented-By Argument because, if accepted, it was per se sufficient to defeat subordination of the LBI Claims. *See* Reply Ex. B (Bankruptcy Court Decision), 503 B.R. at 786-87.

A/76554077.1

5.     If the LBI Claimants had been defending claims against LBHI, rather than against LBI, they could not have made the Represented-By Argument, because there _are_ claims or interests "represented by" securities issued by LBHI in LBHI's chapter 11 case. _See_ Reply Ex. B (Bankruptcy Court Decision), 503 B.R. at 787.   In the LBI Claims Proceeding, the Junior Underwriters took this thought a step further, conceding that (a) their claims against LBI "are for contribution 'on account' of claims for damages made by the plaintiffs in the Actions [against the Junior Underwriters] …," and (b) "If we were in the LBHI case there's no question that our claims would be subordinated and 510(b) makes very clear where they would be subordinated." _See_ Reply ¶ 29 n.7 (quoting Reply Ex. F (Junior Underwriters' LBI Response) ¶ 30 & Reply Ex. D (oral argument transcript) at 56:14-20).

6.     UBSFS never expressly adopted these concessions by the Junior Underwriters about their claims, although UBSFS did adopt and incorporate the points made by the Junior Underwriters on the issue of (i) the Represented-By Argument and (ii) the fact that the LBI Claimants were not investors in the LBHI securities at issue.   Reply Ex. G (UBSFS's LBI Response) ¶¶ 26-27; _see_ Reply Ex. D (oral argument transcript) at 57:4 - 58:6 (UBSFS's counsel joining Claren Road's and the Junior Underwriters' arguments, while noting, however, that prior argument had not reached the fact that UBSFS "has a different contract than the junior underwriters do with LBI").

7.     This Court, and subsequently the District Court on appeal, rejected the Represented-By Argument. _See_ Reply Ex. B  (Bankruptcy Court Decision), 503 B.R. at 786-88; Reply Ex. C (District Court Decision) at *42-47.   For this reason, and because the courts found that the LBI Claims were "on account of" claims for damages arising from the purchase or sale of a security, the courts sustained the SIPA Trustee's objection to the LBI Claims. _See id._

4

## **ARGUMENT**

8.    Contrary to the Plan Administrator's assertion, nothing in the LBI Claims Proceeding precludes UBSFS from opposing the Plan Administrator's objection to the LBHI Claim.  Both the nature of each claim and the arguments in support thereof are fundamentally different:  indeed, UBSFS could not have asserted its essential argument in support of the LBHI Claim in the LBI Claims Proceedings.

9.    Collateral estoppel (or issue preclusion) is an affirmative defense that bars a party from relitigating an issue in a subsequent proceeding, where "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Epperson v. Entm't Express, Inc.,* 242 F.3d 100, 108 (2d Cir. 2001) (quoting *United States v. Hussein,* 178 F.3d 125, 129 (2d Cir. 1999)).

10.    The premise of the Plan Administrator's collateral estoppel argument is that "the overall disputed issue [in the LBI Claims Proceeding] was whether section 510(b) required the subordination of UBS's claim against LBI, which is **identical** to the UBS Claim against LBHI." Reply ¶ 34 (emphasis added).  This premise is fundamentally flawed:  UBSFS's LBI Claim was a statutory claim by a co-distributor for contribution from an underwriter; UBSFS's LBHI Claim is a contractual claim by an agent for indemnification from an issuer.  Reply Ex. F (UBSFS's LBI Response ¶¶ 16-19); *cf.* Response ¶¶ 3-4.  Because the LBI Claim is not, in fact, "identical" to the LBHI Claim, the "issues" there and here cannot be "identical," and so collateral estoppel cannot apply to the decision (or to any concession by UBSFS) in the LBI Claims Proceeding about the LBI Claim. *See Epperson,* 242 F.3d at 108.

A/76554077.1

11.    In the LBI Claims Proceeding, UBSFS chose to focus on the dispositive Represented-By Argument and did not argue that its LBI Claim was not "on account of" claims for damages arising from the purchase or sale of a security. UBSFS acknowledged as much on appeal of the Bankruptcy Court LBI Decision. *See* Reply ¶ 30. Given how the Bankruptcy Court and District Court decided the "on account of" point, UBSFS arguably would be precluded in this proceeding from asserting that a <u>statutory</u> claim for <u>contribution</u> against LBHI is not "on account" of claims for damages arising from the purchase or sale of a security.

12.    UBSFS is not making that assertion here. UBSFS bases its opposition to the Objection on UBSFS's contractual rights against LBHI, as LBHI's deemed "Primary Agent" -- an argument that UBSFS could not (and did not) make against LBI. *See* Response ¶¶ 2-4. Because this issue could not have been raised in the LBI Claims Proceeding, this issue necessarily was not "actually litigated and actually decided" in the prior proceeding. Accordingly, again, collateral estoppel cannot apply. *See Epperson,* 242 F.3d at 108.

13.    Unlike UBSFS, the Junior Underwriters (a) had contractual claims against LBI, (b) conceded that their claims (<u>not</u> UBSFS's claim) were "on account of" claims brought against them for damages arising from the purchase and sale of securities, and (c) further conceded that their claims would properly be subordinated if asserted against LBHI. *See* Reply ¶ 29. As the Plan Administrator almost acknowledges, UBSFS did not expressly adopt these concessions, as opposed to the Junior Underwriters' arguments against subordination of the LBI Claims generally. *See id.*

14.    But even if UBSFS were deemed to adopt the Junior Underwriters' concession that their claims against LBI based on the MAAU (to which UBSFS was not a party) and on the '33 Act would translate into subordinated claims if brought by them as underwriters against

6

LBHI, that deemed adopted hypothetical concession cannot be construed as "identical" to a hypothetical concession by UBSFS that its claim based on an entirely different contract (to which the Junior Underwriters were not parties) and not on the '33 Act should be subordinated if brought by UBSFS as Agent against LBHI. And certainly this potential identity of hypothetical concessions cannot be said to have been "actually litigated and decided" in the LBI Claims Proceedings, where UBSFS's contractual rights against LBHI were not even asserted because they were irrelevant. *See Epperson*, 242 F.3d at 108.

15.     In summary, the Plan Administrator's collateral estoppel argument fails because the nature of UBSFS's contractual indemnification claim against LBHI is not "identical" with any issue considered by the Bankruptcy Court or the District Court and was not "actually litigated and decided" in the LBI Proceedings. *See id.*

## CONCLUSION

For the foregoing reasons, UBSFS respectfully requests that this Court reject the Plan Administrator's collateral estoppel argument, and for the reasons set forth in the Response, UBSFS respectfully requests that this Court overrule the Objection.

Dated:  December 2, 2014
        New York, New York

                                      MORGAN, LEWIS & BOCKIUS LLP

                                      */s/ Joshua Dorchak*
                                      Joshua Dorchak
                                      399 Park Avenue
                                      New York, New York  10022
                                      Telephone:  212.705.7000
                                      joshua.dorchak@morganlewis.com

                                      Attorneys for UBS Financial Services Inc.[2]

---

[2] Counsel for UBS Financial Services Inc. was previously with Bingham McCutchen LLP.

A/76554077.1