Presentment Date and Time: December 9, 2014 at 12:00 p.m. noon (Prevailing Eastern Time)
Objection Deadline:  December 8, 2014 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed):  December 10, 2014 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                      :

In re                                           :         Chapter 11 Case No.
                                                      :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :         08-13555 (SCC)
                                                      :

                     Debtors.              :         (Jointly Administered)
                                                      :
------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF
## STIPULATION, AGREEMENT AND ORDER
## <u>GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY</u>

      **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order Granting Limited Relief From the Automatic Stay (the "<u>Stipulation, Agreement and Order</u>") to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, for signature on **December 9, 2014 at 12:00 p.m. (Prevailing Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the undersigned and to the chambers of the Honorable Shelley C. Chapman so as to be received by **December 8, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

      **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing will be held to consider the Stipulation, Agreement and Order on **December 10, 2014 at 10:00 a.m. (Prevailing Eastern Time)** (the "<u>Hearing</u>") before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 623, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 2, 2014
      New York, New York

    /s/ Jacqueline Marcus
    Jacqueline Marcus
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Lehman Brothers Holdings Inc.
    and Certain of Its Affiliates

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STAES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
In re                                          :     **Chapter 11 Case No.**
                                               :
**LEHMAN BROTHERS HOLDINGS, INC., et al.,**    :     **08-13555 (SCC)**
                                               :
                 Debtors.                      :     **(Jointly Administered)**
                                               :
---------------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

Lehman Brothers Holdings Inc. ("LBHI"), in its capacity as Plan Administrator (the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtor, on behalf of LB Rose Ranch LLC ("Rose Ranch"), and the named plaintiffs (collectively, the "Colorado Plaintiffs" and, together with the Plan Administrator, the "Parties") in the litigation captioned Jamin Cook, et al. v. Ironbridge Homes, LLC, et al., (Case No. 2010CV142) that is currently pending in the District Court for Garfield County, Colorado (the "Colorado Litigation"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") and represent and agree as follows:

### RECITALS

A.   Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Chapter 11 Entities") commenced voluntary cases

(collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Rose Ranch commenced its Chapter 11 Case on February 9, 2009.

B.     On July 2, 2009, this Court entered an order pursuant to section 502(b)(9) of the Bankruptcy Code and rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure establishing September 22, 2009, as the deadline for parties in interest to file proofs of claim against the Debtors (the "Bar Date Order") [ECF No. 4271].

C.     On May 14, 2010, certain Colorado Plaintiffs commenced the Colorado Litigation by the filing of a complaint (as amended from time to time, the "Complaint") against defendants other than Rose Ranch in the Colorado Litigation. The Colorado Litigation involves claims[1] asserted by the Colorado Plaintiffs arising out of certain alleged defects in the residences that the Colorado Plaintiffs purchased from defendant Ironbridge Homes, LLC or one of its affiliates.

D.     On March 18, 2011, the Colorado Plaintiffs filed the Motion for Relief from Stay [ECF No. 15202] (the "Stay Relief Motion") in the Bankruptcy Court. The Stay Relief Motion sought, among other things, limited relief from the automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") in order to name LBHI and Rose Ranch as nominal defendants in the Colorado Litigation for the purpose of allowing the Colorado Plaintiffs to recover damages related to their claims from LBHI and Rose Ranch's Insurance Policies and Proceeds (as defined below).

E.     The Parties' resolution of the Stay Relief Motion is memorialized in the so-ordered stipulation entered by the Bankruptcy Court on November 18, 2011 [ECF No. 22336]

---

[1] For the avoidance of doubt, nothing contained herein is intended to be determinative of the validity or enforceability of any claim or causes of action asserted by the Colorado Plaintiffs against the Chapter 11 Entities or any of their affiliates and the Chapter 11 Entities and their affiliates expressly reserve their right to dispute and/or contest any such claims or causes of action for any reason, other than with respect to the applicability of the Automatic Stay (as defined below).

2

(the "Initial Stay Relief Stipulation"), pursuant to which the Automatic Stay was modified solely to the extent necessary to permit the Colorado Plaintiffs to: (i) assert any and all claims relating to the design, construction or maintenance of the golf course (and any related claims for damages) located at the Ironbridge Development in Garfield County, Colorado in the Colorado Litigation and prosecute such claims against LBHI, Rose Ranch, and/or their relevant insurers in order to recover their damages from insurance policies and insurance proceeds that may be payable to the Colorado Plaintiffs under any applicable insurance policy in which either or both of LBHI and Rose Ranch is an insured, or in which either or both of Rose Ranch and LBHI possesses an interest (the "Insurance Policies and Proceeds"), (ii) settle the Colorado Litigation with LBHI and/or Rose Ranch's insurers, if appropriate, and (iii) execute or collect upon any judgment rendered in their favor in the Colorado Litigation against the Insurance Policies and Proceeds without the need to seek further Court approval.

F.     On April 3, 2012, the Colorado Plaintiffs filed their Third Amended Complaint naming Rose Ranch as a defendant.[2]  The Complaint has thus far been amended five times, most recently pursuant to the Colorado Plaintiffs' motion filed on March 4, 2014.

G.     On August 29, 2014, the Colorado Plaintiffs filed the Plaintiffs' Motion for Leave to File Sixth Amended Complaint (the "Motion to Amend the Complaint"), seeking, among other things, to assert additional claims and causes of action against Rose Ranch (the "Additional Claims"). Rose Ranch filed an objection to the Motion to Amend the Complaint on October 7, 2014, and the Colorado Plaintiffs filed a reply on October 21, 2014.

