SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz
Thomas C. White

*Attorneys for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | Jointly Administered |

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC. and LEHMAN BROTHERS SPECIAL FINANCING INC., | |
| Plaintiffs-Counterclaim Defendants, | |
| v. | Adversary Proceeding |
| GIANTS STADIUM LLC, | No. 13-01554 (SCC) |
| Defendant-Counterclaim Plaintiff. | |

**REPLY IN SUPPORT OF**
**GIANTS STADIUM'S MOTION TO**
**CONSOLIDATE CONTESTED MATTER**
**WITH ADVERSARY PROCEEDING AND FOR RELATED RELIEF**

## PRELIMINARY STATEMENT

1.      Debtors' opposition ("Opposition" or "Opp.") to Giants Stadium's motion to consolidate the above-captioned proceedings ("Motion") is heavy on invective—variously calling the Motion "inconsiderate," "pretextual," and "burden[some]" (Opp. at 2, 3, 7 ¶¶ 1, 3, 11)—but devoid of analysis of the dispositive issue:  whether the Contested Matter[1] and Adversary Proceeding involve "*a* common question of law *or* fact" such that this Court should consolidate them now.  FED. R. CIV. P. 42(a) (emphasis added).  Debtors' concession through silence is unsurprising, given that, as demonstrated in Giants Stadium's Motion (at 14-15 ¶ 39) there is almost complete overlap of issues between the two proceedings, making them "apt candidates for consolidation" now.  9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 2384 (3d ed. 2014).

2.      Lacking any substantive basis for objecting to the Motion, Debtors' Opposition rests entirely on the proposition that this Court should defer to another day (until the end of fact *and* expert discovery) whether these indisputably related matters should be resolved in a single trial or in separate proceedings.  (Opp. at  2-7 ¶¶ 1, 3-11.)  But a motion to consolidate is appropriate "as soon as the issues that justify consolidation become apparent."  WRIGHT & MILLER § 2383; *see also* 10-7042 COLLIER ON BANKRUPTCY ¶ 7042.02 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2014) ("*Once common issues have been identified*, the court must weigh the efficiency of consolidation against any expense, inconvenience or prejudice that may result from a joint trial.") (emphasis added).  Accordingly, courts routinely consolidate matters for trial even prior to the commencement of discovery, where the proceedings involve

---

[1]      Capitalized terms not otherwise defined herein are ascribed the same meanings as in the Motion.

"the same two plaintiffs," "the same legal theory," and "the same time period," as is the case here. *Jacobs* v. *Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009); *see infra* ¶ 8 (collecting cases). The rationale for consolidating now applies even more so here, where Giants Stadium's document production has been complete for four years, and Debtors deposed Giants Stadium's principal fact witness three-and-a-half years ago (in May 2011). Debtors have thus had ample opportunity to "look at the discovery"—their stated basis for postponing a decision on consolidation. (Opp. at 5 ¶ 8.)

3.      Debtors also insist that the 2010 Claims Procedures Order bars Giants Stadium's Counterclaims. Yet Debtors do not dispute—because they cannot—that the *rationale* behind the Temporary Litigation Injunction in the Order was to preserve estate resources by reducing litigation costs (by fostering opportunities for settlement through the ADR process). (Motion at 19 ¶ 51.) These concerns are certainly not present where, as here, the parties have already engaged in a failed mediation (*see* Omnibus Hr'g Tr. 18:18-23, Nov. 14, 2012), and Debtors have sued Giants Stadium through the Adversary Proceeding. Accordingly, the Court should confirm that the consolidated proceeding is exempt from the Claims Procedures Order— precisely the relief Debtors themselves sought in the *Nomura* cases. (Motion at 20 ¶ 52.)

4.      Indeed, Debtors' discussion of the Claims Procedures Order exposes their actual motivation in resisting consolidation: Debtors seek to prosecute their $94 million lawsuit against Giants Stadium involving precisely the same issues underlying the Claims, while using the ADR process to push off Giants Stadium's ability to press the Claims it originally filed on October 17, 2008. (Opp. at 8 ¶ 12 (Giants Stadium "should have [its] claims resolved in the claims process pursuant to rules and procedures set up to resolve those claims").) In other words, even if Debtors lose their Adversary Proceeding, Giants Stadium could have to wait months or years

before being able to recover on its Claims, despite the fact that the issues presented by the

Claims will have already been resolved in Giants Stadium's favor.  This would be not only

inefficient and unworkable as a practical matter, but it would also be highly prejudicial to Giants

Stadium.[2]

## ARGUMENT

### I.    DEBTORS' OPPOSITION CONFIRMS THAT THE ADVERSARY PROCEEDING AND CONTESTED MATTER SHOULD BE CONSOLIDATED NOW.

5.    Debtors do not dispute the critical grounds on which the Motion is based, namely

that (i) there are at least four common questions of law and fact between the Contested Matter

and Adversary Proceeding,[3] and (ii) the resolution of these common questions will require

examining the same documents and the same fact and expert testimony, thereby making the

prospect of two proceedings a waste of time and resources.  (*See* Motion at 14-16 ¶¶ 39-40.)

