HEARING DATE AND TIME: **January 15, 2015 at 10:00 a.m. (Eastern Time)**
RESPONSE DEADLINE: **January 5, 2015 at 4:00 p.m. (Eastern Time)**

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Turner P. Smith
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (SCC)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

## NOTICE OF HEARING ON PLAN ADMINISTRATOR'S
## OBJECTION TO CLAIM OF NIKKO CITIGROUP LIMITED (CLAIM NO. 17919)

**PLEASE TAKE NOTICE** that on December 5, 2014 Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed its objection to claim number 17919 (the "Claim Objection"), and that a hearing (the "Hearing") to consider the Claim Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 15, 2015 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Claim Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett Fail, Esq.); (iii) conflicts counsel for LBHI and certain of its affiliates, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178 (Attn: L. P. Harrison 3rd, Esq., Turner P. Smith, Esq., and Cindi Giglio, Esq.); and (iv) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **January 5, 2015 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Claim Objection or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in

the form of the proposed order annexed to the Claim Objection, which order may be entered with

no further notice or opportunity to be heard offered to any party.

Dated: December 5, 2014
      New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By:    */s/ L. P. Harrison 3rd*
      L. P. Harrison 3rd
      Turner P. Smith
      Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Counsel for Lehman Brothers Holdings Inc.
 and Certain of Its Affiliates*

**HEARING DATE AND TIME: January 15, 2015 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: January 5, 2015 at 4:00 p.m. (Eastern Time)**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
L. P. Harrison 3rd
Turner P. Smith
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :    08-13555 (SCC)
                                               :
                        Debtors.               :    (Jointly Administered)
-------------------------------------------------------------------x
```

**PLAN ADMINISTRATOR'S OBJECTION TO**
**CLAIM OF NIKKO CITIGROUP LIMITED (CLAIM NO. 17919)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. Proof of claim number 17919 (the "Nikko Guarantee Claim") is a Guarantee Claim asserted by Nikko Citigroup Limited ("Nikko") against LBHI that corresponds to a Primary Claim (the "Nikko Primary Claim") asserted against Lehman Brothers Japan Inc.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

("LBJ"), a foreign Non-Controlled Affiliate. LBJ has allowed and made distributions on account of the Nikko Primary Claim. If the Nikko Guarantee Claim was allowed in an amount equal to the Nikko Primary Claim, the Nikko Guarantee Claim would be deemed satisfied in full in accordance with Section 8.13 of the Plan. Accordingly, pursuant to the Plan and long-standing principles that limit recoveries on account of related primary and guarantee claims to a single satisfaction, no Distributions would be made by LBHI on account of the Nikko Guarantee Claim.

2. The Plan Administrator therefore files this objection (the "Claim Objection"), pursuant to section 502(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking the disallowance and expungement of the Nikko Guarantee Claim.

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

4. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On September 16, 2008, LBJ commenced civil rehabilitation proceedings in Tokyo District Court under the Japan Civil Rehabilitation Law.

6. On December 6, 2011, the Court entered an order confirming the Plan, ECF No. 23023. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan

2

Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### Objection

7.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

8.    The Nikko Guarantee Claim should be disallowed and expunged in its entirety pursuant to section 502(b)(1) of the Bankruptcy Code.  The holder of a guarantee claim cannot recover more than the singular amount of its damages from a primary obligor and guarantor of the same obligation.  *See Bankers' Trust Co. v. Irving Trust Co.* (*In re United Cigar Stores*), 73 F.2d 296, 298 (2d Cir. 1934) ("In no case can the [holder of a guarantee claim] recover from all sources more than the full amount of its claim."); *Ross v. Worth Elec. Supply Co.*, 420 N.Y.S.2d 441, 443 (N.Y. Civ. Ct. 1979) ("It is fundamental in suretyship that with the payment of the principal obligation the obligations of both principal and surety are discharged."); *see also Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989) ("[A] plaintiff is entitled to only one satisfaction for each injury."); *United States v. Zan Mach. Co.*, 803 F. Supp. 620, 623 (E.D.N.Y. 1992) ("It is hornbook law that a plaintiff cannot recover twice for the same

injury."); *Leighty v. Brunn*, 510 N.Y.S.2d 174, 175 (N.Y. App. Div. 1986) ("It is beyond cavil that a plaintiff is entitled to only one recovery with respect to an identical damage claim."); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 19 (1996) ("To the extent that the underlying obligation is discharged by performance or other satisfaction by the principal obligor, the secondary obligation is also discharged. The obligee is entitled to only one aggregate performance.").

9. Consistent with the authority cited above, Section 8.13 of the Plan limits recoveries on account of the same claim for damages from a Primary Obligor and guarantor to a single satisfaction. Specifically, Section 8.13 of the Plan provides that an Allowed Guarantee Claim will be deemed satisfied in full if it receives consideration from the Primary Obligor equal to the Allowed amount of such Guarantee Claim. *See* Plan at § 8.13(a). The Plan provides that "[i]n no event" shall an Allowed Guarantee Claim against LBHI be entitled to receive Distributions that combined with consideration provided on account of the corresponding Primary Claim would exceed the Allowed amount of such Guarantee Claim. *See id.* at § 8.13(b).[2]

10. The Nikko Guarantee Claim corresponds to the Nikko Primary Claim filed against LBJ, which has been allowed by and against LBJ. The Nikko Guarantee Claim would be deemed satisfied in full in accordance with Section 8.13 of the Plan if it was Allowed in an amount equal to the Nikko Primary Claim. Accordingly, pursuant to the Plan and well-settled

---

[2] Section 8.13(d) of the Plan provides that "[f]or purposes of determining whether an Allowed Claim has been satisfied in full in accordance with Section 8.13(a) of the Plan, all Distributions or other consideration provided by a Primary Obligor in a currency other than the U.S. Dollar shall be converted to the U.S. Dollar applying the existing exchange rate derived from Reuters existing at approximately 3:00 p.m. GMT on the Confirmation Date." Plan at § 8.13(d).

4

20487490

principles of suretyship law, LBHI would have no liability on account of the Nikko Guarantee Claim.

11.   LBHI is maintaining reserves on account of the Nikko Guarantee Claim. Maintaining the Nikko Guarantee Claim on the claims register will serve no valid purpose. It will, however, prejudice holders of Allowed Claims against LBHI that have yet to be satisfied in full and increase the costs of administration of the Chapter 11 Estates. The Plan Administrator should not be required to expend additional resources on Claims that are precluded from receiving Distributions from LBHI pursuant to the Plan. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the Nikko Guarantee Claim.

## Reservation of Rights

12.   The Plan Administrator reserves all rights to object on any other basis to the Nikko Guarantee Claim to the extent that the Court does not grant the relief requested herein.

## Notice

13.   No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of the Claim Objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Nikko; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635. The Plan Administrator submits that no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: December 5, 2014
New York, New York

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By:  /s/ L. P. Harrison 3rd
L. P. Harrison 3rd
Turner P. Smith
Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Counsel for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                      :  Chapter 11 Case No.
                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :  08-13555 (SCC)
                                           :
            Debtors.                       :  (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING THE PLAN ADMINISTRATOR'S
### OBJECTION TO CLAIM OF NIKKO CITIGROUP LIMITED (CLAIM NO. 17919)

Upon the objection to claim number 17919, dated December 5, 2014 (the "Claim Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, pursuant to section 502(b) of title 11 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules, seeking disallowance of claim number 17919, all as more fully described in the Claim Objection; and due and proper notice of the Claim Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Claim Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Claim Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Claim Objection is granted; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Claim Objection.

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim number 17919 is disallowed and expunged in its entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE