Hearing Date and Time: December 10, 2014 at 10:00 a.m. (EST)
Objection Deadline: December 9, 2014 at 4:00 p.m. (EST)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re:                                                   :    Chapter 11
                                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,                   :    Case No. 08-13555 (SCC)
                                                         :
                              Debtors.                   :    (Jointly Administered)
-----------------------------------------------------------------------x

## NOTICE OF THE RMBS TRUSTEES' MOTION TO STRIKE THE EXPERT DECLARATION OF WILLIAM ALREAD AND PORTIONS OF THE LEHMAN REPLY BRIEF RELYING ON THAT DECLARATION

Franklin H. Top III (admitted *pro hac vice*)
Scott A. Lewis (admitted *pro hac vice*)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone: (312) 845-3000

*Counsel for U.S. Bank National Association, solely in its capacity as Indenture Trustee for Certain Mortgage-Backed Securities Trusts*

M. William Munno
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York  10004
Telephone: (212) 574-1587

*Counsel for Law Debenture Trust Company of New York, solely in its capacity as Separate Trustee for Certain Mortgage-Backed Securities Trusts*

John C. Weitnauer (admitted *pro hac vice*)
Grant T. Stein (admitted *pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309
Telephone: (404) 881-7000

*Counsel for Wilmington Trust Company and Wilmington Trust, National Association, each solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts*

Christopher Desiderio
NIXON PEABODY LLP
437 Madison Avenue
New York, New York  10022
Telephone: (212) 940-3085

*Counsel for Deutsche Bank National Trust Company, solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts*

3713083 01 04

**PLEASE TAKE NOTICE** that, on December 10, 2014, at 10:00 a.m. (EST), or as soon thereafter as the matter may be heard, before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004 (the "Hearing"), the aforementioned Trustees for certain residential mortgage backed securitization transactions will move (the "Motion") for an order to strike the expert declaration of William Alread ("Alread"), ECF No. 47186, and those portions of Lehman Brothers Holdings Inc. ("Lehman") Reply Brief, ECF No. 47185, relying on the declaration, in connection with the hearing on December 10, 2014 with respect to the Trustees' Motion, ECF No. 46078, and Lehman's Cross-Motion, ECF No. 46526, regarding whether the Trustees' RMBS claims can be estimated and allowed based on evidence based on statistical sampling, as requested by the Trustees, or whether such evidence cannot be considered and there must be a full loan-by-loan review, as requested by Lehman.

**PLEASE TAKE FURTHER NOTICE** that any objection or response to this Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and (i) shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (General Order M-399 can be found at http://www.nysb.uscourts.gov., the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format ("PDF"), WordPerfect, or any other Windows-based word processing format; and (ii) a hardcopy of such objection or response shall be served in accordance with General Order M-399, upon (A) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (B) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Jacqueline Marcus, Esq., Shai Y. Waisman, Esq.

and Robert J. Lemons, Esq.), attorneys for Debtors; (C) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan D. Golden, Esq., and Andrea B. Schwartz, Esq.); (D) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Wilbur F. Foster, Jr., Esq., Dennis C. O'Donnell, Esq., and Evan R. Fleck. Esq.), attorneys for the official committee of unsecured creditors; (E) Chapman and Cutler LLP, 111 West Monroe Street, Chicago, Illinois 60603 (Attn: Franklin H. Top III, Scott A. Lewis), attorneys for U.S. Bank National Association, as Trustee; (F) Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309 (Attn: John C. Weitnauer, Grant T. Stein, Jason Solomon), attorneys for Wilmington Trust Company, as Trustee, and Wilmington Trust, National Association, as Trustee; (G) Seward & Kissel LLP, One Battery Park Plaza, New York, New York 10004 (Attn: M. William Munno), attorneys for Law Debenture Trust Company of New York, as Trustee; (H) Nixon Peabody LLP, 437 Madison Avenue, New York, New York 10022 (Attn: Christopher Desiderio), attorneys for Deutsche Bank National Trust Company, as Trustee; (I) the attorneys for any other official committee(s) that may be appointed in these cases; and (H) any person or entity with a particularized interest in this Motion; and so as to be actually filed and received no later than December 9, 2014, at 4:00 p.m. (EST) (the "Objection Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

      **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

- 4 -

Dated: New York, New York  
       December 8, 2014

Respectfully, submitted,

SEWARD & KISSEL LLP

By: /s/ M. William Munno
    M. William Munno
    Seward & Kissel LLP
    One Battery Park Plaza
    New York, New York  10004
    Telephone:  (212) 574-1587

