# WILLKIE FARR & GALLAGHER LLP

TODD G. COSENZA
212 728 8677
tcosenza@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel:  212 728 8000
Fax:  212 728 8111

December 8, 2014

The Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court for the
  Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:    *In re: Lehman Brothers Holdings Inc., et al.,*
       <u>Debtors in Case No. 08-13555 (collectively "Lehman")</u>

As to:  Matters relating to Motion and Cross-Motion regarding RMBS Trustees' claims and the
        December 10, 2014 hearing

Dear Judge Chapman:

We represent Lehman in connection with its dispute with the RMBS Trustees regarding the allowance of the RMBS Trustees' claims.  We write with respect to certain issues that have arisen between the parties in advance of the hearing scheduled for this Wednesday, December 10.  Given the shortness of time, Lehman requests a telephonic conference at the Court's earliest convenience so that these disputes can be resolved and the hearing can proceed as scheduled.

As an initial matter, Lehman notes that it is firmly committed to proceeding with the scheduled hearing on December 10, as resolution of the pending motions is critical to the Estate.  As the Court requested, we include our proposed schedule for Wednesday's hearing at the end of this letter.  Yesterday, however, the RMBS Trustees indicated — for the first time — that they planned to call two individuals, James Aronoff and Richard Sauerwein, both of the Duff & Phelps firm, as "rebuttal witnesses" at the hearing.  The RMBS Trustees also revealed that they tentatively planned to call Mr. Top — who is lead counsel of record to U.S. Bank National Association ("U.S. Bank") — to address certain issues that may arise regarding the feasibility of the claim resolution Protocol advanced by Lehman's Cross-Motion.  Then, earlier this morning, the RMBS Trustees shifted gears and indicated that while they did not intend to call Mr. Top as a live witness at the hearing, they apparently planned to rely on his Declaration dated November 14, 2014 (the "Top Declaration"), which addresses the RMBS Trustees' supposed efforts to resolve the RMBS Claims during the past three years.

13300790.6

For the reasons set forth below, Lehman requests that Mssrs. Aronoff and Sauerwein not be permitted to testify at the December 10 hearing. As for Mr. Top, Lehman submits that the RMBS Trustees should be precluded from relying upon the Top Declaration in connection with significant and contested factual issues at the hearing. Should the RMBS Trustees be permitted to so rely on the factual assertions in Mr. Top's Declaration, Lehman should — at the very least — be given the opportunity to depose Mr. Topin in advance of the hearing regarding those assertions.

*Two New Rebuttal Witnesses*

With respect to the RMBS Trustees' newly announced rebuttal witnesses, Messrs. Aronoff and Sauerwein, Lehman notes that less than 48 hours before the hearing, it has yet to receive any declarations or disclosures outlining the rebuttal opinions to which they would testify. Indeed, to date, the only declaration Lehman has received with respect to the Protocol is the November 14, 2014 Declaration of Dr. Parekh (also of Duff & Phelps), who Lehman deposed on Friday, December 5. At his deposition, Dr. Parekh made a series of admissions. These admissions draw into substantial question not only his qualifications to evaluate Lehman's Protocol, but also his reliability as an expert in this area and the basis of his opinions concerning the Protocol. Given this troubling testimony, the RMBS Trustees have apparently — on the eve of the hearing — sought out "rebuttal" witnesses whose true purpose is to rehabilitate their colleague, Dr. Parekh.

Irrespective of the RMBS Trustees' motivations here, their disclosure of purported rebuttal witnesses just three days before the hearing, and without the contemporaneous disclosure of expert declarations, is patently improper. Upon first learning of the RMBS Trustees plans to call Messrs. Aronoff and Sauerwein yesterday, Lehman promptly requested declarations containing their rebuttal opinions. This morning, the RMBS Trustees responded that Lehman is in possession of a declaration from Mr. Aronoff, dated August 21, 2014, which was filed in connection with the RMBS Trustees' Reserve Motion and Estimation Motion. It is inconceivable that Mr. Aronoff's original Declaration — filed nearly three months ago — puts Lehman on notice of any opinions he would offer in "rebuttal" to the Declarations of Messrs. Alread and Pino dated December 5.

