B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re Lehman Brothers Holdings Inc., et al., Debtors.   Case No. 08-13555 (SCC)
(Jointly Administered)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Goldman, Sachs & Co. | Alden Global Distressed Opportunities Master Fund, L.P. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Goldman, Sachs & Co.
200 West Street
New York, NY 10282
Tel. No.: 212-934-3921
Email: gsd.link@gs.com
Attention: Michelle Latzoni

Court Claim # (if known): multiple—please see Schedule 1 to attached Agreement and Evidence of Transfer
Amount of Claim Transferred: please see Schedule 1 to attached Agreement and Evidence of Transfer
Date Claim Filed: multiple
Debtor: Lehman Brothers Holdings Inc.

Phone:_____
Last Four Digits of Acct #: _____

Phone:_____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

1

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

GOLDMAN, SACHS & CO.

By: _____     Date: December 12, 2014
      Name of Transferee/Transferee's Agent
      Dennis Lafferty
      Managing Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Alden Global Distressed Opportunities Master Fund, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Goldman, Sachs & Co.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim Numbers specified in Schedule 1 attached hereto filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to Buyer a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Proof of Claim ("Notice") and no action was undertaken by Seller with respect to the Notice; (h) Seller has delivered to Buyer true and correct copies of the notices of distribution it has received from Epiq on account of the Transferred Claims (though such notices may be redacted to exclude information not material to the Transferred Claims); (i) either Seller or its predecessor in title has received distributions on account of the Transferred Claims on or around April 17, 2012, October 1, 2012, April 4, 2013, October 3, 2013, April 3, 2014 and October 2, 2014 (the October 2, 2014 distribution being the "Sixth Distribution") (collectively, the "LBHI Distributions"), in each case in an amount proportional to distributions made generally to holders of allowed LBHI Class 5 Claims under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated December 5, 2011 [ECF No. 23023] (the "Plan"); (j) either Seller or its predecessor in title has received distributions on May 8, 2013, October 24, 2013, April 28, 2014 and October 28, 2014 relating to the Purchased Securities in each case in an amount proportional to distributions made generally to holders of similar claims against Lehman Brothers Treasury Co. BV (collectively, the "BV Distribution," and together with the LBHI Distributions, the "Distributions"); and (k) other than the Distributions, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims or the Purchased Securities.

862091v.1 153/05435

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days after the later of (i) receipt thereof, and (ii) the date of this Agreement and Evidence of Transfer) remit to Purchaser any payments, distributions or proceeds received by Seller after the trade date in respect of the Transferred Claims (including for the avoidance of doubt, the Sixth Distribution). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

862091v.1 153/05435

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 12 day of December 2014.

GOLDMAN, SACHS & CO.

By: _____
Name: Dennis Lafferty
Title: Managing Director

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212) 934-3921

ALDEN GLOBAL DISTRESSED
OPPORTUNITIES MASTER FUND, L.P.
By: Alden Global Capital, LLC, its Service Provider

By: _____
Name:
Title:

c/o Alden Global Capital
885 Third Ave. 34th Floor
New York, NY 10022
Attn: Ithran Olivacce
Tel: 212-418-6862
Email: IOlivacce@aldenglobal.com,
tradingops@aldenglobal.com

862091v.1 153/05435

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 12 day of December 2014.

| GOLDMAN, SACHS & CO. | ALDEN GLOBAL DISTRESSED OPPORTUNITIES MASTER FUND, L.P. |
|---|---|
| | By: Alden Global Capital, LLC, its Service Provider |
| By:_____ | ⍺ By:_____ |
| Name: | Name: Jason Pecora |
| Title: | Title: Managing Director - Operations |
| 30 Hudson Street, 5th Floor | c/o Alden Global Capital |
| Jersey City, NJ 07302 | 885 Third Ave. 34th Floor |
| Attn: Michelle Latzoni | New York, NY 10022 |
| Email: gsd.link@gs.com | Attn: Ithran Olivacce |
| Tel: (212) 934-3921 | Tel: 212-418-6862 |
| | Email: IOlivacce@aldenglobal.com, tradingops@aldenglobal.com |



862091v.1 153/05435

Schedule 1

Transferred Claims

Purchased Claim

As set forth below.

Lehman Programs Securities to which Transfer Relates

| POC | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount (USD) |
|---|---|---|---|---|---|
| 47115 | XS0276072682 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 729,000.00 | 868,929.87 |
| 58648 | XS0366576774 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,020,000.00 | 562,803.95 |
| 51148 | XS0326730313 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,167,926.00 | 451,465.58 |
| 62870 | XS0362343930 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 274,174.00 | 389,081.96 |
| 51147 | XS0324269561 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 821,545.00 | 332,742.78 |
| 55393 | XS0350109475 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 178,000.00 | 178,210.14 |
| 59838 | XS0354397571 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 330,000.00 | 330,000.00 |
| 47125 | XS0300880183 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 364,000.00 | 272,628.4 |
| 62870 | XS0345320799 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 175,855.00 | 249,556.88 |
| 58671 | XS0329665946 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,770,000.00 | 220,413.13 |
| 66962 | XS0327398656 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 504,877.53 | 243,413.18 |

Schedule 1-1

862091v.1 153/05435

| | | | | | |
|---|---|---|---|---|---|
| 66962 | XS0327398656 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 28,016.68 | 13,507.49 |
| 47108 | XS0366668548 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 364,000.00 | 211,350.13 |
| 60400 | XS0353557233 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 290,000.00 | 290,000.00 |
| 58671 | XS0329666167 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,390,000.00 | 110,465.75 |
| 58671 | XS0331288513 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 2,029,999.95 | 183,084.48 |
| 58221 | XS0220152069 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 200,000.00 | 284,591.65 |
| 47107 | XS0366668464 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 364,000.00 | 212,500.40 |
| 58804 | XS0288802605 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 444,078.00 | 361,712.08 |
| 58810 | XS0324356376 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 177,631.00 | 196,265.80 |
| 59841 | XS0349177955 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 200,000.00 | 200,256.67 |
| 35942 | XS0334475232 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 100,000.00 | 100,000.00 |
| 35943 | XS0334475232 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 100,000.00 | 100,000.00 |
| 58807 | XS0300349882 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 355,263.00 | 198,327.56 |
| 62901 | XS0306341958 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 1,762,790.56 | 1,447,629.42 |