**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Fax: (212) 225-3999
Thomas J. Moloney
Sean A. O'Neal
Humayun Khalid

*Attorneys for Claimant SPCP Group, L.L.C.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF AUSTIN SAYPOL IN SUPPORT OF CLAIMANT SPCP GROUP, L.L.C.'S MOTION UNDER BANKRUPTCY CODE SECTION 1142(b) TO COMPEL LOTC TO PAY POST-PETITION INTEREST AS REQUIRED BY ITS CONFIRMED PLAN OF REORGANIZATION**

I, Austin Saypol, declare as follows:

      1.      I am an investment analyst at Silver Point Capital, L.P., the investment manager for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. (collectively, "Silver Point").  I submit this declaration in support of Silver Point's motion under Bankruptcy Code Section 1142(b) to compel LOTC to pay post-petition interest as required by its confirmed plan of reorganization (the "Motion").[1]

---

[1]      Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

2.      As set forth in its proof of claim filed in these cases, Central European Media

Enterprises Ltd. ("CME"), Silver Point's predecessor in interest, entered into a capped call

transaction (the "Transaction") dated March 4, 2008, with LOTC as counterparty and LBHI as

guarantor.  The Transaction was governed by a 1992 ISDA Master Agreement, together with all

schedules, annexes, amendments, exhibits, predecessor documents, and novations thereto, and all

confirmations exchanged pursuant to the Transaction (the "Swap Agreement").  A copy of the

proof of claim filed October 13, 2008, is attached as Exhibit 1 (the "Proof of Claim").

3.      On September 16, 2008, CME sent notice to LOTC notifying LOTC that an Event

of Default had occurred under Section 5(a)(vii) of the Swap Agreement because of the Chapter

11 filing of LBHI.  In the same notice, CME exercised its rights under the Swap Agreement to

set September 16, 2008, as the early termination date.  See Proof of Claim.

4.      On September 23, 2008, CME sent a notice to LOTC informing LOTC that it was

required to pay CME no less than $19.9 million.  See Proof of Claim.

5.      On October 13, 2008, CME filed proofs of claim against LOTC and LBHI for no

less than $19.9 million owed under the Swap Agreement.  See Proof of Claim.

6.      Subsequently, CME entered an assignment of claim between CME and Silver

Point, whereby CME transferred, sold and assigned to Silver Point all its rights, title, and interest

in, to, and under the Swap Agreement, and all payments and distributions paid or payable under

the Swap Agreement.  See Notice of Transfer of Claim Other Than for Security Pursuant to Fed.

R. Bankr. P. 3001(e)(2) (D.I. 4945).

7.      As a result of negotiations, in December 2012 Silver Point and the Plan

Administrator agreed that the Swap Agreement Claims would be allowed as general unsecured

claims against LOTC and LBHI respectively, each in the amount of $15 million. This agreement

2

was confirmed in a contemporaneous e-mail from the Plan Administrator to Silver Point. See e-mail from Curtis Carmack of Lehman Brothers Holdings, Inc., to Brian Jarmain of Silver Point, dated December 14, 2012, a copy of which is attached as Exhibit 2.

8.      In April of 2014, I had a phone conversation with a representative of LOTC regarding post-petition interest Distributions.  LOTC stated that a plan for making post-petition interest Distributions to LOTC creditors had not yet been developed  but they were working on it.

9.      Given that conversation, I was surprised to discover in October that LOTC had loaned LBHI $560 million while simultaneously conceding that it had still not recorded an estimate for the amount or timing of post-petition interest Distributions to LOTC creditors.  See Q2 2014 Financial Statements.

10.     On October 7, 2014, Silver Point submitted its interest certification for post-petition interest owed pursuant to the Swap Agreement, and asked LOTC to disclose its plans for making post-petition interest Distributions.  A copy of the interest certification is attached as Exhibit 3.

11.     LOTC responded on October 14, 2014.  LOTC failed to provide any information regarding any plan in place to address these obstacles or to provide a timeline for when further Distributions might occur. A copy of the response is attached as Exhibit 4.

