WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**NOTICE OF MOTION OF THE PLAN**
**ADMINISTRATOR IN AID OF EXECUTION OF THE**
**PLAN TO ESTABLISH A BAR DATE FOR DEMANDS FOR**
**POSTPETITION INTEREST AGAINST LEHMAN BROTHERS OTC**
**DERIVATIVES INC. AND LEHMAN BROTHERS COMMERCIAL CORPORATION**

**PLEASE TAKE NOTICE** that on December 22, 2014, Lehman Brothers

Holdings Inc. ("LBHI"), as Plan Administrator under the *Modified Third Amended Joint Chapter*

*11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan"), filed the

annexed Motion in Aid of Execution of the Plan to Establish a Bar Date for Demands for

Postpetition Interest Against Lehman Brothers OTC Derivatives Inc. and Lehman Brothers

Commercial Corporation (the "Motion"), and that a hearing (the "Hearing") to consider the

Motion will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge,

in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **January 15, 2014 at 10:00 a.m. (Eastern**

**Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, must be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard

copy delivered directly to Chambers), in accordance with the customary practices of the

Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in

accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C.

Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for

LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:

Garrett A. Fail, Esq.; and (iii) the Office of the United States Trustee for Region 2, 201 Varick

Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan

Golden, Esq., and Andrea B. Schwartz, Esq., so as to be so filed and received by no later than

**January 7, 2015 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and

served with respect to the Motion, the Plan Administrator may, on or after the Objection

Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed

order annexed to the Motion, which order may be entered with no further notice or opportunity

to be heard offered to any party.

Dated:   December 22, 2014
         New York, New York

                                       */s/ Garrett A. Fail*
                                       Garrett A. Fail

                                       WEIL, GOTSHAL & MANGES LLP
                                       767 Fifth Avenue
                                       New York, New York 10153
                                       Telephone: (212) 310-8000
                                       Facsimile: (212) 310-8007

                                       *Attorneys for Lehman Brothers Holdings Inc.*
                                       *and Certain of Its Affiliates*

WEIL:\95178116\8\58399.0011

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**MOTION OF THE PLAN ADMINISTRATOR IN**
**AID OF EXECUTION OF THE PLAN TO ESTABLISH**
**A BAR DATE FOR DEMANDS FOR POSTPETITION INTEREST**
**AGAINST LEHMAN BROTHERS OTC DERIVATIVES INC.**
**AND LEHMAN BROTHERS COMMERCIAL CORPORATION**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the

*Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its*

*Affiliated Debtors* (the "Plan"),[1] files this motion and respectfully represents:

**Preliminary Statement**

1.      The Plan Administrator's success in winding down the Debtors and

implementing the Plan has enabled Lehman Brothers OTC Derivatives Inc. ("LOTC") and

Lehman Brothers Commercial Corporation ("LBCC") to satisfy in full Allowed Claims against

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the Plan.

them.[2]  The Plan Administrator estimates that after all Disputed Claims against LOTC and

LBCC are resolved, by either disallowance or allowance, LOTC and LBCC will have Available

Cash for distribution of postpetition interest to holders of Allowed Claims that are entitled to

postpetition interest.  *See* Plan § 8.13(c).  Because the Plan provides for each holder of an

Allowed Claim that is entitled to postpetition interest to receive only its Pro Rata share of further

Distributions, the Plan Administrator must first determine whether, and the extent to which,

entities will assert rights to postpetition interest.

    2.  Holders of certain Allowed Claims already have begun asserting divergent

ranges of demands for postpetition interest against LOTC and LBCC, and the Plan Administrator

has had to respond to litigation commenced with respect to a subset of those demands.[3]  But

there are a larger number of Allowed Claims against these Debtors for which no demand has

been made.  Only after the universe of demands is identified can the Plan Administrator

determine the existence of any dispute with a particular entity, and only after that can the Plan

Administrator determine the most efficient path to resolve any disputes, to make Distributions on

account of postpetition interest and Equity Interests, if applicable, and to close LOTC's and

LBCC's chapter 11 cases.

