B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al.,

Debtors.

Case No. 08-13555 (JMP)
(Jointly Administered)

## FULL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Aleiter Holdings LLC | Merrill Lynch, Pierce, Fenner & Smith Incorporated |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Aleiter Holdings LLC
c/o Chapman and Cutler LLP
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Tel: 212.655.2517
Email: halperin@chapman.com

Court Claim # (if known): 59421
Amt of Allowed Claim Transferred: $1,143,022.75
(100% of claim)
Date Claim Filed: 10/30/2009
Debtor: __Lehman Brothers Holdings Inc.__

Phone: _____
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

649662.1/445-01261

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Aleiter Holdings LLC

By: Chapman and Cutler LLP, as authorized Signatory and not in the capacity as legal counsel to Aleiter Holdings LLC

By: _____  Date: 12/23/2014
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152 & 3571.

649662.1/445-01261

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Merrill Lynch, Pierce, Fenner & Smith Incorporated** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Aleiter Holdings LLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **allowed amounts** specified in Schedule 1 attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to Proof of Claim Number **48659 and 59421** filed by or on behalf of **Seller or Seller's predecessor in interest** (each a "Proof of Claim" and collectively, the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with each Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to each Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of each Purchased Claim, but only to the extent related to such Purchased Claim, (c) any and all proceeds of any of the foregoing paid on or after trade date (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchase does not assume and shall not be responsible for any obligations or liabilities of the Seller or any predecessor in interest related to or in connection with the Transferred Claims or Proceedings.

2.   Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) each Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors. (g) the Notice of Proposed Allowed Claim Amount, dated 10 August 2011 ("Notice") for the Proof of Claim provided to Purchaser is true and correct, and there have been no revisions thereto, and no action was undertaken by Seller or any of its predecessors in interest with respect to the Notice; (h) with respect to each Purchased Claim, Seller or a predecessor in interest has received (I) the initial distribution on or about April 17, 2012, in the amount set forth in Schedule 1 (the "Initial Distribution"), (II) the second distribution on or about October 1, 2012, in the amount set forth in Schedule 1 (the "Second Distribution"), (III) the third distribution on or about April 4, 2013, in the amount set forth in Schedule 1 (the "Third Distribution") and (IV) the fourth distribution on or about October 3, 2013, in the amount set forth in Schedule 1 (the "Fourth Distribution" and (V) the fifth distribution on or about April 3, 2014, in the amount set forth in Schedule 1 (the "Fifth Distribution") (V) the sixth distribution on or about October 3, 2014, in the amount set forth in Schedule 1 (the "Sixth Distribution") and, together with the Initial Distribution, Second Distribution, Third Distribution, Fourth Distribution, Fifth Distribution and Sixth Distribution, the "Distributions"), in each case on account of the Transferred Claims; (i) Seller has delivered to Purchaser true and correct copies of the Distribution notices from the Debtor that set forth the Distributions paid by the Debtor on account of the Transferred Claims

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 23 day of November 2014.

| Merrill Lynch, Pierce, Fenner & Smith Incorporated | Aleiter Holdings LLC |
|---|---|
| By: *(signed)* | By: Chapman and Cutler LLP, as authorized signatory and not in the capacity as legal counsel to Aleiter Holdings LLC |
| Name: SETH DENSON | |
| Title: DIRECTOR | By: *(signed)* |
| 214 North Tryon Street, 15th Floor, Charlotte, N.C. 28255, USA | Name: |
| Attn: Gregory W Ponder | Title: Authorized Signatory |
| Tel: 001 980 386 8308 | |
| Email: gregory.w.ponder@baml.com | |

Schedule 1

## Transferred Claims

### Purchased Claim

The Purchased Claim represents US$2,221,954.11 which is **94.2366647%** of the total Proposed Allowed Claim Amount with respect to XS0202417050 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number **48659**)

The Purchased Claim represents US$1,143,022.75 which is **100.00%** of the total Proposed Allowed Claim Amount with respect to XS0202417050 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number **59421**)

### Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V. Issue of EUR 50,000,000 European Inflation Linked Notes under the US$ 25,000,000,000 Euro Medium-Term Note Program | XS0202417050 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | EUR1,537,000.00 (equivalent to US$2,175,008.70@ 1.4151) | Floating Rate Note | 27 October 2014 |

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V. Issue of EUR 25,000,000 | XS0202417050 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | EUR785,000.00 (equivalent to US$1,118,076.00@ 1.4243) | Floating Rate Note | 27 October 2014 |

Schedule 1-1

| | | | | | | |
|---|---|---|---|---|---|---|
| under the US$ 25,000,000,000 Euro Medium-Term Note Program | | | | | | |

Purchased Claim Distribution Amounts (All Amounts in US$)

Claim Number 48659 (XS0202417050)

| Distribution | Purchased Claim Allowed amount | Purchased Claim Distribution |
|---|---|---|
| Initial Distribution | 2,221,954.11 | 80,195.41 |
| Second Distribution | 2,221,954.11 | 54,117.44 |
| Third Distribution | 2,221,954.11 | 68,354.30 |
| Fourth Distribution | 2,221,954.11 | 81,041.70 |
| Fifth Distribution | 2,221,954.11 | 88,030.17 |
| Sixth Distribution | 2,221,954.11 | 66,066.58 |

Claim Number 59421 (XS0202417050)

| Distribution | Purchased Claim Allowed amount | Purchased Claim Distribution |
|---|---|---|
| Initial Distribution | 1,143,022.74 | 41,254.30 |
| Second Distribution | 1,143,022.74 | 27,839.22 |
| Third Distribution | 1,143,022.74 | 35,162.98 |
| Fourth Distribution | 1,143,022.74 | 41,689.66 |
| Fifth Distribution | 1,143,022.74 | 45,284.68 |
| Sixth Distribution | 1,143,022.74 | 33,986.12 |