**Hearing Date: January 15, 2015**
**Hearing Time: 10:00 a.m.**

STAMELL & SCHAGER, LLP
555 Fifth Avenue, 14th Floor
New York, NY 10017-9257
Richard J. Schager, Jr., Esq. (RS5875)
Andrew R. Goldenberg, Esq. (AG8213)

*Counsel for Moving Claimants*[1]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                              Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,           Case No. 08-13555 (SCC)

                          Debtors.           Jointly Administered
-----------------------------------------------------------------x

**NOTICE OF MOTION PURSUANT TO BANKRUPTCY RULE 8007**
**FOR AN ENTRY OF AN ORDER GRANTING STAY PENDING APPEAL**
**OF THE ORDER SUSTAINING OMNIBUS OBJECTIONS AND RECLASSIFYING**
**CLAIMS FOR RESTRICTED STOCK UNITS AND CONTINGENT STOCK AWARDS**

       PLEASE TAKE NOTICE that, on the Motion of Moving Claimants and the annexed affirmation of their counsel Richard J. Schager, Jr., Moving Claimants will move this Court pursuant to Fed. Bankr. R. 8007 for entry of an order staying the *Order Sustaining Omnibus Objections and Reclassifying Claims for Restricted Stock Units and Contingent Stock Awards* (the "RSU Order") [Dkt. # 46853] to the extent necessary to maintain reserves for the Moving Claimants' claims and to protect Moving Claimants' rights to effective relief with respect to the appeal from the RSU Order at a hearing to be held before the Honorable Shelley C. Chapman, U.S.B.J., at the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004-1408, Courtroom 623 on January 15, 2015 at 10:00 a.m.

---

[1] The 60 Moving Claimants are identified on the signature page of this Notice of Motion.

Dated: New York, New York
December 24, 2014

STAMELL & SCHAGER, LLP

By: /s/ Andrew R. Goldenberg
Richard J. Schager, Jr.
Andrew R. Goldenberg
555 Fifth Avenue, 14th Floor
New York, NY  10017
Tel.:  (212) 566-4047
Fax:  (212) 566-4061

*Counsel to Claimants:  Jennifer Adler, Ian Anderson, Jennifer Becker, Craig Benson, Paola Biraschi, Karen Brewer, William Broadbent, David Brooks, Guillemette Callies, Patrick Cremin, Michael Collier, Joseph D'Amadeo, John Dmuchowski, Nestor De Jesus, Steven Engel, Louise Goldberg, Michael Gran, Anshuman Goyal, Adrian Graves, Sandra Hahn-Colbert, Gregg Hawes, Nicholas Howard, Julian Iragorri, Harriet Chan King, Karen Krieger, Tal Lev Ari, Yeruchim Levilev, Sarah Lewis, Fabio Liotti, Patricia Luken, Lawrence McCarthy, Michael McCully, Hugh McGee, Michael Mullen (Estate of), Ian Neville, Thomas O'Sullivan, Helmut Olivier, Martin Patterson, Michael Petrucelli, Sandy Fleischman Richman, Barry Porter, Jack Rivkin, Alvaro Santodomingo, Christiane Schuster, Steven Schwab, Brian Seward, Ross Shapiro, Paul Shotton, Norman Siegel, Margaret Smith, Stephen Snelling, Gregg Somma, Andrea Sullivan, Milan Veleba, Pierluigi Volini, Jeffrey Wecker, Peter Ward, Colin S.A. Welch, Timothy Wilkinson and Judith Winchester*

-2-

STAMELL & SCHAGER, LLP
555 Fifth Avenue, 14th Floor
New York, NY 10017-9257
Richard J. Schager, Jr., Esq. (RS5875)
Andrew R. Goldenberg, Esq. (AG8213)

*Counsel for Moving Claimants*[1]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                                                    Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al*.,        Case No.08-13555 (SCC)

                          Debtors.                              Jointly Administered
------------------------------------------------------------------x

