STAMELL & SCHAGER, LLP
555 Fifth Avenue, 14th Floor
New York, NY  10017-9257
Richard J. Schager, Jr., Esq. (RS5875)
Andrew R. Goldenberg, Esq. (AG8213)

*Counsel for Moving Claimants*[1]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                                            Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,      Case No.08-13555 (SCC)

        Debtors.            Jointly Administered
-------------------------------------------------------------------x

**DECLARATION OF RICHARD J. SCHAGER, JR. IN SUPPORT OF
MOVING CLAIMANTS' MOTION PURSUANT TO BANKRUPTCY RULE 8007
FOR AN ENTRY OF AN ORDER GRANTING STAY PENDING APPEAL
OF THE ORDER SUSTAINING OMNIBUS OBJECTIONS AND RECLASSIFYING
CLAIMS FOR RESTRICTED STOCK UNITS AND CONTINGENT STOCK AWARDS**

  RICHARD J. SCHAGER, JR., declares under penalties of perjury as follows:

  1. I am an attorney admitted to practice in the Courts of the State of New York and of the federal courts in this District, and a member of Stamell & Schager, LLP, counsel to the Moving Claimants listed on the signature page of this Declaration.

  2. I make this Declaration in support of the motion of Moving Claimants for a stay of the Court's *Order Sustaining Omnibus Objections and Reclassifying Claims for Restricted Stock Units and Contingent Stock Awards* (the "RSU Order") [Dkt. # 46853] to the extent that the Order is construed as excusing Lehman Brothers Holdings Inc. ("Lehman" or "LBHI") from maintaining reserves for the claims of Moving Claimants until issuance of a Final Order (as defined in the Court's Confirmation Order) pending resolution of the pending appeals of the RSU Order.

---

[1] The 60 Moving Claimants are identified on the signature page of this Declaration.

1

3. The Omnibus Objections sustained by the RSU Order were directed at the claims of all sixty of the Moving Claimants, among many others. Based on our review of the Moving Claimants' claims, we estimate that collectively they claim approximately $130,000,000 in compensation that was withheld and for which LBHI granted RSUs and CSAs.

4. This firm filed Notices of Appeal on behalf of sixty claimants who were issued Restricted Stock Units ("RSUs") and Contingent Stock Awards ("CSAs") between 2003 and 2008 inclusive. [Dkt. # 47003.][2] Five other law firms filed Notices of Appeal on behalf of forty-four other claimants.

5. After this firm filed its Notice of Appeal, one claimant filed a motion denominated "Motion for Clarification, or in the Alternative, Partial Reconsideration of Correction" of the RSU Order (the "Clarification Motion"). [Dkt. # 47221.] Because to this firm the Clarification Motion was not clearly within Fed. Bankr. R. 8002(b), and because of the Moving Claimants' desire to accelerate the appeal of the RSU Order as much as possible and to take advantage of the Bankruptcy Code's procedure for expedited appeals, on December 5, 2014, this firm filed a Designation of Items to be Included in the Record on Appeal and a Statement of Issues (the "Designation and Statement"), as contemplated by Fed. Bankr. R. 8009(a)(1)(B). Other firms representing appealing Claimants did not file a Designation and Statement.

6. On December 9, 2014, Lehman advised counsel for the RSU claimants of its view that the Clarification Motion satisfied Rule 8002(b) and that the appeal was stayed until the Clarification Motion was disposed of, per Fed. Bankr. R. 8002(b)(1). Email of D.Alvarez, Dec. 9, 2014, 5:52pm, Ex. 1 hereto.

---

[2] One of the Moving Claimants retained this firm only after the Notice of Appeal was filed. A separate Notice of Appeal was filed "within 14 days after the date the first notice was filed," as permitted by Fed. Bankr. R. 8002(a)(1). [Dkt. # 47131.]

2

7.  *This firm did not dispute Lehman's conclusion.*[3]  Email of R. Schager, Dec. 9, 2014, at 9:21pm, Ex. 2 hereto.  The Rules provide simply that a Designation and Statement filed in these circumstances is to be "treated as served on the first day on which filing is timely." Fed. R. Bankr. 8009(a)(1).

