**HAHN & HESSEN LLP**
488 Madison Avenue
New York, New York 10022
Telephone:    212-478-7200
Facsimile:    212-478-7400
Jeffrey L. Schwartz
Steven J. Mandelsberg
Christopher J. Hunker

*Attorneys for Commerzbank AG –*
*Group Intensive Care*

Hearing Date: January 15, 2015 at 10:00 a.m. (Eastern)
Objection Deadline: December 29, 2014 at 4:00 p.m. (Eastern)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
In re:                                                            :   Chapter 11
                                                                  :
                                                                  :   Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*                           :
                                                                  :   Jointly Administered
                              Debtors.                            :
                                                                  :
----------------------------------------------------------------- x

**RESPONSE OF COMMERZBANK AG – GROUP INTENSIVE CARE TO**
**FOUR HUNDRED EIGHTY-SEVENTH OMNIBUS OBJECTION TO**
**CLAIMS (SATISFIED GUARANTEE CLAIMS)**

Commerzbank AG − Group Intensive Care ("Commerzbank"), by and through its undersigned counsel, respectfully submits this response (the "Response") to the Four Hundred Eighty-Seventh Omnibus Objection to Claims (Satisfied Guarantee Claims) (the "Objection") filed by Lehman Brothers Holdings, Inc. ("LBHI" or the "Plan Administrator"), and respectfully states as follows:

**SUMMARY OF RESPONSE**

1.    The Objection should be overruled because it is premature. The Plan Administrator has not yet allowed and paid in full the Primary Claim (defined below). Until this

occurs, the Guarantee Claim cannot be deemed "satisfied," and the obligation of LBHI, as guarantor, cannot be discharged. Accordingly, the Objection should be overruled.

## PERTINENT BACKGROUND

2.     On September 15, 2008 (the "Petition Date"), LBHI and certain of its affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court," or this "Court"). On October 5, 2008, Lehman Brothers Commercial Corporation ("LBCC") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.     On July 2, 2009, the Bankruptcy Court entered the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date Order").

### A.    The Commerzbank Claims

4.     Prior to the Petition Date, Dresdner Bank AG ("Dresdner")[1] and LBCC were parties to that certain ISDA Master Agreement dated September 2, 1997 (the "Swap Agreement"), pursuant to which Dresdner and LBCC entered into numerous credit default swaps, total return swaps, and inflation rate swaps (collectively, the "Transactions"). On December 1, 1997, LBHI executed a guarantee (the "Guarantee") in favor of LBCC in connection with the Swap Agreement. The commencement of LBHI's chapter 11 case constituted an Event of Default under the Swap Agreement, as LBHI was LBCC's credit support

---

[1]    Commerzbank is the successor by merger to Dresdner.

2

provider and guarantor.  On or about September 16, 2008, Dresdner terminated the Swap Agreement.

5.      In accordance with the Bar Date Order, on September 22, 2009, Commerzbank timely filed (i) proof of claim number 27631 (the "<u>Primary Claim</u>") asserting a general unsecured claim in the amount of $28,679,397.44 against LBCC on account of amounts due and owing to Commerzbank in connection with the Swap Agreement as of the termination date, and (ii) proof of claim number 27632 (the "<u>Guarantee Claim</u>") asserting a general unsecured claim in the amount of $28,610,823.77 against LBHI for amounts due and owing to Commerzbank in connection with the Swap Agreement as of the termination date.

6.      On or about November 26, 2014, the Plan Administrator filed the Objection, requesting that the Court disallow the Guarantee Claim on the grounds that it is "satisfied" because the LBCC estate is reserving an amount that would, if the Primary Claim is allowed, result in payment in full.

## OBJECTION

7.      The Plan Administrator's request for disallowance of the Guarantee Claim is both premature and legally unsupported in law.  A guarantee is not discharged until the debt owed by the primary obligor is paid in full.  *See, e.g.*, *In re Lightsquared Inc.*, Case No. 12-12080 (SCC), 2014 Bankr. LEXIS 4577, at *22-23 (Bankr. S.D.N.Y. Oct. 30, 2014) (refusing to disallow guarantee claims prior to actual payment in full of the primary debt).  Although the Plan Administrator correctly cites case authority holding that a claimant cannot recover twice on the same debt, those authorities also recognize that the surety or guarantee obligation is not discharged or satisfied until the principal obligation actually has been fully paid.  *See, e.g.*, *Bankers' Trust Co. v. Irving Trust Co. (In re United Cigar Stores)*, 73 F.2d 296, 298 (2d Cir. 1934) ("***When the time arrives that the appellant has been paid in full***, from whatever source, it

3

will receive no further dividends or payments." (emphasis added)); *Ross v. Worth Elec. Supply Co., Inc.*, 420 N.Y.S.2d 441, 442 (N.Y. Civ. Ct. 1979) ("It is fundamental in suretyship that ***with payment of the principal obligation*** the obligations of both principal and surety are discharged." (emphasis added)); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 19 (1996) ("To the extent that the underlying obligation is discharged ***by performance or other satisfaction by the principal obligor***, the secondary obligation is also discharged" (emphasis added)).

8. In this case, Commerzbank has not been paid in full on the Primary Claim. The Plan Administrator cites to no authority which would support its argument that simply establishing a "reserve" for the primary obligation is sufficient to discharge a guarantee obligation. "Reserving" is not the same as "paying in full." Until the Primary Claim is resolved and paid in full, the Guarantee Claim should not be expunged.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, Commerzbank respectfully requests that the Court (a) overrule the Objection, and (b) grant such other and further relief as the Court deems just and proper.

Dated:   New York, New York
December 29, 2014

Respectfully submitted,

**HAHN & HESSEN LLP**
Attorneys for Commerzbank AG – Group Intensive Care

By: ___/s/ *Jeffrey L. Schwartz*___
Jeffrey L. Schwartz, Esq.
Steven J. Mandelsberg, Esq.
Christopher J. Hunker, Esq.

488 Madison Avenue
New York, New York 10022
Telephone:   212-478-7200
Facsimile:   212-478-7400

5