DIAMOND McCARTHY LLP
620 Eighth Avenue, 39th Floor
New York, New York 10018
Tel: (212) 430-5400
Fax: (212) 430-5499
Howard D. Ressler, Esq.
Stephen T. Loden, Esq.
Benjamin R. Garry, Esq.

*Counsel for KN Asset Management Co.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
                                                         :
In re:                                                   :
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al*,              :    Chapter 11
                                                         :
                            Debtors.                     :    Case No. 08-13555 (SCC)
                                                         :
----------------------------------------------------------------------x

**KN ASSET MANAGEMENT CO.'S RESPONSE TO LBHI'S**
**FOUR HUNDRED EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**

KN Asset Management Co. ("KN") files this response (the "Response") to Lehman Brothers Holdings Inc.'s ("LBHI") Four Hundred Eighty-Sixth Omnibus Objection to Claims (the "Objection") and, in support thereof, respectfully states as follows:

**RESPONSE**

1.    On October 20, 2008, KN timely filed certain claims (collectively the "LBJ Claim") in the Lehman Brothers Japan ("LBJ") civil rehabilitation proceedings in Tokyo, Japan. In the LBJ Claim, KN asserts claims to recover amounts owed by LBJ to KN pursuant to an ISDA Master Agreement dated November 7, 2007 between KN and LBJ (the "ISDA"). Pursuant to the relevant portions of the ISDA, upon the Lehman Brothers bankruptcy filings, LBJ was required to make a termination payment to KN in United States Dollars, which the agreement

defined to be the "Termination Currency."  *See* **Exhibit 1**, p. 19, Part 1(g).  A true and correct copy of the ISDA is attached hereto as **Exhibit 1.**

2. LBHI agreed to guarantee LBJ's obligations to KN as part of the ISDA transaction.  Specifically, LBHI signed a November 6, 2007 guarantee wherein LBHI agreed that it would become liable for LBJ's ISDA obligations "when and as [LBJ's ISDA obligations] shall became due and payable in accordance with the terms of the [ISDA] Agreement" (the "LBHI Guarantee").  A copy of the LBHI Guarantee is attached hereto as **Exhibit 2**.  As such, when LBJ became liable to make a termination payment in US Dollars to KN under the ISDA, LBHI likewise became liable to KN for that US Dollar payment.  On September 21, 2009, KN timely filed proof of claim number 22602 in the LBHI chapter 11 proceeding (the "LBHI Claim"), asserting unliquidated claims arising under the Guarantee.

3. On July 8, 2014, the Japanese liquidator allowed the LBJ Claim in the amount of JPY 2,224,469,576.  *See* the Certificate of Translation attached as **Exhibit 3** (the "Certificate"), a true and correct translated copy of the confirmation letter allowing the LBJ Claim is attached as Exhibit E to the Certificate**.**  Pursuant to the LBHI Guarantee, LBHI's guarantee liability to KN is therefore $21,909,480.71, representing the conversion of JPY 2,224,469,576 to US Dollars at the applicable exchange rate "when and as" that LBHI Guarantee obligation became due and payable on July 8, 2014.[1]

4. As of today's date, KN has received payments from the LBJ liquidator totaling JPY 1,651,615,350.00.  *See* **Exhibit 3**, a true and correct translated copy of the payment notification letters sent to KN are attached as exhibits A and C to the Certificate.  According to sections 8.13(a) and 8.13(d) of the confirmed LBHI chapter 11 plan (the "Plan"), the payments

---

[1] On July 8, 2014, a US Dollar was worth 101.53 Japanese Yen.  *See* Historical Rates for the Japanese Yen prepared by the Board of Governors of the Federal Reserve System ("Fed Exchange Rate") available at http://www.federalreserve.gov/releases/h10/hist/dat00_ja.htm.

2

556272v2

KN has received to date total $21,234,447.80.[2] As such, KN has been underpaid $675,032.91 on account of the LBJ Claim, thus fixing LBHI's Guarantee liability in that amount. For that simple reason the objection should be denied, and the LBHI Claim allowed in the amount of $675,032.91.

5. Although the objection is lacking any detailed analysis, LBHI apparently contends that the LBHI Guarantee required it to pay Japanese yen to KN, thus allowing LBHI to use 11 U.S.C. § 502(b) to convert that liability using the exchange rate in effect on the LBHI petition date. Using that exchange rate, LBHI asserts that there is no liability under the LBHI Guarantee. The Court should reject LBHI's invitation to ignore reality for at least two reasons.

