Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,    Case No. 08-13555 (JMP)
(Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee                           Name of Transferor

Deutsche Bank AG, London Branch              P Monarch Recovery Ltd

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch              Court Claim # (if known):
Winchester House, 1 Great Winchester Street
London EC2N 2DB                              (i)   50497
Tel: +44 20 7547 3330                        (ii)  62803
Fax: +44 113 336 2010
Attention: Simon Glennie
E-mail: simon.glennie@db.com                 Amount of Claim (transferred):

(i) EUR 803,000.00 in principal amount of ISIN XS0162196140 (plus all interest, costs and fees relating to this claim)
Allowed Claim Amount being transferred: USD 1,145,882.18

(ii) EUR 468,000.00 in principal amount of ISIN XS0368699764 (plus all interest, costs and fees relating to this claim)
Allowed Claim Amount being transferred: USD 665,085.83

Date Claim Filed:

(i)   October 28, 2009
(ii)  November 2, 2009

Tel: N/A

Last Four Digits of Acct. #: N/A             Last Four Digits of Acct. #: N/A

Name and Address where transferee payments should be sent (if different from above):

Confidential

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 19 DECEMBER 2014
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Jamie Foote
Vice President

Simon Glennie
Vice President

Confidential

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **P Monarch Recovery Ltd** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 hereto (the "Purchased Portion"), in Seller's right, title and interest in and to Proofs of Claim Numbers 50497 and 62803 filed by or on behalf of Seller's predecessor-in-title (copies of which are attached at Schedule 2 hereto) (the "Proofs of Claim") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion (other than the Retained Distributions (as defined below)) or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (other than the Retained Distributions (as defined below)) (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim include the Purchased Portion specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other general unsecured creditors holding claims of the same class and type as the Purchased Portion; (g) the Transferred Claims are Class 5 Senior Third Party Guarantee Claims; and (h) Seller received in respect of the Transferred Claims and/or the Purchased Security distributions as set out in Schedule 1 on the dates set out therein (and "Retained Distributions" shall mean the First LBHI Distribution, the Second LBHI Distribution, the Third LBHI Distribution and the First Treasury BV Distribution (each as defined below)).

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Confidential

DB Ref 13625 (50497&62803 PMR)

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser (other than the Retained Distributions). Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 17 day of December 2014.

**P MONARCH RECOVERY LTD**
By: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name: Christopher Santana
Title: Managing Principal

P Monarch Recovery Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, 26th Floor
New York NY 10022
Attn: Michael Gillin
Phone: (212) 554-1743
Fax: (866) 741-3564
Email: fundops@monarchlp.com

**DEUTSCHE BANK AG, LONDON BRANCH**

By: _____
Name: Jamie Foote
Title: Vice President

Simon Glennie
Vice President

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

DB Ref: 13625 (50497&62803 PMR)

Confidential

Schedule 1

## Transferred Claims

### Purchased Portion

- 12.71072 % of the claim that is referenced in line number 2 of Proof of Claim 50497 (as highlighted in the copy attached at Schedule 2) and relating to the first Purchased Security described below (plus all interest, costs and fees relating to this claim).
- 7.20000 % of the claim that is referenced in Proof of Claim 62803 (as highlighted in the copy attached at Schedule 2) and relating to the second Purchased Security described below (plus all interest, costs and fees relating to this claim).

### Lehman Programs Securities to which Transfer Relates

| Proof of Claim | Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Maturity | Allowed Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 50497 | MTN1657 | XS0162196140 | CA71740 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings, Inc. | €803,000.00 | 2/21/2009 | $1,145,882.18 |
| 62803 | MTN10836 | XS0368699764 | 6019762 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings, Inc. | €468,000.00 | 7/31/2013 | $665,085.83 |

### Distributions

| Proof of Claim | First LBHI Distribution paid on 4/17/12 | Second LBHI Distribution paid on 10/1/12 | Third LBHI Distribution paid on 4/4/13 | Fourth LBHI Distribution paid on 10/3/13 | Fifth LBHI Distribution paid on 4/3/14 | Sixth LBHI Distribution paid on 10/2/14 | First Treasury BV Distribution paid on 5/8/13 | Second Treasury BV Distribution paid on 10/28/13 | Third Treasury BV Distribution paid on 4/28/14 | Fourth Treasury BV Distribution paid on 10/27/14 |
|---|---|---|---|---|---|---|---|---|---|---|
| 50497 | $41,357.51 | $27,908.86 | $35,250.94 | $41,793.95 | $45,397.97 | $34,071.14 | | | | |
| 62803 | $24,004.47 | $16,198.69 | $20,460.13 | $24,257.78 | $26,349.60 | $19,775.36 | € 98,113.99 | € 38,437.11 | € 41,312.25 | € 34,155.43 |
| | | | | | | | € 60,916.23 | € 23,864.52 | € 25,649.62 | € 21,206.15 |

Confidential Schedule 1-1

DB Ref: 13625 (50497&62803 PMR)

Schedule 2

Copy of Proofs of Claim 50497 and 62803

Confidential Schedule 1–1

DB Ref. 13625 (50497&62803 PMR)