# **EXHIBIT C**

Opinion of the United States District Court for the Southern District of New York in
Finance One Public Company Limited v. Lehman Brothers Special Financing, Inc.,
No. 00 Civ. 6739 (CBM), 2003 WL 21638214 (S.D.N.Y. July 11, 2003),
rev'd on other grounds, 414 F.3d 325 (2d Cir. 2005)

Page 1

Not Reported in F.Supp.2d, 2003 WL 21638214 (S.D.N.Y.)
**(Cite as: 2003 WL 21638214 (S.D.N.Y.))**

▷
Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
FINANCE ONE PUBLIC COMPANY LIMITED,
Plaintiff,
v.
LEHMAN BROTHERS SPECIAL FINANCING,
INC., Defendant.

No. 00 Civ. 6739(CBM).
July 11, 2003.

Financial institution brought diversity action against investment company alleging breach of parties' derivative trading contract. After granting judgment for institution, 215 F.Supp.2d 395, and granting set-off for company, 2003 WL 2006598, the District Court, Motley, J., held that prejudgment and post-judgment interest rates on money owed to financial institution were governed by contract breached by investment company.

Ordered accordingly.

West Headnotes

**Interest 219 🗝35**

219 Interest
    219II Rate
        219k32 Stipulations as to Rate
            219k35 k. Statement as to Rate in Contract. Most Cited Cases

Prejudgment and post-judgment interest rates on money owed to Thai financial institution were governed under New York law by contract breached by investment company, although investment company had extra-contractual right to set-off under equitable principles of Thai law; entitlement to, and amount of, interest in breach of contract action was governed by New York law, the state under which contract was interpreted, and investment company did not suggest bad faith, fraud, gross negligence, unconscionability, or contravention of public policy.

*MEMORANDUM OPINION AND ORDER*
MOTLEY, J.

**\*1** By Memorandum Opinion and Order, this court ruled that defendant Lehman Brothers Special Financing, Inc. ("LBSF") was entitled to claim a set-off of $4,300,866.07 towards the debt of approximately $9.7 million it owed to plaintiff Finance One Public Company Limited ("Fin One"). *Finance One Public Co. Ltd. v. Lehman Bros. Special Financing, Inc.,* 2003 WL 2006598, at \*1 (S.D.N.Y. May 1, 2003) (hereinafter *"Fin One Set-Off"*). The court did not set rates of pre-and post-judgment interest and called for briefing on that issue by Order dated May 12, 2003. In its papers, Fin One asserts that the rates of interest are governed by the International Swap & Derivatives Assocation, Inc. ("ISDA") Master Agreement dated June 30, 1995 and agreed to by the parties. *See* Complaint, Ex. 1 ("the ISDA" or "the Master Agreement"). Defendant LBSF contends that the rates of interest are governed by Thai law and should be decided according to Thai law's equitable principles, just like the court's last decision applying Thai law with respect to the question of whether LBSF was entitled to an extra-contractual set-off. In the alternative, LBSF argues that if New York law governs, Fin One's proposed rate is too high and the actual rate remains an issue of fact whose resolution requires a hearing.

For the reasons that follow, the court finds for plaintiff and awards pre-judgment interest at a rate of 17.04% and post-judgment interest at a rate of 18.04%.

New York Law Governs the ISDA Master Agreement

In resolving the choice of law issues in this case, this court ruled that "New York law controls whether defendant is liable to plaintiff under the

Not Reported in F.Supp.2d, 2003 WL 21638214 (S.D.N.Y.)
**(Cite as: 2003 WL 21638214 (S.D.N.Y.))**

ISDA Master Agrement...." *Finance One Public Co. Ltd. v. Lehman Bros. Special Financing, Inc.,* 2001 WL 1543820, at *3 n. 4 (S.D.N.Y. Dec.4, 2001) (hereinafter *"Fin One CoL I"* ). Contrary to defendant's assertion, this court's *Fin One Set-Off* ruling that LBSF was entitled to an extra-contractual right to set-off under the equitable principles of Thai law did not reopen the question of whether New York law governed the question of defendant's liability under the ISDA. *See* LBSF Mem. of Law Regarding Interest at 1. That decision addressed only the narrow question of extra-contractual set-off rights, and it did so only because the court had previously ruled that the ISDA neither guaranteed nor precluded LBSF's right to assert a set-off. *See Finance One Public Co. Ltd. v. Lehman Bros. Special Financing, Inc. .,* 215 F.Supp.2d 395, 399-401 (S.D.N.Y.2002) ("hereinafter *Fin One CoL II"* ). Most important for the instant matter, *the court arrived at its conclusion in* Fin One CoL II *by applying New York Law. See id.* at 399 (noting that New York law governs the ISDA pursuant to its choice of law clause and citing *New York v. Oneida Indian Nation of New York,* 90 F.3d 58 (2d Cir.1996),* which applied New York law).

