**Hearing Date and Time:  January 15, 2015 at 10:00 a.m. (prevailing Eastern Time)**

Philip D. Anker
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
New York, NY 10007
Tel:  (212) 230-8800
Fax:  (212) 230-8888

Benjamin Loveland
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:  (617) 526-6000

*Attorneys for Värde Investment Partners, L.P.*

Joshua Dorchak
MORGAN, LEWIS & BOCKIUS LLP
399 Park Avenue
New York, NY 10022
Tel:  (212) 705-7784
Fax:  (212) 702-3667

*Attorneys for Deutsche Bank
Securities Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al*.,<br><br>                               Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC)<br><br>(Jointly Administered) |

**JOINDER OF VÄRDE INVESTMENT PARTNERS, L.P. AND DEUTSCHE BANK
SECURITIES INC. TO LIMITED OBJECTION OF BANIA BROTHERS, L.L.C.,
BAUPOST GROUP SECURITIES, L.L.C.,
AND WOODERSON PARTNERS, L.L.C. TO THE MOTION
OF THE PLAN ADMINISTRATOR IN AID OF EXECUTION OF
THE PLAN TO ESTABLISH A BAR DATE FOR DEMANDS FOR
POSTPETITION INTEREST AGAINST LEHMAN BROTHERS OTC
DERIVATIVES INC. AND LEHMAN BROTHERS COMMERCIAL CORPORATION**

Värde Investment Partners, L.P. ("Värde") and Deutsche Bank Securities Inc. ("DB

Securities"), by and through their undersigned counsel,  hereby submit this joinder in the Limited

Objection [Docket No. 47709] (the "Limited Objection") of Bania Brothers, L.L.C., Baupost

Group Securities, L.L.C., and Wooderson Partners, L.L.C. (collectively, "Baupost") to the

*Motion of the Plan Administrator in Aid of Execution of the Plan to Establish a Bar Date for*

*Demands for Postpetition Interest Against Lehman Brothers OTC Derivatives Inc. and Lehman Brothers Commercial Corporation* [Docket No. 47487] (the "Motion"),[1] and respectfully state as follows:

### JOINDER

1.      Like Baupost, Värde and DB Securities support the establishment of a bar date for the identification and quantification of demands for postpetition interest arising from Allowed Claims against LOTC and LBCC.  However, Värde and DB Securities also share the concerns expressed in the Limited Objection with respect to the Debtors' proposed method for evaluating such demands—both demands by third-party holders of Allowed Claims and by the Debtors and Debtor-Controlled Entities.[2]

2.      First, the Debtors' proposed procedures call for more information than Värde, DB Securities, and other claimants whose postpetition interest demands arise from ISDA agreements are required to provide as a matter of law.  While Värde and DB Securities, of course, do not object to providing the information required under the ISDA agreements, the requirements proposed in the Motion exceed those contractual obligations.  As reflected in the Limited Objection, the Plan Administrator knows this.  When the shoe has been on the other foot, and the Plan Administrator has sought default interest on amounts owed to Debtors or Debtor-Controlled Entities under ISDA agreements, it has taken the position that all it need do is provide a certification (and no additional information) of its cost of funds.  The rules should not be different for the Plan Administrator and other claimants.  The information that those other

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Plan, as applicable.

[2]      Värde and DB Securities are entitled to postpetition interest under the Plan on Allowed Claims that arise from ISDA Master Agreements.

claimants are required to provide should be no less, but no more, than what the ISDA

Agreements mandate and what the Plan Administrator itself has provided.

        3.        Second, it is vitally important to Värde, DB Securities, and to all holders of

Allowed Claims with a right to postpetition interest, that the process for evaluating postpetition

interest demands and distributing Available Cash on account of postpetition interest be

transparent and free from the specter of conflict.  The process envisioned by the Plan

Administrator is not.  As noted, the Plan Administrator is not simply acting on behalf of solvent

Debtors against which creditors have made demands for payment of postpetition interest; it is

also acting for other Debtors and Debtor-Controlled Entities that have themselves made demands

for payment of postpetition interest from those same solvent Debtors as well as for the equity

holders of those same solvent debtors.  If third-party claimants are to be subject to a bar date and

required to provide information in support of their demands for postpetition interest, then

Debtors and Debtor-Controlled Entities also claiming an entitlement to postpetition interest

should be as well.  And, most importantly, their demands for payment of postpetition interest

should be subject to the same standard or proof as are the demands of third-party claimants.  Put

simply, to the extent any Debtors or Debtor-Controlled Entities claim postpetition interest, they

should be held to precisely the same informational requirements as third-parties.[3]  In addition, to

avoid the potential for the Plan Administrator's conflicting interests to adversely affect the rights

of third-party claimants, those claimants should be entitled to review the information submitted

by the Debtors and Debtor-Controlled Affiliates, as well as the standards by which the Plan

Administrator evaluates such demands.  This will help to ensure that postpetition interest

---

[3]      The Motion applies equally to non-Debtor Affiliates and Non-Controlled Affiliates as it does to third-party claimants.  Therefore, to the extent that third-party claimants must provide any information regarding postpetition interest demands, non-Debtor Affiliates and Non-Controlled Affiliates should also be required to do so.

demands are evaluated in a consistent, fair, and transparent manner and provide all relevant

claimants with important information that will impact their postpetition interest recoveries.

Dated: January 7, 2015
     New York, New York

By:  /s/ Philip D. Anker
     Philip D. Anker
     WILMER CUTLER PICKERING
      HALE AND DORR LLP
     7 World Trade Center
     New York, NY 10007
     Tel:  (212) 230-8800
     Fax:  (212) 230-8888

     Benjamin Loveland
     WILMER CUTLER PICKERING
      HALE AND DORR LLP
     60 State Street
     Boston, MA 02109
     Tel:  (617) 526-6000
     Fax: (617) 526-5000

     *Attorneys for Värde Investment Partners, L.P.*

By:  /s/ Joshua Dorchak
     Joshua Dorchak
     MORGAN, LEWIS & BOCKIUS LLP
     399 Park Avenue
     New York, NY. 10022
     Tel:  (212) 705-7784
     Fax:  (212) 702-3667

     *Attorneys for Deutsche Bank Securities Inc.*