HEARING DATE AND TIME: March 11, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: February 9, 2015 at 4:00 p.m. (Eastern Time)

**QUINN EMANUEL**
**URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone: (212) 849-7000
*Counsel for Debtors Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br>Case No. 08-13555 (SCC) |

**NOTICE OF HEARING ON OBJECTION TO PORTIONS OF PROOFS OF CLAIM NO. 66462 AND 66474 AGAINST LEHMAN BROTHERS HOLDINGS INC. OF JPMORGAN CHASE BANK, N.A. AND J.P. MORGAN MARKETS LIMITED (F/K/A BEAR STEARNS INTERNATIONAL LIMITED) REGARDING DERIVATIVES LOSSES**

**PLEASE TAKE NOTICE** that a hearing on the annexed objection, dated January 7, 2015, 2014 (the "Objection") filed by Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 case, as debtors and debtors in possession (collectively, the "Debtors"), to portions of Proofs of Claim No. 66462 and 66474 against Lehman Brothers Holdings Inc. shall be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Custom House, Courtroom 621, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **March 11, 2015 at 10:00 a.m. (Eastern Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the responding party, the basis for the response and the specific grounds thereof, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the Chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Lori Fife, Esq.); (iii) conflicts counsel for the Debtors, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 (Attn: Andrew J. Rossman, Esq. and Tyler G. Whitmer, Esq.); (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Elisabeth Gasparini, Esq. and Andrea Schwartz, Esq.); and (v) attorneys for the Official Committee of Unsecured Creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.) so as to be filed and received by no later than **February 9, 2015 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order, which order may be entered with no further notice or opportunity to be heard offered to any party.

**PLEASE TAKE FURTHER NOTICE** that responding parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  January 7, 2015
        New York, New York

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/ Andrew J. Rossman
Susheel Kirpalani
Andrew J. Rossman
Tyler G. Whitmer
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000
*Counsel for Lehman Brothers Holdings Inc.*

**QUINN EMANUEL**
**URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone: (212) 849-7000
*Counsel for Debtors Lehman Brothers Holdings Inc.*
*and Lehman Brothers Special Financing Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 08-13555 (SCC) |

**OBJECTION TO PORTIONS OF PROOFS OF CLAIM NO. 66462 AND 66474
AGAINST LEHMAN BROTHERS HOLDINGS INC. OF JPMORGAN CHASE BANK,
N.A. AND J.P. MORGAN MARKETS LIMITED (F/K/A BEAR STEARNS
INTERNATIONAL LIMITED) REGARDING DERIVATIVES LOSSES**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and, collectively with its affiliates, "Lehman") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

**Preliminary Statement**

1. This Objection seeks a ruling that the claims of JPMorgan Chase Bank, N.A. ("JPMCB") and J.P. Morgan Markets Limited (f/k/a Bear Stearns International Limited) ("JPMM" and, together with JPMCB, "JPMorgan") against LBHI relating to its role as guarantor

of certain derivatives transactions between JPMorgan and Lehman Brothers Finance S.A. ("LBF") or Lehman Brothers Inc. ("LBI") are overstated because JPMorgan calculated the claims in a manner that violated the requirements of the parties' contracts and applicable law. Specifically, JPMorgan did not value the transactions as of the required date when calculating its claims, included charges in its claims for losses it did not suffer, failed to appropriately net offsetting transactions when calculating its claims, and valued transactions inconsistently to its own advantage. This resulted in an overstatement of these claims, which should be reduced as described below.

## Relief Requested

2.  This Objection seeks to reduce the portions of Proofs of Claim No. 66462 and 66474 against LBHI described therein as arising from LBHI's guarantee of amounts purportedly due upon the termination of derivatives trades between JPMC and LBF, JPMM and LBF, and JPMC and LBI (collectively, the "LBF/LBI Derivatives Claims") pursuant to section 502(b) of the Bankruptcy Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of Claim Objections Procedure (the "Procedures Order") [Docket No. 6664].

3.  Debtors have examined the LBF/LBI Derivatives Claims and have determined that they should be reduced for the reasons described below. Debtors therefore request entry of an order reducing the LBF/LBI Derivatives Claims as set forth below.

## Jurisdiction

4.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

**Procedural Background**

5.     Beginning on September 15, 2008 (the "Commencement Date") and periodically thereafter, Lehman filed with this Court voluntary cases under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). Lehman's confirmed chapter 11 plans went effective in March 2012.

6.     On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

7.     Claimants received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice")). The Bar Date Notice also was posted on the docket, and the Bar Date Order was published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times. A list of the Debtors in these chapter 11 cases and their respective case numbers was included as part of the Bar Date Notice as well as on the instructions to the proof of claim form. (Bar Date Notice at Schedule A). In accordance with the Bar Date Order's requirement that claims be filed against the proper Debtor, the Bar Date notice stated, in bold-face type and in capital letters, that "YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS." (*Id.* at 3).

