WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (SCC)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------x

**STATEMENT OF LEHMAN BROTHERS HOLDINGS INC.
REGARDING THE MOTIONS OF CERTAIN HOLDERS
OF RSU CLAIMS FOR (I) STAY PENDING APPEAL AND
(II) HOLDBACK OF RESERVE AMOUNTS ON ACCOUNT OF LBHI RSUS**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan") files this statement in response to the (i) *Motion Pursuant to Bankruptcy Rule 8007 for Entry of an Order Granting Stay Pending Appeal* [ECF No. 47545] (the "Stay Motion"), filed on behalf of the individuals referenced therein (the "Stamell & Schager Group"), seeking to stay the Court's order, dated November 7, 2014 [ECF No. 46853] (the "RSU Order"),[1] which made effective the Court's *Memorandum*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the RSU Order.

*Decision Sustaining Omnibus Objections to Claims*, dated November 3, 2014 [ECF No. 46797], available at *In re Lehman Bros. Holdings Inc.*, 519 B.R. 47 (Bankr. S.D.N.Y. 2014) (the "November 3 Decision"), pending appeal of the RSU Order; (ii) *Motion to Compel Enforcement of Plan and Confirmation Order to Restore Plan Reserves* [ECF No. 47595] (the "Reserves Motion"), filed on behalf of the individuals referenced therein (the "Solomon Group") seeking to compel the Plan Administrator to restore and maintain claims reserves for the duration of any appeals of the RSU Order; and (iii) certain joinders to the Stay Motion and/or the Reserves Motion (collectively, the "Joinders"),[2] and respectfully represents as follows:

## STATEMENT

1. The Plan Administrator disputes the merits of both the Stay Motion and the Reserves Motion, and believes that, pursuant to the Order confirming the Plan [ECF No. 23023] (the "Confirmation Order"), it is under no obligation to maintain reserves on account of the claims that have been recharacterized as equity pursuant to the RSU Order (collectively, the "Recharacterized Claims").

2. The Plan Administrator further disputes the Moving RSU Holders' characterization of statements made by LBHI's counsel, both before this Court and in other communications with the Moving RSU Holders' counsel.

3. As of the date hereof, no amounts that have been held as reserves on account of the Recharacterized Claims have been distributed to creditors in accordance with the Plan. The

---

[2] Those Joinders are: *Motion to Join by the Neuberger Berman Claimants in the Motion for A Stay and the Motion to Restore Reserves* [ECF No. 47616] (the "Neuberger Berman Joinder"); *Joinder to (i) Motion for Stay Pending Appeal, and (ii) Motion for an Order Directing Immediate Restoration of Plan Reserves* [ECF No. 47620]; and *Joinder to Motions for a Stay and to Compel Reinstatement of Reserves Pending Appeal of RSUs Order* [ECF No. 47628]. The individuals listed as movants in the Joinders are, together with the Stamell & Schager Group and the Solomon Group, referred to as the "Moving RSU Holders."

2

release of the reserves to date has only impacted LBHI's internal accounting because LBHI has made no Plan distributions since the release of these reserves.

4. Notwithstanding the foregoing, the Plan Administrator will, in an effort to conserve judicial and estate resources and to expeditiously proceed with the Moving RSU Holders' appeals of the Court's November 3 Decision, maintain reserves on account of the Recharacterized Claims, to the extent set forth herein. Consequently, the Stay Motion and the Reserves Motion are moot and should be denied without prejudice.

5. To the extent that the RSU Order becomes a Final Order (as such term is defined in the Plan and the Confirmation Order) with respect to some or all of the Recharacterized Claims, the Plan Administrator will immediately release any reserves being held on account of those claims and will make such funds available for distribution to creditors pursuant to the Plan and the Confirmation Order.

6. The Plan Administrator reserves its right to seek to release reserves and to distribute the proceeds therefrom on account of any or all of the Recharacterized Claims prior to the RSU Order becoming a Final Order. In the event the Plan Administrator seeks to release the reserves for the Recharacterized Claim of a Moving RSU Holder that is not yet subject to a Final Order, the Plan Administrator will provide counsel for that Moving RSU Holder and this Court with no fewer than 15 days' notice of its intent to release those reserves and to distribute any amounts held back on account of those reserves pursuant to the Plan and Confirmation Order. The Plan Administrator recognizes that nothing herein or in the order proposed below by the Plan Administrator limits any rights that any Moving RSU Holder may have to dispute the Plan Administrator's rights to release reserves prior to the RSU Order becoming a Final Order.

7.  Accordingly, the Plan Administrator requests entry of an order, substantially in the form attached hereto, denying the Stay Motion and the Reserves Motion without prejudice as moot and ordering the Plan Administrator to maintain reserves on account of the Recharacterized Claims as set forth herein.

Dated: January 8, 2015
      New York, New York

/s/ Robert J. Lemons
Ralph I. Miller
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

WEIL:\95204589\3\58399.0011

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                        :    Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :    08-13555 (SCC)
                                                             :
                             Debtors.                        :    (Jointly Administered)
------------------------------------------------------------x

## ORDER DENYING WITHOUT PREJUDICE THE MOTION PURSUANT TO BANKRUPTCY RULE 8007 FOR ENTRY OF AN ORDER GRANTING STAY PENDING APPEAL AND THE MOTION TO COMPEL ENFORCEMENT OF PLAN AND CONFIRMATION ORDER TO RESTORE PLAN RESERVES

Upon the *Motion Pursuant to Bankruptcy Rule 8007 for Entry of an Order Granting Stay Pending Appeal* [ECF No. 47545] (the "Stay Motion") and the *Motion to Compel Enforcement of Plan and Confirmation Order to Restore Plan Reserves* [ECF No. 47595] (the "Reserves Motion"), and upon this Court's order, dated November 7, 2014 [ECF No. 46853] (the "RSU Order"),[1] which made effective the Court's *Memorandum Decision Sustaining Omnibus Objections to Claims*, dated November 3, 2014 [ECF No. 46797], available at *In re Lehman Bros. Holdings Inc.*, 519 B.R. 47 (Bankr. S.D.N.Y. 2014) (the "November 3 Decision"); and upon the *Statement of Lehman Brothers Holdings Inc.* ("LBHI," or the "Plan Administrator") in connection with the Stay Motion and the Reserves Motion; and the Court having found and determined that the Stay Motion and the Reserves Motion are rendered moot by the Plan Administrator's commitment to maintain reserves until further notice, as set forth herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Stay Motion is denied without prejudice; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the RSU Order.

ORDERED that the relief requested in the Reserves Motion is denied without prejudice; and it is further

ORDERED that the Plan Administrator shall maintain reserves on account of the Recharacterized Claims in a manner consistent with the Plan; provided that the Plan Administrator is ordered not to release any reserves on account of any Recharacterized Claim of a Moving RSU Holder that has not yet been subject to a Final Order (as such term is defined in section 1.57 of the Plan) without at least 15 days' notice to this Court and to the Moving RSU Holder holding such claim as of the date of such notice; provided that any rights of the Plan Administrator and/or the Moving RSU Holders with respect to such potential future release are hereby reserved and shall be unaffected by this Order; and it is further

ORDERED that notwithstanding the foregoing, the Plan Administrator is authorized to release reserves on account of any Recharacterized Claims that become subject to a Final Order (as such term is defined in section 1.57 of the Plan), with no further notice being necessary; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

                                                                       UNITED STATES BANKRUPTCY JUDGE