BEIJING   BRUSSELS   LONDON   NEW YORK
SAN DIEGO   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

DIANNE COFFINO
THE NEW YORK TIMES BUILDING
620 EIGHTH AVENUE
NEW YORK, NY 10018-1405
T 212.841.1043
dcoffino@cov.com

January 13, 2015

**BY HAND AND ELECTRONIC MAIL**

Honorable Shelley C. Chapman
United States Bankruptcy Court
For the Southern District of New York
One Bowling Green
New York, NY 10004-1408

    Re:    In re Lehman Brothers Holdings, Inc.
              Chapter 11 Case No. 08-13555 (SCC)

Dear Judge Chapman:

       Covington & Burling LLP represents Wilmington Trust Company as Indenture Trustee and as Co-Chair of the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. and its affiliated debtors.[1]

       On August 12, 2014, the Individual Members and representatives of the United States Trustee ("U.S. Trustee") participated in a status conference with the Court to address next steps following the remand by the District Court of Judge Peck's Memorandum Decision Granting Omnibus Application for Payment of Fees and Reimbursement of Expenses Claimed by Individual Members of Official Committee of Unsecured Creditors. At the conclusion of the status conference, the Individual Members and the U.S. Trustee agreed to meet and confer in an attempt to reach agreement on pre-trial procedures, including discovery. The Court instructed the parties to contact the court and schedule another status conference in the event that the Court's assistance was needed to resolve any procedural disputes.

---

[1]    Wilmington Trust Company, Mizuho Bank Ltd., f/k/a Mizuho Corporate Bank, Ltd., The Bank of NY Mellon, Elliott Management Corp., U.S. Bank National Association, and The Vanguard Group, Inc. ("Individual Members") are each a current or former member of the Committee. Covington is counsel only to Wilmington Trust Company; however, each of the Individual Members joins in, and authorizes Covington to submit, this letter on its behalf. Shinsei Bank, Limited, a former member of the Committee, withdrew from the Committee members' omnibus application for payment of fees and expenses on December 30, 2014 [ECF # 47578].

After several "meet and confer" teleconferences, the parties were able to narrow their disputed issues, but did not reach complete agreement on the terms of the scheduling order. Accordingly, the parties require the Court's assistance in resolving a few remaining issues.

A new status conference has been scheduled for January 15, 2015. To facilitate the discussions, we enclose a proposed scheduling order that the Individual Members believe is appropriate and should be considered by the Court.

Because of a scheduling conflict, I likely will not be able to attend the discovery conference. Ms. Darcey of Sullivan & Worchester LLP, will take the lead, on behalf of the Individual Members, at the conference.

Respectfully submitted,

Dianne Coffino

Encl.
Copies (w/encls.) to:   William Harrington, Esq.
Susan Golden, Esq.
Andrea Schwartz, Esq.
Office of United States Trustee

Dennis F. Dunne, Esq.
Dennis C. O'Donnell, Esq.
Evan R. Fleck, Esq.
Milbank, Tweed, Hadley & McCloy LLP
Counsel for the Committee

