UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――X
In Re                                             :     Chapter 11
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :     Case No.: 08-13555 (SCC)
                                                  :
        Debtors.                                  :     (Jointly Administered)
―――――――――――――――――――――――――――――X

**STIPULATION AND AGREED ORDER
REGARDING MOTION OF R. KYLE KETTLER FOR CLARIFICATION,
OR IN THE ALTERNATIVE, PARTIAL RECONSIDERATION,
AND RECLASSIFYING CLAIMS FOR RESTRICTED STOCK UNITS AND
CONTINGENT STOCK AWARDS AND PROOF OF CLAIM NO. 13888**

This Stipulation and Order (the "Stipulation and Order") is entered into as of January 12, 2015 by and between R. Kyle Kettler ("Kettler") and Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator," and together with Kettler, the "Parties"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Cases").

**RECITALS**

**WHEREAS**, on September 15, 2008, LBHI commenced a voluntary case under chapter 11 of title 11 of the United States Code before the Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (SCC);

**WHEREAS**, on September 19, 2008, this Court entered an order granting the application of the Securities Investor Protection Corporation (SIPC) for issuance of a Protective Decree adjudicating that the customers of Lehman Brothers Inc. ("LBI") were in need of protection afforded by the U.S. Securities Investor Protection Act of 1970 (SIPA). The liquidation of LBI

**Execution Version**

has been referred to, and is being administered by this Court under Case No. 08-01420 (the "LBI Case") and overseen by James W. Giddens, as the SIPA Trustee appointed by the United States District Court for the Southern District of New York (the "LBI Trustee");

**WHEREAS**, on September 16, 2009, Kettler, a former non-commission-based employee of LBI, filed two proofs of claim for $350,000 which Kettler alleges, and LBHI takes no position, was on account of his 2008 minimum guaranteed year-end bonus (i) one against LBI (the "Kettler LBI Claim"), and (ii) one against LBHI, claim no. 13888 (the "Kettler LBHI Claim" and, together with the Kettler LBI Claim, the "Kettler Claims");

**WHEREAS**, Kettler alleges, and LBHI takes no position, that the Kettler Claims are not based either on a: (a) grant of, (b) issuance of, or (b) failure to issue restricted stock units, contingent stock awards, stock options, or other equity-related compensation;

**WHEREAS**, Kettler alleges, and LBHI takes no position, that the Kettler Claims are for an unpaid 2008 year-end guaranteed minimum bonus pursuant to his employment agreement;

**WHEREAS**, on April 18, 2011, the Debtor in the above-referenced cases filed the One Hundred and Thirtieth Omnibus Objection to Claims (the "LBHI Objection") seeking entry of an order reclassifying various claims, including the Kettler LBHI Claim, as equity interests, and/or subordinating such claims to claims of general unsecured creditors;

**WHEREAS**, Kettler, on a *pro se* basis, submitted a letter to the Court stating his opposition (the "Opposition") to the relief requested in the LBHI Objection;

**WHEREAS**, litigation ensued with respect to the LBHI Objection and other omnibus objections filed by the Debtors (the "RSU Litigation");

**WHEREAS**, other than submitting the Opposition, Kettler did not participate in the RSU Litigation;

2

**WHEREAS**, on November 3, 2014, the Court issued its decision in the RSU Litigation (the "RSU Decision") and, on November 7, 2014, entered an order (the "Reclassification Order") implementing the RSU Decision, sustaining various omnibus objections to claims, including the LBHI Objection, and reclassifying such claims, including the entire Kettler LBHI Claim, as equity [Docket No. 46853];

**WHEREAS**, on November 21, 2014, Kettler filed a motion in the above-referenced cases for clarification, or in the alternative, partial reconsideration, and correction of the Reclassification Order (the "Clarification Motion") [Docket No. 47013];

**WHEREAS**, LBHI and Kettler engaged in discussions regarding the Clarification Motion and wish to resolve the Clarification Motion, on mutually agreeable terms.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** by and between the Parties, subject to approval of this Stipulation and Order by the Bankruptcy Court, that:

**STIPULATION AND AGREEMENT**

1. Kettler was not a commission-based employee of Lehman at any relevant time.

2. Kettler alleges, and LBHI takes no position, that the Kettler Claims are not based on a: (a) grant of, (b) issuance of, or (c) failure to issue restricted stock units, contingent stock awards, stock options, or other equity-related compensation.

3. Kettler alleges, and LBHI takes no position, that the Kettler Claims are for an unpaid 2008 year-end guaranteed minimum bonus pursuant to Kettler's employment agreement with LBI.

4. The Kettler LBHI Claim is stricken from Exhibit 1 annexed to the Reclassification Order under the heading "Remaining RSU Claims to be Reclassified" and instead is disallowed and expunged in its entirety as against LBHI in the Chapter 11 Cases.

5.      All of Kettler's rights against LBI hereby are expressly reserved and nothing herein or in the RSU Litigation shall be deemed to constitute a waiver or release of all or any part of the Kettler LBI Claim against LBI or any of Kettler's rights, arguments, remedies or defenses that may be available to him in the LBI Case.

6.      This Stipulation and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

7.      In the event that the Court does not enter an Order approving the Stipulation before January 30, 2015, (i) the Stipulation is null and void as if neither party had executed it; (ii) nothing herein shall be deemed an admission by, or binding upon, either party hereto; and (iii) all of LBHI's and Kettler's rights with respect to the subject matter of the Stipulation shall be reserved.

8.      This Stipulation and Order may not be modified other than by signed writing executed by the Parties hereto or by order of the Court.

9.      Each person who executes this Stipulation and Order represents that he or she is duly authorized to do so on behalf of the respective Parties hereto and that each such party has full knowledge and has consented to this Stipulation and Order.

10.     This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

11.     This Stipulation and Order shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.  The Court shall retain exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Order.

**Execution Version**

**Stipulated and Agreed:**

**LEHMAN BROTHERS HOLDING INC.**

By: /s/ Thomas Behnke
     Thomas Behnke, Authorized Signatory

**R. KYLE KETTLER**

/s/ R. Kyle Kettler

**SO ORDERED** this 14th day of January, 2015

/S/ Shelley C. Chapman

UNITED STATES BANKRUPTCY JUDGE

5