Paul J. Lawrence
Kymberly K. Evanson
PACIFICA LAW GROUP
1191 2nd Avenue, Suite 2000
Seattle, Washington 98101-3404
Tel: (206) 245-1700
Fax: (206) 245-1750

Robert N. Michaelson
Eric T. Moser
RICH MICHAELSON MAGALIFF MOSER, LLP
340 Madison Avenue, 19th Floor
New York, New York 11073
Tel: (212) 220-9404
Fax: (212) 913-9642

*Attorneys for Washington State Tobacco Settlement Authority*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (SCC) |
| | (Jointly Administered) |
| Debtors. | |

**WASHINGTON TOBACCO SETTLEMENT AUTHORITY'S OBJECTIONS TO LEHMAN'S PROPOSED EXHIBITS AND <u>RESPONSES TO LEHMAN'S EXHIBIT OBJECTIONS</u>**

In connection with Washington Tobacco Settlement Authority's Proofs of Claim Nos. 37355 and 37356, and the evidentiary hearing held before this Court on November 4-6, 2014, Washington Tobacco Settlement Authority ("TSA") respectfully submits the following objections to the proposed exhibits of Debtors Lehman Brothers Holdings Inc. and Lehman

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S OBJECTIONS TO LEHMAN'S
PROPOSED EXHIBITS AND RESPONSES TO
LEHMAN'S EXHIBIT OBJECTIONS - 1

Brothers Special Financing Inc. (collectively, "Lehman"), and responses to Lehman's objections to TSA's proposed exhibits.

## I.   INTRODUCTION

At the conclusion of the Evidentiary Hearing held in this matter, the Court directed the parties to confer on the admission of exhibits and to raise any disputes with the Court. After exchanging proposed exhibit lists, the parties conferred and agreed on the admissibility of the majority of the proposed exhibits. This memorandum briefly details TSA's outstanding objections to Lehman's proposed Exhibits 88, 90, 138 and 139, and likewise sets forth the reasons for admitting TSA Exhibits E, F, G, H, I, P, V, Y and Z.

## II.   DISCUSSION

### A.   TSA's Objections to Lehman's Proposed Exhibits

#### 1. Exhibits 88 and 90.

TSA objects based on lack of foundation and relevance under FRE 402 and 901. These exhibits are responses from Swap Financial and PFM to TSA's 2010 Request for Proposals to hire a qualitative consultant to assist with potentially crystalizing its claim against Lehman. The responses were not discussed, referenced, or otherwise used at the evidentiary hearing and no testimony was presented establishing the context or significance of these documents. To the extent Lehman intends to rely on the deposition testimony of Chris Harris to admit Ex. 90, the document is still not relevant to this dispute.

#### 2. Exhibits 138 and 139.

TSA objects based on hearsay under FRE 802. These exhibits are Lehman's expert disclosures. Expert reports are hearsay and are generally inadmissible. *In re Quigley Co., Inc.*,

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S OBJECTIONS TO LEHMAN'S
PROPOSED EXHIBITS AND RESPONSES TO
LEHMAN'S EXHIBIT OBJECTIONS - 2

10000 00001 ea074r3174.003

437 B.R. 102, 151 (Bankr. S.D.N.Y. 2010) ("As a rule, expert reports are hearsay."); *Aktas v. JMC Dev. Co., Inc.*, No. 1:09-CV-01436(MAD), 2013 WL 55827, at *5 (N.D.N.Y. Jan. 3, 2013) ("Courts have held that where an expert is expected to testify at trial, his report is inadmissible hearsay and redundant."); *Ake v. General Motors Corp.*, 942 F. Supp. 869 (W.D.N.Y. 1996). Lehman will likely argue that because its experts "adopted" their reports during their testimony, the reports are no longer hearsay. However, TSA is unaware of any exception to the hearsay rule that permits a witness to "adopt" a hearsay statement to make it admissible.

Given the nature of this proceeding, however, TSA remains willing to stipulate to the admission of all expert reports. As such, to the extent the Court elects to admit these exhibits, TSA requests that all expert reports be likewise admitted, including the reports of TSA's experts (Exhibits Y and Z). As with Lehman's experts, TSA's experts relied on and testified about their reports in great detail during the trial. To the extent all expert reports are admitted, TSA does not object to the admission of Debtors Exs. 138 and 139.

B.  **Responses to Lehman's Objections to TSA's Proposed Exhibits**

1. **Exhibits E**, **F**, **G**, **H**, and **I**.

Lehman objects to these exhibits on the basis of relevance and the parol evidence rule. However, these exhibits are relevant, do not violate the parol evidence rule, and are admissible. FRE 401. These exhibits contain email correspondence between TSA's representatives and staff and Lehman's employees during the negotiation of the terms of the Reserve Fund Agreement ("RFA") at issue, including the definition of "Termination Amount" in particular. The exhibits are relevant because they demonstrate the context in which the RFA was executed and the parties' understanding as to the meaning of certain terms taken from the

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S OBJECTIONS TO LEHMAN'S
PROPOSED EXHIBITS AND RESPONSES TO
LEHMAN'S EXHIBIT OBJECTIONS - 3

10000 00001 ea074r3174.003

Request for Bids, which Lehman accepted without any changes or conditions.

The RFA itself is unambiguous that TSA is empowered to determine the Termination Amount, and also that in the absence of market quotations the Termination Amount is to be determined as TSA's total losses and costs. Joint Ex. 1 at 5-6. As Lehman has emphasized, the RFA also provides that if Lehman does not determine the Termination Amount within three days then TSA shall do so "as if it were Lehman." *Id.* at 20. This unambiguous provision is moot because Lehman is not empowered to determine the Termination Amount in the first place. Regardless, the phrase "as if it were Lehman" clearly means *instead of* Lehman; it does not impose limits on TSA's ability to measure its own losses and costs, as Lehman has suggested. Critically, this phrase does not purport to change the definition of the "Termination Amount".

To the extent the Court finds ambiguity in the phrase "as if it were Lehman," however, then the proffered exhibits resolve such ambiguity, and considering them for that purpose would not violate the parol evidence rule. *See, e.g.*, *67 Wall St. Co. v. Franklin Nat'l Bank*, 37 N.Y.2d 245, 248-49 (1975); *Union Ins. Soc'y of Canton, Ltd. v. William Gluckin & Co.*, 353 F.2d 946, 951 (2d Cir. 1965). The exhibits demonstrate that Lehman expressly agreed that by accepting TSA's request for bids without conditions or changes, it agreed that in the event of default, the Termination Amount would be determined by the Burdened Party.

Moreover, Exhibits E, F, G, and I were authenticated by Lehman's 30(b)(6) witness during his deposition. Konheim 30(b)(6) 55:3-60:15. Kim Herman also testified at trial about the RFA bid and negotiation process, relying on Exs. H and I. Trans. 128:6-133:7. In sum, the exhibits are relevant and admissible.

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S OBJECTIONS TO LEHMAN'S
PROPOSED EXHIBITS AND RESPONSES TO
LEHMAN'S EXHIBIT OBJECTIONS - 4

### 2. Exhibit P.

Lehman objects to this exhibit for lack of foundation. This is an internal Lehman presentation from September 2008 that was made publicly available in relation to these bankruptcy proceedings[1] (and thus is subject to judicial notice) and that TSA produced in discovery. The exhibit also was used to cross-examine Lehman's expert at the evidentiary hearing, without objection. *See* Trans. 929:17-930:23; *cf.* Fed. R. Evid. 103(a)(1) (party must timely object or move to strike to preserve claim against admission of evidence). Moreover, this publically available document was provided to and considered by TSA's experts in the course of forming their opinions and undermines Lehman's claim that agency securities would have been the appropriate deliverable. Exhibit P is admissible.

### 3. Exhibit V.

Lehman objects to this exhibit for lack of foundation. This is a spreadsheet of TSA's actual losses as of September 30, 2013, resulting from Lehman's breach of the RFA. At the Evidentiary Hearing, this exhibit was presented to TSA's finance director, Bob Cook, who testified that he prepared the spreadsheet in his capacity as finance director, and explained it in detail, all without objection from Lehman. *See* Trans. 229:14-231:15.[2] The foundation for this exhibit was well established. Moreover, as set forth in TSA's post-trial brief, the Court can consider TSA's actual losses as a "reality check" on the reasonableness of the Termination Amount, and in this instance, as direct evidence of the Termination Amount itself.

---

[1] *See* http://jenner.com/lehman/docs/debtors/LBEX-DOCID%20690900.PDF (last visited Jan. 9, 2015).

[2] The trial transcript incorrectly refers to this as "Exhibit B," but the discussion of a spreadsheet of actual losses clearly refers to TSA's Exhibit V.

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S OBJECTIONS TO LEHMAN'S
PROPOSED EXHIBITS AND RESPONSES TO
LEHMAN'S EXHIBIT OBJECTIONS - 5

**4. Exhibits Y and Z.**

Lehman objects on hearsay grounds. These are the rebuttal expert reports of TSA's expert witnesses. Lehman has not objected to the admission of their initial disclosures (Exhibits W and X). As noted above, given the nature of this proceeding, TSA remains willing to stipulate to the admission of all expert reports, but Lehman did not agree. Given that the expert reports were used equally by all experts, they should all be admitted or all excluded. If the Court admits Debtors Exs. 138 and 139, TSA's Exhibits Y and Z should also be admitted.

**5. TSA BB and CC.**

Lehman objects on the basis of relevance and foundation. These documents were produced to Lehman by Swap Financial on December 17, 2014 in response to Lehman's request made during the Evidentiary Hearing. Exhibit BB sets forth the cash flows generated and the discount rates used by the Principia model based on Swap Financial's input assumption for running the model using LIBOR- 1.5% and LIBOR- 2.584% as reflected in Debtors Ex. 48, 49 and 50 that have been admitted. Lehman has agreed to the admission of TSA Ex. AA which shows similar information for Mr. Shapiro's initial calculation of LIBOR – 3.874. Exhibit CC likewise provides the discount rates used by Swap Financial in calculating its original calculation of the Termination Amount. TSA is working with Lehman on a stipulation for admission of Exhibit AA that TSA believes would equally apply to support the admission of Exhibits BB and CC. This stipulation will be provided to the Court as soon as possible.

**III. CONCLUSION**

TSA respectfully requests that the Court admit into evidence TSA's Exhibits E, F, G, H, I, P, V, Y and Z and not admit into evidence Lehman's Exhibits 88, 90, 138 and 139.

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S OBJECTIONS TO LEHMAN'S
PROPOSED EXHIBITS AND RESPONSES TO
LEHMAN'S EXHIBIT OBJECTIONS - 6

10000 00001 ea074r3174.003

DATED this 14th day of January, 2015.

        PACIFICA LAW GROUP, LLP


By /s/ *Kymberly K. Evanson*
   Paul J. Lawrence, WSBA # 13557
Admitted Pro Hac Vice
   Kymberly K. Evanson, WSBA # 39973
Admitted Pro Hac Vice
Attorneys for Washington State Tobacco
Settlement Authority

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S OBJECTIONS TO LEHMAN'S
PROPOSED EXHIBITS AND RESPONSES TO
LEHMAN'S EXHIBIT OBJECTIONS - 7

10000 00001 ea074r3174.003

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2015, I caused the document to which this Certificate is attached to be served upon the following:

| | |
|---|---|
| Jayant W. Tambe | ☐ via facsimile |
| Laura W. Sawyer | ☐ via overnight courier |
| Jennifer L. Del Medico | ☐ via first-class U.S. mail |
| Benjamin Rosenblum | ☒ via email |
| Jones Day | ☒ via electronic court filing |
| 222 East 41st Street | ☐ via hand delivery |
| New York, New York 10017 | |
| Email: jtambe@jonesday.com | |
| Email: lwsawyer@jonesday.com | |
| Email: jdelmedico@jonesday.com | |
| Email: brosenblum@jonesday.com | |
| Telephone: (212) 326-3939 | |
| Facsimile: (212) 755-7306 | |

Attorneys for the Debtors and Debtors in Possession

Signed at Seattle, Washington this 14th day of January, 2015.

/s/ Kymberly K. Evanson
Kymberly K. Evanson
Attorney for Washington State Tobacco Settlement Authority

WASHINGTON TOBACCO SETTLEMENT
AUTHORITY'S OBJECTIONS TO LEHMAN'S
PROPOSED EXHIBITS AND RESPONSES TO
LEHMAN'S EXHIBIT OBJECTIONS - 8

10000 00001 ea074r3174.003