**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re <u>Lehman Brothers Holdings Inc., et al.</u>, Debtors.   Case No. 08-13555 (SCC)
(Jointly Administered)

PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Tavira Securities Limited** | **Luzerner Kantonalbank AG** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Attn: Lisa Wheeler/ Alex Paulick
Phone number: +4420 3642 2792
Fax number: +4420 7100 5101
E-mail address:
lisa.wheeler@tavirasecurities.com /
alexander.paulick@tavirasecurities.com

Court Claim # (if known): 44605, 44585 and 44586

1. Amount of Claim Transferred Under Claim 44605: US$215,738.48 (claimed amount) equal to US$213,561.98 (allowed amount).

2. Amount of Claim Transferred Under Claim 44586: US$142,050.03 (claimed amount) equal to US$141,910.57 (allowed amount).

3. Amount of Claim Transferred Under Claim 44585: US$55,282.55 (claimed amount) equal to US$34,792.63 (allowed amount).

Date Claim Filed: 29 October 2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: [signature]

**Tavira Securities Limited**
**Name of Transferee/Transferee's Agent**

Date:

**9 January 2015**

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Luzerner Kantonalbank AG** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Tavira Securities Limited** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage** specified in Schedule 1 attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to Proofs of Claim Numbers **44605, 44585 and 44586** filed by or on behalf of **Seller** (the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claims; (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim include the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has provided to Purchaser a true, correct and complete copy of the Notice of Proposed Allowed Claim Amount ("Notices") for the Proofs of Claim, and no action was undertaken by Seller with to respect the Notices; (h) Transferred Claims are Class 5 claims and other than distributions of (i) in respect of Proof of Claim Number 44605, aggregate distributions in the amount of US$ 6,347.67; (ii) in respect of Proof of Claim Number 44586, aggregate distributions in the amount of US$ 4,219.50; and (iii) in respect of Proof of Claim Number 44585, aggregate distributions of US$ 1,034.50 received by Seller, no distributions, payments or proceeds of any kind have been made in respect of the Transferred Claims.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further

notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than two (2) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller agrees to (a) forward to Purchaser all notices received with respect to the Transferred Claims; (b) vote the Transferred Claims in a timely manner and in accordance with (i) Purchaser's instructions or (ii) if the Transferred Claims cannot be voted separately, the instruction of holders of a majority of the claims, including the Transferred Claims, that can be voted separately, and (c) take such further action with respect to the Transferred Claims in the Proceedings as Purchaser may from time to time request. Seller shall transfer on the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Securities.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11 day of December 2014.

| LUZERNER KANTONALBANK AG | TAVIRA SECURITIES LIMITED |
|---|---|
| By: _____ | By: _____ |
| Name: Jörg Gubler, Peter Felder | Name: SCOTT GOODFELLOW |
| Title: Vice President / Vice President | Title: CEO |
| Jörg Gubler | |
| Pilatusstrasse 12 | 88 Wood Street |
| CH-6002 Luzern | London EC2V 7DA |

Schedule 1

Transferred Claims

Purchased Claims

1. Under POC number 44605, 25.2101 % (equal to Principal EUR 150,000.00 of Principal EUR 595,000.00 / USD 855,762.68 Claimed / USD 847,129.22 Allowed, the outstanding amount of the POC as at the date of this Agreement);

2. Under POC number 44586, 39.0625 % (equal to Principal EUR 100,000.00 of Principal EUR 256,000.00 / USD 363,648.09 Claimed / USD 363,291.08 Allowed, the outstanding amount of the POC as at the date of this Agreement);

3. Under POC number 44585, 2.9333 % (equal to Principal CHF 55,000.00 of Principal CHF1,875,000.00 / USD 1,884,632.57 Claimed / USD 1,186,112.58 Allowed, the outstanding amount of the POC as at the date of this Agreement.

| Proof of Claim Number | ISIN/ CUSIP | Issuer | Guarantor | Principal/ Notional Amount | Coupon | Claimed in USD incl. Coupon | Allowed in USD incl. Coupon |
|---|---|---|---|---|---|---|---|
| 44605 | XS0302350888 | Lehman Brothers Treasury B.V | Lehman Brothers Holdings Inc. | EUR 150,000.00 | 1.25 % | 215,738.48 | 213,561.98 |
| 44586 | CH0027120978 | Lehman Brothers Treasury B.V | Lehman Brothers Holdings Inc. | EUR 100,000.00 | 0.00 % | 142,050.03 | 141,910.57 |
| 44585 | CH0027121034 | Lehman Securities N.V. | Lehman Brothers Holdings Inc. | CHF 55,000.00 | 12.50 % | 55,282.55 | 34,792.63 |