IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                           )
In re:                                                     )   Chapter 11
                                                           )
LEHMAN BROTHERS HOLDINGS, INC.                             )   Case No. 08-13555 (JMP)
                                                           )
                                                           )
Debtor.                                                    )   (Jointly Administered)
---------------------------------------------------------- x

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.  TO:

    **BANCA ESPERIA S.p.A.**
    ("Transferor")

    Attn  Carla Giannone
          Legal Department



2.  Please take notice of the transfer of an undivided interest in the amount of **USD 287,275.12**, of your claim against LEHMAN BROTHERS HOLDINGS INC. Case No. 08-13555 JMP) in the above-referenced consolidated proceedings, arising from and relating to the guaranty of certain underlying securities described in Claim No. 63450 (attached as Exhibit A hereto), to:

    **BANCA FIDEURAM S.p.A**
    ("Transferee")

    Attn: Emanuele Castro
         Legal Department

    An evidence of transfer of claim (including details as to the underlying securities) is attached hereto as Exhibit B. All notices regarding the transferred portion of the claim should be sent to the Transferee at the address attached in Exhibit C.

3.  No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 21 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

--  **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

    United States Bankruptcy Court
    Southern District of New York
    Attn: Clerk of Court
    Alexander Hamilton Custom House
    One Bowling Green
    New York, NY 10004-1408

--  **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

--     Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4.   If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR ECORDS AS A CLAIMANT IN THIS PROCEEDING WITH RESPECT TO THE RANSFERRED PORTION.**

CLERK

-------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2010.
INTERNAL CONTROL NO. _____

Copy: (check) Claims Agent \_\_\_\_  Transferee \_\_\_\_  Debtor's Attorney \_\_\_\_

Deputy Clerk

-----------------------------------

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000063450 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Banca Esperia S.p.A.<br>Via Filodrammatici, 5<br>20121 Milano<br>Italy<br>Attention: Mr. Luca Pellegrino<br><br>Telephone number: +39 02 88219393    Email Address: luca.pellegrino@gruppoesperia.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>(If known)<br><br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:    Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: See attached _____ (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): See attached _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

See attached _____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

See attached _____ (Required)

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY<br><br>**FILED / RECEIVED**<br><br>NOV 0 2 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|
| Date.<br>October<br>30, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Name: Andrea Cingoli    Title: Chief Executive Officer<br><br>Name: Carla Giannone    Title: Head of Legal Department | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

Lehman Brothers Holdings Inc., et al.

Debtors.
-----------------------------------------------------------X

Chapter 11

Case No. 08-13555 (JMP)

(Jointly Administered)

## ANNEX TO PROOF OF CLAIM OF
## BANCA ESPERIA S.P.A.

1. <u>Claimant</u>. Banca Esperia S.p.A. (the "**Claimant**"), hereby files the accompanying proof of claim (the "**Proof of Claim**") against Lehman Brothers Holdings Inc. (the "**Debtor**"), a debtor and debtor in possession in the above-referenced chapter 11 cases. The Claimant holds claims against the Debtor arising from certain transactions that occurred prior to September 15, 2008 (the "**Petition Date**"), as described more fully below.

2. <u>Transactions Between the Parties</u>. The Claimant is authorized to act on behalf of the holders of certain securities issued by Lehman Brothers Treasury Co. B.V. and Lehman Brothers UK Capital Funding III LP (the "**Obligors**") and guaranteed by the Debtor (each a "**Program Security**" and, together, the "**Program Securities**") identified on the list of Lehman Program Securities, which is available on the Debtors' website, http://www.lehman-docket.com under the heading "Key Documents." The International Securities Identification Number ("**ISIN**") identifying each Program Security, along with the respective Clearstream Bank blocking reference number and the Clearstream Bank account number relating to the Program Securities, is detailed on <u>Exhibit 1</u> attached hereto. Evidence of the ownership of the securities described in <u>Exhibit 1</u> is provided in <u>Exhibit 3</u> attached hereto. The Program Securities issued by



Lehman Brothers Treasury Co. B.V. have also the benefit of an express, unconditional and irrevocable guarantee of the Debtor, and further, the Debtor guaranteed the payment of all liabilities, obligations and commitments of Lehman Brothers Treasury Co. B.V. pursuant to those certain board resolutions adopted by the Executive Committee of the Debtor's Board of Directors attached hereto as Exhibit 4, including but not limited to those certain resolutions adopted by unanimous written consent on June 9, 2005 and certain other guarantees extended to affiliates of the Debtor and/or Lehman related entities.

3. Claim. The Claimant is authorized to act on behalf of the holders of certain securities described more fully in Exhibit 1 hereto and on account thereof and in accordance with the terms of the documentation relating thereto, hereby asserts a claim against the Debtor in the amount of $ 6,414,784.19 plus, to the extent provided pursuant to the underlying documents associated with each Program Security all other interest, costs, fees and expenses allowed under applicable law (the "Claim"). An itemization of certain amounts comprising the Claim is set forth on Exhibit 2 attached hereto.

4. Security Interests and Priority Status. The Claim is filed as a general unsecured claim, without any prejudice to any and all rights of the Claimant to assert that any portion of the Claim is entitled to administrative priority under Sections 503 and 507 of the Bankruptcy Code.

5. Claims, Counterclaims, Setoffs and Defenses. The Claim is not subject to any known claims, counterclaims, setoffs or defenses by the Debtor. The Claimant also reserves any and all rights of setoff and recoupment that the Claimant or any of its affiliates may have against the Debtor or its related entities.

6. Reservation of Rights. The execution and filing of this Proof of Claim is not and shall not be deemed: (a) a waiver or release of the Claimant's rights against any other entity or



person liable for all or any part of the Claim asserted herein; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimant; (d) a waiver or release by the Claimant of its right to trial by jury, or a consent by the Claimant to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination, in favor of the Claimant, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy; (g) waiver of the Claimant's rights to assert that no claims hereunder have been or may be discharged and to file other claims which are not covered by this Proof of Claim; or (h) a waiver of the Claimant's rights, if any, of arbitration, to the extent provided by any applicable agreements with the Debtor or its affiliates.

7.      <u>Amendments</u>.  The Claimant expressly reserves its right to file any separate or additional proofs of claim with respect to the Claim set forth herein or otherwise (which proofs of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), to amend or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.



# EXHIBIT 1

| ISIN Code | Clearstream blocking # | Clearstream account # | Sub-custodian account # | Issuer | Nominal Amount |
|---|---|---|---|---|---|
| XS0243852562 | CA94081 | 88511 | 1011740600C | Lehman Brothers UK Capital Funding III LP | € 650,000.00 |
| XS0195431613 | CA74749 | 88511 | 1011740600C | Lehman Brothers Treasury Co. B.V. | € 50,000.00 |
| XS0176153350 | CA96899 | 88511 | 1011740600C | Lehman Brothers Treasury Co. B.V | € 221,000.00 |
| XS0176153350 | CA18057 | 88511 | 1011740600C | Lehman Brothers Treasury Co. B.V | € 15,000.00 |
| XS0210782552 | CA75303 | 88511 | 1011740600C | Lehman Brothers Treasury Co. B.V | € 25,000.00 |
| XS0178969209 | CA74978 | 88511 | 1011740600C | Lehman Brothers Treasury Co. B.V | € 130,000.00 |
| XS0211093041 | CA75797 | 88511 | 1011740600C | Lehman Brothers Treasury Co. B.V | € 300,000.00 |
| XS0211093041 | CA18304 | 88511 | 1011740600C | Lehman Brothers Treasury Co. B.V | € 30,000.00 |
| XS0208459023 | CA74731 | 88511 | 1011740600C | Lehman Brothers Treasury Co. B.V | € 2,145,000.00 |
| XS0283497005 | CA05026 | 88511 | 1011740600C | Lehman Brothers Treasury Co. B.V | € 14,000.00 |
| XS0181945972 | CA75420 | 88511 | 1011740600C | Lehman Brothers Treasury Co. B.V | € 855,000.00 |

C-J1

# EXHIBIT 2

| ISIN Code | Nominal Amount (EUR) | Interest** (EUR) | Total (EUR) | Nominal Amount (USD)* | Interest (USD) * | Total (USD) * |
|---|---|---|---|---|---|---|
| XS0243852562 | 650,000.00 | 14,107.73 | 664,107.73 | 919,815.00 | 19,963.85 | 939,778.85 |
| XS0195431613 | 50,000.00 | 422.37 | 50,422.37 | 70,755.00 | 597.70 | 71,352.70 |
| XS0176153350 | 236,000.00 | 6,713.21 | 242,713.21 | 333,963.60 | 9,499.86 | 343,463.46 |
| XS0210782552 | 25,000.00 | 546.48 | 25,546.48 | 35,377.50 | 773.32 | 36,150.82 |
| XS0178969209 | 130,000.00 | 3,579.64 | 133,579.64 | 183,963.00 | 5,065.55 | 189,028.55 |
| XS0211093041 | 330,000.00 | 3,804.93 | 333,804.93 | 466,983.00 | 5,384.36 | 472,367.36 |
| XS0208459023 | 2,145,000.00 | 48,081.25 | 2,193,081.25 | 3,035,389.50 | 68,039.78 | 3,103,429.28 |
| XS0283497005 | 14,000.00 | 387.28 | 14,387.28 | 19,811.40 | 548.04 | 20,359.44 |
| XS0181945972 | 855,000.00 | 20,453.14 | 875,453.14 | 1,209,910.50 | 28,943.24 | 1,238,853.74 |

| Total Claim Amount | USD $ 6,414,784.19 |
|---|---|

*Amounts due in EUR have been converted to US Dollars using the exchange reference rate published by the European Central Bank for September 15, 2008: 1 EUR = 1.4151 USD.*

** *Interest accrued until September 14, 2008 (included).*



**VERSIONE AGGIORNATA A LUGLIO 2014**

**AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY**

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, Banca Esperia S.p.A. ("Seller"), [acting on behalf of one or more of its customers (the "Customers")], hereby unconditionally and irrevocably sells, transfers and assigns to Banca Fideuram S.p.A. (the "Purchaser"), [acting on behalf of one or more of its customers], and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage (together with the relevant allowed amount)** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 63450 filed by or on behalf of [Seller]/[Seller's predecessor in interest] (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of [Seller/its Customers] relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim, excluding the distributions made by the Debtors which in the aggregate were equal to USD 56.589,56 received by Seller (the "Excluded Distributions"), or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of [Seller's / its Customers'] right, title and interest in, to and under the transfer agreements, if any, under which [Seller / Customer(s)] or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) [Seller / its Customers] own(s) and [has/have] good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) [neither] Seller [nor its Customer] has [not] engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Notice of Proposed Allowed Claim Amount ("Notice") for the Proof of Claim provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for the Proof of Claim.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect

to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser, other than the Excluded Distributions. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed as of the [●] day of [●] 2014.    12-12-2014

BANCA ESPERIA S.p.A.

By: _____
Name: Simone Fato
Title: Operation

Via Dante,16
20121 Milano
*Phone 00390285961243*
Fax 00390285961405
Mail simone.fato@gruppoesperia.com

By: _____
Name: Carla Giannone
Title: Legal Department
Via Filodrammatici, 5
20121 Milano
phone *00390288219363*
mail Carla.giannone@gruppoesperia.com

BANCA FIDEURAM S.P.A.

By: _____
Name: Emanuele Castro
Title: Legal Department

Piazzale G. Douhet 31
Roma 00143, Italy
Attn: Emanuele Castro
phone  00390659027565
fax 00390659027211
mail  dir-legale@bancafideuram.it

Schedule 1

## Transferred Claims

Purchased Claim

60.61% being XS0211093041 as described in the Proof of Claim, which relates to an allowed amount of USD 472,367.36 of XS0211093041.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN Code | Issuer | Guarantor | Notional Amount (EUR) | Notional Amount (USD)* | Accrued Amount (EUR) | Accrued Amount (USD)* | Allowed Amount (USD) |
|---|---|---|---|---|---|---|---|---|
| Lehman Treasury 2/15 S/D TM | XS0211093041 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR200,000 | USD$283,020 | EUR2,306.02 | USD$3,263.25 | USD$287,275.12 |

*Amounts due in EUR have been converted to US Dollars using the exchange reference rate published by [the European Central Bank/Bloomberg] for September 15, 2008: 1 EUR = 1.4151 USD.*

# EXHIBIT C

**Address for Notices:**

    Banca Fideuram Spa (*Transferee*)
    Legal Department
    Roma 00143, P.le G. Douhet 31
    Italy

**Attn:**

    Emanuele Castro
    tel  0039 0659027565
    fax 0039 0659027211
    mail:   dir-legale@bancafideuram.it