United States Bankruptcy Court
Southern District of New York

In re Lehman Brothers Holdings Inc., et al.,        Case No. 08-13555 (JMP)

(Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Aleiter Holdings LLC                                Deutsche Bank AG, London Branch
Name of Transferee                                  Name of Transferor

                                                    Court Claim #: multiple; see attached schedule
                                                    Claim Amount: see attached schedule

Name and Address where notices to Transferee
should be sent:

Aleiter Holdings LLC
c/o Chapman and Cutler LLP
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Tel: 212-655-2517
Email: halperin@chapman.com

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**ALEITER HOLDINGS LLC**
By: Chapman and Cutler LLP, as authorized
signatory and not in the capacity as legal counsel to
Aleiter Holdings LLC

By: _[signature]_                                   Date: 1-13-15
Name: Soon Pi Hong
Title: Authorized Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## Schedule

|   | Proof of Claim Number | ISIN/CUSIP | Principal/Notional Amount | | Transferred Amount (as allowed, in USD) |
|---|---|---|---|---|---|
| 1 | 50497 | XS0162196140 | EUR | 6,317,500 | $9,015,081.80 |
| 2 | 62803 | XS0368699764 | EUR | 6,500,000 | $9,237,303.15 |

*PARTIAL Transfer of LBHI Claims # 50497*
*FULL Transfer of LBHI Claims # 62803*

*PROGRAM SECURITY*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **DEUTSCHE BANK AG, LONDON BRANCH** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **ALEITER HOLDINGS LLC**, (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 hereto, in Seller's right, title and interest in and to Proofs of Claim Numbers 50497 and 62803 filed by or on behalf of any of Seller's predecessors-in-title (copies of which are attached at Schedule 2 hereto) (the "Proofs of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Purchased Securities.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim include the Purchased Portion specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) (i) on or around April 17, 2012, Seller's predecessors-in-title received from the Debtor a distribution relating to the Transferred Claims in the amount of $658,770.32 (the "First Distribution"); (ii) on or around October 1, 2012, Seller's predecessors-in-title received from the Debtor a distribution relating to the Transferred Claims in the amount of $444,551.19 (the "Second Distribution"); (iii) on or around April 4, 2013, Seller's predecessors-in-title received from the Debtor a distribution relating to the Transferred Claims in the amount of $ 561,500.80 (the "Third Distribution"); (iv) on or around October 3, 2013, Seller's predecessors-in-title received from the Debtor a distribution relating to the Transferred Claims in the amount of $665,722.29 (the "Fourth Distribution"); (v) on or around April 3, 2014, Seller's predecessors-in-title received from the Debtor a distribution relating to the Transferred Claims in the amount of $723,129.50 (the "Fifth Distribution") and (vi) on or around October 2, 2014, Seller's predecessors-in-title received from the Debtor a distribution relating to the Transferred Claims in the amount of $ 542,708.16 (the "Sixth Distribution") and Seller's predecessors-in-title received a

distribution paid on or around May 8, 2013 in the amount of €1,617,958.02 (the "First Treasury BV Distribution"), a distribution paid on or around October 28, 2013 in the amount of €633,850.73 (the "Second Treasury BV Distribution"), a distribution paid on or around April 28, 2014 in the amount of €681,263.63 (the "Third Treasury BV Distribution") and a distribution paid on or around October 28, 2014 in the amount of €563,243.41 (the "Fourth Treasury BV Distribution") by Lehman Brothers Treasury Co. B.V., with respect to the securities relating to the Transferred Claims (the First Distribution, the Second Distribution, the Third Distribution, the Fourth Distribution, the Fifth Distribution, the Sixth Distribution, the First Treasury BV Distribution, the Second Treasury BV Distribution, the Third Treasury BV Distribution and the Fourth Treasury BV Distribution, the "Distributions");other than the Distributions, Seller has not received any payments or distributions relating to the Transferred Claims or the Purchased Securities; and (h) Seller has delivered to Purchaser true and correct redacted copies of the disbursement notices related to the First Distribution, the Second Distribution, the Third Distribution, the Fourth Distribution, the Fifth Distribution and the Sixth Distribution (which have not been supplemented, amended or revised by Seller).

3.     Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.     All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.     Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller on or after 1 October 2013 in respect of the Transferred Claims and/or the Purchased Security to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.     Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7.     Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*DB Ref: 13629*

Confidential

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of ~~2014~~.

January 2015

**DEUTSCHE BANK AG, LONDON BRANCH**

By: _____
Name:
Title: Simon Glennie
       Vice President

By: _____
Name:
Title: Jamie Foote
       Vice President

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

**ALEITER HOLDINGS LLC**
By: Chapman and Cutler LLP, as authorized signatory and not in the capacity as legal counsel to Aleiter Holdings LLC

By: _____
Name: Joon P. Hong
Title: Authorized Signatory

c/o Chapman and Cutler LLP
1270 Avenue of the Americas
30th Floor
New York, NY 10020-1708
Tel: 212.655.2517
Email: halperin@chapman.com

*DB Ref: 13629*

Confidential

Schedule 1

Transferred Claims

Purchased Portion

- 100.00 % of the claim that is referenced in line number 2 of Proof of Claim 50497 (as highlighted in the copy attached at Schedule 2) and relating to the first Purchased Security described below (plus all interest, costs and fees relating to this claim).
- 100.00 % of the claim that is referenced in Proof of Claim 62803 (as highlighted in the copy attached at Schedule 2) and relating to the second Purchased Security described below (plus all interest, costs and fees relating to this claim).

Lehman Programs Securities to which Transfer Relates

| Proof of Claim | Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Maturity | Allowed Claim Amount |
|---|---|---|---|---|---|---|---|---|
| 50497 | MTN1657 | XS0162196140 | CA71740 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings, Inc. | €6,317,500.00 | 2/21/2009 | $9,015,081.80 |
| 62803 | MTN10836 | XS0368699764 | 6019762 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings, Inc. | €6,500,000.00 | 7/31/2013 | $9,237,303.15 |

*DB Ref: 13629*

ConfidentialSchedule 1-1

Schedule 2

Copies of Proofs of Claim 50497 and 62803

*DB Ref: 13629*

Confidential Schedule 1-1