UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re                                                                              Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,          Case No. 08-13555 (SCC)

                      Debtors.                                                (Jointly Administered)

------------------------------------------------------------------x

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD
ON APPEAL AND STATEMENT OF ISSUES ON APPEAL
FILED BY ROCCO F. ANDRIOLA (ECF NO. 47011)**

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Claimant/Appellant Rocco F. Andriola hereby submits his statement of issues to be presented and his designation of the items to be included in the record on appeal of the Bankruptcy Court's *Order Sustaining Omnibus Objections and Reclassifying Claims for Restricted Stock Units and Contingent Stock Awards* entered on November 7, 2014 (ECF No. 46853), including all judgments, decrees, decisions, rulings and/or opinions that merged into or became a part of the Order on which the Order was based.

**Statement of Issues to be Presented on Appeal**

1.    Did the Bankruptcy Court err in sustaining Lehman Brothers Holdings Inc.'s ("LBHI" or "Lehman") fourteen Omnibus Objections (collectively, the "Omnibus Objections") [The Omnibus Objections are: Debtors' Seventy-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 13295]; Debtors' One Hundred Eighteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 15666]; Debtors' One Hundred Thirtieth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16115]; Debtors' One Hundred Thirty-First Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16116]; Debtors'

One Hundred Thirty-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16530]; Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16532]; Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 16808]; Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 19392]; Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) [ECF No. 19714]; Debtors' Two Hundred Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 20012]; Three Hundred Thirteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 28433]; Three Hundred Fourteenth Omnibus Objection to Claims (Late-Filed Claims) [ECF No. 28435]; Three Hundred Nineteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 28777]; and the Three Hundred Forty Seventh Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [ECF No. 30357]] and subordinating under § 510(b) of the Bankruptcy Code the proofs of claim filed by Claimants based on RSUs and CSAs granted to them as a form of compensation?

2. Did the Bankruptcy Court err in holding that the RSUs and CSAs fall within the definitions of õequity securityö and õsecurityö under §§ 101(16) and 101(49) of the Bankruptcy Code, respectively?

3. Did the Bankruptcy Court err in determining that Claimant did not identify õa single characteristicö that distinguished the RSUs and CSAs from the stock options in *In re Enron Corp.*, 341 B.R. 141 (Bankr. S.D.N.Y. 2006) where Claimant provided testimony, declarations, documentary evidence and legal authority establishing that, unlike the stock options in *Enron*, Claimant made no investment decision relating to the RSUs and CSAs?

4. Did the Bankruptcy Court err in declining to consider why the RSUs and CSAs were not investment contracts or commonly known as a security within the definition of "security" under § 101(49)(A) of the Bankruptcy Code?

5. Did the Bankruptcy Court err in refusing to consider recent federal Court of Appeals authority concluding that RSUs were not equity awards and are not commonly known as securities?

6. Did the Bankruptcy Court err in declining to consider whether the RSUs and CSAs were excluded from the definition of "security" by § 101(49)(B) of the Bankruptcy Code?

7. Did the Bankruptcy Court err in declining to consider the legislative history of § 510(b) of the Bankruptcy Code by stating Claimant "shouldn't be using the legislative history [of § 510(b)] at all" where Claimant submitted evidence that claims for unpaid compensation arising from grants of unconverted RSUs and CSAs were beyond the scope of § 510(b) and the legislative history supported that reading of the statute?

8. Did the Bankruptcy Court err in holding participation by Claimant in the RSU/CSA compensation program that was subject to the terms of the Lehman Brothers Equity Award Program (the "Program") was voluntary where Claimant submitted uncontroverted testimony, declarations and documentary evidence showing (i) Claimant was required to participate in the Program by virtue of his employment with Lehman; (ii) Claimant could not elect to receive cash instead of RSU or CSA awards; (iii) the terms of the Program could not be changed or varied without approval of Lehman's Compensation Committee; (iv) the Program was imposed upon employees firm-wide by Lehman acting unilaterally; (v) Claimant had no decisions to make under the Program; (vi) there was no election or enrollment forms for Claimant to complete; (vii)

Claimant could not choose or elect to participate and had no say in the percentage of his compensation they would receive in RSUs or CSAs; and (viii) Claimant could not negotiate or vary the terms of the Program.

9. Did the Bankruptcy Court err in overlooking uncontroverted testimony, declarations and documentary evidence established that (i) Claimant did not view the RSUs and CSAs as constituting equity before LBHI shares were issued; (ii) LBHI did not consider Claimant stockholders until they became record holders of LBHI stock and that Claimant's rights as grantee of RSUs and CSAs were no better than those of a general creditor; (iii) both pre-petition through LBHI's RSU Trust and post-petition through LBHI's pre-populated proofs of claim given to Claimant, LBHI considered RSU and CSA claims as unsecured contract claims, not equity; and (iv) there was no voting of stock by holders of RSUs and CSAs and no documentary evidence showing solicitation of proxies or any procedure for permitting the exercise of voting rights by Claimant.

10. Did the Bankruptcy Court err in concluding the purported purpose of the Program was to provide Claimant with a "sense of ownership" and Claimant was motivated to "secure the firm's success" where the Bankruptcy Court's conclusion disregarded Claimant's testimony and declarations and was based only on Lehman's own Program documents, with no supporting testimony other than arguments made by Lehman's attorneys who were not competent to offer such testimony?

11. Did the Bankruptcy Court err in declining to consider tax implications associated with the grant, delivery and conversion of the RSUs and CSAs, including that (i) the income reported to tax authorities by Claimant was only after the RSUs and CSAs converted to LBHI stock; (ii) the tax withheld was calculated at ordinary income rates, not capital gains; (iii)

and I.R.C. § 83(b) election was not available for RSUs and CSAs; (iv) upon conversion of the RSUs and CSAs to LBHI stock, LBHI claimed an income tax deduction as compensation expense; and (v) the dividend equivalent amounts that were reinvested as additional RSUs and CSAs were also treated as tax-deductible compensation.

**Designation of Items for Record on Appeal**

Appellant adopts in its entirety the designation of Items for Record on Appeal previously filed as ECF No. 47221 by Andrew R. Goldenberg, Esq. on behalf of Jennifer Adler, Ian Anderson, Jennifer Becker, Craig Benson, Paola Biraschi, Karen Brewer, William Broadbent, David Brooks, Guillemette Callies, Patrick Cremin, Michael Collier, Joseph D'Amadeo, John Dmuchowski, Nestor De Jesus, Steven Engel, Louise Goldberg, Michael Gran, Anshuman Goyal, Adrian Graves, Sandra Hahn-Colbert, Gregg Hawes, Nicholas Howard, Julian Iragorri, Harriet Chan King, Karen Krieger, Tal Lev Ari, Yeruchim Levilev, Sarah Lewis, Fabio Liotti, Patricia Luken, Lawrence McCarthy, Michael McCully, Hugh McGee, Michael Mullen (Estate of), Ian Neville, Thomas O'Sullivan, Helmut Olivier, Martin Patterson, Michael Petrucelli, Sandy Fleischman Richman, Barry Porter, Jack Rivkin, Alvaro Santodomingo, Christiane Schuster, Steven Schwab, Brian Seward, Ross Shapiro, Paul Shotton, Norman Siegel, Margaret Smith, Stephen Snelling, Gregg Somma, Andrea Sullivan, Milan Veleba, Pierluigi Volini, Jeffrey Wecker, Peter Ward, Colin S.A. Welch, Timothy Wilkinson and Judith Winchester (the "Goldenberg Designation").

In addition to the documents set forth in the Goldenberg Designation, Mr. Andriola designates the following documents:

| | |
|---|---|
| ECF No. 15406 | Omnibus Reply to Responses to Debtors' Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) |

| | |
|---|---|
| ECF No. 16950 | Response of Rocco F. Andriola to Debtors' One Hundred Eighteenth Omnibus Objection to Claim (to Reclassify Proofs of Claim as Equity Interests) |
| ECF No. 24591 | Supplemental Annotated Omnibus Reply to Responses to Debtorsø Seventy-Third, One Hundred Eighteenth, One Hundred Thirtieth, One Hundred Thirty-First, One Hundred Thirty-Third, One Hundred Thirty-Fourth, One Hundred Thirty-Fifth, One Hundred Seventy-Sixth, and Two Hundred Seventh Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) |
| ECF No. 43396 | Declaration Of Claimant Rocco F. Andriola |
| ECF No. 47011 | Notice of Appeal filed by Rocco F. Andriola |
| Claim No. 10544 | Filed by Rocco F. Andriola |

Dated: New York, New York
January 26, 2015

Goldberg Weprin Finkel Goldstein LLP
*Attorneys for Rocco F. Andriola*
1501 Broadway, 22nd Floor
New York, New York 10036
(212) 221-5700

By:   /s/ Kevin J. Nash

TO:   Weil, Gotshal & Manges LLP
*Attorneys for the Debtors*
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Attn:   Ralph I. Miller, Esq.
Robert J. Lemons, Esq.
Doron Kenter, Esq.