Hearing Date and Time: March 11, 2015 at 10:00 a.m. (prevailing Eastern Time)
Response Deadline: February 27, 2015 at 4:00 p.m. (prevailing Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF FOUR HUNDRED NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ALEXANDER WOOLVERTON, AT (212) 310-8495.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------ x

**NOTICE OF HEARING ON FOUR HUNDRED NINETY-THIRD
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on January 27, 2015, Lehman Brothers Holdings

Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the *Modified Third*

*Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for

the entities in the above-referenced chapter 11 cases, filed the four hundred ninety-third omnibus

WEIL:\95220188\4\58399.0011

objection to claims (the "Four Hundred Ninety-Third Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Ninety-Third Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 11, 2015 at 10:00 a.m. (prevailing Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Ninety-Third Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Alexander Woolverton, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **February 27, 2015 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Ninety-Third Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Ninety-Third Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:    January 27, 2015
             New York, New York

                                                */s/ Robert J. Lemons*
                                                Robert J. Lemons

                                                WEIL, GOTSHAL & MANGES LLP
                                                767 Fifth Avenue
                                                New York, New York 10153
                                                Telephone: (212) 310-8000
                                                Facsimile: (212) 310-8007

                                                *Attorneys for Lehman Brothers Holdings Inc.*
                                                *and Certain of Its Affiliates*

**Hearing Date and Time: March 11, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: February 27, 2015 at 4:00 p.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------ x

## FOUR HUNDRED NINETY-THIRD
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ALEXANDER WOOLVERTON AT (212) 310-8495.**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this four hundred ninety-third omnibus objection to claims (the "Four Hundred Ninety-Third Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to disallow and expunge the claims listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined proof of claim 1722 (the "Duplicative Claim") and has determined that the Duplicative Claim is, in substance, duplicative of claim 12928 (the "Surviving Claim"). The Plan Administrator seeks the disallowance and expungement of the Duplicative Claim from the claims register and the preservation of the Plan Administrator's right to object to the Surviving Claim on any basis.[1]

---

[1] This Four Hundred Ninety-Third Omnibus Objection to Claims does not affect the Surviving Claim and does not constitute any admission or finding with respect to any the Surviving Claim. To the extent the creditor has filed different documentation in support of the Duplicative Claim and the Surviving Claim, the Plan Administrator will treat all documentation filed in support of the Duplicative Claim as having been filed in support of the Surviving Claim.

2

3. The Plan Administrator has also examined proof of claim 22687 (the "No Liability Derivatives Claim" and together with the Duplicative Claim, the "No Liability Claims") asserted against Lehman Brothers OTC Derivatives Inc. ("LOTC") and has determined that the No Liability Derivatives Claim should be disallowed and expunged on the basis that LOTC is not liable for the claim. After a review of the claimant's supporting documentation and LOTC's books and records, the Plan Administrator has determined that, based on the fair, accurate, and reasonable values of the Derivatives Contract (as defined herein) and the netting provisions thereunder, LOTC does not owe any amounts to the claimant on account of the No Liability Derivatives Claim. The No Liability Derivatives Claim, therefore, does not constitute a valid *prima facie* claim, and the Plan Administrator requests that it be disallowed and expunged in its entirety.

4. The Plan Administrator reserves all of its rights to object on any basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

6. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012.

3

8.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

9.  On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on Derivatives Contracts[2] (the "Bar Date Order") [ECF No. 4271]. The Bar Date Order established (i) September 22, 2009 as the general deadline for filing proofs of claim and (ii) October 22, 2009 as the deadline for completing electronic questionnaires and uploading supporting documentation and evidence of underlying claim amounts in connection with claims filed against the Chapter 11 Estates based on Derivatives Contracts (each, a "Derivatives Questionnaire"). A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

10. The Bar Date Order provided that each holder of a claim against a Debtor based on amounts owed pursuant to any Derivatives Contract must complete the electronic Derivatives Questionnaire and electronically upload supporting documentation on the website. *See* Bar Date Order at 7. Generally, the Derivatives Questionnaire required that the claimant provide information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the Derivatives Contract.

11. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to 500 claims at a time, on various grounds, including

---

[2] "Derivatives Contract" is defined in the Bar Date Order as "any contract that is any of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." *See* Bar Date Order at 6.

4

those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## **The No Liability Claims Should Be Disallowed and Expunged**

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.,* No. 02-41729, 2007 WL 601452 at *5 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has determined that the No Liability Claims must be disallowed and expunged.

13. The Duplicative Claim is, in substance, duplicative of the Surviving Claim. Specifically, the Duplicative Claim was filed against the same Chapter 11 Estate and on account of the same asserted obligation as the corresponding Surviving Claim. Courts routinely disallow and expunge duplicative claims filed against the same debtors. *See, e.g.*, *In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Grp., Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

5

Elimination of the Duplicative Claim will enable the Plan Administrator to maintain a claims register that more accurately reflects the proper claims existing against the Chapter 11 Estates.

14.     Additionally, the No Liability Derivatives Claim provides no basis of liability as to LOTC.  After a review of the claimant's supporting documentation and LOTC's books and records, the Plan Administrator has determined that, based on the fair, accurate, and reasonable value of the underlying Derivatives Contract and the netting provisions thereunder, LOTC does not owe any amounts to the claimant.  The Plan Administrator utilizes a thorough, multi-step process to review claims filed against the Chapter 11 Estates based on Derivatives Contracts in order to determine the fair, accurate, and reasonable value, if any, of such claims.  Specifically, the Plan Administrator: (i) collects and reviews documents related to the relevant Derivatives Claim including, but not limited to, the relevant Derivatives Questionnaire and/or guarantee questionnaire, the termination notice, and the valuation statement; (ii) reconciles posted collateral and any cash payments already received, made, or missed; and (iii) reviews the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with its valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[3]  Furthermore, to the extent the holder is willing, the Plan Administrator engages in lengthy negotiations with the holder of the Derivatives Claim that often include the exchange of detailed information and may extend over a period of months.

---

[3] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [ECF No. 4113]).

6

15. The Plan Administrator has undertaken this lengthy process with respect to the No Liability Derivatives Claim and concluded that a fair, accurate, and reasonable valuation of the No Liability Derivatives Claim demonstrates that LOTC does not owe the claimant any money on account of the Derivatives Contract. Accordingly, the Plan Administrator requests that the Court disallow and expunge in its entirety the No Liability Derivatives Claim.

16. The Effective Date for the Plan has occurred and Distributions commenced on April 17, 2012. It would be inequitable and inappropriate for holders of claims subject to this objection to receive Distributions on account of invalid claims. Accordingly, the Plan Administrator requests that the Court disallow and expunge in their entirety the No Liability Claims.

### Notice

17. No trustee has been appointed in these chapter 11 cases. Notice of this Four Hundred Ninety-Third Omnibus Objection to Claims has been served on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

7

18. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

**WHEREFORE** the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated:   January 27, 2015
         New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

8

# EXHIBIT A

WEIL:\95220188\4\58399.0011

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)**
**OMNIBUS OBJECTION 493: EXHIBIT A - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE | SURVIVING CLAIM NAME | CASE NUMBER | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ATTESTOR VALUE MASTER FUND, LP | 08-13893 (SCC) | Lehman Brothers OTC Derivatives Inc. | 22687 | $9,669,983.23 | No Liability Claim - Derivative | N/A | N/A | N/A | N/A |
| 2 | PAULSON CREDIT OPPORTUNITIES MASTER LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 1722 | $6,622,786.25 | Duplicative of Claim 12928 | PAULSON CREDIT OPPORTUNITIES MASTER LTD. | 08-13555 (SCC) | 12928 | $6,622,786.25 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
In re                                                              :   Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,                             :   08-13555 (SCC)
                                                                   :
                        Debtors.                                   :   (Jointly Administered)
------------------------------------------------------------------ x
```

## ORDER GRANTING FOUR HUNDRED
## NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS

Upon the four hundred ninety-third omnibus objection to claims, dated January 27, 2015 (the "Four Hundred Ninety-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the No Liability Claims on the grounds more fully described in the Four Hundred Ninety-Third Omnibus Objection to Claims; and due and proper notice of the Four Hundred Ninety-Third Omnibus Objection to Claims having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Ninety-Third Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Ninety-Third

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Ninety-Third Omnibus Objection to Claims.

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Ninety-Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the No Liability Claims set forth on <u>Exhibit 1</u> attached hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that claim 12928 (collectively, the "<u>Surviving Claim</u>") will remain on the claims register, *provided* that nothing in this Order or the disallowance and expungement of the Duplicative Claim constitutes any admission or finding with respect to any of the Surviving Claim and the Plan Administrator's rights to object to the Surviving Claim on any basis are preserved; and it is further

ORDERED that all information included on and all documentation filed in support of the Duplicative Claim, including, but not limited to, derivatives and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of the corresponding Surviving Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
       New York, New York

                                                                                                     UNITED STATES BANKRUPTCY JUDGE