**Presentment Date and Time: February 4, 2015 at 12:00 noon (Prevailing Eastern Time)**
**Objection Deadline: February 4, 2015 at 11:30 a.m. (Prevailing Eastern Time)**

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Jayant W. Tambe
Laura W. Sawyer

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re:                                                                     :          Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :          Case No. 08-13555 (SCC)
:
Debtors.                                       :          (Jointly Administered)
:
---------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF CLAIMS LITIGATION SCHEDULE FOR THE OBJECTION OF DEBTORS AND DEBTORS IN POSSESSION TO CLAIMS OF QVT FUND LP AND QUINTESSENCE FUND L.P.**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Claims Litigation Schedule for the Objection of Debtors and Debtors in Possession to Claims of QVT Fund LP and Quintessence Fund L.P. (the "Claims Litigation Schedule") to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, for signature on **February 4, 2015 at 12:00 noon (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulated Scheduling Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to (i) the Bankruptcy Judge's chambers and (ii) the undersigned, so as to be received by **February 4, 2015 at 11:30 a.m. (Prevailing Eastern Time)**, the Stipulated Scheduling Order may be signed.

Dated: January 28, 2015                                   Respectfully submitted,
       New York, New York

                                                                       /s/ I-Heng Hsu
                                                                       Jayant W. Tambe
                                                                       Laura W. Sawyer
                                                                       I-Heng Hsu
                                                                       JONES DAY
                                                                       222 East 41st Street
                                                                       New York, New York  10017
                                                                       Telephone:  (212) 326-3939
                                                                       Facsimile:  (212) 755-7306

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                 :
In re:                                                           :     Chapter 11
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         :     Case No. 08-13555 (SCC)
                                                                 :
        Debtors.                                               :     (Jointly Administered)
-----------------------------------------------------------------x

## CLAIMS LITIGATION SCHEDULE FOR THE OBJECTION OF DEBTORS AND DEBTORS IN POSSESSION TO CLAIMS OF QVT FUND LP AND QUINTESSENCE FUND L.P.

This Claims Litigation Schedule for the Objection of Debtors and Debtors in Possession to Claims of QVT Fund LP and Quintessence Fund L.P. (collectively, "QVT") with respect to Proof of Claim Nos. 21217, 21140, 20421 and 21146, [Docket No. 17468] (the "QVT Objection"), submitted in accordance with the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors, entered April 19, 2010 [Docket No. 8474] (the "Claims Procedures Order"), is adopted by the Court as the Claims Litigation Schedule for the QVT Objection.

    1.    All fact discovery shall be completed by August 31, 2015.

    2.    The parties are to conduct discovery in accordance with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure (as incorporated therein), and the Local Rules of this Court. In accordance with Federal Rules of Bankruptcy Procedure 9014 and 7026, Federal Rules of Civil Procedure 26(a)(2) and 26(a)(3) shall apply to this contested matter. A party may be served with discovery requests and responses by email to its counsel. The following interim deadlines may be extended by the written consent of the parties without

application to the Court, provided all fact discovery is completed by August 31, 2015. The fact discovery deadline may be extended by Court order:

      A.      Interrogatories pursuant to Local Bankruptcy Rule 7033-1(a) and 7033-1(b) may be served no later than January 9, 2015.

      B.      Initial requests for production of documents may be served no later than January 9, 2015.

      C.      Responses and objections to initial requests for the production of documents and interrogatories are to be served by February 11, 2015.

      D.      Initial document productions must commence on a rolling basis no later than March 16, 2015, and shall be substantially completed by May 15, 2015.

      E.      Documents shall be produced as follows:

          (1)      E-mails shall be produced as single-page TIFF images with accompanying full text and load file (DAT). Metadata fields included with the load file should be provided in accordance with Appendix A to the extent reasonably available. E-mail attachments shall be handled according to the provisions below applicable to loose electronic documents and shall not be separated from the emails to which they are attached. Native files for all e-mails shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

          (2)      Word and loose other electronic documents shall be produced as single-page TIFF images with accompanying full text and load file (DAT). The text file shall be named after the beginning Bates number of the document, with extension ".txt". Metadata fields included with the load file should be provided in accordance with Appendix A. For Excel, other spreadsheet files and audio and video files, the native file shall be produced, along with a single-page TIFF placeholder, except that native files need not be produced for redacted Excel or other spreadsheet files. Native files for all other electronic documents shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

          (3)      Hard copy documents shall be produced as single-page TIFF images with accompanying full OCR text and load file (DAT).

        Metadata fields included with the load file should be provided in accordance with Appendix A.

(4) All TIFF files shall be produced as single page, black and white TIFFs, bearing the Bates number of each page, or, in the case of spreadsheets or database documents for which Bates numbers cannot be applied to each page, bearing the Bates number of that spreadsheet or database document.

(5) Along with its productions, each party shall provide either an 1PRO (.lfp) or Opticon (.opt) single-page image load/cross reference file. Image filenames should contain the Bates number information of the image.

(6) Electronic data productions may be transmitted electronically via Secure File Transfer Protocol (SFTP), FTP over SSH, or physically transported using electronic storage media such as flash memory devices, CDs, DVDs or hard drives. The physical media label should contain the case name and number, production date, and Bates range being produced. Each party may encrypt any data produced using standard encryption software.

(7) In accordance with Fed. R. Civ. P.26(b)(5)(B) and Fed. R. Evid. 502(b), any inadvertent disclosure of document(s) shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including without limitation the attorney-client privilege, the joint defense privilege, and the work product doctrine, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. All copies of such document(s) shall be returned to the producing party or destroyed within five days of such notice. The producing party shall maintain the referenced document(s) until the parties resolve any dispute concerning the privileged nature of the document(s) or the Court rules on any motion to compel the document(s). No Party shall use or refer to any information contained within the document(s) at issue unless and until the producing Party agrees or a motion to compel is granted by the Court.

F. Privilege logs shall be served within 30 days of the production from which the logged documents have been withheld.

G. Depositions of fact witnesses must be completed no later than August 31, 2015.

   H. Interrogatories pursuant to Local Bankruptcy Rule 7033-1(c) and requests for admissions will be served at least 30 days prior to close of discovery.

   I. QVT shall disclose the identities of any of its testifying expert witnesses and serve any expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) on October 9, 2015.

   J. Depositions of experts disclosed pursuant to paragraph 2(I) must be completed no later than November 9, 2015.

   K. Debtors shall disclose the identities of any of their testifying expert witnesses and serve any expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) on December 14, 2015.

   L. Depositions of experts disclosed pursuant to paragraph 2(K) must be completed no later than January 29, 2016.

   M. The parties shall serve any rebuttal expert reports on February 26, 2016.

   N. Depositions of experts disclosed pursuant to paragraph 2(M) must be completed no later than March 25, 2016.

   3. As required by applicable rules, if a party wishes to file a dispositive motion, that party shall request a pre-motion conference with respect to such motion on or before April 8, 2016. The parties will consult with each other regarding the briefing schedule for any dispositive motions prior to any pre-motion conference.

   4. A pre-merits hearing conference shall be held at a date to be determined by the Court.

   5. The merits hearing shall be held at a date to be determined in accordance with the Claims Procedures Order by the Court.

Dated: January 28, 2015
      New York, New York

      *Jayant W. Tambe*
Jayant W. Tambe
Laura Washington Sawyer

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone:   (212) 326-3939
Facsimile:   (212) 755-7306

jwtambe@jonesday.com
lwsawyer@jonesday.com

*Attorneys for Debtors and Debtors in Possession*

Dated:   January 28, 2015
      New York, New York

      *Dennis H. Tracey, III*
Dennis H. Tracey, III
Robin E. Keller
Benjamin J.O. Lewis
John D. Beck

HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
Telephone:   (212) 918-3000
Facsimile:   (212) 918-3100

dennis.tracey@hoganlovells.com
robin.keller@hoganlovells.com
ben.lewis@hoganlovells.com
john.beck@hoganlovells.com

*Attorneys for QVT Fund LP and Quintessence Fund L.P.*

Dated:    February ___, 2015                SO ORDERED
         New York, New York

                                                                                 UNITED STATES BANKRUPTCY JUDGE

# APPENDIX A

| Field | Description |
|---|---|
| BegBates | Page ID of first page in a document. |
| EndBates | Page ID of last page in a document. |
| BegAttach | BegBates of parent record. |
| EndAttach | BegBates of last attached document in family. |
| From | Author of the e-mail message. |
| To | Main recipient(s) of the e-mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e-mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
| DateSent | Sent date of an e-mail message. |
| TimeSent | Time the e-mail message was sent. |
| EMail Subject | Subject of the e-mail message. |
| Author | Author field value pulled from metadata of the native file. |
| Title | Title held value extracted from the metadata of the native file. |
| Custodian | Textual value of custodian. |
| DateCreated | Creation date of the native file. |
| TimeCreated | Creation time of the native file. |
| EntryID | Unique identifier of e-mails in mail stores. |
| FileDescription | File extension of other description of native file type. |
| Filename | Original filename of native file. Contains subject of e-mail message for e-mail records. |
| Filesize | Size of native file, in bytes. |
| MD5Hash | MD5 hash-128-hit output. |
| Attach | Semi-colon delimited string of first level attachments in the e-mail. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| PgCount | Number of pages in a document. |
| NativeFile | Logical file path to the native file. |
| OCRPath | Logical file path to the OCR text. |