Law Office of A. James Boyajian
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (424) 258-0777
Facsimile: (424) 298-4377
Email: JamesBoyajian@gmail.com

*Attorneys for Virgilio Casuple, Darian J. Cohen,
Lars P. Jacobson, Mary Langevin, Amit K. Sarkar,
Christian E. Stevens, & Andrew Wideman*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 08-13555 (SCC) |
| LEHMAN BROTHERS HOLDINGS, INC., | |
| *et al.*, | (Jointly Administered) |
| Debtors. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**COMPENSATION CLAIMANTS' DESIGNATION OF THE RECORD AND
STATEMENT OF ISSUES ON APPEAL**

Claimants Virgilio Casuple, Darian J. Cohen, Lars P. Jacobson, Mary Langevin, Amit K. Sarkar, Christian E. Stevens, & Andrew Wideman (the "Compensation Claimants"), creditors in the above-captioned proceeding, by and through their undersigned counsel, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby file and submit this Designation of the Record and Statement of Issues on Appeal with respect to their appeal from order of the United States Bankruptcy Court for the Southern District of New York, entitled *Order Sustaining Omnibus Objections and Reclassifying Claims for Restricted Stock Units and Contingent Stock Awards* [Docket No. 46853](the "Order") entered in the above-captioned chapter 11 cases on November 7, 2014, including, without limitation, any and all judgments, decrees, decisions, rulings, and/or opinions that merged into and/or became a part of the Order, that are related to the Order, and/or upon which the Order is based.

1

## DESIGNATION OF THE RECORD ON APPEAL

As a preliminary matter, this designation of the record on appeal includes all items listed below as well as all documents, statements, appendices, exhibits, notices, declarations, affidavits, and other items that may be attached to, referred to, or discussed in each item.

Compensation Claimants hereby adopt, and incorporate by reference as though fully stated herein, all items designated by Stamell & Schager LLP, on behalf of its clients, on December 5, 2014 (ECF No. 47221) and all items designated by the Law Offices of Lisa Solomon, on behalf of its clients, on January 28, 2015 (ECF No. 47992). Moreover, Compensation Claimants designate the following additional items of the record on appeal:

| ADDITIONAL DESIGNATION ITEM NO. | FILING DATE | ECF NO. | DESCRIPTION |
|---|---|---|---|
| 1. | 11/25/2013 | 41343 | TRANSCRIPT REGARDING HEARING HELD ON 11/22/2013 10:06AM RE: NOTICE OF STATUS CONFERENCE FOR PENDING CLAIMS RELATED TO RESTRICTED STOCK UNITS AND CONTINGENT STOCK AWARDS |
| 2. | 12/18/2013 | 41589 | LBHI'S NOTICE OF HEARING AS TO PENDING CLAIMS RELATED TO RESTRICTED STOCK UNITS AND CONTINGENT STOCK AWARDS |
| 3. | 02/04/2014 | 42482 | MEMORANDUM IN OPPOSITION TO DEBTORS OMNIBUS OBJECTIONS SEEKING TO RECLASSIFY COMPENSATION CLAIMS AS EQUITY, BY PRO SE CLAIMANT ANDREA T. JAO |
| 4. | 03/06/2014 | 43478 | DECLARATION OF VIRGILIO CASUPLE |
| 5. | 03/06/2014 | 43457 | DECLARATION OF DARIAN COHEN |
| 6. | 03/06/2014 | 43460 | DECLARATION OF LARS JACOBSON |

| | | | |
|---|---|---|---|
| 7. | 03/06/2014 | 43461 | DECLARATION OF MARY E. LANGEVIN |
| 8. | 03/06/2014 | 43464 | DECLARATION OF AMIT K. SARKAR |
| 9. | 03/06/2014 | 43477 | DECLARATION OF CHRISTIAN STEVENS |
| 10. | 03/06/2014 | 43476 | DECLARATION OF ANDREW WIDEMAN |
| 11. | 03/20/2014 | 43684 | AMENDED DECLARATION OF JOHN TUOSTO |

STATEMENT OF ISSUES ON APPEAL

Compensation Claimants hereby join and adopt, and incorporate by reference as though stated herein, each and every statement of issue on appeal as stated in the designation filed by Stamell & Schager, LLP, on behalf of its clients, on December 5, 2014 (ECF No. 47221) as well as in the designation filed by the Law Offices of Lisa Solomon, on behalf of its clients, on January 28, 2015 (ECF No. 47992). Moreover, Compensation Claimants respectfully state the following additional issues on appeal:

1. Whether the Bankruptcy Court erred in failing to construe against the drafter Lehman Brothers Holdings Inc. ("LBHI"), and in favor of Compensation Claimants' interpretations, all ambiguities in contractual language regarding LBHI's unexplained removal of the Subordination Clause from its post-2004 RSU Plans as well as all ambiguities in its 1997 RSU Trust document.

2. Whether the Bankruptcy Court erred in ruling that LBHI proved each and every element of 11 U.S.C. § 510(b) as was required to meet their burden of proof for subordinating the claims of Compensation Claimants.

3

3. Whether the Bankruptcy Court erred in finding that the RSU and CSA instruments at issue bear the traditional hallmarks of equity when they:

    (a) were non-transferrable;

    (b) had no risk of economic costs and benefits since LBHI could at its sole discretion pay cash instead of convert the RSUs and CSAs to common stock at any time;

    (c) provided no voting rights until they vested (e.g., 3 years after grant);

    (d) provided no real dividends since RSUs and CSAs were only entitled to receive "dividend equivalents" in the form of additional RSUs or CSAs being placed into the RSU Trust account after they vested (e.g., 3 years after grant);

    (e) conveyed no present title of ownership to any actual piece of equity in LBHI; and

    (f) provided no right to bring shareholder derivative lawsuits or similar actions as an actual equity-owner in the company.

4. Whether the Bankruptcy Court erred in inconsistently finding that Compensation Claimants bargained to be paid with equity while also finding that the RSU/CSA Plans stated LBHI *may* at its sole discretion pay total compensation in either LBHI common stock or cash.

5. Whether Compensation Claimants were making an investment decision or merely making a career decision related to their employment by continuing to work at LBHI subject to the changing RSU/CSA Plans.

6. Whether LBHI's unilateral decisions to change the terms in its 2005 RSU and CSA Plans and after (i.e., Removal of Subordination Clause) as well as its 2006 RSU and CSA Plans and after (i.e., Removal of Competitive Activity Clause) materially prejudiced employees in a

way that they could not voluntarily "vote with their feet" and leave their employment at LBHI without suffering unexpected forfeiture of earned wages.

7. Whether the Bankruptcy Court erred in finding that LBHI's RSUs and CSAs did not violate any wage law in any applicable jurisdictions.

8. Whether LBHI's performance under the RSUs and CSAs became impossible upon LBHI's bankruptcy filing and subsequent cancellation of LBHI common stock under the Plan.

9. Whether the Bankruptcy Court erred in ruling that RSUs and CSAs served as sufficient consideration "both" for their labor rendered in a current year to receive new RSUs or CSAs as well as for labor rendered to fulfill their obligation to convert RSUs and CSAs received in previous years into LBHI common stock.

Compensation Claimants hereby reserve the right to amend or supplement the foregoing.

Dated: Los Angeles, California
       January 28, 2015

LAW OFFICE OF A. JAMES BOYAJIAN

By: /s/ A. James Boyajian.
   A. James Boyajian
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (424) 258-0777
Facsimile: (424) 298-4377
Email: JamesBoyajian@gmail.com

*Attorneys for Virgilio Casuple, Darian J. Cohen, Lars P. Jacobson, Mary Langevin, Amit K. Sarkar, Christian E. Stevens, & Andrew Wideman*

5