UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re                                                            : Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,                           : 08-13555 (SCC)
                                                                 :
                                    Debtors.                     : (Jointly Administered)
---------------------------------------------------------------- x

## STIPULATION AND PROTECTIVE ORDER

This Stipulation and Protective Order (the "Protective Order") is entered into and submitted to the Court in accordance with the agreement of counsel for Lehman Brothers Holdings Inc. ("LBHI"), in its capacity as Plan Administrator on behalf of Lehman Commercial Paper Inc. ("LCPI"), and Claimant Spanish Broadcasting System, Inc. ("Spanish Broadcasting") (each, a "Party" and collectively, the "Parties") in connection with discovery undertaken with respect to Proof of Claim No. 67707 filed by Spanish Broadcasting and LBHI's Omnibus Objection to such claim [ECF No. 29323] (the "Contested Matter"). Recognizing that discovery requested and other information provided in connection with this Contested Matter may involve the production of information considered sensitive, confidential, personal, proprietary, and/or protected by statutory or other legal privilege, and it appearing to the Court that there is good and sufficient cause that the relief should be granted,

**IT IS THEREFORE STIPULATED BETWEEN THE PARTIES AND ORDERED THAT:**

1. The terms of this Protective Order shall take full force and effect upon execution by the Parties.

2. This Protective Order shall govern all discovery conducted in connection with the Contested Matter, including, but not limited to, documents, deposition testimony, deposition exhibits, interrogatory responses, admissions, and any other information produced, given,

provided or exchanged by and among the parties and any non-parties who are signatories to this Protective Order as well as any and all copies, abstracts, digests, notes, summaries and excerpts thereof (collectively, "Discovery Material").

3. Discovery Material may be used only for the purpose of this Contested Matter, and shall not be disclosed or used in any other way or in any other lawsuit, proceeding or any other dispute.

Confidential Information

4. As used in this Protective Order, "Confidential Information" refers to all Discovery Material revealed or produced by a Party or non-party (each, a "Producing Party" and collectively, the "Producing Parties"), whether in response to a Document Request, Interrogatory, Request for Admissions, Deposition, other discovery device or otherwise, that is designated as "Confidential." This designation will, without more, subject the designated material or information to the provisions of this Protective Order; such Confidential Information will be protected by, and may be used and disposed of only in accordance with, the provisions of this Protective Order.

5. A Producing Party may designate Discovery Material as "Confidential" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that the Discovery Material contains confidential, proprietary or commercially sensitive non-public information that requires the protections provided in this Protective Order. For purposes of this Protective Order, Confidential Information includes any non-public (i) financial or business plans, considerations, projections or valuations; (ii) proposed or actual strategic plans or transactions and other business combinations, negotiations, inquiries or agreements, including, but not limited to, joint ventures, mergers, material asset sales, purchases, buy-outs,

2

consolidations, transfers of interests and partnerships; (iii) studies or analyses by employees as well as internal or outside experts or consultants; (iv) financial or accounting results or data; (v) business, management and marketing considerations, plans and/or strategies; (vi) acquisition offers and expressions of interest; (vii) contracts or agreements with or among affiliates, partners or Producing Parties; (viii) personal information that may cause an individual to be exposed to an unreasonable risk of identity theft, such as social security numbers, bank account numbers, dates of birth, drivers' license numbers, or passport numbers; and (ix) information that a Producing Party reasonably and in good faith believes is a trade secret or other confidential research, development, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure (the "Federal Rules") or any non-public information that may be protected from disclosure under Federal Rule 26(c) or any other applicable law or regulation.

6.   A Producing Party may designate a document as "Confidential" by affixing the legend "Confidential" to each page requiring the protections provided in this Protective Order in addition to an appropriate bates-stamp designation indicating the Producing Party. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" (i) by informing the person to whom the material is provided in writing in a clear and conspicuous manner of such material, that such material is "Confidential," (ii) by including "Confidential" in the file or directory name, or (iii) by affixing the legend "Confidential" to the media containing the Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD).

7.   Extracts and summaries of Confidential Information shall also be treated as Confidential Information.

**Designation of Deposition and Hearing Testimony**

8.  For transcripts of depositions or other testimony given in pretrial proceedings, any Party may designate the specific testimony as "Confidential" either on the record at the deposition or other proceeding, or in writing (which may be by email) served on all parties no later than ten (10) business days following the receipt of the final transcript by the Party seeking to designate the deposition testimony as Confidential.  If information designated as Confidential will be disclosed or discussed at a deposition, the Producing Party shall have the right to exclude any person not entitled to have access to such information, other than the deponent or witness, the attorney(s) of record (including their staff and associates), official court reporter, and stenographer and/or videographer.

9.  All deposition testimony not designated "Confidential" at the deposition shall be treated as "Confidential" under this Protective Order for the ten (10)-day period following receipt of the final version of the transcript and exhibits by the Producing Party, after which time only the portions specifically designated as "Confidential" shall be so treated.

**Access to Confidential Information**

10. Receiving Parties shall permit access to Confidential Information only to persons specified in this Protective Order.  For purposes of this Protective Order, the term "Receiving Party" shall be a party to whom Discovery Material is produced.

11. Confidential Information may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part by a Receiving Party only to the following persons:

> a.  Outside counsel or outside accountants of the Parties or accountants serving as a trustee, curator or other fiduciary of LBHI and affiliates of LBHI, and those in-house attorneys who represent the Receiving Party, as well as attorneys, clerical, paralegal, other staff and agents of those

4

       employed by or working with such attorneys or accountants whose functions require access to Confidential Information;

b.    Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

c.    Outside experts, consultants, and/or financial advisors for the Receiving Party whose advice and consultation are being or will be used by the Receiving Party, as well as stenographic and clerical employees and agents of those experts or consultants whose functions require access to Confidential Information; provided that counsel desiring to disclose Confidential Information to such experts or consultants and their employees or agents shall first obtain a signed Agreement to Abide by the Protective Order (attached as Exhibit A) from each such expert or consultant, and counsel shall retain in his/her file an original or copy of each such signed Agreement to Abide by the Protective Order;

d.    Courts adjudicating matters between the Parties, as well as their authorized staff, including official and freelance court reporters and videotape operators hired by the Receiving Party;

e.    Officers, directors or employees of the Receiving Party and its affiliates;

f.    To the extent not otherwise covered by this paragraph, any potential witness or deponent and counsel for such witness or deponent, during the course of any testimony, including at any deposition, hearing or trial, and to the extent necessary, during any preparation for such testimony.  Except when the Confidential Information is first exhibited at a deposition, hearing or trial to such person(s), counsel desiring to disclose Confidential Information to such persons shall (i) first obtain a signed Agreement to Abide by the Protective Order (attached as Exhibit A), and such counsel shall retain a copy of each executed Agreement to Abide by the Protective Order;  or (ii) represent on the record at the deposition, hearing, or trial that such person(s) have read and agreed to the Agreement to Abide by the Protective Order;

g.    Professional vendors to whom disclosure is reasonably necessary, provided they are informed that the material is Confidential Information;

h.    Any other person upon agreement among and by the Parties, provided that such person shall first execute the Agreement to Abide by the Protective Order (attached as Exhibit A), a copy of which shall be retained by counsel for both Parties; and

i.    Any other person, only upon order of the Court or agreement of the Parties.

5

12. Only persons authorized to receive Confidential Information under this Protective Order shall have access to such material. Receiving Parties shall not provide access to or disclose Confidential Information to any person not authorized to access such material under this Protective Order. Receiving Parties shall store all Confidential Information that they receive in a secure manner. If Confidential Information is disclosed to any person other than in a manner authorized by this Protective Order, the disclosing party shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve the Confidential Information and to prevent disclosure by each unauthorized person who received such information.

13. Pursuant to this Protective Order, a party who reasonably and in good faith believes that Discovery Material that contains Confidential Information is necessary for the Court to consider in connection with such party's pleading, brief, memorandum, affidavit, motion, or other filing with the Court, and who seeks to file with the Court any deposition transcripts, exhibits, or other documents that have previously been designated as containing or comprising of Confidential Information, or any pleading, brief, memorandum, affidavit, motion, or other filing with the Court of any kind that reproduces, paraphrases or discloses Confidential Information, shall file any documents described above with the Court under seal, together with a simultaneous motion to seal such documents (the "Interim Sealing Motion"), unless the filing Party first obtains the consent of the Producing Party to file such documents publicly, which shall not be unreasonably withheld. Even if the filing Party believes that the materials are not properly classified as Confidential Discovery Material, absent the consent of the Producing Party, the filing Party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing Party's rights under

6

paragraph 14 of this Protective Order. As stated in paragraph 16(a), a Producing Party is permitted to file its own documents with the Court and can waive confidentiality protections if it so wishes.

14. After the Discovery Material that contains Confidential Information is filed under seal, a party has (5) business days to make a motion to the Court to unseal any such Discovery Material, and shall seek to have such motion heard on an expedited basis. Documents subject to such a motion shall not be unsealed until final resolution of any such motion. Any documents not subject to such a motion will remain sealed for the duration of the Contested Matter and shall be returned by the Clerk upon disposition of the Contested Matter.

15. Nothing in Paragraph 13 above shall preclude the filing party from also publicly filing a redacted version of any Court filing that removes reference to Confidential Information.

16. <u>No Restrictions on Use of Public or Own Information</u>: Notwithstanding any other provision of this Protective Order, this Protective Order does not restrict in any way a Party's use of:

    a. Its own information or its right to provide such information to any other person, even if others have designated similar or identical information as Confidential Information. A person's use or disclosure of its own information shall not waive the protections of this Protective Order, and shall not entitle any Party to use or disclose such Discovery Material, or the contents thereof, in violation of this Protective Order, unless such disclosure of a person's own information causes the Confidential Information to become available to the public; and

    b. Information that is in the public domain or becomes public without violation of this Protective Order.

17. Nothing herein shall prevent any Party from seeking further, greater, or lesser protection with respect to the use of any Confidential Discovery Material in connection with the

7

Contested Matter, or seeking to prevent Confidential Discovery Material from being provided to persons described in paragraph 11 of this Protective Order.

**Use of Discovery Material**

18.   Confidential Information shall not be made public by any Receiving Party, shall be used only by persons permitted access to it as provided for in this Protective Order, and shall be disclosed only to persons specified in paragraph 11 herein for purposes of this Contested Matter.

19.   Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Producing Party specifically consents in advance in writing to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

**Objections to Designations**

20.   Nothing in this Protective Order shall be construed as preventing any Party from objecting to the designation of Discovery Material as Confidential or preventing any Party from seeking further protection from the Court for any Discovery Material.

21.   If a Receiving Party objects to the designation of any Discovery Material as "Confidential," the Receiving Party shall first identify the specific material as to which it objects as well as the basis for the objection in writing to the Producing Party. Such parties shall confer in good faith to attempt to resolve any dispute regarding any such designation. If such parties are unable to resolve such dispute, the objecting party may seek appropriate relief from the Court, in accordance with Paragraph 25 of this Protective Order; provided, however, that all Discovery Material to which the objection applies shall continue to be treated by Receiving Party as Confidential Information, as designated by the Producing Party, in accordance with this Protective Order, until such objection is resolved. No Signatory shall contest an objecting party's request for reasonably expedited consideration for such relief.

Pg 9 of 17

**Inadvertent Failure to Designate**

22. A Producing Party that produces Discovery Material that contains Confidential Information but inadvertently fails to mark an item as "Confidential" may correct its failure immediately after the error is noted. Such correction and notice thereof shall be made in writing at any time and accompanied, or followed within a reasonable period of time, not to exceed ten (10) business days, by substitute copies of each item, appropriately marked. After the Receiving Party receives such notice and substitute copies, the Receiving Party shall (i) thereafter treat the Confidential Information in accord with the corrected designation, (ii) inform any person who was provided the Confidential Information by the Receiving Party before it was designated as such, and (iii) provide any person who received such Confidential Information from the Receiving Party before it was correctly designated and who had not previously signed Exhibit A hereto with a copy of this Protective Order, request such person sign Exhibit A, and inform such person that he may be held in contempt of Court and subject to monetary sanctions or other consequences for failing to comply with the terms of this Protective Order even if he does not sign Exhibit A. Unless the Producing Party agrees otherwise, the Receiving Party shall return the previously unmarked items and all copies thereof or destroy the same and certify the destruction to counsel for the Producing Party.

**Non-Waiver of Privilege**

23. Nothing in this Protective Order shall preclude any objection to the disclosure of information by a Producing Party on the ground that such information is protected or prohibited from disclosure by the attorney-client privilege, the joint client privilege, the community of interest privilege, the work-product immunity, or any other legally cognizable privilege, immunity or protection (collectively, "Privileged Information"), including**,** without limitation**,**

9

any applicable U.S. or foreign data privacy laws. If Privileged Information is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such Privileged Information or any other information that may be protected from disclosure by any legally cognizable privilege or protection, and the circumstances of such inadvertent disclosure shall not be used in any way to justify a waiver of the applicable privilege or protection.

24.     If a Producing Party has inadvertently or mistakenly produced Discovery Material that contains Privileged Information, then upon request by the Producing Party after the discovery of such inadvertent or mistaken production, the Receiving Party shall use all commercially reasonable efforts to return or destroy the Discovery Material containing Privileged Information for which a claim of inadvertent production is made and all copies of it, including any work product containing, identifying, or referencing such Discovery Material, within seven (7) business days of such request. Within seven (7) business days after the Receiving Party has returned or destroyed the Discovery Material containing Privileged Information that was inadvertently disclosed, the Producing Party shall provide the Receiving Party with a log (the "Clawback Log") of all documents subject to the clawback. The Clawback Log shall contain information consistent with Federal Rule 26(b)(5)(A). This procedure will not preclude the Receiving Party, after returning the material and taking the steps described in this Protective Order, from challenging the claim of privilege and making an appropriate motion to compel production if the Receiving Party deems it appropriate.

**Relief**

25.     This Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders.

26. Nothing in this Protective Order shall prevent any Signatory from producing documents received subject to this Protective Order and that are in his, her or its possession, to another person in response to a subpoena or other compulsory process. Any person or party subject to this Protective Order that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of another party's or non-party's Discovery Material: (i) shall promptly notify the Producing Party within five (5) business days of receipt of such process or demand to enable the Producing Party to have an opportunity to appear and be heard on whether that information should be disclosed, unless prohibited from doing so by applicable law or regulation; (ii) shall reasonably cooperate with the Producing Party to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded to the Confidential Information being produced; and (iii) shall not produce or provide such materials or information unless required by court order, law or regulation, or with the consent of the Producing Party

**Appeal**

27. In the event that any Signatory appeals from any decision of the Court relating to the Contested Matter, such Signatory shall file an application to the appropriate appellate court, within seven (7) days of the filing of the notice of appeal, to maintain under seal any Discovery Material filed with the appellate court that contains or discloses Confidential Information. The provisions of this paragraph may be waived only with the written consent of the Producing Party.

**Scope of Protective Order**

28. All persons obtaining access to Discovery Material in the Contested Matter shall use such documents or information solely and exclusively for purposes of this Contested Matter, including any appeal and retrial, and shall not use or disclose such documents or information for

WEIL:\95114687\10\58399.0011

any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding, without the express written permission of the Producing Party.

29. Nothing in this Protective Order shall require any Producing Party to respond to discovery in any manner, including by producing documents, that would cause such Producing Party to violate any statute, regulation, or rule, including, without limitation, any international or foreign privacy laws, to which such Producing Party is subject.

30. This Protective Order does not alter, modify, or expand any obligation or duty of any party to produce any Confidential Information.

31. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence.

**Application to Non-Parties**

32. The protections of this Protective Order shall be available to non-parties that are served with subpoenas in connection with the Contested Matter or who otherwise produce documents or are noticed for deposition in connection with the Contested Matter, provided that any such non-parties seeking to invoke the protections provided by this Protective Order shall follow the procedures set forth herein for parties, to the extent applicable. Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order and notify the non-party that the protections of this Protective Order are available to such non-party.

33. The Parties may designate Discovery Material produced by a non-Party as Confidential in accordance and consistent with the terms and provisions of this Protective Order.

**Modification**

34. No modification of this Protective Order shall be binding or enforceable unless in writing and signed by the Parties, or by further order of the Court.

WEIL:\95114687\10\58399.0011

**Choice of Law**

35.     This Protective Order shall be governed and construed in accordance with the laws of the State of New York.

**Jurisdiction**

36.     The Court shall retain jurisdiction over any matters related to or arising from the implementation of the Protective Order.

37.     This Protective Order is executed by Spanish Broadcasting and LBHI, by and through their attorneys, who also sign on behalf of themselves and their respective law firms. Each attorney executing this Protective Order or Exhibit A on behalf of a party warrants that the attorney is duly authorized to do so.

38.     This Protective Order may be executed in counterparts.

WEIL:\95114687\10\58399.0011

39. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto that is satisfactory to all parties, and any violation of the terms of this Protective Order before it is entered by the Court shall be subject to the same sanctions and penalties as if the Protective Order had already been entered by the Court.  Nothing in this Protective Order shall preclude any party from seeking judicial relief, upon notice to the other parties, with regard to any provision hereof.

Dated:   New York, New York
         January __, 2015

| KAYE SCHOLER LLP | WEIL GOTSHAL & MANGES LLP |
|---|---|
| By: _/s/ Joseph Otchin_<br>Madlyn Gleich Primoff, Esq.<br>Joseph Otchin, Esq.<br>250 West 55th Street<br>New York, New York 10019<br>(212) 836-8000<br>mprimoff@kayescholer.com | By: _/s/ Jacqueline Marcus_<br>Ralph I. Miller<br>Jacqueline Marcus<br>767 Fifth Avenue<br>New York, New York 10153<br>(212) 310-8000<br>ralph.miller@weil.com<br>jacqueline.marcus@weil.com |
| Attorneys for Spanish Broadcasting System, Inc. | Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates |

SO ORDERED:

Dated:  New York, New York
        February 4, 2015

/S/ Shelley C. Chapman
Honorable Shelley C. Chapman
United States Bankruptcy Judge

14

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,                           :    08-13555 (SCC)
                                                                 :
                    Debtors.                                     :    (Jointly Administered)
------------------------------------------------------------------ x

## AGREEMENT TO ABIDE BY THE PROTECTIVE ORDER

I hereby certify that I have read the Protective Order[1] SO ORDERED by the Court in the above-captioned chapter 11 cases (the "Chapter 11 Cases") on [_____] __, 20__ [ECF No. ___].  I further certify that I understand the terms and provisions of the Protective Order and agree to be fully bound by them, and hereby submit to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York for purposes of the Protective Order's enforcement.  I understand and agree, in particular, that I may not use any Confidential Information, or any copies, excerpts or summaries thereof, or materials containing Confidential Information derived therefrom, as well as any knowledge or information derived from any of these items, for any purpose other than in accordance with the provisions of the Protective Order, including, without limitation, any business or commercial purpose.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Protective Order.

16

I further understand that failure to abide fully by the terms of the Protective Order may result in legal action against me, such as for contempt of court and liability for monetary damages.

Dated: _____        Signature:_____

Please print or type the following:

Name:_____

Title and Affiliation:_____

Address:_____

_____

Telephone:_____