B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District Of New York

In re <u>Lehman Brothers Holdings Inc.</u>,                     Case No. <u>08-13555</u>

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| HBK MASTER FUND L.P. | CITIGROUP FINANCIAL PRODUCTS INC. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
    HBK Master Fund L.P.
    c/o HBK Services LLC
    2101 Cedar Springs Road, Suite 700
    Dallas, TX 75201

Court Claim # (if known): <u>Claim No. 56932</u>
Amount of Claim Transferred: <u>$2,588,467.63</u>
Court Claim # (if known): <u>Claim No. 55542</u>
Amount of Claim Transferred: <u>$1,847,000.00</u>
Court Claim # (if known): <u>Claim No. 55543</u>
Amount of Claim Transferred: <u>$221,000.00</u>
Court Claim # (if known): <u>Claim No. 62901</u>
Amount of Claim Transferred: <u>$1,770,067.84</u>
Court Claim # (if known): <u>Claim No. 59233</u>
Amount of Claim Transferred: <u>$2,377,002.17</u>
Court Claim # (if known): <u>Claim No. 60598</u>
Amount of Claim Transferred: <u>$2,228,812.69</u>

Phone: <u>(214) 758-6107</u>
Last Four Digits of Acct #:<u>N/A</u>

Date Claim Filed: <u>November 2, 2009</u>
Debtor: <u>Lehman Brothers Holdings Inc.</u>

Name and Address where transferee payments should be sent (if different from above)

Phone: _____
Last Four Digits of Acct #:<u>N/A</u>

Phone:_____
Last Four Digits of Acct #:<u>N/A</u>

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: <u>/s/ J. R. Smith</u>                     Date: <u>February 10, 2015</u>
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**EXECUTION COPY**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Citigroup Financial Products Inc.** (the "Seller") hereby unconditionally and irrevocably sells, transfers (or causes its affiliate to transfer) and assigns to **HBK Master Fund L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent specified in Schedule 1 attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to the Proofs of Claim specified in Schedule 1 attached hereto filed by or on behalf of Seller or Seller's predecessor-in-interest (the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed on or after **January 14, 2015** with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claims, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) to the extent received from its predecessor-in-interest, Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim includes the Purchased Claims specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) to the extent received from its predecessor-in-interest, Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Proof of Claim ("Notice") and no action was undertaken by Seller with respect to the Notice; (h) (x) to the best of Seller's knowledge, Seller's predecessors-in-interest received distributions from the Debtor in respect of the Transferred Claims on or around April 17, 2012, October 1, 2012, April 4, 2013, October 3, 2013 and April 3, 2014, and (y) Seller received distributions from the Debtor in respect of the Transferred Claims on or around October 2, 2014, in each case in an amount proportional to distributions made generally to holders of allowed LBHI Class 5 Claims under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated December 5, 2011 [ECF No. 23023] (collectively, the "LBHI Distributions"); (i) to the best of Seller's knowledge, Seller's predecessors-in-interest received distributions from Lehman Brothers Treasury Co. B.V. in respect of each Purchased Security on or around May 8, 2013, October 24, 2013, April 28, 2014 and October 28, 2014, which distributions have been proportional to distributions made generally to holders of similar claims in the Lehman Brothers Treasury Co. B.V. liquidation proceedings (collectively, the "BV Distributions"); and (j) other than the LBHI Distributions and BV Distributions neither Seller nor, to the best of Seller's knowledge, Seller's predecessors-in-interest have received any payments or distributions in respect of the Purchased Claims.

3.        Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim within ten (10) business days of the date of this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4.        All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.  Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.        Seller shall accept and hold any payments, distributions or proceeds received by Seller in respect of the Transferred Claims (including in connection with any interim distribution or otherwise) for the account and sole benefit of Purchaser and shall promptly (but in any event no later than five (5) business days) remit any such payments, distributions or proceeds to Purchaser in the same form received, together with (a) any statements received from Debtor and/or Epiq describing such payment or distribution and (b) any endorsements or documents necessary to transfer such property to Purchaser.  Seller or an affiliate of Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of each Purchased Security.

6.        Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7.        Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

(signature page follows)

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6th day of February, 2015.

**CITIGROUP FINANCIAL PRODUCTS INC.**

By: _____

Name:

Title:    Michael Eliason
          Authorized Signatory

390 Greenwich Street, 4th Floor
New York, New York 10013

**HBK MASTER FUND L.P.**
**By:     HBK Services LLC**
         **Investment Advisor**
         By: _____
         Name: _____
         Title: Authorized Signatory

c/o HBK Services LLC
2101 Cedar Springs Road, Suite 700
Dallas, Texas 75201

[Signature Page to Evidence of Transfer of Claim Agreement]

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6th day of February, 2015.

**CITIGROUP FINANCIAL PRODUCTS INC.**

By:_____

Name:

Title:

390 Greenwich Street, 4th Floor
New York, New York 10013

**HBK MASTER FUND L.P.**

**By:      HBK Services LLC**

Investment Advisor

By:_____

Name:_____    **Beauregard A. Fournet**

Title: Authorized Signatory    **Authorized Signatory**

c/o HBK Services LLC
2101 Cedar Springs Road, Suite 700
Dallas, Texas 75201

[Signature Page to Evidence of Transfer of Claim Agreement]

Schedule 1

Lehman Programs Securities to which Transfer Relates

Transferred Claim

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Proof of Claim | Allowed Amount of Claim Transferred Hereunder |
|---|---|---|---|---|---|
| XS0181945972 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR1,782,000 | 56932 | $2,588,467.63 |
| XS0326516407 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD1,847,000 | 55542 | $1,847,000.00 |
| XS0326516407 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD221,000 | 55543 | $221,000.00 |
| XS0276437521 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD2,000,000 | 62901 | $1,770,067.84 |
| XS0336050215 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR1,675,000 | 59233 | $2,377,002.17 |
| XS0129914874 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR1,567,500 | 60598 | $2,228,812.69 |