**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**STIPULATION, AGREEMENT AND ORDER BETWEEN
BNC MORTGAGE LLC AND NYCTL 1998-2 TRUST PROVIDING FOR
RELIEF FROM THE AUTOMATIC STAY WITH REGARD TO CERTAIN
REAL PROPERTY LOCATED AT 1614 MELVILLE STREET, BRONX, NEW YORK**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by Lehman Brothers Holdings Inc., as Plan Administrator ("LBHI" or the "Plan Administrator") under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan"), on behalf of BNC Mortgage LLC ("BNC"), and NYCTL 1998-2 Trust (the "Trust," together with the Plan Administrator, the "Parties") with respect to certain real property located at 1614 Melville Street, Bronx, New York (the "Property").

**RECITALS**

A.     On September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  BNC commenced its Chapter 11 Case on January 9, 2009 (the "Commencement Date").

B.     On December 6, 2011, the Court entered an order (the "Confirmation Order") [ECF No. 23023] confirming the Plan.  The Plan became effective on March 6, 2012.

C.  Pursuant to paragraph 54 of the Confirmation Order, the automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") remains in full force and effect.

D.  The Trust represents as follows:

  i. On August 24, 2004, Priscilla Bowie ("Bowie") executed a mortgage (the "Mortgage") with respect to the Property in favor of Mortgage Electronic Registration Systems, Inc., as nominee for BNC Mortgage Inc.[1]

  ii. Audrey Franklin became owner of the Property by transfer of the deed from Bowie on July 25, 2005. At such time, the Mortgage was purportedly paid in full.

  iii. The Mortgage was not recorded with the NYC Department of Finance Office of the City Register until March 24, 2006.

  iv. The Trust is the holder of a tax lien on the Property.

E.  BNC has determined that it no longer holds an interest in the Property, the Mortgage, or any debt or obligations secured by the Mortgage.

F.  On or about July 30, 2014, the Trust commenced a foreclosure action in the Supreme Court of the State of New York, Bronx County [Index No. 260741-14] (the "Foreclosure Action"). In the Foreclosure Action, the Trust seeks to extinguish any legal or equitable interest BNC may hold in the Property. The Foreclosure Action has been stayed by operation of the Automatic Stay.

G.  In light of the foregoing and to ensure that the Trust is not prohibited from exercising any of its rights with respect to the Property, the Parties have agreed, subject to approval of this Court, to the terms set forth below.

---

[1] BNC Mortgage, Inc. and BNC Mortgage LLC are the same entity. BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc." On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC." BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, the Automatic Stay shall be modified with respect to the Trust's interest in the Property, and the Trust, and its successors and/or assigns, shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property.

3. Except as provided in paragraph 2, the Automatic Stay, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from BNC's estate and/or assets or property of BNC (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

5. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

6. Each Party to this Stipulation, Agreement and Order represents that it fully understands the terms hereof. This Stipulation, Agreement and Order shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

7. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

8. The Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

9. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated:  January 22, 2015           */s/ Nickolas Karavolas*
         New York, New York           Nickolas Karavolas

                                        PHILLIPS LYTLE LLP
                                        The New York Times Building
                                        620 Eighth Avenue, 23rd Floor
                                        New York, New York 10018
                                        Telephone: (212) 759-4888

                                        *Attorneys for the NYCTL 1998-2 Trust*

Dated:  January 21, 2015           */s/ Jacqueline Marcus*
         New York, New York           Jacqueline Marcus

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        *Attorneys Lehman Brothers Holdings Inc.*
                                        *and Certain of Its Affiliates*

**SO ORDERED**, this 9th day of February, 2015 in New York, New York

/S/ Shelley C. Chapman
United States Bankruptcy Judge