UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS INC., et al.,**<br>Debtors. | **Chapter 11**<br>**Case No. 08-13555 (SCC)**<br>**(Jointly Administered)** |

**SUPPLEMENTAL DECLARATION OF DR. THOMAS MARSONER IN SUPPORT OF THE MOTION OF DR. THOMAS MARSONER TO DEEM PROOFS OF CLAIM TO BE TIMELY FILED BY THE CLAIMS BAR DATE**

Pursuant to 28 U.S.C. § 1746, Dr. Thomas Marsoner, declares and says:

1. I submit this supplemental declaration in further support of the Motion of Dr. Thomas Marsoner to Deem Proofs of Claim to Be Timely Filed By The Claims Bar Date (the "Motion") [Docket No. 47589].

2. The signed letters attached to this Declaration by various former Lehman executives (the "Letters") were executed at my request in support of the Motion.

3. I declare under penalty of perjury that the Letters are original signed copies and are true and correct to the best of my knowledge.

Dated: February 10, 2015
London, England

By: _____
Name: Dr. Thomas Marsoner



VITTORIO PIGNATTI-MORANO
CHAIRMAN (TCP EUROPE)

United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

7 January 2015

Dear Judge Chapman,

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

My name is Vittorio Pignatti, and I am currently the Chairman of Trilantic Capital Partners, a European Private Equity fund. Previously I was the Head of European M&A and Vice Chairman of Lehman Brothers Holdings Inc. from 1999 to 2006.

In this role, I was involved in the negotiations of the 2002 and 2004 Executive Advisory Services Agreements entered upon by Lehman Brothers Europe Limited and Dr. Marsoner, and signed each agreement on behalf of Lehman Brothers Europe Limited. I also served as the contact person under the 2004 Agreement with whom Dr. Marsoner coordinated his investment advisory services with Lehman Brothers Europe.

The purpose of each new agreement was to spell out the remuneration Dr. Marsoner was entitled to receive in relation to a new potential transaction. Each new Agreement was not meant to eliminate Dr. Marsoner's right to any "success fee" under previous contracts, but merely to preclude Dr. Marsoner from earning additional fees from previous transactions on top of the already promised "success fee."

With regards to the investment in Formula One, I specifically requested Dr. Marsoner's advice on it after JPMorgan had rejected my suggestion of jointly retaining him.
Among other inputs Dr. Marsoner provided his recommendations on whether Lehman Brothers should exit its entire ownership position when CVC Capital Partners bought a controlling interest in Formula One. As was customary when a transaction was not explicitly covered by a specific advisory contract with a person like Dr. Marsoner who was a former employee and recurrent provider of services, Lehman still intended to pay Dr. Marsoner a success fee for his F1 advice.

Dr. Marsoner provided valuable advice with respect to the F1 transaction both in e-mail and in telephone conversations, and Lehman relied on Dr. Marsoner's advice when it reinvested in F1. Without Dr. Marsoner's advice, Lehman may well not have reinvested in F1 and instead may well have sold all of its interest at the same time as JP Morgan.

The advisory services Dr. Marsoner provided in relation to the F1 reinvestment were similar in nature to the advice provided in relation to the BAWAG acquisition and other transactions for which Dr. Marsoner received approximately 10% of Lehman's gross revenues.

It was my understanding that Dr. Marsoner would have been paid by Lehman Brothers for his services concerning the F1 investment or I would not have asked him to help.

Yours sincerely

Vittorio Pignatti Morano
Chairman
TRILANTIC CAPITAL PARTNERS EUROPE

2

Ruggero Magnoni
Via Piermarini 2-4
20145 Milan
Italy

United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

14 January 2015

Dear Judge Chapman,

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

My name is Ruggero Magnoni, and I served as an appointed director of Lehman Brothers Europe Limited from 2000 to 2008. I was also Vice Chairman of the Board of Lehman Brothers Inc. during those years. Currently I am a Senior Global Advisor to Nomura International plc.

I was involved in Lehman's Formula One investment from the outset, starting with the 1998 Monte Carlo Grand Prix that I attended at the suggestion of Dr Marsoner, and where I first met Bernie Ecclestone. I was also closely involved in the matters leading, ultimately, to CVC Capital Partners buying a controlling interest in Formula One.

Lehman requested Dr. Marsoner's advice regarding its investment in F1. Vittorio Pignatti co-ordinated closely with me in this respect. Dr. Marsoner provided valuable advice to Lehman both in e-mail and in telephone conversations, and as a result, Lehman decided to continue its investment in Formula One. Without Dr. Marsoner's advice, Lehman may well have sold the bulk of its interest in Formula One at the same time J.P. Morgan did in 2005.

It was well understood by the Lehman decision makers that Dr Marsoner's fees normally amounted to 10% of Firm revenues.

Ruggero Magnoni

Thomas Bernard
281 Northstar Dr
Aspen, CO 81611-2811
United States of America

United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

3 February 2015

Dear Judge Chapman,

My name is Thomas Bernard, and I served as the Head of Global Credit Businesses at Lehman Brothers Inc. I am currently an author.

I had been put in charge of the loan work-out that resulted in Lehman's Formula One investment.

It was my understanding that Dr. Marsoner was a paid consultant to Lehman Brothers who had been involved around Formula One for many years and had knowledge and insight into F-1 team politics. The F-1 teams' willingness to sign an extension of the Concorde agreement was important to the valuation of our stake.

Early in the process of evaluating Lehman's options in the wake of BLB's sale of their stake to CVC, I exchanged emails with Dr. Marsoner, including sending the following on 11/26/2005:

Thanks Thomas. How certain are you about the McClaren information? That's huge. I get along with Bernie fine, so that's no problem. We are inclined to take your advice and stay in, but we're still in the discovery mode. Thanks.

I also followed up with Dr. Marsoner in telephone conversations where we discussed more specifics surrounding the Formula One investment.

When the F-1 team at Lehman learned of BLB's sale of its stake to CVC, I recall that our immediate and unanimous reaction was that the price was far too low.

*Thomas Bernard*

Thomas Bernard