Hearing Date and Time: February 19, 2015 at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**REPLY TO RESPONSE OF NOMURA SECURITIES CO., LTD.
TO PLAN ADMINISTRATOR'S FOUR HUNDRED EIGHTY-SIXTH
OMNIBUS  OBJECTION TO CLAIMS (SATISFIED CLAIMS)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc., as Plan Administrator, files this reply to the response [ECF No. 47567] (the "Response") of Nomura Securities Co., Ltd. ("Nomura") to the Plan Administrator's Four Hundred Eighty-Sixth Omnibus Objection to Claims (Satisfied Claims) [ECF No. 47078] (the "Objection"), and respectfully represents as follows:[1]

**Reply**

1. There is no basis in the Response or otherwise to deny the Objection. The Response should be overruled and the Objection should be granted.

2. There is no dispute that under the Plan and in accordance with law:

---

[1] Capitalized terms used by not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

1

> [a]n . . . Allowed Guarantee Claim that receives Distributions . . . that combined with … other consideration provided on the corresponding Primary Claim . . . equal to the Allowed amount of such Guarantee Claim . . . shall . . . be deemed satisfied in full . . . .

Plan § 8.13(a).

3. Likewise, there is no dispute that an Allowed Claim will be valued in lawful currency of the United States as of the petition date of the applicable Chapter 11 Estate. 11 U.S.C. §502(b); *cf.* Plan §8.13(d) ("Nothing contained in this provision shall affect the applicable exchange rate for determining the Allowed Amount of any Claim under section 502(b) of the Bankruptcy Code.").

4. Finally, there can be no dispute that the Plan dictates that, expressly "[f]or the purposes of determining whether an Allowed Claim has been satisfied in full in accordance with Section 8.13(a) of the Plan":

> *all . . . consideration provided by a Primary Obligor in a currency other than the U.S. Dollar shall be converted to the U.S. Dollar applying the existing exchange rate derived from Reuters existing at approximately 3:00 p.m. GMT on the Confirmation Date.*

*Id.* at §8.13(d) (emphasis added).

5. Nomura asserts that its Primary Claims against Lehman Brothers Japan ("LBJ") were allowed in amounts that, when converted to U.S. Dollars using LBHI's petition date, equal $52,156,907.00 and $14,226,301.80, respectively. (Resp. ¶11.)

6. Nomura admits that it has thus far received from LBJ on account of its Primary Claims ¥ 4,104,543,046 and ¥ 1,119,520,917, respectively.

7. Nomura concedes that when this consideration is "converted to the U.S. Dollar applying the existing exchange rate derived from Reuters existing at approximately 3:00 p.m. GMT on the Confirmation Date," the consideration exceeds the maximum amount in which

2

its Guarantee Claims could be Allowed: the $52,771,188.56 received exceeds the claim for $52,156,907.00; and the $14,393,429.12 received exceeds the claim for $14,226,301.80. (*Id.* ¶13.) Accordingly, Nomura's Guarantee Claims, if Allowed, would be deemed satisfied in full. *See* Plan §8.13(a).

8.     Nomura's response to the Objection is that Nomura could have received more if the Plan had been drafted differently. But the Plan – which was confirmed consensually and without a pending objection by any creditor – wasn't drafted differently. The Bankruptcy Code does not provide for a particular rate at which consideration provided by a Primary Obligor in a currency other than the U.S. Dollar should be converted to U.S. Dollars.[2] Accordingly, the conversion rate was one of the many issues negotiated among the Debtors and their various creditors prior to the Confirmation Date.[3] Primary Claims were asserted in various foreign currencies. No party could predict in advance what the rates would be for each currency at the Confirmation Date. But parties could predict that some holders of Guarantee Claims would receive more and some holders of Guarantee Claims would receive less than they otherwise might as a result of Section 8.13(d).

9.     The Confirmation Order is final and non-appealable. It contained findings that, among other things, sufficient notice was given to provide due process to all parties in interest (Conf. Order ¶G), the Plan complied with the Bankruptcy Code (*id.* ¶K), including a finding that there was no discrimination among creditors, satisfying section 1124(a)(4) of the

---

[2] *Compare with* 11 U.S.C. §502(b) (providing for conversion based on petition date rate to calculate amount of allowed claims).

[3] *Compare* Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. And Its Affiliated Debtors, Case No. 08-13555 (Bankr. S.D.N.Y. Mar. 15, 2010) [ECF No. 7572], *and* First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. And Its Affiliated Debtors, Case No. 08-13555 (Bankr. S.D.N.Y. Jan. 25, 2011) [ECF No. 14150] (each without Section 8.13(d)), *with* Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. And Its Affiliated Debtors, Case No. 08-13555 (Bankr. S.D.N.Y. Aug. 17, 2011) [ECF No. 19328] (adding Section 8.13(d)).

3

Bankruptcy Code. To the extent that Nomura seeks to bar the application of Section 8.13 of the

Plan as unenforceable under the Bankruptcy Code, such objections are barred by the doctrine of

*res judiciata*. *See Baeshen v. Arcapita Bank B.S.C.(c) (In re Arcapita B.S.C.(c)*, 520 B.R. 15, 21

(Bankr. S.D.N.Y. 2014) (citing *In re Indesco Int'l, Inc.*, B.R. 660, 664 (Bankr. S.D.N.Y. 2006))*;

Sure-Snap Cor. V. state St. Bank & Trust Co.*, 948 F.2d 869, 873 (2d Cir. 1991) ("[A]ny attempt

by the parties or those in privity with them to relitigate any of the matters that were raised *or

could have been raised therein* is barred under the doctrine of *res judicata*.") (emphasis in

original).[4]

---

[4] To determine whether the doctrine of *res judicata* bars a subsequent action, courts in the Second Circuit consider whether (i) the prior decision was final judgment on the merits; (ii) the litigants were the same parties; (iii) the prior court was of competent jurisdiction; and (iv) the causes of action were the same. *Celli v. First Nat'l Bank of N. New York (In re Layo)*, 460 F.3d 289, 292 (2d Cir. 2006) (citing *Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82, 87-88 (2d Cir. 1997)).

"In the bankruptcy context, [courts] ask as well whether an independent judgment in a separate proceeding would impair, destroy, challenge, or invalidate the enforceability or effectiveness of the reorganization plan." *Id.* "A bankruptcy court's order of confirmation is treated as a final order with *res judicata* effect." *In re Arcapita*, 520 B.R. at 21(internal quotations omitted); *see also Silverman v. Tracar, S.A. (In re Am. Preferred Prescription, Inc.)*, 255 F.3d 87, 92 (2d Cir. 2001) ("[t]he confirmation of a plan in a Chapter 11 proceeding [is] an event comparable to the entry of a final judgment in an ordinary civil litigation.").

Here, four elements necessary for the doctrine of *res judicata* to apply are present. (1) The Confirmation Order is a final order. It expressly provides that "[a]ll parties have had a full and fair opportunity to litigate all issues raised in the objections . . ., *or which might have been raised*, and the objections . . . *have been fully and fairly litigated*." (Confirmation Order ¶ QQ (emphasis added)). (2) The identity of the parties is the same. Nomura was a party to the Plan confirmation process. Nomura was on notice that it would be bound by the Confirmation Order and the Plan as the Confirmation Order expressly provides that the "Plan and its provisions shall be binding on . . . any entity acquiring or receiving property or a Distribution under the Plan, *and any holder of a Claim against or Equity Interest in the Debtors. . . .*" *Id.* at ¶ 8 (emphasis added). (3) It cannot be disputed that the Court had jurisdiction to enter the Confirmation Order. (4) It cannot be disputed that the causes of action at issue during the Plan confirmation process and those raised in the Response are the same. *See supra* ¶ 8 n. 3. For the purpose of a *res judicata* analysis, causes of action are the same if the second action involves the same claim or nucleus of operative fact as the first. *See In re Layo*, 460 F.3d at 292, 293 (holding that confirmation proceedings and a subsequent adversary proceeding to challenge certain aspects of the confirmed plan were identical for *res judicata* purposes where the creditor had the "motive and opportunity" to raise its objection "at or before the time the plan was confirmed.").

4

**Conclusion**

**WHEREFORE** for the reasons set forth above and in the Objection, the Plan Administrator respectfully requests that the Court enter the order disallowing and expunging claim numbers 14150 and 17201 with prejudice.

Dated: February 16, 2015
      New York, New York

           /s/ Garrett A. Fail
           Garrett A. Fail

           WEIL, GOTSHAL & MANGES LLP
           767 Fifth Avenue
           New York, New York 10153
           Telephone: (212) 310-8000
           Facsimile: (212) 310-8007

           *Attorneys for Lehman Brothers Holdings Inc.*
           *and Certain of Its Affiliates*