B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re     Lehman Brothers Holdings Inc, et al, Debtors     Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **MERRILL LYNCH INTERNATIONAL** | **ANTONIANA VENETA POPOLARE VITA SPA** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
Should be sent

Court Claim # (if known): 55558 /55559

Merrill Lynch International
2 King Edward Street,
London, EC1A 1HQ
United Kingdom
Attn: James Russell

**The Purchased Claim represents US$874,749.46** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0283497005 as set forth in the Notice of Proposed Allowed Claim Amount dated 24 August 2011

**The Purchased Claim represents US$1,710,733.85** which is 100.00% of the total Proposed Allowed Claim Amount with respect to XS0116235499 as set forth in the Notice of Proposed Allowed Claim Amount dated 24 August 2011

Date Claim Filed: October 29, 2009.

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

Name and Address where transferee payments
should be sent (if different from above):

Phone:                                           Phone:
Last Four Digits of Acct. #:                    Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best
of my knowledge and belief.

By: _____            Date: 16 February 2015

**MERRILL LYNCH INTERNATIONAL**

Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, **Antoniana Veneta Popolare Vita SpA** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Merrill Lynch International** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **allowed amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55558 and 55559** filed by or on behalf of **Seller's** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.     Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors. (g) the Notice of Proposed Allowed Claim Amount, dated **24 August 2011**("Notices") for the Proof of Claim provided to Purchaser is true and correct, and there have been no revisions thereto, and no action was undertaken by Seller or any of its predecessors in interest with respect to the Notice; (h) with respect to each Purchased Claim, Seller or a predecessor in interest has received (I) the initial distribution on or about April 17, 2012, in the amount set forth in Schedule 1 (the "Initial LBHI Distribution"), (II) the second distribution on or about October 1, 2012, in the amount set forth in Schedule 1 (the "Second LBHI Distribution"), (III) the third distribution on or about April 4, 2013, in the amount set forth in Schedule 1 (the "Third LBHI Distribution") and (IV) the fourth distribution on or about October 3, 2013, in the amount set forth in Schedule 1 (the "Fourth LBHI Distribution") and (V) the fifth distribution on or about April 3, 2014, in the amount set forth in Schedule 1 (the "Fifth LBHI Distribution") and (VI) the sixth distribution on or about October 3, 2014; in the amount set forth in Schedule 1 ("Sixth LBHI Distribution") together with the Initial Distribution, Second Distribution, Third Distribution, Fourth Distribution, Fifth Distribution and Sixth Distribution, (the "LBHI Distributions"), in each case on account of the Transferred Claims; (i) Seller has delivered to Purchaser true and correct copies of the Distribution notices from the Debtor that set forth the LBHI Distributions paid by the Debtor on account of the Transferred Claims and (j) (I) the initial distribution on or about May 8, 2013, in the amount set forth in Schedule 1 (the "Initial LBT Distribution"); (II) the second distribution on or about October 28, 2013, in the amount set forth in Schedule 1 (the "Second LBT Distribution"); (III) the second distribution on or about April 28, 2014, in the amount set forth in Schedule 1 (the

"Third LBT Distribution") and the second distribution on or about October 28, 2014, in the amount set forth in Schedule 1 (the "Fourth LBT Distribution") by Lehman Brothers Treasury Co. B.V. with respect to the securities relating to the Purchased Claim (the Initial LBHI Distribution, the Second LBHI Distribution, the Third LBHI Distribution, the Fourth LBHI Distribution, the Fifth LBHI Distribution, the Sixth LBHI Distribution, the Initial LBT Distribution, the Second LBT Distribution, the Third LBT Distribution, the Fourth LBT Distribution, collectively the "Distributions") and (k) other than the Distributions, neither Seller nor Seller's predecessor in interest has received any payment or distribution, whether directly or indirectly, on account of the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 13 day of February 2015

| Antoniana Veneta Popolare Vita S.p.A | Merrill Lynch International |
|---|---|
| By: _____ | By: _____ |
| Name: | Name: |
| Title: | Title: |
| Antoniana Veneta Popolare Vita S.p.A<br>c/o Allianz S.p.A<br>Corso Italia 23<br>Milan 20122<br>Italy | Merrill Lynch International<br>2 King Edward Street,<br>London, EC1A 1HQ<br>United Kingdom |
| Attn: Marco Novaco<br>Tel +390407781494<br>Email:    mailto:adam.male@baml.com<br>marco.novaco@allianzbank.it | Attn: James Russell<br>Tel: 00 44 20 7995 8045<br>Email: james.r.russell@baml.com |

Schedule 1

Transferred Claims

Purchased Claim

The Purchased Claim represents US$874,749.46 which is **100** % of the total Proposed Allowed Claim Amount with respect to XS0283497005 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 55558)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| EUR 500,000,000 CMS Linked Notes due January 2007 issued by Lehman Brothers Treasury Co B.V. | XS0283497005 | Lehman Brothers Treasury B.V. | Lehman Brothers Holdings Inc | EUR 600,000.00 (equivalent US$ 858,600.00) | TBC | January 2017 | USD 23,751.23 |

Schedule 1-1

Purchased Claim and Purchased Security Distribution Amounts (Claim Number 55558)

| Distribution | Purchased Claim Allowed amount | Purchased Claim Distribution |
|---|---|---|
| Initial LBHI Distribution | US$ 874,749.46 | Paid on Second LBHI Distribution |
| Second LBHI Distribution | US$ 874,749.46 | US$52,876.93 |
| Third LBHI Distribution | US$ 874,749.46 | US$ 26,910.05 |
| Fourth LBHI Distribution | US$ 874,749.46 | US$ 31,904.89 |
| Fifth LBHI Distribution | US$ 874,749.46 | US$ 34,656.14 |
| Sixth LBHI Distribution | US$ 874,749.46 | US$ 26,009.41 |
| Initial LBT Distribution | US$ 874,749.46 | EUR 75,774.52 |
| Second LBT Distribution | US$ 874,749.46 | EUR 29,685.40 |
| Third LBT Distribution | US$ 874,749.46 | EUR 31,905.90 |
| Fourth LBT Distribution | US$ 874,749.46 | EUR 26,378.62 |

Purchased Claim

The Purchased Claim represents US$**1,710,733.85** which is **100** % of the total Proposed Allowed Claim Amount with respect to **XS0116235499** as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 55559)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| EUR 4,000,000 Capped Floating Rate Notes due August 2010 issued by Lehman Brothers Treasury Co B.V. | XS0116235499 | Lehman Brothers Treasury B.V. | Lehman Brothers Holdings Inc | EUR 1,200,000.00 (equivalent US$ 1,717,200.00 | TBC | January 2017 | USD 7,773.53 |

Purchased Claim and Purchased Security Distribution Amounts (Claim Number 55559)

| Distribution | Purchased Claim Allowed amount | Purchased Claim Distribution |
|---|---|---|
| First LBHI Distribution | US$1,710,733.85 | Paid on Second LBHI Distribution |
| Second LBT Distribution | US$1,710,733.85 | US$ 103,410.58 |
| Third LBHI Distribution | US$1,710,733.85 | US$ 52,627.56 |
| Fourth LBHI Distribution | US$1,710,733.85 | US$ 62,395.89 |
| Fifth LBHI Distribution | US$1,710,733.85 | US$ 67,776.47 |
| Sixth LBHI Distribution | US$1,710,733.85 | US$ 50,866.19 |
| Initial LBT Distribution | US$1,710,733.85 | US$ 150,733.20 |
| Second LBT Distribution | US$1,710,733.85 | US$ 59,051.18 |
| Third LBT Distribution | US$1,710,733.85 | US$ 63,468.29 |
| Fourth LBT Distribution | US$1,710,733.85 | US$ 52,473.22 |