AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **The Värde Fund VIII, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **J.P. Morgan Securities LLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim Numbers set forth on Schedule 1 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) in respect of each and every portion of the Purchased Claim, Seller has delivered to Purchaser a true and correct copy of the disbursement notices from the Debtor (which have not been supplemented, amended or revised by Seller) that set forth the initial distribution paid by the Debtor on or about April 17, 2012 (the "Initial Distribution"), the second distribution paid by the Debtor on or about October 1, 2012 (the "Second Distribution"), the third distribution paid by the Debtor on or about April 4, 2013 (the "Third Distribution"), the fourth distribution paid by the Debtor on or about October 3, 2013 (the "Fourth Distribution"), the fifth distribution paid by the Debtor on or about April 3, 2014 (the "Fifth Distribution"), and the sixth distribution paid by the Debtor on or about October 2, 2014 (the "Sixth Distribution") on account of the Purchased Claims, provided however, that such distribution notices have been redacted of information unrelated to the Purchased Claims; (h) Seller has received the Initial Distribution, the Second Distribution, the Third Distribution, the Fourth Distribution, the Fifth Distribution and the Sixth Distribution (collectively, the "LBHI Distributions"), in each case in an amount proportional to distributions made generally to holders of allowed LBHI Class 5 Claims under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated December 5, 2011 [ECF No. 23023]; (i) Seller has received a distribution on or about May 8, 2013, a distribution on or about October 24, 2013, a distribution on or about April 28, 2014, and a distribution on or about October 28, 2014 from Lehman Brothers Treasury Co. BV, with respect to the Purchased Securities, in each case in an amount proportional to distributions made generally to holders of similar claims against Lehman Brothers Treasury Co. BV (collectively,

119-1785/AGR/4546510.2

the "LBT Distributions"); and (j) other than the LBHI Distributions and the LBT Distributions, Seller has not received any payments or distributions, whether directly or indirectly, on account of the Transferred Claims or the Purchased Securities.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

This Agreement shall be effective the date it is signed by both parties.

| J.P. Morgan Securities LLC | The Värde Fund VIII, L.P. |
|---|---|
| | By Värde Fund VIII G.P., LLC, Its General Partner |
| | By Värde Partners, L.P., Its Managing Member |
| By:_____ | By Värde Partners, Inc., Its General Partner |
| Name:    Christopher Cestaro | |
| Title:    Authorized Signatory | |
| Date:    2/20/15 | By:_____ |
| | Name:    Todd B. Jelen |
| Address: | Title:    Managing Director |
| | 2-20-15 |

2

119-1785/AGR/4546510.2

J.P. Morgan Securities LLC
Mail Code: NYI-M138
383 Madison Avenue – Floor 37
New York, New York 10179
ATTN: Jeffrey L. Panzo

Date:_____

Address:
8500 Normandale Lake Blvd., Suite 1500
Minneapolis, MN  55437
Attn:  Edwina Steffer
Email:  esteffer@varde.com

3

119-1785/AGR/4546510.2

**SCHEDULE 1**

Transferred Claims

Purchased Claim

The allowed amounts set forth below relating to the Proofs of Claim set forth below together with all interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Proof of Claim Number | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Nominal Amount | Allowed Amount Transferred Herein |
|---|---|---|---|---|---|---|
| 62813 | Lehman Program Security | XS0256257907 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $1,357,000.00 | $1,267,163.19 |
| 62813 | Lehman Program Security | XS0342751905 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $590,000.00 | $599,223.87 |
| 62813 | Lehman Program Security | XS0203783526 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $189,000.00 | $189,000.00 |