B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| **BKM HOLDINGS (CAYMAN) LTD.** | Citigroup Financial Products Inc. |
|---|---|
| Name of Transferee | Name of Transferor |

**BKM HOLDINGS (CAYMAN) LTD.**
c/o Davidson Kempner Capital Management
65 East 55th Street
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan
Name and address where transferee payments
should be sent (if different from above):

Court Claim # (if known): 62783
Amount of Claim Transferred: See Schedule 1
ISIN/CUSIP: See Schedule 1
Date Claim Filed: 11/02/2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

BKM HOLDINGS (CAYMAN) LTD.
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By: _____          Date: February 20, 2015
    Transferee/Transferee's Agent

Error! Unknown document property name.

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| BKM HOLDINGS (CAYMAN) LTD. | Citigroup Financial Products Inc. |
|---|---|
| Name of Transferee | Name of Transferor |

BKM HOLDINGS (CAYMAN) LTD.
c/o Davidson Kempner Capital Management
65 East 55th Street
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan
Name and address where transferee payments should be sent (if different from above):

Court Claim # (if known): 63553
Amount of Claim Transferred: See Schedule 1
ISIN/CUSIP: See Schedule 1
Date Claim Filed: 11/02/2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

BKM HOLDINGS (CAYMAN) LTD.
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By: _____    Date: February 20, 2015
      Transferee/Transferee's Agent

*Error! Unknown document property name.*

B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                              Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| | |
|---|---|
| **BKM HOLDINGS (CAYMAN) LTD.** | Citigroup Financial Products Inc. |
| Name of Transferee | Name of Transferor |

**BKM HOLDINGS (CAYMAN) LTD.**
c/o Davidson Kempner Capital Management
65 East 55th Street
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan
Name and address where transferee payments
should be sent (if different from above):

Court Claim # (if known): 66944
Amount of Claim Transferred: See Schedule 1
ISIN/CUSIP: See Schedule 1
Date Claim Filed: 07/12/2010

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**BKM HOLDINGS (CAYMAN) LTD.**
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By: _____        Date: February 20, 2015
       Transferee/Transferee's Agent

Error! Unknown document property name.

B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.    Case No. 08-13555

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| BKM HOLDINGS (CAYMAN) LTD. | Citigroup Financial Products Inc. |
|---|---|
| Name of Transferee | Name of Transferor |

BKM HOLDINGS (CAYMAN) LTD.
c/o Davidson Kempner Capital Management
65 East 55th Street
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan
Name and address where transferee payments should be sent (if different from above):

Court Claim # (if known): 66962
Amount of Claim Transferred: See Schedule 1
ISIN/CUSIP: See Schedule 1
Date Claim Filed: 07/28/2010

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

BKM HOLDINGS (CAYMAN) LTD.
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By: _____    Date: February 20, 2015
Transferee/Transferee's Agent

Error! Unknown document property name.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Citigroup Global Markets Inc.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BKM Holdings (Cayman) Ltd.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Numbers set forth on Schedule 1 hereto filed by or on behalf of Seller's predecessor-in-interest (the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed on or after December 9, 2014 with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim and (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim include the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class and type as the Purchased Claims; (g) Seller has delivered to Purchaser true and correct copies of the (X) Notice of Proposed Allowed Claim Amount (as defined in the Court's Order, dated August 10, 2011, Approving Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.), which relate to the Proofs of Claim (the "Notice"), and, to the best of Seller's knowledge, there have been no revisions, amendments or modifications thereto, and no action was undertaken by Seller or, to the best of Seller's knowledge, any of its predecessors in interest with respect to the Notice and (Y) the distribution notices from the Debtor provided to Purchaser in connection with the Debtor distributions, and there have been no revisions, amendments or modifications thereto; (h) (X) with respect to each Purchased Claim, Seller or, to the best of Seller's knowledge, a predecessor in interest has received (I) on or about April 17, 2012 (the "Initial LBHI Distribution"), October 1, 2012 (the "Second LBHI Distribution"), April 4, 2013 (the "Third LBHI Distribution"), October 3, 2013 (the "Fourth LBHI Distribution"), April 3, 2014 (the "Fifth LBHI Distribution"), and October 2, 2014 (the "Sixth LBHI Distribution"), Seller or Seller's predecessor-in-interest received distributions from Lehman Brothers Holdings, Inc. in respect of the Transferred Claims and (Y) (I) the initial distribution on or about May 8, 2013 (the "Initial LBT Distribution"); (II) the second distribution on or about October 28, 2013 (the "Second LBT Distribution"); (III) the third distribution on

or about April 28, 2014 (the "Third LBT Distribution") and (IV) the fourth distribution on or about October 28, 2014, in the amount set forth in Schedule 1 (the "Fourth LBT Distribution") by Lehman Brothers Treasury Co. B.V. with respect to the Purchased Securities (the Initial LBHI Distribution, the Second LBHI Distribution, the Third LBHI Distribution, the Fourth LBHI Distribution, the Fifth LBHI Distribution, the Sixth LBHI Distribution, the Initial LBT Distribution, the Second LBT Distribution, the Third LBT Distribution, the Fourth LBT Distribution, collectively the "Distributions") and (i) other than the Distributions, neither Seller nor, to the best of Seller's knowledge, Seller's predecessor in interest has received any payment or distribution, whether directly or indirectly, on account of the Transferred Claims.

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to promptly file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall accept and hold any payments, distributions or proceeds received by Seller in respect of the Transferred Claims for the account and sole benefit of Purchaser and shall promptly remit any such payments, distributions or proceeds to Purchaser in the same form received, together with (a) any statements received from Debtor and/or Epiq describing such payment or distribution and (b) any endorsements or documents necessary to transfer such property to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Signature page to follow on next page]*

Error! Unknown document property name.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 20th day of February 2015.

**BKM HOLDINGS (CAYMAN) LTD.**
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By: _____
Name: Conor Bastable
Title: Manager

c/o Davidson Kempner Capital Management
65 East 55th Street
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

Citigroup Global Markets Inc.

By: _____
Name:
Title:

Kenneth Keeley
390 Greenwich Street, 4th Floor
New York, NY 10013
Kenneth.keeley@citi.com
New Castle, DE 19720
Attn: Brian Blessing / Brian Broyles

Error! Unknown document property name.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 20th day of February 2015.

**BKM HOLDINGS (CAYMAN) LTD.**
By Midtown Acquisitions L.P., its sole shareholder
By Midtown Acquisitions GP LLC, its general partner

By: _____
Name:
Title: Manager

c/o Davidson Kempner Capital Management
65 East 55th Street
New York, New York 10022
Telephone: 212 446 4018
Facsimile: 212 371 4318
Email: jdonovan@dkpartners.com
Attn: Jennifer Donovan

**Citigroup Global Markets Inc.**

By: _____
Name:
Title: Joelle Gavlick
       Authorized Signatory

Kenneth Keeley
390 Greenwich Street, 4th Floor
New York, NY 10013
Kenneth.keeley@citi.com
New Castle, DE 19720
Attn: Brian Blessing / Brian Broyles

Schedule 1

Transferred Claims

Lehman Programs Securities to which Transfer Relates (the Purchased Securities)

| ISIN/CUSIP | Issuer | Guarantor | Proof of Claim | Notional Amount | Allowed Amount | Fourth LBT Distribution |
|---|---|---|---|---|---|---|
| XS0319159454 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62783 | $ 4,390,000.00 | $ 4,390,000.00[1] | $ 162,368.54 |
| XS0313537184 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 62783 | $ 3,590,000.00 | $ 3,590,000.00 | $ 133,117.20 |

---

1 Seller hereby represents and warrants to Purchaser that (i) Seller provided to Purchaser true and correct distribution notices from the Debtor for the entire allowed amount for the Initial LBHI Distribution and the Sixth LBHI Distribution; (ii) Seller provided to Purchaser true and correct distribution notices for the Second LBHI Distribution, the Third LBHI Distribution, the Fourth LBHI Distribution and the Fifth LBHI Distribution for the allowed amount of $4,290,000.00; and (iii) Seller or Seller's predecessor-in-interest received 2,435.58, 3,076.32, 3,647.32 and 3,961.84 from the Debtor for the allowed amount of $100,000 on the dates of the Second LBHI Distribution, the Third LBHI Distribution, the Fourth LBHI Distribution and the Fifth LBHI Distribution, respectively.

Schedule 1-1

Error! Unknown document property name.

Purchased Claim

The Purchased Claim represents USD 7,095,528.86 of the total Proposed Allowed Claim Amount with respect to XS0281706704 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 63553)

Lehman Programs Securities to which Transfer Relates (the Purchased Securities)

| ISIN/CUSIP | Issuer | Guarantor | Proof of Claim | Notional Amount | Allowed Amount | Fourth LBT Distribution |
|---|---|---|---|---|---|---|
| XS0281706704 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 63553 | EUR 5,000,000.00 | $ 7,095,528.86 | EUR 210,620.00 |

Purchased Claim

The Purchased Claim represents USD 7,095,528.86 of the total Proposed Allowed Claim Amount with respect to XS0279612823 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 66944)

Lehman Programs Securities to which Transfer Relates (the Purchased Securities)

| ISIN/CUSIP | Issuer | Guarantor | Proof of Claim | Notional Amount | Allowed Amount | Fourth LBT Distribution |
|---|---|---|---|---|---|---|
| XS0279612823 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 66944 | EUR 5,000,000.00 | $ 7,095,528.86 | EUR 195,025.00 |

Purchased Claim

The Purchased Claim represents USD 37,035,806.53 of the total Proposed Allowed Claim Amount with respect to XS0284511994 as set forth in the Notice of Proposed Allowed Claim Amount (Claim Number 66962)

Lehman Programs Securities to which Transfer Relates (the Purchased Securities)

| ISIN/CUSIP | Issuer | Guarantor | Proof of Claim | Notional Amount | Allowed Amount | Fourth LBT Distribution |
|---|---|---|---|---|---|---|
| XS0284511994 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 66962 | EUR 30,500,000.00 | $37,035,806.53 | EUR 1,113,511.96 |

Error! Unknown document property name.