HEARING DATE AND TIME: April 8, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: March 25, 2015 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : | 08-13555 (SCC) |
| Debtors. : | (Jointly Administered) |

------------------------------------------------------------x

**NOTICE OF HEARING ON**
**PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NO. 412**
**FILED BY HANA BANK/WOORI CREDIT SUISSE ASSET MANAGEMENT CO., LTD.**

**PLEASE TAKE NOTICE** that on February 23, 2015, Lehman Brothers Holdings Inc., as Plan Administrator (the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed its objection to proof of claim number 412 filed by Hana Bank/Woori Credit Suisse Asset Management Co., Ltd. (the "Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 8, 2015 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

WEIL:\95252783\2\58399.0011

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Christopher Hopkins, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **March 25, 2014 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: February 23, 2015
      New York, New York

    /s/ Robert J. Lemons
    Robert J. Lemons
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Lehman Brothers Holdings Inc.
    and Certain of Its Affiliates

**HEARING DATE AND TIME: April 8, 2015 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 25, 2015 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,         : 08-13555 (SCC)
                                                     :
                          Debtors.                   : (Jointly Administered)
------------------------------------------------------------x

**PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NO. 412 FILED BY HANA BANK/WOORI CREDIT SUISSE ASSET MANAGEMENT CO., LTD.**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents:

**Relief Requested**

1. The Plan Administrator files this objection (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking the disallowance and expungement of proof of claim number 412 (the "Duplicate Claim") filed by Hana Bank/Woori Credit Suisse Asset Management Co., Ltd. (the "Claimant") and has determined that

it is duplicative of proof of claim number 8699 filed by Woori 2 Star Derivatives Fund KH-3 and proof of claim number 8700 filed by and Woori 2 Star Derivatives Fund KW-8 (together, the "Surviving Claims"). The Duplicate Claim asserts that LBHI is liable for the *exact same* liabilities asserted against it in the Surviving Claims. The Plan Administrator seeks the disallowance and expungement from the Court's claims register of the Duplicate Claim and preservation of the Plan Administrator's right to later object to the Surviving Claims on any basis.

## Jurisdiction

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012.

5. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## The Duplicate Claim Should Be Disallowed and Expunged

6. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has determined that the Duplicate Claim is duplicative of the Surviving Claims. The Duplicate Claim seeks to recover from LBHI for the same liability asserted against LBHI in the Surviving Claims. The Plan

2

Administrator seeks to expunge the Duplicate Claim to avoid making distributions twice on account of the same obligation.

7.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8.  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor. *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

9.  It is indisputable that a creditor cannot recover twice for the same injury. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Plan Administrator to maintain a claims register that more accurately reflects the proper claims existing against the Chapter 11 Estates.

3

10. The effective date for the Plan has occurred and distributions commenced on April 17, 2012. It would be inequitable for the Claimant to receive distributions on account of a claim that is duplicative of the Surviving Claims. Accordingly, to avoid the possibility of multiple recoveries by the same creditor or a creditor recovering for alleged liabilities for which the Chapter 11 Estates are found not liable, the Plan Administrator requests that the Court disallow and expunge in its entirety the Duplicate Claim.[1] The Surviving Claims will remain on the claims register, subject to the Plan Administrator's right to file further objections thereto on any basis.

### Reservation of Rights

11. This Objection does not affect the Surviving Claims and does not constitute any admission or finding with respect to the Surviving Claims. The Plan Administrator preserves its rights to object to the Surviving Claims on any basis. Further, the Plan Administrator reserves all its rights to object on any other basis to the Duplicate Claim if the Court does not grant the relief requested herein.

### Notice

12. No trustee has been appointed in these chapter 11 cases. Notice of this Objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Claimant; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010,

---

[1] To the extent that different documentation was filed in support of the Duplicate Claim and the Surviving Claims, the Chapter 11 Estates will treat all documentation filed with the Duplicate Claim as having been filed in support of the Surviving Claims.

4

governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

13.     No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: February 23, 2015
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (SCC)
                                                                  :
                    Debtors.                              :    (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NO. 412 FILED BY <u>HANA BANK/WOORI CREDIT SUISSE MANAGEMENT CO., LTD.</u>

Upon the objection to proof of claim number 412 (the "<u>Duplicate Claim</u>") filed by Hana Bank/Woori Credit Suisse Management Co., Ltd. (the "<u>Claimant</u>"), dated February 23, 2015 (the "<u>Objection</u>"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, in accordance with section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure, seeking disallowance and expungement of the Duplicate Claim on the basis that such claim is duplicative of the Surviving Claims, all as more fully described in the Objection; and due and proper notice of the Objection having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Claimant; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

WEIL:\95252783\2\58399.0011

of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Duplicate Claim is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that the Surviving Claims will remain on the claims register subject to the Plan Administrator's right to further object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in support of the Duplicate Claim, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of and included in the Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicate Claim constitutes any admission or finding with respect to the Surviving Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are preserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE