**Presentment Date and Time: March 3, 2015 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: March 2, 2015 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): March 11, 2015 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                              :    **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**       :    **08-13555 (SCC)**
                                                                   :
                            **Debtors.**                            :    **(Jointly Administered)**
------------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF
# STIPULATION, AGREEMENT AND ORDER
# ESTABLISHING AND MAINTAINING RESERVES
# FOR CLAIMS FILED BY THE INTERNAL REVENUE SERVICE

**PLEASE TAKE NOTICE** that the undersigned will present the annexed stipulation, agreement and order establishing and maintaining reserves for claims filed by the Internal Revenue Service (the "Stipulation, Agreement and Order") to the Honorable Shelley C. Chapman, United States Bankruptcy Judge, for signature on **March 3, 2015 at 12:00 p.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **March 2, 2015 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **March 11, 2015 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 621, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: February 24, 2015
       New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                             :    Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    08-13555 (SCC)
                                                                  :
                        Debtors.                          :    (Jointly Administered)
------------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### ESTABLISHING AND MAINTAINING RESERVES FOR
### CLAIMS FILED BY THE INTERNAL REVENUE SERVICE

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan")[1] for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Entities"), and the Internal Revenue Service (the "IRS" and together with the Chapter 11 Entities, the "Parties"), hereby stipulate and agree as follows:

### RECITALS

A.  On September 15, 2008, and on various dates thereafter, LBHI and certain of its affiliates commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which cases are being jointly administered under Case Number 08-13555.

B.  On December 11, 2011, the Court entered an order confirming the Plan. The Plan became effective on March 6, 2012.

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Third Amended Plan.

C. Pursuant to Section 6.1 of the Plan, LBHI was appointed as Plan Administrator for each of the Chapter 11 Entities.

D. The below table lists the proofs of claim of the IRS (each a "Claim," and collectively, the "Claims") pending against the Chapter 11 Entities (the Chapter 11 Entities listed below referred to hereinafter as the "IRS Tax Debtors"):

| Claim Number | Debtor | Consolidated Amount Asserted[2] | Non-Consolidated Amount Asserted | Total Amount Asserted |
|---|---|---|---|---|
| 68158 | Lehman Brothers Financial Products Inc. | $389,970,236.00 | -- | $389,970,236.00 |
| 68159 | Lehman Brothers Commercial Corporation | $389,970,236.00 | $3,979,196.00 | $393,949,432.00 |
| 68160 | Lehman Commercial Paper Inc. | $389,970,236.00 | -- | $389,970,236.00 |
| 68161 | Lehman Brothers Derivative Products Inc. | $389,970,236.00 | -- | $389,970,236.00 |
| 68162 | Lehman Brothers OTC Derivatives Inc. | $389,970,236.00 | -- | $389,970,236.00 |
| 68164 | Lehman Brothers Commodity Services Inc. | $80,054,997.00 | -- | $80,054,997.00 |
| 68165 | Lehman Brothers Holdings Inc. | $389,970,236.00 | $5,804.47 | $389,976,040.47 |
| 68210 | Lehman Brothers Special Financing Inc. | $389,970,236.00 | $25,222,423.00 | $415,192,659.00 |

E. Each of the Claims remains Disputed, as used or defined in the Plan.

F. Each of the Claims acknowledges that "[w]hile each member of the consolidated group is severally liable for corporate income taxes for each year in which it was a member of

---

[2] Lehman Brothers Commodity Services Inc. has only been a member of the consolidated tax group since 2005.

the group, in accordance with Treas. Reg. 1.1502-6(a), the IRS is seeking to collect each liability only once." The maximum asserted amount of consolidated corporate income tax liability for which each of the IRS Tax Debtors would each be severally liable is $389,970,236.00 ("Maximum Consolidated Tax Liability").

G. Litigation is currently pending between LBHI, as parent of the consolidated tax group, and the IRS, the outcome of which could reduce the amount of the Claims. *See Lehman Brothers Holdings Inc. v. United States*, No. 10 Civ. 6200 (RMB) (S.D.N.Y.) (the "Pending Litigation")

H. Pursuant to the Plan, the applicable Chapter 11 Estate is required to retain from Available Cash an aggregate amount equal to the Pro Rata Share of the Distributions that would have been made to a holder of a Disputed Claim if such Disputed Claim were an Allowed Claim in an amount which may be agreed upon by the holder of such Disputed Claim (the "Reserve Amount").

I. On December 5, 2011, the Chapter 11 Entities and the IRS entered into a stipulation and agreement to establish the Reserve Amount in respect of each of the Claims (the "Reserve Stipulation"). Pursuant to the Reserve Stipulation, LBHI is currently maintaining $389,970,236.00, contributed by the IRS Tax Debtors, as the Reserve Amount in respect of the Maximum Consolidated Tax Liability ("Current Consolidated Reserve").

J. As reflected on the Claims, the IRS is currently holding $479,538,616.00 of consolidated tax payments from LBHI, some or all of which may ultimately be determined to be overpayments and refunded to LBHI ("LBHI Tax Payments").

K.  As a result of the current values of the IRS Claims, the Current Consolidated Reserve, and the LBHI Tax Payments, the IRS now agrees that, subject to the terms below, maintenance of the Current Consolidated Reserve is no longer necessary.

**AGREEMENT**

1. To the extent portion(s) of the Claims are Allowed for consolidated corporate income tax liability, the LBHI Tax Payments will be used to satisfy such Claims in lieu of Distributions of Available Cash from the applicable IRS Tax Debtors; provided that the portion of the LBHI Tax Payments used to satisfy the Claims shall not exceed the lesser of (i) the Maximum Consolidated Tax Liability or (ii) the amount of consolidated corporate income tax liability Allowed.

2. Upon the Effective Date (as defined below), the Reserve Amount in respect of the consolidated liabilities of the IRS Tax Debtors asserted in the Claims shall be reduced to and shall be zero ($0.00).

3. Upon the Effective Date, as the Reserve Amount for non-consolidated liabilities of the IRS Tax Debtors asserted in the Claims:

    a.  LBSF shall reserve $25,222,423.00;

    b.  LBCC shall reserve $3,979,196.00; and

    c.  LBHI shall reserve $5,804.00;

*provided however*, that if:

    x.  the IRS amends the Claims at any time following the date of this Stipulation to reduce the amount of any non-consolidated liabilities asserted, or

    y.  any current or future litigation results in a final determination that reduces the maximum Allowed amount of the non-consolidated tax liability for which the IRS Tax Debtors would be severally liable in the asserted Claims,

such Reserve Amount shall be reduced accordingly.

4. This Stipulation shall become effective once (i) it has been executed by all Parties and (ii) it has been so-ordered by the Bankruptcy Court (the "<u>Effective Date</u>").

5. This Stipulation is without prejudice to any of the Parties' respective rights and obligations under and pursuant to applicable bankruptcy and non-bankruptcy law, and equitable principles. Nothing herein is or shall be deemed to be (a) a determination, allowance or disallowance of any of the IRS's claims against any of the IRS Tax Debtors or their estates for any purpose whatsoever or (b) an admission, release or waiver with respect to any of the IRS's claims against any of the IRS Tax Debtors (or the IRS Tax Debtors' objections, defenses or counterclaims with respect thereto) including, without limitation, as to the amount, extent, validity or priority of the Claims.

6. This Stipulation shall not be deemed a determination or have any effect on the classification of the Claims under the Plan, if the Claims are ultimately allowed.

7. Neither this Stipulation, any of the provisions hereof, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any aspect of the Claims or of any other claim or right of any kind, or of any wrongdoing or liability of any of the Parties in the Chapter 11 Entities' chapter 11 cases, or in any other matter. Except as specifically set forth herein, this Stipulation shall not affect the Claims and is without prejudice to, and shall in no way affect, the rights of the Parties hereto with respect to the Claims.

8. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings among the Parties relating thereto.

9. This Stipulation may not be modified other than by signed writing executed by all Parties and delivered to each Party.

10. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

11. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

12. The Bankruptcy Court shall have jurisdiction over any and all disputes arising out of this Stipulation.

Dated: February 24, 2015
      New York, New York

| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP**<br>Attorneys for LBHI<br>and Certain of its Affiliates | **PREET BHARARA**<br>United States Attorney for the<br>Southern District of New York<br>Attorney for the IRS |
| /s/ Garrett A. Fail<br>By: Garrett A. Fail | /s/ Jean-David Barnea<br>By: Jean-David Barnea |
| 767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007 | Assistant United States Attorney<br>86 Chambers Street, 3rd Floor<br>New York, New York 10007<br>Telephone: (212) 637-2679<br>Facsimile: (212) 637-2717 |

**SO ORDERED**, this ___ day of _____, 2014 in New York, New York

_____
United States Bankruptcy Judge

6