UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                                    :    Chapter 11 Case No.
                                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (SCC)
                                                                         :
                         Debtors.                                   :    (Jointly Administered)
-------------------------------------------------------------------x

## ORDER GRANTING FOUR HUNDRED EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATE CLAIMS)

Upon the four hundred eighty-fourth omnibus objection to claims, dated November 25, 2014 (the "Four Hundred Eighty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the Duplicate Claims on the basis that such claims are duplicates of the corresponding Surviving Claims or No Liability Claim, all as more fully described in the Four Hundred Eighty-Fourth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Eighty-Fourth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibits A and B attached to the Four Hundred Eighty-Fourth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Eighty-Fourth Omnibus Objection to Claims.

procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Eighty-Fourth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Eighty-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the relief requested in the Four Hundred Eighty-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

      ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibits</u> <u>1</u> and <u>2</u> annexed hereto under the heading "*Claim(s) to be Disallowed*" (collectively, the "<u>Duplicate Claims</u>") are disallowed and expunged in their entirety with prejudice; and it is further

      ORDERED that the claims listed on <u>Exhibit 1</u> annexed hereto under the heading "*Surviving Claims*" (collectively, the "<u>Surviving Claims</u>") will remain on the claims register subject to the Plan Administrator's right to further object as set forth herein; and it is further

      ORDERED that all information included on and all documentation filed in support of any Duplicate Claim, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of and included in the corresponding Surviving Claim; and it is further

      ORDERED that nothing in this Order or the disallowance and expungement of the Duplicate Claims constitutes any admission or finding with respect to any of the Surviving

Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibits A</u> or <u>B</u> annexed to the Four Hundred Eighty-Fourth Omnibus Objection to Claims under the heading "*Claim(s) to be Disallowed*" that is not listed on <u>Exhibits 1</u> or <u>2</u> annexed hereto, and (ii) any Surviving Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: February 25, 2015
       New York, New York

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT 1

## IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08 13555 (SCC)

### OMNIBUS OBJECTION 484: EXHIBIT 1 - DUPLICATIVE CLAIMS

| | | **CLAIMS TO BE DISALLOWED** | | | | | **SURVIVING CLAIMS** | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 1 | IRONBRIDGE ASPEN COLLECTION, LLC<br>PO BOX G<br>ASPEN, CO 81612 | 01/22/2010 | 09-10560 (SCC) | 66155 | $3,555,373.00 | IRONBRIDGE HOMES, LLC<br>PO BOX G<br>ASPEN, CO 81612 | 01/22/2010 | 09-10560 (SCC) | 66154 | $3,555,373.00 |
| 2 | IRONBRIDGE MOUNTAIN COTTAGES, LLC<br>PO BOX G<br>ASPEN, CO 81612 | 01/22/2010 | 09-10560 (SCC) | 66156 | $3,555,373.00 | IRONBRIDGE HOMES, LLC<br>PO BOX G<br>ASPEN, CO 81612 | 01/22/2010 | 09-10560 (SCC) | 66154 | $3,555,373.00 |
| | | | | TOTAL | $7,110,746.00 | | | | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

EXHIBIT 2

## IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08 13555 (SCC)

### OMNIBUS OBJECTION 484: EXHIBIT 2 - DUPLICATIVE CLAIM

| | | **CLAIM TO BE DISALLOWED** | | | | **DUPLICATE NO LIABILITY CLAIM** | | | |
|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 1 | MC ASSET RECOVERY, LLC<br>C/O JEFF P. PROSTOK<br>777 MAIN STREET, SUITE 1290<br>FORT WORTH, TX 76102 | 01/15/2009 | 08-13900 (SCC) | 1745 | Undetermined | MC ASSET RECOVERY, LLC<br>C/O JEFF P. PROSTOK<br>777 MAIN STREET, SUITE 1290<br>FORT WORTH, TX 76102 | 01/15/2009 | 08-13555 (SCC) | 1746^ | Undetermined |
| | | | | **TOTAL** | **$0.00** | | | | | |

^ Expunged and disallowed pursuant to Order Granting Debtors One Hundred Twenty Second Omnibus Objection to Claims (No Liability Claims), entered on June 3, 2011 [ECF No. 17360]