DIAMOND McCARTHY LLP
620 Eighth Avenue, 39th Floor
New York, New York 10018
Tel:  (212) 430-5400
Fax:  (212) 430-5499
Howard D. Ressler, Esq.
Stephen T. Loden, Esq.
Benjamin R. Garry, Esq.

*Counsel for KN Asset Management Co.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
: 
In re: :
: 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al*, : Chapter 11
: 
Debtors. : Case No. 08-13555 (SCC)
: 
-----------------------------------------------------------------------

**KN ASSET MANAGEMENT CO.'S SUPPLEMENTAL RESPONSE TO LBHI'S**
**FOUR HUNDRED EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**

KN Asset Management Co. ("KN") files this supplemental response (the "Supplemental Response") to Lehman Brothers Holdings Inc.'s ("LBHI") Four Hundred Eighty-Sixth Omnibus Objection to Claims (the "Objection") and, in support thereof, respectfully states as follows:

**SUPPLEMENTAL RESPONSE**

1. On December 29, 2014, KN filed its Response to LBHI's Four Hundred Eighty-Sixth Omnibus Objection to Claims [Dkt. No. 47570] (the "Response"). In the Response, KN maintains that the Objection should be rejected because LBHI's obligations to KN under the LBHI Guarantee have always been denominated in U.S. Dollars:

> Simply stated, LBHI's obligation under the LBHI Guarantee has *never* been stated in anything other than US Dollars, and thus there is no need to restate the LBHI Claim in "lawful currency of the United States as of the filing of the petition. 11 U.S.C. § 502(b).

*See* Response, ¶6, p. 3. As discussed in the Response, the ISDA between KN and LBJ required any termination payments to be paid in US Dollars, and thus when LBJ defaulted on the ISDA, the LBHI Guarantee required LBHI to make those termination payments to KN "when and as [LBJ's ISDA] obligations shall become due and payable in accordance with the terms of the [ISDA] Agreement. *Id.* at p. 3, *citing* ISDA Master Agreement (Exhibit 2 to the Response), p. 1, ¶ 2.

2.  After filing the Response, counsel for LBHI contacted KN counsel to ask whether there is any proof to support KN's contention that LBHI's Guarantee obligations have always been denominated in US Dollars. As discussed in the attached declaration of Michihiro Mori, Japanese counsel for KN (the "Mori Declaration"), LBJ admitted as part of the Japanese claims reconciliation process that KN was entitled to receive an ISDA termination payment to be paid in the Termination Currency, US Dollars. *See Mori Declaration*, p. 2, 2nd paragraph. As Mr. Mori explains, there was a dispute between LBJ and KN concerning the amount of that termination payment, which was ultimately resolved on July 8, 2014, pursuant to the Confirmation Letter. *See Mori Declaration*, p. 1, 4th paragraph. Pursuant to the Confirmation Letter, LBJ and KN agreed that KN's claim against LBJ would be allowed in the Japanese Yen amounts set forth in the Confirmation Letter. *Id.*

3.  LBHI maintains that, because the Confirmation Letter states KN's allowed claim in Japanese Yen, 11 U.S.C. § 502(b) requires that claim to be restated in "lawful currency of the United States as of the filing of the [LBHI] petition." As discussed in both the Response and the Mori Declaration, however, KN filed a Japanese Yen claim against LBJ simply because "in the civil rehabilitation proceedings, the creditors are expected to file a proof of its claim in JPY even if the claim is originally denominated in a foreign currency." *Mori Declaration*, p. 2, 3rd full

2

561860v1

paragraph.  As is the case with United States bankruptcy proceedings, the Japanese Civil Rehabilitation Act states that claims shall be allowed in JPY, and the proof of claim forms used in Japanese Civil Rehabilitation Proceedings are printed with "JPY" to encourage creditors to state their claim in the Japanese currency.  *Id.*

4.  The fact that KN complied with Japanese law and filed its LBJ claim in JPY does not change the characterization of LBHI's Guarantee obligations.  Moreover, the fact that KN and LBJ agreed in the Confirmation Letter that KN's LBJ claim would be allowed in the amount of JPY 2,224,469,576 plus interest does not change the characterization of LBHI's Guarantee obligations.  as set forth in both the Response and in the Mori Declaration, LBHI's Guarantee obligations have *always* been denominated in US Dollars, and thus there is no need to restate the LBHI Claim in "lawful currency of the United States as of the filing of the petition."  11 U.S.C. § 502(b).

## RESERVATION OF RIGHTS

5.  The Objection does not explain why LBHI believes KN has been paid in full.  As a result, in this Supplemental Response KN addresses the facts and attempts to respond to the substantive arguments it anticipates LBHI might make in support of the Objection.  In the event LBHI supplements its objection to the LBHI Claim, KN reserves the right to supplement this Supplemental Response to the extent necessary to respond to LBHI's substantive arguments.

## CONCLUSION

6.  For the forgoing reasons and the reasons set forth in the Response, KN respectfully requests that LBHI's Objection to KN's Claim be overruled.

DATED:   March 2, 2015
         New York, New York

                                              Respectfully submitted,

                                              By:   */s/ Stephen T. Loden*
                                                  Howard D. Ressler, Esq.
                                                  Stephen T. Loden, Esq.
                                                  Benjamin R. Garry, Esq.
DIAMOND MCCARTHY LLP
620 Eighth Avenue, 39th Floor
New York, New York 10018
Tel:  (212) 430-5400
Fax:  (212) 430-5499
*Counsel for KN Asset Management Co.*

4

561860v1