WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                              :   Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :   08-13555 (SCC)
                                                                   :
                                           Debtors.                :   (Jointly Administered)
------------------------------------------------------------------ x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746
REGARDING THE PLAN ADMINISTRATOR'S FOUR HUNDRED
NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1. On January 27, 2015, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, filed the Four Hundred Ninety-Third Omnibus Objection to Claims (No Liability Claims) [ECF No. 47986] (the "Claims Objection") with the Court for hearing.

WEIL:\95260762\1\58399.0011

2. In accordance with the Second Amended Case Management Order, the Plan Administrator established a deadline (the "Response Deadline") for parties to object or file responses to the Claims Objection. The Response Deadline was set for February 27, 2015 at 4:00 p.m., and was extended to March 25, 2014 at 4:00 p.m. with respect to claim number 22687.[1] The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed and, to the best of my knowledge, no responsive pleadings to the Claims Objection have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Plan Administrator, by the holder of claim number 1722, which is the only claim for which the Claims Objection will be granted.

4. Accordingly, the Plan Administrator respectfully requests that the proposed order granting the Claims Objection annexed hereto as Exhibit A, which, except for changes to account for the adjournment of the Claims Objection with respect to claim number 22687, is unmodified since the filing of the Claims Objections, be entered in accordance with the procedures described in the Second Amended Case Management Order.

---

[1] This certificate is not seeking any relief with respect to claim number 22687. All party's rights with respect to such claim are unmodified by this certificate or the proposed order and are expressly reserved.

Pg 3 of 9

I declare that the foregoing is true and correct.

Dated:    March 2, 2015
          New York, New York

                                          */s/ Robert J. Lemons*
                                          Robert J. Lemons

                                          WEIL, GOTSHAL & MANGES LLP
                                          767 Fifth Avenue
                                          New York, New York 10153
                                          Telephone: (212) 310-8000
                                          Facsimile: (212) 310-8007

                                          *Attorneys for Lehman Brothers Holdings Inc.*
                                          *and Certain of Its Affiliates*

**Exhibit A**

Proposed Order

WEIL:\95260762\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
In re                                                               :   Chapter 11 Case No.
                                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :   08-13555 (SCC)
                                                                    :
                          Debtors.                              :   (Jointly Administered)
------------------------------------------------------------------- x

**ORDER GRANTING FOUR HUNDRED
NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS**

Upon the four hundred ninety-third omnibus objection to claims, dated January 27, 2015 (the "Four Hundred Ninety-Third Omnibus Objection to Claims"),[2] of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the No Liability Claims on the grounds more fully described in the Four Hundred Ninety-Third Omnibus Objection to Claims; and due and proper notice of the Four Hundred Ninety-Third Omnibus Objection to Claims having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Ninety-Third Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Four Hundred Ninety-Third

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Ninety-Third Omnibus Objection to Claims.

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Four Hundred Ninety-Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the No Liability Claim set forth on <u>Exhibit 1</u> attached hereto is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that claim 12928 (collectively, the "<u>Surviving Claim</u>") will remain on the claims register, *provided* that nothing in this Order or the disallowance and expungement of the Duplicative Claim constitutes any admission or finding with respect to any of the Surviving Claim and the Plan Administrator's rights to object to the Surviving Claim on any basis are preserved; and it is further

ORDERED that all information included on and all documentation filed in support of the Duplicative Claim, including, but not limited to, derivatives and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of the corresponding Surviving Claim; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Four Hundred Ninety-Third Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto, and (ii) any Surviving Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

4

**EXHIBIT 1**

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)**
**OMNIBUS OBJECTION 493: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE | SURVIVING CLAIM | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | NAME | CASE NUMBER | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS |
| 2 | PAULSON CREDIT OPPORTUNITIES MASTER LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 1722 | $6,622,786.25 | Duplicative of Claim 12928 | PAULSON CREDIT OPPORTUNITIES MASTER LTD. | 08-13555 (SCC) | 12928 | $6,622,786.25 |