B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| **Citigroup Financial Products Inc.** | **Värde Investment Partners, L.P.** |
|---|---|
| Name of Transferee | Name of Transferor |

Kenneth Keeley
390 Greenwich Street, 4th Floor
New York, NY 10013
Kenneth.keeley@citi.com
New Castle, DE 19720
Attn: Brian Blessing / Brian Broyles

Court Claim # (if known): 29027, 29028, 29029, 29030, 29031, 29032, 29033, 29034, 29035
Amount of Claim Transferred: See Schedule 1
ISIN/CUSIP: See Schedule 1
Blocking Number:
Date Claim Filed: 9/22/2009

Name and address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**Citigroup Financial Products Inc.**

By: _____     Date: February 20, 2015
Transferee/Transferee's Agent

Michael Eliason
Authorized Signatory

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Värde Investment Partners, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Citigroup Financial Products Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Numbers set forth on Schedule 1 hereto filed by or on behalf of Seller's predecessor-in-interest (the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed on or after December 11, 2014 with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim and (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims") and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto and. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proofs of Claim include the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the same class and type as the Purchased Claims; (g) solely to the extent received by Seller from a predecessor-in-interest, Seller has delivered to Purchaser true and correct copies of the (X) Notice of Proposed Allowed Claim Amount (as defined in the Court's Order, dated August 10, 2011, Approving Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.), which relate to the Proofs of Claim (the "Notice") and Seller has not received any notice that there have been any revisions, amendments or modifications thereto and no action was undertaken by Seller with respect to the Notice and (Y) the distribution notices from the Debtor and/or Epiq relating to the first four Debtor distributions and Seller has not received any notice there have been any revisions, amendments or modifications thereto; (h) Seller has delivered to Purchaser true and correct copies of the distribution notices from the Debtor and/or Epiq relating to the Fifth LBHI Distribution and the Sixth LBHI Distribution (each as defined below), and there have been no revisions, amendments or modifications thereto made by Seller; (i) (X) with respect to each Purchased Claim, Seller has received (I) the fifth distribution on or about April 3, 2014, in the amount set forth in Schedule 1 (the "Fifth LBHI Distribution"); (II) the sixth distribution on or about October 3, 2014, in the amount set forth in Schedule 1 ("Sixth LBHI Distribution") and (Y) with respect to each Purchased Security, Seller

received (I) the third distribution on or about April 28, 2014 (the "Third LBT Distribution"), in the amount set forth in Schedule 1 and (II) the fourth distribution on or about October 28, 2014, in the amount set forth in Schedule 1 (the "Fourth LBT Distribution") by Lehman Brothers Treasury Co. B.V.; (j) other than the Fifth LBHI Distribution and the Sixth LBHI Distribution, Seller has not received any payment or distribution, whether directly or indirectly, on account of the Transferred Claims; and (k) other than the Third LBT Distribution and the Fourth LBT Distribution, Seller has not received any payment or distribution, whether directly or indirectly, on account of the Purchased Security.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims together with (a) any statements received from Debtor and/or Epiq describing such payment or distribution and (b) any endorsements or documents necessary to transfer such property to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Signature page to follow on next page]*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 20th day of February, 2015.

Citigroup Financial Products Inc.
By: *[signature]*
Name:
Title: ~~Manager~~ Joelle Gavlick
Authorized Signatory

Kenneth Keeley
390 Greenwich Street, 4th Floor
New York, NY 10013
Kenneth.keeley@citi.com

VÄRDE INVESTMENT PARTNERS, L.P.
By: Värde Investment Partners G.P., LLC, Its General Partner
By: Värde Partners, L.P., Its Managing Member
By: Värde Partners, Inc., Its General Partner

By:_____
Name:
Title:

Shawn Bernet
8500 Normandale Lake Blvd., Suite 1500
Minneapolis, MN 55437

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 20th day of February, 2015.

**Citigroup Financial Products Inc.**

By:_____
Name:
Title: Manager

Kenneth Keeley
390 Greenwich Street, 4th Floor
New York, NY 10013
Kenneth.keeley@citi.com

**VÄRDE INVESTMENT PARTNERS, L.P.**
By: Värde Investment Partners G.P., LLC, Its General Partner
By: Värde Partners, L.P., Its Managing Member
By: Värde Partners, Inc., Its General Partner

By: _____
Name:   Scott T. Hartman
Title:   Managing Director

Shawn Bernet
8500 Normandale Lake Blvd., Suite 1500
Minneapolis, MN 55437

Schedule 1

Transferred Claims

Purchased Claim

Lehman Programs Securities to which Transfer Relates (the Purchased Securities)

| ISIN/CUSIP | Issuer | Guarantor | Proof of Claim | Principal/Notional Amount | Allowed Amount Transferred Hereunder |
|---|---|---|---|---|---|
| XS0352912611 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 29027 | USD 155,000.00 | USD 155,000.00 |
| XS0352912611 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 29028 | USD 230,000.00 | USD 230,000.00 |
| XS0352912611 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 29029 | USD 2,680,000.00 | USD 2,680,000.00 |
| XS0352912611 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 29030 | USD 120,000.00 | USD 120,000.00 |
| XS0352912611 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 29031 | USD 510,000.00 | USD 510,000.00 |
| XS0352912611 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 29032 | USD 255,000.00 | USD 255,000.00 |
| XS0352912611 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 29033 | USD 690,000.00 | USD 690,000.00 |
| XS0352912611 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 29034 | USD 120,000.00 | USD 120,000.00 |
| XS0352912611 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 29035 | USD 240,000.00 | USD 240,000.00 |

Purchased Claim and Purchased Security Distribution Amounts

| LBHI Distribution | Claim Number | Purchased Claim Allowed amount | Purchased Claim Distribution |
|---|---|---|---|
| Fifth LBHI Distribution | 29027 | $155,000.00 | $6,140.84 |
| Sixth LBHI Distribution | 29027 | $155,000.00 | $4,608.70 |
| Fifth LBHI Distribution | 29028 | $230,000.00 | $9,112.22 |
| Sixth LBHI Distribution | 29028 | $230,000.00 | $6,838.71 |
| Fifth LBHI Distribution | 29029 | $2,680,000.00 | $106,177.20 |
| Sixth LBHI Distribution | 29029 | $2,680,000.00 | $79,685.91 |
| Fifth LBHI Distribution | 29030 | $120,000.00 | $4,754.20 |
| Sixth LBHI Distribution | 29030 | $120,000.00 | $3,568.02 |
| Fifth LBHI Distribution | 29031 | $510,000.00 | $20,205.36 |
| Sixth LBHI Distribution | 29031 | $510,000.00 | $15,164.11 |
| Fifth LBHI Distribution | 29032 | $255,000.00 | $10,102.68 |
| Sixth LBHI Distribution | 29032 | $255,000.00 | $7,582.05 |
| Fifth LBHI Distribution | 29033 | $690,000.00 | $27,336.66 |
| Sixth LBHI Distribution | 29033 | $690,000.00 | $20,516.14 |
| Fifth LBHI Distribution | 29034 | $120,000.00 | $4,754.20 |
| Sixth LBHI Distribution | 29034 | $120,000.00 | $3,568.02 |
| Fifth LBHI Distribution | 29035 | $240,000.00 | $9,508.40 |
| Sixth LBHI Distribution | 29035 | $240,000.00 | $7,136.05 |

| LBT Distribution | Security Notional Amount | Pro-rata Distribution Amount |
|---|---|---|
| Third LBT Distribution | $5,000,000.00 | $257,927.67 |
| Fourth LBT Distribution | $5,000,000.00 | $197,541.18 |