**HEARING DATE AND TIME: To be determined**
**RESPONSE DEADLINE: To be determined**

> # THE FOUR HUNDRED NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).
>
> # IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CINDI GIGLIO, AT 212-696-6936.

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Turner P. Smith
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------------x | | |

**NOTICE OF HEARING ON THE FOUR HUNDRED NINETY-FIFTH**
**OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

**PLEASE TAKE NOTICE** that on March 6, 2015 Lehman Brothers Holdings

Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed the four hundred ninety-fifth omnibus objection to claims (the "Four Hundred Ninety-Fifth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Four Hundred Ninety-Fifth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on a date to be determined in the future.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Ninety-Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett Fail, Esq.); (iii) conflicts counsel for LBHI and certain of its affiliates, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178 (Attn: L. P. Harrison 3rd, Esq., Turner P. Smith, Esq., and Cindi Giglio, Esq.); and (iv) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York,

2

21330497

New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than a date to be determined in the future (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Ninety-Fifth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Ninety-Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: March 6, 2015
      New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By:    */s/ L. P. Harrison 3rd*
       L. P. Harrison 3rd
       Turner P. Smith
       Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Counsel for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**HEARING DATE AND TIME: To be determined**
**RESPONSE DEADLINE: To be determined**

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Turner P. Smith
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**FOUR HUNDRED NINETY-FIFTH OMNIBUS**
**OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS FOUR HUNDRED NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities (collectively, the "Chapter 11 Estates") in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), respectfully represents as follows:

## RELIEF REQUESTED

1. The Plan Administrator files this omnibus objection to claims, pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (the "Procedures Order") [ECF No. 6664], seeking to disallow and expunge the proofs of claim listed on Exhibit A annexed hereto (collectively, the "Claims").

2. Each of the Claims was filed without sufficient information or documentation to permit the Plan Administrator to evaluate the asserted basis and merits of each Claim. The Claims do not constitute valid *prima facie* claims, and the Plan Administrator requests they be disallowed and expunged in their entirety.

## JURISDICTION

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

4. Beginning on September 15, 2008 and periodically thereafter, the Chapter 11 Estates commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

2

21330497

The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates to file omnibus objections to claims on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## THE CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

7. In reviewing the claims filed on the claims register in these cases, the Plan Administrator has identified the Claims as claims that should be disallowed and expunged on the basis that they include insufficient supporting documentation to support liability against LBHI.

8. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

3

21330497

9. This Court and others in the Second Circuit have held that "claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of the claim." *In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010) (relying on Bankruptcy Rule 3001(c), which requires that proofs of claim include supporting information to establish their prima facie validity); *accord In re Porter*, 374 B.R. 471 (Bankr. D. Conn. 2007).

10. The Claims are unliquidated guaranty claims that seek recovery from LBHI based on LBHI's alleged guaranty of certain obligations of Lehman Brothers International (Europe) ("LBIE"). Specifically, the Claims allege that LBIE breached its obligations under the Prime Brokerage Agreement and Margin Lending Agreement entered into between Lehman Brothers Inc., LBIE and each of the entities asserting a Claim (the "Claimants"). *See* Claims ¶¶ 1-10. However, the Claims fail to provide sufficient information to allow the Plan Administrator to determine the amount of the Claims.

11. Without additional information, the Plan Administrator is unable to assess the basis and merits of the Claims, including whether the Claims have been satisfied in full in accordance with section 8.13 of the Plan. Accordingly, the Claims should be disallowed and expunged.

12. Unless the Claims are disallowed and expunged, parties who do not hold valid claims against the Chapter 11 Estates may nonetheless recover from their estates. The Plan Administrator respectfully requests that the Court enter an order disallowing and expunging the Claims in their entirety.

4

21330497

## RESERVATION OF RIGHTS

13. The Plan Administrator reserves all rights to object on any other basis to any Claim as to which the Court does not grant the relief requested herein. The Plan Administrator reserves the right to conduct further discovery as to the Claims and any matters raised by the Claimants and to supplement this and other filings as a result thereof.

## NOTICE

14. No trustee has been appointed in these Chapter 11 Cases. Notice of this omnibus objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

21330497

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: March 6, 2015
      New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By:    */s/ L. P. Harrison 3rd*
      L. P. Harrison 3rd
      Turner P. Smith
      Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559

*Counsel for Lehman Brothers Holdings Inc.
 and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                           :    **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    **08-13555 (SCC)**
                                                                :
                                        Debtors.           :    **(Jointly Administered)**
------------------------------------------------------------------x

### ORDER GRANTING THE FOUR HUNDRED NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the four hundred ninety-fifth omnibus objection to claims, dated March 6, 2015 (the "Four Hundred Ninety-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to disallow and expunge the Claims pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], all as more fully described in the Four Hundred Ninety-Fifth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Ninety-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Ninety-Fifth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Ninety-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Ninety-Fifth Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Ninety-Fifth Omnibus Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

                                                                            UNITED STATES BANKRUPTCY JUDGE

21330497

**EXHIBIT A**

## IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., 08-13555 (SCC)
### OMNIBUS OBJECTION 495: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | NEWPORT GLOBAL CREDIT FUND (MASTER) L.P. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29235 | Undetermined | Undetermined | Insufficient Documentation |
| 2 | NEWPORT GLOBAL OPPORTUNITIES FUND, LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26372 | Undetermined | Undetermined | Insufficient Documentation |
| 3 | PEP CREDIT INVESTOR LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26386 | Undetermined | Undetermined | Insufficient Documentation |
| 4 | PROVIDENCE EQUITY PARTNERS VI LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29409 | Undetermined | Undetermined | Insufficient Documentation |
| 5 | PROVIDENCE EQUITY PARTNERS VI-A, LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26331 | Undetermined | Undetermined | Insufficient Documentation |
| 6 | PROVIDENCE TMT SPECIAL SITUATIONS FUND LP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29249 | Undetermined | Undetermined | Insufficient Documentation |