**Hearing Date and Time: March 11, 2015 at 10:00 a.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- x
In re                                        :   Chapter 11 Case No.
                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,       :   08-13555 (SCC)
                                             :
                        Debtors.             :   (Jointly Administered)
-------------------------------------------------------- x
```

## OMNIBUS REPLY TO OBJECTIONS TO MOTION OF THE PLAN ADMINISTRATOR IN AID OF EXECUTION OF THE PLAN TO ESTABLISH A BAR DATE FOR DEMANDS FOR POSTPETITION INTEREST AGAINST LEHMAN BROTHERS OTC DERIVATIVES INC. AND LEHMAN BROTHERS COMMERCIAL CORPORATION

TO THE HONORABLE SHELLY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc., as Plan Administrator,[1] files this omnibus reply

to the objections (collectively, the "Objections")[2] interposed in response to the Plan

Administrator's motion, dated December 22, 2014, to establish a bar date for demands for

postpetition interest against Lehman Brothers OTC Derivatives Inc. ("LOTC") and Lehman

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion (defined below).

[2] Objections to the Motion were filed by SPCP Group, L.L.C. ("Silver Point") [ECF No 47709] (the "Silver Point Objection") and by Bania Brothers, L.L.C., Baupost Group Securities, L.L.C., and Wooderson Partners, L.L.C. (collectively, "Baupost") (ECF No. 47709) (the "Baupost Objection"). The Baupost Objection has been withdrawn (ECF No. 47709). Before the Baupost Objection was withdrawn, joinders to the Baupost Objection were filed by Värde Investment Partners, L.P. ("Värde") and Deutsche Bank Securities Inc. ("DB") (ECF No. 47714) (the "Värde Joinder") and Banc of America Credit Products, Inc., Merrill Lynch Credit Products, LLC, and Merrill Lynch International (ECF No. 47713) (the "BoA Joinder," together with the Värde Joinder, the "Joinders").

Brothers Commercial Corporation ("LBCC") (ECF No. 47487) (the "Motion"), and respectfully represents as follows:

**Reply**

1.    The Motion seeks to implement a standard bar date process for demands for postpetition interest by up to approximately 280 holders of claims against LOTC and LBCC, the substantial majority of which are derivatives counterparties or purchasers of claims from derivatives counterparties.  Similar relief was granted by this Court in establishing a general bar date for the underlying claims of the counterparties in these cases.  (*See* ECF No. 4271 (the "Bar Date Order").)

2.    The success of the claims resolution processes designed by the chapter 11 estates and approved by the Court in these chapter 11 cases is unequivocal.  Those processes started with a bar date, which has been enforced repeatedly, to identify the universe of approximately 68,000 claims filed by third parties.  The processes required third-party creditors to provide information through non-public, supplemental questionnaires, over objections of creditors that argued that information was not required by their contracts or was unduly burdensome.  The processes gave exclusive control over the timing and nature of claim objections to the Plan Administrator.  They facilitated claims resolution, including by giving the Plan Administrator the ability to require creditor participation in alternative dispute resolution and the ability to settle claims without the approval of or disclosure to creditors or the Court.  To date, the continuous work of the chapter 11 estates, the Plan Administrator, and their professionals has led to the resolution of more than 65,000 and 96.2% of the filed third-party proofs of claim and approximately 400 claims of chapter 11 estates and controlled affiliates that were not subject to the bar date.

2

3.      The Plan Administrator now seeks, through the relief requested in the Motion, to start similar processes and make similar progress with demands for postpetition interest, after its successful administration of LOTC's and LBCC's chapter 11 cases rendered the estates solvent beyond expectation.[3]

4.      Of the approximately 280 parties that may assert demands for postpetition interest against LOTC or LBCC, only <u>four</u>—Silver Point, Värde, Deutsche Bank, and Bank of America—object to the relief sought in the Motion.  None of the objectors dispute—nor could they—that establishing a bar date for postpetition interest demands against LOTC and LBCC is appropriate and should be authorized.  Instead, the objectors assert that they should not be required to provide any support whatsoever for their demands, based primarily on one non-bankruptcy court decision.  The objectors suggest that the Plan Administrator must simply accept their demands for interest at face value, at least one of which—Silver Point's—appears to imply a rate over two times greater than the interest rate previously asserted by the counterparty from which it acquired its claim.  (*See* ECF No. 47475, Ex. 3.)  That cannot be the rule for claims asserted *against* chapter 11 debtors.

5.      The objectors further request that the Court grant them affirmative relief to cut off substantive rights of the Plan Administrator.  Silver Point even uses its objection to reiterate its request for the same inappropriate relief it has sought through its separate motion. (*See* ECF No. 47474.)[4]  These affirmative demands are meritless and procedurally improper for the Court to consider as objections to the Motion.  For these reasons, as stated more fully below,

---

[3] Already, the Plan Administrator has obtained the voluntary dismissal of an adversary proceeding and obviated the need for judicial intervention for postpetition interest demands relating to 30% in amount of Allowed Claims of non-affiliates against LOTC.  *See Bania Bros., L.L.C. v. Lehman Bros. OTC Derivatives Inc. (In re Lehman Bros. Holdings Inc.)*, Adv. No. 14-02095 (SCC), ECF No. 34 (Bankr. S.D.N.Y. Mar. 2, 2015) (stipulation of dismissal).

[4] The Plan Administrator has objected to Silver Point's affirmative motion.  (*See* ECF No. 47645.)

3

the Court should overrule the Silver Point Objection and Joinders and grant the Plan

Administrator's Motion.

A.    **The Information Sought by the Motion Is Appropriate and Necessary.**

6.    Silver Point has one objection to the Motion: it should not be required to

provide any factual support for its demand of more than $16.752 million of interest on an

Allowed Claim of $15 million.  To evade the Plan Administrator's request for even the most

basic factual support, Silver Point argues:

> the Debtors are seeking to condition allowance of post-petition
> interest claims on meeting a burden of evidence or documentation
> that is inconsistent with claimants' express contractual rights to
> certify 'without proof or evidence' the applicable cost of funding
> under their swap agreements.

(Silver Point Obj. ¶ 1.)  It asserts that "[t]he Interest Certification that Silver Point has previously

submitted to the Debtors is sufficient on its own, and, pursuant to the Swap Agreement, no other

evidence of the interest owed is needed." (*Id.* ¶ 7.)  The other objectors follow suit, asserting that

the Motion seeks "more information than Värde, [Deutsche Bank], and other claimants whose

postpetition interest demands arise from ISDA agreements are required to provide as a matter of

law." (Värde Joinder ¶ 2; Silver Point Obj. ¶ 1; *see also* Baupost Obj. ¶ 3.)  The only authority

cited in support of this argument is *Finance One Public Company Ltd. v. Lehman Bros. Special

Financing Inc.*, No. 00 Civ. 6739 (CBM), 2003 WL 21638214, at 1 (S.D.N.Y. July 11, 2003).

7.    *Finance One* is inapposite to this Motion.  *Finance One* was not a

bankruptcy case.  *See Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin. Inc.*, 2003 WL

21638214 at 1.  It did not involve the enforcement of a claimant's unilateral certification against

a chapter 11 debtor. It did not implicate a plan administrator's fiduciary duties to creditors to ensure that a chapter 11 debtor's assets are fairly distributed based on valid claims. *See id.*[5]

8.      By contrast, here, the Plan Administrator has fiduciary obligations to ***all*** creditors of ***all*** of the Estates. The administration of the chapter 11 estates requires more than merely enforcing one claimant's state-law contract rights—the only issue addressed in *Finance One*. Here, without the basic information requested by the Motion, the Plan Administrator will be unable to reconcile the postpetition interest demands of LOTC's and LBCC's creditors with those parties' substantive legal rights.[6] It will compromise the Plan Administrator's ability to ensure that claims are only allowed in their valid amounts to ensure fair treatment to creditors and equity holders of LOTC and LBCC.[7] It is important to recall that the Allowed third-party claims against LOTC and LBCC totaling approximately $840 million were originally asserted in amounts that exceeded $1.1 billion. Accordingly, *Finance One* is inapposite to the Motion.

9.      Further, the court in *Finance One* did not consider a certification provided by an entity other than the one whose cost of funding was in question. Here, for example, Silver Point has purported to certify the cost of funds of an entirely unaffiliated entity: Central European Media Enterprises Ltd. ("CEME"). Yet Silver Point has provided nothing to establish

---

[5] The objecting parties overlook this fundamental difference in pointing to the Plan Administrator's position in its *affirmative* litigation that the chapter 11 estate's demands against their derivatives counterparties for default interest under ISDA contracts are not subject to challenge. Those derivatives counterparties are not debtors in bankruptcy. In those circumstances, the Plan Administrator is enforcing its contractual rights under state law *without* the overlay of the Bankruptcy Code. Those were the facts presented in *Finance One*. On the contrary, here, counterparties are asserting claims for interest *against* chapter 11 debtors that have additional protections and obligations under the Bankruptcy Code.

[6] For example, the assertion by an assignee of a claim of a default rate that is higher than the assignor could have asserted may violate the automatic stay. (*See, e.g., Mem. of Law of Lehman Brothers Holdings Inc. & Lehman Brothers OTC Derivatives Inc. in Supp. of Mot. to Dismiss Adv. Compl., Bania Bros., L.L.C. v. Lehman Bros. OTC Derivatives Inc.* (*In re Lehman Bros. Holdings Inc.*), Adv. No. 14-02095 (SCC), ECF No. 12, at 20, 21 (Bankr. S.D.N.Y. Sept. 17, 2014).) Issues such as these were not implicated in *Finance One*.

[7] To the extent that the Plan Administrator can fully satisfy the postpetition interest rights of LOTC and LBCC's creditors, creditors of LBHI are entitled to whatever surplus Available Cash (if any) remains.

that it is authorized to certify a rate on CEME's behalf.  The Plan Administrator should not be required to accept such a purported certification without the ability to inquire and investigate the validity of Silver Point's asserted authority.  This is particularly true given the amount of claims trading in these chapter 11 cases.

10.    Moreover, this Court has already rejected arguments—including by Deutsche Bank—that creditors cannot be required to provide more than the information required by their derivatives contracts when submitting proofs of claim in these cases.  In response to the Debtor's original motion to establish a Bar Date in these chapter 11 cases, Deutsche Bank asserted:

> [T]he Debtors seek to compel each claimant holding a Derivatives Claim or Guaranty Claim of any amount forever to forfeit such claim unless the claimant files a proof of claim that includes information far beyond what is contemplated in the Bankruptcy Code or Rules or what may have been contemplated by the parties in the underlying contracts. . . .
>
> [T]he Debtors never bargained for any right to this additional information.  Thus, the Debtors arguably have no right to this information at all.  But in any event, the Debtors should not be able to impose these extra-contractual demands on claimants at the threshold stage of the claims process.

(*See* ECF No. 3947 ¶¶ 4, 18.)  Notwithstanding this and other similar objections, Judge Peck entered the Bar Date Order that arguably required more information than derivatives counterparties would have been required to provide as a matter of state contract law.  (*See* Bar Date Order 7, Ex. C (requiring derivatives claimants to complete Derivatives Questionnaires in addition to filing proofs of claim).)  Judge Peck stated: "I'm fully comfortable that under [section] 105 and other applicable provisions, given the unique circumstances of this case, I have the authority to adopt specific procedures relative to derivatives and guaranty claims and to

WEIL:\95266360\6\58399.0011

deviate from the standard proof-of-claim form." (ECF No. 4183 at 112:20–24.) The Court

should likewise exercise its inherent authority to grant similar relief here.

11.    Even if the Court were to view *Finance One* as relevant to the

requirements of claims against a chapter 11 estate, *Finance One* still would not relieve the few

objecting parties from providing further support for their postpetition interest demand. The court

in *Finance One* stated that the non-defaulting party under an ISDA agreement could be required

to provide evidence to support its certified rate in cases of "bad faith, fraud, gross negligence or

contravention of public policy." *Fin. One*, 2003 WL 21638214 at 2; *cf. Lehman Bros. Fin. S.A.*

*v. Sal. Oppenheim Jr. & Cie. KGAA*, [2014] EHWC (QB) 2627 [¶¶ 49–52] (holding of the High

Court of Justice in England that a court may "go behind a certificate . . . if there is no evidence to

support [it]"). Looking at Silver Point's claim alone, there is a material inconsistency between

the rate claimed in the Derivative Questionnaire (7.594%) filed by Silver Point's assignor

(LOTC's derivatives counterparty) and the significantly higher rate that Silver Point has more

recently demanded on behalf of that same party. (Silver Point agrees with the Plan

Administrator that the assignor's rate applies.) Without information provided in a format not

protected by settlement privilege, the Plan Administrator (and the Court) cannot determine the

validity of Silver Point's claim or any other claims that may be asserted in bad faith or without

evidentiary support.

12.    The Motion is designed to facilitate the resolution of one of the most

significant obstacles to closing LOTC and LBCC's chapter 11 cases. Without the information

requested by the Motion, the Plan Administrator will have no basis on which to evaluate the

validity or extent of parties' demands for postpetition interest from LOTC and LBCC, in

derogation of its fiduciary duties to all creditors. Accordingly, the Court should approve the
information requirements sought in the Motion and overrule objections thereto.

**B.      The Plan Administrator Must Be Able to Object to
          Postpetition Interest Demands on the Basis of Insufficient Information.**

13.     Some of the objecting parties argue that the Court should order now that
the Plan Administrator cannot object to demands for postpetition interest on the basis of
insufficient information supporting such demands. This relief is unprecedented, inappropriate,
and effectively a backdoor request by the objecting parties to not provide information supporting
postpetition interest demands. The Plan Administrator must be able to enforce the Postpetition
Interest Bar Date by objecting to postpetition interest demands on the basis of insufficient
information. Without a mechanism to enforce the information requirements requested in the
Motion, the Postpetition Interest Bar Date will lack any teeth as counterparties will not suffer any
consequences for failing to provide sufficient supporting information. Courts have held that a
claimant's refusal to support its claim after a debtor has requested information warrants
disallowance and expungement of the claim. *See, e.g.*, *In re Chateaugay Corp.*, No. 89 Civ.
5994 (CSH), 1991 WL 60527, at 2, 5 (S.D.N.Y. Apr. 8, 1991) (affirming bankruptcy court order
expunging claims based on tort claimants' failure to provide supporting factual information
including "*a statement of how the claimant calculated his damages*" (emphasis added)).

14.     Accordingly, objections that the Plan Administrator should be prohibited
from enforcing the Postpetition Interest Bar Date through insufficient information objections
should be overruled.

**C.      Silver Point's Request for an Expedited Timetable
          for Objections and Distributions Should Be Denied.**

15.     Silver Point requests that the Court "clarif[y]" that the Motion "does not
limit the accrual of post-petition interest beyond the date of submission of the post-petition

interest claim." (Silver Point Obj. ¶ 8.)  The Motion does not purport to address parties'

substantive entitlements to postpetition interest.  Silver Point is not entitled to a sweeping

advisory opinion that (i) it is entitled to postpetition interest or that (ii) any such interest will

continue to accrue beyond the Postpetition Interest Bar Date.  *See, e.g.*, 28 U.S.C. § 2201(a)

(providing that a court may grant a declaratory judgment only where there is a "case of actual

controversy").  Moreover, Silver Point's use of an objection to seek affirmative relief relating to

issues that are not before the Court is procedurally inappropriate.  Its objection should be

overruled.

**D.      Silver Point's Request for an Expedited Timetable
         for Objections and Distributions Should Be Denied.**

        16.     Similarly, Silver Point asks that the Court affirmatively impose fixed,

expedited timetables for objecting to postpetition interest demands and for making distributions

to creditors of LOTC and LBCC.  This request does nothing more than reiterate the substance of

Silver Point's separate pending motion.  The Plan Administrator has already responded to Silver

Point's motion.  (*See* ECF No. 47645.)  It is unnecessary to repeat that response here.

        17.     Silver Point is not the only creditor in these chapter 11 cases, and LOTC

and LBCC are not the only estates that the Plan Administrator is administering.  Creditors of a

majority of the Debtors, such as LBHI, Lehman Brothers Special Financing Inc. and Lehman

Commercial Paper Inc., have not yet even received full Distributions in respect of the ***principal***

amounts of their Allowed Claims.  There is no basis to require the Plan Administrator to

prioritize or concentrate all of its efforts on paying ***interest*** to creditors of only two estates.

Moreover, Silver Point's request is contrary to the Plan, which provides the Plan Administrator

with authority to "control and effectuate the Claims reconciliation process" and to "exercise its

reasonable business judgment to direct and control the wind down, liquidation, sale and/or

abandoning of the assets of the Debtors and/or Debtor-Controlled Entities under the Plan . . . ."

(Plan §§ 6.1(b)(i), (iii).)

18.    The Plan Administrator intends to move forward on postpetition interest

demands as expeditiously and efficiently as possible.  It has already made substantial progress in

that regard, resolving the adversary proceeding commenced by the largest holders of claims

against LOTC.  *See supra* footnote 3.  But there is no basis to impose a fixed timetable on the

Plan Administrator especially given that the universe of postpetition interest demands is not yet

known.  Under section 9.1 of the Plan, the Plan Administrator may request authority to extend its

time for objecting to claims for "cause."  It continues to have time remaining to object to claims

that have been outstanding for over five years.  Under these circumstances, it would make no

sense to limit the Plan Administrator's time to object to demands for ***interest*** by creditors of only

two of the chapter 11 estates.  Limiting the Plan Administrator's time to object to claims may

also force the Plan Administrator to prematurely object to claims to avoid having them deemed

Allowed, potentially resulting in a waste of judicial resources and the unnecessary incurrence of

expenses by the chapter 11 estates.  Accordingly, Silver Point's request for expedited objection

and distribution procedures should be denied.

**E.    There Is No Reason for Postpetition Interest Demands
to Be Filed Publicly or for the Postpetition Interest Bar
Date to Apply to Debtors or Debtor-Controlled Entities.**

19.    Finally, the objectors assert that the Plan Administrator should make

publicly available all information submitted in connection with postpetition interest demands and

that all Debtors and Debtor-Controlled Entities should be required to comply with the

Postpetition Interest Bar Date.  (*See* Värde Joinder ¶ 3; Silver Point Obj. ¶ 9.)  The objectors can

assert no legitimate basis for these requests.

WEIL:\95266360\6\58399.0011

20.    There is no reason to require that postpetition interest demands be made publicly available.  Only the Plan Administrator may interpose and prosecute objections to Claims.  (Plan § 9.1.)  Moreover, because derivative-based claims involve bespoke contracts between different counterparties, the postpetition interest demand of one claimant has no bearing on that of any other claimant.[8]  Making postpetition interest demands publicly available would serve no purpose other than perhaps to facilitate claims trading or to advance certain parties' parochial litigation interests and prolong the administration of the estates.  Both of those purposes are antithetical to the purpose of the Motion: to resolve the estates of LOTC and LBCC.  Accordingly, postpetition interest demands should not be required to be filed publicly.

21.    Likewise, there is no reason to require Debtors or Debtor-Controlled Entities to comply with the Postpetition Interest Bar Date.  Debtors and Debtor-Controlled Entities were not required to file proofs of claim or Derivatives Questionnaires in these chapter 11 cases.  (*See* Bar Date Order 5 (providing that "any entity included on the Exempt Entities List" need not file a proof of claim).)  The Plan Administrator already has the fiduciary responsibility under the Plan "*to maximize Distributions to holders of Allowed Claims*."  (Plan § 6.1(b)(iii) (emphasis added).)  And the Plan Administrator has also complied with substantial disclosure requirements under the Plan.  (*See id.* § 15.6.)  There is no suggestion that it has failed in any of these duties despite its having administered the chapter 11 estates for over three years now.  On the contrary, the Plan Administrator—with the oversight of the board of directors and

---

[8] To the extent that any claim is subject to a release of postpetition interest at a contract rate or does not contain a contractual rate, such claim may be entitled to, at most, postpetition interest at the statutory rate.  (Plan § 8.13(c).) The postpetition interest demands regarding other claims are similarly irrelevant to these types of claims.

WEIL:\95266360\6\58399.0011

management for each of the chapter 11 estates—has an impeccable track record in successfully managing hundreds of intercompany issues on a daily basis.[9]

22.    Accordingly, the Court should overrule the objections to the Motion.[10]

**WHEREFORE** the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:    March 9, 2015
New York, New York

/s/ Garrett A. Fail
WEIL, GOTSHAL & MANGES LLP
Ralph I. Miller
Garrett A. Fail
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

---

[9] Pursuant to the Plan, the Board of Directors of LBHI was formed by the Plan Trust. (Plan §§ 7.2, 7.4.) Creditors participated as Plan Trustees in the selection of LBHI's Directors. (*See id.*) The Board of Directors of LBHI supervises the Plan Administrator and the Debtors in implementing the Plan. (*Id.* § 7.2(c).) The Plan does not provide for any additional creditor oversight of the Plan Administrator.

[10] Attached as Exhibit A and Exhibit B hereto is a revised proposed order in clean and redline, respectively.

## **Exhibit A**

Revised Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

### ORDER ESTABLISHING BAR DATE FOR
### DEMANDS FOR POSTPETITION INTEREST
### AGAINST LEHMAN BROTHERS OTC DERIVATIVES INC.
### AND LEHMAN BROTHERS COMMERCIAL CORPORATION

Upon the motion (the "Motion") dated December 22, 2014 of Lehman Brothers

Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"),[1] pursuant to, *inter alia*, section 14.1(e) of the Plan and sections 105(a) and

1142 of title 11 of the United States Code (the "Bankruptcy Code"), to establish a bar date for

demands for postpetition interest against Lehman Brothers OTC Derivatives Inc. ("LOTC") or

Lehman Brothers Commercial Corporation ("LBCC"), and to require all parties asserting rights

to postpetition interest against LOTC and LBCC to submit certain information regarding such

rights, all as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided; and a hearing having been

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion or the Plan, as applicable.

held to consider the relief requested in the Motion; and the Court having found and determined

that the relief sought in the Motion is in the best interests of LOTC and LBCC, their creditors,

and all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that **April 13, 2015 at 5:00 p.m. (prevailing Eastern Time)** is

established as the deadline (the "Postpetition Interest Bar Date") for each non-Debtor or Non-

Controlled Affiliate holder of a Claim against LOTC and/or LBCC to assert a demand for

postpetition interest in accordance with this order; and it is further

ORDERED that each such holder of a Claim against LOTC or LBCC asserting a

right to postpetition interest, other than such holders that have settled their postpetition interest

demands with LOTC or LBCC (as applicable) prior to the Postpetition Interest Bar Date, must on

or before the Postpetition Interest Bar Date log on to http://www.lehman-claims.com, and for

each Claim:

   a. list the amount of postpetition interest being sought, denominated
      in lawful currency of the United States;

   b. provide the calculation of such amount and the source for any rates
      used in the calculation;

   c. upload any documentation in support thereof; and

   d. provide the name, address, telephone number, facsimile number,
      and email address of (i) the business contact person for each Claim
      and (ii) the attorney, if any, representing such entity.

; and it is further

**ORDERED** that submission of Postpetition Interest Information shall be subject to the same penalty for presenting a fraudulent claim as was the submission of the underlying Claim against LOTC or LBCC, *see* 18 U.S.C. §§ 152 and 3571; and it is further

**ORDERED** that any non-Debtor, Non-Controlled Affiliate entity that does not timely assert a demand for postpetition interest by the Postpetition Interest Bar Date as set forth above shall be deemed to have waived any right it may have to postpetition interest and shall be forever barred, estopped, and enjoined from asserting a right to postpetition interest against LOTC and LBCC, and LOTC and LBCC shall be forever discharged from any and all indebtedness or liability with respect to such right to postpetition interest; and it is further

**ORDERED** that notice of the entry of this Order and of the Postpetition Interest Bar Date in substantially the form attached as Exhibit 1 to the Proposed Order (the "Postpetition Interest Bar Date Notice") is approved in all respects and shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before March 13, 2015 upon all record holders of Claims against LOTC or LBCC, to the address specified in the claim or a 3001(e) notice of transfer, as applicable, as recorded on the claims register; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:    March __, 2015
          New York, New York

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEADLINE FOR DEMAND FOR POSTPETITION INTEREST

TO ALL HOLDERS OF CLAIMS AGAINST
LEHMAN BROTHERS OTC DERIVATIVES INC. OR
LEHMAN BROTHERS COMMERCIAL CORPORATION:

      **PLEASE TAKE NOTICE THAT**, pursuant to an order of the United States Bankruptcy Court for the Southern District of New York (the "Court") entered on [March __], 2015 (the "Postpetition Interest Bar Date Order"), **5:00 p.m. (prevailing Eastern Time) on April 13, 2015** (the "Postpetition Interest Bar Date") **is the last date and time that any holder of a Claim,[1] including a Disputed Claim, against Lehman Brothers OTC Derivatives Inc. ("LOTC") or Lehman Brothers Commercial Corporation ("LBCC") may assert a demand for postpetition interest.**

      The Postpetition Interest Bar Date Order, the Postpetition Interest Bar Date and the procedures set forth below apply to all Claims against the LOTC or LBCC other than claims held by Debtors and Debtor-Controlled Entities.

## 1.    WHEN AND HOW TO ASSERT A DEMAND

      Each holder of a Claim against LOTC *or* LBCC, other than such holders that have previously settled their postpetition interest demands with LOTC or LBCC (as applicable) prior to the Postpetition Interest Bar Date, must for each such Claim on or before the Postpetition Interest Bar Date, log on to http://www.lehman-claims.com, and:

    a.  list the amount of postpetition interest being sought, denominated in lawful currency of the United States;

    b.  provide the calculation of such amount and the source for any rates used in the calculation;

    c.  upload any documentation in support thereof; and

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given them in the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (ECF No. 23023, Ex. A). A copy of the Plan is available at www.lehman-docket.com or may be requested of the Plan Administrator's counsel.

     d.   provide the name, address, telephone number, facsimile number, and email address of (i) the business contact person for each Claim and (ii) the attorney, if any, representing such entity.

Postpetition Interest Information may **not** be delivered by any other means, including mail, messenger, facsimile, telecopy, or electronic mail transmission.

Postpetition Interest Information must be written in the English language.  If you are asserting an entitlement to postpetition interest on account of more than one Claim, your Postpetition Interest Information must be supplied separately with respect to each such Claim.

2.      **CONSEQUENCES OF FAILURE TO ASSERT A DEMAND IN ACCORDANCE WITH THESE PROCEDURES**

        **Any entity that fails to provide Postpetition Interest Information in accordance with the Postpetition Interest Bar Date Order on or before the Postpetition Interest Bar Date will be forever barred, estopped, and enjoined from asserting a right to postpetition interest against LOTC or LBCC and shall not be permitted to participate in any Distribution in satisfaction of postpetition interest.**

        **Entities receiving this notice should consult an attorney with any questions regarding this notice.**

Dated:   March __, 2015                    BY ORDER OF THE COURT
         New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

## **Exhibit B**

Redline of Changes to Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

## ORDER ESTABLISHING BAR DATE FOR
## DEMANDS FOR POSTPETITION INTEREST
## AGAINST LEHMAN BROTHERS OTC DERIVATIVES INC.
## AND LEHMAN BROTHERS COMMERCIAL CORPORATION

Upon the motion (the "Motion") dated December 22, 2014 of Lehman Brothers

Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"),[13] pursuant to, *inter alia*, section 14.1(e) of the Plan and sections 105(a) and

1142 of title 11 of the United States Code (the "Bankruptcy Code"), to establish a bar date for

demands for postpetition interest against Lehman Brothers OTC Derivatives Inc. ("LOTC") or

Lehman Brothers Commercial Corporation ("LBCC"), and to require all parties asserting rights

to postpetition interest against LOTC and LBCC to submit certain information regarding such

rights, all as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided; and a hearing having been

---

[13] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the Plan, as applicable.

held to consider the relief requested in the Motion; and the Court having found and determined

that the relief sought in the Motion is in the best interests of LOTC and LBCC, their creditors,

and all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

      **ORDERED** that the Motion is granted; and it is further

      **ORDERED** that ~~**February 27**~~**April 13**, **2015 at 5:00 p.m. (prevailing Eastern**

**Time)** is established as the deadline (the "Postpetition Interest Bar Date") for each non-Debtor or

~~n~~Non-Controlled Affiliate holder of a Claim against LOTC and/or ~~LOTC~~LBCC to assert a

demand for postpetition interest in accordance with this order; and it is further

      **ORDERED** that each such holder of a Claim against LOTC or LBCC asserting a

right to postpetition interest, other than such holders that have settled their postpetition interest

demands with LOTC or LBCC (as applicable) prior to the Postpetition Interest Bar Date, must on

or before the Postpetition Interest Bar Date log on to http://www.lehman-claims.com, and for

each Claim:

      e.   list the amount of postpetition interest being sought, denominated
          in lawful currency of the United States;

      f.   provide the calculation of such amount and the source for any rates
         used in the calculation;

      g.   upload any documentation in support thereof; and

      h.   provide the name, address, telephone number, facsimile number,
         and email address of (i) the business contact person for each Claim
         and (ii) the attorney, if any, representing such entity.

; and it is further

**ORDERED** that submission of Postpetition Interest Information shall be subject to the same penalty for presenting a fraudulent claim as was the submission of the underlying Claim against LOTC or LBCC, *see* 18 U.S.C. §§ 152 and 3571; and it is further

**ORDERED** that any non-Debtor, ~~n~~Non-Controlled Affiliate entity that does not timely assert a demand for postpetition interest by the Postpetition Interest Bar Date as set forth above shall be deemed to have waived any right it may have to postpetition interest and shall be forever barred, estopped, and enjoined from asserting a right to postpetition interest against LOTC and LBCC, and LOTC and LBCC shall be forever discharged from any and all indebtedness or liability with respect to such right to postpetition interest; and it is further

**ORDERED** that notice of the entry of this Order and of the Postpetition Interest Bar Date in substantially the form attached as <u>Exhibit 1</u> to the Proposed Order (the "<u>Postpetition Interest Bar Date Notice</u>") is approved in all respects and shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before ~~January 23~~March 13, 2015 upon all record holders of Claims against LOTC or LBCC, to the address specified in the claim or a 3001(e) notice of transfer, as applicable, as recorded on the claims register; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: ~~January~~March __, 2015
New York, New York

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

<u>**NOTICE OF DEADLINE FOR DEMAND FOR POSTPETITION INTEREST**</u>

TO ALL HOLDERS OF CLAIMS AGAINST
LEHMAN BROTHERS OTC DERIVATIVES INC. OR
LEHMAN BROTHERS COMMERCIAL CORPORATION:

 **PLEASE TAKE NOTICE THAT**, pursuant to an order of the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered on [~~January~~March __], 2015 (the "<u>Postpetition Interest Bar Date Order</u>"), **5:00 p.m. (prevailing Eastern Time) on ~~February 27~~April 13, 2015** (the "<u>Postpetition Interest Bar Date</u>") **is the last date and time that any holder of a Claim,[1] including a Disputed Claim, against Lehman Brothers OTC Derivatives Inc. ("<u>LOTC</u>") or Lehman Brothers Commercial Corporation ("<u>LBCC</u>") may assert a demand for postpetition interest.**

 The Postpetition Interest Bar Date Order, the Postpetition Interest Bar Date and the procedures set forth below apply to all Claims against the LOTC or LBCC <u>other than claims held by Debtors and Debtor-Controlled Entities</u>.

**3. WHEN AND HOW TO ASSERT A DEMAND**

 Each holder of a Claim against LOTC *or* LBCC<u>, other than such holders that have previously settled their postpetition interest demands with LOTC or LBCC (as applicable) prior to the Postpetition Interest Bar Date,</u> must for each such Claim on or before the Postpetition Interest Bar Date, log on to http://www.lehman-claims.com, and:

  e. list the amount of postpetition interest being sought, denominated in lawful currency of the United States;

  f. provide the calculation of such amount and the source for any rates used in the calculation;

  g. upload any documentation in support thereof; and

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given them in the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (ECF No. 23023, Ex. A)<u>. A copy of the Plan is available at www.lehman-docket.com or may be requested of the Plan Administrator's counsel</u>.

    h.  provide the name, address, telephone number, facsimile number, and email address of (i) the business contact person for each Claim and (ii) the attorney, if any, representing such entity.

Postpetition Interest Information may **not** be delivered by any other means, including mail, messenger, facsimile, telecopy, or electronic mail transmission.

Postpetition Interest Information must be written in the English language.  If you are asserting an entitlement to postpetition interest on account of more than one Claim, your Postpetition Interest Information must be supplied separately with respect to each such Claim.

**4.      CONSEQUENCES OF FAILURE TO ASSERT A DEMAND IN ACCORDANCE WITH THESE PROCEDURES**

**Any entity that fails to provide Postpetition Interest Information in accordance with the Postpetition Interest Bar Date Order on or before the Postpetition Interest Bar Date will be forever barred, estopped, and enjoined from asserting a right to postpetition interest against LOTC or LBCC and shall not be permitted to participate in any Distribution in satisfaction of postpetition interest.**

**Entities receiving this notice should consult an attorney with any questions regarding this notice.**

Dated:   ~~January~~March __, 2015                     BY ORDER OF THE COURT
     New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*