Hearing Date and Time: April 8, 2015 at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**REPLY TO RESPONSE OF KN ASSET MANAGEMENT CO.
TO PLAN ADMINISTRATOR'S FOUR HUNDRED EIGHTY-SIXTH
OMNIBUS OBJECTION TO CLAIMS (SATISFIED CLAIMS)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc., as Plan Administrator, files this reply to the response [ECF No. 47567] (the "Response"), supplemental response [ECF No. 48678] (the "Supplemental Response"), and declaration of Mr. Michihrio Mori [ECF No. 48678-1] (the "Declaration") filed by KN Asset Management Co. ("KN") to the Plan Administrator's Four Hundred Eighty-Sixth Omnibus Objection to Claims (Satisfied Claims) [ECF No. 47078] (the "Objection"), and respectfully represents as follows:[1]

**Reply**

1.  There is no basis in the Response or otherwise to deny the Objection. The Response should be overruled and the Objection should be granted.

---
[1] Capitalized terms used by not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

1

WEIL:\95264472\2\58399.0011

2.  There is no dispute that under the Plan and in accordance with law:

> [a]n . . . Allowed Guarantee Claim that receives Distributions . . . that combined with … other consideration provided on the corresponding Primary Claim . . . equal to the Allowed amount of such Guarantee Claim . . . shall . . . be deemed satisfied in full . . . .

Plan § 8.13(a).

3.  Likewise, there is no dispute that an Allowed Claim will be valued in lawful currency of the United States as of the petition date of the applicable Chapter 11 Estate. 11 U.S.C. §502(b); *cf.* Plan §8.13(d) ("Nothing contained in this provision shall affect the applicable exchange rate for determining the Allowed Amount of any Claim under section 502(b) of the Bankruptcy Code.").

4.  Finally, there can be no dispute that the Plan dictates that, expressly "[f]or the purposes of determining whether an Allowed Claim has been satisfied in full in accordance with Section 8.13(a) of the Plan":

> all . . . consideration provided by a Primary Obligor in a currency other than the U.S. Dollar shall be converted to the U.S. Dollar applying the existing exchange rate derived from Reuters existing at approximately 3:00 p.m. GMT on the Confirmation Date.

*Id.* at §8.13(d).

5.  KN asserts that its Primary Claim was allowed against LBJ in the amount of JPY 2,224,469,576 pursuant to a Confirmation Letter dated July 8, 2014. Response ¶ 3. KN asserts that its Primary Claim was required to be paid in U.S. Dollars ("USD"), Supplemental Response ¶ 1, but that it was allowed against LBJ in an amount denominated in Japanese Yen ("JPY") "for the purpose of procedural convenience" in LBJ's civil rehabilitation proceedings, Declaration § 4. KN explains that although KN and LBJ "skip[ped] describing the USD amount and the currency exchange rate so that only the JPY amount was written down in the

2

Confirmation Letter[,] . . . the currency exchange rate that should have been stated in the Confirmation Letter *was the rate applicable on the date when the Claim arose, that is, September 15, 2008; the date the LBHI filed the U.S. Proceedings*." Declaration § 4 (emphasis added).

6.  Calculated in accordance with the foregoing statements by KN, with the Plan, and with Bankruptcy Code section 502(b), KN's Guarantee Claim would assert $20,934,213.97 (JPY 2,224,469,576 converted to USD using the exchange rate in effect on September 15, 2008).

7.  KN admits that has received JPY 1,724,292,324 from LBJ on account of the Primary Claim. Declaration § 5. The value of these distributions converted to USD using the exchange rate in effect on the Confirmation Date in accordance with Section 8.13(d) of the Plan is $22,168,839.34. If Allowed in an amount equal to the Allowed amount of the Primary Claim ($20,934,213.97), the Relevant Guarantee Claim would be deemed satisfied in full and would not be entitled to any Distribution from LBHI. *See* Plan §8.13(a).

8.  KN's Response is as follows: if the Primary Claim was converted from JPY to USD using the exchange rate in effect on July 8, 2014, the date of the settlement, the Relevant Guarantee Claim would be higher than if the Primary Claim was converted using the exchange rate on the Petition Date. But KN admits that the allowed amount of its Primary Claim was calculated by converting the amount of USD owed to JPY using the Petition Date exchange rate. KN cannot now artificially inflate its Primary Claim by using an exchange in effect on a date other than the Petition Date in contravention of the Plan, section 502(b) of the Bankruptcy Code, and its own Declaration.

WEIL:\95264472\2\58399.0011

**Reservation of Rights**

9. The Plan Administrator reserves all rights to take discovery and to object to the Relevant Guarantee Claim if the Objection is not granted at a sufficiency hearing.

**Conclusion**

**WHEREFORE** for the reasons set forth above and in the Objection, the Plan Administrator respectfully requests that the Court enter the order disallowing and expunging proof of claim number 22602 with prejudice.

Dated: March 9, 2015
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*