Hearing Date and Time: March 11, 2015 at 10:00 a.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**REPLY TO RESPONSE OF COMMERZBANK AG – GROUP INTENSIVE CARE
TO PLAN ADMINISTRATOR'S FOUR HUNDRED EIGHTY-SEVENTH
OMNIBUS OBJECTION TO CLAIMS (SATISFIED GUARANTEE CLAIMS)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc., as Plan Administrator, files this reply to the response [ECF No. 47566] (the "Response") of Commerzbank AG – Group Intensive Care (the "Claimant") to the Plan Administrator's Four Hundred Eighty-Seventh Omnibus Objection to Claims (Satisfied Guarantee Claims) [ECF No. 47079] (the "Objection"), and respectfully represents as follows:[1]

**Reply**

1.    Claimant filed proof of claim number 27631 (the "Primary Claim") asserting a general unsecured claim in the amount of $28,679,397.44 against Lehman Brothers Commercial Corporation ("LBCC") in connection with certain derivatives transactions.

---

[1] Capitalized terms used by not otherwise defined herein shall have the meaning ascribed to such terms in the Objection.

1

WEIL:\95264635\2\58399.0011

Response ¶ 5. Claimant filed proof of claim number 27632 (the "Satisfied Guarantee Claim") in the amount of $28,610,823.77 against LBHI asserting a guarantee of the Primary Claim. Both the Primary Claim and the Satisfied Guarantee Claim remain Disputed (as such term is used or defined in the Plan).

2. By the sixth Plan Distribution Date, LBCC had distributed to holders of Allowed Claims 100% of the Allowed amount of their claims. See ECF. No. 46365 Ex. A. In accordance with section 8.4 of the Plan (Disputed Claims Holdback), the Plan Administrator has retained from LBCC's Available Cash $22,679,397.44 as a reserve for the Primary Claim, i.e. 100% of the Distributions that would have been made by LBCC to Claimant if the Primary Claim were an Allowed Claim (and 100% of the filed amounts of the Primary Claim and Satisfied Guarantee Claim).

3. Section 8.13 of the Plan ("Maximum Distributions") prevents recovery by Claimant on account of the Satisfied Guarantee Claim assuming, *arguendo*, that the Primary Claim is Allowed and the Satisfied Guarantee Claim is Allowed. It provides that:

> an . . . Allowed Guarantee Claim that receives Distributions . . . that combined with … other consideration provided on the corresponding Primary Claim . . . equal to the Allowed amount of such Guarantee Claim . . . shall . . . be deemed satisfied in full . . . .

*Id.* at § 8.13(a). It further provides that:

> [i]n no event shall . . . an Allowed Guarantee Claim receive Distributions . . . that combined with Distributions or other consideration provided on the corresponding Primary Claim . . . are in excess of the Allowed amount of the Guarantee Claim . . . ."

*Id.* at § 8.13(b).[2]

---

[2] Distribution" is defined as "any initial or subsequent payment or transfer made under the Plan. *Id*. at § 1.47.

2

4. Thus, if Claimant's Primary Claim is Allowed, it will be satisfied in full by LBCC and the Satisfied Guarantee Claim will be deemed satisfied in full simultaneously, without any payment by LBHI. Accordingly, LBHI filed the Objection to make available to holders of other Claims the duplicative, excess reserves currently being maintained on account of the Satisfied Guarantee Claim.

5. Claimant does not dispute the foregoing. It argues nonetheless that LBHI should maintain excess reserves simply because Distributions on account of the Primary Claim were made into a reserve rather than to Claimant while the Claims are Disputed. Response ¶ 7. It makes this argument notwithstanding the fact that it will receive from LBCC the amount from the reserve, together with any interest earned thereon, when and only if the Primary Claim is Allowed. Plan. at § 8.4.

6. Claimant's position prejudices holders Claims against LBHI that have yet to be satisfied in full, unnecessarily depriving them of their pro rata share of the excess reserves. Claimant will not be prejudiced by the relief requested or the maintenance of a single reserve by LBCC because the Claimant cannot receive Distributions in excess of the filed amount of its Primary Claim.

7. Accordingly, the Plan Administrator should be permitted to release the reserves established by LBHI on account of the Satisfied Guarantee Claim. As explained in the Objection, it is indisputable that a party cannot recover twice for the same injury. *See Phelan v. Local 305 of United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. of U.S. & Can.*, 973 F.2d 1050, 1063 (2d Cir. 1992); *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989); *United States v. Zan Mach. Co.,* 803 F. Supp. 620, 623 (E.D.N.Y. 1992; *see also Amerisource Corp. v. Rx USA Int'l Inc.*, 2010 WL 2060017, at *6 (E.D.N.Y. May 26, 2010);

3

*Leighty v. Brunn*, 510 N.Y.S.2d 174, 175 (App. Div. 1986); *Simon v. Royal Business Funds Corp.*, 310 N.Y.S.2d 409, 410–11 (App. Div. 1970).

## Conclusion

**WHEREFORE** for the reasons set forth above and in the Objection, the Plan Administrator respectfully requests that the Court enter an order permitting LBHI to release the reserve it currently maintains on account of the Satisfied Guarantee Claim by disallowing and expunging the Satisfied Guarantee Claim.

Dated: March 9, 2015
      New York, New York

      /s/ Garrett A. Fail
      Garrett A. Fail

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      *Attorneys for Lehman Brothers Holdings Inc.*
      *and Certain of Its Affiliates*