WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                             : Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          : 08-13555 (SCC)
                                                                  :
                        Debtors.                                  : (Jointly Administered)
------------------------------------------------------------------ x

# CERTIFICATE OF NO OBJECTION
## UNDER 28 U.S.C. § 1746 REGARDING THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NO. 25496 HELD BY WILMAR TRADING PTE LTD.

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1. On February 5, 2015, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, filed the Objection to Claim No. 25496 Held By Wilmar Trading PTE Ltd. [ECF No. 48095] (the "Objection") with the Court for hearing.

2. In accordance with the Second Amended Case Management Order, the Plan Administrator established a deadline (the "Response Deadline") for parties to object or file responses to the Objection. The Response Deadline was set for March 9, 2015 at 4:00 p.m. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed and, to the best of my knowledge, no responsive pleadings to the Objection have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Plan Administrator.

4. Accordingly, the Plan Administrator respectfully requests that the proposed order granting the Objection annexed hereto as Exhibit A, which is unmodified since the filing of the Objection, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:  March 10, 2015
        New York, New York

                                                            Garrett A. Fail

                                                            WEIL, GOTSHAL & MANGES LLP
                                                            767 Fifth Avenue
                                                            New York, New York 10153
                                                            Telephone: (212) 310-8000
                                                            Facsimile: (212) 310-8007

                                                            *Attorneys for Lehman Brothers Holdings Inc.
                                                            and Certain of Its Affiliates*

WEIL:\95269113\1\58399.0011

**Exhibit A**

Proposed Order

WEIL:\95269113\1\58399.0011

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
In re                                    :   Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :   08-13555 (SCC)
                                         :
                 Debtors.                :   (Jointly Administered)
------------------------------------------------------------x
```

### ORDER GRANTING THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NO. 25496 HELD BY WILMAR TRADING PTE LTD.

Upon the objection, dated February 5, 2015 (the "Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, pursuant to section 502(b) of title 11 of the Bankruptcy Code, Rule 3007(d) of the Bankruptcy Rules, and this Court's order approving procedures for the filing of objections to proofs of claim [ECF No. 6664], seeking disallowance of the Satisfied Guarantee Claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Satisfied Guarantee Claim is disallowed and expunged in its entirety; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in Objection.

WEIL:\95269113\1\58399.0011

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

3