UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (SCC)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x

### RESPONSE OF JPMORGAN CHASE BANK, N.A. TO LEHMAN BROTHERS HOLDINGS INC.'S 492ND OMNIBUS OBJECTION TO MISCELLANEOUS CLAIMS BY VARIOUS SUBSIDIARIES OF JPMORGAN CHASE & CO. AGAINST VARIOUS DEBTORS

JPMorgan Chase Bank, N.A. ("JPMCB," and with other subsidiaries of JPMorgan Chase & Co., "JPMorgan"), in response to the *492nd Omnibus Objection to Miscellaneous Claims By Various Subsidiaries of JPMorgan Chase & Co. Against Various Debtors (Insufficient Documentation Claims)* (the "Objection") filed by Lehman Brothers Holdings Inc. ("LBHI," and with its subsidiaries, "Lehman") on January 7, 2015, respectfully states as follows:

### INTRODUCTION

1. Almost five years after JPMorgan filed its proofs of claim, LBHI now brings this belated and baseless Objection on its own behalf and as guarantor of its subsidiaries' obligations, alleging that JPMorgan has failed to provide sufficient documentation to support several miscellaneous claims listed in Exhibit B to the Objection (collectively, the "Claims") and seeking to impose unspecified reductions in the amounts of the Claims. What LBHI's Objection fails to disclose to this Court is that not only did JPMorgan adequately describe each of the Claims in its proofs of claim, but also that JPMorgan long ago provided LBHI with multiple large binders full of documentation to support the Claims. Moreover, LBHI fails to even

mention that in addition to providing substantial documentation, JPMorgan voluntarily engaged in extensive dialogue with LBHI over the past several years to further explain and support the bases for the Claims. JPMorgan has clearly presented a *prima facie* case for, and established the validity of, each of the Claims.

2. Nevertheless, while JPMorgan previously has provided volumes of information in support of the Claims, JPMorgan is concurrently with the filing of this Response reproducing to LBHI documents that were previously provided and which support the Claims. *See* Exhibit A.[1] In addition, JPMorgan is supplementing these previously provided documents with additional documentation in support of several of the Claims. *Id.*

3. Given the thorough description and considerable documentation JPMorgan has provided with respect to the Claims over the past several years, JPMorgan respectfully requests that the Court deny LBHI's delayed and baseless attempt to reduce these Claims. At the very least, LBHI should be required to specify in detail what information, if any, it asserts that it has failed to receive and is necessary to prove each of the Claims.

**RESPONSE TO OBJECTION**

4. Over the past several years JPMorgan has provided sufficient documentary support for and responded to information requests and questions concerning each of the Claims LBHI lists in Exhibit B to the Objection. Contrary to LBHI's unfounded allegations, LBHI has ample documentary support from which to assess the basis and merits of each of the Claims.

5. **Line Item 2:[2] BGI Related Securities Lending Claim**— JPMorgan was owed $8,024,375 as a result of Lehman Brother Inc.'s ("LBI") default under the Custodial Undertaking

---

[1] Attached as Exhibit A is a copy of the cover letter for the production sent to LBHI's counsel on March 11, 2015.

[2] "Line Items" refer to lines in Exhibit B to the Objection.

-2-

In Connection with Global Master Repurchase Agreement and Global Master Securities Lending Agreement, dated as of January 18, 2006 (the "BGI Custodial Undertaking"), between LBI ("Borrower"), Barclays Global Investors Limited, as agent for Stichting Pensioenfonds voor de Gezondheid, Geestelijke en Maatschappelijke Belangen ("BGI") ("Lender"), and JPMCB. JPMorgan is reproducing a series of documents previously provided to LBHI in December 2010 and February 2011, which support the BGI Related Securities Lending Claim. These reproduced documents bear production numbers JPM_LEH_IDCLAIMS00000001 through JPM_LEH_IDCLAIMS00000016. JPMorgan is further supplementing the support for the BGI Related Securities Lending Claim by producing additional documents bearing production numbers JPM_LEH_IDCLAIMS00000017 through JPM_LEH_IDCLAIMS00000031.

6.  Pursuant to the BGI Custodial Undertaking, JPMCB served as the nonexclusive custodian for BGI and LBI's repurchase and securities lending transactions. On the evening of Thursday, September 18, 2008, BGI provided JPMorgan with notice that LBI had defaulted under the Global Master Securities Lending Agreements between BGI and LBI and instructed JPMorgan to deliver the collateral from the custodial account at JPMorgan to the BGI accounts listed in the schedule attached to the notice of default. BGI exercised its remedies under the Global Master Securities Lending Agreements and began liquidating the requested collateral based on an interim collateral report it received from JPMorgan late in the afternoon on September 18. After the markets closed that evening, JPMorgan provided BGI a final collateral report. There were differences in the positions shown in each of the reports due to transactions LBI had engaged in after its default. Due to those differences, BGI's collateral liquidation resulted in a loss of $8,024,375 as BGI had liquidated certain securities that were in the interim report but not the final report and, thereafter, had to cover those positions.

7. On December 5, 2008, JPMorgan paid BGI $8,024,375 and thereafter claimed this amount against LBI pursuant to Section 13 of the BGI Custodial Undertaking. Under Section 13, LBI agreed to indemnify JPMorgan in connection with the transactions contemplated and relationship established by the BGI Custodial Undertaking. LBHI guaranteed all of LBI's obligations under the BGI Custodial Undertaking pursuant to a Guaranty dated September 9, 2008 (the "September Guaranty"), which covered all obligations of LBHI's subsidiaries to JPMorgan and its affiliates.

8. The proofs of claim filed and the documents previously provided and concurrently produced by JPMorgan to LBHI support the validity and merits of the BGI Related Securities Lending Claim. Accordingly, the Claim Objection has no basis and JPMorgan's BGI Related Securities Lending Claim should be allowed in full.

9. **Line Item 4: Master Securities Loan Agreement—** JPMorgan was owed $10,097,117 in connection with a Master Securities Loan Agreement dated as of April 23, 1993, as amended ("MSLA"), between JPMorgan Securities Inc. (f/k/a Chemical Securities Inc.) and LBI (f/k/a Shearson Lehman Brothers Inc.). JPMorgan is reproducing a series of documents previously provided to LBHI in May 2011, which support the MSLA Claim. These reproduced documents bear production numbers JPM_LEH_IDCLAIMS00000032 through JPM_LEH_IDCLAIMS00000081.

10. On September 18, 2008, LBI failed to return securities that had been loaned to it under the MSLA. JPMorgan notified LBI on September 19, 2008 that, due to LBI's default under the MSLA, JPMorgan would exercise its rights to close out the outstanding securities loans. After JPMorgan completed the closeout of the outstanding securities loans and applied the cash collateral posted under the MSLA, there was a deficiency of $10,097,117. On October

-4-

23, 2008, JPMorgan sent LBI a closeout letter and attached a schedule showing the calculation on a security-by-security basis of the deficiency claim in the amount of $10,097,117. The Claim was paid by application of cash collateral posted by LBHI to secure the September Guaranty.

11. The proofs of claim filed and the documents previously provided and concurrently produced by JPMorgan to LBHI support the validity and merits of the MSLA Claim. Accordingly, the Claim Objection has no basis and JPMorgan's MSLA Claim should be allowed in full.

12. **Line Item 9: Global Master Repurchase Agreement—** JPMorgan was owed $18,907,989 based on the closeout of the Global Master Repurchase Agreement dated as of December 27, 2007 ("GMRA"), among JPMorgan Markets (f/k/a/ Bear, Stearns International Limited ("BSIL")), LBREM II BS Financing Mezz Holdings LLC ("LBREM"), and Hilton Mezz Holdings LLC. JPMorgan is reproducing a series of documents previously provided to LBHI in June 2010 and February 2011, which support the GMRA Claim. These reproduced documents bear production numbers JPM_LEH_IDCLAIMS00000082 through JPM_LEH_IDCLAIMS00000239. JPMorgan is further supplementing the support for the GMRA Claim by producing an additional document bearing production number JPM_LEH_IDCLAIMS00000240.

13. Pursuant to the GMRA, BSIL issued a default notice to LBREM on September 15, 2008, when, *inter alia*, LBREM failed to repurchase the Hilton Mezzanine K Participation A4 security from BSIL. Following the event of default, under Section 14 of the GMRA, BSIL was entitled, at its option, to either "(iv) . . . (A) immediately sell at a public or private sale and at such price or prices as the Buyer [BSIL] may deem satisfactory any or all Purchased Assets subject to a [sic] such Transactions hereunder and apply the proceeds thereof to the aggregate

unpaid Repurchase Prices and any other amounts owing by the Seller [LBREM] . . . or (B) in its sole discretion elect, in lieu of selling all or a portion of such Purchased Assets, to give the Seller [LBREM] credit for such Purchased Assets and the Repurchase Assets in an amount equal to the Market Value of the Purchased Assets against the aggregate unpaid Repurchase Price and any other amounts owing by the Seller [LBREM] hereunder."

14.     JPMorgan invited over twenty-five market participants to bid on the Hilton Mezzanine K Participation A4 security in an auction held in November 2008. At the conclusion of the auction, JPMorgan Chase Funding Inc. purchased the security at 42% of the principal amount, plus interest, which substantially exceeded all bids received. As the documents demonstrate, JPMorgan complied with both options for remedies listed in Section 14 of the GMRA.

15.     On November 18, 2008, JPMorgan sent LBREM a closeout letter and attached schedule. The documents indicated that JPMorgan's sale of the Hilton Mezzanine K Participation A4 security did not achieve the repurchase price agreed to under the GMRA and an outstanding balance of $18,907,989 remained.[3] JPMorgan claimed this amount from LBHI pursuant to the August 27, 2008 Guaranty that LBHI executed in favor of BSIL, its affiliates, subsidiaries, successors and assigns, as well as the September Guaranty.

16.     The proofs of claim filed and the documents previously provided and concurrently produced by JPMorgan to LBHI support the validity and merits of the GMRA Claim. Accordingly, the Claim Objection has no basis and JPMorgan's GMRA Claim should be allowed in full.

---

[3] Upon review of the schedule, there appears to be a slight inconsistency between the backup schedule and the GMRA Claim amount; however, it does not affect the validity or merits of the GMRA Claim.

17.     **Line Items 1, 5, 10-12: Post-Petition Legal Expenses and Consulting Fees—**
JPMorgan incurred post-petition legal expenses and consulting fees in connection with its claims against Lehman. JPMorgan is producing to LBHI a series of documents supporting the Post-Petition Legal Expenses and Consulting Fees Claims, which bear production numbers JPM_LEH_IDCLAIMS00001558 through JPM_LEH_IDCLAIMS00001568.

18.     JPMorgan is entitled to reimbursement of these legal expenses and consulting fees pursuant to a number of contracts with Lehman, including for example, Section 16 of the Clearance Agreement among JPMCB, LBI and several other Lehman entities, Section 14 of the September Guaranty, and Section 11 of the ISDA Master Agreement between Lehman Brothers Special Financing Inc. and JPMCB. However, the post-petition legal expenses and consulting fees submitted in the proofs of claim only include expenses and fees incurred before the signing of the Collateral Disposition Agreement dated March 16, 2010 to which LBHI and JPMCB are parties. JPMorgan reserves the right to file claims for additional legal expenses and consulting and expert fees incurred by it, and to assert adjustments in its favor in respect thereof under the provisions of the Collateral Disposition Agreement.

19.     The proofs of claim filed and the documents previously provided and concurrently produced by JPMorgan to LBHI support the validity and merits of the Post-Petition Legal Expenses and Consulting Fees Claims. Accordingly, the Claim Objection has no basis and JPMorgan's Post-Petition Legal Expenses and Consulting Fees Claims should be allowed in full.

20.     **Line Items 3, 6-8, 13-36: TSS Pre-Petition and Post-Petition Service Fees—**
JPMorgan accrued pre-petition and post-petition account service fees and charges across several Lehman business accounts. JPMorgan is reproducing five binders of documents previously provided to LBHI in October 2010, which support the TSS Pre-Petition and Post-Petition Service

Fees Claims. These reproduced documents bear production numbers JPM_LEH_IDCLAIMS00000241 through JPM_LEH_IDCLAIMS00001557.

21. The proofs of claim filed and the documents previously provided and concurrently produced by JPMorgan to LBHI support the validity and merits of the TSS Pre-Petition and Post-Petition Service Fees Claims. Accordingly, the Claim Objection has no basis and JPMorgan's TSS Pre-Petition and Post-Petition Service Fees Claims should be allowed in full.

* * *

22. JPMorgan has previously communicated to LBHI, and the documents also demonstrate that, in certain instances, minor adjustments may be appropriate with respect to certain of the Claims in accordance with the provisions of the Collateral Disposition Agreement. JPMorgan expects, however, that the amount of those adjustments will be less than the amount of the adjustments in JPMorgan's favor resulting from the incurrence of additional reimbursable legal expenses and consulting and expert fees.

## CONCLUSION

23. For the foregoing reasons, the Objection should be denied in all respects and the Claims referenced therein should be allowed in full.

Dated: March 11, 2015
      New York, New York

           /s/ Harold S. Novikoff
           Harold S. Novikoff
           Ian Boczko
           Aline R. Flodr

           WACHTELL, LIPTON, ROSEN & KATZ
           51 West 52nd Street
           New York, New York 10019
           (212) 403-1000

           *Attorneys for JPMorgan Chase Bank, N.A.*
           *and other subsidiaries of JPMorgan Chase & Co.,*
           *named in JPMorgan's Proofs of Claim*