UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                                           :

In re:                                                         :    Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    Case No. 08-13555 (SCC)

                            Debtors.                   :    (Jointly Administered)

------------------------------------------------------------x

**RESPONSE OF JPMORGAN CHASE BANK, N.A. AND
J.P. MORGAN MARKETS LIMITED TO OBJECTION TO CLAIM
NOS. 66462 AND 66474 REGARDING DERIVATIVES LOSSES**

JPMorgan Chase Bank, N.A. ("JPMCB") and J.P. Morgan Markets Limited ("JPMM," and with other subsidiaries of JPMorgan Chase & Co., "JPMorgan"), in response to the *Objection to Portions of Proofs of Claim No. 66462 and 66474 against Lehman Brothers Holdings Inc. of JPMorgan Chase Bank, N.A. and J.P. Morgan Markets Limited (F/K/A Bear Stearns International Limited) Regarding Derivatives Losses* (the "Objection") filed by Lehman Brothers Holdings Inc. ("LBHI," and with its subsidiaries, "Lehman") on January 7, 2015, respectfully state as follows:

**INTRODUCTION**

1.     Years after JPMorgan's derivatives-related claims against Lehman Brothers Inc. ("LBI") were allowed in full under an agreement — approved by this Court — with LBI's SIPA trustee, and years after its derivatives-related claims against Lehman Brothers Finance S.A. ("LBF") were resolved with a minor discount in LBF's liquidation proceeding in Switzerland, LBHI now brings this belated Objection as guarantor of its subsidiaries' obligations.  LBHI's Objection fails even to mention the prior allowance and resolution of those claims; indeed, LBHI fails to disclose to this Court that, as subrogee of those allowed and resolved claims, LBHI has

been receiving substantial distributions from the LBI and LBF estates on claims that it now contends in the Objection are overstated. And in making the Objection, LBHI advances nearly identical arguments to those raised in its challenge of JPMorgan's closeout of *other* Lehman positions — including those facing Lehman Brothers Special Financing, Inc. ("LBSF") — which is the subject of a separate adversary proceeding already pending before the Court (Adv. Proc. No. 12-01874) (the "LBSF Proceeding").

2. Rather than responding point-by-point to the Objection here, JPMorgan incorporates, and respectfully refers the Court to, its answer to the amended complaint in the LBSF Proceeding. As explained there, Lehman's challenges to the "commercial reasonableness" of JPMorgan's claim calculations are meritless, and improperly divert blame for Lehman's losses away from the true cause: Lehman's own failure to take steps before its bankruptcy to prepare for an orderly and value-preserving wind-down. In addition, Lehman's arguments in the Objection and the LBSF Proceeding are precluded, at least in part, by the FDIC Improvement Act, 12 U.S.C. § 4401 *et seq.* ("FDICIA"). That statute broadly protects a financial institution's right to enforce "netting contracts," such as ISDA Master Agreements, strictly in accordance with their terms, notwithstanding any contrary provision in the Bankruptcy Code or other law.

3. For these and other reasons, the claims challenged in the Objection should be allowed against LBHI, consistent with their resolutions in the LBI and LBF liquidations. Meanwhile, in light of the substantial legal and factual overlap between the LBSF Proceeding and the Objection, the proceedings should be consolidated.

## BACKGROUND

4. JPMorgan was among Lehman's largest derivatives counterparties. At the time of LBHI's bankruptcy filing, JPMorgan held tens of thousands of positions facing numerous Lehman entities. Its trades with LBI and LBF, which are the subjects of the Objection, were gov-

erned by three ISDA Master Agreements:

- An agreement dated November 15, 1993, between LBF and Morgan Guaranty Trust Co. of New York, the predecessor of JPMCB;

- An agreement dated January 14, 1994, between LBF and Bear Stearns International Limited, the predecessor of JPMM;[1] and

- An agreement dated September 8, 2004, between LBI and JPMCB.

5. As LBHI acknowledges in the Objection (¶ 10), it is a guarantor of its subsidiaries' obligations under the ISDA Master Agreements: The 1993 and 1994 agreements each name LBHI as guarantor of LBF's obligations thereunder; in addition, on September 9, 2008, LBHI executed a guaranty of all of its subsidiaries' obligations, of whatever nature, to all JPMorgan entities, including obligations arising from derivatives transactions.

6. Following the commencement of LBHI's bankruptcy on September 15, 2008, JPMorgan terminated its ISDA Master Agreements with each Lehman counterparty and proceeded to close out the more than 70,000 positions in its portfolio, in one of the most volatile derivatives markets in history. In October 2008, JPMorgan provided calculation statements to Lehman, detailing the amounts owed on account of the terminated positions. JPMorgan subsequently submitted proofs of claim against its Lehman counterparties in their respective liquidation proceedings, and against LBHI as guarantor in this chapter 11 case.

7. JPMorgan's claims against LBI and LBF as primary obligors have long since been resolved. In June 2011, this Court approved a settlement between JPMorgan and the LBI trustee, under which JPMorgan's claim arising from the 2004 ISDA Master Agreement was allowed in full, at an amount of approximately $49 million. Order Approving Settlement Agree-

---

[1] The Objection refers to an agreement between Bear Stearns International and LBF dated February 14, 2003. To JPMorgan's knowledge, after a reasonable search, no agreement fitting that description exists; the ISDA Master Agreement under which JPMM's claims against LBF arose was dated January 14, 1994.

-3-

ment Between Trustee, JPMorgan Chase Bank, N.A., J.P. Morgan Securities LLC, and J.P. Morgan Clearing Corp, *In re Lehman Bros. Inc.* (Bankr. S.D.N.Y. No. 08-01420) (Docket No. 4356). In April 2013, the liquidator in LBF's proceeding in Switzerland reached a determination that JPMorgan's claims arising from the 1993 and 1994 ISDA Master Agreements, of approximately $105 million, should be allowed nearly in full, subject to minor reductions. JPMorgan chose not to appeal to the Swiss court, and its claims were allowed in the LBF proceeding in the amount determined by the liquidator.

8. In accordance with the Collateral Disposition Agreement dated March 16, 2010, to which various Lehman and JPMorgan entities are parties, and which was approved by an order of this Court (Docket Nos. 7619, 7785), LBHI was subrogated to JPMorgan's claims against LBI and LBF. As a result, LBHI has been receiving substantial distributions on the same JPMorgan claims against LBI and LBF that LBHI contends in the Objection were overstated.

9. On September 14, 2012, Lehman commenced the LBSF Proceeding, objecting to JPMorgan's claims relating to LBSF and two other Lehman chapter 11 debtors, but not those relating to LBI and LBF. The principal thrust of the complaint in that action is that JPMorgan's derivatives closeout was allegedly commercially unreasonable, and that its claim includes damages that are not cognizable under New York law or the Bankruptcy Code.

**RESPONSE TO OBJECTION**

10. In challenging JPMorgan's closeout of trades against LBI and LBF — several years after those entities agreed that JPMorgan's claims should be allowed in their entirety or almost in their entirety — LBHI lodges familiar attacks. Just as in the LBSF Proceeding, LBHI alleges that JPMorgan (i) valued its positions as of an incorrect date, including in contravention of Bankruptcy Code section 562; (ii) improperly included add-on charges for expenses it did not incur; (iii) failed to net out offsetting positions when calculating closeout amounts; and (iv) in-

consistently valued transactions with similar characteristics.

11. Given the nearly complete overlap of issues in Lehman's successive claim objections, JPMorgan responds to the present Objection by incorporating herein its answer in the LBSF Proceeding. As explained there, Lehman's *post hoc* attacks on JPMorgan's closeout is tainted by hindsight and incompatible with the governing ISDA Master Agreements and applicable law. As any trial on the Objection will make clear, JPMorgan's closeout of tens of thousands of derivatives trades in one of the worst derivatives markets in history was commercially reasonable and fully compliant with the ISDA Master Agreements and applicable law. Any losses of which Lehman now complains resulted from Lehman's own failure to take even a single step before its bankruptcy to prepare for an orderly wind-down.

12. Lehman's challenges also are barred, at least in part, by FDICIA. That statute provides that "netting contracts" — *i.e.*, contracts between financial institutions that provide for the netting of the parties' obligations (12 U.S.C. § 4402), such as ISDA Master Agreements — must be enforced strictly in accordance with their terms, "[n]otwithstanding any other provision of State or Federal law" (*id.* § 4403(a)). Yet Lehman argues that JPMorgan's claim calculations under the ISDA Master Agreement must be reduced because of limitations established by the Bankruptcy Code and other law. For example, Lehman asserts that JPMorgan's selection of a termination date for the ISDA Master Agreements was inconsistent with section 562 of the Bankruptcy Code, which specifies the date as of which damages must be calculated when a debtor's swap agreement is terminated. *See* Objection ¶ 20; *see also* LBSF Amended Adversary Complaint ¶¶ 65-66. This and similar arguments by Lehman (in the Objection and in the LBSF Proceeding) are precisely the types of challenges that FDICIA forecloses.

13. Finally, there is no reason why the Objection and the LBSF Proceeding should

proceed on different tracks.  Instead, to conserve judicial resources and avoid duplicative litigation, the proceedings should be consolidated so that the parties can address in a single action all of the legal and factual issues arising out of JPMorgan's closeout of the relevant Lehman-facing derivatives.  The LBSF Proceeding is in only the beginning stages of discovery and the Objection easily can be combined with that action without causing undue delay.

## CONCLUSION

14.    For the foregoing reasons, and for the reasons explained in JPMorgan's answer to the amended complaint in the LBSF Proceeding, the Objection should be consolidated with the LBSF Proceeding and denied in all respects.


Dated:  March 11, 2015
        New York, New York

/s/ Harold S. Novikoff
Harold S. Novikoff
Alexander B. Lees

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
(212) 403-1000

*Attorneys for JPMorgan Chase Bank, N.A.
and J.P. Morgan Markets Limited*