UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------X
                                                               :
In re:                                                         :   Chapter 11
                                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,                         :   Case No. 08-13555 (SCC)
                                                               :
                        Debtors.                               :   (Jointly Administered)
                                                               :
---------------------------------------------------------------X
```

**STIPULATION AND ORDER GOVERNING THE PRODUCTION
OF CONFIDENTIAL MATERIALS**

This Stipulation ("Stipulation") is entered into by and among Lehman Brothers Special Financing Inc. ("LBSF"), Lehman Brothers Holdings Inc. ("LBHI," and together with LBSF, "Lehman"), Quintessence Fund L.P. ("Quintessence"), and QVT Fund LP ("QVT Fund," and together with Quintessence, "QVT").

WHEREAS, commencing on September 15, 2008, LBHI and its affiliated debtors (collectively, and including LBSF, the "Debtors") commenced voluntary cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or "Court") (jointly administered under Case No. 08-13555, the "Chapter 11 Cases");

WHEREAS, on or about September 21, 2009, QVT filed Proof of Claim Nos. 21217, 21140, 20421 and 21146 against LBSF and LBHI demanding a total of $286,628,215 (the "Proofs of Claim");

WHEREAS, on April 19, 2010, the Bankruptcy Court entered the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390

Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors (the "Claims Procedures Order");

WHEREAS, on June 7, 2011, Lehman filed claim objections seeking to reduce QVT's claims to $52,705,836.69;

WHEREAS, on February 11, 2015, the Bankruptcy Court so ordered the Claims Litigation Schedule submitted by the parties for Lehman's objections to QVT's Proofs of Claim;

WHEREAS, Lehman and QVT (collectively, the "Parties" and each a "Party") have served or will serve each other and third parties with interrogatories, document requests and subpoenas seeking the production of documents and information related to QVT's Proofs of Claim and Lehman's objections thereto (the "Discovery Materials");

WHEREAS, the Parties have agreed that the Discovery Materials be subject to this Stipulation to protect the confidentiality of sensitive information pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure and Rule 26(c)(1) of the Federal Rules of Civil Procedure; and,

WHEREAS, the Parties have entered into this Stipulation and agreed to be bound by its terms;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1. This Stipulation shall govern the designation and handling of the Discovery Materials. This Stipulation supersedes all previous agreements between the Parties related to the designation and handling of the Discovery Materials, and shall apply to all Discovery Materials.

  2. "Document" or "Documents" shall have the meaning set forth in Rule 26.3(c)(2) of the Local Rules of the United States District Court for the Southern District of New York.

  3. "Person" or "Persons" shall have the meaning set forth in Rule 26.3(c)(6) of the Local Rules of the United States District Court for the Southern District of New York.

  4. "Designating Party" shall mean the Party or third party designating information or material as "CONFIDENTIAL."

  5. A Designating Party may designate as "CONFIDENTIAL" that portion of any Discovery Materials that the Designating Party in good faith believes meets any of the criteria described in subparagraphs (a) - (d) below ("Confidential Information"), provided that Confidential Information shall not include: information that is at any time independently developed without use of or reliance upon any of the Discovery Materials; information that is publicly available in substantially the same form in which it was provided by the Designating Party; or information that is voluntarily de-designated by the Designating Party. Subject to these conditions and limitations, a Designating Party may designate the following as "CONFIDENTIAL":

   (a) information that the Designating Party is required by law or regulation to protect from disclosure;

   (b) information that reveals the Designating Party's methodology in regard to risk-rating, pricing, valuation or other forms of pricing, financial or credit analysis or that is otherwise of a proprietary and competitively-sensitive nature;

   (c) information that is of a personal or intimate nature regarding any individual that could cause harm to the reputation of or embarrassment to the individual; and

   (d) any other category of information hereinafter given "CONFIDENTIAL" status by agreement of the Parties or further order of the Court.

   6. The Designating Party may designate Discovery Materials as Confidential Information by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent. In the case of data stored in electronic form, the applicable legend, if any, shall be printed on the cover or container of the disk, tape, or other medium in which the electronic data is stored.

   7. Except as set forth herein or in any subsequent order of the Court, Discovery Materials designated "CONFIDENTIAL" and any part of the information contained in those Discovery Materials, shall not be delivered, exhibited, or disclosed, directly or indirectly, to persons other than:

   (a) the Court and persons employed by it or appointed by it;

   (b) any mediator appointed by the Court or the Parties, and persons employed by such mediator;

   (c) court reporters, videographers or other qualified persons taking testimony;

   (d) counsel retained by the Parties hereto, and the paralegal, clerical and secretarial staff employed by such counsel;

   (e) the Parties, including their current (as of the time information is designated as "CONFIDENTIAL") employees, consultants, attorneys and advisors, QVT Financial LP, QVT Associates GP LLC, the Official Committee of Unsecured Creditors of Lehman (the "Committee"), as well as its consultants, advisors and counsel, who require such information for the exercise of their duties and obligations;

(f) the other Debtors, including their current (as of the time information is designated as "CONFIDENTIAL") employees, consultants, attorneys and advisors;

(g) persons identified on the face of the Discovery Materials as having authored or previously received the Discovery Materials;

(h) independent copying and computer services firms, or their employees, retained to copy or index any Discovery Materials;

(i) actual or potential Party or non-Party fact witnesses at any interview, deposition, or court hearing or trial, or preparation for any of those, provided there is a reasonable basis to believe that the fact witness may give relevant testimony regarding the Confidential Information;

(j) expert witnesses at or in preparation for deposition or trial, or in connection with drafting an expert report, provided there is a reasonable basis to believe the expert witness may opine on, or give relevant testimony regarding, the Confidential Information; and

(k) such other persons as the Parties may agree upon in writing or as ordered by the Court and further provided that nothing herein shall prevent or prejudice a Party from seeking to enlarge the recipients of Confidential Information herein by making such a motion with the Court.

8. Prior to the disclosure of any Confidential Information to any of the persons listed in paragraphs 7(h) through 7(k) above, such person shall be informed of the terms of this Stipulation and shall execute a copy of the non-disclosure declaration substantially in the form annexed hereto as Exhibit A, which incorporates by reference all the terms and conditions of this Stipulation as if stated therein, or in such other form as is reasonably satisfactory to the

Parties. The original of such declaration shall be retained by counsel for the Party so disclosing the Confidential Information.

9. All persons employed by, or otherwise serving as agents of the Parties, who are given access to Confidential Information are bound by the terms of this Stipulation, regardless of whether they have signed Exhibit A, and will be so instructed by the Parties.

10. All Confidential Information shall be used by the Parties (and any signatories to Exhibit A) only in connection with the litigation concerning QVT's Proofs of Claim.

11. Any previously designated Confidential Information that is marked as an exhibit during a deposition shall be treated as "CONFIDENTIAL."

12. In the event that any Confidential Information is used at a deposition, portions of the transcript of such deposition shall also be treated as "CONFIDENTIAL" pursuant to this Stipulation, to the extent that said portions discuss any Confidential Information.

13. Whenever Confidential Information is to be discussed or disclosed in a deposition, any person discussing or disclosing such Confidential Information must first notify the Designating Party or its counsel of such proposed discussion or disclosure and, upon request of the Designating Party or its counsel, exclude from the room any person who is not entitled to receive or review such Confidential Information under this Stipulation.

14. Any Party wishing to designate as "CONFIDENTIAL" portions or all of any deposition testimony may do so on the record during the deposition, or within ten (10) business days after receipt of the final deposition transcript by providing written notice of the designation to the other Parties and any other affected person(s). The Party making the "CONFIDENTIAL" designation shall be responsible for ensuring that those portions of the

6

deposition transcript designated as "CONFIDENTIAL" are appropriately marked and sealed by the reporter. The Parties shall avoid designating entire transcripts as "CONFIDENTIAL" where only a portion thereof qualifies for such protection, and, to the extent reasonably practicable, only those portions that qualify for protection should be so designated. To the extent that deposition testimony later designated "CONFIDENTIAL" is disclosed by any person prior to the Designating Party's designation of that testimony, such disclosure shall not constitute a breach of this Stipulation, but such testimony shall thereafter be deemed "CONFIDENTIAL" for all purposes as if it has been so designated at the time it was given.

15. Any Discovery Materials that are inadvertently produced without a "CONFIDENTIAL" designation may be subsequently designated by the Designating Party as "CONFIDENTIAL" upon written notice making such designations by specific reference to the Bates numbers of documents previously produced.

16. In accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and Rule 502(b) of the Federal Rules of Evidence, any inadvertent disclosure of document(s) shall not be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including, without limitation, the attorney-client privilege, the joint defense privilege, and the work product doctrine, provided that the Party provides written notice to the opposing Party, by specific reference to the Bates numbers of documents previously produced, promptly after discovery of such inadvertent production. All copies of such document(s) shall be returned, sequestered or destroyed within five (5) business days of such notice. The referenced document(s) shall be maintained by the Party claiming the privilege or immunity until the Parties resolve any dispute concerning the privileged nature of the

document(s) or the Court rules on any motion to compel production of the document(s). No Party shall use or refer to any information contained within the document(s) at issue unless and until the Parties agree or a motion to compel is granted by the Court.

17. The parties to this Stipulation and Order, to the extent they wish to file any Confidential Information with the Bankruptcy Court, including all portions of pleadings, motions or other papers that disclose such Confidential Information, shall in accordance with the provisions of General Order M-399, seek to file such Confidential Information under seal with the Clerk of Court and keep such Confidential Information under seal until further order of the Bankruptcy Court.

18. In the event any Party objects to any designation of Discovery Materials as "CONFIDENTIAL," the objecting Party shall so inform the Designating Party, stating in writing the grounds of the objection, with specific reference to the Bates numbers of the documents to which objection is made, and the Parties shall have seven (7) business days to attempt to resolve the objection, at the end of which the objecting Party may seek a ruling from the Bankruptcy Court that such information should not be treated as "CONFIDENTIAL," provided that no Confidential Information shall be filed in the public record prior to such a determination by the Bankruptcy Court, and provided further that the burden shall be on the Designating Party to justify the claim that disputed material has been properly designated "CONFIDENTIAL" and should remain under seal.

19. Notwithstanding any Designating Party's designation of Discovery Materials as "CONFIDENTIAL," nothing in this Stipulation shall limit (or enlarge) any third party's right to challenge such designation in the Bankruptcy Court or any other court of competent jurisdiction.

8

20. If any Party receives a subpoena seeking, or court order requiring, the production or disclosure of any Confidential Information, that Party shall give written notice to the Designating Party as soon as reasonably practicable, and in no event more than three (3) business days after receipt of the subpoena or court order and in no event less than ten (10) business days prior to the time for production of such Confidential Information pursuant to the subpoena or court order unless production is required at an earlier date. If such written notice cannot be made, the Party receiving the subpoena must immediately give notice to counsel for the Designating Party by telephone. In no event shall production or disclosure be made before notice is given, unless the Party receiving the subpoena or court order is prohibited by law or regulatory order from providing such notice. The purpose of this paragraph is to provide the Designating Party the opportunity to intervene at its own expense to object to the production of such Confidential Information.

21. The provisions of this Stipulation, insofar as they restrict the disclosure and use of Confidential Information, shall continue to be binding on all Parties and persons subject to the terms of this Stipulation, as well as undersigned counsel, notwithstanding the final termination of the litigation (including appeals, settlements or judgments) regarding QVT's Proofs of Claim or the above-referenced Chapter 11 Cases.

22. Upon the resolution of all disputes between the Parties regarding the Proofs of Claim, the Parties may request the destruction or the return of all copies of all Confidential Information produced, except any Confidential Information previously filed with the Court. If such a request is made in writing, the recipient of such a request shall have thirty (30) days in which to return or destroy all copies of the Confidential Information, and to certify in writing that such return or destruction has occurred. Nothing herein shall prevent counsel for

the Parties from maintaining a set of documents and pleadings filed with the Court even if those filed documents and pleadings were filed under seal and contain Confidential Information or as may be required to be maintained by law or regulation.

23. Nothing in this Stipulation shall limit any Party's use of its own documents or prevent it from disclosing its own Confidential Information to any person. Such disclosures shall not affect any "CONFIDENTIAL" designations made pursuant to the terms of this Stipulation so long as disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

24. The failure to designate Discovery Materials as "CONFIDENTIAL" shall not constitute a waiver of any claim outside of this proceeding that such materials contain trade secrets or proprietary business information, or are otherwise confidential.

25. Nothing in this Stipulation shall relieve a Party of its obligations under the Federal Rules of Civil Procedure or under any future stipulations or orders, regarding the production of documents or the making of timely responses to discovery requests.

26. Nothing in this Stipulation shall limit a Party's right to assert at any time that any Discovery Materials are irrelevant or inadmissible, or be deemed a concession that any Discovery Materials are relevant or admissible.

27. Nothing in this Stipulation shall limit the rights of the United States trustee, bankruptcy administrator, trustee, or any auditor serving under section 586(f) of Title 28 of the United States Code to full access to all information contained in any paper filed or submitted in the Chapter 11 Cases in accordance with section 107(c)(3) of the Bankruptcy Code, provided, however, such entity shall not disclose information specifically protected under this Stipulation.

28. This Stipulation may be signed in counterparts.

29. The Parties agree to be bound by the terms of this Stipulation, *nunc pro tunc* to the first date of production of Discovery Materials, pending the entry of this Stipulation by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Court.

30. Nothing in this Stipulation shall prejudice the right of the Parties or the Official Committee of Unsecured Creditors of Lehman to apply to the Court for a further stipulation or other appropriate relief.

Dated: March 17, 2015
      New York, New York

Respectfully submitted,

JONES DAY

*/s/ Laura W. Sawyer*
Jayant W. Tambe
Laura W. Sawyer
Ryan J. Andreoli
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Lehman Brothers Special Financing Inc. and Lehman Brothers Holdings Inc.*

Dated: March 17, 2015
      New York, New York

                                          */s/ John D. Beck*
                                          Dennis H. Tracey, III
                                          Robin E. Keller
                                          Benjamin J.O. Lewis
                                          John D. Beck
                                          HOGAN LOVELLS LLP
                                          875 Third Avenue
                                          New York, New York 10022
                                          Telephone: (212) 918-3000

                                          *Attorneys for QVT Fund LP and Quintessence Fund L.P.*

Dated: ___, 2015
      New York, New York                           SO ORDERED

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
: 
In re:                                                  :    Chapter 11
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*                 :    Case No. 08-13555 (SCC)
                                                        :
                    Debtors.                            :    (Jointly Administered)
                                                        :
---------------------------------------------------------------X
                                                        :

## **NON-DISCLOSURE DECLARATION**

I, _____, declare under penalty of perjury, the following:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have read the annexed Stipulation and Order dated _____, __ 2015 (the "Stipulation"), in the matter entitled *In re Lehman Brothers Holdings Inc.*, No. 08-13555 (SCC), which is incorporated by reference herein.

5. I have carefully read and understand the provisions of the Stipulation and Order.

6. I am fully familiar with and agree to comply with and be bound by the provisions of that Stipulation and Order and consent to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Order, and will use only for the purposes set forth in paragraph 10 of the Stipulation and Order, any Confidential Information that is disclosed to me.

13

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel from whom I received the Confidential Information.

9. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____

_____