

UBS AG
Badenerstrasse 574/C
Postfach, PO Box, 8098 Zürich

OQ9C / O5GC
C/A Special Transaction / Default MGMT

Matthias Mohos
YBM
+41 44 236 07 54
+41 44 235 47 21
matthias.mohos@ubs.com

www.ubs.com

**BY REGISTERED MAIL**
U.S. Bankruptcy Court for the
Southern District of N.Y.
One Bowling Green
New York, N.Y. 10004
USA

# Message

February 25, 2015

**RECEIVED MAR - 4 2015 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK**

**subject**  Claim Transfer Agreement Lehman Program Securities

On behalf of            Attention: Clerk of the Court
you are receiving       Evidence of partial transfer of claim

☐ for your information      ☐ returned with thanks      ☐ please return
☒ for your records          ☐ please comment            ☒ please confirm receipt
☐ as agreed                 ☐ please sign               ☒ please process
☐ please complete           ☐

Remarks
TOCE132    EUR 10'000.00    XS0295438369
Transferor: Banca Leonardo SPA / Claim Number: 50397
Transferee: UBS AG, Bahnhofstrasse 45, CH-8001 Zurich (Switzerland)

Yours sincerely,

UBS AG

Matthias Mohos
Associate Director

61555 E    07.03.2012    N1              25.02.2015    Page 1/1



## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

### LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **BANCA LEONARDO SPA** ("Seller"), acting on behalf of one of its customers (the "Customer") hereby unconditionally and irrevocably sells, transfers and assigns to **UBS AG** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 50397.01 filed by Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of its Customer relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of its Customer's right, title and interest in, to and under the transfer agreements, if any, under which Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor its Customer have engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.



Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this February 25, 2015.

**BANCA LEONARDO SPA**
Via Broletto 46
20121 Milano

By: _____
Name: Luigi Crosti
Title: Dirigente Responsabile Area Servizi Operativi Wealth Management

By: _____
Name: Annalisa Romano
Title: Dirigente Responsabile Servizio Legal, Compliance & AML di Gruppo

Attn. Annalisa Romano
Phone 0039 02 7220 6427
Fax 0039 02 8900202
e-mail annalisa.romano@bancaleonardo.com

**UBS AG**
Bahnhofstrasse 45
8001 Zurich, Switzerland

By: _____
Name: Matthias Mohos
Title: Associate Director

By: _____
Name: ~~Stephan Ofelter~~ Hugo Koller
Title: ~~Associate~~ Director

Attn. Hugo Koller
Phone: +41 44 235 37 36
Fax +41 44 235 47 21
e-mail: hugo.koller@ubs.com

TOCE 132

Schedule 1

Transferred Claims

Purchased Claim

1,1037522% of XS0295438369 as described in the Proof of Claim, which relates to an allowed amount of USD 1,285,709.83 of isin XS0295438369 Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN | Issuer | Guarantor | Maturity | Notional Amount (EUR) | Notional Amount (USD)* | Accrued Amount (EUR) | Accrued Amount (USD)* | Allowed Amount (USD) |
|---|---|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY BV 10/10/2008 | XS0295438369 | Lehman Brothers Treasury BV | Lehman Brothers Holdings Inc. | 10/10/2008 | 10,000.00 | 14,151.00 | 0.00 | 0.00 | 14,191.05 |

* Amounts due in EUR have been converted to USD Dollars using the exchange reference rate published by the European Central Bank / Bloomberg for September 15, 2008 - 1 EUR = 1.4151 USD

**BANCA LEONARDO SPA**

**UBS AG**

Matthias Mohos
OQ9C/O5GC - 60754

TOCE132

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Form 210A

United States Bankruptcy Court

SOUTHERN DISTRICT OF NEW YORK

RECEIVED MAR - 4 2015 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS

Case No. 08-13555 (JMP) JOINTLY ADMINISTERED

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee<br>UBS AG<br><br>Name and Address where notices to transferee should be sent:<br>Bahnhofstrasse 45<br>8001 Zurich, Switzerland<br><br>Attn. : Mr. Hugo Koller<br>E-mail: hugo.koller@ubs.com<br><br>Phone: +41 44 235 37 36<br><br>Last Four Digits of Acct #: 3463 | Name of Transferor<br>BANCA LEONARDO SPA<br>Court Claim # 50397.01<br>Amount of Claim (filled): $ 1,285,709.83<br>Date Claim Filed: 27Oct2009<br>Allowed Claim transferred: $ 14,191.05<br><br>Via Broletto 46<br>20121 Milano<br>Italy<br><br>Attn. Biagio Oliva – Annalisa Romano<br><br>E-mail: biagio.oliva@bancaleonardo.com<br>annalisa.romano@bancaleonardo.com<br><br>Phone: +39 02 7220 6695 |
|---|---|

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

25 February 2015

Luigi Crosti
(Title: Dirigente Responsabile Area Servizi
Operativi Wealth Management)

Annalisa Romano
(Title: Dirigente Responsabile Servizio Legale
Compliance & AML di Gruppo)

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S C. §1152 & 3571.

EVIDENCE OF TRANSFER OF CLAIM

TRANSFER AGREEMENT

TOCE 132