**HEARING DATE AND TIME: May 5, 2015 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 23, 2015 at 4:00 p.m. (Eastern Time)**

> **THE FOUR HUNDRED NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE DOORLEY, AT 212-310-8810.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S FOUR HUNDRED NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on March 23, 2015 Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed the four hundred ninety-sixth omnibus objection to claims (the

WEIL:\95275940\2\58399.0011

"<u>Four Hundred Ninety-Sixth Omnibus Objection to Claims</u>"), and that a hearing (the "<u>Hearing</u>") to consider the Four Hundred Ninety-Sixth Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **May 5, 2015 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred Ninety-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq., and Katherine Doorley, Esq.) and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **April 23, 2015 at 4:00 p.m. (Eastern Time)** (the "<u>Response Deadline</u>").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Ninety-Sixth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Ninety-Sixth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: March 23, 2015
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: May 5, 2015 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 23, 2015 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**THE PLAN ADMINISTRATOR'S FOUR HUNDRED NINETY-SIXTH**
<u>**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**</u>

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FOUR HUNDRED NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE DOORLEY, AT 212-310-8810.**

---

1

WEIL:\95275940\2\58399.0011

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

## RELIEF REQUESTED

1. Each of the proofs of claim listed on Exhibit A annexed hereto (collectively, the "No Liability Claims") was filed against LBHI based upon a purported guarantee of the obligations of Lehman Brothers Commercial Corporation (Asia) ("LBCCA").[1] After reviewing each No Liability Claim and the documentation provided in support thereof, the Plan Administrator has determined that, in each case, LBHI is not liable to the holders of such claims (collectively, the "Claimants") for the reasons set forth herein. Accordingly, the Plan Administrator files this omnibus objection pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of the No Liability Claims.

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] LBCCA is the subject of a foreign insolvency proceeding in Hong Kong and is controlled by its own independent administrator.

2

## BACKGROUND

### A. General Background

3. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates to file omnibus objections to claims on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

5. On December 6, 2011, the Court entered an order confirming the Plan. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### B. The Claims

6. The No Liability Claims assert that LBHI, as an alleged guarantor, is liable for amounts purportedly owed to the Claimants by LBCCA. In support of the No Liability Claims, Claimants rely on a Resolution from the Board of Directors of LBHI, dated June 9, 2005, (hereinafter referred to as the "Corporate Resolution") or a Secretary's Certificate (the "Secretary's Certificate") purporting to guarantee LBCCA's obligations.

7. None of the Claimants provided any evidence that they knew of the Corporate Resolution or the Secretary's Certificate before entering into any of the relevant transactions or that they relied on the Corporate Resolution or the Secretary's Certificate in deciding to transact with LBCCA.

## THE NO LIABILITY CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

8.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

9.  A guaranty is a contractual undertaking by one party, the guarantor, to satisfy the obligations of another party, the primary obligor, to a third party, the creditor, in the event of a default by the primary obligor.  *See Nanjing Textiles IMP/EXP Corp. v. NCC Sportswear Corp.*, No. 06 Civ. 52(JGK), 2006 WL 2337186, at *13 (S.D.N.Y. Aug. 11, 2006); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 1 cmts. f, g (1996); BLACK'S LAW DICTIONARY (9th ed. 2009); 38 AM. JUR. 2D *Guaranty* § 1 (2014).  Like all contracts, acceptance is a crucial element in forming a valid guaranty contract.  The United States Supreme Court in *Davis Sewing-Mach. Co. v. Richards*, 115 U.S. 524 (1885), explained:

> A contract of guaranty, like every other contract, can only be made by mutual assent of the parties. . . . [I]f the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, *needing an acceptance by the other party to complete the contract*.

4

*Id.* at 525 (emphasis added) [2]

10. General guaranties are offers that can be accepted by anyone to whom they are presented, and do not necessarily specify the particular transactions that will be guaranteed. *See Evansville Nat'l Bank v. Kaufman*, 93 N.Y. 273, 276 (1883); 38 AM. JUR. 2D *Guaranty* § 14; *see also Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876, 876 (N.Y. App. Div. 1939) (guarantor provided a letter of credit for buying materials). In contrast, specific guaranties identify the benefiting creditor or, "with precision," the underlying agreements being guaranteed. *See, e.g.*, *Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*, 117 F. Supp. 2d 394, 400 (S.D.N.Y. 2000) (stating that a valid guaranty must describe "with precision the obligation to which the person is bound"). Acceptance of a general guaranty may be indicated by a party extending credit in reliance on the guaranty—and the extension of credit also qualifies as consideration for the guaranty. *See Evansville Nat'l Bank*, 93 N.Y. at 279; 63 N.Y. JUR. 2D *Guaranty and Suretyship* § 78 (2014); *see also Union Carbide Corp. v. Katz*, 489 F.2d 1374, 1376 (7th Cir. 1973); *Farmers' State Bank of York v. Brock*, 234 N.W. 92, 94 (Neb. 1931) (holding that extending credit in reliance on the guaranty provided consideration for the guaranty).

11. Thus, in order to benefit from a general guaranty, a creditor must have known of the existence of the guaranty and acted in reliance upon its terms when entering into the transaction with the primary obligor. As the court in *Federal Deposit Insurance Corp. v. Schumacher*, 660 F. Supp. 6 (E.D.N.Y. 1984), explained:

---

[2] Furthermore, under the New York Statute of Frauds, a guaranty contract must be in writing and signed by the guarantor. *See* N.Y. GEN. OBLIG. LAW § 5-701(a)(2) (McKinney 2002); *see also DeRosis v. Kaufman*, 641 N.Y.S.2d 831, 832–34 (N.Y. App. Div. 1996). The Plan Administrator does not concede, and reserves all of its rights to argue that the Corporate Resolution and the Secretary's Certificate are not guaranty contracts of any kind and that the Corporate Resolution or the Secretary's Certificate would not satisfy the Statute of Frauds.

5

> It is, of course, elementary that a creditor's right to enforce a contract of guaranty **must be based upon knowledge of the existence of the guaranty** and that the credit must be extended *in reliance thereof*[.]

*Id.* at 8 (citations omitted) (emphasis added). Indeed, it is well-settled that:

> A "general" guaranty is addressed to persons generally and may be enforced by anyone to whom it is presented although it has been recognized that the person so acting **must have had definite knowledge of the existence of the guaranty and acted in reliance on it**.

38 AM. JUR. 2D *Guaranty* § 14.

12. Courts consistently require knowledge and reliance in enforcing claims based on general guarantees. *See, e.g., Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876 (N.Y. App. Div. 1939); *see also Joe Balestrieri & Co.* v. *Comm'r of Internal Revenue*, 177 F.2d 867, 873 (9th Cir. 1949) (recognizing the validity of guaranty claim where guaranty was made at the request of the prospective creditor and was delivered by the primary obligor); *J. C. Wattenbarger & Sons v. Sanders*, 30 Cal. Rptr. 910, 915 (Cal. Ct. App. 1963) (rejecting guaranty claim where there was "no proof that credit was extended with knowledge of it and reliance upon it"); *Calcot Ass'n v. Coast Cotton Mills*, 295 P.2d 1, 4 (Cal. Dist. Ct. App. 1956) (recognizing guaranty claim where court recognized that product was delivered to the primary obligor "only because the guaranties had been made").

13. In *Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876 (N.Y. App. Div. 1939), for example, the primary obligor presented potential creditors with a general letter of credit from its guarantor that was intended by the guarantor (the defendant) to be used to secure debts for materials the primary obligor bought on credit. *Id.* at 876. The court, noting that the plaintiff acted "*in reliance upon that letter and promise of credit*" when the plaintiff sold materials to the primary obligor, held that the plaintiff was "entitled to recover from defendant the agreed price of the materials." *Id.* (emphasis added).

6

14. Similarly, *Farmers' State Bank of York v. Brock*, 234 N.W. 92, 92–93 (Neb. 1931), concerned a general guaranty signed by the primary obligor's stockholders so that the primary obligor could obtain further extensions of credit. The court granted judgment only to those guaranty claim creditors "who had knowledge of it and extended credit to the association on the faith and credit of it." *Id.* at 94. As for the other creditors who provided insufficient evidence of knowledge and reliance, the court ruled that there was no consideration for the guaranty and denied judgment. *Id.*

15. To the extent that the Corporate Resolution or the Secretary's Certificate is deemed to be a guaranty at all, they would be, at best, general, rather than specific, guarantees. The Corporate Resolution provides that LBHI "fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto." The Secretary's Certificate provides that LBCCA is a "fully guaranteed subsidiary" of LBHI. Neither the Corporate Resolution nor the Secretary's Certificate identifies any particular counterparties or transactions to which it might apply, much less "with precision." *See Cavendish Traders, Ltd.*, 117 F. Supp. 2d at 400. Accordingly, if the Corporate Resolution or the Secretary's Certificate are deemed to be guarantees at all, they would be enforceable only by those creditors that knew of and relied upon them when transacting business with LBCCA.

16. The No Liability Claims fail to assert any basis to support their knowledge and reliance. Indeed, the Claimants appear to rest entirely on the Corporate Resolution and/or the Secretary's Certificate. As such, none of the Claimants meet the basic threshold of proof necessary here: that they knew of the Corporate Resolution or Secretary's Certificate and relied upon it as a guaranty when entering into the transactions underlying the claims against LBHI, as the law discussed at paragraphs 9 to 14, *supra*, requires. Consequently, the Claimants do not

7

have valid guaranty claims against LBHI, and the No Liability Claims must be disallowed and expunged from the claims register.

17. If the No Liability Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against LBHI.

## RESERVATION OF RIGHTS

18. The Plan Administrator reserves all rights to object on any other bases to any No Liability Claim as to which the Court does not grant the relief requested herein. The Plan Administrator reserves the right to conduct discovery as to the No Liability Claims and any matters raised by claimants and to supplement this and other filings as a result thereof.

## NOTICE

19. No trustee has been appointed in these chapter 11 cases. Notice of this omnibus objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

20. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

8

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: March 23, 2015
      New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

9

## EXHIBIT A

WEIL:\95275940\2\58399.0011

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | BNP PARIBAS WEALTH MANAGEMENT | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/11/2009 | 11437 | $1,081,239.77 * | $1,081,239.77 * | No Liability |
| 2 | DONGBU SECURITIES CO., LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/16/2009 | 14184 | $1,246,901.27 | $1,246,901.27 | No Liability |
| 3 | EUGENE INVESTMENT & SECURITIES CO., LTD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 14936 | $1,495,731.00 * | $1,495,731.00 * | No Liability |
| 4 | HANA BANK AS TRUSTEE AND MY ASSET INVESTMENT MANAGEMENT CO, LTD. AS | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27288 | $3,033,345.60 * | $3,033,345.60 * | No Liability |
| 5 | KOOKMIN BANK AS TRUSTEE AND UBS HANA ASSET MANAGEMENT CO, LTD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27290 | $1,316,248.74 * | $1,316,248.74 * | No Liability |
| 6 | KOOKMIN BANK AS TRUSTEE AND UBS HANA ASSET MANAGEMENT CO, LTD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27291 | $3,656,135.80 * | $3,656,135.80 * | No Liability |
| 7 | KYOBO SECURITIES CO., LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25776 | $6,633,853.00 | $6,633,853.00 | No Liability |
| 8 | MIRAE ASSET SECURITIES CO., LTD. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/09/2009 | 10870 | $10,223,537.89 | $10,223,537.89 | No Liability |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## IN RE: LEHMAN BROTHERS HOLDINGS INC., 08-13555 (SCC)
### OMNIBUS OBJECTION 496: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 9 | STANDARD CHARTERED FIRST BANK AS TRUSTEE AND | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27287 | $1,604,687.20 | $1,604,687.20 | No Liability |
| 10 | WOORI 2 STAR DERIVATIVES FUND KH-3 | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 08/19/2009 | 8699 | $19,893,893.75 | $19,893,893.75 | No Liability |
| 11 | WOORI 2 STAR DERIVATIVES FUND KW-8 | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 08/19/2009 | 8700 | $15,986,759.08 | $15,986,759.08 | No Liability |

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------------x  
In re                                                                      :     Chapter 11 Case No.  
                                                                              :  
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (SCC)  
                                                                              :  
                               Debtors.                        :     (Jointly Administered)  
-----------------------------------------------------------------x  

**ORDER GRANTING FOUR HUNDRED NINETY-SIXTH**  
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILTY CLAIMS)**

Upon the four hundred ninety-sixth omnibus objection to claims, dated March 23, 2015 (the "Four Hundred Ninety-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to disallow and expunge the No Liability Claims pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], all as more fully described in the Four Hundred Ninety-Sixth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Ninety-Sixth Omnibus Objection to Claims having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Ninety-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Ninety-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Ninety-Sixth Omnibus Objection to Claims.

2

ORDERED that the relief requested in the Four Hundred Ninety-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the No Liability Claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
       New York, New York

                                            _____
                                            UNITED STATES BANKRUPTCY JUDGE