**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

## ORDER ESTABLISHING BAR DATE FOR
## DEMANDS FOR POSTPETITION INTEREST
## AGAINST LEHMAN BROTHERS OTC DERIVATIVES INC.
## AND LEHMAN BROTHERS COMMERCIAL CORPORATION

Upon the motion (the "Motion") dated December 22, 2014 of Lehman Brothers

Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"),[1] pursuant to, *inter alia*, section 14.1(e) of the Plan and sections 105(a) and

1142 of title 11 of the United States Code (the "Bankruptcy Code"), to establish a bar date for

demands for postpetition interest against Lehman Brothers OTC Derivatives Inc. ("LOTC") or

Lehman Brothers Commercial Corporation ("LBCC"), and to require all parties asserting rights

to postpetition interest against LOTC and LBCC to submit certain information regarding such

rights, all as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided; and a hearing having been

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion or the Plan, as applicable.

held to consider the relief requested in the Motion; and the Court having found and determined

that the relief sought in the Motion is in the best interests of LOTC and LBCC, their creditors,

and all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

      **ORDERED** that the Motion is granted; and it is further

      **ORDERED** that **April 24, 2015 at 5:00 p.m. (prevailing Eastern Time)** is

established as the deadline (the "Postpetition Interest Bar Date") for each non-Debtor or Non-

Controlled Affiliate holder of a Claim against LOTC and/or LBCC to assert a demand for

postpetition interest (a "Demand") in accordance with this Order unless extended prior to the

Postpetition Interest Bar Date in writing by the Plan Administrator for a particular Claim;[2] and it

is further

      **ORDERED** that each such holder of a Claim against LOTC or LBCC asserting a

Demand, other than such holders that have settled their Demand with LOTC or LBCC (as

applicable) prior to the Postpetition Interest Bar Date, must on or before the Postpetition Interest

Bar Date log on to http://www.lehman-claims.com, and for each Claim:

    a. list the amount of postpetition interest being demanded, denominated in lawful currency of the United States;

    b. provide the calculation of such amount and the source for any rate used in the calculation;

    c. if the Demand is based in whole or in part on the Default Rate as such term is defined in an International Swaps and Derivatives Association Master Agreement (an "ISDA Agreement") with

---

[2] Notwithstanding the foregoing, the Postpetition Interest Bar Date shall be May 15, 2015 at 5:00 p.m. (prevailing Eastern Time) for Demands by (i) Värde Investment Partners, L.P., (ii) Deutsche Bank Securities Inc., (iii) Deutsche Bank AG, (iv) Banc of America Credit Products, Inc., (v) Merrill Lynch Credit Products, LLC, and (vi) Merrill Lynch International (and for funds or accounts managed or advised by any of (i) – (vi) pursuant to an asset management or advisory agreement), for the Claims held by such parties on the date hereof.

LOTC or LBCC ("Default Rate"), provide, to the extent not already provided in (a) or (b) above: (i) each such Default Rate that the current holder of the Claim asserts would be applicable to the Demand if the Court were to rule that the original counterparty to LOTC or LBCC under the ISDA Agreement is the "relevant payee" as used in the definition of Default Rate in the ISDA Agreement; and (ii) each such Default Rate that the current holder of the Claim asserts would be applicable to the Demand if the Court were to rule that the current holder of the Claim is the "relevant payee" as used in the definition of Default Rate in the ISDA Agreement;

d.  upload any documentation in support of (a), (b), and (c) above or, to the extent a Claim has been transferred and the current holder of the Claim cannot obtain or provide such supporting information with respect to the original counterparty to LOTC or LBCC under the ISDA Agreement, a written certification setting forth the reason such party cannot obtain or provide such information; and

e.  provide the name, address, telephone number, facsimile number, and email address of (i) the business contact person for the current holder of each Claim and (ii) the attorney, if any, representing such entity

(the information submitted in connection with the foregoing (a)–(e), "Postpetition Interest Information"); and it is further

**ORDERED** that submission of Postpetition Interest Information shall be subject to the same penalty for presenting a fraudulent claim as was the submission of the underlying Claim against LOTC or LBCC, *see* 18 U.S.C. §§ 152 and 3571; and it is further

**ORDERED that any non-Debtor, Non-Controlled Affiliate entity that does not timely assert a Demand by the Postpetition Interest Bar Date as set forth above shall be deemed to have waived any right it may have to postpetition interest and shall be forever barred, estopped, and enjoined from asserting a right to postpetition interest against LOTC and LBCC, and LOTC and LBCC shall be forever discharged from any and all indebtedness or liability with respect to such right to postpetition interest; and it is further**

**ORDERED** that the procedures set forth in (i) the *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of Claim Objection Procedures* (ECF No. 6664); (ii) the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors* (ECF No. 8474); and (iii) the *Order Modifying Certain Existing Claims Orders* (ECF No. 29505) shall apply to the resolution of Demands based on Claims against LOTC and LBCC, and no such Demand shall be disallowed other than by consent of the holder of a Claim or Order of this Court; and it is further

**ORDERED** that nothing in this Order shall be deemed to (i) adjudicate any substantive issue relating to any aspect of any Demand or other claim or demand for postpetition interest or (ii) enhance or prejudice the rights, claims, defenses and arguments of the Plan Administrator or any holder of a Claim with respect thereto including with respect to any discovery in connection therewith; and it is further

**ORDERED** that nothing in this Order shall prejudice SPCP Group, L.L.C.'s right to prosecute its Motion Under Bankruptcy Code Section 1142(b) to Compel LOTC to Pay Post-Petition Interest as Required by Its Confirmed Plan of Reorganization (ECF No. 47474) or the Plan Administrator's right to object thereto on any basis whatsoever; and it is further

**ORDERED** that notice of the entry of this Order and of the Postpetition Interest Bar Date in substantially the form attached hereto as <u>Exhibit 1</u> (the "<u>Postpetition Interest Bar Date Notice</u>") is approved in all respects and shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before March 25, 2015 upon all record holders of Claims against LOTC or LBCC, to the address

specified in the claim or a 3001(e) notice of transfer, as applicable, as recorded on the claims

register; and it is further

> **ORDERED** that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated:    March 24, 2015
          New York, New York


                                        /S/ Shelley C. Chapman
                                        HONORABLE SHELLEY C. CHAPMAN
                                        UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

<u>**NOTICE OF DEADLINE FOR DEMAND FOR POSTPETITION INTEREST**</u>

TO ALL HOLDERS OF CLAIMS AGAINST
LEHMAN BROTHERS OTC DERIVATIVES INC. OR
LEHMAN BROTHERS COMMERCIAL CORPORATION:

      **PLEASE TAKE NOTICE THAT**, pursuant to an order of the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered on [March __], 2015 (the "<u>Postpetition Interest Bar Date Order</u>"), **5:00 p.m. (prevailing Eastern Time) on April 24, 2015** (the "<u>Postpetition Interest Bar Date</u>") **is the last date and time that any holder of a Claim,[1] including a Disputed Claim, against Lehman Brothers OTC Derivatives Inc. ("<u>LOTC</u>") or Lehman Brothers Commercial Corporation ("<u>LBCC</u>") may assert a demand for postpetition interest** (unless such date or time is extended prior to the Postpetition Interest Bar Date in writing by the Plan Administrator for a particular claim).

      The Postpetition Interest Bar Date Order, the Postpetition Interest Bar Date and the procedures set forth below apply to all Claims against the LOTC or LBCC other than claims held by Debtors and Debtor-Controlled Entities.

**1.    WHEN AND HOW TO ASSERT A DEMAND**

      Each holder of a Claim against LOTC *or* LBCC, other than such holders that have previously settled their postpetition interest demands with LOTC or LBCC (as applicable) prior to the Postpetition Interest Bar Date, must for each such Claim on or before the Postpetition Interest Bar Date, log on to http://www.lehman-claims.com, and:

      a.  list the amount of postpetition interest being demanded, denominated in lawful currency of the United States;

      b.  provide the calculation of such amount and the source for any rate used in the calculation;

      c.  if the Demand is based in whole or in part on the Default Rate as such term is defined in an International Swaps and Derivatives

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given them in the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (ECF No. 23023, Ex. A). A copy of the Plan is available at www.lehman-docket.com or may be requested of the Plan Administrator's counsel.

Association Master Agreement (an "ISDA Agreement") with LOTC or LBCC ("Default Rate"), provide, to the extent not already provided in (a) or (b) above: (i) each such Default Rate that the current holder of the Claim asserts would be applicable to the Demand if the Court were to rule that the original counterparty to LOTC or LBCC under the ISDA Agreement is the "relevant payee" as used in the definition of Default Rate in the ISDA Agreement; and (ii) each such Default Rate that the current holder of the Claim asserts would be applicable to the Demand if the Court were to rule that the current holder of the Claim is the "relevant payee" as used in the definition of Default Rate in the ISDA Agreement;

d. upload any documentation in support of (a), (b), and (c) above or, to the extent a Claim has been transferred and the current holder of the Claim cannot obtain or provide such supporting information with respect to the original counterparty to LOTC or LBCC under the ISDA Agreement, a written certification setting forth the reason such party cannot obtain or provide such information; and

e. provide the name, address, telephone number, facsimile number, and email address of (i) the business contact person for the current holder of each Claim and (ii) the attorney, if any, representing such entity

(the information submitted in connection with the foregoing (a)–(e), "Postpetition Interest Information").

Postpetition Interest Information may **not** be delivered by any other means, including mail, messenger, facsimile, telecopy, or electronic mail transmission.

Postpetition Interest Information must be written in the English language. If you are asserting an entitlement to postpetition interest on account of more than one Claim, your Postpetition Interest Information must be supplied separately with respect to each such Claim.

**2.      CONSEQUENCES OF FAILURE TO ASSERT A DEMAND IN ACCORDANCE WITH THESE PROCEDURES**

**Any entity that fails to provide Postpetition Interest Information in accordance with the Postpetition Interest Bar Date Order on or before the Postpetition Interest Bar Date will be forever barred, estopped, and enjoined from asserting a right to postpetition interest against LOTC or LBCC and shall not be permitted to participate in any Distribution in satisfaction of postpetition interest.**

**Entities receiving this notice should consult an attorney with any questions regarding this notice.**

Dated:    March __, 2015                          BY ORDER OF THE COURT
          New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*