## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIMS

TO:   THE CHAPTER 11 ESTATES AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, FIELD STREET MASTER FUND, LTD. (the "Transferor") hereby unconditionally and irrevocably transfers and assigns to LB I GROUP, INC. (the "Transferee"), and the Transferee hereby agrees to receive, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto, in the Transferor's right, title and interest in and to (i) proof of claim number 19681 filed by or on behalf of the Transferor against Lehman Brothers Holdings Inc. ("LBHI") and (ii) proof of claim number 19682 filed by or on behalf of the Transferor against Lehman Brothers Special Financing Inc. ("LBSF", and together with LBHI the "Chapter 11 Estates") in the chapter 11 case (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP), as modified by that certain Termination Agreement dated as of November 24, 2010, among Transferor and the Chapter 11 Estates, and as allowed pursuant to the Court's Order Granting Debtors' One Hundred Fourth Omnibus Objection to Claims (Settled Derivatives Claims), dated May 5, 2011 [docket no. 16600] (together, the "Assigned Claims"), (b) all rights and benefits of the Transferor relating to the Assigned Claims, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Assigned Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Assigned Claims, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Chapter 11 Estates or any other party, arising out of or in connection with the Assigned Claims, and (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Assigned Claims, and (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims").

2.   The Transferor hereby represents and warrants to the Transferee that, to the best of its knowledge and belief: (a) the Transferred Claims are transferred free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by the Transferor or against the Transferor; (b) the Transferor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claims; and (c) the Transferor has not engaged in any acts, conduct or omissions that will result in the Transferee receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   The Transferor hereby waives any objection to the transfer of the Assigned Claims to the Transferee on the books and records of the Chapter 11 Estates and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy

1

US_ACTIVE:\44345656\4\58399.0003
43507228v2

Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of the Transferor by the Transferee for all purposes in the case, including, without limitation, for distribution purposes with respect to the Assigned Claims. The Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) attaching this Agreement and Evidence of Transfer of Claims. The Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to the Transferor transferring to the Transferee the Assigned Claims, recognizing the Transferee as the sole owner and holder of the Assigned Claims, and directing that all payments or distributions of money or property in respect of the Assigned Claims be delivered or made to the Transferee.

4. All representations, warranties and covenants shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claims and the transactions described herein. The Transferee shall not be entitled to transfer or assign its rights under such representations, warranties or covenants, provided however, that nothing shall prevent the Transferee from transferring or assigning the Transferred Claims.

5. The Transferee acknowledges that the Transferor has delivered to the Transferee all distributions received by the Transferor from the Chapter 11 Estates in or before October 2014 in respect of the Assigned Claims. The Transferor shall as soon as reasonably practicable after receipt remit any further payments, distributions or proceeds received by the Transferor in respect of the Transferred Claims to the Transferee.

6. The Transferee, on behalf of itself and its affiliates, successors and assigns (collectively, "Releasors"), hereby releases and forever discharges Transferor and its members, managers, directors, officers, principals, agents, representatives, employees, affiliates, successors and assigns (collectively, the "Releasees"), from any and all claims, demands, causes of action, and liabilities of any kind whatsoever (upon any legal or equitable theory, whether contractual, common-law, statutory, federal, state, local, or otherwise), whether known or unknown, which the Releasors ever had, now have or may have against any of the Releasees, based on or arising out of any matter, cause, act or omission whatsoever related to the Assigned Claims, occurring or existing at any time, except only for claims arising under this Agreement and Evidence of Transfer of Claims.

7. Each of the Transferor and the Transferee agrees, in each case at the Transferee's expense, to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claims.

8. The Transferor's and the Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). The Transferor and the Transferee each submit to the jurisdiction of the courts located in the County of New York in the State of New York in any action arising from this Agreement and Evidence of Transfer of Claims. In any such action each party hereto consents to service of process by certified mail at its address listed under its signature below.

2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIMS is executed this ___ day of March 2015.

| FIELD STREET MASTER FUND, LTD. | LB I GROUP, INC. |
|---|---|
| By: ~~Name: Paul Iaboni~~ | By: _____ |
| Name: _____ | Name: Christopher Mosher |
| Title: ~~Title: Authorized Signatory~~ | Title: VP |
| Address: c/o Field Street Capital Management, LLC, 1140 Avenue of the Americas, 6th Floor, New York, NY 10036, United States of America | Address: 1271 Avenue of the Americas, 40th Floor, New York, NY 10020, United States of America |

3

## SCHEDULE I

### Assigned Claims

| Claim Number | Transferor Creditor | Transferee Creditor | Debtor | Allowed Amount |
|---|---|---|---|---|
| 19681 | FIELD STREET MASTER FUND, LTD. | LB I GROUP, INC. | LEHMAN BROTHERS HOLDINGS INC. | $5,800,000.00 |
| 19682 | FIELD STREET MASTER FUND, LTD. | LB I GROUP, INC. | LEHMAN BROTHERS SPECIAL FINANCING INC. | $5,800,000.00 |

4