HEARING DATE AND TIME: April 8, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: March 30, 2015 at 4:00 p.m. (Eastern Time)

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
Franklin H. Top, III (admitted *pro hac vice*)

-and-

CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas, 30th Floor
New York, New York  10020-1708
Telephone:  (212) 655-6000
Craig M. Price (CP-9039)

*Attorneys for National Australia Bank Limited*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | CHAPTER 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | CASE NO. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF NATIONAL AUSTRALIA BANK LIMITED TO DEBTORS MOTION TO ALLOW DISCLOSURE OF THE DERIVATIVE QUESTIONNAIRES PURSUANT TO SECTION 107(a) OF THE BANKRUPTCY CODE**

NOW COMES National Australia Bank Limited ("NAB"), by and through its counsel, Chapman and Cutler LLP, to object (the "*Objection*") to Debtors' *Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code* (the "*Motion*") [D.I. 48939].[1]  In support of its Objection, NAB states as follows:

---

[1] Capitalized terms not otherwise defined herein shall be ascribed the same meaning as in the Motion.

## BACKGROUND

On September 15, 2008, and periodically thereafter, Lehman and certain of its affiliates (the "*Debtors*") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. At the time of the filing of their petitions, Debtors were party to thousands of prepetition derivative contracts. This included various agreements with NAB (collectively, the "NAB *Derivative Agreements*"). As noted in the Motion, Debtors' bankruptcy filing constituted a default under various derivative contracts, including the NAB Derivative Agreements.

In order to process claims related to its derivative contracts (including the NAB Derivative Agreements), Debtors filed their *Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form* (the "*Bar Date Motion*") [D.I. 3654], whereby Debtors sought to establish a means by which derivative counterparties could provide the information required to assert and support their claims.

Various parties objected to the Bar Date Motion and questioned whether the information would be kept confidential. These objections were summarized by Debtors in their Response:

> The Bar Date Motion fails to address whether the information uploaded to the website will be confidential, may be redacted prior to submission to protect proprietary or confidential information, and whether such information would be disclosed to other parties without a court order.

*See* Item 6 of Exhibit A of *Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form* [D.I. 4113].

In response to the objections regarding whether the materials provided would be kept confidential and/or should be redacted prior to its production, Debtors agreed to amend their proposed order to provide that:

> [T]he information submitted on the website http://www.lehmanclaims.com in respect of Derivatives Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information, the Debtors, the Creditors' Committee and their respective advisors and counsel.

*See Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "*Bar Date Order*") [Docket No. 4271] at 9. The Court approved the Bar Date Order on July 9, 2009.

Acting in compliance with the terms of the Bar Date Order, NAB timely submitted various information related to the NAB Derivative Agreements (the "*NAB Questionnaires*") to Debtors in order to preserve and seek allowance of NAB's claims related to the NAB Derivative Agreements. In doing so, NAB relied upon the provisions of the Bar Date Order specifying that any materials provided would remain confidential.

As set forth in the Motion, Debtors now assert that certain claim objections and adversary proceedings (collectively, the "*Litigation Claims*") have been filed by or against various counterparties (the "*Litigation Claimants*"). In connection with these Litigation Claims, Debtors now state that: "Certain of the Litigation Claimants have served (or will serve) document requests and subpoenas seeking production of the Derivative Questionnaires." Motion at 3. As a result, pursuant to the Motion, and notwithstanding the language contained in the Bar Date Order, Debtors now seek permission to disclose the various information provided in the Derivative Questionnaires, including the NAB Questionnaires. The Motion does not specify the purpose for such disclosure, or whether such information will be maintained in a confidential manner by the Litigation Claimants. However, as with any production, it is conceivable that any

information produced may be introduced into evidence or included in or filed with court papers in those litigations and proceedings, such that they may become public. In fact, in the Motion, Debtors specifically admit that such information could become public in such a manner: "If, however, information contained in the Derivative Questionnaires is later filed with the Court, such information need not be redacted and/or filed under seal." *See* Motion at 7.

**OBJECTION**

In assembling the NAB Questionnaires, NAB specifically relied on both Debtors' assurances of confidentiality and the protections afforded under the provisions of the Bar Date Order. As a result of such reliance, NAB provided confidential information to Debtors that it would not have otherwise provided had it believed such information could be made public. NAB believes certain of the information in the NAB Questionnaires is highly confidential. NAB believes such information falls squarely within the exception to disclosure provided in section 107(b)(1) of the Bankruptcy Code, which is designed to "protect an entity with respect to a trade secret or confidential research, development, or commercial information; …."

As a result, NAB objects to the disclosure of this information to third parties in contravention of the protections guaranteed under the Bar Date Order. The terms of the Bar Date Order assured NAB that the information provided in the NAB Questionnaires would remain non-public. Had NAB believed the information may become public, it would have tailored the information provided therein in a different manner or chose not to include certain information. NAB believes any difficulty that Debtors have in producing the information sought in the Litigation Claims does not rise above the damage that could possibly befall NAB if its confidential information is made public, especially given the representations of confidentiality made to the Court by Debtors.

As a result, because NAB believes the information provided to Debtors should remain confidential, NAB respectfully requests that its NAB Questionnaires not be released to third parties and remain confidential pursuant to the terms of the Bar Date Order.

To the extent that such relief is not granted, however, at a minimum, NAB requests that it be given an opportunity to review all of the information it provided in the NAB Questionnaires and be allowed to redact any information that it believes should remain protected prior to the Debtors being allowed to produce it to third parties.  As in any litigation, parties are entitled to redact privileged or confidential information from a production.  Such right should not be denied to NAB notwithstanding that it gave such information to Debtors, especially where such information was given under the guise of the Bar Date Order which promised that such information would remain confidential.

WHEREFORE, NAB respectfully requests that the relief requested in the Motion be denied, or in the alternative, that the Court allow NAB to review and redact confidential information from the NAB Questionnaires prior to any disclosure.

Dated: March 30, 2015
       New York, New York

       Respectfully submitted,

       National Australia Bank Limited

       By    s/ Craig M. Price
            One of Its Attorneys

       CHAPMAN AND CUTLER LLP
       111 West Monroe Street
       Chicago, Illinois  60603
       Telephone:  (312) 845-3000
       Franklin H. Top, III (admitted *pro hac vice*)

       -and-

       CHAPMAN AND CUTLER LLP
       1270 Avenue of the Americas, 30th Floor

                New York, New York  10020-1708
                Telephone:  (212) 655-6000
                Craig M. Price (CP-9039)