**HEARING DATE AND TIME: April 8, 2015 at 10:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: March 30, 2014 at 4:00 p.m. (Eastern Time)**

Bennette D. Kramer
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
(212) 344-5400
bdk@schlamstone.com

*Attorneys for Citadel Energy Investments Ltd.*
*and Citadel Equity Fund Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X
In re                                                          :    Chapter 11 Case No.
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                   :    08-13555 (JMP)
                                                               :
          Debtors.                                             :    (Jointly Administered)
----------------------------------------------------------------X

**OBJECTION OF CITADEL ENERGY INVESTMENTS LTD. AND CITADEL EQUITY FUND LTD. TO THE MOTION TO ALLOW DISCLOSURE OF THE DERIVATIVE QUESTIONNAIRES PURSUANT TO SECTION 107(a) OF THE BANKRUPTCY CODE**

Citadel Energy Investments Ltd. and Citadel Equity Master Fund Ltd. (together, the "Citadel Entities"), by and through its undersigned counsel, hereby submits this objection (this "Objection")[1] to the Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code (the "Motion"), as follows:

**BACKGROUND**

1.  Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors, and on behalf of its affiliates (collectively, "Lehman"), together with the Official Committee of Unsecured Creditors (together with Lehman, the "Movants"), by their Motion seek an order (1) "that, notwithstanding anything to the contrary in the Bar Date Order, Movants are authorized to use and produce the Derivative Questionnaires as discovery materials in any Lehman-related adversary proceeding or claim objection" and (2) "that in the event information contained in the Derivative Questionnaires is subsequently filed with the Court, such information shall not be entitled to sealed treatment."

2.  On July 2, 2009, this Court (Honorable James M. Peck) signed the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order required each holder of a claim arising from a Derivative Contract to complete an electronic Derivative Questionnaire and upload specified documents supporting the claim. Following objections to the proposed Bar Date Order voicing concern by claimants about the potential disclosure of proprietary and commercially sensitive information contained in the Derivative Questionnaires and supporting documents, Lehman agreed to amend the proposed Bar Date Order to provide that:

> [T]he information submitted on the website http://www.lehman-claims.com in respect of Derivatives Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information, the Debtors, the Creditors' Committee and their respective advisors and counsel.

Bar Date Order at 9.

---

[1] Capitalized terms used but not defined herein shall have the definition ascribed to them in the Motion.

3.      The Movants now seek to undo this negotiated provision of the Bar Date Order, claiming that: (1) the requirement of restricting accessibility has become too burdensome in light of claim objections and adversary proceedings; (2) numerous litigants have requested production of the Derivative Questionnaires; (3) bankruptcy records are presumptively open to public inspection; (4) the data submitted with the Derivative Questionnaires is from publicly available market sources and is not confidential; and (5) the material is out of date, therefore any concerns about confidentiality are unwarranted.

## ARGUMENT

### I.      Information Filed with the Derivative Questionnaires Is Not Outdated and Therefore the Limitation on Access Should be Maintained

4.      The Movants argue, with no support, that "it is highly unlikely, and entirely speculative" that the release of the Derivative Questionnaires would place Lehman's derivative counterparties at a commercial disadvantage with their competitors.  Nothing could be further from the truth, as this Court recognized when it amended the Bar Date Order to limit accessibility to the Derivative Questionnaires.  Although the trade information and valuations compiled by the Citadel Entities to support their termination calculations are now nearly 6 years old, that information may reveal confidential information about the Citadel Entities' trading counterparties and proprietary trading strategies that may still be relevant today.

5.      The Movants contend that the market data submitted with the Derivative Questionnaires comes from publicly available market sources and is not confidential.  That may be true in a small number of cases, but in many cases the market data was obtained from third parties and was not publicly available. The compiled valuation data also included proprietary information about the calculation methods used for the valuation of trades.

6. The Derivative Questionnaires also included the Citadel Entities' negotiated ISDA Master Agreements with Lehman (the "Lehman ISDAs"). The Lehman ISDAs contain confidential commercial and legal terms that were carefully negotiated with Lehman for that specific trading relationship and some of which are considered to be proprietary by the Citadel Entities. If the Lehman ISDAs were available to third party litigants – some of which include the industry's largest global swap dealers and competitors of the Citadel Entities – these litigants would have the ability to scrutinize and leverage their knowledge of the Lehman ISDAs' terms in their future negotiations with the Citadel Entities, thereby placing the Citadel Entities at a competitive disadvantage vis-à-vis those counterparties.

7. As the Movants point out, Bankruptcy Code Section 107(b) permits the Court to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." The information included in the Derivative Questionnaires and related documentation remains as confidential and commercially sensitive today as it was when the Bar Date Order was negotiated.

8. The Movants' claim that restricting access to the Derivative Questionnaires has become too burdensome in light of its many claim objections and adversary proceedings. However, the Court must balance that inconvenience against the concerns of the counterparties who sought the restrictions included in the Bar Date Order. The commercial reasons for protecting the confidential and proprietary information submitted in connection with the Derivative Questionnaires heavily outweigh any inconvenience described by the Movants in their Motion.

**II.     At the Very Least, Proprietary Commercial Information Should be Redacted or Removed from Any Information Disclosed to Third Party Litigants**

9.      If the Court grants the Motion, the Citadel Entities request that the Court direct that all identifying, confidential and proprietary information be redacted from any disclosed documents.  For example, it is possible to disclose the numbers or values included in valuation statements without disclosing the source of those numbers or values. In addition the Court should narrow the disclosures to the specific data requests made by third party litigants and not permit the Movants to disclose to any person, or should require the Movants to redact in their entirety, the Lehman ISDAs and any other individually negotiated agreements, including Guarantees.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Citadel Entities respectfully request that this Court deny the Movants' Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code, and, alternatively, if the Court grants the Motion, direct Movants to redact all identifying, confidential and proprietary information from any documents disclosed, including any negotiated agreement such as the Lehman ISDAs and any Guarantees, and grant such other, further or different relief as this Court deems just and proper.

Dated: New York, New York
March 30, 2015

SCHLAM STONE & DOLAN LLP

By:   s/ Bennette D. Kramer

Bennette D. Kramer (BK-1269)
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
(212) 344-5400
bdk@schlamstone.com

*Attorneys for Citadel Energy Investments Ltd. and Citadel Equity Master Fund Ltd.*

OF COUNSEL
Lauren Teigland-Hunt
Teigland-Hunt LLP
127 West 24th Street, 4th Floor
New York, NY 10011
(212) 269-1600
lth@t-hllp.com