HEARING DATE AND TIME: April 8, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: March 30, 2015 at 4:00 p.m. (Eastern Time)

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
Franklin H. Top, III (admitted *pro hac vice*)

-and-

CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas, 30th Floor
New York, New York  10020-1708
Telephone:  (212) 655-6000
Craig M. Price (CP-9039)

*Attorneys for Bank of Montreal*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | CHAPTER 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | CASE NO. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF BANK OF MONTREAL TO DEBTORS' MOTION TO ALLOW
DISCLOSURE OF THE DERIVATIVE QUESTIONNAIRES PURSUANT TO SECTION
107(a) OF THE BANKRUPTCY CODE**

NOW COMES Bank of Montreal ("*BMO*"), by and through its counsel, Chapman and

Cutler LLP, to object (the "*Objection*") to Debtors' *Motion to Allow Disclosure of the Derivative

Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code* (the "*Motion*") [D.I. 48939].[1]

In support of its Objection, BMO states as follows:

---

[1]   Capitalized terms not otherwise defined herein shall be ascribed the same meaning as in the Motion.

3770280.01.01.docx

## BACKGROUND

On September 15, 2008, and periodically thereafter, Lehman and certain of its affiliates (the "*Debtors*") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  At the time of the filing of their petitions, Debtors were party to thousands of prepetition derivative contracts.  This included various agreements with BMO and its affiliates (collectively, the "*BMO Derivative Agreements*").  As noted in the Motion, Debtors' bankruptcy filing constituted a default under various derivative contracts, including the BMO Derivative Agreements.

In order to process claims related to its derivative contracts (including the BMO Derivative Agreements), Debtors filed their *Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form* (the "*Bar Date Motion*") [D.I. 3654], whereby Debtors sought to establish a means by which derivative counterparties could provide the information required to assert and support their claims.

Various parties objected to the Bar Date Motion, including BMO.  *See Joinder of Bank of Montreal, BMO Nesbitt Burns, Inc. and BMO Capital Markets Corp. to Objections to Motions of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form* [D.I. 4026].  Among BMO's various objections to the Bar Date Motion was the argument that Debtors were seeking more information than was necessary to establish a valid *prima facie* claim.  Importantly, other objectors also questioned whether the information would be kept confidential.  These objections were summarized by Debtors in their Response:

> The Bar Date Motion fails to address whether the information uploaded to
> the website will be confidential, may be redacted prior to submission to

protect proprietary or confidential information, and whether such information would be disclosed to other parties without a court order.

*See* Item 6 of Exhibit A of *Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form* [D.I. 4113].

> In response to the objections regarding whether the materials provided would be kept confidential and/or should be redacted prior to its production, Debtors agreed to amend their proposed order to provide that:[T]he information submitted on the website http://www.lehmanclaims.com in respect of Derivatives Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information, the Debtors, the Creditors' Committee and their respective advisors and counsel.

*See Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "*Bar Date Order*") [Docket No. 4271] at 9. The Court approved the Bar Date Order on July 9, 2009.

In order to preserve and seek allowance of BMO's claims related to the BMO Derivative Agreements, and acting in compliance with the terms of the Bar Date Order, BMO timely submitted to Debtors various information related to the Derivative Agreements (the "*BMO Questionnaires*"). In doing so, BMO relied upon the provisions of the Bar Date Order specifying that any materials provided would remain confidential.

As set forth in the Motion, Debtors now assert that certain claim objections and adversary proceedings (collectively, the "*Litigation Claims*") have been filed by or against various counterparties (the "*Litigation Claimants*"). In connection with these Litigation Claims, Debtors now state that: "Certain of the Litigation Claimants have served (or will serve) document requests and subpoenas seeking production of the Derivative Questionnaires." Motion at 3. As a result, pursuant to the Motion, and notwithstanding the language contained in the Bar Date

Order, Debtors now seek permission to disclose the information provided in the Derivative Questionnaires, including the BMO Questionnaires. The Motion does not specify the purpose for such disclosure, or whether such information will be maintained in a confidential manner by the Litigation Claimants. However, as with any production, it is conceivable that any information produced may be introduced into evidence or included in or filed with court papers in those litigations and proceedings, such that they may become public. In fact, in the Motion, Debtors specifically admit that such information could become public in such a manner: "If, however, information contained in the Derivative Questionnaires is later filed with the Court, such information need not be redacted and/or filed under seal." *See* Motion at 7. It also is possible that the disclosure of such information may result in Debtors or their adversaries seeking to take non-party discovery from some derivatives claimants, including BMO.

## OBJECTION

BMO worked diligently in order to gather, process and produce the various BMO Questionnaires. In doing so, BMO specifically relied on Debtors' assurances of confidentiality and the provisions of the Bar Date Order. As a result of such reliance, BMO provided information to Debtors as part of the BMO Questionnaires that it would not have done otherwise had it believed such information could be made public. Specifically, this information includes critical and extremely confidential information related to its accounts, wire instructions, information regarding BMO's various derivative agreements with other parties and its investment strategies. BMO believes that this type of information is critical to its operations and falls squarely within the exception to disclosure provided in section 107(b)(1) of the Bankruptcy Code, which is designed to "protect an entity with respect to a trade secret or confidential research, development, or commercial information; …."

While the BMO Questionnaires were submitted five years ago, some of the information contained in them may remain current. Had BMO believed that the BMO Questionnaires might

-4-

become publicly accessible, it would have tailored the information provided therein in a different manner or chose not to include certain information. While BMO understands Debtors' desire to produce information sought in the Litigation Claims, it does not believe that need to produce such documents outweighs the damage that BMO could face if the BMO Questionnaires are made public, especially given the representations of confidentiality made to the Court by Debtors.

As a result, because BMO believes the information provided to Debtors as part of its BMO Questionnaires contains critical and damaging information, BMO respectfully requests that its BMO Questionnaires not be released to third parties and remain confidential pursuant to the terms of the Bar Date Order.

To the extent that such relief is not granted, however, at a minimum, BMO requests that it be given an opportunity to review the information it provided in the BMO Questionnaires and be allowed to redact any information that should remain protected. As in any litigation, parties are entitled to redact privileged or highly sensitive information, such as wire instructions and account information. This right should not be denied to BMO, especially where it gave this information to Debtors pursuant to the Bar Date Order which promised that such information would remain confidential. Furthermore, BMO also requests that any information contained in the BMO Questionnaires produced by Debtors to third parties be subject to an express stipulation that such information be kept confidential and not be publicly disclosed.

[Remainder of Page Intention Left Blank]

WHEREFORE, BMO respectfully requests that the relief requested in the Motion be denied, or in the alternative, that the Court allow BMO to review and redact confidential information from the BMO Questionnaires prior to any disclosure and that any party receiving such information stipulate that such information will remain confidential.

Dated: March 30, 2015
     New York, New York

              Respectfully submitted,

              Bank of Montreal

              By___s/ Craig M. Price_____
                  One of Its Attorneys

              CHAPMAN AND CUTLER LLP
              111 West Monroe Street
              Chicago, Illinois 60603
              Telephone: (312) 845-3000
              Franklin H. Top, III (admitted *pro hac vice*)

              -and-

              CHAPMAN AND CUTLER LLP
              1270 Avenue of the Americas, 30th Floor
              New York, New York 10020-1708
              Telephone: (212) 655-6000
              Craig M. Price (CP-9039)