**HEARING DATE AND TIME: April 8, 2015 at 10:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: March 30, 2015 at 4:00 p.m. (Eastern Time)**

James M. Ringer  que
Austin D. Kim
MEISTER SEELIG & FEIN LLP
125 PARK AVENUE
NEW YORK, NEW YORK 10017
*Attorneys for KfW (a.k.a. Kreditanstalt fur Wiederaufbau)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
In re:                                              :        Chapter 11
                                                    :        Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.,*            :
                                                    :
Debtors.                                            :
-------------------------------------------------------------X

**OBJECTION TO MOTION TO ALLOW DISCLOSURE**
**OF THE DERIVITIVE QUESTIONNAIRES**

      KfW (aka Kreditanstalt Fur Wiederaufbau) ("KfW") by and through its undersigned counsel, hereby submits this OBJECTION to the motion of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (collectively, "Lehman"), together with the Official Committee of Unsecured Creditors (the "Creditors Committee,") for an Order To Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code (the "Motion").

      1.      KfW objects to the Motion insofar as it would allow the disclosure of the Termination Agreement described below in direct contravention of the confidentiality agreement contained therein.

BACKGROUND

2.   In accordance with the order establishing the deadline for filing proofs of claim against the Debtors dated July 2, 2009, KfW filed Claims against LBSF and LBHI, respectively, on September 21, 2009 (the "Claims").

3.   On or about September 17, 2009 KfW, LBHI and LBSF, with the approval and consent of the Official Committee of Unsecured Creditors, entered into a termination agreement with respect to the transactions underlying the Claims (the "Termination Agreement"). The Termination Agreement provided for an allowed direct claim against LBSF and allowed guarantee claim against LBHI each in the amount of $230,000,000 (the "Claim Amount") subject to the terms of the Termination Agreement.

4.   The Termination Agreement includes a carefully negotiated confidentiality provision that provides in relevant part:

> 13.   Confidentiality. No Party shall voluntarily disclose this Termination Agreement . . . ("Confidential Information") . . . to any other person or entity, except that each of the Parties may disclose Confidential Information as (but only to the extent) necessary:
> (a) to its directors, officers, employees, counsel, and other advisors who need to know such information (each a "Related Party" and, collectively, "Related Parties") solely for the purpose of effecting this Termination Agreement;
> (b) to the Creditors' Committee and its counsel and other advisors who need to know such information (collectively, the "Committee Parties") solely for the purpose of effecting this Termination Agreement;
> (c) to any accountant or auditor who reasonably needs such information;
> (d) as required by the Internal Revenue Service, any state tax agency, or any other government regulatory or supervisory agencies or bodies having authority over a Party, including for the avoidance of doubt, parliamentary inquiries;

>   (e) to a court of competent jurisdiction in order to enforce the terms of this Termination Agreement or the releases granted herein (provided that the Party making such disclosure shall use all reasonable efforts to have the Confidential Information filed or lodged with, and maintained by, the court under seal);
>   (f) as ordered by a court of competent jurisdiction; and
>   (g) as otherwise required by law.
>
> If disclosure under subparagraphs (e) through (g) is contemplated, the Party contemplating such disclosure shall, unless prohibited by law, use commercially reasonable efforts to provide prompt notice to each other Party, sufficiently in advance of the contemplated disclosure, in order to allow the other Parties an opportunity to contest such disclosure in a court of law or seek a protective order or other appropriate remedy. If such a protective order or other protective remedy is not obtained, the Party making disclosure shall furnish only that portion of Confidential Information that is legally required, in the opinion of its own counsel, and will exercise reasonable efforts to obtain reliable assurances that confidential treatment will be accorded such Confidential Information. The Parties expressly agree, however, to cooperate with each other, in good faith, in an effort to maintain the confidentiality of the Confidential Information, including in response to any discovery request, subpoena or other legal process seeking the disclosure of any Confidential Information. Moreover, before making disclosure under subparagraphs (a) through (c), the Parties shall first secure and retain the written agreement of the parties to whom disclosure is to be made to the confidentiality provisions contained in this Paragraph 13, unless the parties to whom disclosure is to be made are subject to professional confidentiality obligations.

4. On July 9, 2009 this Court entered the Bar Date Order providing, in part, that:

> [T]he information submitted on the website http://www.lehmanclaims.com in respect of Derivatives Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information, the Debtors, the Creditors' Committee and their respective advisors and counsel.

Bar Date Order at 9.

5. On or about October 19, 2009 KfW filed Derivatives Questionnaires in respect of its Claims against LBSF and LBHI as resolved by the Termination Agreement. In accordance with the instructions on the Derivatives Questionnaire and in reliance on the express provisions

of the Bar Date Order quoted above that preserved the confidentiality of the information and documents submitted with the Derivative Questionnaires, KfW filed a copy of the Termination Agreement with the completed Questionnaires.

6. Movants have failed to comply with the carefully negotiated confidentiality provisions of the Termination Agreement and disclosure of the Termination Agreement as proposed by Movants would abrogate KfW's rights under the Termination Agreement.

7. Movants have offered no justification or basis for abrogating the confidentiality provisions of the Termination Agreement. Moreover, they have shown no need or reason why the Termination Agreement should be disclosed to the Litigation Claimants or any relevance of the Termination Agreement to the Litigation Claims. In fact, Movants state only that "certain Litigation Claimants" have taken the position that the Derivative Questionnaires are relevant to the Litigation Claims. Despite the fact that they have not accepted that they are relevant or admissible Movants have agreed to produce them and "reserved" the right to use them themselves. At a minimum, this is in clear breach of their agreement in the Termination Agreement to produce "only that portion of Confidential Information that is legally required" and to "exercise reasonable efforts to obtain reliable assurances that confidential treatment will be accorded such Confidential Information." They have done neither and propose to dispense with the requirement without any justification other than convenience.

8. Moreover, it is clear that the Termination Agreement is not in any way relevant or necessary to the Litigation Claims. The Termination Agreement does not contain any trade information or snapshots of market data compiled by counterparties for purposes of submitting claims against the Lehman estates. The only possibly even marginally relevant information in

the Termination Agreement is the amount for which the Claims were settled and that amount has been publicly disclosed in this Court's Order dated June 30, 2011 allowing the Claims in the settled amount as permitted by the Termination Agreement.

9. While professing that providing confidential treatment and complying with the terms to which they agreed would be expensive and burdensome, the claim is facially untrue. KfW has no objection to the disclosure of any part of the Derivative Questionnaire other than the Termination Agreement. Movants have offered no justification for breaching the carefully negotiated confidentiality provisions of the Termination Agreement. They offer nothing to show any need for its disclosure in connection with the Litigation Claims. It would be a simple matter to exclude from production the Termination Agreement or, alternatively to obtain a protective order applying to the Termination Agreement (or any other agreement submitted with a Derivative Questionnaire that includes a confidentially provision agreed to by the Movants). The only reason for Movants request is convenience and convenience is not, and should not be, a ground for ignoring express contractual obligations.

WHEREFORE, KfW respectfully requests that the Court deny the relief requested by Movants herein unless the order is modified to provide continued confidential protection to the Termination Agreement and such other and further relief as is just.

Dated: March 30, 2015
New York, New York

    Respectfully submitted,

    MEISTER SEELIG & FEIN LLP

    By   */s/ James M. Ringer*
        James M. Ringer
        Austin D. Kim
    *Attorneys for KfW (a.k.a. Kreditanstalt fur Wiederaufbau)*