Hearing Date and Time:  April 8, 2015 at 10:00 a.m.
Objection Deadline:  March 30, 2015 at 4:00 p.m.

Brad S. Karp
Theodore V. Wells, Jr.
Claudia L. Hammerman
Stephen J. Shimshak
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019-6064

*Attorneys for Citibank, N.A. and Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>　　　　　　　　　　　　　　　Debtors. | Chapter 11<br>Case No. 08-13555 (SCC) |

**CITI'S STATEMENT IN SUPPORT OF MOTION TO ALLOW
DISCLOSURE OF THE DERIVATIVE QUESTIONNAIRES PURSUANT TO
<u>SECTION 107(a) OF THE BANKRUPTCY CODE</u>**

Citibank, N.A., Citigroup Global Markets Ltd., Citigroup Financial Products Inc., Citigroup Energy Inc., Citi Canyon Ltd., and Citi Swapco Inc. (collectively, "Citi") respectfully submit this Statement in support of the Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code [Docket 48939] (the "Motion"),  filed by Lehman Brothers Holdings Inc., its affiliates, and the Official Committee of Unsecured Creditors (collectively, the "Movants") on March 19, 2015.

　　　　　　1.　　Citi is one of the largest derivatives counterparties with valuation data subject to the disclosure sought by Movants.  Citi is also one of the "Litigation Claimants" seeking production of the derivatives questionnaires and all supporting documentation (the

"DQs") in an adversary proceeding with LBHI and its affiliates[1] (collectively, "Lehman"). (Motion ¶ 4.) In both capacities, Citi supports the relief sought by Movants. It does so because disclosure of the DQs will ensure a level playing-field in litigation among Lehman and the Litigation Claimants. Lehman has repeatedly reserved its right to use all of the DQ derivatives data, either "to respond to Claimants' arguments or on [its] own behalf" (Motion ¶ 5), but has declined on confidentiality grounds to produce the same information to the Litigation Claimants. The Litigation Claimants deserve equal access to all of the DQ derivatives data. Any other approach would perpetuate the long-standing information imbalance in Lehman's favor, an imbalance inconsistent with basic discovery principles under Federal Rule of Procedure 26(b).

2.   Because the scope of the requested relief and its potential impact on producing parties understandably enters into this Court's consideration of the Motion, some elaboration of Citi's position is in order. Citi has not insisted that all DQs are necessarily relevant to its adversary proceeding with Lehman. (*See*, *e.g.*, Motion ¶ 5.) Rather, Citi has been trying without success since June 2012 to persuade Lehman to reduce the universe of more than 6,000 DQs to a far more limited subset, one upon which both parties would exclusively rely. Citi has emphasized in those discussions that an objectively-determined subset of the DQs (for example, the 40 largest counterparties by trade count) should suffice for both parties' purposes. Lehman has rejected this approach and reserved to itself the right to rely upon unidentified and unproduced DQs at some unspecified future point. Such a one-sided approach is fundamentally unfair. While Citi has no desire to unduly expand discovery in the adversary proceeding, Lehman should not be allowed to comb through market data from more than 6,000 counterparties to develop its attacks on Citi's derivatives claims, while simultaneously

---

[1] *Lehman Brothers Holdings Inc.* v. *Citibank, N.A.*, Adv. Proc. No. 12-01044 (SCC) (S.D.N.Y.).

withholding from Citi access to the same universe of data to develop its defenses. Under the circumstances, only wholesale disclosure now can rectify the situation.

3. For these reasons, Citi supports the relief requested in the Motion. However, Citi also requests that the Court modify the proposed order to clarify the scope of materials Movants will be authorized to disclose. The Motion defines "Derivatives Questionnaires" circularly as "the derivative questionnaires (together with all documentation electronically uploaded to the Lehman claim website in support thereof …)," and the proposed order simply refers back to this definition. (Motion ¶ 1.) The proposed order should clarify that "Derivatives Questionnaires" includes all information and materials required by the Bar Date Order, whether such material was uploaded initially to the Lehman claim website, or subsequently provided to Lehman in an alternative manner.

WHEREFORE, Citi respectfully requests that the Court approve the Motion and enter the proposed order attached as Exhibit B thereto, subject to the modification set forth in paragraph 3 hereof.

Dated: New York, New York
       March 30, 2015

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

 /s/ *Claudia L. Hammerman*
Brad S. Karp
Theodore V. Wells, Jr.
Claudia L. Hammerman
Stephen J. Shimshak
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990

*Attorneys for Citibank, N.A. and Its Affiliates*