VENABLE LLP
Rockefeller Center, 24th Floor
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Edward A. Smith
Konstantina A. Calabro

- and -

VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 244-7400
Facsimile: (410) 244-7742
Andrew J. Currie

*Counsel to American Trading and Production Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (SCC)
: (Jointly Administered)
Debtors. :
:
---------------------------------------------------------------x

**LIMITED OBJECTION OF AMERICAN TRADING AND PRODUCTION CORPORATION TO MOTION TO ALLOW DISCLOSURE OF THE DERIVATIVE QUESTIONNAIRES PURSUANT TO SECTION 107(a) OF THE BANKRUPTCY CODE**

American Trading and Production Corporation ("ATAPCO"), a creditor and party-in-interest in the above-captioned chapter 11 cases, objects to the Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code [Doc. 48939] (the "Motion"),[1] filed by Lehman Brothers Holdings Inc. ("LBHI") and the Official Committee of

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to such terms in the Motion.

9381774-v3

Unsecured Creditors of Lehman Brothers Holdings Inc. (the "Committee" and together with LBHI, the "Movants"), as it relates to ATAPCO, and states as follows:

1.  The Bar Date Order, entered in these cases nearly six years ago, required all creditors to submit proofs of claim to the Debtors' claims agent or the Clerk of the Court. See Bar Date Order at pp. 2-3. As contemplated by section 107(a) of the Bankruptcy Code, the claims filed with the claims agent and Clerk are publicly available on the claims agent's website at http://dm.epiq11.com/LBH/Claim. ATAPCO timely filed proofs of claim with the Debtors' claims agent in accordance with the Bar Date Order.[2]

2.  The Bar Date Order also required holders of claims based on derivative contracts or guarantees, like ATAPCO, to upload certain documents and information (defined in the Motion as the "Derivative Questionnaires") to an independent secure website (the "Questionnaire Website"). The Bar Date Order did *not* require creditors to file Derivative Questionnaires with the claims agent or the Clerk. Indeed, the Questionnaire Website is separate from the claims agent's website, and the Bar Date Order expressly protects against public disclosure of the Derivative Questionnaires by providing that "information submitted on the website http://www.lehman-claims.com in respect of Derivative Contracts and Guarantees *will not be accessible* on the website other than by the party that submitted such information, the Debtors, the Creditors' Committee and their respective advisors and counsel …." Bar Date Order at p. 9 (emphasis added). Accordingly, section 107(a) of the Bankruptcy Code is not applicable to the Derivative Questionnaires uploaded to the Questionnaire Website because that information does not constitute

---

[2] All of ATAPCO's claims have either been disallowed (Claim Nos. 19219 and 19233) or resolved by settlement between LBHI and ATAPCO (Claim Nos. 19234 and 19303, hereinafter referred to as the "Settled Claims"). The dispute regarding post-petition interest concerning the Settled Claims has been dismissed with prejudice. See Bania Brothers, L.L.C., et al. v. Lehman Brothers OTC Derivatives Inc., et al., Adv. No. 14-02095 (SCC), Doc. 34 (Mar. 2, 2015).

9381774-v3

a "paper filed in a case under this title and the dockets of the bankruptcy court." 11 U.S.C. § 107(a).

3. On compulsion of the Bar Date Order, and based on the confidential treatment afforded Derivatives Questionnaires under the Bar Date Order, which is binding on this issue,[3] ATAPCO uploaded materials to the Questionnaire Website consisting of confidential commercial information regarding the calculation of ATAPCO's claims. Among other things, ATAPCO's Derivative Questionnaires contain sources and methods used by ATAPCO in calculating derivative transaction close-out amounts, which information would be subject to protection as "confidential … commercial information" under section 107(b)(1) of the Bankruptcy Code. Additionally, disclosure of the proprietary and confidential information comprising the Derivative Questionnaires could be prejudicial to ATAPCO's business by providing third parties with unfair access to information that would otherwise not be available. Because such information was uploaded on compulsion of the Bar Date Order and subject to the assurance that such information would be protected from public disclosure, and in light of the potential prejudice of resulting from disclosure of such information, ATAPCO objects to the Movants' request to abrogate the Bar Date Order's express protection of confidential commercial information.

WHEREFORE, ATAPCO requests that the Motion be denied in its entirety as it relates to ATAPCO, and that the Court grant ATAPCO such other and further relief as the Court deems just and appropriate.

---

[3] Given that the Bar Date Order was entered nearly six years ago, it would be unreasonable to now allow for modification or alteration of the Bar Date Order pursuant to Fed. R. Bankr. P. 9024.

9381774-v3

Dated: March 30, 2015  
      New York, New York

Respectfully submitted,

/s/ *Edward A. Smith*  
Edward A. Smith  
Konstantina A. Calabro  
VENABLE LLP  
Rockefeller Center, 24th Floor  
1270 Avenue of the Americas  
New York, New York  10020  
Telephone:  (212) 307-5500  
Facsimile: (212) 307-5598  

-and-

Andrew J. Currie  
VENABLE LLP  
750 East Pratt Street, Suite 900  
Baltimore, Maryland 21202  
Telephone:  (410) 244-7400  
Facsimile: (410) 244-7742  

*Counsel to American Trading and Production Corporation*