# Exhibit F

EXECUTION COPY

## SECOND AMENDED AND RESTATED
## ASSIGNMENT AND ASSUMPTION AGREEMENT

SECOND AMENDED AND RESTATED ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Assignment"), dated May 13, 2014, to be effective for all purposes as of February 13, 2012, by and between Aurora Commercial Corporation ("Aurora"), successor-in-interest to Aurora Interim National Bank f/k/a Aurora Bank FSB f/k/a Lehman Brothers Bank, FSB, a federally chartered savings bank ("Aurora Bank"), Aurora Loan Services LLC, a Delaware limited liability company and wholly-owned subsidiary of Aurora ("ALS"), and Lehman Brothers Holdings Inc., a Delaware corporation (the "Assignee"). (This Amended and Restated Assignment and Assumption Agreement amends and restates, in its entirety, the Assignment and Assumption Agreement dated February 13, 2012 and the Amendment to Amended and Restated Assignment and Assumption Agreement dated October 24, 2013):

WHEREAS, each of Aurora (as the successor-in-interest to Aurora Bank) and/or ALS, as applicable, is a party to loan purchase agreements (collectively, the "Loan Purchase Agreements") with certain third-party correspondents that originated closed-end residential mortgage loans ("Mortgage Loans") and then sold such Mortgage Loans to ALS and/or Aurora (collectively the correspondents that are parties to the Loan Purchase Agreements, the "Sellers"), including but not limited to those Sellers set forth on Schedule A attached hereto;

WHEREAS, subsequently, certain of the Mortgage Loans were sold, transferred and conveyed to the Assignee ("Transferred Mortgage Loans");

WHEREAS, previously, Aurora transferred and assigned all of its right, title and interest under the Loan Purchase Agreements with respect to certain of the Transferred Mortgage Loans to the Assignee pursuant to (i) an assignment agreement by and between Aurora and the Assignee dated September 2, 2008, as may have been amended from time to time thereafter, and (ii) other similar assignment agreements with respect to the Transferred Mortgage Loans that may have been entered into by and between Aurora and the Assignee, if any (collectively the assignment agreements described in preceding clauses (i) and (ii), the "Assignment Agreements");

WHEREAS, on February 13, 2012, Aurora Bank, ALS, and Assignee entered into an Assignment and Assumption Agreement;

WHEREAS, on May 9, 2013, Aurora Bank, ALS, and Assignee entered into an Amended and Restated Assignment and Assumption Agreement (the "Assignment");

WHEREAS, on June 5, 2013, Aurora Bank merged with Aurora;

WHEREAS, on October 24, 2013, Aurora, as successor-in-interest to Aurora Bank, ALS, and Assignee entered into an Amendment to Amended and Restated Assignment and Assumption Agreement, which acknowledged that Aurora Bank merged with Aurora;

WHEREA, attached to the Assignment was Schedule A, which included a list of correspondents that are parties to certain Loan Purchase Agreements, as defined in the Assignment;

1

CONFIDENTIAL

LEH-OAK_0000497

WHEREAS, Section 2 of the Assignment provided that Aurora (as successor-in-interest to Aurora Bank), ALS, and Assignee "agree to amend Schedule A from time to time to include any Sellers that are parties to Loan Purchase Agreements as of the date hereof but not already included on such schedule";

WHEREAS, Aurora, ALS and the Assignee desire to amend the Assignment's Schedule A such that all right, title and interest under the Loan Purchase Agreements with respect to the Transferred Mortgage Loans not previously assigned to the Assignee pursuant the Assignment Agreements now be transferred and assigned to the Assignee, as the Sole Beneficial Owner (as defined in the Assignment);

NOW, THEREFORE, in consideration of the foregoing, the mutual covenants and agreements contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Aurora, ALS and the Assignee, intending to be legally bound, each hereby agrees as follows:

1.      Aurora and ALS each hereby grant, transfer and assign to the Assignee, as the Sole Beneficial Owner (as defined below), all of its rights, title, obligations and other interests under the Loan Purchase Agreements with respect to the Transferred Mortgage Loans that have not previously been assigned to the Assignee pursuant to the Assignment Agreements (collectively, the "Newly Assigned Rights and Obligations"), and the Assignee hereby accepts and assumes such grant, transfer and assignment of all such Newly Assigned Rights and Obligations and agrees to duly perform, as applicable, all such Newly Assigned Rights and Obligations.

2.      Schedule A to the Assignment is hereby amended and restated in its entirety as provided in the Schedule A to this Amendment.

3.      To the extent necessary and/or appropriate, the parties agree Schedule A to the Assignment may be further amended, modified, supplemented, corrected, and/or otherwise changed to reflect the intent of the parties, including the identification of inadvertently omitted correspondents.    However, it is agreed no such amendment, modification, supplement, correction, or change will be effective in the absence of a writing signed by the parties.

4.      The Assignee hereby represents and warrants to, and covenants with, each of Aurora and ALS that:

a.      The Assignee is the sole party with any beneficial interest under the Loan Purchase Agreements with respect to the Transferred Mortgage Loans (the "Sole Beneficial Owner").

b.      The Assignee has full power and authority to execute, deliver and perform under this Assignment, and to consummate each of the transactions set forth herein.    The execution, delivery and performance by the Assignee of this Assignment, and the consummation by it of the transactions contemplated hereby, have been duly authorized by all necessary corporate action of the Assignee and any other governmental or court approval, including but not

2

LEH-OAK_0000498

limited to any required bankruptcy court approval. This Assignment has been duly executed and delivered by the Assignee and constitutes the valid and legally binding obligation of the Assignee enforceable against the Assignee in accordance with its terms.

        c.    The Assignee has in its possession and/or has been provided with all information related to the Loan Purchase Agreements that it deems necessary in connection with its negotiation and execution of this Assignment.

        d.    The Assignee's address for purposes of all notices and correspondence related to this Assignment is:

> Lehman Brothers Holdings Inc.
> 10350 Park Meadows Drive, 2nd Floor
> Littleton, CO 80124
> Attention: John Baker
> Tel: (720) 945-4546
> Fax: (866) 517-7987
> Email: john.baker@lehmanholdings.com

5.    This Assignment shall be binding on and inure to the benefit of the parties hereto and their respective successors and assigns.

6.    The Assignee agrees to indemnify and hold harmless Aurora and ALS and their respective directors, officers, employees and agents from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever, that may be imposed on or asserted against it or them as a result, or in any way arising out, of this Assignment, and/or the Loan Purchase Agreements (collectively, "Damages"). If Aurora or ALS receives written notice of the commencement or assertion of any suit, summons, complaint, discovery request, subpoena, or other legal procedure or proceeding made or brought against it or them with respect to which the Assignee is obligated to provide indemnification under this Assignment (a "Proceeding Subject to Indemnification"), Aurora or ALS, as applicable, shall provide the Assignee with reasonably prompt notice thereof; provided, however, that the failure to give such prompt notice shall not relieve the Assignee of its indemnification obligations hereunder, except and only to the extent it is actually prejudiced by reason of such failure. Assignee shall have the right to choose and to directly pay legal counsel to represent Assignor in the Proceeding Subject to Indemnification; provided, however, that the Assignee shall not have the right to defend or direct the defense of a Proceeding Subject to Indemnification (i) in which any governmental agency, regulator or other similar entity is a party, or (ii) that seeks an injunction or other equitable relief against Aurora and/or ALS that (x) is potentially applicable to parties other than or in addition to the parties to such Proceeding Subject to Indemnification, or (y) is not directly related to the specific conduct alleged and claims asserted in such Proceeding Subject to Indemnification, or (z) may materially affect the assets, or materially limit or otherwise materially affect the business or operations, of Aurora and/or ALS, or (iii) in which there exists a conflict of interest between Aurora and/or ALS, on the one hand, and the Assignee on the other, which conflict Aurora and/or ALS, as applicable, in good faith determines cannot or should not be waived. If Aurora and/or ALS has a

3

CONFIDENTIAL

LEH-OAK_0000499

good faith objection to the legal counsel chosen by Assignee, Aurora and/or ALS, as applicable, shall promptly notify Assignee in writing of the reasons therefor, upon which the Assignee shall choose another legal counsel reasonably acceptable to Aurora and/or ALS. Aurora and/or ALS shall have the right to participate in the defense of any Proceeding Subject to Indemnification with counsel selected by it and at its own cost and expense, subject to the Assignee's right to direct and control the defense thereof. If the Assignee elects not to defend such Proceeding Subject to Indemnification or fails to diligently prosecute the defense of such Proceeding Subject to Indemnification, Aurora and/or ALS, as applicable, may, subject to the terms hereof, defend such Proceeding Subject to Indemnification and seek indemnification for any and all Damages based upon, arising from or relating to such Proceeding Subject to Indemnification. Aurora and/or ALS, on the one hand, and the Assignee, on the other, shall cooperate with each other in all reasonable respects in connection with the defense of any Proceeding Subject to Indemnification. If notwithstanding the foregoing, Aurora and/or ALS otherwise choose(s) to have its/their own legal counsel represent it/them in a Proceeding Subject to Indemnification, such defense shall be at its own cost and the Assignee shall have no duty to indemnify Assignor for any legal fees or costs incurred in the Proceeding Subject to Indemnification.

Notwithstanding any other provision of this Assignment, the Assignee shall not enter into settlement of any Proceeding Subject to Indemnification without the prior written consent of Aurora and/or ALS, as applicable (which consent shall not be unreasonably withheld or delayed), except as expressly provided below. If a firm offer is made to settle a Proceeding Subject to Indemnification without imposing any liability or financial or other obligation on Aurora and/or ALS and provides for the unconditional release of Aurora and ALS from all liabilities and obligations in connection with such Proceeding Subject to Indemnification and the Assignee desires to accept and agree to such offer, the Assignee shall provide written notice to that effect to Aurora and ALS. If Aurora and/or ALS, as applicable, fail(s) to consent to such firm offer within ten (10) business days of its receipt of such notice, the Assignee may settle the Proceeding Subject to Indemnification, on behalf of the Assignor, upon the terms set forth in such firm offer to settle. If Aurora and/or ALS has/have assumed the defense pursuant to this terms of this Assignment, it shall not agree to any settlement without the written consent of the Assignee (which consent shall not be unreasonably withheld or delayed).

7.      This Assignment embodies the entire agreement of Aurora, ALS and the Assignee with respect to the transactions consummated hereby and supersedes and replaces all prior and contemporaneous negotiations, understandings, representations and writings relating thereto.

8.      This Assignment shall be governed by and construed in accordance with the laws of the State of New York, without regard to any conflict of law or choice of law principles thereof.

9.      This Assignment may be executed in counterparts, each of which shall be deemed an original agreement, and all of which together shall be deemed to constitute one and the same instrument.

10.     Signatures on this Assignment may be communicated by facsimile or electronic (pdf) transmission and shall be binding for all purposes upon the parties hereto.

CONFIDENTIAL

LEH-OAK_0000500

11.    No waiver, modification or amendment of any provision of this Assignment shall be effective unless specifically made in writing and duly signed by each of the parties hereto.

[Signature Page Follows]

5

EXECUTION COPY

**AURORA**:

Aurora Commercial Corp.

By: _Stephanie Camara-Ray_

Name: Stephanie Camara-Ray

Title: Senior Vice President

**ALS**:

Aurora Loan Services LLC

By:_____

Name: Brenda Darnell

Title: Senior Vice President

**ASSIGNEE**:

Lehman Brothers Holdings Inc.

By: _____

Name: Scott Drosdick

Title: Senior Vice President

6

*[Signature Page to Second Amended and Restated Assignment and Assumption Agreement regarding Loan Purchase Agreements]*

CONFIDENTIAL

**EXECUTION COPY**

**AURORA**:

Aurora Commercial Corp.

**ALS**:

Aurora Loan Services LLC

By: _____

By: _____

Name: Stephanie Camara-Ray _____

Name: Brenda Darnell _____

Title: Senior Vice President _____

Title: Senior Vice President _____

**ASSIGNEE**:

Lehman Brothers Holdings Inc.

By: _____

Name: Scott Drosdick _____

Title: Senior Vice President _____

6

*[Signature Page to Second Amended and Restated Assignment and Assumption Agreement*
*regarding Loan Purchase Agreements]*

CONFIDENTIAL

**Schedule A**

1. @ Mortgage Inc
2. 1st Advantage Mortgage LLC
3. 1st Alliance Mortgage Comp
4. 1St American Funding Corp
5. 1St American Funding Group LLC
6. 1St Capital Mortgage Inc
7. 1st Centennial Nationwide Mortgage Corp.
8. 1st City Savings
9. 1st Consumer Funding, Inc.
10. 1st Continental Mortgage
11. 1st Continental Mortgage, Inc.
12. 1st Continental Mortgage, Inc.
13. 1st Direct Mortgage Group, Inc.
14. 1st Federal Mortgage Inc.
15. 1st Fidelity Financial Corp.
16. 1st Home Finance Corp.
17. 1st Home Funding
18. 1st Metropolitan Mortgage
19. 1st Metropolitan Mortgage
20. 1st Millenium Mortgage LLC
21. 1st Mortgage Advisors, Inc.
22. 1st National Financial
23. 1st National Financial Corporation
24. 1st National Lending Corp.
25. 1st Nation's Mortgage, LLC
26. 1st New England Mortgage Corp.
27. 1st Primary Mortgage
28. 1st Residential
29. 1st Sierra Mortgage Company
30. 1st State Mortgage
31. 1st Western Funding
32. 21st Century Mortgage Corp
33. 21st Century Mortgage Investments
34. A & A Mortgage
35. A & B Mortgage, Inc
36. A & E Mortgage Corp.
37. A & J Mortgage Services, Inc.
38. A & S Mortgage Services Inc
39. A Best Financial Corporation
40. A Great Mortgage Company Inc
41. A Plus Mortgage Corporation
42. A&J Mortgage
43. A.C.A. Mortgage Services Inc
44. A.H.L.B. Mountain Mortgage

Schedule A-1

CONFIDENTIAL

LEH-OAK_0000504