# Exhibit E



# LEHMAN BROTHERS HOLDINGS INC.

August 25, 2014

**VIA UPS DELIVERY**

American Bank
9001 Edmonston Rd., Ste. 100
Greenbelt, MD 20770

Re:   **Demand for Payment**

Dear Sir or Madam,

      I write on behalf of the Bankruptcy Estate of Lehman Brothers Holdings Inc. ("LBHI") in connection with the enforcement of (i) the Mortgage Loan Purchase Agreement made by and between Lehman Brothers Bank, FSB, ("Lehman Bank") and American Bank (the "Seller"), dated as of September 13, 2007 (the "Loan Purchase Agreement"), and the incorporated Seller's Guide (the "Seller's Guide"),[1] and (ii) the Assignment Agreement between Lehman Bank and LBHI, dated as of September 2, 2008 (the "Assignment Agreement").

      In sum, Lehman Bank purchased the Loan(s) (identified in Schedule A) from Seller pursuant to the Loan Purchase Agreement. Lehman Bank subsequently sold the Loan(s) to LBHI and assigned to LBHI its contractual rights with respect to the Loan, including its rights to indemnification. With respect to the Loan(s), the Seller breached representations, warranties and covenants and other provisions of the agreements. LBHI seeks to recover on claims it allowed in its bankruptcy with respect to the Loan(s) as a result of those breaches.

      More specifically, the Loan Purchase Agreement incorporates the Seller's Guide by reference. The Seller's Guide provides that LBHI, as a subsequent holder of any Mortgage Loan, shall be a third party beneficiary of the Loan Purchase Agreement and the Seller's Guide. Accordingly, LBHI as a subsequent holder (and third-party beneficiary) of the Notes is entitled to all the benefits of the Loan Purchase Agreement and the Seller's Guide, including the right to indemnification.

      Further, the Loan Purchase Agreement requires the Seller to indemnify Lehman Bank's assigns. Once Lehman Bank purchased the Loan(s) from Seller, it sold and assigned the Loan to LBHI. In addition, Lehman Bank assigned all of its rights in and to the Loan Purchase Agreement and the Seller's Guide, including its remedies thereunder, to LBHI.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings assigned to them in the Loan Purchase Agreement or Seller's Guide.

1

The Loan Purchase Agreement and the Seller's Guide also set forth duties and obligations of the parties with respect to the purchase and sale of the Loan(s), including but not limited to the mortgage loan documents, examination of the mortgage loan files and underwriting, representations and warranties concerning the parties and individual mortgage loans purchased or sold, and remedies for breach.

With respect to the Loan(s) sold under the Loan Purchase Agreement and Seller's Guide, Seller made a number of representations, warranties and covenants concerning the mortgage loans including the ones set forth in Schedule A. The Loan(s) did not meet LBHI's purchase requirements. See Schedule A. As a result of Seller's breaches, LBHI has allowed loan level claims in its bankruptcy and been damaged in an amount equal to the amount set forth in Schedule A (the "Disputed Amount").

As such, LBHI hereby demands that Seller immediately pay LBHI the Disputed Amount. The Disputed Amount must be paid no later than thirty days after receipt of this demand notice by wire transfer to the following account:

| Bank: | Citibank |
| Account Name: | LBHI-DIP |
| Account Number: | 3079-0197 |
| ABA Number: | 021-000-089 |

Please note that LBHI is prepared to pursue its rights to address the Seller's breaches of the Loan Purchase Agreement and Seller's Guide in the event that payment is not received within thirty days. Indeed, if payment is not received or a mutually acceptable resolution reached between LBHI and Seller, LBHI will immediately commence Court ordered mediation in New York. A copy of the Alternative Dispute Resolution Procedures Order for Indemnification Claims of the Debtors Against Mortgage Loan Sellers, dated June 24, 2014 (the "Order"), is enclosed. Moreover, if resolution is not reached, LBHI will seek, in addition to the Disputed Amount: (i) prejudgment interest on the Disputed Amount at the statutory rate (9%); and (ii) its reasonable attorneys' fees incurred in forcing Seller's indemnification obligations. Finally, if mediation is required, pursuant to the Order, the Seller will be responsible for one half of the fees and costs charged by the mediator. Be advised, however, that this letter does **not** constitute the Indemnification ADR Notice contemplated by the Order.

Please be guided accordingly.

Nothing in this letter shall be deemed to constitute a waiver by LBHI of any rights and remedies that LBHI may have against the Seller under the Agreements, at law, in equity or otherwise, all of which are expressly reserved.

Any question you may have regarding this matter should be directed to the email address below. I look forward to your prompt response.

Very truly yours,

Residential Claims Team
Lehman Brothers Holdings Inc.
claims@lehmanholdings.com

Enclosures

| LBHI Loan # | Seller Loan # | Property Address | City | State | Zip | Claim Reason (1) | Claim Reason (2) | Im Reason | Disputed Amount |
|---|---|---|---|---|---|---|---|---|---|
| 0040726267 | 2198401232 | 11932 ARTERY DRIVE | FAIRFAX | VA | 22030 | MISREP - INCOME/EMPLOY | UW - OTHER | | $138,071.45 |
| 0033779794 | 5600612001 | 4851 NORTH 7TH STREET | PHILADELPHIA | PA | 19120 | COLLATERAL | | | $85,805.65 |
| 0040890964 | 4500710011 | 423 EAST GLADE AVENUE | MESA | AZ | 85204 | MISREP - INCOME/EMPLOY | | | $204,733.19 |
| 0040772873 | 4440706026 | 241 WEST WALNUT TREE DRIVE | BLANDON | PA | 19510 | MISREP - INCOME/EMPLOY | | | $237,534.97 |
| 0040216384 | 3700702006 | 2812 GALESHEAD DRIVE | UPPER MARLBORO | MD | 20774 | UW - INCOME/EMPLOY | | | $130,327.83 |
| | | | | | | | | TOTAL | $796,473.09 |

SCHEDULE A