**HEARING DATE AND TIME: April 8, 2015 at 10:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: April 1, 2014 (as extended by agreement)**

Bennette D. Kramer
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
(212) 344-5400
bdk@schlamstone.com

*Attorneys for JR Moore, LP, LM Moore, LP,*
*MF Moore LP (formerly Moore Global Fixed*
*Income Fund (Master) LP), Moore Capital Advisors, LLC,*
*Moore Global Investments, Ltd.,*
*Moore Emerging Markets Funds (Master) LP,*
*Moore Macro Fund, LP, Moore Macro Markets Fund (Master), LP,*
*SJL Moore Ltd., and Trade Process Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X
**In re**                                                      :     **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                   :     **08-13555 (SCC)**
                                                               :
          **Debtors.**                                         :     **(Jointly Administered)**
---------------------------------------------------------------------X

**RESPONSE OF JR MOORE, LP, LM MOORE, LP, MF MOORE LP (FORMERLY MOORE GLOBAL FIXED INCOME FUND (MASTER) LP), MOORE CAPITAL ADVISORS, LLC, MOORE GLOBAL INVESTMENTS, LTD., MOORE EMERGING MARKETS FUNDS (MASTER) LP, MOORE MACRO FUND, LP, MOORE MACRO MARKETS FUND (MASTER), LP, SJL MOORE LTD., AND TRADE PROCESS CORPORATION TO MOTION TO ALLOW DISCLOSURE OF THE DERIVATIVE QUESTIONNAIRES PURSUANT TO SECTION 107(a) OF THE BANKRUPTCY CODE**

JR Moore, LP, LM Moore, LP, MF Moore LP (formerly Moore Global Fixed Income

Fund (Master) LP), Moore Capital Advisors, LLC, Moore Global Investments, Ltd., Moore

Emerging Markets Funds (Master) LP, Moore Macro Fund, LP, Moore Macro Markets Fund

(Master), LP, SJL Moore Ltd., and Trade Process Corporation (together, the "Moore Entities"),

by and through their undersigned counsel, hereby submit this response to the Motion to Allow

Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code

(the "Motion"),[1] as follows:

## BACKGROUND

1.    Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors, and on behalf of its affiliates (collectively, "Lehman"), together with the

Official Committee of Unsecured Creditors (together with Lehman, the "Movants"), by their

Motion seek an order (1) "that, notwithstanding anything to the contrary in the Bar Date Order,

Movants are authorized to use and produce the Derivative Questionnaires as discovery materials

in any Lehman-related adversary proceeding or claim objection" and (2) "that in the event

information contained in the Derivative Questionnaires is subsequently filed with the Court, such

information shall not be entitled to sealed treatment."

2.    On July 2, 2009, this Court (Honorable James M. Peck) signed the Order Pursuant

to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the

Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and

Approving the Proof of Claim Form (the "Bar Date Order") [Docket No. 4271].  The Bar Date

Order required each holder of a claim arising from a Derivative Contract to complete an

electronic Derivative Questionnaire and upload specified documents supporting the claim.

Following objections to the proposed Bar Date Order and concern by claimants about potential

disclosure of proprietary and commercially sensitive information contained in the Derivative

---

[1] Capitalized terms used but not defined herein shall have the definition ascribed to them in the Motion.

Questionnaire and supporting documents, Lehman agreed to amend the proposed Bar Date Order to provide:

> [T]he information submitted on the website http://www.lehman-claims.com in respect of Derivatives Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information, the Debtors, the Creditors' Committee and their respective advisors and counsel.

Bar Date Order at 9.

3.    The Movants now seek to undo this negotiated provision of the Bar Date Order, claiming: (1) the requirement of restricting accessibility has become too burdensome in light of claim objections and adversary proceedings; (2) numerous litigants have requested production of the Derivative Questionnaires; (3) bankruptcy records are presumptively open to public inspection; (4) the data submitted with the Derivative Questionnaires is from publicly available market sources and is not confidential; and (5) the material is out of date, therefore any concerns about confidentiality is unwarranted.

4.    The Moore Entities believe that the interests of both Movants and those parties who submitted Derivative Questionnaires can be balanced and accommodated by modifying the relief sought in the Motion as set forth below.

## ARGUMENT

**1.    Information Filed With the Derivative Questionnaires Is Not Outdated and Therefore the Limitation on Access Should be Maintained**

5.    The Movants argue, with no support, that "it is highly unlikely, and entirely speculative" that the release of the Derivative Questionnaires would place Lehman's derivative counterparties at a commercial disadvantage with their competitors.    Nothing could be further from the truth, as this Court recognized when it amended the Bar Date Order to limit accessibility to the Derivative Questionnaires.    Although the trade information and valuations

compiled by the Moore Entities to support their termination calculations are several years old, that information may reveal confidential information about the Moore Entities' trading counterparties and proprietary trading strategies that may still be in use to this day.

6.      The Derivative Questionnaires also included the Moore Entities' negotiated ISDA Master Agreements with Lehman (the "Moore ISDAs"). The Moore ISDAs contain confidential commercial and legal terms that were carefully negotiated with Lehman for that specific trading relationship and some of which are considered to be proprietary by the Moore Entities. If the Moore ISDAs were available to third party litigants – some of which include the industry's largest global swap dealers and competitors of the Moore Entities - these litigants would have the ability to scrutinize and leverage their knowledge of the Moore ISDAs' terms in their future negotiations with the Moore Entities, thereby placing the Moore Entities at a competitive disadvantage vis-à-vis those counterparties.

7.      As the Movants point out, Bankruptcy Code Section 107(b) permits the Court to "protect an entity; with respect to a trade secret or confidential research, development, or commercial information." The information included in the Derivative Questionnaire and related documentation remains as confidential and commercially sensitive today as it was when the Bar Date Order was negotiated.

8.      The Movants' claim that restricting access to the Derivative Questionnaires has become too burdensome in light of its many claim objections and adversary proceedings. However, the Court must balance that inconvenience against the concerns of the counterparties who sought the restrictions included in the Bar Date Order.

**2.      A Protective Order in a Pending Adversary Proceeding Will be Compromised if the Motion is Granted**

9.     The Moore Entities are currently engaged in an adversary proceeding with Lehman.  As part of the discovery process in the adversary proceeding, Lehman and the Moore Entities have entered into a confidentiality agreement and protective order intended to protect sensitive commercial and proprietary information.  If the Motion is granted, some of the information subject to the protective order could be filed in court without the benefit of the protective order, thereby negating the court-approved protective order between Lehman and the Moore Entities. Moreover, third-party litigants receiving the Derivative Questionnaires would not be required to keep the information in the Derivative Questionnaires confidential.  Therefore, they could share the Moore Entities' confidential information with anyone without restrictions.

**3.     The Identity of the Counterparties Should be Redacted or Removed From Any Information Disclosed to Third Party Litigants**

10.     The Moore Entities are aware of the burden Movants claim will result from having to file the Derivative Questionnaires (or portions thereof) under seal.  The Moore Entities believe that both Movants' claimed interest in minimizing their administrative burden and their counterparties' interest in protecting their confidential and proprietary information can be accommodated if Lehman provides anonymous Derivative Questionnaires to their litigation adversaries.  In other words, the Moore Entities request that the relief sought in the Motion be modified so that Lehman is directed to redact all identifying information concerning the party who submitted the Derivative Questionnaire before disclosing documents to its litigation adversaries. A Proposed Order is attached hereto as Exhibit A.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Moore Entities respectfully request that this Court grant the Motion with the modification that Movants shall be directed to redact all identifying information concerning the source of any Derivative Questionnaires disclosed,

including any negotiated agreements such as the Moore ISDAs, before disclosing documents to

litigation adversaries, and grant such other, further or different relief as this Court deems just and

proper.

Dated: New York, New York
April 1, 2015

SCHLAM STONE & DOLAN LLP


By: _____s/ Bennette D. Kramer_____

Bennette D. Kramer (BK-1269)
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
(212) 344-5400
bdk@schlamstone.com


*Attorneys for JR Moore, LP, LM Moore, LP, MF Moore LP (formerly Moore Global Fixed Income Fund (Master) LP), Moore Capital Advisors, LLC, Moore Global Investments, Ltd., Moore Emerging Markets Funds (Master) LP, Moore Macro Fund, LP, Moore Macro Markets Fund (Master), LP, SJL Moore Ltd., and Trade Process Corporation*

OF COUNSEL
Lauren Teigland-Hunt
Teigland-Hunt LLP
127 West 24th Street, 4th Floor
New York, NY 10011
(212) 269-1600
lteigland@teiglandhut.com