HEARING DATE AND TIME: April 8, 2015 at 10:00 a.m. (Eastern Time)
OBJECTION DEADLINE (extended): April 1, 2015

Richard A. Edlin
Maria J. DiConza
Zachary Polidoro
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Fax: (212) 801-6400

*Counsel for Bridgewater Associates, LP and its managed funds*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | Jointly Administered |

**OBJECTION OF BRIDGEWATER ASSOCIATES, LP AND CERTAIN FUNDS UNDER ITS MANAGEMENT TO THE MOTION TO ALLOW DISCLOSURE OF THE DERIVATIVE QUESTIONNAIRES PURSUANT TO SECTION 107(a) OF THE BANKRUPTCY CODE**

Bridgewater Associates, LP, on behalf of certain funds under its management (collectively, "**Bridgewater**") that are creditors of Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliates (together with LBHI, "**Lehman**"), by and through its undersigned counsel, hereby files this objection (the "**Objection**") to the *Motion to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code* [Docket No. 48939] (the "**Motion**") filed by LBHI, as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors and the Official Committee of Unsecured Creditors (the "**Creditors' Committee**" and together with LBHI, the "**Movants**"), and requests that the Court continue to protect from disclosure the information

1

confidential and commercially sensitive information contained in its Derivative Questionnaires (as defined below).  In support of this Objection, Bridgewater respectfully states as follows:

**Factual Background**

1. On September 15, 2008 and periodically thereafter, Lehman filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. On July 2, 2009, this Court entered the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the "**Bar Date Order**").  Pursuant to the Bar Date Order, creditors holding claims against Lehman on account of derivatives contracts, including Bridgewater, were required to complete an electronic "Derivative Questionnaire" and upload certain documents and commercial information to an independent secure website (the "**Questionnaire Website**") in support of their claims.

3. Prior to entry of the Bar Date Order, various parties filed objections to the proposed order concerning whether proprietary and commercially sensitive information would be required to be disclosed publically and would be kept confidential.  In response to these objections, the Bar Date Order was revised to provide that "the information submitted on the [Questionnaire Website] in respect of Derivatives Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information, the Debtors, the Creditors' Committee and their respective advisors and counsel." Bar Date Order at 9.

4. In compliance with the Bar Date Order, Bridgewater completed an electronic Derivative Questionnaire and uploaded the required information supporting its claims into the

Questionnaire Website. Bridgewater did so under the express understanding that such information would remain confidential.

5. Pursuant to the Motion, and notwithstanding the express terms of the Bar Date Order, the Movants now seek permission to disclose, without restriction, information provided by claimants pursuant to the Bar Date Order (the "**Questionnaire Information**") in connection with document requests and subpoenas served in relation to certain claim objections and adversary proceedings filed by the Movants (the "**Litigation Claims**"). The Motion does not require Questionnaire Information to be kept confidential (and, in fact, states that certain information may be filed publically and not under seal), and does not specify the purpose of such disclosure, other than to say that such disclosure "will streamline discovery and assist with the orderly resolution of the Litigation Claims." Motion at 4.

### Questionnaire Information

6. The Questionnaire Information uploaded by Bridgewater as required by the Bar Date Order included confidential and commercially sensitive information that if disclosed could cause harm to Bridgewater's business. Such disclosure would not only breach express confidentially obligations that Bridgewater is contractually bound by, but could also give Bridgewater's competitors access to proprietary strategies, analysis and contractual terms.

7. Specifically, the Questionnaire Information uploaded by Bridgewater contains, among others, the following categories of information that are the source of significant concern:

    a. Client names and corresponding position information;

    b. ISDA Agreements containing individually negotiated contractual terms; and

    c. Proprietary trading and investment strategy information, market analysis, and other position, trading and holding information.

NY 245088555v6

8.     Each of the above items is either required to be kept confidential pursuant to contractual agreements, or is information that if disclosed to Bridgewater's competitors and contract counterparties could put Bridgewater at a disadvantage. First, agreements between Bridgewater and its clients require the identity of such clients and their commercially sensitive information to remain confidential. Notwithstanding the lapse in time since Bridgewater uploaded the Questionnaire Information, it remains bound by such confidentiality agreements. In addition, although the information is close to six years old, that information may reveal confidential information about Bridgewater's trading counterparties and proprietary trading strategies that may still be relevant today.

9.     The Movants contend that the market data submitted with the Derivative Questionnaires comes from publicly available market sources and is not confidential. That may be true in a small number of cases, but in many cases the market data was not publicly available. The Questionnaire Information submitted by Bridgewater also contains information that is proprietary and that remains relevant to how Bridgewater invests, trades and develops its strategies today.

10.    Further, the terms of the various agreements contained in Bridgewater's Questionnaire Information, along with the schedules and supplements thereto, contain provisions that were negotiated between Bridgewater and the contractual counterparties to the agreements. If the terms that were agreed upon between Bridgewater and any individual contract counterparty were to be disclosed to the public, and specifically to potential Bridgewater contract counterparties, such disclosure could significantly compromise Bridgewater's ability to negotiate beneficial contractual terms in the future.

NY 245088555v6

**Objection**

11. Pursuant to Bankruptcy Code section 107(b)(1), commercially sensitive information, trade secrets and research are to be protected. 11 U.S.C. § 107(b)(1) (providing that disclosure of filings shall be restricted to "protect an entity with respect to a trade secret or confidential research, development, or commercial information."). The Second Circuit Court of Appeals has defined "commercial information" as "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the party to whom the information belongs. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F. 3d 24, 27 (2d Cir. 1994) (quoting *In re Itel Corp.*, 17 B.R. 942, 944 (9th Cir. BAP 1982)). The Bar Date Order implemented the protections of section 107(b)(1) by protecting Lehman's derivative creditors' trade secrets and confidential and commercially sensitive information.

12. The confidential and commercially sensitive information should remain subject to protection. Bridgewater disagrees with the Movants' unsupported assertion that "[i]t is highly unlikely, and entirely speculative, that release of [the Questionnaire Information] would place Lehman's derivative counterparties at a commercial disadvantage with respect to their competitors." Motion at 6. To the contrary, the information submitted by Bridgewater contains negotiated contractual terms that if disclosed could give contractual counterparties a significant upper hand in any future negotiations and disadvantage Bridgewater. Contrary to the Movants' assertion that "[m]ost of the data submitted in connection with the Derivative Questionnaires was originally obtained from publicly available market sources," as explained in more detail herein, much of the Questionnaire Information submitted by Bridgewater is not publicly available, but rather is proprietary, confidential and commercially sensitive. Accordingly, the potential

5

disadvantage and other negative consequences that would result from disclosure of Bridgewater's confidential and commercially sensitive information is far from "unlikely" and "speculative" – such disadvantage would be immediate and certain.

13. It is further irrelevant that "the data is now more than six years old." Id. First, Bridgewater's confidentiality obligations to its clients remain in place since the information was submitted. The Questionnaire Information remains pertinent to Bridgewater's current strategies and, accordingly, could reveal insight and disadvantage Bridgewater.

14. The Bar Date Order, on which Bridgewater relied prior to submitting its commercially sensitive and confidential information, did not provide for any time limit on the limitations associated with dissemination of the Derivative Questionnaires which protect the confidential nature of the Questionnaire Information. Accordingly, Bridgewater had no expectation at the time of submitting such information that its confidentiality would eventually expire and become subject to disclosure to unknown third parties without restriction. Had Bridgewater known that such information may become public and/or disclosed to unknown third parties, it may have chosen not to submit certain information or may have submitted such information in a different or redacted manner or otherwise sought Court intervention in order to protect its commercially sensitive and confidential client information.

15. Finally, the Movants' justification of facilitating and expediting the resolution of the Litigation Claims is not a sufficient reason to justify the unrestricted disclosure of the Questionnaire Information. That disclosure will relieve certain burdens for the Movants in the resolution of the Litigation Claims should not eviscerate the protections guaranteed to Bridgewater and other derivative claimants pursuant to the Bar Date Order. Accordingly, the potentially significant harm that Bridgewater may experience if its information is disclosed to

NY 245088555v6

third parties outweighs any difficulty the Movants may have in producing the information sought in connection with the resolution of the Litigation Claims. The Movants should be required to continue to protect commercially sensitive and confidential information while complying with any discovery obligations, as they have done in the past.

### Conclusion

WHEREFORE, Bridgewater respectfully requests that relief requested in the Motion be denied, and, alternatively, if the Court grants the Motion, direct Movants to implement safeguards for protecting commercially sensitive and/or confidential information, and grant such other or further relief as this Court deems just and proper.

Dated: April 1, 2015

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: */s/ Maria J. DiConza*
Richard A. Edlin
Maria J. DiConza
Zachary A. Polidoro
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Fax: (212) 801-6400

*Counsel for Bridgewater Associates, LP and its managed funds*