Hearing Date: April 8, 2015 at 10:00 a.m. ET

Seth M. Schwartz
David M. Turetsky
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for BlackRock, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (SCC) |
| Debtors. | : |

**OBJECTION AND JOINDER OF BLACKROCK, INC. WITH OBJECTION OF
CITADEL ENERGY INVESTMENTS LTD. AND CITADEL EQUITY FUND LTD. TO
MOTION TO ALLOW DISCLOSURE OF THE DERIVATIVE QUESTIONNAIRE
PURSUANT TO SECTION 107(a) OF THE BANKRUPTCY CODE**

BlackRock, Inc. and the affiliates of BlackRock, Inc. that have submitted Derivative Questionnaires[1] in these chapter 11 cases (together, "BlackRock"), both on their own behalf and on behalf of the separately managed accounts advised by BlackRock that also have submitted Derivative Questionnaires (including the accounts identified on Exhibit A hereto)[2] (collectively, the "BlackRock Objectors"), respectfully (a) submit this objection to the Motion of the Plan Administrator and the Creditors' Committee to Allow Disclosure of the Derivative Questionnaires Pursuant to Section 107(a) of the Bankruptcy Code [ECF No. 48939] (the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[2] The information set forth on Exhibit A hereto is based on information furnished by Lehman, and BlackRock reserves the right to amend or supplement such list at any time.

"Motion") and (b) join in the Objection of Citadel Energy Investments Ltd. and Citadel Equity Fund Ltd. (collectively, "Citadel") to the Motion [ECF No. 49030] (the "Citadel Objection"). In addition to adopting the arguments set forth in the Citadel Objection, the BlackRock Objectors respectfully state as follows:[3]

1.      Movants seek expansive authority to disclose to third parties proprietary and competitively sensitive information contained in the Derivative Questionnaires—information that creditors reasonably expected Lehman would keep confidential. Along with many other Lehman creditors, the BlackRock Objectors were required to submit Derivative Questionnaires in connection with their claims against Lehman and, accordingly, BlackRock has a strong interest in the relief requested. In particular, BlackRock seeks to protect its confidential and proprietary information from harmful disclosure to third parties, especially in the absence of any effort by Movants to limit such disclosures or provide meaningful safeguards.

2.      The Motion cavalierly asserts that the information contained in the Derivative Questionnaires is "plainly not confidential." Motion ¶ 13. Aside from a few perfunctory statements baldly contending that the information is stale or publicly available, *see id.*, the Motion makes virtually no effort to substantiate these assertions and they are demonstrably erroneous.

3.      As a threshold matter, the Movants' position is contrary to the Bar Date Order's acknowledgment of the commercially sensitive nature of the Derivative Questionnaires. Creditors reasonably relied on Lehman's recognition of the sensitive and confidential nature of the Derivative Questionnaires, as embodied in the negotiated Bar Date Order. The Movants'

---

[3]   The caption of the Motion indicates an objection deadline of March 30, 2015 at 4:00 p.m. ET. However, the body of the Motion indicates an objection deadline seven calendar days before the hearing date. Motion ¶ 14 n.3. The Motion is scheduled to be heard on April 8. This objection and joinder has been filed on April 1, the seventh calendar date before the hearing, and is therefore timely.

2

abrupt about face on this point is as unbecoming as it is unjustified. Moreover, insofar as the Movants seek relief from the confidentiality provisions of the Bar Date Order, the Motion is, in substance, a request for relief from a prior order, subject to Rule 60(b) of the Federal Rules of Civil Procedure (made applicable to this case by Rule 9024 of the Federal Rules of Bankruptcy Procedure). Notably, the Movants make absolutely no effort to show that any of the six prongs of Rule 60(b) applies to the relief sought or otherwise establish grounds for the Court to exercise the extraordinary power of reconsidering a prior order.

4.     In that connection, there is no merit to Movants' categorical assertion that the mere passage of time has rendered disclosure of the Derivative Questionnaires harmless. *See* Motion ¶ 13. Disclosure of the Derivative Questionnaires submitted by the BlackRock Objectors could reveal BlackRock's proprietary and competitively sensitive investment strategies, and Movants have no basis to claim otherwise. Among other things, those Derivative Questionnaires contain confidential ISDA agreements negotiated between BlackRock and Lehman. Disclosure of the ISDA agreements could provide competitors with valuable insight into BlackRock's confidential trading strategies, thereby placing BlackRock at a competitive disadvantage.

5.     In the same vein, Movants' contention that the Derivative Questionnaires consist largely of public market data is groundless. *See id.* BlackRock trades in a variety of public as well as private markets, so, at best, only a portion of the market data included in the Derivative Questionnaires is derived from publicly available sources. Moreover, even where the market data in the Derivative Questionnaires is public, it is not a random, undifferentiated sample of public market data; rather, it is a subset of the data that relates to the specific trades executed by the creditor. Thus, a third party could still glean information on BlackRock's strategies by considering the particular data included in the BlackRock Objectors' Derivative Questionnaires. In light of the foregoing, BlackRock submits that the information contained in the BlackRock

3

Objectors' Derivative Questionnaires is "commercial information," as defined in section 107(b) of the Bankruptcy Code. *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (defining "commercial information" as "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" (quoting *Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp. (In re Itel Corp.),* 17 B.R. 942, 944 (9th Cir.BAP 1982))).

6.    Convenience alone cannot justify the prejudice the Motion would impose on BlackRock and other creditors. *See* Motion ¶ 5. Movants have not shown that they would be unduly burdened by a protective order requiring them to (a) notify BlackRock in advance if disclosure of one or more of the BlackRock Objectors' Derivative Questionnaires are requested in discovery or will be referenced by Movants in any court papers, (b) afford BlackRock the opportunity, within a specified time period, to designate confidential portions of the questionnaires (including, where appropriate, creditor names and financial terms) for redaction, and (c) utilize a procedure for court resolution of any dispute s regarding those designations. Movants should not be granted overly broad relief covering the entire universe of Derivative Questionnaires merely because some creditors allegedly have been unresponsive to the Movants. Under an appropriate protocol, unresponsive creditors can and should be deemed to have waived any objection to unrestricted disclosure.

## **CONCLUSION**

For the reasons stated above and in the Citadel Objection, the BlackRock Objectors respectfully submit that the Motion should be denied in all respects or, alternatively, granted solely to the extent of permitting disclosure of Derivative Questionnaires pursuant to a protective order providing that the questionnaires may be used solely for purposes of these

proceedings and permitting BlackRock to redact nonpublic competitively sensitive information from the Derivative Questionnaires of the BlackRock Objectors before Movants disclose the questionnaires to any person.

Dated: New York, New York
April 1, 2015

             SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

             By: */s/ David M. Turetsky*
               Seth M. Schwartz
               David M. Turetsky
             Four Times Square
             New York, New York 10036
             (212) 735-3000
             (212) 735-2000/1

             Attorneys for Blackrock, Inc.

**EXHIBIT A**

1199 National Benefit Fund (NBF-C)
Abu Dhabi Investment Authority – EMD (BLK ticket: GULF 3)
Barclays Global Investors Ascent UK Long Corporate Bond Fund
Barclays Global Investors Liability Solutions Funds Leveraged € Fixed 2010-2014 Fund
BGF Emerging Markets Bond Fund (BLK ticker: EMBF)
BGI ALPHACREDIT INVESTMENT GRADE BOND PORTFOLIO
BGI Eos Limited
BGI FIXED INCOME CREDIT OPPORTUNITIES FUND LTD.
BGI FIXED INCOME GLOBAL ALPHA FUND LTD.
BlackRock Advisors, LLC, as agent, on behalf of certain BlackRock Funds
BlackRock Balanced Capital Portfolio of BlackRock Series Fund, Inc.
BlackRock Balanced Capital V.I. Fund of BlackRock Variable Series Funds, Inc.
BlackRock Corporate High Yield Fund III, Inc.
BlackRock Corporate High Yield Fund V, Inc.
BlackRock Corporate High Yield Fund VI, Inc.
BlackRock Corporate High Yield Fund, Inc.
BlackRock Debt Strategies Fund, Inc.
BlackRock Enhanced Dividend Achievers Trust
BlackRock Financial Management (UK) Ltd., as investment advisor for BlackRock European TMT Strategies Fund
BlackRock Financial Management (UK) Ltd., as investment advisor for US Dollar Core Bond Fund a subfund of BlackRock Global Funds
BlackRock Funds II, High Yield Bond Portfolio
BlackRock Funds II, Intermediate Bond Portfolio
BlackRock Funds II, Intermediate Bond Portfolio II
BlackRock Global Opportunities Equity Trust
BlackRock Government Income Portfolio of BlackRock Series Fund, Inc.
BlackRock Government Income V.I. Fund of BlackRock Variable Series Funds, Inc.
BlackRock High Income Fund of BlackRock Bond Fund, Inc.
BlackRock High Income V.I. Fund of BlackRock Variable Series Funds, Inc.
BlackRock High Yield Trust
BlackRock Long Duration Bond Portfolio
BlackRock Multi-Strategy Sub-Trust C of the BlackRock Fixed Income Portable Alpha Master Series Trust
BlackRock Multi-Strategy Sub-Trust GL of the BlackRock Fixed Income Portable Alpha Master Series Trust
BlackRock Multi-Strategy Sub-Trust M of the BlackRock Fixed Income Portable Alpha Master Series Trust
BlackRock Portable Alpha Investment Strategies
BlackRock Real Asset Equity Trust
BlackRock Total Return Portfolio of BlackRock Series Fund, Inc.
BlackRock Total Return V.I. Portfolio of BlackRock Variable Series Funds, Inc.
BlackRock World Income Fund, Inc.
BlackRock World Investment Trust

COREPLUS BOND FUND B
Directors Guild of America-Producer Basic Pension Plan
Directors Guild of America-Producer Supplemental Pension Plan
Employee Benefit Retirement Plans of Computer Sciences Corporation
Ford Motor Company Defined Benefit Master Trust
Harbor Capital Group Trust for Defined Benefit Plans
High Income Portfolio of Manager Account Series
Lehigh University
LGT Multi Manager Emerging Market Debt
Lucent Technologies Inc. Master Pension Trust
Macy's Inc. Defined Benefit Plans Master Trust
Magnetar Capital Master Fund, Ltd
Magnetar Constellation Fund II, Ltd
Magnetar Constellation Master Fund III, Ltd
Magnetar Constellation Master Fund, Ltd
Magnetar Structured Credit Fund, LP
MIP CoreAlpha Bond Master Portfolio
Molson Coors Master Retirement Trust
National Railroad Retirement Investment Trust
Nestle in the USA Savings Trust
Nestle USA, Inc.
PPG Industries, Inc. Pension Plan Trust
PPL Services Corporation
Q-BLK Alpha Transport Trust – Global Bond Fund
Q-BLK Alpha Transport Trust – US Bond (Pension) Fund
Retirement Plan for Employees of Aetna Services, Inc.
Retirement Plan of Circuit City Stores, Inc.
Schering-Plough Retirement Plan
Sentara Employees' Pension Plan
Sentara Healthcare
Tan Lye Thiam
Target Corporation Master Trust
The 32 Capital Master Fund SPC Ltd., for and on behalf of its segregated portfolio, Global Market Neutral Segregated Portfolio
The 3D Capital Fund Ltd.
THE 3D CAPITAL YEN FUND
THE 3D GLOBAL OPPORTUNITIES (U.S. INSTITUTIONAL) FUND LTD.
The Boeing Company Employee Retirement Plan Master Trust
The Galaxite Master Fund
The Obsidian Master Fund
The PNC Financial Services Group, Inc. Pension Plan
Trustees of Michigan Catholic Conference Master Pension Trust
Trustees of the Michigan Catholic Conference
Trustees of the Nortel Networks Retirement Income Plan
UMWA 1974 Pension Trust Employees' Pension Trust
UPS Pension Plan Trust

2

UPS Retirement Plan (Qualified Plan Master Trust)

3
UPS Retirement Plan (Qualified Plan Master Trust)