**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u>,<br><br>                      Debtors. | Chapter 11<br>Case No. 08-13555 (SCC) |

# [PROPOSED] SCHEDULING ORDER AND DISCOVERY PLAN

Objectors Lehman Brothers Holdings Inc. ("LBHI") and the Official Committee of Unsecured Creditors (the "Committee"; collectively with LBHI, "Objectors"), having filed their Objection to Portions of Proofs of Claim No. 66462 Against Lehman Brothers Holdings Inc and No. 4939 Against Lehman Brothers Inc. of JPMorgan Chase Bank, N.A. Regarding Triparty Repo-Related Losses (the "Objection") on August 31, 2011, commencing a contested matter against JPMorgan Chase Bank, N.A. ("JPMorgan" and, collectively with Objectors the "Parties") , and the Parties having reached agreement on the terms of this Scheduling Order and Discovery Plan, the Court hereby adopts the following scheduling and discovery plan.

1. **Discovery Schedule:**

   a. **Fact Discovery:**

   i. Document production shall begin on April 22, 2015 and be substantially completed on or before September 30, 2015, with documents produced on a rolling basis during that time.

   ii. Objectors shall serve additional, security-specific search terms on JPMorgan no later than July 21, 2015.

03690.61377/6641002.1

      iii. Privilege logs shall be served within 30 days of the production from which the logged documents have been excluded, and the logging of privileged documents shall be substantially completed on or before October 30, 2015.

      iv. All fact discovery, including depositions, shall be completed on or before January 25, 2016.  Depositions will be taken on reasonable notice and the parties will work together in good faith on scheduling.

      v. Discovery from third parties shall be completed on the same schedule as party discovery.

    b. **Expert Discovery:**

      i. All expert reports served by any Party will comply with the disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable to this matter pursuant to Federal Rule of Bankruptcy Procedure 7026).

      ii. Each Party shall disclose the identities of any testifying expert witnesses and serve any expert reports regarding issues on which such Party bears the burden of proof no later than March 25, 2016.

      iii. Any Party's expert report intended to rebut any other expert report shall be served no later than May 25, 2016.

      iv. Any Party's expert report intended to reply to any other expert rebuttal report shall be served no later than June 20, 2016.

      v. Expert depositions shall begin no earlier than June 27, 2016, and all expert depositions shall be completed on or before July 29, 2016.

    c.    **Dispositive Motions:**

        i.    Any dispositive motions shall be filed and served on or before August 22, 2016.

        ii.    Opposition to any dispositive motions shall be filed on or before September 21, 2016.

        iii.    Reply briefs in further support of any dispositive motions shall be filed on or before October 21, 2016.

    d.    **Modification of Schedule:**

        i.    The fact and expert discovery schedule may be modified without leave of Court by agreement of the Parties.

        ii.    The Parties, separately or by agreement, may apply to the Court for modification of any part of the schedule.

2.    **Discovery:**

    a.    **Discovery Pursuant to the Rules:**  All discovery in the above-captioned action shall proceed in accordance with applicable Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, and Local Rules, except as otherwise ordered by the Court or as specified herein.

    b.    **Initial Disclosures:**  No Party is required to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

    c.    **Depositions Without Leave:**  The limit of 10 depositions per side without leave of Court imposed by Federal Rule of Civil Procedure 30(a)(2)(A)(i) shall not apply to these proceedings.

  e.  **Document Production and E-Discovery:**

    i.  **Custodians and Search Terms:**

      (1)  **Search Filters.** The Parties have met and conferred and agreed on search filters to be employed in searching for and collecting responsive documents and will do so again after Objectors serve additional, security-specific search terms on JPMorgan no later than July 21, 2015. Each party shall disclose the custodians whose files it has searched for responsive documents. The Parties shall meet and confer and make their best efforts to agree on search terms and custodians whose files shall be searched.

      (2)  **Electronic Searches.** Each Party shall search the email files and other electronic documents of each of its designated custodians for emails and other electronic documents satisfying the designated search filters. With regard to electronic documents other than emails, each Party shall search for responsive documents in (i) the files of the designated custodians that are reasonably accessible by the Party and (ii) the general shared files of departments, divisions or business units in which any designated custodian is a member that are reasonably believed to hold potentially responsive documents and are reasonably accessible by the Party, and which shall be identified by the Party.

      (3)  **Supplementation of Search Filters.** If a Party is or becomes aware that it has potentially responsive documents in its possession, custody, or control which would not otherwise be produced and which (i) employ terms (such as synonyms, misspellings, idioms, code words or non-English terms) equivalent in meaning to keywords employed in the search filter, and (ii) would satisfy the filter if such equivalent terms were included in the search filter, it must promptly disclose that fact and meet and confer with

opposing counsel to discuss appropriate means to identify, review, and produce such responsive documents.

    ii.  **Form of Production:**

      (1) **Emails.**  Emails shall be produced as single-page TIFF images with accompanying full text and load file (DAT).  Metadata fields included with the load file should be provided in accordance with *Appendix A*.  Email attachments shall be handled according to the provisions below applicable to loose electronic documents and shall not be separated from the emails to which they are attached.  Native files for emails shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

      (2) **Electronic Documents.**  Word and other electronic documents shall be produced as single-page TIFF images with accompanying full text and load file (DAT).  Metadata fields included with the load file should be provided in accordance with *Appendix A*.  For Excel or other spreadsheet files, the native file shall be produced.  Native files for all other electronic documents shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

      (3) **Hard copy documents.**  Hard copy documents shall be produced as single-page TIFF images with accompanying full OCR text and load file (DAT).  Metadata fields included with the load file should be provided in accordance with *Appendix A*.

      (4) **TIFF Images Generally.**  Any TIFF images produced by the Parties shall consist of (a) single-page, black and white, 300dpi group IV TIFF images with extension ".tif" and (b) text files, named after the bates number of the document, with extension ".txt".  TIFF images may not be compressed using JPEG compression.  Metadata shall be

provided in a delimited file with a ".dat" file extension and ASCII 020 and 254 delimiters for column break and text qualifier. The first line shall be the header with field names, and each subsequent line shall contain the fielded data for each document.

      (5) **Shipment of electronic data.** Electronic data productions may be transmitted electronically via Secure File Transfer Protocol (SFTP), FTP over SSH, or physically transported using electronic storage media such as flash memory devices, CDs, DVDs or hard drives. The physical media label should contain the case name and number, production date, and bates range being produced.

    f. **Inadvertently-Produced Material:** In accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d), any inadvertent disclosure of document(s) shall not under any circumstances be deemed a waiver of, nor prejudice to, any privilege or immunity with respect to such information or document(s) or of any work product doctrine or other immunity that may attach thereto, including without limitation the attorney-client privilege, the joint defense privilege, and the work product doctrine, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production. All copies of such document(s) shall be returned to the producing party or destroyed within five days of such notice. Also within five days of such notice, the producing party shall serve a privilege log for the document(s). The producing party shall maintain the referenced document(s) until the parties resolve any dispute concerning the privileged nature of the document(s) or the Court rules on any motion to compel the document(s). No Party shall use or refer to any information contained within the document(s) at issue unless and until the producing Party agrees or a motion to compel is granted by the Court.

  g. **Confidentiality:** Each document produced shall include a confidentiality label designating it consistent with the terms of the Confidentiality Stipulation agreed among the parties and so ordered by the Court.

  h. **Cost of Production:** The parties shall bear the costs associated with their own productions.

DATED: April 3, 2015    QUINN EMANUEL URQUHART & SULLIVAN, LLP

        By /s/ Tyler G. Whitmer
         Andrew J. Rossman
         James C. Tecce
         Tyler G. Whitmer
         Benjamin Odell
         *Counsel for the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc.*

DATED: April 3, 2015    CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

        By /s/ Peter J. Behmke
         Joseph D. Pizzurro
         L.P. Harrison 3rd
         Michael J. Moscato
         Andrew H. Seiden
         Nancy E. Delaney
         Peter J. Behmke
         Cindi Eilbott Giglio
         *Counsel for the Debtors and Debtors in Possession*

DATED: April 3, 2015                    WACHTELL, LIPTON, ROSEN & KATZ

By /s/ Harold S. Novikoff
    Harold S. Novikoff
    Douglas K. Mayer
    Ian Boczko
    Vincent G. Levy
    Molly K. Grovak
    Luke M. Appling
    *Counsel for JPMorgan*

**IT IS SO ORDERED:**

Dated: _____

_____
SHELLEY C. CHAPMAN
United States Bankruptcy Judge

# APPENDIX A

| Field | Description |
|---|---|
| BegBates | Page ID of first page in a document. |
| EndBates | Page ID of last page in a document. |
| BegAttach | BegBates of parent record. |
| EndAttach | BegBates of last attached document in family. |
| From | Author of the e-mail message. |
| To | Main recipient(s) of the e-mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e-mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
| DateSent | Sent date of an e-mail message. |
| TimeSent | Time the e-mail message was sent. |
| EMail_Subject | Subject of the e-mail message. |
| Author | Author field value pulled from metadata of the native file. |
| Title | Title field value extracted from the metadata of the native file. |
| Custodian | Textual value of custodian. |
| DateCreated | Creation date of the native file. |
| TimeCreated | Creation time of the native file. |
| EntryID | Unique identifier of e-mails in mail stores. |
| FileDescription | File extension or other description of native file type. |
| Filename | Original filename of native file. Contains subject of e-mail message for e-mail records. |
| Filesize | Size of native file, in bytes. |
| MD5Hash | MD5 hash-128-bit output. |
| Attach | Semi-colon delimited string of first level attachments in the e-mail. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| PgCount | Number of pages in a document. |
| NativeFile | Logical file path to the native file. |
| OCRPath | Logical file path to the OCR text. |