# EXHIBIT G

ASSIGNMENT AGREEMENT

between

AURORA BANK FSB,

as Assignor

and

LEHMAN BROTHERS HOLDINGS INC.,

as Assignee

Dated June 25, 2010

LBHI – Broker Agreement

CONFIDENTIAL

LEH-APEX_0000862

ASSIGNMENT AGREEMENT

THIS ASSIGNMENT AGREEMENT (the "Assignment Agreement") is made this 25th day of June, 2010, between Aurora Bank FSB (formerly known as Lehman Brothers Bank, FSB), a federal savings bank (the "Assignor"), and Lehman Brothers Holdings Inc., a Delaware corporation (the "Assignee");

WHEREAS, the Assignor is a party to certain Broker Agreements (referred to herein collectively as the "Agreements") pursuant to which brokers (referred to herein collectively as the "Brokers") submitted to Assignor application packages for residential mortgage loans which, if accepted, were funded by and in the name of Assignor;

WHEREAS, the Assignor subsequently sold, transferred and conveyed certain of the residential mortgage loans brokered pursuant to the Agreements to the Assignee (the "Mortgage Loans"); and

WHEREAS, in furtherance of Assignor's sale of the Mortgage Loans to Assignee and of Assignee's investment purposes in acquiring the Mortgage Loans, Assignor and Assignee have agreed to have Assignor assign, transfer and convey to Assignee any rights and remedies Assignor may have under the Agreements with respect to the Mortgage Loans, to the extent such rights and remedies are assignable under the terms of the Agreements, and Assignor and Assignee now wish to document that agreement.

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

Section 1. Assignment.

(a) To the extent assignable under the terms of the Agreements, the Assignor hereby assigns, transfers and conveys to the Assignee any rights it may have under the Agreements with respect to the Mortgage Loans, including any rights it may have in and to any or all representations, warranties or covenants made by the Brokers to the Assignor in the Agreements with respect to the Mortgage Loans, along with any or all of the remedies Assignor may have against the Brokers for the Brokers' breach of any representation, warranty or covenant under the Agreements with respect to the Mortgage Loans, including, without limitation, the repurchase and indemnification remedies.

(b) The Assignee hereby accepts such assignment, and shall be entitled to exercise all such rights and remedies of the Assignor under the Agreements with respect to the Mortgage Loans, as if the Assignee had been a party to each such Agreement.

(c) Notwithstanding anything herein to the contrary, the Assignor retains all of its rights, interests and remedies in and to the Agreements with respect to any mortgage loans brokered pursuant to the Agreements and not sold, transferred or conveyed by the Assignor to the Assignee (such mortgage loans are hereinafter referred to as the "Assignor Mortgage Loans"), and the Assignor shall have the right to amend, modify or terminate the Agreements with respect to any Assignor Mortgage Loans without the joinder of the Assignee; *provided, however,* that such amendment, modification or termination shall not affect or be binding on the Assignee, the Mortgage Loans or any rights or remedies assigned hereunder.

Section 2. Governing Law.

THIS ASSIGNMENT AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, WITHOUT REFERENCE TO ITS

LBHI – Broker Agreement

CONFIDENTIAL

LEH-APEX_0000863

CONFLICT OF LAW PROVISIONS (OTHER THAN SECTION 5-1401 OF THE GENERAL OBLIGATIONS LAW), AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH SUCH LAWS.

Section 3. Notices.

Any notices or other communications permitted or required hereunder shall be in writing and shall be deemed conclusively to have been given if personally delivered at or mailed by registered mail, postage prepaid, and return receipt requested to: (i) in the case of the Assignor, Aurora Bank FSB, 10350 Park Meadows Drive, Littleton, CO 80124, Attn: Legal Department, or such other address as may hereafter be furnished by the Assignor; and (ii) in the case of the Assignee, Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, New York, New York 10020, Attention: Daniel Glanz, or such other address as may hereafter be furnished by the Assignee.

Section 4. Counterparts.

This Assignment Agreement may be executed in counterparts, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument. Facsimile or electronically transmitted signatures are effective as originals.

Section 5. Binding Nature of Agreement; Assignment.

This Assignment Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

Section 6. Headings Not to Affect Interpretation.

The headings contained in this Assignment Agreement are for convenience of reference only, and they shall not be used in the interpretation hereof.

Section 7. Benefits of Agreement.

Nothing in this Assignment Agreement, express or implied, shall give to any person, other than the parties to this Assignment Agreement and their successors and assigns hereunder, any benefit or any legal or equitable right, power, remedy or claim under this Assignment Agreement.

Section 8. Assignment.

This Assignment Agreement may be assigned by the Assignee to (I) LAMCO LLC, a Delaware limited liability company, (ii) one or more newly formed entities, which may subsequently be created in the Assignee's bankruptcy court proceedings, that have or will own an interest in Mortgage Loans or the rights to pursue remedies regarding Mortgage Loans, (iii) one or more affiliates of Assignee, and/or (iv) any service provider (including third parties and affiliates of Assignee) contracted by the Assignee and/or any such newly formed entities or affiliates described in clauses (ii) or (iii) above to perform data processing, facilities management, loss recovery or other services on behalf of the Assignee or any of its affiliates.

Section 9. Indemnification.

Assignor does not purport herein to assign to Assignee any rights Assignor does not own. To the extent Assignee initiates any suit or otherwise pursues claims founded on the assertion that it owns the right to do so by operation of this Assignment Agreement, Assignee agrees to indemnify and hold harmless Assignor and it directors, officers, agents and employees from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever, including reasonable attorney's fees and expenses, that may be imposed on or asserted against it or them by any third party as a result of or in any way arising out of such assertion that Assignee owns the rights to initiate such suit or pursue such claims by operation of this Assignment Agreement.

LBHI – Broker Agreement

As a condition precedent to obtaining indemnification under this Section 9, Assignor shall promptly notify Assignee of any suit, summons, complaint, discovery request, subpoena, or other legal procedure or proceeding that Assignor believes triggers potential indemnification under this Section 9 (a "Proceeding Subject to Indemnification"). Assignee shall then have the right to choose and to directly pay legal counsel to represent Assignor in the Proceeding Subject to Indemnification, and Assignee shall have no duty to indemnify Assignor for any legal fees or costs incurred in that Proceeding Subject to Indemnification. If Assignor has a good-faith objection to the legal counsel chosen by Assignee based upon an actual or potential violation of the applicable state's Rules of Professional Conduct, Assignor shall promptly notify Assignee in writing of the reasons therefor, upon which Assignee shall choose another legal counsel. If Assignor nevertheless chooses to have its own legal counsel represent it in a Proceeding Subject to Indemnification, it shall do so at its own cost and Assignee shall have no duty to indemnify Assignor for any legal fees or costs incurred in the Proceeding Subject to Indemnification.

IN WITNESS WHEREOF, the parties hereto have executed this Assignment Agreement as of the day and year first above written.

AURORA BANK FSB

By: _____
Name: E. Todd Wh.H enwu
Title: Senior Vice President

LEHMAN BROTHERS HOLDINGS, INC., a New York corporation, as debtor and debtor in possession in its Chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Jeffrey Fitts
Title: Authorized Signatory

LBHI – Broker Agreement

CONFIDENTIAL
LEH-APEX_0000865