**Weil, Gotshal & Manges LLP**

1300 Eye Street NW, Suite 900
Washington, DC 20005-3314
+1 202 682 7000 tel
+1 202 857 0940 fax

**Ralph I. Miller**
+1 (202) 682-7133
ralph.miller@weil.com

BY ECF FILING AND E-MAIL

April 14, 2015

Honorable Shelley C. Chapman
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   *In re Lehman Brothers Holdings, Inc.* Case No. 08-13555 (SCC)
      Contested Matter Regarding Claim No. 67707 of Spanish Broadcasting System, Inc.

Dear Judge Chapman:

We write on behalf of Lehman Brothers Holdings Inc. ("LBHI") to respectfully request a conference with the Court to report on the status of discovery in connection with LBHI's objection to Claim No. 67707 (the "Claim") filed by Spanish Broadcasting System, Inc. ("SBS") (together with LBHI, the "Parties").  Pursuant to the Second Amended Claims Litigation Schedule, which was entered by the Court on February 20, 2015 [ECF No. 48418] (the "Claims Litigation Schedule"), document production is scheduled to conclude this Friday, April 17, 2015.  While LBHI is preparing to make its final production of documents this week, SBS has informed us that it is unable to meet this deadline.[1]

SBS's inability to meet the agreed upon discovery deadlines is solely attributable to its unwillingness to discharge its obligations in this contested matter expediently.  On January 20, 2015, SBS made its first proposal of custodians and search terms, and on February 16, SBS provisionally agreed to LBHI's proposed modifications to SBS's search terms. *See* Ex. C at 3.  And while both LBHI's and SBS's search terms underwent minor modifications, SBS agreed to its search terms on March 5, at all times remaining subject to modification. *Id.*  Yet, on April 3 – forty-three days after the terms were provisionally agreed upon –SBS informed LBHI that the proposed search terms "returned an unreasonably large and thus unduly burdensome number of documents," and that SBS accordingly would be unable to meet the deadline for document production.  Ex. A at 2.  However, SBS does nothing to explain why, given the breadth of issues put into question by the Claim, the number of documents returned by the proposed search terms constitutes an unreasonable burden.

On April 8, LBHI responded that it would not consent to a third extension of the discovery deadlines, and suggested that the Parties jointly request a status conference before the Court. *See* Ex. B.  On April 10, SBS responded, reiterating that the search term results were "unduly burdensome" and that it would

---

[1] The relevant correspondence between the Parties is attached hereto as follows: letter from Madlyn G. Primoff to Denise Alvarez, dated April 3, 2015 (Exhibit A); letter from Denise Alvarez to Madlyn G. Primoff, dated April 8, 2015 (Exhibit B); letter from Madlyn G. Primoff to Denise Alvarez, dated April 10, 2015 (Exhibit C).

WEIL:\95301895\3\58399.0011

Honorable Shelly C. Chapman  
April 14, 2015  
Page 2

**Weil, Gotshal & Manges LLP**

seek relief from the Court if LBHI did not engage in further negotiations. *See* Exhibit C. For the reasons described in the April 8 Letter and below, LBHI will not agree to an extension of the discovery schedule without Court intervention and requests a status conference with the Court.

The discovery schedule in this contested matter has been extended twice—each time by eight weeks. Since the exchange of document requests on October 14 and 27, 2014, the Parties have had three meet and confers, exchanged 11 letters, resolved substantially all discovery disputes, except for the pending dispute on the discovery schedule and SBS's Request No. 29[2] and negotiated the custodians and search terms to be run by both Parties. During that time, LBHI collected and ran searches on the emails of 12 custodians. LBHI also modified those searches, expanded the date ranges for those searches, and added five additional custodians—all at SBS's request—resulting in a total of 17 custodians over a nine year period. Nevertheless, LBHI has nearly completed reviewing documents for responsiveness, and has made two productions of documents to SBS – on February 6, and March 27,-- totaling over 43,000 pages. LBHI is also prepared to meet the April 17, deadline for the completion of document production.

In contrast, SBS has not produced a single document to LBHI. Rather, SBS has requested a third extension of the discovery schedule, ostensibly because the search terms agreed upon by the parties have returned roughly 650,000 documents, which SBS insists is an unreasonably large number of documents. Ex. A at 3. But SBS has not explained why this is an unreasonable number given SBS's claim, the crux of which is that the failure to fund $10 million of a $25 million draw request more than six-years ago resulted in substantial ($39 million) and continuing harm to the very infrastructure of SBS's business ("Total Invested Capital"). SBS's "burden" is a consequence of its own damages theory.[3] Nevertheless, LBHI is willing to confer regarding the search terms.

Moreover, SBS neglected even to run the agreed-upon search terms until near the end of the document production deadline. SBS's unexplained delay is unacceptable, and LBHI is no longer confident that SBS will abide by its discovery obligations without intervention and direction from the Court. For these reasons, LBHI respectfully requests that the Court schedule a status conference with the Parties over the next two weeks.[4]

---

[2] Through Request No. 29, SBS seeks "All documents and communications relating to any entity that terminated a swap with Lehman and entered into a replacement swap from and after September 30, 2008." LBHI has explained numerous times that this request is not reasonably calculated to lead to the discovery of admissible evidence, and would impose an unreasonable burden on LBHI. Additionally, there is no centralized database that LBHI can access to search for the information in question. In any event, LBHI will reach out to SBS in another attempt to resolve this matter consensually.

[3] SBS's damages theory is barred by the Parties' contract and contradicted by SBS's own public filings. In particular, the Credit Agreement has a waiver of consequential damages provision and the SBS 2008 10-K states that the Lehman's failure to fund would have no "material impact" on its business. *See* SBS 10-K, dated 3/23/09 (for period ending 12/31/08) at 8.

[4] Although an extension of the discovery schedule now appears inevitable, LBHI will comply the Court-ordered deadline of April 17 and continue engaging in discussions with SBS.

Honorable Shelly C. Chapman
April 14, 2015
Page 3

**Weil, Gotshal & Manges LLP**

Respectfully Submitted,

/s/ Ralph I. Miller

Ralph I. Miller


cc: Madlyn Primoff, Esq.
    Joseph Otchin, Esq.
    Jacqueline Marcus, Esq.
    Denise Alvarez, Esq.