**Exhibit A**



Madlyn Gleich Primoff
212 836-7042
mprimoff@kayescholer.com

250 West 55th Street
New York, New York 10019-9710
+1 212 836 8000 main
+1 212 836 6495 fax
www.kayescholer.com

April 3, 2015

**BY E-MAIL**

Denise Alvarez, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Re:     *In re Lehman Brothers Holdings Inc.*
        Case No. 08-13555 (SCC)
        <u>Claim No. 67707 Filed By Spanish Broadcasting System, Inc.</u>

Dear Ms. Alvarez:

This letter responds to your letter of March 13, 2015 (the "<u>March 13 Letter</u>") regarding the outstanding discovery items in this claim litigation dispute, and addresses certain other issues concerning document production in this matter, as set forth more fully below.  As with my letter of March 5, 2015 (the "<u>March 5 Letter</u>"), this letter does not rehash all of the discovery issues addressed in previous correspondence, but only the outstanding items.

<u>Lehman Request No. 19</u>

The March 13 Letter misstates Spanish Broadcasting's position regarding its claim and its theories of damages.  Lehman has long been aware that Spanish Broadcasting intends to pursue total invested capital damages ("<u>TIC Damages</u>") as set forth in its claim and those damages set forth in its response, dated December 8, 2014, to Lehman Interrogatory No. 13 (*i.e.*, impacted EBITDA damages, swap damages and damages for fees paid).

In the March 5 Letter, Spanish Broadcasting confirmed that it does not intend to rely on the statement in the Declaration of Joseph A. Garcia filed on January 29, 2013 that Lehman's failure to fund caused Spanish Broadcasting to "suffer a diminution in the market value of Spanish Broadcasting's [Total Invested Capital]."  Rather, as we have repeatedly informed you in writing and orally during the meet and confers in this claim litigation dispute, Spanish Broadcasting will rely on expert discovery in support of its claim for TIC Damages.

Spanish Broadcasting does <u>not</u> agree to forgo TIC Damages.  In the interests of resolving the document production issue consensually, Spanish Broadcasting agrees to produce non-privileged documents "concerning Spanish Broadcasting's contentions that LCPI's failure to

Denise Alvarez, Esq.                          2                          April 3, 2015

loan Spanish Broadcasting funds in response to the Draw Request (a) caused Spanish Broadcasting to 'suffer a diminution in the market value of Spanish Broadcasting's common equity, preferred equity, long-term debt, cash and minority interests (the 'Total Invested Capital').'"

SBS Request No. 29

In the March 13 Letter, Lehman refuses to produce documents in response to SBS Request No. 29, and Lehman asserts that it "intends to rely exclusively upon expert testimony and/or information obtained in the marketplace" to support its contentions regarding the availability of a replacement swap. In the March 13 Letter, Lehman also asserts that if it decides to use "internal information" in support of its contention, then Lehman will produce such information to Spanish Broadcasting.

Lehman's position with respect to SBS Request No. 29 is unacceptable. Spanish Broadcasting is entitled to discovery of the documents in Lehman's possession, custody or control that are responsive to this Request, unless Lehman conclusively states that it will not raise arguments relating to the availability of a replacement swap. Accordingly, Lehman must either produce all non-privileged documents responsive to SBS Request No. 29 or else forgo its arguments regarding the availability of a replacement swap from and after September 30, 2008.

Furthermore, while the March 13 Letter contends that it would be burdensome for Lehman to produce documents in response to SBS Request No. 29, Lehman has done nothing to show that the Request is burdensome. At a minimum, Lehman must run a search of its own files for documents concerning replacement swaps, and provide to Spanish Broadcasting information regarding that search. Absent that information, Spanish Broadcasting is unable to evaluate the reasonableness of Lehman's position that it would unduly burdensome to search for and produce documents in response to the Request.

Search Terms

Spanish Broadcasting is working with its outside vendor to search Spanish Broadcasting's electronically stored information ("ESI") based on the agreed upon custodians and search terms. The search of Spanish Broadcasting's e-mail server alone -- without taking into account the additional documents on Spanish Broadcasting's shared drive -- has returned an unreasonably large and thus unduly burdensome number of documents. We expect the vendor to complete the search of Spanish Broadcasting's shared drive next week. Nonetheless, we did not want to delay our response to the March 13 Letter by waiting for that search to be completed. The following chart sets forth the enormous number of documents retrieved for certain search terms:

Denise Alvarez, Esq.                              3                              April 3, 2015

| Search Term | Number of Documents Returned |
|---|---|
| (MegaTV OR ""Mega TV"") AND (profit* OR perform* OR revenue* OR EBITDA OR earning*) | 89,823 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND (salary OR salaries OR compensation OR bonus*) | 144,517 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND lease* | 56,223 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND (promotion* OR raise*) | 178,124 |
| (""rating*"" OR ""downgrade"" OR ""Moody*"" OR ""Standard & Poo*"" OR ""Standard and Poo*"") AND (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"") | 105,524 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND (liquid* OR illiquid*) | 40,360 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND budget* | 86,561 |
| ((""earnings"" OR ""revenue"") w/25 (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"" OR ""the company"")) | 74,140 |
| ((""10-Q"" OR ""10Q"" OR ""10-k"" OR ""10k"" OR ""8-k"" OR ""8k"" OR ""SEC"" OR ""annual report"" OR ""quarterly report"") w/25 (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"")) | 25,170 |
| (cause* OR ""damage*"" OR ""impact*"" OR ""effect*"" OR ""suffer*"" OR ""affect*"") AND (draw OR Lehman OR LCPI OR LBSF OR LBHI) | 23,898 |
| ((""earnings"" OR ""revenue"") w/25 (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"")) | 57,882 |
| ((""financ*"" OR ""operat*"" OR ""valu*"" OR ""worth"" OR ""viability"" OR ""viable"" OR ""condition"" OR ""liquid*"") w/25 (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"")) | 259,568 |
| (cause* OR damage* OR impact* OR effect* OR suffer* OR affect*) AND ((Credit w/5 (Agreement* OR Facilit*)) OR (Lehman OR LCPI OR LBSF OR LBHI)) | 27,529 |

Spanish Broadcasting is willing to work with Lehman to refine the search terms so that Spanish Broadcasting's search for ESI is not unduly burdensome.

Claims Litigation Schedule

    In light of the unduly burdensome nature of the agreed upon search terms, and the need for the parties to refine those search terms, it will be necessary for the parties to extend the deadlines set forth in the Second Amended Claims Litigation Schedule with Respect to Claim No. 67707 Filed By Spanish Broadcasting System, Inc. and the Objection Interposed By Lehman

Denise Alvarez, Esq.                          4                          April 3, 2015

Brothers Holdings Inc. [Dkt No 48418].  Kindly call my colleague, Joe Otchin, or me to discuss an appropriate extension.

     The parties have made substantial progress in narrowing the outstanding issues.[1]  We look forward to hearing from you.

                          Sincerely,

                          Madlyn Gleich Primoff

cc: Ralph Miller, Esq. (via e-mail)
    Jacqueline Marcus, Esq. (via e-mail)
    Alexander Woolverton, Esq. (via e-mail)
    Joseph Otchin, Esq.

---

[1]  Spanish Broadcasting reserves (and does not waive) all of its rights in the claim litigation dispute including, without limitation, the right to raise additional issues as discovery progresses.

**Exhibit B**

# Weil, Gotshal & Manges LLP

BY E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Denise Alvarez**
+1 (212) 310-8965
denise.alvarez@weil.com

April 8, 2015

Madlyn Gleich Primoff
Kaye Scholer LLP
250 West 55th Street
New York, New York 10019

Re: *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (SCC)

Dear Ms. Primoff:

This is a response to your letter dated April 3, 2015, which responds to my letter dated March 13, 2015 (the "March 13 Letter") and addresses certain outstanding discovery items (the "April 3 Letter").[1] In the April 3 Letter, you also request that we contact your colleague, Joe Otchin, to discuss extending the deadlines set forth in the Second Amended Claims Litigation Schedule, entered by the Court on February 20, 2015 [ECF No. 48418] (the "Claims Litigation Schedule"), pursuant to which document production is scheduled to close on April 17, 2015. For the reasons set forth below, LBHI does not agree to an extension of the discovery schedule and suggests that the Parties jointly request a status conference with the Bankruptcy Court.

As you appreciate, this initial stage of discovery has now dragged on for many months. The Parties exchanged document requests on October 14, 2014 and October 27, 2014. The initial meet and confer took place on November 25, 2014. In the roughly 4.5 intervening months, there have been additional meet and confers. These conversations have borne some fruit, as the only outstanding discovery issue is SBS Request 29.[2] But there has also been considerable delay. The parties have had to extend the

---

[1] Capitalized terms not defined herein shall have the meaning as in the March 13 Letter and the previous correspondence exchanged between the Parties regarding the Meet and Confers.

[2] By SBS Request No. 29, Spanish Broadcasting seeks "all documents and communications relating to any entity that terminated a swap with Lehman and entered into a replacement swap from and after September 30, 2008." *See* SBS Request No. 29. Although you state in the April 3 Letter that "Lehman has done nothing to show that the Request is burdensome," we have repeatedly explained how the request is burdensome, including but not limited to, the fact that locating responsive documents "would require a document-by-document review of documents concerning approximately 10,000 derivatives contracts and approximately 1 million underlying transactions." *See* March 3 Letter at 2. Such burden must be weighed against the minimal relevance, if any, that such documents have to this contested matter. *See id.* Tellingly, Spanish Broadcasting was willing to accept LBHI's representations with respect to the burdensomeness of SBS Request No. 29 but only if LBHI agreed to

Madlyn Gleich Primoff
April 8, 2015
Page 2

**Weil, Gotshal & Manges LLP**

deadline for fact discovery twice, first from December 20, 2014 to February 20, 2015 and then from February 20, 2015 to April 17, 2015. These extensions have delayed the conclusion of document discovery (and therefore fact discovery). Notwithstanding the ongoing nature of the discussions and cognizant of the discovery schedule, LBHI has proceeded with its discovery obligations. To date, LBHI has produced over *43,000* pages of documents. In contrast, Spanish Broadcasting has *not produced a single document* to LBHI.

It is in the above context that LBHI views the statement in your April 3 Letter that "it will be necessary for the parties to extend the [discovery] deadlines." April 3 Letter at 3. LBHI respectfully disagrees. Keeping in mind the discovery deadlines contained in the Court-ordered schedule, LBHI has moved forward with running search terms, collecting potentially responsive documents, reviewing those documents and producing responsive documents. As such, LBHI is prepared to meet the document production deadline of April 17. In contrast, it appears that Spanish Broadcasting will not be able to meet the Court-ordered deadline. Indeed, it appears that Spanish Broadcasting *has not even begun* its review of electronically-stored information. *See* April 6 Letter (stating that "Spanish Broadcasting is working with its outside vendor to search Spanish Broadcasting's electronically stored information ("ESI") based upon the agreed upon custodians and search terms"). Although LBHI believes in compromise and cooperation, including in the context of a contested matter, it cannot agree to a further delay in the discovery process, particularly where that delay is occasioned by Spanish Broadcasting's inaction and where LBHI has been expending significant time and resources to fulfill its discovery obligations.

Spanish Broadcasting's attempt to base its proposal for the latest extension on the "burdensome nature of the agreed upon search terms" is unpersuasive. LBHI faced similar issues and in the same time frame. In particular, between January 20, 2015 and March 5, 2015, the Parties exchanged their lists of proposed custodians and search terms, and proposed numerous modifications to those custodians and search terms. *See* January 20 Letter at Exhibit A; February 3 Letter at Exhibits A and B; February 16 Letter at Exhibit 1; March 3 Letter at Exhibits A and B; March 5 Letter at 2-3. Indeed, on March 13,

---

accept Spanish Broadcasting's refusal to produce documents material to its claim for "total invested capital" damages. *See* March 5 Letter at 2 ("Based on Lehman's representations with respect to SBS Request No. 29 as set forth in your March 3 Letter and subject to Spanish Broadcasting's full reservation of all rights regarding SBS Request No. 29, Spanish Broadcasting is willing to accept Lehman's proposal regarding SBS Request No. 29, *provided that* the parties reach agreement with respect to Lehman Request No. 19") (emphasis in original). As explained in the March 3 Letter, LBHI's request is not analogous to Spanish Broadcasting's request, as such LBHI refused to accede to Spanish Broadcasting's request. *See* March 3 Letter at 4. Now, and in apparent retaliation and potentially seeking a negotiating lever, Spanish Broadcasting is renewing its overly broad and unduly burdensome request. Spanish Broadcasting's position is without merit. Nevertheless, in order to consensually resolve this issue, LBHI will attempt to provide you with a further explanation regarding the burdensomeness of SBS Request No. 29. If the Parties cannot resolve SBS Request No. 29 based on this additional information, it can be a topic at the requested status conference.

Madlyn Gleich Primoff                                    **Weil, Gotshal & Manges LLP**
April 8, 2015
Page 3


LBHI, at Spanish Broadcasting's request, LBHI agreed to *expand the date range for the searches* and *added five additional custodians to the already agreed upon 12* (in contrast Spanish Broadcasting is only searching *7 custodians*). *See* March 13 Letter at n. 2. Nevertheless, LBHI is in a position to meet the April 17, Court-ordered deadline.

For the above reasons, LBHI believes an extension of the discovery schedule is unwarranted and that a status conference with the Bankruptcy Court is necessary. Please let us know by Friday, April 10, 2015, whether Spanish Broadcasting would like to join in LBHI's request for a status conference.


Sincerely,

Denise Alvarez


cc:   Joseph Otchin
      Ralph I. Miller
      Jacqueline Marcus
      Alexander Woolverton

**Exhibit C**



Madlyn Gleich Primoff
212 836-7042
mprimoff@kayescholer.com

250 West 55th Street
New York, New York 10019-9710
+1 212 836 8000 main
+1 212 836 6495 fax
www.kayescholer.com

April 10, 2015

**BY E-MAIL**

Denise Alvarez, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

      Re:    *In re Lehman Brothers Holdings Inc.*
              Case No. 08-13555 (SCC)
              <u>Claim No. 67707 Filed By Spanish Broadcasting System, Inc.</u>

Dear Ms. Alvarez:

      This letter provides an update on the search terms and other discovery issues discussed in my letter of April 3, 2015 (the "April 3 Letter") and responds to your letter of April 8, 2015 (the "April 8 Letter"). For the reasons set forth below, we are perplexed by your lack of cooperation in addressing the patently overbroad search terms that you advocated and agreed to, and which have retrieved an unduly burdensome volume of more than 650,000 documents.

<u>Search Terms</u>

      As discussed in the April 3 Letter, Spanish Broadcasting is working with its outside vendor to search Spanish Broadcasting's electronically stored information ("ESI") based on the parties' agreed upon custodians and search terms. In the April 3 Letter, Spanish Broadcasting advised you that the search of its e-mail server alone had returned an unreasonably large and unduly burdensome number of documents, and that Spanish Broadcasting expected its outside vendor to complete the search of Spanish Broadcasting's shared drive this week. The vendor has now completed such search and we are able to report information for both Spanish Broadcasting's e-mail server and its shared drive.

      More specifically, the searches of Spanish Broadcasting's e-mail server and shared drive have retrieved an unduly burdensome total of more than **650,000 documents**. It would be patently and extraordinarily burdensome for Spanish Broadcasting to review the more than 650,000 documents retrieved by the searches of Spanish Broadcasting's ESI on a document-by-document basis.

| Chicago | Los Angeles | Shanghai |
|---|---|---|
| Frankfurt | New York | Washington, DC |
| London | Palo Alto | West Palm Beach |

Denise Alvarez, Esq.                                2                                April 10, 2015

     In addition, the following chart updates the information previously provided in our April 3 Letter and sets forth the enormous number of documents retrieved for certain problematic search terms based on the combined searches of Spanish Broadcasting's e-mail server and shared drive:

| **Search Term** | **Number of Documents Returned** |
|---|---|
| (MegaTV OR ""Mega TV"") AND (profit* OR perform* OR revenue* OR EBITDA OR earning*) | 154,462 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND (salary OR salaries OR compensation OR bonus*) | 217,384 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND lease* | 83,764 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND (promotion* OR raise*) | 247,657 |
| (""rating*"" OR ""downgrade"" OR ""Moody*"" OR ""Standard & Poo*"" OR ""Standard and Poo*"") AND (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"") | 158,118 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND (liquid* OR illiquid*) | 51,602 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND budget* | 127,002 |
| ((""earnings"" OR ""revenue"") w/25 (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"" OR ""the company"")) | 117,274 |
| ((""10-Q"" OR ""10Q"" OR ""10-k"" OR ""10k"" OR ""8-k"" OR ""8k"" OR ""SEC"" OR ""annual report"" OR ""quarterly report"") w/25 (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"")) | 32,498 |
| (cause* OR ""damage*"" OR ""impact*"" OR ""effect*"" OR ""suffer*"" OR ""affect*"") AND (draw OR Lehman OR LCPI OR LBSF OR LBHI) | 33,730 |
| ((""earnings"" OR ""revenue"") w/25 (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"")) | 94,267 |
| ((""financ*"" OR ""operat*"" OR ""valu*"" OR ""worth"" OR ""viability"" OR ""viable"" OR ""condition"" OR ""liquid*"") w/25 (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"")) | 383,340 |
| (cause* OR damage* OR impact* OR effect* OR suffer* OR affect*) AND ((Credit w/5 (Agreement* OR Facilit*)) OR (Lehman OR LCPI OR LBSF OR LBHI)) | 36,897 |

Denise Alvarez, Esq.                                    3                                    April 10, 2015

In our view, each of the foregoing search terms has proven to be overly broad and has retrieved an unduly burdensome volume of documents (the "Overly Broad Terms"). In the April 3 Letter, we offered to work with you to narrow these Overly Broad Terms.

It is clear from the correspondence between the parties that there have been delays on both sides that have necessitated the extension of discovery deadlines in this matter. With regard to search terms, Spanish Broadcasting provided Lehman with a proposed list of search terms on January 20, 2015. In your letter of February 3, 2015, Lehman rejected Spanish Broadcasting's proposal and provided Spanish Broadcasting with its own list of proposed search terms. During the meet and confer on February 25, 2015, Lehman informed Spanish Broadcasting that it would send a revised list of proposed search terms, which Lehman provided in its letter of March 3, 2015. On March 5, 2015, Spanish Broadcasting agreed to run all of the terms that Lehman proposed in its March 3 letter. Thus, the parties did not reach agreement on the list of search terms until March 5, 2015. Spanish Broadcasting does not maintain a staff of IT personnel that could search the company's ESI based on the agreed upon search terms. Nevertheless, Spanish Broadcasting has at all times been diligent in performing its discovery obligations and, indeed, has contracted with an outside vendor to conduct the searches for ESI.

Moreover, at all times during the course of our meet and confers and in all of our correspondence, Spanish Broadcasting repeatedly and consistently stated that it reserved the right to remove or modify unduly burdensome search terms. See January 20, 2015 letter, at 7 ("Spanish Broadcasting reserves its right to remove search terms if such terms turn out to be over-inclusive and result in undue burden"); February 16, 2015 letter, at 3 (same); March 5, 2015 letter, at 3 (same). Therefore, while Spanish Broadcasting agreed to run the search terms that Lehman proposed in its letter of March 3, 2015, Spanish Broadcasting has always expressly reserved its right to remove or modify those terms in the event that the terms proved to be overly broad – as they have with respect to the Overly Broad Terms.

The April 3 Letter provided you with specific information about the number of documents retrieved by the Overly Broad Terms and invited you to work with us to refine the Overly Broad Terms so that Spanish Broadcasting's review is not unduly burdensome. Based on your April 8 Letter, it appears that Lehman is refusing to work with Spanish Broadcasting to refine the Overly Broad Terms. We are surprised by Lehman's position, which is unjustified. Since each of the Overly Broad Terms returned an unduly burdensome volume of documents, the Overly Broad Terms are unreasonably overbroad. Failing an agreement by the parties to refine the search terms, cost shifting is warranted in this matter, given the extraordinary burden to Spanish Broadcasting in reviewing the voluminous documents retrieved by the search terms.

Claims Litigation Schedule and
Lehman's Request for a Status Conference

In the April 3 Letter, Spanish Broadcasting stated that in light of the volume of documents retrieved by the overly broad and unduly burdensome search terms, and the need for the parties to confer to refine those terms, it will be necessary to extend the deadlines set forth in the Second Amended Claims Litigation Schedule with Respect to Claim No. 67707 Filed By Spanish Broadcasting System, Inc. and the Objection Interposed By Lehman Brothers Holdings

Denise Alvarez, Esq.                            4                         April 10, 2015

Inc. [Dkt No 48418] (the "Claims Litigation Schedule").    In that connection, Spanish Broadcasting invited Lehman to confer – and we explicitly reiterate here our request for a meet and confer – in an effort to (a) refine the Overly Broad Terms; and (b) reach agreement on an appropriate extension of the deadlines in the Claims Litigation Schedule.  Rather than engage in any dialogue whatsoever concerning the Overly Broad Terms, Lehman stated in the April 8 Letter that it will not consent to any extension of the discovery deadlines.  It is plainly not appropriate for Lehman to attempt to cast blame on Spanish Broadcasting simply because the search terms that Lehman itself insisted upon turned out to be problematic.

The April 8 Letter asserts that Lehman intends to request a status conference before the Court.    However, given Lehman's refusal to confer with Spanish Broadcasting, Lehman's request for a status conference violates the letter and spirit of the Chambers' Rules of The Honorable Shelley C. Chapman (the "Chambers Rules") and the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").  See Chambers' Rules ("Prior to any request for a conference on a discovery issue, the party requesting the conference is required to make a good faith effort to resolve the dispute with opposing counsel consistent with Local Rule 7007-1(a)."); Local Rule 7007-1(a) ("No discovery-related motion under Bankruptcy Rules 7026 through 7037 shall be heard unless counsel for the moving party files with the Court . . . an affidavit certifying that such counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach an agreement.").

If Lehman persists in failing to engage in discussions with Spanish Broadcasting, then Spanish Broadcasting will be constrained to go to Court to seek relief from the unduly burdensome search terms, an extension of the deadlines in the Claims Litigation Schedule and cost shifting for this unduly burdensome discovery, as appropriate.

SBS Request No. 29

Spanish Broadcasting stands by its position concerning SBS Request No. 29 as set forth in the April 3 Letter, and Spanish Broadcasting will not repeat all of the points made in the April 3 Letter regarding the Request.    While Lehman maintains that SBS Request No. 29 is burdensome, Spanish Broadcasting has made numerous proposals in the spirit of compromise, both during the meet and confers and in correspondence, to narrow the scope of the Request. See December 10, 2015 letter, at 7 (suggesting possible parameters for Lehman to put around the Request to narrow its scope, "such as interest rate swaps, dollar amount, non-financial institution counterparty, etc."); January 20, 2015 letter, at 6; March 5, 2015 letter, at 2.  Lehman has refused all of Spanish Broadcasting's proposals and Lehman has not made a single counter-proposal to produce documents in response to the Request.  In the April 8 Letter, Lehman asserts that it will provide "a further explanation regarding the burdensome nature of SBS Request No. 29." Spanish Broadcasting requests that Lehman provide that "further explanation" promptly.

Denise Alvarez, Esq.                    5                    April 10, 2015

  We hope that we can continue to work together to resolve the remaining open items.  We look forward to hearing from you.[1]

           Sincerely,

           Madlyn Gleich Primoff

cc: Ralph Miller, Esq. (via e-mail)
 Jacqueline Marcus, Esq. (via e-mail)
 Alexander Woolverton, Esq. (via e-mail)
 Joseph Otchin, Esq.

---

[1]  Spanish Broadcasting reserves (and does not waive) all of its rights in the claim litigation dispute including, without limitation, the right to raise additional issues as discovery progresses.