RECEIVED

APR 1 3 2015

U.S. BANKRUPTCY COURT, SDNY

SANFORD & TINA MOHR
73-4787 Halolani Street
Kailua-Kona, Hawaii 06740
Telephone: (808) 325-0370

PRO SE

**UNITED STATES BANKRUPTICY COURT
SOUTHERN DISTRIC OF NEW YORK**

———————————————————————X
                                                          :
**In re**                                          :        **Chapter 11 Case Nol**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*    :    **08-13555 (SCC)**
                                                          :
                    **Debtors**                  :        **(Jointly Administered)**
                                                          :
———————————————————————X

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES OF THE BANKRUPTCY JUDGE

### ANSWER TO SUPPLEMENTAL OBJECTION AND REPLY
### IN FURTHER SUPPORT OF OBJECTION TO PROOF
### OF CLAIM NO. 33605 FILED BY SANFORD A. AND TINA A. MOHR

Mr. and Mrs. Sanford. A. Mohr respond to Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its

Affiliated Debtors (the "Plan"), on behalf of BNC Mortgage, LLC ("BNC"), that has

filed a response to the supplemental objection and reply (the "Supplemental Objection &

Reply") to the response (the "Response"), ECF No. 41101, filed by Sanford a. Mohr and

Tina A. Mohr (the "Mohrs" or "Claimants") opposing the Plan Administrator's Objection

to Proof of Claim 22605 ("Objection"), ECF 39348, and respectfully states as follows:

## RESPONSE TO PRELIMINARY STATEMENT

*Brief Background*

The Mohrs admit to seeking rescission of the BNC subject loan transaction and

damages by and through their attorneys, Mr. Andrew Iwashita, Esq. and Mr. George

Zweibel, Esq., due to TILA violations and other legal violations on the part of

DEUTCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE, *et al.*/ LEHMAN

BROTHERS HOLDINGS INC., *et al.*

The Mohrs, by and through their attorneys, Mr. Andrew Iwashita, Esq. and

Mr. George Zweibel, Esq., attempted upon the advise and direction of their attorneys, to

negotiate settlement with DEUTCHE BANK NATIONAL TRUST COMPANY AS

TRUSTEE, *et al.*/ LEHMAN BROTHERS HOLDINGS INC., *et al.* from the onset of

attempted foreclosure proceedings initiated in 2004 lasting through January 2009 at

which time "BNC" bankrupted causing an 'ORDER OF AUTOMATIC STAY" dated

February 11, 2009 in Civil No. 05- 1-95 K of the Circuit Court of the Third Circuit of

Hawai'i. (see Exhibit "A").

"BNC", according to a letter dated August 15, 2008 from Mr. George Zweibel,

Esq., failed to comply with the Settlement Agreement and Mutual Release

("Agreement"). (see Exhibit "B"). Furthermore, a December 16, 2009 email from Mr.

George Zweibel, Esq., to Mr. David J. Minkin, Esq. (attorney representing Mortgage

Electronic Registration Systems, MERSCORP Holdings, Inc., upon information and belief of the Mohrs, is and/or was, owned and operated by the *MERS®* System, a national electronic registry system that tracks the changes in servicing rights) evidences that Attorney Minkin apparently did not respond to Attorney Zweibel's August 21, 2009 email and chose to "totally ignore" emails to from Attorney Zweibel to Attorney Minkin in August 2009, October 2009, and also apparently in December 2009. (see Exhibit "C").

The Mohrs deny the false allegation by Attorney Michael A. Rollin, counsel for LEHMAN BROTHERS HOLDINGS INC., *et al* / "BNC", in his "Preliminary Statement ¶ 2", that the Mohrs "failed to place the agreed upon amount into escrow and the settlement fell through." The Mohrs maintain, by and through their legal counsel. Attorneys Iwashita and Zweibel, that DEUTCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE, *et al.*/ LEHMAN BROTHERS HOLDINGS INC., *et al.* ,"BNC" breeched the Settlement Agreement and Mutual Release ("Agreement").

*The Claim*

The Mohrs filed a Proof of Claim ("POC") in the amount, or in excess of, $667,675.04 based upon their information and belief that the TILA violations, other violations, and damages, as asserted by their prior legal counsel and the law, may potentially entitle them to such.  U.S. Supreme Court opinion *Jesinoski v. Countrywide Home Loans (No. 13- 684)* speaks to and rejects the "Plan Administrator's" Objection

and Supplemental Objection to the Mohr's April 5, 2005 letter, through counsel, sent to

Finance America to rescind their mortgage. (see Exhibit "E" to POC)

Moreover, counsel for the "Plan Administrator" falsely alleges that "the Mohrs

only asserted TILA violations in their proof of claim." (see the Mohrs POC Exhibit "B").

Furthermore, counsel for the "Plan Administrator" fails to substantiate that the Mohrs "do

not have a cognizable claim at law or in equity against BNC." Additionally, the "Plan

Administrator" grossly misrepresents their "BRIEF STATEMENT OF FACTS" in an

apparent effort to, upon information and belief of the Mohrs, intentionally mislead the

Court.

### *December 10, 2008 Release of Mortgage filed by "BNC" at State of Hawai'i Bureau of Conveyances*

On page 4 of Document 45587 "SUPPLEMENTAL OBJECTION AND

REPLY IN FURTHER SUPPORT OF OBJECTION TO PROOF OF CLAIM, NO.

33605 FILED BY SANFORD A. AND TINA A. MOHR", the "Plan Administrator"

erroneously claims under the sub-header **"On December 2, 2008"** … "the Mohrs failed

to place the requisite funds in escrow and the settlement fell through." Repeated requests

were made by and through Attorney George Zweibel (counsel for the Mohrs) as

evidenced in  the Wednesday, December 16, 2009 email to Attorney David J. Minkin

(counsel for Mortgage Electronic Registration Systems / MERSCORP Holdings, Inc., /

*MERS®* System) and cc'd to co-counsel Attorney Iwashita (counsel for the Mohrs), for

"documentation establishing that your client [Mortgage Electronic Registration Systems,

MERSCORP Holdings, Inc., / *MERS*® System] is the current holder of the note and mortgage in question"…and further requesting "the document evidencing each and every assignment that has occurred." (see Exhibit "C"). Apparently, Attorney Minkin and/or his law firm never replied to Attorney Zweibel nor provided evidence of the requested documentation from August 21, 2009 to December 16, 2009 to present.

Furthermore, Attorney Zweibel, sent via Facsimile dated August 15, 2008, Ms. Jade Ching, Esq. of Alston Hunt Floyd & Ing (counsel for "BNC") notification that ""BNC" failed to comply with the Settlement Agreement and Mutual Release" (see Exhibit "B" of October 31, 2013 "ANSWER TO OBJECTION TO PROOF OF CLAIM NO. 33605 FILED BY SANFORD A. AND TINA A. MOHR")

Additionally, via a December 2, 2008 Facsimile from Attorney Iwashita (counsel for the Mohrs) to Attorney Ching (counsel for "BNC") notated non-compliance by "BNC" with the "Settlement Agreement dated August 7, 2008" (see the Mohrs' "POC" Exhibit "H")

On December 10, 2008, a Release of Mortgage was filed by "BNC" and recorded at State of Hawai'i Bureau of Conveyances. (see the Mohrs' "POC" Exhibit "I").

Additionally, on page 4 of Document 45587 "SUPPLEMENTAL OBJECTION

AND REPLY IN FURTHER SUPPORT OF OBJECTION TO PROOF OF CLAIM, NO. 33605 FILED BY SANFORD A. AND TINA A. MOHR", "Plan Administrator" claims under the sub-header **"On February 2, 2009"** "BNC rescinded and cancelled the prior release."

The "Plan Administrator, though, **omits the material fact** that the Mohrs were never made aware of the "BNC" February 2, 2009 rescission until <u>**January 20, 2014**</u> by way of email entitled "copy of the rescission of the release" from Katherine Roush of Reilly Pozner LLP, prior law firm where Attorney Michael A. Rollin, attorney for "BNC" / "Plan Administrator" worked before transferring to Jones & Keller, P.C. (See Exhibit "D").

The Mohrs admit that Mr. Mohr timely hand delivered and filed at 11:24 am on September 22, 2009, a Proof of Claim in the United States Bankruptcy Court/Southern District of New York in the matter involving BNC Mortgage LLC. [Please respectfully note error in "Plan Administrator's" Document 45587 filed 08/05/14 claiming the POC was filed September 20, 2009.]

***OCWEN***

On pages 4 & 5 of Document 45587 "SUPPLEMENTAL OBJECTION AND REPLY IN FURTHER SUPPORT OF OBJECTION TO PROOF OF CLAIM, NO. 33605 FILED BY SANFORD A. AND TINA A. MOHR", "Plan Administrator" makes the egregious

false allegation under the sub-header **"In July, 2013"**, the Mohrs…"persuaded the servicer, Ocwen Financial Corporation ("Ocwen), to record a release of the Mortgage.

"Ocwen", in fact, on July 31. 2013 mailed to the Mohrs via U.S. Mail a letter dated July 27, 2013 placing a $4,141.oo AMERICAN SECURITY INSURANCE COMPANY insurance policy on the Mohrs owner occupied residence yet "Plan Administrator" now makes the false allegation that in July 2013 the Mohr's …"persuaded the servicer, "Ocwen", to record a release of the Mortgage.

The Mohrs recently received via US Mail from RUST CONSULTING, INC, CLAIMS ADMINISTRATOR a mailer regarding _Lee v. Ocwen Loan Servicing LLC, Case No. 0:14-cv-60649-JAL, United States District for the Southern District of Florida_ regarding placed insurance by AMERICAN SECURITY INSURANCE COMPANY and other parties collectively named "the Assurant Defendants". (see Exhibit "F")

The Mohrs are excluding themselves from the Lee v Ocwen Loan Servicing LLC settlement by way of letter dated April 7, 2015 to RUST CONSULTING, INC, CLAIMS ADMINISTRATOR. (see Exhibit "G")

The Mohrs have become aware of a Complaint dated December 19, 2013 by the CONSUMER FINANCIAL PROTECTION BUREAU ("CFPB") along with authorities from 49 of the 50 UNITED STATES OF AMERICA (excluding the State of Oklahoma). (See the first 17 pages of the 67 page "CFPB" et al COMPLAINT as Exhibit "H")

alleging unfair and deceptive trade practices and other alleged illegal maneuvers involving violations with respect to loan servicing and foreclosure processing committed by "Ocwen" and their alleged co-conspirators. The Mohrs are aware of a 123 page Consent Order signed by "CFPB" along with authorities from 49 of the 50 UNITED STATES OF AMERICA (excluding the State of Oklahoma).

The Mohrs allege, upon information and belief, that by and through the "Plan Administrator", "Ocwen" et al (including, but not limited to, named "Assurant Defendants", Defendants "Homeward" and "Litton Loan Servicing, LLC") in the aforementioned "CFPB" et al Complaint, that the Mohrs have been subjected to and have experienced and/or continue to be subjected to and experience violations of loan servicing and foreclosure processing committed by the "Plan Administrator", "Ocwen" and/or alleged co-conspirators known and unknown to the Mohrs.

### *Hawaii Bureau of Conveyances Filings*

**Release of Mortgage dated December 2, 2008 recorded December 10, 2008 –** Upon information and belief, the Mohrs assert that BNC Mortgage Inc, voluntarily and knowingly released the Mortgage prior to their Bankruptcy. (see Exhibit "I")

**Rescission of Release of Mortgage dated February 2, 2009 filed February 4, 2009** – Upon information and belief, the Mohrs assert that BNC Mortgage Inc, deliberately, knowingly, and surreptitiously withheld informing the Mohrs of the Rescission . (see Exhibit "J") until **January 20, 2014.**

**Hawaii Release of Mortgage Without Satisfaction of Debt dated July 16, 2013 recorded August 5, 1013** – Upon information and belief, the Mohrs assert that Plan Administrator, BNC Mortgage Inc, .MERS, et al. deliberately, knowingly, and surreptitiously have misinformed this Court and have falsely alleged that the Mohrs "convinced Ocwen" to release the Mortgage Without Satisfaction of Debt. (see Exhibit "K")

**Assignment of Mortgage dated February 3, 2014 recorded March 25, 2014** Upon information and belief, the Mohrs assert that Plan Administrator, BNC Mortgage Inc, MERS, et al. deliberately, knowingly, and surreptitiously engaged in unfair and deceptive trade practices to assign said mortgage to MLB Sub I  (see Exhibit "L")

**Limited Power of Attorney dated September 6, 2013 filed April 17, 2014** - Upon information and belief, the Mohrs assert that Plan Administrator, BNC Mortgage Inc, MERS, MLB Sub I et al. deliberately, knowingly, and surreptitiously have engaged in unfair and deceptive trade practices (see Exhibit "M")

**Rescission of Assignment of Mortgage dated September 9, 2013 recorded April 17, 2014.** - Upon information and belief, the Mohrs assert that Plan Administrator, BNC Mortgage Inc, MERS, MLB Sub I et al. deliberately, knowingly, and surreptitiously have engaged in unfair and deceptive trade practices (see Exhibit "N")

**Assignment of Mortgage dated April 22, 2014 and recorded April 25, 2014** - Upon information and belief, the Mohrs assert that Plan Administrator, BNC Mortgage Inc, MERS, MLB Sub I et al. deliberately, knowingly, and surreptitiously have engaged in unfair and deceptive trade practices (see Exhibit "O")

**Notice of Pendency of Action; Declaration of Karyn A. Doi dated July 28, 2014 recorded August 4, 2014.** - Upon information and belief, the Mohrs assert that Plan Administrator, BNC Mortgage Inc, MERS, MLB Sub I, their legal counsel et al. deliberately, knowingly, and surreptitiously have engaged in unfair and deceptive trade practices (see Exhibit "P")

*MLB SUB I* - Upon information and belief, the Mohrs assert that Plan Administrator, BNC Mortgage Inc, MERS, MLB Sub I, their legal counsel et al. deliberately, knowingly, and surreptitiously have engaged in unfair and deceptive trade practices and violated American Bar Association Rules of Professional and  Hawai'i Bar Association Rules of Professional and Hawai'i Guidelines of Professional Courtesy and Civility for Hawai'i  Lawyers(see Exhibit "Q")

*Warranty Deed dated August 29, 2013 recorded September 10, 2013* - Upon information and belief, the Mohrs assert that the Warranty Deed was filed in good faith and within the purview of the law. (See Exhibit "R").

## ARGUMENT

1.  The Mohrs have had a Rescission Claim and other claims against BNC et al. in accordance with the United States Supreme Court Decision *Jesinoski v. Countrywide Home Loans (No. 13- 684)* making mute and superfluous the Plan Administrator's Initial Objection and Supplemental Objection.

2.  The Mohrs, upon information and belief, do have cause(s) of action against BNC et al relative to *Lee v. Ocwen Loan Servicing LLC, Case No. 0:14-cv-60649-JAL, United States District for the Southern District of Florida.*

3.  The Mohrs, upon information and belief, do have cause(s) of action against BNC et al relative to *THE CONSUMER FINANCIAL PROTECTION BUREAU ("CFPB") et al. DECEMBER 2013 COMPLAINT AND CONSENT DECREE.* The Mohrs assert continued violations by entities including Plan Administrator and their aforementioned cohorts.

## **CONCLUSION**

For the reasons set forth herein and in the Mohrs' Response to the Plan

Administrators initial Objection, the Mohrs respectfully request that this Court allow the

pending claim.


Dated: April 7, 2015
       Kailua-Kona, Hawaii


Sanford A. Mohr, Pro Se
73-4787 Halolani Street
Kailua-Kona, Hawai'i 96740
Telephone: (808) 325-0370

Tina A. Mohr, Pro Se
73-4787 Halolani Street
Kailua-Kona, Hawai'i 96740
Telephone (808 325-0370