# EXHIBIT A

FILED

cc:    Jade Lynne Ching, Esq.
       Andrew S. Iwashita, Esq.
       George J. Zweibel, Esq.
       David J. Minkin, Esq.

2009 FEB 11 PM 2:22

C. GANDALIRA, CLERK
THIRD CIRCUIT COURT
STATE OF HAWAII

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| SANFORD A. MOHR and TINA A. MOHR, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE, et a., | ) ) ) |
| Defendants. | ) ) ) |

CIVIL NO. 05-1-95 K

ORDER RE AUTOMATIC STAY

### ORDER RE AUTOMATIC STAY

Defendant BNC MORTGAGE, INC., SUCCESSOR IN INTEREST BY MERGER, TO FINANCE AMERICA, LLC, having informed the Court that BNC Mortgage LLC has filed a Petition for Bankruptcy and that the subject matter of the litigation is part of the bankruptcy estate,

IT IS HEREBY ORDERED that any further proceedings in this matter be stayed pending the outcome of the bankruptcy case.

IT IS FURTHER ORDERED that counsel for the Plaintiff shall file a status report within 30 days upon the disposition of the bankruptcy.

DATED:  Kealakekua, Hawaii _____2/10/09_____

JUDGE OF THE ABOVE ENTITLED COURT

SEAL

...hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Third Circuit Court, State of Hawaii

EXHIBIT "A"

# EXHIBIT B

## LAW OFFICE OF GEORGE J. ZWEIBEL
### 45-3590A Mamane Street
### Honokaa, Hawaii 96727
### (808) 775-1087
### (808) 775-1089 (fax)

August 15, 2008

<u>Sent by Facsimile to (808) 524-4591</u>
<u>and by First Class Mail</u>

Jade Lynne Ching, Esq.
Alston Hunt Floyd & Ing
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, HI 96813

Re:    *Mohr v. Deutsche Bank National Trust Company as Trustee, et al.*
        Civil No. 05-1-0095K (Circuit Court of the Third Circuit)

Dear Ms. Ching:

This is to notify you that BNC Mortgage, Inc. ("BNC") has failed to comply with Paragraph B.3 of the Settlement Agreement and Mutual Release ("Agreement") entered into by the parties in the above action.

Pursuant to Paragraph B.3 of the Agreement, BNC was required, prior to June 30, 2008, to direct its loan servicer to instruct three named consumer reporting agencies to delete from Mr. and Mrs. Mohrs' credit histories the mortgage trade line relating to the subject loan. Further, BNC was required to provide the Mohrs' attorneys with described documentation confirming BNC's compliance with Paragraph B.3 within ten business days after the notices were given.

Although some seven weeks have passed since the June 30 deadline, and despite numerous assurances from you and Daniel Povich of your office, BNC has yet to provide the required documentation showing that it has complied with Paragraph B.3. Indeed, we have no basis for believing that BNC has taken any of the actions required by Paragraph B.3.

You are further advised that BNC's failure to comply with Paragraph B.3 may have



EXHIBIT "E"

serious consequences. Mr. and Mrs. Mohr have been trying in good faith to obtain the loan needed to fulfill their obligations under the Agreement. However, as you know, the action required by Paragraph B.3 is a requisite to processing the Mohrs' new loan. If loan standards in the volatile mortgage market continue to tighten, the delay caused by BNC's inaction could make the new loan unattainable.

I trust that you will advise your client to provide the overdue documentation required by Paragraph B.3 without further delay.

Sincerely,

George J. Zweibel
Attorney at Law

cc:    Sanford and Tina Mohr

# EXHIBIT C

**Subject: Mohr v. Deutsche Bank et al.**
**From:** George Zweibel <george.zweibel@hawaiiantel.net>
**Date:** Wed, 16 Dec 2009 17:15:46 –1000
**To:** "David J. Minkin" <dminkin@m4law.com>
**CC:** Andrew Iwashita <office@hilolawcenter.com>
**BCC:** Andrew Iwashita <andyiwashita@hilolawcenter.com>

Aloha David:

Not like you to totally ignore email. I would really appreciate a response to the request below that I sent in August and a reminder in early October.

Thank you,

George

George Zweibel wrote:
> David:
>
> Please advise regarding the status of the request in the email below which I sent on August 21.
>
> Thank you,
>
> George
>
> George Zweibel wrote:
>> David:
>>
>> Before she left your firm, Elizabeth Robinson raised with me the possibility of settling the above case, which is presently stayed because of the bankruptcy of one of the defendants. Mr. and Mrs. Mohr are interested in trying to resolve this case. However, before we proceed with settlement discussions, they have requested that you provide documentation establishing that your client is the current holder of the note and mortgage in question. Accordingly, it is requested that you provide me with certified copies of both sides of the original note as well as the document evidencing each assignment that has occurred.
>>
>> Your cooperation is appreciated.
>> George Zweibel

# EXHIBIT C                    Page 1 of 1

# EXHIBIT D



Sandy PTH <pthsam@gmail.com>

---

## copy of the rescission of the release

---

**Roush, Katherine** <kroush@rplaw.com>                                Mon, Jan 20, 2014 at 7:34 AM
To: Tina Mohr <tinapliuramohr@gmail.com>, Sandy Mohr <pthsam@gmail.com>

KATHERINE ROUSH
REILLY POZNER LLP | WWW.RPLAW.COM
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
MAIN: 303.893.6100 | DIRECT: 303.302.7848 | FAX: 303.893.6110
KROUSH@RPLAW.COM

This e-mail transmission contains information from the law
firm of Reilly Pozner LLP which may be confidential
or protected by the attorney-client privilege.  If
you are not the intended recipient, you are hereby notified
that you must not read this transmission and that any
disclosure, copying, printing, distribution or use of any of the
information contained in or attached to this transmission is
prohibited.  If you have received this transmission in error,
please notify us immediately by e-mail and delete the original
transmission.

🖹 **Rescission.pdf**
47K

Page 1 of 4

EXHIBIT D

THE ORIGINAL OF THE DOCUMENT
RECORDED AS FOLLOWS:
STATE OF HAWAII

**BUREAU OF CONVEYANCES**

Doc 2009-015838
FEB 04, 2009 03:00 PM

## LAND COURT          REGULAR SYSTEM

RECORDATION, RETURN BY:   MAIL ( )   PICK-UP ( X )

**ALSTON HUNT FLOYD & ING (JLC)**
Telephone:  (808) 524-1800

Tax Map Key No.:  Hawai`i 7-3-047-016                    Total Pages:  3

## RESCISSION OF
## RELEASE OF MORTGAGE

WHEREAS, that certain Mortgage between MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for BNC MORTGAGE LLC., successor in interest, by merger, to FINANCE AMERICA, LLC, as Mortgagee, and SANFORD A. MOHR and TINA A. MOHR, as Mortgagors, dated April 16, 2004, was recorded in the Bureau of Conveyances of the State of Hawai`i, as Document No. 2004-082632.

WHEREAS, BNC MORTGAGE, INC., a Delaware corporation, formerly known as FINANCE AMERICA, LLC, executed a Release of Mortgage, dated December 2, 2008 ("Release").

699960-2/ 8340-1                              1

WHEREAS, through inadvertence and mistake, the recording of the Release was recorded in the Bureau of Conveyances of the State of Hawai'i as Document No. 2008-185290 on December 10, 2008.

WHEREAS, such Release, was not signed by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as nominee for BNC MORTGAGE, INC., successor in interest, by merger, to FINANCE AMERICA, LLC, the mortgagee of record, and, therefore, should never have been recorded.

WHEREAS, said Release is hereby rescinded and canceled to the same extent and effect as though the Release had never been executed and recorded.

IN WITNESS WHEREOF, the undersigned has caused this rescission of release to be duly executed this 2nd day of February, 2009.

BNC MORTGAGE, INC.,
a Delaware corporation, formerly known as
FINANCE AMERICA, LLC

By _____
Name: Scott E. Dradick
Its: SVP


BNC MORTGAGE LLC,
a Delaware corporation, successor in interest,
by merger, to FINANCE AMERICA, LLC

By _____
Name: Scott E. Dradick
Its: SVP

STATE OF COLORADO                    )
                                     ) SS:
COUNTY OF _Douglas_____            )

On this __2nd__ day of __February_____ , 2009, before me

_Lynette A. Spohn_____ , personally appeared
                (Insert name of notary)

_Scott E. Drosdick_____ , who proved to me on the basis of satisfactory

evidence to be the person(s) whose name(s) is/are subscribed to the within instrument

and acknowledged to me that he/she/they executed the same in his/her/their authorized

capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or

entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of

California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

LYNETTE A SPOHN
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 08/19/2010

Notary Public, in and for said above named
State and County

My commission expires: _8/19/2010_____

**Policy Enclosed**

OCWEN LOAN SERVICING, LLC
INSURANCE CENTER
P.O. BOX 6723
SPRINGFIELD, OH  45501-6723

0008309
SANFORD A MOHR
TINA A MOHR
73- 4787 HALOLANI ST
KAILUA KONA, HI  96740



EXHIBIT E                    Page 1of 3

# EXHIBIT E

SFD   OWNER OCCUPIED

| AGENCY | | | |
|---|---|---|---|
| Major | Sub | Minor | State |
| 5948 | 0052 | 0000 | HI |

# AMERICAN SECURITY INSURANCE COMPANY
PO BOX 50355, ATLANTA, GA 30302
770-763-1000
RESIDENTIAL PROPERTY
ADDITIONAL INSURED ENDORSEMENT

POLICY NUMBER:
ALR07235999955

ADDITIONAL INSURED-Name and Address (Street No., City, State, Zip)

SANFORD A MOHR
TINA A MOHR
73- 4787 HALOLANI ST
KAILUA KONA, HI 96740

NAMED INSURED/MORTGAGEE-Name and Address

OCWEN LOAN SERVICING, LLC
ITS SUCCESSORS AND/OR ASSIGNS
PO BOX 6723
SPRINGFIELD, OH 45501-6723

LOAN NUMBER: 7141364542

Coverage is provided where a premium or limit of liability is shown for the coverage, subject to all conditions of this policy.

| POLICY PERIOD ONE YEAR | | COVERAGES | LIMITS OF LIABILITY | PREMIUM |
|---|---|---|---|---|
| EFFECTIVE DATE: 04/01/2013   EXPIRATION DATE: 04/01/2014 | | DWELLING | $493,000 | $4,141.00 |
| EFFECTIVE TIME: NOON ☐   12:01 A.M. ☒ | | | | |
| DESCRIBED LOCATION (if different from mailing address above) 73-787 HALOLANI ST KAILUA-KONA, HI 96740 | | | | |
| | | | | |
| | | | | |
| SECURITY INTEREST: | | | | |
| | | | | |
| | | | | |
| | | ANNUAL PREMIUM AMOUNT | | $4,141.00 |
| | | ANNUAL TOTAL CHARGED | | $4,141.00 |

Forms and endorsements which are made a part of this policy at time of issue

MSP-RES-J (11-07),MSP-RES(8-88),MSP-RES-INF-END (09-06)

Subject to the terms and provisions of the Mortgage Service Program, Residential Property Mortgagee's Policy, including but not limited to the Residential Property coverage form attached hereto, it is agreed that the insurance applies to the property described above and to any person shown as an Additional Insured with respect to such property, subject to the following additional provisions:

a.  The above Named Insured Mortgagee is authorized to act for such Additional Insureds in all matters pertaining to this insurance including receipt of Notice of Cancellation, and return premium, if any.

b.  The above Named Insured Mortgagee is authorized to advance all funds to be recovered from the Additional Insured for the insurance afforded.

c.  Loss, if any, shall be adjusted with and payable to the above Named Insured Mortgagee, and the Additional Insureds as their interests may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Additional Insured, at our option.

With respect to all perils except Theft or Vandalism and Malicious Mischief, the sum of $1,000 shall be deducted from the amount which would otherwise be recoverable for each loss separately occurring. With respect to Theft or Vandalism and Malicious Mischief a $1,000 per loss deductible applies. With respect to vacant property a $1,000 per loss deductible applies for Theft or Vandalism and Malicious Mischief.

ALL OTHER INQUIRIES
1-866-825-9265

CLAIMS INFORMATION ONLY
1-800-326-7781

Agency at

PMS-A(Rev.3/02)

Authorized Representative

Countersignature Date
07/27/2013

GE1031

**O C W E N**

P.O. Box 6723
Springfield, OH 45501
1-866-825-9265
Fax: 888-882-1816

July 27, 2013

SANFORD A MOHR
TINA A MOHR
73- 4787 HALOLANI ST
KAILUA KONA, HI 96740

Subject:
Loan Number: 7141364542
Hazard Insurance: Expiration Date 04/01/2014
Property Address:

73-787 HALOLANI ST
KAILUA-KONA, HI 96740

Dear Customer:

Enclosed is an insurance policy we have obtained in accordance with your mortgage documents and/or Deed of Trust. Since proof of acceptable insurance coverage has not been provided, Ocwen has obtained the enclosed policy. The annual premium is shown on the policy. This premium will be charged to your escrow account. If you do not have an escrow account, one may be established, or you will be billed directly. Your monthly mortgage payment may be increased to include the cost of this policy.

Please read the important information and instructions contained in this letter.

In the mortgage documents you signed, you agreed to keep insurance on your property at all times. Failure to do so is a breach of those requirements. We have issued this policy for you because we did not receive timely proof that you have obtained insurance.

This policy may be canceled at any time by giving us proof of other acceptable insurance. You have the right to purchase coverage from the insurance company of your choice.

To ensure your own continuous coverage, here's what you need to do:

If you do not have a current policy covering your property, please contact your agent or carrier and purchase coverage. If you have already purchased coverage, please contact your agent or carrier and have them fax a copy of the declaration page to 1-888-882-1816, e-mail it to us at updateinsuranceinfo@ocwen.com, or it can be mailed to us at the address shown below. Please make sure your policy references your Ocwen loan number, and ensure that the Mortgagee Clause on your policy reads:

OCWEN LOAN SERVICING, LLC
ITS SUCCESSORS AND/OR ASSIGNS
Attention: 7141364542
PO BOX 6723
SPRINGFIELD, OH 45901-6723

You may also visit www.mycoverageinfo.com using a PIN number of OCW723 and provide us with your insurance information. You may also have your agent contact us at 1-866-825-9265 to provide us with updated insurance coverage information.

723H3-0513

NMLS #: 1852

# EXHIBIT F

CLAIMS ADMINISTRATOR
C/O RUST CONSULTING, INC.
PO BOX 2226
FARIBAULT MN 55021-1726

## IMPORTANT LEGAL MATERIALS

PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE
PAID
Rust Consulting, Inc.

0269801

CLAIMANT ID NO: 0007175305

SANFORD A MOHR
TINA A MOHR
73-4787 HALOLANI ST
KAILUA KONA HI 96740-9211

# EXHIBIT F                    Page 1 of 2

**Exhibit A**

### Lee v. Ocwen Loan Servicing, LLC,
### Case No. 0:14-cv-60649-JAL
### United States District Court for the Southern District of Florida

If you were charged by Ocwen Loan Servicing, LLC ("Ocwen") during the Class Period, as defined below, as an insured or additional insured for a lender-placed insurance policy for your residential property, and you paid all or a portion of the premium for that policy to Ocwen during that time, you could receive a cash award from a class action settlement.

If you were charged by Ocwen during the Class Period, as defined below, as an insured or additional insured for a lender-placed insurance policy for your residential property, and you did not pay but still owe the premium for that policy, you could receive a credit towards what you owe Ocwen. Or, alternatively, you could receive a partial refund check (if the defendants elect, in their sole discretion, to provide checks instead of credits to eligible claimants).

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- If you were charged by Ocwen for lender placed insurance issued by American Security Insurance Company, Voyager Indemnity Insurance Company, Standard Guaranty Insurance Company, American Bankers Insurance Company of Florida [collectively "the Assurant Defendants"], or another insurer for your residential property, this Settlement will provide you with an opportunity to either: (i) claim a cash award, if you paid all or a portion of the premiums for that LPI Policy to Ocwen during the Class Period; or (ii) claim a credit towards what you currently owe Ocwen, if you did not pay but still owe the premiums for that LPI Policy to Ocwen during the Class Period.

- Class Period: The Class Period is from January 1, 2008 through January 23, 2015.

- If you were charged by Ocwen for an LPI Policy during the Class Period, subject to the provisions of this Notice and the Settlement, you may make a claim for benefits pursuant to this Settlement.

- This notice will explain what the class action lawsuit was about, what the Settlement will be if it is approved by the Court, whether you qualify to submit a claim for a cash award or a credit based on the Settlement, and what to do if you want to: (i) submit a claim; or (ii) object to the Settlement; or (iii) not participate in the Settlement and instead "opt out" of the class action. This notice will also tell you how to get more information if you want it.

- If you decide to submit a claim, you will need to follow the Instructions for the Class Action Claim Form, and fill out the Claim Form sent to you with this notice. Everyone submitting a Claim Form must answer the questions on the Claim Form truthfully, and must affirm the statements in the Claim Form under penalty of perjury. Some claimants must also verify their identity.

- All claimants who meet the requirements and submit valid and properly completed Claim Forms will receive a cash award or a credit (towards what they currently owe Ocwen) of an amount equal to 12.5% of the Net Premium charged to the claimant during the Class Period for the LPI Policy by Ocwen.

YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT. PLEASE READ THIS NOTICE CAREFULLY, AND GET MORE INFORMATION IF YOU NEED IT. THE NOTICE WILL TELL YOU HOW TO GET THAT INFORMATION.

# EXHIBIT G

**SANFORD A. MOHR & TINA A. MOHR**
73-4787 Halolani Street
Kailua-Kona, Hawaii 96740
Phone: 808 325-0370

Claims Administrator                                                April 7, 2015
Rust Consulting, Inc.
P.O. Box 2225
Faribault, MN
        55021-1625

Re: Lee v Ocwen Loan Servicing, LLC
        Case No. 0:14-cv-60649-JAL
        U.S. District Court for the Southern District of Florida
        Claimant ID NO:  0007175305

Claims Administrator:

We are in receipt of Presorted First Class Mail from Rust Consulting, Inc. regarding
Lee v Ocwen Loan Servicing, LLC (Case No. 0:14-cv-60649-JAL). Printed below Rust
Consulting, Inc.'s return address on the front of the mailer in all caps reads:
**"IMPORTANT LEGAL MATERIALS"**.

The header on Page 1 of the English language portion of the mailer reads "Exhibit A" and below
that reads:

**Lee v Ocwen Loan Servicing, LLC**
**Case No. 0:14-cv-60649-JAL**
**U.S. District Court for the Southern District of Florida**

The header on Page 3 of the English language portion of the mailer reads "**BASIC
INFORMATION**". Point #1 states: "**Why Was This Notice Sent to Me?**" with the following
first two paragraphs stating:

*"The Notice was sent to you because Defendants' records indicate that a hazard, flood, flood gap, or
wind-only lender-placed insurance policy ("LPI Policy") was issued for your residential property,
and that you were charged by Ocwen, as your mortgage servicer, for this LPI Policy during the
Class Period.*

*The Court ordered the Notice to be sent to you because you have a right to know about the proposed
Settlement of this class action lawsuit, which concerns LPI issued by the Assurant Defendants or by
another insurer for which you were charged by Ocwen, and about your options, before the Court
decides whether to approve the Settlement."*

# EXHIBIT G    Page 1 of 2

Page 5 of the mailer contains Point #13 above which states, "**EXCLUDING YOURSELF FROM THE SETTLEMENT**". Point #13 explicates "**How Do I Get Out of the Settlement?**" and subsequently follows with two paragraphs stating:

> "*If you fall within the definition of the Settlement Class (see Answer #5), you are automatically a member of the Settlement Class. However, you can exclude yourself, or "opt-out" of the Settlement Class, if you do not wish to participate. This means you will receive no payment or credit as part of this Settlement, nor any of the additional Settlement benefits.*
>
> *You cannot ask to be excluded over the phone or via the internet. To exclude yourself, you must mail a written request for exclusion to the Settlement Administrator that includes: (1) a statement requesting exclusion from the proposed Settlement, such as "I hereby request that I be excluded from the proposed Settlement Class in the Lee Class Action"; (2) your name, your address, and the case name; and (3) your original signature. Your written request for exclusion must be postmarked no later than May 12, 2015 and mailed to Claims Administrator, c/o Rust Consulting, Inc., P.O. Box 2225, Faribault, MN 55021-1625. You may not seek to "opt out" of the Settlement on behalf of other members of the Settlement Class."*

**Pursuant to the above-referenced instructions and given it appears that Ocwen reports we may be included in the Settlement Class, please be informed of the following:**

Sanford A. Mohr and Tina A. Mohr, husband and wife, hereby request to be excluded from the proposed Settlement Class in the Lee Class Action.

Names, Address, and Case Name:
Sanford A. Mohr and Tina A. Mohr, 73-4787 Halolani Street, Kailua-Kona, HI 96740-9211 (identified by Rust Consulting, Inc. as Claimant ID Number 0007175305) in Lee v Ocwen Loan Servicing, LLC, Case No. 0:14-cv-60649-JAL, U.S. District Court for the Southern District of Florida.

Thank you.


_____          4/7/15
_____          _____
Sanford A. Mohr                    Date


_____          4/7/15
_____          _____
Tina A. Mohr                       Date

# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |
|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, 1700 G Street, NW Washington, DC 20552 |
| THE STATE OF ALABAMA, Alabama Attorney General's Office 501 Washington Avenue Montgomery, AL 36130 |
| THE STATE OF ALASKA, Alaska Attorney General's Office 1031 W. 4th Avenue, Ste. 200 Anchorage, AK 99501 |
| THE STATE OF ARIZONA, Arizona Attorney General's Office 1275 W. Washington Phoenix, AZ 85007 |
| THE STATE OF ARKANSAS, Office of the Attorney General 323 Center Street, Suite 200 Little Rock, AK 72201 |
| THE STATE OF CALIFORNIA, California Attorney General's Office 455 Golden Gate Avenue, Ste. 11000 San Francisco, CA 94102-7007 |
| THE STATE OF COLORADO, Colorado Attorney General's Office Ralph L. Carr Colorado Judicial Center 1300 Broadway, 7th Floor Denver, CO 80203 |
| THE STATE OF CONNECTICUT, Office of the Connecticut Attorney General 55 Elm Street, P.O. Box 120 Hartford, CT 06141-0120 |

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**EXHIBIT H    Page 1of 17**

THE STATE OF DELAWARE,    )
Delaware Attorney General's Office    )
820 N. French Street    )
Wilmington, DE 19801    )
    )
THE STATE OF FLORIDA,    )
Department of Legal Affairs    )
Office of the Attorney General    )
3507 E. Frontage Road, Suite 325    )
Tampa, FL 33607    )
    )
THE STATE OF GEORGIA,    )
Georgia Department of Law    )
40 Capitol Square, S.W.    )
Atlanta, GA 30334    )
    )
THE STATE OF HAWAII,    )
Department of the Attorney General    )
425 Queen Street    )
Honolulu, HI 96813    )
    )
THE STATE OF IDAHO,    )
Office of the Idaho Attorney General    )
700 W. Jefferson St.    )
P.O. Box 83720    )
Boise, ID 83720-0010    )
    )
THE STATE OF ILLINOIS,    )
Office of the Illinois Attorney General    )
500 South Second Street    )
Springfield, IL 62706    )
    )
THE STATE OF INDIANA,    )
Indiana Office of the Attorney General    )
302 West Washington St., IGCS 5th Fl.    )
Indianapolis, IN 46204    )
    )
THE STATE OF IOWA,    )
Iowa Attorney General's Office    )
1305 E. Walnut St.    )
Des Moines, IA 50319    )
    )
THE STATE OF KANSAS,    )
Office of the Kansas Attorney General    )
120 SW 10th Avenue, 2nd Floor    )
Topeka, KS 66612    )

2

THE COMMONWEALTH )
OF KENTUCKY, )
Office of the Attorney General of Kentucky )
State Capitol, Suite 118 )
700 Capital Avenue )
Frankfort, KY 40601-3449 )
  )
THE STATE OF LOUISIANA, )
Louisiana Attorney General's Office )
1885 N. Third Street )
Baton Rouge, LA 70802 )
  )
THE STATE OF MAINE, )
Maine Attorney General's Office )
Burton Cross Office Building, 6th Floor )
111 Sewall Street )
Augusta, ME 04330 )
  )
THE STATE OF MARYLAND, )
Office of the Attorney General of Maryland )
200 Saint Paul Place )
Baltimore, MD 21202 )
  )
THE COMMONWEALTH )
OF MASSACHUSETTS, )
Massachusetts Attorney General's Office )
One Ashburton Place )
Boston, MA 02108 )
  )
THE STATE OF MICHIGAN, )
Michigan Department of Attorney General )
525 W. Ottawa Street )
PO Box 30755 )
Lansing, MI 48909 )
  )
THE STATE OF MINNESOTA, )
Minnesota Attorney General's Office )
445 Minnesota Street, Suite 1200 )
St. Paul, MN 55101-2130 )
  )
THE STATE OF MISSISSIPPI, )
Mississippi Attorney General's Office )
Post Office Box 22947 )
Jackson, MS 39225-2947 )
  )

3

THE STATE OF MISSOURI,                          )
Missouri Attorney General's Office              )
PO Box 899                                      )
Jefferson City, MO 65102                        )
                                                )
THE STATE OF MONTANA,                           )
Montana Department of Justice                   )
215 N. Sanders                                  )
Helena, MT 59624                                )
                                                )
THE STATE OF NEBRASKA,                          )
Office of the Attorney General                  )
2115 State Capitol                              )
Lincoln, NE 68509-8920                          )
                                                )
THE STATE OF NEVADA,                            )
Nevada Office of the Attorney General           )
100 North Carson Street                         )
Carson City, NV 89701                           )
                                                )
THE STATE OF NEW HAMPSHIRE,                      )
New Hampshire Department of Justice             )
33 Capitol Street                               )
Concord, NH 03301                               )
                                                )
THE STATE OF NEW JERSEY,                         )
New Jersey Attorney General's Office            )
124 Halsey Street – 5th Floor                   )
P.O. Box 45029                                  )
Newark, NJ 07101                                )
                                                )
THE STATE OF NEW MEXICO,                         )
Office of the New Mexico Attorney General       )
PO Drawer 1508                                  )
Santa Fe, NM 87504-1508                         )
                                                )
THE STATE OF NEW YORK,                           )
Office of the New York State                    )
Attorney General                               )
120 Broadway                                    )
New York, NY 10271                              )
                                                )
THE STATE OF NORTH CAROLINA,                     )
North Carolina Department of Justice            )
P.O. Box 629                                    )
Raleigh, NC 27602                               )

4

THE STATE OF NORTH DAKOTA,                    )
Office of the Attorney General                )
Gateway Professional Center                   )
1050 E Interstate Ave, Ste. 200               )
Bismarck, ND 58503-5574                       )
                                              )
THE STATE OF OHIO,                            )
Ohio Attorney General's Office                )
30 E. Broad St., 15th Floor                   )
Columbus, OH 43215                            )
                                              )
THE STATE OF OREGON,                          )
Oregon Department of Justice                  )
1515 SW 5th Avenue, Ste. 410                  )
Portland, OR 97201                            )
                                              )
THE COMMONWEALTH                              )
OF PENNSYLVANIA,                              )
Office of the Attorney General                )
16th Floor, Strawberry Square                 )
Harrisburg, PA 17120                          )
                                              )
THE STATE OF RHODE ISLAND,                    )
Rhode Island Department                       )
of Attorney General                           )
150 South Main Street                         )
Providence, RI 02903                          )
                                              )
THE STATE OF SOUTH CAROLINA,                  )
South Carolina Attorney General's Office      )
1000 Assembly Street, Room 519                )
Columbia, SC 29201                            )
                                              )
THE STATE OF SOUTH DAKOTA,                    )
South Dakota Attorney General's Office        )
1302 E. Highway 14, Suite 1                   )
Pierre, SD 57501                              )
                                              )
THE STATE OF TENNESSEE,                       )
Office of the Tennessee Attorney General      )
425 Fifth Avenue North                        )
Nashville, TN 37243-3400                      )

5

THE STATE OF TEXAS,                              )
Texas Attorney General's Office                  )
401 E. Franklin Avenue, Suite 530                )
El Paso, TX 79901                                )
                                                 )
THE STATE OF UTAH,                               )
Division of Consumer Protection                  )
Utah Attorney General's Office                   )
350 North State Street, #230                     )
Salt Lake City, UT 84114-2320                    )
                                                 )
THE STATE OF VERMONT,                            )
Office of the Attorney General                   )
109 State Street                                 )
Montpelier, VT 05609                             )
                                                 )
THE COMMONWEALTH OF VIRGINIA,                    )
Office of the Virginia Attorney General          )
900 East Main Street                             )
Richmond, VA 23219                               )
                                                 )
THE STATE OF WASHINGTON,                         )
Washington State Attorney General's Office       )
1250 Pacific Avenue, Suite 105                   )
PO Box 2317                                      )
Tacoma, WA 98402-4411                            )
                                                 )
THE STATE OF WEST VIRGINIA,                      )
West Virginia Attorney General's Office          )
State Capitol, Room 26E                          )
Charleston, WV 25305-0220                        )
                                                 )
THE STATE OF WISCONSIN,                          )
Wisconsin Department of Justice                  )
Post Office Box 7857                             )
Madison, WI 53707-7857                           )
                                                 )
THE STATE OF WYOMING, and                        )
Wyoming Attorney General's Office                )
123 State Capitol Bldg.                          )
Cheyenne, WY 82002                               )
                                                 )
THE DISTRICT OF COLUMBIA,                        )
Office of the Attorney General                   )
441 Fourth Street, N.W.                          )
Washington, DC 20001                             )

6

|                                         | )  |
| --------------------------------------- | -- |
|                                         | )  |
| Plaintiffs,                             | )  |
|                                         | )  |
| v.                                      | )  |
|                                         | )  |
|                                         | )  |
| OCWEN FINANCIAL CORPORATION,            | )  |
|                                         | )  |
| and OCWEN LOAN SERVICING, LLC,          | )  |
|                                         | )  |
| Defendants.                             | )  |
|                                         | )  |

## COMPLAINT

Now comes the Consumer Financial Protection Bureau (the "CFPB" or "Bureau"), and the States of Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Washington, West Virginia, Wisconsin, Wyoming, the Commonwealths of Kentucky, Massachusetts, Pennsylvania and Virginia, and the District of Columbia (collectively, "Plaintiff States") by and through their undersigned attorneys, and respectfully allege as follows:

### INTRODUCTION

1.     This is a civil action filed jointly by the Bureau and the Plaintiff States against Ocwen Financial Corporation and Ocwen Loan Servicing, LLC (collectively, "Defendants" or "Ocwen"), for misconduct related to the servicing of single family residential mortgages, including by Homeward Residential, Inc. ("Homeward") and Litton Loan Servicing, LP ("Litton") before their acquisition by Ocwen Financial Corporation. Ocwen, Homeward, and

7

Litton are collectively referred to herein as the "Servicers."

2.      As described in the allegations below, the Servicers' misconduct resulted in premature and unauthorized foreclosures, violation of homeowners' rights and protections, and the use of false and deceptive affidavits and other documents.

## THE PARTIES

3.      This action is brought by the Bureau, an independent agency of the United States created by the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. § 5491(a) et seq. The Bureau is authorized to take appropriate enforcement action to address violations of Federal consumer financial law, including the CFPA, and has independent litigating authority. *See* 12 U.S.C. §§ 5511(c)(4); 5512(a); 5531(a); and 5564(a). Sections 1031 and 1036(a) of the CFPA, 12 U.S.C. §§ 5531 and 5536(a), prohibit unfair, deceptive, or abusive acts or practices, or other violations of Federal consumer financial law, by any covered person or service provider.

4.      This action is also brought by the Plaintiff States pursuant to consumer protection enforcement authority conferred on them by state law and pursuant to parens patriae and common law authority. The Attorneys General are authorized to seek injunctive relief, restitution for consumers, and civil penalties for violation of the consumer protection laws of their States.

5.      Defendant Ocwen Financial Corporation is a publicly traded Florida corporation headquartered in Atlanta, Georgia, that provides residential mortgage servicing services. It engages in a variety of businesses related to residential mortgage servicing, and focuses on loan servicing, specialty servicing, and mortgage services. Ocwen Financial Corporation transacts or has transacted business in this district and throughout the United States. On December 27, 2012, Ocwen Financial Corporation acquired and became the successor in interest to Homeward, a

servicer of residential mortgages and a Delaware corporation. Ocwen Financial Corporation is a successor corporation to Homeward and is liable for the illegal practices, including those of Homeward, alleged in this Complaint. On September 1, 2011, Ocwen acquired and became the successor in interest to Litton, a servicer of residential mortgages and a Delaware limited partnership. Ocwen Financial Corporation is a successor corporation to Litton and is liable for the illegal practices, including those of Litton, alleged in this Complaint.

6.      Defendant Ocwen Loan Servicing, LLC is a limited liability company and wholly owned subsidiary servicing company of Ocwen Financial Corporation. It is located in Palm Beach, Florida. Ocwen Loan Servicing, LLC transacts or has transacted business in this district and throughout the United States.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action because it is "brought under Federal consumer financial law," 12 U.S.C. § 5565(a)(1), presents a federal question, 28 U.S.C. § 1331, and is brought by an agency of the United States, 28 U.S.C. § 1345.

8.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the subject matter of the claims asserted by the Plaintiff States in this action because those claims are so related to the claims asserted by the Bureau that they form part of the same case or controversy, and because those claims arise out of the same transactions or occurrences as the action brought by the Bureau under Sections 1031 and 1036(a) of the CFPA, 12 U.S.C. §§ 5531 and 5536(a).

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 12 U.S.C. § 5564(f).

## THE MORTGAGE SERVICING INDUSTRY

10.    The single family mortgage servicing industry consists of financial services and other firms that service mortgages for residential properties designed to house one- to four-family dwellings.

11.    For more than thirty years, mortgages typically have been "pooled" to create an investment vehicle, often denominated as a trust, and interests in the trusts have been sold to investors that own interests in payment streams generated by principal and interest payments by the borrowers.

12.    A "servicer" is responsible for mortgage administration activities, known as servicing activities, which generally include collecting payments from mortgagors; applying payments made in an agreed-upon order to the mortgagor's indebtedness; distributing payments after allowable deductions to the investment trust entities for distribution to investors; making advances to cover delinquent mortgage payments and other costs, such as the costs of protecting and maintaining properties that collateralize mortgage loans when mortgagors fail to do so; pursuing collections from delinquent mortgagors; and pursuing either loss mitigation or foreclosure, as appropriate, to minimize the loss to investors and others when mortgagors become delinquent on mortgage payments.

13.    A servicer who does not originate a mortgage loan may become the servicer by purchasing the "mortgage servicing rights" or by entering into a contract with the "master servicer" to act on its behalf as "subservicer." Such transfers can occur at various stages of repayment of the mortgage, including where the borrower is delinquent in payments and may seek loss mitigation assistance from the servicer to avoid foreclosure on the loan.

## THE SERVICERS' MORTGAGE SERVICING MISCONDUCT

14.    Ocwen services home mortgage loans secured by residential properties owned by individual citizens of the Plaintiff States and of the United States.

15.    Ocwen is a "covered person" engaged "in offering or providing a consumer financial product or service," as those terms are defined in the CFPA, 12 U.S.C. § 5481(6), and is subject to the CFPA's prohibition on unfair, deceptive and abusive acts or practices, 12 U.S.C. §§ 5531 and 5536(a).

16.    Ocwen is engaged in trade or commerce in each of the Plaintiff States and is subject to the consumer protection laws of the States in the conduct of their debt collection, mortgage servicing, loss mitigation and foreclosure activities. The consumer protection laws of the Plaintiff States include laws prohibiting unfair or deceptive practices.

17.    Ocwen specializes in default servicing where borrowers are more likely to encounter hardships or difficulties making payments. Ocwen also frequently acquires mortgage servicing rights through transfers, involving the acquisition of data, information, and documents retained by the prior servicer about borrowers' loans. In 2011 and 2012, respectively, Ocwen acquired and became the successor in interest to Litton and Homeward, and is liable for their illegal mortgage servicing and foreclosure processing conduct.

18.    Ocwen personnel frequently interact with borrowers who are delinquent or are at risk of becoming delinquent on their mortgage loans, who have complaints or inquiries about their mortgages, or who require loss mitigation assistance. Ocwen personnel also frequently handle inquiries from borrowers whose loans have been transferred to Ocwen from another servicer.

19.    Ocwen regularly reviews mortgage loans for potential loss mitigation or loan

11

modification options, and conducts or manages foreclosures.

20.     In the course of their mortgage servicing activities, the Servicers have engaged in

the following acts and practices:

a.     failing to timely and accurately apply payments made by borrowers and

failing to maintain accurate account statements;

b.     charging unauthorized fees for default-related services;

c.     imposing force-placed insurance when the Servicers knew or should have

known that borrowers already had adequate coverage;

d.     providing false or misleading information in response to borrower

complaints;

e.     providing false or misleading information to borrowers regarding loans

that have been transferred from other servicers;

f.     failing to provide accurate and timely information to borrowers who seek

information about loss mitigation services, including loan modifications;

g.     falsely advising borrowers that they must be at least 60 days delinquent in

loan payments to qualify for a loan modification;

h.     misrepresenting to borrowers that loss mitigation programs would provide

relief from the initiation of foreclosure or further foreclosure efforts;

i.     providing false or misleading information to consumers about the status of

the loss mitigation review, including while referring loans to foreclosure;

j.     providing false or misleading information to consumers about the status of

foreclosure proceedings where the borrower was in good-faith actively pursuing a loss

mitigation alternative offered by the Servicers;

12

k. failing to properly calculate borrowers' eligibility for loan modification programs and improperly denying loan modification relief to eligible borrowers;

l. failing to properly process borrowers' applications for loan modifications, including failing to account for documents submitted by borrowers and failing to respond to borrowers' reasonable requests for information and assistance, and as a result, denying loan modifications to consumers who were eligible;

m. providing false or misleading reasons for denial of loan modifications;

n. with respect to transferred loans, failing to honor in-process trial modifications agreed to by prior servicers;

o. with respect to transferred loans with in-process trial and permanent modifications, deceptively seeking to collect payments from the consumer under the mortgage's original unmodified terms;

p. preparing, executing, notarizing, and presenting false and misleading documents, filing false and misleading documents with courts and government agencies, or otherwise using false or misleading documents as part of the foreclosure process (including, but not limited to, affidavits, declarations, certifications, substitutions of trustees, and assignments); and

q. preparing, executing, notarizing, and filing affidavits in foreclosure proceedings, whose affiants lacked personal knowledge of the assertions in the affidavits and did not review any information or documentation to verify the assertions in such affidavits. This practice of repeated false attestation of information in affidavits is popularly known as "robosigning."

13

## COUNT I

## VIOLATIONS OF STATE LAW PROHIBITING
## UNFAIR AND DECEPTIVE CONSUMER PRACTICES
## WITH RESPECT TO LOAN SERVICING

21.    The allegations in paragraphs 1 through 20 above are incorporated herein by reference.

22.    The loan servicing conduct of the Servicers, as described above, constitutes unfair or deceptive practices in violation of the consumer protection laws of each State.

23.    The Servicers' unlawful conduct has resulted in injury to the States and citizens of the States who have had home loans serviced by the Servicers. The harm sustained by such citizens includes payment of improper fees and charges, unreasonable delays and expenses to obtain loss mitigation relief, improper denial of loss mitigation relief, and loss of homes due to improper, unlawful, or undocumented foreclosures. The harm to the States includes the subversion of their legal process and the sustained violations of their laws. The States have had to incur substantial expenses in their investigations and attempts to obtain remedies for the Servicers' unlawful conduct.

## COUNT II

## VIOLATIONS OF STATE LAW PROHIBITING
## UNFAIR AND DECEPTIVE CONSUMER PRACTICES
## WITH RESPECT TO FORECLOSURE PROCESSING

24.    The allegations in paragraphs 1 through 20 above are incorporated herein by reference.

25.    The foreclosure processing conduct of the Servicers, as described above, constitutes unfair or deceptive practices in violation of the consumer protection laws of each State.

14

26.    ~~The Servicers' unlawful conduct has resulted in injury to the States and citizens of~~ the States who have had home loans serviced by the Servicers. The harm sustained by such citizens includes payment of improper fees and charges, unreasonable delays and expenses to ~~obtain loss mitigation relief, improper denial of loss mitigation relief, and loss of homes due to~~ improper, unlawful, or undocumented foreclosures. The harm to the States includes the subversion of their legal process and the sustained violations of their laws. The States have had ~~to incur substantial expenses in their investigations and attempts to obtain remedies for the~~ Servicers' unlawful conduct.

## COUNT III

### ~~VIOLATIONS OF THE CONSUMER  FINANCIAL PROTECTION ACT OF 2010~~
### 12 U.S.C. § 5481 ET SEQ. (CFPA)
### WITH RESPECT TO LOAN SERVICING

27.    The allegations in paragraphs 1 through 20 above are incorporated herein by ~~reference.~~

28.    The loan servicing conduct of the Servicers, as described above, constitutes unfair and deceptive acts or practices in violation of Sections 1031(a) and 1036 of the CFPA, 12 USC §§ 5531(a) and 5536.

## COUNT IV

### ~~VIOLATIONS OF THE CONSUMER  FINANCIAL PROTECTION ACT OF 2010~~
### 12 U.S.C. § 5481 ET SEQ. (CFPA)
### WITH RESPECT TO FORECLOSURE PROCESSING

29.    The allegations in paragraphs 1 through 20 above are incorporated herein by reference.

30.    The foreclosure processing conduct of the Servicers, as described above, constitutes unfair and deceptive acts or practices in violation of Sections 1031(a) and 1036 of the

CFPA, 12 USC §§ 5531(a) and 5536.

## PRAYER FOR RELIEF

WHEREFORE, the Bureau, pursuant to Sections 1054 and 1055 of the CFPA, 12 U.S.C. §§ 5564 and 5565, and the Plaintiff States, pursuant to their consumer protection laws, respectfully request that judgment be entered in their favor and against Ocwen for each violation charged in the complaint, and request that the Court:

A. Permanently enjoin Ocwen from committing future violations;

B. Award such relief as the Court finds necessary to redress injury to consumers;

C. Award such relief as the Court finds necessary to disgorge Ocwen of unlawful gains;

D. Award the Bureau and the Plaintiff States the costs of bringing this action; and

E. Award additional relief as the Court may determine to be just and proper.

Dated: December 19, 2013

Respectfully submitted,

Attorneys for Plaintiff
Consumer Financial Protection Bureau

Lucy Morris
Deputy Enforcement Director
Consumer Financial Protection Bureau

s/ Cara Petersen
Cara Petersen
Assistant Litigation Deputy
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
cara.petersen@cfpb.gov
202-435-7493
DC Bar No. 476990

/s/ Kirsten Ivey-Colson
Kirsten Ivey-Colson
Enforcement Attorney
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
kirsten.ivey-colson@cfpb.gov
202-435-7354
DC Bar No. 470102