JONES & KELLER, P.C.
1999 Broadway, Suite 3150
Denver, Colorado 80202
Telephone: (303) 573-1600
Facsimile: (303) 573-8133
Michael A. Rollin
Maritza Dominguez Braswell (*pro hac vice*)

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**                                              :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*   :    **08-13555 (SCC)**
:
Debtors.                        :    **(Jointly Administered)**
:
---------------------------------------------------------------x

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

**REPLY IN FURTHER SUPPORT OF SUPPLEMENTAL OBJECTION AND
ORIGINAL OBJECTION TO PROOF OF CLAIM NO. 33605
FILED BY SANFORD A. AND TINA A. MOHR**

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator"), pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), on behalf of BNC Mortgage, LLC ("BNC"), files this reply (hereinafter "Reply") to the response (the "Response"), Doc. No. 49193 filed by Sanford A. Mohr and Tina A. Mohr (the "Mohrs" or "Claimants") opposing the Plan Administrator's Supplemental Objection to Proof of Claim 33605, Doc. No. 45587, and respectfully states as follows[1]:

---

[1] On April 13, 2015, Mr. Sanford Mohr contacted counsel for the Plan Administrator and represented that the Mohrs' most recent pleading, Doc. No. 49193, was missing certain pages and therefore incomplete. Counsel agreed to accept the Mohrs' complete pleading by electronic mail the same day. The Mohrs have not submitted any

{JK00676838.1}

**PRELIMINARY STATEMENT**

In their recent filing, the Mohrs appear to raise several factual issues concerning releases, foreclosure processing, and servicing-related matters.[2] None of those issues affect the limited claim before this Court. The Mohrs' Proof of Claim—and thus the issues presently before this Court—rest solely on the following allegations:

1) The allegation that Finance America[3] provided the Mohrs with copies of a Notice of Right to Cancel that left the deadline date blank; and

2) The allegation that Finance America made inadequate disclosures and engaged in unfair practices at origination.

*See* Proof of Claim No. 33605 (referencing TILA violations and the Mohrs' Hawaii State Court complaint as the bases for their Proof of Claim); *see also* Complaint ¶¶ 11-14, 35-57 at Ex. A to POC. These allegations—if true—amount to mere technical errors at origination. In any event, and despite the Mohrs' attempt to create new factual issues and controversies, the disputes before this Court are narrow: whether, on the basis of the alleged technical violations, a rescission claim can lie against BNC; and whether, on the basis of the alleged technical violations, the Mohrs can recover monetary damages from BNC. The answer to both is "no." As a matter of law, and for the reasons more fully set forth below and in the Plan Administrator's prior pleadings, the Mohrs are not entitled to rescission (and BNC cannot effectuate rescission), and the Mohrs cannot recover monetary damages.

---

supplemental pages or a new pleading. The Plan Administrator reserves its right to respond to any subsequent filing or supplemental pages, to the extent any are submitted or filed prior to the April 21, 2015 hearing.

[2] Any and all claims not previously made in the Mohrs' Proof of Claim No. 33605, should be barred as untimely. To the extent the Court requires a formal motion to strike, the Plan Administrator is prepared to file such motion expeditiously. To the extent the Court accepts the Mohrs' additional and new claims, the Plan Administrator reserves its right to respond.

[3] BNC Mortgage is a successor in interest, by merger, to Finance America.

{JK00676838.1 }

# ARGUMENT

## I. The Mohrs' rescission claim fails as a matter of law.

The Mohrs' claim for rescission fails on several grounds, all of which can be resolved as a matter of law.

*First*, the Mohrs cannot tender the loan amount, and it is beyond dispute that failure to tender is fatal to a rescission claim. 15 U.S.C. § 1635(b); *see also* Doc. No. 45587 at 6-7; *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1170-1171 (9th Cir. 2003); *HSBC USA v. Chernilas*, 2010 WL 4155292 (N.Y. Sup. Ct. Oct. 6, 2010); *Berkeley Fed. Bank & Trust FSB v. Siegel*, 247 A.D.2d 498, 499, 669 N.Y.S.2d 335, 225 (2d Dep't. 1998); *Young v. Bank of N.Y. Mellon*, 848 F. Supp. 2d 1182, 1193-1194 (D. Haw. 2012). Indeed, consistent with their prior pleadings, the Mohrs' latest filing makes no mention of their ability or intention to tender the required amount. For this reason alone, the Mohrs' rescission claim fails as a matter of law.

*Second*, even if the Mohrs could tender and were entitled to rescission, that claim for relief cannot lie against BNC, because BNC no longer owns any interest in the subject loan. *See* Doc. No. 45587 at 5-6; *see also Karakus v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 318, 325 (E.D.N.Y. 2013) (where lender assigned its interest in the loan to another bank and in light of that assignment, the court dismissed lender from the case "since it no longer possesses any interest in that loan.").

In their recent filing, the Mohrs appear to raise new unfair practices claims based on the fact that BNC's interest in the loan was previously sold to a third party.[4] As a threshold matter, any such claims should be barred. *See supra*, n.1. Further, the ordinary administration of the

---

[4] The Mohrs rely on two assignments in 2014 to argue the Plan Administrator engaged in unfair practices when it assigned the mortgage to MLB Sub I. *See* Doc. No. 49193. As a point of clarification, the 2014 assignments were executed by a third party using a limited power of attorney executed by LBHI on September 6, 2013. As noted in the Declaration of Richard Katz in Support of Plan Administrator's Objection to Proof of Claim 33605, Doc. No. 45588, LBHI sold its interest in the loan on September 9, 2013, and as of that date no longer had an interest in the loan.

{JK00676838.1}

3

estate can hardly be the basis for an unfair practices claim, and the Mohrs cite no case law to support such a claim. In any event, this allegation does not alter the fundamental point that the Plan Administrator cannot effectuate the relief the Mohrs appear to seek. The Mohrs' rescission claim fails as a matter of law, and should be disallowed and expunged.

**II.      The Mohrs' damages claim also fails as a matter of law.**

In their Proof of Claim, the Mohrs identify "TILA Violation of Mortgage Note" and the state court action filed in Hawaii, as the basis for their claim. Regardless of the legal underpinnings (whether brought under TILA or some other statutory framework cited in the underlying complaint), the Mohrs' damages claim fails as matter of law.

*First*, any TILA damages claim is barred by the one-year statute of limitations that ran from the date of closing and expired *before* the Mohrs filed their state court action. *See Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 286 (S.D.N.Y. 2011); *see also*, Doc. No. 39348 ¶¶ 19-29; Doc. No. 45587 at 7-8.

*Second*, the Mohrs' H.R.S. § 480-2(a) claim (noted in the underlying complaint but not identified in their Proof of Claim) is preempted and fails as a matter of law. Specifically, the Mohrs' Hawaii State Court complaint alleges unfair and deceptive acts in violation of H.R.S. § 480-2(a), *see* Complaint ¶¶ 51-57 at Ex. A to POC, but that claim is based entirely on origination practices and disclosure obligations governed by TILA.

"[F]ederal law preempts § 480-2 claims that are based on the same conduct alleged to violate TILA in originating the loan or failing to provide TILA disclosures." *Au v. Republic State Mortg.,* 2013 WL 1339738, *12 (D. Haw. Mar. 29, 2013) (collecting cases); *see also Reyes v. Downey Savings and loan Ass'n, F.A.,* 541 F. Supp. 2d 1108, 1115 (C.D. Cal. 2008) (where plaintiffs' claim arose under California's Unfair Competition Law ("UCL") but was predicated

on alleged violations of TILA, the court dismissed the UCL claim finding, "[p]laintiffs' use of the UCL as predicated on TILA [was] preempted.").

Here, the Mohrs make an allegation concerning an allegedly misleading HUD-1 Settlement Statement, an allegation that falls squarely under the purview of TILA protections. *See JPMorgan Chase Bank v. Tecl,* 24 A.D.3d 1001, 808 N.Y.S.2d 432 (3d Dep't. 2005) (analyzing whether inaccurate disclosures on HUD-1 violated TILA); *In re James A. Meryer v. Argent Mortgage Co., LLC*, 379 B.R. 529, 541, n.8 (Bankr. E.D. Pa. 2007) (noting a HUD-1 violates TILA when it is misleading); *Yarney v. Wells Fargo Bank, N.A.,* 2010 WL 3075460, \*\*4-6 (W.D. Va. Aug. 5, 2010) (analyzing whether certain inaccuracies in a HUD-1 exceed TILA's tolerances for accuracy). The Mohrs also make an allegation related to a hazard insurance requirement, which presumably concerns the disclosure obligations referenced in other areas of the Mohrs' complaint. *See* Complaint ¶¶ 13, 54. That too falls squarely under TILA. *See* 15 U.S.C. § 1605(c); *see also Gorospe v. Security National Mort.,* 2011 WL 578844, \*\*4-5 (D. Haw. Feb. 8, 2011) (analyzing under TILA, certain claims based on disclosures related to hazard insurance); *Adams v. GMAC Mortgage Corp.*, 1994 WL 702639, \*\*3-5 (N.D. Ill. Dec. 14, 1994) (discussing whether purchase of hazard insurance fell within certain exemption to TILA's disclosure requirements); *Jones v. Aames Funding Corp.*, 2006 WL 2845689, \*\*4-5 (E.D. Pa. Mar. 8, 2006) (same). The remaining allegations in the Mohrs' state court complaint are also governed by TILA, grounded in the purportedly defective Notice of Right to Cancel, and based on alleged acts of non-disclosure or under disclosure concerning the cost of the loan.

In short, every allegation in the underlying state court complaint is based on the same conduct that would give rise to a TILA claim. For that reason, the Mohrs' statutory claim under H.R.S § 480-2(a) is preempted; and all TILA claims—both as noted in the Mohrs' Proof of

{JK00676838.1 }

5

Claim and as repackaged into H.R.S. claims in the underlying state court complaint—are subject to TILA's one-year statute of limitations.

Importantly, this statute of limitations analysis is not altered by the Mohrs' rescission claim. *See Williams v. Aries Financial, LLC,* 2009 WL 3851675, *5 (E.D.N.Y. Nov. 18, 2009) (finding, "[t]here is no indication in the statute or legislative history that Congress intended to alter the statute of limitations applicable to a claim for damages just because it was brought in conjunction with a suit for rescission.").

Nor does the Mohrs' rescission claim give rise to additional damages claims. In their most recent filing, the Mohrs cite to *Jesinoski v. Countrywide Home Loans*,[5] claim that case rejects the Plan Administrator's Objection, state they made damages claims, and cite to 'Exhibit B' of their Proof of Claim (the Notice of Right to Cancel). *See* Doc. No. 49193 at 2-3. It is difficult to decipher the arguments in the Mohrs' recent filing. However, to the extent they claim that Finance America's purported refusal to effectuate rescission gives rise to an additional damages claim, that argument fails as a matter of law because the Mohrs never had a valid rescission claim in the first place. *See Yarney*, 2010 WL 3075460 at *11 (finding that because plaintiff did not have a valid rescission claim, defendants were not liable for damages stemming from the failure to comply with a notice of rescission).

The reason the Mohrs never had a valid rescission claim to begin with, is because the alleged defect in the Notice of Right to Cancel is—as a matter of law—not a defect. The Mohrs claim the Notice of Right to Cancel is defective because the date by which the Mohrs would have had to rescind was left blank. *See* Complaint ¶ 12 at Ex. A to POC. But courts presented

---

[5] *Jesinoski v. Countrywide Home Loans*, 574 U.S. ___ (2015), concerns whether a borrower seeking rescission under TILA need only provide written notice within the applicable three year period, or must actually file suit within that three year period. That is not an issue before this Court. Here, the Mohrs filed suit seeking rescission within three years of the date the loan was consummated.

{JK00676838.1}

6

with the exact same issue have held that a Notice of Right to Cancel with a blank deadline date is "objectively reasonable *as a matter of law*," and therefore does not trigger an extended three year right of rescission under TILA.  *HSBC,* 2010 WL 4155292 at *3 (emphasis added) ("even if the notices…left blank the date by which rescission could occur…the notices were objectively reasonable as a matter of law.  The notice clearly and conspicuously indicated that the debtor can rescind within three business days [and]….clearly states that the date of the transaction was February 16, 2006.").  Thus, even if the Mohrs did in fact receive a Notice of Right to Cancel with a blank deadline date, the Notice was not sufficiently defective to give rise to a valid rescission claim.  For that reason, BNC cannot have liability for any damages stemming from a purported failure to comply with the Mohrs' notice of rescission.

*** 

With rescission unavailable from BNC, and their damages claim(s) preempted, time-barred, and unsubstantiated, the Mohrs should not be permitted to recover from the Estate.

## CONCLUSION

For the reasons set forth herein, in the Plan Administrator's Supplemental Objection and Reply, and in the Plan Administrator's initial Objection, the Plan Administrator respectfully requests that this Court disallow and expunge Proof of Claim No. 33605.

Dated: April 14, 2015
    Denver, Colorado

    /s/ Michael A. Rollin
    Michael A. Rollin
    Maritza Dominguez Braswell (*pro hac vice*)
    JONES & KELLER, P.C.
    1999 Broadway, Suite 3150
    Denver, Colorado 80202
    Telephone: (303) 573-1600
    Facsimile: (303) 573-8133
    Attorneys for Lehman Brothers Holdings Inc. and certain of Its Affiliates