# EXHIBIT C



Madlyn Gleich Primoff
212 836-7042
mprimoff@kayescholer.com

250 West 55th Street
New York, New York 10019-9710
+1 212 836 8000 main
+1 212 836 6495 fax
www.kayescholer.com

April 10, 2015

**BY E-MAIL**

Denise Alvarez, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

        Re:  *In re Lehman Brothers Holdings Inc.*
              Case No. 08-13555 (SCC)
              <u>Claim No. 67707 Filed By Spanish Broadcasting System, Inc.</u>

Dear Ms. Alvarez:

      This letter provides an update on the search terms and other discovery issues discussed in my letter of April 3, 2015 (the "<u>April 3 Letter</u>") and responds to your letter of April 8, 2015 (the "<u>April 8 Letter</u>"). For the reasons set forth below, we are perplexed by your lack of cooperation in addressing the patently overbroad search terms that you advocated and agreed to, and which have retrieved an unduly burdensome volume of more than 650,000 documents.

<u>Search Terms</u>

      As discussed in the April 3 Letter, Spanish Broadcasting is working with its outside vendor to search Spanish Broadcasting's electronically stored information ("<u>ESI</u>") based on the parties' agreed upon custodians and search terms. In the April 3 Letter, Spanish Broadcasting advised you that the search of its e-mail server alone had returned an unreasonably large and unduly burdensome number of documents, and that Spanish Broadcasting expected its outside vendor to complete the search of Spanish Broadcasting's shared drive this week. The vendor has now completed such search and we are able to report information for both Spanish Broadcasting's e-mail server and its shared drive.

      More specifically, the searches of Spanish Broadcasting's e-mail server and shared drive have retrieved an unduly burdensome total of more than **650,000 documents**. It would be patently and extraordinarily burdensome for Spanish Broadcasting to review the more than 650,000 documents retrieved by the searches of Spanish Broadcasting's ESI on a document-by-document basis.

Chicago    Los Angeles    Shanghai
Frankfurt    New York    Washington, DC
London    Palo Alto    West Palm Beach

62683557_1

Denise Alvarez, Esq.                              2                         April 10, 2015

    In addition, the following chart updates the information previously provided in our April 3 Letter and sets forth the enormous number of documents retrieved for certain problematic search terms based on the combined searches of Spanish Broadcasting's e-mail server and shared drive:

| Search Term | Number of Documents Returned |
| --- | --- |
| (MegaTV OR ""Mega TV"") AND (profit* OR perform* OR revenue* OR EBITDA OR earning*) | 154,462 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND (salary OR salaries OR compensation OR bonus*) | 217,384 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND lease* | 83,764 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND (promotion* OR raise*) | 247,657 |
| (""rating*"" OR ""downgrade"" OR ""Moody*"" OR ""Standard & Poo*"" OR ""Standard and Poo*"") AND (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"") | 158,118 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND (liquid* OR illiquid*) | 51,602 |
| (SBS OR ""Spanish Broadcasting"" OR ""SBSA"") AND budget* | 127,002 |
| ((""earnings"" OR ""revenue"") w/25 (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"" OR ""the company"")) | 117,274 |
| ((""10-Q"" OR ""10Q"" OR ""10-k"" OR ""10k"" OR ""8-k"" OR ""8k"" OR ""SEC"" OR ""annual report"" OR ""quarterly report"") w/25 (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"")) | 32,498 |
| (cause* OR ""damage*"" OR ""impact*"" OR ""effect*"" OR ""suffer*"" OR ""affect*"") AND (draw OR Lehman OR LCPI OR LBSF OR LBHI) | 33,730 |
| ((""earnings"" OR ""revenue"") w/25 (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"")) | 94,267 |
| ((""financ*"" OR ""operat*"" OR ""valu*"" OR ""worth"" OR ""viability"" OR ""viable"" OR ""condition"" OR ""liquid*"") w/25 (""Spanish Broadcasting"" OR ""SBS"" OR ""SBSA"")) | 383,340 |
| (cause* OR damage* OR impact* OR effect* OR suffer* OR affect*) AND ((Credit w/5 (Agreement* OR Facilit*)) OR (Lehman OR LCPI OR LBSF OR LBHI)) | 36,897 |

Denise Alvarez, Esq.                                3                              April 10, 2015

In our view, each of the foregoing search terms has proven to be overly broad and has retrieved an unduly burdensome volume of documents (the "Overly Broad Terms"). In the April 3 Letter, we offered to work with you to narrow these Overly Broad Terms.

It is clear from the correspondence between the parties that there have been delays on both sides that have necessitated the extension of discovery deadlines in this matter. With regard to search terms, Spanish Broadcasting provided Lehman with a proposed list of search terms on January 20, 2015. In your letter of February 3, 2015, Lehman rejected Spanish Broadcasting's proposal and provided Spanish Broadcasting with its own list of proposed search terms. During the meet and confer on February 25, 2015, Lehman informed Spanish Broadcasting that it would send a revised list of proposed search terms, which Lehman provided in its letter of March 3, 2015. On March 5, 2015, Spanish Broadcasting agreed to run all of the terms that Lehman proposed in its March 3 letter. Thus, the parties did not reach agreement on the list of search terms until March 5, 2015. Spanish Broadcasting does not maintain a staff of IT personnel that could search the company's ESI based on the agreed upon search terms. Nevertheless, Spanish Broadcasting has at all times been diligent in performing its discovery obligations and, indeed, has contracted with an outside vendor to conduct the searches for ESI.

Moreover, at all times during the course of our meet and confers and in all of our correspondence, Spanish Broadcasting repeatedly and consistently stated that it reserved the right to remove or modify unduly burdensome search terms. See January 20, 2015 letter, at 7 ("Spanish Broadcasting reserves its right to remove search terms if such terms turn out to be over-inclusive and result in undue burden"); February 16, 2015 letter, at 3 (same); March 5, 2015 letter, at 3 (same). Therefore, while Spanish Broadcasting agreed to run the search terms that Lehman proposed in its letter of March 3, 2015, Spanish Broadcasting has always expressly reserved its right to remove or modify those terms in the event that the terms proved to be overly broad – as they have with respect to the Overly Broad Terms.

The April 3 Letter provided you with specific information about the number of documents retrieved by the Overly Broad Terms and invited you to work with us to refine the Overly Broad Terms so that Spanish Broadcasting's review is not unduly burdensome. Based on your April 8 Letter, it appears that Lehman is refusing to work with Spanish Broadcasting to refine the Overly Broad Terms. We are surprised by Lehman's position, which is unjustified. Since each of the Overly Broad Terms returned an unduly burdensome volume of documents, the Overly Broad Terms are unreasonably overbroad. Failing an agreement by the parties to refine the search terms, cost shifting is warranted in this matter, given the extraordinary burden to Spanish Broadcasting in reviewing the voluminous documents retrieved by the search terms.

Claims Litigation Schedule and
Lehman's Request for a Status Conference

In the April 3 Letter, Spanish Broadcasting stated that in light of the volume of documents retrieved by the overly broad and unduly burdensome search terms, and the need for the parties to confer to refine those terms, it will be necessary to extend the deadlines set forth in the Second Amended Claims Litigation Schedule with Respect to Claim No. 67707 Filed By Spanish Broadcasting System, Inc. and the Objection Interposed By Lehman Brothers Holdings

62683557_1

Denise Alvarez, Esq.                                    4                                  April 10, 2015

Inc. [Dkt No 48418] (the "Claims Litigation Schedule"). In that connection, Spanish Broadcasting invited Lehman to confer – and we explicitly reiterate here our request for a meet and confer – in an effort to (a) refine the Overly Broad Terms; and (b) reach agreement on an appropriate extension of the deadlines in the Claims Litigation Schedule. Rather than engage in any dialogue whatsoever concerning the Overly Broad Terms, Lehman stated in the April 8 Letter that it will not consent to any extension of the discovery deadlines. It is plainly not appropriate for Lehman to attempt to cast blame on Spanish Broadcasting simply because the search terms that Lehman itself insisted upon turned out to be problematic.

The April 8 Letter asserts that Lehman intends to request a status conference before the Court. However, given Lehman's refusal to confer with Spanish Broadcasting, Lehman's request for a status conference violates the letter and spirit of the Chambers' Rules of The Honorable Shelley C. Chapman (the "Chambers Rules") and the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"). See Chambers' Rules ("Prior to any request for a conference on a discovery issue, the party requesting the conference is required to make a good faith effort to resolve the dispute with opposing counsel consistent with Local Rule 7007-1(a)."); Local Rule 7007-1(a) ("No discovery-related motion under Bankruptcy Rules 7026 through 7037 shall be heard unless counsel for the moving party files with the Court . . . an affidavit certifying that such counsel has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach an agreement.").

If Lehman persists in failing to engage in discussions with Spanish Broadcasting, then Spanish Broadcasting will be constrained to go to Court to seek relief from the unduly burdensome search terms, an extension of the deadlines in the Claims Litigation Schedule and cost shifting for this unduly burdensome discovery, as appropriate.

SBS Request No. 29

Spanish Broadcasting stands by its position concerning SBS Request No. 29 as set forth in the April 3 Letter, and Spanish Broadcasting will not repeat all of the points made in the April 3 Letter regarding the Request. While Lehman maintains that SBS Request No. 29 is burdensome, Spanish Broadcasting has made numerous proposals in the spirit of compromise, both during the meet and confers and in correspondence, to narrow the scope of the Request. See December 10, 2015 letter, at 7 (suggesting possible parameters for Lehman to put around the Request to narrow its scope, "such as interest rate swaps, dollar amount, non-financial institution counterparty, etc."); January 20, 2015 letter, at 6; March 5, 2015 letter, at 2. Lehman has refused all of Spanish Broadcasting's proposals and Lehman has not made a single counter-proposal to produce documents in response to the Request. In the April 8 Letter, Lehman asserts that it will provide "a further explanation regarding the burdensome nature of SBS Request No. 29." Spanish Broadcasting requests that Lehman provide that "further explanation" promptly.

Denise Alvarez, Esq.                               5                          April 10, 2015

    We hope that we can continue to work together to resolve the remaining open items. We look forward to hearing from you.[1]

                                                   Sincerely,

                                                   Madlyn Gleich Primoff

cc: Ralph Miller, Esq. (via e-mail)
    Jacqueline Marcus, Esq. (via e-mail)
    Alexander Woolverton, Esq. (via e-mail)
    Joseph Otchin, Esq.

---

[1] Spanish Broadcasting reserves (and does not waive) all of its rights in the claim litigation dispute including, without limitation, the right to raise additional issues as discovery progresses.