UNITED STATES BANKRUPTCY COURT
SOURTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                          :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                        :    08-13555 (JMP)
                                                                :
                            Debtors.                            :    (Jointly Administered)
---------------------------------------------------------------x

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Javano Management, L.L.C.** | **Barclays Bank PLC** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

  P.O. Box 6934
  New York, New York 10150
  E-mail: info@javanomgmt.net
  Phone: N/A
  Last Four Digits of Acct #: N/A

With a copy to:
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Attention:  Andrew N. Rosenberg
Phone: (212) 373-3158
Facsimile: (212) 492-0158
E-Mail:  arosenberg@paulweiss.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 63604

Allowed Amount of Claim with respect to ISIN XS0245046544 as Held by Transferor: $1,419,105.77
Allowed Amount of Claim with respect to ISIN XS0245046544 to be Transferred: $1,419,105.77 (or 100.00% of the Allowed Amount of Claim as Held by Transferor)

Date Claim Filed: November 2, 2009

**\*\*PLEASE SEE ATTACHED EXHIBITS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date: April 15, 2015
Transferee/Transferee's Agent
Andrew N. Rosenberg/Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

Exhibit A

Evidence of Transfer of Claim

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Barclays Bank PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Javano Management, L.L.C.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the Proof of Claim Number 63604, filed by or on behalf of Seller's predecessors in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code"), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to Buyer a true and correct copy of the Notice of Proposed Allowed Claim Amount, dated August 24, 2011 (the "Notice") received by Seller and no action was undertaken by Seller with respect to such Notice; (h) Seller has delivered to Purchaser a true and correct copy of the disbursement notice from the Debtor (which has not been supplemented, amended or revised) that set forth the initial distribution paid by the Debtor on or about April 17, 2012 in the amount of $51,218.77 (the "Initial Distribution") on account of the Transferred Claims; (i) Seller's predecessor-in-interest received the second distribution paid by the Debtor on or about October 1, 2012 in the amount of $34,563.44 (the "Second Distribution") on account of the Transferred Claims; (j) to the extent, and in the form received from Seller's predecessors-in-interest, Seller has delivered to Purchaser a true and correct copy of the disbursement notices from the Debtor (which have not been supplemented, amended or revised) the third distribution paid by the Debtor on or about April 4, 2013 in the amount of $43,656.16 (the "Third Distribution"), the fourth distribution paid by the Debtor on or about October 3, 2013 in the amount of $51,759.28 (the "Fourth Distribution"), the fifth distribution paid by the Debtor on or about April 3, 2014 in the amount of $56,222.64 (the "Fifth Distribution"), the sixth distribution paid by the Debtor on or about October 2, 2014 in the amount of $42,195.04 (the "Sixth Distribution"), and the seventh distribution paid by the Debtor on or about April 2, 2015 in the amount of $28,795.59 (the "Seventh Distribution"), in each case on or account of the Transferred Claims; (k) Seller's predecessor-in-interest received a distribution on or about May 8, 2013 in the amount of €121,003.21, a distribution on or about October 24, 2013 in the amount of €47,404.18, a distribution on

or about April 28, 2014 in the amount of €50,950.08, and a distribution on or about October 28, 2014 in the amount of €42,123.63 (the "Fourth BV Distribution") paid by Lehman Brothers Treasury Co. BV, in each case with respect to the Purchased Security; and (l) other than the First, Sixth and Seventh Distributions and the Fourth BV Distribution, Seller has not received any payment or distributions, whether directly or indirectly, on account of the Transferred Claims or the Purchased Security.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim from and after the relevant trade date in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller after the relevant trade date in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Remainder of page intentionally left blank; signatures follow on next page]*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15th day of April, 2015.

| JAVANO MANAGEMENT, L.L.C. | BARCLAYS BANK PLC |
|---|---|
| By: _____ | By: _____ |
| Name: Andrew N. Rosenberg | Name: |
| Title: Authorized Signatory | Title: |
| | |
| Address: | 745 Seventh Ave |
| P.O. Box 6934 | New York, NY 10019 |
| New York, New York 10150 | |
| Email: info@javanomgmt.net | |

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15th day of April, 2015.

**JAVANO MANAGEMENT, L.L.C.**

By: _____
Name: Andrew N. Rosenberg
Title: Authorized Signatory

Address:
P.O. Box 6934
New York, New York 10150
Email: info@javanomgmt.net

**BARCLAYS BANK PLC**

By: _____
Name: Peter Benoist
Title: Managing Director

745 Seventh Ave.
New York, NY 10019

Schedule 1

Transferred Claims

Purchased Claim:

As set forth below.

Lehman Programs Securities to which Transfer Relates

| Proof of Claim No. | ISIN/CUSIP | Issuer | Guarantor | Principal / Notional Amount (local currency) | | Allowed Amount (in USD) |
|---|---|---|---|---|---|---|
| 63604 | XS0245046544 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR | 1,000,000.00 | 1,419,105.77 |

Exhibit B

Proof of Claim

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM**<br>Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000063604 |
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | THIS SPACE IS FOR COURT USE ONLY |

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Bayerische Hypo- und Vereinsbank AG     With copy to: Clifford Chance US LLP
Arabellastrasse 12, D-81925 Munich                    31 West 52nd Street
Germany                                                              New York, New York 10019
Attentin: Dr. Johannes Wodsak                         Attention: Jennifer C. DeMarco
                                                                                David A. Sullivan
Telephone number: 49 89 378-25033   Email Address: Johannes.wodsak@unicreditgroup.de

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above)

Telephone number:                    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** ____see attached_____ **(Required)**

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** ___see attached_____ **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

_____see attached_____ **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

_____see attached_____ **(Required)**

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY |
|---|---|
| Date:<br>27/10/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FILED / RECEIVED<br><br>NOV 0 2 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

Jörn EBERMANN        Dr. Kai NIEMANN

Bayerische Hypo- und Vereinsbank (Counsel)

## ATTACHMENT TO PROOF OF CLAIM OF
## BAYERISCHE HYPO- UND VEREINSBANK AG

Bayerische Hypo- und Vereinsbank AG ("HVB" or "Claimant") by an authorized representative submits this attachment to the proof of claim (the "Claim") against Lehman Brothers Holdings Inc. ("LBHI").

### HVB's Claim

1. HVB submits this Claim with respect to certain securities issued or guaranteed by LBHI and as set forth on the Lehman Programs Securities list posted by LBHI on July 17, 2009 in accordance with the Bar Order. Such Lehman Programs Securities include:

| ISIN | BLOCKING NUMBER | PARTICIPANT ACCOUNT NUMBER | NOTIONAL AMOUNT OF ISSUE HELD (EUR)/(USD)[1] | INTEREST AMOUNT (USD) | CLAIM AMOUNT (USD) |
|---|---|---|---|---|---|
| XS0183944643 | CA90439 | 39616 | 10,604,000/ 15,005,720 | 473,234 | 15,478,954 |
| XS0282937985 | CA90447 | 39616 | 5,000,000/ 7,075,500 | 42,451 | 7,117,951 |
| XS0257022714 | CA90445 | 39616 | 9,000,000/ 12,735,900 | 5,582 | 12,741,482 |
| XS0326006540 | CA94499 | 39616 | 9,500,000/ 13,443,450 | 659,409 | 14,102,859 |
| XS0300055547 | CA94119 | 39616 | 20,000,000/ 28,302,000 | 144,953 | 28,446,953 |
| XS0128857413 | CA94740 | 39616 | 32,000/ 45,283 | 1,012 | 46,296 |
| XS0252834576 | CA90440 | 39616 | 50,000/ 70,755 | 1,039 | 71,794 |
| XS0307745744 | CA94150 | 39616 | 8,450,000/ 11,957,595 | 142,754 | 12,100,349 |
| XS0268648952 | CA90446 | 39616 | 100,000/ 141,510 | 5,833 | 147,343 |
| XS0282978666 | CA94079 | 39616 | 2,802,000/ 3,965,110 | 145,767 | 4,110,877 |

---

[1] All amounts stated in USD are converted as of September 15, 2008 using a rate of 1 EUR = 1.4151 USD.

| | | | | | |
|---|---|---|---|---|---|
| DE000A0TX6H7 | 2013 20091015 1864156 | 39616 | 602,000/ 851,890 | 1,479 | 853,369 |
| XS0166737659 | CA94112 | 39616 | 397,500/ 562,502 | 5,195 | 567,698 |
| XS0162196140 | CA94716 | 39616 | 2,627,500/ 3,718,175 | 0 | 3,718,175 |
| XS0161241418 | CA94172 | 39616 | 2,372,500/ 3,357,325 | 0 | 3,357,325 |
| XS0128700274 | CA94157 | 39616 | 1,355,000/ 1,917,461 | 0 | 1,917,461 |
| XS0168797032 | CA94761 | 39616 | 905,000/ 1,280,666 | 0 | 1,280,666 |
| XS0131585845 | CA94635 | 39616 | 707,500/ 1,001,183 | 0 | 1,001,183 |
| XS0129914874 | CA94603 | 39616 | 652,500/ 923,353 | 0 | 923,353 |
| XS0125559467 | CA94712 | 39616 | 502,500/ 711,088 | 0 | 711,088 |
| XS0126892255 | CA94746 | 39616 | 470,000/ 665,097 | 0 | 665,097 |
| XS0160491584 | CA94656 | 39616 | 435,000/ 615,569 | 0 | 615,569 |
| XS0163560690 | CA94670 | 39616 | 397,500/ 562,502 | 0 | 562,502 |
| XS0163036071 | CA94663 | 39616 | 357,500/ 505,898 | 0 | 505,898 |
| XS0317188059 | CA94509 | 39616 | 137,500/ 194,576 | 6,818 | 201,394 |
| XS0317188646 | CA94566 | 39616 | 42,500/ 60,142 | 0 | 60,142 |
| XS0245046544 | CA45444 | 39616 | 1,000,000/ 1,415,100 | 0 | 1,415,100 |
| **TOTAL:** | ------ | ----- | ----- | ----- | 112,720,876 |

2.   As a result thereof, HVB has a claim against LBHI in the amount of $112,720,876 or such other amounts as may be determined in accordance with the terms of the applicable documentation and subject to applicable law.

### Reservation of Rights

3.   Claimant expressly reserves the right to amend or supplement this Claim at any time, in any respect and for any reason, including but not limited to, for the purposes of

(a) fixing, increasing, or amending the amounts referred to herein, and (b) adding or amending documents and other information and further describing the claims. Claimant does not waive any right to amounts due for any claim asserted herein by not stating a specific amount due for any such claim at this time, and Claimant reserves the right to amend or supplement this proof of claim, if Claimant should deem it necessary or appropriate, to assert and state an amount for any such claim.

4. This Claim is made without prejudice to the filing by Claimant and any related entities of additional proofs of claim for any additional claims against LBHI and its affiliated debtors (the "Debtors") and non-debtor entities affiliated with the Debtors of any kind or nature, including, without limitation, claims for administrative expenses, additional interest, late charges, and related costs and expenses, and any and all other charges and obligations reserved under the applicable documents and other transaction documents, and claims for reimbursement in amounts that are not fully ascertainable.

5. The filing of this Claim is not intended to be and shall not be deemed to be or construed as a waiver or release of any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that Claimant has or may have against LBHI, its affiliated entities or any other person, or persons, and Claimant expressly reserves all such rights.

6. Nothing herein modifies, alters, amends and/or waives any right Claimant may have under applicable law or any agreement or understanding to assert and recover from LBHI, its affiliated entities or any other person or persons, upon rights, claims, and monies.

7. In executing and filing this claim, Claimant does not submit itself to the jurisdiction of this Court for any other purpose than with respect to this Claim. This Claim is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any past,

AMR-218780-v1                                    - 3 -                                    80-40399127

present or future defaults, or (iii) a waiver or limitation of any rights remedies, claims or interests of Claimant.

## Notices

8.    All notices, communications and distributions with respect to this Claim should be sent to:

Bayerische Hypo- und Vereinsbank AG
Arabellastrasse 12, D-81925 Munich
Germany
Telephone:    49 89 378-25033
Attention:    Dr. Johannes Wodsak

With a copy to:

Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
Telephone:    (212) 878-8000
Attention:    Jennifer C. DeMarco, Esq.
    Jennifer B. Premisler, Esq.

**HAND DELIVERY**

RECEIVED BY: NK

FILED / RECEIVED
NOV 0 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC
DATE

TIME: 12:40