Hearing Date and Time: May 5, 2015 at 10:00 a.m. (prevailing Eastern Time)<br>Response Deadline: April 28, 2015 at 4:00 p.m. (prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**NOTICE OF MOTION OF THE PLAN ADMINISTRATOR IN AID OF
EXECUTION OF THE PLAN TO ESTABLISH A DEADLINE FOR FILING OFAC
CERTIFICATIONS AND FOR APPROVAL OF RELATED PROCEDURES**

---

**THIS MOTION SEEKS TO ESTABLISH A DEADLINE FOR FILING
OFAC CERTIFICATIONS.  PARTIES RECEIVING THIS MOTION
SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR
CLAIM(S) ARE LOCATED IN THE EXHIBIT ATTACHED TO THE
MOTION TO DETERMINE WHETHER THIS MOTION AFFECTS THEIR
CLAIM(S).  IF THE MOTION IS GRANTED, FAILURE TO PROVIDE AN
OFAC CERTIFICATION PRIOR TO THE DEADLINE WILL RESULT IN
FORFEITURE OF DISTRIBUTIONS.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL
KATHERINE DOORLEY AT 212-310-8810.**

---

**PLEASE TAKE NOTICE** that on April 21, 2015, Lehman Brothers Holdings

Inc. ("LBHI"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan*

*of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan"), filed the annexed

Motion in Aid of Execution of the Plan to Establish a Deadline for Filing OFAC Certifications

and for Approval of Related Procedures (the "Motion"), and that a hearing (the "Hearing") to

consider the Motion will be held before the Honorable Shelley C. Chapman, United States

Bankruptcy Judge, in Courtroom 621 of the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004, on **May 5, 2015 at**

**10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

                      **PLEASE TAKE FURTHER NOTICE** that any objections to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, must be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard

copy delivered directly to Chambers), in accordance with the customary practices of the

Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in

accordance with General Order M-399 upon: (i) the chambers of the Honorable Shelley C.

Chapman, One Bowling Green, New York, New York 10004, Courtroom 621; (ii) attorneys for

LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:

Garrett A. Fail, Esq.; and (iii) the Office of the United States Trustee for Region 2, 201 Varick

Street, Suite 1006, New York, New York 10014, Attn: William K. Harrington, Esq., Susan

Golden, Esq., and Andrea B. Schwartz, Esq., so as to be so filed and received by no later than

**April 28, 2015 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

WEIL:\95267122\8\58399.0011

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and

served with respect to the Motion, the Plan Administrator may, on or after the Objection

Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed

order annexed to the Motion, which order may be entered with no further notice or opportunity

to be heard offered to any party.

Dated:    April 21, 2015
          New York, New York


/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

WEIL:\95267122\8\58399.0011

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**MOTION OF THE PLAN ADMINISTRATOR IN AID OF EXECUTION OF THE**
**PLAN TO ESTABLISH A DEADLINE FOR FILING OFAC CERTIFICATIONS**
**AND FOR APPROVAL OF RELATED PROCEDURES**

**THIS MOTION SEEKS TO ESTABLISH A DEADLINE FOR FILING
OFAC CERTIFICATIONS.  PARTIES RECEIVING THIS MOTION
SHOULD REVIEW THE MOTION TO SEE IF THEIR NAME(S) AND/OR
CLAIM(S) ARE LOCATED IN THE EXHIBIT ATTACHED TO THE
MOTION TO DETERMINE WHETHER THIS MOTION AFFECTS THEIR
CLAIM(S).  IF THE MOTION IS GRANTED, FAILURE TO PROVIDE AN
OFAC CERTIFICATION PRIOR TO THE DEADLINE WILL RESULT IN
FORFEITURE OF DISTRIBUTIONS.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL
KATHERINE DOORLEY AT 212-310-8810.**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the

*Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its*

*Affiliated Debtors* (the "Plan"),[1] files this motion and respectfully represents:

### Preliminary Statement

1.      To date, the Plan Administrator has distributed nearly $100 billion to

holders of more than 37,000 Allowed Claims pursuant to the Plan.  The Plan Administrator has

not been able to make distributions to holders of an additional approximately 520 Allowed

Claims (the "OFAC Claims") because those parties have thus far failed to provide the Plan

Administrator with a simple certification required to minimize the risk that the Plan

Administrator would be in violation of laws and regulations administered by the Office of

Foreign Assets Control ("OFAC") in the United States Department of the Treasury and that its

officers or directors would be subject to civil or criminal penalties.[2]  The Plan Administrator is

currently reserving approximately $12,000,000 of Distributions on account of the OFAC Claims

(the "OFAC Reserve").

2.      Prior to the commencement of Distributions under the Plan in March

2012, the Plan Administrator was contacted by OFAC and advised that the Plan Administrator

may be subject to sanctions if Distributions were made to parties designated by OFAC as

"specially designated nationals" (explained further below).  After discussions with OFAC, and to

minimize the risk of violating the OFAC-administered laws or regulations, the Plan

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the Plan.

[2] Attached hereto as Exhibit A is a chart identifying the claimants and claim numbers for which an OFAC Certification (defined below) has not been submitted to the Plan Administrator.

Administrator determined to request certifications from all holders of Allowed Claims prior to making Distributions to such claimants.  The OFAC certification requested by the Plan Administrator is not burdensome.  It is a one-page form that requires the claimant to confirm that neither the claimant nor any person for which the claimant may be acting or who may be the beneficial holder of the claim is a person or entity with whom it is illegal for a U.S. person to transact under OFAC regulations.[3]  The vast majority of holders of Allowed Claims against the Debtors have provided OFAC certifications without controversy.

3.      The Plan Administrator has attempted to contact the holders of the OFAC Claims and obtain their OFAC Certifications.  The Plan Administrator's distribution agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), has transmitted notices to the holders of the OFAC Claims requesting their OFAC Certification, and other required forms that may be missing, such as federal tax identification forms ("TIN Forms").  Prior to the seventh Distribution, the Plan Administrator had sent at least one notice (and in some cases 20-30 notices)[4] to the holders of the OFAC Claims requesting their OFAC Certification.[5]  The notices are translated into six languages.  Despite the time and cost, the Plan Administrator has not received OFAC Certifications from the holders of the OFAC Claims.  As a result, the Plan Administrator is left with no choice other than to request the establishment of a deadline for submissions of OFAC Certification and, absent compliance, forfeiture of Distributions.

---

[3] A copy of the OFAC certification form is annexed as Exhibit 1 to the proposed order (the "OFAC Certification").

[4] The number of notices varies depending on when the claims became Allowed Claims, as well as on whether or not the claimant in question is missing only an OFAC Certification or an OFAC Certification and a TIN Form. Generally, claimants whose claims became Allowed Claims earlier in the case or Claimants missing both OFAC Certifications and TIN Forms have received a greater number of notices.

[5] A small number of holders of OFAC Claims have not received a request for OFAC Certification because their Claims were Allowed subsequent to notices for the seventh Distribution.  These holders will receive notice of the missing OFAC Certification pursuant to this Motion.

4.       The relief requested by this Motion is consistent with the authority and discretion granted to the Plan Administrator by the Plan and with prior orders entered by the Court to facilitate the administration of these chapter 11 cases.

## Jurisdiction

5.       This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334 and section 14.1 of the Plan.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to section 14.1(e) of the Plan, the Court retained jurisdiction to "issue such orders in aid of execution of the Plan to the extent authorized by section 1142 of the Bankruptcy Code."  Plan § 14.1(e).

## Background

6.       Commencing on September 15, 2008 and periodically thereafter, the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

7.       On December 6, 2011, the Court entered an order confirming the Plan (ECF No. 23023).  The Plan became effective on March 6, 2012.

8.       Pursuant to the Plan, the Plan Administrator has the authority to "exercise its reasonable business judgment to direct and control the wind down, [and] liquidation . . . of the assets of the Debtors . . . and in accordance with applicable law as necessary to maximize Distributions to holders of Allowed Claims."  Plan § 6.1(b)(iii).

## Relief Requested

9.       The Plan Administrator requests that the Court (i) establish **September 4, 2015** as the deadline (the "OFAC Certification Deadline") for all holders of OFAC Claims other

than holders of OFAC Claims that are known by the Plan Administrator to be prohibited from

receiving Distributions pursuant to OFAC regulations (each, a "Prohibited Claimant") to provide

a completed OFAC Certification to the Plan Administrator, (ii) approve the form and manner of

notice thereof (the "OFAC Deadline Notice"), a copy of which is attached as Exhibit 2 to the

proposed order, and (iii) declare that, if an executed OFAC Certification is not received by the

OFAC Certification Deadline by holders of OFAC Claims other than Prohibited Claimants, (a)

the non-compliant holder (and its successors and assigns) shall be forever barred, estopped, and

enjoined from asserting any right to Distributions against the Debtors payable on account of its

OFAC Claims for the first through seventh Distributions (the "Forfeited Distributions"), (b) the

Debtors shall be forever discharged from any and all indebtedness or liability with respect to the

first through seventh Distributions on account of the Forfeited Distributions, and (c) the Forfeited

Distributions shall revert to the applicable Debtor and become Available Cash for distribution to

other holders of Allowed Claims against such Debtor in accordance with the Plan.

10.    With respect to any Distributions that are payable to Prohibited Claimants,

the Plan Administrator intends to retain all such Distributions and treat them as "blocked" in

accordance with OFAC regulations or pending further guidance from OFAC.

11.    The Plan Administrator further requests that the Court authorize and

approve procedures for the submission of OFAC Certifications for all holders of OFAC Claims

that are not Prohibited Claimants (the "OFAC Procedures") (described below).  The OFAC

Procedures shall be applicable to all future Distributions commencing from the eighth

Distribution scheduled to occur on or about September 30, 2015.

12.    The OFAC Procedures are similar to the procedures currently applicable

to the submission of TIN Forms provided in section 8.8 of the Plan.   Specifically, for future

WEIL:\95267122\8\58399.0011

Distributions, Epiq will mail a notice with a form OFAC Certification to all holders of OFAC

Claims that are not Prohibited Claimants.  The notice will be sent to the address of each holder of

an OFAC Claim as set forth on the Schedules filed with the Bankruptcy Court, unless superseded

by a new address as set forth (a) on a proof of Claim filed by a holder of an Allowed Claim, (b)

in another writing notifying the Plan Administrator or Epiq of a change of address or (c) in the

notice filed with the Bankruptcy Court in accordance with Bankruptcy Rule 3001(e) to the extent

a Claim has been transferred.[6]  The notice will be similar to the mailings sent to claimants who

have failed to provide TIN forms, and will inform the recipient that if an OFAC Certification is

not submitted to Epiq within 180 days of the mailing, the claimant will forever forfeit that

particular Distribution.  If an OFAC Certification is not timely provided, the Plan Administrator

shall then be authorized to treat such Distribution as a Forfeited Distribution that shall revert to

the applicable Debtor and become Available Cash for distribution to other holders of Allowed

Claims against such Debtor in accordance with the Plan.

> 13.    A new mailing will be sent prior to each subsequent Distribution to

holders of OFAC Claims that are not Prohibited Claimants and who have not previously

provided an OFAC Certification.  Such holders of OFAC Claims will continue to forfeit their

entitlement to Distributions unless and until an OFAC Certification is timely remitted for the

particular Distribution.  For example, a holder of an OFAC Claim that fails to submit the OFAC

Certification by the OFAC Certification Deadline would forfeit its right to the first through

seventh Distributions.  For the eighth Distribution, Epiq will send the claimant a notice and

OFAC Certification form, and if the claimant fails to return the OFAC Certification within 180

days of that mailing, the claimant would forfeit the eighth Distribution.  A new OFAC

---

[6] Of the notices sent by Epiq, 86 have been returned as undeliverable, and a more current address has not been provided to the Plan Administrator or Epiq by the holder of the Allowed Claim.

Certification would then be sent for the ninth Distribution.  If the claimant timely submits an executed OFAC Certification for the ninth Distribution (but not the eighth Distribution) the claimant would be entitled to receive the ninth Distribution and any subsequent Distributions on account of its claim, but the claimant would not be entitled to receive any Distributions that were previously forfeited.

### Basis for Relief Requested

14.    The Court is authorized to grant the relief requested pursuant to sections 105(a) and 1142 of the Bankruptcy Code and section 14.1(e) of the Plan.

15.    Section 105(a) of the Bankruptcy Code permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  Section 1142(b) of the Bankruptcy Code provides that "[t]he court may direct the debtor and any other necessary party . . . to perform any other act . . . that is necessary for the consummation of the plan."  *See also In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. § 1142(b) . . . and it has 'continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.'") (internal citations omitted).  Pursuant to section 14.1(e) of the Plan, the Court "retain[ed] exclusive jurisdiction of all matters arising under, arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and . . . [t]o issue such orders in aid of execution of the Plan to the extent authorized by section 1142 of the Bankruptcy Code[.]"

International Emergency Economic Powers Act

16.    Pursuant to the International Emergency Economic Powers Act ("IEEPA"), the President of the United States is authorized to prohibit broad categories of

7

transactions in order to "deal with any unusual and extraordinary threat, which has its source in whole or substantial part outside the United States, to the national security, foreign policy, or economy of the United States." 50 U.S.C. §1701(a).  Generally, Presidents have exercised that power through the issuance of executive orders in which the President prohibits transactions with or involving the property of certain categories of persons and then delegates to the Secretary of the Treasury the authority to designate persons falling into such categories.  In most cases, such person are known as "Specially Designated Nationals" or "SDNs."  However, SDNs are not the only persons that may be designated by the Secretary of the Treasury and subject to U.S. economic sanctions.  Persons who are not SDNs but who, nevertheless, are subject to sanctions include, for example, persons designated by the Secretary of the Treasury as "Foreign Sanctions Evaders" and persons operating within certain sectors of the Russian economy, as determined by the Secretary of the Treasury in consultation with the Secretary of State.

17.    When a person is subject to IEEPA sanctions (whether due to designation as an SDN or otherwise), property (including interests in property) of such person that is in the United States or in the possession or control of a U.S. person (wherever located) is blocked. Blocked property may not be transferred, paid, exported, withdrawn, or otherwise be dealt in. *See, e.g.*, E.O. 13662, Blocking Property of Additional Persons Contributing to the Situation in Ukraine, §1, 79 Fed. Reg. 16169 (Mar. 24, 2014); E.O. 13573, Blocking Property of Senior Officials of the Government of Syria, §1, 76 Fed. Reg. 29143 (May 20, 2011).

18.    The IEEPA is a strict liability statute.  Violating or attempting to violate "any license, order, regulation, or prohibition" issued under the IEEPA may result in the imposition of civil penalties and (in the case of misconduct that is willful) criminal penalties. The current maximum civil penalty under IEEPA is the greater of $250,000 or "an amount that is

twice the amount of the transaction that is the basis of the violation with respect to which the

penalty is imposed." 50 U.S.C. § 1705(b).  Criminal penalties include a fine of up to $1,000,000

per violation and, in the case of natural persons, imprisonment of up to 20 years.  50 U.S.C.

§1705(c).

19.     OFAC is the office within the Department of the Treasury charged with

enforcing sanctions imposed pursuant to IEEPA and other sanctions statutes, as well as related

executive order and regulations.  OFAC's regulations include Economic Sanctions Guidelines

(described by OFAC as a "general framework for the enforcement of all economic sanctions

programs administered by" OFAC).  31 C.F.R. Pt. 501, App. A.  The Guidelines describe the

different kinds of actions OFAC may take in response to conduct that appears to breach

sanctions laws or regulations and the factors OFAC will take into account in deciding how to

exercise its authority.  Among other factors, OFAC will consider the degree to which a person

knew or had reason to know of the conduct giving rise to an apparent violation.  According to

OFAC, "Generally, the greater a Subject Person's actual knowledge of, or reason to know about,

the conduct constituting an apparent violation, the stronger the OFAC enforcement response will

be." 31 C.F.R. Pt. 501, App. A, § III.B.  And, of particular relevance here, OFAC may also

consider the commercial sophistication of the subject person and "the existence, nature and

adequacy of a Subject Person's risk-based OFAC compliance program at the time of the apparent

violation." 31 C.F.R. Pt. 501, App. A, §§ III.D.1 & III.E.

The Plan Administrator's Prior Efforts

20.     As stated, prior to the first Distribution, the Plan Administrator was

contacted by OFAC and was advised that the Plan Administrator may be subject to sanctions if

Distributions were made to SDNs.  Thereafter, the Plan Administrator reviewed OFAC's various

9

sanctions lists, including the SDN list to determine if any of the Debtors' Allowed Claim holders were on those lists.  The Plan Administrator identified two claimants who appeared on the SDN list.

21.     The OFAC SDN and non-SDN lists are not conclusive as they do not capture every person or entity that may be subject to U.S. economic sanctions.  For example, U.S. sanctions with respect to Cuba encompass all dealings in property of anyone who is a Cuban national.  31 C.F.R. § 515.201.  Searching OFAC's SDN and non-SDN lists would not reveal whether a person is subject to such comprehensive sanctions.   The SDN and non-SDN lists also would not capture persons or entities acting on behalf of parties on the lists, or situations where a person or entity on the lists subsequently changed their name.

22.     The Plan Administrator also requested a waiver or other assurances from OFAC that would absolve it of potential liability if an unlawful Distribution were made.  While discussions with OFAC have been productive, OFAC has advised the Plan Administrator that no waiver or assurances would be granted.

23.     To reduce the risk of exposure to OFAC penalties, the Plan Administrator required each holder of an Allowed Claim to submit an OFAC Certification before the Plan Administrator will pay it a Distribution.  The vast majority of claimants (holding over 96% of all Allowed Claims) have complied and received Distributions.  Only approximately 460 claimants holding approximately 520 claims have failed to provide an OFAC Certification.  The Plan Administrator has provided abundant notice to these parties and given them sufficient opportunities to submit an OFAC Certification.  As stated, the Plan Administrator has sent between one and thirty notices in six languages requesting OFAC Certifications.  Unfortunately,

10

the Plan Administrator still has not been provided with OFAC Certifications from the holders of the OFAC Claims.

### The Relief Requested Is Necessary and Appropriate

24.     The circumstances of these cases justify the establishment of the OFAC Certification Deadline and approval of the OFAC Procedures.  Unless the Plan Administrator receives OFAC Certifications for the OFAC Claims, it cannot make Distributions on these claims without potentially exposing itself and the Debtors' estates to liability under the IEEPA and other sanctions laws.  As described above, the Plan Administrator has tried to obtain the necessary information from the holders of OFAC Claims.  The Plan Administrator has also tried to obtain a waiver or assurances from OFAC that Distributions can be made to these claimants without liability to the Plan Administrator or the Debtors, but OFAC will not issue such waivers.

25.     Any alternative to establishing an OFAC Certification Deadline and the OFAC Procedures would be inherently risky, burdensome and costly (including individual investigations of each of the claimants to determine their status).  Such additional cost would be borne by all other creditors of the Debtors – who have already provided the Plan Administrator with an OFAC Certification.  To impose additional costs would unfairly prejudice all such creditors.

26.     Notably, the Plan allows for similar treatment of claims in the event that the claimant fails to provide TIN forms.  Specifically, Section 8.8 of the Plan provides that:

> "The Plan Administrator . . . may require, as a condition to receipt of a Distribution, that the holder of an Allowed Claim . . . provide a completed Form W-8, W-9 and/or other tax information deemed necessary in the sole discretion of the Plan Administrator . . . provided that if the Plan Administrator . . . make such a request and the holder fails to comply before the date that is 180 days after the request is made, the amount of such Distribution shall irrevocably revert to the applicable Debtor . . . and any Claim in

11

> respect of such Distribution shall be discharged and forever barred
> from assertion against Debtor . . . or its respective property."

Plan § 8.8.

27.     The relief requested herein is designed to meet the same ends: a process through which parties the Plan Administrator efficiently obtains information required to facilitate Distributions on account of the claims and ensure compliance with requirements of non-bankruptcy law.  It properly places the burden on the party seeking Distributions from the Debtors to come forth with the required information and confirm its legal status by submitting an OFAC Certification.  Any burden imposed on the 460 claimants that have failed to submit an OFAC Certification is easily outweighed by the benefits to administration of the Debtors' estates and the reduction or potential elimination of the costs that would be borne by other creditors of the Debtors' estates if the Plan Administrator were to undertake an independent investigation or make a Distribution subject to the risk of penalties.

28.     Additionally, the OFAC Procedures that the Plan Administrator seeks to establish are less onerous than the provisions governing Distributions.  For example, if any holder's Distribution is returned as undeliverable, no further Distributions are made to such holder unless and until the Plan Administrator is notified of such holder's then-current address. *See* Plan § 8.7.  All undeliverable Distributions are forfeited six (6) months after the date the undeliverable Distribution was initially made, as are any subsequent Distributions to which the holder may be entitled.  *See id.*  Here, the Plan Administrator is providing holders of OFAC Claims with an additional four months to provide an OFAC Certification before they forfeit the first through seventh Distributions, and the holders of OFAC Claims will only forfeit subsequent Distributions if they continue to fail to provide an OFAC Certification after additional notice.

12

**Notice**

29.     No trustee has been appointed in these chapter 11 cases.  The Plan Administrator, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (ECF No. 9635), has served notice of this Motion on (i) all record holders of OFAC Claims; (ii) the United States Trustee for Region 2; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) OFAC; and (vii) all other parties who have requested notice in these chapter 11 cases.  The Plan Administrator submits that no other or further notice need be provided.

30.     No previous request for the relief sought herein has been made by the Plan Administrator to this or any other court.

**WHEREFORE** the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:    April 21, 2015
          New York, New York

                                        /s/ Garrett A. Fail
                                        Garrett A. Fail

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Lehman Brothers Holdings Inc.
                                        and Certain of Its Affiliates

13

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**ORDER ESTABLISHING DEADLINE FOR FILING OFAC**
**CERTIFICATION AND APPROVING RELATED PROCEDURES**

Upon the motion (the "Motion") dated April 21, 2015 of Lehman Brothers

Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"),[1] pursuant to, *inter alia*, section 14.1(e) of the Plan and sections 105(a) and

1142 of title 11 of the United States Code (the "Bankruptcy Code"), to establish a deadline and

related procedures for filing certifications in the form annexed hereto as Exhibit 1 (such

certification, an "OFAC Certification") and to approve the form and manner of notice of such

deadline, all as more fully described in the Motion; and the Court having jurisdiction to consider

the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided; and a hearing having been

held to consider the relief requested in the Motion; and the Court having found and determined

that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

parties in interest and that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the Motion is granted to the extent provided herein; and it is

further

ORDERED that **September 4, 2015** is established as the deadline (the "OFAC

Certification Deadline") for all holders of OFAC Claims other than holders of OFAC Claims that

are known by the Plan Administrator to be prohibited from receiving Distributions pursuant to

OFAC regulations (each, a "Prohibited Claimant") to provide a completed OFAC Certification to

the Plan Administrator in accordance with this Order; and it is further

ORDERED that an executed OFAC Certification may be provided to the Plan

Administrator (i) by mail at Lehman Brothers Holdings Claims Processing, c/o Epiq Bankruptcy

Solutions, LLC, FDR Station, P.O. Box 5076, New York, NY 10150-5076 (if by first-class mail)

or Epiq Bankruptcy Solutions, LLC, Attn: Lehman Brothers Holdings Inc., 757 Third Avenue,

3rd Floor, New York, NY 10017 (if by hand delivery or overnight mail) or (ii) by email at LBHI-

Noticing@epiqsystems.com, so as to be received on or before the OFAC Certification Deadline;

and it is further

ORDERED that, if an executed OFAC Certification is not received by the OFAC

Certification Deadline by holders of OFAC Claims other than Prohibited Claimants, (a) the non-

compliant holder (and its successors and assigns) shall be forever barred, estopped, and enjoined

from asserting any right to Distributions against the Debtors payable on account of its OFAC

Claims for the first through seventh Distributions (the "Forfeited Distributions"), (b) the Debtors

shall be forever discharged from any and all indebtedness or liability with respect to the first

WEIL:\95267122\8\58399.0011

through seventh Distributions on account of the Forfeited Distributions, and (c) the Forfeited

Distributions shall revert to the applicable Debtor and become Available Cash for distribution to

other holders of Allowed Claims against such Debtor in accordance with the Plan; and it is

further

ORDERED the OFAC Procedures described in the Motion are approved such

that if a holder of an OFAC Claim (other than a Prohibited Claimant) fails to submit an OFAC

Certification within 180 days of a mailing by Epiq requesting such certification, (a) the non-

compliant holder (and its successors and assigns) shall be forever barred, estopped, and enjoined

from asserting any right to Distributions payable on account of its OFAC Claims for the

applicable Distribution referred to in the notice, (b) the Debtors shall be forever discharged from

any and all indebtedness or liability with respect to the applicable Distribution on account of the

OFAC Claims for which an executed OFAC Certification is not timely received, and (c) the

applicable Distribution amount shall be deemed a Forfeited Distribution that shall revert to the

applicable Debtor and become Available Cash for distribution to other holders of Allowed

Claims against such Debtor in accordance with the Plan; and it is further

ORDERED that the Plan Administrator is authorized to retain any Distributions

payable to Prohibited Claimants and treat such Distributions as "blocked" in accordance with

OFAC regulations or pending further guidance from OFAC; and it is further

ORDERED that notice of the entry of this Order and of the OFAC Certification

Deadline substantially in the form attached as Exhibit 2 hereto (the "OFAC Certification

Deadline Notice") is approved in all respects and shall be deemed good, adequate, and sufficient

notice if it is served by deposit in the United States mail, first class postage prepaid, within seven

business days of entry of this Order upon all record holders of OFAC Claims; and it is further

3

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters

arising from or related to this Order.

Dated:  _____, 2015
       New York, New York


_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

WEIL:\95267122\8\58399.0011

## **Exhibit 1**

## CERTIFICATION REGARDING STATUS
### OFAC Certification

Creditor Name:
Claim Number(s):


I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor (the "Creditor"), and hereby certify that neither the Creditor nor, to the best of the Creditor's knowledge, any person or entity for whom the Creditor may be acting or who may be the beneficial owner of the applicable claim(s), security/(ies), or interest(s) is a person or entity with whom it is illegal for a U.S. person to transact under the Office of Foreign Assets Control ("OFAC") sanctions laws and regulations and the list of Specially Designated Nationals and Blocked Persons.


Dated: _____

_____
Signature

_____
Print Name

_____
Title (if applicable)

**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

### NOTICE OF DEADLINE FOR FILING OFAC CERTIFICATION

You are receiving this notice because you have not submitted a certification (an "OFAC Certification") to the Plan Administrator confirming that neither you nor any person for which you may be acting or who may be the beneficial holder of proof of claim number(s) [_____] against Lehman Brothers Holdings Inc. or its affiliated chapter 11 debtors (the "Debtors") is a person or entity with whom it is illegal for a U.S. person to transact pursuant to regulations issued by the Office of Foreign Assets Control.

**PLEASE TAKE NOTICE THAT**, pursuant to an order of the United States Bankruptcy Court for the Southern District of New York (the "Court"), **September 4, 2015** (the "OFAC Certification Deadline") is the last date that you may timely file the OFAC Certification with the Plan Administrator in order to receive any Distribution made to date or reserved on account of your claims.

A copy of the required OFAC Certification is attached to this notice.

1.    **WHEN AND HOW TO FILE OFAC CERTIFICATION**

An OFAC Certification may be provided to the Plan Administrator by mail at:

If by first-class mail:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076


If by Hand Delivery or Overnight mail:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Inc.
757 Third Avenue, 3rd Floor
New York, NY 10017


or

electronic mail to:

LBHI-Noticing@epiqsystems.com

In order to be accepted, the OFAC Certification must be **received** by the Plan Administrator on or before the OFAC Certification Deadline Order.

2.    **CONSEQUENCES OF FAILURE TO FILE AN OFAC CERTIFICATION IN ACCORDANCE WITH THESE PROCEDURES**

**Any entity that fails to provide the OFAC Certification on or before the OFAC Certification Deadline will be forever barred, estopped, and enjoined from asserting, and shall forever forfeit, any right to receive Distributions[1] previously made on account of any claim against any of the Debtors.**

Entities receiving this notice should consult an attorney with any questions regarding this notice.

Dated:    _____, 2015                          BY ORDER OF THE COURT
            New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Garrett A. Fail

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given them in the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliate Debtors* (ECF No. 23023, Ex. A).

2

**Exhibit A**

| CLAIM/ SCHEDULE NUMBER | CURRENT CREDITOR | ALLOWED AMOUNT |
|---|---|---|
| 555000170 | 101 HUDSON LEASING ASSOCIATES | $8,451.00 |
| 56957 | ACTA ASSET MANAGEMENT ASA | $81,603.67 |
| 35630 | ACTRON INTERNATIONAL CORPORATION | $40,000.00 |
| 560000030 | ACUSHNET COMPANY | $285.54 |
| 67178 | ADEL, JOHAN | $1,749.90 |
| 44153 | AFI-ESCA LUXEMBOURG SA | $2,533,871.34 |
| 44154 | AFI-ESCA LUXEMBOURG SA | $3,900,000.00 |
| 59233 | AFRASIA BANK LTD | $19,070.21 |
| 61148 | AHOUVI, IGAL | $101,637.26 |
| 560000050 | AIRGAS INTERMOUNTAIN | $362.61 |
| 62783 | ALBAACE SECURITIES CO., LTD. | $60,386.35 |
| 41967 | ALDA CORDEIRO BORGES VENTURA, MARIA | $191,586.56 |
| 516000010 | ALL AROUND LIGHTING INC | $2,660.08 |
| 600000030 | ALPHA OFFICE SUPPLIES INC | $232.37 |
| 888001960 | ALPHA OFFICE SUPPLIES INC | $663.81 |
| 55829 | ALTERNATIVE BANK SCHWEIZ AG | $6,257.64 |
| 555012600 | AMERICAN EXPRESS SERVICES EUROPE LTD | $422.33 |
| 42228 | ANA BELEN ALFONSO GARCIA | $40,125.86 |
| 48820 | ANDREASSEN, KIARE HARRY | $173,043.41 |
| 20905 | ASCENSION HEALTH-HEALTH SYSTEM DEPOSITORY INDEX PLUS ACCT | $928.24 |
| 20993 | ASCENSION HEALTH-HEALTH SYSTEM DEPOSITORY INDEX PLUS ACCT | $928.24 |
| 62954 | ASHWOOD INTERVEST LTD | $64,892.18 |
| 555027420 | AT&T | $675.76 |
| 888003760 | AT&T | $666.28 |
| 900000980 | AT&T | $53.91 |
| 54766 | AUSTRALIAN HEALTH MGT GROUP PTY LTD. | $105,259.92 |
| 58489 | BA-CA VERISCHERUNG AKTIENGESELLSCHAFT | $3,455,085.55 |
| 55404 | BACH, WINFRIED | $8,513.72 |
| 59233 | BANCA POPOLARE DI SONDRIO (SUISSE) SA | $10,783.08 |
| 37027 | BANCO DE LA PEQUENA Y MEDIANA EMPRESA, SA | $3,268,824.18 |
| 37029 | BANCO DE LA PEQUENA Y MEDIANA EMPRESA, SA | $4,122,013.77 |
| 37032 | BANCO DE LA PEQUENA Y MEDIANA EMPRESA, SA | $1,425,170.15 |
| 55813 | BANK FREY & CO. AG | $20,000.00 |
| 59233 | BANK FUR TIROL UND VORARLBERG AG | $34,962.04 |
| 67764 | BANK INDONESIA | $1,102.83 |
| 59233 | BANK VONTOBEL AG, ZURICH | $45,526.17 |
| 59233 | BANKHAUS CARL SPANGLER & CO. AKTIENGESELLSCHAFT | $6,224.02 |
| 59233 | BANQUE CANTONALE DU VALAIS | $3,463.26 |
| 59233 | BANQUE CANTONALE VAUDOISE | $120,069.97 |
| 47112 | BANQUE SYZ & CO SA GENEVE | $208,578.26 |
| 55829 | BARCLAYS PRIVATE CLIENTS INTL LIMITED, JERSEY BRANCH | $100,000.00 |
| 11383 | BARLOWORLD PENSION TRUST LIMITED | $56,715.98 |
| 11384 | BARLOWORLD PENSION TRUST LIMITED | $56,715.98 |
| 43348 | BARRY, JOHN | $141,910.58 |
| 56454 | BASKET S.L. | $133,415.29 |
| 59233 | BASLER KANTONALBANK | $26,813.89 |
| 59233 | BAUMANN & CIE BANQUIERS | $27,828.10 |
| 56633 | BECKER, RAYMOND A.I. | $50,818.63 |
| 516000030 | BELRAD GROUP, LLC | $15,391.97 |
| 44593 | BERGER, SIBYLLE | $920.69 |
| 48232 | BHATIA, CHANDRA MATTENDRA & MATTENDRA ATMARAM BHATIA | $43,952.27 |
| 48233 | BHATIA, CHANDRA MATTENDRA & MATTENDRA ATMARAM BHATIA | $39,013.42 |
| 885000550 | BIGDOUGH.COM INC. | $237.07 |
| 200198 | BLACKWELL PARTNERS, LLP | $185,600.00 |

| CLAIM/ SCHEDULE NUMBER | CURRENT CREDITOR | ALLOWED AMOUNT |
|---|---|---|
| 52388 | BLOKHUIS, R. & W. BLOKHUIS-POORT | $45,435.82 |
| 137000540 | BLOOM MURR & ACCOMAZZO PC | $8,586.65 |
| 61132 | BLUE MOUNTAINS CITY COUNCIL | $202,422.92 |
| 52003 | BM FAMILIE VANDERLINDEN | $72,570.66 |
| 516000060 | BOMA HAWAII | $45.00 |
| 32076 | BOOKHAM, INC. | $800,000.00 |
| 47924 | BRAGE, RAFAEL GALIANA | $85,146.35 |
| 53425 | BRAND-NIEUWENBUIJZEN, S.M. EN/OF G.H. BRAND | $29,833.69 |
| 149 | BURLESON INDEPENDENT SCHOOL DISTRICT | $39.53 |
| 23998 | BUSH, JAMES | $175,381.00 |
| 11982 | CAMDEN COUNTY MUA | $170.86 |
| 39757 | CAPELLA INVESTMENT (BERMUDA) LTD. | $325,628.83 |
| 39758 | CAPELLA INVESTMENT (BERMUDA) LTD. | $85,582.16 |
| 39759 | CAPELLA INVESTMENT (BERMUDA) LTD. | $241,359.46 |
| 23990 | CAROL, CLAYTON | $177,000.00 |
| 59233 | CASSA DI RISPARMIO DI BOLOGNA S.P.A. | $14,527.34 |
| 59233 | CBH COMPAGNIE BANCAIRE HELVETIQUE SA | $709,552.89 |
| 900002220 | CDW DIRECT LLC | $55.59 |
| 55829 | CECABANK | $605,810.90 |
| 57403 | CELADON OVERSEAS LIMITED | $169,422.33 |
| 59233 | CFM MONACO | $125,000.00 |
| 43276 | CHAN KIN KUI | $77,244.97 |
| 23991 | CHAN, KENT | $247,000.00 |
| 555052340 | CHARGE AND RIDE | $243.19 |
| 37369 | CHEN, FANG LING | $67,849.80 |
| 37370 | CHEN, FANG LING | $79,970.05 |
| 48009 | CHENG YUEN SHUN | $37,951.09 |
| 50785 | CHEUNG, PO HANG | $27,301.37 |
| 45382 | CHI HA YUEN LIMITED | $304,319.69 |
| 48288 | CHOW LI CHE CHRISTINA | $44,974.78 |
| 48289 | CHOW LI CHE CHRISTINA | $47,106.02 |
| 39658 | CHU WEI JUNG / YANG HUI FEN | $53,397.83 |
| 7962 | CHUN RAIR & YOSHIMOTO LLP | $5,281.67 |
| 44045 | CHUNG, DOMINIC & SZE, NGAN FUNG | $75,376.32 |
| 60293 | CIRKEL, J.C. AND/OR G.R. ROTGERS | $38,512.78 |
| 200001 | CITIZENS BANK | $500,000.00 |
| 200002 | CITIZENS BANK | $500,000.00 |
| 150 | CITY OF BURLESON | $18.61 |
| 20914 | CLEVELAND CLINIC PENSION (ERISA)/CCHS RETIREMENT PLAN | $25,093.58 |
| 20996 | CLEVELAND CLINIC PENSION (ERISA)/CCHS RETIREMENT PLAN | $25,093.58 |
| 16772 | CLOSE INVESTMENTS PORTFOLIO PLC - | $3,259.47 |
| 52017 | CLOSSET, ALEXANDRE | $72,570.66 |
| 42312 | COLLAUD, LOUIS & RAYMOND | $37,863.18 |
| 560000690 | COMCAST CABLE | $18.17 |
| 3577 | COMPTROLLER OF MARYLAND | $3,387.00 |
| 20109 | CORPORATE BOND PORTFOLIO | $10,025.97 |
| 20140 | CORPORATE BOND PORTFOLIO | $10,025.97 |
| 4508 | COUNTY OF SANTA CLARA | $1,687.15 |
| 12460 | CRESNOM SERVICES INTERNATIONAL INC | $46,952.21 |
| 42006 | CROWN ASIA PROFITS LIMITED | $650,952.75 |
| 55112 | DE JAGER, M. | $74,584.23 |
| 50207 | DE SARTIGES-MULLER, LILIANE | $141,869.01 |
| 53041 | DE VLIEGER - CATSMAN, N.S. | $53,008.45 |
| 48948 | DE VRIES BERGMAN, H.C. | $55,153.71 |

| CLAIM/ SCHEDULE NUMBER | CURRENT CREDITOR | ALLOWED AMOUNT |
|---|---|---|
| 55829 | DEUTSCHE BANK SUISSE AG | $70,955.29 |
| 560000930 | DEX | $84.80 |
| 65443 | DHARMAYANTO | $61,886.94 |
| 55829 | DIAS, JOSE FIGUEIREDO & MARIA DO ROSARIO | $111,987.81 |
| 48901 | DIDDENS, CHRISTA | $3,198.44 |
| 49807 | DIOCESIS CATOLICA DE SALAMANCA | $535,311.50 |
| 23992 | DOE, JOCELYN J. | $292,000.00 |
| 55829 | DOERMANN, CLAUDIA | $6,756.34 |
| 58221 | DOMENICHINI GIOVANNI GERBI MARA | $7,092.60 |
| 50690 | DONNES, DE H FELIX | $72,570.66 |
| 23993 | DORFMAN, DAVID A. | $42,452.00 |
| 560001070 | DUPRE, II, COURNELIUS | $10,000.00 |
| 49038 | EGGINK, M.J. | $51,370.20 |
| 48229 | ELITE GROUP RESOURCES LIMITED | $38,039.60 |
| 48230 | ELITE GROUP RESOURCES LIMITED | $62,538.62 |
| 48231 | ELITE GROUP RESOURCES LIMITED | $39,013.42 |
| 25869 | EMI GROUP PENSION TRUSTEES LTD. | $23,044.95 |
| 25870 | EMI GROUP PENSION TRUSTEES LTD. | $23,044.95 |
| 555100270 | EMIL WERR | $220,000.00 |
| 66145 | ENERGY INCOME AND GROWTH FUND | $15,400.00 |
| 555105040 | EXECUTIVE CHARGE INC. | $6,252.87 |
| 885002040 | EXECUTIVE CHARGE INC. | $930.52 |
| 888016180 | EXECUTIVE CHARGE INC. | $694.33 |
| 900004000 | EXECUTIVE CHARGE INC. | $816.11 |
| 137001970 | FABIAN & CLENDENIN A PROFESSIONAL CORPORATION | $326.20 |
| 560001140 | FARM PLAN | $101.60 |
| 560001160 | FED EX | $90.02 |
| 555106760 | FEDERAL EXPRESS | $239.10 |
| 23994 | FELDKAMP, GEOFFREY F | $10,785.00 |
| 55286 | FERNANDEZ, FLOREAL ISAAC | $88,063.20 |
| 10827 | FIBI BANK PLC | $100,000.00 |
| 21629 | FIDELITY GLOBAL CONSUMER INDUSTRIES FUND | $2,967.32 |
| 18994 | FIDELITY STOCK PLAN SERVICES, LLC | $541,000.00 |
| 20842 | FIDUCIARY COMMITTEE OF THE AMGEN RETIREMENT AND SAVINGS PLAN | $12,148.92 |
| 21087 | FIDUCIARY COMMITTEE OF THE AMGEN RETIREMENT AND SAVINGS PLAN | $12,148.92 |
| 22015 | FIRST CHOICE POWER, LP | $300,000.00 |
| 41401 | FONDATION DES LOGEMENTS POUR | $75,726.36 |
| 41402 | FONDATION DES LOGEMENTS POUR | $93,149.31 |
| 49202 | FONDS BOLSWARD-DRONRIJP 1993 | $75,726.36 |
| 560001210 | FOREE TIRE DIST. | $102.90 |
| 41861 | FORT SEWARD, INC. | $25,956.87 |
| 145 | FORT WORTH INDEPENDENT SCHOOL DISTRICT | $1,227.85 |
| 57052 | FORTIS LUCEMBOURG-VIE S.A. | $282,521.37 |
| 20927 | FRANK RUSSELL US BOND FUND | $21,152.40 |
| 55829 | FRIEDRICHSEN, MARKUS | $29,533.48 |
| 54919 | FRITZKE, HEINZ | $25,298.37 |
| 54920 | FRITZKE, HEINZ | $34,796.82 |
| 54921 | FRITZKE, HEINZ | $17,265.99 |
| 54922 | FRITZKE, HEINZ | $21,228.28 |
| 12456 | GANNETT CO, INC | $2,261.24 |
| 12457 | GANNETT CO, INC | $2,261.24 |
| 56060 | GARCIA BAJO, SIRICIO | $85,649.84 |
| 560001300 | GARFIELD COUNTY TREASURER | $14.14 |
| 54876 | GARTMANN, ARTHUR | $115,965.55 |

| CLAIM/ SCHEDULE NUMBER | CURRENT CREDITOR | ALLOWED AMOUNT |
|---|---|---|
| 10941 | GAS COMPANY, THE | $1,069.24 |
| 560001330 | GE CAPITAL | $373.00 |
| 43708 | GEISSLER, PETER AND PAULA | $42,573.17 |
| 900005090 | GENESYS CONFERENCING INC. | $4,386.59 |
| 59233 | GENONI, LUCA | $8,263.76 |
| 58221 | GERBI PAOLO AND GERBI MARA | $21,277.81 |
| 55404 | GETZLAFF, HILDEGARD | $32,880.08 |
| 55813 | GIULIANO LONGA | $70,365.53 |
| 59233 | GLARNER KANTONALBANK | $93,664.48 |
| 42121 | GLOBAL CORPORATE ACTIONS | $42,750,000.00 |
| 55387 | GOLANI, NARESH DHARMDAS & GOLANI, JAYA NARESH | $57,192.72 |
| 55946 | GOMIS CANETE, JOSE | $4,051,997.96 |
| 37702 | GRANDT, KLAUS | $164,400.38 |
| 59233 | GRAZIANO DELI | $56,918.33 |
| 48838 | GRUBER, PETER & IRMGARD | $28,382.12 |
| 39867 | GULATI, L K & S | $350,000.00 |
| 55813 | GUNTER, DIEDRICH | $76,373.98 |
| 67178 | GUSTAFSSON, KRISTER | $734.63 |
| 59464 | HANDELSBANKEN LIFE & PENSION | $44,511.09 |
| 53101 | HANSSEN - DEBETS, M.F.P. | $49,979.40 |
| 23996 | HAR-EVEN, ITAMAR | $15,749.00 |
| 516000250 | HAWAIIAN BUILDING MAINTENANCE | $29,489.60 |
| 516000290 | HAWAIIAN TELCOM | $2,990.18 |
| 62783 | HAYABUSA FISHING HOOKS CO., LTD. | $605,503.15 |
| 45221 | HELFERICH, JOSEF | $70,955.29 |
| 55404 | HERR DETLEF KATSCH | $6,254.32 |
| 51956 | HET MOLENHOF NV | $145,141.33 |
| 53967 | HEUMI OSS B.V. | $29,354.40 |
| 888020630 | HILLIARD FARBER & CO INC | $325.87 |
| 47600 | HINKAL BEHEER B.V. | $143,306.63 |
| 46780 | HOLDING ARNOLD OOSTERBEEK B.V. | $69,667.84 |
| 63548 | HOLSTEIN, HORST AND INGRID | $14,191.06 |
| 36955 | HON, LINDA HENRIETTA | $50,500.11 |
| 48371 | HSU TSE SHENG/LIN HSIU CHIN | $113,734.62 |
| 55329 | HUBER, ESTHER | $17,840.85 |
| 45020 | HUI KAN SHUI WAH PATRICIA | $78,026.83 |
| 45019 | HUI PEARL | $133,391.71 |
| 54111 | HUIJGEN, M. | $15,145.27 |
| 36713 | IDEAL INVESTMENT MANAGEMENT LIMITED | $1,650,000.00 |
| 59233 | ING BELGIUM SA/ NV | $90,669.34 |
| 59233 | ING-DIBA AG | $23,879.96 |
| 51278 | INMOBILIARIA LAS GAVIOTAS S.A. | $7,845.00 |
| 555141050 | INTEL CORPORATION | $523.55 |
| 555141080 | INTERACTIVE DATA CORP. | $456.86 |
| 14726 | INVESTEC BANK LTD | $444,859.12 |
| 50267 | IOANNIS, KARNOUTSOS | $70,955.29 |
| 38704 | IP CHIU LIK / IP CHIU HONG | $125,000.00 |
| 44022 | IP, PUI YIN AMY & FUNG, CHING MAN TAMMY | $51,009.99 |
| 888023010 | IPC NETWORK SERVICES INC | $112.96 |
| 900006840 | IPC NETWORK SERVICES INC | $299.36 |
| 901004280 | IPC NETWORK SERVICES INC | $1,516.27 |
| 58786 | ISABELLE ZUBERBUEHLER | $31,221.50 |
| 51522 | ISHII, CHUUJIRO | $314,859.60 |
| 57036 | ISLAND CAPITAL INC | $1,514,527.26 |

| CLAIM/ SCHEDULE NUMBER | CURRENT CREDITOR | ALLOWED AMOUNT |
|---|---|---|
| 17887 | IVY FIXED INCOME ALPHA TRANSPORT FUND, LTD. | $21,558.60 |
| 56098 | IYENGAR, PARTHASARATHY R. | $39,013.42 |
| 56099 | IYENGAR, PARTHASARATHY R. | $31,269.31 |
| 56100 | IYENGAR, PARTHASARATHY R. | $38,039.60 |
| 40582 | JACOB ABRAHAM | $70,061.48 |
| 516000330 | JAMES WATSON | $128.84 |
| 47349 | JERSKI, ERNA | $17,029.27 |
| 55285 | JIMENEZ, EFILIO DIAZ | $85,649.84 |
| 885002940 | JOHN S HEROLD INC | $412.50 |
| 151 | JOHNSON COUNTY | $643.46 |
| 39893 | JOHNSTONE, E | $179,329.76 |
| 23958 | JOTWANI,TARUN | $1,678,622.00 |
| 60544 | JURISFORD INVESTMENTS S.A. | $20,204.48 |
| 60545 | JURISFORD INVESTMENTS S.A. | $42,573.17 |
| 60546 | JURISFORD INVESTMENTS S.A. | $29,354.40 |
| 42358 | KEITH-SEKI, ATSUKO | $51,775.37 |
| 55829 | KELLER-VOLPER, ERNST | $72,799.12 |
| 47629 | KLEINES, GERDA | $23,558.31 |
| 47630 | KLEINES, GERDA | $34,116.67 |
| 35963 | KOCH, ALEXANDER | $8,697.33 |
| 38377 | KORTENDICK, JOHANNES | $164,400.38 |
| 55305 | KRIVOKAPIC, VESELIN & ENISA | $356,817.13 |
| 16118 | KROESEMEIJER, CORNELIUS | $75,726.36 |
| 66360 | KT CREDIT LLC | $15,000,000.00 |
| 66361 | KT CREDIT LLC | $15,000,000.00 |
| 47346 | KUGLER, MANFRED | $5,676.42 |
| 47173 | KUGLER, WOLFGANG | $7,095.53 |
| 49325 | L.M.V.D. BURG, WILHELMINA | $72,570.66 |
| 58221 | LA CARA SALVATORE E PACINI MARIA GABRIELA | $20,046.46 |
| 555188470 | LA SALLE BANK NA | $12,075.09 |
| 43654 | LAGLER, JOHANN | $9,933.74 |
| 36603 | LAI, MAI SHER AKA MADISON MAI | $300,000.00 |
| 23997 | LAIBLE, ROBERT K. | $343,000.00 |
| 50799 | LEE, PAK YEUNG | $67,049.43 |
| 58917 | LEGG MASON AUSTRALIAN CREDIT TRUST | $812,771.36 |
| 47358 | LELAND A PHILIP & COMPANY LTD | $1,206,797.30 |
| 44029 | LI, SAU FUN | $118,997.05 |
| 59233 | LIEBMANN, TRUDI | $28,382.11 |
| 50396 | LIEDTKE, ULRICH | $28,382.12 |
| 59233 | LIENHARDT & PARTNER PRIVATBANK ZURICH AG | $13,380.64 |
| 64306 | LIMTONG MANUEL TAN &/OR LIMTONG EUSEBIO EDGARDO TAN | $105,184.33 |
| 64873 | LIN HSIEN HSIUNG &/LIN LAI CHAO YIN &/ | $200,880.00 |
| 47965 | LINDEBOOM, V.Y.M. | $4,475.05 |
| 42158 | LIU SUE-JAN | $204,347.03 |
| 560002220 | LL JOHNSON DIST. CO. | $323.28 |
| 57860 | LO ON CHOI | $10,234.07 |
| 47010 | LUIS GONZALEZ VIDAL, EMILIO | $113,528.46 |
| 56500 | LUSTER, WALTER | $69,000.00 |
| 42008 | LXM LIMITED | $650,952.75 |
| 50803 | MA, DANFENG | $54,602.75 |
| 2743 | MAPLECREST LINCOLN MERCURY INC | $1,506.22 |
| 42035 | MARIA GODINHO FIGUEIRA, NATALIA | $68,787.18 |
| 63483 | MARIA MAR MITJANS ROSSELLO | $85,649.84 |
| 58221 | MARIO, GOZZZOLI AND IONNE, RESCA | $17,236.51 |

| CLAIM/ SCHEDULE NUMBER | CURRENT CREDITOR | ALLOWED AMOUNT |
|---|---|---|
| 42209 | MARITZ CAPITAL CORP | $98,210.40 |
| 555216960 | MARK A. MCQUEENEY | $70.67 |
| 6340 | MARKET DATA SERVICES LIMITED | $60,000.00 |
| 58221 | MARZOCCHI ILARIO | $15,033.70 |
| 41112 | MAST, HANS & LINA | $56,764.23 |
| 560002410 | MCPHILOMY COMMERCIAL PRODUCTS COMPANY | $1,094.31 |
| 21595 | MEDAMERICA HEALTH SYSTEMS EMPLOYEE RETIREMENT PLAN | $3,916.52 |
| 40630 | MEGAGRAND INTERNATIONAL LIMITED | $123,367.45 |
| 8261 | MELLON INVESTOR SERVICES | $34,732.40 |
| 560002460 | MESA BEARING & POWER TRANSMISSION | $177.50 |
| 555229330 | METAL BULLETIN PLC | $78,888.18 |
| 48227 | METTANDAS, KHIARA HARISH & ASHAR CHANDRAKANT RUPCHAND | $39,013.42 |
| 48228 | METTANDAS, KHIARA HARISH & ASHAR CHANDRAKANT RUPCHAND | $67,849.80 |
| 38401 | MEVES, MICHAEL | $142,926.80 |
| 27814 | MFA FINANCIAL, INC., F/K/A MFA MORTGAGE INVESTMENTS INC. | $68,760.90 |
| 27874 | MFA FINANCIAL, INC., F/K/A MFA MORTGAGE INVESTMENTS INC. | $68,760.90 |
| 59233 | MIRABAUD ET CIE, S.A. | $100,000.00 |
| 66929 | MIRABAUD ET CIE, S.A., GENEVE | $350,000.00 |
| 1215 | MISSISSIPPI STATE TAX COMMISSION | $243.75 |
| 1216 | MISSISSIPPI STATE TAX COMMISSION | $243.75 |
| 516000380 | MITSUBISHI ELECTRIC&ELECTRONIC | $5,233.93 |
| 16646 | MM ASSET MANAGEMENT LIMITED: MM INSTITUTIONAL FUNDS PLC | $21,658.88 |
| 16665 | MM ASSET MANAGEMENT LIMITED: MM INSTITUTIONAL FUNDS PLC | $21,658.88 |
| 52919 | MOLEN BRUGGE, W.TH. | $90,871.64 |
| 51516 | MOLTENO, ANTHONY & THERESA | $57,500.42 |
| 59233 | MORGAN STANLEY WEALTH MANAGEMENT | $47,675.52 |
| 23969 | MORRIS, JASON P. | $44,257.00 |
| 56116 | MORTE OLIVER, JOSE IGNACIO | $266,830.58 |
| 59984 | MOUS, MARIA | $72,387.47 |
| 9114 | MUGGENBORG, MARGRET | $63,245.93 |
| 9115 | MUGGENBORG, MARGRET | $51,797.96 |
| 64061 | MUNOZ ALENAR, JUAN MIGUEL | $86,328.05 |
| 36405 | MUNSTERER, SEBASTIAN | $674.62 |
| 46868 | NAIR CHANDRAN K.P. | $106,554.54 |
| 560002600 | NAPA AUTO PARTS | $160.42 |
| 885003890 | NASDAQ STOCK MARKET INC | $274.87 |
| 888030430 | NASDAQ STOCK MARKET INC | $188.58 |
| 900009190 | NASDAQ STOCK MARKET INC | $162.05 |
| 21404 | NATIONAL CITY BANK | $29.00 |
| 59233 | NATIONAL-BANK AG, ESSEN | $19,190.63 |
| 42207 | NESCO CAPITAL SA | $38,655.32 |
| 58668 | NETO, JOAO SOARES | $84,655.47 |
| 37578 | NEUMANN, RAINER & BURYHILDE | $43,992.28 |
| 57069 | NG YING HUNG | $25,672.62 |
| 59233 | NIEBUHR, MARIANNE | $229,645.70 |
| 55829 | NIEHAUS, JOACHIM | $28,680.52 |
| 56545 | NITSCHKE, INGE | $64,500.00 |
| 67178 | NORDEA BANK AB (PUBL) | $1,037.06 |
| 55071 | NOVELL GROUP CORPORATION | $9,806.25 |
| 58786 | NPB NEUE PRIVAT BANK AG, ZURICH | $300,000.00 |
| 59233 | NPB NEUE PRIVAT BANK AG, ZURICH | $157,071.67 |
| 46365 | NPB NEW PRIVATE BANK LTD. | $486,236.43 |
| 885004160 | NYSE MARKET INC | $24.79 |
| 888031640 | NYSE MARKET INC | $322.27 |

| CLAIM/ SCHEDULE NUMBER | CURRENT CREDITOR | ALLOWED AMOUNT |
|---|---|---|
| 900009510 | NYSE MARKET INC | $99.16 |
| 516000450 | OCEANIC TIME WARNER CABLE | $372.31 |
| 560002760 | OFFICE DEPOT | $197.43 |
| 46449 | ONVERDEELDHELD KINDEREN LAUWERS | $95,080.09 |
| 1777 | ORIX USA CORPORATION | $5,000.00 |
| 1779 | ORIX USA CORPORATION | $5,000.00 |
| 40430 | OSWALD, FRANZ LUDWIG | $56,764.25 |
| 37219 | P/F EIK BANKI | $2,840.34 |
| 23970 | PAPADAKIS, SPYROS N. | $63,316.00 |
| 57455 | PAROCHIE, H. DRIEKONINGEN | $77,240.89 |
| 61045 | PASCUAL IBANEZ, MARINA | $141,910.58 |
| 39917 | PATEL, K & S | $120,000.00 |
| 51742 | PATERAS, IOANNIS | $60,581.09 |
| 27185 | PELTIER, KATHRYN P. | $439,076.75 |
| 55829 | PERSHING LLC | $8,359.67 |
| 64599 | PERSHING LLC FBO BARRY SCHNEIDERWIND | $346,563.48 |
| 64600 | PERSHING LLC FBO BARRY SCHNEIDERWIND | $368,967.50 |
| 64602 | PERSHING LLC FBO CHRISTOPHER MAJOR BUCKLEY | $208,608.55 |
| 64601 | PERSHING LLC FBO RICHARD WACKERBARTH | $70,955.29 |
| 63420 | PERSSON, JOAKIM | $1.77 |
| 41539 | PETER, EVELINE | $69,536.18 |
| 22105 | PHOENIX F1 | $92,496.12 |
| 22106 | PHOENIX F1 | $92,496.12 |
| 22108 | PHOENIX II MIXED L S.A.R.L. | $98,490.00 |
| 22107 | PHOENIX III MIXED U S A.R.L. | $577,348.00 |
| 52035 | PIERRARD, CLAIRE | $24,452.86 |
| 36513 | PILZ, GEORG & RITA | $61,248.44 |
| 56738 | PITA, OLGA ELIZABETH MACEDO | $224,150.03 |
| 59316 | POLO NBA PROPERTIES & CONSULTING, SL | $141,910.58 |
| 14730 | POST DISTRESSED MASTER FUND, L.P. | $338,513.00 |
| 14739 | POST DISTRESSED MASTER FUND, L.P. | $338,513.00 |
| 60487 | POTOMAC EQUITIES INC. | $14,191.06 |
| 21584 | PREMIER HEALTH PARTNERS OPERATING INVESTMENT PROGRAM | $91,673.96 |
| 59233 | PRIVATBANK IHAG ZURICH AG | $107,852.04 |
| 59233 | PRIVATBANK VON GRAFFFENRIED AG | $21,286.59 |
| 4501 | PUBLIC SERVICE COMPANY OF COLORADO/DBA XCEL ENERGY | $4,941.36 |
| 37166 | PURE NATURE TRADING INC. | $2,421.74 |
| 21621 | PYRAMIS CANADA SELECT GLOBAL EQUITY TRUST | $47.24 |
| 23614 | PYRAMIS SELECT INTERNATIONAL EQUITY TRUST | $328.16 |
| 560003000 | QWEST | $89.15 |
| 39873 | RAPOPORT, STANLEY | $80,000.00 |
| 46123 | RBC WEALTH MANAGEMENT | $95,366.61 |
| 60415 | REICHMUTH & CO PRIVATBANKIERS | $68,300.82 |
| 27753 | RELIANT ENERGY SERVICES, INC NKA RRI,INC | $310,400.00 |
| 27754 | RELIANT ENERGY SERVICES, INC NKA RRI,INC | $310,400.00 |
| 41833 | REM-KONG, SHIH | $163,857.31 |
| 50544 | REMOREL S.A. | $19,467.65 |
| 37666 | RENOLD-STREBEL, PHILIPPE | $63,419.58 |
| 56594 | RIBO, OLGA SALLARES | $628,461.96 |
| 43417 | RICHTER, CHRISTA | $73,498.13 |
| 67178 | RIGNELL, KRISTER | $1,749.90 |
| 65862 | RIO TINTO PENSION 2009 TRUSTEES LIMITED | $116,762.45 |
| 51162 | RIVERROCK SECURITIES LIMITED | $75,470.64 |
| 59432 | RODRIGUEZ, PEDRO MIGUEL, C/O SKYBOX | $76,804.52 |

| CLAIM/ SCHEDULE NUMBER | CURRENT CREDITOR | ALLOWED AMOUNT |
|---|---|---|
| 43369 | ROETHER, THOMAS | $153,090.05 |
| 52855 | ROHDE DE BOER, K.M. | $73,386.00 |
| 46761 | ROMANON INVESTMENT INC. | $36,693.00 |
| 35147 | ROSELLO, ZARAGOZA RAMON &/OR JOSE JR. | $70,984.09 |
| 23972 | RUBIN, CHARLES | $66,507.00 |
| 41466 | RUNGE, EDGAR | $71,653.31 |
| 58221 | SAINO MAURO AND FALCO SARA | $7,091.34 |
| 55404 | SANS, REINER MR. | $7,094.76 |
| 7189 | SANTA BARBARA COUNTY | $1,543.26 |
| 56138 | SARTIGES-MULLER, LILIANE DE | $89,204.27 |
| 49800 | SATRAPA, SICAV, S.A. | $71,653.31 |
| 52135 | SCHMITT, LUC | $362,853.32 |
| 59218 | SCHOENEICH, LYDIA-FRANZISKA | $36,749.06 |
| 41300 | SCHRAMM, ARNO AND ILONE | $78,050.82 |
| 40635 | SCHUELE, LARS-FOLKE | $82,624.65 |
| 55813 | SCOTIA MCLEOD | $50,000.00 |
| 55727 | SEA PORT GROUP SECURITIES, LLC | $0.01 |
| 24911 | SEARS, BRIAN | $25,311.00 |
| 24914 | SEARS, BRIAN | $149,223.54 |
| 7421 | SENTINEL ALARM | $558.09 |
| 42525 | SHALKAR TRADING CORP | $1,210.87 |
| 1312 | SHELBY COUNTY TRUSTEE | $10.91 |
| 1313 | SHELBY COUNTY TRUSTEE | $1,276.64 |
| 21622 | SHELL OIL COMPANY | $128.45 |
| 50718 | SIGLER, HELGA | $23,021.32 |
| 36666 | SIMBOLON, MARIHAD/ | $1,696,153.42 |
| 47090 | SIMON BISBAL, MARIA DOLORES | $245,353.42 |
| 5789 | SIMPLEXGRINNELL | $5,638.11 |
| 11379 | SINGH, SUKHDEEP | $100,000.00 |
| 43275 | SINOWOOD LIMITED | $82,022.12 |
| 40733 | SKANDIA INSURANCE COMPANY LTD | $445,110.92 |
| 40734 | SKANDIA INSURANCE COMPANY LTD | $1,038,592.14 |
| 63429 | SMIDESANG, ALF TORE | $796.94 |
| 28233 | SMITH, KEVIN | $225,156.54 |
| 52782 | SNOEIJS-SANDERS, J.P. | $109,045.96 |
| 43281 | SO LAI YING LISA | $82,022.12 |
| 18147 | SOBO, SCOTT AND HEIDI | $101,244.00 |
| 555314420 | SOFTWARE HOUSE INTERNATIONAL INC. | $4,264.95 |
| 900011800 | SOFTWARE HOUSE INTERNATIONAL INC. | $1,058.00 |
| 888044830 | SOFTWARE SPECTRUM INC. | $412.76 |
| 58221 | SORRENTINO SANDRO | $7,280.40 |
| 55404 | SOS KINDERDORFER WELTWEITHERMANN-GMEINER-FONDS DEUTSCHLAND | $19,728.05 |
| 3369 | SOUPER SALAD COMPANY, INC., THE | $507.23 |
| 23974 | SOWINSKI, JOHN A. | $703.00 |
| 200157 | SPARKASSE MITTELFRANKEN-SUD | $113,528.46 |
| 51466 | SPIEGEL, MONA | $14,792.96 |
| 67178 | SPORTA VALA AB | $1,749.90 |
| 59233 | ST. GALLER KANTONALBANK AG | $1,113.12 |
| 42479 | STEGMULLER, BRUNO & IRMGARD | $70,955.29 |
| 23975 | STEIN, JEFFREY A. | $132,208.30 |
| 67178 | STIFTELSEN CURAMUS | $27,831.51 |
| 560003660 | STILLMAN, ROBERT & LINDA | $10,000.00 |
| 61347 | STOCKL, FRANZ | $42,645.84 |
| 53057 | STOKVIS, A.C. | $22,375.27 |

| CLAIM/ SCHEDULE NUMBER | CURRENT CREDITOR | ALLOWED AMOUNT |
|---|---|---|
| 65436 | SULISTIO, RUDY | $22,102.48 |
| 888046590 | SUNGARD REFERENCE DATA SOLUTIONS INC. | $482.78 |
| 901006570 | SUNGARD REFERENCE DATA SOLUTIONS INC. | $482.78 |
| 60495 | SUPERANNUATION FUNDS MANAGEMENT CORPORATION OF SOUTH | $406,479.33 |
| 36609 | SUPING, FENG | $202,994.44 |
| 59233 | SVENSKA HANDELSBANKEN HCOS-C | $41,154.07 |
| 67178 | SVENSSON, DANIEL | $14,837.03 |
| 30402 | SZCZERBIAK, WALTER TTEE | $126,555.00 |
| 39983 | SZE, CHOI LAI & SZE, CHOI YUNG | $83,328.18 |
| 44024 | TAN YEW MOY ALIAS TAN YOKE QUEN & TEE LIAN YEE | $304,674.16 |
| 67420 | TANGKARAVAKOON, JATUPHAT & LA-OR | $129,035.35 |
| 54905 | TARTU A.V.V. II | $44,031.60 |
| 61422 | TATSCHKE, LISELOTTE | $69,536.18 |
| 32256 | TAX COLLECTOR | $726.97 |
| 53235 | TEN HAVE, H.D. | $36,693.00 |
| 52294 | TER KIMME VZW | $72,570.66 |
| 560003750 | THE TORO COMPANY - NSN | $239.00 |
| 46691 | THEEDE, WALTRAUT AND GEORGE | $22,705.69 |
| 40867 | TIEDT, UWE | $15,610.16 |
| 40788 | TIM, HO WING | $188,700.49 |
| 560003830 | TITLEIST | $82.74 |
| 40918 | TJOKRO DJANTO | $100,000.00 |
| 63418 | TK INVESMENT AS | $1.77 |
| 2353 | T-MOBILE USA, INC. | $1,207.21 |
| 48121 | TONG CHI MAN | $68,646.59 |
| 48122 | TONG CHI MAN | $68,786.97 |
| 32495 | TRAVELERS INDEMNITY CO. & ITS AFFILIATES | $400,000.00 |
| 49168 | TUITHOF, J.J.J. | $56,605.12 |
| 23949 | TUNG, SHARON W. | $71,197.00 |
| 555343500 | TV EYES INC. | $500.00 |
| 65881 | UBS DYNAMIC ALPHA STRATEGIES MASTER FUND LTD | $183,300.00 |
| 27307 | UBS U.S. CORPORATE BOND RELATIONSHIP FUND | $104,041.04 |
| 57140 | UGARTE DE PALOMERA, TERESA; &, PALOMERA UGARTE, | $451,212.50 |
| 23950 | UMLAUF, ERIK | $94,308.00 |
| 55829 | UNICREDIT BANK AUSTRIA AG | $34,042.94 |
| 560003910 | UNILINK | $14.01 |
| 16760 | UNITED ARAB EMIRATES GENERAL PENSION AND | $15,812.55 |
| 41152 | UNIVERSITETSSJUKHUSET | $126,228.90 |
| 56031 | VALARTIS BANK LIECHTENSTEIN AG | $1,561,016.35 |
| 59233 | VAN DE PUT & CO | $89,501.08 |
| 52690 | VAN MARWIJK KOOY, M.G.M. | $75,726.36 |
| 56176 | VAN MOER COURTENS, DRESDNER | $290,279.00 |
| 61216 | VAN 'T VERLAAT, JOHANNA | $5,676.42 |
| 40857 | VANDENBULCKE L.L.J.C. | $23,014.46 |
| 53625 | VEHMEIJER, F.W.M. | $90,871.64 |
| 900014810 | VERIZON INTERNET SOLUTIONS | $79.95 |
| 40114 | VICEROY VENTURES, INC. | $432,899.65 |
| 25417 | VICTORY CAPITAL SERIES, LLC | $7,548.98 |
| 56121 | VILLANUEVA CALLEJA, OSCAR DANIEL | $70,955.29 |
| 55813 | VOLKSBANK AG, SCHAAN | $34,042.94 |
| 48952 | VONK, J. | $36,693.00 |
| 53497 | VOS, G.F. | $234,751.73 |
| 59233 | VP BANK AG | $16,696.86 |
| 23952 | VULAKH, NATALIE SAVIC | $60,000.00 |

| CLAIM/ SCHEDULE NUMBER | CURRENT CREDITOR | ALLOWED AMOUNT |
|---|---|---|
| 516000580 | WAIKIKI IMPROVEMENT ASSOC. | $1,890.00 |
| 37168 | WALNUT DEVELOPMENT INC | $2,421.74 |
| 40588 | WARSITO SASTRO SUTJOKRO &/OR LIE NGO TJEN | $84,807.67 |
| 23953 | WEISS, AARON J. | $35,504.00 |
| 555354310 | WELLS FARGO BANK MINNESOTA | $5,737.00 |
| 55404 | WELTER, EDITH | $46,544.85 |
| 55011 | WIESER-AUGUST, SONDRA | $202,932.13 |
| 61151 | WILD WEST INVESTMENTS LTD | $384,022.62 |
| 59213 | WINKEL, KLAUS & MONIKA | $8,529.17 |
| 65102 | WOUTERS, DANIELLE | $72,570.66 |
| 64589 | WRENTON MANAGEMENT LIMITED | $72,070.90 |
| 48439 | WU FAPEI | $61,671.72 |
| 40002 | WU, SIU KEI DEWEY | $54,602.75 |
| 560004410 | XCEL ENERGY | $1,325.73 |
| 48448 | XU ZHOUWEN | $68,705.27 |
| 36696 | YANG, SHIH YING | $76,967.75 |
| 44411 | YASUSHI, FUKUNAGA | $326,191.85 |
| 23954 | YEE, JACK S. | $112,000.00 |
| 12459 | YELLOW ELDER COMPANY LTD | $187,808.83 |
| 38058 | YEUNG KIN CHUNG | $85,308.27 |
| 38059 | YEUNG KIN CHUNG | $68,705.27 |
| 38583 | YU SIU TONG / CHU WAI FUN | $160,193.48 |
| 39624 | YU YANA | $83,929.10 |
| 44020 | YU, PO MAN | $93,068.12 |
| 35606 | YUNG-FANG, LIANG HUANG (ALSO KNOWN AS JEANNIE HUANG) | $135,699.60 |
| 42423 | YUUGENGAISHA YOSHITOMI SANGYO | $488,972.29 |
| 37169 | ZAFANYA RESOURCES S.A. | $2,421.74 |
| 46776 | ZANTEN - AMMERAAL, M.M. VAN | $56,876.00 |
| 46783 | ZANTEN, R.M. VAN | $139,894.16 |
| 59049 | ZAYAS, JULIO CARRERA & IBANEZ, CARMEN SAUCA | $181,743.27 |
| 39103 | ZENTRUM-GARAGE DUDINGEN AG | $6,190.94 |
| 23955 | ZOLAD, BRYAN C. | $11,000.00 |