Hearing Date: May 5, 2015 at 10:00 a.m.
Objection Deadline: April 23, 2015 at 4:00 p.m.

Aaron R. Cahn
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 238-8629
Facsimile: (212) 732-3232
e-mail: cahn@clm.com

*Attorneys for Dongbu Securities Co., Ltd. and Kyobo Securities Co., Ltd.*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

———————————————————x
                                            :
In Re                                       :   **Chapter 11**
                                            :
**LEHMAN BROTHERS HOLDINGS, INC.,**         :
et. al.,                                    :   **Case No. 08-13555 (SCC)**
                                            :   **(Jointly Administered)**
        **Debtors.**                        :
                                            :
                                            :
                                            :
———————————————————x

## RESPONSE TO 496th OMNIBUS CLAIM OBJECTION

Dongbu Securities Co., Ltd. ("Dongbu") and Kyobo Securities Co., Ltd. ("Kyobo"), by their undersigned counsel, responds to Debtors' 496th Omnibus Objection to Claims (No Liability Claims) (Doc. No. 48956) (the "Objection") as follows:

### INTRODUCTION

1.      The Objection challenges timely-filed claim nos. 14184, filed by Dongbu on September 16, 2009 in the amount of $1,246,901.27 and 25776, filed by Kyobo on September 21, 2009 in the amount of $6,633,853.00. Copies of the proofs of claim are annexed hereto as Exhibit A.

7615554.1

2. These claims were timely filed and accordingly are *prima facie* evidence of the validity of the claims. 11 U.S.C. § 502(a); *Stancill v. Harford Sands, Inc. (In re Harford Sands, Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004); *In re 183 Lorraine St. Assoc.*, 198 B.R. 16, 26 (Bankr. E.D.N.Y. 1996); FED. R. BANKR. P. 3001(f).

3. Accordingly, the Debtor must carry the burden of demonstrating that these claims must be disallowed.

**ARGUMENT**

4. Debtor concedes, as it must, that it issued a guarantee of all obligations of Lehman Commercial Corporation Asia, Ltd. ("Lehman Asia"), the issuer of the swaps which form the basis of the claims that are the subject of the Objection. Nor does it claim that this guarantee was ever withdrawn or modified in any way. It argues, however, that this was a so-called "general guarantee" that must be affirmatively accepted by a counterparty to ripen into an enforceable obligation.

5. Attached hereto are the responses of Dongbu and Kyobo, both of which affirm that the guarantee issued by LBHI was known to them and relied on by them in their decision to enter into the transactions at issue.

6. Furthermore, although the proofs of claim reference the individual Secretary's certificate reaffirming the guarantee of obligations of Lehman Asia, we also attach as Exhibit B the underlying resolution dated June 9, 2005. It clarifies that the purpose of the resolution was to facilitate the giving of credit support to obligations of the Debtor's many subsidiaries located around the world by providing, among other things, that this resolution was intended to operate in lieu of specific guarantee documents. Accordingly, the referenced (but not developed) suggestion in the Objection

7615554.1

that the lack of a specific guarantee document could constitute a further basis for an objection to the claims at issue here, is obviously without merit.

7.  It is clear from the size and global reach of the operations and financial transactions entered into by this debtor, that the credit support provided by the parent company was both quantitatively and qualitatively different from those examples discussed in the cases cited in the Objection. Upon information and belief, LBHI actively publicized its guarantee, obviously for the express purpose of assuring the widest possible dissemination of the fact that it was standing behind its world-wide subsidiaries in order to facilitate those subsidiaries' ability to engage in innumerable transactions. Given this clear intent and expectation that counterparties the world over would be aware of and rely on the existence of a holding company guarantee, it would do violence to the concept of a guaranty to hold that this Debtor could be allowed to escape its obligations.

WHEREFORE, Dongbu and Kyobo respectfully request that the Debtor's objections to these claim be overruled, and that the claims be allowed in full.

Dated:  New York, New York
        April 23, 2015

                                            CARTER LEDYARD & MILBURN LLP


                                            By:_____/s/ Aaron R. Cahn_____
                                                Aaron R. Cahn
                                            Carter, Ledyard & Milburn LLP
                                            2 Wall Street
                                            New York, New York 10005
                                            Telephone: (212) 238-8629
                                            Facsimile: (212) 732-3232
                                            e-mail: cahn@clm.com

7615554.1

*Attorneys for Dongbu Securities Co.,*
*Ltd. and Kyobo Securities Co., Ltd.*

To:  Clerk, United States Bankruptcy Court
Alexander Hamilton Custom House
1 Bowling Green
New York, New York 10004

Office of the United States Trustee
Att: William K. Harrington, Susan Golden and Andrea B. Schwartz
201 Varick Street, Suite 1006
New York, New York 10014

Weil Gotshal & Manges LLP
Att: Garret A. Fail and Katherine Doorley
Attorneys for Lehman Brothers Holdings Inc. and certain of its Affiliates
767 Fifth Avenue
New York, New York 10153

7615554.1

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN re: <br> LEHMAN BROTHERS HOLDINGS INC., *et al* <br>                                                Debtors <br><br> KYOBO SECURITIES CO., LTD. <br> CREDITOR | CHAPTER 11 <br> CASE NO. 08-13555 (SCC) <br> (Jointly Administered) |

### CREDITOR'S RESPONSE AND OPPOSITION TO DEBTOR'S FOUR HUNDRED NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS OF KYOBO SECURITIES CO., LTD.

### CREDITOR'S RESPONSE TO DEBTOR'S OBJECTION

Kyobo Securities Co., Ltd., creditor in this bankruptcy (the "Creditor") objects to Debtor's Four Hundred Ninety-Sixth Omnibus Objection to Claims. Creditor asserts its right to pursue its claim against Lehman Brothers Holdings Inc., *et al* (the "Debtor") for amounts payable in respect of the early termination of swap transactions governed by the ISDA Master Agreement entered into between the Creditor and Lehman Brothers Commercial Corporation Asia Limited ("LBCCA"). The Creditor refers to the secretary's certificate (enclosed with this response letter) certifying that the primary obligor LBCCA is an indirect wholly-owned and fully guaranteed subsidiary of Lehman Brothers Holdings Inc., Debtor. The Creditor asserts that it knew of, and relied on, the guarantee by the Debtor of LBCCA's obligations to the Creditor.

For the reasons stated above, the claims of Creditor Kyobo Securities Co., Ltd. should not be dismissed.

Respectfully submitted, this 23rd day of April, 2015.

          KYOBO SECURITIES CO., LTD.,
          CREDITOR

          By : _____
          (Name), (Position)

_____

## CERTIFICATE OF SERVICE

The undersigned does herby certify that I have served a true and correct copy of the foregoing document upon the following by delivery at the addresses below:

    Chambers of the Honorable Shelley C. Chapman
    One Bowling Green
    New York, New York 10004
    Courtroom 621

    Weil, Gotshal & Manges, LLP
    Attorneys for Debtors
    767 Fifth Avenue
    New York, New York 10153
    Attn: Garrett A. Fail, Esq. and Katherine Doorley, Esq.

    Office of the United States Trustee for Region 2
    U.S. Federal Office Building
    201 Varick Street, Suite 1006
    New York, New York 10014
        Attn: William K. Harrington, Esq., Susan Golden, Esq. and Andrea B. Schwartz, Esq.

This the _____day of April, 2015

                                                  _____
                                                        (Name)

12/07/2005  07:48   LEHMAN → 912122990233                                    NO. 959   P01

## SECRETARY'S CERTIFICATE

I, James J. Killerlane III, a duly elected, qualified and acting Assistant Secretary of Lehman Brothers Holdings Inc., a Delaware corporation ("LBHI"), hereby certify that pursuant to resolutions duly adopted by the Executive Committee of the Board of Directors of LBHI (the "Executive Committee") on June 9, 2005, LBHI fully guarantees the payment of all liabilities, obligations and commitments of Lehman Brothers Commercial Corporation Asia Limited. As of December 1, 2005, the Executive Committee has not withdrawn this consent, and the aforementioned information is true and correct as of the date hereof.

IN WITNESS WHEREOF, I have hereunto affixed the seal of LBHI and set my hand this 7th day of December, 2005.

_[signature]_
James J. Killerlane III
Assistant Secretary

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN re: | |
| LEHMAN BROTHERS HOLDINGS INC., *et al* | CHAPTER 11 |
| Debtors | CASE NO. 08-13555 (SCC) |
| | (Jointly Administered) |

**DONGBU SECURITIES CO., LTD.**
**CREDITOR**

### CREDITOR'S RESPONSE AND OPPOSITION TO DEBTOR'S FOUR HUNDRED NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS OF DONGBU SECURITIES CO., LTD.

### CREDITOR'S RESPONSE TO DEBTOR'S OBJECTION

Dongbu Securities Co., Ltd., creditor in this bankruptcy (the "Creditor") objects to Debtor's Four Hundred Ninety-Sixth Omnibus Objection to Claims. Creditor asserts its right to pursue its claim against Lehman Brothers Holdings Inc., *et al* (the "Debtor") for amounts payable in respect of the early termination of swap transactions governed by the ISDA Master Agreement entered into between the Creditor and Lehman Brothers Commercial Corporation Asia Limited ("LBCCA"). The Creditor refers to the secretary's certificate (enclosed with this response letter) certifying that the primary obligor LBCCA is an indirect wholly-owned and fully guaranteed subsidiary of Lehman Brothers Holdings Inc., Debtor. The Creditor asserts that it knew of, and relied on, the guarantee by the Debtor of LBCCA's obligations to the Creditor.

For the reasons stated above, the claims of Creditor Dongbu Securities Co., Ltd. should not be dismissed.

Respectfully submitted, this 23rd day of April, 2015.

                      DONGBU SECURITIES CO., LTD.,
                      CREDITOR

                      By : _____
                      (Name), (Position)

_____

## CERTIFICATE OF SERVICE

The undersigned does herby certify that I have served a true and correct copy of the foregoing document upon the following by delivery at the addresses below:

    Chambers of the Honorable Shelley C. Chapman
    One Bowling Green
    New York, New York 10004
    Courtroom 621

    Weil, Gotshal & Manges, LLP
    Attorneys for Debtors
    767 Fifth Avenue
    New York, New York 10153
    Attn: Garrett A. Fail, Esq. and Katherine Doorley, Esq.

    Office of the United States Trustee for Region 2
    U.S. Federal Office Building
    201 Varick Street, Suite 1006
    New York, New York 10014
        Attn: William K. Harrington, Esq., Susan Golden, Esq. and Andrea B. Schwartz, Esq.

This the _____day of April, 2015

                                        _____
                                                  (Name)

12/07/2005   07:40   LEHMAN → 912122990233                                    NO.969   D01

## SECRETARY'S CERTIFICATE

I, James J. Killerlane III, a duly elected, qualified and acting Assistant Secretary of Lehman Brothers Holdings Inc, a Delaware corporation ("LBHI"), hereby certify that pursuant to resolutions duly adopted by the Executive Committee of the Board of Directors of LBHI (the "Executive Committee") on June 9, 2005, LBHI fully guarantees the payment of all liabilities, obligations and commitments of Lehman Brothers Commercial Corporation Asia Limited. As of December 1, 2005, the Executive Committee has not withdrawn this consent, and the aforementioned information is true and correct as of the date hereof.

IN WITNESS WHEREOF, I have hereunto affixed the seal of LBHI and set my hand this 7th day of December, 2005.

*[signature]*
James J. Killerlane III
Assistant Secretary