UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., *et al*. | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------------X

| | |
|---|---|
| In re: | |
| Lehman Brothers Commercial Corporation. | Case No. 08-13901 (SCC) |
| Debtor. | |

------------------------------------------------------------------X

**NOTICE OF FILING OF RESERVATION OF RIGHTS
AND CLAIM FOR PAYMENT OF POST-PETITION INTEREST
PAYABLE BY LEHMAN BROTHERS COMMERCIAL CORPORATION**

HSBC Bank plc (and HSBC Bank USA, National Association, as assignee) (together, **Claimants**), by and through their undersigned counsel, hereby file this notice of filing of reservation of rights and claim against Lehman Brothers Commercial Corporation (the **Debtor**), a debtor in the above-referenced chapter 11 cases, with respect to the payment of post-petition interest due from the Debtor on account of certain derivatives transactions, obligations and related agreements (together, the **Transactions**), and represent respectfully as follows:

1.  On March 24, 2015, this Court entered the *Order Establishing Bar Date for Demands for Post-petition Interest Against Lehman Brothers OTC Derivatives Inc. and Lehman Brothers Commercial Corporation*, Dkt. No. 48966 (the **PPI Order**), establishing April 24, 2015 as the deadline for parties to assert claims for post-petition interest (**PPI Claims**) against the Debtor. The procedures set forth in the PPI Order require parties seeking to file PPI Claims to

upload such claims and related information to a website maintained at http://www.lehman-claims.com (the **Website**).

2.      Upon information and belief, Claimants may hold, and hereby assert and reserve all rights, claims, arguments and defenses with respect to, a PPI Claim, in an amount to be determined, against the Debtor arising from the Transactions and related agreements. Such PPI Claim is hereby asserted by Claimants as a contingent claim.

3.      Claimants initially attempted to file this PPI Claim, and related information, on the Website pursuant to the court-approved procedures set forth in the PPI Order. However, Claimants discovered that the Website, as currently structured, does not accommodate the filing of contingent PPI Claims. Due to this limitation, which was not previewed in either the PPI Order or the motion seeking the entry of the PPI Order, Claimants file this notice of reservation of rights and claim to preserve all of their claims, rights and arguments with respect to the payment of post-petition interest due from the Debtor, and to provide notice to the Debtor and others regarding Claimants' assertion of this PPI Claim and related reservation of rights.

4.      The PPI Claim asserted herein may be subject to claims, counterclaims, setoffs or defenses by the Debtor. The Claimants reserve any and all rights of setoff and recoupment and all other defenses and arguments that the Claimants (or any of their affiliates) may have against the Debtor or its related entities. The execution and filing of this PPI Claim is not and shall not be deemed: (a) a waiver or release of the Claimants' rights against any other entity or person liable for all or any part of the PPI Claim asserted herein; (b) a consent by the Claimants to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Claimants; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the PPI Claim, any objection or other proceedings commenced

with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimants; (d) a waiver or release by the Claimants of their right to trial by jury, or a consent by the Claimants to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination, in favor of the Claimants, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy; (g) waiver of the Claimants' rights to assert that no claims hereunder have been or may be discharged and to file other claims which are not covered by the PPI Claim asserted herein; or (h) a waiver of the Claimants' rights, if any, of arbitration, to the extent provided by any applicable agreements with the Debtor or its affiliates.  The Claimants expressly reserve their rights to file any separate or additional proofs of claim with respect to the PPI Claim set forth herein or otherwise (which proofs of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), to amend or supplement the PPI Claim asserted herein in any respect, including with respect to the filing of additional supporting documents or information or amended claims for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

*[Intentionally left blank]*

5.   Claimants expressly reserve their right to amend or supplement the PPI Claim asserted herein for purposes of uploading such PPI Claim and all required information under the PPI Order on the Website in the event that the Debtor makes the required changes to the Website to permit the filing of contingent PPI Claims.

Dated: New York, New York
       April 24, 2015

**ALLEN & OVERY LLP**

 /s/ Daniel J. Guyder
Ken Coleman
Daniel J. Guyder
Jonathan Cho
1221 Avenue of the Americas
New York, New York 10020
Telephone (212) 610-6300
Facsimile (212) 610-6399
ken.coleman@allenovery.com
daniel.guyder@allenovery.com
jonathan.cho@allenovery.com

*Attorneys for the Claimants*