

Joseph Otchin
+1 212 836 8118 office
joseph.otchin@kayescholer.com

250 West 55th Street
New York, New York 10019-9710
+1 212 836 8000 main
+1 212 836 6525 fax
www.kayescholer.com

April 27, 2015

VIA ECF AND E-MAIL

The Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:    *In re Lehman Brothers Holdings Inc.*
            Case No. 08-13555 (SCC)
            <u>Claim No. 67707 Filed By Spanish Broadcasting System, Inc.</u>

Dear Judge Chapman:

    We represent Spanish Broadcasting System, Inc. ("<u>Spanish Broadcasting</u>") with respect to the claim litigation dispute (the "<u>Claim Litigation Dispute</u>") between Spanish Broadcasting and Lehman Brothers Holdings Inc. and its affiliates ("<u>Lehman</u>") concerning Spanish Broadcasting's proof of claim number 67707. We write to provide the Court with a status update regarding the discovery issues to be presented to the Court at this afternoon's conference and Spanish Broadcasting's efforts (albeit unsuccessful) to resolve the issues with Lehman on a consensual basis.

    On April 22, 2015, the parties engaged in a meet and confer (the "<u>Meet and Confer</u>") to discuss the outstanding discovery issues. Spanish Broadcasting then sent Lehman a letter (the "<u>April 22 Letter</u>"), a copy of which is attached hereto as Exhibit A, summarizing the issues discussed earlier that day. During the Meet and Confer and in the April 22 Letter, Spanish Broadcasting made a good faith attempt to resolve or narrow the issues by proposing (a) a modification to the agreed upon search terms for Spanish Broadcasting's electronically stored information ("<u>ESI</u>"); (b) a reasonable extension of the deadlines in the Second Amended Claims Litigation Schedule (the "<u>Claims Litigation Schedule</u>") [Dkt No 48418]; and (c) an approach for resolving the parties' disputes with respect to Spanish Broadcasting's Request No. 29 (which seeks documents concerning entities that terminated swaps with Lehman and entered into replacement swaps). As discussed more fully below, Lehman rejected all of Spanish Broadcasting's proposals and refused to engage in a further meet and confer in advance of today's conference.

<u>**Spanish Broadcasting's Search Terms**</u>

    As Spanish Broadcasting previously reported to Lehman and the Court, Spanish Broadcasting's searches for ESI -- using the agreed upon search terms -- have retrieved an unduly burdensome total of more than 650,000 documents. Given the unduly burdensome

Chicago    Los Angeles    Shanghai
Frankfurt    New York    Washington, DC
London    Palo Alto    West Palm Beach

62721238_3

Honorable Shelley C. Chapman            2            April 27, 2015

number of documents retrieved by the agreed upon search terms, Spanish Broadcasting previously offered to work with Lehman to refine the search terms and, particularly, certain problematic search terms that had proven to be unduly burdensome (the "Problematic Search Terms").

Spanish Broadcasting sampled the documents retrieved by numerous Problematic Search Terms in order to determine whether the Problematic Search Terms were retrieving a material proportion of irrelevant and/or non-responsive documents. With respect to the Problematic Search Term (the "Largest Term") that retrieved the largest number of documents (i.e., 383,340 documents),[1] Spanish Broadcasting's sampling indicated that **80% of the documents retrieved were non-responsive**. Spanish Broadcasting worked with its outside vendor to develop a modified term (the "Modified Term") to refine the Largest Term. Spanish Broadcasting's sampling of the documents retrieved by the Modified Term shows that even the Modified Term retrieved nearly 40% non-responsive documents.

During the Meet and Confer and in the April 22 Letter, Spanish Broadcasting proposed replacing the Largest Term with the Modified Term.[2] By letter dated April 24, 2015 (the "April 24 Letter"), a copy of which is attached hereto as Exhibit B, Lehman rejected Spanish Broadcasting's proposal. In the April 24 Letter, Lehman refuted Spanish Broadcasting's assertion that the Largest Term is unduly burdensome -- even though 80% of the documents retrieved by the term are irrelevant and/or non-responsive, and Lehman took the position that Spanish Broadcasting should "review all documents returned by the Largest Term."

It is beyond cavil that the Largest Term is unduly burdensome, i.e., because it retrieved 383,340 documents, 80% of which are non-responsive (as indicated by Spanish Broadcasting's

---

[1] The Largest Term is:

(("financ*" OR "operat*" OR "valu*" OR "worth" OR "viability" OR "viable" OR "condition" OR "liquid*") w/25 ("Spanish Broadcasting" OR "SBS" OR "SBSA"))

[2] The Modified Term consists of the following two-step search:

**Modified Term Step 1:** Spanish Broadcasting's vendor will first search the agreed upon custodians' ESI using the term:

((financ* AND NOT ("financial officer" or "finance coordinator" or "finance counsel")) OR (operation* AND NOT ("president of operations" or "director of operations" or "consolidated operations" or "operations manager")) OR (valu* AND NOT evalu*) OR worth OR viability OR viable OR condition OR liquid*)

**Modified Term Step 2:** The vendor will then search only the documents retrieved in Step 1 using the term:

((financ* OR operation* OR valu* OR worth OR viability OR viable OR condition OR liquid*) w/5 ("Spanish Broadcasting" OR SBS OR SBSA))

62721238_3

sampling).[3]  Lehman's insistence that Spanish Broadcasting review all of the documents retrieved by the Largest Term is unreasonable and contrary to the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(b)(2)(C) (discovery must be limited where, *inter alia*, "the discovery sought is unreasonably cumulative or duplicative" or "the burden or expense of the proposed discovery outweighs its likely benefit"). If Spanish Broadcasting is required to review the voluminous documents retrieved by the Largest Term, cost shifting is warranted.

**Claims Litigation Schedule**

Spanish Broadcasting informed Lehman during the Meet and Confer and in the April 22 Letter that Spanish Broadcasting has made a reasonable and good faith estimate that it will need six weeks from today (*i.e.*, until June 8, 2015) to complete its document production. Thus, Spanish Broadcasting proposed that the production deadline be extended through June 8, 2015, and that the other deadlines in the Claims Litigation Schedule be pushed back by six weeks to correspond. Spanish Broadcasting also observed that Lehman caused or, at a minimum, contributed to a six week delay in the parties reaching agreement on search terms.

In the April 24 Letter, Lehman rejected Spanish Broadcasting's proposal to extend the discovery deadlines and also denied that it caused a six week delay in the parties reaching agreement on search terms. However, the factual history conclusively demonstrates that Lehman delayed the parties' agreement on Spanish Broadcasting's search terms until March 5, 2015, *i.e.*, six weeks after Spanish Broadcasting proposed its list of terms. Indeed, Spanish Broadcasting provided Lehman with a proposed list of search terms for Spanish Broadcasting's ESI on January 20, 2015. On February 3, 2015, Lehman rejected Spanish Broadcasting's proposal and provided Spanish Broadcasting with its own list of proposed search terms. On February 20, 2015, the Court entered the Second Amended Claims Litigation Schedule. Days later, during a meet and confer on February 25, 2015, Lehman informed Spanish Broadcasting that it would send a revised list of proposed search terms, which Lehman did not provide until March 3, 2015. On March 5, 2015, Spanish Broadcasting agreed to run all of the terms that Lehman proposed in its March 3 letter. Thus, Lehman clearly caused a six week delay in the parties reaching agreement on Spanish Broadcasting's search terms.

Given both that Lehman caused or at a minimum contributed to any alleged delay and that Spanish Broadcasting reasonably and in good faith believes that it will take an additional six weeks to complete document production, Spanish Broadcasting respectfully submits that a six week extension of the deadlines in the Claims Litigation Schedule is reasonable, warranted and justified.

To date, Spanish Broadcasting has produced approximately 600,000 pages of documents in the Claim Litigation Dispute, which is **three times more** than the approximately 200,000 pages of documents that Lehman has produced. Spanish Broadcasting filed proof of claim

---

[3] With respect to the Problematic Search Terms other than the Largest Term, Spanish Broadcasting's sampling indicated that approximately 50% of the documents retrieved by those terms are non-responsive. While Spanish Broadcasting is working with its vendor to refine those Problematic Search Terms, Spanish Broadcasting has so far been unsuccessful in doing so. Consequently, Spanish Broadcasting will produce documents retrieved by those terms.

number 67707 in order to recover the substantial damages that Lehman caused Spanish Broadcasting to suffer, and any suggestion that Spanish Broadcasting seeks to delay the Claim Litigation Dispute is without merit. Spanish Broadcasting's good faith belief that it will need an additional six weeks to complete its document production is the result of the enormous volume of documents retrieved by the search terms that Lehman proposed on March 3, 2015, and not the result of any dilatory actions by Spanish Broadcasting.

**Spanish Broadcasting's Request No. 29**

Spanish Broadcasting's Request No. 29 seeks "documents and communications relating to any entity that terminated a swap with Lehman and entered into a replacement swap from and after September 30, 2008." Prior to the Meet and Confer, Lehman never made a single proposal to produce documents in response to Request No. 29.

During the Meet and Confer, Lehman described for the first time a complicated proposal with respect to the documents that Lehman is willing to produce in response to Request No. 29. Lehman expressly stated during the Meet and Confer that it would send Spanish Broadcasting its proposal in writing so that Spanish Broadcasting could evaluate it. In addition, the April 22 Letter expressly requested that Lehman "send us [*i.e.*, Kaye Scholer] the proposal in writing, so that we may confer with our client [*i.e.*, Spanish Broadcasting] regarding the proposal." Lehman failed to provide a written proposal regarding Request No. 29, despite its promise to do so.

In addition, during the Meet and Confer and in the April 22 Letter, Spanish Broadcasting proposed the following search term for Lehman to use to search its ESI for documents responsive to Request No. 29:

("Swap" OR "ISDA") w/10 ("replace*" OR "alternate*")

In the April 24 Letter, Lehman rejected Spanish Broadcasting's proposal and made a counterproposal that significantly narrows the scope of the search term. Specifically, Lehman proposes searching its ESI using the term:

("Swap" OR "ISDA") w/10 ("replace*" OR "alternate*") AND ("Counterparty A" or "Counterparty B")

Lehman has not indicated that it tested the search term proposed by Spanish Broadcasting in the April 22 Letter before developing its counterproposal. Nor has Lehman provided sufficient information regarding the number and identity of the counterparties whose names Lehman would search in its counterproposal. Spanish Broadcasting submits that Lehman should be required to run the search term proposed in the April 22 Letter and test the documents retrieved by the search for responsiveness.

During the Meet and Confer and in the April 22 Letter, Spanish Broadcasting requested that the parties engage in a further meet and confer on either April 23 or April 24. Lehman refused to engage in any further meet and confer.

Honorable Shelley C. Chapman            5            April 27, 2015

    We look forward to addressing these issues and any other issues that the Court wishes to discuss at the conference this afternoon.

                                                  Respectfully,

                                                  Joseph Otchin

cc: Ralph Miller, Esq. (via ECF and e-mail)
    Jacqueline Marcus, Esq. (via ECF and e-mail)
    Denise Alvarez, Esq. (via ECF and e-mail)
    Alexander Woolverton, Esq. (via ECF and e-mail)
    Madlyn Gleich Primoff, Esq.

62721238_3