# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE

NEW YORK, NEW YORK 10110

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

April 29, 2015

<u>BY EMAIL AND ECF</u>

The Honorable Shelley C. Chapman
United States Bankruptcy Court for the
    Southern District of New York
One Bowling Green
New York, New York 10004

Re:    *In re: Lehman Brothers Holding Inc.* No. 08-13555 (SCC) –
Notice of Supplemental Authority in Further Opposition to
Motions Seeking an Order Vacating the Alternative Dispute
Resolution Procedures Order for Indemnification Claims
<u>Against the Mortgage Sellers</u>

Dear Judge Chapman:

The Plan Administrator Lehman Brothers Holdings Inc. ("<u>LBHI</u>") respectfully
calls the Court's attention to a recent decision from the United States Court for the District of
Utah that is relevant to the Sellers' pending Motions Seeking an Order Vacating the Alternative
Dispute Resolution Procedures Order for Indemnification Claims Against the Mortgage Sellers.[1]
*See Lehman Brothers Holdings Inc. v. SecurityNational Mortgage Company,* No 2:11-CV-00519
TS (D. Utah. April 21, 2015) (ECF No. 91) (the "<u>Decision and Order</u>").[2]  Had this Decision and
Order been available at the time that LBHI submitted its opposition brief, dated April 14, 2015,
to the motions, LBHI would have cited it as additional authority in support of its arguments on
pages 10-12 of that opposition brief.

In the Decision and Order, District Judge Ted Stewart held that a September 8,
2008 Assignment Agreement between Lehman Brothers Bank, FSB ("<u>LBB</u>") and LBHI validly
and effectively assigned to LBHI all rights to indemnification under a prior Loan Purchase

---

[1] Capitalized terms not defined herein are defined in the Opposition Of LBHI To Motions Seeking An Order
Vacating the Alternative Dispute Resolution Procedures Order for Indemnification Claims Against Mortgage Loan
Sellers (ECF No. 49254).

[2] A copy of the Decision and Order is attached hereto as Exhibit A.   Although originally filed under seal by the
Court in Utah, the Decision and Order was unsealed on April 27, 2015.  A copy of the Unsealing Order is attached
hereto as Exhibit B.

Agreement and incorporated Seller's Guide, with respect to mortgage loans originated by SecurityNational that had been sold from LBB to LBHI between August 2006 and May 2008. *See* Decision and Order, at pp. 3-4 & 12. In that regard, the Court ruled as follows:

> In this case, LBB assigned to LBHI all of the rights that LBB had under the LPA and Seller's Guide. Based on this assignment, LBHI stands in the shoes of LBB and can assert the same rights under the LPA and Seller's Guide that LBB had. It stands to reason that if LBB still owned the loans in question, they could assert claims against SecurityNational under the LPA and Seller's Guide. The sale of those loans and the assignment of rights under the LPA and Seller's Guide now allows LBHI to do the same.

Decision and Order at p.12.

Judge Stewart's Decision and Order also distinguishes his colleague's decision in *SecurityNational Mortgage Co. v. Aurora Bank FSB*, No. 2:11-CV-00434 DN, 2014 WL 7366063 (D. Utah Dec. 24, 2014), upon which Sellers heavily rely in their Motions.[3] In that regard, the Court ruled as follows:

> SecurityNational's argument focuses on the fact that, at the time of the assignment, there was no loss to LBB. While this fact is important under the Indemnification Agreement, it is irrelevant to the LPA, the Seller's Guide, and the Assignment Agreement. These agreements, unlike the Indemnification Agreement and the assignment of that Agreement, are not limited to losses. Rather, the LPA and Seller's Guide set out the rights and duties with respect to the parties' sale and purchase of mortgages and the Assignment Agreement assigns all legal rights that LBB had under the LPA and Seller's Guide to LBHI.
>
> This fact distinguishes this case from the Indemnification Agreement addressed by Judge Nuffer. The Indemnification Agreement was specifically limited to losses, a defined term under that agreement. Because the Indemnification Agreement only covered losses of Lehman Bank and Aurora Loan Services and those entities suffered no losses, Judge Nuffer held that summary judgment in favor of SecurityNational was proper. As stated, the contract language is this case is not so limited.

Decision and Order at pp. 9-10. According to the District Court's reasoning in *LBHI v.*

---

[3] *See e.g.*, Motion of Group 2000 Real Estate Services, Inc. (ECF No. 49027) at ¶¶ 12, 37-40, and 44.

*SecurityNational*, the Sellers' reliance in this Court on *SecurityNational v. Aurora* is simply wrong.

Respectfully submitted,

William A. Maher

Attachments

cc:    Jill E Alward, Esq. (by email and overnight mail)
       Timothy W. Salter, Esq. (by email and overnight mail)

       *Counsel for Group 2000 Real Estate Services, Inc.*
       *and Stearns Lending, LLC*

       Evans Prieston, Esq. (by email and overnight mail)
       Tracy L. Henderson, Esq. (by email and overnight mail)

       *Counsel for American Bank, Apex Home*
       *Loans Incorporated, Directors Mortgage Inc.,*
       *First Mortgage Corporation, Gateway Bank,*
       *Oaktree Funding Corporation, and Republic*
       *State Mortgage Company*

       Michael Rollin, Esq. (by email)
       Maritza Braswell, Esq. (by email)

       *Co-counsel for Lehman Brothers Holdings Inc.*