

Madlyn Gleich Primoff
+1 212 836 7042 office
madlyn.primoff@kayescholer.com

250 West 55th Street
New York, New York 10019-9710
+1 212 836 8000 main
+1 212 836 6525 fax
www.kayescholer.com

April 29, 2015

VIA ECF, E-MAIL AND HAND DELIVERY

The Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

      Re:   *In re Lehman Brothers Holdings Inc.*
              Case No. 08-13555 (SCC)
              <u>Claim No. 67707 Filed By Spanish Broadcasting System, Inc.</u>

Dear Judge Chapman:

      We represent Spanish Broadcasting System, Inc. ("<u>Spanish Broadcasting</u>") with respect to the claim litigation dispute (the "<u>Claim Litigation Dispute</u>") between Spanish Broadcasting and Lehman Brothers Holdings Inc. and its affiliates ("<u>Lehman</u>") concerning Spanish Broadcasting's proof of claim number 67707 (the "<u>Proof of Claim</u>").

      At the April 27, 2015 conference (the "<u>April 27 Conference</u>") before the Court, Lehman proposed that (a) it should be permitted to file a summary judgment motion on the issue of whether the consequential damages waiver in the Credit Agreement (as defined below) survived the termination of the Credit Agreement pursuant to the Payoff Letter (as defined below); and (b) discovery should proceed at this time solely with respect to documents of Kaye Scholer LLP and Weil, Gotshal & Manges LLP regarding the Payoff Letter.

      We understand that the Court was receptive to Lehman's proposal because the Court believed that the proposed summary judgment motion has the potential to dispose of most of Spanish Broadcasting's claims. However, Spanish Broadcasting has determined that this is a faulty premise. Lehman's proposal to address the consequential damages waiver on summary judgment would not materially advance the resolution of Spanish Broadcasting's claims because Spanish Broadcasting's argument is not limited to the ineffective consequential damages waiver; rather, Spanish Broadcasting's first argument has always been that all of Spanish Broadcasting's damages are **direct damages** and not consequential damages, as Spanish Broadcasting will demonstrate on a developed factual record that includes the introduction of the opinions of experts.

      While Lehman may dispute the characterization of Spanish Broadcasting's damages, it is a matter of black letter law that the question of whether damages are direct or consequential is a question of fact that <u>must</u> be reserved for trial. Therefore, the resolution of Lehman's proposed summary judgment motion regarding consequential damages would <u>not</u> resolve Spanish

Chicago    Los Angeles    Shanghai
Frankfurt    New York    Washington, DC
London    Palo Alto    West Palm Beach    62739808.1

Broadcasting's entitlement to damages, because the waiver, even if applicable, applies only to consequential damages and not direct damages. Accordingly, Lehman's proposal is fundamentally flawed. Spanish Broadcasting respectfully requests that the Court reject Lehman's proposal and schedule a further conference to address next steps in the Claim Litigation Dispute, including discovery.

**Background**

Spanish Broadcasting and Lehman were parties to that certain First Lien Credit Agreement (the "Credit Agreement"), dated as of June 10, 2005, which included (among other things) a revolving credit facility of $25 million. As a result of Lehman's failure to fund its $10 million portion of the $25 million draw request submitted on October 3, 2008, Spanish Broadcasting suffered damages. Spanish Broadcasting described its damages in response to Lehman's Interrogatory No. 13, which asked Spanish Broadcasting to "[d]escribe in detail the amount and computation of damages that Spanish Broadcasting is seeking in this matter." *See* Exhibit A hereto (Spanish Broadcasting's objections and responses to Lehman's Interrogatories), at 23. In response to Lehman's Interrogatory No. 13, Spanish Broadcasting stated that "[a]ny calculation of damages caused by the conduct of [Lehman] will require expert testimony" but that Spanish Broadcasting's damages (the "Damages") are in a total amount in excess of $47.8 million and include the following:

(1) Damages in an amount of approximately $30.3 million in impacted EBITDA resulting from Lehman's failure to fund the Draw;

(2) Damages in an amount of approximately $17.2 million relating to Spanish Broadcasting's inability to terminate the Swap; and

(3) Damages in an amount of $273,333.33 on account of the fees that Spanish Broadcasting paid to Lehman for the portion of the Draw that Lehman failed to fund.

See *id.* at 23-24.

On November 3, 2011, Spanish Broadcasting filed its Proof of Claim. On July 10, 2012, Lehman filed an objection (the "Objection") to the Proof of Claim. Lehman argued in the Objection that Spanish Broadcasting's Damages should be disallowed and expunged because such Damages were barred by Section 10.12(e) of the Credit Agreement, which contained a waiver of consequential damages (the "Consequential Damages Waiver"). On September 13, 2012, Spanish Broadcasting filed its response (the "Response") to the Objection. See Exhibit B hereto. In the Response, Spanish Broadcasting argued, *inter alia*, that all of its Damages are direct damages and not consequential damages. See Ex. B, at 6-12. Spanish Broadcasting further argued that the question of whether damages are direct or consequential is a question of fact that must be reserved for trial. *See id.* at 6-8. On January 24, 2013, Lehman filed its reply (the "Reply") in support of its Objection. *See* Exhibit C hereto.

On February 13, 2013, Judge Peck conducted the Sufficiency Hearing. See Exhibit D hereto (transcript of Sufficiency Hearing). During the Sufficiency Hearing, Spanish Broadcasting again argued that all of its Damages are direct damages:

> MS. PRIMOFF: [W]e assert that our damages are direct damages which is a question of fact under the governing legal authorities that has to be determined at trial or on a properly developed summary judgment record in any event.
>
> THE COURT: When you say direct damages, are you saying that all of the damages that you assert in your claim are direct damages or are you saying that some of the damages are direct damages and some are consequential damages that have not been waived?
>
> MS. PRIMOFF: And thank you for the question, Your Honor. . . . The total invested capital damages and the [Swap] termination damages, we assert that those are direct damages. If the Court were to disagree with us and say that they're consequential damages, then our -- our position is that the consequential damages waiver is of no force or effect, so that -- so it -- it doesn't matter in the first instance. We think -- we think we get there either way, whether they're direct or consequential.
>
> THE COURT: Okay.
>
> MS. PRIMOFF: I mean, there's -- there's expansive case law on the distinction between -- and we've got this in our papers -- on the distinction between diminution in value damages with the -- which the case is, the [Weil] article, the UCC recognizes that diminution in value damages are direct damages, not consequential damages.

See Ex. D, at 134:15-136:1. At the conclusion of the Sufficiency Hearing, Judge Peck ruled that all of Spanish Broadcasting's claims survived under the applicable motion to dismiss standard. See *id.* at 143-44.

**Spanish Broadcasting Seeks Direct Damages, and the Question of Whether Damages Are Direct or Consequential Is a Question of Fact That Must Be Reserved for Trial**

Spanish Broadcasting has repeatedly and consistently argued in its briefing and at the Sufficiency Hearing that all of its Damages are direct damages and not consequential damages. Direct damages are "those which are the natural and probable consequence of the breach" of contract. *Am. List Corp. v. U.S. News & World Report, Inc.*, 75 N.Y.2d 38, 42-43 (N.Y. 1989); *Latham Land I, LLC v. TGI Friday's, Inc.*, 96 A.D.3d 1327, 1332 (N.Y. App. Div. 3d Dep't June 28, 2012). In contrast, consequential damages "are extraordinary in that they do not so directly flow from the breach." *Am. List Corp.*, 75 N.Y.2d at 43; *Latham Land I, LLC*, 96 A.D.3d at 1331.

At the April 27 Conference, Lehman took the position that Spanish Broadcasting's Damages are consequential damages that would be disallowed if Lehman demonstrates in its summary judgment motion that the Consequential Damages Waiver is effective and enforceable (which it is not). However, Lehman ignored Spanish Broadcasting's primary contention

regarding the Damages, which is that all of the Damages are direct damages and not consequential damages.[1]

As Spanish Broadcasting presented in its briefing to Judge Peck, it is a matter of black letter law that the question of whether damages are direct or consequential is a question of fact that must be reserved for trial. *See American Electric Power Co. v. Westinghouse Electric Corp.*, 418 F. Supp. 435, 459-60 (S.D.N.Y. 1976) ("In general, the precise demarcation between direct and consequential damages is a question of fact . . . that must be left for resolution at trial."); *e.g.*, *Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.*, No. 88–CV–819, 1992 WL 121726, at *28 (N.D.N.Y. May 23, 1992) (denying summary judgment, stating that "[g]enerally, whether damages are direct or consequential is an issue of fact which must be reserved for trial.").

Accordingly, Spanish Broadcasting respectfully submits that the question of whether its damages are direct or consequential must be decided on a fully developed summary judgment record, including expert discovery. Lehman's proposal to stay discovery in favor of its summary judgment motion would put the cart before the horse, *i.e.*, because the Consequential Damages Waiver is relevant only in the event that the Court rules that at least some portion of Spanish Broadcasting's Damages are consequential in nature.

The record demonstrates that Lehman was incorrect in suggesting at the April 27 Conference that its proposal would increase efficiency and render the outstanding discovery issues moot. The direct or consequential nature of Spanish Broadcasting's Damages must be determined on a fully-developed record, including expert discovery. Spanish Broadcasting respectfully requests that the Court reject Lehman's proposal and schedule a further conference to address next steps in the Claim Litigation Dispute, including discovery.

Respectfully,

Madlyn Gleich Primoff

cc: Ralph Miller, Esq. (via ECF and e-mail)
    Jacqueline Marcus, Esq. (via ECF and e-mail)
    Denise Alvarez, Esq. (via ECF and e-mail)
    Alexander Woolverton, Esq. (via ECF and e-mail)
    Joseph Otchin, Esq.

---

[1] In an article on the subject of direct versus consequential damages, Lehman's counsel has expressly conceded that **"[d]iminution in value is the bedrock of direct or general damages for breach of contract."** See Glenn D. West, Sara G. Duran [both of Weil, Gotshal & Manges LLP], *Reassessing the "Consequences" of Consequential Damage Waivers in Acquisition Agreements*, 63 Bus. Law. 777, 806 (May 2008) (emphasis added), attached hereto as Exhibit E. Here, Spanish Broadcasting seeks to recover, *inter alia*, diminution in value damages that Lehman caused Spanish Broadcasting to suffer.