# EXHIBIT A

KAYE SCHOLER LLP
Madlyn Gleich Primoff, Esq.
Joseph Otchin, Esq.
250 West 55th Street
New York, New York 10019-9710
(212) 836-8000
madlyn.primoff@kayescholer.com
joseph.otchin@kayescholer.com

*Attorneys for Spanish Broadcasting System, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

In re                                                    Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 Case No. 08-13555 (SCC)

                                    Debtors.             Jointly Administered

-----------------------------------------------------------------------x

**OBJECTIONS AND RESPONSES OF SPANISH BROADCASTING SYSTEM, INC.
TO LEHMAN BROTHERS HOLDINGS INC.'S INTERROGATORIES TO
SPANISH BROADCASTING INC. PURSUANT TO RULES 7026 AND 7033
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Spanish Broadcasting System, Inc. ("Spanish Broadcasting"), by its undersigned attorneys, for its objections and responses to Lehman Brothers Holdings Inc.'s Interrogatories to Spanish Broadcasting Inc. Pursuant to Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, dated November 3, 2014 (the "Interrogatories"), served by Lehman Brothers Holdings Inc. ("LBHI"), respectfully states as follows:

Spanish Broadcasting's objections and responses to the Interrogatories (including the definitions and instructions contained in the Interrogatories) incorporate and are subject to the general objections (the "General Objections") and the objections to specific definitions and instructions (the "Objections to Definitions and Instructions") set forth below. These General

Objections (which also apply to the definitions and instructions contained in the Interrogatories) and the Objections to Definitions and Instructions (collectively, the "Global Objections") form a part of the response to each Interrogatory and are set forth here to avoid the duplication and repetition of restating them within each response. While these Global Objections may be referred to specifically in response to individual Interrogatories for purposes of clarity, the failure to specifically incorporate a Global Objection should not be construed as a waiver of the objection. Likewise, any response and/or specific objection to an Interrogatory should not be construed as a waiver of these Global Objections.

## **GENERAL OBJECTIONS**

1.      Spanish Broadcasting objects to each Interrogatory to the extent that it is unduly burdensome, overly broad, vague, ambiguous or not reasonably calculated to lead to the discovery of admissible evidence. Spanish Broadcasting also objects to each Interrogatory to the extent that it imposes extreme hardship and/or seeks information that is not relevant to the claim litigation dispute (the "Claim Litigation Dispute") between Spanish Broadcasting and LBHI, as well as to the extent that responding thereto would impose an undue burden on Spanish Broadcasting in the form of an excessive expenditure of time and money.

2.      Spanish Broadcasting objects to each Interrogatory that purports to vary Spanish Broadcasting's rights and obligations under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") or any other applicable statute, rule, law or order, including, without limitation, Local Rule 7033-1(a), which restricts interrogatories to "those questions seeking names of witnesses with knowledge or information relevant to the subject matter of the action, the computation of each category of

damage alleged, and the existence, custodian, location, and general description of relevant documents . . . ."

3.      Spanish Broadcasting's use of a particular definition provided by LBHI in responding to the Interrogatories is not an admission of the accuracy of the particular definition. Spanish Broadcasting further reserves its right to (a) dispute LBHI's interpretations, definitions and characterizations of terms and/or events and (b) assert its own interpretations, definitions and characterizations to such terms and/or events.   Any response or objection by Spanish Broadcasting with respect to any Interrogatory is without prejudice to this objection and Spanish Broadcasting's right to dispute facts asserted and legal conclusions assumed or presupposed in the Interrogatories.

4.      Spanish Broadcasting objects to each Interrogatory to the extent that it seeks information not presently in the possession, custody or control of Spanish Broadcasting.

5.      Spanish Broadcasting objects to each Interrogatory to the extent that it seeks information that never existed or no longer exists.

6.      Spanish Broadcasting objects to each Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine or any other applicable privilege, immunity or protection (whether based upon statute, common law, stipulation or request).   Such information will not be disclosed, and nothing contained in these objections and responses to the Interrogatories is intended to be, or in any way should be deemed to be, a waiver of any privilege or discovery protection.

7.      Any inadvertent disclosure of information that is protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or immunity with respect to such

3

information.  All information provided is solely for use in the Claim Litigation Dispute, and for no other purpose, and is to be subject to and governed by the terms of (a) a protective order in form and substance acceptable to Spanish Broadcasting to be entered in the Claim Litigation Dispute; and (b) the so ordered Claims Litigation Schedule with Respect to Claim No. 67707 Filed By Spanish Broadcasting System, Inc. and the Objection Interposed by Lehman Brothers Holdings Inc., dated October 14, 2014 [Dkt No. 46498] (the "Claims Litigation Schedule").

8.     Spanish Broadcasting objects to the Interrogatories insofar as they seek information that contains confidential or proprietary commercial, business or personal information.

9.     Spanish Broadcasting objects to each Interrogatory to the extent that it requires Spanish Broadcasting to seek publicly available information or information that is equally available to LBHI.

10.     Without in any way obligating itself to do so, Spanish Broadcasting reserves the right to modify or supplement its objections and responses to the Interrogatories with information it may subsequently discover.  Spanish Broadcasting also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these objections and responses as a result of mistake, error, oversight, or inadvertence.  Spanish Broadcasting reserves the right at any time to revise, correct, supplement, amend or clarify any of these objections and responses.

11.     Spanish Broadcasting objects to each Interrogatory to the extent that it contains factual or legal misrepresentations and to the extent that it seeks legal conclusions or requires Spanish Broadcasting to make a legal conclusion in order to respond.

12.     Spanish Broadcasting objects to the Interrogatories, on the grounds that they are unreasonably cumulative and duplicative, to the extent they seek information that can be more efficiently ascertained or derived from documents that Spanish Broadcasting has produced or will produce in this Claim Litigation Dispute.

13.     Spanish Broadcasting objects to the Interrogatories to the extent that they require or call for the creation of new documents, reports, spreadsheets or data compilations.

14.     Spanish Broadcasting's objections and responses to the Interrogatories are made while expressly reserving and without waiving its right (i) to object on any ground to the use of any information at any stage of this Claim Litigation Dispute; (ii) to object on any ground to other requests for disclosure that involve or relate to the subject matter of the Interrogatories; (iii) to assert future objections as to the discoverability, relevance, materiality, competency, authenticity or admissibility of any response or document; and (iv) to revise, correct, supplement or clarify any of the objections or responses set forth herein.

15.     Spanish Broadcasting objects to the Interrogatories to the extent that they are interposed for improper purposes including, without limitation, to annoy, harass, unduly burden, delay, embarrass, or increase expense.

16.     Spanish Broadcasting objects to the Interrogatories to the extent that they require the production of expert discovery at this time.  The procedure for expert discovery is expressly set forth in the Claims Litigation Schedule, and Spanish Broadcasting will conduct and complete expert discovery in accordance with paragraphs 4 through 6 and the other provisions of the Claims Litigation Schedule.

17.     Nothing contained herein may be construed as an admission or indication regarding the existence or non-existence of any responsive information.

62402918_1

18.     Spanish Broadcasting incorporates by reference the objections made in its Objections and Responses of Spanish Broadcasting System, Inc. to Plan Administrator's First Set of Document Requests to Spanish Broadcasting Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, dated December 1, 2014.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

19.     Spanish Broadcasting objects to the "Definitions" provided with the Interrogatories to the extent that they are vague, ambiguous, overly broad, unintelligible and seek to impose obligations beyond those required by the Bankruptcy Rules, the Federal Rules, the Local Rules or any other applicable statute, rule, law or order.

20.     Without waiving objections to any of the "Definitions" not specifically mentioned herein, Spanish Broadcasting objects to each Interrogatory to the extent that it seeks "any" or "all" information, or information regarding "each" or "all" individuals, under circumstances in which production of a subset of the sought information would be sufficient to show the pertinent information, on the grounds that such Interrogatories are overly broad and unduly burdensome. In identifying individuals in response to the Interrogatories, Spanish Broadcasting will provide information regarding the individuals who are most knowledgeable of the relevant subject matter.

21.     Spanish Broadcasting objects to the definition of "Identify" (with respect to a person) in Definition 9 of the "Definitions" section of the Interrogatories on the ground that it is broader than and does not conform to the definition of "Identify" set forth in Local Rule 7026-1 and Local Civil Rule 26.3(c)(3).   As used in Spanish Broadcasting's responses to the Interrogatories, the term "Identify," unless otherwise specified, has the meaning ascribed to it in Local Rule 7026-1 and Local Civil Rule 26.3(c)(3).

62402918_1

22. Spanish Broadcasting objects to the definitions of "You" and "Your" in Definition 16 of the "Definitions" section of the Interrogatories on the grounds that they are overly broad, vague, ambiguous and unduly burdensome.  In addition, Spanish Broadcasting objects to the extent the definition improperly imposes obligations upon persons and entities that are not parties to this Claim Litigation Dispute or imposes a duty upon Spanish Broadcasting to provide information, documents or things that are not within its possession, custody or control. In responding to the Interrogatories, Spanish Broadcasting will construe the terms "You" and "Your" to mean only Spanish Broadcasting, and not any other person or entity including, without limitation, Kaye Scholer LLP or any other outside counsel or Capstone Advisory Group, LLC or any other testifying or non-testifying experts.

23. Spanish Broadcasting objects to the "Instructions" provided with the Interrogatories to the extent that they are vague, ambiguous, overbroad, unintelligible, and unduly burdensome and seek to impose obligations beyond those required by the Federal Rules, the Bankruptcy Rules, the Local Rules or any other applicable statute, rule, law or order.

24. Instruction No. 3 states:  "If You object to any Interrogatory on the grounds that a complete and accurate answer would require disclosure of information protected by privilege, work product protection, or other immunity from disclosure (collectively, "privilege"), answer the Interrogatory to the fullest extent possible without disclosure of such information and state (i) the privilege asserted, (ii) the basis for the claim of privilege, (iii) the subject matter of the withheld information, (iv) the parties to the communication, if any, and the employment and title of such parties, and (v) the date of the communication."  Without waiving objections to any of the "Instructions" not specifically mentioned herein, Spanish Broadcasting objects to Instruction No. 3 on the grounds that it is overly broad, vague, ambiguous and unduly burdensome, and to

the extent that it requires the production of a privilege log that contains fields not contemplated by Local Rule 7033-1, the Bankruptcy Rules, the Federal Rules or the Claims Litigation Schedule.  Spanish Broadcasting will comply with its obligations under Local Rule 7033-1, the Bankruptcy Rules, the Federal Rules and the Claims Litigation Schedule.

**SPECIFIC RESPONSES AND**
**OBJECTIONS TO INTERROGATORIES**

### INTERROGATORY NO. 1

Identify and state the location of all Individuals who know of any Discoverable Matter concerning the damages Spanish Broadcasting alleges it suffered because LCPI did not loan Spanish Broadcasting any funds in response to the Draw Request, and describe the subject matter of each Individual's relevant knowledge and the basis for each Individual's knowledge.

### RESPONSE TO INTERROGATORY NO. 1

Spanish Broadcasting incorporates by reference its Global Objections set forth above. Spanish Broadcasting further objects to Interrogatory No. 1 on the grounds that the Interrogatory is overbroad, vague, ambiguous and unduly burdensome.  Spanish Broadcasting further objects to the Interrogatory on the ground that it exceeds the bounds of Local Rule 7033-1(a).  Spanish Broadcasting further objects on the ground that the Interrogatory seeks information regarding "all" individuals when less than all suffices to provide LBHI with reasonable discovery.  Spanish Broadcasting further objects on the ground that the Interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.   Subject to and without waiving the foregoing objections or the Global Objections, the principal current or former representatives of Spanish Broadcasting who have personal knowledge or information of the damages at issue in the Claim Litigation Dispute (excluding outside counsel and testifying or non-testifying experts) are:

| **Individual** | **Contact Information** |
|---|---|
| Raúl Alarcón, Jr., President, Chairman and CEO, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |
| Joseph A. Garcia, CFO, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |
| Jose Molina, Vice President of Finance, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |
| Albert Rodriguez, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |
| Alex Aleman, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |
| Frank Soricelli, Corporate Controller, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |
| Robert Castro, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |
| Juan Garcia | Last known contact information: Gables International Plaza 2655 Le Jeune Road Suite 802 Coral Gables, Florida 33134 (305) 442-9270 |

62402918_1

**INTERROGATORY NO. 2**

Identify and state the location of all Individuals who participated on behalf of Spanish Broadcasting in the negotiation, drafting and/or execution of the Credit Agreement.

**RESPONSE TO INTERROGATORY NO. 2**

Spanish Broadcasting incorporates by reference its Global Objections set forth above.

Spanish Broadcasting further objects to Interrogatory No. 2 on the grounds that the Interrogatory is overbroad, vague, ambiguous and unduly burdensome, including but not limited to the terms "participated" and "on behalf of." Spanish Broadcasting further objects to the Interrogatory on the ground that it exceeds the bounds of Local Rule 7033-1(a). Spanish Broadcasting further objects on the ground that the Interrogatory seeks information regarding "all" individuals when less than all suffices to provide LBHI with reasonable discovery. Subject to and without waiving the foregoing objections or the Global Objections, the principal current or former representatives of Spanish Broadcasting who have personal knowledge or information of the negotiation, drafting and/or execution of the Credit Agreement are:

| Individual | Contact Information |
|---|---|
| Raúl Alarcón, Jr., President, Chairman and CEO, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |
| Joseph A. Garcia, CFO, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |
| Jose Molina, Vice President of Finance, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |

62402918_1

| Frank Soricelli, Corporate Controller, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
|---|---|
| Melanie Montenegro, former General Counsel, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Juan Garcia | Last known contact information:<br>Gables International Plaza<br>2655 Le Jeune Road<br>Suite 802<br>Coral Gables, Florida 33134<br>(305) 442-9270 |
| Scott Herlily, Latham & Watkins LLP | Last known contact information:<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, DC 20004<br>(202) 637-2200 |
| Christopher Brown, Latham & Watkins LLP | Last known contact information:<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, DC 20004<br>(202) 637-2200 |
| James Ritter, formerly at Latham & Watkins LLP | Last known contact information:<br>2099 Pennsylvania Avenue, N.W.<br>Suite 100<br>Washington, DC 20006-6801<br>(202) 747-1900<br>JRitter@sheppardmullin.com |

## INTERROGATORY NO. 3

Identify and state the location of all Individuals who participated on behalf of Spanish Broadcasting in the negotiation, drafting and/or execution of the Payoff Letter.

## RESPONSE TO INTERROGATORY NO. 3

Spanish Broadcasting incorporates by reference its Global Objections set forth above.

Spanish Broadcasting further objects to Interrogatory No. 3 on the grounds that the Interrogatory

is overbroad, vague, ambiguous and unduly burdensome, including but not limited to the terms

"participated" and "on behalf of."  Spanish Broadcasting further objects to the Interrogatory on the ground that it exceeds the bounds of Local Rule 7033-1(a).  Spanish Broadcasting further objects on the ground that the Interrogatory seeks information regarding "all" individuals when less than all suffices to provide LBHI with reasonable discovery.  Subject to and without waiving the foregoing objections or the Global Objections, the principal current or former representatives of Spanish Broadcasting who have personal knowledge or information of the negotiation, drafting and/or execution of the Payoff Letter are:

| Individual | Contact Information |
|---|---|
| Joseph A. Garcia, CFO, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Jose Molina, Vice President of Finance, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Melanie Montenegro, former General Counsel, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Sheryl Gittlitz, Partner, Kaye Scholer LLP | Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |

## INTERROGATORY NO. 4

Identify and state the location of all Individuals who know of any Discoverable Matter concerning the reasons why Spanish Broadcasting made the Draw Request, and describe the basis for each Individual's knowledge.

## RESPONSE TO INTERROGATORY NO. 4

Spanish Broadcasting incorporates by reference its Global Objections set forth above.

Spanish Broadcasting further objects to Interrogatory No. 4 on the grounds that the Interrogatory

12

is overbroad, vague, ambiguous and unduly burdensome, including but not limited to the terms "reasons," "why" and "made." Spanish Broadcasting further objects to the Interrogatory on the ground that it exceeds the bounds of Local Rule 7033-1(a). Spanish Broadcasting further objects on the ground that the Interrogatory seeks information regarding "all" individuals and "any" Discoverable Matter when less than all or any suffices to provide LBHI with reasonable discovery. Spanish Broadcasting further objects on the ground that the Interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine. Subject to and without waiving the foregoing objections or the Global Objections, the following individuals have personal knowledge or information of Spanish Broadcasting's decision to submit the Draw Request (excluding Spanish Broadcasting's outside counsel and testifying or non-testifying experts):

| **Individual** | **Contact Information** |
| --- | --- |
| Raúl Alarcón, Jr., President, Chairman and CEO, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Joseph A. Garcia, CFO, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Jose Molina, Vice President of Finance, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Melanie Montenegro, former General Counsel, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |

13

| | |
|---|---|
| Michelle Rosolinsky, LBHI | Last known contact information:<br>1271 Sixth Avenue<br>New York, New York 10020<br>michelle.rosolinsky@lamcollc.com |
| Lindsey Jones, LCPI | Last known contact information:<br>745 Seventh Avenue<br>New York, New York 10019<br>lindsey.jones@barclayscapital.com |
| Ritam Bhalla, LCPI | Last known contact information:<br>ritam.bhalla@barclayscapital.com |
| Francis Chang | Last known contact information:<br>WCAS Fraser Sullivan Investment<br>Management<br>400 Madison Avenue<br>Suite 9A<br>New York, New York 10017<br>212-339-5400 |

## INTERROGATORY NO. 5

Identify and state the location of all Individuals who know of any Discoverable Matter concerning the reasons for the downgrade in Spanish Broadcasting's credit rating in 2008 and describe the basis for each Individual's knowledge.

## RESPONSE TO INTERROGATORY NO. 5

Spanish Broadcasting incorporates by reference its Global Objections set forth above.

Spanish Broadcasting further objects to Interrogatory No. 5 on the grounds that the Interrogatory

is overbroad, vague, ambiguous and unduly burdensome, including but not limited to the terms

"reasons" and "the downgrade." Spanish Broadcasting further objects to the Interrogatory on the

ground that it exceeds the bounds of Local Rule 7033-1(a). Spanish Broadcasting further objects

on the ground that the Interrogatory seeks information regarding "all" individuals and "any"

Discoverable Matter when less than all or any suffices to provide LBHI with reasonable

discovery. Spanish Broadcasting further objects on the ground that the Interrogatory seeks

information that is not in Spanish Broadcasting's possession, custody or control and is more

readily available from third parties such as the rating agencies. Spanish Broadcasting further

14

objects on the ground that the Interrogatory calls for Spanish Broadcasting to speculate about the reasons for conduct taken by the rating agencies.

## INTERROGATORY NO. 6

Identify and state the location of all Individuals who know of any Discoverable Matter concerning the financial condition and business operations of Spanish Broadcasting from 2005 through the present, including, but not limited to, the launch and operations of Mega TV and the refinancing of Spanish Broadcasting's debt in 2012, and describe the subject matter of each Individual's relevant knowledge and the basis for each Individual's knowledge.

## RESPONSE TO INTERROGATORY NO. 6

Spanish Broadcasting incorporates by reference its Global Objections set forth above. Spanish Broadcasting further objects to Interrogatory No. 6 on the grounds that the Interrogatory is overbroad, vague, ambiguous and unduly burdensome, including but not limited to the terms "financial condition," "business operations," "launch" and "operations" and "debt." Spanish Broadcasting further objects to the Interrogatory on the ground that it exceeds the bounds of Local Rule 7033-1(a). Spanish Broadcasting further objects on the ground that the Interrogatory seeks information regarding "all" individuals and "any" Discoverable Matter when less than all or any suffices to provide LBHI with reasonable discovery. Spanish Broadcasting further objects on the ground that the Interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine. Spanish Broadcasting further objects on the ground that the Interrogatory seeks confidential or proprietary commercial, business or personal information. Subject to and without waiving the foregoing objections or the Global Objections, the following individuals have personal knowledge or information regarding the financial condition and business operations of Spanish Broadcasting from 2005 through the present (excluding Spanish Broadcasting's outside counsel (except with respect to the refinancing of Spanish Broadcasting's debt in 2012) and testifying or non-testifying experts):

| Individual | Contact Information |
|---|---|
| Raúl Alarcón, Jr., President, Chairman and CEO, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Joseph A. Garcia, CFO, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Jose Molina, Vice President of Finance, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Albert Rodriguez, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Alex Aleman, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Juan Garcia | Last known contact information:<br>Gables International Plaza<br>2655 Le Jeune Road<br>Suite 802<br>Coral Gables, Florida 33134<br>(305) 442-9270 |
| Roopesh Shah, Managing Director, Goldman Sachs | Last known contact information:<br>200 West Street<br>New York, New York 10282<br>212-855-7786<br>roopesh.shah@gs.com |
| Greg Berube, Vice President, Goldman Sachs | Last known contact information:<br>200 West Street<br>New York, New York 10282<br>212-357-0486<br>gregory.berube@gs.com |

62402918_1

| | |
|---|---|
| Stephen Goldstein, Managing Director, Lazard | Last known contact information:<br>30 Rockefeller Plaza<br>New York, New York 10020<br>212-632-6000<br>stephen.goldstein@lazard.com |
| Brendan Hayes, Vice President, Lazard | Last known contact information:<br>30 Rockefeller Plaza<br>New York, New York 10020<br>212-632-6000<br>brendan.hayes@lazard.com |
| Edmond Gabbay, Kaye Scholer LLP | Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Alan Glantz, Kaye Scholer LLP | Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Marci Settle, Kaye Scholer LLP | Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |

## INTERROGATORY NO. 7

Identify and state the location of all Individuals who know of any Discoverable Matter concerning Spanish Broadcasting's decision whether or not to terminate the Swap Agreement, including, but not limited to, the basis for Spanish Broadcasting's decision, and describe the basis for each Individual's knowledge.

## RESPONSE TO INTERROGATORY NO. 7

Spanish Broadcasting incorporates by reference its Global Objections set forth above.

Spanish Broadcasting further objects to Interrogatory No. 7 on the grounds that the Interrogatory

is overbroad, vague, ambiguous and unduly burdensome, including but not limited to the terms

"decision" and "basis." Spanish Broadcasting further objects to the Interrogatory on the ground

that it exceeds the bounds of Local Rule 7033-1(a). Spanish Broadcasting further objects on the

ground that the Interrogatory seeks information regarding "all" individuals and "any"

Discoverable Matter when less than all or any suffices to provide LBHI with reasonable

discovery. Subject to and without waiving the foregoing objections or the Global Objections, the

following individuals have personal knowledge or information regarding information called for

by Interrogatory No. 7 (excluding counsel at Kaye Scholer LLP):

| Individual | Contact Information |
|---|---|
| Raúl Alarcón, Jr., President, Chairman and CEO, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |
| Joseph A. Garcia, CFO, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |
| Jose Molina, Vice President of Finance, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |
| Melanie Montenegro, former General Counsel, Spanish Broadcasting | Contact through: Kaye Scholer LLP 250 West 55th Street New York, New York 10019-9710 (212) 836-8000 |
| Juan Garcia | Last known contact information: Gables International Plaza 2655 Le Jeune Road Suite 802 Coral Gables, Florida 33134 (305) 442-9270 |
| Carlos Alvarez, Latham & Watkins | Last known contact information: 885 Third Avenue New York, New York 10022 (212) 906-1269 |
| Manay Patel, Lehman | Last known contact information: (212) 526-1412 manay.patel@barclayscapital.com |
| Bob Powers, Wachovia | Last known contact information: One Wachovia Center 301 S. College Street Charlotte, North Carolina 28288 (877) 549-1428 |

18

**INTERROGATORY NO. 8**

Identify and state the location of all Individuals who know of any Discoverable Matter concerning Spanish Broadcasting's attempts to mitigate its damages under the Swap Agreement, including, but not limited to, any attempts by Spanish Broadcasting to replace the transactions outstanding pursuant to the Swap Agreement.

**RESPONSE TO INTERROGATORY NO. 8**

Spanish Broadcasting incorporates by reference its Global Objections set forth above. Spanish Broadcasting further objects to Interrogatory No. 8 on the grounds that the Interrogatory is overbroad, vague, ambiguous and unduly burdensome, including but not limited to the terms "attempts," "mitigate," "its," "damages under the Swap Agreement" and "replace." Spanish Broadcasting further objects to the Interrogatory to the extent that it calls for a legal conclusion. Spanish Broadcasting further objects to the Interrogatory on the ground that it exceeds the bounds of Local Rule 7033-1(a). Spanish Broadcasting further objects on the ground that the Interrogatory seeks information regarding "all" individuals and "any" Discoverable Matter when less than all or any suffices to provide LBHI with reasonable discovery. Subject to and without waiving the foregoing objections or the Global Objections, the following individuals have personal knowledge or information regarding information called for by Interrogatory No. 8 (excluding counsel at Kaye Scholer LLP):

| Individual | Contact Information |
|---|---|
| Raúl Alarcón, Jr., President, Chairman and CEO, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Joseph A. Garcia, CFO, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |

62402918_1

| | |
|---|---|
| Jose Molina, Vice President of Finance, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Melanie Montenegro, former General Counsel, Spanish Broadcasting | Contact through:<br>Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>(212) 836-8000 |
| Juan Garcia | Last known contact information:<br>Gables International Plaza<br>2655 Le Jeune Road<br>Suite 802<br>Coral Gables, Florida 33134<br>(305) 442-9270 |
| Manay Patel, Lehman | Last known contact information:<br>(212) 526-1412<br>manay.patel@barclayscapital.com |
| Bob Powers, Wachovia | Last known contact information:<br>One Wachovia Center<br>301 S. College Street<br>Charlotte, North Carolina 28288<br>(877) 549-1428 |
| Carlos Alvarez, Latham & Watkins LLP | Last known contact information:<br>885 Third Avenue<br>New York, New York 10022<br>(212) 906-1269 |
| Scott Herlily, Latham & Watkins LLP | Last known contact information:<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, DC 20004<br>(202) 637-2200 |
| Christopher Brown, Latham & Watkins LLP | Last known contact information:<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, DC 20004<br>(202) 637-2200 |

## INTERROGATORY NO. 9

Identify and state the location of all Individuals who You will be calling as fact witnesses at an evidentiary hearing in this matter and describe the subject matter of each Individual's relevant knowledge.

62402918_1

## RESPONSE TO INTERROGATORY NO. 9

Spanish Broadcasting incorporates by reference its Global Objections set forth above. Spanish Broadcasting further objects to Interrogatory No. 9 on the grounds that the Interrogatory is overbroad and unduly burdensome. Spanish Broadcasting further objects to the Interrogatory on the ground that it exceeds the bounds of Local Rule 7033-1(a). Spanish Broadcasting further objects to the Interrogatory on the ground that it prematurely seeks the disclosure of information in contravention of the express provisions of the Claim Litigation Schedule. Paragraph 7 of the Claims Litigation Schedule expressly provides that: "Within 10 days after the completion of discovery, the parties shall attempt to jointly recommend to the Court proposed procedures for resolving this contested matter, including, but not limited to, dates for dispositive motions and a merits hearing." Spanish Broadcasting will comply with the procedures set forth in the Claims Litigation Schedule with respect to, *inter alia*, the disclosure of witnesses to be called at any evidentiary hearing in the Claim Litigation Dispute.

## INTERROGATORY NO. 10

Identify and state the location of all Individuals who You will be calling as expert witnesses at an evidentiary hearing in this matter and describe the subject matter of each Individual's relevant knowledge.

## RESPONSE TO INTERROGATORY NO. 10

Spanish Broadcasting incorporates by reference its Global Objections set forth above. Spanish Broadcasting further objects to Interrogatory No. 10 on the grounds that the Interrogatory is overbroad and unduly burdensome. Spanish Broadcasting further objects to the Interrogatory on the ground that it exceeds the bounds of Local Rule 7033-1(a). Spanish Broadcasting further objects to the Interrogatory on the ground that it prematurely seeks the production of expert discovery in contravention of the express provisions of the Claims Litigation Schedule. The procedure for expert discovery is expressly set forth in the Claims

Litigation Schedule, and Spanish Broadcasting will conduct and complete expert discovery in accordance with paragraphs 4 through 6 and the other provisions of the Claims Litigation Schedule.

## INTERROGATORY NO. 11

Describe in detail all of the attempts made by Spanish Broadcasting to obtain alternate or replacement financing after LCPI did not loan Spanish Broadcasting the funds requested pursuant to the Draw Request.

## RESPONSE TO INTERROGATORY NO. 11

Spanish Broadcasting incorporates by reference its Global Objections set forth above. Spanish Broadcasting further objects to Interrogatory No. 11 on the grounds that the Interrogatory is overbroad, vague, ambiguous and unduly burdensome, including but not limited to the terms "attempts" and "alternate or replacement financing." Spanish Broadcasting further objects to the Interrogatory on the ground that it exceeds the bounds of Local Rule 7033-1(a). Spanish Broadcasting further objects on the ground that the Interrogatory seeks information regarding "all" attempts when less than all suffices to provide LBHI with reasonable discovery. Spanish Broadcasting further objects on the ground that the Interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine.

## INTERROGATORY NO. 12

Describe in detail all of the attempts made by Spanish Broadcasting to replace the transactions outstanding under the Swap Agreement from September 1, 2008 through 2010.

## RESPONSE TO INTERROGATORY NO. 12

Spanish Broadcasting incorporates by reference its Global Objections set forth above. Spanish Broadcasting further objects to Interrogatory No. 12 on the grounds that the Interrogatory is overbroad, vague, ambiguous and unduly burdensome, including but not limited to the terms "attempts" and "replace." Spanish Broadcasting further objects to the Interrogatory

on the ground that it exceeds the bounds of Local Rule 7033-1(a).  Spanish Broadcasting further

objects on the ground that the Interrogatory seeks information regarding "all" attempts when less

than all suffices to provide LBHI with reasonable discovery.   Spanish Broadcasting further

objects on the ground that the Interrogatory seeks information protected by the attorney-client

privilege and/or attorney work-product doctrine.

## INTERROGATORY NO. 13

Describe in detail the amount and computation of damages that Spanish Broadcasting is
seeking in this matter.

## RESPONSE TO INTERROGATORY NO. 13

Spanish Broadcasting incorporates by reference its Global Objections set forth above.

Subject to and without waiving the Global Objections, Spanish Broadcasting responds as

follows:

A detailed computation of damages is premature at this time.   Any calculation of

damages caused by the conduct of LBHI and its affiliates ("Lehman") will require expert

testimony.  Spanish Broadcasting will conduct and complete expert discovery in accordance with

paragraphs 4 through 6 and the other provisions of the Claims Litigation Schedule.

Notwithstanding the above, the damages claimed by Spanish Broadcasting in this Claim

Litigation Dispute are in a total amount in excess of $47.8 million and include the following:

(1)     Damages in an amount of approximately $30.3 million in impacted EBITDA

resulting from Lehman's failure to fund the Draw;

(2)     Damages in an amount of approximately $17.2 million relating to Spanish

Broadcasting's inability to terminate the Swap;

(3)     Damages in an amount of $273,333.33 on account of the fees that Spanish

Broadcasting paid to Lehman for the portion of the Draw that Lehman failed to

23

fund;

(4)     Interest on the foregoing; and

(5)     Spanish Broadcasting's costs, expenses and reasonable attorneys' fees relating to

the Claim Litigation Dispute, including, without limitation, all costs, expenses and

fees relating to Spanish Broadcasting's testifying and non-testifying experts.

## INTERROGATORY NO. 14

Identify and state the location of all Individuals who answered or provided assistance in answering these Interrogatories.

## RESPONSE TO INTERROGATORY NO. 14

Spanish Broadcasting incorporates by reference its Global Objections set forth above. Spanish Broadcasting further objects to Interrogatory No. 14 on the grounds that the Interrogatory is overbroad, vague, ambiguous and unduly burdensome. Spanish Broadcasting further objects to the Interrogatory on the ground that it exceeds the bounds of Local Rule 7033-1(a). Spanish Broadcasting further objects on the ground that the Interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine. Spanish Broadcasting further objects on the grounds that the Interrogatory is not relevant and not reasonably calculated to lead to the discovery of admissible evidence.

Dated:  New York, New York
        December 8, 2014

KAYE SCHOLER LLP

By: _____
Madlyn Gleich Primoff, Esq.
Joseph Otchin, Esq.
250 West 55th Street
New York, New York 10019-9710
(212) 836-8000
madlyn.primoff@kayescholer.com
joseph.otchin@kayescholer.com

*Attorneys for Spanish Broadcasting System, Inc.*