CADWALADER, WICKERSHAM & TAFT LLP
Howard Hawkins, Jr., Esq.
Ellen Halstead, Esq.
Christopher J. Updike, Esq.
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

- and -

Mark C. Ellenberg, Esq., *Pro Hac Vice*
700 Sixth Street, NW
Washington, DC 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

*Attorneys for Morgan Stanley & Co. International plc*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC)<br><br>Jointly Administered |

**RESPONSE OF MORGAN STANLEY & CO. INTERNATIONAL PLC TO**
**FOUR HUNDRED NINETY-EIGHTH OMNIBUS OBJECTION TO CLAIMS**

Morgan Stanley & Co. International plc (f/k/a Morgan Stanley & Co. International Limited) ("MSIP"), by and through its undersigned counsel, hereby responds to the "Four Hundred Ninety-Eighth Omnibus Objection to Claims (No Liability Claims)" (the "Objection" Docket No. 48958) filed by Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the "Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors" (the "Plan"), and respectfully represents as follows:

**BACKGROUND**

1. Prior to the commencement of the above-referenced chapter 11 cases (collectively, the "Chapter 11 Cases"), MSIP and Lehman Brothers Commercial Corporation

Asia Limited ("LBCCA") executed various derivative transactions (the "Transactions") pursuant to an ISDA master agreement, dated October 5, 2007 (as subsequently amended or supplemented, the "Master Agreement", attached hereto as Exhibit A, and together with any applicable Schedules, Exhibits, and Annexes thereto and Confirmations thereunder, the "Agreements"). The Agreements included a "Guarantee of Lehman Brothers Holdings Inc." dated October 8, 2007 (the "2007 LBHI Guarantee", attached hereto as Exhibit B), pursuant to which LBHI unconditionally guaranteed "due and punctual payment of all amounts payable by [LBCCA] under each Transaction when and as [LBCCA's] obligations thereunder shall become due and payable in accordance with the terms of the [Agreements]." 2007 LBHI Guarantee at 1 § (a).

2.      LBHI also guaranteed LBCCA's obligations under the Agreements pursuant to a board resolution dated June 9, 2005 (the "Resolution Guarantee", attached hereto as Exhibit C), which provides that LBHI "fully guarantees the payment of all liabilities, obligations and commitments" of LBCCA in order to "clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction" and "facilitate the conduct of the business of [LBHI]." LBHI acknowledged in its disclosure statement for the Plan (the "Disclosure Statement", Docket No. 19629) that "LBHI's guarantee of the obligations of its subsidiaries under derivatives contracts was given as a matter of course and did not need to be requested or negotiated." Disclosure Statement at X.B.1.c(ii).

3.      On September 15, 2008, LBHI commenced its Chapter 11 Case, and in November 2008, LBCCA was placed in liquidation in Hong Kong. Subsequently, MSIP timely filed proofs of claim against LBCCA for its obligations under the Agreements and against LBHI based upon its guarantee of LBCCA's obligations ("Claim 20530"). On March 23, 2015, LBHI filed the Objection seeking to disallow and expunge Claim 20530 because it allegedly relies

exclusively on the Resolution Guarantee, which LBHI argues is unenforceable unless MSIP knew of its existence and acted in reliance upon its terms when entering into the Transactions.[1]

### RESPONSE

4. The Objection should be overruled because LBCCA's obligations under the Agreements were expressly and specifically guaranteed by LBHI pursuant to the 2007 LBHI Guarantee, in addition to the general guarantee set forth in the Resolution Guarantee.

5. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). In order to overcome a proof of claim's prima facie validity, an objector must come forward with "evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y 2009). LBHI has failed to carry its burden.

6. A valid guarantee is a written instrument "guaranteeing payment of another's debt, describing with precision the obligation to which the person is bound." Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd., 117 F.Supp.2d 394, 400 (S.D.N.Y. 2000). As stated above, Claim 20530 is founded upon the 2007 LBHI Guarantee pursuant to which LBHI expressly and specifically guaranteed LBCCA's obligations under the Agreements. See Claim 20530, pp. 1-2, Ex. A. The Objection never once disputes the enforceability of the 2007 LBHI Guarantee. Accordingly, Claim 201530 is valid and enforceable against LBHI irrespective of the Resolution Guarantee.

---

[1] The original deadline for MSIP to respond to the Objection was April 23, 2015, which was consensually extended to April 28. Counsel for MSIP requested an additional extension so that MSIP could determine, among other things, the status of its claim against LBCCA. However, counsel to LBHI refused to extend. On April 29, counsel to LBHI submitted a certificate of no objection despite MSIP's pending request for more time. MSIP respectfully requests that the Court consider this response and conduct a hearing to consider the disputed Objection.

7. Because LBHI guaranteed LBCCA's obligations under the Agreements pursuant to both a completely unchallenged specific guarantee set forth in the 2007 LBHI Guarantee as well as the general guarantee set forth in the Resolution Guarantee, Claim 20530 should be allowed and the Objection overruled.

WHEREFORE, MSIP respectfully requests that this Court (i) overrule the Objection, (ii) allow Claim 20530 as filed, and (iii) grant such other and further relief as this Court deems just and proper.

Dated: April 29, 2015
      New York, New York

CADWALADER, WICKERSHAM & TAFT LLP

 /s/ Howard Hawkins
Howard Hawkins, Jr., Esq.
Ellen Halstead, Esq.
Christopher J. Updike, Esq.
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666
howard.hawkins@cwt.com

- and –

Mark C. Ellenberg, Esq., *Pro Hac Vice*
700 Sixth Street, NW
Washington, DC  20001
Telephone:  (202) 862-2200
Facsimile:  (202) 862-2400
mark.ellenberg@cwt.com

*Attorneys for Morgan Stanley & Co. International plc*