**NEW HEARING DATE AND TIME: May 20, 2015 at 10:00 a.m. (Eastern Time)**
**ORIGINAL HEARING DATE AND TIME: April 8, 2015 at 10:00 a.m. (Eastern Time)**
**OBJECTION DEADLINE: March 30, 2015 at 4:00 p.m. (Eastern Time)**

Turner P. Smith
L.P. Harrison 3rd
Peter J. Behmke
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 PARK AVENUE
NEW YORK, NEW YORK 10178
*Attorneys for Lehman Brothers Holdings Inc. and*
*Certain of Its Affiliates*

Andrew J. Rossman
Diane C. Hutnyan
Scott C. Shelley
Lindsay M. Weber
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 MADISON AVENUE
NEW YORK, NEW YORK 10010
*Attorneys for Official Committee of Unsecured Creditors of*
*Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- X
In re:                                                                :    Chapter 11
                                                                      :    Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                              :
                                                                      :
                        Debtors.                                      :
---------------------------------------------------------------------- X

**REPLY IN SUPPORT OF MOTION TO ALLOW DISCLOSURE**
**OF THE DERIVATIVE QUESTIONNAIRES PURSUANT TO**
**SECTION 107(a) OF THE BANKRUPTCY CODE AND**
**REQUEST TO ENTER ORDER AS TO NON-OBJECTORS**

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, and on behalf of its affiliates (collectively, "Lehman"), together with the Official Committee of Unsecured Creditors (the "Creditors Committee," and together with Lehman "Movants"), respectfully submit this reply (this "Reply") (i) in support of the motion (the

"Motion")[1] for entry of an order to permit disclosure of the derivative questionnaires (together with all documentation electronically uploaded to the Lehman claim website in support thereof, the "Derivative Questionnaires") pursuant to section 107(a) of the Bankruptcy Code [Docket 48939], and (ii) requesting the entry of an order in respect of the Motion as to only those parties that have received notice but not objected to the relief requested, and respectfully state as follows:

**DISCUSSION**

1. The Movants filed the Motion on March 20, 2015, with an original objection deadline of March 30, 2015 at 4:00 p.m. (Eastern Time). Twenty-six parties filed or submitted objections before that date and twenty-five parties filed or submitted objections after that date (collectively, the "Objecting Parties") pursuant to agreements with Movants to extend the time for objection. Movants are working to resolve all of the objections (collectively, the "Objections") and to that end, requested adjournment of the hearing on the Motion *sine die* to permit discussions concerning the potential resolution of the Objections.[2]

2. The Movants are continuing to engage in good faith discussions with the Objecting Parties, but given the number of Objections, the Movants anticipate that attaining a resolution satisfactory to all Objecting Parties may take some time.[3] Accordingly, as those negotiations proceed, and in order to avoid further delay, the Movants respectfully request that

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

[2] The Movants reserve the right to supplement this Reply following discussions and negotiations with the Objecting Parties.

[3] The Objecting Parties have articulated specific concerns regarding the potential disclosure of information included in their Derivative Questionnaires, including client names, data that reveals proprietary trading and investment strategies, and, in at least one instance, the terms of the counterparty's claim settlement agreement.

2

the Court enter an order approving the Motion as to all parties *other than* the Objecting Parties, that is, the "Non-Objecting Parties."[4]

3.      As described in the Motion, the Bar Date Order required creditors whose claims were based on derivatives transactions with Lehman to upload information relating to those transactions as part of the bankruptcy claims resolution process. Although the Bar Date Order provided that "the information submitted on the website http://www.lehman-claims.com in respect of Derivatives Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information, the Debtors, the Creditors' Committee and their respective advisors and counsel," Bar Date Order at 9, this Court made no specific factual findings or determinations as to whether the information submitted was confidential or entitled to protection. Importantly, the Bar Date Order gave no assurance that the Derivatives Questionnaires would be kept confidential for all time, and given the significant passage of time (over six years) since the Bar Date Order was entered, it is likely that most, if not substantially all, of the information in the Derivative Questionnaires that parties contended was commercially sensitive or proprietary has now become stale.

4.      The Movants have a current need to access, use and disclose the Derivative Questionnaires. The Movants have filed numerous claim objections and adversary proceedings (collectively, the "<u>Litigation Claims</u>") against various counterparties (the "<u>Litigation Claimants</u>"), challenging, among other things, the close-out values those counterparties assigned to terminated derivative trades. Certain of the Litigation Claimants have served (or will serve) document requests and subpoenas seeking production of some or all of the Derivative Questionnaires, asserting that the Derivatives Questionnaires are relevant to the Litigation

---

[4]    A list of all the Non-Objecting Parties is annexed hereto as Exhibit A.

3

Claims. Movants have agreed to produce them (without conceding the relevance or admissibility of the Derivative Questionnaires for the uses the Litigation Claimants plan to make of them) and have reserved the right to use information in the Derivatives Questionnaires to respond to Claimants' arguments or on their own behalf.

5. The Non-Objecting Parties will not suffer any undue prejudice by the entry of an order approving the Motion. As an initial matter, each of these parties had ample opportunity to file an objection if they believed disclosure of the Derivative Questionnaires would be problematic, but chose not to do so. In addition, the Movants freely granted extensions of the objection deadline to each party that requested an extension; any creditor that had any interest regarding the non-public status of the Derivatives Questionnaires had a full and fair opportunity to voice its objection to the Motion. The parties that did not object to the Motion evidently do not share the concerns of the Objecting Parties concerning the disclosure of information about events occurring six years ago. Accordingly, the Movants submit that it is appropriate at this time to enter an order approving the Motion as to all parties other than the Objecting Parties.

6. As noted above, the Movants are engaged in ongoing discussions with the Objecting Parties to try to resolve the Objections and expect to find resolutions to their concerns in a timely manner. The Movants believe that the vast majority, if not all, of the Objections can be resolved through further discussion with the Objecting Parties. In the event a negotiated resolution cannot be achieved, the Movants reserve the right to seek further assistance from the Court.

7. Three of the Non-Objecting Parties—specifically Citibank [Docket No. 49035] and JPMorgan and Credit Suisse [Docket No. 49028] (collectively, the "Litigation Respondents")—did not file objections but instead filed responses to the Motion in which they

improperly demand that this Court amend Movants' proposed order to include language (1) compelling Lehman to produce the Derivative Questionnaires to the parties in the relevant adversary proceedings and (2) clarifying that the definition of "Derivative Questionnaire" as used in the proposed order cover "subsequent communications about submissions and clarifications by the counterparties related to the Derivative Questionnaires." These requests should be denied.

8. The Litigation Respondents' contention that this Court should compel Movants to produce the Derivative Questionnaires to every Litigation Claimant is patently without basis. First, the purpose of the Motion is to enable Debtors to produce the Derivative Questionnaires without further notice to the parties that submitted them, but only when it is necessary to do so: that is, when, and to the extent, the materials are relevant and called for by an appropriate discovery request in the adversary proceeding or contested matter in question, subject to any valid objections. There is no reasoned basis for the Court to compel a broad production of all Derivative Questionnaires to every party in all adversary proceedings.

9. Second, the Litigation Respondents' request is procedurally improper. The Federal Rules of Bankruptcy Procedure set forth clearly defined procedures through which the Litigation Claimants may seek to compel the production of documents. The Litigation Respondents did not comply with any of these requirements; for example, the Litigation Respondents did not provide notice of their requested relief to all the counterparties that would be affected by it, nor did they cross-move for this relief. It is entirely inappropriate for the

Litigation Respondents to use a response to the Motion as a back-door attempt to compel discovery from Movants.[5]

10. Equally inappropriate is the Litigation Respondents' sweeping request for the inclusion of "subsequent communications about submissions and clarifications by the counterparties related to the Derivative Questionnaires." Not only would it be extraordinarily burdensome and overly expensive for Movants to sort through communications for more than 6,000 Derivative Questionnaire counterparties, much of which is entangled with confidential work product and attorney client communications, but again the Litigation Respondents have not afforded those counterparties notice that such communications are the subject of this Motion. The Litigation Respondents made no cross-motion for additional relief, nor did they file certificates of service indicating that each of Lehman's derivative counterparties received proper notice. Accordingly, to the extent the Litigation Respondents seek relief outside of that which is asked for in the Motion, their requests should be denied.[6]

---

[5] To the extent that any Litigation Respondent wishes to seek discovery of the Derivative Questionnaires, any such request must be made in the separate adversary proceeding or contested matter to which the Litigation Respondent is party. Any actual discovery requests relating to the Derivative Questionnaire will be subject to the applicable Federal Rules of Bankruptcy Procedures (including the Federal Rules of Civil Procedure incorporated thereby, the "Rules"), which may not be short-circuited by a response to the Motion. To be clear, the purpose of the Motion is simply to free the affected Derivative Questionnaires from any potential limitation on their production or use resulting from the Bar Date Order, and the actual production and use of the Derivatives Questionnaires will continue to be governed by the applicable Rules and any applicable protective orders.

[6] The Litigation Respondents have also asked that the Court modify Movants' proposed order to clarify the Court's jurisdictional reach with respect to discovery disputes and to include a reservation of rights as to the Litigation Respondents' right to seek additional discovery from Movants. Movants are amenable to these requests, and have amended the proposed order to reflect them. *See* [Revised Proposed] Order Granting Motion To Allow Disclosure Of The Derivative Questionnaires Pursuant To Section 107(a) Of The Bankruptcy Code As To The Non-Objecting Parties attached hereto as Exhibit B.

11. In order for the Litigation Claims to proceed toward resolution, the Movants request that the Court presently authorize, without further notice, the disclosure of the Derivatives Questionnaires of all the Non-Objecting Parties. A form of order providing for such relief is submitted herewith as **Exhibit B**. As noted above, notwithstanding the entry of an order granting the Motion as to the Non-Objecting Parties, the Movants will continue to work with the Objecting Parties to try to resolve their objections and formulate fair and efficient procedures for using the information contained in their Derivatives Questionnaires.

## NOTICE

12. Notice of this Motion has been provided in accordance with the Case Management Order, and notice has been given to: (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) counsel for the Creditors Committee; (v) all other parties who have either requested notice or with a particularized interest in the matters set forth herein; and (vi) all Lehman creditors party to a derivatives contract. Movants submit that no other notice is necessary.

*[signature page follows]*

**WHEREFORE,** Movants respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: May 1, 2015
New York, NY

Respectfully submitted,

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

By: */s/Peter J. Behmke*
Turner P. Smith
L.P. Harrison 3rd
Peter J. Behmke
*Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/Andrew J. Rossman*
Andrew J. Rossman
Diane C. Hutnyan
Scott C. Shelley
Lindsay M. Weber
*Attorneys for the Official Committee of Unsecured Creditors*