**Hearing Date and Time: June 9, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: June 1, 2015 at 4:00 p.m. (prevailing Eastern Time)**

---

**THE FOUR HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ALEXANDER WOOLVERTON, AT 212-310-8495.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------- x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (SCC)
                                         :
                    Debtors.             :    (Jointly Administered)
-------------------------------------------------------------- x
```

### NOTICE OF HEARING ON FOUR HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

        **PLEASE TAKE NOTICE** that on May 1, 2015, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the *Modified Third*

*Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for

certain entities in the above-referenced chapter 11 cases, filed the four hundred ninety-ninth

omnibus objection to claims (the "Four Hundred Ninety-Ninth Objection to Claims"), and that a

hearing (the "Hearing") to consider the Four Hundred Ninety-Ninth Omnibus Objection to

Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge,

in Courtroom 621 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **June 9, 2015 at 10:00 a.m. (prevailing

Eastern Time)**, or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Four Hundred

Ninety-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable

portable document format (PDF) (with a hard copy delivered directly to Chambers), in

accordance with the customary practices of the Bankruptcy Court and General Order M-399, to

the extent applicable, and shall be served in accordance with General Order M-399 upon: (i) the

chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York

10004, Courtroom 621; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal &

Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq. and

Alexander Woolverton, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S.

Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn:

William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so

filed and received by no later than **June 1, 2015 at 4:00 p.m. (prevailing Eastern Time)** (the

"Response Deadline").

WEIL:\95311380\4\58399.0011

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Four Hundred Ninety-Ninth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Four Hundred Ninety-Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:    May 1, 2015
          New York, New York

                                        */s/ Garrett A. Fail*
                                        Garrett A. Fail

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        *Attorneys for Lehman Brothers Holdings Inc.*
                                        *and Certain of Its Affiliates*

WEIL:\95311380\4\58399.0011

**Hearing Date and Time: June 9, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: June 1, 2015 at 4:00 p.m. (prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------ x

## PLAN ADMINISTRATOR'S FOUR HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

---

**THIS FOUR HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ALEXANDER WOOLVERTON, AT 212-310-8547.**

---

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced Chapter 11 Cases (collectively, the "Chapter 11 Estates"),[1] respectfully represents as follows:

### Relief Requested

1.      The Plan Administrator files this four hundred ninety-ninth omnibus objection to claims (the "Four Hundred Ninety-Ninth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of proofs of claim listed on Exhibit A annexed hereto (such claims, the "No Liability Claims").

2.      The Plan Administrator has examined each of the No Liability Claims and has determined that, in each case for the reasons identified more specifically herein and on Exhibit A, LBHI has no liability for any part of the claim.  The Plan Administrator, therefore, requests that the No Liability Claims be disallowed and expunged.  The Plan Administrator reserves all rights to object on any other basis to any No Liability Claims as to which the Court does not grant the relief requested herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

WEIL:\95311380\4\58399.0011

## Jurisdiction

3.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.        Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.        By order dated July 2, 2009 (the "Bar Date Order"), the Court established (a) September 22, 2009 at 5:00 p.m. as the Bar Date[2] and (b) October 22, 2009 at 5:00 p.m. as the deadline for the filing of Derivative Questionnaires and Guarantee Questionnaires (each as defined in the Bar Date Order) against the Debtors in these Chapter 11 Cases.  [ECF No. 4271 at 2, 7–8].  The Bar Date Order also stated that any holder of a claim against the Debtors that fails to file a proof of claim in accordance with the Bar Date Order would "forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) . . . ."  *Id.*  at 9–10.

6.        In addition to providing the Bar Date Notice by mail to all parties known to the Debtors as having potential claims against the Debtors' estates, the Bar Date Notice was published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times.

7.        On July 8, 2009, the Debtors provided actual notice of the deadline to file proofs of claim (the "Bar Date Notice") to all known creditors by first class mail.  [ECF No.

---

[2] A separate bar date of November 2, 2009 was established for claims based upon Lehman Program Securities (as defined in the Bar Date Order).

9395].  The Bar Date Notice informed claimants that proofs of claim against the Chapter 11

Estates must be received on or before the General Bar Date.  (Bar Date Notice at 1, 3.)

        8.      On January 14, 2010, the Court entered the Procedures Order, which

authorizes the filing of omnibus objections to no more than 500 claims at a time, on various

grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set

forth in the Procedures Order.

        9.      On December 6, 2011, the Court entered an order confirming the Plan

[ECF No. 23023].  The Plan became effective on March 6, 2012 (the "<u>Effective Date</u>").

Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections

to claims filed against the Chapter 11 Estates.

<strong><u>Legal Standard</u></strong>

       10.     A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re*

*Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section

502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to

the extent that "such claim is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law."  11 U.S.C. § 502(b)(1).

**A.**      **<u>Objection to Proof of Claim 67738 – The Late Claim</u>**

       11.     Claim 67738 of Ontario Teachers' Pension Plan Board ("<u>OTPPB</u>") should

be disallowed because it was filed after the Bar Date (the "<u>Late Claim</u>"). The Late Claim amends

4

claim number 65647, which was filed on November 20, 2009—after the Bar Date.[3]  The holder

of the Late Claim received actual notice of the Bar Date.  [*See* ECF No. 9395].  Indeed, claimant

timely filed other claims against LBHI (claim 27469) and Lehman Brothers Special Financing

Inc. (claim 27468).

12.    "Bar dates are 'critically important to the administration of a successful

chapter 11 case.'"  *In re Lehman Bros. Holdings, Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y.

2010) (quoting *In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)).)  A

bar date is more than a "procedural gauntlet" and functions as "an integral part of the

reorganization process."  *In re Hooker Invs., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991).  A bar date

enables debtors to determine with reasonable promptness, efficiency, and finality what claims

will be made against their estates—a determination without which they cannot effectively

reorganize.  *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995).  Accordingly, bar

dates are strictly enforced in the Second Circuit.  *See id.*; *Lehman Bros.*, 433 B.R. at 119–20; *In

re Musicland Holding Corp.*, 356 B.R. at 607 ("The bar date is akin to a statute of limitations,

and must be strictly enforced.").

13.    In determining whether neglect of a deadline to file proofs of claim is

excusable, courts consider "the danger of prejudice to the debtor, the length of the delay and its

potential impact on judicial proceedings, the reason for the delay, including whether it was

within the reasonable control of the movant, and whether the movant acted in good faith."

*Pioneer Inv. Serv. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993).  In applying this

test, the Second Circuit focuses on the third Pioneer factor—the reason for the delay in filing,

---

[3] The Debtors objected to claim 65647 through the Fortieth Omnibus Objection to Claims (Late-Filed Claims). [ECF No. 11305] (the "Fortieth Omnibus Objection to Claims").  In order to provide the Debtors with an opportunity to evaluate the response of OTPPB [ECF No. 12046] (the "OTPPB Response"), the Debtors withdrew the Fortieth Omnibus Objection to Claims without prejudice.  [ECF No. 14672].

WEIL:\95311380\4\58399.0011

including whether the cause of such delay was within the reasonable control of the movant—as the most critical. *In re Enron Corp.*, 419 F.3d 115, 122–24 (2d Cir. 2005).

14.     In response to the Fortieth Omnibus Objection to Claims, OTPPB offered no justification for its failure to file the Late Claim on time. Rather, OTPPB simply asserted that the existence of the Late Claim "was overlooked." (OTPPB Resp. ¶ 2.) OTPPB's failure to file the Late Claim on time was not the "result of justifiable confusion over the application of the bar date to their particular claim." *Lehman Bros.*, 433 B.R. at 127. Rather, OTPPB failed to file the Late Claim on time because it overlooked the potential claim it possessed. *See In re DPH Holdings Corp.*, 434 B.R. 77, 85 (S.D.N.Y. 2010) (state fund's neglect to file a timely proof of claim was not excusable where the fund erroneously believed it did not possess a claim against the debtors as of the bar date).

15.     The Late Claim violates the Bar Date Order and is thus untimely. Moreover, OTPPB's failure to take the necessary steps to protect its rights is unjustifiable in light of the fact that OTPPB is a sophisticated party that received actual notice of the Bar Date and was fully aware of the existence of the contract giving rise to the Late Claim. Accordingly, the Plan Administrator requests that the Court disallow and expunge in its entirety the Late Claim listed on Exhibit A.[4]

## B.     Objection to Proof of Claim 21368 – The Satisfied LBF Claim

16.     Claim 21368, also filed against LBHI, is based upon a purported guarantee by LBHI of the obligations of Lehman Brothers Finance AG (in Liquidation), also known as Lehman Brothers Finance SA (*en liquidation*) ("LBF"), a foreign affiliate of LBHI that is not a debtor in these jointly administered chapter 11 cases (the "Satisfied LBF Claim"). The Plan

---

[4] To the extent the Late Claim is not expunged, the Plan Administrator believes and reserves its right to assert that the Late Claim should be disallowed, including for the reasons set forth in paragraphs 20 through 22, below.

WEIL:\95311380\4\58399.0011

Administrator has determined that the Satisfied LBF Claim corresponds to a Primary Claim

against LBF that has been allowed against and fully satisfied by LBF as determined by the Plan.

17.    A creditor with a claim against a primary obligor as well as a claim against

a guarantor arising out of a guarantee of the primary obligation cannot recover more than the

singular amount of its damages from the primary obligor and the guarantor on account of the

same obligation.  *See In re United Cigar Stores*, 73 F.2d 296, 298 (2d Cir. 1934) ("In no case can

the [holder of a guarantee claim] recover from all sources more than the full amount of its

claim"); *Ross v. Worth Elec. Supply Co., Inc.*, 420 N.Y.S.2d 441, 443 (Civ. Ct. 1979) ("It is

fundamental in suretyship that with the payment of the principal obligation the obligations of

both principal and surety are discharged."); *see also Singer v. Olympia Brewing Co.*, 878 F.2d

596, 600 (2d Cir. 1989) ("[A] plaintiff is entitled to only one satisfaction for each injury.");

*United States v. Zan Mach. Co.,* 803 F. Supp. 620, 623 (E.D.N.Y. 1992) ("It is hornbook law that

a plaintiff cannot recover twice for the same injury."); *Leighty v. Brunn*, 510 N.Y.S.2d 174, 175

(App. Div. 1986) ("It is beyond cavil that a plaintiff is entitled to only one recovery with respect

to an identical damage claim."); Restatement (Third) of Suretyship & Guaranty § 19

(1996) ("To the extent that the underlying obligation is discharged by performance or other

satisfaction by the principal obligor, the secondary obligation is also discharged.  The obligee is

entitled to only one aggregate performance.").

18.    Consistent with the authority cited above, Section 8.13 of the Plan limits

recoveries on account of the same obligation for damages from a Primary Obligor and guarantor

to a single satisfaction.  Specifically, Section 8.13 of the Plan provides that an Allowed

Guarantee Claim will be deemed satisfied in full if it receives Distributions that combined with

the consideration received on a corresponding Primary Claim equal the Allowed amount of such

WEIL:\95311380\4\58399.0011

Guarantee Claim.  *See* Plan § 8.13(a).  The Plan further provides that "[i]n no event" shall an

Allowed Guarantee Claim against LBHI be entitled to receive Distributions that combined with

consideration provided on account of the corresponding Primary Claim would exceed the

Allowed amount of such Guarantee Claim.  *See id.* § 8.13(b).

19.     Upon information and belief, the Satisfied LBF Claim has received

approximately $216,090 on account of the Primary Claim.[5]  The asserted amount of the Satisfied

LBF Claim against LBHI is $164,100, which is less than the amount the claimant has already

received from LBF.  As such, even if the Satisfied LBF Claim were allowed in its asserted

amount, no Distributions would be made on account thereof in accordance with the Plan.

20.     LBHI is maintaining reserves on account of the Satisfied LBF Claim.

Maintaining the Satisfied LBF Claim on the claims register or reserves on account thereof will

serve no valid purpose.  It will, however, prejudice holders of Allowed Claims against LBHI that

have yet to be satisfied in full and increase the costs of administration of the Chapter 11 Estates.

The Plan Administrator should not be required to expend additional resources on Claims that are

precluded from receiving Distributions from LBHI pursuant to the Plan.  Accordingly, the Plan

Administrator respectfully requests that the Court disallow and expunge the Satisfied LBF

Claim.

## C.     Objection to Proofs of Claim 13938 and 20328 – The LBF Guarantee Claims

21.     Claims 13938 and 20328 were also filed against LBHI based upon a

purported guarantee by LBHI of the obligations of LBF (collectively, the "LBF Guarantee

---

[5] Section 8.13(d) of the Plan provides that "[f]or purposes of determining whether an Allowed Claim has been
satisfied in full in accordance with Section 8.13(a) of the Plan, all Distributions or other consideration provided by
a Primary Obligor in a currency other than the U.S. Dollar shall be converted to the U.S. Dollar applying the existing
exchange rate derived from Reuters existing at approximately 3:00 p.m. GMT on the Confirmation Date."  Plan
§ 8.13(d).

WEIL:\95311380\4\58399.0011

Claims"). The LBF Guarantee Claims assert that LBHI, as a purported guarantor of certain obligations of LBF, is or may be liable for amounts which may be owed to the holders of such claims (collectively, the "LBF Claimants") by LBF under a Derivatives Contract, as such term is defined in the Bar Date Order.

22.    After reviewing the LBF Guarantee Claims, the documentation provided in support thereof, LBHI's books and records, and other available information, the Plan Administrator has determined that, in each case, LBHI has no liability on account of the LBF Guarantee Claims based on a purported guarantee because there is no primary obligation owed by LBF to the LBF Claimants.[6] The Plan Administrator has determined that, based on the fair, accurate, and reasonable values of Derivatives Contracts relating to the LBF Guarantee Claims, and the netting provisions thereunder, LBF, and, therefore, LBHI do not owe any amounts on account of the Derivatives Contract underlying the LBF Guarantee Claims.[7]

## Conclusion

23.    The Effective Date has occurred and Distributions under the Plan have begun. If the No Liability Claims remain on the claims register, the potential exists for

---

[6] In addition, upon information and belief, each LBF Claimant that holds an LBF Guarantee Claim also asserted a claim against LBF in LBF's foreign insolvency proceeding; the liquidators of LBF's estate determined that LBF had no liability to the LBF Claimants; the LBF Claimants did not challenge the liquidators' determination; and the primary claims were expunged against LBF.

[7] The Plan Administrator utilizes a thorough, multi-step process to review claims based on Derivatives Contracts in order to determine the fair, accurate, and reasonable value, if any, of such claims. For a more comprehensive discussion of the valuation process, please see the Four Hundred Forty-First Omnibus Objection to Claims (No Liability Derivatives Claims) [ECF No. 40473] and the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [ECF No. 4113]).

recoveries by parties who do not hold valid claims against LBHI.  Accordingly, the Plan

Administrator respectfully requests that the Court disallow and expunge the No Liability Claims.

## **Reservation of Rights**

24.    The Plan Administrator reserves all rights to object on any other bases to

any No Liability Claim as to which the Court does not grant the relief requested herein.

## **Notice**

25.    No trustee has been appointed in these chapter 11 cases.  The Plan

Administrator has served notice of this Four Hundred Ninety-Ninth Omnibus Objection to

Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange

Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern

District of New York; (v) each Claimant listed on Exhibit A; and (vi) all other parties entitled to

notice in accordance with the procedures set forth in the second amended order entered on June

17, 2010 governing case management and administrative procedures for these cases [ECF No.

9635].  The Plan Administrator submits that no other or further notice need be provided.

26.    Other than with respect to the Late Claim, no previous request for the

relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or

any other Court.

10

WHEREFORE the Plan Administrator respectfully requests that the Court grant

the relief requested herein and such other and further relief as is just.

Dated:    May 1, 2015
          New York, New York

                                        */s/ Garrett A. Fail*
                                        Garrett A. Fail

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        *Attorneys for Lehman Brothers Holdings Inc.*
                                        *and Certain of Its Affiliates*

11

**Exhibit A**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)

**OMNIBUS OBJECTION 499: EXHIBIT A - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | ANTHRACITE INVESTMENTS (IRELAND) PLC (SERIES 19) | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20328 | Undetermined | Undetermined | LBF Guarantee Claim.   See Objection ¶¶ 21-23. |
| 2 | ELLIOTT ASSOCIATES, L.P. | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/16/2009 | 13938 | $61,764,595.00 | $61,764,595.00 | LBF Guarantee Claim.   See Objection ¶¶ 21-23. |
| 3 | ONTARIO TEACHERS' PENSION PLAN BOARD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 11/18/2011 | 67738 | $12,634,480.65 | $12,634,480.65 | Late Claim.   See Objection ¶¶ 11-15. |
| 4 | SUNRISE PARTNERS LIMITED PARTNERSHIP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21368 | $164,100.00 | $164,100.00 | Satisfied LBF Claim. See Objection ¶¶ 16-20. |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

In re                                              :        Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :        08-13555 (SCC)
                                                   :
                            Debtors.               :        (Jointly Administered)

---------------------------------------------------------------- x

**ORDER GRANTING THE FOUR HUNDRED NINETY-NINTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Upon the four hundred ninety-ninth omnibus objection to claims, dated May 1,

2015 (the "Four Hundred Ninety-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-

referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance

and expungement of the No Liability Claims, all as more fully described in the Four Hundred

Ninety-Ninth Omnibus Objection to Claims; and due and proper notice of the Four Hundred

Ninety-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other

or further notice need be provided; and the Court having found and determined that the relief

sought in the Four Hundred Ninety-Ninth Omnibus Objection to Claims is in the best interests of

the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual

bases set forth in the Four Hundred Ninety-Ninth Omnibus Objection to Claims establish just

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Four Hundred Ninety-Ninth Omnibus Objection to Claims.

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the Four Hundred Ninety-Ninth Omnibus

Objection to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2015
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2