CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000
Facsimile: (312) 701-2361
Franklin H. Top III (admitted *pro hac vice*)
Mark D. Rasmussen
Scott Lewis (admitted *pro hac vice*)

-and-

CHAPMAN AND CUTLER LLP
1270 Avenue of the Americas
New York, New York 10020
Telephone: (212) 655-6000
Craig M. Price (CP 9039)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br><br>LEHMAN BROTHERS HOLDINGS INC., *ET AL.*,<br><br>Debtors. | CHAPTER 11 CASE NO. 08-13555 (JMP)<br><br>(Jointly Administered) |

### DECLARATION OF WILLIAM H. HALL IN CONNECTION WITH MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(A) OF THE BANKRUPTCY CODE FOR APPROVAL OF SETTLEMENT AGREEMENT RELATING TO RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS, SERIES 2006-20AT CREDIT DEFAULT SWAP AGREEMENT AND TRUST AGREEMENT

I, William H. Hall, under penalties of perjury as provided for under the Federal Rules of Civil Procedure, declare as follows:

3781101.01.06.doc

1. I am presently employed by U.S. Bank National Association as a Vice President in our Global Corporate Trust Services Group based in our Boston, Massachusetts offices located at One Federal Street, Third Floor, Boston Massachusetts 02110. U.S. Bank National Association serves as Trustee ("*U.S. Bank*" or the "*Trustee*") under the terms of that Series Trust Agreement, dated as of December 8, 2006, by and between Lehman Brothers, Inc., as Depositor, and the Trustee, as supplemented from time to time, which incorporates the Standard Terms for Trust Agreements dated as of December 8, 2006, by and between Lehman Brothers, Inc., as Depositor, and the Trustee, as supplemented from time to time ("*Standard Terms*" and, together with the Series Trust Agreement, the "*Trust Agreement*"), under which the Restructured Asset Certificates With Enhanced Returns, Series 2006-20AT trust was created (the "*Trust.*")

2. In my capacity at U.S. Bank, as Trustee, I currently have responsibility for administering the Trust Agreement. Based on my own experiences and after review of the Trustee's business records, I have personal knowledge of the facts stated in this declaration and am competent to testify to these facts if called to do so. Capitalized terms not defined herein shall have the meaning ascribed in the Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(A) of the Bankruptcy Code for Approval of Settlement Agreement Relating to Restructured Asset Certificates With Enhanced Returns, Series 2006-20AT Credit Default Swap Agreement and Trust Agreement (the "*Settlement Motion*") [ECF No. 49172] or Trust Agreement, as applicable.

3. As an integral part of the Restructured Asset Certificates With Enhanced Returns, Series 2006-20AT transaction (the "*Transaction*"), the Trust and Lehman Brothers Special Financing Inc. ("*LBSF*") entered into a credit derivative swap transaction and an interest

rate swap transaction that were governed by a 1992 ISDA Master Agreement, dated as of December 8, 2006, as amended and supplemented by those certain Schedules to ISDA Master Agreement, dated as of December 8, 2006, and those certain confirmations between LBSF and the Trust, dated December 8, 2006, as amended from time to time, and a guarantee of the obligations of LBSF (collectively, the "*Swap Agreements*") by Lehman Brothers Holdings Inc. ("*LBHI*"). LBHI and LBSF filed for bankruptcy on September 15, 2008, and October 3, 2008, respectively (the "*Bankruptcy Proceedings*"). The payment priority of certain termination payments under one of the Swap Agreements has been the subject of litigation between LBSF and the Trust in the United States Bankruptcy Court for the Southern District of New York.

4. The outstanding Certificates issued by the Trust and that are the subject of the offer set forth in the Settlement Agreement (the "*Subject Certificates*") are currently held in "street name," meaning that the Subject Certificates themselves are registered in the name of Cede & Company as the nominee for The Depository Trust Company ("*DTC*") as the Holder, on behalf of the beneficial holders of such Subject Certificates. The beneficial holders of outstanding Subject Certificates under the Transaction have not identified themselves to the Trustee as of the date of this declaration.

5. On April 7, 2015, the Trustee transmitted to DTC with instructions to forward to beneficial holders of Certificates for the Transaction a notice, entitled *Notice to Holders* Series *2006-20AT Variable Certificates, Due 2046, Issued By Restructured Asset Certificates With Enhanced Returns, Series 2006-20AT Trust (the "Trust")*, dated April 6, 2015, advising Holders of the Trust and LBSF's agreement for settlement of claims, informing them of the Settlement Motion and the terms of the settlement, and providing them with information as to how to object

in the event they disagreed with the settlement (the *"Notice"*). A copy of the Notice is attached hereto as *Exhibit A*.

6. As of the date of this declaration, I am not aware of any formal or informal objection by a beneficial Holder of the Subject Certificates under the Transaction to the Settlement Motion or the Certificateholder Settlement Amount.

*[Remainder of this Page Intentionally Left Blank]*

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 1, 2015.

_____
William H. Hall