WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------ x

### CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING THE PLAN ADMINISTRATOR'S FOUR HUNDRED NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1.      On March 23, 2015, Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, filed the Plan Administrator's Four Hundred Ninety-Sixth Omnibus Objection to Claims (No Liability Claims). [ECF No. 48956] (the "Objection") with the Court for hearing.

2.      In accordance with the Second Amended Case Management Order, the

Plan Administrator established a deadline (the "Response Deadline") for parties to object or file

responses to the Objection.  The Response Deadline was set for April 23, 2015 at 4:00 p.m.  The

Second Amended Case Management Order provides that pleadings may be granted without a

hearing, provided that no objections or other responsive pleadings have been filed on or prior to

the relevant response deadline and the attorney for the entity who filed the pleading complies

with the relevant procedural and notice requirements.

3.      The Response Deadline has now passed and, to the best of my knowledge,

no responsive pleadings to the Objection have been (a) filed with the Court on the docket of the

above-referenced cases in accordance with the procedures set forth in the Second Amended Case

Management Order, or (b) served on counsel to the Plan Administrator.

4.      Accordingly, the Plan Administrator respectfully requests that the

proposed order granting the Objection annexed hereto as Exhibit A, which is unmodified since

the filing of the Objection, be entered in accordance with the procedures described in the Second

Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated:   May 6, 2015
         New York, New York

                                        /s/ Garret A. Fail
                                        Garrett A. Fail

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        *Attorneys for Lehman Brothers Holdings Inc.
                                        and Certain of Its Affiliates*

2

## **Exhibit A**

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (SCC)**
                                                         :
                            **Debtors.**             :    **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING FOUR HUNDRED NINETY-SIXTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILTY CLAIMS)

Upon the four hundred ninety-sixth omnibus objection to claims, dated March 23, 2015 (the "Four Hundred Ninety-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, seeking to disallow and expunge the No Liability Claims pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], all as more fully described in the Four Hundred Ninety-Sixth Omnibus Objection to Claims; and due and proper notice of the Four Hundred Ninety-Sixth Omnibus Objection to Claims having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Four Hundred Ninety-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Four Hundred Ninety-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Four Hundred Ninety-Sixth Omnibus Objection to Claims.

ORDERED that the relief requested in the Four Hundred Ninety-Sixth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the No

Liability Claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety

with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2015
     New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit 1**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (SCC)

**OMNIBUS OBJECTION 496: EXHIBIT 1 - NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | BNP PARIBAS WEALTH MANAGEMENT | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/11/2009 | 11437 | $1,081,239.77 * | $1,081,239.77* | No Liability |
| 2 | EUGENE INVESTMENT & SECURITIES CO., LTD | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/17/2009 | 14936 | $1,495,731.00 * | $1,495,731.00* | No Liability |

* - Indicates claim contains unliquidated and/or undetermined amounts