**Hearing Date and Time: June 9, 2015 at 10:00 a.m. (Eastern Time)**
**Response Deadline: May 7, 2015 (originally April 23, 2015) at 4:00 p.m. (Eastern Time)**

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-7993
Facsimile: (212) 354-8113
Scott Greissman
Andrew Hammond
Elizabeth Feld

*Attorneys for Kookmin Bank, as trustee, and UBS Hana Asset Management Co. Ltd. (f/k/a Daehan Investment Trust Management Co. Ltd.), as Investment Manager, for Daehan IBK-Samsung Heavy Industry Equity Linked Derivatives Fund 1*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                    :
In re                               :        **Chapter 11 Case No.**
                                    :
**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.***, :        08-13555 (SCC)**
                                    :
                    **Debtors.**    :        **(Jointly Administered)**
------------------------------------------------------------------x

**RESPONSE OF KOOKMIN BANK, AS TRUSTEE, AND UBS HANA ASSET MANAGEMENT CO. LTD. (F/K/A DAEHAN INVESTMENT TRUST MANAGEMENT CO. LTD.), AS INVESTMENT MANAGER, FOR DAEHAN IBK-SAMSUNG HEAVY INDUSTRY EQUITY LINKED DERIVATIVES FUND 1 TO PLAN ADMINISTRATOR'S FOUR HUNDRED NINETY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS) [ECF No. 48956]**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

            Kookmin Bank, as trustee, and UBS Hana Asset Management Co. Ltd. (f/k/a

Daehan Investment Trust Management Co. Ltd.), as Investment Manager, for Daehan IBK-

Samsung Heavy Industry Equity Linked Derivatives Fund 1 (the "Claimant"), by and through its

undersigned counsel, hereby submits this response (the "Response") to the Plan Administrator's

Four Hundred Ninety-Sixth Omnibus Objection to Claims (No Liability Claims) (the "Objection")[1] [ECF No. 48956] and in support thereof states as follows:

## Background

1.      The Claimant and Lehman Brothers Commercial Corporation of Asia Limited ("LBCCA") are each party to an International Swaps and Derivatives Association, Inc. 1992 (Multi-Currency – Cross Border) Master Agreement (as amended, restated, modified and/or supplemented from time to time and together with all schedules and exhibits thereto, and the Confirmation (as defined below) entered into in connection therewith, the "Master Agreement") and a certain transaction governed by the Master Agreement (the "Transaction"), the economic terms of which are set forth in a related written confirmation dated as of August 6, 2007 (as amended, restated, modified and/or supplemented from time to time and together with all schedules and exhibits thereto, the "Confirmation," and together with the Master Agreement, the "Agreement").

2.      Prior to the parties' entry into the Confirmation, on April 6, 2007, an affiliate of LBCCA delivered to the Claimant the Secretary's Certificate certifying that LBCCA "is an indirect wholly-owned and fully guaranteed subsidiary of the Corporation," i.e., LBHI (emphasis added).

3.      On September 15, 2008, LBHI filed a voluntary petition under chapter 11 of title 11 of the United States Code (11 U.S.C. §§ 1010-1532, the "Bankruptcy Code"), commencing its case under such chapter.

4.      In response to a September 18, 2008 application for and subsequent appointment of judicial liquidators for LBCCA in Hong Kong, the Claimant terminated the Transaction by a

---

[1] The Claimant adopts Plan Administrator's definitions to the capitalized terms used herein that are not otherwise defined.

letter dated November 25, 2008 and designated December 2, 2008 as the "Early Termination Date" (as defined the Master Agreement) pursuant to Section 6(a) of the Master Agreement.

5.      On September 22, 2009, the Claimant filed a timely proof of claim against LBHI (assigned number 27291) (the "Proof of Claim") asserting a claim of $3,656,135. against LBHI (the "Claim").

6.      On October 17, 2009, the Claimant uploaded documents evidencing the claim, including the Secretary's Certificate evidencing the guaranty by LBHI of the primary obligation, together with other detailed data, onto the website of the Debtors' claims agent as required by order of this Court, dated July 2, 2009 [Docket No. 4271] in respect of claims based on amounts owed pursuant to any derivative contract or guarantee thereof.

7.      By the Objection, the Plan Administrator seeks to disallow the Claim in its entirety.  The Objection summarily states that "[n]one of the Claimants provided any evidence that they knew of the Corporate Resolution or the Secretary's Certificate before entering into any of the relevant transactions or that they relied on the Corporate Resolution or the Secretary's Certificate in deciding to transact with LBCCA."  Objection ¶¶ 7 & 16 ("The No Liability Claims fail to assert any basis to support their knowledge and reliance.").

## Argument

8.      A properly filed proof of claim establishes *prima facie* evidence of the validity and amount of the claim,[2] Fed. R. Bankr. P. 3001(f), and is deemed allowed unless a party in interest objects.  11 U.S.C. §502(a).  Section 502(b) provides, in pertinent part, that if an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of the claim and shall allow the claim in such amount except to the extent that one of the exceptions enumerated in section 502(b) applies.  11 U.S.C. § 502(b).

---

[2] The Plan Administrator does not contend that the Proofs of Claim were improperly filed.

9.    The objecting party has the burden of presenting sufficient evidence to overcome the *prima facie* validity of a properly filed claim. *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 WL 601452, at *5 (Bankr. S.D.N.Y. Feb. 20, 2007); *see also In re Greene*, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987) (stating that the *prima facie* validity of a properly filed claim "compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's *prima facie* case."). In this context, courts have described sufficient evidence as "evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (quoting *In re Allegheny Int'l, Inc.* 954 F.2d 167, 173-74 (3d Cir. 1992)); *In re Spiegel, Inc.*, Case Nos. 03-11540 (BRL), 06-cv-13447 (CM), 2007 WL 2456626, at *15 n.6 (S.D.N.Y. Aug. 22, 2007) (evidence must refute at least one allegation essential to the claim's legal sufficiency); *In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (evidence must be equal in force to the *prima facie* case). "Mere objections," without more, do not constitute sufficient evidence and are insufficient to refute the *prima facie* validity of a properly filed claim. *In re Make Meat Corp*, Case No. 98-cv-4990 (HB), 1999 WL 178788, at *3-4 (S.D.N.Y. Mar. 31, 1999) ("The case law is clear. To prevail, the objector must affirmatively *produce* evidence to counter the creditor's claim.").

10.    In this case, the Plan Administrator failed to provide *any* evidence to rebut the *prima facie* validity of the Claim. The Debtors do not dispute the validity of Claimant's underlying claim against LBCCA; the Objection is limited solely to the enforceability of the guarantee. In that regard, to the extent required, the Secretary's Certificate submitted by the Claimant is *prima facie* evidence of its knowledge of and reliance on the guarantee and guaranteed status of the LBCCA, for such certificates are drafted to be delivered for the very

purpose of inducing such reliance.  The fact that the Secretary's Certificate was in the possession

of the Claimant indicates, in the absence of evidence to the contrary, that the Claimant knew and

relied on LBHI's guarantee when it entered into the Agreement.  The Objection provides no

evidence to the contrary.  The Plan Administrator having failed in its "initial burden of

presenting sufficient evidence to overcome the presumed validity and amount" of the proof of

claim, the Objection should be overruled, *In re Planet Hollywood Int'l*, 274 B.R. 391, 394

(Bankr. D. Del. 2001), and the Claim allowed in full as filed.

11.    As further support for Claimant's knowledge of and reliance on the guarantee,

however, the Claimant has located a pdf-formatted version of the email, dated April 6, 2007 (i.e.,

before the date of the Agreement), by which the Secretary's Certificate was delivered to it, as

indicated by the list of attachments.[3]  See Exhibit A.[4]  Furthermore, Claimant attaches certain

internal reports, dated April 12, 2007 and July 12, 2007 (also before the date of the Agreement),

which contain analyses of counterparty risk where Claimant counted LBHI as a counterparty,

demonstrating that the Claimant clearly relied on credit support from LBHI.  See Exhibit B.[5]

In sum, the Debtor has not contested the amounts owed to the Claimant by LBCCA, the email

and internal report plainly establish Claimant's knowledge and reliance on the LBHI guarantee,

and the Debtor has failed to adduce any evidence to the contrary.

12.    The Objection, which is substantive rather than procedural in nature, purports to

reserve a right to make additional objections to the Claim.  The Plan Administrator should be

provided with only one bite at the apple rather than being allowed to attack the Claim piecemeal,

---

[3] The Claimant is attempting to restore the full data file with respect to such e-mail, but has encountered some
difficulties in doing so given the passage of time (9 years) since the Claimant received the e-mail.
[4] The email attached as Exhibit A hereto has been translated from the original Korean.
[5] The internal report attached as Exhibit B hereto has been translated from the original Korean.

which would require the Claimant to go through the expensive process of responding to further objections.

13.    The Claimant reserves its right to file a supplemental and/or amended response to the Objection should it deem it necessary to do so.  The execution and filing of this Response is not and shall not be deemed:  (a) a waiver or release of the Claimant's rights against any entity or person liable for all or any part of the Claim; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in these cases against or otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimant; (d) a waiver or release by the Claimant of any right to trial by jury, or a consent by the Claimant to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination or recharacterization, in favor of the Claimant, of indebtedness or liens held by any creditors of the Debtors or any of their affiliates; (f) an election of remedies which waives or otherwise affects any other remedy or (g) a waiver of the Claimant's rights to amend or supplement its proofs of claim or this Response.

## Conclusion

WHEREFORE, the Claimant respectfully requests that the Court deny the Objection as it

pertains to the Claim with prejudice to the Objection and any future objections, enter an order

allowing the Claim in full, and such further relief as the Court deems appropriate and just.


Dated:  May 7, 2015
         New York, New York

                                             WHITE & CASE LLP


                                             By:  /s/ Scott Greissman
                                             Scott Greissman
                                             Andrew Hammond
                                             Elizabeth Feld
                                             1155 Avenue of the Americas
                                             New York, New York 10036
                                             Telephone: (212) 819-8200
                                             Facsimile: (212) 354-8113
                                             sgreissman@whitecase.com
                                             ahammond@whitecase.com
                                             efeld@whitecase.com

                                             Attorneys for Kookmin Bank, as
                                             trustee, and UBS Hana Asset
                                             Management Co. Ltd. (f/k/a Daehan
                                             Investment Trust Management Co.
                                             Ltd.), as Investment Manager, for
                                             Daehan IBK-Samsung Heavy
                                             Industry Equity Linked Derivatives
                                             Fund 1

EXHIBIT A

Americas 90553585 (2K)



translations@geotext.com
www.geotext.com

STATE OF CALIFORNIA )
)
)
COUNTY OF SAN FRANCISCO ) ss

## **CERTIFICATION**

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Korean into English of the attached email from Jaejoon Choi sent on April 6, 2007.

Olivia Applin, Project Manager
Geotext Translations, Inc.

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California, County of San Francisco

Subscribed and sworn to (or affirmed) before me on this 3rd day of May , 20 15 ,

by Olivia Applin ,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature: Kurt adam Shulenberger



KURT ADAM SHULENBERGER
Commission No. 2039095
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm. Expires AUGUST 27, 2017

New York
t: +1.212.631.7432

London
t: +44.20.7553.4100

Washington, D.C.
t: +1.202.828.1267

Paris
t: +33.1.42.68.51.47

Chicago
t: +1.312.242.3756

Stockholm
t: +46.8.463.11.87

Houston
t: +1.713.353.3909

Frankfurt
t: +49.69.7593.8434

San Francisco
t: +1.415.576.9500

Hong Kong
t: +852.2159.9143

**Her, So-Yeon** [sic: Heo, So-yeon]

| | |
|---|---|
| **From:** | Choi, Jaejoon [jaejoon.choi@lehman.com] |
| **Sent:** | Friday, April 6, 2007, 10:59 a.m. |
| **To:** | Heo, So-yeon |
| **Cc:** | Korean Equity Derivatives Sales |
| **Subject:** | FW: Lehman transaction entity-related details |
| **Attachments:** | CI - LBCCA.pdf; M&A2.PDF; M&A1.PDF; Secy Cert - LBCCA & LBI.pdf; Lehman Brothers Commercial Corporate Asia Limited 10-25-04.pdf; Generic Risk.pdf; GR Letter.pdf |

Dear Assistant Manager Heo, So-yeon,

I am sending the requested data.

Best Regards,

Jae Joon Choi

Equity Derivatives
Lehman Brothers International(Europe), Seoul Branch
TEL +82-2-317-5117  /  FAX +82-2-317-5198
Mobile +82-10-7194-6850
jaejoon.choi@lehman.com

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

– – This message is intended only for the personal and confidential use of the designated recipient(s) named above. If you are not the intended recipient of this message you are hereby notified that any review, dissemination, distribution or copying of this message is strictly prohibited. This communication is for information purposes only and should not be regarded as an offer to sell or as a solicitation of an offer to buy any financial product, an official confirmation of any transaction, or as an official statement of Lehman Brothers. Email transmission cannot be guaranteed to be secure or error-free. Therefore, we do not represent that this information is complete or accurate and it should not be relied upon as such. All information is subject to change without notice.

2008-09-30

## Her, So-Yeon

| | |
|---|---|
| **From:** | Choi, Jaejoon [jaejoon.choi@lehman.com] |
| **Sent:** | 2007년 4월 6일 금요일 오전 10:59 |
| **To:** | 허소연 |
| **Cc:** | Korea Equity Derivatives Sales |
| **Subject:** | FW: Lehman 거래 entity 관련 내용 |
| **Attachments:** | CI - LBCCA.pdf; M&A2.PDF; M&A1.PDF; Secy Cert - LBCCA & LBI.pdf; Lehman Brothers Commercial Corporation Asia Limited 10-25-04.pdf; Generic Risk.pdf; GR Letter.pdf |

허소연 대리님,

요청하신 자료 보내드립니다.

Best Regards,

Jae Joon Choi

Equity Derivatives
Lehman Brothers International(Europe), Seoul Branch
TEL +82-2-317-5117 / FAX +82-2-317-5198
Mobile +82-10-7194-6850
jaejoon.choi@lehman.com

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - This message is intended only for the personal and confidential use of the designated recipient(s) named above. If you are not the intended recipient of this message you are hereby notified that any review, dissemination, distribution or copying of this message is strictly prohibited. This communication is for information purposes only and should not be regarded as an offer to sell or as a solicitation of an offer to buy any financial product, an official confirmation of any transaction, or as an official statement of Lehman Brothers. Email transmission cannot be guaranteed to be secure or error-free. Therefore, we do not represent that this information is complete or accurate and it should not be relied upon as such. All information is subject to change without notice.

EXHIBIT B

Americas 90553585 (2K)



translations@geotext.com
www.geotext.com

STATE OF CALIFORNIA            )
                              )
                              )
COUNTY OF SAN FRANCISCO  )        ss

### CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Korean into English of the attached forms signed by So-yeon Heo,

dated April 12, 2007, and July 12, 2007.

Olivia Applin, Project Manager
Geotext Translations, Inc.

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate
is attached, and not the truthfulness, accuracy, or
validity of that document.

State of California, County of San Francisco

Subscribed and sworn to (or affirmed) before me

on this 3ʳᵈ day of _May_____, 20_15_,

by __Olivia Applin_____,

proved to me on the basis of satisfactory evidence

to be the person(s) who appeared before me.

Signature: _Kat adam Shlub_____

KURT ADAM SHULENBERGER
Commission No. 2039095
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm Expires AUGUST 27 2017

New York
t: +1.212.631.7432

London
t: +44.20.7553.4100

Washington, D.C.
t: +1.202.828.1267

Paris
t: +33.1.42.68.51.47

Chicago
t: +1.312.242.3756

Stockholm
t: +46.8.463.11.87

Houston
t: +1.713.353.3909

Frankfurt
t: +49.69.7593.8434

San Francisco
t: +1.415.576.9500

Hong Kong
t: +852.2159.9143

| Draft | In Charge | Manager | Team Leader | | Division Manager | CEO |
|---|---|---|---|---|---|---|
| | [signature] | | | | | |
| | Investment Engineering Team Heo, So-yeon (7834) | | | | | |

| Agreement | | | | Disclosure | | | Audit |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Document No. | Joogong No. 12 | | Filed | Dept. Manager | Team Leader | In Charge |
|---|---|---|---|---|---|---|
| Recipient | RM Team | | | | | |

| Draft Date | April 12, 2007 | Storage Period | 1  year |
|---|---|---|---|
| Topic | Over-the-counter derivative product transaction party risk-factor review status | | |

      1.      Relevant Basis: RM No. 39 "Risk management criteria change notice for transaction parties for over the counter derivative products" (November 24, 2006).

      2.      Potential transacting parties for review: Domestic securities companies such as Good Morning Shin Han Securities and 8 other companies; Woori Bank, Korea Exchange Bank, and other foreign entities capable of issuing over the counter derivative products UBS A.G., and 11 other companies.

      3.      Criteria Date: Based as of end of March 2007.

Attachments:  1.  One set of risk-factor assessment tables for each of 9 domestic securities companies.
              2.  One set of credit-level tables for 12 foreign entities that are capable of issuing over-the-counter derivative product.
              3.   Woori Bank, Korea Exchange Bank DICR level. End.

Based as of end of March 2007

|  | Moody's | S&P | Fitch |
|---|---|---|---|
| UBS A.G. | Aa2 | AA+ | AA+ |
| CSI(Credit Suisse Inter.) | Aa3 | AA− | AA− |
| SG(Societe General, Paris) | Aa2 | AA− | AA− |
| Citi | Aa1 | AA− | AA+ |
| Deutsch | Aa3 | AA− | AA− |
| Morgan Stanley | Aa3 | A+ | AA− |
| BNP | Aa2 | AA | AA |
| Macquarie Bank(Australia) | A2 | A | A+ |
| Dresdner | Aa3 | AA− | A+ |
| J.P. Morgan | Aa3 | A+ | A+ |
| ABN(Hongkong) | Aa3 | AA− | AA− |
| Lehman Brothers Holdings | A1 | A+ | A+ |

2008/6/1
A+
(A0)

[illegible handwriting]

| | In Charge | Manager | Team Leader | Division Manager | CEO |
|---|---|---|---|---|---|
| **Draft** | [signature]<br>Investment Engineering Team Heo, So-yeon (7834) | | | | |

| | | | **Disclosure** | | Audit |
|---|---|---|---|---|---|
| **Agreement** | | | | | |

| Document No. | Joogong No. 47 | **Filed** | Dept. Manager | Team Leader | In Charge |
|---|---|---|---|---|---|
| Recipient | RM Team | | | | |

| Draft Date | July 12, 2007 | Storage Period | 1 year |
|---|---|---|---|
| Topic | Over-the-counter derivative product transaction party risk-factor review status | | |

      1.     Relevant Basis: RM No. 39 "Risk management criteria change notice for transaction parties for over the counter derivative products" (November 24, 2006).

      2.     Potential transacting parties for review: Domestic securities companies such as Good Morning Shin Han Securities and 8 other companies; Woori Bank, Korea Exchange Bank, and other foreign entities capable of issuing over the counter derivative products UBS A.G., and 11 other companies.

      3.     Criteria Date: Based as of end of June 2007.

Attachments:  1.  One set of risk-factor assessment tables for each of 9 domestic securities companies.
              2.  One set of credit-level tables for 12 foreign entities that are capable of issuing over-the-counter derivative product credit level.
              3.  Woori Bank, Korea Exchange Bank DICR level. End.

Based as of end of June 2007

|  | Moody's | S&P | Fitch |
|---|---|---|---|
| UBS A.G. | Aa2 | AA+ | AA+ |
| CSI(Credit Suisse Inter.) | Aa3 | AA− | AA− |
| SG(Societe General, Paris) | Aa2 | AA− | AA− |
| Citi | Aa1 | AA− | AA+ |
| Deutsch | Aa3 | AA− | AA− |
| Morgan Stanley | Aa3 | A+ | AA− |
| BNP | Aa2 | AA | AA |
| Macquarie Bank(Australia) | A2 | A | A+ |
| Dresdner | Aa3 | AA− | A+ |
| J.P. Morgan | Aa3 | A+ | A+ |
| ABN(Hongkong) | Aa3 | AA− | AA− |
| Lehman Brothers Holdings | A1 | A+ | A+ |



| 기안 | 담 당 | 차 장 | 팀 장 | | 본 부 장 | 사 장 |
|---|---|---|---|---|---|---|

투자공학팀 허소연(7834)

| 합의 | | | 공람 | | 감 사 |
|---|---|---|---|---|---|

| 문서기번호 | | 주공 제12호 | 접수 | 부서장 | 팀 장 | 담 당 |
|---|---|---|---|---|---|---|
| 수 신 처 | | RM팀 | | | | |
| 기안 일자 | | 2007. 4. 12. | 보 존 기 간 | | 1년 | |
| 제  목 | | 장외파생상품 거래상대방 리스크요인 점검 현황 | | | | |

1. 관련근거: RM제39호"장외파생상품 거래상대방 리스크관리 기준변경통첩"(2006.11.24.)

2. 점검대상 거래상대방: 국내 증권사 굿모닝신한증권 외 8개사, 우리은행, 외환은행, 해외 장외파생상품 발행 가능 기관인 UBS A.G.외 11개사

3. 기준일자: 2007년 3월말 기준.

첨   부: 1. 국내 증권사 9개사 리스크요인 점검표 각1부.
      2. 해외 장외파생상품 발행 가능 기관 12개사 신용등급 일람표 1부.
      3. 우리은행, 외환은행의 DICR 등급. 끝.

2007년 3월말 기준

|  | Moody's | S&P | Fitch |
|---|---|---|---|
| UBS A.G. | Aa2 | AA+ | AA+ |
| CSI(Credit Suisse Inter.) | Aa3 | AA− | AA− |
| SG(Societe General, Paris) | Aa2 | AA− | AA− |
| Citi | Aa1 | AA− | AA+ |
| Deutsch | Aa3 | AA− | AA− |
| Morgan Stanley | Aa3 | A+ | AA− |
| BNP | Aa2 | AA | AA |
| Macquarie Bank(Australia) | A2 | A | A+ |
| Dresdner | Aa3 | AA− | A+ |
| J.P. Morgan | Aa3 | A+ | A+ |
| ABN(Hongkong) | Aa3 | AA− | AA− |
| Lehman Brothers Holdings | A1 | A+ | A+ |

2008/6/1
A+
(A⁰)

| 기안 | 담 당 | 차 장 | 팀 장 | 본부장 | 사 장 |
|---|---|---|---|---|---|
| | | | | | |

투자공학팀 허소연(7834)

| 합의 | | 공람 | | 감 사 |
|---|---|---|---|---|
| | | | | |

| 문서기번호 | 주공 제47호 | 접수 | 부서장 | 팀 장 | 담 당 |
|---|---|---|---|---|---|
| 수 신 처 | RM팀 | | | | |
| 기안 일자 | 2007. 7. 12. | 보 존 기 간 | | 1년 | |
| 제 목 | 장외파생상품 거래상대방 리스크요인 점검 현황 | | | | |

　　　　1. 관련근거: RM제39호"장외파생상품 거래상대방 리스크관리 기준변경통첩"(2006.11.24.)

　　　　2. 점검대상 거래상대방: 국내 증권사 굿모닝신한증권 외 8개사, 우리은행, 외환은행, 해외 장외파생상품 발행 가능 기관인 UBS A.G.외 11개사

　　　　3. 기준일자: 2007년 6월말 기준.


　　첨　　부: 1. 국내 증권사 9개사 리스크요인 점검표 각1부.
　　　　　　 2. 해외 장외파생상품 발행 가능 기관 12개사 신용등급 일람표 1부.
　　　　　　 3. 우리은행, 외환은행의 DICR 등급. 끝.

2007년 6월말 기준

|  | Moody's | S&P | Fitch |
|---|---|---|---|
| UBS A.G. | Aa2 | AA+ | AA+ |
| CSI(Credit Suisse Inter.) | Aa3 | AA− | AA− |
| SG(Societe General, Paris) | Aa2 | AA− | AA− |
| Citi | Aa1 | AA− | AA+ |
| Deutsch | Aa3 | AA− | AA− |
| Morgan Stanley | Aa3 | A+ | AA− |
| BNP | Aa2 | AA | AA |
| Macquarie Bank(Australia) | A2 | A | A+ |
| Dresdner | Aa3 | AA− | A+ |
| J.P. Morgan | Aa3 | A+ | A+ |
| ABN(Hongkong) | Aa3 | AA− | AA− |
| Lehman Brothers Holdings | A1 | A+ | A+ |