B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re <u>Lehman Brothers Holdings Inc., et al., Debtors,</u>          Case No. <u>08-13555 (JMP)</u>
(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of
the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Name of Transferee** | **Name of Transferor** |
|---|---|
| Solus Opportunities Fund 5 LP | Goldman, Sachs & Co. |

Solus Opportunities Fund 5 LP

c/o Solus Alternative Asset Management LP
410 Park Avenue, 11th Floor
New York, NY 10022
Attn: Solus Compliance Officer
Phone: (212) 284-4300
Fax: (212) 284-4338
Email: compliance@soluslp.com

Goldman, Sachs & Co.

Court Claim # (if known): <u>15649</u>
Transferred Claim Amount: <u>$58,389,723.21 (in
allowed claim amount relating to CUSIP
52525MJK5)</u>
Date Claim Filed: <u>September 17, 2009</u>
Debtor: <u>Lehman Brothers Holdings Inc.</u>

Phone: (212) 934-3921
Last Four Digits of Acct #: N/A

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct
to the best of my knowledge and belief.

By: _____          Date: ___5-6-2015___
Transferee/Transferee's Agent
          JoHN SOLk  AUTHORIZED SIGNATORY
<u>Penalty for making a false statement:</u> Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

7622053.1

<u>AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM</u>

1.        For value received, the adequacy and sufficiency of which are hereby acknowledged, Goldman, Sachs & Co. ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to Solus Opportunities Fund 5 LP ("<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof,

(a) an undivided interest, to the extent relating to Seller's record and beneficial ownership interest in commercial paper issued by the Debtor (as defined below) as specified in <u>Schedule 1</u> attached hereto, in Seller's right, title and interest in and to Proof of Claim Number 15649 (the "<u>Proof of Claim</u>") filed by or on behalf of Seller's predecessor in interest against Lehman Brothers Holdings, Inc. (the "<u>Debtor</u>") in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") administered under Case No. 08-13555 (JMP) (such undivided interest, the "<u>Purchased Claim</u>"),

(b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements under which Seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim,

(c) any and all proceeds of any of the foregoing, excluding any principal, interest or other payments relating to the Purchased Security (as defined below) actually received by Seller prior to September 15, 2008 (collectively, as described in clauses (a), (b) and (c), the "<u>Transferred Claim</u>"), and

(d) the commercial paper (the "<u>Purchased Security</u>") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

For the avoidance of doubt, the parties agree that (x) the Purchased Claim relates to the Purchased Security specified in Schedule 1 attached hereto, (y) this Agreement relates only to the Purchased Claim and the Purchased Security and not to any other proof of claim ("<u>Other Claim</u>") or other security ("<u>Other Security</u>") of the Seller or any other party, and (z) Seller does not waive, relinquish, assign or transfer to Purchaser any action, claim, right or lawsuit of any nature whatsoever in whole or in part (i) arising out of or in connection with any Other Claim or Other Security, (ii) arising out of or in connection with the non-transferred portion of the Proof of Claim or the related commercial paper or (iii) that any party other than Seller may have or may pursue, whether against the Debtor or any other party, arising out of or in connection with any claim, security, matter or issue whatsoever.

2.        Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that: (a) the Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271); (b) Seller owns and has good and marketable title to the Transferred Claim, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer, and neither the execution, delivery or performance of this Agreement, nor the consummation of the transactions contemplated hereby, will violate or contravene any law, rule, regulation, order, agreement or instrument by which Seller is bound or to which the Transferred Claims are subject; (d) the Proof of Claim includes the Purchased

Claim specified in Schedule 1 attached hereto; (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claim proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor; (f) on or about October 2, 2014, Seller received a distribution from the Debtor in the amount of $2,704,217.26 on account of the Transferred Claim (the "Sixth LBHI Distribution"); (g) on or about April 2, 2015, Seller received a distribution from the Debtor in the amount of $1,858,330.60 on account of the Transferred Claim (the "Seventh LBHI Distribution" and together with the Sixth LBHI Distribution, the "LBHI Distributions"); and (h) other than the LBHI Distributions, no payment or other distribution has been received by or on behalf of Seller in full or partial satisfaction of the Transferred Claim.

3.    Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the Proceedings, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e), including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days remit any payments distributions or proceeds received by Seller after the date of this Agreement in respect of the Transferred Claim to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, each Purchased Security to a DTC account designated in writing by Purchaser to Seller against payment by Purchaser of the Purchase Price. Seller agrees to forward to Purchaser, as soon as reasonably practicable, all notices (not otherwise publicly available in the Proceedings or otherwise) as received by Seller with respect to the Transferred Claim. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).

8.    Seller and Purchaser agree that any dispute, claim or controversy directly or indirectly relating to or arising out of this Agreement, the termination or validity hereof or any alleged breach of this Agreement shall be submitted to an arbitration panel of three arbitrators in accordance with the London Court of International Arbitration Rules (with each of the Seller and the Purchaser choosing one arbitrator, and the chosen arbitrators choosing the third arbitrator). The arbitration language will be English and the place of arbitration will be New York, New York. The

- 2 -

parties shall each bear their own cost and expenses, including attorneys' fees, in connection with the arbitration.  The award in the arbitration shall be final and binding and may be enforced in any court of competent jurisdiction.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6  day of May 2015.

GOLDMAN, SACHS & CO.

By: _____
Name:        Dennis Lafferty
Title:        Managing Director

30 Hudson Street, 5th Floor
Jersey City, NJ 07302
Attn:  Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212)934-3921

SOLUS OPPORTUNITIES FUND 5 LP

By: _____
Name:
Title:

Attn: Solus Compliance Officer
c/o Solus Alternative Asset Management LP
410 Park Avenue, 11th Floor
New York, NY  10022
Tel #: (212) 284-4300
Fax #: (212) 284-4338
Email: compliance@soluslp.com

- 3 -

parties shall each bear their own cost and expenses, including attorneys' fees, in connection with the arbitration. The award in the arbitration shall be final and binding and may be enforced in any court of competent jurisdiction.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6 day of May 2015.

**GOLDMAN, SACHS & CO.**                    **SOLUS OPPORTUNITIES FUND 5 LP**

By:_____                       By:_____
Name:                                        Name: Josh Sock
Title:                                       Title: Authorized Signatory

30 Hudson Street, 5th Floor                  Attn: Solus Compliance Officer
Jersey City, NJ 07302                        c/o Solus Alternative Asset Management LP
Attn: Michelle Latzoni                       410 Park Avenue, 11th Floor
Email: gsd.link@gs.com                       New York, NY 10022
Tel: (212)934-3921                           Tel #: (212) 284-4300
                                             Fax #: (212) 284-4338
                                             Email: compliance@soluslp.com

- 3 -

Schedule 1

**Transferred Claim**

**Purchased Claim**

53.10091% of the Proof of Claim relating to 52525MJK5, or $58,389,723.21 (as claimed and allowed).

**Description of the Purchased Security:**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount |
|---|---|---|---|---|---|
| Lehman Commercial Paper | 52525MJK5 | Lehman Brothers Holdings Inc. | N/A | $58,411,000.00 | $58,389,723.21 |

Schedule 1-1