McCarter & English LLP
David J. Adler
Attorneys for Douglas Gouey-Guy
245 Park Avenue
New York, New York 10167-0001
Telephone:  (212) 609-6800
Facsimile:  (212) 609-6921
dadler@mccarter.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
| | |
|---|---|
| In re | :  **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | :  **08-13555 (SCC)** |
| | : |
| Debtors. | :  **(Jointly Administered)** |

------------------------------------------------------------------------x
| | |
|---|---|
| **DOUGLAS GOUEY-GUY** | : |
| | :  **Adv. Proc. No. 15-_____** |
| **Plaintiff** | : |
| | : |
| v. | : |
| | : |
| **LEHMAN BROTHERS HOLDINGS, INC.,** | : |
| **acting on behalf of LEHMAN CAPITAL** | :  **ADVERSARY PROCEEDING** |
| **OF SAN FRANCISCO, CALIFORNIA** | :  **COMPLAINT** |

------------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1.      Plaintiff, Douglas J. Gouey-Guy ("Gouey-Guy"), by and through undersigned

counsel, brings this Adversary Proceeding Complaint to: (i) determine that Lehman Capital, now

or formerly of San Francisco, California ("Lehman Capital") has no interest in certain real

property located at 53 Westwood Lane, Litchfield, Connecticut (the "Property"), (ii) clear and/or

recover title to the Property, (iii) obtain an order compelling Lehman Capital to execute and

deliver to Gouey-Guy a deed of any residual interest in the Property that Lehman Capital may

hold, and (iv) obtain a declaratory judgment that Lehman Capital has no further legal or equitable interest in or to the Property.

## JURISDICTION AND VENUE

2.    On information and belief, at all times relevant to this Adversary Proceeding Complaint, Lehman Capital was a wholly-owned division of Lehman Brothers Holding, Inc. ("LBHI").

3.    Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries, commenced in this Court voluntary cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4.    This Adversary Proceeding Complaint is commenced pursuant to Section 105 of the Bankruptcy Code and Rule 7001(1), (2), (7) and (9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This Court has the authority to issue to hear this proceeding pursuant to the "Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.) as amended by the "Amended Standing Order of Reference dated February 1, 2012 (Preska, C.J.).

6.    This Court has personal jurisdiction over LBHI, including Lehman Capital, because Chapter 11 cases of LBHI were filed and are pending in this district.

7.    This Adversary Proceeding Complaint arises out of the foreclosure of the Property, and an ineffective assignment of the judgment in the foreclosure action captioned *Lehman Capital v. The Estate of Iris M. Walford, et al,* Connecticut Superior Court, Judicial District of Litchfield at Litchfield, Docket No.:  CV-03-0089278-S.

8.      This Adversary Proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(a),

(A), (E), (O).

9.      Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Procedure, Plaintiff

states that he consents to the entry of final judgment by this Court if it is determined that, absent

consent of the parties, this Court cannot enter final orders or judgment consistent with Article III

of the United States Constitution.

10.     Venue is proper in this Court under 28 U.S.C. §1409(a) because Chapter 11 cases

of LBHI were filed and are pending in this district.

## PARTIES

11.     Plaintiff, Gouey-Guy is a citizen of the state of Connecticut with a principle

residence at 53 Westwood Lane, Litchfield, Connecticut.

12.     Plaintiff, Gouey-Guy resides at the Property, and has continuously resided at the

Property, together with his family, since 2005.

13.     LBHI is a corporation organized and existing under the laws of the State of

Delaware, with its current principal business address at 1271 Sixth Avenue, New York, New

York 10020.

## BACKGROUND FACTS

14.     Lehman Capital, a division of LBHI, took an assignment (the "Assignment") of a

mortgage on the Property (the "Mortgage") from Wendover Financial Services Corporation,

dated July 16, 2001, effective October 31, 2000.  The Assignment was recorded on September

24, 2001 at Vol. 259, Pg. 1125 of the Town of Litchfield land records.  A true and accurate copy

of the Assignment, as it appears on the land records, is attached as Exhibit A.

15.     The Mortgage was foreclosed pursuant to a judgment of strict foreclosure entered

in favor of Lehman Capital on or about February 2, 2004 (the "Judgment").  As of March 3,

3

2004, title to the Property was absolute in Lehman Capital. A true and accurate copy of the

Motion for Strict Foreclosure, together with the Order of the Superior Court entering Judgment

in Lehman Capital's favor, is attached as <u>Exhibit B</u>.

16.    On April 21, 2004, Lehman Capital recorded a Certificate of Foreclosure, dated

March 30, 2004, at Vol. 284, Pg. 233 of the Litchfield land records (the "<u>Certificate of</u>

<u>Foreclosure</u>"). A true and accurate copy of the Certificate of Foreclosure as it appears on the

land records, is attached as <u>Exhibit C</u>.

17.    On June 14, 2004, Lehman Capital recorded an Amended and Corrected

Certificate of Foreclosure dated June 7, 2004, at Vol. 285, Pg. 649 of the Litchfield land records

(the "<u>Amended Certificate of Foreclosure</u>"). A true and accurate copy of the Amended

Certificate of Foreclosure, as it appears on the land records, is attached as <u>Exhibit D</u>.

18.    As reflected in the Amended Certificate of Foreclosure, in between recording of

the Certificate of Foreclosure and the Amended Certificate of Foreclosure, Lehman Capital gave

an Assignment of Judgment, dated May 24, 2004, to the movant's predecessor-in-title, Fannie

Mae[1] of Atlanta, Georgia (the "<u>Assignment of Judgment</u>"). The Assignment of Judgment was

recorded at Vol. 285, Pg. 648 of the Litchfield land records. A true and accurate copy of the

Assignment of Judgment, as it appears on the land records, is attached as <u>Exhibit E</u>.

19.    As set forth in the Assignment of Judgment, Lehman Capital intended to granted

all of its right, title and interest in and to the Property to Fannie Mae. Because title had already

vested in Lehman Capital (as a result of the Judgment and the recording of the Certificate of

Foreclosure), the Assignment of Judgment had no legal effect. It failed to transfer any interest in

the Property.

---

[1] "Fannie Mae" is the common name for "Federal National Mortgage Association." The names
are used interchangeably.

20.      Rather than execute the Assignment of Judgment, Lehman Capital should have executed and delivered a deed to the Property to Fannie Mae.  It did not.  Thus, despite the "good and valuable consideration" paid by Fannie Mae, as recited in the Assignment of Judgment, Fannie Mae failed to take any interest in the Property.

21.      Thereafter, the Federal National Mortgage Association, *a/k/a* Fannie Mae, for the stated cash consideration of $186,000, intended to convey the Property to 53 Westwood Lane, LLC by Warrantee Deed dated June 22, 2004, recorded at Vol. 286, Pg. 47, of the Litchfield land records (the "Fannie Mae Deed").  A true and accurate copy of the Fannie Mae Deed, as it appears on the land records, is attached as Exhibit F.

22.      Thereafter, 53 Westwood Lane, LLC, for the stated cash consideration of $315,000, intended to convey the Property to the Plaintiff, Gouey-Guy, by Warrantee Deed dated February 28, 2005, recorded at Vol. 292, Pg. 442, of the Litchfield land records (the "LLC Deed").   A true and accurate copy of the LLC Deed, as it appears on the land records, is attached as Exhibit G.

23.      The Fannie Mae Deed and the LLC Deed failed to accomplish the respective intents of the grantors, as set forth in those deeds, because the grantors did not own legal title to the Property.  Thus, Gouey-Guy does not presently own legal title to the Property.

24.      Gouey-Guy not only paid $315,000 for the Property (financing approximately $270,000), he also resides at the Property with his wife and children, and has escrowed the real estate taxes assessed for the Property, which are current and are regularly paid by Wells Fargo. Nonetheless, his title remains defective.

25.     Despite its efforts, counsel for Gouey-Guy has been unable to identify anyone within Lehman Brothers Holdings, Inc. who is willing and/or able to provide the deed needed to cure this title defect.

## COUNT ONE
### (Clear Title To The Property)

26.     The purpose of this adversary proceeding is to clear title to the Property in the name of Gouey-Guy by one or more of the following:

> a.     The voluntary delivery of a signed quitclaim deed from Lehman Capital transferring all of its right, title and interest in the Property to Gouey-Guy;

> b.     An Order compelling Lehman Capital to deliver a signed quitclaim deed transferring all of its right, title, and interest in the Property to Gouey-Guy; or

> c.     A declaratory judgment of this Court that Lehman Capital no longer holds any right, title or interest in and to the Property.

27.     As reflected above, as a result of the timing issues related to the recording of the Certificate of Foreclosure, the Amended Certificate of Foreclosure and the Assignment of Judgment, Lehman Capital did not convey its interest in the Property (as it clearly intended to do).

28.     As a result of the timing issues related to these filings, legal title to the Property remains with Lehman Capital even though it intended to assign all of its interests (as reflected by the Assignment of the Judgment).

29.     As a result, the Court should direct Lehman Capital, or its authorized representative, to execute a quitclaim deed in favor of Gouey-Guy and to deliver it to him for recording, together with a completed and signed state of Connecticut conveyance tax form.

30.     A proposed form of quitclaim deed to effect the transfer of any interest of Lehman Capital in and to the Property to Gouey-Guy is attached as <u>Exhibit H</u>.

31.     Plaintiff's requested relief merely cures the defect in title and gives effect to the intentions of Lehman Capital, Fannie Mae, and their intended successors-in-title.

## PRAYER FOR RELIEF

WHEREFORE, Douglas J. Gouey-Guy respectfully prays for relief as follows:

1.     A declaratory judgment that Lehman Brothers Holdings, Inc. no longer holds any right, title or interest in and to the Property;

2.     An Order directing that Lehman Capital deliver a signed quitclaim deed transferring all of its right, title, and interest in the Property to Gouey-Guy;

3.     An order of this Court quieting title to the Property in Gouey-Guy;

4.     An award of attorneys' fees and costs in pursuing this adversary proceeding;

5.     Such other relief as the Court deems just, proper, and necessary.

Dated:  May 11, 2015
New York, New York

/s/ David J. Adler
David J. Adler
McCarter & English LLP
245 Park Avenue
New York, New York 10167-0001
Telephone:  (212) 609-6800
Facsimile:  (212) 609-6921

Attorneys for Douglas J. Gouey-Guy

# EXHIBIT A

VOL 259 PG 1125

# CONNECTICUT

Assignment-Interv.-Recorded

TOWN OF *LITCHFIELD*
LOAN NO.   189951 [6000028101 FNMA]

POOL NO.

PREPARED BY AND WHEN RECORDED MAIL TO:
*Security Connections, Inc.*
*620 S. Woodruff Ave.*
*Idaho Falls, ID 83401*

# ASSIGNMENT

TO ALL PEOPLE TO WHOM THESE PRESENTS SHALL COME, GREETING THAT: *WENDOVER FINANCIAL SERVICES CORPORATION, A NORTH CAROLINA CORPORATION*
located at *725 NORTH REGIONAL ROAD, GREENSBORO, NC   27409*
For the consideration of the sum of TEN and no/100 Dollars to it in hand paid, the receipt of which is hereby acknowledged, does hereby sell, assign, transfer, set over and convey unto *LEHMAN CAPITAL, A DIVISION OF LEHMAN BROTHERS HOLDINGS, INC., A DELAWARE CORPORATION*

located at *C/O 353 SACRAMENTO STREET, SUITE 420, SAN FRANCISCO, CA   94111*
it's successors and/or assigns, one certain Mortgage executed by *IRIS M WALFORD*

_____ as Grantor,
to *FREEDOM CHOICE MORTGAGE LLC, A LIMITED LIABILITY COMPANY*
_____ as Grantee,
Dated *FEBRUARY 6, 1998* and recorded on *FEBRUARY 11, 1998*   in the land records, Volume *240*_____, Page *1-7*_____, also the land with all the improvements
thereon known *53 WESTWOOD LANE, LITCHFIELD, CT   06759*
_____ and described in said Mortgage Deed and
conveyed thereby, situated in the Town of *LITCHFIELD*_____ and bounded:
*AS DESCRIBED ON SAID MORTGAGE DEED REFERRED TO HEREIN.*

Loan No.

(NMRI.CT)                              Page 1 of 2
*C=S.154.0003*
*P=S.001.3171*                          *J=WN888.S.03171*

VOL 259 PG 1126

LOAN NO. *189951 [6000028101 FNMA]L*

IN WITNESS WHEREOF, *DIANA ANDERSON* _____ as the *ASSISTANT SECRETARY* _____
_____ and _____ as the _____
*JULY 2001* _____ have hereunto set their hand this _____ *16th* day of
*JULY 2001* _____ , but effective the *31st* day of *OCTOBER 2000* _____.
Signed and Delivered in Presence of:

WENDOVER FINANCIAL SERVICES CORPORATION
FORMERLY KNOWN AS WENDOVER FUNDING, INC.

WITNESS VAL AESCHBACHER

By _____
DIANA ANDERSON
ASSISTANT SECRETARY

WITNESS JANE CLINGER

By _____

STATE OF *IDAHO* _____ )
                          ) SS
COUNTY OF *BINGHAM* _____ )

On *JULY 16, 2001* _____ , before me, the undersigned, a Notary Public personally
appeared *DIANA ANDERSON* _____ who is known to me to be the person who executed the
within instrument as the *ASSISTANT SECRETARY* _____,
and _____ who is known to me to be the person who executed
the within instrument as the _____
of the Corporation that executed the within instrument and acknowledged to me that the
Corporation executed the within instrument pursuant to its by-laws or a resolution of its
board of directors.

JOAN COOK  (COMMISSION EXP. 02-16-07)
NOTARY PUBLIC

JOAN COOK
NOTARY PUBLIC
STATE OF IDAHO

Received for Record _____ at _____ M. Attest: _____

(NMRI.CT.2)                   Page 2 of 2
C=S.154.0003
P=S.001.3171                  J=WN888.S.03171

Received for record September 24, 2001 at 9:30 A.M.        Evelyn F. Gordon
                                                            Town Clerk

# EXHIBIT B

DOCKET NO.: CV-03-0089278-S         : SUPERIOR COURT

                                    :

LEHMAN CAPITAL                      : J.D. OF LITCHFIELD

                                    : AT LITCHFIELD

VS.                                 :

THE ESTATE OF IRIS M. WALFORD, ET AL.   : JANUARY 5, 2004

### MOTION FOR STRICT FORECLOSURE

The Plaintiff, LEHMAN CAPITAL, hereby respectfully moves that this Court enter a

Judgment of Strict Foreclosure in its favor in the above captioned matter and that the Court set

the orders of redemption as set forth in Schedule A hereto annexed.

                                    THE PLAINTIFF

ORAL ARGUMENT REQUESTED
NO TESTIMONY REQUIRED

                                    BY
                                    Kevin T. Hansted
                                    PALUMBO & DeLAURA, LLC
                                    528 Chapel Street
                                    New Haven, CT 06511
                                    (203) 773-1113
                                    Juris #415035

PALUMBO & DeLAURA, LLC • ATTORNEYS AT LAW
528 Chapel Street, New Haven, Connecticut 06511 • Juris Number 415035 • (203) 773-1113 • Fax (203) 773-1591

PALUMBO & DeLAURA, LLC • ATTORNEYS AT LAW
528 Chapel Street, New Haven, Connecticut 06511 • Juris Number 416035 • (203) 773-1113 • Fax (203) 773-1597

ORDER    2/02/04

The foregoing, having been heard, it is hereby

ORDERED: ~~GRANTED/DENIED~~ that judgment of strict foreclosure shall enter. Law date is set at March 1, 2004 for the owner of the equity of redemption. Subsequent date in inverse order of priority. By the Court (Bernetti, J)

Trp.    ASST. CLERK/JUDGE

JDNO
FEB 05 2004
RGP

## CERTIFICATION

This shall certify that the foregoing Motion For Judgment of Strict Foreclosure and a copy of an appraisal of 53 Westwood Lane, Litchfield, CT dated December 18, 2003 was sent, postage prepaid to all counsel and pro se parties of record on this 5th day of January, 2004 as follows:

MATASAVAGE & MATASAVAGE
38 CENTRAL AVENUE
WATERBURY, CT 06702

Kevin T. Hansted

PALUMBO & DeLAURA, LLC • ATTORNEYS AT LAW
528 Chapel Street, New Haven, Connecticut 06511 • Juris Number 415035 • (203) 773-1113 • Fax (203) 773-1697

PALUMBO & DeLAURA, LLC • ATTORNEYS AT LAW
528 Chapel Street, New Haven, Connecticut 06511 • Juris Number 416035 • (203) 773-1113 • Fax (203) 773-1691

## SCHEDULE A
## ASSIGNMENT OF LAW DAYS

PARTY

1. SHIRLEY A. WALFORD, DAVID R. WALFORD, JUDITH GREEN, CHRISTOPHER WALFORD

2. THE STATE OF CONNECTICUT - DEPARTMENT OF REVENUE SERVICES

3. LEHMAN CAPITAL

# EXHIBIT C

VOL 284 PG 233

DOCKET NO.: CV-03-0089278-S : SUPERIOR COURT

LEHMAN CAPITAL : J.D. OF LITCHFIELD

: AT LITCHFIELD

VS.

THE ESTATE OF IRIS M. WALFORD, ET AL. :

## CERTIFICATE OF FORECLOSURE

TO ALL TO WHOM IT MAY CONCERN:

This certifies that a Mortgage from IRIS M. WALFORD, of the Town of Litchfield, County of Litchfield and State of Connecticut, to Freedom Choice Mortgage, LLC dated February 6, 1998 and recorded on February 11, 1998 in Volume 240 at page 1 of the Town of Litchfield Land Records which was thereafter assigned to Wendover Funding, Inc., by written assignment dated February 6, 1998 and recorded on February 11, 1998 in Volume 240 at Page 8 of the Litchfield Land Records and thereafter said Note and Mortgage were assigned to LEHMAN CAPITAL by written assignment dated July 16, 2001 and recorded on September 24, 2001 in Volume 259 at Page 1125 of the Litchfield land records, was foreclosed upon the complaint of said LEHMAN CAPITAL, against THE ESTATE OF IRIS M. WALFORD, the owner of the equity and redemption in said mortgaged premises, and SHIRLEY A. WALFORD DAVID R. WALFORD, STATE OF CONNECTICUT - DEPARTMENT OF REVENUE SERVICES, in Superior Court held at Litchfield within and for the Judicial District of Litchfield and State of Connecticut on December 5, 2002 (CV-03-0089278-S).

The premises foreclosed are commonly known as 53 Westwood Lane, Litchfield, Connecticut 06790 and as is more particularly described in Schedule "A" attached hereto.

The time limit for redemption in said Judgment of Strict Foreclosure for the Defendant, THE ESTATE OF IRIS M. WALFORD, the owner of the equity and redemption in said mortgaged premises and SHIRLEY A. WALFORD DAVID R. WALFORD, STATE OF CONNECTICUT - DEPARTMENT OF REVENUE SERVICES having passed, title to the premises became absolute in the said LEHMAN CAPITAL on March 3, 2004.

Dated at New Haven, Connecticut this 30th day of March, 2004.

LEHMAN CAPITAL

BY

KEVIN T. HANSTED
PALUMBO & DELAURA, LLC
ITS ATTORNEY

PALUMBO & DELAURA, LLC • ATTORNEYS AT LAW
528 Chapel Street, New Haven, Connecticut 06511 • Juris Number 415035 • (203) 773-1113 • Fax (203) 773-1597

A certain piece or parcel of land, lying westerly from North Street, in the Borough and Town of Litchfield, with all improvements thereon, bounded and described as follows:

Lot #4 on map entitled "Sub-Division of Property Owned by Frank and Dirce Zeffiro, Litchfield, Connecticut, Scale 1" = 40' September 1959, G. A. Hanson, Land Surveyor, Torrington, Connecticut" on file in Map Volume 6, Page DS-3 in the office of the Litchfield Town Clerk and to which map reference is hereby made for a more particular description of said Lot #4.

BOUNDED:  Northerly: by 24 foot right of way, 160 feet;
          Easterly:  by land of Frank F. Zeffiro, Jr. 125.07 feet;
          Southerly: by land now or formerly of Margaret Fischer 160 feet; and
          Westerly:  by land of Frank and Dirce Zeffiro, 125.42 feet.

Together with a right of way in common with others in favor of said lots 4 and 6 to and from North Street over right of way as shown on said map for the purpose of travel on foot or by vehicle and for the purpose of laying, relaying, maintaining and repairing water and sewer pipes. Grantee, by the acceptance of this deed agrees to leave said right of way in substantially the same condition after laying, relaying or repairing said pipes as said right of way was prior to such work.

Received for record April 21, 2004 at 10:00 A.M.

Evelyn M. Borden
Town Clerk

VOL 285 PG 648

## ASSIGNMENT OF JUDGMENT

### KNOW ALL MEN BY THESE PRESENTS,

THAT, LEHMAN CAPITAL, of San Francisco, California (Assignor), for good and valuable consideration, the receipt of which is hereby acknowledged, hereby assigns and by these presents does grant, assign and convey unto FANNIE MAE of Atlanta, Georgia (Assignee(s)), ALL OF Assignor'S right, title and interest in a Judgment of Strict Foreclosure entered on February 2, 2004 in the Litchfield Superior Court bearing Docket Number CV-03-0089278-S in favor of LEHMAN CAPITAL and against SHIRLEY A. WALFORD, DAVID R. WALFORD, JUDITH GREEN, CHRISTOPHER WALFORD and THE STATE OF CONNECTICUT - DEPARTMENT OF REVENUE SERVICES.

Through said Judgment the Court found the debt due the plaintiff to be $248,152.36, attorney's fees in the amount of $1,500.00, Appraisal Fee of $300.00 and title search fee of $150.00. The Court found the value of the subject property to be $255,000.00. The Court assigned law days to commence on March 1, 2004.

IN WITNESS WHEREOF, the undersigned has hereunto set his hand(s) and seal(s) this ___24___ day of ___may___, 2004.

SIGNED, SEALED AND DELIVERED
IN THE PRESENCE OF:

1) _[signature]_
   CESAR MUNOZ

2) _[signature] Dustin Robinson_
   Dustin Robinson

3) _[signature] Sergio Varona_
   Sergio Varona

LEHMAN CAPITAL

By: _[signature] Roger Steiskel's Vice President_

FANNIE MAE

By: _____ It's _____

STATE OF _California_        )
                            ) ss:
COUNTY OF _San Francisco_    )

Personally appeared _Roger Steiskel_, _Vice President_ of LEHMAN CAPITAL, a California Corporation, signer and sealer of the foregoing instrument, and acknowledged the same to be his/her free act and deed as such officer and the free act and deed of said corporation, before me.

_[signature]_

JUDITH KERMEEN
Commission # 1408214
Notary Public - California
San Francisco County
My Comm. Expires Mar 30, 2007

Notary Public
My Commission Expires: _March 30, 2007_

Received for record June 14, 2004 at 3:45 P.M.

_[signature] Evelyn M. Gordon_
Town Clerk

# EXHIBIT D

VOL 285 PG 649

DOCKET NO.: CV-03-0089278-S

LEHMAN CAPITAL

VS.

THE ESTATE OF IRIS M. WALFORD, ET AL.

: SUPERIOR COURT

: J.D. OF LITCHFIELD

: AT LITCHFIELD

## AMENDED AND CORRECTED CERTIFICATE OF FORECLOSURE

TO ALL TO WHOM IT MAY CONCERN:

This certifies that a Mortgage from IRIS M. WALFORD, of the Town of Litchfield, County of Litchfield and State of Connecticut, to Freedom Choice Mortgage, LLC dated February 6, 1998 and recorded on February 11, 1998 in Volume 240 at page 1 of the Town of Litchfield Land Records which was thereafter assigned to Wendover Funding, Inc., by written assignment dated February 6, 1998 and recorded on February 11, 1998 in Volume 240 at Page 8 of the Litchfield Land Records and thereafter said Note and Mortgage were assigned to LEHMAN CAPITAL by written assignment dated July 16, 2001 and recorded on September 24, 2001 in Volume 259 at Page 1125 of the Litchfield land records, was foreclosed upon the complaint of said LEHMAN CAPITAL, against THE ESTATE OF IRIS M. WALFORD, the owner of the equity and redemption in said mortgaged premises, and SHIRLEY A. WALFORD DAVID R. WALFORD, STATE OF CONNECTICUT - DEPARTMENT OF REVENUE SERVICES, in Superior Court held at Litchfield within and for the Judicial District of Litchfield and State of Connecticut on December 5, 2002 (CV-03-0089278-S).

Said Judgment was subsequently assigned to FANNIE MAE by virtue of a written assignment dated May 24, 2004 and recorded on the Seymour Land Records.

The premises foreclosed are commonly known as 53 Westwood Lane, Litchfield, Connecticut 06790 and as is more particularly described in Schedule "A" attached hereto.

The time limit for redemption in said Judgment of Strict Foreclosure for the Defendant, THE ESTATE OF IRIS M. WALFORD, the owner of the equity and redemption and for SHIRLEY A. WALFORD DAVID R. WALFORD, STATE OF CONNECTICUT - DEPARTMENT OF REVENUE SERVICES having passed, title to the premises became absolute in the said FANNIE MAE on March 3, 2004.

Dated at New Haven, Connecticut this 7th day of June, 2004.

BY
KEVIN T. HANSTED
PALUMBO & DELAURA, LLC

PALUMBO & DeLAURA, LLC • ATTORNEYS AT LAW
528 Chapel Street, New Haven, Connecticut 06511 • Juris Number 415035 • (203) 773-1113 • Fax (203) 773-1597

A certain piece or parcel of land, lying westerly from North Street, in the Borough and Town of Litchfield, with all improvements thereon, bounded and described as follows:

Lot #4 on map entitled "Sub-Division of Property Owned by Frank and Dirce Zeffiro, Litchfield, Connecticut, Scale 1" = 40' September 1959, G. A. Hanson, Land Surveyor, Torrington, Connecticut" on file in Map Volume 6, Page DS-3 in the office of the Litchfield Town Clerk and to which map reference is hereby made for a more particular description of said Lot #4.

BOUNDED:  Northerly:  by 24 foot right of way, 160 feet;
          Easterly:  by land of Frank F. Zeffiro, Jr. 125.07 feet;
          Southerly:  by land now or formerly of Margaret Fischer
                      160 feet; and
          Westerly:  by land of Frank and Dirce Zeffiro, 125.42
                     feet.

Together with a right of way in common with others in favor of said lots 4 and 6 to and from North Street over right of way as shown on said map for the purpose of travel on foot or by vehicle and for the purpose of laying, relaying, maintaining and repairing water and sewer pipes. Grantee, by the acceptance of this deed agrees to leave said right of way in substantially the same condition after laying, relaying or repairing said pipes as said right of way was prior to such work.

Received for record June 14, 2004 at 3:45 P.M.                    Evelyn M. Gordon
                                                                   Town Clerk

# EXHIBIT E

VOL 285 PG 648

## ASSIGNMENT OF JUDGMENT

KNOW ALL MEN BY THESE PRESENTS,

THAT, LEHMAN CAPITAL, of San Francisco, California (Assignor), for good and valuable consideration, the receipt of which is hereby acknowledged, hereby assigns and by these presents does grant, assign and convey unto FANNIE MAE of Atlanta, Georgia (Assignee(s)), ALL OF Assignor'S right, title and interest in a Judgment of Strict Foreclosure entered on February 2, 2004 in the Litchfield Superior Court bearing Docket Number CV-03-0089278-S in favor of LEHMAN CAPITAL and against SHIRLEY A. WALFORD, DAVID R. WALFORD, JUDITH GREEN, CHRISTOPHER WALFORD and THE STATE OF CONNECTICUT - DEPARTMENT OF REVENUE SERVICES.

Through said Judgment the Court found the debt due the plaintiff to be $248,152.36, attorney's fees in the amount of $1,500.00, Appraisal Fee of $300.00 and title search fee of $150.00. The Court found the value of the subject property to be $255,000.00. The Court assigned law days to commence on March 1, 2004.

IN WITNESS WHEREOF, the undersigned has hereunto set his hand(s) and seal(s) this __24__ day of _May_, 2004.

SIGNED, SEALED AND DELIVERED
IN THE PRESENCE OF:

1) CESAR MUNOZ

2) Dustin Robinson
   Dustin Robinson

3) Sergio Varona
   Sergio Varona

LEHMAN CAPITAL

By: Roger Stejskal's, Vice President

FANNIE MAE

By: _____
                    It's

STATE OF  California    )
                        ) ss:
COUNTY OF  San Francisco )

Personally appeared _Roger Stejskal_ _Vice President_ of LEHMAN CAPITAL, a California Corporation, signer and sealer of the foregoing instrument, and acknowledged the same to be his/her free act and deed as such officer and the free act and deed of said corporation, before me.

Notary Public
My Commission Expires: March 30 2007

JUDITH KERMIEN
Commission # 1408214
Notary Public - California
San Francisco County
My Comm. Expires Mar 30, 2007

Received for record June 14, 2004 at 3:45 P.M.

Town Clerk

PALUMBO & DeLAURA, LLC · ATTORNEYS AT LAW · 528 Chapel Street, New Haven, Connecticut 06511 · Juris Number 415055 · Fax (203) 773-1697 · (203) 773-1113

ORNEYS AT LAW · S · (203) 773-1113 · Fax (203) 773-1697

# EXHIBIT F

VOL 286 PG 47

2.    Taxes on the List of October 2003, first half due and payable July 1, 2004, which the
Grantees herein assume and agree to pay.

$1087 Conveyance Tax received

*Evelyn N. Goodwin*

Town Clerk of Litchfield

$ 2175 - State

Received for record June 30, 2004 at 11:35 A.M.

*Evelyn N. Goodwin*
Town Clerk

WARRANTEE DEED

CONNECTICUT                                          Revised
01/02/92
FNMA# 6000028101                                    REO#P040714

THIS DEED made the **22nd** day of **June, 2004** between FEDERAL
NATIONAL MORTGAGE ASSOCIATION, a corporation organized under an
Act of Congress and existing pursuant to the Federal National
Mortgage Association Charter Act, having its principal office in
the City of Washington, District of Columbia, and an office for
the conduct of business at 13455 Noel Road, Galleria Tower II,
Suite 600, Dallas, TX 75240-5003 (hereinafter called the
Grantor) and 53 Westwood Lane, LLC hereinafter called the
Grantee).

WITNESSETH, That the said Grantor for and in consideration
of the sum of **One Hundred Eighty-Six Thousand** and 00/100
Dollars **($186,000.00)** and other valuable consideration, the
receipt whereof is hereby acknowledged, hereby grants and
conveys unto the said Grantee, heirs and assigns:

The property is commonly known as **53 Westwood Lane, Litchfield,
Connecticut** and is more particularly described in Exhibit A,
attached hereto and made a part hereof by this reference.

BEING the same premises conveyed unto Federal National
Mortgage, Association by          Deed dated          and
recorded in the          Land Records on          in
Book     , Page     and by Judgment of Strict Foreclosure
dated_____ and filed in the _____ Land Records
in Book _____, Page_____.

UNDER AND SUBJECT to any existing covenants, easements,
encroachments, conditions, restrictions, and agreements
affecting the property.

TOGETHER WITH all and singular the improvements, ways,
streets, alleys, passages, water, watercourses, right,
liberties, privileges, hereditaments, and appurtenances
whatsoever hereto belonging or in anywise appertaining and the
reversions and remainders, rents, issues and profits thereof,
and all the estate, right, title, interest, property, claim and
demand whatsoever of the said Grantor in law, equity, or
otherwise howsoever, of and to the same and every part thereof.

TO HAVE AND TO HOLD the said property above described with
the hereditaments and appurtenances, unto the said Grantee,
heirs and assigns forever.

UNDER AND SUBJECT AS aforesaid. Grantor covenants for
itself and its successors to warrant and defend all that is

VOL 286 PG 48

hereinabove described against all persons lawfully claiming or to claim the same or any part thereof by, through or under Grantor.

IN WITNESS WHEREOF, Grantor has caused this Deed to be signed in its name and on its behalf by its Vice President, the day and year first above written.

Signed, Sealed and
Delivered in the

Presence of:

FEDERAL NATIONAL MORTGAGE ASSOCIATION



BY

Sheryl Martin, Vice President

WITNESS: D. Vanessa Brown

STATE OF TEXAS        :
                      :ss  DALLAS
COUNTY OF DALLAS      :

On the 22nd day of June, 2004, personally appeared **Sheryl Martin** Vice President of FEDERAL NATIONAL MORTGAGE ASSOCIATION, to me known to be the person who executed the foregoing instrument on its behalf, and acknowledged said instrument to be his/her free act and deed in his/her said capacity, and the free act and deed of FEDERAL NATIONAL MORTGAGE ASSOCIATION.

PATRICIA MANSON
Notary Public, State of Texas
My Commission Expires 06-06-05

Before me,



Notary Public

It is hereby certified that the address of the within named grantee is

VOL 286 PG 49

## SCHEDULE "A"

A certain piece or parcel of land, lying westerly from North Street, in the Borough and Town of Litchfield, with all improvements thereon, bounded and described as follows:

Lot #4 on map entitled "Sub-Division of Property Owned by Fank and Dirce Zeffiro, Litchfield, Connecticut, Scale 1" = 40' September 1959, G.A. Hanson, Land Surveyor, Torrington, Connecticut" on file in Map Volume 6, Page D5-3 in the office of the Litchfield Town Clerk and to which map reference is hereby made for a more particular description of said Lot #4.

BOUNDED:  Northerly:  by 24 foot right of way, 160 feet;

Easterly:  by land of Frank F. Zeffiro, Jr. 125.07 feet;

Southerly:  by land now or formerly of Margaret Fischer 160 feet; and

Westerly:  by land of Frank and Dirce Zeffiro, 125-42 feet.

Together with a right of way in common with others in favor of said lots 4 and 6 to and from North Street over right of way as shown on said map for the purpose of travel on foot or by vehicle and for the purposes of laying, relaying, maintaining and repairing water and sewer pipes. Grantee, by the acceptance of this deed agrees to leave said right of way in substantially the same condition after laying, relaying or repairing said pipes as said right of way was prior to such work.

No Conveyance Tax collected

*Evelyn N. Goodwin*

Town Clerk of Litchfield

Received for record June 30, 2004 at 12:41 P.M.

*Evelyn N. Goodwin*
Town Clerk

# EXHIBIT G

VOL 292 PG 442

PARCEL TWO:

In certain piece of land with dwelling thereon, containing 285 acres, more or less, situated in the Towns of Litchfield and Washington, together with all the appurtenances thereto, bounded and described as follows:

| | |
|---|---|
| Northerly, | in part by land now or formerly of the City of Waterbury; and in part by lands formerly of Mrs. C.B. Curtis; |
| Easterly, | in part by lands now or formerly of E.D. Curtis and in part by a town road; |
| Southerly, | by lands now or formerly of Olive R. Garland; |
| Southwesterly, | in part by lands now or formerly of said Garland and (for a distance of 264.01 feet, more or less), by a state highway number 25; and by an old highway; and |
| Northwesterly, | by the boundary line between the Towns of Litchfield and Warren. |

The premises hereinafter described constitute all the land situated in the Towns of Litchfield and Washington as shown on map entitled, "Property of Sarah H. Wainwright at Mount Tom, Litchfield, Conn., Scale 1" – 200'", made by Little, Kirchberger and Waugh, Engineers, on March 12, 1930, belonging to the Grantor.

Recorded in Litchfield Land Records Volume 110, Pages 436-437.

Received for record February 28, 2005 at 12:30 P.M.          *Evelyn M. Broderi*
Town Clerk

## WARRANTEE DEED

TO ALL PEOPLE TO WHOM THESE PRESENTS SHALL COME, GREETING:

KNOW YE, THAT **53 WESTWOOD LANE, LLC**, a limited liability company with an office and principal place of business in Cromwell (hereinafter referred to as the "Grantor") for the consideration of

**THREE HUNDRED FIFTEEN THOUSAND  AND 00/100 ($315,000.00) DOLLARS**

received to its satisfaction of

**Douglas J. Goucy-Guy**, of the Town of Winchester, County of Litchfield and State of Connecticut (hereinafter referred to as the "Grantee") does give, grant, bargain, sell and confirm unto the said Grantee, and his heirs and assigns forever, a certain piece or parcel of land as described on Schedule A attached hereto and made a part hereof.

Said premises are conveyed subject to building, building line and zoning restrictions, to utility easements, drainage easements, restrictions and agreements, all as of record may and to any and all provisions of any ordinance, municipal regulation or public or private law. Said premises are subject to taxes to the Town of Litchfield on the List of October 1, 2004, which taxes the Grantee herein assume and agrees to pay as part consideration for this deed.

**TO HAVE AND TO HOLD**, the above granted and bargained premises, with the appurtenances thereof, unto the said grantee, his heirs and assigns forever, and to its own proper use and behoof. And also, the said grantor does for themselves and their heirs, executors, administrators, and assigns covenant with the said grantee, his heirs and assigns, that at and until the ensealing of these presents, he is well seized of the premises, as a good indefeasible estate in **FEE SIMPLE;** and has a good right to bargain and sell the same in manner and form as is above written; and that the same is free from all encumbrances whatsoever, except as is above written.

**AND FURTHERMORE**, they the said grantor does by these presents binds themselves and their heirs and assigns forever to **WARRANT AND DEFEND** the above granted and bargained premises to the said grantee, his heirs and assigns, against all claims and demands whatsoever, except as is above written.

VOL 292 PG 443

IN WITNESS WHEREOF, the undersigned has hereunto set his hand this 28th day of February, 2005.

Signed, Sealed and Delivered
in the Presence of

53 WESTWOOD LANE, LLC

Gary Thompson
Its

STATE OF CONNECTICUT    :
                                         : ss. Rocky Hill            February 28, 2005
COUNTY OF HARTFORD    :

Personally Appeared Gary Thompson, Member of 53 Westwood Lane, LLC, signer of the foregoing instrument, and acknowledged the same to be his free act and deed, and free act and deed as such Member of 53 Westwood Lane, LLC, before me.

James F. Kipper
Commissioner of the Superior Court

Grantee's Address:
53 Westwood Lane
Litchfield, Ct 06059

## SCHEDULE "A"

A certain place or parcel of land, lying westerly from North Street, in the Borough and Town of Litchfield, with all improvements thereon, bounded and described as follows:

Lot #4 on map entitled "Sub-Division of Property Owned by Fank and Dirce Zeffiro, Litchfield, Connecticut, Scale 1" = 40' September 1959, G. A. Hanson, Land Surveyor, Torrington, Connecticut" on file in Map Volume 6, Page D5-3 in the office of the Litchfield Town Clerk and to which map reference is hereby made for a more particular description of said Lot #4.

BOUNDED:  Northerly:  by 24 foot right of way, 160 feet;

Easterly:  by land of Frank F. Zeffiro, Jr. 125.07 feet;

Southerly:  by land now or formerly of Margaret Fischer 160 feet; and

Westerly:  by land of Frank and Dirce Zeffiro, 125-42 feet.

Together with a right of way in common with others in favor of said lots 4 and 6 to and from North Street over right of way as shown on said map for the purpose of travel on foot or by vehicle and for the purposes of laying, relaying, maintaining and repairing water and sewer pipes. Grantee, by the acceptance of this deed agrees to leave said right of way in substantially the same condition after laying, relaying or repairing said pipes as said right of way was prior to such work.

$787  Conveyance Tax received

Evelyn N. Goodwin
Town Clerk of Litchfield

$ 1575°° - State

Received for record February 28, 2005 at 4:29 P.M.    Evelyn N. Goodwin
                                                                              Town Clerk

# EXHIBIT H

**After recording return to:**
McCarter & English, LLP
185 Asylum Street
Hartford, CT 06103
Attn: Thomas J. Rechen

## QUITCLAIM DEED

*To all People to Whom these Presents shall Come Greeting:*

*TO ALL PEOPLE TO WHOM THESE PRESENTS SHALL COME GREETING:*

Know Ye, that **Lehman Capital,** of San Francisco, California ("Grantor"), a division of Lehman Brothers Holdings, Inc., acting by and through Lehman Brothers Holdings, Inc. pursuant to an Order entered by the United States Bankruptcy Court for the Southern District of New York in *In re Lehman Brothers Holdings, Inc., et al.,* Chapter 11 Case No. 08-13555 (JMP), on _____, 20__ (Dkt. No. ____), for the consideration of ONE ($1.00) DOLLAR and other good and valuable consideration received to Grantor's full satisfaction from **Douglas J. Gouey-Guy** of Litchfield, Connecticut ("Grantee"), does by these presents remise, release and forever Quit-Claim unto the said Grantee and to the Grantee's successors and assigns forever, WITH QUIT-CLAIM COVENANTS, all the right, title, interest, claim and demand whatsoever as the said Grantor has or ought to have in or to that certain piece or parcel of land known as 53 Westwood Lane, Litchfield, Connecticut, more particularly described on Schedule A, attached hereto and made a part hereof, together with all appurtenances thereto, being all of the interest as conveyed to the Grantor by a Certificate of Foreclosure recorded at Volume 284, Page 233 and by an Amended and Corrected Certificate of Foreclosure recorded at Volume 285, Page 649, both of the Litchfield Land Records (the "Property").

TO HAVE AND TO HOLD the Property hereby remised, released and quit-claimed with all rights and appurtenances, unto the said Grantee and to the Grantee's successors and assigns forever, so that neither the Grantor nor the Grantor's successors or assigns nor any other person claiming under or through the Grantor shall hereafter have any claim, right or title in or to the Property or any part thereof, but therefrom the Grantor is by these presents, forever barred and excluded.

Without affecting the Quit Claim nature of this deed, the Property is conveyed subject to taxes due the Town of Litchfield on the Grand List of October 1, 2014, not yet due and payable, and all subsequent years, and the liability for such taxes is hereby being assumed by Grantee as part consideration for this deed.

In all references herein to any parties, entities or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of the within instrument may require.

Signature page follows:

ME1 16498781v.2

In Witness Whereof, the Grantor has signed and sealed this instrument, this _____ day of
_____, 20__.

Signed, Sealed and Delivered
in the presence of

Lehman Capital, a Division of Lehman
Brothers Holdings, Inc.

_____       By:_____
Name:                                                    Name:
                                                              Its:
_____
Name:


STATE OF                              )
                                              ) ss:
COUNTY OF                           )

On this the ___ day of _____, 20__, before me, the undersigned personally appeared
_____, _____ of Lehman Brothers Holdings, Inc., known to me (or
satisfactorily proven) to be the person whose name is above written, subscribed to the within
instrument and acknowledged that he executed the same for the purposes therein contained as his
free act and deed, as _____ of Lehman Capital.


In witness whereof I hereunto set my hand.


_____
Commissioner of the Superior Court
Notary Public
My Commission Expires:

Schedule A

A certain piece or parcel of land, lying westerly from North Street, in the Borough and Town of Litchfield, with all improvements thereon, bounded and described as follows:

Lot #4 on map entitled "Sub-Division of Property Owned by Frank and Dirce Zeffiro, Litchfield Connecticut, Scale 1"=40' September 1959, G.A. Hanson, Land surveyor, Torrington, Connecticut" on file in Map Volume 6, Page D5-3 in the office of the Litchfield Town Clerk and to which map reference is hereby made for a more particular description of said Lot #4.

BOUNDED:

| | |
|---|---|
| Northerly: | by 24 foot right of way, 160 feet; |
| Easterly: | by land of Frank F. Zeffiro, Jr., 125.07 feet; |
| Southerly: | by land now or formerly of Margaret Fischer 160 feet; and |
| Westerly: | by land of Frank and Dirce Zeffiro, 125.42 feet. |

Together with a right of way in common with others in favor of said lots 4 and 6 to and from North Street over right of way as shown on said map for the purpose of travel on foot or by vehicle and for the purposes of laying, relaying, maintaining and repairing water and sewer pipes. Grantee, by the acceptance of this deed agrees to leave said right of way in substantially the same condition after laying, relaying or repairing said pipes as said right of way was prior to such work.

MEI 16498781v.2