B 210A (Form 210A)(12/09)

# UNITED STATES BANKRUPTCY COURT

In re: Lehman Brothers Holding Inc., et al.,                         Case No. 08-13555 (JMP)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Echo Investments I Limited | UBS Securities LLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Echo Investments I Limited
C/O KKR Credit Advisors LLC
555 California Street, 50th Floor
San Francisco, CA 94104
Attn: Treasury Desk

Phone: 415.315.6500
Last Four Digits of Acct #:

Court Claim # (if known): 8613
Amount of Claim: $194,656.43

Phone:
Last Four Digits of Acct. #:

Name and Address where transferee payments should be sent (if different from above):

Copy to:
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Attn: David J. Karp

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/_ _____   Date: 5.7.2015
Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, UBS Securities LLC ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Echo Investments I Limited (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof: (a) an interest, to the extent arising from or in respect of the security or securities listed in the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 8613 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"); (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim; (c) any and all proceeds of any of the foregoing; and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto (collectively, as described in clauses (a), (b), (c), and (d), the "Transferred Claim").

2.    Seller hereby represents and warrants to Purchaser that, as of the date hereof: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Program Securities" available on **http://www.lehman-docket.com** as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claim, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto and the Purchased Claim is a valid, enforceable, liquidated, non-contingent, and unsubordinated claim allowed in the Allowed Amounts provided on the Epiq Systems, Inc. website[1] as specified in Schedule 1, not subject to any valid defense, claim or right of setoff, reduction, impairment, avoidance, disallowance, subordination or preference action, in whole or in part; (f) Seller has not engaged and will not engage in any acts, conduct or omissions, or had and will not have any relationship with the Debtor or its affiliates, that will

---

[1] http://dm.epiq11.com/LBH/Claim

1

141900.01018/36400184v.4

result in Purchaser receiving in respect of the Transferred Claim proportionately less payments or distributions or less favorable treatment, (including the timing of payments or distributions) than other unsecured creditors; and (g) other than with respect to the distributions received by Seller, any predecessor-in-title of Seller or any third party for the benefit of Seller (i) (A) on or about April 17, 2012 (the "First LBHI Distribution"), October 1, 2012 (the "Second LBHI Distribution"), April 4, 2013 (the "Third LBHI Distribution"), and October 3, 2013 (the "Fourth LBHI Distribution" and together with the First LBHI Distribution, the Second LBHI Distribution and the Third LBHI Distribution, the "Pre-Trade LBHI Distributions") from Lehman Brothers Holdings, Inc. in respect of the Transferred Claim as Class 5 Distributions under the Plan, and (B) on or about May 8, 2013 (the "First BV Distribution"), and October 24, 2013 (the "Second BV Distribution" and together with the First BV Distribution, the "Pre-Trade BV Distributions") from Lehman Brothers Treasury Co. B.V. in respect of the Purchased Security, and (ii) (A) on or about April 3, 2014 (the "Fifth LBHI Distribution"), October 2, 2014 (the "Sixth LBHI Distribution"), and April 2, 2015 (the "Seventh LBHI Distribution" and together with the Fifth LBHI Distribution and the Sixth LBHI Distribution, the "Post-Trade LBHI Distributions") from Lehman Brothers Holdings, Inc. in respect of the Transferred Claim as Class 5 Distributions under the Plan and (B) on or about April 28, 2014 (the "Third BV Distribution"), October 28, 2014 (the "Fourth BV Distribution") and April 27, 2015 (the "Fifth BV Distribution" and together with the Third BV Distribution and the Fourth BV Distribution, the "Post-Trade BV Distributions") from Lehman Brothers Treasury Co. B.V. in respect of the Purchased Security, no payment or other distribution has been received by or on behalf of the Seller, any predecessor-in-title, or by any third party for the benefit of Seller, in full or partial satisfaction of, or in connection with, the Transferred Claim. The Pre-Trade LBHI Distributions together with the Pre-Trade BV Distributions are referred to in this Agreement and Evidence of Transfer of Claim as the "Pre-Trade Distributions". The amounts of Post-Trade LBHI Distributions and Post-Trade BV Distributions (collectively, the "Post-Trade Distributions") received by Seller are set forth on Schedule 2.

3. Seller hereby waives any objection to the transfer of the Transferred Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claim, recognizing Purchaser as the sole owner and holder of the Transferred Claim, and directing that all future payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any future payments, distributions or proceeds received by Seller in respect of the Transferred Claim to Purchaser. Notwithstanding anything herein to the contrary, Purchaser acknowledges and agrees that it shall have no right, title, or interest in or to the Pre-Trade Distributions, which are solely for the account

2

of Seller. Each of Seller and Purchaser agrees that all Post-Trade Distributions in respect of the Transferred Claim and any other future distributions, amounts, proceeds, assets, cash and other property in respect of the Transferred Claim are for the account of Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser the Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

      6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

      7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Remainder of Page Intentionally Left Blank]*

3

IN WITNESS WHEREOF, t is AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 8th day of May, 2015.

| SELLER | PURCHASER |
|---|---|
| **UBS SECURITIES LLC** | **ECHO INVESTMENTS I LIMITED** |

By: *(signed)* James Morgan, Executive Director, Regional Functional Head Banking Product Services US
Name:
Title:

By: *(signed)* Darlene Arias, Director
Name:
Title:

By: _____
Name:
Title:

UBS Securities LLC
677 Washington Boulevard
Stamford, CT 06901
Tel.: (203) 719-5397
Fax: (203) 719-3180
Attention: Craig Pearson
Email: Craig.Pearson@ubs.com

Echo Investments I Limited
KKR Funding & Settlement Desk
c/o Treasury Department
555 California Street, 50th Floor
San Francisco, CA 94104
Tel.: (415) 315-6500
Fax: (214) 646-8385
KAMfinancialfunding@kkr.com

4

141900.01018/36400184v.4

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 8th day of May, 2015.

| SELLER | PURCHASER |
|---|---|
| **UBS SECURITIES LLC** | **ECHO INVESTMENTS I LIMITED** |
| By: _____<br>Name:<br>Title: | By: _[signed]_____<br>Name: JERRY CAPRER<br>Title: AUTHORIZED SIGNATORY |
| By: _____<br>Name:<br>Title: | |
| UBS Securities LLC<br>677 Washington Boulevard<br>Stamford, CT 06901<br>Tel.: (203) 719-5397<br>Fax: (203) 719-3180<br>Attention: Craig Pearson<br>Email: Craig.Pearson@ubs.com | Echo Investments I Limited<br>KKR Funding & Settlement Desk<br>c/o Treasury Department<br>555 California Street, 50th Floor<br>San Francisco, CA 94104<br>Tel.: (415) 315-6500<br>Fax: (214) 646-8385<br>KAMfinancialfunding@kkr.com |

4

141900.01018/36400184v.4

Schedule 1

Transferred Claim

Purchased Claim

Lehman Program Securities to which Transfer Relates

| **Description** | **ISIN** | **Nominal Amount** | **Allowed Amount** |
|---|---|---|---|
| One Year Kick In Reverse Convertible Notes | XS0324723203 | USD 200,000.00 | USD 194,656.43[2] |

---

[2] Forty percent of the Allowed Amount as set forth on the Epiq Systems, Inc. website.

Schedule 1

141900.01018/36400184v.4

Schedule 2

Post-Trade Distributions

(Total amounts received by Seller)

| Lehman Brothers Holdings Inc. | | | |
|---|---|---|---|
| ISIN | Distribution Date April 3, 2014 | Distribution Date October 2, 2014 | Distribution Date April 2, 2015 |
| XS0324723203 | USD 19,279.92 | USD 14,469.57 | USD 9,874.61 |
| | | Total: | USD 43,624.10 |

| Lehman Brothers Treasury Co. B.V. | | | |
|---|---|---|---|
| ISIN | Distribution Date April 28, 2014 | Distribution Date October 28, 2014 | Distribution Date April 27, 2015 |
| XS0324723203 | USD 6,875.00 | USD 5,265.40 | USD 3,545.40 |
| | | Total: | USD 15,685.80[3] |

---

[3] This amount represents the entire 40% portion allocated to Purchaser.