# Exhibit 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.,* | : | Case No. 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

----------------------------------------------------------X

| | : | |
|---|---|---|
| MOORE MACRO FUND, LP, MOORE MACRO MARKETS FUND (MASTER), LP, SJL MOORE, LTD., JR MOORE, LP, LM MOORE LP, MF MOORE LP (formerly MOORE GLOBAL FIXED INCOME FUND (MASTER) LP), MOORE GLOBAL INVESTMENTS, LTD., MOORE EMERGING MARKETS FUND (MASTER) LP, MOORE CAPITAL ADVISORS, L.L.C., and TRADE PROCESS CORPORATION, | : | Adv. Proc. Case No. 14-02021 (SCC) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS SPECIAL FINANCING INC., and LEHMAN BROTHERS COMMERCIAL CORPORATION, | : | |
| | : | |
| Defendants. | : | |

----------------------------------------------------------X

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**<u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Pursuant to Federal Rule of Civil Procedure 34 and Federal Rule of Bankruptcy Procedure 7034, Defendants Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers Special Financing Inc. ("LBSF"), and Lehman Brothers Commercial Corporation ("LBCC," and collectively "Lehman"), hereby responds and objects to the First Request for Production of

Documents from the Plaintiffs Moore Macro Fund, LP, Moore Macro Markets Fund (Master), LP, SJL Moore, Ltd., JR Moore, LP, LM Moore LP, MF Moore LP (formerly Moore Global Fixed Income Fund (Master) LP), Moore Global Investments, Ltd., Moore Emerging Markets Fund (Master) LP, Moore Capital Advisors, L.L.C., and Trade Process Corporation (collectively "Moore"), dated August 6, 2014 (individually, a "Request," and collectively, the "Requests") as follows:

**GENERAL OBJECTIONS**

1.   These General Objections form a part of the response to each and every Request and are set forth here to avoid the duplication and repetition of restating them for each response. All responses are made subject to and without waiver of these Objections. Specific Objections to individual Requests are in addition to the General Objections set forth in this section.

2.   Lehman objects to each and all of the Requests to the extent that they seek documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity or protection from discovery afforded by law. References herein to "non-privileged documents" shall include all documents not protected by such privileges.

3.   Lehman objects to each and all of the Requests, Definitions and Instructions to the extent that they purport to impose obligations upon Defendants beyond those required by the applicable Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure or the Local Civil Rules of this Court. Lehman will comply with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the applicable Local Rules, and any order of the Court.

4.   Lehman objects to producing documents in the manner requested in paragraph 6 in the "Instructions" of the Requests, to the extent that it conflicts with the provisions of the

parties' Stipulated Joint Pretrial Scheduling Order so ordered by the Court on July 17, 2014 (the "Scheduling Order"). Lehman will produce electronically stored information in accordance with the Scheduling Order.

5. Lehman objects to each and all of the Requests to the extent that they seek documents that are not relevant to the claims asserted by Moore to be resolved in the adversary proceeding to which this discovery relates or would otherwise be reasonably calculated to lead to the discovery of admissible evidence relating to Moore's claims.

6. Lehman objects to each and all of the Requests as overbroad to the extent they seek Documents or information relating to transactions or claims between Lehman and counterparties other than Moore.

7. Lehman objects to each and all of the Requests to the extent that they seek documents that are not within its possession, custody or control.

8. Lehman objects to each and all of the Requests to the extent that they seek disclosure of confidential, non-public and/or proprietary information prior to the issuance of a suitable protective order.

9. Lehman objects to the definition of "Lehman" or "Lehman entity" as vague, ambiguous and overly broad.

10. Lehman objects to each and all of the Requests to the extent they seek information or documents already in the possession, custody or control of Moore.

11. Lehman objects to the time frame specified in paragraph 1 of the "Instructions" of the Requests as overly broad, unduly burdensome, not relevant to Moore's claims and not reasonably calculated to lead to the discovery of admissible evidence. Unless otherwise specified, subject to the general and specific objections stated herein, Lehman will produce responsive, non-

privileged documents from June 1, 2008 to the date of the filing of Plaintiffs' complaint on May 30, 2014.

12. Lehman objects to each and all of the Requests on the ground that they are, in many instances, overbroad and unduly burdensome, absent clarification and reasonable limitations placed on the scope of the search. Lehman is willing to produce many of the categories of documents requested by Moore as set forth in the specific offers of production to the extent such documents can be located in the course of a reasonably-tailored search. Lehman notes that any such offer of production does not indicate that such documents actually exist, that the scope of such discovery is proper, or that any of the identified documents are relevant or admissible. Rather, any offer of production merely reflects Lehman's willingness to undertake a reasonably tailored search for such documents.

13. By responding to any Request, Lehman is not admitting or agreeing with any characterizations made therein, or conceding the relevance or admissibility of anything requested in the Requests.

14. Lehman's responses are without prejudice to, or waiver of, any arguments Lehman may later make or objections they may lodge concerning any discovery requests relating to the same or different subject matter that Moore may later serve.

15. Lehman has made, and continues to make, a reasonable good faith search for documents that may be responsive to these Requests. Lehman's response is based upon information and documents located as a result of that search.

16. Lehman reserves its right to supplement its Responses and Objections.

**SPECIFIC RESPONSES AND OBJECTIONS**

The following responses to the Requests are made subject to and without waiver of the foregoing General Objections, and such General Objections are incorporated into each response as though fully set forth therein.  To the extent particular General Objections are restated in a specific response, they are provided because they are particularly applicable to the specific request and such inclusion is not to be construed as a waiver of any other General Objection applicable to information falling within the scope of the request.

**REQUEST FOR PRODUCTION 1:**  All Documents concerning the Moore/Lehman Master Agreements.

**RESPONSE:**  Lehman objects to this Request to the extent it is overly broad, seeks documents that are already in Moore's possession, and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and specific objections, Lehman will produce responsive, non-privileged documents, if any, concerning the ISDA Master Agreements entered into on or around July 23, 2008 between MMF and LBSF; MMM and LBSF; SJL and LBSF; JR and LBSF; LM and LBSF; Moore Global Fixed Income Fund (Master), LP (now MF) and LBSF; and the ISDA Master Agreement entered into on July 24, 2008, between MMF and LBCC.

**REQUEST FOR PRODUCTION 2:**  All Documents concerning the TradePro/Lehman Master Agreement.

**RESPONSE:**  Lehman objects to this Request to the extent it is overly broad, seeks documents that are already in Moore's possession, and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing general and specific objections, Lehman will produce responsive, non-privileged documents, if any, from

- 5 -

June 1, 2008 to the date of the filing of Moore's complaint on May 30, 2014 concerning the termination and valuation of the ISDA Master Agreement entered into as of October 15, 1998 between TradePro and LBCC.

**REQUEST FOR PRODUCTION 3:**  All Documents concerning the Moore Valuations.

**RESPONSE:**  Lehman objects to this Request to the extent it seeks documents that are already in Moore's possession, and to the extent the Request seeks documents protected by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing general and specific objections, Lehman will produce responsive, non-privileged documents, if any, concerning the Moore Valuations.

**REQUEST FOR PRODUCTION 4:**  All Documents concerning any valuations of trades of the type reflected in the Moore Valuations that Defendants engaged in with other counterparties and that were terminated by such counterparties as a result of an Event of Default having occurred with respect to one or more Defendants, including but not limited to, the termination amounts ultimately agreed to between the Defendants and such counterparties with respect to such trades (whether such valuations were conducted by a Defendant or by one or more of such counterparties).

**RESPONSE:**  Lehman objects to this Request to the extent it is vague, overly broad, unduly burdensome and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  In light of these objections, Lehman declines to produce documents in response to this Request.

**REQUEST FOR PRODUCTION 5:**  All Documents concerning valuations performed by LBSF, LBCC, LBHI or any other Lehman entity relating to the Master Agreements or Moore Claims.

**RESPONSE:**  Lehman objects to "any other Lehman entity" as vague and overly broad.  Lehman further objects to the Request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the

- 6 -

foregoing general and specific objections, Lehman will produce responsive, non-privileged documents, if any, concerning the valuation of the Master Agreements.

**REQUEST FOR PRODUCTION 6:** All Documents concerning the Moore Claims.

**RESPONSE:** Lehman objects to this Request to the extent it is overly broad, seeks documents that are already in Moore's possession, and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Lehman further objects to the Request to the extent that it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, Lehman will produce responsive, non-privileged documents, if any, concerning the Moore Claims.

**REQUEST FOR PRODUCTION 7:** All Documents concerning the Assignments and Setoffs.

**RESPONSE:** Lehman objects to this Request to the extent it seeks documents that are already in Moore's possession. Subject to and without waiving the foregoing general and specific objections, Lehman will produce responsive, non-privileged documents, if any, concerning the Assignments and Setoffs.

**REQUEST FOR PRODUCTION 8:** All Documents concerning Lehman's objections to the Moore Claims.

**RESPONSE:** Lehman objects to this Request to the extent it is vague and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Lehman further objects to the Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, Lehman will produce responsive, non-privileged documents, if any, concerning Lehman's objections to the Moore Claims.

- 7 -

**REQUEST FOR PRODUCTION 9:**  All Documents concerning the basis of any claims by LBHI or TradePro against any Moore entity.

**RESPONSE:**  Lehman objects to this Request to the extent it is vague, overly broad and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Lehman further objects to the Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine.  Additionally, Lehman objects to the Request to the extent it requests documents concerning the basis of any claim by "TradePro against any Moore entity" as it requests documents out of Lehman's possession, custody or control.  Subject to and without waiving the foregoing general and specific objections, Lehman will produce responsive, non-privileged documents, if any, concerning the basis of any claims by LBHI against Plaintiffs.

**REQUEST FOR PRODUCTION 10:**  All Documents requested in the Defendants' document requests.

**RESPONSE:**  Lehman objects to this Request because it seeks documents already in Moore's possession.  In light of these objections, Lehman declines to produce documents in response to this Request.

**REQUEST FOR PRODUCTION 11:**  All Documents concerning any terminations of transactions under ISDA agreements by any Defendant as Non-defaulting Party since 1998 (each, a "Closeout"), including any Valuation Statements (as that term is defined in Defendants' Answer, Counterclaims and Claim Objections) generated by or on behalf of Defendants in connection therewith.

**RESPONSE:**  Lehman objects to this Request to the extent it is vague, overly broad, unduly burdensome and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Lehman further objects to the Request to the extent it seeks documents protected by

- 8 -

the attorney-client privilege and/or the work product doctrine. In light of these objections, Lehman declines to produce documents in response to this Request.

**REQUEST FOR PRODUCTION 12:** All claims submitted by Defendants in any bankruptcy or insolvency proceedings, whether in the Courts of the United States or otherwise, in connection with any Closeout.

**RESPONSE:** Lehman objects to this Request to the extent it is overly broad and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Lehman further objects to this Request as it is unduly burdensome and seeks documents already available to the public. In light of these objections, Lehman declines to produce documents in response to this Request.

**REQUEST FOR PRODUCTION 13:** All internal credit policies, risk management policies and all other policies and procedures and training materials of Defendants concerning Closeouts, including, without limitation, any that describe the process to be followed by Defendants' employees or agents in connection with the conduct of any Closeout.

**RESPONSE:** Lehman objects to this Request to the extent it is vague, overly broad and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Lehman further objects to the Request to the extent it requests privileged documents. Subject to and without waiving the foregoing general and specific objections, Lehman will produce responsive, non-privileged documents, if any.

**REQUEST FOR PRODUCTION 14:** All Documents concerning any dispute between any Defendant and any other person concerning the amount claimed by such Defendant in respect of any Closeout.

**RESPONSE:** Lehman objects to this Request to the extent it is vague, overly broad, unduly burdensome and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible

- 9 -

evidence.  In light of these objections, Lehman declines to produce documents in response to this Request.

**REQUEST FOR PRODUCTION 15:**  All Documents concerning the exercise by the Defendants of any right of setoff in connection with any Closeout.

**RESPONSE:**  Lehman objects to this Request to the extent it is vague, overly broad, unduly burdensome and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  In light of these objections, Lehman declines to produce documents in response to this Request.

**REQUEST FOR PRODUCTION 16:**  All Documents concerning any settlement agreement entered into between Defendant and any person in connection with a Closeout.

**RESPONSE:**  Lehman objects to this Request to the extent it is overly broad, unduly burdensome and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Lehman further objects to the Request because it seeks documents protected by the attorney-client privilege and/or the work product doctrine.  In light of these objections, Lehman declines to produce documents in response to this Request.

Dated: September 5, 2014
       New York, New York

Respectfully submitted,

/s/ Tracy V. Schaffer
_____

Jayant W. Tambe
Tracy V. Schaffer
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

ATTORNEYS FOR LEHMAN

- 11 -

## **CERTIFICATE OF SERVICE**

      I, I-Heng Hsu, certify that I caused the foregoing Responses and Objections to the Plaintiffs' First Request for Production of Documents on September 5, 2014, on the following counsel by e-mail:

    Bennette D. Kramer, Esq.
    Jeffrey M. Eilender, Esq.
    Erik S. Groothuis, Esq.
    Samuel L. Butt, Esq.
    Schlam Stone & Dolan LLP
    26 Broadway
    New York, NY 10004
    Email: bdk@schlamstone.com
    Email: jme@schlamstone.com
    Email: egroothuis@schlamstone.com
    Email: sbutt@schlamstone.com

    Lauren Teigland-Hunt, Esq.
    Teigland-Hunt LLP
    127 West 24th Street
    New York, NY 10011
    Email: lth@t-hllp.com

Dated:  September 5, 2014
         New York, New York

                                              */s/* I-Heng Hsu
                                              I-Heng Hsu