# Exhibit 4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
: 
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.,* : Case No. 08-13555 (SCC)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------X
:
MOORE MACRO FUND, LP, MOORE MACRO :
MARKETS FUND (MASTER), LP, SJL MOORE, :
LTD., JR MOORE, LP, LM MOORE LP, MF :
MOORE LP (formerly MOORE GLOBAL FIXED : Adv. Proc. Case No. 14-02021 (SCC)
INCOME FUND (MASTER) LP), MOORE :
GLOBAL INVESTMENTS, LTD., MOORE :
EMERGING MARKETS FUND (MASTER) LP, :
MOORE CAPITAL ADVISORS, L.L.C., and :
TRADE PROCESS CORPORATION, :
:
Plaintiffs, :
:
v. :
:
LEHMAN BROTHERS HOLDINGS INC., :
LEHMAN BROTHERS SPECIAL FINANCING :
INC., and LEHMAN BROTHERS :
COMMERCIAL CORPORATION, :
:
Defendants. :
------------------------------------------------------------X

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 34 and Federal Rule of Bankruptcy

Procedure 7034, Defendants Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers

Special Financing Inc. ("LBSF"), and Lehman Brothers Commercial Corporation ("LBCC," and

collectively "Lehman"), hereby responds and objects to the Second Request for Production of

Documents from the Plaintiffs Moore Macro Fund, LP, Moore Macro Markets Fund (Master),

LP, SJL Moore, Ltd., JR Moore, LP, LM Moore LP, MF Moore LP (formerly Moore Global Fixed Income Fund (Master) LP), Moore Global Investments, Ltd., Moore Emerging Markets Fund (Master) LP, Moore Capital Advisors, L.L.C., and Trade Process Corporation (collectively "Moore"), dated November 26, 2014 (individually, a "Request," and collectively, the "Requests") as follows:

## GENERAL OBJECTIONS

1.    These General Objections form a part of the response to each and every Request and are set forth here to avoid the duplication and repetition of restating them for each response. All responses are made subject to and without waiver of these Objections. Specific Objections to individual Requests are in addition to the General Objections set forth in this section.

2.    Lehman objects to each and all of the Requests to the extent that they seek documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity or protection from discovery afforded by law or by agreement. References herein to "non-privileged documents" shall include all documents not protected by such privileges.

3.    Lehman objects to each and all of the Requests, Definitions and Instructions to the extent that they purport to impose obligations upon Defendants beyond those required by the applicable Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure or the Local Civil Rules of this Court. Lehman will comply with the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the applicable Local Rules, and any order of the Court.

4.    Lehman objects to producing documents in the manner requested in paragraph 6 in the "Instructions" of the Requests, to the extent that it conflicts with the provisions of the

parties' Stipulated Joint Pretrial Scheduling Order so ordered by the Court on July 17, 2014 (the "Scheduling Order").

5.  Lehman objects to each and all of the Requests to the extent that they seek documents that are not relevant to the claims asserted by Moore to be resolved in the adversary proceeding to which this discovery relates or would otherwise be reasonably calculated to lead to the discovery of admissible evidence relating to Moore's claims.

6.  Lehman objects to each and all of the Requests as overbroad to the extent they seek Documents or information relating to transactions or claims between Lehman and counterparties other than Moore.

7.  Lehman objects to each and all of the Requests on the ground that they are overbroad and unduly burdensome, absent clarification and reasonable limitations placed on the scope of the search.

8.  By responding to any Request, Lehman is not admitting or agreeing with any characterizations made therein, or conceding the relevance or admissibility of anything requested in the Requests.

9.  Lehman's responses are without prejudice to, or waiver of, any arguments Lehman may later make or objections they may lodge concerning any discovery requests relating to the same or different subject matter that Moore may later serve.

10. Lehman reserves its right to supplement its Responses and Objections.

**SPECIFIC RESPONSES AND OBJECTIONS**

The following responses to the Requests are made subject to and without waiver of the foregoing General Objections, and such General Objections are incorporated into each response as though fully set forth therein. To the extent particular General Objections are restated in a

- 3 -

specific response, they are provided because they are particularly applicable to the specific request and such inclusion is not to be construed as a waiver of any other General Objection applicable to information falling within the scope of the request.

**REQUEST FOR PRODUCTION 1:** Documents sufficient to show the dates of any Valuation Statements (as that term is defined in Defendants' Answer, Counterclaims and Claim Objections) delivered to Lehman by any counterparty to any ISDA Master Agreement with Lehman, excluding the Moore Valuations.

**RESPONSE:** Lehman objects to this Request to the extent it is overly broad, unduly burdensome and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Lehman further objects to the Request to the extent it seeks documents protected by the attorney-client privilege and/or the work product doctrine. In light of these objections, Lehman declines to produce documents in response to this Request.

**REQUEST FOR PRODUCTION 2:** Documents sufficient to show the dates and amounts of payments by any counterparty (excluding the Moore Entities) to Lehman pursuant to any ISDA Master Agreement with Lehman, as reflected in the Valuation Statements referred to in Request No. 1.

**RESPONSE:** Lehman objects to this Request to the extent it is overly broad, unduly burdensome and seeks documents that are neither relevant to the parties' claims or defenses or the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Lehman further objects to the Request to the extent it seeks documents protected by the attorney-client privilege, the work product doctrine, and/or confidentiality agreements between Lehman and counterparties other than Moore. In light of these objections, Lehman declines to produce documents in response to this Request.

08-13555-mg    Doc 49721-6    Filed 05/26/15    Entered 05/26/15 16:31:10    Exhibit 4 to
Groothuis Declaration    Pg 6 of 7

- 5 -

Dated:  December 24, 2014
       New York, New York                  Respectfully submitted,

/s/ Tracy V. Schaffer

Jayant W. Tambe
Tracy V. Schaffer
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

ATTORNEYS FOR LEHMAN

## **CERTIFICATE OF SERVICE**

  I, I-Heng Hsu, certify that I caused the foregoing Responses and Objections to the Plaintiffs' Second Request for Production of Documents on December 24, 2014, on the following counsel by e-mail:

  Bennette D. Kramer, Esq.
  Jeffrey M. Eilender, Esq.
  Erik S. Groothuis, Esq.
  Samuel L. Butt, Esq.
  Schlam Stone & Dolan LLP
  26 Broadway
  New York, NY 10004
  Email: bdk@schlamstone.com
  Email: jme@schlamstone.com
  Email: egroothuis@schlamstone.com
  Email: sbutt@schlamstone.com

  Lauren Teigland-Hunt, Esq.
  Teigland-Hunt LLP
  127 West 24th Street
  New York, NY 10011
  Email: lth@t-hllp.com

Dated: December 24, 2014
    New York, New York

                */s/* I-Heng Hsu
                I-Heng Hsu