# Exhibit 8

Erik S. Groothuis
Partner

212 344-5400 Ext. 204
egroothuis@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400  Fax: 212 344-7677
schlamstone.com

February 10, 2015

By E-Mail: tschaffer@jonesday.com

Tracy V. Schaffer, Esq.
Jones Day
222 East 41st Street
New York, New York 10017-6072

Re:    *Moore Macro Fund, LP et al. v. Lehman Bros. Holding, Inc. et al.*, 14-ap-02021 (SCC)

Dear Tracy:

As a follow up to our meet-and-confer session and discovery conference before Judge Chapman on January 16, 2015, I write to memorialize the areas where I believe the parties reached agreement and to propose a resolution of the discovery dispute related to valuations Defendants ("Lehman") received from other counterparties.

## Documents Lehman agreed to produce

Lehman has agreed to produce the spreadsheets it previously provided on October 8, 2014 in connection with the October 23, 2014 mediation that relate to Lehman's disputed valuations. Lehman will also provide the underlying support for such valuations from the applicable industry-standard sources used in preparing such valuations, as described in section (c) of the attached proposal.

Concerning Lehman's historical, internal calculations of the amounts owed by Moore (the "Internal Values"), Lehman will provide Moore with documents concerning any Internal Values that were discussed between Moore and Lehman during 2009-14. However, Lehman did not agree to provide the Internal Values for any other disputed transactions and is relying on its work product privilege objection. Judge Chapman requested that you go back to the Lehman estate and see if there was some method by which you could accommodate Moore's request for additional Internal Values. Please let us know if Lehman's position has changed. If it has not, we should set up a briefing schedule.

## Confirmation that Lehman is not challenging Market Quotation trades

During the January 16 conference, you represented to us and to the Court that Lehman is not challenging any trades that Moore valued under the Market Quotation methodology. We have identified 8 Market Quotation trades on the list of trades that Lehman challenged

Tracy Schaffer
February 10, 2015
Page 2 of 3

for purposes of the mediation. Please confirm that these trades are no longer being challenged by Lehman. Here are the Market Quotation trades in question:

| Moore fund | Lehman entity | Lehman ID | Moore ID |
|---|---|---|---|
| Moore Macro ("MMF") | LBCC | 12805242 | LEHU048-04 |
| MMF | LBCC | 12562784 | LEHQ068-08 |
| MMF | LBSF | KTX1552520 | DADK1408LB |
| MMF | LBSF | 20318084 | SWAP40207 |
| TradePro ("TP") | LBCC | Multiple | EUR/JPY – 09/16/2008 |
| TP | LBCC | Multiple | JPY/USD – 09/16/2008 |
| TP | LBCC | Multiple | JPY/USD – 09/17/2008 |
| TP | LBCC | 12805243 | JPY/CAD – 09/08/2010 |

**Proposal related to valuations Lehman received from other counterparties**

After careful consideration by Moore, and solely for purposes of settling our discovery dispute, I attach to this letter a proposal to accommodate the Court's desire for a compromise on the dispute over valuations Lehman received from other counterparties. You will see that the proposal limits the scope to twenty-five trades. For the reasons previously asserted by letter and during our discovery conference, Moore believes it is entitled to all counterparty marks related to all of the terminated trades. Moore therefore submits this proposal without prejudice to its right to seek such information in the future.

Sincerely,

Erik S. Groothuis

Tracy Schaffer
February 10, 2015
Page 3 of 3

Attachments

Copies To:
Lauren Teigland-Hunt (by E-Mail)
Locke R. McMurray, Esq. (by E-Mail)
I-Heng Hsu, Esq. (by E-Mail)

# FOR DISCUSSION PURPOSES ONLY

**(a) Credit Default Swaps**

With respect to each transaction identified in the Appendix to this letter as a Credit Default Swap (each, a "Disputed CDS Transaction"):

(i) the termination value submitted to LBSF and/or LBCC by each Trading Counterparty pursuant to Section 6 of the governing ISDA Master Agreement for each transaction having:

  (A) the same reference entity as the Disputed CDS Transaction; and

  (B) a valuation date of September 15 or 16, 2008;

(ii) the confirmation evidencing each transaction described in (i);

(iii) all evidence supporting the termination value that was submitted to LBSF and/or LBCC by each such Trading Counterparty in respect of each such transaction; and

(iv) with respect to each termination value provided under (iii) above:

  (A) the time of day as of which the determinants of the termination value were obtained or determined by the Trading Counterparty; and

  (B) the scheduled termination date and outstanding notional amount of the transaction in question.

**(b) Commodity Option Transactions**

With respect to each transaction identified in the Appendix to this letter as a Commodity Option (each, a "Disputed Commodity Option Transaction" and, together with the Disputed CDS Transactions, the "Disputed Transactions"):

(i) the termination value submitted to LBSF and/or LBCC by each Trading Counterparty pursuant to Section 6 of the governing ISDA Master Agreement for each option transaction:

  (A) having the same reference asset as the Disputed Commodity Option Transaction;

1

(B) being an option of the same option style (e.g., American, Bermuda, European) as such Disputed Commodity Option Transaction;

(C) being an option of the same type as the Disputed Commodity Option Transaction (put or call);

(D) expiring within 15 days before or 15 days after such Disputed Commodity Option Transaction;

(E) having a strike price within 5% of the strike price of such Disputed Commodity Option Transaction; and

(F) a valuation date of September 15 or 16, 2008;

(ii) the confirmation evidencing each transaction described in (i);

(iii) all evidence supporting the termination value that was submitted to LBSF and/or LBCC by such Trading Counterparty in respect of each such transaction; and

(iv) with respect to each termination value provided under (iii) above:

(A) the time of day as of which the determinants of the termination value were obtained or determined by the Trading Counterparty; and

(B) the scheduled termination date and outstanding notional amount of the transaction.

For purposes of the foregoing, "Trading Counterparty" means:

(x) each of Bank of America, N.A., Merrill Lynch, Barclays Bank plc, BNP Paribas, Citibank, N.A., Credit Suisse International, Deutsche Bank A.G., Goldman Sachs International, HSBC Bank plc, JPMorgan Chase & Co., Morgan Stanley & Co. LLC, Natixis, Nomura International plc, The Royal Bank of Scotland plc, State Street Corporation, UBS AG, and any of their affiliates that designated an Early Termination Date against LBSF or LBCC;

(y) all hedge fund counterparties to LBSF and/or LBCC; and

(z) any person not described in (x) or (y) with which LBSF and/or LBCC executed a transaction to hedge or otherwise offset the risk associated with the relevant Disputed Transaction.

2

**(c)**     **All Disputed Transactions**

    In respect of each Disputed Transaction, Lehman's current valuation for such Disputed Transaction, the source (including the page, if relevant) of all data used by Lehman to determine its current valuation for such transaction and all trade terms, extrapolations and all other inputs used by Lehman when determining a value for such Disputed Transaction.