# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
:
**In re**                            :    Chapter 11
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :
:    Case No.: 08-13555 (JMP)
**Debtors.**                         :
:    (Jointly Administered)
:
------------------------------------ x

## NOTICE OF PARTIAL TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)

1.  TO:    HSBC Private Bank (Suisse) SA ("Transferor")
           9-17 Quai des Bergues
           P.O. Box 2888
           1211 Geneva 1
           SWITZERLAND

2.  Please take notice that your claims specified in the "Agreement and Evidence of Transfer of Claim" attached hereto as Exhibit A against Lehman Brothers Holdings Inc. have been transferred to:

    Silver Point Capital Fund, L.P. ("Transferee")
    c/o Silver Point Capital, L.P.
    2 Greenwich Plaza, First Floor
    Greenwich, CT 06830
    Attn: David F. Steinmetz

    All distributions and notices regarding the transferred portion of the claims should be sent to the Transferee at the above address, with a copy to:

    Davis Polk & Wardwell LLP ("Davis Polk")
    450 Lexington Avenue
    New York, NY 10017-3904
    Fax: 212-701-5800
    Attn: Adam VanWagner

3.  No action is required if you do not object to the partial transfer of your claims. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIMS, WITHIN 21 DAYS** OF THE DATE OF MAILING OF THIS NOTICE, YOU MUST:

08-13555-mg    Doc 49737    Filed 05/27/15    Entered 05/27/15 19:09:04    Main Document
                                                   Pg 2 of 6

--     **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

        United States Bankruptcy Court
        Southern District of New York
        Attn: Clerk of Court
        Alexander Hamilton Custom House
        One Bowling Green
        New York, NY 10004-1408

--     **SEND YOUR OBJECTION TO THE TRANSFEREE WITH A COPY TO DAVIS POLK.**

4.     If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING FOR THE TRANSFERRED PORTION OF THE CLAIMS.**

                                                      CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the Transferor, by first class mail, postage prepaid on _____, 2015.

Copy: (check) Claims Agent___ Transferee___ Debtors' Attorney___

                                        Clerk of the Court

# EXHIBIT A

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY</u>

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

      1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, HSBC Private Bank (Suisse) SA ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to Silver Point Capital Fund, LP (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to Proof of Claim Number 51762 filed by or on behalf of Seller (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>"), and (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto.

      2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

      3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

      4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.

#86701503v3

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ~~day of January 2015~~ 4/1/15.

| SELLER | PURCHASER |
|---|---|
| HSBC PRIVATE BANK (SUISSE) SA | SILVER POINT CAPITAL FUND, LP |
| By: _____ | By: _____ |
| Name: | Name: |
| Title: | Title: Michael A. Gatto |
| | Authorized Signatory |
| [Address] | c/o Silver Point Capital, L.P. |
| [City, State, Zip] | 2 Greenwich Plaza |
| | Greenwich, CT 06830 |
| HSBC Private Bank (Suisse) SA | Attn: David Steinmetz |
| 9 - 17 Quai des Bergues | Tel: (203) 542-4200 |
| Po Box 2888 | |
| 1211 Geneva 1 | |
| Switzerland | |

#86701503v3

Schedule 1

Transferred Claims

Purchased Claim

Please see below.

Lehman Programs Securities to which Transfer Relates

|    | Claim Number | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Currency | Principal/Notional Amount |
|----|----|----|----|----|----|----|----|
| 1. | 51762 | XS0264674549 | CA03336 | Lehman Brothers Treasury BV | Lehman Brothers Holdings Inc. | GBP | 3,765,000.00 |
| 2. | 51762 | XS0271141565 | CA03339 | Lehman Brothers Treasury BV | Lehman Brothers Holdings Inc. | GBP | 3,070,000.00 |
| 3. | 51762 | XS0314871293 | CA03382 | Lehman Brothers Securities NV | Lehman Brothers Holdings Inc. | GBP | 2,443,000.00 |
| 4. | 51762 | XS0326476693 | CA34353 | Lehman Brothers Treasury BV | Lehman Brothers Holdings Inc. | GBP | 924,000.00 |
| 5. | 51762 | XS0329670946 | CA03456 | Lehman Brothers Treasury BV | Lehman Brothers Holdings Inc. | AUD | 1,346,000.00 |
| 7. | 51762 | XS0277470943 | CA03341 | Lehman Brothers Treasury BV | Lehman Brothers Holdings Inc. | USD | 136,000.00 |

Schedule 1-1

#86701503v3