FOX ROTHSCHILD LLP
Mitchell Berns
Kathleen Aiello
Oksana Wright
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900

*Counsel to Federal Home Loan Bank of New York*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re                                  :            Chapter 11
                                       :
LEHMAN BROTHERS HOLDINGS,              :            Case No. 08-13555 (SCC)
INC., *et al.*,                        :
                                       :            (Jointly Administered)
                        Debtors.       :
------------------------------------------------------x

## MOTION OF FEDERAL HOME LOAN BANK OF NEW YORK SEEKING AUTHORITY TO AMEND ITS PROOFS OF CLAIM TO REDUCE THE AMOUNTS ASSERTED AGAINST THE DEBTORS

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Federal Home Loan Bank of New York ("FHLBNY"), by its attorneys, Fox Rothschild LLP, submits its motion (the "Motion"), for an order authorizing FHLBNY to amend its claims filed against Lehman Brothers Holding, Inc. ("LBHI") and its subsidiary Lehman Brothers Special Financing ("LBSF") (collectively, the "Debtors"):

### JURISDICTION

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).[1]

---

[1] On December 6, 2011, the Court entered an order confirming the Debtors' Plan of Reorganization [ECF No. 23023] (the "Confirmation Order"), which became effective on March 6, 2012. Pursuant to paragraph 86 of the Confirmation Order, other than in certain limited circumstances not applicable here, a proof of claim relating to a

2. Venue of this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Federal Rules of Bankruptcy Procedure 3001 and 7015.

**BACKGROUND**

4. On September 15, 2008, LBHI commenced a voluntary case with this Court under chapter 11 of the Bankruptcy Code. LBSF filed its voluntary chapter 11 case on October 3, 2008.

5. At the time of LBHI's filing, pursuant to a master agreement between FHLBNY and LBSF on the 1992 ISDA form dated as of April 5, 2000 ("Master Agreement"), FHLBNY held 356 complex interest rate swaps with LBSF ("Swaps"). FHLBNY used such swaps for hedging purposes. LBSF's obligations to FHLBNY were guaranteed by LBHI. LBHI's bankruptcy filing was an event of default under the Master Agreement. FHLBNY terminated the Swaps on September 18, 2008 ("Early Termination Date" or "ETD"), and replaced most of them shortly thereafter with new counterparties to maintain its hedges.

6. At the time of the termination, LBSF held about $510 million of FHLBNY's collateral. Upon replacing the Swaps and making other adjustments, FHLBNY experienced a net gain from the Swaps termination. The amount of that gain was less than the collateral value, resulting in a net amount due from LBSF and LBHI. FHLBNY filed the proofs of claim seeking approximately $65 million from LBSF or, in the alternative, from LBHI.

---

prepetition claim may not be filed or amended without the authority of the Court. Pursuant to Section 6.1, 9.1 and 13.1 of the Plan, LBHI was appointed as Plan Administrator for each of the Debtors and, in its capacity as Plan Administrator, is authorized to control and effectuate the claims reconciliation process with respect to claims filed against the Chapter 11 Entities.

7. On September 18, 2009, FHLBNY filed proof of claim numbers 19165 and 19166 ("Original Claims") reflecting amounts due to FHLBNY in connection with the termination of the Master Agreement. The Original Claims were timely filed in accordance with Federal Rule of Bankruptcy Procedure 3001 and the Bar Date Order.

8. On October 20, 2009, FHLBNY amended and replaced its Original Claims when it filed claim number 42290 in the amount of $64,889,951.59 against LBHI and claim number 42291 in the amount of $65,489,786.59 against LBSF (the "Amended Claims"). The Amended Claims have not been specifically allowed or disallowed by court order.

9. FHLBNY filed two separate claims against the Debtors to preserve its rights of recovery against LBSF, FHLBNY's counterparty under the Master Agreement, or, in the alternative, against LBHI, as guarantor of LBSF's obligations.[2]

10. The Amended Claims calculated FHLBNY's gain on termination by totaling the payments FHLBNY received from new counterparties upon replacing 285 swaps that were replaced by September 30, 2008. The calculation also accounted for swap payments and interest accrued to the Early Termination Date and other miscellaneous items, and credited FHLBNY for the collateral held by LBSF.

11. The calculation also accounted for 71 "unreplaced swaps" ("Unreplaced Swaps") which had not been replaced by September 30, 2008, corresponding with the end of FHLBNY's third quarter financial reporting period. FHLBNY estimated market values for those swaps as of September 19, 2008, one day after the ETD, valuing them at approximately $26.5 million in FHLBNY's favor.

---

[2] FHLBNY has never sought to recover a total amount of $130 million against the Debtors, as they appear to contend in their recently filed complaint.

3

12. FHLBNY now seeks to amend its previously filed proofs of claim against LBHI and LBSF to reflect a revised claim calculation that reduces FHLBNY's claim by approximately $20 million.

13. Forty-four of the 71 Unreplaced Swaps were in fact replaced during the period of October 1, 2008 through November 17, 2008. In the proposed claim amendments (the "Second Amended Claims"), FHLBNY has substituted the actual amounts received or paid by FHLBNY in replacing those 44 swaps for the estimated values used in the Amended Claims. For the 27 remaining Unreplaced Swaps that were never replaced, termination values are estimated as of the ETD.

14. The recalculation reduces FHLBNY's claim against LBSF to $45,491,534.16 plus unliquidated damages and interest and, in the alternative, against LBHI to $44,891,699.16 plus unliquidated damages and interest.[3]

15. FHLBNY's proofs of claim were prepared and submitted in good faith and calculated on the basis of FHLBNY's understanding of contractual requirements, and in a manner consistent with its accounting practices and financial reporting requirements. FHLBNY has decided to recalculate the termination values of all swaps replaced after September 30, 2008 using its actual replacement trade proceeds, rather than the estimated values employed in the original calculation. It has also adjusted the value estimation date for the remaining swaps that were never replaced by one day.

16. FHLBNY notified the Debtors of the reduced claim amount in January 2015, before they filed their complaint against FHLBNY in May 2015.

---

[3] The difference in claim amount against LBSF and LBHI is due to the fact that LBHI filed bankruptcy 16 days prior to LBSF and certain charges (interest) stopped accruing upon LBHI's bankruptcy filing.

4

17. The proposed amendment benefits the Debtors' estates and their other creditors by making more estate monies available for distribution.

18. On May 14, 2015 LBHI, in its capacity as Plan Administrator of LBSF, filed a complaint against FHLBNY (Adv. Pro. No. 15-01110 (SCC)) in which it acknowledges that FHLBNY had previously informed LBHI about its intent to reduce the amounts of its filed claims. FHLBNY's claims are disputed in the complaint.

19. FHLBNY seeks approval of its claim reduction by motion because the Debtors declined to proceed by stipulation, which FHLBNY sought to avoid unnecessary motion practice. The Debtors have agreed not to oppose this motion, provided their rights to contest, challenge, defend or object to the Second Amended Claims on any and all grounds are expressly reserved.

## RELIEF REQUESTED

20. FHLBNY seeks an order permitting it to amend its Amended Claims.

21. The requested amendments are appropriate. "Under the bankruptcy rules, courts may permit post-bar date amendments to timely filed proofs of claim." Aristeia Capital, LLC et al. v. Calpine Corp. (In re Calpine Corp.), 2007 WL 4326738 at *4 (S.D.N.Y. Nov. 21, 2007); see Fed. R. Bankr. P. 7015 (stating that Fed. R. Civ. P. 15, governing the amendment of pleadings, "applies in adversary proceedings"); Midland Cogeneration Venture LP v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 133 (2d Cir. 2005); In re Trans World Airlines, Inc., 145 F.3d 124, 141 (3d Cir. 1998) (noting that Rule 7015 leaves to the bankruptcy court's discretion the decision to grant or deny leave to amend claims). "It is well-settled that the decision to permit an amendment of a proof of claim rests within the sound discretion of the bankruptcy judge." In re McLean Industries, Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990).

22. The leading Second Circuit case addressing amendment of claims finds that a subsequent claim is an amendment, rather than a new claim, if it, "(1) corrects a defect of form in the original claim; (2) describes the original claim with greater particularity; or (3) pleads a new theory of recovery on the facts set forth in the original claim." McLean, 121 B.R. at 708; *citing* In re G.L. Miller & Co., 45 F.2d 115, 116 (2d Cir. 1930). In addition, the proposed amendments to the Claims have to be reasonably related to the Claims as filed, and are not a veiled attempt to file a new claim. See Bishop v. Leonard (In re Leonard), 112 B.R. 67, 71 (Bankr. D. Conn. 1990) (collecting cases); *see* In re G.L. Miller & Co., 45 F.2d at 116-17 (2d Cir. 1930).

23. The second part of the test examines whether the amendment is fair and equitable and imposes no undue hardship on a party, including factors such as the imposition of undue prejudice on the opposing party, the claimants bad faith or dilatory behavior, the creation of a windfall to other creditors by disallowing the amendment, harm or prejudice to other creditors, or inability to file the amended claim at the time the original claim was filed. Id. "[I]f an amendment does not seek recovery on any new or different claim, such amendment will be liberally granted absent overriding equitable concerns." Id.

24. Here, the Second Amended Claims are not new claims. Rather, they are directly related to the Amended Claims and seek to reduce the total claim amount asserted against the Debtors' estates.

25. Additionally, in its filed proofs of claim, FHLBNY expressly reserved its right to amend its claim amounts.

26. The proposed amendment will in no way prejudice the Debtors. The Debtors were informed about FHLBNY's reduction of its claims prior to the Debtors' filing of

6

its complaint against FHLBNY. No distribution has been made to FHLBNY nor have any decisions been entered allowing or disallowing FHLBNY's Amended Claims.

27. Furthermore, permitting the proposed amendments is fair and will impose no undue hardship on any party. Because the amount of the Second Amended Claims would be reduced, there would be more property of the estate available for distribution to other creditors.

28. For the foregoing reasons, FHLBNY should be permitted to file the Second Amended Claims. FHLBNY will submit the Second Amended Claims upon entry of the Court's order granting this Motion.

## NOTICE AND PROCEDURE

29. Contemporaneously with the filing of the Motion, FHLBNY filed with the Court and served by first class mail a notice of the relief requested in this Motion upon counsel for the Debtors and the Office of the United States Trustee.

30. FHLBNY respectfully submits that notice of this Motion is reasonable and appropriate, and that no other or further notice of the relief requested herein is warranted or required.

## NO PRIOR RELIEF

31. No previous application for the relief sought has been made to this or any other court.

**WHEREFORE**, FHLBNY respectfully requests that this Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>: (i) authorizing FHLBNY to file the Second Amended Claims; and (ii) granting FHLBNY such other and further relief as is just.

Dated:  New York, New York  
        June 1, 2015

FOX ROTHSCHILD LLP

*/s/ Mitchell Berns*
Mitchell Berns  
Kathleen M. Aiello  
Oksana Wright  
100 Park Avenue, 15th Floor  
New York, New York 10017  
(212) 878-7900

*Counsel to Federal Home Loan Bank of New York*