Arthur J. Steinberg
Scott Davidson
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036-4003
Phone: (212) 556-2100
Facsimile: (212) 556-2222
asteinberg@kslaw.com
sdavidson@kslaw.com

*Attorneys for Lehman Commercial Paper Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
| | : | |
| --- | --- | --- |
| **In re:** | : | |
| | : | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **Case No. 08-13555 (SCC)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------ x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING THE MOTION OF LEHMAN COMMERCIAL PAPER INC. PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE FOR APPROVAL OF SETTLEMENT AGREEMENT AMONG LEHMAN COMMERCIAL PAPER INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY AND FIRST AMERICAN TITLE INSURANCE COMPANY**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1.  On May 6, 2015, Lehman Commercial Paper Inc. ("LCPI") filed the Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code for Approval of Settlement Agreement among Lehman Commercial

Paper Inc., Fidelity National Title Insurance Company and First American Title Insurance Company [ECF No. 49416] (the "Motion") with the Court for hearing.

2. In accordance with the Second Amended Case Management Order, LCPI established a deadline (the "Response Deadline") for parties to object or file responses to the Motion. The Response Deadline was set for June 2, 2015 at 5:00 p.m. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadline has now passed and, to the best of my knowledge, no responsive pleadings to the Motion have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to LCPI.

4. Accordingly, LCPI respectfully requests that the proposed order granting the Motion annexed hereto as Exhibit A, which is unmodified since the filing of the Motion, be entered in accordance with the procedures described in the Second Amended Case Management Order.

DMSLIBRARY01:25764243.1

I declare that the foregoing is true and correct.

Dated: June 3, 2015
New York, New York

/s/ Scott I. Davidson
Scott I. Davidson

KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036-4003
Phone: (212) 556-2100
Facsimile: (212) 556-2222
sdavidson@kslaw.com

*Attorneys for Lehman Commercial Paper Inc.*

DMSLIBRARY01:25764243.1

## Exhibit A

Proposed Order

DMSLIBRARY01:25764243.1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
In re:                                                          :
                                                                :    **Chapter 11**
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :    Case No. 08-13555 (SCC)
                                                                :
              **Debtors.**                                :    (Jointly Administered)

------------------------------------------------------------------ x

**ORDER PURSUANT TO RULE 9019 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**AND SECTION 105(a) OF THE BANKRUPTCY CODE**
**APPROVING SETTLEMENT AGREEMENT AMONG LEHMAN**
**COMMERCIAL PAPER INC., FIDELITY NATIONAL TITLE INSURANCE**
**COMPANY AND FIRST AMERICAN TITLE INSURANCE COMPANY**

Upon the motion dated May 6, 2015 (the "Motion")[1] of Lehman Commercial Paper, Inc. ("LCPI"), seeking approval of a Settlement Agreement among LCPI, Fidelity National Title Insurance Company and First American Title Insurance Company, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and no objection having been filed by any party in interest; and upon consideration of the Motion, and the record and proceedings in these chapter 11 cases; and the Court having found and determined that the relief sought in the Motion is in the best interests of LCPI, its estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

DMSLIBRARY01:25764243.1

Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted, as set forth below.

2. Pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved.

3. LCPI is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and to perform any and all obligations contemplated therein.

4. At such time as the Settlement Agreement has been approved by both this Court and the California Bankruptcy Court, Fidelity and LCPI have agreed that the following pleadings filed in the above-captioned case shall be deemed withdrawn: *Fidelity National Title Insurance Company's Motion to Compel Compliance with Requirements of Title Insurance Policies Insuring Deeds of Trust Held by the Bankruptcy Estate of Debtor Lehman Commercial Paper Inc. Pursuant to Sections 105, 362, 365 and 1107 of the Bankruptcy Code* [Dkt. No. 11513]; *Objection to Fidelity National Title Insurance Company's Motion to Compel Compliance with Requirement of Title Insurance Policies Insuring Deeds of Trust Held By the Bankruptcy Estate of Debtor Lehman Commercial Paper Inc. Pursuant to Sections 105, 362, 365 and 1107 of the Bankruptcy Code* [Dkt. No. 14398]; and *Joinder of the Official Committee of Unsecured Creditors to LCPI's Objection to Fidelity National Title Insurance Company's Motion to Compel Compliance With Requirements of Title Insurance Policies Insuring Deeds of Trust Held By the Bankruptcy Estate of Debtor Lehman Commercial Paper Inc. Pursuant to Sections 105, 362, 365 and 1107 of the Bankruptcy Code* [Dkt. No. 14462].

5.   The terms of this Order shall be immediately effective and enforceable upon its entry.

6.   Notice of the Motion as provided therein shall be deemed good and sufficient notice thereof.

7.   The Court shall retain jurisdiction with respect to any matters, rights or disputes arising from or related to the implementation of this Order.

Dated:   New York, New York
         _____, 2015

                                          _____
                                          HON. SHELLEY C. CHAPMAN
                                          UNITED STATES BANKRUPTCY JUDGE