DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Tel.: (212) 698-3500
Fax: (212) 698-3599
Shmuel Vasser
Janet Bollinger Doherty
*Attorneys for Russell Investments*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- X
                                      :
In re:                               :
                                      : Chapter 11 Case No. 08-13555 (SCC)
LEHMAN BROTHERS HOLDINGS INC, *et al.*  :
                                      : (Jointly Administered)
Debtors.                          :
                                      :
-------------------------------------------------------- X

**LIMITED OBJECTION OF RUSSELL INVESTMENTS TO MOTION OF**
**LEHMAN BROTHERS HOLDINGS INC. FOR EXTENSION OF THE**
**PERIOD TO FILE OBJECTIONS TO AND REQUESTS TO ESTIMATE CLAIMS**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

Russell Investments ("**Russell**"), by its undersigned counsel, hereby submits this

Limited Objection (the "**Second Objection**") to the Motion of Lehman Brothers Holdings

Inc. for Extension of the Period to File Objections to and Requests to Estimate Claims (the

"**Second Motion**")[1] [Dkt. No. 49709] filed May 25, 2015 by Lehman Brothers Holdings Inc.

("**LBHI**") as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors.  Russell respectfully represents as

follows:

1.      Various Russell entities affiliated with Russell (the "**Russell Entities**") have

filed 93 proofs of claim in the Debtors' chapter 11 cases.  As of the date of this Second

---
[1]   Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Second
Motion.

21120575

Objection, the Russell Entities have 12 proofs of claim which have yet to be Allowed or

Disallowed under the Plan.

2.      On November 1, 2013, the Plan Administrator filed the Motion of Lehman

Brothers Holdings Inc. for Extension of the Period to File Objections to and Requests to

Estimate Claims (the "**First Motion**") [Dkt. No. 40939] requesting an extension of the

Objection Deadline to September 6, 2015.

3.      On November 14, 2013, the Russell filed an objection to the First Motion (the

"**First Objection**") [Dkt. No. 41009].

4.      On November 25, 2015, the Court entered an order approving the Objection

Deadline to September 6, 2015 (the "**First Extension Order**") [Dkt. No. 41286].[2]

5.       The Russell Entities have only had two claims resolved since the First

Extension Order, and still have twelve unresolved claims (the "**Unresolved Claims**").

6.      Before filing the Second Objection, counsel for the Russell Entities reached

out to counsel for the Plan Administrator for more information on the status of the

Unresolved Claims and on whether there is a process based plan to deal with claim

objections.  Counsel for the Plan Administrator indicated that the Plan Administrator intends

to file pleadings with respect to the Unresolved Claims on or before June 12, 2015.

---

[2]      Although the Court entered the First Extension Order, Judge Peck made it crystal clear, however, that LBHI should
develop a work plan, available to the parties, as to how it intends to utilize the extension of time to address the
unresolved claims.  See 11/26/ 13 Tr. at 84-85 (ECF 41343)  ("So what I'm going to suggest in the context of
granting this relief is that there also be a better window into the process so that parties who are anxious to have
their claims resolved might have some ability to understand why it's not yet timely for their claim to be resolved or
it may be timely and for there to be some broad-based work plan available for public dissemination or private
dissemination with confidentiality to the extent that this may be sensitive information, as to how the plan
administrator intends, over the period of time between March of 2014 and September, 2015, to use that time in an
efficient and fair way.").

Judge Peck further emphasized: "[T]his is a process-based motion and there should be a process-based response to
it, not only for those who have objected, but for anybody who may feel aggrieved.  So I'm going to propose that
the debtor, plan administrator, with counsel and advisors come up with -- if they don't already have it – a plan.  I
don't know if such a plan exactly exists as we speak it may, it may not, but if it doesn't exist, it should[.]" Id. at
85.  Russell is not aware whether any such plan has been developed.

7.      Based on the forgoing the Russell Entities consent to the extension of the

Objection Deadline with respect of the Unresolved Claims to and including July 15, 2015.[3]

8.      Russell reserves any and all applicable rights at law and/or equity, all claims,

and all defenses, and the right to amend or supplement this Second Objection and to join in

the objection of any other party to the Second Motion.


[*Remainder of Page Intentionally Left Blank*]

---

[3]      The Russell Entities have been waiting since September 2008 to have their claims against the various Debtors addressed and to receive their distributions under the Plan.   The Debtors and their professionals have had almost six years and extraordinary resources since the passing of the general bar date for filing proofs of claim to evaluate, reconcile and if necessary, object to proofs of claim.  Indeed, the Debtors will have three and a half years after the Effective Date of the Plan to address such claims, and if the Court grants the relief requested in the Second Motion, five years after the Effective Date of the Plan. LBHI is now asking creditors with unresolved claims to wait up to and until March 2017, with the possibility of further extensions, to have their claims resolved.  In other words, pursuant to the relief requested in the Second Motion, Russell may not have resolution of their claims against the Debtors until almost eight and a half years after the chapter 11 filings, with the prospect of even further extensions. Given the time that has passed since the filing of the proofs of claim and the exceptional amount of resources available to the Plan Administrator, the Plan Administrator should by now be in a position to place the Russell Entities on notice of any amounts that the Plan Administrator disputes with respect to the claims filed by the Russell Entities.

WHEREFORE, Russell requests that with respect to the Unresolved Claims, the relief

sought by Second Motion be limited by extending the Objection Deadline to July 15, 2015

and that the Court grant Russell such other and further relief as is just and proper.

Dated: New York, New York
      June 3, 2015                           Respectfully Submitted,

                                        DECHERT LLP

                                        By: */s/ Shmuel Vasser*
                                           Shmuel Vasser
                                           Janet Bollinger Doherty

                                        1095 Avenue of the Americas
                                        New York, NY  10036
                                        Tel.: (212) 698-3500
                                        Fax: (212) 698-3599
                                        shmuel.vasser@dechert.com
                                        janet.doherty@dechert.com

                                        *Attorneys for Russell Investments*