WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :    08-13555 (SCC)
                                               :
                          Debtors.             :    (Jointly Administered)
------------------------------------------------------------------ x
```

### NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S OBJECTION TO CLAIM NUMBERS 11013, 11014 AND 21973 (RELEASED CLAIMS)

**PLEASE TAKE NOTICE** that on June 8, 2015 Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of*

*Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for the entities in the above-referenced

chapter 11 cases, filed the objection (the "Objection") to claim numbers 11013, 11014, and

21973 of Lehman Brothers International (Europe) ("LBIE"), and that a hearing (the "Hearing")

to consider the Objection will be held before the Honorable Shelley C. Chapman, United States

Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004, on **July 22, 2015 at**

**10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest,

on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or

any other Windows-based word processing format (with a hard copy delivered directly to

Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i)

the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York

10004, Courtroom 623; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth

Avenue, New York, New York 10153 (Attn: Garrett A. Fail, Esq., Maurice Horwitz, Esq., and

Alexander Woolverton, Esq.) and (iii) the Office of the United States Trustee for Region 2, U.S.

Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn:

William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so

filed and received by no later than **July 8, 2015 at 4:00 p.m. (Prevailing Eastern Time)** (the

"Response Deadline").

WEIL:\95357881\3\58399.0011

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Objection or any claim set forth thereon, the Plan Administrator may,

on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the

form of the proposed order annexed to the Objection, which order may be entered with no further

notice or opportunity to be heard offered to any party.

Dated:    June 8, 2015
          New York, New York

                                        /s/ Garrett A. Fail
                                        Garrett A. Fail

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        *Attorneys for Lehman Brothers Holdings Inc.*
                                        *and Certain of Its Affiliates*

WEIL:\95357881\3\58399.0011

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------ x
In re                                                  :    Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., et al.,                 :    08-13555 (SCC)
                                                       :
                                        Debtors.       :    (Jointly Administered)
------------------------------------------------------------------ x
```

### THE PLAN ADMINISTRATOR'S OBJECTION
### TO CLAIM NUMBERS 11013, 11014 AND 21973 (RELEASED CLAIMS)

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the

*Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its*

*Affiliated Debtors* (the "Plan")[1] for the entities in the above-referenced chapter 11 cases

(collectively, the "Chapter 11 Estates"), respectfully represents as follows:

### Relief Requested

1.         As of October 27, 2011, Lehman Brothers International (Europe) (in

administration) ("LBIE") was the holder of proof of claim number 11014 against Lehman

Brothers Special Financing Inc. ("LBSF"), and claim numbers 11013 and 21973 against LBHI

(collectively, the "Released Claims").  Claim numbers 11013 and 21973 are guarantee claims in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

the amount of $42,760,579.09 and $51,008,465.12, respectively.  Claim number 11014 sought $42,760,579.09 based on a derivatives contract.

2.      Pursuant to a settlement agreement, dated as of October 24, 2011 (which became effective on March 6, 2012), between, among others, LBIE and the Debtors, the Released Claims were unconditionally and irrevocably released.  Accordingly, the Plan Administrator files this objection pursuant to sections 502(b) the Bankruptcy Code, Rule 3007(d) of the Bankruptcy Rules, and this Court's order approving procedures for the filing of objections to proofs of claim filed in these chapter 11 cases (ECF No. 6664), seeking disallowance and expungement of the Released Claims pursuant to the form of order attached hereto as <u>Exhibit C</u>.

## **Jurisdiction**

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## **Background**

4.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On September 9, 2009, Anthracite Balanced Company (46) Ltd. filed claims 11014 and 11013 against LBSF and LBHI, respectively.  On September 21, 2009, Anthracite Investments (Cayman) Ltd. filed claim 21973 against LBHI.  The Released Claims were subsequently transferred to Hua An International Balanced Fund.  (*See* Transfer Notices attached hereto as <u>Exhibit A</u>.)

WEIL:\95357881\3\58399.0011

6.      On July 7, 2013, LBIE filed transfer notices indicating that as of October 27, 2011, the Released Claims had been transferred by Hua An International Balanced Fund to LBIE.  (*See* Transfer Notices attached hereto as <u>Exhibit B</u>.)

7.      As of October 24, 2011, LBIE, the Debtors, and certain other parties entered into that certain settlement agreement (the "<u>LBIE Settlement</u>") pursuant to which the Debtors and LBIE resolved substantially all disputes and outstanding issues between them.  (*See* ECF No. 21254.)  Pursuant to the LBIE Settlement, numerous claims were allowed against the Debtors, (*see* LBIE Settlement §§ 2; 1 (definition of "Allowed Claims")), and LBIE, respectively.  (*See id* §§ 2; 1 (definition of "Admitted Claims").)  The LBIE Settlement additionally contained a release that stated:

> Upon the occurrence of the Effective Date, except with respect to (1) the Allowed Claims and the Admitted Claims and any rights and distribution entitlements in respect thereof, . . . and (4) the Excluded Items, . . . [LBIE] . . . hereby fully and forever releases, discharges and acquits [the Debtors] from [***all manners of action, causes of action, judgments, executions, debts, liabilities, demands, rights, damages, costs, rights, expenses, and claims of every kind, nature, and character whatsoever ("Causes of Action")***] (including in respect of any derivative claim by any third party or representative of [LBIE's] estate), whether at law or in equity, whether based on contract (including quasi-contract, guarantee, indemnity or estoppel), statute, regulation, tort or otherwise . . . accrued or unaccrued, foreseen or unforeseen, foreseeable or unforeseeable, ***known or unknown***, matured or unmatured, ***fixed or contingent, liquidated or unliquidated, certain or contingent***, in each case, ***that arise from, are based on, connected with, alleged in or related to any facts or circumstances in existence prior to the date hereof***, including . . . all Causes of Action against [the Debtors], arising from, in connection with, or relating to any Causes of Action against any other entity (whether or not a Party) existing as of the date hereof.

*Id.* § 8.01.  Each of the Released Claims is neither an Allowed Claim, an Admitted Claim, nor an Excluded Item.

WEIL:\95357881\3\58399.0011

8.      On December 6, 2011, the Court entered an order confirming the Plan.

The Plan and the LBIE Settlement became effective on March 6, 2012.  (*See id.* § 1.01

(definition of "Effective Date").)

9.      Pursuant to the Plan, the Plan Administrator is authorized to interpose and

prosecute objections to claims filed against the Chapter 11 Estates.

### The Released Claims Should Be Disallowed and Expunged

10.      A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

2007 WL 601452, at *5 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R.

524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides, in

relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable

against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C.

§ 502(b)(1).

11.      The Released Claims are unenforceable because they have been

unconditionally released pursuant to the LBIE Settlement.  Releases are construed—like other

contract provisions—according to their plain language.  *See, e.g.*, *AG Capital Funding Partners,*

*L.P. v. State St. Bank & Trust Co.*, 896 N.E.2d 61, 61, 65, 66 (N.Y. 2008) (holding that contract-

based claims against an indenture trustee were "barred by a release previously executed by

plaintiffs as part of a bankruptcy settlement").  Broad releases are given their full breadth,

covering particular claims that are implicit in their language but not specifically identified.  *See*

*Centro Empresarial S.A. v. Am. Movil, S.A.B. de C.V.*, 952 N.E.2d 995, 1000 (N.Y. 2011) ("The

broad language of the release reaches 'all manner of actions . . . whatsoever . . . whether past,

WEIL:\95357881\3\58399.0011

present or future, actual or contingent, arising under or in connection with the [underlying contract] and/or arising out of . . . the ownership of membership interests in [the subject company]. The phrases 'all manner of actions,' in conjunction with the reference to 'future' and 'contingent' actions, indicates an intent to release defendants from fraud claims, like this one, unknown at the time of contract." (quoting the contractual release provision; citations omitted)). The term "related to" is broadly defined and construed. *E.g.*, *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992) ("The ordinary meaning of ['relating to'] is a broad one—'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with . . . .'"); *Allied Irish Banks, p.l.c. v. Bank of Am., N.A.*, 875 F. Supp. 2d 352, 356 (S.D.N.Y. 2012) ("In various contexts, courts have recognized that the term 'relate to' has a 'broad' meaning, including merely having 'a connection with' the designated item.") (citations omitted).

12.    The Released Claims fall squarely within the scope of the release contained in the LBIE Settlement. The Released Claims constitute "known" claims that were held by LBIE as of four months before the Effective Date of the LBIE Settlement and arose from, are "based on, connected with, alleged in [and] relate to . . . facts or circumstances in existence prior to the date" of the LBIE Settlement. (LBIE Settlement § 8.01.) Their disposition is not specifically provided for in the LBIE Settlement other than in the release. Accordingly, the Released Claims have been irrevocably and unconditionally released, and the Plan Administrator respectfully requests that the Court disallow and expunge the Released Claims.

## Reservation of Rights

13.    The Plan Administrator reserves all rights to object to disallow or reduce or move to subordinate, in each case on any bases, any Released Claim as to which the Court does not grant the relief requested herein. The Plan Administrator reserves the right to conduct

5

discovery as to the Released Claims and any matters raised by LBIE and to supplement this and other filings as a result thereof.

## Notice

14.    No trustee has been appointed in these chapter 11 cases.  Notice of this objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) LBIE; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

15.    No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 8, 2015
       New York, New York

　　　　　　　　　　　　　　　　*/s/ Garrett A. Fail*
　　　　　　　　　　　　　　　　Garrett A. Fail

　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　　New York, New York 10153
　　　　　　　　　　　　　　　　Telephone: (212) 310-8000
　　　　　　　　　　　　　　　　Facsimile: (212) 310-8007

　　　　　　　　　　　　　　　　*Attorneys for Lehman Brothers Holdings Inc.*
　　　　　　　　　　　　　　　　*and Certain of Its Affiliates*

WEIL:\95357881\3\58399.0011

**Exhibit A**

Form 210A (10/06)

# United States Bankruptcy Court

<u>Southern</u>    **District Of**    <u>New York</u>

In re <u>Lehman Brothers Holdings Inc., et al</u>    Case No.    <u>08-13555</u>

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 1 I U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Hua An International Balanced Fund</u>

Name of Transferee

<u>Anthracite Balanced Company (46) Limited</u>

Name of Transferor

Name and Address where notices to transferee
should be sent:    Zhang Haimo
　　　　　　　　Hua An Fund Management Co Ltd
　　　　　　　　2F, New Shanghai International Tower
　　　　　　　　360 South Pudong Road, Shanghai
　　　　　　　　200120 P.R. China

Court Claim# (if known): 11013
Amount of Claim:　　　$42,760,579.09
Date Claim Field:　　　09/09/2009

Phone:　+86 2138 9699 08

Last Four Digits of Acct #: _____

Phone:　+1 345 914 7525

Last Four Digits of Acct. #:

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: __2010.12.30__
Transferee/Transferee's Agent

*Penaliy0r making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.



Form 210A (10/06)

# United States Bankruptcy Court

__Southern__   District Of   __New York__

In re  __Lehman Brothers Holdings__   Case No.  __08-13555__

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| __Hua An International Balanced Fund__ | __Anthracite Balanced Company (46) Limited__ |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
should be sent:    Zhang Haimo
                Hua An Fund Management Co Ltd,
                2F, New Shanghai International Tower,
                360 South Pudong Road, Shanghai
                200120  P.R. China

Court Claim# (if known): 11014
Amount of Claim: $42,760,579.90
Date Claim Field: 09/09/2009

Phone:  __+86 2138 9699 08__
Last Four Digits of Acct.#: _____

Phone:  __+1 345 914 7525__
Last Four Digits of Acct.#: _____

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acc.#: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  ZHANG HAIMO     Date: __16th Dec 2009__
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

UKActive 14063982.1

Form 210A (10/06)

# United States Bankruptcy Court

<u>Southern</u>    District Of    <u>New York</u>

In re <u>Lehman Brothers Holdings</u>    Case No. <u>08-13555</u>

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Hua An International Balanced Fund</u>
Name of Transferee

<u>Anthracite Investments (Cayman) Limited</u>
Name of Transferor

Name and Address where notices to transferee
should be sent:    Zhang Haimo
          Hua An Fund Management Co Ltd,
          2F, New Shanghai International Tower,
          360 South Pudong Road, Shanghai
200120  P.R. China

Court Claim# (if known): 21973
Amount of Claim: $51,008,465.12
Date Claim Field:  21/09/2009

Phone:  <u>+86 2138 9699 08</u>
Last Four Digits of Acct.#:_____

Phone:  <u>+1 345 914 7525</u>
Last Four Digits of Acct.#:_____

Name and Address where transferee payments
should be sent (if different from above):

Phone:_____
Last Four Digits of Acc.#:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____ ZHANG HAIMO    Date:_<u>16th Dec 2009</u>
     Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

UKActive 14063696.1

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x
                                            :
In re                                       :      **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :      **08-13555 (JMP)**
                                            :
                        **Debtors.**        :      **(Jointly Administered)**
                                            :
-------------------------------------------------------------------------------x

### NOTICE OF TRANSFER OF CLAIM
### PURSUANT TO RULE 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE (**Lehman Brothers Holdings Inc.,
Debtor, Case No. 08-13555**) or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives
evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., that on October 27, 2011 the
Transferor effectuated a transfer, other than for security, of the claim referenced in this evidence and
notice.

<table>
<tr><td align="center">Name of Transferee:<br>Lehman Brothers International (Europe)<br>(in administration)</td><td align="center">Name of Transferor:<br>HUA AN INTERNATIONAL BALANCED<br>FUND</td></tr>
<tr><td align="center">Proof of Claim Amount<br>$42,760,579.09</td><td align="center">Proof of Claim No.<br>11013</td></tr>
</table>

You are hereby requested to make all future payments and distributions, and to give all
notices and other communications, in respect of the Claim to the Transferee at the address below.

TRANSFEREE:    LEHMAN BROTHERS INTERNATIONAL (EUROPE) (IN ADMINISTRATION) ATTN:
Address:       ANTHONY V. LOMAS, JOINT ADMINISTRATOR
               LEVEL 23
               2S CANADA SQUARE
               LONDON, E14 5LQ
               UNITED KINGDOM

I declare under penalty of perjury that the information provided in this evidence and
notice is true and correct to the best of my knowledge and belief.

**Lehman Brothers International (Europe) (in administration)**

By:         _____        Date: July 5, 2013
Name:       RUSSEL DOWNS
Title:      JOINT ADMINISTRATOR

*Penalty for making a false statement: fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------------x
                                                      :
In re                                                 :    **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*          :    **08-13555 (JMP)**
                                                      :
                        **Debtors.**                  :    **(Jointly Administered)**
                                                      :
-------------------------------------------------------------------------------x

## NOTICE OF TRANSFER OF CLAIM
### PURSUANT TO RULE 3001(e)(2)

       A CLAIM HAS BEEN FILED IN THIS CASE (**Lehman Brothers Special Financing Inc., Debtor, Case No. 08-13888**) or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., that on October 27, 2011 the Transferor effectuated a transfer, other than for security, of the claim referenced in this evidence and notice.

<table>
<tr>
<td align="center">Name of Transferee:<br>Lehman Brothers International (Europe)<br>(in administration)</td>
<td align="center">Name of Transferor:<br>HUA AN INTERNATIONAL BALANCED<br>FUND</td>
</tr>
<tr>
<td align="center">Proof of Claim Amount<br>$42,760,579.09</td>
<td align="center">Proof of Claim No.<br>11014</td>
</tr>
</table>

       You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Transferee at the address below.

TRANSFEREE:    LEHMAN BROTHERS INTERNATIONAL (EUROPE) (IN ADMINISTRATION) ATTN:
Address:       ANTHONY V. LOMAS, JOINT ADMINISTRATOR
               LEVEL 23
               2S CANADA SQUARE
               LONDON, E14 SLQ
               UNITED KINGDOM

       I declare under penalty of perjury that the information provided in this evidence and notice is true and correct to the best of my knowledge and belief.

**Lehman Brothers International (Europe) (in administration)**


By: _____        Date: July 5, 2013
Name: ~~RUSSELL DOWNS~~
Title: ~~JOINT ADMINISTRATION~~

*Penalty for making a false statement: fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------------x
                                                        :
**In re**                                               :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**              :        **08-13555 (JMP)**
                                                        :
                                **Debtors.**            :        **(Jointly Administered)**
                                                        :
--------------------------------------------------------------------------------x

**NOTICE OF TRANSFER OF CLAIM**
**PURSUANT TO RULE 3001(e)(2)**

A CLAIM HAS BEEN FILED IN THIS CASE (**Lehman Brothers Holdings Inc.,**
**Debtor, Case No. 08-13555**) or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives
evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., that on October 27, 2011 the
Transferor effectuated a transfer, other than for security, of the claim referenced in this evidence and
notice.

Name of Transferee:                     Name of Transferor:
Lehman Brothers International (Europe)   HUA AN INTERNATIONAL BALANCED
(in administration)                     FUND

Proof of Claim Amount                   Proof of Claim No.
$51,008,465.12                          21973

You are hereby requested to make all future payments and distributions, and to give all
notices and other communications, in respect of the Claim to the Transferee at the address below.

TRANSFEREE:     LEHMAN BROTHERS INTERNATIONAL (EUROPE) (IN ADMINISTRATION) ATTN:
Address:        ANTHONY V. LOMAS, JOINT ADMINISTRATOR
                LEVEL 23
                2S CANADA SQUARE
                LONDON, E14 SLQ
                UNITED KINGDOM

I declare under penalty of perjury that the information provided in this evidence and
notice is true and correct to the best of my knowledge and belief.

**Lehman Brothers International (Europe) (in administration)**

By: _____                 Date: July 5 , 2013
Name: _____
Title: _____

*Penalty for making a false statement: fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.*

US_ACTIVE:\44276737\1\58399.0011

**<u>Exhibit C</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                    :        Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :        08-13555 (SCC)
                                                         :
                                    Debtors.             :        (Jointly Administered)
------------------------------------------------------------------ x

### ORDER GRANTING OBJECTION TO
### CLAIM NUMBERS 11013, 11014 AND 21973 (RELEASED CLAIMS)

Upon the objection to claim numbers 11013 and 11014, filed by Lehman Brothers

International (Europe) (in administration) ("LBIE"), dated June 8, 2015 (the "Objection"),[1] of

Lehman Brothers Holdings Inc., as *Plan Administrator under the Modified Third Amended Joint*

*Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*, seeking to

disallow and expunge claim numbers 11013, 11014, and 21973 (the "Released Claims") pursuant

to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of

the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim (ECF No. 6664), all as more fully described in

the Objection; and due and proper notice of the Objection having been provided as stated therein,

and it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Objection is in the best interests of the Chapter 11

Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Objection establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Objection.

ORDERED that, that, pursuant to section 502(b) of the Bankruptcy Code, the

Released Claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety

with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

WEIL:\95357881\3\58399.0011

**EXHIBIT 1 - RELEASED CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | LEHMAN BROTHERS INTERNATIONAL (EUROPE) | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/09/2009 | 11013 | $42,760,579.09 * | $42,760,579.09 * | No Liability |
| 2 | LEHMAN BROTHERS INTERNATIONAL (EUROPE) | 08-13888 (SCC) | Lehman Brothers Special Financing Inc. | 09/09/2009 | 11014 | $42,760,579.09 * | $42,760,579.09 * | No Liability |
| 3 | LEHMAN BROTHERS INTERNATIONAL (EUROPE) | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21973 | $51,008,465.12 | $51,008,465.12 | No Liability |