**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

In re:                                              :

                                                    :        **Chapter 11**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        **Case No. 08-13555 (SCC)**

                                                    :

Debtors.                                   :        **(Jointly Administered)**

----------------------------------------------------------------x

## ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND SECTION 105(a) OF THE BANKRUPTCY CODE APPROVING SETTLEMENT AGREEMENT AMONG LEHMAN COMMERCIAL PAPER INC., FIDELITY NATIONAL TITLE INSURANCE COMPANY AND FIRST AMERICAN TITLE INSURANCE COMPANY

Upon the motion dated May 6, 2015 (the "Motion")[1] of Lehman Commercial Paper, Inc.

("LCPI"), seeking approval of a Settlement Agreement among LCPI, Fidelity National Title

Insurance Company and First American Title Insurance Company, all as more fully described in

the Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided, and it appearing that no other or further notice need be

provided; and no objection having been filed by any party in interest; and upon consideration of

the Motion, and the record and proceedings in these chapter 11 cases; and the Court having

found and determined that the relief sought in the Motion is in the best interests of LCPI, its

estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the

---
[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor, it is hereby ORDERED that:

1.    The Motion is granted, as set forth below.

2.    Pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved.

3.    LCPI is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and to perform any and all obligations contemplated therein.

4.    At such time as the Settlement Agreement has been approved by both this Court and the California Bankruptcy Court, Fidelity and LCPI have agreed that the following pleadings filed in the above-captioned case shall be deemed withdrawn: *Fidelity National Title Insurance Company's Motion to Compel Compliance with Requirements of Title Insurance Policies Insuring Deeds of Trust Held by the Bankruptcy Estate of Debtor Lehman Commercial Paper Inc. Pursuant to Sections 105, 362, 365 and 1107 of the Bankruptcy Code* [Dkt. No. 11513]; *Objection to Fidelity National Title Insurance Company's Motion to Compel Compliance with Requirement of Title Insurance Policies Insuring Deeds of Trust Held By the Bankruptcy Estate of Debtor Lehman Commercial Paper Inc. Pursuant to Sections 105, 362, 365 and 1107 of the Bankruptcy Code* [Dkt. No. 14398]; and *Joinder of the Official Committee of Unsecured Creditors to LCPI's Objection to Fidelity National Title Insurance Company's Motion to Compel Compliance With Requirements of Title Insurance Policies Insuring Deeds of Trust Held By the Bankruptcy Estate of Debtor Lehman Commercial Paper Inc. Pursuant to Sections 105, 362, 365 and 1107 of the Bankruptcy Code* [Dkt. No. 14462].

5. The terms of this Order shall be immediately effective and enforceable upon its entry.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice thereof.

7. The Court shall retain jurisdiction with respect to any matters, rights or disputes arising from or related to the implementation of this Order.

Dated: New York, New York
June 9, 2015

/S/ Shelley C. Chapman
HON. SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE