Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,

Case No. 08-13555 (SCC)
(Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee

Deutsche Bank AG, London Branch

Name of Transferor

Bank J. Safra Sarasin (Gibraltar) Ltd. (formerly known as Bank J. Safra Gibraltar Ltd)

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 2400
Fax: +44 113 336 2010
Attention: Michael Sutton
E-mail: Michael.sutton@db.com

Court Claim # (if known): 46053

Amount of Claim (transferred):

USD 120,000.00 in principal amount of ISIN XS0277470943 (plus all interest, costs and fees relating to this claim)

Date Claim Filed: 26 October 2009

Tel: N/A

Last Four Digits of Acct. #: N/A

Last Four Digits of Acct. #: N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 10 June 2015

Transferee/Transferee's Agent

Simon Glennie
Director

Duncan Robertson
Managing Director

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

*FULL Transfer of LBHI Claim # 46053*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Bank J. Safra Sarasin (Gibraltar) Ltd.** (formerly known as **Bank J. Safra Gibraltar Ltd**) ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 hereto, in Seller's right, title and interest in and to Proof of Claim Number 46053 filed by or on behalf of Seller (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; or, alternatively, Seller has been duly authorized to sell, transfer and assign the Transferred Claims by the owner of Transferred Claims who has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by such owner or against such owner; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) neither Seller nor any of its predecessors-in-title has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) the Transferred Claims are Class 5 Senior Third Party Guarantee Claims; (h) on April 17, 2012 Seller received the first distribution relating to the Transferred Claims totaling the amount of $ 2,261.66, on October 1, 2012 Seller received the second distribution relating to the Transferred Claims totaling the amount of $1,526.21, on April 4, 2013 Seller received the third distribution relating to the Transferred Claims totaling the amount of $1,927.72, on October 3, 2013 Seller received the fourth distribution relating to the Transferred Claims totaling the amount of $2,285.52, on April 3, 2014 Seller received the fifth distribution relating to the Transferred Claims totaling the amount of $2,482.61, on October 2, 2014 Seller received the sixth distribution relating to the Transferred Claims totaling the amount of $1,863.20, on April 5, 2015 Seller received the seventh distribution relating to the Transferred Claims totaling the amount of $1,271.52 and Seller has received a distribution paid on or about May 8, 2013 in the amount of $1,088.11, a distribution paid on or about October 28, 2013 in the amount of $442.82, a distribution paid on or about April 28, 2014 in the amount of $479.45 a distribution paid on or about October 27, 2014 in the amount of $367.20 and a

DB Ref: 16613(1)

distribution paid on or about April 28, 2015 in the amount of $247.25 by Lehman Brothers Treasury Co. B.V., with respect to the securities relating to the Transferred Claims; and (i) other than the distributions set out herein, Seller has not received any distributions in respect of the Transferred Claims and/or Purchased Security.

       3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

       4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

       5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

       6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

       7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 1st day of June 2015.

| BANK J. SAFRA SARASIN (GIBRALTAR) LTD. (formerly known as Bank J. Safra Gibraltar Ltd) | DEUTSCHE BANK AG, LONDON BRANCH |
|---|---|
| By: *[signature]* | By: _____ |
| Name: AN CESSON    R. WOOLE | Name: |
| Title: CEO    CFO | Title: |
| Suite 971<br>Europort<br>PO Box 542 – Gibraltar<br>Attn: Roy Clinton | Winchester House<br>1, Great Winchester Street<br>London EC2N 2DB<br>ENGLAND<br>Attn: Michael Sutton |

DB Ref: 166131)

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of ___ 2015.

| BANK J. SAFRA SARASIN (GIBRALTAR) LTD. | DEUTSCHE BANK AG, LONDON BRANCH |
|---|---|
| (formerly known as Bank J. Safra Gibraltar Ltd) | |
| By:_____ | By:_____ |
| Name: | Name: Simon Glennie / Duncan Robertson |
| Title: | Title: Director / Managing Director |
| Suite 971 | Winchester House |
| Europort | 1, Great Winchester Street |
| PO Box 542 – Gibraltar | London EC2N 2DB |
| Attn: Roy Clinton | ENGLAND |
| | Attn: Michael Sutton |

DB Ref: 16613(1)

Schedule 1

Transferred Claims

Purchased Portion

100% of the claim that is referenced in the Proof of Claim (a copy of which is attached at Schedule 2) and relating to the Purchased Security described below (plus all interest, costs and fees relating to this claim).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Maturity | Allowed Claim Amount |
|---|---|---|---|---|---|---|---|
| MTN5567 | XS0277470943 | CA28739 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | $120,000.00 | 12/11/2011 | $62,663.30 |

DB Ref: 16613(1)

Schedule 2

Copy of Proof of Claim 46053

Print Form

| United States Bankruptcy Court/Southern District of New York | LEHMAN SECURITIES PROGRAMS |
| --- | --- |
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | PROOF OF CLAIM |

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000046053 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
BANK J.SAFRA (GIBRALTAR) LTD
Suite 971
Europort
PO Box 542 - GIBRALTAR

Telephone number: 350-2000-2511  Email Address: R.Clinton@jsafra.com

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ Unliquidated, see attached    (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): XS0277470943    ☑ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

CA28739    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
Clearstream A/c 11403    (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date:<br>23 OCT 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |

FOR COURT USE ONLY
FILED / RECEIVED
OCT 26 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## BANK J. SAFRA
*Private Banking*

## LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM
**Attachment (see Section 1)**

**Clearstream Blocking Number: CA28739**

| N° ISIN | Ccy | Nominal/Principal Amount held |
|---|---|---|
| XS0277470943 | USD | 120'000.-- |

RM Clinton
CEO

K Neale
CFO

**23 OCT 2009**

