UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                              :         Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al* :             08-13555 (SCC)
                                                   :
                               Debtors.            :         (Jointly Administered)
-----------------------------------------------------------x

**RESPONSE OF CLAIMANT (STANDARD CHARTERED FIRST BANK AS TRUSTEE AND HI ASSET MANAGEMENT CO., LTD. (F/K/A CJ ASSET MANAGEMENT CO., LTD.) AS INVESTMENT MANAGER FOR CJ 2 STAR SD CLIQUET PRIVATE DERIVATES TRUST 22) TO THE PLAN ADMINISTRATOR'S FOUR HUNDRED NINETY-SIXTH OMNIBUS OBJECTION TO CLAIM (Claim #27287)**

The undersigned Claimant does hereby reply to the Plan Administrator's Four Hundred Ninety-sixth Omnibus Objection to Claims filed March 23, 2015 as follows:

1.    Standard Chartered First Bank as trustee and HI Asset Management Co., Ltd. (f/k/a CJ Asset Management Co., Ltd.) as Investment Manager for CJ 2 Star SD Cliquet Private Derivates Trust 22 (hereinafter, "Claimant") timely filed its Proof of Claim, being designated as Claim #27287 asserting a Claim in the amount of $1,604,687.20. A true copy of the Claim is attached hereto as Exhibit A.

2.    By filing the Claim based on guarantee of equity-linked swap transaction, the Claimant submitted prima facie evidence that the Claim is valid and accurate.

3.    The grounds cited in the Objection are that the Claimant did not provided any evidence that it knew the Secretary's Certificate before entering into any of the relevant transactions or that it relied on the Secretary's Certificate in deciding to transact with Lehman Brothers Commercial Corporation Asia Limited ("LBCCA"). The Objection seeks to

1

disallow and expunge the Claim.

4. The Objection misconstrues the Claimant's knowledge and reliance on the Secretary's Certificate as a general guaranty (Exhibit B).

5. While the Claimant was discussing the equity-linked swap transactions with Lehman Brothers International (Europe) Seoul Branch in September 2007, the Claimant found out that the counter-party would be LBCCA. Prior to execution of transaction with LBCCA, the Claimant demanded LBCCA's credit rating to comply with the Claimant's Internal Regulations of Managing Derivatives(Exhibit C), which was made and established on June 21, 2004 and set forth the requirements of credit rating of the foreign financial institutions. Specifically, in case of any derivatives transaction between the Claimant and the foreign financial institutions, the credit rating of the foreign financial institutions should be provided to the Claimant. However, Lehman Brothers International (Europe) Seoul Branch stated that LBCCA's credit rating was not available. As such, the relevant transaction would not have been successfully completed and closed due to non-availability of LBCCA's credit rating. In such circumstance, Lehman Brothers International (Europe) Seoul Branch suggested that the general guaranty of Lehman Brothers Holdings Inc ("LBHI") by a way of Secretary's Certificate to comply with the Claimant's Internal Regulations of Managing Derivatives. As such, only after receipt of the copy of LBHI's Secretary's Certificate from Lehman Brother International (Europe) Seoul Branch on September 12, 2007 (Exhibit D), the Claimant could have confirmed the contents of the general guaranty of LBHI. And thus, the Claimant was able to execute the relevant transaction with LBCCA with a full knowledge and reliance of the Secretary's Certificate in the form of general guaranty. For the relevant transaction, the Claimant allocated 10% of total asset under management of the Claimant's equity-linked funds based on LBHI's A+ credit rating. Accordingly, the Claimant executed and closed the relevant transaction with LBCCA by making the relevant payment to LBCCA on September 14, 2007. Thus, the Claimant fully knew of the existence of the general guaranty of LBHI and acted in reliance upon the terms and contents when entering the relevant transaction with LBCCA.

WHEREFORE, the Claimant respectively requests the Objection to be denied and the Claim to be allowed.

Respectfully submitted,

2

/s/ Heung-Yong Nam
Heung-Yong Nam
CIO, Global Asset Allocation Division
HI Asset Management Co., Ltd.
For and on behalf of
Standard Chartered First Bank as trustee and HI Asset Management Co., Ltd. (f/k/a CJ Asset Management Co., Ltd.) as Investment Manager for CJ 2 Star SD Cliquet Private Derivates Trust 22

Dated on April 17th, 2015

## CERTIFICATE OF SERVICE.

The undersigned does hereby certify that a true and correct copy of the above and foregoing was served via electronic filing in accordance with General Order M-399 by registered users of the Bankruptcy Court's filing system and by an express courier (DHL/FEDEX) on the following parties on this 17th day of April 2015.

**Chambers of the Honorable Shelly C. Chapman**
One Bowling Green
New York, NY 10004
Courtroom 621

**Attorneys for LBHI**
Weil, Gotshal & Manges LLP
767 Fifth Avenue,
New York, NY 10153
Attn:   Garrett A. Fail, Esq.
        Katherine Dooley, Esq.

**Office of the United States Trustee for Region 2**
U.S. Federal Office Bldg.
201 Varick Street, Suite 1006
New York, NY 10014
Attn:   William K. Harrington, Esq.

Susan Golden, Esq.
Andrea B. Schwartz, Esq.


/s/  Heung-Yong Nam
Heung-Yong Nam
CIO, Global Asset Allocation Division
HI Asset Management Co., Ltd.
For and on behalf of
Standard Chartered First Bank as trustee and HI Asset Management Co., Ltd. (f/k/a CJ Asset Management Co., Ltd.) as Investment Manager for CJ 2 Star SD Cliquet Private Derivates Trust 22

4

Exhibit A

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

In Re: Lehman Brothers Holdings Inc., et al., Debtors.
Chapter 11
Case No. 08-13555 (JMP)
(Jointly Administered)

Name of Debtor Against Which Claim is Held: Lehman Brothers Holdings Inc.
Case No. of Debtor: 08-13555

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000027287

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
Standard Chartered First Bank as trustee and HI Asset Management Co., Ltd. (f/k/a CJ Asset Management Co., Ltd.) as Investment Manager for CJ 2 Star SD Cliquet Private Derivatives Trust 22
11/F HI Investment Securities Building, 25-15 Youido-dong, Youngdeungpo-Gu, Seoul 150-878, Korea

Telephone number: 822-727-2732   Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

NOTICE OF SCHEDULED CLAIM:
Your Claim is scheduled by the indicated Debtor as:

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check this box if you are the debtor or trustee in this case.

Telephone number:    Email Address:

1. Amount of Claim as of Date Case Filed: $ 1,604,687.20
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. Basis for Claim: Guarantee of equity-linked swap transaction
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
Amount entitled to priority:
$_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date:    Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Heung-Yong Nam, Head of Derivatives Investment Team, HIAMC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FILED / RECEIVED
SEP 22 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Hyun H. Oh
Head of Trustee
Standard Chartered First Bank Korea



H
A
N
D

D
E
L
I
V
E
R
Y

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY:          DATE          TIME

Exhibit B

12/07/2005   07:40   LEHMAN → 912122990233                                    NO.969   D01

## SECRETARY'S CERTIFICATE

I, James J. Killerlane III, a duly elected, qualified and acting Assistant Secretary of Lehman Brothers Holdings Inc, a Delaware corporation ("LBHI"), hereby certify that pursuant to resolutions duly adopted by the Executive Committee of the Board of Directors of LBHI (the "Executive Committee") on June 9, 2005, LBHI fully guarantees the payment of all liabilities, obligations and commitments of Lehman Brothers Commercial Corporation Asia Limited. As of December 1, 2005, the Executive Committee has not withdrawn this consent, and the aforementioned information is true and correct as of the date hereof.

**IN WITNESS WHEREOF**, I have hereunto affixed the seal of LBHI and set my hand this 7th day of December, 2005.

James J. Killerlane III
Assistant Secretary

02/09/2006   14:11   LEHMAN → 912122990233                                    NO.496   D01

## CERTIFICATE OF INCUMBENCY

The undersigned, an Assistant Secretary of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), does hereby certify that James J. Killerlane III is a duly elected, qualified and acting Vice President of the Corporation, and is authorized to execute guarantees and transact business on behalf of the Corporation, and continues to hold this office as of the date hereof and that the signature appearing opposite his name is the genuine signature of such person:

| NAME: | OFFICE: | SIGNATURE: |
|---|---|---|
| James J Killerlane III | Vice President | |

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Corporation's seal this 9th day of February, 2006.

Lehman Brothers Holdings Inc.

By: Anna M. Walters
Assistant Secretary

Exhibit C

# Guidance of Managing Derivatives (Company's regulation)

Section 3. Investment Constraints on OTC Derivatives etc [4]

**Clause 7(Investment constraints and applications)** ①The managing department shall trade derivatives products(the "OTC etc") in accordance with the guideline mentioned in this Section.[4][5]

**Clause 8(Allocation limitations)** ③Investment limitations for overseas institutions will be based on the credit ratings mentioned in Exhibit 2.

### Additional Clause

**Clause 1(Effective date)** The effective date of this guidance is 21 June 2004

(Exhibit 2)

### Overseas Institutions Investment Limitations

| Credit Ratings | | Weight |
|---|---|---|
| Moody's | S&P | |
| Aaa | AAA | 20% |
| Aa3 | AA- | 15% |
| A3 | A- | 10% |

Exhibit D

**[CJAM] Lehman Guarantee Letter**
Ko, Andrew K [andrew.ko@lehman.com]

2007-09-12 오후 6:36에 회신했습니다.
이 메시지의 필요 없는 줄 바꿈이 제거되었습니다.

| 받는 사람: | 방대진 |
|---|---|
| 참조: | Lee, Tom T; Paik, Nokdam |
| 첨부 파일: | secretary's certificate_01Dec05.TIF (20 KB); A95518f8d-767c-4c58-b106-3f1a62d63892.TIF (21 KB) |

Dear Mr. Bang,

Pls refer to attached Secretatry's Certificate that Lehman Brothers Holdings Inc(LBHI) fully guaranatees payment of all liabilities, obligations, and commitments of Lehman Brothers Commercial Corporation Asia Limited(LBCCA) as of December 1, 2005.
Also attached is documentation of James Killerlane's power to issue such certificate.

Pls let us know if you have any questions. Thank you.

  <<secretary's certificate_01Dec05.TIF>>  <<A95518f8d-767c-4c58-b106-3f1a62d63892.TIF>>

Best Regards,

Andrew (Kyungkeun) Ko

Equity Derivatives
Lehman Brothers International(Europe), Seoul Branch Tel. + 82-2-317-5130  Mobile + 82-11-781-4036
Email: andrew.ko@lehman.com
Team: Structuredproduct.korea@lehman.com