**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.* : Case No. 08-13555 (SCC)
:
Debtors. :
---------------------------------------------------------------x
:
LEHMAN BROTHERS SPECIAL FINANCING INC., :
:
Plaintiff, :
:
-against- : Adversary Proceeding
: No.: 14-02030 (SCC)
MERRILL LYNCH CAPITAL SERVICES INC., :
:
Defendant. :
---------------------------------------------------------------x

## SCHEDULING ORDER

WHEREAS, counsel for plaintiff, Lehman Brothers Special Financing, Inc. ("LBSF"), and counsel for defendant, Merrill Lynch Capital Services Inc. ("MLCS" and together with LBSF, the "Parties" or individually, a "Party"), met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (the "Rules"), as made applicable by Rule 26 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

NOW, THEREFORE, this Civil Case Management Plan, submitted in accordance with Rule 26(f) and Bankruptcy Rule 26, is adopted as the Scheduling Order of this Court for this adversary proceeding.

1.  The Parties shall provide to each other the Initial Disclosures on or before June 28, 2015, as required by Rule 26(a)(1)(A).

2. LBSF and MLCS shall serve initial written discovery demands on or before June 30, 2015, and all requests for documents shall be served no later than August 1, 2015, except for good cause shown (e.g., new information arises for the first time in depositions that requires a targeted request for certain additional documents).

3. The Parties shall serve all written responses and objections, if any, to the opposing Party's written discovery demands in accordance with the Rules, Local Rules, Bankruptcy Rules, and/or Local Bankruptcy Rules, as applicable.

4. Whenever possible, the Parties shall reasonably cooperate with each other to obtain, whether through a subpoena to a third party, by agreeing to respond or produce responsive documents on a non-party's behalf (as appropriate), or by other lawful means, all document productions and written responses to information requests from certain non-parties, including, without limitation, (a) any current or former employees, agents, directors, managers, principals of either Party or of any current or former affiliate, subsidiary, or parent of any Party or successor-in-interest or acquirer of any of the foregoing, (b) LCH.Clearnet Ltd. ("LCH"), (c) MarkitWire f/k/a SwapsWire, (d) any other third party that may have information relevant to the review transactions described in the Complaint, and (e) the entity that acquired LBSF's portfolio of trades at auction on or about October 3, 2008 (and/or any assignee, purchaser, or subsequent transferee of those portfolio trades that is reasonably likely to have within its possession or control relevant documents, tangible things, or electronically stored information concerning the "Erroneous Transactions" (as defined in the *Adversary Complaint* [Ch. 11 ECF No. 44683])). The Parties shall endeavor to substantially complete all written and document discovery from non-parties no later than November 30, 2015.

5. Documents.

(a) All documents, including electronically stored information, shall be produced substantially in accordance with the requirements set forth in Exhibit A.

(b) The Parties shall also negotiate in good faith a Stipulation and Protective Order Regarding Confidential Information. The proposed order shall be submitted to the Court as soon as practicable, and upon entry of such order by the Court, shall govern all discovery in this adversary proceeding, including, if applicable, any discovery completed prior to its entry.

(c) The following documents presumptively need not be included on a privilege log: (i) communications exclusively between a Party and its trial counsel, (ii) work product created by trial counsel or by an agent of trial counsel other than a Party, on or after June 12, 2014, and (iii) internal communications within (x) a law firm or (y) a legal department of a corporation or of another organization, provided that each individual from such legal department that is party to a purportedly privileged communication is authorized to act as – and is, in fact, acting in his or her capacity as – a legal representative or agent of a Party. "Trial counsel" as such term is used in this Scheduling Order shall mean: (1) with respect to LBSF, the firm of Wollmuth Maher & Deutsch LLP and its members and associates, and (2) with respect to MLCS, the firm of Shearman & Sterling, LLP and its members and associates.

(d) Unless the Court orders otherwise, whenever documents, electronically stored information, or tangible things are obtained in response to a subpoena issued pursuant to Bankruptcy Rule 9016, the party responsible for

issuing and serving the subpoena shall promptly produce them to, or make them available for inspection and copying by, all parties to the action.

6. Each Party shall be entitled to take up to ten (10) depositions of Party fact witnesses (including corporate representatives). However, a Party may take additional depositions if the other Party consents or with leave of of court consistent with Rule 30(a)(2). For the avoidance of doubt, the deposition limit shall not apply to depositions of expert or third-party witnesses.

7. All fact-witness depositions shall be completed no later than January 15, 2016.

8. In compliance with Rule 26(a)(2), the Parties shall identify any expert on or beforeFebruary 16, 2016, and any initial reports by such experts shall be provided no later than March 15, 2016.

9. The Parties shall serve any rebuttal expert reports no later than April 15, 2016.

10. Expert depositions shall be concluded no later than May 30, 2016 (the "Discovery End Date").

11. Any party wishing to file a dispositive motion, including a motion for summary judgment pursuant to Rule 56 or a motion to dismiss pursuant to Rule 12, shall first submit a letter to the Court requesting a pre-motion conference.

12. The Court shall conduct pretrial conferences in this adversary proceeding on dates to be determined in 2015 and 2016.

**IT IS SO ORDERED.**

Dated:  June 11, 2015
       New York, New York

    /S/ Shelley C. Chapman
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT A

1. *E-mails.* E-mails shall be produced as single-page TIFF images with accompanying full text and load file (DAT).  Meta data fields included with the load file should be provided in accordance with *Appendix 1*.  E-mail attachments shall be handled according to the provisions below applicable to loose electronic documents and shall not be separated from the emails to which they are attached. Native files for e-mails shall be maintained, and such files shall be produced if the receiving party can demonstrate a need for such native files.

2. *Electronic Documents.*  Word and other electronic documents shall be produced as single-page TIFF images with accompanying full text and load file (DAT).  Meta data fields included with the load file should be provided in accordance with *Appendix 1*.  For Excel or other spreadsheet files, the native file shall be produced. Native files for all other electronic documents shall be maintained, and such files shall be produced, with appropriate redactions, if the receiving party can demonstrate a particularized need for such native files.

3. *Hard copy documents.*  Hard copy documents shall be produced as single-page TIFF images with accompanying full OCR text and load file (DAT).

4. *TIFF Images Generally.*  Any TIFF images produced by Participants or non-Participants shall consist of (a) single-page, black and white, 300dpi group IV TIFF images with extension ".tif"" and (b) text files, named after the bates number of the document, with extension ".txt".  TIFF images may not be compressed using JPEG compression.  For instances in which the original file is in color and the color is necessary for interpretation of the document (charts, pictures, etc.), produce

medium quality JPEG in place of single page tiff file. Metadata shall be provided in a delimited file with a ".dat" file extension and ASCII 020 and 254 delimiters for column break and text qualifier. The first line shall be the header with field names, and each subsequent line shall contain the fielded data for each document.

5. *Shipment of electronic data.* Electronic data productions may be transmitted electronically via Secure File Transfer Protocol (SFTP), FTP over SSH, or physically transported using electronic storage media such as, CDs, DVDs or hard drives. The physical media label should contain the case name and number, production date, and bates range being produced. Each transmission of data should include a collection "manifest" report which provides a list of files collected, their location, and their MD5 hash values.

## Appendix 1

| Field | Description |
| --- | --- |
| BegBates | Page ID of first page in a document. |
| EndBates | Page ID of last page in a document. |
| BegAttach | BegBates of parent record. |
| EndAttach | BegBates of last attached document in family. |
| From | Author of the e-mail message. |
| To | Main recipient(s) of the e-mail message. |
| CC | Recipient(s) of "Carbon Copies" of the e-mail message. |
| BCC | Recipient(s) of "Blind Carbon Copies" of the e-mail message. |
| DateSent | Sent date of an e-mail message. |
| TimeSent | Time the e-mail message was sent. |
| EMail_Subject | Subject of the e-mail message. |
| Author | Author field value pulled from metadata of the native file. |
| Title | Title field value extracted from the metadata of the native file. |
| Custodian | Textual value of custodian. |
| DateCreated | Creation date of the native file. |
| TimeCreated | Creation time of the native file. |
| EntryID | Unique identifier of e-mails in mail stores. |
| FileDescription | File extension or other description of native file type. |
| Filename | Original filename of native file. Contains subject of e-mail message for e-mail records. |
| Filesize | Size of native file, in bytes. |
| MD5Hash | MD5 hash-128-bit output. |
| Attach | Semi-colon delimited string of first level attachments in the e-mail. |
| DateLastMod | Date the native file was last modified. |
| TimeLastMod | Time native file was last modified. |
| PgCount | Number of pages in a document. |
| NativeFile | Logical file path to the native file. |
| OCRPath | Logical file path to the OCR text. |