**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

BY ECF & E-MAIL

**Garrett Fail**
+1 (212) 310-8451
Garrett.Fail@weil.com

June 11, 2015

The Honorable Shelley C. Chapman
United States Bankruptcy Judge
United States Bankruptcy Court
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

*Re:* *In re Lehman Brothers Holdings Inc., et al.* Case No. 08-13555 (SCC);
The Plan Administrator's Five Hundredth Omnibus Objection to Claims (No Liability for Stonehill Fraud Claims) [ECF No. 49764]

Dear Judge Chapman,

Reference is made to the letter, dated June 9, 2015 from the attorneys for Stonehill Offshore Partners Limited and Stonehill Institutional Partners LP (collectively, "Stonehill") to your Honor [EFC No. 49973]. The letter requests the Court's assistance to delay the hearing on the Plan Administrator's pending objection to Stonehill's claims (the "Objection") [ECF No. 49764].

As was described on the record at Tuesday's status conference, future distributions from the above-referenced chapter 11 estates are increasingly dependent on the resolution of contested matters. Indeed, the Objection to Stonehill's claims was included among the major unresolved litigation matters discussed, because, if granted, the Objection will make available more than $163 million (100% real dollars) for distribution to creditors.

The Court will recall dismissing Stonehill's claims in their entirety at a hearing on February 11, 2015. Stonehill waited more than eight (8) weeks to file its current proofs of claims, which, as detailed in the Objection, again fail to state a legally valid claim.

The Plan Administrator provided Stonehill an ample 30-day period to respond to the Objection, leaving the Plan Administrator up to 14 days to reply, and 7 days for the Court to review the materials prior to the July 22, 2015 hearing. This schedule affords the maximum opportunity (although no certainty) for a decision prior to the mid-September cutoff for the upcoming Plan distribution.

Stonehill asked the Plan Administrator for two additional weeks for its team of attorneys to respond to the Objection because one of two supervising attorneys will be on a summer vacation for a two week period that does not overlap with the July 22 hearing. The Plan Administrator responded that, given the schedule described, there was no way both to accommodate the requested extension and to maintain the July 22 hearing date.

Stonehill's assertion that delay would not prejudice the Plan Administrator is a red herring. Creditors of the chapter 11 estates will be prejudiced by even a short delay given the Plan distribution cycle and the size of the deficient claims that Stonehill is asserting.

Through its Chambers, the Court has made available to the chapter 11 estates all of the time that the Court has to offer. The Plan Administrator understands that the Court's availability, particularly in the coming weeks, is limited. With this in mind, the Plan Administrator worked within the constraints to achieve the greatest results for the greatest number of creditors, including scheduling the hearing to consider the Objection on July 22. There is currently no later date in July that is available from the Court. There is currently only one day available from the Court in August, but counsel for the Plan Administrator has a high-probability of a pre-existing, court conflict on that date. Adjourning the Objection to August would jeopardize the chapter 11 estates' ability to maximize distributions on the next distribution date.

Accordingly, the Plan Administrator respectfully requests that the Court deny Stonehill any further extensions of time and proceed with the hearing as scheduled on July 22.

Respectfully submitted,

/s/ *Garrett A. Fail*

Garrett Fail

cc: Shmuel Vasser (via email)
Allan Brilliant (via email)