# EXHIBIT F

Corporate Trust Services
One Federal Street, 3rd Floor
Boston, MA  02110

*THIS TRANSMITTAL CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES. PLEASE EXPEDITE RE-TRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.*

## NOTICE TO THE HOLDERS OF NOTES OF

### AVIV LCDO 2006-1, AVIV LCDO 2006-2, and
### AIRLIE LCDO I (AVIV LCDO 2006-3)(collectively the "*Transactions*");

### AND NOTICE TO THE PARTIES LISTED ON EXHIBIT B ATTACHED HERETO.

(CUSIP numbers are listed on Exhibit A attached hereto and made a part hereof.)

### Notice of Initiation of Mediation Proceedings

(Notice Date: August 18, 2011)

Reference is made to the respective Indentures governing the Transactions referenced above (collectively the "*Indentures*" and each is an "*Indenture*") under which U.S. Bank National Association serves as indenture trustee (the "*Trustee*"). Any capitalized terms used herein and not otherwise expressly defined shall have the respective meanings assigned to such terms in the Indenture.

*This notice is being provided to you because the Debtors have recently initiated mediation proceedings with respect to the above referenced transactions. The Trustee would like to contact you to discuss the Trustee's participation in the mediation. Please contact the Trustee using the contact information set forth below.*

Under the terms of each of the Trust Agreements, each of the Issuers entered into a credit derivatives swap transaction with an affiliate of Lehman Brothers Holdings Inc. ("*LBHI*") as counterparty documented by an ISDA Master Agreement (Multicurrency - Cross Border) by and between a debtor affiliated with LBHI (collectively with LBHI the "*Debtors*") and the relevant Issuer (the "*Master Agreements*"), one or more Schedules to the Master Agreement between the Debtors and the relevant Issuer (the "*Schedules*") and one or more Confirmations to the relevant Issuer from the Debtors (the "*Confirmations*" and collectively with the all of the Master Agreements and Schedules, the "*Swap Transactions*"). LBHI served as Credit Support Party for each of these transactions.

Notice.doc
1697028

On September 15, 2008, Lehman Brothers Holdings Inc. (*"LBHI"*) filed a voluntary petition seeking relief under Chapter 11 of 11 U.S.C. § 101 *et seq.* (the *"Bankruptcy Code"*), and thereafter on October 3, 2008, Lehman Brothers Special Financing Inc. ("*LBSF*") filed a voluntary petition under the Bankruptcy Code.  These proceedings are pending in the United States Bankruptcy Court for the Southern District of New York (the *"Bankruptcy Court"*), collectively these proceedings shall be referred to herein as the *"Lehman Bankruptcy Proceedings"*.

An Event of Default exists under each of the Swap Transactions by virtue of the voluntary bankruptcy petitions filed first by LBHI and thereafter by LBSF[i] or another Debtor counterparty.  In addition, LBSF failed to pay Fixed Amounts due under the relevant swap agreements on September 22, 2008.  Based on the terms of the applicable Trust Agreement, and/or based on directions received from Securityholders, the Trustee provided notice of an Early Termination Event and designated an Early Termination Date under the Swap Transactions.  Thereafter, on November 28, 2008 the relevant Issuer provided Notice of Early Termination designating November 28, 2008 as the Early Termination Date.  Under the terms of the applicable Trust Agreement and Swap Transaction(s), because LBSF was the sole Affected Party and Defaulting Party under the terms of each Swap Transaction, each Trust Agreement provided that any termination payment due LBSF would be paid after payments made to the Securityholders (and certain Administrative Expenses and other amounts senior to Securityholders).  These payment provisions are expressly referenced in the relevant swap agreement.  Had LBSF not been the Defaulting Party, each Trust Agreement provides that any termination payment would be paid from available proceeds prior to applying such proceeds to payments to Securityholders.

As described in previous Notices sent to you, in his Memorandum Decision Granting Motion For Summary Judgment and Declaring Applicable Payment Priorities in the Dante Decision (defined in the endnotes below)[ii], Judge Peck ruled in the context of that adversary proceeding, that a change in the waterfall resulting from the bankruptcy filings by LBHI and LBSF constituted an unenforceable ipso facto provision, and therefore the termination payment due LBSF under that swap transaction was due prior to payments to the Securityholders (as it would be in the absence of a bankruptcy default by LBHI and LBSF), and not after payments to Securityholders as contemplated by the transaction documents.   While this decision was the subject of an appeal, the matter ultimately settled prior to any consideration of the appeal by the District Court.  The terms of the settlement have been kept confidential.  The Bankruptcy Court has recently reaffirmed its position with respect to the "flip clause" in a decision rendered in *Lehman Brothers Special Financing Inc., v. Ballyrock ABS CDO 2007-1 Limited and Wells Fargo Bank, N.A., Trustee*, Adversary Proceeding number 09-01032 pending in the United States Bankruptcy Court for the Southern District of New York[iii].

Relying upon the Dante Decision, LBSF filed an action in the United States Bankruptcy Court for the Southern District of New York against the Trustee and the Issuer for each of the Securities[iv].  The Complaint is styled *Lehman Brothers Special Financing Inc. v. U.S. Bank National Association, et al.*, Adversary Proceeding Number 10-03542 (the *"Pending Litigation"*), and the case is assigned to The Honorable Judge Peck.  The adversary proceeding challenges, under various theories, the distribution provisions contained in each Trust Agreement

providing for the payment of the termination payment calculated to be due LBSF after payments to Securityholders because LBSF is the sole affected party or defaulting party under the swap.

We previously advised you that on November 24, 2010, LBHI filed a motion seeking the implementation of dispute resolution procedures involving special purpose vehicles[v]. On December 8, 2010, the Trustee filed an objection to the Motion (the "*Objection*"). On March 3, 2011, the Bankruptcy Court entered an Order approving the SPV ADR procedures (the "SPV ADR Order")[vi].

On August 5, 2011, the Debtors initiated a mediation proceeding under the SPV ADR Order with respect to the Transactions. No schedule has been set for the mediation. The Trustee would like input, however, from holders in each of the Transactions in connection with the Trustee's participation in the mediation. In addition, the Trustee has formed an Advisory Committee of holders across a number of transactions to help resolve common issues. The Trustee would appreciate your participation on the Advisory Committee. Please contact the Trustee at your earliest convenience at the following address: U.S. Bank National Association, as Trustee, Corporate Trust Services, One Federal Street, 3rd Floor, Boston, Massachusetts 02110; Attn: Jonathan DeMarco ((617) 603-6552 email:jonathan.demarco@usbank.com) or Donald Higgins ((617) 603-6717 email:donald.higgins@usbank.com).

Receipt of this notice should not be construed as evidence or acknowledgment of any requirement applicable to, or of any right or authority on the part of any recipient under the Indenture to direct, the matters addressed herein, or of any obligations on the part of the Trustee with respect thereto, and the Trustee expressly reserves all rights in determining appropriate actions and requirements concerning these matters.

Prior to any distribution to Noteholders, funds held under the Indenture may be used first for payment of the fees and costs incurred or to be incurred by the Trustee in performing its duties, as well as for any indemnities owing or to become owing to the Trustee. These include, but are not limited to, compensation for time spent, and the fees and costs of counsel and other agents employed, to pursue remedies, defend claims, or take other actions to protect the interests of the Noteholders and the Issuer, respectively. The Trustee is not required to expend or risk its own funds in connection with any matter under the Indentures unless adequate reassurance of payment and/or indemnity is provided to it.

The Trustee reserves all rights under the relevant Indenture. Please be aware that the Trustee may conclude that a specific response to particular inquiries from individual Noteholders is not consistent with equal and full dissemination of information to all Noteholders. Noteholders should not rely on the Trustee as their sole source of information. The Trustee makes no recommendations, gives no investment, legal or tax advice. Each Noteholder should seek advice from an independent advisor based on such Noteholder's particular circumstances.

U.S. Bank National Association, as Trustee

ENDNOTES

---

1  Other Events of Default may exist as well, and the Trustee reserves all rights with respect thereto.

2  The adversary proceeding was styled *Lehman Brothers Special Financing Inc. v. BNY Corporate Trustee Services Limited*, Adv. Proc. No. 09-01242 (the "*Dante Decision*") and was filed in the United States Bankruptcy Court for the Southern District of New York.  A copy of the Memorandum Opinion is available on the Trustee's investor website, www.usbank.com/abs.

3  The defendants have filed a Motion seeking leave to appeal the decision of the Bankruptcy Court.

4  The action was filed on September 14, 2010 and is styled *Lehman Brothers Special Financing Inc. v. U.S. Bank National Association, et al.*, Adversary Proceeding Number 10-03542, and the case is assigned to The Honorable Judge Peck.  The action has been stayed through June 30, 2011.

5  The motion was styled Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties (referred to herein as the "*SPV ADR Motion*" or the "*Motion*"), and can be found as Docket No. 13009 on the LBHI docket.

6  Docket No. 14789 on the LBHI docket.

## EXHIBIT A

### AVIV LCDO 2006-1, LIMITED

| Security | CUSIP |
|---|---|
| **Class A Notes** | |
| Class A Rule 144A Global Note | 05381EAA5 |
| Class A Regulation S Global Note | G0723AAA4 |
| **Class B Notes** | |
| Class B Rule 144A Global Note | 05381EAB3 |
| Class B Certificated Note | 05381EAF4 |
| Class B Regulation S Global Note | G0723AAB2 |
| **Class C Certificated Notes** | |
| Class C Rule 144A Global Note | 05381EAC1 |
| Class C Certificated Note | 05381EAG2 |
| Class C Regulation S Global Note | G0723AAC0 |
| **Class D Certificated Notes** | |
| Class D Rule 144A Global Note | 05381EAD9 |
| Class D Certificated Note | 05381EAH0 |
| Class D Regulation S Global Note | G0723AAD8 |
| **Preference Shares** | |
| Certificated U.S. Preference Shares | 053814208 |
| Regulation S Global Preference Shares | G06869104 |

The above CUSIP numbers are included solely for the convenience of the Noteholders. The Trustee is not responsible for the selection or use of the CUSIP numbers, or for the accuracy or correctness of CUSIP numbers printed on the Notes or as indicated in this notice.

## CUSIPs

### AVIV LCDO 2006-2

| Security | CUSIP | ISIN |
|---|---|---|
| **Class A Notes** | | |
| Class A Rule 144A Certificated Note | 053811AA3 | US053811AA30 |
| Class A Regulation S Certificated Note | G29517AA0 | USG29517AA05 |
| **Class B Notes** | | |
| Class B Rule 144A Certificated Note | 053811AB1 | US053811AB13 |
| Class B Regulation S Certificated Note | G29517AB8 | USG29517AB87 |
| **Class C Certificated Notes** | | |
| Class C Rule 144A Certificated Note | 053811AC9 | US053811AC95 |
| Class C Regulation S Global Note | G29517AC6 | USG29517AC60 |
| **Class D Certificated Notes** | | |
| Class D Rule 144A Global Note | 053811AD7 | US053811AD78 |
| Class D Certificated Note | 053811AH8 | US053811AH82 |
| Class D Regulation S Global Note | G29517AD4 | USG29517AD44 |
| **Preference Shares** | | |
| Certificated U.S. Preference Shares | 053812301 | US0538123011 |
| Regulation S Global Preference Share | G2952E106 | KYG2952E1061 |

The above CUSIP numbers are included solely for the convenience of the Noteholders. The Trustee is not responsible for the selection or use of the CUSIP numbers, or for the accuracy or correctness of CUSIP numbers printed on the Notes or as indicated in this notice.

## CUSIPs

## AIRLIE LCDO I (AVIV LDCO 2006-3), LTD

| Security | CUSIP |
|---|---|
| **Class A Notes** | |
| Class A Rule 144A Certificated Note | 009369AA7 |
| Class A Regulation S Certificated Note | G01478AA7 |
| **Class B-1 Notes** | |
| Class B-1 Rule 144A Global Note | 009369AC3 |
| Class B-1 Regulation S Global Note | G01478AB5 |
| Class B-1 Certificated Note | 009369AD1 |
| **Class B-2 Notes** | |
| Class B-2 Rule 144A Global Note | 009369AJ8 |
| Class B-2 Regulation S Global Note | G01478AE9 |
| Class B-2 Certificated Note | 009369AK5 |
| **Class C Certificated Notes** | |
| Class C Rule 144A Global Note | 009369AE9 |
| Class C Regulation S Global Note | G01478AC3 |
| Class C Certificated Note | 009369AF6 |
| **Class D Certificated Notes** | |
| Class D Rule 144A Global Note | 009369AG4 |
| Class D Regulation S Global Note | G01478AD1 |
| Class D Certificated Note | 009369AH2 |
| **Preference Shares** | |
| Certificated U.S. Preference Shares | 00936A205 |
| Regulation S Global Preference Shares | G01477101 |

The above CUSIP numbers are included solely for the convenience of the Noteholders. The Trustee is not responsible for the selection or use of the CUSIP numbers, or for the accuracy or correctness of CUSIP numbers printed on the Notes or as indicated in this notice.

## EXHIBIT B

### ISSUERS

AVIV LCDO 2006-1, LIMITED
c/o Maples Finance Limited
P.O. Box 1093 GT
Queensgate House, South Church Street
George Town, Grand Cayman, Cayman Islands

AVIV LCDO 2006-2, LIMITED
c/o Maples Finance Limited
P.O. Box 1093 GT
Queensgate House, South Church Street
George Town, Grand Cayman, Cayman Islands

AIRLIE LCDO I, LTD.
(Aviv LCDO 2006-3)
c/o Maples Finance Limited
P.O. Box 1093 GT
Queensgate House, South Church Street
George Town, Grand Cayman, Cayman Islands

AVIV LCDO 2006-1, LIMITED
c/o Maples and Calder
P.O. Box 309GT
Ugland House, South Church Street
George Town, Grand Cayman,

AVIV LCDO 2006-2, LIMITED
c/o Maples and Calder
P.O. Box 309GT
Ugland House, South Church Street
George Town, Grand Cayman,

AIRLIE LCDO I, LTD.
(Aviv LCDO 2006-3)
c/o Maples and Calder
P.O. Box 309GT
Ugland House, South Church Street
George Town, Grand Cayman,

- 2 -

## CO-ISSUERS

Aviv LCDO 2006-1, CORP.
Aviv LCDO 2006-2, CORP.
Airlie LCDO I (Aviv LCDO 2006-3)


c/o Puglisi & Associates
850 Library Avenue, Suite 204
Newark, Delaware  19711
Attention:  Donald J. Puglisi

- 3 -

## RELATED PARTIES

Standard and Poor's Rating Services
55 Water Street, 41st Floor
New York, NY  10041-0003
Attn: Structured Finance Ratings,
CBO/CLO Surveillance
(fax: 212-438-2664)
(cdo_surveillance@sandp.com)

Moody's Investor Services
99 Church Street
New York, NY 10007
Attn:  Structured Finance Group
CBO/CLO Monitoring
(Fax: 212-553-0355)
(cdomonitoring@moodys.com)

Airlie Group
115 East Putnam Avenue, 3rd Floor
Greenwich, CT  06830
Attn: Seth Cameron