THE FIVE HUNDRED FIRST OMNIBUS OBJECTION TO CLAIMS
SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE FIVE HUNDRED
FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE
OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S)
ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT
ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION
AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
CANDACE M. ARTHUR, AT 212-310-8324.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                       :     Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (SCC)
                                                            :
                          Debtors.                    :     (Jointly Administered)
-------------------------------------------------------------------x

### NOTICE OF HEARING ON FIVE HUNDRED FIRST
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

**PLEASE TAKE NOTICE** that on June 15, 2015, Lehman Brothers Holdings

Inc., in its capacity as Plan Administrator (the "Plan Administrator") under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed the five hundred first omnibus objection to claims (the "Five Hundred First Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Five Hundred First Omnibus Objection to Claims will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 22, 2015 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

   **PLEASE TAKE FURTHER NOTICE** that any responses to the Five Hundred First Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq. and Candace M. Arthur, Esq.); and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so

filed and received by no later than **July 15, 2015 at 4:00 p.m. (prevailing Eastern Time)** (the

"Response Deadline").

          **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Five Hundred First Omnibus Objection to Claims or any claim set

forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the Five

Hundred First Omnibus Objection to Claims, which order may be entered with no further notice

or opportunity to be heard offered to any party.

Dated: June 15, 2015
     New York, New York

                     /s/ Jacqueline Marcus
                     Jacqueline Marcus
                     WEIL, GOTSHAL & MANGES LLP
                     767 Fifth Avenue
                     New York, New York 10153
                     Telephone: (212) 310-8000
                     Facsimile: (212) 310-8007

                     Attorneys for Lehman Brothers Holdings Inc.
                     and Certain of Its Affiliates

WEIL:\95365082\6\58399.0011

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (SCC)
                                          :
                    Debtors.              :    (Jointly Administered)
------------------------------------------------------------------x
```

**FIVE HUNDRED FIRST OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS FIVE HUNDRED FIRST OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS FIVE HUNDRED FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE M. ARTHUR, AT 212-310-8324.**

---

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), in its capacity as Plan Administrator

(the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above

referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as

follows:

### Relief Requested

1.      The Plan Administrator files this five hundred first omnibus objection to

claims (the "Five Hundred First Omnibus Objection to Claims"), pursuant to section 502(b) of

title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures

for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (ECF No.

6664) (the "Procedures Order"), seeking disallowance and expungement of the claims listed on

Exhibit A annexed hereto.

2.      The Plan Administrator has examined each proof of claim identified on

Exhibit A (collectively, the "No Liability Claims") and has determined that, in each case, neither

LBHI, the Chapter 11 Estate against which the claims were filed, nor any other Chapter 11 Estate

has liability for any part of the claims.  The Plan Administrator, therefore, requests that the No

Liability Claims be disallowed and expunged.

3.      The Plan Administrator reserves all rights to object on any other basis to

any of the No Liability Claims as to which the relief requested herein is not granted.

WEIL:\95365082\6\58399.0011

**Jurisdiction**

4.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.       Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases (collectively, the

"Chapter 11 Cases") under chapter 11 of the Bankruptcy Code.

6.       On January 14, 2010, the Court entered the Procedures Order, which

authorizes the filing of omnibus objections to no more than 500 claims at a time, on various

grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set

forth in the Procedures Order.

7.       On December 6, 2011, the Court entered an order confirming the Plan

(ECF No. 23023).  The Plan became effective on March 6, 2012 (the "Effective Date").

Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections

to claims filed against the Chapter 11 Estates.

**The No Liability Claims Should Be Disallowed and Expunged**

8.       In reviewing the claims filed on the claims register in these cases and

maintained by the Court-appointed claims agent, the Plan Administrator has identified the No

Liability Claims as claims that should be disallowed and expunged on the basis that they provide

no basis for liability on the part of the Chapter 11 Estates.

9.       A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10.    The No Liability Claim assigned number 10216 was filed by St. Sophia Partners, LLLP ("St. Sophia"), a named plaintiff in the litigation commenced on February 16, 2010, captioned *St. Sophia Partners, LLLP v. Tetra Teach, Inc.*, *et al.* (Case No. 2010CV33) (the "Colorado Litigation") in the District Court for San Miguel County, Colorado (the "Colorado Court").  None of the Chapter 11 Estates is named as a defendant in the Colorado Litigation. The Colorado Litigation involves claims asserted by St. Sophia in connection with obtaining a declaration and quiet title as to the rights and obligations of the parties under that certain Pre Construction-Completion Access, Facilities and Parking Covenant (Lot 161C-R) entered into between St. Sophia and MR 1.81 LLC, and recorded in the San Miguel County Clerk and Recorder's Office at Reception No. 377695 (as amended, the "Parking Covenant").  Specifically, St. Sophia asserted damages for failure of the named defendants to construct a parking structure on certain real property known as Lot 161 C-R (the "Lot") in accordance with the Parking Covenant. The Lot is owned by the named defendant Co Lot 161C-R Mountain Village, LLC ("Mountain Village").

11.    The Colorado Court entered orders regarding motions for summary judgment filed by both St. Sophia and defendant, Mountain Village, on February 1, 2012 and June 29, 2012 (together the "Summary Judgment Orders").  Both parties appealed certain aspects of the Summary Judgment Orders to the Colorado Court of Appeals.  On October 10, 2013, the Colorado Court of Appeals issued an opinion in favor of Mountain Village, holding that the Parking Covenant does not (i) run with the land, (ii) bind any successor in interest to the Lot, and (iii) afford St. Sophia any right to enter and build a parking structure on the Lot.  Pursuant to the direction of the Court of Appeals,

4

the Colorado Court on remand dismissed all claims asserted by St. Sophia in the Colorado Litigation with prejudice.

12.    The No Liability Claim assigned number 10215 was filed by St. Sophia's subsidiary, Lot 161 C-R LLC ("Lot 161" and, together with St. Sophia, the "No Liability Claimants").  Each No Liability Claim asserts claims on the basis of St. Sophia's allegations in the Colorado Litigation.  St. Sophia had a full and fair opportunity to litigate the same issues that are the subject of the No Liability Claims at both the district court level and the court of appeals level, and its claims were dismissed with prejudice.  Indeed, it was held that St. Sophia does not have a legally cognizable interest in the Lot and does not have a right to damages based on Mountain Village's alleged failure to build a parking structure on the Lot.  Lot 161 is in privity with St. Sophia and has failed to establish that LBHI or any other Chapter 11 Estate is liable for any of its alleged damages.  In light of the foregoing, under the laws of Colorado, the No Liability Claimants are precluded from relitigating the identical issue that was already decided in the Colorado Litigation.  *See Castro v. Kondaur Capital Corp.*, 2012 U.S. Dist. Lexis 124071 at *27-28 (D. Colo. 2012) (stating "[i]n Colorado, collateral estoppel bars relitigation of an issue when (1) the issue sought to be precluded is identical to an issue actually and necessarily determined in a prior proceeding; (2) the party against whom estoppel is asserted was a party to or is in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding") (internal citations omitted).  Thus, the No Liability Claims should be expunged and disallowed.

13.    The Effective Date has occurred and distributions began on April 17, 2012.  If the No Liability Claims remain on the claims register in the filed amount, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates.

WEIL:\95365082\6\58399.0011

Additionally, in accordance with the Plan, amounts have been reserved for the No Liability

Claimants in the amounts asserted in the No Liability Claims.  The Chapter 11 Estates should not

have to continue to reserve for the No Liability Claims.  If the No Liability Claims remain on the

claims register in the filed amount, the amounts available for distributions to holders of allowed

claims against LBHI will be adversely impacted.  Accordingly, the Plan Administrator

respectfully requests that the Court disallow and expunge the No Liability Claims.

### Notice

14.     No trustee has been appointed in these chapter 11 cases.  The Plan

Administrator has served notice of this Five Hundred First Omnibus Objection to Claims on

(i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the

Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York;

(v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance

with the procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for these cases (ECF No. 9635).  The Plan

Administrator submits that no other or further notice need be provided.

WEIL:\95365082\6\58399.0011

15.     No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant

the relief requested herein and such other and further relief as is just.

Dated: June 15, 2015
       New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

7

**EXHIBIT A**

WEIL:\95365082\6\58399.0011

## OMNIBUS OBJECTION 501: EXHIBIT A - NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | LOT 161 C-R, LLC | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/03/2009 | 10215 | Undetermined | Undetermined | No Liability |
| 2 | ST. SOPHIA PARTNERS, LLP | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/03/2009 | 10216 | $5,000.00 | $5,000.00 | No Liability |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                      :        **Chapter 11 Case No.**
                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :     **08-13555 (SCC)**
                                           :
                     **Debtors.**          :        **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING THE FIVE HUNDRED FIRST**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Upon the five hundred first omnibus objection to claims, dated June 15, 2015 (the

"Five Hundred First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., in its

capacity as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-

referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the No

Liability Claims, all as more fully described in the Five Hundred First Omnibus Objection to

Claims; and due and proper notice of the Five Hundred First Omnibus Objection to Claims

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the Five Hundred First Omnibus

Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all

parties in interest and that the legal and factual bases set forth in the Five Hundred First Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Five Hundred First Omnibus Objection to Claims.

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Five Hundred First Omnibus Objection

to Claims is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Five Hundred

First Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2015
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

WEIL:\95365082\6\58399.0011