HEARING DATE AND TIME: July 22, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 15, 2015 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED ON THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE DOORLEY, AT 212-310-8810.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------x | | |

**NOTICE OF HEARING ON THE PLAN ADMINISTRATOR'S**
**FIVE HUNDRED SECOND OMNIBUS OBJECTION TO CLAIMS**
**(INSUFFICIENT DOCUMENTATION CLAIMS)**

**PLEASE TAKE NOTICE** that on June 15, 2015 Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced

chapter 11 cases, filed its five hundred second omnibus objection to claims (the "Five Hundred

Second Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Five

Hundred Second Omnibus Objection to Claims will be held before the Honorable Shelley C.

Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy

WEIL:\95355926\2\58399.0011

Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 22, 2015 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Five Hundred Second Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq. and Katherine Doorley, Esq.) and (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 15, 2015 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Five Hundred Second Omnibus Objection to Claims, the Plan Administrator may submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Five Hundred Second Omnibus Objection to Claims, which order

2

may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 15, 2015
      New York, New York

      /s/ Jacqueline Marcus
      Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: July 22, 2015 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 15, 2015 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
In re                                             :        Chapter 11 Case No.
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :        08-13555 (SCC)
                                                  :
                    Debtors.                      :        (Jointly Administered)
-------------------------------------------------------------x

**PLAN ADMINISTRATOR'S FIVE HUNDRED SECOND OMNIBUS OBJECTION**
**TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

> **THIS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED ON THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KATHERINE DOORLEY, AT 212-310-8810.**

1

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

### Relief Requested

1.  The Plan Administrator files this omnibus objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto (collectively, the "Insufficient Documentation Claims").

### Jurisdiction

2.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

3.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

4.  The Bar Date Order established (i) September 22, 2009 (the 'Bar Date") as the general deadline for filing proofs of claim and (ii) October 22, 2009 as the deadline for completing electronic questionnaires and uploading supporting documentation and evidence of

2

underlying claim amounts in connection with claims filed against the Chapter 11 Estates based upon purported guaranties.

5.  The Bar Date Order required, among other things, that "each Proof of Claim must . . . include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6). This requirement was also specifically set forth on the face of the Court-approved proof of claim form. (*Id.* at Exhibit B).

6.  On December 6, 2011, the Court approved and entered an order confirming the Plan (the "Confirmation Order") [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date").

7.  Paragraph 86 of the Confirmation Order provides that "[a]fter the Effective Date, other than a proof of Claim relating to an executory contract or unexpired lease that is rejected pursuant to the Plan, a proof of Claim relating to a prepetition Claim may not be filed or amended without authority of the Court."

8.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

9.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Insufficient Documentation Claims Should Be Disallowed and Expunged**

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

3

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. Lexis 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. §502(b)(1).

11. This Court and others in the Second Circuit have held that "claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of the claim." *In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010) (relying on Bankruptcy Rule 3001(c), which requires that proofs of claim include supporting information to establish their prima facie validity); accord *In re Porter*, 374 B.R. 471 (Bankr. D. Conn. 2007).

12. In reviewing the claims filed on the claims register in these cases, the Plan Administrator has identified the Insufficient Documentation Claims as claims that should be disallowed and expunged on the basis that they include insufficient supporting documentation to support liability against the applicable debtor. Specifically, each of the Insufficient Documentation Claims asserts that LBHI is liable to the holder of the claim (each a "Claimant") based on a purported guarantee of certain obligations of Lehman Brothers Finance (SA) ("LBF"). The Plan Administrator disputes that LBHI has liability to the Claimants based on a guarantee. The Claimants have failed to provide documentation to support their asserted claims, and, specifically, have failed to provide evidence that the Claimants hold allowed direct claims against LBF.

13. Without additional information, the Plan Administrator is unable to assess the basis and merits of the Insufficient Documentation Claims. Accordingly, the Insufficient

4

Documentation Claims should be disallowed and expunged.  Unless the Insufficient Documentation Claims are disallowed and expunged, parties who do not hold valid claims against the Chapter 11 Estates may nonetheless recover from the estates.  The Plan Administrator respectfully requests the Court enter an order disallowing and expunging the Insufficient Documentation Claims in their entirety.

## Reservation of Rights

14. The Plan Administrator reserves all rights to object on any other basis to any Insufficient Documentation Claim, or any portion thereof, as to which the relief requested herein is not granted.

## Notice

15. No trustee has been appointed in these chapter 11 cases.  Notice of this objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Plan

5

Administrator to this or any other Court.

      WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 15, 2015
      New York, New York

                /s/ Jacqueline Marcus
                Jacqueline Marcus

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Lehman Brothers Holdings Inc.
                and Certain of Its Affiliates

**EXHIBIT A**

WEIL:\95355926\2\58399.0011

**IN RE LEHMAN BROTHERS HOLDINGS INC., et al., 08-13555 (SCC)**

**OMNIBUS OBJECTION 502: EXHIBIT A - INSUFFICIENT DOCUMENTATION**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|---|
| 1 | ANTHRACITE RATED INVESTMENTS (CAYMAN) LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21971 | Undetermined | Undetermined | Insufficient Documentation |
| 2 | ANTHRACITE RATED INVESTMENTS (CAYMAN) LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21972 | Undetermined | Undetermined | Insufficient Documentation |
| 3 | ANTHRACITE RATED INVESTMENTS (CAYMAN) LIMITED | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26512 | $9,568,125.00 * | $9,568,125.00 * | Insufficient Documentation |
| 4 | BANCA MONTE DEI PASCHI DI SIENA SPA | 08-13555 (SCC) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28176 | Undetermined | Undetermined | Insufficient Documentation |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                          :    **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (SCC)**
                                                               :
                           Debtors.                     :    **(Jointly Administered)**
----------------------------------------------------------------x

**ORDER GRANTING THE PLAN ADMINISTRATOR'S FIVE HUNDRED SECOND OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

Upon the five hundred second omnibus objection to claims, dated June 15, 2015 (the "Five Hundred Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the Insufficient Documentation Claims, all as more fully described in the Five Hundred Second Omnibus Objection to Claims; and due and proper notice of the Five Hundred Second Omnibus Objection to Claims having been provided as stated therein, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Five Hundred Second Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Five Hundred Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Five Hundred Second Omnibus Objection to Claims.

ORDERED that the relief requested in the Five Hundred Second Omnibus Objection to Claims is granted; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE