HEARING DATE AND TIME: August 4, 2015 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 27, 2015 at 4:00 p.m. (Easterm Time)

**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.
 and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (SCC) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON PLAN ADMINISTRATOR'S OBJECTION TO
CLAIM OF DEUTSCHE BANK AG, LONDON (HK) (CLAIM NO. 24372)**

**PLEASE TAKE NOTICE** that on June 26, 2015 Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, filed its objection to claim number 24372 (the "Claim Objection"), and that a hearing (the "Hearing") to consider the Claim Objection will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, in Courtroom 623 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 4, 2015 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Claim Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and

the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable Shelley C. Chapman, One Bowling Green, New York, New York 10004, Courtroom 623; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Garrett Fail, Esq.); (iii) conflicts counsel for LBHI and certain of its affiliates, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178 (Attn: L. P. Harrison 3rd, Esq. and Cindi Giglio, Esq.); and (iv) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: William K. Harrington, Esq., Susan Golden, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 27, 2015 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

[*Remainder of Page Left Blank Intentionally*]

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Claim Objection or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Claim Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 26, 2015
      New York, New York

      **CURTIS, MALLET-PREVOST,**
       **COLT & MOSLE LLP**

      By:    */s/ L. P. Harrison 3rd*
            L. P. Harrison 3rd
            Cindi Eilbott Giglio
      101 Park Avenue
      New York, New York 10178-0061
      Telephone: (212) 696-6000
      Facsimile: (212) 697-1559

      *Counsel for Lehman Brothers Holdings Inc.*
       *and Certain of Its Affiliates*

22405010

**HEARING DATE AND TIME: August 4, 2015 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 27, 2015 at 4:00 p.m. (Eastern Time)**

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Lehman Brothers Holdings Inc.*
 *and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 Case No. |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : | 08-13555 (SCC) |
| : | |
| Debtors. : | (Jointly Administered) |

---------------------------------------------------------------x

**PLAN ADMINISTRATOR'S OBJECTION TO**
**CLAIM OF DEUTSCHE BANK AG, LONDON (HK) (CLAIM NO. 24372)**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**RELIEF REQUESTED**

1.  On September 21, 2009, SK Securities Co., Ltd. filed proof of claim number 24372 (the "No Liability Claim") against LBHI based upon a purported guarantee by LBHI of the obligations of Lehman Brothers Commercial Corporation (Asia) ("LBCCA"), an

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

LBHI subsidiary.  The No Liability Claim was transferred to Deutsche Bank AG, London (HK) (the "Claimant") by a transfer agreement dated March 8, 2010, ECF No. 7457.  After reviewing the No Liability Claim and the documentation provided in support thereof, the Plan Administrator has determined that LBHI is not liable to the Claimant.

2.	Accordingly, the Plan Administrator therefore files this objection (the "Claim Objection"), pursuant to section 502(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking the disallowance and expungement of the No Liability Claim.

## JURISDICTION

3.	This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

4.	Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.	On December 6, 2011, the Court entered an order confirming the Plan, ECF No. 23023.  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

6.	The No Liability Claim asserts that LBHI, as an alleged guarantor, is liable for amounts purportedly owed to the Claimant by LBCCA.  The Claimant relies on a

22405010

purported guaranty issued by LBHI in a Secretary's Certificate, dated September 17, 2007 (the "Alleged General Guaranty").

7.  The Claimant has not provided evidence that it knew of the Alleged General Guaranty before entering into the relevant transaction or that it relied on the Alleged General Guaranty in deciding whether to extend credit to or transact business with LBCCA. As a result, the No Liability Claim should be disallowed and expunged with prejudice.

### THE NO LIABILITY CLAIM SHOULD BE DISALLOWED AND EXPUNGED

8.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

9.  A guaranty is a contractual undertaking by one party, the guarantor, to satisfy the obligations of another party, the primary obligor, to a third party, the creditor, in the event of a default by the primary obligor. *See Nanjing Textiles IMP/EXP Corp. v. NCC Sportswear Corp.*, No. 06 Civ. 52(JGK), 2006 WL 2337186, at *13 (S.D.N.Y. Aug. 11, 2006); RESTATEMENT (THIRD) OF SURETYSHIP & GUARANTY § 1 cmts. f, g (1996); BLACK'S LAW DICTIONARY (9th ed. 2009); 38 AM. JUR. 2D *Guaranty* § 1 (2014). Like all contracts, acceptance

3

is a crucial element in forming a valid guaranty contract. The United States Supreme Court in *Davis Sewing-Mach. Co. v. Richards*, 115 U.S. 524 (1885), explained:

> A contract of guaranty, like every other contract, can only be made by mutual assent of the parties. . . . [I]f the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, *needing an acceptance by the other party to complete the contract*.

*Id.* at 525 (emphasis added). Furthermore, under the New York Statute of Frauds, a guaranty contract must be in writing and signed by the guarantor. *See* N.Y. GEN. OBLIG. LAW § 5-701(a)(2) (McKinney 2002); *see also DeRosis v. Kaufman*, 641 N.Y.S.2d 831, 832–34 (N.Y. App. Div. 1996).[2]

        10.    General guaranties are offers that can be accepted by anyone to whom they are presented and do not necessarily specify the particular transactions that will be guaranteed. *See Evansville Nat'l Bank v. Kaufman*, 93 N.Y. 273, 276 (1883); 38 AM. JUR. 2D *Guaranty* § 14; *see also Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876, 876 (N.Y. App. Div. 1939) (guarantor provided a letter of credit for buying materials). In contrast, specific guaranties identify the benefiting creditor or, "with precision," the underlying agreements being guaranteed. *See, e.g.*, *Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*, 117 F. Supp. 2d 394, 400 (S.D.N.Y. 2000) (stating that a valid guaranty must describe "with precision the obligation to which the person is bound").

        11.    Acceptance of a general guaranty may be indicated by a party extending credit in reliance on the guaranty—and the extension of credit also qualifies as consideration for the guaranty. *See Evansville Nat'l Bank*, 93 N.Y. at 279; 63 N.Y. JUR. 2D *Guaranty and*

---

[2] The Plan Administrator reserves all arguments including whether the Alleged General Guaranty is a guaranty contract of any kind, as well as whether the Alleged General Guaranty would satisfy the Statute of Frauds.

*Suretyship* § 78 (2014); *see also Union Carbide Corp. v. Katz*, 489 F.2d 1374, 1376 (7th Cir. 1973); *Farmers' State Bank of York v. Brock*, 234 N.W. 92, 94 (Neb. 1931) (holding that extending credit in reliance on the guaranty provided consideration for the guaranty). Thus, in order to benefit from a general guaranty, a creditor must have known of the existence of the guaranty and acted in reliance upon its terms when entering into the transaction with the primary obligor. As the court in *Federal Deposit Insurance Corp. v. Schumacher*, 660 F. Supp. 6 (E.D.N.Y. 1984), explained:

> It is, of course, elementary that a creditor's right to enforce a contract of guaranty *must be based upon knowledge of the existence of the guaranty* and that the credit must be extended in reliance thereof[.]

*Id.* at 8 (emphasis added) (citations omitted). Indeed, it is well-settled that:

> A "general" guaranty is addressed to persons generally and may be enforced by anyone to whom it is presented although it has been recognized that the person so acting *must have had definite knowledge of the existence of the guaranty and acted in reliance on it*.

38 AM. JUR. 2D *Guaranty* § 14 (emphasis added) (footnote omitted).

12. Courts consistently apply this test of knowledge and reliance. *See, e.g.*, *Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876 (N.Y. App. Div. 1939); *see also Joe Balestrieri & Co. v. Comm'r of Internal Revenue*, 177 F.2d 867, 873 (9th Cir. 1949) (recognizing the validity of guaranty claim where guaranty was made at the request of the prospective creditor and was delivered by the primary obligor); *J.C. Wattenbarger & Sons v. Sanders*, 30 Cal. Rptr. 910, 915 (Cal. Ct. App. 1963) (rejecting guaranty claim where there was "no proof that credit was extended with knowledge of it and reliance upon it"); *Calcot Ass'n v. Coast Cotton Mills*, 295 P.2d 1, 4 (Cal. Dist. Ct. App. 1956) (recognizing guaranty claim where court found that product was delivered to the primary obligor "only because the guaranties had been made").

5

13. In *Philip Carey Co. v. Duffy*, 10 N.Y.S.2d 876 (N.Y. App. Div. 1939), for example, the primary obligor presented potential creditors with a general letter of credit from its guarantor that was intended by the guarantor (the defendant) to be used to secure debts for materials the primary obligor bought on credit. *Id.* at 876. The court, noting that the plaintiff acted "*in reliance upon that letter and promise of credit*" when the plaintiff sold materials to the primary obligor, held that the plaintiff was "entitled to recover from defendant the agreed price of the materials." *Id.* (emphasis added).

14. Similarly, *Farmers' State Bank of York v. Brock*, 234 N.W. 92, 92-93 (Neb. 1931), concerned a general guaranty signed by the primary obligor's stockholders so that the primary obligor could obtain further extensions of credit. The court granted judgment only to those guaranty claim creditors "who had knowledge of it and extended credit to the association on the faith and credit of it." *Id.* at 94. As for the other creditors who provided insufficient evidence of knowledge and reliance, the court ruled that there was no consideration for the guaranty and denied judgment. *Id.*

15. To the extent that the Alleged General Guaranty is deemed to be a guaranty at all, it would be, at best, a general guaranty. The Alleged General Guaranty broadly provides that LBCCA is a "fully guaranteed subsidiary" of LBHI. The Alleged General Guaranty does not identify any particular counterparties or transactions to which it might apply, much less "with precision." *See Cavendish Traders, Ltd.*, 117 F. Supp. 2d at 400. Accordingly, if the Alleged General Guaranty is deemed to be a guaranty at all, it would be enforceable only by a creditor that knew of and relied upon it when transacting business with LBCCA.

16. The Claimant, which asserts liability based on the Alleged General Guaranty, does not meet the basic threshold of proof necessary here: that it knew of the Alleged

6

General Guaranty and relied upon it as a guaranty when entering into the transaction underlying the No Liability Claim, as the law discussed herein clearly requires. Consequently, the Claimant does not have a valid guaranty claim against LBHI, and the Plan Administrator has no basis for allowing its claim.

17. If the No Liability Claim remains on the claims register, the potential exists for recovery by a party who does not hold a valid claim against LBHI. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claim.

## RESERVATION OF RIGHTS

18. The Plan Administrator reserves all rights to object on any other basis to the No Liability Claim as to which the Court does not grant the relief requested herein. The Plan Administrator reserves the right to conduct further discovery as to the No Liability Claim and any matters raised by the Claimant and to supplement this and other filings as a result thereof.

## NOTICE

19. No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of the Claim Objection on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the Claimant; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635. The Plan Administrator submits that no other or further notice need be provided.

22405010

20. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: June 26, 2015
      New York, New York

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**

By:     */s/ L. P. Harrison 3rd*
         L. P. Harrison 3rd
         Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

*Counsel for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (SCC)
                                                   :
                    Debtors.                       :    (Jointly Administered)
------------------------------------------------------------x

**ORDER GRANTING THE PLAN ADMINISTRATOR'S OBJECTION TO
CLAIM OF DEUTSCHE BANK AG, LONDON (HK) (CLAIM NO. 24372)**

Upon the objection to claim number 24372, dated June 26, 2015 (the "Claim Objection"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases, pursuant to section 502(b) of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules, seeking disallowance of claim number 24372, all as more fully described in the Claim Objection; and due and proper notice of the Claim Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Claim Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Claim Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Claim Objection is granted; and it is further

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Claim Objection.

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim number 24372 is disallowed and expunged in its entirety; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

22405010