B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
Southern District of New York

In re Lehman Brothers Holdings Inc., et al.                Case No. 08-13555 (SCC)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

Goldman, Sachs & Co.                          Lehman Brothers International (Europe) (in
                                              administration)
Name of Transferee                            Name of Transferor


Name and Address where notices to transferee    Court Claim # (if known): 62783
should be sent:                                 Claim Amount Filed: $2,084,741,055
                                                Amount transferred: see attached
                                                Date Claim Filed: 11/2/09
30 Hudson Street, 5th Floor                     Debtor: Lehman Brothers Holdings Inc.
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212) 934-3921



Phone: _____                   Phone: 212.903.9000
Last Four Digits of Acct #: _____              Last Four Digits of Acct. #:   N/A

Name and Address where transferee payments
should be sent (if different from above):


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ _____                 Date: 6/22/15
    Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, Lehman Brothers International (Europe) (in administration) (the "Seller") by and through Anthony Victor Lomas, Steven Anthony Pearson, Paul David Copley, Russell Downs and Julian Guy Parr (the "Joint Administrators" and each a "Joint Administrator") without personal liability, hereby unconditionally and irrevocably sells, transfers and assigns to Goldman, Sachs & Co. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 62783 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., formerly a debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) other than any and all amounts relating to distributions made by the Debtor prior to the date of this Agreement and Evidence of Partial Transfer of Claim, any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Proof of Claim to the extent of the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims").

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors in the same class; (g) Seller received the cumulative distributions relating to the Transferred Claims in the amounts indicated on Schedule 1 attached hereto (the "LBHI Distributions") and a true and correct copy of the remittance notice relating to the LBHI Distributions has been delivered by Seller to Purchaser; and (h) other than the LBHI Distributions, Seller has not received any payments or distributions, whether directly or indirectly, in respect of the Transferred Claims. For the avoidance of doubt, and without diminishing the representations of Seller explicitly set forth herein, Seller does not represent or warrant to Purchaser the amount in which the Proof of Claim to the extent of the securities listed in Schedule 1 has been allowed by the Debtor or the amount of any given distribution to be made by the Debtor in connection with those securities.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller

acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties and covenants shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

5. Seller shall promptly remit any payments, distributions or proceeds received by Seller after the date of this Agreement and Evidence of Partial Transfer of Claim in respect of the Transferred Claims to Purchaser. For the avoidance of doubt, such remittance shall in any event be no later than ten (10) business days after Seller has become aware or been made aware of the receipt of such payment, distributions or proceeds. Seller and Purchaser agree to cooperate to identify whether any such payments, distributions or proceeds have been received by Seller. Seller (i) has transferred to Purchaser the securities related to the Purchased Claim; and (ii) represents and warrants that it has received only those distributions in Schedule 1 hereto from Lehman Brothers Treasury Co. B.V. in respect of such transferred securities. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the securities related to the Purchased Claim.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Any action arising under or relating to this Agreement and Evidence of Partial Transfer of Claim shall be brought in the Supreme Court of the State of New York, County of New York, or the United States District Court for the Southern District of New York, located in the City and State of New York. For purposes of this Agreement and Evidence of Partial Transfer of Claim, each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. One of the Joint Administrators has signed this Agreement and Evidence of Partial Transfer of Claim on behalf of all the Joint Administrators as agents for and on behalf of Seller and neither they, their firm, partners, employees, agents, advisers or representatives shall incur any personal liability whatsoever in respect of, or in relation to, this Agreement and Evidence of Partial Transfer of Claim. The exclusion of liability set out in this paragraph shall arise and continue notwithstanding the termination of the agency of the Joint Administrators and shall operate as a waiver of any claims in tort as well as under the laws of contract, and any claims otherwise at law or in equity. Though not parties to this Agreement and Evidence of Partial Transfer of Claim, the Joint Administrators, their firm, partners, employees, agents, advisers or representatives shall be entitled to rely on this paragraph of this Agreement and Evidence of Partial Transfer of Claim as if they were a party to it.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this ___ day of June 2015.

**Lehman Brothers International (Europe) (In Administration)**

By: *[signature]*
Name: Paul Copley
Title: Joint Administrator
For and on behalf of
Lehman Brothers International (Europe) (in administration)
acting as its agent and without personal liability

Level 23
25 Canada Square
London E14 5LQ
United Kingdom

**Goldman, Sachs & Co.**

By: *[signature]*
Name: Thomas A. Torr
Title: Managing Director
30 Hudson Street
Jersey City, NJ 07302
Attn: Michelle Latzoni
Email: gsd.link@gs.com
Tel: (212) 934-3921

Schedule 1

Transferred Claims

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Allowed Amount | Proof of Claim |
|---|---|---|---|---|---|
| XS0324583607 | Lehman Brothers Treasury Company BV | Lehman Brothers Holdings, Inc | $3,000,000 | $3,000,000 | 62783 |

| ISIN/CUSIP | Principal/Notional Amount | LBHI Distributions | LBT Co. BV Distributions |
|---|---|---|---|
| XS0324583607 | $3,000,000 | USD 651,983.04 | USD 847,240.37 |