**Hearing Date and Time: July 1, 2015 at 11:00 a.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Garrett A. Fail

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**REPLY TO OPPOSITION OF HIGHLAND CDO OPPORTUNITY MASTER FUND,
L.P. TO MOTION OF LEHMAN BROTHERS HOLDINGS INC. FOR EXTENSION OF
THE PERIOD TO FILE OBJECTIONS TO AND REQUESTS TO ESTIMATE CLAIMS**

TO THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc., as Plan Administrator, files this reply to the opposition [ECF No. 49916] (the "Response") by Highland CDO Opportunity Master Fund, L.P. ("Highland") to the *Motion of Lehman Brothers Holdings Inc. for Extension of the Period to File Objections to and Requests to Estimate Claims* [ECF No. 49709] (the "Motion"), and respectfully represents as follows:[1]

**Reply**

1. Highland opposes the Motion solely as it relates to its one Disputed Claim, a guarantee claim based on a corporate resolution, without a specific guarantee, and the primary obligation of Lehman Brothers International (Europe) ("LBIE"). (Resp. ¶¶ 3, 12.) Ostensibly,

---

[1] Capitalized terms used by not otherwise defined herein shall have the meaning ascribed in the Motion.

1

WEIL:\95369598\4\58399.0011

Highland objected to the relief requested because Highland did not know the status of its claim. Highland wanted the Plan Administrator to publicly "declare its intentions" with respect to Highland's particular claim. The Plan Administrator has since done so.

2. The Plan Administrator updated the Court and parties in interest on all Disputed Claims at a status conference on June 9, 2015, and in a report filed thereafter. [ECF No. 49950.] It described the many work-streams operating simultaneously both in and out of court to resolve the diverse groups of approximately 2,400 remaining Disputed Claims. The Plan Administrator announced that it was moving forward immediately to address the approximately half of these claims that are LBIE-based guarantee claims in a coordinated and efficient manner.

3. True to its word, the Plan Administrator filed its *Motion of Plan Administrator Pursuant to Sections 8.4, 9.3, and 14.1 of the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors to Estimate Claims for Reserve and Distribution Purposes* [ECF No. 49954] (the "Estimation Motion") the next day, on June 10, 2015. The Estimation Motion sought to estimate LBIE-based guarantee claims, including Highland's claim, at zero dollars for reserve and distribution purposes. (*See* Estimation Mot. Ex. A at 33.) Highland's claim was not pushed to the end of the line; it was formally addressed with 1,147 similarly-situated claims three months before the current Objection Deadline.

4. If Highland consents to the Estimation Motion, there will be no need to extend the Objection Deadline with respect to Highland's claim. Conversely, if Highland intends to object to the Estimation Motion, the Objection Deadline will need to be extended for Highland's claim because (a) entry of a final order determining the Estimation Motion as to Highland's claim may not occur prior to the Objection Deadline, and (b) further expending

2

resources and further diminishing valid creditors' recoveries to interpose objections to Highland's claim prior to entry of a final order regarding the Estimation Motion may be imprudent.

5. Similarly, even if the Estimation Motion was denied by a final order prior to the Objection Deadline, for the reasons set forth in the Estimation Motion, LBHI may not object to Highland's claim unless and until (a) it is determined that LBIE has not paid the asserted amount of Highland's claim, and (b) Highland has demonstrated the ability and willingness to satisfy an order disgorging all Distributions received with respect to the claim.

6. Further, the Court has recognized the efficiencies in the Plan Administrator's filing of dispositive motions or objections before filing all other available objections to claims. Determining the enforceability of an alleged guarantee before determining the value of transactions underlying a guarantee claim benefits the Court, the Chapter 11 Estates, and creditors holding Disputed Claims by avoiding needless discovery and litigation. Logically, then, the Plan Administrator should and would first object to disallow Highland's claim for failure to state a claim and would only challenge Highland's valuation of the transactions under Highland's Global Master Repurchase Agreement with LBIE if Highland's claim survives a threshold objection.[2] It is likely that this threshold objection process, if required, would extend beyond the current Objection Deadline.

7. It is premature and impractical to predict whether any objection ultimately will be required; it is even more so to demand a hypothetical objection timeline under the

---

[2] Lack of the requisite demonstrated—or demonstrable—creditor knowledge and reliance on a general guarantee is one reason that the Debtors' Disclosure Statement stated that "Third-Party Guarantee Claims based on Guarantee Resolutions are subject to challenge . . . [and were] reduced to zero in the Debtors' Estimate of Claim Amounts." [ECF No. 19629 Ex. 6 at 5; *id.* at 48.] It is also the reason that LBHI's creditors conditioned allowance of "Board Resolution Claims" on Court approval where such approval is not required for any other type of claim. [*See* ECF. Nos. 29505, 29476.]

3

circumstances and constraints of these complex cases. Cutting short the claims objection processes would only needlessly increase the cost of administrating these cases or allow meritless or inflated claims, prejudicing all current and future holders of Allowed Claims by diluting recoveries in either case.

8. Highland's claim cannot be viewed in a vacuum simply because Highland is the only party objecting to the Motion. Each holder of a Disputed Claim wants its claim to be resolved, but as the Court has told Highland before: "there's no reason, just because you're a squeaky wheel for you to get the grease . . . ." Nov. 22, 2013 Hr'g Tr. 85:17-18. The Plan and the Court's orders grant the Plan Administrator the sole discretion to control and effectuate the Claims reconciliation process, because only the Plan Administrator is positioned to make an informed decision to prioritize, avoid, or manage most efficiently simultaneous litigation before the Court of both (a) $68 billion of remaining Disputed Claims and (b) billions of dollars of affirmative recoveries for the Chapter 11 Estates.

9. Accordingly, the Response should be overruled and the Motion should be granted with respect to Highland's claim.

Dated:   June 30, 2015
         New York, New York

/s/ Garrett A. Fail
Garrett A. Fail

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*

WEIL:\95369598\4\58399.0011