FILED / RECEIVED

JUN 24 2015

EPIQ BANKRUPTCY SOLUTIONS, LLC

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re _Lehman Brothers Holdings Inc._    Case No. _08-13555_

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

_Luzerner Kantonalbank AG_  
**Name of Transferee**

Ericana Finanz AG i.L.
Schaanerstrasse 13, FL-9490 Vaduz
**Name of Transferor**

Name and Address where notices to transferee should be sent:
Luzerner Kantonalbank AG
Pilatusstr. 12
CH-6003 Luzern
Attn. Peter Felder
Phone: +41 41 206 24 86
Last Four Digits of Acct #: _____

Court Claim # (if known): 8927
Amount of Claim: USD 71'450,--
Date Claim Filed: 21st of August 2009

Phone: +423.237.16.16.
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ Gubler_ _Peter Felder_    Date: _17.6.2015_
    Transferee/Transferee's Agent

_Penalty for making a false statement:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.



RECEIVED
JUN 29 2015
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

Instructions, Form 210A/B
12.01.09

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY AND NOTICE

**Applicable Law and Rules**

1. Section 502(a) of the Bankruptcy Code (11 U.S.C. § 502(a)) states that a claim, proof of which has been filed, "is deemed allowed, unless a party in interest . . . objects."

2. Bankruptcy Rule 3001(f) provides that [a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute *prima facie* evidence of the validity and amount of the claim."

3. Bankruptcy Rule 5003(b) requires the clerk to keep a claims register in every case in which in appears there will be a distribution to unsecured creditors. The claims register is a list of the claims filed, showing the creditor's name and the number assigned to the claim by the court, and may contain other information, such as the amount claimed, at the discretion of the court.

4. Bankruptcy Rule 3001(e)(2) governs the procedure to be followed when a creditor that has filed a proof of claim in a case sells or otherwise transfers its claim to another entity. Rule 3001(e)(2) requires the transferee to file evidence of the transfer and further requires the clerk "immediately" to notify the alleged transferor by mail of the filing of the evidence of transfer. The notice sent by the clerk also must state that any objection must be filed within 21 days from the date the notice is mailed.

5. Form 210A is intended to serve as evidence of the transfer of the claim. Accordingly, the transferee must sign the form under penalty of perjury before filing it.

6. Form 210B is intended to serve as the notice the clerk mails to the alleged transferor. The form will be completed by the clerk and mailed by the Bankruptcy Noticing Center to the alleged transferor's address in the case records. If the alleged transferor wishes to make further inquiries, the notice includes sufficient information to identify the transferee's filing and other relevant documents in the court records.

7. Bankruptcy Rule 5005(a)(2) allows the court by local rule to permit documents to be filed, signed, or verified electronically, and Rule 9036 permits notices to be sent electronically if certain conditions have been met.

8. If the alleged transferor files a timely objection, the court must schedule a hearing to determine the matter. If no objection is filed, the clerk will substitute the transferee for the transferor in the claims register and other case other records pursuant to Rule 3001(e)(2).

Instructions, Form 210A/B
Continued

**Instructions**

**Caption**

1.   Identify the Judicial District in which the bankruptcy case was filed by filling in the blanks. Example: "Eastern" [DISTRICT OF] "California."

2.   "In re": Insert the name of the debtor and the case number as they appear in the Notice of Chapter __ Bankruptcy Case, Meeting of Creditors & Deadlines" sent to creditors at the beginning of the bankruptcy case.

3.   "Name of Transferee": Insert the name of the entity that purchased or otherwise acquired the claim. This should be same entity that files the notice and that signs or whose agent signs the notice.

4.   "Name and Address where notices to transferee should be sent": Insert the name and address of the entity that has acquired the claim and is filing the notice. This is the address the court and parties in interest will use when they send notices and other documents in the case. Include a telephone number and the last four digits of any account number assigned by the transferee to the debt that is the basis for the claim.

5.   "Name and Address where transferee payments should be sent (if different from above)": If payments on the claim should be sent to an address different from the one to which notices will be sent, the transferee should provide the payment address in this section of the form. Include a telephone number and the last four digits of any account number assigned by the transferee to the debt that is the basis for the claim.

6.   "Name of Transferor": Insert the name of the creditor that sold or otherwise relinquished the claim.

7.   "Court Claim # (if known):": If the transferee filing the notice knows the claim number assigned by the court to the claim purchased or otherwise acquired by the transferee, insert that number here. The transferee may review the claims register in the case to obtain the claim number.

8.   "Amount of Claim:": Insert the amount of the claim filed with the court by the transferor. The transferee may review the claims register to ascertain the amount.

9.   "Date Claim Filed:": Insert the date the claim was filed with the court by the

08-13555-mg    Doc 50223    Filed 06/24/15    Entered 07/07/15 11:23:02    Main Document
                                            Pg 4 of 6

Instructions, Form 210A/B
Continued

transferor. The transferee may review the claims register to ascertain the date.

10. "Phone:" Insert the phone number (if known) of the creditor that sold or otherwise relinquished the claim. Include the last four digits (if known) of the any account number used by the transferor to identify the debt that is the basis for the claim.

11. Signature and Date: The transferee filing the notice, if the transferee is an individual, or the transferee's agent, if the transferee is not an individual, must sign the notice under penalty of perjury. If an agent signs, the agent should type or print the agent's name and title or other authority, in addition to signing. The individual signing the notice also should date it. Rule 5005(a)(2) permits a court by local rule to authorize the filing, signing, and verifying of documents electronically. Generally, this requirement can be satisfied for electronic filings by typing "s/(name of individual signing or verifying)." Consult the court in which the notice is to be filed for specific requirements if the document is to be signed and verified electronically.

12. The transferee should not complete or file Form 210B. The clerk will complete the Form 210B notice and it will be mailed by the Bankruptcy Noticing Center.

### General Information for the Clerk

Whenever a claim is transferred under terms specified in Rule 3001(e)(2), that is, other than for security and after a proof of claim has been filed, the purchaser/transferee must file evidence of the transfer. Rule 3001(e)(2) also requires the clerk "immediately" to give notice of the alleged transfer to the seller/transferor. The notice must state further that any objection must be filed within 21 days of the date the notice is mailed. Form 210A is designed to serve as evidence of the transfer and Form 210B is designed to serve as the notice the clerk sends to the alleged transferor of the claim.

The transferee completes Form 210A and signs it under penalty of perjury. The court's CM/ECF computer system will assemble the information needed to prepare the Form 210B notice from the docket entry for Form 210A and information in the case records in the clerk's office. The notice will be mailed by the Bankruptcy Noticing Center to the alleged transferor or, if the alleged transferor has agreed to receive notices electronically, it will be transmitted electronically.

If the alleged transferor wishes to make further inquiries, the Form 210B notice sent by the clerk includes sufficient information to identify the transferee's filing and other relevant documents in the court records. The clerk's Form 210B notice is sent to the alleged transferor's address in the court records since that is the address included in the mailing matrix filed by the

 

Luzerner Kantonalbank AG
Rechtsdienst & Compliance
Pilatusstrasse 12
Postfach
6002 Luzern

United States Bankruptcy Court
Southern District of New York
Lehman Brothers Holdings Claims Proc. Center
c/o Epiq Bankruptcy Solutions LLC
FTR Station, P.O. Box 5076
New York, NY 10150-5076
United States

Telefon   0844 822 811
Telefax   041 206 29 16
info@lukb.ch, www.lukb.ch
MWST-Nr.  439 766

Datum        June 17, 2014 DR-Fep
Telefon direkt   041 206 24 86 Peter Felder
Telefax direkt   041 206 29 16
E-Mail       peter.felder@lukb.ch

**Lehman Brothers Holdings Inc. - Evidence of Transfer of Claim**
Case No. 08-13555 (JMP)

Dear Sir or Madam,

Enclosed we send you 2 Evidence of Transfer of Claim Forms.

Thank you for your attention.

Sincerely yours,

Luzerner Kantonalbank

Peter Felder    Jörg Gubler

enclosure.

Instructions, Form 210A/B
Continued

debtor or supplied by the creditor pursuant to Rule 2002(g).

If the transferor files a timely objection, either within 21 days of the mailing of the notice or within any extension of the deadline granted by the judge, the court will schedule a hearing to determine the matter. If no objection is timely filed, the clerk will substitute the transferee for the transferor in the claims register and other records of the court without the necessity of an order.