B 210A (Form 210A)(12/09)

# UNITED STATES BANKRUPTCY COURT

In re: <u>Lehman Brothers Holding Inc., et al.,</u>   Case No. <u>08-13555 (JMP)</u>

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**Alden Global Opportunities Master Fund, L.P.**
(f/k/a Alden Global Distressed Opportunities Master Fund, L.P.)
Name of Transferee

**Morgan Stanley & Co. LLC**
(f/k/a Morgan Stanley & Co Incorporated)
Name of Transferor

Name and Address where notices to transferee should be sent:
Alden Global Opportunities Master Fund, L.P.
C/O Alden Global Capital LLC
885 Third Avenue, 34th Floor
New York, NY 10022
Attn: Ithran Olivacce

Court Claim # (if known): 66286
Amount of Claim: $1,639,868.93

Copy to:
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
Attn: David J. Karp

Phone: 212-888-7214
Last Four Digits of Acct #:

Phone:
Last Four Digits of Acct. #:

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 7/9/2015
Transferee/Transferee's Pecora
Jason Pecora
Chief Operating Officer
Alden Global Capital

DOC ID - 23262500

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

*EXECUTION VERSION*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:    THE DEBTORS AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Morgan Stanley & Co. LLC (f/k/a Morgan Stanley & Co. Incorporated)** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Alden Global Opportunities Master Fund, L.P. (f/k/a Alden Global Distressed Opportunities Master Fund, L.P.)** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to (i) Proof of Claim Number 66286 filed by or on behalf of DWS Commodity Securities Fund (the "Prior Seller") (the "LBHI Proof of Claim") against Lehman Brothers Holdings, Inc. ("LBHI"), debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "LBHI Claim") and (ii) SIPC Customer Claim filed by or on behalf of the Prior Seller (the "SIPC Claim" and, together with the LBHI Claim, the "Claims") against Lehman Brothers Inc. ("LBI" and, together with LBHI, the "Debtors"), debtor in proceedings pursuant to the Securities Investor Protection Act pending in the Court, administered under Case No. 08-1420 (JMP) SIPA with Claim Number 900002339, as referred to in the Notice of Trustee's Determinations of Claim sent by the Trustee for the SIPA Liquidation of Lehman Brothers Inc. on December 8, 2009 to the Prior Seller (the "Trustee's Letter"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtors or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the LBHI Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on September 22, 2009 on the applicable form provided by LBHI as contemplated by, and in accordance with the applicable procedures set forth in, that certain Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271), dated July 2, 2009; (b) the SIPC Claim was duly and timely filed to preserve rights as a "Customer Claim" in accordance with the Court's order setting the deadline for filing claims in respect of "Customer Claims"; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Claims include the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtors or their affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) there have been no objections filed or threatened against Seller in respect of the Transferred Claims.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtors and the Court, and hereby waives to the fullest extent permitted by law any notice

886498v.2 892/02812

or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. With respect to both the LBHI Claim and the SIPC Claim, Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from (a) Seller's breach of its representations and warranties made herein or (b) Seller or Prior Seller seeking to implement the Prior Purchase as defined in paragraph 7 below between Prior Seller and Seller.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof (but in any event no later than three (3) business days), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to either Claim.

7.  Each of Seller and Purchaser agrees that the delivery obligations of the Seller under this Agreement and Evidence of Transfer of Claim are subject to receipt by the Seller of the relevant purchase price. In the event that the purchase by the Seller of the Transferred Claims on or prior to the date hereof (the "Prior Purchase") is not successfully completed, any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled.

8.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[SIGNATURE PAGE FOLLOWS]

886498v.2 892/02812

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed as of this 21st day of June, 2015.

**MORGAN STANLEY & CO. LLC**
**(f/k/a Morgan Stanley & Co. Incorporated)**

By: _____
Name:
Title:     Adam Savarese
           Authorized Signatory
1585 Broadway
New York, NY 10036

**ALDEN GLOBAL OPPORTUNITIES MASTER FUND, L.P. (f/k/a Alden Global Distressed Opportunities Master Fund, L.P.)**

By: Alden Global Capital Limited, the investment manager

By: Alden Global Capital LLC, its sub-adviser

By:_____
Name: Jason Pecora
Title: Chief Operating Officer

885 Third Avenue, 34th Floor
New York, NY 10022

886498v.2 892/02812

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed as of this 29 day of June, 2015.

**MORGAN STANLEY & CO. LLC**
(f/k/a Morgan Stanley & Co. Incorporated)

By:_____
Name:
Title:

1585 Broadway
New York, NY 10036

**ALDEN GLOBAL OPPORTUNITIES MASTER FUND, L.P.** (f/k/a Alden Global Distressed Opportunities Master Fund, L.P.)

By: Alden Global Capital Limited, the investment manager

By: Alden Global Capital LLC, its sub-adviser

By:_____
Name: Jason Pedora
Title: Chief Operating Officer

885 Third Avenue, 34th Floor
New York, NY 10022

886498v.2 892/02812

Schedule 1

## Transferred Claims

Purchased Claim

$1,639,868.93 allowed amount of the LBHI Claim (representing 11.4975390506% of the allowed amount of the LBHI Claim); and $1,639,868.93 allowed amount of the SIPC Claim (representing 11.4975390506% of the allowed amount of the SIPC Claim).

Lehman Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | U.S.$ Amount claimed in Proof of Claim with respect to Lehman Program Securities to which Transfer relates |
|---|---|---|---|---|---|---|---|
| Floating Rate Notes linked to the S&P GSCI Total Return Index | ISIN: US52519VAR78 CUSIP: 52519VAR7 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $12,700,000.00 | LIBOR minus the Margin | October 23, 2008 | 14,373,860.00 |