# Exhibit C

RECEIVED
DEC 17 2012
@ 2:30 pm

FORM 254-Subpoena in for Rule 2004 Examination (12/06)

# United States Bankruptcy Court

Southern _____ DISTRICT OF _____ New York

In re Lehman Brothers Holdings Inc., et al.,

         Debtor

**SUBPOENA FOR RULE 2004 EXAMINATION**

Case No. 08-13555(JMP)

To: RGM TRADING INTERNATIONAL LIMITED C/O RGM ADVISORS, LLC
221 W 6TH STREET, SUITE 1600
AUSTIN, TX 78701

Chapter 11

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Fed. R. Bankr. P., at the place, date, and time specified below, by an individual or individual(s) with knowledge of the matters and documents set forth in Exhibit A Attached Hereto. A copy of the court order authorizing the examination is also attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below.

Documents Requested By Exhibit A Attached Hereto

| PLACE | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153 | January 21, 2013 at 10:00 A.M. (EST) |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| [signature] | December 17, 2012 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert J. Lemons, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153; (212) 310-8924

DELIVERED:
ON: 12/17/12
BY: _____ SCH 235
@: _____ am pm

FORM 254 Subpoena in for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c)　PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

　(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

　(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

　　(i) fails to allow reasonable time for compliance;

　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

　　(iv) subjects a person to undue burden.

　(B) If a subpoena

　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

　(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

　(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

　(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

　(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

　(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

　(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not

use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

Questions concerning this Subpoena should be directed to:

M. Jarrad Wright
Weil, Gotshal & Manges LLP
1300 Eye Street N.W.
Suite 900
Washington, D.C. 20005
(202) 682-7058
jarrad.wright@weil.com

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

### DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of New York.

2. "Concerning" shall have the meaning set forth in Southern District of New York Local Civil Rule 26.3(c)(7).

3. "Document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and includes, without limitation, reports, correspondence, minutes, emails, instant messages, spreadsheets, memoranda, notes and all other writings, Bloomberg screenshots, drawings, graphs, charts, photographs, sound recordings and electronic or computerized data compilations from which information can be obtained and/or translated, if necessary, through electronic detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term. The word "including" means including, but not limited to.

4. "LBHI" shall mean Lehman Brothers Holdings, Inc.

5. "RGM TRADING INTERNATIONAL LIMITED C/O RGM ADVISORS, LLC," "You," and "Your" shall mean RGM TRADING INTERNATIONAL LIMITED C/O RGM ADVISORS, LLC, and any person acting on its behalf or under its control, including any of its agents, subsidiaries, affiliates, predecessors, successors, or representatives.

6. The terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of this request all documents which might otherwise be considered to be outside of that scope.

7. The word "each" shall mean both "each" and "every", and the word "every" shall mean both "each" and "every," as appropriate in order to bring within the scope of this Request documents which might otherwise be beyond its scope.

8. The term "Guaranty" shall mean any obligation to pay or answer for the debt of another.

9. The term "Guaranty Claim" shall mean any claim held by You against LBHI asserting an amount due from LBHI based on a Guaranty of the Primary Obligor, except for any claim or portion of a claim based on a Guaranty of the Primary Obligor that has already been allowed in accordance with the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* or by the Bankruptcy Court. The term "Guaranty Claim" shall specifically include, but shall not be limited to, the following claims: 15035.

10. The term "Guaranty Document" shall mean each document or instrument which is the basis of Your Guaranty Claim.

11. The term "Primary Obligor" shall mean the LBHI's subsidiary or affiliate with which You entered into one or more financial arrangements with and which arrangements gave rise to Your assertion of a Guaranty Claim.

12. The term "Prior Holder" shall mean any entity that previously held the Guaranty Claim, including, but not limited to, any entity other than You that entered into one or

more financial arrangements with the Primary Obligor and which arrangements give rise to Your assertion of a Guaranty Claim.

### GENERAL INSTRUCTIONS

The following General Instructions apply to each request set forth herein.

1. Each request seeks production of each Document, in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each Document.

2. If any Document requested herein was formerly in Your or a Prior Holder's possession, custody or control (or that of Your or a Prior Holder's representative) and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a written statement (a) describing in detail the nature of the Document and its contents, (b) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent, (c) specifying the date on which the Document was prepared or transmitted and (d) specifying the date on which the Document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

3. If any Document requested herein is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of any such Document, a written statement (a) identifying the person(s) who prepared or authored the Document, and, if applicable, the person(s) to whom the Document was sent or shown, (b) specifying the date on which the Document was prepared or transmitted, (c) describing the nature of the Document (e.g., letter, electronic mail, etc.), (d) stating briefly why the Document is claimed to be privileged or to

3

constitute work product, and (e) identifying the paragraph of this request to which the Document relates.

4. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege shall be deleted or redacted from the Document, the instructions in the preceding paragraph shall be applicable, and the rest of the Document shall be produced.

5. All Documents are to be produced as kept in the usual course of business or are to be organized and labeled to correspond with the categories in this request. The method for production of each category is to be identified at the time of production. Documents are to be produced in full and unexpurgated form.

6. Each page of each document should be numbered consecutively. A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments (including email attachments) to the document in addition to the document itself.

7. Documents attached to each other (physically or via electronic mail) should not be separated.

8. In producing the requested documents, even though the requests are directed to "You," You shall furnish all documents which are available to You, including documents in the possession, custody or control of any of Your officers, directors, employees, agents, attorneys, investigators, accountants or consultants and not merely such documents in Your possession.

4

9.  The requests which follow are to be regarded as continuing, RGM TRADING INTERNATIONAL LIMITED C/O RGM ADVISORS, LLC, is requested to provide by the way of supplementary compliance herewith, such additional documents as RGM TRADING INTERNATIONAL LIMITED C/O RGM ADVISORS, LLC, may hereafter obtain, which will augment the documents now produced in response to the requests below. Such additional documents are to be produced at the offices of Weil, Gotshal & Manges LLP promptly after receipt thereof.

10. At a future date, LBHI may request the production of additional documents based on information revealed during this document request.

11. At a future date, LBHI may request to depose additional individuals based on information revealed during this document request.

## REQUESTS FOR PRODUCTION

REQUEST NO. 1

All documents that show how and when and the circumstances under which You or a Prior Holder learned of or obtained, received or otherwise gained possession of the Guaranty Document.

*[handwritten annotation: 1st? Lost]*

REQUEST NO. 2

All documents that would support or relate to any claim that You or a Prior Holder relied upon an alleged Guaranty in connection with any transaction with the Primary Obligor.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :    08-13555 (JMP)
                                                             :
                             Debtors.                        :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

### ORDER GRANTING THE DEBTORS AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES

Upon the motion, dated November 4, 2009 (the "Motion"), of Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order authorizing the Debtors to issue subpoenas for the production of documents and the examination of persons and entities that have information relevant to the administration of the Debtors' estates, including without limitation, the Debtors' former employees, lenders, investors, creditors and counterparties to transactions with Debtors, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or

further notice need be provided; and the Court having reviewed the Motion; and approval of the relief requested in the Motion being within the sound discretion of the Court; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents and the testimony of witnesses in connection with the administration of these cases; and it is further

ORDERED that, unless otherwise agreed to by the applicable Debtor, witnesses shall have thirty (30) days from the service of a subpoena to either (1) begin production on a rolling basis, which production shall be completed prior to the later of seventy-five (75) days from the service of a subpoena or such other date agreed to by the Debtor and the witness, to the Debtor of responsive documents requested in the Debtor's subpoena, other than those documents withheld under a claim of privilege or (2) serve on the Debtor any objections to the subpoena; and it is further

ORDERED that, if the Debtor and an objecting witness cannot resolve the objection within ten (10) days following the date such objection is served on the Debtor (or such later date agreed to by the Debtor and the witness), the witness shall either (i)

produce responsive documents in accordance with this Order or (ii) file the objection with the Court and promptly schedule a hearing; and it is further

ORDERED that, unless otherwise agreed to by the applicable Debtor, if a witness withholds any documents from the production based upon a claim of privilege, such witness is directed to provide counsel for the Debtor with a privilege log, containing the information required under Bankruptcy Rule 7026, within ten (10) days following the completion of the production of documents; and it is further

ORDERED that, the witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Debtor, within thirty (30) days of the date of the service of a deposition subpoena upon such witness (unless such subpoena is the subject of an objection); and it is further

ORDERED that, nothing herein shall limit the rights of any witness or any other party under applicable law to object to or oppose any subpoena the Debtors may serve upon such witness; and it is further

ORDERED that, in accordance with Bankruptcy Rules 2004 and 9016, the Clerk of this Court shall issue subpoenas, signed, but otherwise in blank, as requested by the Debtors; and it is further

ORDERED that the Debtors shall serve each subpoena and a copy of this Order on the party subject to the subpoena, with a copy to (i) the Securities and Exchange Commission; (ii) the Internal Revenue Service; (iii) the United States Attorney for the Southern District of New York and (iv) counsel for the party subject to such subpoena that has appeared in these cases; and it is further

ORDERED that within three (3) days following the service of a subpoena, the Debtors shall file with the Court notice of each subpoena, naming the witness and setting forth the date, time and place of any examination; and it is further

ORDERED that, notwithstanding the request for certain documents or information in a subpoena, witnesses shall not be required to produce to the Debtors any documents or information that have been previously provided to the Debtors by a witness either in connection with the claims filing process or otherwise; and it is further

ORDERED that, the Debtors shall not serve a subpoena pursuant this Order on any party for any documents or information or for an oral examination related to a derivative contract for which such party has received a Derivatives ADR Package pursuant to the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts* [Docket No. 5207] and such mediation has not yet been terminated by the mediator; and it is further

ORDERED that the Debtors shall file with the Court an affidavit or declaration of service for each subpoena it serves; and it is further

ORDERED that, this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order; and it is further

4

ORDERED that, this Order is without prejudice to the Debtors' right to file further motions seeking additional documents and testimony pursuant to Bankruptcy Rule 2004(a) or any other applicable law.

Dated: New York, New York
November 23, 2009

              s/ James M. Peck
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE