Hearing Date and Time: July 22, 2015 at 10:00 a.m.
Objection Deadline: July 10, 2015 at 4:00 p.m.

Stephen J. Shimshak
Claudia L. Hammerman
Kyle J. Kimpler
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Citigroup Financial Products Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
                                                                        :   Chapter 11
                                                                        :
In re: LEHMAN BROTHERS HOLDINGS INC., et al.                            :   Case No. 08-13555 (SCC)
                                                                        :
Debtors.                                                                :   Jointly Administered
                                                                        :
                                                                        :
                                                                        :
                                                                        :
------------------------------------------------------------------------X

**CITIGROUP FINANCIAL PRODUCTS INC.'S OBJECTION TO MOTION PURSUANT TO SECTIONS 8.4, 9.3 AND 14.1 OF THE MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS TO ESTIMATE CLAIMS FOR RESERVE AND DISTRIBUTION PURPOSES**

Citigroup Financial Products Inc. and its affiliates (collectively, "Citi"), by and through their undersigned counsel, hereby objects (the "Objection") to the motion (the "Estimation Motion") [ECF No. 49954] of Lehman Brothers Holdings Inc. ("LBHI") as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of LBHI and its Affiliated Debtors

(the "Plan") [ECF No. 22973], to estimate claims for reserve and distribution purposes. In support of its Objection, Citi respectfully states as follows:[1]

## PRELIMINARY STATEMENT

1. The Estimation Motion prematurely and improperly seeks to estimate at zero Citi's guarantee claims against LBHI (the "Guarantee Claims") based on the primary obligations of Lehman Brothers International (Europe) ("LBIE"), because such Guarantee Claims "are expected to be satisfied" in the future by "project[ed] additional distributions" that LBHI admits are "dependent upon the outcome of pending litigation in the United Kingdom." (Motion at ¶¶ 1, 15.) Today, however, the Guarantee Claims have not been satisfied in full under the express terms of the Plan, and therefore should not be effectively disallowed.

2. Recognizing that the Guarantee Claims have not actually been satisfied in full, LBHI asks the Court to estimate such Claims rather than disallow them. However, the plain language of section 502(c) only permits the estimation of "contingent or unliquidated" claims, "the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." The Guarantee Claims are neither contingent nor unliquidated, and are therefore not subject to estimation under section 502(c) of the Bankruptcy Code. And even if the Guarantee Claims were found to be contingent or unliquidated, LBHI has not shown that fixing or liquidating the claims would unduly delay the administration of the case, especially in light of LBHI's recent request to extend the deadline by which it must object to all other claims to March 6, 2017.

3. Nevertheless, Citi does not oppose adjusting the distribution reserves to account for the distributions already received from LBIE, provided that such adjustments protect Citi's

---

[1] Capitalized terms used and not otherwise defined herein shall the meaning ascribed to them in the Estimation Motion.

2

rights under the Plan. As set forth below, Citi has recovered approximately 87% of the amount of its Guarantee Claims from LBIE, and therefore does not oppose releasing reserves that exceed 13% of the asserted amount of the Guarantee Claims.

## ARGUMENT

### I. The Guarantee Claims Have Not Been Satisfied In Full

4. Recognizing that creditors with Guarantee Claims against LBHI also had claims against non-debtor primary obligors, LBHI constructed the Plan carefully to ensure that creditors would not receive more than the Allowed amount of their Claim. Section 8.13(a) of the Plan states, in relevant part:

> An … Allowed Guarantee Claim that receives Distributions … that combined with Distributions or other consideration provided on the corresponding Primary Claim … equal the Allowed amount of such Guarantee Claim (or such other amount as may be agreed to by a holder and the Debtors) shall, in each case, be deemed satisfied in full as to such … Allowed Guarantee Claim against the applicable Debtor.

Thus, a Guarantee Claim is deemed satisfied only when the Distributions received equal the "Allowed amount of such Guarantee Claim." The "Allowed amount" of any Claim, including a Guarantee Claim, is necessarily denominated in U.S. Dollars because section 502(b) of the Bankruptcy Code and the Bar Date Order require that all claims against LBHI be filed and determined "in lawful currency of the United States" and "using the exchange rate as applicable as of September 15, 2008."[2] Similarly, claims filed against LBIE were required to be asserted in British Pounds using the September 15, 2008 conversion rate. (Motion at ¶18.) The prevailing exchange rate between U.S. Dollars and British Pounds on such date was 1 to 1.7934.

---

[2] 11. U.S.C. § 502(b); Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [ECF No. 4271].

3

5. Section 8.13(d) specifies how to account for distributions from non-debtor primary obligors when determining whether a Guarantee Claim has been satisfied. It provides that:

> for purposes of determining whether an Allowed Claim has been satisfied in full in accordance with Section 8.13(a) of the Plan, all Distributions or other consideration provided by a Primary Obligor in a currency other than the U.S. Dollar shall be converted to the U.S. Dollar applying the existing exchange rate derived from Reuters existing at approximately 3:00 p.m. GMT on the Confirmation Date.

The Court confirmed the Plan on December 6, 2011, and the prevailing exchange rate between U.S. Dollars and British Pounds on such date was 1 to 1.156.

6. Accordingly, under the express provisions of the Plan the Guarantee Claims have not been satisfied in full. For example, if a creditor loaned LBIE $100.00 (guaranteed by LBHI) and was never paid back, the creditor would have a $100 claim against LBHI and a £55.76 claim against LBIE (i.e., $100 / 1.7934 (the applicable exchange rate on September 15, 2008)). If LBIE made dividends to the creditor totaling £55.76 (i.e., 100% of the claim in the U.K. proceeding), that recovery—calculated under section 8.13(d) of the Plan—would only total $86.99 (i.e., £55.76 * 1.56 (the applicable exchange rate on the Confirmation Date)). The creditor therefore only received an 86.99% recovery (i.e., $86.99 / $100). Because distributions from LBIE, as calculated in accordance with the Plan, do not "equal the Allowed amount of such Guarantee Claim," the Claims cannot be deemed satisfied pursuant to section 8.13(a) of the Plan.

7. LBHI admits that Guarantee Claims have not actually been satisfied in full but nonetheless seeks effectively to disallow them. (Motion at ¶18 ("As a result of the different conversion rates, it is possible that a Guarantee Claim may be entitled to additional consideration before it is deemed satisfied in full under the Plan".) Section 8.13(d) was added to the Plan in June 2011 following negotiations between the Debtors and various creditor groups, including

4

creditors holding Guarantee Claims against LBHI, that resulted in a largely consensual Plan process.[3] The provision was expressly included in the Plan to prevent later disputes over whether LBHI's liability as guarantor of LBIE and other primary obligors would be discharged in light of currency fluctuations. LBHI should not be permitted to circumvent this provision now by estimating the Guarantee Claims at zero, as if they had been satisfied in full, when the express provisions of the Plan demonstrate that such Claims have not been satisfied.

II.     **The Guarantee Claims May Not Be Estimated Under the Plan or Section 502(c)**

8.      LBHI asserts that estimation is proper because the Guarantee Claims are Disputed Claims, and the Plan permits the estimation of Disputed Claims. (Motion at ¶21.) However, the Plan permits estimation "to the extent permitted by the Bankruptcy Code and Bankruptcy Rules." (Plan at § 9.3.) Section 502(c) applies only to contingent and unliquidated claims and the Guarantee Claims are neither. *See In re Lightsquared Inc.*, No. 12-12080, (SCC) 2014 WL 5488413, at *4 (Bankr. S.D.N.Y. Oct. 30, 2014) (holding that guarantee claim was neither contingent not unliquidated and therefore not subject to estimation under section 502(c)); *In re Continental Airlines*, 981 F.2d 1450, 1461 (5th Cir. 1993) ("in cases where a claim is neither contingent nor unliquidated, estimation is simply inappropriate."); *In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 425 (Bankr. S.D.N.Y. 2003) ("I don't think I can estimate the DIP Obligation, because it's a claim for a liquidated amount.").

9.      Even if the Guarantee Claims were contingent or unliquidated, which they are not, LBHI has not met its burden of demonstrating that resolving the Guarantee Claims would "unduly delay the administration of the case." *In re Lightsquared Inc.,* 2014 WL 5488413, at *5 ("estimation would still be improper because Harbinger has failed to demonstrate that the

---

[3] *See e.g.,* Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors [ECF No. 18205].

liquidation of the Guaranty Claim would unduly delay administration of the Guarantor's chapter 11 cases, as it is required to show pursuant to section 502(c)."); *In re Continental Airlines*, 981 F.2d at 1461 ("In order for the estimation process of § 502(c) to apply . . . fixing the claim must entail undue delay."). LBHI has failed to object to the Guarantee Claims for nearly six years, and by doing so has avoided making any distributions on the Claims while seeing if LBIE would satisfy the Claims in full. Recently, LBHI sought and received authority to further delay objecting to claims for an additional 18 months until March 6, 2017. *See* Order Extending the Period to File Objections to and Requests to Estimate Claims [ECF No. 50165]. As LBHI acknowledges, LBIE's ability to make additional distributions that would result in actual satisfaction of the Guarantee Claims depends on the outcome of pending litigation in the United Kingdom. (Motion at ¶15.) There is no reason why LBHI cannot continue to do for the next two years what it has for the past six; namely, refuse to allow the Guarantee Claims while it waits to see if LBIE makes additional distributions to creditors that would render the Guarantee Claims invalid.

### III.    Reserves Should Be Adjusted To Take Into Account LBIE Distributions

10.    Although it is premature to disallow the Guarantee Claims entirely, Citi nonetheless supports LBHI's efforts to right-size the distribution reserves it holds for such claims. LBHI has made seven interim distributions to Class 9A Claims, which include the Guarantee Claims, resulting in cumulative distributions equal to 20.46% of Allowed Class 9A Claims.[4] Pursuant to section 8.4 of the Plan, LBHI is required to create distribution reserves equal to 20.46% of the asserted claim amounts. As set forth above, LBHI's maximum liability on the Guarantee Claims is 13.01% of the Allowed Claim Amount, and therefore LBHI is

---

[4] *See* Notice Regarding Seventh Distribution Pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors [ECF No. 49001].

6

currently over-reserved on the Guarantee Claims. Citi has no objection to reducing the distribution reserves to 13.01% of the asserted Guarantee Claim amount, thereby freeing substantial reserves for the benefit of other creditors, while protecting the rights of creditors holding Guarantee Claims.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Citi respectfully requests that this Court deny the relief requested in the Estimation Motion and grant Citi such other relief as may be just and proper.

Dated: July 10, 2015
New York, New York

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ Stephen J. Shimshak

Stephen J. Shimshak
Claudia L. Hammerman
Kyle J. Kimpler
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Citigroup Financial Products Inc.*