ROPES & GRAY LLP
Mark I. Bane
Kristina K. Alexander
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090

*Counsel to Ellsworth Partners, L.L.C. and Certain Affiliates*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | Case No. 08-13555 (SCC) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF ELLSWORTH PARTNERS, L.L.C. AND CERTAIN AFFILIATES TO THE PLAN ADMINISTRATOR'S MOTION TO ESTIMATE CLAIMS FOR RESERVE AND DISTRIBUTION PURPOSES**

Ellsworth Partners, L.L.C. and certain of its affiliates (collectively, the "Ellsworth Group"),[1] by and through its undersigned counsel, hereby submits this limited objection (the "Objection") to the *Motion of Plan Administrators Pursuant to Section 8.4, 9.3, and 14.1 of the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors to Estimate Claims for Reserve and Distribution Purposes*, filed on June 10, 2015 [Docket No. 49954] (the "Motion"), and respectfully represents and sets forth as follows:

---

[1] The affiliates of Ellsworth Partners, L.L.C. are Zombrano Capital, L.L.C.; Shafer Fund, L.L.C.; Wooderson Partners, L.L.C.; Lamorak Advisors, L.L.C.; Cooperman Partners, L.L.C.; Seaworth Partners, L.L.C., Jackson Canyon Partners, L.L.C.; Harrison Pastures, L.L.C.; Birks Place, L.L.C.; Overton Ravine, L.L.C. and Lagan Partners, L.L.C.

51478780_11

**Preliminary Statement**

1. By its Motion, and employing rights allegedly provided under the Plan, the Plan Administrator[2] seeks to estimate at zero the approximately 1,150 Relevant Guarantee Claims, including the Ellsworth Guarantee Claims, in two regards: (i) estimation at zero for the purpose of establishing distribution reserves and thereby allowing for interim distributions, and (ii) estimation at zero for final distribution purposes.

2. The Plan Administrator observes that the Relevant Guarantee Claims may ultimately be disallowed in their entirety if and when distributions by LBIE on the Primary LBIE Claims cause the Relevant Guarantee Claims to be deemed satisfied in full. Currently pending and ongoing litigation in the United Kingdom on which that outcome ultimately depends will at some point be concluded, at which time it will become evident whether or not the Relevant Guarantee Claims are appropriately disallowed and expunged on a final basis. The estimation of the Relevant Guarantee Claims at zero, as sought in the Motion, is premised on the prediction that the Relevant Guarantee Claims will eventually be appropriately fully disallowed and expunged.

3. If this prediction is rejected by the Court, it would not be appropriate to estimate the Relevant Guarantee Claims at zero for any purposes. Even if this prediction appears correct to the Court, however, estimation at zero is still only appropriate to the extent that estimation will avoid undue delay in the administration of the LBHI estate. Although that standard may be satisfied with respect to estimation for purposes of establishing reserves in the context of interim distributions, it has not been satisfied insofar as the Plan Administrator seeks to use such estimation to create a bar in connection with any **final** distribution.

---

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

-2-

4. The Plan Administrator represents to the Court that both estimation for the purposes of establishing reserves for interim distributions and estimation for the purposes of final distribution are each necessary to avoid undue delay to the administration of the LBHI bankruptcy estate. The Plan Administrator presents arguments why undue delay would be avoided through the estimation of the Relevant Guarantee Claims as necessary to allow for **interim** distributions. The Plan Administrator, however, presents no justification, nor does one currently exist, for the estimation of these claims at zero for the purposes of **final** distribution. Final distributions by the LBHI estate are not imminent, and will likely not be made until long after it is evident with certainty, rather than with speculation, whether or not the Relevant Guarantee Claims should be disallowed and expunged on a final basis. In the unlikely event that LBHI eventually finds itself ready to make final distributions and the LBIE litigation relating to the Relevant Guarantee Claims has not yet been finally resolved, the Plan Administrator can then seek the Court's estimation at zero of the Relevant Guarantee claims, and the Court can then assess whether the request is appropriate under the then-existing circumstances.

5. Putting to one side the absence of any factual justification for categorically eliminating potential recovery by the Relevant Guarantee Claims under the Plan on a final basis, the Plan Administrator simply does not have authority under the Plan to seek estimation for such purposes without estimating the Allowed amount of each such Claim.

51478780_11

**Background**

A.  The Ellsworth Guarantee Claims

6. The members of the Ellsworth Group are the record owners of (or have beneficial ownership of) certain claims (the "Ellsworth Guarantee Claims")[3] which are listed as among the Relevant Guarantee Claims subject to the Motion. The Ellsworth Guarantee Claims are related to primary claims filed in the LBIE Proceedings (as defined below), for which members of the Ellsworth Group are also the owners or beneficial owners (the "Primary LBIE Claims").[4]

7. On September 15, 2008 LBIE entered into English administration proceedings pursuant to English law (the "LBIE Proceedings"). The LBIE administrators appointed in the LBIE Proceedings have administered LBIE's estate, reconciled claims, and made distributions in connection with those proceedings. The Ellsworth Guarantee Claims are based on LBHI's guarantee of LBIE's liability for the Primary LBIE Claims.

8. In respect of the Primary LBIE Claims, the Ellsworth Group, together with prior holders of the Primary LBIE Claims, have received distributions from LBIE in an aggregate

---

[3] The Ellsworth Guarantee Claims subject to this objection are as follows: claim number 20094, filed against LBHI by BlueBay (Master) Fund II Limited; claim number 17912, filed against LBHI by Citi Ventus Ltd.; claim number 15801, filed against LBHI by Dexia Crediop S.P.A.; claim number 66442, filed against LBHI by Diamondback Fixed Income Master Fund, Ltd.; claim number 26021, filed against LBHI by JB Emerging Markets Master Hedge Fund; claim number 26022, filed against LBHI by JB Global Rates Master Hedge Fund; claim number 10227, filed against LBHI by Green Credit Investors, L.P.; claim number 26954, filed against LBHI by Harbinger Capital Partners Master Fund I, Ltd.; claim number 66655, filed against LBHI by Harbinger Capital Partners Master Fund I, Ltd.; claim number 67864, filed against LBHI by Macquarie Bank Limited; claim number 29235, filed against LBHI by Newport Global Credit Fund (Master) L.P.; claim number 26372, filed against LBHI by Newport Global Opportunities Fund, L.P.; claim number 17747, filed against LBHI by Deutsche Bank AG, London Branch; claim number 26489, filed against LBHI by Tikehau Capital Advisors SAS; claim number 26488, filed against LBHI by Tikehau Capital Partners SAS; and claim number 43877, filed against LBHI by UBS AG.

[4] Although other entities may remain the current claim record holders for certain of the Ellsworth Guarantee Claims, the relevant member of the Ellsworth Group has purchased the economic benefit relating thereto and brings this limited objection accordingly.

amount equal to 100% of such claims, in Pounds Sterling.[5] The Ellsworth Group understands that LBIE has also made distributions to other general unsecured creditors in aggregate amounts equal to 100% of their principal claim amounts in Pounds Sterling.

9. The Ellsworth Group's recovery on the Primary LBIE Claims to date does not, however, resolve LBHI's liability for the Ellsworth Guarantee Claims. Since the Ellsworth Group, together with prior claim holders, received distributions from LBIE in Pounds Sterling (and not U.S. Dollars), the Ellsworth Group is entitled to receive additional amounts from LBIE before the Ellsworth Guarantee Claims may be deemed satisfied in full under the currency conversion formula set forth in Section 8.13(a) of the Plan. To the extent that LBIE does not satisfy these obligations, LBHI is obligated to do so in satisfaction of the Ellsworth Guarantee Claims. Resolution of litigation currently pending in the United Kingdom will determine whether or not further distributions by LBIE will cause the Ellsworth Guarantee Claims to be deemed satisfied in full for purposes of the Plan.

**Basis for Objection**

A. Estimation for Final LBHI Distribution Purposes Is Not Necessary to Avoid Undue Delay

10. A debtor's request for estimation by a bankruptcy court is appropriately granted only when such estimation is necessary to avoid the "undue delay" of the administration of the bankruptcy case. *See In re LightSquared, Inc.*, No. 12-12080 (SCC), 2014 Bankr. LEXIS 4577, at *19 (Bankr. S.D.N.Y. Oct. 30, 2014) (Chapman, J.); *see also* 11 U.S.C. § 502(c)(1); *In re Dow Corning Corp.*, 211 B.R. 545, 563 (Bankr. E.D. Mich. 1997) ("[B]ankruptcy law's general rule is to liquidate, not to estimate. For estimation to be mandatory, then, the delay associated with liquidation must be 'undue.'"). As the Bankruptcy Court for the District of Delaware has aptly

---

[5] The Primary LBIE Claim associated with the Overton Guarantee Claim number 29235, filed against LBHI by Newport Global Credit Fund (Master) L.P, has not been paid and is not subject to the pending LBIE litigation described herein.

-5-

51478780_11

stated, "[T]he purpose of section 502(c) is to prevent the administration of the debtor's estate from being held hostage by the fixing or liquidation of an unliquidated or contingent claim. It is not a mechanism for reducing the amount of a debtor's liability." *In re RNI Wind Down Corp.*, 369 B.R. 174, 191 (Bankr. D. Del. 2007). Since estimation of claims is such an extraordinary imposition, estimation should be employed only to the degree that such estimation is necessary to actually avoid undue delay.

11. In its Motion, the Plan Administrator suggests that undue delay of the administration of the LBHI estate would result unless the Ellsworth Guarantee Claims, and the other Relevant Guarantee Claims, are estimated at zero both for the purposes of setting reserves for interim LBHI distributions and for the purposes of final LBHI distributions. In light of the Plan Administrator's representations that interim distributions to holders of allowed claims are being stymied due to the pendency of the Relevant Guarantee Claims, it may be correct that estimation at zero for the purposes of establishing interim distribution reserve amounts may, in fact, mitigate delay and frustration. Estimation for final distribution purposes, by contrast, is wholly unnecessary and inappropriate at this juncture.

12. The Plan Administrator has made no representation that LBHI will soon be ready to make final distributions. Nor could the Plan Administrator plausibly make any such representation in light of representations made in reports that it has filed with the Court.[6] Consequently, there is no current justification for the extreme imposition of estimation for final

---

[6] *See, e.g.,* the May 2015 Post-Effective Operating Report, filed June 30, 2015 [Docket No. 50167], at 5 (reporting that, as of May 31, 2015, the debtors in these chapter 11 cases still held more than $6.4 billion dollars in reserves for claims); the 2014+ Cash Flow Estimates, filed July 31, 2014 [Docket No. 45469], at 5 (noting that "residual activities (remaining asset dispositions, disputed claims resolution, outstanding litigations, and administrative wind-down) [ ] may extend beyond 2018."); and the Balance Sheets as of December 31, 2014, filed March 26, 2015 [Docket No. 49003], at 22 (confirming that the Plan Administrator will not be able to close the Chapter 11 Cases until after LBIE makes all distributions to creditors because LBHI is entitled to receive proceeds on account of LBIE distributions to certain subordinated creditors under its joint-venture with certain third parties).

-6-

51478780_11

distribution purposes. This is simply a drastic and unwarranted remedy for a non-existent problem.

13. The Plan Administrator observes that the Relevant Guarantee Claims and the Primary LBIE Claims are entitled to but a single satisfaction. The Plan Administrator suggests that it expects that the Relevant Guarantee Claims will ultimately be entitled to no distribution from the LBHI estate on the basis that the claims will ultimately be fully satisfied for Plan purposes with distributions by the LBIE estate. While the Plan Administrator's expectations regarding such distributions are currently mere speculation, they may very well turn out to be correct. In such event and at such time, it will be quite simple for the Plan Administrator to seek to expunge the Relevant Guarantee Claims as fully disallowed. It is simply inaccurate and baseless, however, for the Plan Administrator to assert that LBHI would suffer enormous burdens and delay unless the Court, at this premature juncture, estimates at zero the Relevant Guarantee Claims for final distribution purposes.

14. The picture drawn by the Plan Administrator is quite ominous, yet wholly inaccurate. The Plan Administrator suggests that, absent an immediate estimation at zero of the Relevant Guarantee Claims for final distribution purposes, LBHI will be compelled to engage in the immediate reconciliation of such claims. The Plan Administrator laments that this reconciliation effort will be expensive, time consuming and difficult. The Plan Administrator then observes that upon allowance of the Relevant Guarantee Claims LBHI will be making distributions on such claims, and if and when holders of those claims subsequently receive payment in full from the LBIE estate, LBHI will be compelled to chase the recovery of these overpayments to the 46 countries around the world where the holders of the Relevant Guarantee Claims are located.

15. The Plan Administrator's feigned concern regarding costly claims reconciliation processes at this juncture ignores that, if the Relevant Guarantee Claims are estimated at zero for the purposes of interim distributions only, distributions to other creditors can proceed without reconciliation. There will certainly be no instance in which the LBHI estate will be compelled to wander the globe seeking the return of overpayments to holders of the Relevant Guarantee Claims, because no such payments will be made until the claims are allowed with finality.

16. In actuality, the choices faced by the Court in considering the Plan Administrator's requests for estimation are quite simple. If the Court declines to accept the Plan Administrator's projection that the Relevant Guarantee Claims will be satisfied in full from the LBIE estate, then no estimation, of any kind, is appropriate. If, however, this Court accepts LBHI's projections and expectations that it is likely that the Relevant Guarantee Claims will at some point be satisfied in full by the LBIE estate, LBHI should be granted the right to estimate at zero the Ellsworth Guarantee Claims and the other Relevant Guarantee Claims, but only for the purposes of establishing interim distribution reserves. In so doing, the Court will have eliminated any current undue distribution delay imposed by the unresolved status of the Relevant Guarantee Claims. If and when, and only if and when, the Relevant Guarantee Claims are satisfied in full by the LBIE estate, the Plan Administrator will be free to seek to disallow and expunge the Relevant Guarantee Claims.

B. <u>No Authority Exists to Effectively Bar Recoveries Without Disallowance</u>

17. Not only is estimation of the Ellsworth Guarantee Claims for final distribution purposes wholly unnecessary to avoid delay in the administration of the LBHI estate, but it is simply not authorized under the Plan.

18. Section 9.3 of the Plan provides as follows:

> "In the event that the Bankruptcy Court estimates any contingent, unliquidated or Disputed Claim, the amount so estimated may constitute (i) the Allowed amount of such Claim, (ii) a maximum limitation on such Claim, (iii) the amount to be reserved in respect of the Claim, or (iv) the amount of such Claim for voting purposes."

The Plan provides for the Court, when necessary, to estimate claims for various purposes, but never to effectively bar **distributions** on a claim without addressing its allowed amount. Alas, this is exactly the relief sought by the Plan Administrator, as reflected in the language of the Order proposed by the Plan Administrator, which provides that "the maximum amount of Distributions . . . that a holder of a Relevant Guarantee Claim" can recover is zero dollars, or that "under no circumstances shall any holder of a Relevant Guarantee Claim be entitled to a Distribution" under the Plan. (Plan Administrator's Proposed Order.) The relief proposed in the Order is simply outside the scope of the Plan provision which the Plan Administrator invokes as the predicate for such relief.

19.    The Plan Administrator's Motion is an effort to bypass the claims allowance process established by the Plan and effectively disallow claims, notwithstanding that the Plan Administrator (i) does not deny that it may ultimately be found to be liable on account of the Relevant Guarantee Claims; (ii) admits that the Relevant Guarantee Claims are not yet fully satisfied, and may possibly never be fully satisfied by the distributions by the LBIE estate; and (iii) admits that "the quantum of any further distributions from LBIE [to satisfy the Primary LBIE Claims in full] are unknown and dependent upon the outcome of pending litigation in the United Kingdom." (Mot. ¶ 15.) If the Plan Administrator's prophecy that the Relevant Guarantee Claims will be satisfied in full ultimately proves correct, the Plan Administrator can wait until that occurs and then seek to disallow and expunge the claims.

51478780_11

20. The law is clear that bankruptcy courts do not countenance the use of estimation motions to effectively disallow recoveries and deny due process rights. *See, e.g.*, *In re Chemtura Corp.*, 448 B.R. 635, 669 (Bankr. S.D.N.Y. 2011) (finding it likely that claimant would "recover nothing" which would "suggest estimating [claimant's] claim at $0", but holding that estimating the claim at $0 would be inappropriate because: "[f]or some [purposes], estimation at $0 does not have monetary consequences if the estimating court is later determined to have been wrong. But when estimation is undertaken for the purpose of setting a claims reserve, and value can leave the estate to the extent that it hasn't been held back as a reserve, the creditor whose claim was estimated can be prejudiced if an appellate court later concludes that a claim would be allowed in an amount greater than the amount upon which the reserve was established"); *see also In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415 (Bankr. S.D.N.Y. 2003) ("[E]specially since the caselaw makes it clear that Bankruptcy Courts have a great flexibility in estimation procedures, it raises risks of the denial of due process, and Bankruptcy Courts need to be sensitive to this concern.").

21. The cases cited by the Plan Administrator do not even remotely support the thesis that the distributions relating to the Relevant Guarantee Claims should be completely foreclosed without formal allowance or disallowance. In *In re Teigen*, 228 B.R. 720, 723 (Bankr. D.S.D. 1998), the claimants had allowed claims under a primary obligor's confirmed bankruptcy plan that were subject to payment in accordance with the plan's terms, and the bankruptcy court held that estimation of claims against the guarantor that reduced the guarantor's obligations on account of the contractually planned-for payments under the primary obligor's plan was appropriate. In contrast, this Court is not being asked to estimate the net present value of established obligations that, if honored, will satisfy claims. Here, the Relevant Guarantee Claims

51478780_11

are subject to *ongoing litigation* in the United Kingdom in which parties dispute whether and how much those claims should be paid. The cases of *In re Enron Corp.*, No. 01-16034 (AJG), 2006 WL 544463, at *2 (Bankr. S.D.N.Y. Jan. 17, 2006) and *In re Genesis Health Ventures, Inc.*, 272 B.R. 558 (Bankr. D. Del. 2002), *aff'd*, 112 F. App'x 140 (3d Cir. 2004) are also inapposite. The bankruptcy courts in those two cases addressed the estimation of claims where the courts had found, as a matter of law, that the plaintiffs did not have viable causes of action against the debtor. Here, no such findings exist, and the Plan Administrator has not even challenged the validity of the Relevant Guarantee Claims or LBHI's obligations thereunder.

## Conclusion

22.     In light of the fact that no undue delay will result if the Ellsworth Guarantee Claims and other relevant Guarantee Claims are estimated at zero for purposes of interim distribution reserves only, though not for purposes of final distributions, estimation of the Ellsworth Guarantee Claims and other Relevant Guarantee Claims for purposes of final distribution is not appropriate as a matter of law at this time, nor is such estimation authorized by the Plan.[7]

WHEREFORE, the Ellsworth Group respectfully requests that this court (a) deny the Motion to the extent that it seeks to estimate the Ellsworth Guarantee Claims for purposes of final distributions to the Ellsworth Group; and (b) grant such other relief as is just and proper.

---

[7] The Ellsworth Group reserves all of its rights with respect to the Primary LBIE Claims and Ellsworth Guarantee Claims.

51478780_11

Dated: July 10, 2015
      New York, New York

                        Respectfully Submitted,

                        */s/ Mark I. Bane*
                        Mark I. Bane
                        Kristina K. Alexander
                        ROPES & GRAY LLP
                        1211 Avenue of the Americas
                        New York, NY  10036
                        Phone: (212) 596-9000
                        Fax: (212) 596-9090

                        *Counsel to Ellsworth Partners, L.L.C. and Certain Affiliates*