UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                            : Chapter 11 Case No.
                                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,            : 08-13555 (SCC)
                                                                                    :
                            Debtors.                                        : (Jointly Administered)
------------------------------------------------------------------x

**DECLARATION OF WILLIAM MONTUORO IN SUPPORT OF
MOTION FOR ENTRY OF AN ORDER AUTHORIZING LEHMAN BROTHERS
SPECIAL FINANCING INC. TO INVEST DISPUTED CLAIMS RESERVES
HELD IN RESPECT OF CLAIM NUMBER 67733 PURSUANT TO SECTION 8.4
OF THE MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF
LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

Pursuant to 28 U.S.C. § 1746, I, William Montuoro, declare:

1. I am over the age of 18 years and make these statements of my own personal knowledge, my review of relevant business records of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF", and collectively with their other chapter 11 affiliates, the "Chapter 11 Estates"), and my consultation with other employees of and advisors to the Chapter 11 Estates. If called to testify, I could testify to the truth of the matters set forth herein.

2. I submit this declaration in support of the Motion for Entry of an Order Authorizing Lehman Brothers Special Financing Inc. to Invest Disputed Claims Reserves Held in Respect of Claim Number 67733 Pursuant to Section 8.4 of the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Motion").[1]

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Motion.

3. I am a Senior Vice President at LBHI. I worked at Lehman Brothers Inc. from 2002 to July 2008, and I joined LBHI in March 2009. I am responsible for helping to manage the bankruptcy claims filed by Lehman's largest and most complex counterparties. I have been deeply involved in litigations brought by and against the Chapter 11 Estates, including, in particular, the litigation with Citibank, N.A. ("Citibank") and certain of its affiliates (Adv. Pro. No. 12-01044).

4. As stated in the Motion, the term "Citibank Claims" refers to an unsecured claim asserted (a) against LBSF in the principal amount of $1,599,125,263 (a figure that takes into account an LBSF deposit of $679,010 held by Citibank) (the "Citibank LBSF Claim"), and (b) against non-LBSF entities in the principal amount of $216,545,341 (a figure that takes into account deposits by Lehman Brothers Commercial Corporation ("LBCC") and Lehman Brothers Commodity Services, Inc. totaling approximately $23.7 million, approximately $31.5 million owed to LBCC by Citibank under a CLS clearing agreement and estimated payments received by Citibank from non-controlled Lehman affiliates of approximately $146 million) (the "Non-LBSF Claims", and, together with the Citibank LBSF Claim, the "Citibank Claims").

A. Overview of the Motion

5. The Motion seeks authorization for an inter-debtor arrangement whereby LBSF would invest excess Cash reserves held in respect of the Citibank Claims (the "Citibank Reserves") in secured notes to be issued by LBHI (the "Investment"). If the Investment is approved, LBHI will distribute at least an incremental $295 million in the upcoming eighth Plan Distribution, which is anticipated to be scheduled within the next several months, and additional amounts that would otherwise be reserved in future Distributions.

6. The excess reserves relate to a Disputed Claim filed by Citibank against LBSF. There currently is $2.069 billion in LBHI cash held by Citibank in separate Citibank accounts (the "Deposited Funds"). Through the Investment, the Movants will free the excess portion of the Citibank Reserves for immediate Distribution. In addition, as a return on the Investment, LBSF will earn an enhanced rate of interest, i.e., 50 basis points in excess of the current return on its investments in Cash and Cash-equivalents.

7. The Citibank LBSF Claim is disputed, and, pursuant to the Plan, LBSF is maintaining the Citibank Reserves in cash and cash equivalents of approximately $543 million for the Citibank LBSF Claim.

8. To the extent that LBHI will be subrogated to Citibank's claims against LBSF, LBHI will use the resulting subrogation claim (the "LBHI Subrogation Claim") as currency to pay any liability LBHI owes to LBSF in respect of the Investment.

9. The Investment by LBSF thus will be secured by (a) any cash returned to LBHI from the Deposited Funds, and (b) to the extent the Citibank Claims are allowed and paid via reduction of the amount owed by Citibank from the Deposited Funds, by any Distributions to LBHI by LBSF on account of the LBHI Subrogation Claim.

B. Basis for the Investment

10. Exhibit A to this declaration is entitled "*Calculation of LBHI Secured Note Related To LBSF Citibank Reserve*" and contains a model that I prepared setting forth various potential outcomes resulting from the timing and allowance of the Citibank Claims and specifically Lehman's objection to the Citibank LBSF Claim.

- The first column on Exhibit A (entitled "*LBHI Deposit Held by Citibank NA*"), reflects the amount of Deposited Funds (fixed at $2.069 billion). The analysis assumes Citibank prevails in showing that the $2.069 billion deposit is subject to setoff for any and all of the Citibank Claims and that LBHI is required to apply the

Deposited Funds to satisfy those claims. To the extent LBHI prevails, then the Deposited Funds will remain in LBHI's estate and provide additional cash collateral to secure the LBSF Note.

- The second column (entitled "**Non-LBSF Claims Approved at Current Claim Amounts**") shows the aggregate amount of claims that Citibank has asserted against entities *other than* LBSF, that is, LBCCA, LBI, LBHI (non-guarantee claims), ALI, LB UK, LBSN and LBIE. The total asserted or allowed amount of the "Non-LBSF" claims asserted by Citibank is $217 million. The analysis assumes Citibank will be entitled to set off these claims in their full amount ($217 million) against the Deposited Funds.[2]

- The third column (entitled "*Approved LBSF Claim Amount")* lists various possible allowed amounts for the Citibank LBSF Claim, ranging from $0 to the maximum asserted amount ($1.599 billion). As the chart reflects, irrespective of whether the Citibank LBSF Claim is allowed in its full amount, the Deposited Funds ($2.069 billion) will always be sufficient to satisfy the principal amount of this claim in full—along with the Non-LBSF Claims ($217 million) and interest and fees.

    - The Approved LBSF Claim Amount (the third column) consists only of the principal amount of the claim, and only the principal amount of the claim is applied to the recovery rate (33.92%) in calculating the payout. The payout calculation does not include any fees incurred by Citibank to date that are allocable to the Citibank LBSF Claim,

- The fourth column (entitled "*Post-Petition Interest & Fees Recovered By Citibank*") shows the total postpetition interest and fees claimed with respect to all the Citibank Claims (depending on the various approved claim amount scenarios). The analysis assumes: (a) interest will be payable at the highest rate available under the respective derivatives and loan agreements;[3] (b) interest will be payable through July 31, 2020; and (c) Citibank's fees through July 2020 will total $250 million.

    - The analysis assumes that when Citibank applies the Deposited Funds to the Citibank Claims, it will first apply them to the principal amount of the Citibank Claims and thereafter to the interest and fee components.

    - The analysis also assumes that Citibank can only receive distributions for postpetition interest to the extent it is oversecured, that is, to the extent that the $2.069 billion in Deposited Funds (*i.e.,* the LBHI Deposit Held by Citibank) exceed the allowed amount of the Citibank Claims (*i.e.*, the sum of column

---

[2]  The $217 million figure is based on filed proofs of claims, discussions with Citibank and reductions based on distributions to date.

[3]  The interest rate applicable to claims under derivatives contracts is based on the contractual provisions and information provided to Lehman concerning Citibank's cost of funding.

> two (Non-LBSF Claims Approved at Current Claim Amounts) and column three (Approved LBSF Claim Amount)).
>
> - Finally, the analysis recognizes that Citibank's recovery on account of the Citibank Claims is limited to the amount of its Allowed Guaranty Claim, which will not exceed the amount of the Deposited Funds, i.e., $2.069 billion.
>
> - The fifth column illustrates the "**Cash Returned by Citi to LBHI.**" This amount is calculated by subtracting from the first column (LBHI Deposit Held by Citibank, *i.e.*, the Deposited Funds) the amounts in columns two through four, which presumably will be applied against that cash (*i.e.*, Non-LBSF Claims Approved at Current Claim Amounts; Approved LBSF Claim Amount; and Post-Petition Interest and Fees Recovered By Citibank).
>
> - The sixth column (entitled "**Payout to LBHI on its LBHI Subrogation Claims**") is calculated assuming the current recovery rate on LBSF claims (33.92%),[4] which is applied to the Approved LBSF Claim Amount (the third column). The analysis assumes that LBHI will be entitled to receive distributions on account of the primary claim (*i.e.*, the Approved LBSF Claim Amount in column three).
>
>   - The Approved LBSF Claim Amount (the third column) consists only of the principal amount of the claim, and only the principal amount of the claim is applied to the recovery rate (33.92%) in calculating the payout. The payout calculation does not include any fees incurred by Citibank to date that are allocable to the Citibank LBSF Claim
>
> - The seventh column (entitled "**Cash Available to LBHI to Repay LBSF on the Secured Note**") reflects the cash and cash equivalents available to LBHI to satisfy the LBSF Note from two sources. It is the sum of (1) the Cash Returned by Citibank to LBHI (column five) and (2) the Payout to LBHI on LBSF Subrogated Claims (column six).

As the chart reflects, the amount of cash and cash equivalents available to LBHI to repay the LBSF Note issued in connection with the Investment will vary depending on the allowed amount of the Citibank LBSF Claim, but in no event will it ever be less than $295 million.

11.  For example, if the Citibank LBSF Claim were allowed in its asserted amount of $1.599 billion, the amount of postpetition interest and fees Citibank would be entitled to would be capped at $254 million even if Citibank prevailed on the legal issue of its right to

---

[4] *See* Docket Entry No. 49001.

-5-

setoff against the Deposited Funds. No portion of the Deposited Funds would be returned by Citibank to LBHI, but LBHI would receive a payment from LBSF on account of the LBHI Subrogation Claim in the amount of $542 million. This $542 million would be available to repay the Note.

12. As a further example, if the Citibank LBSF Claim were allowed as a secured claim in the amount $870 million, and if Citibank prevails in the Postpetition Interest Litigation, the postpetition interest and fees would be $983 million. Under this scenario, none of the Deposited Funds would be returned to LBHI (since the entire balance would be paid to Citibank), but LBHI would be entitled to a distribution of $295 million on account of the LBHI Subrogation Claim.

13. I have discussed the Investment at length with my colleagues involved in the management of the Chapter 11 Estates and we have concluded, in our considered business judgment, that the Investments are appropriate and will serve the best interests of creditors of LBHI and LBSF.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 14th day of July 2015.

   /s/ William Montuoro
     William Montuoro