B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
Southern District of New York

In re Lehman Brothers Holdings Inc., et al.        Case No. 08-13555 (SCC)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

Citigroup Financial Products Inc.              Sound Point Beacon Master Fund, L.P.
Name of Transferee                             Name of Transferor

Name and Address where notices to transferee   Court Claim # (if known): 8613
should be sent:                                Claim Amount Filed: See Schedule 1

Kenneth Keeley
390 Greenwich Street, 4th Floor
New York, NY 10013
Kenneth.keeley@citi.com                        Amount transferred: See Schedule 1
                                               Date Claim Filed: 08/18/2009
                                               Debtor against claim filed: Lehman Brothers
                                               Holdings Inc.

Phone: _____                  Phone: _____
Last Four Digits of Acct #: _____             Last Four Digits of Acct. #: ___N/A___

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____[signature]_____  **Joelle Gavlick**  Date: June   , 2015
    Transferee/Transferee's Agent  Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

B 210A (Form 210A) (12/07)

A/76304852.2

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, Sound Point Beacon Master Fund, L.P. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Citigroup Financial Products Inc. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent arising from or in respect of the security or securities listed in the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Numbers 8613, 59233, 46973, 67510 and 67508 (successor to 50353) filed by or on behalf of Seller's predecessor in interest (the "Proofs of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing, and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto (collectively, as described in clauses (a), (b), (c), and (d), the "Transferred Claims").

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim (including the Proof of Claim for the original Claim Number 50353 that was amended by Proof of Claim Number 67508) were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on **http://www.lehman-docket.com** as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim include the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged and will not engage in any acts, conduct or omissions, or had and will not have any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) the Transferred Claims are valid, enforceable, non-contingent, liquidated, unsubordinated, non-disputed and allowed against Lehman Brothers Holdings Inc., each in an amount not

A/76304852.2

less than the amount set forth under the heading "Allowed Amount" on Schedule I hereto; and (h) (i) Seller's predecessor-in-interest received distributions (A) on or about April 17, 2012 (the "First LBHI Distribution"), October 1, 2012 (the "Second LBHI Distribution"), April 4, 2013 (the "Third LBHI Distribution"), and October 3, 2013 (the "Fourth LBHI Distribution" and together with the First LBHI Distribution, the Second LBHI Distribution and the Third LBHI Distribution, the "Pre-Trade LBHI Distributions") from Lehman Brothers Holdings, Inc. in respect of the Transferred Claims as Class 5 Distributions under the Plan, and (B) on or about May 8, 2013 (the "First LBT Distribution") and October 24, 2013 (the "Second LBT Distribution" and together with the First LBT Distribution, the "Pre-Trade BV Distributions"; the Pre-Trade LBHI Distributions and the Pre-Trade BV Distributions are collectively referred to as the "Pre-Trade Distributions") from Lehman Brothers Treasury Co. B.V. in respect of the Purchased Securities, and (ii) Seller received distributions (A) on or about April 3, 2014 (the "Fifth LBHI Distribution"), October 2, 2014 (the "Sixth LBHI Distribution") and April 2, 2015 (the "Seventh LBHI Distribution" and together with the Fifth LBHI Distribution and the Sixth LBHI Distribution, the "Post-Trade LBHI Distributions") from Lehman Brothers Holdings, Inc. in respect of the Transferred Claims as Class 5 Distributions under the Plan and (B) on or about April 28, 2014 (the "Third LBT Distribution"), October 2, 2014 (the "Fourth LBT Distribution") and April 27, 2015 (the "Fifth LBT Distribution" and together with the Third LBT Distribution and the Fourth LBT Distribution, the "Post-Trade LBT Distributions"; the Post-Trade LBHI Distributions and the Post-Trade LBT Distributions are collectively referred to as the "Post-Trade Distributions") from Lehman Brothers Treasury Co. B.V. in respect of the Purchased Securities, in each case, in the amounts set forth on Schedule II hereto. No payment or other distribution, other than the Pre-Trade Distributions and the Post-Trade Distributions, has been received by or on behalf of the Seller, any predecessor-in-title, or by any third party for the benefit of Seller, in full or partial satisfaction of, or in connection with, the Transferred Claims.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser together with (a) any statements received by Seller from Debtor and/or Epiq describing such payment or distribution and (b) to the extent applicable, any endorsements or documents necessary to transfer such property to Purchaser. Purchaser acknowledges and agrees that it shall have no right, title or interest in or

A/76304852.2

to the Pre-Trade Distributions, which are solely for the account of Seller. Seller agrees that all Post-Trade Distributions and any other distributions, amounts, proceeds, assets, cash and other property received by Seller in respect of the Transferred Claims on or after February 18, 2014, other than the Pre-Trade Distributions, are for the account of Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proofs of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*[Remainder of Page Intentionally Left Blank]*

A/76304852.2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 7th day of July, 2015.

| SELLER | PURCHASER |
|---|---|
| SOUND POINT BEACON MASTER FUND, L.P. | CITIGROUP FINANCIAL PRODUCTS INC. |

By:  Sound Point Capital Management, LP
As:  Investment Advisor

By: _____
Name: Jordan Michels
Title: Director of Operations

By: _____
Name:
Title:

Sound Point Beacon Master Fund, L.P.
c/o Sound Point Capital Management, L.P.
375 Park Avenue
 New York, New York 10152
Attention: Jordan Michels
Phone: 212-895-2281
jmichels@soundpointcap.com

Kenneth Keeley
390 Greenwich Street, 4th Floor
New York, NY 10013
Kenneth.keeley@citi.com

A/76304852.2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 7th day of July, 2015.

| SELLER | PURCHASER |
|---|---|
| SOUND POINT BEACON MASTER FUND, L.P. | CITIGROUP FINANCIAL PRODUCTS INC. |

By: Sound Point Capital Management, LP
As: Investment Advisor

By: _____
Name:
Title:

By: *(signature)*
Name:
Title: Joelle Gavlick
Authorized Signatory

Sound Point Beacon Master Fund, L.P.
c/o Sound Point Capital Management, L.P.
375 Park Avenue
New York, New York 10152
Attention: Jordan Michels
Phone: 212-895-2281
jmichels@soundpointcap.com

Kenneth Keeley
390 Greenwich Street, 4th Floor
New York, NY 10013
Kenneth.keeley@citi.com

A/76304852.2

Schedule 1

Purchased Claim
Lehman Program Securities to which Transfer Relates

Transferred Claims

| Description of Security | Proof of Claim Number | ISIN | Issuer | Guarantor | Principal/ Notional Amount | Allowed Amount | Maturity |
|---|---|---|---|---|---|---|---|
| Turbo Note LBT BV 2008-6.2.2013 | 59233 | XS0343530340 | Lehman Bros Treasury BV | Lehman Brothers Holdings Inc. | EUR 300,000.00 | USD 322,684.08 | 6.2.2013 |
| Auto Redeemer Note LBT NV 2008-13.2.2018 | 59233 | XS0345205693 | Lehman Bros Treasury BV | Lehman Brothers Holdings Inc. | EUR 550,000.00 | USD 817,142.48 | 13.2.2018 |
| Auto Redeemer Note LBT NV 2008-27.2.2018 | 59233 | XS0347938671 | Lehman Bros Treasury BV | Lehman Brothers Holdings Inc. | EUR 300,000.00 | USD 210,133.29 | 27.2.2018 |
| Auto-Call LBT BV 2007-18.6.2017 | 59233 | XS0303465214 | Lehman Bros Treasury BV | Lehman Brothers Holdings Inc. | EUR 510,000.00 | USD 186,927.80 | 18.6.2017 |
| Auto-Call LBT BV 2007-4.10.2017 | 59233 | XS0323412337 | Lehman Bros Treasury BV | Lehman Brothers Holdings Inc. | EUR 300,000.00 | USD 77,930.80 | 4.10.2017 |
| Auto Call LBT BV 2007-2.11.207 | 59233 | XS0327731096 | Lehman Bros Treasury BV | Lehman Brothers Holdings Inc. | EUR 400,000.00 | USD 311,497.17 | 2.11.2017 |
| Auto Redeemer Note LBT NV 2007-18.12.2017 | 59233 | XS0335243159 | Lehman Bros Treasury BV | Lehman Brothers Holdings Inc. | EUR 420,000.00 | USD 98,830.02 | 18.12.2017 |

A/76304852.2

| | | | | | | |
|---|---|---|---|---|---|---|
| 14.90% "Worst of" Note | 59233 | XS0331427061 | Lehman Bros Treasury BV | Lehman Brothers Holdings Inc. | EUR 600,000.00 | USD 554,674.72 | 16.11.2010 |
| Lehman Brothers Treasury Co. BV – Issue of JPY 385,434,000 Equity Linked Notes due 3 August 2010 Guaranteed by Lehman Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | 46973 | XS0312721730 Blocking No. 6035655 | Lehman Bros Treasury BV | Lehman Brothers Holdings Inc. | JPY 10,143,000.00 | USD 54,385.91[1] | 3 August 2010 |
| Lehman Brothers Treasury Co. B.V.-Issue of JPY 411,804,000 Equity Linked Notes due 24 August 2012 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $100,000,000,000 Euro Medium-Term Note Program | 46973 | XS0316829919 Blocking No. 6037332 | Lehman Bros Treasury BV | Lehman Brothers Holdings Inc. | JPY 20,088,000.00 | USD 161,329.91[2] | 24 August 2012 |
| Best Replacement Cliquet Note | 67510 | XS0330826981 9 | Lehman Bros Treasury BV | Lehman Brothers Holdings Inc. | EUR 400,000.00 | USD 567,642.31[3] | -- |
| Capital Protected Note | 67508 | XS0329571292 | Lehman Bros Treasury BV | Lehman Brothers Holdings Inc. | EUR 310,000.00 | USD 439,922.79[4] | -- |
| One Year Kick In Reverse Convertible Notes | 8613 | XS0324723203 | Lehman Bros Treasury BV | Lehman Brothers Holdings Inc. | USD 300,000.00 | USD 291,984.64[5] | -- |

---

[1] 50.00% of the total of USD 108,771.93 allowed amount of claim solely with respect to the position in security XS0312721730 with Euroclear Bank Electronic Instruction Reference Number 6035655 as of August_, 2011.

[2] 66.66666666666667% of the total of USD 241,994.87 allowed amount of claim solely with respect to the position in security XS0316829919 with Euroclear Bank Electronic Instruction Reference Number 6037332 as of August_, 2011.

[3] 57.142857 1% of the Allowed Amount as set forth on Epiq Systems, Inc. website (http://dm.epiq11.com/LBH/Claims).

[4] 59.615384 6% of the Allowed Amount as set forth on Epiq Systems, Inc. website (http://dm.epiq11.com/LBH/Claims).

[5] 60.00% of the Allowed Amount as set forth on Epiq Systems, Inc. website (http://dm.epiq11.com/LBH/Claims).

A/76304852.2

## LBHI Distributions

Schedule 2

| ISIN | Principal/Notional Amount | First LBHI Distribution | Second LBHI Distribution | Third LBHI Distribution | Fourth LBHI Distribution | Fifth LBHI Distribution | Sixth LBHI Distribution | Seventh LBHI Distribution |
|---|---|---|---|---|---|---|---|---|
| XS0343530340 | EUR 300,000.00 | $11,646.41 | $7,859.23 | $9,926.78 | $11,769.31 | $12,784.21 | $9,594.54 | $6,547.70 |
| XS0345205693 | EUR 550,000.00 | $29,492.54 | $19,902.15 | $25,137.88 | $29,803.78 | $32,373.84 | $24,296.55 | $16,580.94 |
| XS0347938671 | EUR 300,000.00 | $7,584.19 | $5,117.96 | $6,464.36 | $7,664.23 | $8,325.14 | $6,248.01 | $4,263.89 |
| XS0303465214 | EUR 510,000.00 | $6,746.65 | $4,552.77 | $5,750.49 | $6,817.85 | $7,405.77 | $5,558.03 | $3,793.02 |
| XS0323412337 | EUR 300,000.00 | $2,812.70 | $1,898.07 | $2,397.40 | $2842.38 | $3,087.49 | $2,317.16 | $1,581.32 |
| XS0327731096 | EUR 400,000.00 | $11,242.65 | $7,586.76 | $9,582.63 | $11,361.29 | $12,341.01 | $9,261.92 | $6,320.70 |
| XS0335243159 | EUR 420,000.00 | $3,567.00 | $2,407.08 | $3,040.32 | $3,604.64 | $3,915.48 | $2,938.57 | $2,005.40 |
| XS0331427061 | EUR 600,000.00 | $20,019.48 | $13,509.54 | $17,063.54 | $20,230.75 | $21,975.30 | $16,492.45 | $11,255.11 |
| XS0312721730 | JPY 10,143,000.00 | $1,962.91 | $1,324.61 | $1,673.08 | $1,983.63 | $2,154.68 | $1,617.09 | $1,103.56 |

AJ76304852.2

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| XS0316829919 | JPY 20,088,000.00 | $5,822.77 | $3,929.32 | $4,963.02 | $5,884.21 | $6,391.63 | $4,796.91 | $3,273.60 |
| XS0308269819 | EUR 400,000.00 | $20,487.51 | $13,825.38 | $17,462.47 | $20,703.71 | $22,489.06 | $16,878.02 | $11,518.24 |
| XS0329571292 | EUR 310,000.00 | $15,877.82 | $10,714.67 | $13,533.41 | $16,045.38 | $17,429.02 | $13,080.47 | $8,926.64 |
| XS0324723203 | USD 300,000.00 | $10,538.40 | $7,111.52 | $8,982.38 | $10,649.61 | $28,919.88 | $21,704.36 | $14,811.92 |

A/76304852.2

08-13555-mg    Doc 50309    Filed 07/15/15    Entered 07/15/15 15:21:44    Main Document
Pg 11 of 12

## LBT Distributions

| ISIN | Principal/ Notional Amount | First LBT Distribution | Second LBT Distribution | Third LBT Distribution | Fourth LBT Distribution | Fifth LBT Distribution |
|---|---|---|---|---|---|---|
| XS0343530340 | EUR 300,000.00 | EUR 29,393.09 | EUR 11,515.03 | EUR 12,376.37 | EUR 10,232.32 | EUR 8,197.60 |
| XS0345205693 | EUR 550,000.00 | EUR 72,760.22 | EUR 28,504.52 | EUR 30,636.70 | EUR 25,329.28 | EUR 20,292.49 |
| XS0347938671 | EUR 300,000.00 | EUR 19,520.94 | EUR 7,647.52 | EUR 8,219.56 | EUR 6,795.63 | EUR 5,444.30 |
| XS0303465214 | EUR 510,000.00 | EUR 16,361.65 | EUR 6,409.84 | EUR 6,889.30 | EUR 5,695.82 | EUR 4,563.19 |
| XS0323412337 | EUR 300,000.00 | EUR 8,128.69 | EUR 3,184.49 | EUR 3,422.70 | EUR 2,829.76 | EUR 2,267.06 |
| XS0327731096 | EUR 400,000.00 | EUR 26,848.13 | EUR 10,518.01 | EUR 11,304.78 | EUR 9,346.37 | EUR 7,487.82 |
| XS0335243159 | EUR 420,000.00 | EUR 11,551.03 | EUR 4,525.22 | EUR 4,863.72 | EUR 4,021.14 | EUR 3,221.53 |
| XS0331427061 | EUR 600,000.00 | EUR 40,753.39 | EUR 15,965.53 | EUR 17,159.78 | EUR 14,187.07 | EUR 11,365.93 |
| XS0312721730 | JPY 10,143,000.00 | JPY 582,930.76 | JPY 238,093.26 | JPY 270,539.26 | JPY 215,873.87 | JPY 162,549.53 |

AJ76304852.2

A/76304852.2

| ISIN | Notional | Claim Amount | Second Amount | Third Amount |
|---|---|---|---|---|
| XS0316829919 | JPY 20,088,000.00 | JPY 210,048.63 | JPY 85,792.63 | JPY 97,484.00 | JPY 77,786.29 | JPY 58,571.80 |
| XS0308269819 | EUR 400,000.00 | EUR 48,401.29 | EUR 18,961.67 | EUR 20,380.03 | EUR 16,849.45 | EUR 13,498.90 |
| XS0329571292 | EUR 310,000.00 | EUR 32,945.62 | EUR 12,906.76 | EUR 13,872.21 | EUR 11,469.02 | EUR 9,188.38 |
| XS0324723203 | USD 300,000.00 | USD 46,599.15 | USD 18,963.93 | USD 10,312.50 | USD 7,898.10 | USD 5,318.10 |