B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re Lehman Brothers Holdings Inc., et al.         Case No. 08-13555 (SCC)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

Marshgate International Limited                    Lydian Overseas Partners Master Fund, Ltd.
                                                   (in voluntary liquidation)
Name of Transferee                                 Name of Transferor

Name and Address where notices to transferee       Court Claim # (if known): 62783
should be sent:                                    Claim Amount Filed: $2,084,741,055
                                                   Amount transferred: See attached
c/o Elliott Management Corporation                 Date Claim Filed: 11/2/09
40 West 57th Street                                Debtor against claim filed: Lehman Brothers
NY, NY 10019                                       Holdings Inc.
Attn: Michael Stephan
Phone: (212) 478-2310
Facsimile: (212) 478-2311
Email: MStephan@Elliottmgmt.com                    Phone: _____
Last Four Digits of Acct #: _____                Last Four Digits of Acct. #: _____

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Marshgate International Limited

By: _____           Date: July 15, 2015
    Transferee/Transferee's Agent
    Elliot Greenberg, Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

MEDGER\284536.2 - 07/06/15

AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.     **Lydian Overseas Partners Master Fund, Ltd (in voluntary liquidation)** (the "Transferor") hereby unconditionally and irrevocably transfers and assigns to **Marshgate International Limited** (the "Transferee"), and Transferee hereby agrees to receive, as of the date hereof, (a) an undivided interest, **to the extent specified in Schedule 1** attached hereto (the "Claim"), in Transferor's right, title and interest in and to Proof of Claim Number **62783** filed by or on behalf of Lehman Brothers International (Europe) (in administration) ("LBIE") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., formerly debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (SCC) (the "Debtor"), (b) all rights and benefits of Transferor relating to the Claim, including without limitation (i) any right to receive cash, securities, principal, instruments, interest, expenses, damages, penalties, fees, assets and/or other property, which may be paid or distributed with respect to the Claim (including for clarity, all amounts distributed before, on or after the date of this Agreement) and/or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any way the Claim or any payments and/or amounts in respect of the Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Claim, and (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation to the Claim, (c) to the extent Transferor has any such rights, any rights under the underlying agreements and documentation giving rise to the Claim or that may affect the Claim, including but not limited to the guarantee and any board resolution, (d) any and all of Transferor's and any prior seller's right, title and interest in, to and under the transfer agreements, if any, under which the Transferor or any prior seller acquired the rights and obligations underlying or constituting a part of the Proof of Claim, but only to the extent related to the Claim, and any and all of Transferor's right, title and interest in, to and under any right or remedy of Transferor or any prior seller against any prior seller, if any, in respect of any of the Transferred Claims, and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d), and (e), the "Transferred Claims"). The security or securities (any such security, a "Purchased Security") relating to the Transferred Claims and specified in Schedule 1 attached hereto has been transferred to Transferee prior to the date of this Agreement.

2.     Transferor hereby represents and warrants to Transferee that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities" by LBIE; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Transferor owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances; (d) Transferor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (e) the Proof of Claim includes the Claim, which is specified in Schedule 1 attached hereto; (f) Transferor has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Transferee receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors in the same class; (g) Transferor has delivered to Transferee a true and correct copy of the Revised Notice of Proposed Allowed Claim Amount, dated October 28, 2011, which relates to the Proof of Claim, and as of the date hereof, Transferor has not received any revised Notice of Proposed Allowed Claim Amount in respect of the Claim; (h) there are no objections to the Claim or distributions received from Lehman Brothers Holdings Inc. in respect of the Claim and all documents provided to Transferor by Transferee are true, accurate and complete copies of such documents; and (i) Transferor has received distributions in respect of the Claim from Lehman Brothers Holdings Inc. on the dates and in the amounts reflected in Schedule 1 attached hereto, and other than such amounts, no

distributions, proceeds, assets, cash or other amounts have been received by Transferor in respect of the Transferred Claims.

3. Transferor hereby waives any objection to the transfer of the Transferred Claims to Transferee on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Transferor by Transferee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Transferor transferring to Transferee the Transferred Claims, recognizing Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Transferee.

4. All representations, warranties, and covenants shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Transferee shall be entitled to transfer its rights hereunder without any notice to or the consent of Transferor.

5. Transferor shall promptly (but in any event on no later than the earlier of 10 (ten) business days from the date upon which Transferor is aware (after reasonable due inquiry) of distributions in respect of the Claim or Transferee notifies Transferor that it has not received distributions in respect of the Claim, remit all payments, distributions or proceeds received by Transferor in respect of the Transferred Claims to Transferee. Transferor represents and warrants that it has transferred the Purchased Security to Transferee prior to the date of this Agreement. Transferor agrees that all distributions, amounts, proceeds, assets, cash and other property received by Transferor before, on or after the date of this Agreement in respect of the Transferred Claims are for the account of the Transferee. Transferor shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Transferee.

6. Each of Transferor and Transferee agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Transferor's part, causing any prior seller, if any, to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Transferor's part, causing any prior seller, if any, to deliver distributions and proceeds received by any prior seller and to act) and other actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Transferor's and Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Any action arising under or relating to this Agreement and Evidence of Transfer shall be brought in the Supreme Court of the State of New York, County of New York, or the United States District Court for the Southern District of New York, located in the City and State of New York.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 15th day of July 2015.

Lydian Overseas Partners Master Fund, Ltd.
(in voluntary liquidation)

By: Marshgate International Limited

By: _____
Name: Elliot Greenberg
Title: Director

Marshgate International Limited

By: _____
Name: Elliot Greenberg
Title: Director

MEDGER\284536.2 - 07/06/15

Schedule 1

## Transferred Claims

The notional amount of the claim that is referenced in the Proof of Claim and relating to the securities described below.

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount of Purchased Security | Allowed Amount | Proof of Claim |
|---|---|---|---|---|---|
| XS0263871674 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings, Inc | EUR 16,500,000 | USD 23,352,301.02 | 62783 |

Distributions received by Transferor from Lehman Brothers Holdings Inc. in respect of Transferred Claims

| Payer | Distribution # | CCY | Amount |
|---|---|---|---|
| Lehman Brothers Holdings, Inc. | LBHI/1 | USD | 842,838.02 |
| Lehman Brothers Holdings, Inc. | LBHI/2 | USD | 568,763.73 |
| Lehman Brothers Holdings, Inc. | LBHI/3 | USD | 718,390.33 |
| Lehman Brothers Holdings, Inc. | LBHI/4 | USD | 851,732.44 |
| Lehman Brothers Holdings, Inc. | LBHI/5 | USD | 925,179.86 |
| Lehman Brothers Holdings, Inc. | LBHI/6 | USD | 694,346.80 |
| Lehman Brothers Holdings, Inc. | LBHI/7 | USD | 473,850.18 |

MEDGER\284536.2 - 07/06/15