HEARING DATE AND TIME: July 22, 2015 at 10:00 a.m. (Eastern Time)

| | |
|---|---|
| Franklin H. Top III (admitted *pro hac vice*)<br>CHAPMAN AND CUTLER LLP<br>111 West Monroe Street<br>Chicago, Illinois 60603<br>Telephone: (312) 845-3000<br><br>*Counsel for U.S. Bank National Association, solely in its capacity as Indenture Trustee for Certain Mortgage-Backed Securities Trusts* | M. William Munno<br>Daniel E. Guzmán<br>SEWARD & KISSEL LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 574-1587<br><br>*Counsel for Law Debenture Trust Company of New York, solely in its capacity as Separate Trustee for Certain Mortgage-Backed Securities Trusts* |
| John C. Weitnauer (admitted *pro hac vice*)<br>Jason Solomon (admitted *pro hac vice*)<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br><br>*Counsel for Wilmington Trust Company and Wilmington Trust, National Association, each solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts* | Richard C. Pedone (admitted *pro hac vice*)<br>NIXON PEABODY LLP<br>437 Madison Avenue<br>New York, New York 10022<br>Telephone: (212) 940-3085<br><br>*Counsel for Deutsche Bank National Trust Company, solely in its capacity as Trustee for Certain Mortgage-Backed Securities Trusts* |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al*.,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (SCC)<br><br>(Jointly Administered) |

3818538.01.08.docx

**RMBS TRUSTEES' STATUS REPORT IN CONNECTION WITH THE *ORDER ESTABLISHING A PROTOCOL TO RESOLVE CLAIMS FILED BY RMBS TRUSTEES ON BEHALF OF CERTAIN ISSUERS OF RESIDENTIAL MORTGAGE-BACKED SECURITIES***

U.S. Bank National Association, Law Debenture Trust Company of New York, Wilmington Trust Company, Wilmington Trust, National Association, and Deutsche Bank National Trust Company, not individually but solely in their respective capacities as trustees for certain RMBS trusts (each a "*Trustee*" and collectively the "*RMBS Trustees*") submit this Status Report in connection with that certain *Order Establishing A Protocol To Resolve Claims Filed By Trustees On Behalf Of Certain Issuers Of Residential Mortgage-Backed Securities* (ECF 47569) (the *"RMBS Claims Protocol" or "Protocol"*).[1]

On December 29, 2014 the Court entered the RMBS Claims Protocol. The RMBS Trustees began complying with the RMBS Claims Protocol prior to its entry by requesting, in writing, that the Master Servicers (and later the Servicers) provide the loan files for the Covered Loans[2] in the Covered Trusts. Thereafter the RMBS Trustees embarked upon a comprehensive process to review the individual loan files by: (a) vetting and retaining five loan review firms;[3]

---

[1] All terms that are not defined herein shall have the definition set forth in the RMBS Claims Protocol. All data and numerical information contained in this Status Report is through July 14, 2015 and relates solely to Covered Loans.

[2] The term Covered Loans relates to those loans for which the Debtors admit they have sole potential liability for breaches of representations or warranties. These include loans that were originated by an affiliate of Lehman Brothers Holdings Inc. ("LBHI") (including but not limited to BNC, Finance America, Aurora Bank, Aurora Loan Services and Mortgage Lenders Network), and other originators that LBHI (or its affiliates) did not assign the origination representation and warranties on to the relevant Trust.

[3] Acknowledging the Court's comments last December, the RMBS Trustees retained five review firms to review loan files: (1) Digital Risk Advisory Services; (2) Opus Capital Market Consultants, LLC; (3) EdgeMac Mortgage Advisory Services, LLC; (4) CrossCheck Compliance LLC; and (5) The Oak Leaf Group, LLC (collectively the "*Loan Review Firms*"). Duff & Phelps, LLC has served (i) to oversee the efforts of the Loan Review Firms to ensure a review consistent with the RMBS Claims Protocol and each other, (ii) to prepare and submit RMBS Claims to the Debtors, and (iii) to coordinate with the Plan Administrator's professionals on the Protocol. In the aggregate, approximately 600 people are involved in fulfilling the requirements of the Protocol.

2

(b) collecting the relevant loan files from the servicers (which is ongoing); (c) collecting certain servicing documentation; (d) reviewing files for completeness; (e) submitting claims to the Plan Administrator; and (f) filing petitions seeking relief from various trust expense caps so the reviews could be conducted. The RMBS Trustees have obtained over 70% of the Covered Loan Files they deem suitable for review (after the RMBS Trustees completeness review) to date, and have met each of the currently applicable milestones set forth in the Protocol.

A.  **Directions to Master Servicers (Protocol Section 1(a) through (e)).**

The RMBS Trustees complied with "Step 0" of the Protocol prior to the entry of the Protocol by delivering direction letters to the Master Servicers to produce the loan files for the Covered Loans.

B.  **Completeness Confirmation for Aurora Loan Files (Protocol Section III(a)).**

The RMBS Trustees completed their completeness review of certain Aurora Loan files in compliance with Protocol Section III(a) on or before January 16, 2015. The RMBS Trustees are working with the Plan Administrator to locate critical documents in the Aurora loans that the Trustees believed were missing and necessary for the initial review.

C.  **Collection of the Other Relevant Loan Files (Protocol Section I(e) or III(b)).**

The RMBS Trustees have actively pursued the loan files and sent hundreds of emails and made numerous calls with Master Servicers and Servicers regarding their production. The RMBS Trustees requested 213,639 loan files from thirteen different Servicers.[4] Thus far, the

---

[4] The Loan Servicers are Nationstar Mortgage LLC, Aurora Loan Services LLC, Ocwen Loan Servicing LLC, Citimortgage Inc., Wells Fargo, Chase, Select Portfolio Servicing, Bank of America, N.A., Colonial Savings, Midwest Loan Services, Inc., PHH Mortgage, Bank of Hawaii and Washington Mutual.

3

RMBS Trustees have received 173,201 loan files, and for various reasons, have excluded 7,312 of the loan files from review (primarily because the loan has been paid off in full).

### (1)  Process upon Receipt of the Loan Files (Protocol Section III(b)).

Upon receipt of loan files, Duff & Phelps notifies the Plan Administrator of their receipt in compliance with Section III(b)(i) of the Protocol, and distributes them to a Loan Review Firm to review for completeness. The completeness data is submitted by the Loan Review Firms to Duff & Phelps, who aggregates the information and delivers a formal Notice of Completeness to the Plan Administrator as required by the Protocol in Section III (b)(ii) (the "*Notice of Completeness*"). Duff & Phelps has delivered Notices of Completeness to the Plan Administrator with respect to 152,934 loan files. The RMBS Trustees have determined that 14,792 of the loan files reviewed for completeness to be incomplete for the RMBS Trustee's review, and therefore are not subject to immediate review under the Protocol pending efforts to obtain certain documents that are missing from the relevant servicer.[5] The RMBS Trustees are working with the Servicers to obtain such missing loan documents and the Servicers to date have been generally cooperative in this effort.

### (2)  Loan Files Not Yet Delivered.

Currently 33,126 loan files still must be delivered by the Servicers to the RMBS Trustees. Aurora Loan Services still must deliver 8,635 loan files. Unlike the initial 51,000 loan files, these loan files were not imaged. Approximately 2,300 of these loan files were recently imaged by Iron Mountain and provided to the RMBS Trustees, with the remainder expected shortly. The RMBS Trustees and Plan Administrator agreed to split the cost of imaging these loan files. Because of the manner in which the loan files are being reproduced by Iron Mountain, the loan

---

[5]   The remaining 5,475 of the loan files received are under review for completeness.

4

files are not yet complete, and the completeness review will begin after Iron Mountain completes the loan file delivery with respect to all of these loan files.

Loan files are outstanding from Ocwen Servicing LLC ("*Ocwen*"). Ocwen purchased servicing rights from different servicers, including over 8,235 from GMAC Mortgage, which are not organized and are the subject of an adversary proceeding seeking compensation from the ResCap estate for the cost of retrieving and assembling their loan files.[6] These loan files are not now available, and it is uncertain whether and when they might become available. An additional 11,017 loan files remain due from Ocwen. Ocwen has recently advised the RMBS Trustees that they would produce these loan files over the next two months.

Loan origination files (457) remain outstanding from Colonial Savings, who maintain that, as instructed, it returned them to Aurora before the Trusts closed.[7] Aurora has agreed to attempt to locate a portion of these loan files from their records (but remain uncertain as to whether Aurora in fact possesses them) pursuant to a priority list prepared by the RMBS Trustees, but the Plan Administrator has requested that the RMBS Trustees subpoena Colonial Savings as an additional method to obtain all of these origination files.

Finally, a handful of loan files remain outstanding from other Servicers. The RMBS Trustees continue to work with the Servicers to obtain loan files still that remain outstanding as well as work with each Servicer to obtain missing documents necessary to complete both the RMBS Trustees' loan file review and the review of the Plan Administrator.

D.    **Review of Loan Files/Claim Submission (Protocol Section III(c)(i) and (ii)).**

To date, the RMBS Trustees have met each of the milestones for the review of loan files

---

[6]    Judge Glenn has recently ruled that ResCap "segregate and deliver" GMAC loan files to Ocwen.

[7]    Colonial has provided the Trustees with servicing files.

5

Pg 6 of 10

in the Protocol, having reviewed more than 10,000 loan files on or before March 31, 2015, and 50,000 by June 30, 2015 as required by Protocol Section III(c)(i).  The dates of submission of claims and submission of loan files reviewed is attached as Exhibit A (Protocol Section III(c)(ii)).  As requested by the Plan Administrator, the RMBS Trustees are submitting claims twice a month—generally mid-month and end of month.

As of June 30, 2015, a total of 52,374 loan files have been reviewed.  The RMBS Trustees have a sufficient inventory of loan files to meet the 17,000 per month milestone from July through September 2015.

### (1) Format of the Claims Submission (Protocol Section III (e) and Exhibit C).

The RMBS Trustees have submitted claims in compliance with Section (III)(e) of the Protocol.  The claims have been submitted on a loan - by- loan basis, the June 30, 2015 milestone was duly met, and each such claim has been submitted with an RMBS Claim File. In determining whether to assert a claim, the RMBS Trustees, through their advisors, determined whether there was a defect with respect to a loan or loan file, determined whether such defect related to a representation and warranty contained in the relevant transaction document, and whether such defect or deficiency breached such representation or warranty.  Each claim contains the materials received by the RMBS Trustees supporting the claim, sets forth the alleged defect(s) in the loan file, a statement of how the breach entitles the relevant Trustee to a claim, a calculation of the damages claim with documents the RMBS Trustees believe to be relevant, and the date of the discovery of the breach.  The claims have been submitted on a rolling basis along with a Claim Tracking Spreadsheet in form and substance similar to that attached to Exhibit C of the Protocol.

### (2) Minnesota Trust Instruction Proceedings.

Some Trustees determined that some Trusts needed to obtain relief from a provision in the relevant Trust Agreement, which capped annual fees and expenses generally at either $200,000 or $500,000. For each such Trust, the relevant Trustees filed Trust Instruction Proceedings (*"TIPs"*) under Minnesota law in state court in Hennepin County, Minnesota, seeking to allow payment of fees and expenses associated with the Protocol notwithstanding any annual expense cap, and reserving the annual expense cap amount for ordinary Trust fees and expenses. After an evidentiary hearing on nearly 100 petitions held on May 12 and 13, 2015, the Minnesota Court entered Orders granting the relief requested. While the TIPs did *not* affect the pace at which loans were reviewed, the annual expense caps did adversely affect what loans could be distributed for review prior to the Orders. Four additional trusts have now been identified for which similar relief will be sought, and the relevant Trustee anticipates a hearing thereon in August 2015.

### (3) Responses from the Debtors. (Protocol Section III(c)(iii) and Protocol Section IV).

Under the terms of the RMBS Claims Protocol, once a claim is submitted the Plan Administrator has 30 days to review a loan file for completeness. The Plan Administrator has submitted completeness reviews identifying loans that are missing documents.

### E. Servicing File Documents (Protocol Section IV).

Once the RMBS Trustees present a Claim, the Plan Administrator is required to submit a certification as to the completeness of the loan file for its purposes. The Plan Administrator has stated that some loan files are not complete. The RMBS Trustees and Plan Administrator are coordinating to obtain the information the Plan Administrator has requested. In many instances the RMBS Trustees have been successful in obtaining the requested servicing information and

are awaiting confirmation of completeness from the Plan Administrator in accordance with the Protocol. In some cases the RMBS Trustees have found an alternative way to obtain the information (for example, a third party service which provides payment histories on loans). In some instances, the documents thought to have been missing were located in the submission.

F.   **Disclosure to Third Parties.**

*The RMBS Trustees, with input from their counsel and advisors, are reviewing Covered Loans for breaches of representations and warranties. The Debtors have the right to object to any claim submitted by the RMBS Trustees as provided in the RMBS Claims Protocol. While the RMBS Trustees have submitted claims, they make no representation or warranty that the Debtors will agree with the claims or that the claims will ultimately be recoverable against the Estate.*

Respectfully Submitted,

**U.S. BANK NATIONAL ASSOCIATION, SOLELY IN ITS CAPACITY AS INDENTURE TRUSTEE FOR CERTAIN MORTGAGE-BACKED SECURITIES TRUSTS**

**BY:**  /s/ Franklin H. Top III

**LAW DEBENTURE TRUST COMPANY OF NEW YORK, SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE FOR CERTAIN MORTGAGE-BACKED SECURITIES TRUSTS**

**BY:**  /s/ M. William Munno

**WILMINGTON TRUST COMPANY AND WILMINGTON TRUST, NATIONAL ASSOCIATION, EACH SOLELY IN ITS CAPACITY AS TRUSTEE FOR CERTAIN MORTGAGE-BACKED SECURITIES TRUSTS**

**BY:** /s/ John C. Weitnauer

**DEUTSCHE BANK NATIONAL TRUST COMPANY, SOLELY IN ITS CAPACITY AS TRUSTEE FOR CERTAIN MORTGAGE-BACKED SECURITIES TRUSTS**

**BY:** Richard C. Pedone

**EXHIBIT A**

Loan Files Reviewed

| Date | Total |
|---|---|
| March 17, 2015 | 2,059 |
| March 27, 2015 | 471 |
| March 30, 2015 | 2,015 |
| March 31, 2015 | 5,765 |
| April 23, 2015 | 1,446 |
| April 30, 2015 | 8,930 |
| May 15, 2015 | 3,414 |
| May 29, 2015 | 12,156 |
| June 17, 2015 | 3,811 |
| June 29, 2015 | 12,307 |
| Grand Total | 52,374 |