H.     On October 13, 2014, the Colorado Plaintiffs filed a Motion to Compel and For Sanctions against Rose Ranch seeking production of certain of Rose Ranch's insurance policies

---

[2] LBHI was voluntarily dismissed from the Colorado Litigation and removed from the caption pursuant to the Fifth Amended Complaint filed on March 4, 2014.

3

and requesting sanctions against Rose Ranch's counsel in the Colorado Litigation (the "Motion to Compel"). The Motion to Amend the Complaint and the Motion to Compel are currently pending in the Colorado Litigation.

  I. The Parties disagree, among other things, as to whether the Initial Stay Relief Stipulation permits the Colorado Plaintiffs to assert the Additional Claims.

  J. In light of the foregoing, the Parties have agreed, subject to approval of the Bankruptcy Court, to further modify the Automatic Stay for the limited purpose and subject to the terms and conditions set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

  1. This Stipulation and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

  2. Upon the Effective Date, the Automatic Stay extant in the Chapter 11 Cases of Rose Ranch shall be modified solely to the extent necessary to permit the Colorado Plaintiffs to: (i) assert any and all Additional Claims set forth in the Motion to Amend the Complaint and prosecute such claims against Rose Ranch, and/or its relevant insurers in order to recover their damages from Rose Ranch's Insurance Policies and Proceeds, and those LBHI Insurance Policies and Proceeds under which Rose Ranch is a covered subsidiary, (ii) settle the Colorado Litigation with Rose Ranch's insurers, if appropriate, and (iii) execute or collect upon any judgment rendered in their favor in the Colorado Litigation against the Insurance Policies and Proceeds without the need to seek further Court approval; provided, however, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against Rose Ranch or any of

the other Chapter 11 Entities that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim, other than through Rose Ranch's Insurance Policies and Proceeds, that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Chapter 11 Entities (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.  Upon the Effective Date in the Colorado Litigation, (i) the Colorado Plaintiffs shall withdraw the Motion to Compel, with prejudice; and (ii) Rose Ranch agrees to withdraw any objection it may have to producing any insurance policies under which Rose Ranch is or may be insured, and will cooperate with the Colorado Plaintiffs in obtaining all liability policies under which Rose Ranch is or may be insured.

4.  The Parties agree that the Colorado Plaintiffs will not object to representatives of Rose Ranch attending any deposition scheduled in the Colorado Litigation and the related arbitration proceeding; provided, however, that such Rose Ranch representatives will solely observe the depositions, and will not ask questions or otherwise participate therein. The Colorado Plaintiffs make no representation as to whether other participants in the arbitration proceeding will object to Rose Ranch representatives attending depositions.

5.  Notwithstanding anything herein to the contrary and the consent of Rose Ranch to the limited relief described herein, the Colorado Plaintiffs hereby covenant and agree that in the event that any judgment or other relief is allowed against Rose Ranch in the Colorado Litigation with respect to the Additional Claims, (a) execution or recovery thereon shall be limited to any available Rose Ranch Insurance Policies and Proceeds, and (b) the Colorado Plaintiffs shall reimburse Rose Ranch or agree to a credit against judgment for any deductibles or similar obligations incurred as a direct result of the Colorado Plaintiffs' claims for which Rose Ranch

5

may be liable under the applicable insurance policies before the Colorado Plaintiffs recover any amounts from the Rose Ranch Insurance Policies and Proceeds.

6. Notwithstanding paragraph 2 above, nothing contained herein shall be construed as a waiver by Rose Ranch of its right to (i) object to any and all proofs of claim relating to the Additional Claims that may be filed by the Colorado Plaintiffs in the Rose Ranch Chapter 11 Case for any reason, including that such claims are barred by the Bar Date Order; (ii) raise any cross claims, counterclaims or defenses in the Colorado Litigation; or (iii) contest or object to the Motion to Amend the Complaint in the Colorado Litigation on any grounds other than that the filing of the Additional Claims constitutes a violation of the Automatic Stay.

7. The limited relief set forth herein shall not be construed as an admission of liability by the Chapter 11 Entities or any of their non-debtor affiliates regarding any claim or cause of action arising from or in relation to the Colorado Litigation or any other matter.

8. This Stipulation, Agreement and Order shall not limit any rights of the Colorado Plaintiffs to seek payment for the Additional Claims from non-debtor parties or from any sources of insurance other than the Rose Ranch Insurance Policies and Proceeds.

9. To the extent applicable, neither the post-discharge injunction of section 524 of the Bankruptcy Code nor the terms of the confirmed Modified Third Amended Joint Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors shall in any way be interpreted to preclude or bar the Colorado Plaintiffs from exercising any of their rights or remedies provided for under this Stipulation, Agreement and Order, and shall not prevent them from recovering against Rose Ranch's Insurance Policies and Proceeds and those LBHI insurance policies and proceeds under which Rose Ranch is a covered subsidiary.

10. This Stipulation, Agreement, and Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

11. Notwithstanding anything contained herein to the contrary, the Initial Stay Relief Stipulation remains in full force and effect.

12. The person who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

13. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

14. This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the Parties, or by further Court order.

15. This Stipulation, Agreement, and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

16. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: December 2, 2014
      New York, New York

| | |
|---|---|
| /s/ Jeffrey D. Vanacore | /s/ Jacqueline Marcus |
| Jeffrey D. Vanacore | Jacqueline Marcus |
| PERKINS COIE LLP | WEIL GOTSHAL & MANGES LLP |
| 30 Rockefeller Plaza, 22nd Floor | 767 Fifth Avenue |
| New York, New York 10112 | New York, New York 10153 |
| Telephone: (212) 262-6912 | Telephone: (212) 310-8000 |
| | |
| Attorneys for Colorado Plaintiffs | Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates |

SO ORDERED, this
\_\_\_\_\_ day of December, 2014

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

8