---

[2]    Further confirming that the proceedings are inherently intertwined, Debtors do not explain how the Court could manage a trial in the Adversary Proceeding without addressing Giants Stadium's reciprocal arguments concerning the meaning of the operative terms of the Swaps.

[3]    *I.e.*, (1) "Whether Giants Stadium properly terminated the Swaps upon LBSF's default?"; (2) "Whether the Swaps remained, at the time of termination, actual bond rate swaps (for which Giants Stadium bargained and paid a multimillion dollar premium) or, instead, converted to LIBOR-based swaps due to LBI's resignation as broker-dealer (over which Giants Stadium had absolutely no control)?"; (3) "Whether Giants Stadium breached the Swap Agreements by contacting leading dealers in the relevant market (as was expressly permitted under the Swap Agreements) after LBSF refused to perform its contractual obligation to designate Reference Market-makers?"; and (4) "Whether Giants Stadium calculated its Loss in good faith and in a commercially reasonable manner as of the Early Termination Date when it used observable market data to calculate Loss (particularly where the Bonds to which the Swaps were linked were being sold for pennies on the dollar, suggesting Giants Stadium could have calculated a much higher Loss amount)?"  (Motion at 15 ¶ 39.)

6.      Debtors resist consolidation by (i) asserting that consolidation is "premature" until the close of fact and expert discovery, and (ii) misleadingly suggesting that the Court has already decided this issue.  (*See* Opp. at 2, 5 ¶¶ 1, 8.)  Both arguments fail.

**A. Consolidation Is Not Premature.**

7.      Debtors argue that consolidation is "premature," because "discovery is far from over," and Giants Stadium "cannot[] identify any prejudice to itself or inefficiency that would result from addressing the question of trial consolidation at or around the close of discovery." (Opp. at 2, 3, 5 ¶¶ 1, 4, 7.)  But "[a] motion to consolidate may be made as soon as the issues that justify consolidation become apparent."  WRIGHT & MILLER § 2383.

8.      Accordingly, courts routinely order consolidation long before the close of discovery (as Debtors propose).  *See, e.g.*, *Richman* v. *Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479-80 (S.D.N.Y. 2011) (consolidating six actions prior to discovery given "nearly identical allegations, involv[ing] common questions of law and fact"); *Schnall* v. *Proshares Trust*, Nos. 10 Civ. 3042 (JGK), 09 Civ. 6935 (JGK), 2010 WL 1962940, at *1-2 (S.D.N.Y. May 10, 2010) (consolidating plaintiffs' action with thirty-three other actions prior to discovery due to "sufficient common issues of law and fact"); *Kaplan* v. *Gelfond*, 240 F.R.D. 88, 90-91 (S.D.N.Y. 2007) (consolidating eight actions "for all purposes" because "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law"); *Jacobs*, 612 F. Supp. 2d at 373 (consolidating prior to discovery cases involving "the same two plaintiffs," "the same legal theory," "the same time period," and "some of the same defendants").  *See also Waterford Twp. Police & Fire Ret. Sys.* v. *Smithtown Bancorp, Inc.*, No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057, at *2 (E.D.N.Y. May 31, 2011) (consolidating class actions against the same defendants "for all purposes" prior to discovery because the actions "contain common issues of law and fact"),

-4-

*adopted by* 2011 WL 3511045 (E.D.N.Y. Aug. 10, 2011); *Nat'l Ass'n of Mortg. Brokers* v. *Bd. of Govs. of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 285-87 (D.D.C. 2011) (upholding consolidation order issued prior to discovery because "there are extensive common questions of law and fact"); *Henkel* v. *Lickman* (*In re Lickman*), 282 B.R. 709, 723 (Bankr. M.D. Fla. 2002) ("The court hereby consolidates for purposes of discovery, pretrial proceedings, and trial this adversary proceeding and the contested matter."); *In re Iberica Mfg., Inc.*, 180 B.R. 707, 711 (Bankr. D.P.R. 1995) (noting that "the court consolidated the contested matter with the adversary proceeding" four days after the adversary proceeding was initiated); *Ruff* v. *Dixson (In re Dixson)*, 153 B.R. 594, 595 (Bankr. M.D. Fla. 1993) ("The Court consolidated the contested matters and the adversary proceeding for purposes of discovery and trial.").

9.      The only three cases Debtors were able to locate where courts postponed a decision on consolidation (Opp. at 6 ¶ 10) involved circumstances where the efficiencies of consolidation could be jeopardized by later proceedings. *See Behrend* v. *Klein*, Nos. 04-CV-5413 (NGG)(SMG), 04-CV-5414 (NGG)(SMG), 2006 WL 2729257, at *3 (E.D.N.Y. Sept. 25, 2006) (finding consolidation "premature" because "there has not been an answer" so "[the] court is unaware of whether a trial of these matters would require the same witnesses" and the plaintiffs "may rely on different legal theories to support their claims at trial"); *U.S. Fid. & Guar. Co.* v. *Petroleo Brasiliero S.A.-Petrobras*, No. 98-CIV-3099 (JGK), 2001 WL 300735, at *24 (S.D.N.Y. Mar. 27, 2001) (consolidation with *another lawsuit* to which defendants were not a party was "premature" at the motion to dismiss stage); *United States* v. *Am. Soc'y of Composers, Authors & Publishers*, No. CIV. 13-95 (WCC), 1995 WL 491047, at *1 (S.D.N.Y. Aug. 16, 1995) (one-page order declining to "consolidat[e] *forty-eight* pending rate-court proceedings" before discovery due to differences among the forty-eight applicants (emphasis added)).

10.    Here, by contrast, Debtors cannot even identify a *hypothetical* scenario in which there will not be a common question of fact or law between the Adversary Proceeding and the Contested Matter at the close of fact and expert discovery.  (*See generally* Opp. at 3-7 ¶¶ 4-11.) And, even if they could, that would matter little because, as Debtors previously explained in urging consolidation of a contested matter and adversary proceeding, "the fact that additional issues may be involved in either action[] should not operate to defeat a consolidation under Rule 42." (Motion at 16-17 ¶ 42 (citing *Nomura* Motion to Consolidate ¶ 17).)

11.    Debtors do not attempt to explain why they sought consolidation and "exempt[ion]" from the Claims Procedures Order *before* the close of fact discovery in the *Nomura* cases.  (*See* Motion at 16 ¶ 41 & n.9 (noting that Debtors previously argued in *Nomura* that "[i]n bankruptcy proceedings, both contested matters and adversary proceedings are routinely consolidated").)  Nor do Debtors make any effort to distinguish *LBHI, Inc.* v. *Citibank, N.A.*, where Judge Peck ordered consolidation before the close of fact discovery, and over Debtors' objection, noting that there would be no "particular burden . . . in consolidating the entire dispute as one dispute."  (Motion at 17 ¶ 45.)

12.    Finally, although Debtors claim that there is no prejudice in putting off the decision, the uncertainty of not knowing whether the dispute will be resolved in one proceeding or two is inherently prejudicial.  Discovery is, by its very nature, oriented toward preparing and gathering evidence for trial.  *See*, *e.g.*, *Harley* v. *Nesby*, No. 08-CIV-5791 (KBF)(HBP), 2011 WL 6188718, at *7 (S.D.N.Y. Dec. 12, 2011) ("The discovery process under the Federal Rules of Civil Procedure is designed to allow parties to . . . obtain evidence for use at trial." (citing WRIGHT & MILLER § 2001) (quotation omitted)).  Therefore, as both sides take depositions and prepare expert reports, it is in everyone's interest (parties, witnesses, and the Court alike) to

know whether this matter will be resolved "in one proceeding," which, as this Court previously recognized, is the only logical path forward here.  (Pre-Trial Conf. Hr'g Tr. 134:10, July 16, 2014.)

**B. The Court Certainly Did Not Say That Consolidation Should Await the Eve of Trial.**

13.    Debtors also engage in revisionist history in asserting that this Court has already "agreed during the [July 16, 2014] hearing" that the question of consolidation for trial should be deferred until "after discovery in connection with the pre-trial conference."  (Opp. at 2 ¶ 1.)

14.    As Debtors acknowledge, the stipulated Scheduling Order was limited to *pre-trial* discovery (*id.*), and, indeed, as the July 16 transcript demonstrates, Debtors' counsel, Mr. Slack, raised the issue of consolidation for trial on his own volition (such a decision "will be down the road"), at which point the Court expressed its view that "*it seems to me that we would want to do it in one proceeding*" (July 16, 2014 Hr'g Tr. 134:9-10 (emphasis added) (quoted in Opp. at 5 ¶ 8 and Motion at 11 ¶ 27)).

15.    Faced with the Court's skepticism that these matters should be adjudicated in anything other than "one proceeding," Debtors' argument that the Court nevertheless ultimately determined that consolidation should wait until the eve of trial appears to rest on the fact that the Court stated "Right" and "Okay.  Okay. . . ." after Mr. Slack opined that the relatedness of the proceedings "will probably crystallize" "after we get a chance to look at the discovery and the depositions."  (Opp. at 5 ¶ 8.)[4]  As the transcript makes clear, however, the Court was not

---

[4]    Debtors take on a straw man in arguing that "it is simply fiction to state that counsel refused to meet and confer concerning Giants Stadium's request," citing the fact that "Lehman *expressly offered to meet and confer* again on this subject around the close of fact discovery, when the record has been developed and the issues sharpened."  (Opp. at 7 ¶ 11.)  This is precisely the point Giants Stadium made in its Motion:  "Debtors refused even to meet and confer about the consolidation proposal until the end of fact discovery."  (Motion at 2 ¶ 3.)

(*footnote continued*)

-7-

deciding the question of when consolidation was appropriate because that question was not presented by the parties. *Cf. Bonds* v. *Coca-Cola Co.*, 806 F.2d 1324, 1329 (7th Cir. 1986) ("[C]ourts do not decide issues that have not been presented by the parties.").

## II.    THE CONSOLIDATED PROCEEDING IS NOT GOVERNED BY THE CLAIMS PROCEDURES ORDER.

16.    Finally, the Court should also hold that the Claims Procedures Order does not apply to the consolidated proceeding. (Motion at 18-20 ¶¶ 48-53.) Debtors do not dispute that, if consolidation is granted, this clarification is appropriate, and this is precisely the relief Debtors sought in the *Nomura* proceedings. (*See id.* at 20 ¶ 52.)

17.    Debtors argue that, assuming consolidation is denied, Giants Stadium's Counterclaims—which are classic compulsory counterclaims that "arise[] out of the same transaction or occurrence that is the subject matter of the opposing party's claim," WRIGHT & MILLER § 1409[5]—are barred by the Claims Procedures Order. Specifically, Debtors argue that the Temporary Litigation Injunction ("TLI") in that Order was not dissolved by entry of the Scheduling Order in these cases because the Scheduling Order did not contain a briefing schedule, and the Claims Procedures Order's definition of "Claims Litigation Schedule"—which dissolves the TLI—is a "discovery, *briefing*, and litigation schedule." (Opp. at 9 ¶ 15 (emphasis added).) This word game exercise is nonsense. Debtors cannot dispute that the assertion and prosecution of the Counterclaims is in no way inconsistent with the *purpose* of the Claims

---

(*continued footnote*)
Moreover, this "offer" by Debtors—to meet and confer in nine months—was simply another way of getting exactly what they want: postponing consolidation in order to suit their strategic objective of creating a "dual track" litigation. (*See id.* at 2 ¶ 4.)

[5]    As this Court recognized at the July 16, 2014 hearing, "[t]he counterclaim is simply the proof of claim, right?" (July 16, 2014 Hr'g Tr. 131:15-16.)

Procedures Order:  the preservation of estate resources by reducing litigation costs related to contested matters before the parties have explored settlement.  (*See* Debtors' Motion to Implement Claims Hearing Procedures ¶ 1, No. 08-13555, ECF No. 7581 (supporting the claim procedures to avoid "tax[ing] and overwhelm[ing] the resources of both the Court and the Debtors").)  Here, Debtors have filed an Adversary Proceeding that will require adjudicating precisely the same issues raised in the Claims, the parties have engaged in discovery for over four years, and the parties are preparing for trial in the Adversary Proceeding.  Application of the TLI makes no sense in this context.  Moreover, if Debtors are intent on playing word games, the Scheduling Order *coupled with* the briefing schedule on the instant Motion meets the definition of Claims Litigation Scheduling (thereby dissolving the TLI).

18.    Accordingly, even if the question of consolidation is deferred, there is no reason to bar the assertion of the Counterclaims.

### NOTICE

19.    Notice of this Reply has been provided to (i) counsel to Debtors, (ii) counsel to the Creditors' Committee, (iii) the Office of the United States Trustee, and (iv) all other parties required to be served under Bankruptcy Rule 2002 or the case management orders of this Court. In light of the relief requested, Giants Stadium submits that no other or further service of this Reply is necessary.

### CONCLUSION

20.    For the reasons stated herein and in the Motion, Giants Stadium respectfully requests that the Court enter an order, substantially in the form attached to the Motion, consolidating the Contested Matter with the Adversary Proceeding and holding that the consolidated proceeding is exempt from the Claims Procedures Order, or, alternatively, does not bar the assertion of the Counterclaims.

-9-

Dated: New York, New York
      December 3, 2014

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By:   /s/ _____
      Bruce E. Clark
      Matthew A. Schwartz
      Thomas C. White
      SULLIVAN & CROMWELL LLP
      125 Broad Street
      New York, New York  10004
      Telephone:  (212) 558-4000
      Facsimile:  (212) 558-3588

      *Attorneys for Giants Stadium LLC*