    Attorneys for Law Debenture Trust
      Company of New York, as Trustee

Hearing Date and Time: December 10, 2014 at 10:00 a.m. (EST)
Objection Deadline: December 9, 2014 at 4:00 p.m. (EST)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
In re:                                            :    Chapter 11
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*          :    Case No. 08-13555 (SCC)
                                                  :
                              Debtors.            :    (Jointly Administered)
----------------------------------------------------------------------x

**THE RMBS TRUSTEES' MOTION TO STRIKE THE EXPERT DECLARATION OF WILLIAM ALREAD AND PORTIONS OF THE LEHMAN REPLY BRIEF RELYING ON THAT DECLARATION**

### I.    PRELIMINARY STATEMENT

1.    The RMBS Trustees respectfully submit this motion under Fed. R. Evid. 702 to strike the expert declaration of William Alread ("Alread"), ECF No. 47186, and those portions of Lehman Brothers Holdings Inc. ("Lehman") Reply Brief, ECF No. 47185, relying on the declaration[1], which has been submitted by Lehman to provide a legal interpretation of the Governing Agreements, and testimony on the reasonableness of the RMBS Protocol (the "Protocol").

2.    The issue before the court on the parties' Motion and Cross-Motion is whether the RMBS Claims can be estimated and allowed based on evidence based on statistical sampling, as requested by the RMBS Trustees, or whether such evidence cannot be considered and there must be a full loan-by-loan review of up to 209,000 loans as requested by Lehman. The Alread declaration provides no relevant testimony for this issue. Alread's opinions —that use of statistical sampling contradicts the legal terms of the Governing Agreements, and that the Protocol proposed by Lehman interpreting the legal requirements of the Governing Agreements

---

[1] Those portions of the Lehman Reply Brief which rely on the Alread Declaration include ¶¶ 13, 16, 17, 51, 56, 57, 59, and 61.

3712887 01 05

is a legally correct and reasonable way of resolving each claim at the loan level—are improper legal opinions and cross the line into the prohibited territory of legal interpretation reserved for the trier of fact.

## II.   FACTUAL BACKGROUND

3.   For the Court's convenience, The RMBS Trustees incorporate by reference the Factual Background set forth in The RMBS Trustees' (1) Reply In Support Of Their Motion To Estimate The RMBS Claims Using Statistical Sampling, And (2) Opposition To Lehman's Cross-Motion For A Full Loan-By-Loan Review, ECF No. 46960.[2]

## III. ARGUMENT

### A.   *Alread's Declaration Must be Excluded Under Fed. R. Evid. 702*

#### i.   **Alread's Interpretation of the Governing Documents is an Improper Legal Opinion**

4.   Fed. R. Evid. 702 permits introduction of testimony by experts *only* regarding "scientific, technical, or other specialized knowledge" that will "assist the trier of fact to understand the evidence or to determine a fact in issue." Alread's opinion purporting to interpret the legal requirements of the Governing Agreements is an inadmissible legal opinion. *See Declaration of William Alread,* dated December 3, 2014, at 15 (the "Alread Declaration"). It is well settled that an expert "may not give testimony stating ultimate legal conclusions." *CIT Group/Business Credit, Inc. v. Graco Fishing & Rental Tools, Inc.*, 815 F. Supp. 2d 673, 678 (S.D.N.Y. 2011). An expert is thus prohibited from offering his opinion as to the legal obligations of parties under a contract. *Marx & Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 508 (2d Cir.), *cert. denied*, 434 U.S. 861 (1977) (in action based on breach of contract for registration

---

[2]   Capitalized Terms not defined herein shall have the same meaning set forth therein.

2

of stock, trial court erred in permitting expert witness to construe the contract and give his opinion as to the legal obligations of the parties thereunder). Alread's declaration offers nothing more than his prohibited opinion "as to the legal obligations of parties under a contract", when he seeks to interpret the Governing Agreements and offers the legal conclusion that estimation would "ignore the allocation of responsibilities among the securitization parties," and that "the Governing Agreements reflect Lehman's bargained for ability to protect its downstream indemnification rights." *Alread Declaration* at 15. Applying this Court's ruling on December 1, 2014 in denying Lehman's request to depose Timothy Pillar for testimony as to "how provisions in the Governing Agreements are typically interpreted, understood, and enforced by the RMBS Trustees," because expert testimony on the interpretation of legal documents is unnecessary, the same result should apply to Alread's Declaration. Telephone Ruling by Judge Chapman (Dec. 1, 2014), Letter from Todd G. Cosenza, Counsel to Lehman (November 20, 2014). The interpretation of the Governing Agreements is a matter of law, reserved for the Court. *Id.*

### ii.     Alread's Interpretation of the Protocol is an Irrelevant Lay Opinion

5.     Alread also "opines" that the Protocol Lehman proposes is reasonable. *Alread Declaration* at 4. An expert opinion should "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993). It is well settled that expert opinions that address "lay matters which a [factfinder] is capable of understanding and deciding without the expert's help," are inadmissible. *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 468 (S.D.N.Y. 2005). The Court's determination of whether the Protocol is a reasonable means of resolving the RMBS claims is a question which does not require expert testimony. Rather, it presents a factual issue that is not outside the realm of common understanding and is for the trier of fact (and not an

3

expert) to resolve. *See Kidder, Peabody & Co. v. IAG Int'l Acceptance Group N.V.*, 14 F. Supp. 2d 391 (S.D.N.Y. 1998) (issues of whether plaintiff's conduct was reasonable were for the trier of fact to decide without help by an expert). Alread's references to industry standards are nothing more than a red herring designed to camouflage this lay matter as one requiring industry expertise. Such an opinion is irrelevant as the factfinder is perfectly capable of determining the "reasonableness" of the Protocol without expert testimony.

### iii. Alread's Interpretation of the Protocol is, Alternatively, an Improper Legal Opinion

6. Moreover, even if the reasonableness of the Lehman Protocol were not a lay matter, Alread's opinion should still be stricken as an improper legal conclusion. As described above, an expert may not offer his opinion as to ultimate legal conclusions. *CIT Group/Business Credit, Inc.* 815 F. Supp. 2d at 678. In his declaration, however, Alread states, for instance, "It is my opinion that the Protocol provides a reasonable framework *for the implementation of the cure or repurchase and Purchase Price calculation provisions of the Governing Agreements*.…" *Alread Declaration* at 3 (emphasis added).

7. Alread's opinion, claiming that the Protocol provides a reasonable framework for implementing the legal requirements of the Governing Agreements, is a legal conclusion based on his comparison of the Protocol to the legal requirements of the Governing Agreements. Not only is he interpreting the legal requirements of the Governing Agreements, but because the Protocol is itself Lehman's interpretation of the legal requirements of the Governing Agreements, and thus represents what Lehman believes the documents legally require, he provides a legal analysis of how well Lehman did in its own interpretation. Such an analysis is inadmissible. *See Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992) (finding expert opinion that conduct was "not justified under the circumstances," should have been excluded because it

4

merely told jury what result to reach). Here too, Alread's conclusions as to the reasonableness of the Protocol are irrelevant, inadmissible, and should be left to the trier of fact.

## CONCLUSION

8.  Alread's declaration is essentially an argument of counsel under a different label. It tells the Court how to interpret the relevant legal documents, a role reserved for the Court in this matter, and fails to express any expert opinion which would aid the Court in understanding the evidence or determining a fact in issue. As such, Fed. R. Evid. 104(a) and 702 mandate the exclusion of Alread's declaration. Therefore, the RMBS Trustees respectfully request that the Court exclude the declaration of Alread and those portions of Lehman's Reply Brief which rely on it.

December 8, 2014
New York, New York

                                          Respectfully Submitted,

| | |
|---|---|
| /s/ Franklin H. Top III | /s/ M. William Munno |
| Franklin H. Top III (admitted *pro hac vice*) | M. William Munno |
| Scott A. Lewis (admitted *pro hac vice*) | SEWARD & KISSEL LLP |
| CHAPMAN AND CUTLER LLP | One Battery Park Plaza |
| 111 West Monroe Street | New York, New York 10004 |
| Chicago, Illinois 60603 | Telephone: (212) 574-1587 |
| Telephone: (312) 845-3000 | |
| | *Counsel for Law Debenture Trust Company of New York, solely in its capacity as Separate Trustee for Certain Mortgage-Backed Securities Trusts* |
| *Counsel for U.S. Bank National Association, solely in its capacity as Indenture Trustee for Certain Mortgage-Backed Securities Trusts* | |
| /s/ Grant T. Stein | /s/ Richard C. Pedone |
| John C. Weitnauer (admitted *pro hac vice*) | Richard C. Pedone (admitted *pro hac vice*) |
| Grant T. Stein (admitted *pro hac vice*) | Christopher Desiderio |
| ALSTON & BIRD LLP | NIXON PEABODY LLP |
| 1201 West Peachtree Street | 437 Madison Avenue |
| Atlanta, Georgia 30309 | New York, New York 10022 |
| Telephone: (404) 881-7000 | Telephone: (212) 940-3085 |
| *Counsel for Wilmington Trust Company and Wilmington Trust, National Association, each solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts* | *Counsel for Deutsche Bank National Trust Company, solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts* |