Lehman also notes that in connection with Dr. Parekh's deposition, the RMBS Trustees made clear their position that only Dr. Parekh's Declaration, dated November 14, 2014, regarding the Protocol was relevant to the issues before the Court on December 10, and thus that Lehman should not be permitted to examine Dr. Parekh concerning his original August 21 Declaration. Lehman accepted that position, and sought to limit its deposition of Dr. Parekh to issues concerning Dr. Parekh's November 14 Declaration. The RMBS Trustees' suggestion that they can call Mr. Aronoff as a "rebuttal" witness without first disclosing his rebuttal opinions simply because Lehman has an unrelated declaration from Mr. Aronoff should be rejected by this Court. Simply put, having failed to disclose Mr. Aronoff's rebuttal opinions less than 48 hours before the hearing, the RMBS Trustees should not be permitted to call Mr. Aronoff to testify.

The RMBS Trustees have also refused to disclose Mr. Sauerwein's proposed rebuttal opinions, and have instead offered only to provide his "resume." Clearly, this too is improper and warrants the preclusion of any testimony by Mr. Sauerwein.

13300790.6

2014, when Lehman's counsel provided the RMBS Trustees with both experts' signatures affixed to a confidentiality agreement between the parties.[1] Thus, there are no grounds to allow them to offer rebuttal opinions at the December 10 hearing, particularly given their refusal to disclose those opinions through the timely provision of expert declarations.

*Reliance Upon Factual Statements in Mr. Top's Declaration*

With respect to the RMBS Trustees' proposed reliance upon the fact Declaration of U.S. Bank's counsel, Mr. Top, the Court will recall that Lehman previously sought (over three weeks ago) the deposition of another representative of U.S. Bank, Tim Pillar. In its November 20, 2014 letter to the Court, Lehman requested Mr. Pillar's deposition on "certain factual matters bearing on whether the Court should approve Lehman's proposed protocol or permit the Trustees' claims to be estimated." (*See* Dkt. No. 46999 at 2.) The RMBS Trustees resisted that request, asserting that the deposition of a U.S. Bank representative at this juncture was "inappropriate" and that Mr. Pillar had "no relevant testimony" concerning the issue of whether Lehman's Protocol should be adopted. (*See* Dkt. No. 47006 at 3-4.) The RMBS Trustees also argued that the question of "whether there must be a full loan-by-loan review . . . is a legal issue for [the] Court to decide." (*Id.*)

Ultimately, the Court accepted the RMBS Trustees' position and declined to order Mr. Pillar's deposition, noting there was no need for such testimony from fact witnesses at the upcoming hearing.

Given the RMBS Trustees' staunch opposition to Lehman's request for Mr. Pillar's deposition, and their assertions that any factual testimony from U.S. Bank was irrelevant to the issues to be heard by the Court at the upcoming hearing, their newly disclosed plans to rely upon the Top Declaration are improper. Indeed, in light of the positions they have previously taken and the RMBS Trustees' refusal to offer Mr. Pillar, the RMBS Trustees should now be estopped from relying upon the Top Declaration at the hearing.

If the Court permits the RMBS Trustees to introduce Mr. Top's Declaration, Lehman submits that it must be given a fair and full opportunity to depose Mr. Top concerning the statements in his Declaration in advance of the hearing. The RMBS Trustees, however, have refused to make him available.

In any case, the RMBS Trustees' plans to introduce the factual assertions in the Top Declaration implicate ethical concerns of which the Court should be aware. New York Rule of Professional Conduct 3.7(a) states as follows:

> (a)  A lawyer shall not act as advocate before a tribunal in a matter
>       in which the lawyer is likely to be a witness on a significant
>       issue of fact unless:
>
> (1) the testimony relates solely to an uncontested issue;

---

[1]    In its most recent letter to the Court, dated November 20, 2014, Lehman also noted that it would present at least two witnesses at the December 10 hearing.

13300790.6

(2) the testimony relates to the nature and value of legal services rendered in the matter;

(3) disqualification of the lawyer would work substantial hardship on the client;

(4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or

(5) the testimony is authorized by the tribunal.

N.R. R. Prof'l Conduct § 3.7(a).  According to Rule 3.7(a), the "Advocate-Witness Rule", a lawyer is prohibited from simultaneously serving as advocate and witness before a tribunal, except in specifically listed circumstances, **none** of which apply here. *See Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 282 (2d Cir. 2004) ("The advocate-witness rule applies, first and foremost, where the attorney representing the client before a jury seeks to serve as a fact witness *in that very proceeding*.") (emphasis in original).

The Top Declaration sets forth the RMBS Trustees' supposed efforts to consensually resolve their claims with Lehman over the past five years, and includes references to alleged communications through which the RMBS Trustees proposed frameworks for claim resolution, and Lehman was allegedly non-responsive.  As is clearly evident from the parties' recent briefing, the RMBS Trustees' lack of diligence in complying the loan-level claim validation requirements of the Governing Agreements underlying the securitizations at issue has become a "significant issue of fact" in connection with the pending motions, so significant that the RMBS Trustees filed the Top Declaration in an effort to defend their conduct in this regard.  As the RMBS Trustees should also be aware, Lehman has a very different perspective on these matters, such that any testimony Mr. Top may offer would certainly not be "uncontested."

Under these circumstances, it would be impermissible for the RMBS Trustees to introduce the factual assertions in the Top Declaration, while at the same time allowing Mr. Top to continue to represent U.S. Bank, take and defend expert depositions, or present argument on behalf of the RMBS Trustees at the hearing. *See, e.g., Gorbaty v. Wells Fargo Bank, N.A.*, 2011 WL 318090, at **2-4 (E.D.N.Y. Feb. 1, 2011) (disqualifying attorney who was "likely be to be a witness on a significant issue of fact" in the proceedings).  Accordingly, Lehman submits that should the RMBS Trustees be permitted to rely on Mr. Top's Declaration, they should be required to make him available for deposition.  Moreover, Mr. Top should withdraw as counsel of record to U.S. Bank in these proceedings, and that he should not otherwise participate in the December 10 hearing, or in deposing Lehman's experts.

*Proposed December 10 Hearing Schedule*

Given the inappropriateness of the RMBS Trustees' plans to call Messrs. Aronoff and Sauerwein, and to rely upon the Top Declaration, Lehman submits that the Court should only hear testimony from those experts whose opinions have already been disclosed — Mr. Alread and Mr. Pino in support of Lehman's Cross-Motion, and Dr. Parekh in support of the RMBS Trustees' Estimation Motion and in rebuttal to Lehman's Cross-Motion.  Lehman proposes the

13300790.6

following hearing structure and timing, which is based on Lehman's current best estimates as to the amount of time required to complete each phase:

- Opening Statements *(approximately 10-15 minutes for each side)*

- Witness Testimony *(approximately three hours total — 30 minutes of direct examination, and 30 minutes of cross examination for each witness)*

    o William Alread (Lehman expert)

    o Craig Pino (Lehman expert)

    o Charles A. Parekh (RMBS Trustees' expert, limited to Lehman's proposed Protocol).   In light of his deposition testimony, Lehman will move to exclude Dr. Parekh's testimony regarding the Protocol on *Daubert* grounds.

- Closing/Legal Arguments *(approximately 45 minutes for each side)*

Lehman appreciates the Court's extremely busy schedule, and its willingness to allocate nearly the entirety of December 10 to hearing these critical motions.  As the parties work to resolve their disputes in advance of the hearing, Lehman respectfully requests the Court's guidance through a telephonic conference, and is available at the Court's earliest convenience.

Respectfully submitted,

Todd G. Cosenza

cc:    Franklin H. Top III, Esq.
       M. William Munno, Esq.
       John C. Weitnauer, Esq.
       Richard C. Pedone, Esq.
       Dennis Dunne, Esq.