12.     On November 10, 2014, Silver Point wrote again to LOTC, requesting information regarding its plans and timetable for dealing with the post-petition interest issue. Silver Point suggested that such information should be made generally available to LOTC creditors.  A copy of the November 10 letter is attached as Exhibit 5.

13.     To date, the Plan Administrator has not responded to Silver Point's November 10

Letter.

14.     I declare under penalty of perjury that the foregoing statements are true and

correct to the best of my knowledge, information, and belief.

Dated:  December 18, 2014
        New York, New York


                                          ____/s Austin Saypol_____
                                          Austin Saypol

# EXHIBIT 1

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Lehman Brothers OTC Derivatives Inc. | Case Number:<br>08-13893(JMP) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Central European Media Enterprises Ltd. | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>Central European Media Enterprises Ltd, c/o CME Development Corp.,<br>Aldwych House, 81 Aldwych, London WC2B4HN, UK<br><br>Telephone number:    + 44-207-430-5430 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $ 19,900,000<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:**    Breach of Contract<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>**3a. Debtor may have scheduled account as:** _____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>Describe:<br><br>**Value of Property:**$_____   **Annual Interest Rate**___%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any:** $_____   **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |
| **6. Credits:** The amount of all payments on this | **Amount entitled to priority:**<br><br>$_____ |
| **7. Documents:** Attach redacted copies of any d<br>orders, invoices, itemized statements of running<br>You may also attach a summary.  Attach redacted<br>a security interest.  You may also attach a summa<br><br>DO NOT SEND ORIGINAL DOCUMENTS.  A<br>SCANNING.<br><br>If the documents are not available, please explain: | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000000117<br><br>‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ |
| | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

| | |
|---|---|
| Date:<br>10/07/08 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*[signature]* | FILED / RECEIVED<br><br>FOR COURT USE ONLY<br><br>OCT 13 2008<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

MICHAEL GARIN
CHIEF EXECUTIVE OFFICER
CENTRAL EUROPEAN MEDIA ENTERPRISES LTD.

## ATTACHMENT A

The claim of Central European Media Enterprises Ltd. ("CME") is a general, unsecured claim which arises out of a capped call transaction (the "Transaction"), dated as of March 4, 2008, between CME, Lehman Brothers OTC Derivatives Inc., as Counterparty (the "Debtor"), and Lehman Brothers Holdings Inc., as Guarantor (the "Guarantor").  The Transaction is summarized below and more detail can be found in CME's Form 10-Q for the quarter ended June 30, 2008 on file with the United States Securities and Exchange Commission.  Copies of the Transaction documents are not attached because the exact terms of the Transaction are confidential and the Debtor has copies of the Transaction.

CME paid Debtor approximately $19.8 million at the time it entered into the Transaction.  CME entered into the Transaction to increase the effective conversion price of certain convertible notes.  To that end, CME purchased capped call options over a set number of its shares of CME Class A common stock.  The options entitled CME to receive, at its election, cash or shares of Class A common stock with a value equal to the difference between the trading price of its shares at the time the option is exercised and a predetermined share price, up to a predetermined maximum share price.  Guarantor provided an unconditional guarantee in favor of CME, whereby Guarantor guaranteed the due and punctual payment of all amounts payable by Debtor.  Guarantor's filing on September 15, 2008 of a petition for bankruptcy is an event of default under the Transaction.  On September 16, 2008, CME delivered a Notice of Event of Default, a true and correct copy of which is annexed hereto as Exhibit 1.  Pursuant to the terms of the Transaction, as the non-defaulting party, CME is entitled to provide a good faith determination of its losses with no requirement that it obtain quotations from third-party market makers.  Nevertheless, on September 22, 2008, CME obtained a quote (as provided in a letter dated September 23, 2008, a true and correct copy of which is annexed hereto as Exhibit 2) from Morgan Stanley of $19.9 million.  Accordingly, CME determines its loss on the Transaction to be $19.9 million.

The filing of this Proof of Claim is not (a) a waiver, release or modification of CME's rights against any person, entity or property, (b) an election of remedy, or (c) a waiver of any past, present or future defaults or events of default.

All notices and distributions in respect of this claim should be forwarded to:

> Central European Media Enterprises Ltd.
> c/o CME Development Corp.
> Attn: Wallace Macmillan
> Aldwych House
> 81 Aldwych
> London WC2B 4HN
> United Kingdom
> Tel: +44-207-430-5430
> Fax: +44-207-430-5402

With a copy to:

Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, New York 10019-6092
Tel: 212-259-8000
Fax: 212-259-6333
Attn: Jeffrey Potash, Esq.

**EXHIBIT 1**



Central European Media Enterprises

September 16, 2008

VIA COURIER & FACSIMILE (646) 885-9546

Lehman Brothers OTC Derivatives Inc.
c/o Lehman Brothers Inc.
Transaction Management Group – Andrew Yare
745 Seventh Avenue
New York, New York 10019

**Re:  Notice of Event of Default for Lehman Brothers OTC Derivatives Inc.**

Dear Sir/Madam:

Reference is made to the ISDA Master Agreement (including the Credit Support Document thereto) dated as of March 4, 2008 between Lehman Brothers OTC Derivatives Inc. (the "Counterparty") and Central European Media Enterprises Ltd. ("CME") (the "ISDA Master Agreement") and the Transaction governed thereunder (together with the ISDA Master Agreement, as it may be amended from time to time, the "Agreement").  Capitalized terms used but not defined in this letter shall have the meanings set forth in the Agreement.

CME hereby notifies Counterparty that an event under Section 5(a)(vii) of the Agreement has occurred.

In light of the foregoing, CME hereby designates pursuant to Section 6 of the Agreement, September 16, 2008 as an Early Termination Date with respect to all outstanding Transactions thereunder.  We will determine the payments due on early termination pursuant to the Agreement.

The consequence of the occurrence of an Early Termination Date is that:

(a)    no further payments or deliveries under Section 2(a)(i) or 2(e) in respect of the Transactions will be required; and

(b)    any amount payable in respect of the Early Termination Date shall be determined pursuant to the Agreement.

If you have any questions regarding the above, please do not hesitate to call Daniel Penn at +44 20 7430 5434.

Sincerely,

CENTRAL EUROPEAN MEDIA ENTERPRISES LTD.

By: _____
Name: Michael Gann
Title: Chief Executive Officer

**EXHIBIT 2**



Central European Media Enterprises

September 23, 2008

VIA COURIER & FACSIMILE (646) 885-9546

Lehman Brothers OTC Derivatives Inc.
c/o Lehman Brothers Inc.
Transaction Management Group – Andrew Yare
745 Seventh Avenue
New York, New York 10019

Re:     **ISDA Master Agreement (including the Credit Support Document
        thereto) (the "Agreement") dated as of March 4, 2008 between Lehman
        Brothers OTC Derivatives Inc. (the "Counterparty") and Central
        European Media Enterprises Ltd. ("CME")**

Dear Sir/Madam:

        CME and Counterparty are parties to the Agreement.  Unless the context
indicates otherwise, any capitalized terms used, but not defined herein, shall have the
meanings designated the Agreement.

        As set forth in the letter from CME sent to you on September 16, 2008, CME
has designated September 16, 2008 as the Early Termination Date under the
Agreement as the result of the occurrence of an Event of Default under the
Agreement.

        This notice represents the statement pursuant to Section 6(d)(i) of the
Agreement setting the payment required to be made by Counterparty to CME
pursuant to Section 6(e) of the Agreement.  Such amount is $ 19.9 million. Although
pursuant to the Loss measure of payments which governs the Agreement we are not
required to do so, we have calculated this amount by reference to a quotation received
from Morgan Stanley on September 22, 2008.

Interest will accrue on the amount payable for the period from (and including) the Early Termination Date to (but excluding) the date the amount is paid, at the Applicable Rate as defined in Section 14 of the Agreement.

Wire instructions to which the amount is to be sent are attached as Exhibit A.

If you have any questions regarding the above, please do not hesitate to call Daniel Penn at +44 20 7430 5434.

Sincerely,

CENTRAL EUROPEAN MEDIA ENTERPRISES LTD.

By: _____
Name:  Wallace Macmillan
Title:   Chief Financial Officer



RECEIVED
OCT 1 3 2008
By



OCT 1 3 2008
By

RECEIVED
OCT 1 3 2008

*Dewey & LeBoeuf LLP*
*1301 Avenue of the Americas*
*New York, NY 10019*


**TO:  Epiq Bankruptcy Solutions, LLC**
**Attn: Lehman Brothers Holdings Claims Processing**
**757 Third Avenue, 3rd Floor**
**New York, NY 10017**

# EXHIBIT 2

From: Carmack, Curtis [mailto:curtis.carmack@lamcollc.com]
Sent: Friday, December 14, 2012 3:03 PM
To: Brian Jarmain (bjarmain@silverpointcapital.com)
Cc: Beacher, Ronald S.; Pati, Somak
Subject: Settlement of SPCP's Central European Media Enterprises claims

Dear Brian,

I am writing to confirm our agreement to settle SPCP Group, LLC's ("SPCP") claim for amounts due under the Form 1992 ISDA Master Agreement referenced in a long-form "Capped Call Transaction" confirmation dated March 4, 2008, between Central European Media Enterprises Ltd. ("CEME") and Lehman Brothers OTC Derivatives Inc. ("LOTC") (the "Derivative Contract") and the related guarantee provided by Lehman Brothers Holdings Inc. ("LBHI") (the "Guarantee"). CEME filed (i) a claim against LOTC (Claim No. 117) in the amount of $19,900,000 based on the Derivative Contract and (ii) a corresponding guarantee claim (Claim No. 171) in the amount of $19,900,000 based on the Guarantee. LOTC and LBHI objected to Claim Nos. 117 and 171 (the "Claims"). The Plan Administrator believes that the amounts of the Claims should be substantially lower than $19,900,000.

As a result of negotiations, SPCP and the Plan Administrator agree that the Claims shall be allowed as general unsecured claims against LOTC and LBHI respectively, each in the  amount of $15,000,000.00 (the "Settlement Amount"), in full and complete satisfaction of all amounts due under the Derivative Contract and the Guarantee. LOTC acknowledges that the Claims have been transferred from CEME to SPCP and that SPCP has the right to settle the Claims.

Pursuant to this agreement, Claim Nos. 117 and 171 shall be allowed as prepetition general unsecured claims at the Settlement Amount pursuant to the Modified Third Amended Joint Chapter 11 Plan for Lehman Brothers Holdings Inc. and Its Affiliated Debtors, which became effective on March 6, 2012 (the "Plan"). This settlement is being entered into in accordance with the Court's July 18, 2012 Order modifying certain existing claims orders [Docket No. 29505], which permits the Plan Administrator (as defined in the Plan), to settle claims asserted against the Debtors without prior court approval or any other party of interest where (a) the allowed amount of the settled claim is less than or equal to $200 million or (b) if the allowed claim is a portion of a divided claim, the pro-rata amount is less than or equal to $200 million. Notwithstanding the foregoing, as the LOTC and LBHI have previously objected to the Claims as part of an omnibus objection, the parties agree that an order will be sought allowing Claim Nos. 117 and 171 at the Settlement Amount.

Pursuant to this settlement, SPCP and the Plan Administrator have agreed that the Claims are to be allowed in the Settlement Amount identified above. Any amounts in excess of the Settlement Amount are to be disallowed. SPCP agrees that the Plan Administrator is authorized to provide a copy of the e-mail confirming this agreement to the Bankruptcy Court, together with a certificate of no objection, for entry of an order definitively reducing and allowing the Claims at the Settlement Amount. Once that order is in hand, EPIQ Bankruptcy Solutions will update the claims register to reflect that the Claims are modified and allowed in the amount noted above.

Please acknowledge SPCP's agreement by replying to this e-mail indicating its assent to these terms.

Thanks,

Curt

Curtis Carmack – Lehman Brothers Holdings, Inc.
1271 6th Ave, 40th Floor, New York, NY 10020
desk +1 646 285 9429 mobile +1 908 522 8703
e-mail curtis.carmack@lehmanholdings.com

This communication is confidential and Rule 408 of the Federal Rules of Evidence, as well as other legal principles, apply to protect its contents.

Confidentiality Notice: The contents of this email, all related responses and any files and/or attachments transmitted with it are CONFIDENTIAL and are intended solely for the use of the individual or entity to whom they are addressed. This email may contain legally privileged or confidential information and may not be disclosed or forwarded to anyone else without authorization from the originator of this email. If you have received this email in error, please notify the sender immediately and delete all copies from your system.

———————————————————————

***CONFIDENTIALITY NOTICE***

This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.

———————————————————

IRS Circular 230 disclosure:

To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or applicable provisions of state and local tax law or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

This e-mail and any file(s) transmitted with it may contain confidential and/or privileged information. Nothing contained in this e-mail and/or any file(s) transmitted with it constitutes a solicitation or an offer to buy or sell any securities. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient (or have received this email in error), please notify the sender immediately and delete

this e-mail without making a copy. If this e-mail is misdirected, Silver Point Capital, L.P. and its affiliates do not waive confidentiality or any privilege.

# EXHIBIT 3

**SPCP Group, L.L.C.**
**As agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd.**
**Two Greenwich Plaza**
**Greenwich, CT 06830**

*VIA E-MAIL AND COURIER*

October 7, 2014

Lehman Brothers OTC Derivatives Inc.
c/o Lehman Brothers Holdings Inc.
1271 Avenue of the Americas
New York, New York 10020
Attention: Bryan Marsal and John K. Suckow

**Re:    *Post-Petition Interest (LOTC Claim No. 117, LBHI Claim No. 171)***

Dear Sirs:

Reference is made to: (i) the form 1992 ISDA Master Agreement referenced in a long-form "Capped Call Transaction" confirmation dated March 4, 2008, between Central European Media Enterprises Ltd. ("*CEME*") and Lehman Brothers OTC Derivatives Inc. ("*LOTC*") (the "*Derivative Contract*") and the related guarantee provided by Lehman Brothers Holdings Inc. ("*LBHI*") (the "*Guarantee*") including all schedules, documents, and confirmations relating thereto (collectively, the "*ISDA Documents*"), and (ii) that certain Assignment of Claim ("*Assignment Agreement*") by and among CEME and SPCP Group, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. (the "*Purchaser*") dated as of March 3, 2009, pursuant to which, among other things, CEME sold to the Purchaser, and the Purchaser purchased from CEME, all of CEME's rights, title, and interest in, to, and under the ISDA Documents, and all payments and distributions paid or payable under the ISDA Documents, in connection with LOTC claim number 117 (the "*LOTC Claim*") and the related guaranty LBHI claim number 171.

We understand that all allowed claims against LOTC have been satisfied in full and that as of June 30, 2014, LOTC held available cash sufficient to make distributions in respect of post-petition interest as required by Section 8.13(c) of the *Modified Third Amended Joint Chapter 11 Plan of LBHI and its Affiliated Debtors*. Notwithstanding its obligations under the Plan, however, LOTC has not made any distributions to LOTC creditors on account of post-petition interest or even recorded an estimate for post-petition interest payable to LOTC creditors.

Purchaser, in its capacity as owner of the LOTC Claim, is owed post-petition interest at the Default Rate under the ISDA Documents ("*LOTC Post-Petition Interest*") in an amount no less than the amount certified in the ISDA Interest Certification attached hereto. Accordingly, Purchaser hereby demands that the Plan Administrator disclose its plans for making the distribution Purchaser is entitled to under Section 8.13(c) of the Plan on account of the LOTC Post-Petition Interest. Such disclosure is especially important so that LOTC creditors can assess the wisdom and appropriateness of the Plan Administrator using LOTC's funds to help satisfy the obligations of other Lehman estates. See Section 2.2 of Management's Discussion & Analysis from the *Balance Sheets as of June 30, 2014,* recently filed by the Plan Administrator. If we do not receive an acceptable response concerning the Plan Administrator's intentions to make such distribution, including with respect to the timing thereof,

Purchaser intends to file a motion seeking payment of all LOTC Post-Petition Interest and to compel the Plan Administrator to perform its obligations under the Plan.

Nothing herein shall limit, amend, waive, release or otherwise modify the ISDA Interest Certification, ISDA Documents or any other rights, claims, remedies, demands or causes of action the Purchaser may have against Lehman (including, without limitation, any rights under the Plan), and all such rights, claims, remedies, demands and causes of action relating to the foregoing are hereby reserved.

**SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd.**

By:

Name:
Title:     Frederick H. Fogel
           Authorized Signatory

cc (via courier):

Lehman Plan Administrator
c/o Lehman Brothers Holdings Inc.
1271 Avenue of the Americas
New York, New York  10020
Attention:  Bryan Marsal and John K. Suckow

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York  10153
Attention:  Harvey R. Miller and Lori R. Fife
Re:  Lehman Brothers

cc (via electronic mail):
Garrett Fail, Weil, Gotshal & Manges LLP (garrett.fail@weil.com)
Harvey R. Miller, Weil, Gotshal & Manges LLP (harvey.miller@weil.com)
Lori R. Fife, Weil, Gotshal & Manges LLP (lori.fife@weil.com)

**SPCP Group, L.L.C.**
**As agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd.**
**Two Greenwich Plaza**
**Greenwich, CT 06830**

*VIA E-MAIL AND COURIER*

October 7, 2014

Lehman Brothers OTC Derivatives Inc.
c/o Lehman Brothers Holdings Inc.
1271 Avenue of the Americas
New York, New York 10020
Attention: Bryan Marsal and John K. Suckow

**Re:   *ISDA Interest Certification (LOTC Claim No. 117, LBHI Claim No. 171)***

Dear Sirs:

Reference is made to: (i) the form 1992 ISDA Master Agreement referenced in a long-form "Capped Call Transaction" confirmation dated March 4, 2008, between Central European Media Enterprises Ltd. ("*CEME*") and Lehman Brothers OTC Derivatives Inc. ("*LOTC*") (the "*Derivative Contract*") and the related guarantee provided by Lehman Brothers Holdings Inc. ("*LBHI*") (the "*Guarantee*") including all schedules, documents, and confirmations relating thereto (collectively, the "*ISDA Documents*"), and (ii) that certain Assignment of Claim ("*Assignment Agreement*") by and among CEME and SPCP Group, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd. (the "*Purchaser*") dated as of March 3, 2009, pursuant to which, among other things, CEME sold to the Purchaser, and the Purchaser purchased from CEME, all of CEME's rights, title, and interest in, to, and under the ISDA Documents, and all payments and distributions paid or payable under the ISDA Documents, in connection with LOTC claim number 117 (the "*LOTC Claim*") and the related guaranty LBHI claim number 171.

The Purchaser hereby certifies, pursuant to the ISDA Documents and in its capacity as the owner of the LOTC Claim and the true and lawful attorney of CEME, that as of the date hereof, the unpaid interest accruing at the Default Rate under the ISDA Documents is $16,752,963.38. Pursuant to the ISDA Documents, for purposes of this certification this amount has been calculated using as Default Rate, the market yield as implied by trading prices of the publicly issued senior secured debt of CEME plus 1% per annum, and will continue to accrue and compound daily until payment in full.

Nothing herein shall limit, amend, waive, release or otherwise modify this certification, the ISDA Documents or any other rights, claims, remedies, demands or causes of action the Purchaser may have against Lehman (including, without limitation, any rights under the Plan), and all such rights, claims, remedies, demands and causes of action relating to the foregoing are hereby reserved. Purchaser reserves the right to amend or supplement this certification.

*[Remainder of page left intentionally blank]*

**SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd.**

By:

Name:    Frederick H. Fogel
Title:    Authorized Signatory

cc (via courier):

Lehman Plan Administrator
c/o Lehman Brothers Holdings Inc.
1271 Avenue of the Americas
New York, New York  10020
Attention:  Bryan Marsal and John K. Suckow

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York  10153
Attention:  Harvey R. Miller and Lori R. Fife
Re:  Lehman Brothers

cc (via electronic mail):

Garrett Fail, Weil, Gotshal & Manges LLP (garrett.fail@weil.com)
Harvey R. Miller, Weil, Gotshal & Manges LLP (harvey.miller@weil.com)
Lori R. Fife, Weil, Gotshal & Manges LLP (lori.fife@weil.com)

# EXHIBIT 4

October 14, 2014

*Via E-Mail and First Class Mail*

SPCP Group LLC, as agent for Silver Point Capital Fund, L.P.
and Silver Point Capital Offshore Fund, Ltd.
Two Greenwich Plaza
Greenwich, CT 06830
Attention: Frederick H. Fogel

**Re:     *In re Lehman Brothers Holdings Inc., et. al.*, Ch. 11 Case No. 08-13555 (SCC);
        Proof of Claim Number 117**

Dear Mr. Fogel:

Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the Modified
Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliates Debtors (the
"Plan"), writes in response to your letter, dated October 7, 2014, to Lehman Brothers OTC Derivatives
Inc. ("LOTC").

Your assertions regarding the Plan Administrator's obligations under the Plan are based on
misunderstandings of the existing facts and circumstances and of the Plan.

Not all claims against LOTC have been satisfied in full, and numerous unresolved claims are still pending
against LOTC, including unliquidated claims.  Even if all outstanding claims were resolved, however,
postpetition interest distributions, if any, payable to creditors of LOTC must be made in a manner that
does not satisfy one such creditor's right to such interest at the expense of another such creditor's rightful
entitlement.  Therefore, the relative distributions to LOTC creditors on account of postpetition interest can
only be calculated after the aggregate amount of LOTC's postpetition interest obligations is determined or
adequately capped.  The Plan Administrator is now in receipt of the information submitted with your
letter in support of your claim for postpetition interest and will evaluate same.  Further, as you are aware,
Baupost Group Securities, LLC and certain other entities have commenced an adversary proceeding
against the Plan Administrator and LOTC regarding their own postpetition interest claims (Adv. Pro. No.
14-02095 (SCC)).  The aggregate amount of LOTC's postpetition interest payment obligations cannot be
determined until the issues involved in the adversary proceeding, and other issues not raised in that
adversary proceeding, have been resolved.  As such, your demand for disclosure of the Plan
Administrator's "plans for making" postpetition interest distributions while litigation remains pending is
not something that can, as a practical matter, be accommodated.

Finally, as you are also aware, the Plan Administrator is authorized to invest cash of the Debtors in the
exercise of its business judgment without the need for Bankruptcy Court or creditor approval. *See* Plan §
6.1(b)(viii).  As explained, LOTC could not make distributions on account of postpetition interest on or
prior to the sixth distribution that occurred on October 2, 2014.  Pursuant to the Plan, the earliest that
postpetition distributions could be made by LOTC is on or about March 30, 2015, which is the next semi-
annual distribution date. *See* Plan § 8.3.  As disclosed, the loan of cash by LOTC to LBHI was fully-
secured by certain LBHI assets and will mature on March 1, 2015, prior to the next distribution date.

In light of the foregoing, any motion to compel the payment of postpetition interest under these
circumstances and given the explanation above appears unlikely to satisfy Rule 11 of the Federal Rules of
Civil Procedure and may compel the Plan Administrator to seek costs and other appropriate remedies.

All rights of the Plan Administrator and LOTC are reserved.

Very truly yours,

LEHMAN BROTHERS OTC DERIVATIVES INC.

By:   Lehman Brothers Holdings Inc.,
as Plan Administrator

By: _____

Name:   RICHARD KATZ
Title:    VP

2

# EXHIBIT 5

**SPCP Group, L.L.C.**
**As agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd.**
**Two Greenwich Plaza**
**Greenwich, CT 06830**

*VIA E-MAIL AND COURIER*

November 10, 2014

Lehman Brothers OTC Derivatives Inc.
c/o Lehman Brothers Holdings Inc.
1271 Avenue of the Americas
New York, New York 10020
Attention: Bryan Marsal and John K. Suckow

*Re:*    *Post-Petition Interest (LOTC Claim No. 117, LBHI Claim No. 171)*

Dear Sirs:

We are writing in response to your letter dated October 14, 2014. We would have preferred if you had provided us with more meaningful information as opposed to inappropriate threats of sanctions.

As you must know, the Plan Administrator owes fiduciary duties to the creditors of the LOTC estate. There should be no dispute that we and other LOTC creditors are entitled to an explanation of the financial significance of the open issues referenced in your letter as prerequisites to making the distributions required by the Plan as well as an explanation of how and when you reasonably expect to resolve any impediments to such distributions.

Under Section 8.13(c) of the Plan, the Plan Administrator is required to make distributions on post-petition interest after satisfaction of "Allowed" claims. That obligation is not conditioned on the resolution of every disputed or unliquidated claim against LOTC. For over one year now, the Plan Administrator's notices of semi-annual distribution have stated that holders of allowed general unsecured and affiliate claims against LOTC have received 100% distributions from Available Cash. *See* Notices regarding Fourth, Fifth, and Sixth Distributions Pursuant to the Plan filed on September 26, 2013, March 27, 2014, and September 25, 2014, respectively. Accordingly, it has been more than <u>one year</u> since the Plan Administrator has known that LOTC would have to calculate and make distributions on post-petition interest.

Unfortunately, your letter provides no explanation of what progress (if any) the Plan Administrator has made in carrying out its obligation to pay post-petition interest to LOTC creditors. Specifically, your statement that there remains "unresolved claims" against LOTC fails to disclose the amount of such claims or what portion (if any) of LOTC's available cash is required to be set aside for such claims. Nor have we been told the significance of the recent adversary proceeding referenced in your letter, which cannot excuse the past year's apparent inactivity, in any event. Finally, there is no explanation of what the "other issues" vaguely referred to in your letter are, and what, if any, significance they might have.

Our concerns here are heightened by your recent decision to lend $560 million in LOTC's funds to other Lehman estates presumably so they can use those funds to enable current distributions to their

own creditor estates. This loan, of course, gives rise to significant questions about conflicts of interests. There is no justification for forcing LOTC creditors to finance distributions to another estate's creditors. We again ask you to share with us the details of your plan to make payments to LOTC creditors (if it exists). We believe that other LOTC creditors would have an interest in your response to these questions, so you should feel free to file your response to this letter with the Court or to post it on the Plan Administrator's website so that all affected LOTC creditors can be informed on the important issues raised herein.

We look forward to your prompt compliance with our request and reserve all rights, claims, and remedies that we have in the event you fail to do so.

> **SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd.**
>
> By:
>
> Name:    Frederick H. Fogel
> Title:    Authorized Signatory

cc (via courier):

> Lehman Plan Administrator
> c/o Lehman Brothers Holdings Inc.
> 1271 Avenue of the Americas
> New York, New York 10020
> Attention: Bryan Marsal and John K. Suckow

> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, New York 10153
> Attention: Harvey R. Miller and Lori R. Fife
> Re: Lehman Brothers

cc (via electronic mail):

> Garrett Fail, Weil, Gotshal & Manges LLP (garrett.fail@weil.com)
> Harvey R. Miller, Weil, Gotshal & Manges LLP (harvey.miller@weil.com)
> Lori R. Fife, Weil, Gotshal & Manges LLP (lori.fife@weil.com)