    3.  To advance this process in logical progression, the Plan Administrator,

therefore, requests the Court (i) establish a date by which any entity (other than a Debtor or a

---

[2] *See Notice Regarding Fourth Distribution Pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (ECF No. 40225); *Notice Regarding Sixth Distribution Pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (ECF No. 46365.)

[3] *See Bania Brothers, L.L.C., Baupost Group Securities, L.L.C., and Wooderson Partners, L.L.C. v. Lehman Brothers OTC Derivatives Inc. and Lehman Brothers Holdings Inc., solely in its capacity as Plan Administrator,* Adv. Pro. No. 14-02095 (SCC).

WEIL:\95178116\8\58399.0011

Debtor-Controlled Entity) that believes it is or may be entitled to postpetition interest from

LOTC or LBCC must assert a demand (the "Postpetition Interest Bar Date"), (ii) approve the

method and form of notice thereof (the "Postpetition Interest Bar Date Notice"), and (iii) require

any such entity to supply to the Plan Administrator by the Postpetition Interest Bar Date certain

basic information to allow the Plan Administrator to properly evaluate such demands (the

"Postpetition Interest Information").

4.      The relief requested through this motion is consistent with the authority

and discretion granted to the Plan Administrator by the Plan and with prior orders entered by the

Court to facilitate the administration of these chapter 11 cases and an efficient use of judicial

resources.  In particular, the Court's establishment of a bar date, requirement for submission of

supplemental questionnaires, and delegation of broad discretion to the Plan Administrator were

foundations of the claims process that resulted in overwhelming success and resolution of more

than 66,000 Claims asserted against the Debtors with minimal contest before the Court.

**Jurisdiction**

5.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334 and section 14.1 of the Plan.  This is a core proceeding

pursuant to 28 U.S.C. § 157(b).

**Background**

6.      Commencing on September 15, 2008 and periodically thereafter, the

Debtors commenced with this Court voluntary cases under the Bankruptcy Code.  The chapter 11

cases have been consolidated for procedural purposes only and are being jointly administered

pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3

7.      On December 6, 2011, the Court approved and entered an order

confirming the Plan (ECF No. 23023).  The Plan became effective on March 6, 2012.

8.      Pursuant to the Plan, the Plan Administrator has the authority and sole

right to "control and effectuate the Claims reconciliation process," "make Distributions to

holders of Allowed Claims in accordance with the Plan," and "exercise its reasonable business

judgment to direct and control the wind down, [and] liquidation . . . of the Debtors."  Plan

§ 6.1(b)(iii).  The Plan Administrator is additionally empowered to "wind-down, sell and

otherwise liquidate assets of the Debtors and/or Debtor Controlled Entities in accordance with

Section 6.1(b)(iii) of the Plan."  *Id.* § 7.6.

### Relief Requested

9.      Pursuant to the proposed order attached as <u>Exhibit A</u> hereto (the

"<u>Proposed Order</u>"), the Plan Administrator requests that the Court (i) establish **5:00 p.m.**

**(prevailing Eastern Time) on February 27, 2015,** as the Postpetition Interest Bar Date for any

and all demands for postpetition interest against LOTC and LBCC and (ii) declare that, to the

extent a demand for postpetition interest is not timely received in accordance with the procedures

described below, such entity (and its successors and assigns) shall be forever barred, estopped,

and enjoined from asserting a right for postpetition interest against LOTC and LBCC, and LOTC

and LBCC shall be forever discharged from any and all indebtedness or liability with respect to

such right for postpetition interest.

10.      To determine the amount of postpetition interest that will be sought from

LOTC and LBCC and the identity of the entities seeking same, and to ensure that all demands

are made in good faith and without fraud or gross negligence, the Plan Administrator requests

that entities demanding postpetition interest be required to complete an online questionnaire by

WEIL:\95178116\8\58399.0011

the Postpetition Interest Bar Date.  The questionnaire will be available at http://www.lehman-claims.com (the same site used for the submission of Derivative Questionnaires and Guarantee Questionnaires required by the Bar Date Order).  For each Claim, the questionnaire will require entities to:

    a.  list the amount of postpetition interest being sought, denominated in lawful currency of the United States;

    b.  provide the calculation of such amount and the source for any rates used in the calculation;

    c.  upload any documentation in support thereof; and

    d.  provide the name, address, telephone number, facsimile number, and email address of (i) the business contact person for each Claim and (ii) the attorney, if any, representing such entity.

11.    The Plan Administrator requests that submission of the foregoing Postpetition Interest Information be subject to the same penalty for presenting a fraudulent claim as was the submission of proofs of claim against LOTC or LBCC.  *See* 18 U.S.C. §§ 152 and 3571.

12.    The Plan Administrator proposes to direct the Court-approved claims agent to (i) mail a copy of the Postpetition Interest Bar Date Notice, in a form substantially similar to the notice attached as <u>Exhibit 1</u> to the proposed order, to the record address of all non-Debtor, non-Controlled Affiliate record holders of Claims against LOTC and LBCC as of the date hereof and (ii) post a copy of the Postpetition Interest Bar Date Notice on the website maintained by the claims agent for these chapter 11 cases.  The Plan Administrator requests that the Court find such notice will provide actual notice of the Postpetition Interest Bar Date to all such holders of Claims against LOTC and LBCC and will advise them of the consequences of failing to timely provide the Plan Administrator with the Postpetition Interest Information.

## Basis for Relief Requested

13.    The Court is authorized to grant the relief requested pursuant to sections

105(a) and 1142 of the Bankruptcy Code and section 14.1(e) of the Plan.

14.    Section 105(a) of the Bankruptcy Code permits the Court to "issue any

order, process, or judgment that is necessary or appropriate to carry out the provisions of this

title."  Section 1142(b) of the Bankruptcy Code provides that "[t]he court may direct the debtor

and any other necessary party . . . to perform any other act . . . that is necessary for the

consummation of the plan."  *See also In re Oversight & Control Comm'n of Avanzit, S.A.*, 385

B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11

U.S.C. § 1142(b) . . . and it has 'continuing responsibilities to satisfy itself that the [p]lan is being

properly implemented.'") (internal citations omitted).  Pursuant to section 14.1(e) of the Plan, the

Court "retain[ed] exclusive jurisdiction of all matters arising under, arising out of, or related to,

the Chapter 11 Cases and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142

of the Bankruptcy Code and . . . [t]o issue such orders in aid of execution of the Plan to the

extent authorized by section 1142 of the Bankruptcy Code[.]"  Pursuant to section 6.1(b) of the

Plan, the Plan Administrator has the sole right to control and effectuate the Claims reconciliation

process and to make Distributions to holders of Allowed Claims in accordance with the Plan,

including postpetition interest pursuant to section 8.13(c) of the Plan

15.    In establishing bar dates, numerous courts – including this Court – have

required claimants to submit information in addition to the standard proof of claim form.  *See*

ECF No. 4271 (requiring certain claimants to complete derivatives and/or guarantee

questionnaire and upload supporting documents in connection therewith).  *See also, e.g.*, *In re*

*Ephedra Prods. Liab. Litig.; In re TL Admin. Corp.*, 04 MD 1598 (JSR) (S.D.N.Y. Apr. 26,

WEIL:\95178116\8\58399.0011

2004) (order requiring certain personal injury claimants to convert their claims into civil actions),

No. 03-15564 (Bankr. S.D.N.Y. Nov. 3, 2004) (order expunging claims for failure to comply

with district court order); *In re Enron*, Case No. 01-16034 (AJG), ECF No. 5518 (Bankr.

S.D.N.Y. Aug. 1, 2002) (requiring certain employees to complete eight page proof of claim

form); *In re Federal-Mogul Global Inc.*, No. 01-10578, ECF No. 1866 (Bankr. D. Del. June 4,

2002) (requiring asbestos claimants to fill out forms and provide claim-specific information).

Likewise, courts in this district, including this Court, regularly establish bar dates for postpetition

liabilities. *See In re N. Gen. Hosp.*, Case No. 10-13553 (SCC), 2012 WL 1440517 (Bankr.

S.D.N.Y. Apr. 19, 2012). *See also, e.g.*, *In re Extended Stay Inc.*, Case No. 09-13764 (JMP),

2010 WL 6561113, at *20 (Bankr. S.D.N.Y. July 20, 2010) (confirmation order establishing

post-confirmation administrative expense bar date); *In re Enron Corp.*, Case No. 01-16034

(AJG), 2004 WL. 6075307, at *23 (Bankr. S.D.N.Y. Jul. 15, 2004) (same); *In re Lyondell

Chemical Co.*, Case No. 09-10023 (REG), ECF No. 4469 (Apr. 30, 2010) (same); *In re BH S&B

Holdings LLC*, Case No. 08-14604 (MG), ECF No. 334 (Bankr. S.D.N.Y. Feb. 11, 2009) (order

establishing administrative expense bar date); *In re Northwest Airlines Corp.*, Case No. 05-

17930 (ALG), ECF No. ECF No. 6944 (Bankr. S.D.N.Y. May 18, 2007) (confirmation order

establishing post-confirmation administrative expense bar date); *In re Best Payphones, Inc.*, Case

No. 01-15472 (SMB), ECF No. 161 (Bankr. S.D.N.Y. Oct. 11, 2002) (order establishing

administrative expense bar date).

## A Postpetition Interest Bar Date Is Necessary and Appropriate

16.     The circumstances of these cases justify the establishment of the

Postpetition Interest Bar Date.  Until liabilities for postpetition interest, if any, are fixed, the Plan

Administrator cannot complete the wind-down of LOTC and LBCC in accordance section 7.6 of

7

the Plan.  The relief requested is not burdensome on those entities that may seek postpetition

interest.

17.    This Court has granted analogous relief earlier in these cases.  When the

Debtors sought to establish a deadline for filing proofs of claim in these cases, the Debtors

requested, and the Court required, certain parties to complete detailed questionnaires and upload

supporting documents relating to their claims.  The Court observed that such a "specialized claim

process was necessar[y] in this case in order to avoid complete administrative meltdown."  June

29, 2009 Hr'g Tr. at 65:16–17 (ECF No. 4254) (the "June 29 Transcript").  In addition, "the

Court has entered several procedural orders relating to claims objections, claim settlement

procedures, and alternative dispute resolution" designed to assist the Debtors and the Plan

Administrator in the "monumental task" of reconciling claims filed in these cases.  *In re Lehman*

*Bros. Holdings Inc.*, 433 B.R. 113, 120 (Bankr. S.D.N.Y. 2010).[4]  The purpose of such orders

has been to "maximize the efficiency of the claims process and promote the fair resolution of the

tens of thousands of filed claims."  *Lehman,* 433 B.R. at 121.  The Court's orders authorize the

Debtors and the Plan Administrator to take discovery pursuant to Bankruptcy Rule 2004 prior to

filing objections; to determine the order in which objections are filed and heard; to seek to

resolve claims on a motion-to-dismiss or summary judgment basis at a "sufficiency hearing"

---

[4] In this decision, the Court specifically referenced its (i) *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of Claim Objection Procedures* (ECF No. 6664); (ii) *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures* (ECF No. 8336); and (iii) *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M–390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors* (ECF No. 8474).  Separately, the Court has granted requests by the Plan Administrator to enter other orders in aid of the Plan's implementation.  *See Order in Aid of Execution of the Modified Third Amended Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (ECF No. 34347) (Bankr. S.D.N.Y. Jan. 31, 2013) (clarifying the Plan a for the purpose of reducing transactions costs associated with Plan implementation); *Order Pursuant to Sections 105(a) and 1142(b) of the Bankruptcy Code in Aid of Execution of the Modified Third Amended Chapter 11 Plan of LB Rose Ranch LLC* (ECF No. 36865) (Bankr. S.D.N.Y. Apr. 25, 2013) (approving certain transactions under the Plan in furtherance of the liquidation of a Debtor's estate).

before proceeding to a "merits hearing"; and to seek resolution through alternative dispute resolution mechanisms before judicial intervention or determination.

18.     To date, using Court-approved processes, the Debtors and the Plan Administrator have resolved over 66,000 Claims asserted against the Debtors.  The processes resulted in the massive disallowance or withdrawal of over $950 billion asserted in these Claims. The aggregate dollar amount of the Claims that were ultimately Allowed was only 25% of the amount originally asserted.

19.     The relief requested herein is designed to meet the same ends: a process through which parties assert claims and the Plan Administrator efficiently obtains information required to promote a fair and accurate resolution of the claims.  It properly places the burden on the party seeking additional Distributions from the Debtors to come forth with their demand. Any burden that would be imposed on creditors is easily outweighed by the benefits to administration by the Plan Administrator and the costs that would be borne by other creditors or Equity Interests of LOTC and LBCC.[5]

### **Reservation of Rights**

20.     The Plan Administrator does not seek by this motion to resolve any substantive issues regarding any party's entitlement to postpetition interest.  The Plan Administrator reserves all of its rights with respect to any objections it may assert against the claimed rights of any party to postpetition interest, including, without limitation, that certain parties' rights to postpetition interest have been released.

---

[5] LBHI holds the Equity Interests in both LOTC and LBCC.  Creditors of LBHI have only received Distributions of approximately 29.5% of the Allowed Amount of their General Unsecured Claims.  *See* ECF No. 47365.

WEIL:\95178116\8\58399.0011

## Notice

21.     No trustee has been appointed in these chapter 11 cases.  The Plan

Administrator, in accordance with the procedures set forth in the second amended order entered

on June 17, 2010 governing case management and administrative procedures for these cases

(ECF No. 9635), has served notice of this Motion on (i) all record holders of Claims against

LOTC or LBCC; (ii) the United States Trustee for Region 2; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; and (vi) all other parties who have requested notice in these chapter 11

cases.  The Plan Administrator submits that no other or further notice need be provided.

22.     No previous request for the relief sought herein has been made by the Plan

Administrator to this or any other court.

**WHEREFORE** the Plan Administrator respectfully requests that the Court grant

the relief requested herein and such other and further relief as it deems just and proper.

Dated:    December 22, 2014
          New York, New York

                              */s/ Garrett A. Fail*
                              Garrett A. Fail

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              *Attorneys for Lehman Brothers Holdings Inc.
                              and Certain of Its Affiliates*

WEIL:\95178116\8\58399.0011

## **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**ORDER ESTABLISHING BAR DATE FOR**
**DEMANDS FOR POSTPETITION INTEREST**
**AGAINST LEHMAN BROTHERS OTC DERIVATIVES INC.**
**AND LEHMAN BROTHERS COMMERCIAL CORPORATION**

Upon the motion (the "Motion") dated December 22, 2014 of Lehman Brothers

Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"),[1] pursuant to, *inter alia*, section 14.1(e) of the Plan and sections 105(a) and

1142 of title 11 of the United States Code (the "Bankruptcy Code"), to establish a bar date for

demands for postpetition interest against Lehman Brothers OTC Derivatives Inc. ("LOTC") or

Lehman Brothers Commercial Corporation ("LBCC"), and to require all parties asserting rights

to postpetition interest against LOTC and LBCC to submit certain information regarding such

rights, all as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided; and a hearing having been

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

held to consider the relief requested in the Motion; and the Court having found and determined

that the relief sought in the Motion is in the best interests of LOTC and LBCC, their creditors,

and all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that **February 27, 2015 at 5:00 p.m. (prevailing Eastern Time)** is

established as the deadline (the "Postpetition Interest Bar Date") for each non-Debtor or non-

Controlled Affiliate holder of a Claim against LOTC and/or LOTC to assert a demand for

postpetition interest in accordance with this order; and it is further

ORDERED that each such holder of a Claim against LOTC or LBCC asserting a

right to postpetition interest must on or before the Postpetition Interest Bar Date log on to

http://www.lehman-claims.com, and for each Claim:

    a.  list the amount of postpetition interest being sought, denominated in lawful currency of the United States;

    b.  provide the calculation of such amount and the source for any rates used in the calculation;

    c.  upload any documentation in support thereof; and

    d.  provide the name, address, telephone number, facsimile number, and email address of (i) the business contact person for each Claim and (ii) the attorney, if any, representing such entity.

; and it is further

ORDERED that submission of Postpetition Interest Information shall be subject

to the same penalty for presenting a fraudulent claim as was the submission of the underlying

Claim against LOTC or LBCC, *see* 18 U.S.C. §§ 152 and 3571; and it is further

2

**ORDERED** that any non-Debtor, non-Controlled Affiliate entity that does not timely assert a demand for postpetition interest by the Postpetition Interest Bar Date as set forth above shall be deemed to have waived any right it may have to postpetition interest and shall be forever barred, estopped, and enjoined from asserting a right to postpetition interest against LOTC and LBCC, and LOTC and LBCC shall be forever discharged from any and all indebtedness or liability with respect to such right to postpetition interest; and it is further

**ORDERED** that notice of the entry of this Order and of the Postpetition Interest Bar Date in substantially the form attached as <u>Exhibit 1</u> to the Proposed Order (the "<u>Postpetition Interest Bar Date Notice</u>") is approved in all respects and shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before January 23, 2015 upon all record holders of Claims against LOTC or LBCC, to the address specified in the claim or a 3001(e) notice of transfer, as applicable, as recorded on the claims register; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:    January __, 2015
          New York, New York


                                    _____
                                    HONORABLE SHELLEY C. CHAPMAN
                                    UNITED STATES BANKRUPTCY JUDGE

WEIL:\95178116\8\58399.0011

**<u>Exhibit 1</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEADLINE FOR DEMAND FOR POSTPETITION INTEREST

TO ALL HOLDERS OF CLAIMS AGAINST
LEHMAN BROTHERS OTC DERIVATIVES INC. OR
LEHMAN BROTHERS COMMERCIAL CORPORATION:

**PLEASE TAKE NOTICE THAT**, pursuant to an order of the United States Bankruptcy Court for the Southern District of New York (the "Court") entered on [January __], 2015 (the "Postpetition Interest Bar Date Order"), **5:00 p.m. (prevailing Eastern Time) on February 27, 2015** (the "Postpetition Interest Bar Date") **is the last date and time that any holder of a Claim,[1] including a Disputed Claim, against Lehman Brothers OTC Derivatives Inc. ("LOTC") or Lehman Brothers Commercial Corporation ("LBCC") may assert a demand for postpetition interest.**

The Postpetition Interest Bar Date Order, the Postpetition Interest Bar Date and the procedures set forth below apply to all Claims against the LOTC or LBCC.

**1.    WHEN AND HOW TO ASSERT A DEMAND**

Each holder of a Claim against LOTC *or* LBCC must for each such Claim on or before the Postpetition Interest Bar Date, log on to http://www.lehman-claims.com, and:

    a.    list the amount of postpetition interest being sought, denominated in lawful currency of the United States;

    b.    provide the calculation of such amount and the source for any rates used in the calculation;

    c.    upload any documentation in support thereof; and

    d.    provide the name, address, telephone number, facsimile number, and email address of (i) the business contact person for each Claim and (ii) the attorney, if any, representing such entity.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given them in the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (ECF No. 23023, Ex. A).

Postpetition Interest Information may **not** be delivered by any other means, including mail, messenger, facsimile, telecopy, or electronic mail transmission.

Postpetition Interest Information must be written in the English language.  If you are asserting an entitlement to postpetition interest on account of more than one Claim, your Postpetition Interest Information must be supplied separately with respect to each such Claim.

2.     **CONSEQUENCES OF FAILURE TO ASSERT A DEMAND IN ACCORDANCE WITH THESE PROCEDURES**

**Any entity that fails to provide Postpetition Interest Information in accordance with the Postpetition Interest Bar Date Order on or before the Postpetition Interest Bar Date will be forever barred, estopped, and enjoined from asserting a right to postpetition interest against LOTC or LBCC and shall not be permitted to participate in any Distribution in satisfaction of postpetition interest.**

**Entities receiving this notice should consult an attorney with any questions regarding this notice.**

Dated:     January ___, 2015                                     BY ORDER OF THE COURT
              New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

WEIL:\95178116\8\58399.0011