**MOTION PURSUANT TO BANKRUPTCY RULE 8007
FOR AN ENTRY OF AN ORDER GRANTING STAY PENDING APPEAL
OF THE ORDER SUSTAINING OMNIBUS OBJECTIONS AND RECLASSIFYING
CLAIMS FOR RESTRICTED STOCK UNITS AND CONTINGENT STOCK AWARDS**

1.       The Moving Claimants are sixty of the Compensation Claimants who were the subject of the Court's November 7, 2014 Order (Dkt. # 46853)[2] either reclassifying their claims as securities subject to subordination under Section 510(b) of the Bankruptcy Code or holding their claim to be interests under Section 101(16) of the Code.

2.       On December 12, 2014, LBHI advised counsel representing the Compensation Claimants that, contrary to its previous assurance in Court and on the record, it would not maintain reserves for these compensation claims pending an appeal of the RSU Order.

3.       Claimants respectfully move this Court for an order, pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure, staying the lifting of reserves for Claimants' claims

---

[1] The 60 Moving Claimants are identified on the signature page of this Motion.
[2] Order Sustaining Omnibus Objections and Reclassifying Claims for Restricted Stock Units and Contingent Stock Awards, Nov. 7, 2014 (the "RSU Order") [Dkt. # 46853]. References to the "Code" or the "Bankruptcy Code" are to Title 11 of the United States Code.

1

pending a Final Order after appeal from the RSU Order. The requested stay is fully consistent with the Court's Confirmation Order of December 6, 2011.[3]

## OVERVIEW

4.  Moving Claimants' claims arise from approximately $130 million withheld from their bonus or commission compensation during the years 2003 to 2008 inclusive, for which Claimants were granted Restricted Stock Units ("RSUs") and Contingent Stock Awards ("CSAs") by Lehman Brothers Holdings Inc. ("LBHI" or "Lehman").

5.  This Court determined that Moving Claimants' claims were for securities as defined in Section 101(49)(A) of the Bankruptcy Code that should be subordinated under Section 510(b) of the Code, or alternatively that the RSUs and CSAs were within the definition of Equity Securities under Section 101(16) of the Code and accordingly did not constitute a claim under Section 101(5) of the Code.[4]

6.  By this Motion, the Moving Claimants seek a stay of the RSU Order to the extent it is construed under the Court's Confirmation Order as excusing Lehman from the requirement to maintain reserves for Moving Claimants' claims until a Final Order is issued after appeals are concluded. The Moving Claimants' claims are for approximately $130,000,000 (Schager Decl. ¶ 3), and they seek the maintenance of reserves sufficient for these claims.

7.  In light of the novel issues presented and the accelerated appeals contemplated by the Code, this modest stay is more than appropriate and should be granted. A federal appellate court outside of this Circuit has held that RSUs are not securities, and a federal court in this District has concluded that RSUs should be treated as securities only to the extent they were

---

[3] Order Confirming Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, Dec. 6, 2011 [Dkt. No. 23023] (the "Confirmation Order")
[4] Memorandum Decision Sustaining Omnibus Objections to Claims, Nov. 3, 2014, at 31 [Dkt. # 46797] (the "RSU Decision").

2

vested. These two decisions were issued within months of each other this year. Given the uncertainty of the law and a federal appellate court decision contrary to this Court's RSU Order and Decision, a brief stay of lifting of reserves for an expedited appeal is warranted.

## BACKGROUND

8. The Procedural History is set forth in the RSU Order and Decision and is incorporated herein by reference.

9. On November 21, 2014, six Notices of Appeal from the RSU Order were filed pursuant to Code§158(a) and Fed. Bank. R. 8001 & 8002(a)(1), by six law firms representing a total of 104 appellants. Dkt. Nos. 47002, 47003, 47005, 47009, 47011 & 47012.

10. A "Motion for Clarification, or in the Alternative, Partial Reconsideration and Correction" of the RSU Order (the "Clarification Motion") [Dkt. # 47013] was filed after the Moving Claimants' filed their Notice of Appeal.

11. Because the Moving Claimants' undersigned counsel viewed the Clarification Motion as not clearly within Fed. Bankr. R. 8002(b) (Schager Decl.¶4-5), the Moving Claimants proceeded to file their Designations and Statement within 14 days after they filed their Notice of Appeal, on December 5, 2014 [Dkt. # 47221]. (Schager Decl.¶5.) Under Fed. Bankr. R. 8009(a)(1), if the Clarification Motion was within Rule 8002(b), the Moving Claimants' Designations and Statement simply would be deemed to be effective upon disposal of the Motion.

12. Lehman took the position that the Clarification Motion was within Rule 8002(b) and stayed the appeal, a position the Moving Claimants did not contest. However, Lehman then demanded that the Moving Claimants agree to a further extension of its time to file and serve its counter-designations. The Moving Claimants also agreed to this request, subject to Lehman's

3

confirmation that it was maintaining reserves during the pendency of the appeal. Schager Decl. ¶ 6-9 & Exs. 1-3. On December 12, 2014, LBHI's counsel informed Claimants' counsel that "LBHI is no longer maintaining reserves for the RSU Claims." *Id.* at ¶ 10 & Ex, 4. Lehman's counsel claimed to be relying on paragraph 43 of the Confirmation Order. *Id.*

13. As discussed in more detail in Argument A below, paragraph 43 of the Confirmation Order addresses when reserves should be *established*, not when reserves may be lifted, released, or (in the words of Lehman's counsel) "no longer maintained." The governing provision of the Confirmation Order is paragraph 42, which sets forth "Reserve Requirements" that obligate Lehman to maintain reserves for Claimants who have appealed. The claims at issue here remain "Disputed Claims" under paragraph 42 because the timely filed Notices of Appeal mean there has not yet been a "Final Order."

14. Further, Lehman's new position that it is not required to maintain reserves came without notice either to the Court or to counsel for the Compensation Claimants, even though Lehman *previously* confirmed to the Court, one year ago and two years after the Confirmation Order was entered, that reserves were required to be maintained until conclusion of appeals. Schager Decl. ¶ 10-13 & Ex. 5 (Conf. Tr., Nov. 22, 2013, in which Lehman confirmed that if the Omnibus Objections were sustained, reserves would be lifted only for claims that were not appealed). Lehman's counsel had it right the first time, and its post hoc reading of convenience is simply not credible. *Id.*

15. Moving Claimants file this Motion in response to LBHI's position that it is not required to maintain reserves for the Moving Claimants' RSU Claims.

4

**RELIEF REQUESTED**

16.     Bankrupt Rule 8007 states that a motion may be made for a stay pending appeal or for other relief to protect the rights of parties in interest. Fed. Bankr. R. 8007(a)(1)(A)&(D) & (e)(2).

17.     "Ordinarily, a party must move first in the bankruptcy court" for such relief before making the motion in the District Court in connection with the appeal. *See* Fed. Bankr. R. 8007(a)(1)&(2).

18.     By this Motion, Claimants request entry of an order staying the RSU Order to the extent Lehman construes it as excusing Lehman's obligation to maintain reserves for the Moving Claimants' claims until a Final Order resolving the appeal of the RSU Decision and Order. The Court should grant this limited stay of the RSU Order only to the extent necessary to preserve Moving Claimants' rights to recover on $130 million of claims (together with the rights of such other of the Compensation Claimants who may join in this motion), out of the $2.1 billion Disputed Reserve Amount.[5]

**ARGUMENT**

**A. Lehman Has Recognized that this Court's Prior Orders Require Reserves to be Maintained While the RSU Order is Appealed.**

19.     Lehman has quoted paragraph 43 of the Confirmation Order as support for its conclusion that the RSU Order excuses it from the obligation to maintain reserves pending appeal of that Order. Schager Decl., Ex. 5. Paragraph 43, however, prescribes when reserves must be *established*, not when reserves may be lifted, released or (in Lehman's words) "no longer maintained."

---

[5] The "Disputed Reserve Amount" refers to the $2.1 billion of cash reserve for disputed unsecured claims subsequent to the sixth Plan distribution on October 2, 2014 (Dkt. No. 47082 at p. 5).

5

20. The provision of the Confirmation Order that governs the establishment and maintenance of reserves is paragraph 42, which requires Lehman to "reserve an aggregate amount equal to the Pro Rata Share of the Distributions that would have been made to each holder of a Disputed Claim if such Disputed Claim were an Allowed Claim . . . ." Confirmation Order ¶ 42.

21. A "Disputed Claim" under the Confirmation Order includes "any Claim proof of which was timely and properly filed . . . as to which a timely objection . . . has been interposed, which objection . . . has not been withdrawn or determined by a Final Order . . . ." Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors § 1.46. This "Third Amended Plan" [Dkt. # 23023-1] is attached as Exhibit A to the Confirmation Order [Dkt. # 23023]), and the term "Disputed Claim" as used in the Order is as defined in the Third Amended Plan. Confirmation Order at p. 1, n.2.

22. A "Final Order" is defined in § 1.57 of the Plan to mean not only an order of this Court, but of "any other court of competent jurisdiction as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and *as to which no appeal*, petition for certiorari, or other proceedings for reargument or rehearing *shall then be pending* ...." Third Amended Plan § 1.57 (emphasis added). Once the Notices of Appeal were filed, an appeal was pending, and the RSU Order is a "Final Order" only with respect to those claims "as to which the time to appeal ... has expired ...." *Id.*

23. Not only is the Plan completely unambiguous (and incorporated by reference into the Confirmation Order), but Lehman has previously advised the Court that it recognizes its obligation to maintain reserves during the period of any appeal. On November 22, 2013,

6

Lehman asked the Court (Peck, U.S.B.J.) to schedule the Evidentiary Hearing for early February 2014, arguing that a decision could then be issued in a couple of weeks:

> . . . and if the Court should find that some or all of the remaining claims should be reclassified as equity, there would then be time for the 14 day appellate time to run.
>
> And *assuming that some or all of those were not appealed*, there would then be a group of these claims that would come back as equity and they would free up funds that are now being held back in reserve that can't be used in the fifth distribution.

Conf. Tr., Nov. 11, 2013, at 21:2-21:14 (presentation of R. Miller, emphasis added). Relevant pages of the transcript are attached as Ex. 5 to the Schager Declaration.

24. These comments from Lehman's counsel are equally unambiguous in recognizing that only "those [claims] *that were not appealed ...* would come back as equity and … would free up funds that are now being held back in reserve …." *Id.* (emphasis added).

25. Lehman's new position that reserves are not required until a Final Order after appeal is directly contrary to the language of the Plan it developed and submitted to the Court, language that has existed since the Plan was first proposed to the Court. [Dkt.# 22762, Nov. 29, 2011.] The view that reserves are no longer necessary expressed by Lehman's counsel on December 12, 2014, is not only contrary to the Confirmation Order and the Plan counsel drafted, but contrary also to counsel's own undertakings to the Court.

26. The Order requested by Moving Claimants asks that the Court enforce its prior Confirmation Order and the Plan it approved.

**B. Legal Standards for Obtaining a Stay Pending Appeal.**

27. The standards for obtaining a stay pending appeal in this Circuit are as follows: "(1) whether the movant will suffer irreparable injury absent a stay; (2) whether a party will suffer substantial injury if a stay is issued; (3) whether the movant has demonstrated a substantial

7

possibility, although less than a likelihood, of success on appeal; and (4) the public interests that may be affected." *In re Country Squire Assocs. of Carle Place, LP*, 203 B.R. 182, 183 (B.A.P. 2d Cir. 1996) (granting stay pending appeal) (internal quotations omitted); *see also Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (B.A.P. 2d Cir. 1993); *Turner v. Citizens Nat'l Bank of Hammond (In re Turner)*, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997); *Bijan-Sara Corp. v. Fed. Deposit Ins. Corp. (In re Bijan-Sara Corp.)*, 203 B.R. 358, 360 (B.A.P. 2d Cir. 1996).

28.     Although courts rely on an examination of these factors, granting a motion for stay pending appeal falls within the discretion of this Court. *See, e.g., In re Overmyer*, 53 B.R. 952, 955 (Bankr. S.D.N.Y. 1985) ("A motion for a stay pending appeal, as authorized under Bankruptcy Rule 8005 [now 8007], is discretionary.").[6]

29.     The courts in this Circuit balance the factors to determine whether they are satisfied by the facts and circumstances. That is, the necessary level or degree needed to satisfy one factor will vary inversely with the Court's assessment of the other stay factors. *See Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (likelihood of success on appeal set low where gravity of injury is high); *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (more of one factor excuses less of the other).

30.     The balance of harms of granting versus denying a stay favors Moving Claimants, because Moving Claimants are seeking only narrowly tailored injunctive relief: an undertaking by LBHI to pay Moving Claimants if they prevail, or alternatively the holdback of only about 6 percent of the Disputed Reserve Amount until the appeal is decided. If the appeal is unsuccessful, the reserves for the Moving Claimants' $130 million in claims can be distributed as contemplated by LBHI after just a few months' delay pending determination of the appeal, a relatively short period of time considering the duration of this proceeding.

---

[6]Bankruptcy Rule 8007 is derived from former Bankruptcy Rule 8005 pursuant to the 2014 Amendments.

**C. Claimants will Suffer Irreparable Injury Absent a Stay.**

31.    If Claimants ultimately prevail on the appeal, they will have been severely, and quite possibly irretrievably harmed by a premature distribution to other creditors of their $130 million Disputed Reserve Amount that will not be available without substantial litigation against LBHI, if at all. *See In re Agency for Deposit Ins., Rehab., Bankr. & Liquidation of Banks*, 2004 WL 414831 at *3 (S.D.N.Y. 2004). Conversely, as described *infra*, LBHI will not be substantially harmed by what will result in a minor delay in making payments to creditors under the Plan.

**D. Claimants Have a Substantial Possibility of Success on Appeal.**

32.    To meet the standards for a stay pending appeal, Moving Claimants have to show only that they have a substantial possibility of success on appeal, which is less than a likelihood of success, on the basis of any of the appellate issues Claimants have raised. *Id*. *See also* Dkt. No. 47221 at p. 1-5 (Moving Claimants' Statement of Issues to Be Presented on Appeal).

33.    Moving Claimants' substantial possibility of success on the merits is high because their appeal presents a novel issue regarding construction of statutory provisions that have been construed differently in higher courts. The definitions of "equity security" and "security" found in §101(16) and 101(49) of the Bankruptcy Code have not previously been applied to RSUs and CSAs, and higher courts have reached a contrary conclusion construing the same language. The Fifth Circuit held that RSUs are not equity because "one does not own any stock whatsoever by virtue of being granted a stock unit." *Wall v. Alcon Laboratories*, 551 Fed. Appx. 794, 802 (5th Cir. 2014), *cert. denied*, __ U.S. __, 134 S.Ct. 2889 (June 30, 2014).[7] Similarly, in approving a settlement on behalf of a class of securities holder, Judge Sweet in this District held that holders

---

[7] The *Wall* decision was released by the Fifth Circuit early this year as an unreported decision. It did not come up in the Moving Claimants research at the time of the Evidentiary Hearing and preparation of the post-trial Conclusions of Law, and may have appeared only upon the Supreme Court's reported denial of certiorari.

9

of *unvested* RSUs did not hold securities and would not participate in the Settlement. *In re Bear Stearns Companies, Inc. Securities, Derivative, and ERISA Litigation*, 2014 WL 3401045 (SDNY July 10, 2014), at *6-7, *aff'd on reconsideration*, 2014 WL 4443458 (Sept. 5, 2014). Given these recent developments in the law and the novelty of the issue, there is a substantial possibility that an appellate court will reach a conclusion different from that of this Court.

### E. No Parties Will Suffer Substantial Injury if a Stay or Partial Stay is Issued.

34.     There will be no substantial injury to any party if LBHI is required to reserve the amount of Moving Claimants' RSU Claim pending adjudication of the appeal. At worst, the limited stay sought by Claimants is likely to do no more than delay consummation of the Plan by a short period of time. This does not constitute an irreparable injury. *See, e.g., In re Advanced Mining Systems*, 173 B.R. 467, 469 (S.D.N.Y. 1994) (delay in making payments to creditors under reorganization plan does not constitute irreparable injury).

35.     The risk of any potential harm can be further minimized by ordering an expedited schedule for briefing the appeal in the District Court. The balance of harms, thus requires the Court to weigh the threat that Moving Claimants will receive no recovery on their claims irrespective of the strength of their appeal, against the *de minimis* harm of holding back and reserving about 6 percent of the Disputed Reserve Amount for a short period of time. Clearly, the balance of harms favors a stay pending appeal.

### F. The Public Interest Will Be Advanced by the Issuance of a Stay.

36.     This Motion does not adversely affect any public interest and weighs in favor of granting a stay. Presented with the risk of paying tens of millions of dollars to Lehman's large creditors at the expense of employees seeking their promised compensation, the public interest clearly supports staying the RSU Order to the extent it authorizes the lifting of reserves, so that

the RSU Order can be reviewed by the District Court on appeal and to insure Claimants' rights to recovery are protected in the event the appeal is successful. Although Claimants are pursuing the appeal because they are concerned with their own recoveries, there are nonetheless larger issues at stake that implicate the public interest and which the Court should take into account in determining whether to grant a limited stay.

## NOTICE

37. Claimants have provided notice of this Motion by providing electronic mail delivery to counsel for each party.

38. No previous motion for relief sought herein has been made to this or any other Court.

## CONCLUSION

39. For the foregoing reasons, Moving Claimants respectfully request the Court to enter an order pursuant to Rule 8007 of the Bankruptcy Rules granting a limited stay of the RSU Order as requested herein to the extent it is construed as permitting the lifting of reserves for claims covered by Notices of Appeal of the RSU Order prior to adjudication of the appeal, and granting such other relief in favor of Moving Claimants as this Court deems just and proper.

Dated: New York, New York
December 24, 2014

STAMELL & SCHAGER, LLP

By: /s/ Andrew R. Goldenberg
Richard J. Schager, Jr.
Andrew R. Goldenberg
555 Fifth Avenue, 14th Floor
New York, NY 10017
Tel.: (212) 566-4047
Fax: (212) 566-4061

*Counsel to Claimants: Jennifer Adler, Ian Anderson, Jennifer Becker, Craig Benson, Paola Biraschi, Karen Brewer, William*

11

*Broadbent, David Brooks, Guillemette Callies, Patrick Cremin, Michael Collier, Joseph D'Amadeo, John Dmuchowski, Nestor De Jesus, Steven Engel, Louise Goldberg, Michael Gran, Anshuman Goyal, Adrian Graves, Sandra Hahn-Colbert, Gregg Hawes, Nicholas Howard, Julian Iragorri, Harriet Chan King, Karen Krieger, Tal Lev Ari, Yeruchim Levilev, Sarah Lewis, Fabio Liotti, Patricia Luken, Lawrence McCarthy, Michael McCully, Hugh McGee, Michael Mullen (Estate of), Ian Neville, Thomas O'Sullivan, Helmut Olivier, Martin Patterson, Michael Petrucelli, Sandy Fleischman Richman, Barry Porter, Jack Rivkin, Alvaro Santodomingo, Christiane Schuster, Steven Schwab, Brian Seward, Ross Shapiro, Paul Shotton, Norman Siegel, Margaret Smith, Stephen Snelling, Gregg Somma, Andrea Sullivan, Milan Veleba, Pierluigi Volini, Jeffrey Wecker, Peter Ward, Colin S.A. Welch, Timothy Wilkinson and Judith Winchester*