8.  Lehman then argued, however, that this extension was not sufficient, and that it should be given an extension of time to respond to the Designation and Statement until it had "a complete record of all Appellants' Statement of Issues/Designations."  Email of D. Alvarez, Dec. 10, 2014, at 5:15pm, Ex. 2 hereto.

9.  *Once again, this firm agreed* to this de facto delay to the expedited process for bankruptcy appeals contemplated by the Code.  All we asked in return was the assurance that Lehman was keeping the reserves in place until the claims were resolved.  Email of R. Schager, Dec. 11, 2014, at 11:51am, Ex. 3 hereto.

10.  Lehman responded with *notice for the first time* that it was no longer maintaining reserves for the appealing claimants.  Email of D. Kenter, Dec. 12, 2013, 10:21am, Ex. 4 hereto.

11.  To the best of our knowledge Lehman has not advised the Court of its intention to lift reserves while the RSU Order is appealed.  Lehman had previously advised the Court, however, that it recognized its obligation to maintain reserves during the period of any appeal. On November 22, 2013, Lehman asked the Court (Peck, U.S.B.J.) to schedule the Evidentiary Hearing for early February 2014, arguing that a decision could then be issued in a couple of weeks:

> . . . and if the Court should find that some or all of the remaining claims should be reclassified as equity, there would then be time for the 14 day appellate time to run.

---

[3] The fact that Lehman did not state its conclusion until four days after being asked, and after the filing date designated by Rule 8009(a)(1), suggests to us Lehman would have argued default if no Designation and Statement had been filed.

3

> And *assuming that some or all of those were not appealed*, there would then be a group of these claims that would come back as equity and they would free up funds that are now being held back in reserve that can't be used in the fifth distribution.

Conf. Tr., Nov. 11, 2013, at 21:2-21:14 (presentation of R. Miller, emphasis added). Relevant pages of the transcript are attached as Ex. 5 hereto.

12. In Exhibit 4 hereto Lehman's counsel expressed the view paragraph 43 of the Confirmation Order does not require it to maintain reserves during the pendency of appeals of the RSU Order. Paragraph 43, however, addresses the circumstances under which reserves were to be "established," not lifted, released or no longer maintained. Further, the hearing at which Lehman undertook that it would maintain reserves during any appeal was made two years after the Confirmation Order. The provision of the Confirmation Order Lehman now cites as justifying a release of the reserves existed from the time Lehman's counsel first proposed the Order to the Court [Dkt. No. 22762, Nov. 29, 2011]. Lehman's undertaking to the Court described above carries greater weight than the facile spin counsel puts on the Order three years later.

13. Lehman's representation to the Court was unambiguous – reserves would be maintained for the duration of any appeal of an adverse decision on the RSU claims. Having presented that undertaking to the Court and Claimants, and having failed to advise the Court or Claimants that it had changed its institutional mind, Lehman should be prevented from withdrawing that undertaking now.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
December 24, 2014

/s/ Richard J. Schager, Jr.
Richard J. Schager, Jr.

4

# EXHIBIT 1

**From:** Alvarez, Denise [mailto:denise.alvarez@weil.com]
**Sent:** Tuesday, December 09, 2014 5:52 PM
**To:** 'lisa.solomon@att.net'; Miller, Ralph; Brady, Teresa; Kenter, Doron
**Cc:** 'ENKaplan@kaplanlandau.com'; 'RMichaelson@r3mlaw.com'; 'michellep@jstriallaw.com'; 'goldenberg@ssnyc.com'; 'jamesboyajian@gmail.com'; 'michaels@jstriallaw.com'; 'schager@ssnyc.com'; 'HMagaliff@r3mlaw.com'
**Subject:** Re: Lehman -- Record & Issues on Appeal

All,

As some of you may know, the Appellants represented by Richard Schager filed their Statement of Issues/Designations on Friday, December 5.  However, as Lisa Solomon noted below, the deadline by which to file those Statement of Issues/Designations has not passed given the pending Motion to Reconsider filed by R. Kyle Kettler [ECF No. 47013], and thus, numerous other Appellants have not filed their Designations.  Thus, for the sake of clarity and consistency, we propose documenting our agreement that the time by which the Appellants must file their Statement of Issues/Designations will begin to run as of the date that the Motion to Reconsider is resolved (by order, withdrawal or otherwise), thus requiring that the Appellants' Statement of Issues/Designations be filed 14 days thereafter.   Likewise, LBHI's deadline to file any Counter-Designations would be 14 days from the date that Appellants' Designations are due.  Please let us know if you are amenable to this and we will prepare a stipulation to that effect.

Regards,
Denise

# EXHIBIT 2

**From:** Alvarez, Denise [mailto:denise.alvarez@weil.com]
**Sent:** Wednesday, December 10, 2014 5:15 PM
**To:** 'Richard Schager'; Miller, Ralph; Brady, Teresa; Kenter, Doron
**Cc:** ENKaplan@kaplanlandau.com; lisa.solomon@att.net; HMagaliff@r3mlaw.com; RMichaelson@r3mlaw.com; michaels@jstriallaw.com; michellep@jstriallaw.com; jamesboyajian@gmail.com; goldenberg@ssnyc.com
**Subject:** RE: Lehman -- Record & Issues on Appeal

Richard,

Although we dispute the merits of the Motion to Reconsider, it was filed and thus stays the appeal. LBHI agrees that Appellants' Statement of the Issues/Designations are not due until 14 days after the Motion to Reconsider is resolved. Should you wish to revise your submission at that time, we will not oppose any such revisions based on timing. Further, in order to ensure that all counter-designations are streamlined, we would like to avoid filing any counter-designations until we have a complete record of all Appellants' Statement of Issues/Designations. Thus, please confirm that you agree that LBHI's time to counter-designate, including in response to your submission, does not begin to run until the remaining Statement of Issues/Counter-designations are filed by the Appellants. Thank you.

Regards,
Denise

**From:** Richard Schager [mailto:schager@ssnyc.com]
**Sent:** Tuesday, December 09, 2014 9:21 PM
**To:** Alvarez, Denise; Miller, Ralph; Brady, Teresa; Kenter, Doron
**Cc:** ENKaplan@kaplanlandau.com; lisa.solomon@att.net; HMagaliff@r3mlaw.com; RMichaelson@r3mlaw.com; michaels@jstriallaw.com; michellep@jstriallaw.com; jamesboyajian@gmail.com; goldenberg@ssnyc.com
**Subject:** RE: Lehman -- Record & Issues on Appeal

Denise & Co.:

The issue here is whether you give any credence to the Kettler motion. For several reasons we do not and we are surprised that you do, but since you do the appeal obviously is stayed. We see no need to prepare a stipulation to that effect.

Richard J. Schager, Jr.
**Stamell & Schager, LLP**
555 Fifth Ave., 14/F
New York, NY 10017
Tel: 212-566-4057
Fax: 212-566-4061

# EXHIBIT 3

**From:** Richard Schager [mailto:schager@ssnyc.com]
**Sent:** Thursday, December 11, 2014 11:51 AM
**To:** 'Alvarez, Denise'; 'Miller, Ralph'; 'Brady, Teresa'; 'Kenter, Doron'
**Cc:** 'ENKaplan@kaplanlandau.com'; 'lisa.solomon@att.net'; 'HMagaliff@r3mlaw.com'; 'RMichaelson@r3mlaw.com'; 'michaels@jstriallaw.com'; 'michellep@jstriallaw.com'; 'jamesboyajian@gmail.com'; 'goldenberg@ssnyc.com'
**Subject:** RE: Lehman -- Record & Issues on Appeal

Denise & Co.:

Sorry for the delay in getting back to you. I think what you need from me is my agreement that we will not pursue an appeal until the Kettler motion is disposed of. We provided that Tuesday night based on our conclusion that, while we did not think the Kettler motion should delay the appeal, it would be futile to try to perfect the appeal over your opposition and that of a minority of the appealing claimants. We do not agree that it is the correct approach, and beyond our agreement described here we see no need for a stipulation implying that we do.

Having conceded to this let's-follow-the-rules-and-not-be-creative approach, we see no reason to take a more creative approach when it comes to the timing for counter-designations, which would place the majority of the appealing claimants at the mercy of dilatory pro se claimants or others who don't get their designations in on time. The rules provide more satisfactory guidance there.

Offering to let us revise our submissions is not meaningful here, but let me ask this: What assurance can LBHI provide us with respect to its reserves for these claims? You have notices of appeals for a substantial number of claimants, and certainly for that group the reserves should remain in place until we get a reading from a civil court judge or an appellate panel.

Richard J. Schager, Jr.
**Stamell & Schager, LLP**
555 Fifth Ave., 14/F
New York, NY 10017
Tel: 212-566-4057
Fax: 212-566-4061

# EXHIBIT 4

**From:** Kenter, Doron [mailto:Doron.Kenter@weil.com]
**Sent:** Friday, December 12, 2014 10:21 AM
**To:** Richard Schager
**Cc:** ENKaplan@kaplanlandau.com; lisa.solomon@att.net; HMagaliff@r3mlaw.com; RMichaelson@r3mlaw.com; michaels@jstriallaw.com; michellep@jstriallaw.com; jamesboyajian@gmail.com; goldenberg@ssnyc.com; Alvarez, Denise; Miller, Ralph; Brady, Teresa; Lemons, Robert
**Subject:** RE: Lehman -- Record & Issues on Appeal

Richard:

Perhaps we are talking past each other.  We are only hoping to address timing of designations and counter-designations, and only with respect to the appellants represented by counsel on this email.  Please confirm by response to this email that you agree that LBHI's time to counter-designate in response to your designations will not begin until all of the appellants represented by counsel on this email file their respective statements and designations (as they have all agreed), and that you will not object to LBHI's designations as untimely based on that understanding. If you cannot confirm accordingly, LBHI may, out of an abundance of caution, be forced instead to file its own counter-designation within 14 days after your designation becomes effective (pursuant to Bankruptcy Rule 8009), together with a cover letter explaining the reason for burdening the court's docket.

As to your question regarding reserves, LBHI has elected to treat the RSU Claims as equity for reserve purposes, pursuant to paragraph 43 of the Confirmation Order, which provides that "none of the Debtors shall be required to establish reserves for Claims that have been disallowed or expunged by order of the Court in the absence of an order of the Court expressly directing the Debtor to establish a reserve."

Regards,

Doron

# EXHIBIT 5

Page 1

```
 1   UNITED STATES BANKRUPTCY COURT
 2   SOUTHERN DISTRICT OF NEW YORK
 3   Case No. 08-13555 (JMP)
 4   - - - - - - - - - - - - - - - - - - - - - - - - -x
 5   In the Matter of:
 6   LEHMAN BROTHERS HOLDINGS, INC., et al.,
 7           Debtors.
 8   - - - - - - - - - - - - - - - - - - - - - - - - -x
 9   CASE NO.: 08-01420 (JMP)(SIPA)
10   In the Matter of:
11   LEHMAN BROTHERS, INC.,
12           Debtor.
13   - - - - - - - - - - - - - - - - - - - - - - - - -x
14              United States Bankruptcy Court
15              One Bowling Green
16              New York, New York
17
18              November 22, 2013
19              10:06 a.m.
20
21
22
23   B E F O R E :
24   HON JAMES M. PECK
25   U.S. BANKRUPTCY JUDGE
```

Page 13

1                    P R O C E E D I N G S
2           THE COURT:  Good morning.  Be seated, please.
3           MR. HORWITZ:  Good morning, Your Honor.  Maurice
4   Horwitz from Weil, Gotshal & Manges on behalf of Lehman
5   Brothers Holdings, Inc. as plan administrator.
6           The first item on today's agenda is a status
7   conference relating to certain pending claims related to
8   restricted stock units and contingent stock awards.
9           For that matter I'll turn the podium over to Ralph
10  Miller.
11          THE COURT:  Mr. Miller, good morning.
12          MR. MILLER:  Good morning, Your Honor.  Ralph
13  Miller from Weil, Gotshal & Manges here on behalf of Lehman
14  Brothers Holdings, Inc. which I will call LBHI or the plan
15  administrator.
16          THE COURT:  Okay.  There are a number of attorneys
17  assembling as you're speaking.
18          MR. MILLER:  Yes, Your Honor.  With me are Denise
19  Alvarez and Theresa Brady and we -- I guess you might like
20  to take appearances or know who is here from the other
21  firms.
22          THE COURT:  I'll take appearances.  I'm also going
23  to ask for appearances for those attorneys or individuals
24  who are on the telephone and appearing telephonically at
25  this status conference.

1      So let's start with the people who are in the
2  room.
3           MR. SCHAGER: Good morning, Your Honor. It's
4  Richard Schager for claimants under the RSU and CSA dispute.
5  I'm here with Lisa Solomon and Gene Kaplan from Kaplan
6  Landau, and also behind the main bench are Bob Michaelson
7  from Rich Michaelson Magaliff and my associate, Andrew
8  Goldenberg. There are a couple of pro se's here also, Your
9  Honor, whom I will not introduce.
10          THE COURT: Okay. I think we should have
11 everybody identify themselves before we get started. Those
12 people who are pro se's and in the room should just give me
13 your name, and those who are pro se's who are represented on
14 the telephone should do the same, but after we finish in the
15 courtroom.
16          So --
17          MR. SCHAGER: And my apology -- I'm sorry. My
18 apologies, Your Honor. There are two other lawyers here
19 representing claimants. Steve Abramowitz from Vinson &
20 Elkins and Will Knox from -- I'm sorry. I've forgotten his
21 firm.
22          MR. KNOX: Paduano & Weintraub.
23          MR. SCHAGER: Sorry. Paduano & Weintraub.
24          THE COURT: Okay. And apparently not everybody is
25 choosing to be up in the soft seats for some reason, but

1   distinctions. But, briefly, those were pre-selected cases.
2   They were matters where there was not a full evidentiary
3   record and the hearing was not open to all parties to
4   participate. In that case, the Court allowed subsequent
5   submissions. I understand there actually weren't any, but
6   from parties who wanted to add something to the record.
7       We don't believe that that procedure fits the
8   facts and circumstances here because we do have a full
9   evidentiary record, as the Court asked us to develop it, and
10  everyone has had an opportunity to participate. We believe
11  that we can effectively do the hearing.
12      The claimants had indicated they would like two
13  days. We hope it can be done more quickly than that, but
14  certainly if two days are allowed, there ought to be ample
15  time with the Court's management and guidance to get
16  whatever input you want from all the participants.

[Mr. Miller, for LBHI, Plan Administrator.]

17      If there is one two-day hearing, we believe it is
18  most efficient for plan administration if that could
19  possibly be scheduled by no later than early February. I
20  mean, the Court has two dates in late January and two dates
21  in early February which are fine with LBHI and we believe
22  the briefing can be completed before those dates.
23      The represented claimants favor February 25 and
24  26. Although this may not seem like much time delay, it
25  does have an impact on the fifth distribution which comes

Page 21

1   out near the end of March and has to be calculated in the
2   middle of March, essentially.  And if there is a hearing in
3   early February and the Court takes several weeks to resolve
4   it, and if the Court should find that some or all of the
5   remaining claims should be reclassified as equity, there
6   would then be time for the 14 day appellate time to run.
7       And assuming that some or all of those were not
8   appealed, there would then be a group of these claims that
9   would come back as equity and they would free up funds that
10  are now being held back in reserve that can't be used in the
11  fifth distribution.  There's about a little over $25 million
12  of cash.  The reserves are much larger because there are
13  multiple of that that's being held back for the possibility
14  these are not reclassified.
15      We don't believe that that's practical and so,
16  essentially, that $25 million is locked up for at least
17  another six months till the following distribution, if this
18  is delayed much beyond early February.
19      So that's why we think that a hearing date is
20  important in early February, if possible.
21      The third issue is really a question of who opens
22  and who closes.  We don't think there is much doubt about
23  the fact that LBHI has the prima facie obligation to frame
24  its objection and should at least open.  We recognize that
25  all parties should put on their evidence.  We think that