6. First, the foreign exchange language in 11 U.S.C. § 502(b) has no applicability because LBHI's obligations under the LBHI Guarantee have always been denominated in US Dollars. The ISDA defines "termination currency" to be US Dollars, and the LBHI Guarantee renders LBHI liable for LBJ's ISDA obligations:

> when and as [LBJ's ISDA] obligations thereunder shall become due and payable *in accordance with the terms of the [ISDA] Agreement*. [emphasis added]

See **Exhibit 2**, p. 1, 2nd paragraph. LBHI's liability under the LBHI Guarantee was fixed when the LBJ Claim was allowed on July 8, 2014. Pursuant to the ISDA, on that date LBJ became liable to KN for a termination payment totaling $21,909,480.71, and LBHI's liability to KN under the LBHI Guarantee was likewise liquidated at $21,909,480.71[3]. The fact that LBJ's termination payment obligations were converted to Japanese yen for purposes of Japanese

---

[2] Section 8.13(d) of the Plan states that payments received in foreign currency on account shall be converted to US Dollars using the exchange rate in effect as of the December 6, 2011 Plan confirmation. On that date, one US Dollar was valued at 77.78 Japanese Yen. *See* email from Gabrielle Zampini to Benjamin Garry dated October 31, 2014 (the "October 31 Email") and attached to the response as **Exhibit 4**.

[3] As discussed, the ISDA required LBJ to make those termination payments in US Dollars. On that date, JPY 2,224,469,576 equaled $21,909,480.71 at the rate of 101.53 JPY per dollar.

3

556272v2

insolvency proceedings does not change the fact that those obligations were due and payable in the ISDA "termination currency" – US Dollars. *See* **Exhibit 1**, p. 9, Section 6(e). Simply stated, LBHI's obligation under the LBHI Guarantee has *never* been stated in anything other than US Dollars, and thus there is no need to restate the LBHI Claim in "lawful currency of the United States as of the filing of the petition." 11 U.S.C. § 502(b).

7. Applying the clear and unambiguous language of the LBHI Guarantee – language which LBHI drafted – would not violate the Plan or the Bankruptcy Code. Instead, doing so would ensure that both LBHI's and KN's pre-petition expectations concerning the ISDA transaction are respected and enforced. *See, e.g. In re Penn Traffic Co.*, 524 F.3d 373, 383 (2d Cir. 2008) ("Where, however, the parties' rights under the terms of their pre-petition agreement have not been altered or extinguished by operation of nonbankruptcy law, both parties remain subject to the contractual obligations…."). Even if the foreign exchange language in 11 U.S.C. § 502(b) was applicable, under these circumstances the Court would be justified in employing the exchange rate in effect with the LBJ Claim was finally adjudicated, rather than the one in effect on the Petition Date. *See, e.g., In re Good Hope Chem. Corp.*, 747 F.2d 806, 810 (1st Cir. 1984) (holding that the "judgment day rule," requires a contractual obligation payable in a foreign currency should be converted at the rate in effect on the date of judgment); *see also Sheils v. 65248 Canada Ltd. (In re MacKay)*, No. 5–02–bk–01057, 2007 WL 4248638 (Bankr. M.D. Pa. Oct. 12, 2007) (same) and *In re National Paper & Type Co. of Puerto Rico*, 77 B.R. 355 (Bankr.D.P.R.1987) (same).

8. Moreover, the simple fact is that KN is still owed significant amounts under the ISDA. As discussed previously, the LBJ Claim was allowed in the amount of JPY 2,224,469,576, and KN has only been paid JPY 1,651,615,350, resulting in a deficit of JPY

4

572,854,226. Using the exchange rate in effect when the LBJ Claim was allowed on July 8, 2014, that deficit totals $5,644,216.35. It is only through application of section 8.13(d) of the Plan, and by ignoring the clear language of the LBHI Guarantee, that LBHI may be able to argue that that $5.6 million deficit is actually zero. LBHI is simply wrong when it asserts that KN has been paid in full.[4]

## RESERVATION OF RIGHTS

9.  The Objection does not explain why LBHI believes KN has been paid in full. As a result, in this Response KN addresses the facts and attempts to respond to the substantive arguments it anticipates LBHI might make in support of the Objection. In the event LBHI supplements its objection to the LBHI Claim, KN reserves the right to supplement this Response to the extent necessary to respond to LBHI's substantive arguments.

## CONCLUSION

10. For the forgoing reasons, KN respectfully request that LBHI's Objection to KN's Claim be overruled and KN's Claim be allowed in the amount of at least $675,032.91.

---

[4] Actually, LBHI has gone further to assert that KN has been *overpaid* on account of its claims. *See* **Exhibit 4** stating that "total distributions equal $21,234,448 which is in excess of the proposed LBHI claim amount. As a result, LBHI has no liability on the guarantee claim."

DATED:     December 29, 2014
           New York, New York

                                        Respectfully submitted,


                                        By:   */s/ Stephen T. Loden*
                                              Howard D. Ressler, Esq.
                                              Stephen T. Loden, Esq.
                                              Benjamin R. Garry, Esq.
                                        DIAMOND MCCARTHY LLP
                                        620 Eighth Avenue, 39th Floor
                                        New York, New York 10018
                                        Tel:  (212) 430-5400
                                        Fax:  (212) 430-5499
                                        *Counsel for KN Asset Management Co.*

6

556272v2