It is well-settled under Second Circuit law that the "entitlement to and amount of interest in a breach of contract action is governed by the state law under which the contract is interpreted." *Morse/Diesel, Inc. v. Trinity Indus., Inc.,* 875 F.Supp. 165, 174 n. 10 (S.D.N.Y.1994)(citing *Lee v. Joseph E. Seagram & Sons, Inc.,* 592 F.2d 39, 41 n. 2 (2d Cir.1979)); *see also Spector v. Mermelstein,* 485 F.2d 474 (2d Cir.1973) (same and collecting cases). It is similarly well-settled under New York law that "if the contract between the parties provides for a different rate [than the statutory rate], that rate shall control." *Morse/Diesel, Inc.,* 875 F.Supp. at 174 (citing *Marine Mgmt., Inc. v. Seco Mgmt., Inc.,* 176 A.D.2d 252, 574 N.Y.S.2d 207, 208 (2d Dep't 1991)); *see also Stull v. Joseph Feld, Inc.,* 34 A.D.2d 655, 309 N.Y.S.2d 985, 987 (1st Dep't 1970) (holding that "when the contract provides that interest shall be paid at a special rate until the principal shall be paid, the contract rate governs ..." and collecting cases).

The Terms of the ISDA Master Agreement

*2 Under the Master Agreement, in the event of an early termination of the derivative transactions, the terminating party is required to pay the amount due "together with (to the extent permitted under applicable law) interest thereon (before as well as after judgment) in the Termination Currency ... at the Applicable Rate. Such interest will be calculated on the basis of daily compounding and the actual number of days elapsed." ISDA, § 6(d)(ii), at 9. The "Applicable Rate" is defined as the "Default Rate," ISDA, § 14(b), at 14, which in turn is defined as "a rate per annum equal to the cost (*without proof or evidence of any actual cost* ) to the relevant payee (*as certified by it* ) if it were to fund or of funding the relevant amount plus 1% per annum." *Id.,* § 14(d), at 14 (emphasis added). There is no escape clause from these provisions contained in the ISDA.

Plaintiff has complied with section 14(d) by certifying the cost of funds through the Special Manager of Fin One, Mongkhon Maksaereekun. *See* Mongkhon Aff. dated March 8, 2002, ¶ 20 & Ex. 7; Mongkhon Reply Aff. dated April 23, 2002, ¶ 4; Mongkhon Proper Interest Rate Aff. dated May 16, 2003, ¶ 2 & Ex. 2. Moreover, even though it was not required to do so by the ISDA, *see* ISDA, § 14(d), at 14, plaintiff has provided ten promissory notes demonstrating the interest rates at which it was forced to borrow funds. Mongkhon Proper Interest Rate Aff. dated May 16, 2003, Ex. 2. The proper interest rate for pre-judgment interest is 17.04%; for post-judgment interest, the proper rate is 18.04%. *Id.*

Defendant LBSF attempts to create an issue of fact by arguing that the rates certified by Mr. Mongkhon are exaggerated. *See* LBSF Mem. of Law Regarding Interest at 2; *see generally* Kittivalai Reply Aff. dated May 23, 2002. This argument, however, ignores the fact that the ISDA explicitly precludes an issue of fact contest with regard to the

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

proper default rate with the phrases "without proof or evidence of any actual cost" and "as certified by it." ISDA, § 14(d), at 14. Under New York law, the only possible route to avoid enforcement of this clause in the contract would be to suggest bad faith, fraud, gross negligence or contravention of public policy, which LBSF does not do. *Cf. Kalisch-Jarcho, Inc. v. City of New York,* 58 N.Y.2d 377, 461 N.Y.S.2d 746, 448 N.E.2d 413, 416-17 (1983) (holding that as a general contract principle contract provisions will be enforced when "entered into at arms length by sophisticated contracting parties," absent a showing of "intentional wrongdoing," either "fraudulent" or "malicious, prompted by the sinister intention of one acting in bad faith," "gross negligence" or contravention of public policy). There can be no question that the parties to this case are sophisticated and that they agreed to the terms of the ISDA at arms length. Plaintiff demonstrates that the interest rates it certified are neither contrary to public policy nor unconscionable. *See* Fin One Mem. of Law in Supp. of Proper Interest Rate at 4 n. 3 (citing *Marine Mgmt., Inc.,* 574 N.Y.S.2d at 208 (awarding pre-judgment interest at 25% per annum) and *In re Best Payphones, Inc.,* 2003 WL 1089525, at \*5-6 (Bankr.S.D.N.Y.2003) (awarding pre-judgment interest at rate of 18% per annum)).

Conclusion

**\*3** In light of the foregoing, the court finds for plaintiff and awards pre-judgment interest at a rate of 17.04% and post-judgment interest at a rate of 18.04%.

SO ORDERED.

S.D.N.Y.,2003.
Finance One Public Co. Ltd. v. Lehman Bros. Special Financing, Inc.
Not Reported in F.Supp.2d, 2003 WL 21638214 (S.D.N.Y.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.