8.     On January 14, 2010, this Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

3

**Factual Background**

9.    Prior to LBHI's bankruptcy filing on September 15, 2008, JPMorgan was among Lehman's largest counterparties in derivatives transactions. Derivatives trading between the firms was governed by a number of International Swaps and Derivatives Association ("ISDA") Master Agreements, each between a JPMorgan entity and a Lehman entity. Plaintiffs object to JPMorgan's claims under the following three agreements (with their related schedules, confirmations and credit support annexes, the "Master Agreements"):

|   | **Date** | **Lehman Subsidiary** | **JPMorgan Entity** | **Agreement** |
|---|---|---|---|---|
| 1. | November 15, 1993 | LBF | Morgan Guaranty Trust Co. of NY/JPMCB | "LBF-JPMCB Agreement" |
| 2. | February 14, 2003 | LBF | Bear Stearns International Limited/JPMM | "LBF-JPMM Agreement" |
| 3. | September 8, 2004 | LBI | JPMCB | "LBI-JPMCB Agreement" |

10.    LBHI is a guarantor of the obligations of LBF and LBI under the Master Agreements and, therefore, is a "Credit Support Provider" under the Master Agreements.

11.    Under the terms of the Master Agreements, the commencement of LBHI's chapter 11 case on September 15, 2008 constituted an "Event of Default" and gave JPMorgan the right to terminate the transactions under the Master Agreements. On that same date, JPMorgan notified LBF that it was terminating the derivatives transactions under the LBF-JPMM Agreement and the LBF-JPMCB Agreement and designating September 15, 2008 as the "Early Termination Date." On September 17, 2008 JPMorgan notified LBI that it was terminating the derivatives transactions under the LBI-JPMCB Agreement and designating September 22, 2008 as the "Early Termination Date." JPMorgan submitted calculation statements, dated October 17, 2008, as their basis for the calculation of claims under the Master Agreements.

4

12. Under each of the Master Agreements, the parties had selected the "Close-out Amount" method to measure the settlement amount due upon early termination. Close-out Amount is defined as:

> ***[T]he amount of the losses or costs of the Determining Party that are or would be incurred under then prevailing circumstances*** (expressed as a positive number) ***or gains of the Determining Party that are or would be realized under then prevailing circumstances*** (expressed as a negative number) ***in replacing, or in providing for the Determining Party the economic equivalent of, (a) the material terms of the Terminated Transaction or group of Terminated Transactions***, including the payments and deliveries by the parties under Section 2(a)(i) in respect of that Terminated Transaction or group of Terminated Transactions that would, but for the occurrence of the relevant Early Termination Date, have been required after that date (assuming satisfaction of the conditions precedent in Section 2(a)(iii) and (b) the options rights of the parties in respect of that Terminated Transaction or group of Terminated Transactions.
>
> Any Close-out Amount will be determined by the Determining Party (or its agent), which will act in good faith and use commercially reasonable procedures in order to produce a commercially reasonable result.

2002 ISDA Master Agreement § 14 (emphasis added).

13. In other words, each Close-out Amount should have been determined by JPMorgan on the basis of a commercially reasonable, good faith determination of its total losses and costs (or gains) that are or would be incurred (or realized) under then prevailing circumstances in connection with Terminated Transaction(s) as of the Early Termination Date (or as soon thereafter as was commercially reasonable). *See* 2002 ISDA User's Guide at 24-25.

14. The definition of "Close-out Amount" includes four specific requirements that JPMorgan was mandated to comply with in its calculations of the amounts due upon termination of the Master Agreements.

5

- *First*, the definition of Close-out Amount required that "each Close-out Amount will be determined as of the Early Termination Date or, if that would not be commercially reasonable, as of the date or dates following the Early Termination Date as would be commercially reasonable." 2002 ISDA Master Agreement § 14 ("Close-out Amount" definition).

- *Second*, the calculation of Close-out Amount must be made using "commercially reasonable procedures." *Id.*

- *Third*, those close-out procedures must produce a "commercially reasonable result." *Id.*

- *Fourth*, the Close-out Amount only entitles the non-defaulting party to the "economic equivalent" of the terminated transactions, not a windfall profit. *Id.*

### Objection

15.    In their review of the claims filed on the claims register in these chapter 11 cases and maintained by the Court-appointed claims agent, the Debtors have identified the LBF/LBI Derivatives Claims as claims that should be reduced.

### I.    JPMORGAN INFLATED THE LBF/LBI DERIVATIVES CLAIMS

16.    On September 22, 2009, JPMorgan filed its original proofs of claim against LBHI, including the LBF/LBI Derivatives Claims. Subsequently, on April 1, 2010, JPMorgan amended these claims. As amended, the LBF/LBI Derivatives Claims totaled $161,054,502 across the three Master Agreements.

17.    The LBF/LBI Derivatives Claims are overstated. JPMorgan's own internal calculations demonstrate that the aggregate value of their derivatives transactions under the Master Agreements was heavily in Lehman's favor after LBHI's bankruptcy. On September 15,

6

2008, an internal JPMorgan report valued the trades under the Master Agreements at more than $175 million in favor of LBF and LBI, excluding collateral posted.[1]

18. Nonetheless, JPMorgan has submitted claims against LBHI as guarantor under the Master Agreements for $161,054,502. These claims consist of aggregate Close-out Amounts of only $15,296,181 in Lehman's favor, offset by the return of collateral held by Lehman in the amount of $96,943,074 and Unpaid Amounts of $79,407,609.[2]

19. The chart below shows the difference between JPMorgan's internal September 15, 2008 calculation of the net mark-to-market ("MTM") value of the transactions under each Master Agreement and JPMorgan's calculation of the Close-out Amount for each Master Agreement.

| **Comparison of JPMorgan's Internal Marks on September 15 and JPMorgan's Close-out Amount Calculations** [values in USD to Lehman][3] | | |
|---|---|---|
| Master Agreement | JPMorgan 9/15 MTM[4] | JPMorgan Close-out Amount |
| LBF-JPMCB | 77,201,532 | (5,741,767) |
| LBF-JPMM | 26,312,014 | 15,710,432 |
| LBI-JPMCB | 71,554,486 | 5,327,516 |
| TOTAL | 175,068,032 | 15,296,181 |

20. The LBF/LBI Derivatives Claims were calculated in a manner that violated the requirements of the Master Agreements, as well as the Bankruptcy Code. *See* 2002 ISDA Master Agreement § 14; 11 U.S.C. § 562. Specifically, JPMorgan's calculation of the Close-out

---

[1] *See* email from Michael S. Atchison (JPMCB) to Henry E. Steuart (JPMCB) & Piers Murray (JPMCB), Sept. 15, 2008 [JPM-LBHI00026781] (attached hereto as Exhibit A).

[2] "Unpaid Amounts" are amounts that became payable under a Master Agreement on or prior to the termination date but remained unpaid.

[3] Values are presented from the point of view of LBF and LBI. Thus, negative numbers represent amounts due to JPMorgan.

[4] *See* Exhibit A.

7

Amounts underlying these claims was inflated as a result of the following procedures, each of which violated the requirements of the Close-out Amount definition in the Master Agreements: (1) JPMorgan calculated the Close-out Amounts as of dates other than the designated Early Termination Date; (2) JPMorgan included add-on charges in its Close-out Amounts for losses JPMorgan did not suffer; (3) JPMorgan failed to apply portfolio aggregation to net offsetting positions when calculating the Close-out Amounts; and (4) JPMorgan valued similar transactions inconsistently to its own advantage.  Taken collectively, these commercially unreasonable procedures inflated the LBF/LBI Derivatives Claims by millions of dollars.

21. In addition, it appears that a substantial portion of JPMorgan's inflation of its claim under the LBF-JPMCB Agreement is the result of an overstatement of the Unpaid Amounts due under that Agreement.  JPMCB included Unpaid Amounts of $73,289,818 in its calculation of the claim under the LBF-JPMCB Agreement, but did not identify the trades that purportedly generated these payments.  Debtors dispute that Unpaid Amounts of this magnitude are due under the LBF-JPMCB Agreement, and JPMorgan has not provided any information to support this portion of its claim.

## II.    THE LBF/LBI DERIVATIVES CLAIMS SHOULD BE REDUCED

### LBF-JPMCB Agreement

22. JPMCB filed proof of claim number 66462 against LBHI for, among other things, amounts allegedly due to JPMCB under the LBF-JPMCB Agreement (the "LBF-JPMCB Claim").  According to JPMCB, the amount of the LBF-JPMCB Claim was $100,700,510.

23. For the reasons set forth above, the LBF-JPMM Claim is overstated and should be reduced in an amount to be determined by the Court.

### LBF-JPMM Agreement

24. JPMM filed proof of claim number 66474 against LBHI for, among other things, amounts allegedly due to JPMM under the LBF-JPMM Agreement (the "LBF-JPMM Claim"). According to JPMM, the amount of the LBF-JPMM Claim was $11,110,085.

25. For the reasons set forth above, the LBF-JPMM Claim is overstated and should be reduced in an amount to be determined by the Court.

### LBI-JPMCB Agreement

26. JPMCB filed proof of claim number 66462 against LBHI for, among other things, amounts allegedly due to JPMCB under the LBI-JPMCB Agreement (the "LBI-JPMCB Claim"). According to JPMCB, the amount of the LBI-JPMCB Claim was $49,243,907.

27. For the reasons set forth above, the LBI-JPMM Claim is overstated and should be reduced in an amount to be determined by the Court.

### Conclusion

28. Accordingly, the Debtors respectfully request that the Court enter an order reducing the LBF/LBI Derivatives Claims by an amount to be determined by the Court following discovery and a hearing on the merits of this Objection.

### Notice

29. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Objection on (i) the U.S. Trustee; (ii) the attorney for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) JPMorgan Chase Bank, N.A.; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* entered on

June 17, 2010 [Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

30. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order (a) granting the relief requested herein and (b) granting the Debtors such other relief as is just.

Dated:  January 7, 2015
          New York, New York

                                       **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

                                       By:  /s/ Andrew J. Rossman
Susheel Kirpalani
Andrew J. Rossman
Tyler G. Whitmer
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000
*Counsel for Debtors Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc.*

10