Counsel for each of the Individual Members

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                                            :
In re:                                                      :   Chapter 11
                                                            :   Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,                      :   08-13555
                                                            :   (SCC)
                                                            :
               Debtors.                                     :   (Jointly
                                                            :   Administered)
                                                            :
------------------------------------------------------------x
```

## SCHEDULING ORDER

**A.     Applicability**

This Scheduling Order shall govern the proceedings before this Court on remand from the United States District Court for the Southern District of New York[1] with respect to the substantial contribution claims asserted in the Omnibus Application of (i) Individual Members of Official Committee of Unsecured Creditors and (ii) Indenture Trustees Pursuant to Section 1129(a)(4), or Alternatively, Section 503(b)(3)(D) and 503(b)(4) of Bankruptcy Code for Payment of Fees and Expenses (the "Application") [Docket Nos. 24762 and 24881] and the Omnibus Objection of the United States Trustee to the Application (the "Objection") [Docket No. 25394], a contested matter under Federal Rule of Bankruptcy Procedure 9014. Accordingly, pursuant to Bankruptcy Rule 9014(c) and (d), the following procedures shall be used in this contested matter.

As used in this Scheduling Order (i) "Applicants" shall have the meaning given such term in the Application and (ii) "U.S. Trustee" shall mean the United States Trustee for Region 2.

---

[1]     *Davis v. Elliott Mgmt. Corp. (In re Lehman Bros. Holdings Inc.)*, 508 B.R. 283, 295 (S.D.N.Y. 2014)

NY: 877809-13                                    1

B.   **Conduct of Discovery**

1. All fact and expert discovery, as well as any motion practice, related to the Application will be conducted and completed in accordance with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, as applicable.

C.   **Fact Discovery**

1. <u>Commencement of Discovery</u>. The parties may serve any discovery requests commencing immediately.

2. <u>Discovery Requests</u>. Written objections to discovery requests must be served and documents and materials responsive to discovery requests shall be produced in good faith within 30 days of service of the request. After the service of initial discovery requests the parties shall meet and confer in good faith to determine whether privilege logs and protocols for electronically stored information will be required.

3. <u>Depositions</u>.

a. On or before 30 days following entry of this Scheduling Order, the parties shall exchange a list identifying potential witnesses and shall confer regarding the scheduling of depositions of such witnesses. The right to present additional and/or rebuttal witnesses is preserved; provided, however, that no witness testimony may be proffered by a party unless the other parties are afforded the opportunity to depose the witness. If necessary, the schedule set forth herein shall be adjusted to permit the deposition of any witness identified after the deadline set forth herein.

2

b.  Each witness is required to appear only once for deposition. The seven-hour limit for depositions set forth in Rule 30(d) of the Federal Rules of Civil Procedure is the presumptive rule governing depositions and, in the absence of an agreement on an enlargement of the time limit, will only be expanded by the Court upon a showing of good cause.

4.  <u>Fact Discovery Cutoff</u>. All fact discovery shall be completed by March 31, 2015.

**D.  Expert Discovery**

1.  <u>Notice of Intent to Rely on Expert Testimony</u>. If any of the Applicants or the U.S. Trustee intends to offer expert testimony at the evidentiary hearing, such party shall notify the other parties in writing of such intention no later than the Fact Discovery Cutoff. If a notice is delivered under this Section D.1, the remaining provisions of Section D shall apply to expert discovery. If a notice is not timely delivered under this paragraph D.1 by a party, then that party shall have no right to submit expert testimony at the evidentiary hearing and waives its right to present such testimony; *provided, however*, that the deadline to deliver such notice may be extended by the parties' consent or order of the Court. Notwithstanding anything herein to the contrary, such party shall be permitted to submit rebuttal expert testimony if another party timely elects to rely on expert testimony.

2.  <u>Expert Report Exchanges</u>. Provided that a party has delivered timely notice under Section D.1 of this Scheduling Order, or an extension of the deadline occurs in accordance with the terms of Section D.1, initial expert report(s), along with all underlying documents relied upon by the expert(s) in such report(s), shall be delivered to the other parties by electronic mail no later than 30 days following the Fact Discovery Cutoff; and (ii) rebuttal expert report(s), along with all underlying documents relied upon by the expert(s) therein, shall be delivered to the other

party by electronic mail no later than 30 days thereafter. Expert reports or rebuttal reports shall satisfy the requirement of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

3.      <u>Expert Depositions</u>.  The parties shall meet and confer on a schedule for expert depositions no later than 75 days following the Fact Discovery Cutoff, unless otherwise agreed or pursuant to a further order of the Court.

4.      <u>Expert Discovery Cutoff</u>.  All expert discovery shall be completed no later than 105 days after the Fact Discovery Cutoff, unless otherwise agreed or pursuant to a further order of the Court.

**E.      Discovery Disputes**

In the event of any discovery dispute, counsel shall comply with Local Bankruptcy Rule 7007-1, governing discovery-related motion practice.

**F.      Pre-Hearing Status Conference**

On or before the later of the Fact Discovery Cutoff or the Expert Discovery Cutoff, as applicable, the parties will seek the scheduling of a pre-hearing status conference with the Court. Prior to the pre-hearing status conference, the parties shall meet and confer regarding a pre-evidentiary hearing schedule that shall govern all pre-hearing submissions, including any pre-hearing evidentiary motions, the exchange of witness lists, deposition designations, exhibits lists and all other customary pre-trial matters that are not otherwise provided for in this Scheduling Order. The date of the evidentiary hearing shall be scheduled at the pre-hearing status conference.

**G.      Submission of Declarations and Pre-Trial Briefs**

1.      <u>Witness Declarations</u>.

4

a.  A party may, but shall not be required to, submit pre-hearing declarations of any fact witness it intends to rely upon in support of or in opposition to the Application; provided, however, that the direct testimony of any witness may be put forward live, at the direction of the Court or at the election of a party. Any witness submitting a declaration shall, in any event, be available for cross-examination and subsequent examination shall be taken live.

b.  Witness declarations shall be distributed to all parties and submitted to the Court at least seven business days prior to the commencement of the evidentiary hearing.

2.  <u>Pre-Trial Memoranda of Law</u>.  The Applicants shall submit a pre-hearing memorandum of law no later than [21] days prior to the commencement of the evidentiary hearing. The U.S. Trustee shall submit a pre-hearing memorandum of law no later than [14] days prior to the commencement of the evidentiary hearing. The Applicants may submit a reply to the U.S. Trustee's pre-hearing memorandum of law no later than [7] days prior to the commencement of the evidentiary hearing. For the avoidance of doubt, nothing in this Scheduling Order shall limit any party's right to assert arguments or objections not included in the Application or Objection, as applicable.

H. **Miscellaneous**

1.  Unless otherwise specified, all dates and periods of time set forth in this Scheduling Order are calendar, not business days.

2.  Each of the Applicants and the U.S. Trustee shall use reasonable best efforts to coordinate discovery, briefing, and oral argument so as to minimize the number of submissions to the Court, avoid duplicative or redundant arguments, and coordinate any discovery and communications between and among the parties.

08-13555-mg    Doc 47820    Filed 01/14/15    Entered 01/14/15 15:11:04    Main Document
Pg 8 of 8


3. Other than as explicitly set forth in this Scheduling Order, the parties' agreement to this schedule shall not be construed as a waiver of any applicable right, privilege, rule or law, and all such rights are expressly reserved, including any right to move to compel or preclude discovery, to object to discovery on any available ground, including on the ground that such discovery request is burdensome, or to seek to quash any requested discovery or to seek a protective order (pursuant to the Court's standing rules, as applicable).

4. Service of any papers to be filed shall be made via email on each party's counsel of record. If transmission of voluminous materials as an email attachment is impractical, those materials shall be served by overnight delivery with the ability to "track" deliveries and verify receipt. Unless received by 6 p.m. Eastern time, discovery requests will be deemed received the next business day.

5. This Scheduling Order may be modified with the consent of the parties, subject to approval by the Court. Upon good cause shown, and on at least three business days' notice to all parties, any party to this Scheduling Order may seek to have this Scheduling Order modified by the Court.

6. All deadlines in this Scheduling Order shall be computed pursuant to Fed. R. Bankr. P. 9006.

7. The Court shall retain jurisdiction over any matters related to or arising from the implementation of this Scheduling Order.

**IT IS SO ORDERED:**
January __, 2015
New York, New York

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE